UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 18-cv-80176**

IRA KLEIMAN,
as personal representative of
the estate of David Kleiman,

    Plaintiff,

v.

CRAIG WRIGHT,

    Defendant.
_____/

**UNOPPOSED MOTION FOR LEAVE TO
EXCEED PAGE LIMITS**

    Defendant, Dr. Craig Wright, moves for leave to file a Consolidated Motion to Dismiss that joins numerous grounds for dismissal under Fed. R. Civ. P. 12(b)(2), 12(b)(6) and, arguably, under 12(b)(1).[1] Each of these grounds is fact intensive and, if only one existed, would support a 20-page motion and memorandum under Local Rule 7.1(c)(2) on that ground alone. Dr. Wright understands that a consolidated motion and memorandum is required by Fed. R. Civ. P. 12(g)(2), and respectfully requests leave to file a consolidated motion and memorandum not to exceed 50 pages. Plaintiff does not oppose this request. In support, Dr. Wright states as follows:

    1.    Plaintiff's 38-page complaint attaches 266 pages of exhibits and purports to allege claims against an Australian who resides in England, based on events that did

---

[1] We have seen numerous, late-filed motions to dismiss arguing that a motion to dismiss for lack of standing amounts to a motion to dismiss for lack of subject matter jurisdiction. We do not endorse this position, but note that the district courts in question allowed those motions to be filed late.

not occur in the United States, let alone Florida, focused on the central assertion that Dr. Wright committed a fraud on an Australian court.

2.   Plaintiff's complaint must be dismissed for numerous reasons, including, *inter alia*, lack of personal jurisdiction (under Rule 12(b)(2)), lack of standing (arguably invoking Rule 12(b)(1)), failure to state a claim (under Rule 12(b)(6)), forum non conveniens, and international comity. Each of these grounds is fact intensive, and requires significant discussion. If only one existed, Dr. Wright would be entitled to a 20-page motion and memorandum on that solitary ground.

3.   It is simply not possible in 20 pages to provide the Court with a thoroughgoing motion that would be useful in determining the legal insufficiency of the Complaint on all applicable grounds. Consequently, Dr. Wright respectfully requests leave to file a consolidated Motion to Dismiss and Memorandum in Support, not to exceed 50 pages.

4.   Pursuant to L.R. 7.1(a)(3), one of Dr. Wright's counsel, Daniel Sox, has conferred with plaintiff's counsel, Velvel Freedman, on April 10, 2018, and reports that Plaintiff does not object to the relief requested here.

5.   Dr. Wright attaches a proposed order as **Exhibit A**.

For the foregoing reasons, Dr. Wright requests that this Court grant him leave to files a consolidated Motion to Dismiss not to exceed 50 pages.

Respectfully submitted on April 12, 2018.

> RIVERO MESTRE LLP
> *Attorneys for Craig Wright*
> 2525 Ponce de Leon Boulevard, Suite 1000
> Miami, Florida 33134
> Telephone: (305) 445-2500

        Fax: (305) 445-2505
        Email: arivero@riveromestre.com
        Email: jmestre@riveromestre.com
        Email: arolnick@riveromestre.com
        Email: dsox@riveromestre.com
        Email: receptionist@riveromestre.com

        By: <u>s/ Andres Rivero</u>
        ANDRES RIVERO
        Florida Bar No. 613819
        JORGE A. MESTRE
        Florida Bar No. 88145
        ALAN H. ROLNICK
        Florida Bar No. 715085
        DANIEL SOX
        Florida Bar No. 108573

## **CERTIFICATE OF SERVICE**

      I certify that on April 12, 2018, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

        <u>s/Daniel Sox</u>
        DANIEL SOX