**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.9:18 -CV- 80176-BB

IRA KLEIMAN,  as the personal representative
of the Estate of Dave Kleiman
     Plaintiff

vs.

CRAIG WRIGHT
     Defendant

---

**AFFIDAVIT**

On 17 April 2018, I Gordon Thomas Grieve of Level 23, Governor Macquarie Tower,
1 Farrer Place, Sydney, New South Wales, Australia, make oath and declare under penalty
and perjury under the laws of the United States of America that the following is true and
correct:

1.    I am a Partner of Piper Alderman.  Piper Alderman is a commercial law firm with
offices in Sydney, Melbourne, Brisbane and Adelaide. We have over 60 partners and
over 300 staff in total.

2.    In swearing this affidavit, I draw on my expertise, having been a litigation Partner of
Piper Alderman for 26 years. Prior to joining the Piper Alderman partnership, I was
the Commissioner for Corporate Affairs in South Australia.  As Commissioner for
Corporate Affairs and in private practice, I have conducted and supervised complex
litigation matters in Australia, in the Supreme Courts of New South Wales, South
Australia, Victoria, Queensland and West Australia, various Registries of the Federal
Court of Australia and the High Court of Australia and in the United Kingdom and
Europe.

3.    I have a high level of experience in both the private and public sectors across all
facets of major commercial litigation.

4.    I am familiar with litigation matters both from the perspective of a plaintiff and a
defendant.  At present I am the solicitor on the record in two large matters being
conducted in the Supreme Court of New South Wales and a further long running

33662329v1

2

matter in the process of being transferred from the Supreme Court of Victoria. The latter matter has been the subject of hard fought interlocutory applications including issues concerning choice of forum and interpretation of an exclusive jurisdiction clause in a New York contract.

5.    I have been engaged by Rivero Mestre to assist this Honourable Court in respect to issues arising in the proceedings at hand.

6.    I have been briefed with a copy of the Complaint made by Ira Kleiman as the personal representitive of the Estate of Dave Kleiman. I have a copy of the exhibits 1 to 20 accompanying the Complaint.

**The Australian Taxation Office**

7.    The Australian Taxation Office (**ATO**) is the principal taxation revenue collection agency of the Australian government.

8.    The ATO's role is to effectively manage and shape the tax and superannuation systems that support and fund services for Australians, including:

   a.    collecting taxation revenue with respect to individuals, business and not-for-profit entities;

   b.    administering the goods and services tax (GST) on behalf of the Australian states and territories;

   c.    governing a range of programs which result in transfers and benefits back to the community;

   d.    administering the major aspects of Australia's superannuation system; and

   e.    custodian of the Australian Business Register.

**Obtaining Documents from the ATO**

9.    Division 355 of the *Taxation Administration Act 1953* (**Tax Act**) deals with the confidentiality of taxpayers' information.

3

10.   Tax payers in Australia are afforded confidentiality over their tax affairs and it is an offence, punishable by a fine and/or jail, for a tax officer to give out information about someone's tax affairs.

11.   Annexed and marked "**A**" is a copy of Division 355 of the Tax Act.

12.   Section 355-25(2) of the Tax Act provides that protected information can be disclosed *inter alia* to:

      i.      tax agents;

      ii.     legal practitioners and/or representatives;

      iii.    the tax payer and the entity requesting the information if they are members of the same consolidated group; and/or

      iv.    if the entity acquiring the information is a nominated entity by the tax payer.

13.   The tax law confidentiality provisions in Division 355 of Schedule 1 to the Tax Act apply to "protected information". Protected information is defined to mean information disclosed or obtained under or for the purposes of a taxation law, which relates to the affairs of an entity (including but not limited to the entity's tax affairs), and which identifies, or is reasonably capable of being used to identify, that entity.

14.   Protected information may be contained in written documents, conversations, electronic recordings, transcripts or any other form in which information can be recorded. It includes information obtained directly from a taxpayer or information generated by the ATO.

15.   Section 355-50 of the Tax Act provides that the ATO can disclose information inter alia in circumstances where a taxation officer records or discloses the information in the performance of their duties.   Annexed and marked "**B**" is a copy of the ATO procedures for disclosing protected information.

16.   The scope of duties includes various duties that are included in the exemption.  For example disclosing information to any entity, court or tribunal for the purpose of administering any taxation law or where it is released to or for:

33662329v1

4

    a.      the Minister;

    b.      law enforcement purposes;

    c.      other government purposes; and/or

    d.      the purposes of preventing or lessening serious threat to the health and safety of an individual or to public health and safety.

17.    Disclosure can also be made to a competent authority referred to in an international agreement for the purposes of exchanging information under such an international agreement.

18.    Protected Information is also available to the public if it has been disclosed in an open court or published in a public forum, even if a member of the public has to pay a fee to access it.

19.    Provided the protected information was not made available to the public through a breach of Division 355 of the Tax Act, it can be relied upon.

20.    Ira Kleiman is not a representative of the ATO.  He does not, from the Complaint and the exhibits to the Complaint, on its face, appear to have any rights to any of the disclosure of protected information exemptions under the Tax Act.

21.    Section 355-155 of the Tax Act makes it an offence if an entity makes a record of information or discloses information to another entity or to a court or tribunal and the information was acquired by the first mentioned entity under an exception to the relevant subdivision and the first mentioned entity did not acquire the information as a taxation officer.  In the absence of any information other than that provided to me in the Complaint and its exhibits, it seems on its face that Ira Kleiman does not have authority under Australian law to disclose exhibits 6 and 7.

22.    Exhibits 6 and 7 of the Complaint, on their face, contain protected information concerning Mr Wright and in at least exhibit 6, a number of entities connected to Mr Wright.  Nothing in the Complaint or the exhibits suggest to me that disclosure of exhibit 6 and 7 in the Complaint falls within any exception to the prohibition against disclosure of protected tax payer information.

5

**Establishing the validity and effect of Australian Judgments**

23. There is no treaty between the US and Australia regarding the enforcement of US judgments in Australia. US judgments accordingly must be enforced at common law.

24. A number of matters will need to be proved in an Australian court in order for a US judgment to be enforced.

25. The judgment must be a final judgment and not subject to appeal. The parties in the US judgment need to be the same as the parties against whom enforcement is sought in Australia.

26. The judgment needs to be for a fixed debt or an amount that is readily calculable.

27. Importantly the US court must have exercised jurisdiction over the defendant or defendants in a manner recognised by Australian courts.

28. In order to prove that the US court exercised appropriate jurisdiction it will be needed to show either that the defendant voluntarily submitted to the US court's jurisdiction or that the defendant was ordinarily resident or present in the US when he or she was served with the US process.

29. Assuming one or the other above can be proved a defendant has some limited defences available. The defendant can challenge the judgment if it can show that it was obtained by fraud, the US court acted contrary to natural justice or the US judgment is contrary to Australian public policy.

**Exhibits 15 and 16**

30. Exhibit 15 is on its face a Consent Order of the Supreme Court of NSW Matter Number 2013/245661 recording a judgment in favour of Mr Wright. Exhibit 16 on its face is a Judgment Order of the Supreme Court of NSW in Matter Number 2013/00225963 also recording a judgment in favour of Mr Wright.

31. Whilst the parties are the same in each case, the amounts the subject of the judgments are in Exhibit 15 $28,534,049.79 and in Exhibit 17 $28,254,66.00.

6

32.   I have sought to examine the court files in these matters, however at the time of swearing this affidavit have not been granted the Court's consent to examine the files.

33.   Both exhibit 15 and 16 record consent judgments in favour of Mr Wright against W&K Info Defence Research LLC.

34.   The Supreme Court of NSW may give judgment, or order that judgment be entered, in the terms of an agreement between parties in relation to proceedings between them.

35.   There are court guidelines which must be met where parties wish to settle proceedings by way of consent.  This includes that any consent orders agreed must contain the original signatures of the parties authorised to sign on behalf of the parties.  Annexed and marked "**C**" is a copy of the Instructions for filling out a consent judgment/order.

36.   Ordinarily a court will make any consent orders requested by competent and interested parties to the proceedings if the orders are within the court's jurisdiction and otherwise appropriate.

37.   A judgment entered by way of consent orders in the Supreme Court is considered a final adjudication of a matter on its merits.

38.   The Supreme Court is the superior court of record in the State of New South Wales (NSW), and as such, has an inherent jurisdiction in addition to its specific statutory jurisdiction.  The Court has supervisory jurisdiction over other NSW courts and tribunals, and generally exercises this jurisdiction through its appellate courts.

39.   The *Uniform Civil Procedure Rules 2005* (NSW) (**UCPR**) are a set of rules which apply to the Supreme Court and other lower courts of New South Wales in relation to the conduct of civil proceedings in that jurisdiction.

40.   If a party wishes to set aside a consent order they will need to demonstrate certain irregularities in relation to the entering of the consent order or fraud.

41.   Under r 36.15 of the UCPR the Court has the general power to set aside a judgment or order of the court in any proceedings on sufficient cause being shown, that the

7

judgment was given or entered, or the order was made, irregularly, illegally or against good faith.  Annexed and marked "**D**" is copy of r 36.15 of the UCPR.

42.     Where a party wishes to set aside a judgment on that basis, they would need to make an application setting out the basis the judgment or order was made, irregularly, illegally or against good faith and file evidence in support of that application.

43.     Where a party wishes to have a judgment set aside as being obtained by fraud the party will need to commence separate proceedings and will need to show the successful party was implicated in the fraud, the information would probably have affected the judgment and the information was in contest in the original proceedings.

44.     However, I note where evidence in either an application in respect of an irregularity or fraud includes a finding of a court outside of Australia about the irregularity or fraud, that evidence will not necessarily be accepted by an Australian Court.  The court will likely itself test the evidence before relying on it to set aside a judgment or order made in the local jurisdiction.

45.     Causes of action in courts in New South Wales are subject to limitation time periods. They can be subject to the New South Wales and Commonwealth Statute Law concerning limitations and in relation to equitable causes of action the equitable principal of *Laches*.

46.     In this case the action to set aside the judgment would be an action in fraud.  I refer to the allegation in paragraph 101 of the Claim.  Section 47 of the *Limitation Act 1969* (NSW) (**Limitation Act**) provides a limitation of 12 years in respect of a fraud or a fraudulent breach of trust, against a person who is, while a trustee, a party or privy to the fraud of the breach of trust or against the person's successor.  Annexed and marked "**E**" is a copy of s 47 of the Limitation Act.

47.     Section 55 of the Limitation Act provides that limitation periods in respect of fraud and deceit do not commence until the person having the cause of action first discovers or may with reasonable diligence discover the fraud, deceit or concealment.  Annexed and marked "**F**" is a copy of s 55 of the Limitation Act.

8

48.    An action to set aside a consent order on the basis of fraud would be subject to a limitation period of 12 years from the time that the fraud was known or should have been known.  The two relevant judgments are in late 2013.  It is not clear when Ira became aware of them but in any event an action to set aside on the basis of fraud is not out of time.

**Service in the UK of Originating Proceedings**

49.    Where a court process is required to be served outside Australia the document need not be served personally so long as the document is otherwise served in accordance with the laws of service applicable in the foreign jurisdiction in which service is to take place.

50.    It is not mandatory for service to be effected in accordance with the law of the country in which service is to take place. The validity of service is at all times to be judged in accordance with the relevant Act and Rules of the Australian court. However where the method of service is not effective under the local law, this may affect the recognition of the Australian judgment in that jurisdiction.

51.    Both Australia and the United Kingdom are parties to the *Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*.   Accordingly, service is effected under this Convention.

52.    Generally, an Australian party commencing proceedings has to apply to the Supreme Court Registrar for service under the Hague Service Convention. In relation to service of proceedings commenced in the Supreme Court of NSW a party may apply to the Registrar of the Court under r 11A of the UCPR for service of proceedings outside of Australia.  Annexed and marked "**G**" is a copy of r 11A of the UCPR.

53.    This request is subject to certain mandatory form requirements. In particular the litigant must include the following:

a.    model letter of request;

b.    Summary of Documents to be Served;

c.    Certificate of Service for the foreign court to complete;

d.    documents to be served;

9

e.    certified translations where necessary, and

f.    an undertaking as to costs.

54.    If satisfied that the application and its accompanying documents comply with rule 11A.4, the Registrar will sign the request for service abroad and the documents are to be forwarded to the Central Authority for the UK in which service of the document is to be affected.

55.    The Central Authority will then make arrangements for service either:

a.    by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory, or

b.    by a particular method requested by the applicant, unless such a method is incompatible with UK law.

56.    The Central Authority will then remit a Certificate of Service back to the Australian Registrar advising that service has or has not been effected.

### *Remedies sought under the Complaint – Availability in Australia*

57.    Mr Kleiman has 6 separate claims for relief against Mr Wright.

58.    Taking the claims in Mr Kleiman's order:

a.    Conversion (against Mr Wright) - The tort of conversion can be prosecuted in Australia and the remedies sought by Mr Kleiman in the claim are also available in Australia;

b.    Misappropriation - A claim can be made in Australia similarly to Mr Kleiman's claim of misappropriation of trade secrets with similar remedies to the US;

c.    Replevin – In Australia the common law remedy of replevin allows a plaintiff with a right of immediate possession to goods who has been deprived of those goods, to recover them in summary proceedings or whilst the action is on foot to determine the owner.  It is not clear that the Claim here is the same however the remedies pleaded in the claim in replevin are available in

10

Australia and can be pleaded against Mr Wright and the relief sought is available in Australian courts;

d.    Breach of Fiduciary Duty - This claim can be pleaded and actioned in Australia and similar remedies sought;

e.    Breach of Partnership Agreement - This claim can be pleaded and actioned in Australia and similar remedies sought; and

f.    Unjust enrichment – Unjust enrichment in Australia is not itself a source of direct liability.  However if a plaintiff can prove its entitlement to restitution of the value of a benefit derived at the plaintiff's expense and if the court is satisfied that the plaintiff has succeeded on any issues falling within three broad enquiries:

i.     that the defendant must be enriched;

ii.    the enrichment must come at the expense of the plaintiff; and

iii.   the enrichment is unjust,

then the plaintiff can recover as claimed by the plaintiff under Count VI of the Complaint.[1]

| | |
|---|---|
| Dated | 17 April 2018 |
| SWORN at | Sydney |
| Signature of deponent | *C C Leeeee* |
| Name of witness | Natalie Louise Miller |
| Address of witness | Level 23, Governor Macquarie Tower, 1 Farrer Place, Sydney NSW 2000 |
| Capacity of witness | Justice of the Peace |

And as a witness, I certify the following matters concerning the person who made this affidavit (the **deponent**):

1     I saw the face of the deponent.

2     I have known the deponent for at least 12 months.

Signature of witness

Note:  The deponent and witness must sign each page of the affidavit.  See UCPR 35.7B.

