**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman,<br><br>       *Plaintiff,*<br><br>v.<br><br>CRAIG WRIGHT,<br><br>       *Defendant.* | CASE NO.:  9:18-cv-80176-BB |

**JOINT SCHEDULING REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f), Southern District Local Rule 16.1, and this Court's April 17, 2018 Order Requiring Scheduling Report and Certificates of Interested Parties, Plaintiff Ira Kleiman and Defendant Craig Wright submit this Joint Scheduling Report.

Counsel for plaintiff, Velvel (Devin) Freedman, Kyle Roche, Bruce Weil, and Jason Zack of Boies Schiller Flexner LLP, and counsel for defendant, Andres Rivero and Daniel Sox of Rivero Mestre LLP, discussed these issues by telephone on May 2, 2018.

### I.   RULE 26(f) DISCOVERY PLAN

In accordance with the requirements of Federal Rule of Civil Procedure 26(f)(1)-(4), the parties submit the following:

**A.      Rule 26(f)(3)(A): Initial disclosures**

The parties agree that no changes should be made to the form or requirement for disclosures under Rule 26(a)(1).

Dr. Wright is moving to stay discovery during the pendency of his motion to dismiss. [D.E. 12]. For the same reasons that support a stay of discovery during the pendency of his motion to dismiss, Dr. Wright respectfully submits that initial disclosures should be deferred until after the Court has resolved the threshold issues that bar this lawsuit from proceeding, as set forth in the motion to dismiss. [D.E. 12]. Initial disclosures should not be required unless and until there is determination that Plaintiff has alleged a legally sufficient complaint and legally sufficient claims. Dr. Wright would be prejudiced if required to incur the substantial and unnecessary expense of filing initial disclosures relating to a complaint that is legally insufficient and makes legally insufficient allegations spanning 15 years, and involving witnesses and evidence located mostly in Australia, where the Supreme Court of New South Wales rendered two judgments that Plaintiff asks the Court to overturn and relitigate.

The Estate does not agree initial disclosures or discovery should be stayed pending Dr. Wright's motion to dismiss and will oppose any such motion if Dr. Wright files one. In the meantime, there is very little cost and no prejudice to Defendant in providing the limited initial disclosures that the rules of civil procedure

require in almost every case. Failing to provide the limited initial disclosures, however, will prejudice Plaintiff and create case management problems which impede this Court's responsibility to expedite discovery.

**B.    Rule 26(f)(3)(B): The subjects on which discovery may be needed**

**1.    Plaintiff**

Without prejudice to his rights to seek discovery on any relevant issues, Plaintiff contemplates that he will need and seek discovery concerning: the relationship between Dave Kleiman[1] and Craig Wright, including but not limited to, the extent and nature of their partnership and/or collaboration in creating Bitcoin, mining bitcoins, and developing various intellectual properties/trade secrets, and the agreements, understandings, and ownership structure that arose from those collaborations and partnerships; the actions taken by Craig Wright before and after the time Dave Kleiman died to take control over bitcoins and intellectual property belonging to Dave Kleiman's estate and/or W&K Info Defense Research; how Craig Wright has subsequently used and/or saved these assets; and various trusts identified by Craig Wright where Dave Kleiman's bitcoins may be held.

---

[1] Dave Kleiman is the Decedent in this action, and the claims arising in this suit involve allegations over actions Dave Kleiman and Craig Wright took while Dave was alive, and Craig Wright's actions after Dave Kleiman passed away.

**2. Defendant**

Defendant maintains that no discovery is needed in this case, because the law requires the Complaint [D.E. 1] to be dismissed with prejudice, for reasons Dr. Wright has set forth in his pending motion to dismiss. [D.E. 12]. Accordingly, Dr. Wright is moving to stay discovery during the pendency of his motion to dismiss, and respectfully submits that no discovery should occur unless, until, and after the Court has resolved the threshold issues that bar this lawsuit from proceeding. No discovery should occur unless, until, and after there is a determination that Plaintiff has alleged a legally sufficient complaint and legally sufficient claims.

