# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 18-cv-80176

IRA KLEIMAN,
as personal representative of
the estate of David Kleiman,

      Plaintiff,

v.

CRAIG WRIGHT.

_____/

**DECLARATION OF CRAIG WRIGHT**

      I, Craig Wright, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. I am over the age of 18, and I am competent to testify.

2. I give this declaration based on my personal knowledge.

3. I am a citizen of Australia and Antigua.

4. I reside in London, England.

5. I have never been a citizen of the United States or a resident of Florida.

6. I have been to Florida only once in my life. Specifically, in approximately March 2009, I attended a cyber-security conference in Orlando where I spoke about information security. I was there for approximately seven days. My attendance at that conference was unrelated to Bitcoin, W&K Info Defense Research LLC ("W&K"), or Dave Kleiman.

7. Dave Kleiman was my friend. We first became acquainted in an online forum on cryptography.



8. I only met Dave in person twice. The first time we met in person was at a cyber security conference in San Diego, California before 2009, which I attended as an invited speaker. My attendance at that conference was unrelated to Bitcoin, W&K, or Dave Kleiman. The second and last time I met Dave was when I was in Florida for the Orlando conference in 2009, where I was an invited speaker.

9. I have never been to Dave's home or to any W&K office in Florida or elsewhere.

10. I do not have any assets, property, funds, business interests, or bank accounts in the United States.

11. I have never had an office in Florida.

12. I have never had a license to do business in Florida.

13. I have never advertised services in Florida or to Florida residents.

14. I have never used or accessed hardware located in Florida or anywhere else in the United States to mine or obtain Bitcoin.

15. I have never configured hardware or developed software in Florida or anywhere else in the United States.

16. I have never transferred Bitcoin to or from a trust in Florida or anywhere else in the United States.

17. Documents and information about any Australian Tax Office ("ATO") investigation relating to me are supposed to be located in Australia. I have never authorized the ATO or anyone else to release, leak, or otherwise make public any of the confidential or privileged information, documents, transcripts, or records from any ATO investigation related to me.



18. I have no documents in my possession from any ATO investigation. To the extent that my attorneys have any documents from any ATO investigation related to me, those documents would be located in Australia.

19. The transcripts attached to the amended complaint as exhibits 8 and 12 are not accurate.

20. As far as I know, all potential witnesses relevant to this lawsuit are located outside of Florida, including:

   a. **Hoa Doa,** who is listed in the amended complaint as an ATO official present at an ATO interview held on February 26, 2014. To the best of my knowledge, she is located in Australia;

   b. **Marina Doleviski,** who is listed in the amended complaint as an ATO official present at an ATO interview held on February 18, 2014. As far as I know, she is located in Australia;

   c. **John Chesher,** who was an advisor to me and to a group of companies ultimately owned by Demorgan Ltd., a group of Australian businesses in which I was a founder and a shareholder. To the best of my knowledge, he is located in Sydney, New South Wales, Australia;

   d. **Des McMaster,** who is listed in the amended complaint as an ATO official present at an ATO interview held on February 26, 2014. To the best of my knowledge, he is located in Australia;

   e. **Andrew Miller,** who is listed the amended complaint as an ATO auditor present at an ATO interview held on February 25, 2014. To the best of my knowledge, he is located in Australia;

3



 f. **Uyen Nguyen,** who is listed in the amended complaint as the person who reinstated W&K on March 28, 2018. To the best of my knowledge, she is located in California Vietnam;

 g. **Andrew O'Hagan,** who plaintiff claims has information relating to this action. To the best of my knowledge, he is a Scottish novelist residing in the United Kingdom;

 h. **Alan Pedersen,** who is a manager of Demorgan Ltd. living in Australia;

 i. **Bob Radvanovky,** who plaintiff claims has information relating to this action. To the best of my knowledge, he is located in Illinois;

 j. **Andrew Sommer,** who was my solicitor in Australia and is a partner at the law firm of Clayton Utz. By referring to him here, I do not mean to waive any privilege afforded me by law, including the attorney-client privilege;

 k. **Janifer Trinh,** who is listed in the amended complaint as a bookkeeper present at an ATO interview held on February 25, 2014. To the best of my knowledge, she is located in Australia;

 l. **Ramona Watts,** who is my wife, is located in London, England;

 m. **Ann Wrightson,** who is listed in the amended complaint as a bookkeeper for Demorgan Ltd. To the best of my knowledge, she is located in Australia.

21. As far as I know, businesses (active and inactive) relevant to this lawsuit are located outside of the United States, including:

 a. **C01n Pty. Ltd.,** Australian company number 152 222 421, an Australia company registered in New South Wales. To the best of my knowledge, its books and records are in Australia;



   b. **Cloudcroft Pty. Ltd.**, Australian company number 149 732 365, an Australia company registered in New South Wales. To the best of my knowledge, its books and records are in Australia;

   c. **Coin-Exch Pty. Ltd.**, Australian company number 163 338 467, an Australia company registered in New South Wales. It is under external administration. To the best of my knowledge, its books and records are in Australia;

   d. **Demorgan Ltd.**, Australian company number 601 560 525, an Australia company registered in Queensland, Australia. To the best of my knowledge, its books and records are in Australia;

   e. **Hotwire Preemptive Intelligence Pty. Ltd.**, Australian company number 164 068 348, an Australia company registered in New South Wales and deregistered in 2017. To the best of my knowledge, its books and records are in Australia;

   f. **Panopticrypt Pty. Ltd.**, Australian company number 151 567 118, is an Australian company registered in New South Wales. To the best of my knowledge, its books and records are in Australian; and

   g. **Pholus Pty. Ltd.**, Australian company number 165 472 079, is an Australia company registered in New South Wales. To the best of my knowledge, its books and records are in Australia.

22. I do not store any digital or paper records, files, or documents in the United States.

23. As a citizen of New South Wales, Australia, I am amenable to service of process for litigation there.



I declare that the foregoing is true and correct under penalty of perjury and in accordance with the laws of the United States of America.

This sworn declaration was signed in ___UK___ on June 06, 2018.

*[signature]*

Craig Wright
Identification Number: N 2511456