# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil Action No. 18-cv-80176-BLOOM-Hopkins

IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC

    *Plaintiffs,*

vs.

CRAIG WRIGHT,

    *Defendant.*

## PLAINTIFFS' RULE 26 (A)(1) INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and the Court's March 11, 2018 order setting, Plaintiffs Ira Kleiman as personal representative of the estate of David Kleiman, and W&K Info Defense Research, LLC ("W&K") provide the following initial disclosures:

### PRELIMINARY STATEMENT

These disclosures are based upon information available to Plaintiffs as of the date of this document. By making these disclosures, Plaintiffs do not represent they are identifying each and every document, individual, or other evidence they may use in support of their claims. Rather, Plaintiffs have made a good faith effort to gather and provide information subject to disclosure under Rule 26(a)(1) and Plaintiff reserves the right to supplement or modify these disclosures as additional information is discovered.

These disclosures are also not intended to waive any right to object to the production of any document or tangible thing disclosed on the basis of any privilege, work-product doctrine, relevancy, undue burden, or any other valid objection. No incidental or implied admissions are intended by the disclosures herein.

A.  **Individuals Plaintiffs may use to support their claims (Fed. R. Civ. P. 26(a)(1)(A)(i))**

Plaintiffs' investigation is ongoing and Plaintiff reserves the right to supplement the list of individuals disclosed below. Plaintiff provides the name and, if known, the address and telephone number of each individual likely to have discoverable information that Plaintiff may use to support his claims or defenses, unless solely for impeachment, identifying the subjects of the information, as follows:

1. **Ira Kleiman, Plaintiff.** Ira Kleiman possesses information related to Craig Wright ("Craig") and David Kleiman's ("Dave") collaboration on creating Bitcoin, mining bitcoins, and developing valuable intellectual property, as well as Craig's subsequent theft of these assets. Mr. Kleiman may be contacted through undersigned counsel.

2. **Craig Wright, Defendant.** Craig possesses information related to the relationship between himself, Dave, and W&K, including the extent and nature of Dave and Craig's partnership and collaboration in creating Bitcoin, mining bitcoins, and developing various valuable intellectual properties/trade secrets, and the agreements understandings, and ownership structure that arose from those collaborations and partnerships; the actions taken by Craig before and after the time Dave died to take control over bitcoins, intellectual property, and trade secrets belonging to Dave's estate and/or W&K; how Craig has subsequently used and/or saved these assets; and various trusts identified by Craig where Dave's bitcoins may be held; and the actual and constructive fraud perpetuated by Craig against Plaintiffs. Craig may be contacted care of his counsel.

3. **Patrick Paige**. Mr. Page possesses information related to Craig and Dave's collaboration in creating Bitcoin, mining bitcoins, and Craig's use of intellectual property developed by Dave. Mr. Paige's office is located at 933 S. Military Trl., Suite E8, West Palm Beach,

Florida 33415. His phone number is 561.404.3074.

4. **Uyen Nguyen**. Ms. Nguyen possesses information related to the relationship between Craig, Dave, and W&K, including the extent and nature of their partnership and collaboration in creating Bitcoin, mining bitcoins, and developing various valuable intellectual properties/trade secrets, and the agreements understandings, and ownership structure that arose from those collaborations and partnerships; the actions taken by Craig before and after Dave died to take control over bitcoins, intellectual property, and trade secrets belonging to Dave's estate and/or W&K; how Craig has subsequently used and/or saved these assets; and various trusts identified by Craig where Dave's bitcoins may be held. The undersigned is not currently aware of Ms. Nguyen's whereabouts, but Defendant indicated she's located in California. (DE 12-2 at 4).

5. **Andrew O'Hagan**. Mr. O'Hagan possesses information related to the relationship between Craig, Dave, and W&K, including the extent and nature of their partnership and collaboration in creating Bitcoin, mining bitcoins, and developing various valuable intellectual properties/trade secrets. The undersigned is not currently aware of Mr. O'Hagan's contact information.

