<div align="center">

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 18-cv-80176**

</div>

IRA KLEIMAN,
as personal representative of
the estate of David Kleiman,

    plaintiff,

v.

CRAIG WRIGHT.
_____/

<div align="center">

**DEFENDANT'S MOTION TO STAY DISCOVERY**
**PENDING RESOLUTION OF MOTION TO DISMISS**

</div>

    Defendant Craig Wright moves to stay discovery pending resolution of the Motion to Dismiss the Amended Complaint [D.E. 33] on numerous grounds that would dispose of this action entirely, including lack of standing, res judicata, lack of personal jurisdiction, failure to state legally sufficient claims, running of the statute of limitations on all counts, international abstention, and forum non conveniens. Any of these grounds would support staying discovery under well-settled Circuit law until the Motion to Dismiss is resolved. A stay of discovery is warranted to avoid squandering party and judicial resources on premature discovery in an ill-founded lawsuit that never should have been filed in this country, state, or Court. *E.g., Chevaldina v. Katz*, 2017 WL 6372620, at *3 (S.D. Fla. 2017) ("Defendants should not be required to suffer monetary burdens or expenses when it appears that Plaintiff's claims may fail for several reasons as a matter of law," including lack of personal jurisdiction and res judicata); *Torongo v. Robert G. Roy, D.V.M., M.S., P.A.*, 2016 WL 10706286, at *1 (S.D. Fla. 2016) (discovery stayed where motion to dismiss challenged standing and failure to state a claim); *Khan v. Bankunited, Inc.*, 2016 WL 4718156, at *1 (M.D. Fla. 2016) (discovery stayed where

motion to dismiss challenged "the sufficiency of each claim and the assertion of personal jurisdiction over the individual defendants").

Plaintiff[1] will not be prejudiced by the requested stay of discovery. He waited more than three months to seek discovery after filing this action, until *after* Dr. Wright briefed and filed the motion to dismiss the original complaint, which forced Plaintiff to amend his complaint and try again to state legally sufficient, justiciable claims. Sitting on his hands until the first motion to dismiss was pending demonstrated the complete lack of urgency to Plaintiff's discovery requests, which were served just weeks ago. *See* Plaintiff's Request for Production, attached here as Exhibit A.

Moreover, Plaintiff waited over four years to file this action, has no personal knowledge of its material allegations, and filed it in a forum in which neither the defendant, nor any potential witnesses, nor any material evidence can be found. All are located outside of the United States, primarily in Australia. Like the original complaint, the amended complaint concedes this fact by making its central focus an attack on the validity of two judgments rendered in 2013 by the Supreme Court of New South Wales, Australia (the "Australian Judgments"). That attack violates the basic rule that a court which allegedly was defrauded is the court that gets to decide whether it was defrauded. In short, it would be dramatically unfair to prematurely allow intrusive and wasteful, international discovery here, because this action is due to be dismissed.

---

[1] Ira Kleiman is the real-party-in-interest plaintiff ("Plaintiff") here. He is Dave Kleiman's brother and the personal representative of his estate (AC ¶ 49) and recently reincorporated W&K Info Defense and Research LLC (naming himself its managing member) to use it as a nominal plaintiff in this action. *See* http://search.sunbiz.org/Inquiry/CorporationSearch/GetDocument?aggregateId=flal-l11000019904-dce79b55-176a-4442-93a7-3c8896316aa2&transactionId=l11000019904-re-42d2ae10-fbd1-4902-8f7e-f57e746413cf&formatType=PDF

**ARGUMENT**

The motion to dismiss the amended complaint, filed Friday, June 15, 2018, demonstrates that Plaintiff's claims should be dismissed for lack of standing, res judicata, lack of personal jurisdiction, failure to state legally sufficient claims, running of the statute of limitations on all counts, forum non conveniens, and international abstention. Any of them would support staying discovery. Taken together, they make plain that discovery should be stayed during the pendency of the motion to dismiss.

> **A.  The Court Has Authority to Stay the Burdensome Discovery Requested by Plaintiffs Pending Resolution of the Motion to Dismiss**

More than twenty years ago, the Eleventh Circuit stated that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366-67 (11th Cir. 1997); *accord Redford v. Gwinnett Cnty. Jud. Circuit*, 350 Fed. Appx. 341, 346 (11th Cir. 2009) (affirming stay of discovery "pending resolution of defendants' motion to dismiss"). "Given the strong policy and practical reasons for determining whether a complaint states a viable claim for relief before the parties engage in discovery, the Eleventh Circuit has 'instructed' that it is appropriate to delay discovery until the district court determines that there is a cognizable cause of action asserted in the complaint." *Zinn v. SCI Funeral Services of Florida, Inc.*, 2013 WL 12080175, at *2 (S.D. Fla. 2013).

Motions such as this are regularly and routinely granted upon a showing of "good cause and reasonableness," *Pierce v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 12528362, at *1 (S.D. Fla. 2014), after a court's "brief glance" or "preliminary peek" confirms that the motion to dismiss is "perhaps meritorious." *Pereira v. Regions Bank*, 2012 WL 5448191, at *1 (M.D. Fla. 2012) ("brief glance" confirmed "the motion is dispositive and perhaps meritorious"); *Borislow*

3

*v. Canaccord Genuity Grp., Inc.*, 2014 WL 12580035, at *1 (S.D. Fla. 2014) ("preliminary peek" . . . [left the court concerned that Plaintiff's . . . claim may be legally insufficient"); *accord Moore v. Shands Jacksonville Med. Ctr., Inc.*, 2009 WL 4899400, at *1 (M.D. Fla. 2009).

That good cause exists for a stay of discovery here also is demonstrated by Plaintiff's broad and sweeping requests for production of documents, which would impose an undue burden on Dr. Wright, who would be forced to lose income and incur burdensome expenses searching for responsive documents, including the likely expense of hiring third-party vendors to search the globe for "all documents, agreements, and communications" relating to communications and relationships going back almost a decade. *See Wilson v. Everbank, N.A.*, 2014 WL 12774848, at *3 (S.D. Fla. Nov. 18, 2014) (ordering a stay of discovery where defendant lacked in-house resources to identify and capture the requested information and needed to hire a third-party vendor and outside counsel to review and process that information); Pl. Req. Prod. (attached as Ex. A).

Moreover, as the Eleventh Circuit has recognized, finding responsive documents is only part of the expense and burden of responding to premature discovery requests, which also includes "the costs of copying and shipping documents; and the attorneys' fees generated in interpreting discovery requests, drafting responses to interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).

**B.     The Amended Complaint and Grounds for Dismissal**

We briefly summarize below certain relevant factual allegations and grounds for dismissal that are briefed in the motion to dismiss. Defendant Craig Wright is an Australian

4

citizen living in London. AC [D.E. 24] ¶¶ 3, 50. Dr. Wright has visited Florida once in his life, four years before any of the events alleged in the amended complaint, for purposes unrelated to any of those events. *See* Motion [D.E. 33] at 33-36; Ex. C [D.E. 33-3] ¶¶ 5-9, 11-16.

Plaintiff Ira Kleiman is the late Dave Kleiman's brother and personal representative of his estate. AC ¶ 13. He alleges that before Dave Kleiman died in April 2013, Dr. Wright and Dave Kleiman were involved in the creation of Bitcoin[2] (*id*. ¶ 156), and they mined bitcoins and created intellectual property through some sort of oral "partnership" (*id*. ¶ 67) (quotation in original), which is barred by the statute of frauds, and then subsequently through plaintiff W&K Info Defense Research LLC ("W&K"). *Id*. ¶ 68.

This action arises from Plaintiff's claim that, after Dave Kleiman's death, Dr. Wright wrongfully retained bitcoins and obtained rights to intellectual property purportedly belonging to Dave Kleiman, W&K, or both. The alleged bitcoins purportedly were held by Dave Kleiman and Dr. Wright in trusts outside of the United States. AC ¶¶ 84, 93. Plaintiff claims that since Dave Kleiman's death, Dr. Wright wrongfully has (1) retained control of the bitcoins, and (2) secured rights to the intellectual property by defrauding the Supreme Court of New South Wales, which entered two judgments against W&K finding that Dr. Wright is the rightful owner of that intellectual property. *Id*. ¶ 12, 96; Ex. 22 at 5, 8.

The amended complaint admits that Dave Kleiman kept his involvement in Bitcoin and the intellectual property a secret from his family, including his brother Ira, the personal representative of his estate. AC ¶¶ 12, 181. In fact, it admits that Plaintiff learned about Dave Kleiman's involvement in Bitcoin *from Dr. Wright*, who emailed condolences to Dave's father

---

[2] We adopt the complaint's use of the term "Bitcoin" to refer to "the protocol, software, and community," and the term "bitcoins" to refer to the "units of exchange." AC ¶ 7 n. 1.

after Dave's death, and told him that Dave might have left a legacy in the form of bitcoins on hard drives held by the estate. *Id.* ¶ 133, Ex. 23 at 2. Although Ira Kleiman has (or had) those hard drives, his late brother apparently did not leave him the passcodes needed to access any bitcoins. *Id.* Ex. 24 at 8-9, 12, 20. When he evidently failed to access his deceased brother's bitcoins, he trained his sights on Dr. Wright.

The amended complaint alleges no Florida-based witnesses or documents and relies almost exclusively on hearsay from tabloids purporting to provide unlawful leaks of confidential Australian Tax Office ("ATO") transcripts, and stolen or hacked emails, Australian legal documents, including the Australian Judgments, and contracts choosing Australian law and requiring any disputes to be heard in the courts of New South Wales, Australia. *See* AC ¶¶ 75, 79, 82-84, 91, 96-97, 110, 123, 131-32, 141-42, 144, 149, 205, 212; Exs. 4-5, 9-13, 15, 18-19, 22, 26-28, 30, 33. The Australian legal documents and witness testimony cannot be obtained by legal process in the United States, which requires dismissal on grounds of forum non conveniens and international comity. *See* Motion [D.E. 12] at 22-23, 32-33; Ex. A (Affidavit of Legal Expert G. Grieve) ¶¶ 7-29. This case should not have been filed here, and discovery should be stayed during the pendency of the motion to dismiss.

### C. The Court Should Stay Discovery Because the Motion to Dismiss is Meritorious and Potentially Dispositive

The seven independent grounds for dismissal—lack of standing, res judicata, lack of personal jurisdiction, failure to state legally sufficient claims, the running of the statute of limitations on all counts, international abstention, and forum non conveniens—that are presented by the motion to dismiss will dispose of this case entirely, making a stay of discovery appropriate, especially in a case where the relevant documents and witnesses are located 10,000 miles away. *Motion* [D.E. 33] at 22-23. Below, Dr. Wright summarizes the grounds for his

motion to dismiss, which support a stay of discovery until it is resolved.

### 1. *The Court Should Stay Discovery Because Plaintiff Lacks Standing*

Premature discovery regularly is stayed where a motion to dismiss presents a well-founded challenge to standing, even though the "ultimate result [of the motion] could . . . conceivably go either way." *Zamber v. Am. Airlines, Inc.*, 2017 WL 5202748, at *5 (S.D. Fla. 2017); *Torongo v. Robert G. Roy, D.V.M., M.S., P.A.*, 2016 WL 10706286, at *1 (S.D. Fla. 2016) (discovery stay granted where motion to dismiss challenged standing and legal sufficiency of claims, because "[s]uch a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true"); *Latell v. Triano*, 2014 WL 12616971, at *2 (M.D. Fla. Oct. 16, 2014) (motion to dismiss challenged subject matter jurisdiction, personal jurisdiction and failure to state a claim; delaying discovery "until the Court rules on whether it has jurisdiction and Plaintiffs have stated a viable cause of action will cause Plaintiffs little harm.").

Plaintiff Ira Kleiman lacks standing for two distinct reasons. *See* Motion [D.E. 33 at 12-15]. First, for the time period after February 2011, the amended complaint makes clear that Dave Kleiman's alleged business relationship was conducted through W&K. AC ¶ 68. Second, for the time period before February 2011, Plaintiff fails to plausibly allege an oral partnership between Dr. Wright and Dave Kleiman that would support his standing to sue, and any agreement establishing such a partnership would be barred by the statute of frauds. W&K lacks standing because the amended complaint undermines Plaintiff's authority to act unilaterally to cause W&K to sue Dr. Wright, and fails to allege a derivate claim on W&K's behalf. *See* Motion [D.E. 33] at 15.

7

### 2. *The Court Should Stay Discovery Because Plaintiff's Claims Are Barred by Res Judicata*

The doctrine of res judicata is "designed to promote judicial efficiency and systemic consistency." *In re All Am. Semiconductor, Inc.*, 427 B.R. 559, 565 (Bankr. S.D. Fla. 2010). So, too, is a stay of discovery during the pendency of a motion to dismiss. A res judicata challenge to the amended complaint supports the stay requested here. *Chevaldina v. Katz*, 2017 WL 6372620, at \*3 (S.D. Fla. 2017) ("[W]e agree that Defendants should not be required to suffer monetary burdens or expenses when it appears that Plaintiff's claims may fail for several reasons as a matter of law." Those reasons included res judicata and lack of personal jurisdiction.).

The motion to dismiss demonstrates that Plaintiff's otherwise legally insufficient claims regarding purported bitcoins and intellectual property already were decided in the Australian Judgments and are precluded by those judgments. *See* Motion [D.E. 33 at 16-19]. Those claims were decided in 2013 by the Supreme Court of New South Wales, in two final judgments entered on the same question purported to be raised by the amended complaint here—whether Dr. Wright or W&K is the rightful owner of certain intellectual property. The Australian Judgments answered that question in Dr. Wright's favor and preclude relitigating it here. Dr. Wright should not be prejudiced by the extraordinarily burdensome task of conducting discovery 10,000 miles away, unless and until Plaintiff states legally sufficient claims, which the amended complaint fails to do.

### 3. *The Court Should Stay Discovery Because There is No Personal Jurisdiction Over Dr. Wright in Florida*

A stay of discovery should be granted where, as here, Plaintiff failed to allege facts that could support personal jurisdiction over a nonresident defendant. *See Latell v. Triano*, 2014 WL 5822663, at \*1 (M.D. Fla. 2014) (stay of discovery granted during pendency of "likely

meritorious facial challenge" to complaint, in motion to dismiss for lack of standing and lack of personal jurisdiction); *Khan v. Bankunited, Inc.*, 2016 WL 4718156, at *1 (M.D. Fla. 2016) (stay of discovery granted where motion to dismiss challenged "the sufficiency of each claim and the assertion of personal jurisdiction over the individual defendants"); Motion [D.E. 33] at 34-36. The amended complaint is Plaintiff's second legally insufficient attempt to establish personal jurisdiction over Dr. Wright.

Plaintiff did not (and could not) adequately allege specific personal jurisdiction over Dr. Wright under Fla. Stat. §§ 48.193(1)(a)(1), (2), and (6). *Cf.* AC ¶ 6. To establish personal jurisdiction under Fla. Stat. § 48.193(1)(a)(1), Plaintiff was required to allege that Dr. Wright committed a wrongful act in the course of "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state." Plaintiff attempted to satisfy that burden by alleging that Dr. Wright worked on certain information technology projects, mined bitcoin, and developed intellectual property with Dave Kleiman and W&K. AC ¶¶ 64-66. Those allegations fail to demonstrate personal jurisdiction over Dr. Wright because Plaintiff did not and could not allege that Dr. Wright performed any of those acts "in this state," Fla. Stat. § 48.193(1)(a)(1), or even in the United States. Moreover, Plaintiff's claims for relief do not "arise from" any alleged work by Dr. Wright on information technology projects, the mining of bitcoin, or the development of intellectual property with Plaintiff. Rather, their claims depend on allegations that, after Dave Kleiman's death, Dr. Wright wrongfully obtained or retained (1) bitcoins that Dave Kleiman, W&K, or both held in trusts with Dr. Wright outside of the United States, or the private keys needed to use or control those bitcoins, which Dave Kleiman allegedly provided to Dr. Wright (AC ¶¶ 93-95), and (2) the rights to intellectual property that Dr. Wright supposedly acquired by committing a fraud on the Supreme Court of

9

New South Wales, Australia, which issued two judgments against W&K finding that that Dr. Wright is the rightful owner of the intellectual property. *Id.* ¶ 130, Ex. 19. None of those allegations describe acts taken by Dr. Wright in Florida, let alone acts taken in the course of operating, engaging in, or carrying on any business in Florida. Thus, Plaintiff has (for the second time) failed to establish personal jurisdiction under Fla. Stat. § 48.193(1)(a)(1).

Similarly, the amended complaint fails to allege that Dr. Wright "[c]ommitt[ed] a tortious act within this state" under Fla. Stat. § 48.193(1)(a)(2), because every purported wrongful act was alleged to have been committed outside Florida, and there was no allegation (nor could there have been) that Dr. Wright committed any element of an alleged tort in Florida, let alone a "substantial aspect" that was "essential to the success of the tort." *E.g.*, *Live Face on Web, LLC v. Tweople, Inc.*, 2014 WL 12611357, at *2 (M.D. Fla. 2014) (citing *Cable/Home Commc'ns Corp. v. Network Prods., Inc.*, 902 F.2d 829, 857 (11th Cir. 1990)). Plaintiff did not and could not allege that Dave Kleiman ever gave Dr. Wright bitcoins or the private keys needed to use them in the United States, that Dr. Wright is holding the bitcoins or the private keys in the United States, or that Dr. Wright did anything in Florida to obtain the intellectual property. On the contrary, they claim that Dr. Wright was holding the bitcoins in foreign trusts and that he obtained the rights to the intellectual property by committing a fraud on the Supreme Court of New South Wales in Australia. AC ¶¶ 84-88, 91-93, 130, Ex. 11. Thus, Plaintiff did not and cannot establish personal jurisdiction under Fla. Stat. § 48.193(1)(a)(2).

Finally, Plaintiff did not and could not establish personal jurisdiction under Fla. Stat. § 48.193(1)(a)(6), because Plaintiff (1) did not sue for physical injury to persons or property, and (2) did not allege that Dr. Wright caused personal injury or physical property damage while "engaged in solicitation or service activities within this state." *RMS Titanic, Inc. v. Kingsmen*

*Creatives, Ltd.*, 2013 WL 12091142, at *4 (M.D. Fla. 2013), *aff'd,* 579 F. App'x 779 (11th Cir. 2014) (Fla. Stat. § 48.193(1)(a)(6) does not apply when the plaintiff alleges "only economic loss unaccompanied by personal injury or physical property damage.")

Consequently, as in *Latell* and *Khan, supra,* discovery should be stayed during the pendency of Dr. Wright's Motion to Dismiss for lack of personal jurisdiction.

### 4. The Court Should Stay Discovery Because the Amended Complaint Fails to State Any Claims Upon Which Relief Could be Granted

The motion to dismiss demonstrates that in addition to the fatal flaws discussed above, every count of the amended complaint is due to be dismissed for failure to state a claim. *See* Motion [D.E. 33] at 40-50. Discovery frequently is stayed during the pendency of motion to dismiss, where that motion raises "meritorious challenges to the legal sufficiency of the complaint in its entirety." *Moore v. Shands Jacksonville Med. Ctr., Inc.*, 2009 WL 4899400, at *1 (M.D. Fla. Dec. 11, 2009); *accord Torongo v. Robert G. Roy, D.V.M., M.S., P.A.,* 2016 WL 10706286, at *1 (S.D. Fla. 2016); *Khan v. Bankunited, Inc.*, 2016 WL 4718156, at *1 (M.D. Fla. 2016); (*Latell v. Triano*, 2014 WL 12616971, at *2 (M.D. Fla. 2014); *Tradex Glob. Master Fund SPC Ltd. v. Palm Beach Capital Mgmt., LLC*, 2009 WL 10664410, at *1 (S.D. Fla. 2009).

That amended complaint is due to be dismissed for failure to state legally cognizable claims on a number of grounds, including its failure to allege a coherent or justiciable basis for relief (Motion at 40-47), its failure to specifically identify any bitcoins that purportedly were Dave Kleiman's (*id*. at 47-49), and its failure to adequately allege the existence of a fiduciary relationship. *Id*. at 49-50. Thus, the amended complaint failed to allege any claim with legal sufficiency, and discovery should be stayed until the Court decides the Motion to Dismiss.

### *5. The Court Should Stay Discovery Because Plaintiff's Allegations Demonstrate that All His Claims are Time Barred*

Discovery frequently is stayed pending the resolution of a motion to dismiss based on facial challenges to a complaint. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367; *Moore v. Shands Jacksonville Med. Ctr., Inc.*, 2009 WL 4899400, at *1 (M.D. Fla. Dec. 11, 2009). Accepting the facts of the amended complaint as alleged, Plaintiff's claims are all time-barred because they are all subject to either a three or four-year statute of limitations period, Plaintiff filed the original complaint in February 2018, and he admits that his claims accrued almost five years ago, in April 2013. *See* Motion at 36-40.

### *6. The Court Should Stay Discovery Because the Doctrines of Forum Non Conveniens and International Comity Require Dismissing this Case*

Even if the amended complaint had established Plaintiff's standing and personal jurisdiction over Dr. Wright, stated a claim with legal sufficiency, and was not time barred and barred by the res judicata effect of the Australian Judgments, the relevant factors still would require dismissing this case on grounds of forum non conveniens and international comity, foreclosing the possibility that premature (or any) discovery could do anything but squander judicial and party resources. *See* Motion at 20-34. Plaintiff would not be prejudiced by a stay of discovery while the Motion to Dismiss is pending and invited both by filing this case here even though this forum is not convenient for the Court, Dr. Wright, the witnesses, or even Plaintiff himself.

Each of Plaintiff's claims is based on purportedly wrongful acts by Dr. Wright outside of the United States, including the allegedly wrongful possession of bitcoins in foreign trusts and an alleged fraud on the Supreme Court of New South Wales, Australia. The only Florida-based evidence the amended complaint cites in support of those claims are some corporate records, which anyone with an internet connection or telephone can obtain from anywhere in the world,

12

and the allegations of Dave Kleiman's brother, who admits that he has no personal knowledge of any material allegations of the amended complaint. *See* Motion ¶ 21-24. In contrast, the amended complaint and its exhibits refer to at least 24 potentially relevant witnesses and companies located outside of the United States, 19 of them are in Australia and not subject to the Court's jurisdiction, including five former or current Australian government officials. *Id.* at 22. In addition, 15 of the amended complaint's exhibits are Australian documents, including documents that purport to be leaks of confidential ATO transcripts, the Australian Judgments rendered by the Supreme Court of New South Wales, and the Deed and New Venture Contracts, which require the application of Australian law and contain the parties' agreement to submit any dispute to the jurisdiction of the courts of New South Wales, Australia. Thus, Plaintiff, who cites few (if any) sources of evidence in Florida, cannot possibly justify needlessly asking or attempting to compel most of the relevant witnesses to spend more than 24 hours traveling more than 10,000 miles from Australia to testify in Florida about events that happened in Australia. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1335 (11th Cir. 2011) (affirming dismissal on grounds of forum non conveniens because district court's inability to compel defendants' "third-party witnesses or the production of documents from those witnesses . . . is both unusually extreme and materially unjust") (internal quotation marks omitted); *Ford v. Brown*, 319 F.3d 1302, 1308 (11th Cir. 2003) (private interest factors favored dismissal where alleged acts occurred in Hong Kong and, as a result, "much of the evidence is likely to be in Hong Kong").

    The law does not respect a plaintiff's choice of forum that is punishingly inconvenient for everyone but the plaintiff, whose lawful litigation goals may not include unreasonably complicating his case and obstructing access to relevant evidence. Moreover, Plaintiff always has known that litigating this case in Florida (or anywhere in the United States) would deny the

Supreme Court of New South Wales, Australia, the opportunity to decide whether it was "defrauded," despite all jurisprudential norms requiring (1) any such determination to be made by a court that allegedly was defrauded, no matter where it is located, and (2) respect for the courts, and judgments rendered by the courts of another sovereign state or nation, especially where those courts speak English and afford remedies similar to those available here. *E.g., Florida Evergreen Foliage v. E.I. Dupont De Nemours & Co.*, 336 F. Supp. 2d 1239, 1271 (S.D. Fla. 2004), *aff'd,* 470 F.3d 1036 (11th Cir. 2006) ("[T]he proper forum in which to assert that a party has perpetrated a fraud on the court is the court which allegedly was a victim of that fraud.") (internal quotation marks omitted). A court of another state or federal jurisdiction does not look over the first court's shoulder and purport to decide whether the first court was defrauded, particularly where the first court is located in another country. *Banco Latino v. Gomez Lopez*, 17 F. Supp. 2d 1327, 1332 (S.D. Fla. 1998) ("It is not the business of our courts to assume responsibility for supervising the integrity of the judicial system of another sovereign nation.") (quoting *Blanco v. Banco Indus. de Venezuela, S.A.,* 997 F.2d 974, 982 (2nd Cir.1993) (internal quotation marks omitted).

     Staying discovery while the Court decides whether to dismiss this case on grounds of forum non conveniens or international comity will not prejudice Plaintiff. Virtually all the relevant evidence and witnesses are located in Australia and access to those documents and witnesses cannot be obtained unless an Australian court orders it. Motion to Dismiss [D.E. 33], Ex. A ¶¶ 7-22. The Supreme Court of New South Wales would have to hear and rule on motions regarding those documents and witnesses, even if this case were not dismissed, and Plaintiff was not ordered to take this case to that court, where he should have filed it in the first place (if anywhere). Staying discovery until these grounds for dismissal are adjudicated will avoid

needless expense, motion practice, and sideshow litigation (in another country) over discovery issues.

## CONCLUSION

For all these good reasons, the Court should stay discovery during the pendency of the motion to dismiss. The amended complaint is fatally defective, and this case should be dismissed with prejudice. Well-settled rules regarding res judicata, personal jurisdiction, forum non conveniens, and international comity required this amended complaint to be filed, if at all, in the courts of New South Wales Australia.

Plaintiff may have been brewing up this tepid broth of speculation, hearsay, and innuendo for years, and the amended complaint admits notice at all material times of proceedings in Australia it seeks to avoid and relitigate, 10,000 miles away from their center of gravity. The Supreme Court of New South Wales is an English-speaking, common-law court that can provide plaintiffs with remedies similar to those available here, but, unlike this Court, may assert jurisdiction and compulsory process over the potential witnesses and evidence, which are located there, not here. It would be a punishing, needless burden on Dr. Wright (and the Court) to allow Plaintiff to initiate international discovery during the pendency of the forthcoming motion to dismiss. Conversely, staying discovery while that motion is pending will not prejudice Plaintiff at all, let alone unfairly.

Dated:  June 21, 2018

<div style="text-align: right">

RIVERO MESTRE LLP
*Attorneys for Craig Wright*
2525 Ponce de Leon Boulevard,
Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: jmestre@riveromestre.com
Email: arolnick@riveromestre.com
Email: dsox@riveromestre.com
Email: receptionist@riveromestre.com

By: s/ Andres Rivero
ANDRES RIVERO
Florida Bar No. 613819
JORGE A. MESTRE
Florida Bar No. 88145
ALAN H. ROLNICK
Florida Bar No. 715085
DANIEL SOX
Florida Bar No. 108573

</div>

## CERTIFICATE OF SERVICE

I certify that on June 21, 2018, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF.

<div style="text-align: right">

s/ Daniel Alvarez Sox
Daniel Alvarez Sox

</div>

## S.D. FLA. L.R. 7.1 CERTIFICATION

Pursuant to S.D. Fla. L.R. 7.1(a)(3), counsel for Dr. Wright conferred with Plaintiff's counsel in a good faith effort to resolve by agreement the issues raised here, but the parties were unable to reach an agreement.

<div style="text-align: right">

s/ Daniel Alvarez Sox
Daniel Alvarez Sox

</div>