# EXHIBIT A

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>*Plaintiffs,*<br><br>v.<br><br>CRAIG WRIGHT<br><br>*Defendant.* | CASE NO.: 9:18-cv-80176-BB |

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION TO DEFENDANT CRAIG WRIGHT

Plaintiffs hereby serve their first request for production to Defendant Craig Wright and request that Craig Wright produce the following for inspection, copying, and examination within (30) thirty days from the date hereof, pursuant to Federal Rule of Civil Procedure 34 as follows:

## DEFINITIONS

For the purposes of this Request for Production, the following definitions shall apply:

1. The term "Plaintiffs" shall mean IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC.

2. The terms "Defendant," "you," "yours" and/or "yourselves" shall mean Defendant Craig Wright.

3. The term "Action" shall mean the lawsuit currently pending *Ira Kleiman, et al. v. Craig Wright*, Case No. 9:18-cv-80176-BB in the U.S. District Court, Southern District of Florida.

5. The terms "document" or "documents" shall mean any written, typewritten, handwritten, printed, graphic, photographic, electronic or recorded materials, including, but not

limited to the following: correspondence and drafts of correspondence; e-mails; SMS messages; Whatsapp messages; Signal messages; Twitter DMs; Facebook messages; any other form of messages or communications; notes or summaries of conversations; forms; schedules or worksheets; memoranda; reports; comments; worksheets; plans; minutes; notes; notices or notifications; findings; brochures; circulars; bulletins; advertisements; records; summaries or other reports of conferences, meetings, visits, surveys, discussions, inspections, and examinations; journals; logs; ledgers; balance sheets; profit and loss statements; purchase orders; quotations; estimates; invoices; bids; receipts; pledge commitments; acknowledgments; credit memoranda; contract or lease offers or proposals; income tax returns; check stubs (front and back); sales vouchers or records; executed or proposed agreements; contracts; deeds; franchise agreements; licenses; leases; insurance policies and riders or options; proposals; diaries; desk calendars; appointment books; evaluations; applications; telephone call books, notes or records; affidavits, deposition transcripts, statements or summaries or excerpts thereof; stenographic notes; financial data; newspaper or magazine articles; pamphlets; books; texts; notebooks; magazines; manuals; publications; notepads; tabulations; data compilations; calculations; or computations; schedules; drafts; charts and maps; forecasts and projections; feasibility studies; drawings, designs, plans, specifications; graphs, blueprints, sketches, or diagrams; printouts or other stored information from computers or other information retention or processing systems; hard drives, USB drives, disks, CD's, DVD's, tapes, videotapes; photographic matter or sound reproduction matter however produced, reproduced or stored; computer data of any kind whatsoever; any exhibits, attachments, or schedules to or with the foregoing; any drafts of the foregoing; any of the foregoing that exist in a form by which they are protected by computer encryption; any copies or duplicates of the foregoing that are different because of marginal or handwritten notations, or because of any

markings thereon; the inclusion of specific examples within any individual request does not limit the definition provided herein and should be viewed as merely as examples meant to facilitate production.

6. "Copy" when used in reference to a document means any color, or black and white facsimile reproduction of a document, regardless of whether that facsimile reproduction is made by means of carbon papers, pressure sensitive paper, xerography or any other means of process.

7. "Communication" and "communicate" shall mean any recordation, exchange or transfer of information, whether in writing, audio, oral or other form, including, but not limited to, memoranda or notes, telephone conversations and meetings, letters, telegraphic and telex communications, email communications, SMS messages, Twitter DMs, Facebook messages, Whatsapp messages, Signal messages, any other form of messages or communications, blogs, voicemails, and includes all information relating to all oral or written communications and "documents" (as herein above defined), whether or not such document, or information contained herein was transmitted by its author to any other person; the inclusion of specific examples within any individual request does not limit the definition provided herein and should be viewed as merely as examples meant to facilitate production.

8. "Person" or "persons" shall mean each and every individual, corporation, partnership, joint venture, social or political organization, or any other entity, incorporated or unincorporated, or encompassed within the usual and customary meaning of "person" or "persons."

9. "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on the behalf of another.

10. "Date" shall mean the exact day, month and year if ascertainable or, if not, the best approximation, including relationship to other events.

11. The term "materials" shall mean (1) the elements, constituents, or substances of which something is composed or can be made; something (as data) that may be worked into a more finished form (2) apparatus necessary for doing or making something; (3) The substance or substances out of which a thing is or can be made; and/or (4) Tools or apparatus for the performance of a given task.

12. The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

13. "Identify" when used in reference to:

    a. a person, shall mean to state his or her full and present or last known address (including zip code), phone number and present or last known position or business affiliation (designating which), and the job description;

    b. a firm, partnership, corporation, proprietorship, entity/business, or association, shall mean to state its full name and present or last known address (designating which) and to state the name and address of each person within the entity likely to have knowledge of the relationship between the entity and Plaintiff;

    c. in the case of a document, the date, author, sender, recipient, type of document or some other means of identifying it and its present location and custodian;

    d. in the case of an oral communication, the date, the communicator, communicate, and the nature of the communication;

   e. in the case of a document within the possession, custody or control of Plaintiff, whether Plaintiff will make it available to Defendants' counsel for inspection and/or copying;

   f. in the case of a document that was, but is no longer in the possession, custody or control of Plaintiff, what disposition has been made of the document.

  14. As used in this Request for Production of Documents, the singular shall include the plural, and vice versa; the use of the word "any" shall include and encompass the word "all," and vice versa; the use of the disjunctive shall include the conjunctive, and vice versa; and, unless context indicates otherwise, the use of any gender includes all other genders.

  15. The term "cryptocurrency" shall mean any digital currency in which encryption techniques are used to regulate the generation of units of currency and verify the transfer of funds, operating independently of a central bank. It shall include, but not be limited to, Bitcoin, Bitcoin Cash, any other "forked" Bitcoin asset, and Etherium's Ethers.

  16. The term "trust" shall include any arrangement, entity, vehicle, agreement, deed, or relationship, in any jurisdiction, where the person with title or control over property has duties to deal with it for another's benefit. Due to variances in various jurisdictions' laws, this definition should not be given an overly formulistic construction, but a liberal one. It should include any arrangement bearing a similarity to a "trust," and any such arrangement you (or others) have actually referred to as a "trust."

  17. Unless explicitly stated otherwise, the requests set forth below relate to the time period of on or about January 2006 through the present.

# REQUESTS FOR PRODUCTION

**REQUEST 1.**  All communications between you and David Kleiman occurring between January 2006 and June 2013.

**REQUEST 2.**  All documents, communications, or computer data (or copies of same) that belonged to David Kleiman and are in your possession or control. There is no time limit for this request.

**REQUEST 3.**  All documents, communications, or computer data (or copies of same) that David Kleiman left in your possession. There is no time limit for this request.

**REQUEST 4.**  All documents and communications related to the drafting and publication of the white paper entitled "Bitcoin: A Peer-to-Peer Electronic Cash System," written under the pseudonymous name Satoshi Nakamoto (including drafts of same).

**REQUEST 5.**  All documents, agreements, and communications relating in any way to W&K Info Defense Research, LLC.

**REQUEST 6.**  All documents, agreements, and communications between you and Ramona Watts occurring between January 2006 and the present, that relate in any way to David Kleiman, W&K Info Defense Research, LLC, the whitepaper referenced in REQUEST 4, the Bitcoin protocol, bitcoins, bitcoin cash, or any other cryptocurrency.

**REQUEST 7.**  All documents and communications that relate in any way to a trust and/or company, corporation, or legal entity that are, in anyway connected or related to you, and that incorporates the word "tulip" or "tulips" in its name and/or documents.

**REQUEST 8.**  All documents and communications that relate in any way to any trust that involves or relates to you, and which previously or presently, directly or indirectly, held, holds, controlled, or controls, or in any way holds an ownership interest in, bitcoins, bitcoin cash, or any

6

other cryptocurrency. This includes a future expected interest and the right to control the cryptocurrency at some future date. For purposes of this request, "involved or relates to you" shall be construed in the broadest sense and includes trusts of which you obtained or will obtain any benefit from whatsoever no matter how indirect, or on which you serve as a trustee (or similar position), or over which you hold influence or control.

**REQUEST 9.**  All documents and communications that relate in any way to any company, corporation, or other legal entity that involves or relates to you, and which previously or presently, directly or indirectly, held, holds, controlled, or controls, or in any way holds an ownership interest in, bitcoins, bitcoin cash, or any other cryptocurrency. This includes a future expected interest and the right to control the cryptocurrency at some future date. For purposes of this request, "involved or relates to you" shall be construed in the broadest sense and includes companies, corporations, or legal entities you held or currently hold an ownership interest in (no matter how indirect), and ones you served as an officer, director, employee, agent, or person of authority to.

**REQUEST 10.**  The complete and final version, without redaction, of the document or draft of document, attached as Exhibit A.

**REQUEST 11.**  All documents and communications that in any way relate to the trust or trusts referenced by the attached Exhibit A in the following places (emphasis added):

- I acknowledge the trust and the transfer of Bitcoins **to this trust**.
- David Kleiman, shall become the **trustee** for the transfer of the satoshi I have received from Craig Wright.
- I will form a **trust** to be managed by at least three people but not more than seven at any time.
- The return will be in the form of a return of control of a company to Dr Wright. The company and **trust** will be managed and held in the Seychelles. This will be designated by Tulips . . .
- The **trust** MUST hold a balance of at least 100,000 Bitcoin at transfer to Dr Wright in 2020 and all means to ensure this will be followed.

- The **trust** will be accessible by two (2) of five keys . . .
- If Dr Wright should die before 2020, the entire minus an amount noted below value and **trust** holdings are to be transferred to Ramona Watts
- If I should die, Dr Wright will be retuned shares in the **Tulip trust** and company 15 months after my death at his discretion.

**REQUEST 12.**   All documents and communications that in any way relate to the company referenced by the attached Exhibit A in these specific instances:

- The return will be in the form of a return of control of a **company** to Dr Wright. The **company** and trust will be managed and held in the Seychelles. This will be designated by Tulips . . .
- Dr Wright will be retuned shares in the Tulip trust and **company** 15 months after my death at his discretion.

**REQUEST 13.**   All documents relating to any company, corporation, legal entity, or trust that is in anyway related to you and is in anyway associated with the Seychelles.

**REQUEST 14.**   All documents and communications relating to Design by Human Ltd.

**REQUEST 15.**   All communications between you and Uyen Nguyen that occurred between January 1, 2007 and the present.

**REQUEST 16.**   All communications between you and Ross Ulbricht that occurred between January 1, 2010 and January 1, 2014. For purposes of this interrogatory any communications with "Dread Pirate Roberts" should be considered communications with Ross Ulbricht.

Dated: May 30, 2018.

Respectfully submitted,

*s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman, Esq.
BOIES SCHILLER FLEXNER LLP
100 SE Second Street, Suite 2800
Miami, Florida  33131
Telephone:  (305) 539-8400
Facsimile:   (305) 539-1307
vfreedman@bsfllp.com

8

Kyle W. Roche, Esq.
*Admitted Pro Hac Vice*
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300
kroche@bsfllp.com

*Counsel to Plaintiff Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 30, 2018, a true and correct copy of the foregoing was served on all counsel of record identified on the Service List below via e-mail:

Andres Rivero, Esq.
Jorge A. Mester, Esq.
Alan H. Rolnick, Esq.
Daniel Sox, Esq.
RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard
Suite 1000
Coral Gables, FL 33134
305-445-2500
(305) 445-2505 (fax)
arivero@riveromestre.com
jmestre@riveromestre.com
arolnick@riveromestre.com
dsox@riveromestre.com
receptionist@riveromestre.com

*/s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman

# EXHIBIT A

To whom it may concern,

CC:     Dr Craig Wright

I acknowledge the trust and the transfer of Bitcoins to this trust. I have full control of all software and the keys used to manage bitcoin as of this date, Thu 06/09/2011.

**It is agreed that:**

I, David Kleiman, shall become the trustee for the transfer of the satoshi I have received from Craig Wright.

No record of this transaction will be filed in the US or Australia.

The transfer is valued at USD 100,000 for Australian Tax purposes.

**I acknowledge:**

I, Dave Kleiman have received 1,100,111 Bitcoin from Craig Wright (of ▮▮▮▮▮▮▮▮▮▮▮ Bagnoo, NSW Australia). At the time of transfer this is valued at around $100,000 USD.

I will form a trust to be managed by at least three people but not more than seven at any time.

All Bitcoin will be returned to Dr Wright on Jan 01st 2020.

The return will be in the form of a return of control of a company to Dr Wright. The company and trust will be managed and held in the Seychelles. This will be designated by "Tulips" and the trading that was noted to have not been a bubble but

No record of this arrangement will be made public at any time.

Dr Wright has noted that he is facing bankruptcy due to the following and that he understands moving assets (at value) in a manner that he cannot access may be a breach of Australian law if he fails to provide information on these assets. This would be in the event of an insolvency.

Dr Wright has noted that he has agreed to forgo other assets to maintain these assets and has agreed with his wife, Ms Lynn Wright that they he will maintain the Bitcoin at the expense of all other assets he may have a right to.

The trust MUST hold a balance of at least 100,000 Bitcoin at transfer to Dr Wright in 2020 and all means to ensure this will be followed.

Dr Wright MAY request a loan of Bitcoin for the following reasons (and no others):

- Furthering research into peer to peer systems, IPv6 and Bitcoin
- Commercial activities that enhance the value and position of Bitcoin.

In all events, all transactions in loaned funds will be concluded outside of Australia and the USA until and unless a clear and acceptable path to the recognition of Bitcoin as currency has occurred.

The trust will be accessible by two (2) of five keys of which the following are to always be incorporated into this (by PGP fingerprint):

- 56EC 672A 6B67 266A 5E21  1514 A0DA 0EB2 E545 EB7B
- DBB7 E697 59EF D7FE EB4C  F51B 4FF1 CFEB C941 FE6D

GIZMODO

IK000482

- 0AC1 8AFE 1F8D 3512 BE15  6909 B18B BF41 1F55 6274
- DE4E FCA3 E1AB 9E41 CE96  CECB 18C0 9E86 5EC9 48A1

Another party will be selected without Dr Wright's knowledge.

The following conditions are applicable at all times:

- If Dr Wright should die before 2020, the entire minus an amount noted below value and trust holdings are to be transferred to Ramona Watts (Sydney Australia, born ▇▇▇ 1970).
- If I should die, Dr Wright will be retuned shares in the Tulip trust and company 15 months after my death at his discretion.
- The amount not included to be sent to Ramona Watts will be used to show the "lies and fraud perpetrated by Adam Westwood of the Australian Tax Office against Dr Wright"
- The last condition is listed as a direct quote of Dr Wright who has specified against my advice that he requires this line to be included.

I lastly acknowledge that I will not divulge the identity of the Key with ID C941FE6D nor of the origins of the satoshin@gmx.com email.

Respectfully,

Dave Kleiman - http://www.ComputerForensicExaminer.com - http://www.DigitalForensicExpert.com

▇▇▇▇▇▇▇▇▇▇▇▇▇▇
Palm Beach Gardens, FL 33410
561.310.8801

GIZMODO