# EXHIBIT B:

Plaintiff did not address any of the following 13 decisions, each of which supports the stay sought here.

| CASES[1] | D.E. 36 at |
|---|---|
| *Redford v. Gwinnett Cnty. Jud. Circuit*, 350 Fed. Appx. 341, 346 (11th Cir. 2009) (affirming stay of discovery where the motion to dismissed "raised serious questions regarding the viability of [the] complaint") | 3 |
| *Zamber v. Am. Airlines, Inc.*, 2017 WL 5202748, at *5 (S.D. Fla. 2017) (discovery stayed where "the dismissal motion presents case-dispositive arguments which create a significant possibility that at least one of the two primary defense theories will succeed") | 7 |
| *Chevaldina v. Katz*, 2017 WL 6372620, at *3 (S.D. Fla. 2017) (discovery stayed where action "may be dismissed" for lack of personal jurisdiction and res judicata) | 1, 8 |
| *Torongo v. Robert G. Roy, D.V.M., M.S., P.A.*, 2016 WL 10706286, at *1 (S.D. Fla. 2016) (discovery stayed where motion to dismiss challenged standing and failure to state a claim) | 1, 7, 11 |
| *Wilson v. Everbank, N.A.*, 2014 WL 12774848, at *3 (S.D. Fla. 2014) (ordering a stay of discovery where defendant lacked in-house resources to identify and capture the requested information and needed to hire a third-party vendor and outside counsel to review and process that information) | 4 |
| *Pierce v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 12528362, at *1 (S.D. Fla. 2014) ("While the Court has not yet ruled on the motion to dismiss, a short stay of discovery is appropriate because the motion raises threshold legal issues that may dispose of Plaintiff's claim in its entirety.") | 3 |
| *Borislow v. Canaccord Genuity Grp., Inc.*, 2014 WL 12580035, at *1 (S.D. Fla. 2014) ("preliminary peek" . . . [left the court concerned that Plaintiff's . . . claim may be legally insufficient") | 3 |
| *Zinn v. SCI Funeral Services of Florida, Inc.*, 2013 WL 12080175, at *2 (S.D. Fla. 2013) (discovery stay granted where defendant challenged plaintiff's standing) | 3 |
| *Tradex Glob. Master Fund SPC Ltd. v. Palm Beach Capital Mgmt., LLC*, 2009 WL 10664410, at *1 (S.D. Fla. 2009) ("The venue issue is a threshold legal issue that is case-dispositive. It is appropriate to stay discovery pending resolution of a motion to dismiss where such an issue is raised.") | 11 |
| *Khan v. Bankunited, Inc.*, 2016 WL 4718156, at *1 (M.D. Fla. 2016) (discovery stayed where motion to dismiss challenged "the sufficiency of each claim and the assertion of personal jurisdiction over the individual defendants") | 1, 9, 11 |
| *Latell v. Triano*, 2014 WL 12616971, at *2 (M.D. Fla. Oct. 16, 2014) (motion to dismiss challenged subject matter jurisdiction, personal jurisdiction and failure to | 7, 8, 11 |

---

[1] In order of authority according to the court that issued the cited opinion.

| | |
|---|---|
| state a claim; delaying discovery "until the Court rules on whether it has jurisdiction and Plaintiffs have stated a viable cause of action will cause Plaintiffs little harm.") | |
| *Pereira v. Regions Bank*, 2012 WL 5448191, at *1 (M.D. Fla. 2012) ("brief glance" confirmed "the motion is dispositive and perhaps meritorious") | 3 |
| *Moore v. Shands Jacksonville Med. Ctr., Inc.*, 2009 WL 4899400, at *1 (M.D. Fla. 2009) (discovery stay granted where the defendants raised "meritorious challenges to the legal sufficiency of the complaint in its entirety") | 4, 11-12 |