# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**Case No. 18-cv-80176**

IRA KLEIMAN,
as personal representative of
the estate of David Kleiman,
and W&K INFO DEFENSE RESEARCH,
LLC,

    Plaintiffs,

v.

CRAIG WRIGHT,

    Defendant.

_____/

## DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO SERVE A RESPONSE TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION

    Dr. Craig Wright requests a 30-day enlargement of time, up to and including August 27, 2018, to serve plaintiffs with his response to plaintiffs' First Request for Production. In support of this motion, Dr. Wright states:

    1.    Plaintiffs commenced this action on February 14, 2018. Rather than defend their initial complaint against Dr. Wright's April 16th motion to dismiss, plaintiffs abandoned it and filed an amended complaint on May 14, 2018 [D.E. 24].

    2.    In declining to agree to the requested enlargement of time, plaintiffs claimed to be concerned with meeting the court's pre-trial deadlines. This action had been pending for more than three months when plaintiffs served their First Request for Production on Dr. Wright (the "Requests") on May 29, 2018, two weeks after the joint scheduling report was submitted.

3.  As he did with the initial complaint, Dr. Wright moved to dismiss the amended complaint, on June 15, 2018, [D.E. 33], asserting numerous grounds for dismissing this action altogether. The Court granted plaintiffs an 18-day enlargement of time to respond to that motion.

4.  Dr. Wright moved to stay discovery during the pendency of his motion to dismiss the amended complaint on June 21, 2018. [D.E. 36].[1] The motion to dismiss is not yet fully briefed, while the motion to stay discovery is fully briefed and pending.

5.  On June 25, 2018, plaintiffs agreed to a 30-day enlargement of time for Dr. Wright to respond to the Requests. Absent extension, Dr. Wright's response would be due on or before July 27, 2018.

6.  Dr. Wright seeks a further 30-day enlargement of time to adequately respond to the Requests, which, as written, would require Dr. Wright to scour the world for "all documents, agreements, and communications" relating to purported events and relationships that go back, in some instances, more than a decade. Given the logistics of such a global search and the time required by Dr. Wright's counsel to sift through voluminous documents spanning a decade or more and identify which might be responsive, a 30-day enlargement of time is reasonable.

7.  Moreover, one of Dr. Wright's counsel, Daniel Sox (who has had principal responsibility for factual development of this case), is scheduled to undergo surgery in the beginning of August and has had several doctor's appointments over the past few weeks. The extensive briefing required by pending motions, and Mr. Sox's unavailability, have limited the time and resources available for preparing an adequate response to the Requests, which also makes a 30-day enlargement of time reasonable.

---

[1] The Court denied the first motion to stay discovery because it did not include a meet-and-confer certification. Dr. Wright refiled it with such certification on June 29, 2018 [D.E. 38]. The motion to stay discovery is now fully briefed and pending.

8.      Plaintiffs will not be prejudiced by a 30-day enlargement of time for Dr. Wright to serve a response to the Requests. Plaintiffs did not seek any discovery until more than three months after filing their original complaint, and until after they abandoned it in the face of Dr. Wright's initial motion to dismiss. Moreover, even if plaintiffs' amended complaint were to survive the motion to dismiss, they have stated that they would seek to amend it again, which would occur at least six months after they commenced this action (which was three years after they began their "investigation"). Plaintiffs have been in no hurry to do anything in connection with this case, and would not be prejudiced by the requested enlargement of time.

For all the foregoing reasons, Dr. Wright respectfully requests that this Court grant him a 30-day enlargement of time, up to and including August 27, 2018, to serve his response to plaintiffs' First Request for Production.

## S.D. FLA. L.R. 7.1 CERTIFICATION

In accordance with S.D. Fla. L.R. 7.1(a)(3), counsel for Dr. Wright has conferred with plaintiffs' counsel, and plaintiffs oppose the relief sought here.

**RESPECTFULLY SUBMITTED** on July 25, 2018.

>
> RIVERO MESTRE LLP
> *Attorneys for Craig Wright*
> 2525 Ponce de Leon Boulevard, Suite 1000
> Miami, Florida 33134
> Telephone: (305) 445-2500
> Fax: (305) 445-2505
> Email: arivero@riveromestre.com
> Email: jmestre@riveromestre.com
> Email: arolnick@riveromestre.com
> Email: dsox@riveromestre.com
> Email: receptionist@riveromestre.com
>
> By: s/ Andres Rivero
> ANDRES RIVERO
> Florida Bar No. 613819
> JORGE A. MESTRE
> Florida Bar No. 88145
> ALAN H. ROLNICK

                                                            Florida Bar No. 715085
                                                            DANIEL SOX
                                                           Florida Bar No. 108573

## **CERTIFICATE OF SERVICE**

      I certify that on July 25, 2018, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

                                                            _s/ Andres Rivero_