## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-cv-80176-BB

IRA KLEIMAN, as the personal
representative of the Estate of
David Kleiman, et al.,

       Plaintiffs,

v.

CRAIG WRIGHT,

       Defendant.

_____/

### <u>ORDER GRANTING STAY</u>

**THIS CAUSE** is before the Court upon Defendant's Motion to Stay Discovery Pending

Resolution of Motion to Dismiss (the "Motion"). *See* ECF No. [38]. The Court has reviewed the

Motion, the supporting and opposing submissions, the record and applicable law, and is

otherwise fully advised. For the reasons that follow, Defendant's Motion is granted.

Plaintiff Ira Kleiman is the personal representative of his late brother David Kleiman's

estate. *See* ECF No. [24], at ¶ 1. David Kleiman was involved in the creation of bitcoin[1] with

former business partner Defendant Craig Wright, an Australian living in London. *See Id*. at ¶¶ 3,

10, 50. Plaintiff W&K Info Defense Research, LLC is the Florida limited liability company

through which Defendant and David Kleiman "mined hundreds of thousands of bitcoins and

created valuable blockchain intellectual property." *Id*. at ¶ 2.

Plaintiffs filed their Amended Complaint on May 14, 2018. *See* ECF No. [24]. The

gravamen of the 53-page Amended Complaint is that Defendant defrauded Plaintiffs and

---

[1] The parties agree that that the term "bitcoin" can refer to both a computer protocol and a unit of
exchange, and that the accepted practice is to use the term "Bitcoin" to label the protocol, software, and
community, and the term "bitcoin" to label the units of exchange. See ECF No. [38], at 5 n.2.

Australian courts on his way to stealing millions of dollars worth of bitcoins as well as the intellectual property rights involved in the creation of the digital currency upon David Kleiman's death.  *See Id.*   Plaintiffs have brought forth claims for Conversion, Unjust Enrichment, Misappropriation, the Federal Defense of Trade Secrets Act, Breach of Fiduciary Duty, Breach of Partnership Duties of Loyalty and Care, Fraud, Constructive Fraud, and a permanent injunction.  *See Id.* at 42–52.  Defendant filed his Motion to Dismiss on June 15, 2018, arguing that the Amended Complaint should be dismissed on the following grounds: lack of standing, lack of personal jurisdiction, *res judicata*, that the four-year statute of limitations bars all the claims, *forum non conveniens*, international abstention, and the failure to state legally sufficient claims.  *See* ECF No. [33].[2]

In the Motion, filed on June 29, 2018, Defendant moves the Court to stay discovery pending resolution of his motion to dismiss due to the "numerous grounds that would dispose of the action entirely."  ECF No. [38].  Under both Federal Rule of Civil Procedure 26 and the law of this Circuit, the Court "has broad discretion to stay discovery pending decision on a dispositive motion."  *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985), particularly "on a likely meritorious motion to dismiss while undue discovery costs mount."  *In re Winn Dixie Stores, Inc. ERISA Litigation*, No. 3:04–cv–194–J–33MCR, 2007 WL 1877887 *2 (M.D. Fla. June 28, 2007).  "A stay of discovery is appropriate where the movant shows good cause and reasonableness."  *Pierce v. State Farm Mut. Auto. Ins. Co.*, No. 14-22691-CIV, 2014 WL 12528362, at *1 (S.D. Fla. Dec. 10, 2014).

The Court has taken a "preliminary peek" at Defendant's Motion to Dismiss. *Pereira v. Regions Bank*, 6:12-CV-1383-ORL-22, 2012 WL 5448191, at *1 (M.D. Fla. Nov. 7, 2012).

---

[2] Plaintiffs have responded.  *See* ECF No. [50].  Defendant's reply is due August 21, 2018.  *See* ECF No. [56].

Case No. 18-cv-80176-BB

"[B]alanc[ing] the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery," *Berry v. Canady*, No. 2:09-CV-765-FTM-29, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011), the Court finds that a stay is appropriate.  Under the particular circmstances present here, the high burden on engaging in discovery, much of which will involve locating evidence and witnesses in London and Australia, during the pendency of Defendant's Motion to Dismiss that seeks dismissal on various grounds—including standing, jurisdiction, statue of limitations, and *forum non conveniens*—outweighs the potential harm to Plaintiffs for any discovery delay.  *See, e.g., Chevaldina v. Katz*, No. 17-22225-Civ-Williams, 2017 WL 6372620, at *3 (S.D. Fla. August 28, 2017) ("Defendants should not be required to suffer monetary burdens or expenses when it appears that Plaintiff's claims may fail for several reasons as a matter of law" including lack of subject matter jurisdiction and *res judicata*); *Torongo v. Robert G. Roy, D.V.M., M.S., P.A.*, No. 15-81490-MiddleBrooks, 2016 WL 10706286, at *1 (S.D. Fla. Jan. 27, 2016) (discovery stayed where motion to dismiss challenged standing and failure to state a claim); *Khan v. Bankunited, Inc.*, No. 8:15-CV-2632-T-23TGW, 2016 WL 4718156, at *1 (M.D. Fla. May 11, 2016) (discovery stayed where motion to dismiss challenged "the sufficiency of each claim and the assertion of personal jurisdiction over the individual defendants").

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Stay Discovery Pending Resolution of Motion to Dismiss, **ECF No. [38]**, is **GRANTED**.

2. All discovery, including scheduled deadlines and hearings, shall be **STAYED**, pending resolution of Defendant's Motion to Dismiss the Amended Complaint, ECF No. [33].

Case No. 18-cv-80176-BB

3.  If  resolution of Defendant's Motion to Dismiss does not dispose of all claims before

the Court, either party may move this Court to lift the stay.

**DONE AND ORDERED** in Miami, Florida, this 2nd day of August, 2018.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record