UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>    Plaintiffs,<br><br>v.<br><br>CRAIG WRIGHT<br><br>    Defendant. | CASE NO.: 9:18-cv-80176-BB |

### PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY

Pursuant to Local Rule 7.1, Plaintiffs respectfully request the Court grant Plaintiffs leave to file a sur-reply to Defendant's Reply in Support of his Motion to Dismiss the Amended Complaint ("Reply").

Defendant's Motion has already generated 130 pages of briefing. Under normal circumstances, this would be more than enough to let the Court review and fairly decide the issues. But normal circumstances do not account for instances where Defendant's briefing contains outright misrepresentations of fact and law which, if relied upon by the Court, would result in a decision resting on an inaccurate record and misrepresented precedent.

As detailed below, Plaintiffs reluctantly seek this sur-reply not for the purpose of getting an extra opportunity to advocate but instead for the sole purpose of making sure this Court is presented with a truthful record and accurate authority. Said simply, this sur-reply is unfortunately necessary to correct a series of factual misrepresentations and misstatements of precedent contained in Defendant's Reply.

For purposes of demonstrating the significance of these misrepresentations and obtaining leave to file a sur-reply, Plaintiffs provide a short, but incomplete list detailing some of

Defendant's misstatements and/or mischaracterizations that require a response and/or correction before the Court rules on the pending Motion:

1. While contesting personal jurisdiction, the Reply (at 22[1]) claims that in *Sport Mgmt. Sys., LLC v. Woolley Grp., LLC*, No. 15-CIV-62224, 2016 WL 8793333, at *1 (S.D. Fla. Mar. 23, 2016) (Bloom, J.), "this Court held" that the "[t]he last act needed to establish the Florida plaintiff's conversion claim occurred . . . outside of Florida and dismissed the case for lack of personal jurisdiction." This is an outright misrepresentation. In reality, this Court found the relevant action took place **in Florida**, found personal jurisdiction **present**, and **denied** defendant's motion to dismiss.

2. While urging for dismissal on *forum non conveniens,* the Reply states (at 4) that "Plaintiff does not allege that any bitcoins were mined *into* Florida." This is false.  AC ¶ 2 (W&K is a Florida LLC, operated in Florida, and is an entity through which Craig and Dave mined hundreds of thousands of bitcoins); ¶5 (venue appropriate because the suit involves "the mining of a substantial amount of bitcoins through the use of computer equipment located within this District"); ¶¶ 72-75 (Craig admitted that W&K, a Florida LLC, mined bitcoins); ¶74 (Craig admitting that "Dave and I had a project in the US . . . **The company he ran there mined Bitcoin**.") (emphasis added); ¶78 (" . . . to W&K for use in its **Florida** mining operation") (emphasis added); *see also* AC ¶¶ 64, 65, 68, 80, 92, 113, 135, 160.

3. The Reply also argues (at 3) that Plaintiff's choice of forum deserves no deference because "based on the amended complaint" all of Plaintiff's bitcoins were held in overseas trusts and therefore "Florida does not have a localized interest in providing Plaintiff a forum to retrieve assets that he sent, pushed, or kept out of Florida . . ."  This is another

---

[1] Citations refer to the numbers at the bottom of the Reply and not the ECF pagination.

mischaracterization. The AC does not state that Plaintiffs bitcoin assets were held exclusively outside of Florida; saying instead "[t]he mined bitcoins were stored in wallets in the possession of **Dave**, Craig, **W&K**, and/or certain trusts." AC. ¶ 93 (emphasis added). Dave lived in Florida and W&K operated in Florida, thus the AC alleges the assets were Florida based.

4. The Reply (at 2-6) repeatedly cites *Aaron Data Sys., Inc. v. GLD Int'l, Inc.*, 2018 WL 1973653, at *4, 8 (S.D. Fla. 2018), *report and recommendation adopted,* 2018 WL 1972439 (S.D. Fla. 2018) for the proposition that a U.S. plaintiff's choice of forum receives diminished deference when foreign assets are at issue and when the parties' conduct occurred outside the United States. This is a gross overstatement of the magistrate judge's recommendation which was actually premised on his holding that a U.S. company whose only connection to the U.S. is essentially a certificate of incorporation is not entitled to the same deference as a *bona fide* U.S. citizen (only then did he discuss what deference *should* be provided given the nature of the case). More importantly, however, the Reply **completely fails** to inform the Court that Judge Moreno's actual adoption of the R&R expressly states **he did not adopt** the diminished deference portion of the recommendation.[2]

5. In arguing for dismissal on *res judicata,* and after impermissibly arguing with the AC's factual assertion (at ¶119) that "W&K was never served, validly or otherwise" with the

---

[2] Of course, besides for being about "cryptocurrency" and "Australia," *Aaron Data* has relatively no similarities with this case, where there is a true localized controversy as there were actual Florida citizens working, operating, developing intellectual property, and mining bitcoins in Florida (not Australia) for years, where there was no Australian business deal, no assets located in Australia, and no key witness residing in Australia (including the Defendant himself who resides closer to Florida than Australia).

Australian proceedings – the Reply claims (at 15-17) that mail service is authorized by Article 10(a) of the Hague Convention. This is contrary to express Supreme Court precedent that holds the Convention **does not** "affirmatively authorize[] service by mail" and instead, is only authorized when both (i) the receiving country hasn't objected to it, and (ii) "service by mail is authorized under otherwise-applicable law." *Water Splash, Inc. v. Menon*, 137 S.Ct. 1504, 1513 (2017); *citing with approval Brockmeyer v. May*, 383 F.3d 798, 803-04 (9th Cir. 2004) ("In other words, we must look outside the Hague Convention for affirmative authorization of the international mail service that is merely not forbidden by Article 10(a). Any affirmative authorization of service by international mail . . . must come from the law of the forum in which the suit is filed."). Here, international service by mail isn't permitted under Australian law. As Defendant's own expert has testified (DE 33-1, ¶¶ 49-56), Australian law requires that Hague Convention service be performed via the designated Central Authority, upon application to the Australian court's Registrar. Thus, even if Craig did mail process to W&K in Florida (he didn't) the attempted service was invalid.

Local Rules 7.1(c) provides that a party must obtain leave of court to file a sur-reply. Here, leave is warranted because Defendant's misstatements of law and fact, left uncorrected, would present this Court with an inaccurate record upon which to base its decision.

Plaintiffs request until September 7, 2018 to file a sur-reply not to exceed 15 pages.

### S.D. FLA. L.R. 7.1 CERTIFICATION

Pursuant to S.D. Fla. L.R. 7.1(a)(3), counsel for Plaintiffs conferred with counsel for Defendant who opposes the relief requested.

4

Dated: August 23, 2018

Respectfully submitted,

*s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman, Esq.
Florida Bar No. 99762
Stephen N. Zack, Esq.
Florida Bar No. 145215
**BOIES SCHILLER FLEXNER LLP**
100 SE Second Street, Suite 2800
Miami, Florida  33131
Telephone:  (305) 539-8400
Facsimile:   (305) 539-1307
vfreedman@bsfllp.com
szack@bsfllp.com

Kyle W. Roche, Esq.
*Admitted Pro Hac Vice*
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile:  (914) 749-8300
kroche@bsfllp.com

*Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 23, 2018, a true and correct copy of the foregoing was filed with CM/ECF, which caused a copy to be served on all counsel of record

*/s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman