## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Case No. 18-cv-80176**

IRA KLEIMAN, as personal
representative of the estate of David Kleiman,
and W&K INFO DEFENSE RESEARCH, LLC,

      Plaintiffs,

v.

CRAIG WRIGHT,

      Defendant.

_____/

## ANSWER

Dr. Craig Wright answers the Amended Complaint as follows:

## ANSWER

Except to the extent expressly admitted here, Dr. Wright denies each and every allegation in the Amended Complaint. The numbered paragraphs in this answer correspond to the numbered paragraphs of the Amended Complaint, as do the headers.[1] Dr. Wright uses the terms as defined in the Amended Complaint. By answering the Amended Complaint, Dr. Wright does not admit the accuracy, validity, admissibility, or appropriateness of any of the Exhibits to the Amended Complaint and reserves all rights and objections with respect to those Exhibits.

## PARTIES

1.      Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, except that he believes that Ira Kleiman was the adopted brother of David Kleiman and has held himself out to be the personal representative of the estate.

---

[1] By referencing the headers, Dr. Wright does not in any way adopt them or acquiesce to their validity or accuracy. The use of the headers is simply for convenience of the Court and ease of review.

2.      Dr. Wright admits the allegations in the first sentence of paragraph 2 but lacks knowledge or information sufficient to form a belief as to the truth of the second sentence of paragraph 2. Dr. Wright denies the allegations in the last sentence.

3.      Dr. Wright admits the allegations in the first sentence of paragraph 3, but denies The allegations in the second sentence.

## JURISDICTION AND VENUE

4.      The allegations in paragraph 4 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response is required, Dr. Wright denies those allegations and notes that Plaintiff's Defense of Trade Secrets Act claim has been dismissed with prejudice. Thus, there is no jurisdiction pursuant to 28 U.S.C. § 1331 or 18 U.S.C. § 1836(c).

5.      The allegations in paragraph 5 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response is required, Dr. Wright denies those allegations.

6.      The allegations in paragraph 6 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response is required, Dr. Wright denies those allegations.

## INTRODUCTION

7.      The allegations in paragraph 7 of the Amended Complaint consist of legal conclusions and contain no factual allegations to which a response is required. To the extent that a response is required, Dr. Wright denies those allegations.

8.      The allegations in paragraph 8 of the Amended Complaint consist of legal conclusions and contain no factual allegation to which a response is required. To the extent that a

response is required, Dr. Wright denies those allegations.

9.      Dr. Wright admits the allegations in the first two sentences of paragraph 9 of the Amended Complaint except states that Bitcoin is a peer-to-peer digital currency. As for the last sentence of the paragraph, Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding its market cap.

10.     Dr. Wright denies the allegations in paragraph 10 of the Amended Complaint.

11.     Dr. Wright admits that Dave died on April 26, 2013, but lacks sufficient knowledge or information to form a belief as to the cause of Dave's death.

12.     The allegations in paragraph 12 of the Amended Complaint consist of legal conclusions and contain no factual allegation to which a response is required. To the extent that a response is required, Dr. Wright denies those allegations.

13.     The allegations in paragraph 13 of the Amended Complaint consist of legal conclusions and contain no factual allegation to which a response is required. To the extent that a response is required, Dr. Wright denies those allegations.

14.     Dr. Wright denies the allegations in paragraph 14, but admits that he Communicated with Ira, after originally reaching out to Louis Kleiman, Dave's father, several months after Dave's death.

15.     Dr. Wright denies the allegations in paragraph 15 of the Amended Complaint.

16.     Dr. Wright denies the allegations in paragraph 16 of the Amended Complaint.

17.     Dr. Wright denies the allegations in paragraph 17 of the Amended Complaint, but admits that he is the Chief Science Officer of NChain, a UK company.

18.     The allegations in paragraph 18 of the Amended Complaint consist of legal conclusions and contain no factual allegation to which a response is required. To the extent that a

response is required, Dr. Wright denies those allegations.

19.     The allegations in paragraph 19 of the Amended Complaint consist of legal conclusions and contain no factual allegation to which a response is required. To the extent that a response is required, Dr. Wright denies those allegations.

## FACTUAL ALLEGATIONS

### Bitcoin

20.     Dr. Wright admits the allegations in paragraph 20, except states that Bitcoin is a peer-to-peer digital currency. Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding its market cap.

21.     Dr. Wright denies the allegations in paragraph 21 of the Amended Complaint.

22.     Dr. Wright denies the first, third, and fifth sentences of paragraph 22 of the Amended Complaint and admits the second and fourth sentences of the paragraph.

23.     Dr. Wright denies the allegations in paragraph 23 of the Amended Complaint.

24.     Dr. Wright denies the allegations in paragraph 24 of the Amended Complaint.

25.     Dr. Wright denies the allegations in paragraph 25 of the Amended Complaint.

26.     Dr. Wright admits the allegations in paragraph 26 of the Amended Complaint, but denies the first sentence of the paragraph.

27.     Dr. Wright admits the allegations in paragraph 27 of the Amended Complaint.

28.     Dr. Wright admits the allegations in paragraph 28 of the Amended Complaint.

29.     Dr. Wright admits the allegations in paragraph 29 of the Amended Complaint.

### History of Bitcoin

30.     Dr. Wright admits the allegations in paragraph 30 of the Amended Complaint.

31.     Dr. Wright denies the allegations in paragraph 31 of the Amended Complaint.

32.     Dr. Wright denies the allegations in paragraph 32 of the Amended Complaint.

33.     Dr. Wright admits the allegations in paragraph 33 of the Amended Complaint.

34.     Dr. Wright admits the allegations in first two sentences of paragraph 34 of the Amended Complaint but lacks knowledge or information sufficient to form a belief as to the truth of the last sentence.

35.     Dr. Wright denies the allegations in paragraph 35 of the Amended Complaint.

36.     The allegations in paragraph 36 are based on a newspaper article that speaks for itself, and Dr. Wright denies any erroneous, incomplete, or out-of-context characterization of it. Further, Dr. Wright does not adopt any statements in the article.

## Bitcoin "forks"

37.     Dr. Wright admits the allegations in the first sentence of paragraph 37 of the Amended Complaint but denies the allegations in the second sentence.

38.     Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Amended Complaint.

39.     Dr. Wright denies the allegations in paragraph 39 of the Amended Complaint.

40.     Dr. Wright denies the allegations in paragraph 40 of the Amended Complaint.

41.     The allegations in paragraph 41 of the Amended Complaint are legal conclusions to which no response is required. To the extent that a response is required, Dr. Wright denies those allegations.

## Background on parties and key individuals

42.     Dr. Wright admits the allegations in paragraph 42 of the Amended Complaint.

43.     Dr. Wright admits the allegations in paragraph 43 of the Amended Complaint.

44.     Dr. Wright admits the allegations in paragraph 44 of the Amended Complaint.

45.     Dr. Wright admits the allegations in paragraph 45 of the Amended Complaint.

46.     Dr. Wright lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Amended Complaint.

47.     Dr. Wright admits the allegations in paragraph 47 of the Amended Complaint.

48.     Dr. Wright lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Amended Complaint but admits that Dave was in and out of the hospital from 2010 until his death and that Dave died on April 26, 2013.

49.     Dr. Wright lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Amended Complaint but admits that Ira was Dave's adopted brother and that Ira has held himself out as the personal representative of Dave's estate.

50.     Dr. Wright denies the allegations in paragraph 50 of the Amended Complaint, but admits he is an Australian computer scientist and businessman, he began his career in information technology working for various entities in Australia, including the Australian Securities Exchange, and he has numerous degrees and technical certifications.

51.     Dr. Wright denies the allegations in paragraph 51 of the Amended Complaint.

### Dave and Craig's early relationship

52.     Dr. Wright admits the allegations in paragraph 52 of the Amended Complaint.

53.     Dr. Wright admits the allegations in paragraph 53 of the Amended Complaint.

54.     Dr. Wright admits the allegations in paragraph 54 of the Amended Complaint, but denies discussions about difficult issues in cryptography.

55.     The allegations in paragraph 55 of the Amended Complaint are based on an email that speaks for itself, and Dr. Wright denies any erroneous, incomplete, or out-of-context

characterization of it, and any inaccurate inferences or conclusions derived from it.

56.     Dr. Wright denies the allegations in the first sentence of paragraph 56 of the Amended Complaint but admits that in late 2008 Craig communicated with Dave regarding the paper. Dr. Wright denies the allegations in the second sentence of paragraph 56.

57.     Dr. Wright denies the allegations in paragraph 57 of the Amended Complaint.

58.     Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Amended Complaint.

59.     Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Amended Complaint.

60.     Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Amended Complaint.

61.     Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Amended Complaint.

62.     The allegations in paragraph 62 of the Amended Complaint are based on an email that speaks for itself, and Dr. Wright denies any erroneous, incomplete, or out-of-context characterization of it, and any inaccurate inferences or conclusions derived from it.

63.     The allegations in paragraph 63 of the Amended Complaint are based on an email that speaks for itself, and Dr. Wright denies any erroneous, incomplete, or out-of-context characterization of it, and any inaccurate inferences or conclusions derived from it.

64.     The allegations in paragraph 64 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent that a response is required, Dr. Wright denies those allegations, but admits that Dave assisted in editing the Satoshi white paper.

65.     Dr. Wright denies the allegations in paragraph 65 of the Amended Complaint.

66.     The allegations in the first and last sentences of paragraph 66 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations. The allegations in the second sentence of paragraph 66 appear to be a quote from an email that has not been identified as an exhibit. As such, Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the allegations in that sentence or the accuracy of the quote.

### Dave and Craig created W&K to mine bitcoin and develop blockchain related intellectual property

67.     The allegations in paragraph 67 of the Amended Complaint consist of legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies the allegations in paragraph 67.

68.     Dr. Wright denies the allegations in paragraph 68 of the Amended Complaint.

69.     The allegations in paragraph 69 of the Amended Complaint are based on a document that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterization of it, and any inaccurate inferences or conclusions derived from it.

70.     Dr. Wright denies the allegations in the first sentence of paragraph 70, and states that he lacks knowledge or information sufficient to form a belief as to whether W&K has an operating agreement. The allegations in the second through fifth sentences of paragraph 70 are based on documents that speak for themselves, some of which were not legally obtained, and as such, no response to such scandalously obtained documents should be required. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of those documents, and any inaccurate inferences or conclusions derived therefrom. Dr. Wright also denies faking any contract or committing perjury. Dr. Wright further notes that the inclusion of Exhibit 9 of the Amended Complaint violates Australian law. The allegations in the last sentence of paragraph 70

appear to be speculation on the part of Plaintiffs to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

71.     The allegations in paragraph 71 contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies the allegations in paragraph 71.

72.     Dr. Wright denies the allegations in paragraph 72 of the Amended Complaint.

73.     Dr. Wright denies the allegations in paragraph 73 of the Amended Complaint.

74.     The allegations in paragraph 74 of the Amended Complaint are based on documents and emails that speak for themselves. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of those documents, and any inaccurate inferences or conclusions derived therefrom.

75.     The allegations in paragraph 75 of the Amended Complaint are based on admittedly leaked and unauthenticated documents that were not legally obtained, and as such, no response to such scandalously obtained documents should be required. Dr. Wright further notes that the inclusion of Exhibit 9 of the Amended Complaint violates Australian law. To the extent that a response is required, lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75, and Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of the documents referenced in paragraph 75, and any inaccurate inferences or conclusions derived therefrom.

76.     The allegations in paragraph 76 of the Amended Complaint are based on documents that speak for themselves. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of those documents, and any inaccurate inferences or conclusions derived therefrom.

77.     The allegations in paragraph 77 of the Amended Complaint are based on

documents that speak for themselves. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of those documents, and any inaccurate inferences or conclusions derived therefrom.

78.     The allegations in paragraph 78 of the Amended Complaint are based on documents that speak for themselves. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of those documents, and any inaccurate inferences or conclusions derived therefrom.

**Dave and/or W&K owned a substantial amount of bitcoin**

79.     The allegation in the first sentence of paragraph 79 is a legal conclusion to which no response is required. To the extent that a response is required, Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of that allegation. The allegations in the remainder of paragraph 79 are based on unidentified documents and conversations as well as admittedly leaked and unauthenticated documents, and as such, no response to such vague or scandalously obtained documents should be required. To the extent that a response is required, Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 79.

80.     To the extent discernable, the allegations in the first two sentences of paragraph 80 of the Amended Complaint are based on emails and documents (although not specifically identified) that speak for themselves, and Dr. Wright denies any erroneous, incomplete, or out-of-context characterization of them, and any inaccurate inferences or conclusions derived therefrom. The allegations in the last sentence of paragraph 80 appear to be speculation by Plaintiffs to which no response is required. To the extent a response is required, Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

81.     The allegations in paragraph 81 of the Amended Complaint are based on an email that speaks for itself, and Dr. Wright denies any erroneous, incomplete, or out-of-context characterization of it, and any inaccurate inferences or conclusions derived from it.

82.     The allegations in paragraph 82 of the Amended Complaint are based on admittedly leaked and unauthenticated documents that were not legally obtained, and as such, no response to such scandalously obtained documents should be required. Dr. Wright further notes that the inclusion of Exhibit 12 of the Amended Complaint violates Australian law. To the extent that a response is required, Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82.

83.     The allegations in paragraph 83 of the Amended Complaint are based on admittedly leaked and unauthenticated documents that were not legally obtained, and as such, no response to such scandalously obtained documents should be required. Dr. Wright further notes that the inclusion of Exhibit 9 of the Amended Complaint violates Australian law. To the extent that a response is required, Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83.

84.     The allegations in paragraph 84 of the Amended Complaint are based on admittedly leaked and unauthenticated documents, and as such, no response to such scandalously obtained documents should be required. To the extent that a response is required, Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84.

85.     Dr. Wright admits that he was interviewed by Andrew O'Hagan. The allegations in paragraph 85 are based on a document that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of that document, and any inaccurate inferences

or conclusions derived therefrom.

86.     The allegations in paragraph 86 of the Amended Complaint are based on an email that speaks for itself, and Dr. Wright denies any erroneous, incomplete, or out-of-context characterization of it, and any inaccurate inferences or conclusions derived therefrom.

87.     The allegations in paragraph 87 of the Amended Complaint are based on an email that speaks for itself, and Dr. Wright denies any erroneous, incomplete, or out-of-context characterization of it, and any inaccurate inferences or conclusions derived therefrom.

88.     The allegations in paragraph 88 of the Amended Complaint are based on an email that speaks for itself, and Dr. Wright denies any erroneous, incomplete, or out-of-context characterization of it, and any inaccurate inferences or conclusions derived therefrom.

89.     The allegations in paragraph 89 of the Amended complaint contain legal conclusions to which no response is required. To the extent that a response is required, Dr. Wright denies those allegations.

90.     The allegations in paragraph 90 of the Amended Complaint are based on an email that speaks for itself, and Dr. Wright denies any erroneous, incomplete, or out-of-context characterization of it, and any inaccurate inferences or conclusions derived from it.

91.     The allegations in the first two sentences of paragraph 91 of the Amended Complaint are based on a document that speaks for itself, and Dr. Wright denies any erroneous, incomplete, or out-of-context characterization of it, and any inaccurate inferences or conclusions derived from it. Dr. Wright denies the allegation in the last sentence of paragraph 91.

92.     The allegations in paragraph 92 of the Amended Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Dr. Wright denies those allegations.

93.     Dr. Wright denies the allegations in paragraph 93 of the Amended Complaint.

94.     The allegations in paragraph 94 of the Amended Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Dr. Wright denies those allegations.

**After Dave's death, Craig fraudulently converted the bitcoin and intellectual property that belonged to, and was possessed by, Dave and/or W&K**

95.     The allegations in paragraph 95 of the Amended Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Dr. Wright denies the allegations that he took sole ownership or control over anything that he was not entitled to.

96.     The allegations in paragraph 96 appear to be speculation on the part of Plaintiffs to which no response is required. In addition, the allegations in the last sentence of paragraph 96 contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

97.     The allegations in paragraph 97 of the Amended Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Dr. Wright denies the allegations in paragraph 97.

98.     The allegations in paragraph 98 of the Amended Complaint contain legal conclusions to which no response is required. To the extent that a response is required, Dr. Wright denies the allegations in paragraph 98.

99.     Dr. Wright denies the allegations in the first sentence of paragraph 99 of the Amended Complaint since electronic signatures including signature fonts can constitute an individual's signature. Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 99.

13

100.     Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 but admits that there are computer signature fonts.

101.     As Plaintiffs have failed to provide any time frame for the allegations in paragraph 101 of the Amended Complaint, Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the allegation but admits that Dave Kleiman's signatures on certain documents were computer generated. To the extent that the allegations in this paragraph are based on documents that speak for themselves, Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of those documents, and any inaccurate inferences or conclusions derived therefrom.

102.     The allegation in paragraph 102 is incomprehensible, and therefore, Dr. Wright denies it.

103.     The allegations in the first sentence of paragraph 103 of the Amended Complaint are based on a document that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterization of it, and any inaccurate inferences or conclusions derived from it. Dr. Wright denies the allegations in the second sentence of paragraph 103.

104.     The allegations in paragraph 104 of the Amended Complaint are based on a document that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterization of it, and any inaccurate inferences or conclusions derived therefrom. The allegations also appear to contain legal conclusions to which no response is required. To the extent that a response is required, Dr. Wright denies those allegations.

105.     The allegations in paragraph 105 of the Amended Complaint are based on documents that speak for themselves. Dr. Wright denies any erroneous, incomplete, or out-of-context characterization of them, and any inaccurate inferences or conclusions derived

14

therefrom.

106.    The allegations in paragraph 106 of the Amended Complaint are based on a document that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterization of it, and any inaccurate inferences or conclusions derived therefrom.

107.    The allegations in the first sentence of paragraph 107 contain legal conclusions to which no response is required. To the extent that those allegations require a response, they appear to be based on documents that speak for themselves. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of them, and any inaccurate inferences or conclusions derived therefrom. The second sentence of paragraph 107 appears to be speculation on the part of Plaintiffs to which no response is required. To the extent a response is required, Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth that sentence.

108.    The allegations in paragraph 108 are based on a document that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of it, and any inaccurate inferences or conclusions derived therefrom. Further, the last clause of the paragraph in parentheses is pure speculation on the part of Plaintiffs, which Dr. Wright denies.

109.    The allegations in paragraph 109 are based on a document that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of it, and any inaccurate inferences or conclusions derived therefrom.

110.    Dr. Wright denies the allegations in the first sentence of paragraph 110 of the Amended Complaint. The allegations in the remainder of paragraph 110 are based on uncertified, incomplete, unverified, and unreliable documents that were not legally obtained. As such, no response to these allegations should be required. To the extent that a response is

required, Dr. Wright denies the allegations in the paragraph, and notes that the inclusion of Exhibits 12 and 18 of the Amended Complaint violates Australian law.

111.    The allegations in paragraph 111 contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

112.    The allegations in paragraph 112 contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

113.    The allegations in paragraph 113 contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

114.    Dr. Wright lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 114.

115.    Dr. Wright denies the allegations in paragraph 115 of the Amended Complaint.

116.    The allegations in paragraph 116 contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

**Craig attempts to launder the stolen title to W&K's intellectual property, by securing "consent judgments" against W&K, without serving W&K, falsely representing W&K's consent, and using fraudulent contracts**

117.    The allegations in paragraph 117 are based on documents that speak for themselves. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of them, and any inaccurate inferences or conclusions derived therefrom.

118.    The allegations in paragraph 118 are based on documents that speak for themselves. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of them, and any inaccurate inferences or conclusions derived therefrom.

119.    Dr. Wright denies the allegation in the first sentence of paragraph 119 of the

Amended Complaint. Dr. Wright lacks knowledge or information sufficient to form a belief as to the allegations in the second sentence of paragraph 119.

120.     The allegations in paragraph 120 contain legal conclusions to which no response is required. To the extent a response is required, those allegations are based on documents that speak for themselves. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of them, and any inaccurate inferences or conclusions derived therefrom.

121.     The allegations in paragraph 121 contain legal conclusions to which no response is required. To the extent a response is required, those allegations are based on documents that speak for themselves. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of them, and any inaccurate inferences or conclusions derived therefrom.

122.     Dr. Wright denies the allegations in paragraph 122 of the Amended Complaint.

123.     Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 123. The remaining allegations in paragraph 123 are based on an email chain that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of the email chain, and any inaccurate inferences or conclusions derived therefrom.

124.     The allegations in paragraph 124 contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

125.     The allegations in paragraph 125 are based on a document that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of it, and any inaccurate inferences or conclusions derived therefrom.

126.     The allegations in paragraph 126 are based on a document that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of it, and any

17

inaccurate inferences or conclusions derived therefrom.

127.     The allegations in paragraph 127 are based on a document that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of it and any inaccurate inferences or conclusions derived therefrom.

128.     The allegations in the first sentence of paragraph 128 contains legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations. The allegations in the second sentence of paragraph 128 are based on documents that speak for themselves. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of them, and any inaccurate inferences or conclusions derived therefrom.

129.     The allegations in the first sentence of paragraph 129 contain legal conclusions to which no response is required. To the extent a response is required, those allegations are based on a document that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of it, and any inaccurate inferences or conclusions derived therefrom. Dr. Wright admits that W&K, as defined in the Amended Complaint, did not exist until 2011, but notes that other companies in other countries that also contained W&K in their names were in existence prior to 2011.

130.     The allegations in the first sentence of paragraph 130 are based on a document that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of it, and any inaccurate inferences or conclusions derived therefrom. The second sentence of paragraph 130 contains legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies the allegations in that sentence, but does not dispute that the document referenced says what it says. He denies any erroneous, incomplete, or out-of-context characterizations of it, and any inaccurate inferences or conclusions derived

therefrom.

131.     The allegations in paragraph 131 contain legal conclusions to which no response is required. Further, the allegations are based on uncertified, incomplete, unverified, and unreliable documents that were not legally obtained. As such, no response to these allegations should be required. Dr. Wright further notes that the inclusion of Exhibit 12 of the Amended Complaint violates Australian law. To the extent a response is required, Dr. Wright denies the allegations in paragraph 131. To the extent that the paragraph relies on and references the allegations in paragraphs 142–143, Dr. Wright fully incorporates his responses to those paragraphs here as well.

### Craig reaches out to Ira to cover up his fraud, deceive Ira into believing him, secure an ally in his fight against the ATO

132.     The allegations in paragraph 132 appear to be speculation on the part of Plaintiffs to which no response is required. To the extent a response is required, Dr. Wright denies the allegations, but admits that he reached out to Louis Kleiman.

133.     The allegations in the first sentence of paragraph 130 are based on an email that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of it, and any inaccurate inferences or conclusions derived therefrom. Dr. Wright lacks knowledge or information sufficient to form a belief as to the age of Louis Kleiman in February 2014.

134.     Dr. Wright lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134, but admits that after he corresponded with Louis Kleiman, he began corresponding with Ira Kleiman primarily.

135.     To the extent that the allegations in paragraph 135 are based on documents, they

speak for themselves, and Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of them, and any inaccurate inferences or conclusions derived therefrom. In all other respects, Dr. Wright denies the allegation in paragraph 135.

136.    The allegations in paragraph 136 are based on an email that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of it, and any inaccurate inferences or conclusions derived therefrom.

137.    The allegations in paragraph 137 are based on an email that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of it, and any inaccurate inferences or conclusions derived therefrom.

138.    The allegations in paragraph 138 contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

139.    The allegations in the first sentence of paragraph 139 contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies the allegations in that sentence, but does not dispute that the document referenced therein says what it says. He denies any erroneous, incomplete, or out-of-context characterizations of it, and any inaccurate inferences or conclusions derived therefrom. The allegations in the second and third sentences of paragraph 139 are based on a document that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of it, and any inaccurate inferences or conclusions derived therefrom. The allegations in the last sentence of paragraph 139 contain legal conclusions to which no response is required. Further, the allegations in that sentence are based on uncertified, incomplete, unverified, and unreliable documents that were not legally obtained, and as such, no response to such scandalously obtained documents should be required. Dr. Wright notes that the inclusion of Exhibit 18 of the Amended Complaint violates Australian

law. As such, no response to these allegations should be required. To the extent a response is

required, Dr. Wright denies the allegations in the last sentence of paragraph 139.

140.    Dr. Wright denies the allegations in paragraph 140.

**The ATO reached out to Ira to verify Craig's allegations over W&K, and provided Ira with documents that demonstrate Craig assumed control over intellectual property that belonged to W&K and/or Dave**

141.    Dr. Wright lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 141 of the Amended Complaint and denies that he had any

expectation that the ATO would reach out to Ira.

142.    Dr. Wright lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 142 of the Amended Complaint.

143.    The allegations in paragraph 143 are based on documents that speak for

themselves. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of

them, and any inaccurate inferences or conclusions derived therefrom.

**Craig continues to assure Ira and reveals the nature of the intellectual property owned by, and misappropriate from, W&K and Dave[2]**

144.    The allegations in paragraph 144 are based on an email chain that speaks for

itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of the

email chain, and any inaccurate inferences or conclusions derived therefrom.

145.    The allegations in paragraph 145 are based on an email chain that speaks for

itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of the

email chain, and any inaccurate inferences or conclusions derived therefrom.

146.    The allegations in paragraph 146 are based on an email chain that speaks for

---

[2] Dr. Wright notes that all misappropriation claims have been dismissed with prejudice.

itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of the email chain, and any inaccurate inferences or conclusions derived therefrom.

147.    The allegations in paragraph 147 are based on documents that speak for themselves. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of them, and any inaccurate inferences or conclusions derived therefrom

148.    The allegations in paragraph 148 are based on articles that speak for themselves. Dr. Wright does not adopt any statements in those articles and denies any erroneous, incomplete, or out-of-context characterizations of them, and any inaccurate inferences or conclusions derived therefrom. Dr. Wright also denies the allegations in paragraph 148 of the Amended Complaint.

149.    Dr. Wright denies the allegations in paragraph 149 of the Amended Complaint.

150.    Dr. Wright denies the allegations in paragraph 150 of the Amended Complaint.

151.    The allegations in paragraph 151 are based on an email chain that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of the email chain, and any inaccurate inferences or conclusions derived therefrom.

152.    The allegations in paragraph 152 are based on an email chain that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of the email chain, and any inaccurate inferences or conclusions derived therefrom.

153.    The allegations in paragraph 153 are based on an email chain that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of the email chain, and any inaccurate inferences or conclusions derived therefrom.

**Craig claims that he and Dave are Satoshi Nakamoto**

154.    The allegations in paragraph 154 are based on articles that speak for themselves,

and notably, are admittedly based on leaked and unauthenticated documents. Dr. Wright does not adopt any statements in those articles and denies any erroneous, incomplete, or out-of-context characterizations of them, and any inaccurate inferences or conclusions derived therefrom.

155.    The allegations in paragraph 155 are based on an article that speak for itself. Dr. Wright does not adopt any statements in that articles and denies any erroneous, incomplete, or out-of-context characterizations of it and any inaccurate inferences or conclusions derived therefrom.

156.    Dr. Wright admits that he was interviewed by Andrew O'Hagan. The allegations in paragraph 156 are based on a document that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of that document, and any inaccurate inferences or conclusions derived therefrom. Dr. Wright denies all remaining allegations in paragraph 156.

157.    The allegations in paragraph 157 appear to be based on various emails, presumably attached to the Amended Complaint. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of the email chain, and any inaccurate inferences or conclusions derived therefrom.

158.    Dr. Wright admits the allegations in the first sentence of paragraph 158 but denies the allegations in the second sentence.

159.    Dr. Wright denies the allegations in paragraph 159.

**Fraud on this Court**

160.    Dr. Wright admits that the allegations in paragraph 160 are the same allegations that Plaintiffs set forth in their initial complaint.

161.    The allegations in paragraph 161 are based on a document that speaks for itself.

23

Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of the email chain, and any inaccurate inferences or conclusions derived therefrom.

162.    The allegations in paragraph 162 contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

163.    The allegations in paragraph 163 are based on a document that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of the document, and any inaccurate inferences or conclusions derived therefrom. Dr. Wright denies the remaining allegations in the paragraph.

164.    The allegations in paragraph 164 are based on a document that speaks for itself. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of the document, and any inaccurate inferences or conclusions derived therefrom. Dr. Wright denies the remaining allegations in the paragraph.

165.    The allegations in paragraph 165 are based on documents that speak for themselves. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of them and any inaccurate inferences or conclusions derived therefrom.

166.    Dr. Wright denies the allegations in paragraph 166.

167.    The allegations in paragraph 167 are based on documents that speak for themselves. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of them and any inaccurate inferences or conclusions derived therefrom.

168.    The allegations in paragraph 168 are based on documents that speak for themselves. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of them and any inaccurate inferences or conclusions derived therefrom.

169.    The allegations in paragraph 169 are based on documents that speak for

themselves. Dr. Wright denies any erroneous, incomplete, or out-of-context characterizations of them and any inaccurate inferences or conclusions derived therefrom. To the extent that the paragraph relies on and references the allegations in paragraph 120, Dr. Wright fully incorporates his responses to that paragraph here as well.

170.    Dr. Wright denies the allegations in paragraph 170.

### CLAIMS FOR RELIEF
### COUNT I
### Conversion
*(Asserted by the Estate and W&K)*

171.    The allegations in paragraph 171 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

172.    The allegations in paragraph 172 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

### COUNT II
### Unjust Enrichment
*(Asserted by Estate and W&K)*

173.    The allegations in paragraph 173 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

174.    The allegations in paragraph 174 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

175.    The allegations in paragraph 175 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright

denies those allegations.

176.    The allegations in paragraph 176 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

177.    The allegations in paragraph 177 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

## COUNT III
### Misappropriation
*(Asserted by the Estate and W&K)*

178.    This claim has been dismissed by the Court with prejudice. As such, no response to paragraphs 178 through 184 is required.

## COUNT IV
### Federal Defense of Trade Secrets Act
*(Asserted by the Estate and W&K)*

185.    This claim has been dismissed by the Court with prejudice. As such, no response to paragraphs 185 through 191 is required.

## COUNT V
### Breach of Fiduciary Duty
*(Asserted by the Estate and W&K)*

192.    The allegations in paragraph 192 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

193.    The allegations in paragraph 193 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

194.     The allegations in paragraph 194 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

195.     The allegations in paragraph 195 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

196.     The allegations in paragraph 196 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

**COUNT VI**
**Breach of Partnership Duties of Loyalty and Care**
*(Asserted by the Estate)*

197.     The allegations in paragraph 197 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

198.     The allegations in paragraph 198 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

199.     The allegations in paragraph 199 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

200.     The allegations in paragraph 200 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

201.    The allegations in paragraph 201 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

## COUNT VII
### Fraud
*(Asserted by the Estate and W&K)*

202.    The allegations in paragraph 202 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

203.    The allegations in paragraph 203 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

204.    The allegations in paragraph 204 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

205.    The allegations in paragraph 205 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

## COUNT VIII
### Constructive Fraud
*(Asserted by the Estate and W&K)*

206.    The allegations in paragraph 206 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

207.    The allegations in paragraph 207 of the Amended Complaint contain legal

conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

208.    The allegations in paragraph 208 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

209.    The allegations in paragraph 209 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

210.    The allegations in paragraph 210 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

211.    The allegations in paragraph 211 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

212.    The allegations in paragraph 212 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

**COUNT IX**
**Permanent Injunction**
*(Asserted by the Estate and W&K)*

213.    The allegations in paragraph 213 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

214.    The allegations in paragraph 214 of the Amended Complaint contain legal

conclusions to which no response is required. To the extent a response is required, Dr. Wright denies those allegations.

## AFFIRMATIVE DEFENSES

Dr. Wright asserts the following affirmative defenses without undertaking or assuming the burden of proof on any issue or matter for which such burden would not otherwise be his.

### FIRST AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiffs' claims are barred by the applicable statute(s) of limitations.

### SECOND AFFIRMATIVE DEFENSE
### (Laches)

Plaintiffs unreasonably delayed filing this action. Their unreasonable delay prejudiced Dr. Wright's assertion of rights and defenses. Plaintiffs' claims are barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
### (Good Faith)

To the extent Plaintiffs allege that the 2011 Intellectual Property License Funding Agreement, the 2012 Deed of Loan, and the 2013 Contract for the Sale of Shares of Company Owning Business ("the Contracts") are unenforceable, Dr. Wright acted in good faith to effectuate David Kleiman's intent after David Kleiman's death.

### FOURTH AFFIRMATIVE DEFENSE
### (Accord and Satisfaction)

Plaintiffs' claims are barred by accord and satisfaction because, by agreement, Plaintiffs received shares in a corporation from Dr. Wright as compensation for rights of David Kleiman.

### FIFTH AFFIRMATIVE DEFENSE
**(Release)**

Plaintiffs, by accepting shares in a corporation from Dr. Wright as compensation for

rights of David Kleiman, released Dr. Wright.

### SIXTH AFFIRMATIVE DEFENSE
**(Payment)**

Plaintiffs' claims are barred because they received payment in the form of shares in a

corporation.

### SEVENTH AFFIRMATIVE DEFENSE
**(Set-off)**

Plaintiffs' damages, if any, are set-off by their receipt of shares in a corporation from Dr.

Wright as compensation for rights of David Kleiman.

### EIGHTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate Damages)**

Plaintiffs failed to mitigate their alleged damages because Plaintiffs failed to sell the

shares in the corporation they received from Dr. Wright as compensation for rights of David

Kleiman when offered money in exchange for those shares.

### SEVENTH AFFIRMATIVE DEFENSE
**(Waiver)**

Plaintiffs' claims are barred by waiver because Plaintiffs accepted shares in a corporation

as satisfaction of David Kleiman's rights and waited years to file this action.

### EIGHTH AFFIRMATIVE DEFENSE
**(Estoppel)**

Plaintiffs are estopped from asserting their claims of fraud against Dr. Wright because

they were aware of the Australian Taxation Office investigation, as well as the New South Wales

lawsuit against W&K Info Defense Research, LLC, no later than April 2014, and took no action

in those proceedings that are in any way consistent with the allegations they now make about those proceedings in this action.

### NINETH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiffs' claims are barred by the doctrine of unclean hands because, *inter alia*, Ira Kleiman, as the representative of David Kleiman's estate, manipulated his dead brother's estate to avoid payment of taxes.

### TENTH AFFIRMATIVE DEFENSE
### (Statute of Frauds)

Plaintiffs' alleged oral partnership agreement is barred by the statute of frauds because there was no written partnership agreement between Dr. Wright and David Kleiman and/or W&K Info Defense Research, LLC.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction)

This Court lacks personal jurisdiction over Dr. Wright under Fla. Stat. §48.193(1)(a). Dr. Wright never performed any relevant act while physically in the state of Florida nor any tortious act causing injury in the state of Florida and does not possess minimum contacts with the state of Florida from which Plaintiffs' claims arise or to which they relate.

### TWELFTH AFFIRMATIVE DEFENSE
### (Res Judicata and Collateral Estoppel)

The res judicata and collateral estoppel effect of judgments rendered more than five years ago by the Supreme Court of New South Wales bar Plaintiffs' claims arising from Dr. Wright's alleged ownership and possession of W&K Info Defense Research, LLC's intellectual property.

DATED: January 10, 2019

Respectfully submitted,

RIVERO MESTRE LLP
*Attorneys for Craig Wright*
2525 Ponce de Leon Boulevard,
Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: amcgovern@riveromestre.com
Email: arolnick@riveromestre.com
Email: zmarkoe@riveromestre.com
Email: receptionist@riveromestre.com

By: s/ Andres Rivero
ANDRES RIVERO
Florida Bar No. 613819
AMANDA MCGOVERN
Florida Bar No. 964263
ALAN H. ROLNICK
Florida Bar No. 715085
ZAHARAH R. MARKOE
Florida Bar No. 504734

## **<u>CERTIFICATE OF SERVICE</u>**

I certify that on January 10, 2019, I electronically filed this document with the Clerk of

the Court using CM/ECF. I also certify that this document is being served today on all counsel of

record either by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S.

Mail.

<u>/s/ Andrés Rivero</u>
Andrés Rivero
