# EXHIBIT 11

FILED

1 3 AUG 2013



VO

Form 3B (version 4)
UCPR 6.2

# STATEMENT OF CLAIM

## COURT DETAILS

Court                               NSW Supreme Court

Division                            General division / Common Law

List                                General

Registry                            Sydney

Case number                         2013 | 245661

## TITLE OF PROCEEDINGS

Plaintiff                           **Craig Steven Wright (ABN 97 481 146 384)**


Defendant                           **W&K INFO DEFENSE RESEARCH LLC**

## FILING DETAILS

Filed for                           **Craig S Wright**

                                    Plaintiff

Contact name and telephone          Craig S Wright

                                    0417 683 914

Contact email                       Craig S Wright (craigswright@acm.org)

## TYPE OF CLAIM

Mercantile Law - Sale of Goods and Services – Contractual Dispute

~~Mercantile Law – Other – Money Lent~~

## RELIEF CLAIMED

1      That the defendant pay the plaintiff the total amount claimed below.

| | |
|---|---|
| Amount of claim | $ $28,533,016.79 |
| Interest | $ 0 |
| Filing fees | $ 999.00 |
| Service fees | $ 34.00 |
| Solicitors fees | $ 0.00 |
| **TOTAL** | **$ $28,534,049.79** |

## PLEADINGS AND PARTICULARS

1      Between 2011 and 2013 the plaintiff provided contract labour services to the defendant. The plaintiff loaned money to the defendant to the defendant at a set interest rate with a commercial expectation that the said monies would be repaid in full when a project was completed.

2      This was issued in Bitcoin. The value at the current date is $13,917,775.

3      The Software and SDK developed under this project is guaranteed against the amounts of this claim.

4      The defendant is a company that operates from Palm Beach, FL, USA and does research in homeland security research.

5      By contract dated 8 January 2009, the Defendant agreed to pay the Plaintiff for property and consulting services to complete research. The contract was bonded against the intellectual property of the defendant.

6      The material terms of the purchase contract were:

      a.  The Plaintiff was the contractor and financier

      b.  The Defendant was the Vendor

      c.  Completion was to take place on 30 June 2013.

      d.  Time was of the essence of the contract.

      e.  That in the event that the Purchaser breached the contract, the Seller could either affirm or terminate the contract with a full return of value.

7      The plaintiff conducted a project for the development of a Bitcoin SDK and exchange.



8       The contract was executed with an agreement that all created Intellectual property reverts to the ownership of the plaintiff with interest if the project concludes without assignment of shares in the defendant.

9       The contract set the interest rate at 12% calculated annually.

10      The exchange rate was contracted with a formula to be $1.12 at the point of breach.

11      The funding was supplied using Bitcoin and Gold bonds.

12      A bond of Au $20,000,000.00 was provided to cover funding aspects of the research and for the provision of ASC hardware as a pooled amount with a depreciated capitals value of $8,828,571.29 with straight line depreciation which has 5 years remaining.

13      The contract stated that a breach would lead to liquidated damages to the amounts stated as the project limits. If the liquidated amount is not paid all IP and systems returns to the sole ownership of the plaintiff.

14      The IP is software and code used in the creation of a Bitcoin system.

15      The defendant is unable to complete its responsibilities due to the death of its director, Mr Kleiman.

16      The total debt after depreciation of the hardware comes to $22,746,346.29 in Australian dollars. The Interest on this amount is calculated at $AU 5,786,670.50.

17      The plaintiff claims:

        Debt of $ $28,533,016.79.

        Interest pursuant to section 100 Civil Procedure Act 2005 from 01 July 2013 to judgement.

**SIGNATURE**

I acknowledge that court fees may be payable during these proceedings.  These fees may include a hearing allocation fee.

Signature

Capacity                    Plaintiff

Date of signature       1 2 Aug 13

4

## NOTICE TO DEFENDANT

**If you do not file a defence within 28 days of being served with this statement of claim:**

- **You will be in default in these proceedings.**
- **The court may enter judgment against you without any further notice to you.**

The judgment may be for the relief claimed in the statement of claim and for the plaintiff's costs of bringing these proceedings. The court may provide third parties with details of any default judgment entered against you.

## HOW TO RESPOND

**Please read this statement of claim very carefully. If you have any trouble understanding it or require assistance on how to respond to the claim you should get legal advice as soon as possible.**

You can get further information about what you need to do to respond to the claim from:

- A legal practitioner.
- LawAccess NSW on 1300 888 529 or at www.lawaccess.nsw.gov.au.
- The court registry for limited procedural information.

You can respond in one of the following ways:

1  **If you intend to dispute the claim or part of the claim,** by filing a defence and/or making a cross-claim.

2  **If money is claimed, and you believe you owe the money claimed,** by:

- Paying the plaintiff all of the money and interest claimed.  If you file a notice of payment under UCPR 6.17 further proceedings against you will be stayed unless the court otherwise orders.
- Filing an acknowledgement of the claim.
- Applying to the court for further time to pay the claim.

3  **If money is claimed, and you believe you owe part of the money claimed**, by:

- Paying the plaintiff that part of the money that is claimed.
- Filing a defence in relation to the part that you do not believe is owed.

Court forms are available on the UCPR website at www.lawlink.nsw.gov.au/ucpr or at any NSW court registry.

## REGISTRY ADDRESS

| | |
|---|---|
| Street address | 184 Phillip St, Sydney NSW 2000 |
| Postal address | Supreme Court of NSW, GPO Box 3, Sydney NSW 2001 Australia  2000 |
| Telephone | (02) 9377 5840 |

## #AFFIDAVIT VERIFYING

| | |
|---|---|
| Name | Craig Steven Wright |
| Address | 43 St Johns Ave Gordon NSW 2072 |
| Occupation | Lecturer/Director |
| Date | 12 Aug 2013 |

I say on oath:

1        I am the plaintiff.

2        I believe that the allegations of fact in the statement of claim are true.

SWORN at                              Gordon

Signature of deponent

Name of witness              ~~Craig Steven Wright~~

Address of witness  818 Pacific Hwy Gordon NSW 2072

CHRISTIAN HOFMANN
Reg. No 195484
Justice of the Peace in and for
the State of New South Wales

Capacity of witness              Justice of the peace

And as a witness, I certify the following matters concerning the person who made this affidavit (the **deponent**):

1        #I saw the face of the deponent. [OR, delete whichever option is inapplicable]

~~#I did not see the face of the deponent because the deponent was wearing a face covering, but I am
satisfied that the deponent had a special justification for not removing the covering.*~~

2        ~~#I have known the deponent for at least 12 months. [OR, delete whichever option is inapplicable]~~

#I have confirmed the deponent's identity using the following identification document:

NSW Driver Licence

Identification document relied on (may be original or certified copy) †

Signature of witness

Note:  The deponent and witness must sign each page of the affidavit.  See UCPR 35.7B.

[* The only "special justification" for not removing a face covering is a legitimate medical reason (at April 2012).]

[†"Identification documents" include current driver licence, proof of age card, Medicare card, credit card,
Centrelink pension card, Veterans Affairs entitlement card, student identity card, citizenship certificate, birth
certificate, passport or see Oaths Regulation 2011.]

## #PARTY DETAILS

### PARTIES TO THE PROCEEDINGS

**Plaintiff**

Craig Steven Wright

**Defendant**

W&K INFO DEFENSE RESEARCH LLC

4371 Norhtlake Blvd #314

Palm Beach

FL 33410 - 6253 [Defendant]

### FURTHER DETAILS ABOUT PLAINTIFF[S]

**Plaintiff**

| | |
|---|---|
| Name | Craig Steven Wright |
| Address | 43 St Johns Ave |
| | Gordon NSW 2072 |

**Contact details for plaintiff acting in person or by authorised officer**

| | |
|---|---|
| Address for service | as above |
| Telephone | 0417 683 914 |
| Email | craigswright@acm.org |

### DETAILS ABOUT DEFENDANT

**Defendant**

| | |
|---|---|
| Name | W&K INFO DEFENSE RESEARCH LLC |
| Address | 4371 Norhtlake Blvd #314 |
| | Palm Beach |
| | FL 33410 - 6253 |

Form 3B (version 4)
UCPR 6.2

FILED

2 5 JUL 2016

# STATEMENT OF CLAIM 

## COURT DETAILS

| | |
|---|---|
| Court | NSW Supreme Court |
| Division | General division *Common Law* |
| List | *General .* |
| Registry | Sydney |
| Case number | 2013 / 225983 |

## TITLE OF PROCEEDINGS

Plaintiff **Craig Steven Wright (ABN 97 481 146 384)**

Defendant **W&K INFO DEFENSE RESEARCH LLC**

## FILING DETAILS

| | |
|---|---|
| Filed for | **Craig S Wright** |
| | Plaintiff |
| Contact name and telephone | Craig S Wright |
| | 0417 683 914 |
| Contact email | Craig S Wright (craigswright@acm.org) |

## TYPE OF CLAIM

Mercantile Law - Sale of Goods and Services – Contract ~~ual~~ *Dispute -*

~~Mercantile Law – Other – Money Lent~~

*... has been listed before the Court*
30 October 2013
9.00am

*Clerk of the Court*



2

**RELIEF CLAIMED**

1    That the defendant pay the plaintiff the total amount claimed below.

|                 |                   |
|-----------------|-------------------|
| Amount of claim | $ 28,253,633.00   |
| Interest        | $ 0               |
| Filing fees     | $ 999.00          |
| Service fees    | $ 34.00           |
| Solicitors fees | $ 0.00            |
| **TOTAL**       | **$ 28,254,666.00** |

**PLEADINGS AND PARTICULARS**

1    Between 2011 and 2013 the plaintiff provided contract labour services to the defendant. The plaintiff loaned money to the defendant to the defendant at a set interest rate with a commercial expectation that the said monies would be repaid in full when a project was completed.

2    The defendant is a company that operates from Palm Beach, FL, USA and does research in homeland security research.

3    By contract dated 27 October 2008, the Defendant agreed to pay the Plaintiff for property and consulting services to complete research. The contract was bonded against the intellectual property of the defendant.

4    The material terms of the purchase contract were:

    a.  The Plaintiff was the contractor and financier

    b.  The Defendant was the Vendor

    c.  Completion was to take place on 30 June 2013.

    d.  Time was of the essence of the contract.

    e.  That in the event that the Purchaser breached the contract, the Seller could either affirm or terminate the contract with a full return of value.

5    The plaintiff conducted four (4) projects associated with the DHS (Dept. of Homeland Security USA) with the defendant under contract:

    a.  BAA 11-02-TTA 01-0127-WP: TTA 01 - Software Assurance: Software Assurance through Economic Measures



3

      b.  BAA 11-02-TTA 05-0155-WP: TTA 05 - Secure. Resilient Systems and Networks

      c.  BAA 11-02-TTA 09-0049-WP: TTA 09 - Cyber Economics

      d.  BAA 11-02-TTA 14-0025-WP: TTA 14 - Software Assurance MarketPlace (SWAMP)

6      In May 2013 the primary director of the defendant died leaving the project not transferred to the plaintiff and not returning funds. These funds were rated as:

      a.  TTA 01     US$ 650,000

      b.  TTA 05     US$ 1,8000,000

      c.  TTA 09     US$ 2,200,000

      d.  TTA 14     US$ 1,200,000

7      The contract was executed with an agreement that all created Intellectual property reverts to the ownership of the plaintiff with interest if the project concludes without assignment of shares in the defendant.

8      The contract set the interest rate at 8% calculated annually.

9      The exchange rate was contracted with a formula to be $1.12 at the point of breach.

10     The funding was supplied using Bitcoin and Gold bonds.

11     A bond of Au $20,000,000.00 was provided to cover funding aspects of the research.

12     The contract stated that a breach would lead to liquidated damages to the amounts stated as the project limits. If the liquidated amount is not paid all IP returns to the sole ownership of the plaintiff.

13     The IP is software and code used by the US Military, DHS and other associated parties.

14     The defendant is unable to complete its responsibilities due to the death of its director, Mr Kleiman.

15     The debt of US$ 5,850,000 comes to $6,552,000 in Australian $. The Interest on this amount is calculated at $AU 1,701,633.00.

16     The plaintiff claims:

Debt of $ 28,253,633.00



4

Interest pursuant to section 100 Civil Procedure Act 2005 from 01 July 2013 to judgement.

## SIGNATURE

I acknowledge that court fees may be payable during these proceedings.  These fees may include a hearing allocation fee.

Signature

Capacity                          Plaintiff

Date of signature            25 Jul 13



5

**NOTICE TO DEFENDANT**

**If you do not file a defence within 28 days of being served with this statement of claim:**

- **You will be in default in these proceedings.**
- **The court may enter judgment against you without any further notice to you.**

The judgment may be for the relief claimed in the statement of claim and for the plaintiff's costs of bringing these proceedings. The court may provide third parties with details of any default judgment entered against you.

**HOW TO RESPOND**

**Please read this statement of claim very carefully. If you have any trouble understanding it or require assistance on how to respond to the claim you should get legal advice as soon as possible.**

You can get further information about what you need to do to respond to the claim from:

- A legal practitioner.
- LawAccess NSW on 1300 888 529 or at www.lawaccess.nsw.gov.au.
- The court registry for limited procedural information.

You can respond in one of the following ways:

1   **If you intend to dispute the claim or part of the claim,** by filing a defence and/or making a cross-claim.

2   **If money is claimed, and you believe you owe the money claimed,** by:

- Paying the plaintiff all of the money and interest claimed.  If you file a notice of payment under UCPR 6.17 further proceedings against you will be stayed unless the court otherwise orders.
- Filing an acknowledgement of the claim.
- Applying to the court for further time to pay the claim.

3   **If money is claimed, and you believe you owe part of the money claimed**, by:

- Paying the plaintiff that part of the money that is claimed.
- Filing a defence in relation to the part that you do not believe is owed.

Court forms are available on the UCPR website at www.lawlink.nsw.gov.au/ucpr or at any NSW court registry.

**REGISTRY ADDRESS**

| | |
|---|---|
| Street address | 184 Phillip St, Sydney NSW 2000 |
| Postal address | Supreme Court of NSW, GPO Box 3, Sydney NSW 2001 Australia  2000 |
| Telephone | (02) 9377 5840 |



6

**#AFFIDAVIT VERIFYING**

Name                    Craig Steven Wright

Address                 43 St Johns Ave Gordon NSW 2072

Occupation              Lecturer/Director

Date                    23 July 2012

I say on oath:

1       I am the plaintiff.

2       I believe that the allegations of fact in the statement of claim are true.

SWORN at                Gordon

Signature of deponent

Name of witness         ~~Craig Steven Wright~~        Karle Wiggins.

Address of witness      KARLIE WIGGINS
                        Reg. No. 194194              **Ku·ring·gai Council**
                        A Justice of the Peace in and for the
                        State of New South Wales     818 Pacific Highway, Gordon
Capacity of witness     Justice of the peace         Locked Bag 1056, Pymble, NSW 2073
                                                     ABN: 86 408 856 411

And as a witness, I certify the following matters concerning the person who made this affidavit (the **deponent**):

1       #I saw the face of the deponent. [OR delete whichever option is inapplicable]
        #I did not see the face of the deponent because the deponent was wearing a face covering, but I am
        satisfied that the deponent had a special justification for not removing the covering.*

2       #I have known the deponent for at least 12 months. [OR delete whichever option is inapplicable]
        #I have confirmed the deponent's identity using the following identification document:

                        NSW D/L.  12510410 .
                        Identification document relied on (may be original or certified copy) †

Signature of witness    _____

Note: The deponent and witness must sign each page of the affidavit. See UCPR 35.7B.

_____

[* The only "special justification" for not removing a face covering is a legitimate medical reason (at April 2012).]

[†"Identification documents" include current driver licence, proof of age card, Medicare card, credit card,
Centrelink pension card, Veterans Affairs entitlement card, student identity card, citizenship certificate, birth
certificate, passport or see Oaths Regulation 2011.]



8

# #PARTY DETAILS

## PARTIES TO THE PROCEEDINGS

| Plaintiff | Defendant |
|---|---|
| Craig Steven Wright | W&K INFO DEFENSE RESEARCH LLC |
| | 4371 Norhtlake Blvd #314 |
| | Palm Beach |
| | FL 33410 - 6253 [Defendant] |

## FURTHER DETAILS ABOUT PLAINTIFF[S]

**Plaintiff**

| Name | Craig Steven Wright |
|---|---|
| Address | 43 St Johns Ave |
| | Gordon NSW 2072 |

**Contact details for plaintiff acting in person or by authorised officer**

| Address for service | as above |
|---|---|
| Telephone | 0417 683 914 |
| Email | craigswright@acm.org |

## DETAILS ABOUT DEFENDANT

**Defendant**

| Name | W&K INFO DEFENSE RESEARCH LLC |
|---|---|
| Address | 4371 Norhtlake Blvd #314 |
| | Palm Beach |
| | FL 33410 - 6253 |

