# Exhibit 2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>*Plaintiffs,*<br><br>v.<br><br>CRAIG WRIGHT<br><br>*Defendant.* | CASE NO.: 9:18-cv-80176-BB |

## PLAINTIFF IRA KLEIMAN'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33 and Local Rule 26.1, Plaintiff Ira Kleiman, as personal representative of the estate of David Kleiman, hereby serves the following Interrogatories, and request that within thirty (30) days after service, Defendant Craig Wright answer the Interrogatories fully, in writing, and under oath.

## DEFINITIONS

For the purposes of these interrogatories, the following definitions shall apply:

1. The term "Plaintiff" shall mean IRA KLEIMAN, as the personal representative of the Estate of David Kleiman.

2. The terms "Defendant," "you," "yours" and/or "yourselves" shall mean Defendant Craig Wright.

3. The term "Action" shall mean the lawsuit currently pending *Ira Kleiman, et al. v. Craig Wright*, Case No. 9:18-cv-80176-BB in the U.S. District Court, Southern District of Florida.

1

4. The terms "document" or "documents" shall mean any written, typewritten, handwritten, printed, graphic, photographic, electronic or recorded materials, including, but not limited to the following: correspondence and drafts of correspondence; e-mails; SMS messages; Whatsapp messages; Signal messages; Twitter DMs; Facebook messages; any other form of messages or communications; notes or summaries of conversations; forms; schedules or worksheets; memoranda; reports; comments; worksheets; plans; minutes; notes; notices or notifications; findings; brochures; circulars; bulletins; advertisements; records; summaries or other reports of conferences, meetings, visits, surveys, discussions, inspections, and examinations; journals; logs; ledgers; balance sheets; profit and loss statements; purchase orders; quotations; estimates; invoices; bids; receipts; pledge commitments; acknowledgments; credit memoranda; contract or lease offers or proposals; income tax returns; check stubs (front and back); sales vouchers or records; executed or proposed agreements; contracts; deeds; franchise agreements; licenses; leases; insurance policies and riders or options; proposals; diaries; desk calendars; appointment books; evaluations; applications; telephone call books, notes or records; affidavits, deposition transcripts, statements or summaries or excerpts thereof; stenographic notes; financial data; newspaper or magazine articles; pamphlets; books; texts; notebooks; magazines; manuals; publications; notepads; tabulations; data compilations; calculations; or computations; schedules; drafts; charts and maps; forecasts and projections; feasibility studies; drawings, designs, plans, specifications; graphs, blueprints, sketches, or diagrams; printouts or other stored information from computers or other information retention or processing systems; hard drives, USB drives, disks, CD's, DVD's, tapes, videotapes; photographic matter or sound reproduction matter however produced, reproduced or stored; computer data of any kind whatsoever; any exhibits, attachments, or schedules to or with the foregoing; any drafts of the

foregoing; any of the foregoing that exist in a form by which they are protected by computer encryption; any copies or duplicates of the foregoing that are different because of marginal or handwritten notations, or because of any markings thereon; the inclusion of specific examples within any individual request does not limit the definition provided herein and should be viewed as merely as examples meant to facilitate production.

5. "Copy" when used in reference to a document means any color, or black and white facsimile reproduction of a document, regardless of whether that facsimile reproduction is made by means of carbon papers, pressure sensitive paper, xerography or any other means of process.

6. "Communication" and "communicate" shall mean any recordation, exchange or transfer of information, whether in writing, audio, oral or other form, including, but not limited to, memoranda or notes, telephone conversations and meetings, letters, telegraphic and telex communications, email communications, SMS messages, Twitter DMs, Facebook messages, Whatsapp messages, Signal messages, any other form of messages or communications, blogs, voicemails, and includes all information relating to all oral or written communications and "documents" (as herein above defined), whether or not such document, or information contained herein was transmitted by its author to any other person; the inclusion of specific examples within any individual request does not limit the definition provided herein and should be viewed as merely as examples meant to facilitate production.

7. "Person" or "persons" shall mean each and every individual, corporation, partnership, joint venture, social or political organization, or any other entity, incorporated or unincorporated, or encompassed within the usual and customary meaning of "person" or "persons."

8. "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on the behalf of another.

9. "Date" shall mean the exact day, month and year if ascertainable or, if not, the best approximation, including relationship to other events.

10. The term "materials" shall mean (1) the elements, constituents, or substances of which something is composed or can be made; something (as data) that may be worked into a more finished form (2) apparatus necessary for doing or making something; (3) The substance or substances out of which a thing is or can be made; and/or (4) Tools or apparatus for the performance of a given task.

11. The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

12. "Identify" when used in reference to:

   a. a person, shall mean to state his or her full and present or last known address (including zip code), phone number and present or last known position or business affiliation (designating which), and the job description;

   b. a firm, partnership, corporation, proprietorship, entity/business, or association, shall mean to state its full name and present or last known address (designating which) and to state the name and address of each person within the entity likely to have knowledge of the relationship between the entity and Plaintiffs or Defendant in this Action;

   c. a document, shall mean the date, author, sender, recipient, type of document or some other means of identifying it and its present location and custodian;

4

   d. an oral communication, shall mean the date, the communicator, communicate, and the nature of the communication;

   e. in the case of a document within the possession, custody or control of Defendant, whether Defendant will make it available to Plaintiff's counsel for inspection and/or copying;

   f. in the case of a document that was, but is no longer in the possession, custody or control of Defendant, what disposition has been made of the document.

   g. a public key or public address shall mean the entire public key and hashed public address and the date you came to possess the private keys and/or the identification of the possessor of the private keys.

  13. As used in this Interrogatory, the singular shall include the plural, and vice versa; the use of the word "any" shall include and encompass the word "all," and vice versa; the use of the disjunctive shall include the conjunctive, and vice versa; and, unless context indicates otherwise, the use of any gender includes all other genders.

  14. The term "cryptocurrency" shall mean any digital currency in which encryption techniques are used to regulate the generation of units of currency and verify the transfer of funds, operating independently of a central bank. It shall include, but not be limited to, Bitcoin, Bitcoin Cash, any other "forked asset" as defined by the Amended Complaint (D.E. 24), and Etherium's Ethers.

  15. The term "balance" in reference to a public key and public address shall mean the amount of cryptocurrency units associated with that public key or address.

  16. The term "trust" shall include any arrangement, entity, vehicle, agreement, deed, or relationship, in any jurisdiction, where the person with title or control over property has duties

to deal with it for another's benefit. Due to variances in various jurisdictions' laws, this definition should not be given an overly formulistic construction, but a liberal one. It should include any arrangement bearing a similarity to a "trust," and any such arrangement you (or others) have actually referred to as a "trust."

      17.     The interrogatories set forth below relate to the time period of January 3, 2009 through the present.

## INTERROGATORIES

**INTERROGATORY NO. 1**: Identify the public keys and public addresses for any cryptocurrency that (i) you possess the private keys to and that (ii) have a present balance greater than zero (0). Include the dates you came to possess those private keys.

**INTERROGATORY NO. 2**: Identify the public keys and public addresses for any cryptocurrency that (i) you possess the private keys to, and that (ii) have had a balance greater than zero (0), but that presently have a balance of zero (0). Include the dates you came to possess those private keys.

**INTERROGATORY NO. 3:** Identify the public keys and public addresses for any cryptocurrency that (i) have a present balance greater than zero (0), and that (ii) you have a claim to, or some kind of ownership interest over, that balance, or that (iii) the possessor of the private keys associated with those public keys and public addresses holds those keys and/or any part of the aforementioned balance in trust for you or otherwise for your benefit (no matter how indirect). Include the identification of who possesses the private keys.

**INTERROGATORY NO. 4:** Identify the public keys and public addresses for any cryptocurrency that (i) have had a balance greater than zero (0), but that presently have a balance of zero (0), and that (ii) you had a claim to, or some kind of ownership interest over that previous non-zero balance, or that (iii) the possessor of the private keys associated with those public keys and public addresses held those keys and/or any part of the aforementioned balance in trust for you or otherwise for your benefit (no matter how indirect). Include the identification of who possesses and/or possessed the private keys.

Dated: July 31, 2018.                                  Respectfully submitted,

                                                       *s/ Velvel (Devin) Freedman*

7

Velvel (Devin) Freedman, Esq.
BOIES SCHILLER FLEXNER LLP
100 SE Second Street, Suite 2800
Miami, Florida  33131
Telephone:  (305) 539-8400
Facsimile:   (305) 539-1307
vfreedman@bsfllp.com

Kyle W. Roche, Esq.
*Admitted Pro Hac Vice*
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY10504
Telephone: (914) 749-8200
Facsimile:  (914) 749-8300
kroche@bsfllp.com

*Counsel to Plaintiff Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 31, 2018, a true and correct copy of the foregoing was served on all counsel of record identified on the Service List below via e-mail:

Andres Rivero, Esq.
Jorge A. Mester, Esq.
Alan H. Rolnick, Esq.
Daniel Sox, Esq.
RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard
Suite 1000
Coral Gables, FL 33134
305-445-2500
(305) 445-2505 (fax)
arivero@riveromestre.com
jmestre@riveromestre.com
arolnick@riveromestre.com
dsox@riveromestre.com
receptionist@riveromestre.com

*/s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman

8

## NOTARY ATTESTATION

I, _____, DO HEREBY AFFIRM THAT THE ANSWERS TO ALL OF THE ABOVE INTERROGATORIES ARE TRUE AND CORRECT TO THE BEST OF MY PERSONAL AND PROFESSIONAL KNOWLEDGE.

The foregoing instrument was acknowledged before me on this _____ day of _____, 2018, by _____, who is personally known to me or has produced _____ as a valid form of identification for these purposes.

State of             )
                     )
County of            )

(Please indicate)

_____
Notary public sign

_____
Notary public print

_____
Commission number and expiration date of same

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 9:18-cv-80176**

IRA KLEIMAN,
as personal representative of
the estate of David Kleiman,
and W&K INFO DEFENSE RESEARCH,
LLC

   Plaintiffs,

v.

CRAIG WRIGHT,

   Defendant.
_____/

**CRAIG WRIGHT'S RESPONSE TO**
**PLAINTIFFS' FIRST SET OF INTERROGATORIES**

  In accordance with Rule 33 of the Federal Rules of Civil Procedure, Craig Wright responds to Plaintiffs' First Set of Interrogatories (the "Interrogatories") as follows:

**SPECIFIC RESPONSES TO DEFINITIONS**

**Definition No. 4**

  Dr. Wright objects to this definition as it has no relevance to the Interrogatories here and is not used here.

**Definition No. 5**

  Dr. Wright objects to this definition as it has no relevance to the Interrogatories here and is not used here.

**Definition No. 6**

  Dr. Wright objects to this definition as it has no relevance to the Interrogatories here and is not used here.

**Definition No. 7**

Dr. Wright objects to this definition to the extent it includes information that is not available to him or under his control. Dr. Wright further objects to this definition to the extent that it seeks information that may be covered under confidentiality or non-disclosure agreements.

**Definition No. 8**

Dr. Wright objects to this definition as it has no relevance to the Interrogatories here and is not used here.

**Definition No. 10**

Dr. Wright objects to this definition as it has no relevance to the Interrogatories here and is not used here.

**Definition No. 11**

Dr. Wright objects to this definition as it has no relevance to the Interrogatories here and is not used here.

**Definition No. 12**

Dr. Wright objects to this definition to the extent that it seeks to impose on him obligations greater than those set forth in the Federal Rules of Civil Procedure, and to the extent that portions of the definition are irrelevant to the Interrogatories here.

**Definition No. 13**

Dr. Wright objects to the use of the disjunctive to include the conjunctive (and vice versa), because it makes the Interrogatories unintelligible.

**Definition No. 16**

Dr. Wright objects to this definition to the extent that it seeks information that is not available to him or under his control. He also objects to this definition as being overly broad, vague and unduly burdensome.

**Definition No. 17**

Dr. Wright objects to this definition as overly broad and unduly burdensome since it is not tied to the allegations in the Second Amended Complaint ("*SAC*").

**SPECIFIC INTERROGATORY RESPONSES**

**Interrogatory No. 1**

Identify the public keys and public addresses for any cryptocurrency that (i) you possess the private keys to and that (ii) have a present balance greater than zero (0). Include the dates you came to possess those private keys.

**Response to Interrogatory No. 1**

Dr. Wright objects to this interrogatory that seeks personal private information because it is not narrowly tailored to the Plaintiffs' alleged claims in the SAC, where Plaintiffs allege that (i) Dr. Wright stole unidentified intellectual property from Dave Kleiman either before or after his unfortunate death (that part is vague in the SAC and, notably, not supported by a single allegation that Dave Kleiman ever made such an accusation); and (ii) Dr. Wright stole bitcoins from Dave Kleiman (again, without a single allegation that Dave Kleiman ever made such an accusation).

Plaintiffs seek the public keys and public addresses for cryptocurrency to which Dr. Wright possesses the private keys. This is not publicly known information and it is the antithesis of the bitcoin protocol. While the entire bitcoin ledger is public and lists every single bitcoin

3

transaction ever made between every public address, the public addresses themselves are identified by a string of seemingly random numbers that does not identify the party that owns or controls the public address. The ownership of the public addresses can only be proven by the party that holds the private key (which is necessary to effectuate a bitcoin transaction). Naturally, the identity of a party that owns a public address is a closely guarded secret because it could reveal the party's current assets, past assets, and years of financial transactions.

Despite the highly invasive and private nature of their interrogatory, Plaintiffs make absolutely no attempt to tie their interrogatory to Dave Kleiman, let alone any allegation in the SAC. For that reason, the interrogatory is irrelevant, grossly overbroad, unduly burdensome, harassing and oppressive, and not proportional to the needs of the case.

It appears that this broad interrogatory is designed to ascertain Dr. Wrights' financial wherewithal, something that is not relevant to Plaintiffs' case. In seeking to determine the depths of Dr. Wright's pockets, Plaintiffs are placing the cart before the horse. No jury has returned a verdict for the Plaintiffs. There simply is no basis for such an invasive financial disclosure (or any financial disclosure for that matter) at this stage in the case.

Dr. Wright also objects to the interrogatory because it demands personal and financial information without the protections of a confidentiality order.

**Interrogatory No. 2**

Identify the public keys and public addresses for any cryptocurrency that (i) you possess the private keys to, and that (ii) have had a balance greater than zero (0), but that presently have a balance of zero (0). Include the dates you came to possess those private keys.

4

**Response to Interrogatory No. 2**

Dr. Wright objects to this interrogatory that seeks personal private information because it is not narrowly tailored to the Plaintiffs' alleged claims in the SAC, where Plaintiffs allege that (i) Dr. Wright stole unidentified intellectual property from Dave Kleiman either before or after his unfortunate death (that part is vague in the SAC and, notably, not supported by a single allegation that Dave Kleiman ever made such an accusation); and (ii) Dr. Wright stole bitcoins from Dave Kleiman (again, without a single allegation that Dave Kleiman ever made such an accusation).

Plaintiffs seek the public keys and public addresses for cryptocurrency to which Dr. Wright possesses the private keys. This is not publicly known information and it is the antithesis of the bitcoin protocol. While the entire bitcoin ledger is public and lists every single bitcoin transaction ever made between every public address, the public addresses themselves are identified by a string of seemingly random numbers that does not identify the party that owns or controls the public address. The ownership of the public addresses can only be proven by the party that holds the private key (which is necessary to effectuate a bitcoin transaction). Naturally, the identity of a party that owns a public address is a closely guarded secret because it could reveal the party's current assets, past assets, and years of financial transactions.

Despite the highly invasive and private nature of their interrogatory, Plaintiffs make absolutely no attempt to tie their interrogatory to Dave Kleiman, let alone any allegation in the SAC. For that reason, the interrogatory is irrelevant, grossly overbroad, unduly burdensome, harassing and oppressive, and not proportional to the needs of the case.

It appears that this broad interrogatory is designed to ascertain Dr. Wrights' financial wherewithal, something that is not relevant to Plaintiffs' case. In seeking to determine the depths

of Dr. Wright's pockets, Plaintiffs are placing the cart before the horse. No jury has returned a verdict for the Plaintiffs. There simply is no basis for such an invasive financial disclosure (or any financial disclosure for that matter) at this stage in the case.

Dr. Wright also objects to the interrogatory because it demands personal and financial information without the protections of a confidentiality order.

**Interrogatory No. 3**

Identify the public keys and public addresses for any cryptocurrency that (i) have a present balance greater than zero (0), and that (ii) you have a claim to, or some kind of ownership interest over, that balance, or that (iii) the possessor of the private keys associated with those public keys and public addresses holds those keys and/or any part of the aforementioned balance in trust for you or otherwise for your benefit (no matter how indirect). Include the identification of who possesses the private keys.

**Response to Interrogatory No. 3**

Dr. Wright objects to this interrogatory that seeks personal private information because it is not narrowly tailored to the Plaintiffs' alleged claims in the SAC, where Plaintiffs allege that (i) Dr. Wright stole unidentified intellectual property from Dave Kleiman either before or after his unfortunate death (that part is vague in the SAC and, notably, not supported by a single allegation that Dave Kleiman ever made such an accusation); and (ii) Dr. Wright stole bitcoins from Dave Kleiman (again, without a single allegation that Dave Kleiman ever made such an accusation).

Plaintiffs seek the public keys and public addresses for cryptocurrency to which Dr. Wright has a claim or ownership interest. This is not publicly known information and it is the antithesis of the bitcoin protocol. While the entire bitcoin ledger is public and lists every single

6

bitcoin transaction ever made between every public address, the public addresses themselves are identified by a string of seemingly random numbers that does not identify the party that owns or controls the public address. The ownership of the public addresses can only be proven by the party that holds the private key (which is necessary to effectuate a bitcoin transaction). Naturally, the identity of a party has a claim or ownership interest in a public address is a closely guarded secret because it could reveal the party's current assets, past assets, and years of financial transactions.

Despite the highly invasive and private nature of their interrogatory, Plaintiffs make absolutely no attempt to tie their interrogatory to Dave Kleiman, let alone any allegation in the SAC. For that reason, the interrogatory is irrelevant, grossly overbroad, unduly burdensome, harassing and oppressive, and not proportional to the needs of the case.

It appears that this broad interrogatory is designed to ascertain Dr. Wrights' financial wherewithal, something that is not relevant to Plaintiffs' case. In seeking to determine the depths of Dr. Wright's pockets, Plaintiffs are placing the cart before the horse. No jury has returned a verdict for the Plaintiffs. There simply is no basis for such an invasive financial disclosure (or any financial disclosure for that matter) at this stage in the case.

Dr. Wright also objects to the interrogatory because it demands personal and financial information without the protections of a confidentiality order.

Dr. Wright further objects that interrogatory is unintelligible because it fails to specify whether phrase (iii) is to be read in conjunction with phrase (i) or whether it stands on its own, and because it fails to provide any insight as to how someone can have a "claim" or "some kind" of ownership over a "balance." Plaintiffs' use of the word "claim" is vague and ambiguous because it is unclear whether Plaintiffs are using it in a legal sense, and it is entirely unclear what

7

Plaintiffs mean by "some kind" of ownership, as opposed to simple ownership. Further expanding the term "benefit" to include "no matter how indirect" renders the interrogatory vague overly broad, and irrelevant in that it seeks information outside of Dr. Wright's personal knowledge and information that has no connection whatever to the claims in the SAC.

**Interrogatory No. 4**

Identify the public keys and public addresses for any cryptocurrency that (i) have had a balance greater than zero (0), but that presently have a balance of zero (0), and that (ii) you had a claim to, or some kind of ownership interest over that previous non-zero balance, or that (iii) the possessor of the private keys associated with those public keys and public addresses held those keys and/or any part of the aforementioned balance in trust for you or otherwise for your benefit (no matter how indirect). Include the identification of who possesses and/or possessed the private keys.

**Response to Interrogatory No. 4**

Dr. Wright objects to this interrogatory that seeks personal private information because it is not narrowly tailored to the Plaintiffs' alleged claims in the SAC, where Plaintiffs allege that (i) Dr. Wright stole unidentified intellectual property from Dave Kleiman either before or after his unfortunate death (that part is vague in the SAC and, notably, not supported by a single allegation that Dave Kleiman ever made such an accusation); and (ii) Dr. Wright stole bitcoins from Dave Kleiman (again, without a single allegation that Dave Kleiman ever made such an accusation).

Plaintiffs seek the public keys and public addresses for cryptocurrency to which Dr. Wright Dr. Wright had a claim or ownership interest. This is not publicly known information and it is the antithesis of the bitcoin protocol. While the entire bitcoin ledger is public and lists every

8

single bitcoin transaction ever made between every public address, the public addresses themselves are identified by a string of seemingly random numbers that does not identify the party that owns or controls the public address. The ownership of the public addresses can only be proven by the party that holds the private key (which is necessary to effectuate a bitcoin transaction). Naturally, the identity of a party that had a claim or ownership interest in a public address is a closely guarded secret because it could reveal the party's current assets, past assets, and years of financial transactions.

Despite the highly invasive and private nature of their interrogatory, Plaintiffs make absolutely no attempt to tie their interrogatory to Dave Kleiman, let alone any allegation in the SAC. For that reason, the interrogatory is irrelevant, grossly overbroad, unduly burdensome, harassing and oppressive, and not proportional to the needs of the case.

It appears that this broad interrogatory is designed to ascertain Dr. Wrights' financial wherewithal, something that is not relevant to Plaintiffs' case. In seeking to determine the depths of Dr. Wright's pockets, Plaintiffs are placing the cart before the horse. No jury has returned a verdict for the Plaintiffs. There simply is no basis for such an invasive financial disclosure (or any financial disclosure for that matter) at this stage in the case.

Dr. Wright also objects to the interrogatory because it demands personal and financial information without the protections of a confidentiality order.

Dr. Wright further objects that the interrogatory is unintelligible because it fails to specify whether phrase (iii) is to be read in conjunction with phrase (i) or whether it stands on its own, and because it fails to provide any insight as to how someone can have a "claim" or "some kind" of ownership over a "balance." Plaintiffs' use of the word "claim" is vague and ambiguous because it is unclear whether Plaintiffs are using it in a legal sense, and it is entirely unclear what

9

Plaintiffs mean by "some kind" of ownership, as opposed to simple ownership. Further expanding the term "benefit" to include "no matter how indirect" renders the interrogatory vague overly broad, and irrelevant in that it seeks information outside of Dr. Wright's personal knowledge and information that has no connection whatever to the claims in the Second Amended Complaint.

Dated: February 1, 2019

                                           **RIVERO MESTRE LLP**

*Attorneys for Craig Wright*
2525 Ponce de León Blvd., Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505
E-mail: arivero@riveromestre.com
E-mail: amcgovern@riveromestre.com
E-mail: arolnick@riveromestre.com
E-mail: zmarkoe@riveromestre.com
E-mail: zkass@riveromestre.com
Secondary: receptionist@riveromestre.com

By:    /s/ Andrés Rivero
        ANDRES RIVERO
        Florida Bar No. 613819
        JORGE A. MESTRE
        Florida Bar No. 088145
        AMANDA MCGOVERN
        Florida Bar No.
        ALAN H. ROLNICK
        Florida Bar No. 715085
        ZAHARAH R. MARKOE
        Florida Bar No. 504734

**CERTIFICATE OF SERVICE**

I certify that on February 1, 2019, I electronically served this document on all counsel of record by e-mail.

                                                          /s/ Andrés Rivero
                                                          ANDRÉS RIVERO