# Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>*Plaintiffs,*<br><br>v.<br><br>CRAIG WRIGHT<br><br>*Defendant.* | CASE NO.: 9:18-cv-80176-BB |

**PLAINTIFF IRA KLEIMAN'S SECOND SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33 and Local Rule 26.1, Plaintiff Ira Kleiman, as personal representative of the estate of David Kleiman, hereby serves the following Interrogatories, and requests that within thirty (30) days after service, Defendant Craig Wright answer the Interrogatories fully, in writing, and under oath.

**DEFINITIONS**

For the purposes of these interrogatories, the following definitions shall apply:

1. The term "Plaintiff" shall mean IRA KLEIMAN, as the personal representative of the Estate of David Kleiman.

2. The terms "Defendant," "you," "yours" and/or "yourselves" shall mean Defendant Craig Wright.

3. The term "Action" shall mean the lawsuit currently pending *Ira Kleiman, et al. v. Craig Wright*, Case No. 9:18-cv-80176-BB in the U.S. District Court, Southern District of Florida.

1

4. The terms "document" or "documents" shall mean any written, typewritten, handwritten, printed, graphic, photographic, electronic or recorded materials, including, but not limited to the following: correspondence and drafts of correspondence; e-mails; SMS messages; Whatsapp messages; Signal messages; Twitter DMs; Facebook messages; any other form of messages or communications; notes or summaries of conversations; forms; schedules or worksheets; memoranda; reports; comments; worksheets; plans; minutes; notes; notices or notifications; findings; brochures; circulars; bulletins; advertisements; records; summaries or other reports of conferences, meetings, visits, surveys, discussions, inspections, and examinations; journals; logs; ledgers; balance sheets; profit and loss statements; purchase orders; quotations; estimates; invoices; bids; receipts; pledge commitments; acknowledgments; credit memoranda; contract or lease offers or proposals; income tax returns; check stubs (front and back); sales vouchers or records; executed or proposed agreements; contracts; deeds; franchise agreements; licenses; leases; insurance policies and riders or options; proposals; diaries; desk calendars; appointment books; evaluations; applications; telephone call books, notes or records; affidavits, deposition transcripts, statements or summaries or excerpts thereof; stenographic notes; financial data; newspaper or magazine articles; pamphlets; books; texts; notebooks; magazines; manuals; publications; notepads; tabulations; data compilations; calculations; or computations; schedules; drafts; charts and maps; forecasts and projections; feasibility studies; drawings, designs, plans, specifications; graphs, blueprints, sketches, or diagrams; printouts or other stored information from computers or other information retention or processing systems; hard drives, USB drives, disks, CD's, DVD's, tapes, videotapes; photographic matter or sound reproduction matter however produced, reproduced or stored; computer data of any kind whatsoever; any exhibits, attachments, or schedules to or with the foregoing; any drafts of the

foregoing; any of the foregoing that exist in a form by which they are protected by computer encryption; any copies or duplicates of the foregoing that are different because of marginal or handwritten notations, or because of any markings thereon; the inclusion of specific examples within any individual request does not limit the definition provided herein and should be viewed as merely as examples meant to facilitate production.

5. "Copy" when used in reference to a document means any color, or black and white facsimile reproduction of a document, regardless of whether that facsimile reproduction is made by means of carbon papers, pressure sensitive paper, xerography or any other means of process.

6. "Communication" and "communicate" shall mean any recordation, exchange or transfer of information, whether in writing, audio, oral or other form, including, but not limited to, memoranda or notes, telephone conversations and meetings, letters, telegraphic and telex communications, email communications, SMS messages, Twitter DMs, Facebook messages, Whatsapp messages, Signal messages, any other form of messages or communications, blogs, voicemails, and includes all information relating to all oral or written communications and "documents" (as herein above defined), whether or not such document, or information contained herein was transmitted by its author to any other person; the inclusion of specific examples within any individual request does not limit the definition provided herein and should be viewed as merely as examples meant to facilitate production.

7. "Person" or "persons" shall mean each and every individual, corporation, partnership, joint venture, social or political organization, or any other entity, incorporated or unincorporated, or encompassed within the usual and customary meaning of "person" or "persons."

3

8. "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on the behalf of another.

9. "Date" shall mean the exact day, month and year if ascertainable or, if not, the best approximation, including relationship to other events.

10. The term "materials" shall mean (1) the elements, constituents, or substances of which something is composed or can be made; something (as data) that may be worked into a more finished form (2) apparatus necessary for doing or making something; (3) The substance or substances out of which a thing is or can be made; and/or (4) Tools or apparatus for the performance of a given task.

11. The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

12. "Identify" when used in reference to:

    a. a person, shall mean to state his or her full and present or last known address (including zip code), phone number and present or last known position or business affiliation (designating which), and the job description;

    b. a firm, partnership, corporation, proprietorship, entity/business, or association, shall mean to state its full name and present or last known address (designating which) and to state the name and address of each person within the entity likely to have knowledge of the relationship between the entity and Plaintiffs or Defendant in this Action;

    c. a document, shall mean the date, author, sender, recipient, type of document or some other means of identifying it and its present location and custodian;

      d.    an oral communication, shall mean the date, the communicator, communicate, and the nature of the communication;

      e.    in the case of a document within the possession, custody or control of Defendant, whether Defendant will make it available to Plaintiff's counsel for inspection and/or copying;

      f.    in the case of a document that was, but is no longer in the possession, custody or control of Defendant, what disposition has been made of the document.

      g.    a public key or public address shall mean the entire public key and hashed public address and the date you came to possess the private keys and/or the identification of the possessor of the private keys.

13.    As used in this Interrogatory, the singular shall include the plural, and vice versa; the use of the word "any" shall include and encompass the word "all," and vice versa; the use of the disjunctive shall include the conjunctive, and vice versa; and, unless context indicates otherwise, the use of any gender includes all other genders.

14.    The term "cryptocurrency" shall mean any digital currency in which encryption techniques are used to regulate the generation of units of currency and verify the transfer of funds, operating independently of a central bank. It shall include, but not be limited to, Bitcoin, Bitcoin Cash, any other "forked asset" as defined by the Amended Complaint (D.E. 24), and Etherium's Ethers.

15.    The term "Electronic cash without a trusted third party" shall mean the paper You referred to here: https://twitter.com/ProfFaustus/status/1022370998346231808.

16.    The term "*Bitcoin: A Peer-to-Peer Electronic Cash System*" shall mean the famous Bitcoin whitepaper released by "Satoshi Nakamoto" on October 31, 2008.

5

17.     The term "genesis block" shall refer to the first block of the Bitcoin blockchain created by Satoshi Nakamoto on January 3, 2009 and that included the following text: "The Times 03/Jan/2009 Chancellor on brink of second bailout for banks."

## INTERROGATORIES

**INTERROGATORY NO. 5**: Identify any and all persons who have, or who have ever had, control over the satoshin@gmx.com, satoshi@vistomail.com, and satoshi@anonymousspeech.com accounts. For purposes of this Interrogatory No. 5, the term "control" means anyone who has ever had the login credentials to any of these accounts or anyone who has ever been involved in drafting or sending an email from any of these accounts.

**INTERROGATORY NO. 6:** Identify any and all persons who either (1) assisted in drafting the paper "*Bitcoin: A Peer-to-Peer Electronic Cash System*" or it precursor "*Electronic Cash Without A Trusted Third Party*"; or (2) were involved in writing the software / computer code that constituted the initial Bitcoin protocol used to mine Bitcoin's "genesis block" on January 3, 2009; or (3) were, prior to January 3, 2009, otherwise involved in the original release of the aforementioned papers or code, this includes but is not limited to, the identity of the "three key people behind Bitcoin" you referred to in your February 11, 2014 email to Louis Kleiman cited at paragraph 133 of the Amended Complaint (D.E. 24).

Dated: August 2, 2018.                                Respectfully submitted,

*s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman, Esq.
BOIES SCHILLER FLEXNER LLP
100 SE Second Street, Suite 2800
Miami, Florida  33131
Telephone:  (305) 539-8400
Facsimile:  (305) 539-1307
vfreedman@bsfllp.com

Kyle W. Roche, Esq.
*Admitted Pro Hac Vice*
BOIES SCHILLER FLEXNER LLP
333 Main Street

7

        Armonk, NY10504
        Telephone: (914) 749-8200
        Facsimile:  (914) 749-8300
        kroche@bsfllp.com

*Counsel to Plaintiff Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 2, 2018, a true and correct copy of the foregoing was served on all counsel of record identified on the Service List below via e-mail:

Andres Rivero, Esq.
Jorge A. Mester, Esq.
Alan H. Rolnick, Esq.
Daniel Sox, Esq.
RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard
Suite 1000
Coral Gables, FL 33134
305-445-2500
(305) 445-2505 (fax)
arivero@riveromestre.com
jmestre@riveromestre.com
arolnick@riveromestre.com
dsox@riveromestre.com
receptionist@riveromestre.com

        */s/ Velvel (Devin) Freedman*
        Velvel (Devin) Freedman

8

# NOTARY ATTESTATION

I, _____, DO HEREBY AFFIRM THAT THE ANSWERS TO ALL OF THE ABOVE INTERROGATORIES ARE TRUE AND CORRECT TO THE BEST OF MY PERSONAL AND PROFESSIONAL KNOWLEDGE.

The foregoing instrument was acknowledged before me on this _____ day of _____, 2018, by _____, who is personally known to me or has produced _____ as a valid form of identification for these purposes.

State of         )
                 )
County of        )

(Please indicate)

_____
Notary public sign

_____
Notary public print

_____
Commission number and expiration date of same

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 9:18-cv-80176**

IRA KLEIMAN,
as personal representative of
the estate of David Kleiman,
and W&K INFO DEFENSE RESEARCH,
LLC

       Plaintiffs,

v.

CRAIG WRIGHT,

       Defendant.
_____/

**CRAIG WRIGHT'S RESPONSE TO**
**PLAINTIFFS' SECOND SET OF INTERROGATORIES**

In accordance with Rule 33 of the Federal Rules of Civil Procedure, Craig Wright responds to Plaintiffs' Second Set of Interrogatories (the "Interrogatories") as follows:

**SPECIFIC RESPONSES TO DEFINITIONS**

**Definition No. 4**

       Dr. Wright objects to this definition as it has no relevance to the Interrogatories here and is not used here.

**Definition No. 5**

       Dr. Wright objects to this definition as it has no relevance to the Interrogatories here and is not used here.

**Definition No. 6**

       Dr. Wright objects to this definition as it has no relevance to the Interrogatories here and is not used here.

**Definition No. 7**

Dr. Wright objects to this definition to the extent it includes information that is not available to him or under his control. Dr. Wright further objects to this definition to the extent that it seeks information that may be covered under confidentiality or non-disclosure agreements.

**Definition No. 8**

Dr. Wright objects to this definition as it has no relevance to the Interrogatories here and is not used here.

**Definition No. 9**

Dr. Wright objects to this definition as it has no relevance to the Interrogatories here and is not used here.

**Definition No. 10**

Dr. Wright objects to this definition as it has no relevance to the Interrogatories here and is not used here.

**Definition No. 11**

Dr. Wright objects to this definition as it has no relevance to the Interrogatories here and is not used here.

**Definition No. 12**

Dr. Wright objects to this definition to the extent that it seeks to impose on him obligations greater than those set forth in the Federal Rules of Civil Procedure, and to the extent that portions of the definition are irrelevant to the Interrogatories here.

**Definition No. 13**

Dr. Wright objects to the use of the disjunctive to include the conjunctive (and vice versa), because it makes the Interrogatories unintelligible.

**Definition No. 14**

Dr. Wright objects to this definition as it has no relevance to the Interrogatories here and is not used here.

## SPECIFIC INTERROGATORY RESPONSES

**Interrogatory No. 5**

Identify any and all persons who have, or who have ever had, control over the satoshin@gmx.com, satoshi@vistomail.com, and satoshi@anonymousspeech.com accounts. For purposes of this Interrogatory No. 5, the term "control" means anyone who has ever had the login credentials to any of these accounts or anyone who has ever been involved in drafting or sending an email from any of these accounts.

**Response to Interrogatory No. 5**

Dr. Wright objects to this interrogatory because it improperly and without legal justification seeks personal and private information relating to the use of email accounts with the name "Satoshi" where the identity of "Satoshi Nakamoto" is not relevant to Plaintiffs' claims. Specifically, the claims in this case alleged by Plaintiffs in the Second Amended Complaint ("SAC") are that (i) Dr. Wright stole unidentified intellectual property from Dave Kleiman either before or after his unfortunate death (that part is vague in the SAC and, notably, not supported by a single allegation that Dave Kleiman ever made such an accusation); and (ii) Dr. Wright stole bitcoins from Dave Kleiman (again, without a single allegation that Dave Kleiman ever made such an accusation).

In this case, the identity of "Satoshi Nakamoto" is an irrelevant red herring, and discovery relating to it is irrelevant, harassing, and appears intended to, and would, impose unnecessary and undue burden in what is a short discovery period.

"Satoshi Nakamoto" is widely credited with drafting and publishing the whitepaper entitled "Bitcoin: A Peer-to-Peer Electronic Cash System," creating the bitcoin protocol, and making that protocol publicly available in January of 2009 as open source software. The whitepaper was published more than four years before Dave Kleiman's untimely death. Thus, any inquiry into the identity of "Satoshi Nakamoto" protocol is irrelevant to this case and to discovery regarding the bitcoin protocol, because open source and publicly available software cannot be stolen.

As for the alleged theft of bitcoins, the identity of persons who controlled various "Satoshi" email addresses identified in this interrogatory has no relation to Plaintiffs' allegations that Dr. Wright stole bitcoins from Dave Kleiman. For these reasons, Dr. Wright objects to responding to this interrogatory which unreasonably attempts to improperly expand the scope of discovery beyond any relation to Plaintiffs' claims.

Dr. Wright also objects to this interrogatory because it assumes incorrectly that Dr. Wright would be able to identify parties that may have accessed those email accounts, let alone access them without his knowledge or authorization. Dr. Wright further objects to this interrogatory as it requests personal identifiable information without the protections of a confidentiality agreement.

**Interrogatory No. 6**

Identify any and all persons who either (1) assisted in drafting the paper "Bitcoin: A Peer-to-Peer Electronic Cash System" or it precursor "Electronic Cash Without A Trusted Third Party"; or (2) were involved in writing the software / computer code that constituted the initial Bitcoin protocol used to mine Bitcoin's "genesis block" on January 3, 2009; or (3) were, prior to January 3, 2009, otherwise involved in the original release of the aforementioned papers

4

or code, this includes but is not limited to, the identity of the "three key people behind Bitcoin" you referred to in your February 11, 2014 email to Louis Kleiman cited at paragraph 133 of the Amended Complaint (D.E. 24).

**Response to Interrogatory No. 6**

Dr. Wright objects to this interrogatory because it improperly and without legal justification seeks personal and private information relating actions taken by "Satoshi" when the identity of "Satoshi Nakamoto" is not relevant to Plaintiffs' claims. Specifically, the claims in this case alleged by Plaintiffs in the SAC are that (i) Dr. Wright stole unidentified intellectual property from Dave Kleiman either before or after his unfortunate death (that part is vague in the SAC and, notably, not supported by a single allegation that Dave Kleiman ever made such an accusation); and (ii) Dr. Wright stole bitcoins from Dave Kleiman (again, without a single allegation that Dave Kleiman ever made such an accusation).

"Satoshi Nakamoto" is widely credited with drafting and publishing the whitepaper entitled "Bitcoin: A Peer-to-Peer Electronic Cash System," creating the bitcoin protocol, and making that protocol publicly available in January of 2009 as open source software. The whitepaper was published more than four years before Dave Kleiman's untimely death. Thus, any inquiry into the identity of "Satoshi Nakamoto" protocol is irrelevant to this case and to discovery regarding the bitcoin protocol, because open source and publicly available software cannot be stolen.

In this case, the identity of "Satoshi Nakamoto" is an irrelevant red herring, and discovery relating to it is irrelevant, harassing, and appears intended to, and would, impose unnecessary and undue burden in what is a short discovery period.

As for the alleged theft of bitcoins, the identity of persons involved in creating the bitcoin protocol or drafting the bitcoin whitepaper, which Plaintiffs seek in this interrogatory, has no relation to Plaintiffs' allegations that Dr. Wright stole bitcoins from Dave Kleiman. For these reasons, Dr. Wright objects to responding to this interrogatory, which unreasonably attempts to expand the scope of discovery beyond any relation to Plaintiffs' claims.

Dated: February 1, 2019

**RIVERO MESTRE LLP**

*Attorneys for Craig Wright*
2525 Ponce de León Blvd., Suite 1000
Miami, Florida 33134
Telephone:  (305) 445-2500
Facsimile:   (305) 445-2505
E-mail: arivero@riveromestre.com
E-mail: amcgovern@riveromestre.com
E-mail: arolnick@riveromestre.com
E-mail: zmarkoe@riveromestre.com
E-mail: zkass@riveromestre.com
Secondary: receptionist@riveromestre.com

By:     /s/ Andrés Rivero
        ANDRES RIVERO
        Florida Bar No. 613819
        JORGE A. MESTRE
        Florida Bar No. 088145
        AMANDA MCGOVERN
        Florida Bar No.
        ALAN H. ROLNICK
        Florida Bar No. 715085
        ZAHARAH R. MARKOE
        Florida Bar No. 504734

**CERTIFICATE OF SERVICE**

I certify that on February 1, 2019, I electronically served this document on all counsel of record by e-mail.

/s/ Andrés Rivero
ANDRÉS RIVERO