# Exhibit 4

**Velvel (Devin) Freedman**

| | |
|---|---|
| **From:** | Zalman Kass <zkass@riveromestre.com> |
| **Sent:** | Wednesday, February 6, 2019 12:40 PM |
| **To:** | Velvel (Devin) Freedman; Zaharah Markoe; Amanda McGovern |
| **Cc:** | Kyle Roche; Andres Rivero |
| **Subject:** | RE: First set of RFP -- Post Meet and Confer |

Vel,

The following response summary tracks the numbered document requests in plaintiffs' first request for documents. Our responses are in light blue.

1. Objections withdrawn
    a. Correct, as to the scope of the request. Dr. Wright maintains his remaining objections. Further, Plaintiffs agreed to produce the same category of documents to Dr. Wright.
2. Objections withdrawn
    a. Correct, as to the scope. Dr. Wright maintains his remaining objections.
3. Objections withdrawn
    a. Correct, as to the scope. Dr. Wright maintains his remaining objections.
4. Defendant proposed to produce all documents that David Kleiman was cc'd on. Plaintiffs disagreed with this modification. Marked for hearing.
    a. Partially correct. Dr. Wright agrees to produce those documents as they relate to the final version of the bitcoin whitepaper, not drafts.
5. Objections withdrawn except as to the proposed end date where Defendant insists discovery cut off on either 2/14/18 or a short window thereafter. Marked for hearing.
    a. Correct. Plaintiffs' insistence on a continually moving end date is unworkable because it will capture attorney work product and attorney client communications (and require Defendant to continually update and send privilege logs). In an attempt to capture any documents that may have been created by Dr. Wright as an initial response to the lawsuit, Dr. Wright offered to expand the timeframe to include documents created 30-60 days after Plaintiffs filed the complaint. Plaintiffs refused that modification.
6. Defendant will withdraw objections to start date of 2006. But maintains the balance of his objections. Plaintiff has requested a marriage certificate to support the assertion of spousal privilege, but Defendant has refused to provide one. Marked for hearing.
    a. Correct as to the timeframe. Plaintiffs will produce documents sufficient to demonstrate that Dr. Wright is, in fact, married to his wife.
7. Defendant withdrew objection to start date of 2006. But maintains objections as to end date. Marked for hearing.
    a. Correct. See response to #five above.
8. Defendant maintains his objections. Will only produce documents and communications of trusts that Defendant was a trustee or beneficiary, dated between 1/1/11-2/14/18, and that contemplated David Kleiman or W&K. Marked for hearing.
    a. Dr. Wright stands by his response to Plaintiffs' first request for production.
9. Defendant maintains its objections. Will not produce any documents. Marked for hearing.
    a. Dr. Wright stands by his response to Plaintiffs' first request for production.
10. Objections withdrawn.

1

    a. Correct. Dr. Wright will produce that document (to the extent that he has any in his possession or control).

11. Defendant maintains his objections. He cannot know what "trust" or "trusts" are referred to in the communication. He will not produce any responsive documents. ==Marked for hearing.==
    a. Dr. Wright stands by his response to Plaintiffs' first request for production. Plaintiffs are asking Dr. Wright to interpret select words taken out of context from a document drafted by Dave Kleiman. Plaintiffs refused to clarify or simplify their request.

12. Defendant maintains his objections. He cannot know what "company" is referred to in the communication. He will not produce any responsive documents.
    a. Dr. Wright stands by his response to Plaintiffs' first request for production. Plaintiffs are asking Dr. Wright to interpret select words taken out of context from a document drafted by Dave Kleiman. Plaintiffs refused to clarify or simplify their request.

13. Defendant maintains his objections. He will only produce documents that are related to a "person" or trust in the Seychelles that contemplated David Kleiman or W&K and is dated between 1/1/11 and 2/14/18.
    a. Plaintiff would agree to edit the RFP so it now reads:
        i. All documents and communications concerning any person, trust, or fund (as defined herein) that is related to both the Defendant and Seychelles.
    b. This purported "modification" does not narrow the scope of Plaintiffs' request. It simply swaps out "you" for "Defendant" and "associated" with "related." This does not address Dr. Wright's overbreadth concerns, and Dr. Wright stands by his response to Plaintiffs' first request for production.

14. Defendant maintains his objections. He will only produce documents relevant to David Kleiman and W&K that are dated between 3/12/2008 and 2/14/18.
    a. Plaintiff would agree to edit the RFP so it now reads:
        i. All documents and communications relating to Design by Human Ltd., see e.g., D.E. 83-15 (Exhibit 15 to Second Amended Complaint ("SAC") (showing Design by Human holds a trust of over 650,000 bitcoins that were to be held in trust "until . . . group company formed with Dave K and CSW")
    b. The summary improperly explains defendant's objection. The objection is overbreadth because it asks for ALL documents and ALL communications relating to a non-party. If the request is properly tailored to relate to those exhibits, defendant does not object.

15. Defendants maintains his objections He will only produce documents relevant to David Kleiman and W&K that are dated between 3/12/08 through 2/14/18.
    a. Plaintiff would agree to edit the RFP so it now reads:
        i. All communications that occurred between January 1, 2007 and the present, between you and Uyen Nguyen, the individual identified as a "powerful figure in the trust" (SAC Ex. 1 at 37), who was also a signatory to Design by Human's "Deed of Loan" document purporting to hold over 650,000 bitcoins in trust for Craig and Dave (SAC Ex. 15), who became a director of key companies related to Dave, Craig and Bitcoin (*id*.), who assisted Craig's theft of W&K's assets (SAC ¶¶138-39), who helped mislead Ira (see DE 50-1 at ¶ 13(a)), and over whom Andrew O'Hagan wrote that it was "unclear how such a young and inexperienced person came to have so much influence" (SAC Ex. 1 at 37).

      b. This purported "modification" does not narrow the scope of Plaintiffs' request. It simply makes reference to select exhibits but does not limit the request to documents relating to those exhibits. This does not address Dr. Wright's overbreadth and irrelevance concerns, and Dr. Wright stands by his response to Plaintiffs' first request for production.

16. Defendant maintains his objections. He will not produce any documents.
    a. Plaintiff would agree to edit the RFP so it now reads:
        i. All communications between you and Ross Ulbricht that occurred between January 1, 2010 and January 1, 2014 which concern Bitcoin transactions or Dave Kleiman (See DE 83-1, at 49, 52-53). For purposes of this interrogatory any communications with "Dread Pirate Roberts" should be considered communications with Ross Ulbricht.
    b. This purported "modification" does not make the request relevant to Plaintiffs' lawsuit. Any communications between Ross Ulbricht and Dr. Wright regarding bitcoin (to the extent they exist) simply have no relevance to Plaintiffs' allegations that Dr. Wright stole unidentified bitcoin and intellectual property from Dave Kleiman. Further, any communications regarding Dave Kleiman is overbroad and irrelevance because Plaintiff has not limited those requests to its claims, *i.e.,* bitcoin or intellectual property. For those reasons, Dr. Wright stands by his response to Plaintiffs' first request for production.

---

**From:** Velvel (Devin) Freedman <vfreedman@bsfllp.com>
**Sent:** Friday, February 01, 2019 1:54 AM
**To:** Zaharah Markoe <zmarkoe@riveromestre.com>; Amanda McGovern <amcgovern@riveromestre.com>; Zalman Kass <zkass@riveromestre.com>
**Cc:** Kyle Roche <kroche@bsfllp.com>
**Subject:** First set of RFP -- Post Meet and Confer

Amanda/Zaharah/Zalman,

Thanks for the meet and confer over your discovery objections. Below are my notes in re what I understand the parties' positions to be on the various requests. Please let me know if I've misunderstood your position.

Kyle and I have spent time considering how we might reach a compromise on some of these requests. Without prejudice to our rights, we are willing to modify RFP ## 13-16 as detailed below. We hope this helps narrow the disputes that we will need to take before Judge Reinhart.

That said, based on the 2.5+ hours of meeting and conferring we've undertaken since you objected to our discovery responses, we know that there are discovery issues in dispute that the Court will need to resolve. Consequently, pursuant to DE 22, please provide us with all the afternoons in the following seven business days when you are available to attend a hearing to resolve these issues. We believe an hour of time should suffice. Let us know if you agree?

----Status of Plaintiff's First Set of RFP----

1. Objections withdrawn
2. Objections withdrawn
3. Objections withdrawn
4. Defendant proposed to produce all documents that David Kleiman was cc'd on. Plaintiffs disagreed with this modification. Marked for hearing.

5. Objections withdrawn except as to the proposed end date where Defendant insists discovery cut off on either 2/14/18 or a short window thereafter. Marked for hearing.
6. Defendant will withdraw objections to start date of 2006. But maintains the balance of his objections. Plaintiff has requested a marriage certificate to support the assertion of spousal privilege, but Defendant has refused to provide one. Marked for hearing.
7. Defendant withdrew objection to start date of 2006. But maintains objections as to end date. Marked for hearing.
8. Defendant maintains his objections. Will only produce documents and communications of trusts that Defendant was a trustee or beneficiary, dated between 1/1/11-2/14/18, and that contemplated David Kleiman or W&K. Marked for hearing.
9. Defendant maintains its objections. Will not produce any documents. Marked for hearing.
10. Objections withdrawn.
11. Defendant maintains his objections. He cannot know what "trust" or "trusts" are referred to in the communication. He will not produce any responsive documents. Marked for hearing.
12. Defendant maintains his objections. He cannot know what "company" is referred to in the communication. He will not produce any responsive documents.
13. Defendant maintains his objections. He will only produce documents that are related to a "person" or trust in the Seychelles that contemplated David Kleiman or W&K and is dated between 1/1/11 and 2/14/18.
    a. Plaintiff would agree to edit the RFP so it now reads:
        i. All documents and communications concerning any person, trust, or fund (as defined herein) that is related to both the Defendant and Seychelles.
14. Defendant maintains his objections. He will only produce documents relevant to David Kleiman and W&K that are dated between 3/12/2008 and 2/14/18.
    a. Plaintiff would agree to edit the RFP so it now reads:
        i. All documents and communications relating to Design by Human Ltd., see e.g., D.E. 83-15 (Exhibit 15 to Second Amended Complaint ("SAC") (showing Design by Human holds a trust of over 650,000 bitcoins that were to be held in trust "until . . . group company formed with Dave K and CSW")
15. Defendants maintains his objections He will only produce documents relevant to David Kleiman and W&K that are dated between 3/12/08 through 2/14/18.
    a. Plaintiff would agree to edit the RFP so it now reads:
        i. All communications that occurred between January 1, 2007 and the present, between you and Uyen Nguyen, the individual identified as a "powerful figure in the trust" (SAC Ex. 1 at 37), who was also a signatory to Design by Human's "Deed of Loan" document purporting to hold over 650,000 bitcoins in trust for Craig and Dave (SAC Ex. 15), who became a director of key companies related to Dave, Craig and Bitcoin (*id*.), who assisted Craig's theft of W&K's assets (SAC ¶¶138-39), who helped mislead Ira (see DE 50-1 at ¶ 13(a)), and over whom Andrew O'Hagan wrote that it was "unclear how such a young and inexperienced person came to have so much influence" (SAC Ex. 1 at 37).
16. Defendant maintains his objections. He will not produce any documents.
    a. Plaintiff would agree to edit the RFP so it now reads:
        i. All communications between you and Ross Ulbricht that occurred between January 1, 2010 and January 1, 2014 which concern Bitcoin transactions or Dave Kleiman (See DE

<span style="color:red">83-1, at 49, 52-53). For purposes of this interrogatory any communications with "Dread Pirate Roberts" should be considered communications with Ross Ulbricht.</span>

**Velvel (Devin) Freedman**
Counsel

**BOIES SCHILLER FLEXNER** LLP
100 SE 2ND Street Suite 2800
Miami, FL 33131
(t) +1 305 357 8438
(m) +1 305 753 3675
vfreedman@bsfllp.com
www.bsfllp.com

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]