UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

    plaintiffs,

v.                                    **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

    defendant.
_____/

**DR. CRAIG WRIGHT'S DISCOVERY MEMORANDUM[1]**

---

[1] The Court has scheduled the discovery hearing to take place on February 20, 2019, at 3 p.m.

Plaintiffs' Second Amended Complaint [D.E. 83] (the "Complaint") alleges that Dr. Craig Wright purportedly stole a massive amount of bitcoin from his long-time friend, Dave Kleiman, after Dave unexpectedly died in April of 2013. As alleged in the Complaint, bitcoin is a form of electronic currency, which is held in an electronic wallet stored on an electronic device.[2] Dave was an expert in the field of information technology and computer security. Given Dave's background, and because a bitcoin wallet must be stored on an electronic device, Dave's electronic devices are the first and most obvious place for the parties to look for information relevant to prosecuting and defending this case. For that reason, Dr. Wright issued a discovery request to inspect those devices.[3] Plaintiffs have not allowed a meaningful inspection to occur.[4]

The need to inspect Dave's electronic devices is magnified by the fact that plaintiff Ira Kleiman may have deleted the very bitcoin wallets he believes Dr. Wright somehow "stole." Long before this lawsuit was filed, and shortly after Dave died, Dr. Wright contacted Dave's father Louis Kleiman (and later Ira) to tell them that Dave might have bitcoin wallets stored on his electronic devices, and that they should make sure nothing was deleted from those devices. Nonetheless, Ira responded in a February 18, 2014 e-mail that he may have deleted key evidence regarding the claims he now asserts, "by throwing away a bunch of Dave's papers and formatting drives that [he] couldn't access." *See* e-mail from I. Kleiman to C. Wright, attached as **Exhibit C**. As the attached declaration of computer forensic expert Clint Modesitt explains, by re-formatting Dave's hard drives, Ira likely would have deleted the bitcoin wallets and any information relating to the wallets that were stored on the hard drives. *See* Decl. of C. Modesitt, attached as **Exhibit D**.

---

[2] *See*, *e.g.*, Compl. ¶¶ 20-22 (describing bitcoin as a "digital currency" that stored in "electronic wallets," which "are separate *computer files* dedicated to storing information about specific bitcoins") (emphasis added). We are using these terms because they are used in the Complaint. We do not concede that Plaintiffs are using the correct terminology.
[3] *See* Dr. Wright's First Request for Production at Requests 1 and 2, which is attached as **Exhibit A**.
[4] *See* Plaintiffs' Response to Dr. Wright's First Request for Production at Response 1, which is attached as **Exhibit B**.

Plaintiffs' objection to the inspection has been a moving target. Plaintiffs first objected to the inspection because Ira is using Dave's electronic devices as his personal computers, to store "photographs of his wife and minor children and commercial movie/music files." Plaintiffs then objected that they needed some unstated procedure to protect attorney-client privilege. Stated differently, plaintiffs argue that inspection of Dave's electronic devices—which are central to this case—should be limited because Ira is using this critical evidence for his personal affairs. Ira cannot use a shield as a sword, and he cannot tamper with Dave's electronic devices while pursing claims of "theft" from those devices. Furthermore, as the Modesitt declaration attests, anything less than a full forensic imaging of Dave's electronic devices would leave a key question unanswered—what evidence did Ira destroy when he wiped the electronic devices' hard drives? *See* **Ex. D** ¶¶ 6, 10. The information that emanates from an immediate inspection could directly and significantly affect the scope and course of the litigation.

Separately, plaintiffs have served on Dr. Wright four sets of document requests totaling 137 requests,[5] seeking "all documents" relating to: (i) every company that Dr. Wright has or ever had any ownership or financial interest in;[6] (ii) any communication with any person or company regarding cryptocurrency;[7] and (iii) any bitcoin transaction that Dr. Wright ever made between 2009 and 2014.[8] These requests are *not* proportional to the needs of the case, where plaintiffs are requesting a seemingly countless number of documents (*terabytes* worth), whose production plainly would outweigh any benefit from their production, and plaintiffs refuse to narrowly tailor their requests to the claims or defenses at issue.

---

[5] Attached as Composite **Exhibit E** are plaintiffs' four requests. Attached as **Exhibit F** are Dr. Wright's responses to the first request. The responses to the second, third, and fourth requests are not yet due.
[6] *See* Composite **Exhibit E** at 41, Request 28.
[7] *See Id*. at 23-24, Request 45.
[8] *See Id*. at 26, Request 64.

Dr. Wright stands ready to produce documents in his possession, custody, or control that relate to Dave, any trust in which Dave was a trustee or beneficiary, and W&K Info Defense Research, LLC. This is reasonable and proportional to the needs of the case. It also will allow the parties to complete meaningful discovery before the discovery deadline of June 10, 2019. Dr. Wright will begin producing these documents as soon as the Court enters a confidentiality order, which defendant's counsel took the lead in preparing and, after multiple discussions among all counsel, can be entered upon resolution of two outstanding issues.

Plaintiffs seek to limit the protections of the confidentiality order's attorney-eyes-only designation to trade secrets. Dr. Wright believes this added protection should extend to non-public corporate financial information related to his current businesses. Plaintiffs also request that the Court ignore Local Rule 5.4, and instead require that if any information designated confidential is filed with the Court, the party that *is not* filing it should move to seal the filing. Plaintiffs' requested procedure is backwards, irrational and unnecessarily burdensome. Dr. Wright submits that the parties should simply comply with Local Rule 5.4.

## **CERTIFICATE OF PRE-HEARING CONFERENCE**

In accordance with the Standing Discovery Order [D.E. 22], counsel for Dr. Craig Wright certify that they conferred in good faith with plaintiffs' counsel regarding the relief requested in this memorandum, but we were unable to resolve the issues raised here.

Respectfully submitted,

RIVERO MESTRE LLP
*Attorneys for Dr. Craig Wright*
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: jmestre@riveromestre.com
Email: arolnick@riveromestre.com
Email: receptionist@riveromestre.com

By: s/ Andres Rivero
ANDRES RIVERO
Florida Bar No. 613819
JORGE A. MESTRE
Florida Bar No. 88145
ALAN H. ROLNICK
Florida Bar No. 715085
AMANDA MCGOVERN
Florida Bar No. 964263

## CERTIFICATE OF SERVICE

I certify that on February 14, 2019, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

/s/Andres Rivero
ANDRES RIVERO