UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-cv-80176

IRA KLEIMAN,
as personal representative of
the estate of David Kleiman,
and W&K INFO DEFENSE RESEARCH,
LLC

    Plaintiffs,

v.

CRAIG WRIGHT,

    Defendant.
_____/

## WRIGHT'S FIRST REQUEST FOR PRODUCTION AND INSPECTION

In accordance with Rule 34 of the Federal Rules of Civil Procedure, Wright requests that plaintiffs Ira Kleiman, as personal representative of the estate of David Kleiman, and W&K Info Defense Research LLC, produce for inspection and copying, within the time provided by the Federal Rules, originals of the documents identified below.

### I. DEFINITIONS

As used in this request for production (the "Document Request"), the following terms and words have the following meanings:

    A.    "ATO" means the Australian Tax Office.

    B.    "Communications" means any oral, written, or electronic transmission of information, including, but not limited to, letters or correspondence, conversations, meetings,

discussions, telephone calls, telegrams, telecopies, telexes, seminars, conferences, messages, facsimile transmissions, electronic mail, vistomail, notes or memoranda.

  C. "Control" means in your possession, custody, under your direction, or available to you upon reasonable demand, and includes in the possession, custody, or available upon reasonable demand, of those under the direction of you or your employees, subordinates, counsel, accountants, consultants, experts, parent or affiliated corporations, and any persons purporting to act on your behalf.

  D. "Cryptocurrency" means any digital currency in which encryption techniques are used to regulate the generation of units of currency and verify the transfer of funds, operating independently of a central bank. It shall include, but not be limited to, Bitcoin, Bitcoin Cash, any other "forked" Bitcoin asset, and Etherium's Ethers.

  E. "Defendant" means all defendants to this action, their principals, and any of their Agents.

  F. "Document" means any item within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, any written or graphic matter or other means of preserving thought or expression, all tangible things from which information or thoughts can be processed or transcribed, and all copies containing additional matter, however produced or reproduced, of any kind and description, in your actual or constructive possession, custody, care, or control, that pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to this action, or which are themselves listed below as specific documents, including, but not limited to, the following: correspondence, memoranda, notes, messages, letters, telegrams, teletyped messages, facsimiles, electronic mail, text messages, social-media posts, bulletins, diaries, chronological data, minutes, books, reports,

charts, ledgers, invoices, worksheets, receipts, computer memory, word processing data, computer printouts, work-product schedules, account records, patents, licenses, legal pleadings, minutes of directors' meetings, minutes of shareholders' or other meetings, work assignments, transaction files, statistical records, financial records, bank records, security agreements, testing reports, newspaper or magazine articles, stories or clippings, affidavits, pleadings, contracts, transcripts, surveys, graphic representations of any kind, photographs, graphs, microfilms, videotapes, tape recordings, motion pictures or other films, or information maintained in any electronic medium (including, but not limited to, information found in computer hard drives, flash drives, USB drives, pocket drives, CDs, backup tapes, metadata, and PDFs).

G. "Including" means "including without limitation."

H. "Plaintiffs" mean Ira Kleiman as the personal representative of the Estate of David Kleiman, and W&K Info Research Defense LLC, and their respective affiliates, subsidiaries, parent companies, principals, or agents.

I. "You" means the Plaintiffs in this action and any agent, employee, officer, director, attorney, independent contractor, or any other person acting at the direction of, or on behalf of, Plaintiffs.

J. Wherever necessary to ensure the completeness or accuracy of these document requests, the singular shall include the plural and the plural shall include the singular.

## II.  RELEVANT TIME FRAME

Unless specified in a request, this request includes and encompasses all information available from March 12, 2008 to the present.

### III.     INSTRUCTIONS

1. Plaintiffs should produce the documents as follows: (1) in the exact order in which they are kept in the ordinary course of business; or (2) classified according to the specific request(s) to which they are responsive.

2. To the extent that you do not have possession, custody, or control of any documents identified as responsive to a particular request herein, please indicate the lack of possession, custody, existence, or control of the responsive documents in your response.

3. All electronic documents and e-mail are requested to be produced in electronic format by a forensically sound method, with all original metadata preserved and intact.

4. ESI should be produced as follows:

   a. Email, instant messaging, calendar, contacts, and word processing files must be derived from the original electronic media and converted to single-page .tiff images with accompanying system metadata (e.g., author, recipient(s), "cc" recipient(s), "bcc" recipient(s), date and time of creation and receipt, date and time of modification, etc.) and substantive metadata (e.g., the substance of the changes, etc.), with all attachments. All chronological metadata shall be standardized to Eastern Standard Time. The Defendants reserve the right to request native format production for ESI. Upon such request, Plaintiffs shall produce specific documents (identified by Bates number or range) in original native electronic format.

   b. Dynamic files (e.g. databases, spreadsheets, project files, etc.) shall be produced in original native format with all accompanying metadata, along

     with all such software necessary to interpret the produced information if such software is not readily commercially available.

  c. For all ESI not specified above, production shall be made in native format with all accompanying metadata, along with all software necessary to interpret the produced information if such software is not readily commercially available, unless the Defendants specifically agree to a different form of production.

5. If any document requested here was previously in your possession, custody, or control but is no longer, state the following for each document in your response to this First Request for Production:

  a. the type of document (that is, correspondence, memorandum, e-mail, etc.);

  b. the date of the document;

  c. any person(s) who signed the document;

  d. any person(s) who received the document or a copy of it;

  e. any person(s) now in possession of the document;

  f. the substance of the document; and

  g. the disposition of the document, including the date of disposition.

6. This Request for Production of Documents does not seek the production of documents protected by the attorney-client privilege or work-product rule.  However, if you withhold production of a document requested here as privileged, work product or on any other basis, please state the following in a privilege log for each document withheld:

  a. the type of document (e.g., correspondence, memorandum, e-mail);

  b. the date of the document;

    c.    the person(s) who signed the document;

    d.    the person(s) who received the document or a copy of it;

    e.    the reason for non-production; and

    f.    the substance of the document.

## IV.   REQUESTS FOR PRODUCTION AND INSPECTION

1. All documents related to devices that belonged to David Kleiman, including any hard drives, computers, tablets, phones, and flash drives that were used by David Kleiman to mine bitcoin as alleged in the Amended Complaint.

2. All documents related to the metal encased USB drive that David Kleiman kept on his person, including the USB itself.

3. All documents related to communications between You and Craig Wright.

4. All documents related to communications between You and the U.S. Internal Revenue Service about the U.S. tax filings for or on behalf of David Kleiman and the Estate of David Kleiman.

5. All documents related to U.S. federal tax returns for David Kleiman and the Estate of David Kleiman, including the tax returns.

6. All documents related to communications between You and the ATO.

7. All documents related to communications between Louis Kleiman and Craig Wright.

8. All documents related to communications between Ira Kleiman and Craig Wright.

9. All documents related to communications between David Kleiman and Ira Kleiman.

10. All documents related to Liberty Reserve, including communications with that entity.

11. All documents relating to the contracts and agreements attached as exhibits 5, 10, and 15 to the Amended Complaint, including any communications.

12. All documents related to Ira Kleiman's administration of David Kleiman's estate, including any communications.

13. All documents related to W&K Info Defense Research, LLC, including any communications.

14. All documents related to companies, corporations, trusts, or entities in which David Kleiman had any ownership or financial interest.

Dated: January 4, 2019

**RIVERO MESTRE LLP**

*Attorneys for Craig Wright*
2525 Ponce de León Blvd., Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505
E-mail: arivero@riveromestre.com
E-mail: jmestre@riveromestre.com
E-mail: arolnick@riveromestre.com
Secondary: receptionist@riveromestre.com

By: /s/ Andrés Rivero
ANDRES RIVERO
Florida Bar No. 613819
JORGE A. MESTRE
Florida Bar No. 088145
ALAN H. ROLNICK
Florida Bar No. 715085

## **CERTIFICATE OF SERVICE**

I certify that on January 4, 2019, I electronically served this document on all counsel of record by e-mail.

/s/ Andrés Rivero
ANDRÉS RIVERO
