## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN,
as personal representative of
the estate of David Kleiman,
and W&K INFO DEFENSE RESEARCH,
LLC

      Plaintiffs,

v.                                        **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

      Defendant.

_____/

### CRAIG WRIGHT'S RESPONSE TO
### PLAINTIFFS' FIRST REQUEST FOR PRODUCTION

In accordance with Rule 34 of the Federal Rules of Civil Procedure, Defendant Craig

Wright responds to Plaintiffs' First Request for Production (the "Requests") as follows:

### PRELIMINARY STATEMENT

Dr. Wright has not completed his investigation of this action. The responses set forth

below are based on his knowledge, information, and belief at this time. The individual responses

and objections are not intended to be, and should not be interpreted as, a representation as to the

existence or nonexistence of specific documents in his possession, custody, or control. Dr.

Wright incorporates by reference this preliminary statement in each of his specific responses

below and reserves the right to amend or supplement his response to each specific request.

Dr. Wright has provided a draft confidentiality order to Plaintiffs and the parties are

currently negotiating such an order, but with no confidentiality order in place, Dr. Wright objects

to the production of any documents until such order has been entered by the Court. Further, the

parties have not yet agreed on an ESI protocol. Dr. Wright objects to the production of any electronic documents until after the parties agree to an ESI protocol and search terms, due to the facts that potentially responsive ESI is located outside the United States and Plaintiffs seek documents and information dating back more than a decade.

Subject to the responses and objections set forth below, Dr. Wright agrees to produce responsive, non-privileged documents in his possession, custody, or control in a mutually agreeable fashion on a rolling basis as such documents become available. Dr. Wright's counsel is available to meet and confer with Plaintiffs' counsel regarding these responses and objections at a mutually convenient time.

## SPECIFIC RESPONSES TO DEFINITIONS

### Definition No. 5[1]

Dr. Wright objects to this definition to the extent it includes documents that are protected by the attorney-client privilege, attorney work-product doctrine, spousal privilege, or any other privilege or protection from production under relevant statutes and case law, including the laws of foreign nations. He also objects to this definition to the extent that it seeks to impose on him obligations greater than those set forth in the Federal Rules of Civil Procedure. In addition, Dr. Wright objects to this definition because it is vague and overbroad; for instance, "computer data of any kind whatsoever" is both overbroad and utterly unclear as to the specific data or type of data sought. Dr. Wright further objects to this definition to the extent that it seeks documents available in the public domain, which are more convenient, less burdensome, and less expensive to obtain.

---

[1] Dr. Wright notes that there is no Definition No. 4 and responds to the definitions as numbered in Plaintiff's First Request for Production.

**Definition No. 6**

Dr. Wright objects to this definition to the extent that it seeks duplicative documents, including, but not limited to, electronic documents with the same hash value.

**Definition No. 7**

Dr. Wright objects to this definition to the extent that it seeks documents available in the public domain. Moreover, Dr. Wright objects to this definition to the extent that it seeks documents protected and restricted by the laws of foreign nations where the data was created or is maintained.

**Definition No. 8**

Dr. Wright objects to this definition to the extent that it seeks documents not in his possession, custody, or control. Dr. Wright further objects to this definition to the extent that it seeks documents that may be covered under confidentiality or non-disclosure agreements. Moreover, Dr. Wright objects to this definition to the extent that it seeks documents protected and restricted by the laws of foreign nations where the data was created or is maintained.

**Definition No. 13**

Dr. Wright objects to this definition to the extent that it seeks to impose on him obligations greater than those set forth in the Federal Rules of Civil Procedure. Dr. Wright further objects to this definition as it has no relevance to the requests and is not used here.

**Definition No. 14**

Dr. Wright objects to the use of the disjunctive to include the conjunctive (and vice versa), because it makes the requests unintelligible.

**Definition No. 16**

Dr. Wright objects to this definition to the extent that it seeks documents outside of his possession, custody, or control. Moreover, Dr. Wright objects to this definition to the extent that it seeks documents protected and restricted by the laws of foreign nations where the data was created or is maintained.

**Definition No. 17**

Dr. Wright objects to the time frame of "January 2006 through the present" as the claims in the Second Amended Complaint relate to actions and events beginning on March 12, 2008, at the earliest. Dr. Wright will not search for documents before March 12, 2008, or after the date the original complaint was filed on February 14, 2018.

## SPECIFIC RESPONSES TO REQUESTS FOR PRODUCTION

**Request No. 1**

All communications between you and David Kleiman occurring between January 2006 and June 2013.

**Response to Request No. 1**

Dr. Wright objects to this request because it is grossly overbroad, unduly burdensome, harassing and oppressive, not proportional to the needs of the case, demands production of information that may contain trade secrets or confidential commercial information without the protections of a confidentiality order, and is not limited to information within Dr. Wright's possession, custody, or control. Moreover, Dr. Wright objects to this request to the extent that it seeks documents protected and restricted by the laws of foreign nations where the data was created or is maintained.

Specifically, this request is grossly overbroad, unduly burdensome, harassing, and

oppressive for (1) seeking "all communications" from 13 years ago, even though the allegations in the Complaint begin with alleged events that purportedly occurred on March 12, 2008, and (2) for seeking communications with David Kleiman after his death in April 2013. As drafted, this request seeks information that has no relevance to the issues as framed by the pleadings and is wholly unnecessary for Plaintiffs to litigate their claims. This kind of discovery is expressly forbidden by the federal rules, which limit the scope of discovery to "nonprivileged matter[s] that [are] *relevant* to any party's *claim* or defense . . . ." Fed. R. Civ. P. 26(b)(1).

Finally, this request also improperly demands production of information that constitutes trade secrets, confidential commercial information, without the protection of a confidentiality order.

Notwithstanding these objections, Dr. Wright will search for communications with David Kleiman in Dr. Wright's possession, custody, and control beginning on March 12, 2008, through April 2013, regarding cryptocurrency, W&K Info Defense Research, LLC, presentations to the United States Department of Homeland Security, and trusts created for either Dr. Wright's or David Kleiman's benefit, after the parties agree to an ESI protocol and search terms. Dr. Wright will only produce any responsive material after a confidentiality order is entered by the Court.

**Request No. 2**

All documents, communications, or computer data (or copies of same) that belonged to David Kleiman and are in your possession or control. There is no time limit for this request.

**Response to Request No. 2**

Dr. Wright objects to this request because it is vague and unintelligible, overbroad, unduly burdensome, and demands production of information that may contain trade secrets or confidential commercial information without the protection of a confidentiality order.

The request is improperly vague and unintelligible because Plaintiffs do not explain how, let alone what, documents, communications, or computer data might have "belonged" to David Kleiman, and provide no definition of this term. Further, whether David Kleiman ever had an ownership interest in any information Dr. Wright might possess is a matter of dispute. Moreover, the term "computer data" is undefined, and it is unclear what is meant by this term. Depending on the definition of "computer data", this request could encompass data that cannot be reduced to discoverable form. Accordingly, Dr. Wright is unable to readily identify which documents, if any, might be responsive to this request.

Even if it were not vague and unintelligible, this request would remain overbroad and unduly burdensome. It is not limited to a relevant time period or subject matter and Plaintiffs have not narrowed its scope to the issues as framed by the pleadings. It is not proportional to the needs of the case and is not necessary for Plaintiffs to adequately litigate their claims. Moreover, the term "computer data" is undefined and improperly vague, and its meaning is unclear. Depending on the definition of "computer data", this request could include data that cannot be reduced to discoverable form. Accordingly, Dr. Wright is unable to readily identify which documents, if any, might be responsive to this request.

**Request No. 3**

All documents, communications, or computer data (or copies of same) that David Kleiman left in your possession. There is no time limit for this request.

**Response to Request No. 3**

Dr. Wright objects to this request because it is vague and unintelligible, overbroad, unduly burdensome, and demands production of information that may contain trade secrets or confidential commercial information without the protection of a confidentiality order.

The request is improperly vague and unintelligible because Plaintiffs do not explain how, let alone what, documents, communications, or computer data David Kleiman might have "left" in Dr. Wright's possession, and provide no definition of this term. Further, the implication of the request is that the David Kleiman had some ownership interest in the "documents, communications, or computer data" requested. However, whether David Kleiman ever had an ownership interest in any information Dr. Wright might possess is a matter of dispute. Additionally, whether any "documents, communications or computer data" David Kleiman may have been "left" with Dr. Wright were intended to be "left" with him is also a matter of dispute. Moreover, the term "computer data" is undefined and improperly vague, and it is unclear what is meant by this term. Depending on the definition of "computer data", this request could include data that cannot be reduced to discoverable form. Accordingly, Dr. Wright is unable to readily identify which documents, if any, might be responsive to this request.

Even if it were not vague and unintelligible, this request would remain overbroad and unduly burdensome. It is not limited to a relevant time period, subject matter, or to the issues as framed by the pleadings. It is, thus, not proportional to the needs of the case and is not necessary for Plaintiffs to adequately litigate their claims.

**Request No. 4**

All documents and communications related to the drafting and publication of the white paper entitled "Bitcoin: A Peer-to-Peer Electronic Cash System," written under the pseudonymous name Satoshi Nakamoto (including drafts of same).

**Response to Request No. 4**

Dr. Wright objects to this request as improperly overbroad because it is not limited to the issues as framed by the pleadings, namely, David Kleiman's alleged involvement in the

publication referenced above. Dr. Wright also objects to this request to the extent it is duplicative of Request No. 1 and incorporates by reference his response to Request No. 1 as if fully stated here.

Moreover, Dr. Wright objects because this request demands production of information that may contain privileged attorney-client communications and attorney-work product, as well as information that constitutes trade secrets or confidential commercial information, without the protection of a confidentiality order.

Notwithstanding these objections, Dr. Wright will search for documents and communications with David Kleiman relevant to the drafting and publication of the white paper entitled "Bitcoin: A Peer-to-Peer Electronic Cash System," written under the pseudonymous name Satoshi Nakamoto from March 12, 2008, through April 2013, after the parties agree to an ESI protocol and search terms. In addition, Dr. Wright will only produce any responsive material after a confidentiality order is entered by the Court.

**Request No. 5**

All documents, agreements, and communications relating in any way to W&K Info Defense Research, LLC.

**Response to Request No. 5**

Dr. Wright objects to this request as improperly overbroad because it is not limited to the issues as framed by the pleadings, demands information that has no relevance to those issues, and is not proportional to the needs of the case. For example, the Second Amended Complaint alleges that W&K Info Defense Research, LLC, didn't even exist until February 14, 2011. Dr. Wright, further objects to this request to the extent that it seeks documents not within his possession, custody, or control. He also objects to this request to the extent it is duplicative of

Request No. 1 and incorporates his response to that request here. Finally, Dr. Wright objects to this request to the extent it seeks information that contains privileged attorney-client communications, attorney work-product, or information that constitutes trade secrets or confidential commercial information without the protection of a confidentiality order.

Notwithstanding these objections, Dr. Wright will search for communications, documents, and agreements relating to W&K Info Defense Research, LLC from January 1, 2011, through the February 14, 2018, after the parties agree to an ESI protocol and search terms. In addition, Dr. Wright will only produce any responsive material after a protective order is entered by the Court.

**Request No. 6**

All documents, agreements, and communications between you and Ramona Watts occurring between January 2006 and the present, that relate in any way to David Kleiman, W&K Info Defense Research, LLC, the whitepaper referenced in REQUEST 4, the Bitcoin protocol, bitcoins, bitcoin cash, or any other cryptocurrency.

**Response to Request No. 6**

Dr. Wright objects to this request because it is overbroad, improperly intrusive, oppressive and harassing, demands production of irrelevant information, is not proportional to the needs of the case, is unduly burdensome, seeks information that is not in his possession, custody, or control, and demands information that may contain attorney-client communications, attorney work-product, spousal communications, trade secrets, or confidential commercial information. Moreover, Dr. Wright objects to this request to the extent that it seeks documents protected and restricted by the laws of foreign nations where the data was created or is maintained.

Specifically, this request is improperly overbroad and unduly burdensome because it demands information regarding communications with a non-party that may have occurred twelve years ago, even though none of the alleged events in the Second Amended Complaint are alleged to have occurred before March 12, 2008.

Dr. Wright further objects to this request as improperly intrusive, oppressive, and harassing because it demands production of private communications between Dr. Wright and his spouse, Ramona Watts, that occurred during the time they were married and are protected from disclosure by the spousal communications privilege.

Notwithstanding these objections, Dr. Wright will search for documents, agreements, and communications between himself and Ramona Watts occurring between March 12, 2008, and November 22, 2013 (the day before their marriage), that relate to David Kleiman or W&K Info Defense Research, LLC, after the parties agree to an ESI protocol and search terms. In addition, Dr. Wright will only produce any responsive material after a confidentiality order is entered by the Court.

**Request No. 7**

All documents and communications that relate in any way to a trust and/or company, corporation, or legal entity that are, in anyway [*sic*] connected or related to you, and that incorporates the word "tulip" or "tulips" in its name and/or documents.

**Response to Request No. 7**

Dr. Wright objects to this request because it is overbroad, demands production of irrelevant information, is not proportional to the needs of the case, is unduly burdensome, seeks documents that are not in Dr. Wright's possession, custody, or control, and demands production of information that may contain attorney-client communications, attorney work-product, trade

secrets, or confidential commercial information without the protections of a protective order. Dr. Wright further objects to this request to the extent that it seeks documents that may be subject to confidentiality agreements or non-disclosure agreements. Moreover, Dr. Wright objects to this request to the extent that it seeks documents protected and restricted by the laws of foreign nations where the data was created or is maintained.

Notwithstanding these objections, Dr. Wright will search for documents and communications that relate to any trust, company, corporation, or legal entity in which he has any interest and incorporates the word "tulip" or "tulips" in "its name and/or documents" from January 1, 2011, through February 14, 2018, after the parties agree to an ESI protocol and search terms. In addition, Dr. Wright will only produce any responsive material after a confidentiality order is entered by the Court.

**Request No. 8**

All documents and communications that relate in any way to any trust that involves or relates to you, and which previously or presently, directly or indirectly, held, holds, controlled, or controls, or in any way holds an ownership interest in, bitcoins, bitcoin cash, or any other cryptocurrency. This includes a future expected interest and the right to control the cryptocurrency at some future date. For purposes of this request, "involved or relates to you" shall be construed in the broadest sense and includes trusts of which you obtained or will obtain any benefit from whatsoever no matter how indirect, or on which you serve as a trustee (or similar position), or over which you hold influence or control.

**Response to Request No. 8**

Dr. Wright objects to this request because it is vague and unintelligible, overbroad, improperly intrusive, oppressive, harassing and burdensome, not proportional to the needs of the

case, amounts to financial discovery that no plaintiff may seek until and unless it obtains a final judgment, and demands production of trade secrets and confidential commercial information without the protection of a confidentiality order. Dr. Wright further objects to this definition to the extent that it seeks documents that may be covered under confidentiality or non-disclosure agreements. Moreover, Dr. Wright objects to this request to the extent that it seeks documents protected and restricted by the laws of foreign nations where the data was created or is maintained.

This request is vague and unintelligible because it seeks documents that "relate" to "any trust" that "*relates*" to Dr. Wright, an undefined concept that makes no sense as written, which makes it impossible for Dr. Wright to discern what Plaintiffs are talking about. Plaintiffs magnify the impropriety of this unintelligible formulation by claiming that it should be "construed in the broadest sense," which reduces this request to alphabet soup.

Even if it were not vague and unintelligible, this request would remain improperly overbroad because it relies on an improperly overbroad purported definition of the term "trust," is not limited to any time period as framed in the Amended Compliant or any location, seeks documents that have absolutely no relevance to the issues as framed by the pleadings, is not proportional to the needs of the case, and is not necessary for Plaintiffs to adequately litigate their claims.

Moreover, this request amounts to oppressive harassment badly disguised as an unduly burdensome discovery request. No plaintiff may demand harassing and burdensome financial discovery that is not only wholly irrelevant to its purported claims but is the sort of inherently intrusive discovery that no plaintiff may seek until and unless it has obtained a final judgment.

Dr. Wright reserves all rights to seek appropriate sanctions for Plaintiffs' conduct, including an action for abuse of process and malicious prosecution.

Even if Plaintiffs were permitted to harass Dr. Wright with wholly irrelevant, overbroad, premature financial discovery, this request would remain unduly burdensome. Requiring Dr. Wright to produce documents relating to "trusts" located anywhere in the world would be unduly burdensome because it would force Dr. Wright to incur massive expense and inconvenience in obtaining documents anywhere on Earth that might be responsive to this unintelligible, overbroad, oppressive, and harassing request.

Dr. Wright further objects to this request to the extent it seeks documents that are not in his possession, custody, or control, or contain privileged attorney-client communications, attorney work-product, or information that constitutes trade secrets or confidential commercial information.

Notwithstanding these objections, Dr. Wright will search for documents and communications from January 1, 2011, through February 14, 2018, related to any trust for which he is a beneficiary or trustee that holds or held any ownership in or rights to cryptocurrency, and that were contemplated in any contract with David Kleiman or W&K Info Research Defense, LLC, after the parties agree to an ESI protocol and search terms. In addition, Dr. Wright will only produce any responsive material after a confidentiality order is entered by the Court.

**Request No. 9**

All documents and communications that relate in any way to any company, corporation, or other legal entity that involves or relates to you, and which previously or presently, directly or indirectly, held, holds, controlled, or controls, or in any way holds an ownership interest in, bitcoins, bitcoin cash, or any other cryptocurrency. This includes a future expected interest and

the right to control the cryptocurrency at some future date. For purposes of this request, "involved or relates to you" shall be construed in the broadest sense and includes companies, corporations, or legal entities you held or currently hold an ownership interest in (no matter how indirect), and ones you served as an officer, director, employee, agent, or person of authority to.

**Response to Request No. 9**

Dr. Wright objects to this request because it is vague and unintelligible, overbroad, improperly intrusive, oppressive, harassing and burdensome, not proportional to the needs of the case, amounts to financial discovery that no plaintiff is entitled to until and unless it obtains a final judgment, and demands production of trade secrets and confidential commercial information without the protection of a confidentiality order. Dr. Wright further objects to this request to the extent that it seeks documents that may be covered under confidentiality or non-disclosure agreements. Moreover, Dr. Wright objects to this request to the extent that it seeks documents protected and restricted by the laws of foreign nations where the data was created or is maintained.

This request is vague and unintelligible because it seeks documents that "relate" to "any company, corporation or other legal entity" that "*relates*" to Dr. Wright, an undefined concept that makes no sense as written, which makes it impossible for Dr. Wright to discern what Plaintiffs are talking about. Plaintiffs magnify the impropriety of this unintelligible formulation by claiming that it should be "construed in the broadest sense," which reduces this request to alphabet soup.

Even if it were not vague and unintelligible, this request would remain improperly overbroad because it relies on an improperly overbroad, purported definition of "company, corporation or other legal entity," is not limited to any location, seeks documents that have

absolutely no relevance to the issues as framed by the pleadings, is not proportional to the needs of the case, and is not necessary for Plaintiffs to adequately litigate their claims.

Moreover, this request amounts to oppressive harassment badly disguised as an unduly burdensome discovery request. No plaintiff may demand harassing and burdensome financial discovery that is not only wholly irrelevant to its purported claims, but the sort of inherently intrusive discovery a plaintiff may not seek until and unless it has obtained a final judgment. Dr. Wright reserves all rights to seek appropriate sanctions for Plaintiffs' conduct, including an action for abuse of process and malicious prosecution.

Even if Plaintiffs were permitted to harass Dr. Wright with wholly irrelevant, overbroad, premature financial discovery, this request would remain unduly burdensome. Requiring Dr. Wright to produce documents relating to "company[ies], corporation[s] or other legal entit[ies]" located anywhere in the world would be unduly burdensome because it would force Dr. Wright to incur massive expense and inconvenience in obtaining documents anywhere on Earth that might be responsive to this unintelligible, overbroad, oppressive and harassing request, whether or not in his possession, custody, or control.

Dr. Wright further objects to this request to the extent it seeks documents that are not in his possession, custody, or control, and may contain privileged attorney-client communications, attorney work-product, or information that constitutes trade secrets or confidential commercial information.

**Request No. 10**

The complete and final version, without redaction, of the document or draft of document, attached as Exhibit A.

**Response to Request No. 10**

Dr. Wright objects to this request as unintelligible because it demands production of the "final version" of a "draft of" a document, an oxymoron that makes no sense. Dr. Wright also objects because this request is based on an illegally obtained document that has not been and cannot be authenticated. Dr. Wright further objects to this request to the extent that it seeks documents that are not within his possession, custody, or control.

This request cites and relies on a wholly unauthenticated, unverified document, that was retrieved from an untrustworthy online source. The document referred to as "Exhibit A" appears to have a watermark from the website Gizmodo as well as three redactions. Dr. Wright has no idea whether Plaintiffs, their online source, or someone else made modifications to this document, let alone what modifications were made. Accordingly, this request boils down to an improper fishing expedition.

Moreover, if and to the extent a responsive document might exist and might be in Dr. Wright's possession, custody, or control, this request would be duplicative of Requests Nos. 1 and 7. As such, Dr. Wright incorporates by reference his responses to Requests Nos. 1 and 7 as if fully stated here.

**Request No. 11**

All documents and communications that in any way relate to the trust or trusts referenced by the attached Exhibit A in the following places (emphasis added):

- I acknowledge the trust and the transfer of Bitcoins **to this trust**.

- David Kleiman, shall become the **trustee** for the transfer of the satoshi I have received from Craig Wright.

- I will form a **trust** to be managed by at least three people but not more than seven at any time.

- The return will be in the form of a return of control of a company to Dr Wright. The company and **trust** will be managed and held in the Seychelles. This will be designated by Tulips . . .

- The **trust** MUST hold a balance of at least 100,000 Bitcoin at transfer to Dr Wright in 2020 and all means to ensure this will be followed.

- The **trust** will be accessible by two (2) of five keys . . .

- If Dr Wright should die before 2020, the entire minus an amount noted below value and **trust** holdings are to be transferred to Ramona Watts

- If I should die, Dr Wright will be retuned shares in the **Tulip trust** and company 15 months after my death at his discretion.

**<u>Response to Request No. 11</u>**

Dr. Wright incorporates by reference his response to Request No. 10 as if fully stated here. This request also is vague and unintelligible because it seeks documents and communications that "in any way relate" to a "trust or trusts referenced by the attached Exhibit A," which are unnamed and unidentified trusts in a document obtained from questionable online sources, and which makes it impossible for Dr. Wright to identify what documents, if any, might be responsive to this request.

This request also is improperly overbroad because it demands "all documents and communications that in any way relate to the trust or trusts referenced by the attached Exhibit A," with no limitation as to the issues Plaintiffs purport to raise in this action. This request also is improperly intrusive, oppressive, harassing, and burdensome.

Even if Plaintiffs were permitted to harass Dr. Wright with wholly irrelevant, overbroad demands for "all documents" relating to any trust or company purportedly alluded to in documents purportedly retrieved from questionable internet sources, this request would remain unduly burdensome because it would force Dr. Wright to incur massive expense and inconvenience in obtaining documents anywhere on Earth that might be responsive to this overbroad, oppressive, and harassing request.

Dr. Wright further objects to this request to the extent it seeks documents that are not in his possession, custody, or control, or contain privileged attorney-client communications, attorney work-product, or information that constitutes trade secrets or confidential commercial information.

Moreover, if and to the extent any responsive document might exist and might be in Dr. Wright's possession, custody, or control, this Request would be duplicative of Requests Nos. 1, 7, and 8. As such, Dr. Wright incorporates by reference his responses to Requests Nos. 1, 7, and 8 as if fully stated here.

**Request No. 12**

All documents and communications that in any way relate to the company referenced by the attached Exhibit A in these specific instances:

- The return will be in the form of a return of control of a **company** to Dr Wright. The **company** and trust will be managed and held in the Seychelles. This will be designated by Tulips . . .

- Dr. Wright will be retuned shares in the Tulip trust and **company** 15 months after my death at his discretion.

**Response to Request No. 12**

Dr. Wright incorporates by reference his responses to Requests Nos. 10 and 11 as if fully stated here. Moreover, if and to the extent a document similar to the attached Exhibit A might exist and might be in Dr. Wright's possession, custody, or control, this Request would be duplicative of Requests Nos. 1 and 7-9. As such, Dr. Wright incorporates by reference his responses to Requests Nos. 1 and 7-9 as if fully stated here.

**Request No. 13**

All documents relating to any company, corporation, legal entity, or trust that is in anyway related to you and is in anyway associated with the Seychelles.

**Response to Request No. 13**

Dr. Wright objects to this request because it is vague and unintelligible as written, overbroad, improperly intrusive, oppressive and harassing, unduly burdensome, and neither relevant nor proportional to the needs of the case. Moreover, Dr. Wright objects to this request to the extent that it seeks documents protected and restricted by the laws of foreign nations where the data was created or is maintained.

This request is vague and unintelligible because it seeks documents "relating" to "any company, corporation, legal entity, or trust" that is "in anyway [sic] related" to Dr. Wright and is "in anyway [sic] associated" with the Seychelles. Even if "in any way related" were not impermissibly vague and overbroad, "in anyway associated with the Seychelles" is both. That a trust might be "associated with" a country is an undefined concept that makes no sense as written, which makes it impossible for Dr. Wright to discern what Plaintiffs are talking about.

Even if it were not vague and unintelligible, this Request would remain overbroad because it is not limited to allegations in the Second Amended Complaint either in terms of time

period or subject matter. Dr. Wright objects to the overbreadth of this request because it is neither relevant nor proportional to the needs of the case and is not necessary for Plaintiffs to adequately litigate their claims.

Even if it Plaintiffs were permitted to harass Dr. Wright with wholly irrelevant, overbroad discovery, this request would remain unduly burdensome. Requiring Dr. Wright to produce documents located anywhere in the world relating to "any company, corporation, legal entity, or trust" that is "associated" with the Seychelles (whatever that means) would be unduly burdensome, because it would force Dr. Wright to incur massive expense and inconvenience in obtaining documents anywhere on Earth that might be responsive to this unintelligible, overbroad, oppressive, and harassing request.

Finally, Dr. Wright objects to this request to the extent it seeks documents that are not in his possession, custody, or control, or contain privileged attorney-client communications, attorney work-product, or information that constitutes trade secrets or confidential commercial information without the protection of a confidentiality order.

Notwithstanding these objections, Dr. Wright will search for documents related to any company, corporation, legal entity, or trust in which he has an interest that is located or incorporated in the Seychelles, and that was contemplated in any contract with David Kleiman or W&K Info Research Defense, LLC from January 1, 2011, through February 14, 2018, after the parties agree to an ESI protocol and search terms. In addition, Dr. Wright will only produce any responsive material after a confidentiality order is entered by the Court.

**Request No. 14**

All documents and communications relating to Design by Human Ltd.

**Response to Request No. 14**

Dr. Wright objects to this request because it is grossly overbroad, unduly burdensome, not relevant or proportional to the needs of the case, demands production of information that may contain trade secrets or confidential commercial information, and is not limited to information within Dr. Wright's possession, custody, or control.

Dr. Wright objects to this request as improperly overbroad because it is not limited to a relevant time period or subject matter, demands information that has no relevance to the issues as framed by the pleadings, is not relevant or proportional to the needs of the case, is not necessary for Plaintiffs to adequately litigate their claims, and amounts to an improper fishing expedition.

Moreover, even if this request were not improperly overbroad, attempting to comply with it would impose undue burden and expense on Dr. Wright. This request also improperly demands production of information that is not within Dr. Wright's possession, custody, or control. Dr. Wright further objects to this request to the extent that it seeks documents that may be subject to confidentiality or non-disclosure agreements. Moreover, Dr. Wright objects to this request to the extent that it seeks documents protected and restricted by the laws of foreign nations where the data was created or is maintained. Finally, Dr. Wright objects to this request to the extent it seeks information that contains trade secrets or confidential commercial information without the protection of a confidentiality order.

Notwithstanding these objections, Dr. Wright will search for documents and communications relating to Design by Human Ltd. and relevant to David Kleiman or W&K Info Defense, Inc., in his possession, custody, and control from March 12, 2008, through February 14, 2018, after the parties agree to an ESI protocol and search terms. In addition, Dr. Wright will only produce any responsive material after a confidentiality order is entered by the Court.

**Request No. 15**

All communications between you and Uyen Nguyen that occurred between January 1, 2007 and the present.

**Response to Request No. 15**

Dr. Wright objects to this request because it is grossly overbroad, unduly burdensome, oppressive and harassing, is not relevant or proportional to the needs of the case, demands production of information that may contain privileged attorney-client communications, attorney work-product, trade secrets or confidential commercial information, and is not limited to information within Dr. Wright's possession, custody, or control. Specifically, this request is grossly overbroad for seeking "all communications" beginning in 2007, in a case where Plaintiffs' allegations regarding Ms. Nguyen begin in October 2012, and there is no allegation relevant to the Second Amended Complaint before March 12, 2008. Moreover, this request also is overbroad and improper for expressly seeking information that has no relevance to the issues as framed by the pleadings. It also improperly demands information that is not relevant or proportional to the needs of the case, is not necessary for Plaintiffs to adequately litigate their claims and amounts to an improper fishing expedition.

The request also is oppressive and harassing, as well as unduly burdensome, for demanding "all communications" for 12 years, which would impose undue burden and expense on Dr. Wright. Dr. Wright also objects to this request to the extent it seeks information that contains privileged attorney-client communications, attorney work-product, or information that constitutes trade secrets or confidential commercial information without the protection of a confidentiality order. Moreover, Dr. Wright objects to this request to the extent that it seeks

documents protected and restricted by the laws of foreign nations where the data was created or is maintained.

Notwithstanding these objections, Dr. Wright will search for communications with Uyen Nguyen relevant to David Kleiman or W&K Info Defense, Inc., in his possession, custody, and control from March 12, 2008, through February 14, 2018, after the parties agree to an ESI protocol and search terms. In addition, Dr. Wright will only produce any responsive material after a confidentiality order is entered by the Court.

**Request No. 16**

All communications between you and Ross Ulbricht that occurred between January 1, 2010 and January 1, 2014. For purposes of this interrogatory any communications with "Dread Pirate Roberts" should be considered communications with Ross Ulbricht.

**Response to Request No. 16**

Dr. Wright objects to this request because it is harassing, impertinent and scandalous, grossly overbroad, unduly burdensome, not proportional to the needs of the case, demands production of information that may contain trade secrets or confidential commercial information, and is not limited to information within Dr. Wright's possession, custody, or control. First, this request is impermissibly overbroad and improper for seeking information that has no relevance to the issues as framed by the pleadings. Neither the "Dread Pirate Roberts" nor "Ross Ulbricht" are mentioned anywhere in the Second Amended Complaint. This request also is impermissibly overbroad for demanding information from 9 years ago.

Moreover, this request also is overbroad and improper for expressly seeking information that has no relevance to the issues as framed by the pleadings. It expressly demands information that is not relevant or proportional to the needs of the case, is not necessary for Plaintiffs to

adequately litigate their claims and amounts to an improper fishing expedition.

Finally, Dr. Wright objects to this request to the extent that it seeks documents protected and restricted by the laws of foreign nations where the data was created or is maintained.

**RIVERO MESTRE LLP**

*Attorneys for Craig Wright*
2525 Ponce de León Blvd., Suite 1000
Miami, Florida 33134
Telephone:  (305) 445-2500
Facsimile:  (305) 445-2505
E-mail: arivero@riveromestre.com
E-mail: amcgovern@riveromestre.com
E-mail: arolnick@riveromestre.com
E-mail: zmarkoe@riveromestre.com
E-mail: zkass@riveromestre.com
Secondary: receptionist@riveromestre.com

By:  /s/ Andrés Rivero
     ANDRES RIVERO
     Florida Bar No. 613819
     JORGE A. MESTRE
     Florida Bar No. 088145
     AMANDA MCGOVERN
     Florida Bar No. 964263
     ALAN H. ROLNICK
     Florida Bar No. 715085
     ZAHARAH R. MARKOE
     Florida Bar No. 504734

## CERTIFICATE OF SERVICE

I certify that on January 18, 2019, I electronically served this document on all counsel of record by e-mail.

/s/ Andrés Rivero
ANDRÉS RIVERO