## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as the personal
representative of the Estate of David
Kleiman, and W&K Info Defense
Research, LLC,

          *Plaintiffs,*

v.

CRAIG WRIGHT,

          *Defendant.*

CASE NO.:  9:18-cv-80176-BB

## PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES TO THE SECOND AMENDED COMPLAINT

Pursuant to Rule 12(f)(2) of the Federal Rules of Civil Procedure and Local Rule 7.1, Plaintiffs Ira Kleiman and W&K Info Defense Research, LLC request entry of an Order striking with prejudice Defendant's Fifth, Sixth, Seventh,[1] Eighth,[2] Ninth, Eleventh, and Twelfth Affirmative Defenses.

### I.  INTRODUCTION

On December 27, 2018, this Court granted in part and denied in part Defendant's Motion to Dismiss (DE 68) (the "Order"). Plaintiffs subsequently filed a Second Amended Complaint (DE 83), which Defendant answered on January 28, 2019 (DE 87). That Answer raises 14 affirmative

---

[1] The Answer contains two affirmative defenses labeled "Seventh Affirmative Defense," one for "Set-Off" and the other for "Waiver." DE 87 at 33–34. This motion concerns the "Waiver" defense.

[2] The Answer contains two affirmative defenses labeled "Eighth Affirmative Defense," one for "Failure to Mitigate Damages" and the other for "Estoppel." DE 87 at 34. This motion concerns "Estoppel."

defenses. *Id.* at 32–35. For the reasons stated below, Plaintiffs respectfully move this Court to strike Defendant's Fifth, Sixth, Seventh, Eighth, Ninth, Eleventh, and Twelfth Affirmative Defenses.

## II.  LEGAL STANDARD

Rule 12(f) gives courts broad discretion to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). That said, this Court has held that affirmative defenses are subject to notice pleading. *Sport Mgmt. Sys., LLC v. Woolley Grp., LLC*, No. 15-CV-62224, 2016 WL 8793334, at *2 (S.D. Fla. May 11, 2016) (Bloom J.) (striking six affirmative defenses).[3] Under this view, despite a court's broad discretion, striking affirmative defenses is "often disfavored" and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *JazAtlanta 519 LLC v. Beazley Underwriting, Ltd.*, No. 18-CV-60498, 2018 WL 4743634, at *1 (S.D. Fla. Oct. 2, 2018) (Bloom, J.) (quotations omitted) (striking five affirmative defenses).

"Even so, under this standard, an affirmative defense must be stricken when the defense is comprised of no more than bare-bones, conclusory allegations or is insufficient as a matter of law." *JazAtlanta*, 2018 WL 4743634, at *2 (quotations omitted). "An affirmative defense is insufficient as a matter of law where: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Northrop & Johnson Holding Co., Inc. v. Leahy*, No. 16-CV-63008,

---

[3] There is a split of authority in this Circuit on whether affirmative defenses are subject to the heightened pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Plaintiffs recognize, however, that this Court has spoken clearly on the issue and rejected the application of a heightened standard. Thus, Plaintiffs have tailored the arguments in this Motion to the standards elucidated by this Court.

2017 WL 5632041, at *3 (S.D. Fla. Nov. 22, 2017) (Bloom, J.) (quotations omitted) (striking seven defenses).

## III. ARGUMENT

### a. <u>Defendant's Fifth Affirmative Defense must be stricken because it is legally insufficient.</u>

Defendant's Fifth Affirmative Defense (DE 87 at 33) states:

**Plaintiffs, by accepting shares in a corporation from Dr. Wright as compensation for rights of David Kleiman, released Dr. Wright.**

This affirmative defense is invalid as a matter of law because Defendant does not allege that Plaintiffs entered into a contract abandoning or relinquishing any claim or right against Defendant. "A release is a contract itself," *Allgood Elec. Co. v. Martin K. Eby Constr. Co., Inc.*, 85 F.3d 1547, 1552 (11th Cir. 1996), and the claims released by contract must have been "contemplated by the agreement." *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co.*, 761 So. 2d 306, 315 (Fla. 2000). Here, Defendant's conclusory assertion that Plaintiffs "released Dr. Wright" by "accepting shares in a corporation from Dr. Wright as compensation for rights of David Kleiman" fails to allege the existence of any contract between the parties (because there was none), let alone a contract that contemplated the release of any particular claim. Accordingly, Defendant's Fifth Affirmative Defense is insufficient as a matter of law and must be stricken. *See Instituto Nacional De Comercializacion Agricola (Indeca) v. Cont'l Illinois Nat. Bank & Tr. Co.*, 576 F. Supp. 985, 990 (N.D. Ill. 1983) (striking affirmative defense of release as legally insufficient where "[n]one of the facts pleaded by [defendant] show any such contractual undertaking by [plaintiff]"); *see also, e.g.*, *Northrop*, 2017 WL 5632041, at *2 (legally insufficient affirmative defenses must be stricken).

3

**b.** <u>**Defendant's Eighth Affirmative Defense must be stricken because it is legally insufficient.**</u>

Defendant's Eighth Affirmative Defense (DE 87 at 34) states:

> **Plaintiffs are estopped from asserting their claims of fraud against Dr. Wright because they were aware of the Australian Taxation Office investigation, as well as the New South Wales lawsuit against W&K Info Defense Research, LLC, no later than April 2014, and took no action in those proceedings that are in any way consistent with the allegations they now make about those proceedings in this action.**

This defense is also clearly invalid as a matter of law. As an initial matter, it is unclear whether Defendant tries to plead judicial or equitable estoppel. Either way, the defense is legally insufficient.

"The Eleventh Circuit employs a two-prong test in applying the doctrine [of judicial estoppel[4]]: (1) whether the party took an inconsistent position under oath in a separate proceeding; and (2) whether the inconsistent positions were calculated to make a mockery of the judicial system." *Apex Toxicology, LLC v. United Healthcare Ins. Co.*, No. 17-61840, 2018 WL 3199250, at *1 (S.D. Fla. June 29, 2018) (quotations omitted). Here, Defendant alleges that Plaintiffs "took ***no*** action" in the Australian Tax Office investigation into Defendant's tax evasion and the Australian consent proceedings, not that Plaintiffs took a position under oath (let alone an inconsistent one). Moreover, Plaintiffs were never parties to the tax investigation, and the Estate was not a party to the consent proceedings. *See In re Erkelens*, 742 F. App'x 477, 482 n.6 (11th Cir. 2018) ("Judicial estoppel applies only to parties . . . ."). Defendant also fails to allege that any supposedly inconsistent position Plaintiffs took under oath was calculated to make a mockery of the judicial system. Defendant's failure to plead facts that support either prong of a judicial

---

[4] The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding inconsistent with a claim in another proceeding. *E.g.*, *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).

estoppel defense renders it legally insufficient and it must be stricken. *See Northrop*, 2017 WL 5632041, at *2.

Defendant's affirmative defense remains insufficient as a matter of law even if it is construed as an equitable estoppel defense. Equitable estoppel requires: "(1) a misrepresentation of material fact by a party, which is contrary to a later asserted representation or position by that party; (2) reliance on that representation by a party claiming estoppel; and (3) a detrimental change in the position of the party claiming estoppel caused by the party's reliance on the misrepresentation." *Jeremiah's Int'l Trading Co. v. Calderone*, No. 14-58427, 2015 WL 12856081, at *2 (M.D. Fla. May 22, 2015) (quotations omitted). Setting aside that it is unclear how failing to "take action" in a foreign government investigation or proceeding constitutes an actionable material misrepresentation for purposes of an equitable estoppel defense, Defendant does not allege that either Plaintiff had a duty to "take action" in the Australian consent proceedings, let alone to take action into a tax investigation over the *Defendant's* tax evasion. *See Pasco Cty. V. Tampa Dev. Corp.,* 364 So. 2d 850, 853 (Fla. 2nd DCA 1978) ("We consider it rudimentary law that an omission means a negligent or culpable omission where the party failing to act was under a duty to do so."). Moreover, Defendant completely fails to allege that he relied on Plaintiffs' inaction, that his reliance caused a detrimental change in his position, or that Plaintiffs intended or reasonably anticipated Defendant would rely on their inaction. *See United States Life In's. Co. v. Lotus Mfg. Corp.*, 845 F. Supp. 2d 1303, 1318 (S.D. Fla. 2010) ("the party claiming estoppel by silence or inaction must still prove it was misled to its injury by detrimentally changing its position in reliance on that silence or inaction" and "that its reliance was intended or reasonably anticipated" by the party to be estopped) (quotations omitted). Defendant's failure to plead facts supporting any element of the affirmative defense of equitable estoppel renders it

clearly invalid as a matter of law. Accordingly, the Court must strike Defendant's Eighth Affirmative Defense.

### c.   **Defendant's Ninth Affirmative Defense must be stricken because it is legally insufficient.**

Defendant's Ninth Affirmative Defense (DE 87 at 34) states:

**Plaintiffs' claims are barred by the doctrine of unclean hands because, *inter alia*, Ira Kleiman, as the representative of David Kleiman's estate, manipulated his dead brother's estate to avoid payment of taxes and violated various laws, including, but not limited to, Florida and foreign laws that protect against the invasion of privacy and the misuse of private, personal, or confidential information.**

These allegations are insufficient as a matter of law because an unclean hands defense requires "that (1) the plaintiff's alleged wrongdoing is directly related to the claim against which it is asserted; and (2) the defendants were personally injured by the plaintiff's conduct." *Dawes-Ordonez v. Forman*, No. 09-60335, 2009 WL 3273898, at *2 (S.D. Fla. Oct. 9, 2009). Defendant's affirmative defense fails to allege either element. Plaintiffs' alleged bad acts—avoiding estate taxes and violating unspecified laws "including" privacy laws—are wholly unrelated to any of Plaintiffs' claims against Defendant, which are derived from Defendant's theft of billions of dollars in bitcoins and intellectual property from Plaintiffs. Furthermore, Defendant also does not allege he was personally injured by Plaintiffs' alleged misconduct. Defendant's failure to allege either of the necessary elements of an unclean hands defense renders it clearly invalid. *See Georgetown Trading Co., LLC v. Venturi Spirits, LLC*, No. 14-62277, 2015 WL 11197791, at *3 (S.D. Fla. May 8, 2015) (striking unclean hands defense where defendant failed to allege the necessary elements); *Aidone v. Nationwide Auto Guard, L.LC.*, 295 F.R.D. 658, 661 (S.D. Fla. 2013) (same). Indeed, this affirmative defense is so plainly insufficient that it appears designed for the improper purpose of expanding the scope of discovery and providing grounds for Defendant

to harass Plaintiffs with loaded discovery questions in a desperate attempt to identify wrongdoing that does not exist. *See FTC v. Consumer Health Benefits Ass'n*, No. 10-3551, 2011 WL 13295634, at *7–*8 (E.D.N.Y. Oct. 5, 2011) (striking defenses designed to prejudice the FTC by needlessly expanding the scope of discovery). Accordingly, Defendant's Ninth Affirmative Defense should be stricken.

       **d.**  <u>**Defendant's Sixth and Seventh Affirmative Defenses should be stricken because they are duplicative and redundant of his Fourth Affirmative Defense.**</u>

Defendant's Sixth and Seventh Affirmative Defenses allege that Plaintiffs' claims are barred under the doctrines of payment and waiver, respectively. Both defenses are based on the same allegation that Plaintiffs accepted and received shares in a corporation from Defendant as compensation for rights of David Kleiman. DE 87 at 33 ("Plaintiffs' claims are barred because they received payment in the form of shares in a corporation") (Sixth Affirmative Defense); *id.* at 34 ("Plaintiffs' claims are barred by waiver because Plaintiffs accepted shares in a corporation as satisfaction of David Kleiman's rights and waited years to file this action.") (Seventh Affirmative Defense).[5] That same allegation (receipt of shares) is also the sole basis for Defendant's Fourth Affirmative Defense of "Accord and Satisfaction." DE 87 at 33 ("Plaintiffs' claims are barred by accord and satisfaction because, by agreement, Plaintiffs received shares in a corporation from Dr. Wright as compensation for rights of David Kleiman."). Furthermore, each of these three defenses seek identical relief, that is, to bar Plaintiffs' claims in their entirety. Accordingly, Defendant's Sixth and Seventh Affirmative Defenses are wholly redundant of his Fourth Affirmative Defense

---

[5] The additional allegation in the Seventh Affirmative Defense that Plaintiffs "waited years to file this action" is irrelevant to the affirmative defense of waiver. *See Gilman v. Butzloff*, 22 So. 2d 263, 265 (Fla. 1945) ("We have held that waiver is the intentional relinquishment of a known right, that it does not arise from forbearance for a reasonable time, but that it may be inferred from conduct or acts putting one off his guard and leading him to believe that a right has been waived."). In any event, it's redundant of Defendant's Second Affirmative Defense of Laches.

and should be stricken. *See Davis v. Renken*, No. 12-80805, 2013 WL 12131361, at *4 (S.D. Fla. March 15, 2013) (striking defendants' affirmative defenses of "payment in full" and "accord and satisfaction" because they were redundant to the affirmative defense of "previous payment and release"); *see also Bushbeck v. Chicago Title Ins. Co.*, No. 08-0755JLR, 2010 WL 11442904, at *3 (W.D. Wash. Aug. 26, 2010) (striking affirmative defenses of agreement to pay, voluntary payment, payment, and consent or agreement as redundant and granting leave to eliminate the redundancies).

> **e.** **Defendant's Eleventh and Twelfth Affirmative Defenses should be stricken because they were already rejected by this Court in ruling on the Motion to Dismiss.**

Defendant's Eleventh Affirmative Defense (DE 87 at 35) states:

> **This Court lacks personal jurisdiction over Dr. Wright under Fla. Stat. §48.193(1)(a). Dr. Wright never performed any relevant act while physically in the state of Florida, nor any tortious act causing injury in the state of Florida, and does not possess minimum contacts with the state of Florida from which Plaintiffs' claims arise or to which they relate.**

Defendant's Twelfth Affirmative Defense (DE 87 at 35) states:

> **The res judicata and collateral estoppel effect of judgments rendered more than five years ago by the Supreme Court of New South Wales bar Plaintiffs' claims arising from Dr. Wright's alleged ownership and possession of W&K Info Defense Research, LLC's intellectual property.**

Courts in this District routinely strike affirmative defenses that were already considered and rejected in ruling on a defendant's motion to dismiss. *See, e.g.*, *Sport Mgmt. Sys., LLC*, 2016 WL 8793334, at *3 (striking affirmative defense of lack of personal jurisdiction where "this Court [had] previously determined on Defendant's Motion to Dismiss . . . that jurisdiction . . . [is] proper in this case"); *Vasquez v. Maya Publ'g Grp., LLC*, No. 14-20791-CIV, 2015 WL 5317621, at *2 (S.D. Fla. Sept. 14, 2015) (same); *F.D.I.C. v. Hall*, No. 14-834-T-24, 2016 WL 7325590, at *3 (M.D. Fla. Aug. 29, 2016) same); *see also Williams v. Wells Fargo Fin. Servs., Inc.*, Case No. 11-

21233, 2013 WL 12092533, at *2 (S.D. Fla. Jan. 16 ,2013) (striking with prejudice affirmative defenses that were rejected by the court in ruling on the defendants' motion to dismiss); *Am. Guarantee & Liab. Ins. Co. v. Zurich*, No. 11-23566, 2012 WL 13013258, at *1 (S.D. Fla. March 5, 2012) (same).

Here, the allegations in Defendant's affirmative defenses of personal jurisdiction and res judicata are identical to the ones he raised—and this Court considered and rejected—in his motion to dismiss.  The Court clearly and thoroughly explained in its order why it has personal jurisdiction over Defendant. Order at 27–28. Indeed, the Court's rejection of Defendant's argument that the Court lacked personal jurisdiction "follow[ed] the clear weight of binding Eleventh Circuit authority on this question." *Id.* at 28. The Court likewise explained that Defendant had not established that the Australian consent judgments were a final judgment on the merits, and, regardless, res judicata does not apply where, like here, it would work an injustice since Defendant admits he initiated the Australian proceedings to "make sure the court signed off on what Dave and [Defendant] planned to do." Order at 14-15; *compare* DE 83 at ¶¶ 120-121, 123 *with* DE 87 at ¶¶ 120-121, 123 (not denying allegations that Defendant prevented Plaintiff W&K Info Defense Research, LLC from participating in the Australian consent proceedings and admitting he wrote to Ira Kleiman that he "did the actions to make sure that the court signed off on what Dave and I planned"). Accordingly, the Court should strike Defendant's Eleventh and Twelfth Affirmative Defenses.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court strike with prejudice Defendant's Fifth, Sixth, Seventh, Eighth, Ninth, Eleventh, and Twelfth Affirmative Defenses.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for Plaintiffs, the movants, has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised herein, but has been unable to resolve them.

Dated: February 14, 2019

Respectfully submitted,

*s/Velvel (Devin) Freedman*
Velvel (Devin) Freedman, Esq.
Florida Bar No. 99762
BOIES SCHILLER FLEXNER LLP
100 SE Second Street, Suite 2800
Miami, Florida  33131
Telephone:  (305) 539-8400
Facsimile:   (305) 539-1307
vfreedman@bsfllp.com

Kyle W. Roche, Esq.
*Admitted Pro Hac Vice*
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile:  (914) 749-8300
kroche@bsfllp.com

*Counsel to Plaintiff Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on February 14, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/Velvel (Devin) Freedman*

VELVEL (DEVIN) FREEDMAN
