UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

    plaintiffs,
v.                                                     **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

    defendant.
_____/

**DR. CRAIG WRIGHT'S RESPONSE TO
PLAINTIFFS' DISCOVERY MEMORANDUM**

Contrary to plaintiffs' assertion in their discovery memorandum [D.E. 91] (the "Memorandum"), Dr. Craig Wright *is not* objecting to "every single one of plaintiffs' initial discovery requests." Mem. at 1. Through the parties' discussions regarding discovery, Dr. Wright already has agreed to produce documents relevant to this case, including documents in his possession, custody, or control that relate to (1) Dave Kleiman, (2) any trust in which Dave was a trustee or beneficiary, and (3) W&K Info Defense Research, LLC ("W&K"). Without any limitation or tailoring, plaintiffs' document requests as drafted would result in the production of multiple *terabytes* of data and potentially *petabytes* of data. The scope of plaintiffs' discovery demands is unreasonable, unjustified, and untethered to the claims at issue.

Plaintiffs, however, have refused to narrow their demands in any meaningful way. To illustrate, one of their 137 pending requests demands production of "all documents relating to companies, corporations, trusts, or entities in which you had or have any ownership or financial interest." *See* D.E 92-5 at 41, Req. No. 28. The parties *cannot* complete meaningful discovery and effectively litigate this case in a cost-efficient manner within the Court's deadlines, unless plaintiffs tailor their discovery requests to be proportional to the needs of the case.

The irony is that while plaintiffs are requesting every document under the sun, they are continuing to block Dr. Wright's third-party vendors from conducting a forensic imaging of key evidence: Dave Kleiman's electronic devices. This is the first place one would look for Dave's cryptocurrency, which plaintiffs allege must be stored on an electronic device.[1] It stands to reason that information relating to Dave's bitcoins and bitcoin wallet was likely on his electronic devices. Any reasonable litigant who believes that someone stole *billions* of dollars' of cryptocurrency stored on a computer in that litigant's possession, as plaintiffs allege here, would preserve that computer and immediately produce it. Yet plaintiff Ira Kleiman apparently did not preserve Dave's computer and has refused to produce it.

In February 2014, Ira admitted that after his brother Dave died in April 2013, he threw out Dave's work and erased his hard drive. *See* D.E. 93-3 (Ira's February 18, 2014 email to Dr. Wright, stating that a few months earlier, he threw out Dave's papers and reformatted his hard drive). As, or more concerning, is the fact that only a week ago, on February 9, 2019, Ira objected to a subpoena that Dr. Wright issued to him, which sought an inspection of Dave's electronic devices, on the grounds he has been (and is now) using Dave's electronic devices as his personal computers to store personal files.[2] The need for a forensic imaging of Dave's hard drives is urgent to prevent Ira from permanently destroying critical evidence.

Dr. Wright submits that the following procedure will allow the parties to resolve their discovery disputes and to complete discovery before the June 10, 2019 discovery deadline.

---

[1] The term "bitcoin wallet," and descriptions of the way bitcoins purportedly work, are used here as they are used in plaintiffs' operative complaint. Dr. Wright does not concede that plaintiffs' terms or their descriptions of cryptocurrency and how it works are correct.

[2] Ira acts in this action in his capacity as the representative of Dave's estate. In an abundance of caution, and to avoid any unnecessary objections, Dr. Wright issued a subpoena to Ira in his personal capacity.

- *First*, as soon as the confidentiality order is entered, Dr. Wright will begin producing documents relating to Dave, any trust in which Dave was a trustee or beneficiary, and W&K.[3] Dr. Wright notes that the documents he has agreed to produce encompass most of plaintiffs' five paraphrased categories of requests that they identify (for the first time) in their Memorandum.[4] Plaintiffs also should begin their document production.

- *Second*, plaintiffs should immediately produce Dave's electronic devices for a forensic inspection and imaging.

---

[3] Once the confidentiality order is entered, Dr. Wright stands ready to produce documents to plaintiffs. Contrary to plaintiffs' arguments in their memorandum, Dr. Wright has no intention of withholding production of relevant documents in this case. Such documents are essential to debunking plaintiffs' allegations and theories against Dr. Wright. For example, Dave consistently acknowledged that the bitcoins held in trust belonged to Dr. Wright, and asked Dr. Wright to make his final payment to Dave for consulting services in dollars, because he needed help paying hospital bills, and the hospital wouldn't take bitcoins. Dr. Wright made that payment in dollars and Dave thanked him, because payment in that form was a significant help. Dave did not (and plaintiffs do not) have any cause of action for "theft" of the bitcoins held in trust, which belonged to Dr. Wright, as Dave acknowledged. Moreover, Ira cannot now conjure up claims of "theft" and "fraud," because among other reasons, he threw out Dave's papers and wiped his hard drive.

[4] Plaintiffs state that they "don't understand what [Dr. Wright] has agreed to produce and what he hasn't." Mem. at n. 1. Dr. Wright was very clear as to the categories of documents he agreed to produce. If plaintiffs were confused, a phone call or e-mail could have dispelled that confusion.

3

Respectfully submitted,

RIVERO MESTRE LLP
*Attorneys for Dr. Craig Wright*
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: jmestre@riveromestre.com
Email: arolnick@riveromestre.com
Email: receptionist@riveromestre.com

By: s/ Andres Rivero
ANDRES RIVERO
Florida Bar No. 613819
JORGE A. MESTRE
Florida Bar No. 88145
ALAN H. ROLNICK
Florida Bar No. 715085
AMANDA MCGOVERN
Florida Bar No. 964263

## CERTIFICATE OF SERVICE

I certify that on February 14, 2019, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

/s/Andres Rivero
ANDRES RIVERO