**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>    *Plaintiffs,*<br><br>v.<br><br>CRAIG WRIGHT<br><br>    *Defendant.* | CASE NO.: 9:18-cv-80176-BLOOM/REINHART |

**PLAINTIFFS' OPPOSITION TO
DEFENDANT'S DISCOVERY MEMORANDUM**

In stark contrast to Craig's discovery responses where he asserted general objections to all of Plaintiffs' requests, Plaintiffs have agreed to produce almost everything Defendant requested. Plaintiffs' only objection was to the scope of Craig's first request for production asking for all documents related to Dave's hard drives. (Ex. 1 at 1-3)

Craig's requests seek production from Dave's drives in two manners. First, all files located on the drives pursuant to the parties' stipulated ESI order. As to this request, Plaintiffs' stand on the objections in their response.[1] Second, Craig requests forensic images of Dave's drives to inspect whether Ira unknowingly deleted files related to bitcoin wallets off the drives during the time period before Ira had reason to know he needed to preserve the drives. While Ira never deleted any such files, Plaintiffs agree Craig can have access to the deleted space on the drives to verify this for himself.  That said, the drives include privileged communications and work product, along with personal/private family photographs of Ira's wife and minor children. Thus, Plaintiffs cannot simply hand over a forensic image as it would include this privileged and private information.  It's to address all these concerns that Plaintiffs already very reasonably agreed that "to the extent Defendant wants to inspect any of the physical devices that belonged to David Kleiman, Plaintiffs will make it available for his counsel's inspection after appropriate arrangements have been made to protect any privileged documents stored therein." (Ex. 1 at 1-3.)

To be sure, issues like this are the reason Rule 34(a) "does not grant unrestricted, direct access to a respondent's database compilations." *In re Ford Motor Co.*, 345 F.3d 1315, 1316 (11th Cir. 2003). Instead, the default rule is that:

---

[1] Ex. 1 at 2 ("To the extent these post-death documents are not responsive to other discovery requests, they are simply irrelevant to Defendant's defenses (commercial movie files and family photographs have no bearing on this dispute). Furthermore, producing these files would be extremely costly as much of these file types are very large. To that end, the burden imposed by producing this irrelevant information is very high and this burden far outweighs its likely benefit (because there is none).")

1

> "Rule 34(a) allows the responding party to search his records to produce the required, relevant data. Rule 34(a) does not give the requesting party the right to conduct the actual search. **While at times** – perhaps due to improper conduct on the party of the responding party – **the requesting party itself may need to check the data compilation, the district court must 'protect respondent with respect to** preservation of his records, **confidentiality of nondiscoverable matters**, and costs.'"

*Id.* at 1317 (quoting Fed. R. Civ. P. 34(a)) (emphasis added); *see also Balfour Beatty Rail, Inc. v. Vaccarello*, 2007 WL 169628, at *3 (M.D. Fla. Jan. 18, 2007). Thus, per the 11th Circuit's mandate to protect privileged and confidential matters, "[e]ven in cases where courts have found computer imaging and inspection to be warranted, the courts have nonetheless adopted procedures to protect privilege and privacy concerns." *Genworth Fin. Wealth Mgmt., Inc. v. McMullan*, 267 F.R.D. 443, 449 (D. Conn. 2010) (citation omitted).

*Wiggins v. McHugh*, 2011 WL 13279152 (S.D. Ga. July 26, 2011) is instructive. There, plaintiff sought production of forensic images in order to recover email exchanges alleged to be deleted. *Id.* at *1-2. The defendant objected on privilege, work product, and privacy grounds, and offered alternatives that preserved privilege:

> (1) having Plaintiff's expert conduct her examination of the requested material at [a previously hired independent forensic examiner's office], under the condition that [the independent examiner] be present and that Defendant's counsel be permitted to review the results of any searches for information that is privileged or otherwise objectionable prior to disclosure; (2) having Plaintiff's expert work directly with [the independent examiner], who would perform any searches as directed by Plaintiff's expert, again subject to the condition that Defendant be permitted to review the information produced prior to its disclosure . . . *Id*. at *2

The *Wiggins* court noted that "even in cases where courts have found computer imaging and inspection to be warranted, they had nonetheless adopted procedures to protect privilege and privacy concerns." *Id*. at *4 (*citing Caylon v. Mizuho Sec. USA Inc.*, No. 07-02241, 2007 WL

2

1468889, at *3-4 (S.D.N.Y. May 18, 2007) (collecting cases))[2]; *see also Genworth,* 267 F.R.D. at 449 (ordering production of forensic image pursuant to procedure where neutral expert first provided material to defendant, who was then required to review for privilege and then produce); *Ameriwood Indus. v. Liberman*, 2006 WL 3825291, at *5-7, (E.D. Mo. Dec. 27, 2006) (providing for similar procedure). Like these courts, the *Wiggins* court did not order unprotected disclosure of privileged information, but instead ordered discovery to proceed in one of the manners offered by defendant. *Wiggins,* 2011 WL 13279152 at *5. Plaintiffs have imaged Dave's drives and their experts stand ready to facilitate discovery once appropriate protection is in place.

In regard to the confidentiality order, the "general policy" is that "Court filings are matters of public record." L. R. 5.4 (a). After multiple conferences, Plaintiffs agreed to let Craig designate broad categories of documents as confidential in return for Craig's agreement that (i) this did not mean the parties agreed the document should be sealed if filed, and (ii) that the designating party bore the burden of obtaining sealed treatment, if desired. The parties agreed to a procedure for preserving confidentiality while the Court ruled on any motion to seal. After securing Plaintiffs agreement, Craig rescinded his. That cannot be. Given this behavior, Plaintiffs have attached a version of the confidentiality order that marks the areas of disagreement between the parties: Plaintiffs' preferences appear in red, Craig's in comment bubbles, unmarked portions are believe to be agreed. Plaintiffs respectfully request the Court resolve these issues at the hearing. (*See* Ex. 2.)

---

[2] In *Caylon v. Mizuho Sec. USA Inc.*, No. 07-02241, 2007 WL 1468889, at *1 (S.D.N.Y. May 18, 2007), plaintiff sought to have its forensic expert inspect the entirety of the mirror images of the defendant's hard drives. Defendant objected because this "would impermissibly invade the privacy rights" of the defendants. *Id.* at *2. The court denied plaintiff's request, reasoning that "the Court is not yet faced with any failure by the defendants to conduct a thorough forensic search of their computers, or to produce any and all relevant documents, files, metadata, and even hidden data fragments that [plaintiff] may request. On the contrary, [defendants] have represented that their expert can and will conduct an exhaustive search of the hard drives for the information [plaintiff] seeks, including information located in the hard drives' hidden areas, and the Court, at present, has no basis to question this representation." *Id.* at *5–*6.

Dated: February 14, 2019

Respectfully submitted,

*s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman, Esq.
BOIES SCHILLER FLEXNER LLP
100 SE Second Street, Suite 2800
Miami, Florida  33131
Telephone:  (305) 539-8400
Facsimile:   (305) 539-1307
vfreedman@bsfllp.com

Kyle W. Roche, Esq.
*Admitted Pro Hac Vice*
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile:  (914) 749-8300
kroche@bsfllp.com

*Counsel to Plaintiff Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 14, 2019, a true and correct copy of the foregoing and all of its Exhibits was filed with CM/ECF, which caused a copy to be served on all counsel of record.

*/s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman