# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>*Plaintiffs,*<br><br>v.<br><br>CRAIG WRIGHT<br><br>*Defendant.* | CASE NO.: 9:18-cv-80176-BB/BR |

## PLAINTIFFS' RESPONSES AND ONE OBJECTION TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION AND INSPECTION

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Ira Kleiman, by his undersigned counsel, hereby responds to the Subpoena for Production of Documents to Ira Kleiman made by Defendant Craig Wright ("Defendant"), as follows:

### SPECIFIC RESPONSES AND ONE OBJECTION

**REQUEST NO. 1:**

All documents relating to electronic devices that belonged to David Kleiman, including any hard drives, computers, tablets, phones, and flash drives David Kleiman used to mine bitcoin as alleged in the Amended Complaint.

**RESPONSE TO REQUEST NO. 1:**

Ira holds these drives in his capacity as personal representative of the estate of David Kleiman, not personally. Furthermore, in his capacity as personal representative, and in response to an identical request received in Defendant's January 4, 2019 First Request for Production, he has already responded to this request. Nevertheless, and out of an abundance of caution, Ira will respond again.

Ira Kleiman objects to the breadth and burden of this Request to the extent it seeks all documents contained on devices that belonged to David Kleiman that were placed on those devices after Dave Kleiman's death.

As detailed in the Second Amended Complaint, Ira was unaware of the extent of David Kleiman's involvement in the development and creation of Bitcoin until almost a year after David passed away. (D.E. 83 ¶ 14.) As such, Ira placed certain personal files on some of Dave's drives. The vast majority of these files bear no relevance to this dispute, as they contain personal information such as photographs of his wife and minor children and commercial movie/music files.

During a meet and confer that took place on February 4, 2019, in relation to an identical request for production served on Ira in his capacity as personal representative, Ira's counsel explained this issue to Defendant's counsel. Ira's counsel explained that, in response to this Request, they were willing to produce <u>all</u> files left on Dave's devices at the time of his death, and, to the extent later files were responsive to any of Defendant's other Requests, they would produce them too. Ira's counsel further explained that they would permit counsel for the Defendant to physically inspect any of these drives so as to facilitate a review of any "deleted space." Defendant's counsel refused this offer. Specifically, Defendant requested that a complete forensic image of all Dave's devices be produced, to include files such as the pictures of Ira's minor children and copies of commercial movie/music files that bear no relevance to the current dispute.

Consequently, Ira is left with no choice but to lodge this limited objection. To the extent these post-death documents are not responsive to other discovery requests, they are simply irrelevant to Defendant's defenses (commercial movie files and family photographs have no bearing on this dispute). Furthermore, producing these files would be extremely costly as much of these file types are very large. To that end, the burden imposed by producing this irrelevant

information is very high and this burden far outweighs its likely benefit (because there is none). *See* FRCP 26(b)(1).

In his capacity as personal representative of Dave Kleiman's estate, Ira had experts collect, and will produce, copies of all non-privileged files located on Dave Kleiman's drives that pre-date his death, *i.e.*, April 26, 2013. He will also produce any non-privileged documents on those drives that post-date his death and that are responsive to other discovery requests. Finally, to the extent Defendant wants to inspect any of the physical devices that belonged to David Kleiman, Ira will make it available for his counsel's inspection after appropriate arrangements have been made to protect any privileged documents stored therein. Thus, the only responsive documents that Ira will not indiscriminately produce are documents on the referenced drives added after Dave's death which are not responsive to any of Defendant's other requests for production.

### REQUEST NO. 2:

All documents relating to the metal encased USB drive that David Kleiman kept on his person, including the USB itself.

### RESPONSE TO REQUEST NO. 2:

Ira holds these drives in his capacity as personal representative of the estate of David Kleiman, not personally. Furthermore, in his capacity as personal representative, and in response to an identical request received in Defendant's January 4, 2019 First Request for Production, he has already responded to this request. Nevertheless, and out of an abundance of caution, Ira will respond again.

Ira (in his capacity as personal representative) will produce a forensic copy of the drive and to the extent Defendant wants to inspect the physical USB drive referenced in this Request, Ira will make it available for his counsel's inspection.

### REQUEST NO. 3:

All documents related to communications between You and Craig Wright.

**RESPONSE TO REQUEST NO. 3:**

In his capacity as personal representative, and in response to an identical request received in Defendant's January 4, 2019 First Request for Production, Ira has already responded to this request. Nevertheless, and out of an abundance of caution, Ira will respond again.

Ira will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 4:**

All documents relating to communications between You and the ATO.

**RESPONSE TO REQUEST NO. 4:**

In his capacity as personal representative, and in response to an identical request received in Defendant's January 4, 2019 First Request for Production, Ira has already responded to this request. Nevertheless, and out of an abundance of caution, Ira will respond again.

Ira will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 5:**

All documents relating to communications between Louis Kleiman and Craig Wright.

**RESPONSE TO REQUEST NO. 5:**

In his capacity as personal representative, and in response to an identical request received in Defendant's January 4, 2019 First Request for Production, Ira has already responded to this request. Nevertheless, and out of an abundance of caution, Ira will respond again.

Ira will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 6:**

All documents relating to communications between David Kleiman and Craig Wright.

**RESPONSE TO REQUEST NO. 6:**

Ira holds these documents in his capacity as personal representative of the estate of David Kleiman, not personally. Nevertheless, in a good faith effort to streamline the discovery process,

Ira will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 7:**

All communications between David Kleiman and You from March 12, 2008 through April 2013.

**RESPONSE TO REQUEST NO. 7:**

In his capacity as personal representative, and in response to an even broader request received in Defendant's January 4, 2019 First Request for Production, Ira has already responded to this request. Nevertheless, and out of an abundance of caution, Ira will respond again.

Ira will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 8:**

All documents relating to Liberty Reserve, including communications with that entity.

**RESPONSE TO REQUEST NO. 8:**

In his capacity as personal representative, and in response to an identical request received in Defendant's January 4, 2019 First Request for Production, Ira has already responded to this request. Nevertheless, and out of an abundance of caution, Ira will respond again.

Ira will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 9:**

All documents relating to Your administration of David Kleiman's estate, including any communications.

**RESPONSE TO REQUEST NO. 9:**

Ira holds these documents in his capacity as personal representative of the estate of David Kleiman, not personally. Furthermore, in his capacity as personal representative, and in response to an identical request received in Defendant's January 4, 2019 First Request for Production, Ira

has already responded to this request. Nevertheless, in an abundance of caution and in a good faith effort to streamline the discovery process, Ira will respond again.

Ira will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 10:**

All documents relating to W&K Info Defense Research, LLC, including any communications.

**RESPONSE TO REQUEST NO. 10:**

In his capacity as personal representative, and in response to an identical request received in Defendant's January 4, 2019 First Request for Production, Ira has already responded to this request. Nevertheless, and out of an abundance of caution, Ira will respond again.

Ira will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 11:**

All documents relating to companies, corporations, trusts, or entities in which David Kleiman had any ownership or financial interest.

**RESPONSE TO REQUEST NO. 11:**

In his capacity as personal representative, and in response to an identical request received in Defendant's January 4, 2019 First Request for Production, Ira has already responded to this request. Nevertheless, and out of an abundance of caution, Ira will respond again.

Ira will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 12:**

All documents relating to communications between You and Patrick Paige relating to Cryptocurrency, Dave Kleiman, Craig Wright, or W&K Info Defense Research, LLC, including any documents Mr. Paige may have provided by or to You on these topics.

**RESPONSE TO REQUEST NO. 12:**

Ira will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 13:**

All documents relating to communications between You and Carter Conrad relating to Cryptocurrency, Dave Kleiman, Craig Wright, or W&K Info Defense Research, LLC, including any documents Mr. Conrad may have provided You on these topics.

**RESPONSE TO REQUEST NO. 13:**

Ira will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 14:**

All documents relating to Your internet search history relating to Cryptocurrency, Dave Kleiman, Craig Wright, or W&K Info Defense Research, LLC.

**RESPONSE TO REQUEST NO. 14:**

Ira will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 15:**

All documents relating to Coin-Exch Pty. LTD., including communications.

**RESPONSE TO REQUEST NO. 15:**

Ira will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 16:**

All documents relating to Coin-Exch Pty. LTD. shares distributed to Louis Kleiman.

**RESPONSE TO REQUEST NO. 16:**

Ira will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 17:**

All tax documents relating to Coin-Exch Pty. LTD., including, relevant portions of Your personal tax returns.

**RESPONSE TO REQUEST NO. 17:**

Ira will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 18:**

All documents relating to communications between You and any news agency relating to Cryptocurrency, Dave Kleiman, Craig Wright, or W&K Info Defense Research, LLC, including any documents provided by You or to You.

**RESPONSE TO REQUEST NO. 18:**

      Ira will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 19:**

All documents obtained from persons or entities in connection with the probate of Dave Kleiman's estate.

**RESPONSE TO REQUEST NO. 19:**

      While it appears this request would be better suited for Ira in his capacity as personal representative of the estate of David Kleiman, in a good faith effort to streamline the discovery process, Ira will respond here.

      Ira will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 20:**

All documents relating to phone records reflecting calls or communications between You and Dave Kleiman from January 1, 2013 through April 27, 2013. This request includes Your home phone, work phone, cellular, or any other phone that You used to communicate with Dave Kleiman.

**RESPONSE TO REQUEST NO. 20:**

      Ira will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 21:**

All documents reflecting any and all communications with Dave Kleiman during his illness and hospital stays.

**RESPONSE TO REQUEST NO. 21:**

      Ira will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 22:**

All documents that You received either formally or informally from any source that relate in any way to the claims in the Amended Complaint, including correspondence.

**RESPONSE TO REQUEST NO. 22:**

      Ira will produce responsive, non-privileged documents related to this Request.

Dated: February 6, 2019

Respectfully submitted,

*s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman, Esq.
BOIES SCHILLER FLEXNER LLP
100 SE Second Street, Suite 2800
Miami, Florida  33131
Telephone:  (305) 539-8400
Facsimile:   (305) 539-1307
vfreedman@bsfllp.com

Kyle W. Roche, Esq.
*Admitted Pro Hac Vice*
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile:  (914) 749-8300
kroche@bsfllp.com
*Counsel to Ira Kleiman*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 6, 2019, a true and correct copy of the foregoing was served on all counsel of record identified on the Service List below via e-mail:

Andres Rivero, Esq.
Jorge A. Mester, Esq.
Alan H. Rolnick, Esq.
RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard
Suite 1000
Coral Gables, FL 33134
305-445-2500
(305) 445-2505 (fax)
arivero@riveromestre.com
jmestre@riveromestre.com
arolnick@riveromestre.com
receptionist@riveromestre.com

*/s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman