# EXHIBIT G

**Zaharah Markoe**

| | |
|---|---|
| **From:** | Velvel (Devin) Freedman <vfreedman@bsfllp.com> |
| **Sent:** | Tuesday, February 5, 2019 10:41 AM |
| **To:** | Zalman Kass; Amanda McGovern; Zaharah Markoe |
| **Cc:** | Kyle Roche; Nathalie Bermond |
| **Subject:** | RE: Post Meet and Confer -- agreements/summary |
| **Attachments:** | 2019.02.05 -- FINAL PO (disputes reflected).docx |

Zalman,

Thanks for your note. I've attached a copy of the CO to this email this is agreed to besides for the places marked disputed. This is ready for the Court to resolve the issues. For specific responses to your statements below, please see below in orange.

Thanks,
-Vel

**Velvel (Devin) Freedman**
Counsel

**BOIES SCHILLER FLEXNER LLP**
100 SE 2ND Street Suite 2800
Miami, FL 33131
(t) +1 305 357 8438
(m) +1 305 753 3675
vfreedman@bsfllp.com
www.bsfllp.com

**From:** Zalman Kass [mailto:zkass@riveromestre.com]
**Sent:** Monday, February 4, 2019 5:00 PM
**To:** Velvel (Devin) Freedman; Amanda McGovern; Zaharah Markoe
**Cc:** Kyle Roche; Nathalie Bermond
**Subject:** RE: Post Meet and Confer -- agreements/summary

Vel,

Thank you for your summary of our meet and confer conferences regarding the confidentially agreement and our respective discovery requests. This email, for purposes of eliminating issues as quickly as possible, addresses the remaining issues with the confidentiality agreement. Copying from your below email, we propose the following in red text:

    a.   we have identified what remains in dispute:
        i.   the procedure for sealing
            1.  After reviewing your language and the procedure set forth in the local rule, we maintain the position that the parties should follow the procedure set forth in the local rules
                a.  As stated on our call, due to the peculiarities of this case, that would put us in the place of having to move the court to seal documents that we may not believe deserved sealed treatment (due in part because we agreed you could designate a broad category of documents confidential). Further, we

1

are disappointed that you agreed to our proposed procedure during our meet and confer where both sides were exchanging compromises to resolve issues, and then later came back and withdrew your agreement. The Court will have to resolve the issue.

    ii.  what can be designated "for attorney's eyes only."

        1.  With the intended purpose of further limiting the definition of *attorney's eyes only*, we propose adding the qualifier "highly sensitive" before the described category. Thus, paragraph 7 would read as follows: "trade secrets or highly sensitive non-public commercial financial information or highly sensitive private corporate information relating to any current business in which a Party has an interest that. .."  Please let us know whether this addresses your concern on overbreadth.

            a.  This does not. We are uncomfortable with a subjective standard like "highly sensitive." Our client does not compete with yours. We see no reason to have a broad attorney's eyes only designation. The Court will have to resolve the issue.

        2.  On the need to show documents to the client that are marked *attorney's eyes only*, we attach, as promised, a case supporting our position: *Aging Backwards, LLC v. Esmonde-White*, No. 16-20758-CIV, 2016 WL 11523402, at *1 (S.D. Fla. Sept. 26, 2016)

            a.  This doesn't help our analysis. We never believed such an order was impermissible, just unjustified. To our point above, we'd direct you to *4 of the opinion which states:

> Furthermore, there *is* good cause for this Court to order
> an "Attorneys' Eyes Only" provision in this case. As Defendants have stated, this case is a dispute between a
> beauty blog Plaintiff and exercise maven Defendants. The exercise maven Defendants fear -- if all discovery is turned over to Plaintiff, including trade secrets -- that Plaintiff
> will use Defendants' materials to break into the exercise industry.

  b.  Zalman to send alternate language in re trial witnesses for BSF to consider

    i.  We propose the following language to expand the use of the document to non-parties: "If counsel wishes to disclose "Confidential" material to a witness that it reasonably believes it may call at trial or a deponent . . ."

        1.  Accepted

  c.  RM/BSF to discuss internally whether a third tier of confidentiality should apply for sexual/romantic/financial documents

    i.  We agree to remove the restriction for this category of documents (i.e., 3(e) and 3(f)) as it applies to paragraph 16.

        1.  Accepted

Also, in furtherance of our meet and confer today, we would like to schedule a time to inspect Dave's electronic devices. Please let us know when we can proceed with the inspection.

Best,

Zalman

---

**From:** Velvel (Devin) Freedman <vfreedman@bsfllp.com>
**Sent:** Monday, February 04, 2019 2:28 PM
**To:** Amanda McGovern <amcgovern@riveromestre.com>; Zalman Kass <zkass@riveromestre.com>; Zaharah Markoe <zmarkoe@riveromestre.com>
**Cc:** Kyle Roche <kroche@bsfllp.com>; Nathalie Bermond <nbermond@bsfllp.com>
**Subject:** Post Meet and Confer -- agreements/summary

All,

Thanks for the meet and confer today. Short summary of our agreements and call:

1. Plaintiffs to serve responses/objections to Defendant's RFP today;

2. Defendant to respond to my email of 2/1/19 by COB tomorrow to confirm the accuracy of our characterizations of your post meet and confer positions on our RFP as well as to let us know if Defendant will respond (or withdraw some objections) to RFP 13-16 now that they have been modified.

3. In re the confidentiality order:

   a. we have identified what remains in dispute:
      i. the procedure for sealing
      ii. what can be designated "for attorney's eyes only."
   b. Zalman to send alternate language in re trial witnesses for BSF to consider
   c. RM/BSF to discuss internally whether a third tier of confidentiality should apply for sexual/romantic/financial documents

4. We have met and conferred on Plaintiff's first and second sets of interrogatories, but were unable to reach agreement.

5. The parties will request a joint hearing before the magistrate on the topics below, with Amanda to confirm availability for week of 2/18:
   a. Plaintiff's first RFP
   b. Plaintiff's first and second set of interrogatories
   c. To the extent there is a dispute, Defendant's RFP
   d. Confidentiality order

6. Parties to meet and confer on Wednesday 2/6 @ 11:00am
   a. ==Nathalie== please send around a calendar invite to the folks on this email.

Please let me know if I've misunderstood anything above.

Thanks,
-Vel

**Velvel (Devin) Freedman**

Counsel

BOIES SCHILLER FLEXNER LLP

100 SE 2ND Street Suite 2800
Miami, FL 33131
(t) +1 305 357 8438
(m) +1 305 753 3675
vfreedman@bsfllp.com
www.bsfllp.com

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IRA KLEIMAN,
as personal representative of
the estate of David Kleiman,
and W&K INFO DEFENSE RESEARCH,
LLC,

        Plaintiffs,                     **Case No. 18-cv-80176(BB/BR)**

v.

CRAIG WRIGHT,

        Defendant.

_____/

**STIPULATED CONFIDENTIALITY ORDER**

THIS CAUSE comes before the Court upon the Parties' Joint Motion for Entry of a Stipulated Confidentiality Order to Govern Discovery (DE  ), filed [DATE].

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and Rule 5.4 of the Local Civil Rules ("L. Civ. R."), Plaintiffs, Ira Kleiman, as personal representative of the estate of David Kleiman and W&K Info Defense Research, LLC, ("Plaintiffs") and Defendant, Dr. Craig Wright ("Defendant") (individually, a "Party" and collectively, the "Parties"), agree that discovery in the above-entitled proceeding  may result in the disclosure of certain documents that constitute trade secrets or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(l)(G), as well as the production of confidential personal information. Consequently, to streamline the discovery process and avoid repeated disputes, the Parties agreed to jointly move for a Stipulated Confidentiality Order to be entered to govern the disclosure and use of discovery materials and testimony from a Party or non-party producing materials that a Party or non-party regards as appropriately deemed confidential. (DE  ).

The Court has reviewed the Parties' agreement and while it finds good cause to enter the stipulated confidentiality order to streamline the discovery process, the Court cautions the Parties that the "general policy" in this district is that "Court filings are matters of public record." L. Civ. R. 5.4 (a). ~~As required~~ Consequently, neither this order nor any party's designation of confidentiality under ~~L.~~ it, shall serve to justify sealing filed documents and "departing from the policy that Court filings are public." Civ. R. 5.4 (b~~), any~~ ). Thus, if either party ~~seeking to file information~~ later seeks approval for documents to be filed (or ~~documents~~ kept) under seal, such party shall ~~support~~ file a motion to file under seal and support such a motion with specific reasons to justify it, as required by L. Civ. R. ~~5.4~~ and this Order. The ~~Confidentiality~~ Protective Order binds the Parties, not the Court, and ~~the standard set forth in L.~~ good cause ~~Civ. R. 5.4~~ must still be shown before a filing is sealed. The Court warns the parties that the Confidentiality Order should not be abused and frivolous designations should not be made.

> **Commented [V(F1):** Disputed

Accordingly, pursuant to Fed. R. Civ. P. 26(c)(l)(G) the Court hereby enters the following Confidentiality Order:

1.  **Scope of Use**. All "Confidential" and "Highly Confidential—Attorneys' Eyes Only" information produced or exchanged in the course of this Proceeding shall be used solely for the purpose of trial preparation and trial in this Proceeding, including mediation, and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Confidentiality Order.

2.  **Designation of Information**. A Party or non-party responding to a subpoena or request for documents or information served in this case, may, in accordance with this Stipulation, designate as "Confidential" or "Highly Confidential—Attorneys' Eyes Only," in the manner set forth in this Stipulation, any documents, testimony and other information furnished or

disclosed to or by any other Party/non-party or their counsel during discovery, in disclosures, or in trial. In designating information as "Confidential" or "Highly Confidential—Attorneys' Eyes Only," a Party or non-party will make such designation only as to that information that it in good faith believes is confidential information.

3.    **"Confidential" Designation.** A Party or non-party responding to a subpoena or request for documents or information may designate as "Confidential" any document or any portion of a document, and any other thing, material, testimony, or other information that it reasonably and in good faith believes contains or reflects (a) trade secrets (b) non-public commercial financial information; (c) private corporate information; (d) materials subject to a confidentiality or non-disclosure agreement with a non-party; (e) personal financial information; (f) communications that contain romantically or sexually intimate statements; (g) personally identifiable information, such as social security numbers, physical addresses, e-mail addresses, phone numbers, non-public social media accounts;[1] or (h) information that, pursuant to state, federal, or foreign law, is entitled to confidential treatment.

4.    A Party may designate as "Confidential" materials produced by a non-party to the extent such materials belong to that Party or a business entity or trust in which that Party has an interest, or was made at that party or business entity/trust's request, and that it reasonably and in good faith believes contains or reflects Confidential Materials as defined in paragraph 3 of this Order.

5.    The following information shall not be considered "Confidential":  any information or thing that: (i) at the time of the entry of this Confidentiality Order is available to

---

[1] Documents covered by section 3(g) and not otherwise confidential under section may be used without restriction, after written confirmation from the designating party, as long as the Party using the material redacts the personally identifiable information.

3

the public; (ii) after the entry of this Confidentiality Order, becomes available to the public not in violation of this Confidentiality Order.  .

6.      The Parties and any producing non-parties shall make all designations of "Confidential" information and things in good faith and shall not knowingly make any designation (or shall promptly withdraw, upon request, any designation) in conflict with this Order.

7.      **"Highly Confidential—Attorneys' Eyes Only" Designation.** A Party or non-party responding to a subpoena may designate as "Highly Confidential—Attorneys' Eyes Only"[2] any document or portion of a document and any other thing, material, testimony or other information, that includes trade secrets or highly sensitive non-public commercial financial information or highly sensitive private corporate information relating to any current business in which a Party has an interest and which it reasonably and in good faith believes that disclosure to persons other than those specified herein in paragraph 10 could reasonably be expected to result in injury to that Party or non-party.

> **Commented [V(F2]:** DISPUTED

8.      **Time Period for Protection.** Except as otherwise provided below, any information, document, data, thing, deposition testimony, or interrogatory answer produced, given, or served pursuant to discovery requests in this litigation and designated by the producing Party or non-party as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" (the "Material"), or any information contained in or derived from any of the foregoing Material, shall be subject to the provisions of this Confidentiality Order until the Parties agree in writing or a court order otherwise directs.

9.      **Document Production and Exhibits.** Confidential Material shall be designated

---

[2] It shall suffice to mark any such material as "Highly Confidential" or "Attorneys' Eyes Only".

as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" by including a legend of "Confidential" or "Highly Confidential—Attorneys' Eyes Only[3]" on each page thereof as to which confidentiality is claimed. All copies of Material stamped "Confidential" or "Highly Confidential—Attorneys' Eyes Only" shall also be designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only." Any mark made to identify a document as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" shall be made so as not to obscure any of the Material's content. With respect to any Materials designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only" that are not produced in paper form (such as diskettes, magnetic media, and other Material not produced in paper form) and that is not susceptible to the imprinting of a stamp signifying its confidential nature, the producing Party shall, to the extent practicable, produce such Material with a cover labeled "Confidential" or "Highly Confidential—Attorneys' Eyes Only" and shall inform all counsel in writing of the "Confidential" or "Highly Confidential—Attorneys' Eyes Only" designation of such Material at the time such Material is produced.

10.    **Documents Generated During Suit.** Any Party that attaches, quotes, paraphrases, summarizes, or otherwise produces any "Confidential" or "Highly Confidential—Attorneys' Eyes Only" material with any pleading, motion, memorandum, brief, deposition transcript, discovery requests and responses, exhibit, or other document filed with the Court shall comply with L. provide written notice to all other Parties at the time of such filing and shall Civ. R. 5.4(b). If the filing must occur prior to the Court's ruling on the Motion to Seal, the filing Partyshall redact any such "Confidential" or  "Highly Confidential—Attorneys' Eyes Only" material ("Redacted Confidential Materials") and provide unredacted copies to the other Party.

---

[3] It shall suffice to mark any such material as "Highly Confidential" or "Attorneys' Eyes Only".

5

If no party files a Motion to Seal within ten (10) days of the filing, the filing party shall file an un-redacted copy on the docket. If, however, a party wants the Court to seal the filing that contained Redacted Confidential Materials, that party must file a Motion to Seal with the Court within ten (10) days that complies with L. Civ. R. 5.4. Should such a motion be filed, unredacted copies of the filing may not be filed until the Court resolves the pending motion.

**Commented [V(F3):** DISPUTED

11.    **Depositions**. Any Party or non-party deponent or its counsel may, consistent with the terms of this Confidentiality Order, designate a portion of a deposition of that party/non-party or of an employee, authorized representative, or business of that party or non-party, as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" Material by  denominating by page and line those portions of the deposition which are to be considered "Confidential" or "Highly Confidential—Attorneys' Eyes Only" within    thirty (30) days of conclusion of the deposition, and so informing all other parties of such designation. Until the thirty-day period to designate deposition testimony as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" has passed, the deposition transcript and any exhibits not previously designated shall be treated as "Confidential", however, to the extent that the any "Highly-Confidential—Attorneys' Eyes Only" Materials were used during the deposition, those materials as well as any discussion of them in the deposition shall still be treated as "Highly-Confidential—Attorneys' Eyes Only." Any portion of a deposition so designated, shall not be filed with the Court, except in accordance with paragraph 9 of this Confidentiality Order. Persons attending depositions must leave the

**Commented [V(F4):** Very number at end

room before any discussion of any "Confidential" or "Highly Confidential—Attorneys' Eyes Only" Material that such person is not entitled to hear, see or review under the provisions of this Confidentiality Order, and the attorney taking the deposition must alert those participating in advance of any such upcoming discussion.

12.     **Restrictions on Use of Confidential Material**. Except as agreed by the designating Party, designating non-party, or their counsel or as otherwise provided herein, information designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only":

a.  Shall be maintained in confidence by the counsel to which it is furnished;

b.  May be filed with the Court only as provided in paragraph 9, above and may be disclosed by such counsel only to Authorized Persons entitled to access thereto under this paragraph and paragraph 13 below;

c.  May be used by such counsel and the Authorized Person to whom it is disclosed only for the purposes of this Proceeding and for no other purpose; and

d.  May be photocopied or reproduced only as reasonably necessary for this Proceeding.

Nothing herein shall prevent disclosure beyond the terms of this Confidentiality Order if the Party or non-party designating the information as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" consents in writing to such disclosure. Nor shall anything herein prevent any counsel of record from utilizing "Confidential" or "Highly Confidential—Attorneys' Eyes Only" information in the examination or cross-examination of any person reasonably believed to be the author, original source, or a recipient of the "Confidential" or "Highly Confidential—Attorneys' Eyes Only" information, or the designated representative of the Party or non-party who produced the "Confidential" or "Highly Confidential—Attorneys' Eyes Only" information.

13.     **Authorized Users of Confidential Materials.** Except as agreed by the designating Party, designating non-party or their counsel or as otherwise provided herein, "Confidential" Material subject to this Confidentiality Order or extracts or summaries therefrom

**Commented [V(F5]:** Verify at end

shall only be used or disclosed as provided herein and may not be given or shown to any person except the following:

    a.  Any Party and employees or independent contractors of a corporate Party actively engaged in assisting that Party's attorneys in the conduct of this litigation, to the extent reasonably necessary to enable the attorneys for that party to render professional services in the litigation.

    b.  Any Confidential Material to which the person to whom the Confidential Material is being disclosed was an original author or recipient of the Confidential Material.

    c.  Persons who are expressly retained to assist a Party's counsel ("Retaining Counsel") in the preparation of this Proceeding for trial including, but not limited to, consulting and testifying experts, independent auditors, accountants, statisticians, software engineers, economists, and other experts, and the employees of such persons ("Outside Experts"), after such Outside Expert has signed and delivered to Retaining Counsel a statement in the form annexed hereto as Exhibit A.  However, law firms or attorneys who have been retained to prosecute or defend any claims in this action or otherwise assist in the trial preparations, trial, or any other proceedings associated herewith, need not sign Exhibit A, but are bound by the terms of this Confidentiality Order nonetheless.

    d.  A Party's outside copy/document preparation service, which includes any e-discovery consultants, jury consultants, and video and court reporting services used at any deposition ("Vendors"), after such Vendor has signed and delivered to Retaining Counsel a statement in the form annexed hereto as Exhibit A.

    e.  The Court, other court officials (including court reporters) and the trier of fact.

8

    f.   Any other person who subsequently is designated by (i) written agreement of all the Parties after a request by one of them or (ii) by order of the Court upon motion by a Party and an opportunity to oppose by the objecting Party.

    g.   Mock jurors, after reviewing, signing and delivering a statement in the form annexed hereto as Exhibit A.

No person allowed to view "Confidential" Material shall use any "Confidential" Material for any purpose except as needed solely in connection with or to assist in the prosecution or defense of the claims between the Parties in this Proceeding, and each person shall make best efforts necessary to fully and completely protect the confidentiality of the designated Material.

    14.   **Authorized Users of "Highly Confidential—Attorneys' Eyes Only" Material**. Except as agreed by the designating Party or designating non-party or its counsel or as otherwise provided herein, "Highly Confidential—Attorneys' Eyes Only" Material subject to this Confidentiality Order, or extracts or summaries therefrom, shall only be used or disclosed as provided herein and may not be given or shown to any person except the following:

    a.   Attorneys employed by the law firms of Boies Schiller Flexner LLP, and Rivero Mestre LLP and the regular employees of such attorneys to whom it is necessary that the material be shown for purposes of the prosecution or defense of the claims between the Parties in this Proceeding.

    b.   Those persons listed in sub-paragraphs 12(b), (c), (d), (e), (f), and (g) above.

No person allowed to view "Highly Confidential—Attorneys' Eyes Only" Material shall use any "Highly Confidential—Attorney's Eyes Only" Material for any purpose except as needed solely in connection with or to assist in the prosecution or defense of the claims between the Parties in this Proceeding, and each person shall make best efforts necessary to fully and completely

protect the confidentiality of the designated Material. Nothing in the Confidentiality Order is intended to prevent a Party or its employees from reviewing the Party's own "Confidential" or "Highly Confidential—Attorneys' Eyes Only" Material.

15.     **Disclosure of Confidential Material to Witnesses or Deponents.** If counsel wishes to disclose "Confidential" Material to a witness that it reasonably believes it may call at trial or a deponent not designated in paragraphs 12 or 13 above, the witness or deponent shall, prior to the receipt of Material, execute and deliver to counsel a statement in the form annexed hereto as Exhibit A. Any Party whose designated materials were used at a deposition pursuant to this paragraph has the right to designate those portions of the transcript confidential in accordance with the procedure outlined in paragraph 10 herein, even if the material was used in a deposition that was not of that Party or of an employee, authorized representative, or business of that Party.

16.     **Disclosure of "Highly Confidential—Attorneys' Eyes Only Material to Witnesses or Deponents.** If counsel wishes to disclose "Highly Confidential—Attorneys' Eyes Only" Material to a witness or deponent not designated in paragraphs 12 or 13 above, they must provide so in writing to counsel for all Parties ten (10) days in advance of any such proposed disclosure to afford counsel an opportunity to object to such disclosure: (i) the names of the persons to whom they wish to disclose "Highly Confidential—Attorneys' Eyes Only" Material, (ii) a description of the Material to be disclosed to such person, and (iii) a brief statement of the person's connection to the case. If no objection is made within 5 (five) days of notification, disclosure to such named persons may be made after the expiration of such 5-day period. If an objection is made, the Party proposing the disclosure must seek an order from the Court allowing the proposed disclosure, and the objecting Party must have an opportunity to present its objection

10

Commented [V(F6): Verify at end

Commented [V(F7): Verify at end

to the Court thereafter. Once such a motion is filed, the Material shall not be disclosed pending a decision by the Court on such motion. Any person who becomes authorized to receive "Highly Confidential—Attorneys' Eyes Only" Material pursuant to this paragraph (whether such authorization arises from the lack of an objection or from the Court's ruling on a motion for disclosure) shall, prior to the receipt of Material, execute and deliver to counsel a statement in the form annexed hereto as Exhibit A.

17.    **Compelled Disclosure**. If a Party or its counsel receives a discovery request, subpoena, or order of any court or other tribunal in another case or proceeding for materials designated by another Party or non-party to this case as "Confidential" or "Highly Confidential—Attorney's Eyes Only," the Party receiving the request for such materials shall, if not prohibited by law, (a) within five (5) business days of the receipt of such request or demand, and prior to responding to the request or demand, notify in writing counsel for the designating and/or producing party or non-party and further provide a copy of the request or demand; (b) provide a reasonable time, in any event no later than fourteen (14) days after receiving such notice, for the designating and/or producing party non-party whose material is sought to seek to protect its material from disclosure prior to producing or disclosing the requested information; and (c) provided that the designating and/or producing party whose material is sought makes a timely motion or other application for relief from the request or demand in the appropriate forum, shall not produce or disclose the requested information without written consent of the Party whose material is sought or until ordered by a court.

18.    **Challenging Designation.** If any Party believes that any Material that has been designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only" should not be subject to this Confidentiality Order, that Party must notify the producing and/or designating

11

Party or the producing and/or designating non-party in writing and provide a description of the Material which the receiving Party believes should be freed from the constraints of this Confidentiality Order, and serve copies of such notice to counsel for all other Parties herein. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement within ten (10) days from the date of service of the written objection, the receiving Party shall move the Court for an order determining whether the information at issue is subject to this Confidentiality Order. The Party asserting the "Confidential" or "Highly Confidential—Attorneys' Eyes Only" designation shall have the burden of showing why such information is entitled to confidential treatment. No presumption of weight will attach to the initial designation of material as "Confidential" or "Confidential – Attorney's Eyes Only." If such a motion is filed, the protection afforded by the Confidentiality Order shall continue until the Court makes a decision on the motion.

19.  **Use of Confidential Material at Trial.** This Confidentiality Order does not govern use of discovery material at trial, where, subject to this Court's future rulings, any materials can be used publicly. That said, to the extent material is not used at trial, the protections of this Confidentiality Order shall remain unchanged.

20.  **No Waiver.** The Confidentiality Order shall not be deemed a waiver of:

a.  Any Party's right to object to any discovery requests on any ground;

b.  Any Party's right to seek an order compelling discovery with respect to any discovery request;

c.  Any Party's right to object to the admission of any evidence on any ground;

d.  Any Party's right to use documents it designates as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" in its sole and complete discretion; or

12

    e.  The status of any material as a trade secret.

21.    **Retroactive Designation and Inadvertent Disclosure.** Documents or other information previously disclosed may be retroactively designated by the producing party by notice in writing of the designated class of each document (including by Bates number). The inadvertent or unintentional designation or production of documents containing, or other disclosure of, information without being designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" at the time of designation, production, or disclosure shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or secrecy, either as to the specific information or as to any other information relating thereto or on the same or related subject matter. Any inadvertent designation or disclosure shall be corrected as soon as reasonably possible after the designating Party or designating non-party becomes aware of the error. The production of documents or other tangible things pursuant to a request for production by a Party herein shall not be deemed a waiver of any right by the producing Party or producing non-party to object to the admissibility of such document or other thing on grounds of relevancy, materiality, privilege or other valid ground of objection.

22.    **Responsibility of Counsel.** Counsel for the Parties to whom "Confidential" or "Highly Confidential—Attorneys' Eyes Only" Material has been furnished shall be responsible for restricting use and disclosure of such Material in accordance with the provisions of this Confidentiality Order and for securing execution of and retaining the statement attached hereto as Exhibit A as and when required under the provisions of this Confidentiality Order. Counsel for the Parties will provide executed copies of Exhibit A to opposing counsel upon request.

23.     **Modification of Order.** This Confidentiality Order may be modified or amended either by written agreement of the Parties or by order of the Court upon good cause shown. No oral waivers of the terms of this Confidentiality Order shall be permitted between the Parties.

24.     **Non-Party Material.** To the extent that the Parties receive or, in turn, produce information or documents received from any non-parties that have been designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only," by that non-party, such information or documents shall be treated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" in accordance with the terms of this Confidentiality Order and any deposition testimony concerning the contents of such documents shall likewise be treated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" in accordance with the terms of this Confidentiality Order.

25.     **Conclusion of Proceeding.** The provisions of this Confidentiality Order shall continue in effect with respect to any "Confidential" or "Highly Confidential—Attorneys' Eyes Only" Material until expressly released by the Party furnishing such Material, and such effectiveness shall survive the final determination of this action. Within ninety (90) days of the final determination of this action, including any appeal, all "Confidential" or "Highly Confidential—Attorneys' Eyes Only" Material, including all copies, derivations and summaries thereof, shall be either (a) returned to the disclosing party or disclosing non-party upon request; or (b) destroyed or deleted, with a written certification provided to the disclosing party or disclosing non-party upon request. This paragraph includes the return or destruction or deletion of all "Confidential" or "Highly Confidential—Attorneys' Eyes Only" material provided to any Authorized Person, including Outside Experts. However, counsel of record who are permitted to possess such information are permitted to retain a copy of their attorney file, including attorney

14

work product, which may contain "Confidential" or "Highly Confidential—Attorneys' Eyes Only" information. For purposes of this Confidentiality Order, the "final determination of this action" shall be deemed to be the later of (i) the service and filing of a voluntary dismissal of all claims or other paper or pleading effectively denoting full settlement of all claims asserted in this proceeding; (ii) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials and reviews, if any, of this Proceeding; or (iii) the expiration of all time limits under federal law for the filing of or application for all appeals, rehearings, remands, trials or reviews of this Proceeding, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law. The Parties and any non-party invoking the terms of this Confidentiality Order agree that the Court shall have continuing jurisdiction over the Parties and recipients of "Confidential" or "Highly Confidential— Attorneys' Eyes Only" information for enforcement of the provisions of this Confidentiality Order following termination of this Proceeding.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated this __ day of _____, 2019.

15

| **RIVERO MESTRE LLP** | **BOIES SCHILLER FLEXNER LLP** |
|---|---|
| _____ | _____ |
| Andres Rivero, Esq. (Fla. Bar No.) | Velvel (Devin) Freeman, Esq. (Fla. Bar No.) |
| Alan Rolnick, Esq. (Fla. Bar No.) | 100 SE Second Street, |
| Zaharah Markoe, Esq. (Fla. Bar No.) | Miami, FL 33131 |
| 2525 Ponce de León Blvd., Suite 1000 | (305) 539-8400 (telephone) |
| Miami, Florida 33134 | (305) 539-1307 (facsimile) |
|  | Email: vfreedman@bsfllp.com |
| *Counsel for Defendant* |  |
|  | Kyle W. Roche, Esq. |
|  | *Admitted Pro Hac Vice* |
|  | 333 Main Street |
|  | Armonk, NY 10504 |
|  | (914) 749-8200 (telephone) |
|  | (914) 749-8300 (facsimile) |
|  | Email:  kroche@bsfllp.com |
|  |  |
|  | *Attorneys for Plaintiffs* |

16