UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

    plaintiffs,

v.                                          **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

    defendant.

_____/

## JOINT DISCOVERY MEMORANDUM

In accordance with Magistrate Judge Reinhart's order on February 20, 2019, the parties jointly submit this discovery memorandum. The parties certify that they have complied with the requirements for pre-hearing consultation contained in the Court's Standing Discovery Order. Despite good faith efforts to resolve their differences, the following issues require resolution by the Court. The parties also include agenda items for updated or additional information that the Court requested.

1. Dave Kleiman's Electronic Devices

**Defendant:** As ordered by the Court, the ESI vendors for both parties met and conferred on February 25, 2019, regarding Dave Kleiman's electronic devices. During that call, Plaintiffs disclosed that they only recently began imaging Dave's devices on January 24, 2019. Additional issues regarding the preservation of Dave's devices also arose during that meet and confer. The following issues require resolution by this Court:

- To ensure that Dave's devices were correctly imaged, Defendant's ESI vendor requested a copy of the device imaging logs, chain of custody log, and device inventory log. Plaintiffs have not provided such data.

- The removal of hard drives from Dave's computers before imaging.

During a separate meet and confer on the February 25, 2019, Plaintiffs' counsel again expressed his client's refusal to provide Defendant's ESI vendor with the images of Dave's devices, stating that his client was uncomfortable with that process. This Court already overruled Plaintiffs' objection during the February 20, 2018, hearing. In the interests of obtaining the crucial information as soon as possible, and hoping to avoid a protracted dispute, Defendant agreed to permit a third-party neutral to inspect the device images (as opposed to the actual devices), if Defendant's ESI vendor would be able to ascertain that the imaging was done correctly by reviewing the imaging logs. If devices were not properly imaged, the third-party neutral should have access to the actual devices and create its own images for analysis. Defendant suggested two potential third-party neutrals on February 28 and March 1 (StoneTurn and Aon). **Plaintiffs**: Defendant has, perhaps inadvertently, mischaracterized Plaintiff's requests and statements. Plaintiff's counsel never refused to produce a copy of the device imaging logs; he simply indicated he needed to review "what type of information is contained on these logs with my discovery team. Assuming there is nothing privileged contained on these logs, we will produce them." *2/27/19 email from K. Roche to Z. Kass*. Plaintiff's discovery team has reverted on the logs, there is no privileged information on them, so as promised, Plaintiff will produce them.

In regard to the forensic neutral, Plaintiff also never "refused" to provide the images to Defendant's ESI vendor. Instead, counsel indicated he'd learned new facts about the drives that would prompt a motion for reconsideration, but that a third party neutral would obviate the need for additional motion practice and have the added bonus of easing the cost of this review on Defendant. Defendant agreed and the parties have exchanged names of neutrals. Two of Plaintiffs three suggestions are located in Miami (e-forensicinc, digitalforensicsnow, quantumediscovery). The parties continue discussing these suggestions.

Plaintiff is unsure what Defendant claims he needs the Court to resolve in regard to the removal of drives from Dave's devices.

2. Document Production

**Defendant:** As ordered by the Court, Defendant has been working on producing documents, and has made two productions (one of hard copy documents and one of a small set of ESI) containing over 500 highly relevant documents. Defendant's counsel is continuing to review hard copy documents and hopes to make another production in the next week to ten days. Defendant's counsel has also informed Plaintiffs' counsel that it will provide a privilege log toward the end of its rolling production.

To date, Plaintiffs have not made a production.

**Plaintiffs:** Plaintiff has been reviewing documents responsive to Defendants requests and intends to produce documents tomorrow.

3. Meet and Confer on Search Terms and Prioritization of Processing ESI

**Defendant:** Defendant also has provided Plaintiffs with proposed search terms for its ESI productions (including search term hits on the devices it has processed thus far). Defendant also provided Plaintiffs with a brief description of the devices AlixPartners imaged and asked Plaintiffs to identify which of those devices they would like prioritized for processing.[1] However, Plaintiffs have not responded to Defendant's proposed search terms, nor have they identified the devices that they would like prioritized.

To date, Plaintiffs have not provided a list of proposed search terms for its ESI production (assuming they are not reviewing every single document imaged).

---

[1] In the interim, Defendant has processed 6 devices (all of which had user profiles for Dr. Wright) and is currently processing a 7th device (prioritizing the profiles of Dr. Wright and Ramona Watts within that device).

**Plaintiffs:** As discussed below in #8, and per the Court's orders at the last hearing, Plaintiff has been reviewing discovery in an attempt to narrow the pending requests. Plaintiff will respond today with prioritization of devices and search terms. Plaintiff was under the impression Defendant would be suggesting the search terms it wanted Plaintiff to use, but Plaintiff is happy to suggest some and will do so before the hearing on March 6, 2019. In the interim, Plaintiff has not wasted any time because it's been reviewing documents for production that don't require search terms and plans to produce its first set of documents tomorrow.

4. Definition of Dr. Wright

**Defendant:** In Plaintiffs' second, third, and fourth requests for production along with their third set of interrogatories and "revised" first and second sets of interrogatories (see Composite Exhibit A) define Dr. Wright to include essentially any company or trust in which he has ever had an association or involvement. Dr. Wright objects to this definition as it improperly seeks to treat all such entities (which are not parties) as parties in this case; even though Plaintiffs amended their complaint twice, they have never named anyone other than Dr. Wright, an individual, as a defendant. This definition is overly broad and not proportional to the needs of the case.

**Plaintiffs**: During a meet and confer between the parties, Plaintiff agreed to withdraw that definition, subject to the dispute over the scope of Defendant's control discussed at length in #7 below.

5. Information Requested by the Court

**Defendant:** Defendant's counsel will be prepared to discuss the following follow-up items requested by the Court:

- The additional burden resulting from producing documents related to Dr. Wright's other companies and trusts that are unrelated to Dave Kleiman or W&K.
- Communications between Dr. Wright and Ross Ulbricht related to bitcoin transfers or the 1933 public address.

6. <u>Early depositions of Plaintiff Ira Kleiman and Defendant Craig Wright</u>

**Plaintiffs**: In an effort to narrow the scope of discovery as this court suggested, Plaintiff requested an early deposition of Defendant. Defendant was amenable to this, subject to future agreement on the scope of these depositions. Plaintiff suggested the depositions focus on the issues the Court suggested:

- "what facts really are in dispute" (Tr. 9:9)
- "where things are" (Tr. 9:9-10)
- "Where do you keep this stuff? What do you keep? Who knows about it? How far back do you keep it" (Tr. 8:11-12)
- "take [Dr. Wright's] deposition and ask him all these questions about all these trusts, find out, get his description of what they are and then we can come back and do a more focused request" (Tr. 92:13-15).

Plaintiff believes this would assist in helping the parties determine what actually requires discovery, and what things simply aren't even in dispute. This would potentially prevent much unnecessary discovery. Defendant disagrees and is only willing to allow a deposition on the following topics:

- Experience with and knowledge of electronic devices, including computers, etc.
- Possession and preservation of data (electronic and hard copy)
- Document retention and destruction policies

The parties need the Court to resolve the scope of this early deposition.

**Defendant**: Defendant agrees to reciprocal limited depositions of Dr. Wright and Ira Kleiman provided that the scope of the depositions tracks their purpose as articulated by the Court. (Tr. dated Feb. 20, 2019, at pp.8-9.) Plaintiff has not included the full intended scope of Dr. Wright's deposition as expressed in Plaintiffs' counsel's email, "To that end [i.e., the full scope], we intend to explore issues concerning documents and witnesses in this case along with the facts and statements in the pleadings and filings, including exhibits and subjects covered by our discovery

requests." (Email of Mr. Freedman dated March 4, 2019.) Defendant does not believe that Plaintiffs' proposed scope is appropriate for an early limited deposition.

> 7. Dispute as to the scope of Dr. Wright's "possession, custody, or control" pursuant to Rule 34.

**Plaintiff**: Plaintiff's position is that any document Dr. Wright controls should be part of the ESI collected, whether or not that ESI is located with him in the United Kingdom, with his Australian lawyers, or resides with his Australian companies. Defendant, however, has taken the position that he is only obligated to collect ESI from documents he has on him in the United Kingdom. This position is contrary to well recognized law that documents within a Party's "possession, custody, or control" includes documents he has a legal right to obtain and includes documents in the possession of a party's former or current counsel. Defendant's position is also directly in conflict with Judge Bloom's order on Defendant's Motion to Dismiss where the Court specifically rejected the concept that Defendant could not produce documents from Australia:

> "Defendant argues that the relevant witnesses and evidence related to this case are located in Australia . . . and thus not subject to the compulsory process of this forum. Plaintiffs claim that much of the evidence the Defendant has identified as foreign . . . are in Defendant's own records, his agent's records, or are records he can easily obtain or view in Florida. These documents include the documents from the ATO investigation, the Australian court filings, and documents in the possession of the Defendant and/or his Australian companies. *The Court agrees with the Plaintiffs that much of this evidence that the Defendant asserts is beyond the compulsory process of this Court, is under the direct control of the Defendant*.

ECF No. [68], at 21 (internal citations omitted) (emphasis added). Defendant indicated in a sworn statement that these witnesses are relevant to this litigation. ECF No. [33-3], at ¶ 20-21. He must produce documents from them.

**Defendant**: Defendant stands on the position argued at length during the February 20 hearing that his action is a case against Dr. Wright individually for theft of bitcoin purportedly stolen from his good friend (even though that friend never made that claim while he was alive) and for

6

unidentified intellectual property (even though any claim that it is the bitcoin protocol fails because that intellectual property was made public during Dave Kleiman's lifetime and could not have been stolen). Defendant refers the Court to its position stated in number 4 above.

8. *Plaintiff's Second, Third, and Fourth requests for production*

**Plaintiff**: Plaintiff heard the Court at the last discovery hearing and has been working on narrowing the pending requests for production to facilitate the inside-out discovery the Court has ordered. To that end, Plaintiff withdraws the following requests for production:

- From its second set, numbers: 2, 42, 54, 56, 58, 59, 63, 69, 71.
- From its third set, numbers: 28, 31.
- From its fourth set, number: 1.

Plaintiff is also willing to limit other requests and has scheduled a second meet and confer with Defendant tomorrow in an attempt to resolve the remaining disputed items even further. The parties will file a notice with the Court after the meet and confer in the form the Court attached to its standing order, ECF No. 102 to indicate the items that remain in dispute. As things currently stand, Plaintiff requires the Court to resolve the following requests for production (responses attached as Composite Exhibit B):

- From Plaintiffs' second set, numbers: 1, 3, 4, 11, 14-29, 36-37, 40-41, 44-45, 57, 60, 62, 65, and 88.
- From Plaintiffs' third set, numbers: 8, 10, 12-15, 17, 29-30
- From Plaintiffs' fourth set, number: 3

**Defendant**: The parties have not met and conferred on these discovery requests. Plaintiffs first requested a meet and confer on Defendant's objections on the night of March 3, 2019. This submission is the first time Plaintiffs have identified the specific requests they would like to discuss. Defendant has agreed to meet and confer with Plaintiff tomorrow at 10 a.m.

Respectfully submitted,

| | |
|---|---|
| *Counsel to Plaintiff Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.* | *Attorneys for Dr. Craig Wright*<br><br>RIVERO MESTRE LLP<br>2525 Ponce de Leon Boulevard, Suite 1000<br>Miami, Florida 33134<br>Telephone: (305) 445-2500<br>Fax: (305) 445-2505 |

s/ *Velvel (Devin) Freedman*
Velvel (Devin) Freedman, Esq.
BOIES SCHILLER FLEXNER LLP
100 SE Second Street, Suite 2800
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307
vfreedman@bsfllp.com

Kyle W. Roche, Esq.
Admitted Pro Hac Vice
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300
kroche@bsfllp.com

Email: arivero@riveromestre.com
Email: amcgovern@riveromestre.com
Email: zmarkoe@riveromestre.com
Email: receptionist@riveromestre.com

By: s/ *Andres Rivero*
ANDRES RIVERO
Florida Bar No. 613819
AMANDA MCGOVERN
Florida Bar No. 964263
ZAHARAH MARKOE
Florida Bar No. 504734

## **CERTIFICATE OF SERVICE**

I certify that on March 4, 2019, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

/s/ Velvel (Devin) Freedman
Velvel (Devin) Freedman