UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC,

    *Plaintiffs,*

v.

CRAIG WRIGHT,

    *Defendant.*

CASE NO.: 9:18-cv-80176-BB

## REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

In his Opposition, ECF No. [108], Defendant speciously argues that Plaintiffs' motion to strike his affirmative defenses of release, estoppel, and unclean hands "ignore[s]" Rule 8. *Id.* at 1-2. But Plaintiffs moved to strike those defenses because they were insufficient as a matter of law under Rule 12(f), not because they were insufficiently pled under Rule 8(c). *See* Motion, EFC No. [95], at 2-3 & 3 n.1 (discussing this Court's previous holdings that affirmative defenses must be stricken not only when they are comprised of bare-bones or conclusory allegations, but also when they are legally invalid or patently frivolous). Defendant also mislabels as "novel" and "stuff and nonsense" the well-settled law that redundant defenses—like Defendant's payment and waiver defenses—should be stricken, *see* ECF No. [95] at 7-8; and he fails to address the many authorities Plaintiffs cite, including this Court's own decisions, striking affirmative defenses like personal jurisdiction and res judicata because they had been adjudicated (and thus preserved) on a motion to dismiss, *see id.* at 8-9. In fact, Defendant not only fails to address a *single* case Plaintiffs cited in their Motion, he also mischaracterizes cases he relies upon. The Court should grant Plaintiff's

1

motion and strike Defendant's legally insufficient, redundant, and previously-adjudicated defenses so that Plaintiffs are not forced to incur costly merits discovery into them. *See St. Paul Fire & Marine Ins. Co. v. Luke Ready Air, LLC*, No. 11-80121, 2011 WL 13228106, at *1 (S.D. Fla. June 14, 2011) ("The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing those issues prior to trial.") (quotation marks omitted).

## I.    Fifth Affirmative Defense (Release)

Defendant concedes his affirmative defense of release does not allege a bilateral contract where Defendant promised to deliver Coin-Exch shares to Plaintiffs in exchange for their releasing Defendant from claims. Instead, Defendant argues that the Estate's mere acceptance of shares in Coin-Exch, without any agreement as to the effect of that transfer, automatically released him from "claims based on Dave's work with W&K." ECF No. [108] at 4; EFC No. [87] at 33 ("Plaintiffs, by accepting shares in a corporation from Dr. Wright as compensation for rights of David Kleiman, released Dr. Wright."). Defendant tries to justify this indefensible position by claiming that his defense alleges a "unilateral contract" based on "an exchange of performances," and that "a release of claims relating to Dave's work with W&K was consideration for acceptance of the shares." *Id.* at 3, 5.

But this is nonsensical. A unilateral contract "is an exchange of a promise for an act or forbearance," *Kolodziej v. Mason*, 996 F. Supp. 2d 1237, 1247 (M.D. Fla. 2014) (applying Florida law), which constitutes "both acceptance of a promisor's offer and consideration," 1 Williston on Contracts § 1:17 (4th ed.); *see Guevara v. Republica Del Peru*, No. 04-23223-CIV-COOKE, 2008 WL 4194839, at *3 (S.D. Fla. Sept. 9, 2008), *rev'd and remanded on other grounds,* 608 F.3d 1297 (11th Cir. 2010) ("The only consideration necessary in a unilateral contract is the offeree's

performance. Once the offeree performs, the offeree has accepted the offer, thereby creating a contract that binds the offeror.") (citation omitted). But here, Plaintiffs' sole alleged "act or forbearance," and thus sole consideration for Defendant's promise of Coin-Exch shares, is that Plaintiffs accepted the shares. ECF No. [108] at 4-5 ("Acceptance—Ira, on behalf of Dave's estate, accepted the shares") (emphasis omitted); *id.* at 4 ("Dr. Wright offered Ira, as the representative of Dave's estate, shares in Coin-Exch. *Upon that transfer*, Dr. Wright was released from the estate's claims based on Dave's work in W&K.") (emphasis added). Critically, Defendant does not—and cannot—allege he conditioned his promise of shares in exchange for Plaintiffs release of claims against him. Similarly, Defendant does not—and, again, cannot—allege *Plaintiffs* promised to release claims against Defendant in exchange for Coin-Exch shares. As a result, the Estate's act of accepting shares cannot, as a matter of law, be construed as a unilateral (or bilateral) contract that contemplated a release of claims. *See, e.g,. Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co.*, 761 So. 2d 306, 315 (Fla. 2000) (claims released by contract must be "contemplated by the agreement").[1] Defendant's affirmative defense of release, without any allegation that the parties contemplated any "release," is not only legally invalid but patently frivolous and must be stricken.

## II. Eighth Affirmative Defense (Estoppel)

Defendant argues that his affirmative defense of estoppel is not legally insufficient because it purportedly alleges both judicial estoppel—that is, that W&K was a party to the Australian

---

[1] Defendant cites two cases for the proposition that the existence of a contract is a question of fact that cannot be decided on a motion to strike. ECF No. [108] at 5. But that is irrelevant to whether Defendant's allegations are legally sufficient under Rule 12(f). Further, those cases are inapposite because they involve *written releases* and thus clearly contain legally sufficient allegations of a release contemplated by an agreement. *Myers v. Toojay's Mgmt. Corp.*, No. 08-cv-365, 2009 WL 10670507, at *1-2 (M.D. Fla. July 10, 2009) (declining to strike release defense where defendant attached a copy of a written release with plaintiff's signature and date to the pleadings); *Gulf Grp. Holdings, Inc. v. Coast Asset Mgmt. Corp.*, 516 F. Supp. 2d 1253, 1266-69 (S.D. Fla. 2007) (denying summary judgment on release defense where factual disputes remained concerning whether the parties' written release covered defendant's counterclaim).

3

consent proceedings and "W&K now makes allegations that are inconsistent with its actions in the Australian [consent] proceedings"—and equitable estoppel—that is, that the Estate's "allegations against Dr. Wright have been anything but consistent with Dave's statements and actions" in the Australian Tax Office ("ATO") investigation into Defendant's tax evasion. ECF No. [108] at 5-7. As an initial matter, Defendant is impermissibly changing the allegations plead in his estoppel defense, which only alleged Plaintiffs "took no action" in the Australian consent proceedings or investigation. ECF No. [87] at 34. Regardless, even these new allegations cannot save this defense.

With respect to judicial estoppel, Defendant still fails to allege two necessary elements of a judicial estoppel defense; he simply never makes any allegation that (1) W&K took a position "under oath" in the consent proceedings, or that (2) W&K took actions that "were calculated to make a mockery of the judicial system." *Apex Toxicology, LLC v. United Healthcare Ins. Co.*, No. 17-61840, 2018 WL 3199250, at *1 (S.D. Fla. June 29, 2019) (quotation marks omitted). Defendant does not dispute both are required to plead judicial estoppel, yet he fails to allege both.[2]

With respect to equitable estoppel, even if the Court construed Defendant's new allegation as an amendment to his estoppel defense, and accepts that Dave Kleiman made unspecified statements and took unspecified action in connection with the ATO investigation, and that other unspecified allegations by the Estate somehow "contradict Dave's statements and actions," ECF No. [108] at 7, Defendant still fails to properly allege an equitable estoppel claim because Defendant does not allege that *Dave's* statements or actions in the investigation constitute material *misrepresentations* (in fact, he alleges the opposite—that Dave was telling the truth), let alone that

---

[2] It is unclear why Defendant cites *De Leon Comcar Indus., Inc.*, 321 F.3d 1289, 1291 (11th Cir. 2003), which held that the application of judicial estoppel is the same in Chapter 7 and 13 bankruptcy proceedings. *See* ECF No. [108] at 7. To the extent he does so for the proposition that he does not need to allege that W&K intended to make a mockery of the judicial system, it has been overruled. *See Slater v. U.S. Steel Corp.*, 871 F.3d 1174, 1180-1189 (11th Cir. 2017).

4

Defendant relied on any misrepresentations or detrimentally changed his position as a result. *See Jeremiah's Int'l Trading Co. v. Calderone*, No. 14-58427, 2015 WL 12856081, at *2 (M.D. Fla. May 22, 2015) (equitable estoppel requires "(1) a misrepresentation of material fact by a party, which is contrary to a later asserted representation or position by that party; (2) reliance on that representation by a party claiming estoppel; and (3) a detrimental change in the position of the party claiming estoppel caused by the party's reliance on the misrepresentation") (quotation marks omitted). Defendant's failure to plead the requisite elements of an estoppel defense—whether judicial or equitable—renders it insufficient as a matter of law and, accordingly, it must be stricken.

### III. Ninth Affirmative Defense (Unclean Hands)

Defendant argues his affirmative defense of unclean hands is not legally invalid because (1) Ira Kleiman engaged in "improper conduct that is directly connected to this lawsuit," namely attaching "confidential ATO documents" to the Complaint, "manipulat[ing] Dave's Estate to avoid paying taxes," "misreprent[ing] the facts regarding W&K and Dr. Wright to drive this lawsuit," and "unlawfully reinstat[ing] W&K . . . to bring this lawsuit"; and (2) the disclosure of ATO documents caused Defendant "legal harm." ECF No. [108] at 8. These arguments are specious for several reasons.

First, Ira Kleiman is not a party in his personal capacity, and thus *his* alleged misconduct, as opposed to the Estate's, is irrelevant. Second, contrary to Defendant's unsupported assertion, the doctrine of unclean hands requires more than a mere "connection" between a party's alleged wrongdoing and the subject matter of some allegations in the complaint. Rather, a plaintiff's alleged wrongdoing must be "*directly* related to the *claim* against which it is asserted." *Calloway v. Partners Nat'l Health Plans*, 986 F.2d 446, 451 (11th Cir. 1993) (emphasis added); *see Freestream Aircraft USA Ltd. v. Chowdry*, No. 16-cv-81232, 2018 WL 1309921, at *3 (S.D. Fla.

5

Mar. 12, 2018) ("We're talking *really* directly related. It is, in essence the reason for the lawsuit.") (emphasis in original) (quotation marks and alterations omitted). Defendant does not even bother to try to show how any of the alleged wrongdoing relates to any of Plaintiffs' claims. They don't.

Third, even *if* Defendant *had* alleged in his unclean hands defense that Plaintiffs engaged in misconduct by attaching purportedly confidential documents to the Complaint, misrepresenting facts "to drive this lawsuit," and somehow unlawfully reinstating W&K "to bring this lawsuit" (he didn't, *see* ECF No. [87] at 34), that conduct is protected by the litigation privilege. *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So.2d 380, 384 (Fla. 2007) ("Absolute immunity must be afforded to any act occurring during the course of a judicial proceeding so long as the act has some relation to the proceeding.") (quotation marks and alterations omitted). Finally, even *if* Defendant's unclean hands defense *had* alleged that he was harmed by any of Plaintiffs' alleged wrongdoing (it doesn't, *see* ECF No. [87] at 34), the only "harm" that Defendant identifies is an unspecified "legal harm" from Plaintiffs' attachment of confidential documents to the Complaint, relying exclusively on a dissenting opinion in *Doe v. Chao*, 540 U.S. 614, 634 (2000) for the proposition that "Privacy Act violations commonly cause fear, anxiety, or other emotional distress." ECF No. [108] at 8.[3] Not only does Defendant's unclean hands defense not allege that Plaintiffs violated the Privacy Act (or any federal law), *see* ECF No. [87] at 34, nothing in the opinion or dissents in *Chao* stand for the proposition that "legal harm" constitutes personal injury for purposes of an unclean hands defense, and Defendant has not identified any case law suggesting otherwise.

Defendant's baseless and unsupported arguments make clear that his unclean hands defense is improperly designed to prejudice and harass Plaintiffs by needlessly expanding

---

[3] Inexplicably, Defendant's citation to *Chao* does not identify that he is citing one of the dissents.

discovery. *See FTC v. Consumer Health Benefits Ass'n*, No. 10-3551, 2011 WL 13295634, at *7–*8 (E.D.N.Y. Oct. 5, 2011). For all the foregoing reasons, this defense must be stricken. *See Freestream*, 2018 WL 1309921, at *4 (striking unclean hands defense: "Plaintiff's alleged wrongdoing is committing tax fraud with the IRS, and the claim at issue is unjust enrichment. . . . Defendant has not sufficiently shown in the first affirmative defense . . . how Plaintiff's alleged wrongdoing is directly related to the unjust enrichment claim. Additionally, the Court finds that Defendant has not sufficiently shown in the actual wording of the affirmative defense how Defendant was personally injured by Plaintiff's conduct."); *see* ECF No. [95] at 6 (citing case law).

## IV. Sixth and Seventh Affirmative Defenses (Payment and Waiver)

Defendant concedes that his affirmative defenses of accord and satisfaction, payment, and waiver "might arise from the same facts," but argues that redundant defenses nonetheless should not be stricken if they "present different legal theories" why claims may not succeed on the merits. ECF No. [108] at 9. Defendant also argues that Rule 8(d)(2), which permits parties to plead facts in the alternative, prohibits courts from striking redundant defenses. *Id.* at 10. Both arguments fail.

Defendant ignores the cases cited in Plaintiff's Motion (including from this District) recognizing that Rule 12(f) expressly permits courts to strike redundant affirmative defenses like Defendant's, *see* ECF No. [95] at 8, and argues that *Who Dat, Inc. v. Rouse's Enter., LLC*, No. 12-2189, 2013 WL 395477, at *4 (E.D. La. Jan. 31, 2013), rejected arguments "similar to those plaintiffs make here" and held that redundant defenses should not be stricken if they present different legal theories. ECF No. [108] at 9. That is a gross mischaracterization. The issue in *Who Dat* was whether affirmative defenses were "redundant of the complaint and answer"—not whether, like here, the defenses themselves were redundant. 2013 WL 395477 at *1. The court declined to strike the affirmative defenses because they were not redundant of the defendant's

7

*answers* to the plaintiff's claims but rather "present[ed] distinct legal reasons" from the answers "why [the] claims may not succeed on the merits." *Id.* at *4. In contrast, here, Plaintiffs ask this Court to strike Defendant's affirmative defenses of payment and waiver because they are redundant of his affirmative *defense* of accord and satisfaction, not because they are redundant of Defendant's answers to any of Plaintiffs' claims.

Even if *Who Dat* were not inapposite (it is) and there was support for Defendant's argument that redundant defenses should not be struck "if they present different legal theories" (there isn't), Defendant fails to identify what different theories are presented by his payment, waiver, and accord and satisfaction defenses. There aren't any—he concedes they "might arise from the same facts," ECF No. [108] at 9, and each seeks the same relief for the same reason: Plaintiffs' claims should be barred because Plaintiffs received shares in a corporation as compensation for Dave Kleiman's rights. *See* ECF No. [95] at 7 (comparing the three defenses).[4] Courts have stricken these same types of defenses as redundant. *See, e.g.*, *Davis v. Renken*, No. 12-80805, 2013 WL 12131361, at *4 (S.D. Fla. March 15, 2013) (striking defendants' affirmative defenses of "payment in full" and "accord and satisfaction" as redundant to their "previous payment and release" defense because all three were based on defendants' contention that they had already paid plaintiffs); *Bushbeck v. Chi. Title Ins. Co.*, No. C08-0755JLR, 2010 WL 11442904, at *3 (W.D. Wash. Aug. 26, 2010) (striking "defenses of agreement to pay, voluntary payment, payment, and consent or agreement" as redundant because all of them were based on defendant's contention that plaintiffs paid a fee).

Defendant's argument that Rule 8(d)(2) prohibits courts from striking redundant affirmative defenses is likewise baseless. Rule 8(d)(2) simply permits a party to plead in the

---

[4] Defendant's use of different adjectives ("received" and "accepted") and nouns ("payment," "satisfaction," and "compensation") in these defenses to describe "the same facts," ECF No. [108] at 9, does not make them distinct from each other, and Defendant does not argue to the contrary.

8

alternative, *i.e.,* plead the same claim or defense based on different facts. It does not permit a party to plead the same claim or defense multiple times just by labeling it differently. *Van Vliet v. Cole Taylor Bank*, No. 10 CV 3221, 2011 WL 148059, at *2 n.1 (N.D. Ill. Jan. 18, 2011) ("While pleading in the alternative is generally allowed under Rule 8(d)(2) of the Federal Rules of Civil Procedure, the Rule does not prohibit dismissal of duplicative claims.").[5] Indeed, Rule 12(f) expressly authorizes courts "to strike from a pleading any redundant" matter, including claims and defenses. *Id.* (quotation marks omitted). For all the foregoing reasons, Defendant's payment and waiver affirmative defenses should be stricken as redundant to his accord and satisfaction defense.

## V. Eleventh and Twelfth Affirmative Defenses (Personal Jurisdiction and Res Judicata)

Defendant argues that his affirmative defenses of personal jurisdiction and res judicata should not be stricken because (1) the Court only adjudicated them at the motion to dismiss stage, and (2) he has to plead them in his answer "to preserve his rights on appeal." Both arguments fail.

Defendant ignores the case law from this District, including this Court's, that strike legally insufficient affirmative defenses already adjudicated at the motion to dismiss stage. *See* ECF No. [95] at 8-9 (citing *Sport Mgmt. Sys., LLC v. Woolley Grp., LLC*, No. 15-CV-62224, 2016 WL 8793334, at *3 (S.D. Fla. May 11, 2016) (striking personal jurisdiction defense where "this Court has previously determined on Defendant's Motion to Dismiss . . . that jurisdiction . . . [is] proper"); *Vasquez v. Maya Publ'g Grp., LLC*, No. 14-20791-CIV, 2015 WL 5317621, at *2 (S.D. Fla. Sept. 14, 2015) (same); *Williams v. Wells Fargo Fin. Servs., Inc.*, No. 11- 21233, 2013 WL 12092533, at *2 (S.D. Fla. Jan. 16, 2013) (striking defenses rejected at the motion to dismiss stage); *Am.*

---

[5] Defendant incorrectly asserts that Plaintiffs' conversion and civil theft claims are redundant. ECF No. [108] at 9. While some facts support both claims, *i.e.*, Defendant's theft of Plaintiffs' assets, civil theft has additional elements and Plaintiffs pled additional facts to support them. *Compare* ECF [83] at 37, ¶¶ 171-172 (Conversion) *with id.* at 46-47, ¶¶ 215-223 (Civil Theft). They also have different remedies; civil theft provides for treble damages and attorney's fees.

*Guarantee & Liab. Ins. Co. v. Zurich*, No. 11-23566, 2012 WL 13013258, at *1 (S.D. Fla. March 5, 2012) (same)).[6] This Court already thoroughly examined and rejected Defendant's personal jurisdiction and res judicata arguments, and Defendant does not dispute that his personal jurisdiction and res judicata defenses raise identical arguments.[7] Accordingly, they should be stricken.

Furthermore, Defendant has already preserved his personal jurisdiction and res judicata defenses by raising them in his Rule 12 motion. *E.g.*, *Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1287 (11th Cir.1985) ("Rule 12 provides that a personal jurisdiction defense is waived only if omitted from a Rule 12 motion *or* from a responsive pleading.") (emphasis added); *accord Brownlow v. Aman*, 740 F.2d 1476, 1483 n.1 (10th Cir. 1984) (raising personal jurisdiction in a motion to dismiss "preserved the challenge on appeal"); *Arlin-Golf, LLC v. Village of Arlington Heights*, No. 09 C 1907, 2010 WL 918071, at *4 (N.D. Ill. Mar. 9, 2010) (res judicata defense was not waived where it was raised in a Rule 12(b)(6) motion).[8]

## CONCLUSION

For the reasons set forth in the Motion and above, Defendant's Fifth, Sixth, Seventh (waiver), Eighth (estoppel), Ninth, Eleventh, and Twelfth Affirmative Defenses should be stricken.

---

[6] Plaintiffs' Motion erroneously cited *F.D.I.C. v. Hall*, No. 14-834-T-24, 2016 WL 7325590 (M.D. Fla. Aug. 29, 2016), as also *striking* a personal jurisdiction defense it had rejected at the motion to dismiss stage when in fact it actually granted *summary judgment* against the defense.

[7] Defendant's citations are inapposite—none involved affirmative defenses that, unlike here, were rejected as legally insufficient. Defendant also mischaracterizes *Jenkins v. Grant Thornton LLP*, No. 13-60957, 2014 WL 12634916 (S.D. Fla. Oct. 24, 2014), as denying a motion to strike a res judicata defense. ECF No. [108] at 10. It did not. Rather, it simply declined to hold its order on a motion to dismiss constituted "res judicata" compelling it to strike certain defenses. *Id.*

[8] *Diamond Crystal Brands, Inc. v. Food Movers Int'l* does not hold otherwise. 593 F.3d 1249, 1256 n.5 (11th Cir. 2010). The Court merely "reject[ed], with minimal discussion" the argument that filing a counterclaim waived jurisdictional defenses that were preserved by *both* (1) having *first moved to dismiss* on jurisdictional grounds, and (2) expressly including them in the answer.

Dated: March 7, 2019					Respectfully submitted,

                                                                *s/ Velvel (Devin) Freedman*_____
					Velvel (Devin) Freedman, Esq.
					Florida Bar No. 99762
					BOIES SCHILLER FLEXNER LLP
					100 SE Second Street, Suite 2800
					Miami, Florida  33131
					Telephone:  (305) 539-8400
					Facsimile:   (305) 539-1307
					vfreedman@bsfllp.com

					Kyle W. Roche, Esq.
					*Admitted Pro Hac Vice*
					BOIES SCHILLER FLEXNER LLP
					333 Main Street
					Armonk, NY10504
					Telephone: (914) 749-8200
					Facsimile:  (914) 749-8300
					kroche@bsfllp.com

					*Counsel to Plaintiff Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 7, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

					*s/ Velvel (Devin) Freedman*
					VELVEL (DEVIN) FREEDMAN