**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

       plaintiffs,

v.                                                                      **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

       defendant.

_____/

## JOINT DISCOVERY MEMORANDUM

The parties certify they have complied with the requirements for pre-hearing consultation

contained in the Court's Standing Discovery Order. Despite good faith efforts to resolve their

differences, the following issues require resolution by the Court:

**A.**    **Defendant's failure to provide Dave Kleiman's emails**

**Plaintiff:** The *first* request in Plaintiffs *first* RFP (served May 29, 2018) sought "all

communications between [Craig Wright] and Dave Kleiman between January 2006 and June

2013." These communications may be the most important documents in the case because they will

shed light on the nature of Craig and Dave's partnership to develop and release Bitcoin, mine

bitcoin, and develop intellectual property. They are also the epitome of the Court's order on these

first RFP, that Defendant's initial production focus on the interaction of Dave and Craig.

Despite agreeing to produce these documents on February 1, 2019, *i.e.,* 40 days ago,

Defendant has yet to produce a *single[1]* electronically stored email between him and Dave.

Responding to this request should be simple – Defendant's ESI vendor simply needs to search all

ESI for communications from/to any of Dave's email accounts; accounts Craig corresponded with

---

[1] Defendant has produced a *small* number of paper scans that appear to reflect email communications, but they are not ESI and there is therefore no way to validate their authenticity.

for *years*. While Plaintiffs understand this review may take some time, Plaintiffs have repeatedly asked Defendant's counsel to provide a date on which they can expect all emails between Dave and Craig, to no avail. Having exhausted efforts to coordinate with counsel, Plaintiffs respectfully ask this Court order Defendant to produce *all* email communications between him and Dave by March 22, 2019.  Given the expedition in the production of Dave Kleiman's hard drives– a process that cost Plaintiffs over $60,000– Plaintiffs believe this request is fair and will significantly help them tailor further discovery.

**Defendant:** Dr. Wright has been working diligently and in good faith to provide responsive and relevant discovery to plaintiffs. As stated during the March 7th discovery conference, Dr. Wright prioritized and produced the most relevant hard copy documents for its first production (including emails and other communications between Dr. Wright and Dave), and prioritized for processing any device that had a user profile for Dr. Wright even before plaintiffs stated any preferences for prioritization. Dr. Wright provided proposed search terms to plaintiffs on February 25th; plaintiffs only responded to those search terms on March 5. At Dr. Wright's request, the parties had a meet and confer on Monday evening regarding the search terms to run against Dr. Wright's ESI and made some headway. In the meantime, Dr. Wright has populated the documents hitting on search terms that are not in dispute into his document review platform. Plaintiffs made their demand for immediate production of email communications between Dr. Wright and Dave for the first time on Monday. To accommodate plaintiff's request, Dr. Wright is prioritizing review of the email addresses added by plaintiffs to the search terms and will produce responsive documents on a rolling basis. In the meantime, Dr. Wright expects to complete his review of non-privileged hard copy documents this week and produce the remaining responsive hard copy documents next week.

**B.      Plaintiffs' second set of requests for production ("RFP")[2]**

**Plaintiffs' RFP No. 1. Plaintiffs** limited the request to: "produce any documents that existed as of 12/31/13 which estimate the value of Defendant's bitcoin holdings." This information is relevant because Plaintiffs claim anything mined by Dave and Craig is partnership property, Dave died in April 2013, so this will help trace the partnership's bitcoin that existed in 2013. Plaintiffs believe this consistent with the Court's order "I will let you trace forward, not backward." 2/20/19 Hr. Tr. 121:9-10.

**Defendant**: This Request is not about tracing. It is seeking to determine Dr. Wright's net worth from the creation of cryptocurrency for a period of more than four years at a time that there is no judgment against him. It is overly broad, unduly burdensome and harassing by seeking such personal financial information such as loan applications, financial statements, tax returns, life insurance applications, etc.

**Plaintiffs' RFP No. 3. Plaintiffs** limited the request to: "produce all documents that existed as of 12/31/13 that estimate the value of Defendant's blockchain and bitcoin related IP." This is relevant because Plaintiffs allege that after Dave and Craig partnered to create Satoshi Nakamoto and blockchain/bitcoin related IP, Craig stole it. Consequently, it's relevant for the same "tracing forward" purposes mentioned above.

**Defendant** has the same objection as he does to RFP No. 1, and sticks to the limitation he suggested in his response to this RFP.

**Plaintiffs' RFP No. 4. Plaintiffs** limited the request to: "produce any documents that existed as of 12/31/13 that show assignments of bitcoin or blockchain related IP." This is relevant because documents demonstrating the assignment or sale of any intellectual property prior to 2013 will

---

[2] Defendant's responses, which recite the request propounded, are attached hereto as Exhibit A.

assist in tracing transfers of intellectually property "forward," as discussed above. For example, the IP Deeds of Assignment from September 2013 show Defendant transferring W&K's IP from Craig Wright R&D to various other entities. ECF No. [83-26], at 3; [83-27], at 4; and [83-28], at 4. Plaintiffs need to trace where that stolen IP went and what it consisted of.

**Defendant** sticks to the limitation he suggested in his response to this RFP. As previously stated bitcoin and blockchain research are Dr. Wright's life's work requesting all information regarding that research and assignments of related IP that do not refer or relate to Dave Kleiman (or any trust in which he was a trustee or beneficiary) or W&K is both irrelevant and overly broad.

**Plaintiffs' RFP No. 16, 18-27**. **Plaintiffs**: in each of these requests, Plaintiffs seek a specific document the Defendant referenced in an Australian lawsuit where he sued W&K for its IP. Documents Craig referenced in that lawsuit are relevant here because Plaintiffs have pled that lawsuit was part of Defendant's fraud. Further, due to the specificity of this request, the discovery poses very little burden.

**Defendant**: The parties did not specifically meet and confer on these RFPs. Dr. Wright's position is that these Requests are wholly irrelevant and therefore not proportional to the needs of the case. While Dr. Wright's affidavit was used in the Australian lawsuit, the documents sought are referenced in an appendix to the affidavit (which only references the one line of the appendix), which is actually a response to an ATO request of a company in which neither Dave Kleiman nor W&K held any interest. In any event, in response to RFPs 18 and 19, Dr. Wright stated he would search for the disk and produce any relevant material on it if located.

**Plaintiffs' RFP No. 36-37. Plaintiffs:** These requests seek documents issued by or submitted to, the ATO that mention highly relevant persons. The ATO communications have provided Plaintiffs with some of the most relevant evidence to date. Plaintiffs have limited this

request by removing Ramona Watts, Lynn Wright, Mt. Gox, and Silk Road. The other persons and entities are relevant to Plaintiffs' claims. In fact, Defendant *swore* that C01n Pty. Ltd, Cloudcroft Pty. Ltd, Coin-Exch Pty. Ltd., Demoragan Ltd. Hotwire Preemptive Intelligence Pty. Ltd., Panopticrypt Pty. Ltd, and Pholus Pty., Ltd are "relevant to this lawsuit." ECF No. [33-3], at 5-6 ¶ 21. Defendant's objection seeks to delay clearly relevant discovery simply because the Court imposed an *initial* limit to the scope of Plaintiff's *first* RFPs.

**Defendant**: This Court has already ruled that "the initial tranche of discovery needs to be limited to interactions involving Dr. Wright and Mr. Kleiman" (2/20/19 Hrg. Tr. 88:23-25). The Court further ruled during the March 7th discovery conference with regard to the companies and trusts unrelated to Dave Kleiman or W&K that "So at this point I will stick – I think my prior ruling was you didn't have to produce that yet without prejudice" (3/7/19 Hrg. Tr. 48:7-9).

**Plaintiffs' RFP No. 40-41. Plaintiffs** have limited this request to: "any document that makes a record of a conversation between Craig and/or his agents and the ATO *that also* references any of the individuals or entities listed in Nos. 36-37." These documents are relevant because these persons are either patently relevant, or the Defendant has sworn they are.

**Defendant**: This Court has already ruled that "the initial tranche of discovery needs to be limited to interactions involving Dr. Wright and Mr. Kleiman" (2/20/19 Hrg. Tr. 88:23-25).

**Plaintiffs' RFP No. 45.** This interrogatory seeks communications between the Defendant and important witnesses to this case, *but only* communications about entities that are either patently relevant to Plaintiffs' claims or that the Defendant has *sworn* are relevant. Plaintiffs agreed to narrow the request by removing Romona Watts and Ross Ulbricht from witnesses; and cryptocurrency, cryptocurrency mining, silk road, MT Gox, and "any trust" from the subjects.

**Defendant**: This Court has already ruled that "the initial tranche of discovery needs to be limited to interactions involving Dr. Wright and Mr. Kleiman (2/20/19 Hrg. Tr. 88:23-25).

   **Plaintiffs' RFP No. 57.** The parties dispute the permissible timeframe for this request. **Plaintiffs** believe the timeframe for this request should extend until the date the request was made. The Court's order limiting the first set of RFPs to 30 days after the complaint was because Plaintiffs' counsel *agreed* to that limitation for *those* RFPs (2/20/19 Hr. Tr. 81:3-13). **Defendant** maintains the Court ordered that the search for responsive documents is limited to March 14, 2018 (2/20/19 Hrg. Tr. 81:3-12).[3]

   **Plaintiffs' RFP No. 60.** The parties dispute one subsection of Plaintiff's narrowed request: **Plaintiffs** seek documents dated before 2014, that relate to both (i) bitcoin mining in the United States, and (ii) that mention Uyen Nguyen. Ms. Nguyen is Craig's agent who retains control over the 650K bitcoin held in trust, is the trustee of a trust Plaintiffs allege contains their decedent's bitcoin, is a director/shareholder of companies Defendant has sworn are relevant to the claims, and assisted Craig in stealing Plaintiffs assets. This information goes to Plaintiffs' claims for breach of fiduciary duty, breach of partnership duties of loyalty and care, conversion, unjust enrichment, and civil theft claims.

**Defendant's** only objections to this RFP relate to Uyen Ngyuen and the definition of You. This Court has already ruled that "the initial tranche of discovery needs to be limited to interactions involving Dr. Wright and Mr. Kleiman" (2/20/19 Hrg. Tr. 88:23-25).

   **Plaintiffs' RFP No. 62.** Plaintiffs narrowed this request to: "produce all documents concerning bitcoins mined by Defendant between 1/1/09 and 4/31/13." Plaintiffs partnership

---

[3] For some RFPs, the Court ordered production only through February 14, 2018 (2/20/19 Hrg. Tr. 96:23-97:4, 108:3-4), but Dr. Wright is search for documents through March 14, 2018, with the exception of communications with his wife, Ramona Watts, which this Court limited to December 31, 2015 (2/20/19 Hrg. Tr. 90:15-16).

claims means these bitcoins are alleged to be partnership property stolen by Defendant and their disclosure facilitates the "tracing forward" authorized by this Court.

**Defendant:** This Court has already ruled that "the initial tranche of discovery needs to be limited to interactions involving Dr. Wright and Mr. Kleiman" (2/20/19 Hrg. Tr. 88:23-25).

**Plaintiffs' RFP No. 88. Plaintiffs** assert these communications were aimed at selling Satoshi Nakamoto's "life rights" and intellectual property. ECF No. [83-1], at 12-13, 9. Plaintiffs have alleged, and Defendant has admitted, that "Satoshi Nakamoto" is one part of the manifestation of Dave and Craig's partnership. Communications aimed at selling those partnership "life rights" and intellectual property are relevant to Plaintiffs' breach of partnership duties of care and loyalty claims, their origin story, how the partnership was formed, what become of the partnership's assets.

**Defendant**: The parties did not meet and confer regarding this RFP. Dr. Wright maintains that his offer to search for communications and documents referencing or relating to Dave Kleiman or W&K is in line with the Court's order on the scope of the initial tranche of discovery (2/20/19 Hrg. Tr. 88:23-25).

## B.      Plaintiffs' Third Set of RFP[4]

**Plaintiffs' RFP No. 8, 10 12, 13, 14, 15. Plaintiffs**: These requests are *identical* to RFPs propounded by Defendant in his Second Set of RFP Nos. 11, 13, 15, 16, 17, 18 respectively.[5] In propounding these requests, Defense counsel certified, pursuant to F. R. Civ. P. 26(g)(1)(B), that these requests were (i) consistent with the rules, and (ii) not unreasonable or unduly burdensome. Inexplicably, counsel now maintains, in conflict with his prior certification, and after Plaintiffs

---

[4] Defendant's responses, which recite the request propounded, are attached hereto as Exhibit B.
[5] Attached hereto as Exhibit C.

agreed to produce in response to his requests, that they are "grossly overbroad, unduly burdensome, not relevant or proportional to the needs of the case."

**Defendant**: This Court has already ruled that "the initial tranche of discovery needs to be limited to interactions involving Dr. Wright and Mr. Kleiman" (2/20/19 Hrg. Tr. 88:23-25). In propounding its discovery requests on similar or identical topics to plaintiffs, the requests are inherently so limited, therefore there is no conflict in Dr. Wright's position.

**Plaintiffs' RFP No. 17.   Plaintiffs**: this is relevant discovery aimed at bitcoin wallets identified in the complaint as being jointly held and now controlled solely by Defendant. Discovery into these wallets and what occurred with them is relevant for Plaintiff's breach of partnership duties claims, fiduciary duty claims, and conversion, civil theft, and unjust enrichment claims.

**Defendant**: This Court has already ruled that "the initial tranche of discovery needs to be limited to interactions involving Dr. Wright and Mr. Kleiman" (2/20/19 Hrg. Tr. 88:23-25), and Dr. Wright has agreed to provide all such material.

## C.     Fourth Set of RFP[6]

**Plaintiffs' RFP No. 3. Plaintiffs:** In an effort to work with Defendant, and before fighting over disclosure, Plaintiffs agreed to hold off on the RFP if Defendant would first confirm whether any pre-nuptial or post-nuptial agreements exists.  Plaintiffs assert these documents, if they exist, would be relevant to tracing assets forward.

**Defendant**: Questions are not RFPs. Even if such documents exist, Dr. Wright maintains they are irrelevant, and requesting production of them is harassing and deeply personal.

---

[6] Defendant's responses, which recite the request propounded, are attached hereto as Exhibit D.

**D.      Defendant's opposition to scope of early discovery deposition**

**Plaintiffs**: Plaintiffs' client is deceased and Defendant is one of the only people with knowledge of what happened in this case. As the Court stated, "this is a different case from the Madoff case . . . the Madoff case everybody knew where the starting point was. Everybody knew where the account to go to to start from." (2/20/19 Hr. Tr., 112:3-6.)  Plaintiffs hope to use an early deposition not to test the merits of the case, but to learn about where Plaintiffs should focus their discovery efforts; to obtain a basic understanding of where to start. Specifically, Plaintiffs hope to obtain basic information about: (i) Defendants' various trusts and companies, (ii) the accounts Dave and Craig used to communicate (email, SMS, skype, phone, etc), (iii) the identity of what computers and servers were used by them, or contain relevant data, (iv) the identity of relevant witnesses, (v) the types of information held by persons the Defendant has identified as relevant, (vi) the joint accounts Dave and Craig held between 2009-2013, etc. To that end, and pursuant to the Court's order to treat this depo like a 30(b)(6) deposition, Plaintiffs proposed the topics attached as Exhibit E. Defendant objected. Plaintiffs seek an order permitting inquiry into the process based subjects listed in Exhibit E.

**Defendant:** Plaintiffs' proposed topics go far beyond what the Court suggested at the last discovery conference and go deep into the merits of the case (3/7/209 Hrg. Tr. 50:9-13, 53:21-54:18). Dr. Wright's position is that appropriate topics for this early deposition including the location of potentially responsive material, document retention and destruction policies and habits, involvement of Dave Kleiman or W&K in companies or trusts associated with Dr. Wright and a basic description of the purpose of the company, names and locations of witnesses with personal knowledge of Dave Kleiman's and Dr. Wright's personal and professional relationship.

**E.        Defendant's failure to turn over search term hit report**

**Plaintiff**: The parties are negotiating search terms. There remain some disputes that will require the Court's attention at a later date. Defendant has already run a hit report on Plaintiffs' proposed search terms, but refuses to provide Plaintiff with a copy. Plaintiffs need this report to determine the reasonableness of their original search term proposals, and potentially resolve some disputes without Court intervention. As Defendant has already generated the report, there is no burden associated with emailing it to Plaintiffs. Plaintiffs request the Court order Defendant to turn over the report.

**Defendant**: During the parties' Monday evening meet and confer on the search terms to run across Dr. Wright's ESI, Defendant's counsel stated that they would provide the search term hit report based on the parties' meet and confer (including resolved terms and edited terms) and provided it to plaintiffs' counsel today. The search term hit report on plaintiffs' initial edits to Dr. Wright's proposed search terms is irrelevant after the meet and confer.

Respectfully submitted,

*Counsel to Plaintiff Ira Kleiman as
Personal Representative of the Estate
of David Kleiman and W&K Info
Defense Research, LLC.*

s/ *Velvel (Devin) Freedman*
Velvel (Devin) Freedman, Esq.
BOIES SCHILLER FLEXNER LLP
100 SE Second Street, Suite 2800
Miami, Florida  33131
Telephone:  (305) 539-8400
Facsimile:   (305) 539-1307
vfreedman@bsfllp.com

Kyle W. Roche, Esq.
Admitted Pro Hac Vice
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504

*Attorneys for Dr. Craig Wright*

RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: amcgovern@riveromestre.com
Email: zmarkoe@riveromestre.com
Email: receptionist@riveromestre.com

By: s/ *Andres Rivero*
ANDRES RIVERO
Florida Bar No. 613819
AMANDA MCGOVERN
Florida Bar No. 964263
ZAHARAH MARKOE
Florida Bar No. 504734

Telephone: (914) 749-8200
Facsimile:  (914) 749-8300
kroche@bsfllp.com

## **CERTIFICATE OF SERVICE**

I certify that on March 13, 2019, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

 /s/ Velvel (Devin) Freedman
Velvel (Devin) Freedman