# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IRA KLEIMAN,
as personal representative of
the estate of David Kleiman,
and W&K INFO DEFENSE RESEARCH,
LLC

      Plaintiffs,

v.                                                            **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

      Defendant.

_____/

**CRAIG WRIGHT'S RESPONSES AND OBJECTIONS TO**
**PLAINTIFFS' SECOND REQUEST FOR PRODUCTION**

      In accordance with Rule 34 of the Federal Rules of Civil Procedure, Defendant Craig Wright responds to Plaintiffs' Second Request for Production (the "***Requests***") as follows:

**PRELIMINARY STATEMENT**

      Plaintiffs lawsuit against Dr. Wright was first filed almost 5 years after the unfortunate death of David Kleiman. Most of the Requests are, at best, tangentially related to the claims in the Second Amended Complaint ("***SAC***") but seek to impose the incredibly burdensome task of searching for and producing documents from over a decade ago that are not routinely maintained. Dr. Wright has not completed his investigation of this action. The responses set forth below are based on his knowledge, information, and belief at this time. The individual responses and objections are not intended to be, and should not be interpreted as, a representation as to the existence or nonexistence of specific documents in his possession, custody, or control. Indeed, Dr. Wright cannot state that documents responsive to the Requests still exist but will endeavor to search for documents related to the claims in the SAC and his affirmative defenses in good faith. Dr. Wright incorporates by

1

reference this preliminary statement in each of his specific responses below and reserves the right to amend or supplement his response to each specific request.

The parties have been negotiating a confidentiality order but have been unable to reach an agreement on all the terms. With no confidentiality order in place, Dr. Wright objects to the production of any potentially confidential documents until such order has been entered by the Court.

Subject to the responses and objections set forth below, Dr. Wright agrees to search for and produce responsive, non-privileged documents in his personal possession, custody, or control in a mutually agreeable fashion on a rolling basis as such documents become available. Dr. Wright's counsel is available to meet and confer with Plaintiffs' counsel regarding these responses and objections at a mutually convenient time.

## SPECIFIC RESPONSES TO DEFINITIONS

### Definition No. 2

During a meet and confer with Plaintiffs' counsel on February 15, 2019, Plaintiffs clarified that the inclusion of the clause at the end of the definition "or whom any of the aforementioned control" refers to subsidiaries of Craig Wright and of the entities within the definition. Dr. Wright objects to the inclusion of subsidiaries as they relate to Dr. Wright, because he is in an individual who has no subsidiaries. Dr. Wright also objects to this definition to the extent that it seeks to enforce a duty upon him to produce documents outside of his personal custody and control, or which he has no authority to provide. Moreover, Dr. Wright objects to this definition to the extent that Plaintiffs seek to improperly obtain discovery from non-parties and appear to treat any entity that has any connection to Dr. Wright as a party to this litigation, when Plaintiffs have not sued anyone other than Dr. Craig Wright individually (even after amending their complaint twice). Further, Dr. Wright objects to this definition to the extent it seeks to impose on him knowledge he may not possess. For example, one can be a beneficiary of a whole host of entities including trusts

2

without being aware of that fact.

**Definition No. 5[1]**

Dr. Wright objects to this definition to the extent it includes documents that are protected by the attorney-client privilege, attorney work-product doctrine, spousal privilege, or any other privilege or protection from production under relevant statutes and case law, including the laws of foreign nations. He also objects to this definition to the extent that it seeks to impose on him obligations greater than those set forth in the Federal Rules of Civil Procedure. Dr. Wright further objects to this definition to the extent that it seeks documents available in the public domain, which are more convenient, less burdensome, and less expensive to obtain.

**Definition No. 6**

Dr. Wright objects to this definition to the extent that it seeks duplicative documents, including, but not limited to, electronic documents with the same hash value.

**Definition No. 7**

Dr. Wright objects to this definition to the extent that it seeks documents available in the public domain. Moreover, Dr. Wright objects to this definition to the extent that it seeks documents protected and restricted by the laws of foreign nations where the data was created or is maintained.

**Definition No. 8**

Dr. Wright objects to this definition to the extent that it seeks documents not in his possession, custody, or control. Dr. Wright further objects to this definition to the extent that it seeks documents that may be covered under confidentiality or non-disclosure agreements. Moreover, Dr. Wright objects to this definition to the extent that it seeks documents protected and restricted by the laws of foreign nations where the data was created or is maintained.

---

[1] Dr. Wright notes that there is no Definition No. 4 and responds to the definitions as numbered in Plaintiff's First Request for Production.

**Definition No. 13**

Dr. Wright objects to this definition to the extent that it seeks to impose on him obligations greater than those set forth in the Federal Rules of Civil Procedure. Dr. Wright further objects to this definition as it has no relevance to the requests and is not used here.

**Definition No. 14**

Dr. Wright objects to the use of the disjunctive to include the conjunctive (and vice versa), because it makes the requests unintelligible.

**Definition No. 17**

Dr. Wright objects to the time frame of "January 2006 through the present" as the claims in the Second Amended Complaint relate to actions and events beginning on March 12, 2008, at the earliest and seeks documents beginning more than a decade ago. However, to minimize disputes before the Court, Dr. Wright agrees to search for responsive material beginning January 1, 2006 to the extent that any such material still exists in his personal possession, custody or control. However, since the term "present" without an end date is an ever-moving target, Dr. Wright objects to it as being unduly burdensome and not proportional to the needs of the case as it would require constant collection of potentially responsive documents. As such, Dr. Wright will not search for documents after the date the original complaint was filed on February 14, 2018 and may further narrow the relevant time frame by the specific responses and objections to the requests below. The parties met and conferred on this issue on February 15, 2019 and expect that it will be resolved during the discovery conference on February 20, 2019.

## RESPONSES TO REQUESTS FOR PRODUCTION

**Request 1**

All documents or communications that provide and/or estimate the value of your cryptocurrency holdings. This includes, but is not limited to, loan applications, financial statements,

tax returns, life insurance applications, financing agreements, sale papers, assignment contracts, etc.

**Response to Request No. 1**

Dr. Wright objects to this highly personal, harassing and invasive Request as irrelevant. As Plaintiffs have yet to establish liability they are not entitled to enforcement discovery. In seeking to determine the depths of Dr. Wright's pockets, Plaintiffs are placing the cart before the horse. No jury has returned a verdict for the Plaintiffs. There simply is no basis for such an invasive financial disclosure (or any financial disclosure for that matter) at this stage in the case. Indeed, the value of Dr. Wright's cryptocurrency holdings from 2006 (before cryptocurrency was even in existence) through the present has no relation whatsoever to Plaintiffs' claims that Dave Kleiman and Dr. Wright were business partners or that Dr. Wright stole any cryptocurrency from Dave Kleiman.

Dr. Wright further objects to this request as harassing, oppressive, and not proportional to the needs of the case. A deep dive into Dr. Wright's cryptocurrency holdings during the last 13 years as requested is the epitome of harassment, especially given the Request's lack of relevance to Plaintiffs' claims. However, Plaintiffs go even further than a deep dive into Dr. Wright's cryptocurrency holdings with this Request; they seek to delve and probe into all of Dr. Wright's personal and corporate assets through their definition of "You" as well as through their statement that the Request includes "loan applications, financial statements, tax returns, life insurance applications, financial agreements, sale papers, assignment contracts, etc." Such a fishing expedition is not permissible.

In addition, by including in their definition of "You" any corporation, partnership, joint venture, trust, etc. in which Dr. Wright is a manager, director, officer, trustee, or beneficiary of, as it relates to this Request, Plaintiffs seek to improperly obtain discovery from non-parties and appear to treat any such entities that have any connection to Dr. Wright as a party to this litigation, when Plaintiffs have not sued them (despite having had two bites at the apple by amending their complaint twice); rather the only Defendant in this case is Dr. Wright as an individual.

Dr. Wright also objects to the Request because it demands personal and financial information without the protections of a confidentiality order.

The Parties have met and conferred on this topic and expect that the objection will be resolved at the discovery conference on February 20, 2019.

**Request 2**

All documents and communications related to any assignment of the rights to cryptocurrency that was assigned by you.

**Response to Request No. 2**

Dr. Wright objects to this harassing and invasive Request as irrelevant. This is an improper attempt to obtain enforcement and asset tracing discovery without a determination on liability. In seeking to determine to whom Dr. Wright has assigned rights in any of his cryptocurrency, Plaintiffs are placing the cart before the horse. No jury has returned a verdict for the Plaintiffs. There simply is no basis for such an invasive disclosure at this stage in the case. Indeed, any assignment of Dr. Wright's cryptocurrency rights from 2006 (before cryptocurrency was even in existence) through the present has no relation whatsoever to Plaintiffs' claims that Dave Kleiman and Dr. Wright were allegedly business partners, that Dr. Wright allegedly stole any cryptocurrency from Dave Kleiman, or that Dr. Wright allegedly defrauded Ira Kleiman as representative of the estate of Dave Kleiman.

Dr. Wright further objects to this request as harassing, oppressive, and not proportional to the needs of the case. A deep dive into Dr. Wright's cryptocurrency holdings and any assignments thereof during the last 13 years as requested is the epitome of harassment, especially given the Request's lack of relevance to Plaintiffs' claims.

In addition, by including in their definition of "You" any corporation, partnership, joint venture, trust, etc. in which Dr. Wright is a manager, director, officer, trustee, or beneficiary of, as it relates to this Request, Plaintiffs seek to improperly obtain discovery from non-parties and appear

to treat any such entities that have any connection to Dr. Wright as a party to this litigation, when Plaintiffs have not sued them; rather the only Defendant in this case is Dr. Wright personally.

Further by seeking information about to whom Dr. Wright assigned any cryptocurrency, Plaintiffs improperly seek private financial information of non-parties, who have no relation whatever to the claims in the SAC.

Dr. Wright also objects to the Request because it demands personal and financial information of himself and others without the protections of a confidentiality order.

Dr. Wright will search for documents and communications that relate to any assignment of the rights to cryptocurrency that refer or relate to David Kleiman (or any trust in which he was a trustee or beneficiary) and W&K Info Defense Research, LLC ("*WKID*").

The Parties have met and conferred on this topic and expect that the objection will be resolved at the discovery conference on February 20, 2019.

## Request 3

All documents or communications that provide and/or estimate the value of your intellectual property holdings. This includes, but is not limited to, loan applications, financial statements, tax returns, life insurance applications, financing agreements, sale papers, assignment contracts, etc.

## Response to Request No. 3

Dr. Wright objects to this highly personal, harassing and invasive Request as irrelevant. As Plaintiffs have yet to establish liability they are not entitled to enforcement discovery. In seeking to determine the depths of Dr. Wright's pockets, Plaintiffs are placing the cart before the horse. No jury has returned a verdict for the Plaintiffs. There simply is no basis for such an invasive financial disclosure (or any financial disclosure for that matter) at this stage in the case. Indeed, the value of Dr. Wright's intellectual property holdings from 2006 through the present has no relation whatsoever to Plaintiffs' claims that Dave Kleiman and Dr. Wright were business partners or that

Dr. Wright stole any intellectual property from Dave Kleiman. Indeed, any claim of alleged conversion or theft of stolen intellectual property from David Kleiman can only possibly relate to intellectual property created before David Kleiman's death on April 26, 2013, thus the value of Dr. Wright intellectual holdings for any intellectual property created after David Kleiman's death is irrelevant.

Dr. Wright further objects to this request as harassing, oppressive, and not proportional to the needs of the case. A deep dive into Dr. Wright's intellectual property holdings and any assignments thereof during the last 13 years as requested is the epitome of harassment, especially given the Request's lack of relevance to Plaintiffs' claims. However, Plaintiffs go even further than a deep dive into Dr. Wright's intellectual property holdings with this Request; they seek to delve and probe into all of Dr. Wright's personal and corporate assets through their definition of "You" as well as through their statement that the Request includes "loan applications, financial statements, tax returns, life insurance applications, financial agreements, sale papers, assignment contracts, etc." Such a fishing expedition is not permissible.

In addition, by including in their definition of "You" any corporation, partnership, joint venture, trust, etc. in which Dr. Wright is a manager, director, officer, trustee, or beneficiary of, as it relates to this Request, Plaintiffs seek to improperly obtain discovery from non-parties and appear to treat any such entities that have any connection to Dr. Wright as a party to this litigation, when Plaintiffs have not sued them (despite having had two bites at the apple by amending their complaint twice); rather the only Defendant in this case is Dr. Wright as an individual.

Dr. Wright also objects to the Request because it demands personal and financial information, and potential trade secrets without the protections of a confidentiality order.

Dr. Wright, however, will search for documents and communications that provide and/or estimate of the value of any intellectual property related to David Kleiman to the extent that any

such responsive documents exist, and are in Dr. Wright's personal possession, custody or control.

The Parties have met and conferred on this topic and expect that the objection will be resolved at the discovery conference on February 20, 2019.

## Request 4

All documents and communications related to any assignment of the rights to Intellectual Property that was assigned or sold by you between January 1, 2008 and the present.

## Response to Request No. 4

Dr. Wright objects to this harassing and invasive Request as irrelevant. This is an improper attempt to obtain enforcement and asset tracing discovery without a determination on liability. In seeking to determine to whom Dr. Wright has assigned rights in any of his intellectual property, Plaintiffs are placing the cart before the horse. No jury has returned a verdict for the Plaintiffs. There simply is no basis for such an invasive disclosure at this stage in the case. Indeed, any assignment of Dr. Wright's intellectual property holdings from 2006 through the present has no relation whatsoever to Plaintiffs' claims that Dave Kleiman and Dr. Wright were allegedly business partners, that Dr. Wright allegedly stole any intellectual property from Dave Kleiman, or that Dr. Wright allegedly defrauded Ira Kleiman as representative of the estate of Dave Kleiman. Indeed, any claim of alleged conversion or theft of stolen intellectual property from David Kleiman can only possibly relate to intellectual property created before David Kleiman's death on April 26, 2013.

Dr. Wright further objects to this request as harassing, oppressive, and not proportional to the needs of the case. A deep dive into Dr. Wright's intellectual property holdings during the last 13 years as requested is the epitome of harassment, especially given the Request's lack of relevance to Plaintiffs' claims.

In addition, by including in their definition of "You" any corporation, partnership, joint venture, trust, etc. in which Dr. Wright is a manager, director, officer, trustee, or beneficiary of, as

it relates to this Request, Plaintiffs seek to improperly obtain discovery from non-parties and appear to treat any such entities that have any connection to Dr. Wright as a party to this litigation, when Plaintiffs have not sued them; rather the only Defendant in this case is Dr. Wright personally.

Further by seeking information about to whom Dr. Wright assigned any intellectual property rights, Plaintiffs improperly seek private financial information, and potentially trade secrets of non-parties, who have no relation whatever to the claims in the SAC.

Dr. Wright also objects to the Request because it demands personal and financial information of himself and others, and potentially trade secrets without the protections of a confidentiality order.

Dr. Wright will search for documents and communications that relate to any assignment of the rights to intellectual property that refer or relate to David Kleiman (or any trust in which he was a trustee or beneficiary) and WKID.

The Parties have met and conferred on this topic and expect that the objection will be resolved at the discovery conference on February 20, 2019.

**Request 5**

A copy of the "2 million lines of code" from 2010 that you reference in your April 23, 2014 email to Ira Kleiman. (*See* D.E. 83-24 at 3).

**Response to Request No. 5**

Dr. Wright notes that this Request seeks code that was created nearly a decade ago, was referenced in an email nearly four years before Plaintiffs sued and for which the analysis was provided to Plaintiffs nearly four years ago. Such material is not routinely maintained. Dr. Wright cannot state material responsive to this Request still exists. Dr. Wright will, however, make a good faith effort to search for responsive material in his personal possession, custody, or control.

**Request 6**

A copy of the "6 million lines of code" that you referred to in your April 23, 2014 email to Ira Kleiman. (*See* D.E. 83-24 at 3).

**Response to Request No. 6**

Dr. Wright notes that this Request seeks code that was created nearly a decade ago, was referenced in an email nearly four years before Plaintiffs sued and for which the analysis was provided to Plaintiffs nearly four years ago. Such material is not routinely maintained. Dr. Wright cannot state material responsive to this Request still exists. Dr. Wright will, however, make a good faith effort to search for responsive material in his personal possession, custody, or control.

**Request 7**

A copy of all software and code used by the US Military, DHS, and other associated parties mentioned at paragraph 13 of the 25 July 2013 Statement of Claim filed in the NSW Supreme Court, Case Number 2013/225983 ("Statement of Claim #1") (D.E. 83-11 at 10).

**Response to Request No. 7**

Dr. Wright notes that this Request seeks software and code that was created from nearly a decade ago to at the latest nearly six years ago, was referenced in an affidavit submitted to a foreign court in support of a lawsuit that was resolved more than five years ago. Such material is not routinely maintained for such a lengthy period of time. Dr. Wright cannot state material responsive to this Request still exists. Dr. Wright will, however, make a good faith effort to search for responsive material in his personal possession, custody, or control.

**Request 8**

A copy of the 27 October 2008 contract referred to in paragraph 3 of Statement of Claim #1.

**<u>Response to Request No. 8</u>**

Dr. Wright notes that this Request seeks a contract from more than ten years ago that was referenced in a suit that was resolved more than five years ago and that Plaintiffs were aware of nearly four years ago. Such material is not routinely maintained for such a lengthy period of time. Dr. Wright cannot state material responsive to this Request still exists. Dr. Wright will search for responsive material in his personal possession, custody, or control.

**<u>Request 9</u>**

All communications and documents related to:

    a.   BAA 11-02-TTA 01-0127-WP: TTA 01 – Software Assurance: Software Assurance through Economic Measures;

    b.   BAA 11-02-TTA 05-0155-WP: TTA 05 – Secure, Resilient Systems and Networks

    c.   BAA 11-02-TTA 09-0049-WP: TTA 09 – Cyber Economics

    d.   BAA 11-02-TTA 14-0025-WP: TTA 14 – Software Assurance MarketPlace (SWAMP)

**<u>Response to Request No. 9</u>**

Dr. Wright notes that this Request seeks communications and documents related to proposals submitted to DHS nearly a decade ago, and some information was included as exhibits to an affidavit in a suit in a foreign court that was resolved more than five years ago. Such material is not routinely maintained for such a lengthy period of time. Dr. Wright cannot state material responsive to this Request still exists. Dr. Wright will search (with the use of search terms) for responsive material in his personal possession, custody, or control.

**<u>Request 10</u>**

All documents and communications related to the Au $20,000,000.00 bond mentioned in paragraph 11 of Statement of Claim #1.

**Response to Request No. 10**

    Dr. Wright will search for responsive material in his personal possession, custody, or control.

**Request 11**

    All documents and communications related to "the projects for the development of software started in 2009 under a company names Integyrs Pty Ltd" referenced in paragraph 27 of the Affidavit of Craig S Wright – 31st Oct 2013 filed in NSW Supreme Court Case number 2013/225983 & 2013/245661 ("10/31/13 CSW Affidavit," D.E. 83-4 at 3).

**Response to Request No. 11**

    Dr. Wright notes that this Request seeks documents and communications from a decade ago related to the development of software conducted by a company, Integrys Pty. Ltd. ("***Integrys***"), in which neither Dave Kleiman nor WKID had any interest, and that was referenced in an affidavit submitted in a foreign court in connection with a case that was resolved more than five years ago. Such material is not routinely maintained. Dr. Wright cannot state material responsive to this Request still exists. Dr. Wright will search for responsive material to the extent that it relates to or references Dave Kleiman or WKID in his personal possession, custody, or control.

**Request 12**

    All documents and communications related to the development of software that was "extended considerably in the period between 2011-2013" referenced in paragraph 28 of the 10/31/13 CSW Affidavit

**Response to Request No. 12**

    Dr. Wright will search for responsive material in his personal possession, custody, or control.

**Request 13**

    All documents and communications related to the software products referenced in paragraph C of the intellectual properly license funding agreement attached as exhibit 10 to the second amended

13

complaint (D.E. 83-10 at 3).

**Response to Request No. 13**

Dr. Wright will search for responsive material in his personal possession, custody, or control.

**Request 14**

All documents and communications related to the "arrangement with a large multi-national form [sic] for the export of software and mathematical algorithms" referenced in paragraph 1a of Appendix N to the 10/31/13 CSW Affidavit ("Appendix N").

**Response to Request No. 14**

Dr. Wright notes that this Request seeks documents and communications related to an arrangement that was entered into approximately a decade ago by Integyrs, a company in which neither Dave Kleiman nor WKID had any interest. Such material is both irrelevant and not routinely maintained.

**Request 15**

All documents and communications related to the "research" referenced in paragraph 1e of Appendix N.

**Response to Request No. 15**

Dr. Wright notes that this Request seeks documents and communications from research that was conducted nearly a decade ago and was referenced in a response to a request from the Australian Tax Office ("*ATO*") apparently related to Integyrs' tax return from 2010. Notably, Integyrs is a company that in which neither Dave Kleiman nor WKID had any interest. Such material is not routinely maintained for this length of time. Dr. Wright cannot state material responsive to this Request still exists. Dr. Wright will search for responsive material in his personal possession, custody, or control to the extent that it relates to or references Dave Kleiman or WKID.

**Request 16**

A true and correct copy of the "request by the ATO, ref. 1011685995901" referenced in Appendix N, and all communications and documents related to the request.

**Response to Request No. 16**

Dr. Wright objects to this Request as irrelevant. An ATO request involving a company in which neither Dave Kleiman nor WKID had any interest] lacks any relation to the claims alleged in the SAC. Moreover, this Request seek private corporate information of a non-party without the protections of a Confidentiality Order.

**Request 17**

All communications and documents related to the published malware papers and processes (peer reviewed) and published statistical libraries referenced in Appendix N.

**Response to Request No. 17**

Dr. Wright objects to this Request as being irrelevant. The claims in the SAC, in relevant part, relate to allegedly converted and stolen intellectual property from Dave Kleiman and WKID. It is axiomatic that intellectual property that was published was already in the public domain, and therefore could not have been converted or stolen. Moreover, there is not a single allegation that Dave Kleiman ever made such a complaint.

**Request 18**

A true and correct copy of the "disk" referred to throughout Appendix N.

**Response to Request No. 18**

Dr. Wright objects to this request to the extent that it seeks information irrelevant to the claims in the SAC. For example, the loans referenced as being on the disk do not relate to Dave Kleiman or WKID, and therefore, have no bearing whatever on Plaintiffs' allegations. Further, the assets, liabilities, and bank statements of Integrys, a company in which neither Dave Kleiman nor WKID

had any interest, also bear no relation to Plaintiffs' allegations.

Dr. Wright notes that this Request seeks a copy of a disk that was provided to the ATO in relation to its request into Integyrs' tax return from 2010, nearly a decade ago. Such material is not routinely maintained for this length of time, and Dr. Wright cannot state that the disk still exists. Dr. Wright, however, will make a good faith effort to search for a copy of the "disk" referred to throughout Appendix N in his personal, custody, and control, and produce any material relevant to the claims or defenses in the SAC that may be contained on it.

**Request 19**

A true and correct copy of the "contract – copy on disk" referenced in Appendix N.

**Response to Request No. 19**

Dr. Wright objects to this Request as being duplicative of Request No. 18. Dr. Wright notes that this Request seeks a copy of a disk that was provided to the ATO in relation to its request into Integyrs' tax return from 2010, nearly a decade ago. Such material is not routinely maintained for this length of time, and Dr. Wight cannot state that the disk still exists. Dr. Wright will, however, make a good faith effort to search for a copy of the "contract – copy on disk" referenced in Appendix N.

**Request 20**

True and correct copies of the "2010 income tax return," "invoices – see disk," "payments – see disk," "loans – see disk," referenced in Appendix N.

**Response to Request No. 20**

Dr. Wright objects to this Request as being duplicative of Request No. 18. Moreover, Dr. Wright objects to this request to the extent that it seeks information irrelevant to the claims in the SAC. The 2010 income tax return of Integyrs, a company in which neither Dave Kleiman nor WKID had any interest and invoices and payments in support of that tax return have no bearing

on Plaintiffs' allegations in the SAC. Further, the loans referenced do not relate to Dave Kleiman or WKID, and therefore, have no bearing on Plaintiffs' allegations in the SAC.

**Request 21**

A true and correct copy of the "loan contracts" for the "Loan from Lynn Wright," "Loan from Craig Wright," "Other Loans (Visa and sundry expenses)" that are referenced in Appendix N.

**Response to Request No. 21**

Dr. Wright objects to this Request as being duplicative of Request No. 18. Further, the loans referenced do not relate to Dave Kleiman or WKID, and therefore, are irrelevant to Plaintiffs' allegations in the SAC.

**Request 22**

A true and correct copy of the "MYOB File on disk" referenced in Appendix N.

**Response to Request No. 22**

Dr. Wright objects to this Request as being duplicative of Request No. 18. Further, the assets, liabilities, and bank statements of Integrys, a company in which neither Dave Kleiman nor WKID had any interest, bear no relation to Plaintiffs' allegations in the SAC, and are thus, irrelevant.

**Request 23**

A true and correct copy of all "contracts created by Mitche Shehadie and Co." referenced in Appendix N.

**Response to Request No. 23**

Dr. Wright objects to this Request as being duplicative of Request No. 18. Dr. Wright also objects to this request as being irrelevant; contracts related to intellectual property sold by Craig Wright to Integyrs in or before 2010, at least three years before Dave Kleiman died, has no relevance to Plaintiffs' claims in the SAC that Craig Wright allegedly stole and converted intellectual property from Dave Kleiman. Indeed, there is not a single allegation that Dave Kleiman made any such

complaint.

**Request 24**

A true and correct copy of the "schedule as what IP was transferred" referenced in Appendix N.

**Response to Request No. 24**

Dr. Wright objects to this Request as being duplicative of Request No. 18. Dr. Wright also objects to this request as being irrelevant; contracts related to intellectual property sold by Craig Wright to Integyrs Pty Ltd in or before 2010, at least three years before Dave Kleiman died, has no relevance to Plaintiffs' claims in the SAC that Craig Wright allegedly stole and converted intellectual property from Dave Kleiman. Indeed, there is not a single allegation that Dave Kleiman made any such complaint.

**Request 25**

A true and correct copy of the "spreadsheet" with the "breakdowns of loans by Lynn Wright" referenced in Appendix N.

**Response to Request No. 25**

Dr. Wright objects to this Request as irrelevant. Based on the face of Appendix N, the loans made by Lynn Wright to Integrys were made before July 1, 2009 for Dr. Wright's attendance at conferences and to pay loans for legal costs; they have nothing to do with Dave Kleiman or WKID. For these reasons, they have no relevance to Plaintiffs' claims in the SAC.

**Request 26**

A true and correct copy of the DeMorgan Pty Ltd contract for $105,000 referenced in Appendix N.

**Response to Request No. 26**

Dr. Wright objects to this Request as irrelevant. It is clear from the face of Appendix N that

the DeMorgan Pty Ltd contract was for the purchase and transfer of intellectual property into Integyrs. As such, it has no relevance to any of Plaintiffs' claims in the SAC; in particular, Plaintiffs allege that Dr. Wright converted and stole intellectual property from Dave Kleiman and WKID, not from Integrys.

**Request 27**

A true and correct copy of the supplier agreements referenced in Appendix N.

**Response to Request No. 27**

Dr. Wright objects to this Request as irrelevant. It is clear from the face of Appendix N that the supplier agreements related to the sale of intellectual property by Dr. Wright to Integyrs on or about June 30, 2009 and intellectual property transferred to Integyrs through the liquidation of DeMorgan Information Security Systems Pty Ltd. As such these documents have no relation to Plaintiffs' claims in the SAC that Dr. Wright allegedly converted and stole intellectual property from Dave Kleiman and WKID.

**Request 28**

A true and correct copy of the bank statements referenced in Appendix N.

**Response to Request No. 28**

Dr. Wright objects to this Request as irrelevant. The bank statements of Integyrs (in fact, apparently a single bank statement) from an unspecified date, but presumably 2009 or 2010, bear no relationship to the claims alleged in the SAC as that document has nothing to do with Dave Kleiman of WKID.

**Request 29**

All communications and documents related to the ATO "audit and review" of Integyrs referenced in Appendix N.

**Response to Request No. 29**

Dr. Wright objects to this request as being duplicative of Request No. 16. Dr. Wright objects to this Request as irrelevant. An ATO request involving a company in which neither Dave Kleiman nor WKID had any interest lacks any relation to the claims alleged in the SAC. Moreover, this Request seek private corporate information of a non-party without the protections of a Confidentiality Order.

**Request 30**

All documents related to the assertion that W&K Info Defense LLC "is the owner of and conducts the business known as Bitcoin mining and software development / Research" made in the contract attached as Appendix A to the November 4, 2013 sworn affidavit of Craig Wright filed in NSW Supreme Court Case number 2013/225983 & 2013/24566 ("Sworn Appendix A," attached hereto as Exhibit 1).

**Response to Request No. 30**

Dr. Wright objects to this Request as it is based on an incomplete document that is missing a page. Dr. Wright will, however, search for (with the use of search terms) responsive material in his personal possession, custody, or control.

**Request 31**

All documents and communications related to the "escrow" referenced in paragraph 2(b) of Sworn Appendix A.

**Response to Request No. 31**

Dr. Wright objects to this Request as it is based on an incomplete document that is missing a page. Dr. Wright will, however, search for (with the use of search terms) responsive material in his personal possession, custody, or control.

**Request 32**

All documents and communications related to the "the ASIC [*sic*] mining hardware hosted at a site known to Mr [sic] Kleiman" that had "a nominal value of $8,828,571.29 before depreciation" referenced in paragraph 8(e) of Sworn Appendix A.

**Response to Request No. 32**

Dr. Wright objects to this Request as it is based on an incomplete document that is missing a page. Dr. Wright will, however, search for (with the use of search terms) responsive material in his personal possession, custody, or control.

**Request 33**

All documents and communications related to the "Agent and Merkele Tree problems developed by Professor David Reese referenced in paragraph 8(f) of Sworn Appendix A.

**Response to Request No. 33**

Dr. Wright objects to this Request as it is based on an incomplete document that is missing a page. Dr. Wright will, however, search for (with the use of search terms) responsive material in his personal possession, custody, or control.

**Request 34**

All documents and communications related to the "Bitcoin software and suit of C/C++/C# and Python Blockchain software source codes" referenced in paragraph 8(g) of Sworn Appendix A.

**Response to Request No. 34**

Dr. Wright objects to this Request as it is based on an incomplete document that is missing a page. Dr. Wright will, however, search for (with the use of search terms) responsive material in his personal possession, custody, or control.

**Request 35**

All documents and communications that comprise the "software, research material and

other aspects of the business" referred to in Sworn Appendix A.

**Response to Request No. 35**

Dr. Wright objects to this Request as it is based on an incomplete document that is missing a page. Dr. Wright will, however, search for responsive material in his personal possession, custody, or control.

**Request 36**

All decisions, letters, communications, and documents issued by the Australian Taxation Office ("ATO") in regard to Craig Wright, Lynn Wright, Ramona Watts, David Kleiman, Ira Kleiman, Louis Kleiman, DeMorgan Ltd, Coin-Exch Pty. Ltd, Hotwire Preemptive Intelligence Pty Ltd, Cloudcroft Pty Ltd, Craig Wright R&D, W&K Information Defense Research LLC, any Person with "W&K" in its name, Design by Human Ltd, Panopticrypt Pty Ltd, Denariuz SG, Tulip Trading Ltd., any Seychelles Trust, the Wright Family Trust, MT Gox, Silk Road, and Liberty Reserve.

**Response to Request No. 36**

Dr. Wright objects to this Request as seeking documents not within his personal possession, custody or control. Dr. Wright also objects to this Request to the extent that it seeks information utterly devoid of any relevance to the claims in the SAC. There is no relevance to these harassing and invasive requests in relation to Craig Wright's interactions with the ATO; they have nothing to do with Plaintiffs' claims that Dr. Wright converted or stole bitcoin and intellectual property from Dave Kleiman or WKID. Also, without relevance, but even more offensive, is the harassing, oppressive and invasive nature of requests for information regarding non-parties' interactions with the ATO, including Dr. Wright's former and current wives (Lynn Wright and Ramona Watts). Notably, Plaintiffs have amended their complaint twice, but did not name one of these individuals or entities as a defendant; as such this Request improperly seeks to treat non-parties as if they were parties to this litigation. Dr. Wright also objects to this Request to the extent that it seeks private

financial information about himself and, even more importantly non-parties, without the benefit of a Confidentiality Order.

Dr. Wright, however, will search for (with the use of search terms) decisions, letters, communications, and documents issued by the ATO that reference David Kleiman (or any trust in which David Kleiman had any involvement either as beneficiary or trustee), Ira Kleiman, Louis Kleiman, Coin-Exch Pty. Ltd., or WKID in his personal possession, custody or control from 2006 through December 2017 (eight months after Coin-Exch was put in liquidation by the Deputy Commissioner of Taxation).

The Parties have met and conferred on this topic and expect that the objection will be resolved, in large part, if not entirely, at the discovery conference on February 20, 2019.

**Request 37**

All documents and communications, submitted to the ATO in regard to Craig Wright, Lynn Wright, Ramona Watts, David Kleiman, Ira Kleiman, Louis Kleiman, DeMorgan Ltd, Coin-Exch Pty. Ltd, Hotwire Preemptive Intelligence Pty Ltd, Cloudcroft Pty Ltd, Craig Wright R&D, W&K Information Defense Research LLC, any Person with "W&K" in its name, Design by Human Ltd., Panopticrypt Pty Ltd, Denariuz SG, Tulip Trading Ltd., any Seychelles Trust, the Wright Family Trust, MT Gox, Silk Road, and Liberty Reserve, from January 2012 to the present.

**Response to Request No. 37**

Dr. Wright objects to this Request as seeking documents not within his personal possession, custody or control. Dr. Wright also objects to this Request to the extent that it seeks information utterly devoid of any relevance to the claims in the SAC. There is no relevance to these harassing and invasive requests in relation to Craig Wright's interactions with the ATO; they have nothing to do with Plaintiffs' claims that Dr. Wright converted or stole bitcoin and intellectual property from Dave Kleiman or WKID. Also, without relevance, but even more offensive, is the harassing,

oppressive and invasiveness of requests for information regarding non-parties' interactions with the

ATO, including Dr. Wright's former and current wives (Lynn Wright and Ramona Watts). Notably,

Plaintiffs have amended their complaint twice, but did not name one of these individuals or entities

as a defendant; as such this Request improperly seeks to treat non-parties as if they were parties to

this litigation. Dr. Wright also objects to this Request to the extent that it seeks private financial

information about himself and, even more importantly non-parties, without the benefit of a

Confidentiality Order.

Dr. Wright, however, will search for (with the use of search terms) documents and

communications submitted to the ATO that reference or relate David Kleiman (or any trust in which

David Kleiman had any involvement either as beneficiary or trustee), Ira Kleiman, Louis Kleiman,

Coin-Exch Pty. Ltd., or WKID in his personal possession, custody or control from 2006 through

December 2017 (eight months after Coin-Exch was put in liquidation by the Deputy Commissioner

of Taxation).

The Parties have met and conferred on this topic and expect that the objection will be

resolved, in large part, if not entirely, at the discovery conference on February 20, 2019.

**Request 38**

A true and correct copy of the "record of client contact" documenting a February 26,

2014 meeting that took place in interview room 1, ATO Parramatta Office 2-12 Macquarie Street,

Parramatta NSW 2150 beginning at approximately 1:00pm and ending at approximately 2:50PM,

and any other record or document memorializing or recording this meeting.

**Response to Request No. 38**

Dr. Wright will search (with the use of search terms) for responsive material in his personal

possession, custody, or control.

**Request 39**

A true and correct copy of the "Transcript of Proceedings" created by Auscript Australiasia PTY Limited that records a meeting between Craig Wright, John Chester, Andrew Sommer, Des McMaster, Marina Folevski, and Hoa Doa that took place in Sydney on February 18, 2014.

**Response to Request No. 39**

Dr. Wright will search (with the use of search terms) for responsive material in his personal possession, custody, or control.

**Request 40**

All documents that in anyway make a record of, a conversation, meeting, or other verbal exchange among Craig Wright and/or his agent(s) and the ATO which took place from January 2010 until the present.

**Response to Request No. 40**

Dr. Wright objects to this Request as seeking documents protected under the attorney-client privilege, work product privilege, and client-accountant privilege. Dr. Wright also objects to this Request as irrelevant and not proportional to the needs of the case. Dr. Wright and various companies with which was affiliated had numerous interactions with the ATO over the course of the nearly decade for which this Request covers; however, the vast majority of those interactions have nothing to do with the claims alleged in the SAC or the affirmative defenses raised by Dr. Wright and are therefore irrelevant. It is axiomatic, that such a broad request that lacks relevance to the claims and defenses at issue is not proportional to the needs of the case.

Dr. Wright, however, will search for (with the use of search terms) non-privileged documents that make record of a conversation, meeting, or other verbal exchange among Craig Wright and/or his agent(s) and the ATO from January 2010 through December 2017 (eight months

after Coin-Exch was put in liquidation by the Deputy Commissioner of Taxation) that reference David Kleiman (or any trust in which David Kleiman had any involvement either as beneficiary or trustee), Ira Kleiman, Louis Kleiman, Coin-Exch, or WKID in his personal possession, custody or control.

The Parties have met and conferred on this topic and expect that the objection will be resolved, in large part, or entirely, at the discovery conference on February 20, 2019.

**Request 41**

All documents that in anyway make a record of, a conversation, meeting, or other verbal exchange, which took place at any time between January 2010 until the present, among or between the ATO and any of the following (or their agents): Craig Wright, Lynn Wright, Ramona Watts, David Kleiman, Ira Kleiman, Louis Kleiman, DeMorgan Ltd, Coin-Exch Pty. Ltd, Hotwire Preemptive Intelligence Pty Ltd, Cloudcroft Pty Ltd, Craig Wright R&D, W&K Information Defense Research LLC., any Person with "W&K" in its name, Design by Human Ltd., Panopticrypt Pty Ltd, Denariuz SG, Wright Family Trust, Tulip Trading Ltd., any Seychelles Trust, and Silk Road.

**Response to Request No. 41**

Dr. Wright also objects to this Request as seeking documents within his personal possession, custody or control. Dr. Wright also objects to this Request to the extent that it seeks information utterly devoid of any relevance to the claims in the SAC. There is no relevance to these harassing and invasive requests; they have nothing to do with Plaintiffs' claims that Dr. Wright converted or stole bitcoin and intellectual property from Dave Kleiman or WKID. Also, without relevance, but even more offensive, is the harassing, oppressive and invasiveness of requests for information regarding non-parties' interactions (as well as those of their agents) with the ATO, including Dr. Wright's former and current wives (Lynn Wright and Ramona Watts). Notably, Plaintiffs have

amended their complaint twice, but did not name one of these individuals or entities as a defendant; as such this Request improperly seeks to treat non-parties as if they were parties to this litigation. Dr. Wright also objects to this Request to the extent that it seeks private financial information about himself and, even more importantly non-parties, without the benefit of a Confidentiality Order.

Dr. Wright objects to this Request to the extent it is duplicative of Request No. 41 and incorporates his response to that request as fully stated here. Dr. Wright, however, will search for (with the use of search terms) non-privileged documents that make record of a conversation, meeting, or other verbal exchange with the ATO from January 2010 through December 2017 (eight months after Coin-Exch was put in liquidation by the Deputy Commissioner of Taxation) that reference David Kleiman (or any trust in which David Kleiman had any involvement either as beneficiary or trustee), Ira Kleiman, Louis Kleiman, Coin-Exch, or WKID in his personal possession, custody or control.

The Parties have met and conferred on this topic and expect that the objection will be resolved, in large part, or entirely, at the discovery conference on February 20, 2019.

**Request 42**

All communications and documents related to the Australian Taxation Office ("ATO") investigation referenced in the Second Amended Complaint. (D.E. 83 ¶¶ 117- 43).

**Response to Request No. 42**

Dr. Wright objects to this Request because the paragraphs referenced only discuss in the ATO in relation to communications between the ATO and Ira Kleiman to which Dr. Wright was not a party and does not include a specific reference number. He has no possible way of knowing of which specific ATO investigation was referenced in conversations in which he took no part. Dr. Wright also objects to this Request to the extent that it seeks documents and communications protected under the attorney-client privilege, work product privilege, and client-accountant

privilege.

Dr. Wright will, as stated, search for (with the use of search terms) non-privileged communications and documents that make record of a conversation, meeting, or other verbal exchange with the ATO from January 2010 through December 2017 (eight months after Coin-Exch was put in liquidation by the Deputy Commissioner of Taxation) that reference David Kleiman (or any trust in which David Kleiman had any involvement either as beneficiary or trustee), Ira Kleiman, Louis Kleiman, Coin-Exch, or WKID in his personal possession, custody or control.

The Parties have met and conferred on this topic and expect that the objection will be resolved, in large part, or entirely, at the discovery conference on February 20, 2019.

**Request 43**

All documents and communications received from, or submitted to, the ATO in connection with the investigation that resulted in the ATO's issuance of the June 22, 2015 "completion of audit" letter with an "our reference" of 1-526DVU8. (D.E. 83-18).

**Response to Request No. 43**

Dr. Wright will search (with the use of search terms) for responsive material in his personal possession, custody, or control.

**Request 44**

All communications, documents, and agreements concerning any projects developed for, submitted to, or commissioned by the U.S. Department of Homeland Security that Dave, you, W&K Info Defense Research, LLC, your Agents, or Persons controlled by you were involved in.

**Response to Request No. 44**

Dr. Wright objects to this Request as overly broad in that any projects that Craig Wright developed for the U.S. Department of Homeland Security on his own or with a company unaffiliate with Dave Kleiman or WKID has no relevance to Plaintiffs' claims in the SAC that Dr. Wright stole

or converted intellectual property from Dave Kleiman or WKID. Further, through this Request and the inclusion of the definition of "you", "Agents", or "Persons" as defined in the Definitions, Plaintiffs seek to improperly obtain discovery from non-parties and appear to treat any such entities that have any connection to Dr. Wright as a party to this litigation, when Plaintiffs have not sued them (despite having had two bites at the apple by amending their complaint twice); rather the only Defendant in this case is Dr. Wright as an individual.

Dr. Wright will search for communications, documents, and agreements concerning projects developed for, submitted to, or commissioned by the U.S. Department of Homeland Security that Dave or WKID were involved in, in his personal possession, custody or control.

The Parties have met and conferred on this topic and expect that the objection will be resolved at the discovery conference on February 20, 2019.

**Request 45**

All communications related to Bitcoin, cryptocurrency, cryptocurrency mining, Dave Kleiman, Ira Kleiman, Louis Kleiman, Satoshi Nakamoto, Uyen Nguyen, DeMorgan Ltd, Coin-Exch Pty. Ltd, Hotwire Preemptive Intelligence Pty Ltd, Cloudcroft Pty Ltd, Craig Wright R&D, W&K Information Defense Research LLC, any Person with "W&K" in its name, Wright Family Trust, Design by Human Ltd., Panopticrypt Pty Ltd, Denariuz SG, Tulip Trading Ltd., any Seychelles Trust, any Trust, Liberty Reserve, MT Gox, Silk Road, and the ATO – between you, your Agents, or any Person controlled by you, and:

      a.  Hal Finney
      b.  Wei Dai
      c.  Lynn Wright
      d.  Ramona Watts
      e.  Jimmy Nguyen
      f.  Calvin Ayre
      g.  Roger Ver
      h.  Robert MacGregor
      i.  Stefan Matthews
      j.  Gavin Andresen

k.  Mike Hearn
l.  Uyen Nguyen
m.  Dave Kleiman
n.  Michele Seven
o.  Patrick Page
p.  Carter Conrad
q.  Any person at Computer Forensics LLC
r.  Any person at the Global Institute for Cyber Security Research ("GISCR")
s.  Deborah Kobza
t.  Ross Ulbricht (any communications with "Dread Pirate Roberts" should be included)
u.  Shyaam Sundhar
v.  Andrew O'Hagan
w.  John Chester
x.  Jamie Wilson

## Request to Request No. 45

Dr. Wright objects to this Request as seeking documents protected under the attorney-client privilege, work product privilege, and spousal privilege.

Dr. Wright also objects to this Request as overly broad. First, by including in their definition of "You" any corporation, partnership, joint venture, trust, etc. in which Dr. Wright is a manager, director, officer, trustee, or beneficiary of, as it relates to this Request, Plaintiffs seek to improperly obtain discovery from non-parties and appear to treat any such entities that have any connection to Dr. Wright as a party to this litigation, when Plaintiffs have not sued them (despite having had two bites at the apple by amending their complaint twice); rather the only Defendant in this case is Dr. Wright as an individual.

Second, as repeatedly stated, this is a case simply about Plaintiffs' allegations that Dr. Wright converted and stole bitcoin and intellectual property from Dave Kleiman and WKID after Dave Kleiman's untimely death. Therefore, all communications regarding 26 separate topics only 6 of which have a direct connection to the Plaintiffs and their claims, is overly broad.

Further, one of Dr. Wright's primary research focuses since 2006 has been related to Bitcoin, cryptocurrency, cryptocurrency mining. Thus, without any tailoring of these topics to the specific

claims made by Plaintiffs is overly broad and not proportional to the needs of the case. The burden and expense of producing every single communication related to Dr. Wright's research focus for the last thirteen years will result in the review and production of potentially terabytes of potentially responsive material, which, particularly given the Court's discovery cut-off of June 10, 2019, will be impossible to accomplish.

Dr. Wright will search for (with the use of search terms) communications related to or referencing Dave Kleiman, Ira Kleiman, Louis Kleiman, Coin-Exch, WKID, any Person with "W&K" in its name, and any trust to which Dave Kleiman was a beneficiary or trustee in Dr. Wright's personal possession, custody or control.

The Parties have met and conferred on this topic and expect that the objection will be resolved at the discovery conference on February 20, 2019.

## Request 46

All communications and documents that support your assertion "that other companies in other countries that also contained W&K in their names were in existence prior to 2011." (See D.E. 80 ¶ 129).

## Response to Request No. 46

Dr. Wright objects to this Request to the extent that it seeks documents protected under the attorney-client privilege or work product privilege. Dr. Wright will search for (with the use of search terms) communications and documents that relate to companies that contained W&K in their names in his personal possession, custody, or control.

## Request 47

All communications and documents between you and Joseph Karp.

## Response: to Request No. 47

By including in their definition of "You" any corporation, partnership, joint venture, trust, etc.

in which Dr. Wright is a manager, director, officer, trustee, or beneficiary of, as it relates to this Request, Plaintiffs seek to improperly obtain discovery from non-parties and appear to treat any such entities that have any connection to Dr. Wright as a party to this litigation, when Plaintiffs have not sued them (despite having had two bites at the apple by amending their complaint twice); rather the only Defendant in this case is Dr. Wright as an individual.

Dr. Wright will search for (with the use of search terms) documents responsive to this request in his personal possession, custody or control.

**Request 48**

All communications and documents referencing, directly or indirectly, Dave Kleiman, including reference by any nicknames, abbreviations, or pronouns.

**Response to Request No. 48**

During a meet and confer on February 15, 2019, Plaintiffs' counsel clarified that what they mean by indirectly is that if the document does not specifically refer to Dave Kleiman, but it can be inferred from the context that is the individual referred to..

Dr. Wright will search for (with the use of search terms) for communications and documents referencing Dave Kleiman, including reference by any nicknames or abbreviations in his personal possession, custody or control.

**Request 49**

All communications and documents referencing, directly or indirectly, Ira Kleiman, including reference by any nicknames, abbreviations, or pronouns.

**Response to Request No. 49**

During a meet and confer on February 15, 2019, Plaintiffs' counsel clarified that what they mean by indirectly is that if the document does not specifically refer to Ira Kleiman, but it can be inferred from the context that is the individual referred to.Dr. Wright will search for (with the use of

search terms) for communications and documents referencing Ira Kleiman, including reference by any nicknames or abbreviations in his personal possession, custody or control.

**Request 50**

All communications and documents referencing, directly or indirectly, W&K Info Defense Research, LLC including reference by any nicknames, abbreviations, or pronouns.

**Response to Request No. 50**

Dr. Wright objects to this Request as being duplicative of Request No. 5 in the First Request for Production, to which Dr. Wright agreed to search for communications, documents and agreements relating to WKID, from 2006 through February 14, 2018 (or potentially 30 days thereafter, but Plaintiffs refused to accept any end date to this request).

During a meet and confer on February 15, 2019, Plaintiffs' counsel clarified that what they mean by indirectly is that if the document does not specifically refer to Dave Kleiman, but it can be inferred from the context that is the individual referred to.

Dr. Wright will search for (with the use of search terms) communications and documents referencing WKID, including reference by any nicknames or abbreviations in his personal possession, custody or control.

**Request 51**

All communications and documents referencing any Electronic Storage Device owned or possessed by Dave Kleiman. For purposes of this Request, Electronic Storage Device shall be defined as any electronic device used for storing data, including but not limited to hard drives, USB drives, disks, CD's, DVD's, tapes, videotapes, and cloud based storage.

**Response to Request No. 51**

Dr. Wright will search for (with the use of search terms) communications and documents responsive to this Request in his personal possession custody or control.

**Request 52**

All communications between you and Ira Kleiman.

**Response to Request No. 52**

Dr. Wright will search for (with the use of search terms) documents responsive to this Request in his personal possession, custody or control.

**Request 53**

All communications between you and Louis Kleiman.

**Response to Request No. 53**

Dr. Wright will search for (with the use of search terms) documents responsive to this Request in his personal possession, custody or control.

**Request 54**

All communications, documents, and agreements that relate to the mining of any cryptocurrency, including but not limited to Bitcoin, between January 1, 2008 and May 1, 2013.

**Response to Request No. 54**

Dr. Wright objects to this Request as being grossly overbroad. One of Dr. Wright's primary research focuses during the time period referenced in the Request has been cryptocurrency and mining cryptocurrency. Thus, without any tailoring of these topics to the specific claims made by Plaintiffs is overly broad and not proportional to the needs of the case. The burden and expense of searching for and potentially producing every single communication and document related to Dr. Wright's research focus during a five year period will result in the review and production of potentially terabytes of potentially responsive material, which, particularly given the Court's discovery cut-off of June 10, 2019, will be impossible to accomplish.

Dr. Wright notes that this Request seeks communications, documents and agreements from nearly 6 years ago going back as far as over 11 years ago (even though Plaintiffs' only sued Dr.

Wright 1 year ago). Such material is not routinely maintained for that length of time. Dr. Wright will, however, make a good faith effort to search for (with the use of search terms) responsive material in his personal possession, custody, or control to the extent that it involves Dave Kleiman (or any trust in which he was a beneficiary or trustee) or WKID.

The Parties have met and conferred on this topic and expect that the objection will be resolved at the discovery conference on February 20, 2019.

**Request 55**

All communications and documents discussing any potential legal claims the estate of Dave Kleiman may have against you.

**Response to Request No. 55**

Dr. Wright objects to this Request to the extent that it seeks documents protected under the attorney-client privilege or work product privilege.

Dr. Wright will search for (with the use of search terms) responsive material in his personal possession, custody or control.

**Request 56**

All communications and documents discussing any potential legal claims Ira Kleiman may have against you

**Response to Request No. 56**

Dr. Wright objects to this Request to the extent that it seeks documents protected under the attorney-client privilege or work product privilege. Dr. Wright also objects to this Request as irrelevant. Ira Kleiman, in his individual capacity, has not sued Dr. Wright. Nor has Ira Kleiman, in his individual capacity, sued any of the myriad of non-parties encompassed in Plaintiffs' overbroad definition of the term "You." Any material responsive to this Request has no bearing on the claims alleged by Plaintiffs that Dr. Wright converted or stole bitcoins and intellectual property from Dave

Kleiman and WKID or that he defrauded Dave Kleiman's estate.

**Request 57**

All communications and documents discussing this Litigation. For purposes of this Request, the term "Litigation" shall be defined as the lawsuit between you and Ira Kleiman, as personal representative of the estate of Dave Kleiman, and W&K Info Defense Research, LLC with the civil docket number 9:18-cv-80176-BB.

**Response to Request No. 57**

Dr. Wright objects to this Request to the extent that it seeks documents protected under the attorney-client privilege or work product privilege. Dr. Wright will search for (with the use of search terms) responsive material in his personal possession, custody or control.

**Request 58**

All communications and documents concerning Ross Ulbricht.

**Response to Request No. 58**

Dr. Wright objects to this Request as irrelevant. Ross Ulbricht is not a party to this case, nor is he alleged to have any involvement in WKID or in any alleged partnership between Dr. Wright and Dave Kleiman. This Request is a clear attempt to inject irrelevant and potentially scandalous material into the case since Ross Ulbricht is serving a double life sentence plus forty years without the possibility of parole.

**Request 59**

All communications and documents concerning Silk Road.

**Response to Request No. 59**

Dr. Wright objects to this Request as irrelevant. Silk Road is not a party to this case, nor is it alleged to have any involvement in WKID or in any alleged partnership between Dr. Wright and Dave Kleiman. This Request is a clear attempt to inject irrelevant and potentially scandalous

material into the case since Silk Road was an online black marketplace often used to facilitate the trading of illegal merchandise such as firearms and drugs that was shut down by law enforcement authorities in 2013.

**Request 60**

All communications, documents, and agreements concerning any bitcoin mining operations taking place in the United States.

**Response to Request No. 60**

Dr. Wright objects to this Request as irrelevant. Plaintiffs improperly seek materials related to any individual or entity that conducted bitcoin mining operations in the United States with no relation whatsoever to Dr. Wright, Dave Kleiman, W&K, or Ira Kleiman. Further, Dr. Wright maintains that he conducted no bitcoin mining operations in the United States.

**Request 61**

All communications, documents, and agreements concerning any bitcoins mined by Dave Kleiman and/or W&K Info Defense Research, LLC.

**Response to Request No. 61**

Dr. Wright will search for (with the use of search terms) responsive material in his personal possession, custody, or control.

**Request 62**

All communications, documents, and agreements concerning any bitcoins mined by you between January 1, 2008 and January 1, 2015.

**Response to Request No. 62**

Dr. Wright objects to this highly personal, harassing and invasive Request as irrelevant. As Plaintiffs have yet to establish liability they are not entitled to enforcement discovery. In seeking to determine the depths of Dr. Wright's pockets, Plaintiffs are placing the cart before the horse. No

jury has returned a verdict for the Plaintiffs. There simply is no basis for such an invasive financial disclosure (or any financial disclosure for that matter) at this stage in the case. Indeed, any bitcoins mined by Dr. Wright has no relation whatsoever to Plaintiffs' claims that Dave Kleiman and Dr. Wright were business partners or that Dr. Wright stole any cryptocurrency from Dave Kleiman.

Dr. Wright further objects to this request as harassing, oppressive, and not proportional to the needs of the case. A deep dive into Dr. Wright's communications during the seven-year period as requested is the epitome of harassment, especially given the Request's lack of relevance to Plaintiffs' claims. However, Plaintiffs go even further than a deep dive into Dr. Wright's bitcoin mining with this Request; they seek to delve and probe into all of Dr. Wright's personal and corporate bitcoin mining through their definition of "You." Such a fishing expedition is not permissible.

In addition, by including in their definition of "You" any corporation, partnership, joint venture, trust, etc. in which Dr. Wright is a manager, director, officer, trustee, or beneficiary of, as it relates to this Request, Plaintiffs seek to improperly obtain discovery from non-parties and appear to treat any such entities that have any connection to Dr. Wright as a party to this litigation, when Plaintiffs have not sued them (despite having had two bites at the apple by amending their complaint twice); rather the only Defendant in this case is Dr. Wright as an individual.

Dr. Wright also objects to the Request because it demands personal and financial information without the protections of a confidentiality order.

The Parties have met and conferred on this topic and expect that the objection will be resolved at the discovery conference on February 20, 2019.

**Request 63**

All communications and documents concerning the circumstances surrounding the "leak" that provoked the *Wired*[1] and *Gizmodo*[2] stories. (*See* D.E. 24-1 at 30–31).

**Response to Request No. 63**

Dr. Wright objects to this request as irrelevant. Communications and documents concerning the circumstances surrounding the "leak" has no relation whatsoever to Plaintiffs' claims that Dave Kleiman and Dr. Wright were business partners, that Dr. Wright stole any cryptocurrency from Dave Kleiman, or that Dr. Wright allegedly defrauded Ira Kleiman as representative of the estate of Dave Kleiman.

**Request 64**

All communications and documents concerning any bitcoin transactions sent or received by you between January 1, 2009 and January 1, 2014.

**Response to Request No. 64**

Dr. Wright objects to this harassing and invasive Request as irrelevant. This request is an improper attempt to obtain enforcement and asset tracing discovery without a determination on liability. In seeking information relating to any bitcoin transactions, Plaintiffs are placing the cart before the horse. No jury has returned a verdict for the Plaintiffs. There simply is no basis for such an invasive disclosure at this stage in the case.

Dr. Wright further objects to this request as harassing, oppressive, and not proportional to the needs of the case. A deep dive into all communications Dr. Wright may have relating to bitcoin transactions during the six-year period as requested is the epitome of harassment, especially given the Request's lack of relevance to Plaintiffs' claims. However, Plaintiffs go even further than a deep dive into Dr. Wright's communications and documents with this Request; they seek to delve and probe into all of Dr. Wright's communications and documents through their definition of "You." Such a fishing expedition is not permissible.

In addition, by including in their definition of "You" any corporation, partnership, joint venture, trust, etc. in which Dr. Wright is a manager, director, officer, trustee, or beneficiary of, as it relates to this Request, Plaintiffs seek to improperly obtain discovery from non-parties and appear

39

to treat any such entities that have any connection to Dr. Wright as a party to this litigation, when Plaintiffs have not sued them (despite having had two bites at the apple by amending their complaint twice); rather the only Defendant in this case is Dr. Wright as an individual.

Further, by seeking information about any bitcoin transactions, Plaintiffs improperly seek private financial information, and potentially trade secrets of non-parties, who have no relation whatever to the claims in the SAC.

Dr. Wright also objects to the Request because it demands personal and financial information of himself and others, and potentially trade secrets without the protections of a confidentiality order.

Dr. Wright, will however, search for (with the use of search terms) communications and documents concerning any bitcoin transactions sent or received by himself between January 1, 2009 and January 1, 2014, that relate to Dave Kleiman (or any trust in which he was a beneficiary or trustee) and WKID.

The Parties have met and conferred on this topic and expect that the objection will be resolved at the discovery conference on February 20, 2019.

**Request 65**

All communications and documents concerning any bitcoin transactions sent or received by Satoshi Nakamoto between January 1, 2009 and January 1, 2014.

**Response to Request No. 65**

Dr. Wright objects to this Request because it is vague. As Plaintiffs already know, "Satoshi Nakamoto" is a fictional pseudonym and does not actually exist. Accordingly, it isn't possible for "Satoshi Nakamoto" to send or receive bitcoin.

To the extent that Plaintiffs believe that Satoshi Nakamoto is Dr. Wright, Dave Kleiman, or both, Dr. Wright further objects to this Request as harassing and duplicative of Requests 64 and 66.

Dr. Wright expressly incorporates by reference his objections and responses to Requests 64 and 66 into this Request.

**Request 66**

All communications and documents concerning any bitcoin transactions sent or received by Dave Kleiman between January 1, 2009 and January 1, 2014.

**Response to Request No. 66**

Dr. Wright will search for (with the use of search terms) responsive material in his personal possession, custody, or control.

**Request 67**

All communications and documents concerning any bitcoin transactions sent or received by W&K Info Defense Research, LLC between January 1, 2009 and January 1, 2014.

**Response to Request No. 67**

Dr. Wright will search for (with the use of search terms) responsive material in his personal possession, custody, or control.

**Request 68**

All communications and documents concerning any trips you made to the United States between January 1, 2009 and January 1, 2014.

**Response to Request No. 68**

By including in their definition of "You" any corporation, partnership, joint venture, trust, etc. in which Dr. Wright is a manager, director, officer, trustee, or beneficiary of, as it relates to this Request, Plaintiffs seek to improperly obtain discovery from non-parties and appear to treat any such entities that have any connection to Dr. Wright as a party to this litigation, when Plaintiffs have not sued them (despite having had two bites at the apple by amending their complaint twice); rather the only Defendant in this case is Dr. Wright as an individual.

After the parties meet and confer on February 15, 2019, Plaintiffs' counsel modified this request as follows:

Communications and/or documents sufficient to show the dates, times, and locations of any trips you made to the United States between January 1, 2009 and January 1, 2014.

Dr. Wright will search for documents responsive to Plaintiffs' modified request in his personal possession, custody, and control and that relate to any trips he took to the United States.

**Request 69**

All communications and documents concerning any transactions made by you, your Agents, or Persons controlled by you on the bitcoin exchange known as Mt. Gox.

**Response to Request No. 69**

Dr. Wright objects to this harassing and invasive Request as irrelevant. This request is an improper attempt to obtain enforcement and asset tracing discovery without a determination on liability. In seeking information relating to any bitcoin transactions on the Mt. Gox bitcoin exchange, Plaintiffs are placing the cart before the horse. No jury has returned a verdict for the Plaintiffs. There simply is no basis for such an invasive disclosure at this stage in the case.

Dr. Wright further objects to this request as harassing, oppressive, and not proportional to the needs of the case. A deep dive into Dr. Wright's communications and documents for the past 13 years as requested is the epitome of harassment, especially given the Request's lack of relevance to Plaintiffs' claims. However, Plaintiffs go even further than a deep dive into Dr. Wright's bitcoin transactions on the Mt. Gox exchange with this Request; they seek to delve and probe into all of Dr. Wright's personal and corporate bitcoin transactions through their definition of "You." Such a fishing expedition is not permissible.

In addition, by including in their definition of "You" any corporation, partnership, joint venture, trust, etc. in which Dr. Wright is a manager, director, officer, trustee, or beneficiary of, as

it relates to this Request, Plaintiffs seek to improperly obtain discovery from non-parties and appear to treat any such entities that have any connection to Dr. Wright as a party to this litigation, when Plaintiffs have not sued them (despite having had two bites at the apple by amending their complaint twice); rather the only Defendant in this case is Dr. Wright as an individual.

Dr. Wright also objects to the Request because it demands personal and financial information without the protections of a confidentiality order.

**Request 70**

All communications and documents concerning any transactions made by Dave Kleiman on the bitcoin exchange known as Mt. Gox.

**Response to Request No. 70**

Dr. Wright will search for (with the use of search terms) responsive material in his personal possession, custody, or control.

**Request 71**

All communications and documents concerning any transactions made by you, your Agents, or Persons controlled by you on the bitcoin exchange known as BTC-e.

**Response to Request No. 71**

Dr. Wright objects to this harassing and invasive Request as irrelevant. This request is an improper attempt to obtain enforcement and asset tracing discovery without a determination on liability. In seeking information relating to any bitcoin transactions on the BTC-e bitcoin exchange, Plaintiffs are placing the cart before the horse. No jury has returned a verdict for the Plaintiffs. There simply is no basis for such an invasive disclosure at this stage in the case.

Dr. Wright further objects to this request as harassing, oppressive, and not proportional to the needs of the case. A deep dive into Dr. Wright's communications and documents for the past 13 years as requested is the epitome of harassment, especially given the Request's lack of relevance to

Plaintiffs' claims. However, Plaintiffs go even further than a deep dive into Dr. Wright's bitcoin transactions on the BTC-e exchange with this Request; they seek to delve and probe into all of Dr. Wright's personal and corporate bitcoin transactions through their definition of "You." Such a fishing expedition is not permissible.

In addition, by including in their definition of "You" any corporation, partnership, joint venture, trust, etc. in which Dr. Wright is a manager, director, officer, trustee, or beneficiary of, as it relates to this Request, Plaintiffs seek to improperly obtain discovery from non-parties and appear to treat any such entities that have any connection to Dr. Wright as a party to this litigation, when Plaintiffs have not sued them (despite having had two bites at the apple by amending their complaint twice); rather the only Defendant in this case is Dr. Wright as an individual.

Dr. Wright also objects to the Request because it demands personal and financial information without the protections of a confidentiality order.

**Request 72**

All communications and documents concerning any transactions made by Dave Kleiman on the bitcoin exchange known as BTC-e.

**Response to Request No. 72**

Dr. Wright will search for (with the use of search terms) responsive material in his personal possession, custody, or control.

**Request 73**

All communications, documents, and agreements concerning any Persons whose name contained "W&K" or any Person that you and/or Dave Kleiman had/have any interest in. (*See* D.E. 80 ¶ 129.)

**Response to Request No. 73**

Dr. objects to this Request as overly broad. All communications, documents and agreements

regarding any entity (Person) that Dr. Wright had or has an interest in is irrelevant to the specific issues in this case and is not proportional to the needs of the case. Such a request would literally involve the searching for and likely production of petabytes of information. The overbreadth and disproportionate nature of this Request is even more pronounced when looking at the definition of "You." By including in their definition of "You" any corporation, partnership, joint venture, trust, etc. in which Dr. Wright is a manager, director, officer, trustee, or beneficiary of, as it relates to this Request, Plaintiffs further seek to improperly obtain discovery from non-parties and appear to treat any such entities that have any connection to Dr. Wright as a party to this litigation, when Plaintiffs have not sued them (despite having had two bites at the apple by amending their complaint twice); rather the only Defendant in this case is Dr. Wright as an individual.

The Request is also unintelligible as written. With this Request, plaintiffs appear to request information concerning "persons" in which (1) only Dr. Wright has an interest, (2) only Dave Kleiman has an interest, and (3) both Dr. Wright and Dave Kleiman have an interest.

Dr. Wright will, however, search for (with the use of search terms) communications, documents and agreements concerning entities whose name contained "W&K", and any entity in which either Dave Kleiman had an interest or Dave Kleiman and Craig Wright both had an interest in his personal possession, custody, or control.

The Parties have met and conferred on this topic and expect that the objection will be resolved at the discovery conference on February 20, 2019.

**Request 74**

All communications, documents, and agreements concerning any computer code developed by Dave Kleiman.

**Response to Request No. 74**

Dr. Wright will search for (with the use of search terms) responsive material in his personal

possession, custody, or control.

**Request 75**

All communications and documents that support and/or relate to your assertion that "Plaintiffs' claims are barred by the applicable statute(s) of limitations." (D.E. 80).

**Response to Request No. 75**

Dr. Wright objects to this Request to the extent it seeks information that contains privileged attorney-client communications and attorney work-product. Dr. Wright will produce documents supporting his affirmative defenses.

**Request 76**

All communications and documents that support your assertion that "Plaintiffs unreasonably delayed filing this action . . . Plaintiffs' claims are barred by the doctrine of laches." (D.E. 80).

**Response to Request No. 76**

Dr. Wright objects to this Request to the extent it seeks information that contains privileged attorney-client communications and attorney work-product. Dr. Wright will produce documents supporting his affirmative defenses.

**Request 77**

All communications and documents that support and/or relate to your assertion that Plaintiff's "unreasonable delay prejudiced Dr. Wright's assertion of rights and defenses." (D.E. 80, at 30).

**Response to Request No. 77**

Dr. Wright objects to this Request to the extent it seeks information that contains privileged attorney-client communications and attorney work-product. Dr. Wright will produce documents supporting his affirmative defenses.

**Request 78**

All communications and documents that support and/or relate to your assertion that "Dr. Wright acted in good faith to effectuate David Kleiman's intent after David Kleiman's death." (D.E. 80, at 30).

**Response to Request No. 78**

Dr. Wright objects to this Request to the extent it seeks information that contains privileged attorney-client communications and attorney work-product. Dr. Wright will produce documents supporting his affirmative defenses.

**Request 79**

All communications and documents that support and/or relate to your assertion that "Plaintiffs' claims are barred by accord and satisfaction because, by agreement, Plaintiffs received shares in a corporation from Dr. Wright as compensation for rights of David Kleiman." (D.E. 80, at 31).

**Response to Request No. 79**

Dr. Wright objects to this Request to the extent it seeks information that contains privileged attorney-client communications and attorney work-product. Dr. Wright will produce documents supporting his affirmative defenses.

**Request 80**

All communications and documents that support and/or relate to your contention that "Plaintiffs, by accepting shares in a corporation from Dr. Wright as compensation for rights of David Kleiman, released Dr. Wright." (D.E. 80, at 31).

**Response to Request No. 80**

Dr. Wright objects to this Request to the extent it seeks information that contains privileged attorney-client communications and attorney work-product. Dr. Wright will produce documents supporting his affirmative defenses.

47

**Request 81**

All communications and documents that support and/or relate to  your contention that "Plaintiffs' claims are barred because they received payment in the form of shares in a corporation." (D.E. 80, at 31).

**Response to Request No. 81**

Dr. Wright objects to this Request to the extent it seeks information that contains privileged attorney-client communications and attorney work-product. Dr. Wright will produce documents supporting his affirmative defenses.

**Request 82**

All communications and documents that support and/or relate to  your contention that "Plaintiffs' damages, if any, are set-off by their receipt of shares in a corporation from Dr. Wright as compensation for rights of David Kleiman." (D.E. 80, at 31).

**Response to Request No. 82**

Dr. Wright objects to this Request to the extent it seeks information that contains privileged attorney-client communications and attorney work-product. Dr. Wright will produce documents supporting his affirmative defenses.

**Request 83**

All communications and documents that support and/or relate to  your contention that "Plaintiffs failed to mitigate their alleged damages because Plaintiffs failed to sell the shares in the corporation they received from Dr. Wright as compensation for rights of David Kleiman when offered money in exchange for those shares." (D.E. 80, at 31).

**Response to Request No. 83**

Dr. Wright objects to this Request to the extent it seeks information that contains privileged attorney-client communications and attorney work-product. Dr. Wright will produce documents supporting his affirmative defenses.

**Request 84**

All communications and documents that support and/or relate to your contention that "Plaintiffs' claims are barred by waiver because Plaintiffs accepted shares in a corporation as satisfaction of David Kleiman's rights and waited years to file this action." (D.E. 80, at 31).

**Response to Request No. 84**

Dr. Wright objects to this Request to the extent it seeks information that contains privileged attorney-client communications and attorney work-product. Dr. Wright will produce documents supporting his affirmative defenses.

**Request 85**

All communications and documents that support and/or relate to your contention that "Plaintiffs are estopped from asserting their claims of fraud against Dr. Wright because they were aware of the Australian Taxation Office investigation, as well as the New South Wales lawsuit against W&K Info Defense Research, LLC, no later than April 2014, and took no action in those proceedings that are in any way consistent with the allegations they now make about those proceedings in this action." (D.E. 80, at 31-32).

**Response to Request No. 85**

Dr. Wright objects to this Request to the extent it seeks information that contains privileged attorney-client communications and attorney work-product. Dr. Wright will produce documents supporting his affirmative defenses.

**Request 86**

All communications and documents that support and/or relate to your contention that "Plaintiffs' claims are barred by the doctrine of unclean hands because, *inter alia*, Ira Kleiman, as the representative of David Kleiman's estate, manipulated his dead brother's estate to avoid payment of taxes." (D.E. 80, at 32).

**Response to Request No. 86**

      Dr. Wright objects to this Request to the extent it seeks information that contains privileged attorney-client communications and attorney work-product. Dr. Wright will produce documents supporting his affirmative defenses.

**Request 87**

      All communications and documents that support and/or relate to  your contention that "The res judicata and collateral estoppel effect of judgments rendered more than five years ago by the Supreme Court of New South Wales bar Plaintiffs' claims arising from Dr. Wright's alleged ownership and possession of W&K Info Defense Research, LLC's intellectual property." (D.E. 80, at 32).

**Response to Request No. 87**

      Dr. Wright objects to this Request to the extent it seeks information that contains privileged attorney-client communications and attorney work-product. Dr. Wright will produce documents supporting his affirmative defenses.

**Request 88**

      All communications and documents that relate to the June 29, 2015 agreement involving you and Robert MacGregor referenced in *The Satoshi Affair*. (D.E. 24-1 at 12.).

**Response to Request No. 88**

      Dr. Wright objects to this Request, because by including in their definition of "You" any corporation, partnership, joint venture, trust, etc. in which Dr. Wright is a manager, director, officer, trustee, or beneficiary of, as it relates to this Request, Plaintiffs seek to improperly obtain discovery from non-parties and appear to treat any such entities that have any connection to Dr. Wright as a party to this litigation, when Plaintiffs have not sued them (despite having had two bites at the apple by amending their complaint twice); rather the only Defendant in this case is Dr. Wright as an individual.

      Dr. Wright also objects to this Request as overly broad. Dr. Wright's communications and

documents related to the alleged June 29, 2015 agreement between himself and with Robert MacGregor have no relation whatsoever to Plaintiffs' claims that Dave Kleiman and Dr. Wright were allegedly partners, that Dr. Wright allegedly stole or converted any cryptocurrency or intellectual property from Dave Kleiman, or that Dr. Wright allegedly defrauded Ira Kleiman as representative of the estate of Dave Kleiman.

Dr. Wright will, however, search for (with the use of search terms) communications and documents that relate to the alleged June 29, 2015 agreement with Robert MacGregor to the extent that they reference or relate in any way to Dave Kleiman or WKID.

The Parties have met and conferred on this topic and expect that the objection will be resolved at the discovery conference on February 20, 2019.

**RIVERO MESTRE LLP**
*Attorneys for Craig Wright*
2525 Ponce de León Blvd., Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505
E-mail: arivero@riveromestre.com
E-mail: amcgovern@riveromestre.com
E-mail: arolnick@riveromestre.com
E-mail: zmarkoe@riveromestre.com
E-mail: zkass@riveromestre.com

By:    /s/ Andrés Rivero
       ANDRES RIVERO
       Florida Bar No. 613819
       AMANDA MCGOVERN
       Florida Bar No. 964263
       ALAN H. ROLNICK
       Florida Bar No. 715085
       ZAHARAH R. MARKOE
       Florida Bar No. 504734

## CERTIFICATE OF SERVICE

I certify that on February 19, 2019, I electronically served this document on all counsel of record by e-mail.

                    /s/ Andrés Rivero
                    ANDRÉS RIVERO