# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN,
as personal representative of
the estate of David Kleiman,
and W&K INFO DEFENSE RESEARCH,
LLC

    Plaintiffs,

v().                                                                         Case No. 9:18-cv-80176 (BB/BR)

CRAIG WRIGHT,

    Defendant.
_____/

**CRAIG WRIGHT'S RESPONSES AND OBJECTIONS TO**
**PLAINTIFFS' THIRD REQUEST FOR PRODUCTION**

In accordance with Rule 34 of the Federal Rules of Civil Procedure, Defendant Craig Wright responds to Plaintiffs' Third Request for Production (the "Requests") as follows:

**PRELIMINARY STATEMENT**

Plaintiffs lawsuit against Dr. Wright was first filed almost 5 years after the unfortunate death of David Kleiman. Most of the Requests are, at best, tangentially related to the claims in the Second Amended Complaint ("SAC") but seek to impose the incredibly burdensome task of searching for and producing documents from over a decade ago that are not routinely maintained. Dr. Wright has not completed his investigation of this action. The responses set forth below are based on his knowledge, information, and belief at this time. The individual responses and objections are not intended to be, and should not be interpreted as, a representation as to the existence or nonexistence of specific documents in his possession, custody, or control. Indeed, Dr. Wright cannot state that documents responsive to the Requests still exist but will endeavor to search for documents related to

1

the claims in the SAC and his affirmative defenses in good faith. Dr. Wright incorporates by reference this preliminary statement in each of his specific responses below and reserves the right to amend or supplement his response to each specific request.

The parties have been negotiating a confidentiality order but have been unable to reach an agreement on all the terms. With no confidentiality order in place, Dr. Wright objects to the production of any potentially confidential documents until such order has been entered by the Court.

Subject to the responses and objections set forth below, Dr. Wright agrees to search for and produce responsive, non-privileged documents in his personal possession, custody, or control in a mutually agreeable fashion on a rolling basis as such documents become available. Dr. Wright's counsel is available to meet and confer with Plaintiffs' counsel regarding these responses and objections at a mutually convenient time.

## SPECIFIC RESPONSES TO DEFINITIONS

### Definition No. 2

During a meet and confer with Plaintiffs' counsel on February 15, 2019, Plaintiffs clarified that the inclusion of the clause at the end of the definition "or whom any of the aforementioned control" refers to subsidiaries of Craig Wright and of the entities within the definition. Dr. Wright objects to the inclusion of subsidiaries as they relate to Dr. Wright, because he is in an individual who has no subsidiaries. Dr. Wright also objects to this definition to the extent that it seeks to enforce a duty upon him to produce documents outside of his personal custody and control, or which he has no authority to provide. Moreover, Dr. Wright objects to this definition to the extent that Plaintiffs seek to improperly obtain discovery from non-parties and appear to treat any entity that has any connection to Dr. Wright as a party to this litigation, when Plaintiffs have not sued anyone other than Dr. Craig Wright individually (even after amending their complaint twice). Further, Dr. Wright objects to this definition to the extent it seeks to impose on him knowledge he may not possess. For example, one

can be a beneficiary of a whole host of entities including trusts without being aware of that fact.

**Definition No. 4**

Dr. Wright objects to this definition to the extent it includes documents that are protected by the attorney-client privilege, attorney work-product doctrine, spousal privilege, or any other privilege or protection from production under relevant statutes and case law, including the laws of foreign nations. He also objects to this definition to the extent that it seeks to impose on him obligations greater than those set forth in the Federal Rules of Civil Procedure. Dr. Wright further objects to this definition to the extent that it seeks documents available in the public domain, which are more convenient, less burdensome, and less expensive to obtain.

**Definition No. 5**

Dr. Wright objects to this definition to the extent that it seeks duplicative documents, including, but not limited to, electronic documents with the same hash value.

**Definition No. 6**

Dr. Wright objects to this definition to the extent that it seeks documents available in the public domain. Moreover, Dr. Wright objects to this definition to the extent that it seeks documents protected and restricted by the laws of foreign nations where the data was created or is maintained.

**Definition No. 7**

Dr. Wright objects to this definition to the extent that it seeks documents not in his possession, custody, or control. Dr. Wright further objects to this definition to the extent that it seeks documents that may be covered under confidentiality or non-disclosure agreements. Moreover, Dr. Wright objects to this definition to the extent that it seeks documents protected and restricted by the laws of foreign nations where the data was created or is maintained.

**Definition No. 12**

Dr. Wright objects to this definition to the extent that it seeks to impose on him obligations

greater than those set forth in the Federal Rules of Civil Procedure. Dr. Wright further objects to this definition as it has no relevance to the requests and is not used here.

**Definition No. 13**

Dr. Wright objects to the use of the disjunctive to include the conjunctive (and vice versa), because it makes the requests unintelligible.

**Definition No. 16**

Dr. Wright objects to the time frame of "January 2006 through the present" as the claims in the Second Amended Complaint relate to actions and events beginning on March 12, 2008, at the earliest and seeks documents beginning more than a decade ago. However, to minimize disputes before the Court, Dr. Wright agrees to search for responsive material beginning January 1, 2006 to the extent that any such material still exists in his personal possession, custody or control. However, since the term "present" without an end date is an ever-moving target, Dr. Wright objects to it as being unduly burdensome and not proportional to the needs of the case as it would require constant collection of potentially responsive documents. As such, Dr. Wright will not search for documents after the date the original complaint was filed on February 14, 2018 and may further narrow the relevant time frame by the specific responses and objections to the requests below. The parties met and conferred on this issue on February 15, 2019 and expect that it will be resolved during the discovery conference on February 20, 2019.

<b>RESPONSES TO REQUESTS FOR PRODUCTION</b>

**Request 1**

All documents that you received from any person or entity, including from David Kleiman, that reference or indicate his ownership in or of any cryptocurrency.

**Response to Request No. 1**

Dr. Wright objects that by including in their definition of "You" any corporation,

4

partnership, joint venture, trust, etc. in which Dr. Wright is a manager, director, officer, trustee, or beneficiary of, as it relates to this Request, Plaintiffs seek to improperly obtain discovery from non-parties and appear to treat any such entities that have any connection to Dr. Wright as a party to this litigation, when Plaintiffs have not sued them (despite having had two bites at the apple by amending their complaint twice). The only Defendant in this case is Dr. Wright as an individual.

Dr. Wright, however, will search for (with the use of search terms) responsive material in his personal possession, custody, or control.

**Request 2**

All documents and communications relating to agreements, contracts, invoices or leases between Dave Kleiman and Craig Wright, including the contracts referenced in any exhibit to the Second Amended Complaint.

**Response to Request No. 2**

Dr. Wright will search for (with the use of search terms) responsive material in his personal possession, custody, or control.

**Request No. 3**

All documents relating to invoices or requests for payment between Dave Kleiman and Craig Wright, including communications.

**Response to Request No. 3**

Dr. Wright will search for (with the use of search terms) responsive material in his personal possession, custody, or control.

**Request No. 4**

All documents relating to invoices or requests for payment between W&K Info Defense Research, LLC and Craig Wright, including communications.

**Response to Request No. 4**

Dr. Wright will search for (with the use of search terms) responsive material in his personal possession, custody, or control.

**Request No. 5**

All documents relating to any Belize companies, corporations, entities, or trusts, in which David Kleiman held any interest, including communications.

**Response to Request No. 5**

Dr. Wright will search for (with the use of search terms) responsive material in his personal possession, custody, or control.

**Request No. 6**

All documents relating to the GICSR Trust, including communications.

**Response to Request No. 6**

Dr. Wright will search for (with the use of search terms) responsive material in his personal possession, custody, or control.

**Request No. 7**

All documents relating to TTA-1-14, including communications.

**Response to Request No. 7**

Dr. Wright will search for (with the use of search terms) responsive material in his personal possession, custody, or control.

**Request No. 8**

All documents relating to Design by Human, Ltd. including communications.

**Response to Request No. 8**

Dr. Wright objects to this Request as being duplicative of Plaintiffs' First Request for Production ("*First RFP*"), Request No. 14, and incorporates by reference his response to that

6

request as if fully stated here.

Notwithstanding these objections, Dr. Wright will search for (with the use of search terms) responsive material in his personal possession, custody, or control that relate to David Kleiman or W&K Info Defense Research, LLC ("**WKID**").

The Parties have met and conferred on this topic and expect that the objection will be resolved at the discovery conference on February 20, 2019.

**Request No. 9**

All documents relating to the Panama Fund, including communications.

**Response to Request No. 9**

During the parties' meet and confer on February 15, 2019, plaintiffs' counsel clarified that "Panama Fund" has the same meaning as it does in the context of an email attached as an exhibit to the SAC. Upon a review of the exhibits it appears to relate to Exhibit 14. With that understanding, Dr. Wright will search for documents for (with the use of search terms) responsive documents.

**Request No. 10**

All documents relating to Gold bonds, including communications.

**Response to Request No. 10**

During the parties' meet and confer on February 15, 2019, plaintiffs' counsel clarified that "Gold bonds" has the same meaning as it does in the context of unspecified exhibits to the SAC, and that it may also refer to gold bonds in connection with a transaction with Mark Ferrier. To the extent that this Request refers to any transaction with Mark Ferrier, Dr. Wright objects to this request as irrelevant. The transaction with Mark Ferrier was entered into after Dave Kleiman's death in and after June 2013 and does not related to the claims or defenses in the SAC. Dr. Wright, however, will search for (with the use of search terms) documents that are in his personal possession, custody, or control that relate to gold bonds and David Kleiman (including any trust in which David Kleiman

7

had any involvement either as beneficiary or trustee), or WKID.

**Request No. 11**

All documents relating to the Strasan Agreement, including communications.

**Response to Request No. 11**

Dr. Wright will search for (with the use of search terms) responsive material in his personal possession, custody, or control.

**Request No. 12**

All documents relating to C01N, including communications.

**Response to Request No. 12**

Dr. Wright objects to this request as overbroad since it is not tailored to the allegations in the SAC. Dr. Wright will search for (with the use of search terms) responsive material in his personal possession, custody, or control that relate to David Kleiman (including any trust in which David Kleiman had any involvement either as beneficiary or trustee) or WKID.

The Parties have met and conferred on this topic and expect that the objection will be resolved at the discovery conference on February 20, 2019.

**Request No. 13**

All documents relating to the COIN supercomputer, including communications.

**Response to Request No. 13**

Dr. Wright objects to this request as overbroad since it is not tailored to the allegations in the SAC. Dr. Wright will search for (with the use of search terms) responsive material in his personal possession, custody, or control that relate to David Kleiman (including any trust in which David Kleiman had any involvement either as beneficiary or trustee) or WKID.

The Parties have met and conferred on this topic and expect that the objection will be resolved at the discovery conference on February 20, 2019.

**Request No. 14**

All documents relating to the Denariuz Seychelles Trust, including communications.

**Response to Request No. 14**

Dr. Wright objects to this Request as being duplicative of the First RFP, Request No. 13, and incorporates by reference his response to that request as if fully stated here.

Dr. Wright, however, will search for (with the use of search terms) responsive material in his personal possession, custody, or control that relate to David Kleiman (including any trust in which David Kleiman had any involvement either as beneficiary or trustee) or WKID.

The Parties have met and conferred on this topic and expect that the objection will be resolved at the discovery conference on February 20, 2019.

**Request No. 15**

All documents relating to the white paper entitled "Bitcoin: A Peer-to-Peer Electronic Cash System."

**Response to Request No. 15**

Dr. Wright objects to this Request as being duplicative of the First RFP, Request No. 4, and incorporates by reference his response to that request as if fully stated here.  This request is not relevant and is improperly overbroad because it is not tailored to the issues as framed by the pleadings, namely, David Kleiman's and Dr. Wrights' alleged partnership to mine bitcoin.

Notwithstanding these objections, Dr. Wright will search for (with the use of search terms) documents and communications with David Kleiman relevant to the drafting and publication of the white paper entitled "Bitcoin: A Peer-to-Peer Electronic Cash System," from March 12, 2008, through April 2013.

The Parties have met and conferred on this topic and expect that the objection will be resolved at the discovery conference on February 20, 2019.

9

**Request No. 16**

All documents and communications relating to the following Cryptocurrency wallets or addresses:

    a.  1933phfhK3ZgFQNLGSDXvqCn32k2buXY8a;

    b.  1MSUvGS9BEjpL35CKu7feF4HaPCXv2cht7; and,

    c.  JjtxXmbC95sgn5kE2Hm92axA7hcbDkRhK.

**Response to Request No. 16**

Dr. Wright will search for (with the use of search terms) responsive material in his personal possession, custody, or control.

**Request No. 17**

All documents and communications relating to any cryptocurrency wallet mentioned in the Second Amended Complaint, its exhibits, and the exhibits attached to CSW aff (Exhibit 1).

**Response to Request No. 17**

Dr. Wright objects to this Request as it is based on an incomplete document that is missing a page as well as unauthenticated, hacked and leaked documents. Dr. Wright will, however, search for (with the use of search terms) responsive material in his personal possession, custody, or control that relate to cryptocurrency wallets and David Kleiman (including any trust in which David Kleiman had any involvement either as beneficiary or trustee) or WKID.

**Request No. 18**

All documents and communications relating to the following Cryptocurrency keys:

    a. 56EC 672A 6B67 266A 5E21 1514 ADDA 0EB2 E545 EB7B;

    b. DBB7 E697 59EF D7FE EB4C F51B 4FF1 CFEB C941 FE6D;

    c. 0AC1 SAFE 1F8D 3512 BE15 6909 B18B BF41 1F55 6274; and,

    d. DE4E FCA3 E1AB 9E41 CE96 CECB 18C0 9E86 5EC9 48A1.

**Response to Request No. 18**

Dr. Wright will search for (with the use of search terms) responsive material in his personal possession, custody, or control.

**Request No. 19**

All documents and communication relating to David Kleiman's ownership of intellectual property.

**Response to Request No. 19**

Dr. Wright will search for (with the use of search terms) responsive material in his personal possession, custody, or control.

**Request No. 20**

All documents and communication relating to David Kleiman's ownership of Cryptocurrency.

**Response to Request No. 20**

Dr. Wright will search for (with the use of search terms) responsive material in his personal possession, custody, or control.

**Request No. 21**

All documents relating to Coin-Exch Pty, LTD, including communications.

**Response to Request No. 21**

Dr. Wright will search for (with the use of search terms) responsive material in his personal possession, custody, or control.

**Request No. 22**

All documents that you received either formally or informally from any source that relate in any way to the claims in the Second Amended Complaint, including correspondence.

**Response to Request No. 22**

Dr. Wright objects that by including in their definition of "You" any corporation, partnership, joint venture, trust, etc. in which Dr. Wright is a manager, director, officer, trustee, or beneficiary of, as it relates to this Request, Plaintiffs seek to improperly obtain discovery from non-parties and appear to treat any such entities that have any connection to Dr. Wright as a party to this litigation, when Plaintiffs have not sued them (despite having had two bites at the apple by amending their complaint twice). The only Defendant in this case is Dr. Wright as an individual.

Dr. Wright will produce documents responsive to this Request within a reasonable time of receipt of any such material.

**Request No. 23**

All documents you provided to any testifying experts and all materials that you allowed them to inspect. This Request is ongoing in nature, and thus covers all documents that you provide to any testifying expert and all materials that You allow them to inspect during the pendency of this litigation.

**Response to Request No. 23**

Dr. Wright will produce documents at the appropriate time, in conformance with the disclosure requirements of Fed. R. Civ. P. 26(a)(2).

**Request No. 24**

All documents relating to the metal-encased USB drive that you indicate David Kleiman kept on his person.

**Response to Request No. 24**

Dr. Wright will search for (with the use of search terms) responsive material in his personal

possession, custody, or control.

**Request No. 25**

All documents relating to communications between you and the ATO.

**Response to Request No. 25**

Dr. Wright objects that by including in their definition of "You" any corporation, partnership, joint venture, trust, etc. in which Dr. Wright is a manager, director, officer, trustee, or beneficiary of, as it relates to this Request, Plaintiffs seek to improperly obtain discovery from non-parties and appear to treat any such entities that have any connection to Dr. Wright as a party to this litigation, when Plaintiffs have not sued them (despite having had two bites at the apple by amending their complaint twice). The only Defendant in this case is Dr. Wright as an individual.

Dr. Wright objects to this Request because it seeks documents that are not within his personal possession, custody or control. Dr. Wright also objects to this Request to the extent that it seeks information utterly devoid of any relevance to the claims in the Second Amended Complaint. There is no relevance to these harassing and invasive requests in relation to Craig Wright's interactions with the ATO; they have nothing to do with Plaintiffs' claims that Dr. Wright converted or stole bitcoin and intellectual property from Dave Kleiman or WKID. Dr. Wright also objects to this Request to the extent that it seeks private financial information about himself and, even more importantly non-parties, without the benefit of a Confidentiality Order.

Dr. Wright, however, will search for (with the use of search terms) for responsive materials in his personal possession, custody, or control that relate to David Kleiman (including any trust in which David Kleiman had any involvement either as beneficiary or trustee) or WKID or Coin-Exch from 2006 through December 2017 (which is eight months after Coin-Exch was put in liquidation by the Deputy Commissioner of Taxation).

The Parties have met and conferred on this topic and expect that the objection will be

resolved at the discovery conference on February 20, 2019.

**Request No. 26**

All documents relating to Liberty Reserve, including communications with that entity.

**Response to Request No. 26**

Dr. Wright objects to this Request as overly broad in that it is not tailored in any way to the allegations in the SAC. Further, it seeks personal financial information without the protections of a confidentiality order. Further, Dr. Wright's financial accounts by themselves have no relationship to the allegations in the SAC. Dr. Wright will search for (with the use of search terms) responsive material in his personal possession, custody, or control that relate to David Kleiman (including any trust in which David Kleiman had any involvement either as beneficiary or trustee) or WKID.

The Parties have met and conferred on this topic and expect that the objection will be resolved at the discovery conference on February 20, 2019.

**Request No. 27**

All documents relating to companies, corporations, trusts, or entities in which David Kleiman had any ownership or financial interest.

**Response to Request No. 26**

Dr. Wright will search for (with the use of search terms) responsive material in his personal possession, custody, or control.

**Request No. 28**

All documents relating to companies, corporations, trusts, or entities in which you had or have any ownership or financial interest.

**Response to Request No. 28**

Dr. Wright objects that by including in their definition of "You" any corporation,

partnership, joint venture, trust, etc. in which Dr. Wright is a manager, director, officer, trustee, or beneficiary of, as it relates to this Request, Plaintiffs seek to improperly obtain discovery from non-parties and appear to treat any such entities that have any connection to Dr. Wright as a party to this litigation, when Plaintiffs have not sued them (despite having had two bites at the apple by amending their complaint twice). The only Defendant in this case is Dr. Wright as an individual.

Dr. Wright further objects that this request is grossly overbroad and not proportional to the needs of the case. It demands every single scrap document related to every single one of Dr. Wright's related corporations or entities, regardless of whether they involved Dave Kleiman or W&K. In responding to this invasive request, Dr. Wright would be required to search for, review, and then produce reams of documents and terabytes of data. That is not proportional.

The Parties have met and conferred on this topic and expect that the objection will be resolved at the discovery conference on February 20, 2019.

**Request No. 29**

Your tax returns.

**Response to Request No. 29**

Dr. Wright objects that by including in their definition of "You" any corporation, partnership, joint venture, trust, etc. in which Dr. Wright is a manager, director, officer, trustee, or beneficiary of, as it relates to this Request, Plaintiffs seek to improperly obtain discovery from non-parties and appear to treat any such entities that have any connection to Dr. Wright as a party to this litigation, when Plaintiffs have not sued them (despite having had two bites at the apple by amending their complaint twice). The only Defendant in this case is Dr. Wright as an individual.

Dr. Wright further objects that this request essentially demands 13 years' worth

of Dr. Wrights' personal tax returns and the tax returns of all his related companies. This request is grossly overbroad and not proportional to the needs of the case. Those tax returns do not have any relevance to the issues in this case (*i.e.,* Dr. Wright's alleged theft of bitcoin and intellectual property). This request appears to be one more attempt by Plaintiffs to ascertain the depths of Dr. Wrights pockets. However, no jury has returned a verdict for the Plaintiffs, and there simply is no basis for such an invasive financial disclosure (or any financial disclosure for that matter) at this stage in the case.

**Request No. 30**

All documents relating to phone records reflecting calls or communications between you and Dave Kleiman from January 1, 2013 through April 27, 2013. This request includes your home phone, work phone, cellular, or any other phone that you used to communicate with Dave Kleiman.

**Response to Request No. 30**

Dr. Wright objects to this request because it is irrelevant. Dr. Wright's phone records will not shed any light on whether he stole any bitcoin or intellectual property, as Plaintiffs' allege or whether he and Dave Kleiman were partners. Further, Plaintiffs seek phone records from over six years ago. During that time, Dr. Wright moved from Australia to the United Kingdom. Further, this request is duplicative of the Request No. 1 in the First RFP, to which Dr. Wright has already agreed to search for all communications between himself and Dave Kleiman that are in his personal possession, custody, or control.

**Request No. 31**

All documents reflecting any and all communications with Dave Kleiman during his illness and hospital stays.

**Response to Request No. 31**

During a meet and confer on February 15, 2019, Plaintiffs withdrew Request No. 31.

**RIVERO MESTRE LLP**

*Attorneys for Craig Wright*
2525 Ponce de León Blvd., Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505
E-mail: arivero@riveromestre.com
E-mail: amcgovern@riveromestre.com
E-mail: arolnick@riveromestre.com
E-mail: zmarkoe@riveromestre.com
E-mail: zkass@riveromestre.com

By: /s/ Andrés Rivero
    ANDRES RIVERO
    Florida Bar No. 613819
    AMANDA MCGOVERN
    Florida Bar No. 964263
    ALAN H. ROLNICK
    Florida Bar No. 715085
    ZAHARAH R. MARKOE
    Florida Bar No. 504734

**CERTIFICATE OF SERVICE**

I certify that on February 29, 2019, I electronically served this document on all counsel of record by e-mail.

    /s/ Andrés Rivero
    ANDRÉS RIVERO