# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-cv-80176

IRA KLEIMAN,
as personal representative of
the estate of David Kleiman,
and W&K INFO DEFENSE RESEARCH,
LLC

  Plaintiffs,

v.

CRAIG WRIGHT,

  Defendant.
_____/

## WRIGHT'S SECOND REQUEST FOR PRODUCTION

In accordance with Rule 34 of the Federal Rules of Civil Procedure, defendant Craig Wright requests that plaintiffs Ira Kleiman, as personal representative of the estate of David Kleiman, and W&K Info Defense Research LLC, produce within the time provided by the Federal Rules, originals of the documents identified below.

### I. DEFINITIONS

As used in this request for production (the "Document Request"), the following terms and words have the following meanings:

  A. "ATO" means the Australian Tax Office.

  B. "Communications" means any oral, written, or electronic transmission of information, including, but not limited to, letters or correspondence, conversations, meetings, discussions, telephone calls, telegrams, telecopies, telexes, seminars, conferences, messages, facsimile transmissions, electronic mail, vistomail, notes or memoranda.

C. "Control" means in Your possession, custody, under Your direction, or available to You upon reasonable demand, and includes in the possession, custody, or available upon reasonable demand, of those under the direction of You or Your employees, subordinates, counsel, accountants, consultants, experts, parent, subsidiary or affiliated corporations, and any persons acting or purporting to act on Your behalf.

D. "Cryptocurrency" means any digital currency in which encryption techniques are used to regulate the generation of units of currency and verify the transfer of funds, operating independently of a central bank. It shall include, but not be limited to, Bitcoin, Bitcoin Cash, any other "forked" Bitcoin asset, and Etherium's Ethers.

E. "Document" means any item within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, any written or graphic matter or other means of preserving thought or expression, all tangible things from which information or thoughts can be processed or transcribed, and all copies containing additional matter, however produced or reproduced, of any kind and description, in Your actual or constructive possession, custody, care, or control, that pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to this action, or which are themselves listed below as specific documents, including, but not limited to, the following: correspondence, memoranda, notes, messages, letters, telegrams, teletyped messages, facsimiles, electronic mail, text messages, social-media posts, bulletins, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, worksheets, receipts, computer memory, word processing data, computer printouts, work-product schedules, account records, patents, licenses, legal pleadings, minutes of directors' meetings, minutes of shareholders' or other meetings, work assignments, transaction files, statistical records, financial records, bank records, security agreements, testing

reports, newspaper or magazine articles, stories or clippings, affidavits, pleadings, contracts, transcripts, surveys, graphic representations of any kind, photographs, graphs, microfilms, videotapes, tape recordings, motion pictures or other films, or information maintained in any electronic medium (including, but not limited to, information found in computer hard drives, flash drives, USB drives, pocket drives, CDs, backup tapes, metadata, and PDFs).

  F. "Including" means "including without limitation."

  G. "News agency" means any person or entity that publishes content or makes content and information available to the public. This includes, but is not limited to, traditional media outlets (such as newspapers and magazines) on-line media outlets, blogs, videos, and podcasts.

  H. "Plaintiffs" mean Ira Kleiman as the personal representative of the Estate of David Kleiman, and W&K Info Research Defense LLC (including any affiliates, subsidiaries, parent companies, principals) and their respective agents.

  I. "Relating to" and "relate to" means directly or indirectly referring to, evidencing, discussing, defining, mentioning, reflecting, regarding, pertaining to, consisting of, concerning, recording, evaluating, or in any way logically or factually connected with the matter discussed or to which reference is made.

  J. "You" / "Your" means the Plaintiffs in this action and any agent, employee, officer, director, attorney, independent contractor, or any other person acting at the direction of, or on behalf of, Plaintiffs.

    II. RELEVANT TIME FRAME

Unless specified in a request, this request includes and encompasses all responsive information from March 12, 2008 to the present.

### III.   INSTRUCTIONS

1.  Plaintiffs should produce the documents as follows: (1) in the exact order in which they are kept in the ordinary course of business; or (2) classified according to the specific request(s) to which they are responsive.

2.  To the extent that You do not have possession, custody, or control of any documents identified as responsive to a particular request herein, please indicate the lack of possession, custody, existence, or control of the responsive documents in Your response.

3.  All electronic documents and e-mail are requested to be produced in electronic format by a forensically sound method, with all original metadata preserved and intact.

4.  ESI should be produced as follows:

   a.  Email, instant messaging, calendar, contacts, and word processing files must be derived from the original electronic media and converted to single-page .tiff images with accompanying system metadata (e.g., author, recipient(s), "cc" recipient(s), "bcc" recipient(s), date and time of creation and receipt, date and time of modification, etc.) and substantive metadata (e.g., the substance of the changes, etc.), with all attachments. All chronological metadata shall be standardized to Eastern Standard Time. Dr. Wright reserves the right to request native format production for ESI. Upon such request, Plaintiffs shall produce specific documents (identified by Bates number or range) in original native electronic format.

   b.  Dynamic files (e.g. databases, spreadsheets, project files, etc.) shall be produced in original native format with all accompanying metadata, along

4

       with all such software necessary to interpret the produced information if such software is not readily commercially available.

    c. For all ESI not specified above, production shall be made in native format with all accompanying metadata, along with all software necessary to interpret the produced information if such software is not readily commercially available, unless the Dr. Wright specifically agree to a different form of production.

5. If any responsive document was, but no longer is, in Your possession, custody, or control, state the following for each document in Your response to this First Request for Production:

    a. the type of document (e.g., correspondence, memorandum, e-mail, etc.);

    b. the date of the document;

    c. any person(s) who created or edited the document;

    d. any person(s) who signed the document;

    e. any person(s) who received the document or a copy of it;

    f. any person(s) now in possession of the document;

    g. the substance of the document; and

    h. the disposition of the document, including the date of disposition.

6. This Request for Production of Documents does not seek the production of documents protected by the attorney-client privilege or work-product rule.  However, if You withhold production of a document requested here as privileged, work product or on any other basis, please state the following in a privilege log for each document withheld:

    a. the type of document (e.g., correspondence, memorandum, e-mail);

      b.      the date of the document;

      c.      the person(s) who signed the document;

      d.      the person(s) who received the document or a copy of it;

      e.      the reason for non-production; and

      f.      the substance of the document.

## IV.    REQUESTS FOR PRODUCTION

1. All communications between David Kleiman and Craig Wright between March 12, 2008 and April 26, 2013, that relate to or reference any business or professional relationship between them.

2. All documents that relate in any way or reference W&K Info Defense Research, LLC.

3. All documents that relate to David Kleiman's work or association with or mining of cryptocurrency.

4. All documents that You received from any person or entity, including from David Kleiman, that reference or indicate his ownership in or of any bitcoin.

5. All documents and communications relating to agreements, contracts, invoices or leases between Dave Kleiman and Craig Wright, including the contracts referenced in any exhibit to the Amended Complaint.

6. All documents relating to invoices or requests for payment between Dave Kleiman and Craig Wright, including communications.

7. All documents relating to invoices or requests for payment between W&K Info Defense Research, LLC and Craig Wright, including communications.

6

8. All documents relating to any Belize companies, corporations, entities, or trusts, in which David Kleiman held any interest, including communications.

9. All documents relating to the GICSR Trust, including communications.

10. All documents relating to TTA-1-14, including communications.

11. All documents relating to Design by Human, Ltd. including communications.

12. All documents relating to the Panama Fund, including communications.

13. All documents relating to Gold bonds, including communications.

14. All documents relating to the Strasan Agreement, including communications.

15. All documents relating to C01N, including communications.

16. All documents relating to the COIN supercomputer, including communications.

17. All documents relating to the Denariuz Seychelles Trust, including communications.

18. All documents relating to the white paper entitled "Bitcoin: A Peer-to-Peer Electronic Cash System."

19. All documents relating to the paper titled "Electronic

20. All documents relating to companies, corporations, trusts, or entities that incorporate the word "tulip" or "tulips" in its name or documents, including communications.

21. All documents and communications relating to the following Cryptocurrency wallets or addresses:

   a. 1933phfhK3ZgFQNLGSDXvqCn32k2buXY8a;
   b. 1MSUvGS9BEjpL35CKu7feF4HaPCXv2cht7; and,
   c. 1 JjtxXmbC95sgn5kE2Hm92axA7hcbDkRhK.

22. All documents and communications relating to the following Cryptocurrency keys:

   a. 56EC 672A 6B67 266A 5E21 1514 ADDA 0EB2 E545 EB7B;
   b. DBB7 E697 59EF D7FE EB4C F51B 4FF1 CFEB C941 FE6D;

      c.      0AC1 SAFE 1F8D 3512 BE15 6909 B18B BF41 1F55 6274; and,
      d.      DE4E FCA3 E1AB 9E41 CE96 CECB 18C0 9E86 5EC9 48A1.

23. All documents and communications relating to the United States Department of Homeland Security, including the following proposals:

      a.      BAA 11-02-TTA 01-0127-WP: TTA 01 - Software Assurance: Software Assurance through Economic Measures;
      b.      BAA 11-02-TTA 05-0155-WP: TTA 05 - Secure. Resilient Systems and Networks;
      c.      BAA 11-02-TTA 09-0049-WP: TTA 09 - Cyber Economics; and,
      d.      BAA 11-02-TIA 14-0025-WP: TIA 14 - Software Assurance MarketPlace (SWAMP).

24. All documents and communications relating to any will or testament of David Kleiman, including a complete copy of the will attached as exhibit 17 to the Amended Complaint.

25. All documents and communication relating to David Kleiman's ownership of intellectual property.

26. All documents and communication relating to David Kleiman's ownership of Cryptocurrency.

27. All documents relating to the intellectual property referenced in paragraphs 3, 5, 7, 12, 13, 14, 15, 18, 64, 66, 67, 68, 72, 76, 89, 95, 96, 97, 116, 118, 130, 131, 146, 147, 148, 152, 158, 160, 171, 180, 187, 197, 200, 202, 204, 205, 209, 211, 212, and 213 of the Amended Complaint in this action.

28. All documents containing Dave Kleiman's signature, including digital and handwritten signatures.

29. All documents identifying the bitcoin that You allege rightfully belong to Dave Kleiman's estate.

30. All documents relating to communications between You and Patrick Paige regarding Cryptocurrency, Dave Kleiman, Craig Wright, or W&K Info Defense Research, LLC,

including any documents received from Patrick Paige pursuant to any request for information, either formally or informally.

31. All documents relating to communications between You and Carter Conrad regarding Cryptocurrency, Dave Kleiman, Craig Wright, or W&K Info Defense Research, LLC, including any documents received from Patrick Paige pursuant to any request for information, either formally or informally.

32. All documents relating to Your internet search history relating to Cryptocurrency, Dave Kleiman, Craig Wright, or W&K Info Defense Research, LLC.

33. All documents relating to Coin-Exch Pty, LTD, including communications.

34. All documents relating to CoinExch Pty, LTD stock shares distributed to Louis Kleiman, including communications.

35. All documents relating to communications with You and any news agency relating to Cryptocurrency, Dave Kleiman, Craig Wright, or W&K Info Defense Research, LLC, including any documents provided to any such news agency and any documents received from any such news agency.

36. All documents relating to litigation filed by You from April 2013 through the present, with the exclusion of the above-captioned matter.

37. All executed engagement letters with Boies Schiller Flexner in this action.

38. All documents relating to Dave Kleiman's autopsy report, including communications.

39. All documents relating to Dave Kleiman's medical records from March 12, 2008 through April 2013.

40. All documents relating to Dave Kleiman's phone records, including his home phone, cellular, and work phone, from January 2013 through April 2013.

41. All documents related to the probate of Dave Kleiman's estate, including tax documents.

42. All documents that You received either formally or informally from any source that relate in any way to the claims in the Amended Complaint, including correspondence.

43. All documents You provided to any testifying experts and all materials that You allowed them to inspect. This Request is ongoing in nature, and thus covers all documents that You provide to any testifying expert and all materials that You allow them to inspect during the pendency of this litigation,

Dated: January 18, 2019

        **RIVERO MESTRE LLP**

        *Attorneys for Craig Wright*
        2525 Ponce de León Blvd., Suite 1000
        Miami, Florida 33134
        Telephone: (305) 445-2500
        Facsimile: (305) 445-2505
        E-mail: arivero@riveromestre.com
        E-mail: jmestre@riveromestre.com
        E-mail: arolnick@riveromestre.com
        E-mail: zmarkoe@riveromestre.com
        E-mail: zkass@riveromestre.com
        Secondary: receptionist@riveromestre.com

By:  /s/ Andrés Rivero
     ANDRES RIVERO
     Florida Bar No. 613819
     JORGE A. MESTRE
     Florida Bar No. 088145
     ALAN H. ROLNICK
     Florida Bar No. 715085

## **CERTIFICATE OF SERVICE**

      I certify that on January 18, 2019, I electronically served this document on all counsel of record by e-mail.

/s/ Andrés Rivero
ANDRÉS RIVERO
