# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN,
as personal representative of
the estate of David Kleiman,
and W&K INFO DEFENSE RESEARCH,
LLC

    Plaintiffs,

        v.                                      Case No. 9:18-cv-80176

CRAIG WRIGHT,

    Defendant.
_____/

**CRAIG WRIGHT'S RESPONSES AND OBJECTIONS TO
PLAINTIFFS' FOURTH REQUEST FOR PRODUCTION**

In accordance with Rule 34 of the Federal Rules of Civil Procedure, Defendant Craig Wright responds to Plaintiffs' Fourth Request for Production (the "*Requests*") as follows:

**PRELIMINARY STATEMENT**

Plaintiffs lawsuit against Dr. Wright was first filed almost 5 years after the unfortunate death of David Kleiman. Most of the Requests are, at best, tangentially related to the claims in the Second Amended Complaint ("*SAC*") but seek to impose the incredibly burdensome task of searching for and producing documents from over a decade ago that are not routinely maintained. Dr. Wright has not completed his investigation of this action. The responses set forth below are based on his knowledge, information, and belief at this time. The individual responses and objections are not intended to be, and should not be interpreted as, a representation as to the existence or nonexistence of specific documents in his possession, custody, or control. Indeed, Dr. Wright cannot state that documents responsive to the Requests still exist but will endeavor to search for documents related to the claims in the SAC and his affirmative defenses in good faith. Dr. Wright incorporates by

1

reference this preliminary statement in each of his specific responses below and reserves the right to amend or supplement his response to each specific request.

The parties have been negotiating a confidentiality order but have been unable to reach an agreement on all the terms. With no confidentiality order in place, Dr. Wright objects to the production of any potentially confidential documents until such order has been entered by the Court.

Subject to the responses and objections set forth below, Dr. Wright agrees to search for and produce responsive, non-privileged documents in his personal possession, custody, or control in a mutually agreeable fashion on a rolling basis as such documents become available. Dr. Wright's counsel is available to meet and confer with Plaintiffs' counsel regarding these responses and objections at a mutually convenient time.

## SPECIFIC RESPONSES TO DEFINITIONS

**Definition No. 2**

Dr. Wright objects to this definition to the extent that it seeks to enforce a duty upon him to produce documents outside of his personal custody and control, or which he has no authority to provide. Moreover, Dr. Wright objects to this definition to the extent that Plaintiffs seek to improperly obtain discovery from non-parties and appear to treat any entity that has any connection to Dr. Wright as a party to this litigation, when Plaintiffs have not sued anyone other than Dr. Craig Wright individually (even after amending their complaint twice). Further, Dr. Wright objects to this definition to the extent it seeks to impose on him knowledge he may not possess. For example, one can be a beneficiary of a whole host of entities including trusts without being aware of that fact.

**Definition No. 4**

Dr. Wright objects to this definition to the extent it includes documents that are protected by the attorney-client privilege, attorney work-product doctrine, spousal privilege, or any other privilege or protection from production under relevant statutes and case law, including the laws of

foreign nations. He also objects to this definition to the extent that it seeks to impose on him obligations greater than those set forth in the Federal Rules of Civil Procedure. Dr. Wright further objects to this definition to the extent that it seeks documents available in the public domain, which are more convenient, less burdensome, and less expensive to obtain.

**Definition No. 5**

Dr. Wright objects to this definition to the extent that it seeks duplicative documents, including, but not limited to, electronic documents with the same hash value.

**Definition No. 6**

Dr. Wright objects to this definition to the extent that it seeks documents available in the public domain. Moreover, Dr. Wright objects to this definition to the extent that it seeks documents protected and restricted by the laws of foreign nations where the data was created or is maintained.

**Definition No. 7**

Dr. Wright objects to this definition to the extent that it seeks documents not in his possession, custody, or control. Dr. Wright further objects to this definition to the extent that it seeks documents that may be covered under confidentiality or non-disclosure agreements. Moreover, Dr. Wright objects to this definition to the extent that it seeks documents protected and restricted by the laws of foreign nations where the data was created or is maintained.

**Definition No. 13**

Dr. Wright objects to this definition to the extent that it seeks to impose on him obligations greater than those set forth in the Federal Rules of Civil Procedure. Dr. Wright further objects to this definition as it has no relevance to the requests and is not used here.

**Definition No. 13**

Dr. Wright objects to the use of the disjunctive to include the conjunctive (and vice versa), because it makes the requests unintelligible.

**Definition No. 17**

The Court ruled during the February 20, 2019, discovery hearing that this time period ends on March 14, 2018.

## RESPONSES TO REQUESTS FOR PRODUCTION

**Request No. 1**

For Plaintiff's first set of request for production served on May 30, 2018, please produce any documents or communications that would be responsive when the term "you" or "your" used in requests number 1, 2, 3, 6, 7, 8, 9, 13, 15, and 16 is interpreted to mean "any Person or Trust (as defined herein) of which (a) Craig Wright is an owner, shareholder, member, manager, director, officer, employee, trustee, or beneficiary of ("CSW Persons/Trusts"), or that (b) is controlled by Craig Wright or any CSW Persons/Trusts." This request excludes documents and communications already requested under the definition provided therein.

**Response to Request No. 1**

Dr. Wright has already responded to requests number 1, 2, 3, 6, 7, 8, 9, 13, 15, and 16 in his response to Plaintiffs' First Request for Production, which limited the definition of "You" and "Yours" as "Defendant Craig Wright." Subsequently, the Court ruled on the appropriate scope of discovery as it relates to those requests during the discovery hearing on February 20, 2019. Plaintiffs' expanded definition of "Dr. Craig Wright" and "You" in this Request is improper because it attempts to obtain discovery from non-parties and appears to treat any entity that has any connection to Dr. Wright as a party to this litigation, when Plaintiffs have not sued anyone other than Dr. Wright individually (even after amending their complaint twice). It also seeks documents that are outside of Dr. Wright's personal custody and control.

During the Parties' meet and confer on February 25, 2019, Plaintiffs asserted that it is their

position that Dr. Wright has an obligation to search for and image documents and electronic devices anywhere in the world that they assert he could have control over. Specifically, Plaintiffs asserted that Dr. Wright is obliged to search for documents held by Australian companies in Australia, contact counsel and accountants who represented him or his companies anywhere in the world to see if they have any responsive material, go and search any storage facilities that Dr. Wright or any of his companies may have in Australia, and search home(s) in Australia in which Dr. Wright no longer resides and were, according to the Second Amended Complaint, raided by the Australian Tax Authority at the end of 2015.

Dr. Wright has gathered all documents and ESI located in the United Kingdom, where he has resided since the end of 2015 that relate to the claims and defenses in this case. It is Dr. Wright's position that is what is required.

**Request No. 2**

A copy of all of Craig Wright's marriage certificates and/or licenses.

**Response to Request No. 2**

Dr. Wright objects to this Request as it seeks documents accessible in the public domain. However, for the sake of expediency and to the extent Plaintiffs seeks to confirm Dr. Wright's marriages for the purposes of ascertaining spousal privilege, Dr. Wright will produce a copy of his marriage to certificate to Ramona Watts. Dr. Wright does not have a copy of his marriage certificate to his ex-wife, Lynn Wright, but states that they were married in Canada.

**Request No. 3**

A copy of any prenup or postnup (including all drafts) relating to Craig Wright.

**Response to Request No. 3**

During the Parties' meet and confer on February 25, 2019, Dr. Wright's counsel stated its objection to the relevance of this Request. Plaintiffs asserted that the relevance relates to "tracing

forward" in that it will disclose Dr. Wright's assets at the time of the prenup or postnup. Plaintiffs offered to potentially narrow the scope of their request if Dr. Wright would inform them as to whether any such documents exist and the dates of any such documents. Dr. Wright maintains his objection to the relevance of this Request as it does not relate to the claims in the Second Amended Complaint and appears to be solely related to asset tracing and recovery before any determination of liability (i.e., before any indicia that a "theft" occurred). Because there is no relevance, it is not proportional to the needs of the case.

    Dr. Wright also objects as the Request is highly personal and improperly intrusive. The financial arrangements between spouses is both personal and sensitive. Plaintiffs' counsel's insistence on even asking those questions of Dr. Wright is offensive and harassing.

**RIVERO MESTRE LLP**

*Attorneys for Craig Wright*
2525 Ponce de León Blvd., Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505
E-mail: arivero@riveromestre.com
E-mail: amcgovern@riveromestre.com
E-mail: arolnick@riveromestre.com
E-mail: zmarkoe@riveromestre.com
E-mail: zkass@riveromestre.com
Secondary: receptionist@riveromestre.com

By:   /s/ Zaharah R. Markoe
      ANDRES RIVERO
      Florida Bar No. 613819
      AMANDA MCGOVERN
      Florida Bar No. 964263
      ALAN H. ROLNICK
      Florida Bar No. 715085
      ZAHARAH R. MARKOE
      Florida Bar No. 504734

## **CERTIFICATE OF SERVICE**

    I certify that on February 25, 2019, I electronically served this document on all counsel of record by e-mail.

                                                /s/ Zaharah R. Markoe  
                                                ZAHARAH R. MARKOE