UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

    plaintiffs,

v.                                                                                                 **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

    defendant.
_____/

## JOINT MOTION SUBMITTING ALTERNATE CONFIDENTIALITY ORDERS RELATED TO THE IMAGES OF DAVE KLEIMAN'S ELECTRONIC DEVICES

During the March 7, 2019, discovery conference, Magistrate Judge Reinhart ordered the parties to submit a proposed confidentiality order that would govern AlixPartner's analysis of the forensic copies of images of Dave Kleiman's electronic devices, which plaintiffs must produce by March 14, 2019.[1] The parties have met and conferred multiple times to draft a proposed confidentiality order but have been unable to reach an agreement. For that reason, the parties jointly move for the entery of a confidentiality order, but each submit their proposed version and request that the Court enter one of them. Dr. Wright's proposed order is attached as Exhibit A and Plaintiffs' proposed order is attached as Exhibit B. The parties briefly state their respective positions below.

**Defendant:** Plaintiffs' proposed confidentiality order is overly complicated and will further delay defendant's ability to discover what happened to the data that was stored on Dave's electronic devices. AlixPartners cannot provide a meaningful report to defendant without disclosing the folder names and file paths. Under plaintiffs' proposed order, defendant would have to wait an additional ten days to receive that essential information. Plaintiffs argue that they must

---
[1] Hrg. Tr. 59:5-19.

review the folder names and file paths for privilege, but it is hard to imagine a circumstance where such a privilege would exist. The folder names and file paths are on Dave's computers (that were used by Ira after Dave's death); neither of them are attorneys.

Further, in plaintiffs' proposed confidentiality order, they include a footnote hypothesizing about a "hot docs" folder containing a list of files names, which would then "reveal which documents plaintiffs believes are 'Hot.'" But plaintiffs' fears are already addressed by Dr. Wright's proposed confidentiality order, which prohibits AlixPartners from disclosing any document file names without plaintiffs' authorization and before plaintiffs review the file names for privilege. Thus, even if plaintiffs' selection of hot documents were privileged (as opposed to his attorneys), no privileged information would be revealed.

Moreover, to the extent that plaintiffs had a legitimate concern regarding potential privilege, plaintiffs have had these drives since Dave's untimely passing in 2013 and have had the images of them since January 2019. Plaintiffs have had more than sufficient time to ascertain whether the folder names and file paths contain privileged information. Notwithstanding, defendant's counsel offered plaintiffs' counsel until March 20th to conduct a privilege review of the folder names and file paths while AlixPartners conducts its analysis. At which point, plaintiffs' counsel would inform AlixPartners which folder names and file paths it could not disclose. Plaintiffs refused that offer.

For the reasons above, Dr. Wright maintains that plaintiffs' objection is unjustified and will lead to unnecessary further delay. Dr. Wright respectfully asks that the Court enter his proposed confidentially order, which is attached as Exhibit A.

**Plaintiffs:** The Parties disagree on only one issue: whether Plaintiffs should get 10 days to review the list of folder names contained on Dave's drives for privileged work product materials before AlixPartners produces that information to Defense counsel. Plaintiffs' proposed confidentially order provides for this review while Defendant's does not. *See* Exhibit C (redlined comparison of the two proposals).

But it's easy to see how folder names might reveal Plaintiffs' privileged work product. For example, a folder structure like the following figure would reveal to Defendant which documents Plaintiffs view as "Hot."

| > HOT DOCS | | |
|---|---|---|
| Name | Date modified | Type |
| BATES -- ANDRESEN00343-00349 | 3/13/2019 4:43 PM | File folder |
| BATES -- KLEIMAN00123-00456 | 3/13/2019 4:43 PM | File folder |
| BATES -- WRIGHT00111-00123 | 3/13/2019 4:42 PM | File folder |

Plaintiffs' proposal to prevent disclosure of this protected information only asks that Plaintiffs' counsel be provided 10 days to review all file and folder names before they're produced to defense counsel. Defendant's sole argument in opposition is that protecting this work product simply isn't worth a 10-day delay.[2]

To be sure, 10 days is not a long time to conduct this review. There are over 250,000 files on the drives, not counting folders. Assuming it takes 1-second to review a file name, it will take

---

[2] Defendant appears not to appreciate the difference between attorney client privileged materials, and work product privilege. One doesn't have to be an attorney to create information protected by the work product privilege. *Sprit Master Funding, LLC v. Pike Nurseries Acquisition, LLC*, 287 F.R.D. 680, 684 (N.D. Ga. 2012) ("The work product privilege provides a qualified immunity for materials prepared in anticipation of litigation by a party, an attorney, or other representatives of the party.") (emphasis added); *see also* Fed. R. Civ. P. 26(b)(3)(A) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative . . .") (emphasis added).

more than 69.4 hours to review this entire list. Furthermore, Defendant's argument that Plaintiffs should have conducted this review sooner is specious since they first requested a full list of all file and folder names on March 11, 2019.

In short, this Court has ordered Plaintiffs to produce, directly to Defendant's hired expert, forensic images of drives that are full of Plaintiffs' work product. But it did so on the premise that Defense counsel would never see protected or privileged information because Plaintiffs would have a chance to review everything before it was produced to defense counsel. Now, Defendant is seeking to circumvent the Court's protections and obtain direct access to potentially privileged work product. That's not permitted and this Court shouldn't allow it. *Wiggins v. McHugh*, 2011 WL 13279152 (S.D. Ga. July 26, 2011) ("Even in cases where courts have found computer imaging and inspection to be warranted, the courts have nonetheless adopted procedures to protect privilege and privacy concerns."); *Genworth Fin. Wealth Mgmt., Inc. v. McMullan*, 267 F.R.D. 443, 339 (D. Conn. 2010) (same).

Plaintiffs respectfully request the Court enter their version of the protective order to preserve Plaintiffs' privileged work product materials. Defendant would not be prejudiced by waiting a *maximum* of 10 days to receive the list, but forced disclosure may severely prejudice Plaintiffs.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), I certify that counsel for the plaintiffs and defendants have conferred regarding the relive sought. Both parties agree with the relief sought herein.

Respectfully submitted,

| | |
|---|---|
| *Counsel to Plaintiff Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.* | *Attorneys for Dr. Craig Wright*<br><br>RIVERO MESTRE LLP<br>2525 Ponce de Leon Boulevard, Suite 1000 |

s/ Velvel (Devin) Freedman
Velvel (Devin) Freedman, Esq.
BOIES SCHILLER FLEXNER LLP
100 SE Second Street, Suite 2800
Miami, Florida  33131
Telephone:  (305) 539-8400
Facsimile:   (305) 539-1307
vfreedman@bsfllp.com

Kyle W. Roche, Esq.
Admitted Pro Hac Vice
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile:  (914) 749-8300
kroche@bsfllp.com

Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: jmestre@riveromestre.com
Email: arolnick@riveromestre.com
Email: receptionist@riveromestre.com

By: s/ Andres Rivero
ANDRES RIVERO
Florida Bar No. 613819
ALAN H. ROLNICK
Florida Bar No. 715085
AMANDA MCGOVERN
Florida Bar No. 964263
SCHNEUR KASS
Florida Bar No. 100554

**CERTIFICATE OF SERVICE**

I certify that on March 13, 2019, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

 /s/ Velvel (Devin) Freedman
Velvel (Devin) Freedman