# Exhibit B

## Bryan Paschal

| | |
|---|---|
| **From:** | Bryan Paschal |
| **Sent:** | Wednesday, March 20, 2019 12:10 PM |
| **To:** | 'Velvel (Devin) Freedman'; Kyle Roche |
| **Cc:** | Amanda McGovern; Andres Rivero; Zalman Kass; Zaharah Markoe; William T Dzurilla; Maxwell Pritt |
| **Subject:** | RE: Kleiman v. Wright |

Vel,

While we will certainly work with you on coordinating deposition dates, we do not believe that we should postpone Paige and Conrad's depositions based on the objections raised in your email.

First, your client, on behalf of Dave's estate, was engaged in litigation with Paige and Conrad since November 21, 2016. Your client took discovery in that case regarding Dr. Wright and Dave. Therefore, your client is likely *already* in possession of any documents that are necessary for Paige and Conrad's depositions. We also note that your client has yet to produce responsive documents from that case, even though we requested them.

Second, our main expectation about the relevance that Paige and Conrad have to this action is that they have personal knowledge about what happened to Dave's electronic device and his working papers after Dave died. That information is critical because, separate from the fact that we have yet to receive a single document from Dave's devices (which will address in a separate email), we have also not received basic information about what your client did to Dave's electronic devices. In response to our interrogatories your client told us that he is "no longer in possession of 3 or 4 of Dave's hard drives," but would not tell us what happened to those drives or who is in possession of them. Your client also would not tell us the steps that he took to access Dave's electronic devices before he re-formatted those devices. Given the seriousness of the allegations in the Second Amended Complaint, and the importance of Dave's electronic devices and his physical papers, we need to get answers about what happened to that key evidence, and Conrad and Paige may be able to shed some light on that.

Third, more production from Dr. Wright will not make Paige and Conrad's depositions any more meaningful. As you know based on your client's documents, the first time Paige and Conrad met Dr. Wright was after Dave died, their communications with Dr. Wright were extremely limited, and they have told your client that they do not have personal knowledge of the facts alleged in this action.

Please reconsider your objection, but if we need to raise this issue with the Court in the upcoming discovery conference, please let us know by tomorrow morning.

Bryan

**From:** Velvel (Devin) Freedman <vfreedman@bsfllp.com>
**Sent:** Tuesday, March 19, 2019 11:45 PM
**To:** Bryan Paschal <bpaschal@riveromestre.com>; Kyle Roche <kroche@bsfllp.com>
**Cc:** Amanda McGovern <amcgovern@riveromestre.com>; Andres Rivero <arivero@riveromestre.com>; Zalman Kass <zkass@riveromestre.com>; Zaharah Markoe <zmarkoe@riveromestre.com>; William T Dzurilla <wdzurilla@bsfllp.com>; Maxwell Pritt <mpritt@bsfllp.com>
**Subject:** RE: Kleiman v. Wright

Bryan,

To follow up on the below, while we remain free on those two dates, we want to lodge our objection to setting Patrick and Carter for deposition at this stage of the case.

To date, we have only just received our second set of production from you and based on the search terms so far (based on only our first RFPs) there are tens of thousands of additional documents outstanding. Before we can efficiently and properly depose these two witnesses, we will need to receive the balance of your production and have time to review it.

They may object to being deposed twice and we can't be prejudiced in our ability to prepare for trial.

Thanks,
-Vel
**Velvel (Devin) Freedman**
Counsel

BOIES SCHILLER FLEXNER LLP
100 SE 2ND Street Suite 2800
Miami, FL 33131
(t) +1 305 357 8438
(m) +1 305 753 3675
vfreedman@bsfllp.com
www.bsfllp.com

**From:** Velvel (Devin) Freedman
**Sent:** Tuesday, March 19, 2019 8:02 PM
**To:** 'Bryan Paschal'; Kyle Roche
**Cc:** Amanda McGovern; Andres Rivero; Zalman Kass; Zaharah Markoe; William T Dzurilla; Maxwell Pritt
**Subject:** RE: Kleiman v. Wright

Bryan,

We will accept service of process for Ju Kleiman and request you coordinate her deposition date through us.

1. 4/29 and 4/30 do not work for me.
2. 5/1 and 5/2 work

I appreciate the agreement in re Ira's deposition.

Thanks,
-Vel
**Velvel (Devin) Freedman**
Counsel

BOIES SCHILLER FLEXNER LLP
100 SE 2ND Street Suite 2800
Miami, FL 33131
(t) +1 305 357 8438
(m) +1 305 753 3675
vfreedman@bsfllp.com
www.bsfllp.com

**From:** Bryan Paschal [mailto:bpaschal@riveromestre.com]
**Sent:** Tuesday, March 19, 2019 4:39 PM
**To:** Kyle Roche; Velvel (Devin) Freedman
**Cc:** Amanda McGovern; Andres Rivero; Zalman Kass; Zaharah Markoe
**Subject:** Kleiman v. Wright

Kyle and Vel,

Attached is our notice of issuing subpoenas to Ju Kleiman, Patrick Paige, Carter Conrad, and Joseph Karp. We have not yet served the subpoenas, so please let us know if the deposition dates work for you (scheduled for the week of April 29-May 2). Also, please confirm whether you will accept service on behalf of Ju Kleiman.

Separately, we can have Ira's initial deposition (April 8) at your Miami office. We will circulate an amended notice.

Sincerely,

**Bryan L. Paschal**
**RIVERO MESTRE LLP**
2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134
(T) 305.445.2500 | (F) 305.445.2505
Bpaschal@riveromestre.com | www.riveromestre.com

This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 02201831BSF]