# Exhibit C

Attorney Work Product – Privileged and Confidential

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-cv-80176

IRA KLEIMAN,
as personal representative of
the estate of David Kleiman,
and W&K INFO DEFENSE RESEARCH,
LLC

    Plaintiffs,

v.

CRAIG WRIGHT,

    Defendant.
_____/

## CRAIG WRIGHT'S RESPONSE TO
## PLAINTIFFS' REVISED FIRST AND SECOND SET OF INTERROGATORIES

In accordance with Rule 33 of the Federal Rules of Civil Procedure, Craig Wright responds to Plaintiffs' Revised First and Second Set of Interrogatories (the "Interrogatories") as follows:

## SPECIFIC RESPONSES TO DEFINITIONS

**Definition No. 4**

Dr. Wright objects to this definition as it has no relevance to the Interrogatories here and is not used here.

**Definition No. 5**

Dr. Wright objects to this definition as it has no relevance to the Interrogatories here and is not used here.

**Definition No. 6**

Dr. Wright objects to this definition as it has no relevance to the Interrogatories here and is not used here.

**Definition No. 7**

Dr. Wright objects to this definition to the extent it seeks information that is not available to him or under his personal control. Dr. Wright further objects to this definition to the extent that it seeks information that may be covered under confidentiality or non-disclosure agreements.

**Definition No. 8**

Dr. Wright objects to this definition as it has no relevance to the Interrogatories here and is not used here.

**Definition No. 9**

Dr. Wright objects to this definition as it has no relevance to the Interrogatories here and is not used here.

**Definition No. 10**

Dr. Wright objects to this definition as it has no relevance to the Interrogatories here and is not used here.

**Definition No. 11**

Dr. Wright objects to this definition as it has no relevance to the Interrogatories here and is not used here.

**Definition No. 12**

Dr. Wright objects to this definition to the extent that it seeks to impose on him obligations greater than those set forth in the Federal Rules of Civil Procedure, and to the extent that portions of the definition are irrelevant to the Interrogatories here.

**Definition No. 13**

Dr. Wright objects to the use of the disjunctive to include the conjunctive (and vice versa), because it makes the Interrogatories unintelligible.

**Definition No. 14**

Dr. Wright objects to this definition as it has no relevance to the Interrogatories here and is not used here.

**SPECIFIC INTERROGATORY RESPONSES**

**Revised Interrogatories Nos. 1-4**

Please identify the public key of all bitcoins (1) that you mined from January 3, 2009 until April 31, 2013; (2) that Dave Kleiman mined during that same period, and (3) that W&K Info Defense Research mined during that same period.

**Response to Revised Interrogatories Nos. 1-4**

During the March 15, 2019 meet and confer on these revised interrogatories, plaintiff agreed to postpone the response due date for this interrogatory until after there is a final ruling from the Court as to plaintiff's second request for production, request1.

**Revised Interrogatory No. 5**

Identify any and all persons who have, or who have ever had, control over the satoshin@gmx.com, satoshi@vistomail.com, and satoshi@anonymousspeech.com accounts. For purposes of this Interrogatory No. 5, the term "control" means anyone who has ever had the login credentials to any of these accounts or anyone who has ever been involved in drafting or sending an email from any of these accounts.

**Response to Revised Interrogatory No. 5**

Dr. Wright objects to this interrogatory because it improperly, and without legal justification, seeks personal private and commercial information relating to the use of email

accounts with the name "Satoshi" where the identity of "Satoshi Nakamoto" is not relevant to plaintiffs' claims. Specifically, the claims in this case alleged by plaintiffs in the Second Amended Complaint ("SAC") are that (i) Dr. Wright stole unidentified intellectual property from Dave Kleiman either before or after his unfortunate death (that part is vague in the SAC and, notably, not supported by a single allegation—much less proof—that Dave Kleiman ever made such an accusation); and (ii) Dr. Wright stole bitcoins from Dave Kleiman (again, without a single allegation, or any evidence, that Dave Kleiman ever made such an accusation).

In this case, the identity of "Satoshi Nakamoto" is an irrelevant red herring, and discovery relating to it is irrelevant, harassing, and appears intended to, and would, impose unnecessary and undue burden in what is a time-limited discovery period. As the Court has directed, discovery should proceed from the most relevant requests out. The identity of "Satoshi Nakamoto" is not even relevant.

"Satoshi Nakamoto" is widely credited with drafting and publishing the whitepaper entitled "Bitcoin: A Peer-to-Peer Electronic Cash System," creating the bitcoin protocol, and making that protocol publicly available in January of 2009 as open source software. The whitepaper was published more than four years before Dave Kleiman's untimely death. Thus, any inquiry into the identity of "Satoshi Nakamoto" protocol is irrelevant to this case and to discovery regarding the bitcoin protocol, because open source and publicly available software cannot be stolen.

As for the alleged theft of bitcoins, the identity of persons who controlled various "Satoshi" email addresses identified in this interrogatory has no relation to plaintiffs' allegations that Dr. Wright stole bitcoins from Dave Kleiman. For these reasons, Dr. Wright objects to

4

responding to this interrogatory which unreasonably attempts to improperly expand the scope of discovery beyond any relation to plaintiffs' claims.

To the extent plaintiffs seek the identification of potential witnesses who may have knowledge about the relationship between Dr. Wright and Dave Kleiman as it relates to Plaintiffs' claims, Dr. Wright would be willing to answer an interrogatory that is tailored to that purpose. During the parties' meet and confer on March 15, 2019, Dr. Wright made this offer to plaintiffs, but plaintiffs rejected it.

**Revised Interrogatory No. 6**

Identify any and all persons you know that either (1) assisted in drafting the paper "Bitcoin: A Peer-to-Peer Electronic Cash System" or it precursor "Electronic Cash Without A Trusted Third Party"; (2) were involved in writing the software / computer code that constituted the initial Bitcoin protocol used to mine Bitcoin's "genesis block" on January 3, 2009; or (3) were, prior to January 3, 2009, otherwise involved in the original release of the aforementioned papers or code, this includes but is not limited to, the identity of the "three key people behind Bitcoin" you referred to in your February 11, 2014 email to Louis Kleiman cited at paragraph 133 of the Amended Complaint (D.E. 24).

**Response to Revised Interrogatory No. 6**

Dr. Wright objects to this interrogatory because it improperly, and without legal justification, seeks personal private and commercial information relating actions taken by "Satoshi" when the identity of "Satoshi Nakamoto" is not relevant to plaintiffs' claims. Specifically, the claims in this case alleged by plaintiffs in the SAC are that (i) Dr. Wright stole unidentified intellectual property from Dave Kleiman either before or after his unfortunate death (that part is vague in the SAC and, notably, not supported by a single allegation—much less

5

proof—that Dave Kleiman ever made such an accusation); and (ii) Dr. Wright stole bitcoins from Dave Kleiman (again, without a single allegation, or any evidence, that Dave Kleiman ever made such an accusation).

"Satoshi Nakamoto" is widely credited with drafting and publishing the whitepaper entitled "Bitcoin: A Peer-to-Peer Electronic Cash System," creating the bitcoin protocol, and making that protocol publicly available in January of 2009 as open source software. The whitepaper was published more than four years before Dave Kleiman's untimely death. Thus, any inquiry into the identity of "Satoshi Nakamoto" protocol is irrelevant to this case and to discovery regarding the bitcoin protocol, because open source and publicly available software cannot be stolen.

In this case, the identity of "Satoshi Nakamoto" is an irrelevant red herring, and discovery relating to it is irrelevant, harassing, and appears intended to, and would, impose unnecessary and undue burden in what is a time-limited discovery period. As the Court has directed, discovery should proceed from the most relevant requests out. The identity of "Satoshi Nakamoto" is not even relevant.

As for the alleged theft of bitcoins, the identity of persons involved in creating the bitcoin protocol or drafting the bitcoin whitepaper, which plaintiffs seek in this interrogatory, has no relation to Plaintiffs' allegations that Dr. Wright stole bitcoins from Dave Kleiman. For these reasons, Dr. Wright objects to responding to this interrogatory, which unreasonably attempts to expand the scope of discovery beyond any relation to plaintiffs' claims.

To the extent plaintiffs seek the identification of potential witnesses who may have knowledge about the relationship between Dr. Wright and Dave Kleiman as it relates to Plaintiffs' claims, Dr. Wright would be willing to answer an interrogatory that is narrowly

tailored to that purpose. During the parties' meet and confer on March 15, 2019, Dr. Wright made this offer to plaintiffs, but plaintiffs rejected it.

Dated: March 15, 2019

**RIVERO MESTRE LLP**

*Attorneys for Craig Wright*
2525 Ponce de León Blvd., Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505
E-mail: arivero@riveromestre.com
E-mail: amcgovern@riveromestre.com
E-mail: arolnick@riveromestre.com
E-mail: zmarkoe@riveromestre.com
E-mail: zkass@riveromestre.com
Secondary: receptionist@riveromestre.com

By:   /s/ Andrés Rivero
     ANDRES RIVERO
     Florida Bar No. 613819
     JORGE A. MESTRE
     Florida Bar No. 088145
     AMANDA MCGOVERN
     Florida Bar No.
     ALAN H. ROLNICK
     Florida Bar No. 715085
     ZAHARAH R. MARKOE
     Florida Bar No. 504734

**CERTIFICATE OF SERVICE**

I certify that on March 15, 2019, I electronically served this document on all counsel of record by e-mail.

                                                    /s/ Andrés Rivero
                                                    ANDRÉS RIVERO