UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

    plaintiffs,

v.                                                       **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

    defendant.
_____/

## DR. WRIGHT'S REQUEST FOR AN
## URGENT DISCOVERY STATUS CONFERENCE

Dr. Wright submits that a status conference regarding discovery is necessary because on Thursday, during our in-person meeting with plaintiffs' counsel, we learned for the first time two critical facts that not only flatly contradict what plaintiffs represented to the Court at the discovery conference on Tuesday, but may also materially affect discovery. Specifically, this entire case centers on Dave Kleiman—plaintiffs allege that Dr. Wright stole bitcoins and intellectual property from Dave. Yet, plaintiffs have slow walked their production of Dave's documents, despite the critical importance of those documents. At Tuesday's hearing, we expressed our concern that we have not received a single document from Dave that is relevant to plaintiffs' claims. Plaintiffs' justification for delaying Dave's production was that there are "literally hundreds of thousands of documents from Dave Kleiman" that have to be reviewed before they can be produced:

> MR. FREEDMAN: Yes. **So the problem is, your Honor, there are literally hundreds of thousands of documents from Dave Kleiman**. Those documents have to be reviewed for privilege and they have -- somebody has to look at them before they go out the door. Like I said, we have seven people reviewing it, but that is why search terms were invented, right, so we don't have to review hundreds

of thousands of documents and just hand them over to the defendant. I can't hand over documents just like that.

Hr'g Tr. 21:13-21 (emphasis added), attached as **Exhibit A**.

This statement is inaccurate. During our in-person meeting with plaintiffs' counsel, we learned that the "universe" of Dave's documents stored on his devices, without running any search terms, is 31,304. Of those documents, *only 1,833* respond to search terms relating to Dr. Wright, W&K, or bitcoin. We also learned for the first time yesterday, that plaintiffs have only accessed *one* of Dave's *five* email accounts. That single email account has only 303 documents that respond to search terms relating to Dr. Wright, W&K, and bitcoin. We haven't received *any* of these documents.[1]

Furthermore, at Tuesday's hearing we asked that the Court address another problem— plaintiffs' productions thus far has mostly consisted of troves of Ira Kleiman's emails that appear to have been culled directly from his spam or junk email folders (i.e. CompUSA advertisements, Quora article recommendations, pictures of horses, and other online-sale solicitations).[2] To help put an end to this nonsense production, we asked that the plaintiffs prioritize—from the purported "universe" of over a million documents—production of documents relating to Dr. Wright, W&K, or bitcoin by Friday (today):

> What I would request, your Honor, is that the prioritization starts with Craig Wright, move to W&K, and then move to Bitcoin so that we're not receiving Google Ads, Craig's List ads, CoRA Forum reviews. *So that the next production we get*

---

[1] Plaintiffs are also, for the first time, lodging a new objection to producing Dave's documents on the basis that a large amount of Dave's documents are purportedly privileged because they consist of forensic work that he did as an expert witness for attorneys in other cases. Apart from the fact that this objection should have been made long ago, it's not clear how these documents are privileged or why they would turn up in searches related to Dr. Wright, W&K, and bitcoin.

[2] Of course, these documents have no connection to this case, and we are still not sure what search terms plaintiffs are using to locate these documents. The horse photos should not be responsive to the agreed and approved search terms. It is also notable that plaintiffs took time to redact portions of these non-responsive documents and then designate them as "confidential." This is not helpful to moving the case forward.

> ***on Friday is going to be a subset of the million documents of documents that are actually relevant to their claims***.

Hr'g Tr. 27:16-22 (emphasis added). Plaintiffs agreed to this request. *Id.* at 28:14-15 (the Court stating that "Ms. McGovern, I think he agreed to what you asked for. So we are good there."). Plaintiffs are now telling us that they ***are not*** producing these documents on Friday.

Given the seriousness of plaintiffs' allegations, the amount of party and judicial resources spent addressing discovery issues, and plaintiffs' representations to the Court to justify their delay in producing Dave's documents, it is deeply troubling that we are learning these "new" facts just yesterday. Had plaintiffs disclosed that they had only 31,304 documents from Dave, of which only 1,833 respond to basic search terms, the parties would not have had to devote so much time coming up with search terms because they were unnecessary. Had plaintiffs told us earlier that they only had access to one of Dave's email accounts, we could have taken steps to access the other email accounts (i.e. subpoenas). Had plaintiffs disclosed the truth about Dave's documents, the Court would have likely ordered production of Dave's documents long ago, which would have saved considerable time and resources, accelerated the discovery process, and moved this case forward.

In addition, there are other discovery disputes that plaintiffs have avoided addressing by either engaging in obstinate delay tactics or by refusing to engage in the required meet-and-confers, despite the rapidly approaching Court-ordered deadlines. We've repeatedly asked for deposition dates for non-parties,[3] and plaintiffs finally responded that "[b]efore we schedule these deposition," Dr. Wright has to "agree" not to seek to re-depose the witnesses if plaintiffs produce documents after the deposition date. *See* V. Freedman email to B. Paschal, dated March

---

[3] At Tuesday's hearing, the Court ordered that Patrick Paige and Carter Conrad can be deposed. We are now asking for dates for non-parties Ju Kleiman and Joseph Karp, Esq.

27, 2019, attached as **Exhibit B**. In light of plaintiffs' failure to timely produce "bull's eye" documents from a small "universe" of documents, this condition is particularly unreasonable. We are seeking to schedule depositions to take place just a month before the discovery deadline, and plaintiffs cannot hold up depositions because they are slow walking their production of relevant documents. We ask that the Court order the parties to agree to clearing alternating weeks for the scheduling of depositions—plaintiffs start the week of April 29; Dr. Wright starts on the week of May 6.

We have also asked plaintiffs for a meet-and-confer regarding certain of their discovery responses, but we have not heard from them. *See* B. Paschal email to V. Freedman, dated March 27, 2019, attached as **Exhibit C**. It is important to resolve plaintiffs' objections to our discovery requests,[4] because we are deposing Ira on April 8, and certain interrogatories and document requests correspond to the topics of Ira's deposition that we sent plaintiffs. Specifically, our interrogatories and document requests sought information regarding the identity of Ira's litigation funder, how much money Ira received from that funder, and whether Ira assigned any portion of his cause of action to that funder. Plaintiffs objected that the information is privileged. We intend to ask Ira these questions at his deposition and an advanced ruling on the scope of privilege will avoid instructions not to answer.

Moreover, while the Court ordered Ira to produce forensic images of Dave's devices so that our vendor, AlixPartners, can analyze how much data Ira may have deleted from Dave's devices, our vendor has informed us that five of the ten forensic images provided to us do not authenticate. Because AlixPartners cannot authenticate these images, it cannot perform the

---

[4] A copy of plaintiffs' interrogatory responses is attached as **Exhibit D**. A copy of plaintiffs' responses to document requests is attached as **Exhibit E**. The disputed interrogatories are numbers 11 and 12, and the disputed document requests are 13-18.

4

analysis on these five images, requiring that the devices be re-imaged. We have asked plaintiffs if we can re-image those five devices, but we have not heard back from them.

Dr. Wright submits that a status conference is necessary to flesh out these issues once and for all. Plaintiffs object to a status conference. However, given the nature of Dr. Wright's concerns and plaintiffs' delay in production, a discovery conference is warranted. A clear directive from the Court regarding the parties' discovery obligations will be extremely helpful in moving this case forward so that the parties can meet the Court ordered-deadlines.

Respectfully submitted,

RIVERO MESTRE LLP
*Attorneys for Dr. Craig Wright*
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: amcgovern@riveromestre.com
Email: arolnick@riveromestre.com
Email: bpaschal@riveromestre.com

By: s/ Andres Rivero
ANDRES RIVERO
Florida Bar No. 613819
ALAN H. ROLNICK
Florida Bar No. 715085
AMANDA MCGOVERN
Florida Bar No. 964263
BRYAN L. PASCHAL
Florida Bar No. 091576

## CERTIFICATE OF CONFERRAL

I certify that on March 28, 2019, counsel for Dr. Wright spoke with counsel for plaintiffs, in person, regarding relief sought in this motion. Plaintiffs object.

/s/Andres Rivero
ANDRES RIVERO

## **CERTIFICATE OF SERVICE**

      I certify that on March 29, 2019, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

                                                             /s/Andres Rivero  
                                                              ANDRES RIVERO