UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>*Plaintiffs,*<br><br>v.<br><br>CRAIG WRIGHT<br><br>*Defendant.* | CASE NO.: 9:18-cv-80176-BB/BR |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO WRIGHT'S SECOND SET OF INTERROGATORIES TO PLAINTIFF, IRA KLEIMAN**

PLEASE TAKE NOTICE that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby responds to Wright's First Set of Interrogatories to Plaintiff, Ira Kleiman as follows:

**SPECIFIC OBJECTIONS TO TIME FRAME**

Ira objects to the time period requested as it is inconsistent with what the Defendant himself has argued is appropriate at this stage of the litigation. Accordingly, Ira will treat the relevant time period for all Interrogatories as one month after the filing of the Initial Complaint. If the parties reach an agreement to expand the relevant time period, or if Defendant demonstrates a specific reason to exceed that timeframe for an individual interrogatory, Ira will supplement his responses to the extent necessary.

**SPECIFIC RESPONSES AND OBJECTIONS**

**REQUEST NO. 10:**

Identify all attorneys with whom you consulted regarding any potential lawsuit against Dr. Craig Wright and the dates of those consultations.

**RESPONSE TO REQUEST NO. 10:**

Ira objects to this request because it seeks information that has no relevance to any issue related to the claims and defenses of this case. This kind of discovery is expressly forbidden by the federal rules, which limit the scope of discovery to "nonprivileged matter[s] that [are] relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). The identity of any attorneys Ira consulted with prior to retaining Boies Schiller Flexner LLP to litigate the claims at issue in this litigation is irrelevant. Ira further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and the work-product doctrine.

**REQUEST NO. 11:**

State whether you have assigned, in whole or in part, any portion of the potential recovery in the Lawsuit to any person(s), entity, or entities and, if so, identify them.

**RESPONSE TO REQUEST NO. 11:**

Ira objects to this request because it seeks information that has no relevance to any issue related to the claims and defenses of this case. This kind of discovery is expressly forbidden by the federal rules, which limit the scope of discovery to "nonprivileged matter[s] that [are] relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). The assignment of any portion of any potential recovery in the Lawsuit is irrelevant to the claims and defenses at issue in this litigation. Ira further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and the work-product doctrine.

**REQUEST NO. 12:**

Identify all person(s), entity, or entities with whom you consulted (including the date of those consultations) regarding Litigation Funding.

**RESPONSE TO REQUEST NO. 12:**

Ira objects to this request because it seeks information that has no relevance to any issue related to the claims and defenses of this case. This kind of discovery is expressly forbidden by the federal rules, which limit the scope of discovery to "nonprivileged matter[s] that [are] relevant

to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). The identity of any litigation funders Ira may have consulted with prior to retaining Boies Schiller Flexner LLP to litigate the claims at issue in this litigation are irrelevant. Ira further objects to this definition to the extent it seeks information protected by the attorney-client privilege and the work-product doctrine.

**REQUEST NO. 13:**

Describe with specificity all efforts you have made to restore the data on Dave Kleiman's Electronic Devices.

**RESPONSE TO REQUEST NO. 13:**

Ira made attempts to restore data on two of Dave Kleiman's Electronic Devices that were inaccessible. On November 10, 2013, Ira Kleiman installed Windows 7 on a Seagate Momentus 500GB drive (s/n 5VE1B6VT) in order to access the data contained on that drive. On November 17, 2013, Ira Kleiman installed Windows 7 on a Seagate Momentus 500GB drive (s/n 5VE1B6VT) in order to access the data contained on that drive.

In addition to these efforts, Ira also offered to mail Dave's drives to the Defendant for assistance in locating the bitcoins the Defendant alleged were on the drive. The Defendant declined.

**REQUEST NO. 14:**

Describe with specificity all efforts you made to preserve Dave Kleiman's Electronic Devices and the data contained on them.

**RESPONSE TO REQUEST NO. 14:**

Ira stored all of Dave Kleiman's Electronic Devices in the exact same place that he found them – in Dave's computer backpack. When Ira reviewed Dave's devices, he found nothing of importance or out of the ordinary. Ira did find a Truecrypt file on the drive which he couldn't access. He made copies of this file.

3

The Defendant also told Ira he held backups of Dave's files. At the time he was informed of this, Ira viewed this as yet another safety measure to ensure the preservation of any potentially "important" files.

**REQUEST NO. 15:**

Describe with specificity all of Dave Kleiman's Electronic Devices that Ira Kleiman or anyone in his family used for their personal use, including in that description the time frame during which those Electronic Devices were used and who used them.

**RESPONSE TO REQUEST NO. 15:**

Ira was the only individual in his family that used or had access to Dave Kleiman's Electronic Devices. Ira occasionally used the following electronic devices for personal use up until January 2019, but did not delete any of Dave's files off these drives:

- Seagate Momentus 500GB (Ext. HDD; s/n 5VE1B6VT)
- WD Scorpio Blue 750GB (Ext. HDD; s/n WX71A20K2955)
- Corsair Survivor Stealth TD Black (s/n 1100300000000135)
- Corsair Survivor Stealth TD Gray Orange (thumb drive; s/n A107000000000001)
- Corsair Survivor Stealth TD Gray Blue (thumb drive; s/n AA04012700008813)
- Corsair Survivor Stealth TD Gray Blue 2 (thumb drive; s/n 12291214800015413109)

**REQUEST NO. 16:**

Identify all of Dave Kleiman's property that was sold after his death. For the purposes of this interrogatory, "identify" includes a description of the property, the person(s), entity or entities to whom the property was sold, and the amount(s) for which it was sold.

**RESPONSE TO REQUEST NO. 16:**

Ira sold the following items belonging to Dave after his death:

- a washer;
- a dryer;
- an air handler;
- an empty gun safe; and
- a rifle.

4

Ira does not recall the purchasers of these items nor the amount received for each item.

**REQUEST NO. 17:**

Identify all Persons who made offers to you, Ira Kleiman in his individual capacity, Louis Kleiman, or anyone else on behalf of the estate of David Kleiman, to purchase shares of Coin-Exch, Pty. Ltd. For each such offer, include the date the offer was made, the amount of money offered (either per share or in total), and any responses to those offers.

**RESPONSE TO REQUEST NO. 17**

On June 27, 2015, the Defendant and Ramona Watts informed Ira that an unidentified individual wanted to purchase his shares of Coin-Exch. Ira was informed he was not allowed to speak with the unidentified individual and that he had to decide whether to accept the offer very quickly. The offer was that in exchange for these shares, Ira would receive 5% of any R&D rebates the ATO approved. Ira did not accept this offer and as far as Ira is aware, the ATO did not approve any rebates.

**REQUEST NO. 18:**

State whether you have had any verbal communications with Uyen Nguyen and for each such verbal communication provide the date of that communication and the substance of that communication.

**RESPONSE TO REQUEST NO. 18:**

Ira has never had any verbal communications with Uyen Nguyen.

**REQUEST NO. 19:**

List all degrees and professional and technical certifications held at any point in time by Ira Kleiman. For the purposes of this interrogatory, include the date any certification was received, the date any certification expired, and describe the certification.

**RESPONSE TO REQUEST NO. 19:**

Ira received his high school diploma from Palm Beach Gardens High School in 1988. Additionally, Ira took computer graphic design classes at Palm Beach Community College from approximately 1991-1994, although he did not receive a degree or certification.

**REQUEST NO. 20:**

Describe with specificity Ira Kleiman's experience, skill, and knowledge relating to Electronic Devices and the methods of preserving, overwriting, or erasing data on Electronic Devices.

**RESPONSE TO REQUEST NO. 20:**

From approximately 1991 to 1994, Ira took computer graphic design classes at Palm Beach Community College. Additionally, Ira has been employed in website design and affiliate marketing for the past twenty-two years and uses computers extensively as part of his work. During this time, Ira became generally familiar with how to preserve, overwrite, or erase data on Electronic devices.

**REQUEST NO. 21:**

Describe with specificity Ira Kleiman's employment history (including self-employment and independent contracting) from 1991 to the present, including the nature of each business where he was employed.

**RESPONSE TO REQUEST NO. 21:**

Ira worked at Rite-aid Pharmacy in Palm Beach as a stock person but cannot recall the year he worked there. He worked in flower delivery at Prevatte Flowers in Palm Beach but cannot recall the year he worked there. In 1997, he worked in web design at Active Frame. From 1998 to the present, he has been self-employed in website design and affiliate marketing.

Dated: March 21, 2019                                   Respectfully submitted,

*s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman, Esq.
BOIES SCHILLER FLEXNER LLP
100 SE Second Street, Suite 2800
Miami, Florida  33131
Telephone:  (305) 539-8400
Facsimile:   (305) 539-1307
vfreedman@bsfllp.com

Kyle W. Roche, Esq.

6

*Admitted Pro Hac Vice*
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY10504
Telephone: (914) 749-8200
Facsimile:  (914) 749-8300
kroche@bsfllp.com

*Counsel to Plaintiff Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 7, 2019, a true and correct copy of the foregoing was served on all counsel of record identified on the Service List below via e-mail:

Andres Rivero, Esq.
Jorge A. Mester, Esq.
Alan H. Rolnick, Esq.
Amanda McGovern, Esq.
Zaharah Markoe, Esq.
Zalman Kass, Esq.
RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard
Suite 1000
Coral Gables, FL 33134
305-445-2500
(305) 445-2505 (fax)
arivero@riveromestre.com
jmestre@riveromestre.com
arolnick@riveromestre.com
receptionist@riveromestre.com
zkass@riveromestre.com
zmarkoe@riveromestre.com
amcgovern@riveromestre.com

*/s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman

  I, Ira Kleiman, declare under penalty of perjury under the laws of the United States and the State of Florida, that the foregoing is true and correct.

  Executed on March 21, 2019, at West Palm Beach, Florida.

_____

Ira Kleiman
