**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

    Plaintiffs,

v.                                                                                  **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

    Defendant.

_____/

**DR. CRAIG WRIGHT'S DISCOVERY MEMORANDUM[1]**

Ira Kleiman's deposition testimony from yesterday establishes that (1) plaintiffs have no evidence to support their claims, and (2) plaintiffs' campaign of world-wide discovery is nothing more than fishing expedition conducted in the hope of finding something to support their claims. Ira's sworn testimony is that he does not have (and has never had) evidence—in the form of documents, testimony, or otherwise—to support his claims. Question after question, Ira affirmed that he has no personal knowledge or evidence to support key allegations in his complaint, including whether Dave ever had a "substantial amount of bitcoin" or whether Dr. Wright ever stole anything from Dave. Ira did, however, acknowledge that—if Dave did have a substantial

---

[1] Dr. Wright understands that the Court has ordered that the parties must submit a joint discovery memorandum 48 hours in advance of the discovery hearing that is scheduled for April 11 at 3:00 p.m. Because the issues that Dr. Wright raises in this memorandum stem from Ira Kleiman's deposition, which was conducted yesterday, Counsel for Dr. Wright was only able to provide his portion of the joint submission to counsel for plaintiffs this afternoon. As of this filing, we have (understandably) not received a response from counsel for plaintiffs. We also have not received from plaintiffs their portion of the joint submission that raises any issues that they may have. Dr. Wright, therefore, requests that the Court allow that he submit his memorandum separate from any submission that plaintiffs may have.

amount of bitcoin—he may have thrown it away, having discarded Dave's work papers and his hard drive that was found near him after his death.[2]

No plaintiff should be permitted to file a lawsuit alleging claims of "theft" without having any evidentiary support of that claim. *See*, *e.g*., *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) ("We have previously stated that 'Rule 11 stresses the need for some prefiling inquiry.'") (citing *Mike Ousley Prod., Inc. v. WJBF–TV,* 952 F.2d 380, 382 (11th Cir. 1992)). Nor should a plaintiff be permitted to use unsubstantiated claims of "theft" as means to conduct seemingly endless discovery in the hope of finding something to support their claim. *U.S. v. 2121 Celeste Rd. SW, Albuquerque, N.M.*, 307 F.R.D. 572, 582 (D.N.M. 2015) ("A district court is not, however, 'required to permit plaintiff to engage in a 'fishing expedition' in the hope of supporting his claim.'") (citing *McGee v. Hayes*, 43 Fed. Appx. 214, 217 (10th Cir. 2002)); *Tottenham v. Trans World Gaming Corp.*, 2002 WL 1967023, at *2 (S.D.N.Y.2002) ("Discovery, however, is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations *for which they initially have at least a modicum of objective support*.") (emphasis added).

In addition to not having any evidence to support his claims, Ira's testimony also establishes that plaintiffs' "justifications" for their ongoing delay in producing relevant discovery are outright false.

*First*, plaintiffs have represented to the Court that they have delayed their production of Dave's documents because there was a "massive" universe of documents from Dave. However,

---

[2] Ira also disclosed to us (for the first time) that he is currently seeking a permanent injunction against Paige and Conrad for the return of Dave's bitcoin wallets. Ira's basis for this claim against Paige and Conrad is only that they were Dave's business partners and friends and that they *may* have had access to Dave's alleged bitcoin. Sound familiar?

2

there is no massive universe of documents from Dave. In fact, Ira has *no* documents from Dave. Instead, he only has documents from Patrick Paige and Carter Conrad—Dave's former business partners—who purportedly have limited access to one of Dave's email accounts, which contains documents relevant to Dave's work as a computer-forensic expert. Ira has nothing else, which explains why we have yet to receive a single relevant document from Dave that is relevant to plaintiffs' claims and also explains why plaintiffs have been producing troves of junk and spam mail.

*Second*, the Court may recall that at our first discovery conference, plaintiffs objected to producing documents from Dave's devices because Ira is now using those devices for his personal use, storing personal photographs of his family and commercial video and music files on Dave's devices. Putting aside the absurdity of that objection given the importance of the evidence and the nature of plaintiffs' claims, Ira admitted in his deposition that he is not storing photographs or commercial videos and music on these devices. This testimony exposes that yet another one of plaintiffs' "justifications" for slow walking their production of Dave's documents is nothing more than a smokescreen.

Given the circumstances and Ira's testimony, discovery should be coming to a near close, and significantly narrowed, paving the way for dispositive motions. To that end, Dr. Wright requests that with regard to outstanding discovery (including plaintiffs' second request for production, numbers 36-37, 40-41, and 45), Dr. Wright should not be compelled to produce documents beyond what he has already agreed to produce, i.e., documents related to Dave Kleiman (and trust in which he was a trustee or beneficiary), W&K, Coin-Exch, and Louis and Ira Kleiman. D.E. 114-1 at 23-28, 30-32. Beyond that, discovery is disproportionate to the needs of the case and would be tantamount to a fishing expedition.

Additionally, Dr. Wright requests that the Court compel Ira to answer at least three of many questions that he was instructed not to answer at his deposition. Those questions are: (1) what was plaintiff W&K Info Defense Research LLC's business purpose when Ira reinstated the company; and (2) whether plaintiffs have assigned all or any portion of their claim to any third-parties, and to whom and on what terms. Dr. Wright submits that these questions should be answered because they are essential to determining issues of subject-matter jurisdiction and whether this action is being prosecuted by the real party in interest under Rule 17.

Respectfully submitted,

RIVERO MESTRE LLP
*Attorneys for Dr. Craig Wright*
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: jmestre@riveromestre.com
Email: arolnick@riveromestre.com
Email: receptionist@riveromestre.com

By: s/ Andres Rivero
ANDRES RIVERO
Florida Bar No. 613819
ALAN H. ROLNICK
Florida Bar No. 715085
AMANDA MCGOVERN
Florida Bar No. 964263
BRYAN L. PASCHAL
Florida Bar No. 091576

**CERTIFICATE OF SERVICE**

I certify that on April 9, 2019, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

/s/Andres Rivero
ANDRES RIVERO