## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

       Plaintiffs,

v.                                   **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

       Defendant.

_____/

### PLAINTIFFS' OPPOSITION TO DEFENDANT'S DISCOVERY MEMORANDUM

       Under the thinly-veiled guise of a "discovery memorandum," Craig is attempting to re-litigate the issues he lost when Judge Bloom denied his motion to dismiss. Putting aside Craig's mischaracterization of both the evidence and Ira's recent testimony, Plaintiffs have never shied from the fact that (i) Dave Kleiman is dead, (ii) the vast majority of the *substantial* evidence supporting their claims comes directly from Craig's own admissions, and that (iii) discovery from Craig will continue to expose the grand theft and fraud he perpetrated against Plaintiffs. As this Court has repeatedly told Defendant "Judge Bloom has found that [Plaintiffs] have pled a plausible claim here. Once they've pled a plausible claim, they're entitled to discovery to support their claim." (3/14/19 Hrg. Tr. 21:3-6.).

       But Craig's desperation to avoid further discovery seeking to corroborate his prior admissions is a clear attempt at damage control. Craig, especially as compared to Ira, is the custodian with sole access to the most relevant evidence in the case. Yet, he disavows knowledge of even the most basic information. For example, at his April 4 deposition, Craig testified that he could not answer questions concerning the operations and ownership structure of his companies without being able to review the relevant documents. Incredibly, Craig admitted to purposely

1

structuring his complex web of 30+ companies in a way where he does not know who owns them, who has their records, who helped him form them, or what property each entity owns. He claimed not to remember vast amounts of information, including being unable to recall the names of witnesses, trusts, trustees, beneficiaries, and the employees of his companies. He claimed not to remember which of his companies the ATO had investigated, what the dates of ATO audits were, which Australian attorneys would have his ATO related documents, which email address accounts he and Dave Kleiman used, how certain key bitcoin addresses ended up with bitcoin, the login information to certain key email accounts, and what happened to key email addresses. Instead, and as mentioned above, Craig insisted, multiple times, that if Plaintiffs put documents before him, he could answer questions. These admissions unfortunately demonstrate that broader document discovery is likely necessary.

But *before* Plaintiffs request this Court to compel additional discovery, Plaintiffs are waiting for Defendant to produce what he's been ordered to produce and what his counsel agreed to produce. **Specifically, pursuant to this Court's order, counsel for Plaintiff flew to Florida from New York and spent over 13 hours straight in an in-person meet and confer to reach agreement on search terms**. Counsel for both parties came to agreement on those terms, and Plaintiffs have already spent considerable resources readying, reviewing, and producing these documents. Despite Craig's disappointing inability to recall much of anything that could help narrow discovery through his deposition testimony, Plaintiffs are waiting for the agreed upon document discovery so they can analyze it, regroup, and determine if any further relief from the Court is necessary.[1]

---

[1] One thing Craig's deposition made clear is that Plaintiffs must file a motion to continue the trial date and extend discovery forthwith.

Turning to the substance of Craig's mischaracterizations of Plaintiffs' conduct, his bases for requesting the relief sought is replete with mischaracterizations. *First*, Defendant incorrectly asserts (at 3) that Ira has no documents from Dave. As indicated in Plaintiffs responses to Craig's First Set of Interrogatories, after Dave died, Ira discovered a number of Dave's devices. (Exhibit 1, at 2-3). Each of these drives has been imaged and turned over to Defendant's forensics expert and Plaintiffs have produced thousands of documents from these drives in the priority specified by Defendant. As explained in Plaintiffs' response to Defendant's last discovery motion (ECF No. 134 at 2), after working with Defendant to reach a mutually agreed manner to identify which documents on Dave's devices were "Dave's," Plaintiffs identified approximately 53,000 electronic documents that belonged to Dave and were in Ira's possession.[2] These documents include emails from Dave's "dave@davekleiman.com" account, which Ira accessed after Dave's friend and business partner, Patrick Paige, turned over the credentials to that account.

*Second*, contrary to Defendant's characterization (at 3), Plaintiffs never objected to producing *any* documents from Dave's devices because Ira used those devices for personal use. Plaintiffs have always agreed to produce documents from those devices pursuant to search terms. And now that the parties have agreed to search terms as a result of the Court ordered 13-hour face-to-face meet and confer, Plaintiffs are producing the full scope of documents requested by Defendant on a rolling basis.

Additionally, Defendant completely mischaracterized Ira Kleiman's testimony. Ira never "admitted in his deposition that he is not storing photographs or commercial videos and music on [Dave Kleiman's] devices," (ECF No. [138], 3) he simply stated that he couldn't recall at the

---

[2] In addition to Dave's documents, the parties have agreed to review documents belonging to Ira that are responsive to agreed upon search terms. These search terms will require Plaintiffs to review hundreds of thousands of responsive documents.

deposition and would have to look at the specific devices Defendant asked him about to determine whether they contained those file types. For example:

> Q.  Are you storing any commercial videos on any of these devices?
> A.  I don't remember.
> Q.  Are you storing any commercial music files on any of these devices?
> A.  I would have to look at them.  I don't know.
> Q.  You didn't look at them before today?
> A.  Yes, I've looked at them before today but I don't remember it exactly what was on them.

(4/8/19 Rough Depo. Tr. 68:11-19). Craig has a demonstrated history of making repeated misrepresentations to this Court under oath. Unfortunately, this has progressed to mischaracterizations of evidence and the record, disregard for this Court's pre-filing meet and confer requirements, and repeated attempts to re-litigate issues this Court has already resolved against him. This inappropriate conduct continues to unnecessarily increase the cost of litigation and delays Plaintiffs' ability to complete discovery. Enough is enough. It must end.[3]

Finally, with respect to Defendant's request to compel certain testimony from Ira, Plaintiffs are happy to answer W&K Info Defense Research LLC's business purpose at the time Ira reinstated the company either through (1) an interrogatory or (2) Ira's second deposition.[4] With respect to Defendant's second request, Plaintiffs' counsel has already identified any individuals with an interest in the outcome of the case (ECF No. 19), and provided some additional information on that subject to Defense counsel at Ira's deposition. Plaintiffs assert that any further details concerning this issue are not relevant to the claims and defenses at issue in this litigation and will invade on the work product privilege, the attorney-client privilege, and the common interest

---

[3] Plaintiffs reserve all rights to seek redress for these frivolous filings.

[4] Ira's counsel directed him not to answer questions related to this topic because it was outside the scope of the agreed upon topics.

privilege. Plaintiffs are happy to provide further briefing on this issue to the extent the Court finds necessary.

Plaintiffs are trying to move discovery along. However, Defendant's repeated attempts to stall the parties' good-faith discovery efforts must be put to a stop. As an initial step, Plaintiffs request that in addition to denying Defendant's request, this Court order the parties to produce documents consistent with the search terms agreed upon at the parties' Court-ordered meet-and-confer.

Finally, Plaintiff requests the Court set a briefing schedule on the issues memorialized in its April 5, 2019 Order (ECF No. [137]) as follows:

1. Defendant shall file a brief supporting his National Security objection by April 19, 2019. Plaintiff shall respond by April 29, 2019.

2. Defendant shall file a motion on why production of a list of Dr. Wright's bitcoin ownership as of 12/31/2013 would be unduly burdensome by April 19, 2019. Plaintiff shall respond by April 29, 2019.

3. Defendant shall file an opening brief on whether Australian law or any other principle of international law precludes this Court from compelling Dr. Wright to provide testimony about Ms. Lynn Wright by April 25, 2019. Plaintiff shall respond by May 9, 2019.

4. Defendant shall file a brief on his claims of marital communications and testimonial privileges by April 25, 2019. Plaintiffs shall respond by May 9, 2019.

Dated: April 10, 2019                           Respectfully submitted,


                                                *s/ Velvel (Devin) Freedman*_____
                                                Velvel (Devin) Freedman, Esq.
                                                Florida Bar No. 99762
                                                BOIES SCHILLER FLEXNER LLP
                                                100 SE Second Street, Suite 2800
                                                Miami, Florida  33131
                                                Telephone:  (305) 539-8400
                                                Facsimile:   (305) 539-1307
                                                vfreedman@bsfllp.com

Kyle W. Roche, Esq.
*Admitted Pro Hac Vice*
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY10504
Telephone: (914) 749-8200
Facsimile:  (914) 749-8300
kroche@bsfllp.com

*Counsel to Plaintiff Ira Kleiman as Personal
Representative of the Estate of David Kleiman
and W&K Info Defense Research, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 10, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Velvel (Devin) Freedman*
VELVEL (DEVIN) FREEDMAN