## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

       plaintiffs,

v.                                                    **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

       defendant.

_____/

## DR. WRIGHT'S MOTION FOR JUDGMENT ON THE
## <u>PLEADINGS FOR LACK OF SUBJECT-MATTER JURISDICTION</u>

<u>T<small>ABLE OF</small> C<small>ONTENTS</small></u>

<u>P<small>AGE</small></u>

INTRODUCTION ............................................................................................................ 1

PROCEDURAL HISTORY ........................................................................................... 5

ARGUMENT.................................................................................................................. 7

1.     The Court Lacks Subject-Matter Jurisdiction—Diversity Jurisdiction Does
not Exist Because There is no Complete Diversity Where There are
"Aliens" on Both Sides of the Litigation ...................................................... 9

        A.     W&K Member No. 1: Ms. Nguyen's Membership in W&K
Destroys Complete Diversity ........................................................... 11

        B.     W&K Member No. 2: Coin-Exch's Membership Destroys
Complete Diversity ........................................................................... 12

        C.     Ira did not Have Authority to Remove Ms. Nguyen and Coin-Exch ............... 13

2.     Even if Ira had the Ability to Unilaterally Alter W&K's Membership (and
He Does not), He did so Solely for the Purpose of Manufacturing Subject-
Matter Jurisdiction in Violation of Section 1359 ...................................... 15

CONCLUSION.............................................................................................. 16

## INTRODUCTION

None of plaintiffs' claims invoke an Article III federal-district court's subject-matter jurisdiction. Plaintiffs' claims all arise under state law so that there is no federal-question jurisdiction under 28 U.S.C. § 1331 ("Section 1331" or "§ 1331").[1] Diversity jurisdiction, 28 U.S.C. § 1332 ("Section 1332" or "§ 1332"), does not exist because plaintiff W&K Info Defense Research, LLC ("W&K"), has two members that are considered "aliens" under Section 1332. Their presence as members of W&K destroys complete diversity because Dr. Wright is also considered an "alien." *Magdalena v. Toyota Motor Corp.*, 2013 WL 12092086, at *3 (S.D. Fla. 2013) ("It is well-settled, however, that Section 1332 does not confer subject-matter jurisdiction in actions between one alien party and another alien party.") (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 580 n.2 (1999)).[2]

After the Court dismissed *with prejudice* plaintiffs' single federal claim, the only other alleged basis for subject-matter jurisdiction was diversity jurisdiction. *See* Second Amen. Compl. [D.E. 83] (the "Third Complaint") ¶ 4. To invoke diversity jurisdiction, it was plaintiffs' obligation to allege the citizenship of each member of W&K. *RG Martin Inv., LLC v. Virtual Tech. Licensing, LLC*, 2017 WL 7792564, at *1 (S.D. Fla. 2017) (Bloom, J.) (stating that to

---

[1] In opposition to this motion, plaintiffs cannot seriously challenge whether federal-question jurisdiction exists. Plaintiffs' only federal claim was dismissed *with prejudice*. *See* Order on Motion to Dismiss [D.E.68]. Plaintiffs make no other federal claims.

[2] *Accord Caron v. NCL (Bahamas), Ltd.*, 910 F.3d 1359, 1364 (11th Cir. 2018) ("Alienage diversity, like general diversity under 28 U.S.C. § 1332(a)(1), must be complete; an alien on both sides of a dispute will defeat jurisdiction."); *Impuls I.D. Int'l, S.L. v. Psion-Teklogix, Inc.*, 234 F. Supp. 2d 1267, 1274 (S.D. Fla. 2002) ("Complete diversity does not exist where there are aliens on both sides of the litigation . . . even if the aliens are from different countries.") (citing *Simon Holdings PLC Group of Cos. U.K. v. Klenz*, 878 F.Supp. 210, 211 (M.D. Fla. 1995)); *In re Air Crash Disaster of Aviateca Flight 901 Near San Salvador, El Salvador on Aug. 9, 1995*, 29 F. Supp. 2d 1333, 1351 (S.D. Fla. 1997) ("The presence of at least one alien on both sides of an action destroys diversity and, therefore, diversity jurisdiction cannot be invoked if that is the case.") (citing *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553 (11th Cir.1989)).

1

establish diversity jurisdiction, "a party must list the citizenships of all the members of the limited liability company") (citing *Mallory & Evans Contrs. & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011)). On this motion challenging jurisdiction, it is plaintiffs' burden to prove that every member of W&K is diverse as to Dr. Wright. *Id.* (citing *Tangshan Ganglu Iron & Steel Co. v. Mapuche, LLC*, 2014 WL 2095167, at *1 (S.D. Fla. 2014)).[3]

Attempting to meet their obligation of alleging W&K's membership, plaintiffs simply alleged that "*[a]s best as can presently be discerned*, Dave [Kleiman] was the sole 'member' of W&K . . . ." Third Compl. ¶ 131 (emphasis added). This allegation is false—the evidence establishes that W&K had at least two additional members who were publicly identified through W&K's company filings. Since 2014, those two publicly-identified members were Ms. Uyen Nguyen and Coin-Exch PTY Ltd. ("Coin-Exch"). Relevant here is that both Ms. Nguyen and Coin-Exch are considered "aliens": Ms. Nguyen is a Vietnamese national; and Coin-Exch is a now defunct Australian company that has been under the control of an Australian government-appointed liquidator since March of 2017. Because Dr. Wright also is considered an "alien" (*see* Third Complaint ¶ 3) diversity jurisdiction cannot exist.

To downplay the fact that Ms. Nguyen and Coin-Exch were publicly identified members of W&K, plaintiff Ira Kleiman—who had nothing to do with the formation or operation of W&K—alleged a theory that Ms. Nguyen and Coin-Exch's presence on W&K's public filings was the result of Dr. Wright "seizing control of W&K from the shadows as it's well established

---

[3] Here, Dr. Wright is permitted to make a "factual attack" on subject-matter jurisdiction, the Court is free to weigh the evidence, and plaintiffs must prove that the Court has subject-matter jurisdiction over this action. *See RG Martin Investments*, 2017 WL 7792564, at *2; *Frida Kahlo Corp. v. Tupperware Corp.*, 2014 WL 11880681, at *2 (S.D. Fla. 2014) ("Plaintiff bears 'the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction.") (citing *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981)).

'Craig Wright' was the 'director and controlling mind' of Coin-Exch Pty Ltd.". . . ." Third

Compl. ¶ 139. Apart from the fact that this allegation neither changes W&K's membership nor

discharges plaintiffs' obligation to allege W&K's full membership, this allegation is false for at

least two reasons.

*First*, before his death, Dave Kleiman (and not Dr. Wright) personally appointed Ms.

Nguyen as a "director" of W&K. *See* D. Kleiman email to U. Nguyen, dated December 20, 2012,

attached as **Exhibit A**. Furthermore, at Ira's April 8 deposition, Ira confirmed that Ms. Nguyen

has never resigned as a member of W&K. I. Kleiman Dep. Tr. 129:22-25, attached as **Exhibit B**.

("Q: Do you have any documents that resignation letters from any members of W&K before you

reinstated and listed yourself as the member of W&K? A: No")

*Second*, while Coin-Exch was a listed member of W&K, Ira was a shareholder of Coin-

Exch. **Ex. B** at 123:9-11 ("Q: You had 10.5 million shares in Coin Exch[]; right? A. Yes"). As a

shareholder, prior to its liquidation, Ira did not once raise a question as to Coin-Exch being

publicly identified as a member of W&K. Furthermore, after Coin-Exch went into liquidation,

which was almost a year before Ira filed this action, Coin-Exch was not under Dr. Wright's

control—*it was under the control of a government-appointed liquidator.*

Moreover, we recently learned that Ira was in communication with Coin-Exch's

liquidator *before* he filed this action. *See* I. Kleiman email to J. Mudford (Coin-Exch's

liquidator), dated May 31, 2017, attached as **Exhibit C.** While Ira discussed W&K with the

liquidator, he never mentioned his theory about Dr. Wright "seizing control of W&K" through

Coin-Exch. Ira also didn't mention that he intended to bring this action on behalf of W&K or that

he was going to remove Coin-Exch as one of W&K's publicly identified members, which Ira

confirmed in his deposition:

3

> Q:     Before you filed this lawsuit or before you filed your amended complaint in this lawsuit are there any documents with Jeremy Mudford where you discussed removing Coin Exchange as a member of W&K?
> A:     Discussing with Jeremy Mudford?
> Q:     The liquidator for Coin Exchange.
> A:     I don't believe so.

**Ex. B** at 129:15-21. Ira did, however, try to persuade the liquidator to pursue claims against Dr. Wright based on theories that he has alleged here, but the liquidator declined to do so because—as he told Ira—other than internet blog posts, Ira had no "tangible evidence" to support his theories. *See* **Ex. C** at 1-2.

Unhappy with the liquidator's decision, Ira took his internet blog posts and used them to craft a complaint against Dr. Wright without naming W&K as a plaintiff. It was not until after Dr. Wright pointed out that this action cannot proceed without W&K, that Ira joined W&K as a plaintiff. But before he joined W&K, he removed Ms. Nguyen and Coin-Exch from W&K's public filings in an attempt to create the illusion that diversity jurisdiction exists.

As we demonstrate below, Ira's tampering with W&K's public filings did not change the actual membership of W&K. When this action was filed (and to this day), W&K's membership included two members that would destroy complete diversity. Furthermore, even if Ira had the authority to alter W&K's membership by changing W&K's public filings (and he did not), under 28 U.S.C. § 1359,[4] the Court still would not have jurisdiction because Ira's only purpose in restructuring W&K was to manufacture diversity jurisdiction that otherwise would not exist. *See Castillo Grand LLC v. Sheraton Operating Corp.*, 2009 WL 4667104, at *2 (S.D.N.Y. 2009) (holding that there is no subject-matter jurisdiction where an LLC's "reorganization was

---

[4] Under Section 1359, "[a] district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court."

4

undertaken in order 'to invoke the jurisdiction' of this Court as contemplated by the plain language of § 1359.").

Dr. Wright respectfully requests that the Court dismiss this action for lack of subject-matter jurisdiction.

## PROCEDURAL HISTORY

On February 14, 2018, Ira filed his first complaint against Dr. Wright, alleging six counts that all arose under state law. *See* D.E. 1. In the original complaint, Ira alleged that the Court had diversity jurisdiction, *id.* ¶ 1, because he is a "resident of Palm Beach County Florida" and Dr. Wright "is a resident of London, United Kingdom." *Id.* ¶¶ 4, 13. W&K was not a named plaintiff in the original complaint, but Ira did allege that after Dave died, Ms. Nguyen "removed Dave as the registered agent for W&K and listed herself[,]" and that she "added both herself and an entity named Dr. Coin-Exch Pty Ltd. as authorized persons for W&K." *Id.* ¶ 60. Finally, Ira alleged that "[o]n September 23, 2016, W&K was administratively dissolved." *Id.* ¶ 61. Ira alleged nothing else about W&K.

On April 16, 2018, Dr. Wright moved to dismiss the original complaint because, *inter alia*, W&K was not a party to this action. *See* Motion to Dismiss [D.E. 12]. Six days later, on April 22, 2018, Ira purportedly reinstated W&K, which had no business purpose at the time and had conducted no business activity for at least the two prior years:[5]

| | |
|---|---|
| Q: | Does W&K have any revenue for this year? |
| A: | Not that I'm aware of. |
| Q: | Does W&K have any revenue from last year? |
| A: | Not that I'm aware of. |
| Q: | Are you conducting any business on behalf of W&K? |
| A: | Me personally? |
| Q: | Yes. |

---

[5] A copy of the April 12, 2018 reinstatement is attached as **Exhibit D**.

A:      No.
Q:      Is anyone conducting business on behalf of
        W&K?
A:      No

**Ex. B** at 130:10-21. In purporting to reinstate W&K, Ira listed only himself as an authorized

person of W&K, *see* **Ex. D**, even though he (1) had nothing to do with W&K's formation, (2)

had nothing to do with W&K's business activities, and (3) had no idea that W&K even existed

until after Dave's death when Dr. Wright told him about the company.

Mere weeks after purporting to reinstate W&K—on May 14, 2018—Ira filed an amended

complaint [D.E. 24], in which he joined W&K as a plaintiff. This time around, Ira added a claim

arising under federal law—a claim under the Defend Trade Secrets Act, 18 U.S.C. § 1836

("DTSA")—even though it was apparent on the face of the amended complaint that the three-

year statute of limitations had already run on that claim. *Id.* ¶¶ 185-191. Ira also alleged, for the

first time, that when Ms. Nguyen listed herself as a member of W&K, she was acting merely as

"Craig's agent" and that Coin-Exch "was merely Craig seizing control of W&K from the

shadows, as it's well established Craig Wright was the director and controlling mind of Coin-

Exch Pty Ltd." *Id.* ¶ 139.

On December 27, 2018, the Court dismissed with prejudice plaintiffs' DTSA claim,

along with plaintiffs' misappropriation claim under state law because on the face of the amended

complaint, those claims were barred by the statute of limitations. *See* Order on Motion to

Dismiss [D.E. 68] at 33. Plaintiffs subsequently filed the Third Complaint, which realleged most

of the amended complaint, including the DTSA claim that was dismissed with prejudice.

On January 28, 2019, Dr. Wright filed his answer [D.E. 87], in which he denied

plaintiffs' jurisdictional allegations, *id.* ¶¶ 4, and he denied that an answer was required to the

improperly re-alleged DTSA and misappropriation claims because the Court dismissed those claims *with prejudice*, *id*. ¶¶ 178, 185.

Finally, of note, Ira is currently suing two of Dave's former business partners—Patrick Paige and Carter Conrad—in state court where he is seeking an injunction for the return of Dave's bitcoin wallets. *See Ira Kleiman v. Patrick Paige, et al.*, Palm Beach County Circuit Court Case No. 50-2016-CA-013045. The Amended Complaint in that action, which is attached as **Exhibit E**, alleges that "David Kleiman created and maintained bitcoin wallets which were his personal property[,]" *id*. ¶ 32, and that Paige, Conrad, and their company "should be enjoined from monetizing, transferring or otherwise converting such bitcoin to its use of [sic] the use of its principals or third parties[,]" *id*. ¶ 35. Ira is seeking that same relief from Dr. Wright in this action.

## <u>ARGUMENT</u>

"Federal courts have limited subject-matter jurisdiction, and the party invoking the court's jurisdiction bears the burden of proving it exists." *Orchid Quay, LLC v. Suncor Bristol Bay, LLC*, 178 F.Supp.3d 1300, 1302 (S.D. Fla. 2016). A party can challenge whether the Court has subject matter jurisdiction—at any time—under Rule 12(b)(1) by filing a motion for judgment on the pleadings. Fed. R. Civ. P. 12(h); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

A motion for judgment on the pleadings can make a "factual attack," and the Court can consider matters outside of the pleadings. *Canopius U.S. Ins. Inc. v. Prestige Gen. Cleaning Servs., Inc.*, 2014 WL 6979658, at *1 (S.D. Fla. 2014) (citing *Kuhlman v. U.S.*, 822 F.Supp.2d 1255, 1256-57 (M.D. Fla. 2011); *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524

F.3d 1229, 1233 (11th Cir. 2008) ("By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony.")); *Luftfahrtversicherungs-Aktiengesellschaft v. Markel Ins. Co.*, 2007 WL 141154, at *1 (S.D. Fla. 2007) (stating that on a motion challenging "subject matter jurisdiction, the Court may look beyond the pleadings to 'zealously insure that jurisdiction exists over a case' and is not bound by the jurisdictional contentions of the parties.") (citing *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir.2001)).

"[I]n a factual attack, the presumption of truthfulness afforded a plaintiff under Federal Rule of Civil Procedure 12(b)(6) does not attach, *and the court is free to weigh the evidence*." *Canopius*, 2014 WL 6979658, at *2 (emphasis added) (citing *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999)). Therefore, "the [C]ourt may look beyond the four corners of the complaint so long as they relate to jurisdictional issues, hear conflicting evidence and decide the factual issues that determine jurisdiction." *RG Martin*, 2017 WL 7792564, at *2 (*Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990); *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir.1991)). In making this determination, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*, at *1 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted)). Plaintiffs cannot overcome this presumption.

As we demonstrate next, the Court lacks subject-matter jurisdiction because there is not complete diversity among the parties, which is required for diversity jurisdiction to exist. *Impuls I.D. Int'l, S.L. v. Psion-Teklogix, Inc.*, 234 F. Supp. 2d 1267, 1273 (S.D. Fla. 2002) (stating that "if complete diversity is lacking, a federal court does not have subject matter jurisdiction over an action pursuant to 28 U.S.C. § 1332.") (citing *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284,

1287 (11th Cir. 1998)). *First*, W&K's membership destroys complete diversity. *Second*, Ira could not change W&K's membership because he lacked authority to do so—W&K had no operating agreement, *see* Third Complaint ¶ 70, and under Fla. Stat. § 605.0602, none of the statutory "events causing dissociation" had occurred. *Finally*, even if Ira's attempt to change W&K's membership through altering sunbiz.org filings was effective, jurisdiction would still not exist because, under 28 U.S.C. § 1359, a company cannot create jurisdiction through a pre-textual restructuring of its membership. *See Castillo Grand*, 2009 WL 4667104, at *2 (holding that there is no subject-matter jurisdiction where an LLC's "reorganization was undertaken in order 'to invoke the jurisdiction' of this Court as contemplated by the plain language of § 1359.").

1.      **The Court Lacks Subject-Matter Jurisdiction—Diversity Jurisdiction Does Not Exist Because There is not Complete Diversity Where There Are "Aliens" on Both Sides of The Litigation**

The Third Complaint alleges two bases for subject-matter jurisdiction: (1) that federal-question jurisdiction exists because of the DTSA claim; and (2) that diversity jurisdiction exists because "the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000." Third Compl. ¶ 4. Federal-question jurisdiction does not exist because the Court dismissed *with prejudice* plaintiffs' only federal claim, the DTSA claim. *See* D.E. 68. As for diversity jurisdiction, the Court does not have subject-matter jurisdiction because there is no complete diversity where, as here, there are aliens on both sides of the action. *Magdalena*, 2013 WL 12092086, at *3 ("It is well-settled, however, that Section 1332 does not confer subject-matter jurisdiction in actions between one alien party and another alien party.") (citing *Ruhrgas AG.*, 526 U.S. 574, 580 n.2 (1999)).

9

Under 28 U.S.C. § 1332(a)(2), "district courts have 'alienage' jurisdiction in actions between citizens of a State and citizens of foreign states." *Simon Holdings PLC Group of Companies U.K. v. Klenz*, 878 F.Supp. 210, 211 (M.D. Fla. 1995). However, "[i]n order to maintain an action in federal court based on 'alienage' jurisdiction, there must be complete diversity of citizenship between all the plaintiffs and all the defendants." *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1557 (11th Cir. 1989). "Complete diversity does not exist where there are aliens on both sides of the litigation," and "[t]his is so even if the aliens are from different countries." *Id.*; *Magdalena*, 2013 WL 12092086, at *3. Finally, "[d]iversity jurisdiction may arise in a suit between aliens if the action also includes U.S. citizens as both plaintiffs and defendants . . .[b]ut if U.S. citizens are on only one side of an alien-vs.-alien case, diversity jurisdiction ceases to exist." *Magdalena*, 2013 WL 12092086, at *3 (S.D. Fla. 2013) (citing *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1340 (11th Cir. 2011); *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 232 F.3d 854, 860 (11th Cir. 2000)).

Plaintiffs were required to list the citizenship of each member of W&K and establish that complete diversity exists. *See RG Martin*, 2017 WL 7792564, at *2 (citing *Flintlock Constr. Servs. v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013)); *Prof'l LED Lighting, Ltd. v. AAdyn Tech., LLC*, 88 F. Supp. 3d 1356, 1361 (S.D. Fla. 2015) ("Unlike a corporation, but 'like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen.'"). Indeed, "[b]ecause of the need to allege ultimate ownership, it is often not easy to invoke diversity jurisdiction over a limited liability company or a limited partnership." *Lewis v. Allied Bronze LLC*, 2007 WL 1299251, at *2 (E.D.N.Y. 2007).

Plaintiffs cannot meet their burden because Dr. Wright and two of W&K's members are considered "aliens," destroying complete diversity.

10

### A.      W&K Member No. 1: Ms. Nguyen's Membership in W&K Destroys Complete Diversity

One of W&K' s members is Ms. Uyen Nguyen, whom Dave personally appointed as a "director" of W&K on December 20, 2012, through his email to her:

> I am going to need and ask for your help. You know Craig well and I am an enigma. I have been unwell and in the VA far too much. I need a person who can run around. Craig is too far away and we need him to remain off of this.
>
> **I will ask you to be a director with me in W&K Information Defense Research LLC**. We are setting up a company in Australia and will move assets back from Panama once this is complete. We placed them there to protect Craig.

D. Kleiman email to U. Nguyen, dated December 20, 2012, attached as **Ex. A** (emphasis added). That same day, Ms. Nguyen accepted Dave's offer, and Dave emailed her confirming that she was a "director" with W&K:

> I am glad you will accept being a director of W&K.
>
> As soon as I am out of the VA[,] I will get all the paperwork fixed for the company. We will make sure it is maintained, as I am a little behind. Nothing too bad, but old illness. I will be back soon.
>
> The process will be one where I instruct you and you start to act more and more for me as you become the director and we start moving assets back to Australia.

D. Kleiman email to U. Nguyen, dated December 20, 2012, attached as **Exhibit F**. Notably, Ira was aware that Dave appointed Ms. Nguyen as a "director" of W&K. In response to Australian Tax Office ("ATO") question, Ira stated that, while he has no direct knowledge, he was aware that Dave appointed Ms. Nguyen as a director. *See* I. Kleiman letter to ATO, dated May 1, 2014, attached as **Exhibit G** at 2 (stating that "I understand that Ms[.] Nguyen was appointed as a director [of W&K]. I would infer this as at the request of the late Mr[.] Dave Kleiman. However, I have no direct knowledge of how this occurred."). Consequently, Ms. Nguyen is a member of

W&K and her citizenship must be considered in determining whether diversity jurisdiction exists.

Ms. Nguyen is an "alien" for purposes of determining diversity jurisdiction. In the United Kingdom, she listed her nationality as "Vietnamese."[6] Furthermore, while she lists a California address as her residence on W&K's filings, her Vietnamese citizenship would destroy complete diversity, even if she were a permanent resident in California.[7] *Banci v. Wright*, 44 F. Supp. 2d 1272, 1275 (S.D. Fla. 1999) (stating that "this Court finds that the law does not confer jurisdiction where a permanent resident alien is suing a citizen of a foreign state (or is suing a permanent resident alien residing in another State), and to hold otherwise would require an unconstitutional application of Section 1332(a)'s deeming provision.") (citing *Buti v. Impressa Perosa, S.R.L.*, 935 F. Supp. 458, 461 (S.D.N.Y. 1996) (finding no jurisdiction over action between permanent resident alien and foreign corporation); *Engstrom v. Hornseth*, 959 F.Supp. 545, 553 (D.P.R.1997); and *Lloyds Bank PLC v. Norkin*, 817 F. Supp. 414, 419 (S.D.N.Y. 1993)).

Therefore, Ms. Nguyen's membership in W&K destroys complete diversity.

### B.    *W&K Member No. 2: Coin-Exch's Membership Destroys Complete Diversity*

From March 28, 2014, one of W&K's publicly identified members was Coin-Exch—an Australian company that as of May 23, 2017, was under the control of an Australian government-appointed liquidator.[8] Coin-Exch's domicile is determined by the domicile of its Australian liquidator, which would make Coin-Exch an "alien" for diversity jurisdiction. *See*

---

[6] https://beta.companieshouse.gov.uk/company/08248988/officers (last accessed April 15, 2019).
[7] Nonetheless, upon our information and belief, Ms. Nguyen is not a permanent resident.
[8] On May 23, 2017, the Australian court entered an order appointing the Australian liquidator. https://connectonline.asic.gov.au/RegistrySearch/faces/landing/panelSearch.jsp?searchText=163338467&searchType=OrgAndBusNm&_adf.ctrl-state=tf7fstpz5_15 (last accessed April 15, 2019).

*Hong Kong Deposit & Guar. Co. v. Hibdon*, 602 F. Supp. 1378, 1380-81 (S.D.N.Y. 1985)

("Similarly, here, the relevant citizenship for determining subject matter jurisdiction is that of the

liquidators, who have been duly appointed under Hong Kong law . . . .") (citing *Clarkson Co. v.*

*Shaheen*, 544 F.2d 624, 627 (2d Cir. 1976)).

Ira alleged that Coin-Exch "was merely Craig seizing control of W&K from the

shadows," Third Complaint ¶ 139, and that "[a]s best as can presently be discerned, Dave was

the sole 'member' of W&K[,]" *id.* ¶ 71. But we know that, prior to filing this action, Ira was (1)

aware that Coin-Exch was a publicly listed member of W&K, (2) a shareholder of Coin-Exch,[9]

and (3) in communication with Coin-Exch's liquidator. Despite these three facts, the first time

that Ira raised any question as to whether Coin-Exch was a member of W&K was in his amended

complaint—that is, when he needed to manufacture diversity jurisdiction because W&K is a

necessary party to this action.

As with Ms. Nguyen, Coin-Exch's presence as a member of W&K destroys complete

diversity.

### C.    Ira Did Not Have Authority to Remove Ms. Nguyen and Coin-Exch

The Third Complaint alleges that W&K did not have an operating agreement. Third

Compl. ¶ 70 ("W&K has no operating agreement . . . ."). Therefore, the Florida Revised Limited

Liability Company Act, Fla. Stat. §§ 605.0101-605.1108, is the exclusive means for a member to

be properly dissociated from an LLC. Fla. Stat. § 605.0602 provides how a member can be

automatically disassociated, none of which applies here.

The only other basis for disassociation is if a member grants their "express will to

withdraw as a member." Fla. Stat. § 605.0602(1). But neither Ms. Nguyen nor Coin-Exch

---

[9] Ira held 10,50,000 million shares of Coin-Exch since 2014, which the liquidator confirmed in his emails with Ira. *See* **Ex. B** at 123:9-11.

13

resigned as a member of W&K, and Ira cannot produce any evidence of their "express will to withdraw as a member" under § 605.0602(1). Ira confirmed that he has no documents from W&K's other member demonstrating their express will to withdraw as a member. **Ex. B** at 129:22-25 ("Q: Do you have any documents that resignation letters from any members of W&K before you reinstated and listed yourself as the member of W&K? A: No.")

To the contrary, Ira had email exchanges with Coin-Exch's government-appointed liquidator regarding W&K, his rights as a shareholder of Coin-Exch, and whether he could bring claims against Dr. Wright as a shareholder of Coin-Exch. *See*, *e.g.*, **Ex. C**. But *nowhere* in these emails—or anywhere else—has the liquidator given any indication that Coin-Exch is disassociating itself as W&K's member, nor does Ira mention his intention to remove Coin-Exch from W&K's public filings.

Finally, Ira is aware that changing sunbiz.org filings does not change W&K's actual membership. Prior to filing this lawsuit, Florida's division of corporations explained to Ira that the department does not keep information on the identity of a company's members because "[t]he names and addresses of the members of a Florida LLC are an internal matter." Div. of Corp. email to I. Kleiman, dated July 6, 2015, attached as **Exhibit H**.[10]

Absent any statutory basis for altering W&K's membership, Ira had no authority to change W&K's membership, which still consists of Ms. Nguyen and Coin-Exch, each of whom destroys complete diversity.

---

[10] In fact, an LLC is only required to list its manager or managing member. *See* https://efile.sunbiz.org/llc_ar_help.html (last accessed March 15, 2019). However, when Ira filed this action he was required to list every member of the LLC to establish diversity jurisdiction. *See RG Martin*, 2017 WL 7792564, at *2

2.     **Even if Ira had the Ability to Unilaterally Alter W&K's Membership (and He Does not), He did so Solely for the Purpose of Manufacturing Subject-Matter Jurisdiction in Violation of Section 1359**

Again, Ira's removal of Coin-Exch and Ms. Nguyen as listed members of W&K's public filings on sunbiz.org does not change the actual membership of W&K. But even if Ira had the power to unilaterally remove W&K's diversity-destroying members, this Court still would not have subject-matter jurisdiction because Ira's purported change of W&K's membership was done solely to manufacture diversity jurisdiction, which would not otherwise exist.

Under 28 U.S.C. § 1359, district courts do not have jurisdiction over actions where a party, by "assignment or otherwise" has been improperly brought into the action to manufacture subject-matter jurisdiction:

> A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court.

Courts have construed "[S]ection 1359 broadly to bar any agreement whose 'primary aim' is to concoct federal diversity jurisdiction." *Castillo Grand LLC v. Sheraton Operating Corp.*, 2009 WL 4667104, at *2 (S.D.N.Y. Dec. 9, 2009) (citing *Airlines Reporting Corp. v. S & N Travel, Inc.*, 58 F.3d 857, 862 (2d Cir.1995)).

In *Castillo*, a limited liability company attempted to remove two of its members to create "federal diversity jurisdiction where no such jurisdiction existed before . . . ." *Castillo*, 2009 WL 4667104, at *2. The defendant in that case argued that the removal of the two members violated § 1359, because the company made that transaction for the purpose of manufacturing diversity jurisdiction. *Id*. The district court agreed, stating that "transactions engineered by a party for the purpose of creating federal diversity jurisdiction are precisely the sort of conduct prohibited by §

15

1359." *Id.* Furthermore, relying on Second Circuit precedent,[11] the court rejected the LLC's argument that § 1359 only applied where there is an assignment because § 1359 bars "any agreement whose primary aim is to concoct federal diversity jurisdiction." *Id.*

The same holds here. Even assuming that Ira had the authority to change anything with W&K—a company that had been dormant for years—his change of W&K's public filings was done right before he joined W&K as a plaintiff and was done for the sole purpose of concocting diversity jurisdiction, in violation of § 1359.

## CONCLUSION

For all the foregoing reasons, Dr. Wright respectfully requests that the Court grant this motion and dismiss this action for lack of subject-matter jurisdiction.

Respectfully submitted,

RIVERO MESTRE LLP
*Attorneys for Dr. Craig Wright*
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: amcgovern@riveromestre.com
Email: arolnick@riveromestre.com
Email: bpaschal@riveromestre.com

By: s/ Andres Rivero
ANDRES RIVERO
Florida Bar No. 613819
ALAN H. ROLNICK
Florida Bar No. 715085
AMANDA MCGOVERN
Florida Bar No. 964263
BRYAN L. PASCHAL
Florida Bar No. 091576

---

[11] As of this filing, we are not aware of any Eleventh Circuit authority that contradicts this interpretation of § 1359.

16

## <u>CERTIFICATE OF SERVICE</u>

       I certify that on April 15, 2019, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

_ /s/Andres Rivero_____
ANDRES RIVERO
