**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

    plaintiffs,
v.                                                                    **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

    defendant.
_____/

**DR. WRIGHT'S RESPONSE TO PLAINTIFFS'**
**MOTION TO RE-OPEN HIS INITIAL LIMITED DEPOSITION**

Plaintiffs are requesting to re-open Dr. Wright's initial limited deposition for an *additional two hours* to have Dr. Wright testify about what his ex-wife (Lynn Wright) and current wife (Ramona Watts) know about the subject matter of this case. Notwithstanding the impropriety of asking one witness to guess what another witness may say, the deposition topics that plaintiffs disclosed for the first time in their motion [D.E. 157] go *well beyond* the permitted scope and purpose of the initial limited deposition.[1] Plaintiffs' new topics are not aimed at "determining where relevant evidence might be found," but are instead directed at the merits, which was not the purpose of the initial limited deposition. Plaintiffs' request for an additional two hours to ask questions that go beyond the purpose of the initial limited deposition is unjustified and should be denied.[2]

---

[1] The parties agree that the purpose of the initial deposition "was to narrow the scope of discovery *by determining where relevant evidence might be found* . . . ." D.E. 157 at 1 (emphasis added).

[2] Plaintiffs ended their deposition about a half hour early. We do not object to plaintiffs adding that additional 30 minutes to Dr. Wright's deposition on the merits, so long as Dr. Wright gets the same additional time to depose plaintiffs.

Plaintiffs will have the opportunity to take Dr. Wright's deposition on the merits, and to the extent that the information plaintiffs seek is not covered by the marital privilege, they can ask Dr. Wright their questions stemming from their new proposed topics. They can also seek to take the depositions of non-parties, including Ms. Wright and Ms. Watts, which is the very reason plaintiffs argued that they needed an extension of the discovery deadline.[3] *See* D.E. 145 at 7-8.

As for marital-privilege issues that may arise during Dr. Wright's deposition on the merits, Florida's marital privilege applies,[4] which protects Dr. Wright's spousal communications that were made in confidence:

> A spouse has a privilege during and after the marital relationship to refuse to disclose, and to prevent another from disclosing, communications which were intended to be made in confidence between the spouses while they were husband and wife.

Fla. Stat. § 90.504(1). Dr. Wright acknowledges that purely business communications with his ex-wife and current wife do not fall within the marital privilege. *See Hanger Orthopedic Grp., Inc. v. McMurray*, 181 F.R.D. 525, 530 (M.D. Fla. 1998). Therefore, plaintiffs' questions regarding marital communications should be limited to business communications that relate to the subject matter of this case.

For the foregoing reasons, Dr. Wright requests that the Court deny plaintiffs' motion to re-open Dr. Wright's initial limited deposition. To the extent that the questions do not fall within the marital privilege, plaintiffs can ask their questions at Dr. Wright's deposition on the merits.

---

[3] Because plaintiffs have ***twice*** misrepresented on the record that Dr. Wright has not provided evidence of his marriage to Mrs. Watts (*see* D.E. 157 at n. 1 and D.E. 145 at n. 3), we note that Dr. Wright produced to plaintiffs a copy of his marriage license ***over two months ago***. DEF_00002165.

[4] *See Jet Glob., Inc. v. Ryan*, 2005 WL 8159707, at *4 (M.D. Fla. 2005) ("State law governs the applicability of privileges when a case is filed in federal court based on diversity jurisdiction.") (citing Fed. R. Evid. 501). For the reasons set forth in the pending Motion for Judgment on the Pleadings [D.E. 144], Dr. Wright maintains that complete diversity does not exist.

Additionally, plaintiffs should not be allowed to ask questions clearly geared at harassment, such as questions about the circumstances of Ms. Watts' name change or when Dr. Wright met Ms. Wright. *See* D.E. 157 at 2.

    Respectfully submitted,

    RIVERO MESTRE LLP
    *Attorneys for Dr. Craig Wright*
    2525 Ponce de Leon Boulevard, Suite 1000
    Miami, Florida 33134
    Telephone: (305) 445-2500
    Fax: (305) 445-2505
    Email: arivero@riveromestre.com
    Email: jmestre@riveromestre.com
    Email: arolnick@riveromestre.com
    Email: receptionist@riveromestre.com

    By: s/ Andres Rivero
    ANDRES RIVERO
    Florida Bar No. 613819
    ALAN H. ROLNICK
    Florida Bar No. 715085
    AMANDA MCGOVERN
    Florida Bar No. 964263
    BRYAN L. PASCHAL
    Florida Bar No. 091576

## CERTIFICATE OF SERVICE

    I certify that on April 29, 2019, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

    /s/Andres Rivero
    ANDRES RIVERO