UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CIV-80176-Bloom/Reinhart

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and
W&K INFO DEFENSE RESEARCH, LLC.

        PlaintiffS,

  v.

CRAIG WRIGHT

        Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION REGARDING PRODUCTION OF A LIST OF THE PUBLIC ADDRESSES OF HIS BITCOIN AS OF DECEMBER 31, 2013 [DE 155]

Before the Court is the Defendant's Sealed Motion Regarding Production of a List of the Public Addresses of his Bitcoin as of December 31, 2013 ("the Bitcoin Holdings Motion.") [DE 155]. The Defendant filed a Motion to Seal the Bitcoin Holdings Motion, DE 151, which the undersigned granted. DE 153. Plaintiffs filed their Response under seal. DE 162. For the reasons stated below, the Court finds that redacted, unsealed versions of the Bitcoin Holdings Motion and the Plaintiffs' Response to that motion can be filed in the public record. Nothing contained in the instant Order discloses material that remains under seal.

The Court, *sua sponte¸* has reconsidered its Order granting Dr. Wright's Motion to Seal. It is this Court's general policy that its proceedings are public and Court filings are matters of public record. SDFL Local Rule 5.4(a). A party seeking to seal materials related to a discovery motion must satisfy the burden for a Rule 26 protective order, that is, good cause. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.* 263 F.3d 1304, 1312-13 (11th Cir. 2001); *FTC v. AbbVie Products,*

*LLC,* 713 F.3d 54, 63 (11th Cir. 2013).  Having had the opportunity to review the party's pleadings, the Court finds there is good cause to seal portions of the pleadings, but not the pleadings in their entirety.  Redacted versions of those pleadings can be filed in the public record without compromising the original purpose for sealing them.[1]  The Court will allow the parties to be heard before finalizing its redactions.

At issue is whether it would be unduly burdensome for Dr. Wright to produce a list of his bitcoin holdings as of December 31, 2013.  This Court has held multiple discovery hearings that addressed issues relating to Dr. Wright's current and past bitcoin holdings.  DE 107 at 120-123; DE 122 at 61-63; DE 124 at 18-23.  Ultimately, the Court ordered Dr. Wright to produce a list of his bitcoin holdings as of December 31, 2013, without prejudice to Dr. Wright filing a motion for protective order based on undue burden.  DE 124 at 18-23.

Thereafter, Dr. Wright filed an unverified motion in which he identified a number of bitcoin public addresses that he mined.  Although not delineated as a Motion for Protective Order, that is what the pleading is.  Dr. Wright asserted that he does not have a complete list of the public addresses he owned on any date, including December 31, 2013.  He further asserted that in 2011 he transferred ownership of all his bitcoin to a blind trust.  Although he makes the conclusory statement that it would be unduly burdensome to produce a list of his bitcoin holdings as of December 31, 2013, this conclusion is not supported by facts.  In essence, he does not argue undue burden, he argues impossibility.  The argument that Dr. Wright is incapable of providing an accurate listing of his current or historical bitcoin holdings was never presented in any of the prior hearings before this Court, when the Court was crafting the scope of discovery.  Notably, the

---

[1] Remaining under seal are the names of non-parties and the identifying information for the amount and identity of certain bitcoin.  In addition, discovery material attached to Plaintiffs' Response as Exhibits 1 and 2 remains under seal.

Bitcoin Holdings Motion does not refute the obvious response to this argument – get the information from the trustee of the blind trust.

In response to Dr. Wright's Motion, the Plaintiffs ask the Court to order the following additional discovery: (1) make Dr. Wright produce the list of bitcoins owned as of December 31, 2013; (2) make Dr. Wright identify all bitcoins he transferred to the blind trust in 2011; (3) make Dr. Wright produce documents related to the blind trust; (4) make Dr. Wright identify, under oath, the identity of the current and past trustees of the blind trust, the beneficiaries of the blind trust, and the manner in which the bitcoins were transferred to the blind trust; and (5) permit further deposition of Dr. Wright with regard to his ownership and control over bitcoins. DE 162 at 5-6. The Court finds that this additional discovery is warranted. The Court has already found that tracing Dr. Wright's bitcoin holdings is relevant to the Plaintiffs' theft claims. The order to produce a list of bitcoin holdings as of December 31, 2013, was a compromise; it was the Court's attempt to provide Plaintiffs with relevant and material evidence without unduly burdening Dr. Wright. That Dr. Wright now argues it is not feasible for him to identify the bitcoin he held on December 31, 2013, does not diminish Plaintiffs' entitlement to the pertinent evidence. That evidence can be obtained through other means, which the Court will authorize Plaintiffs to use.

It is therefore ORDERED that:

1. Dr. Wright's Motion Regarding Production of a List of the Public Addresses of His Bitcoin as of December 31, 2013, [DE 155] which is deemed to be a Motion for Protective Order, is DENIED.

2. The Order to Seal [DE 153] is modified to allow for the filing of redacted copies of DE 155 and DE 162. The Court will provide copies of its proposed redacted pleadings to the parties, but will not yet file those redacted pleadings on the docket. The parties

shall notify the Court by May 8, 2019, at 5:00 p.m. Eastern time if they seek additional redactions.

3. On or before May 8, 2019, at 5:00 p.m. Eastern time, Dr. Wright shall provide to Plaintiffs a sworn declaration identifying the name and location of the blind trust, the name and contact information for the current trustee and any past trustees, and the names and contact information of any current or past beneficiaries.

4. On or before May 9, 2019, at 5:00 p.m. Eastern time, Dr. Wright shall produce to Plaintiffs a copy of any and all documents relating to the formation, administration, and operation of the blind trust. The production shall be accompanied by a sworn declaration of authenticity.

5. On or before May 15, 2019, at 5:00 p.m. Eastern time, Dr. Wright shall produce all transactional records of the blind trust, including but not limited to any records reflecting the transfer of bitcoin into the blind trust in or about 2011. The production shall be accompanied by a sworn declaration of authenticity.

6. Dr. Wright shall execute any and all documents, or other legal process, necessary to effectuate the release of documents in the possession, custody, or control of the Trustee.

7. Any ruling on whether Dr. Wright's deposition should be re-opened will be deferred pending the production described in this Order.

**DONE AND ORDERED** in Chambers this 3rd day of May, 2019, at West Palm Beach in the Southern District of Florida.

UNITED STATES MAGISTRATE JUDGE