UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CIV-80176-Bloom/Reinhart

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and
W&K INFO DEFENSE RESEARCH, LLC,

        Plaintiffs,

v.

CRAIG WRIGHT,

        Defendant.
_____/

## ORDER REGARDING PLAINTIFFS' REQUEST TO RE-DEPOSE DEFENDANT [DE 157]

During the course of Dr. Wright's deposition, he declined to answer questions about his wife and ex-wife. The Court was notified during the deposition of this privilege claim. The Court deferred ruling until the parties had the opportunity to brief the issues. That briefing has now been received.

Plaintiffs asks that they be permitted to re-open the deposition to question Dr. Wright about six general topic areas. DE 157 at 4-5. Dr. Wright argues that the proposed topics are beyond the limited scope of the initial deposition authorized by this Court and therefore further questioning should be deferred until a later deposition of Dr. Wright. DE 160 at 1. Dr. Wright further argues that Plaintiffs can take the depositions of Ms. Wright and Ms. Watts as an alternative means of acquiring the same information. DE 160 at 2.

It is long-settled controlling precedent in this Circuit that privilege objections must be made on a question-by-question basis. *See, e.g., United States v. Melchor Moreno,* 536 F.2d 1042, 1049 (5th Cir.), *opinion supplemented on denial of reh'g,* 543 F.2d 1175 (5th Cir. 1976) (blanket refusal

to testify is unacceptable). Dr. Wright did not follow this procedure. He categorically refused to answer questions about his current wife, Ms. Watts: "I am not answering questions about my wife. My wife is privileged in the U.K. My marriage is privileged . . . I do not discuss my family, full stop." 157-1 at 18:11-18:21.[1] He pursued a similar strategy with regard to his ex-wife, Ms. Wright; he stated that he had "an oath" with her and that he therefore would not discuss anything about his ex-wife or his former marriage. 157-1 at 16-17. His most thorough explanation was, "I am not refusing to answer questions. I have an oath that has been filed within a court in Australia. I will not breach oath and perjure myself or break oath. You are asking me to break oath, and unless instructed by a judge, etcetera, etcetera, I will not do that." 157-1 at 17:15-17:20.

Although it appeared that Dr. Wright's objections during the deposition may have been based on the law of Australia and/or the United Kingdom, he now relies solely on the Florida marital privilege. Fla. Stat. § 90.504(1). DE 160 at 2. Therefore, to the extent he objected to answering questions based on other asserted privileges, those objections are waived.

Plaintiffs do not dispute that Florida' marital privilege potentially could apply to some areas of questioning; they argue that they will not ask questions that invade the privilege and that the proper procedure is for Dr. Wright to assert that privilege on a question-by-question basis. Dr. Wright concedes that the marital privilege may not apply to certain communications between him and his ex-wife or current wife. DE 160 at 2. He argues that questioning should therefore be limited only to "business communications that relate to the subject matter of this case." *Id.* Other than the privilege objection, Dr. Wright does not challenge the relevance of the proposed topics to the case. Rather, he argues that questioning on these topics should be deferred.

---

[1] In light of Dr. Wright's steadfast and categorical refusal to testify about Ms. Watts and Ms. Wright, and given the limited time allotted to the deposition, the Court does not fault Plaintiffs' counsel for failing to make a more robust record of the questions it would have asked Dr. Wright.

The Court finds that the Plaintiffs' proposed topic areas are reasonably designed to identify Ms. Wright's and Ms. Watts' knowledge of facts material to the issues in this case and/or the existence and location of additional relevant evidence. They are designed to narrow the issues in dispute and potentially limit the scope of future discovery. They fall squarely within the Court's intended scope for Dr. Wright's deposition. The Court further finds that Dr. Wright's objections were unfounded under Florida law. The questions did not elicit marital communications and therefore would not have been protected by the Florida marital privilege.[2] Nevertheless, the Court will defer ruling on whether to reopen Dr. Wright's deposition until after Dr. Wright responds to the Court's orders relating to his bitcoin holdings. DE 166, 172.

**DONE AND ORDERED** in Chambers this 7th day of May, 2019, at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE

---

[2] The questions were: "When did you get divorced?" and "Have you stayed in touch with your ex-wife after the date of divorce?" At that point, Dr. Wright testified under oath that he would not discuss anything about his ex-wife or his prior marriage unless ordered by this Court.