UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

       plaintiffs,

v.                            **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

       defendant.

_____/

**DR. WRIGHT'S RESPONSE TO**
**PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY**

     Dr. Wright's Reply in Support of His Motion for Judgment on the Pleadings [D.E. 171]

(the "Reply") was "strictly limited to rebuttal of matters raised in the memorandum in

opposition." Local Rule 7.1(c). Plaintiffs' Motion for Leave to File Sur-Reply (the "Motion")

should be denied because Dr. Wright strictly addressed, in order, the arguments that plaintiffs

raised in their opposition [D.E. 159] (the "Opposition").

     Specifically, Dr. Wright addressed the following arguments that plaintiffs raised in their

opposition:

- Dr. Wright addressed plaintiffs' argument that they "adequately alleged that Dave

was W&K's sole member," Opp. at 7 (citing Second Amended Complaint [D.E. 83] ¶¶ 69-71),

by demonstrating that, as a matter of law, their allegations were insufficient to invoke diversity

jurisdiction, *see* Reply at 5-6;

- Dr. Wright addressed plaintiffs' argument that W&K's articles of incorporation is

purportedly dispositive evidence of W&K's complete membership, *see* Opp. at 3-4, by

demonstrating that, as a matter of law, the articles of incorporation do not evidence an LLC's complete membership, *see* Reply at 6-7;

- Dr. Wright addressed plaintiffs' argument that Ms. Uyen Nguyen and Coin-Exch Pty ("Coin-Exch") were just officers of W&K because of the abbreviations they used on sunbiz.org, *see* Opp. at 4-6, by establishing that abbreviations do not change the membership of an LLC, *see* Reply at 8.

- Finally, Dr. Wright addressed plaintiffs' argument that the Court has supplemental jurisdiction, Opp. at 11-14, by demonstrating why the Court does not, Reply at 9-15.

Plaintiffs' Motion is nothing more than an unauthorized sur-reply, in which plaintiffs' advance unauthorized arguments, and it should therefore be stricken. Moreover, while plaintiffs brazenly allege that "Craig's Motion contains outright misrepresentations of fact," plaintiff had every opportunity to address these purported misrepresentations in their opposition brief. And even if there were anything to plaintiffs' allegation about misrepresentations—which there decidedly isn't— "a sur-reply is not justified to correct 'an alleged mischaracterization.'" *THEC Int'l-Hamdard Cordova Grp.-Nazari Constr. Co., Ltd. Joint Venture v. Cohen Mohr, LLP*, 301 F. Supp. 3d 1, 8 (D.D.C. 2018) (citing *U.S. v. Sum of $70,990,605*, 4 F.Supp. 3d 209, 215 (D.D.C. 2014)). Nonetheless, in an abundance of caution, if the Court were to consider the arguments that plaintiffs make in their motion for leave, Dr. Wright responds to plaintiffs' arguments, in turn.

*First*, plaintiffs claim that Dr. Wright made a blatant misrepresentation by stating that Ms. Nguyen stated under oath that she is a "managing member" or "member" of W&K. Motion at 2. To be clear—W&K's 2014 Reinstatement and its 2015 Annual Report reflect that Ms. Nguyen swore under oath, and subject to a felony under Fla. Stat. § 817.155, that she is a

"managing member" or "manager" of W&K. Moreover, if she and Coin-Exch were just officers of W&K and not members, then W&K had officers (but no members) for *over six years*.

    *Second*, plaintiffs claim that Dave Kleiman's email to Lynn Wright regarding W&K's formation was "submitted for the first time on Reply"; was really directed to Dr. Wright so that Ms. Wright was only copied; and, without any basis for so asserting, question whether the email is "even real." This email is ***plaintiffs' exhibit*** that they filed ***after*** Dr. Wright filed his Motion for Judgment on the Pleadings. *See* D.E. 157-2. Plaintiffs had an opportunity to address any issues about their own exhibit, but did not do so. Moreover, as to their argument that Ms. Wright was merely copied on this email, this is wrong—Dave also asks Ms. Wright what the company's name should be, and she responds with "you choose." *See* L. Wright's email to D. Kleiman, attached as **Exhibit A**. Dave's initial email was directed to her.

    *Third*, as Dr. Wright has demonstrated both facially and factually, plaintiffs have failed to invoke this Court's subject-matter jurisdiction. Furthermore, plaintiffs' argument that they can amend the complaint to now invoke subject-matter jurisdiction is incorrect because W&K's membership is determined at the time of filing. *Grupo Dataflux v. Atlas Glob. Grp.*, L.P., 541 U.S. 567, 570 (2004) ("It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'") (quoting *Mollan v. Torrance*, 9 Wheat. 537, 539 (1824)). But even if W&K's membership could be changed through an amendment to a complaint, such action would still divest the Court of jurisdiction under 28 U.S.C. § 1359. *See Castillo Grand LLC v. Sheraton Operating Corp.*, 2009 WL 4667104, at *2 (S.D.N.Y. 2009) (holding that there is no subject-matter jurisdiction where an LLC's "reorganization was undertaken in order 'to invoke the jurisdiction' of this Court as contemplated by the plain language of § 1359.")

*Fourth* and *Fifth*, contrary to plaintiffs' argument, it is their burden to establish that this Court has subject-matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."). A non-removing defendant does not have the burden of establishing subject-matter jurisdiction for a plaintiffs' complaint.

*Sixth*, plaintiffs' argument regarding Coin-Exch's membership is nothing more than a re-hash of what they said in their opposition.

*Seventh*, the document that plaintiffs use to describe Ms. Nguyen as being "nothing more than a puppet," Mot. at 5, has absolutely nothing to do with whether this Court has subject-matter jurisdiction.

*Eighth*, plaintiffs should have made their arguments regarding supplemental jurisdiction in their opposition. Their arguments regarding supplemental jurisdiction is improper to be made in a sur-reply, let alone a motion for leave to file sur-reply.

For the foregoing reasons, Dr. Wright respectfully requests that the Court deny plaintiffs' Motion for Leave to File Sur-Reply.

Respectfully submitted,

RIVERO MESTRE LLP
*Attorneys for Dr. Craig Wright*
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: jmestre@riveromestre.com
Email: arolnick@riveromestre.com
Email: receptionist@riveromestre.com

By: s/ Andres Rivero
ANDRES RIVERO
Florida Bar No. 613819
ALAN H. ROLNICK
Florida Bar No. 715085
AMANDA MCGOVERN
Florida Bar No. 964263
BRYAN L. PASCHAL
Florida Bar No. 091576

## CERTIFICATE OF SERVICE

I certify that on May 8, 2019, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

_ /s/Andres Rivero
ANDRES RIVERO