UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

    plaintiffs,

v.

CRAIG WRIGHT,

    defendant.
_____/

Case No. 9:18-cv-80176 (BB/BR)

## DR. CRAIG WRIGHT'S MOTION FOR PROTECTIVE ORDER
### FILED UNDER SEAL

After his initial, limited deposition, Dr. Wright was ordered to answer certain questions concerning the identities of two individuals and the names of certain websites. At his deposition, Dr. Wright had agreed to answer those questions *in camera* but refused to answer them without additional protection against public disclosure. Dr. Wright's well-founded concerns over public disclosure arise from the highly sensitive nature of the information, which (1) could endanger him and other persons, (2) implicate national security concerns, and (3) would almost instantly be breathlessly reported on and circulated worldwide. The docket and documents attached to Court filings in this high-profile case repeatedly have been reprinted and widely shared on the internet within 24 hours.[1]

Dr. Wright is willing to answer these questions and does so below but requests an order that his answers remain under seal and not be shared with anyone other than this Court and

---

[1] See, e.g., https://www.coinspeaker.com/faketoshi-craig-wright-bitcoin/, last accessed April 18, 2019; https://ambcrypto.com/bitcoin-svs-craig-wright-declines-to-answer-certain-questions-based-on-national-security-concerns-during-deposition/, last accessed April 18, 2019.

counsel of record. The Court has granted Dr. Wright's motion to file this motion under seal. D.E. 152.

In Dr. Wright's deposition, after being asked about a trip to Florida in either 2009 or 2010 (Ex. 1, Wright Tr. 37:23-39:17),[2] he was asked about whether he traveled to the United States in 2011 and met with Dave Kleiman. *Id.* at 40:4-6. He explained that he and Dave Kleiman participated in a videoconference while Dr. Wright was in New York[3]—a videoconference that did not relate to Bitcoin or blockchain or timechain technology (*id.* at 43:25-45:6)—Dr. Wright refused to identify the third participant on the call and testified that this individual had "nothing to do with Bitcoin in any way." *Id.* 45:1-2. Plaintiffs' counsel asked no further questions. Dr. Wright maintains that the name of this individual is irrelevant to the issues framed by the pleadings under Rule 26.[4] Nonetheless, and with the Court's assurance that this motion will remain under seal, Dr. Wright now provides that individual's name, which is ▮▮▮ ▮▮▮ despite the fact that ▮▮▮ identity and Dr. Wright's dealings with ▮▮▮ are irrelevant to the issues framed by the pleadings in this case. In testifying about the intellectual property that Dr. Wright's company, Craig Wright R&D, had W&K enhance, Dr. Wright

---

[2] We are attaching the relevant portions of the transcript, including the page before and the page after each citation for context as Exhibit 1. We will provide the full transcript upon request.
[3] Dr. Wright now realizes that he was mistaken in the year, and believes that the videoconference occurred before 2011, but is unsure of the exact date or specific year. Dr. Wright will make this correction in his errata, which is not yet due.
[4] The identity of this third person is neither relevant to the issues nor proportional to the needs of this case under Rule 26(b)(1). *See Kennedy v. McKnight*, 2017 WL 4654446, at *2 (S.D. Fla. 2017) (denying motion to compel disclosure of identity of other properties owned by defendants, where plaintiff has not identified how other properties owned or leased by defendants that have not been the subject of ADA lawsuits are relevant); *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 430 (M.D. Fla. 2005) (granting protective order under rule 26(c) against disclosure of financial information, where discovery sought by non-parties bore no relation whatsoever to any claim or defense of the parties but was rather in aid of execution of a judgment that had not yet been entered).

testified that they built ▮▮▮▮▮▮▮▮▮▮ software, that ▮▮▮▮▮▮▮▮▮▮ software were distributed to a number of sites, including sites associated with the United States government, and that this work implicated national security issues.[5] *See* Ex. 1, Wright Tr. 231:10-233:13. Dr. Wright maintains that to whom these ▮▮▮▮▮▮▮▮▮▮ software were distributed also is irrelevant to the issues framed by the pleadings. *See* note 3, *supra*. The only part of this testimony that is relevant in this case is the alleged intellectual property that W&K worked on, which Dr. Wright identified.

However, with the Court's assurance that this motion will remain under seal, Dr. Wright now answers this question and states that ▮▮▮▮▮▮▮▮▮▮ Dr. Wright further states that the ▮▮▮▮▮▮▮▮▮▮ software helped United States Government officials to build cases against and apprehend ▮▮▮▮▮▮▮▮▮▮ The ▮▮▮▮▮▮▮▮▮▮ software also assisted

---

[5] Discovery can be and has been limited on grounds of national security. *E.g., United States v. Cordova*, 806 F.3d 1085, 1090 (D.C. Cir. 2015) ("[A]mong the considerations to be taken into account by the court [in making the good-cause determination]" on a motion for protective order, "will be . . . the protection of information vital to national security.") (quotation marks omitted); *Al-Haramain Islamic Found., Inc., v. Bush*, 507 F.3d 1190 (9th Cir. 2007) (state secrets privilege applied to prevent disclosure of government report on Terrorist Surveillance Program). *In re Guantanamo Bay Detainee Litig.*, 787 F. Supp. 2d 5 (D.D.C. 2011) (government satisfied first part of two-part test for sealing sensitive but unclassified information regarding detainees, which could reveal sources and methods used to investigate suspected terrorists, but further proceedings were needed to determine if government request was narrowly tailored to satisfy second part of test); *cf. United States v. Chow*, 2008 WL 11440570 (N.D. Cal. 2014) (protecting discovery materials from disclosure would protect ongoing criminal investigation, by keeping persons under investigation from being tipped off and keeping undercover agents from being placed "in harm's way.").

the United States in cases brought against ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Although ▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ are in prison, many of their associates are not, and Dr. Wright has a well-founded fear that these criminals and their associates would seek retribution if they learned of his involvement in their apprehension and incarceration.[7]

In answering deposition questions regarding D.E. 82-23, Dr. Wright would not identify a third individual referenced in the email on the basis of national security. *See* Ex. 1, Wright Tr. 126:16-127:8; note 4, *supra*. He testified that he does not know if that individual is still alive and that the individual formerly worked as an informer for the United States government. *See id.* at 127:19-128:4. To the best of Dr. Wright's knowledge, this individual did not interact with Dave Kleiman, and this individual's involvement in Bitcoin ceased in 2007, the year before Dave Kleiman was introduced to Bitcoin in 2008. *Id.* at 63:5-67:4, 79:6-80:21.

As noted above, the informer's privilege to remain anonymous is well-settled and frequently invoked, most often by plaintiffs and witnesses, because civil defendants are seldom forced to become involuntary whistleblowers.[8] Of course, Dr. Wright is not the plaintiff here,

---

continents-s-turned-super-snitch.html and https://en.wikipedia.org/wiki/Paul_Le_Roux, last accessed on April 17, 2019.

[7] It is common practice for plaintiffs or witnesses fearing retaliation from defendants or non-parties to seek, and be permitted, to proceed anonymously. *E.g.*, *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990 (N. D. Cal 2015) (anonymous plaintiffs); *Int'l Longshoremen's Assoc., AFL-CIO v. National Mediation Board*, 2008 WL 11440570, *3-4 (D.D.C. 2008) (anonymous witnesses). Of course, Dr. Wright is not a willing participant here. He was hauled into court by plaintiffs who demanded that he provide information that could cause him serious bodily injury or death. The law does not require a defendant to become an involuntary whistleblower, particularly when his personal safety could be at stake, and particularly where the information demanded is not relevant to the issues framed by the pleadings.

[8] *E.g.*, *Whistleblower 14106-10W v. Comm'r*, 137 T.C. 183 (T.C. 2011) (anonymous plaintiff); *see Int'l Longshoremen's Assoc.*, 2008 WL 11440570, *3-4 (discussing informer's privilege); *Black v. Sheraton Corp. of Am.*, 47 F.R.D. 263 (D.D.C. 1969) (identities of hotel employees who eavesdropped on hotel guest were protected by informer's privilege in guest's civil action against hotel and government).

and the mere happenstance of his involvement with persons who worked undercover does not give plaintiffs the right or power to force him to identify such persons, particularly where their identities are irrelevant to the issues in this case, and revealing their identities could imperil them or Dr. Wright, or impair ongoing criminal investigations or national security. However, with the Court's assurance that this motion will remain under seal, Dr. Wright now answers this question and states that this individual went by the code name of ▇▇▇▇ and was an anonymous data source for ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

For all the foregoing reasons, Dr. Wright respectfully requests that the Court grant this Motion for Protective Order, and keep the information disclosed here under seal, and not allow it to be shared with anyone other than the Court and counsel of record.

Respectfully submitted,

*Attorneys for Dr. Craig Wright*

RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: amcgovern@riveromestre.com
Email: arolnick@riveromestre.com
Email: zmarkoe@riveromestre.com
Email: receptionist@riveromestre.com

By: s/ Andres Rivero
ANDRES RIVERO
Florida Bar No. 613819
ALAN H. ROLNICK
Florida Bar No. 715085
AMANDA MCGOVERN
Florida Bar No. 964263
ZAHARAH MARKOE
Florida Bar No. 504734

## CERTIFICATE OF SERVICE

I certify that on April 18, 2019, I electronically filed this document with the Clerk of the Court using CM/ECF and the procedures for filing under seal. I also certify that this document is being served today on all counsel of record by electronic mail.

/s/ Andres Rivero
Andres Rivero