UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>*Plaintiffs,*<br><br>v.<br><br>CRAIG WRIGHT<br><br>*Defendant.* | CASE NO.: 9:18-cv-80176-BB |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S
MOTION FOR PROTECTIVE ORDER
<u>FILED UNDER SEAL</u>**

Although framed as a motion for a protective order, the only relief Craig requests is to keep the answers he's provided in response to certain questions posed at his initial deposition under seal. While Plaintiffs do not oppose keeping the filing under seal,[1] the information Craig discloses in his motion raises additional questions related to the claims at issue in this litigation that Plaintiffs were wrongfully denied the opportunity to explore at Craig's deposition. Accordingly, Plaintiffs request that this Court grant an additional deposition to explore these topics.

---

[1] When Craig filed his sealed motion, Plaintiffs' counsel shared it with Ira Kleiman together with clear instructions that it be kept in the strictest of confidences and not be disclosed. Upon reading Craig's motion carefully, counsel understood that his motion requested an order that his answers not be shared with anyone other than the Court and counsel of record. While Plaintiffs' counsel strenuously objects to having to keep these responses confidential from Ira, and while Craig did not seek this relief in advance, Plaintiffs' counsel requested that Ira delete all copies of the motion and reiterated its confidential nature. Ira confirmed he has deleted all copies. Thus, Plaintiffs do oppose the relief that Plaintiffs should not be entitled to review and keep a copy of these answers.

## ARGUMENT

As this Court is well-aware, Craig refused to answer certain questions at his deposition on the basis of "alleged national security concerns." (ECF No. [137] at 2.) However, when pressed by the Court how Craig would have standing to assert an objection on behalf of the United States, Craig abandoned the "national security" objection. He now claims that his basis for not answering the questions posed was "simply [] not wanting to disclose that information for personal safety." (ECF No. [145-6] at 45:1-2.) Apparently recognizing the lack of any legal basis for responding to the previously unanswered deposition questions, Craig's motion provides minimal background information responsive to those questions. Yet Craig's responses raise many more questions that are germane to the claims at issue in this litigation.

For example, Craig's identification of ▓▓▓▓ as the third person he identified to Dave's father as responsible for Bitcoin's creation (ECF No. [82-23]) – raises significant questions pertaining to the facts leading up to the creation of the alleged partnership between Craig and Dave. To start, it is unclear from Craig's motion (1) whether or not he knows the identity of ▓▓▓▓ (2) whether he is aware of any other identifying information; (3) the extent or nature of ▓▓▓▓ involvement in the creation of bitcoin; (4) whether Craig still possesses any communications between him and ▓▓▓▓; and (5) whether ▓▓▓▓ possess information relevant to ▓▓▓▓ involvement in the creation of Bitcoin. Exploring these types of facts was the purpose of permitting the parties to take preliminary depositions, as the first topic Plaintiffs requested, and this Court ordered, Craig to be prepared to answer was:

> The location and existence of documents along with the identification of witnesses, including information about their whereabouts and role(s) in the subject matter of the pleadings.

(ECF No. [114-5].)

Further, Plaintiffs should not be required to accept Craig's assertion (at 2) that the work performed in conjunction with Dave and ▓▓▓▓ is "irrelevant to the issues framed by the pleadings." First, as spelled out in Plaintiffs recently filed opposition to Craig's motion for judgment on the pleadings (ECF No. [159] at 1-2), Craig has repeatedly submitted false testimony and documentation for this Court in order to prevent inquiry into the facts at issue in this litigation.

But even putting aside his penchant for lying to this Court (e.g. through false affidavits and forged documents), Craig's own motion completely undermines his assertion that these facts are not relevant. Craig claims that intellectual property developed by Craig Wright R&D and W&K was used to ▓▓▓▓ ▓▓▓▓ Yet documents produced by Craig in this litigation show ▓▓▓▓ ▓▓▓▓ ▓▓▓▓

Further, Craig has also claimed he helped compromise ▓▓▓▓ but ▓▓▓▓ was a ▓▓▓▓ firm" that Craig "trusted" to ▓▓▓▓ so that he could "ensure[] that [he] kn[e]w nothing about the ownership of the companies [he was] with." (Ex. 2, Wright Dep. Tr. 92:13-14-94:05.) It was also, according to Craig, the firm that controlled the distribution of loans from ▓▓▓▓ that listed ▓▓▓▓ bitcoins to be held "in trust" for Dave and Craig. (Ex. 2 at 308:23-309:22). Why Craig and Dave were allegedly compromising the ▓▓ firm that was trusted to control the ▓▓▓▓ bitcoins held in trust for their benefit is relevant to the pleadings. It raises the question of whether Craig and Dave ▓▓▓▓ ▓▓▓▓

The relevancy explained above is by no means exhaustive. Yet the issues raised by Craig's disclosure clearly demonstrate that Plaintiffs should be entitled to further deposition time to explore the topics Craig refused to discuss on "national security" grounds. Accordingly, Plaintiffs respectfully request that this Court order Craig to appear for 2-hour continuance of his initial deposition.[2]

Dated: April 29, 2019

Respectfully submitted,

*s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman, Esq.
Florida Bar No. 99762
BOIES SCHILLER FLEXNER LLP
100 SE Second Street, Suite 2800
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307
vfreedman@bsfllp.com

Kyle W. Roche, Esq.
*Admitted Pro Hac Vice*
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300
kroche@bsfllp.com

*Counsel to Plaintiff Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

---

[2] In total, Plaintiffs have requested six-hours of additional deposition time arising from the motions submitted in response to Craig's refusal to answer certain questions at his deposition.

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 29, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via email.

*s/ Velvel (Devin) Freedman*
VELVEL (DEVIN) FREEDMAN
