### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

       plaintiffs,

v.                                        **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

       defendant.

_____/

### DR. CRAIG WRIGHT'S MOTION TO CONTINUE MEDIATION
### OR PERMIT ATTENDANCE BY VIDEOCONFERENCE

On April 17, 2019, the Court entered an Order rescheduling this case for trial on March 30, 2020. (D.E. 148) Pretrial deadlines were keyed into the new trial date, except that the mediation previously set for June 18, 2019, remained as scheduled under the original order setting the case for trial on September 30, 2019 and cutting off discovery on June 10, 2019.[1]

In light of the current state of discovery—no merits depositions have been taken and critical parts of plaintiffs' ESI and hard-copy document production are largely incomplete—Dr. Wright respectfully requests the Court to reschedule mediation to follow in lockstep with the close of discovery under the current trial order on December 3, 2019. (D.E. 148 at p. 2) The purpose and need for meditation under Local Rule 16.2 cannot be met at this juncture and should be postponed until discovery is complete or at least near completion. Inherent principles of fairness merit a continuance of mediation where, as here, the evidentiary support for plaintiffs' claims is woefully deficient and thus is unknown.

---

[1] The Court ordered the parties to seek leave of Court if they wished to change the first-scheduled mediation deadline. (D.E. 148 at p.2, n. 1)

As set forth in the certification of good faith, the defense asked plaintiffs to agree to postpone mediation until completion of discovery or close to it. Despite the gaps in their production and the lack of depositions in the case, plaintiffs insist on mediation on June 18, 2019. If the Court decides to deny the defense's request to postpone mediation under the circumstances, Dr. Wright respectfully requests permission to attend mediation by videoconference. The cost and time required to travel to Florida to attend mediation for a few hours are unjustifiably burdensome given the lack of (i) meaningful document discovery from plaintiffs, (ii) preservation and access to Dave Kleiman's electronic devices, and (iii) any merits depositions having taken place. No prejudice will be imposed on plaintiffs if Dr. Wright attends mediation by videoconference. It is an accommodation that makes sense and fairly addresses the parties' respective positions.

## I.   Mediation on June18, 2019, would not serve the purposes expressly stated in Local Rule 16.2 of the Southern District of Florida

Counsel for the parties and the parties themselves are charged under Local Rule 16.2(a) to enter into mediation with two core responsibilities articulated at paragraph 2 of the Rule:

> (2) Purpose. It is the purpose of the Court … to provide an alternative mechanism for the resolution of civil disputes leading to [1] disposition before trial of many civil cases with resultant savings in time and costs to litigants and to the Court, but [2] *without sacrificing the quality of justice to be rendered* or the right of the litigants to a full trial in the event of an impasse following mediation. (Emphasis added).

A third responsibility is imposed by subparagraph (e) of the Rule:

> (e) Party Attendance Required. Unless excused in writing by the presiding Judge, all parties and required claims professionals …. Shall be physically present at the mediation Conference … *with full authority to negotiate a settlement*. …Failure to comply with the ... settlement authority requirements may subject a party to sanctions by the Court. (Emphasis added).

It is common sense that the parties are expected to act in good faith. Good faith, in turn, may be measured by the settlement authority a party brings to mediation. A party cannot

reasonably be expected to offer any kind of settlement when the state of knowledge a party has of an adversary's claim prevents any fair evaluation. Here, the information of the plaintiffs' case is insufficient for the defense to evaluate plaintiffs' claims and therefore impossible to create any settlement authority. The defendant cannot now make sense of the claims against him by Dave Kleiman's estranged brother cum representative of the estate. Defendant has yet to receive any meaningful discovery from plaintiffs that supports the allegation made against Dr. Wright of the alleged "theft" of Bitcoin and intellectual property from his good friend Dave Kleiman. Indeed, defendant is preparing a discovery motion for the Magistrate to order production of core elements of discovery in this case because plaintiffs refuse to turn these documents over to the defense. Delays and major gaps in plaintiffs' production have made it impossible to gain a reasonable understanding of the evidence behind plaintiffs' allegations against Dr. Wright. Instead, this case has been tried against Dr. Wright's character and credibility primarily based on internet rumors and false inferences. These issues, even if they continue to take center stage, do not go to the legal elements of plaintiffs' claims that Dr. Wright stole from his close friend or constitute proof of those claims. In this regard, the parties have made no headway to the crux of this case, and plaintiffs' failure to facilitate full discovery of Dave's documents only undermines those efforts.

Mediation is further hindered by the fact that the key witnesses with knowledge of the alleged facts of this case do not substantiate (and, in fact, totally contradict) plaintiffs' claims. These witnesses include Dave's closest friends and work colleagues.  It also includes Dave Kleiman himself—the decedent—on whose behalf Ira Kleiman purports to bring his claims. Notably, Ira admittedly did not initiate his claims in this case based on personal knowledge of the allegations lodged against his brother's good friend. To the contrary, Ira stated under oath that he never once visited his disabled and dying brother in the VA hospital or at his house, which was just five

3

minutes away from his own home. And, Ira stated under oath that he destroyed and compromised the evidence that Dave had in his possession at the time of his unfortunate death. Specifically, Ira testified that he discarded Dave's papers and the electronic device that Dave had closest to him when he was found dead at his home. Equally troubling is the fact that the defense has been unable to access an encrypted thumb drive that Dave was known to wear around his neck. Could Dave have had the information necessary to access his own bitcoin in the papers Ira threw away or on the electronic devices Ira blithely discarded or irreparably altered? Or could that information be contained on the encrypted thumb drive which cannot be accessed because the password can no longer be found? These questions must be fully evaluated before mediation and only after the full merits-based depositions of the parties have been completed.

Discovery is critical to a productive mediation. The defense is preparing a discovery motion, pursuant to Magistrate Reinhart's standing order, to have the Court order plaintiffs' complete production of the documents related to their claims, including documents of Dave's financial condition and physical health for the years leading to his death.

It is not credible that Dave was in destitute financial circumstances and had rights to bitcoin or anything of value with or from Dr. Wright and never requested it.

Similarly, Dave's physical condition was crippling long before his death, and it is not credible that Dave had the physical ability to do the things plaintiffs claim he did in partnership with Dr. Wright.

In sum, it is not credible that Dave had the claims alleged in this case but never once made any reference to any of these claims to anyone during his lifetime. This discovery, however, has not

been provided to the defense, even though plaintiffs have touted that they have made minimal objections to defendant's document requests and did not object to several of these requests in their responses. It was only recently during meet and confers when the defense pressed further on their failure to produce these documents that plaintiffs made it clear the defense would have to go to the Court for production of these documents.

A continuance of mediation will promote a more productive mediation after defendant is able to discover information about plaintiffs' claims. A continuance is also wholly consistent with the spirit and purpose of Rule 16.2 of the Local Rules of the Southern District of Florida.

Local Rule 16.2 specifies the date by which mediation should occur, which is no later than sixty (60) days before the scheduled Trial date. *See* Local Rule 16.2(d)(1)(A). Under the Court's amended scheduling Order, we are not yet within 60 days of the trial date, indeed we are more than nine months away from trial. After plaintiffs produce the information they know they must produce, the defendant will be able to more properly evaluate plaintiffs' claims. Obviously, defendant may conclude that plaintiffs' claims are without merit but will be able to more knowledgeably articulate why. In any event, a skilled mediator and informed parties are much more likely to assess the parties' respective positions and work toward a successful resolution than they can now without adequate information. Mediation in the present circumstances cannot possibly serve the purpose of Rule 16.2.

## II.     If mediation is to go forward on June 18, 2019, Dr. Wright respectfully requests permission to participate by videoconference.

Separately, if mediation is to be ordered to proceed on June 18, 2019, Dr. Wright respectfully requests the Court to permit his participation by videoconference. Dr. Wright is a foreign citizen who lives and works in the United Kingdom. The burdens associated with travel to Florida for mediation at this juncture constitute good cause to permit attendance by

5

videoconference. *See* Fed. R. Civ. P. 26(c) (2011) ("The court may, for good cause, issue an order to protect a party of person from annoyance, embarrassment, oppression, or under burden or expense ..."). To spend several thousand dollars and approximately twenty hours to travel to and from Miami for a mediation that will only last a few hours would impose "an extraordinary and unjustifiable hardship." The time and expense defendant would need to incur is not justified given the state of discovery in this case and the lack of prejudice to plaintiffs resulting from attendance by videoconference. The circumstances present here are not conducive to personal appearance. *See, e.g., Scolaro Mario & Fabio v. Eurotrade Investments Copr.*, 2011 WL 13228561 (S.D. Fla. Sept. 14, 2011) (not requiring plaintiff to appear in person when they were from Italy); *Black v. Bissell Companies, Inc.,* 2007 WL 1673704, *2 (W.D.N.C. 2007) ("certainly it is the preference of the Court that mediation occur with all parties present in the same location; however the undersigned in this matter will allow the parties to conduct mediation via telephone"). For the reasons presented here, this Court should find that a mediation conducted via videoconference will suffice. *See, e.g., Wurzinger v. St. Johns Shippin Co., Inc.*, 2012 WL 12863119, at *2 ("The Court sees no reason why a successful mediation cannot be conducted electronically, as long as it is done by video conference . . . to assess the appearance and demeanor of" the opposing party); *Estate of Harvey ex rel. Dent v. Roanoke City Sheriffs Office,* 2007 WL 2821536, *3 (W.D. Va. Sept. 26, 2007) (court found video-conference technology to be an "excellent mechanism" for conducting a deposition without incurring cost of travel, stating, that the "technology allows both parties to see and interact with the witness" and does not pose a disadvantage to either side).

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

Pursuant to Local Rule 7.1(a)(3), I certify that counsel for the movant has conferred with all parties who may be affected by the relief sought in this motion by electronic mail. Plaintiffs' counsel opposes the relief sought by this motion.

Respectfully submitted,

RIVERO MESTRE LLP
*Attorneys for Dr. Craig Wright*
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: amcgovern@riveromestre.com
Email: zmarkoe@riveromestre.com
Email: receptionist@riveromestre.com

By: s/ Andres Rivero
ANDRES RIVERO
Florida Bar No. 613819
AMANDA MCGOVERN
Florida Bar No. 964263
ZAHARAH MARKOE
Florida Bar No. 504734

## **CERTIFICATE OF SERVICE**

I certify that on June 5, 2019, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

/s/ Amanda McGovern
Amanda M. McGovern

7