## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>*Plaintiffs,*<br><br>v.<br><br>CRAIG WRIGHT<br><br>*Defendant.* | CASE NO.: 9:18-cv-80176-BB/BR |

### PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE MEDIATION OR PERMIT ATTENDANCE BY VIDEOCONFERENCE

**a. The Parties are amply prepared to mediate this dispute on June 18, 2019.**

This case has been pending for nearly sixteen months. The June 18 mediation has been agreed to and scheduled for over four months. Indeed, when the Court continued the trial date, it specifically ordered "[t]he parties may not reschedule the [June 18] mediation without leave of court." (ECF No. [148] at 2 n.1.)

Craig's belated request to postpone mediation is premised on the dubious contention that he "cannot now make sense of the claims against him" because insufficient documents have been produced to permit him "to gain a reasonable understanding of the evidence behind plaintiffs' allegations." (ECF No. [200] at 3.) Contrary to Craig's assertions, substantial document discovery – in addition to the preliminary depositions of both Ira Kleiman and Craig – has already occurred. In sum, Plaintiffs have produced 24,200 documents pursuant to the search terms requested by Craig and Craig has produced 16,092 documents pursuant to the search terms requested by Plaintiffs. But more importantly – and due the document prioritization efforts Judge Reinhart has directed the Parties to undertake– the quality of the document productions made to date has

1

provided the parties (and will provide the mediator) with sufficient information to fairly evaluate the claims at issue.

Based on the documents already produced, a mediator will be able evaluate Craig's substantial risk of facing a multi-billion dollar adverse judgment should this case proceed to trial. For example, Plaintiffs and Defendant have both produced documents demonstrating that (i) Craig has admitted, multiple times and to multiple people, that Dave owned ~300,000[1] of the bitcoin placed into trusts that Craig *now* claims Dave's estate has no interest in; and (ii) Craig has admitted, multiple times and to multiple people, that he partnered with Dave Kleiman to develop the bitcoin protocol.

Despite this abundance of evidence, Craig claims that further discovery is needed from Plaintiffs to obtain (1) Dave's financial records, and (2) Dave's medical records. It is unclear why such documents are relevant in this case. Dave's health conditions would not have prevented him from conducting the programming and digital work necessary to create and mine bitcoin and develop related IP. Further, Plaintiffs do not contest that Dave did not have many assets outside of his bitcoin related interests. Thus, it's entirely unclear how these issues are relevant to Craig's theft of Dave's digital fortune. But even to the extent these issues have tangential relevance, related documents could not meaningfully impact mediation. And in any event, Plaintiffs produced over 800 pages of Dave's medical records on June 4, 2019. Thus, Craig's counsel will have had an opportunity to review them well in advance of the June 18 mediation.

In sum, there is no reason to postpone mediation. The discovery completed to date is more than sufficient to permit a mediator and the parties to make informed assessments of the case and

---

[1] At today's values, this is worth over $2.5 billion -- before treble damages.

to work towards a reasonable settlement. The parties have had notice of, and prepared for, this mediation for many months. Craig's motion should therefore be denied.

### b. Plaintiffs offered compromise, which Craig rejected.

Despite Plaintiffs belief that this case is ripe for mediation, in an effort to avoid further motion practice, Plaintiffs offered to postpone the mediation until mid-August 2019 **on condition that** Craig appear in person at the rescheduled mediation. As discussed below, Plaintiffs do not believe mediation will be effective without both Ira and Craig attending in person. Defendant rejected that offer of compromise.

### c. Craig should not be excused from attending mediation in person.

Craig asserts that he should not be required to attend mediation in person because doing so would "impose 'an extraordinary and unjustifiable hardship.'" (Defs.' Br. at 6.)

But traveling is clearly not an inconvenience to Craig – he testified in deposition that he travels constantly and widely. (Ex. 1, Craig Wright Dep. Tr. at 35:19-22 (April 4, 2019) ("I have been to over 100 countries. I travel, even now, probably 30-50 countries every year. I do six countries a month, some months.") Furthermore, the mere fact that Craig would need to travel and incur expenses to attend the mediation is not sufficient to excuse his in-person attendance. Indeed, "justifications based on expense are generally not sufficient to excuse court ordered attendance at mediation." *Hoffman v. R.F. Grp.*, No. 3:15-cv-29-J-34, 2016 WL 7330620, at *1 (M.D. Fla. Mar. 1, 2016); *see also Sream, Inc. v. Habsa Enter., Inc.*, No. 16-81662-CIV, 2018 WL 2021358, at *2 (S.D. Fla. Feb. 14, 2018) (explaining that "few compelling reasons to miss a mediation based on expense are imaginable" because "mediation saves resources by often preventing more litigation"). As courts recognize, "the best way to minimize costs" is through "a *meaningful* settlement

discussion." *Rafer v. Pursley*, No. 8:09-cv-109-T-33TGW, 2009 WL 1913272, at *1 (M.D. Fla. July 1, 2009) (emphasis added).[2]

Although Craig dismisses the mediation (at 6) as something "that will only last a few hours," this Court should – in order to ensure that the parties are able to realize the full benefits of the mediation – require that Craig attend in person. "[M]ediation conferences are most effective when attended by the parties and their corporate representatives in person." *Hoffman v. R.F. Grp.*, No. 3:15-cv-29-J-34, 2016 WL 7330620, at *1 (M.D. Fla. Mar. 1, 2016). This is because "[p]ersonal attendance encourages the parties to actively participate in the discussions and negotiations." *Id.*; *see also Blue Heron Commercial Grp., Inc. v. Webber*, No. 2:18-cv-467, 2018 WL 6589711, at *2 (M.D. Fla. Dec. 14, 2018) ("The rationale behind the requirement that a party attend the mediation in person is so that the party may actively participate in the discussions and negotiations."). As a result, "[t]he presence of all parties and their corporate representatives at a mediation conference assists in ensuring the full benefits of the conference are realized." *Hoffman*, 2016 WL 7330620, at *1.

Finally, if the Court is considering whether to permit the mediation to move forward as scheduled, but to allow Craig to attend by teleconference, Plaintiffs respectfully request that the Court instead push back the mediation date and require Craig to attend mediation in person.

---

[2] To support the proposition that "[t]he circumstances present here are not conducive to personal appearance," Craig relies on *Scolaro Mario & Fabio v. Eurotrade Invs. Corp.*, No. 11-80716-CIV, 2011 WL 13228561 (S.D. Fla. Sept. 14, 2011). But in that case, the benefits of a face-to-face meeting could not be fully realized because one party did not speak English. *See Scolaro*, 2011 WL 13228561, at *1.

4

Dated: June 10, 2019

Respectfully submitted,

*s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman, Esq.
Florida Bar No. 99762
BOIES SCHILLER FLEXNER LLP
100 SE Second Street, Suite 2800
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307
vfreedman@bsfllp.com

Kyle W. Roche, Esq.
*Admitted Pro Hac Vice*
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300
kroche@bsfllp.com

*Counsel to Plaintiff Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 10, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Velvel (Devin) Freedman*
VELVEL (DEVIN) FREEDMAN