UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-80176-BLOOM/Reinhart

IRA KLEIMAN, *et al.*,

    Plaintiffs,
v.

CRAIG WRIGHT,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiffs' Motion to Seal, ECF No. [196] ("Plaintiffs' Motion"), filed on June 3, 2019, and Defendant's Motion to Seal, ECF No. [202] ("Defendant's Motion"), filed on June 7, 2019. In Plaintiffs' Motion, Plaintiffs seek to seal their Motion to Compel, ECF No. [197], representing that while they "do not believe the Motion should be sealed in its entirety, Plaintiffs believe that Defendant should be afforded the opportunity to propose redactions to the Court." ECF No. [196], at 1. The Defendant did not file a response to Plaintiff's Motion on the record. Rather the parties jointly sent an email on June 7, 2019 to the Magistrate Judge Reinhart's chambers email, outlining the parties' arguments for proposed redactions to Plaintiffs' Motion to Compel. *See* ECF No. [205] (the "Email Correspondence"). The Court filed the Email Correspondence on the record upon its receipt. *See Id.* The Court first notes that legal arguments should not be sent to the Court via email and should be filed on the record. The Court cautions the parties that future legal argument presented via this method will not be considered by the Court in rendering its rulings.

"[T]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 564–74 (1980)). "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g., Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). Where a court "attempts to deny access in order to inhibit the disclosure of sensitive information, it must be shown that the denial is necessitated by a compelling governmental interest and is narrowly tailored to that interest." *Newman v. Graddick*, 696 F.2d 796, 802–03 (11th Cir.1983); *see also Brown*, 960 F.2d at 1015–16 (11th Cir.1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir.1992).

In the Email Correspondence, the Defendant argues that information in the Motion to Compel, ECF No. [197], should be redacted because he "believes that statements reflecting the structure and transfer, the amount of the bitcoin, and the present value of the bitcoin should be redacted." *Id.* The Defendant also argues that the "trust information is private financial information." *Id.* This Court disagrees. The references to the transfer of the bitcoin at issue, the amount of bitcoin, or the mere reference to a blind trust are not good cause to redact information in the filings.

As it relates to the Defendant's Response to the Motion to Compel, ECF No. [204], the Defendant argues that sealing is appropriate because the Response "references information that has been designating as confidential." ECF No. [202]. Again, the mere *reference* to information that has been designated as confidential, without more, is not good cause sufficient to deprive the public their right to access to judicial proceedings.

Case 18-cv-80176-BLOOM/Reinhart

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion to Seal, **ECF No. [196]**, is **DENIED**. Plaintiff's Motion to Seal, **ECF No. [197]**, is **DENIED as moot**. Plaintiffs are instructed to publicly file a renewed Motion to Compel **no later than June 11, 2019, at 9:30 a.m.**

2. Defendant's Motion to Seal, **ECF No. [202]**, is **DENIED**. Subsequent to the Plaintiffs' filing of their renewed motion, the Defendant is instructed to publicly refile his response to Plaintiffs' Motion to Compel **no later than June 11, 2019, at 12:00 p.m.**

**DONE AND ORDERED** in Miami, Florida, on June 10, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record