## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC, | CASE NO.:  9:18-cv-80176-BB |
| *Plaintiffs,* | |
| v. | |
| CRAIG WRIGHT, | |
| *Defendant.* | |

**PLAINTIFFS' MOTION TO COMPEL DEFENDANT TO COMPLY WITH THIS COURT'S ORDERS DIRECTING HIM TO PRODUCE A LIST <u>OF THE BITCOINS HE HELD AS OF DECEMBER 31, 2013</u>**

`

Plaintiffs respectfully request the Court compel Defendant ("Craig") to comply with this Court's March 14, 2019 and May 3, 2019 Orders (i) directing him to produce a list of the bitcoins he held as of December 31, 2013 and (ii) denying his motion for protective order not to produce that list.

In Plaintiffs first set of interrogatories, served on July 26, 2018, Plaintiffs requested that Craig "[i]dentify the . . . public addresses for any cryptocurrency that . . . you possess the private keys to." (ECF No. 92-2 at 8.). Of course, this discovery goes to the heart of Plaintiff's case – and it is discovery that Craig has tried at all costs to avoid.

On March 14, 2019 this Court specifically ordered Craig to comply with this discovery request, although the Court did limit the time scope of the request to bitcoin Craig owned as of December 31, 2013.[1] (ECF No. [145-5] at 21-24.) Specifically, the Court ordered Craig to produce a list of his Bitcoin holdings as of that date so that Plaintiffs could trace these coins forwards. (*Id.* at 18, 21-24.) The Court further ordered Craig to produce this list before his deposition or else move for a protective order. (*Id.* at 28.) Craig ignored that order thereby preventing Plaintiffs' from questioning him about the list at his deposition.

Nearly nine months after Plaintiffs' initial request and after four discovery hearings before this Court, Craig finally moved for a protective order where he claimed *for the first time* that he "transferred ownership of all his Bitcoin into a blind trust" in 2011. (ECF No. [156] at 2.) Craig's motion requested the Court reconsider its order directing him to identify all his pre-2014 bitcoin because he didn't have that information anymore. (*Id.* at 1.)

On May 3, 2019, this Court rejected Craig's motion, holding that "[a]lthough he makes the conclusory statement that it would be unduly burdensome to produce a list of his bitcoin holdings

---

[1] Dave Kleiman died in April 2013.

as of December 31, 2013, this conclusion is not supported by the facts." (ECF No. [166] at 2.) The Court also identified a fatal flaw in Craig's argument that it wasn't possible to produce this list, because he could obtain it "from the trustee of the blind trust." (*Id.* at 3.). The Court held that while Craig claimed he could not provide a list of his pre-2014 bitcoin, this "evidence can be obtained through other means, which the Court will authorize Plaintiffs to use." (*Id.*). The Court then ordered Craig to "produce all transactional records of the blind trust, including but not limited to any records reflecting the transfer of bitcoin into the blind trust in or about 2011." (*Id.* at 4.) After Craig moved for more time to comply with the order, the Court stated "I'll give you to [May] 25th to get me all transactional documents and in particular, the documents showing the transfer that occurred in 201.  Because once again, it is facially not credible to me that your client has no record of transferring 70 or more bitcoin to somebody else."  (Ex. 1, at 14-15.)

In response to the Court's order, Craig produced two sworn statements, copies of various trust instruments, and a statement from the purported trustee re-attaching a trust instrument. The trust instruments purport to show that Craig transferred 1,100,111 bitcoin (worth ~$9.3 billion today) to Dave in June of 2011. Craig's sworn statements and trust instruments then claim that "[i]n October 2012 a formal trust document was executed." This trust document purports to show that 821,050 bitcoin (worth ~$7 billion today) was paid to the trustee in October 2012. But besides simply stating these astronomical numbers of bitcoin transferred, none of Craig's statements or trust documents identify the specific bitcoin addresses transferred into the blind trusts, nor has he produced any accounting records of what the trusts have done with the massive fortune of bitcoins since their alleged transfer in 2011.[2] As Craig has stated many times, bitcoin's public ledger

---

[2] Craig did produce 3-4 invoices that purportedly "reflects the use of rights to Bitcoin controlled by Tulip Trust I, but held by third parties, and used to fund companies in Australia." But all but one of these invoices are in fiat currency, one is for 60K bitcoin, and none show an actual transfer of any bitcoin on the blockchain.

tracking the movement of every bitcoin in existence is an "immutable evidence trail."[3] Thus, his alleged inability to identify the digital fortune of billions of dollars-worth of bitcoin he purportedly transferred into the blind trust is not credible; it's a yet another transparent attempt by Craig to deprive Plaintiffs of using this immutable evidence trail to prove their case.

Craig's refusal to comply with this Court's orders to produce the record of his pre-2014 bitcoin holdings is particularly problematic because the "Discretionary Trust Deed" Craig produced under a sworn statement of authenticity states that all the bitcoin held by the trust were "mined from the period between January 2009 and August 2010," *i.e.,* the exact period of time Plaintiffs allege Craig and Dave formed the Satoshi Nakamoto partnership to, *inter alia*, mine and own a fortune of bitcoin. In short, Craig's litigation strategy to date entails stonewalling the discovery process to frustrate Plaintiffs' ability to prove their case.[4]

On May 31, 2019, counsel held a telephonic meet and confer to discuss the deficiency in Craig's production. Incredulously, Craig's counsel claimed that the Court's order compelling the production of "all transactional records . . . including but not limited to any records reflecting the transfer of bitcoin into the blind trust in or about 2011," did not require them to produce records indicating which bitcoin public addresses were in fact transferred into the trust. This reading of the Court's order is as inconceivable as Craig's claim that he does not have a record of the roughly 7-9 billion dollars of bitcoin he transferred into the trust.

---

[3] *See e.g.* Craig Wright, *Immutable Evidence*, Medium (February 16, 2019), https://medium.com/predict/immutable-evidence-386b60a33123 (Craig Wright writing that "*Bitcoin is simply an immutable evidence trail*") (emphasis in original).)

[4] Dr. Wright has also failed to produce documents related to the "administration and operation of the blind trust." (ECF No. [166] at 4.)

Craig's obstructionism must end; he cannot simply ignore this Court's direct Orders to effectuate his stonewalling strategy. The Federal Rules of Civil Procedure prohibit these litigation tactics.

Rule 37 provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). "Rule 37 sanctions are intended to prevent unfair prejudice to the litigants and insure the integrity of the discovery process." *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (citing *Aztec Steel Co. v. Florida Steel Corp.*, 691 F.2d 480, 482 (11th Cir. 1982)). Similarly, federal courts have inherent power to sanction parties and attorneys who act in bad faith when refusing to comply with the discovery process. *Quantum Communications v. Star Broadcasting*, 473 F. Supp. 2d 1249, 1268 (S.D. Fla 2007) (citing *Chambers v. NASCO*, Inc., 501 U.S. 32, 43-51 (1991)).

While courts have broad discretion to craft sanctions as they see necessary, Rule 37(b)(2)(A) enumerates certain actions that a district court is empowered to sanction a party with upon refusing to comply with a discovery order. These numerated sanctions include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(a).

Plaintiffs have incurred great expense to compel Craig to provide a listing of his public bitcoin wallets as of December 31, 2013. And while Plaintiffs defer to this Court's judgment as to the appropriate sanction for this conduct, Plaintiffs respectfully request the Court enter an Order providing the following relief to insure the "integrity of the discovery process" *Gratton*, 178 F.3d at 1374:

1. By June 15, 2019, Craig shall provide a sworn statement identifying the public addresses of the 1,100,111 bitcoin and 821,050 bitcoin transferred into the respective tulip trusts.

2. By June 20, 2019, Craig shall provide all transactional records and communications related to the trusts from inception to date, along with any all documents and communications related to the administration and operation, of the blind trust and swear to their authenticity.

3. After the production above, Craig is to sit for a five-hour deposition during which time Plaintiffs are entitled to ask any questions about the trusts and the bitcoins held by those trusts.

Finally, to ensure that Craig's stonewalling stops, Plaintiffs request that the Court's order include a warning that Craig's failure to comply with any part of this order will result in a sanction, pursuant to Rule 37(b)(2)(A) in which Craig is forced to admit Plaintiffs' allegation that the 1,100,111 bitcoin referred to in the Tulip Trust document is joint property belonging equally to both Dave Kleiman and Craig Wright.

## S.D. FLA. L.R. 7.1 CERTIFICATION

6

Pursuant to S.D. Fla. L.R. 7.1(a)(3), counsel for Plaintiffs conferred with counsel for Defendant who opposes the relief requested.

Dated: June 11, 2019

Respectfully submitted,

*/s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman, Esq.
Florida Bar No. 99762
BOIES SCHILLER FLEXNER LLP
100 SE Second Street, Suite 2800
Miami, Florida  33131
Telephone:  (305) 539-8400
Facsimile:   (305) 539-1307
vfreedman@bsfllp.com

Kyle W. Roche, Esq.
*Admitted Pro Hac Vice*
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY10504
Telephone: (914) 749-8200
Facsimile:  (914) 749-8300
kroche@bsfllp.com

*Counsel to Plaintiff Ira Kleiman as Personal*
*Representative of the Estate of David Kleiman*
*and W&K Info Defense Research, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 11, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Velvel (Devin) Freedman*_____
VELVEL (DEVIN) FREEDMAN