UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

    plaintiffs,

v.                                                                                     Case No. 9:18-cv-80176 (BB/BR)

CRAIG WRIGHT,

    defendant.

_____/

## DR. CRAIG WRIGHT'S RESPONSE TO PLAINTIFFS' MOTION TO COMPEL

Dr. Wright has done everything possible and necessary to comply with the Court's Orders dated May 3, 2019 [D.E. 166], and May 6, 2019 [D.E. 172] (the "Orders"). Plaintiffs' motion to compel and for sanctions based on purported violations of the Court's Orders should therefore be denied. The Court's Orders set forth with specificity the information and the documents that Dr. Wright was to provide to plaintiffs in short order: (1) by May 8, 2019, a sworn declaration identifying the name and location of the blind trust, the name and contact information for the current trustee and any past trustees, and the names and contact information of any current or past beneficiaries; (2) by May 13, 2019, a copy of any and all documents relating to the formation, administration and operation of the blind trust accompanied by a sworn declaration of authenticity; and (3) by May 25, 2019, all transactional records of the blind trust, including but not limited to any records reflecting the transfer of bitcoin into the blind trust in or about 2011 along with a sworn declaration of authenticity. [D.E. No. 166 at 3-4 and D.E. 172].

In compliance with the Court's Orders, Dr. Wright provided a sworn declaration setting forth the information requested by the Court about the trusts. He also produced trust formation

documents and all the transaction documents that he could locate. Dr. Wright agrees to sit for a deposition, by videoconference or in person in London, to explain the trusts and address any additional questions about them or the transactions relating to the bitcoin. Dr. Wright requests that the Court supervise the deposition telephonically to ensure that the deposition stays on track and to eliminate any continued accusations by plaintiffs that Dr. Wright is stonewalling plaintiffs in this case. The structure of the trusts and the encrypted nature of the assets they hold are complex and questions about them would be best addressed and explained by Dr. Wright.

As a threshold matter, plaintiffs' motion repeatedly accuses Dr. Wright of stonewalling plaintiffs' efforts to obtain relevant discovery in this case. It is a theme that plaintiffs incorporate into every single argument they make in these public proceedings. Dr. Wright is a foreign citizen who has worked diligently in this litigation to meet his discovery obligations.[1] These public attacks are unwarranted.

**1. Dr Wright has acted in good faith to comply with this Court's Orders**

Plaintiff repeats the mantra that Dr. Wright has been stonewalling for "nearly nine months" on providing his public bitcoin addresses. *See* Motion to Compel at p. 2. That is not the case. It was only approximately two months ago – on March 14, 2019 – that the Court ruled that bitcoin addresses as of December 31, 2013 were relevant to this matter.[2] The Court then ordered

---

[1] For example, Dr. Wright hired one of the foremost discovery vendors, AlixPartners, to collect digital data from Dr. Wright's electronic devices. Counsel for Dr. Wright have flown to London on multiple occasions to assist with the collection of that data as well as hard copy documents and have a team of seven attorneys working full time to review and produce the information collected. To date, Dr. Wright has produced 16,092 relevant documents, consisting of over 73,806 pages of information. This expensive and work-intensive effort is the opposite of stonewalling.

[2] This Court did not grant plaintiffs' original request for all of Dr. Wright's public addresses during the February 20, 2019 hearing.

Defendant to provide the list of bitcoin addresses or file motion for a protective order. Defendant filed a motion on April 19, 2019, explaining that he could provide the public addresses for the first 70 blocks -- and provided those addresses, but also explaining that he did not have public addresses for bitcoin that was mined after those blocks because that information is held in a blind trust. [D.E. 155].

On May 3rd and May 6th the Court ordered the production of information and documents related to the blind trust. On May 8, 2019, Dr. Wright provided a sworn declaration about the trusts as ordered. On May 13, 2019, Dr. Wright produced trust formation documents along with a sworn declaration of authenticity. Dr. Wright also produced documents reflecting the use of bitcoin rights from the trust to support research and development by his Australian entities (that is to say, the transactional documents he had in his possession, not from the trusts) and swore to their authenticity.[3] On May 25, 2019, Dr. Wright produced a trust formation document and declaration of authenticity supplied by a trustee of the Tulip Trust II.

In addition to the specific requirements of the Court Orders, and to ensure that plaintiffs have everything about the trusts as quickly as possible, counsel re-prioritized and reviewed every single document in its ESI database that was responsive to the words "tulip" or "Seychelles" which had not previously been produced. To date, Dr. Wright has produced an additional 2,168 documents to plaintiffs, including documents recently obtained from one Australian law firm representing Dr. Wright in Australia. Plaintiffs have now received more than 2,500 documents

---

[3] Plaintiffs conflate in footnote 2 of their motion the relevance of the invoice of the amount owed with documents reflecting payment in bitcoin. Dr. Wright produced documents showing that the invoices (even those that are in fiat currency) were paid in bitcoin. The inclusion of the invoices was to complete an understanding of the transactions.

containing the target words. Indeed, plaintiffs had nearly 2,000 of those documents before they filed this motion to compel.

### 2. The Trusts Are Designed to Hold Secret the Information and Assets They Received

Dr. Wright is the best person to explain the complex manner by which bitcoin was mined and held in the trust. We propose that he do so at a court supervised deposition by videoconference or in London. An overview, in lay person's terms, of the manner in which the trust assumed ownership of the rights to the bitcoin mined by Dr. Wright from 2009 through 2010 is set forth here.

After Dr. Wright mined the first 70 blocks of bitcoin (the public addresses for which he has already disclosed), he implemented a unique and proprietary algorithm that he created to automate the key generation process so that each later block mined (after block 70) was assigned a different public address. From 2009 through 2010, he could view the many public addresses assigned to bitcoin he mined from block 71 (starting in 2009 to 2010) by accessing the bitcoin software on the computing devices he was then using for bitcoin mining. In about June 2011, Dr. Wright placed into an encrypted file 1) the bitcoin software he used; 2) software components for additional bitcoin applications; 3) his proprietary algorithm; and 4) other data from which information about bitcoin mined after block 70 could be re-generated.[4] Dr. Wright long ago disposed of all computing devices he used to mine bitcoin in 2009 and 2010, and did not keep any list of the public addresses associated with the bitcoin he mined after block 70.

---

[4] Dr. Wright ceased mining by the end of 2010. At that time, the value of bitcoin fluctuated between $0.06 and $0.29 (August 30, 2010 and December 27, 2010). https://www.buybitcoinworldwide.com/price/. Last accessed June 7, 2019. Indeed, at that time, the cost of mining, and the cost of the machines used to mine, far exceeded the value of bitcoin. The value of a bitcoin on June 27, 2011 was $16.13, and on October 29, 2012 was $10.74. *Id.*

The private key needed to access the encrypted file with the data necessary to retrieve information about bitcoin Dr. Wright mined after block 70 has been split into multiple key shares (in lay terms, multiple parts) through a version of "Shamir's Secret Sharing Algorithm", an algorithm created by Adi Sharmir to divide a secret, such as a private encryption key, into multiple parts. The key shares were then distributed to multiple individuals through the trusts. The Shamir method enhances security, prevents a single participant from unlocking an encrypted file and prevents a single participant from extracting the information in it. A certain number, but less than all, of the shares is needed to re-construct the private key. Dr. Wright purposely set up a Shamir system – both technologically and through legal trust formation – where he alone does not have ability to access the encrypted file and data contained in it. This Shamir system involves both splitting the private key into multiple parts or "shares" and distributing those key shares through the trusts in a manner where key shares are given to various holders. Thus, Dr. Wright does not know the public addresses of the bitcoin held by the trusts (*i.e.*, the bitcoin mined by Dr. Wright in 2009 after block 70, through 2010).

### 3. A Default Is An Extreme Sanction that Is Not Warranted Because the Information Requested is Held Under Blind Trust

Plaintiffs' motion seeks as a sanction a default judgment against the Dr.Wright simply because the information sought is held in a blind trust.[5] There is no reasonable legal basis for such a draconian result.

First, as explained above, Dr. Wright has made extensive good faith efforts to comply with the Court's Orders. He should not be sanctioned simply because the bitcoin addresses are

---

[5] Plaintiffs' demand that Dr. Wright authenticate every single document related to the trusts is facially overburdensome and unreasonable. Dr. Wright has produced hundreds of documents related to the trusts including documents that he did not sign or prepare.

held in a trust in an encrypted file, with the passwords disbursed among multiple persons. It is well established that sanctions are not warranted when a party has "made in good faith all reasonable efforts to comply." *Chairs v. Burgess*, 143 F.3d 1432, 1437–38 (11th Cir. 1998) (citing *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991)). Further, even if sanctions were warranted (they aren't), the draconian sanctions requested by plaintiff, which are the equivalent of a default judgement in favor of the plaintiff, are not warranted. "The severe sanction of a . . . default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's order." *Gonzalez v. Yoblendz International,* LLC, 2016 WL 7497572 at *1 (S.D. Fla. 2016); *U.S. v. Certain Real Property Located at Route 1, Bryant, Ala.*, 126 F.3d 1314, 1317 (11th Cir. 1997). Here there are less draconian sanctions, such has having Dr. Wright sit for another deposition to explain the blind trust and the manner in which he mined the bitcoin.

Second, plaintiffs fail to articulate any harm that will result from their failure to obtain the identity of those public addresses, which is a necessary component of any sanctions under Rule 37. In their motion, plaintiffs simply make the conclusory statement that the identity of the public addresses "goes to the heart of Plaintiff's case." Motion at 2. But they do not state how they will use those addresses to determine which particular bitcoin were purportedly mined by Dave or belonged to Dave. Without that showing, plaintiffs have not demonstrated any harm.

Respectfully submitted,

*Attorneys for Dr. Craig Wright*

RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: amcgovern@riveromestre.com

6

        Email: zmarkoe@riveromestre.com
        Email: receptionist@riveromestre.com

        By: s/ Andres Rivero
        ANDRES RIVERO
        Florida Bar No. 613819
        AMANDA MCGOVERN
        Florida Bar No. 964263
        ZAHARAH MARKOE
        Florida Bar No. 504734

## CERTIFICATE OF SERVICE

  I certify that on June 7, 2019, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

        /s/ Amanda McGovern

        Amanda M. McGovern