**From:** nCrypt_craig
**Sent:** Monday, April 18, 2016 9:09 AM
**To:** 'Robert MacGregor';'nCrypt Stefan';'nCrypt Ramona'
**Subject:** RE: Trustee Letter
**Attachments:** Keys.xlsx

We only need one formal consent outside my direct control, that will be Dennis, the others from Savanah are no longer of concern. It will be handy to get Uyen to sign, but if not we are still in control. The following entities need to sign (Ramona and I)
- C01N Ltd
- Panopticrypt Pty Ltd

We have already demo'd access to 1 and 8. We just need to have the trust document for this retrospective. I do not want to move BTC as yet. I still see ythis as trouble in many ways. A signed message is a signed message.
Details
The main beneficiary was to be WII in 2020.
o  C01N Ltd. (formerly Moving Forward In Business Ltd., and prior to that formerly Design By Human Ltd.). There are six directors currently registered with this company: CW, Uyen, Panopticrypt, CFS Secretaries Ltd., David K, and Brian Anthony Thornton. CFS is, I presume, a corporate services provider, but who is Brian Thornton?

Brian T. was a person used by CFS. He has no involvement now. CFS are hopeless and we do not have them doing anything. They failed to do anything when we paid them. Basically they still have not updated records even now.

Savannah Ltd.

The key distribution for the 7 trustees is as follows:
  Slices Keys     Entity
- 3  4,5,6     C01N Ltd
- 3  1,2,3     CW
- 4  1,2,6,7   Uyen N
- 4  7,9,13,14 David K
- 2  1,11      Panopticrypt
- 5  1,10,13,14,15    Savannah Ltd.
- 3  8,10,12   (3 identified PGP Key IDs)

There are 15 Key slices and the distribution is listed above (1-15). 8 slices are required to reconstruct the main key files. This is any of the 8.
I now have (without the knowledge of Uyen, Ian etc):
- 1,2,3,4,5,6,10,11,13   for 9 of the required 8 key pairs.

My original control (via remote companies) was:
- 1,2,3,4,5,6,11    7 of 8 needed.

Savanah is now out of the equation. We have moved companies with Denis in the Seychelles and I have received slices 10 & 13.
The following Key slices have always been in my direct or indirect control and have not been replicated:
- 1,2,3,4,5,6,11

Dave's Key slices are lost. The slices that I believe are lost are below. The others are replicated.
- 8,12   These require Dave and I together.

The keys that left my direct control are:
- 1,2,7,8,9,10,12,13,14,15

My original collection was:
- 1,2,3,4,5,6,11 Across several entities. So, veto and not an ability to control without agreement.
- 8 and 12   Are lost – these where held by entities that Dave K controlled.

The argument would be that I can control Savanah to some extent. Of this, I still do not have slices 14 & 15 as those two people are missing.
From the PGP ones. These require that Dave and I decrypt. So they are lost.
I have attached a spreadsheet detailing this.
The only issue would be Uyen forming a cabal with the missing trustees. That is not likely as Uyen never knew who they are and they do not know of Uyen or this split. Even then, this means all the people and all the keys. I do not see that as a possibility.
Regards,
Craig

---

**From:** Robert MacGregor [mailto:RMacGregor@theworkshop.com]
**Sent:** 17 April 2016 17:25
**To:** nCrypt Craig <craig@ncrypt.com>; nCrypt Stefan <stefan@ncrypt.com>; nCrypt Ramona <ramona@ncrypt.com>
**Subject:** Trustee Letter

I've been working through the consents we need from the trustee(s) in order to go through the media sessions and subsequent announcement. However, before I can finalise, I need to confirm my understanding of the trust document, which I have reviewed in detail.
My interpretation is as follows (as of the time the deed was entered into):

- WHL and Tulip Trading are the intended beneficiaries of the trust
- There were seven trustees:
  o C1ON Ltd. (formerly Moving Forward In Business Ltd., and prior to that formerly Design By Human Ltd.). There are six directors currently registered with this company: CW, Uyen, Panopticrypt, CFS Secretaries Ltd., David K, and Brian Anthony Thornton. CFS is, I presume, a corporate services provider, but who is Brian Thornton?
  o CW
  o Uyen N
  o David K
  o Panopticrypt

- o Savannah Ltd.
- o [Unnamed ... whomever holds the three identified PGP Key IDs]

* The document indicates that there were three keys issued to CW, with one to each of the other trustees
* Five individuals are named as "acting for Savannah Ltd."
* It is unclear as to whether each of the individuals named were each given one key slice, or whether one key slice was given the Savanah -- please advise.
* This would suggest that there were therefore either 9 key slices (3 to CW, 1 to each of the other 6 trustees), or 13 (if one was given to each of the five individuals acting for Savannah). Could you please clarify how many were issued to each trustee? Also, the total amount necessary to act on the trust assets (I believe I have in my notes that this was 7?)

Once I have this information, I can complete the trustee consent. We may need more than one trustee consent, depending on the above. Also, was holding the three keys that made them a trustee at the time of the signing?

Also, did any of the key slices subsequently change hands among the trustees? What was the distribution of the keys prior to December last year?

I would like to be able to call out the specific purposes in the consent. It will not be difficult to keep this buttoned-up, but I need to be sure that I understand who holds the beneficiary companies as well, particularly if this is going to be bullet-proof enough to eventually have in the hands of the ATO.

For the next month, we're going to need to demonstrate access to the block 1 (genesis) and block 9 (Hal transaction), plus the PGP key. We can make it broader than that, but it will need to specifically include these two keys (the PGP key is not relevant to the trustees, obviously). Also, I will include strong language and an indemnity to ensure that CW does not use the keys to the detriment of the trust assets -- this would be a natural requirement and anyone reviewing the document would expect this to be in place

Regardless, the obligation of the trustees is to protect the trust assets. The key slices are not trust assets, they are just a way to access the trust assets. So, we will include language from the trustees indicating that the keys can be used for the limited purposes we outlined, but that the value of the trust must not drop. In other words, if we are to transact on these addresses, we should send on BTC into each and then simply send them back out again. The trust assets are protected/preserved, and the consent to have access to the key slices will be specifically enumerated in the consent.

Please let me know these details when you have a chance. I'd like to get this penned by EOD tomorrow at the latest, if possible.

Thanks

R

This email and any attachment to it are confidential. Unless you are the intended recipient, you may not use, copy or disclose either the message or any information contained in the message. If you are not the intended recipient, you should delete this email and notify the sender immediately. Any views or opinions expressed in this email are those of the sender only, unless otherwise stated. All copyright in any of the material in this email is reserved. All emails, incoming and outgoing, may be recorded and monitored for legitimate business purposes. We exclude all liability for any loss or damage arising or resulting from the receipt, use or transmission of this email to the fullest extent permitted by law.

**From:** nCrypt_craig
**Sent:** Monday, April 18, 2016 9:09 AM
**To:** 'Robert MacGregor';'nCrypt Stefan';'nCrypt Ramona'
**Subject:** RE: Trustee Letter
**Attachments:** Keys.xlsx

We only need one formal consent outside my direct control, that will be Dennis, the others from Savanah are no longer of concern. It will be handy to get Uyen to sign, but if not we are still in control. The following entities need to sign (Ramona and I)
- C01N Ltd
- Panopticrypt Pty Ltd

We have already demo'd access to 1 and 8. We just need to have the trust document for this retrospective. I do not want to move BTC as yet. I still see ythis as trouble in many ways. A signed message is a signed message.

Details
The main beneficiary was to be WII in 2020.

o        C01N Ltd. (formerly Moving Forward In Business Ltd., and prior to that formerly Design By Human Ltd.).  There are six directors currently registered with this company: CW, Uyen, Panopticrypt, CFS Secretaries Ltd., David K, and Brian Anthony Thornton.  CFS is, I presume, a corporate services provider, but who is Brian Thornton?

Brian T. was a person used by CFS. He has no involvement now. CFS are hopeless and we do not have them doing anything. They failed to do anything when we paid them. Basically they still have not updated records even now.

Savannah Ltd.

The key distribution for the 7 trustees is as follows:

| Slices | Keys | Entity |
|---|---|---|
| 3 | 4,5,6 | C01N Ltd |
| 3 | 1,2,3 | CW |
| 4 | 1,2,6,7 | Uyen N |
| 4 | 7,9,13,14 | David K |
| 2 | 1,11 | Panopticrypt |
| 5 | 1,10,13,14,15 | Savannah Ltd. |
| 3 | 8,10,12 | [3 identified PGP Key IDs] |

There are 15 Key slices and the distribution is listed above (1-15). 8 slices are required to reconstruct the main key files. This is any of the 8.

I now have (without the knowledge of Uyen, Ian etc):

- 1,2,3,4,5,6,10,11,13         for 9 of the required 8 key pairs.

My original control (via remote companies) was:
- 1,2,3,4,5,6,11        7 of 8 needed.

Savanah is now out of the equation. We have moved companies with Denis in the Seychelles and I have received slices 10 & 13.

The following Key slices have always been in my direct or indirect control and have not been replicated:
- 1,2,3,4,5,6,11

Dave's Key slices are lost. The slices that I believe are lost are below. The others are replicated.
- 8,12        These require Dave and I together.

The keys that left my direct control are:
- 1,2,7,8,9,10,12,13,14,15

My original collection was:

- 1,2,3,4,5,6,11    Across several entities. So, veto and not an ability to control without agreement.
- 8 and 12         Are lost – these where held by entities that Dave K controlled.

The argument would be that I can control Savanah to some extent. Of this, I still do not have slices 14 & 15 as those two people are missing.

From the PGP ones. These require that Dave and I decrypt. So they are lost.

I have attached a spreadsheet detailing this.

The only issue would be Uyen forming a cabal with the missing trustees. That is not likely as Uyen never knew who they are and they do not know of Uyen or this split. Even then, this means all the people and all the keys. I do not see that as a possibility.

Regards,
Craig

---

**From:** Robert MacGregor [mailto:RMacGregor@theworkshop.com]
**Sent:** 17 April 2016 17:25
**To:** nCrypt Craig <craig@ncrypt.com>; nCrypt Stefan <stefan@ncrypt.com>; nCrypt Ramona <ramona@ncrypt.com>
**Subject:** Trustee Letter

I've been working through the consents we need from the trustee(s) in order to go through the media sessions and subsequent announcement. However, before I can finalise, I need to confirm my understanding of the trust document, which I have reviewed in detail.

My interpretation is as follows (as of the time the deed was entered into):

- WIIL and Tulip Trading are the intended beneficiaries of the trust
- There were seven trustees:
    - C1ON Ltd. (formerly Moving Forward In Business Ltd., and prior to that formerly Design By Human Ltd.). There are six directors currently registered with this company: CW, Uyen, Panopticrypt, CFS Secretaries Ltd., David K, and Brian Anthony Thornton. CFS is, I presume, a corporate services provider, but who is Brian Thornton?
    - CW
    - Uyen N
    - David K
    - Panopticrypt
    - Savannah Ltd.
    - [Unnamed … whomever holds the three identified PGP Key IDs]
- The document indicates that there were three keys issued to CW, with one to each of the other trustees.
- Five individuals are named as "acting for Savannah Ltd."
- It is unclear as to whether each of the individuals named were each given one key slice, or whether one key slice was given the Savanah – please advise.
- This would suggest that there were therefore either 9 key slices (3 to CW, 1 to each of the other 6 trustees), or 13 (if one was given to each of the five individuals acting for Savannah). Could you please clarify how many were issued to each trustee? Also, the total amount necessary to act on the trust assets (I believe I have in my notes that this was 7?)

Once I have this information, I can complete the trustee consent. We may need more than one trustee consent, depending on the above. Also, was holding the three keys that made them a trustee at the time of the signing?

Also, did any of the key slices subsequently change hands among the trustees? What was the distribution of the keys prior to December last year?

I would like to be able to call out the specific purposes in the consent. It will not be difficult to keep this buttoned-up, but I need to be sure that I understand who holds the beneficiary companies as well, particularly if this is going to be bullet-proof enough to eventually have in the hands of the ATO.

For the next month, we're going to need to demonstrate access to the block 1 (genesis) and block 9 (Hal transaction), plus the PGP key. We can make it broader than that, but it will need to specifically include these two keys (the PGP key is not relevant to the trustees, obviously). Also, I will include strong language and an indemnity to ensure that CW does not use the keys to the detriment of the trust assets – this would be a natural requirement and anyone reviewing the document would expect this to be in place.

Regardless, the obligation of the trustees is to protect the trust assets. The key slices are not trust assets, they are just a way to access the trust assets. So, we will include language from the trustees indicating that the keys can be used for the limited purposes we outlined, but that the value of the trust must not drop. In other words, if we are to transact on these addresses, we should send on BTC into each and then simply send them back out again. The trust assets are protected/preserved, and the consent to have access to the key slices will be specifically enumerated in the consent.

Please let me know these details when you have a chance. I'd like to get this penned by EOD tomorrow at the latest, if possible.

Thanks
R

This email and any attachment to it are confidential. Unless you are the intended recipient, you may not use, copy or disclose either the message or any information contained in the message. If you are not the intended recipient, you should delete this email and notify the sender immediately. Any views or opinions expressed in this email are those of the sender only, unless otherwise stated. All copyright in any of the material in this email is reserved. All emails, incoming and outgoing, may be recorded and monitored for legitimate business purposes. We exclude all liability for any loss or damage arising or resulting from the receipt, use or transmission of this email to the fullest extent permitted by law.