# DISCRETIONARY TRUST DEED

**PARTIES**

**Craig Steven Wright**
**For Wright International Investments**
(Settlor)

AND

**Tulip Trading Ltd**
(Trustee)

AND

**Panopticrypt Pty Ltd**
(Appointor)

Movement of Bitcoin following ATO asset reversal
See CSW issues (2010)

CONFIDENTIAL

DEF_00050990

**THIS DEED** dated the 24th day of October 2012
**BETWEEN**
    Craig Steven Wright of Wright International Investments Ltd (WII)
                                                                                 (Settlor)
And
    Denis Mayaka of Equator Consultants AG
                                                                                 (Trustee)
And
    Ramona Ang of Panopticrypt Pty Ltd
                                                                                (Appointor)

**RECITALS**

A. The settlor wishes to establish a fund for the beneficiaries named in the schedule, on the conditions set out below

B. The settlor has had paid the trustee the sum of XBT 821,050 (the settled sum) to be held by the trustee upon the trusts and subject to the conditions in this deed.

C. The XBT (Bitcoin) have never been spent or moved and were mined for Wright International Investments (solely) into a set of algorithmically generated addresses.

D. The formula to calculate the addresses will not be made available before January 2020 at the earliest.

E. All bitcoin in the trust are mined from the period between January 2009 and August 2010.

F. No rights to the Bitcoin exist outside of Wright International Ltd. It is noted that Craig Wright R&D, the original business owner of the Bitcoin in trust transferred all rights to WII on formation on 04th August 2009 following the start of a dispute with the Australian Tax Office.

G. It is noted that no parties other than Dr Wright have held any rights in any form to the assets in any of these companies before this point nor to the IP and Bitcoin. No rights to the Bitcoin in trust have even been connected to Australia or the USA.

**THE SETTLOR DECLARES**
**OPERATIVE PART**

1. In the settlement the following terms have the following meanings unless inconsistent with the context:

CONFIDENTIAL                                                                                                                        DEF_00050991

(a) References to legislation or provisions of legislation include changes or re-enactments of the legislation and statutory instruments and regulations issued under, the legislation;

(b) Words denoting the singular include the plural and vice versa, words denoting individuals or persons include bodies corporate and vice versa, references to documents or agreements also mean those documents or agreements as changed, novated or replaced, and words denoting one gender include all genders;

(c) Grammatical forms of defined words or phrases have corresponding meanings;

(d) Parties must perform their obligations on the dates and times fixed by reference to Schedule 2;

(e) Reference to an amount of money is a reference to the amount in the lawful currency of the Commonwealth of Australia;

(f) If the day on or by which anything is to be done is a Saturday, a Sunday or a public holiday in the place in which it is to be done, then it must be done on the next business day;

(g) References to a party are intended to bind their executors, administrators and permitted transferees;

(h) Obligations under this deed affecting more than one party bind them jointly and each of them severally;

(i) The trust will be known as the Tulip Trust;

(j) The trust fund means the settled sum and all additions and accretions to it and all other property added to the trust fund by the trustee, and trust property means any kind of property, real or personal, which forms part of the trust fund;

(k) The trustee means the company or persons so named herein or if more than one the survivor of them and if more than one they must act jointly not severally. Trustees may be appointors;

(l) The appointor means the company or persons so named herein or if more than one the survivor of them and if more than one they must act jointly not severally. Appointors may be trustees;

CONFIDENTIAL

DEF_00050992

- (m) The specified class means those persons referred to in the schedule and anyone, apart from the settlor, nominated in writing by the trustee;
- (n) The vesting day means 79 years after the date of this deed or any other day prescribed by law for the vesting of trust funds or any earlier day which the trustee, in writing or by oral declaration, appoints to be the vesting day, but which must not be earlier than 1 year after the execution of this deed of settlement;
- (o) Authorised investments means those investments which are authorised by law or any other investments which the trustee in its absolute discretion considers prudent, as if it were acting in a private capacity as the beneficial owner of the trust fund;
- (p) Statutory powers means the powers conferred on a trustee by legislation of the Commonwealth of Australia or any state or territory;
- (q) Whenever the trustee may perform a valuation or decide on the value of trust property, the decision as to valuation binds all beneficiaries and anyone else connected with the trusts created by this deed;
- (r) Powers, discretions and authorities conferred by this deed on any person, without limitation, on the trustee or appointor, may be exercised at any time and from time to time, and all decisions of the trustee, unless there is express provision to the contrary, are to be taken in its unfettered discretion;
- (s) Year means a financial year commencing on 1 July in any year and ending on 30 June of the following year and in respect of any 'broken period' occurring at the commencement or termination of this settlement or the trusts created by it means the portion of the financial year running from those dates to 30 June and from the 1 July closest to each of them; and
- (t) The first appointor is the person referred to in the schedule.

2. The trustee may at any time determine to change the vesting day in relation to the whole or part of the trust fund.

3. Until the vesting day, the trustee may, before the end of a financial year, determine to accumulate the whole or part of the income of the trust fund as

CONFIDENTIAL

DEF_00050993

may be permitted by law. The amount of income accumulated will form part of the capital of the trust fund.

4. The trustee may in his absolute discretion determine whether any receipt, profit or gain or payment, loss, or outgoing or any sum of money or investment however characterised is or is not to be treated as being on income or capital account, and further whether the income of the trust fund is to be calculated as including any actual or deemed capital gain arising during that period under the provisions of the Income Tax Assessment Act.

5. The trustee may in his absolute discretion determine that any income, however characterised, whether it be franked or unfranked dividends, capital gains, trading revenue, interest, royalties, foreign income or any other kind of income, is a separate class of income for the purposes of this trust and divide that income into different parts including differences in the nature or character or source of that income. When dealing with the income of the trust fund in parts only or differently between or amongst parts of it the trustee may in his absolute discretion:

    (a) Pay, apply, place to the credit in the books of account of the trust fund or otherwise deal with the whole or any part of income of any nature, character or source in such a manner as to preserve and pass on the nature, character or source of the income for the purposes of the Income Tax Assessment Act to, for or towards the maintenance advancement or benefit of all or such one or more of the specified class then living or in existence as to the trustee in its absolute discretion may determine and in such shares and proportions that the trustee in his absolute discretion may determine, whether to the exclusion of any one or more of them or otherwise;

    (b) Determine how the outgoings and allowable deductions of the trust fund shall be applied or apportioned in calculating the income of any such nature, character or source; and

CONFIDENTIAL

DEF_00050994

(c) Determine how tax credits, inclusive of foreign tax credits and franked dividend credits as applies under the Income Tax Assessment Act, shall be applied or apportioned.

6. Until the vesting day the trustee shall hold the income of the trust fund upon trust, as far as it has not decided to accumulate it, to distribute it within a reasonable time at the end of each financial year, as the trustee thinks fit among one or more of the specified class, in any shares and proportions which the trustee may in his absolute discretion think appropriate, and may decide to pay a class of income to one or more of them. The trustee may make distributions from gross income before deducting expenses and may apply expenses to such classes of income as the trustee deems appropriate.

7. Income which has not been either accumulated or distributed in a year must be divided between the members at that time of the specified class in equal shares.

8. The trustee may transfer property to a beneficiary instead of distributing cash to her or him, after deciding the value of the property.

9. The trustee will hold the trust fund on the vesting day in trust for any number of the specified class in the shares and proportions which the trustee in its absolute discretion has decided within the period of one month before the vesting day. If the trustee does not make this decision in that time, it will hold the trust fund on trust for all members of the specified class in equal shares.

10. The trustee may at any time prior to the vesting day transfer any part of the trust fund to any member of the specified class.

11. The trustee may, in the management of the trust, invest in any investments authorised by law and also in any investments the trustee thinks fit as if it were acting in a private capacity as the absolute owner of the trust fund. Without

CONFIDENTIAL
DEF_00050995

limiting the generality of the power of investment contained herein, the trustee may invest in any of the following forms of investments:

(a) Investments authorised by the laws of the Commonwealth of Australia or any of its states or territories for the investment of trust funds, in the name of the trustee or that of a nominee of the trustee;

(b) Acquisition of shares or stock units of any kind, whether fully or partly paid, whether the company is public or proprietary, listed on any stock exchange or not and whether registered in Australia or in any other part of the world;

(c) In the purchase of any kind of interest in real estate;

(d) On deposit with anyone at all either for interest or on any other terms;

(e) In loans with or without security to any person, and on any terms which the trustee shall in his absolute discretion think fit;

(f) In carrying on or facilitating any kind of business, trustee using the trust fund, with or without borrowed money by the trustee, and without limiting the preceding power, with the following powers:

  (i) To purchase capital equipment, plant, fixtures, fittings, goodwill and stock in trade;

  (ii) To pay all outgoings and expenses in connection with the running or carrying on of such business or trade;

  (iii) To carry out improvements, repairs and renovations to real property on which the business is carried on, whether or not it forms part of the trust property; and

  (iv) To employ managers, overseers, workmen and employees; and

(g) To take out life assurance policies with any life assurance company on the lives of members of the specified class.

12. The trustee must pay the outgoings of the trust fund's operations and any losses it may incur out of capital or income as the trustee determines, and must keep proper accounting records of all payments from the fund.

13. In the execution of the trusts set out in this deed, the trustee, in addition to the statutory powers the trustee has the discretionary powers and authorities of a

CONFIDENTIAL

DEF_00050996

private individual as if it were the beneficial owner of the trust fund, and without limiting the generality of the preceding statement, has the following powers:

(a) To employ agents, solicitors, accountants, insurance and securities brokers and anyone else, at the expense of the trust fund, and to pay them proper fees, charges, commissions and disbursements;

(b) If funds held on distinct trusts under this deed have become blended with other funds, to determine the apportionment of them between the persons entitled to them, and to decide what money is capital and income, and if necessary, to ascertain the value of the trust fund, and an apportionment or valuation will bind all interested persons;

(c) To decide finally any question of construction of this deed or to settle any dispute arising from it either alone or upon the advice of counsel or a solicitor, and every decision will bind all parties concerned, but this clause does not prevent the trustee from applying to the court;

(d) To give receipts, in full and final discharge for payments, or property transferred, which will exonerate the person paying from any responsibility to see to the application of the money or property;

(e) To release or compound debts owed to the trust, or to give further time for payment, with or without taking security;

(f) To compromise claims against the trust fund or the trustee, or to submit them to mediation or arbitration with unlimited power to give releases and enter agreements, without being responsible for any resulting loss;

(g) To apply the trust fund in satisfaction of the interest of any beneficiary after making any necessary valuation;

(h) To borrow money, with or without security, on any terms it thinks fit, with or without interest;

(i) To give guarantees, indemnities and undertakings;

(j) To apply income of the trust fund to which a minor beneficiary is entitled to the minor's parent or guardian, or to any other person for the support, benefit, welfare or general advancement in life of the minor, without trustee being responsible to see to the application of the funds;

CONFIDENTIAL
DEF_00050997

(k) To allow any member of the specified class to live in a dwelling house that is part of the trust fund on any terms and rent- free or at a rental fixed by the trustee in its absolute discretion;

(l) In connection with companies in which the trust fund has an interest, to do any of the following:

   (i) To agree to reformation or amalgamation of the company, and to accept as trust funds:

      (1) Cash or shares in any new company formed upon the reformation or amalgamation; or

      (2) Partly cash and partly shares in the new company;

   (ii) To accept new issues of shares, and to apply dividends or bonuses declared at or about the time of notification of the new issue, but that dividend or bonus is to be treated as capital and not income of the trust fund; and

   (iii) Any individual trustee may act as a director of a company in which a part of the trust fund is invested and may receive and retain for his own use any director's fees or other remuneration payable to him in that capacity;

(m) With regard to land which forms part of the trust fund:

   (i) To carry on the business of operating stations or farms or other pastoral or farming businesses;

   (ii) To carry out repairs, make improvements to and to build new buildings of all kinds, dams, fences and other installations on the land;

   (iii) To keep the land stocked with sheep, cattle, horses and any other livestock;

   (iv) To maintain and replace machinery and implements;

   (v) To employ managers, agents and all kinds of employees;

   (vi) To acquire or dispose of additional land of any kind of tenure, by purchase, lease or exchange;

   (vii) To acquire existent rights over other land;

   (viii) To convert leased land or land of any other tenure into freehold land;

CONFIDENTIAL

- (ix) To sell land alone, or with the stock, plant and equipment necessary for the continued operation of the enterprise, as a going concern;
- (x) To allow land to be cultivated on the share-farming system on any terms it thinks fit;
- (xi) To raise money required for any purpose contemplated by this deed by dealing with land which forms part of the trust fund as follows:
    - (1) By mortgaging it;
    - (2) By selling it; and
    - (3) By providing the money partly in one and partly in any other of these modes;

    and the trustee may establish a sinking fund out of the money raised. No third party will be entitled to enquire as to the necessity or expediency of raising money in any of these ways;
- (xii) To decide whether money received in respect of livestock, produce, sale of plant, land or improvements and any other receipts are to be treated as capital or income and generally to determine all matters which may arise in connection with the management of the trust fund;
- (xiii) The trustee in that capacity may deal with itself in its personal capacity for all intents and purposes as if in its personal capacity it were a stranger; and
- (xiv) No trustee purporting to act in the execution of the trusts and powers hereof shall be liable for any loss unless it is attributable to his dishonesty, or to the wilful commission or omission by him of any act which he knows to be a breach of trust.

14. The settlor and the trustee are entitled to be indemnified out of the trust fund against all liabilities arising out of the trust fund, but the trustees right of indemnity is limited to the income and assets of the trust fund and does not extend to assets set aside for beneficiaries of the trust or their dependants, and is not enforceable against any member of the specified class or other beneficiary.

CONFIDENTIAL

DEF_00050999

15. A trustee who is a solicitor, accountant or other professional person may be employed to transact business or to do anything required to be done in connection with the trusts created by this deed, and will be entitled to be paid all proper costs, charges and expenses for anything done by him or his firm as if he had not been a trustee.

16. The trustee has no obligation to investigate the accounts or management of any company or statutory body in which any part of the trust fund is invested; nor trustee must it take steps or bring any action to vary the articles of association or intervene in the management of any such company or body and this clause is to be an absolute bar against complaints of inaction by any beneficiary arising from the involvement of the trust fund in a company or statutory body.

17. The trustee has no obligation to attend any general meetings of companies in which any of the trust fund is invested or to appoint proxies to attend them.

18. At any time prior to the vesting day the trustee, with the consent of the appointor, may by deed vary any provision of this deed other than the following provision relating to the appointor, in any way it thinks fit, subject to the following provisos:
    (a) Provided first that the variation must not confer any share or benefit on the settlor;
    (b) Provided secondly that a variation which affects the beneficial interest in the trust fund must only be for the benefit of one or more of the specified class who are living at the date of the variation; and
    (c) Provided thirdly that the trustee may exercise this power of variation as it in its absolute discretion sees fit, but subject to the overriding limitation that the whole of the trust fund must still vest in time so that no breach of the rules of law or equity as to perpetuities and the accumulation of income will be caused by the variation.

CONFIDENTIAL

DEF_00051000

19. With due regard to stamp duty and taxation implications, the appointor or the survivor of them if more than one or an appointor nominated by deed or by will after the last appointor's death may by notice in writing delivered to the trustee:
    (a) Remove a trustee; or
    (b) Appoint a new or additional trustee, who may be an individual or a corporation, provided that if they are a member of the specified class they disclaim any potential benefit under the trust or pay any stamp duty and tax resulting from such appointment and provided that there are not more than four trustees at any time.

    If the last surviving appointor does not nominate a successor appointor in his will, then his legal personal representative will be the appointor. Each successive appointor has the same power to nominate subsequent appointors by writing or will, and if they do not exercise this power during their lives or by will, the succeeding appointor will be their legal personal representative on their death; but subject to the proviso that the settlor must not be appointed as a trustee.

20. A communication required by this deed, by a party to another, must be in writing and may be given to them by being:
    (a) Delivered personally; or
    (b) Posted to their address specified in this deed, or as later notified by them, in which case it will be treated as having been received on the second business day after posting; or
    (c) Faxed to the facsimile number of the party with acknowledgment of receipt received electronically by the sender, when it will be treated as received on the day of sending; or
    (d) Sent by email to their email address, when it will be treated as received on that day.

CONFIDENTIAL

DEF_00051001

## SCHEDULE 1

**The specified class is:**

1. The spouse, de facto partner/ partner / wife, children and remoter issue of Craig Steven Wright.
2. The spouses, de facto partners and children of each of those children and their descendants.
3. Any company, wherever incorporated or having its corporate office, in which any of the persons mentioned in clauses 1 and 2 holds shares or is a director; and
4. Any trust of which any of the persons mentioned in clauses 1 and 2 is a beneficiary, whether discretionary, contingent or vested.

**The first appointor is:**

1. Craig S Wright of Wright International Investments Ltd – owner of Craig Wright R&D.

## SCHEDULE 2

**The specified conditions are:**

1. The beneficiary must have resided legally in a state (e.g. Singapore) with no capital gains tax for a period of not less than 6 months and 1 day in a year and cannot hold US citizenship.
2. Children as beneficiaries will be at least 25 years old and shall have a Masters degree (in anything incl an MA) from an accredited University.

**EXECUTED AS A DEED**

CONFIDENTIAL

DEF_00051002