**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

    plaintiffs,
v.                                                                              **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

    defendant.
_____/

**MOTION FOR LEAVE TO SUPPLEMENT THE RECORD**

    Dr. Craig Wright respectfully requests that the Court grant him leave to supplement his pending Motion for Judgement on the Pleadings [D.E. 144] (the "Motion") with (1) excerpts from his June 28, 2019 deposition transcript (the "Deposition"), and (2) a June 18, 2015 letter that plaintiff Ira Kleiman, through his counsel, sent to the Department of Treasury (the "IRS Letter"). Dr. Wright submits that consideration of these two documents may assist the Court in ruling on the pending Motion.

**1.      The Deposition**

    During the briefing of the Motion, Dr. Wright raised the fact that his ex-wife, Ms. Lynn Wright, was involved in the formation of W&K Info Defense Research LLC ("W&K"). *See* D.E. 171 at 6-7. On June 28, Dr. Wright testified about Ms. Wright's involvement with Dave Kleiman in forming W&K:

    Q:  And was [Ms. Wright] involved in your companies?

    A:  Lynne had been involved in my companies, yes.
    Q:  Which companies was she involved in?

    A:  She was involved in many of the companies. I can't remember all the names.
    I've      had  many  companies.  ***Lynne was also involved in W&K Information***

> ***Defense in Florida with Dave, and she helped him there***.  She was involved in Cloudcraft that was set up.  She was involved in various iterations of De Morgan.  And others, I would have to look up the records.

C. Wright Dep. Tr. 415:9-20 (emphasis added).[1] Dr. Wright also explained that Ms. Wright had and would still have an ownership interest in W&K:

> Q:  Did she have shares in a business that you worked for or with?
>
> A:  Yes.
>
> Q:  Can you name those?
>
> A:  Not all of them, no.  I'd have to check records.  I know that she had shares in De Morgan.  I know that she had shares in Ridges Estate. I know that she had shares in things that I didn't end up working for.
>
> Q:  Are those all the ones you can remember now?
>
> A:  I'd need to look up what she has.  ***I know that she had shares in W&K, but I didn't work for that***.  I know she had shares in other companies that I ended up taking over after her bankruptcy.  But I didn't originally have shares in those; she did.
>
> Q:  ***And what happened to her shares in W&K?***
>
> A:  ***That would still be her shares***.

*Id*. 420:17-421 (emphasis added). He also explained how Dave and Ms. Wright formed W&K:

> Q:  So your knowledge of Lynne's shares in W&K comes from the records you received from Lynne?
>
> A:  No.
>
> Q:  Where does it come from?
>
> A:  I was still in communication with Lynne in 2011 when I was setting up W&K, helping her, helping Dave.
>
> Q:  So Lynne told you that she has shares in W&K?
> A:  We were on the same phone call with Dave as the company was being constructed.  We were on the same e-mails.  So she didn't need to tell me.  I had

---

[1] Excerpts of the deposition transcripts are attached as **Exhibit A**.

the communications between Dave and myself and her at the time. I saw all of
this happening. And I communicated with Dave as he was filing the company.

*Id*. 434:7-21.

## 2.     The IRS Letter[2]

In the IRS Letter, plaintiff Ira Kleiman, through his counsel, stated that he had little to no knowledge of Dave's business affairs. *See* IRS Letter, attached as **Exhibit B**. He went on to state that he had no personal knowledge of W&K and that there "were no records left by [Dave]" regarding W&K. *Id*. Finally, Ira stated that because Dave had "only debts," and that he was "deep in debt" when he died, Ira "did not open an estate" after Dave's death and that "no probate occurred." *Id.* at 2.

Besides contradicting Ira's arguments that he knows W&K's membership, the IRS Letter's admission that Ira never opened an estate is critical because it directly contradicts his argument that Dave's estate automatically became a member of W&K upon Dave's death. *See* Sur-reply at n. 9 (relying on the ***repealed*** Fla. Stat. § 608.434)). Even if plaintiffs were not relying on a repealed statute, the argument is factually contradicted because Ira's IRS Letter states that he did not open an estate after Dave's death because "Dave had only debts." **Ex. B** at 2. Therefore, if Dave were the only member of W&K, then W&K would've been permanently dissolved because it went more than 90 days without a member. *See* Fla. Stat. § 605.0701 ("A limited liability company is dissolved and its activities and affairs must be wound up upon the occurrence of . . . [t]he passage of 90 consecutive days during which the company has no members . . . .").[3]

---

[2] We received a copy of the IRS Letter as a part of a much larger production on April 29.
[3] On his death, Dave Kleiman was disassociated as a member of W&K. Fla. Stat. § 605.0602(7)(a). His estate could've been a member, but Ira admits in the IRS letter that, as of the date of the letter, he did not open an estate for Dave, even though he knew about W&K. *See* Ex. B.

3

## CONCLUSION

Dr. Wright respectfully requests that the Court allow him to supplement his Motion with his Deposition and the IRS Letter.

## S.D. FLA. L.R. 7.1 CERTIFICATION

In accordance with S.D. Fla. L.R. 7.1(a)(3), counsel for Dr. Wright has conferred with counsel for plaintiffs, and they object to the relief sought here.

> Respectfully submitted,
>
> RIVERO MESTRE LLP
> *Attorneys for Dr. Craig Wright*
> 2525 Ponce de Leon Boulevard, Suite 1000
> Miami, Florida 33134
> Telephone: (305) 445-2500
> Fax: (305) 445-2505
> Email: arivero@riveromestre.com
> Email: jmestre@riveromestre.com
> Email: arolnick@riveromestre.com
> Email: receptionist@riveromestre.com
>
> By: s/ Andres Rivero
> ANDRES RIVERO
> Florida Bar No. 613819
> ALAN H. ROLNICK
> Florida Bar No. 715085
> AMANDA MCGOVERN
> Florida Bar No. 964263
> BRYAN L. PASCHAL
> Florida Bar No. 091576

## CERTIFICATE OF SERVICE

I certify that on July 9, 2019, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

> /s/Andres Rivero
> ANDRES RIVERO