

# THE KARP LAW FIRM
*A Professional Association*

Elder Law • Estate Planning & Administration • Probate • Disability, Special Needs, Medicaid & Veterans Benefits Planning

*Please Reply to:*
*Palm Beach Gardens*
———————

**JOSEPH S. KARP**
Florida Certified Elder Law Specialist
Certified Elder Law Attorney, Natl. Elder Law Foundation
Member, FL & NY Bar
———————
**GENNY BERNSTEIN**
Florida Certified Elder Law Specialist
**GINA GRANDINETTE**
**ADELE SMALL HARRIS**
**CHAD L. STESKAL, LL.M.**
———————
Of Counsel
**RACHEL GOLDSTEIN ZETOUNI**

**ADMINISTRATOR**
Audrey L. Yeager, CP

June 18, 2015

Department of the Treasury
Attn: Mr. Michael Tosi
1111 Constitution Ave, NW M4-331
Washington, DC 20224

RE:   Case #362215

Dear Mr. Tosi:

I am writing on behalf of Ira Kleiman. I represent him with regard to any affairs of the Estate of David Kleiman.

I would like to respond to your letter dated May 20th as best as we can to provide you with complete information as we know it.

Ira is David's brother. He had limited contact and personal knowledge as to David's financial affairs throughout David's life. Most particularly, prior to January 1, 2012 through David's date of death of April 26, 2013. David spent most of his time in the VA Hospital in Miami during which time Ira never saw him at the hospital. He may have seen David one time when David took a leave from the hospital. At no time did Ira ever discuss David's financial affairs with him and was never aware of them. His only knowledge was that David was financially strapped and had limited resources.

I am enclosing a copy of David's will which was filed with the court as required. The only probate documents which were done were done under Florida Law to reimburse David's father for the compensation for the funeral. There was no formal probate proceeding whatsoever. The reason for this was quite simple. After checking records, David was deep in debt and had outstanding mortgages and liens on his home which exceeded his potential assets and it made no sense.

Quantum Park, Suite 203
2500 Quantum Lakes Drive
Boynton Beach, FL 33426
(561) 752-4550   Fax: (561) 625-0060

2875 PGA Boulevard, Suite 100
Palm Beach Gardens, FL 33410-2910
(561) 625-1100   Fax: (561) 625-0060
(Main Office)

Seacoast Banking Centre
Suite 102
1100 S. W. St. Lucie West Boulevard
Port St. Lucie, FL 34986
(772) 343-8411   Fax: (561) 625-0060

E-mail: klf@karplaw.com   #   On the web: www.karplaw.com   #   Out of area toll-free: (800) 893-9911

Letter dated June 18, 2015
Page 2

With regard to W&K LLC or bitcoins, Ira had no personal knowledge of any of this, and has no proof or evidence of what bitcoins David may own or any information. Although, he did hear from Dr. Craig Steven Wright that David did have an interest in Bitcoins, Dr. Wright was totally unaware of how to locate them, identify them or track them. Ira has taken no formal steps to do that himself, either.

Ira has no personal knowledge of any trusts that David may have had and never heard any of it from David. Dr. Wright has communicated with Ira at Dr. Wright's initiation.

With regard to any dealings with Dr. Craig Steven Wright, the only information Ira has is that information which was transmitted by Dr. Wright. He never heard of Dr. Wright from David, nor in cleaning up David's papers or affairs were anything located which indicated Dr. Wright, bitcoins, or any of the business dealings that he may have had with Dr. Wright. The only indications that he would have of any agreements between David and Dr. Wright, or W&K LLC would have been transmitted to him by Dr. Wright. He has no independent recollection of any of the documents or transmissions that were provided. Those records have not been destroyed by him and would be available if required to provide same.

With regard to the financial statements of W&K LLC, again, if they exist, he believes he may have received some and they would, too, have been attached to emails which he received. If you can advise of the legal requirement to provide same, he shall. He does not mean to be obstructive, but he wishes to ensure he is doing everything he is required to do. If you contact me we may discuss this so that we can facilitate the turning over of the information.

With regard to anything with W&K LLC's business activities, again, any information that Ira has would not be as a result of any source other than Dr. Wright. There were no records left by David that which Ira was aware, nor did Ira receive any other third party confirmation other than questions raised by the Australian authorities several years ago.

Once again, with regard to consent orders and transfers, Ira has not gone through all of the paperwork for a long period of time and has no independent recollection of what they say and again, would be willing to provide them appropriately. Please understand Ira's position. He is not the executor of David's estate. He was designated as the personal representative, but no probate occurred, and he did not open up an estate. The reason no estate was opened up is the information that was had, at the time, was that David had only debts and a homestead property which was mortgaged in excess of its fair market value and had also outstanding obligations to its homeowners association. There may have been other minor assets which were not worth pursuing under the circumstances.

Any information that Ira received was initiated by contact by Dr. Wright to Ira, whom he had never heard of before David's death and had been contacted by Dr. Wright.

Letter dated June 18, 2015
Page 3

Again, there is no desire to impede any appropriate investigation. In fact, if it could be found that David was entitled to significant assets, bitcoins or otherwise, Ira would be the ultimate beneficiary even after any taxes and other obligations so he looks forward to assisting you, especially if it can assist him.

                Very truly yours,

                JOSEPH S. KARP

JSK/jjm

cc:    Ira Kleiman