UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>*Plaintiffs,*<br><br>v.<br><br>CRAIG WRIGHT<br><br>*Defendant.* | CASE NO.:  9:18-cv-80176-BB/BR |

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO SUPPLEMENT THE RECORD

Plaintiffs respectfully request that this Court deny Defendant's ("Craig") Motion for Leave to Supplement the Record (the "Motion"). At bottom, Craig's most recent filing is – like his previous pleadings on this issue – a desperate attempt to evade this Court's jurisdiction by manufacturing self-serving and unsupported testimony to rebut Dave Kleiman's sole membership interest in W&K Info Defense Research LLC. And although it is framed as a motion to supplement the record, Craig's motion raises new arguments that he failed to raise in either his opening brief (EFC No. [144]) or his reply brief (EFC No. [171]), and should therefore be disregarded as an impermissible sur-sur-reply. This is especially true given that the alleged new evidence Craig seeks to submit at the eleventh hour is his own testimony – in other words, it was available to him to submit by affidavit or through other means during the regular course of briefing.

For these reasons, and the reasons articulated below, this Court should deny Craig's Motion as it is nothing more than a last-ditch, scattershot attempt to prejudice Plaintiffs in tomorrow's oral argument.

1

## **ARGUMENT**

In his motion, Craig asks this Court to supplement the record by adding two additional documents to the record: (1) deposition testimony by Craig Wright relating to his ex-wife Lynn's alleged involvement in W&K and (2) a letter written by Ira Kleiman's former attorney. This Court should deny both of these requests.

*First*, the deposition testimony submitted by Craig is entirely self-serving, and given his litigation conduct to date, it should not be considered by this Court. *Nat'l Ass'n of Deaf v. State*, 318 F. Supp. 3d 1338, 1347 (S.D. Fla. 2018) (declining to consider declaration submitted by defendant in connection with 12(b)(1) motion on grounds that affidavit was "self-serving").[1] Indeed, although Judge Reinhart has not yet made his findings, the Court should be aware that at the show-cause hearing on June 28, 2019, Craig was confronted on cross-examination with substantial evidence demonstrating that he has forged a number of documents that he submitted to this Court after he swore to their authenticity.[2] Accordingly, even if it was timely submitted – it was not – Craig's deposition testimony concerning Lynn Wright's involvement in W&K should be given no evidentiary weight. Especially since at his deposition on April 4, 2019, seconds after testifying that Lynn Wright was "involved in the initial communications about W&K," (Craig Wright Dep. Tr. at 218:14-18 (April 4, 2019), attached as Exhibit 1) he testified that he has "no

---

[1] See *Molinas Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 (11th Cir. 2011) ("Courts generally give little weight to a party's profession of domicile; they do so because these declarations are often self-serving."); *Lustig v. Stone*, 679 F. App'x 743, 744 (11th Cir. 2017) ("Because such declarations are often self-serving, we generally give little weight to a party's profession of domicile."); Wright & Miller, 13E Fed. Prac. & Proc. Juris. § 3612 (3d ed. 2019) ("A party's own declarations concerning the identity of his domicile, particularly with regard to an intent to retain or establish one, as is true of any self-serving statement, are subject to judicial skepticism.").

[2] The June 28 show-cause hearing was continued for August 5, 2019 because the Court has not yet heard expert testimony on authenticity of the documents Craig swore to be authentic. Plaintiffs intend to call Dr. Edman at that hearing to testify to the authenticity of the documents at issue. Dr. Edman also submitted expert opinions concerning the authenticity of documents Craig attached to his original 12(b)(1) motion. (ECF No. [159-9].) Dr. Edman will be present at tomorrow's hearing and will be prepared to testify concerning these issues if the Court determines his testimony will assist the Court in ruling on the present Motion.

idea" who owned W&K (Tr., at 219:22-23); then implied he had no idea who was responsible for W&K's operations (Trn., at 234:23-235:11), and then responded to questions about Ms. Nguyen's role in W&K that "W&K is not my company. *I cannot talk about W&K*." (287:17-18) (emphasis added).

*Second*, the IRS Letter Craig attaches to his motion bears no relevance to the issues before the Court and should similarly not be considered. As explained in footnote 3, Craig's legal arguments appear to be incorrect.[3] But more importantly, to the extent Defendant's new argument *is* correct, W&K would not exist, not be a party to this action, and thus cannot pose a problem for diversity jurisdiction: the remaining parties are, indisputably, completely diverse (Ira Kleiman, the personal representative of the estate, is indisputably a Florida citizen and Craig is indisputably an alien citizen). Thus it appears this new argument, lodged one-day before oral argument, is completely unrelated to subject matter jurisdiction, would defeat Defendant's current motion, and is, instead, an attempt to re-litigate standing arguments raised (and lost) in Defendant's motion to dismiss.

Dated: July 9, 2019

Respectfully submitted,

*s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman, Esq.
Florida Bar No. 99762
BOIES SCHILLER FLEXNER LLP
100 SE Second Street, Suite 2800
Miami, Florida  33131
Telephone:  (305) 539-8400
Facsimile:   (305) 539-1307
vfreedman@bsfllp.com

---

[3] Upon the death of a person who is an LLC member, that person's heirs inherit the membership interest of the deceased person; they don't simply vanish if probate is not opened. Moreover, prior to Dave's death, W&K had already been administratively dissolved by the department in 2012. And pursuant to Fla. Stat. § 605.0715, an LLC that's been administratively dissolved by the department can be reinstated "at any time after the effective date of dissolution" and the reinstatement "relates back to and takes effect as of the effective date of the administrative dissolution" and allows the LLC to "resume its activities and affairs as if the administrative dissolution had not occurred."

Kyle W. Roche, Esq.
*Admitted Pro Hac Vice*
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300
kroche@bsfllp.com

*Counsel to Plaintiff Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 9, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Velvel (Devin) Freedman*
VELVEL (DEVIN) FREEDMAN