## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as the personal
representative of the Estate of David
Kleiman, and W&K Info Defense Research,
LLC

       Plaintiffs,

v.

CRAIG WRIGHT

       Defendant.

**CASE NO.:  9:18-cv-80176-BB/BR**

### REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE

To:   The Senior Master of the Queen's Bench Division of the High Court, Royal Courts of
Justice, Strand, London, WC2A 2LL, United Kingdom.

From:  Hon. Bruce E. Reinhart, United States Magistrate Judge, 701 Clematis Street, West Palm
Beach Florida 33401, United States.

Request for Judicial Assistance Pursuant to the Hague Convention on the Taking of Evidence
Abroad in Civil or Commercial Matters Concluded 19 March 1970.

The United States District Court, Southern District of Florida presents its compliments to you and
requests your assistance in the following manner:

**I.    Information Provided Pursuant to Convention Article 3(a)**

*Requesting Court*:

In conformity with Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil
or Commercial Matters, concluded 18 March 1970 (the "Convention"), the United States District
Court, Southern District of Florida (United States District Judge Beth Bloom and Magistrate Judge
Bruce Reinhart, presiding), respectfully requests the assistance of your honorable court with regard
to the matters set forth below. The Court has presided over this matter since February 2018 and
has carefully reviewed the categories of evidence listed below and considers the evidence sought
is directly relevant to the issues in dispute and is not discovery within the meaning of Article 23
of the Hague Evidence Convention, that is, discovery "for the purpose of obtaining pre-trial
discovery of documents as known in Common Law countries."

*Full title of action*:

The full title of the action in which international judicial assistance is requested is Ira Kleiman, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC, against Craig Wright.  The case number of this action in the United States District Court, Southern District of Florida, is Case No. 9:18-cv-80176-BB/BR.

## II.    Information Provided Pursuant to Convention Article 3(b)

*Plaintiffs*

Plaintiffs are Ira Kleiman, acting in his capacity as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC, a Florida limited liability corporation ("Plaintiffs").  Ira Kleiman resides at 5104 Robino Circle, West Palm Beach, Florida 33417, United States.  Ira Kleiman also serves as the registered agent for W&K Info Defense Research LLC.

Plaintiffs are represented in this action by Devin (Velvel) Freedman, Kyle Roche, and Stephen Zack of Boies Schiller Flexner LLP.

*Defendant*

Defendant is Craig Wright.  Craig Wright resides at ████████████████████████

Defendant is represented by Andres Rivero, Alan Rolnick, Amanda McGovern, Bryan Paschal, Schneur Kass, and Zahrah Markoe of Rivero Mestre LLP.

## III.    Information Provided Pursuant to Convention Article 3(c)

*Plaintiffs' Claims asserted in the United States District Court, Southern District of Florida*:

Plaintiffs' Second Amended Complaint ("SAC") includes claims for Conversion, Unjust Enrichment, Breach of Fiduciary Duty, Breach of Partnership Duties of Loyalty and Care, Fraud, Constructive Fraud, Permanent Injunction, and Civil Theft. A copy of the SAC is attached as Exhibit 1.

The SAC alleges that from circa 2008 and on, Dave Kleiman and Craig Wright partnered to create Bitcoin and that through their partnership they mined over a million bitcoins together. *Exhibit 1* at ¶¶ 53-57, 65. The SAC alleges that after Dave's death, Craig unlawfully and without permission took control of, and exercised exclusive possession over, the bitcoins that allegedly belonged to the Estate and W&K *Id.* at ¶ 111. It also alleges that Craig holds the stolen bitcoin in trusts only known and controlled by him. *Id.* While the SAC alleges that the exact number of bitcoins stolen remains to be determined, the SAC contends that the Estate is entitled to at least 300,000 bitcoins, along with their forked assets. *Id.* at ¶ 112.

The Amended Complaint also alleges that "Dave, in partnership with Craig, created intellectual property both in his individual capacity and through W&K." *Id.* at ¶¶ 65-66. Plaintiffs allege the Defendant unlawfully took these assets as well.

## IV.     Information Provided Pursuant to Convention Article 3(d)

It is necessary for the purpose of justice and for the due determination of the matters in dispute between the parties that you cause the witnesses listed below, who are residents within your jurisdiction, to be subject to oral examinations which will be scheduled to commence on a date to be determined in consultation with this Court. After considering the requests, the case, and the matters to be proven. I have determined that the evidence sought is relevant to the proceedings, will be used to prove Plaintiffs' case, and is permissible under the Convention. Furthermore, there is a protective order entered in this case that any party may use to designate testimony or documents as confidential, if appropriate, in order to protect their confidentiality and/or privacy.

*Andrew O'Hagan*: Andrew O'Hagan is a novelist and author of *The Satoshi Affair* (attached hereto as Exhibit 2). In *The Satoshi Affair*, Mr. O'Hagan recounts a detailed story involving, *inter alia*, Wright, his claim to have created Bitcoin, and Wright's relationship with Kleiman (*See e.g.,* 15-17, 25-34 36, 39) Mr. O'Hagan writes that he was contacted to "write the life of Satoshi Nakamoto," was provided extensive access to the Defendant, his wife, and other associates, and was provided documents to review as well. (See Ex. 2). During this 6-month process, O'Hagan recorded "many hours of tape" of his "many dozens of hours of conversations with Wright" where they discussed information relevant to the lawsuit (*Id.* at 26, 36, 96).

*Ramona Watts*: Ms. Watts is the Defendant's wife and was identified in his initial disclosures as an individual with knowledge of the facts underlying Plaintiffs' claims. (Ex. 3 at 2). Additionally, the Defendant has testified that Ms. Watts worked with the Defendant and has been involved in his companies since 2011, that before they married, he: (i) discussed Kleiman with her, (ii) she learned he created Bitcoin, (iii) gave her detailed accounts of what he'd done to create Bitcoin, and (iv) that he "talked to [Ms. Watts] about everything, including my past, before we got married." Furthermore, the Defendant testified that after they were married, they (i) carried on as co-directors of bitcoin related companies, and that (ii) Ms. Watts was involved in the business interactions among the Defendant, MacGregor, and Matthews, and the sale of Satoshi Nakamoto's life rights. Finally, Plaintiffs have alleged that Ms. Watts communicated directly with Ira Kleiman and directed him to take certain actions while the Defendant was being investigated by the ATO. (Ex. 4.)

*Robert MacGregor*: Based on the testimony and documents reviewed, Robert MacGregor is the Defendant's business associate who entered into a transaction with the Defendant whereby the Defendant sold Satoshi Nakamoto's life rights. (Ex. 1 at 12.) Mr. MacGregor was also involved in the purchasing intellectual property from the Defendant and facilitating his coming out as Satoshi Nakamoto in 2016. (*Id.*) During this timeframe, Mr. MacGregor was privy to details surrounding bitcoins creation, the alleged Satoshi Nakamoto partnership, and the trusts at the heart of the dispute in this case.

## V.    Information Provided Pursuant to Convention Article 3(e)

*Names and addresses of the witnesses:*

**Andrew O'Hagan**



**Ramona Watts**

**Robert MacGregor**

## VI.    Information Provided Pursuant to Convention Article 3(g)

*Testimony to be provided by the witnesses:*

Accordingly, I request that the Order of this Court permit questioning of the witnesses regarding the following areas:

Andrew O'Hagan

1.  His educational background, employment history, professional qualifications, personal preparation for the deposition (to include any contacts he may have had with the parties, their lawyers, insurers or representatives, but excluding any privileged content of such communications).

2.  The accuracy of the quotes and factual assertions contained within his work *The Satoshi Affair*.

3.  Statements made, or documents provided, by Craig Wright (and his agents), Ms. Lynn Wright, or Ms. Watts that relate to Satoshi Nakamoto, the creation of Bitcoin, Dave Kleiman, W&K Info Defense Research, the Tulip Trusts, the bitcoin allegedly mined by Craig and/or Dave, and the intellectual property alleged to have been created by Craig and/or Dave.

4.  Statements made, or documents provided, by anyone interviewed in connection with the drafting of *The Satoshi Affair* that relate to Satoshi Nakamoto, the creation of Bitcoin, Dave Kleiman, W&K Info Defense Research, the Tulip Trusts, the bitcoin allegedly mined by

Craig and/or Dave, and the intellectual property alleged to have been created by Craig and/or Dave.

Ramona Watts

1.  Her educational background, employment history, professional qualifications, personal preparation for the deposition (to include any contacts he may have had with the parties, their lawyers, insurers or representatives, but excluding any privileged content of such communications)

2.  Non-privileged statements made by the Defendant about W&K Info Defense Research, LLC, Dave Kleiman, Satoshi Nakamoto, the creation of Bitcoin, his and/or Dave's mining of bitcoins prior to 2014, the trusts at issue in this litigation, the ownership of the bitcoins/intellectual property at issue in this litigation, Uyen Nguyen, the ATO investigations, and the business deal with MacGregor, Matthews, and Ayre.

3.  Her knowledge of the issues in No. 2 above through other means, including through review of relevant documents.

Robert MacGregor

1.  His educational background, employment history, professional qualifications, personal preparation for the deposition (to include any contacts he may have had with the parties, their lawyers, insurers or representatives, but excluding any privileged content of such communications).

2.  Statements made by Defendant, Ms. Watts, and Defendant's agents that relate to W&K Info Defense Research, LLC, Dave Kleiman, Satoshi Nakamoto, the creation of Bitcoin, his and/or Dave's mining of bitcoins prior to 2014, the trusts at issue in this litigation, the ownership of the bitcoins/intellectual property at issue in this litigation, the ATO investigations, Uyen Nguyen, and the business deal with MacGregor, Matthews, and Ayre.

*Documents to be produced*:

I also request that the identified witnesses produce and authenticate the following documents, described below, which are in the custody, possession, or control of the witnesses:

Andrew O'Hagan

1.  All video and/or audio recordings of interviews related to Mr. O'Hagan's work in writing *The Satoshi Affair*. Specifically, including, but not limited to, the "many hours of tape" of the Defendant referenced in *The Satoshi Affair*.

2.  All documents relied on or reviewed in preparing for, and drafting, The Satoshi Affair. This includes contemporaneous notes taken by Mr. O'Hagan or others, and any documents or communications reviewed or relied on when preparing the story.

3. All emails between O'Hagan, and either the Defendant, Ms. Watts, MacGregor, Matthews, or Ayre.

4. All drafts of *The Satoshi Affair*, any edits received, and comments thereto.

Ramona Watts

1. All documents and communications between Ms. Watts and Dave Kleiman.

2. All documents and communications between the Defendant and Ms. Watts that predate her marriage to the Defendant and relate to W&K Info Defense Research, Dave Kleiman, Satoshi Nakamoto, or the Tulip Trusts.

3. All documents and communications, dated prior to February 14, 2018, between Ms. Watts and either (i) Robert MacGregor, (ii) Stefan Matthews, (iii) Calvin Ayre, (iv) or their agents that relate to W&K Info Defense Research, Dave Kleiman, Satoshi Nakamoto, or the Tulip Trusts.

4. All documents and communications, dated prior to February 14, 2018, between Ms. Watts and Andrew O'Hagan that relate to W&K Info Defense Research, Dave Kleiman, Satoshi Nakamoto, or the Tulip Trusts.

Robert MacGregor

1. All documents and communications between MacGregor and Defendant or Ms. Watts that mention W&K Info Defense Research, Dave Kleiman, Satoshi Nakamoto, the creation of Bitcoin, the Defendant and/or Dave's mining of bitcoins prior to 2014, the trusts at issue in this litigation, the ownership of the bitcoins/intellectual property at issue in this litigation, the ATO investigations, Uyen Nguyen, and the business deal with MacGregor, Matthews, and Ayre.

2. All documents and communications between MacGregor and either Matthews or Ayre that mention W&K Info Defense Research, Dave Kleiman, Satoshi Nakamoto, the creation of Bitcoin, the Defendant and/or Dave's mining of bitcoins prior to 2014, the trusts at issue in this litigation, the ownership of the bitcoins/intellectual property at issue in this litigation, the ATO investigations, Uyen Nguyen, and the business deal with MacGregor, Matthews, and Ayre.

3. All documents reviewed by MacGregor, Matthews, and Ayre (or companies they represent) to conduct due diligence over the deal with Defendant, that were created for purposes of facilitating that deal, and the "who knows what list" referenced above.

## VII.    Information Provided Pursuant to Convention Article 3(h)

*Form of the deposition*:

The witness should be examined under oath. I respectfully request that you cause the evidence of the witness to be reduced into writing, cause all documents produced on such examination to be duly marked for identification, and cause copies of the documents to be made. I further request that you authenticate such examination by the seal of your Court in such way as is in accordance with your procedure, and return the written evidence and documents produced to me addressed as follows:

The Honorable Bruce Reinhart
United States District Court
Southern District of Florida
701 Clematis Street
West Palm Beach, Florida 33401
United States of America

## VIII.    Information Provided Pursuant to Convention Article 3(i)

*Procedure*:

The witness should be given an oath before testifying, the testimony should be transcribed by a stenographer, and the testimony should be recorded on video by a videographer. In addition, I request that the attorneys for the parties in this action should be permitted to be present and to conduct examination and cross-examination of the witness.

*Specification of privilege or duty to refuse to give evidence under the laws of the State of origin*:

Under the laws of the United States, a party has a privilege to refuse to give evidence if the evidence discloses a confidential communication between that party and an attorney for that party that was made for the purpose of obtaining legal advice and which privilege has not been waived explicitly or implicitly. Parties also enjoy a privilege not to testify to the confidential communications made during the marriage.

Parties also enjoy limited privileges on other grounds not relevant here such as communications between physician and patient, psychotherapist and patient, or clergy and penitent.

US law also recognizes a privilege against criminal self-incrimination.

Outside the strict area of privilege, certain limited immunities are available that may place restrictions on the giving of evidence, such as the limited protection of documents created as the work product of attorneys during or in anticipation of litigation.

*Details*:

It is proposed that the examination take place at the offices of Boies Schiller Flexner LLP at 5 New Street Square London, EC4A 3BF United Kingdom, on dates to be agreed between the parties and the witness.

*Fees and costs*:

The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by Plaintiffs.

## IX.    Conclusion

This Court expresses its appreciation for this assistance. The courts of the United States are authorized by Section 1782 of title 28 of the United States Code to extend similar assistance to the courts of England and Wales. This Court is prepared to provide reciprocal assistance to the English courts in any circumstances where it may be required, and extends to the judicial authorities of England the assurances of the highest consideration.

Date of Request:

July 22, 2019

Signature and seal of the requesting authority

The Honorable Bruce Reinhart
United States District Court
Southern District of Florida
701 Clematis Street
West Palm Beach, Florida 33401
United States of America

Done in Chambers in Florida this 22nd day of July, 2019.

Seal of the Court

Bruce Reinhart
United States Magistrate Judge

8