**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>*Plaintiffs*,<br><br>v.<br><br>CRAIG WRIGHT<br><br>*Defendant*. | CASE NO.:  9:18-cv-80176-BB/BR |

**PLAINTIFFS' EXPEDITED MOTION TO DEPOSE OUT OF STATE WITNESS IN UNDER 14 DAYS WHILE PROVIDING VIDEOCONFERENCE ACCESS TO DEFENDANT OR IN THE ALTERNATIVE TO DEPOSE VIA VIDEOCONFERENCE AT A LATER DATE**

Plaintiffs respectfully request the Court grant them leave to depose James Wilson (a resident of Australia) in Washington D.C. on November 8, 2019 if they also arrange for defense counsel to attend the deposition via videoconference if they choose. This date is sooner than the 14 days required by Local Rule 26.1(h) for out of state depositions and therefore requires Court approval. In the alternative, Plaintiffs move for an order permitting his deposition be taken via videoconference on 14-days notice and on a convenient date for everyone.

**Background**

In early September, the parties commenced what Plaintiffs, at the time, believed to have been good faith settlement discussions. These discussions began at Craig's request and due to the fact that Craig represented he had the means to finance a settlement.

On September 11, the parties reached a non-binding settlement in principle and then turned to drafting binding settlement papers. To facilitate these discussions, there were at least four in

1

person meetings and numerous telephonic conferences. Plaintiffs hired both U.S. tax counsel and foreign counsel and incurred the cost of their participation in the settlement process.

In reliance on these efforts and what seemed to be steady progress toward global resolution, Plaintiffs stopped active litigation, focused on settlement, and joined both of Craig's motions to extend the case deadlines by 30 days (ECF No. 284 and 287). The Court granted the first motion, but held the existing March 30, 2020 trial date; it all but denied the second motion, pushing off only the deadline for Plaintiffs to move for attorneys' fees and Defendant to appeal this Court's sanctions order (See ECF No. 286 and 289).

On October 30, without any advance notice, Plaintiffs were informed Craig could no longer finance the settlement and was "breaking" the non-binding settlement agreement.

To that end, Plaintiffs began shifting back into preparing for trial (with much lost time). One such action was to contact James Wilson, the CFO of Craig's companies in 2012-2013, *i.e.*, the time during which Dave was alive and Craig alleges he sold Dave interest in his companies in exchange for a fortune of Bitcoin.[1]

On October 31, 2019 at 7:37pm, Mr. Wilson, who lives in Australia, told counsel that he is traveling to the United States and will be in Washington D.C. and available for a deposition on November 8, 2019. Immediately thereafter (9:19am the next morning) Plaintiffs' counsel reached out to defense counsel to seek their consent to either take Mr. Wilson's deposition on November 8, or consent to taking it via videoconference at a later date.

---

[1] https://medium.com/@craig_10243/on-scammers-f5fca5801bb2 (article published by Craig stating Jamie Wilson was a CFO); *Craig Wright 4/4/19 Depo. Tran.*, at 103:5-7 ("Q. Did Jamie Wilson ever work as an accountant for you? A. Very briefly. Q. What time period was that? A. I dealt with Jamie Wilson some time between -- some time in 2012 into 2013.")

2

Five hours later, defense counsel informed Plaintiffs they would not consent to the deposition on November 8, 2019 and would need to revert next week on whether they would consent to a video deposition at a later date.

### **Legal Standard**

Under the Local Rules of this District, parties must have 7-days notice for a deposition in Florida, but 14-days notice for an out of state deposition. L.R. 26.1(h).

"The Court has 'broad discretion' in the scheduling of discovery." *TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 299 F.R.D. 692, 694 (S.D. Fla. 2014) citing *Johnson v. Bd. of Regents,* 263 F.3d 1234, 1269 (11th Cir.2001). Further, "[e]xpedited discovery should be granted when some unusual circumstances or conditions exist that would likely prejudice the party if he were required to wait the normal time." *Fimab-Finanziaria Maglificio Biellese Fratelli Fila S.P.A. v. Helio Imp./Exp.*, 601 F. Supp. 1, 3 (S.D. Fla. 1983).

Additionally, pursuant to Fed. R. of Civ. Pro. 30(b)(4), "the court may on motion order – that a deposition be taken by telephone or other remote means." *Id*. "Nothing in the language of Rule 30 requires that a telephonic deposition may only be taken upon a showing of necessity, financial inability, or other hardship." *Cooney v. Barry Sch. of Law*, No. 614CV106ORL22KRS, 2015 WL 12835701, at *1 (M.D. Fla. Sept. 25, 2015); see Gr*aham v. Ocwen Loan Servicing, LLC*, No. 16-80011-CIV, 2016 WL 7443288 at *1 (S.D. Fla. July 1, 2016) citing *Guillen v. Bank of Am. Corp. et al.*, Civ. No. 10-05825-EJD PSG, 2011 WL 3939690, at *1 (N.D. Cal. Aug. 31, 2011) ("emphasizing that [a] desire to save money constitutes good cause to depose [an] out-of-state witness via ... remote means and that a videoconference deposition is cost-effective since it avoids or minimizes expensive travel time and costs").

**Argument**

Mr. Wilson resides in Sydney Australia, where obtaining his deposition will be time consuming and extremely expensive.[2] Due to the unexpected failure of settlement negotiations, and the soon approaching discovery cutoff, the parties are short on time. Mr. Wilson's presence in the United States next week obviates the need for the parties to go through the legal, logistical, and expensive steps of securing a deposition in Australia. And while Craig won't have been afforded a full 14-days notice, he has received 7-days notice.

Importantly the fact that Craig doesn't have 14-days notice of this deposition is a product of his own conduct. He asked the parties to pause the litigation process and concentrate on amicably resolving this dispute, only to pull his consent with no advance notice, without good cause, and at a time when it simply wasn't possible to give him the full 14-days notice.

The "unusual circumstance" of (i) an important deponent who (ii) normally lives on the other side of the world, that (iii) is one of the few individuals (outside of Craig) with first-hand knowledge of the facts, who (iv) is present in the United States, and who (v) if not deposed will result in significant expense and time to depose, justifies allowing Plaintiffs to proceed with the deposition on 7-days notice especially since Plaintiffs are more than happy to arrange for defense counsel to attend the deposition via videolink so they don't even have to leave Florida (where only 7-days notice is required to depose a witness).

In the alternative, if the Court is not inclined to allow the deposition to move forward on November 8, Plaintiff requests an order pursuant to Fed. R. of Civ. Pro. 30(b)(4) allowing the deposition to proceed via video conference on a date to be coordinated with defense counsel and the witness when he returns to Sydney Australia.

---

[2] It may also be legally complex.

## CONCLUSION

Plaintiffs respectfully request that the Court allow them to depose Mr. Wilson on November 8, 2019 in Washington D.C. on condition they provide Defense counsel with the ability to attend the deposition via videolink. In the alternative, Plaintiffs request an order authorizing the deposition to proceed via videoconference at a later date pursuant to Rule 30(b)(4). Pursuant to Local Rule 7.1(d), this motion is time sensitive and requires a ruling before November 7, 2019 or the issue will become moot as the deponent will no longer be available for deposition in the United States.

## S.D. FLA. L.R. 7.1 CERTIFICATION

In accordance with S.D. Fla. L.R. 7.1(a)(3), counsel for Plaintiffs has conferred with counsel for Defendant, and they object to the deposition proceeding on November 8, 2019. They have indicated they need until next week to revert on their position as to whether they will agree to a videoconference deposition at a later date.

Dated: November 1, 2019

Respectfully submitted,

**ROCHE FREEDMAN LLP**

By: __/s/ Velvel (Devin) Freedman__
Velvel (Devin) Freedman
Florida Bar No.: 99762
200 South Biscayne Blvd., Suite 5500
Miami, Florida 33131
Tel.: (305) 357-3861
Email: vel@rochefreedman.com

Kyle W. Roche
Joes Delich
*Admitted Pro Hac Vice*
185 Wythe Avenue F2
Brooklyn, New York 11249
kyle@rochefreedman.com

        Jdelich@rochefreedman.com

**and**


**BOIES SCHILLER FLEXNER LLP**

By:    /s/ *Andrew S. Brenner*
      Andrew S. Brenner
      Fla. Bar No: 978663
      100 SE Second Street, Suite 2800
      Miami, Florida 33131
      Tel.:   (305) 539-8400
      Email:  abrenner@bsfllp.com

*Attorneys for Plaintiffs*
IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC


**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on November 1, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

          *s/ Velvel (Devin) Freedman*
          VELVEL (DEVIN) FREEDMAN