**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

      plaintiffs,

v.                                      **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

      defendant.

_____/

**DR. WRIGHT'S RESPONSE TO**
**PLAINTIFFS' EXPEDITED MOTION FOR DEPOSITION**

Plaintiffs' expedited motion [D.E. 290] (the "Motion") seeks to depose Mr. Jamie

Wilson—an individual that plaintiffs have known about since they filed their first Complaint in

February of 2018 but never included in their initial disclosures—in five days' time. Their

expedited motion is unwarranted.

Dr. Wright never opposed proceeding by video deposition. Plaintiffs only reached out to

counsel for Dr. Wright on Friday morning, November 1, seeking an agreement to depose Mr.

Wilson on November 8 in Washington, D.C. With only five business days' notice and previous

commitments, counsel for Dr. Wright explained that they could not agree to the deposition with

such short notice. Counsel explained, however, that they would consider a deposition by video

and would advise plaintiffs' counsel shortly on that position. Yet, a mere two and a half hours

later, plaintiffs filed their "expedited motion."

The Motion is unjustified. An out-of-state deposition—within five days—of a previously

undisclosed witness is improper. The deposition should proceed by videoconference with proper

notice. Counsel for Dr. Wright will make themselves available for such a deposition on November 18, 19, 20, 21, 22, 25, or 26, or December 2, 3, or 4.

Even more troublesome, plaintiffs use privileged and confidential settlement and mediation discussions as a purported justification to expedite the improperly-noticed deposition. Dr. Wright views this egregious violation of the privilege protecting settlement communications as a disguised attempt to harm his reputation and gain an improper advantage before the Court. (Plaintiffs want the Court to believe that Dr. Wright caused the settlement discussions to fail, which is totally false). Further, plaintiffs' telling is riddled with misstatements.

Plaintiffs know full well that a third party participated in the settlement negotiations and that almost all of what is attributed to Dr. Wright relates, in truth, to that third party. Dr. Wright never "represented that he had the means to finance a settlement," nor did he inform plaintiffs that he "could no longer finance the settlement and was 'breaking' the non-binding settlement agreement." Motion at 1, 2. In fact, the settlement finances were completely handled by the third party that was seeking to purchase the estate's interest in Dave's purported bitcoin and intellectual property. Moreover, it was both parties, Dr. Wright and Plaintiffs, that stopped all active litigation pending the settlement discussions. Dr. Wright believes that plaintiffs' breach of settlement confidentiality and their dramatic misrepresentation of those confidential discussions should be addressed in a proper setting before the Court in order to set the record straight on the reasons the parties could not reach a binding settlement agreement, despite herculean efforts on behalf of Dr. Wright's team to make it happen.

## CONCLUSION

Dr. Wright does not oppose a properly and adequately noticed video deposition of Mr. Wilson in conformance of the federal and local rules.  For that reason, Dr. Wright requests that

the Court deny the Motion's request to depose Mr. Wilson on November 8th and allow plaintiffs

to proceed by video deposition with two weeks' notice to counsel for Dr. Wright.

Respectfully submitted,

RIVERO MESTRE LLP
*Attorneys for Dr. Craig Wright*
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: jmestre@riveromestre.com
Email: arolnick@riveromestre.com
Email: receptionist@riveromestre.com

By: s/ Andres Rivero
ANDRES RIVERO
Florida Bar No. 613819
JORGE A. MESTRE
Florida Bar No.  88145
ALAN H. ROLNICK
Florida Bar No. 715085
AMANDA MCGOVERN
Florida Bar No. 964263

## CERTIFICATE OF SERVICE

I certify that on November 4, 2019, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

_ /s/Andres Rivero

ANDRES RIVERO