UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>   *Plaintiffs,*<br><br>v.<br><br>CRAIG WRIGHT<br><br>   *Defendant.* | CASE NO.: 9:18-cv-80176-BB |

**JOINT DISCOVERY MEMORANDUM**

The parties certify they have complied with the requirements for pre-hearing consultation contained in the Court's Standing Discovery Order, ECF No. [102]. The following issues require resolution by the Court:

1. **Plaintiffs Submission**

    a. **Craig's Failure to Search Certain ESI**

In Craig's ESI disclosure (attached as Exhibit 1), a Seagate storage device was identified that is comprised of a number "data shares." (Ex. 1 at 1, n.1.) In this disclosure, Craig's counsel states that two of these data shares, named "video" and "public," were not "processed as it is not proportional to the needs of the case." (*Id.*) A third data share, named "work," was reviewed by running an incomplete set of search terms across only the *filenames* associated with the data on the partition. (*Id.*) This screening resulted in roughly 1% of the "work" data share being reviewed. (*Id.*)

Craig continues to maintain that review of the ESI in Defendant's "video," "work" and "public" data shares is not proportional to the needs of this case. But in measuring proportionality,

both the amount at issue and the necessity of the information cut in favor of more robust production. This Court is aware that the Parties dispute centers around billions of dollars' of bitcoin and intellectual property. Furthermore, the Defendant has engaged in a campaign of forgeries and deception to hide the truth of what's occurred in this case[1] – a campaign Plaintiffs were able to expose, in part, by the robust production ordered by this Court which found altered and unaltered versions of the same documents.[2]

Accordingly, full review of the "video," "public," and "work" data shares is proportional with the needs of this case and Craig should be ordered to review and produce all non-privileged ESI contained in these data shares.

### b. Expedited Motion to Compel Responses to Plaintiffs Sixth and Seventh RFPs and Fifth and Sixth ROGs

On August 27, 2019, the Court granted Plaintiffs' motion to compel (ECF No. 277) and deemed it established for purposes of this action that, *inter alia*, "any Bitcoin-related intellectual property developed by Dr. Wright prior to David Kleiman's death was property of the partnership . . ." (ECF No. 277 at 28–29).

Shortly thereafter, Plaintiffs submitted a number of discovery requests. On September 2, 2019, Plaintiffs served their Fifth Set of Interrogatories and Sixth Request for Production, which sought information relating to Craig's patents. Four days later, Plaintiffs served their First Request

---

[1] ECF No. 277 at 20 ("There was substantial credible evidence that documents produced by Dr. Wright to support his position in this litigation are fraudulent. There was credible and compelling evidence that documents had been altered . . . there is a strong, and unrebutted, circumstantial inference that Dr. Wright willfully created the fraudulent documents." ); Id. at 27-28 ("the evidence establishes that he has engaged in a willful and bad faith pattern of obstructive behavior, including submitting incomplete or deceptive pleadings, filing a false declaration, knowingly producing a fraudulent trust document, and giving perjurious testimony at the evidentiary hearing . . . I have found that Dr. Wright intentionally submitted fraudulent documents to the Court, obstructed a judicial proceeding, and gave perjurious testimony.")

[2] Compare ECF No. 237-6 (original forgery of Dave Kleiman email dated Oct. 17, 2014) with ECF No. 237-2 (post-forgery email now dated June 24, 2011).

2

for Admission to Defendant, Seventh Request for Production, and Sixth Set of Interrogatories which sought information relating to an August 26, 2019 interview Craig did with an American blogger.[3]

This interview contained many relevant admissions from Craig, including statements that directly contradicted his sworn testimony in this Court, *e.g.*, stating that he could have moved his bitcoin anytime he wanted in the past 10 years. *Id*. ("everyone makes me look like a mean [expletive]. I might have been a [expletive], but I was the [expletive] who was withholding. **I could have tanked the market anytime in the last 10 years and ran away laughing. I didn't**.") (emphasis added).

Shortly after Plaintiffs served these requests, on September 11, the parties reached a non-binding settlement and turned to drafting binding settlement papers. To facilitate these discussions, there were at least four in person meetings and numerous telephonic conferences. In reliance on these efforts and what seemed to be steady progress toward global resolution, Plaintiffs joined two motions filed by Craig to extend discovery and case deadlines, (ECF No. [284], [287]), which the Court granted in part (ECF No. [286], [287]).

On October 30, without any advance notice, Plaintiffs were informed Craig could no longer finance the settlement and was "breaking" the non-binding settlement agreement. Shortly thereafter, Plaintiffs met and conferred with Craig's counsel to determine when they could expect responses to the discovery requests that had been outstanding since the beginning of September. Craig's counsel maintained the deadline to respond to these requests is December 2, 2019 – ninety

---

[3] https://modernconsensus.com/cryptocurrencies/bitcoin/exclusive-interview-with-craig-wright-just-after-ordered-to-pay-5-billion-in-bitcoin/.

days from the time the discovery requests were initially served. That timeframe is wrong and unworkable.

First, the Court only partly granted the Parties' joint request to push off deadlines and neither order continued the time for Craig to respond to discovery (ECF No. 284; ECF No. 289).

Second, even if the Court's orders did postpone Craig's time to respond, sixteen of Craig's thirty days to respond had already elapsed by the time the first extension was granted. And of course, the clock restarted when Craig terminated the settlement. Accordingly, Craig should be compelled to respond, at the latest, by November 13, 2019.[4]

Finally, a December deadline is unworkable because the discovery cutoff is currently set for January 3, 2020. Another month of delay will simply not leave enough time to resolve any objections or disputes, and ensure Plaintiffs have the opportunity to obtain the evidence relevant to their claims.

The Court should therefore compel Defendant to respond to the Request for Admission, the Sixth and Seventh Requests for Production, and the Fifth and Sixth Set of Interrogatories, on or before November 13, 2019.

Dated: November 7, 2019              Respectfully submitted,

                                                **ROCHE FREEDMAN LLP**

                                                By:   */s/ Velvel (Devin) Freedman*
                                                        Velvel (Devin) Freedman
                                                        Florida Bar No.: 99762
                                                        200 South Biscayne Blvd., Suite 5500
                                                        Miami, Florida 33131

---

[4] While the requests relating to the Modern Consensus article were served four days later, they are also much simpler and should require little time or effort to produce. On September 9, 2019 — 13 days after being served with a subpoena — the author filed a sworn declaration attesting that the article "truly and accurately reflects the observations and facts contained in it." *Kleiman v. Wright*, ECF No. 1-3, No. 1:19-mc-02303-LDH (E.D.N.Y. Sep. 9, 2019).

4

    Tel.: (305) 357-3861
    Email: vel@rochefreedman.com

    Kyle W. Roche
    Joes Delich
    *Admitted Pro Hac Vice*
    185 Wythe Avenue F2
    Brooklyn, New York 11249
    kyle@rochefreedman.com
    Jdelich@rochefreedman.com

    **and**

    **BOIES SCHILLER FLEXNER LLP**

  By:  /s/ *Andrew S. Brenner*
    Andrew S. Brenner
    Fla. Bar No: 978663
    100 SE Second Street, Suite 2800
    Miami, Florida 33131
    Tel.: (305) 539-8400
    Email: abrenner@bsfllp.com

    *Attorneys for Plaintiffs*
    IRA KLEIMAN, as the personal representative
    of the Estate of David Kleiman, and W&K
    Info Defense Research, LLC