UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>*Plaintiffs,*<br><br>v.<br><br>CRAIG WRIGHT<br><br>*Defendant.* | CASE NO.: 9:18-cv-80176-BB/BR |

**PLAINTIFFS' RESPONSES AND ONE OBJECTION TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION AND INSPECTION**

PLEASE TAKE NOTICE that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs, by their undersigned counsel, hereby responds to the First Requests for Production and Inspection made by Defendant Craig Wright ("Defendant"), as follows:

**PRELIMINARY STATEMENT**

Plaintiffs make the following preliminary statement.

1. Plaintiffs object to the Requests to the extent they seek information or documents protected by the attorney-client privilege and/or the work product doctrine or any other applicable privilege or immunity. Plaintiffs' agreement to produce documents responsive to any particular Request excludes privileged documents. Plaintiffs will provide a privilege log of all such documents and will meet and confer with Defendant's counsel to schedule a deadline for the production of such log. Finally, the inadvertent production of any privileged document is not intended and shall not be deemed to waive or abridge any applicable privilege.

2. Plaintiffs' responses are based upon information known to Plaintiffs at the current stage of litigation and are given without prejudice to Plaintiffs' right to amend or supplement their responses. Plaintiffs' investigation into the matters addressed in the Requests is continuing,

and Plaintiffs will supplement their responses to the Requests if and when appropriate, pursuant to Federal Rule of Civil Procedure 26(e), other applicable rules or laws, or by Order of the Court.

3. A statement that Plaintiffs will produce documents responsive to a particular Request does not constitute an admission that such documents exist. The production of any document shall not constitute an admission or concession that such document is relevant or admissible.

4. Plaintiffs will produce these documents on a rolling basis. Plaintiffs note, however, that the production of these materials will require significant production of ESI, and that an ESI agreement on search terms and keywords has not been reached. It is therefore likely that full production cannot be completed until this agreement is reached.

## SPECIFIC RESPONSES AND ONE OBJECTION

### REQUEST NO. 1:

All documents related to devices that belonged to David Kleiman, including any hard drives, computers, tablets, phones, and flash drives that were used by David Kleiman to mine bitcoin as alleged in the Amended Complaint.

### RESPONSE TO REQUEST NO. 1:

Plaintiffs object to the breadth and burden of this Request to the extent it seeks all documents contained on devices that belonged to David Kleiman that were placed on those devices after Dave Kleiman's death.

As detailed in the Second Amended Complaint, Ira Kleiman was unaware of the extent of David Kleiman's involvement in the development and creation of Bitcoin until almost a year after David passed away. (D.E. 83 ¶ 14.) As such, Ira placed certain personal files on some of Dave's drives. The vast majority of these files bear no relevance to this dispute, as they contain personal information such as photographs of his wife and minor children and commercial movie/music files.

During a meet and confer that took place on February 4, 2019, Plaintiffs' counsel explained this issue to Defendant's counsel. Plaintiffs explained that, in response to this Request, they were willing to produce <u>all</u> files left on Dave's devices at the time of his death, and, to the extent later files were responsive to any of Defendant's other Requests, they would produce them too. Plaintiffs further explained that they would permit counsel for the Defendant to physically inspect any of these drives so as to facilitate a review of any "deleted space." Defendant's counsel refused this offer. Specifically, Defendant requested that a complete forensic image of all Dave's devices be produced, to include files such as the pictures of Ira's minor children and copies of commercial movie/music files that bear no relevance to the current dispute.

Consequently, Plaintiffs' are left with no choice but to lodge this limited objection. To the extent these post-death documents are not responsive to other discovery requests, they are simply irrelevant to Defendant's defenses (commercial movie files and family photographs have no bearing on this dispute). Furthermore, producing these files would be extremely costly as much of these file types are very large. To that end, the burden imposed by producing this irrelevant information is very high and this burden far outweighs its likely benefit (because there is none). *See* FRCP 26(b)(1).

Plaintiffs have had experts collect, and will produce, copies of all non-privileged files located on Dave Kleiman's drives that pre-date his death, *i.e.*, April 26, 2013. They will also produce any non-privileged documents on those drives that post-date his death and that are responsive to other discovery requests. Finally, to the extent Defendant wants to inspect any of the physical devices that belonged to David Kleiman, Plaintiffs will make it available for his counsel's inspection after appropriate arrangements have been made to protect any privileged documents stored therein. Thus, the only responsive documents that Plaintiffs will not

indiscriminately produce are documents on the referenced drives added after Dave's death which are not responsive to any of Defendant's other requests for production.

**REQUEST NO. 2:**

All documents related to the metal encased USB drive that David Kleiman kept on his person, including the USB itself.

**RESPONSE TO REQUEST NO. 2:**

Plaintiffs will produce a forensic copy of the drive and to the extent Defendant wants to inspect the physical USB drive referenced in this Request, Plaintiffs will make it available for his counsel's inspection.

**REQUEST NO. 3:**

All documents related to communications between You and Craig Wright.

**RESPONSE TO REQUEST NO. 3:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 4:**

All documents related to communications between You and the U.S. Internal Revenue Service about the U.S. tax filings for or on behalf of David Kleiman and the Estate of David Kleiman.

**RESPONSE TO REQUEST NO. 4:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 5:**

All documents related to U.S. federal tax returns for David Kleiman and the Estate of David Kleiman, including the tax returns.

**RESPONSE TO REQUEST NO. 5:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 6:**

All documents related to communications between You and the ATO.

**RESPONSE TO REQUEST NO. 6:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 7:**

All documents related to communications between Louis Kleiman and Craig Wright.

**RESPONSE TO REQUEST NO. 7:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 8:**

All documents related to communications between Ira Kleiman and Craig Wright.

**RESPONSE TO REQUEST NO. 8:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 9:**

All documents related to communications between David Kleiman and Ira Kleiman.

**RESPONSE TO REQUEST NO. 9:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 10:**

All documents related to Liberty Reserve, including communications with that entity.

**RESPONSE TO REQUEST NO. 10:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 11:**

All documents relating to the contracts and agreements attached as exhibits 5, 10, and 15 to the Amended Complaint, including any communications.

**RESPONSE TO REQUEST NO. 11:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 12:**

All documents related to Ira Kleiman's administration of David Kleiman's estate, including any communications.

**RESPONSE TO REQUEST NO. 12:**

    Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 13:**

All documents related to W&K Info Defense Research, LLC, including any communications.

**RESPONSE TO REQUEST NO. 13:**

    Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 14:**

All documents related to companies, corporations, trusts, or entities in which David Kleiman had any ownership or financial interest.

**RESPONSE TO REQUEST NO. 14:**

    Plaintiffs will produce responsive, non-privileged documents related to this Request.

Dated: February 5, 2019

Respectfully submitted,

*s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman, Esq.
BOIES SCHILLER FLEXNER LLP
100 SE Second Street, Suite 2800
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307
vfreedman@bsfllp.com

Kyle W. Roche, Esq.
*Admitted Pro Hac Vice*
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300
kroche@bsfllp.com

*Counsel to Plaintiff Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 5, 2019, a true and correct copy of the foregoing was served on all counsel of record identified on the Service List below via e-mail:

Andres Rivero, Esq.
Jorge A. Mester, Esq.
Alan H. Rolnick, Esq.
RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard
Suite 1000
Coral Gables, FL 33134
305-445-2500
(305) 445-2505 (fax)
arivero@riveromestre.com
jmestre@riveromestre.com
arolnick@riveromestre.com
receptionist@riveromestre.com

*/s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman