UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>*Plaintiffs,*<br><br>v.<br><br>CRAIG WRIGHT<br><br>*Defendant.* | CASE NO.: 9:18-cv-80176-BB/BR |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S SECOND REQUEST FOR PRODUCTION AND INSPECTION**

PLEASE TAKE NOTICE that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs, by their undersigned counsel, hereby responds to the Second Requests for Production and Inspection made by Defendant Craig Wright ("Defendant"), as follows:

**PRELIMINARY STATEMENT**

Plaintiffs make the following preliminary statement.

1.  Plaintiffs object to the Requests to the extent they seek information or documents protected by the attorney-client privilege and/or the work product doctrine or any other applicable privilege or immunity. Plaintiffs' agreement to produce documents responsive to any particular Request excludes privileged documents. Plaintiffs will provide a privilege log of all such documents and will meet and confer with Defendant's counsel to schedule a deadline for the production of such log. Finally, the inadvertent production of any privileged document is not intended and shall not be deemed to waive or abridge any applicable privilege.

2.  Plaintiffs' responses are based upon information known to Plaintiffs at the current stage of litigation and are given without prejudice to Plaintiffs' right to amend or supplement their responses. Plaintiffs' investigation into the matters addressed in the Requests is continuing,

and Plaintiffs will supplement their responses to the Requests if and when appropriate, pursuant to Federal Rule of Civil Procedure 26(e), other applicable rules or laws, or by Order of the Court.

3. A statement that Plaintiffs will produce documents responsive to a particular Request does not constitute an admission that such documents exist. The production of any document shall not constitute an admission or concession that such document is relevant or admissible.

4. Plaintiffs will produce these documents on a rolling basis.

## SPECIFIC RESPONSES AND ONE OBJECTION

**REQUEST NO. 1:**

All communications between David Kleiman and Craig Wright between March 12, 2008 and April 26, 2013, that relate to or reference any business or professional relationship between them.

**RESPONSE TO REQUEST NO. 1:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 2:**

All documents that relate in any way or reference W&K Info Defense Research, LLC.

**RESPONSE TO REQUEST NO. 2:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 3:**

All documents that relate to David Kleiman's work or association with or mining of cryptocurrency.

**RESPONSE TO REQUEST NO. 3:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 4:**

All documents that You received from any person or entity, including from David Kleiman, that reference or indicate his ownership in or of any bitcoin.

**RESPONSE TO REQUEST NO. 4:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 5:**

All documents and communications relating to agreements, contracts, invoices or leases between Dave Kleiman and Craig Wright, including the contracts referenced in any exhibit to the Amended Complaint.

**RESPONSE TO REQUEST NO. 5:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 6:**

All documents relating to invoices or requests for payment between Dave Kleiman and Craig Wright, including communications.

**RESPONSE TO REQUEST NO. 6:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 7:**

All documents relating to invoices or requests for payment between W&K Info Defense Research, LLC and Craig Wright, including communications.

**RESPONSE TO REQUEST NO. 7:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 8:**

All documents relating to any Belize companies, corporations, entities, or trusts, in which David Kleiman held any interest, including communications.

**RESPONSE TO REQUEST NO. 8:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 9:**

All documents relating to the GICSR Trust, including communications.

**RESPONSE TO REQUEST NO. 9:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 10:**

All documents relating to TTA-1-14, including communications.

**RESPONSE TO REQUEST NO. 10:**

    Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 11:**

All documents relating to Design by Human, Ltd. including communications.

**RESPONSE TO REQUEST NO. 11:**

    Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 12:**

All documents relating to the Panama Fund, including communications.

**RESPONSE TO REQUEST NO. 12:**

    Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 13:**

All documents relating to Gold bonds, including communications.

**RESPONSE TO REQUEST NO. 13:**

    Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 14:**

All documents relating to the Strasan Agreement, including communications.

**RESPONSE TO REQUEST NO. 14:**

    Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 15:**

All documents relating to C01N, including communications.

**RESPONSE TO REQUEST NO. 15:**

    Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 16:**

All documents relating to the COIN supercomputer, including communications.

**RESPONSE TO REQUEST NO. 16:**

    Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 17:**

All documents relating to the Denariuz Seychelles Trust, including communications.

**RESPONSE TO REQUEST NO. 17:**

    Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 18:**

All documents relating to the white paper entitled "Bitcoin: A Peer-to-Peer Electronic Cash System."

**RESPONSE TO REQUEST NO. 18:**

    Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 19:**

All documents relating to the paper titled "Electronic

**RESPONSE TO REQUEST NO. 19:**

    Defendants have withdrawn this Request and therefore, Plaintiffs will not respond to this Request.

**REQUEST NO. 20:**

All documents relating to companies, corporations, trusts, or entities that incorporate the word "tulip" or "tulips" in its name or documents, including communications.

**RESPONSE TO REQUEST NO. 20:**

    Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 21:**

All documents and communications relating to the following Cryptocurrency wallets or addresses:

    a. 1933phfhK3ZgFQNLGSDXvqCn32k2buXY8a;
    b. 1MSUvGS9BEjpL35CKu7feF4HaPCXv2cht7; and,
    c. 1 JjtxXmbC95sgn5kE2Hm92axA7hcbDkRhK.

**RESPONSE TO REQUEST NO. 21:**

    Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 22:**

All documents and communications relating to the following Cryptocurrency keys:

    a. 56EC 672A 6B67 266A 5E21 1514 ADDA 0EB2 E545 EB7B;
    b. DBB7 E697 59EF D7FE EB4C F51B 4FF1 CFEB C941 FE6D;
    c. 0AC1 SAFE 1F8D 3512 BE15 6909 B18B BF41 1F55 6274; and,
    d. DE4E FCA3 E1AB 9E41 CE96 CECB 18C0 9E86 5EC9 48A1.

**RESPONSE TO REQUEST NO. 22:**

    Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 23:**

All documents and communications relating to the United States Department of Homeland Security, including the following proposals:

    a. BAA 11-02-TTA 01-0127-WP: TTA 01 - Software Assurance: Software Assurance through Economic Measures;
    b. BAA 11-02-TTA 05-0155-WP: TTA 05 - Secure. Resilient Systems and Networks;
    c. BAA 11-02-TTA 09-0049-WP: TTA 09 - Cyber Economics; and,
    d. BAA 11-02-TIA 14-0025-WP: TIA 14 - Software Assurance MarketPlace (SWAMP).

**RESPONSE TO REQUEST NO. 23:**

    Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 24:**

All documents and communications relating to any will or testament of David Kleiman, including a complete copy of the will attached as exhibit 17 to the Amended Complaint.

**RESPONSE TO REQUEST NO. 24:**

    Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 25:**

All documents and communication relating to David Kleiman's ownership of intellectual property.

**RESPONSE TO REQUEST NO. 25:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 26:**

All documents and communication relating to David Kleiman's ownership of Cryptocurrency.

**RESPONSE TO REQUEST NO. 26:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 27:**

All documents relating to the intellectual property referenced in paragraphs 3, 5, 7, 12, 13, 14, 15, 18, 64, 66, 67, 68, 72, 76, 89, 95, 96, 97, 116, 118, 130, 131, 146, 147, 148, 152, 158, 160, 171, 180, 187, 197, 200, 202, 204, 205, 209, 211, 212, and 213 of the Amended Complaint in this action.

**RESPONSE TO REQUEST NO. 27:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 28:**

All documents containing Dave Kleiman's signature, including digital and handwritten signatures.

**RESPONSE TO REQUEST NO. 28:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 29:**

All documents identifying the bitcoin that You allege rightfully belong to Dave Kleiman's estate.

**RESPONSE TO REQUEST NO. 29:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 30:**

All documents relating to communications between You and Patrick Paige regarding Cryptocurrency, Dave Kleiman, Craig Wright, or W&K Info Defense Research, LLC, including

any documents received from Patrick Paige pursuant to any request for information, either formally or informally.

**RESPONSE TO REQUEST NO. 30:**

    Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 31:**

All documents relating to communications between You and Carter Conrad regarding Cryptocurrency, Dave Kleiman, Craig Wright, or W&K Info Defense Research, LLC, including any documents received from Patrick Paige pursuant to any request for information, either formally or informally.

**RESPONSE TO REQUEST NO. 31:**

    Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 32:**

All documents relating to Your internet search history relating to Cryptocurrency, Dave Kleiman, Craig Wright, or W&K Info Defense Research, LLC.

**RESPONSE TO REQUEST NO. 32:**

    Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 33:**

All documents relating to Coin-Exch Pty, LTD, including communications.

**RESPONSE TO REQUEST NO. 33:**

    Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 34:**

All documents relating to CoinExch Pty, LTD stock shares distributed to Louis Kleiman, including communications.

**RESPONSE TO REQUEST NO. 34:**

    Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 35:**

All documents relating to communications with You and any news agency relating to Cryptocurrency, Dave Kleiman, Craig Wright, or W&K Info Defense Research, LLC, including

any documents provided to any such news agency and any documents received from any such news agency.

**RESPONSE TO REQUEST NO. 35:**

    Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 36:**

All documents relating to litigation filed by You from April 2013 through the present, with the exclusion of the above-captioned matter.

**RESPONSE TO REQUEST NO. 36:**

    Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 37:**

All executed engagement letters with Boies Schiller Flexner in this action.

**RESPONSE TO REQUEST NO. 37:**

    Plaintiffs object to this request because it demands the production of completely irrelevant documents. *In re Takata Airbag Prod. Liab. Litig.*, 2016 WL 5844309, at *5 (S.D. Fla. May 23, 2016) ("The undersigned is persuaded by the view, supported by authority from this District, that engagement letters are not typically relevant, absent an indication that there is a conflict of interest."). Plaintiffs further object to this request as production of the engagement letter will require the production of privileged information.

**REQUEST NO. 38:**

All documents relating to Dave Kleiman's autopsy report, including communications.

**RESPONSE TO REQUEST NO. 38:**

    Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 39:**

All documents relating to Dave Kleiman's medical records from March 12, 2008 through April 2013.

**RESPONSE TO REQUEST NO. 39:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 40:**

All documents relating to Dave Kleiman's phone records, including his home phone, cellular, and work phone, from January 2013 through April 2013.

**RESPONSE TO REQUEST NO. 40:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 41:**

All documents related to the probate of Dave Kleiman's estate, including tax documents.

**RESPONSE TO REQUEST NO. 41:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 42:**

All documents that You received either formally or informally from any source that relate in any way to the claims in the Amended Complaint, including correspondence.

**RESPONSE TO REQUEST NO. 42:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 43:**

All documents You provided to any testifying experts and all materials that You allowed them to inspect. This Request is ongoing in nature, and thus covers all documents that You provide to any testifying expert and all materials that You allow them to inspect during the pendency of this litigation.

**RESPONSE TO REQUEST NO. 43:**

Plaintiffs will produce responsive documents relating to testifying experts in conformity

with their obligations under Federal Rule of Civil Procedure 26.

Dated: February 19, 2019                Respectfully submitted,

*s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman, Esq.
BOIES SCHILLER FLEXNER LLP
100 SE Second Street, Suite 2800
Miami, Florida  33131

Telephone:  (305) 539-8400
Facsimile:   (305) 539-1307
vfreedman@bsfllp.com

Kyle W. Roche, Esq.
*Admitted Pro Hac Vice*
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile:  (914) 749-8300
kroche@bsfllp.com

*Counsel to Plaintiff Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 19, 2019, a true and correct copy of the foregoing was served on all counsel of record identified on the Service List below via e-mail:

Andres Rivero, Esq.
Jorge A. Mester, Esq.
Alan H. Rolnick, Esq.
RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard
Suite 1000
Coral Gables, FL 33134
305-445-2500
(305) 445-2505 (fax)
arivero@riveromestre.com
jmestre@riveromestre.com
arolnick@riveromestre.com
receptionist@riveromestre.com

*/s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman