# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>     Plaintiffs,<br><br>v.<br><br>CRAIG WRIGHT,<br><br>     Defendant. | CASE NO.: 9:18-cv-80176-BB/BR |

## PLAINTIFFS' MOTION FOR LEAVE TO EXTEND THE TIME LIMIT FOR DEFENDANT'S DEPOSITION AND TO APPOINT A SPECIAL MASTER

Plaintiffs file this Motion to extend Craig's deposition to fourteen (14) hours over the course of two (2) days; and for the Court to appoint a special master to preside over that deposition.

## I. Craig's conduct necessitates the need for additional deposition time

Federal Rule of Civil Procedure 30(d)(1) provides that a Court may allow additional time if needed to fairly examine the deponent or if the deponent, or any other circumstance, impedes or delays the examination. Here, Craig has exhibited behavior both in and out of Court that has impeded Plaintiffs' ability to develop a full and accurate evidentiary record. Given Craig's conduct, a seven-hour time limit pursuant to Rule 30(d)(1) is insufficient to fairly depose him.

For example, Craig appears either unwilling or unable to answer questions. Indeed, his own counsel had to interrupt his testimony numerous times during his June 28, 2019 deposition to remind him that he is required to answer Plaintiffs' counsel's questions:

- "*Dr. Wright, **please just listen to the question and answer** to the best of your ability. [Plaintiffs' counsel is] **simply asking** whether this declaration is something that you've attested to.*" (Jun. 28, 2019 Dep. Trn. at 453:18-22.)

- *"**Answer the – just listen to the question**. [Plaintiffs' counsel is] asking whether that – this agreement is the agreement that's referenced in your declaration. That's the question.* (*Id.* at 457:20-24.)

- *"Dr. Wright, [Plaintiffs' counsel] is **simply trying** to identify the Bitcoin that you owned…That's what he's trying to get to. **So please just answer those questions**.* (*Id.* at 477:1-8.)

- *"**Dr. Wright, please just answer the question. And again, if we could just focus** – **Mr. Freedman is simply trying** to identify the Bitcoin…. **Just listen to the question and attempt to answer the question**.*" (*Id.* at 478:9-12.)

Further, in an attempt to extract a response from Defendant that remotely resembled an answer, Plaintiffs' counsel needed to repeatedly ask the same question in various different forms, causing significant delay. Defendant also engaged in wasteful prose in order to deflect and avoid answering Plaintiffs' counsel's questions.[1]  For example, when asked about the "frequency" in which he spoke with David Kleiman, Defendant replied, "*I would have to analyse that as a hypothesis taking one versus the other, but I do not have the data.*" (Apr. 4, 2019 Dep. Trn. at 56:12-21.)  When asked if he spoke with David Kleiman "routinely," Defendant replied, "*I have a full 21 volume copy of the Oxford greater dictionary. 'Routine' is actually about 1.5 pages worth of definitions going back to the 16th century. Which particular use of 'routine' would you like me to have?  As in per route, as in as a directed, something that is not a common used word, or what?*" (*Id.* at 52:5-20.) And again, when asked if the "frequency" in which he spoke with Dave Kleiman could have been "more than twenty times," Defendant replied, "*Could this be the Cartesian*

---

[1] Indeed, this Court noted in its Order on Plaintiffs' Motion to Compel that Defendant consistently "side-step[ped] questioning." (ECF No. [277] at 20.)

*abstraction, a projection, yes, that is a possibility.  The possibility of my putting my hand through the wall exists.  Is that a probability: No.  Please ask me something that is not fluffy.*" (*Id.* at 50:16-25, 51:1.)  For a seemingly simple question of how often he spoke to Dave, the back and forth of this exchange spanned over fifteen pages of the deposition transcript.  (*Id.* at 46-63.)

Moreover, as this Court witnessed during Craig's cross-examination at the June 28, 2019 evidentiary hearing, Craig's demonstrated that it takes more time to obtain relevant answers from him because he gives protracted "speeches" instead of simply answering the question asked. This conduct got so bad at the June 28, 2019 evidentiary hearing that the Court had to intervene: "Okay. We're going to take a five-minute break. Mr. Rivero, I suspect you need to have a conversation with your client about answering the questions that are asked and not giving speeches." (June 28, 2019 Hrg. Trn. at 56:13-22.)

Furthermore, obtaining relevant information is difficult as Craig consistently loses his temper and answers questions in a manner that violates the rules of discovery. In fact, this Court pointed out that "when it was favorable to him, [Defendant] appeared to have an excellent memory and a scrupulous attention to detail." (ECF No. [277] at 19.)  When that was not the case, however, Craig became "belligerent and evasive."  (*Id.*)  Defendant's extremely defensive manner of conduct became particularly apparent in one instance where Defendant physically threw exhibits in the courtroom. (June 28, 2019 Hrg. Trn. at 46-47.)  Later, in that same cross-examination, Defendant claimed he "lose[s] control sometimes" and is "working with his wife, a psychologist, on this issue. (*Id.* at 173:23-24.)

## II.   More time is also needed given the complexity of the case, the span of time it covers, and that Craig is the primary source of much of the information.

As mentioned above, a Court may allow additional time if needed to fairly examine the deponent or if the deponent, or any other circumstance, impedes or delays the examination.  Fed.

R. Civ. Pro. 30(d)(1). Florida courts have granted time extensions pursuant to this Rule in cases where the claims are "substantial and raise serious claims of wrongdoing." *See F.D.I.C. v. Brudnicki,* 2013 WL 5814494, at *5 (N.D. Fla. Oct. 29, 2013) (extending a deposition to fourteen hours spread over two days in order to fully explore allegations of misconduct by directors and officers of a bank).

Here, serious claims of wrongdoing spanning over many years are at issue. The many documents produced raise questions that only Craig can answer. The documents and Craig's statements mention numerous jurisdictions and complex structures. And the pending claims concern the ownership of billions of dollars' worth of bitcoin and complex blockchain technologies. The litigation and the amount of recovery at stake is not trivial. Thus, Craig's misconduct aside, an extension beyond seven hours would be necessary for Plaintiffs to fairly examine Craig, often the primary source of information in this case, to develop a fulsome and comprehensive factual record. Accordingly, Plaintiffs respectfully request this Court grant the requested relief.

## III.   A Special Master is necessary

Under Federal Rule of Civil Procedure 53(a)(3), the Court may appoint a Special Master to address certain pretrial matters. Fed. R. Civ. P. 53(a)(3). Courts in this district have appointed Special Masters to oversee discovery in situations such as this where there has been misconduct and a disregard of discovery rules.[2] *See Carlson v. Bosem*, 2007 WL 1841067, at *1 (11th Cir. June 28, 2007) (special master appointed in lieu of contempt-of-court sanctions for the unprofessional and unethical conduct of parties during deposition). *See also In re Int'l Admin.*

---

[2] Plaintiffs' Motion is directed solely at the conduct of the Defendant, and not his counsel.

*Servs., Inc.*, 408 F.3d 689, 696 (11th Cir. 2005) (special master appointed to oversee discovery after party delayed document production and withheld discovery responses).

The above cited excerpts are only illustrations of a larger pattern of Defendant's improper behavior. Defendant's brazen disregard of the rules governing discovery through his "evasive" testimony, his failure to comply with Court Orders, and his aggressive demeanor necessitates the appointment of a special master in order to facilitate fair, effective, and truthful[3] testimony during Defendant's next deposition. (ECF No. [277] at 19). This is especially true since preserving the issues for resolution at a later date will be difficult given expense of returning to the United Kingdom to depose the Defendant and the closely approaching close of discovery. Accordingly, Plaintiffs respectfully request that this Court appoint a Special Master to preside over the deposition of the Defendant.[4]

## **CONCLUSION**

WHEREFORE, for the reasons stated above, Plaintiffs respectfully moves this Court to appoint a special master and extend the time permitted for Defendant's deposition to fourteen (14) hours over the course of two (2) days.

## **S.D. FLA. L.R. 7.1 CERTIFICATION**

Pursuant to S.D. Fla. L.R. 7.1(a)(3), counsel for Plaintiffs conferred with counsel for Defendant on this issue and Defendant opposes this motion.

---

[3] In its August 27, 2019 Order on Plaintiffs' Motion to Compel, this Court stated that Defendant's "demeanor did not impress [them] as someone who was telling the truth." (ECF No. [277] at 19).

[4] Plaintiffs will be asking Defendant whether Craig intends to appear for trial. If he does not, Plaintiffs reserve the right to seek a trial preservation deposition.

Dated: November 21, 2019                    Respectfully submitted,

                                            */s/ Andrew s. Brenner*
                                            ANDREW S. BRENNER, Esq.
                                            Florida Bar No. 978663
                                            BOIES SCHILLER FLEXNER LLP
                                            100 SE Second Street, Suite 2800
                                            Miami, Florida 33131
                                            Telephone: (305) 539-8400
                                            Facsimile: (305) 539-1307
                                            abrenner@bsfllp.com

                                            Velvel (Devin) Freedman, Esq.
                                            ROCHE FREEDMAN LLP
                                            Southeast Financial Center
                                            200 South Biscayne Blvd., Suite 5500
                                            Miami, Florida 33131
                                            Telephone: (305) 357-3861
                                            vel@rochefreedman.com

                                            Kyle W. Roche, Esq.
                                            ROCHE FREEDMAN LLP
                                            Southeast Financial Center
                                            200 South Biscayne Blvd., Suite 5500
                                            Miami, Florida 33131
                                            Telephone: (305) 357-3861
                                            kyle@rochefreedman.com

                                            *Counsel to Plaintiffs Ira Kleiman as
                                            Personal Representative of the Estate of
                                            David Kleiman and W&K Info Defense
                                            Research, LLC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 21, 2019 a true and correct copy of the foregoing

was filed with CM/ECF, which caused a copy to be served on all counsel of record.

                                            */s/ Andrew S. Brenner*
                                            ANDREW S. BRENNER