UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>Plaintiffs,<br><br>v.<br><br>CRAIG WRIGHT,<br><br>Defendant. | CASE NO.: 9:18-cv-80176-BB/BR |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO EXTEND THE TIME LIMIT FOR DEFENDANT'S DEPOSITION AND TO APPOINT A SPECIAL MASTER**

On November 21, 2019, Plaintiffs filed a motion (1) to extend Craig's deposition to fourteen hours over the course of two days and (2) to appoint a special master to preside over that deposition.[1] (ECF No. [307].) In response, Craig attempts to use Plaintiffs requested relief as an opportunity for a *quid pro quo*. (ECF No. [314].) For the reasons set forth below and in Plaintiffs' original motion, Craig's requests should be denied.

*First*, Craig's penchant for evasiveness during examination is well-documented and this Court has repeatedly found his testimony not credible. (*See* ECF No. [265] at 10; ECF No. [277] at 24.) To the contrary, Craig has made no showing that Plaintiffs have been anything less than cooperative and transparent throughout this litigation.

*Second*, Craig's basis for his requested relief is five topics of examination he claims he needs to "confront plaintiffs with the substantial evidence that contradicts plaintiffs' theories and allegations." (Br. at 4.) Putting aside the lack of relevance of these topics to the claims and defenses

---

[1] In case it wasn't clear from Plaintiffs original motion, Plaintiffs believe the cost of this special master should be borne by Craig as the necessity for a special master is solely due to his conduct.

at issue, and the Response's attempt to inject irrelevant, inaccurate, and scurrilous attacks on Ira, Craig has failed to provide any plausible reason as to why he needs more than seven hours to examine Plaintiffs on these topics. Indeed, during Craig's preliminary deposition of Ira Kleiman on April 8, 2019, Craig's counsel only examined Ira for roughly 3.5 hours – even though they had noticed him for *seventeen* deposition topics. (See Ex. 1.) Of course it makes sense that Ira would have little to testify to given the fact that Plaintiffs have repeatedly admitted that Dave Kleiman is deceased and Plaintiffs personal knowledge of the issues in dispute is extremely limited.

*Third*, between the deposition of Ira and the 30(b)(6) deposition of W&K Info Defense Research, LLC, Craig is already entitled to fourteen hours of deposition time for Plaintiffs. Given the length of their initial deposition of Ira, it is difficult to understand how they could possibly need *20 hours* of party examination.

*Finally*, Craig's request that a special master be appointed for all party depositions and that the parties split this cost is entirely unwarranted. His sole basis for this relief is that counsel instructed Ira not to answer certain questions at his preliminary deposition. (Br. 4-5.) But Craig fails to acknowledge that the preliminary depositions were, by Court Order, intended to be limited to only certain topics. (*See* Ex. 1.) Indeed, during Craig's preliminary deposition, his counsel made frequent objections of similar kind, albeit much more frequently. (*See e.g.* ECF No. [312-1] at 8 ("Q: In Wimbledon. Did there come a time when you moved from Wimbledon? MS. MARKOE: Objection. This is not part of the deposition topics that we agreed to. This is a limited deposition. I am not really sure how this line of questioning fits in with any of the topics that you proposed.").[2]

---

[2] *See also id* at 15 ("Q. When did you first meet her? MS. MARKOE: Objection. What is the relevance of when he met an ex-wife? And how does that relate to any of the topics that you have purported that you are planning on covering today? MR. RIVERO: Instruct not to answer. Next question, please.); *id.* at 19 ("Q. And you understand that you tried to dismiss this case? MS. MARKOE: Objection. Sir, Vel, we have a list of topics. These were approved by the court. This is not part of your list of topics."); *id* at 20, 33, 36, etc.

3

It is self-understood that at the next deposition the only topics either counsel may instruct their client not to answer would be extremely limited to issues like privileged communications.

Plaintiffs respectfully submit that the Court should deny Craig's requested relief and grant Plaintiffs motion to (1) extend Craig's deposition to fourteen hours over the course of two days and (2) to appoint a special master to preside over that deposition at Craig's expense.

Dated: November 26, 2019

Respectfully submitted,

/s/ Velvel Freedman
Velvel (Devin) Freedman, Esq.
ROCHE FREEDMAN LLP
Southeast Financial Center
200 South Biscayne Blvd., Suite 5500
Miami, Florida 33131
Telephone: (305) 357-3861
vel@rochefreedman.com

Kyle W. Roche, Esq.
ROCHE FREEDMAN LLP
Southeast Financial Center
200 South Biscayne Blvd., Suite 5500
Miami, Florida 33131
Telephone: (305) 357-3861
kyle@rochefreedman.com

ANDREW S. BRENNER, Esq.
Florida Bar No. 978663
BOIES SCHILLER FLEXNER LLP
100 SE Second Street, Suite 2800
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307
abrenner@bsfllp.com

*Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 21, 2019 a true and correct copy of the foregoing was filed with CM/ECF, which caused a copy to be served on all counsel of record.

/s/ Velvel Freedman
VELVEL FREEDMAN