UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

  plaintiffs,
v.                 **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

  defendant.
_____/

**DEFENDANT'S OPPOSITION TO
PLAINTIFFS' IMPROPER MOTION FOR
ATTORNEY'S FEES AND REQUEST FOR EVIDENTIARY HEARING**

Plaintiffs are requesting that the Court award them $658,581.78 because their counsel spent 719.8 hours filing and litigating two motions, totaling 11 pages, and participated in an evidentiary hearing, for which the total time in Court was 13 hours and 20 minutes.[1] To support the number that they want this Court to order defendant to pay, plaintiffs' motion for attorney's fees [D.E. 303] (the "Fee Motion") claims that their attorneys' hourly rates are $900 (for a lawyer with seven years of experience) and $695 (for a lawyer with two years of experience). Plaintiffs do not provide any actual evidence that these are their counsels' actual hourly rates—plaintiffs' invoices from Boies Schiller Flexner LLP ("BSF") are blanketed in redactions (even though there was no reason to do so);[2] and the invoices from Roche Freedman LLP state different hourly rates than the Fee Motion, *see* D.E. 303-2 at 117.

---

[1] *See* D.E. 232 (total time in court 4 hours and 50 minutes); D.E. 258 (total time in court 6 hours); D.E. 274 (total time in court 2 hours and 30 minutes).

[2] *Chaudhry v. Gallerizzo*, 174 F.3d 394, 402 (4th Cir.1999) ("the attorney-client privilege does not extend to billing records and expense reports."). There is no justification from blanketing all the invoices with improper redactions—not *all* information in an invoice can possibly be privileged.

The defendant demonstrates through this opposition that plaintiffs' request is patently unreasonable on its face. The hourly rates that plaintiffs are requesting are egregious and—based on other publicly filed declarations from plaintiffs' law firm—it would appear that the Fee Motion is misrepresenting counsels' hourly rates. The defendant also demonstrates that plaintiffs failed to provide adequate evidence of their time spent. The actual invoices are blanketed with redactions, and Exhibit 1 to the Fee Motion [D.E. 303-1], which plaintiffs claim to be a "detailed accounting of all tasks performed during the hours billed," should be disregarded. It appears that plaintiffs' Exhibit 1 is a document that plaintiffs created as a compilation of work that was purportedly extrapolated from the redacted invoices. However, the problem with Exhibit 1 is that it alters the actual time entries from the actual invoices (in the very limited portions of the invoices that plaintiffs did not redact). For example, where counsel blocked billed in their invoices for several tasks, including tasks that are not related to what the Court ordered that it would consider, in preparing Exhibit 1, plaintiffs simply removed any mention of the tasks that are not subject to a potential fee award. This appears to be an attempt to cure problems with plaintiffs' invoices. *See Ferrate Treatment Techs., LLC v. Ciampi*, 2007 WL 1128962, at *3 (M.D. Fla. 2007) (denying an award of fees because when invoices "include multiple tasks in a single time entry, often referred to as 'block billing,' it is difficult for the Court to determine what work was performed on particular issues.").

But the most important reason why plaintiffs' Fee Motion should be outright denied is that they failed to comply with Local Rule 7.3. *Irish v. Reynolds*, 2018 WL 1863765, at *3 (S.D. Fla. 2018) ("Here, the most important reason why Plaintiffs' motion should be denied is because Plaintiffs failed to comply with Local Rule 7.3."). While plaintiffs state that the Fee Motion is

2

being filed "pursuant to . . . Local Rule 7.3(a) and (b)," Fee Motion at 1, plaintiffs never complied with either provision.

Plaintiffs violate Local Rule 7.3(a) by failing to (1) verify their Fee Motion, (2) disclose the terms of their fee agreement, and (3) "certify that a good faith effort to resolve issues by agreement occurred pursuant to Local Rule 7.3(b)." Likewise, plaintiffs violated Local Rule 7.3(b) because plaintiffs never followed any of the rule's requirements. Plaintiffs did not serve defendant with a draft of the Fee Motion 30 days before filing, which in turn, did not provide defendant with an opportunity to "describe in writing and with reasonable particularity each time entry or nontaxable expense to which [he] objects . . . ." Local Rule 7.3(b).[3] As we demonstrate below, courts of this district, including this Court, and the Eleventh Circuit, have all held that violating Local Rule 7.3 is reason enough to deny the Fee Motion.

**1.    Plaintiffs' Fee Motion Violates Local Rule 7.3**

Plaintiffs' Fee Motion is not verified. *See* Local Rule 7.3(a)(7). The Fee Motion does not "disclose the terms of any applicable fee agreement" between plaintiffs and their Counsel. Local Rule 7.3(a)(4). The Fee Motion does not "certify that a good faith effort to resolve issues by agreement occurred pursuant to Local Rule 7.3(b) . . . ." Local Rule 7.3(a)(8). In addition, plaintiffs never complied with Local Rule 7.3(b), which requires plaintiffs to provide defendant with a draft of their Fee Motion, including invoices, allowing defendant to have an opportunity to object to time entries prior to their filing:

> Except as to any aspect of a fee claim upon which the parties agree, a draft motion compliant with Local Rule 7.3(a)(1)-(8) must be served but not filed at least thirty (30) days prior to the deadline for filing any motion for attorneys' fees and/or costs that is governed by this Local Rule. Within twenty-one (21) days of service of the

---

[3] It's worth noting that plaintiffs are also preventing defendant with an opportunity to object to "each and every time entry" after they filed their Fee Motion because they improperly blanketed the invoices with redactions.

3

>draft motion, the parties shall confer and attempt in good faith to agree on entitlement to and the amount of fees and expenses not taxable under 28 U.S.C. § 1920. The respondent shall describe in writing and with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority

Local Rule 7.3(b); *see also Reynolds*, 2018 WL 1863765, at *3 ("Local Rule 7.3(b) states, in relevant part, that: (1) '[a] draft motion . . . must be served but not filed within thirty (30) days after entry of the final judgment or order,' and (2) '[w]ithin twenty-one (21) days of service of the draft motion, the parties shall confer and attempt in good faith to agree on entitlement to and the amount of fees.'").

The first time that defendant saw the Fee Motion, or any of the heavily redacted invoices, was when plaintiffs filed the Fee Motion on November 20. Plaintiffs made no effort to comply with Local Rule 7.3(b). Courts of this district, including this Court, have routinely denied motions for attorney's fees where the movant fails to comply with Local Rule 7.3. *Reynolds*, 2018 WL 1863765, at *3 ("Here, the most important reason why Plaintiffs' motion should be denied is because Plaintiffs failed to comply with Local Rule 7.3."); *Norych v. Admiral Ins. Co.*, 2010 WL 2557502, at *2 (S.D. Fla. 2010) (denying fee motion because movant "failed to comply with Local Rules 7.3(a)(1) and 7.3(b)[,]" and stating that "Local Rule 7.3 would be undermined if a party did not have to serve a draft motion simply because it believed or understood the motion would be opposed."); *Sodikart USA v. Geodis Wilson USA, Inc.*, 2014 WL 6968073, at *6 (S.D. Fla. 2014) (Valle, J.) (failing to comply with Local Rule 7.3 is "sufficient reason to deny the Motion."); *Latele Television, C.A. v. Telemundo Commc'ns Grp., LLC*, 2015 WL 1412363, at *4 (S.D. Fla. 2015) (denying fee motion for failing to comply with Local Rule 7.3); *Trustees of Miami Ironworkers Local 272 Pension Fund v. Amalgamated Glass, Inc.*, 2008 WL 1787113 (S.D. Fla. 2008) (denying motion for attorney's fees because movant failed to comply with Local Rule 7.3); *Provide Commerce, Inc. v. Preferred Commerce, Inc.*,

4

2008 WL 360591, at *2 (S.D. Fla. 2008) (denying a request for attorneys' fees because the defendant failed to comply with the Local Rules). Counsels

Additionally, the Eleventh Circuit has stated that violating Local Rule 7.3 is an independent sufficient basis to deny a fee motion. *J.B. Hunt Transp., Inc. v. S & D Transp., Inc.*, 2014 WL 5011135, at *3 (11th Cir. Oct.8, 2014) ("Because the district court held that J.B. Hunt failed to comply with Local Rule 7.3, which constituted an independently sufficient basis to deny J.B. Hunt's motions, we affirm.").

**2.    Plaintiffs are Requesting Excessive Hourly Rates and Provide no Evidence of Their Counsel's Actual Hourly Rates**

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Blum v. Stenson*, 465 U.S. 895-96 n.11 (1984)). Further, the court may consider its own knowledge and experience regarding the range of fees charged in the marketplace in making a fee award. *Id.* at 1304.

Mr. Devin Freedman, a lawyer with seven years of experience, is requesting an hourly rate of $900 an hour, and Mr. Kyle Roche, a lawyer with two years of experience, is requesting an hourly rate of $690. We demonstrate below that (1) plaintiffs counsel's hourly rates far exceed comparable rates for lawyers with their experience, and (2) plaintiffs provide no actual evidence of Messrs. Freedman's and Roche's hourly rates but, based on other public filings, it appears that plaintiffs are misrepresenting their counsels' hourly rates.

   A.    *Plaintiffs' Hourly Rates Far Exceed the Prevailing Market Rate*

The undersigned, Andres Rivero, has over 32 years of experience litigating complex cases, in both private practice and as a federal prosecutor. In 2016, another court in this district

approved a class-action settlement, which provided for $124,000,000 worth of class-wide relief, and determined that Mr. Rivero's rate of $700 per hour is reasonable. *See Oakes v. Blue Cross & Blue Shield of Fla., Inc.*, No. 9:16-cv-80028 (S.D. Fla. October 21, 2016).

Another seasoned litigator, Mr. Peter Prieto—a well-known law partner at Podhurst Orseck, P.A.—has more than 25 years of experience litigating complex cases, including experience as a federal prosecutor.[4] In 2013, he filed a motion for attorney's fees stating that his then rate was $695. *See Bacon v. Stieffel Laboratories, Inc.*, No. 11-cv-20489, at D.E. 183 at 10 (S.D. Fla. October 14, 2013), attached as **Exhibit A**.

Finally, and most importantly, the Court may rely on its own knowledge and experience regarding the market rate. *Norman*, 836 F.2d at 1304. In 2008, while in private practice, Your Honor—with 20 years of experience, including experience as a federal prosecutor—filed a declaration with attached invoices that disclosed an hourly rate of $500. *See* Decl. of Bruce E. Reinhart, attached as **Exhibit B**.

These are three experienced lawyers with experience as a federal prosecutor, who all litigate (or litigated) in this district, and none are (or were) billing at rates as high as plaintiffs' counsel. Plaintiffs' requested hourly rates are egregiously excessive.

> **B.** *Plaintiffs fail to provide any actual evidence of their hourly rates, and other declarations submitted by plaintiffs' law firm suggests that the rates in the Fee Motion are not their actual rates*

While plaintiffs are requesting $900 an hour for Mr. Freedman and $690 for Mr. Roche, they fail to provide any evidence that those are their actual rates.

---

[4] https://www.podhurst.com/our-team/peter-prieto/

6

*First*, the Fee Motion is not verified, as Local Rule 7.3(a)(7) requires. Therefore, what plaintiffs claim their counsels' hourly rates are in the Fee Motion is evidence of nothing, although it is subject to Rule 11.

*Second*, the invoices from their newly created firm, Roche Freedman LLP, disclose different and higher rates than what plaintiffs state in the Fee Motion. *See* Fee Motion at 6 (Mr. Freedman's hourly rate is $900; Mr. Roche's rate is $690); *but compare* D.E. 303-2 (Roche Freedman's invoices show that Mr. Freedman's hourly rate is $975 and Mr. Roche's rate is $900). We have no idea which hourly rates plaintiffs are using to get to $658,581.78.

*Third*, plaintiffs redacted any mention of Messrs. Freedman and Roche's rates while they were associates at BSF. There was no reason to redact hourly rates—that information is not privileged or confidential and is required to be disclosed in the Fee Motion. *See* Local Rule 7.3(a)(5)(D). Furthermore, it is worth noting that it was not until August 6 that plaintiffs' counsel changed firm, and by that time, the bulk of work that is at issue in the Fee Motion occurred before that date. Plaintiffs' failure to accurately state their counsel's hourly rate is reason enough to deny the unverified Fee Motion. *Sodikart*, Case No. 14-cv-22461 (Bloom, J.) (denying a fee motion for failing to comply with Local Rule 7.3 and stating that "[t]he Local Rules of this Court are not superfluous and the Court does not take them lightly.")

Moreover, it is likely that plaintiffs redacted their counsels' BSF hourly rates because Messrs. Freedman's and Roche's hourly rates were not $900 and $695, as stated in the Fee Motion, or $975 and $900, as stated in their Roche Freedman's invoices. As evidenced by other declarations submitted by plaintiffs' law firm BSF, plaintiffs' hourly rates likely were much lower than what plaintiffs state in the Fee Motion.

7

On July 24, 2017, Mr. Carl Goldfarb, Esq.—a partner in BSF's Ft. Lauderdale office with over twenty years of experience—submitted a declaration to a district court attesting that his own rate is $850. *See* C. Goldfarb Decl. ¶ 3, attached as **Exhibit C**. It is non-sensical that Mr. Freedman's hourly rate is somehow higher than Mr. Goldfarb's rate. Moreover, in Mr. Goldfarb's declaration, he lists the hourly rates of dozens of other lawyers from BSF, and not one of the associates (or lawyers with similar level of experience) identified in his declaration have a rate near what plaintiffs are seeking.

In a declaration for another fee motion, which was filed just two months ago, BSF's Los Angeles office disclosed that a partner with 16 years of experience hourly rate was $720. Decl. of D. Burman ¶ 7, attached as **Exhibit D**. A senior associate with eight years of experience had an hourly rate of $640. *Id.* And a junior associate with four years of experience had an hourly rate of $470. Those rates are far lower than the purported hourly rates that plaintiffs' list in their Fee Motion. *Id*.

### 3.     The Amount of Time Spent Is Unreasonable

As discussed *supra*, plaintiffs never provided defendant with an opportunity to review their time entries and object in writing prior to plaintiffs filing their Fee Motion. Plaintiffs are also preventing defendant from reviewing time entries after they filed their Fee Motion because their actual invoices are all heavily redacted. Consequently, defendant is forced to make his objections to the amount of hours plaintiffs are requesting based on the obvious—that is, it is unreasonable on its face for plaintiffs to request 719.8 hours to file two motions, which totaled 11 pages, and prepare for and attend an evidentiary hearing that lasted approximately 13 hours.[5]

---

[5] It is not clear from the Court's order whether the evidentiary hearing should be included with plaintiffs' request. The Court stated that it would consider fees for filing and litigating two motions, both of which were already granted before the Court held the evidentiary hearing. Because the motions were already granted, we submit that plaintiffs should not be awarded fees

8

Furthermore, the very small portion of the exhibits that are not redacted show that counsel worked excessively on the case, in a matter that simply does not seem humanly possible. For example, Mr. Freedman states that he worked for 19 hours on August 25, 2019, and then worked another 18 hours the following day, August 26, 2019. D.E. 303-2 at 122. This pattern is also repeated on August 4, 2019 (19.3 hours) and August 5, 2019 (18 hours). *Id.* at 118. He also claims to have worked excessive hours on the following dates: August 2, 2019 (16.2 hours), August 1st (14.9 hours), June 27, 2019 (15.5 hours), June 25, 2019 (15 hours), and June 26, 2019 (15 hours). Similarly, Mr. Roche claims to have worked the following hours: August 1, 2019 (18.2 hours), August 2, 2019 (16.8 hours) and August 4, 2019 (17.5 hours). *Id.* at 117.

Lastly, plaintiffs attach an Exhibit 3 [D.E. 303-3] to back up their claimed costs, but that exhibit is woefully deficient. The vast majority of the costs are related to plaintiffs' expert, Mr. Edman. However, the invoice contains no information as to the work actually performed by Mr. Edman. For example, the exhibit has a $28,348.57 entry for "Professional Services for Digital Forensics and Cryptography":

| | | |
|---|---|---|
| Professional Services for Digital Forensics and Cryptography (May, June, July 2019). Berkeley Research Group LLC | 7/10/19 | $ 28,348.57 |

Exhibit 3 at 1. That is insufficient information to determine what exact services Mr. Edman provided, and whether they were even related to the motion to compel—especially since plaintiffs already filed their motions well before that date.

---

for the evidentiary hearing, which is on top of the Court making factual findings and striking affirmative defenses. Nonetheless, even when factoring in the evidentiary hearing, that number plaintiffs are requesting (719.8) is still unreasonable.

9

**4.      The Court should disregard Exhibit 1 to the Fee Motion**

The first exhibit to the Fee Motion [D.E. 303-1], which plaintiffs describe as a purported "detailed accounting of all tasks performed during the hours billed," should be disregarded because it is a document that plaintiffs prepared for the Fee Motion that appears to misstate plaintiffs counsels' actual billing entries. For example, Exhibit 1 represents that Mr. Brenner has the following two time entries:

| Andrew Brenner | Continue drafting and revising deposition outline; review of additional documents re: same. | 2 | 6/18/19 | $ 2,100.00 |
|---|---|---|---|---|
| Andrew Brenner | Continue drafting and revising deposition outline for update deposition of Craig Wright. | 2 | 6/17/19 | $ 2,100.00 |

D.E. 303-1 at 3. But that is not what Mr. Brenner's invoice states for the work performed:

| 06/17/19 (Mon.) | Continue drafting and revising deposition outline for update deposition of Craig Wright; revise mediation statement. | 2.5 |
|---|---|---|
| 06/18/19 (Tue.) | ███████████████ continue drafting and revising deposition outline; review of additional documents re: same. | 3.0 |

D.E. 303-2 at 7.

Key here is that Mr. Brenner initially had block billed his time, but then plaintiffs, in preparing Exhibit 1, removed Mr. Brenner's reference to the additional work performed on that date—which was that he revised a mediation statement (and something else that was redacted). Plaintiffs simply removed the reference to the .5 and 1 hour from the actual invoice and placed it on Exhibit 1—without any mention of the additional work performed—which makes it appear as though Mr. Brenner had not performed additional work that day.

Likewise, for Mr. Roche, Exhibit 1 contains the following time entries:

| Kyle Roche | Finalize motion to compel transactional documents draft and file motion to seal motion to compel. | 7 | 6/3/19 | $ 4,830.00 |
|---|---|---|---|---|
| Kyle Roche | Coordinate with ███ and V. Freedman on fraudulent emails. | 5.4 | 6/4/19 | $ 3,726.00 |

D.E. 303-1 at 2. The actual invoice, however, reveals that these entries were part of a much larger block billing:

| 06/03/19 (Mon.) | Finalize motion to compel transactional documents; ▮▮▮▮▮; ▮▮▮▮▮ draft and file motion to seal motion to compel ▮▮▮▮▮ | 14.2 |
| 06/04/19 (Tue.) | ▮▮▮▮▮ coordinate with ▮▮▮ and Vel on fraudulent emails; ▮▮▮▮▮ | 12.2 |

Exhibit 2 at 37.

It is difficult for any lawyer to remember exactly how much time was devoted to various tasks that were performed five months ago. Moreover, court have repeatedly warned that block billing will lead to reduced or denial of fees. *See*, *e.g.*, *Ferrate Treatment Techs., LLC v. Ciampi*, 2007 WL 1128962, at *3 (M.D. Fla. 2007) (denying an award of fees because when invoices "include multiple tasks in a single time entry, often referred to as 'block billing,' it is difficult for the Court to determine what work was performed on particular issues."). Plaintiffs should not be allowed to fix this problem by creating a compilation of altered billing entries.

Finally, in addition to block billing, plaintiffs counsels' time entries are also vague:

| Vel Freedman | Attention to expelis, bitcoin addresses, and other discovery issues; attention to motion practice. | 3 | 5/19/19 | $ 2,700.00 |

D.E. 303-1 at 2. Defendant and this Court should not be tasked with figuring out what plaintiffs' counsel meant by "other discovery issues" and "attention to motion practice." *Bujanowski v. Kocontes*, 2009 WL 1564263, at *2 (M.D. Fla. Feb. 2, 2009) ("In addition to a reduction for block billing, a time entry may be further discounted where the description of the work performed is overly vague.").

## **CONCLUSION**

Defendant requests that the Court deny the Fee Motion in its entirety. However, if the Court's is inclined to grant any portion of the improper Fee Motion, defendant respectfully requests that the Court order an evidentiary hearing. Given the conflicting information in the Fee Motion and its exhibits (e.g., hourly rates), defendant submits that an evidentiary hearing will assist the Court in determining a reasonable fee.

> Respectfully submitted,
>
> RIVERO MESTRE LLP
> *Attorneys for Dr. Craig Wright*
> 2525 Ponce de Leon Boulevard, Suite 1000
> Miami, Florida 33134
> Telephone: (305) 445-2500
> Fax: (305) 445-2505
> Email: arivero@riveromestre.com
> Email: amcgovern@riveromestre.com
> Email: arolnick@riveromestre.com
> Email: bpaschal@riveromestre.com
>
> By: s/ Andres Rivero
> ANDRES RIVERO
> Florida Bar No. 613819
> ALAN H. ROLNICK
> Florida Bar No. 715085
> AMANDA MCGOVERN
> Florida Bar No. 964263
> BRYAN L. PASCHAL
> Florida Bar No. 091576

## **CERTIFICATE OF SERVICE**

I certify that on December 9, 2019, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

> /s/Andres Rivero
> ANDRES RIVERO