**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IRA KLEIMAN, as personal representative of
the estate of David Kleiman,
and W&K INFO DEFENSE RESEARCH,
LLC

      Plaintiffs,

v.                                             **Case No. 9:18-cv-80176**

CRAIG WRIGHT,

      Defendant.

_____/

**DR. CRAIG WRIGHT'S THIRD REQUEST FOR PRODUCTION**

Dr. Craig Wright requests that plaintiffs Ira Kleiman, as personal representative of the estate of David Kleiman, and W&K Info Defense Research LLC, under Rule 34 of the Federal Rules of Civil Procedure, produce within the time provided by the Rules, originals of the documents identified below.

**I.  DEFINITIONS**

As used in this request for production (the "Document Request"), the following terms and words have the following meanings:

      A.      "BTCN" means BTCN 1610-491 LLC, including any of its affiliates, subsidiaries, parent companies, principals, agents, and representatives.

      B.      "Communications" means any oral, written, or electronic transmission of information, including, but not limited to, letters or correspondence, conversations, meetings, discussions, telephone calls, telegrams, telecopies, telexes, seminars, conferences, messages, facsimile transmissions, email, vistomail, notes or memoranda.

  C. "Control" means in your possession, custody, under your direction, or available to you upon reasonable demand, and includes in the possession, custody, or available upon reasonable demand, of those under the direction of you or your employees, subordinates, counsel, accountants, consultants, experts, parent, subsidiary or affiliated corporations, and any persons acting or purporting to act on your behalf.

  D. The "Complaint" means the operative complaint filed in this action.

  E. "Cryptocurrency" means any digital currency in which encryption techniques are used to regulate the generation of units of currency and verify the transfer of funds, operating independently of a central bank. It shall include, but not be limited to, Bitcoin, Bitcoin Cash, any other "forked" Bitcoin asset, and Etherium's Ethers.

  F. "Defendant" means all defendants in this action, their principals, and any of their Agents.

  G. "Document" means any item within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, any written or graphic matter or other means of preserving thought or expression, all tangible things from which information or thoughts can be processed or transcribed, and all copies containing additional matter, however produced or reproduced, of any kind and description, in your actual or constructive possession, custody, care, or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to this action, or which are themselves listed below as specific documents, including, but not limited to, the following: correspondence, memoranda, notes, messages, letters, telegrams, teletyped messages, facsimiles, electronic mail, text messages, social-media posts, bulletins, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, worksheets, receipts, computer memory, word processing data,

computer printouts, work-product schedules, account records, patents, licenses, legal pleadings, minutes of directors' meetings, minutes of shareholders' or other meetings, work assignments, transaction files, statistical records, financial records, bank records, security agreements, testing reports, newspaper or magazine articles, stories or clippings, affidavits, pleadings, contracts, transcripts, surveys, graphic representations of any kind, photographs, graphs, microfilms, videotapes, tape recordings, motion pictures or other films, or information maintained in any electronic medium (including, but not limited to, information found in computer hard drives, flash drives, USB drives, pocket drives, CDs, backup tapes, metadata, and PDFs).

  H. "Electronic Devices" means devices that are capable of storing or processing information or data, including computers, phones, mobile devices, tablets, servers, ASIC, hard drives, flash drives, and USB drives. Included in this definition are web-based services, such as email, social media, and cloud storage.

  I. "Including" means "including without limitation."

  J. "Litigation Funding" means: financial support of any kind in any potential lawsuit against any person(s), entity, or entities (including Dr. Craig Wright), (ii) selling a portion of your rights to any judgment obtained in any lawsuit against any person(s), entity, or entities (including Dr. Wright), or (iii) a loan to you relating in any way to any claims against any person(s), entity, or entities (including Dr. Wright) on behalf of the estate of David Kleiman.

  K. "Plaintiffs" mean Ira Kleiman as the personal representative of the Estate of David Kleiman, and W&K Info Research Defense LLC (including any affiliates, subsidiaries, parent companies, principals) and their respective agents.

  L. "Relating to" and "relate to" means directly or indirectly referring to, evidencing, discussing, defining, mentioning, reflecting, regarding, pertaining to, consisting of, concerning,

recording, evaluating, or in any way logically or factually connected with the matter discussed or to which reference is made.

M. "You" and "your" means the Plaintiffs in this action and any agent, employee, officer, director, attorney, independent contractor, or any other person acting at the direction of, or on behalf of, Plaintiffs.

## II. RELEVANT TIME FRAME

Unless specified in a request, this request includes and encompasses all responsive information from March 12, 2008 to the present.

## III. INSTRUCTIONS

1. Plaintiffs should produce the documents as follows: (1) in the exact order in which they are kept in the ordinary course of business; or (2) classified according to the specific request(s) to which they are responsive.

2. To the extent that you do not have possession, custody, or control of any documents identified as responsive to a particular request herein, please indicate the lack of possession, custody, existence, or control of the responsive documents in your response.

3. All electronic documents and e-mails are requested to be produced in electronic format by a forensically sound method, with all original metadata preserved and intact.

4. ESI should be produced as follows:

    a. Email, instant messaging, calendar, contacts, and word processing files must be derived from the original electronic media and converted to single-page .tiff images with accompanying system metadata (e.g., author, recipient(s), "cc" recipient(s), "bcc" recipient(s), date and time of creation and receipt, date and time of modification, etc.) and substantive metadata

    (e.g., the substance of the changes, etc.), with all attachments. All chronological metadata shall be standardized to Eastern Standard Time. The Defendants reserve the right to request native format production for ESI. Upon such request, Plaintiffs shall produce specific documents (identified by Bates number or range) in original native electronic format.

  b. Dynamic files (e.g. databases, spreadsheets, project files, etc.) shall be produced in original native format with all accompanying metadata, along with all such software necessary to interpret the produced information if such software is not readily commercially available.

  c. For all ESI not specified above, production shall be made in native format with all accompanying metadata, along with all software necessary to interpret the produced information if such software is not readily commercially available, unless the Defendants specifically agree to a different form of production.

5. If any responsive document was, but no longer is, in your possession, custody, or control, state the following for each document in your response to this Third Request for Production:

  a. the type of document (e.g., correspondence, memorandum, e-mail, etc.);

  b. the date of the document;

  c. any person(s) who created or edited the document;

  d. any person(s) who signed the document;

  e. any person(s) who received the document or a copy of it;

  f. any person(s) now in possession of the document;

    g.  the substance of the document; and

    h.  the disposition of the document, including the date of disposition.

  6.  This Request for Production of Documents does not seek the production of documents protected by the attorney-client privilege or work-product rule.  However, if you withhold production of a document requested here as privileged, work product or on any other basis, please state the following in a privilege log for each document withheld:

    a.  the type of document (e.g., correspondence, memorandum, e-mail);

    b.  the date of the document;

    c.  the person(s) who signed the document;

    d.  the person(s) who received the document or a copy of it;

    e.  the reason for non-production; and

    f.  the substance of the document.

## IV. REQUESTS FOR PRODUCTION

  1.  All documents identifying W&K Info Defense Research, LLC's members.

  2.  All documents relating to W&K Info Defense Research, LLC's financial records.

  3.  All documents relating to any communications regarding the allegations of the Complaint with any individual or entity identified in Plaintiffs' Rule 26 initial disclosures and amended initial disclosures.

  4.  All documents relating to any communications regarding the allegations of the Complaint with any individual or entity identified in Defendant's Rule 26 initial disclosures.

  5.  All non-privileged documents relating to any communications regarding the allegations of the Complaint with any individual or entity.

6. All documents identifying any asset, bequest or distribution related to Dave Kleiman's estate.

7. All documents relating to any debts or liabilities of Dave Kleiman's estate.

8. All documents relating to any of Dave Kleiman's accounts with Liberty Reserve Bank.

9. All documents relating to any steps you took to preserve Dave Kleiman's (i) Electronic Devices, (ii) work papers, and (iii) materials prepared or edited by Dave Kleiman.

10. All documents related to any communications between Ira Kleiman and Ramona Watts.

11. All documents related to any communications between Ira Kleiman or his agents (including attorneys) and any attorney at Clayton Utz.

12. All documents related to any offers for the purchase of Coin-Exch shares.

13. All documents regarding Litigation Funding.

14. To the extent not covered by Request No. 13 above, all documents showing any loans made to you or Ira Kleiman in his personal capacity in connection with any potential litigation against Dr. Craig Wright or in the above-captioned filed litigation, including bank statements, cancelled checks, and loan documents.

15. To the extent not covered by Requests 13 and 14 above, all documents showing any payments made to you or Ira Kleiman in his personal capacity in connection with any potential litigation against Dr. Craig Wright or in the above-captioned filed litigation, including bank statements, cancelled checks, and loan documents.

16. All documents relating to any communications with BTCN.

17. All documents relating to any agreements with BTCN.

18. All records of payments from BTCN.

19. All documents relating to any real estate transactions on behalf of the estate of David Kleiman from April 1, 2013, to the present.

20. All documents relating to any real estate transactions by Ira Kleiman from April 1, 2013, to the present.

21. All documents relating to the corporate governance, business purpose and business activities of Hackers, Inc.

22. All documents relating to the corporate governance, business purpose and business activities of Future World Shopper, Inc.

23. All documents relating to the corporate governance, business purpose and business activities of The Gigabyte Connection.

24. All documents relating to the corporate governance, business purpose and business activities of Steve's Web Design.

25. All documents relating to any settlement agreement between Dave Kleiman's estate and any individual or entity.

26. A copy of Ira Kleiman's resume.

27. All communications between Dave Kleiman and Craig Wright from January 1, 2006 through March 11, 2008.

28. All documents and communications related to www.davidakleiman.com.

29. All documents and communications related to www.davekleiman.com.

30. All documents and communications related to www.netmedic.net.

31. All documents and communications related to www.isecureu.com.

32. All documents obtained from persons or entities in connection with Dave Kleiman's estate, including any litigation against Computer Forensics LLC or against any other person or entity.

Dated: February 19, 2019

        RIVERO MESTRE LLP

*Attorneys for Dr. Craig Wright*
2525 Ponce de León Blvd., Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505
E-mail: arivero@riveromestre.com
E-mail: amcgovern@riveromestre.com
E-mail: arolnick@riveromestre.com
E-mail: zmarkoe@riveromestre.com
E-mail: zkass@riveromestre.com
Secondary: receptionist@riveromestre.com

By:   /s/ Andrés Rivero
      ANDRES RIVERO
      Florida Bar No. 613819
      AMANDA M. MCGOVERN
      Florida Bar No. 964263
      ALAN H. ROLNICK
      Florida Bar No. 715085

**CERTIFICATE OF SERVICE**

I certify that on February 19, 2019, I electronically served this document on all counsel of record by e-mail.

      /s/ Amanda M. McGovern
      AMANDA M. MCGOVERN