UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>*Plaintiffs,*<br><br>v.<br><br>CRAIG WRIGHT<br><br>*Defendant.* | CASE NO.: 9:18-cv-80176-BB/BR |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S THIRD REQUEST FOR PRODUCTION AND INSPECTION**

PLEASE TAKE NOTICE that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs, by their undersigned counsel, hereby responds to the Third Requests for Production and Inspection made by Defendant Craig Wright ("Defendant"), as follows:

**PRELIMINARY STATEMENT**

Plaintiffs make the following preliminary statement.

1. Plaintiffs object to the Requests to the extent they seek information or documents protected by the attorney-client privilege and/or the work product doctrine or any other applicable privilege or immunity. Plaintiffs' agreement to produce documents responsive to any particular Request excludes privileged documents. Plaintiffs will provide a privilege log of all such documents and will meet and confer with Defendant's counsel to schedule a deadline for the production of such log. Finally, the inadvertent production of any privileged document is not intended and shall not be deemed to waive or abridge any applicable privilege.

2. Plaintiffs' responses are based upon information known to Plaintiffs at the current stage of litigation and are given without prejudice to Plaintiffs' right to amend or supplement their responses. Plaintiffs' investigation into the matters addressed in the Requests is continuing,

and Plaintiffs will supplement their responses to the Requests if and when appropriate, pursuant to Federal Rule of Civil Procedure 26(e), other applicable rules or laws, or by Order of the Court.

3. A statement that Plaintiffs will produce documents responsive to a particular Request does not constitute an admission that such documents exist. The production of any document shall not constitute an admission or concession that such document is relevant or admissible.

4. Plaintiffs will produce these documents on a rolling basis.

## SPECIFIC OBJECTIONS TO TIME FRAME

Plaintiffs object to the time period requested as it is inconsistent with what the Defendant himself has argued is appropriate at this stage of the litigation. Accordingly, Plaintiffs will treat the relevant time period for all responses as one month after the filing of the Initial Complaint. If the parties reach an agreement to expand the relevant time period, or if Defendant demonstrates a specific reason to exceed that timeframe for an individual interrogatory, Plaintiffs will supplement his responses to the extent necessary.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1:**

All documents identifying W&K Info Defense Research, LLC's members.

**RESPONSE TO REQUEST NO. 1:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 2:**

All documents relating to W&K Info Defense Research, LLC's financial records.

**RESPONSE TO REQUEST NO. 2:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 3:**

All documents relating to any communications regarding the allegations of the Complaint with any individual or entity identified in Plaintiffs' Rule 26 initial disclosures and amended initial disclosures.

**RESPONSE TO REQUEST NO. 3:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 4:**

All documents relating to any communications regarding the allegations of the Complaint with any individual or entity identified in Defendant's Rule 26 initial disclosures.

**RESPONSE TO REQUEST NO. 4:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 5:**

All non-privileged documents relating to any communications regarding the allegations of the Complaint with any individual or entity.

**RESPONSE TO REQUEST NO. 5:**

Plaintiffs object to this request because as written, it is extremely broad and overly burdensome. That said, Plaintiffs recognize this request will be largely driven by search terms, so Plaintiffs may agree to produce responsive, non-privileged documents after receipt of the proposed search terms.

**REQUEST NO. 6:**

All documents identifying any asset, bequest or distribution related to Dave Kleiman's estate.

**RESPONSE TO REQUEST NO. 6:**

Plaintiffs object to this request because it seeks information that has no relevance to any issue related to the claims and defenses of this case. This kind of discovery is expressly forbidden by the federal rules, which limit the scope of discovery to "nonprivileged matter[s] that [are] relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1).

Subject to these objections, Plaintiffs will produce documents related to the distribution of any bitcoin, cryptocurrency, or any cryptocurrency related intellectual property rights belonging to Dave Kleiman's estate.

**REQUEST NO. 7:**

All documents relating to any debts or liabilities of Dave Kleiman's estate.

**RESPONSE TO REQUEST NO. 7:**

Plaintiffs object to this request because it seeks information that has no relevance to any issue related to the claims and defenses of this case. This kind of discovery is expressly forbidden by the federal rules, which limit the scope of discovery to "nonprivileged matter[s] that [are] relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 8:**

All documents relating to any of Dave Kleiman's accounts with Liberty Reserve Bank.

**RESPONSE TO REQUEST NO. 8:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 9:**

All documents relating to any steps you took to preserve Dave Kleiman's (i) Electronic Devices, (ii) work papers, and (iii) materials prepared or edited by Dave Kleiman.

**RESPONSE TO REQUEST NO. 9:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 10:**

All documents related to any communications between Ira Kleiman and Ramona Watts.

**RESPONSE TO REQUEST NO. 10:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 11:**

All documents related to any communications between Ira Kleiman or his agents (including attorneys) and any attorney at Clayton Utz.

**RESPONSE TO REQUEST NO. 11:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 12:**

All documents related to any offers for the purchase of Coin-Exch shares.

**RESPONSE TO REQUEST NO. 12:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 13:**

All documents regarding Litigation Funding.

**RESPONSE TO REQUEST NO. 13:**

Plaintiffs object to this request because it seeks information that has no relevance to any issue related to the claims and defenses of this case.  This kind of discovery is expressly forbidden by the federal rules, which limit the scope of discovery to "nonprivileged matter[s] that [are] relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1).  Documents regarding any financing Plaintiffs had to obtain to pursue this litigation are irrelevant to the claims and defenses at issue in the case.  Plaintiffs further objects to this request to the extent it seeks information protected by the attorney-client privilege and the work-product doctrine.

**REQUEST NO. 14:**

To the extent not covered by Request No. 13 above, all documents showing any loans made to you or Ira Kleiman in his personal capacity in connection with any potential litigation against Dr. Craig Wright or in the above-captioned filed litigation, including bank statements, cancelled checks, and loan documents.

**RESPONSE TO REQUEST NO. 14:**

Plaintiffs object to this request because it seeks information that has no relevance to any issue related to the claims and defenses of this case.  This kind of discovery is expressly

forbidden by the federal rules, which limit the scope of discovery to "nonprivileged matter[s] that [are] relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Documents regarding any financing Plaintiffs had to obtain to pursue this litigation are irrelevant to the claims and defenses at issue in the case. Plaintiffs further objects to this request to the extent it seeks information protected by the attorney-client privilege and the work-product doctrine.

**REQUEST NO. 15:**

To the extent not covered by Requests 13 and 14 above, all documents showing any payments made to you or Ira Kleiman in his personal capacity in connection with any potential litigation against Dr. Craig Wright or in the above-captioned filed litigation, including bank statements, cancelled checks, and loan documents.

**RESPONSE TO REQUEST NO. 15:**

Plaintiffs object to this request because it seeks information that has no relevance to any issue related to the claims and defenses of this case. This kind of discovery is expressly forbidden by the federal rules, which limit the scope of discovery to "nonprivileged matter[s] that [are] relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Documents regarding any financing Plaintiffs had to obtain to pursue this litigation are irrelevant to the claims and defenses at issue in the case. Plaintiffs further objects to this request to the extent it seeks information protected by the attorney-client privilege and the work-product doctrine.

**REQUEST NO. 16:**

All documents relating to any communications with BTCN.

**RESPONSE TO REQUEST NO. 16:**

Plaintiffs object to this request on relevance, attorney-client privilege, common interest privilege, and work product grounds.

**REQUEST NO. 17:**

All documents relating to any agreements with BTCN.

**RESPONSE TO REQUEST NO. 17:**

Plaintiffs object to this request on relevance, attorney-client privilege, common interest privilege, and work product grounds.

**REQUEST NO. 18:**

All records of payments from BTCN.

**RESPONSE TO REQUEST NO. 18:**

Plaintiffs object to this request on relevance, attorney-client privilege, common interest privilege, and work product grounds.

**REQUEST NO. 19:**

All documents relating to any real estate transactions on behalf of the estate of David Kleiman from April 1, 2013, to the present.

**RESPONSE TO REQUEST NO. 19:**

Plaintiffs object to this request because it seeks information that has no relevance to any issue related to the claims and defenses of this case.  This kind of discovery is expressly forbidden by the federal rules, which limit the scope of discovery to "nonprivileged matter[s] that [are] relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1).  Any potential real estate transactions taken on behalf of the estate have nothing to do with the claims and defenses at issue in this litigation.

**REQUEST NO. 20:**

All documents relating to any real estate transactions by Ira Kleiman from April 1, 2013, to the present.

**RESPONSE TO REQUEST NO. 20:**

Plaintiffs object to this request because it seeks information that has no relevance to any issue related to the claims and defenses of this case.  This kind of discovery is expressly forbidden by the federal rules, which limit the scope of discovery to "nonprivileged matter[s] that [are] relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1).  Real estate

transactions undertaken by Ira have nothing to do with the claims and defenses at issue in this litigation.

**REQUEST NO. 21:**

All documents relating to the corporate governance, business purpose and business activities of Hackers, Inc.

**RESPONSE TO REQUEST NO. 21:**

Plaintiffs object to this request because it seeks information that has no relevance to any issue related to the claims and defenses of this case. This kind of discovery is expressly forbidden by the federal rules, which limit the scope of discovery to "nonprivileged matter[s] that [are] relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Subject to these objections, Plaintiffs will produce documents, to the extent they exist, that relate to both Hackers, Inc. and Craig Wright, bitcoin, or blockchain based intellectual property.

**REQUEST NO. 22:**

All documents relating to the corporate governance, business purpose and business activities of Future World Shopper, Inc.

**RESPONSE TO REQUEST NO. 22:**

Plaintiffs object to this request because it seeks information that has no relevance to any issue related to the claims and defenses of this case. This kind of discovery is expressly forbidden by the federal rules, which limit the scope of discovery to "nonprivileged matter[s] that [are] relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Future World Shopper Inc. has no relevance to any of the claims and defenses in this litigation.

**REQUEST NO. 23:**

All documents relating to the corporate governance, business purpose and business activities of The Gigabyte Connection.

**RESPONSE TO REQUEST NO. 23:**

Plaintiffs object to this request because it seeks information that has no relevance to any issue related to the claims and defenses of this case. This kind of discovery is expressly forbidden by the federal rules, which limit the scope of discovery to "nonprivileged matter[s] that [are] relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Gigabyte Connection has no relevance to any of the claims and defenses in this litigation.

**REQUEST NO. 24:**

All documents relating to the corporate governance, business purpose and business activities of Steve's Web Design.

**RESPONSE TO REQUEST NO. 24:**

Plaintiffs object to this request because it seeks information that has no relevance to any issue related to the claims and defenses of this case. This kind of discovery is expressly forbidden by the federal rules, which limit the scope of discovery to "nonprivileged matter[s] that [are] relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Steve's Web Design has no relevance to any of the claims and defenses in this litigation.

**REQUEST NO. 25:**

All documents relating to any settlement agreement between Dave Kleiman's estate and any individual or entity.

**RESPONSE TO REQUEST NO. 25:**

Plaintiffs object to this request because it seeks information that has no relevance to any issue related to the claims and defenses of this case. This kind of discovery is expressly forbidden by the federal rules, which limit the scope of discovery to "nonprivileged matter[s] that [are] relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 26:**

A copy of Ira Kleiman's resume.

**RESPONSE TO REQUEST NO. 26:**

Ira Kleiman does not have a resume.

**REQUEST NO. 27:**

All communications between Dave Kleiman and Craig Wright from January 1, 2006 through March 11, 2008.

**RESPONSE TO REQUEST NO. 27:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 28:**

All documents and communications related to www.davidakleiman.com.

**RESPONSE TO REQUEST NO. 28:**

Plaintiffs object to this request because it seeks information that has no relevance to any issue related to the claims and defenses of this case. This kind of discovery is expressly forbidden by the federal rules, which limit the scope of discovery to "nonprivileged matter[s] that [are] relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1).

Subject to these objections, Plaintiffs will produce documents related to www.davidakleiman.com that are also related to Craig Wright, bitcoin, or any blockchain related intellectual property.

**REQUEST NO. 29:**

All documents and communications related to www.davekleiman.com.

**RESPONSE TO REQUEST NO. 29:**

Plaintiffs object to this request because it seeks information that has no relevance to any issue related to the claims and defenses of this case. This kind of discovery is expressly forbidden by the federal rules, which limit the scope of discovery to "nonprivileged matter[s] that [are] relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1).

Subject to these objections, Plaintiffs will produce documents related to www.davekleiman.com that are also related to Craig Wright, bitcoin, or any blockchain related intellectual property.

**REQUEST NO. 30:**

All documents and communications related to www.netmedic.net.

**RESPONSE TO REQUEST NO. 30:**

Plaintiffs object to this request because it seeks information that has no relevance to any issue related to the claims and defenses of this case. This kind of discovery is expressly forbidden by the federal rules, which limit the scope of discovery to "nonprivileged matter[s] that [are] relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1).

Subject to these objections, Plaintiffs will produce documents related to www.netmedic.net that are also related to Craig Wright, bitcoin, or any blockchain related intellectual property.

**REQUEST NO. 31:**

All documents and communications related to www.isecureu.com.

**RESPONSE TO REQUEST NO. 31:**

Plaintiffs object to this request because it seeks information that has no relevance to any issue related to the claims and defenses of this case. This kind of discovery is expressly forbidden by the federal rules, which limit the scope of discovery to "nonprivileged matter[s] that [are] relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1).

Subject to these objections, Plaintiffs will produce documents related to www.isecureu.net that are also related to Craig Wright, bitcoin, or any blockchain related intellectual property.

**REQUEST NO. 32**

All documents obtained from persons or entities in connection with Dave Kleiman's estate, including any litigation against Computer Forensics LLC or against any other person or entity.

**RESPONSE TO REQUEST NO. 32:**

Plaintiffs object to this request because it seeks information that has no relevance to any issue related to the claims and defenses of this case.  This kind of discovery is expressly forbidden by the federal rules, which limit the scope of discovery to "nonprivileged matter[s] that [are] relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1).

Subject to these objections, Plaintiffs will produce documents related to Dave Kleiman's estate that are also related to Craig Wright, bitcoin, or any blockchain related intellectual property.

| | |
|---|---|
| Dated: March 21, 2019 | Respectfully submitted, |
| | *s/ Velvel (Devin) Freedman* |
| | Velvel (Devin) Freedman, Esq. |
| | BOIES SCHILLER FLEXNER LLP |
| | 100 SE Second Street, Suite 2800 |
| | Miami, Florida  33131 |
| | Telephone:  (305) 539-8400 |
| | Facsimile:   (305) 539-1307 |
| | vfreedman@bsfllp.com |
| | |
| | Kyle W. Roche, Esq. |
| | *Admitted Pro Hac Vice* |
| | BOIES SCHILLER FLEXNER LLP |
| | 333 Main Street |
| | Armonk, NY10504 |
| | Telephone: (914) 749-8200 |
| | Facsimile:  (914) 749-8300 |
| | kroche@bsfllp.com |
| | |
| | *Counsel to Plaintiff Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 21, 2019, a true and correct copy of the foregoing was served on all counsel of record identified on the Service List below via e-mail:

Andres Rivero, Esq.
Jorge A. Mester, Esq.
Alan H. Rolnick, Esq.
RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard
Suite 1000
Coral Gables, FL 33134
305-445-2500
(305) 445-2505 (fax)
arivero@riveromestre.com
jmestre@riveromestre.com
arolnick@riveromestre.com
receptionist@riveromestre.com

                                           */s/ Velvel (Devin) Freedman*
                                           Velvel (Devin) Freedman