UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>*Plaintiffs,*<br><br>v.<br><br>CRAIG WRIGHT<br><br>*Defendant.* | CASE NO.: 9:18-cv-80176-BB/BR |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT'S FOURTH REQUEST FOR PRODUCTION AND INSPECTION**

PLEASE TAKE NOTICE that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs, by their undersigned counsel, hereby responds to the Fourth Requests for Production and Inspection made by Defendant Craig Wright ("Defendant"), as follows:

**PRELIMINARY STATEMENT**

Plaintiffs make the following preliminary statement.

1.    Plaintiffs object to the Requests to the extent they seek information or documents protected by the attorney-client privilege and/or the work product doctrine or any other applicable privilege or immunity. Plaintiffs' agreement to produce documents responsive to any particular Request excludes privileged documents. Plaintiffs will provide a privilege log of all such documents and will meet and confer with Defendant's counsel to schedule a deadline for the production of such log. Finally, the inadvertent production of any privileged document is not intended and shall not be deemed to waive or abridge any applicable privilege.

2.    Plaintiffs' responses are based upon information known to Plaintiffs at the current stage of litigation and are given without prejudice to Plaintiffs' right to amend or supplement their responses. Plaintiffs' investigation into the matters addressed in the Requests is continuing,

and Plaintiffs will supplement their responses to the Requests if and when appropriate, pursuant to Federal Rule of Civil Procedure 26(e), other applicable rules or laws, or by Order of the Court.

3. A statement that Plaintiffs will produce documents responsive to a particular Request does not constitute an admission that such documents exist. The production of any document shall not constitute an admission or concession that such document is relevant or admissible.

4. Plaintiffs will produce these documents on a rolling basis.

## SPECIFIC OBJECTIONS TO TIME FRAME

Plaintiffs object to the time period requested as it is inconsistent with what the Defendant himself has argued is appropriate at this stage of the litigation. Accordingly, unless otherwise noted, Plaintiffs will treat the relevant time period for all responses as one month after the filing of the Initial Complaint. If the parties reach an agreement to expand the relevant time period, or if Defendant demonstrates a specific reason to exceed that timeframe for an individual interrogatory, Plaintiffs will supplement his responses to the extent necessary.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1:**

All communications with the ATO.

**RESPONSE TO REQUEST NO. 1:**

Plaintiffs will produce responsive, non-privileged documents related to this Request.

**REQUEST NO. 2:**

All communications with Jamie Wilson.

**RESPONSE TO REQUEST NO. 2:**

Plaintiffs will produce responsive, non-privileged documents related to this Request, including communications up to the date of the request.

**REQUEST NO. 3:**

All communications with any former employee, contractor, or staff member of any company in which Craig Wright has been involved with, including but not limited to:

a. Phillip Monecillo
b. Stephen Dekker
c. Erik eSplanada
d. Eric O'Donell
e. Neil Domseller
f. Peter Chen
g. Kannan Balakrishnan
h. Newton Cheung
i. CO1N Pty. Ltd.
j. DeMorgan Ltd.
k. DeMorgan Holdings Pty Ltd
l. Hotwire Preemptive Intelligence Pty Ltd
m. Panopticrypt Pty Ltd
n. Integyrz Pty Ltd
o. Cloudcroft Pty Ltd

**RESPONSE TO REQUEST NO. 3:**

Plaintiffs object to this request because as written it constitutes an impermissible fishing expedition, and doesn't appear to be relevant to any party's claim or defense. Plaintiffs also object to this request because it is extremely broad and overly burdensome as the email addresses for these individuals are not provided, and Plaintiffs are not in position to know who worked for what company and in what capacity that worker worked. **REQUEST NO. 4:**

All communications with Greg Maxwell.

**RESPONSE TO REQUEST NO. 4:**

Plaintiffs object to this request because it constitutes an impermissible fishing expedition and also seeks information that has no relevance to any issue related to the claims and defenses of this case. This kind of discovery is expressly forbidden by the federal rules, which limit the scope of discovery to "nonprivileged matter[s] that [are] relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 5:**

All communications with the twitter handle "Contrarian."

**RESPONSE TO REQUEST NO. 5:**

Plaintiffs object to this request because it constitutes an impermissible fishing expedition and also seeks information that has no relevance to any issue related to the claims and defenses of this case. This kind of discovery is expressly forbidden by the federal rules, which limit the scope of discovery to "nonprivileged matter[s] that [are] relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 6:**

All communications with members of Blockstream, including but not limited to Adam Back, Erik Svenson, Pieter Wuille, Rusty Russel, and Joe Netti.

**RESPONSE TO REQUEST NO. 6:**

Plaintiffs object to this request because it constitutes an impermissible fishing expedition and also seeks information that has no relevance to any issue related to the claims and defenses of this case. This kind of discovery is expressly forbidden by the federal rules, which limit the scope of discovery to "nonprivileged matter[s] that [are] relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 7:**

All communications with members of "Bitcoin Core", including but not limited to any communications with anyone with the email address ending in @bitcion.org.

**RESPONSE TO REQUEST NO. 7:**

Plaintiffs object to this request because it constitutes an impermissible fishing expedition and also seeks information that has no relevance to any issue related to the claims and defenses of this case. This kind of discovery is expressly forbidden by the federal rules, which limit the scope of discovery to "nonprivileged matter[s] that [are] relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 8:**

All communications with members of mining pools that predominantly mine BTC, including but not limited to:

a. BTC.com
b. Antpool
c. Slush Pool
d. F2pool
e. ViaBTC
f. BTC.top
g. DPOOL
h. Bitfurry
i. 58COIN
j. BTCC
k. BW

**RESPONSE TO REQUEST NO. 8:**

Plaintiffs object to this request because it constitutes an impermissible fishing expedition and also seeks information that has no relevance to any issue related to the claims and defenses of this case. This kind of discovery is expressly forbidden by the federal rules, which limit the scope of discovery to "nonprivileged matter[s] that [are] relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 9:**

All communications with Jonathan Warren.

**RESPONSE TO REQUEST NO. 9:**

Plaintiffs will produce responsive, non-privileged documents related to this Request, including communications up to the date of the request.

**REQUEST NO. 10:**

All public bitcoin addresses relating to bitcoin in which Dave Kleiman had any ownership interest or control.

**RESPONSE TO REQUEST NO. 10:**

Plaintiffs have already produced any responsive, non-privileged documents related to this Request by applying the negotiated search terms to documents and communications in their possession.

**REQUEST NO. 11:**

All documents related to bitcoin which Dave Kleiman had any ownership interest or control that were held on any bitcoin exchange.

**RESPONSE TO REQUEST NO. 11:**

Plaintiffs have already produced any responsive, non-privileged documents related to this Request by applying the negotiated search terms to documents and communications in their possession.

Dated: December 10, 2019

Respectfully submitted,

*s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman, Esq.
BOIES SCHILLER FLEXNER LLP
100 SE Second Street, Suite 2800
Miami, Florida  33131
Telephone:  (305) 539-8400
Facsimile:   (305) 539-1307
vfreedman@bsfllp.com

Kyle W. Roche, Esq.
*Admitted Pro Hac Vice*
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile:  (914) 749-8300
kroche@bsfllp.com

*Counsel to Plaintiff Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 10, 2019, a true and correct copy of the foregoing was served on all counsel of record identified on the Service List below via e-mail:

Andres Rivero, Esq.

Jorge A. Mester, Esq.
Alan H. Rolnick, Esq.
RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard
Suite 1000
Coral Gables, FL 33134
305-445-2500
(305) 445-2505 (fax)
arivero@riveromestre.com
jmestre@riveromestre.com
arolnick@riveromestre.com
receptionist@riveromestre.com

                                         */s/ Velvel (Devin) Freedman*
                                         Velvel (Devin) Freedman