UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>    Plaintiffs,<br><br>v.<br><br>CRAIG WRIGHT,<br><br>    Defendant. | CASE NO.: 9:18-cv-80176-BB/BR |

**PLAINTIFFS' MOTION TO REQUIRE DEFENDANT TO MAKE HIS WIFE RAMONA WATTS AVAILABLE FOR DEPOSITION OR, IN THE ALTERNATIVE, PRECLUDE HER FROM TESTIFYING AT TRIAL**

Craig has represented to Plaintiffs that he intends to bring Ramona Watts, his wife who resides in London, as a live witness at trial. But he refuses to make her available for a deposition here, and she has retained London-based counsel to place numerous restrictions and costs on the taking of that deposition. Consequently, Plaintiffs file this Motion asking the Court to require that Craig make Ms. Watts available for a deposition prior to the discovery cut off,[1] and if not, bar her from testifying at trial.

Ms. Watts is not just Craig's wife, she is his business partner.  (ECF No. [312-1], at 423:21-424:8, 427:5-428:9).[2] She is also a party to documents that Craig has relied on for his defenses in

---

[1] In the alternative, Plaintiffs would be amenable to the Court extending the cutoff for the limited purpose of deposing Ms. Watts when she enters this country to testify at trial.

[2] While they married in November 2013, Craig testified he discussed Dave with Ramona before they married (*id.*, at 424:22-23), that she learned he created Bitcoin before they were married (*id.*, at 426:8-10), that he gave her detailed accounts of what he'd done to create Bitcoin before they were married (*id.*, at 426:18-23), that they had companies involved in Bitcoin together before they got married where they emailed about and discussed Bitcoin (*id.*, at 427:5-12), and that he "talked to [Ramona] about everything, including my past, before we got married" (*id.*, at 426:18-20). In fact, at deposition, Craig specifically stated that even after they married they discussed Bitcoin

this case. (*See, e.g.,* ECF No. [222] at ¶¶ 7e, 11, 20 (demonstrating Ms. Watts is one of the primary beneficiaries and trustees of Tulip Trust 1); ECF No. [237-22] at 2 (Ms. Watts listed as "Appointer" or Tulip Trust 2).

To that end, Plaintiffs sought letters rogatory from this Court to take Ms. Watts's deposition in London. However, despite her apparent willingness to travel to this country to testify on behalf of her husband, Ms. Watts's position to allowing Plaintiffs to depose her before trial has been markedly different. Specifically, in response to the proceedings opened in the English Courts to take her deposition pursuant to the letters rogatory issued by Judge Reinhart, Ms. Watts instructed her English counsel to impose conditions on compliance with the Order of the English Court. She further demanded that payment of her costs for her counsel related to preparation and attendance at the deposition.

Plaintiffs, through their English lawyers, agreed in principle to pay reasonable costs as this is customary in England. But Ms. Watts has demanded that Plaintiffs must pay her between £50,000 and £125,000 GBP (approximately between $65,000 and $164,000 USD) to cover the costs of her counsel. If Plaintiffs refused to comply, Ms. Watts would fight the deposition request in English court – which would likely prevent Plaintiffs from deposing her prior to the discovery cutoff. In the face of this resistance, Plaintiffs asked Craig if he intended to bring Ms. Watts to trial, stated they would forgo the deposition if she wasn't coming to trial, but needed the deposition if she was.

---

related companies together as co-directors (*id*. at 427:13-428:9), and that Ramona was involved in business interactions among Craig, Robert McGregor, and Stefan Matthews which involved the sale of Satoshi Nakamoto's life rights, *i.e.,* the rights to tell the story of the Satoshi Nakamoto partnership in dispute. (*Id*. 429:7-14, 429:21-430:11).

2

Craig responded that he is bringing Ms. Watts to testify at trial. Plaintiffs requested he make her available for a deposition. Craig refused.

This gamesmanship should not be countenanced. If Craig wants Ms. Watts to testify on his behalf at trial, he cannot at the same time preclude Plaintiffs from learning before trial what she intends to say. Plaintiffs should not be forced to pay $100,000 or more to take routine discovery the Federal Rules allow. To be clear, Plaintiffs remain willing to take Ms. Watts's deposition in England and before the discovery cutoff, provided that the scope of the deposition is as is provided in the Federal Rules of Civil Procedure, and Plaintiffs are not forced to pay significant attorney fees to take the deposition.

Accordingly, if Craig intends to offer Ms. Watts as a witness at trial, he should be required to make her available for deposition, the scope of which should be governed by the Federal Rules of Civil Procedure. To the extent Craig will not make Ms. Watts available, he should be prevented from calling her as a witness at trial. *See e.g. Zeinali v. Raytheon Co.*, 2008 WL 4820993, at *2 (S.D. Cal. Nov. 3, 2008), rev'd and remanded on other grounds, 425 F. App'x 643 (9th Cir. 2011) (granting plaintiff's request to preclude defendant from calling any additional witnesses at trial if they are not made available for deposition and stating that "witnesses cannot be shielded from identification and deposition and later brought to trial"); *Gilbert v. Pan Am. World Airways, Inc.*, 1988 WL 100070, at *1 (S.D.N.Y. Sept. 16, 1988) (precluding certain testimony at trial from witnesses that defendant "failed and refused to make…available to plaintiffs for deposition for an unconscionably long period of time"); *Czelecz v. LWK Corp.*, 2005 WL 6036700, at *1 (E.D. Pa.

Jan. 22, 2005) (ordering that plaintiff's failure to make witnesses available for oral depositions may result in the preclusion of their testimony at trial").[3]

## CONCLUSION

WHEREFORE, Plaintiffs request this Court require Craig to make Ramona Watts available for a deposition in London, taken under the Federal Rules of Civil Procedure, prior to the discovery cutoff and without requiring Plaintiffs to be significant fees. If Craig is unwilling to produce his wife for deposition in either London or Florida under those conditions,[4] she should not be permitted to testify at trial.

## S.D. FLA. L.R. 7.1 CERTIFICATION

Pursuant to S.D. Fla. L.R. 7.1(a)(3), counsel for Plaintiffs conferred with counsel for Defendant, and Defendant opposes the relief requested.

Dated: December 20, 2019

Respectfully submitted,

*s/ Andrew Brenner*
Andrew S. Brenner, Esq.
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

Velvel (Devin) Freedman, Esq.
**ROCHE FREEDMAN LLP**
200 S. Biscayne Blvd.
Suite 5500
Miami, Florida 33131
vel@rochefreedman.com

---

[3] The cited cases all involve circumstances where the party has apparent control over the witnesses (e.g. employees, experts). Here, such control is at least implied by the relationship between Craig and the witness, and her willingness to travel to this Country to testify at trial on his behalf.

[4] If Craig is unable to produce Ms. Watts for deposition prior to the discovery cutoff, Plaintiffs request that the discovery cutoff be extended for the limited purpose of deposing Ms. Watts when she is the United States for trial, but before she testifies at that trial.

>Kyle W. Roche, Esq.
>Joe Delich, Esq.
>*Admitted Pro Hac Vice*
>**ROCHE FREEDMAN LLP**
>185 Wythe Avenue F2
>Brooklyn, New York 11249
>kyle@rochefreedman.com
>
>*Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 20, 2019 a true and correct copy of the foregoing was filed with CM/ECF, which caused a copy to be served on all counsel of record.

>*/s/ Andrew S. Brenner*
>ANDREW S. BRENNER