# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

       plaintiffs,

v.                                    **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

       defendant.

_____/

### DR. CRAIG WRIGHT'S
### REPLY IN SUPPORT OF HIS OBJECTION

As demonstrated in Dr. Wright's objection to the Magistrate's order [D.E. 311] (the "Objection"), Dr. Wright is unable to comply with the Court's order because the algorithm necessary to generate a list of the bitcoin that he mined prior to December 31, 2013, is in an encrypted file that is protected by a Shamir encryption scheme, and he does not have sufficient key slices to unlock the file. Objection at 3-4. Nonetheless, Dr. Wright took substantial good faith efforts to comply with the Court's order. At Dr. Wright's direction, Steve Shadders, the Chief Technology Officer of nChain, recreated a probabilistic list of the bitcoin that Dr. Wright mined, which Dr. Wright produced to plaintiffs. *Id.* Dr. Wright also provided plaintiffs a list of all the bitcoin that he definitively knows he mined, and he produced all non-privileged documents (more than 2,500) that contained the word "Tulip" or "Seychelles" and were related to trusts or bitcoin. *Id.*

It is well-established in the 11th Circuit that there is no basis for sanctioning a party that is unable to comply with a court order. *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998) (citing *Citronelle–Mobile Gathering, Inc. v. Watkins,* 943 F.2d 1297, 1301 (11th Cir.1991); *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir.1988)). A party shows that it is unable to comply by demonstrating that it has "made 'in good faith all reasonable efforts to comply.'" *Id.* (quoting *Watkins*, 943 F.2d at 1301). Specifically, that demonstration can be made through the party's testimony. *United States v. Rizzo,* 539 F.2d 458, 466 (5th Cir. 1976); *United States v. Spilotro*, 1985 WL 384, at *4 (N.D. Ill. 1985); *United States v. Barnette*, 902 F. Supp. 1522, 1538 (M.D. Fla. 1995); *United States Commodity Futures Trading Comm'n v. Capital Blu Mgmt., LLC*, 2010 WL 11508136, at *2 (M.D. Fla. 2010); *In re Coastal Land Dev. Corp.,* 2009 WL 2985700, at *3– 4 (Bankr. S.D. Miss. 2009); *Liberty Mut. Ins. Co. v. Aventura Eng'g & Constr. Corp.*, 2009 WL 10697338, at *3-4. (S.D. Fla. 2009).

Dr. Wright unequivocally testified that he was unable to comply with the Court's order, he explained in detail why compliance was not possible, and he testified about his good faith efforts to comply. That testimony still stands unrebutted by plaintiffs. In their response [D.E. 332] (the "Response"), plaintiffs continue to challenge the veracity of certain documents related to the formation of the Tulip Trusts, but they have not introduced any evidence challenging Dr. Wright's testimony regarding his inability to produce a complete list of all bitcoin that he mined prior to December 31, 2013, which was the only issue before the Magistrate. Plaintiffs have neither introduced any evidence showing that Dr. Wright can access a complete list of bitcoin that he mined,[1] nor have they introduced any evidence that he didn't make good-faith reasonable efforts to comply with the Court's order by providing an overinclusive list of bitcoin addresses, providing his best, partial list of the bitcoin that he mined, and producing the documents related to the Tulip trusts.[2] For these reasons, there simply was no basis to sanction Dr. Wright, and the sanctions imposed by the Order [D.E. 277] (the "Order") are contrary to law.

---

[1] Plaintiffs cite to an interview that Dr. Wright gave to Mr. Sullivan for the proposition that Dr. Wright can access the list of bitcoin that he mined prior to December 31, 2013. As an initial matter, that article is hearsay and may not accurately reflect Mr. Sullivan's conversation with Dr. Wright. But even assuming, arguendo, that the article is an accurate representation of the conversation, it does not say what plaintiffs think it says. Dr. Wright does not state how he would "tank the market," and in any event, the subject matter of the evidentiary hearing was only bitcoin that Dr. Wright prior to December 31, 2013, and it was those bitcoins that Dr. Wright testified that he was unable to access. Additionally, it was not Dr. Wright who stated that he would "break the trust," it was Mr. Sullivan. Dr. Wright simply stated that he would comply with the Court's order, which does not require Dr. Wright to transfer any bitcoin by a defined date.

[2] At most, plaintiffs attempt to challenge the existence of the encrypted file. But those challenges are baseless. First, plaintiffs argue that the encrypted file does not exist because Mr. Shadders testified that he didn't see the file. So what? Mr. Shadders' testimony was about the work that he performed on Dr. Wright's behalf to reconstruct a list of the bitcoin that Dr. Wright mined. It was not necessary to see the file to perform that work. And in any event, plaintiffs possess the encrypted file, something they completely ignore. Objection at 17. Second, plaintiffs argue that Dr. Wright's testimony as to the encrypted file is somehow "inconsistent." Plaintiffs cite to Dr. Wright's testimony that there are multiple encrypted files with their own Shamir Scheme and

The Order outright rejected Dr. Wright's testimony regarding the encrypted file because it was "inconceivable" and in defiance of "real-life experience." *See* Order at 19. But as Dr. Wright demonstrated in his Objection, the Order fails to consider important facts, and once those facts are considered, it is plain that his testimony is not inconceivable. Objection at 6-8. The bitcoin were worth around a million, not billions when Dr. Wright started the process of putting them into the trust. *Id.* The Shamir Scheme is redundant in nature (requiring only 8 of 15 keys to unlock). *Id.* Dr. Wright had no way of knowing that Dave Kleiman would die shortly after setting up the trust. *Id.* The bitcoin that Dr. Wright testified that he mined do exist, and they are unmoved on the blockchain. *Id.* In their Response, plaintiffs don't address—let alone challenge—any of the above facts. Instead, they simply label Dr. Wright's testimony as "fanciful."

At bottom, Dr. Wright's testimony as to his inability to produce a list of the bitcoin that he mined prior to December 31, 2013, stands uncontroverted. There is no evidence that he is able to comply with the Court's order. The Court should reverse and vacate the Order.

*Attorneys for Dr. Craig Wright*

RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134

---

argue that the testimony contradicts Dr. Wright's declaration that he needs to access "the encrypted file" to provide the public addresses. Response at 13. This argument is silly, as Dr. Wright testified at the evidentiary hearing that he would only need to get past one Shamir Scheme (*i.e.* one file) to get access to the algorithm necessary to generate the list of bitcoin that he mined. June 28, 2019 Hr. Tr. 107:7-108:4. The existence of other encrypted files with different Shamir Schemes that protected other data (such as the genesis block), is of no import. Plaintiffs also try to create an inconsistency based on Dr. Wright's testimony as to the "outermost encrypted file," Response at 13, but that testimony immediately followed questioning as to the key slices that Dr. Wright needed to decrypt the algorithm necessary to generate a list of the bitcoin that he mined. *Id.* 124:1-125:5. And it is evident from Dr. Wright's continued testimony that he was still referring to that file when he testified that he was missing the key slices that he gave to Dave. *Id.* 125:8-24.

Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: arolnick@riveromestre.com
Email: amcgovern@riveromestre.com
Email: zkass@riveromestre.com
Email: receptionist@riveromestre.com

By: s/ Andres Rivero
ANDRES RIVERO
Florida Bar No. 613819
JORGE MESTRE
Florida Bar No. 88145
AMANDA MCGOVERN
Florida Bar No. 964263
ALAN ROLNICK
Florida Bar No. 715085
SCHNEUR KASS
Florida Bar No. 100554

## CERTIFICATE OF SERVICE

I certify that on December 23, 2019, I electronically filed this document with the Clerk of

the Court using CM/ECF. I also certify that this document is being served today on all counsel of

record by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

/s/ Andres Rivero
ANDRES RIVERO
Florida Bar No. 613819

5