UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

    plaintiffs,
v.                                                        **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

    defendant.
_____/

## DR. CRAIG WRIGHT'S RESPONSE
## TO PLAINTIFFS' MOTION REGARDING THE DEPOSITION OF MRS. WATTS

The issue that plaintiffs raise in their motion [D.E. 344] (the "Motion") concerning Mrs. Ramona Watts is entirely of plaintiffs' own making. Plaintiffs have repeatedly represented to this Court that they believe Mrs. Watts' testimony to be necessary to support their claims. *See*, *e.g.,* Plaintiffs' Motion to Continue Trial [D.E. 145] at 8 ("[Mrs. Watts'] testimony and the documents in her possession will be important for proving Plaintiffs' claims and determining the merits of Craig's asserted defenses.").

Therefore, plaintiffs applied for and obtained authorization from the UK courts, requiring Mrs. Watts to produce documents and to sit for a deposition. Mrs. Watts has made herself available to plaintiffs, and her deposition is scheduled for January 16, 2020, which is the day after plaintiffs will be deposing Dr. Wright in London. In fact, attached as **Exhibit A**, is Ms. Watts' UK counsel's letter to plaintiffs acknowledging that plaintiffs and Ms. Watts agreed to the following:

- On December 6, 2019, the plaintiffs and Ms. Watts confirmed her deposition date as January 16, 2020, *see* Ex. A ¶ 4(a);

- On December 12, 2019, plaintiffs agreed to pay Ms. Watts' reasonable costs in connection with her document production and deposition, *see id.* ¶ 4(b); and

- On December 17, 2019, Ms. Watt's counsel reiterates that plaintiffs are to pay Ms. Watt's reasonable costs, *see id*. ¶ 4(c), that Ms. Watts deposition is to take place on January 16, 2020, *see id*. ¶ 4(d), and that that "Mrs. Watts is not content to let matters drift any further . . . ."

It was not until recently that plaintiffs told us that the cost to depose and gather documents from Mrs. Watts was too high, and that if defendant agrees not to bring her to trial, plaintiffs will forego the deposition. We instructed plaintiffs that we may call Mrs. Watts at trial, but that depends on a number of factors. We do not carry the burden of proof at trial and it may not be necessary to call Mrs. Watts. Additionally, Mrs. Watts is represented by separate counsel and we have little control over her attending trial. That is her decision. But we could not simply agree to exclude her from trial, solely because plaintiffs do not want to pay her fees and costs in the UK.

That prompted to plaintiffs to file their Motion, in which they are requesting that the Court require defendant to "make" his wife (who is a non-party) sit for a deposition in the U.S or in the UK under the Federal Rules of Civil Procedure. This Motion should be seen for what it is—an improper attempt to circumvent the UK court's rules and authority. The Court should deny the Motion for the following reasons.

*First*, just because Mrs. Watts is married to defendant, it does not follow that defendant "controls" her. He can't make her sit for a deposition.

*Second*, there is no basis to exclude Mrs. Watts as a witness at trial, especially where her deposition is presently scheduled for January 16, 2020, and where counsel for plaintiffs will anyways be in London for the deposition of Dr. Wright. Plaintiffs simply do not want to pay the fees and costs associated with her document production and deposition, ***even though plaintiffs represented to the UK court that they would pay Ms. Watts' fees and costs***. *See* First Witness Statement of Velvel (Devin) Freedman at ¶ 5.1(c)(iii), attached as **Exhibit B**. If plaintiffs are unhappy paying Mrs. Watts fees and costs, they should revisit that issue with the UK court.

*Third*, none of the cases plaintiffs cited in their Motion support the conclusion that defendant should be prevented from calling her as a witness at trial. That's because defendant has done nothing to prevent Mrs. Watts' deposition, and in fact, defendant did not object to plaintiffs' request for this Court to issue letters rogatory. *See* D.E. 250.

*Fourth*, the Court does not have jurisdiction to order a non-party who is a UK resident to sit for a deposition that is governed by the Federal Rules of Civil Procedure. Under the Hague Convention, plaintiffs are required to adhere to the foreign tribunal's rules and make their request for relief in that court.

*Attorneys for Dr. Craig Wright*

RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: arolnick@riveromestre.com
Email: amcgovern@riveromestre.com
Email: zkass@riveromestre.com
Email: receptionist@riveromestre.com

By: s/ Andres Rivero
ANDRES RIVERO
Florida Bar No. 613819
AMANDA MCGOVERN
Florida Bar No. 964263
BRYAN L. PASCHAL
Florida Bar No. 091576
SCHNEUR KASS
Florida Bar No. 100554

**CERTIFICATE OF SERVICE**

I certify that on December 23, 2019, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

 /s/ Andres Rivero
ANDRES RIVERO
Florida Bar No. 613819