## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as the personal representative of the
Estate of David Kleiman, and W&K Info Defense
Research, LLC

          Plaintiffs,

v.

CRAIG WRIGHT,

          Defendant.

**CASE NO.: 9:18-cv-80176-BB/BR**

### PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REQUIRE DEFENDANT TO MAKE HIS WIFE RAMONA WATTS AVAILABLE FOR DEPOSITION OR, IN THE ALTERNATIVE, PRECLUDE HER FROM TESTIFYING AT TRIAL

Craig's Response evidences a misunderstanding of Plaintiffs' position. Simply stated, given the current posture of the case, Plaintiffs no longer have any need to depose Ms. Watts unless Defendant plans to call her as a witness at trial. If Defendant plans on doing so, Plaintiffs request only that they not be required to pay $100,000 or more for the right to take basic discovery of one of Defendant's trial witnesses. This should not be controversial. To that end, Plaintiffs are not asking the Court to have Craig "make" his wife do anything. Rather, if Craig is able to secure Ms. Watts's presence in the United States at trial, he can certainly secure her attendance at a deposition here (even if only shortly before her trial testimony).[1]

---

[1] Defense counsel noted that "Ms. Watts is represented by separate counsel." Resp. at 2. While this is true, it's also true that Ms. Watts is represented by SCA Ontier, *i.e.,* same firm representing Craig in multiple U.K. lawsuits surrounding his claim to be Satoshi Nakamoto. Exhibit 1. It doesn't take much deduction to conclude that Craig is trying to take advantage of this Court's discovery deadlines by requesting his wife resist discovery in the United Kingdom, stay outside the United States until after the discovery period closes, and only appear for trial thereafter.

Furthermore, Defendant's recitation of the events in England regarding Ms. Watts's deposition is not accurate.  Plaintiffs did not represent to the English court that they would pay Ms. Watts's "***fees and costs***." Resp. at 2 (emphasis in original). Instead, Plaintiffs represented they "would pay for the reasonable costs of copying and transmitting the Watts Documents [a]nd will pay Ms. Watts's costs of attending the deposition." ECF No. 352-2, at 12. These statutory costs (expense of travel and lost time) do not include attorneys' fees.

Finally, in response to these filings, Ms. Watts sent a letter to counsel requesting for all her costs and fees to be paid. Plaintiffs refused that demand, told Ms. Watts counsel that their figures were "not reasonable for a single deposition and provision of a small number of documents," but offered to pay for "a single lawyer representing Ms. Watts to attend the deposition" along with eight hours of counsel time to advise her on her rights vis-à-vis the English court order. Exhibit 2. Plaintiffs remain ready to pay this reasonable amount. But Plaintiffs did not agree, and cannot agree, to pay fees in the range of $65,000 and $164,000 USD to take routine discovery.  It is simply unfair and inconsistent with the Federal Rules of Civil Procedure to force a party pay a six-figure amount in order to take a routine deposition of a witness that plans to appear at trial.[2]

For these reasons, Plaintiffs request the Court enter an order that conditions Ms. Watts's ability to testify at trial on her either:

1.  appearing for a deposition in London prior to the discovery cutoff date where Plaintiffs shall not be required to pay costs in excess of $10,000, and the scope of the deposition is governed by the Federal Rules of Civil Procedure; or

---

[2] Plaintiffs remain willing to take Ms. Watts's deposition in England before the discovery cutoff provided they are not forced to pay unreasonable fees in order to do so.

2. appearing for deposition in the Southern District of Florida at least 5 days prior to trial, with the costs and scope of the deposition governed by the Federal Rules of Civil Procedure.[3]

Dated: December 27, 2019                    Respectfully submitted,

                                            *s/ Andrew S. Brenner*
                                            Andrew S. Brenner, Esq.
                                            **BOIES SCHILLER FLEXNER LLP**
                                            100 SE 2nd Street, Suite 2800
                                            Miami, Florida 33131
                                            abrenner@bsfllp.com

                                            Velvel (Devin) Freedman, Esq.
                                            **ROCHE FREEDMAN LLP**
                                            200 S. Biscayne Blvd.
                                            Suite 5500
                                            Miami, Florida 33131
                                            vel@rochefreedman.com

                                            Kyle W. Roche, Esq.
                                            Joe Delich, Esq.
                                            *Admitted Pro Hac Vice*
                                            **ROCHE FREEDMAN LLP**
                                            185 Wythe Avenue F2
                                            Brooklyn, New York 11249
                                            kyle@rochefreedman.com
                                            jdelich@rochefreedman.com

                                            *Counsel to Plaintiffs Ira Kleiman as*
                                            *Personal Representative of the Estate of*
                                            *David Kleiman and W&K Info Defense*
                                            *Research, LLC.*

**<u>CERTIFICATE OF SERVICE</u>**

---

[3] Plaintiffs neglected to attach a proposed order to their motion (ECF No. 344) so have attached one here to correct that error.

I HEREBY CERTIFY that on December 27, 2019 a true and correct copy of the foregoing was filed with CM/ECF, which caused a copy to be served on all counsel of record.

*/s/ Andrew S. Brenner*
ANDREW S. BRENNER

2