# EXHIBIT 2



Partner Ref: Matthew Getz
Our Ref: 15000.0056
4813-2132-1134v.1

6 December 2019

**PRIVATE AND CONFIDENTIAL**

SCA Ontier LLP
Halton House
20-23 Holborn
London
EC1N 2JD
FAO: Paul Ferguson and Nicholas Dawson

Your Ref: PF/ND/ANG3.3
Our Ref: 15000.0065

**By Email: Paul.ferguson@scaontier.com / Nicholas.dawson@scaontier.com**

Dear Sirs

Re:     **(1)  Personal Representative of the Estate of David Kleiman and (2) W&K Info Defense Research LLC -v- Ms Ramona Watts Claim No. CL-0219-000969, Commercial Court (QBD)**

1.      We refer to your letter dated 5 December 2019.

**Costs and security**

2.      While we are in principle prepared to consider paying your clients' reasonable costs, we consider, first, that the figures you have quoted to us are not reasonable for a single deposition and provision of a small number of documents if any, and, second, that only certain categories of spending would be reasonably reimbursable in the context of these proceedings.

3.      We had hoped that you would supply a reasonable figure. Since you have failed to do so, we set out the Applicants' position here. The Applicants will pay for the following costs in addition to the statutory costs to Ms Watts of travelling to and attending the deposition:

(a)     Reasonable costs incurred by a single lawyer representing Ms Watts to attend the deposition.

(b)     Costs incurred by Ms Watts's lawyers in advising her in relation to complying with the Order, limited to 2 fee earners spending no more than 4 hours each. This includes without limitation all considerations as to whether she should comply with or seek to set aside the Order.

5 New Street Square, London EC4A 3BF | (t) +44 (0)20 3908 0800 | (f) +44 (0)20 3908 0801 | www.bsfllp.com

Boies Schiller Flexner (UK) LLP is a Limited Liability Partnership registered in England and Wales (with registered number OC385463) and is authorised and regulated by the Solicitors Regulation Authority (with registered number 605717)
Our registered office is at 5 New Street Square, London EC4A 3BF. A list of members' names is open for inspection at our registered office.



(c)   <u>Pending provision of a detailed estimate of these costs:</u>

     (i)    Costs incurred by Ms Watts's lawyers in assisting Ms Watts with the search, retrieval and provision of documents pursuant to paragraphs 1(d)-(f) of the Order.

     (ii)    Costs incurred by a pre-approved e-discovery vendor in assisting Ms Watts with the search, retrieval and provision of documents pursuant to paragraphs 1(d)-(f) of the Order.

4.    Regarding security, we consider it premature to discuss this topic until we have reached agreement on the type and quantum of costs for which the Applicants will be responsible.

5.    Finally, regarding costs, note that it is the Applicants' intention, should they prevail in the SDF Proceedings, to recoup any costs paid on behalf of your clients in the English proceedings, through the cost-reversal provisions of the relevant US legislation. Since your client is married to the Defendant, this means that her family will ultimately be paying back any costs received from the Applicants.

**The date of the examination**

6.    We welcome your confirmation of the date of 16 January 2020 for the deposition of Ms Watts, and we agree to that date.

**Deposition topics**

*Paragraph 1(a) of the Order*

7.    In the United States, where civil trials are heard before juries, these topics are customary and necessary to help the jury understand how to treat a witness's testimony, including his or her reliability and trustworthiness. Since the deposition is for the purpose of US proceedings, it is immaterial whether such evidence is normally provided in this jurisdiction (and in any event, lay witnesses frequently do provide such background testimony without demur).

8.    Therefore, the Applicants reserve their right to ask questions on these topics. However, they will agree to confine their questions to those which are necessary and customary for juries in the United States to assess a witness and understand her character.

9.    Regarding timing, the Applicants do not expect this will take longer than 30 minutes, but reserve their right to extend the questions if necessary for the above purposes. The Applicants will not provide a list of questions in advance. Indeed, doing so would defeat the purpose of an <u>oral</u> deposition.

*Paragraph 1(b) of the Order*

10.    This paragraph relates to all statements made by Dr Wright, whether oral, written (in any form) or otherwise. The Applicants must have the right to ask Ms Watts about written statements made by Dr Wright, including without limitation as to what she understood them to mean.



*Paragraph 1(c) of the Order*

11.   The Applicants consider this paragraph is clear: Ms Watts is to be asked about her knowledge of the topics listed, regardless of the manner in which or source wherefrom she gained the knowledge.

12.   It is not customary to provide documents in advance of a deposition, and the Applicants will not do so. Nor, as noted above, will they provide questions in advance.

**The Watts Documents**

13.   The Applicants note that you have identified one additional source of evidence that may contain responsive documents, and note your proposal to discuss appropriate search terms.

14.   Before responding to your proposal at paragraphs 26-29, the Applicants would need an estimate from you of the size of the data in the email account which will be subject to search. Please provide that estimate as soon as practicable.

15.   We look forward to hearing from you.

16.   All of our clients' rights are reserved.

Yours faithfully

**BOIES SCHILLER FLEXNER (UK) LLP**