UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-80176-BLOOM/Reinhart

IRA KLEIMAN, *et al*.,

    Plaintiffs,

v.

CRAIG WRIGHT,

    Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiffs' Motion to Require Defendant to Make His Wife Ramona Watts Available for Deposition or, in the Alternative, Preclude Her from Testifying at Trial, ECF No. [344] (the "Motion"). In the Motion, Plaintiffs seek an order from the Court requiring the Defendant to produce his wife, Ramona Watts ("Watts"), for deposition or to preclude her testimony at trial. For the reasons that follow, the Motion is denied without prejudice.

In the Motion, Plaintiffs state that they sought letters rogatory from this Court to take Watts' deposition in London. ECF No. [344], at 2. They admit that they agreed to pay Watts' reasonable costs to attend her deposition "as is customary in England." *Id.* Watts, however, has now apparently demanded the payment of approximately $65,000.00-$164,000.00 USD to cover the costs of her counsel. *Id.* In the event the Plaintiffs refuse to comply with her exorbitant demand, Plaintiffs represent that Watts will fight her deposition request in the English courts, which will likely prevent her deposition from occurring prior to the discovery cutoff in the instant case. *Id.*

The Defendant opposes the relief sought in the Plaintiffs' Motion, arguing that he has "little control" over his wife's attendance at trial, and that the Motion is an "improper attempt to

circumvent the UK court's rules and authority. ECF No. [352], at 2. The Defendant also argues that Plaintiffs simply do not want to pay the fees and costs associated with her document production and deposition, "***even though plaintiffs represented to the UK court that they would pay Ms. Watts' fees and costs.***" *Id.* (emphasis in original). This Court notes, however, that this position misrepresents the record in this case. In fact, attached to the Defendant's Response is the First Witness Statement of Velvel (Devin) Freedman, ECF No. [353-2] (herein referred to as "Plaintiff's Counsel's Statement"). In Plaintiff's Counsel's Statement, he specifically states that "the Applicants would pay for the reasonable costs of copy and transmitting the Watts Documents (and will pay Ms. Watts's costs of attending the deposition, as per CPR 34.8(6))." Therefore, the Court notes that the document on which the Defendant relies clearly states that Plaintiffs would pay for Watts' *reasonable* costs of copying and transmitting documents and for her costs of attendance at the deposition per CPR 34.8(6) only.

Further, Part 34.8(6) of the Civil Procedure Rules, states in relevant part:

> [a]t the time of service of the order the deponent must be offered or paid –
> (a) a sum reasonably sufficient to cover his expenses in travelling to and from the place of examination; and
> (b) such sum by way of compensation for loss of time as may be specified in Practice Direction 34A.

CPR 34.8(6). Nowhere, in Plaintiff's Counsel's Statement or CPR 34.8(6) of the Civil Procedure Rules does it require that a deponent's attorneys' fees be paid. As such, Defendant cannot reasonably argue that the Plaintiffs agreed to pay "all" of Watts' costs.

However, the Court also notes that it lacks the authority to compel foreign non-parties to attend depositions who are outside of its subpoena power. Indeed, the Court lacks a compulsory process for the attendance of such witnesses. Because the court in the United Kingdom is the tribunal where the specific proceedings related to Watts' deposition remain

pending, that court would be the appropriate venue to challenge the reasonableness of the fees sought by Watts prior to her deposition.

The Court next turns to Plaintiffs' alternative request that Watts be precluded from testifying at trial unless made available by the Defendant. To the extent that the parties are unable to resolve these issues prior to trial, and specifically, if Watts still refuses to sit for a deposition without requiring the Plaintiffs to pay more than the rules of the United Kingdom require, then the Court will permit the Plaintiffs to renew their request for leave to depose her outside of the discovery cutoff and/or to preclude her testimony at trial. However, the Court finds Plaintiffs' request to be premature at this juncture. Thus, the Plaintiffs' Motion as it relates to their request for leave to depose Watts outside of the discovery cutoff or to preclude her testimony at trial is denied without prejudice.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion, **ECF No. [344]**, is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 30, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record