UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>   Plaintiffs,<br><br>v.<br><br>CRAIG WRIGHT,<br><br>   Defendant. | CASE NO.: 9:18-cv-80176-BB/BR |

**JOINT DISCOVERY MEMORANDUM**

The parties certify they have complied with the requirements for pre-hearing consultation contained in the Court's Standing Discovery Order. Despite good faith efforts to resolve their differences, the following issues require resolution by the Court:

**PLAINTIFFS' MEMO**

**A. Plaintiffs' request for a protective order to prevent the unilaterally noticed deposition of Lynn Wright**

*PLAINTIFFS' POSITION*

Plaintiffs move for a protective order preventing the unilaterally noticed deposition of Lynn Wright on January 13, 2020 in Australia (which is 5:00pm on a Sunday here in Florida).

  **I. Factual Background**

The parties have been working on a compressed schedule given Craig's request that the parties pause the litigation process for two months to concentrate on amicably resolving this dispute, only to pull his consent with no advance notice on October 31, 2019. Since then, the parties have worked at a feverish pace to complete discovery, brief major motions, and prepare for summary judgment and other pre-trial filings due in just over three weeks.

As part of that process, the parties worked together to schedule 11 fact witness depositions and six expert witness depositions, most of which will occur over the remaining three weeks of discovery. In addition, the parties' depositions are set for January 9-10 (in Miami) and 14-15 (in London). Below is a chart of the remaining 12 depositions to take place before January 17:

| Deponent | Date of Depo | Location of Depo |
| --- | --- | --- |
| F. Harley Norwitch (Def's Expert) | 1/3/20 | Loxahatchee, FL |
| Andreas Antonopoulos (Plts' Expert) | 1/7/20 | New York |
| William R. Nicholson (Def's Expert) | 1/9/20 | Jacksonville, FL |
| W&K Info Defense Research LLC | 1/9/20 | Coral Gables, FL |
| Dr. Stewart MacIntyre, Jr. M.D. (Def's Expert) | 1/10/20 | Miami, FL |
| Ira Kleiman | 1/10/20 | Coral Gables, FL |
| Matthew Edman (Plts' Expert) | 1/14/20 | New York |
| Dr. Craig Wright (day 1) | 1/14/20 | London |
| Andrew O'Hagan (tentatively)[1] | 1/15/20 | London |
| Dr. Craig Wright (day 2) | 1/15/20 | London |
| Ramona Watts (tentatively)[2] | 1/16/20 | London |
| David J. White (Def's Expert) | 1/16/20 | Los Angeles |

In the mid-afternoon on Christmas Eve, Craig first informed Plaintiffs he wished to depose his ex-wife, Lynn Wright, who lives in Australia. Craig sought to depose her remotely, which meant the local time in Florida would be 4:00 in the afternoon on *Sunday*, January 12, 2019.[3] Plaintiffs objected as (1) Mr. Freedman had a pre-planned bar mitzvah that Sunday; (2) he and Mr. Brenner had to travel to London that Sunday evening to be in London with enough time to prepare for Craig's January 14 deposition, and (3) Plaintiffs would want to attend Ms. Wright's deposition

---

[1] Plaintiffs believe this deposition will take place while all parties are in London, but O'Hagan has yet to agree on a date.
[2] It's unclear if this deposition will proceed in London as Ms. Watts must agree to accept reasonable costs.
[3] When the deposition was noticed, the time was pushed back one hour.

2

in person given the uncertainty over the subject matter of her testimony,[4] which would be impossible to do given the need to travel to London.

On December 27, the very next day and without any further correspondence, Craig's counsel unilaterally noticed Ms. Wright's deposition for January 13, 2020 in Australia.[5]

**II.     Good cause exists to issue a protective order**

Craig's unilateral scheduling of Lynn Wright's deposition in Australia at a time he knew Plaintiffs were not available, immediately before Craig's deposition in England, and in the middle of the time where 6 experts remain to be deposed, the party depositions need to be taken and the remaining fact witness depositions need to be completed, constitutes good cause to issue a protective order.

Upon a showing of good cause, a court may issue a protective order to protect any person from whom discovery is sought from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). Along this same line, courts will grant protective orders when attorneys unilaterally schedule depositions that disregard convenience or availability of parties and their lawyers. *Karakis v. Foreva Jens Inc.,* 2009 WL 113456, at *7 (S.D. Fla. Jan. 19, 2009) (granting a protective order due to plaintiff's counsel unilateral setting of a deposition); *Chavez v. Arancedo,* 2017 WL 3025841, at *3 (S.D. Fla. July 17, 2017) (granting a protective order and stating that the "unilateral scheduling of depositions [is] a serious concern"). Such "unilateral setting of depositions (especially coupled with an unwillingness to reschedule the deposition date) leads to the filing of unnecessary motions," which "are a waste of the parties' time and money." *Karakis,* 2009 WL 113456, at *6;s*See also Simpson v. GC Servs., L.P.,* 2012 WL 5866589, at *1

---

[4] Craig has failed to disclose Ms. Wright in either his initial or supplemental Rule 26 disclosures, and has not otherwise informed Plaintiffs of the expected subject matter of Ms. Wright's testimony
[5] This correspondence is attached hereto as Exhibit A.

3

(M.D. Fla. Nov. 19, 2012) (granting defendant's motion for a protective order and holding that the practice of unilaterally setting depositions results in motions that are a waste of time and judicial resources). Further, this District's Local Rules make clear that attorneys are expected to cooperate in accommodating scheduling conflicts. *See* S. D. Fla. L. R., Introductory Statement (the "court expects counsel to "seek to accommodate their fellow practitioners, including in matters of scheduling, whenever reasonably possible and that counsel will work to eliminate disputes by reasonable agreements").

As set forth above, Defendant has failed to comply with these expectations. It is impossible for Plaintiffs' counsel to attend Lynn Wright's deposition in Australia while also attending Craig's deposition in England the very next day.[6] Craig's counsel knew of this impossibility—and were reminded of it by Plaintiffs—and nevertheless unilaterally scheduled the deposition. Such unilateral setting of a deposition warrants the entry of a protective order.[7]

There was time earlier in discovery where Craig could have informed Plaintiffs that he planned on calling an Australian witness, and accordingly arranged mutually conducive dates to depose her. The deposition schedule over the next few weeks includes multiple depositions in London, Los Angeles, New York City, Jacksonville and Miami; it does not allow room to shoehorn in a last minute trip to Australia.

Moreover, because Defendant did not disclose Ms. Wright in either his initial or supplemental Rule 26 disclosures, Plaintiffs are largely unaware of the subject(s) Ms. Wright is expected to testify about. Now, having waited until less than a month before the close of discovery

---

[6] Travel time from England to Australia is at least a full day, and likely more. Even attendance via videolink, which Plaintiffs oppose, would be impossible given the need to fly to London that evening and counsel's commitment to attend a pre-planned bar mitzvah of the son of one of his closest friends.

[7] *See also Chavez v. Arancedo,* 2017 WL 3025841, at *3 (S.D. Fla. July 17, 2017) (granting a protective order because plaintiff unilaterally scheduled defendant's deposition despite emails from defense counsel that defendant would be out of the country and unable to attend).

4

to reveal that Defendant now intends to take Ms. Watts's deposition, Plaintiffs is being prevented from seeking documents from Ms. Wright. *See, e.g.*, *Mastafa v. Australian Wheat Bd. Ltd.*, No. 07 CIV. 7955 (GEL), 2008 WL 4378443, at *8 (S.D.N.Y. Sept. 25, 2008) ("Witnesses and documents in Australia are outside this Court's subpoena power, except through procedures afforded by the Hague Convention on the Taking of Evidence in Civil or Commercial Matters, March 18, 1970, 23 U.S.T. 2555 (the 'Hague Convention'). These procedures are cumbersome and time-consuming."); *see also* https://www.ag.gov.au/Internationalrelations/PrivateInternationalLaw/Documents/Taking-of-Evidence-in-Australia-for-Foreign-Court-Proceedings.pdf (describing the process of seeking evidence from Australian witnesses for use in foreign proceedings under the Hague Convention). Forcing Plaintiffs to prepare for and attend a deposition in Australia without the benefit of documents is further good cause for issuing a protective order.

Finally, Defendant argues Plaintiffs unilaterally noticed the depositions of Jamie Wilson and Tom Cindric and refused to change those dates. Unfortunately, this is another misrepresentation of the record. See ECF No. [361], at 2 (finding Defendant's "position misrepresents the record in this case."). In regard to Cindric, after being notified that the date represented a conflict, Plaintiff asked whether altering the time of the deposition would accommodate Defense counsel, and then, before Defense counsel even responded, Plaintiff canceled the deposition. Exhibit B (12/11/19 email from V. Freedman to B. Paschal). In regard to Wilson, Plaintiffs sought Court approval for the unilateral deposition setting because the deponent, who resides in Australia, was traveling through the United States and available for a deposition on that date. ECF No. [290].

Consequently, Plaintiffs respectfully request this Court enter a Protective Order preventing the deposition of Lynn Wright on January 13, 2020 in Australia, which was improperly noticed and unilaterally set without coordination or agreement of counsel. Plaintiffs also request that the Court order that Ms. Wright's deposition not proceed unless and until Ms. Wright agrees to produce documents to Plaintiffs and to accept a cross-deposition notice to provide testimony to Plaintiffs.

***DEFENDANT'S POSITION***

Defendant is not in the position to provide a thorough response because it was only late last night that plaintiffs indicated that this was an issue they were considering raising at this evidentiary hearing, and counsel's office is closed today. Further, the parties have not met and conferred on this issue.

Notwithstanding, counsel for Dr. Wright will do their best to addresses this issue at the discovery hearing. For the moment, they note that Lynn Wright's deposition was properly noticed, that plaintiffs knew of Lynn Wright's existence well before the start of the lawsuit, that counsel for plaintiffs has multiple attorneys that could attend her deposition, that Lynn Wright is not available on any other days, and that defendant has offered to conduct the deposition by video, obviating the need to travel to Australia (which plaintiffs refused).

Defendant also notes that plaintiff has unilaterally set the depositions of Jamie Wilson and Tom Cindric and refused to change the dates because those were the only dates the witnesses were available, even though counsel had other commitments and Mr. Cindric's deposition would require travel on New Year's Day. Plaintiff also never disclosed either of those witnesses on its initial disclosures.

6

### B. **Plaintiffs' request for expedited responses to Plaintiffs' Second Request for Admissions**

*PLAINTIFFS' POSITION*

In an effort to narrow the issues that need to be covered at Craig's deposition and to frame the issues for Summary Judgment, Plaintiffs served Defendant with their Second Requests for Admissions on December 20th. Exhibit C. Plaintiffs asked Defendant to respond to those requests by January 8th, 6 days before Craig's deposition. Craig has not agreed to do so. Defendant's position appears to be that they do not need to answer at all since the discovery was served 28 days before the close of discovery. This is form over substance, and inconsistent with the way the Court should expect parties to conduct discovery (and, for the most part, how the parties have conducted themselves in this case).

In any event, Plaintiffs are requesting an expedited response. Notably, Craig asked for similar relief regarding Interrogatories he served on Ira (*i.e.,* that Ira respond prior to his deposition). Plaintiffs did not oppose Craig's request, and the Court ordered that relief.

*DEFENDANT'S POSITION*

Defendant is not in the position to provide a thorough response because it was only late last night that plaintiffs indicated that this was an issue they were considering raising at this evidentiary hearing, and counsel's office is closed today. Further, the parties have not met and conferred on this issue.

Notwithstanding, counsel for Dr. Wright will do their best to addresses this issue at the discovery hearing. For the moment, they note that there is no basis to draw a parallel between defendant's interrogatories and plaintiffs' requests for admission. Defendant's interrogatories stem from defendant's request for production that was served months ago but recently modified by the Court into interrogatories. In contrast, plaintiffs first served their requests for admission on

7

December 20, 2019, which is too late under the current scheduling order (discovery closes on January 17, 2020).

## DEFENDANT'S MEMO

**C. Plaintiffs' failure to produce data recovered from Dave's devices**

*DEFENDANT'S POSITION*

Dr. Wright requests that the Court grant his counsel immediate access to the data recovered from Dave's electronic devices. At the time of Dave's death, Dave had at least fifteen electronic devices. Ira threw out one of those devices and formatted and deleted data from the remaining devices.

Dr. Wright's discovery vendors imaged Dave's devices and expended significant effort to recover the data that Ira deleted and that was not permanently overwritten. The vendors were able to recover some of that data and provided some of those documents to plaintiffs' counsel for a privilege review on December 20, 2019.

At the previous discovery hearing that took place on December 18, 2019, defendant asked the Court for immediate access to the recovered documents, after running search terms to exclude potentially privileged documents (such as the names of attorneys). This was necessary because plaintiffs were not timely reviewing and producing the recovered data.

The Court deferred ruling on the matter and instructed counsel to meet and confer as to the privilege concerns and a potential resolution. That meet and confer occurred on December 19, 2019. Counsel for plaintiffs was unable to articulate a specific privilege concern, other than his client may have written some notes about the case, which plaintiffs maintain would be work product. Counsel for plaintiffs represented that they would make the document production the highest priority, that they would produce the documents on a rolling basis, and that they would

produce all the documents in a matter of days. Eleven days have passed since defendant's vendors provided plaintiffs with the additional documents recovered from Dave's devices. Plaintiffs have failed to produce a single document. Plaintiffs now state that they will produce the documents by January 7, 2020, which is just two days before the deposition of Ira Kleiman.

Defendant asks the Court to grant him immediate access to the data that was recovered from Dave's devices. Defendant also asks the Court to rule on plaintiff Ira Kleiman's assertion of work product privilege over documents recovered from Dave's devices.

### *PLAINTIFFS' POSITION*

In February 2019 Craig sought direct access to Dave Kleiman's drives to recover the data remaining in the deleted space. ECF No. [92]. Plaintiffs strenuously objected to this arguing it was inappropriate given that the drives contain "privileged communications and work product, along with personal/private family photographs of Ira's wife and minor children." ECF No. [97]. In fact, Plaintiffs informed the Court "that there was extremely sensitive information on the drive and there was a massive amount of it." 3/7/19 Hrg. Trns., at 12:19-21. Specifically, that "[e]very single piece of work product that [Ira] prepared in this litigation is stored on those drives. Everything." *Id*. at 20:22-23. That "there are recordings of attorney-client conversations on that drive, as well as all the private photos and medical records for all of his family members. Everything is on that drive." *Id*. at 21:5-8. Issues like these are the reason Rule 34(a) "does not grant unrestricted, direct access to a respondent's database compilations." *In re Ford Motor Co.*, 345 F.3d 1315, 1316 (11th Cir. 2003). Instead, the default rule is that:

> "Rule 34(a) allows the responding party to search his records to produce the required, relevant data. Rule 34(a) does not give the requesting party the right to conduct the actual search. **While at times** – perhaps due to improper conduct on the party of the responding party – **the requesting party itself may need to check the data compilation, the district court must 'protect respondent with respect to** preservation of his records, **confidentiality of nondiscoverable matters**, and costs"

9

*Id.* at 1317 (emphasis added). As briefed heavily in ECF No. [97], "[e]ven in cases where courts have found computer imaging and inspection to be warranted, the courts have nonetheless adopted procedures to protect privilege and privacy concerns," for example, ordering production of forensic image pursuant to procedure where neutral expert first provided material to defendant, who was then required to review for privilege, and then produce. *Genworth Fin. Wealth Mgmt., Inc. v. McMullan*, 267 F.R.D. 443, 449 (D. Conn. 2010) (so ordering).

To balance these concerns, this Court ordered that Craig's expert, AlixPartners, would have access to Dave's drives, but would be subject to a confidentiality order forbidding them from disclosing anything to Defense counsel, and instead

> [t]o the extent that AlixPartners is able to recover any deleted or overwritten documents or files, it must provide such materials to Plaintiffs' counsel for review. After a reasonable amount of time for review, Plaintiffs' counsel will produce these documents to Defendant's counsel and to the extent any are withheld, will provide a privilege log

ECF No. [117]; *See* 2/20/19 Hrg. Trn. 47:20-56:2; 3/7/19 Hrg. Trns., at 57:17-58. Craig now seeks to eviscerate these protections because he has delayed having AlixPartners produce documents to Plaintiff for almost 10 months. Specifically, AlixPartners has had access to Dave's drives since March 2019. Nevertheless, Craig waited until November 27, 2019 to produce 2,413 documents to Plaintiffs. These documents were produced back to Craig on December 18, 2019.

On December 20, 2019, Defendant produced 18,669 documents to Plaintiffs. Those documents were processed for review by Plaintiffs' vendor on December 23, 2019. Immediately after the holiday, Plaintiffs put in place a team of more than ten reviewers to review these documents full time. Plaintiffs intend to make an intermediate production of the reviewed documents this Thursday and a full production of the reviewed documents by January 7, 2020. Given the timeline and volume of documents, this is more than reasonable, especially given the fact that AlixPartners has had copies of Dave's drives since March. The Court should not

10

eviscerate the protections of Ira's privileged work product because of Craig's delay in producing documents.

*Counsel to Plaintiff Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

*s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman, Esq.
ROCHE FREEDMAN LLP
200 S. Biscayne Blvd, Suite 5500
Miami, Florida  33131
Telephone: (305) 357-3861
vel@rochefreedman.com
nbermond@rochefreedman.com

Kyle W. Roche, Esq.
Joseph M. Delich, Esq.
Admitted Pro Hac Vice
ROCHE FREEDMAN LLP
185 Wythe Avenue F2
Brooklyn, NY11249
kyle@rochefreedman.com
jdelich@rochefreedman.com

Andrew S. Brenner, Esq.
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

*Attorneys for Dr. Craig Wright*

By: s/ *Amanda McGovern*
ANDRES RIVERO
Florida Bar No. 613819
AMANDA MCGOVERN
Florida Bar No. 964263
ZAHARAH MARKOE
Florida Bar No. 504734
RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: amcgovern@riveromestre.com
Email: zmarkoe@riveromestre.com
Email: receptionist@riveromestre.com