# EXHIBIT C

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>   *Plaintiffs,*<br><br>v.<br><br>CRAIG WRIGHT<br><br>   *Defendant*. | CASE NO.:  9:18-cv-80176-BB/BR |

## <u>SECOND REQUESTS FOR ADMISSION TO DEFENDANT</u>

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure Plaintiff Ira Kleiman, requests that Defendant responds in writing, subscribed under oath, to the following SECOND REQUESTS FOR ADMISSION.

Pursuant to Fed. R. Civ. P. 36, the following rules govern your response to the specific Requests:

1.   Denial of any statement as to which an admission is required must fairly meet the substance of the requested admission.

2.   When good faith requires that an answer be qualified or denied in part as to a specific admission that is requested, you must specify the part that you admit and qualify or deny the remainder.

3.      You may not give lack of information or knowledge as a reason for a failure to admit or deny the truth of the statement as to which an admission is requested unless you state that you have made reasonable inquiry and that the information known or reasonably obtainable by you is insufficient to enable you to admit or deny the truth of the matter as to which an admission has been requested.

4.      If you consider that a matter as to which an admission has been requested presents a genuine issue for trial, you may not, on that ground alone, object to the request.

5.      Statements as to which admissions are requested shall be deemed admitted if you fail to admit, deny, or object to the statements within thirty (30) days after service of this document.

6.      If any request for admission is objected to on the ground of overbreadth, specifically state the matter in which it is overly broad and respond to the request for admission as narrowed to conform to such objection.

7.      In conformity with Fed. R. Civ. P. 37, as to any matter denied, Defendant may apply to the Court for an order requiring Plaintiffs to pay the reasonable expenses incurred in proving the truth of any such matter, including the costs of depositions and attorneys' fees.

## **GENERAL DEFINITIONS**

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. All terms not otherwise defined shall have their ordinary and common meanings. In each Definition, the singular shall include the plural and the plural shall include the singular.

1.      "You," "your," or "Plaintiff" means the Defendant, Craig Wright, as well as all other persons acting or purporting to act on his behalf.

2.      The term "communication" means, without limitation, oral or written communications of any kind, such as electronic communications, direct communications through social media, facsimiles, telephone communications, correspondence, exchange of written or recorded information, face-to-face meeting, or other conversations or communications.

3.      "Identify," when referring to a natural person, means to give, to the extent known: the person's full name, present or last known residential or business address, and present or last known place of employment.

4.      "Identify" used with reference to a document means to state, for each document to be identified, the date, the author and signatories, the recipients and addresses, the type of document (e.g., letter, memorandum, email, etc.), the substance of the document, the identity and addresses of all other persons who received copies, the custodian, and the location.

5.      "Identify" used with reference to an oral communication means to give, for each communication to be identified, the means of communication, the substance of the communication, and the date, time, and place of the communication, and the persons who participated in the communication.

6.      "The term "including" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

7.      The term "person" means, without limitation, any natural person, corporation, partnership, limited liability company, proprietorship, joint venture, trust, association, government entity, firm, business unit, group, or other form of legal entity.

8.      The term "relating to" means, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating,

3

constituting, consisting of, comprising, studying, surveying, projecting, assessing, recording, summarizing, supporting, contradicting, criticizing, reporting, commenting, concerning, or otherwise involving, in whole or in part.

9.      The term "document[s]" shall be synonymous in meaning and equal in scope to the broadest possible meaning provided by Rule 34 of the Federal Rules of Civil Procedure, including electronically stored information, and shall encompass every writing or record of every type and description, including originals and any copy thereof, and every tangible thing that is or has been in your possession, custody, or control, or of which you have knowledge, including but not limited to hard copies, electronic documents, electronic or computerized data compilations, software, software images, or downloads. This term shall include all written, recorded, transcribed, or graphic matter of every type and description, including, but not limited to, correspondence, analyses, letters, telegrams, memoranda, reports, bills, receipts, telexes, contracts, bulletins, invoices, publications, books, accounts, statements, studies, surveys, pamphlets, reports, surveys, charts, maps, tabulations, graphs, tapes, data sheets, data processing cards, printouts, net sites, microfilm, indices, calendar or diary entries, manuals, guides, outlines, abstracts, histories, agendas, catalogs, advertisements, direct mail solicitations, applications, forms, notebooks, models, devices, sketches, pictures, photographs, notes, stenographic notes, handwritten notes, drafts (including, but without limitation, differences from the original due to handwritten notes, editing, interlineation, blind copies, omissions, or any other alternations), computer records, voice recordings, video recordings, minutes or records of meetings, conferences, electronic mail, text messages, films, tapes, slides, electronic files and records, statistical compilations, and all other data compilations, regardless of whether a particular document is privileged or confidential, and regardless of the form of storage (such as on paper, microfiche, magnetic tape, magnetic disk, CD-ROM, optical disk, or electronic storage device). Documents shall include communications, as

4

defined above.

10.     The term "unspent" shall refer to unspent transaction outputs (UTXO) in the Bitcoin (BTC) blockchain.

11.     "All" and "any" shall mean and include "any and all."

12.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be outside its scope.

13.     The present tense of a verb includes its past tense and vice versa.

## **REQUESTS FOR ADMISSION**

1. Admit Ira never told You he would release any claim against You in exchange for Coin-Exch shares.

2. Admit Ira never told You W&K Info Defense Research LLC would release any claim it had against You in exchange for Coin-Exch shares.

3. Admit the Estate of Dave Kleiman was not, in any capacity, a party in any proceeding You were involved in before the Supreme Court of New South Wales.

4. Admit that You did not serve Ira with the Statement of Claims that were filed in the Supreme Court of New South Wales in Wright v W&K Info Defense Research LLC (2013/225983).

5. Admit that You did not serve Ira with the Statement of Claims that were filed in the Supreme Court of New South Wales in Wright v W&K Info Defense Research LLC (2013/245661).

6. Admit that You did not serve the Estate of Dave Kleiman with the Statement of Claims that were filed in the Supreme Court of New South Wales in Wright v. W&K Info Defense Research LLC (2013/225983).

7. Admit that You did not serve the Estate of Dave Kleiman with the Statement of Claims that were filed in the Supreme Court of New South Wales in Wright v W&K Info Defense Research LLC (2013/245661).

8. Admit that You did not serve W&K Info Defense Research LLC with the Statement of Claims that were filed in the Supreme Court of New South Wales in Wright v W&K Info Defense Research LLC (2013/225983).

9.  Admit that You did not serve W&K Info Defense Research LLC with the Statement of Claims that were filed in the Supreme Court of New South Wales in Wright v W&K Info Defense Research LLC (2013/245661).

10. Admit that You did not serve the Estate of Dave Kleiman with the Consent Orders that were filed in the Supreme Court of New South Wales in Wright v W&K Info Defense Research LLC (2013/225983).

11. Admit that You did not serve the Estate of Dave Kleiman with the Consent Orders that were filed in the Supreme Court of New South Wales in Wright v W&K Info Defense Research LLC (2013/245661).

12. Admit that You did not serve Ira with the Consent Orders that were filed in the Supreme Court of New South Wales in Wright v W&K Info Defense Research LLC (2013/225983).

13. Admit that You did not serve Ira with the Consent Orders that were filed in the Supreme Court of New South Wales in Wright v W&K Info Defense Research LLC (2013/245661).

14. Admit that You did not serve W&K Info Defense Research LLC with the Consent Orders that were filed in the Supreme Court of New South Wales in Wright v W&K Info Defense Research LLC (2013/225983).

15. Admit that You did not serve W&K Info Defense Research LLC with the Consent Orders that were filed in the Supreme Court of New South Wales in Wright v W&K Info Defense Research LLC (2013/245661).

16. Admit that You were never appointed "Director / Authorized Agent" of Defendant W&K Info Defense Research LLC.

17. Admit that Jamie Wilson was not an "authorized officer" of W&K Info Defense Research LLC.

18. Admit that Jamie Wilson did not have authority from W&K Info Defense Research LLC to consent to judgment in the Supreme Court of New South Wales case Wright v W&K Info Defense Research LLC (2013/245661).

19. Admit that Jamie Wilson did not have authority from W&K Info Defense Research LLC to consent to judgment in the Supreme Court of New South Wales case Wright v W&K Info Defense Research LLC (2013/225983).

20. Admit that You cannot access the satoshin@gmx.com, satoshi@vistomail.com, and satoshi@anonymousspeech.com email accounts.

21. Admit that you mined bitcoin prior to April 26, 2013.

22. Admit that you mined at least 100,000 bitcoin prior to April 26, 2013.

23. Admit that you mined at least 200,000 bitcoin prior to April 26, 2013.

24. Admit that you mined at least 300,000 bitcoin prior to April 26, 2013.

25. Admit that you mined at least 400,000 bitcoin prior to April 26, 2013.

26. Admit that you mined at least 500,000 bitcoin prior to April 26, 2013.

27. Admit that you mined at least 600,000 bitcoin prior to April 26, 2013.

28. Admit that you mined at least 700,000 bitcoin prior to April 26, 2013.

29. Admit that you mined at least 800,000 bitcoin prior to April 26, 2013.

30. Admit that you mined at least 821,050 bitcoin prior to April 26, 2013

31. Admit that you mined at least 900,000 bitcoin prior to April 26, 2013.

32. Admit that you mined at least 1,000,000 bitcoin prior to April 26, 2013.

33. Admit that you mined at least 1,100,000 bitcoin prior to April 26, 2013.

34. Admit that you mined at least 1,100,111 bitcoin prior to April 26, 2013.

35. Admit you mined more than 1,100,111 bitcoin prior to April 26, 2013.

36. Admit that at least 821,050 bitcoins you mined before April 26, 2013 remain unspent.

37. Admit that at least 100,000 of the bitcoin you mined before April 26, 2013 remains unspent.

38. Admit that at least 200,000 of the bitcoin you mined before April 26, 2013 remains unspent.

39. Admit that at least 300,000 of the bitcoin you mined before April 26, 2013 remains unspent.

40. Admit that at least 400,000 of the bitcoin you mined before April 26, 2013 remains unspent.

41. Admit that at least 500,000 of the bitcoin you mined before April 26, 2013 remains unspent.

42. Admit that at least 600,000 of the bitcoin you mined before April 26, 2013 remains unspent.

43. Admit that at least 700,000 of the bitcoin you mined before April 26, 2013 remains unspent.

44. Admit that at least 800,000 of the bitcoin you mined before April 26, 2013 remains unspent.

45. Admit that at least 900,000 of the bitcoin you mined before April 26, 2013 remains unspent.

46. Admit that at least 1,000,000 of the bitcoin you mined before April 26, 2013 remains unspent.

47. Admit that at least 1,100,000 of the bitcoin you mined before April 26, 2013 remains unspent.

48. Admit that at least 1,100,111 of the bitcoin you mined before April 26, 2013 remains unspent.

49. Admit that more than 1,100,111 of the bitcoin you mined before April 26, 2013 remains unspent.

50. Admit that bitcoin wallets are identifiable.

51. Admit that bitcoin public addresses are identifiable.

52. Admit that you developed intellectual property prior to April 26, 2013.

53. Admit that you developed intellectual property related to bitcoin prior to April 26, 2013.

54. Admit that you referred to Dave Kleiman as your partner.

55. Admit that you referred to Dave Kleiman as your best friend.

56. Admit Dave Kleiman trusted you.

57. Admit you never gave Dave Kleiman the private keys to any bitcoin public keys.

58. Admit you never had an interest in any bitcoin belonging to Dave Kleiman.

59. Admit that Dave Kleiman worked with you to develop intellectual property.

60. Admit that Dave Kleiman worked with you to develop blockchain intellectual property.

61. Admit that Dave Kleiman worked with you to develop Bitcoin.

62. Admit you never had any interest in bitcoin Dave Kleiman mined.

63. Admit that Dave Kleiman never agreed to give you any of the bitcoin he mined.

64. Admit you never gave Dave Kleiman any private keys, in a format plainly accessible to him in their entirety, that correspond to any of the public keys in the coinbase transaction outputs from the blocks you mined.


Dated:  December 20, 2019                    Respectfully submitted,

By: /s/ Velvel Devin Freedman
Velvel (Devin) Freedman, Esq.
ROCHE FREEDMAN LLP
200 S. Biscayne Blvd.
Suite 5500 Miami, Florida 33131
vel@rochefreedman.com

Kyle W. Roche, Esq.
Joseph Delich, Esq.
ROCHE FREEDMAN LLP
185 Wythe Avenue F2
Brooklyn, New York 11249
kyle@rochefreedman.com

Counsel to Plaintiffs Ira Kleiman as
Personal Representative of the Estate of
David Kleiman and W&K Info Defense
Research, LLC.

10

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on December 20, 2019, a true and correct copy of the foregoing was served on all counsel of record identified on the Service List below via e-mail:

Andres Rivero, Esq.
Amanda McGovern, Esq.
Zaharah Markoe, Esq.
Zalman Kass, Esq.
RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard
Suite 1000
Coral Gables, FL 33134
305-445-2500
(305) 445-2505 (fax)
arivero@riveromestre.com
jmestre@riveromestre.com
arolnick@riveromestre.com
dsox@riveromestre.com
receptionist@riveromestre.com

*/s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman