**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

  plaintiffs,

v.               **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

  defendant.

_____/

**DR. CRAIG WRIGHT'S RESPONSE TO PLAINTIFFS'**
**MOTION TO EXTEND DEADLINES AND TO CONTINUE TRIAL**

The complaint sets forth the issues in the case and those issues have not changed. To date, plaintiffs served 195 document requests and defendant has produced over 1.5 million pages of documents responsive to those requests; defendant has twice sat for his deposition; and defendant has responded to well over 25 interrogatories. Plaintiffs' depositions are complete, the parties have deposed numerous non-parties, and expert depositions will be complete by Friday. Even *before* the Court entered the sanctions Order [D.E. 277] (the "Sanctions Order"), the parties had completed over eight months of extensive discovery.

Plaintiffs now seek, *inter alia*, to again extend the discovery deadline and continue trial (their first request was on the basis that they needed to depose UK witnesses), arguing that they do not have the "benefit of Judge Reinhart's order" and therefore they "cannot adequately prepare this case for trial in the original timeframe." Motion [D.E. 377] at 2. This argument ignores that this case has been pending since February of 2018 and the parties had eight months of extensive discovery before the Sanctions Order. It also contradicts plaintiffs' statements to this Court that they were preparing their case in the event that the Sanction Order was not affirmed:

> MR. FREEDMAN: Also, Your Honor, I do believe it's worth noting that the defendant has made it quite clear that they intend to challenge the Court's current order with Judge Bloom, and while we are confident it will be upheld, we do need to prepare in the event it is not.
>
> THE COURT: Understood.

November 20, 2019 Hearing Tr. 15:7-12, attached as Exhibit A. Plaintiffs' motion [D.E. 377] is nothing more than an attempt to delay trial, which should "be granted only on exceptional circumstances." Local Rule 7.6.

Furthermore, in violation of Local Rule 7.6's requirements, plaintiffs failed to submit an "affidavit setting forth a full showing of good cause . . . ." Instead, plaintiffs make a number of misrepresentations to justify another continuation of the trial date.

*First*, plaintiffs again misrepresent confidential settlement communications that they had with a non-party. Specifically, plaintiffs characterize their confidential settlement communications with that non-party as a "settlement diversion," and then falsely state that they were informed that defendant could no longer finance a settlement. That statement is entirely untrue. The reason the settlement failed is a direct result of plaintiffs' never-ending and unrealistic demands. Moreover, this Court had expressly denied any request for a continuance of trial based on settlement discussions. *See* D.E. 286 and 289. In any event, plaintiffs' continued reliance on confidential settlement discussions for relief that they seek is inappropriate when they are prohibited from revealing the details of those discussions.

*Second*, plaintiffs argue that the Order "recognized" that complying with the current discovery deadline may be an issue, and that the Court "would 'extend the discovery period' in 'order to permit the Plaintiffs to conduct additional discovery beyond the presently set discovery cutoff.'" Motion at 3. The Order did not say that. The Order expressly stated that the Court would *not* impose additional sanctions if, by February 3, 2020, defendant notified the Court that

he had received from a third party the information necessary to unlock the encrypted file and produced the list of his bitcoin holdings. Order at 22. Yesterday, defendant notified the Court that he had received from a third party the information necessary to unlock the encrypted file and that he has produced a list of his bitcoin holdings to plaintiffs. *See* D.E. 376.

Despite defendant's notice and production, plaintiffs seek far more than what the Order stated would be additional sanctions had defendant *not* filed the notice and produced the list of bitcoin holdings. Specifically, plaintiffs seek a 90-day extension of the discovery deadline for plaintiffs to take unilateral discovery; 20 days to figure out which of their hundreds of discovery requests they wish to renew or ask the Court to revisit; 60 additional days for plaintiffs to submit new expert reports; and a 90-day continuation of trial. Each of these extensions of time and requests for additional unilateral discovery are additional unwarranted sanctions and are sought solely for the purpose of delay.

Plaintiffs' request for another 90 days of discovery that only plaintiffs are permitted to propound is unfair, excessive, not proportionate to the needs of the case, and violate fundamental fairness and due process. Plaintiffs' request to revisit past discovery and renew prior discovery requests is also outside the scope of the needs of the case based on the produced list of bitcoin holdings and is contrary to the Order. The requested expansion of the scope of discovery and an extension of time to permit plaintiffs to engage in that unilateral discovery will have the direct effect of starting plaintiffs' discovery period anew. Indeed, discovery related to the "core issues" will be complete on January 17 (except for the depositions that were postponed).

Plaintiffs have not been foreclosed from relevant discovery in this case, including discovery requested during the January 9 hearing. Plaintiffs' unbridled discovery requests on the eve of the close of discovery were not reasonable and not proportionate to the needs of the case.

3

The Magistrate Judge justifiably denied those discovery requests. The only reason for plaintiffs' request for more discovery is to engage in character assassination by looking for purportedly altered documents all over the world that have absolutely nothing to do with this case. Defendant's issues in other proceedings and in other countries are not probative about the core issues in this case. Simply put, defendant is not on trial for everything he's ever done, and plaintiffs should not be allowed to engage in a fishing expedition to support plaintiffs' flagship trial theme that defendant is a bad person. In fact, plaintiffs' trial strategy was illustrated last Sunday during the deposition of Lynn Wright, defendant's ex-wife, who testified that she is the "W" in plaintiff W&K and that she is a shareholder of the company.[1] Unhappy with that testimony, plaintiffs questioned Ms. Wright about the personal and intimate reasons for her divorce and the dates of her serious medical exams in scheduling her deposition. The questions were mean spirited and insensitive and visibly caused the witness personal stress during the deposition. There is a reason that the Local Rules provide for a specified limited time for discovery (eight months before the Sanction Order is a lot for any case). One of the purposes is to streamline discovery to the core issues in the case. Plaintiffs' requested relief undermines the need and purpose of the Local Rule and Scheduling Order.

Plaintiffs' request for a 90-day extension of the trial date is also unjustified and there is no good cause to continue trial. Specifically, plaintiffs ask for a trial to be delayed until June. Defendant lives in London, and he has already cancelled for a year the dissertation for his PhD to attend mediation, deposition, and hearing. He planned his affairs in line with the Court's current scheduling order. Defendant is scheduled to present his dissertation from June 8-12 and June 15-

---

[1] These facts bear on defendant's subject-matter jurisdiction challenge.

19 in Leicester, England. The graduate conference is only once a year. If he misses it, he will not be able to complete his PhD qualifications.[2]

*Third*, plaintiffs misrepresent that they just learned that nChain "acquired, with full knowledge of plaintiffs potential claims, much of the IP at issue in this case." Motion at 5. Plaintiffs have always known of nChain, formerly nCrypt, *see* Motion at n.4, and that nChain acquired intellectual property from defendant years ago. This transaction was reported in the news, and, before filing this lawsuit, plaintiff Ira Kleiman discussed the transaction with an Australian liquidator for the purpose of convincing the liquidator to pursue claims. *See*, *e.g.*, D.E. 144-3.[3] Tellingly, the liquidator declined to do so because then, as now, plaintiffs have no evidence to support their claims. Defendant also notes that the deadline to add parties lapsed on July 10, 2018.[4]

If the Court were inclined to grant plaintiffs' requests, any additional discovery or expert opinions should be limited to the list of bitcoin holdings that plaintiffs have received. That would not warrant a 90-day continuation of trial, the renewal or revisiting of the 195 documents requests and well over 25 interrogatories, an additional 90 days of discovery *for plaintiffs only*, or 60 days for plaintiffs to serve new expert reports.

---

[2] Notably, the PhD that defendant will complete concerns the regulatory capture and control of bitcoin, to ensure that people pay tax and that money laundering can be controlled, and that violators in the misuse of bitcoin for illegal purposes can be brought to justice under the rule of law. This is essential to defendant's life work and postponement of its completion for another year would be unfairly prejudicial.

[3] Plaintiff Ira Kleiman had many email exchanges with the liquidator; this is one that was already filed in the docket. In another such email, he actually gathers the news articles regarding nChain and sends them to the liquidator.

[4] This date is from the original scheduling order. Subsequent scheduling orders did not amend this deadline.

5

Rather than engaging in a whole new (and third) discovery period, defendant requests that, if the Court determines that any of the requested extensions are warranted, that the Court limit any discovery or expert reports discovery related to the defendant's list of bitcoin holdings. Defendant also requests that the Court shorten the deadlines that plaintiffs propose in their motion (90 days of additional discovery is unreasonable), permit reciprocal discovery as for fundamental fairness and due process, and hold the parties to the present trial period or a trial period within 30 days thereof.

Respectfully submitted,

RIVERO MESTRE LLP
*Attorneys for Dr. Craig Wright*
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: amcgovern@riveromestre.com
Email: arolnick@riveromestre.com
Email: bpaschal@riveromestre.com

By: s/ Andres Rivero
ANDRES RIVERO
Florida Bar No. 613819
ALAN H. ROLNICK
Florida Bar No. 715085
AMANDA MCGOVERN
Florida Bar No. 964263
BRYAN L. PASCHAL
Florida Bar No. 091576

**CERTIFICATE OF SERVICE**

I certify that on January 15, 2020, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

_ /s/Andres Rivero
ANDRES RIVERO