UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC,

      *Plaintiffs,*

v.

CRAIG WRIGHT,

      *Defendant.*

CASE NO.: 9:18-cv-80176-BB

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR NINETY DAY EXTENSION OF PRETRIAL DEADLINES AND FOR CONTINUANCE OF TRIAL DATE**

In an effort to expedite matters, Plaintiffs file this brief Reply and will address only those matters in Defendant's Response necessary to ensure the Court has an accurate understanding of the relevant circumstances.

*First*, Defendant's characterization of the parties' failed settlement discussions is, to put it mildly, deceiving and inaccurate. The parties reached an agreement in principle, and re-affirmed the basic outlines of the settlement repeatedly over nearly two months of trying to document it. While Plaintiffs do not and may not ever know Defendant's true motivation for ending those discussions, the reason was not because Plaintiffs were making "never-ending and unrealistic demands." ECF No. [379] at 2. Defendant never claimed that this was the reason the settlement talks were terminated and such a claim would have been baseless. The fact remains that the parties lost nearly two months of discovery because of the settlement discussions – that is not in dispute.

*Second*, Defendant reads this Court's Order as absolving him of all past transgressions in this case, and any prejudice caused, so long as he produced a list of his bitcoin holdings by

February 3rd.[1]  Frankly, that reading of the Order strains logic because, at a minimum, Plaintiffs would be entitled to discovery flowing from the production of obviously relevant evidence three days before the close of discovery.[2]  Moreover, extension of discovery is not an "additional sanction" – it is instead a recognition that Plaintiffs' ability to prosecute their case has been unfairly prejudiced by Defendant's antics.  ECF No. [379] at 3.

*Third*, Defendant argues that Plaintiffs "have not been foreclosed from relevant discovery." *Id.* at 3.  As pointed out in Plaintiffs' Motion, Plaintiffs and the Court have, from the outset of this case, been faced with Craig's repeated production of forged documents, submissions of false Declarations and providing of perjurious testimony.  It is difficult to explain how hard it is to obtain meaningful discovery under those circumstances.  For example, when Plaintiffs receive a document from Craig, they first have to determine if it is authentic.  That is a step taken for granted in almost all cases, but one that must be addressed in this case given the history.

**Moreover, Defendant keeps producing documents**.  In our original Motion, Plaintiffs pointed out that Defendant had produced over 24,000 documents since December 31st.  Now, today, simultaneous with asking this Court not to extend discovery, Craig produced approximately 20,000 documents (over 85,000 pages) with no explanation of what they are, where they came from, or why they are being produced two days before the end discovery.[3]  The purpose of document production is to allow the opposing party to analyze the production, and take discovery if necessary.  Craig appears poised to keep producing documents up and until the minute discovery

---

[1] Plaintiffs are still assessing whether Craig' has truly "complied" with the Order.
[2] Not to mention the production of a third Tulip Trust document months after it was ordered to be produced and without any prior notice Craig was still in violation of a Court Order.
[3] As of this filing, Plaintiffs do not know what these documents are as they need to first be loaded into a document management system.

ends, and then refuse any inquiries from Plaintiffs because discovery has ended.[4]  This is an "Alice in Wonderland" view of the discovery process.

*Fourth*, although Defendant correctly points out that Plaintiffs argued to Judge Reinhart that it needed to obtain certain discovery because this Court may reverse his sanction, Craig conveniently omits the fact that those arguments were often unsuccessful.  ECF No. [377] at 6.

*Fifth*, although not necessarily germane to the Court's decision on the Motion, Plaintiffs must point out that the allegation that Mr. Roche was "mean spirited" and "insensitive" to Ms. Lynn Wright at her deposition are scurrilous and should never have been included in a pleading. ECF No. [379] at 4; Fed. R. Civ. P. 12(f).  In due course, Plaintiffs will have a lot to say about the deposition of Ms. Wright (which was video recorded).  For now, suffice to say that Mr. Roche acted with the utmost professionalism.

For the reasons set forth in Plaintiffs' original Motion and in this Reply, Plaintiffs respectfully request that this Court enter the full relief requested.

---

[4]  Craig appears desperate to prevent Plaintiffs from fully analyzing and following-up on the documents he is producing as discovery ends.  Given the issues surrounding the authenticity of Craig's prior document productions, this fear is understandable.

Respectfully submitted,

Dated: January 15, 2020  /s/ Andrew S. Brenner_
Andrew S. Brenner, Esq.
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

Velvel (Devin) Freedman, Esq.
Florida Bar No. 99762
**ROCHE FREEDMAN LLP**
200 S. Biscayne Blvd, Suite 5500
Miami, Florida 33131
Telephone: (305) 357-3861
vel@rochefreedman.com
nbermond@rochefreedman.com

Kyle W. Roche, Esq.
Joseph M. Delich, Esq.
*Admitted Pro Hac Vice*
**ROCHE FREEDMAN LLP**
185 Wythe Avenue F2
Brooklyn, NY 11249
kyle@rochefreedman.com
jdelich@rochefreedman.com

*Counsel to Plaintiff Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 15, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Andrew S. Brenner*
ANDREW S. BRENNER