**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

    plaintiffs,

v.                                           **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

    defendant.
_____/

**DR. CRAIG WRIGHT'S OPPOSITION TO PLAINTIFFS'
MOTION FOR RECONSIDERATION OF CERTAIN DISCOVERY REQUESTS[1]**

---

[1] Dr. Wright is not filing this motion under seal because it does not contain confidential information under the stipulated confidentiality order. In doing so, Dr. Wright does not waive the right to argue that the information contained in plaintiffs' motion [D.E. 392] is confidential and that it should continue to be sealed in its entirety.

**INTRODUCTION**

The Court should deny plaintiffs' motion for reconsideration [D.E. 392] (the "Motion"). The Motion does not meet the legal standard for reconsideration, the Court didn't deny plaintiffs' discovery requests because the deemed facts had limited the scope of the trial, and the discovery requests remain cumulative and not proportionate to the needs of the case.

Plaintiffs initially told the Court that because of Judge Bloom's order overturning the deemed facts it would be moving for reconsideration of Judge Reinhart's previous discovery rulings. D.E. 377 at 7. According to plaintiffs, when Judge Reinhart denied those discovery requests, the Judge "weighed that balance based on the posture of the case at the time (*i.e.* key facts deemed admitted and many affirmative defenses stricken)." *Id.* Thus, plaintiffs argued it was necessary to revisit the discovery requests that Judge Reinhart had previously denied.

But Judge Reinhart denied plaintiffs' requests because they were cumulative, not proportionate to the needs of the case, and of little relevance—not because the deemed facts limited the scope of the trial. As Judge Reinhart summarized:

> I'm going to overrule that request, as well. You gotta do what you gotta do, I think at this point this is highly tangential to the main issues in this case. Mr. Freedman, understand that. You got to look for the needle in a haystack, but I don't have to give you the haystack, and I find this to be a haystack.

Hrg. Tr. at 35:14-19 (Jan. 9, 2019). One needn't look any further than the deemed facts to see that there is no connection between them and the discovery requests that the Court previously denied. The deemed facts established that:

> (1) Dr. Wright and David Kleiman entered into a 50/50 partnership to develop Bitcoin intellectual property and to mine bitcoin;
> (2) any Bitcoin-related intellectual property developed by Dr. Wright prior to David Kleiman's death was property of the partnership;
> (3) all bitcoin mined by Dr. Wright prior to David Kleiman's death ("the partnership's bitcoins") was property of the partnership when mined; and,

>    (4) Plaintiffs presently retain an ownership interest in the partnership's bitcoins, and any assets traceable to them.

D.E. 277 at 28-29. But plaintiffs ask the court to reconsider its orders denying 1) additional discovery into the Tulip trusts, 2) additional discovery into the Tulip Trust trustees, 3) additional discovery as to sworn statements by Dr. Wright, and 4) production of additional ATO videos.

Other than the request for the ATO videos, none of those discovery requests are related to the deemed facts (or frankly, any of the main issues in the case). In fact, plaintiffs fail to even mention the substance of the deemed facts in their Motion. As for the ATO videos, Dr. Wright produced all the non-privileged videos six months ago, making this issue moot (but highlighting the fact that plaintiffs didn't bother to review what they had before demanding more).

Plaintiffs now argue that the Court should reconsider the discovery orders because one Tulip Trust document was produced in January of 2020. But that argument is silly because that Tulip Trust document was produced *before* the Court denied the additional discovery into the Tulip trusts. Further, recent case developments reduce the importance of discovery into the Tulip trusts. The trusts were relevant to determine what bitcoin Dr. Wright mined prior to December 31, 2013, but Dr. Wright recently produced that list of bitcoin.

At bottom, Dr. Wright has produced 198,221 documents. Plaintiffs don't show why those documents are insufficient, nor do they show how the discovery requests are relevant to the issues that will be tried before the jury. The discovery requests remain cumulative and not proportionate to the needs of the case.

## DISCUSSION

### A. Plaintiffs' Request Does Not Meet the Standard for Reconsidering a Court's Order

Plaintiffs' request for reconsideration does not meet the applicable legal standard, which, unsurprisingly, plaintiffs fail to cite. In this district, there are only three grounds for reconsideration:

(1) An intervening change in controlling law;
(2) The availability of new evidence; and,
(3) The need to correct clear error or manifest injustice.

*Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007) (citing *Cover v. Wal–Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D.Fla.1993)).

None of those grounds exist here. The law is the same. There is no new evidence. And there was no clear error or manifest injustice. As shown above, there is little connection between the discovery requests and the deemed facts, and the Court didn't deny any of the discovery requests because of the deemed facts. For this reason, Judge Bloom's order overturning the deemed facts cannot serve as a basis for reconsideration and the Court should summarily deny plaintiffs' Motion.

### B. Plaintiffs' Requests are Still Cumulative and Not Proportionate to the Needs of the Case

Even if the Court were to entertain plaintiffs' Motion, the Court should once again deny plaintiffs' requests RFP 13, 14, 31 and RFP 17-21 (asking for additional documents related to the Tulip trustees) because they remain cumulative and not proportionate to the needs of the case. Specifically, as for RFP 13, 14, and 31, the Court has already found that:

> [S]o the search terms and the other discovery that I've allowed were intended to get the plaintiffs significant amount of information as it relates to the creation and operation of the Tulip Trust. I've granted you substantial discovery as it relates to the Bitcoin, and I think at this point to rerun these, at this late date in the discovery process, to rerun just to target Mr.

>Mayaka more specifically is not proportional to the needs of the case and is cumulative in light of the other evidence that you have. And so I'll sustain the objection to 13, 14 and 31.

Hrg. Tr. at 47:21-48:5 (Dec. 18, 2019). The Court then applied the same ruling to RFP 17-21:

>I'm going to hold to my ruling as to the first -- as to the prior request for production. So as to request for productions 17 through 21, I'll sustain the objection as disproportionate and cumulative.

Hrg. Tr. at 48:14-18 (Dec. 18, 2019).

In their Motion, plaintiffs do not even attempt to argue that the requests aren't cumulative, disproportionate, or that they are missing some crucial piece of evidence. Instead, they simply argue (once again) why they think the Tulip trustees are important and relevant (as they did at the December 18th hearing). *See* Motion at 5 (arguing that it now is "clear" to plaintiffs that the Tulip Trust trustee "is at the center of Craig's [supposedly] unlawful scheme…."); Motion at 6 (arguing that the individuals listed in the Tulip trusts are "relevant and important to discovery in this litigation"). But the trustees' involvement in the Tulip trusts is nothing new,[2] and in any event, their involvement doesn't make the documents not cumulative or proportionate. Dr. Wright has already produced 198,221 documents, thousands of which relate to the Tulip trusts and the trustees. Plaintiffs have not articulated why they need the additional documents they seek, nor have they shown how the documents that Dr. Wright has already produced are insufficient to satisfy the needs of the case. There is no reason for the Court to change its ruling.

Plaintiffs' insatiable appetite for documents is best demonstrated by their renewed request for the 122 ATO video files that the Court previously found were not proportionate to the needs of the case. Motion at 6. Plaintiffs maintain that the ATO videos are "the most relevant," (Motion at

---

[2] The trustees were identified many months ago when Dr. Wright produced the Tulip Trust I and II documents.

6), but they fail to note that Dr. Wright already produced the vast majority of those videos to plaintiffs in July of 2019.[3] [4] In other words, plaintiffs never even bothered to check if they had the 122 ATO video files before raising this issue at the January 9, 2020 hearing, and again in their Motion. Plaintiffs' requests clearly are duplicative and cumulative.

For that reason, the Court should also deny plaintiffs' request to reconsider its ruling as to RFP 37, which the Court also found disproportionate to the needs of the case. Hrg. Tr. at 35:14-19 (Jan. 9, 2019) (finding the request akin to searching for a needle in a haystack). In that request, plaintiffs asked for all sworn statements or signed documents by Dr. Wright that relate to bitcoin, trusts, or Satoshi Nakamoto. Once again, plaintiffs fail to address the proportionality of their request, and they fail to address why the 198,221 documents that Dr. Wright has already produced are insufficient.[5] Instead, plaintiffs simply state that there have been "changes to the needs of the

---

[3] In fact, at the January 9th hearing, counsel for Dr. Wright noted that they have already produced many ATO videos and that it was unclear whether plaintiffs even attempted to analyze if the 122 videos they were seeking were already produced. Hrg. Tr. 27:23-28:7 (Jan. 9, 2020). In response, plaintiffs' counsel acknowledged that the request could be "duplicative," but that they "don't know because they don't have [the videos]." *Id.* at 28:13-16. That is not accurate. Plaintiffs' could have easily verified whether those 122 videos were previously selected for processing and production. On May 20, 2019, counsel for Dr. Wright sent plaintiffs' counsel an email with a list of all of Dr. Wrights' multimedia files for plaintiffs to choose which files they wanted to be processed. *See* May 20, 2019, email from Z. Markoe to K. Roche, attached as **Exhibit A**. In that same email, counsel for Dr. Wright also provided plaintiffs with a list of the multimedia files that counsel for Dr. Wright had already started processing for production. *Id.* Included in that list was the 122 ATO videos (which correspond to rows 3384 through 3505 of the Macbook Pro spreadsheet). *Id.* All plaintiffs had to do was refer to that email. Instead, they copied the content from rows 3384 through 3505 of the Macbook Pro spreadsheet (that correspond to the 122 ATO videos) and demanded that Dr. Wright produce those videos.
[4] Except for two videos that were withheld because of privilege, Dr. Wright produced all the unique videos on July 22, 2019.
[5] They also fail to address the deficiencies with their newly proposed search terms. As counsel for Dr. Wright stated at the hearing, the search terms' generic nature was hitting on many irrelevant documents. Hrg. Tr. 32:4-12 (Jan. 9, 2020).

6

case since that ruling." Motion at 7. But, as will be explained below, any changes to the needs of the case mandate the production of fewer documents, not more.

### C. The Court Should Not Reconsider its Order Denying Additional Discovery Related to the Tulip Trusts

The Court should once again deny plaintiffs' request for additional discovery into the Tulip trusts and should once again find that Dr. Wright's deposition is the proper venue for such questions. In the Motion, plaintiffs argue that reconsideration is necessary because the additional Tulip Trust document was only produced on January 6, 2020, and because plaintiffs have rescheduled Dr. Wright's deposition to mid-March. But those stated reasons don't merit a reconsideration of the Court's order.

Starting with the obvious, Dr. Wright produced that Tulip Trust document *before* the hearing where the Court denied plaintiffs' additional requests related to the Tulip trusts. Thus, the supposed "late production" of that trust document cannot logically serve as a basis for reconsidering the Court's order, and, in any event, recent case developments further reduce the need for the requested information.

Dr. Wright recently gained access to the list of bitcoin that he mined prior to December 31, 2013, and he produced the list on January 14, 2020. As such, plaintiffs now have the list of bitcoin that they claim "goes to the heart of [their] case" (D.E. 210 at 2) and they can perform whatever tracing or analysis they believe necessary. For that reason, the Tulip trusts now have a minimal role (if any) in this proceeding. There no longer is any need to probe the trusts to discover their bitcoin holdings—plaintiffs already have that information.

Realizing this, plaintiffs switch course and now argue that the trusts are relevant because they were used to "try and launder and hide bitcoin [that were] stole[n] from Dave" (Motion at 3) but they provide absolutely no basis for that bald (and nonsensical) assertion. It's entirely unclear

7

how one launders bitcoin, especially when the vast majority of the bitcoin have never moved and when plaintiffs have a list of the supposedly stolen, laundered, and hidden bitcoin.

Further, plaintiffs' decision to reschedule Dr. Wright's deposition is not a basis for the Court to reconsider its order. The fact remains that any additional questions that plaintiffs have regarding the additional Tulip Trust document can be best addressed in the deposition of Dr. Wright, which is scheduled to take place in less than a month. There is no need to create additional work by preparing sworn statements, gathering even more documents,[6] and having counsel log additional privileged material.

Dr. Wright is a foreigner who lives in the U.K. and who has U.S. counsel. To adequately prepare a sworn statement, Dr. Wright's counsel would have to travel to the U.K. and meet with Dr. Wright, which is an expensive and time-consuming process. Plaintiffs' questions as to the timing of the production of the additional Tulip Trust document can be resolved by reading the trust document. And plaintiffs' request that Dr. Wright's counsel reveal what steps they took to verify the provenance of the Tulip Trust document clearly intrudes on the work product privilege. None of this is necessary, especially considering the reduced importance of the Tulip trusts. Dr. Wright's 12-hour deposition in London is less than a month away. Plaintiffs can ask their questions then.

---

[6] In the interest of full disclosure, Dr. Wright notes that he has attempted to contact Mr. Mayaka on a separate matter but has been unable to reach him for the past two weeks. Additionally, while counsel for Dr. Wright have recently been provided with some drafts of the additional Tulip Trust document, they are privileged attorney-client communications.

## CONCLUSION

For the foregoing reasons, the Court should deny plaintiffs' Motion. There is no legal basis for reconsidering the Court's previous rulings, and the requested discovery still is cumulative and not proportionate to the needs of the case.

*Attorneys for Dr. Craig Wright*

RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: arolnick@riveromestre.com
Email: amcgovern@riveromestre.com
Email: zkass@riveromestre.com
Email: receptionist@riveromestre.com

By: s/ Andres Rivero
ANDRES RIVERO
Florida Bar No. 613819
JORGE MESTRE
Florida Bar No. 88145
AMANDA MCGOVERN
Florida Bar No. 964263
SCHNEUR KASS
Florida Bar No. 100554
ZAHARAH MARKOE
Florida Bar No. 504734

## CERTIFICATE OF SERVICE

I certify that on February 18, 2020, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

  /s/ Andres Rivero
ANDRES RIVERO
Florida Bar No. 613819