# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>CRAIG WRIGHT,<br><br>Defendant. | CASE NO.: 9:18-cv-80176-BB/BR |

## PLAINTIFFS' REPLY MEMORANDUM
## CHALLENGING CRAIG'S PRIVILEGE DESIGNATIONS

It is Craig's burden to show that a privilege exists and that it has been validly asserted. His opposition fails on both counts.

*First*, this Court should reject the privilege claims for reasons independent of whether a company's privilege survives its dissolution. Defendant has never identified the companies for which he is asserting privilege but asks the Court to accept that this represents an undue burden. He refuses to reach out to any of the "at least 65 individual attorneys" for the companies, but he did obtain a declaration from an Australian lawyer about Australian law. Injecting new and irrelevant arguments like this, while failing to provide straight answers to simple questions is par for the course. The Court should see this for what it is: an attempt to avoid Defendant's failure to articulate the most basic element of a privilege claim: the person or entity that holds the privilege. He cannot have established the privilege's existence when he has not even said who holds it. And even if he had identified the companies purportedly holding privileges over these documents, Defendant's assertion of privilege would fail because he is asserting the privilege for his own good, not the good of the unidentified, defunct companies purportedly holding the privilege.

*Second*, Craig has also failed to show that a dissolved company's privilege survives under Florida law. No Florida court has ever reached such a conclusion, which would conflict with nearly every other court to have considered the issue. Recognizing a privilege under Florida law—for the first time—based on the tenuous showing here, would undermine the principle that because the attorney-client "'privilege obstructs the search for the truth and because its benefits are, at best, "indirect and speculative," it must be "strictly confined within the narrowest possible limits consistent with the logic of its principle."'" *Gilliland v. Geramita*, No. 2:05-CV-01059, 2006 WL 2642525, at *2 (W.D. Pa. Sept. 14, 2006) (quoting *In re Grand Jury Investigation*, 599 F.2d 1224,

1

1235 (3d Cir. 1979)). And Defendant has failed to show that Australian law is relevant here or that it creates an enforceable privilege that does not exist under Florida law.

For those reasons, the Court should order Defendant to produce all documents withheld based on a third-party privilege.

### I. Craig has not met his burden to establish a valid privilege because he has not even identified the companies that hold the privileges he asserts.

It is Defendant's burden to prove a valid privilege. *See In re Grand Jury Investigation (Schroeder)*, 842 F.2d 1223, 1225 (11th Cir. 1987).

Craig has yet to name the companies for which he is asserting privilege. Instead, Plaintiffs have needed to guess at the origins of the privileges Craig asserts, ultimately creating a chart of 17 companies for their opening brief. In his opposition, Craig complains that he would be forced to "reach out to the representatives of 17 foreign corporations." D.E. [394] at 3.

This raises the question whether Craig even knew which companies' privileges he was asserting until Plaintiffs generated a list for him, especially because Plaintiffs' motion identified 18 companies. Besides the 17 companies in the chart, Plaintiffs also identified nChain as a possible source of Craig's privilege assertion. Perhaps his complaint about reaching out to 17 companies means Craig is not asserting privilege on behalf nChain, or that he is not asserting privilege on behalf of one company in the chart, or that he is asserting privilege on behalf of 17 entirely different companies. There is no way for anyone but Craig to know.

This game of "guess who" lacks the level of specificity necessary for a valid assertion of privilege.

### II. Craig cannot claim a corporate privilege for his personal gain.

Craig cannot invoke a former company's privilege for his own benefit. In his opposition, Craig cited a South Carolina case for the proposition that a dissolved corporation's privilege

continues to exist. D.E. [394] at 5 (citing *PCS Nitrogen, Inc. v. Ross Dev. Corp.*, No. 2:09-3171-MBS, 2011 WL 3665335, at *3–4 (D.S.C. 2011)). But that case only underscores that even if Florida law recognized a privilege held by defunct companies, Craig would lack the power to invoke it:

> Despite the court's finding that the attorney-client privilege of a dissolved corporation can be asserted under certain circumstances, the court finds that, under the circumstances of this case, the Ross Directors' assertion of the privilege with regard to Warran's advice to Ross after September 2005 is inappropriate. As the parties asserting the attorney-client privilege, Defendants have the burden of proving that the privilege applies. Defendants have not met this burden. **The Supreme Court has stated that it is impermissible for corporate decision makers to assert the attorney-client privilege to protect their own interests instead of those of the corporation.** The allegations of PCS in this case are that the only interests that would be protected by the assertion of the privilege for communications related to Ross's dissolution are those of the Ross Directors. Ross has not set forth any other reason for raising the privilege. Specifically, Ross, as a dissolved corporation, has not asserted any interest in maintaining goodwill, protecting its reputation or protecting any available assets. On the facts of this case, the court finds that the assertion of Ross's attorney-client privilege with regard to legal advice provided to Ross by Warran after September 2005 appears to be an attempt to protect the personal interests of the Ross Directors. This would be an impermissible purpose. Therefore, Ross's motions for protective orders are denied . . . . **Any documents proposed to be withheld by asserting the attorney-client privilege solely to protect the interests of the Ross Directors would be improper.**

*PCS Nitrogen, Inc.*, 2011 WL 3665335, at *4–5 (emphasis added) (citations omitted).

Because they largely no longer exist, Craig's former companies cannot benefit from his privilege claims. Craig's privilege assertions are simply naked attempts to gain an unfair advantage by using these former companies to avoid producing relevant evidence to Plaintiffs. Craig's own authorities make clear that this would be "inappropriate," "impermissible," and "improper."

**III.    No privilege exists for dissolved companies under Florida law.**

Defendant does not contest Plaintiffs' showing that all but three of the companies identified by Plaintiffs have ceased to exist. Defendant also appears to concede that most federal and state courts to consider this issue conclude that defunct corporations do not maintain an attorney-client

3

privilege. *See, e.g.*, *In re Fundamental Long Term Care, Inc.*, No. 8:11–bk–22258–MGW, 2012 WL 4815321, at *9 (Bankr. M.D. Fla. Oct. 9, 2012); *Gilliland*, 2006 WL 2642525, at *4.

Defendant fails to grasp that his contrary authorities are easily reconciled with the majority rule. Other courts have rejected similar arguments "that these cases are contrary to the general rule that the privilege does not survive dissolution and [have] instead conclude[d] that they represent exceptions to the general rule." *Affiniti Colorado, LLC v. Kissinger & Fellman, P.C.*, No. 19CA0574, --- P.3d ---, 2019 WL 4309532, at *9 (Colo. App. Sept. 12, 2019). The "disparate results turn not upon the application of different rules of law, but upon differences in facts." *Red Vision Sys., Inc. v. Nat'l Real Estate Info. Servs., L.P.*, 108 A.3d 54, 65 (Penn. Super. Ct. 2015).

> The key fact is whether the corporation is "dead" as opposed to being in some other state, such as a windup phase, bankruptcy or liquidation, or having merged into or been acquired by a successor. In the latter cases, there was a person or entity which succeeded to the defunct company's interests and authority to assert the privilege; in the former, no such person or entity existed.

*Id.* Craig has identified no "successors" that might assert privilege and has accordingly done nothing to contradict Plaintiffs' showing that the companies are largely "dead" or defunct.

Defendant is also wrong on his reading of Florida Statutes section 90.502(3)(d), which identifies who can assert a privilege, not whether there is a privilege to assert. Despite a very similar provision in California law, California does not recognize a continuing attorney-client privilege for defunct corporations. *See Virtue Glob. Holdings Ltd. v. Rearden LLC*, No. 15-cv-00797-JST, 2016 WL 1588268, at *5 (N.D. Cal. Apr. 20, 2016) (determining no privilege even though Cal. Evid. Code section 953 defines the "holder" of the privilege to include "successor, assign, trustee in dissolution, or any similar representative of a firm, association, organization, partnership, business trust, corporation, or public entity that is no longer in existence"). Federal

4

common law and California law (and, by extension, Florida law) are not in tension, and federal precedents clarify the duration of the privilege. *See id.* at *3.[1]

The weight of precedent points towards the conclusion that dissolved companies do not maintain an attorney-client privilege, and nothing in the text of Florida Statutes section 90.502(3)(d) requires a different outcome.

### IV. Defendant forfeited application of Australian law and failed to give notice.

Australian law is irrelevant because Defendant has forfeited its application by arguing that Florida law should govern while failing to develop any Australian choice of law argument and by failing to provide the notice of his intent to raise an issue of foreign law as required by Federal Rule of Civil Procedure 44.1.

By arguing in his opposition that "it is Florida law that determines whether a corporation's privilege survives its dissolution," D.E. [394] at 4, while failing to develop any contrary choice of law argument for Australian law, Craig forfeited the application of Australian law. *See Pulte Home Corp. v. Osmose Wood Preserving, Inc.*, 60 F.3d 734, 739 n.15 (11th Cir. 1995) (holding that a choice of law issue was waived where the appellant argued for the application of Florida law and changed course only after district court's ruling for the appellee). Defendant offers only a conclusory assertion that Australian law is relevant, with no choice of law analysis or facts about the privilege over the documents at issue. That is insufficient to invoke Australian law. *See Monaker Grp., Inc. v. RealBiz Media Grp., Inc.*, No. 16-24978-CIV, 2017 WL 2911797, at *5 (S.D. Fla. Jan. 15, 2017) (rejecting choice of law argument because the plaintiff failed to offer

---

[1] The state statutes in the cases that Defendant cites from other states, D.E. [394] at 5, specifically address the ability to exercise the attorney-client privilege upon final *dissolution* of the corporation. These statutes created an inference that the privilege survived dissolution. The Florida statute Craig cites does not reference dissolution of a corporation. Craig also cites *S.E.C. v. Carrillo Huettel LLP*, No. 13 Civ. 1735(GBD)(JCF), 2015 WL 1610282, at *3 (S.D.N.Y. Apr. 8, 2015), but that case held that the privilege *did not survive* corporate dissolution.

5

more than conclusory assertions without analysis); *see also Endurance Am. Specialty Ins. Co. v. United Constr. Eng'g, Inc.*, 343 F. Supp. 3d 1274, 1278 n.3 (S.D. Fla. 2018) (concluding argument waived for insufficient development), *aff'd*, 786 F. App'x 195 (11th Cir. 2019) .

Defendant also did not provide the required reasonable notice that he would be raising an issue of Australian law. He did not mention Australian law in his privilege log and never served a Rule 44.1 notice before his response. Courts decline to apply foreign law when the timing of notice is unreasonable. *See In re Application of Sergeeva*, No. 1:13-CV-3437-LMM-RGV, 2015 WL 12862925, at *8 (N.D. Ga. Oct. 13, 2015) (rejecting foreign law defense to production of documents as raised too late), *aff'd sub nom. Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194 (11th Cir. 2016); *Anderson v. McAllister Towing & Transp. Co.*, 17 F. Supp. 2d 1280, 1286 n.6 (S.D. Ala. 1998) (rejecting application of Saudi Arabian law because of untimely Rule 44.1 notice), *aff'd sub nom*. *Anderson v. McAllister Towing*, 202 F.3d 287 (11th Cir. 1999).

**V.      The Court should not apply an Australian privilege contrary to public policy.**

Even if producing the documents might be contrary to Australian law, comity does not justify recognizing the privilege because it would conflict with public policy principles recognized by U.S. and Florida courts. *See Medtronic Xomed, Inc. v. Gyrus ENT LLC*, No. 3:04-cv-400-J-32MCR, 2005 WL 8153803, at *5 (M.D. Fla. Dec. 22, 2005) ("Comity is subject to an important exception: foreign authority is inadmissable when it is contrary to that of the forum jurisdiction or prejudicial to its interest.").

*Medtronic* declined to recognize a U.K. privilege for communications with a U.K. and European patent agent. *Id.* The consultations with the patent agent would not have qualified as privileged under U.S. law. The court held that comity did not nevertheless call for recognizing the U.K. privilege because it conflicted with the principles underlying U.S. privilege law to encourage free and open communication with attorneys within the limit that "'exceptions to the demand for

6

every man's evidence are not lightly created nor expansively construed, for they are in derogation of the search for truth.'" *Id.* (quoting *United States v. Nixon*, 418 U.S. 683, 710 (1974)).

If anything, the case against recognizing the privilege is even stronger here than it was in *Medtronic*. In the United States, "there is no 'tradition' of the privilege surviving the demise of a corporation." *Carrillo Huettel*, 2015 WL 1610282, at *2. "The possibility that a corporation's management will hesitate to confide in legal counsel out of concern that such communication may become unprivileged after the corporation's demise is too remote and hypothetical to outweigh the countervailing policy considerations supporting discoverability." *Gilliland*, 2006 WL 2642525, at *4 (citing Attorney-Corporate Client Privilege § 2.08).

"Finally, 'limiting the duration of the attorney-client privilege to the life of a corporation is consistent with the principle that the privilege is to be construed narrowly because it withholds relevant information from the judicial process.'" *United States v. Cox*, No. 8:14-cr-0140-T-23MAP, 2015 WL 13741738, at *3 (M.D. Fla. Oct. 7, 2015) (quoting *Carillo Huettel*, 2015 WL 1610282, at *3). The Court should therefore reject the application of Australian law even if it might recognize the privilege asserted by Craig.

**VI.  Conclusion**

For the foregoing reasons and those in Plaintiffs' initial memorandum, the Court should grant the remedies described in Plaintiffs' request for relief and order the production of all improperly withheld documents.

Dated:  February 19, 2020

Respectfully submitted,

By: */s/ Velvel Devin Freedman*
Velvel (Devin) Freedman, Esq.
ROCHE CYRULNIK FREEDMAN LLP
200 S. Biscayne Blvd.
Suite 5500 Miami, Florida 33131
vel@rcfllp.com

>Kyle W. Roche, Esq.
>Joseph M. Delich
>ROCHE CYRULNIK FREEDMAN LLP
>99 Park Avenue, 19th Floor
>New York, New York 10016
>kyle@rcfllp.com
>jdelich@rcfllp.com
>
>Andrew S. Brenner, Esq.
>**BOIES SCHILLER FLEXNER LLP**
>100 SE 2nd Street, Suite 2800
>Miami, Florida 33131
>abrenner@bsfllp.com
>
>*Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 19, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

>*/s/ Velvel Freedman*
>VELVEL (DEVIN) FREEDMAN

8