UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>*Plaintiffs,*<br><br>v.<br><br>CRAIG WRIGHT<br><br>*Defendant.* | CASE NO.:  9:18-cv-80176-BB/BR |

# REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF DISCOVERY REQUESTS

As explained below, Dr. Wright's response to Plaintiffs' motion for reconsideration fails to demonstrate that his prior objections should still be sustained. He relies primarily on the contention that the requests are duplicative or irrelevant, but the complaints ring hollow in light of his discovery conduct to date, and, more importantly, the changed landscape of the case occasioned by the reversal of the sanctions Order.

**I.    The Court May Properly Reconsider Its Earlier Rulings.**

Dr. Wright urges this court to hold Plaintiffs' requests to the heightened standard typically applied to motions for reconsideration, which that they be brought on one of three grounds: (1) new law, (2) new evidence, or (3) clear error/manifest injustice. *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1343 (S.D. Fla. 2007). He contends that the motion must be denied because "[t]he law is the same" and "[t]here is no new evidence."

To put it simply: those requirements do not apply to rulings made without prejudice to later reconsideration, and even if they did, the reversal of the sanctions order easily would easily satisfy them.

1

### A. The Typical Reconsideration Requirements Do Not Apply Because The Court's Earlier Rulings Were Explicitly Without Prejudice

While most motions for reconsideration are held to this heightened standard, it is inapplicable here because the earlier rulings were explicitly without prejudice to re-raising the requests later. *See* Dec. 20, 2019 Hrg. Tr. ("I'm going to sustain the objection without prejudice."); Jan. 9, 2019 Hrg. Tr. ("My rulings today are without prejudice to the plaintiff seeking some additional remedy if they believe one is warranted after the depositions of Mr. -- of Dr. Wright and Ms. Watts."). Furthermore, this Court has, on numerous occasions, informed the parties that "everything is without prejudice" and that "every ruling I make as to discovery is without prejudice as the case develops." Feb. 20, 2019 Hrg. Tr. 91:15–17.

### B. The Intervening Sanctions Reversal Is A Sufficient Ground For Reconsideration.

Regardless, the reversal of sanctions would be a sufficient ground for reconsideration. When the Court previously ruled on these discovery requests, it was deemed established that there was a partnership and that there was a partnership to mine bitcoin and that Plaintiffs' "presently retain an ownership interest in the partnership's bitcoin, and any assets traceable to them." D.E. [277] at 28–29.

The relevance inquiry was fundamentally different when discovery was largely devoted to proving the identity and amount of those assets. Evidence was more likely to be cumulative and therefore unduly burdensome to produce. Plaintiffs must now establish the elements of their claims, which means evidence is less likely to be cumulative or unduly burdensome.

## II. Dr. Wright Has Not Met His Burden To Show Plaintiffs' Requests Are Cumulative

"To show that the requested discovery is otherwise objectionable, the onus is on the objecting party to demonstrate with specificity how the objected-to request is unreasonable or otherwise unduly burdensome." *Reilly v. Chipotle Mexican Grill, Inc.*, No. 15-23425-CIV, 2016

WL 10646561, at *2 (S.D. Fla. Sept. 22, 2016). Because Dr. Wright "has the burden of showing the injury with specificity," the court "should only limit discovery 'based on evidence of the burden involved, not on a mere recitation that the discovery request is unduly burdensome.'" *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698–99 (S.D. Fla. 2008) (quoting *Pacific Gas and Elec. Co. v. United States*, 69 Fed.Cl. 323, 325 (Fed. Cl. 2005)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id.*

> Boilerplate objections and generalized responses are improper. This District has frequently held that objections which fail to sufficiently specify the grounds on which they are based are improper and without merit. More specifically, objections simply stating that a request is "overly broad, or unduly burdensome" are meaningless and without merit.

*Reilly*, 2016 WL 10646561, at *2.

Dr. Wright's opposition and objections are insufficient as a matter of law because they lack the required level of detail showing that these documents are cumulative or the expense will be an undue burden.

### A. The Number Of Documents Produced Is Irrelevant

Dr. Wright complains that he has "produced 198,221 documents," but the mere number of documents produced does not have any bearing on whether additional discovery would be cumulative. For one thing, it says nothing about the number of documents not produced or the quality of the documents produced to date.

### B. Dr. Wright's Discovery Abuses Provide A Colorable Basis To Suspect He Continues To Withhold Other Non-Cumulative Documents

The mere "fact that some of the information contained in the [requested documents] appear in some other documents already produced is not enough to excuse" Dr. Wright from his obligation to respond. *In re Consorcio Ecuatoriano de Telecomunicaciones S.A.*, No. 10-MC-22320, 2012

WL 13114035, at *3 (S.D. Fla. July 16, 2012); *Guerra v. Prof'l Plumbing Corp.*, No. 09-20882-CIV, 2009 WL 2834837, at *1 (S.D. Fla. Aug. 27, 2009) ("Moreover, as a general rule, the mere possibility that information sought in discovery might be available from a different source or by asking for a different set of documents—i.e., Plaintiffs' "professional business expense records"—does not render the discovery request objectionable.").

"Indeed, the fact that the opposing party may have a particular document in his possession, custody, or control, in and of itself, may have some significance." *Puccio v. Sclafani*, No. 12-61840-CIV, 2013 WL 4068782, at *2 (S.D. Fla. Aug. 12, 2013). For example, it would be highly relevant if Dr. Wright other copies of the Tulip Trust III document or any other documents related to it, even though one version has now been produced.

It is especially inappropriate to presume documents will be cumulative given Dr. Wright's history of fabricating or altering evidence. *Compare Calixto v. Watson Bowman Acme Corp.*, No. 07-60077-CIV, 2009 WL 3823390, at *21 (S.D. Fla. Nov. 16, 2009) (finding requested discovery was cumulative where there "no evidence indicates that [the defendant] has improperly deleted or otherwise failed to provide to Plaintiff responsive documents."). The potential for "duplicates" with independent significance is particularly of concern since comparing different copies of documents is one of the principal ways that Plaintiffs have been able to expose Dr. Wright's forgeries, which should only increase his burden to demonstrate the documents sought will be cumulative.

The simple truth is that Dr. Wright cannot be entrusted to produce relevant documents. The late production of Tulip Trust III with no explanation of its provenance[1] and his refusal to produce

---

[1] In his objections to RFPs 13, 14, and 31, Dr. Wright had stated that those "expansive request[s] would include all documents that mention" Abacus, Equator Consultants or Denis Mayaka, "regardless of whether those documents relate to plaintiffs' claims" and that instead he

documents relating to the new "bonded courier" list only show that Dr. Wright continues to withhold relevant and responsive documents. This conduct calls for more discovery, not less.

**III.   Plaintiff's Should Not Be Forced To Rely On Deposing Dr. Wright Without All Relevant Documents**

The opportunity to depose Dr. Wright cannot substitute for his obligation to produce all relevant and responsive documents. *See, e.g.*, *Jasmin v. TB 22 Mario's Inc*., No. 06-80302-CIV, 2007 WL 9701877, at *4 (S.D. Fla. Jan. 4, 2007) ("This Court, however, is reluctant to conclude that all discoverable information was obtained through deposition, and that discovery of further relevant information would be unreasonably cumulative or duplicative.").

While this may be true in every case, it especially critical in this one. Dr. Wright has demonstrated that he had an uncomfortable relationship with the truth, this Court has found he forged documents and perjured himself, and Plaintiffs expect he will continue to obfuscate without hesitation at his deposition. Plaintiffs may be able to use documents obtained in the additional discovery requested to try and get closer to the truth, which they already expect will be a difficult task.

**IV.   The Bonded Courier List Does Not Make The Trusts Irrelevant**

Dr. Wright attempt to undo the last year of his representations in this litigation about trusts and trustees by declaring it irrelevant in light of his delivery of the "bonded courier" list purporting to be his bitcoin holdings. The Court should reject this attempt at a clean slate.

Moreover, the trusts — the inherently contradictory stories Dr. Wright has told about the trusts — are intimately connected to the theft of bitcoin that belonged to Dave Kleiman and/or the

---

would produce documents "that relate to David Kleiman, W&K, or the Tulip Trusts." The failure to produce the most recent Tulip Trust agreement shows he failed to do so.

partnership. Exposing the fraudulent nature of the trusts is therefore highly relevant to Plaintiffs claims as it goes toward proving the theft they were designed to cover up.

## CONCLUSION

For the reasons set forth above, the Court should compel Dr. Wright to produce the relevant discovery.

Dated: February 25, 2020

Respectfully submitted,

By: */s/ Velvel Devin Freedman*
Velvel (Devin) Freedman, Esq.
ROCHE CYRULNIK FREEDMAN LLP
200 S. Biscayne Blvd.
Suite 5500 Miami, Florida 33131
vel@rcfllp.com

Kyle W. Roche, Esq.
Joseph M. Delich
ROCHE CYRULNIK FREEDMAN LLP
99 Park Avenue, 19th Floor
New York, New York 10016
kyle@rcfllp.com
jdelich@rcfllp.com

Andrew S. Brenner, Esq.
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

*Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*