UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-80176-CV-Bloom/Reinhart

IRA KLEIMAN, and
W&K INFO RESEARCH, LLC,

        Plaintiffs,

v.

CRAIG WRIGHT,

        Defendant.

_____/

## ORDER ON MOTION FOR RECONSIDERATION
## OF CERTAIN DISCOVERY REQUESTS (DE 392)

Plaintiffs have filed a Sealed Motion for Reconsideration of Certain Discovery Requests. DE 392. I have reviewed the Motion, the Response, and the Reply. DE 395, 407. The Motion is **GRANTED IN PART and DENIED IN PART**.[1]

Plaintiffs argue that I should reconsider prior discovery rulings because those decisions were influenced by my belief that certain facts would be deemed proven for purposes of trial. Although I asked counsel questions related to how those deemed facts might affect discovery, ultimately none of my decisions relied on the District Court adopting my recommendation as to those facts. Nevertheless, as I have repeatedly told the parties, all discovery rulings are without prejudice to *de novo* reconsideration if a party in good faith believes the Rule 26(b)(1) analysis has changed. I read Plaintiff's Motion to ask for reconsideration on this independent basis. Therefore,

---

[1] The pleading was filed under seal because it appended a document that Defendant had marked as "confidential." This Order does not reference the contents of the appended document, so it is not being filed under seal.

I reject Defendant's argument that I should apply the standard for a Motion for Reconsideration, *see* DE 395 at 4, and I will reconsider my prior rulings.

Plaintiffs ask the Court to order:

- "Defense counsel to provide plaintiffs with a non-privileged description of the steps they took to (i) collect [the Tulip Trust III] document, (ii) investigate its provenance, and (iii) verify and explain how no document or original with metadata exists." DE 392 at 3-4.

- Defendant "to provide a sworn statement to this Court explaining (1) when this document was created, (2) why this document was created, (3) who took possession of the original document after he signed it in 2017, (4) why he didn't disclose its existence when ordered to." *Id.* at 4.

- Defendant "to demand the original copy (or the oldest copy available) [of the Tulip Trust III document] from Denis Mayaka." *Id.*

- Defendant to produce a copy of "the video referenced in Schedule D" of the Tulip Trust III document within 10 days or to explain why no such video exists. *Id.*

- Defendant to produce all documents responsive to Requests for Production 13, 14, and 31 from Plaintiffs' Fifth Set of Requests for Production. *Id.* at 4-5.

- Defendant to produce all documents responsive to Requests for Production 17-21 from Plaintiffs' Fifth Set of Requests for Production. *Id.* at 5-6. These requests seek all documents that mention Selma Francis, Tim Maland, Liana Tall, R. Gustavsson, or Imram Chughtai, who Plaintiff asserts are "listed as trustees on the Tulip Trust." *Id.* at 6.

- Defendant to produce 122 videos related to the Australian Tax Office investigation. *Id.* at 6-7.

- Defendant to produce all documents responsive to Request for Production 37 from Plaintiffs' Fifth Set of Requests for Production. *Id.* at 7. This request seeks all sworn statements from Defendant that relate to bitcoin, trusts, or Satoshi Nakamoto.

I will address each request separately.

1. I decline to order Defense counsel to provide a non-privileged description of the steps they took to investigate the Tulip Trust III document. The Federal Rules of Civil Procedure require counsel to undertake a "reasonable inquiry" prior to making a discovery response. *See* Fed. R. Civ. P. 26(g)(1); *see also* Fed. R. Civ. P. 11 (requiring "inquiry reasonable under the circumstances"). Plaintiffs have not cited any authority for the proposition that the information obtained during this inquiry is non-privileged or otherwise discoverable. To state the obvious, counsel are not parties to the litigation and are not subject to discovery under Title V of the Federal Rules of Civil Procedure (Rules 26-37). Dr. Wright is. Plaintiffs can inquire of Dr. Wright at his deposition about the origins and history of the Tulip Trust III document. Even assuming non-privileged information exists that would reveal defense counsel's inquiry, requiring defense counsel to produce that information would be unduly burdensome on the attorney-client relationship and is otherwise disproportionate given that Plaintiffs can ask the relevant questions to Dr. Wright at his deposition.

2. I decline to order Dr. Wright to provide a sworn statement to the Court explaining the history of the Tulip Trust III documents. I deem Plaintiffs to be asking for leave to propound additional interrogatories pursuant to Fed. R. Civ. P. 33(a)(1), which allows me to authorize a party to serve more than 25 written interrogatories "to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 33(a)(1). Judge Bloom recently authorized Plaintiffs to serve seven additional interrogatories related to the bonded courier. DE 382. I have previously authorized both sides to

exceed the 25-interrogatory limit. Nevertheless, I will deny this request. Dr. Wright is being deposed for 12 hours over two days on March 16 and 18, which is less than 30 days from today. Plaintiffs can ask these questions during the deposition, with the opportunity to appropriate follow-up inquiry on the spot. Requiring a written statement is cumulative, disproportionate to the needs of the case, and (given the imminent deposition) the burden of preparing such a statement outweighs the marginal benefit.

3. Plaintiffs next ask that I order Defendant "to demand the original copy (or the oldest copy available) [of the Tulip Trust III document] from Denis Mayaka." Plaintiffs also ask for an order requiring Dr. Wright to produce "the video referenced in Schedule D." DE 392 at 4; *see* DE 369-1 at 19. Plaintiffs' Motion does not cite a specific Request for Production that would encompass these documents, although given that Plaintiffs have now propounded over 190 Requests for Production, I assume for the sake of discussion that a relevant Request for Production exists. I find that these materials are relevant and proportional to the needs of the case.

Therefore, Dr. Wright is required to produce these documents if they are within his "possession, custody, or control." Fed. R. Civ. P. 34. "Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand." *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *see also Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1201 (11th Cir. 2016) ("'the legal right to obtain documents requested upon demand' may be established where affiliated corporate entities—who claim to be providers of complimentary and international financial services—have actually shared responsive information and documents in the normal course of their business dealings.") (citations omitted); *Costa v. Kerzner Int'l Resorts, Inc.*, 277 F.R.D. 468, 470–71 (S.D. Fla. 2011) (allowing discovery based on a "practical ability to obtain" responsive documents).

Assuming a proper Request for Production covers these documents, **prior to the discovery hearing scheduled for March 5, 2020, at 2:30 p.m.**, Dr. Wright shall either (i) produce the documents if they are in his possession, custody, or control, (ii) serve a written response to the Request for Production stating that, after a reasonable inquiry, no responsive documents exist, *see* Fed. R. Civ. P. 34(b)(2) or (iii) serve a written response to the Request of Production stating that, after a reasonable inquiry, he has determined that responsive documents exist but those documents are not within his care, custody, or control.  Any electronic version of the document(s) shall be produced in native format with metadata intact.  If necessary, I will conduct an evidentiary hearing prior to Dr. Wright's deposition to resolve any objections to the production of these documents.

4.  Plaintiffs next ask that I compel Defendant to produce all documents responsive to Requests for Production 13, 14, and 31 from Plaintiffs' Fifth Set of Requests for Production. I previously addressed this issue at a discovery hearing on December 18, 2019.  DE 348.  Having reviewed the transcript of that hearing, I reaffirm my prior ruling that, in light of the agreed search terms and the other discovery provided, the additional requested material is disproportionate to the needs of the case.  *See* DE 348 at 38-48.

5.  Plaintiffs next ask that I compel Defendant to produce all documents responsive to Requests for Production 17-21 from Plaintiffs' Fifth Set of Requests for Production.  I reaffirm my ruling from the December 18, 2019, discovery hearing that Defendant need not produce these documents.  *See* DE 348 at 48.  No intervening event has changed my analysis.

6.  Plaintiffs ask that Defendant be compelled to produce 122 videos related to the Australian Tax Office investigation.  Defendant's Response states that these videos have already been produced. DE 395 at 5-6.  Plaintiffs' Reply did not contest this factual representation by Defendant.  Therefore, the request to compel the 122 videos is moot.

5

7. Finally, Plaintiffs ask that I compel Defendant to produce all documents responsive to Request for Production 37 from Plaintiffs' Fifth Set of Requests for Production, which seeks all sworn statements from Defendant that relate to bitcoin, trusts, or Satoshi Nakamoto. I reaffirm my prior ruling on January 9, 2020, that Defendant need not produce these documents:

> I'm going to overrule that request, as well. I think at this point this is highly tangential to the main issues in this case. You gotta do what you gotta do, Mr. Freedman, understand that. You got to look for the needle in a haystack, but I don't have to give you the haystack, and I find this to be a haystack.
>
> We are deep, deep, deep into this case. I have to judge what's proportional to the needs of the case as we sit here today, and I just find that the likelihood that we're going to find relevant information in comparison to the exercise -- again, if it takes them one minute per document, to review 2200 documents, that's still hours, and hours, and hours, and I find that to be disproportionate.

DE 383 at 35-36. The same analysis still applies.

**WHEREFORE**, it is **ORDERED** that Plaintiffs' Motion for Reconsideration of Certain Discovery Requests is **GRANTED IN PART and DENIED IN PART**. **On or before March 5, 2020, at 2:30 p.m.**, Defendant shall produce the original Trust Agreement for the Tulip Trust dated on or about July 7, 2017, or a properly authenticated copy that complies with Federal Rules of Evidence 1001(d), 901, and 902. In addition to an original hard copy, if the document exists in electronic format, it shall be produced in native format with metadata intact. Defendant also shall produce the video referenced in Schedule D to the Trust Agreement. Alternatively, Defendant shall serve a written Response to Request for Production stating that, after a reasonable inquiry, no responsive documents exist, *see* Fed. R. Civ. P. 34(b)(2) or serve a written response to the Request of Production stating that, after a reasonable inquiry, he has determined that responsive documents exist, but those documents are not within his care, custody, or control.

**DONE AND ORDERED** in Chambers this 2nd day of March, 2020, at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE