UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  18-80176-CV-Bloom/Reinhart

IRA KLEIMAN, and
W&K INFO RESEARCH, LLC,

                    Plaintiff,

v.

CRAIG WRIGHT,

                    Defendant.

_____/

## ORDER TO SHOW CAUSE REGARDING SEALED DOCUMENTS

I *sua sponte* address the issue of whether certain pleadings should remain sealed.

On January 9, 2020, Plaintiffs filed a Notice of Filing the Third Tulip Trust document, which appended the Tulip Trust Agreement dated July 7, 2017.  DE 369.  Consistent with the Stipulated Confidentiality Order, Plaintiffs moved to seal the filing because Defendant had marked the trust document as "confidential."  DE 367.  The parties each submitted their proposed redactions to the trust document at DE 369-1 for *in camera* review.  I hereby overrule Plaintiffs' objections and adopt Defendant's proposed redactions.  Accordingly, the Notice of Filing at DE 369 shall be unsealed and Defendant shall separately file the attached Third Tulip Trust document (DE 369-1) with his redactions.

On February 4, 2020, Plaintiffs filed their Motion for Reconsideration of Certain Discovery Requests under seal because it appended a trust document dated October 24, 2012, which Defendant had marked "confidential."  DE 391, 392.  On February 24, 2020, the parties filed under seal a Joint Discovery Memorandum that referenced certain documents that Defendant had marked as "confidential."  DE 403, 404.  Each of the Motions to Seal was granted

pending further order of the Court.  DE 393, 405.  Yesterday, on March 3, 2020, Plaintiffs filed their Corrected Motion for Letter Rogatory under seal because it referenced certain documents that Defendant had marked as "confidential."  DE 409, 412.  This motion to seal remains pending.

There is "a general presumption that criminal and civil actions should be conducted publicly . . . includ[ing] the right to inspect and copy public records and documents." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1311 (11th Cir. 2001); *see also* S.D. Fla. Local Rule 5.4(a) ("Unless otherwise prohibited by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record.").   The Eleventh Circuit makes a distinction between materials filed in relation to motions to compel discovery and materials filed on merits-related motions (such as motions to dismiss or motions for summary judgment).  "[M]aterial filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right." *Chicago Tribune Co.,* 263 F.3d at 1312 & n. 11 (footnote symbol omitted); *see Romero v. Drummond Co., Inc.,* 480 F.3d 1234, 1245 (11th Cir. 2007) ("Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access").

> The common law right of access may be overcome by a showing of good cause, which requires "balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential."  "[W]hether good cause exists ... is ... decided by the nature and character of the information in question."  In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public

concerns, and the availability of a less onerous alternative to sealing the documents. A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information.

*Romero,* 480 F.3d at 1246 (citations omitted) (brackets in original). There is a lesser right of access for court filings "less central to merits resolutions." *Id.*

Separately, Rule 26(c) of the Federal Rules of Civil Procedure permits the Court to protect "a party or person from annoyance, embarrassment, oppression, or undue burden," including by requiring that "confidential . . . commercial information . . . be revealed only in a specified way." This authority includes the ability to order that documents filed with the Court be kept under seal. *See Chicago Tribune Co*., 263 F.3d at 1313.

On or before **March 20, 2020 at 5:00 p.m.,** Defendant is hereby **ORDERED TO SHOW CAUSE** why these pleadings (DE 392, 404, 412) should not be unsealed, in whole or in redacted form.

**The Clerk of the Court is hereby ORDERED TO UNSEAL** the Notice of Filing at DE 369 (the attachment at DE 369-1 will remain under seal). Defendant is **ORDERED** to separately file the redacted version of the attached trust document at DE 369-1.

**DONE AND ORDERED** in Chambers this 4th day of March, 2020, at West Palm Beach in the Southern District of Florida.

BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE