## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>Plaintiffs,<br><br>v.<br><br>CRAIG WRIGHT<br><br>Defendant. | **CASE NO.: 9:18-cv-80176-BB** |

### REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE

To: The Senior Master of the Queen's Bench Division of the High Court, Royal Courts of Justice, Strand, London, WC2A 2LL, United Kingdom

From: Hon. Beth Bloom, United States District Judge, 400 North Miami Avenue, Chambers 10-2, Miami, Florida 33128, United States

Request for Judicial Assistance Pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters Concluded 19 March 1970.

The United States District Court, Southern District of Florida presents its compliments to you and requests your assistance in the following manner:

### I.   Information Provided Pursuant to Convention Article 3(a)

*Requesting Court:*

In conformity with Article 3 of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, concluded 18 March 1970 (the "Convention"), the United States District Court, Southern District of Florida (United States District Judge Beth Bloom, presiding), respectfully requests the assistance of your honorable court with regard to the matters set forth below. The Court has presided over this matter since February 2018 and has carefully reviewed the categories of evidence listed below and considers the evidence sought is directly relevant to the issues in dispute and is not discovery within the meaning of Article 23 of the Hague Evidence Convention, that is, discovery "for the purpose of obtaining pre-trial discovery of documents as known in Common Law countries."

*Full title of action:*

The full title of the action in which international judicial assistance is requested is Ira Kleiman, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC, against Craig Wright. The case number of this action in the United States District Court, Southern District of Florida, is Case No. 9:18-cv-80176-BB.

## II. Information Provided Pursuant to Convention Article 3(b)

*Plaintiffs*

Plaintiffs are Ira Kleiman, acting in his capacity as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC, a Florida limited liability corporation ("Plaintiffs"). Ira Kleiman resides at 5104 Robino Circle, West Palm Beach, Florida 33417, United States. Ira Kleiman also serves as the registered agent for W&K Info Defense Research LLC.

Plaintiffs are represented in this action by Devin (Velvel) Freedman and Kyle Roche of Roche Cyrulnik and Freedman LLP, and Andrew Brenner of Boies Schiller Flexner LLP.

*Defendant*

Defendant is Craig Wright. Craig Wright resides at 21 Harebell Hill, Cobham, United Kingdon.

Defendant is represented by Andres Rivero, Alan Rolnick, Amanda McGovern, Bryan Paschal, Schneur Kass, and Zahrah Markoe of Rivero Mestre LLP.

## III. Information Provided Pursuant to Convention Article 3(c)

*Plaintiffs' Claims asserted in the United States District Court, Southern District of Florida:*

Plaintiffs' Second Amended Complaint ("SAC") includes claims for Conversion, Unjust Enrichment, Breach of Fiduciary Duty, Breach of Partnership Duties of Loyalty and Care, Fraud, Constructive Fraud, Permanent Injunction, and Civil Theft. A copy of the SAC is attached as Exhibit 1.

The SAC alleges that from circa 2008 and on, Dave Kleiman and Craig Wright partnered to create Bitcoin and that through their partnership they mined over a million bitcoins together. *Exhibit 1* at ¶¶ 53–57, 65. The SAC alleges that after Dave's death, Craig unlawfully and without permission took control of, and exercised exclusive possession over, the bitcoins that allegedly belonged to the Estate and W&K *Id.* at ¶ 111. It also alleges that Craig holds the stolen bitcoin in trusts only known and controlled by him. *Id.* While the SAC alleges that the exact number of bitcoins stolen remains to be determined, the SAC contends that the Estate is entitled to at least 300,000 bitcoins, along with their forked assets. *Id.* at ¶ 112.

The Amended Complaint also alleges that "Dave, in partnership with Craig, created intellectual property both in his individual capacity and through W&K." *Id.* at ¶¶ 65–66. Plaintiffs allege the Defendant unlawfully took these assets as well.

2

## IV. Information Provided Pursuant to Convention Article 3(d)

It is necessary for the purpose of justice and for the due determination of the matters in dispute between the parties that you cause the witnesses listed below, who are residents within your jurisdiction, to be subject to oral examinations which will be scheduled to commence on a date to be determined in consultation with this Court.

After considering the requests, the case, and the matters to be proven, I have determined that the evidence sought is relevant to the proceedings, will be used to prove Plaintiffs' case, and is permissible under the Convention. Furthermore, there is a protective order entered in this case that any party may use to designate testimony or documents as confidential, if appropriate, in order to protect their confidentiality and/or privacy.

*nChain Limited:* nChain Limited was incorporated under the laws of the United Kingdom in October 2015.[1] Its company number is 09823112, and its registered address is Coddan Cpm, 3rd Floor 120 Baker Street, London, England, W1U 6TU. The Defendant has testified that is employed as nChain's Chief Scientist, and about business interactions with former nChain directors Robert McGregor and Stefan Matthews which involved the sale of Satoshi Nakamoto's life rights, *i.e.*, the rights to tell the story of the Satoshi Nakamoto partnership in dispute.

## V. Information Provided Pursuant to Convention Article 3(g)

*Documents to be produced:*

Accordingly, I request that the Order of this Court instruct nChain Limited to produce and authenticate the following documents, described below, which are in its custody, possession, or control:

1. All documents and communications that relate to W&K Info Defense Research, Dave Kleiman, Satoshi Nakamoto, or trusts created for the purpose of holding/assigning bitcoin/bitcoin rights, including all documents and communications related to business dealings between Craig Wright and nChain that involved the transfer of intellectual property or the sale of the Satoshi Nakamoto life rights.

2. All emails between O'Hagan and nChain employees.

3. All documents related to nChain's exercise of its power of attorney over Craig Wright's intellectual property in connection with this litigation.

## VI. Information Provided Pursuant to Convention Article 3(i)

*Specification of privilege or duty to refuse to give evidence under the laws of the State of origin:*

Under the laws of the United States, a party has a privilege to refuse to give evidence if the evidence discloses a confidential communication between that party and an attorney for that party that was made for the purpose of obtaining legal advice and which privilege has not been waived

---

[1] Prior to November 3, 2016, nChain Limited was named nCrypt Limited.

explicitly or implicitly. Parties also enjoy a privilege not to testify to the confidential communications made during the marriage.

Parties also enjoy limited privileges on other grounds not relevant here such as communications between physician and patient, psychotherapist and patient, or clergy and penitent.

US law also recognizes a privilege against criminal self-incrimination.

Outside the strict area of privilege, certain limited immunities are available that may place restrictions on the giving of evidence, such as the limited protection of documents created as the work product of attorneys during or in anticipation of litigation.

*Details:*

It is proposed that the documents be produced for inspection at the offices of Boies Schiller Flexner LLP at 5 New Street Square London, EC4A 3BF United Kingdom.

*Fees and costs:*

The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by Plaintiffs.

## VII. Conclusion

This Court expresses its appreciation for this assistance. The courts of the United States are authorized by Section 1782 of title 28 of the United States Code to extend similar assistance to the courts of England and Wales. This Court is prepared to provide reciprocal assistance to the English courts in any circumstances where it may be required and extends to the judicial authorities of England the assurances of the highest consideration.

Date of Request:

9th March, 2020

Signature and seal of the requesting authority

The Honorable Bruce Reinhart
United States District Court
Southern District of Florida
400 North Miami Avenue
Chambers 10-2
Miami, Florida 33128
United States of America

Done in Chambers in Florida this 9 day of _____, 2020.

Seal of the Court

Bruce Reinhart
United States District Judge