UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC,<br><br>    *Plaintiffs,*<br><br>v.<br><br>CRAIG WRIGHT,<br><br>    *Defendant.* | CASE NO.:  9:18-cv-80176-BB |

**PLAINTIFFS' EXPEDITED MOTION TO POSTPONE DR. WRIGHT'S DEPOSITION**

  The following London depositions are scheduled for next week: Dr. Wright (Mar. 16 & 18), Mr. O'Hagan (Mar. 17), and Ms. Watts (Mar. 19). The Plaintiffs had planned to take these depositions in person but, due to the COVID-19 virus and the issues associated with traveling internationally, have agreed to take the depositions of Mr. O'Hagan and Ms. Watts by video.

  The situation with Dr. Wright is more complicated. In light of concerns about the COVID-19 virus, traveling to London presents extreme difficulties and potentially serious health risks (especially for counsel with young children at home). Unlike the depositions of Mr. O'Hagan and Ms. Watts, however, taking Dr. Wright's deposition by videoconference will cause significant administrative and substantive issues. As to the former, Plaintiffs expect the deposition will be document intensive. To do that by videoconference is difficult. To do it on such short notice is even more so.

  Substantively, given the experiences deposing and examining Dr. Wright to date, Plaintiffs are highly reluctant to take his deposition remotely. Given the importance of Dr. Wright's

testimony, Plaintiffs want to do whatever they can to take his deposition in person. Unfortunately, the COVID-19 virus makes travel to London not feasible at this time.

Plaintiffs want to take Dr. Wright's deposition as soon as possible, but they cannot simply ignore the potential health risks to themselves and, their families, or the risk of being affected by limitations on travel, such as the U.K. implementing a nation-wide "Italian-style lockdown." Paul Nuki, *Coronavirus: Why Britain could be only weeks away from an Italian-style lockdown*, THE TELEGRAPH (Mar. 9, 2020), https://www.telegraph.co.uk/global-health/science-and-disease/coronavirus-britain-will-need-do-avoid-lockdown-fate-italy/.

Courts have already recognized that COVID-19 "presents a serious public health threat." *Standing Order Concerning COVID-19 Precautionary Measures* (Del. Ch. Mar. 6, 2020); *see also As Coronavirus Spreads, Some Courts Shutter, Others Carry On*, LAW.COM (Mar. 10, 2020), https://www.law.com/2020/03/10/as-coronavirus-spreads-some-courts-shutter-others-carry-on/.

Just yesterday, the Florida Department of Health advised "all individuals traveling internationally to self-isolate for 14 days" and that "the situation in Florida is swiftly changing."[1] While the Florida DOH later revised its guidance to track the CDC instructions to self-quarantine if traveling from only certain countries (China, Italy, Iran, and South Korea), both the initial advisory and its sudden revision only underscore the seriousness of the danger and the still-uncertain scope of the threat. And "[d]espite travel restrictions for Italians, planes continued to fly passengers between the country's locked-down region and the UK." *Foreign Office warns Britons against all but essential travel to Italy*, THE GUARDIAN (Mar. 9, 2020),

---

[1] Bobby Caina Calvan, *Florida health officials clarify, say they want travelers to follow CDC guidelines on self-quarantine,* mysuncoast.com (Mar. 9, 2020), https://www.mysuncoast.com/2020/03/09/coronavirus-prompts-florida-ask-travelers-self-quarantine/.

https://www.theguardian.com/world/2020/mar/09/foreign-office-urged-to-bring-in-total-ban-on-travel-from-uk-to-italy.

Accordingly, Plaintiffs inquired whether the Defendant would travel to Miami for the current deposition dates. Defense counsel represented this wasn't possible. Consequently, Plaintiffs requested whether Defendant could reschedule the deposition for a later date. Defense counsel informed Plaintiffs that also wasn't possible as those dates represent Dr. Wright's only availability for the rest of the discovery period.

Plaintiffs "would be prejudiced if not allowed to take the deposition[] in-person." *Arval Serv. Lease S.A. v. Clifton*, No. 3:14-CV-1047-J-39MCR, 2015 WL 12818837, at *3 (M.D. Fla. June 23, 2015). "Courts have noted that telephonic depositions—although sometimes necessary—are disfavored when the deponent is a party in a case potentially involving issues of the deponent's credibility." *Huddleston v. Bowling Green Inn of Pensacola*, 333 F.R.D. 581, 586 (N.D. Fla. 2019); *see* Order, D.E. [420] at 6 (Mar. 9, 2020) ("Nevertheless, I give no weight to sworn statements of Dr. Wright that advance his interests but that have not been challenged by cross-examination and for which I cannot make a credibility determination. I have previously found that Dr. Wright gave perjured testimony in my presence.").

> Telephonic depositions also do not allow the parties to ascertain whether someone is coaching the deponent or providing the deponent with answers to the questions posed. Telephonic depositions also complicate the process of displaying exhibits to a deponent—particularly in complex cases or those involving voluminous documents—and can lead to confusion if the interrogator and deponent fail to remain synchronized in their examination of exhibits.

*Huddleston*, 333 F.R.D. at 587.

Plaintiffs' accordingly request that the Court order Dr. Wright's deposition rescheduled for the week of March 23. This will allow the parties to wait and see if the situation has improved enough for international travel, while still ensuring that the deposition takes place prior to expert

disclosures. In the event that it has not, the additional time will also allow Plaintiffs enough time to prepare to take Dr. Wright's deposition by video, which Plaintiffs acknowledge may be unavoidable unless the situation with COVID-19 improves soon.

An expedited response by this Thursday March 12 because Dr. Wright's deposition is scheduled for Monday March 16 and arrangements need to be made.

## CONCLUSION

Accordingly, Plaintiffs request the Court grant a two-week postponement for Dr. Wright's Deposition to allow for the chance it may be taken in person if the COVID-19 situation improves or at least become less uncertain, and to give Plaintiffs time to prepare for a video deposition in the event it does not.

## S.D. FLA. L.R. 7.1 CERTIFICATION

In accordance with S.D. Fla. L.R. 7.1(a)(3), counsel for Plaintiffs conferred with Defendant's counsel who opposes the relief sought here.

Respectfully submitted,

Dated: March 10, 2020

/s/ Velvel (Devin) Freedman
Velvel (Devin) Freedman, Esq.
Florida Bar No. 99762
**ROCHE CYRULNIK FREEDMAN LLP**
200 S. Biscayne Blvd, Suite 5500
Miami, Florida 33131
Telephone: (305) 357-3861
vel@rcfllp.com
nbermond@rcfllp.com

Kyle W. Roche, Esq.
Joseph M. Delich, Esq.
*Admitted Pro Hac Vice*
**ROCHE CYRULNIK FREEDMAN LLP**
99 Park Avenue, Suite 1910
New York, NY 10016
kyle@rcfllp.com
jdelich@rcfllp.com

>Andrew S. Brenner, Esq.
>**BOIES SCHILLER FLEXNER LLP**
>100 SE 2nd Street, Suite 2800
>Miami, Florida 33131
>abrenner@bsfllp.com
>
>*Counsel to Plaintiff Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 10, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

>*/s/ Velvel Freedman*
>VELVEL (DEVIN) FREEDMAN