**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

    plaintiffs,
v.                                                                                    **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

    defendant.
_____/

## DR. CRAIG WRIGHT'S RESPONSE TO PLAINTIFFS' MOTION TO POSTPONE HIS LONG-SCHEDULED DEPOSITION

Plaintiffs ask this Court to postpone the deposition of Dr. Wright by one week. But Dr. Wright's deposition has been scheduled for almost two months after all parties, their counsel, and Judge Reinhart cleared the dates of March 16 and 18. Postponing the deposition by one week makes no sense. It will not add any certainty because the COVID-19 virus is not expected to improve within the next two weeks.[1] Indeed, the Chief Medical Officer for England has been quoted as stating, "We are now very close to the time, probably in the next 10 to 14 days, where we should say everybody who has even minor respiratory tract infections or a fever should be self-isolating for seven days afterwards." https://www.telegraph.co.uk/global-health/science-and-disease/coronavirus-britain-will-need-do-avoid-lockdown-fate-italy/.  It is thus clear that postponing Dr. Wright's deposition to the week of March 23 (within the 10 to 14-day period discussed) in an attempt to allow it to proceed in person is not realistic.  The only reasonable proposal is to take Dr. Wright's deposition by video on the long-scheduled and agreed-upon dates,

---

[1] In fact, the articles cited by plaintiffs in their motion to postpone Dr. Wright's deposition [D.E. 422] (the "Motion") indicate that it likely will be getting much worse.

as the parties have done for all remaining depositions, to address the current situation. Plaintiffs' second request for postponement is not justified and should be denied.

The parties started working on dates for Dr. Wright's deposition on January 16, 2020, almost two months ago. The dates were coordinated between all parties, their counsel, and Judge Reinhart, who will be presiding over the deposition. Dr. Wright has long-standing professional and family commitments through April 17, 2020, which is the discovery cutoff date. Further, during the week of March 23, Dr. Wright's lead trial counsel have personal commitments (Amanda McGovern's children are home for spring break and Andres Rivero has a pre-planned vacation in celebration of turning 60), and Dr. Wright will be making his thesis presentation to a review panel as a necessary step to obtain his Doctor of Law in financial and security law specializing in digital assets. This presentation has already been postponed due to this litigation and a second postponement will remove him from this doctoral program.  It would thus be extremely prejudicial and unfair to move the deposition for a week that is not feasible in any event.

Further, contrary to plaintiffs' assertion in their Motion, proceeding by video deposition would not impede plaintiffs' ability to cross-examine Dr. Wright effectively. This situation is not the same as in *Huddleston v. Bowling Green Inn of Pensacola*, 333 F.R.D. 581, 586 (N.D. Fla. 2019), to which plaintiffs cite. Dr. Wright's deposition would proceed *by video*, not by phone, and it will be taking place *in Boies Schiller's London office and supervised by Judge Reinhart*.[2] As such, any concerns that might arise can be addressed by Judge Reinhart in real-time.

---

[2] This Court has already authorized the parties to take the depositions of Jamie Wilson and Lynn Wright by video and plaintiffs have stated that they intend to take the depositions of Mr. O'Hagan and Ms. Watts by video on their scheduled dates. Dr. Wright's deposition should be no different.

Finally, plaintiffs' bald statement that they cannot proceed with a video deposition on "such short notice" (Motion at 1) does not support a postponement. Dr. Wright's deposition has been set for many weeks and Boies Schillers' London office clearly is equipped and staffed to conduct a deposition by video. In fact, Dr. Wright's deposition was always intended to have a video feed to permit Judge Reinhart to preside over the deposition from West Palm Beach, and plaintiffs were already planning to ensure that Judge Reinhart had access to documents they might want to introduce during the deposition. Moreover, it is inconceivable that Boies Schiller, a multinational firm, does not have systems in place where its London office and Miami office can share documents and information either instantaneously, or nearly so. Even if documents needed to be sent from Miami to London, Federal Express offers overnight delivery services where documents can be sent and arrive in London in 24 hours. In any event, there are file share programs where plaintiffs can upload electronic documents, and the Boies Schiller London office can download those same documents and print them in time for the deposition.

For the foregoing reasons, Dr. Wright asks the Court to deny plaintiffs' request to postpone his deposition by one week. Instead, it should procced on the previously scheduled dates of March 16 and March 18 by video, under Judge Reinhart's supervision.

*Attorneys for Dr. Craig Wright*

RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: amcgovern@riveromestre.com
Email: zkass@riveromestre.com
Email: receptionist@riveromestre.com

By: s/ Amanda McGovern

> AMANDA MCGOVERN
> Florida Bar No. 964263
> ANDRES RIVERO
> Florida Bar No. 613819
> SCHNEUR KASS
> Florida Bar No. 100554
> ZAHARAH MARKOE
> Florida Bar No. 504734

## CERTIFICATE OF SERVICE

I certify that on March 11, 2020, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

> /s/ Schneur Kass
> SCHNEUR KASS
> Florida Bar No. 100554