## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN,
as personal representative of
the estate of David Kleiman,
and W&K INFO DEFENSE RESEARCH,
LLC

      Plaintiffs,

         v.                       **Case No. 9:18-cv-80176**

CRAIG WRIGHT,

      Defendant.

_____/

## CRAIG WRIGHT'S RESPONSES AND OBJECTIONS TO
## PLAINTIFFS' FIFTH REQUEST FOR PRODUCTION

In accordance with Rule 34 of the Federal Rules of Civil Procedure, Defendant Craig

Wright responds to Plaintiffs' Fifth Request for Production (the "***Requests***") as follows:

## PRELIMINARY STATEMENT

Plaintiffs' lawsuit against Dr. Wright was first filed almost 5 years after the unfortunate

death of David Kleiman. Most of the Requests are, at best, tangentially related to the claims in

the Second Amended Complaint ("***SAC***") but seek to impose the incredibly burdensome task of

searching for and producing documents from over a decade ago that are not routinely

maintained. Dr. Wright has not completed his investigation of this action. The responses set forth

below are based on his knowledge, information, and belief at this time. The individual responses

and objections are not intended to be, and should not be interpreted as, a representation as to the

existence or nonexistence of specific documents in his possession, custody, or control. Indeed,

Dr. Wright cannot state that documents responsive to the Requests still exist but will endeavor to

search for documents related to the claims in the SAC and his affirmative defenses in good faith.

Dr. Wright incorporates by reference this preliminary statement in each of his specific responses below and reserves the right to amend or supplement his response to each specific request.

Subject to the responses and objections set forth below, Dr. Wright agrees to search for and produce responsive, non-privileged documents in his personal possession, custody, or control in a mutually agreeable fashion on a rolling basis as such documents become available. Dr. Wright's counsel is available to meet and confer with Plaintiffs' counsel regarding these responses and objections at a mutually convenient time.

## SPECIFIC RESPONSES TO DEFINITIONS

### Definition No. 2

Dr. Wright objects to this definition to the extent that it seeks to enforce a duty upon him to produce documents outside of his personal custody and control, or which he has no authority to provide. Moreover, Dr. Wright objects to this definition to the extent that Plaintiffs seek to improperly obtain discovery from non-parties and appear to treat any entity that has any connection to Dr. Wright as a party to this litigation, when Plaintiffs have not sued anyone other than Dr. Craig Wright individually (even after amending their complaint twice). Further, Dr. Wright objects to this definition to the extent it seeks to impose on him knowledge he may not possess. For example, one can be a beneficiary of a whole host of entities including trusts without being aware of that fact.

### Definition No. 4

Dr. Wright objects to this definition to the extent it includes documents that are protected by the attorney-client privilege, attorney work-product doctrine, spousal privilege, or any other privilege or protection from production under relevant statutes and case law, including the laws of foreign nations. He also objects to this definition to the extent that it seeks to impose on him

obligations greater than those set forth in the Federal Rules of Civil Procedure. Dr. Wright further objects to this definition to the extent that it seeks documents available in the public domain, which are more convenient, less burdensome, and less expensive to obtain.

**Definition No. 5**

Dr. Wright objects to this definition to the extent that it seeks duplicative documents, including, but not limited to, electronic documents with the same hash value.

**Definition No. 6**

Dr. Wright objects to this definition to the extent that it seeks documents available in the public domain. Moreover, Dr. Wright objects to this definition to the extent that it seeks documents protected and restricted by the laws of foreign nations where the data was created or is maintained.

**Definition No. 7**

Dr. Wright objects to this definition to the extent that it seeks documents not in his possession, custody, or control. Dr. Wright further objects to this definition to the extent that it seeks documents that may be covered under confidentiality or non-disclosure agreements. Moreover, Dr. Wright objects to this definition to the extent that it seeks documents protected and restricted by the laws of foreign nations where the data was created or is maintained.

**Definition No. 12**

Dr. Wright objects to this definition to the extent that it seeks to impose on him obligations greater than those set forth in the Federal Rules of Civil Procedure. Dr. Wright further objects to this definition as it has no relevance to the requests and is not used here.

**Definition No. 13**

Dr. Wright objects to the use of the disjunctive to include the conjunctive (and vice

versa), because it makes the requests unintelligible.

**Definition No. 17**

The Court ruled during the February 20, 2019, discovery hearing that this time period

ends on March 14, 2018.

## RESPONSES TO REQUESTS FOR PRODUCTION

**Request No. 1**

All documents that mention Satoshi Nakamoto.

**Response to Request No. 1**

Dr. Wright objects to this request because it is overbroad, exceeds the relevant time frame

ordered by the Court on February 20, 2019 and not proportional to the needs of the case. This

expansive request would include all documents that mention Satoshi Nakamoto regardless of

whether those documents relate to plaintiffs' claims, *i.e.,* the alleged theft of Dave Kleiman's

bitcoin and intellectual property.  Further, this request is unreasonably cumulative and

duplicative of Request No. 45 from Plaintiffs' Second Request for Production, which asks for all

communications between:

    a. Hal Finney;
    b. Wei Dai;
    c. Lynn Wright;
    d. Ramona Watts;
    e. Jimmy Nguyen;
    f. Calvin Ayre;
    g. Roger Ver;
    h. Robert MacGregor;
    i. Stefan Matthews;
    j. Gavin Andresen;
    k. Mike Hearn;
    l. Uyen Nguyen;

m. Dave Kleiman;

n. Michele Seven;

o. Patrick Page;

p. Carter Conrad;

q. Any person at Computer Forensics LLC;

r. Any person at the Global Institute for Cyber Security Research ("GISCR");

s. Deborah Kobza;

t. Ross Ulbricht (any communications with "Dread Pirate Roberts" should
be included);

u. Shyaam Sundhar;

v. Andrew O'Hagan;

w. John Chester;

x. Jamie Wilson;

that relate to "Satoshi Nakamoto." In accordance with this Court's order, counsel for Dr. Wright

spent twelve hours negotiating all search terms, which include the search terms for Request No.

45. In once again requesting this information, it appears that plaintiffs are attempting to

renegotiate those search terms that were resolved months ago. This is unreasonable and contrary

to the Court's order.

**Request No. 2**

A copy of all emails contained in the Satoshi Nakamoto email accounts

satoshin@gmx.com, satoshi@vistomail.com, and satoshi@anonymousspeech.com. The time

limit on this request is January 1, 2008 through December 31, 2013.

**Response to Request No. 2**

Dr. Wright objects to this request because it is overbroad, exceeds the relevant time frame

ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This

expansive request would include all emails in the account regardless of whether they were

drafted by Dave Kleiman, and regardless of whether they relate to bitcoin, the bitcoin protocol,

or any purported collaboration between Dr. Wright and Dave Kleiman. Dr. Wright further notes

that he no longer has access to those email accounts and that he has not maintained copies of the emails contained in those accounts. Subject to the forgoing objections, Dr. Wright will produce those documents that he has in his possession, custody, or control (if any) and that he is able to identify as having been sent by Dave Kleiman.

**Request No. 3**

All documents related to the operation and control over the satoshin@gmx.com, satoshi@vistomail.com, and satoshi@anonymousspeech.com accounts.

**Response to Request No. 3**

Dr. Wright objects to this request because it is overbroad, exceeds the relevant time frame ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all documents related to the operation and control over those accounts, regardless of whether they relate to Dave Kleiman. Subject to the forgoing objections, Dr. Wright will produce documents related to the operation and control over those accounts that he has in his possession, custody, or control that relate to Dave Kleiman.

**Request No. 4**

A decrypted version of the Tulip Trust.pdf.tar.asc included in Dave Kleiman's June 24, 2011 email to Craig Wright.

**Response to Request No. 4**

Dr. Wright objects to this request as unreasonably cumulative and duplicative of Request No. 7 from Plaintiffs' First Request for Production, which asks for "all documents and communications that relate in any way to a trust and/or company, corporation, or legal entity that are, in anyway [sic] connected or related to you, and that incorporates the word 'tulip' or 'tulips' in its name and/or documents." Dr. Wright has already produced the non-privileged documents

within his personal possession, custody, or control that relate to the Tulip trusts. As for the specific document requested, Dr. Wright has not maintained all his PGP keys and he is unable to decrypt the file.

**Request No. 5**

All documents related to the 0133224d trust.

**Response to Request No. 5**

Dr. Wright does not believe that he has any responsive documents in his possession, custody or control. However, he will search for (with the use of search terms) and produce any non-privileged documents, to the extent that any such documents exist.

**Request No. 6**

All documents related to Tulip Trust 1.

**Response to Request No. 6**

Dr. Wright objects to this request as unreasonably cumulative and duplicative of Request No. 7 from Plaintiffs' First Request for Production, which asks for "all documents and communications that relate in any way to a trust and/or company, corporation, or legal entity that are, in anyway [sic] connected or related to you, and that incorporates the word 'tulip' or 'tulips' in its name and/or documents." Dr. Wright has already produced the non-privileged documents within his personal possession, custody, or control that relate to the Tulip Trusts.

**Request No. 7**

All documents related to Tulip Trust II.

**Response to Request No. 7**

Dr. Wright objects to this request as unreasonably cumulative and duplicative of Request

No. 7 from Plaintiffs' First Request for Production, which asks for "all documents and communications that relate in any way to a trust and/or company, corporation, or legal entity that are, in anyway [sic] connected or related to you, and that incorporates the word 'tulip' or 'tulips' in its name and/or documents." Dr. Wright has already produced the non-privileged documents within his personal possession, custody, or control that relate to the Tulip Trusts.

**Request No. 8**

All documents related to Wright International Investments Ltd, that also relate to the formation of, ownership in, or employees/officers/directors in that entity, or that refer to bitcoin(s), Satoshi Nakamoto, or trusts.

**Response to Request No. 8**

Dr. Wright objects to this request because it is overbroad, exceeds the relevant time frame ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all documents related to Wright International Investments Ltd. and its employees/officers/directors, or all documents related to that entity and any bitcoins, Satoshi Nakomoto, or any trusts, regardless of whether those documents relate to plaintiffs' claims, *i.e.,* the alleged theft of Dave Kleiman's bitcoin and intellectual property. Subject to the forgoing objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from January 1, 2008 to March 14, 2018 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 9**

All documents related to Tulip Trading ltd that also relate to the formation of, ownership in, or employees/officers/directors in that entity, or that refer to bitcoin(s), Satoshi

Nakamoto, or trusts.

**Response to Request No. 9**

Dr. Wright objects to this request as unreasonably cumulative and duplicative of Request No. 7 from Plaintiffs' First Request for Production, which asks for "all documents and communications that relate in any way to a trust and/or company, corporation, or legal entity that are, in anyway [sic] connected or related to you, and that incorporates the word 'tulip' or 'tulips' in its name and/or documents." Dr. Wright has already produced the non-privileged documents within his personal possession, custody, or control that relate to the Tulip Trusts.

**Request No. 10**

All documents related to Co1n ltd.

**Response to Request No. 10**

Dr. Wright objects to this request because it is overbroad, unduly burdensome, exceeds the relevant time frame ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all documents related to C01n Ltd. regardless of whether they relate to David Kleiman, W&K, or the Tulip Trusts. Subject to the forgoing objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from January 1, 2008 to March 14, 2018 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 11**

All documents related to Panopticrypt Ltd, that also relate to the formation of, ownership in, or employees/officers/directors in that entity, or that refer to bitcoin(s), Satoshi Nakamoto, or trusts.

**Response to Request No. 11**

Dr. Wright objects to this request because it is overbroad, unduly burdensome, exceeds the relevant time frame ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all documents related to Panopticrypt Ltd. and its employees/officers/directors, or all documents related to that entity and any bitcoins, Satoshi Nakamoto, or any trust, regardless of whether those documents relate to plaintiffs' claims, *i.e.,* the alleged theft of Dave Kleiman's bitcoin and intellectual property. Subject to the forgoing objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from January 1, 2008 to March 14, 2018 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 12**

All documents related to Savanah Ltd.

**Response to Request No. 12**

Dr. Wright objects to this request because it is overbroad, exceeds the relevant time frame ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all documents related to Savanah Ltd. regardless of whether those documents relate to plaintiffs' claims, *i.e.,* the alleged theft of Dave Kleiman's bitcoin and intellectual property. Subject to the forgoing objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from January 1, 2008 to March 14, 2018 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 13**

All documents to, from, or that mention Equator Consultants AG.

**Response to Request No. 13**

Dr. Wright objects to this request because it is overbroad, exceeds the relevant time frame ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all documents related to Equator Consultants AG. regardless of whether those documents relate to plaintiffs' claims, *i.e.,* the alleged theft of Dave Kleiman's bitcoin and intellectual property. Subject to the forgoing objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from January 1, 2008 to March 14, 2018 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 14**

All documents to, form, or that mention, Abacus.

**Response to Request No. 14**

Dr. Wright objects to this request because it is overbroad, exceeds the relevant time frame ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all documents that mention Abacus regardless of whether those documents relate to plaintiffs' claims, *i.e.,* the alleged theft of Dave Kleiman's bitcoin and intellectual property.  Subject to the forgoing objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from January 1, 2008 to March 14, 2018 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 15**

All documents to, from, or that mention High Secured.

**Response to Request No. 15**

Dr. Wright objects to this request because it is overbroad, exceeds the relevant time frame ordered by the Court on February 20, 2019, not proportional to the needs of the case, and calls for the production of documents covered by the attorney client privilege. This expansive request would include all documents related to High Secured regardless of whether those documents relate to plaintiffs' claims, *i.e.,* the alleged theft of Dave Kleiman's bitcoin and intellectual property.  Subject to the forgoing objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from January 1, 2008 to March 14, 2018 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 16**

All documents to, from, or that mention Signia Enterprises.

**Response to Request No. 16**

Dr. Wright objects to this request because it is overbroad, exceeds the relevant time frame ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all documents related to Signia Enterprises regardless of whether those documents relate to plaintiffs' claims, *i.e.,* the alleged theft of Dave Kleiman's bitcoin and intellectual property. Subject to the forgoing objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from January 1, 2008 to March 14, 2018 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 17**

All documents to, from, or that mention Selma Francis that refer to bitcoin(s), Satoshi Nakamoto, or trusts.

**Response to Request No. 17**

Dr. Wright objects to this request because it is overbroad, exceeds the relevant time frame ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all documents related to Selma Francis that refer to bitcoins, Satoshi Nakamoto, or any trust regardless of whether those documents relate to plaintiffs' claims, *i.e.,* the alleged theft of Dave Kleiman's bitcoin and intellectual property. Further, this request is unreasonably cumulative and duplicative of Request No. 1, which asks for "all documents that mention Satoshi Nakamoto." Subject to the forgoing objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from January 1, 2008 to March 14, 2018 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 18**

All documents to, from, or that mention Tim Maland that refer to bitcoin(s), Satoshi Nakamoto, trusts, Wright International Investments Ltd, or Tulip Trading Ltd.

**Response to Request No. 18**

Dr. Wright objects to this request because it is overbroad, exceeds the relevant time frame ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all documents related to Tim Maland that refer to bitcoins, Satoshi Nakamoto, any trusts, Wright International Investments Ltd., or Tulip Trading Ltd. regardless of whether those documents relate to plaintiffs' claims, *i.e.,* the alleged theft of Dave Kleiman's bitcoin and intellectual property. Further, this request is unreasonably cumulative and duplicative of Request No. 1, which asks for "all documents that mention Satoshi Nakamoto," and Request No. 7 from Plaintiffs' First Request for Production, which asks for all documents

13

that mention "the word 'tulip' or 'tulips.'" Subject to the forgoing objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from January 1, 2008 to March 14, 2018 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 19**

All documents to, from, or that mention Liana Tall that refer to bitcoin(s), Satoshi Nakamoto, trusts, Wright International Investments Ltd, or Tulip Trading Ltd.

**Response to Request No. 19**

Dr. Wright objects to this request because it is overbroad, exceeds the relevant time frame ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all documents related to Liana Tall that refer to bitcoins, Satoshi Nakamoto, any trusts, Wright International Investments Ltd., or Tulip Trading Ltd. regardless of whether those documents relate to plaintiffs' claims, *i.e.,* the alleged theft of Dave Kleiman's bitcoin and intellectual property. This request also is unreasonably cumulative and duplicative of Request No. 1, which asks for "all documents that mention Satoshi Nakamoto," and Request No. 7 from Plaintiffs' First Request for Production, which asks for all documents that mention "the word 'tulip' or 'tulips.'" Subject to the forgoing objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from January 1, 2008 to March 14, 2018 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 20**

All documents to, from, or that mention R. Gustavsson that refer to bitcoin(s), Satoshi Nakamoto, trusts, Wright International Investments Ltd, or Tulip Trading ltd.

**Response to Request No. 20**

Dr. Wright objects to this request because it is overbroad, exceeds the relevant time frame ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all documents related to R. Gustavsson that refer to bitcoins, Satoshi Nakamoto, any trusts, Wright International Investments Ltd., or Tulip Trading Ltd. regardless of whether those documents relate to plaintiffs' claims, *i.e.,* the alleged theft of Dave Kleiman's bitcoin and intellectual property. This request also is unreasonably cumulative and duplicative of Request No. 1, which asks for "all documents that mention Satoshi Nakamoto," and Request No. 7 from Plaintiffs' First Request for Production, which asks for all documents that mention "the word 'tulip' or 'tulips.'" Subject to the forgoing objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from January 1, 2008 to March 14, 2018 that are responsive to this Request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 21**

All documents to, from, or that mention Imram Chughtai that refer to bitcoin(s), Satoshi Nakamoto, trusts, Wright International Investments Ltd, or Tulip Trading ltd.

**Response to Request No. 21**

Dr. Wright objects to this request because it is overbroad, exceeds the relevant time frame ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all documents related to Imram Chughtai that refer to bitcoins, Satoshi Nakamoto, any trusts, Wright International Investments Ltd., or Tulip Trading Ltd. regardless of whether those documents relate to plaintiffs' claims, *i.e.,* the alleged theft of Dave Kleiman's bitcoin and intellectual property. This request also is unreasonably cumulative and

duplicative of Request No. 1, which asks for "all documents that mention Satoshi Nakamoto," and Request No. 7 from Plaintiffs' First Request for Production, which asks for all documents that mention "the word 'tulip' or 'tulips.'" Subject to the forgoing objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from January 1, 2008 to March 14, 2018 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 22**

All documents to, from, or that mention Yvonne Simeon that refer to bitcoin(s), Satoshi Nakamoto, trusts, Wright International Investments Ltd, or Tulip Trading ltd.

**Response to Request No. 22**

Dr. Wright objects to this request because it is overbroad, exceeds the relevant time frame ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all documents related to Yvonne Simeon that refer to bitcoins, Satoshi Nakamoto, any trusts, Wright International Investments Ltd., or Tulip Trading Ltd. regardless of whether those documents relate to plaintiffs' claims, *i.e.,* the alleged theft of Dave Kleiman's bitcoin and intellectual property. This request also is unreasonably cumulative and duplicative of Request No. 1, which asks for "all documents that mention Satoshi Nakamoto," and Request No. 7 from Plaintiffs' First Request for Production, which asks for all documents that mention "the word 'tulip' or 'tulips.'" Subject to the forgoing objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from January 1, 2008 to March 14, 2018 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 23**

All documents to, from, or that mention Clayton Ciudad del Saber that refer to bitcoin(s), Satoshi Nakamoto, trusts, Wright International Investments Ltd, or Tulip Trading Ltd.

**Response to Request No. 23**

Dr. Wright objects to this request because it is overbroad, exceeds the relevant time frame ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all documents that mention Clayton Ciudad del Saber and that refer to bitcoins, Satoshi Nakamoto, any trusts, Wright International Investments Ltd., or Tulip Trading Ltd. regardless of whether those documents relate to plaintiffs' claims, *i.e.,* the alleged theft of Dave Kleiman's bitcoin and intellectual property. This request also is unreasonably cumulative and duplicative of Request No. 1, which asks for "all documents that mention Satoshi Nakamoto," and Request No. 7 from Plaintiffs' First Request for Production, which asks for all documents that mention "the word 'tulip' or 'tulips.'" Subject to the forgoing objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from January 1, 2008 to March 14, 2018 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 24**

All documents to, from, or that mention Ritzela DeGracia that refer to bitcoin(s), Satoshi Nakamoto, trusts, Wright International Investments Ltd, or Tulip Trading ltd.

**Response to Request No. 24**

Dr. Wright objects to this request because it is overbroad, exceeds the relevant time frame ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This

expansive request would include all documents that mention Ritzela DeGracia and that refer to bitcoins, Satoshi Nakamoto, any trusts, Wright International Investments Ltd., or Tulip Trading Ltd. regardless of whether those documents relate to plaintiffs' claims, *i.e.,* the alleged theft of Dave Kleiman's bitcoin and intellectual property. This request also is unreasonably cumulative and duplicative of Request No. 1, which asks for "all documents that mention Satoshi Nakamoto," and Request No. 7 from Plaintiffs' First Request for Production, which asks for all documents that mention "the word 'tulip' or 'tulips.'" Subject to the forgoing objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from January 1, 2008 to March 14, 2018 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 25**

All documents to, from, or that mention Marco Bianchi that refer to bitcoin(s), Satoshi Nakamoto, trusts, Wright International Investments Ltd, or Tulip Trading Ltd.

**Response to Request No. 25**

Dr. Wright objects to this request because it is overbroad, exceeds the relevant time frame ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all documents that mention Marco Bianchi and that refer to bitcoins, Satoshi Nakamoto, any trusts, Wright International Investments Ltd., or Tulip Trading Ltd. regardless of whether those documents relate to plaintiffs' claims, *i.e.,* the alleged theft of Dave Kleiman's bitcoin and intellectual property. This request also is  unreasonably cumulative and duplicative of Request No. 1, which asks for "all documents that mention Satoshi Nakamoto," and Request No. 7 from Plaintiffs' First Request for Production, which asks for all documents that mention "the word 'tulip' or 'tulips.'" Subject to the forgoing objections, Dr.

Wright will search for (with the use of search terms) and produce any non-privileged documents from January 1, 2008 to March 14, 2018 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 26**

All documents to, from, or that mention Jamie Wilson that refer to bitcoin(s), Satoshi Nakamoto, trusts, Wright International Investments Ltd, or Tulip Trading ltd.

**Response to Request No. 26**

Dr. Wright objects to this request because it is overbroad, exceeds the relevant time frame ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all documents that mention Jamie Wilson and that refer to bitcoins, Satoshi Nakamoto, any trusts, Wright International Investments Ltd., or Tulip Trading Ltd. regardless of whether those documents relate to plaintiffs' claims, *i.e.,* the alleged theft of Dave Kleiman's bitcoin and intellectual property. This request also is unreasonably cumulative and duplicative of Request No. 1, which asks for "all documents that mention Satoshi Nakamoto," and Request No. 7 from Plaintiffs' First Request for Production, which asks for all documents that mention "the word 'tulip' or 'tulips.'" Subject to the forgoing objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from January 1, 2008 to March 14, 2018 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 27**

All documents to, from, or that mention G. Mark Hardy that relate to a trust, Bitcoin, Satoshi Nakamoto, Uyen Nguyen, or Tulips, Wright International Investments Ltd, or Tulip Trading ltd.

**Response to Request No. 27**

       Dr. Wright objects to this request because it is overbroad, exceeds the relevant time frame ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all documents that mention G. Mark Hardy that refer to bitcoins, Satoshi Nakamoto, Uyen Nguyen, Tulips, Wright International Investments Ltd., or Tulip Trading Ltd. regardless of whether those documents relate to plaintiffs' claims, *i.e.,* the alleged theft of Dave Kleiman's bitcoin and intellectual property. Further, this request is unreasonably cumulative and duplicative of Request No. 1, which asks for "all documents that mention Satoshi Nakamoto," and Request No. 7 from Plaintiffs' First Request for Production, which asks for all documents that mention "the word 'tulip' or 'tulips.'" Subject to the forgoing objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from January 1, 2008 to March 14, 2018 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 28**

       All documents to, from, or that mention Stefan Matthews.

**Response to Request No. 28**

       Dr. Wright objects to this request because it is overbroad, exceeds the relevant time frame ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all documents that mention Stefan Matthews regardless of whether those documents relate to plaintiffs' claims, *i.e.,* the alleged theft of Dave Kleiman's bitcoin and intellectual property. This request also is unreasonably cumulative and duplicative of Request No. 45 from Plaintiffs' Second Request for Production, which asks for all communications between Dr. Wright or his agents and Stefan Matthews that are related to

bitcoin, Satoshi Nakamoto, W&K, Dave Kleiman, and other entities.. In accordance with this Court's order, counsel for Dr. Wright spent twelve hours negotiating all search terms, which include the search terms for Request No. 45. In once again requesting this information, it appears that plaintiffs are attempting to renegotiate those search terms that were resolved months ago. This is unreasonable and contrary to the Court's order.

**Request No. 29**

All documents to, from, or that mention Robert MacGregor.

**Response to Request No. 29**

Dr. Wright objects to this request because it is overbroad, exceeds the relevant time frame ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all documents that mention Robert MacGregor regardless of whether those documents relate to plaintiffs' claims, *i.e.,* the alleged theft of Dave Kleiman's bitcoin and intellectual property.  Further, this request is unreasonably cumulative and duplicative of Request No. 45 from plaintiffs' Second Request for Production, which asks for all communications between Dr. Wright or his agents and Robert MacGregor that are related to bitcoin, Satoshi Nakamoto, W&K, Dave Kleiman, and other entities.. In accordance with this Court's order, counsel for Dr. Wright spent twelve hours negotiating all search terms, which include the search terms for Request No. 45. In once again requesting this information, it appears that plaintiffs are attempting to renegotiate those search terms that were resolved months ago. This is unreasonable and contrary to the Court's order.

**Request No. 30**

All documents to, from, or that mention Uyen Nguyen.

**Response to Request No. 30**

Dr. Wright objects to this request because it is overbroad, exceeds the relevant time frame ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all documents that mention Uyen Nguyen regardless of whether those documents relate to plaintiffs' claims, *i.e.,* the alleged theft of Dave Kleiman's bitcoin and intellectual property. This request also is  unreasonably cumulative and duplicative of Request No. 45 from Plaintiffs' Second Request for Production, which asks for all communications between Dr. Wright or his agents and Uyen Nguyen that are related to bitcoin, Satoshi Nakamoto, W&K, Dave Kleiman, and other entities. In accordance with this Court's order, counsel for Dr. Wright spent twelve hours negotiating all search terms, which include the search terms for Request No. 45. In once again requesting this information, it appears that plaintiffs are attempting to renegotiate those search terms that were resolved months ago. This is unreasonable and contrary to the Court's order.

**Request No. 31**

All documents to, from, or that mention Denis Mayaka.

**Response to Request No. 31**

Dr. Wright objects to this request because it is overbroad, exceeds the relevant time frame ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all documents that mention Denis Mayaka regardless of whether those documents relate to plaintiffs' claims, *i.e.,* the alleged theft of Dave Kleiman's bitcoin and intellectual property. Subject to the forgoing objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from January 1, 2008 to March 14, 2018 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 32**

All communications with Bob Radvanovsky prior to 2014 which relate to W&K, bitcoin(s), trusts, GISCR, or Satoshi Nakamoto.

**Response to Request No. 32**

Dr. Wright objects to this request because it is overbroad and not proportional to the needs of the case. This expansive request would include all communications with Bob Radvanovsky that reference bitcoins, Satoshi Nakamoto, any trusts, or GISCR, regardless of whether those documents relate to plaintiffs' claims, *i.e.,* the alleged theft of Dave Kleiman's bitcoin and intellectual property. This request also is unreasonably cumulative and duplicative of Request No. 1, which asks for "all documents that mention Satoshi Nakamoto." Subject to the forgoing objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from 2008 to 2014 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 33**

All communications with Richard Zaluski prior to 2014 which relate to W&K, bitcoin(s), trusts, GISCR, or Satoshi Nakamoto.

**Response to Request No. 33**

Dr. Wright objects to this request because it is overbroad and not proportional to the needs of the case. This expansive request would include all communications with Richard Zaluski that reference bitcoins, Satoshi Nakamoto, any trusts, or GISCR, regardless of whether those documents relate to plaintiffs' claims, *i.e.,* the alleged theft of Dave Kleiman's bitcoin and intellectual property. This request also is unreasonably cumulative and duplicative of Request No. 1, which asks for "all documents that mention Satoshi Nakamoto." Subject to the forgoing

objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from January 2008 to 2014 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 34**

All communications with Deborah Kobza prior to 2014 which relate to W&K, bitcoin(s), trusts, GISCR, or Satoshi Nakamoto.

**Response to Request No. 34**

Dr. Wright objects to this request because it is overbroad and not proportional to the needs of the case. This expansive request would include all communications with Deborah Kobza regardless of whether those communications relate to plaintiffs' claims, *i.e.*, the alleged theft of Dave Kleiman's bitcoin and intellectual property. Further, this request is unreasonably cumulative and duplicative of Request No. 45 from Plaintiffs' Second Request for Production, which asks for all communications between Dr. Wright or his agents and Deborah Kobza that are related to bitcoin, Satoshi Nakamoto, W&K Information Defense Research LLC,  any trusts, and other entities In accordance with  this Court's order, counsel for Dr. Wright spent twelve hours negotiating all search terms, which include the search terms from Request No. 45. In once again requesting this information, it appears that plaintiff is attempting to renegotiate those search terms that were resolved months ago. This is unreasonable and contrary to the Court's order.

**Request No. 35**

All communications with Scott Stornetta between 2006 and 2011.

**Response to Request No. 35**

Dr. Wright objects to this request because it is overbroad, irrelevant, and not proportional to the needs of the case. This expansive request would include all communications with Scott

Stornetta regardless of whether those communications relate to plaintiffs' claims, *i.e.*, the alleged theft of Dave Kleiman's bitcoin and intellectual property. Subject to and without waiving any objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from 2008 to 2011 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 36**

All communications with Jed McCaleb concerning bitcoin.

**Response to Request No. 36**

Dr. Wright objects to this request because it is overbroad, irrelevant, exceeds the relevant time frame ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all communications with Jed McCaleb concerning bitcoin regardless of whether those communications relate to plaintiffs' claims, *i.e.*, alleged theft of Dave Kleiman's bitcoin and intellectual property. Subject to the forgoing objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from January 1, 2008 to March 14, 2018 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 37**

All documents that you either signed (digitally or by hand), swore to, or affirmed that relate to bitcoin, trusts, or Satoshi Nakamoto.

**Response to Request No. 37**

Dr. Wright objects to this request because it is overbroad, exceeds the relevant time frame ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all documents that Dr. Wright either signed (digitally or by

hand), swore to, or affirmed that relate to any bitcoins, any trusts, or Satoshi Nakamoto regardless of whether those documents relate to plaintiffs' claims, *i.e.,* the alleged theft of Dave Kleiman's bitcoin and intellectual property. Additionally, plaintiffs' expanded definition of "You" in this request is improper because it attempts to obtain discovery from non-parties and appears to treat any entity that has any connection to Dr. Wright as a party to this litigation, when plaintiffs have not sued anyone other than Dr. Wright individually (even after amending their complaint twice). Finally, this request is unreasonably cumulative and duplicative of Request No. 1, which asks for "all documents that mention Satoshi Nakamoto." Subject to the forgoing objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from January 1, 2008 to March 14, 2018 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 38**

All documents related to the following PGP keys:

- B885B17AC45BED1B

- B18BBF411F556274

- E97B413B4DCD5032

- D2D59294CDD2C21C

- 311B9DD85EB7CB21

- 491F9BDF0F7BD4AD

- 18C09E865EC948A1

- 4FF1CFEBC941FE6D

- A0DA0EB2E545EB7B

- 65D493B54B7130A1

- 6E4A1DEFB6559B7F

- 0415E6CBE23FCC2D

- 1BBFFBA12BD4B0E7

**Response to Request No. 38:**

Dr. Wright objects to this request because it appears to impose the additional burden of manually extracting the PGP keys from signed messages. Subject to the forgoing objection, Dr. Wright will search for documents where the PGP keys appear in plain text, to the extent that it can be established that the PGP keys are relevant to plaintiffs' claims, *i.e.,* the alleged theft of Dave Kleiman's bitcoin and intellectual property. Dr. Wright will then produce the non-privileged documents that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 39**

All documents that mention Shamir's Scheme.

**Response to Request No. 39**

Dr. Wright objects to this request because it is overbroad, exceeds the relevant time frame ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all documents that mention Shamir's Scheme regardless of whether those documents relate to plaintiffs' claims, *i.e.,* the alleged theft of Dave Kleiman's bitcoin and intellectual property. Subject to the forgoing objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from January 1, 2008 to March 14, 2018 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 40**

A copy of "CSW issues (2010)" referenced in DEF_00050990.

**Response to Request No. 40**

Dr. Wright objects to this document request because it is unclear if "CWS issues (2010)" is a document.  Subject to the foregoing objection, Dr. Wright will search for (with the use of search terms) and produce suchdocument (to the extent it exists) if it relates to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 41**

All documents that relate to the bitcoin and trust related activities of (i) Permanent Success Limited; (ii) Integyrs, (iii) Pholus, (v) C01n (all spellings), (vi) Information defense, (vii) and PERMANENT SUCCESS LIMITED, or that otherwise.

**Response to Request No. 41**

Dr. Wright objects to this request because it is overbroad, exceeds the relevant time frame ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all documents that relate to the bitcoin and trust related activities of (i) Permanent Success Limited; (ii) Integyrs, (iii) Pholus, (v) C01n (all spellings), (vi) Information defense, (vii) and PERMANENT SUCCESS LIMITED regardless of whether those documents relate to plaintiffs' claims, *i.e.*, the alleged theft of Dave Kleiman's bitcoin and intellectual property. Further, plaintiffs' request for  "C01n (all spelling)" is both, impermissibility vague because it is not clear what is meant by "all spelling" and unreasonably cumulative and duplicative of Request No. 12 from Plaintiffs' Third Request for production, which asks for "all documents relating to C01N." Subject to the forgoing objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from January 1, 2008 to March 14, 2018 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 42**

All documents that relate to the Prometheus Project.

**Response to Request No. 42**

Dr. Wright objects to this request because it is overbroad, exceeds the relevant time frame ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all documents that relate to the Prometheus Project regardless of whether those documents relate to plaintiffs' claims, *i.e.*, the alleged theft of Dave Kleiman's bitcoin and intellectual property. Subject to the forgoing objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from January 1, 2008 to March 14, 2018 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 43**

All documents and communications that relate to Zuku. *See* https://steemit.com/bitcoin/@ultralord/craight-wright-i-ve-got-the-first-fucking-nine-keys-i-ve-got-the-fucking-genesis-bloody-block-i-ve-got-the-fucking-code-i-ve-got.

**Response to Request No. 43**

Dr. Wright objects to this request because it is overbroad, exceeds the relevant time frame ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all documents and communications that relate to Zuku regardless of whether those documents relate to plaintiffs' claims, *i.e.*, the alleged theft of Dave Kleiman's bitcoin and intellectual property. Subject to the forgoing objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from January 1, 2008 to March 14, 2018 that are responsive to this request and that relate to David

Kleiman, W&K, or the Tulip Trusts.

**Request No. 44**

All documents related to the "sale of Capital Assets to Integyrs PTY ltd 95 137 033 535" referenced at ECF No. 83-4 at 102.

**Response to Request No. 44**

Dr. Wright objects to this request because it is overbroad, irrelevant, and not proportional to the needs of the case. Dr. Wright notes that this request seeks documents from a decade ago related to the "sale of Capital Assets to Integrys Pty. Ltd. ("***Integrys***"), in which neither Dave Kleiman nor W&K had any interest, and that was referenced in an affidavit submitted in a foreign court in connection with a case that was resolved more than five years ago. Such material is not routinely maintained. Dr. Wright cannot statematerial responsive to this request still exists. Subject to and without waiving any objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from January 1, 2008 to March 14, 2018 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 45**

All documents related to the "transfer of code, designs and assets from CSW to Integyrs as of June 30, 2009" referenced at ECF No. 83-4 at 102.

**Response to Request No. 45**

Dr. Wright objects to this request because it is overbroad,irrelevant, and not proportional to the needs of the case. Dr. Wright notes that this request seeks documents from a decade ago related to the "transfer of code, designs, and assets from CSW to *Integrys* as of June 30, 2009", in which neither Dave Kleiman nor W&K had any interest, and that was referenced in an affidavit submitted in a foreign court in connection with a case that was resolved more than five

years ago. Such material is not routinely maintained. Dr. Wright cannot state material responsive

to this request still exists. Subject to the forgoing objections, Dr. Wright will search for (with the

use of search terms) and produce any non-privileged documents from January 1, 2008 to March

14, 2018 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip

Trusts.

**Request No. 46**

All documents filed and entered in the Australian Court proceedings 2013 / 225983 &

2013 / 245661 (Craig Steven Wright v. W&K Info Defense Research LLC, NSW Supreme

Court).

**Response to Request No. 46**

Dr. Wright objects to this request because the documents requested are publicly available

and equally accessible to plaintiffs.

**Request No. 47**

Copies of any documents Dave Kleiman signed in any capacity he signed them and

through any signing mechanism utilized.

**Response to Request No. 47**

Dr. Wright objects to this request because it is nonsensical.  Subject to the forgoing

objection, Dr. Wright will search for (with the use of search terms) and produce any non-

privileged documents that Dave Kleiman signed in any capacity, to the extent such documents

can be identified with search terms.

**Request No. 48**

All documents related to the following bitcoin addresses:

- 1B4JfclD4jGUWBehtGF2Phb4BxeN2ytkTxi1

- 1GEeroqocswEazxzeNAJh3KPPD7C61XY2H

- 1PWr5e1JjL8wy6uzKzb5d3pCxkNLYrn5vt1

- 1FJuzzQFVMbiMGw6JtcXefdD64amy7mSCF

- 1cXNTyXj4xPGopfYZNY5xfSM1EPJJvBZV

- 1PbXw8aP5PymdQUM29Uyimhgnfykut5Wp2

- 1P5759ZaUX44MHEsiJgWckBMNAEJbGu7SY

- 1CXnCzV78381AJQtxHYihF7kzoixtoncKE

- 19dQ2xfrK5GEUahG6Cv87XDRK7W6YFnGFx

- 146mH689KnIyPqvWzkZHa4EthEyYhcTW

- 168Rc6wJdL4chWhEUQwyywi4sHub6ert2s

- 1JzzLXxuwn45S9HvBqAhkWha3GhyG3zm64

- 1M7ccmVnWpvKa4lRGf7H8wS6thy5Tt3bad

- 153R6qYmjySgwaQpQjKv7pb2nEN5cg8RJq

- 12tLs9c9RsALt4ockxa1hB4iTCTSmxj2me

- 1f1miYFQWTzdLiCBxtHHnNiW7WAWPUccr

- 1MHdm5XZMrfoZFoUktEaGhYevmdiXoc4x4

- 18JPragfuDVHWWG8ABQ15cghJFetnXUjBD

- 1LXc28hWx1t8np5sCAb2EaNFqPwqJCuERD

- 1FpqQnKQCgDkJFMC94JL8FpRyHTZ3uRVZ1

- 1F34duy2eeMz5mSrvFepVzy7Y1rBsnAyWC

- 1JtpgqCf3SSeCeYWEDJjkfYFH7Ruhy4Vp1

- 18k9tin39LKegFzHe8rxSgvJXDpuMriGJq

- 1HtTw9zR9wWFfgV8Jy8MqsaeVi7ZXrjdq6

- 18pn4NQ7NgsJjeuFjazeTdVRnsmfw5ofTz

- 1fvzclotpgannjwouo6juguag3wg1w4yjr

- 12c6DSiU4Rq3P4ZxziKxzrL5LmMBrzjrJX

- 1GkQmKAmHtNfnD3LHhTkewJxKHVSta4m2a

- 12cbQLTFMXRnSzktFkuoG3eHoMeFtpTu3S

- 1dyoBoF5vDmPCxwSsUZbbYhA5qjAfBTx9

- 1P3S1grZYmcqYDuaEDVDYobJ5Fx85E9fE9.

**Response to Request No. 48:**

Dr. Wright will search for the requested bitcoin addresses to the extent that it can be established that the addresses are relevant to plaintiffs' claims, *i.e.,* the alleged theft of Dave Kleiman's bitcoin and intellectual property. Dr. Wright will then produce the non-privileged documents that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 49**

A copy of every diploma and degree You have received.

**Response to Request No. 49**

Dr. Wright objects to this request because it seeks information that is irrelevant to plaintiffs' claims, *i.e.* the alleged theft of Dave Kleiman's bitcoin and intellectual property. Dr. Wright also objects to this request as harassing and improperly intrusive.

**Request No. 50**

All documents related to bitcoins stored on Truecrypt encrypted media.

**Response to Request No. 50**

Dr. Wright objects to this request because it is overbroad, exceeds the relevant time frame

33

ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all documents related to bitcoins stored on Truecrypt encrypted media regardless of whether those documents relate to plaintiffs' claims, *i.e.* the alleged theft of Dave Kleiman's bitcoin and intellectual property. Subject to the forgoing objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from January 1, 2008 to March 14, 2018 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 51**

All documents that relate to bitcoin and Gareth Williams.

**Response to Request No. 51**

Dr. Wright objects to this request because it is overbroad, irrelevant, exceeds the relevant time frame ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all documents that relate to bitcoin and Gareth Williams regardless of whether those documents relate to plaintiffs' claims, *i.e.*, the alleged theft of Dave Kleiman's bitcoin and intellectual property. Subject to the forgoing objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from January 1, 2008 to March 14, 2018 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 52**

All documents that relate to bitcoin or trusts and either Vistomail, Liberty Reserve, the Russian Business Network, or High Secured.

**Response to Request No. 52**

Dr. Wright objects to this request because it is overbroad, exceeds the relevant time frame

ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all documents that relate to any bitcoin or any trusts and either Vistomail, Liberty Reserve, the Russian Business Network, or High Secured, regardless of whether those documents relate to plaintiffs' claims, *i.e.*, the alleged theft of Dave Kleiman's bitcoin and intellectual property. Subject to the forgoing objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from January 1, 2008 to March 14, 2018 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 53**

All documents that relate to Craig Wright R&D and either Vistomail, Liberty Reserve, the Russian Business Network, or High Secured.

**Response to Request No. 53**

Dr. Wright objects to this request because it is overbroad, exceeds the relevant time frame ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all documents that relate to Craig Wright R&D and either Vistomail, Liberty Reserve, the Russian Business Network, or High Secured regardless of whether those documents relate to plaintiffs' claims, *i.e.*, the alleged theft of Dave Kleiman's bitcoin and intellectual property. Subject to the forgoing objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from January 1, 2008 to March 14, 2018 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 54**

All documents that relate to Persian Cat.

**Response to Request No. 54**

Dr. Wright objects to this request because it is overbroad, exceeds the relevant time frame ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all documents that relate to Persian Cat regardless of whether those documents relate to plaintiffs' claims, *i.e.*, the alleged theft of Dave Kleiman's bitcoin and intellectual property. Subject to the forgoing objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from January 1, 2008 to March 14, 2018 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 55**

All documents that relate to bitcoin and either Tom Cindric or Eric Stouch.

**Response to Request No. 55**

Dr. Wright objects to this request because it is overbroad, irrelevant, exceeds the relevant time frame ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all documents that relate to  bitcoin and either Tom Cindric or Eric Stouch regardless of whether those documents relate to plaintiffs' claims, *i.e.*, the alleged theft of Dave Kleiman's bitcoin and intellectual property. Subject to the forgoing objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from January 1, 2008 to March 14, 2018 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 56**

All documents related to backups of Bitcoin wallets, addresses, or keys. For purposes of this request, please limit the search to documents created before December 31, 2014.

**Response to Request No. 56**

Dr. Wright objects to this request because it is overbroad, exceeds the relevant time frame ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all documents related to backups of Bitcoin wallets, addresses, or keys regardless of whether those documents relate to plaintiffs' claims, *i.e.*, the alleged theft of Dave Kleiman's bitcoin and intellectual property. Further, as Dr. Wright has previously stated, all of the bitcoins that he possessed as of December 30, 2013 are on an encrypted file that he does not have access to. Subject to the forgoing objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from January 1, 2008 to March 14, 2018 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

**Request No. 57**

All documents related to the purchase, sale or transfer of domain names that contain the word "bitcoin".

**Response to Request No. 57**

Dr. Wright objects to this request because it is overbroad, irrelevant, exceeds the relevant time frame ordered by the Court on February 20, 2019, and not proportional to the needs of the case. This expansive request would include all documents related to the purchase, sale, or transfer of domain names that contain the word "bitcoin" regardless of whether those documents relate to plaintiffs' claims, *i.e.*, the alleged theft of Dave Kleiman's bitcoin and intellectual property. Subject to the forgoing objections, Dr. Wright will search for (with the use of search terms) and produce any non-privileged documents from January 1, 2008 to March 14, 2018 that are responsive to this request and that relate to David Kleiman, W&K, or the Tulip Trusts.

Dated: July 2, 2019

**RIVERO MESTRE LLP**

*Attorneys for Craig Wright*
2525 Ponce de León Blvd., Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505
E-mail: arivero@riveromestre.com
E-mail: amcgovern@riveromestre.com
E-mail: arolnick@riveromestre.com
E-mail: zmarkoe@riveromestre.com
E-mail: zkass@riveromestre.com
Secondary: receptionist@riveromestre.com

By:      /s/ Zaharah R. Markoe
         ANDRES RIVERO
         Florida Bar No. 613819
         AMANDA MCGOVERN
         Florida Bar No. 964263
         ALAN H. ROLNICK
         Florida Bar No. 715085
         ZAHARAH R. MARKOE
         Florida Bar No. 504734

## CERTIFICATE OF SERVICE

I certify that on July 2, 2019, I electronically served this document on all counsel of record by e-mail.

/s/ Schneur Z. Kass
SCHNEUR Z. KASS