**THE UNITED STATES DISTRICT COURT.**
**SOUTHERN DISTRICT OF FLORIDA**

**WEST PALM BEACH DIVISION**

**CASE NO.:  18-cv-80176-BB**

```
IRA KLEIMAN, et al.,         )
                             )
         Plaintiffs,         )         February 25, 2020
                             )
v.                           )
                             )         Pages 1 - 11
CRAIG WRIGHT,                )
                             )
         Defendant.          )
_____/
```

TELEPHONIC DISCOVERY HEARING

BEFORE THE HONORABLE BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

Counsel on behalf of the Plaintiffs:

        BOIES SCHILLER FLEXNER LLP
        100 SE 2nd Street
        Suite 2800,
        Miami, FL 33131
        BY:  DEVIN FREEDMAN, ESQ.
        BY:  JOSEPH DELICH, ESQ.
        BY:  ANDREW S. BRENNER, ESQ.

```
 1  APPEARANCES CONTINUED:

 2  Counsel on behalf of the Defendant:

 3                          RIVERO MESTRE LLP
                            2525 Ponce de Leon Boulevard
 4                          Suite 1000,
                            Coral Gables, FL 33134
 5                          BY:  AMANDA M. MCGOVERN, ESQ.
                            BY:  ZELMAN KASS, ESQ.
 6

 7

 8

 9  Transcribed By:

10                          BONNIE JOY LEWIS, R.P.R.
                            7001 SW 13 Street
11                          Pembroke Pines, FL  33023
                            954-985-8875
12                          caselawrptg@gmail.com

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1  (Thereupon, the following proceeding was held:)
2  THE COURT: Have a seat, please. Good afternoon.
3  We're on Case Number 80176; Ira Kleiman and WMK Info
4  Defense Research versus Dr. Craig Wright.
5  Let me start with appearances and I will start with
6  counsel for the Plaintiffs.
7  MR. BRENNER: I think Mr. Freedman is on the phone,
8  Your Honor, and Mr. Delich is on the phone and I am Andrew
9  Brenner.
10  THE COURT: Mr. Brenner, I understand you had other
11  matters to appear and so you decided to appear in person at the
12  last minute.
13  MR. BRENNER: No, my other matters in Broward got
14  cancelled. That's why.
15  THE COURT: No problem. Happy to have you.
16  And Mr. Freedman and Mr. Delich, you are on the phone?
17  MR. FREEDMAN: Yes, Your Honor.
18  MR. DELICH: Yes, Your Honor.
19  THE COURT: Okay. Great.
20  And who do we have for the Defense?
21  MR. KASS: Your Honor, you have Zelman Kass for
22  Dr. Craig Wright.
23  MS. MCGOVERN: And Your Honor, you also have Amanda
24  McGovern on behalf of Dr. Craig Wright.
25  THE COURT: All right. Miss McGovern and Mr. Kass,

1  good afternoon.
2          Anybody else?
3          Okay.  So I have reviewed the joint status report.
4  And it appears what I have when I drew it all down is a motion
5  to compel better response to interrogatories 2, 3, and 5.  And
6  I have objections based upon relevance, privilege, and at least
7  as to interrogatory number 3, also overbreadth because it
8  doesn't have a subject matter or time limitation.
9          So let me tell you my inclination and, then, I will
10 hear from everybody.  In terms of interrogatory number 3, I do
11 believe it is overbroad because it doesn't have a time limit,
12 but I think that is a matter that can be resolved through
13 counsel.
14         My guess is it is really intended to refer the time
15 period in or about December of 2019, but if Plaintiff's counsel
16 will clarify that to within a reasonable time period of a few
17 months, I would find that to not be overbroad.
18         As far as the relevance objections are concerned, I
19 will overrule those objections.  I am satisfied this
20 information, assuming it is not privileged, is both relevant
21 and not disproportionate to the needs of the case.
22         And as far as the privilege objections are concerned,
23 I am happy to have a hearing and allow Dr. Wright to see if he
24 can meet his burden of establishing privilege.
25         So that's my inclination, but I am happy to hear from

1  the other side.  I will start with Miss McGovern and Mr. Kass.
2  And since it is your objection, I will hear from you first.
3           MR. KASS:  Your Honor, just to clarify, with regard to
4  interrogatory number --
5           THE COURT:  I'm sorry.  Mr. Kass, can you speak a
6  little louder?  We are having trouble hearing you.
7           MR. KASS:  Yes, Your Honor.  Is this better?
8           THE COURT:  Yes, that is better.  Thank you.
9           MR. KASS:  Your Honor, it is our position that at
10 least based on what Plaintiff has filed through their papers,
11 it seems like they are really trying to expand the scope of
12 this very narrow discovery issue.
13          The way we see it, this issue is really about the
14 interrogatory responses that Dr. Wright has provided that Your
15 Honor has previously mentioned.
16          Plaintiff wrote a lot in their papers about the
17 credibility of Dr. Wright and other issues related to the
18 trust.  But, again, we really believe it is just the responses
19 of Dr. Wright's interrogatory responses.
20          We believe Dr. Wright has done his best to answer
21 those responses to the best that he could.  He told the
22 Plaintiffs who the third party was.  He provided a list of the
23 Bitcoin holdings.  The Plaintiffs have received a list of the
24 Bitcoin holdings and he has told the Plaintiffs who created the
25 list of the Bitcoin holdings.

1              With that we believe Plaintiffs have access that are
2   necessary and any additional issues that Plaintiff raised about
3   the trust and their formation are not a discovery matter and we
4   don't believe they are very pertinent to the issues in this
5   case.
6              Plaintiffs currently have a list of the Bitcoin
7   holdings and they can conduct any analysis that they believe is
8   necessary.  For that reason it is our position that the trust
9   has minimal relevance in this matter.
10             We also believe a lot of this is based on Plaintiffs'
11  belief that is (inaudible) or how Dr. Wright manages his family
12  affairs, but we do not believe that that is a basis for
13  providing modified discovery responses.
14             If Plaintiff has those types of question about the
15  trust and about the formation and managing of his family
16  affairs, we believe that the twelve-hour deposition that is
17  currently scheduled to take place, would be the appropriate
18  place.
19             We believe that Plaintiffs are converting a narrow
20  discovery matter into this big merits issue as to the
21  credibility of Dr. Wright and we do not believe that is
22  appropriate.
23             And Your Honor, in doing so, we don't believe that it
24  conforms with the rule, the Court's rule of discovery that
25  raise a similar related issue when it comes to complying with

1 the Court's rule that sort of respecting opposing counsel in
2 that yesterday Plaintiffs filed a four-page memorandum, even
3 though the Court's order limited it for five pages.
4     But there is another issue is that twelve-page
5 memorandum for counsel for Dr. Wright at 3:00 p.m., which
6 really provided us with a limited opportunity to provide a
7 response.
8     And other issue that I do also want to mention that we
9 briefly discussed before is Mr. Brenner would not be meeting in
10 person. All along this was scheduled to be a telephonic
11 hearing and that both parties reflected that before and that is
12 what the Court set.
13     And just early this morning, Mr. Brenner mentioned
14 that he wasn't necessary in Broward, but I am told that he
15 desired to attend in person. But, in doing so, he denied
16 counsel for Dr. Wright the opportunity to also attend in
17 person, which we believe is unfair.
18     And in summary, Your Honor, we are simply asking that
19 Plaintiffs respect the discovery process and that we believe
20 that this procedure and this hearing to us is at issue.
21     THE COURT: Okay. To the extent you are arguing of
22 relevance, I will overrule that objection. I believe it is
23 relevant. Obviously, Judge Bloom that it was relevant that
24 these interrogatories be answered. So I will overrule the
25 relevance objection.

1        In terms of Mr. Brenner being here, I can assure you
2   it is not going to influence my decision one way or the other.
3   It is a public courtroom and he is perfectly entitled to be
4   here if he wants to be.  If I need to hear from him, I will
5   hear from him and it is not going to influence me.
6        Likewise, the fact they sent me a long memo that told
7   me a lot of things that I already knew does not have any impact
8   on my decision as well.
9        I will, however, comment on one thing.  Plaintiffs, in
10  the future, please refer to Dr. Wright as Dr. Wright in your
11  pleadings and not as Craig.
12       MR. BRENNER:  Yes, Your Honor.
13       THE COURT:  I allowed you to refer to Mr. Kleiman by
14  his first name to differentiate him from Ira Kleiman, but Dr.
15  Wright should be referred to as Dr. Wright.  With that, so I
16  will overrule the relevance objection.
17       Mr. Kass or Miss McGovern, in terms of privilege, it
18  is your burden, but I will be happy to give you an opportunity
19  to meet your burden of showing why the objections you have
20  lodged are valid objections.
21       We can do it next, I think, Thursday.  We already have
22  a date to be together on the 5th.  We can do it then, if you
23  like.  We can do it another time if we can.  Let me know what
24  is your pleasure?
25       MS. MCGOVERN:  Good afternoon, Your Honor.

1                This is Amanda McGovern.  That would be wonderful.  We
2   welcome the opportunity to be able to do that.  I was looking
3   at the calendar for this one to be in front of Your Honor on
4   issues on March 5th.
5                THE COURT:  Correct.
6                MS. MCGOVERN:  I'm sorry.  Are you suggesting that we
7   haven't gone to it?
8                THE COURT:  I saw the pleadings that the parties have
9   filed on the other privilege issues and those seem to me to be
10  primarily issues of the law.  There is not really a factual
11  dispute there.
12               On this issue it seems to me there are factual issues
13  that I need to resolve as to the nature of the relationship and
14  for the information to remain confidential, et cetera.
15               So it seems to me there are factual questions I need
16  to resolve that I have set aside the afternoon of the 5th for
17  you all.  So I am happy to add this onto the agenda since you
18  are all planning to be here anyway.
19               MS. MCGOVERN:  Okay.  That's acceptable on our side
20  and I appreciate the opportunity to do that.
21               THE COURT:  Great.
22               Mr. Freedman, Mr. Delich and Mr. Brenner, any response
23  to that or any thoughts?
24               MR. BRENNER:  It is fine with me, Your Honor.
25               THE COURT:  Just talk into the microphone so they can

hear you, Mr. Brenner.

MR. BRENNER: March 5th is fine with me with the other hearings.

THE COURT: Okay. Good.

MR. BRENNER: I don't know if Mr. Freedman or Mr. Delich has a different opinion, but it is fine here.

THE COURT: Mr. Freedman, Mr. Delich, any problems with us resolving this issue on the 5th at a hearing?

MR. FREEDMAN: Your Honor, I have a hearing in Seattle on the 6th, but as long as the Court is okay with it, I am perfectly confident with Mr. Brenner and Mr. Delich are able to resolve this issue without me.

THE COURT: That's fine. That's why the Plaintiff has multiple counsel.

Okay. So --

MR. BRENNER: Your Honor, just before we wrap up, I don't thing that everything the Plaintiff didn't respond was because of privilege.

Could we get a date upon which though -- I understand the privilege issue is being held in abeyance and we will deal with that on the 5th, but the relevance objections have been overturned or overruled.

I think there is more information the Plaintiff is -- there is information that the Plaintiff withheld purely on relevance, but not on privilege, I think.

```
 1              THE COURT:  Let me confirm that.
 2              Miss McGovern, Mr. Kass, is there anything that fits
 3   into that that a circle on the Venn diagram?  Is there certain
 4   information that is not privileged that you previously withheld
 5   based upon a relevance objection?
 6              MS. MCGOVERN:  No, that is not what we do, Your Honor,
 7   at all.
 8              THE COURT:  Okay.  I will take this matter under
 9   advisement.
10              If other side wants to file a more fulsome briefing
11   about requirement, if you want to file something for next
12   Thursday, please do so and I will be happy to read whatever you
13   send me.  And calibrate it to give me enough time to read it,
14   but we will have a hearing on the 5th and I will resolve all
15   the privilege issues, both the ones that are already pending
16   prior to this and the ones that are raised in this report.
17              All right.  As long as we're together, any other
18   issues we can take up, Mr. Brenner, Mr. Delich, or Mr. Freedman
19   on behalf of the Plaintiffs?
20              MR. BRENNER:  No.
21              THE COURT:  All right.  On behalf of the Defense, Mr.
22   Kass, Miss McGovern, anything else we can take up while we are
23   together?
24              MR. KASS:  No, that's it, Your Honor.
25              THE COURT:  All right.  Well, thank you all very much
```

1  for your time this afternoon and we will be in recess then.
2           MR. BRENNER:  Thank you, Judge.
3              (Thereupon, the telephonic proceedings concluded.)

CERTIFICATE

I hereby certify that the foregoing transcript is an accurate transcript of the audio recorded proceedings in the above-entitled matter.

02/26/20

Bonnie Joy Lewis,
Registered Professional Reporter
CASE LAW REPORTING, INC.
7001 Southwest 13 Street,
Pembroke Pines, Florida 33023
954-985-8875