## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC,

                    *Plaintiffs,*

v.

CRAIG WRIGHT,

                    *Defendant.*

CASE NO.:  9:18-cv-80176-BB

## PLAINTIFFS' EXPEDITED MOTION FOR ENGLARGEMENT OF TIME OF EXPERT RELATED DEADLINES AND FOR EXTENSION OF TIME TO COMPLETE THREE FACT WITNESS DEPOSITIONS

Plaintiffs move for an enlargement of time of expert related deadlines and for an extension of time to complete three fact witness depositions.

Pursuant to this Court's January 16, 2020 Order, the Parties' deadline to disclose expert reports is March 27, 2020.  ECF No. [382].  The parties have until April 17, 2020 to complete fact discovery.

COVID-19 is presenting numerous complications associated with meeting deadlines set prior to the onset of the global pandemic. The CDC has advised people stay home if possible, and had advised employers attempt to minimize exposure when scheduling events. Governmental authorities in South Florida and New York have imposed temporary restrictions closing a broad spectrum of businesses and ordered residents to stay at home. Both of the law firms representing Plaintiffs, Roche Cyrulnik Freedman LLP and Boies Schiller Flexner LLP, have closed their offices, and employees are currently working from home.

Florida courts have followed suit. Just yesterday, the Eleventh Judicial Circuit of Miami Dade canceled all but emergency and constitutionally required court proceedings. See March 23, 2020 Message from Chief Circuit Court Judge Soto.  In a similar vein, the Southern District has reduced all staffing to maintain essential operations and has continued all jury trials and certain trial-specific deadlines through April 27, 2020.  See Second Order Concerning Jury Trials and Other                    Proceedings              2020-21,              *available*              *at* *https://web.flsd.uscourts.gov/uploads/adminOrders/2020/2020-21.pdf*.  Courts outside Florida are doing the same. Just yesterday, the Chancellor of the Delaware Court of Chancery issued Administrative Order No. 3 yesterday stating, in part:

> [I]t is important to keep things in perspective.  Our nation is confronting a crisis that has disrupted our daily lives and the normal operations of businesses, law firms, government institutions, and other enterprises in unprecedented ways.  The reality is that many hearings and case schedules will have to be adjusted, perhaps multiple times.  In that vein, the court will be solicitous of granting any reasonable requests for extensions and we urge practitioners to be flexible and to work together cooperatively to do the same without the need for court involvement whenever possible, consistent with the longstanding tradition of professionalism that has defined our bar.

As set forth below, the circumstances related to the Coronavirus pandemic have made it necessary for Plaintiffs to request limited extensions of certain pretrial deadlines.

**<u>Expert Deadlines</u>**

While Plaintiffs have made a good faith effort to retain and liaise with their existing experts, and to develop potential new experts, there have been a number of impediments given the global pandemic. Offices are closed, support staff are not onsite, experts and lawyers are unable to travel, in-person meetings are not possible, and the ability to review documents in a collaborative manner has been trying, to say the least. Plaintiffs have been doing their best to use remote connections, but this situation has made it difficult to meet the Court's current deadline for disclosures.

Consequently, Plaintiffs are seeking a short 14-day extension of the *expert* related discovery deadlines. Importantly, Plaintiffs are not seeking an extension of the trial setting or the fact discovery deadlines (except for specific depositions requested below). This short extension should allow the parties some extra time to coordinate expert disclosures and discovery around the impediments caused by COVID-19. Specifically, Plaintiffs are seeking the following schedule:

| | |
|---|---|
| April 10, 2020 | Parties to disclose expert witness summaries or reports or disclose new experts with summaries/reports |
| April 17, 2020 | Fact discovery completed (except as requested below) |
| April 20, 2020 | Parties exchange rebuttal expert summaries or reports |
| May 01, 2020 | All expert discovery shall be completed |
| May 28, 2020 | All pre-trial motions, motions in limine, and Daubert motions (which include motions to strike experts) are filed. This deadline includes all dispositive motions. Each party is limited to filing one motion in limine and one Daubert motion. If all evidentiary issues cannot be addressed in a 20-page memorandum, leave to exceed the page limit will be granted. The parties are reminded that motions in limine must contain the Local Rule 7.1(a)(3) certification. |

**<u>Fact Witness Depositions</u>**

Pursuant to this Court's order, the parties coordinated and conducted four days of video depositions in the U.K. of the Defendant, his wife, and Andrew O'Hagan in the U.K. at a time when the U.K. was instituting quarantines and encouraging social distancing. This even required moving the location of the depositions due to office closures that were put in place after the first day of depositions. Needless to say, Plaintiffs have done all they can to keep this Court's current deadlines.  To that end, the parties are almost done taking fact witness depositions.

Plaintiffs have three fact witness depositions left. Unfortunately, one of these witness has, and the other has indicated they intend to, challenge the subpoenas served on them. For one, the

challenge has been fully briefed before the Eastern District of New York since January 2020. The other has indicated he will file a motion to quash by the end of this week. These witnesses are important to Plaintiffs' case. Given the current circumstances, it seems unlikely either motion will be resolved before the discovery cutoff.

Furthermore, Plaintiffs have been attempting to serve Jimmy Nguyen with a deposition subpoena since February 14, 2020. Plaintiffs' process servers attempted to serve Mr. Nguyen at his home on five separate occasions during the month of February 2020. Plaintiffs' process servers have tried a few more times in March 2020, but still have not been able to serve him. Additionally, Plaintiffs attempted to contact Mr. Nguyen via email at an address Mr. Nguyen has previously corresponded with counsel from, but have not received a response. Plaintiffs believe that Mr. Nguyen, an American citizen, is either intentionally evading service, traveling outside of the country, or both. Mr. Nguyen's twitter feed indicates that, over the past few months, he has spent a significant amount of time traveling outside of the country with Dr. Wright. He would therefore be aware of the discovery cutoff, and know that Plaintiffs are running out of time to serve him.[1]

Consequently, Plaintiffs seek permission to take these three depositions after the close of fact discovery, if necessary.

**CONCLUSION**

Plaintiffs respectfully request the Court grant the short extensions to the Court's current expert discovery deadlines and grant a small exception to the current fact discovery cutoff for the three abovementioned depositions (if necessary). These extensions will not affect the trial setting, and therefore will not prejudice any party; but they will enable Plaintiff to coordinate with experts and gather necessary deposition testimony while protecting themselves, opposing counsel, experts,

---

[1] If Plaintiffs cannot serve Mr. Nguyen shortly, they intend to seek the Court's assistance in this matter.

and witnesses during the COVID-19 crisis.

## **EXPEDITED MOTION**

Plaintiffs require an expedited ruling on this motion by March 26, 2020 as the current expert

disclosure deadline is March 27, 2020.

## **S.D. FLA. L.R. 7.1 CERTIFICATION**

In accordance with S.D. Fla. L.R. 7.1(a)(3), counsel for Plaintiffs conferred with

Defendant's counsel who opposes the relief sought herein.

Respectfully submitted,

Dated: March 24, 2020                */s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman, Esq.
Florida Bar No. 99762
**ROCHE CYRULNIK FREEDMAN LLP**
200 S. Biscayne Blvd, Suite 5500
Miami, Florida 33131
Telephone: (305) 357-3861
vel@rcfllp.com
nbermond@rcfllp.com

Kyle W. Roche, Esq.
Joseph M. Delich, Esq.
*Admitted Pro Hac Vice*
**ROCHE CYRULNIK FREEDMAN LLP**
99 Park Avenue, Suite 1910
New York, NY 10016
kyle@rcfllp.com
jdelich@rcfllp.com

Andrew S. Brenner, Esq.
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

*Counsel to Plaintiff Ira Kleiman as Personal*
*Representative of the Estate of David Kleiman*
*and W&K Info Defense Research, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 24, 2020, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF.

*/s/ Velvel (Devin) Freedman*
VELVEL (DEVIN) FREEDMAN