## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

      plaintiffs,

v.                                      **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

      defendant.

_____/

## DR. CRAIG WRIGHT'S OPPOSITION
## TO PLAINTIFFS' REQUEST TO EXTEND CASE DEADLINES

Plaintiffs' request to (once again) extend discovery [D.E. 436] (the "Motion") is not warranted and should be denied. Defendant is sensitive to the disruptions caused by the coronavirus; however, plaintiffs have not shown how the coronavirus is impeding their ability to timely prepare their expert disclosures by March 27 or complete the depositions by April 17. At most, plaintiffs have stated that their offices are now virtual in light of the situation. Online or remote platforms are now the standard for most attorneys, including defense counsel. But virtual offices do not prevent counsel from getting work done.

In fact, as the Court recently noted, there are many methods for substituting face-to-face meetings. D.E. 427. Conferences held through video calls with Zoom, WebEx, Skype, WhatsApp, Facetime, or Teams are effective and efficient methods of collaboration. Documents are easily shared through email or a file-sharing service, such as Google Drive, Dropbox, OneDrive, or Box—and overnight delivery still is an option.

The coronavirus has changed how the world works. But it doesn't need to stop the world from working—and it isn't. Students of all ages are attending virtual classrooms and lectures,

turning in their homework online, and taking online exams. Teachers and college professors are remotely grading papers. Law firms are working remotely, and courts are holding hearings via phone and video conference. In fact, the parties just successfully concluded a week's worth of depositions of three London witnesses using video conferencing software, with counsel located in the U.S and the U.K.

Plaintiffs have made a habit of asking this Court to extend the discovery deadline on the eve of the cutoff date. In January 2020, the Court granted plaintiffs a 90-day extension of fact discovery and expert discovery. D.E. 382.  Discovery has been ongoing for more than 20-months. No more extensions should be permitted.[1]

As for the depositions of Brenden Sullivan, Marc Lowe, and Jimmy Nguyen, plaintiffs do not base their request for additional time on the coronavirus. Instead, they move to extend the discovery cutoff for plaintiffs because (i) Mr. Sullivan has filed a motion to quash, (ii) Mr. Lowe plans on filing a motion to quash, and (iii) plaintiffs have not been able to serve Mr. Nguyen.

But Mr. Sullivan's motion to quash has been pending for *seven months* in the Eastern District of New York, and plaintiffs waited until *six days ago* to serve Mr. Lowe on March 19, 2020. Plaintiffs have known about Mr. Nguyen since the beginning of the lawsuit and apparently follow him on twitter. *See* Motion at 4. As such, they were aware that he spends a "significant amount of time traveling outside of the country" as part of his work, but they waited until now to try and serve him in the U.S. *Id.* Plaintiffs' request for additional time is unreasonable. They had more than 20-months to depose those witnesses.

---

[1] It's entirely unclear why plaintiffs didn't start working on the expert reports until three days before the deadline. Plaintiffs know who their experts are. Their experts are Matthew Edmond and Andreas Antonopoulos. Both have already submitted expert reports and have already been deposed.

Scheduling orders exist for a reason. Each of the deadlines is keyed into trial preparation. Plaintiffs' request to delay the close of fact discovery and expand the date for expert disclosures raises significant issues of fairness and prejudice. Trial preparation is hindered if additional evidence, through witness testimony, can be added at any point in time. Plaintiffs' request to extend the date for expert disclosures prejudices defendant's ability to defend this case because it also extends the dates for rebuttal reports, expert depositions, and dispositive motions. That reduces the amount of time that defendant can dedicate to preparing for trial. Per plaintiffs' proposed revised scheduling order, defendant would have slightly more than a month to prepare for trial.

For the foregoing reasons, plaintiffs' request to modify the Court's scheduling order should be denied.

*Attorneys for Dr. Craig Wright*

RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: amcgovern@riveromestre.com
Email: zkass@riveromestre.com
Email: receptionist@riveromestre.com

By: s/ Amanda McGovern
AMANDA MCGOVERN
Florida Bar No. 964263
ANDRES RIVERO
Florida Bar No. 613819
SCHNEUR KASS
Florida Bar No. 100554

## **CERTIFICATE OF SERVICE**

I certify that on March 25, 2020, I electronically filed this document with the Clerk of the

Court using CM/ECF. I also certify that this document is being served today on all counsel of

record by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

/s/ Schneur Kass
SCHNEUR KASS
Florida Bar No. 100554