UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC,<br><br>*Plaintiffs,*<br><br>v.<br><br>CRAIG WRIGHT,<br><br>*Defendant.* | CASE NO.: 9:18-cv-80176-BB/BR |

# JOINT DISCOVERY MEMORANDUM

The parties certify they have complied with the requirements for pre-hearing consultation contained in the Court's Standing Discovery Order. Despite good faith efforts to resolve their differences, the following issues require resolution by the Court:

## I. Plaintiffs' Ninth Set of Interrogatories

**Defendant:**

For the reasons set forth below, defendant seeks relief[1] from the Court with respect to the additional 13 interrogatories that plaintiffs served as part of their ninth set of interrogatories. Plaintiffs have greatly exceeded the 25-interrogatory limit imposed by Rule 33, and the interrogatories are oppressing, unduly burdensome, and intrude on the work-product privilege.

By their own count, plaintiffs have served a combined 50 interrogatories,[2] but under Rule 33, each "party" is only permitted 25 interrogatories, and plaintiffs are "considered one party for

---

[1] Under the Magistrate's standing discovery order, a party must first request a discovery hearing before filing a protective order. Defendant is prepared to file a motion for protective order, if the Court deems it necessary.

[2] Plaintiffs purport to have served 25 interrogatories on behalf of Ira Kleiman (Exhibits A, B, C, D, and E) and 25 on behalf of W&K (Exhibits F, G, H).

1

purposes of the 25–interrogatory limit." *Fernandez v. North Dakota*, 2013 WL 6491387, at *4 (D.N.D. 2013) (citing *Vinton v. Adams Aircraft Ind., Inc.*, 232 F.R.D. 650, 664 (D. Colo 2005)). Plaintiffs are represented by the same law firms and have always filed and opposed motions jointly. *McCarthy v. Paine Webber Grp., Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996) (finding "disingenuous" defendant's argument that each defendant was entitled to 25 interrogatories when "all defendants have been represented by the same law firm since May 1993, and have jointly filed and responded to all motions since that time."). Plaintiffs cannot now split into two "parties" when it is advantageous for them. *Allen v. Sch. Bd. for Santa Rosa Cty., Fla.*, 2011 WL 1831764, at *2–3 (N.D. Fla. 2011) (refusing to entertain an argument "that each defendant is entitled to propound 25 interrogatories for a total of 75").

Further, when counting the interrogatory subparts—as required by Rule 33—plaintiffs have already served over 5,768 interrogatories. For example, in plaintiffs' eighth set of interrogatories, request number #2 instructs as follows:

> For each Wright Patent, including those not listed on Exhibit A, identify all alleged inventions claimed herein.

Exhibit G at 12. The "Wright Patents" referenced in that interrogatory include a list of 488 patents that plaintiffs compiled and identified as "Exhibit A" to the interrogatory. In other words, plaintiffs are asking defendant to "identify all alleged inventions" for at least 488 individual patents. That is the equivalent of 488 interrogatory requests. *Rambus Inc. v. NVIDIA Corp.*, 2011 WL 11746749, at *14 (N.D. Cal. 2011) (**"an interrogatory that seeks information (even a single piece of information) about 300 separate products is asking 300 separate questions."**) (emphasis added); *Stamps.Com, Inc. v. Endicia, Inc., PSI Sys. Inc.*, 2009 WL 2576371, at *3

(C.D. Cal. 2009); *Edge Sys. LLC. v. Image MicroDerm Inc.*, 2019 WL 2902492, at *1 (C.D. Cal. 2019). As such, plaintiffs exhausted all their interrogatories with request number 2.[3]

Plaintiffs' ninth set of interrogatories are also overbroad and unduly burdensome. They are contention interrogatories that track Dr. Wright's affirmative defenses[4] and ask for "**all factual bases**, including all witnesses and documents supporting Your contention that . . . ." Exhibit H (emphasis added). But "contention interrogatories cannot be used to make the "answering party . . . provide a narrative account of its case." *Miller v. Garibaldi's, Inc.*, 2016 WL 7257035, at *7 (S.D. Ga. 2016) (citing *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006)) (internal citations omitted); *Crom, LLC v. Preload, LLC*, 2017 WL 2408126, at *2–3 (N.D. Fla. 2017); *Bingham v. Baycare Health Sys.*, 2016 WL 1546504, at *2 (M.D. Fla. 2016). For that reason, "contention interrogatories that systematically track all of the allegations in an opposing party's pleadings, and that ask for 'each and every fact' . . . that supports the party's allegations, are an abuse of the discovery process because they are unduly broad and burdensome." § 2167 Scope of Interrogatories—Opinions, Contentions, and Conclusions, 8B Fed. Prac. & Proc. Civ. § 2167 (3d ed.) (citing *Lucero v. Valdez*, 240 F.R.D. 591 (D.N.M. 2007)); *Megdal Assocs., LLC v. La-Z-Boy, Inc.*, 2016 WL 4503337, at *6 (S.D. Fla. 2016) (citing *Hilt v. SFC, Inc.*, 170 F.R.D. 182, 188 (D. Kan. 1997)); *In re Reliance Fin. & Inv. Grp., Inc.*, 2006 WL 8435541, at *3 (S.D. Fla. 2006); *Miller v. Garibaldi's, Inc.*, 2016 WL 7257035, at *7 (S.D. Ga. 2016) (citing *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006)) ("Contention

---

[3] Interrogatories 3, 4, 5, 6, each count for an additional 448, while interrogatories 7, 8, 9, 10, and 11 each count for an additional 882 interrogatories.

[4] Interrogatory number 8 corresponds to defendant's first affirmative defense. Interrogatory number 9 corresponds to defendant's second affirmative defense. Interrogatory number 10 corresponds to defendant's third affirmative defense, etc.

3

interrogatories are overly broad and unduly burdensome on their face if they seek 'all facts' supporting a claim or defense. . . .") (internal citations omitted).

Finally, by seeking "all factual bases" for defendant's defenses, plaintiffs' request undoubtedly seeks information that is protected by the attorney work-product privilege. A large part of preparing for trial is developing the factual basis for defenses and that work product will be swept up in plaintiffs' broad request. This is not a case where plaintiffs have served a more limited interrogatory for "material or principle facts," which some courts have permitted. *E.g., In re Reliance Fin. & Inv. Grp., Inc.,* 2006 WL 8435541, at *3 (S.D. Fla. 2006).

**Plaintiffs:**

On March 11, Plaintiff W&K Info Defense Research, LLC (collectively with Ira Kleiman, "Plaintiffs") served 12 contention interrogatories[5] on 12 of Defendant's 14 affirmative defenses, specifically statute of limitations, laches, good faith, accord and satisfaction, release, payment, set-off, failure to mitigate, waiver, estoppel, unclean hands, and statute of frauds.[6] (*See* Exhibit H at 11-13, and Exhibit I (Amended Answer) at 32-35.) Defendant refuses to respond substantively to the interrogatories because they (1) exceed Rule 33(a)'s presumptive limitation, (2) are overbroad and unduly burdensome, and (3) seek work product.[7] These objections should be overruled.

*First*, Rule 33(a) is straightforward: "Unless otherwise stipulated or ordered by the court, a *party* may serve on any other party no more than 25 written interrogatories, including all discrete

---

[5] Interrogatory No. 14 is a duplicate of Interrogatory No. 11, and thus it can be ignored.

[6] Plaintiffs did not serve contention interrogatories on the personal jurisdiction and res judicata defenses.

[7] Defense counsel did not raise undue burden or work product objections on the parties' meet and confer. Thus, although Plaintiff will address them, these objections should be deemed waived.

4

subparts." (emphasis added). Consistent with this plain language, courts have held that Rule 33(a)'s presumptive limit is **per party**. *E.g.*, *St. Paul Fire & Marine Ins. Co. v. Birch, Stewart, Kolasch & Birch, LLP*, 217 F.R.D. 288, 289 (D. Mass. 2003) ("Under the plain terms of Rule 33(a), each defendant could, without leave of court, serve 25 interrogatories on the plaintiff."). Here, Plaintiff W&K Info Defense Research, LLC has not exhausted its presumed allotment of 25 interrogatories.[8]

Plaintiffs recognize that "[t]here is a split of opinion as to whether Rule 33(a)(1) provides each 'party' with authority to serve twenty-five interrogatories on any other party, or whether Rule 33(a)(1) limits each 'side' to twenty-five interrogatories." *Atl. Sounding Co. v. Townsend*, No. 3:05-CV-649-J-20JRK, 2010 WL 11508296, at *1 (M.D. Fla. Feb. 16, 2010) (citations omitted). Like in *Townsend*, however, it is unnecessary for the Court to address this split because even if Rule 33's preemptive limit applied to "sides" instead of "parties," there is good cause to grant leave to exceed that limit and order Defendant to respond to the interrogatories consistent with Rule 26(b)(2).

Defendant's responses will help streamline issues for trial, which is rapidly approaching. Pertinent here, Plaintiffs moved to strike several of Defendant's affirmative defenses in February 2019. (ECF No. 95 (moving to strike, *inter alia*, release, payment, waiver, estoppel, unclean hands).) This Court denied that motion "without prejudice for Plaintiffs to renew in their motion

---

[8] That Plaintiffs may have served other discovery jointly is irrelevant. *See, e.g.*, *Trevino v. ACB American, Inc.*, 232 F.R.D. 612, 614-15 (N.D. Cal. 2006) (ordering defendant to respond to plaintiffs' 32 jointly-served interrogatories since each plaintiff was allowed 25 interrogatories pursuant to Rule 33). Also irrelevant for purposes of Rule 33(a)'s presumptive limitation are interrogatories the Court specifically authorized, such as the "bonded courier" interrogatories, and interrogatories that allegedly contained subparts since Defendant objected to them on those grounds.

5

for summary judgment." (ECF No. 130.)[9]  Plaintiffs intend to move for summary judgment on some or all of Defendant's affirmative defenses, but first need to understand how Defendant thinks they apply to this case and how he intends to prove them.  As pled, the defenses are barebones and vague, and except perhaps for personal jurisdiction and res judicata, Defendant has not explained them.  Indeed, as late as December 2019, he was "still fleshing out [his] defenses." (ECF No. 343 at 54:3-4.)  Now that discovery is ending and trial is approaching, Defendant should be required to answer the interrogatories and either identify facts and evidence supporting his defenses, or drop them.[10]

***Second***, Defendant's overbreadth and undue burden objections are baseless.  Aside from listing the interrogatories he has answered previously, and complaining that the 12 interrogatories at issue ask for "all factual bases" instead of "all *material* factual bases" that support his affirmative defenses, Defendant makes no attempt to show how answering them imposes an undue burden. *See, e.g.*, *Henderson v. Holiday CVS, L.L.C.*, 269 F.R.D. 682, 686 (S.D. Fla. 2010) ("The party resisting discovery has a heavy burden of showing why the requested discovery should not be permitted. . . . Thus, to even merit consideration, an objection must show specifically how a discovery request is overly broad, burdensome or oppressive, by submitting evidence or offering

---

[9] In late August 2019, this Court struck several of Defendant's affirmative defenses.  (ECF No. 277 (striking good faith, accord and satisfaction, release, payment, set-off, failure to mitigate, waiver, and statute of frauds).)  But Judge Bloom reinstated them in January.  (ECF No. 373 at 20.)

[10] Defendant does not—and could not—argue that the contention interrogatories at issue are premature. *See, e.g.*, *Reilly v. Chipotle Mexican Grill, Inc.*, No. 15-23425-CIV, 2016 WL 10646561, at *4 (S.D. Fla. Sept. 22, 2016) ("Because Defendant tendered its contention interrogatories near the close of discovery to allow Plaintiff to identify the evidence supporting her allegations in the complaint, there is little or no burden of justification."); *Spadaro v. City of Miramar*, No. 11-61607-CIV, 2012 WL 3042988, at *2 (S.D. Fla. July 25, 2012) ("This case has been pending over a year.  Fact discovery was set to close on July 27, 2012, until the recent extension of pretrial deadlines and the trial date.  Since the close of fact discovery is imminent, it is not premature to require Plaintiff to respond to contention interrogatories at this time.").

evidence which reveals the nature of the burden.") (quotation marks omitted); *21X Capital Ltd. v. Werra*, No. C06-4135 JW (HRL), 2007 WL 2852367, at *2 (N.D. Cal. 2007) ("Defendants do not describe a particular hardship or burden in answering that volume of interrogatories, and this court is not willing to rule in a vacuum that 50 (or 100) is too many as a matter of law.  Maybe it is; maybe not"; rejecting claim that "50 to 100 interrogatories are too numerous and presumptively burdensome").

Moreover, the authority Defendant cites is inapposite—the interrogatories do not "systematically track all of the allegations" in Defendant's answer, they just ask about 12 of his affirmative defenses.  And courts regularly authorize contention interrogatories that seek all factual bases for affirmative defenses.  *See, e.g.*, *Heffron v. Citrus HMA, LLC*, No. 5:13-CV-453-OC-22PRL, 2014 WL 1378815, at *2 (M.D. Fla. Apr. 8, 2014) (compelling response to interrogatory seeking "'any and all factual and legal support for' Defendant's defense, affirmative defenses, and counterclaims and the identities of all witnesses with knowledge of such facts"); *Morock v. Chautauqua Airlines, Inc.*, No. 8:07-CV-210-T-17-MAP, 2007 WL 4247767, at *3 (M.D. Fla. Dec. 3, 2007) (compelling response to interrogatory asking for "the facts upon which you rely for each affirmative defense in your answer"); *see also Consumer Fin. Prot. Bureau v. Ocwen Fin. Corp.*, No. 9:17-CV-80495, 2018 WL 3848428, at *2 (S.D. Fla. Aug. 13, 2018) (explaining that "[c]ontention interrogatories directed to defendants often relate to a specific affirmative defense or denial formally asserted by a party"); *Urban v. Wesco Distribution, Inc.*, No. 10-80782-CIV, 2011 WL 13227736, at *6 (S.D. Fla. May 31, 2011) ("Contention interrogatories, which require the defendant to state the appropriate application of law to fact supporting its affirmative defenses, are appropriate during discovery.").  This makes sense:  Plaintiffs need to know the factual bases underlying the affirmative defenses so that Defendant cannot argue on summary judgment that

7

judgment is not appropriate because Plaintiffs did not address the facts that purportedly support a given defense.

***Third***, Defendant's work product objection is meritless. "Numerous courts have rejected the proposition that interrogatories which seek material or principal facts that support a party's allegations violate the work product doctrine." *Spadaro v. City of Miramar*, No. 11-61607-CIV, 2012 WL 3042988, at *3 (S.D. Fla. July 25, 2012). "In answering contention interrogatories the party is only giving the factual specifics which the party contends supports a claim, and this in no way impinges on the attorney's impressions or analysis as to how the attorney will endeavor to apply the law to the facts." *Id.* (internal quotations omitted). The interrogatories are designed to elicit the factual bases underlying Defendant's affirmative defenses so Plaintiffs can prepare for trial and seek summary judgment as a matter of law or if there is no genuine dispute of material fact.

Accordingly, Plaintiffs respectfully request that the Court permit the contention interrogatories and order Defendant to respond so Plaintiffs may renew their summary judgment motion.

## II. Plaintiffs' Multimedia Production

**Defendant:**

Defendant seeks the production of certain of plaintiffs' multimedia files that the parties had previously agreed would be produced upon defendant selecting the relevant files. Plaintiffs refuse to produce any files, arguing that it is too late. Plaintiffs' position is disingenuous. Plaintiffs know full well that the only reason that there was delay in defendant selecting the documents is that the list of files that plaintiffs provided to defendant's counsel contained multiple errors. Once those errors were resolved, defendant immediately selected the files to be

produced. There is no legitimate basis to withhold the multimedia files. Discovery has not run, and defendant has acted with absolute diligence in trying to obtain the documents without Court assistance.[11]

**Plaintiffs:**

On March 27, 2020, one month prior to close of discovery, Defendant requested the review of 637 multimedia files that comprised over 34 GBs worth of data. This request comes more than four months after Plaintiffs provided defense counsel an agreed upon list and during the final month of discovery while the parties are engaged in expert discovery. Review of such a large set of multimedia files would require a large amount of resources at a time when Plaintiffs' counsel is already working above capacity. Accordingly, the request is unduly burdensome and should be denied.

Defendant's position that delay was caused because the list provided by Plaintiffs' "contained multiple errors" is counterfactual. Plaintiffs provided Defendant an updated list of all multimedia files on November 26, 2019. That list contained more media files than the list provided earlier in discovery because more data had been processed. Considering that the Defendant has been collecting and producing new relevant documents as recently as last week, it's unclear why Defendant would think the sequence of Plaintiffs' productions was made in error.

---

[11] Defendant has refrained from attaching as exhibits the multiple emails his counsel sent to plaintiffs' counsel pushing this issue. In furtherance of good order, counsel is prepared to provide those emails to the Court for review, should the Court find that necessary. There has been no delay or abandonment of this issue.

9

Dated: March 30, 2020

Respectfully submitted,

By: */s/ Amanda McGovern*
    AMANDA MCGOVERN
    Florida Bar No. 964263
    ANDRES RIVERO
    Florida Bar No. 613819
    SCHNEUR KASS
    Florida Bar No. 100554
    ZAHARAH MARKOE
    Florida Bar No. 504734

    **RIVERO MESTRE LLP**
    2525 Ponce de Leon Boulevard, Suite 1000
    Miami, Florida 33134
    Telephone: (305) 445-2500
    Fax: (305) 445-2505
    Email: arivero@riveromestre.com
    Email: arolnick@riveromestre.com
    Email: amcgovern@riveromestre.com
    Email: zkass@riveromestre.com
    Email: receptionist@riveromestre.com

*Attorneys for Dr. Craig Wright*

By: */s/ Andrew S. Brenner*
    Andrew S. Brenner, Esq.
    **BOIES SCHILLER FLEXNER LLP**
    100 SE 2nd Street, Suite 2800
    Miami, Florida 33131
    abrenner@bsfllp.com

    Velvel (Devin) Freedman, Esq.
    **ROCHE CYRULNIK FREEDMAN LLP**
    200 S. Biscayne Blvd.
    Suite 5500 Miami, Florida 33131
    vel@rcfllp.com

    Kyle W. Roche, Esq.
    Joseph M. Delich
    **ROCHE CYRULNIK FREEDMAN LLP**
    99 Park Avenue, 19th Floor
    New York, New York 10016
    kyle@rcfllp.com
    jdelich@rcfllp.com

*Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC*