# EXHIBIT B

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>*Plaintiffs,*<br><br>v.<br><br>CRAIG WRIGHT<br><br>*Defendant.* | CASE NO.: 9:18-cv-80176-BB |

## PLAINTIFF IRA KLEIMAN'S REVISED FIRST AND SECOND SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33 and Local Rule 26.1, Plaintiff Ira Kleiman, as personal representative of the estate of David Kleiman, hereby serves the following Interrogatories, and requests that within thirty (30) days after service, Defendant Craig Wright answer the Interrogatories fully, in writing, and under oath.

## DEFINITIONS

For the purposes of these interrogatories, the following definitions shall apply:

1. The term "Plaintiff" shall mean IRA KLEIMAN, as the personal representative of the Estate of David Kleiman.

2. The terms "Defendant," "you," "yours" and/or "yourselves" shall mean Defendant Craig Wright and any Person or Trust (as defined herein) of which (a) Craig Wright is an owner, shareholder, member, manager, director, officer, trustee, employee, or beneficiary of ("CSW Persons/Trusts"), or that (b) is controlled by Craig Wright or any CSW Persons/Trusts.

1

3. The term "Action" shall mean the lawsuit currently pending *Ira Kleiman, et al. v. Craig Wright*, Case No. 9:18-cv-80176-BB in the U.S. District Court, Southern District of Florida.

4. The terms "document" or "documents" shall mean any written, typewritten, handwritten, printed, graphic, photographic, electronic or recorded materials, including, but not limited to the following: correspondence and drafts of correspondence; e-mails; SMS messages; Whatsapp messages; Signal messages; Twitter DMs; Facebook messages; any other form of messages or communications; notes or summaries of conversations; forms; schedules or worksheets; memoranda; reports; comments; worksheets; plans; minutes; notes; notices or notifications; findings; brochures; circulars; bulletins; advertisements; records; summaries or other reports of conferences, meetings, visits, surveys, discussions, inspections, and examinations; journals; logs; ledgers; balance sheets; profit and loss statements; purchase orders; quotations; estimates; invoices; bids; receipts; pledge commitments; acknowledgments; credit memoranda; contract or lease offers or proposals; income tax returns; check stubs (front and back); sales vouchers or records; executed or proposed agreements; contracts; deeds; franchise agreements; licenses; leases; insurance policies and riders or options; proposals; diaries; desk calendars; appointment books; evaluations; applications; telephone call books, notes or records; affidavits, deposition transcripts, statements or summaries or excerpts thereof; stenographic notes; financial data; newspaper or magazine articles; pamphlets; books; texts; notebooks; magazines; manuals; publications; notepads; tabulations; data compilations; calculations; or computations; schedules; drafts; charts and maps; forecasts and projections; feasibility studies; drawings, designs, plans, specifications; graphs, blueprints, sketches, or diagrams; printouts or other stored information from computers or other information retention or processing systems;

hard drives, USB drives, disks, CD's, DVD's, tapes, videotapes; photographic matter or sound reproduction matter however produced, reproduced or stored; computer data of any kind whatsoever; any exhibits, attachments, or schedules to or with the foregoing; any drafts of the foregoing; any of the foregoing that exist in a form by which they are protected by computer encryption; any copies or duplicates of the foregoing that are different because of marginal or handwritten notations, or because of any markings thereon; the inclusion of specific examples within any individual request does not limit the definition provided herein and should be viewed as merely as examples meant to facilitate production.

     5.    "Copy" when used in reference to a document means any color, or black and white facsimile reproduction of a document, regardless of whether that facsimile reproduction is made by means of carbon papers, pressure sensitive paper, xerography or any other means of process.

     6.    "Communication" and "communicate" shall mean any recordation, exchange or transfer of information, whether in writing, audio, oral or other form, including, but not limited to, memoranda or notes, telephone conversations and meetings, letters, telegraphic and telex communications, email communications, SMS messages, Twitter DMs, Facebook messages, Whatsapp messages, Signal messages, any other form of messages or communications, blogs, voicemails, and includes all information relating to all oral or written communications and "documents" (as herein above defined), whether or not such document, or information contained herein was transmitted by its author to any other person; the inclusion of specific examples within any individual request does not limit the definition provided herein and should be viewed as merely as examples meant to facilitate production.

7. "Person" or "persons" shall mean each and every individual, corporation, partnership, joint venture, social or political organization, or any other entity, incorporated or unincorporated, or encompassed within the usual and customary meaning of "person" or "persons."

8. "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on the behalf of another.

9. "Date" shall mean the exact day, month and year if ascertainable or, if not, the best approximation, including relationship to other events.

10. The term "materials" shall mean (1) the elements, constituents, or substances of which something is composed or can be made; something (as data) that may be worked into a more finished form (2) apparatus necessary for doing or making something; (3) The substance or substances out of which a thing is or can be made; and/or (4) Tools or apparatus for the performance of a given task.

11. The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

12. "Identify" when used in reference to:

    a. a person, shall mean to state his or her full and present or last known address (including zip code), phone number and present or last known position or business affiliation (designating which), and the job description;

    b. a firm, partnership, corporation, proprietorship, entity/business, or association, shall mean to state its full name and present or last known address (designating which) and to state the name and address of each person within the entity

likely to have knowledge of the relationship between the entity and Plaintiffs or Defendant in this Action;

c. a document, shall mean the date, author, sender, recipient, type of document or some other means of identifying it and its present location and custodian;

d. an oral communication, shall mean the date, the communicator, communicate, and the nature of the communication;

e. in the case of a document within the possession, custody or control of Defendant, whether Defendant will make it available to Plaintiff's counsel for inspection and/or copying;

f. in the case of a document that was, but is no longer in the possession, custody or control of Defendant, what disposition has been made of the document.

g. a public key or public address shall mean the entire public key and hashed public address and the date you came to possess the private keys and/or the identification of the possessor of the private keys.

13. As used in this Interrogatory, the singular shall include the plural, and vice versa; the use of the word "any" shall include and encompass the word "all," and vice versa; the use of the disjunctive shall include the conjunctive, and vice versa; and, unless context indicates otherwise, the use of any gender includes all other genders.

14. The term "cryptocurrency" shall mean any digital currency in which encryption techniques are used to regulate the generation of units of currency and verify the transfer of funds, operating independently of a central bank. It shall include, but not be limited to, Bitcoin, Bitcoin Cash, any other "forked asset" as defined by the Amended Complaint (D.E. 24), and Etherium's Ethers.

15. The term "Electronic cash without a trusted third party" shall mean the paper You referred to here: https://twitter.com/ProfFaustus/status/1022370998346231808.

16. The term "*Bitcoin: A Peer-to-Peer Electronic Cash System*" shall mean the famous Bitcoin whitepaper released by "Satoshi Nakamoto" on October 31, 2008.

17. The term "genesis block" shall refer to the first block of the Bitcoin blockchain created by Satoshi Nakamoto on January 3, 2009 and that included the following text: "The Times 03/Jan/2009 Chancellor on brink of second bailout for banks."

**REVISED INTERROGATORIES PER THE COURT'S FEBRUARY 22, 2019 ORDERS**

**REVISED INTERROGATORY NOS. 1-4[1]:** Please identify the public key of all bitcoins (1) that you mined from January 3, 2009 until April 31, 2013; (2) that Dave Kleiman mined during that same period, and (3) that W&K Info Defense Research mined during that same period.

**REVISED INTERROGATORY NO. 5**: Identify any and all persons that you know have ever had control over the satoshin@gmx.com, satoshi@vistomail.com, or the satoshi@anonymousspeech.com accounts. For purposes of this Interrogatory No. 5, the term "control" means anyone you know has (i) had the login credentials to any of these accounts or (i) has been involved in drafting or sending an email from any of these accounts.

**REVISED INTERROGATORY NO. 6:** Identify any and all persons you know that either (1) assisted in drafting the paper "*Bitcoin: A Peer-to-Peer Electronic Cash System*" or it precursor "*Electronic Cash Without A Trusted Third Party*"; (2) were involved in writing the software / computer code that constituted the initial Bitcoin protocol used to mine Bitcoin's "genesis block" on January 3, 2009; or (3) were, prior to January 3, 2009, otherwise involved in the original release of the aforementioned papers or code, this includes but is not limited to, the identity of the "three key people behind Bitcoin" you referred to in your February 11, 2014 email to Louis Kleiman cited at paragraph 133 of the Amended Complaint (D.E. 24).

---

[1] Plaintiff Ira Kleiman's revisions to these Interrogatories is served pursuant to Judge Reinhart's ruling on Defendant's objection to these interrogatories. Specifically, that the Court "will let [Plaintiffs] trace [the Defendant's bitcoin holdings] forward not backward." (Hearing Tr. at 120:15-20 (February 20, 2019). Accordingly, if Defendant asserts these Interrogatories count against Ira's total, Ira will plan to raise this with the Court at the upcoming March 6, 2019 hearing.

Dated: February 22, 2019.                                    Respectfully submitted,

                                                             *s/ Velvel (Devin) Freedman*
                                                             Velvel (Devin) Freedman, Esq.
                                                             BOIES SCHILLER FLEXNER LLP
                                                             100 SE Second Street, Suite 2800
                                                             Miami, Florida  33131
                                                             Telephone:  (305) 539-8400
                                                             Facsimile:   (305) 539-1307
                                                             vfreedman@bsfllp.com

                                                             Kyle W. Roche, Esq.
                                                             *Admitted Pro Hac Vice*
                                                             BOIES SCHILLER FLEXNER LLP
                                                             333 Main Street
                                                             Armonk, NY10504
                                                             Telephone: (914) 749-8200
                                                             Facsimile:  (914) 749-8300
                                                             kroche@bsfllp.com

                                                             *Counsel to Plaintiff Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 22, 2019, a true and correct copy of the foregoing was served on all counsel of record identified on the Service List below via e-mail:

Andres Rivero, Esq.
Jorge A. Mester, Esq.
Alan H. Rolnick, Esq.
Daniel Sox, Esq.
RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard
Suite 1000
Coral Gables, FL 33134
305-445-2500
(305) 445-2505 (fax)
arivero@riveromestre.com
jmestre@riveromestre.com
arolnick@riveromestre.com
dsox@riveromestre.com
receptionist@riveromestre.com

8

*/s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman

9

## NOTARY ATTESTATION

I, _____, DO HEREBY AFFIRM THAT THE ANSWERS TO ALL OF THE ABOVE INTERROGATORIES ARE TRUE AND CORRECT TO THE BEST OF MY PERSONAL AND PROFESSIONAL KNOWLEDGE.

The foregoing instrument was acknowledged before me on this _____ day of _____, 2019, by _____, who is personally known to me or has produced _____ as a valid form of identification for these purposes.

State of            )
                    )
County of           )
(Please indicate)


_____
Notary public sign


_____
Notary public print


_____
Commission number and expiration date of same

10