# EXHIBIT D

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>*Plaintiffs,*<br><br>v.<br><br>CRAIG WRIGHT<br><br>*Defendant.* | CASE NO.:  9:18-cv-80176-BB |

**PLAINTIFF IRA KLEIMAN'S CORRECTED THIRD SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33 and Local Rule 26.1, Plaintiff Ira Kleiman, as personal representative of the estate of David Kleiman, hereby serves the following Interrogatories, and request that within thirty (30) days after service, Defendant Craig Wright answer the Interrogatories fully, in writing, and under oath.

## DEFINITIONS

For the purposes of these interrogatories, the following definitions shall apply:

1. The term "Plaintiffs" shall mean IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC.

2. The terms "Defendant," "you," "yours" and/or "yourselves" shall mean Defendant Craig Wright and any Person or Trust (as defined herein) of which Craig Wright is a manager, director, officer, trustee, or beneficiary of, or whom any of the aforementioned control.

3. The term "Action" shall mean the lawsuit currently pending *Ira Kleiman, et al. v. Craig Wright*, Case No. 9:18-cv-80176-BB in the U.S. District Court, Southern District of Florida.

1

4. The terms "document" or "documents" shall mean any written, typewritten, handwritten, printed, graphic, photographic, electronic or recorded materials, including, but not limited to the following: correspondence and drafts of correspondence; e-mails; SMS messages; Whatsapp messages; Signal messages; Twitter DMs; Facebook messages; message board posts or DMs; any other form of messages or communications; code; programming; notes or summaries of conversations; forms; schedules or worksheets; memoranda; reports; comments; worksheets; plans; minutes; notes; notices or notifications; findings; brochures; circulars; bulletins; advertisements; records; summaries or other reports of conferences, meetings, visits, surveys, discussions, inspections, and examinations; journals; logs; ledgers; balance sheets; profit and loss statements; purchase orders; quotations; estimates; invoices; bids; receipts; pledge commitments; acknowledgments; credit memoranda; contract or lease offers or proposals; income tax returns; check stubs (front and back); sales vouchers or records; executed or proposed agreements; contracts; deeds; franchise agreements; licenses; leases; insurance policies and riders or options; proposals; diaries; desk calendars; appointment books; evaluations; applications; telephone call books, notes or records; affidavits, deposition transcripts, statements or summaries or excerpts thereof; stenographic notes; financial data; newspaper or magazine articles; pamphlets; books; texts; notebooks; magazines; manuals; publications; notepads; tabulations; data compilations; calculations; or computations; schedules; drafts; charts and maps; forecasts and projections; feasibility studies; drawings, designs, plans, specifications; graphs, blueprints, sketches, or diagrams; printouts or other stored information from computers or other information retention or processing systems; hard drives, USB drives, disks, CD's, DVD's, tapes, videotapes; photographic matter or sound reproduction matter however produced, reproduced or stored; computer data of any kind whatsoever; any exhibits, attachments, or schedules to or with the foregoing; any drafts

2

of the foregoing; any of the foregoing that exist in a form by which they are protected by computer encryption; any copies or duplicates of the foregoing that are different because of marginal or handwritten notations, or because of any markings thereon; the inclusion of specific examples within any individual request does not limit the definition provided herein and should be viewed as merely as examples meant to facilitate production.

5. "Copy" when used in reference to a document means any color, or black and white facsimile reproduction of a document, regardless of whether that facsimile reproduction is made by means of carbon papers, pressure sensitive paper, xerography or any other means of process.

6. "Communication" and "communicate" shall mean any recordation, exchange or transfer of information, whether in writing, audio, oral or other form, including, but not limited to, memoranda or notes, telephone conversations and meetings, letters, telegraphic and telex communications, email communications, SMS messages, Twitter DMs, Facebook messages, Whatsapp messages, Signal messages, any other form of messages or communications, blogs, voicemails, and includes all information relating to all oral or written communications and "documents" (as herein above defined), whether or not such document, or information contained herein was transmitted by its author to any other person; the inclusion of specific examples within any individual request does not limit the definition provided herein and should be viewed as merely as examples meant to facilitate production.

7. "Person" or "persons" shall mean each and every individual, corporation, partnership, joint venture, social or political organization, or any other entity, incorporated or unincorporated, or encompassed within the usual and customary meaning of "person" or "persons."

8. "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on the behalf of another.

9. "Date" shall mean the exact day, month and year if ascertainable or, if not, the best approximation, including relationship to other events.

10. The term "materials" shall mean (1) the elements, constituents, or substances of which something is composed or can be made; something (as data) that may be worked into a more finished form (2) apparatus necessary for doing or making something; (3) The substance or substances out of which a thing is or can be made; and/or (4) Tools or apparatus for the performance of a given task.

11. The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

12. "Identify" when used in reference to:

   a. a person, shall mean to state his or her full and present or last known address (including zip code), phone number and present or last known position or business affiliation (designating which), and the job description;

   b. a firm, partnership, corporation, proprietorship, entity/business, or association, shall mean to state its full name and present or last known address (designating which) and to state the name and address of each person within the entity likely to have knowledge of the relationship between the entity and Plaintiffs or Defendant in this Action;

   c. a document, shall mean the date, author, sender, recipient, type of document or some other means of identifying it and its present location and custodian;

   d. an oral communication, shall mean the date, the communicator, communicate, and the nature of the communication;

4

  e. in the case of a document within the possession, custody or control of Defendant, whether Defendant will make it available to Plaintiff's counsel for inspection and/or copying;

  f. in the case of a document that was, but is no longer in the possession, custody or control of Defendant, what disposition has been made of the document.

  g. a public key or public address shall mean the entire public key and hashed public address and the date you came to possess the private keys and/or the identification of the possessor of the private keys.

 13. As used in this Interrogatory, the singular shall include the plural, and vice versa; the use of the word "any" shall include and encompass the word "all," and vice versa; the use of the disjunctive shall include the conjunctive, and vice versa; and, unless context indicates otherwise, the use of any gender includes all other genders.

 14. The term "cryptocurrency" shall mean any digital currency in which encryption techniques are used to regulate the generation of units of currency and verify the transfer of funds, operating independently of a central bank. It shall include, but not be limited to, Bitcoin, Bitcoin Cash, Bitcoin Cash SV, any other "forked asset" as defined by the Amended Complaint (D.E. 24), and Etherium's Ethers.

 15. The term "balance" in reference to a public key and public address shall mean the amount of cryptocurrency units associated with that public key or address.

 16. The term "trust" shall include any arrangement, entity, vehicle, agreement, deed, or relationship, in any jurisdiction, where the person with title or control over property has duties to deal with it for another's benefit. Due to variances in various jurisdictions' laws, this definition should not be given an overly formulistic construction, but a liberal one. It should include any

arrangement bearing a similarity to a "trust," and any such arrangement you (or others) have actually referred to as a "trust."

17. The term "mine" or "mining" shall refer to process by which transactions for a cryptocurrency are verified and added to the blockchain digital ledger.

18. The interrogatories set forth below relate to the time period of January 2006 through the present.

## INTERROGATORIES

**INTERROGATORY NO. 7**: Identify the locations of any and all computer devices used by either You, Dave Kleiman, or W&K Info Defense Research, LLC to mine any cryptocurrency between October 1, 2008 and January 1, 2014. The response to this interrogatory shall include both the present location of any and all such computing devices as well as the location at the time of the cryptocurrency mining activities.

**INTERROGATORY NO. 8**: Identify all persons that you sent cryptocurrency to, or received cryptocurrency from between January 1, 2009 and January 1, 2015. For purposes of this Interrogatory, if you are unaware of the identity of an individual and/or entity to which you sent or received bitcoin from, please provide as many details concerning the identity of the individual and/or entity as possible.

**INTERROGATORY NO. 9:** For each individual identified in Interrogatory No. 8, please identify the time and date of the transaction, the amount of the transaction, as well as the public key and public address you used for the cryptocurrency transaction.

**INTERROGATORY NO. 10**: Describe all computer, software, and intellectual property related projects in which you worked, in any capacity, with Dave Kleiman. For purposes of this Interrogatory, describe the contributions both you and Dave Kleiman made to each project identified.

**INTERROGATORY NO. 11**: Identify all Persons with knowledge of Dave Kleiman's involvement in Bitcoin.

**INTERROGATORY NO. 12**: What is the total value of all assets held by you, or held for your benefit?

**INTERROGATORY NO. 13**: Explain in detail all aspects of the business relationship among you, Dave Kleiman, and W&K Info Defense Research, LLC ("W&K")?

**INTERROGATORY NO. 14**: Identify any and all projects and activities that were conducted by or through any combination of you, Dave Kleiman, and/or W&K?

**INTERROGATORY NO. 15**: Explain how exactly the contracts attached to the Second Amended Complaint as exhibits 5, 10, and 15, fit into this relationship among you, Dave Kleiman, and W&K?

**INTERROGATORY NO. 16**: Identify all cryptocurrency, intellectual property, and other assets that were created, due to this relationship between you, Dave Kleiman, and/or W&K?

**INTERROGATORY NO. 17**: Provide all contact information for Uyen Nguyen, including email accounts, phone numbers, addresses, social media account information, etc.

Dated: January 18, 2019.

Respectfully submitted,

*s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman, Esq.
BOIES SCHILLER FLEXNER LLP
100 SE Second Street, Suite 2800
Miami, Florida  33131
Telephone:  (305) 539-8400
Facsimile:   (305) 539-1307
vfreedman@bsfllp.com

Kyle W. Roche, Esq.
*Admitted Pro Hac Vice*
BOIES SCHILLER FLEXNER LLP
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile:  (914) 749-8300
kroche@bsfllp.com

*Counsel to Plaintiff Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 18, 2019, a true and correct copy of the foregoing was served on all counsel of record identified on the Service List below via e-mail:

Andres Rivero, Esq.
Jorge A. Mester, Esq.
Alan H. Rolnick, Esq.
Daniel Sox, Esq.
RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard
Suite 1000
Coral Gables, FL 33134
305-445-2500
(305) 445-2505 (fax)
arivero@riveromestre.com
jmestre@riveromestre.com
arolnick@riveromestre.com
dsox@riveromestre.com
receptionist@riveromestre.com

>*/s/ Velvel (Devin) Freedman*
>Velvel (Devin) Freedman

## NOTARY ATTESTATION

I, _____, DO HEREBY AFFIRM THAT THE ANSWERS TO ALL OF THE ABOVE INTERROGATORIES ARE TRUE AND CORRECT TO THE BEST OF MY PERSONAL AND PROFESSIONAL KNOWLEDGE.

The foregoing instrument was acknowledged before me on this _____ day of _____, 2019, by _____, who is personally known to me or has produced _____ as a valid form of identification for these purposes.

State of           )
                   )
County of          )

(Please indicate)

_____
Notary public sign

_____
Notary public print

_____
Commission number and expiration date of same