# EXHIBIT H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>*Plaintiffs,*<br><br>v.<br><br>CRAIG WRIGHT<br><br>*Defendant.* | CASE NO.: 9:18-cv-80176-BB |

**PLAINTIFF'S INTERROGATORIES**
**TO DEFENDANT CRAIG WRIGHT**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff W&K Info Defense Research hereby requests that Defendant Craig Wright ("Defendant") deliver to Plaintiff his sworn answers to the following Interrogatories within 30 days of service of these requests. These requests are continuing in nature: responsive information discovered subsequent to service of Defendant's answers hereto shall be disclosed through supplemental responses within thirty (30) days of discovery, as required by Federal Rule of Civil Procedure 26(e).

# DEFINITIONS

1. The terms "You," "your," "Defendant," "Dr. Wright," and "Craig" mean the Defendant Craig Wright, and includes the agents, employees, partners, and affiliates of Defendant and all other persons (as defined herein) acting or purporting to act on behalf of Defendant or who are subject to the direction or control of Defendant.

2. The terms "document" or "documents" shall be synonymous in meaning, equal in scope and shall have the broadest meaning ascribed to them by Federal Rule of Civil Procedure 34(a). This shall include, without limitation, the following items, whether printed or reproduced by any process, or written or produced by hand or stored in computer memory, magnetic or hard disk or other data storage medium, and whether or not claimed to be privileged, confidential or otherwise excludable from discovery, namely: electronic or computerized data compilations, notes, letters, correspondence, communications, e-mails, text messages, memoranda, summaries of telephone conversations, records of telephone conversations, summaries or records of personal conversations or meetings, diaries, reports, laboratory and research reports and notebooks, recorded experiments, charts, plans, drawings, diagrams, schematic diagrams, illustrations, product descriptions, technology roadmaps, design documents, product analyses, white papers, requests for proposal, technical tutorials, writings related to proposed or actual product improvements or changes, user manuals or guides, installation guides or manuals, technical descriptions or specifications, product repair manuals or guides, photographs, video images, business flow charts or descriptions or specifications, product functions or descriptions or specifications, minutes or records of meetings, summaries of interviews, reports or investigations, opinions or reports of consultants, reports of trademark

searches, trademark application materials, opinions of counsel, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, sales and purchase orders, receipts, invoices, quotations, estimates, leases or consignments, drafts of any of the foregoing documents, and all other material fixed in a tangible or electronic medium of whatever sort or type in the possession, custody or control of Defendant or any of their representatives, whether or not prepared by Defendant.  "Document" or "Documents" also includes all non-identical copies of the foregoing, such as those bearing comments, postscripts, changes, amendments, addenda, or other notations not present on the original document as initially written, typed or otherwise prepared.

3. "Employee" means any director, trustee, officer, employee, partner, corporate subsidiary, affiliate, or servant of the designated entity, whether active or retired, full-time or part-time, current or former, and compensated or not.

4. "Representative" means any consultant, expert, attorney, contractor, salesperson, or other individual or entity engaged by the designated entity to perform some task or assignment for the entity.

5. "Entity" means any corporation, company, partnership, proprietorship, joint venture, or business, as well as any governmental unit.

6. "Individual" means a human being unless Defendant cannot identify such individual by name.  In such case, "individual" shall mean the entity with which such individual was or is employed, engaged or associated.  "Individual" includes, without limitation, employees and representatives.

7. "Person" means any natural or corporate person, and shall include any corporation, partnership, proprietorship, firm, trust, association, government entity, organization, or group of any of the aforesaid "Persons."

8. The terms "identify" and "identification," when used in reference to a natural person, shall include stating his or her full name, residence and business telephone numbers, present residence and business addresses, if known, his or her present or last known title, position, and business affiliation.

9. The terms "identify" and "identification," when used in reference to someone other than a natural person, mean to state the full and official name of the business entity, its principal place of business, and the main telephone number of such business entity.

10. The terms "identify" and "identification," when used in reference to a document, mean to state its date, type (e.g., memo, telecopy, email), authors, addressees or recipients, title, if any, and, if no title, a brief description of the subject matter of the document, its present or last known location and custodian, and its Bates number if produced in this litigation.  If any document once was, but is no longer, in Your possession, custody, or control, state what disposition was made of it and the reason for such disposition.

11. The terms "identify" and "identification," when used in reference to any act, activity, practice, policy, effort, event, transaction, negotiation, discussion, conversation, occasion, occurrence, meeting, representation, agreement, or communication, mean to: (a) describe the nature and substance of the act, activity, practice, policy, effort, event, transaction, negotiation, discussion, conversation, occasion, occurrence, meeting, representation, agreement, or communication; (b) state the date when and place where it occurred; (c) identify each person who

was a participant therein; (d) identify each other person who was a witness thereto; and (e) state the amount of money, if any, paid to or from Defendant in connection with the act, activity, practice, policy, effort, event, transaction, negotiation, discussion, conversation, occasion, occurrence, meeting, representation, agreement, or communication.

12. "Refer to" and "relate to" include the following: pertain to, make reference to, refer to, relate to, concern, comprise, evidence, allude to, respond to, connect with, comment on, with respect to, are about, regard to, result from, embody, explain, support, discuss, show, describe, reflect, analyze, constitute, set forth, or have any logical or factual connection with the subject matter in question.

13. The term "any" or "each" should be understood to include and encompass "all."

14. The term "including" should be understood to mean "including but not limited to."

15. The singular includes the plural number and vice versa, any use of gender includes both genders, and a verb tense includes all other verb tenses where the clear meaning is not distorted by addition of another tense or tenses.

16. Whenever the conjunctive is used, it shall also be taken in the disjunctive, and vice versa.

17. Unless otherwise stated, terms shall be given the same meaning as they have in Defendant's Amended Answer to the Second Amended Complaint, D.E. [87].

## INSTRUCTIONS

1. These interrogatories call for all information in Your possession, custody, or control, or in the possession, custody, or control of Your attorneys, agents, employees, officers, directors, or representatives, or other persons acting under Your authorization, employment, direction, or control.

2. If You are unable to answer any of these interrogatories in whole or in part after reasonable inquiry to secure the information requested, You should answer, to the extent possible, explaining why You are unable to answer in full, and provide whatever information that You have concerning the unanswered portion.

3. If You object to any interrogatory, state the ground(s) of the objection with sufficient specificity to permit the determination of the basis for such objection. Objection to a portion of any interrogatory does not relieve You of the duty to respond to the parts to which You do not object.

4. If You withhold any document and/or information because You claim that it is protected by the work product doctrine, the attorney-client privilege, or any other privilege or protection, identify the document and/or information by description, date, author or source, a brief description of the nature and subject matter of the document and/or information in sufficient detail to permit other parties to this action to assess the applicability of the asserted privilege or immunity, and state the ground(s) on which You base Your claim of privilege or protection.

5. In the event that an interrogatory answer requires, in whole or in part, Your review of a document which is known to have existed and cannot now be located or has been destroyed or discarded, that document shall be identified by:

(a) the last known custodian;

(b) date of destruction or discard;

(c) the manner of destruction or discard;

(d) the reason(s) for destruction or discard;

(e) the efforts made to locate any documents that have been lost or misplaced;

(f) a statement describing the document, including a summary of its contents;

(g) the identity of its author(s); and

(h) persons to whom it was sent or shown.

6. With respect to the answer to each interrogatory or subpart thereof, state the source of the information given therein with as much particularity as is reasonably possible, including, without limitation, the nature and designation of any files that contain such information, and the identification of each person or entity that provided any information included in such answer. In addition, identify each other person known or believed to have some or all of the information sought in such interrogatory or subpart thereof.

7. Where an identified document has been destroyed or is alleged to have been destroyed, state the reasons for its destruction, the names of the persons having any knowledge of its destruction, and the names of the persons responsible for its destruction.

8. Where an identified document is not in Your possession, custody, or control, state the names of the person(s) or entity(ies) who have possession, custody, or control of such document. If such document was in Your possession, custody, or control in the past but is no longer in Your possession, custody, or control, state what disposition was made of it, the reasons

for such disposition, identify any person(s) or entity(ies) having any knowledge of such disposition, and identify the person(s) or entity(ies) responsible for such disposition.

9. If You object to any part of an interrogatory and refuse to answer that part, state Your objection, and answer the remaining portion of that interrogatory. If You object to the scope or time period of an interrogatory and refuse to answer for that scope or time period, state Your objection and answer the interrogatory for the scope or time period You believe is appropriate (including in Your answer a specific statement as to why You believe the scope or time period is inappropriate).

10. If any of the following interrogatories cannot be answered in full after exercising due diligence to secure the information, please so state and answer, to the extent possible, specifying Your inability to answer the remainder and stating whatever information You have concerning the unanswered portions. If Your answer is qualified in any particular way, set forth the details of such qualification.

11. Whenever an interrogatory requests the identity of a natural person, state to the extent known, his or her:

    (a) full name;

    (b) present or last known home address;

    (c) present or last known business address;

    (d) present or last known employer; and

    (e) if employed by the Defendant, the periods of time so employed, and the area(s) of responsibility during such times.

12. Whenever an interrogatory requires the identity of a subsidiary, company, corporation, partnership, or other business entity, state to the extent known: its full name; address; location of its corporate headquarters; location of its principal place of business; location of the division(s), branch(es), or office(s) which is(are) connected with or handled the matter(s) referred to in the interrogatory; and identify the person(s) acting or purporting to act on behalf of the business entity in connection with the matter(s) referred to in the interrogatory.

13. Whenever an interrogatory requests the identity of a communication, state whether the communication was written or oral.  If written, identify the document or documents in which the communication was made or requested.  If oral, state to the extent known:

   (a) the manner in which the communication was made, e.g., in person, by telephone, etc.;

   (b) the identity of each person who participated in or witnessed the communication;

   (c) the present location of each person who participated in or witnessed the communication; and

   (d) the date of the communication.

14. Whenever an interrogatory refers to or seeks to identify any fact (e.g., a description of an act, transaction, occurrence, dealing, or instance), state the date, including year, month, and day, when it occurred; the place where it occurred; the identity of each person participating therein; on whose behalf each said person participated or purported to participate; the nature, subject matter, and circumstances surrounding it; the nature and substance of all conversations or oral communications occurring during, or in connection with it; and identify all documents relating thereto or reflecting it.

15. If You answer any interrogatory by reference to records from which the answer may be derived or ascertained, as permitted in Fed. R. Civ. P. 33(d):

(a) identify any such records by their corresponding Bates number(s) or otherwise to allow the documents to be easily identified;

(b) make available any computerized information or summaries;

(c) provide any relevant compilations, abstracts, or summaries in Your possession, custody, or control; and

(d) make the records available for inspection and copying within seven (7) days after service of the answers to these interrogatories.

16. These interrogatories are deemed to be continuing, and pursuant to the obligations imposed by Rule 26(e) of the Federal Rules of Civil Procedure, You are required to promptly supplement Your responses with information as requested herein that may become known or available to You after the date of Your initial answers to these interrogatories.

## INTERROGATORIES

**INTERROGATORY NO. 8:**

Identify all factual bases, including all witnesses and documents,[1] supporting Your contention that Plaintiffs' claims are barred by the applicable statute of limitations.

**INTERROGATORY NO. 9:**

Identify all factual bases, including all witnesses and documents, supporting Your contention that Plaintiffs' claims are barred by the doctrine of laches.

**INTERROGATORY NO. 10:**

Identify all factual bases, including all witnesses and documents, supporting Your contention that Dr. Wright acted in good faith to effectuate David Kleiman's intent after David Kleiman's death even if the 2011 Intellectual Property License Funding Agreement, the 2012 Deed of Loan, and the 2013 Contract for the Sale of Shares of Company Owning Business are unenforceable.

**INTERROGATORY NO. 11:**

Identify all factual bases, including all witnesses and documents, supporting Your contention that Plaintiffs' claims are barred by accord and satisfaction because, by agreement, Plaintiffs received shares in a corporation from Dr. Wright as compensation for rights of David Kleiman.

---

[1] Identification of documents should, as described in the definitions above, include Bates numbers for documents produced in this litigation including in response to Plaintiffs' Requests for Production.

**INTERROGATORY NO. 12:**

Identify all factual bases, including all witnesses and documents, supporting Your contention that Plaintiffs, by accepting shares in a corporation from Dr. Wright as compensation for rights of David Kleiman, released Dr. Wright.

**INTERROGATORY NO. 13:**

Identify all factual bases, including all witnesses and documents, supporting Your contention that Plaintiffs' claims are barred because they received payment in the form of shares in a corporation.

**INTERROGATORY NO. 14:**

Identify all factual bases, including all witnesses and documents, supporting Your contention that Plaintiffs' claims are barred by accord and satisfaction because, by agreement, Plaintiffs received shares in a corporation from Dr. Wright as compensation for rights of David Kleiman.

**INTERROGATORY NO. 15:**

Identify all factual bases, including all witnesses and documents, supporting Your contention that Plaintiffs' damages, if any, are set-off by their receipt of shares in a corporation from Dr. Wright as compensation for rights of David Kleiman.

**INTERROGATORY NO. 16:**

Identify all factual bases, including all witnesses and documents, supporting Your contention that Plaintiffs failed to mitigate their alleged damages because Plaintiffs failed to sell the shares in the corporation they received from Dr. Wright as compensation for rights of David Kleiman when offered money in exchange for those shares.

**INTERROGATORY NO. 17:**

Identify all factual bases, including all witnesses and documents, supporting Your contention that Plaintiffs' claims are barred by waiver because Plaintiffs accepted shares in a corporation as satisfaction of David Kleiman's rights and/or "waited years to file this action."

**INTERROGATORY NO. 18:**

Identify all factual bases, including all witnesses and documents, supporting Your contention that Plaintiffs are estopped from asserting claims of fraud because they were aware of the Australian Taxation Office investigation, as well as the New South Wales lawsuit against W&K Info Defense Research, LLC, no later than April 2014, and took no action in those proceedings that are in any way consistent with the allegations they now make about those proceedings in this action.

**INTERROGATORY NO. 19:**

Identify all factual bases, including all witnesses and documents, supporting Your contention that Plaintiffs' claims are barred by the doctrine of unclean hands.

**INTERROGATORY NO. 20:**

Identify all factual bases, including all witnesses and documents, supporting your contention that Plaintiffs' alleged oral partnership agreement is barred by the statute of frauds because there was no written partnership agreement between You and David Kleiman and/or W&K Info Defense Research, LLC.

Dated: March 11, 2020

Respectfully submitted,

By: */s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman, Esq.
ROCHE CYRULNIK FREEDMAN LLP
200 S. Biscayne Blvd.

13

Suite 5500 Miami, Florida 33131
vel@rcfllp.com

Kyle W. Roche, Esq.
Joseph M. Delich
ROCHE CYRULNIK FREEDMAN LLP
99 Park Avenue, 19th Floor
New York, New York 10016
kyle@rcfllp.com
jdelich@rcfllp.com

*Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 11, 2020, a true and correct copy of the foregoing was served on all counsel of record identified on the Service List below via e-mail:

Andres Rivero, Esq.
Amanda McGovern, Esq.
Zaharah Markoe, Esq.
Zalman Kass, Esq.
RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard
Suite 1000
Coral Gables, FL 33134
305-445-2500
(305) 445-2505 (fax)
arivero@riveromestre.com
amcgovern@riveromestre.com
zmarkoe@riveromestre.com
zkass@riveromestre.com
receptionist@riveromestre.com

>                         */s/ Velvel (Devin) Freedman*
>                         Velvel (Devin) Freedman

## NOTARY ATTESTATION

I, _____, DO HEREBY AFFIRM THAT THE ANSWERS TO ALL OF THE ABOVE INTERROGATORIES ARE TRUE AND CORRECT TO THE BEST OF MY PERSONAL AND PROFESSIONAL KNOWLEDGE.

State of _____    )
                                     )
County of _____    )

The foregoing instrument was acknowledged before me on this _____ day of _____, 2018, by _____, who is personally known to me or has produced _____ as a valid form of identification for these purposes. (Please indicate)

_____
Notary public sign

_____
Notary public print

_____
Commission number and expiration date of same