UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CIV-80176-Bloom/Reinhart

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and
W&K INFO DEFENSE RESEARCH, LLC,

        Plaintiffs,

v.

CRAIG WRIGHT,

        Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO LIMIT PLAINTIFFS' INTERROGATORIES (DD 443)

Currently before the Court is the parties' Joint Discovery Memorandum (DE 443), which I construe as Defendant's Motion for a Protective Order. On March 11, 2020, Plaintiff W&K Info Defense Research, LLC served thirteen interrogatories on Defendant. DE 443-8. Defendant objects to the interrogatories as excessive, claiming that Plaintiffs should be precluded from propounding any additional interrogatories because the Court should view the two Plaintiffs as a single party for purposes of Rule 33. Plaintiffs argue that since Rule 33 permits service of 25 interrogatories per party, they are entitled to serve a total of 50 interrogatories on Defendant. Fed. R. Civ. P. 33(a)(1). I heard oral argument of this dispute on April 1, 2020.

Pursuant to Rule 26(c), the Court may issue a protective order upon a showing of "good cause" to limit the scope of discovery upon motion of a party. *MSPA Claims 1, LLC v. Kingsway Amigo Ins. Co.*, No. 16-20212-CIV, 2018 WL 4963245, at *2 (S.D. Fla. Sept. 28, 2018) (J. Torres) (citing *Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) ("Matters pertaining to discovery are committed to the sound discretion of the district court.")).

Rule 33(a)(1) states in pertinent part, "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete parts." Although the court orders authorized by this Rule generally expand the number of allowable interrogatories, the Rule also contemplates a court order reducing the number of allowable interrogatories. *See also* Fed. R. Civ. P. 1. (Rules to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). Notwithstanding Rule 33's allowance of 25 interrogatories per party, in certain circumstances courts will use their discretion to impose a 25-interrogatory limit per side when parties to an action are only "nominally separate." *See* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1 (2d ed. 1994) ("As the Advisory Committee put it, '[t]he aim is not to prevent needed discovery, but to provide some judicial scrutiny before parties make potentially excessive use of this discovery device.'"). Parties may be considered nominally separate when represented by a single attorney, when there is unity of action, or when there is a legal relationship between parties. *Id.*

Here, Plaintiff Kleiman is the corporate representative of Plaintiff W&K. Both Plaintiffs are represented by the same attorneys and their interests are aligned. Therefore, I find that they are only nominally separate parties and that there is good cause to limit the number of interrogatories Plaintiffs may serve on Defendant.[1] *See United States ex rel. Woodruff v. Hawai'i Pac. Health*, No. CV 05-00521 JMS-LEK, 2008 WL 11420075, at *3 (D. Haw. Feb. 29, 2008) (court found plaintiffs, who were two doctors in a *qui tam* action, were only nominally separate

---

[1] Moreover, as I stated during the telephonic hearing, the proposed interrogatories are contention interrogatories that ask Defendant to give the basis for his affirmative defenses. Plaintiffs have deposed Defendant for 20 hours and have had adequate opportunity to question him about the subject of these interrogatories. Allowing further inquiry at this late stage is disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

parties, and thus, were only entitled to serve a total of twenty-five written interrogatories) (citing *Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 399 (S.D.N.Y. 2006) (finding a limit 25 interrogatories per side to be "a more sensible approach")). *Cf. Auther v. Oshkosh Corp.*, No. 09-CV-00527(A)(M), 2010 WL 1404125, at *4 (W.D.N.Y. Mar. 30, 2010) (while plaintiffs' claims arose from the same incident, court found they were "more than nominally separate" because husband's negligence and products liability claims were distinct from wife's loss of consortium claim and thus discovery should not be limited).

Therefore, Defendant's Motion for a Protective Order (DE 443) is **GRANTED** and the thirteen interrogatories propounded by Plaintiff W&K at Exhibit H are stricken.

**DONE AND ORDERED** in Chambers this 3rd day of April 2020, at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE