## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC

    *Plaintiffs,*

v.

CRAIG WRIGHT

    *Defendant.*

CASE NO.:  9:18-cv-80176-BB/BR

## JOINT DISCOVERY MEMORANDUM

The parties certify they have complied with the requirements for pre-hearing consultation contained in the Court's Standing Discovery Order. Despite good faith efforts to resolve their differences, the following issues require resolution by the Court:

I.   **Defendant's Memo**

### A.  Dr. Wright's First Request for Admission

**Defendant:**

Defendant asks the Court to compel plaintiff Ira Kleiman to respond to Requests for Admission Nos. 28-33, 36-45, 48-57, and 60-63 by either admitting or denying the requests. Pursuant to Rule 36, those requests ask plaintiff to admit or deny that Dave Kleiman did not receive certain undergraduate, graduate, or doctorate degrees related to the type of intellectual property that he supposedly developed as part of a partnership with defendant. *See* requests for admission, attached as Exhibit A.

Plaintiff objected to many of those requests, arguing that the "request[s] seeks information that is not relevant to any of the claims or defenses in the case." That assertion is baseless and rings hollow.

1

The requests are relevant to plaintiff's allegation that Dave Kleiman formed a partnership with defendant to develop highly complex intellectual property, such as the bitcoin blockchain. If Dave had no training or education in subjects related to that intellectual property, then it's less likely that he developed the intellectual property. For example, defendant asked in request 40 that plaintiff admit the following:

> You have no documents, electronic devices, or communications that show
> Dave Kleiman received any Master's degrees in mathematics.

See Exhibit A at 10. Plaintiff objected that:

> Objection. This request seeks information that is not relevant to any
> of the claims or defenses in the case.

*Id.* But the bitcoin blockchain involves both math and cryptography. The existence (or non-existence) of that degree is clearly relevant.

Importantly, the requests will "expedite the trial [and] relieve the parties of the cost of proving facts that will not be disputed at trial," which is Rule 36's purpose. *Perez v. Miami–Dade County,* 297 F.3d 1255, 1268  (11th Cir.2002) (quoting 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2252 (2d ed.1994)); *see also Thalheim v. Eberheim,* 124 F.R.D. 34, 35 (D.Conn.1988) ("An important purpose of the rule is to reduce the cost of litigation by narrowing the scope of disputed issues, facilitating the succinct presentation of cases to the trier of fact, and eliminating the necessity of proving undisputed facts.") (internal citations omitted). There will be no need to waste the jury's time establishing that Dave lacked the requisite training to develop the highly complex intellectual property, if plaintiff simply responds to the requests, as the rules require.

Specifically, under Rule 36(a), plaintiff was required to either admit the request or specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. Fed.R.Civ.P. 36(a)(4). Plaintiff did neither.

During the meet and confer, plaintiff offered to provide defendant with an affidavit attesting to Dave Kleiman's educational history. But that is not what the rule requires, and that still leaves the requested information open to dispute at trial.

Finally, if the request for admission were truly irrelevant, as plaintiffs claim, then there should be little harm in plaintiff simply denying the requests. The lady doth protest too much.

**Plaintiffs:**

Defendant challenges Plaintiff Ira Kleiman's responses to 30 separate Requests for Admissions.[1]  In those requests, Defendant asks Plaintiff to admit that he has no documents, electronic devices or communications that show Dave Kleiman received various undergraduate, masters or doctorate degrees.

As an initial matter, these are not proper requests for admissions.  Pursuant to Fed. R. Civ. P. 34, a party may request that the oppose party admit or deny:

> (A) facts, the application of law to fact, or opinions about either; and

> (B) the genuineness of any described documents.

Fed. R. Civ. P. 34(a)(1)(A) and (B).

Defendant's requests fit in neither category and are instead a request for production of documents cloaked under a different rule.  This same infirmity affects all of the Defendant's

---

[1] These are a subset of 93 requests served on Plaintiff Ira Kleiman.  A second set of admissions was sent to Plaintiff W&K.

Requests for Admission.  Nevertheless, Plaintiff did not rely on this procedural objection and, to the extent possible, substantively respond to many of the requests.

Indeed, on the education issue raised herein, Plaintiff substantively responded to 6 separate requests directed at Dave Kleiman's educational background, admitting that Plaintiff Ira Kleiman had no documents, electronic devices or communications that Dave Kleiman had a undergraduate, masters or doctorate degree in either "cryptography" or "software development" as these degrees at least have tangential relevance to the issues in dispute.  There is no claim or defense in this case that relates to Dave Kleiman's education, although Defendant appears to be inclined to argue that Dave Kleiman did not have the requisite formal education to engage in the business activities with Dr. Wright as alleged in the operative Complaint.

Plaintiff objected to the string of degrees asked about, some of which appear to have been made up by Defendant.  For example, Defendant asked about documents evidencing whether Dave Kleiman had a undergraduate, masters or doctorate degree in "information security" (RFA's 33, 45 and 57), "project management" (RFA's 38, 48 and 60) or "game theory" (RFA's 39, 51 and 63).  There is no indication these degrees even exist, yet Defendant wants to be able to stand before the jury and say "Ira Kleiman admits that his brother did not a degree in information security, project management or game theory."  This would be misleading and improper, hence these Requests are too.

Similarly, Defendant asks about degrees Dave Kleiman had in "law" (RFA's 30, 42 and 54), "economics" (RFA's 31, 43 and 55) and "finance" (RFA's 38, 50, and 62), presumably to similarly announce such admissions to the jury.  These degrees are completely irrelevant to the issues in the case, and the Requests related to them are too.

4

Lastly, it should be noted that the proper vehicle to obtain such information would have been to ask Ira Kleiman about his brother's education at his deposition. Defendant appears to have not done so.

## II. <u>Plaintiffs' Memo</u>

### A. Lynam Statement

**Plaintiffs:**

On April 1st (April 2nd in Australia), Defendant took the deposition Wing Commander Donald Lynam. Mr. Lynam is the Defendant's uncle. It appears the primary purpose behind his testimony was to have Commander Lynam (1) vouch for Defendant's Wright's honor and trustworthiness; and (2) state that Dr. Wright never mentioned the name Dave Kleiman to his Uncle.[2]

On cross-examination, Commander Lynam revealed that, on his own volition, he prepared and sent Rivero Mestre a draft statement regarding what became his testimony in the case. It was not requested by Rivero Mestre, and therefore is not subject to any claim of privilege or work product. Plaintiffs have asked for a copy of that statement, but Defendant has refused to provide it.

Admittedly, when the parties initially met and conferred on the issue, Defendant asked for a few days to consider its position. Since then, Defendant has failed to respond to multiple inquiries whether this issue would need the intervention of the Court. Accordingly, it is raised here in case such intervention is needed.

---

[2] Plaintiffs believe both of these categories if evidence are likely inadmissible.

**Defendant:**

Plaintiffs argue that the draft statement cannot be work product because "it was not requested by Rivero Mestre." But that misses the point. The document is work product because it is our understanding that the unsigned document was prepared at the direction of Dr. Wright's U.K. counsel.

## B.  Jimmy Nguyen Contact Information

**Plaintiffs:**

Plaintiffs have been trying to serve Jimmy Nguyen with a subpoena for deposition and for documents.  Plaintiffs believe that Mr. Nguyen is actively avoiding service.  In fact, Plaintiffs have been forced to initiate satellite litigation in Washington to try to secure service on Mr. Nguyen.

Defense counsel has stated that they do not control or represent Mr. Nguyen.  Plaintiffs accept that representation.  However, Plaintiffs have requested that Defendant provide them with current contact information for Mr. Nguyen.  Defendant has refused.

There is no disputing that Mr. Nguyen and Defendant Wright have a close and current relationship.  Nor is there any doubt that Defendant is able to contact Mr. Nguyen.[3]  There is no reason why Defendant should not share Mr. Nguyen's contact information to assist in proper service.[4]

---

[3] Plaintiffs had communicated by Mr. Nguyen by email.  However, once Mr. Nguyen realized that Plaintiffs were attempting to serve him, the email address suddenly became inaccessible to Plaintiffs.

[4] Mr. Nguyen has apparently retained counsel for this issue but, as yet, that counsel has not agreed to accept service on behalf of Mr. Nguyen.

**Defendant:**

It's unclear why (and under what authority) plaintiffs demand that defendant disclose the contact information of Mr. Nguyen, a third-party witness who is not controlled by defendant, and who plaintiffs have waited almost two years to serve. *See* D.E. 441 at 3 n.2 (declining "Plaintiffs' invitation" to adjudicate a motion for alternative service over Mr. Nguyen because "at no time since the case originated in February 2018 have [plaintiffs] sought assistance related to serving Mr. Nguyen").

The undersigned counsel does not represent Mr. Nguyen, and it appears that plaintiffs know the identity of Mr. Nguyen's actual counsel. Their inquiry should be directed at that attorney.

In any event, plaintiffs told the Washington court that they know Mr. Nguyen's home address, his twitter handle, and his email address. It's unclear what additional information plaintiffs want from defendant—unless, of course—they aren't really seeking information, but rather are laying the groundwork to ask for an extension of the discovery deadline.

Respectfully submitted,

Attorneys for Dr. Craig Wright

RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: amcgovern@riveromestre.com
Email: zkass@riveromestre.com
Email: receptionist@riveromestre.com

By: s/ Amanda McGovern
AMANDA MCGOVERN
Florida Bar No. 964263

Velvel (Devin) Freedman, Esq.
ROCHE CYRULNIK FREEDMAN LLP
200 S. Biscayne Blvd.
Suite 5500 Miami, Florida 33131
vel@rcfllp.com

Kyle W. Roche, Esq.
Joseph M. Delich
ROCHE CYRULNIK FREEDMAN LLP
99 Park Avenue, 19th Floor
New York, New York 10016
kyle@rcfllp.com

ANDRES RIVERO
Florida Bar No. 613819
SCHNEUR KASS
Florida Bar No. 100554

jdelich@rcfllp.com

Andrew S. Brenner, Esq.
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

*Counsel to Plaintiffs Ira Kleiman as*
*Personal Representative of the Estate of*
*David Kleiman and W&K Info Defense*
*Research, LLC.*

## CERTIFICATE OF SERVICE

     I certify that on April 7, 2020, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

      /s/ Schneur Kass
SCHNEUR KASS
Florida Bar No. 100554