UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-80176-BLOOM/Reinhart

IRA KLEIMAN, *et al.*,

    Plaintiffs,

v.

CRAIG WRIGHT,

    Defendant.

_____/

## **ORDER**

**THIS CAUSE** is before the Court upon Defendant Craig Wright's Objection to Magistrate Order on Discovery, ECF No. [434] ("Objection"). Plaintiffs filed a response, ECF No. [445] ("Response"), to which Defendant filed a reply, ECF No. [450]. ("Reply"). The Court has reviewed the Objection, the Response, the Reply, the record and applicable law, and is otherwise fully advised. For the reasons that follow, Defendant's Objection is overruled.

**I.**    **BACKGROUND**

This dispute arises from discovery proceedings held before Magistrate Judge Bruce E. Reinhart. Pursuant to 28 U.S.C. § 636 and this district's Magistrate Judge Rules, all discovery matters in this action were previously referred to Judge Reinhart. *See* ECF No. [21]. On January 16, 2020, the Court entered an order that granted Plaintiffs the right to propound seven interrogatories on Defendant "about the bonded courier." *See* ECF No. [382]. On January 19, 2020, Plaintiffs served their interrogatories, *see* ECF No. [411], and Defendant served his responses and objections to the interrogatories on January 29, 2020. *See* ECF No. [404-1].

Case No. 18-cv-80176-BLOOM/Reinhart

Defendant objected to interrogatory number 2 on the basis of attorney-client privilege and spousal privilege. *See* ECF No. [404-1]. He also objected on the basis of relevance. Regarding interrogatory number 3, he objected on those same grounds and based on overbreadth, undue burden, disproportionality, and cumulativeness. *Id.* Regarding interrogatory number 5, his response incorporated all objections to interrogatory 2. *See id.*

Separately, on February 2, 2020, Plaintiffs filed a memorandum challenging the privilege designations by the Defendant on his privilege log,[1] ECF No. [389]. Plaintiffs represented that Defendant asserted privilege over 11,000 documents, yet the privilege log contained deficiencies and that no privilege exists for the dissolved foreign corporate entities whose documents were allegedly privileged. *See id.* Defendant responded to the Plaintiff's Memorandum, ECF No. [394], to which Plaintiffs replied, ECF No. [396]. The parties filed a joint status report regarding their disputes. *See* ECF No. [404].

On February 25, 2020, Judge Reinhart held a discovery hearing on Plaintiffs' motion to compel better responses to interrogatories 2, 3, and 5. *See* ECF Nos. [406] and [435]. During the hearing, he overruled Defendant's relevance objection. *See* ECF Nos. [435] and [420]. Judge Reinhart also explained to the parties that he would separately hold a hearing on the privilege objections. *See id.* On March 5, 2020, Judge Reinhart conducted the additional discovery hearing to address the privilege objections regarding the interrogatories and Defendant's privilege log. *See* ECF No. [418]. Judge Reinhart issued a written opinion regarding the privilege issues on March 9, 2020. *See* ECF No. [420] ("Discovery Order"). In the Discovery Order, Judge Reinhart overruled Defendant's privilege objections to interrogatories 2, 3, and 5, and he overruled

---

[1] Judge Reinhart observed that the privilege log was approximately 1,100 pages long. *See* ECF No. [428] at 59:16-24.

Defendant's assertion of attorney-client privilege on behalf of third-party corporations whose materials were allegedly privileged. *See id.* at 14.

Defendant now objects to the Discovery Order and challenges it on multiple bases. Specifically, Defendant argues that (1) the Discovery Order runs afoul of the rules of evidence in rejecting the existence of the attorney-client relationship between Defendant and his alleged Kenyan attorney, Mr. Mayaka; (2) the Discovery Order strips Defendant of the fundamental protections of attorney-client privilege by erroneously and improperly concluding without an evidentiary hearing that Defendant is the alter ego of all the Australian corporations; (3) Judge Reinhart denied Defendant the proper notice to address factual issues raised for the first time at the discovery hearing and denied him the opportunity to present his evidence on those issues; (4) the Discovery Order unfairly excluded Defendant's sworn interrogatory response; (5) the Discovery Order incorrectly concluded that the corporations waived their attorney-client privilege; (6) the Discovery Order ignored the "extensive case record" in finding that Defendant waived his objection that the documents were not in his possession, custody, or control; (7) the Discovery Order ignores both Florida and Australian law in ordering the production of 11,000 attorney-client documents; and (8) the Discovery Order failed to make a determination whether the 11,000 privileged communications were relevant and necessary to Plaintiffs' case before ordering their wholesale production. *See generally* ECF No. [434]. Defendant, therefore, seeks an order reversing and vacating the Discovery Order on the basis that it is clearly erroneous and contrary to law. *See id.* at 17.

In response, Plaintiffs separate the Discovery Order into two discrete parts (the interrogatory objections and the privilege log issues) and argue that Judge Reinhart was correct to overrule Defendant's interrogatory objections and likewise correct to overrule Defendant's third-

party privilege objections. *See generally* ECF No. [445]. Regarding the former, Plaintiffs maintain that (1) the rules of evidence cited by Defendant are irrelevant because courts are not bound by them when deciding preliminary questions; (2) Judge Reinhart properly considered Defendant's history of lying and forging documents when evaluating the evidence supporting his privilege assertions; and (3) Defendant has not objected to any of the alternative independent grounds for Judge Reinhart's ruling on his interrogatory objections. *See id.* Regarding the latter, Plaintiffs argue that (1) Defendant's complaints about notice are frivolous; (2) Defendant lacked authority to claim privilege for former defunct companies; (3) Defendant has the documents and waived any challenge to possession, custody, and control by producing them and failing to brief the issue; (4) Defendant cannot claim a corporate privilege for his personal gain; (5) the law is clear that a company's privilege dies with it; and (6) the Discovery Order was correct not to review all the documents in the privilege log because Defendant's abuse of the privilege was tantamount to not producing any privilege log at all. *See id.*

In reply, Defendant asserts that (1) the Discovery Order violated the Federal Rules of Evidence by rejecting the existence of an attorney-client relationship between Defendant and Mr. Mayaka; (2) Plaintiffs conflate the issue of the corporations' attorney-client privilege with the issue of Defendant's attorney-client privilege with Mr. Mayaka; (3) Plaintiffs incorrectly assert that the Discovery Order's findings are harmless error; (4) Plaintiffs' continued insistence that the Court rely on federal case law interpreting the federal privilege is misguided; (5) Defendant did not waive the objection that the documents were not in his possession, custody, or control; and (6) the Court should decline Plaintiffs' invitation to strip Defendant of his privilege log. *See* ECF No. [450].

The Objection, accordingly, is ripe for consideration.

## II.        LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) provides that upon the filing of objections to a magistrate judge's order regarding a non-dispositive matter, the district judge to whom the case is assigned shall consider such objections and modify or set aside any portion of the order found to be clearly erroneous or contrary to law. This is an extremely deferential standard of review, and this "high bar" is "rarely invoked." *Cox Enters., Inc. v. News-Journal Corp.*, 794 F.3d 1259, 1272 (11th Cir. 2015); *see also Doe v. Lynn Univ., Inc.*, No. 9:16-CV-80850, 2017 WL 275448, at *1 (S.D. Fla. Jan. 19, 2017) (noting that the appellant bears "the heavy burden of showing that the orders are 'clearly erroneous or contrary to law'" and stating that it is "'extremely difficult to justify alteration of the magistrate judge's nondispositive actions' because '[c]lear error is [a] highly deferential standard of review'") (citations omitted).

The magistrate judge's orders should not be disturbed absent a clear abuse of discretion that leaves the reviewing court with the "definite and firm conviction that a mistake has been committed." *Linea Naviera de Cabotaje C.A. v. Mar Caribe de NevaGacion, C.A.*, 169 F. Supp. 2d 1341, 1355 (11th Cir. 2001). An order is contrary to law where "it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Doe*, 2017 WL 275448, at *1 (citation omitted).

## III.       DISCUSSION

The Court will analyze the Objection by first addressing the arguments related to the interrogatories and then proceeding to address the arguments related to the privilege log.

### A.        The Discovery Order overruling Defendant's interrogatory objections was not contrary to law or clearly erroneous

Defendant argues that the Discovery Order erroneously disregarded the attorney-client relationship between Defendant and Mr. Mayaka "based on preconceived and previously formulated conclusions of defendant's character." *See* ECF No. [434] at 2. He characterizes the

5

attorney-client privilege as sacrosanct such that, in his view, Judge Reinhart committed clear error by stripping Defendant of attorney-client privilege protections and by using "improper prior findings akin to bad character evidence to justify doing so." *Id.*

In this respect, Defendant charges that the Discovery Order violated Rule 404, Fed. R. Evid., by relying on character evidence to reject the existence of the attorney-client relationship between Defendant and Mr. Mayaka, *see id.* at 3-4. Specifically, he argues that he met his burden in establishing an attorney-client relationship by introducing his sworn interrogatory response, Mr. Mayaka's sworn declaration, and a printout from Mr. Mayaka's LinkedIn page. *See id.* at 5. Defendant argues that Mr. Mayaka's declaration "was not refuted or contradicted, and there is absolutely no evidence to suggest that it is a forgery," yet Judge Reinhart "summarily rejected" Mr. Mayaka's declaration by "connect[ing] a prior finding of forged documents in a matter unrelated to the existence of an attorney-client relationship," which in turn "improperly created bad character evidence" to then "disregard the attorney-client relationship." *See id.* at 4-5. He adds that the Discovery Order improperly rejected Mr. Mayaka's declaration on the basis that it was not adequately authenticated or notarized. According to Defendant, Judge Reinhart ignored Rule 902(8), Fed. R. Evid., and 28 U.S.C. § 1746, which rules would have established the declaration as self-authenticating and proper even in the absence of notarization. *See id.* at 5-6.

He argues, moreover, that the Discovery Order was "fundamentally unfair" by excluding Defendant's sworn interrogatory response. *See id.* at 10. In particular, he contends that Judge Reinhart erred in refusing to accept evidence from Defendant that was not challenged by cross-examination for which he could made a credibility determination. *Id.* He asserts that Judge Reinhart placed "too high of a burden" on him to present evidence regarding the attorney-client privilege, he did not know he had to produce live testimony, and he did not have the opportunity

to present live testimony as he believed the March 5, 2020 hearing was only a discovery hearing, not an evidentiary hearing. *See id.* at 10-11. Upon review and consideration, the Court finds Defendant's objections regarding the interrogatories to be without merit.

As an initial matter, Defendant mischaracterizes the record. Judge Reinhart did not "exclude" Defendant's evidence concerning the attorney-client relationship that he produced at the March 5, 2020 hearing. In fact, he expressly "admitted" Defendant's evidence, such as Mr. Mayaka's declaration (hearing exhibit 1) and Mr. Mayaka's LinkedIn page print-out (hearing exhibit 2), that were presented to the Court. *See* ECF No. [428] at 56:18-24. Judge Reinhart further noted that Defendant "also relies on his sworn responses to the Interrogatories, which assert that Mr. Mayaka is counsel to the Trust." *See* ECF No. [420] at 5. *See also* ECF No. [428] at 58:15-21 ("I have not made any credibility findings as to anything. I've just accepted as evidence the declaration of Mr. Mayaka, the LinkedIn page for Mr. Mayaka, what Mr. Brenner proposed to me and the interrogatory answers sworn to by Dr. Wright. That doesn't mean I'm going to believe any of it or I'm going to believe none of it. I haven't made a credibility finding yet."). Defendant's gripe, therefore, is not with the supposed exclusion of the evidence but instead with the weight assigned to it.

"[A]s finder of fact," Judge Reinhart determined that Mr. Mayaka's declaration "ha[d] not been adequately authenticated" and it was, thus, unreliable because it "could easily have been generated by anyone with word processing software and a pen." ECF No. [20] at 6. Additionally, he gave no weight to Defendant's interrogatory statements "that advance his interests but that have not been challenged by cross-examination and for which [he] cannot make a credibility determination." *Id.* In this regard, he noted that he had previously found that Defendant "produced forged documents in this litigation" and that Defendant "gave perjured testimony in [Judge

7

Reinhart's] presence." *Id.* Judge Reinhart, moreover, explained that the Tulip Trust III document, ECF No. [404-3], did not identify Mr. Mayaka as the Trust's counsel, and that he was assigned a different role. *See* ECF No. [420] at 6. Based on the evidence produced, Judge Reinhart concluded that Defendant did not establish an attorney-client relationship between Mr. Mayaka (as alleged counsel to the Tulip Trust III) and Ms. Watts, Defendant's wife and trustee of the Tulip Trust III, or between Mr. Mayaka and Defendant. *See id.* at 5-7.[2]

Placing these matters aside, the Court does not agree that Judge Reinhart erred in making his privilege determination regarding the interrogatories. The Discovery Order does not "run afoul" of Rules 404 and 902(8), Fed. R. Evid., nor 28 U.S.C. § 1746. Federal Rule of Evidence 104(a) directs that a court "must decide any preliminary question about whether a witness is qualified, a privilege exists, or evidence is admissible" and that in "so deciding, the court is not bound by evidence rules, except those on privilege." *Id.* The advisory committee notes provide that "[t]o the extent that these inquiries are factual, the judge acts as a trier of fact" and may

---

[2] During the February 25, 2020 hearing, Judge Reinhart explained that "in terms of privilege, it is [Defendant's] burden, but I will be happy to give you an opportunity to meet your burden of showing why the objections you have lodged [regarding the interrogatories] are valid objections." *See* ECF No. [435] at 8:17-20. *See also id.* at 4:22-24 ("And as far as the privilege objections are concerned, I am happy to have a hearing and allow Dr. Wright to see if he can meet his burden of establishing privilege."). Judge Reinhart added that "[o]n this issue it seems to me there are factual issues that I need to resolve as to the nature of the relationship and for the information to remain confidential, et cetera. So it seems to me there are factual questions I need to resolve that I have set aside the afternoon of the 5th for you all." *See id.* at 9:12-18; *see also id.* at 11:14-15 ("we will have a hearing on the 5th and I will resolve all the privilege issues"). None of these statements reflect an "insist[ance] that [D]efendant present live testimony on the attorney-client privilege" or suggest that Defendant was being held to a "higher standard that demanded live testimony." *See* ECF No. [434] at 10. Moreover, in addressing Defendant's ability to produce evidence concerning the corporate attorney-client privilege, Judge Reinhart stressed at the March 5, 2020 hearing to Defendant that "today is your day. Today is your hearing. I made that clear last week. Today was your chance to meet your burden." *See* ECF No. [428] at 71:6-8. The Court, therefore, rejects Defendant's assertion that Judge Reinhart "unfairly denied [D]efendant the opportunity to present his evidence on" privilege issues and that he should have set an evidentiary hearing or deferred ruling on privilege until after Defendant's deposition. *See* ECF No. [434] at 11.

evaluate evidence "in terms of a legally set standard." *See id.* at advisory committee's notes to 1972 proposed rule. Where the "question is factual in nature . . . the rules of evidence in general do not apply[.]" *Id.* "The Supreme Court has further explained that in proceedings where the district court is considering the admissibility of evidence, it should receive the evidence and give it such weight as the court's experience and judgment counsel." *United States v. Dipirro*, 649 F. App'x 930, 933 (quoting *United States v. Matlock*, 415 U.S. 164, 175 (1974)). Additionally, a "judge can be trusted in general . . . to give evidence its proper weight without regard to the technical rules of evidence, . . . which insofar as they related to matters of probative force rather than to privilege are designed primarily to control juries." *U.S. Commodity Futures Trading Comm'n v. S. Tr. Metals, Inc.*, No. 14-22739-CIV, 2016 WL 4055685, at *2 (S.D. Fla. July 19, 2016) (citation omitted).

Judge Reinhart, as such, was not clearly erroneous or acting contrary to law when considering the evidence before him and in assigning it due weight. Moreover, the Court is puzzled by Defendant's apparent argument that Judge Reinhart must blindly accept items produced by Defendant such that Judge Reinhart cannot rely on his past experiences with Defendant in this litigation (including his history of providing forged materials and giving perjured testimony) in evaluating whether Defendant has carried his burden as to privilege. That is not how fact finding works. The Court, therefore, rejects Defendant's premise underlying his argument that Judge Reinhart "improperly created bad character evidence, which it then uses to disregard the attorney-client relationship" in the Discovery Order. ECF No. [434] at 5.

Significantly, even if Judge Reinhart had committed some error in his analysis, Plaintiffs correctly point out that Defendant has not objected to any of the alternative grounds in the Discovery Order regarding the interrogatories. Specifically, even if there was an attorney-client

relationship between Mr. Mayaka and Ms. Watts, (1) "the record does not establish that any communications between them in December 2019 were intended to remain confidential;" (2) Ms. Watts has waived any potential privilege for these communications by disclosing to Defendant any otherwise confidential communications with counsel; and (3) even if the privilege existed and was not waived, Defendant "lacks legal authority to assert an attorney-client privilege over communications between the trustee and counsel for the trust" because the trustee would be the client, not Defendant. *See* ECF No. [420] at 6-7. Defendant does not challenge these rulings, and he consequently has waived any potential objection to them. *See Perez v. New Auto Image Mktg., Inc.*, No. 1:15-CV-21893, 2016 WL 7540272, at *2 n.4 (S.D. Fla. May 20, 2016) (noting that the failure to object to a magistrate's ruling on a particular issue "waive[s]" the ability to present evidence on that issue). The Court, as such, will not disturb Judge Reinhart's rulings as to the interrogatory matters, and Defendant's objections on this point are overruled.

   **B.**  **The Discovery Order overruling Defendant's third-party privilege objections was not contrary to law or clearly erroneous**

     *1.*  *Defendant was not denied proper notice*

Defendant argues that Judge Reinhart denied Defendant "proper notice to address factual issues raised for the first time" at the March 5, 2020 hearing and also denied Defendant "the opportunity to present his evidence on those issues." ECF No. [434] at 9. According to Defendant, only legal issues were to be resolved concerning third-party corporate privilege, and the hearing "was never meant to determine factual issues, and it certainly was not an evidentiary hearing on the issue of the corporations' privileged documents." *Id.* Therefore, Defendant maintains that Judge Reinhart erred in "question[ing]" Defendant about his position in the corporations whose privileges were implicated and in denying Defendant's offer to supplement the record. *See id.* He concludes that it was "fundamentally unfair for the Magistrate to change the scope of that hearing,

raise factual issues that were not in dispute, and then refuse to permit [D]efendant to supplement the record to protect the attorney-client privilege." *Id.* at 10. Upon review, the Court is unpersuaded by Defendant's arguments that he lacked sufficient notice to address his burden of establishing privilege at the March 5, 2020 hearing.

First, Defendant's representations overlook Plaintiffs' arguments presented in their Memorandum, ECF No. [389], and reply brief, ECF No. [396], which support the conclusion that Defendant did not carry his burden to establish privilege with the third-party foreign entities. Whether Defendant believed that he did not need to produce additional evidence to carry his burden is immaterial. He ultimately bears the burden to establish privilege, and he provides no authority to support the contention that Judge Reinhart could not "question" Defendant about his evidence in this regard. Indeed, Judge Reinhart expressed at the March 5, 2020 hearing that "[t]oday is your hearing. I made that clear last week. Today was your chance to meet your burden. If you want to tell me that Dr. Wright as the successor, assignee, trustee in dissolution or other similar representative of each of those entities has the right to invoke the privilege, you need to point me to the evidence that tells me that." *See* ECF No. [428] at 71:6-13.

Second, during the February 25, 2020 hearing, Judge Reinhart clearly stated that he would "resolve all the privilege issues" in dispute among the parties at the March 5, 2020 hearing. *See* ECF No. [435] at 11:14-16. The minute entry for that proceeding, similarly, reflected that the "Court will resume the hearing to consider whether Defendant has satisfied his burden to establish privilege at the hearing already scheduled for 3/5/20 at 2:30 p.m." *See* ECF No. [406]. The Court, accordingly, does not agree that Defendant lacked notice regarding the scope of the hearing or that he was otherwise subject to a "fundamentally unfair" proceeding. Defendant, moreover, fails to cite any authority for the proposition that Judge Reinhart abused his discretion, let alone committed

clear error, in declining Defendant's offer to supplement the record at the March 5, 2020 hearing to meet his burden. *See United States v. Arbolaez*, 450 F.3d 1283, 1289 (11th Cir. 2006) ("We generally review a district court's admission of evidence for an abuse of discretion."). Under the present circumstances, the Court does not find Defendant's Objection to be warranted.

### 2. *The record supports the conclusion that Defendant could not invoke the corporations' attorney-client privilege*

The Discovery Order noted that Defendant produced a privilege log that asserted attorney-client privilege on behalf of 17 corporations, all of which are either dissolved or in liquidation. *See* ECF No. [420] at 8. Judge Reinhart observed that the "record does not establish Dr. Wright's current connection to the companies, if any" and found that Defendant admitted that "he currently has actual possession of documents that would be responsive to Plaintiffs' discovery requests" but have not been produced on grounds of the corporations' attorney-client privilege. *Id.* He then concluded that the attorney-client privilege, "like all discovery objections and privileges, must be affirmatively asserted," and that if "the privilege is not timely asserted, it is waived as a matter of law." *Id.* In this regard, Judge Reinhart explained that the "issue before [him] is whether a party waives the attorney-client privilege by failing to timely and affirmatively assert it in response to a discovery request. The answer is 'yes.' Dr. Wright is not waiving the privilege; he has no legal authority to do so. The corporate entities are waiving the privilege by not seeking to intervene to assert it." *Id.* at 12.

Defendant challenges that the Discovery Order committed clear error in finding that the corporations waived their privilege by not seeking to intervene in this lawsuit to assert privilege. *See* ECF No. [434] at 11. According to Defendant, there is no evidence that the foreign entities "even had knowledge that [P]laintiffs were seeking their attorney-client documents," they were never served with subpoenas nor parties to this suit, and they had no reasons to suspect that the

12

privilege status of their documents would be at issue in this dispute. *See id.* Defendant, thus, argues that Plaintiffs violated the Federal Rules of Civil Procedure because they served a document request on Defendant as a former director of the companies, rather than the companies themselves, and that the corporate entities' privilege should not be waived in this setting. *Id.* at 11-12; *see also* ECF No. [450] at 7-8. Upon review and consideration, the Court disagrees.

First, the Discovery Order concluded that under Florida law, Defendant lacked authority to assert the attorney-client privilege on behalf of the third-party entities. ECF No. [420] at 10 (citing Fla. Stat. § 90.502). In this respect, the Discovery Order found that there was no record evidence to support Defendant's claim that he fell within the ambit of a "similar representative" under Fla. Stat. § 90.502(3)(d), and that "at most," he was "formerly associated with these [corporate] entities in some capacity" yet "retains actual possession of documents that belonged to the entities." *Id.*[3] Defendant offers no argument or authority to show why this finding was clearly erroneous.[4]

---

[3] Defendant asserts that he does not have "actual possession" of the documents under Fed. R. Civ. P. 34(a)(1) but instead only mere "access" to the documents. *See* ECF No. [434] at 11-12, 17. Regardless of his characterization, Defendant retains them and produced to Plaintiffs non-privileged documents that he otherwise would only have had "access" to had he truly not possessed them. Further, he has located, reviewed, and logged the allegedly privileged materials onto his privilege log. Defendant's distinction between "possession" and "access," accordingly, is artificial as his "access" (i.e., inability to produce documents) seemingly applies only when privileged items are implicated but not when they are non-privileged. Therefore, his objection that he did not have "possession" over the third-party entities' allegedly privileged documents is unconvincing.

[4] Defendant argues in footnote 3 in his Objection that he is a "similar representative" under Fla. Stat. § 90.502(3) based on his status as a director of four companies immediately prior to their dissolution. *See* ECF No. [434] at 10. Stated differently, Defendant again argues that he can invoke privilege based on his status as a former director that retains corporate records, but this is the very argument that Judge Reinhart already rejected. *See* ECF No. [420] at 10. "It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge." *Simon v. United States*, No. 18-CV-62638, 2018 WL 6446591, at *1 (S.D. Fla. Dec. 10, 2018) (citation omitted).

Second, Judge Reinhart rejected the argument that requiring Defendant to produce the documents at issue would cause him to violate Australian law. *See id.* at 11-12. While the Discovery Order noted that the third-party entities waived their privilege by failing to assert it in this action, that comment was made in the context of Judge Reinhart's discussion of Australian law's recognition that waiver terminates privilege, and how none of Defendant's evidence established that Australian law was inconsistent with U.S. law or how Australian law would be violated. *See id.* at 12. Setting aside the context of the remark, Judge Reinhart further stated that under Australian law, upon dissolution, the right to waive a corporation's privilege passes on to the Australian Securities and Investment Commission ("ASIC"), and that ASIC's policy regarding dissolved companies is to neither assert nor waive privilege. *See id.* (citing Declaration from Mr. Grieve, ECF No. [394-1]).

The fact, however, that ASIC does not affirmatively assert privilege or that Plaintiffs did not issue subpoenas to the entities did not eliminate Defendant's obligation, as the party seeking to be shielded by the attorney-client privilege and in retention of the documents, to establish that privilege had been invoked properly. *See In re Grand Jury Investigation*, 842 F.2d 1223, 1225 (11th Cir. 1987) ("The person invoking the privilege does bear the burden of proving its existence."). The record demonstrates that the third-party entities did not intervene to assert privilege, and that Defendant lacked authority to assert privilege on behalf of these entities as an initial matter. Moreover, as Judge Reinhart found, it would not have been unduly burdensome for Defendant to notify the individuals who could assert the privilege on behalf of the entities. ECF No. [420] at 12-13. Thus, Defendant's objection that the Discovery Order was clearly erroneous in concluding that the companies waived privilege is unavailing.

### *3.    The Discovery Order was not based on the alter ego doctrine*

Defendant contends that the Discovery Order was clearly erroneous and fundamentally unfair because it "found that the corporations were the alter egos of [D]efendant based on an unauthenticated exhibit that [P]laintiffs introduced in the discovery hearing, a trust document, and the 'lack of any evidence to contradict [the Order's conclusion].'" ECF No. [434] at 6. Defendant adds that there was no finding of fraudulent intent or failure to maintain corporate formalities, there was no basis to question the existence of corporate attorneys, and that the Discovery Order was improper to use the alter ego doctrine to pierce the corporate veil. *Id.* at 6-8. Upon review, the Court finds that Defendant has mischaracterized the Discovery Order. Although Judge Reinhart did make a single isolated reference to an "alter ego," ECF No. [420] at 13, the Discovery Order's ruling on privilege was not predicated on the alter ego doctrine.

In particular, the Discovery Order provided the following language from which Defendant's argument arises:

> Finally, Dr. Wright asserts that it would be unduly burdensome to require him to notify all of the persons who could properly assert the privilege on behalf of these entities. . . . At the March 5 hearing, counsel asserted that, because ASIC will neither assert nor waive the privilege, Dr. Wright must notify each of the lawyers for the corporations to see if they want to assert the privilege under [Fla. Stat.] Section 90.502(2)(e).
>
> Dr. Wright's protestations of undue burden ring hollow. At the March 5 hearing, Plaintiffs introduced an email from Ms. Watts to Stefan Matthews dated July 27, 2015, which purports to be a draft summary of 14 corporate entities which overlap with the entities that are the basis for Dr. Wright's privilege claims. This exhibit shows that either Dr. Wright or Ms. Watts was a Director of every company, often the sole Director(s). Therefore, if lawyers exist who could invoke the attorney-client privilege for these entities, Dr. Wright and Ms. Watts have direct personal knowledge of who they are. Also, it appears that the assets of many of these entities were transferred into trust by Dr. Wright and Ms. Watts in 2017 and that most of the companies were dissolved thereafter. These facts (and the lack of any evidence to contradict them) lead to the conclusion that these companies were effectively the alter egos of Dr. Wright and Ms. Watts, and that there would not be any undue burden in notifying the lawyers involved, if in fact any exist.

*Id.* at 12-13 (internal citation omitted). As the language above clearly illustrates, the reference to an "alter ego" was made in the context of evaluating and rejecting Defendant's argument that it would be unduly burdensome for him to contact the third-party corporate entities in order for those entities to assert privilege. The Discovery Order's one-time mention of the phrase "alter ego" did not operate as a vehicle to pierce the corporate veil. Instead, it was used as a colloquial shorthand device to demonstrate that there was no undue burden on Defendant. As such, Defendant's Objection on this point is misplaced.

### *4. The Discovery Order did not clearly err in finding that Defendant waived his objections*

The Discovery Order stated that at the March 5, 2020 hearing, Defendant "argued for the first time that the allegedly-privileged documents were not in his care, custody, or control in his individual capacity, but rather in his capacity as agent/representative/bailee of the entities." ECF No. [420] at 10-11. Judge Reinhart then explained that "[b]y listing these materials in the privilege log and otherwise not raising a timely objection, Dr. Wright has waived the argument that these documents are not in his possession, custody, or control." *Id.* at 11. He also found that the third-party corporate entities "allowed Dr. Wright to retain these materials," and that Defendant has "located, reviewed, and logged these materials." *Id.* at 13. Defendant now contends that the Discovery Order ignored the "extensive case record" in finding that Defendant waived his objection that the documents at issue were not in his possession, custody, or control. *See* ECF No. [434] at 12-13.

Specifically, Defendant states that he first raised that objection on February 19, 2019, *id.* at 13 (citing ECF Nos. [109-1] and [114-1]), then again in subsequent responses to Plaintiffs' requests for production, *see id.* (citing ECF Nos. [114-1], [114-2], [114-3], and [434-1]), and that

16

he raised this argument in his briefing on Plaintiffs' motion to compel, *see id.* (citing ECF No. [394] at 7 n.3). He also argues that he placed the documents on his privilege log because he was obligated to do so per court order. *See id.* (citing ECF No. [231]). Upon review, the Court finds Defendant's arguments to be without merit.

Defendant's claim that he raised objections that the documents were not in his possession, custody, or control in an individual capacity but instead only as an agent, representative, or bailee is unsupported. The objections that he points to challenge the definitions used by Plaintiffs in their requests for production. Defendant's objections provided as follows:

> Dr. Wright also objects to this definition to the extent that it seeks to enforce a duty upon him to produce documents outside of his personal custody and control, or which he has no authority to provide. Moreover, Dr. Wright objects to this definition to the extent that Plaintiffs seek to improperly obtain discovery from non-parties and appear to treat any entity that has any connection to Dr. Wright as a party to this litigation, when Plaintiffs have not sued anyone other than Dr. Wright individually (even after amending their complaint twice).

ECF Nos. [114-1] at 3, [114-2] at 3, [114-4] at 3, [434-1] at 2. These objections do not apprise the Court or Plaintiffs that Defendant holds documents and records as a corporation's agent, representative, or bailee. "The law in the Eleventh Circuit makes clear that boilerplate discovery objections are tantamount to no objection being raised at all and may constitute a waiver of the discovery being sought." *Rivera v. 2K Clevelander, LLC*, No. 16-21437-CIV, 2017 WL 5496158, at *4 (S.D. Fla. Feb. 22, 2017). *See also* S.D. Fla. L.R. 26.1(g)(e)(1) ("Where an objection is made to . . . any production request under Federal Rule of Civil Procedure 34, the objection shall state with specificity all grounds. Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be waived.").

Moreover, Defendant's contention that Judge Reinhart ignored his objection on this issue, which was raised in a footnote in one of his prior briefings, *see* ECF No. [494] at 7 n.3., is

inaccurate. The Discovery Order expressly recognized Defendant's argument that because he has been previously treated as responsible for producing document belonging to the third-party entities, he should be permitted to invoke the attorney-client privilege on their behalf. *See* ECF No. [420] at 10-11 (citing ECF No. [394] at 7 n.3). Belatedly raising an objection waives the objection. *See Lozman v. City of Riviera Beach*, No. 08-80134-CIV, 2014 WL 12360698, at *1 n.1 (S.D. Fla. Apr. 11, 2014). Thus, Defendant's objection on this point is overruled.

### 5.     *An in-camera review of 11,000 documents was not warranted*

Defendant argues that both Florida and Australian law are clear that the attorney-client privilege survives dissolution or liquidation of a corporation, and thus, "at a minimum," Judge Reinhart "should have conducted an in-camera review of the documents before ordering their wholesale production." ECF No [434] at 14. He adds that the Discovery Order should have considered whether there was a compelling need for the documents and that Judge Reinhart should have determined whether the documents were relevant to Plaintiffs' claims before ordering their production. *See id.* at 15-16. Upon review, the Court is not swayed by Defendant's arguments.

First, the Discovery Order found, "assuming the attorney-client privilege survives corporate dissolution under Florida law," that Defendant lacked authority to assert attorney-client privilege on behalf of the third-party corporate entities. *Id.* at 10. As noted, the Court declines to overturn this finding. Judge Reinhart also considered Australian law on whether privilege survives dissolution, *see id.* at 11-12. He ultimately concluded that Australian law would not be violated, and even if it could be, Defendant failed to show why that fact should affect the instant determination. *See id.* at 12 n.8.[5] Moreover, Defendant conceded that Australian law does not

---

[5] Defendant makes the undeveloped argument that the "judicial comity doctrine" applies and that, pursuant to it, the Discovery Order was incorrect in ordering Defendant to produce the documents at issue. ECF Nos. [434] at 16 and [450] at 3, 8. "Issues adverted to in a perfunctory manner,

govern this issue or bind the Court, ECF No. [450] at 8 n.2, and thus Australian law and Mr. Grieve's declaration are of no moment.

Second, the Discovery Order noted that the "parties agreed that a ruling on the categorical objections would resolve the vast majority of the privilege claims," and therefore, Judge Reinhart chose not to "address whether each of the approximately 11,000 items is, in fact, a confidential attorney-client communication." *See* ECF No. [420] at 9 n.4. But even if the parties had not made such an agreement, which Defendant does not challenge, Defendant does not provide any authority for the proposition that an in-camera review of the thousands of documents at hand would be practicable or appropriate under these circumstances. *See Ely v. F.B.I.*, 781 F.2d 1487, 1492 (11th Cir. 1986) ("merely presenting to a trial court for review hundreds or thousands of pages of documents is so burdensome as to waste judicial resources and to make such review ineffectual.").

Finally, Defendant's assertion that Judge Reinhart should have determined whether the documents were relevant is misplaced. Judge Reinhart previously ruled that "Plaintiffs are entitled to the immediate production of all the documents containing positive hits from the search terms agreed upon by the parties, without waiting for defense counsel to conduct a relevance review." *See* ECF Nos. [231].[6] A ruling on relevance, especially on a document by document basis, is not how the parties or the Court agreed to conduct discovery in this matter.[7] Indeed, the following

---

unaccompanied by some effort at developed argumentation, are deemed waived." *Melford v. Kahane and Assocs.*, 371 F. Supp. 3d 1116, 1126 n.4 (S.D. Fla. 2019).

[6] Defendant explicitly cites this ruling elsewhere in the Objection in favor of his arguments regarding lack of waiver of privilege. *See* ECF No. [434] at 13.

[7] Defendant's additional remark that, even if the documents were relevant, Plaintiffs "have not made any showing why they needed the privileged documents beyond the over 200,000 documents that [D]efendant has produced to date," ECF No [434] at 17, is similarly disconnected from the manner in which discovery was conducted.

remarks from Judge Reinhart at the March 5, 2020 hearing, in rejecting Defendant's argument, are instructive:

> I understand, but we crossed that bridge a long time ago. We had the discussion about [] search terms for a reason and I locked you [Defendant's counsel] and [Plaintiffs' counsel] in a room for a day to come up with search terms, and you did, and my position is and continues to be if it fell within the search terms, I'm not revisiting that question. I am not going to revisit a relevance question based on that.
>
> Because everybody gave up something when they agreed to the search terms. Everybody agreed not to get some stuff that might be relevant. Everybody agreed maybe we're going [to] get a bunch of junk. But that's what happens when you do search terms. So I understand your argument, but I am not going to revisit a relevance objection at this time.

ECF No. [428] at 77:4-16. As such, the Defendant's Objections on this point are overruled.

### IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Discovery Order, **ECF No. [420]**, is **AFFIRMED** and Defendant's Objection to the Discovery Order, **ECF No. [434]**, is **OVERRULED**. Defendants shall produce the materials ordered to be produced by the Discovery Order, ECF No. [420], by April 17, 2020.

**DONE AND ORDERED** in Chambers at Miami, Florida on April 13, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

The Honorable Bruce E. Reinhart

Counsel of Record