UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CIV-80176-Bloom/Reinhart

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and
W&K INFO DEFENSE RESEARCH, LLC,

      Plaintiffs,

v.

CRAIG WRIGHT,

      Defendant.
_____/

## ORDER MEMORIALIZING DISCOVERY RULINGS

On April 17, 2020, the Court heard oral argument regarding Defendant's assertion of work product privilege regarding a written statement prepared by Defendant's uncle, Donald Lynam, as well as Defendant's assertion that documents relied upon by his expert, Dr. Ami Klin, in forming his opinions are protected from disclosure under Fed. R. Civ. P. 26(b)(4)(B). This order will serve to memorialize the rulings made on the record during the hearing.

With regard to Mr. Lynam's written statement, I have conducted an *in camera* review of it, as well as the supporting declarations and exhibits. I find that no privilege ever attached to the statement, which was made in connection with another litigation in the United Kingdom, because it was never intended to be kept confidential from opposing counsel in that matter. Accordingly, I order Defendant to produce a copy to Plaintiffs, subject to the requirements of the parties' confidentiality stipulation.

As for documents relied upon by Dr. Klin in preparing his expert report, I reject Defendant's argument that they are essentially draft reports and are, thus, protected from disclosure

by Rule 26(b)(4)(B). Courts have held that the testing, analysis, and notes, as well as communications with other experts that a testifying expert relies upon in preparing his report do not constitute protected draft reports and are discoverable. *See Frazier v. Bd. of Cty. Comm'rs of Cty. of Arapahoe*, 2010 WL 447785, at *4 (D. Colo. Feb. 3, 2010) (ordering production of all psychological tests considered and relied upon in forming opinions regarding plaintiff's emotional condition); *Pennenvironment & Sierra Club v. PPG Indus., Inc.*, 2014 WL 12589147, at *2 (W.D. Pa. Oct. 7, 2014) (requiring the production of expert-to-expert communications and finding that "[t]here is widespread consensus that notes of experts or communications between experts…will not be protected from discovery 'as draft reports'"). Accordingly, Defendant is ordered to produce such documents, to the extent they exist, by **2:00 p.m. on April 18, 2020.**

    **DONE AND ORDERED** in Chambers this 17th day of April 2020, at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE