## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 9:18-cv-80176-BB/BER

IRA KLEIMAN, as the personal
representative of the Estate of David
Kleiman, and W&K Info Defense
Research, LLC

      *Plaintiffs,*

v.

CRAIG WRIGHT

      *Defendant.*

### PROTECTIVE ORDER

This matter came before the Court on the joint request of the parties and a third-party deponent (the "Deponent") for an Order limiting the disclosure of information relating to the Deponent. The Court held hearings on April 24 and April 29, 2020, and is fully advised in the matter.

Federal Rule of Civil Procedure 26(c) permits the Court to enter an order to protect a person from annoyance, embarrassment, oppression, or undue burden or expense, if good cause exists. The parties stipulate that the following facts exist. The Court finds good cause for a protective order:

1.      Plaintiffs and Defendant are engaged in litigation in this Court;

2.      Deponent, a resident of California, has no interest in the outcome of this litigation;

3.      On or about March 12, 2020, Plaintiffs caused a deposition subpoena to be served on Deponent calling for his personal appearance for deposition in this action;

4.      On or about March 27, 2020, Deponent served objections to the deposition subpoena asserting, among other things, privacy and personal safety objections based on the Deponent's good faith fear that his association with the issues raised in this litigation could subject him and his family to financial and personal safety issues, including the risk of extortion, theft, kidnapping, and even murder;

5.      Thereafter, Plaintiffs' counsel and Deponent's counsel engaged in extended telephonic meet and confer discussions in an effort to resolve their disputes over whether, to what extent, and under what conditions the deposition of Deponent would proceed;

6.      As a result of those discussions, an agreed Order was entered under seal in the United States District Court for the Central District of California (the "Order") pursuant to which Deponent is to submit to a telephonic deposition subject to the terms, conditions, limitations and requirements set out in the Order;[1]

7.      In this action, a dispute arose between Plaintiffs and Deponent, on the one hand, and Defendant, on the other hand, as to whether Plaintiffs' Rule 26 disclosure of the Deponent's identity and the anticipated subject matter of his testimony should be treated as "Highly Confidential – Attorneys' Eyes Only" or "Confidential" under this Court's Stipulated Confidentiality Order (ECF No.106) (the "Confidentiality Order") or not designated confidential at all;

8.      The Parties' counsel have met and conferred in an effort to resolve issues related to

---

[1] A copy of the Order was filed under Seal with this Court

the Deponent, his deposition testimony, and the degree of protection to be provided to protect the Deponent and his family in connection with trial of this action, and have reached an agreement to resolve various issues among them.

9.      Upon entry of this Protective Order, Deponent's counsel shall provide a specific proffer to Plaintiffs' and Defendant's counsel of Deponent's anticipated deposition testimony in this action, provided, however, that no such proffer shall be made if the Court declines to enter an order adopting this Stipulation;

10.     As consideration for Defendant's agreements contained herein, Deponent shall not seek any sanctions or remedy based on whether, or to what extent, Defendant may have previously violated the Confidentiality Order. [2]

**WHEREFORE, IT IS ORDERED THAT:**

1.      Plaintiffs' Rule 26 disclosure, as it relates to Deponent, will be designated "Confidential" and treated as a "Confidential" document under the Confidentiality Order;

2.      Deponent's deposition transcript and its contents (the "Deposition") will be designated "Confidential" and treated as a "Confidential" document under the Confidentiality Order. Deponent recognizes that the Order requires the Deposition to be designated "Highly Confidential - Attorneys' Eyes Only" by Plaintiffs or the Deponent and the Deponent expressly waives that provision of the Order;

3.      To protect the Deponent's privacy and personal safety interests, and in the event the Deposition is attached to any filing in this action, Plaintiffs and Defendant agree that the filing

---

[2] Nothing contained in this Protective Order affects Plaintiffs' ability to request sanctions or other remedies based on violation, if any, of the Court's Confidentiality Order, nor does it affect any counter-arguments defendant may have to such a request.

shall be under seal, as required by Paragraph 11 of the Confidentiality Order, and that they shall advise Deponent's counsel if this filing occurs so Deponent and his counsel can intervene if necessary to protect Deponent's interests;

4.     To further protect the Deponent's privacy and personal safety issues, any and all expert reports referring to or disclosing identifiable characteristics of the Deponent shall be designated "Confidential" under the Confidentiality Order.


**DONE AND ORDERED** on April 29, 2020, in chambers at West Palm Beach, Florida.


BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE