```
 1                  UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
 2
                       Case No. 18-80176-CIV-BB
 3
    IRA KLEIMAN, ET AL.,         )
 4                               )
         PLAINTIFFS,             )
 5                               )
         -v-                     )
 6                               )
    CRAIG WRIGHT,                )
 7                               )
         DEFENDANT.              )    West Palm Beach, Florida
 8                               )    April 29, 2020
    _____)
 9


10     TRANSCRIPT OF TELEPHONIC DISCOVERY HEARING PROCEEDINGS

11           BEFORE THE HONORABLE BRUCE E. REINHART

12                 UNITED STATES MAGISTRATE JUDGE

13


14  Appearances:

15  (On Page 2.)

16


17  Reporter              Stephen W. Franklin, RMR, CRR, CPE
    (561)514-3768         Official Court Reporter
18                        701 Clematis Street
                          West Palm Beach, Florida  33401
19                        E-mail:  SFranklinUSDC@aol.com

20

21

22

23

24

25
```

```
 1   Appearances:

 2   FOR THE PLAINTIFF            Devin Freedman, ESQ.
                                  Roche Cyrulnik Freedman, LLP
 3                                200 South Biscayne Boulevard
                                  Suite 5500
 4                                Miami, FL 33131

 5   FOR THE DEFENDANT            Andres Rivero, ESQ.
                                  Rivero Mestre, LLP
 6                                2525 Ponce de Leon Boulevard
                                  Suite 1000
 7                                Coral Gables, FL 33134

 8   FOR THIRD PARTY WITNESS      Patricia L. Glaser, ESQ.
                                  GlaserWeil
 9                                10250 Constellation Boulevard
                                  19th Floor
10                                Los Angeles, CA 90067
     -and-
11                                Richard Buckner, ESQ.
                                  GlaserWeil
12                                10250 Constellation Boulevard
                                  19th Floor
13                                Los Angeles, CA 90067

14                                *  *  *  *  *

15

16

17

18

19

20

21

22

23

24

25
```

```
 1          (Call to the order of the Court.)

 2              THE COURT:  Good morning, everyone.

 3              We're here this morning on case number 18-80176,

 4   case of Ira Kleiman and W&K Info Defense Research versus

 5   Dr. Craig Wright.

 6              Let me start by having counsel make their

 7   appearances.  I'll start with counsel for Mr. Kleiman.

 8              MR. FREEDMAN:  This is Vel Freedman, counsel for the

 9   plaintiffs.

10              THE COURT:  Good morning, Mr. Freedman.

11              MR. FREEDMAN:  Good morning.

12              THE COURT:  Let me turn to counsel for Dr. Wright.

13              MR. RIVERO:  Good morning, Your Honor.  Andres

14   Rivero for Dr. Wright.

15              THE COURT:  Good morning, Mr. Rivero.

16              And finally, let me turn to counsel for the person

17   we'll refer to simply as the deponent.  And counsel for the

18   deponent will make their appearances, please.

19              MS. GLASER:  Good morning, Your Honor, Patricia

20   Glaser.

21              MR. BUCKNER:  Good morning, Your Honor, Richard

22   Buckner.

23              THE COURT:  Good morning.

24              Thank you for getting up so early, Mr. Buckner and

25   Ms. Glaser.
```

1            MS. GLASER:  Not a problem.

2            THE COURT:  All right.  So the matter is, we're here

3    this morning because I received yesterday under seal a

4    proposed joint stipulation of the parties that would relate to

5    the handling of the initial disclosures by the deponent and

6    other matters -- initial disclosure of the deponent's

7    identity, excuse me, as well as some other matters related to

8    the deponent's deposition and possible testimony or use of the

9    deponent's testimony at the trial.  And I had some concerns

10   about that, and so I had -- I wanted to get us all back on the

11   phone.  I know I e-mailed the parties yesterday to just see if

12   there was agreement about a modification; apparently there is

13   not.  So let me explain to you my concerns, and then I'll hear

14   from everybody.

15           First of all, the more I read through the

16   stipulation, it wasn't exactly clear to me what it was the

17   parties wanted me to do.  So that was of concern.  I wasn't

18   quite sure -- I'm not usually in the practice of simply

19   ratifying stipulations, I'm in the practice of entering

20   orders.  So that wasn't clear to me a hundred percent what I

21   was ordering anybody to do in this case and some specificity

22   beyond that.  It wasn't clear to me what I was ordering that I

23   hadn't already ordered in the confidentiality order, because

24   it seemed to me some of what was in this proposed

25   stipulation -- and I'm not going to talk in great detail about

1   what's in the stipulation because it is under seal, but some
2   of the paragraphs, it seemed to me, were redundant to things
3   that were already in place under the confidentiality order.
4   So that was one concern.

5          The second concern I had was whether this is really
6   beyond the scope of the matters that are currently pending
7   before me.  The only thing that's currently pending before me
8   right now is how the initial disclosures by the plaintiff
9   should be designated under the confidentiality order.

10         And then the third thing was that it appeared to me
11  that I was going to be ratifying or agreeing to close the
12  courtroom if and when the deponent either testified or had his
13  testimony read at trial, and I'm not going to do that for two
14  reasons:  One, I don't have the authority to do that; Judge
15  Bloom has not referred that to me; and second of all, I don't
16  believe there's a legal basis at this time to do it.

17         So those are my concerns, but if the parties believe
18  there is something that I can order or that I can do that is
19  proper at this time, I'm happy to consider it.

20         So let me turn to counsel for the deponent,
21  Mr. Buckner or Ms. Glaser, I'm happy to hear from you.

22         MS. GLASER:  Good morning again, Your Honor.  Patty
23  Glaser.

24         There -- if you will forgive me, I'm just going to
25  give you a little history --

```
 1              THE COURT:  Sure.

 2              MS. GLASER:  -- and my concern, a series of

 3    concerns.

 4              THE COURT:  Uh-huh.

 5              MS. GLASER:  As Your Honor knows -- and at some

 6    point I would like to make a -- I guess you'd call it a

 7    sidebar proffer so that you could appreciate what I'm saying,

 8    and maybe now is the time to do that so that you --

 9              THE COURT:  Well, let me defer that for the time

10    being, Ms. Glaser.  For sake of current discussion, I will

11    accept that if I were to hear evidence, I would be persuaded

12    that your client has a good faith real-life concern for

13    personal safety, personal security, et cetera.  Okay.  So I'll

14    accept that as a principle for the time being.

15              MS. GLASER:  And privacy, Your Honor.

16              Okay.

17              THE COURT:  Privacy as well.  Okay, fine.

18              MS. GLASER:  So we are a third party witness, and

19    I've heard the expression before in front of Your Honor, we

20    have literally no dog in this hunt.  We will not be at trial.

21    We agreed to waive objections of privacy and physical danger

22    for himself and his family with protections in place.

23              This is going to be a 20-minute deposition.  I'm not

24    going to go into the sidebar information.

25              THE COURT:  Uh-huh.
```

1          MS. GLASER:   A 20- to 30-minute deposition all in.

2    So the courtroom would be sealed for 20 to 30 minutes tops.

3          And I can't speak about the procedure in Florida,

4    because I wouldn't be presumptuous enough, but I know how it

5    works here in the Central District.  And in the Central

6    District here, a magistrate judge makes a determination and

7    then makes a recommendations, and it's in the form of

8    recommendations, to the trial court both in connection with

9    what in this case he decides from a discovery standpoint and

10   what he recommends in connection with anything to happen at

11   trial.

12         When we were subpoenaed, as I said, we had very

13   serious privacy and safety concerns.  They can be -- there can

14   be extremely serious privacy and safety consequences in the

15   disclosure of information linking a person to the Bitcoin

16   world.  Public speculation that a person owns Bitcoin will put

17   that person in severe physical danger, as well as encourage

18   targeted attacks on their computer system's private

19   information, encourage identity theft, and otherwise make the

20   person subject to attacks and/or concerns that would not have

21   otherwise occurred.

22         Linking the third party deponent to the Bitcoin

23   world will subject the third party and his family to real and

24   unreasonable risk of harm to their safety and well-being,

25   including theft, kidnapping, extortion, and at the risk of

1   sounding overly dramatic, murder.  These risks are real, and

2   they're not imaginary, and if you simply Google, quote,

3   Bitcoin murders, end of quote, you'll see what I'm talking

4   about.

5          After receiving the subpoena, counsel for the

6   deponent and counsel for the subpoenaing party, in this case

7   plaintiff, engaged in extensive meet and confer discussions

8   aimed at balancing plaintiffs' needs to prosecute this

9   litigation and the deponent's need to protect his and his

10  family's privacy and safety.  Those discussions resulted in

11  the California court order, which Your Honor has seen,

12  providing protections for deponent in connection with his

13  deposition and with trial of this action.

14         We had a telephonic hearing before Your Honor on

15  April 24th, at which I understood the Court to invite the

16  parties to meet and confer to try to strike a balance between

17  the plaintiffs' and the defendant's need to prosecute this

18  litigation and the deponent's need to protect the privacy and

19  safety of himself and his family.

20         Thereafter, there were extensive discussions over

21  the weekend among counsel for plaintiff, counsel for defendant

22  and counsel for the deponent.  These discussions led to the

23  joint stipulation submitted to the -- to Your Honor on

24  April 27th.

25         I will say to you that I have -- I can only say that

1    Mr. Rivero and Mr. Freedman have been extraordinarily

2    forthright, honorable and easy to deal with because of that,

3    and they have been very, very cooperative.  They do the legal

4    profession honor in my judgment.

5            Respectfully, the comments we received back from

6    Your Honor, if implemented, would deprive the deponent of the

7    protections that we believe are essential to try to guarantee

8    as best we can the privacy and safety of the deponent and his

9    family.  If the needed protections can't be guaranteed, the

10   deponent will need to resist the subpoena entirely and resist

11   testifying entirely, rather than proceed by the parties'

12   agreement.

13           For example, if the confidentiality designations the

14   parties have agreed to so that the deponent's deposition may

15   proceed in accordance with the California order can be

16   withdrawn or changed later, then the deponent has absolutely

17   no assurance that the protections that are essential to him

18   will be maintained.  The deponent simply can't be in a

19   position where those protections can be withdrawn after the

20   fact.

21           And I'm emphasizing he will not be at trial; he will

22   be a depo.  It's scheduling for tomorrow, I think noon

23   Los Angeles time.  And the cat will be out of the bag.  The

24   information that is so private, for the reasons I've outlined,

25   will be out there.  So we need the assurance that the

1    protections that are essential to him will be maintained.  The

2    deponent simply can't be in a position where those protections

3    are withdrawn after the fact, making public testimony that he

4    never would have agreed to provide absent assurances of

5    confidentiality.  Allowing that protection to be taken away

6    after the fact makes those protections entirely illusory.

7         I don't see any significant demonstrated public

8    interest in disclosure of the deponent's identity or

9    deposition testimony during discovery at this point.  Even if

10   such public interest existed, it would be far outweighed by

11   the need to protect the deponent's privacy, and more

12   importantly his personal safety and the safety of his family.

13        As I said, at the risk of sounding overly dramatic,

14   people have been murdered over Bitcoin, and the judicial

15   system should not subject the deponent and his family to that

16   danger.  The Court shouldn't take away the parties' agreement

17   about the confidentiality designations of the deponent's

18   identity and testimony and shouldn't allow that

19   confidentiality to be taken away later, after the deponent has

20   testified at deposition in reliance on those designations.

21        Now, I want to spend a second talking about sealing

22   the courtroom if the deponent is referred to and/or his

23   testimony is cited.  I can't, in my explanation using English

24   words, do justice to just how frightened this deponent is.

25   This is highly manipulatable information that can be

 1    discovered through people that are smarter than I.  I
 2    colloquially referred to them as geeks, but these are geeks
 3    run amuck.  I cannot tell you and do justice to just how
 4    frightened the deponent is.  He cannot bring himself to put
 5    himself and his family in unreasonable danger.
 6         All the parties have agreed that the courtroom
 7    should be sealed if there's a reference to his identity or his
 8    testimony.  In our view, not -- and I appreciate the fact that
 9    you don't have that authority, but you can certainly make a
10    recommendation that a trial setting -- sealing order should be
11    entered now to give the deponent the protections he needs to
12    feel safe and to feel his family is safe.
13         Regardless of the public interest in the disclosure,
14    which we don't think is extant at all, people shouldn't be put
15    in a position where they could, at the risk of sounding
16    dramatic, die because the judicial system won't protect them.
17    People shouldn't be in a position where they have to choose
18    between providing testimony and risking their death or the
19    death of a family member.
20         In addition to not modifying the joint stipulation's
21    confidentiality provisions, the Court -- and I guess I'm
22    referring to both you and then, of course, the Judge -- the
23    Court should also order that references to the deponent or his
24    testimony at trial only take place in a sealed courtroom, with
25    everyone ordered not to disclose that information.

1              We -- I would like to make a proffer.  Obviously

2    counsel can be present when I make the proffer, but I'd like

3    to make a proffer in a sidebar, Your Honor.

4              THE COURT:  Well, a factual proffer relating to

5    what?

6              MS. GLASER:  To his precise testimony so that you

7    can appreciate --

8              THE COURT:  Okay.

9              MS. GLASER:  -- why it's important that it be

10   confidential.

11             THE COURT:  Okay.  Well, I'll address that in a

12   second.  I'll address that in a second.

13             I hear everything you're saying, but again, the only

14   issue before me at this time -- everybody agrees that right

15   now his identity, his testimony, anything he says can't be

16   disclosed outside of this litigation.  That's under the

17   confidentiality stipulation, the confidentiality order that I

18   entered.

19             The -- my concern about the confidentiality

20   designation being without prejudice -- and I'm happy to hear

21   y'all on this -- was simply this:  Under the confidentiality

22   protective order -- well, it was this:  At the last hearing,

23   Mr. Rivero had expressed some concern about being able to do

24   follow-up investigation or trial preparation, consult with

25   experts or do other things that would be necessary to allow

```
 1   Dr. Wright to respond to the deponent's testimony at the

 2   trial.  So my concern -- and the confidentiality stipulation

 3   order does contain a provision that allows any party to mod --

 4   seek to modify the confidentiality designation.

 5          Now, if Mr. Rivero and Mr. Freedman are comfortable

 6   that whatever agreement is -- that you all want to agree

 7   amongst yourselves that they will never seek to change the

 8   confidentiality designation on the deponent's initial

 9   disclosures and deposition, that's an agreement you all can

10   make.  So I don't feel as strongly about that one.

11          MS. GLASER:  Well, we have made that, Your Honor.

12          THE COURT:  In terms, though -- and I hear every --

13   I'm sorry, Ms. Glaser?

14          MS. GLASER:  We have made that agreement.

15          THE COURT:  All right.  Again, that was my second

16   point.  You all can agree to anything you want to agree to.

17          MS. GLASER:  I understand.  But without a court

18   order, or when a court specifically says, oh, by the way, you

19   can change your mind, that doesn't work for us.

20          THE COURT:  Okay.

21          MS. GLASER:  And I appreciate what Your Honor is

22   saying; I do.  And I understand that one of the reasons we

23   have this stipulations was because the protective order in

24   place didn't go as far as we needed to make us comfortable.

25          And both counsel, Mr. Rivero and Mr. Freedman, have
```

1   represented to me that -- not just in writing, but privately,
2   that they will live with this deal, which I very much
3   appreciate.  But we need to have the imprimatur of the Court
4   on this and not a statement, in our view, oh, by the way, you
5   can change your mind, when they've agreed to waive that.
6          THE COURT:  Okay.  Well, I'll address that.  I'll
7   address that in a second.
8          Before I do, let me echo, by the way, your comments
9   about both Mr. Freedman and Mr. Rivero.  I knew Mr. Rivero
10  before I became a judge.  I did not know Mr. Freedman before I
11  became a judge.  They have been litigating this case in front
12  of me for going on two years, and everything you say is a
13  hundred percent correct.  You could not find two more ethical,
14  professional, honorable members of our profession.  And if
15  they give you their word, I have no concern that they have --
16  that they will back off of that.
17         So again, Ms. Glaser, if that's the -- if that's the
18  agreement the parties would want, and the parties want to have
19  a stipulated protective order -- which is what it would have
20  to be, would be a protective order -- that Mr. -- the
21  deponent's identity, testimony, whatever categories of
22  information you all have agreed to, shall be treated as
23  confidential, however we want to define that -- and so, in
24  other words, this would be a supplement to the confidentiality
25  order, because as you point out, it would be more restrictive

```
 1    than the existing confidentiality order.  And if that's what

 2    the parties have agreed to, I don't have a problem entering an

 3    order to that effect.  So if that's where we are and that's

 4    what you're asking for on that issue, that's fine by me.

 5              And, again, I'll hear from Mr. Freedman and Mr.

 6    Rivero in just a second.

 7              In terms of anything having to do with the trial,

 8    I -- the way it works in this district is I speak when spoken

 9    to.  I don't volunteer recommendations to Judge Bloom that she

10    hasn't asked for.  Okay.  She refers things to me, I deal with

11    the things that she gives me, and if she hasn't sent it to me,

12    I don't offer up my opinions.  So I understand where you're

13    coming from.  I understand the position your client is in.  I

14    understand what you want.  I'm just telling you I can't give

15    it to you.

16              So that's just where that falls out.

17              MS. GLASER:  May I ask a question?

18              THE COURT:  Again, I -- yeah, of course.

19              MS. GLASER:  Let's assume that that is the only

20    so-called stumbling block.

21              THE COURT:  Uh-huh.

22              MS. GLASER:  Are we able to get to Judge Bloom --

23    I'm being blunt when I ask this question -- today, so that we

24    can offer this to her and have her bless it, assuming she's

25    willing to bless it?  She obviously makes her own decisions.
```

```
 1              THE COURT:  I may not -- I know she's working.  I
 2    don't know if she's working in her chambers, if she's working
 3    remotely.  I'm assuming -- I'm assuming she and her staff can
 4    be contacted.
 5              MS. GLASER:  You have no objection to us doing that?
 6              THE COURT:  No.  Like I said, she hasn't -- you do
 7    what you need to do.  That issue's not been referred to me.
 8    You can -- matters related to the trial were not referred to
 9    me.  I only have discovery, so . . .
10              MS. GLASER:  So you can't even -- in your view,
11    would you be willing to make a recommendation in that regard,
12    which may help?
13              THE COURT:  No, I will not.
14              MS. GLASER:  Okay.
15              THE COURT:  It's not appropriate.  I won't do it.
16              And candidly, I will tell you, Ms. Glaser, if it
17    were me, and I were the presiding judge and I had the
18    authority to make this decision, I wouldn't rule; I would wait
19    'til the trial.
20              MS. GLASER:  Can I -- if I make the proffer, this
21    may be the time to do that, Your Honor.
22              THE COURT:  Well, again, I'm not going to reach this
23    issue, so I understand -- I'll let you make the proffer at the
24    end of the -- at the end of the call, but I'm telling you I'm
25    not reaching this issue.  So you can make -- I'll allow you to
```

```
 1   make your record.  In order for you to make that proffer, I'm
 2   going to have to dismiss the members of the public, and we
 3   will allow you to make that under seal or the equivalent of a
 4   sidebar.  So I will allow you to do that at the close of the
 5   hearing, and you can do with it as you wish.
 6           So let me turn -- thank you, Ms. Glaser.  I'll come
 7   back to you in a second.
 8           Let me turn to Mr. Freedman to see if he has
 9   anything he'd like to add.
10           MR. FREEDMAN:  Good morning, Your Honor.  I have
11   nothing more to add.
12           THE COURT:  All right.  Mr. Rivero, let me turn to
13   you, because originally the way this sort of procedurally
14   framed out in front of me was that you had lodged an objection
15   to the designation of the dep -- of the initial disclosures.
16   Are you withdrawing the objection to the designation of the
17   initial disclosures, or are you still persisting and wanting
18   me to rule on that?
19           MR. RIVERO:  Judge, I am withdrawing it.  And your
20   recollection is exactly right about my position on Friday.  I
21   made an agreement with Ms. Glaser, who's very persuasive.  And
22   obviously there is consideration in both directions.  The
23   Court will see there's the stipulation that provides for --
24           THE COURT:  Yeah.
25           MR. RIVERO:  -- a proffer.
```

1          So, Judge, full stop.  And so we agreed to the

2    relief that Ms. Glaser is seeking.

3          I will just note, and I've discussed this with her,

4    we are not waiving as to, you know, seeking other relief,

5    including about timing and duration of the deposition, to

6    protect my client's interests.  But I've gotten comfortable

7    with this, Judge, and have agreed to it.

8          THE COURT:  Okay.  And I understand that.  I

9    appreciate that.

10          Again, my view is as to the conduct of the

11    deponent's deposition tomorrow, that that matter is being

12    dealt with by the judge in Los Angeles.  There's an order in

13    place from that judge.  I'm not going to modify that order in

14    any way.  And if there's issues relating to how the deposition

15    tomorrow's going to be handled, it has to be dealt with

16    through Judge -- is it Stevenson?  Judge Stevenson, it looks

17    like.

18          Okay.  But here's what -- so let me circle back to

19    what I think I can do for you, and then you tell me if you

20    want me to do this for you.

21          I will be happy to enter a protective order which --

22    I'm looking at the proposed joint stipulation.  So I will be

23    happy to enter a protective order that says that the Rule 26

24    disclosures -- at least the portion of the Rule 26 disclosures

25    that relate to this deponent, as well as the deponent's

```
 1   deposition and any expert reports -- so basically
 2   paragraphs 1, 2, 3, 4 of the proposed joint stipulation is
 3   fine.  I don't know that I need to incorporate -- I mean, I'm
 4   happy to -- I don't know that the Court needs to incorporate
 5   into the Court's order the other consideration that the
 6   parties are giving to one another, which is the proffer and
 7   the essentially release (inaudible).
 8            MS. GLASER:  The reason that I want it in there is
 9   because I made that representation and promise to Mr. Rivero,
10   and I want him to be comfortable that I have every intention
11   of living with that.
12            THE COURT:  All right.  I mean, again, I'm -- to me,
13   it was sort of like reading, when I do criminal cases, the
14   plea agreement.  You know, the plea agreement is filed, and
15   I'm aware of what's in it, but I'm not blessing the plea
16   agreement.
17            That's fine if y'all want paragraphs 6 and 7 in
18   there.
19            Now, do you want me to enter those in the manner of
20   an order that says I am ordering deponent's counsel to provide
21   a proffer, or do you want me to leave it as drafted, simply
22   memorializing this is the consideration and the agreement of
23   the parties?
24            MS. GLASER:  It makes no difference to me, because I
25   will provide it in any event.
```

```
 1              MR. RIVERO:  Judge --

 2              THE COURT:  I have absolute confidence both sides

 3   are going to do what I'm told.  That's why I'm asking.

 4              Mr. Rivero.

 5              MR. RIVERO:  Judge, I am fine with that, because I

 6   am confident that Ms. Glaser will do what we've agreed.

 7              THE COURT:  Okay.  Very good.  Then I'll do that.  I

 8   will get out a --

 9              So, again, Ms. Glaser, I understand -- I'm not

10   asking you to waive any objections you may have to the ruling

11   that I'm making, but my ruling would be that I will enter this

12   morning, as soon as I can, a protective order that

13   incorporates those paragraphs of the joint stipulation.  I

14   will draft it in a way that it does not have to be filed under

15   seal, because it will not disclose the identity or any

16   other -- anything relating to this deponent.  So that way you

17   all can show that order to anybody you need to show it to or

18   need to do anything with it.

19              Okay.  So that issue is resolved.

20              All right.  Then --

21              MS. GLASER:  Your Honor, one more thing --

22              THE COURT:  Yes.

23              MS. GLASER:  -- if I might.

24              THE COURT:  Yeah.

25              MS. GLASER:  I'm making this up, because it's
```

1    hypothetical.

2           THE COURT:  Yeah.

3           MS. GLASER:  Would Your Honor be willing to let this

4    deposition proceed next week -- which I have not discussed

5    with counsel, I want to be very clear -- so that we have time

6    to go to the Judge and seek a sealing of the courtroom if and

7    when his testimony is offered?  Would that be okay with you?

8    And I will -- I will discuss it with Mr. Rivero and

9    Mr. Freedman.

10           THE COURT:  Sure.  Well, here again, I have to

11    quickly pull up my CM/ECF here.

12           So again, Ms. Glaser, I don't know that I have -- I

13    know I have authority from some of my judges to extend

14    discovery outside of the discovery cutoff.  I don't recall if

15    Judge Bloom's one of those.  I don't think she is.

16           MS. GLASER:  If the parties stipulate, Your Honor,

17    can --

18           THE COURT:  Again, I think that's a modification of

19    the Court's scheduling order, which has to be done by Judge

20    Bloom, not by me.  That's what I'm looking for very quickly,

21    Ms. Glaser, I apologize.  I'm just trying to pull up Judge

22    Bloom's scheduling order.

23           Mr. Rivero or Mr. Freedman, if you recall, do you

24    know whether I have the authority to allow discovery outside

25    the discovery period?

```
 1              MR. RIVERO:  Judge, I don't have the order at hand,

 2    and I don't know.

 3              MR. FREEDMAN:  Your Honor, this is Mr. Freedman.  I

 4    don't think there's anything affirmatively in the order giving

 5    you that authority.  I don't know if Judge Bloom just allows

 6    as a matter of course.

 7              THE COURT:  Yeah, I know Judge Rosenberg does allow

 8    it as the matter of course.

 9              MS. GLASER:  You're the discovery guy.  Come on.

10              THE COURT:  (Laughter.)

11              Yes, but she's the scheduling order queen.

12              Usually, look, my general sense is that as long as

13    the parties are willing to live with, you know, not getting

14    more time to file their motions for summary judgment, most

15    judges don't have a hard time with this.  But, again,

16    Ms. Glaser, as I sit here right now, I don't have the

17    authority to make that decision.  But again, you can talk

18    amongst yourselves, and I will -- on that issue I will reach

19    out to Judge Bloom and see if -- if I have that authority,

20    because I just --

21              MS. GLASER:  That would be great.

22              THE COURT:  I don't have time to quickly read her

23    thing.

24              And then if the parties want to let me know -- well,

25    or either way you could order -- why don't you all meet and
```

```
 1    talk to each other about that, and then if there's a general
 2    agreement to postpone the deposition to allow for some further
 3    follow-up.
 4            MS. GLASER:  And just briefly, just briefly so that
 5    we can have time to go to the Judge.
 6            THE COURT:  No, no, I think -- I understand your
 7    point, and it's certainly a reasonable request, Ms. Glaser.
 8    But there's a long history to this case.  There have been a
 9    number of discovery extensions.  I just don't know what's in
10    Judge Bloom's head on that issue.
11            But if y'all want to maybe file just a very -- once
12    you've conferred, if there is an agreement to do that, file a
13    very, very barebones request to extend the scheduling order to
14    allow for that.  And Judge Bloom, if she's inclined, can
15    either grant it summarily, or she can refer it to me and I can
16    grant it summarily.
17            MS. GLASER:  Got it.
18            THE COURT:  Assuming that's what she wants to do.
19            MS. GLASER:  Now, may we make our proffer, Your
20    Honor?
21            THE COURT:  Yes.
22            Here's what I'd like to do, then, before I do that.
23            Is there anything further, Mr. Rivero?  Anything
24    further from your client's perspective that you think we need
25    to cover here this morning?  And to the extent -- I don't
```

```
 1     think you have, but to the extent you have made any objections
 2     or I've overruled any requests that you've made, you're not
 3     waiving those.  But is there anything else you think we need
 4     to take up in the public session?
 5               MR. RIVERO:  No, Your Honor.
 6               THE COURT:  All right.  Mr. Freedman, the same
 7     question to you.
 8               MR. FREEDMAN:  Not at this time, Your Honor.
 9               THE COURT:  Okay.  Very good.
10               So what I'm going to do at this time is I'm going to
11     remove the public people from the meeting, because we're going
12     into private session, and then I will notify the lawyers when
13     we're in a position to take the proffer.
14               So hold on one second.
15          (The hearing was continued under seal; not transcribed by
16     the court reporter.)
17                              *  *  *  *  *
18
19
20
21
22
23
24
25
```

```
 1                         * * * * *

 2                        I N D E X

 3   Telephonic Discovery Hearing                      3

 4                         * * * * *

 5                     E X H I B I T S

 6   (None.)

 7                         * * * * *

 8                        CERTIFICATE

 9        I, Stephen W. Franklin, Registered Merit Reporter, and

10   Certified Realtime Reporter, certify that the foregoing is a

11   correct transcript, to the best of my ability, from the

12   DIGITAL AUDIO RECORDING of proceedings in the above-entitled

13   matter.

14        Dated this 5th day of MAY, 2020.

15

16        /s/Stephen W. Franklin
          _____
17        Stephen W. Franklin, RMR, CRR

18

19

20

21

22

23

24

25
```

MR. BUCKNER: [1]
3/21
MR. FREEDMAN: [5]
3/8 3/11 17/10 22/3 24/8
MR. RIVERO: [7] 3/13
17/19 17/25 20/1 20/5
22/1 24/5
MS. GLASER: [33]
THE COURT: [44]

**'**
'til [1] 16/19

**-**
-and [1] 2/10
-v [1] 1/5

**/**
/s/Stephen [1] 25/16

**1**
1000 [1] 2/6
10250 [2] 2/9 2/12
18-80176-CIV-BB [1]
1/2
19th [2] 2/9 2/12

**2**
20 [2] 7/1 7/2
20-minute [1] 6/23
200 [1] 2/3
2020 [2] 1/8 25/14
24th [1] 8/15
2525 [1] 2/6
26 [2] 18/23 18/24
27th [1] 8/24
29 [1] 1/8

**3**
30 [1] 7/2
30-minute [1] 7/1
33131 [1] 2/4
33134 [1] 2/7
33401 [1] 1/18
3768 [1] 1/17

**5**
514-3768 [1] 1/17
5500 [1] 2/3
561 [1] 1/17
5th [1] 25/14

**7**
701 [1] 1/18

**8**
80176 [1] 3/3

**9**
90067 [2] 2/10 2/13

**A**
ability [1] 25/11
able [2] 12/23 15/22
above [1] 25/12

above-entitled [1] 25/12
absent [1] 10/4
absolute [1] 20/2
absolutely [1] 9/16
accept [2] 6/11 6/14
accordance [1] 9/15
action [1] 8/13
add [2] 17/9 17/11
addition [1] 11/20
address [2] 12/11 12/12
14/6 14/7
affirmatively [1] 22/4
after [5] 8/5 9/19 10/3
10/6 10/19
again [15] 5/22 12/13
13/15 14/17 15/5 15/18
16/22 18/10 19/12 20/9
21/10 21/12 21/18 22/15
22/17
agree [3] 13/6 13/16
13/16
agreed [10] 6/21 9/14
10/4 11/6 14/5 14/22
15/2 18/1 18/7 20/6
agreeing [1] 5/11
agreement [14] 4/12
9/12 10/16 13/6 13/9
13/14 14/18 17/21 19/14
19/14 19/16 19/22 23/2
23/12
agrees [1] 12/14
aimed [1] 6/21
AL [1] 1/3
allow [9] 10/18 12/25
16/25 17/3 17/4 21/24
22/7 23/2 23/14
Allowing [1] 10/5
allows [2] 13/3 22/5
already [2] 4/23 5/3
also [1] 11/23
am [4] 17/19 19/20 20/5
20/6
among [1] 8/21
amongst [2] 13/7 22/18
amuck [1] 11/3
Andres [2] 2/5 3/13
Angeles [4] 2/10 2/13
9/23 18/12
another [1] 19/6
any [9] 10/7 13/3 18/14
19/1 19/25 20/10 20/15
24/1 24/2
anybody [2] 4/21 20/17
anything [11] 7/10
12/15 13/16 15/7 17/9
20/16 20/18 22/4 23/23
23/23 24/3
aol.com [1] 1/19
apologize [1] 21/21
apparently [1] 4/12
appearances [4] 1/14
1/21 3/7 3/18
appeared [1] 19/6
appreciate [6] 6/7 11/8
12/7 13/21 14/3 18/9
appropriate [1] 16/15

April [3] 1/8 8/15 8/24
April 24th [1] 8/15
April 27th [1] 8/24
ask [2] 15/17 15/23
asked [1] 15/10
asking [3] 15/4 20/3
20/10
assume [1] 15/19
assuming [4] 15/24 16/3
16/3 23/18
assurance [2] 9/17 9/25
assurances [1] 10/4
attacks [2] 7/18 7/20
AUDIO [1] 25/12
authority [8] 5/14 11/9
16/18 21/13 21/24 22/5
22/17 22/19
aware [1] 19/15
away [5] 10/5 10/16
10/19

**B**
back [5] 4/10 9/5 14/16
17/7 18/18
bag [1] 9/23
balance [1] 8/16
balancing [1] 8/8
barebones [1] 23/13
basically [1] 19/1
basis [1] 5/16
BB [1] 1/2
Beach [2] 1/7 1/18
became [2] 14/10 14/11
because [16] 4/3 4/23
5/1 7/4 9/2 11/16 13/23
14/25 17/13 19/19 19/24
20/5 20/15 20/25 22/20
24/11
before [10] 1/11 5/7 5/7
6/19 8/14 12/14 14/8
14/10 14/10 23/22
being [7] 6/10 6/14 7/24
12/20 12/23 15/23 18/11
believe [5] 5/16 5/17 9/7
best [2] 9/8 25/11
between [2] 8/16 11/18
beyond [2] 4/22 5/6
Biscayne [1] 2/3
Bitcoin [5] 7/15 7/16
7/22 8/3 10/14
bless [2] 15/24 15/25
blessing [1] 19/15
block [1] 15/20
Bloom [7] 5/15 15/9
15/22 21/20 22/5 22/19
Bloom's [3] 21/15 21/22
23/10
blunt [1] 15/23
both [6] 7/8 11/22 13/25
14/9 17/22 20/2
Boulevard [4] 2/3 2/6
2/9 2/12
briefly [2] 23/4 23/4
bring [1] 11/4
BRUCE [1] 1/11

Buckner [4] 2/11 3/22
3/24 5/21

**C**
CA [2] 2/10 2/13
California [2] 8/11 9/15
called [1] 5/20
can't [8] 7/3 9/9 9/18
10/2 10/23 12/15 15/14
16/10
candidly [1] 16/16
cannot [2] 11/3 11/4
case [8] 1/2 3/3 3/4 4/21
7/9 8/6 14/11 23/8
cases [1] 19/13
cat [1] 9/23
categories [1] 14/21
Central [2] 7/5 7/5
certainly [2] 11/9 23/7
CERTIFICATE [1]
25/8
Certified [1] 25/10
certify [1] 25/10
cetera [1] 6/13
chambers [1] 16/2
change [3] 13/7 13/19
14/5
changed [1] 9/16
choose [1] 11/17
circle [1] 18/18
cited [1] 10/23
CIV [1] 1/2
clear [4] 4/16 4/20 4/22
21/5
Clematis [1] 1/18
client [2] 6/12 15/13
client's [2] 18/6 23/24
close [2] 5/11 17/4
CM [1] 21/11
CM/ECF [1] 21/11
colloquially [1] 11/2
comfortable [4] 13/5
13/24 18/6 19/10
coming [1] 15/13
comments [2] 9/5 14/8
computer [1] 7/18
concern [9] 4/17 5/4 5/5
6/2 6/12 12/19 12/23
13/2 14/15
concerns [6] 4/9 4/13
5/17 6/3 7/13 7/20
conduct [1] 18/10
confer [2] 8/7 8/16
conferred [1] 23/12
confidence [1] 20/2
confident [1] 20/6
confidential [2] 12/10
14/23
confidentiality [17] 4/23
5/3 5/9 9/13 10/5 10/17
10/19 11/21 12/17 12/17
12/19 12/21 13/2 13/4
13/8 14/24 15/1
connection [3] 7/8 7/10
8/12
consequences [1] 7/14

consider [1] 5/19
consideration [3] 17/22
19/5 19/22
Constellation [2] 2/9
2/12
consult [1] 12/24
contacted [1] 16/4
contain [1] 13/3
continued [1] 24/15
cooperative [1] 9/3
Coral [1] 2/7
correct [2] 14/13 25/11
counsel [16] 3/6 3/7 3/8
3/12 3/16 3/17 5/20 8/5
8/6 8/21 8/21 8/22 12/2
13/25 19/20 21/5
course [1] 11/22 15/18
22/6 22/8
court [15] 1/1 1/17 3/1
7/8 8/11 8/15 10/16
11/21 11/23 13/17 13/18
14/3 17/23 19/4 24/16
Court's [2] 19/5 21/19
courtroom [6] 5/12 7/2
10/22 11/6 11/24 21/6
cover [1] 23/25
CPE [1] 1/17
CRAIG [1] 1/6 3/5
criminal [1] 19/13
CRR [2] 1/17 25/17
current [1] 6/10
currently [2] 5/6 5/7
cutoff [1] 21/14
Cyrulnik [1] 2/2

**D**
danger [4] 6/21 7/17
10/16 11/5
Dated [1] 25/14
de [1] 2/6
deal [3] 9/2 14/2 15/10
dealt [2] 18/12 18/15
death [2] 11/18 11/19
decides [1] 7/9
decision [2] 16/18 22/17
decisions [1] 15/25
defendant [3] 1/7 2/5
8/21
defendant's [1] 8/17
Defense [1] 3/4
defer [1] 6/9
define [1] 14/23
demonstrated [1] 10/7
dep [1] 17/15
depo [1] 9/22
deponent [24] 3/17 3/18
4/5 5/12 5/20 7/22 8/6
8/12 8/22 9/6 9/8 9/10
9/16 9/18 10/2 10/19
10/19 10/22 10/24 11/4
11/11 11/23 18/22 20/16
deponent's [15] 4/6 4/8
4/9 8/9 8/18 9/14 10/8
10/11 10/17 11/1 13/8
14/21 18/11 18/25 19/20
deposition [14] 4/8 6/23

## D

deposition... [12] 7/1
8/13 9/14 10/9 10/20
13/9 18/5 18/11 18/14
19/1 21/4 23/2
deprive [1] 9/6
designated [1] 5/9
designation [5] 12/20
13/4 13/8 17/15 17/16
designations [3] 9/13
10/17 10/20
detail [1] 4/25
determination [1] 7/6
Devin [1] 2/2
didn't [1] 13/24
die [1] 11/16
difference [1] 19/24
DIGITAL [1] 25/12
directions [1] 17/22
disclose [2] 11/25 20/15
disclosed [1] 12/16
disclosure [4] 4/6 7/15
10/8 11/13
disclosures [7] 4/5 5/8
13/9 17/15 17/17 18/24
18/24
discovered [1] 11/1
discovery [11] 1/10 7/9
10/9 16/9 21/14 21/14
21/24 21/25 22/9 23/9
25/3
discuss [1] 21/8
discussed [2] 18/3 21/4
discussion [1] 6/10
discussions [4] 8/7 8/10
8/20 8/22
dismiss [1] 17/2
district [5] 1/1 1/1 7/5
7/6 15/8
does [3] 13/3 20/14 22/7
doesn't [1] 13/19
dog [1] 6/20
doing [1] 16/5
don't [25] 5/14 5/15
10/7 11/9 11/14 13/10
15/2 15/9 15/12 16/2
19/3 19/4 21/12 21/14
21/15 22/1 22/2 22/4
22/5 22/15 22/16 22/22
22/25 23/9 23/25
done [1] 21/19
Dr [3] 3/12 3/14 13/1
Dr. [1] 3/5
Dr. Craig [1] 3/5
draft [1] 20/14
drafted [1] 19/21
dramatic [3] 8/1 10/13
11/16
duration [1] 18/5
during [1] 10/9

## E

E-mail [1] 1/19
e-mailed [1] 4/11
each [1] 23/1
early [1] 3/24

easy [1] 9/2
ECF [1] 21/11
echo [1] 14/8
effect [1] 15/3
either [3] 5/12 22/25
23/15
else [1] 24/3
emphasizing [1] 9/21
encourage [2] 7/17 7/19
end [3] 8/3 16/24 16/24
engaged [1] 8/7
English [1] 10/23
enough [1] 7/4
enter [4] 18/21 18/23
19/19 20/11
entered [2] 11/11 12/18
entering [2] 4/19 15/2
entirely [3] 9/10 9/11
10/6
entitled [1] 25/12
equivalent [1] 17/3
ESQ [4] 2/2 2/5 2/8 2/11
essential [3] 9/7 9/17
10/1
essentially [1] 19/7
et [2] 1/3 6/13
et cetera [1] 6/13
ethical [1] 14/13
even [2] 10/9 16/10
event [1] 19/25
every [2] 13/12 19/10
everybody [2] 4/14
12/14
everyone [2] 3/2 11/25
everything [2] 12/13
14/12
evidence [1] 6/11
exactly [2] 4/16 17/20
example [1] 9/13
excuse [1] 4/7
existed [1] 10/10
existing [1] 15/1
expert [1] 19/1
experts [1] 12/25
explain [1] 4/13
explanation [1] 10/23
expressed [1] 12/23
expression [1] 6/19
extant [1] 11/14
extend [2] 21/13 23/13
extensions [1] 23/9
extensive [2] 8/7 8/20
extent [2] 23/25 24/1
extortion [1] 7/25
extraordinarily [1] 9/1
extremely [1] 7/14

## F

fact [4] 9/20 10/3 10/6
11/8
factual [1] 12/4
faith [1] 6/12
falls [1] 5/12
family [9] 6/22 7/23
8/19 9/9 10/12 10/15
11/5 11/12 11/19

family's [1] 8/10
far [2] 10/10 13/24
feel [3] 11/12 11/12
13/10
file [3] 22/14 23/11
23/12
filed [2] 19/14 20/14
finally [1] 3/16
fine [5] 6/17 15/4 19/3
19/17 20/5
First [1] 4/15
FL [2] 2/4 2/7
Floor [2] 2/9 2/12
FLORIDA [4] 1/1 1/7
1/18 7/3
follow [2] 12/24 23/3
follow-up [2] 12/24 23/3
foregoing [1] 25/10
forgive [1] 5/24
form [1] 7/7
forthright [1] 9/2
framed [1] 17/14
Franklin [4] 1/17 25/9
25/16 25/17
Freedman [15] 2/2 2/2
3/8 3/10 9/1 13/5 13/25
14/9 14/10 15/7 17/8
21/9 21/23 22/3 24/6
Freedman and [2] 14/9
15/5
Freedman are [1] 13/5
Freedman before [1]
14/10
Freedman have [1] 9/1
Friday [1] 17/20
frightened [2] 10/24
11/4
front [3] 6/19 14/11
17/14
full [1] 18/1
further [3] 23/2 23/23
23/24

## G

Gables [1] 2/7
geeks [2] 11/2 11/2
general [2] 22/12 23/1
getting [2] 3/24 22/13
give [4] 5/25 11/11
14/15 15/4
gives [1] 15/11
giving [2] 19/6 22/4
Glaser [18] 2/8 3/20
3/25 5/21 5/23 6/10
13/13 14/17 16/16 17/6
17/21 18/2 20/6 20/9
21/12 21/21 22/16 23/7
GlaserWeil [2] 2/8 2/11
going [15] 4/25 5/11
5/13 5/24 6/23 6/24
14/12 16/22 17/2 18/13
18/15 20/3 24/10 24/10
24/11
good [13] 3/2 3/10 3/11
3/13 3/15 3/19 3/21 3/23
5/22 6/12 17/10 20/7

24/9
Google [1] 8/2
Got [1] 23/17
gotten [1] 18/6
grant [2] 23/15 23/16
great [2] 4/25 22/21
guarantee [1] 9/7
guaranteed [1] 9/9
guess [2] 6/6 11/21
guy [1] 22/9

## H

hadn't [1] 4/23
hand [1] 22/1
handled [1] 18/15
handling [1] 4/5
happen [1] 7/10
happy [6] 5/19 5/21
12/20 18/21 18/23 19/4
hard [1] 22/15
harm [1] 7/24
hasn't [3] 15/10 15/11
16/6
having [2] 3/6 15/7
he'd [1] 17/9
head [1] 23/10
hear [7] 4/13 5/21 6/11
12/13 12/20 13/12 15/5
heard [1] 6/19
hearing [6] 1/10 8/14
12/22 17/5 24/15 25/3
help [1] 16/12
here [8] 3/3 4/2 7/5 7/6
21/10 21/11 22/16 23/25
here's [2] 18/18 23/22
highly [1] 10/25
himself [4] 6/22 8/19
11/4 11/5
history [2] 5/25 23/8
hold [1] 24/14
honor [24] 3/13 3/19
3/21 5/22 6/5 6/15 6/19
8/11 8/14 8/23 9/4 9/6
12/3 13/11 13/21 16/21
17/10 20/21 21/3 21/16
22/3 23/20 24/5 24/8
honorable [3] 1/11 9/2
14/14
however [1] 14/23
huh [3] 6/4 6/25 15/21
hundred [2] 4/20 14/13
hunt [1] 6/20
hypothetical [1] 21/1

## I

I'd [2] 12/2 23/22
I'll [12] 3/7 4/13 6/13
12/12 14/16 14/16
15/5 16/23 16/25 17/6
20/7
I'm [37]
I've [5] 6/19 9/24 18/3
18/6 24/2
identity [8] 4/7 7/19
10/8 10/18 11/7 12/15
14/21 20/15
illusory [1] 10/6

imaginary [1] 8/2
implemented [1] 9/6
important [1] 12/9
importantly [1] 10/12
imprimatur [1] 14/3
inaudible [1] 19/7
inclined [1] 23/14
including [7] 7/25 18/5
incorporate [2] 19/3
19/4
incorporates [1] 20/13
Info [1] 3/4
information [7] 6/24
7/15 7/19 9/24 10/25
11/25 14/22
initial [4] 4/5 4/6 5/8
13/8 17/15 17/17
intention [1] 19/10
interest [3] 10/8 10/10
11/13
interests [1] 18/6
investigation [1] 12/24
invite [1] 8/15
IRA [1] 3/4
issue [7] 12/14 15/4
16/23 16/25 20/19 22/18
23/10
issue's [1] 16/7
issues [1] 18/14
it's [6] 7/7 9/22 12/9
16/15 20/25 23/7

## J

joint [6] 4/4 8/23 11/20
18/22 19/2 20/13
judge [29]
judges [2] 21/13 22/15
judgment [2] 9/4 22/14
judicial [2] 10/14 11/16
just [16] 4/11 5/24 10/24
11/3 14/1 15/6 15/14
15/16 18/3 21/21 22/5
22/20 23/4 23/4 23/9
23/11
justice [2] 10/24 11/3

## K

kidnapping [1] 7/25
KLEIMAN [3] 1/3 3/4
3/7
knew [1] 14/9
know [18] 4/11 7/4
14/10 16/1 16/2 18/4
19/3 19/4 19/14 21/12
21/13 21/24 22/2 22/5
22/7 22/13 22/24 23/9
knows [1] 6/5

## L

last [1] 12/22
later [2] 9/16 10/19
Laughter [1] 22/10
lawyers [1] 24/12
least [1] 18/24
leave [1] 19/21
led [1] 8/22
legal [2] 5/16 9/3

## L

Leon [1]  2/6
let [14]  3/6 3/12 3/16
4/13 5/20 6/9 14/8 16/23
17/6 17/8 17/12 18/18
21/3 22/24
Let's [1]  15/19
life [1]  6/12
linking [2]  7/15 7/22
literally [1]  14/11
litigating [1]  14/11
litigation [3]  8/9 8/18
12/16
little [1]  5/25
live [2]  14/2 22/13
living [1]  19/11
LLP [2]  2/2 2/5
lodged [1]  17/14
long [2]  22/12 23/8
looking [2]  18/22 21/20
looks [1]  18/16
Los [4]  2/10 2/13 9/23
18/12

## M

magistrate [2]  1/12 7/6
mail [1]  1/19
mailed [1]  4/11
maintained [2]  9/18
10/1
makes [5]  7/6 7/7 10/6
15/25 19/24
making [3]  10/3 20/11
20/25
manipulatable [1]  10/25
manner [1]  19/19
matter [5]  4/2 18/11
22/6 22/8 25/13
matters [4]  4/6 4/7 5/6
16/8
maybe [2]  6/8 23/11
me [44]
mean [2]  19/3 19/12
meet [3]  8/7 8/16 22/25
meeting [1]  24/11
member [1]  11/19
members [2]  14/14 17/2
memorializing [1]  19/22
Merit [1]  25/9
Mestre [1]  2/5
Miami [1]  2/4
might [1]  20/23
mind [2]  13/19 14/5
minute [2]  6/23 7/1
minutes [1]  7/2
mod [1]  13/3
modification [2]  4/12
21/18
modify [2]  13/4 18/13
modifying [1]  11/20
morning [1]  3/2 3/3
3/10 3/11 3/13 3/15 3/19
3/21 3/23 4/3 5/22 17/10
20/12 23/25
most [1]  22/14
motions [1]  22/14

## Mr [29]

Mr. [1]  5/21
Mr. Buckner [1]  5/21
Ms [14]  3/25 6/10 13/13
14/17 16/16 17/6 17/21
18/2 20/6 20/9 21/12
21/21 22/16 23/7
Ms. [1]  5/21
Ms. Glaser [1]  5/21
much [1]  14/2
murder [1]  8/1
murdered [1]  10/14
murders [1]  8/3

## N

necessary [1]  12/25
need [13]  8/9 8/17 8/18
9/10 9/25 10/11 14/3
16/7 19/3 20/17 20/18
23/24 24/3
needed [2]  9/9 13/24
needs [3]  8/8 11/11 19/4
never [2]  10/4 13/7
next [1]  21/4
no [11]  1/2 6/20 9/17
14/15 16/5 16/6 16/13
19/24 23/6 23/6 24/5
None [1]  25/6
noon [1]  9/22
not -- I [1]  16/1
note [1]  18/3
nothing [1]  17/11
notify [1]  24/12
number [2]  3/3 23/9
number 18-80176 [1]
3/3

## O

objection [3]  16/5 17/14
17/16
objections [3]  6/21
20/10 24/1
obviously [3]  12/1 15/25
17/22
occurred [1]  7/21
off [1]  14/16
offer [2]  15/12 15/24
offered [1]  21/7
Official [1]  1/17
oh [2]  13/18 14/4
okay [15]  6/13 6/16 6/17
12/8 12/11 13/20 14/6
15/10 16/14 18/8 18/18
20/7 20/19 21/7 24/9
once [1]  23/11
one [8]  5/4 5/14 13/10
13/22 19/6 20/21 21/15
24/14
only [6]  5/7 8/25 11/24
12/13 15/19 16/9
opinions [1]  15/12
order [35]
ordered [2]  4/23 11/25
ordering [3]  4/21 4/22
19/20
orders [1]  4/20
originally [1]  17/13

## P

otherwise [2]  7/19 7/21
our [4]  11/8 14/4 14/14
23/19
outlined [1]  9/24
outside [3]  12/16 21/14
21/24
outweighed [1]  10/10
over [2]  8/20 10/14
overly [2]  8/1 10/13
overruled [1]  24/2
own [1]  15/25
owns [1]  7/16

## P

Page [1]  1/15
Palm [2]  1/7 1/18
paragraphs [4]  5/2 19/2
19/17 20/13
paragraphs 1, 2, 3, 4 [1]
19/2
paragraphs 6 [1]  19/17
parties [15]  4/4 4/11
4/17 5/17 8/16 9/14 11/6
14/18 14/18 15/2 19/6
19/23 21/16 22/13 22/24
parties' [2]  9/11 10/16
party [6]  2/8 6/18 7/22
7/23 8/6 13/3
Patricia [2]  2/8 3/19
Patty [1]  5/22
pending [2]  5/6 5/7
people [5]  10/14 11/1
11/14 11/17 24/11
percent [2]  4/20 14/13
period [1]  21/25
persisting [1]  17/17
person [5]  3/16 7/15
7/16 7/17 7/20
personal [3]  6/13 6/13
10/12
perspective [1]  23/24
persuaded [1]  6/11
persuasive [1]  17/21
phone [1]  4/11
physical [2]  6/21 7/17
place [5]  5/3 6/22 11/24
13/24 18/13
plaintiff [4]  2/2 5/8 8/7
8/21
plaintiffs [2]  1/4 3/9
plaintiffs' [2]  8/8 8/17
plea [3]  19/14 19/14
19/15
please [1]  3/18
point [5]  6/6 10/9 13/16
14/25 23/7
Ponce [1]  2/6
portion [1]  18/24
position [7]  9/19 10/2
11/15 11/17 15/13 17/20
24/13
possible [1]  4/8
postpone [1]  23/2
practice [2]  4/18 4/19
precise [1]  12/6
prejudice [1]  12/20

## P

preparation [1]  12/24
present [1]  12/2
presiding [1]  16/17
presumptuous [1]  7/4
principle [1]  6/14
privacy [9]  6/15 6/17
6/21 7/13 7/13 7/14 8/10 8/18
9/8 10/11
private [3]  7/18 9/24
24/12
privately [1]  14/1
problem [2]  4/1 15/2
procedurally [1]  17/13
procedure [1]  7/3
proceed [3]  9/11 9/15
21/4
proceedings [2]  1/10
25/12
profession [2]  9/4 14/14
professional [1]  14/14
proffer [13]  6/7 12/1
12/2 12/3 12/4 16/20
16/23 17/1 17/25 19/6
19/21 23/19 24/13
promise [1]  19/9
proper [1]  5/19
proposed [4]  4/4 4/24
18/22 19/2
prosecute [2]  8/8 8/17
protect [5]  8/9 8/18
10/11 11/16 18/6
protection [1]  10/5
protections [10]  6/22
8/12 9/7 9/9 9/17 9/19
10/1 10/2 10/6 11/11
protective [7]  12/22
13/23 14/19 14/20 18/21
18/23 20/12
provide [3]  10/4 19/20
19/25
provides [1]  17/23
providing [2]  8/12 11/18
provision [1]  13/3
provisions [1]  11/21
public [8]  7/16 10/3 10/7
10/10 11/13 17/2 24/4
24/11
pull [2]  21/11 21/21
put [3]  7/16 11/4 11/14

## Q

queen [1]  22/11
question [3]  15/17 15/23
24/7
quickly [3]  21/11 21/20
22/22
quite [1]  4/18
quote [2]  8/2 8/3

## R

rather [1]  9/11
ratifying [2]  4/19 5/11
reach [2]  16/22 22/18
reaching [1]  16/25
read [3]  4/15 5/13 22/22
reading [1]  19/13
real [3]  6/12 7/23 8/1

## R

real-life [1]  6/12
really [1]  5/5
Realtime [1]  25/10
reason [1]  19/8
reasonable [1]  23/7
reasons [3]  5/14 9/24
13/22
recall [2]  21/14 21/23
received [2]  4/3 9/5
receiving [1]  8/5
recollection [1]  17/20
recommendation [2]
11/10 16/11
recommendations [3]
7/7 7/8 15/9
recommends [1]  7/10
record [1]  17/1
RECORDING [1]  25/12
redundant [1]  5/2
refer [2]  3/17 23/15
reference [1]  11/7
references [1]  11/23
referred [5]  5/15 10/22
11/2 16/7 16/8
referring [1]  11/22
refers [1]  15/10
regard [1]  16/11
Regardless [1]  11/13
Registered [1]  25/9
REINHART [1]  1/11
relate [2]  4/4 18/25
related [2]  4/7 14/8
relating [3]  12/4 18/14
20/16
release [1]  19/7
reliance [1]  10/20
relief [2]  18/2 18/4
remotely [1]  16/3
remove [1]  24/11
reporter [5]  1/17 1/17
24/16 25/9 25/10
reports [1]  19/1
representation [1]  19/9
represented [1]  14/1
request [2]  23/7 23/13
requests [1]  24/2
Research [1]  3/4
resist [2]  9/10 9/10
resolved [1]  20/19
Respectfully [1]  9/5
respond [1]  13/1
restrictive [1]  14/25
resulted [1]  8/10
Richard [2]  2/11 3/21
right [10]  4/2 5/8 12/14
13/15 17/12 17/20 19/12
20/20 22/16 24/6
risk [4]  7/24 7/25 10/13
11/15
risking [1]  11/18
risks [1]  8/1
Rivero [17]  2/5 2/5 3/14
3/15 9/1 12/23 13/5
13/25 14/9 14/9 15/6
17/12 19/9 20/4 21/8
21/23 23/23

**R**

**RMR [2]**  1/17 25/17
**Roche [1]**  2/2
**Rosenberg [1]**  22/7
**rule [4]**  16/18 17/18
18/23 18/24
**ruling [2]**  20/10 20/11
**run [1]**  11/3

**S**

**safe [2]**  11/12 11/12
**safety [9]**  6/13 7/13 7/14
7/24 8/10 8/19 9/8 10/12
10/12
**sake [1]**  6/10
**same [1]**  24/6
**say [3]**  8/25 8/25 14/12
**saying [3]**  6/7 12/13
13/22
**says [4]**  12/15 13/18
18/23 19/20
**scheduling [5]**  9/22
21/19 21/22 22/11 23/13
**scope [1]**  5/6
**seal [5]**  4/3 5/1 17/3
20/15 24/15
**sealed [3]**  7/2 11/7 11/9
**sealing [3]**  10/21 11/10
21/6
**second [10]**  5/5 5/15
10/21 12/12 12/12 13/15
14/7 15/6 17/7 24/14
**security [1]**  6/13
**seek [3]**  13/4 13/7 21/6
**seeking [2]**  18/2 18/4
**seemed [2]**  4/24 5/2
**seen [1]**  8/11
**sense [1]**  22/12
**sent [1]**  15/11
**series [1]**  6/2
**serious [2]**  7/13 7/14
**session [2]**  24/4 24/12
**setting [1]**  11/10
**severe [1]**  7/14
**SFranklinUSDC [1]**
1/19
**shall [1]**  14/22
**she's [6]**  15/24 16/1 16/2
16/2 22/11 23/14
**should [5]**  5/9 10/15
11/7 11/10 11/23
**shouldn't [2]**  10/16
10/18 11/14 11/17
**show [2]**  20/17 20/17
**sidebar [4]**  6/7 6/24 12/3
17/4
**sides [1]**  20/2
**significant [1]**  10/7
**simply [7]**  3/17 4/18 8/2
9/18 10/2 12/21 19/21
**sit [1]**  22/16
**smarter [1]**  11/1
**so-called [1]**  15/20
**something [1]**  5/18
**soon [1]**  20/12
**sorry [1]**  13/13

**sort [2]**  17/13 19/13
**sounding [3]**  8/1 10/13
11/15
**South [1]**  2/3
**SOUTHERN [1]**  1/1
**speak [2]**  7/3 15/8
**specifically [1]**  13/18
**specificity [1]**  4/21
**speculation [1]**  7/16
**spend [1]**  10/21
**spoken [1]**  15/8
**staff [1]**  16/3
**standpoint [1]**  7/9
**start [2]**  3/6 3/7
**statement [1]**  14/4
**STATES [2]**  1/1 1/12
**Stephen [4]**  1/17 25/9
25/16 25/17
**Stevenson [2]**  18/16
18/16
**still [1]**  17/17
**stipulate [1]**  21/16
**stipulated [1]**  14/19
**stipulation [11]**  4/4 4/16
4/25 5/1 8/23 12/17 13/2
17/23 18/22 19/2 20/13
**stipulation's [1]**  11/20
**stipulations [2]**  4/19
13/23
**stop [1]**  18/1
**Street [1]**  1/18
**strike [1]**  8/16
**strongly [1]**  13/10
**stumbling [1]**  15/20
**subject [3]**  7/20 7/23
10/15
**submitted [1]**  8/23
**subpoena [2]**  8/5 9/10
**subpoenaed [1]**  7/12
**subpoenaing [1]**  8/6
**such [1]**  10/10
**Suite [2]**  2/3 2/6
**summarily [2]**  23/15
23/16
**summary [1]**  22/14
**supplement [1]**  14/24
**sure [3]**  4/18 6/1 21/10
**system [2]**  10/15 11/16
**system's [1]**  7/18

**T**

**take [4]**  10/16 11/24
24/4 24/13
**taken [2]**  10/5 10/19
**talk [3]**  4/25 22/17 23/1
**talking [2]**  8/3 10/21
**targeted [1]**  7/18
**telephonic [3]**  1/10 8/14
25/3
**tell [3]**  11/3 16/16 18/19
**telling [2]**  15/14 16/24
**terms [2]**  13/12 15/7
**testified [2]**  5/12 10/20
**testifying [1]**  9/11
**testimony [15]**  4/8 4/9
5/13 10/3 10/9 10/18

**10/23** 11/8 11/18 11/24
12/6 12/15 13/1 14/21
21/7
**thank [2]**  3/24 17/6
**that's [15]**  5/7 12/16
13/9 14/17 14/17 15/1
15/3 15/3 15/4 15/16
19/17 20/3 21/18 21/20
23/18
**theft [2]**  7/19 7/25
**there's [8]**  5/16 11/7
17/23 18/12 18/14 22/4
23/1 23/8
**Thereafter [1]**  8/20
**they're [1]**  8/2
**they've [1]**  14/5
**thing [4]**  5/7 5/10 20/21
22/23
**things [4]**  5/2 12/25
15/10 15/11
**think [10]**  9/22 11/14
18/19 21/15 21/18 22/4
23/6 23/24 24/1 24/3
**third [5]**  2/8 5/10 6/18
7/22 7/23
**those [10]**  5/17 8/10
9/19 10/2 10/6 10/20
19/19 20/13 21/15 24/3
**though [1]**  13/12
**through [3]**  4/15 11/1
18/16
**timing [1]**  18/5
**today [1]**  15/23
**told [1]**  20/3
**tomorrow [2]**  9/22
18/11
**tomorrow's [1]**  18/15
**tops [1]**  7/2
**transcribed [1]**  24/15
**transcript [2]**  1/10
25/11
**treated [1]**  14/22
**trial [14]**  4/9 5/13 6/20
7/8 7/11 8/13 9/21 11/10
11/24 12/24 13/2 15/7
16/8 16/19
**try [2]**  8/16 9/7
**trying [1]**  21/21
**turn [6]**  3/12 3/16 5/20
17/6 17/8 17/12
**two [3]**  5/13 14/12 14/13

**U**

**Uh [3]**  6/4 6/25 15/21
**Uh-huh [3]**  6/4 6/25
15/21
**under [9]**  4/3 5/1 5/3 5/9
12/16 12/21 17/3 20/14
24/15
**understand [9]**  13/17
13/22 15/12 15/13 15/14
16/23 18/8 20/9 23/6
**understood [3]**  8/15
**UNITED [2]**  1/1 1/12
**unreasonable [2]**  7/24
11/5

**us [4]**  4/10 13/19 13/24
16/5
**using [1]**  10/23
**usually [2]**  4/18 22/12

**V**

**Vel [1]**  3/8
**versus [1]**  3/4
**very [12]**  7/12 9/3 9/3
14/2 17/21 20/7 21/5
21/20 23/11 23/13 23/13
24/9
**view [4]**  11/8 14/4 16/10
18/10
**volunteer [1]**  15/9

**W**

**wait [1]**  16/18
**waive [3]**  6/21 14/5
20/10
**waiving [2]**  18/4 24/3
**want [16]**  10/21 13/6
13/16 14/18 14/18 14/23
15/14 18/20 19/8 19/10
19/17 19/19 19/21 21/5
22/24 23/11
**wanted [2]**  4/10 4/17
**wanting [1]**  17/17
**wants [1]**  23/18
**wasn't [4]**  4/16 4/17
4/20 4/22
**we'll [1]**  3/17
**we're [4]**  3/3 4/2 24/11
24/13
**we've [1]**  20/6
**week [1]**  21/4
**weekend [1]**  8/21
**well [14]**  4/7 6/9 6/17
7/17 7/24 12/4 12/11
12/22 13/11 14/6 16/22
18/25 21/10 22/24
**well-being [1]**  7/24
**West [2]**  1/7 1/18
**what's [3]**  5/1 19/15
23/9
**whatever [2]**  13/6 14/21
**where [7]**  9/19 10/2
11/15 11/17 15/3 15/12
15/16
**whether [2]**  5/5 21/24
**who's [1]**  17/21
**why [3]**  12/9 20/3 22/25
**willing [4]**  15/25 16/11
21/3 22/13
**wish [1]**  17/5
**withdrawing [2]**  17/16
17/19
**withdrawn [3]**  9/16 9/19
10/3
**without [2]**  12/20 13/17
**witness [2]**  2/8 6/18
**won't [2]**  11/16 16/15
**words [2]**  10/24 14/24
**work [1]**  13/19
**working [3]**  16/1 16/2
16/2
**works [2]**  7/5 15/8

**world [2]**  7/16 7/23
**wouldn't [2]**  7/4 16/18
**WRIGHT [5]**  1/6 3/5
3/12 3/14 13/1
**writing [1]**  14/1

**Y**

**y'all [3]**  12/21 19/17
23/11
**yeah [5]**  15/18 17/24
20/24 21/2 22/7
**years [1]**  14/12
**Yes [3]**  20/22 22/11
23/21
**yesterday [2]**  4/3 4/11
**you'd [1]**  6/6
**you'll [1]**  8/3
**you're [5]**  12/13 15/4
15/12 22/9 24/2
**you've [2]**  23/12 24/2
**yourselves [2]**  13/7
22/18