David Kuharcik
December 09, 2019

1              UNITED STATES DISTRICT COURT

2              SOUTHERN DISTRICT OF FLORIDA

3              CASE NO. 9:18-cv-80176-BB/BR

4
  IRA KLEIMAN, as the personal representative
5  of the Estate of David Kleiman, and
  W&K Info Defense Research, LLC,
6
              Plaintiffs,
7
  -vs-
8
  CRAIG WRIGHT,
9
              Defendant.
10

11  * * * * * * * * * * * * * * * * * *

12  VIDEOTAPED DEPOSITION OF DAVID KUHARCIK

13  DATE TAKEN: December 9, 2019

14  TIME: 1:05 p.m. - 2:25 p.m.

15  PLACE: 401 East Las Olas Boulevard

16  Ft. Lauderdale, Florida 33301

17
  TAKEN BEFORE: RICK E. LEVY, RPR, FPR
18              AND NOTARY PUBLIC

19

20  * * * * * * * * * * * * * * * * * *

21

22

23

24

25

David Kuharcik
December 09, 2019                    2

```
 1    APPEARANCES:

 2    On behalf of the Plaintiff:

 3         ANDREW BRENNER, ESQUIRE
           BOIES SCHILLER & FLEXNER, P.A.
 4         100 S.E 2nd Avenue
           Suite 2800
 5         Miami, Florida 33131
           abrenner@bsfllp.com

 6

 7         VEL FREEDMAN, ESQUIRE (via phone)
           ROCHE FREEDMAN, P.A.
 8         200 S. Biscayne Boulevard
           Suite 5500
 9         Miami, Florida 33131

10

11    On behalf of the Defendant:

12         ZALMAN KASS, ESQUIRE
           RIVERO MESTRE, P.A.
13         2525 Ponce de Leon Boulevard
           Suite 1000
14         Coral Gables, Florida 33134

15    Also Present: Carlos Coello, The Videographer

16

17

18

19

20

21

22

23

24

25
```

David Kuharcik
December 09, 2019                                           3

```
1                        -  -  -
                        I N D E X
2                        -  -  -

3   WITNESS:        DIRECT    CROSS    REDIRECT    RECROSS
    DAVID KUHARCIK
4   BY MR. KASS:      5                     53
    BY MR. BRENNER:          48
5

6                        -  -  -
                    E X H I B I T S
7                        -  -  -

8
    NUMBER                              PAGE
9   DEFENDANT'S EX. 1                    8
    DEFENDANT'S EX. 2                    37
10  DEFENDANT'S EX. 3                    38

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

David Kuharcik
December 09, 2019                                    4

```
 1                       - - -
 2         THE VIDEOGRAPHER:  Good afternoon.  We are now
 3   on the video record.  Today is Monday the 9th day
 4   of December 2019.  The time is 1:05 p.m.  We are
 5   here at 401 East Las Olas Boulevard,
 6   Ft. Lauderdale, Florida for the purpose of taking
 7   the video deposition of David Kuharcik taken by the
 8   defendant in case number 9:18-cv-80176-BB/BR case
 9   Ira Kleiman as Representative of the Estate of
10   David Kleiman versus Craig Wright which is filed in
11   the United States District Court Southern District
12   of Florida.
13         The court reporter is Rick Levy of US Legal
14   Support.  The videographer is Carlos Coello of US
15   Legal Support.  Will all counsel please state their
16   appearance for the record?
17         MR. KASS:  Zalman Kass for Dr. Craig Wright.
18         MR. BRENNER:  Andrew Brenner on behalf of
19   plaintiffs.
20         THE WITNESS:  I do.
21
22
23
24
25
```

David Kuharcik
December 09, 2019                                          5

```
 1    Thereupon,

 2                        (DAVID KUHARCIK)

 3                        having been first duly sworn or

 4    affirmed, was examined and testified as follows:

 5                        DIRECT EXAMINATION

 6    BY MR. KASS:

 7         Q.   Mr. Kuharcik, would you be able to state your

 8    full name for the record?

 9         A.   Yes, it's David Kuharcik.

10         Q.   Have you ever been deposed before?

11         A.   Yes.

12         Q.   When?

13         A.   In the last ten or 20 years.

14         Q.   How many times have you been deposed?

15         A.   Two or three.

16         Q.   Were you a witness?

17              MR. FREEDMAN:  Sorry, on the phone it's

18         extraordinarily difficult to hear.  Can we possibly

19         move the phone closer to the witness?

20              MR. KASS:  It's as far as it goes.

21              MR. BRENNER:  It's as far it as goes in our

22         conference room.  I'll try to turn the volume up.

23         Go ahead.

24    BY MR. KASS:

25         Q.   In what type of cases were those depositions?
```

David Kuharcik
December 09, 2019                                    6

1        A.    Civil.

2        Q.    And what was your connection to the case in

3   each three?

4        A.    I was the accountant.

5        Q.    Were you an expert witness?

6        A.    No.

7        Q.    So what was your role?

8        A.    Appearing with respect to work done for one of

9   the parties.

10       Q.    These three cases, were they connected?

11       A.    No, and I'm speculating on three.  I've been

12  deposed a couple times over the years.  This is not a

13  regular occurrence in my practice.

14       Q.    Thank you for clarifying that.

15       A.    Yes.

16       Q.    Were you a party to those lawsuits?

17       A.    No.

18       Q.    Since those depositions took place a little

19  while back I'm going to go over some groundrules as to

20  the deposition just to make sure we're all on the same

21  page.

22            So I'm going to need you to give clear, oral

23  responses so the court reporter can take down what you

24  are stating and also try to wait for me to ask the

25  question then if you can just pause a second so opposing

David Kuharcik
December 09, 2019                                    7

1    counsel may object and then respond.  Unless opposing

2    counsel or I tell you do not respond to an objection you

3    can just continue with your answer.

4            If at any time I ask you a question and you

5    don't understand please let me know because otherwise

6    I'm going to assume that you understood the question.

7        A.   (Indicating).

8        Q.   As for verbal responses can you please say yes

9    instead of nodding your head just so the court reporter

10   can take it down.

11       A.   Yes.

12       Q.   If at any point you remember something or if

13   you want to clarify something you previously said please

14   let me know.

15       A.   Okay.

16       Q.   If you need to take a break at any time please

17   let me know also.

18       A.   Okay.

19       Q.   Is there any reason -- strike that.  Is there

20   anything that would be preventing you from giving your

21   best testimony today?

22       A.   No.

23       Q.   Are you currently on any prescribed

24   medications that could affect your memory?

25       A.   No.

David Kuharcik
December 09, 2019                                    8

1        Q.   Is there any medical condition or any other

2   reason why it would be difficult for you to understand

3   my questions today?

4        A.   No.

5        Q.   Do you recall receiving a subpoena for the

6   production of documents in this case?

7        A.   Yes.

8             MR. KASS:  I would like to mark as Exhibit 1

9        the subpoena.

10            (Defendant's Exhibit No. 1 was

11            marked for identification.)

12  BY MR. KASS:

13       Q.   Do you recognize this document?

14       A.   Yes, I do.

15       Q.   What is it?

16       A.   This is the subpoena and request for

17  production of some documents.

18       Q.   Now, can you please turn to page number five

19  where it says documents requested?

20       A.   Yes.

21       Q.   Have you produced any documents in response to

22  this subpoena?

23       A.   Yes.

24       Q.   What documents have you produced?

25       A.   Income tax returns, two copies of income tax

David Kuharcik
December 09, 2019                                    9

1    returns and a chain of e-mails with your opposing

2    counsel.

3         Q.   When did you produce those documents?

4         A.   Yesterday.

5         Q.   Who did you produce them to?

6         A.   Myself in order to bring with me.

7         Q.   So you --

8              MR. BRENNER:  I was wondering myself.

9    BY MR. KASS:

10        Q.   So you brought them with you?

11        A.   Yes, I did.

12        Q.   You have them right now?

13        A.   Yes, I do.

14        Q.   Thank you.  Could I see the e-mails?

15        A.   They're in approximate order.

16        Q.   Are these all the documents you have that are

17   responsive to the subpoena?

18        A.   Yes.

19        Q.   How did you determine that?

20        A.   I went through my computer system and was able

21   to find some PDF copies of these two tax returns.

22             MR. BRENNER:  Hold on one second.  May I just

23        take a quick glance?

24             MR. KASS:  Sure.

25             MR. BRENNER:  Just give me one second.  Thank

David Kuharcik
December 09, 2019                                      10

```
 1        you.
 2    BY MR. KASS:
 3        Q.    I'm sorry, I believe you stated you went
 4    through your computer system; is that accurate?
 5        A.    Yes.
 6        Q.    Did you run any searches?
 7        A.    Yes.
 8        Q.    Did those searches include your e-mails?
 9        A.    Yes.
10        Q.    Now, if you look at document request number
11    three on page five of Exhibit 1 it says "all
12    communications that you sent or received from David
13    Kleiman."  So would it be accurate to state that you do
14    not have any communications with David Kleiman?
15        A.    I do not have any record of communications
16    with David Kleiman.
17        Q.    Did you previously have communications with
18    David Kleiman?
19        A.    Yes.
20        Q.    What happened to those communications?
21        A.    Well, those would have been purged from my
22    systems.
23        Q.    How often do you purge your system?
24        A.    For a non-client or somebody who has left
25    after three years I delete and dispose and shred.
```

1      Q.   And for a client?

2      A.   Pardon me?

3      Q.   And for a client?

4      A.   For a client?

5      Q.   I believe you said for a non-client so my

6  question --

7      A.   For somebody who is no longer a client.

8      Q.   So you no longer consider David Kleiman a

9  client of yours, is that accurate?

10     A.   That is correct.

11     Q.   When did he stop being a client of yours?

12     A.   When he passed away.

13     Q.   Now just focusing on request number one so it

14 would be accurate to state that you have never received

15 any communications from Dr. Craig Wright?

16     A.   Correct.

17     Q.   And as for number two with regards to Ira

18 Kleiman is he a client of yours?

19     A.   No.

20     Q.   Has he ever been a client of yours?

21     A.   No.

22     Q.   Other than the e-mails that you provided me do

23 you have any other communications with Ira Kleiman?

24     A.   No.

25     Q.   Or his counsel?

1        A.    No.

2             MR. BRENNER:  I think there was the one letter

3        that you were copied on but I believe it was

4        invoking the attorney-client privilege.

5             MR. KASS:  I don't recall that.

6             MR. BRENNER:  Maybe you weren't copied.  I

7        think you did receive a letter from me.

8             THE WITNESS:  Okay.  Yes.  There was a chain

9        of e-mails from --

10            MR. BRENNER:  I honestly don't remember

11       e-mails.  There may have been e-mails scheduling

12       but if you don't have that letter it's certainly

13       subject to production and I will get it for you.

14            MR. KASS:  Thank you.

15            MR. BRENNER:  I wanted to make sure the record

16       is clear.  I know that exists.  There may be some

17       scheduling e-mails that I don't recall if there are

18       there are but I know there's a letter.

19            MR. KASS:  There was an e-mail at least I was

20       copied on.

21            MR. BRENNER:  There was.

22   BY MR. KASS:

23        Q.    Scheduling one, one of them.  There may have

24   been other ones.  Other than what we just mentioned that

25   letter or possibly the one or two scheduling e-mails are

David Kuharcik
December 09, 2019                                        13

```
 1    you aware of any other communications with Ira Kleiman
 2    or his counsel?
 3         A.   No.
 4         Q.   Has Louis Kleiman ever been a client of yours?
 5         A.   No.
 6         Q.   Do you have any communications from him?
 7         A.   No.
 8         Q.   How about W&K Info Defense Research, LLC.  Has
 9    that ever been a client of yours?
10         A.   No.
11         Q.   Any communications with them?
12         A.   No.
13         Q.   Now I want you to look at request number ten,
14    it's on the second page.  Page number six.  In this
15    request we're asking for any documentation related to
16    the allegations that Dr. Craig Wright stole or
17    misappropriated crypto currency that belonged to Dave
18    Kleiman from W&K Defense Research, LLC.  Do you have any
19    documents relating to that?
20         A.   No.
21         Q.   Request number 11 is very similar but the only
22    difference is with regards to misappropriating or
23    stealing intellectual property.  Do you have any
24    documents related to that?
25         A.   No.
```

David Kuharcik
December 09, 2019                                    14

1        Q.   For number ten and number 11 did you ever have
2    any documents relating to that?
3        A.   No.
4        Q.   What is your current profession?
5        A.   I'm a certified public accountant.
6        Q.   As a certified professional accountant what do
7    you do?
8        A.   General business consulting, done income tax
9    preparation, tax planning, trusts, estates.
10       Q.   Since when have you been a practicing CPA?
11       A.   Since 1983.
12       Q.   Since 1983 have you continuously been a CPA?
13       A.   Yes.
14       Q.   What's your educational background?
15       A.   I have a Bachelor's Degree in accounting.
16       Q.   Do you have any other education, masters?
17       A.   No.
18       Q.   Do you take continuing education courses?
19       A.   Yes, I do.
20       Q.   How often?
21       A.   Every two years.
22       Q.   Is there a certain requirement that you need
23   to take?
24       A.   Yes, there is.
25       Q.   Are you aware of IRS bulletins?

David Kuharcik
December 09, 2019                                    15

```
 1        A.   Yes.

 2        Q.   What are they?

 3        A.   Pronouncements by the IRS providing guidance

 4   on certain tax related topics.

 5        Q.   Is that something that you would keep up to

 6   date with?

 7        A.   Yes, to some degree.

 8        Q.   So is it something that you would look to if

 9   you had a question -- let's start with that.  Is it

10   something you would look to if you had a question and

11   you were looking for guidance, would that be a source of

12   information?

13        A.   It could be a source of some information.

14        Q.   Could you just read them because you happen to

15   just be reading through bulletins?

16        A.   You could.

17        Q.   Does the -- is there some sort of process

18   where if you have a question as to how the IRS would

19   treat a tax issue that you can reach out to the IRS?

20        A.   Yes.

21        Q.   What would that process be?

22        A.   I believe you could apply for a ruling from

23   the IRS on a specific matter but it would be dependent

24   upon your matter that you're inquiring on.

25             MR. BRENNER:  I'll just lodge an objection for
```

```
 1   the record to the extent the witness is here
 2   testifying not as an expert witness to give opinion
 3   on what accountants do and don't do.  He is here as
 4   a fact witness.  You're obviously allowed to go
 5   into his background but I would hope your
 6   deposition would eventually get around to the facts
 7   of the case.
 8        MR. KASS:  Objection noted.  It's my
 9   deposition.
10        MR. BRENNER:  Sure is.
11        MR. KASS:  I'm entitled to ask any questions I
12   deem appropriate.  If the judge -- if you would
13   like to make a motion saying he is not an expert
14   that's fine.  Right now I am going to continue with
15   the deposition.
16        MR. BRENNER:  I didn't say he is not an
17   expert.  I said he was not being tendered as an
18   expert witness in any part of the litigation.
19        MR. KASS:  As of yet?
20        MR. BRENNER:  As of yet.  That's true, as of
21   yet.
22        MR. KASS:  Never know.
23        MR. KASS:  Going back to that.  You stated
24   that -- sorry, could you read -- Mr. Court
25   reporter, could you read back his answer.
```

David Kuharcik
December 09, 2019                                      17

```
 1              (Thereupon, a portion of the record
 2              was read back by the reporter.)
 3   BY MR. KASS:
 4       Q.   What would be a type of matter where you would
 5   require -- you would inquire from the IRS?
 6       A.   That's beyond the scope of my practice.
 7       Q.   So have you ever made an inquiry to the IRS?
 8       A.   No.
 9       Q.   So other than reaching out to the IRS is there
10   anything else you could do to -- if you have a tax
11   question that you're not sure how to treat it are there
12   any other sources of information?
13       A.   Yes, there is libraries and periodicals and,
14   you know, of course your tax code and regulations and
15   IRS resource materials.
16            MR. FREEDMAN:  Sorry, it's impossible for me
17       to hear on the phone.  Maybe if Mr. Kuharcik can
18       speak a little louder or reposition things but very
19       difficult to hear the response.  I can hear
20       Mr. Kass but I can't hear the witness.
21            MR. BRENNER:  I put the speaker now right in
22       front of the witness.  Hopefully that will help.
23            MR. FREEDMAN:  Thanks.
24   BY MR. KASS:
25       Q.   Have you ever had to go through those
```

1   periodicals that you mentioned?

2       A.   Yes.

3       Q.   About like what type of topics, do you recall?

4       A.   Numerous topics.

5       Q.   Could you give me one example?

6       A.   Sure.  The applicable federal rate for a

7   specific month.

8       Q.   Did you ever have to do it for Bitcoin?

9   Bitcoin?

10      A.   Yes.

11      Q.   How recent?

12      A.   Huh?

13      Q.   How recent?

14      A.   In the last few years.

15      Q.   Could you narrow that down a little bit?

16      A.   Two or three years.

17      Q.   Thank you.  Are there any regulatory agencies

18  that oversee your work?

19           MR. BRENNER:  Object to form.

20           THE WITNESS:  Yes.

21  BY MR. KASS:

22      Q.   What are they, if you're aware?

23      A.   Department of Business and Professional

24  Regulation, the Board of Accountancy.

25      Q.   Is that a Florida organization?

```
 1        A.    That is a Florida organization.
 2        Q.    Thank you.  Are you aware of any duties that
 3   you owe your client when preparing tax returns?
 4              MR. BRENNER:  Object to the form.
 5              MR. KASS:  You can answer.
 6              THE WITNESS:  Yes.
 7   BY MR. KASS:
 8        Q.    What would those duties be?
 9        A.    Well, duty of ensuring the complete and
10   accurate return, complying with the internal revenue
11   laws.
12        Q.    Thank you.  Are you aware if you would have
13   the same responsibilities to the IRS?
14        A.    As a practitioner I have a responsibility to
15   the IRS to ensure compliance with the Internal Revenue
16   Code and any practitioner requirements as well.
17        Q.    What would you go about typically to ensure
18   that you complied with those responsibilities when
19   preparing a tax return?
20        A.    Well, I prepare a set of work papers
21   documenting the elements of the tax return.
22        Q.    So what are these work papers composed of?
23        A.    Copies of documents.  Perhaps printouts from
24   materials that have been researched.  Notes on
25   conclusions or elements of the tax return.
```

1        Q.   What would be your source of that

2   documentation that then gets put into your work papers,

3   if I'm understanding correctly?

4        A.   Could be original client source data.  Could

5   be information that's derived from third party sources.

6   Could be materials from my professional library.  Could

7   be from IRS Web site.

8        Q.   Now, I want to try and summarize a little bit

9   what you said and let me know if it's accurate.  You

10   obtain the source material from the client or any other

11   source or possible other sources.  Then you put it into

12   your work papers and you kind of play with the data

13   little bit and -- what happens?  Can you just -- let's

14   start like this.

15             I'm a new client, I come to you Mr. Kuharcik I

16   say I want you to prepare my tax return.  What do you

17   tell me?

18        A.   I ask to see a copy of your prior year's

19   return in order to, you know, see what -- how your tax

20   situation is.  I'll discuss with you your current

21   activities, anything related to your business interests

22   or earnings or investments or families.  We would go

23   from there.

24        Q.   At some point would you ask me for

25   documentation?

David Kuharcik
December 09, 2019                                    21

```
 1            MR. BRENNER:  Object to form.
 2            THE WITNESS:  Yes.
 3   BY MR. KASS:
 4       Q.   When would you ask for the documentation?
 5       A.   Well, prior to beginning to prepare your
 6   income tax records.
 7       Q.   What type of documentation would you ask me
 8   for?
 9            MR. BRENNER:  Object to the form.
10            THE WITNESS:  Information returns.  I receive
11       from third party sources, banking records as
12       applicable.  Anything else that might be of tax
13       import depending upon your specific circumstance.
14   BY MR. KASS:
15       Q.   Would it be fair to say that you would ask me
16   or confirm with me to disclose to you all income that I
17   generated during the year?
18       A.   Yes.
19       Q.   You mentioned you ask for my prior year's tax
20   return.  Why would you do that?
21       A.   In order to ascertain what you've had in the
22   past which is sometimes a good source for determining
23   what you might have currently to try to ensure
24   completeness.
25       Q.   What if I gave you my past year's tax return
```

```
 1   and this year the information I'm giving you for this
 2   year is very different, what would you do?
 3            MR. BRENNER:  Object to the form.
 4            THE WITNESS:  Depending upon what information
 5        I would inquire as to the rationale for the
 6        difference.
 7   BY MR. KASS:
 8        Q.   If my response to you wasn't satisfactory what
 9   would you do?
10            MR. BRENNER:  Object to the form.
11            THE WITNESS:  I wouldn't accept the
12        engagement.
13   BY MR. KASS:
14        Q.   Did you know Dave Kleiman?  Did you know Dave
15   Kleiman?
16        A.   Yes.
17        Q.   When did you first meet him?
18        A.   Probably the late '80s.
19        Q.   How did you meet him?
20        A.   I guess through mutual friends.
21        Q.   Do you recall how old Dave would have been at
22   that time?
23        A.   Twenties.
24        Q.   After you first met him in the late '80s how
25   frequently would you see Dave?
```

```
 1        A.    It would vary.  Maybe every couple of months
 2   or so.
 3        Q.    And what would be the reason for seeing him
 4   every couple of months?
 5        A.    Social.
 6        Q.    And in addition to seeing him socially would
 7   you also talk with him over the phone?
 8        A.    Yes.
 9        Q.    How about sending e-mails?
10        A.    We're talking the late '80s.
11        Q.    Starting late '80s but let's do like this.
12   Let's break it down in time.  So you had mentioned you
13   would see him every couple months starting late '80s.
14   Was there a point in time you stopped seeing him every
15   couple months?
16        A.    Yes, probably early '90s.
17        Q.    What happened in the early '90s?
18        A.    I was engaged in my practice and very busy.
19   Life happened so we were no longer as socially close.
20        Q.    So in the late '90s I believe you said is
21   when --
22        A.    Early '90s.
23        Q.    Thank you.  In the early '90s you started
24   seeing Dave a little bit less frequently.  How often
25   would you approximate you would see him?
```

David Kuharcik
December 09, 2019                            24

```
 1              MR. BRENNER:  Object to the form.

 2              THE WITNESS:  Once a year.  Maybe even less.

 3   BY MR. KASS:

 4       Q.   Did there come a point in time from the early

 5   1990s until Dave's passing did there come a point in

 6   time when that frequency changed?

 7       A.   No.

 8       Q.   Now, through that period of time other than

 9   seeing him occasionally did you have contact with him

10   through any other forms?

11              MR. BRENNER:  Object to the form.

12              THE WITNESS:  Yes.

13   BY MR. KASS:

14       Q.   How would you be in contact with him?

15       A.   Maybe telephonic.

16       Q.   How often would you have telephonic

17   conversations with him?

18       A.   Couple times a year.

19       Q.   And that was consistent through that time

20   period early '90s until his passing?

21       A.   Yes.

22       Q.   Did it also include written communications?

23       A.   No.

24       Q.   How would you describe your relationship with

25   Dave?
```

```
 1              MR. BRENNER:  Object to the form.
 2              THE WITNESS:  We were buddies and I prepared
 3      his income tax returns over the years.
 4  BY MR. KASS:
 5      Q.   When did you -- what year did you start
 6  preparing his income tax returns?
 7      A.   I'm not sure.
 8      Q.   If you had to approximate.
 9      A.   Sometime in the '90s.  I don't know early or
10  late.
11      Q.   From when you started preparing his tax
12  returns would you consistently prepare them every year?
13      A.   Yes.
14      Q.   You mentioned before that you had previously
15  produced two tax returns.  Do you remember which years
16  they were?
17      A.   Yes, they were 2010 and 2011.
18      Q.   Did you prepare a 2013 tax return?
19      A.   No.
20      Q.   Did you start preparing a 2013 tax return?
21      A.   No.
22      Q.   Do you know if the 2013 tax return was ever
23  filed with the IRS?
24      A.   No.
25      Q.   You stated that you were buddies with Dave.
```

```
 1    Were there any things in particular that you had in

 2    common with Dave?

 3              MR. BRENNER:  Object to the form.

 4              THE WITNESS:  Early on maybe a mutual interest

 5         in computers and such.  We liked to drink beer

 6         sometimes.

 7    BY MR. KASS:

 8         Q.   Are you aware that at some point in time Dave

 9    was hospitalized?

10         A.   Yes.

11         Q.   What do you know about that hospitalization?

12         A.   I know that he had some undisclosed to me at

13    that point complications from his being an invalid.

14         Q.   Did this occur 2012, 2013; do you recall?

15         A.   It was sometime near the end.

16         Q.   Did you ever visit David in the hospital?

17         A.   No.

18         Q.   In general throughout the years when you

19    were -- stated that you were buddies with David would

20    you have conversations with him?

21         A.   Yes.

22         Q.   Were there any areas of conversation in

23    particular that you would have with Dave?

24              MR. BRENNER:  Just we're going to take this

25         slowly.  There could be certain communications you
```

1           had with Dave that will be privileged that the

2           we'll assert privilege.  I won't know that by how

3           he's asking.  The general thing we're going to

4           invoke privilege or at least decide whether to is

5           conversations regarding confidential accounting

6           type information.

7                So social conversations all that is fine.  So

8           if you go to a place that I may have to cut you off

9           or you think it's going to call for that I would

10          ask you to give me the heads up and then we can

11          confirm whether it does or whether to invoke the

12          privilege.

13               I don't know -- his question is fine because

14          it could call for both privileged and

15          non-privileged information.  I just don't know that

16          until you start answering.

17      BY MR. KASS:

18          Q.   I'll make this easier.  So putting aside any

19      communications related to accounting type stuff what

20      type of communications would you have with Dave?

21          A.   Talking about ex-wives, talking about some of

22      our history from back in the late '80s when we first got

23      together.  You know, just basic interactions on maybe

24      some computer related generalities.

25          Q.   You mentioned that you were -- I believe you

David Kuharcik
December 09, 2019                                          28

1   mentioned you were interested in computers?

2       A.   Yes.

3       Q.   So was that a point in common you had with

4   David?

5       A.   Yes.  Early on.

6       Q.   Would Dave ever talk to you about his work?

7       A.   As it pertained to his business and his

8   accounting or tax.

9       Q.   Other than where he's trying to get tax advice

10  from you related to his work would he just tell you the

11  type of work that he was doing?

12          MR. BRENNER:  And I appreciate the limitation

13      that counsel is making.  I would just add tax

14      advice or other accounting advice but other than

15      that you can answer the question.

16          THE WITNESS:  Repeat the question.

17  BY MR. KASS:

18      Q.   So other than tax advice or accounting related

19  activities would Dave just mention, you know, what type

20  of cases he's working on, what's going on at work,

21  things like that?

22      A.   No.

23      Q.   Would he talk to you about some sort of papers

24  that he was working on?

25      A.   No.

David Kuharcik
December 09, 2019                                    29

1       Q.   How about books that he was authoring?

2       A.   No.

3       Q.   How about technology related topics?

4       A.   Yes.

5       Q.   Do you recall any technology topics in

6    particular that he conversed about?

7       A.   Yes, virtual machines.

8       Q.   Do you recall any additional ones?

9       A.   No.

10      Q.   Did he ever speak to you about Bitcoin?

11      A.   No.

12      Q.   Did Dave ever talk to you about his friends?

13      A.   No.

14      Q.   Are you aware of any of Dave's friends as to

15   who they are?

16      A.   No.

17      Q.   Did Dave ever mention Craig Wright to you?

18      A.   No.

19      Q.   You mentioned that Dave and you would speak

20   about ex-wives; correct?

21      A.   Yes.

22      Q.   Could you give me a little bit more detail as

23   to what Dave would speak about?

24      A.   I don't really recall.  It was probably just

25   for comedic purposes.

David Kuharcik
December 09, 2019                                          30

```
 1        Q.   Do you recall -- do you recall how many times
 2   Dave was married?
 3        A.   No.
 4        Q.   Do you know if it was more than one?
 5        A.   Yes, it was more than one.
 6        Q.   Do you know what happened to his first
 7   marriage?
 8        A.   No.
 9        Q.   Did you ever know?
10        A.   What do you mean what happened?
11        Q.   My question is it something you just don't
12   recall or it's something that never came up?
13        A.   Yes, I don't know what their problems were
14   that they got divorced.
15        Q.   How would you describe Dave's personality?
16        A.   Fun guy.
17        Q.   Any other attributes that you would attach to
18   Dave?
19        A.   Very smart, quick.  The ladies loved him.
20        Q.   As far as his -- would you consider David
21   outgoing?
22        A.   Yes.
23        Q.   Would you consider him timid?
24        A.   No.
25        Q.   Was Dave one to speak his mind?
```

```
 1                    MR. BRENNER:  Object to the form.

 2                    THE WITNESS:  I don't know.

 3    BY MR. KASS:

 4         Q.   In all the years that you've known Dave

 5    have -- are you aware of an instance where somebody

 6    slighted him?

 7                    MR. BRENNER:  Object to the form.

 8                    THE WITNESS:  There was something that went on

 9         with it was either a girlfriend or an ex-wife and

10         there was some sort of claim or something she was

11         making against him that -- I don't recall the

12         specifics.  I just remember there was some sort of

13         problem.

14    BY MR. KASS:

15         Q.   Do you recall what Dave did in response to

16    that problem?

17         A.   I think there was some sort of either

18    settlement or claim or judgment or something against

19    him.  I don't remember.

20         Q.   Was Dave the type of person who would stand up

21    for what he thought was right?

22                    MR. BRENNER:  Object to the form.

23                    THE WITNESS:  I don't know.  Actually check

24         that.  He was -- he stuck with his buddies.  When I

25         was going through a tough time going through a
```

```
 1        divorce he was right there and basically, you know,

 2        he was very responsive and helpful.  I think he

 3        would stand up for what was right.

 4   BY MR. KASS:

 5        Q.   Thank you.  When you would meet up with Dave

 6   did you have the opportunity to observe what type of

 7   clothing he would wear typically?

 8        A.   No.  Not consciously.

 9        Q.   Was Dave the type of person, if you recall,

10   that would wear luxury clothing?

11        A.   Nothing stood out.

12        Q.   Did you ever visit Dave in his house?

13        A.   Yes.

14        Q.   How would you describe that house?

15             MR. BRENNER:  Object to the form.

16             THE WITNESS:  It was a basic townhouse.

17        Nothing remarkable.

18   BY MR. KASS:

19        Q.   Did you ever have the chance to observe Dave's

20   cars?

21        A.   Yes.

22        Q.   What type of car would he drive?

23        A.   He had a customized van for the handicapped.

24        Q.   My next question I'm going to give a little

25   disclaimer beforehand because I want to try to avoid an
```

```
1   objection.  Other than what you're aware through Dave's
2   I'll call professional relationship with you and being
3   his accountant, how would you describe Dave's spending
4   habits and I'll give you an example like if you went out
5   to a bar or something like that or to a restaurant?
6        A.   No, I don't recall.
7        Q.   Did you ever go out with Dave to a bar?
8        A.   Yes.
9        Q.   Did you ever go out with him to a restaurant?
10       A.   Yes.
11       Q.   What type of restaurant would you typically go
12   out to?
13       A.   Only once or twice and just a regular sit down
14   restaurant.
15       Q.   Would you consider it an expensive place?
16            MR. BRENNER:  Object to the form.
17            THE WITNESS:  No be.
18   BY MR. KASS:
19       Q.   When you stated you would go out with him to a
20   bar what type of bar was it?
21       A.   We went to strip club once.
22       Q.   Did you -- other than that strip club did you
23   go anywhere else with him?
24       A.   No.
25       Q.   Going back to the professional relationship
```

David Kuharcik
December 09, 2019                                        34

1   you had with Dave you stated that you prepared his tax

2   returns for number of years.

3        A.   Yes.

4        Q.   Did you do any other type of work for him?

5        A.   No.

6        Q.   Those tax returns, would it just be after the

7   end of the year?

8        A.   Yes.

9        Q.   So my next question is other than that

10   information you received from Dave at the end of the

11   year how would you consider Dave's spending habits?

12        A.   I have no way of knowing.

13        Q.   That didn't -- would it be fair to say that

14   didn't come up in conversations with him?

15        A.   Correct.

16        Q.   And that's not something you observed?

17        A.   Correct.  Let me backtrack.  We might speak

18   during the year about estimated tax payments as well.

19        Q.   Do you know if Dave had any investments?

20        A.   No.

21        Q.   Let me re-ask that question.  When you state

22   no is that you don't know or he didn't have any?

23        A.   Based on the last two years of returns that I

24   prepared didn't look like any type of investment income

25   so I would say no.  I don't recall earlier years he

```
 1  had --

 2      Q.   Do you know how Dave obtained his income?

 3           MR. BRENNER:  First just answer that question

 4      yes or no if you know.  We can address further if

 5      you do.

 6           THE WITNESS:  Yes.

 7  BY MR. KASS:

 8      Q.   Is the source of that information from when

 9  you prepared his tax returns?

10      A.   Yes.

11      Q.   Do you have any other source of information

12  other than preparing his tax returns where he obtained

13  his income?

14      A.   No.

15      Q.   Are you able to describe Dave's financial

16  situation in the years 2010 through 2013?

17           MR. BRENNER:  Again I guess first I need you

18      to ask if he has that information and how he has it

19      and then we'll assess it.

20  BY MR. KASS:

21      Q.   I'll ask the question again.  Are you able to

22  describe Dave's financial situation in the years 2010

23  through 2013?

24      A.   Only my impression.

25      Q.   What was -- how did you form that impression?
```

David Kuharcik
December 09, 2019                                    36

1          A.    Just through his income tax records.

2          Q.    Do you have any other information other than

3     his income tax records?

4          A.    No.

5          Q.    But that information that you formed your

6     impression, is that information that was actually on the

7     tax returns, the filed tax returns?

8          A.    Yes.

9          Q.    Based on his filed tax returns what is your

10    impression?

11         A.    I think he was struggling.

12         Q.    What do you mean by struggling?

13         A.    I think he was not making much income.  I

14    think there was a problem with his house, his house

15    payments and such.  He was having some financial

16    difficulty.

17         Q.    Do you know if he was having financial

18    difficulty with any other types of bills?

19         A.    No.

20         Q.    Do you know whether his Comcast bill was

21    overdue?

22         A.    No.

23         Q.    How about his cell phone bill?

24         A.    No.

25               MR. KASS:  I'm going to introduce as Exhibit

```
 1        2.

 2                 (Defendant's Exhibit No. 2 was

 3                 marked for identification.)

 4   BY MR. KASS:

 5        Q.    Do you recognize Exhibit 2?

 6        A.    Yes.

 7        Q.    What is that?

 8        A.    Appears to be copy of Dave Kleiman's 2010 tax

 9   return.

10        Q.    The document that you had stated previously

11   that you provided in response to the subpoena?

12                 MR. BRENNER:  One of the documents?

13                 MR. KASS:  Yes.

14                 THE WITNESS:  Yes.

15   BY MR. KASS:

16        Q.    Was this document filed with the IRS?

17        A.    Yes.

18        Q.    Is there any reason for you to doubt the

19   accuracy of this financial statement -- of this tax

20   return?

21        A.    No.

22        Q.    Based on this tax return what was Dave's

23   income for the year of 2010?

24        A.    $14,000.

25                 MR. KASS:  Now I'm going to introduce Exhibit
```

```
 1        3.

 2                (Defendant's Exhibit No. 3 was

 3                marked for identification.)

 4   BY MR. KASS:

 5        Q.   Do you recognize Exhibit 3?

 6        A.   Yes.

 7        Q.   What is that?

 8        A.   That's Dave Kleiman's 2011 personal tax

 9   return.

10        Q.   Did you prepare it?

11        A.   Yes, I did.

12        Q.   Was this filed with the IRS?

13        A.   Yes.

14        Q.   Do you have any reason to doubt its accuracy?

15        A.   No.

16        Q.   How much income is disclosed on this tax

17   return?

18        A.   6,300 bucks.

19        Q.   Do either of these tax returns make mention of

20   Bitcoin?

21        A.   No.

22        Q.   Do you recall the amount of income that was

23   disclosed on Dave's earlier tax returns?

24        A.   No.

25        Q.   Do you have a general idea as to how much
```

 1   income was stated on his previous tax returns?

 2           MR. BRENNER:  Object to form.

 3           THE WITNESS:  Generally, yes.

 4   BY MR. KASS:

 5       Q.   What would that be?

 6           MR. BRENNER:  Object to the form.

 7           THE WITNESS:  There are some years where Dave

 8       made some more decent money than 6,300 bucks.

 9   BY MR. KASS:

10       Q.   What would you consider decent money?

11       A.   Maybe 50, $60,000, perhaps more.

12       Q.   Do you recall if he ever earned more than

13   $100,000?

14       A.   No.

15       Q.   By no do you mean that he never stated that he

16   earned more than $100,000?

17           MR. BRENNER:  Object to the form.

18           THE WITNESS:  I just don't recall.

19   BY MR. KASS:

20       Q.   Do you recall if he ever put more than a

21   million dollars?

22           MR. BRENNER:  Put more than a million dollars

23       you said?

24           MR. KASS:  Disclosed more than a million

25       dollars on his tax return?

```
1              MR. BRENNER:  Object to the form.

2              THE WITNESS:  Yes.

3    BY MR. KASS:

4         Q.   And did he?

5         A.   No.

6         Q.   Do you recall if Dave ever disclosed Bitcoin

7    on any tax return?

8              MR. BRENNER:  Object to the form.

9              THE WITNESS:  I'm thinking of how you asked

10        that.  I would say yes.

11   BY MR. KASS:

12        Q.   What's your recollection?

13        A.   He did not.

14        Q.   I know sometimes it's tricky but you're doing

15   good.  Have you ever spoken with Ira Kleiman?

16        A.   Just in passing.

17        Q.   How many times did you speak with Ira Kleiman?

18        A.   Two or three.

19        Q.   When did these conversations take place?

20        A.   I recall at Dave's funeral and then I believe

21   I spoke to him telephonically back in April 2018 when I

22   was hearing from the attorney's office.  He had

23   authorization to speak to you guys or to provide

24   whatever I had.

25        Q.   Other than just arranging some sort of
```

David Kuharcik
December 09, 2019                                    41

1    authorization did he have any other conversation -- was

2    anything else mentioned in that conversation?

3        A.   No.

4        Q.   Have you spoken to any attorney that

5    represents Ira Kleiman?

6        A.   No.

7        Q.   Did you ever speak --

8        A.   Well, other than this.

9        Q.   Mr. Brenner.  When did you first speak to

10   Mr. Brenner or any other attorney that represents --

11       A.   April 2018.

12       Q.   What was the substance of that conversation?

13       A.   Just asking I guess if I had any information

14   sort of contained in that e-mail chain.

15       Q.   Was anything else discussed?

16       A.   No.

17       Q.   Did you speak with any attorney that

18   represents Ira Kleiman in the past three months?

19       A.   No.

20       Q.   Have you spoken with anyone --

21            MR. BRENNER:  Again I think you and I had a

22       short conversation.  I represent -- just so the

23       record is clear.

24            THE WITNESS:  Yes.

25

```
 1              MR. BRENNER:  I think it was probably barely
 2        in the last three months just so the record is
 3        clear?
 4              MR. KASS:  I appreciate that.
 5   BY MR. KASS:
 6        Q.   When do you recall that conversation taking
 7   place?
 8        A.   Okay, that was in the last two months.
 9   Whenever we first heard about the subpoena being sent
10   out.
11        Q.   How did that conversation come about?
12        A.   I called the number on here in order to see
13   what needs to be done for the deposition and see if we
14   need to change the location to something more convenient
15   for me.
16        Q.   Do you mind if I see that letter?
17              MR. BRENNER:  Is that the --
18              THE WITNESS:  That's the letter from the
19        office.
20              MR. BRENNER:  When you're done let me make
21        sure it's the same letter I'm talking about.
22              MR. KASS:  Yes, it's stating you're invoking
23        your --
24              MR. BRENNER:  Okay.
25
```

1    BY MR. KASS:

2         Q.   So you received this letter from that law firm

3    and then you made a call to an attorney at Boies,

4    Schiller; is that accurate?

5         A.   Yes.  Yes.

6         Q.   And was that attorney Mr. Brenner?

7         A.   Yes.

8         Q.   Do you recall anybody else being on the phone

9    call?

10        A.   No.

11        Q.   What did you speak about on that conversation

12   with Mr. Brenner?

13        A.   I don't recall specifically but it would have

14   been more than likely just as to my requirements under

15   the deposition.  At first I really wasn't sure whose

16   attorney was whose or anything because you guys called

17   me some time ago as well.

18        Q.   Yes, after Mr. Brenner had mentioned you

19   wanted to reschedule so we reached out to you, correct.

20             My question is when you called Mr. Brenner

21   what was the substance of that conversation?

22        A.   Probably seeing if I actually had to appear,

23   you know, because I had already provided to, you know,

24   his office all that I had in my possession and he said

25   that he would provide it to you guys as well and then he

```
 1    said well, maybe an affidavit would be suitable as

 2    opposed to deposition.

 3            MR. BRENNER:  I told you they're so

 4        unreasonable they would never agree to that, right?

 5            MR. KASS:  Save this for the break.  Come on.

 6        Don't mess up my transcript.

 7    BY MR. KASS:

 8        Q.   Did Mr. Brenner speak to you about the

 9    lawsuit?

10        A.   No.

11        Q.   Did he speak to you about Dave?

12        A.   No.

13            MR. KASS:  I'm going to take a little break.

14        Do a five minute break off the record.

15            THE VIDEOGRAPHER:  Going off the video record.

16        The time is 2:03 p.m.

17            (Thereupon, a brief recess was taken.)

18            THE VIDEOGRAPHER:  Going on the video record.

19        The time is 2:09 p.m.

20    BY MR. KASS:

21        Q.   You had stated before that the 2013 tax

22    returns were never filed; is that accurate?

23            MR. BRENNER:  Object to the form.

24            MR. KASS:  Or prepared even.

25            MR. BRENNER:  What did you say?
```

David Kuharcik
December 09, 2019                                    45

```
 1              MR. KASS:  Or prepared even.  Let's do it
 2       again.
 3              MR. BRENNER:  I believe the question was by
 4       him as opposed to generally so that's my objection.
 5              MR. KASS:  Maybe.
 6              MR. BRENNER:  That's what you're asking.
 7  BY MR. KASS:
 8       Q.   Fair enough.  Did you ever prepare Dave's 2013
 9  tax returns?
10       A.   No.
11       Q.   Do you know why?
12       A.   Yes.
13       Q.   Why?
14       A.   He died.
15       Q.   Were you in the process of preparing his tax
16  returns when he passed away?
17       A.   I called Dave coming up near the deadline to
18  say hey, we better get your stuff together.  He never
19  returned my call and next thing I heard was that he had
20  passed away.
21       Q.   How is it that you have the 2012 and 2011 tax
22  returns that have been marked as exhibits but you don't
23  have the previous years?
24              MR. BRENNER:  Just for clarification I don't
25       know if you're doing this on purpose what you're
```

```
 1        calling -- what he produced was 2010 and 2011 not

 2        2012.

 3              MR. KASS:  Really?

 4              MR. BRENNER:  Yes.  Maybe the confusion you

 5        file your 2011 in 2012.

 6              THE WITNESS:  Let's backtrack.

 7              MR. BRENNER:  I think you should probably

 8        start over.

 9   BY MR. KASS:

10        Q.   Let's start again.  So -- how is it that you

11   have the 2010 and 2011 tax returns but not the previous

12   years?

13        A.    IRS transitioned to virtually a mandatory

14   E-filing requirement somewhere in that timeframe.  Up

15   until that time I would have paper filed tax returns and

16   so at some point when we started to e-file more returns

17   I would save a PDF copy of the file as opposed to hard

18   copy.

19              So these two returns were apparently e-filed

20   and I just happened to have these in a directory where I

21   had copies of PDF containing the E filed returns.

22        Q.   Thank you.  Previously when I was asking you

23   about the 2013 tax return that was never filed if I were

24   asking you about the 2012 tax return would your answer

25   still be the same?
```

David Kuharcik
December 09, 2019                                    47

```
 1        A.   Correct.  Because I was actually referring to

 2    2012.

 3        Q.   Thank you.  I had previously asked you if

 4    you -- if Dave ever disclosed a million dollars in his

 5    tax returns and you said no?

 6        A.   Yes.

 7        Q.   Did he ever disclose an amount higher than

 8    $500,000?

 9        A.   Not that I recall.

10        Q.   Did he ever disclose an amount higher than

11    $200,000?

12        A.   I don't recall.

13        Q.   Are you less sure about the $200,000?

14             MR. BRENNER:  Object to the form.

15             THE WITNESS:  Yes.

16    BY MR. KASS:

17        Q.   Is there an amount that you would feel

18    comfortable saying Dave never went above that?

19             MR. BRENNER:  Object to the form.

20             THE WITNESS:  Yes, I would say $200,000ish,

21        quarter million dollars.

22    BY MR. KASS:

23        Q.   So quarter million dollars Dave never made

24    more than that?

25             MR. BRENNER:  Object to the form.
```

 1            THE WITNESS:  Correct.
 2    BY MR. KASS:
 3        Q.   And that was throughout all the years you were
 4    preparing his tax returns?
 5        A.   Yes.
 6        Q.   Did Dave ever tell you that somebody stole
 7    anything from him?
 8        A.   No.
 9        Q.   Little bit more specifically did he ever state
10    someone stole Bitcoin from him?
11        A.   No.
12        Q.   Did he ever say that someone stole
13    intellectual property from him?
14        A.   No.
15            MR. KASS:  That's all I have.  Mr. Brenner,
16        anything?
17            MR. BRENNER:  Just give me two minutes.
18            THE VIDEOGRAPHER:  Going off the video record.
19        The time is 2:14 p.m.
20            (Thereupon, a brief recess was taken.)
21            THE VIDEOGRAPHER:  Going on the video record.
22        The time is 2:16 p.m.
23                CROSS (DAVID KUHARCIK)
24    BY MR. BRENNER:
25        Q.   Good afternoon, sir.  Again my name is Andrew

1    Brenner, I represent the Estate of David Kleiman in this

2    litigation.

3         A.   Okay.

4         Q.   In the deposition you've spoken about you and

5    I have had a conversation before; correct?

6         A.   Yes.

7         Q.   Today is the first day we met; correct?

8         A.   Yes.

9         Q.   You did mention in one of your answers you had

10   at least one conversation with the attorneys for

11   Dr. Wright; is that correct?

12        A.   Yes.

13        Q.   When was that?

14        A.   Got to be early this year.

15        Q.   They reached out to you?

16        A.   Yes.

17        Q.   What did they tell you or ask you?

18        A.   They called me.  They were trying to get

19   information on I guess Dave Kleiman and stuff and, you

20   know, once it became apparent that they were from the

21   opposing party I suggested that, you know, they get -- I

22   had no way to contact Ira or anything.  I suggested that

23   they get permission from Ira to authorize me to release

24   whatever information and that was the last I had heard.

25        Q.   At the time you were contacted by the

David Kuharcik
December 09, 2019                                    50

1    attorneys for Dr. Wright you think that was about the

2    beginning of this year, calendar year?

3         A.   Yes, it was early this year.

4         Q.   I'm just trying to understand your answer.  Is

5    it your recollection that when you got that contact you

6    realized they were not representatives of Dave Kleiman

7    you wanted permission from someone on the Kleiman side

8    to talk to them?

9         A.   Correct.

10        Q.   So prior to receiving that permission did you

11   have any substantive conversations with the attorneys

12   for Dr. Wright?

13        A.   No.

14        Q.   Now, you mentioned at this point you don't

15   really -- beginning of year you didn't have any sort of

16   ongoing personal relationship with Ira Kleiman, did you?

17        A.   No.

18        Q.   You didn't have an existing professional

19   relationship with Ira Kleiman, did you?

20        A.   No.

21        Q.   Did you eventually reach out to Ira Kleiman?

22        A.   No, that was the problem.  I had no way to

23   contact Ira Kleiman.

24        Q.   You did get contacted from someone from my

25   office, by Ira Kleiman's attorneys; correct?

1     A.   No.  The next I heard from the entire case was

2   the subpoena, the e-mail received from your office

3   saying that I was going to be subpoenaed for a

4   deposition.

5     Q.   That was in April?

6     A.   No, no, April 2018.  I was contacted by your

7   office.

8     Q.   So was that the first contact you had from

9   anyone regarding this case?

10     A.   Yes.

11     Q.   The next contact was --

12     A.   Early 2019 from I guess Craig Wright's

13   counsel.

14     Q.   Got it.  Other than that conversation you had

15   with Craig Wright's counsel at the beginning of 2019 I

16   think you mentioned at least one other conversation you

17   had with them?

18     A.   No.  Just recently to set up the deposition.

19     Q.   Right.  That second conversation was just

20   about scheduling?

21     A.   Correct.

22     Q.   You didn't discuss the case or did you?

23     A.   No.  No.  Other than maybe offering to

24   complete an affidavit in order to prevent me from having

25   to come here.  I think I spoke to you and maybe you

David Kuharcik
December 09, 2019                              52

```
 1   about it just trying to avoid the deposition.
 2        Q.   Other than that do you remember anything else
 3   about your conversation with Dr. Wright's counsel?
 4        A.   No.
 5        Q.   Just so I'm clear from about 19 -- early '90s
 6   I think you called it until Dave passed away you
 7   generally spoke with him about once a year maybe less?
 8        A.   Maybe a couple times a year again for
 9   estimated tax payments, his income tax.
10        Q.   On a day to day basis you weren't in contact
11   with him?
12        A.   No.
13        Q.   There was a time where you had a little bit of
14   a social relationship but that ended in the early '90s?
15        A.   Correct.
16        Q.   From early '90s through until Dave's death you
17   were doing your own business; correct?
18        A.   Yes.
19        Q.   And presumably he was doing his own business;
20   correct?
21        A.   Yes.
22             MR. KASS:  Objection.
23             MR. BRENNER:  I have nothing further.
24             MR. KASS:  Give me one second.
25
```

David Kuharcik
December 09, 2019                                          53

```
 1              REDIRECT (DAVID KUHARCIK)
 2    BY MR. KASS:
 3         Q.    One follow up question.  As we discussed there
 4    was one time period where you were closer with Dave when
 5    Dave was in his twenties I believe -- what was that time
 6    period again?
 7         A.    Late '80s.
 8         Q.    Late '80s?
 9         A.    Early '90s.
10         Q.    After the late '80s you would still keep in
11    contact with Dave; right?
12         A.    Yes.
13         Q.    And at any point in time did you stop
14    considering him a buddy of yours?
15         A.    No.
16              MR. KASS:  That's it.
17              MR. BRENNER:  Okay.  You have the right at the
18         conclusion of the deposition to elect to read the
19         deposition once Mr. Levy types it up and to see if
20         there's any errors records or anything you want to
21         correct or you have the right to waive that
22         reading.  That's up to you.
23              If you choose to read it I believe Mr. Levy's
24         office will get in touch with you to make
25         arrangements for that.  All you have to do today is
```

David Kuharcik
December 09, 2019                                    54

1    make that election one way or the other to read or

2    waive.

3         THE WITNESS:  What do you think?

4         MR. BRENNER:  I really can't advise you on

5    that.

6         THE WITNESS:  Since I'm Ira's -- you guys are

7    sort of --

8         MR. BRENNER:  Why don't you read.  If you're

9    not entirely comfortable you should read.

10        THE WITNESS:  Okay.

11        MR. BRENNER:  Thank you so much.

12        THE VIDEOGRAPHER:  Going off the video record

13   the time is 2:00 p.m.

14        MR. KASS:  I will take it two day expedited.

15        MR. BRENNER:  I will take a copy as well.

16              (Witness excused.)

17          (Deposition was concluded.)

18

19

20

21

22

23

24

25

1

2                    CERTIFICATE OF REPORTER

3           THE STATE OF FLORIDA

4           COUNTY OF BROWARD

5

6        I, Rick Levy, Registered Professional Reporter
   and Notary Public in and for the State of Florida at
7   large, do hereby certify that I was authorized to
   and did report said deposition in stenotype of DAVID
8   KUHARCIK; and that the foregoing pages, numbered
   from 1 to 54, inclusive, are a true and correct
9   transcription of my shorthand notes of said
   deposition.

10

11        I further certify that said deposition was
   taken at the time and place hereinabove set forth
12   and that the taking of said deposition was commenced
   and completed as hereinabove set out.

13        I further certify that I am not attorney or
   counsel of any of the parties, nor am I a relative
14   or employee of any attorney or counsel of party
   connected with the action, nor am I financially
15   interested in the action.

16        The foregoing certification of this transcript
   does not apply to any reproduction of the same by
17   any means unless under the direct control and/or
   direction of the certifying reporter.

18        IN WITNESS WHEREOF, I have hereunto set my hand
19   this 9TH day of December, 2019.

20            _____

21

22        Rick Levy, RPR, FPR, Notary Public
   in and for the State of Florida
   My Commission Expires:  12/8/2023
23        My Commission No.:  GG937684

24

25

```
1                    CERTIFICATE OF OATH

2   THE STATE OF FLORIDA

3           COUNTY OF BROWARD

4

5       I, Rick Levy, REGISTERED PROFESSIONAL REPORTER,

6   Notary Public, State of Florida, certify that DAVID

7   KUHARCIK personally appeared before me on the 9th

8   day of December, 2019 and was duly sworn.

9

10          Signed this 10th day of December, 2019.

11

12

13

14

15          _____

16                  Rick Levy, RPR, FPR
                    Notary Public - State of Florida
17                  My Commission Expires:  12/8/2023
                    My Commission No.:  GG937684

18

19

20

21

22

23

24

25
```

1              E R R A T A   S H E E T

2   IN RE:  IRA KLEIMAN VS CRAIG WRIGHT

3   DEPOSITION OF:  DAVID KUHARCIK

4   TAKEN: 12/9/2019

5       DO NOT WRITE ON TRANSCRIPT - ENTER CHANGES HERE

6   PAGE #  LINE #   CHANGE              REASON

7   _____

8   _____

9   _____

10  _____

11  _____

12  _____

13  _____

14  _____

15  _____

16  _____

17  Please forward the original signed errata sheet to
    this office so that copies may be distributed to all
18  parties.

19  Under penalty of perjury, I declare that I have read
    my deposition and that it is true and correct
20  subject to   any changes in form or substance
    entered here.

21

22  DATE: _____

23

24  SIGNATURE OF
    DEPONENT:_____

25

```
 1   DATE:        December 10, 2019

 2   TO:          DAVID KUHARCIK
                  860 US Highway 1
 3                Suite 207B
                  North Palm Beach, Florida 33408

 4
     IN RE:       Ira Kleiman vs Craig Wright
 5

 6   Dear Mr. Kuharcik:

 7   Enclosed please find the original errata page with
     your copy of the transcript so DAVID KUHARCIK may
 8   read and sign their transcript.  Please have him/her
     make whatever changes are necessary on the errata
 9   page and sign it.  Then place the original errata
     page back into the original transcript.  Please then
10   forward the original errata page back to our office
     @1080 Woodcock Road, Suite 100, Orlando, Florida
11   32803.

12   If the errata page is not signed by the witness
     within 30 days after this letter has been furnished,
13   we will then process the transcript without a signed
     errata page.  If your client wishes to waive their
14   right to read and sign, please have him/her sign
     their name at the bottom of this letter and send it
15   back to the office.

16        Your prompt attention to this matter is

17   appreciated.

18   Sincerely,

19   _____
     RICK E. LEVY, RPR
20
     I do hereby waive my signature:
21
     _____
22   DAVID KUHARCIK

23   cc via transcript:  Kass Zalman, Esq.
                          Andrew Brenner, Esq.
24   file copy

25
```

**$**

**$100,000**
  39:13,16
**$14,000**  37:24
**$200,000**
  47:11,13
**$200,000ish**
  47:20
**$500,000**  47:8
**$60,000**  39:11

**1**

**1**  8:8,10
  10:11
**11**  13:21 14:1
**19**  52:5
**1983**  14:11,12
**1990s**  24:5
**1:05**  4:4

**2**

**2**  37:1,2,5
**20**  5:13
**2010**  25:17
  35:16,22
  37:8,23 46:1,
  11
**2011**  25:17
  38:8 45:21
  46:1,5,11
**2012**  26:14
  45:21 46:2,5,
  24 47:2
**2013**  25:18,
  20,22 26:14
  35:16,23
  44:21 45:8
  46:23
**2018**  40:21
  41:11 51:6
**2019**  4:4
  51:12,15

**2:00**  54:13
**2:03**  44:16
**2:09**  44:19
**2:14**  48:19
**2:16**  48:22

**3**

**3**  38:1,2,5

**4**

**401**  4:5

**5**

**50**  39:11

**6**

**6,300**  38:18
  39:8

**8**

**80s**  22:18,24
  23:10,11,13
  27:22 53:7,8,
  10

**9**

**90s**  23:16,17,
  20,22,23
  24:20 25:9
  52:5,14,16
  53:9
**9:18-cv-80176-
bb/br**  4:8
**9th**  4:3

**A**

**able**  5:7 9:20
  35:15,21

**about**  13:8
  18:3 19:17
  23:9 26:11
  27:21 28:6,23
  29:1,3,6,10,
  12,20,23
  34:18 36:23
  42:9,11,21
  43:11 44:8,11
  46:23,24
  47:13 49:4
  50:1 51:20
  52:1,3,5,7
**above**  47:18
**accept**  22:11
**Accountancy**
  18:24
**accountant**
  6:4 14:5,6
  33:3
**accountants**
  16:3
**accounting**
  14:15 27:5,19
  28:8,14,18
**accuracy**
  37:19 38:14
**accurate**
  10:4,13 11:9,
  14 19:10 20:9
  43:4 44:22
**activities**
  20:21 28:19
**actually**
  31:23 36:6
  43:22 47:1
**add**  28:13
**addition**  23:6
**additional**
  29:8
**address**  35:4
**advice**  28:9,
  14,18
**advise**  54:4
**affect**  7:24
**affidavit**
  44:1 51:24

**affirmed**  5:4
**after**  10:25
  22:24 34:6
  43:18 53:10
**afternoon**  4:2
  48:25
**again**  35:17,
  21 41:21 45:2
  46:10 48:25
  52:8 53:6
**against**
  31:11,18
**agencies**
  18:17
**ago**  43:17
**agree**  44:4
**ahead**  5:23
**all**  4:15 6:20
  9:16 10:11
  21:16 27:7
  31:4 43:24
  48:3,15 53:25
**allegations**
  13:16
**allowed**  16:4
**already**  43:23
**also**  6:24
  7:17 23:7
  24:22
**am**  16:14
**amount**  38:22
  47:7,10,17
**and**  5:4 6:2,
  11,24 7:1,4
  8:16 9:1,20
  10:25 11:1,3,
  17 12:13 14:1
  15:10 16:3
  17:13,14
  18:23 19:9,16
  20:8,9,12,13
  22:1 23:3,6,
  18 24:19
  25:2,17 26:5
  27:10,14
  28:7,12 29:19
  31:9 32:1,2
  33:2,4,13

34:16 35:18,
19 36:15
40:4,20 41:21
42:13 43:3,6,
24,25 45:19,
21 46:1,11,
15,20 47:5
48:3 49:4,19,
24 51:25
52:19 53:13,
19
**Andrew** 4:18
48:25
**answer** 7:3
16:25 19:5
28:15 35:3
46:24 50:4
**answering**
27:16
**answers** 49:9
**any** 7:4,12,
16,19,23 8:1,
21 10:6,14,15
11:15,23
13:1,6,11,15,
18,23 14:2,16
16:11,18
17:12 18:17
19:2,16 20:10
24:10 26:1,22
27:18 29:5,8,
14 30:17
34:4,19,22,24
35:11 36:2,18
37:18 38:14
40:7 41:1,4,
10,13,17
50:11,15
53:13,20
**anybody** 43:8
**anyone** 41:20
51:9
**anything** 7:20
17:10 20:21
21:12 41:2,15
43:16 48:7,16
49:22 52:2
53:20

**anywhere**
33:23
**apparent**
49:20
**apparently**
46:19
**appear** 43:22
**appearance**
4:16
**Appearing** 6:8
**Appears** 37:8
**applicable**
18:6 21:12
**apply** 15:22
**appreciate**
28:12 42:4
**appropriate**
16:12
**approximate**
9:15 23:25
25:8
**April** 40:21
41:11 51:5,6
**are** 4:2,4
6:24 7:23
9:16 12:17,
18,25 14:25
15:2 17:11
18:17,22
19:2,12,22
26:8 29:14,15
31:5 35:15,21
39:7 47:13
54:6
**areas** 26:22
**around** 16:6
**arrangements**
53:25
**arranging**
40:25
**as** 4:9 5:4,
20,21 6:19
7:8 8:8 11:17
14:6 15:18
16:2,3,17,19,
20 19:14,16
21:11 22:5

23:19 28:7
29:14,22
30:20 34:18
36:25 38:25
43:14,17,25
44:1 45:4,22
46:17 53:3
54:15
**ascertain**
21:21
**aside** 27:18
**ask** 6:24 7:4
16:11 20:18,
24 21:4,7,15,
19 27:10
35:18,21
49:17
**asked** 40:9
47:3
**asking** 13:15
27:3 41:13
45:6 46:22,24
**assert** 27:2
**assess** 35:19
**assume** 7:6
**at** 4:5 7:4,
12,16 10:10
12:19 13:13
20:24 22:21
26:8,12 27:4
28:20 34:10
40:20 43:3,15
46:16 49:10,
25 50:14
51:15,16
53:13,17
**attach** 30:17
**attorney**
41:4,10,17
43:3,6,16
**attorney's**
40:22
**attorney-
client** 12:4
**attorneys**
49:10 50:1,
11,25

**attributes**
30:17
**authoring**
29:1
**authorization**
40:23 41:1
**authorize**
49:23
**avoid** 32:25
52:1
**aware** 13:1
14:25 18:22
19:2,12 26:8
29:14 31:5
33:1
**away** 11:12
45:16,20 52:6

_____

**B**

**Bachelor's**
14:15
**back** 6:19
16:23,25 17:2
27:22 33:25
40:21
**background**
14:14 16:5
**backtrack**
34:17 46:6
**banking** 21:11
**bar** 33:5,7,20
**barely** 42:1
**Based** 34:23
36:9 37:22
**basic** 27:23
32:16
**basically**
32:1
**basis** 52:10
**became** 49:20
**because** 7:5
15:14 27:13
32:25 43:16,
23 47:1
**been** 5:3,10,
14 6:11 10:21

11:20 12:11,
24 13:4,9
14:10,12
19:24 22:21
43:14 45:22
**beer** 26:5
**before** 5:10
25:14 44:21
49:5
**beforehand**
32:25
**beginning**
21:5 50:2,15
51:15
**behalf** 4:18
**being** 11:11
16:17 26:13
33:2 42:9
43:8
**believe** 10:3
11:5 12:3
15:22 23:20
27:25 40:20
45:3 53:5,23
**belonged**
13:17
**best** 7:21
**better** 45:18
**beyond** 17:6
**bill** 36:20,23
**bills** 36:18
**bit** 18:15
20:8,13 23:24
29:22 48:9
52:13
**Bitcoin** 18:8,
9 29:10 38:20
40:6 48:10
**Board** 18:24
**Boies** 43:3
**books** 29:1
**both** 27:14
**Boulevard** 4:5
**break** 7:16
23:12 44:5,
13,14

**Brenner** 4:18
5:21 9:8,22,
25 12:2,6,10,
15,21 15:25
16:10,16,20
17:21 18:19
19:4 21:1,9
22:3,10 24:1,
11 25:1 26:3,
24 28:12
31:1,7,22
32:15 33:16
35:3,17 37:12
39:2,6,17,22
40:1,8 41:9,
10,21 42:1,
17,20,24
43:6,12,18,20
44:3,8,23,25
45:3,6,24
46:4,7 47:14,
19,25 48:15,
17,24 49:1
52:23 53:17
54:4,8,11,15
**brief** 44:17
48:20
**bring** 9:6
**brought** 9:10
**bucks** 38:18
39:8
**buddies** 25:2,
25 26:19
31:24
**buddy** 53:14
**bulletins**
14:25 15:15
**business** 14:8
18:23 20:21
28:7 52:17,19
**busy** 23:18
**but** 12:3,12,
18 13:21
15:23 16:5
17:18,20
23:11 28:14
36:5 40:14
43:13 45:22

46:11 52:14
**by** 4:7 5:6,24
8:12 9:9 10:2
12:22 15:3
17:2,3,24
18:21 19:7
21:3,14 22:7,
13 24:3,13
25:4 26:7
27:2,17 28:17
31:3,14 32:4,
18 33:18
35:7,20 36:12
37:4,15 38:4
39:4,9,15,19
40:3,11 42:5
43:1 44:7,20
45:3,7 46:9
47:16,22
48:2,24 49:25
50:25 51:6
53:2

---

## C

**calendar** 50:2
**call** 27:9,14
33:2 43:3,9
45:19
**called** 42:12
43:16,20
45:17 49:18
52:6
**calling** 46:1
**came** 30:12
**can** 5:18
6:23,25 7:3,
8,10 8:18
15:19 17:17,
19 19:5 20:13
27:10 28:15
35:4
**can't** 17:20
54:4
**car** 32:22
**Carlos** 4:14
**cars** 32:20

**case** 4:8 6:2
8:6 16:7
51:1,9,22
**cases** 5:25
6:10 28:20
**cell** 36:23
**certain** 14:22
15:4 26:25
**certainly**
12:12
**certified**
14:5,6
**chain** 9:1
12:8 41:14
**chance** 32:19
**change** 42:14
**changed** 24:6
**check** 31:23
**choose** 53:23
**circumstance**
21:13
**Civil** 6:1
**claim** 31:10,
18
**clarification**
45:24
**clarify** 7:13
**clarifying**
6:14
**clear** 6:22
12:16 41:23
42:3 52:5
**client** 11:1,
3,4,7,9,11,
18,20 13:4,9
19:3 20:4,10,
15
**close** 23:19
**closer** 5:19
53:4
**clothing**
32:7,10
**club** 33:21,22
**code** 17:14
19:16
**Coello** 4:14

| | | | |
|---|---|---|---|
| Comcast 36:20 | confirm 21:16 | 51:14,16,19 | Craig 4:10,17 |
| come 20:15 | 27:11 | 52:3 | 11:15 13:16 |
| 24:4,5 34:14 | confusion | conversations | 29:17 51:12, |
| 42:11 44:5 | 46:4 | 24:17 26:20 | 15 |
| 51:25 | connected | 27:5,7 34:14 | CROSS 48:23 |
| comedic 29:25 | 6:10 | 40:19 50:11 | crypto 13:17 |
| comfortable | connection | conversed | currency |
| 47:18 54:9 | 6:2 | 29:6 | 13:17 |
| coming 45:17 | consciously | copied 12:3, | current 14:4 |
| common 26:2 | 32:8 | 6,20 | 20:20 |
| 28:3 | consider 11:8 | copies 8:25 | currently |
| communications | 30:20,23 | 9:21 19:23 | 7:23 21:23 |
| 10:12,14,15, | 33:15 34:11 | 46:21 | customized |
| 17,20 11:15, | 39:10 | copy 20:18 | 32:23 |
| 23 13:1,6,11 | considering | 37:8 46:17,18 | cut 27:8 |
| 24:22 26:25 | 53:14 | 54:15 | |
| 27:19,20 | consistent | correct | |
| complete 19:9 | 24:19 | 11:10,16 | D |
| 51:24 | consistently | 29:20 34:15, | |
| completeness | 25:12 | 17 43:19 47:1 | data 20:4,12 |
| 21:24 | consulting | 48:1 49:5,7, | date 15:6 |
| compliance | 14:8 | 11 50:9,25 | Dave 13:17 |
| 19:15 | contact 24:9, | 51:21 52:15, | 22:14,21,25 |
| complications | 14 49:22 | 17,20 53:21 | 23:24 24:25 |
| 26:13 | 50:5,23 51:8, | correctly | 25:25 26:2,8, |
| complied | 11 52:10 | 20:3 | 23 27:1,20 |
| 19:18 | 53:11 | could 7:24 | 28:6,19 |
| complying | contacted | 9:14 15:13, | 29:12,17,19, |
| 19:10 | 49:25 50:24 | 14,16,22 | 23 30:2,18,25 |
| composed | 51:6 | 16:24,25 | 31:4,15,20 |
| 19:22 | contained | 17:10 18:5,15 | 32:5,9,12 |
| computer 9:20 | 41:14 | 20:4,6 26:25 | 33:7 34:1,10, |
| 10:4 27:24 | containing | 27:14 29:22 | 19 35:2 37:8 |
| computers | 46:21 | counsel 4:15 | 38:8 39:7 |
| 26:5 28:1 | continue 7:3 | 7:1,2 9:2 | 40:6 44:11 |
| concluded | 16:14 | 11:25 13:2 | 45:17 47:4, |
| 54:17 | continuing | 28:13 51:13, | 18,23 48:6 |
| conclusion | 14:18 | 15 52:3 | 49:19 50:6 |
| 53:18 | continuously | couple 6:12 | 52:6 53:4,5, |
| conclusions | 14:12 | 23:1,4,13,15 | 11 |
| 19:25 | convenient | 24:18 52:8 | Dave's 24:5 |
| condition 8:1 | 42:14 | course 17:14 | 29:14 30:15 |
| conference | conversation | courses 14:18 | 32:19 33:1,3 |
| 5:22 | 26:22 41:1,2, | court 4:11,13 | 34:11 35:15, |
| confidential | 12,22 42:6,11 | 6:23 7:9 | 22 37:22 |
| 27:5 | 43:11,21 | 16:24 | 38:23 40:20 |
| | 49:5,10 | CPA 14:10,12 | 45:8 52:16 |
| | | | david 4:7,10 |
| | | | 5:2,9 10:12, |

14,16,18 11:8
26:16,19 28:4
30:20 48:23
49:1 53:1
**day** 4:3 49:7
52:10 54:14
**deadline**
45:17
**death** 52:16
**December** 4:4
**decent** 39:8,
10
**decide** 27:4
**deem** 16:12
**defendant** 4:8
**defendant's**
8:10 37:2
38:2
**Defense** 13:8,
18
**degree** 14:15
15:7
**delete** 10:25
**Department**
18:23
**dependent**
15:23
**depending**
21:13 22:4
**deposed** 5:10,
14 6:12
**deposition**
4:7 6:20
16:6,9,15
42:13 43:15
44:2 49:4
51:4,18 52:1
53:18,19
54:17
**depositions**
5:25 6:18
**derived** 20:5
**describe**
24:24 30:15
32:14 33:3
35:15,22

**detail** 29:22
**determine**
9:19
**determining**
21:22
**did** 9:3,5,11,
19 10:6,8,17
11:11 12:7
14:1 18:8
22:14,17,19
24:4,5,9,22
25:5,18,20
26:14,16
29:10,12,17
30:9 31:15
32:6,12,19
33:7,9,22
34:4 35:25
38:10,11
40:4,13,17,19
41:1,7,9,17
42:11 43:11
44:8,11,25
45:8 47:7,10
48:6,9,12
49:9,17
50:10,16,19,
21,24 51:22
53:13
**didn't** 16:16
34:13,14,22,
24 50:15,18
51:22
**died** 45:14
**difference**
13:22 22:6
**different**
22:2
**difficult**
5:18 8:2
17:19
**difficulty**
36:16,18
**DIRECT** 5:5
**directory**
46:20
**disclaimer**
32:25

**disclose**
21:16 47:7,10
**disclosed**
38:16,23
39:24 40:6
47:4
**discuss** 20:20
51:22
**discussed**
41:15 53:3
**dispose** 10:25
**District** 4:11
**divorce** 32:1
**divorced**
30:14
**do** 4:20 7:2
8:5,13,14
9:13 10:13,
15,23 11:22
13:6,18,23
14:6,7,16,18,
19 16:3 17:10
18:3,8 20:16
21:20 22:2,9,
21 23:11
25:15,22
26:11,14
29:5,8 30:1,
4,6,10 31:15
34:4,19 35:2,
5,11 36:2,12,
17,20 37:5
38:5,14,19,
22,25 39:12,
15,20 40:6
42:6,16 43:8
44:14 45:1,11
52:2 53:25
54:3
**document** 8:13
10:10 37:10,
16
**documentation**
13:15 20:2,25
21:4,7
**documenting**
19:21

**documents**
8:6,17,19,21,
24 9:3,16
13:19,24 14:2
19:23 37:12
**does** 15:17
27:11
**doing** 28:11
40:14 45:25
52:17,19
**dollars**
39:21,22,25
47:4,21,23
**don't** 7:5
12:5,10,12,17
16:3 25:9
27:13,15
29:24 30:11,
13 31:2,11,
19,23 33:6
34:22,25
39:18 43:13
44:6 45:22,24
47:12 50:14
54:8
**done** 6:8 14:8
42:13,20
**doubt** 37:18
38:14
**down** 6:23
7:10 18:15
23:12 33:13
**Dr** 4:17 11:15
13:16 49:11
50:1,12 52:3
**drink** 26:5
**drive** 32:22
**duly** 5:3
**during** 21:17
34:18
**duties** 19:2,8
**duty** 19:9

_____

                 **E**
_____

**e-file** 46:16
**e-filed** 46:19

E-FILING
  46:14
e-mail  12:19
  41:14 51:2
e-mails  9:1,
  14 10:8 11:22
  12:9,11,17,25
  23:9
each  6:3
earlier  34:25
  38:23
early  23:16,
  17,22,23
  24:4,20 25:9
  26:4 28:5
  49:14 50:3
  51:12 52:5,
  14,16 53:9
earned  39:12,
  16
earnings
  20:22
easier  27:18
East  4:5
education
  14:16,18
educational
  14:14
either  31:9,
  17 38:19
elect  53:18
election  54:1
elements
  19:21,25
else  17:10
  21:12 33:23
  41:2,15 43:8
  52:2
end  26:15
  34:7,10
ended  52:14
engaged  23:18
engagement
  22:12
enough  45:8
ensure  19:15,
  17 21:23

ensuring  19:9
entire  51:1
entirely  54:9
entitled
  16:11
errors  53:20
Estate  4:9
  49:1
estates  14:9
estimated
  34:18 52:9
even  24:2
  44:24 45:1
eventually
  16:6 50:21
ever  5:10
  11:20 13:4,9
  14:1 17:7,25
  18:8 25:22
  26:16 28:6
  29:10,12,17
  30:9 32:12,19
  33:7,9 39:12,
  20 40:6,15
  41:7 45:8
  47:4,7,10
  48:6,9,12
every  14:21
  23:1,4,13,14
  25:12
ex-wife  31:9
ex-wives
  27:21 29:20
EXAMINATION
  5:5
examined  5:4
example  18:5
  33:4
excused  54:16
Exhibit  8:8,
  10 10:11
  36:25 37:2,5,
  25 38:2,5
exhibits
  45:22
existing
  50:18

exists  12:16
expedited
  54:14
expensive
  33:15
expert  6:5
  16:2,13,17,18
extent  16:1
extraordinaril
y  5:18

_____

F

fact  16:4
facts  16:6
fair  21:15
  34:13 45:8
families
  20:22
far  5:20,21
  30:20
federal  18:6
feel  47:17
few  18:14
file  46:5,17
filed  4:10
  25:23 36:7,9
  37:16 38:12
  44:22 46:15,
  21,23
financial
  35:15,22
  36:15,17
  37:19
find  9:21
fine  16:14
  27:7,13
firm  43:2
first  5:3
  22:17,24
  27:22 30:6
  35:3,17 41:9
  42:9 43:15
  49:7 51:8
five  8:18
  10:11 44:14

Florida  4:6,
  12 18:25 19:1
focusing
  11:13
follow  53:3
follows  5:4
for  4:6,16,17
  5:8 6:8,14,24
  7:8 8:2,5,11,
  16 10:24
  11:1,3,4,5,7,
  17 12:13
  13:15 14:1
  15:11,22,25
  17:16 18:6,8
  20:24 21:4,8,
  19,22 22:1,5
  23:3 27:9,14
  29:25 31:21
  32:3,23 34:2,
  4 37:3,18,23
  38:3 42:13,15
  44:5 45:24
  49:10 50:1,12
  51:3 52:8
  53:25
form  18:19
  19:4 21:1,9
  22:3,10 24:1,
  11 25:1 26:3
  31:1,7,22
  32:15 33:16
  35:25 39:2,6,
  17 40:1,8
  44:23 47:14,
  19,25
formed  36:5
forms  24:10
FREEDMAN  5:17
  17:16,23
frequency
  24:6
frequently
  22:25 23:24
friends  22:20
  29:12,14
from  7:20
  10:12,21

11:15 12:7,9
13:6,18 15:22
17:5 19:23
20:5,6,7,10,
23 21:11 24:4
25:11 26:13
27:22 28:10
34:10 35:8
40:22 42:18
43:2 48:7,10,
13 49:20,23
50:7,24 51:1,
2,8,12,24
52:5,16
**front** 17:22
**Ft** 4:6
**full** 5:8
**Fun** 30:16
**funeral** 40:20
**further** 35:4
52:23

---

**G**

**gave** 21:25
**general** 14:8
26:18 27:3
38:25
**generalities**
27:24
**generally**
39:3 45:4
52:7
**generated**
21:17
**get** 12:13
16:6 28:9
45:18 49:18,
21,23 50:24
53:24
**gets** 20:2
**girlfriend**
31:9
**give** 6:22
9:25 16:2
18:5 27:10
29:22 32:24
33:4 48:17

52:24
**giving** 7:20
22:1
**glance** 9:23
**go** 5:23 6:19
16:4 17:25
19:17 20:22
27:8 33:7,9,
11,19,23
**goes** 5:20,21
**going** 6:19,22
7:6 16:14,23
26:24 27:3,9
28:20 31:25
32:24 33:25
36:25 37:25
44:13,15,18
48:18,21 51:3
54:12
**good** 4:2
21:22 40:15
48:25
**got** 27:22
30:14 49:14
50:5 51:14
**groundrules**
6:19
**guess** 22:20
35:17 41:13
49:19 51:12
**guidance**
15:3,11
**guy** 30:16
**guys** 40:23
43:16,25 54:6

---

**H**

**habits** 33:4
34:11
**had** 15:9,10
17:25 21:21
23:12 25:8,14
26:1,12 27:1
28:3 32:23
34:1,19 35:1
37:10 40:22,
24 41:13,21

43:18,22,23,
24 44:21
45:19 46:21
47:3 49:5,9,
22,24 50:22
51:8,14,17
52:13
**handicapped**
32:23
**happen** 15:14
**happened**
10:20 23:17,
19 30:6,10
46:20
**happens** 20:13
**hard** 46:17
**has** 10:24
11:20 13:4,8
35:18
**have** 5:10,14
8:21,24 9:12,
16 10:14,15,
17,21 11:14,
23 12:11,12,
23 13:6,18,23
14:1,10,12,
15,16 15:18
17:7,10,25
18:8 19:12,
14,24 21:23
22:21 24:9,16
26:20,23
27:8,20 31:5
32:6,19
34:12,22
35:11 36:2
38:14,25
40:15 41:1,4,
20 43:13
45:21,22,23
46:11,15,20
48:15 49:5
50:11,15,18
52:23 53:17,
21,25
**having** 5:3
36:15,17
51:24

**he** 11:11,12,
18,20 16:3,
13,16,17
26:12 28:10,
11,23,24
29:1,6,10
31:21,24
32:1,2,7,22,
23 34:22,25
35:12,18
36:11,13,15,
17 39:12,15,
20 40:4,13,22
41:1 43:24,25
44:11 45:14,
16,18,19 46:1
47:7,10 48:9,
12 52:19
**he's** 27:3
28:9,20
**head** 7:9
**heads** 27:10
**hear** 5:18
17:17,19,20
**heard** 42:9
45:19 49:24
51:1
**hearing** 40:22
**help** 17:22
**helpful** 32:2
**here** 4:5
16:1,3 42:12
51:25
**hey** 45:18
**higher** 47:7,
10
**him** 13:6
22:17,19,24
23:3,6,7,13,
14,25 24:9,
14,17 26:20
30:19,23
31:6,11,19
33:9,19,23
34:4,14 40:21
45:4 48:7,10,
13 52:7,11
53:14

his   11:25
  13:2 16:5,25
  24:20 25:3,6,
  11 26:13
  27:13 28:6,7,
  10 29:12
  30:6,20,25
  31:24 32:12
  33:3 34:1
  35:2,9,12,13
  36:1,3,9,14,
  20,23 39:1,25
  43:24 45:15
  47:4 48:4
  52:9,19 53:5
history   27:22
Hold   9:22
honestly
  12:10
hope   16:5
Hopefully
  17:22
hospital
  26:16
hospitalizatio
n   26:11
hospitalized
  26:9
house   32:12,
  14 36:14
how   5:14 9:19
  10:23 13:8
  14:20 15:18
  17:11 18:11,
  13 20:19
  22:19,21,24
  23:9,24
  24:14,16,24
  27:2 29:1,3
  30:1,15 32:14
  33:3 34:11
  35:2,18,25
  36:23 38:16,
  25 40:9,17
  42:11 45:21
  46:10
Huh   18:12

_____

I

I'LL   5:22
  15:25 20:20
  27:18 33:2,4
  35:21
I'M   6:11,19,
  22 7:6 10:3
  14:5 16:11
  20:3,15 22:1
  25:7 32:24
  36:25 37:25
  40:9 42:21
  44:13 50:4
  52:5 54:6
I'VE   6:11
idea   38:25
identification
  8:11 37:3
  38:3
if   6:25 7:4,
  12,16 10:10
  12:12,17
  15:8,10,18
  16:12 17:10,
  17 18:22
  19:12 20:3,9
  21:25 22:8
  25:8,22 27:8
  30:4 32:9
  33:4 34:19
  35:4,18 36:17
  39:12,20 40:6
  41:13 42:13,
  16 43:22
  45:25 46:23
  47:3,4 53:19,
  23 54:8
import   21:13
impossible
  17:16
impression
  35:24,25
  36:6,10
in   4:8,10
  5:13,21,25
  6:2,13 8:6,21
  9:6,15 13:14
  14:15 16:18
  17:21 18:14
  20:19 21:21
  22:24 23:6,
  12,14,17,18,
  20,23 24:4,5,
  14 25:9 26:1,
  5,8,16,18,22
  27:22 28:1,3
  29:5 31:4,15
  32:12 34:14
  35:16,22
  37:11 40:16,
  21 41:2,14,18
  42:2,8,12
  43:24 45:15
  46:5,14,20
  47:4 49:1,4,9
  51:5,24
  52:10,14
  53:5,10,13,24
include   10:8
  24:22
income   8:25
  14:8 21:6,16
  25:3,6 34:24
  35:2,13 36:1,
  3,13 37:23
  38:16,22 39:1
  52:9
Indicating
  7:7
Info   13:8
information
  15:12,13
  17:12 20:5
  21:10 22:1,4
  27:6,15 34:10
  35:8,11,18
  36:2,5,6
  41:13 49:19,
  24
inquire   17:5
  22:5
inquiring
  15:24
inquiry   17:7
instance   31:5
instead   7:9
intellectual
  13:23 48:13
interactions
  27:23
interest   26:4
interested
  28:1
interests
  20:21
internal
  19:10,15
into   16:5
  20:2,11
introduce
  36:25 37:25
invalid   26:13
investment
  34:24
investments
  20:22 34:19
invoke   27:4,
  11
invoking   12:4
  42:22
Ira   4:9
  11:17,23 13:1
  40:15,17
  41:5,18
  49:22,23
  50:16,19,21,
  23,25
Ira's   54:6
IRS   14:25
  15:3,18,19,23
  17:5,7,9,15
  19:13,15 20:7
  25:23 37:16
  38:12 46:13
is   4:3,4,10,
  13,14 6:12
  7:19 8:1,15,
  16 10:4 11:7,
  9,10,18 12:16
  13:21,22
  14:4,22,24

15:5,8,9,17
16:1,3,10,13,
16 17:9,13
18:25 19:1
20:20 21:22
22:2 23:20
27:4,7,13
28:13 30:11
34:9,22 35:8
36:6,9 37:7,
18 38:7,16
41:23 42:2,17
43:4,20
44:16,19,22
45:21 46:10
47:17 48:19,
22,25 49:7,11
50:4 53:25
54:13
**issue** 15:19
**it** 5:20,21
7:10 8:2,15,
19 10:11,13
11:13 12:3,13
15:8,9,13,23
17:11 18:8
20:11 21:15
23:1,12 24:22
26:15 27:11,
14 28:7 29:24
30:4,5,11
31:9 32:16
33:15,20
34:6,13
35:18,19
38:10 42:1
43:13,25
45:1,21 46:10
49:20 50:3,5
51:14 52:1,6
53:16,19,23
54:14
**it's** 5:9,17,
20,21 12:12
13:14 16:8
17:16 20:9
27:9 30:12
40:14 42:21,
22

**its** 38:14

---

### J

**judge** 16:12
**judgment**
31:18
**just** 6:20,25
7:3,9 9:22,25
11:13 12:24
15:14,15,25
20:13 26:24
27:15,23
28:10,13,19
29:24 30:11
31:12 33:13
34:6 35:3
36:1 39:18
40:16,25
41:13,22 42:2
43:14 45:24
46:20 48:17
50:4 51:18,19
52:1,5

---

### K

**Kass** 4:17
5:6,20,24
8:8,12 9:9,24
10:2 12:5,14,
19,22 16:8,
11,19,22,23
17:3,20,24
18:21 19:5,7
21:3,14 22:7,
13 24:3,13
25:4 26:7
27:17 28:17
31:3,14 32:4,
18 33:18
35:7,20 36:25
37:4,13,15,25
38:4 39:4,9,
19,24 40:3,11
42:4,5,22
43:1 44:5,7,
13,20,24

45:1,5,7
46:3,9 47:16,
22 48:2,15
52:22,24
53:2,16 54:14
**keep** 15:5
53:10
**kind** 20:12
**Kleiman** 4:9,
10 10:13,14,
16,18 11:8,
18,23 13:1,4,
18 22:14,15
40:15,17
41:5,18 49:1,
19 50:6,7,16,
19,21,23
**Kleiman's**
37:8 38:8
50:25
**know** 7:5,14,
17 12:16,18
16:22 17:14
20:9,19 22:14
25:9,22
26:11,12
27:2,13,15,23
28:19 30:4,6,
9,13 31:2,23
32:1 34:19,22
35:2,4 36:17,
20 40:14
43:23 45:11,
25 49:20,21
**knowing** 34:12
**known** 31:4
**Kuharcik** 4:7
5:2,7,9 17:17
20:15 48:23
53:1

---

### L

**ladies** 30:19
**Las** 4:5
**last** 5:13
18:14 34:23
42:2,8 49:24

**late** 22:18,24
23:10,11,13,
20 25:10
27:22 53:7,8,
10
**Lauderdale**
4:6
**law** 43:2
**laws** 19:11
**lawsuit** 44:9
**lawsuits** 6:16
**least** 12:19
27:4 49:10
51:16
**left** 10:24
**Legal** 4:13,15
**less** 23:24
24:2 47:13
52:7
**let** 7:5,14,17
20:9 34:17,21
42:20
**let's** 15:9
20:13 23:11,
12 45:1 46:6,
10
**letter** 12:2,
7,12,18,25
42:16,18,21
43:2
**Levy** 4:13
53:19
**Levy's** 53:23
**libraries**
17:13
**library** 20:6
**Life** 23:19
**like** 8:8
16:13 18:3
20:14 23:11
28:21 33:4,5
34:24
**liked** 26:5
**likely** 43:14
**limitation**
28:12

litigation
16:18 49:2
little 6:18
17:18 18:15
20:8,13 23:24
29:22 32:24
44:13 48:9
52:13
LLC 13:8,18
location
42:14
lodge 15:25
longer 11:7,8
23:19
look 10:10
13:13 15:8,10
34:24
looking 15:11
louder 17:18
Louis 13:4
loved 30:19
luxury 32:10

## M

machines 29:7
made 17:7
39:8 43:3
47:23
make 6:20
12:15 16:13
27:18 38:19
42:20 53:24
54:1
making 28:13
31:11 36:13
mandatory
46:13
many 5:14
30:1 40:17
mark 8:8
marked 8:11
37:3 38:3
45:22
marriage 30:7
married 30:2

masters 14:16
material
20:10
materials
17:15 19:24
20:6
matter 15:23,
24 17:4
may 7:1 9:22
12:11,16,23
27:8
maybe 12:6
17:17 23:1
24:2,15 26:4
27:23 39:11
44:1 45:5
46:4 51:23,25
52:7,8
me 6:24 7:5,
14,17 9:6,25
11:2,22 12:7
17:16 18:5
20:9,17,24
21:7,15,16
26:12 27:10
29:22 34:17,
21 42:15,20
43:17 48:17
49:18,23
51:24 52:24
mean 30:10
36:12 39:15
medical 8:1
medications
7:24
meet 22:17,19
32:5
memory 7:24
mention 28:19
29:17 38:19
49:9
mentioned
12:24 18:1
21:19 23:12
25:14 27:25
28:1 29:19
41:2 43:18
50:14 51:16

mess 44:6
met 22:24
49:7
might 21:12,
23 34:17
million
39:21,22,24
47:4,21,23
mind 30:25
42:16
minute 44:14
minutes 48:17
misappropriate
d 13:17
misappropriati
ng 13:22
Monday 4:3
money 39:8,10
month 18:7
months 23:1,
4,13,15 41:18
42:2,8
more 29:22
30:4,5 39:8,
11,12,16,20,
22,24 42:14
43:14 46:16
47:24 48:9
motion 16:13
move 5:19
Mr 4:17,18
5:6,7,17,20,
21,24 8:8,12
9:8,9,22,24,
25 10:2 12:2,
5,6,10,14,15,
19,21,22
15:25 16:8,
10,11,16,19,
20,22,23,24
17:3,16,17,
20,21,23,24
18:19,21
19:4,5,7
20:15 21:1,3,
9,14 22:3,7,
10,13 24:1,3,
11,13 25:1,4

26:3,7,24
27:17 28:12,
17 31:1,3,7,
14,22 32:4,
15,18 33:16,
18 35:3,7,17,
20 36:25
37:4,12,13,
15,25 38:4
39:2,4,6,9,
17,19,22,24
40:1,3,8,11
41:9,10,21
42:1,4,5,17,
20,22,24
43:1,6,12,18,
20 44:3,5,7,
8,13,20,23,
24,25 45:1,3,
5,6,7,24
46:3,4,7,9
47:14,16,19,
22,25 48:2,
15,17,24
52:22,23,24
53:2,16,17,
19,23 54:4,8,
11,14,15
much 36:13
38:16,25
54:11
mutual 22:20
26:4
my 6:13 8:3
9:20 10:21
11:5 16:8
17:6 20:6,16
21:19,25 22:8
23:18 30:11
32:24 34:9
35:24 43:14,
20,24 44:6
45:4,19 48:25
50:24
myself 9:6,8

**N**

name  5:8
  48:25
narrow  18:15
near  26:15
  45:17
need  6:22
  7:16 14:22
  35:17 42:14
needs  42:13
never  11:14
  16:22 30:12
  39:15 44:4,22
  45:18 46:23
  47:18,23
new  20:15
next  32:24
  34:9 45:19
  51:1,11
no  6:6,11,17
  7:22,25 8:4,
  10 11:7,8,19,
  21,24 12:1
  13:3,5,7,10,
  12,20,25
  14:3,17 17:8
  23:19 24:7,23
  25:19,21,24
  26:17 28:22,
  25 29:2,9,11,
  13,16,18
  30:3,8,24
  32:8 33:6,17,
  24 34:5,12,
  20,22,25
  35:4,14 36:4,
  19,22,24
  37:2,21 38:2,
  15,21,24
  39:14,15 40:5
  41:3,6,16,19
  43:10 44:10,
  12 45:10 47:5
  48:8,11,14
  49:22 50:13,
  17,20,22

51:1,6,18,23
  52:4,12 53:15
nodding  7:9
non-client
  10:24 11:5
non-privileged
  27:15
not  6:12 7:2
  10:14,15
  16:2,13,16,17
  17:11 25:7
  32:8 34:16
  36:13 40:13
  46:1,11 47:9
  50:6 54:9
noted  16:8
Notes  19:24
nothing
  32:11,17
  52:23
now  4:2 8:18
  9:12 10:10
  11:13 13:13
  16:14 17:21
  20:8 24:8
  37:25 50:14
number  4:8
  8:18 10:10
  11:13,17
  13:13,14,21
  14:1 34:2
  42:12
Numerous  18:4

**O**

object  7:1
  18:19 19:4
  21:1,9 22:3,
  10 24:1,11
  25:1 26:3
  31:1,7,22
  32:15 33:16
  39:2,6,17
  40:1,8 44:23
  47:14,19,25
objection  7:2
  15:25 16:8

33:1 45:4
  52:22
observe  32:6,
  19
observed
  34:16
obtain  20:10
obtained
  35:2,12
obviously
  16:4
occasionally
  24:9
occur  26:14
occurrence
  6:13
of  4:4,6,7,9,
  12,13,14,18
  5:25 6:8 7:9
  8:6,17,25
  9:1,21 10:11,
  15 11:9,11,
  18,20 12:9,23
  13:1,4,9
  14:25 15:11,
  13,17 16:7,
  18,19,20
  17:1,4,6,12,
  14,22 18:3,
  23,24 19:2,9,
  20,21,22,23,
  25 20:1,12,18
  21:7,12 23:1,
  4 24:8 26:22
  27:20,21
  28:11,20,23
  29:14 31:5,
  10,12,17,20
  32:6,9,22
  33:11,20
  34:2,4,7,10,
  12,23,24
  35:8,11 36:18
  37:8,12,19,23
  38:19,22
  40:9,25
  41:12,14
  43:21 45:15

46:17,21
  49:1,9 50:2,
  6,15 51:15
  52:13 53:14,
  18 54:7
off  27:8
  44:14,15
  48:18 54:12
offering
  51:23
office  40:22
  42:19 43:24
  50:25 51:2,7
  53:24
often  10:23
  14:20 23:24
  24:16
Okay  7:15,18
  12:8 42:8,24
  49:3 53:17
  54:10
Olas  4:5
old  22:21
on  4:3,18
  5:17 6:11,20
  7:23 9:22
  10:11 11:13
  12:3,20 13:14
  15:4,23,24
  16:3 17:17
  19:24 26:4
  27:23 28:5,
  20,24 31:8
  34:23 36:6,9
  37:22 38:16,
  23 39:1,25
  40:7 42:12
  43:8,11 44:5,
  18 45:25
  48:21 49:19
  50:7 52:10
  54:4
once  24:2
  33:13,21
  49:20 52:7
  53:19
one  6:8 9:22,
  25 11:13

12:2,23,25
18:5 30:4,5,
25 37:12
49:9,10 51:16
52:24 53:3,4
54:1
**ones** 12:24
29:8
**ongoing** 50:16
**only** 13:21
33:13 35:24
**opinion** 16:2
**opportunity**
32:6
**opposed** 44:2
45:4 46:17
**opposing** 6:25
7:1 9:1 49:21
**or** 5:3,13,15
7:2,12 8:1
10:12,24
11:25 12:25
13:2,16,22
17:18 18:16
19:25 20:10,
11,22 21:16
23:2 25:9
27:4,9,11
28:8,14,18
30:12 31:9,
10,18 33:5,13
34:22 35:4
40:18,23
41:10 43:16
44:24 45:1
49:17,22
51:22 53:20,
21 54:1
**oral** 6:22
**order** 9:6,15
20:19 21:21
42:12 51:24
**organization**
18:25 19:1
**original** 20:4
**other** 8:1
11:22,23
12:24 13:1

14:16 17:9,12
20:10,11
24:8,10 28:9,
14,18 30:17
33:1,22 34:4,
9 35:11,12
36:2,18 40:25
41:1,8,10
51:14,16,23
52:2 54:1
**otherwise** 7:5
**our** 5:21
27:22
**out** 15:19
17:9 32:11
33:4,7,9,12,
19 42:10
43:19 49:15
50:21
**outgoing**
30:21
**over** 6:12,19
23:7 25:3
46:8
**overdue** 36:21
**oversee** 18:18
**owe** 19:3
**own** 52:17,19

---

**P**

**p.m.** 4:4
44:16,19
48:19,22
54:13
**page** 6:21
8:18 10:11
13:14
**paper** 46:15
**papers** 19:20,
22 20:2,12
28:23
**Pardon** 11:2
**part** 16:18
**particular**
26:1,23 29:6

**parties** 6:9
**party** 6:16
20:5 21:11
49:21
**passed** 11:12
45:16,20 52:6
**passing** 24:5,
20 40:16
**past** 21:22,25
41:18
**pause** 6:25
**payments**
34:18 36:15
52:9
**PDF** 9:21
46:17,21
**perhaps** 19:23
39:11
**period** 24:8,
20 53:4,6
**periodicals**
17:13 18:1
**permission**
49:23 50:7,10
**person** 31:20
32:9
**personal** 38:8
50:16
**personality**
30:15
**pertained**
28:7
**phone** 5:17,19
17:17 23:7
36:23 43:8
**place** 6:18
27:8 33:15
40:19 42:7
**plaintiffs**
4:19
**planning** 14:9
**play** 20:12
**please** 4:15
7:5,8,13,16
8:18
**point** 7:12
20:24 23:14

24:4,5 26:8,
13 28:3 46:16
50:14 53:13
**portion** 17:1
**possession**
43:24
**possible**
20:11
**possibly** 5:18
12:25
**practice** 6:13
17:6 23:18
**practicing**
14:10
**practitioner**
19:14,16
**preparation**
14:9
**prepare** 19:20
20:16 21:5
25:12,18
38:10 45:8
**prepared** 25:2
34:1,24 35:9
44:24 45:1
**preparing**
19:3,19 25:6,
11,20 35:12
45:15 48:4
**prescribed**
7:23
**presumably**
52:19
**prevent** 51:24
**preventing**
7:20
**previous** 39:1
45:23 46:11
**previously**
7:13 10:17
25:14 37:10
46:22 47:3
**printouts**
19:23
**prior** 20:18
21:5,19 50:10

privilege
  12:4 27:2,4,
  12
privileged
  27:1,14
probably
  22:18 23:16
  29:24 42:1
  43:22 46:7
problem
  31:13,16
  36:14 50:22
problems
  30:13
process
  15:17,21
  45:15
produce  9:3,5
produced
  8:21,24 25:15
  46:1
production
  8:6,17 12:13
profession
  14:4
professional
  14:6 18:23
  20:6 33:2,25
  50:18
Pronouncements
  15:3
property
  13:23 48:13
provide  40:23
  43:25
provided
  11:22 37:11
  43:23
providing
  15:3
public  14:5
purge  10:23
purged  10:21
purpose  4:6
  45:25
purposes
  29:25

put  17:21
  20:2,11
  39:20,22
putting  27:18

**Q**

quarter
  47:21,23
question  6:25
  7:4,6 11:6
  15:9,10,18
  17:11 27:13
  28:15,16
  30:11 32:24
  34:9,21 35:3,
  21 43:20 45:3
  53:3
questions  8:3
  16:11
quick  9:23
  30:19

**R**

rate  18:6
rationale
  22:5
re-ask  34:21
reach  15:19
  50:21
reached  43:19
  49:15
reaching  17:9
read  15:14
  16:24,25 17:2
  53:18,23
  54:1,8,9
reading  15:15
  53:22
realized  50:6
really  29:24
  43:15 46:3
  50:15 54:4
reason  7:19
  8:2 23:3
  37:18 38:14

recall  8:5
  12:5,17 18:3
  22:21 26:14
  29:5,8,24
  30:1,12
  31:11,15 32:9
  33:6 34:25
  38:22 39:12,
  18,20 40:6,20
  42:6 43:8,13
  47:9,12
receive  12:7
  21:10
received
  10:12 11:14
  34:10 43:2
  51:2
receiving  8:5
  50:10
recent  18:11,
  13
recently
  51:18
recess  44:17
  48:20
recognize
  8:13 37:5
  38:5
recollection
  40:12 50:5
record  4:3,16
  5:8 10:15
  12:15 16:1
  17:1 41:23
  42:2 44:14,
  15,18 48:18,
  21 54:12
records  21:6,
  11 36:1,3
  53:20
REDIRECT  53:1
referring
  47:1
regarding
  27:5 51:9
regards  11:17
  13:22

regular  6:13
  33:13
Regulation
  18:24
regulations
  17:14
regulatory
  18:17
related
  13:15,24 15:4
  20:21 27:19,
  24 28:10,18
  29:3
relating
  13:19 14:2
relationship
  24:24 33:2,25
  50:16,19
  52:14
release  49:23
remarkable
  32:17
remember  7:12
  12:10 25:15
  31:12,19 52:2
Repeat  28:16
reporter  4:13
  6:23 7:9
  16:25 17:2
reposition
  17:18
represent
  41:22 49:1
Representative
  4:9
representative
s  50:6
represents
  41:5,10,18
request  8:16
  10:10 11:13
  13:13,15,21
requested
  8:19
require  17:5
requirement
  14:22 46:14

requirements
19:16 43:14
reschedule
43:19
Research
13:8,18
researched
19:24
resource
17:15
respect 6:8
respond 7:1,2
response 8:21
17:19 22:8
31:15 37:11
responses
6:23 7:8
responsibiliti
es 19:13,18
responsibility
19:14
responsive
9:17 32:2
restaurant
33:5,9,11,14
return 19:10,
19,21,25
20:16,19
21:20,25
25:18,20,22
37:9,20,22
38:9,17 39:25
40:7 46:23,24
returned
45:19
returns 8:25
9:1,21 19:3
21:10 25:3,6,
12,15 34:2,6,
23 35:9,12
36:7,9 38:19,
23 39:1 44:22
45:9,16,22
46:11,15,16,
19,21 47:5
48:4
revenue
19:10,15

Rick 4:13
right 9:12
16:14 17:21
31:21 32:1,3
44:4 51:19
53:11,17,21
role 6:7
room 5:22
ruling 15:22
run 10:6

─────────

S

said 7:13
11:5 16:17
20:9 23:20
39:23 43:24
44:1 47:5
same 6:20
19:13 42:21
46:25
satisfactory
22:8
save 44:5
46:17
say 7:8 16:16
20:16 21:15
34:13,25
40:10 44:25
45:18 47:20
48:12
saying 16:13
47:18 51:3
says 8:19
10:11
scheduling
12:11,17,23,
25 51:20
Schiller 43:4
scope 17:6
searches
10:6,8
second 6:25
9:22,25 13:14
51:19 52:24
see 9:14
20:18,19

22:25 23:13,
25 42:12,13,
16 53:19
seeing 23:3,
6,14,24 24:9
43:22
sending 23:9
sent 10:12
42:9
set 19:20
51:18
settlement
31:18
she 31:10
short 41:22
should 46:7
54:9
shred 10:25
side 50:7
similar 13:21
Since 6:18
14:10,11,12
54:6
sir 48:25
sit 33:13
site 20:7
situation
20:20 35:16,
22
six 13:14
slighted 31:6
slowly 26:25
smart 30:19
so 6:7,22,23,
25 7:9 9:7,10
10:13 11:5,8,
13 15:8 17:7,
9 19:22 23:2,
12,19,20
27:7,18 28:3,
18 34:9,25
41:22 42:2
43:2,19 44:3
45:4 46:10,
16,19 47:23
50:10 51:8
52:5 54:11

social 23:5
27:7 52:14
socially
23:6,19
some 6:19
8:17 9:21
12:16 15:7,
13,17 20:24
26:8,12
27:21,24
28:23 31:10,
12,17 36:15
39:7,8 40:25
43:17 46:16
somebody
10:24 11:7
31:5 48:6
someone
48:10,12
50:7,24
something
7:12,13 15:5,
8,10 30:11,12
31:8,10,18
33:5 34:16
42:14
sometime 25:9
26:15
sometimes
21:22 26:6
40:14
somewhere
46:14
sorry 5:17
10:3 16:24
17:16
sort 15:17
28:23 31:10,
12,17 40:25
41:14 50:15
54:7
source 15:11,
13 20:1,4,10,
11 21:22
35:8,11
sources 17:12
20:5,11 21:11

Southern  4:11
speak  17:18
  29:10,19,23
  30:25 34:17
  40:17,23
  41:7,9,17
  43:11 44:8,11
speaker  17:21
specific
  15:23 18:7
  21:13
specifically
  43:13 48:9
specifics
  31:12
speculating
  6:11
spending  33:3
  34:11
spoke  40:21
  51:25 52:7
spoken  40:15
  41:4,20 49:4
stand  31:20
  32:3
start  15:9
  20:14 25:5,20
  27:16 46:8,10
started  23:23
  25:11 46:16
starting
  23:11,13
state  4:15
  5:7 10:13
  11:14 34:21
  48:9
stated  10:3
  16:23 25:25
  26:19 33:19
  34:1 37:10
  39:1,15 44:21
statement
  37:19
States  4:11
stating  6:24
  42:22

stealing
  13:23
still  46:25
  53:10
stole  13:16
  48:6,10,12
stood  32:11
stop  11:11
  53:13
stopped  23:14
strike  7:19
strip  33:21,
  22
struggling
  36:11,12
stuck  31:24
stuff  27:19
  45:18 49:19
subject  12:13
subpoena  8:5,
  9,16,22 9:17
  37:11 42:9
  51:2
subpoenaed
  51:3
substance
  41:12 43:21
substantive
  50:11
such  26:5
  36:15
suggested
  49:21,22
suitable  44:1
summarize
  20:8
Support  4:14,
  15
sure  6:20
  9:24 12:15
  16:10 17:11
  18:6 25:7
  42:21 43:15
  47:13
sworn  5:3
system  9:20
  10:4,23

systems  10:22

_____

          T
_____

take  6:23
  7:10,16 9:23
  14:18,23
  26:24 40:19
  44:13 54:14,
  15
taken  4:7
  44:17 48:20
taking  4:6
  42:6
talk  23:7
  28:6,23 29:12
  50:8
talking  23:10
  27:21 42:21
tax  8:25 9:21
  14:8,9 15:4,
  19 17:10,14
  19:3,19,21,25
  20:16,19
  21:6,12,19,25
  25:3,6,11,15,
  18,20,22
  28:8,9,13,18
  34:1,6,18
  35:9,12 36:1,
  3,7,9 37:8,
  19,22 38:8,
  16,19,23
  39:1,25 40:7
  44:21 45:9,
  15,21 46:11,
  15,23,24 47:5
  48:4 52:9
technology
  29:3,5
telephonic
  24:15,16
telephonically
  40:21
tell  7:2
  20:17 28:10
  48:6 49:17

ten  5:13
  13:13 14:1
tendered
  16:17
testified  5:4
testifying
  16:2
testimony
  7:21
than  11:22
  12:24 17:9
  24:8 28:9,14,
  18 30:4,5
  33:1,22 34:9
  35:12 36:2
  39:8,12,16,
  20,22,24
  40:25 41:8
  43:14 47:7,
  10,24 51:14,
  23 52:2
Thank  6:14
  9:14,25 12:14
  18:17 19:2,12
  23:23 32:5
  46:22 47:3
  54:11
Thanks  17:23
that  6:14
  7:6,19,20,24
  9:16,19 10:4,
  12,13 11:9,
  10,14,22
  12:3,5,12,16,
  17,24 13:9,
  16,17,19,24
  14:2,22 15:5,
  8,9,11,19,21,
  24 16:23,24
  17:11,22
  18:1,15,18,25
  19:1,2,18,24
  20:1,2 21:12,
  15,16,20
  22:22 24:6,8,
  19 25:14,25
  26:1,8,11,12,
  13,19,23
  27:1,2,7,8,9,

15,25 28:3,
11,13,15,21,
24 29:1,6,19
30:12,14,17
31:4,8,11,16,
24 32:10,14
33:5,22 34:1,
9,13,21,22,23
35:3,8,18,25
36:5,6 37:7,
10,11 38:7,22
39:5,15 40:10
41:2,4,10,12,
14,17 42:4,6,
8,11,16,17
43:2,4,6,11,
21,24,25
44:4,21,22
45:19,21,22
46:10,14,15,
23 47:9,17,
18,24 48:3,6,
12 49:11,13,
20,21,22,24
50:1,5,10,22
51:3,5,8,14,
19 52:2,14
53:5,21,25
54:1,5

**that's**  16:14,
20 17:6 20:5
34:16 38:8
42:18 45:4,6
48:15 53:16,
22

**their**  4:15
30:13

**them**  9:5,10,
12 12:23
13:11 15:14
25:12 50:8
51:17

**then**  6:25 7:1
20:2,11 27:10
35:19 40:20
43:3,25

**there**  7:19
8:1 12:2,8,
11,16,17,18,

19,21,23
14:22,24
15:17 17:9,
11,13 18:17
20:23 23:14
24:4,5 26:1,
22,25 31:8,
10,12,17 32:1
36:14 37:18
39:7 47:17
52:13 53:3

**there's**  12:18
53:20

**thereupon**  5:1
17:1 44:17
48:20

**these**  6:10
9:16,21 19:22
38:19 40:19
46:19,20

**they**  6:10
15:2 18:22
25:16,17
29:15 30:14
44:4 49:15,
17,18,20,21,
23 50:6

**they're**  9:15
44:3

**thing**  27:3
45:19

**things**  17:18
26:1 28:21

**think**  12:2,7
27:9 31:17
32:2 36:11,
13,14 41:21
42:1 46:7
50:1 51:16,25
52:6 54:3

**thinking**  40:9

**third**  20:5
21:11

**this**  6:12
8:6,13,16,22
13:14 20:14
22:1 23:11
26:14,24

27:18 37:16,
19,22 38:12,
16 41:8 43:2
44:5 45:25
49:1,14 50:2,
3,14 51:9

**those**  5:25
6:16,18 9:3
10:8,20,21
17:25 19:8,18
34:6

**thought**  31:21

**three**  5:15
6:3,10,11
10:11,25
18:16 40:18
41:18 42:2

**through**  9:20
10:4 15:15
17:25 22:20
24:8,10,19
31:25 33:1
35:16,23 36:1
52:16

**throughout**
26:18 48:3

**time**  4:4 7:4,
16 22:22
23:12,14
24:4,6,8,19
26:8 31:25
43:17 44:16,
19 46:15
48:19,22
49:25 52:13
53:4,5,13
54:13

**timeframe**
46:14

**times**  5:14
6:12 24:18
30:1 40:17
52:8

**timid**  30:23

**to**  5:7,18,19,
22 6:2,8,16,
19,20,22,24
7:2,6,13,16

8:2,8,18,21
9:5,6,17,21
10:13,20
11:14,17
12:13,15
13:13,15,17,
19,22,24
14:2,23 15:5,
7,8,10,14,18,
19 16:1,2,4,
6,11,13,14,23
17:7,9,10,11,
17,19,25
18:8,19 19:4,
13,14,15,17
20:8,15,16,
18,19,21
21:1,5,9,15,
16,21,23
22:3,5,8,10
23:6 24:1,11
25:1,8 26:3,
5,12,24 27:3,
4,8,9,10,11,
19 28:6,7,9,
10,23 29:10,
12,14,17,23
30:6,17,25
31:1,7,15,22
32:6,15,19,
24,25 33:5,7,
9,12,16,19,
21,25 34:13
35:15,18,21
36:25 37:8,
11,18,25
38:14,25
39:2,6,17
40:1,8,21,23
41:4,9 42:12,
13,14 43:3,
14,19,22,23,
25 44:2,4,8,
11,13,23
45:4,17
46:13,16,17,
20 47:1,14,
19,25 49:14,
15,18,22,23

50:4,8,10,21,
22 51:3,18,
23,24,25
52:1,10
53:18,19,20,
21,22,23,24,
25 54:1
**today**  4:3
7:21 8:3 49:7
53:25
**together**
27:23 45:18
**told**  44:3
**took**  6:18
**topics**  15:4
18:3,4 29:3,5
**touch**  53:24
**tough**  31:25
**townhouse**
32:16
**transcript**
44:6
**transitioned**
46:13
**treat**  15:19
17:11
**tricky**  40:14
**true**  16:20
**trusts**  14:9
**try**  5:22 6:24
20:8 21:23
32:25
**trying**  28:9
49:18 50:4
52:1
**turn**  5:22
8:18
**twenties**
22:23 53:5
**twice**  33:13
**two**  5:15 8:25
9:21 11:17
12:25 14:21
18:16 25:15
34:23 40:18
42:8 46:19
48:17 54:14

**type**  5:25
17:4 18:3
21:7 27:6,19,
20 28:11,19
31:20 32:6,9,
22 33:11,20
34:4,24
**types**  36:18
53:19
**typically**
19:17 32:7
33:11

_____

**U**

_____

**under**  43:14
**understand**
7:5 8:2 50:4
**understanding**
20:3
**understood**
7:6
**undisclosed**
26:12
**United**  4:11
**Unless**  7:1
**unreasonable**
44:4
**until**  24:5,20
27:16 46:15
52:6,16
**up**  5:22 15:5
27:10 30:12
31:20 32:3,5
34:14 44:6
45:17 46:14
51:18 53:3,
19,22
**upon**  15:24
21:13 22:4
**US**  4:13,14

_____

**V**

_____

**van**  32:23
**vary**  23:1

**verbal**  7:8
**versus**  4:10
**very**  13:21
17:18 22:2
23:18 30:19
32:2
**video**  4:3,7
44:15,18
48:18,21
54:12
**videographer**
4:2,14 44:15,
18 48:18,21
54:12
**virtual**  29:7
**virtually**
46:13
**visit**  26:16
32:12
**volume**  5:22

_____

**W**

_____

**W&k**  13:8,18
**wait**  6:24
**waive**  53:21
54:2
**want**  7:13
13:13 20:8,16
32:25 53:20
**wanted**  12:15
43:19 50:7
**was**  5:4 6:2,
4,7 8:10 9:8,
20 12:2,3,8,
19,21 16:17
17:2 23:14,18
24:19 25:22
26:9,15 28:3,
11,24 29:1,24
30:2,4,5,25
31:8,9,10,12,
17,20,21,24,
25 32:1,2,3,
9,16 33:20
35:25 36:6,
11,13,14,15,
17,20 37:2,

16,22 38:2,
12,22 39:1
40:22 41:1,
12,15 42:1,8
43:6,16,21
44:17 45:3,19
46:1,22,23
47:1 48:3,20
49:13,24
50:1,3,22
51:1,3,5,6,8,
11,19 52:13,
19 53:4,5
54:17
**wasn't**  22:8
43:15
**way**  34:12
49:22 50:22
54:1
**we**  4:2,4 5:18
12:24 20:22
23:19 25:2
26:5 27:10,22
33:21 34:17
35:4 42:9,13
43:19 45:18
46:16 49:7
53:3
**we'll**  27:2
35:19
**we're**  6:20
13:15 23:10
26:24 27:3
**wear**  32:7,10
**Web**  20:7
**well**  10:21
19:9,16,20
21:5 34:18
41:8 43:17,25
44:1 54:15
**went**  9:20
10:3 31:8
33:4,21 47:18
**were**  5:16,25
6:5,10,16
12:3 15:11
23:19 25:2,
16,17,25

26:1,19,22
27:25 28:1
30:13 44:22
45:15 46:19,
23 48:3
49:18,20,25
50:6 52:17
53:4
**weren't**  12:6
52:10
**what**  5:25
6:2,7,23
8:15,24 10:20
12:24 14:4,6
15:2,21 16:3
17:4 18:3,22
19:8,17,22
20:1,9,13,16,
19 21:7,21,
23,25 22:2,4,
8 23:3,17
25:5 26:11
27:19 28:19
29:23 30:6,
10,13 31:15,
21 32:3,6,22
33:1,11,20
35:25 36:9,12
37:7,22 38:7
39:5,10 41:12
42:13 43:11,
21 44:25
45:6,25 46:1
49:17 53:5
54:3
**what's**  14:14
28:20 40:12
**whatever**
40:24 49:24
**when**  5:12 9:3
11:11,12
14:10 19:3,18
21:4 22:17
23:21 24:6
25:5,11 26:18
27:22 31:24
32:5 33:19
34:21 35:8
40:19,21 41:9

42:6,20 43:20
45:16 46:16,
22 49:13 50:5
53:4
**Whenever**  42:9
**where**  8:19
15:18 17:4
28:9 31:5
35:12 39:7
46:20 52:13
53:4
**whether**  27:4,
11 36:20
**which**  4:10
21:22 25:15
**while**  6:19
**who**  9:5 10:24
11:7 29:15
31:20
**whose**  43:15,
16
**why**  8:2 21:20
45:11,13 54:8
**will**  4:15
12:13 17:22
27:1 53:24
54:14,15
**with**  6:8 7:3
9:1,6,10
10:14,16,17
11:17,23
13:1,11,22
15:6,9 16:14
19:10,15,18
20:12,20
21:16 23:7
24:9,14,17,24
25:23,25
26:2,19,20,23
27:1,20 28:3
31:9,24 32:5
33:2,7,9,19,
23 34:1,14
36:14,18
37:16 38:12
40:15,17
41:17,20
43:12 49:10

50:11,16,19
51:15,17
52:3,7,11
53:4,11,24
**witness**  4:20
5:16,19 6:5
12:8 16:1,2,
4,18 17:20,22
18:20 19:6
21:2,10 22:4,
11 24:2,12
25:2 26:4
28:16 31:2,8,
23 32:16
33:17 35:6
37:14 39:3,7,
18 40:2,9
41:24 42:18
46:6 47:15,20
48:1 54:3,6,
10,16
**won't**  27:2
**wondering**  9:8
**work**  6:8
18:18 19:20,
22 20:2,12
28:6,10,11,20
34:4
**working**
28:20,24
**would**  5:7
7:20 8:2,8
10:13,21
11:14 15:5,8,
10,11,18,21,
23 16:5,6,12
17:4,5 19:8,
12,17 20:1,
22,24 21:4,7,
15,20 22:2,5,
9,21,25 23:1,
3,6,13,25
24:14,16,24
25:12 26:19,
23 27:9,20
28:6,10,13,
19,23 29:19,
23 30:15,17,
20,23 31:20

32:3,5,7,10,
14,22 33:3,
11,15,19
34:6,11,13,25
39:5,10 40:10
43:13,25
44:1,4 46:15,
17,24 47:17,
20 53:10
**wouldn't**
22:11
**Wright**  4:10,
17 11:15
13:16 29:17
49:11 50:1,12
**Wright's**
51:12,15 52:3
**written**  24:22

_____

          Y

**year**  21:17
22:1,2 24:2,
18 25:5,12
34:7,11,18
37:23 49:14
50:2,3,15
52:7,8
**year's**  20:18
21:19,25
**years**  5:13
6:12 10:25
14:21 18:14,
16 25:3,15
26:18 31:4
34:2,23,25
35:16,22 39:7
45:23 46:12
48:3
**yes**  5:9,11
6:15 7:8,11
8:7,14,20,23
9:11,13,18
10:5,7,9,19
12:8 14:13,
19,24 15:1,7,
20 17:13
18:2,10,20

19:6 21:2,18
22:16 23:8,16
24:12,21
25:13,17
26:10,21
28:2,5 29:4,
7,21 30:5,13,
22 32:13,21
33:8,10 34:3,
8 35:4,6,10
36:8 37:6,13,
14,17 38:6,
11,13 39:3
40:2,10 41:24
42:22 43:5,7,
18 45:12 46:4
47:6,15,20
48:5 49:6,8,
12,16 50:3
51:10 52:18,
21 53:12

**Yesterday** 9:4

**yet** 16:19,20,
21

**you** 5:7,10,
14,16 6:5,14,
16,22,23,25
7:2,4,6,8,12,
13,16,20,23
8:2,5,13,18,
21,24 9:3,5,
7,10,12,14,
16,19 10:1,3,
6,10,12,13,
17,23 11:5,8,
14,22,23
12:3,6,7,12,
13,14 13:1,6,
13,18,23
14:1,7,10,12,
16,18,22,25
15:5,8,9,10,
11,14,16,18,
19,22 16:12,
23,24,25
17:4,5,7,10,
14,25 18:1,3,
5,8,15,17
19:2,3,5,12,

17,18 20:9,
11,12,13,15,
16,19,20,24
21:4,7,15,16,
19,20,23,25
22:1,2,8,9,
14,17,19,21,
24,25 23:7,
12,14,20,23,
25 24:9,14,
16,24 25:5,8,
11,12,14,15,
18,20,22,25
26:1,8,11,14,
16,18,19,20,
23,25 27:8,9,
10,16,20,23,
25 28:1,3,6,
10,15,19,23
29:5,8,10,12,
14,17,19,22
30:1,4,6,9,
10,11,15,17,
20,23 31:5,15
32:1,5,6,9,
12,14,19
33:2,3,4,7,9,
11,15,19,22
34:1,4,10,11,
16,19,21,22
35:2,4,5,9,
11,15,17,21,
25 36:2,5,12,
17,20 37:5,
10,11,18
38:5,10,14,
22,25 39:10,
12,15,20,23
40:6,9,15,17,
23 41:4,7,9,
17,20,21
42:6,16 43:2,
3,8,11,16,18,
19,20,23,25
44:3,8,11,21,
25 45:8,11,
15,21,22
46:4,7,10,22,
24 47:3,4,5,

13,17 48:3,6
49:4,9,15,17,
19,21,25
50:1,5,7,10,
14,15,16,18,
19,21,24
51:8,14,16,
22,25 52:2,6,
10,13,16
53:4,10,13,
17,20,21,22,
23,24,25
54:3,4,6,8,9,
11

**you're** 15:24
16:4 17:11
18:22 33:1
40:14 42:20,
22 45:6,25
54:8

**you've** 21:21
31:4 49:4

**your** 5:7 6:2,
7 7:3,9,20,24
9:1 10:4,8,23
14:4,14 15:24
16:5 17:14
18:18 19:3
20:1,2,12,18,
19,20,21
21:5,13 24:24
36:5,9 40:12
42:23 45:18
46:5,24 49:9
50:4,5 51:2,6
52:3,17

**yours** 11:9,
11,18,20
13:4,9 53:14

---

**Z**

**Zalman** 4:17

# RIVERO MESTRE

November 6, 2019

*By hand delivery*

Mr. David Kuharcik
860 US Hwy 1, Ste 207B
North Palm Beach, Florida 33408

> *Re:*   *Ira Kleiman, as personal representative of the estate of David Kleiman, and W&K Info Defense Research, LLC, v. Craig Wright,* **Case No. 9:18-cv-80176 (S.D. Fla.)**

Dear Mr. Kuharcik:

Enclosed is a subpoena for your testimony and the production of documents in the above-referenced matter. If you need to reschedule the date listed in the subpoena, please contact our office at (305) 445-2500, so that we may coordinate a new date.

If you have any questions, please feel free to contact us.

Sincerely yours,

*for* Andrés Rivero

Enclosures



Rivero Mestre LLP
www.riveromestre.com
T 305 4452500   F 305 4452505

MIA  2525 Ponce de Leon Blvd.
Suite 1000
Miami, FL 33134  NYC

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as the personal
representative of the Estate of David
Kleiman, and W&K Info Defense
Research, LLC

CASE NO.: 9:18-cv-80176-BB/BR

     *Plaintiffs,*

v.

CRAIG WRIGHT

     *Defendant.*

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

**YOU ARE COMMANDED** to appear at the time, date, and place set forth below to

testify at a deposition to be taken in this civil action.

| NAME | DATE AND TIME | LOCATION |
|------|---------------|----------|
| David Kuharcik | Tuesday, November 26, 2019 10:00 A.M. | Rivero Mestre LLP 2525 Ponce de Leon Bvld., Suite 1000 Miami, FL 33134 |

     The deposition will be upon oral examination before a notary public or any other officer

authorized by law to take depositions. The deposition will be recorded stenographically and by

videotape. The following provisions of Fed. R. Civ. P. 45 are attached—Rule 45(c), relating to

the place of compliance; Rule 45(d), relating to your protection as a person subject to a

subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the

potential consequences of not doing so.

Dated: November 6, 2019.

Respectfully submitted,

RIVERO MESTRE LLP
*Attorneys for Dr. Craig Wright*
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: amcgovern@riveromestre.com
Email: arolnick@riveromestre.com
Email: bpaschal@riveromestre.com

By: s/ Andres Rivero
ANDRES RIVERO
Florida Bar No. 613819

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida  ▾

| | |
|---|---|
| Ira Kleiman, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  9:18-cv-80176 |
| Craig Wright | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                         David Kuharcik

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Attached as Schedule A, which is incorporated in this Subpoena.

| Place: Rivero Mestre LLP | Date and Time: |
|---|---|
| 2525 Ponce de Leon Blvd. Suite 1000, Coral Gables, FL 33134 | 11/20/2019 11:37 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   11/06/2019

CLERK OF COURT

                                                    OR

_____              Bryan Paschal
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Craig Wright
_____ , who issues or requests this subpoena, are:
Andres Rivero, 2525 Ponce de Leon Blvd., Suite 1000, Coral Gables, FL 33134, arivero@riveromestre.com, 305-445-2500

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 9:18-cv-80176

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

### to Subpoena for Production of Documents to David Kuharcik

#### I.     DEFINITIONS

As used in this Subpoena, the following terms and words have the following meanings:

A.      "Communications" means any oral, written, or electronic transmission of information, including, but not limited to, letters or correspondence, conversations, meetings, discussions, telephone calls, telegrams, telecopies, telexes, seminars, conferences, messages, facsimile transmissions, electronic mail, vistomail, notes or memoranda.

B.      "Control" means in your possession, custody, under your direction, or available to you upon reasonable demand, and includes in the possession, custody, or available upon reasonable demand, of those under the direction of you or your employees, subordinates, counsel, accountants, consultants, experts, parent or affiliated corporations, and any persons purporting to act on your behalf.

C.      "Cryptocurrency" means any digital currency in which encryption techniques are used to regulate the generation of units of currency and verify the transfer of funds, operating independently of a central bank. It shall include, but not be limited to, Bitcoin, Bitcoin Cash, any other "forked" Bitcoin asset, and Etherium's Ethers.

D.      "Document" means any item within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, any written or graphic matter or other means of preserving thought or expression, all tangible things from which information or thoughts can be processed or transcribed, and all copies containing additional matter, however produced or reproduced, of any kind and description, in your actual or constructive possession, custody, care, or control, that pertain directly or indirectly, in whole or in part, either to any of the subjects

listed below or to any other matter relevant to this action, or which are themselves listed below as specific documents, including, but not limited to, the following: correspondence, memoranda, notes, messages, letters, telegrams, teletyped messages, facsimiles, electronic mail, text messages, social-media posts, bulletins, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, worksheets, receipts, computer memory, word processing data, computer printouts, work-product schedules, account records, patents, licenses, legal pleadings, minutes of directors' meetings, minutes of shareholders' or other meetings, work assignments, transaction files, statistical records, financial records, bank records, security agreements, testing reports, newspaper or magazine articles, stories or clippings, affidavits, pleadings, contracts, transcripts, surveys, graphic representations of any kind, photographs, graphs, microfilms, videotapes, tape recordings, motion pictures or other films, or information maintained in any electronic medium (including, but not limited to, information found in computer hard drives, flash drives, USB drives, pocket drives, CDs, backup tapes, metadata, and PDFs).

E.      "Electronic Devices" means devices that are capable of storing or processing information or data including computers, phones, mobile devices, tablets, servers, ASIC, hard drives, flash drives, and USB drives. Included in this definition are web-based services, such as email, social media, and cloud storage.

F.      "Including" means "including without limitation."

G.      "News agency" means any person or entity that publishes or makes available content to the public. This includes, but is not limited to, traditional media outlets (such as newspapers and magazines), on-line media outlets, blogs, videos, and podcasts.

H.      "Relating to" and "relate to" means directly or indirectly referring to, evidencing, discussing, defining, mentioning, reflecting, regarding, pertaining to, consisting of, concerning,

2

recording, evaluating, or in any way logically or factually connected with the matter discussed or to which reference is made.

I.         "You" means Carter Conrad, and any agent, employee, attorney, independent contractor, or any other person acting at the direction of, or on behalf of, Carter Conrad.

## II.        RELEVANT TIME FRAME

Unless specified in a request, this request includes and encompasses all information available from January 1, 2008, to present.

## III.        INSTRUCTIONS

1.         You should produce the documents as follows: (1) in the exact order in which they are kept in the ordinary course of business; or (2) classified according to the specific request(s) to which they are responsive.

2.         To the extent that you do not have possession, custody, or control of any documents identified as responsive to a particular request herein, please indicate the lack of possession, custody, existence, or control of the responsive documents in your response.

3.         Pursuant to Rule 45(e)(1)(a) of the Federal Rules of Civil Procedure, documents, shall be produced either (a) as they are kept in the usual course of business (in which case they shall be produced in such fashion as to identify the department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found or the server or central file in which it was found and the address of each document's custodian(s), or (b) segregated as responsive to a specific Request enumerated in these Requests, with such specific Request identified.

4.         All electronic documents and e-mail are requested to be produced in electronic format by a forensically sound method, with all original metadata preserved and intact.

5.    ESI should be produced as follows:

    a.    Email, instant messaging, calendar, contacts, and word processing files must be derived from the original electronic media and provided in native format

    b.    Dynamic files (e.g. databases, spreadsheets, project files, etc.) shall be produced in original native format with all accompanying metadata, along with all such software necessary to interpret the produced information if such software is not readily commercially available.

    c.    For all ESI not specified above, production shall be made in native format with all accompanying metadata, along with all software necessary to interpret the produced information if such software is not readily commercially available.

6.    This Subpoena does not seek the production of documents protected by the attorney-client privilege or work-product rule. However, if you withhold production of or redact a document requested here as privileged, work product, or on any other basis, please state the following in a privilege log for each document withheld:

    a.    the type of document (e.g., correspondence, memorandum, e-mail);

    b.    the date of the document;

    c.    the person(s) who signed the document;

    d.    the person(s) who received the document or a copy of it;

    e.    the reason for non-production; and

    f.    the substance of the document.

7.    If you file a timely objection to any portion of a Request, definition, or instruction, please provide a response to the remaining portion.

## IV.    DOCUMENTS REQUESTED

1.    All documents relating to communication, including but not limited to emails, notes, memorandum, text messages, letters or other communication, that You sent to, or received from, Craig Wright, including his representatives.

2.    All documents relating to communication, including but not limited to emails, notes, memorandum, text messages, letters or other communication, that You sent to, or received from, Ira Kleiman, including his representatives.

3.    All documents relating to communication, including but not limited to emails, notes, memorandum, text messages, letters or other communication, that You sent to, or received from, David Kleiman, including his representatives.

4.    All documents relating to communication, including but not limited to emails, notes, memorandum, text messages, letters or other communication, that You sent to, or received from, Louis Kleiman, including his representatives.

5.    All documents that reference or relate to Craig Wright.

6.    All documents that reference or relate to W&K Info Defense Research, LLC.

7.    All documents that reference or relate to David Kleiman's work or involvement with Bitcoin or Cryptocurrency, including mining of Bitcoin.

8.    All documents that reference or relate to David Kleiman's possession or ownership of Cryptocurrency.

9.    All documents that relate to David Kleiman's financials, including but not limited to, tax documents.

10.     To the extent not covered by the above requests, all documents related in any manner to the estate of David Kleiman and its allegations in this action that Craig Wright stole or misappropriated Cryptocurrency that belonged to David Kleiman or W&K Info Defense Research, LLC.

11.     To the extent not covered by the above requests, all documents related in any manner to the estate of David Kleiman and its allegations in this action that Craig Wright stole or misappropriated intellectual property that belonged to David Kleiman or W&K Info Defense Research, LLC.

Dated: November 6, 2019

**RIVERO MESTRE LLP**

*Attorneys for Craig Wright*
2525 Ponce de León Blvd., Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505
E-mail: arivero@riveromestre.com
E-mail: amcgovern@riveromestre.com
E-mail: arolnick@riveromestre.com
Secondary: receptionist@riveromestre.com

By:     /s/ Andrés Rivero_____
        ANDRES RIVERO
        Florida Bar No. 613819
        AMANDA MCGOVERN
        Florida Bar No. 964263
        ALAN H. ROLNICK
        Florida Bar No. 715085
        BRYAN PASCHAL
        Florida Bar No. 091576

Form **1040**   Department of the Treasury — Internal Revenue Service

**U.S. Individual Income Tax Return**   **2010**   (99)   IRS Use Only — Do not write or staple in this space.

For the year Jan 1 - Dec 31, 2010, or other tax year beginning , 2010, ending , 20

OMB No. 1545-0074

**Name, Address, and SSN**

Your first name: DAVID   MI: A   Last name: KLEIMAN

Your social security number

If a joint return, spouse's first name   MI   Last name

Spouse's social security number

See separate instructions.

Home address (number and street). If you have a P.O. box, see instructions.   Apartment no.

Make sure the SSN(s) above and on line 6c are correct. ▲

City, town or post office. If you have a foreign address, see instructions.   State   ZIP code

Checking a box below will not change your tax or refund.

**Presidential Election Campaign**   ► Check here if you, or your spouse if filing jointly, want $3 to go to this fund? ............ ►   [ ] You   [ ] Spouse

**Filing Status**

Check only one box.

1   [X] Single
2   [ ] Married filing jointly (even if only one had income)
3   [ ] Married filing separately. Enter spouse's SSN above & full name here ► 
4   [ ] Head of household (with qualifying person). (See instructions.) If the qualifying person is a child but not your dependent, enter this child's name here. ►
5   [ ] Qualifying widow(er) with dependent child

**Exemptions**

6a   [X] Yourself. If someone can claim you as a dependent, **do not** check box 6a ............

b   [ ] Spouse ...........................................................................

Boxes checked on 6a and 6b ... **1**

c Dependents:

| (1) First name   Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✓ if child under age 17 qualifying for child tax cr (see instrs) |
|---|---|---|---|
| | | | [ ] |
| | | | [ ] |
| | | | [ ] |
| | | | [ ] |

No. of children on 6c who:
• lived with you .....
• did not live with you due to divorce or separation (see instrs) ....
Dependents on 6c not entered above ..

If more than four dependents, see instructions and check here ... ►

d Total number of exemptions claimed ........

Add numbers on lines above ► **1**

**Income**

Attach Form(s) W-2 here. Also attach Forms W-2G and 1099-R if tax was withheld.

If you did not get a W-2, see instructions.

Enclose, but do not attach, any payment. Also, please use Form 1040-V.

| | | |
|---|---|---|
| 7   Wages, salaries, tips, etc. Attach Form(s) W-2 ................................... | **7** | |
| 8a   **Taxable** interest. Attach Schedule B if required .............................. | **8a** | |
| b   Tax-exempt interest. **Do not** include on line 8a ........ | 8b | | |
| 9a   Ordinary dividends. Attach Schedule B if required ................................ | **9a** | |
| b   Qualified dividends ................................ | 9b | | |
| 10   Taxable refunds, credits, or offsets of state and local income taxes ........... | **10** | |
| 11   Alimony received ................................................................. | **11** | |
| 12   Business income or (loss). Attach Schedule C or C-EZ ............................ | **12** | 14,102. |
| 13   Capital gain or (loss). Att Sch D if reqd. If not reqd, ck here .......... ► [ ] | **13** | |
| 14   Other gains or (losses). Attach Form 4797 ....................................... | **14** | |
| 15a   IRA distributions ........ | 15a | | b Taxable amount .......... | 15b | |
| 16a   Pensions and annuities ....... | 16a | | b Taxable amount .......... | 16b | |
| 17   Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E | **17** | |
| 18   Farm income or (loss). Attach Schedule F ....................................... | **18** | |
| 19   Unemployment compensation ..................................................... | **19** | |
| 20a   Social security benefits ............ | 20a | | b Taxable amount ......... | 20b | |
| 21   Other income .................................................................... | **21** | |
| 22   Combine the amounts in the far right column for lines 7 through 21. This is your **total income** ► | **22** | 14,102. |

**Adjusted Gross Income**

| | | | |
|---|---|---|---|
| 23   Educator expenses ...................................... | 23 | | |
| 24   Certain business expenses of reservists, performing artists, and fee-basis government officials. Attach Form 2106 or 2106-EZ .......... | 24 | | |
| 25   Health savings account deduction. Attach Form 8889 ........ | 25 | | |
| 26   Moving expenses. Attach Form 3903 ................. | 26 | | |
| 27   One-half of self-employment tax. Attach Schedule SE ...... | 27 | 997. | |
| 28   Self-employed SEP, SIMPLE, and qualified plans ............ | 28 | | |
| 29   Self-employed health insurance deduction .................. | 29 | | |
| 30   Penalty on early withdrawal of savings .................... | 30 | | |
| 31a   Alimony paid   b Recipient's SSN ..... ► | 31a | | |
| 32   IRA deduction ........................................... | 32 | | |
| 33   Student loan interest deduction .......................... | 33 | | |
| 34   Tuition and fees. Attach Form 8917 ...................... | 34 | | |
| 35   Domestic production activities deduction. Attach Form 8903 ...... | 35 | | |
| 36   Add lines 23 - 31a and 32 - 35 ............................................ | | 36 | 997. |
| 37   Subtract line 36 from line 22. This is your **adjusted gross income** .......... ► | | 37 | 13,105. |

**EXHIBIT**
**2**
12/9/19

BAA For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see separate instructions.   FDIA0112   12/22/10   Form **1040** (2010)

DKUHARCIK000001

Form **1040** (2010)   DAVID A KLEIMAN                                                                 Page **2**

| | | | |
|---|---|---|---|
| **Tax and Credits** | 38 | Amount from line 37 (adjusted gross income) | 38 | 13,105. |

**Tax and Credits**

| 38 | Amount from line 37 (adjusted gross income) | | 38 | 13,105. |
|---|---|---|---|---|
| 39a | Check if: ☐ **You** were born before January 2, 1946, ☐ Blind. ☐ **Spouse** was born before January 2, 1946, ☐ Blind. **Total boxes checked** ► 39a | | | |
| b | If your spouse itemizes on a separate return, or you were a dual-status alien, check here ► 39b | | | |
| 40 | Itemized deductions (from Schedule A) or your standard deduction (see instructions) | | 40 | 5,700. |
| 41 | Subtract line 40 from line 38 | | 41 | 7,405. |
| 42 | **Exemptions.** Multiply $3,650 by the number on line 6d | | 42 | 3,650. |
| 43 | **Taxable income.** Subtract line 42 from line 41. If line 42 is more than line 41, enter -0- | | 43 | 3,755. |
| 44 | **Tax** (see instrs). Check if any tax is from: **a** ☐ Form(s) 8814   **b** ☐ Form 4972 | | 44 | 378. |
| 45 | **Alternative minimum tax** (see instructions). Attach Form 6251 | | 45 | 0. |
| 46 | Add lines 44 and 45 | ► | 46 | 378. |
| 47 | Foreign tax credit. Attach Form 1116 if required | 47 | | |
| 48 | Credit for child and dependent care expenses. Attach Form 2441 | 48 | | |
| 49 | Education credits from Form 8863, line 23 | 49 | | |
| 50 | Retirement savings contributions credit. Attach Form 8880 | 50 | | |
| 51 | Child tax credit (see instructions) | 51 | | |
| 52 | Residential energy credits. Attach Form 5695 | 52 | | |
| 53 | Other crs from Form: **a** ☐ 3800 **b** ☐ 8801 **c** ☐ | 53 | | |
| 54 | Add lines 47 through 53. These are your **total credits** | | 54 | |
| 55 | Subtract line 54 from line 46. If line 54 is more than line 46, enter -0- | ► | 55 | 378. |

**Other Taxes**

| 56 | Self-employment tax. Attach Schedule SE | | 56 | 1,993. |
|---|---|---|---|---|
| 57 | Unreported social security and Medicare tax from Form: **a** ☐ 4137 **b** ☐ 8919 | | 57 | |
| 58 | Additional tax on IRAs, other qualified retirement plans, etc. Attach Form 5329 if required | | 58 | |
| 59a | ☐ Form(s) W-2, box 9   **b** ☐ Schedule H   **c** ☐ Form 5405, line 16 | | 59 | |
| 60 | Add lines 55-59. This is your **total tax** | ► | 60 | 2,371. |

**Payments**

| 61 | Federal income tax withheld from Forms W-2 and 1099 | 61 | | |
|---|---|---|---|---|
| 62 | 2010 estimated tax payments and amount applied from 2009 return | 62 | | |
| 63 | Making work pay credit. Attach Schedule M | 63 | 400. | |
| 64a | **Earned income credit (EIC)** | 64a | 0. | |
| b | Nontaxable combat pay election ► **64b** | | | |
| 65 | Additional child tax credit. Attach Form 8812 | 65 | | |
| 66 | American opportunity credit from Form 8863, line 14 | 66 | | |
| 67 | First-time homebuyer credit from Form 5405, line 10 | 67 | | |
| 68 | Amount paid with request for extension to file | 68 | | |
| 69 | Excess social security and tier 1 RRTA tax withheld | 69 | | |
| 70 | Credit for federal tax on fuels. Attach Form 4136 | 70 | | |
| 71 | Credits from Form: **a** ☐ 2439 **b** ☐ 8839 **c** ☐ 8801 **d** ☐ 8885 | 71 | | |
| 72 | Add lns 61-63, 64a, & 65-71. These are your **total pmts** | ► | 72 | 400. |

*If you have a qualifying child, attach Schedule EIC.*

**Refund**

| 73 | If line 72 is more than line 60, subtract line 60 from line 72. This is the amount you **overpaid** | | 73 | |
|---|---|---|---|---|
| 74a | Amount of line 73 you want **refunded to you.** If Form 8888 is attached, check here ► | | 74a | |
| | **b** Routing number XXXXXXXXX ► **c** Type: ☐ Checking ☐ Savings | | | |
| | **d** Account number XXXXXXXXXXXXXXXXX | | | |
| 75 | Amount of line 73 you want applied to your 2011 estimated tax ► | 75 | | |

*Direct deposit? See instructions.*

**Amount You Owe**

| 76 | **Amount you owe.** Subtract line 72 from line 60. For details on how to pay see instructions | ► | 76 | 1,971. |
|---|---|---|---|---|
| 77 | Estimated tax penalty (see instructions) | 77 | | |

**Third Party Designee**

Do you want to allow another person to discuss this return with the IRS (see instructions)? .......... [X] **Yes. Complete below.** ☐ No

| Designee's name ► DAVID SCOTT KUHARCIK | Phone no. ► | Personal identification number (PIN) ► |
|---|---|---|

**Sign Here**

Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

*Joint return? See instructions.*
*Keep a copy for your records.*

| Your signature | Date | Your occupation — COMP FORENSIC SPECIALIST | Daytime phone number |
|---|---|---|---|
| Spouse's signature. If a joint return, **both** must sign. | Date | Spouse's occupation | |

**Paid Preparer's Use Only**

| Print/Type preparer's name — DAVID SCOTT KUHARCIK | Preparer's signature | Date | Check ☐ if self-employed | PTIN |
|---|---|---|---|---|
| Firm's name ► DAVID SCOTT KUHARCIK C.P.A., P.A. | | | | |
| Firm's address ► 533 NORTHLAKE BLVD STE 5 | | | Firm's EIN ► 59-2524073 | |
| NORTH PALM BEACH          FL  33408-5420 | | | Phone no. (561) 842-2921 | |

Form **1040** (2010)

FDIA0112   12/22/10

DKUHARCIK000002

**SCHEDULE C**
(Form 1040)

Department of the Treasury
Internal Revenue Service (99)

**Profit or Loss From Business**
(Sole Proprietorship)

► Partnerships, joint ventures, etc, generally must file Form 1065 or 1065-B.
►Attach to Form 1040, 1040NR, or 1041. ► See Instructions for Schedule C (Form 1040).

OMB No. 1545-0074

**2010**

Attachment
Sequence No. **09**

Name of proprietor: DAVID A KLEIMAN

Social security number (SSN): ▮

A Principal business or profession, including product or service (see instructions): FORENSIC COMPUTER CONSULTANT

B Enter code from instructions ► 561600

C Business name. If no separate business name, leave blank.

D Employer ID number (EIN), if any

E Business address (including suite or room no.) ► ▮ ▮
City, town or post office, state, and ZIP code

F Accounting method: (1) [X] Cash (2) [ ] Accrual (3) [ ] Other (specify) ►

G Did you 'materially participate' in the operation of this business during 2010? If 'No,' see instructions for limit on losses . . . [X] Yes [ ] No

H If you started or acquired this business during 2010, check here . . . . . . . . . . . . . . . . . . . . . . . . ►

## Part I   Income

| | | |
|---|---|---|
| 1 Gross receipts or sales. **Caution.** See instructions and check the box if: • This income was reported to you on Form W-2 and the 'Statutory employee' box on that form was checked, or • You are a member of a qualified joint venture reporting only rental real estate income not subject to self-employment tax. Also see instructions for limit on losses . . . . . . . . . . . . . . . . . . . . . ► | 1 | 39,848. |
| 2 Returns and allowances . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 2 | |
| 3 Subtract line 2 from line 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 3 | 39,848. |
| 4 Cost of goods sold (from line 42 on page 2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 4 | 5,306. |
| 5 **Gross profit.** Subtract line 4 from line 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 5 | 34,542. |
| 6 Other income, including federal and state gasoline or fuel tax credit or refund (see instructions) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 6 | |
| 7 **Gross income.** Add lines 5 and 6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ► | 7 | 34,542. |

## Part II   Expenses. Enter expenses for business use of your home **only** on line 30.

| | | | | | |
|---|---|---|---|---|---|
| 8 Advertising . . . . . . . . . . . . . . | 8 | | 18 Office expense . . . . . . . . . . . . . | 18 | 1,051. |
| 9 Car and truck expenses (see instructions) . . . . . . . . | 9 | 4,075. | 19 Pension and profit-sharing plans . . . . . . . | 19 | |
| 10 Commissions and fees . . . . . . . | 10 | | 20 Rent or lease (see instructions): | | |
| 11 Contract labor (see instructions) . . . . . . . . . . . | 11 | | a Vehicles, machinery, and equipment . . . . . | 20a | |
| 12 Depletion . . . . . . . . . . . . . . | 12 | | b Other business property . . . . . . . . . . . . . . | 20b | |
| 13 Depreciation and section 179 expense deduction (not included in Part III) (see instructions) . . . . . . . . . . . | 13 | 10,560. | 21 Repairs and maintenance . . . . . . . . . . . . | 21 | |
| | | | 22 Supplies (not included in Part III) . . . . . . | 22 | |
| | | | 23 Taxes and licenses . . . . . . . . . . . . . . | 23 | |
| | | | 24 Travel, meals, and entertainment: | | |
| 14 Employee benefit programs (other than on line 19) . . . . . | 14 | | a Travel . . . . . . . . . . . . . . . . . . . . | 24a | |
| 15 Insurance (other than health) . . . | 15 | 1,047. | b Deductible meals and entertainment (see instructions) . . . . . . . . . . . . . . . . | 24b | 673. |
| 16 Interest: | | | 25 Utilities . . . . . . . . . . . . . . . . . . . . . | 25 | |
| a Mortgage (paid to banks, etc) . . . . | 16a | | 26 Wages (less employment credits) . . . . . . . | 26 | |
| b Other . . . . . . . . . . . . . . . | 16b | | 27 Other expenses (from line 48 on page 2) . . . . . . . . . . . . . . . . . | 27 | 3,034. |
| 17 Legal & professional services . . . | 17 | | | | |
| 28 **Total expenses** before expenses for business use of home. Add lines 8 through 27 . . . . . . . . . . . . . . ► | | | | 28 | 20,440. |
| 29 Tentative profit or (loss). Subtract line 28 from line 7 . . . . . . . . . . . . . . . . . . . . . . . . | | | | 29 | 14,102. |
| 30 Expenses for business use of your home. Attach **Form 8829** . . . . . . . . . . . . . . . . . . . . | | | | 30 | |
| 31 **Net profit or (loss).** Subtract line 30 from line 29. | | | | | |

31 Net profit or (loss). Subtract line 30 from line 29.
• If a profit, enter on both **Form 1040, line 12,** and **Schedule SE, line 2** or on Form 1040NR, line 13 (if you checked the box on line 1, see instructions). Estates and trusts, enter on **Form 1041, line 3.**

| | | |
|---|---|---|
| | 31 | 14,102. |

• If a loss, you **must** go to line 32.

32 If you have a loss, check the box that describes your investment in this activity (see instructions).
• If you checked 32a, enter the loss on both **Form 1040, line 12,** and **Schedule SE, line 2,** or on **Form 1040NR, line 13** (if you checked the box on line 1, see the line 31 instructions). Estates and trusts, enter on **Form 1041, line 3.**

32a [ ] All investment is at risk.
32b [ ] Some investment is not at risk.

• If you checked 32b, you **must** attach **Form 6198.** Your loss may be limited.

**BAA  For Paperwork Reduction Act Notice, see your tax return instructions.**                Schedule **C** (Form 1040) 2010

FDIZ0112  12/27/10

DKUHARCIK000003

Schedule **C** (Form 1040) 2010 DAVID A KLEIMAN ████████ Page **2**

| Part III | Cost of Goods Sold (see instructions) |
|---|---|

**33** Method(s) used to value closing inventory:   **a** ☐ Cost   **b** ☐ Lower of cost or market   **c** ☐ Other (attach explanation)

**34** Was there any change in determining quantities, costs, or valuations between opening and closing inventory?
If 'Yes,' attach explanation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes  ☐ No

| | | | |
|---|---|---|---|
| **35** | Inventory at beginning of year. If different from last year's closing inventory, attach explanation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **35** | |
| **36** | Purchases less cost of items withdrawn for personal use . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **36** | |
| **37** | Cost of labor. Do not include any amounts paid to yourself . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **37** | 5,306. |
| **38** | Materials and supplies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **38** | |
| **39** | Other costs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **39** | |
| **40** | Add lines 35 through 39 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **40** | 5,306. |
| **41** | Inventory at end of year . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **41** | |
| **42** | **Cost of goods sold.** Subtract line 41 from line 40. Enter the result here and on page 1, line 4 . . . . . . . . . . . . . | **42** | 5,306. |

| Part IV | Information on Your Vehicle. Complete this part **only** if you are claiming car or truck expenses on line 9 and are not required to file Form 4562 for this business. See the instructions for line 13 to find out if you must file Form 4562. |
|---|---|

**43** When did you place your vehicle in service for business purposes? (month, day, year)    ▶ _ _ _ _ _ _ _ _ _ _ _ .

**44** Of the total number of miles you drove your vehicle during 2010, enter the number of miles you used your vehicle for:
  **a** Business  _ _ _ _ _ _ _ _ _ _ _ _   **b** Commuting (see instructions)  _ _ _ _ _ _ _ _ _ _ _   **c** Other _ _ _ _ _ _ _ _ _ _ _

**45** Was your vehicle available for personal use during off-duty hours? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes  ☐ No

**46** Do you (or your spouse) have another vehicle available for personal use? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes  ☐ No

**47a** Do you have evidence to support your deduction? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes  ☐ No

 **b** If 'Yes,' is the evidence written? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes  ☐ No

| Part V | Other Expenses. List below business expenses not included on lines 8-26 or line 30. |
|---|---|

| | |
|---|---|
| DUES & SUBSCRIPTIONS _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | 705. |
| TELEPHONE & COMMUNICATION _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | 2,329. |
| _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | |
| _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | |
| _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | |
| _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | |
| _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | |
| _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | |

| **48** Total other expenses. Enter here and on page 1, line 27 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **48** | 3,034. |
|---|---|---|

Schedule **C** (Form 1040) 2010

DKUHARCIK000004

**SCHEDULE SE**
**(Form 1040)**

Department of the Treasury
Internal Revenue Service   (99)    ► Attach to Form 1040 or Form 1040NR.  ► See Instructions for Schedule SE (Form 1040).

**Self-Employment Tax**

OMB No. 1545-0074

**2010**

Attachment
Sequence No.  **17**

Name of person with **self-employment** income (as shown on Form 1040)
DAVID A KLEIMAN

Social security number of person
with **self-employment** income ►

*Before you begin:* To determine if you must file Schedule SE, see the instructions.

**May I Use Short Schedule SE or Must I Use Long Schedule SE?**
**Note.** Use this flowchart *only if* you must file Schedule SE. If unsure, see *Who Must File Schedule SE*, in the instructions.



**Section A — Short Schedule SE.** Caution. Read above to see if you can use Short Schedule SE.

| | | |
|---|---|---|
| **1 a** Net farm profit or (loss) from Schedule F, line 36, and farm partnerships, Schedule K-1 (Form 1065), box 14, code A . . . . . . . . . . . . . . . . . . | **1a** | |
| **b** If you received social security retirement or disability benefits, enter the amount of Conservation Reserve Program payments included on Schedule F, line 6b, or listed on Schedule K-1 (Form 1065), box 20, code Y . . . . . . . . . . . . . . . . . . | **1b** | |
| **2** Net profit or (loss) from Schedule C, line 31; Schedule C-EZ, line 3; Schedule K-1 (Form 1065), box 14, code A (other than farming); and Schedule K-1 (Form 1065-B), box 9, code J1. Ministers and members of religious orders, see instrs for types of income to report on this line. See instrs for other income to report . . . . . . . . . . . . . . . . . . | **2** | 14,102. |
| **3** Combine lines 1a, 1b, and 2. Subtract from that total the amount on Form 1040, line 29, or Form 1040NR, line 29, and enter the result (see instructions) . . . . . . . . . . . . . . . . . . | **3** | 14,102. |
| **4** Multiply line 3 by 92.35% (.9235). If less than $400, you do not owe self-employment tax; **do not** file this schedule unless you have an amount on line 1b . . . . . . . . . . . . . . . . . . ► | **4** | 13,023. |
| **Note.** If line 4 is less than $400 due to Conservation Reserve Program payments on line 1b, see instructions. | | |
| **5** **Self-employment tax.** If the amount on line 4 is: | | |
| ● $106,800 or less, multiply line 4 by 15.3% (.153). Enter the result here and on **Form 1040, line 56,** or **Form 1040NR, line 54.** | | |
| ● More than $106,800, multiply line 4 by 2.9% (.029). Then, add $13,243.20 to the result. Enter the total here and on **Form 1040, line 56,** or **Form 1040NR, line 54.** | **5** | 1,993. |
| **6** **Deduction for one-half of self-employment tax.** Multiply line 5 by 50% (.50). Enter the result here and on **Form 1040, line 27** or **Form 1040NR, line 27** . . . . . . . . **6** | 997. | |

BAA  **For Paperwork Reduction Act Notice, see your tax return instructions.**

Schedule **SE** (Form 1040) 2010

FDIA1101   12/29/10

DKUHARCIK000005

Form **4562**

Department of the Treasury
Internal Revenue Service   (99)

**Depreciation and Amortization**
**(Including Information on Listed Property)**

► See separate instructions.    ► Attach to your tax return.

OMB No. 1545-0172

**2010**

Attachment
Sequence No. **67**

Name(s) shown on return

DAVID A KLEIMAN

Identifying number

Business or activity to which this form relates

Sch C FORENSIC COMPUTER CONSULTANT

| Part I | Election To Expense Certain Property Under Section 179 |
|---|---|

Note: If you have any listed property, complete Part V before you complete Part I.

| | | | |
|---|---|---|---:|
| 1 | Maximum amount (see instructions) | 1 | 500,000. |
| 2 | Total cost of section 179 property placed in service (see instructions) | 2 | 10,560. |
| 3 | Threshold cost of section 179 property before reduction in limitation (see instructions) | 3 | 2,000,000. |
| 4 | Reduction in limitation. Subtract line 3 from line 2. If zero or less, enter -0- | 4 | 0. |
| 5 | Dollar limitation for tax year. Subtract line 4 from line 1. If zero or less, enter -0-. If married filing separately, see instructions | 5 | 500,000. |

| 6 | (a) Description of property | (b) Cost (business use only) | (c) Elected cost |
|---|---|---:|---:|
| | COMPUTER EQUIP | 4,370. | 4,370. |
| | See Additional Section 179 Property Statement | | 6,190. |

| | | | | |
|---|---|---|---|---:|
| 7 | Listed property. Enter the amount from line 29 | 7 | | |
| 8 | Total elected cost of section 179 property. Add amounts in column (c), lines 6 and 7 | | 8 | 10,560. |
| 9 | Tentative deduction. Enter the **smaller** of line 5 or line 8 | | 9 | 10,560. |
| 10 | Carryover of disallowed deduction from line 13 of your 2009 Form 4562 | | 10 | |
| 11 | Business income limitation. Enter the smaller of business income (not less than zero) or line 5 (see instrs) | | 11 | 24,662. |
| 12 | Section 179 expense deduction. Add lines 9 and 10, but do not enter more than line 11 | | 12 | 10,560. |
| 13 | Carryover of disallowed deduction to 2011. Add lines 9 and 10, less line 12 ........ ► | 13 | 0. | |

Note: Do not use Part II or Part III below for listed property. Instead, use Part V.

| Part II | Special Depreciation Allowance and Other Depreciation (Do not include listed property.) (See instructions.) |
|---|---|

| | | | |
|---|---|---|---:|
| 14 | Special depreciation allowance for qualified property (other than listed property) placed in service during the tax year (see instructions) | 14 | 0. |
| 15 | Property subject to section 168(f)(1) election | 15 | |
| 16 | Other depreciation (including ACRS) | 16 | 0. |

| Part III | MACRS Depreciation (Do not include listed property.) (See instructions) |
|---|---|

**Section A**

| | | | |
|---|---|---|---:|
| 17 | MACRS deductions for assets placed in service in tax years beginning before 2010 | 17 | 0. |
| 18 | If you are electing to group any assets placed in service during the tax year into one or more general asset accounts, check here .................................................... ► ☐ | | |

**Section B — Assets Placed in Service During 2010 Tax Year Using the General Depreciation System**

| (a) Classification of property | (b) Month and year placed in service | (c) Basis for depreciation (business/investment use only — see instructions) | (d) Recovery period | (e) Convention | (f) Method | (g) Depreciation deduction |
|---|---|---|---|---|---|---|
| 19 a 3-year property | | | | | | |
| b 5-year property | | | | | | |
| c 7-year property | | | | | | |
| d 10-year property | | | | | | |
| e 15-year property | | | | | | |
| f 20-year property | | | | | | |
| g 25-year property | | | 25 yrs | | S/L | |
| h Residential rental property | | | 27.5 yrs | MM | S/L | |
| | | | 27.5 yrs | MM | S/L | |
| i Nonresidential real property | | | 39 yrs | MM | S/L | |
| | | | | MM | S/L | |

**Section C — Assets Placed in Service During 2010 Tax Year Using the Alternative Depreciation System**

| (a) | (b) | (c) | (d) | (e) | (f) | (g) |
|---|---|---|---|---|---|---|
| 20 a Class life | | | | | S/L | |
| b 12-year | | | 12 yrs | | S/L | |
| c 40-year | | | 40 yrs | MM | S/L | |

| Part IV | Summary (See instructions.) |
|---|---|

| | | | |
|---|---|---|---:|
| 21 | Listed property. Enter amount from line 28 | 21 | |
| 22 | **Total.** Add amounts from line 12, lines 14 through 17, lines 19 and 20 in column (g), and line 21. Enter here and on the appropriate lines of your return. Partnerships and S corporations — see instructions | 22 | 10,560. |
| 23 | For assets shown above and placed in service during the current year, enter the portion of the basis attributable to section 263A costs | 23 | |

BAA **For Paperwork Reduction Act Notice, see separate instructions.**      FDIZ0812  10/29/10                Form **4562** (2010)

DKUHARCIK000006

Form **4562** (2010)   DAVID A KLEIMAN   ▮▮▮▮▮▮   Page **2**

| **Part V** | **Listed Property** (Include automobiles, certain other vehicles, certain computers, and property used for entertainment, recreation, or amusement.) |
|---|---|

**Note:** *For any vehicle for which you are using the standard mileage rate or deducting lease expense, complete **only** 24a, 24b, columns (a) through (c) of Section A, all of Section B, and Section C if applicable.*

**Section A — Depreciation and Other Information (Caution:** *See the instructions for limits for passenger automobiles.)*

24 a  Do you have evidence to support the business/investment use claimed? . . . . . . . . . . ☒ Yes ☐ No   **24b** If 'Yes,' is the evidence written? . . . . . . ☐ Yes ☒ No

| (a) Type of property (list vehicles first) | (b) Date placed in service | (c) Business/investment use percentage | (d) Cost or other basis | (e) Basis for depreciation (business/investment use only) | (f) Recovery period | (g) Method/ Convention | (h) Depreciation deduction | (i) Elected section 179 cost |
|---|---|---|---|---|---|---|---|---|
| 25 Special depreciation allowance for qualified listed property placed in service during the tax year and used more than 50% in a qualified business use (see instructions) . . . . . . . . . . . . . . . . . . . . . . . . . . . **25** | | | | | | | | |
| 26 Property used more than 50% in a qualified business use: | | | | | | | | |
| VAN | 10/01/03 | 66.67 | | | | | | |
| 27 Property used 50% or less in a qualified business use: | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

28  Add amounts in column (h), lines 25 through 27. Enter here and on line 21, page 1 . . . . . . . . . . . . . . . . . .   **28**

29  Add amounts in column (i), line 26. Enter here and on line 7, page 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   **29**

**Section B — Information on Use of Vehicles**

Complete this section for vehicles used by a sole proprietor, partner, or other 'more than 5% owner,' or related person. If you provided vehicles to your employees, first answer the questions in Section C to see if you meet an exception to completing this section for those vehicles.

| | (a) Vehicle 1 | | (b) Vehicle 2 | | (c) Vehicle 3 | | (d) Vehicle 4 | | (e) Vehicle 5 | | (f) Vehicle 6 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 30 Total business/investment miles driven during the year (**do not** include commuting miles) . . . . . . . . . . . . . . . | 8,000 | | | | | | | | | | | |
| 31 Total commuting miles driven during the year . . . . . . . . | | | | | | | | | | | | |
| 32 Total other personal (noncommuting) miles driven . . . . . . . . . . . . . . . . . . . . . . . | 4,000 | | | | | | | | | | | |
| 33 Total miles driven during the year. Add lines 30 through 32 . . . . . . . . . . . . . . . . . . | 12,000 | | | | | | | | | | | |
| | Yes | No | Yes | No | Yes | No | Yes | No | Yes | No | Yes | No |
| 34 Was the vehicle available for personal use during off-duty hours? . . . . . . . . . . . . . . . . . . | X | | | | | | | | | | | |
| 35 Was the vehicle used primarily by a more than 5% owner or related person? . . . . . . . . | X | | | | | | | | | | | |
| 36 Is another vehicle available for personal use? . . . . . . . . . . . . . . . . . . . . . . | | X | | | | | | | | | | |

**Section C — Questions for Employers Who Provide Vehicles for Use by Their Employees**

Answer these questions to determine if you meet an exception to completing Section B for vehicles used by employees who **are not** more than 5% owners or related persons (see instructions).

| | Yes | No |
|---|---|---|
| 37 Do you maintain a written policy statement that prohibits all personal use of vehicles, including commuting, by your employees? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | |
| 38 Do you maintain a written policy statement that prohibits personal use of vehicles, except commuting, by your employees? See the instructions for vehicles used by corporate officers, directors, or 1% or more owners . . . . . . . . . . . . | | |
| 39 Do you treat all use of vehicles by employees as personal use? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | |
| 40 Do you provide more than five vehicles to your employees, obtain information from your employees about the use of the vehicles, and retain the information received? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | | |
| 41 Do you meet the requirements concerning qualified automobile demonstration use? (See instructions.) . . . . . . . . . . | | |

**Note:** *If your answer to 37, 38, 39, 40, or 41 is 'Yes,' do not complete Section B for the covered vehicles.*

| **Part VI** | **Amortization** |
|---|---|

| (a) Description of costs | (b) Date amortization begins | (c) Amortizable amount | (d) Code section | (e) Amortization period or percentage | (f) Amortization for this year |
|---|---|---|---|---|---|
| 42 Amortization of costs that begins during your 2010 tax year (see instructions): | | | | | |
| | | | | | |
| | | | | | |

43  Amortization of costs that began before your 2010 tax year . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **43**

44  **Total.** Add amounts in column (f). See the instructions for where to report . . . . . . . . . . . . . . . . . . . . . . . . **44**

FDIZ0812 10/29/10

Form **4562** (2010)

DKUHARCIK000007

**SCHEDULE M**
(Form 1040A or 1040)

Department of the Treasury
Internal Revenue Service   (99)

**Making Work Pay Credit**

▶ Attach to Form 1040A or 1040.          ▶ See separate instructions.

OMB No. 1545-0074

**2010**

Attachment
Sequence No. **166**

Name(s) shown on return

DAVID A KLEIMAN

Your social security number

**Caution:**  *To take the making work pay credit, you must include your social security number (if filing a joint return, the number of either you or your spouse) on your tax return. A social security number does not include an identification number issued by the IRS. Only the Social Security Administration issues social security numbers.*

**Caution:**  *You cannot take the making work pay credit if you can be claimed as someone else's dependent or if you are a nonresident alien.*

**Important:** Check the 'No' box on line 1a and see the instructions if:

  **(a)** You have a net loss from a business,

  **(b)** You received a taxable scholarship or fellowship grant not reported on a Form W-2,

  **(c)** Your wages include pay for work performed while an inmate in a penal institution,

  **(d)** You received a pension or annuity from a nonqualified deferred compensation plan or a nongovernmental section 457 plan, or

  **(e)** You are filing Form 2555 or 2555-EZ.

| | | | |
|---|---|---|---|
| **1 a** Do you (and your spouse if filing jointly) have 2010 wages of more than $6,451 ($12,903 if married filing jointly)? | | | |
|   ☐ **Yes.** Skip lines 1a through 3. Enter $400 ($800 if married filing jointly) on line 4 and go to line 5. | | | |
|   ☒ **No.** Enter your earned income (see instructions) | **1a** | 13,105. | |
|   **b** Nontaxable combat pay included on line 1a (see instructions) .......... **1 b** | | | |
| **2** Multiply line 1a by 6.2% (.062) | **2** | 813. | |
| **3** Enter $400 ($800 if married filing jointly) | **3** | 400. | |
| **4** Enter the **smaller** of line 2 or line 3 (unless you checked 'Yes' on line 1a) | | **4** | 400. |
| **5** Enter the amount from Form 1040, line 38*, or Form 1040A, line 22 | **5** | 13,105. | |
| **6** Enter $75,000 ($150,000 if married filing jointly) | **6** | 75,000. | |
| **7** Is the amount on line 5 more than the amount on line 6? | | | |
|   ☒ **No.** Skip line 8. Enter the amount from line 4 on line 9 below. | | | |
|   ☐ **Yes.** Subtract line 6 from line 5 | **7** | | |
| **8** Multiply line 7 by 2% (.02) | | **8** | |
| **9** Subtract line 8 from line 4. If zero or less, enter -0- | | **9** | 400. |
| **10** Did you (or your spouse, if filing jointly) receive an economic recovery payment in **2010**? You may have received this payment in 2010 if you did not receive an economic recovery payment in 2009 but you received social security benefits, supplemental security income, railroad retirement benefits, or veterans disability compensation or pension benefits in November 2008, December 2008, or January 2009 (see instructions). | | | |
|   ☒ **No.** Enter -0- on line 10 and go to line 11. | | | |
|   ☐ **Yes.** Enter the total of the payments you (and your spouse, if filing jointly) received in **2010**. Do not enter more than $250 ($500 if married filing jointly) | | **10** | 0. |
| **11** **Making work pay credit.** Subtract line 10 from line 9. If zero or less, enter -0-. Enter the result here and on Form 1040, line 63; or Form 1040A, line 40 | | **11** | 400. |

*If you are filing Form 2555, 2555-EZ, or 4563 or you are excluding income from Puerto Rico, see instructions.

**BAA  For Paperwork Reduction Act Notice, see your tax return instructions.**          Schedule **M** (Form 1040A or 1040) 2010

FDIA8501   09/20/10

DKUHARCIK000008

▼ DETACH HERE ▼

| Form **4868** | **Application for Automatic Extension of Time** | | 1015 |
| Department of the Treasury Internal Revenue Service (99) | **To File U.S. Individual Income Tax Return** For calendar year 2010, or other tax year beginning          , 2010, ending          , | | 20**10** |

| **Part I   Identification** | **Part II   Individual Income Tax** | | | 4 |
|---|---|---|---|---|
| **1**  Your name(s) (see instructions) | **4**  Estimate of total tax liability for 2010 . . . | $ | | 5,000 |
| DAVID A KLEIMAN | **5**  Total 2010 payments . . . . . . . . . . | | | |
| Address (see instructions) | **6**  Balance due. Subtract line 5 from line 4 (see instructions) . . . . . . . . . . . . | | | 5,000 |
| | **7**  Amount you are paying (see instructions) . ▶ | | | 0 |
| City, town, or post office          State   ZIP Code | **8**  Check here if you are "out of the country" and a U.S. citizen or resident (see instructions) . . . . . . . . ▶ □ | | | |
| **2**  Your social security number   **3**  Spouse's social security number | **9**  Check here if you file Form 1040NR or 1040NR-EZ and did not receive wages as an employee subject to U.S. income tax withholding . . . . . . . . . . ▶ □ | | | |

262836234 PN KLEI 30 0 012 670                                      DKUHARCIK000009

DAVID A KLEIMAN ███████████                                                    1

Form 4562, line 6
**Additional Section 179 Property Statement**

| (a) Description of property | (b) Cost (bus use only) | (c) Elected cost |
|---|---|---|
| COMPUTER | 1,268. | 1,268. |
| SOFTWARE | 4,922. | 4,922. |

Total                                                          6,190.

DKUHARCIK000010

Mail Form 1040-V to the Internal Revenue Service Center at the address listed below.

---

Form **1040-V** (2011)

▼ **Detach Here and Mail With Your Payment and Return** ▼

Department of the Treasury
Internal Revenue Service    (99)    **2011**

► Use this voucher when making a payment with Form 1040.
► Do not staple this voucher or your payment to Form 1040.
► Make your check or money order payable to the "United States Treasury."
► Write your social security number (SSN) on your check or money order.

# Form 1040-V Payment Voucher

| Enter the amount of your payment . . . . . ► | 325. |
|---|---|

FDIA8601   05/19/11        1030

DAVID A KLEIMAN

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

INTERNAL REVENUE SERVICE
PO BOX 1214
CHARLOTTE NC 28201-1214



**EXHIBIT**

3

12/9/19

262836234 PN KLEI 30 0 201112 610

DKUHARCIK000011

Form **1040**   Department of the Treasury — Internal Revenue Service   (99)
**U.S. Individual Income Tax Return**   **2011**   OMB No. 1545-0074   IRS Use Only — Do not write or staple in this space.

For the year Jan 1 - Dec 31, 2011, or other tax year beginning , 2011, ending , 20   See separate instructions.

| Your first name | MI | Last name | Your social security number |
|---|---|---|---|
| DAVID | A | KLEIMAN | ████ |

If a joint return, spouse's first name | MI | Last name | Spouse's social security number

Home address (number and street). If you have a P.O. box, see instructions. | Apartment no.
████

▲ Make sure the SSN(s) above and on line 6c are correct.

City, town or post office. If you have a foreign address, also complete spaces below (see instructions). | State | ZIP code
████

Foreign country name | Foreign province/county | Foreign postal code

**Presidential Election Campaign**
Check here if you, or your spouse if filing jointly, want $3 to go to this fund? Checking a box below will not change your tax or refund. ☐ You ☐ Spouse

**Filing Status**
Check only one box.

1 ☒ Single
2 ☐ Married filing jointly (even if only one had income)
3 ☐ Married filing separately. Enter spouse's SSN above & full name here ►
4 ☐ Head of household (with qualifying person). (See instructions.) If the qualifying person is a child but not your dependent, enter this child's name here ►
5 ☐ Qualifying widow(er) with dependent child

**Exemptions**

6a ☒ Yourself. If someone can claim you as a dependent, **do not** check box 6a . . . . . . . . . .
b ☐ Spouse . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

Boxes checked on 6a and 6b 1

c Dependents:

| (1) First name   Last name | (2) Dependent's social security number | (3) Dependent's relationship to you | (4) ✓ if child under age 17 qualifying for child tax cr (see instrs) |
|---|---|---|---|
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |
| | | | ☐ |

If more than four dependents, see instructions and check here . . ☐

No. of children on 6c who:
● lived with you . . .
● did not live with you due to divorce or separation (see instrs) .
Dependents on 6c not entered above .

d Total number of exemptions claimed . . . . . . . . . . . . . . . . . . . . . . . .

Add numbers on lines above . . ► 1

**Income**

Attach Form(s) W-2 here. Also attach Forms W-2G and 1099-R if tax was withheld.

If you did not get a W-2, see instructions.

Enclose, but do not attach, any payment. Also, please use Form 1040-V.

| | | |
|---|---|---|
| 7 Wages, salaries, tips, etc. Attach Form(s) W-2 . . . . . . . . . . | 7 | |
| 8a Taxable interest. Attach Schedule B if required . . . . . . . . . | 8a | |
| b Tax-exempt interest. **Do not** include on line 8a . . . . . . . | 8b | |
| 9a Ordinary dividends. Attach Schedule B if required . . . . . . . | 9a | |
| b Qualified dividends . . . . . . . . . . . . . . . | 9b | |
| 10 Taxable refunds, credits, or offsets of state and local income taxes . . . . . . . | 10 | |
| 11 Alimony received . . . . . . . . . . . . . . . . . . . . . . . . . | 11 | |
| 12 Business income or (loss). Attach Schedule C or C-EZ . . . . . . . . . . . . | 12 | 6,303. |
| 13 Capital gain or (loss). Att Sch D if reqd. If not reqd, ck here . . . . . . ► ☐ | 13 | |
| 14 Other gains or (losses). Attach Form 4797 . . . . . . . . . . . . . . . | 14 | |
| 15a IRA distributions . . . . . . 15a | b Taxable amount . . . . . | 15b | |
| 16a Pensions and annuities . . . 16a | b Taxable amount . . . . . | 16b | |
| 17 Rental real estate, royalties, partnerships, S corporations, trusts, etc. Attach Schedule E . . . | 17 | |
| 18 Farm income or (loss). Attach Schedule F . . . . . . . . . . . . . . . | 18 | |
| 19 Unemployment compensation . . . . . . . . . . . . . . . . . . . | 19 | |
| 20a Social security benefits . . . . . . 20a | b Taxable amount . . . . . | 20b | |
| 21 Other income . . . . . . . . . . . . . . . . . . . . . . . . . . | 21 | |
| 22 Combine the amounts in the far right column for lines 7 through 21. This is your total income . . . . . . ► | 22 | 6,303. |

**Adjusted Gross Income**

| | | | |
|---|---|---|---|
| 23 Educator expenses . . . . . . . . . . . . . . . . | 23 | | |
| 24 Certain business expenses of reservists, performing artists, and fee-basis government officials. Attach Form 2106 or 2106-EZ . . . . . . . | 24 | | |
| 25 Health savings account deduction. Attach Form 8889 . . . . . | 25 | | |
| 26 Moving expenses. Attach Form 3903 . . . . . . . . . . | 26 | | |
| 27 Deductible part of self-employment tax. Attach Schedule SE . . . . . . . | 27 | 445. | |
| 28 Self-employed SEP, SIMPLE, and qualified plans . . . . . . . | 28 | | |
| 29 Self-employed health insurance deduction . . . . . . . . . | 29 | | |
| 30 Penalty on early withdrawal of savings . . . . . . . . . . | 30 | | |
| 31a Alimony paid b Recipient's SSN . . . ► | 31a | | |
| 32 IRA deduction . . . . . . . . . . . . . . . . . . | 32 | | |
| 33 Student loan interest deduction . . . . . . . . . . . . | 33 | | |
| 34 Tuition and fees. Attach Form 8917 . . . . . . . . . . . | 34 | | |
| 35 Domestic production activities deduction. Attach Form 8903 . . . . . . | 35 | | |
| 36 Add lines 23 through 35 . . . . . . . . . . . . . . . . . . . . . . | 36 | | 445. |
| 37 Subtract line 36 from line 22. This is your **adjusted gross income** . . . . . . . . ► | 37 | | 5,858. |

BAA   For Disclosure, Privacy Act, and Paperwork Reduction Act Notice, see separate instructions.   FDIA0112  11/07/11   Form **1040** (2011)

DKUHARCIK000012

Form 1040 (2011)    DAVID A KLEIMAN                                                                    Page 2

| | | | |
|---|---|---|---|
| **Tax and Credits** | 38 Amount from line 37 (adjusted gross income) . . . . . . . . . . . . . . . . . | 38 | 5,858. |

39a Check if: You were born before January 2, 1947, □ Blind. **Total boxes**
Spouse was born before January 2, 1947, □ Blind. checked ► 39a

b If your spouse itemizes on a separate return or you were a dual-status alien, check here . . . . ► 39b

**Standard Deduction for —**
- People who check any box on line 39a or 39b or who can be claimed as a dependent, see instructions.
- All others:
Single or Married filing separately, $5,800
Married filing jointly or Qualifying widow(er), $11,600
Head of household, $8,500

| | | |
|---|---|---|
| 40 Itemized deductions (from Schedule A) or your standard deduction (see instructions) | 40 | 5,800. |
| 41 Subtract line 40 from line 38 . . . . . . . . . . . . . . . . . . . . . | 41 | 58. |
| 42 Exemptions. Multiply $3,700 by the number on line 6d. . . . . . . . . . . | 42 | 3,700. |
| 43 Taxable income. Subtract line 42 from line 41. If line 42 is more than line 41, enter -0- . . . . | 43 | 0. |
| 44 Tax (see instrs). Check if any from: a □ Form(s) 8814   c □ 962 election   b □ Form 4972 . . . . . . | 44 | 0. |
| 45 Alternative minimum tax (see instructions). Attach Form 6251 . . . . . . . | 45 | |
| 46 Add lines 44 and 45 . . . . . . . . . . . . . . . . . . . . . . . ► | 46 | 0. |

| | | |
|---|---|---|
| 47 Foreign tax credit. Attach Form 1116 if required . . . . . . | 47 | |
| 48 Credit for child and dependent care expenses. Attach Form 2441 . . | 48 | |
| 49 Education credits from Form 8863, line 23 . . . . . . . . | 49 | |
| 50 Retirement savings contributions credit. Attach Form 8880 . . . | 50 | |
| 51 Child tax credit (see instructions). . . . . . . . . . . | 51 | |
| 52 Residential energy credits. Attach Form 5695 . . . . . . | 52 | |
| 53 Other crs from Form: a □ 3800  b □ 8801  c □ | 53 | |

| | | |
|---|---|---|
| 54 Add lines 47 through 53. These are your **total credits** . . . . . . . . . . | 54 | |
| 55 Subtract line 54 from line 46. If line 54 is more than line 46, enter -0-. . . . . . . . . . ► | 55 | 0. |

| | | |
|---|---|---|
| **Other Taxes** | 56 Self-employment tax. Attach Schedule SE . . . . . . . . . . . . . . . . . . | 56 | 774. |
| | 57 Unreported social security and Medicare tax from Form: a □ 4137  b □ 8919 . . . . . | 57 | |
| | 58 Additional tax on IRAs, other qualified retirement plans, etc. Attach Form 5329 if required . . | 58 | |
| | 59a Household employment taxes from Schedule H . . . . . . . . . . . . . . . | 59a | |
| | b First-time homebuyer credit repayment. Attach Form 5405 if required . . . . . . . | 59b | |
| | 60 Other taxes. Enter code(s) from instructions . . . . . . . . . . . . . . | 60 | |
| | 61 Add lines 55-60. This is your **total tax** . . . . . . . . . . . . . . . . . ► | 61 | 774. |

| | | |
|---|---|---|
| **Payments** If you have a qualifying child, attach Schedule EIC. | 62 Federal income tax withheld from Forms W-2 and 1099 . . . . | 62 | |
| | 63 2011 estimated tax payments and amount applied from 2010 return . . . . | 63 | |
| | 64a Earned income credit (EIC). . . . . . . . . . . . | 64a | 449. |
| | b Nontaxable combat pay election . . . ► 64b | | |
| | 65 Additional child tax credit. Attach Form 8812 . . . . . . . . . | 65 | |
| | 66 American opportunity credit from Form 8863, line 14 . . . . . . | 66 | |
| | 67 First-time homebuyer credit from Form 5405, line 10 . . . . . . | 67 | |
| | 68 Amount paid with request for extension to file . . . . . . . | 68 | |
| | 69 Excess social security and tier 1 RRTA tax withheld . . . . . . | 69 | |
| | 70 Credit for federal tax on fuels. Attach Form 4136 . . . . . . . | 70 | |
| | 71 Credits from Form: a □ 2439  b □ 8839  c □ 8801  d □ 8885 | 71 | |
| | 72 Add lns 62, 63, 64a, & 65-71. These are your **total pmts** . . . . . . . ► | 72 | 449. |

| | | |
|---|---|---|
| **Refund** Direct deposit? See instructions. | 73 If line 72 is more than line 61, subtract line 61 from line 72. This is the amount you **overpaid** . . . . . | 73 | |
| | 74a Amount of line 73 you want **refunded to you.** If Form 8888 is attached, check here . . ► □ | 74a | |
| | b Routing number . . . . . [XXXXXXXXX]  ► c Type: □ Checking  □ Savings | | |
| | d Account number . . . . . [XXXXXXXXXXXXXXXX] | | |
| | 75 Amount of line 73 you want applied to your 2012 estimated tax . . . . ► | 75 | |

| | | |
|---|---|---|
| **Amount You Owe** | 76 Amount you owe. Subtract line 72 from line 61. For details on how to pay see instructions . . . . . . . ► | 76 | 325. |
| | 77 Estimated tax penalty (see instructions) . . . . . . . . | 77 | |

**Third Party Designee**
Do you want to allow another person to discuss this return with the IRS (see instructions)? . . . . . . □ **Yes. Complete below.**   ☒ **No**
Designee's name ►          Phone no. ►          Personal identification number (PIN) ►

**Sign Here**
Joint return? See instructions.
Keep a copy for your records.
Under penalties of perjury, I declare that I have examined this return and accompanying schedules and statements, and to the best of my knowledge and belief, they are true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

| Your signature | Date | Your occupation COMP FORENSIC SPECIALIST | Daytime phone number |
|---|---|---|---|
| Spouse's signature. If a joint return, **both** must sign. | Date | Spouse's occupation | If the IRS sent you an Identity Protection PIN, enter it here (see inst) |

**Paid Preparer's Use Only**

| Print/Type preparer's name DAVID SCOTT KUHARCIK | Preparer's signature | Date | Check □ if self-employed | PTIN |
|---|---|---|---|---|
| Firm's name ► DAVID SCOTT KUHARCIK C.P.A., P.A. | | | | |
| Firm's address ► 533 NORTHLAKE BLVD STE 5 | | | Firm's EIN ► 59-2524073 | |
| NORTH PALM BEACH        FL  33408-5420 | | | Phone no. (561) 842-2921 | |

FDIA0112  11/07/11

Form **1040** (2011)

DKUHARCIK000013

**SCHEDULE C-EZ**
(Form 1040)

Department of the Treasury
Internal Revenue Service   (99)

**Net Profit From Business**
(Sole Proprietorship)

► Partnerships, joint ventures, etc, generally must file Form 1065 or 1065-B.
► Attach to Form 1040, 1040NR, or 1041. ► See instructions.

OMB No. 1545-0074

**2011**

Attachment
Sequence No. **09A**

Name of proprietor
DAVID A KLEIMAN

Social security number (SSN)

### Part I   General Information

**You May Use
Schedule C-EZ
Instead of
Schedule C
Only If You:**

- Had business expenses of $5,000 or less.
- Use the cash method of accounting.
- Did not have an inventory at any time during the year.
- Did not have a net loss from your business.
- Had only one business as either a sole proprietor, qualified joint venture, or statutory employee.
- Did not receive any credit or similar payments that included amounts that are not includible in your income (see instructions)

**And You:**

- Had no employees during the year.
- Are not required to file Form 4562, Depreciation and Amortization, for this business. See the instructions for Schedule C, line 13, to find out if you must file.
- Do not deduct expenses for business use of your home.
- Do not have prior year unallowed passive activity losses from this business.

| A | Principal business or profession, including product or service | B Enter business code |
| --- | --- | --- |
| | FORENSIC COMPUTER CONSULTANT | ► 561600 |
| C | Business name. If no separate business name, leave blank. | D Enter your EIN (see instructions) |

E   Business address (including suite or room number). Address not required if same as on page 1 of your tax return.
3119 CONTEGO LANE

City, town or post office, state, and ZIP code
PALM BEACH GARDENS, FL 33418

| F | Did you make any payments in 2011 that would require you to file Form(s) 1099 (see the Schedule C instructions) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | Yes | X No |
| --- | --- | --- | --- |
| G | If 'Yes,' did you or will you file all required Forms 1099? . . . . . . . . . . . . . . . . . . . . . . | Yes | No |

### Part II   Figure Your Net Profit

| | | | | |
| --- | --- | --- | --- | --- |
| 1 a | Merchant card and third party payments. For 2011, enter -0- . . . . . . . . . . . | 1a | 0. | |
| b | Gross receipts or sales not entered on line 1a (see instructions) . . . . . . . . . . | 1b | 8,200. | |
| c | Income reported to you on Form W-2 if the 'Statutory Employee' box on that form was checked. **Caution.** See Schedule C instructions before completing this line. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 1c | | |
| d | Total of lines 1a, 1b, and 1c. If any adjustments to line 1a, you must use Sch C (see instrs) . . . . . . . . . . . . | 1d | 8,200. |
| 2 | **Total expenses** (see instructions). If more than $5,000, you **must** use Schedule C . . . . . . . . . . . . . . . | 2 | 1,897. |
| 3 | **Net profit.** Subtract line 2 from line 1d. If less than zero, you **must** use Schedule C. Enter on both **Form 1040, line 12,** and **Schedule SE, line 2,** or on **Form 1040NR, line 13** and **Schedule SE, line 2** (see instructions). (If you entered an amount on line 1c, **do not** report the amount from line 1c on Schedule SE, line 2.) Estates and trusts, enter on **Form 1041, line 3** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 3 | 6,303. |

### Part III   Information on Your Vehicle. Complete this part **only** if you are claiming car or truck expenses on line 2.

4   When did you place your vehicle in service for business purposes? (month, day, year) . . ► _ _ _ _ _ _ _ _ _ _ .

5   Of the total number of miles you drove your vehicle during 2011, enter the number of miles you used your vehicle for:

a Business  _ _ _ _ _ _ _ _ _ _   b Commuting (see instructions)  _ _ _ _ _ _ _ _ _ _   c Other  _ _ _ _ _ _ _ _ _ _

| 6 | Was your vehicle available for personal use during off-duty hours? . . . . . . . . . . . . . . . . . . . . . . . . . . . | Yes | No |
| --- | --- | --- | --- |
| 7 | Do you (or your spouse) have another vehicle available for personal use? . . . . . . . . . . . . . . . . . . . . | Yes | No |
| 8 a | Do you have evidence to support your deduction? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | Yes | No |
| b | If 'Yes,' is the evidence written? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | Yes | No |

**BAA   For Paperwork Reduction Act Notice, see your tax return instructions.**
FDIA8301   10/26/11

Schedule **C-EZ** (Form 1040) 2011

DKUHARCIK000014

**SCHEDULE SE**
**(Form 1040)**

Department of the Treasury
Internal Revenue Service    (99)

**Self-Employment Tax**

► Attach to Form 1040 or Form 1040NR. ► See separate instructions.

OMB No. 1545-0074

**2011**

Attachment
Sequence No.    **17**

Name of person with **self-employment** income (as shown on Form 1040)
DAVID A KLEIMAN

Social security number of person
with **self-employment** income ►   ████████

*Before you begin:* To determine if you must file Schedule SE, see the instructions.

**May I Use Short Schedule SE or Must I Use Long Schedule SE?**
**Note.** Use this flowchart **only if** you must file Schedule SE. If unsure, see *Who Must File Schedule SE,* in the instructions.



**Section A — Short Schedule SE.** Caution. Read above to see if you can use Short Schedule SE.

| | | |
|---|---|---|
| **1 a** Net farm profit or (loss) from Schedule F, line 34, and farm partnerships, Schedule K-1 (Form 1065), box 14, code A . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **1a** | |
| **b** If you received social security retirement or disability benefits, enter the amount of Conservation Reserve Program payments included on Schedule F, line 4b, or listed on Schedule K-1 (Form 1065), box 20, code Y . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **1b** | |
| **2** Net profit or (loss) from Schedule C, line 31; Schedule C-EZ, line 3; Schedule K-1 (Form 1065), box 14, code A (other than farming); and Schedule K-1 (Form 1065-B), box 9, code J1. Ministers and members of religious orders, see instructions for types of income to report on this line. See instructions for other income to report . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **2** | 6,303. |
| **3** Combine lines 1a, 1b, and 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **3** | 6,303. |
| **4** Multiply line 3 by 92.35% (.9235). If less than $400, you do not owe self-employment tax; **do not** file this schedule unless you have an amount on line 1b . . . . . . . . . . . . . . . . . . . . ► | **4** | 5,821. |
| **Note.** If line 4 is less than $400 due to Conservation Reserve Program payments on line 1b, see instructions. | | |
| **5** **Self-employment tax.** If the amount on line 4 is:<br>• $106,800 or less, multiply line 4 by 13.3% (.133). Enter the result here and on **Form 1040, line 56,** or **Form 1040NR, line 54.**<br>• More than $106,800, multiply line 4 by 2.9% (.029). Then, add $11,107.20 to the result. Enter the total here and on **Form 1040, line 56,** or **Form 1040NR, line 54.** | **5** | 774. |
| **6** **Deduction for employer-equivalent portion of self-employment tax.** If the amount on line 5 is:<br>• $14,204.40 or less, multiply line 5 by 57.51% (.5751)<br>• More than $14,204.40, multiply line 5 by 50% (.50) and add $1,067 to the result.<br>Enter the result here and on **Form 1040, line 27** or **Form 1040NR, line 27** . . . . . **6** | 445. | |

**BAA** **For Paperwork Reduction Act Notice, see your tax return instructions.**

Schedule **SE** (Form 1040) 2011

FDIA1101   10/17/11

DKUHARCIK000015

Form **8867**

Department of the Treasury
Internal Revenue Service

**Paid Preparer's Earned Income Credit Checklist**
► For more information about Form 8867, see *www.irs.gov/form8867*
► To be completed by preparer and filed with Form 1040, 1040A, or 1040EZ.

OMB No. 1545-1629

**2011**

Attachment
Sequence No. **177**

Taxpayer name's shown on return

DAVID A KLEIMAN

Taxpayer's social security number

For the definitions of the following terms, see **Pub 596.**

• Investment Income    • Qualifying Child    • Earned Income    • Full-time Student

| Part I | All Taxpayers |
| --- | --- |

**1** Enter preparer's name and PTIN ►    DAVID SCOTT KUHARCIK

**2** Is the taxpayer's filing status married filing separately? . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes  ☒ No

► If you checked '**Yes**' on line 2, **stop**; the taxpayer **cannot** take the EIC. Otherwise, continue.

**3** Does the taxpayer (and the taxpayer's spouse if filing jointly) have a social security number (SSN) that allows him
or her to work or is valid for EIC purposes? See the instructions before answering . . . . . . . . . . . . . . . . . . . ☒ Yes  ☐ No

► If you checked '**No**' on line 3, **stop**; the taxpayer **cannot** take the EIC. Otherwise, continue.

**4** Is the taxpayer filing Form 2555 or Form 2555-EZ (relating to the exclusion of foreign earned income)? . . . . . . . . . ☐ Yes  ☒ No

► If you checked '**Yes**' on line 4, **stop**; the taxpayer **cannot** take the EIC. Otherwise, continue.

**5 a** Was the taxpayer a nonresident alien for any part of 2011? . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes  ☒ No

► If you checked '**Yes**' on line 5a, go to line 5b. Otherwise, skip line 5b and go to line 6.

**b** Is the taxpayer's filing status married filing jointly? . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes  ☒ No

► If you checked '**Yes**' on line 5a and '**No**' on line 5b, **stop**; the taxpayer **cannot** take the EIC. Otherwise, continue.

**6** Is the taxpayer's **investment income** more than $3,150? See Rule 6 in Pub 596 before answering . . . . . . . . . . . ☐ Yes  ☒ No

► If you checked '**Yes**' on line 6, **stop**; the taxpayer **cannot** take the EIC. Otherwise, continue.

**7** Could the taxpayer, or the taxpayer's spouse if filing jointly, be a **qualifying child** of another person for 2011? If
the taxpayer's filing status is married filing jointly, check 'No.' Otherwise, see Rule 10 (Rule 13 if the taxpayer does
not have a qualifying child) in Pub 596 before answering . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes  ☒ No

► If you checked '**Yes**' on line 7, **stop**; the taxpayer **cannot** take the EIC. Otherwise, go to Part II or Part III,
whichever applies.

**BAA  For Paperwork Reduction Act Notice, see instructions.**

Form **8867** (2011)

FDIA4312  01/09/12

DKUHARCIK000016

Form 8867 (2011)   DAVID A KLEIMAN   ▊▊▊▊▊▊   Page 2

| Part II | Taxpayers With a Child | | Child 1 | Child 2 | Child 3 |
|---|---|---|---|---|---|
| | **Caution.** If there is more than one child, complete lines 8 through 14 for one child before going to the next column. | | | | |
| 8 | Child's name | | | | |
| 9 | Is the child the taxpayer's son, daughter, stepchild, foster child, brother, sister, stepbrother, stepsister, half brother, half sister, or a descendant of any of them? | | ☐ Yes  ☐ No | ☐ Yes  ☐ No | ☐ Yes  ☐ No |
| 10 | Is either of the following true?<br>• The child is unmarried, or<br>• The child is married, can be claimed as the taxpayer's dependent, and is not filing a joint return (or is filing it only as a claim for refund) | | ☐ Yes  ☐ No | ☐ Yes  ☐ No | ☐ Yes  ☐ No |
| 11 | Did the child live with the taxpayer in the United States for over half of the year? See the instructions before answering | | ☐ Yes  ☐ No | ☐ Yes  ☐ No | ☐ Yes  ☐ No |
| 12 | Was the child (at the end of 2011) —<br>• Under age 19 and younger than the taxpayer (or the taxpayer's spouse if the taxpayer files jointly),<br>• Under age 24, a full-time student, and younger than the taxpayer (or the taxpayer's spouse if the taxpayer files jointly), or<br>• Any age and permanently and totally disabled? | | ☐ Yes  ☐ No | ☐ Yes  ☐ No | ☐ Yes  ☐ No |
| | ► If you checked '**Yes**' on lines 9, 10, 11, **and** 12, the child is the taxpayer's qualifying child; go to line 13a. If you checked '**No**' on line 9, 10, 11, **or** 12, the child is not the taxpayer's qualifying child; see the instructions for line 12. | | | | |
| 13 a | Could any other person check '**Yes**' on lines 9, 10, 11, **and** 12 for the child? | | ☐ Yes  ☐ No | ☐ Yes  ☐ No | ☐ Yes  ☐ No |
| | ► If you checked '**No**' on line 13a, go to line 14. Otherwise, go to line 13b. | | | | |
| b | Enter the child's relationship to the other person(s) | | | | |
| c | Under the tiebreaker rules, is the child treated as the taxpayer's qualifying child? See the instructions before answering | | ☐ Yes  ☐ No<br>☐ Don't know | ☐ Yes  ☐ No<br>☐ Don't know | ☐ Yes  ☐ No<br>☐ Don't know |
| | ► If you checked '**Yes**' on line 13c, go to line 14. If you checked '**No**,' the taxpayer **cannot** take the EIC based on this child and cannot take the EIC for taxpayers who do not have a qualifying child. If there is more than one child, see the **Note** at the bottom of this page. If you checked '**Don't know**,' explain to the taxpayer that, under the tiebreaker rules, the taxpayer's EIC and other tax benefits may be disallowed. Then, if the taxpayer wants to take the EIC based on this child, complete lines 14 and 15. If not, and there are no other qualifying children, the taxpayer cannot take the EIC, including the EIC for taxpayers without a qualifying child; do not complete Part III. If there is more than one child, see the **Note** at the bottom of this page. | | | | |
| 14 | Does the qualifying child have an SSN that allows him or her to work or is valid for EIC purposes? See the instructions before answering | | ☐ Yes  ☐ No | ☐ Yes  ☐ No | ☐ Yes  ☐ No |
| | ► If you checked '**No**' on line 14, the taxpayer **cannot** take the EIC based on this child and cannot take the EIC for taxpayers who do not have a qualifying child. If there is more than one child, see the **Note** at the bottom of this page. If you checked '**Yes**' on line 14, continue. | | | | |
| 15 | Are the taxpayer's **earned income** and **adjusted gross income** each less than the limit that applies to the taxpayer for 2011? See Pub 596 for the limit | | | | ☐ Yes  ☐ No |
| | ► If you checked '**No**' on line 15, **stop**; the taxpayer **cannot** take the EIC. If you checked '**Yes**' on line 15, the taxpayer can take the EIC. Complete **Schedule EIC** and attach it to the taxpayer's return. If there are two or three qualifying children with valid SSNs, list them on Schedule EIC in the same order as they are listed here. If the taxpayer's EIC was reduced or disallowed for a year after 1996, see Pub 596 to see if **Form 8862** must be filed. Go to line 20. | | | | |
| | **Note.** If you checked '**No**' on line 13c or 14 but there is more than one child, complete lines 8 through 14 for the other child(ren) (but for no more than three qualifying children). Also do this if you checked '**Don't know**' on line 13c and the taxpayer is not taking the EIC based on this child. | | | | |

BAA                FDIA4312  01/09/12                Form **8867** (2011)

DKUHARCIK000017

Form **8867** (2011)    DAVID A KLEIMAN    Page **3**

| Part III | Taxpayers Without a Qualifying Child |
| --- | --- |

**16** Was the taxpayer's main home, and the main home of the taxpayer's spouse if filing jointly, in the United States for more than half the year? (Military personnel on extended active duty outside the United States are considered to be living in the United States during that duty period. See Pub 596.) . . . . . . . . . . . . . . . . . . . . . . . . . . .   [X] Yes    [ ] No

> ► If you checked '**No**' on line 16, **stop**; the taxpayer **cannot** take the EIC. Otherwise, continue.

**17** Was the taxpayer, or the taxpayer's spouse if filing jointly, at least age 25 but under age 65 at the end of 2011? . . . . .   [X] Yes    [ ] No

> ► If you checked '**No**' on line 17, **stop**; the taxpayer **cannot** take the EIC. Otherwise, continue.

**18** Is the taxpayer, or the taxpayer's spouse if filing jointly, eligible to be claimed as a dependent on anyone else's federal income tax return for 2011? If the taxpayer's filing status is married filing jointly, check 'No,' . . . . . . . . . . .   [ ] Yes    [X] No

> ► If you checked '**Yes**' on line 18, **stop**; the taxpayer **cannot** take the EIC. Otherwise, continue.

**19** Are the taxpayer's **earned income** and **adjusted gross income** each less than the limit that applies to the taxpayer for 2011? See Pub 596 for the limit . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   [X] Yes    [ ] No

> ► If you checked '**No**' on line 19, **stop**; the taxpayer **cannot** take the EIC. If you checked '**Yes**' on line 19, the taxpayer can take the EIC. If the taxpayer's EIC was reduced or disallowed for a year after 1996, see Pub 596 to find out if **Form 8862** must be filed. Go to line 20.

| Part IV | Due Diligence Requirements |
| --- | --- |

**20** Did you complete Form 8867 based on information provided by the taxpayer or reasonably obtained by you? . . . . . .   [X] Yes    [ ] No

**21** Did you complete the EIC worksheet found in the Form 1040, 1040A, or 1040EZ instructions (or your own worksheet that provides the same information as the 1040, 1040A, or 1040EZ worksheet)? . . . . . . . . . . . . . . . .   [X] Yes    [ ] No

**22** Did you comply with the knowledge requirements? (To comply with the knowledge requirements, you must not know or have reason to know that any information used to determine the taxpayer's eligibility for, and the amount of, the EIC is incorrect. You may not ignore the implications of information furnished to or known by you, and you must make reasonable inquiries if the information furnished appears to be incorrect, inconsistent, or incomplete. At the time you make these inquiries, you must document in your files the inquiries you made and the responses you received.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   [X] Yes    [ ] No

**23** Did you keep the following records?
- Form 8867,
- The EIC worksheet(s) or your own worksheet(s),
- A record of how, when, and from whom the information used to prepare the form and worksheet(s) was obtained, and
- Copies of any documents provided by the taxpayer and on which you relied to complete the form and the worksheet . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   [X] Yes    [ ] No

> ► If you checked '**Yes**' on lines 20, 21, 22, and 23,  submit Form 8867 in the manner required, and keep the records described on line 23 for 3 years (see instructions), you have complied with all the due diligence requirements.

> ► If you checked '**No**' on line 20, 21, 22, or 23, you have not complied with all the due diligence requirements and may have to pay a $500 penalty for each failure to comply.

Form **8867** (2011)
DKUHARCIK000018

▼ DETACH HERE ▼

| Form **4868** | **Application for Automatic Extension of Time** | 1015 |
| Department of the Treasury Internal Revenue Service (99) | **To File U.S. Individual Income Tax Return** | 20**11** |
| | For calendar year 2011, or other tax year beginning          , 2011, ending          | |

| **Part I**   Identification | | | **Part II**   Individual Income Tax | | |
|---|---|---|---|---|---|
| **1**  Your name(s) (see instructions) | | | **4**  Estimate of total tax liability for 2011 | $ | 823 |
| DAVID A KLEIMAN | | | **5**  Total 2011 payments | | 464 |
| Address (see instructions) | | | **6**  **Balance due.** Subtract line 5 from line 4 (see instructions) | | 359 |
| | | | **7**  Amount you are paying (see instructions) ▶ | | 0 |
| City, town, or post office | State | ZIP Code | **8**  Check here if you are "out of the country" and a U.S. citizen or resident (see instructions) ▶ | | ☐ |
| **2**  Your social security number | **3**  Spouse's social security number | | **9**  Check here if you file Form 1040NR or 1040NR-EZ and did not receive wages as an employee subject to U.S. income tax withholding ▶ | | ☐ |
| 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 | | | | | |

262836234 PN KLEI 30 0 201112 670                    DKUHARCIK000019

| | **Federal Information Worksheet** | **2011** |
|---|---|---|
| | ▶ Keep for your records | |

## Part I — Personal Information

| Taxpayer: | | Spouse: | |
|---|---|---|---|
| Last Name . . . . . . . . | KLEIMAN | Last Name . . . . . . . . | |
| First Name . . . . . . . | DAVID | First Name . . . . . . . | |
| Middle Initial . . . . . . | A     Suffix . . . . . | Middle Initial . . . . . . |     Suffix . . . . . |
| Social Security No. . . . . | ███████ | Social Security No. . . . . | |
| Occupation . . . . . . . . | COMP FORENSIC SPECIALIST | Occupation . . . . . . . . | |
| Date of Birth . . . . . . | 01/22/1967  (mm/dd/yyyy) | Date of Birth . . . . . . | (mm/dd/yyyy) |
| or Age as of 1/1/2012. . . | 44 | or Age as of 1/1/2012. . . | |
| Date of death. . . . . . | | Date of death . . . . . . | |
| Legally blind . . . . . . | ☐ | Legally blind . . . . . . | ☐ |
| E-mail Address . . . . . | | E-mail Address . . . . . | |
| Work Phone . . . . . | Ext . . . | Work Phone . . . | Ext . . . |
| Cell Phone . . . . | | Cell Phone . . . . | |

| | | | |
|---|---|---|---|
| Home Phone . . . . . . . | | Fax Number . . . . | |
| Best contact phone number. . . . . . . | | | |
| Check to print phone number on Form 1040 | ☐ Home | ☐ Taxpayer Work | ☐ Spouse Work |
| Address . . . . . . . . . | ███████████ | | Apt No. . |
| City. . . . . . . . . . . . | ████ | State . . . . . ██  ZIP Code . . . . . ████ | |
| Foreign province/county . . | | Foreign postal code . . . . | |
| Foreign Country . . . . | | Foreign Phone . . . . | |
| APO/FPO/DPO address, check if appropriate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . APO ☐  FPO ☐  DPO ☐ | | | |

## Part II — Federal Filing Status

1. ☒ Single
2. ☐ Married filing jointly
3. ☐ Married filing separately
   - ☐ Taxpayer **did not** live with spouse at any time during the year    ☐ Taxpayer is eligible to claim spouse's exemption *(see Help)*
4. ☐ Head of household
   - If the qualifying person is a child but not a dependent:
   - Child's name . . . . .                    Child's social security number . . . . .
5. ☐ Qualifying widow(er) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Year the spouse died. . . . . . . ▶ 2009 ☐  2010 ☐

## Part III — Dependent/Earned Income Credit/Child and Dependent Care Credit Information

| First Name | MI | Social Security Number | Date of birth | | E I C | Lived with taxpayer in U.S. | Education tuition and fees | Qualified child and dependent care expenses incurred and paid in 2011 |
|---|---|---|---|---|---|---|---|---|
| Last Name | Suffix | *Relationship | C o d e | Not qualified for child tax credit or non U.S.** | | | | |
| | | | ☐ | ☐ | | | ☐ | |
| | | | ☐ | ☐ | | | ☐ | |
| | | | ☐ | ☐ | | | ☐ | |
| | | | ☐ | ☐ | | | ☐ | |

**\*Caution:** If claiming child other than taxpayer's see **Relationship** in Help.
**\*\*Caution:** If this person is NOT a U.S. citizen, U.S. national, or a U.S. resident check this box.

## Part IV — Earned Income Credit Information

**Required to Calculate EIC:**

Yes  No

☐ ☒ Is taxpayer or spouse qualifying child for EIC for another person?
☒ ☐ Was taxpayer's (and spouse's if married filing jointly) home in United States for more than half of 2011?

**Check Any that Apply:**

☐ Social Security card says **Not Valid for Employment** and SSN of the taxpayer, or spouse if married filing jointly, was obtained to get federally funded benefit, such as Medicaid (see Help)
☐ Taxpayer filing as head of household **and** lived with nonresident alien spouse during last six months of 2011
☐ EIC was disallowed or reduced in previous year and taxpayer required to file Form 8862
☐ Taxpayer notified by IRS that EIC cannot be claimed in 2011

FDIY4112  03/15/12

DKUHARCIK000020

☐ CORRECTED (if checked)

| PAYER'S name, street address, city, state, ZIP code, and telephone no. | | 1 Rents | OMB No. 1545-0115 | |
|---|---|---|---|---|
| Agile Risk Management LLC<br>2202 N Westshore Blvd Suite 200<br>Tampa, FL 33607<br>(877)244-5313 | | $ | **2011** | **Miscellaneous Income** |
| | | 2 Royalties | | |
| | | $ | Form **1099-MISC** | |
| | | 3 Other income | 4 Federal income tax withheld | **Copy B** |
| PAYER'S federal identification number | RECIPIENT'S identification number | $          1200.00 | $ | **For Recipient** |
| | | 5 Fishing boat proceeds | 6 Medical and health care payments | |
| 200370544 | | | | |
| RECIPIENT'S name, address, city, and ZIP code | | $ | $ | |
| | | 7 Nonemployee compensation | 8 Substitute payments in lieu of dividends or interest | This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if this income is taxable and the IRS determines that it has not been reported. |
| David A. Kleiman | | | | |
| | | $ | $ | |
| | | 9 Payer made direct sales of $5,000 or more of consumer products to a buyer (recipient) for resale ▶ ☐ | 10 Crop insurance proceeds | |
| | | | $ | |
| | | 11 | 12 | |
| number (see instructions) | | 13 Excess golden parachute payments | 14 Gross proceeds paid to an attorney | |
| | | $ | $ | |
| 15a Section 409A deferrals | 15b Section 409A income | 16 State tax withheld | 17 State/Payer's state no. | 18 State income |
| $ | $ | $ | | $ |
| | | $ | | $ |

Form **1099-MISC**                (keep for your records)                Department of the Treasury - Internal Revenue Service

DKUHARCIK000021

Form **1099-MISC**

☐ CORRECTED (if checked)    (keep for your records)

| PAYER'S name, street address, city, state, ZIP code, and telephone no. | 1 Rents | OMB No. 1545-0115 | |
|---|---|---|---|
| LAW OFFICES OF DAVID E JEROME<br>PO BOX 220<br>NORTHVILLE, MI 48167<br>248-348-4433 | $ | **2011** | **Miscellaneous Income** |
| | 2 Royalties | Form 1099-MISC | 38-2099803<br>Department of the Treasury — IRS |
| | $ | | |

| | 3 Other income | 4 Fed. inc. tax withheld | Copy B |
|---|---|---|---|
| | $ | $ | For Recipient |

| PAYER'S federal identification number | RECIPIENT'S identification number | 5 Fishing boat proceeds | 6 Medical and health care payments | |
|---|---|---|---|---|
| 38-2423958 | ▓▓▓▓▓ | $ | $ | |

| RECIPIENT'S name, address, and ZIP code | 7 Nonemployee compensation | 8 Substitute payments in lieu of dividends or interest | This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if this income is taxable and the IRS determines that it has not been reported. |
|---|---|---|---|
| DAVID A KLEIMAN<br>▓▓▓▓▓▓▓▓▓ | $    1000.00 | $ | |
| | 9 Payer made direct sales of $5,000 or more of consumer products to a buyer (recipient) for resale ▶ ☐ | 10 Crop insurance proceeds | |
| | 11 | $ | |
| | | 12 | |

| Account number (see instructions) | 13 Excess golden parachute payments | 14 Gross proceeds paid to an attorney | |
|---|---|---|---|
| | $ | $ | |

| 15a Section 409A deferrals | 15b Section 409A income | 16 State tax withheld | 17 State/Payer's state no. | 18 State income |
|---|---|---|---|---|
| $ | $ | $ | | $ |
| | | $ | | $ |

1  B9MISCB    NTF 2575721    **BMISREC**    Copyright 2011 Greatland/Nelco – Forms Software Only

DKUHARCIK000022

COMPOSITE FORM 1099-MISC AND 1099-G           ( ) CORRECTED (IF CHECKED)          CONTROL NO:   009343
                                                                                  COPY B FOR RECIPIENT
                                                                          PAYER'S FEDERAL ID NUMBER: 596001874

STATE OF FLORIDA
## 2011 MISCELLANEOUS INCOME AND CERTAIN GOVERNMENT PAYMENTS
TAX IDENTIFICATION NUMBER: ▮▮▮▮▮

TO:                                              FROM:

DAVID A KLEIMAN                                  STATE OF FLORIDA
▮▮▮▮▮▮▮▮▮▮▮                                       JEFF ATWATER
                                                 CHIEF FINANCIAL OFFICER
                                                 200 E. GAINES STREET
                                                 TALLAHASSEE, FLORIDA 32399-0354
                                                 TELEPHONE  (850) 413-5519

----------------------------------------------------------------------

### 2011 MISCELLANEOUS INCOME
OMB NO. 1545 0115

THE AMOUNTS OF MISCELLANEOUS INCOME PAID TO YOU BY STATE OF FLORIDA AGENCIES ARE:

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| BOX 1) | RENTS | $ | 0.00 | BOX 6) MEDICAL AND HEALTH CARE PAYMENTS $ | | | 0.00 |
| BOX 2) | ROYALTIES | $ | 0.00 | BOX 7) NONEMPLOYEE COMPENSATION | | $ | 6,000.00 |
| BOX 3) | OTHER INCOME | $ | 0.00 | BOX 14) GROSS PROCEEDS PAID TO ATTORNEYS $ | | | 0.00 |

THIS IS IMPORTANT TAX INFORMATION AND IS BEING FURNISHED TO THE INTERNAL REVENUE SERVICE.  IF YOU ARE REQUIRED TO FILE
A RETURN, A NEGLIGENCE PENALTY OR OTHER SANCTION MAY BE IMPOSED ON YOU IF THIS INCOME IS TAXABLE AND THE IRS DETERMINES
THAT IT HAS NOT BEEN REPORTED.

INSTRUCTIONS FOR RECIPIENT: AMOUNTS SHOWN ON THIS FORM MAY BE SUBJECT TO SELF-EMPLOYMENT TAX. IF YOUR NET EARNINGS
FROM SELF-EMPLOYMENT INCOME ARE $400 OR MORE, YOU ARE REQUIRED TO FILE A RETURN AND COMPUTE YOUR SELF-EMPLOYMENT TAX ON
SCHEDULE SE (FORM 1040). SEE PUB. 334, TAX GUIDE FOR SMALL BUSINESS, FOR MORE INFORMATION ON SELF-EMPLOYMENT INCOME.
SINCE NO INCOME OR SOCIAL SECURITY AND MEDICARE TAXES WERE WITHHELD BY THE PAYER, YOU MAY HAVE TO MAKE ESTIMATED TAX
PAYMENTS IF YOU ARE STILL RECEIVING THESE PAYMENTS. SEE FORM 1040-ES, ESTIMATED TAX FOR INDIVIDUALS. IF YOU ARE AN
INDIVIDUAL, REPORT THE TAXABLE AMOUNTS SHOWN ON THIS FORM ON YOUR TAX RETURN, AS EXPLAINED BELOW. (OTHER TAXPAYERS, SUCH
AS CORPORATIONS, FIDUCIARIES, OR PARTNERSHIPS, REPORT THE AMOUNTS ON PROPER LINES OF YOUR TAX RETURN.)

BOXES 1 & 2 - RENTS AND ROYALTIES -- REPORT RENTS FROM REAL ESTATE ON SCHEDULE E (FORM 1040). IF YOU PROVIDED
SIGNIFICANT SERVICES TO THE TENANT, SOLD REAL ESTATE AS A BUSINESS, OR RENTED PERSONAL PROPERTY AS A BUSINESS, REPORT
ON SCHEDULE C OR C-EZ (FORM 1040). FOR ROYALTIES ON TIMBER, COAL, AND IRON ORE, SEE PUB. 544, SALES AND OTHER
DISPOSITIONS OF ASSETS.

BOX 3 - OTHER INCOME -- GENERALLY, REPORT ON THE 'OTHER INCOME' LINE OF FORM 1040 AND IDENTIFY THE PAYMENT. IF IT IS
TRADE OR BUSINESS INCOME, REPORT THIS AMOUNT ON SCHEDULE C, C-EZ, OR F (FORM 1040). THE AMOUNT SHOWN MAY BE PAYMENTS
YOU RECEIVED AS THE BENEFICIARY OF A DECEASED EMPLOYEE, PRIZES, AWARDS, TAXABLE DAMAGES, INDIAN GAMING PROFITS, OR
OTHER TAXABLE INCOME.

BOX 6 - MEDICAL AND HEALTH CARE PAYMENTS -- REPORT ON SCHEDULE C OR C-EZ (FORM 1040).

BOX 7 - NONEMPLOYEE COMPENSATION -- GENERALLY SHOWS NONEMPLOYEE COMPENSATION.  GENERALLY, PAYMENTS FOR SERVICES REPORTED
AS NONEMPLOYEE COMPENSATION ARE INCOME FROM SELF-EMPLOYMENT.  SINCE YOU RECEIVED THIS FORM, RATHER THAN FORM W-2, THE
PAYER MAY HAVE CONSIDERED YOU SELF-EMPLOYED AND DID NOT WITHHOLD SOCIAL SECURITY OR MEDICARE TAXES.  REPORT SELF-
EMPLOYMENT INCOME ON SCHEDULE C, C-EZ, OR F (FORM 1040), AND COMPUTE THE SELF-EMPLOYMENT TAX ON SCHEDULE SE (FORM
1040).  HOWEVER, IF YOU ARE NOT SELF-EMPLOYED, REPORT THIS AMOUNT ON FORM 1040 ON THE LINE FOR 'WAGES, SALARIES, TIPS,
ETC.'  CALL THE IRS FOR INFORMATION ABOUT HOW TO REPORT ANY SOCIAL SECURITY AND MEDICARE TAXES.

BOX 14 - GROSS PROCEEDS PAID TO AN ATTORNEY IN CONNECTION WITH LEGAL SERVICES.

FORM 1099-MISC (KEEP FOR YOUR RECORDS)
----------------------------------------------------------------------
### 2011 CERTAIN GOVERNMENT PAYMENTS
OMB NO. 1545 0120

THE AMOUNT OF TAXABLE GRANTS PAID TO YOU BY STATE OF FLORIDA AGENCIES IS  $        0.00

THIS IS IMPORTANT TAX INFORMATION AND IS BEING FURNISHED TO THE INTERNAL REVENUE SERVICE.  IF YOU ARE REQUIRED TO FILE
A RETURN, A NEGLIGENCE PENALTY OR OTHER SANCTION MAY BE IMPOSED ON YOU IF THIS INCOME IS TAXABLE AND THE IRS DETERMINES
THAT IT HAS NOT BEEN REPORTED.

FORM 1099-G      (KEEP FOR YOUR RECORDS)