UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC, <br><br> *Plaintiffs,* <br><br> v. <br><br> CRAIG WRIGHT, <br><br> *Defendant.* | CASE NO.:  9:18-cv-80176-BB/BR |

## PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Local Rule 56.1, and in support of their Motion for Partial Summary Judgment on Defendant's Affirmative Defenses to the Second Amended Complaint, Plaintiffs submit this Statement of Undisputed Material Facts.

1. When he was asked at a deposition on March 18, 2020, "[D]id you ever tell Ira that he would be releasing you from claims if he accepted shares in Coin-Exch," Defendant responded, "No, I never made any such thing." Ex. 1 (Mar. 18, 2020 Dep. of Craig S. Wright), at 227:23–228:1.

2. When Defendant was asked at the same deposition, "Did you ever tell Ira that he would be waiving any claims against you if he accepted shares in Coin-Exch," Defendant again answered, "No, I did not say anything like that." *Id.* at 228:2–6.

3. The share transfers for Coin-Exch that Defendant provided to Ira Kleiman and that Ira signed do not include a statement that the shares were provided as part of an agreement that

they would constitute accord and satisfaction (or otherwise release) the claims Plaintiffs assert in this case. Ex. 2 (Transfer of Shares), DEF_00001114, at 1114.

4. Defendant wrote to Ira Kleiman after Dave Kleiman's death, "The software Dave updated and which I have transferred back in OUR company, and it is OURs as you are Dave's heir . . . ." Ex. 3 (Apr. 24, 2014 Email from Craig S Wright to Ira Kleiman, *re: Questions*), DEFAUS_00627954, at 7954.

5. Defendant testified that he never told Ira Kleiman "anything like" the fact that Ira "would be waiving any claims against [him] if [Ira] accepted shares in Coin-Exch." Ex. 1 (Mar. 18, 2020 Dep. of Craig S. Wright), at 227:23–228:6.

6. There is no allegation or evidence in this case that the Estate or W&K have any outstanding liability to Defendant. *See* ECF No. [87] (Amended Answer to Second Amended Complaint), at 34 (Set-off defense).

7. The Estate of Dave Kleiman ("Estate") was not a party to the two consent proceedings filed by Defendant against W&K Info Defense Research, LLC ("W&K) in Australia resulting in consent orders against W&K agreed to on behalf of W&K by Defendant ("Australian Court Proceedings"). ECF No. [83-11] (Statements of Claim), at 2.

8. The Estate was not a party to the Australian Taxation Office ("ATO") investigation of Defendant and/or Coin-Exch. ECF No. [83-18] (Completion of Audit), at 2.

9. W&K was not a party to the ATO investigation. *Id.*

10. The Australian Court Proceedings were closed by the time Plaintiffs found out about them. ECF No. [83-22] (Nov. 6, 2013 Judgements), at 8 (judgment entered November 6, 2013), *with* ECF No. [50-1] (Decl. of Ira Kleiman), at ¶ 10 ("I first became aware of the two claims

Craig Wright filed in New South Wales Supreme Court on April 15, 2014 when the Australian Tax Office contacted me.").

11. Jamie Wilson is an individual who allegedly consented on behalf of W&K to the entry of orders in the Australian Court Proceedings. ECF No. [83-19] (Consent Orders), at 3, 5.

12. Mr. Wilson testified that he was never a director of W&K. Ex. 4 (Nov. 8, 2019 Dep. of Jamie Wilson), at 33:9–11.

13. Mr. Wilson testified that he was never a shareholder of W&K. *Id.* 33:12–14.

14. Mr. Wilson testified that he was never an officer of W&K. *Id.* 33:15–16.

15. When he was presented with a copy of an affidavit submitted by Craig Wright in the Australian proceeding stating that there had been an August 2013 meeting where it was moved that he would "act as a director for purposes of consenting to orders and the company to be wound down," Mr. Wilson responded, "This is my first knowledge that I was acting as a director of the U.S. company." *Id.* 69:22–70:10.

16. Mr. Wilson testified that he would disagree with the account from the minutes of the meeting with respect to his appointment as a director of W&K. *Id.* 71:8–12.

17. Mr. Wilson testified, "This is my first that I am being made aware that I was a director of the LLC company." *Id.*

18. In one hearing in the Australian Court Proceedings, Defendant stated that he owned more than 50% of W&K. Ex. 5 (Oct. 30, 2013 Registrar Hearing Transcript), at 1:40 ("I have 51% of the shares").

19. In a later hearing, he stated that he owned 100% of W&K. Ex. 6 (Nov. 6, 2013 Registrar Hearing Transcript), at 1:36 ("Yes, I'm now the sole shareholder in an American company."); *id.* 1:37–38 ("I own all the shares over here and want to bring everything back in.").

20. Defendant filed an affidavit in this case disavowing any current or former ownership of or director role in W&K. ECF No. [12-2] (Decl. of Craig Wright), at ¶ 12 ("I have never been a director, member, shareholder, officer, employee, or representative of W&K or of any Florida business.").

21. Defendant also stated in the Australian Court Proceedings that he had control of all of W&K's accounts. Ex 11 (Oct. 30, 2013 Registrar Hearing Transcript), at 2:26–29 ("We have actually taken control of the accounts and whatever else, which we've got stat decs for that, so effectively this is a formality because we have actually – the company has controlled all of the accounts now.").

22. Ira Kleiman filed a declaration in this case stating that the Australian Court Proceedings were not properly served on W&K. ECF No. [50-1] (Decl. of Ira Kleiman), at ¶ 10.

23. Defendant purported to appear for W&K as its "Director/Australian Agent" and listed his Australian address as the "[a]ddress for service" for W&K. ECF No. [83-30] (Aug. 19, 2013 Acknowledgments of Liquidated Claim), KLEIMAN_00559309, at 3.

24. In an affidavit filed in the Australian Court Proceedings, Defendant stated that W&K had been served by "mailing" a copy of the statement of claim to W&K's registered mailing address, and by "leaving" a copy at W&K's registered address for service. Ex. 7 (Statement of Claim), DEFAUS_01073503 at 3506.

25. To the extent Defendant has any evidence of attempted mailings to W&K, it is only of mailing of a "notice of listing" document to the U.S. Ex. 8 (Jan. 9, 2020 Dep. of Zachary Eisner), at 104:6–18, 106:9–12, 106:21–22, 116:25–117:22.

26. Service in the Australian Consent Proceedings was purportedly mailed to W&K's mailing address. ECF No. [83-4] (Affidavit of Craig S Wright), at 4, 8.

27. Service in the Australian Consent Proceedings was not purportedly mailed to W&K's registered address for service of process. *Id.*

28. Service was purportedly effected at W&K's registered address for service "by leaving it with the Defendant." *Id.* at 4.

29. W&K is a Florida LLC. *Id.*; ECF No. [83-3] (Electronic Articles of Organization), at 2.

30. Furthermore, the "notice of listing" did not include the statement of claim, a summons, or any information about the lawsuit except for the case number, case title, and a listing date for one of the proceedings. Ex. 8 (Eisner Dep.), Ex. 13 (PAIGE 00001908), at 1.

31. Australian attorney Gordon Thomas Grieve, retained by Defendant's counsel, submitted an affidavit in this case opining that Australian law requires that Hague Convention service be performed via the designated Central Authority, upon application to the Australian court's Registrar. ECF No. [33-1] (Affidavit of Gordon Thomas Grieve), at ¶¶ 49–56.

32. W&K was not served with the Australian Court Proceedings via the county sheriff. ECF No. [83-4] (Affidavit of Craig S Wright), at 3.

33. Defendant listed his Australian address as W&K's "[a]ddress for service" in the Australian Court Proceedings. ECF No. [83-30] (Aug. 19, 2013 Acknowledgments of Liquidated Claim), KLEIMAN_00559309, at 3, 5.

34. Defendant purported to appear for W&K as its "legal agent and representative" and its "Director/Australian Agent." *Id.*

35. Defendant filed documents in the Australian Court Proceedings purporting to acknowledge a "debt" on behalf of W&K to him, and to give "consent" to the entry of judgment against W&K. ECF No. [83-19], at 2, 5; ECF No. [83-30], at 2.

36. Defendant has disclaimed any role as a director, member, shareholder, officer, employee, or representative of W&K in affidavits filed in in this case and in deposition testimony. *See* ECF No. [12-2] (Decl. of Craig Wright), at ¶ 12 ("I have never been a director, member, shareholder, officer, employee, or representative of W&K or of any Florida business."); Ex. 14 (Apr. 4, 2019 Dep. of Craig S. Wright), at 219:22–23 ("Q. You have no idea who owns W&K? A. I do not know that."); *id.* 287:17–18 (Q. Did Ms. Nguyen have a role in W&K? A. W&K is not my company. I cannot talk about W&K.").

37. The "record of proceedings" in the Australian Court Proceedings state that money judgments have been entered in "favour of [Craig Wright]," and that it is "the agreement of the parties that [Craig Wright] will accept transfer of the intellectual property held by the plaintiff [Craig Wright] in full satisfaction of the judgment." ECF No. [83-22], at 4–5, 8.

38. The transcript from the final hearing in the Australian Court Proceedings reflects that entry of orders brought the Australian Court Proceedings "to a conclusion." Ex. 6 (Nov. 6, 2013 Registrar Hearing Transcript), at 2:3–7 ("REGISTRAR: In respect of matter 56 I make orders 1 through 4 of the consent order in this matter. I know that brings this matter to a conclusion. In respect of matter 59 I make orders 1, 2, and 3 of the consent orders and I note that that also brings this matter to a conclusion.").

39. The transcript does not state that final judgment was entered on the merits of Defendant's claims. *Id.*

40. There is no evidence that Plaintiffs' Civil Theft claim accrued any earlier than Dave Kleiman's death in April 2013 because it specifically alleges theft from Dave Kleiman's estate and/or W&K after Dave Kleiman's death. ECF No. [83] (Second Amended Complaint), at 46.

41.     The initial complaint in this case was filed on February 14, 2018. ECF No. [1] (Complaint).

42.     Defendant has acknowledged that Plaintiffs' remaining claims accrued no earlier than Dave Kleiman's death in April 2014 and may have accrued later. ECF No. [33] (Motion to Dismiss), at 37.

43.     Following Dave Kleiman's death, Defendant first contacted the Kleiman family in February 2014. Ex. 1 (Mar. 18, 2020 Dep. of Craig S. Wright), at 124:2–22.

44.     In February 2014, Defendant contacted Dave's father and wrote that he was trying "to help [] recover what Dave owned." Ex. 9 (Feb. 11, 2014 Email from Craig S Wright to Louis Kleiman, *re: Dave*), KLEIMAN_00008280, at 8280.

45.     In April 2014, Defendant wrote to Ira Kleiman stating he would provide Ira or the Estate of David Kleiman with shares allegedly worth millions in a new company that Defendant had formed. Ex. 3 (Apr. 23, 2014 Email from Craig S Wright to Ira Kleiman, *re: Questions*), DEFAUS_00627954, at 7960 (describing to Ira Kleiman the holdings of the company and future distributions).

46.     When questioned by Ira Kleiman about financial arrangements, Defendant responded, "I did the actions to make sure that the court signed off on what Dave and I had planned." *Id.* at 7972.

47.     That same email stated that Defendant would provide cash payments to Ira Kleiman or the Estate of David Kleiman. *Id.*

48.     In 2014, Defendant took actions to remove Dave Kleiman as the registered agent of W&K. Ex. 10 (2014 Limited Liability Company Reinstatement filed Mar. 28, 2014), KLEIMAN_00299177, at 9177.

49. Defendant wrote to Ira Kleiman in April 2014 that Defendant was "not trying to take anything from Dave's estate" and that Ira would receive a $12 million payment in October 2014. Ex. 3 (Apr. 23, 2014 Email from Craig S Wright to Ira Kleiman, *re: Questions*), DEFAUS_00627954, at 7960 (describing to Ira the holdings of the company and future distributions).

50. When that payment never arrived, Defendant blamed the delay on the ATO investigation and continued to promise that the Estate would be compensated when the investigation closed. Ex. 11 (Aug. 28, 2015 emails from Craig Wright to Ira Kleiman, *re: Communication*), KLEIMAN_00004269, at 4269.

51. Defendant stopped responding to Ira Kleiman's emails by October 9, 2015. Ex. 12 (Oct. 9, 2015 email from Ira Kleiman to Craig Wright), KLEIMAN_00398939, at 8939.

52. The uncontroverted evidence is that it was not until Defendant stopped responding to email on October 9, 2015 that Ira Kleiman realized he would likely have to sue Defendant. *Id.*

53. Plaintiffs were located in Florida during the times relevant to this case. ECF No. [83-3] (Electronic Articles of Organization), at 2; ECF No. [83-4], at 4; Ex. 13 (Apr. 8, 2019 Dep. of Ira Kleiman), at 8:14–15, 9:3–14; Ex. 17 (Jan. 9, 2020 Dep. of Zachary Eisner), at 44:5–9, 45:18–23.

54. Defendant and Dave Kleiman conducted "[w]ork and research . . . under the US Dept. of Homeland Security DHS BAA" via W&K in Florida. ECF No. [83-4], at 4–5.

Dated: May 8, 2020                                  Respectfully submitted,


                                                    *s/ Andrew S. Brenner*
                                                    Andrew S. Brenner, Esq.
                                                    **BOIES SCHILLER FLEXNER LLP**
                                                    100 SE 2nd Street, Suite 2800
                                                    Miami, Florida 33131
                                                    abrenner@bsfllp.com

                                                    Velvel (Devin) Freedman, Esq.
                                                    **ROCHE CYRULNIK FREEDMAN LLP**
                                                    200 S. Biscayne Blvd.
                                                    Suite 5500
                                                    Miami, Florida 33131
                                                    vel@rochefreedman.com

                                                    Kyle W. Roche, Esq.
                                                    Joe Delich, Esq.
                                                    *Admitted Pro Hac Vice*
                                                    **ROCHE CYRULNIK FREEDMAN LLP**
                                                    185 Wythe Avenue F2
                                                    Brooklyn, New York 11249
                                                    kyle@rochefreedman.com


                                                    *Counsel to Plaintiffs Ira Kleiman as
                                                    Personal Representative of the Estate of
                                                    David Kleiman and W&K Info Defense
                                                    Research, LLC.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 8, 2020 a true and correct copy of the foregoing was filed under Seal with CM/ECF, and served by E-mail to all counsel of record.

>  */s/ Andrew S. Brenner*
>  ANDREW S. BRENNER