UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC,<br><br>*Plaintiffs,*<br><br>v.<br><br>CRAIG WRIGHT,<br><br>*Defendant.* | CASE NO.: 9:18-cv-80176-BB/BR |

### NOTICE OF INTENT TO RAISE AN ISSUE OF AUSTRALIAN LAW

Pursuant to Federal Rule of Civil Procedure 44.1, and in support of their Motion for Partial Summary Judgment on Defendant's Affirmative Defenses to the Second Amended Complaint, Plaintiffs hereby give notice that their Motion for Partial Summary Judgment on Defendant's Affirmative Defenses to the Second Amended Complaint ("Motion") will raise issues of Australian law related to service of process.

As more fully described in the Motion, Australian law allows foreign defendants to be served pursuant to the Hague Convention or as allowed by the law of the jurisdiction where the defendant resides.[1] The Hague Convention requires service via the "Central Authority" of the defendant's state, ECF No. [33-1] (Affidavit of Gordon Thomas Grieve), at ¶¶ 49–56 (Defendant's own expert opining that Australian law requires that Hague Convention service be performed via

---

[1] New South Wales Uniform Civil Practice Rules ("UCPR"), Part 11, available at http://www9.austlii.edu.au/cgi-bin/viewdb/au/legis/nsw/consol_reg/ucpr2005305/. The UCPR allows service outside Australia under the Hague Convention or "in accordance with the law of the country in which service is effected." UCPR 11.8AC.

the designated Central Authority, upon application to the Australian court's Registrar). Australian law also requires that service of process on defendants outside of Australia include a notice of the alleged scope and grounds of jurisdiction as well as a statement of the defendant's right to challenge service and jurisdiction.[2]

---

[2] UCPR § 11.7 ("If a person is to be served outside of Australia with an originating process, the person must also be served with a notice in the approved form informing the person of: (a) the scope of the jurisdiction of the court in respect of claims against persons who are served outside Australia, and (b) the grounds alleged by the plaintiff to found jurisdiction, and (c) the person's right to challenge service of the originating process or the jurisdiction of the court or to file a conditional appearance.").

Dated: May 8, 2020    Respectfully submitted,

/s/ Andrew S. Brenner
Andrew S. Brenner, Esq.
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

Velvel (Devin) Freedman, Esq.
**ROCHE CYRULNIK FREEDMAN LLP**
200 S. Biscayne Blvd.
Suite 5500
Miami, Florida 33131
vel@rochefreedman.com

Kyle W. Roche, Esq.
Joe Delich, Esq.
*Admitted Pro Hac Vice*
**ROCHE CYRULNIK FREEDMAN LLP**
185 Wythe Avenue F2
Brooklyn, New York 11249
kyle@rochefreedman.com

*Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 8, 2020 a true and correct copy of the foregoing was filed with CM/ECF, which caused a copy to be served on all counsel of record.

/s/ Andrew S. Brenner
ANDREW S. BRENNER