# EXHIBIT 6

**Subject:** RE: Caselaw
**Date:** Wednesday, February 5, 2020 at 10:15:38 AM Eastern Standard Time
**From:** Zalman Kass
**To:** Kyle Roche

Kyle,

I'm following up to see if you have reconsidered your position on producing the documents that Emdan reviewed in connection with drafting his report. Also, have you made a final determination regarding the email from your vendors to Edman?

Thanks,

Zalman


**Zalman Kass**
**RIVERO MESTRE LLP**
2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134
(T) 305.445.2500 | (F) 305.445.2505
zkass@riveromestre.com | www.riveromestre.com
This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

---

**From:** Zalman Kass
**Sent:** Monday, February 03, 2020 5:03 PM
**To:** Kyle Roche <kyle@rochefreedman.com>
**Subject:** Caselaw

The drafters of the new Rule clearly contemplated that the term "considered" was something different than the term "relied," given that they rejected an earlier draft version of subdivision (a)(2), which required that the expert's report set forth "the data or other information relied upon in forming such opinions." 137 F.R.D. 53, 89 (1991); *see* Michael E. Plunkett, *Discoverability of Attorney Work Product Reviewed by Expert Witnesses: Have the 1993 Revisions to the Federal Rules of Civil Procedure Changed Anything?,* 69 *Temple L.Rev.* 451, 479 (1996). "Considered," which simply means "to take into account," clearly invokes a broader spectrum of thought than the phrase "relied upon," which requires dependence on the information. *See Webster's New Riverside University Dictionary* at 301, 993 (1984). Courts have noticed the difference; in *Baxter Diagnostics, Inc. v. AVL Scientific Corp.,* No. CV 91–4178–RG, 1993 WL 360674 (C.D.Cal., Aug. 6, 1993), the court defined the word "considered" as encompassing not only documents upon which the experts relied in forming their opinions but also those documents reviewed by the experts as well. *Id.* at *1. ==In this case, the experts reviewed the documents in connection with forming their opinions. Thus, they "considered" the information, mandating disclosure.==

Karn v. Ingersoll-Rand Co., 168 F.R.D. 633, 635 (N.D. Ind. 1996)

Considering the issue on appeal, the Seventh Circuit concluded that the notes should have

been produced. "A litigant is required to disclose to his opponent any information '*considered*' by the litigant's testifying expert." *Id.* (emphasis added). ==The Court concluded that "[a] testifying expert must disclose and therefore retain whatever materials are given him to review in preparing his testimony, even if in the end he does not rely on them in formulating his expert opinion, because such materials often contain effective ammunition for cross-examination."== *Id.* at 751 (citing Committee Notes to 1993 Amendments to Fed.R.Civ.P. 26(a)(2)); *see also In re Pioneer Hi-Bred Int'l, Inc.,* 238 F.3d 1370, 1375 (Fed.Cir.2001) ("the 1993 amendments to Rule 26 of the Federal Rules of Civil Procedure make clear that documents and information disclosed to a testifying expert in connection with his testimony are discoverable by the opposing party, whether or not the expert relies on the documents and information in preparing his report"); *Karn v. Ingersoll-Rand Co.,* 168 F.R.D. 633, 635 (N.D.Ind.1996) (**"** ==**'Considered,' which simply means 'to take into account,' clearly invokes a broader spectrum of thought than the phrase 'relied upon,' which requires dependence on the information."**==).

<u>Loff v. The Landings Club, Inc.</u>, No. CV405-98, 2006 WL 5537588, at *2 (S.D. Ga. July 17, 2006)

**Zalman Kass**
**RIVERO MESTRE LLP**
2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134
(T) 305.445.2500 | (F) 305.445.2505
zkass@riveromestre.com | www.riveromestre.com
This message may contain confidential and privileged information. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.