# EXHIBIT 7

Page 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

```
-------------------------------)
                               )
                               )
                               )
IRA KLEIMAN, as the personal   ) CASE NO:
representative of the Estate   ) 9:18-cv-80176-BB/BR
of David Kleiman, and W&K Info )
Defense Research, LLC          )
                               )
        Plaintiffs,            )
                               )
v.                             )
                               )
                               )
CRAIG WRIGHT                   )
                               )
        Defendant.             )
                               )
                               )
-------------------------------)
```

Videotape Deposition of
CRAIG STEVEN WRIGHT

On Thursday, 4th April 2019

Taken at the offices of:

Boies Schiller Flexner LLP
5 New Street Square,
London EC4A 3BF

Reported by:  Paula Foley



Page 296

1  enquire into -- let me finish -- Dr. Wright's various
2  entities and trusts.  Specifically at the last hearing
3  he authorised us to do because Ms. Markoe refused to
4  turn over a compilation of those entities on
5  work-product grounds and he specifically authorised me
6  to enquire into the trust and companies.
7              MR. RIVERO:  With respect ----
8              MS. MARKOE:  Right, but ----
9              MR. RIVERO:  Let me please address.
10 Counsel today has referred to a rule that does not
11 exist.  He has referred to it without a number.  Now he
12 refers to transcripts without a certain page number.
13 I have been reviewing transcripts.  I do not find the
14 reference.  Unless there is a basis, the instruction is
15 do not answer.  Let us move on to the next question.
16             MR. FREEDMAN:  We will just move on.  We
17 will raise it with the court.
18 (Plaintiff's Exhibit 7 marked for identification)
19             MR. FREEDMAN:  For the record,
20 Mr. Rivero, you can look this over later, but just so
21 the record reflects, it is at the last hearing,
22 transcript pages 55 and 56, and I will give you the ----
23             MR. RIVERO:  I have the transcript.
24             MR. FREEDMAN:  It is for your own
25 knowledge and for the record, we can look at it and



Page 297

```
 1    discuss it later.
 2               MR. RIVERO:  Now you have identified a
 3    page I will review it and we will come back to it.
 4               MR. FREEDMAN:  We will return to it.
 5               MR. RIVERO:  Yes.
 6    BY MR. FREEDMAN:
 7         Q.    Dr. Wright, do you recognise Plaintiff's
 8    Exhibit 7 which has been just marked and placed before
 9    you?
10         A.    I recognise two documents joined
11    together, yes.
12         Q.    What are the two documents that are
13    joined together?
14         A.    You have deed of loan as a front page.
15    Page 1 of 7, 2 of 7, 3 of 7, 4 of 7, 5 of 7, 6 of 7 of a
16    document, and then page 7 of 7 of a separate document.
17    So, potentially two, if not three, documents, put
18    together as one.
19         Q.    Page 7 of 7 belongs to what document?
20         A.    Not this one.
21         Q.    Do you know what document it does belong
22    to?
23         A.    I would need to look at records.  I do
24    not know.
25         Q.    Looking at the first six pages, which you
```



Page 298

1  say are one document; is that correct?
2       A.   The first six pages, you mean not the
3  first six, but the cover page does not have a thing, and
4  then that starts at page 1.  So, page 2, which is on
5  here as page 3 of 10, page 4 of 10, page 5 of 10, page 6
6  of 10, page 7 of 10, and page 8 of 10 are parts of the
7  same document that is not complete.
8       Q.   Sitting here today you have no idea what
9  page 9 of 10 document is -- strike that.  Sitting here
10 today you have no idea what page 9 of 10 -- strike that
11 again.  Sitting here today you have no idea what
12 document page 9 of 10 belongs to; is that correct?
13      A.   That is not what I said.
14      Q.   What document does page 9 of 10 belong
15 to?
16      A.   A different document that is not this
17 one.
18      Q.   Which document?
19      A.   I do not have documents in front of me.
20 I cannot match them.
21      Q.   So, sitting here today you do not know
22 what that document -- what that page -- what document
23 that page belongs to?
24      A.   I cannot match them, no, and page 10 of
25 10 is a separate document as well.  You will notice no



Page 299

1  page numbers or anything like that, so that is also out
2  of -- so there are possibly four documents constructed
3  into one.
4       Q.    Who has all the originals of these
5  documents?
6            MS. MARKOE:  Objection.
7            THE WITNESS:  I do not know.
8  BY MR. FREEDMAN:
9       Q.    Do you have the originals of these
10 documents?
11      A.    Unless my lawyers have gone through and
12 found things in boxes, then I do not know.
13      Q.    Does Ms. Nguyen have the originals of
14 this document?
15           MS. MARKOE:  Objection.
16           THE WITNESS:  I do not know what
17 Ms. Nguyen has.  I have not spoken to Ms. Nguyen in
18 three plus years.
19 BY MR. FREEDMAN:
20      Q.    Can you look at page 9 of 10.
21      A.    Yes.
22      Q.    There is a signature at the bottom; is
23 that your signature?
24      A.    Yes.
25      Q.    And there is a signature above that; is



Page 300

1  that Ms. Nguyen's signature?
2       A.   I believe so.
3       Q.   The handwriting on the right-hand side of
4  all the Bitcoin wallets listed there, whose handwriting
5  is that?
6       A.   That looks like mine.
7       Q.   Do you recognise what this appendix list
8  of Bitcoin is?
9            MS. MARKOE:  Objection.  Answer if you
10 can.
11           THE WITNESS:  I think you are confounding
12 two different things.  There is a random note talking
13 about wallets and a set of addresses.  Where I talk
14 about wallets, wallets are files, computer files,
15 etcetera, so you have done a typical error that most
16 people do in calling Bitcoin addresses wallets.  So, you
17 have taken two completely separate things, because
18 I have this habit of writing wherever the hell I feel
19 like it, usually over documents people complain that
20 I write on, because I write notes whenever I feel like
21 writing notes, and saying that they are related.
22 BY MR. FREEDMAN:
23      Q.   So, is it your testimony here today that
24 the note in your handwriting on the right-hand side of
25 this document is completely unrelated to the list of



Page 301

```
 1   Bitcoin block addresses on the left-hand side of the
 2   document?
 3                MS. MARKOE:  Objection.
 4                THE WITNESS:  I cannot say what it is.
 5   It is all wallets, and then there is a list of
 6   addresses.  They are two different things.  I have made
 7   a note.  I would need to look at records to be able to
 8   match up what that was.  I have left myself a note at
 9   some point.  I cannot necessarily say what my note was.
10   BY MR. FREEDMAN:
11        Q.    Do you have those records that you could
12   look that up?
13                MS. MARKOE:  Objection.  You can answer.
14                THE WITNESS:  My lawyers have all the
15   records I have.  If anything is in there that goes to
16   further, then that would be there.
17   BY MR. FREEDMAN:
18        Q.    Did you have counsel help you draft this
19   document?
20                MS. MARKOE:  Objection.  He has already
21   testified that this appears to be a compilation of
22   multiple documents that were put together in error.
23   BY MR. FREEDMAN:
24        Q.    Did counsel help you draft page 9 of the
25   document?
```

