# EXHIBIT 9

# NOTICE OF OBJECTION AGAINST NOTICE OF AMENDED ASSESSMENT OF NET AMOUNT

## FOR THE TAX PERIOD 1 OCTOBER TO 31 DECEMBER 2013

### DENARIUZ PTY LIMITED

ABN 22 165 471 983

COMMONWEALTH OF AUSTRALIA

*TAXATION ADMINISTRATION ACT* 1953

| | |
|---|---|
| **Taxpayer:** | Denariuz Pty Limited |
| **ABN:** | 22 165 471 983 |
| **Date of Notice of Amended Assessment of Net Amount:** | 29 October 2014 |
| **Period:** | 1 October to 31 December 2013 |

**NOTICE OF OBJECTION AGAINST NOTICE OF AMENDED ASSESSMENT OF NET AMOUNT UNDER THE *TAXATION ADMINISTRATION ACT* 1953**

**DENARIUZ PTY LIMITED** (the **Taxpayer**), whose address for service is c/- Mr Andrew Sommer, Clayton Utz Lawyers, Level 15, 1 Bligh Street, Sydney NSW 2000, being dissatisfied with the amended assessment made of its net amount for the period 1 October to 31 December 2013 (the **Period**) and notified to the Taxpayer by Notice of Amended Assessment of Net Amount (**Amended Assessment**) dated 29 October 2014, HEREBY OBJECTS AGAINST the Amended Assessment pursuant to section 155-90 in Schedule 1 to the *Taxation Administration Act* 1953 (Cth) (the **TAA**).

The Taxpayer claims that the Amended Assessment of the Taxpayer's net amount of NIL for the Period is excessive and should be set aside or amended to give a refund entitlement of $4,194,857 or some other amount.

The grounds for the objection upon which the Taxpayer relies for the purpose of section 14ZU of the TAA are set out in Part B of this Notice of Objection.

### Part A: Background

1. In January 2014, the Commissioner of Taxation (**Commissioner**) commenced a review of the Taxpayer's Business Activity Statement relating to the Period.

2. Following the review, the Commissioner issued the following documents to the Taxpayer:

    (a) the Amended Assessment;

    (b) the Reasons for Decision;

    (c) the Notice of Assessment of Shortfall Penalty; and

(d)     the Reasons for Penalty Decision.

3.  Set out below is a summary of the transactions undertaken Dr Craig Steven Wright (ABN 97 481 146 384) (**Dr Wright**) and his related entities (including the Taxpayer), which are relevant to the Amended Assessment.

*Loan of bitcoin*

4.  On 23 October 2012, Dr Wright entered into a Deed of Loan with Design by Human Limited (08248988) UK (**Design by Human**) under which Design by Human as trustee for a Seychelles trust agreed to lend 650,000 bitcoin to Dr Wright. Design by Human has since changed its name and is now known as "C01N Ltd". The Bitcoin were not transferred to addresses controlled by Dr Wright. Rather, legal title to the Bitcoin remained with C01N Ltd. However, pursuant to the Deed of Loan, C01N Ltd held the Bitcoin associated with the nominated addresses for the benefit of Dr Wright and agreed to transact with those Bitcoin as directed by Dr Wright. Subsequent transactions between Dr Wright and his related entities were conducted by the transfer of a right to call on the Bitcoin held by C01N Ltd. That is, there was no legal transfer of the Bitcoin for those related party transactions. The Bitcoin remained with C01N Ltd. Rather, there was a change in the identity of the person for whom C01N Ltd held a specified number of those Bitcoin.

*Capitalisation of the Taxpayer*

5.  At or around the time of incorporation, the Taxpayer issued 8.5 million of its ordinary shares to Dr Wright for $8.5 million. The consideration provided by Dr Wright to the Taxpayer for the shares was in the form of a right to call for Bitcoin held by C01N Ltd.

*Acquisition made by the Taxpayer*

6.  During the Period, the Taxpayer acquired Bitcoin Wallet Address (**Bitcoin Wallet**) for $41,948,571.66 plus GST of $4,194,857.16 from Panopticrypt Pty Limited as trustee for the Wright Family Trust (ABN 72 433 066 448) (**DeMorgan**).

*Supply made by the Taxpayer*

7.  During the Period, the Taxpayer supplied a number of Bitcoin to Dr Wright for $19.5 million (including GST) and a number of Bitcoin to Denariuz Pte Ltd, a Singaporean entity, for $19.5 million (excluding GST).

3

L\314437567.5

**Part B: Grounds for Objection**

8. The Taxpayer contends that:

    (a) since its incorporation, the Taxpayer has undertaken various activities in preparation for the commencement of its banking operations, including engaging in a number of research and development activities;

    (b) at all times, these activities constituted the carrying on of an enterprise in the form of a business or the commencement of an enterprise in the form of a business, both of which are taken to be the carrying on an enterprise for the purposes of the *A New Tax System (Goods and Services Tax) Act* 1999 (**GST Act**). More detailed arguments to support this contention were provided to the Commissioner on 27 November 2014;

    (c) in light of sub-paragraph (a) and (b), the Taxpayer was (and remains) entitled to be registered for GST purposes under section 25-5 of the GST Act;

    (d) the Taxpayer was registered throughout the Period when the acquisitions were made;

    (e) the acquisition of the Bitcoin Wallet made by the Taxpayer from DeMorgan during the Period was made for a creditable purpose. That is, it was acquired in the carrying on of the Taxpayer's enterprise. Such an acquisition did not relate to the making of input taxed supplies by the Taxpayer and was not of a private or domestic nature;

    (f) in accordance with advice from the Commissioner, DeMorgan treated the supply of the Bitcoin Wallet to the Taxpayer during the Period as a taxable supply and it accounted for GST on that supply in its Business Activity Statement for the Period;

    (g) it provided consideration for the acquisition of the Bitcoin Wallet from DeMorgan, which was in the form of the right to call for Bitcoin held by C01N Ltd; and

    (h) for the above reasons, the acquisition of the Bitcoin Wallet made by the Taxpayer from DeMorgan during the Period qualifies as a "creditable acquisition" as defined in section 11-5 of the GST Act, and thus, the Taxpayer is entitled claim an input tax credit for that acquisition.

CONFIDENTIAL

DEF_00066424

In this objection, no ground shall be limited or restricted in any way by reference to or influence from any other ground, and nothing contained in any ground in construed as an admission of any matter of fact denied or put in issue by any other ground.

**Declaration**

I declare that the information contained in this document is true and correct.

Dated the [8/1] day of December 2014

...................................................
Dr Craig Steven Wright
Director of the Taxpayer

CONFIDENTIAL

DEF_00066425