# EXHIBIT 11

CONFIDENTIAL

# REPORT
## of
# NORWITCH DOCUMENT LABORATORY

## QUESTIONED DOCUMENT EXAMINATION

*Ira Kleiman, as personal representative of the estate of David Kleiman, and W&K INFO DEFENSE RESEARCH LLC.*

*v.*

*Craig Wright*

**Case No.:   USDC 18-cv-80176(BB/BR)**
**NDL File Number: 191205**

CONFIDENTIAL

## Ira Kleiman, as personal representative of the estate of David Kleiman, and W&K INFO DEFENSE RESEARCH, LLC.

## v.
## Craig Wright

## Table of Contents

Report of Examination
    Evidence Submission .......................................................... 1
    Examination Requested / Examination Protocols ............................... 2
    Findings and Opinions / Display & Exhibit Conventions ......................... 3
    Comparison Chart ........................................................... 4
    Evidence Disposition ........................................................ 5

Questioned Document(s)
    Consent Order .............................................................. 7

Standard Document(s)
    Deed of Agreement ......................................................... 9
    Intellectual Property Licences .......................................... 10-12
    Letters of Resignation ................................................. 13-16

Curriculum Vitae, F. Harley Norwitch .................................. Appendix A
NDL Compensation .................................................... Appendix B
Court Testimony ...................................................... Appendix C
Deposition Testimony ................................................. Appendix D
Errata/Notes ......................................................... Appendix E

CONFIDENTIAL

$\mathscr{NDL}$

*Norwitch Document Laboratory*

**WEST PALM BEACH**

—

**17026 HAMLIN BOULEVARD**
**LOXAHATCHEE, FLORIDA 33470**

**F. HARLEY NORWITCH**

**TELEPHONE (561) 333-7804**
**FACSIMILE (561) 795-3692**

**www.QuestionedDocuments.com**
**FrankNorwitch@bellsouth.net**

December 11, 2019

Mr. Zelman Kass
Rivero Mestre, LLP
2525 Ponce de Leon Boulevard
Suite 1000
Miami, Florida   33134

**Re:    Ira Kleiman, as personal representative of the estate of David Kleiman, and W&K**
**INFO DEFENSE RESEARCH, LLC. v. Craig Wright**
**Case No.:   USDC 18-cv-80176(BB/BR)**
**Our File No.: 191205**

## REPORT OF EXAMINATION

**Evidence Submission**

On December 5, 2019, Mr. Zelman Kass submitted the following evidence for examination (Via PDF):

Item A            - One machine copy of a Consent Order, dated August 28, 2013.  This
                    document bears a questioned Jamie Wilson Signature.

Item N(1-8)       - Machine copies of eight (8) documents bearing the represented standard
                    (known) signatures of Jamie Wilson, described in more detail as follows:

   N(1)           - One Deed of Agreement, dated April, 2012.

   N(2)           - One Intellectual Property Licence, dated August 22, 2013.

   N(3)           - One Intellectual Property Licence, dated August 22, 2013.

   N(4)           - One Intellectual Property Licence, dated August 22, 2013.

   N(5-8)         - Four (4) Letters of Resignation, dated October 23, 2013.

CONFIDENTIAL

**Examination Requested**

To ascertain, if possible, the authenticity of the questioned J. Wilson signature on the Consent Order in Item A by comparison with the represented standard (known) signatures of Jamie Wilson as they appear on the documents in Item N(1-8).

**Forensic Document Examination Protocol**

Norwitch Document Laboratory conducts forensic document examinations and comparisons using widely accepted protocols and instrumentation employed at federal, state, and local government forensic document examination facilities of the United States. F. Harley Norwitch has trained at these facilities, to include The Federal Bureau of Investigation, the United States Secret Service, the United States Postal Service, the Florida Department of Law Enforcement and the Miami-Dade County Crime Laboratory.

These protocols include, but are not limited to: opinions and reporting procedures, submission and return of evidence (to include chain of custody), evaluation of original and non-original evidence for sufficiency, determination of/between original and non-original evidence, and evaluation of documents for evidence of alterations, obliterations and machine copy manipulation (generically referred to as "cut and paste").

Handwriting and signatures examination and comparison procedures consist of examination of standard (known) material for consistency and normal variation, and then a side by side comparison of individual writing movements and inherent characteristics found in the questioned material with comparable writing movements found in the standard material, such as, but not limited to: form, height ratios, slant, proportions, skill level, movement, speed, pressure, and line quality, where possible and/or necessary.

Examination, comparisons, and archival procedures may employ, but are not limited to, stereo microscopy, video-spectral comparison and electro-static instrumentation, transparency comparison, computer scanning, and photo microscopy (photomicrographs).

CONFIDENTIAL

## Findings, Opinions

An examination and comparison of the questioned and standard (known) signatures, as described previously was accomplished.

1. The original document represented by the machine copy in Item A is reportedly unavailable. The machine copy quality of the submitted document in Item A is adequate to allow for a viable and very definitive examination. Further, a preliminary examination of the submitted machine copy of the questioned document in Item A does not reflect indicia of machine copy or computer/scanner manipulation. This document is considered a true and accurate reproduction of the original Document.

2. A preliminary review of the submitted known signatures confirms that all of these signatures are consistent with having been written by one individual. The writer's signatures are symbolic (individualized to the point of not containing readily recognized letters), are complex, and are written rapidly.

3. The questioned signature fits comfortably within the parameters of individual variation displayed in the standard material and displays the same individual characteristics present in those signatures. These individual characteristics, in combination, are sufficiently distinctive to conclude to a good degree of probability that the questioned signature was written by the person who wrote the specimen signatures. Indications normally associated with simulation, such as hesitation, tremor, and a slow "drawn" appearance, are not present.

In view of the above findings, it is the opinion of this examiner that the questioned signature on the Consent Order was very probably written by Jamie Wilson. Submission of the original Consent Order will provide a basis for further comparison and likely a more definitive opinion.

## Display & Exhibit Conventions

A comparison chart has been included in this report for the convenience of the reader and may be used at trial. The material on this chart may have been enlarged or reduced as necessary to accommodate space requirements. These size changes, if present, were not considered in arriving at any expressed opinions, and should not, nor are they intended to, influence the reader. The included chart was not a part of the examination process, but was produced at the conclusion of the examination.

## Exhibits

Similarly, photocopies of the submitted evidence have also been included in this report. These copies have been reduced in size to accommodate the report format. These photocopies have been included solely for identification of, and easy reference to, the submitted evidence.

CONFIDENTIAL

# QUESTIONED SIGNATURE



# SAMPLE STANDARD SIGNATURES

NORWITCH DOCUMENT LABORATORY, INC

CONFIDENTIAL

## Evidence Disposition

All evidence submitted for examination and used in the preparation of this report is returned by enclosure with this report.

Respectfully Submitted,

F. Harley Norwitch
Forensic Document Examiner

FHN:hp

CONFIDENTIAL



Case 9:18-cv-80176-BB   Document 509-11   Entered on FLSD Docket 05/18/2020   Page 10 of
129
Case 9:18-cv-80176-BB   Document 83-15   Filed on FLSD Docket 01/14/2019   Page 5 of 5

2

**SIGNATURES**

**Plaintiff**

The plaintiff consents.

Signature of plaintiff

Craig S Wright

Plaintiff

Capacity

Date of signature                    28th Aug 2013

**Defendant**

The defendant consents.

Signature of or on behalf of party
if not legally represented

Capacity                             Authorised officer

Date of signature                    28th Aug 2013

_____J Wilson_____ consents.

**SEAL AND SIGNATURE**

Court seal

Signature

Capacity

Date made or given

Date entered

**NOTICE**

Subject to limited exceptions, no variation of a judgment or order can occur except on
application made within 14 days after entry of the judgment or order.

**Item A**

CONFIDENTIAL



STANDARD DOCUMENT(S)

CONFIDENTIAL

## SIGNING PAGE

**EXECUTED AS A DEED** the          day of ꞏꞏꞏ  2012

SIGNED SEALED AND DELIVERED by          )

JAMIE ROBERT WILSON in the          )

presence of:          )

_____

**Signature of Witness**

*H. M. Wilson*

**Name of Witness (print in block letters)**

*HEATHER MONICA WILSON*

**Address of Witness**
*10 WARBURK ST*
*DUROCK 4077*

_____
Signature of Jamie Robert Wilson

SIGNED SEALED AND DELIVERED by          )

GORDON MUNRO WALKER in the          )

presence of:          )

_____

**Signature of Witness**

_____
Signature of Gordon Munro Walker

_____

**Name of Witness (print in block letters)**

_____

**Address of Witness**

SIGNED SEALED AND DELIVERED by COUNTY PROPERTIES AND DEVELOPMENTS PTY LTD
(ACN 118 423 402)

_____
**Director**

*KIM E KENNEDY*
**Name**

03123

_____
**Director**

_____

p.1          07327866828          Gift Abroad QLD Pty. Ltd          13 Mei. '12 03 33p

**Item N(1)**

CONFIDENTIAL

**SIGNED AS A DEED**

Executed by
Hotwire Preemptive Intelligence Pty Ltd )
A.C.N. 164 068 348 in accordance with s.127 )
Corporations Act 2001 (CTH) and its constitution )

Ramona Watts
DIRECTOR

Jamie Robert Wilson
DIRECTOR

Executed by
Craig Wright R&D (A.B.N. 97 481 146 384)

Craig S Wright

12

Item N(2)

CONFIDENTIAL

**SIGNED AS A DEED**

Executed by
Hotwire Preemptive Intelligence Pty Ltd                    )
A.C.N. 164 068 348 in accordance with s.127               )
Corporations Act 2001 (CTH) and its constitution          )

Ramona Watts                              Jamie Robert Wilson
DIRECTOR                                  DIRECTOR

Executed by
Craig Wright R&D (A.B.N. 97 481 146 384)

Craig S Wright

12

Item N(3)

CONFIDENTIAL

**SIGNED AS A DEED**

Executed by
Coin-Exch Pty Ltd                              )
A.C.N. 163 338 467in accordance with s.127         )
Corporations Act 2001 (CTH) and its constitution      )

Jamie Robert Wilson
 DIRECTOR

Executed by
Craig Wright R&D (A.B.N. 97 481 146 384)

Craig S Wright

12

Item N(4)

CONFIDENTIAL

23 October 2013

The Directors
Coin-Exch Pty Ltd
43 St Johns Avenue
Gordon NSW 2072

Dear Craig

I am no longer able to continue as a director of the company and hereby submit my resignation to take effect immediately.

Yours sincerely

Jamie K Wilson

CONFIDENTIAL

DEFAUS_00108905

**Item N(5)**

-13-

CONFIDENTIAL

23 October 2013

The Directors
Hotwire Preemptive Intelligence Pty Ltd
43 St Johns Avenue
Gordon NSW 2072

Dear Craig and Ramona

I am no longer able to continue as a director of the company and hereby submit my resignation to take effect immediately.

Yours sincerely

James R Wilson

CONFIDENTIAL

DEFAUS_00108906

Item N(6)

-14-

CONFIDENTIAL

23 October 2013

The Directors
Interconnected Research Pty Ltd
43 St Johns Avenue
Gordon NSW 2072

Dear Craig

I am no longer able to continue as a director of the company and hereby submit my resignation to take effect immediately.

Yours sincerely

James R Wilson

CONFIDENTIAL

DEFAUS_00108907

Item N(7)

-15-

CONFIDENTIAL

23 October 2013

The Directors
Integyrz Pty Ltd
43 St Johns Avenue
Gordon NSW 2072

Dear Craig and Ramona

I am no longer able to continue as a director of the company and hereby submit my resignation to take effect immediately.

Yours sincerely

Jamie R Wilson

CONFIDENTIAL

DEFAUS_00108908

Item N(8)

-16-

CONFIDENTIAL



*NDL*
*Norwitch Document Laboratory*

**WEST PALM BEACH**

**17026 HAMLIN BOULEVARD
LOXAHATCHEE, FLORIDA  33470**

**TELEPHONE (561) 333-7804
FACSIMILE(561) 333-7804**

www.QuestionedDocuments.com
FrankNorwitch@bellsouth.net

**F. HARLEY NORWITCH**

## CURRICULUM VITAE
### F. Harley Norwitch

**EDUCATION:**   UNIVERSITY OF MIAMI; Bachelor of General Studies, June 1973.

**SPECIALIZED
TRAINING:**      MIAMI-DADE POLICE DEPARTMENT; Fraud Investigations, Coconut     One
                 Florida, 1998.

                 FLORIDA DEPARTMENT OF LAW ENFORCEMENT; F.B.I. Typewriter
                 Examination Seminar; Tallahassee, Florida, 1992.

                 ROCHESTER INSTITUTE OF TECHNOLOGY; Forensic Photography; Rochester,
                 New York, 1989.

                 FEDERAL BUREAU OF INVESTIGATION; Fundamentals Of Questioned Docu-
                 ments; Quantico, Virginia, 1988.

                 ROCHESTER INSTITUTE OF TECHNOLOGY; Printing For The Document Exam-
                 iner; Rochester, New York, 1986.

                 UNITED STATES SECRET SERVICE; Questioned Document Course; Glynco,
                 Georgia 1985.

                 FEDERAL BUREAU OF INVESTIGATION; Questioned Documents Symposium;
                 Quantico, Virginia, 1985.

                 UNITED STATES POSTAL SERVICE LABORATORY; Typewriter Systems;
                 Washington, D.C., 1983.

                 FLORIDA DEPARTMENT OF LAW ENFORCEMENT, Examination of Questioned
                 Documents; Valencia Community College, Orlando, Florida, 1982.

                 FLORIDA DEPARTMENT OF LAW ENFORCEMENT, Forensic Document Training;
                 FDLE Satellite Laboratory, Tampa, Florida, 1981.

                 MIAMI-DADE POLICE DEPARTMENT CRIME LABORATORY; Forensic
                 Document Training (Apprenticeship); Miami, Florida, 1979 - 1981.

                 BISCAYNE COLLEGE; Death Scene Investigation; Miami, Florida, 1975

*Appendix A-1*

CONFIDENTIAL

SOUTHEAST INSTITUTE OF CRIMINAL JUSTICE; <u>Crime Scene And Explosives Technology</u>; Miami, Florida, 1974

SOUTHEAST INSTITUTE OF CRIMINAL JUSTICE; <u>Basic Law Enforcement</u>; Miami, Florida, 1974

**EMPLOYMENT:**   <u>Forensic Document Examiner</u> - Norwitch Document Laboratory/Associated Forensic Services, 1983 to present.
<u>Senior Document Examiner</u>, Questioned Document Unit, Crime Laboratory - Miami-Dade Police, 1982 to 1999.
<u>Forensic Document Examiner</u>, Questioned Document Unit, Crime Laboratory - Miami-Dade Police, 1979 to 1982.
<u>Crime Scene Investigator</u>, Crime Scene Section, Crime Laboratory - Dade County Public Safety Department, 1973-1979.

**COMMENDATIONS:**

Federal
> Association of Inspectors General
> Department Of Human Resources
> Department Of the Treasury (multiple)
> Federal Bureau Of Investigation
> Internal Revenue Service (multiple)
> United States Army

State
> Florida Association of Licensed Investigators
> Florida Department of Business And Professional Regulation
> Florida Department of Health and Rehabilitative Services
> Florida International Banker's Association
> State Attorney's Office - 2nd Judicial Circuit
> State Attorney's Office - 11th Judicial Circuit (multiple)
> State Attorney's Office - 16th Judicial Circuit
> State Attorney's Office - 17th Judicial Circuit

Local
> American Society For Industrial Security
> Coral Gables Police Department (multiple)
> Dade County Defense Bar Association
> Dade County Schools
> Exchange Club of Miami
> Metropolitan Police Institute (multiple)
> Miami-Dade Audit and Management Services Department
> Miami-Dade Police Department (multiple)
> Opa Locka Police Department
> Palm Beach Community College
> Palm Beach County Economic Crime Unit
> Palm Beach County Police Department
> Republic National Bank
> South Florida Investigators Association
> Southeast Bank

*Appendix A-2*

*CONFIDENTIAL*

**DISTINCTIONS:**   *Retired Deputy Sheriff* - Miami-Dade County, Florida

*Former Faculty Member* - National College of District Attorneys, University of Houston.

*Former State of Florida Certified Instructor* - Forensic Sciences.

*Daubert Qualified* - July, 2013

**TESTIMONY:**   *Qualified Court Expert* in Forensic Document Examination. Expert testimony given before Regulatory Commission Hearings; State & Municipal Courts of Florida in criminal and civil matters; Federal & Military Courts of the United States; U.S. District Court of Puerto Rico; U.S. District Court of the U.S. Virgin Islands; State & Federal Grand Juries; The Supreme Court of The Bahamas; The Supreme Court of The Turks and Caicos Islands; Summary and Grand Court of the Cayman Islands. Expert testimony given in excess of five hundred times.

**INSTRUCTOR:**   **QD Overview & That One Question** - Dade County Defense Bar Assoc. (CLE)
Miami, Florida; February, 2017
**Forensic Document Exam. & the Attorney** - Fidelity Nat'l Law Group (CLE)
Fort Lauderdale, Florida; September, 2015
**Forensic Document Examination Overview** - FALI
Fort Lauderdale, Florida; September, 2014
**An Overview of Forensic Document Examination** - CAPE Institute (CLE)
North Palm Beach, Florida; December, 2012
**Forensic Science Training** - Federal Public Defender's Office (CLE)
Miami, Florida; April, 2010
**Forensic Document Training and Case Review**
Fort Lauderdale - Broward County Crime Laboratory, 1990-2010
**Fraud Investigations** - Miami-Dade Police Department
Miami Beach, Florida, August 2009
Miami Beach, Florida; July, 2008
Miami Beach, Florida; March, 2007
Miami Beach, Florida; April, 2006
Miami, Florida; April, 2005
Miami Beach, Florida; May, 2004
Miami Beach, Florida; April, 2003
Miami Beach, Florida; March, 2002
Miami, Florida; July, 2001
Miami Beach, Florida; July, 2000
Miami Lakes, Florida; July, 1999
Coconut Grove, Florida; August, 1998
Miami Beach, Florida; July, 1997
Miami Beach, Florida; July , 1996
**Questioned Documents Presentation** - South Miami Kendall Bar Association
South Miami, Florida; February, 2008

**Questioned Documents Presentation** - Attorney's Real Estate Council

*Appendix A-3*

CONFIDENTIAL

South Miami, Florida; February, 2008

**Physical Evidence Investigations** - Miami-Dade Police Department
Miami, Florida; June, 2007
Miami Beach, Florida; October, 2004
Miami, Florida; November, 2003
Miami Beach, Florida; October, 2000
Miami, Florida; June, 1998
Miami, Florida; May, 1997
Miami, Florida; June, 1996

**Questioned Document Examinations** - Palm Beach Community College
West Palm Beach, Florida; November, 2004
West Palm Beach, Florida; September, 2003

**Forensic Document Examinations** - Association of Inspectors General
Miami Beach, Florida; May, 2001

**Questioned Document Seminar** - Florida International Banker's Association
Miami Lakes, Florida; October, 1998
Miami, Florida; December, 1996

**Forensic Document Examination** - Norwitch Document Laboratory (CLE)
Miami Beach, Florida; July, 1997

**Financial Institution/Law Enforcement Seminar** - Palm Beach Econ. Crime Unit
West Palm Beach, Florida; May, 1996

**Monthly Meeting** - Financial Institution Security Association
Miami, Florida; April, 1996

**The Witness** - Florida Legal Assistants
Fort Lauderdale, Florida; March, 1996

**Questioned Document Seminar** - Miami-Dade Audit & Management Services
Miami, Florida; February, 1996

**Questioned Document Overview** - Office of The Auditor General
Hollywood, Florida; July, 1990

**Questioned Document Seminar** - Miami-Dade Police Department
Miami, Florida; September, 1989
Miami, Florida; October, 1986
Miami, Florida; May, 1986
Miami, Florida; September, 1984
Miami, Florida; May, 1984
Miami, Florida; January, 1984

**Forensics of Document Examination & Authentication** - Florida Bar Association
7th Annual Midyear Meeting; Miami, Florida; January, 1987

**Financial Institution/Law Enforcement Seminar** - Palm Beach Econ. Crime Unit
West Palm Beach; May, 1987

**Recognizing Forgery** - Bank Administration Institute
Atlanta, Georgia; April, 1987

**Forensic Evidence Course** - National College of District Attorneys
Williamsburg, Virginia; February, 1986
Orlando, Florida; December, 1985
Orlando, Florida; March, 1984

**Questioned Document Overview** - I.R.S. Criminal Investigations
Miami, Florida; June, 1985

**Questioned Document Seminar** - Bureau of Alcohol, Tobacco, & Firearms

CONFIDENTIAL

Miami, Florida; December, 1984
**Questioned Document Overview** - Atlantic Federal Savings & Loan
Fort Lauderdale, Florida; October, 1984
**Banking Security Seminar** - Coral Gables Police Department
Coral Gables, Florida; May, 1984
**Fraud Investigations** - Coral Gables Police Department
Coral Gables, Florida; October, 1980

| | |
|---|---|
| **PUBLISHED:** | "**Questioned Documents**" (co-authored with Howard Seiden), **Forensic Science: An Introduction to Scientific and Investigative Techniques**, CRC Press, 2003, Boca Raton, Florida<br>"**Questioned Documents**", 7th Midyear Meeting, Florida Bar Association, 1987.<br>"**Correct Standards**", National College Of District Attorneys, 1986.<br>"**But What Does It Mean...?**", National College Of District Attorneys, 1985.<br>"**The Forensic Palmreader**", Identification Journal, 1984. |
| **AFFILIATIONS:** | Southern Association of Forensic Scientists - Member.<br>International Association for Identification - Life Member. |
| **PROFICIENCY TESTING:** | Collaborative Testing - biannually |

CONFIDENTIAL

## <u>Norwitch Document Laboratory Compensation</u>

Norwitch Document Laboratory fees are US$ 350.00 per hour for examination and report, consultations and administrative time. Court and/or deposition testimony is likewise US$ 350.00 per hour, portal to portal. Actual costs for travel, messenger service, case specific materials, and the like, are passed on to the client.

*CONFIDENTIAL*

## COURT TESTIMONY 2013 - Present

| Style of Case<br>Retained by | C/N - Type<br>Judge | Date<br>Venue |
|---|---|---|
| Argrett v. Napleton<br>Craig Blinderman | 50201CC000265XXXXMB - Hearing<br>Debra Moses Stephens | January 10, 2013<br>Palm Beach  - Circuit |
| Diplomat Properties v. Daniel Cesario<br>Stephen N. Rosenthal | 11-62404-CIV-Williams - Trial<br>Kathleen M. Williams | March 20, 2013<br>Miami - USDCl |
| Great Eastern Bank v. Remy Development<br>Carlos D. Lerman | 07-22196 CA 32 - Trial<br>Lisa S. Walsh | April 1, 2013<br>Miami-Dade - Circuit |
| Gravante v. TRG-Brickell Point NE<br>Sonia Amador | 08-66274 - Trial<br>Beth Bloom | May 1, 2013<br>Miami-Dade - Circuit |
| Chase v. Katz<br>Peter Solnick | 2009-79298 CA 01 - Trial<br>Eugene J. Fierro | June 5, 2013<br>Miami-Dade Circuit |
| Nozomi v. Davidson<br>Arthur W. Tifford | 09-12239-CA-15 - Trial<br>Beatrice A. Butchko | June 27, 2013<br>Miami Dade Circuit |
| Owens v. Pro Sports Financial<br>David Hendrix | 13-60669-CIV-Cohn/Seltzer - Hearing<br>James I. Cohn | July 23, 2013<br>Broward  - USDC |
| Lyle v Lyle<br>Harley Gutin | 05-2012-DR-026289<br>Jennifer Opel Taylor - Hearing | September 20, 2013<br>Brevard  - Circuit |
| Asensio v. Nunez<br>Naomi M. Berry | 12-10655 CA 08 - Trial<br>Gisela Cardonne Ely | September 24, 2013<br>Miami-Dade  - Circuit |
| BAC Home Loans v. Holly Hummell<br>R. Bruce Wallace | 2009-CA-360-M - Trial<br>Sandra Taylor | December 20, 2013<br>Monroe County - Circuit |
| U.S. v. Herve Wilmore<br>Sidney A. Fleischman | 13-60029-CR-SCOLA - Trial<br>Robert M. Scola, Jr. | February 28, 2014<br>Miami-Dade - USDC |
| Florida Bar v. Richard J. Burton<br>Herman J. Russomanno III | 2011-71,148 (11L) - Trial<br>Teresa Mary Pooler | May 8, 2014<br>Miami-Dade - Circuit |
| Edmond Lee Frankel v. Audrey Frankel<br>Naomi Berry | 05-18042 CA 21- Trial<br>Antonio Arzola | May 23, 2014<br>Miami-Dade - Circuit |
| Pino vs. JonJen Creations, LLC<br>Randy C. Golden | 2013 CA 008554 - Trial<br>Thomas Barkdull | July 9, 2014<br>Palm Beach - Circuit |
| Margarita Frias v. Rolling Wheels, Inc.<br>Rob Sickles | CACE 12-15720 (14) - Hearing<br>Carlos A. Rodriguez | July 22, 2014<br>Broward - Circuit |
| Ganglu v. Mapuche & Chen<br>Scott Marder | CACE 14-009677 (19) - Trial<br>Jack Tuter | October 1, 2014<br>Broward - Circuit |
| Wells Fargo Bank v. Andre Estime<br>James Jean-Francois | CACE 09-061796 - Trial<br>Lynn Rosenthal | November 3, 2014<br>Broward - Circuit |

*Appendix C-1*

| | | |
|---|---|---|
| Graham v. Graham<br>Dan Duryea | 51-2011-DR-2296-WS - Hearing<br>Kimberly Campbell | November 13, 2014<br>Pasco County - Circuit |
| Renumber2, LLC v. Don Bryan<br>Raoul Garcia | 2014-CC91-P - Trial<br>Sharon Hamilton | November 14, 2014<br>Monroe - Circuit |
| Dawson VS. Small World Day<br>Justin Sorel | 502012CA010172XXXXMB - Hearing<br>Meenu Sasser | April 20, 2015<br>Palm Beach - Circuit |
| Araujo vs. Anesco<br>Barbra Paige | CACE-13-012999 - Trial<br>Patti Englander Henning | April 24, 2015<br>Broward - Circuit |
| U.S. Bank v. Renee and Thomas Berger<br>Ofelia Damas-Rodriguez | 2010 CA 26296 - Trial<br>Alice C. Blackwell | April 29, 2015<br>Orange - Circuit |
| Michelle Blohm vs. Park's Martial Arts<br>Yechezkel Rodal | 50 2012 CC 011665 XXXXMB - Trial<br>Nancy Perez | May 12, 2015<br>Palm Beach - Circuit |
| Estate of Beverly Sites<br>Robert C. Wilkins | 2013-CA-1852 - Trial<br>William H. Hallman | June 11, 2015<br>Sumter - Circuit |
| Ronald Hubsher v. Dany Lowe<br>Alexander P. Johnson | 15-9532-COCE - Trial<br>Giuseppina Miranda | August 4, 2015<br>Broward - Circuit |
| Patent Services USA v. Juan Rivera<br>Bernard L. Egozi | 14-015748 CA 01 - Hearing<br>Eric Hendon | August 26, 2015<br>Miami-Dade - Circuit |
| Regina v. Michelle Bouchard<br>Ingrid Spence | 5/14 - Trial<br>Paul Worsley | April 7, 2016<br>Grand Cayman - Grand |
| Estate of John E. Brown v. Donna Klinka<br>Ronnie J. Bitman | 2010-CA-11708-O - Trial<br>Alice L. Blackwell | July 19, 1016<br>Orange - Circuit |
| Rapid Realty v. Bratkovsky<br>Lawrence D. Goodman | 13-32073 CA 01 - Hearing<br>John W. Thornton, Jr. | September 8, 2016<br>Miami-Dade - Circuit |
| Estate of Eleanor H. Klein<br>Erin M. Maddocks | 50 2014 CP 001098 XXXX MB - Trial<br>Janis B. Keyser | October 21, 2016<br>Palm Beach - Circuit |
| Rapid Realty v. Bratkovsky<br>Lawrence D. Goodman | 13-32073 CA 01 - Trial<br>John W. Thornton, Jr. | February 1, 2017<br>Miami-Dade - Circuit |
| U.S. v. Raul J. Gutierrez, et al.<br>William Roppollo | 05-20859-CR-HUCK - Trial<br>Paul C. Huck | February 2, 2017<br>Miami-Dade - Federal |
| Gaskets & Hardware Serv. v. Jeremy Thomas<br>Alan M. Burger | 50-2017-CA-000902XXXXMB - Hearing<br>Janis Keyser | March 1, 2017<br>Palm Beach - County |
| In the Interest of A.D., a Child<br>William Hess | ?                           - Trial<br>Larry Schack | March 31, 2017<br>Palm Beach - Circuit |
| Aston Capital v. Segall Entities<br>Amanda Chapman | 2013-CA-12538-O - Trial<br>Julie H. O'Kane | August 21, 2017<br>Orange - Circuit |
| Jacobs, et al. v. Palm Beach Polo, et al.<br>James McCann | 502012CA002417XXXXMB - Trial<br>Lisa S. Small | November 30, 2017<br>Palm Beach - Circuit |

*Appendix C-2*

CONFIDENTIAL

| | | |
|---|---|---|
| JPMorgan Chase Bank v. Sanguinetti<br>Chad Tamaroff | 2009CA025627 (AF) - Hearing<br>Edward L. Artau | February 8, 2018<br>Palm Beach - Circuit |
| Estate of Joseph Gold<br>David M. Garten | 502017CP004457XXXXMB - Hearing<br>Janis Brustares Keyser | June 13, 2018<br>Palm Beach - Circuit |
| Pena v. Tinics<br>Marcy S. Resnik | FMCE 16-6742 (41/93) - Hearing<br>Andrea Ruth Gunderson | June 26, 2018<br>Broward - Circuit |
| Gateway vs. Sharon E. Barnwell<br>Peter E. Shapiro | CACE-18-004036 (13) - Trial<br>Michael A. Robinson | July 26, 2018<br>Broward - Circuit |
| Benjamin & Morency v. Fineline<br>Matthew J. Milizok | 12-26713 CA 01 - Trial<br>Antonio Arzola | August 21, 2018<br>Miami-Dade - Circuit |
| Igor Erlikh v. Alla Stalinsky<br>Anthony M. Genova | 2017-009110-CA-01 - Trial<br>Jacqueline Hogan Scola | December 17, 2018<br>Miami-Dade - Circuit |
| Anita Bradshaw vs. Heritage NH, LLC<br>Deborah J. Gander | 2018-006890-CA-01 - Hearing<br>Antonio Arzola | March 15, 2019<br>Miami-Dade - Circuit |
| Roberts v. Gidwani<br>John A. Moore | 13-16209 CA 27 - Hearing<br>John W. Thornton, Jr. | May 21, 2019<br>Miami-Dade - Circuit |
| FNMA v. Lopez<br>Peter L. Meltzer | 2017-002085 CA 32 - Trial<br>John W. Thornton, Jr. | July 26, 2019<br>Miami-Dade - Circuit |
| Nutritional Products International v. Gould<br>Neil Bryan Tygar | 2019CA005715 - Hearing<br>Scott R. Kerner | September 6, 2019<br>Palm Beach - Circuit |
| Trammell v. Trammel<br>Benjamin T. Hodas | 502016DR003109XXXXNB - Hearing<br>Karen M. Miller | September 24, 2019<br>Palm Beach - Circuit |
| Crown v. Christopher Forbes<br>Ennis Grant | CR-63/2016<br>Margarete Ramsey-Hale | October 9, 2019<br>Turks & Caicos - Supreme |

*Appendix C-3*

CONFIDENTIAL

## DEPOSITION TESTIMONY 2013 - Present

| Style of Case<br>Retaining Atty | C/N<br>Venue | Date<br>Depo Taken By |
|---|---|---|
| Elsie Lopez vs. Westside Regional Medical Center<br>Rebecca Jarratt Davis | CACE 11-009002<br>Broward County | January 8, 2013<br>Jeffrey M. Fenster |
| Gravante vs. TRG-Brickell Point NE | 08-66274 CA 04 | April 4, 2013 |
| HSBC Bank v. Ivor Rose & Rita Starr, et al.<br>Mark Gunderson | 08-80371 CA 27<br>Miami-Dade County | May 15, 2013<br>Philippe W. Devé |
| Bank of New York Melon v. Deben<br>Octavio Robles | 09-82452 CA 20<br>Miami-Dade County | May 30, 2013 |
| Fabiola Asencio v. Rosario Nuñez<br>Naomi M. Berry | 12-10655 CA 08<br>Miami-Dade County | July 1, 2013<br>Arnaldo Vélez |
| HSBC Bank v. Ivor Rose & Rita Starr, et al.<br>Mark Gunderson | 08-80371 CA 27<br>Miami-Dade County | July 3, 2013<br>Philippe W. Devé |
| Cadlerock v. Keys<br>Mark A. Horowotz | 10-5302-CA<br>Collier County | September 16, 2013 |
| Marie Charles vs. Rocky A. Zapata<br>Steve Kerbel | 07-19349-CA<br>Miami-Dade County | November 26, 2013 |
| Edmond Frankel v. Audrey Frankel<br>Naomi M. Berry | 05-18042 CA 21<br>Miami-Dade County | March 12, 2014 |
| Ralph Sistrunk v. Florida Retina Institute<br>Fadi Chakour | 16-2013-CA 7120<br>Duval County | March 25, 2014<br>Brian E. Currie |
| The Florida Bar v. Richard Jay Burton<br>Herman J. Russomanno III | SC13-1441<br>SFC | April 10, 2014<br>Jennifer R. Falcone |
| Compania Gen Finan v. La Banque de Nat'l Paris<br>George J. Lott | 11-17213 CA 30<br>Miami-Dade County | June 4, 2014 |
| Pino vs. JonJen Creations<br>Randy C. Golden | 2013 CA 008554<br>Brevard County | June 17, 2014<br>Randy C. Golden |
| Spielman vs. Zoila Perez<br>Russell A. Spatz | 10-31418 CA 08<br>Miami-Dade County | June 18, 2014<br>Russell A. Spatz |
| Ganglu v. Mapuche<br>Scott H. Marder | CACE 14009677<br>Broward County | September 9, 2014 |
| Ganglu v. Mapuche<br>Scott H. Marder | CACE 14009677<br>Broward County | September 24, 2014 |
| Santoro v. Autozone<br>Laurie Chess | 5:13-CV-00242-WTH-PRL<br>USDCSD | November 24, 2014<br>Laurie Chess |

*Appendix D-1*

*CONFIDENTIAL*

| | | |
|---|---|---|
| Hernandez v. Rysa Raceway<br>John W. McLuskey | 12-47002 CA 25<br>Miami-Dade County | December 2, 2014<br>Karel Remudo |
| Jorgina Araujo vs. Broward Health Center<br>Barbra G. Paige | CACE-13-012999<br>Broward County | March 6, 2015<br>Grant A. Kuvin |
| Chase Bank v. Georgia Wolfe<br>David Rupp | 502014CA001256XXXXMBAW | April 7, 2015<br>John M. Jorgensen |
| Wells Fargo v. L.F. Gonzalez<br>Joseph Mancilla | 13-2009-CA 078954 | May 1, 2015 |
| Balsewich v. M & T Bank<br>Robert Kane | 9:14-CV-81280-DMM<br>USDCSD | August 26, 2015<br>Jeffrey Golant |
| Estate of John E. Brown<br>Ronnie J. Bitman | 2010-CA-11708-O<br>Orange County | October 2, 2015 |
| Estate of Chance James Stanley v. Bethesda Memorial<br>Theodore S. Forman | 502010CA003446XXXXMBAN<br>Palm Beach County | October 6, 2015<br>Sharon Bidka Urbanek |
| Bridge Holdings v. Kristine Scotto<br>Rebecca Newman Casamayor | 2015-CA-1305-40<br>Miami-Dade County | December 10, 2015 |
| Jerry Katzen v. University of Miami Sch of Med.<br>Erin Gaskin | 11-24504 CA 20<br>Miami-Dade County | December 14, 2015 |
| Janet Schoof v. Edward Danheiser<br>Claire R. Hurley | 05-2014-CA-018202<br>Brevard County | April 11, 2016<br>Jeffrey C. Fulford |
| Aston Capital, LLC vs. Gulfstream Investments Corp.<br>Amanda Chapman | 2013-CA-12538-O<br>Orange County | August 20, 2016<br>Charles M. Greene |
| Rapid Realty v. Bratkovsky<br>Larry Goodman<br>Lodi vs. Gregory Galanis<br>Michael Schiffrin | 13-32073 CA 40<br>Miami-Dade County<br>15-1701 FC (26)<br>Miami-Dade County | January 27, 2017<br>Jeff Tew<br>February 8, 2017<br>Michael Schiffrin |
| Metropolitan Mortgage v. Starr & Rose<br>Lazaro Vazquez | 09-10973 CA 01<br>Miami-Dade County | April 28, 2017<br>Matthew S. Sackel |
| JPMorgan Chase Bank, NA v. Yolette E. Sanguinetti<br>Chad Tamaroff | 2009CA025627 (AF)<br>Palm Beach County | July 10, 2017<br>Brian K. Korte |
| BOA v. Virginia Gravlin<br>Jeffrey M. Liggio | 502012CA023516XXXXMBAH<br>Palm Beach County | February 14, 2018<br>Sahily Serradet |
| Gateway at Sawgrass v. The Maslom Group<br>Peter Shapiro | 17-004036 (13)<br>Broward County | March 23, 2018<br>Samuel M. Sheldon |
| Streid v. Zipperer<br>Douglas Szabo | 14-CA-391<br>Hendry County | June 28, 2018<br>Tom Dougherty |
| Citadel Servicing v. Wells Fargo Bank<br>David A. Greene | 17-10895-CA-01<br>Miami-Dade County | July 24, 2018<br>Gaye Huxoll |

*Appendix D-2*

CONFIDENTIAL

| | | |
|---|---|---|
| JP Morgan Chase Bank v. Kenneth Snyder<br>George N. Andrews | 2014-CA-024159<br>Miami-Dade County | October 3, 2018<br>Kevin L. Lewis |
| Peter Brooke v. Procorp Debt Solutions, LLC<br>Ryon M. McCabe | 2013CA005875XXXXMB (AK)<br>Palm Beach County | January 23, 2019<br>Michael W. Simon |
| Arturo Rubinstein v. Keshet Inter Vivos Trust<br>Benjamin Cody Davis | 17-CV-61019<br>Broward Federal | January 29, 2019<br>Brian M. Grossman |
| Josephine Hill v. Danny DeVilbiss<br>Douglas H. Reynolds | 2018 DR 000522<br>Sumter County | February 18, 2019<br>Douglas H. Reynolds |
| Anita Bradshaw vs. Heritage NH, LLC<br>Deborah J. Gander | 2018-006890-CA-01<br>Miami-Dade County | February 27, 2019<br>Jeffrey R. Creasman |
| FNMA v. Ricardo J. Lopez<br>Peter L. Meltzer | 2017 CA-002085-CA-01<br>Miami-Dade County | May 28, 2019<br>James R. Ackley |
| Jeroldene Trammell v. Edward Trammell<br>Benjamin T. Hodas | 502016DR003109XXXXNB<br>Palm Beach County | September 19, 2019<br>Jaclyn Soroka |

CONFIDENTIAL

# ERRATA/NOTES

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*Appendix E*

CONFIDENTIAL

# REPORT
## of
# NORWITCH DOCUMENT LABORATORY

# QUESTIONED DOCUMENT SUPPLEMENTAL EXAMINATION

*Ira Kleiman, as personal representative of the estate of David Kleiman, and W&K INFO DEFENSE RESEARCH, LLC.*

*v.*

*Craig Wright*

**Case No.:   USDC 18-cv-80176(BB/BR)**
**NDL File Number: 191205**

CONFIDENTIAL

# Ira Kleiman, as personal representative of the estate of David Kleiman, and W&K INFO DEFENSE RESEARCH, LLC.
## v.
## Craig Wright

## Table of Contents

Report of Supplemental Examination
    Evidence Submission ......................................................... 1
    Examination Requested / Examination Protocols ........................... 3
    Findings and Opinions ..................................................... 4
    Display & Exhibit Conventions ............................................ 5
    Comparison Chart - Wright ................................................ 6
    Comparison Chart - Nguyen ................................................ 7
    Evidence Disposition ..................................................... 8

Questioned Document(s)
    Deed of Loan ............................................................ 10
    Deed ................................................................. 11-17
    Consent to Act .......................................................... 18

Standard Document(s)
    Executed as a Deed documents ......................................... 20-21
    Signed as a Deed document ............................................... 22
    Application for Shares ................................................... 23
    Consent Orders Acceptance ............................................... 24
    Limited Power of Attorney ............................................... 25
    Share Certificate ....................................................... 26

Curriculum Vitae, F. Harley Norwitch ............................. Appendix A
NDL Compensation ................................................. Appendix B
Court Testimony .................................................. Appendix C
Deposition Testimony ............................................. Appendix D
Errata/Notes ..................................................... Appendix E

CONFIDENTIAL



*NDL*

*Norwitch Document Laboratory*

**WEST PALM BEACH**

_____

**17026 HAMLIN BOULEVARD**
**LOXAHATCHEE, FLORIDA 33470**

**F. HARLEY NORWITCH**

**TELEPHONE (561) 333-7804**
**FACSIMILE (561) 795-3692**

**www.QuestionedDocuments.com**
**FrankNorwitch@bellsouth.net**

March 21, 2020

Mr. Zelman Kass
Rivero Mestre, LLP
2525 Ponce de Leon Boulevard
Suite 1000
Miami, Florida   33134

Re:  **Ira Kleiman, as personal representative of the estate of David Kleiman, and W&K INFO**
   **DEFENSE RESEARCH, LLC. v. Craig Wright**
   **Case No.:   USDC 18-cv-80176(BB/BR)**
   **Our File No.:  191205**

## REPORT OF SUPPLEMENTAL EXAMINATION

### Evidence Submission

On Monday, March 9, 2020, Mr. Zelman Kass submitted the following evidence for examination
(Via PDF):

| | |
|---|---|
| Item B | - One machine copy of a Deed of Loan, undated.  This document bears a questioned Craig Wright Signature and a questioned Uyen Nguyen signature. |
| Item C | - One machine copy of a 7-Page Deed, dated October 23, 2012.  Each page of this document bears a questioned Craig Wright Signature and a questioned Uyen Nguyen signature. |
| Item D | - One machine copy of a Consent to Act, undated.  This document bears a questioned Craig Wright Signature and a questioned Uyen Nguyen signature. |

CONFIDENTIAL

On March 11, 2020, Mr. Zelman Kass submitted the following evidence for examination (Via PDF):

Item O(1-3)    - Machine copies of three (3) documents bearing the represented standard (known) signatures of Craig Wright, described in more detail as follows:

    O(1-2)    - Two Executed as a Deed documents, both dated September 15, 2013.

    O(3)    - One Signed as a Deed document, undated.


On March 16, 2020, Mr. Zelman Kass submitted the following evidence for examination (Via PDF):

Item P(1-4)    - Machine copies of four (4) documents bearing the represented standard (known) signatures of Uyen Nguyen, described in more detail as follows:

    P(1)    - One Application for Shares, dated August 8, 2013.

    P(2)    - One Consent Orders Acceptance, dated September 1, 2013.

    P(3)    - One Limited Power of Attorney, dated April 17, 2016.

    P(4)    - One Share Certificate, dated August 26, 2013.

CONFIDENTIAL

**Examination Requested**

To ascertain, if possible, the authenticity of the questioned signatures on the documents in Items B, C, and D by comparison with the represented standard (known) signatures of Craig Wright and Uyen Nguyen as they appear on the documents in Item O(1-3) and P(1-4).

**Forensic Document Examination Protocol**

Norwitch Document Laboratory conducts forensic document examinations and comparisons using widely accepted protocols and instrumentation employed at federal, state, and local government forensic document examination facilities of the United States. F. Harley Norwitch has trained at these facilities, to include The Federal Bureau of Investigation, the United States Secret Service, the United States Postal Service, the Florida Department of Law Enforcement and the Miami-Dade County Crime Laboratory.

These protocols include, but are not limited to: opinions and reporting procedures, submission and return of evidence (to include chain of custody), evaluation of original and non-original evidence for sufficiency, determination of/between original and non-original evidence, and evaluation of documents for evidence of alterations, obliterations and machine copy manipulation (generically referred to as "cut and paste").

Handwriting and signatures examination and comparison procedures consist of examination of standard (known) material for consistency and normal variation, and then a side by side comparison of individual writing movements and inherent characteristics found in the questioned material with comparable writing movements found in the standard material, such as, but not limited to: form, height ratios, slant, proportions, skill level, movement, speed, pressure, and line quality, where possible and/or necessary.

Examination, comparisons, and archival procedures may employ, but are not limited to, stereo microscopy, video-spectral comparison and electro-static instrumentation, transparency comparison, computer scanning, and photo microscopy (photomicrographs).

CONFIDENTIAL

**Findings, Opinions**

An examination and comparison of the questioned and standard (known) signatures, as described previously was accomplished.

1.  The original documents represented by the machine copies in Items B, C, and D are reportedly unavailable.  The machine copy quality of these submitted documents is adequate to allow for viable and definitive examinations.  Further, a preliminary examination of these machine copies does not reflect indicia of machine copy or computer/scanner manipulation.  These documents are considered true and accurate reproductions of the original documents.

2.  A preliminary review of the submitted known signatures of Wright and Nguyen confirms that all of these signatures are consistent with one individual, respectively.  Both writers' signatures are symbolic (individualized to the point of not containing readily recognized letters), are complex, and are written rapidly.

3.  With respect to the questioned Craig Wright signatures, although bearing some pictorial resemblance to the standard Wright signatures, the questioned signatures do not compare favorably with the individual characteristics present in the standard signatures and, in fact, displays significant and fundamental departures from the genuine signatures.  These dissimilarities are beyond the range of normal variation found within the standard signatures and are indicative and consistent with simulation.

    In view of the above findings, it is the opinion of this examiner that the questioned Craig Wright signatures on the documents in Items B, C, and D are simulations and, as such, are not genuine.

4.  With respect to the questioned Uyen Nguyen signatures, these signatures fit comfortably within the parameters of individual variation displayed in the standard material and display the same significant individual characteristics present in those signatures.  These individual characteristics, in combination, are sufficiently distinctive to conclude that the questioned signatures were written by the person who wrote the specimen Nguyen signatures.

    In view of the above findings, it is the opinion of this examiner that the questioned Uyen Nguyen signatures on the documents in Items B, C, and D were written by Uyen Nguyen.

CONFIDENTIAL

**Display & Exhibit Conventions**

**Comparison Chart**

Comparison charts have been included in this report for the convenience of the reader and may be used at trial. The material on these charts may have been enlarged or reduced as necessary to accommodate space requirements. These size changes, if present, were not considered in arriving at any expressed opinions, and should not, nor are they intended to, influence the reader. The included charts were not a part of the examination process, but were produced at the conclusion of the examination.

**Exhibits**

Similarly, photocopies of the submitted evidence have also been included in this report. These copies have been reduced in size to accommodate the report format. These photocopies have been included solely for identification of, and easy reference to, the submitted evidence.

CONFIDENTIAL

# SAMPLE QUESTIONED SIGNATURES

**Wright**



# SAMPLE STANDARD SIGNATURES

*Norwitch Document Laboratory, inc*

CONFIDENTIAL

# SAMPLE QUESTIONED SIGNATURES

**Nguyen**



# SAMPLE STANDARD SIGNATURES

*Norwitch Document Laboratory, inc*

CONFIDENTIAL

**Evidence Disposition**

All evidence submitted for examination and used in the preparation of this report is returned by enclosure with this report.

Respectfully Submitted,

F. Harley Norwitch
Forensic Document Examiner

FHN:hp

CONFIDENTIAL

QUESTIONED
DOCUMENT(S)

CONFIDENTIAL

**DEED OF LOAN**

**PARTIES**

**Design by Human Ltd (08248988) UK**
(Mortgagee)

**AND**

**Craig Wright R&D (ABN 97 481 146 384)**
(Mortgagor)

**AND**

**Denariuz Seychelles Trust**
(Guarantor)

Confidential
Not to be disclosed.

Item B

**THIS DEED** dated 23 day of October 2012

**BETWEEN:**

Uyen Nguyen of Design by Human Ltd (08248988) UK

(Mortgagee)

And

Craig Steven Wright of Craig Wright R&D (ABN 97 481 146 384)

(Mortgagor)

And

Panopticrypt Pty Ltd for Denariuz Seychelles International Trust

(Guarantor)

**RECITALS**

A. The mortgagee has, at the request of the guarantor, if applicable, agreed to lend money (in the form of Bitcoin) to the mortgagor in accordance with and subject to the terms of this deed.

B. The guarantor, if any, and the mortgagor acknowledge that the money referred to in this deed has been received by the mortgagor.

C. It is noted that the Mortgagee holds a sum of Bitcoin (in wallets noted in appendix A) for a trust that wishes to extend the uptake and value of Bitcoin globally.

**OPERATIVE PART**

1. **Loan**

   (a) The mortgagee has at the request of the guarantor, agreed to lend to the mortgagor the principal sum shown in the first schedule on the drawdown date shown in the first schedule.

   (b) The mortgagee may at the request of the mortgagor lend further amounts of money to the mortgagor and all such amounts shall be deemed to be money lent by the mortgagee to the mortgagor pursuant to this clause provided always that the mortgagee shall not be obliged if required to lend such further money to the mortgagor hereunder.

2. **Interest**

   The mortgagor covenants with the mortgagee to pay to the mortgagee interest in respect of the principal sum calculated in accordance with the provisions of the second schedule at the time, and in the manner therein set forth and to duly

Page 1 of 7

Item C(1)

and punctually observe and perform every other obligation contained in the second schedule.

3. **Repayment**

    (a) The mortgagor covenants with the mortgagee to repay the principal sum or so much thereof as is then unpaid to the mortgagee on the due date shown in the first schedule.

    (b) The mortgagor further covenants with the mortgagee that the money owing will be repaid upon written demand being made by the mortgagee at any time after the happening of any of the following events:

    (i) Default being made by the mortgagor in the due or punctual payment to the mortgagee of any money which comprises part of the money owing;

    (ii) The failure of the mortgagor to rectify a default in the due or punctual observance or performance of any other obligations on the part of the mortgagor under this deed within 7 days of being requested to do so by the mortgagee;

    (iii) Any collateral security or any mortgage, charge or encumbrance ranking in priority to or pari passu with any collateral security becoming enforceable;

    (iv) If any collateral security is or becomes wholly or partly void, voidable or unenforceable or is claimed to be so by the mortgagor; and

    (v) If any event occurs that renders a collateral security enforceable.

4. **Early repayment**

    The mortgagor shall be entitled to repay the whole of the principal sum or the amount then unpaid at any time with interest to the date of repayment.

5. **Security**

    (a) In consideration of the mortgagee advancing money to the mortgagor under or pursuant to this deed each of the mortgagor and the guarantor, if any, agrees to execute or upon demand from the mortgagee procure the

*Uyen T. Nguyen*

Page 2 of 7

Item C(2)

execution in favour of the mortgagee of the securities referred to in the third schedule.

(b) The mortgagor and the guarantor, if any, agree that each of the securities described in the third schedule is a collateral security to the intent that the money owing is secured. thereby. Default under any of the collateral securities shall constitute default under this deed.

(c) Collateral security means any mortgage, charge or other encumbrance affecting any real or personal property now in existence or which may in the future be given to the mortgagee by the mortgagor or any other person as security for the payment of the whole or any part of the money owing whether or not any other money is also secured thereby.

6. **Governing laws and jurisdiction**
   The laws in force in Seychelles govern this deed.

7. **Guarantors guarantee and indemnity**
   (a) The guarantor agrees that the guarantee and indemnity is a continuing guarantee, and extends to the ultimate balance owing under this deed, and that the guarantor remains fully liable under the guarantee and indemnity despite the fact that the mortgagee might have done something which may otherwise have the effect at law or in equity of varying or discharging the guarantor's liability.

   (b) The mortgagee need not first exercise its rights against any of the mortgagors or against the mortgagors' security before exercising its rights under this guarantee against the guarantors.

8. **Costs**
   The mortgagor shall pay all costs fees and duties in relation to this deed and any collateral security.

|  | THE FIRST SCHEDULE |
|---|---|
| Item 1 | **Principal sum 650,000 BTC** |
| Item 2 | **Due date** 30 June 2020 |
| Item 3 | **Drawdown date** 01st July 2013 |

Uyen T. Nguyen

Page 3 of 7

Item C(3)

-13-

**THE SECOND SCHEDULE**

**Interest only loan**

The mortgagor will pay to the mortgagee the principal sum, or so much thereof as shall remain unpaid on 30 June 2020 and in meantime may pay multiples of BTC 50,000 in reduction of the principal sum on any due day for payment and interest shall reduce accordingly from the date of such partial reduction in the principal sum.

In the meantime the mortgagor will pay interest only to the mortgagee on any amount payable under this deed at the rate of 0.05% per annum calculated on monthly rests and payable on the first day of each and every month commencing on the 30th day of July 2016 and compounding monthly from the date upon which the amount becomes due until payment. Such interest may be capitalised by the mortgagee as it deems appropriate and the mortgagor shall pay interest on the capitalised interest at the same rate and calculated in the same manner. Provided always, and it is hereby agreed and declared, that if the mortgagor shall on every day on which interest is hereinbefore made payable under this security, or within 14 days after each such days respectively, pay to the mortgagee interest on the principal sum or on so much thereof as shall for the time being remain unpaid at the rate of 0.05% per annum, and shall also duly observe and perform each and every covenant on the mortgagor's part herein contained or implied then the mortgagee shall accept interest on the said principal sum or on so much thereof as shall for the time being remain unpaid at the rate of 0.05% per annum in lieu of 0.05% per annum for every month for which such interest shall be paid to the mortgagee within such 14 days aforesaid.

The mortgagor agrees, as an independent obligation which will not merge in any judgment or order, to pay interest on any judgement or order for the payment of all or any part of the money secured at the higher of the rate payable under the judgment or order or interest calculated at the rate and in the manner set out in the preceding sub-clause.

OR

Reducible mortgage principal and interest repayments

Uyen T. Nguyen

Page 4 of 7

**Item C(4)**

Case 9:18-cv-80176-BB   Document CONFIDENTIAL FLSD Docket 05/14/2018   Page 7 of 10

The mortgagor will pay to the mortgagee the principal sum, or so much thereof as shall remain unpaid on 30 June 2018.

In the meantime the mortgagor will pay the principal and interest on the principal sum or on so much thereof as for the time being shall remain unpaid, and upon any judgment or order in which this or the preceding covenant may become merged at the rate of 0.05% per annum as follows, namely, by equal monthly payments on the first day of each and every month in each and every year until the principal sum and interest shall be fully paid and satisfied, the first of such payments computed from 01st July 2017 to be made on 01st July 2018 next. Provided always, and it is hereby agreed and declared, that if the mortgagor shall on every day on which principal and interest is hereinbefore made payable under this security, or within 14 days after each such days respectively, pay to the mortgagee interest on the principal sum or on so much thereof as shall for the time being remain unpaid at the rate of 0.05% per annum, and shall also duly observe and perform each and every covenant on the mortgagor's part herein contained or implied then the mortgagee shall accept interest on the said principal sum or on so much thereof as shall for the time being remain unpaid at the rate of 0.05% per annum in lieu of 0.05% per annum for every month for which such interest shall be paid to the mortgagee within such 14 days aforesaid.

The mortgagor agrees, as an independent obligation which will not merge in any judgment or order, to pay interest on any judgment or order for the payment of all or any part of the money secured at the higher of the rate payable under the judgment or order or interest calculated at the rate and in the manner set out in the preceding sub-clause.

**THE THIRD SCHEDULE**

(COLLATERAL SECURITY) First/Second mortgage over PERMANENT SUCCESS LIMITED UK being the whole of the shares comprised in UK company reference 08260048 and all related trusts.

Uyen T. Nguyen

Page 5 of 7

Item C(5)

**EXECUTED AS A DEED**

Design by Human Ltd (08248988) UK
(Mortgagee)

By: Uyen Nguyen
016 Lô L, cư xá Thanh Đa, phường 27, quận Bình Thạnh, Thành phố Hồ Chí Minh

Craig Wright R&D (ABN 97 481 146 384)
(Mortgagor)

By: Craig Wright
7 Eastgate Ave Gordon NSW 2072

Denariuz Seychelles Trust
(Guarantor)

Page 6 of 7

C-6
1

**Item C(6)**

Appendix 1:
Bitcoin block addresses transferred:

| Address | Amount |
|---|---|
| 12tLa9c9RsALt4ockxa1hB4lTCTSmxj2me | 10,000.00 |
| 1933phfhK3ZgFQNLGSDXvqCn32k2buXY8a | 111,114.00 |
| 1FeexV6bAHb8ybZjqQMjJrcCrHGW9sb6uF | 79,957.05 |
| 1f1miYFQWTzdLICBxtHHnNiW7WAWPUcor | 10,009.25 |
| 1MHdm5XZMrfoZFoUktEaGhYevmdiXoc4x4 | 12,950.00 |
| 18JPragfuDVHWWG8ABQ15cghJFetnXUJBD | 24,404.50 |
| 1LXc28hWx1t8np5sCAb2EaNFqPwqJCuERD | 34,512.80 |
| 1FpqQnKQCgDkJFMC94JL8FpRyHfTZ3uRVZ1 | 10,689.03 |
| 1F34duy2eeMz5m8rvFepVzy7Y1rBenAyWC | 10,770.52 |
| 1JtpgqCf3SSeCeYWEDJjkfYFH7Ruhy4Vp1 | 10,000.00 |
| 18k9tin39LKegFzHe8rxSgvJXDpuMriGJq | 10,000.00 |
| 1HfTw9zR9wWFfgV8Jy8MqsseVi7ZXrjdq6 | 1,014.00 |
| 18pn4NQ7NgsJjeuFjazeTdVRnsmfw5ofTz | 750.00 |
| 12fZ2Hxk1JG8zn1u44XYsFFYKHM4A2zCea | 23,249.04 |
| 12tkqA9xSoowkzoERHMWNKsTey55YEBqkv | 28,150.04 |
| 16Ls6azc76lxc9Ny7AB5ZPPq6oiEL9XwXy | 40,000.04 |
| 12HddUDLhRP2F8JjpKYeKaDxxt5wUvx5nq | 40,000.04 |
| 1P3S1grZYmcqYDuaEDVDYobJ6Fx85E9fE9 | 50,000.00 |
| 1MyGwFAJjVtB5rGJa32M6Yh46cGlrUta1K | 30,000.04 |
| 145YHsQU7HMzkRnD8SB8uFAxQgCYnAnLkN | 10,000.00 |
| 16TPVCpvtJ6FkV5xNKBp35aMo4BWFGxIEY | 10,000.00 |
| 1Kbr8KrT3GeEruTuuYYU8Q35JwKbrAWJYm | 10,000.00 |
| 1FLFnbN7m5peLfvLEwYfRUUjJ34YkmV3dM | 3,700.00 |
| 1A68Def1TJAM88aw28qmqFGhkWR1y3qMx2 | 4.85 |
| 16cou7Ht6WjTzuFyDBnht9hmvXytg6XdVT | 53,000.00 |
| 12Ib7dApVFvg82TXKycWBNpN8kFyiAN1dr | 31,000.04 |

Page 7 of 7

Item C(7)

CONFIDENTIAL

## Consent to act 

I Uyen Nguyen of:

**016 Lô L, cư xá Thanh Đa, phường 27, quận Bình Thạnh, Thành phố Hồ Chí Minh,**

Consent to act as director of the following companies from the later date of 30 June 2013:

- Design by Human Ltd (08248988) UK (Dept 2, 43 Owston Road Carcroft, Doncaster, DN6 8DA)
- PERMANENT SUCCESS LIMITED (08260048) UK (Dept 2, 43 Owston Road Carcroft, Doncaster, DN6 8DA)

I also accept the position of COO (Chief Operations Officer) of the following companies from 18 Oct 2012.

- Design by Human Ltd (08248988) UK (Dept 2, 43 Owston Road Carcroft, Doncaster, DN6 8DA)
- PERMANENT SUCCESS LIMITED (08260048) UK (Dept 2, 43 Owston Road Carcroft, Doncaster, DN6 8DA)

Signed:

Uyen T. Nguyen

**Item D**

-18-

CONFIDENTIAL

# STANDARD DOCUMENT(S)

Case 9:18-cv-80176-BB   Document 509-11   Entered on FLSD Docket 05/18/2020   Page 54 of
129
Case 9:18-cv-80176-BB   Document 83-28   Entered on FLSD Docket 01/14/2019   Page 9 of 9

CONFIDENTIAL

**EXECUTED AS A DEED** on 15 Sept 2013:

Signed by for and on behalf of **Assignor** by
its authorised signatory:

Signature of Authorised Signatory *As Appointer*.

RAMONA WATTS.

name of Authorised Signatory

Date: 15 Sept 2013

Signed by **Assignee**:

CRAIG WRIGHT

Name of Assignee

Witness

Date: 15 Sept 2013



Item O(1)

CONFIDENTIAL

**EXECUTED AS A DEED** on 15 Sept 2013:

Signed by for and on behalf of **Assignor** by
its authorised signatory:

Signature of Authorised Signatory   *As Appointor.*

*RAMONA WATTS.*

name of Authorised Signatory

Date: 15 Sept 2013

Signed by **Assignee**:

*CRAIG WRIGHT*

Name of Assignee

Witness

Date: 15  Sept 2013

**Item O(2)**

-21-

CONFIDENTIAL

**SIGNED AS A DEED**

Executed by
W & K Info Defense LLC                    )
in accordance with s.127                  )
Corporations Act 2001 (CTH) and its constitution    )

*Dave Kleiman*

Dave Kleiman
 DIRECTOR

Executed by
Craig Wright R&D (A.B.N. 97 481 146 384)

Craig S Wright

14

Item O(3)

-22-

CONFIDENTIAL

**PHOLUS PTY. LTD.**

**A.C.N. 165 472 079**

**Application for shares**

TO:   The Directors
      PHOLUS PTY. LTD.
      Care of CRAIG S WRIGHT, 43 ST JOHNS AVE, GORDON, NSW, 2072

HOTWIRE PREEMPTIVE INTELLIGENCE PTY. LTD.
of Care of CRAIG WRIGHT, 43 ST JOHNS AVENUE GORDON, NSW, 2072

apply for the following shares:

| Number | Class | Amount paid per share | Amount unpaid per share | Beneficially held |
|--------|-------|----------------------|-------------------------|-------------------|
| 750000 | ORD | $1 00 | $0 | Yes |

I/we agree to accept the above shares and to be bound by the constitution of the company and authorise my/our name(s) to be placed on the register of members in respect of those shares.

Dated: 26/08/2013

Executed for and on behalf of HOTWIRE PREEMPTIVE INTELLIGENCE PTY. LTD. by authority of the Directors:

Signature of Director/Sole Director          Signature of Director/Secretary

CRAIG WRIGHT
Name of Director/Sole Director               Name of Director/Secretary

Uyen T. Nguyen

P-1
1

**Item P(1)**

CONFIDENTIAL

-24-

As director of W&K Info Defense LLC I accept the consent orders for:

2013722549B3

2013722436A1

in consideration of the amounts due, W&K Info Defense hereby accepts the offer to transfer all agreed items to Craig Wright R&D for the agreed consideration.

Date

9/4/2013

Signature

Uyen T. Nguyen

Item P(2)

CONFIDENTIAL

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:

NAME: Uyen T Nguyen

STREET
ADDRESS: 9536 Brockway St

CITY, STATE &
ZIP CODE:
El Monte, CA 91733

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## LIMITED POWER OF ATTORNEY

KNOW ALL PERSONS BY THESE PRESENTS: That I, Uyen T Nguyen _____, the undersigned (jointly and severally if more than one, hereinafter collectively "principal"), hereby make, constitute and appoint for Greg

principal's true and lawful attorney to act for principal and in principal's name, place and stead and for principal's use and benefit:

(a)     To:   Limited power of attorney regarding the matter of the IRS letter to MS NGUYEN and attached Form 4564 naming: Dave Kleiman, Ms Ramona Watts, and Dr Craig Wright, excluding nothing and specifically including financial transactions, negotiations, and decision powers.

Principal hereby grants to said attorney in fact full power and authority to do and perform each and every act and thing which may be necessary, or convenient, in connection with any of the foregoing, as fully, to all intents and purposes, as principal might or could do if personally present, hereby ratifying and confirming all that said attorney in fact shall lawfully do or cause to be done by authority hereof.

This Limited Power of Attorney is granted for a period of 30 days April 15th, 2016 _____, and shall terminate on May 16th 2016 _____ and shall become effective on

Wherever the context so requires, the singular number includes the plural.

WITNESS my hand this _17th_ day of _April_, _2016_



P-3
1

| Item P(3) |

CONFIDENTIAL




# Share Certificate

### PHOLUS PTY. LTD.
### A.C.N. 165 472 079
(Incorporated under the Corporations Act 2001 in the State of New South Wales)

**Registered Office:**
Care of CRAIG S WRIGHT, 43 ST JOHNS AVE, GORDON, NSW, 2072

**Certificate Number 2**

*This is to certify that*

**HOTWIRE PREEMPTIVE INTELLIGENCE PTY. LTD. of**
**Care of CRAIG WRIGHT, 43 ST JOHNS AVENUE, GORDON, NSW, 2072**

*is the registered holder of*
**750000 Fully Paid**
**$1.00 ORDINARY SHARES**

*in the above mentioned company*
*being the share(s) having the distinctive serial numbers*

**250001 to 1000000 Inclusive**

*Dated: 26/08/2013*

*Executed for and on behalf of PHOLUS PTY. LTD.*
*A.C.N. 165 472 079*
*by authority of the Directors:*

Signature of Director/Sole Director      Signature of Director/Secretary

CRAIG WRIGHT      Ramona T. Noguyen

Name of Director/Sole Director      Name of Director/Secretary

If the company has only one director, then this share certificate may be signed merely by that sole director - see sections 124(1), 127(1), 127(4), 198E(1) and 204A(1) of the Corporations Act 2001.
If the company has two directors or a director and a secretary, then any two of them may sign this share certificate - sections 127(1)(a) of the Corporations Act 2001

P-4

**Item P(4)**

CONFIDENTIAL



*NDL*

*Norwitch Document Laboratory*

**WEST PALM BEACH**

17026 HAMLIN BOULEVARD
LOXAHATCHEE, FLORIDA 33470

TELEPHONE (561) 333-7804
FACSIMILE(561) 333-7804

**F. HARLEY NORWITCH**

www.QuestionedDocuments.com
FrankNorwitch@bellsouth.net

## CURRICULUM VITAE
### F. Harley Norwitch

**EDUCATION:**  UNIVERSITY OF MIAMI; <u>Bachelor of General Studies</u>, June 1973.

**SPECIALIZED TRAINING:**

MIAMI-DADE POLICE DEPARTMENT; <u>Fraud Investigations</u>, Coconut Grove, Florida, 1998.

FLORIDA DEPARTMENT OF LAW ENFORCEMENT; <u>F.B.I. Typewriter Examination Seminar</u>; Tallahassee, Florida, 1992.

ROCHESTER INSTITUTE OF TECHNOLOGY; <u>Forensic Photography</u>; Rochester, New York, 1989.

FEDERAL BUREAU OF INVESTIGATION; <u>Fundamentals Of Questioned Documents</u>; Quantico, Virginia, 1988.

ROCHESTER INSTITUTE OF TECHNOLOGY; <u>Printing For The Document Examiner</u>; Rochester, New York, 1986.

UNITED STATES SECRET SERVICE; <u>Questioned Document Course</u>; Glynco, Georgia 1985.

FEDERAL BUREAU OF INVESTIGATION; <u>Questioned Documents Symposium</u>; Quantico, Virginia, 1985.

UNITED STATES POSTAL SERVICE LABORATORY; <u>Typewriter Systems</u>; Washington, D.C., 1983.

FLORIDA DEPARTMENT OF LAW ENFORCEMENT, <u>Examination of Questioned Documents</u>; Valencia Community College, Orlando, Florida, 1982.

FLORIDA DEPARTMENT OF LAW ENFORCEMENT, <u>Forensic Document Training</u>; FDLE Satellite Laboratory, Tampa, Florida, 1981.

MIAMI-DADE POLICE DEPARTMENT CRIME LABORATORY; Forensic Document Training (Apprenticeship); Miami, Florida, 1979 - 1981.

BISCAYNE COLLEGE; <u>Death Scene Investigation</u>; Miami, Florida, 1975

CONFIDENTIAL

SOUTHEAST INSTITUTE OF CRIMINAL JUSTICE; <u>Crime Scene And Explosives Technology</u>; Miami, Florida, 1974

SOUTHEAST INSTITUTE OF CRIMINAL JUSTICE; <u>Basic Law Enforcement</u>; Miami, Florida, 1974

**EMPLOYMENT:**     <u>Forensic Document Examiner</u> - Norwitch Document Laboratory/Associated Forensic Services, 1983 to present.
<u>Senior Document Examiner</u>, Questioned Document Unit, Crime Laboratory - Miami-Dade Police, 1982 to 1999.
<u>Forensic Document Examiner</u>, Questioned Document Unit, Crime Laboratory - Miami-Dade Police, 1979 to 1982.
<u>Crime Scene Investigator</u>, Crime Scene Section, Crime Laboratory - Dade County Public Safety Department, 1973-1979.

**COMMENDATIONS:**

Federal & International
- Association of Inspectors General
- Department Of Human Resources
- Department Of the Treasury (multiple)
- Federal Bureau Of Investigation
- Internal Revenue Service (multiple)
- Turks & Caicos Islands Police
- United States Army

State
- Florida Association of Licensed Investigators
- Florida Department of Business And Professional Regulation
- Florida Department of Health and Rehabilitative Services
- Florida International Banker's Association
- State Attorney's Office - 2nd Judicial Circuit
- State Attorney's Office - 11th Judicial Circuit (multiple)
- State Attorney's Office - 16th Judicial Circuit
- State Attorney's Office - 17th Judicial Circuit

Local
- American Society For Industrial Security
- Coral Gables Police Department (multiple)
- Dade County Defense Bar Association
- Dade County Schools
- Exchange Club of Miami
- Metropolitan Police Institute (multiple)
- Miami-Dade Audit and Management Services Department
- Miami-Dade Police Department (multiple)
- Opa Locka Police Department
- Palm Beach Community College
- Palm Beach County Economic Crime Unit
- Palm Beach County Police Department
- Republic National Bank
- South Florida Investigators Association
- Southeast Bank

*Appendix A-2*

CONFIDENTIAL

**DISTINCTIONS:**   *Retired Deputy Sheriff* - Miami-Dade County, Florida

*Former Faculty Member* - National College of District Attorneys, University of Houston.

*Former State of Florida Certified Instructor* - Forensic Sciences.

*Daubert Qualified* - July, 2013

**TESTIMONY:**   *Qualified Court Expert* in Forensic Document Examination. Expert testimony given before Regulatory Commission Hearings; State & Municipal Courts of Florida in criminal and civil matters; Federal & Military Courts of the United States; U.S. District Court of Puerto Rico; U.S. District Court of the U.S. Virgin Islands; State & Federal Grand Juries; The Supreme Court of The Bahamas; The Supreme Court of The Turks and Caicos Islands; Summary and Grand Court of the Cayman Islands. Expert testimony given in excess of five hundred times.

**INSTRUCTOR:**   **QD Overview & That One Question -** Dade County Defense Bar Assoc. (CLE)
  Miami, Florida; February, 2017
**Forensic Document Exam. & the Attorney** - Fidelity Nat'l Law Group (CLE)
  Fort Lauderdale, Florida; September, 2015
**Forensic Document Examination Overview** - FALI
  Fort Lauderdale, Florida; September, 2014
**An Overview of Forensic Document Examination** - CAPE Institute (CLE)
  North Palm Beach, Florida; December, 2012
**Forensic Science Training** - Federal Public Defender's Office (CLE)
  Miami, Florida; April, 2010
**Forensic Document Training and Case Review**
  Fort Lauderdale - Broward County Crime Laboratory, 1990-2010
**Fraud Investigations** - Miami-Dade Police Department
  Miami Beach, Florida, August 2009
  Miami Beach, Florida; July, 2008
  Miami Beach, Florida; March, 2007
  Miami Beach, Florida; April, 2006
  Miami, Florida; April, 2005
  Miami Beach, Florida; May, 2004
  Miami Beach, Florida; April, 2003
  Miami Beach, Florida; March, 2002
  Miami, Florida; July, 2001
  Miami Beach, Florida; July, 2000
  Miami Lakes, Florida; July, 1999
  Coconut Grove, Florida; August, 1998
  Miami Beach, Florida; July, 1997
  Miami Beach, Florida; July , 1996
**Questioned Documents Presentation** - South Miami Kendall Bar Association
  South Miami, Florida; February, 2008

*Appendix A-3*

*CONFIDENTIAL*

**Questioned Documents Presentation** - Attorney's Real Estate Council
    South Miami, Florida; February, 2008
**Physical Evidence Investigations** - Miami-Dade Police Department
    Miami, Florida; June, 2007
    Miami Beach, Florida; October, 2004
    Miami, Florida; November, 2003
    Miami Beach, Florida; October, 2000
    Miami, Florida; June, 1998
    Miami, Florida; May, 1997
    Miami, Florida; June, 1996
**Questioned Document Examinations** - Palm Beach Community College
    West Palm Beach, Florida; November, 2004
    West Palm Beach, Florida; September, 2003
**Forensic Document Examinations** - Association of Inspectors General
    Miami Beach, Florida; May, 2001
**Questioned Document Seminar** - Florida International Banker's Association
    Miami Lakes, Florida; October, 1998
    Miami, Florida; December, 1996
**Forensic Document Examination** - Norwitch Document Laboratory (CLE)
    Miami Beach, Florida; July, 1997
**Financial Institution/Law Enforcement Seminar** - Palm Beach Econ. Crime Unit
    West Palm Beach, Florida; May, 1996
**Monthly Meeting -** Financial Institution Security Association
    Miami, Florida; April, 1996
**The Witness** - Florida Legal Assistants
    Fort Lauderdale, Florida; March, 1996
**Questioned Document Seminar** - Miami-Dade Audit & Management Services
    Miami, Florida; February, 1996
**Questioned Document Overview** - Office of The Auditor General
    Hollywood, Florida; July, 1990
**Questioned Document Seminar** - Miami-Dade Police Department
    Miami, Florida; September, 1989
    Miami, Florida; October, 1986
    Miami, Florida; May, 1986
    Miami, Florida; September, 1984
    Miami, Florida; May, 1984
    Miami, Florida; January, 1984
**Forensics of Document Examination & Authentication** - Florida Bar Association
    7th Annual Midyear Meeting; Miami, Florida; January, 1987
**Financial Institution/Law Enforcement Seminar** - Palm Beach Econ. Crime Unit
    West Palm Beach; May, 1987
**Recognizing Forgery** - Bank Administration Institute
    Atlanta, Georgia; April, 1987
**Forensic Evidence Course** - National College of District Attorneys
    Williamsburg, Virginia; February, 1986
    Orlando, Florida; December, 1985
    Orlando, Florida; March, 1984
**Questioned Document Overview** - I.R.S. Criminal Investigations
    Miami, Florida; June, 1985

CONFIDENTIAL

**Questioned Document Seminar** - Bureau of Alcohol, Tobacco, & Firearms
        Miami, Florida; December, 1984
**Questioned Document Overview** - Atlantic Federal Savings & Loan
        Fort Lauderdale, Florida; October, 1984
**Banking Security Seminar** - Coral Gables Police Department
        Coral Gables, Florida; May, 1984
**Fraud Investigations** - Coral Gables Police Department
        Coral Gables, Florida; October, 1980

**PUBLISHED:**   "**Questioned Documents**" (co-authored with Howard Seiden), <u>**Forensic Science: An**</u>
<u>**Introduction to Scientific and Investigative Techniques**</u>, CRC Press, 2003, Boca
Raton, Florida
"**Questioned Documents**", 7th Midyear Meeting, Florida Bar Association, 1987.
"**Correct Standards**", National College Of District Attorneys, 1986.
"**But What Does It Mean...?**", National College Of District Attorneys, 1985.
"**The Forensic Palmreader**", Identification Journal, 1984.

**AFFILIATIONS:**   Southern Association of Forensic Scientists - Member.
International Association for Identification - Life Member.

**PROFICIENCY**
**TESTING:**   Collaborative Testing - biannually

*Appendix A-5*

CONFIDENTIAL

## **Norwitch Document Laboratory Compensation**

Norwitch Document Laboratory fees are US$ 350.00 per hour for examination and report, consultations and administrative time.  Court and/or deposition testimony is likewise US$ 350.00 per hour, portal to portal.  Actual costs for travel, messenger service, case specific materials, and the like, are passed on to the client.

CONFIDENTIAL

### COURT TESTIMONY 2014 - Present

| Style of Case<br>Retained by | C/N - Type<br>Judge | Date<br>Venue |
|---|---|---|
| U.S. v. Herve Wilmore<br>Sidney A. Fleischman | 13-60029-CR-SCOLA - Trial<br>Robert M. Scola, Jr. | February 28, 2014<br>Miami-Dade - USDC |
| Florida Bar v. Richard J. Burton<br>Herman J. Russomanno III | 2011-71,148 (11L) - Trial<br>Teresa Mary Pooler | May 8, 2014<br>Miami-Dade - Circuit |
| Edmond Lee Frankel v. Audrey Frankel<br>Naomi Berry | 05-18042 CA 21- Trial<br>Antonio Arzola | May 23, 2014<br>Miami-Dade - Circuit |
| Pino vs. JonJen Creations, LLC<br>Randy C. Golden | 2013 CA 008554 - Trial<br>Thomas Barkdull | July 9, 2014<br>Palm Beach - Circuit |
| Margarita Frias v. Rolling Wheels, Inc.<br>Rob Sickles | CACE 12-15720 (14) - Hearing<br>Carlos A. Rodriguez | July 22, 2014<br>Broward - Circuit |
| Ganglu v. Mapuche & Chen<br>Scott Marder | CACE 14-009677 (19) - Trial<br>Jack Tuter | October 1, 2014<br>Broward - Circuit |
| Wells Fargo Bank v. Andre Estime<br>James Jean-Francois | CACE 09-061796 - Trial<br>Lynn Rosenthal | November 3, 2014<br>Broward - Circuit |
| Graham v. Graham<br>Dan Duryea | 51-2011-DR-2296-WS - Hearing<br>Kimberly Campbell | November 13, 2014<br>Pasco County - Circuit |
| Renumber2, LLC v. Don Bryan<br>Raoul Garcia | 2014-CC91-P - Trial<br>Sharon Hamilton | November 14, 2014<br>Monroe - Circuit |
| Dawson VS. Small World Day<br>Justin Sorel | 502012CA010172XXXXMB - Hearing<br>Meenu Sasser | April 20, 2015<br>Palm Beach - Circuit |
| Araujo vs. Anesco<br>Barbra Paige | CACE-13-012999 - Trial<br>Patti Englander Henning | April 24, 2015<br>Broward - Circuit |
| U.S. Bank v. Renee and Thomas Berger<br>Ofelia Damas-Rodriguez | 2010 CA 26296 - Trial<br>Alice C. Blackwell | April 29, 2015<br>Orange - Circuit |
| Michelle Blohm vs. Park's Martial Arts<br>Yechezkel Rodal | 50 2012 CC 011665 XXXXMB - Trial<br>Nancy Perez | May 12, 2015<br>Palm Beach - Circuit |
| Estate of Beverly Sites<br>Robert C. Wilkins | 2013-CA-1852 - Trial<br>William H. Hallman | June 11, 2015<br>Sumter - Circuit |
| Ronald Hubsher v. Dany Lowe<br>Alexander P. Johnson | 15-9532-COCE - Trial<br>Giuseppina Miranda | August 4, 2015<br>Broward - Circuit |
| Patent Services USA v. Juan Rivera<br>Bernard L. Egozi | 14-015748 CA 01 - Hearing<br>Eric Hendon | August 26, 2015<br>Miami-Dade - Circuit |
| Regina v. Michelle Bouchard<br>Ingrid Spence | 5/14 - Trial<br>Paul Worsley | April 7, 2016<br>Grand Cayman - Grand |

*Appendix C-1*

CONFIDENTIAL

| | | |
|---|---|---|
| Estate of John E. Brown v. Donna Klinka<br>Ronnie J. Bitman | 2010-CA-11708-O - Trial<br>Alice L. Blackwell | July 19, 1016<br>Orange - Circuit |
| Rapid Realty v. Bratkovsky<br>Lawrence D. Goodman | 13-32073 CA 01 - Hearing<br>John W. Thornton, Jr. | September 8, 2016<br>Miami-Dade - Circuit |
| Estate of Eleanor H. Klein<br>Erin M. Maddocks | 50 2014 CP 001098 XXXX MB - Trial<br>Janis B. Keyser | October 21, 2016<br>Palm Beach - Circuit |
| Rapid Realty v. Bratkovsky<br>Lawrence D. Goodman | 13-32073 CA 01 - Trial<br>John W. Thornton, Jr. | February 1, 2017<br>Miami-Dade - Circuit |
| U.S. v. Raul J. Gutierrez, et al.<br>William Roppollo | 05-20859-CR-HUCK - Trial<br>Paul C. Huck | February 2, 2017<br>Miami-Dade - Federal |
| Gaskets & Hardware Serv. v. Jeremy Thomas<br>Alan M. Burger | 50-2017-CA-000902XXXXMB - Hearing<br>Janis Keyser | March 1, 2017<br>Palm Beach - County |
| In the Interest of A.D., a Child<br>William Hess | ?                     - Trial<br>Larry Schack | March 31, 2017<br>Palm Beach - Circuit |
| Aston Capital v. Segall Entities<br>Amanda Chapman | 2013-CA-12538-O - Trial<br>Julie H. O'Kane | August 21, 2017<br>Orange - Circuit |
| Jacobs, et al. v. Palm Beach Polo, et al.<br>James McCann | 502012CA002417XXXXMB - Trial<br>Lisa S. Small | November 30, 2017<br>Palm Beach - Circuit |
| JPMorgan Chase Bank v. Sanguinetti<br>Chad Tamaroff | 2009CA025627 (AF) - Hearing<br>Edward L. Artau | February 8, 2018<br>Palm Beach - Circuit |
| Estate of Joseph Gold<br>David M. Garten | 502017CP004457XXXXMB - Hearing<br>Janis Brustares Keyser | June 13, 2018<br>Palm Beach - Circuit |
| Pena v. Tinics<br>Marcy S. Resnik | FMCE 16-6742 (41/93) - Hearing<br>Andrea Ruth Gunderson | June 26, 2018<br>Broward - Circuit |
| Gateway vs. Sharon E. Barnwell<br>Peter E. Shapiro | CACE-18-004036 (13) - Trial<br>Michael A. Robinson | July 26, 2018<br>Broward - Circuit |
| Benjamin & Morency v. Fineline<br>Matthew J. Milizok | 12-26713 CA 01 - Trial<br>Antonio Arzola | August 21, 2018<br>Miami-Dade - Circuit |
| Igor Erlikh v. Alla Stalinsky<br>Anthony M. Genova | 2017-009110-CA-01 - Trial<br>Jacqueline Hogan Scola | December 17, 2018<br>Miami-Dade - Circuit |
| Anita Bradshaw vs. Heritage NH, LLC<br>Deborah J. Gander | 2018-006890-CA-01 - Hearing<br>Antonio Arzola | March 15, 2019<br>Miami-Dade - Circuit |
| Roberts v. Gidwani<br>John A. Moore | 13-16209 CA 27  - Hearing<br>John W. Thornton, Jr. | May 21, 2019<br>Miami-Dade - Circuit |
| FNMA v. Lopez<br>Peter L. Meltzer | 2017-002085 CA 32 - Trial<br>John W. Thornton, Jr. | July 26, 2019<br>Miami-Dade - Circuit |
| Nutritional Products International v. Gould<br>Neil Bryan Tygar | 2019CA005715 - Hearing<br>Scott R. Kerner | September 6, 2019<br>Palm Beach - Circuit |

*Appendix C-2*

CONFIDENTIAL

| | | |
|---|---|---|
| Trammell v. Trammel<br>Benjamin T. Hodas | 502016DR003109XXXXNB - Hearing<br>Karen M. Miller | September 24, 2019<br>Palm Beach - Circuit |
| Crown v. Christopher Forbes<br>Ennis Grant | CR-63/2016<br>Margarete Ramsey-Hale | October 9, 2019<br>Turks & Caicos - Supreme |
| U.S. Bank, NA v. Jane E. Carey<br>M. Bradley Luczak | 2009-CA-003175-O - Trial<br>Lisa T. Munyon | January 7, 2020<br>Orange County - Circuit |
| Nordelis Ibirma v. Alvaro Navarro, et al.<br>Jezabel P. Lima | 2019-36596-CA-01 - Trial<br>Barbara Areces | February 6, 2020<br>Miami-Dade - Circuit |
| John Sabow v. Robert Schmidt, Jr.<br>Samuel Heller/Marion Haler | 15-004685-CI-8 - Trial<br>Thomas H. Minkoff | March 11, 2020<br>Pinellas County - Circuit |

CONFIDENTIAL

## DEPOSITION TESTIMONY 2014 - Present

| Style of Case<br>Retaining Atty | C/N<br>Venue | Date<br>Depo Taken By |
|---|---|---|
| Edmond Frankel v. Audrey Frankel<br>Naomi M. Berry | 05-18042 CA 21<br>Miami-Dade County | March 12, 2014 |
| Ralph Sistrunk v. Florida Retina Institute<br>Fadi Chakour | 16-2013-CA 7120<br>Duval County | March 25, 2014<br>Brian E. Currie |
| The Florida Bar v. Richard Jay Burton<br>Herman J. Russomanno III | SC13-1441<br>SFC | April 10, 2014<br>Jennifer R. Falcone |
| Compania Gen Finan v. La Banque de Nat'l Paris<br>George J. Lott | 11-17213 CA 30<br>Miami-Dade County | June 4, 2014 |
| Pino vs. JonJen Creations<br>Randy C. Golden | 2013 CA 008554<br>Brevard County | June 17, 2014<br>Randy C. Golden |
| Spielman vs. Zoila Perez<br>Russell A. Spatz | 10-31418 CA 08<br>Miami-Dade County | June 18, 2014<br>Russell A. Spatz |
| Ganglu v. Mapuche<br>Scott H. Marder | CACE 14009677<br>Broward County | September 9, 2014 |
| Ganglu v. Mapuche<br>Scott H. Marder | CACE 14009677<br>Broward County | September 24, 2014 |
| Santoro v. Autozone<br>Laurie Chess | 5:13-CV-00242-WTH-PRL<br>USDCSD | November 24, 2014<br>Laurie Chess |
| Hernandez v. Rysa Raceway<br>John W. McLuskey | 12-47002 CA 25<br>Miami-Dade County | December 2, 2014<br>Karel Remudo |
| Jorgina Araujo vs. Broward Health Center<br>Barbra G. Paige | CACE-13-012999<br>Broward County | March 6, 2015<br>Grant A. Kuvin |
| Chase Bank v. Georgia Wolfe<br>David Rupp | 502014CA001256XXXXMBAW | April 7, 2015<br>John M. Jorgensen |
| Wells Fargo v. L.F. Gonzalez<br>Joseph Mancilla | 13-2009-CA 078954 | May 1, 2015 |
| Balsewich v. M & T Bank<br>Robert Kane | 9:14-CV-81280-DMM<br>USDCSD | August 26, 2015<br>Jeffrey Golant |
| Estate of John E. Brown<br>Ronnie J. Bitman | 2010-CA-11708-O<br>Orange County | October 2, 2015 |
| Estate of Chance James Stanley v. Bethesda Memorial<br>Theodore S. Forman | 502010CA003446XXXXMBAN<br>Palm Beach County | October 6, 2015<br>Sharon Bidka Urbanek |
| Bridge Holdings v. Kristine Scotto<br>Rebecca Newman Casamayor | 2015-CA-1305-40<br>Miami-Dade County | December 10, 2015 |

*Appendix D-1*

*CONFIDENTIAL*

| | | |
|---|---|---|
| Jerry Katzen v. University of Miami Sch of Med.<br>Erin Gaskin | 11-24504 CA 20<br>Miami-Dade County | December 14, 2015 |
| Janet Schoof v. Edward Danheiser<br>Claire R. Hurley | 05-2014-CA-018202<br>Brevard County | April 11, 2016<br>Jeffrey C. Fulford |
| Aston Capital, LLC vs. Gulfstream Investments Corp.<br>Amanda Chapman | 2013-CA-12538-O<br>Orange County | August 20, 2016<br>Charles M. Greene |
| Rapid Realty v. Bratkovsky<br>Larry Goodman | 13-32073 CA 40<br>Miami-Dade County | January 27, 2017<br>Jeff Tew |
| Lodi vs. Gregory Galanis<br>Michael Schiffrin | 15-1701 FC (26)<br>Miami-Dade County | February 8, 2017<br>Michael Schiffrin |
| Metropolitan Mortgage v. Starr & Rose<br>Lazaro Vazquez | 09-10973 CA 01<br>Miami-Dade County | April 28, 2017<br>Matthew S. Sackel |
| JPMorgan Chase Bank, NA v. Yolette E. Sanguinetti<br>Chad Tamaroff | 2009CA025627 (AF)<br>Palm Beach County | July 10, 2017<br>Brian K. Korte |
| BOA v. Virginia Gravlin<br>Jeffrey M. Liggio | 502012CA023516XXXXMBAH<br>Palm Beach County | February 14, 2018<br>Sahily Serradet |
| Gateway at Sawgrass v. The Maslom Group<br>Peter Shapiro | 17-004036 (13)<br>Broward County | March 23, 2018<br>Samuel M. Sheldon |
| Streid v. Zipperer<br>Douglas Szabo | 14-CA-391<br>Hendry County | June 28, 2018<br>Tom Dougherty |
| Citadel Servicing v. Wells Fargo Bank<br>David A. Greene | 17-10895-CA-01<br>Miami-Dade County | July 24, 2018<br>Gaye Huxoll |
| JP Morgan Chase Bank v. Kenneth Snyder<br>George N. Andrews | 2014-CA-024159<br>Miami-Dade County | October 3, 2018<br>Kevin L. Lewis |
| Peter Brooke v. Procorp Debt Solutions, LLC<br>Ryon M. McCabe | 2013CA005875XXXXMB (AK)<br>Palm Beach County | January 23, 2019<br>Michael W. Simon |
| Arturo Rubinstein v. Keshet Inter Vivos Trust<br>Benjamin Cody Davis | 17-CV-61019<br>Broward Federal | January 29, 2019<br>Brian M. Grossman |
| Josephine Hill v. Danny DeVilbiss<br>Douglas H. Reynolds | 2018 DR 000522<br>Sumter County | February 18, 2019<br>Douglas H. Reynolds |
| Anita Bradshaw vs. Heritage NH, LLC<br>Deborah J. Gander | 2018-006890-CA-01<br>Miami-Dade County | February 27, 2019<br>Jeffrey R. Creasman |
| FNMA v. Ricardo J. Lopez<br>Peter L. Meltzer | 2017 CA-002085-CA-01<br>Miami-Dade County | May 28, 2019<br>James R. Ackley |
| Jeroldene Trammell v. Edward Trammell<br>Benjamin T. Hodas | 502016DR003109XXXXNB<br>Palm Beach County | September 19, 2019<br>Jaclyn Soroka |
| Allison Sommers v. Michael Kram<br>Marcy Resnik | 2017-007677 FC-04<br>Miami-Dade County | December 23, 2019<br>Daniel Silver |

CONFIDENTIAL

Ira Kleiman v. Craig Wright          18-cv-80176(BB/BR)          January 3, 2020
Zalman Kass                          USDCSD                      Kyle W. Roche

John Sabow v. Robert Schmidt         15-004685-CI-8              Feburary 25, 2020
Marion Hale                           Alachua County             Kelli A. Edson

CONFIDENTIAL

# ERRATA/NOTES



*CONFIDENTIAL*

*Norwitch Document Laboratory*

**WEST PALM BEACH**

———

**17026 HAMLIN BOULEVARD**
**LOXAHATCHEE, FLORIDA  33470**

**F. HARLEY NORWITCH**

**TELEPHONE (561) 333-7804**
**FACSIMILE (561) 795-3692**

**www.QuestionedDocuments.com**
**FrankNorwitch@bellsouth.net**

December 11, 2019

Mr. Zelman Kass
Rivero Mestre, LLP
2525 Ponce de Leon Boulevard
Suite 1000
Miami, Florida   33134

**Re:  Ira Kleiman, as personal representative of the estate of David Kleiman, and W&K INFO**
**DEFENSE RESEARCH, LLC. v. Craig Wright**
**Case No.:   USDC 18-cv-80176(BB/BR)**
**Our File No.:  191205**

Dear Mr. Kass:

Enclosed in the accompanying sealed envelope are evidence materials supplied to Norwitch Document Laboratory for examination in the above-styled matter.  This is your evidence.  As such, you may certainly open the envelope, but please safeguard this evidence pending further examination(s), deposition, or trial.

If you have questions concerning the return of these materials or pertaining to any other aspect of the examination, please call at your convenience.

Yours very truly,

F. Harley Norwitch

FHN:hp
Enc

CONFIDENTIAL

# EXHIBIT 19

*CONFIDENTIAL* FILED

2 8 AUG 2013

Form 44 (version 2)
UCPR 36.1A

# CONSENT ORDER

## COURT DETAILS

| | |
|---|---|
| Court | NSW Supreme Court |
| Division | General Division Common Law |
| List | General |
| Registry | Sydney |
| Case number | 2013 / 245661 |

## TITLE OF PROCEEDINGS

Plaintiff    **Craig Steven Wright (ABN 97 481 146 384)**

Defendant    **W&K INFO DEFENSE RESEARCH LLC**

## PREPARATION DETAILS

| | |
|---|---|
| Filed for | **Craig S Wright** |
| | Plaintiff |
| Contact name and telephone | Craig S Wright |
| | 0417 683 914 |
| Contact email | Craig S Wright (craigswright@acm.org) |

## TERMS OF ORDER MADE BY THE COURT BY CONSENT

Orders/Judgment:

1.  Judgment in the sum of $28,534,049.79 in favour of the plaintiff.

2.  No order as to costs.

3.  The court notes the agreement of the parties that the plaintiff will accept the transfer
    of Intellectual property held by the plaintiff in full and final satisfaction of the
    judgment.

## SIGNATURES

**Plaintiff**
The plaintiff consents.
Signature of plaintiff

Craig S Wright
Plaintiff

Capacity    Plaintiff

## SIGNATURES

**Plaintiff**

The plaintiff consents.

Signature of plaintiff

Craig S Wright

Capacity                    Plaintiff

Date of signature           28th Aug 2013

**Defendant**

The defendant consents.

Signature of or on behalf of party
if not legally represented

Capacity                    Authorised officer

Date of signature           28th Aug 2013

_____J Wilson_____ consents.

## SEAL AND SIGNATURE

Court seal

Signature

Capacity

Date made or given

Date entered

## NOTICE

Subject to limited exceptions, no variation of a judgment or order can occur except on
application made within 14 days after entry of the judgment or order.

CONFIDENTIAL

# Deed of Agreement

Jamie Robert Wilson
(Shareholder 1)

County Properties and Developments Pty Ltd (ACN 118 423 402)
(Shareholder 2)

Panopticrypt Pty Ltd (ABN 34 151 567 118)
(Shareholder 3)

Gordon Munro Walker
(Shareholder 4)

Lloyds Solicitors Pty Ltd (ACN 150 792 519)
(Shareholder 5)

Family Affairs Security Vault Pty Ltd
(ACN 151 838 354)
(The Company)

CONFIDENTIAL

## SIGNING PAGE

**EXECUTED AS A DEED** the ____ day of *APR* **2012**

**SIGNED SEALED AND DELIVERED by** )

**JAMIE ROBERT WILSON** in the )

presence of: )

_____

Signature of Witness                    Signature of Jamie Robert Wilson

*H. M. Wilson*

**Name of Witness (print in block letters)**

*HEATHER MONICA WILSON*

**Address of Witness**

*10 WARBURR ST*
*DUROCK 4077*

**SIGNED SEALED AND DELIVERED by** )

**GORDON MUNRO WALKER** in the )

presence of: )

_____        _____

Signature of Witness                    Signature of Gordon Munro Walker

_____

**Name of Witness (print in block letters)**

_____

**Address of Witness**

**SIGNED SEALED AND DELIVERED by COUNTY PROPERTIES AND DEVELOPMENTS PTY LTD**
**(ACN 118 423 402)**

_____        _____

**Director**                            **Director**

*KIM E KENNEDY*

**Name**

03123

*N-1*
*A*

CONFIDENTIAL

## Consent to Act as Director

1. I consent to act as a Director of:
   Family Affairs Security Vault Pty Ltd
   ACN 151 838 354

2. Name:
   Craig Steven Wright

3. Residential Address:
   7 Eastgate Avenue
   East Killara  NSW  2071

4. **Date of Birth:**
   23/10/1970

5. Place of Birth:

Date:  24 Mar 11

Signature:

03098

CONFIDENTIAL

**Application for Shares**

To the Directors, Family Affairs Security Vault Pty Ltd (ACN 151 838 354)

Panopticrypt Pty Ltd (ABN 34 151 567 118)

Of 7 Eastgate Avenue, East Killara New South Wales

Hereby applies for five hundred thousand (500,000) Ordinary Shares.

The amount paid/taken to be paid per share is $1.00.

The amount due and payable per share is $0.00.

The applicant agrees to accept the issue of shares and agrees to be bound by the Constitution of the Company and any Shareholder's Agreement in relation to the Company.

The applicant authorises their name to be placed on the Register of Members.


Signature

Dated:      05 APR 2012

03121

CONFIDENTIAL

## INTELLECTUAL PROPERTY LICENCE

**PARTIES**

**Craig Wright R&D**
**ABN 97 481 146 384**
(Licensor)

**AND**

**Hotwire Pre-Emptive Intelligence Pty Ltd**
**ABN 48 164 068 348**
(Licensee)

Ref: HW

*CONFIDENTIAL*

**THIS DEED** dated 22ⁿᵈ day of August 2013

**BETWEEN**

    Craig Wright of Craig Wright R&D

                                                                     (Licensor)

And

    Jamie Wilson for Hotwire Pre-Emptive Intelligence Pty Ltd

                                                                     (Licensee)

**RECITALS**

A.    The licensor owns or has the right to use the intellectual property as software.

B.    The licensee desires the intellectual property for the permitted use.

C.    The licensor and the licensee wish to record the licence, which has been granted to the licensee to use the intellectual property in accordance with this deed.

D.    The licensor is the absolute owner of the entire unencumbered copyright in the works described in the schedule.

E.    The licensor has agreed to license the works to the licensee and the licensee has agreed to accept such licence on the following terms and conditions.

F.    The licensor has clear title internationally based on judgement from NSWSC 2013 / 225983.

**OPERATIVE PART**

**1.**    **Definitions**

    In this deed:

    (a)    Business means the business operated by the licensee described as such in the schedule;

    (b)    Business day means a day, not being a Saturday, Sunday or gazetted public holiday, on which banks are open for commercial business where performance of an obligation under this deed is to take place;

    (c)    Claim means, in relation to a person, a claim, demand, remedy, suit, injury, damage, loss, cost liability, action, proceeding, right of action, chose in action, claim for compensation or reimbursement or liability incurred by or to be made or recovered by or against the person, however arising and whether ascertained or unascertained, or immediate, future or contingent;

    (d)    Commencement date means the date so specified in the schedule;

2

CONFIDENTIAL

(e)   Confidential information means all technical and other information and know how, including all information and know how in any eye or machine readable form or other format, disclosed or given to the licensee from any source in respect of or incidental to:

    (i)   The product;

    (ii)  The technology;

    (iii) The licensor; and

    (iv) Any other information disclosed or given to the licensee by the licensor which is declared by the licensor to be confidential information;

(f)   Improvements means any improvement, modification, enhancement or derivative of the intellectual property arising during the term;

(g)   Intellectual property means:

    (i)   The confidential information;

    (ii)  The improvements;

    (iii) The patent; and

    (iv) The trade mark;

(h)   Licence fee means the amount calculated and paid by the licensee to the licensor specified in the schedule;

(i)   Notice means a written notice, consent approval, direction, order or other communication;

(j)   Obligation means any legal, equitable, contractual, statutory or other obligation, deed, covenant, commitment, duty, undertaking or liability;

(k)   Patent means the registered patent or patent application including the provisional and complete specifications described in the schedule;

(l)   Permitted use means to conduct the business to exploit market, promote, develop, integrate, research, sell and conduct and any other activity undertaken with respect to the product for profit or reward;

(m)   Product means the product described as such in the schedule;

(n)   Right includes a legal, equitable, contractual, statutory or other right, power, authority, benefit, privilege, remedy, discretion or cause of action;

(o)   Technology means all that technical information which relates to or forms part of the product, including, without limitation, methodology, techniques, drawings, outlines, notes, algorithms, detailed designs, flow charts,

3

CONFIDENTIAL

results, software: partial or intermediate versions and prototypes, data, formulae and other proprietary information and know how in the licensee's possession or control or which is revealed to the licensee which relates to the product;

(p)   Term means the term set out in the schedule; and

(q)   Trade mark means the registered trade mark, trade mark registration application and common law trademarks described in the schedule.

## 2.   Interpretation

This deed is governed by the law of NSW and the parties submit to the non-exclusive jurisdiction of the courts of that state.

In the interpretation of this deed:

(a)   References to legislation or provisions of legislation include changes or re-enactments of the legislation and statutory instruments and regulations issued under the legislation;

(b)   Words denoting the singular include the plural and vice versa; words denoting individuals or persons include bodies corporate and vice versa; references to documents or deeds also mean those documents or deeds as changed, novated or replaced, and words denoting one gender include all genders;

(c)   Grammatical forms of defined words or phrases have corresponding meanings;

(d)   Parties must perform their obligations on the dates and times fixed by reference to the schedule;

(e)   Reference to an amount of money is a reference to the amount in the lawful currency of the Commonwealth of Australia;

(f)   If the day on or by which anything is to be done is a Saturday, a Sunday or a public holiday in the place in which it is to be done, then it must be done on the next business day;

(g)   References to a party are intended to bind their executors, administrators and permitted transferees; and

(h)   Obligations under this deed affecting more than one party bind them jointly and each of them severally.

4

3.  **Licence**

The licensor hereby grants to the licensee an exclusive licence to use the intellectual property for the permitted use on the terms of this deed.

In consideration of the licence fee payable hereunder the licensor grants to the licensee an exclusive transferrable licence to copy publish sell or otherwise use the works in the course of its business in Australia and/or Overseas in respect of the whole or any part of the works commencing on 01st July 2013.

In consideration of the licence hereby granted to the licensee the licensee must pay a one off licence fee of $28,254,666.00 (GST exclusive) to the licensor on or before the 30th Sept 2013.

The payment is to be issued in capital as ordinary shares in the licensee as per the schedule.

4.  **Licensee's promises**

(a) **Undertakings**

The licensee undertakes to:

(i)     Use its reasonable commercial endeavours to:

(1)   Preserve the value and validity of the intellectual property; and

(2)   Create, promote, retain, and enhance the goodwill in the intellectual property;

(ii)    During the term and thereafter the termination of this deed not to allow or facilitate the use, nor exploit the intellectual property in a manner in any way detrimental to the licensor and not contravene, deny or contest the rights subsisting in the intellectual property, and take such steps as may be appropriate and available to the licensee to prevent the infringement of any and all the rights subsisting in the intellectual property;

(iii)   In connection with the permitted use not give any warranty:

(1)   Beyond that which the licensee is obliged in law to give; or

(2)   Which has not been approved in writing by the licensor;

CONFIDENTIAL

    (iv)   To use the intellectual property only for the permitted use and not for any other use;

    (v)   Treat as confidential the confidential information except that which at the time of its disclosure to the licensee was generally available, or subsequently became known to the public provided always that this covenant shall continue in full force and effect notwithstanding that this deed has terminated; and

    (vi)   Devote all reasonable commercial endeavours in the conduct and operation of the business.

  (b)  **Indemnity**

    (i)   The licensee hereby agrees to fully, effectually, and promptly indemnify the licensor against any loss, either direct or indirect, damage or expense whatsoever which the licensor may suffer or incur in respect of:

      (1)   Any breach by the licensee of the provisions of this deed; or

      (2)   Any claim by any person against the licensor arising out of or in respect of the exploitation of the intellectual property by the licensee; and

    (ii)   The licensee hereby irrevocably releases the licensor and waives all claims which the licensee may have in the future against the licensor, in respect of any action claim or remedy whatsoever in any way attributable to the exploitation of the intellectual property by the licensee.

5.   **Improvements**

If the licensee develops any improvements, the licensor hereby irrevocably:

(a)   Grants to the licensee the right to apply for any incidental intellectual property rights available in respect of that improvement and in connection with such application, the licensor shall:

    (i)   Make, supply and assist in the preparation of all models, plans, drawings or specifications necessary or convenient for the proper understanding or development of the improvements; and

*CONFIDENTIAL*

    (ii)    Grant and do all things necessary to give effect to an assignment of the intellectual property rights in respect of the improvements to the licensee;

  (b)   Assigns, transfers and sets over absolutely to the licensee all right title and interest to the improvements including all claims as they relate to the improvements.

6.   **GST**

  (a)   GST means a goods and services tax as defined in A New Tax System (Goods and Services Tax) Act 1999.

  (b)   In respect of any taxable supply, the licensee must pay to the licensor an additional amount equal to the prevailing GST rate on the supply. The additional amount referred to in this clause is payable at the same time and in the same manner as the licence fee subject to the receipt by the licensee of a valid tax invoice, as defined in A New Tax System (Goods and Services Tax) Act 1999.

7.   **Term and termination**

  (a)   **Term**

     This deed begins on 01st July 2013 the commencement date and will continue for the term unless it is earlier terminated.

  (b)   **Termination on notice**

     Either party may terminate this deed by notice in writing to the other if the other party commits any breach of any provision of this deed, and has failed to remedy such breach within fourteen days of receipt of notice specifying:

    (i)    The exact nature of the breach committed by the defaulting party; and

    (ii)   What is required by the defaulting party to remedy the breach;

*CONFIDENTIAL*

8. **Licence fee**

   (a) **Payment of licence fee**

      The licensee must pay the licence fee specified in the schedule to the licensor during the term.

   (b) **Late payment**

      If the licence fee or any other monies payable by the licensee to the licensor remain unpaid for seven days after the due date for payment, whether or not formal demand has been made, then the licensee shall pay, in addition to any monies actually owing to the licensor, interest at the rate of 2% over the bank indicator lending rate nominated by the licensor on such monies from the date the payment actually fell due until such monies are recovered and paid to the licensor.

9. **Warranties by licensor**

   The licensor warrants to the licensee that:

   (a) The licensor has the power and authority to enter into this deed; and

   (b) The intellectual property rights granted under this deed will not when used in accordance with this deed infringe the intellectual property rights of any person.

10. **Third party claim**

   (a) Provided that the licensee is not in breach of its obligations under this deed, if a third party makes a claim against the licensee alleging that use of the intellectual property infringes its intellectual property rights, the licensor will defend, indemnify and hold harmless the licensee from such a claim provided that the:

      (i) The licensee notifies the licensor in writing promptly of the claim;

      (ii) The licensee provides such information, assistance and co-operation as the licensor may reasonably request and at its expense, from time to time; and

      (iii) The licensor has full discretion to defend, compromise or settle any such claim on such terms as the licensor deems fit.

   (b) If the licensor cannot satisfactorily settle the claim so as to retain ownership of the intellectual property, its liability will be limited to

*CONFIDENTIAL*

terminating this deed, and refunding the licensee an amount equal to the portion of any licence fee paid for the period following termination.

(c)   Nothing in this clause authorises the licensee to defend, compromise or settle any claim on the licensor's behalf.

## 11.   Limitation of liability

(a)   Other than in respect of a party's:

(i)     Breach of the confidentiality provisions of this deed; or

(ii)    Infringement of another party's intellectual property rights; or

(iii)   Indemnification obligations under this deed; or

(iv)   Wilful misconduct.

(b)   Neither party will be liable to the other for any consequential, special or punitive damages arising out of this deed. Each party's cumulative direct damages will be limited to the licence fee payable under this deed in the prior twelve month period. This clause survives the termination or expiration of this deed.

## 12.   Assignment

No party may assign its rights or obligations under this deed without the prior written consent of the other parties, which consent may be given or withheld, or given on conditions, in the absolute discretion of those other parties.

## 13.   Time

The parties hereto agree that time shall in all respects be of the essence in regards this deed.

## 14.   Notices

A communication required by this deed, by a party to another, must be in writing and may be given to them by being:

(a)   Delivered personally; or

(b)   Posted to their address specified in this deed, or as later notified by them, in which case it will be treated as having been received on the second business day after posting; or

CONFIDENTIAL

    (c)   Faxed to the facsimile number of the party with acknowledgment of receipt received electronically by the sender, when it will be treated as received on the day of sending, or

    (d)   Sent by email to their email address, when it will be treated as received on that day.

## 15. Waiver or variation

    (a)   A party's failure or delay to exercise a power or right does not operate as a waiver of that power or right.

    (b)   The exercise of a power or right does not preclude:

        (i)   Its future exercise; or

        (ii)   The exercise of any other power or right; or

        (iii)   The variation or waiver of a provision of this deed or a party's consent to a departure from a provision by another party will be ineffective unless in writing executed by the parties.

## 16. Counterpart

This deed may be executed in any number of counterparts each of which will be an original, but counterparts together will constitute one and the same instrument, and the date of the deed will be the date on which it is executed by the last party.

## 17. Costs

    (a)   Each party will pay its own costs of and incidental to this deed.

    (b)   The licensee will bear all duty payable on this deed and keep indemnified the licensor in respect of that liability.

    (c)   The licensee will bear all GST payable in respect of any supply under this deed upon receipt of tax invoice issued by the licensor.

CONFIDENTIAL

### REFERENCE SCHEDULE

| | |
|---|---|
| **Deed date:** | 01st July 2013 |
| **Licence fee:** | $28,254,666.00 (ex GST) for exclusive perpetual assignment |
| **Product:** | Risk algorithms and C/C++/C#/R code |
| **Commencement date:** | 01 July 2013 |
| **Term:** | No end |
| **Trademark:** | All Marks Associated with Integyrz, Integyrs and associated marks |
| **Patent:** | Training Systems Patent (in progress and covered under the AusIndustry Notice of Registration for the R&D Tax Incentive including IR1300282) |

*CONFIDENTIAL*

**SIGNED AS A DEED**

Executed by
Hotwire Preemptive Intelligence Pty Ltd          )
A.C.N. 164 068 348 in accordance with s.127      )
Corporations Act 2001 (CTH) and its constitution )

Ramona Watts
DIRECTOR

Jamie Robert Wilson
DIRECTOR

Executed by
Craig Wright R&D (A.B.N. 97 481 146 384)

Craig S Wright

CONFIDENTIAL

# INTELLECTUAL PROPERTY LICENCE

**PARTIES**

**C W R&D**
**ABN 97 481 146 384**
**As Trustee for**
**DeMorgan**
**ABN 72 433 066 448**
(Licensor)

**AND**

**Hotwire Pre-Emptive Intelligence Pty Ltd**
**ABN 48 164 068 348**
(Licensee)

Ref: HW

CONFIDENTIAL

**THIS DEED** dated 22nd day of August 2013

**BETWEEN**

C W R&D for DeMorgan

(Licensor)

And

Jamie Wilson
Ramona Watts

for Hotwire Pre-Emptive Intelligence Pty Ltd

(Licensee)

## RECITALS

A.   The licensor owns or has the right to use the intellectual property as software.

B.   The licensee desires the intellectual property for the permitted use.

C.   The licensor and the licensee wish to record the licence, which has been granted to the licensee to use the intellectual property in accordance with this deed.

D.   The licensor is the absolute owner of the entire unencumbered copyright in the works described in the schedule.

E.   The licensor has agreed to license the works to the licensee and the licensee has agreed to accept such licence on the following terms and conditions.

F.   The licensor has clear title internationally (judgement from NSWSC 2013 / 225983).


## OPERATIVE PART

### 1.   Definitions

In this deed:

(a)   Business means the business operated by the licensee described as such in the schedule;

(b)   Business day means a day, not being a Saturday, Sunday or gazetted public holiday, on which banks are open for commercial business where performance of an obligation under this deed is to take place;

(c)   Claim means, in relation to a person, a claim, demand, remedy, suit, injury, damage, loss, cost liability, action, proceeding, right of action, chose in action, claim for compensation or reimbursement or liability incurred by or to be made or recovered by or against the person, however

2

*CONFIDENTIAL*

arising and whether ascertained or unascertained, or immediate, future or contingent;

(d)   Commencement date means the date so specified in the schedule;

(e)   Confidential information means all technical and other information and know how, including all information and know how in any eye or machine readable form or other format, disclosed or given to the licensee from any source in respect of or incidental to:

    (i)   The product;

    (ii)   The technology;

    (iii)   The licensor; and

    (iv)   Any other information disclosed or given to the licensee by the licensor which is declared by the licensor to be confidential information;

(f)   Improvements means any improvement, modification, enhancement or derivative of the intellectual property arising during the term;

(g)   Intellectual property means:

    (i)   The confidential information;

    (ii)   The improvements;

    (iii)   The patent; and

    (iv)   The trade mark;

(h)   Licence fee means the amount calculated and paid by the licensee to the licensor specified in the schedule;

(i)   Notice means a written notice, consent approval, direction, order or other communication;

(j)   Obligation means any legal, equitable, contractual, statutory or other obligation, deed, covenant, commitment, duty, undertaking or liability;

(k)   Patent means the registered patent or patent application including the provisional and complete specifications described in the schedule;

(l)   Permitted use means to conduct the business to exploit market, promote, develop, integrate, research, sell and conduct and any other activity undertaken with respect to the product for profit or reward;

(m)   Product means the product described as such in the schedule;

(n)   Right includes a legal, equitable, contractual, statutory or other right, power, authority, benefit, privilege, remedy, discretion or cause of action;

CONFIDENTIAL

(o)  Technology means all that technical information which relates to or forms part of the product, including, without limitation, methodology, techniques, drawings, outlines, notes, algorithms, detailed designs, flow charts, results, software: partial or intermediate versions and prototypes, data, formulae and other proprietary information and know how in the licensee's possession or control or which is revealed to the licensee which relates to the product;

(p)  Term means the term set out in the schedule; and

(q)  Trade mark means the registered trade mark, trade mark registration application and common law trademarks described in the schedule.

## 2.   Interpretation

This deed is governed by the law of NSW and the parties submit to the non-exclusive jurisdiction of the courts of that state.

In the interpretation of this deed:

(a)  References to legislation or provisions of legislation include changes or re-enactments of the legislation and statutory instruments and regulations issued under the legislation;

(b)  Words denoting the singular include the plural and vice versa; words denoting individuals or persons include bodies corporate and vice versa; references to documents or deeds also mean those documents or deeds as changed, novated or replaced, and words denoting one gender include all genders;

(c)  Grammatical forms of defined words or phrases have corresponding meanings;

(d)  Parties must perform their obligations on the dates and times fixed by reference to the schedule;

(e)  Reference to an amount of money is a reference to the amount in the lawful currency of the Commonwealth of Australia;

(f)  If the day on or by which anything is to be done is a Saturday, a Sunday or a public holiday in the place in which it is to be done, then it must be done on the next business day;

4

CONFIDENTIAL

(g) References to a party are intended to bind their executors, administrators and permitted transferees; and

(h) Obligations under this deed affecting more than one party bind them jointly and each of them severally.

3. **Licence**

The licensor hereby grants to the licensee an exclusive licence to use the intellectual property for the permitted use on the terms of this deed.

In consideration of the licence fee payable hereunder the licensor grants to the licensee an exclusive transferrable licence to copy publish sell or otherwise use the works in the course of its business in Australia and/or Overseas in respect of the whole or any part of the works commencing on 01st July 2013.

In consideration of the licence hereby granted to the licensee the licensee must pay a licence fee as defined in the Payment schedule (GST exclusive) to the licensor on or before the dates set in the Payment schedule.

The payment is to be issued in Bitcoin at the going market rates.

4. **Licensee's promises**

(a) **Undertakings**

The licensee undertakes to:

(i) Use its reasonable commercial endeavours to:

(1) Preserve the value and validity of the intellectual property; and

(2) Create, promote, retain, and enhance the goodwill in the intellectual property;

(ii) During the term and thereafter the termination of this deed not to allow or facilitate the use, nor exploit the intellectual property in a manner in any way detrimental to the licensor and not contravene, deny or contest the rights subsisting in the intellectual property, and take such steps as may be appropriate and available to the licensee to prevent the infringement of any and all the rights subsisting in the intellectual property;

CONFIDENTIAL

    (iii)   In connection with the permitted use not give any warranty:

        (1)   Beyond that which the licensee is obliged in law to give; or

        (2)   Which has not been approved in writing by the licensor;

    (iv)   To use the intellectual property only for the permitted use and not for any other use;

    (v)   Treat as confidential the confidential information except that which at the time of its disclosure to the licensee was generally available, or subsequently became known to the public provided always that this covenant shall continue in full force and effect notwithstanding that this deed has terminated; and

    (vi)   Devote all reasonable commercial endeavours in the conduct and operation of the business.

(b)   **Indemnity**

    (i)   The licensee hereby agrees to fully, effectually, and promptly indemnify the licensor against any loss, either direct or indirect, damage or expense whatsoever which the licensor may suffer or incur in respect of:

        (1)   Any breach by the licensee of the provisions of this deed; or

        (2)   Any claim by any person against the licensor arising out of or in respect of the exploitation of the intellectual property by the licensee; and

    (ii)   The licensee hereby irrevocably releases the licensor and waives all claims which the licensee may have in the future against the licensor, in respect of any action claim or remedy whatsoever in any way attributable to the exploitation of the intellectual property by the licensee.

5.   **Improvements**

If the licensee develops any improvements, the licensor hereby irrevocably:

(a)   Grants to the licensee the right to apply for any incidental intellectual property rights available in respect of that improvement and in connection with such application, the licensor shall:

6

CONFIDENTIAL

    (i)    Make, supply and assist in the preparation of all models, plans, drawings or specifications necessary or convenient for the proper understanding or development of the improvements; and

    (ii)   Grant and do all things necessary to give effect to an assignment of the intellectual property rights in respect of the improvements to the licensee;

(b)   Assigns, transfers and sets over absolutely to the licensee all right title and interest to the improvements including all claims as they relate to the improvements.

## 6.   GST

(a)   GST means a goods and services tax as defined in A New Tax System (Goods and Services Tax) Act 1999.

(b)   In respect of any taxable supply, the licensee must pay to the licensor an additional amount equal to the prevailing GST rate on the supply. The additional amount referred to in this clause is payable at the same time and in the same manner as the licence fee subject to the receipt by the licensee of a valid tax invoice, as defined in A New Tax System (Goods and Services Tax) Act 1999.

## 7.   Term and termination

(a)   **Term**

This deed begins on 01st July 2013 the commencement date and will continue for the term unless it is earlier terminated.

(b)   **Termination on notice**

Either party may terminate this deed by notice in writing to the other if the other party commits any breach of any provision of this deed, and has failed to remedy such breach within fourteen days of receipt of notice specifying:

    (i)    The exact nature of the breach committed by the defaulting party; and

    (ii)   What is required by the defaulting party to remedy the breach;

CONFIDENTIAL

8. **Licence fee**

   (a) **Payment of licence fee**

   The licensee must pay the licence fee specified in the schedule to the licensor during the term.

   (b) **Late payment**

   If the licence fee or any other monies payable by the licensee to the licensor remain unpaid for seven days after the due date for payment, whether or not formal demand has been made, then the licensee shall pay, in addition to any monies actually owing to the licensor, interest at the rate of 2% over the bank indicator lending rate nominated by the licensor on such monies from the date the payment actually fell due until such monies are recovered and paid to the licensor.

9. **Warranties by licensor**

   The licensor warrants to the licensee that:

   (a) The licensor has the power and authority to enter into this deed; and

   (b) The intellectual property rights granted under this deed will not when used in accordance with this deed infringe the intellectual property rights of any person.

10. **Third party claim**

   (a) Provided that the licensee is not in breach of its obligations under this deed, if a third party makes a claim against the licensee alleging that use of the intellectual property infringes its intellectual property rights, the licensor will defend, indemnify and hold harmless the licensee from such a claim provided that the:

      (i) The licensee notifies the licensor in writing promptly of the claim;

      (ii) The licensee provides such information, assistance and co-operation as the licensor may reasonably request and at its expense, from time to time; and

      (iii) The licensor has full discretion to defend, compromise or settle any such claim on such terms as the licensor deems fit.

   (b) If the licensor cannot satisfactorily settle the claim so as to retain ownership of the intellectual property, its liability will be limited to

8

CONFIDENTIAL

terminating this deed, and refunding the licensee an amount equal to the portion of any licence fee paid for the period following termination.

(c)   Nothing in this clause authorises the licensee to defend, compromise or settle any claim on the licensor's behalf.

## 11.   Limitation of liability

(a)   Other than in respect of a party's:

(i)     Breach of the confidentiality provisions of this deed; or

(ii)    Infringement of another party's intellectual property rights; or

(iii)   Indemnification obligations under this deed; or

(iv)   Wilful misconduct.

(b)   Neither party will be liable to the other for any consequential, special or punitive damages arising out of this deed. Each party's cumulative direct damages will be limited to the licence fee payable under this deed in the prior twelve month period. This clause survives the termination or expiration of this deed.

## 12.   Assignment

No party may assign its rights or obligations under this deed without the prior written consent of the other parties, which consent may be given or withheld, or given on conditions, in the absolute discretion of those other parties.

## 13.   Time

The parties hereto agree that time shall in all respects be of the essence in regards this deed.

## 14.   Notices

A communication required by this deed, by a party to another, must be in writing and may be given to them by being:

(a)   Delivered personally; or

(b)   Posted to their address specified in this deed, or as later notified by them, in which case it will be treated as having been received on the second business day after posting; or

*CONFIDENTIAL*

(c)   Faxed to the facsimile number of the party with acknowledgment of receipt received electronically by the sender, when it will be treated as received on the day of sending, or

(d)   Sent by email to their email address, when it will be treated as received on that day.

## 15.   Waiver or variation

(a)   A party's failure or delay to exercise a power or right does not operate as a waiver of that power or right.

(b)   The exercise of a power or right does not preclude:

(i)    Its future exercise; or

(ii)   The exercise of any other power or right; or

(iii)  The variation or waiver of a provision of this deed or a party's consent to a departure from a provision by another party will be ineffective unless in writing executed by the parties.

## 16.   Counterpart

This deed may be executed in any number of counterparts each of which will be an original, but counterparts together will constitute one and the same instrument, and the date of the deed will be the date on which it is executed by the last party.

## 17.   Costs

(a)   Each party will pay its own costs of and incidental to this deed.

(b)   The licensee will bear all duty payable on this deed and keep indemnified the licensor in respect of that liability.

(c)   The licensee will bear all GST payable in respect of any supply under this deed upon receipt of tax invoice issued by the licensor.

CONFIDENTIAL

## REFERENCE SCHEDULE

| | |
|---|---|
| **Deed date:** | 01st July 2013 |
| **Licence fee:** | $33,950,000.00 (ex GST) for exclusive assignment The payment dates and terms are defined in the Payment schedule |
| **Product:** | Risk algorithms and C/C++/C#/R code Bitcoin contract system Escrow system |
| **Commencement date:** | 01 July 2013 |
| **Term:** | No end |
| **Trademark:** | All Marks Associated with Integyrz and associated marks |
| **Patent:** | Training Systems Patent (in progress and covered under the AusIndustry Notice of Registration for the R&D Tax Incentive including IR1300282) |

CONFIDENTIAL

## Payment schedule

Payment is to be made as follows:

| Tax Year | Ex GST Amount / Payment | Due |
|---|---|---|
| 2013 - 2014 | $ 10,000,000.00 | 15 Aug 2013 |
| 2014 - 2015 | $ 10,000,000.00 | 15 Aug 2014 |
| 2015 - 2016 | $ 8,000,000.00 | 15 Aug 2015 |
| 2016 - 2017 | $ 5,950,000.00 | 15 Aug 2016 |

CONFIDENTIAL

**SIGNED AS A DEED**

Executed by
Hotwire Preemptive Intelligence Pty Ltd          )
A.C.N. 164 068 348 in accordance with s.127          )
Corporations Act 2001 (CTH) and its constitution          )

**Ramona Watts**
**DIRECTOR**

Jamie Robert Wilson
DIRECTOR

Executed by
Craig Wright R&D (A.B.N. 97 481 146 384)

Craig S Wright

*CONFIDENTIAL*

# Tax Invoice

C/O Dr C Wright
**Charles Sturt University**
Wagga Wagga Campus
CrWright@csu.edu.au

| DATE | INVOICE # |
|------|-----------|
| 22/08/2013 | 105 |

ABN 97481 146 384.

| BILL TO | SHIP TO |
|---------|---------|
| Coin-Exch<br>Coin-Exch Pty Ltd<br>PO Box 558<br>Gordon, NSW 2072 | |

| DUE DATE | P.O. NUMBER |
|----------|-------------|
| 21/09/2013 | |

| ITEM | DESCRIPTION | QTY | RATE | AMOUNT | TAX |
|------|-------------|-----|------|--------|-----|
| INTELLECTUAL PROPERTY LICENCE | As Per Deed<br>Software License as per assigned Deed<br>for 2013 / 245661 | 1 | 28,534,049.025 | 28,534,049.79 | 2,853,404.98 |
| Consulting | Handover of Software in Deed<br>Research Training and Development assignment<br>(12 Months) | 1 | 2,750,000.025 | 2,750,000.00 | 275,000.00 |

| | |
|---|---|
| Subtotal | 31,284,049.79 |
| TAX | 3,128,404.98 |
| **Total (inc. GST):** | 34,412,454.77 |

CONFIDENTIAL

# INTELLECTUAL PROPERTY LICENCE

PARTIES

**Craig Wright R&D**
**ABN 97 481 146 384**
(Licensor)

AND

**Coin-Exch Pty Ltd**
**ABN 31 163 338 467**
(Licensee)

Ref: CE

CONFIDENTIAL

**THIS DEED** dated 22nd day of August 2013

**BETWEEN**

    Craig Wright of Craig Wright R&D

                                (Licensor)

And

    Jamie Wilson for Coin-Exch Pty Ltd

                                (Licensee)

**RECITALS**

A.   The licensor owns or has the right to use the intellectual property as software.

B.   The licensee desires the intellectual property for the permitted use.

C.   The licensor and the licensee wish to record the licence, which has been granted to the licensee to use the intellectual property in accordance with this deed.

D.   The licensor is the absolute owner of the entire unencumbered copyright in the works described in the schedule.

E.   The licensor has agreed to license the works to the licensee and the licensee has agreed to accept such licence on the following terms and conditions.

F.   The licensor has clear title internationally based on judgement from NSWSC 2013 / 245661.

**OPERATIVE PART**

1.   **Definitions**

   In this deed:

   (a)   Business means the business operated by the licensee described as such in the schedule;

   (b)   Business day means a day, not being a Saturday, Sunday or gazetted public holiday, on which banks are open for commercial business where performance of an obligation under this deed is to take place;

   (c)   Claim means, in relation to a person, a claim, demand, remedy, suit, injury, damage, loss, cost liability, action, proceeding, right of action, chose in action, claim for compensation or reimbursement or liability incurred by or to be made or recovered by or against the person, however arising and whether ascertained or unascertained, or immediate, future or contingent;

   (d)   Commencement date means the date so specified in the schedule;

CONFIDENTIAL

(e)   Confidential information means all technical and other information and know how, including all information and know how in any eye or machine readable form or other format, disclosed or given to the licensee from any source in respect of or incidental to:

   (i)    The product;

   (ii)   The technology;

   (iii)  The licensor; and

   (iv)   Any other information disclosed or given to the licensee by the licensor which is declared by the licensor to be confidential information;

(f)   Improvements means any improvement, modification, enhancement or derivative of the intellectual property arising during the term;

(g)   Intellectual property means:

   (i)    The confidential information;

   (ii)   The improvements;

   (iii)  The patent; and

   (iv)   The trade mark;

(h)   Licence fee means the amount calculated and paid by the licensee to the licensor specified in the schedule;

(i)   Notice means a written notice, consent approval, direction, order or other communication;

(j)   Obligation means any legal, equitable, contractual, statutory or other obligation, deed, covenant, commitment, duty, undertaking or liability;

(k)   Patent means the registered patent or patent application including the provisional and complete specifications described in the schedule;

(l)   Permitted use means to conduct the business to exploit market, promote, develop, integrate, research, sell and conduct and any other activity undertaken with respect to the product for profit or reward;

(m)   Product means the product described as such in the schedule;

(n)   Right includes a legal, equitable, contractual, statutory or other right, power, authority, benefit, privilege, remedy, discretion or cause of action;

(o)   Technology means all that technical information which relates to or forms part of the product, including, without limitation, methodology, techniques, drawings, outlines, notes, algorithms, detailed designs, flow charts,

3

CONFIDENTIAL

results, software: partial or intermediate versions and prototypes, data, formulae and other proprietary information and know how in the licensee's possession or control or which is revealed to the licensee which relates to the product;

(p)   Term means the term set out in the schedule; and

(q)   Trade mark means the registered trade mark, trade mark registration application and common law trademarks described in the schedule.

## 2.   Interpretation

This deed is governed by the law of NSW and the parties submit to the non-exclusive jurisdiction of the courts of that state.

In the interpretation of this deed:

(a)   References to legislation or provisions of legislation include changes or re-enactments of the legislation and statutory instruments and regulations issued under the legislation;

(b)   Words denoting the singular include the plural and vice versa; words denoting individuals or persons include bodies corporate and vice versa; references to documents or deeds also mean those documents or deeds as changed, novated or replaced, and words denoting one gender include all genders;

(c)   Grammatical forms of defined words or phrases have corresponding meanings;

(d)   Parties must perform their obligations on the dates and times fixed by reference to the schedule;

(e)   Reference to an amount of money is a reference to the amount in the lawful currency of the Commonwealth of Australia;

(f)   If the day on or by which anything is to be done is a Saturday, a Sunday or a public holiday in the place in which it is to be done, then it must be done on the next business day;

(g)   References to a party are intended to bind their executors, administrators and permitted transferees; and

(h)   Obligations under this deed affecting more than one party bind them jointly and each of them severally.

CONFIDENTIAL

3.   **Licence**

The licensor hereby grants to the licensee an exclusive licence to use the intellectual property for the permitted use on the terms of this deed.

In consideration of the licence fee payable hereunder the licensor grants to the licensee an exclusive transferrable licence to copy publish sell or otherwise use the works in the course of its business in Australia and/or Overseas in respect of the whole or any part of the works commencing on 01st July 2013.

In consideration of the licence hereby granted to the licensee the licensee must pay a one off licence fee of $28,534,049.79 (GST exclusive) to the licensor on or before the 30th Sept 2013.

The payment is to be issued in capital as ordinary shares in the licensee as per the schedule.

4.   **Licensee's promises**

(a)   **Undertakings**

The licensee undertakes to:

(i)    Use its reasonable commercial endeavours to:

(1)   Preserve the value and validity of the intellectual property; and

(2)   Create, promote, retain, and enhance the goodwill in the intellectual property;

(ii)   During the term and thereafter the termination of this deed not to allow or facilitate the use, nor exploit the intellectual property in a manner in any way detrimental to the licensor and not contravene, deny or contest the rights subsisting in the intellectual property, and take such steps as may be appropriate and available to the licensee to prevent the infringement of any and all the rights subsisting in the intellectual property;

(iii)  In connection with the permitted use not give any warranty:

(1)   Beyond that which the licensee is obliged in law to give; or

(2)   Which has not been approved in writing by the licensor;

5

CONFIDENTIAL

    (iv)  To use the intellectual property only for the permitted use and not for any other use;

    (v)  Treat as confidential the confidential information except that which at the time of its disclosure to the licensee was generally available, or subsequently became known to the public provided always that this covenant shall continue in full force and effect notwithstanding that this deed has terminated; and

    (vi)  Devote all reasonable commercial endeavours in the conduct and operation of the business.

  (b)  **Indemnity**

    (i)  The licensee hereby agrees to fully, effectually, and promptly indemnify the licensor against any loss, either direct or indirect, damage or expense whatsoever which the licensor may suffer or incur in respect of:

      (1)  Any breach by the licensee of the provisions of this deed; or

      (2)  Any claim by any person against the licensor arising out of or in respect of the exploitation of the intellectual property by the licensee; and

    (ii)  The licensee hereby irrevocably releases the licensor and waives all claims which the licensee may have in the future against the licensor, in respect of any action claim or remedy whatsoever in any way attributable to the exploitation of the intellectual property by the licensee.

5.  **Improvements**

If the licensee develops any improvements, the licensor hereby irrevocably:

(a)  Grants to the licensee the right to apply for any incidental intellectual property rights available in respect of that improvement and in connection with such application, the licensor shall:

    (i)  Make, supply and assist in the preparation of all models, plans, drawings or specifications necessary or convenient for the proper understanding or development of the improvements; and

CONFIDENTIAL

      (ii)   Grant and do all things necessary to give effect to an assignment of the intellectual property rights in respect of the improvements to the licensee;

(b)   Assigns, transfers and sets over absolutely to the licensee all right title and interest to the improvements including all claims as they relate to the improvements.

## 6.   GST

(a)   GST means a goods and services tax as defined in A New Tax System (Goods and Services Tax) Act 1999.

(b)   In respect of any taxable supply, the licensee must pay to the licensor an additional amount equal to the prevailing GST rate on the supply. The additional amount referred to in this clause is payable at the same time and in the same manner as the licence fee subject to the receipt by the licensee of a valid tax invoice, as defined in A New Tax System (Goods and Services Tax) Act 1999.

## 7.   Term and termination

(a)   **Term**

This deed begins on 01st July 2013 the commencement date and will continue for the term unless it is earlier terminated.

(b)   **Termination on notice**

Either party may terminate this deed by notice in writing to the other if the other party commits any breach of any provision of this deed, and has failed to remedy such breach within fourteen days of receipt of notice specifying:

      (i)   The exact nature of the breach committed by the defaulting party; and

      (ii)   What is required by the defaulting party to remedy the breach;

CONFIDENTIAL

8.   **Licence fee**

   (a)   **Payment of licence fee**

   The licensee must pay the licence fee specified in the schedule to the licensor during the term.

   (b)   **Late payment**

   If the licence fee or any other monies payable by the licensee to the licensor remain unpaid for seven days after the due date for payment, whether or not formal demand has been made, then the licensee shall pay, in addition to any monies actually owing to the licensor, interest at the rate of 2% over the bank indicator lending rate nominated by the licensor on such monies from the date the payment actually fell due until such monies are recovered and paid to the licensor.

9.   **Warranties by licensor**

   The licensor warrants to the licensee that:

   (a)   The licensor has the power and authority to enter into this deed; and

   (b)   The intellectual property rights granted under this deed will not when used in accordance with this deed infringe the intellectual property rights of any person.

10.   **Third party claim**

   (a)   Provided that the licensee is not in breach of its obligations under this deed, if a third party makes a claim against the licensee alleging that use of the intellectual property infringes its intellectual property rights, the licensor will defend, indemnify and hold harmless the licensee from such a claim provided that the:

   (i)   The licensee notifies the licensor in writing promptly of the claim;

   (ii)   The licensee provides such information, assistance and co-operation as the licensor may reasonably request and at its expense, from time to time; and

   (iii)   The licensor has full discretion to defend, compromise or settle any such claim on such terms as the licensor deems fit.

   (b)   If the licensor cannot satisfactorily settle the claim so as to retain ownership of the intellectual property, its liability will be limited to

CONFIDENTIAL

terminating this deed, and refunding the licensee an amount equal to the portion of any licence fee paid for the period following termination.

(c) Nothing in this clause authorises the licensee to defend, compromise or settle any claim on the licensor's behalf.

## 11. Limitation of liability

(a) Other than in respect of a party's:

(i) Breach of the confidentiality provisions of this deed; or

(ii) Infringement of another party's intellectual property rights; or

(iii) Indemnification obligations under this deed; or

(iv) Wilful misconduct.

(b) Neither party will be liable to the other for any consequential, special or punitive damages arising out of this deed. Each party's cumulative direct damages will be limited to the licence fee payable under this deed in the prior twelve month period. This clause survives the termination or expiration of this deed.

## 12. Assignment

No party may assign its rights or obligations under this deed without the prior written consent of the other parties, which consent may be given or withheld, or given on conditions, in the absolute discretion of those other parties.

## 13. Time

The parties hereto agree that time shall in all respects be of the essence in regards this deed.

## 14. Notices

A communication required by this deed, by a party to another, must be in writing and may be given to them by being:

(a) Delivered personally; or

(b) Posted to their address specified in this deed, or as later notified by them, in which case it will be treated as having been received on the second business day after posting; or

*CONFIDENTIAL*

(c)   Faxed to the facsimile number of the party with acknowledgment of receipt received electronically by the sender, when it will be treated as received on the day of sending, or

(d)   Sent by email to their email address, when it will be treated as received on that day.

## 15.   Waiver or variation

(a)   A party's failure or delay to exercise a power or right does not operate as a waiver of that power or right.

(b)   The exercise of a power or right does not preclude:

(i)    Its future exercise; or

(ii)   The exercise of any other power or right; or

(iii)  The variation or waiver of a provision of this deed or a party's consent to a departure from a provision by another party will be ineffective unless in writing executed by the parties.

## 16.   Counterpart

This deed may be executed in any number of counterparts each of which will be an original, but counterparts together will constitute one and the same instrument, and the date of the deed will be the date on which it is executed by the last party.

## 17.   Costs

(a)   Each party will pay its own costs of and incidental to this deed.

(b)   The licensee will bear all duty payable on this deed and keep indemnified the licensor in respect of that liability.

(c)   The licensee will bear all GST payable in respect of any supply under this deed upon receipt of tax invoice issued by the licensor.

CONFIDENTIAL

## REFERENCE SCHEDULE

| | |
|---|---|
| **Deed date:** | 01st July 2013 |
| **Licence fee:** | $28,534,049.79 (ex GST) for exclusive perpetual assignment |
| **Product:** | Bitcoin and Exchange Software in C/C++/C#/R code |
| **Commencement date:** | 01 July 2013 |
| **Term:** | No end |
| **Trademark:** | All Marks Associated with Coin-Exch and associated marks |
| **Patent:** | Trading Systems Patent (in progress and covered under the AusIndustry Notice of Registration for the R&D Tax Incentive including IR1300136) |

CONFIDENTIAL

**SIGNED AS A DEED**

Executed by
Coin-Exch Pty Ltd                    )
A.C.N. 163 338 467in accordance with s.127          )
Corporations Act 2001 (CTH) and its constitution        )

Jamie Robert Wilson
 DIRECTOR

Executed by
Craig Wright R&D (A.B.N. 97 481 146 384)

Craig S Wright

CONFIDENTIAL

Form 3B (version 4)
UCPR 6.2



FILED

1 3 AUG 2013

VO

# STATEMENT OF CLAIM

## COURT DETAILS

| | |
|---|---|
| Court | NSW Supreme Court |
| Division | General division / Common Law |
| List | General |
| Registry | Sydney |
| Case number | 2013 / 245661 |

## TITLE OF PROCEEDINGS

Plaintiff                **Craig Steven Wright (ABN 97 481 146 384)**

Defendant                **W&K INFO DEFENSE RESEARCH LLC**

## FILING DETAILS

| | |
|---|---|
| Filed for | **Craig S Wright** |
| | Plaintiff |
| Contact name and telephone | Craig S Wright |
| | 0417 683 914 |
| Contact email | Craig S Wright (craigswright@acm.org) |

## TYPE OF CLAIM

Mercantile Law - Sale of Goods and Services – Contractual Dispute

~~Mercantile Law – Other – Money Lent~~

*CONFIDENTIAL*

**RELIEF CLAIMED**

1     That the defendant pay the plaintiff the total amount claimed below.

| | |
|---|---|
| Amount of claim | $ $28,533,016.79 |
| Interest | $ 0 |
| Filing fees | $ 999.00 |
| Service fees | $ 34.00 |
| Solicitors fees | $ 0.00 |
| **TOTAL** | **$ $28,534,049.79** |

**PLEADINGS AND PARTICULARS**

1     Between 2011 and 2013 the plaintiff provided contract labour services to the defendant. The plaintiff loaned money to the defendant to the defendant at a set interest rate with a commercial expectation that the said monies would be repaid in full when a project was completed.

2     This was issued in Bitcoin. The value at the current date is $13,917,775.

3     The Software and SDK developed under this project is guaranteed against the amounts of this claim.

4     The defendant is a company that operates from Palm Beach, FL, USA and does research in homeland security research.

5     By contract dated 8 January 2009, the Defendant agreed to pay the Plaintiff for property and consulting services to complete research. The contract was bonded against the intellectual property of the defendant.

6     The material terms of the purchase contract were:

   a.  The Plaintiff was the contractor and financier

   b.  The Defendant was the Vendor

   c.  Completion was to take place on 30 June 2013.

   d.  Time was of the essence of the contract.

   e.  That in the event that the Purchaser breached the contract, the Seller could either affirm or terminate the contract with a full return of value.

7     The plaintiff conducted a project for the development of a Bitcoin SDK and exchange.

*CONFIDENTIAL*

8      The contract was executed with an agreement that all created Intellectual property reverts to the ownership of the plaintiff with interest if the project concludes without assignment of shares in the defendant.

9      The contract set the interest rate at 12% calculated annually.

10     The exchange rate was contracted with a formula to be $1.12 at the point of breach.

11     The funding was supplied using Bitcoin and Gold bonds.

12     A bond of Au $20,000,000.00 was provided to cover funding aspects of the research and for the provision of ASC hardware as a pooled amount with a depreciated capitals value of $8,828,571.29 with straight line depreciation which has 5 years remaining.

13     The contract stated that a breach would lead to liquidated damages to the amounts stated as the project limits. If the liquidated amount is not paid all IP and systems returns to the sole ownership of the plaintiff.

14     The IP is software and code used in the creation of a Bitcoin system.

15     The defendant is unable to complete its responsibilities due to the death of its director, Mr Kleiman.

16     The total debt after depreciation of the hardware comes to $22,746,346.29 in Australian dollars. The Interest on this amount is calculated at $AU 5,786,670.50.

17     The plaintiff claims:

Debt of $ $28,533,016.79.

Interest pursuant to section 100 Civil Procedure Act 2005 from 01 July 2013 to judgement.

**SIGNATURE**

I acknowledge that court fees may be payable during these proceedings   These fees may include a hearing allocation fee.

Signature

Capacity                    Plaintiff

Date of signature           12 Aug 13

*CONFIDENTIAL*

**NOTICE TO DEFENDANT**

If you do not file a defence within 28 days of being served with this statement of claim:

- You will be in default in these proceedings.
- The court may enter judgment against you without any further notice to you.

The judgment may be for the relief claimed in the statement of claim and for the plaintiff's costs of bringing these proceedings. The court may provide third parties with details of any default judgment entered against you.

**HOW TO RESPOND**

Please read this statement of claim very carefully. If you have any trouble understanding it or require assistance on how to respond to the claim you should get legal advice as soon as possible.

You can get further information about what you need to do to respond to the claim from:

- A legal practitioner.
- LawAccess NSW on 1300 888 529 or at www.lawaccess.nsw.gov.au.
- The court registry for limited procedural information.

You can respond in one of the following ways:

1   **If you intend to dispute the claim or part of the claim,** by filing a defence and/or making a cross-claim.

2   **If money is claimed, and you believe you owe the money claimed,** by:
   - Paying the plaintiff all of the money and interest claimed.  If you file a notice of payment under UCPR 6.17 further proceedings against you will be stayed unless the court otherwise orders.
   - Filing an acknowledgement of the claim.
   - Applying to the court for further time to pay the claim.

3   **If money is claimed, and you believe you owe part of the money claimed,** by:
   - Paying the plaintiff that part of the money that is claimed.
   - Filing a defence in relation to the part that you do not believe is owed.

Court forms are available on the UCPR website at www.lawlink.nsw.gov.au/ucpr or at any NSW court registry.

**REGISTRY ADDRESS**

| | |
|---|---|
| Street address | 184 Phillip St, Sydney NSW 2000 |
| Postal address | Supreme Court of NSW, GPO Box 3, Sydney NSW 2001 Australia  2000 |
| Telephone | (02) 9377 5840 |

*CONFIDENTIAL*

## #AFFIDAVIT VERIFYING

| | |
|---|---|
| Name | Craig Steven Wright |
| Address | 43 St Johns Ave Gordon NSW 2072 |
| Occupation | Lecturer/Director |
| Date | 12 Aug 2013 |

I say on oath:

1      I am the plaintiff.

2      I believe that the allegations of fact in the statement of claim are true.

SWORN at                              Gordon

Signature of deponent

Name of witness                 Craig Steven Wright

Address of witness  818 Pacific Hwy          CHRISTIAN HOFMANN
                            Gordon NSW 2072           Reg. No 195484
                                                              Justice of the Peace in and for
Capacity of witness          Justice of the peace      the State of New South Wales

And as a witness, I certify the following matters concerning the person who made this affidavit (the **deponent**):

1      #I saw the face of the deponent. [OR  delete whichever option is inapplicable]

      #I did not see the face of the deponent because the deponent was wearing a face covering, but I am
      satisfied that the deponent had a special justification for not removing the covering.*

2      #I have known the deponent for at least 12 months. [OR  delete whichever option is inapplicable]

      #I have confirmed the deponent's identity using the following identification document:

      NSW Driver Licence

      Identification document relied on (may be original or certified copy) †

Signature of witness

Note:  The deponent and witness must sign each page of the affidavit.  See UCPR 35.7B

[* The only "special justification" for not removing a face covering is a legitimate medical reason (at April 2012).]

[†"Identification documents" include current driver licence, proof of age card, Medicare card, credit card,
Centrelink pension card, Veterans Affairs entitlement card, student identity card, citizenship certificate, birth
certificate, passport or see Oaths Regulation 2011.]



*CONFIDENTIAL*

**#PARTY DETAILS**

**PARTIES TO THE PROCEEDINGS**

**Plaintiff**

Craig Steven Wright

**Defendant**

W&K INFO DEFENSE RESEARCH LLC

4371 Norhtlake Blvd #314

Palm Beach

FL 33410 - 6253 [Defendant]

**FURTHER DETAILS ABOUT PLAINTIFF[S]**

**Plaintiff**

Name                    Craig Steven Wright

Address                 43 St Johns Ave

                        Gordon NSW 2072

**Contact details for plaintiff acting in person or by authorised officer**

Address for service     as above

Telephone               0417 683 914

Email                   craigswright@acm.org

**DETAILS ABOUT DEFENDANT**

**Defendant**

Name                    W&K INFO DEFENSE RESEARCH LLC

Address                 4371 Norhtlake Blvd #314

                        Palm Beach

                        FL 33410 - 6253



CONFIDENTIAL



23 October 2013

The Directors
Coin-Exch Pty Ltd
43 St Johns Avenue
Gordon NSW 2072

Dear Craig

I am no longer able to continue as a director of the company and hereby submit my resignation to take effect immediately.

Yours sincerely

Jamie R Wilson

DEFAUS_00108905

*CONFIDENTIAL*

23 October 2013

The Directors
Hotwire Preemptive Intelligence Pty Ltd
43 St Johns Avenue
Gordon  NSW  2072

Dear Craig and Ramona

I am no longer able to continue as a director of the company and hereby submit my resignation to take effect immediately.

Yours sincerely

Jamie R Wilson

DEFAUS_00108906

*CONFIDENTIAL*

23 October 2013

The Directors
Interconnected Research Pty Ltd
43 St Johns Avenue
Gordon  NSW  2072

Dear Craig

I am no longer able to continue as a director of the company and hereby submit my resignation to take effect immediately.

Yours sincerely

Jamie R Wilson

DEFAUS_00108907

CONFIDENTIAL

23 October 2013

The Directors
Integyrz Pty Ltd
43 St Johns Avenue
Gordon  NSW  2072

Dear Craig and Ramona

I am no longer able to continue as a director of the company and hereby submit my resignation to
take effect immediately.

Yours sincerely

Jamie R Wilson

DEFAUS_00108908