Form 3B (version 4)
UCPR 6.2

# STATEMENT OF CLAIM

**COURT DETAILS**

| | |
|---|---|
| Court | NSW Supreme Court |
| Division | General division / Common Law |
| List | General |
| Registry | Sydney |
| Case number | |

**TITLE OF PROCEEDINGS**

Plaintiff        **Craig Steven Wright (ABN 97 481 146 384)**

Defendant     **W&K INFO DEFENSE RESEARCH LLC**

**FILING DETAILS**

Filed for       **Craig S Wright**

                Plaintiff

Contact name and telephone    Craig S Wright

                0417 683 914

Contact email    Craig S Wright (craigswright@acm.org)

**TYPE OF CLAIM**

Mercantile Law - Sale of Goods and Services – Contractual Dispute

Mercantile Law – Other – Money Lent

CONFIDENTIAL
DEFAUS_01073503

## RELIEF CLAIMED

1      That the defendant pay the plaintiff the total amount claimed below.

| | |
|---|---|
| Amount of claim | $ $28,533,016.79 |
| Interest | $ 0 |
| Filing fees | $ 999.00 |
| Service fees | $ 34.00 |
| Solicitors fees | $ 0.00 |
| **TOTAL** | **$ $28,534,049.79** |

## PLEADINGS AND PARTICULARS

1      Between 2011 and 2013 the plaintiff provided contract labour services to the defendant. The plaintiff loaned money to the defendant to the defendant at a set interest rate with a commercial expectation that the said monies would be repaid in full when a project was completed.

2      This was issued in Bitcoin. The value at the current date is $13,917,775.

3      The Software and SDK developed under this project is guaranteed against the amounts of this claim.

4      The defendant is a company that operates from Palm Beach, FL, USA and does research in homeland security research.

5      By contract dated 8 January 2009, the Defendant agreed to pay the Plaintiff for property and consulting services to complete research. The contract was bonded against the intellectual property of the defendant.

6      The material terms of the purchase contract were:

        a. The Plaintiff was the contractor and financier

        b. The Defendant was the Vendor

        c. Completion was to take place on 30 June 2013.

        d. Time was of the essence of the contract.

        e. That in the event that the Purchaser breached the contract, the Seller could either affirm or terminate the contract with a full return of value.

7      The plaintiff conducted a project for the development of a Bitcoin SDK and exchange.

CONFIDENTIAL
DEFAUS_01073504

| | |
|---|---|
| 8 | The contract was executed with an agreement that all created Intellectual property reverts to the ownership of the plaintiff with interest if the project concludes without assignment of shares in the defendant. |
| 9 | The contract set the interest rate at 12% calculated annually. |
| 10 | The exchange rate was contracted with a formula to be $1.12 at the point of breach. |
| 11 | The funding was supplied using Bitcoin and Gold bonds. |
| 12 | A bond of Au $20,000,000.00 was provided to cover funding aspects of the research and for the provision of ASC hardware as a pooled amount with a depreciated capitals value of $8,828,571.29 with straight line depreciation which has 5 years remaining. |
| 13 | The contract stated that a breach would lead to liquidated damages to the amounts stated as the project limits. If the liquidated amount is not paid all IP and systems returns to the sole ownership of the plaintiff. |
| 14 | The IP is software and code used in the creation of a Bitcoin system. |
| 15 | The defendant is unable to complete its responsibilities due to the death of its director, Mr Kleiman. |
| 16 | The total debt after depreciation of the hardware comes to $22,746,346.29 in Australian dollars. The Interest on this amount is calculated at $AU 5,786,670.50. |
| 17 | The plaintiff claims: |

Debt of $ $28,533,016.79.

Interest pursuant to section 100 Civil Procedure Act 2005 from 01 July 2013 to judgement.

**SIGNATURE**

I acknowledge that court fees may be payable during these proceedings. These fees may include a hearing allocation fee.

Signature

Capacity                             Plaintiff

Date of signature

**NOTICE TO DEFENDANT**

**If you do not file a defence within 28 days of being served with this statement of claim:**

- **You will be in default in these proceedings.**
- **The court may enter judgment against you without any further notice to you.**

The judgment may be for the relief claimed in the statement of claim and for the plaintiff's costs of bringing these proceedings. The court may provide third parties with details of any default judgment entered against you.

**HOW TO RESPOND**

**Please read this statement of claim very carefully. If you have any trouble understanding it or require assistance on how to respond to the claim you should get legal advice as soon as possible.**

You can get further information about what you need to do to respond to the claim from:

- A legal practitioner.
- LawAccess NSW on 1300 888 529 or at www.lawaccess.nsw.gov.au.
- The court registry for limited procedural information.

You can respond in one of the following ways:

1     **If you intend to dispute the claim or part of the claim,** by filing a defence and/or making a cross-claim.

2     **If money is claimed, and you believe you owe the money claimed,** by:
   - Paying the plaintiff all of the money and interest claimed. If you file a notice of payment under UCPR 6.17 further proceedings against you will be stayed unless the court otherwise orders.
   - Filing an acknowledgement of the claim.
   - Applying to the court for further time to pay the claim.

3     **If money is claimed, and you believe you owe part of the money claimed,** by:
   - Paying the plaintiff that part of the money that is claimed.
   - Filing a defence in relation to the part that you do not believe is owed.

Court forms are available on the UCPR website at www.lawlink.nsw.gov.au/ucpr or at any NSW court registry.

**REGISTRY ADDRESS**

| | |
|---|---|
| Street address | 184 Phillip St, Sydney NSW 2000 |
| Postal address | Supreme Court of NSW, GPO Box 3, Sydney NSW 2001 Australia 2000 |
| Telephone | (02) 9377 5840 |

## #AFFIDAVIT VERIFYING

| | |
|---|---|
| Name | Craig Steven Wright |
| Address | 43 St Johns Ave Gordon NSW 2072 |
| Occupation | Lecturer/Director |
| Date | 12 Aug 2013 |

I say on oath:

1. I am the plaintiff.

2. I believe that the allegations of fact in the statement of claim are true.

| | |
|---|---|
| SWORN at | Gordon |
| Signature of deponent | |
| Name of witness | Craig Steven Wright |
| Address of witness | |
| Capacity of witness | Justice of the peace |

And as a witness, I certify the following matters concerning the person who made this affidavit (the **deponent**):

1. #I saw the face of the deponent. [OR, delete whichever option is inapplicable]
   #I did not see the face of the deponent because the deponent was wearing a face covering, but I am satisfied that the deponent had a special justification for not removing the covering.*

2. #I have known the deponent for at least 12 months. [OR, delete whichever option is inapplicable]
   #I have confirmed the deponent's identity using the following identification document:

   Identification document relied on (may be original or certified copy) †

Signature of witness

Note: The deponent and witness must sign each page of the affidavit. See UCPR 35.7B.

---

[* The only "special justification" for not removing a face covering is a legitimate medical reason (at April 2012).]

[†"Identification documents" include current driver licence, proof of age card, Medicare card, credit card, Centrelink pension card, Veterans Affairs entitlement card, student identity card, citizenship certificate, birth certificate, passport or see Oaths Regulation 2011.]

## #PARTY DETAILS

### PARTIES TO THE PROCEEDINGS

| Plaintiff | Defendant |
|---|---|
| Craig Steven Wright | W&K INFO DEFENSE RESEARCH LLC |
| | 4371 Norhtlake Blvd #314 |
| | Palm Beach |
| | FL 33410 - 6253 [Defendant] |

### FURTHER DETAILS ABOUT PLAINTIFF[S]

**Plaintiff**

| | |
|---|---|
| Name | Craig Steven Wright |
| Address | 43 St Johns Ave |
| | Gordon NSW 2072 |

**Contact details for plaintiff acting in person or by authorised officer**

| | |
|---|---|
| Address for service | as above |
| Telephone | 0417 683 914 |
| Email | craigswright@acm.org |

### DETAILS ABOUT DEFENDANT

**Defendant**

| | |
|---|---|
| Name | W&K INFO DEFENSE RESEARCH LLC |
| Address | 4371 Norhtlake Blvd #314 |
| | Palm Beach |
| | FL 33410 - 6253 |

Form 40 (version 2)
UCPR 35.1

# AFFIDAVIT OF Craig S Wright – 31st Oct 2013

**COURT DETAILS**

| | |
|---|---|
| Court | NSW Supreme Court |
| Division | General Division Common Law |
| List | General |
| Registry | Sydney |
| Case number | 2013 / 225983 & |
| | 2013 / 245661 |

**TITLE OF PROCEEDINGS**

| | |
|---|---|
| Plaintiff | **Craig Steven Wright (ABN 97 481 146 384)** |
| Defendant | **W&K INFO DEFENSE RESEARCH LLC** |

**FILING DETAILS**

| | |
|---|---|
| Filed for | **Craig S Wright** |
| | Plaintiff |
| Contact name and telephone | Craig S Wright |
| | 0417 683 914 |
| Contact email | Craig S Wright (craigswright@acm.org) |

## AFFIDAVIT DETAILS

| | |
|---|---|
| Name | Craig S Wright |
| Address | 43 St Johns Ave Gordon |
| Occupation | Director / Lecturer |
| Date | 31 Oct 2013 |

I affirm:

1. I am the plaintiff.

2. I believe that the information contained in this affidavit is true.

3. The defendant is indebted to the plaintiff in respect of the balance of the cause of action 2013 / 225983 for which this action was commenced in the amount of $28,254,666.00 together with interest on the principal sum from the date of the cause of action to today's date of **$156,755.34** calculated as follows:

| Period | Days & Rate p.a. | Debt Amount | Interest |
|---|---|---|---|
| 25 Jul 2013 – 23 Aug 2013 | 93 days @ 6.750% | $28,254,666.00 | $488,637.81 |

$5,254.17 per day until entry of judgment

|  |  |
|---|---|
| Total: | $28,743,303.81 |

4. The defendant is indebted to the plaintiff in respect of the balance of the cause of action 2013 / 245661 for which this action was commenced in the amount of $28,254,666.00 together with interest on the principal sum from the date of the cause of action to today's date of **$156,755.34** calculated as follows:

| Period | Days & Rate p.a. | Debt Amount | Interest |
|---|---|---|---|
| 25 Jul 2013 – 23 Aug 2013 | 93 days @ 6.750% | $28,534,049.79 | $490,746.57 |

$5,254.17 per day until entry of judgment

|  |  |
|---|---|
| Total: | $29,024,796.36 |

5. Since the commencement of this action no payments have been made or credits accrued.

6. The amount for filing, issuing and serving of the statement of claim herein, which has not been paid is **$0**.

CONFIDENTIAL

DEFAUS_01073510

7. The amount of solicitor's costs calculated in accordance with the Local Courts (Civil Claims) Rules, which has not been paid is $0.

8. The Statement of Claim was served on the defendant on 26 Jul 2013 by leaving it with the Defendant at the registered address for service of:

   David A Kleiman
   3119 Contego Lane
   Palm Beach Gardens
   Fl 33410 USA

9. The Statement of Claim was served on the defendant on 26 Jul 2013 by mailing it with the Defendant at the registered mailing address for service of:

   David A Kleiman
   4371 Northlake Blvd #314
   Palm Beach Gardens
   Fl 33410 USA

10. The defendant is a US LLC based in Florida USA. The US resident director was David A Kleiman. (Appendix A).

11. The market rate (at this date) for the contract quantity of Bitcoin (Currency Code XBT) on Xe.com is $AUD 67,863,954.23 at a market rate of 1 XBT = 226.213 AUD 1 AUD = 0.00442061 XBT.

12. A contract was formed in April 2011 (Appendix B).

13. 300,000 Bitcoin and a series of software projects was to be paid in 2013 as consideration for this agreement.

14. On 02 Feb 2013 the agreement to pay the 300,000 Bitcoin was noted in an email of Dave Kleiman to Craig Wright noting the verbal agreement to start a Bitcoin exchange based on the mined Bitcoin of Mr Kleiman and the returned amounts paid as consideration.

15. The company, COIN-EXCH PTY. LTD. ACN 163 338 467 was started on 17th Apr 2013 with an agreement for Mr Kleiman to transfer the remaining capital from the contract (B) in repayment as well as to inject a further amount of capital into the company on or before 30th April 2013 Appendix D).

16. The contract was associated with an invoice to be paid for $34,862,323.00 USD from 22Apr 2011. This was paid in full.

17. Mr David A Kleiman died on 26th April 2013 (US time) (Appendix F).

18. The transfers made into "W&K Info Defence LLC" (Appendix G) were completed in April 2013. These are pseudo anonymous but public. The details have been supplied in Appendix G. Details of these transactions have been given to the Australian Tax Office for tax purposes.

19. The Bitcoin addresses used have been independently validated by NSW Solicitors under oath (Appendix H).

20. Work and research was conducted under the US Dept. of Homeland Security DHS BAA

    (a) Appendix I

    (b) Appendix J

    (c) Appendix K

21. Mr Kleiman noted that screening software was developing in unwarranted manners and I noted that our software was looking at being better in an email (Appendix L).

22. The coversheets for the S&T Directorate projects are included in Appendix M

23. On 01st August 2013 a shareholders meeting was called for "W&K Info Defense LLC" to be held on the 16th August 2013. The meeting was emailed to the company address as well as send to the address of the shareholders and company. The shareholding of "W&K Info Defense LLC" was:

    1. Craig S Wright        50.0 %
    2. David A Kleiman       50.0 %

24. The meeting from point 23 meeting was held on the 16th of August 2013. The following people were present:

    1. Jamie Wilson
    2. Craig S Wright

25. "W&K Info Defense LLC" was an incorporated partnership. All shares are held jointly. The constitution states there is to be a resident US director. Shares were held jointly as per the US Companies Act, 1956.

26. The following points were moved at the meeting:

    1. Jamie Wilson will act as director for the purposes of consenting to orders and the company to be wound down.

    2. The vote was Craig Wright – "Yes". No other parties.

    3. It was agreed that following the motion to accept the debt owed by the company (W&K Info Defense LLC), it would be closed.

27. Projects for the development of software started in 2009 under a company named "Integyrs Pty Ltd" (Appendix N).

28. The development of the software was extended considerably in the period between 2011 – 2013.

29. I discovered that Mr Kleiman died before transferring the required funds on the 29th April 2013. The payment was planned for 30th April 2013.

30. Mr Kleiman was not added as a shareholder and director of Coin-Exch Pty Ltd as was planned to occur on the 30th Apr 2013 as a consequence.

6

| | |
|---|---|
| AFFIRMED at | Gordon, NSW |

Signature of deponent

Name of witness

Address of witness

Capacity of witness

And as a witness, I certify the following matters concerning the person who made this affidavit (the **deponent**):

1  ~~I saw the face of the deponent.~~ *[OR, delete whichever option is inapplicable]*

2  I have confirmed the deponent's identity using the following identification document:

Identification document relied on (may be original or certified copy)[1]

Signature of witness

Note: The deponent and witness must sign each page of the affidavit. See UCPR 35.7B.

---

[1 "Identification documents" include current driver licence, proof of age card, Medicare card, credit card, Centrelink pension card, Veterans Affairs entitlement card, student identity card, citizenship certificate, birth certificate, passport or see Oaths Regulation 2011 or JP Ruling 003 - Confirming identity for NSW statutory declarations and affidavits, footnote 3.]

CONFIDENTIAL
DEFAUS_01073514