# EXHIBIT 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-cv-80176

IRA KLEIMAN,
as personal representative of
the estate of David Kleiman,
and W&K INFO DEFENSE RESEARCH,
LLC

    Plaintiffs,

v.

CRAIG WRIGHT,

    Defendant.
_____/

## Dr. CRAIG WRIGHT'S CONFIDENTIAL
## SUPPLEMENTAL RESPONSE TO PLAINTIFFS' INTERROGATORIES

In accordance with Rule 33 of the Federal Rules of Civil Procedure and the Court's March 9, 2020 order [D.E. 420], Dr. Craig Wright provides the following supplemental responses to Plaintiffs' Interrogatories.

### Interrogatory No. 2

Provide a detailed description of how you came to receive, from the "third party," the "necessary information" and "key slice" referenced in the Notice of Compliance (the "Event"). Make sure your description includes (i) a description of what transpired at the Event, (ii) the substance of all conversations occurring during the Event, (iii) the identification of any documents memorializing the Event, or relating to the Event, (iv) the time, date, and location where the Event occurred, (v) every participant in the Event and on whose behalf they participated on; and (vi) any witness to the Event.

### Response to Interrogatory No. 2

In this Supplemental Response,[1] I attempt to clarify what I understand plaintiffs' counsel stated was unclear or confusing in my original response. It appears that plaintiffs' counsel believes that the Event was my receipt of the key slice that I testified about during the summer of

---

[1] I incorporate in this response my original response to this Interrogatory Request.

CONFIDENTIAL PURSUANT TO TERMS OF CONFIDENTIALITY AGREEMENT

2019. This is a misunderstanding and I wish to clarify here that the Event was my receipt of the list of accounts and public addresses from the trustee of the Seychelles-registered 2017 Tulip Trust [T000712] (the "Trust"). I explain in as much detail as possible how that occurred below.

The production to plaintiffs of the Trust Agreement and the list of public addresses ordered to be produced by Magistrate Judge Reinhart occurred as a result of me requesting my wife Ramona Ang Mei Fong ("Ramona") to obtain documents associated with the Trust and the company, Wright International Investments Ltd (company number 064409). The shares of this company are held by the Trust. Ramona made a request to the director of this company, Denis Bosire Mayaka, in December 2019. Specifically, I asked my wife, who is the primary trustee of the Trust, to obtain a copy of the Trust Agreement and the associated records including the company accounts that are related to the entities owned by the Trust.

My wife initially requested the Trust Agreement, which has been produced with Bates number DEFHC_01518378-8407, from Denis Mayaka, who initially provided it to her through a Vistomail account associated with a company named "The Offshore House". Vistomail is a pseudo-anonymous, secure encrypted email service. To be clear, the request was made by Ramona as trustee to Mr. Mayaka, however, I cannot be certain of the specific individual who sent the email with the Trust Agreement and company documents and the email did not come directly to me.

Ramona told me that the list of public addresses which was ordered to be produced by Judge Reinhart [D.E. 277] did not arrive with the Trust Agreement. After my wife received the Trust Agreement and gave it to me to give to my attorneys, I asked my wife to request additional documents held by the Trust and the companies owned by the Trust including Wright International Investments Ltd. Ramona received those documents through a Vistomail account in an encrypted file. To be clear, it is not the same encrypted file that I testified about in the summer of 2019. It does not require the same key slice that I discussed in that testimony nor have I received that key slice to date. Moreover, I am not aware of how encrypted files held by the Trust on behalf of Wright International Investments Ltd. have been decrypted. I am only aware of the materials that I received, and they were received in a decrypted format.

The files received by Ramona as trustee included draft documents created by our lawyers (Baker McKenzie, UK) between 2016 and 2017 that were specifically excluded from being delivered to me before the 15th of December 2019 due to a clause in the Trust Agreement. Ramona showed these files and other associated files to me but retained the files. The receipt of these documents and my inspection of them allowed me to recognize the authenticity of the other documents, including the list of bitcoin public addresses. These documents refreshed my recollection of discussions we had with our lawyers (Baker and McKenzie) between 2015 and 2017 as we moved to formalize and register the Trust and fix any defects that the lawyers identified in the prior trust documents.

*Craig S Wright [signature]*

2

CONFIDENTIAL PURSUANT TO TERMS OF CONFIDENTIALITY AGREEMENT

Wright International Investments Ltd. owned the assets produced through a company I founded (and was a minority shareholder of) in January 2009 named Information Defense Pty Ltd (ABN 90 135 141 347) in NSW Australia. The assets and records of Information Defense Pty Ltd were transferred when a warrant was called (in July 2009) to the company, Wright International Investments Ltd. The share registry and ownership of the Australian company is in the public record. AusIndustry, an Australian government agency, was fully aware of this transfer in or about August 2009. The relevant records held by Wright International Investments Ltd. concerning Information Defense Pty Ltd. were withheld from delivery to me prior to January 2020.

Ramona has witnessed my receipt of the Trust Agreement and the file containing the bitcoin public addresses. The receipt of the Trust Agreement occurred in mid-December and the receipt of the bitcoin public addresses occurred in January 2020, no later than January 13, 2020. The receipt of the materials discussed herein occurred at our home. I do not have copies of the emails Ramona received. With regard to the substance of the conversations I had with my wife when she provided me with the materials, I do not recall the substance of those aside from the fact that I received the materials and took no notes of those conversations.

As stated in original response to this Interrogatory, I provided the list of public addresses to my counsel after I received it from Ramona and that list was then produced to plaintiffs on January 14, 2020, in accordance with the Court's order dated January 10, 2020. [D.E. 373]

**Response to Interrogatory No. 3**

I incorporate my response to Interrogatory No. 2 fully here and believe that that response fully addresses the information requested here and as modified by the Court's Order [D.E. 420].

**Response to Interrogatory No. 5**

I incorporate my response to Interrogatory No. 2 as well as my original response to this Interrogatory as if fully stated here and believe that those responses fully addresses the information requested here.

*/s/ Craig Wright/*

CONFIDENTIAL PURSUANT TO TERMS OF CONFIDENTIALITY AGREEMENT

**RIVERO MESTRE LLP**

*Attorneys for Craig Wright*
2525 Ponce de León Blvd., Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505
E-mail: arivero@riveromestre.com
E-mail: amcgovern@riveromestre.com
E-mail: zmarkoe@riveromestre.com
E-mail: zkass@riveromestre.com
Secondary: receptionist@riveromestre.com

By: s/ Andres Rivero
ANDRES RIVERO
Florida Bar NO. 613819
AMANDA MCGOVERN
Florida Bar No. 964263
ZAHARAH MARKOE
Florida Bar No. 0504734

**CERTIFICATE OF SERVICE**

I certify that on March 12, 2020 I electronically served this document on all counsel of record by e-mail.

/s/ Zaharah R. Markoe

ZAHARAH R. MARKOE

*[signature: Craig S Wright]*