**Natalie Louise Miller**
**Justice of the Peace**
**No 202244**

---

[1] *Lampson (Australia) Pty Ltd v Fortescue Metals Group Ltd (No. 3)* [2014] WASC 162 at [51]

11

## **Certificate of Service**

**I hereby certify** that a true and correct copy of the foregoing was served by

_____ [specify method of service] on _____
[date]

on all counsel or parties of record on the Service List below.


_____
Signature of Filer


### **SERVICE LIST**

| | |
|---|---|
| _____ | _____ |
| Party or Attorney Name | Party or Attorney Name |
| _____ | _____ |
| Attorney E–mail Address *(if applicable)* | Attorney E–mail Address *(if applicable)* |
| _____ | _____ |
| Firm Name *(if applicable)* | Firm Name *(if applicable)* |
| _____ | _____ |
| Street Address | Street Address |
| _____ | _____ |
| City, State, Zip Code | City, State, Zip Code |
| Telephone: _____ | Telephone: _____ |
| Facsimile: _____ | Facsimile: _____ |
| _____ | _____ |
| Attorneys for Plaintiff/Defendant | Attorneys for Plaintiff/Defendant |
| *[Party's Name(s)] (if applicable)* | *[Party's Name(s)] (if applicable)* |

# ANNEXURE

# A

© TimeBase 2018

Taxation Administration Act 1953 / Schedule 1—Collection and recovery of income tax and other liabilities / Chapter 5—Administration / Part 5-1—The Australian Taxation Office / Division 355—Confidentiality of taxpayer information

# Division 355—Confidentiality of taxpayer information

Table of Subdivisions

Guide to Division 355

355-A Objects and application of Division

355-B Disclosure of protected information by taxation officers

355-C On-disclosure of protected information by other people

355-D Disclosure of protected information that has been unlawfully acquired

355-E Other matters

Guide to Division 355

## 355-1   What this Division is about

The disclosure of information about the tax affairs of a particular entity is prohibited, except in certain specified circumstances.

Those exceptions are designed having regard to the principle that disclosure of information should be permitted only if the public benefit derived from the disclosure outweighs the entity's privacy.

Note: This Division contains the main circumstances in which protected tax information can be disclosed. A number of other Commonwealth laws also allow for the disclosure of, or access to, such information in limited circumstances. Some of these other laws are as follows:

· sections 32 and 33 of the *Auditor-General Act 1997*;

· section 9 of the *Ombudsman Act 1976*;

· section 44 of the *Privacy Act 1988*.

## Subdivision 355-A—Objects and application of Division

Table of sections

355-10 Objects of Division

355-15 Application of Division

## 355-10   Objects of Division

The objects of this Division are:

(a)     to protect the confidentiality of taxpayers' affairs by imposing strict obligations on *taxation officers (and others who acquire protected tax information), and so encourage taxpayers to provide correct information to the Commissioner; and

(b)     to facilitate efficient and effective government administration and law enforcement by allowing disclosures of protected tax information for specific, appropriate purposes.

## 355-15   Application of Division

This Division applies in relation to the following entities in the same way as it applies in relation to *taxation officers:

(a)     an entity engaged to provide services relating to the Australian Taxation Office;

(b)     an individual employed by, or otherwise performing services for, an entity referred to in paragraph (a);

(c)     an individual:

(i)     appointed or employed by, or performing services for, the Commonwealth or an authority of the Commonwealth; and

(ii)     performing functions or exercising powers under or for the

purposes of a *taxation law.

## Subdivision 355-B—Disclosure of protected information by taxation officers

Guide to Subdivision 355-B

### 355-20   What this Subdivision is about

The main protection for taxpayer confidentiality is in this Subdivision. It is an offence for taxation officers to disclose tax information that identifies an entity, or is reasonably capable of being used to identify an entity, except in certain specified circumstances.

Table of sections

Operative provisions

355-25 Offence—disclosure of protected information by taxation officers

355-30 Meaning of protected information and taxation officer

355-35 Consent is not a defence

355-40 Generality of Subdivision not limited

355-45 Exception—disclosure of publicly available information

355-47 Exception—disclosure of periodic aggregate tax information

355-50 Exception—disclosure in performing duties

355-55 Exception—disclosure to Ministers

355-60 Limits on disclosure to Ministers

355-65 Exception—disclosure for other government purposes

355-70 Exception—disclosure for law enforcement and related purposes

355-75 Limits on disclosure to courts and tribunals

Operative provisions

## 355-25   Offence—disclosure of protected information by taxation officers

(1)   An entity commits an offence if:

    (a)   the entity is or was a *taxation officer; and

    (b)   the entity:

        (i)   makes a record of information; or

        (ii)   discloses information to another entity (other than the entity to whom the information relates or an entity covered by subsection (2)) or to a court or tribunal; and

    (c)   the information is *protected information; and

    (d)   the information was acquired by the first-mentioned entity as a taxation officer.

Penalty:  Imprisonment for 2 years.

(2)   An entity (the **covered entity**) is covered by this subsection in relation to *protected information that relates to another entity (the **primary entity**) if:

    (a)   the covered entity is the primary entity's *registered tax agent or BAS agent; or

    (b)   the covered entity is a *legal practitioner representing the primary entity in relation to the primary entity's affairs relating to one or more *taxation laws; or

    (ba)   the covered entity is a public officer (within the meaning of section 252 or 252A of the *Income Tax Assessment Act 1936*) of the primary entity; or

    (c)   the primary entity is an *incapacitated entity and the covered entity is a *representative of the incapacitated entity; or

(d)      the covered entity is the primary entity's *legal personal representative; or

(e)      the covered entity is the primary entity's guardian where the primary entity is a minor or suffers from mental incapacity; or

(f)      the covered entity and the primary entity are members of the same *consolidated group or *MEC group; or

(g)      the covered entity is a representative of the primary entity who has been nominated by the primary entity in the *approved form to act on that entity's behalf with respect to protected information.

## 355-30  Meaning of *protected information* and *taxation officer*

(1)      **Protected information** means information that:

(a)      was disclosed or obtained under or for the purposes of a law that was a *taxation law (other than the *Tax Agent Services Act 2009*) when the information was disclosed or obtained; and

(b)      relates to the affairs of an entity; and

(c)      identifies, or is reasonably capable of being used to identify, the entity.

Note: Tax file numbers do not constitute protected information because they are not, by themselves, reasonably capable of being used to identify an entity. For offences relating to tax file numbers, see Subdivision BA of Division 2 of Part III.

(2)      **Taxation officer** means:

(a)      the Commissioner or a *Second Commissioner; or

(b)      an individual appointed or engaged under the *Public Service Act 1999* and performing duties in the Australian Taxation Office.

Note: This Division applies to certain other entities as if they were taxation officers: see section 355-15.

## 355-35  Consent is not a defence

It is not a defence to a prosecution for an offence against section 355-25 that the entity to whom the information relates has consented to:

(a)    the making of the record; or

(b)    the disclosure of the information.

### 355-40    Generality of Subdivision not limited

Except as provided by section 355-60, nothing in this Subdivision limits the generality of anything else in it.

Note: This means that each provision in this Subdivision (other than section 355-60) has an independent operation and is not to be interpreted by reference to any other provision within the Subdivision.

### 355-45    Exception—disclosure of publicly available information

Section 355-25 does not apply if the information was already available to the public (otherwise than as a result of a contravention of section 355-25, 355-155 or 355-265).

Note: A defendant bears an evidential burden in relation to the matters in this section: see subsection 13.3(3) of the *Criminal Code*.

### 355-47    Exception—disclosure of periodic aggregate tax information

(1)    Section 355-25 does not apply if the information is *periodic aggregate tax information.

Note: A defendant bears an evidential burden in relation to the matters in this subsection: see subsection 13.3(3) of the *Criminal Code*.

(2)    *Periodic aggregate tax information* is information that:

(a)    specifies the total amount collected or assessed by the Commissioner during a period, or predicted by the Commissioner to be collected or assessed by the Commissioner during a period, in respect of:

(i)    tax imposed under a particular Act or particular Acts; or

(ii)     if an Act imposes duties of excise—a type of duty of excise
         imposed under that Act; or

(iii)    if an Act imposes duties of customs—a type of duty of customs
         imposed under that Act; and

(b)   does not identify, nor is reasonably capable of being used to identify, an
      individual.

## 355-50   Exception—disclosure in performing duties

(1)   Section 355-25 does not apply if:

(a)   the entity is a *taxation officer; and

(b)   the record or disclosure is made in performing the entity's duties as a
      taxation officer.

Note 1: A defendant bears an evidential burden in relation to the matters in this
subsection: see subsection 13.3(3) of the *Criminal Code*.

Note 2: An example of a duty mentioned in paragraph (b) is the duty to make available
information under sections 3C and 3E.

(2)   Without limiting subsection (1), records or disclosures made in performing duties
      as a *taxation officer include those mentioned in the following table:

**Records or disclosures in performing duties**

| Item | The record is made for or the disclosure is to ... | and the record or disclosure ... |
| --- | --- | --- |
| 1 | any entity, court or tribunal | is for the purpose of administering any *taxation law. |
| 2 | any entity, court or tribunal | is for the purpose of the making, or proposed or possible making, of an order under the *Proceeds of Crime Act 2002* that is related to a *taxation law. |

| 3 | any entity, court or tribunal | is for the purpose of criminal, civil or administrative proceedings (including merits review or judicial review) that are related to a *taxation law. |
|---|---|---|
| 4 | any entity | is for the purpose of responding to a request for a statement of reasons under the *Administrative Decisions (Judicial Review) Act 1977* in relation to a decision made under a *taxation law. |
| 5 | any entity | is for the purpose of:<br><br>(a) determining whether to make an ex gratia payment; or<br><br>(b) administering such a payment;<br><br>in connection with administering a *taxation law. |
| 6 | any entity | is for the purpose of enabling the entity to understand or comply with its obligations under a *taxation law. |
| 7 | the Secretary of the Department | (a) is of information that does not include the name, contact details or *ABN of any entity; and<br><br>(b) is for the purpose of:<br><br>(i) the design of a *taxation law; or<br><br>(ii) the amendment of a taxation law. |
| 8 | any board or member of a board performing a function or exercising a power under a *taxation law | is for the purpose of performing that function or exercising that power. |
| 9 | a competent authority referred to in an international agreement (within the meaning of section 23 of the *International Tax Agreements Act 1953*) | is for the purpose of exchanging information under such an international agreement. |

| 10 | any employer (within the meaning of the *Superannuation Guarantee (Administration) Act 1992*) | is for the purpose of disclosing to that employer information included in a notice given to the Commissioner under subsection 32F(1) or 32H(1A) of that Act by an employee (within the meaning of that Act) of that employer. |

## 355-55   Exception—disclosure to Ministers

(1)   Section 355-25 does not apply if:

    (a)   the entity is a *taxation officer; and

    (b)   an item in the table in this subsection covers the making of the record or the disclosure; and

    (c)   if the entity is not the Commissioner, a *Second Commissioner or an SES employee or acting SES employee of the Australian Taxation Office—one of the following has agreed that the record or disclosure is covered by the item:

        (i)   the Commissioner;

        (ii)   a Second Commissioner;

        (iii)   an SES employee or acting SES employee of the Australian Taxation Office who is not a direct supervisor of the taxation officer.

**Records or disclosures to Ministers**

| Item | The record is made for or the disclosure is to ... | and the record or disclosure ... |
|------|---------------------------------------------------|----------------------------------|
| 1 | any Minister | is for the purpose of enabling the Minister to exercise a power or perform a function under a *taxation law. |

Print Legislation | LawOne

| 2 | the Minister | (a) is about an entity; and |
| | | (b) is for the purpose of enabling the Minister to respond directly to the entity in relation to a representation made by the entity to: |
| | | (i) the Minister; or |
| | | (ii) another member of a House of the Parliament. |
| 3 | the Minister | is for the purpose of informing decisions made under the scheme known as the Compensation for Detriment Caused by Defective Administration Scheme. |
| 4 | the *Finance Minister | is for the purpose of: |
| | | (a) the waiver, or possible waiver, of a *tax debt under section 63 of the *Public Governance, Performance and Accountability Act 2013*; or |
| | | (b) the making, or possible making, of a payment referred to in section 65 of that Act (about act of grace payments) in connection with administering a *taxation law. |
| 5 | any Minister | is for the purpose of: |
| | | (a) determining whether to make an ex gratia payment; or |
| | | (b) administering such a payment. |
| 6 | a Minister responsible for:<br>(a) agriculture; or<br>(aa) water; or<br>(b) industry policy; or<br>(c) investment promotion; or<br>(d) taxation policy; or<br>(e) foreign investment in Australia | (a) is of information contained in the Register of Foreign Ownership of Agricultural Land or Register of Foreign Ownership of Water Entitlements; and<br>(b) is for the purpose of enabling that Minister to discharge that responsibility. |

Note 1: A defendant bears an evidential burden in relation to the matters in this subsection: see subsection 13.3(3) of the *Criminal Code*.

Note 2: Section 19 of the *Acts Interpretation Act 1901* provides that the expression "the Minister", as used in table items 2 and 3, refers to the Minister or Ministers administering the relevant provision.

(2)　　The *taxation officer is entitled to rely on the exception in subsection (1) even if the agreement referred to in paragraph (1)(c) has not been obtained in relation to the record or disclosure.

## 355-60　Limits on disclosure to Ministers

(1)　　Sections 355-45 and 355-55 are the only exceptions to the prohibition in section 355-25 on which an entity who has acquired *protected information as a *taxation officer can rely in making a record of the information for, or disclosing the information to, a Minister, whether or not provided to a Minister in the course of, or for the purposes of or incidental to, the transacting of the business of a House of the Parliament or of a committee of one or both Houses of the Parliament.

Note: Disclosures that are not prohibited by section 355-25 are not affected by this subsection. For example, a taxation officer may disclose information to a Minister if the Minister is the entity to whom the information relates, or is an entity covered by subsection 355-25(2) in relation to the information.

(2)　　Subsection (1) has effect despite section 16 of the *Parliamentary Privileges Act 1987*, and that section does not operate to the extent that it would otherwise apply to a disclosure of *protected information by a *taxation officer to a Minister.

Note: This subsection does not limit the operation of section 16 of the *Parliamentary Privileges Act 1987* in any other respect. That section continues to operate, for example, to enable taxation officers to disclose protected information to a committee of one or both Houses of the Parliament.

## 355-65　Exception—disclosure for other government purposes

(1)　　Section 355-25 does not apply if:

　　(a)　　the entity is a *taxation officer; and

　　(b)　　an item in a table in this section covers the making of the record or the disclosure.

Note: A defendant bears an evidential burden in relation to the matters in this subsection: see subsection 13.3(3) of the *Criminal Code*.

*Table 1—Records or disclosures relating to social welfare, health or safety*

(2)      Table 1 is as follows:

**Table 1: Records or disclosures relating to social welfare, health or safety**

| Item | The record is made for or the disclosure is to ... | and the record or disclosure ... |
|---|---|---|
| 1 | an Agency Head (within the meaning of the *Public Service Act 1999*) of an agency (within the meaning of that Act) dealing with matters relating to the social security law (within the meaning of subsection 23(17) of the *Social Security Act 1991*) | is for the purpose of administering that law. |
| 2 | the *Health Secretary | is for the purpose of administering any law of the Australian Capital Territory or of the Northern Territory which is administered by the *Health Minister. |
| 3 | the Repatriation Commission | is for the purpose of administering any *Commonwealth law relating to pensions. |
| 4 | the *Student Assistance Secretary or the *Employment Secretary | is for the purpose of administering any *Commonwealth law relating to pensions, allowances or benefits. |
| 5 | (a) the *Student Assistance Secretary; or (b) the Secretary of the Department administered by the Minister administering the *Higher Education Support Act 2003* | is for the purpose of administering any *Commonwealth law relating to financial assistance to students. |

| 5AA | the Secretary of the Department administered by the Minister administering the *Trade Support Loans Act 2014* | is for the purpose of administering that Act. |
|-----|------|------|
| 5A | the *Families Secretary or the Chief Executive Centrelink (within the meaning of the *Human Services (Centrelink) Act 1997*) | is for the purpose of administering the *Paid Parental Leave Act 2010*. |
| 6 | the *Families Secretary or the Chief Executive Centrelink (within the meaning of the *Human Services (Centrelink) Act 1997*) | is for the purpose of administering the *A New Tax System (Family Assistance) (Administration) Act 1999*. |
| 7 | the Child Support Registrar | is for the purpose of administering the *Child Support (Registration and Collection) Act 1988* or the *Child Support (Assessment) Act 1989*. |
| 8 | the Chief Executive Medicare (within the meaning of the *Human Services (Medicare) Act 1973*) | is for the purpose of administering Part 2-2 (about premiums reduction scheme) or 6-4 (about administration of that scheme) of the *Private Health Insurance Act 2007*. |
| 9 | an *Australian government agency | is necessary for the purpose of preventing or lessening: (a) a serious threat to an individual's life, health or safety; or (b) a serious threat to public health or public safety. |
| 10 | an *Australian government agency | is for the purpose of preventing, detecting, disrupting or investigating conduct that relates to a matter of security as defined by section 4 of the *Australian Security Intelligence Organisation Act 1979* |

*Table 2—Records or disclosures relating to superannuation or finance*

(3)      Table 2 is as follows:

**Table 2: Records or disclosures relating to superannuation or finance**

| Item | The record is made for or the disclosure is to ... | and the record or disclosure ... |
|---|---|---|
| 1 | a financial sector supervisory agency (within the meaning of section 3 of the *Australian Prudential Regulation Authority Act 1998*) | (a) is of information that was obtained under or in relation to the *Superannuation (Unclaimed Money and Lost Members) Act 1999*; and<br><br>(b) is for the purpose of the agency performing any of its functions or exercising any of its powers. |
| 2 | (a) an agency having the function, in Australia or in a foreign country, of supervising or regulating *financial institutions; or<br><br>(b) any other agency (including a foreign agency) specified in the regulations | (a) is of information that was obtained under or in relation to the *Superannuation (Self Managed Superannuation Funds) Taxation Act 1987* or the *Superannuation Industry (Supervision) Act 1993*; and<br><br>(b) is for the purpose of performing any of its functions or exercising any of its powers; and<br><br>(c) is made in accordance with the conditions (if any) imposed by the regulations in relation to the disclosure of information under this item. |
| 3 | (a) the Superannuation Complaints Tribunal established by section 6 of the *Superannuation (Resolution of Complaints) Act 1993*; or<br><br>(b) the operator of the AFCA scheme (within the meaning of Chapter 7 of the *Corporations Act 2001*) | (a) is of information that was obtained under or in relation to the *Superannuation (Unclaimed Money and Lost Members) Act 1999*; and<br><br>(b) is for the purpose of the Tribunal, or the operator, performing any of its functions or exercising any of its powers. |

| 4 | the Australian Prudential Regulation Authority (**APRA**) | is for the purpose of administering:<br><br>(a) the *Financial Institutions Supervisory Levies Collection Act 1998*; or<br><br>(b) the *Superannuation Industry (Supervision) Act 1993*. |
| 5 | APRA | (a) is of information that was obtained under or in relation to the *Superannuation (Unclaimed Money and Lost Members) Act 1999*; and<br><br>(b) is for the purpose of APRA performing any of its functions or exercising any of its powers. |
| 6 | APRA | is for the purpose of administering a reporting standard made under section 13 of the *Financial Sector (Collection of Data) Act 2001*, to the extent that the standard relates to amounts reported to *APRA for the purposes of the *Major Bank Levy Act 2017*. |
| 6A | *ASIC | is for the purpose of administering Part 16 of the *Superannuation Industry (Supervision) Act 1993*. |
| 7 | an individual who is or was an employee (within the meaning of the *Superannuation Guarantee (Administration) Act 1992*) | (a) is of information that relates to the Commissioner's response to a complaint by the individual about a failure by the individual's employer or former employer to comply with the employer's obligations under the *Superannuation Guarantee (Administration) Act 1992* in relation to the employee; and<br><br>(b) does not relate to the general financial affairs of the employer. |

Case 9:18-cv-80176-BB   Document 12-1   Entered on FLSD Docket 04/16/2018   Page 28 of 90
Print Legislation | LawOne                                        Page 16 of 46

28

| 8 | any entity, court or tribunal | is of information that was obtained under, or for the purposes of the *Superannuation (Self Managed Superannuation Funds) Taxation Act 1987* or the *Superannuation Industry (Supervision) Act 1993* and is for the purpose of all or any of the following: |
|---|---|---|
| | | (a) identifying a particular *self managed superannuation fund; |
| | | (b) enabling members of the public to contact persons who perform functions in relation to a particular self managed superannuation fund; |
| | | (c) enabling the Commissioner to provide an opinion to members of the public as to whether or not a particular self managed superannuation fund is a complying superannuation fund in relation to a particular income year for the purposes of Division 2 of Part 5 of the *Superannuation Industry (Supervision) Act 1993*; |
| | | (d) describing activity engaged in, or proposed to be engaged in, by the Commissioner in relation to a breach or suspected breach by a person of a provision of the *Superannuation (Self Managed Superannuation Funds) Taxation Act 1987* or the *Superannuation Industry (Supervision) Act 1993*. |
| 9 | an approved clearing house (within the meaning of the *Superannuation Guarantee (Administration) Act 1992*) | is for the purposes of that body performing its functions in relation to superannuation contributions. |

10

(a) a *regulated superannuation fund; or

(b) a public sector superannuation scheme (within the meaning of the *Superannuation Industry (Supervision) Act 1993*); or

(c) an *approved deposit fund; or

(d) an *RSA provider; or

(e) an entity that, as an agent of such a fund, scheme or RSA provider, provides administration services for:

(i) beneficiaries (within the meaning of that Act) of the fund or scheme; or

(ii) holders (within the meaning of the *Retirement Savings Accounts Act 1997*) of *RSAs provided by the RSA provider

is for the purpose of:

(a) informing:

(i) a beneficiary (within the meaning of the *Superannuation Industry (Supervision) Act 1993*) of such a fund or scheme; or

(ii) a holder (within the meaning of the *Retirement Savings Accounts Act 1997*) of an *RSA provided by the *RSA provider; or

(iii) an applicant to become such a beneficiary or holder;

of one or more of his or her *superannuation interests (whether with that fund, scheme or RSA provider or another fund, scheme or RSA provider); or

(b) assisting such a beneficiary, holder or applicant to choose whether to maintain or create such a superannuation interest; or

(c) assisting such a beneficiary, holder or applicant to give effect to such a choice; or

(d) informing such a beneficiary, holder or applicant of an amount that is or may become payable, or that may be paid, credited or otherwise dealt with, in relation to the beneficiary, holder or applicant under:

(i) the *Small Superannuation Accounts Act 1995*; or

|  |  |  |
|---|---|---|
|  |  | (ii) the *Superannuation (Government Co-contribution for Low Income Earners) Act 2003*; or |
|  |  | (iii) the *Superannuation Guarantee (Administration) Act 1992*; or |
|  |  | (iv) the *Superannuation (Unclaimed Money and Lost Members) Act 1999*; or |
|  |  | (e) assisting such a beneficiary, holder or applicant to give effect to a choice that he or she may make, or undertake an action that he or she may undertake, in relation to an amount mentioned in paragraph (d). |
| 11 | a *superannuation provider or APRA | is for the purpose of complying with subsection 292-102(9) of the *Income Tax Assessment Act 1997*. |

*Table 3—Records or disclosures relating to corporate regulation, business, research or policy*

(4)     Table 3 is as follows:

**Table 3: Records or disclosures relating to corporate regulation, business, research or policy**

| Item | The record is made for or the disclosure is to ... | and the record or disclosure ... |
|---|---|---|
| 1 | the Australian Securities and Investments Commission | is for the purpose of performing any functions or exercising any powers under any Act or instrument, or part of any Act or instrument, of which the Commission has the general administration. |
| 6 | Innovation and Science Australia established under section 6 of the *Industry Research and Development Act 1986* | is for the purpose of administering any *Commonwealth law relating to venture capital. |

| 6A | the Secretary of the Department administered by the Minister administering the *Shipping Reform (Tax Incentives) Act 2012* | is for the purpose of administering that Act. |
|---|---|---|
| 7 | the Secretary of the Department | is for the purpose of administering the *Foreign Acquisitions and Takeovers Act 1975*. |
| 8 | the Secretary of the Department | (a) is of information that does not include the name, contact details or *ABN of any entity; and<br><br>(b) is for the purpose of the Department estimating or analysing taxation revenue or estimating the cost of policy proposals. |
| 9 | the Parliamentary Budget Officer (within the meaning of the *Parliamentary Service Act 1999*) | (a) is of information that does not include the name, contact details or *ABN of any entity; and<br><br>(b) is for the purpose of the Parliamentary Budget Officer performing any of his or her functions, or exercising any of his or her powers, under Part 7 of the *Parliamentary Service Act 1999*. |

*Table 4—Records or disclosures relating to other taxation matters*

(5)    Table 4 is as follows:

### Table 4: Records or disclosures relating to other taxation matters

| Item | The record is made for or the disclosure is to ... | and the record or disclosure ... |
|---|---|---|



| 1 | a State taxation officer, or a Territory taxation officer, within the meaning of subsection 13D(1) of this Act | is for the purpose of administering a *State law or *Territory law relating to taxation, if a State taxation officer or a Territory taxation officer is authorised by law to communicate information obtained under the State law or Territory law to the Commissioner. |
|---|---|---|
| 2 | a State taxation officer, or a Territory taxation officer, within the meaning of subsection 13D(1) of this Act | (a) is of rental information, residential address information or spousal information; and<br><br>(b) is for the purpose of administering the *First Home Owner Grant (New Homes) Act 2000* (NSW), or a similar *State law or *Territory law. |
| 4 | an individual who holds an office of a State or Territory, being an office prescribed for the purpose of this table item | (a) is of information that relates to alcoholic beverages; and<br><br>(b) is for the purpose of the individual administering an *arrangement for the rebate, refund or other payment or credit by a State or Territory in respect of alcoholic beverages. |
| 5 | the Inspector-General of Taxation | is for the purpose of investigating or reporting under, or otherwise administering:<br><br>(a) the *Inspector-General of Taxation Act 2003*; or<br><br>(b) provisions of the *Ombudsman Act 1976*, to the extent that they are applied by the *Inspector-General of Taxation Act 2003*. |

*Table 5—Records or disclosures relating to rehabilitation or compensation*

(6)   Table 5 is as follows:

**Table 5: Records or disclosures relating to rehabilitation or compensation**

| Item | The record is made for or the disclosure is to ... | and the record or disclosure ... |
| --- | --- | --- |
| 1 | an authority of the Commonwealth established under a *Commonwealth law relating to rehabilitation or compensation | is for the purpose of performing any of its functions or exercising any of its powers under that law. |
| 2 | the *Defence Secretary | is for the purpose of administering any *Commonwealth law relating to payments in respect of dependants of members of the Defence Force. |
| 3 | an authority of a State or Territory that administers a *workers' compensation law | (a) is of information that relates to amounts withheld under Part 2-5 in Schedule 1 to this Act (about PAYG withholding); and (b) is for the purpose of ensuring that employers comply with their obligations relating to insurance or the imposition of a levy under that law. |

*Table 6—Records or disclosures relating to the environment*

(7)      Table 6 is as follows:

**Table 6: Records or disclosures relating to the environment**

| Item | The record is made for or the disclosure is to... | and the record or disclosure... |
| --- | --- | --- |
| 2 | the *Environment Secretary | is for the purpose of administering product stewardship (oil) benefits. |

*Table 7—Records or disclosures relating to miscellaneous matters*

(8)      Table 7 is as follows:

**Table 7: Records or disclosures relating to miscellaneous matters**

| Item | The record is made for or the disclosure is to ... | and the record or disclosure ... |
|------|---------------------------------------------------|----------------------------------|
| 1 | the Australian Statistician | is for the purpose of administering the *Census and Statistics Act 1905*. |
| 2 | the Comptroller-General of Customs (within the meaning of the *Customs Act 1901*) | is for the purpose of administering any Act to the extent to which the Comptroller-General of Customs has the general administration of the Act or any instrument under such an Act. |
| 2A | the Electoral Commissioner (within the meaning of the *Commonwealth Electoral Act 1918*) | (a) is of information disclosed to, or obtained by, the Commissioner of Taxation on or after the commencement of this table item; and<br><br>(b) is for the purpose of administering the *Commonwealth Electoral Act 1918* or the *Referendum (Machinery Provisions) Act 1984*. |
| 3 | the *Immigration Secretary or the Australian Border Force Commissioner (within the meaning of the *Australian Border Force Act 2015*) | is for the purpose of performing any functions or exercising any powers under any Act or instrument, or part of any Act or instrument, administered by the Minister administering the *Immigration Department. |
| 5 | the Fair Work Ombudsman (within the meaning of the *Fair Work Act 2009*) | is for the purpose of ensuring an entity's compliance with the *Fair Work Act 2009*. |
| 5A | the Commissioner of the Australian Charities and Not-for-profits Commission | is for the purpose of administering the *Australian Charities and Not-for-profits Commission Act 2012*. |

| 6 | (a) the Commissioner of the Australian Charities and Not-for-profits Commission; or<br><br>(b) the Attorney-General of a State or Territory | (a) is of information that relates to non-compliance of a *ancillary fund or charity with an *Australian law; and<br><br>(b) is for the purpose of the administration of an Australian law governing trusts and charities. |
| 6A | the Secretary of the Department administered by the Minister administering the *Petroleum and Other Fuels Reporting Act 2017* | is for the purpose of administering the *Petroleum and Other Fuels Reporting Act 2017*. |
| 7 | the Secretary of a Department administered by a Minister responsible for:<br><br>(a) agriculture; or<br><br>(aa) water; or<br><br>(b) industry policy; or<br><br>(c) investment promotion; or<br><br>(d) taxation policy; or<br><br>(e) foreign investment in Australia | (a) is of information contained in the Register of Foreign Ownership of Agricultural Land or Register of Foreign Ownership of Water Entitlements; and<br><br>(b) is for the purpose of enabling that Department to assist that Minister to discharge that responsibility. |
| 8 | a *foreign government agency of a foreign country or part of a foreign country, or an entity acting on behalf of such agency | (a) is of information relating to the address, contact information or income of a person who has an obligation to repay a student loan issued by or on behalf of:<br><br>(i) that agency; or<br><br>(ii) another *foreign government agency of that country, or that part of that country; and<br><br>(b) is for the purposes of contacting the person, and recovering from the person outstanding amounts relating to the loan. |

(9)  To avoid doubt, the exception in table item 7 in table 2 in subsection (3) has effect even if at the time the complaint referred to in that item is made it is in dispute or uncertain whether the individual is an employee or former employee of the employer.

**355-70    Exception—disclosure for law enforcement and related purposes**

(1)    Section 355-25 does not apply if:

    (a)    the entity is the Commissioner or a *taxation officer authorised by the Commissioner to make the record or disclosure; and

    (b)    an item in the table in this subsection covers the making of the record or the disclosure; and

    (c)    if the entity is not the Commissioner, a *Second Commissioner or an SES employee or acting SES employee of the Australian Taxation Office—one of the following has agreed that the record or disclosure is covered by the item:

        (i)    the Commissioner;

        (ii)    a Second Commissioner;

        (iii)    an SES employee or acting SES employee of the Australian Taxation Office who is not a direct supervisor of the taxation officer.

Note 1: A defendant bears an evidential burden in relation to the matters in this subsection: see subsection 13.3(3) of the *Criminal Code*.

Note 2: The Commissioner is required to include in an annual report information about disclosures made under this subsection: see section 3B.

**Records or disclosures for law enforcement and related purposes**

| Item | The record is made for or the disclosure is to ... | and the record or disclosure ... |
|------|---------------------------------------------------|----------------------------------|

| 1 | an *authorised law enforcement agency officer, or a court or tribunal | is for the purpose of: |
| | | (a) investigating a *serious offence; or |
| | | (b) enforcing a law, the contravention of which is a serious offence; or |
| | | (c) the making, or proposed or possible making, of a *proceeds of crime order; or |
| | | (d) supporting or enforcing a proceeds of crime order. |
| 2 | an *authorised ASIO officer | is for the purpose of performing ASIO's functions under subsection 17(1) of the *Australian Security Intelligence Organisation Act 1979*. |
| 3 | a *Project Wickenby officer, or a court or tribunal | (a) is for or in connection with a *purpose of the Project Wickenby taskforce; and |
| | | (b) is made before 1 July 2015, or a later prescribed day. |
| 4 | a *taskforce officer of a prescribed taskforce, or a court or tribunal | (a) is for or in connection with a purpose of the prescribed taskforce; and |
| | | (b) is made within the time limit, if any, prescribed by the regulations. |
| 5 | a Royal Commission in respect of which Letters Patent issued by the Governor-General declare that the Royal Commission is a Royal Commission to which this table item applies, or a member of such a Royal Commission | is for the purpose of the Royal Commission conducting its inquiry. |

| 6 | one or more of the following bodies: | is for the purpose of: |
|---|---|---|
| | (a) a Royal Commission of a State or a Territory prescribed by the regulations for the purposes of this table item; | (a) investigating a *serious offence; or |
| | | (b) enforcing a law, the contravention of which is a serious offence; or |
| | (b) a commission of inquiry of a State or a Territory prescribed by the regulations for the purposes of this table item; | (c) the making, or proposed or possible making, of a *proceeds of crime order; or |
| | | (d) supporting or enforcing a proceeds of crime order. |
| | (c) a board of inquiry of a State or a Territory prescribed by the regulations for the purposes of this table item | |

(2A)   The *taxation officer is entitled to rely on the exception in subsection (1) even if the agreement referred to in paragraph (1)(c) has not been obtained in relation to the record or disclosure.

*Meaning of various terms*

(2)   ***Authorised ASIO officer*** means:

   (a)   the Director-General of Security holding office under the *Australian Security Intelligence Organisation Act 1979*; or

   (b)   an ASIO employee (within the meaning of that Act) or an ASIO affiliate (within the meaning of that Act) who has been authorised in writing by the Director-General of Security to perform the functions of an authorised ASIO officer under this Act.

(3)   ***Authorised law enforcement agency officer*** means:

   (a)   the head of a *law enforcement agency; or

   (b)   an officer of a law enforcement agency, or a person engaged by, or otherwise performing services for, a law enforcement agency, authorised in writing by the head of the agency to perform the functions of an authorised law enforcement agency officer under this Act.

**Law enforcement agency** means:

(a)    the Australian Federal Police; or

(b)    the police force of a State or Territory; or

(c)    the Office of the Director of Public Prosecutions established by section 5 of the *Director of Public Prosecutions Act 1983*; or

(d)    the Australian Commission for Law Enforcement Integrity; or

(e)    the Australian Crime Commission; or

(f)    the Independent Commission Against Corruption established by the *Independent Commission Against Corruption Act 1988* of New South Wales; or

(g)    the New South Wales Crime Commission; or

(h)    the Law Enforcement Conduct Commission of New South Wales; or

(i)    the Independent Broad-based Anti-corruption Commission of Victoria; or

(j)    the Crime and Corruption Commission of Queensland; or

(k)    the Corruption and Crime Commission of Western Australia; or

(ka)    the Independent Commissioner Against Corruption of South Australia; or

(l)    *ASIC.

(5)    **Proceeds of crime order** means:

(a)    an order, relating to an entity's commission of a *serious offence, under:

(i)    Chapter 2 (about confiscation of property in relation to certain offences) or Division 1 of Part 3-1 (about examination orders) of the *Proceeds of Crime Act 2002*; or

(4)

Part II (about confiscation) or III (about control of property liable to confiscation) of the *Proceeds of Crime Act 1987*; or

(iii) a \*State law or \*Territory law corresponding to a law referred to in subparagraph (i) or (ii); or

(iv) Division 3 of Part XIII (about recovery of pecuniary penalties for dealings in narcotic goods) of the *Customs Act 1901*; or

(b) an unexplained wealth order (within the meaning of the *Proceeds of Crime Act 2002*); or

(c) a court order (including a declaration or direction):

(i) under a State law or Territory law; and

(ii) relating to unexplained wealth.

(6) An entity is a ***Project Wickenby officer*** if the entity:

(a) holds an office in, is employed in, or is performing services for:

(i) a \*Project Wickenby taskforce agency; or

(ii) a \*Project Wickenby taskforce supporting agency; and

(b) performs duties that relate to a \*purpose of the Project Wickenby taskforce.

(7) The following agencies are ***Project Wickenby taskforce agencies***:

(a) the Australian Taxation Office;

(b) the Australian Crime Commission;

(c) the Australian Federal Police;

(d) \*ASIC;

(e) the Office of the Director of Public Prosecutions;

(f)      a prescribed agency.

(8)      The following agencies are *Project Wickenby taskforce supporting agencies*:

(a)      the Department administered by the Minister administering the *Crimes Act 1914*;

(b)      the Australian Transaction Reports and Analysis Centre;

(c)      the Australian Government Solicitor;

(d)      a prescribed agency.

(9)      The *purposes of the Project Wickenby taskforce* are to:

(a)      detect; and

(b)      deter; and

(c)      investigate; and

(d)      enforce the law relating to;

the promotion of or participation in *arrangements of an international character, or purported international character, that relate to one or more of the following:

(e)      tax avoidance or evasion;

(f)      breaches of laws regulating financial markets and corporations;

(g)      criminal activity in the nature of fraud or obtaining benefits by deception (including deceiving investors or creditors);

(h)      money laundering;

(i)      concealing income or assets.

(10)    *Serious offence* means an offence against an *Australian law that is punishable by imprisonment for a period exceeding 12 months.

(11)     An entity is a **taskforce officer** of a prescribed taskforce if:

    (a)     the entity holds an office in, is employed in, or is performing services for, an agency in the prescribed taskforce; and

    (b)     the entity's duties relate to a purpose of the prescribed taskforce.

(12)     The regulations may prescribe a taskforce for the purposes of item 4 of the table in subsection (1). A major purpose of the taskforce must be protecting the public finances of Australia.

(13)     Without limiting subsection (12), regulations made for the purposes of item 4 of the table in subsection (1) may deal with the following matters:

    (a)     the purposes of the taskforce;

    (b)     the agencies in the taskforce.

## 355-75   Limits on disclosure to courts and tribunals

An entity who is or was a *taxation officer is not to be required to disclose to a court or tribunal *protected information that was acquired by the entity as a taxation officer except where it is necessary to do so for the purpose of carrying into effect the provisions of:

    (a)     a *taxation law; or

    (b)     the *Foreign Acquisitions and Takeovers Act 1975*, if the entity acquired the information because of a request under subsection 138(4) of that Act.

Note: See also section 8ZK of this Act (about protection of witnesses).

## Subdivision 355-C—On-disclosure of protected information by other people

Guide to Subdivision 355-C

## 355-150   What this Subdivision is about

Case 9:18-cv-80176-BB   Document 12-1   Entered on FLSD Docket 04/16/2018   Page 43 of 90
Print Legislation | LawOne                                                          Page 31 of 46

43

Someone who is not a taxation officer is prohibited from disclosing protected information, except in certain specified circumstances.

Table of sections

Operative provisions

355-155 Offence—on-disclosure of protected information by other people

355-160 Consent is not a defence

355-165 Generality of Subdivision not limited

355-170 Exception—on-disclosure of publicly available information

355-172 Exception—disclosure of periodic aggregate tax information

355-175 Exception—on-disclosure for original purpose

355-180 Exception—on-disclosure to Ministers in relation to statutory powers or functions

355-182 Exception—on-disclosure of certain information to Commonwealth Ombudsman

355-185 Exception—on-disclosure in relation to IGIS

355-190 Exception—on-disclosure in relation to ASIO

355-195 Exception—on-disclosure by Royal Commissions

355-200 Exception—records made in compliance with Australian laws

355-205 Limits on on-disclosure to courts or tribunals

355-210 Limits on on-disclosure to Ministers

Operative provisions

### 355-155   Offence—on-disclosure of protected information by other people

An entity commits an offence if:

(a)   the entity:

    (i)   makes a record of information; or

    (ii)   discloses information to another entity (other than the entity to whom the information relates or that entity's agent in relation to the information) or to a court or tribunal; and

(b)   the information was acquired by the first-mentioned entity under an exception in this Subdivision or in Subdivision 355-B (except subsection 355-65(1) operating in relation to item 7 in the table in subsection 355-65(4)); and

(c)   the first-mentioned entity did not acquire the information as a *taxation officer.

Penalty:  Imprisonment for 2 years.

Note: This section also covers information acquired by an entity (other than as a taxation officer) before the commencement of this section under certain repealed or amended provisions: see item 124 of Schedule 2 to the *Tax Laws Amendment (Confidentiality of Taxpayer Information) Act 2010*.

### 355-160   Consent is not a defence

It is not a defence to a prosecution for an offence against section 355-155 that the entity to whom the information relates has consented to:

(a)   the making of the record; or

(b)   the disclosure of the information.

### 355-165   Generality of Subdivision not limited

Except as provided in section 355-210 (about limits on disclosure to Ministers), nothing in this Subdivision limits the generality of anything else in it.

Note: This means that each provision in this Subdivision (other than section 355-210) has an independent operation and is not to be interpreted by reference to any other provision within the Subdivision.

## 355-170   Exception—on-disclosure of publicly available information

Section 355-155 does not apply if the information was already available to the public (otherwise than as a result of a contravention of section 355-25, 355-155 or 355-265).

Note: A defendant bears an evidential burden in relation to the matters in this section: see subsection 13.3(3) of the *Criminal Code*.

## 355-172   Exception—disclosure of periodic aggregate tax information

Section 355-155 does not apply if the information is *periodic aggregate tax information.

Note: A defendant bears an evidential burden in relation to the matters in this section: see subsection 13.3(3) of the *Criminal Code*.

## 355-175   Exception—on-disclosure for original purpose

(1)     Section 355-155 does not apply if:

   (a)     the information was originally disclosed under an exception in Subdivision 355-B for a purpose specified in that exception (the **original purpose**); and

   (b)     the information was acquired by the entity under this section or an exception in Subdivision 355-B; and

   (c)     the record or disclosure is made by the entity for the original purpose, or in connection with the original purpose.

Note: A defendant bears an evidential burden in relation to the matters in this subsection: see subsection 13.3(3) of the *Criminal Code*.

*Instances of disclosures in connection with the original purpose*

Without limiting subsection (1), a record or disclosure is made by the entity in connection with the original purpose if:

(a) the record is made for, or the disclosure is to, any entity, court or tribunal; and

(b) the record or disclosure is for the purpose of criminal, civil or administrative proceedings (including merits review or judicial review) that are related to the original purpose.

*Multiple purposes*

(3) Subsection (1) has effect as if a record or disclosure made by the entity for a purpose specified in column 3 of the following table were made in connection with the original purpose:

**Records or disclosures for purpose connected with the original purpose**

| Item | Original purpose | Purpose connected with the original purpose |
| --- | --- | --- |
| 1 | a *purpose of the Project Wickenby taskforce | another purpose of that taskforce. |
| 2 | a purpose of a prescribed taskforce | another purpose of that taskforce. |
| 3 | one of the purposes specified in column 3 of item 1 of the table in subsection 355-70(1) | the other of those purposes. |
| 4 | one of the purposes specified in column 3 of item 6 of the table in subsection 355-70(1) | one of the other purposes specified in column 3 of item 6 of that table. |

## 355-180   Exception—on-disclosure to Ministers in relation to statutory powers or functions

(2) Section 355-155 does not apply if:

the information was originally disclosed under an exception in Subdivision 355-B for a purpose specified in that exception (the **original purpose**); and

(b)     the record is made for, or the disclosure is to, a Minister who has a statutory power or function in relation to the original purpose; and

(c)     the record or disclosure is for the purpose of enabling the Minister to:

  (i)     decide whether to exercise the power or perform the function; or

  (ii)    exercise the power or perform the function.

Note: A defendant bears an evidential burden in relation to the matters in this section: see subsection 13.3(3) of the *Criminal Code*.

## 355-182   Exception—on-disclosure of certain information to Commonwealth Ombudsman

(1)     Section 355-155 does not apply if:

(a)     the entity is an officer of an *Australian government agency; and

(b)     the information was acquired by the entity under the exception in subsection 355-65(1) operating in relation to item 10 in the table in subsection 355-65(2); and

(c)     the record is made for, or the disclosure is to:

  (i)     the Commonwealth Ombudsman or a Deputy Commonwealth Ombudsman; or

  (ii)    a member of staff referred to in subsection 31(1) of the *Ombudsman Act 1976*; and

(d)     the record or disclosure is for the purpose of the performance of a function or duty of the Commonwealth Ombudsman, the Deputy Commonwealth Ombudsman or the member of staff, under the *Ombudsman Act 1976*.

(a)

Note: A defendant bears an evidential burden in relation to the matters in this subsection: see subsection 13.3(3) of the *Criminal Code*.

(2)      Section 355-155 does not apply if:

    (a)    the entity is:

        (i)    the Commonwealth Ombudsman or a Deputy Commonwealth Ombudsman; or

        (ii)    a member of staff referred to in subsection 31(1) of the *Ombudsman Act 1976*; and

    (b)    the information was acquired by the entity under subsection (1) or this subsection; and

    (c)    the record or disclosure is for the purpose of the performance of a function or duty of the Commonwealth Ombudsman, the Deputy Commonwealth Ombudsman or the member of staff, under the *Ombudsman Act 1976*.

Note: A defendant bears an evidential burden in relation to the matters in this subsection: see subsection 13.3(3) of the *Criminal Code*.

## 355-185   Exception—on-disclosure in relation to IGIS

(1)      Section 355-155 does not apply if:

    (a)    the entity is an *authorised ASIO officer; and

    (b)    the record is made for, or the disclosure is to, the Inspector-General of Intelligence and Security holding office under the *Inspector-General of Intelligence and Security Act 1986* or a member of staff appointed to assist the Inspector-General under that Act; and

    (c)    the record or disclosure is for the purpose of performing the Inspector-General's, or the member of staff's, duties in relation to ASIO or ASIO employees (within the meaning of the *Australian Security Intelligence Organisation Act 1979*) or ASIO affiliates (within the meaning of that Act).

Note: A defendant bears an evidential burden in relation to the matters in this subsection:

see subsection 13.3(3) of the *Criminal Code*.

(2)     Section 355-155 does not apply if:

    (a)     the entity is the Inspector-General of Intelligence and Security holding office under the *Inspector-General of Intelligence and Security Act 1986* or a member of staff appointed to assist the Inspector-General under that Act; and

    (b)     the information was acquired by the entity under subsection (1) or this paragraph; and

    (c)     the record or disclosure is for the purpose of performing the Inspector-General's, or the officer's, duties in relation to ASIO or ASIO employees (within the meaning of the *Australian Security Intelligence Organisation Act 1979*) or ASIO affiliates (within the meaning of that Act).

Note: A defendant bears an evidential burden in relation to the matters in this subsection: see subsection 13.3(3) of the *Criminal Code*.

## 355-190   Exception—on-disclosure in relation to ASIO

(1)     Section 355-155 does not apply if:

    (a)     the entity is an *authorised ASIO officer; and

    (b)     the record is made for, or the disclosure is to, an officer of a *law enforcement agency; and

    (c)     the record or disclosure is for the purpose of, or in connection with:

        (i)     investigating a *serious offence; or

        (ii)     enforcing a law, the contravention of which is a serious offence; or

        (iii)     the making, or proposed or possible making, of a *proceeds of crime order.

Note: A defendant bears an evidential burden in relation to the matters in this subsection:

see subsection 13.3(3) of the *Criminal Code*.

(2)      Section 355-155 does not apply if:

    (a)      the entity is an officer of a *law enforcement agency; and

    (b)      the information was acquired by the entity under subsection (1) or this
        paragraph; and

    (c)      the record or disclosure is for the purpose of, or in connection with:

        (i)      investigating a *serious offence; or

        (ii)     enforcing a law, the contravention of which is a serious offence;
            or

        (iii)    the making, or proposed or possible making, of a *proceeds of
            crime order.

Note: A defendant bears an evidential burden in relation to the matters in this subsection:
see subsection 13.3(3) of the *Criminal Code*.

## 355-195   Exception—on-disclosure by Royal Commissions

(1)      Section 355-155 does not apply if:

    (a)      the entity is a member of a Royal Commission to which column 2 of
        item 5 of the table in subsection 355-70(1) relates; and

    (b)      the information was acquired by the entity under item 5 of the table in
        subsection 355-70(1); and

    (c)      the record or disclosure is in accordance with section 6P of the *Royal
        Commissions Act 1902*.

Note 1: A defendant bears an evidential burden in relation to the matters in this
subsection: see subsection 13.3(3) of the *Criminal Code*.

Note 2: Section 6P of the *Royal Commissions Act 1902* sets out the circumstances in
which a Royal Commission covered by that Act may disclose information it acquires in the
course of its inquiry.

(2)    Section 355-155 does not apply to particular information if the information was disclosed under subsection (1).

Note: A defendant bears an evidential burden in relation to the matters in this subsection: see subsection 13.3(3) of the *Criminal Code*.

## 355-200   Exception—records made in compliance with Australian laws

Section 355-155 does not apply if the record is made in compliance with a requirement of an *Australian law.

Example: The Australian Taxation Office obtains information about an entity from a credit reporting body by giving a notice under paragraph 353-10(1)(c). The body is not committing an offence under section 355-155 by making a written note of the disclosure as required by subsection 20E(5) of the *Privacy Act 1988*.

Note: A defendant bears an evidential burden in relation to the matters in this section: see subsection 13.3(3) of the *Criminal Code*.

## 355-205   Limits on on-disclosure to courts or tribunals

An entity is not to be required to disclose to a court or tribunal *protected information that was acquired by the entity under Subdivision 355-B or this Subdivision, except where it is necessary to do so for the purpose of carrying into effect the provisions of:

(a)    a *taxation law; or

(b)    if the entity has or had duties, functions or powers under the *Foreign Acquisitions and Takeovers Act 1975*—that Act.

Note: See also section 8ZK of this Act (about protection of witnesses).

## 355-210   Limits on on-disclosure to Ministers

(1)    Sections 355-170, 355-180 and 355-195 are the only exceptions to the prohibition in section 355-155 on which an entity who has acquired *protected information (otherwise than as a *taxation officer) can rely in making a record of the information for, or disclosing the information to, a Minister, whether or not

provided to a Minister in the course of, or for the purposes of or incidental to, the transacting of the business of a House of the Parliament or a committee of one or both Houses of the Parliament.

Note: Disclosures that are not prohibited by section 355-155 are not affected by this subsection. For example, an entity may disclose information to a Minister if the Minister is the entity to whom the information relates, or is another entity's agent in relation to the information.

(2)     Subsection (1) has effect despite section 16 of the *Parliamentary Privileges Act 1987*, and that section does not operate to the extent that it would otherwise apply to a disclosure of *protected information by the entity to a Minister.

Note: This subsection does not limit the operation of section 16 of the *Parliamentary Privileges Act 1987* in any other respect. That section continues to operate, for example, to enable an entity to disclose protected information to a committee of one or both Houses of the Parliament.

## Subdivision 355-D—Disclosure of protected information that has been unlawfully acquired

Guide to Subdivision 355-D

### 355-260   What this Subdivision is about

The disclosure of protected tax information that has been unlawfully acquired is prohibited.

Table of sections

Operative provisions

355-265 Offence—disclosure of protected information acquired in breach of a taxation law

355-270 Exception—disclosure of publicly available information

355-275 Exception—disclosure in relation to a taxation law

355-280 Limits on disclosure to courts and tribunals

Operative provisions

## 355-265   Offence—disclosure of protected information acquired in breach of a taxation law

An entity commits an offence if:

    (a)    the entity:

        (i)    makes a record of information; or

        (ii)    discloses information to another entity (other than the entity to whom the information relates or that entity's agent in relation to the information) or to a court or tribunal; and

    (b)    the information is *protected information; and

    (c)    the information was acquired by the entity in breach of a provision of a *taxation law (including this provision); and

    (d)    the information was not acquired by the entity as a *taxation officer.

Penalty:  Imprisonment for 2 years.

## 355-270   Exception—disclosure of publicly available information

Section 355-265 does not apply if the information was already available to the public (otherwise than as a result of a contravention of that section, or section 355-25 or 355-155).

Note: A defendant bears an evidential burden in relation to the matters in this section: see subsection 13.3(3) of the *Criminal Code*.

## 355-275   Exception—disclosure in relation to a taxation law

Section 355-265 does not apply:

    (a)    to the extent that the entity's actions are required or permitted by a *taxation law or reasonably necessary in order to comply with an obligation imposed by a taxation law; or

    (b)    if the record was made for or the information was disclosed:

    (i)       to a *taxation officer; and

    (ii)      for a purpose connected with administering a *taxation law.

Note: A defendant bears an evidential burden in relation to the matters in this section: see subsection 13.3(3) of the *Criminal Code*.

## 355-280   Limits on disclosure to courts and tribunals

An entity is not to be required to disclose to a court or tribunal *protected information that was acquired by the entity under this Subdivision, except where it is necessary to do so for the purpose of carrying into effect the provisions of a *taxation law.

Note: See also section 8ZK of this Act (about protection of witnesses).

# Subdivision 355-E—Other matters

Guide to Subdivision 355-E

## 355-320   What this Subdivision is about

The Commissioner may require a taxation officer to make an oath of affirmation to protect information.

The Federal Court has power to grant an injunction restraining an entity from engaging in conduct that would constitute an offence against this Division.

The Commissioner must issue instructions relating to the disclosure of protected tax information.

Table of sections

    Operative provisions

    355-325 Oath or affirmation to protect information

    355-330 Injunctions to prevent contravention of non-disclosure provisions

355-335 Procedures for disclosing protected information

Operative provisions

## 355-325   Oath or affirmation to protect information

(1) A *taxation officer must, if and when required by the Commissioner to do so, make an oath or affirmation to protect information in accordance with this Division.

(2) The Commissioner may determine, in writing:

   (a) the form of the oath or affirmation; and

   (b) the manner in which the oath or affirmation must be made.

## 355-330   Injunctions to prevent contravention of non-disclosure provisions

*Injunctions*

(1) If an entity has engaged, is engaging or is proposing to engage in any conduct that constituted, constitutes or would constitute an offence against this Division, the Federal Court of Australia may, on the application of the Commissioner, grant an injunction:

   (a) restraining the entity from engaging in the conduct; and

   (b) if in the court's opinion it is desirable to do so—requiring the entity to do any act or thing.

*Interim injunctions*

(2) If an application is made to the court for an injunction under subsection (1), the court may, before considering the application, grant an interim injunction restraining an entity from engaging in conduct of the kind referred to in that subsection pending the determination of the application.

*Discharge or variation of injunctions*

(3)     The court may discharge or vary an injunction granted under this section.


*Exercise of power to grant injunctions*

(4)     If an application is made to the court for the grant of an injunction restraining an entity from engaging in conduct of a particular kind, the power of the court to grant the injunction may be exercised:

   (a)     if the court is satisfied that the entity has engaged in conduct of that kind—whether or not it appears to the court that the entity intends to engage again, or to continue to engage, in conduct of that kind; or

   (b)     if it appears to the court that, in the event that an injunction is not granted, it is likely that the entity will engage in conduct of that kind—whether or not the entity has previously engaged in conduct of that kind and whether or not there is an imminent danger of substantial damage to any other entity if the entity engages in conduct of that kind.

(5)     The power of the court to grant an injunction requiring an entity to do a particular act or thing may be exercised:

   (a)     if the court is satisfied that the entity has refused or failed to do that act or thing—whether or not it appears to the court that the entity intends to refuse or fail again, or to continue to refuse or fail, to do that act or thing; or

   (b)     if it appears to the court that, in the event that an injunction is not granted, it is likely that the entity will refuse or fail to do that act or thing—whether or not the entity has previously refused or failed to do that act or thing and whether or not there is an imminent danger of substantial damage to any other entity if the entity refuses or fails to do that act or thing.


*No undertakings as to damages*

(6)     If the Commissioner makes an application to the court for the grant of an injunction under this section, the court must not require the Commissioner or any other entity, as a condition of the granting of an interim injunction, to give any undertakings as to damages.

*Other powers of the court unaffected*

(7)  The powers conferred on the court under this section are in addition to, and not in derogation of, any other powers of the court, whether conferred by this Act or otherwise.

## 355-335   Procedures for disclosing protected information

(1)  The Commissioner must issue instructions in relation to the procedures to be followed by *taxation officers in disclosing *protected information under the exceptions in sections 355-55 (about disclosures to Ministers), 355-65 (about disclosures for other government purposes) and 355-70 (about disclosures for law enforcement and related purposes).

(2)  The instructions must:

   (a)  be issued within 6 months after the commencement of this section; and

   (b)  be in writing; and

   (c)  provide for the matters mentioned in subsection (3); and

   (d)  be published on the Australian Taxation Office website.

(3)  The matters are:

   (a)  the processes to be followed before *protected information can be disclosed by a *taxation officer under the exceptions in sections 355-55, 355-65 and 355-70; and

   (b)  the processes involved in obtaining and giving the agreement mentioned in paragraphs 355-55(1)(c) and 355-70(1)(c); and

   (c)  other matters the Commissioner considers appropriate.

(4)  Without limiting subsection 33(3) of the *Acts Interpretation Act 1901*, the Commissioner may vary or revoke the instructions.

(5)  A failure to comply with the time limit in paragraph (2)(a) does not:

   (a)  prevent the Commissioner from issuing the instructions after this time; or

    (b)      affect the validity of the instructions when issued.

(6)      A failure to comply with the instructions does not, of itself, mean that a *taxation officer is not entitled to rely on the exceptions in sections 355-55, 355-65 and 355-70.

(7)      The instructions are not a legislative instrument.

# ANNEXURE

# B

Case 9:18-cv-80176-BB   Document 12-1   Entered on FLSD Docket 04/16/2018   Page 60 of 90
Procedures for disclosing protected information | Australian Taxation Office          Page 1 of 7

60



**Australian Government**
**Australian Taxation Office**

THIS AND THE FOLLOWING ........ PAGES
IS THE ANNEXURE MARKED.........B...........
REFERRED TO IN THE AFFIDAVIT
OF .....GORDON THOMAS GREWE.....
SWORN AT.....SYDNEY..........
THIS .....17... DAY OF .....APRIL..... 20 18
BEFORE ME:

.............................................
**Natalie Louise Miller**
**Justice of the Peace**
**No 202244**

Home / About ATO / Access, accountability and reporting / Your privacy / Secure and private information
/ Procedures for disclosing protected information

# Procedures for disclosing protected information

Here you will find detailed information about the following procedures:

- Procedures for disclosing protected information under Schedule 1 of the Taxation Administration Act 1953
- Before protected information can be disclosed by us to a Minister
- Before protected information can be disclosed by us for other government purposes
- Before protected information can be disclosed by us for law enforcement and related purposes

## Procedures for disclosing protected information under Schedule 1 of the *Taxation Administration Act 1953*

### Overview

- The procedures and instructions set out in this document have been developed to satisfy the Commissioner's obligations under section 355–335 of Schedule 1 of the *Taxation Administration Act 1953 (TAA)*.
- Section 355-335 of Schedule 1 to the TAA requires the Commissioner to issue and publish instructions about the procedures to be followed by taxation officers when disclosing protected information under:
  - section 355-55 (disclosures to Ministers)
  - section 355-65 (disclosures for other government purposes)
  - section 355-70 (disclosures for law enforcement and related purposes).

- All references to legislation in this document are to Schedule 1 to the TAA, unless otherwise indicated.

### Background

- The tax law secrecy provisions in Division 355 of Schedule 1 to the TAA apply to protected information. Protected information is defined to mean information disclosed or obtained under or for the purposes of a taxation law (other than the *Tax Agent Services Act 2009*), which relates to the affairs of an entity (including but not limited to the entity's tax affairs), and which identifies, or is reasonably capable of being used to identify, that entity.
- To be protected, the information need not relate to a living individual, but can relate to any entity as defined in section 960-100 of the *Income Tax Assessment Act 1997*, that is:
  - an individual
  - a body corporate

- a body politic
- a partnership
- any other unincorporated association or body of persons
- a trust
- a superannuation fund
- an approved deposit fund.

- Protected information may be contained in written documents, conversations, electronic recordings, transcripts or any other form in which information can be recorded. It includes information obtained directly from a taxpayer or information generated by us (for instance, through collating or cross-referencing information from a variety of sources).
- It is an offence under section 355-25 for a tax officer to disclose protected information other than to the entity who the information is about, or that entity's representative, unless the disclosure is permitted under one of the exceptions in Division 355.
- A tax officer who proposes to disclose protected information under one of the exceptions in Division 355 must always ensure that their disclosure will fit the circumstances stipulated in the exception they propose to apply.
- For disclosures under the exceptions in sections 355-55, 355-65 or 355-70, a tax officer must follow the instructions in this document.

## Before protected information can be disclosed by us to a Minister

### Introduction

- Division 355 permits a tax officer to disclose protected information to Ministers in the circumstances set out in the table in subsection 355-55(1). These are:
  - to enable any Minister to exercise a power or perform a function under a taxation law (table item 1)
  - to enable the Minister to respond directly to the entity the information is about in relation to a representation made by that entity either to the Minister or another member of Parliament (table item 2)
  - to the Minister for the purpose of informing decisions made under the Compensation for Detriment Caused by Defective Administration Scheme (table item 3)
  - to the Finance Minister, for the purpose of the making, or possible making, of an act of grace payment connected to the administration of a taxation law, or the waiver or possible waiver of a tax debt (table item 4)
  - to any Minister for the purpose of making a decision about or administering an ex-gratia payment, whether or not the payment is tax-related (table item 5)
  - to specified Ministers for the purpose of enabling them to discharge specified responsibilities but only information contained in the Register of Foreign Ownership of Agricultural Land (table item 6).

### Process

- The following paragraphs in this section list the process that tax officers must follow before disclosing protected information to a Minister under section 355-55.
- Ensure that you are authorised to make the disclosure.
  - Section 355-55 permits any tax officer to lawfully disclose protected information under section 355-55.

- Tax officers must also comply with any policies determined by their business line regarding minimum classification levels for making disclosures to recipients of a kind listed in subsection 355–55 (1). The Taxation Authorisations Guidelines are available to tax officers on our intranet.

- Consult with Parliamentary Services in Corporate Relations, or a Parliamentary business line coordinator.
  - A tax officer who proposes to disclose protected information to a Minister must consult Parliamentary Services in Corporate Relations, or a Parliamentary business line coordinator. A list of Parliamentary business line coordinators is available to tax officers on our intranet.
  - For further information on the provision of ministerial and Parliamentary services to Treasury portfolio ministers consult PS CM 2003/13 Provision of Services to the Treasurer and Minister for Revenue and Assistant Treasurer that is available to tax officers on our intranet.

- Determine whether one of the table items in section 355–55 will apply to the proposed disclosure.
  - Ensure that the proposed recipient of the protected information is an entity described in column 2 of the table item that will be relied on.
  - Ensure that the purpose for which the information would be disclosed fits the description of a lawful purpose for disclosure set out in column 3 of the table item that will be relied on.
  - The table items are an exhaustive list of circumstances in which disclosures of protected information may be made under section 355–55. They are not examples. The proposed disclosure must fit one of the table items in order to be permitted under section 355–55.
  - Note that there are some other very limited circumstances in which protected information may be disclosed to a Minister apart from under section 355–55. The processes set out in this CMPI apply only to those disclosures of protected information to Ministers that are made under section 355–55. An example is that protected information about a Minister's own affairs as a taxpayer may be provided to that Minister, consistent with section 355–25.
  - Details of all circumstances in which protected information may be disclosed to a Minister, both under section 355–55 and apart from under section 355–55, are set out in Law Administration Practice Statement PS LA 2004/09 Disclosure to Ministers of information about the affairs of taxpayers.

- Obtain senior officer agreement.
  - If a tax officer who proposes to disclose protected information under section 355–55 is not the Commissioner, a Second Commissioner, an SES employee or acting SES employee of the ATO, they must obtain agreement that the disclosure of protected information is covered by the table item in section 355–55 they propose to apply, from
    - the Commissioner
    - a Second Commissioner
    - an SES employee or acting SES employee of the ATO who is not the disclosing officer's direct supervisor.

  - The Parliamentary coordinator who is managing the relevant work item seeks senior officer agreement by submitting to them an approvals and agreement template which specifies the table item in section 355–55 under which protected information will be disclosed.

Procedures for disclosing protected information | Australian Taxation Office

- The senior officer from whom agreement is sought checks that the statutory criteria for the particular table item identified on the template have been satisfied.
- The senior officer indicates on the template that they agree that the proposed disclosure is covered by the nominated table item, and notifies the Parliamentary coordinator that agreement has been given.

- Record senior officer agreement.
  - The document recording the senior officer agreement should be attached to the relevant work item in the Parliamentary Workflow System, prior to returning the work item to Parliamentary Services for disclosure to the Minister.

## Before protected information can be disclosed by us for other government purposes

### Introduction

- Division 355 permits a tax officer to disclose protected information for government purposes set out in tables 1 to 7 in section 355–65. These are:
  - table 1: Records or disclosures relating to social welfare, health and safety
  - table 2: Records or disclosures relating to superannuation or finance
  - table 3: Records or disclosures relating to corporate regulation, business, research or policy
  - table 4: Records or disclosures relating to other taxation matters
  - table 5: Records or disclosures relating to rehabilitation or compensation
  - table 6: Records or disclosures relating to the environment
  - table 7: Records or disclosures relating to miscellaneous matters.

### Process

- The following paragraphs in this section list the process that tax officers must follow before disclosing protected information for other government purposes under section 355–65.
- Ensure that you are authorised to make the disclosure.
  - Section 355–65 permits any tax officer to lawfully disclose protected information under section 355–65.
  - However, tax officers must comply with any policies determined by their business line regarding minimum classification levels for making disclosures to recipients of a kind listed in section 355–65. The Taxation Authorisations Guidelines are available to tax officers on our intranet.

- Determine whether one of the table items in section 355–65 will apply to the proposed disclosure.
  - Ensure that the proposed recipient of the protected information is an entity described in column 2 of the table item that will be relied on.
  - Ensure that the purpose for which the information would be disclosed fits the description of a lawful purpose for disclosure set out in column 3 of the table item that will be relied on.
  - The table items are an exhaustive list of circumstances in which disclosures of protected information may be made under section 355–65. They are not examples. The proposed disclosure must fit one of these table items in order to make a disclosure under section 355–65.

Case 9:18-cv-80176-BB   Document 12-1   Entered on FLSD Docket 04/16/2018   Page 64 of 90
Procedures for disclosing protected information | Australian Taxation Office                 Page 5 of 7

64

- Comply with any Memorandum of Understanding (MOU) that applies to the proposed disclosure.
  - Identify and comply with any MOU that applies to a proposed disclosure of protected information to a particular recipient. An MOU cannot authorise any disclosure of protected information that is not consistent with the secrecy provisions in taxation law. But it may stipulate agreed conditions for information disclosure, such as timeframes for responding to requests, or agency contacts through which requests and disclosures are to be directed.
  - Refer to the table of MOUs maintained by Corporate Relations, available to tax officers on our intranet.
  - Direct any questions about compliance with a particular MOU to the MOU manager listed in the Corporate Relations MOU table available to tax officers on our intranet or identified in the MOU itself.

## Before protected information can be disclosed by us for law enforcement and related purposes

### Introduction

- Division 355 permits a tax officer to disclose protected information to the entities and in the circumstances set out in the table in section 355–70. These are:
  - to an authorised law enforcement agency officer, or a court or a tribunal, for the purpose of investigating a serious offence, or enforcing a law the contravention of which is a serious offence, or the making, or proposed or possible making, of a proceeds of crime order (table item 1)
  - to an authorised ASIO officer, for the purpose of performing ASIO's functions under subsection 17(1) of the *Australian Security Intelligence Organisation Act 1979* (table item 2)
  - to a Project Wickenby officer, or a court or tribunal, for or in connection with a purpose of the Project Wickenby taskforce (made before 1 July 2013, or a later prescribed day) (table item 3)
  - to a taskforce officer of a prescribed taskforce, or a court or tribunal, for or in connection with a purpose of the prescribed taskforce (made within the time limit, if any, prescribed by the regulations) (table item 4)
  - to a Royal Commission in respect of which Letters Patent issued by the Governor-General declare that the Royal Commission is a Royal Commission to which this table item applies, or a member of such a Royal Commission, for the purpose of the Royal Commission conducting its inquiry (table item 5)
  - to a Royal Commission of a State or a Territory prescribed by the regulations for the purposes of this table item, a commission of inquiry of a State or a Territory prescribed by the regulations for the purposes of this table item, or a board of enquiry of a State or a Territory prescribed by the regulations for the purposes of this table item, for the purpose of investigating a serious offence, or enforcing a law the contravention of which is a serious offence, or the making, or proposed or possible making, of a proceeds of crime order (table item 6).

### Process

- The following paragraphs in this section list the process that tax officers must follow before disclosing protected information for law enforcement and related purposes under section 355–70.

- Consult the Information Disclosure Team in the Serious Non-compliance business line.

  - A tax officer who proposes to disclose protected information under section 355–70 must consult with the Information Disclosure Team in Serious Non-compliance.
  - Disclosure templates provided by the Information Disclosure Team must be completed.
  - The disclosure must be approved by the Information Disclosure Team.
  - The Information Disclosure Team will arrange all necessary authorisations and agreements without which disclosures under section 355–70 cannot be made. They also ensure that statutory reporting requirements in relation to section 355–70 are met.

- Ensure that you are authorised to make the disclosure.
  - A tax officer other than the Commissioner or Second Commissioner can only disclose protected information under section 355-70 if they have been delegated to do so by the Commissioner, or if they have been authorised to do so by the Commissioner or one of the Commissioner's delegates. Only certain Senior Executive Service officers have a delegation from the Commissioner to disclose protected information and to authorise other tax officers to disclose protected information under section 355–70. This is an additional requirement that applies to this exception only. Note this is a separate requirement to the senior officer agreement set out in paragraph 28.
  - A tax officer who has not been authorised to do so by the Commissioner or Commissioner's delegate must not disclose any protected information under section 355–70.
  - All inquiries about authorisations for the purposes of section 355–70 must be directed to the Information Disclosure Team in Serious Non-compliance.

- Determine whether one of the table items in section 355–70 will apply to the proposed disclosure.
  - Ensure that the proposed recipient of the protected information is an entity described in column 2 of the table item that will be relied on.
  - Ensure that the purpose for which the information would be disclosed fits the description of a lawful purpose for disclosure set out in column 3 of the table item that will be relied on.
  - The table items are an exhaustive list of circumstances in which disclosures of protected information may be made under section 355–70. They are not examples. The proposed disclosure must fit one of the table items to be permitted to make a disclosure under section 355–70.
  - The defined terms in section 355–70 must be carefully observed in assessing the application of the table items in that section.

- Comply with any Memorandum of Understanding (MOU) that applies to the proposed disclosure.
  - Identify and comply with any MOU that applies to a proposed disclosure of protected information to a particular recipient. An MOU cannot authorise any disclosure of protected information that is not consistent with the secrecy provisions in taxation law. But it may stipulate agreed conditions for information disclosure, such as timeframes for responding to requests, or agency contacts through which requests and disclosures are to be directed.
  - Refer to the table of MOUs maintained by Corporate Relations, available to tax officers on our intranet.

- Direct any questions about compliance with a particular MOU to the MOU
  manager listed in the MOUs Corporate Relations table available to tax officers on
  our intranet or identified in the MOU itself.

- Obtain senior officer agreement.
  - If a tax officer who proposes to disclose protected information under section 355
    –70 is not the Commissioner, a Second Commissioner, an SES employee or acting
    SES employee of the ATO, they must obtain agreement that the disclosure of
    protected information is covered by the table item in section 355-70 they propose
    to apply, from:
    - the Commissioner
    - a Second Commissioner
    - an SES Employee or acting SES employee of the ATO.

- Senior officer agreement is sought by the Information Disclosure Team, by
  submitting a disclosure checklist on which the statutory criteria for the relevant
  table item are listed and checked off by a member of the Information Disclosure
  Team.
- The senior officer from whom agreement is sought checks that the statutory criteria
  for the particular table item have been satisfied.
- The senior officer electronically signs the checklist to indicate that they agree that
  the proposed disclosure is covered by the table item indicated in the disclosure
  checklist and notifies the Information Disclosure Team that agreement has been
  given.

Last modified: 08 Mar 2016

QC 24421

Provide feedback about this page.

**Our commitment to you**

We are committed to providing you with accurate, consistent and clear information to help you understand your rights and
entitlements and meet your obligations.

If you follow our information and it turns out to be incorrect, or it is misleading and you make a mistake as a result, we will take
that into account when determining what action, if any, we should take.

Some of the information on this website applies to a specific financial year. This is clearly marked. Make sure you have the
information for the right year before making decisions based on that information.

If you feel that our information does not fully cover your circumstances, or you are unsure how it applies to you, contact us or
seek professional advice.

**Copyright notice**

© Australian Taxation Office for the Commonwealth of Australia

You are free to copy, adapt, modify, transmit and distribute this material as you wish (but not in any way that suggests the ATO
or the Commonwealth endorses you or any of your services or products).

# ANNEXURE

# C

**Instructions for filling out a consent judgment/order**

These are instructions to help prepare a consent judgment/order. It is important to complete this form using your own details and based on your own circumstances. If you need more help, get legal advice.

Form 44 (version 3)
UCPR 36.1A

# CONSENT #JUDGMENT #ORDER

Delete the word 'judgment' or 'order' above

## COURT DETAILS

| | |
|---|---|
| Court | Write 'Local Court' |
| #Division | Write 'Small Claims Division' |
| #List | Delete or leave blank |
| Registry | Write the court where the statement of claim was filed |
| Case number | Write the case number from statement of claim |

## TITLE OF PROCEEDINGS This section should be completed with the same details as in the 'TITLE OF PROCEEDINGS' section of the statement of claim form.

| | |
|---|---|
| [First] plaintiff | [name] |
| #Second plaintiff #Number of plaintiffs (if more than two) | |
| [First] defendant | [name] |
| #Second defendant #Number of defendants (if more than two) Delete if there is only one defendant | |

THIS AND THE FOLLOWING ......2..... PAGES IS THE ANNEXURE MARKED........C...........
REFERRED TO IN THE AFFIDAVIT OF _Gordon Thomas Greene_
SWORN AT _Sydney_
THIS ..17.. DAY OF _April_ 2018
BEFORE ME:

Natalie Louise Miller
Justice of the Peace
No 202244

## PREPARATION DETAILS The person who is filling out this form should write their information below

| | |
|---|---|
| Prepared for | [name] [role of party eg plaintiff] Write your name, your role in the case, for example, plaintiff or defendant |
| #Legal representative | [solicitor on record] [firm] Delete or leave blank |
| #Legal representative reference | [reference number] Delete or leave blank |
| Contact name and telephone | [name] [telephone] Write your name and telephone number |
| Contact email | [email address] Write your email address |

## TERMS OF #JUDGMENT #ORDER MADE BY THE COURT BY CONSENT Delete the word 'order'

1    [Write the details of your agreement to settle the case. Include the amount of money to be paid or a description of the goods to be returned, details of any instalment payments and payment of legal costs]

2    [ ]

[See UCPR 36.1A for more information about what can be included in a consent judgment or order.]

**Instructions only.** This is not legal advice.

## Instructions for filling out a consent judgment

These are instructions to help prepare a consent judgment/order. It is important to complete this form using your own details and based on your own circumstances. If you need more help, get legal advice.

### SIGNATURES

| | |
|---|---|
| **[Role of party]** | Write 'Defendant' |

[name] Write your name name, [role of party] Write 'defendant' consents.

| | |
|---|---|
| #Signature of legal representative | Leave blank |
| #Signature of or on behalf of party if not legally represented | The defendant needs to sign here once the form is completed |
| Capacity | [eg solicitor, authorised officer, role of party] Write 'Defendant (or 'Authorised Officer of Defendant if defendant is a company or association.) |
| Date of signature | The defendant needs to write the date they signed the form |

[repeat as required for each party signing] Copy the above section under 'SIGNATURES' for the plaintiff to complete

### SEAL AND SIGNATURE

| | |
|---|---|
| Court seal | Leave blank |
| Signature | Leave blank |
| Capacity | Leave blank |
| Date made or given | Leave blank |
| Date entered | Leave blank |

### NOTICE

Subject to limited exceptions, no variation of a judgment or order can occur except on application made within 14 days after entry of the judgment or order.

**Instructions only.** This is not legal advice.

## Instructions for filling out a consent judgment

These are instructions to help prepare a consent judgment/order. It is important to complete this form using your own details and based on your own circumstances. If you need more help, get legal advice.

[on separate page]

[Include only if more than two plaintiffs and/or more than two defendants and/or any cross-claims.  There is no need to include this page for interlocutory orders.]

**#PARTY DETAILS** Leave this section blank unless there are more than two plaintiffs or defendants, or unless there is a cross-claim

## PLAINTIFF['S][S'] CLAIM

| **Plaintiff[s]** | **Defendant[s]** |
|---|---|
| [name] [role of party eg first plaintiff] | [name] [role of party eg first defendant] |
| [repeat as required for each additional plaintiff] | [repeat as required for each additional defendant] |

## #[FIRST] CROSS-CLAIM

| **Cross-claimant[s]** | **Cross-defendant[s]** |
|---|---|
| [name] [role of party eg first cross-claimant to first cross-claim] | [name] [role of party eg first cross-defendant to first cross-claim] |
| [repeat as required for each additional cross-claimant] | [repeat as required for each additional cross-defendant] |
| [repeat as required for each additional cross-claim] | |

# ANNEXURE

# D

© TimeBase 2018

Uniform Civil Procedure Rules 2005 / Part 36 Judgments and orders / Division 4 Setting aside and variation of judgments / 36.15 General power to set aside judgment or order

### 36.15   General power to set aside judgment or order

(cf DCR Part 13, rule 1, Part 31, rule 12A; LCR Part 11, rule 1, Part 26, rule 3)

(1)   A judgment or order of the court in any proceedings may, on sufficient cause being shown, be set aside by order of the court if the judgment was given or entered, or the order was made, irregularly, illegally or against good faith.

(2)   A judgment or order of the court in any proceedings may be set aside by order of the court if the parties to the proceedings consent.

THIS AND THE FOLLOWING ....0.... PAGES
IS THE ANNEXURE MARKED........D..............
REFERRED TO IN THE AFFIDAVIT
OF ...GORDON  Thomas  GRISUL
SWORN AT.....SIDNEY..............
THIS ...0... DAY OF ....APRIL....... 20 18
BEFORE ME:

......................................................
Natalie Louise Miller
Justice of the Peace
No 202244

# ANNEXURE E

© TimeBase 2018

Limitation Act 1969 / Part 2 Periods of limitation and related matters / Division 5 Trusts / 47 Fraud and conversion; trust property

## 47   Fraud and conversion; trust property

(1)   An action on a cause of action:

  (a)      in respect of fraud or a fraudulent breach of trust, against a person who is, while a trustee, a party or privy to the fraud or the breach of trust or against the person's successor,

  (b)      for a remedy of the conversion to a person's own use of trust property received by the person while a trustee, against that person or against the person's successor,

  (c)      to recover trust property, or property into which trust property can be traced, against a trustee or against any other person, or

  (d)      to recover money on account of a wrongful distribution of trust property, against the person to whom the property is distributed or against the person's successor,

is not maintainable by a trustee of the trust or by a beneficiary under the trust or by a person claiming through a beneficiary under the trust if brought after the expiration of the only or later to expire of such of the following limitation periods as are applicable:

  (e)      a limitation period of twelve years running from the date on which the plaintiff or a person through whom the plaintiff claims first discovers or may with reasonable diligence discover the facts giving rise to the cause of action and that the cause of action has accrued, and

  (f)      the limitation period for the cause of action fixed by or under any provision of this Act other than this section.

(2)   Except in the case of fraud or a fraudulent breach of trust, and except so far as concerns income converted by a trustee to his or her own use or income retained and still held by the trustee or his or her successor at the time when the action is brought, this section does not apply to an action on a cause of action to recover arrears of income.

THIS AND THE FOLLOWING ......2.... PAGES
IS THE ANNEXURE MARKED........E............
REFERRED TO IN THE AFFIDAVIT
OF ... Gordon Thomas Craig
Natalie **Louise** Miller SWORN AT...... Sydney ................
Justice of the Peace THIS ...17... DAY OF ...APRIL...... 20 18
BEFORE ME:

244

# ANNEXURE
# F

Case 9:18-cv-80176-BB   Document 12-1   Entered on FLSD Docket 04/16/2018   Page 76 of 90
Print Legislation | LawOne                                                    Page 1 of 1

76

© TimeBase 2018

Limitation Act 1969 / Part 3 Postponement of the bar / Division 2 Disability, confirmation, fraud and mistake / 55 Fraud and deceit

**55   Fraud and deceit**

(1)   Subject to subsection (3) where:

THIS AND THE FOLLOWING ..Ọ...... PAGES
IS THE ANNEXURE MARKED......F...............
REFERRED TO IN THE AFFIDAVIT
OF ....Gordon Thomas Greene
SWORN AT......Sydney
THIS ...12.. DAY OF ....April..... 20 18
BEFORE ME:
..................................................
Natalie Louise Miller
Justice of the Peace
No 202244

   (a)     there is a cause of action based on fraud or deceit, or

   (b)     a cause of action or the identity of a person against whom a cause of action lies is fraudulently concealed,

the time which elapses after a limitation period fixed by or under this Act for the cause of action commences to run and before the date on which a person having (either solely or with other persons) the cause of action first discovers, or may with reasonable diligence discover, the fraud deceit or concealment, as the case may be, does not count in the reckoning of the limitation period for an action on the cause of action by the person or by a person claiming through the person against a person answerable for the fraud deceit or concealment.

(2)   Subsection (1) has effect whether the limitation period for the cause of action would, but for this section, expire before or after the date mentioned in that subsection.

(3)   For the purposes of subsection (1), a person is answerable for fraud deceit or concealment if, but only if:

   (a)     the person is a party to the fraud deceit or concealment, or

   (b)     the person is, in relation to the cause of action, a successor of a party to the fraud deceit or concealment under a devolution from the party occurring after the date on which the fraud deceit or concealment first occurs.

(4)   Where property is, after the first occurrence of fraud deceit or concealment, purchased for valuable consideration by a person who is not a party to the fraud deceit or concealment and does not, at the time of the purchase, know or have reason to believe that the fraud deceit or concealment has occurred, subsection (1) does not, in relation to that fraud deceit or concealment, apply to a limitation period for a cause of action against the purchaser or a person claiming through the purchaser.

# ANNEXURE

# G

© TimeBase 2018

Uniform Civil Procedure Rules 2005 / Part 11A Service under the Hague Convention

# Part 11A Service under the Hague Convention

## Division 1 Preliminary

**Note 1.**

Natalie Louise Miller
Justice of the Peace
No 202244

THIS AND THE FOLLOWING ....12.... PAGES
IS THE ANNEXURE MARKED........G...............
REFERRED TO IN THE AFFIDAVIT
OF ..GORDON MONAD GRISE..
SWORN AT.....SYDNEY................
THIS ...12... DAY OF ..APRIL........ 2018
BEFORE ME:

This Part forms part of a scheme to implement Australia's obligations under the *Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*. Under the Convention, the Attorney-General's Department of the Commonwealth is designated as the Central Authority (under Article 2 of the Convention) and certain courts and government departments are, for certain purposes, designated as "other" or "additional" authorities (under Article 18 of the Convention).

**Note 2.**

This Part provides (in Division 2) for service in overseas Convention countries of local judicial documents (documents that relate to proceedings in the Court) and (in Division 3) for default judgment in proceedings in the Court after service overseas of such a document. Division 4, on the other hand, deals with service by the Court or arranged by the Court in its role as an other or additional authority, of judicial documents emanating from overseas Convention countries.

**Note 3.**

The Attorney-General's Department of the Commonwealth maintains a copy of the Convention, a list of all Convention countries, details of declarations and objections made under the Convention by each of those countries and the names and addresses of the Central and other authorities of each of those countries. A copy of the Convention can be found at http://www.hcch.net.

## 11A.1   Definitions

In this Part:

***additional authority***, for a Convention country, means an authority that is:

(a)     for the time being designated by that country, under Article 18 of the Hague Convention, to be an authority (other than the Central Authority) for that country, and

(b)     competent to receive requests for service abroad emanating from Australia.

*applicant*, for a request for service abroad or a request for service in this jurisdiction, means the person on whose behalf service is requested.

**Note.**

The term *applicant* may have a different meaning in other Parts of these rules.

*Central Authority*, for a Convention country, means an authority that is for the time being designated by that country, under Article 2 of the Hague Convention, to be the Central Authority for that country.

*certificate of service* means a certificate of service that has been completed for the purposes of Article 6 of the Hague Convention.

*certifying authority*, for a Convention country, means the Central Authority for the country or some other authority that is for the time being designated by the country, under Article 6 of the Hague Convention, to complete certificates of service in the form annexed to the Hague Convention.

*civil proceedings* means any judicial proceedings in relation to civil or commercial matters.

*Convention country* means a country, other than Australia, that is a party to the Hague Convention.

*defendant*, for a request for service abroad of an initiating process, means the person on whom the initiating process is requested to be served.

*foreign judicial document* means a judicial document that originates in a Convention country and that relates to civil proceedings in a court of that country.

*forwarding authority*:

(a)     for a request for service of a foreign judicial document in this jurisdiction—the authority or judicial officer of the Convention country in which the document originates that forwards the request (being an authority or judicial officer that is competent under the law of that country to forward a request for service under Article 3 of the Hague Convention), or

(b)     for a request for service of a local judicial document in a Convention country—the Registrar.

*Hague Convention* means the *Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters* done at the Hague on 15 November 1965.

*initiating process* means any document by which proceedings (including proceedings on any cross-claim or third party notice) are commenced.

*local judicial document* means a judicial document that relates to civil proceedings in the Court.

*Registrar* means the principal registrar of the Court, and includes any other person who, by delegation or otherwise, is authorised to exercise the functions of that office.

*request for service abroad* means a request for service in a Convention country of a local judicial document mentioned in rule 11A.4 (1).

*request for service in this jurisdiction* means a request for service in this jurisdiction of a foreign judicial document mentioned in rule 11A.13 (1).

*the Court* means the Supreme Court.

*this jurisdiction* means New South Wales.

**11A.2   Provisions of this Part to prevail**

The provisions of this Part prevail to the extent of any inconsistency between those provisions and any other provisions of these rules.

# Division 2 Service abroad of local judicial documents

**11A.3   Application of Division**

(1)   Subject to subrule (2), this Division applies to service in a Convention country of a local judicial document.

(2)   This Division does not apply if service of the document is effected, without application of any compulsion, by an Australian diplomatic or consular agent mentioned in Article 8 of the Hague Convention.

**11A.4   Application for request for service abroad**

Print Legislation | LawOne

(1)    A person may apply to the Registrar, in the Registrar's capacity as a forwarding authority, for a request for service in a Convention country of a local judicial document.

(2)    The application must be accompanied by 3 copies of each of the following documents:

    (a)    a draft request for service abroad, which must be in the approved form,

    (b)    the document to be served,

    (c)    a summary of the document to be served, which must be in the approved form,

    (d)    if, under Article 5 of the Hague Convention, the Central Authority or any additional authority of the country to which the request is addressed requires the document to be served to be written in, or translated into, the official language or one of the official languages of that country, a translation into that language of both the document to be served and the summary of the document to be served.

(3)    The application must contain a written undertaking to the Court, signed by the legal practitioner on the record for the applicant in the proceedings to which the local judicial document relates or, if there is no legal practitioner on the record for the applicant in those proceedings, by the applicant:

    (a)    to be personally liable for all costs that are incurred:

        (i)    by the employment of a person to serve the documents to be served, being a person who is qualified to do so under the law of the Convention country in which the documents are to be served, or

        (ii)    by the use of any particular method of service that has been requested by the applicant for the service of the documents to be served, and

    (b)    to pay the amount of those costs to the Registrar within 28 days after receipt from the Registrar of a notice specifying the amount of those costs under rule 11A.6 (3), and

    (c)    to give such security for those costs as the Registrar may require.

(4)    The draft request for service abroad:

    (a)    must be completed (except for signature) by the applicant, and

must state whether (if the time fixed for entering an appearance in the proceedings to which the local judicial document relates expires before service is effected) the applicant wants service to be attempted after the expiry of that time, and

(c)     must be addressed to the Central Authority, or to an additional authority, for the Convention country in which the person is to be served, and

(d)     may state that the applicant requires a certificate of service that is completed by an additional authority to be countersigned by the Central Authority.

(5)    Any translation required under subrule (2) (d) must bear a certificate (in both English and the language used in the translation) signed by the translator stating:

(a)     that the translation is an accurate translation of the documents to be served, and

(b)     the translator's full name and address and his or her qualifications for making the translation.

## 11A.5   How application to be dealt with

(1)    If satisfied that the application and its accompanying documents comply with rule 11A.4, the Registrar:

(a)     must sign the request for service abroad, and

(b)     must forward 2 copies of the relevant documents:

(i)      if the applicant has asked for the request to be forwarded to a nominated additional authority for the Convention country in which service of the document is to be effected—to the nominated additional authority, or

(ii)     in any other case—to the Central Authority for the Convention country in which service of the document is to be effected.

(2)    The *relevant documents* mentioned in subrule (1) (b) are the following:

(a)     the request for service abroad (duly signed),

(b)
(b)      the document to be served,

(c)    the summary of the document to be served,

(d)    if required under rule 11A.4 (2) (d), a translation into the relevant language of each of the documents mentioned in paragraphs (b) and (c).

(3)    If not satisfied that the application or any of its accompanying documents complies with rule 11A.4, the Registrar must inform the applicant of the respects in which the application or document fails to comply.

## 11A.6    Procedure on receipt of certificate of service

(1)    Subject to subrule (5), on receipt of a certificate of service in due form in relation to a local judicial document to which a request for service abroad relates, the Registrar:

(a)    must arrange for the original certificate to be filed in the proceedings to which the document relates, and

(b)    must send a copy of the certificate to:

(i)    the legal practitioner on the record for the applicant in those proceedings, or

(ii)    if there is no legal practitioner on the record for the applicant in those proceedings—the applicant.

(2)    For the purposes of subrule (1), a certificate of service is in due form if:

(a)    it is in the approved form, and

(b)    it has been completed by a certifying authority for the Convention country in which service was requested, and

(c)    if the applicant requires a certificate of service that is completed by an additional authority to be countersigned by the Central Authority, it has been so countersigned.

(3)    On receipt of a statement of costs in due form in relation to the service of a local judicial document mentioned in subrule (1), the Registrar must send to the legal practitioner or applicant who gave the undertaking mentioned in rule 11A.4 (3) a notice specifying the amount of those costs.

(4)   For the purposes of subrule (3), a statement of costs is in due form if:

   (a)      it relates only to costs of a kind mentioned in rule 11A.4 (3) (a), and

   (b)      it has been completed by a certifying authority for the Convention country in which service was requested.

(5)   Subrule (1) does not apply unless:

   (a)      adequate security to cover the costs mentioned in subrule (3) has been given under rule 11A.4 (3) (c), or

   (b)      to the extent to which the security so given is inadequate to cover those costs, an amount equal to the amount by which those costs exceed the security so given has been paid to the Registrar.

## 11A.7   Payment of costs

(1)   On receipt of a notice under rule 11A.6 (3) in relation to the costs of service, the legal practitioner or applicant, as the case may be, must pay to the Registrar the amount specified in the notice as the amount of those costs.

(2)   If the legal practitioner or applicant fails to pay that amount within 28 days after receiving the notice:

   (a)      except by leave of the Court, the applicant may not take any further step in the proceedings to which the local judicial document relates until those costs are paid to the Registrar, and

   (b)      the Registrar may take such steps as are appropriate to enforce the undertaking for payment of those costs.

## 11A.8   Evidence of service

A certificate of service in relation to a local judicial document (being a certificate in due form within the meaning of rule 11A.6 (2)) that certifies that service of the document was effected on a specified date is, in the absence of any evidence to the contrary, sufficient proof that:

   (a)      service of the document was effected by the method specified in the certificate on that date, and

(b)     if that method of service was requested by the applicant, that method is compatible with the law in force in the Convention country in which service was effected.

# Division 3 Default judgment following service abroad of initiating process

## 11A.9   Application of Division

This Division applies to civil proceedings for which an initiating process has been forwarded following a request for service abroad to the Central Authority (or to an additional authority) for a Convention country.

## 11A.10   Restriction on power to enter default judgment if certificate of service filed

(1)   This rule applies if:

(a)     a certificate of service of initiating process has been filed in the proceedings (being a certificate in due form within the meaning of rule 11A.6 (2)) that states that service has been duly effected, and

(b)     the defendant has not appeared or filed a notice of address for service.

(2)   In circumstances to which this rule applies, default judgment may not be given against the defendant unless the Court is satisfied that:

(a)     the initiating process was served on the defendant:

(i)     by a method of service prescribed by the internal law of the Convention country for the service of documents in domestic proceedings on persons who are within its territory, or

(ii)    if the applicant requested a particular method of service (being a method under which the document was actually delivered to the defendant or to his or her residence) and that method is compatible with the law in force in that country, by that method, or

(iii)   if the applicant did not request a particular method of service, in circumstances where the defendant accepted the document voluntarily, and

the initiating process was served in sufficient time to enable the defendant to enter an appearance in the proceedings.

(3)    In subrule (2) (b), *sufficient time* means:

   (a)    42 days from the date specified in the certificate of service in relation to the initiating process as the date on which service of the process was effected, or

   (b)    such lesser time as the Court considers, in the circumstances, to be a sufficient time to enable the defendant to enter an appearance in the proceedings.

## 11A.11    Restriction on power to enter default judgment if certificate of service not filed

(1)    This rule applies if:

   (a)    a certificate of service of initiating process has not been filed in the proceedings, or

   (b)    a certificate of service of initiating process has been filed in the proceedings (being a certificate in due form within the meaning of rule 11A.6 (2)) that states that service has not been effected,

and the defendant has not appeared or filed a notice of address for service.

(2)    If this rule applies, default judgment may not be given against the defendant unless the Court is satisfied that:

   (a)    the initiating process was forwarded to the Central Authority, or to an additional authority, for the Convention country in which service of the initiating process was requested, and

   (b)    a period that is adequate in the circumstances (being a period of not less than 6 months) has elapsed since the date on which initiating process was so forwarded, and

   (c)    every reasonable effort has been made:

      (i)    to obtain a certificate of service from the relevant certifying authority, or

      (b)(ii)    to effect service of the initiating process,

as the case requires.

11A.12   **Setting aside judgment in default of appearance**

(1)   This rule applies if default judgment has been entered against the defendant in proceedings to which this Division applies.

(2)   If this rule applies, the Court may set aside the judgment on the application of the defendant if it is satisfied that the defendant:

   (a)   without any fault on the defendant's part, did not have knowledge of the initiating process in sufficient time to defend the proceedings, and

   (b)   has a prima facie defence to the proceedings on the merits.

(3)   An application to have a judgment set aside under this rule may be filed:

   (a)   at any time within 12 months after the date on which the judgment was given, or

   (b)   after the expiry of that 12-month period, within such time after the defendant acquires knowledge of the judgment as the Court considers reasonable in the circumstances.

(4)   Nothing in this rule affects any other power of the Court to set aside or vary a judgment.

# Division 4 Local service of foreign judicial documents

11A.13   **Application of Division**

(1)   This Division applies to service in this jurisdiction of a foreign judicial document in relation to which a due form of request for service has been forwarded to the Court:

   (a)   by the Attorney-General's Department of the Commonwealth, whether in the first instance or following a referral under rule 11A.14, or

   (b)   by a forwarding authority.

(2)   Subject to subrule (3), a request for service in this jurisdiction is in due form if it is in the approved form and is accompanied by the following documents:

    (a)      the document to be served,

    (b)      a summary of the document to be served, which must be in the approved form,

    (c)      a copy of the request and of each of the documents mentioned in paragraphs (a) and (b),

    (d)      if either of the documents mentioned in paragraphs (a) and (b) is not in the English language, an English translation of the document.

(3)   Any translation required under subrule (2) (d) must bear a certificate (in English) signed by the translator stating:

    (a)      that the translation is an accurate translation of the document, and

    (b)      the translator's full name and address and his or her qualifications for making the translation.

## 11A.14  Certain documents to be referred back to the Attorney-General's Department of the Commonwealth

       If, after receiving a request for service in this jurisdiction, the Registrar is of the opinion:

    (a)      that the request does not comply with rule 11A.13, or

    (b)      that the document to which the request relates is not a foreign judicial document, or

    (c)      that compliance with the request may infringe Australia's sovereignty or security, or

    (d)      that the request seeks service of a document in some other State or Territory of the Commonwealth,

the Registrar must refer the request to the Attorney-General's Department of the Commonwealth together with a statement of his or her opinion.

**Note.**

The Attorney General's Department of the Commonwealth will deal with misdirected and non-compliant requests, make arrangements for the service of extrajudicial documents and assess and decide questions concerning Australia's sovereignty and security.

## 11A.15   Service

(1)   Subject to rule 11A.14, on receipt of a request for service in this jurisdiction, the Court must arrange for the service of the relevant documents in accordance with the request.

(2)   The relevant documents mentioned in subrule (1) are the following:

   (a)     the document to be served,

   (b)     a summary of the document to be served,

   (c)     a copy of the request for service in this jurisdiction,

   (d)     if either of the documents mentioned in paragraphs (a) and (b) is not in the English language, an English translation of the document.

(3)   Service of the relevant documents may be effected by any of the following methods of service:

   (a)     by a method of service prescribed by the law in force in this jurisdiction:

       (i)     for the service of a document of a kind corresponding to the document to be served, or

       (ii)     if there is no such corresponding kind of document, for the service of initiating process in proceedings in the Court,

   (b)     if the applicant has requested a particular method of service and that method is compatible with the law in force in this jurisdiction, by that method,

   (c)     if the applicant has not requested a particular method of service and the person requested to be served accepts the document voluntarily, by delivery of the document to the person requested to be served.

## 11A.16   Affidavit as to service

(1)    If service of a document has been effected pursuant to a request for service in this jurisdiction, the person by whom service has been effected must lodge with the Court an affidavit specifying:

    (a)    the time, day of the week and date on which the document was served, and

    (b)    the place where the document was served, and

    (c)    the method of service, and

    (d)    the person on whom the document was served, and

    (e)    the way in which that person was identified.

(2)    If attempts to serve a document pursuant to a request for service in this jurisdiction have failed, the person by whom service has been attempted must lodge with the Court an affidavit specifying:

    (a)    details of the attempts made to serve the document, and

    (b)    the reasons that have prevented service.

(3)    When an affidavit as to service of a document has been lodged in accordance with this rule, the Registrar:

    (a)    must complete a certificate of service, sealed with the seal of the Court, on the reverse side of, or attached to, the request for service in this jurisdiction, and

    (b)    must forward the certificate of service, together with a statement as to the costs incurred in relation to the service or attempted service of the document, directly to the forwarding authority from which the request was received.

(4)    A certificate of service must be:

    (a)    in the approved form, or

    (b)    if a form of certificate of service that substantially corresponds to the approved form accompanies the request for service, in that accompanying form.