If, after resolution of all Rule 12 grounds for dismissal, this lawsuit were to proceed, and without prejudice to his rights to seek discovery on any relevant issues, Dr. Wright would need and seek discovery on the following issues, among others: Dave Kleiman's involvement and ownership interest in W&K Info Defense and Research LLC ("W&K"); intellectual property purportedly used, created, or owned by Kleiman or W&K; bitcoins purportedly mined or owned by Kleiman or W&K; the estate's possession of devices on which Kleiman or W&K may have stored bitcoins; W&K's consent to judgments entered by the Supreme Court of New South Wales, Australia; Ira Kleiman's purported right to sue on behalf of Dave Kleiman and W&K; and Ira Kleiman's communications with the Australian Tax Office

("ATO"), and his possession and use of confidential information protected by Australian law.

Dr. Wright disagrees with Plaintiff's assertion that discovery, if needed, should include the extent and nature, if any, of Dr. Wright's and Dave Kleiman's collaboration in creating Bitcoin, which is irrelevant to this lawsuit. Plaintiff does not allege any damages proximately resulting from the creation of the Bitcoin protocol or allege that Dr. Wright owed any obligation to Dave Kleiman as a result of Kleiman's collaboration, if any, on that protocol. Rather, plaintiff alleges that Dr. Wright allegedly took wrongful possession of certain bitcoins mined, and intellectual property developed *years after* the Bitcoin protocol was created and launched. Thus, identifying who created or launched the Bitcoin protocol is completely irrelevant to the ultimate issue in this case, i.e., whether Dr. Wright has possession, and is the rightful owner, of bitcoins and intellectual property that Plaintiff claims belonged to Dave Kleiman.

C. **Rule 26(f)(3)(B): When discovery should be completed and whether discovery should be conducted in phases or be limited to or focused on particular issues**

1. **Plaintiff**

This case revolves around cryptocurrency and other technologies established for the very purpose of avoiding disclosure. True to that community, it appears that Dave Kleiman and Defendant kept much of their collaboration hidden from public

view, which makes uncovering relevant evidence more challenging. Defendant has complicated things further by apparently forging documents, contracts, and Dave Kleiman's signatures, to obfuscate the nature of his collaboration and partnership with Dave.

Plaintiff will need to obtain discovery from Defendant and, in no small part due to Defendant's seeming history of forgeries, misrepresentations, and willful deception of courts, will need to have that discovery reviewed by experts to confirm its accuracy and authenticity. Consequently, ESI collection and metadata may feature prominently in this case. The Estate will also need to take discovery from various witnesses, organizations, and companies located in Florida and other U.S. states which is consistent with the Complaint's allegations that the Parties partnered, mined bitcoin, and developed the intellectual properties at the heart of this dispute in Florida, operated their joint business in Florida, and that Defendant committed tortious acts in Florida and against Florida persons.

That said, the Estate may need to obtain discovery from some international jurisdictions, e.g., the United Kingdom, Seychelles, Belize, and Australia – though the Estate believes with Defendant's cooperation and good faith in the discovery process there will not be much need for that. With this in mind, the Parties have agreed this case should be designated on the complex track and discovery should be completed approximately 365 days from the date of this Court's scheduling order.

**2.     Defendant**

Dr. Wright maintains that adjudicating this case in Florida, or anywhere else in the United States, would significantly and unnecessarily delay discovery such that 365 days from a determination that Plaintiff has alleged a legally sufficient complaint and legally sufficient claims would not be enough time to complete discovery. This lawsuit arises from the alleged conduct of an Australian citizen. All of that alleged conduct occurred outside of the United States and primarily in Australia, which is where most, if not all, of the material evidence is located. Discovery in this lawsuit would spawn satellite discovery disputes in Australia over the production of information located there and subject to its privacy laws. Plaintiff's statement that it also would need discovery in other U.S. states, the United Kingdom, Seychelles and Belize only multiplies the likelihood of satellite discovery disputes thousands of miles away from this Court. It is likely that those satellite disputes would delay the completion of discovery well beyond 365 days.

Dr. Wright respectfully requests that the Court consider the proposals he has made in this Joint Conference Report for the fair and efficient adjudication of this lawsuit without regard to Plaintiff's gratuitous accusations of purported "forgeries, misrepresentations, and willful deceptions," which are improper and irrelevant, because Dr. Wright agrees that the parties would need at least 365 days for discovery. While Plaintiff states that such a discovery period would be necessary

because of an alleged "collaboration hidden from public view, which makes uncovering relevant evidence more challenging," and is "further complicated" by gratuitous assertions of fraudulent conduct, the plain fact is that nothing alleged in the complaint occurred in Florida, and discovery would have to be taken all around the world.

The parties do not believe discovery need be conducted in phases or limited/focused on particular issues.

**D. Rule 26(f)(3)(C): Disclosure or discovery of electronically stored information**

The parties are attempting to agree upon various issues concerning discovery and production of electronically stored information. They presently are hopeful that this Court's intervention will not be required, but they reserve their respective rights to seek assistance from the Court if needed.

Dr. Wright anticipates that the intervention of one or more foreign courts, including the Supreme Court of New South Wales, Australia, would be required to resolve issues concerning discovery, including obtaining testimony and production of information, including electronically stored information, if this case where to go forward in this jurisdiction. As demonstrated in the motion to dismiss, Australia (if anywhere) is the only appropriate place for this dispute, and Dr. Wright will not waive any rights afforded him by the laws of any country merely to accommodate

Plaintiff's attempt to litigate his claim here, more than 10,000 miles away from its center of gravity, in a forum where next to none of the evidence is located.

The Estate respectfully disagrees with Defendants repeated narrative that this dispute must be litigated in Australia when the allegations in Plaintiff's complaint demonstrate Dave Kleiman and Craig Wright partnered, mined bitcoin, and developed the intellectual properties at the heart of this dispute in Florida (personally and through a Florida LLC), operated their joint business in Florida, and that the Defendant committed tortious acts in Florida and against Florida persons. The Estate is hopeful Defendant's cooperation and good faith in the discovery process will avoid that the need to litigate before foreign courts, but stands ready to take advantage of various international agreements between the United States and other foreign sovereigns that have been entered into for the very purpose of assisting litigants before United States courts in obtaining evidence from those jurisdictions.

### E.  Rule 26(f)(3)(D): Privilege Issues

The parties agree to use the procedures set forth in Fed. R. Civ. P. Rule 26(b)(5) regarding any claims of privilege or protection for materials asserted as prepared in anticipation of litigation or trial. The parties request that this proposed procedure be adopted in any further orders of this Court concerning discovery.

F.    **Rule 26(f)(3)(E): Changes to limitations on discovery**

The parties do not currently propose any changes to the limitations imposed under the Federal Rules of Civil Procedure.

G.    **SOUTHERN DISTRICT LOCAL RULE 16.1**

   1.   **L.R. 16.1(b)(2)(A) - the likelihood of settlement;**

Settlement is unlikely at this time, but the parties will attempt in good faith to resolve this matter and will notify the Court if they do so.

   2.   **L.R. 16.1(b)(2)(B) - the likelihood of appearance in the action of additional parties;**

Plaintiff anticipates joining W&K Info Defense Research LLC as an additional plaintiff by May 14, 2018.

   3.   **L.R. 16.1(b)(2)(C) – Proposed limits on the time: (i) to join other parties and to amend the pleadings; (ii) to file and hear motions; and (iii) to complete discovery;**

The Parties propose the following pretrial schedules, with the Plaintiff's proposal in the first column and the Defendant's in the second, both based on the complex case management track pursuant to S.D. Fla. L.R. 16.1A.2:

| Plaintiff's Proposed Dates | Defendant's Proposed Dates | Action |
|---|---|---|
| Not applicable because the parties do not consent | Not applicable because the parties do not consent | Consent to trial and final disposition before magistrate |
| May 16, 2018, i.e., the standard deadline imposed by Fed. R. Civ. P. 26(a)(1)(c). | 14 days from the expiration of a stay of discovery during the pendency of motion(s) to dismiss | Parties to provide initial disclosures pursuant to Rule 26(a)(1)(A) |

10

| September 1, 2018 | 60 days from the expiration of a stay of discovery during the pendency of motion(s) to dismiss | All motions to amend pleadings or join parties are filed. |
| --- | --- | --- |
| August 15, 2019 | 65 days before trial | Exchange of Witness Lists |
| February 1, 2019 | 100 days before close of discovery | Parties exchange expert witness summaries or reports. |
| March 15, 2019 | 70 days before close of discovery | Parties exchange rebuttal expert witness summaries or reports. |
| May 15, 2019 | At least 365 days after the expiration of a stay of discovery during the pendency of motion(s) to dismiss | All discovery, including expert discovery, is completed. |
| January 15, 2019 | Within 14 days from the Court's order of referral to mediation | Last Day to Select a Mediator |
| July 15, 2019 | 30 days after close of discovery | Last Day to File Summary Judgment or other dispositive motions |
| May 1, 2019 | 60 days before trial | Parties must have completed mediation and filed a mediation report. |
| June 4, 2019 | 30 days after close of discovery | All pre-trial motions and *Daubert* motions (which include motions to strike experts) are filed. |
| August 3, 2019 | 40 days before trial | Parties submit joint pre-trial stipulation, proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable, and motions *in limine* (other than |

|  |  | *Daubert* motions). |
|---|---|---|
| September 12, 2019 | At least 485 days after the expiration of a stay of discovery during the pendency of motion(s) to dismiss | Trial |

4. **L.R. 16.1(b)(2)(D) -- proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment**

At this time, the parties do not have any proposals for the formulation and simplification of any issues. As the case progresses, they will, in good faith, confer to discuss proposals for the formulation and simplification of issues in this case.

5. **L.R. 16.1(b)(2)(E) -- the necessity or desirability of amendments to the pleadings;**

An amendment to Plaintiff's Complaint will be filed on or before May 14, 2018.

6. **L.R. 16.1(b)(2)(F) the possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence;**

The parties will work together to obtain admissions and stipulations that will avoid unnecessary proof at trial.

7. **L.R. 16.1(b)(2)(G) suggestions for the avoidance of unnecessary proof and of cumulative evidence;**

The parties will work together to obtain admissions and stipulations that will avoid unnecessary proof and presentation of cumulative evidence at trial.

8. **L.R. 16.1(b)(2)(H) suggestions on the advisability of referring matters to a Magistrate Judge or master;**

The parties do not consent to trial by the Magistrate Judge or to the determination of dispositive pre-trial motions by a Magistrate Judge.

9. **L.R. 16.1(b)(2)(I) a preliminary estimate of the time required for trial;**

The parties believe this matter will require more than 10 days of trial.

10. **L.R. 16.1(b)(2)(J) requested date or dates for conferences before trial, a final pretrial conference, and trial;**

The parties believe it is premature to determine whether a pretrial conference will assist the Court and the parties in this case, but will advise the Court of this as soon as practicable.

11. **L.R. 16.1(b)(2)(K) any issues about: (i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; (ii) claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502; and (iii) when the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist;**

The Estate stands ready to discuss, and attempt to agree upon, various issues concerning discovery and production of electronically stored information without

this Court's intervention. Defendant, however, has taken the position that this discussion is premature given his intention to move for a stay of discovery.

Counsel have advised their respective clients of their obligation to preserve electronically stored information and the consequences of failing to preserve this information.

### 12. L.R. 16.1(b)(2)(L) any other information that might be helpful to the Court in setting the case for status or pretrial conference

At this time, the parties are unaware of any other information that might be helpful to the Court in setting the case for status or pretrial conference.

Dated May 11, 2018.

| | |
|---|---|
| *s/ Andres Rivero* | *s/ Velvel (Devin) Freedman* |
| Andres Rivero, Esq. | Velvel (Devin) Freedman, Esq. |
| Florida Bar No. 613819 | Florida Bar No. 99762 |
| Jorge A. Mestre, Esq. | BOIES SCHILLER FLEXNER LLP |
| Florida Bar No. 88145 | 100 SE Second Street, Suite 2800 |
| Alan H. Rolnick, Esq. | Miami, Florida 33131 |
| Florida Bar No. 715085 | Telephone: (305) 539-8400 |
| Daniel Sox, Esq. | Facsimile: (305) 539-1307 |
| Florida Bar No. 108573 | vfreedman@bsfllp.com |
| RIVERO MESTRE LLP | |
| 2525 Ponce de Leon Boulevard, Suite 1000 | |
| Miami, Florida 33134 | Kyle W. Roche, Esq. |
| Telephone: (305) 445-2500 | *Admitted Pro Hac Vice* |
| Facsimile: (305) 445-2505 | BOIES SCHILLER FLEXNER LLP |
| arivero@riveromestre.com | 333 Main Street |
| jmestre@riveromestre.com | Armonk, NY 10504 |
| arolnick@riveromestre.com | Telephone: (914) 749-8200 |
| dsox@riveromestre.com | Facsimile: (914) 749-8300 |
| receptionist@riveromestre.com | kroche@bsfllp.com |
| | |
| *Counsel for Craig Wright* | *Counsel to Plaintiff Ira Kleiman as Personal Representative of the Estate of David Kleiman.* |