6. **Ramona Watts.** Ms. Watts is Defendant's wife and possesses information related to the relationship between Craig, Dave, & W&K, including the extent and nature of their partnership and collaboration in creating Bitcoin, mining bitcoins, and developing various valuable intellectual properties/trade secrets, and the agreements understandings, and ownership structure that arose from those collaborations and partnerships; the actions taken by Craig before and after the time Dave died to take control over bitcoins, intellectual property, and trade secrets belonging to Dave's estate and/or W&K; how Craig has

subsequently used and/or saved these assets; and various trusts identified by Craig where Dave's bitcoins may be held; and the actual and constructive fraud perpetuated by Craig against Plaintiffs. Ms. Watts can be contacted at 21 Harebell Hill, Cobham, Surrey, KT11 2RS, England.

7. **Bob Radvanovky.** Mr. Radvanovsky possess information related to the formation and purpose of W&K. Counsel believes Mr. Radvanovky's phone number is 630-673-7740.

B.   **Documents in Plaintiff's Custody, Possession or Control that May Be Used to Support His Claims (Fed. R. Civ. P. 26(a)(1)(A)(ii))**

Plaintiffs' investigation is ongoing and Plaintiffs reserves the right to supplement the list of categories disclosed below. Plaintiffs provides the following description by category and location (Plaintiffs' counsel's office) of all documents, data compilations, and tangible things in their possession, custody, or control that they may use to support their claims or defenses, unless solely for impeachment as follows:

1. Documentation Plaintiffs attached to the complaint and amended complaint filed in this action;
2. Documentation received from the court of New South Wales relating to Craig and Plaintiffs' bitcoins, relationship, intellectual property, trade secrets, and Craig's claims and actions related to them;
3. Documentation received from the Australian Tax Office relating to Craig and Plaintiffs' bitcoins, relationship, intellectual property, trade secrets, and Craig's claims and actions related to them;
4. Documentation received from Craig.

C.   **Damages (Fed. R. Civ. P. 26(a)(1)(A)(iii))**

Plaintiffs' investigation is ongoing and Plaintiffs reserve the right to supplement the information provided concerning damages. As set forth in the Amended Complaint, Plaintiffs have suffered significant damages in the form of Craig having stolen their bitcoins and intellectual property rights. During the time these assets were, and are, held by Craig, they have been worth

between ~$201,728,340.04 and more than $27,332,125,781.68, before punitive or treble damages and exclusive of attorney's fees and costs. Plaintiffs have also been damaged as a result of Craig's actual and constructive fraud, but have not yet calculated the precise amount of those damages. Plaintiffs have not yet identified an expert or experts to be called to testify as to damages at trial and to assist in the calculation of the amount of damages Plaintiff will seek at trial.  As discovery in this matter has not yet commenced, Plaintiffs will supplement this initial disclosure statement with any additional information uncovered regarding damages.

**D.**     **Insurance Agreements (Fed. R. Civ. P. 26(a)(1)(A)(iv))**

Plaintiffs are not aware of any insurance agreement under which any insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**E.**     **Reservation of Rights**

Discovery is ongoing.  Plaintiffs reserve:  (a) their right to supplement any information in this disclosure; (b) all objections to the admissibility of documents and/or witnesses disclosed by any party; and (c) their right to use as evidence any documents and/or witness testimony disclosed by any party or filed in this action.

Dated: May 25, 2018.                                    Respectfully submitted,

*s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman, Esq.
BOIES SCHILLER FLEXNER LLP
100 SE Second Street, Suite 2800
Miami, Florida  33131
Telephone:  (305) 539-8400
Facsimile:  (305) 539-1307
vfreedman@bsfllp.com

Kyle W. Roche, Esq.
*Admitted Pro Hac Vice*
BOIES SCHILLER FLEXNER LLP
333 Main Street

Armonk, NY10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300
kroche@bsfllp.com

*Counsel to Plaintiff Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on May 25, 2018, a true and correct copy of the foregoing was served on all counsel of record identified on the Service List below via e-mail:

Andres Rivero, Esq.
Jorge A. Mester, Esq.
Alan H. Rolnick, Esq.
Daniel Sox, Esq.
RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard
Suite 1000
Coral Gables, FL 33134
305-445-2500
(305) 445-2505 (fax)
arivero@riveromestre.com
jmestre@riveromestre.com
arolnick@riveromestre.com
dsox@riveromestre.com
receptionist@riveromestre.com

*/s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman