# EXHIBIT 14

**JULY 7, 2017**



# TRUST DOCUMENT
## LIVING ASSIGNMENT

**CRAIG S WRIGHT**
**TULIP TRUST [T000712]**
**Seychelles**



CONFIDENTIAL

DEFHC_01518378

# TRUST AGREEMENT FOR THE TULIP TRUST

THIS TRUST AGREEMENT is made on this day 06th July 2017, by and between the following parties:

- **Ramona Ang** and **Craig Steven Wright (Dr. Wright)**, Grantors, Settlers and Beneficiaries with respect to their Community Property (as designated in **Schedule "A"**) and ▉▉▉▉▉▉▉▉▉▉▉▉▉▉

  - **Ramona Ang (Ang Mei Fong Ramona, Singaporean)**, Primary Trustee and Protector of the TULIP TRUST (hereinafter referred to as "Trustee," which designation shall include all Successor Trustees).

  - **Dennis Bosire Mayaka, Equator Consultants AG** trustee of the TULIP TRUST (hereinafter referred to as "Trustee," which designation shall include all Successor Trustees) as per the registered agreement and terms (and power of attorney).

  - **Craig Steven Wright**, may, with a super majority vote of the members of the trust become a trustee of the TULIP TRUST (hereinafter referred to as "Trustee," which designation shall include all Successor Trustees) only after June 2020 Property (as designated in **Schedule "E"**).

  - **It is a condition of this deed that no party will provide a copy of this deed to Dr. Wright and that unless all parties are jointly compelled (under their home country law) that this document will remain outside of Dr. Wright's possession from the period of at most 10th July 2017 until the 15th December 2019.**

  - **Trust Officers** may be appointed after the initial meeting and are defined in Schedule "H".

WHEREAS, Craig Steven Wright and Ramona Ang are about to convey certain real and personal property to Trustee (revoking all former trust deeds and rights), and

WHEREAS, Trustee has agreed to accept such conveyance and hold said property in trust under the terms and conditions set forth below,

WHEREAS, many rights to assets are held as bearer instruments or under informal trusts maintained by Power of Attorney instruments,

NOW, THEREFORE, the parties, intending to be legally bound hereby, agree as follows:

1. NAME.

The revocable living trust created by this instrument shall be known as the **TULIP TRUST** (hereinafter referred to as "Trust").

Miscellaneous provisions to this trust document are noted in Schedule "I".

CONFIDENTIAL

DEFHC_01518379

# Contents

TRUST AGREEMENT FOR THE TULIP TRUST .................................................................. 1

1.  NAME. ...................................................................................................................... 1

2.  DEFINITIONS. ........................................................................................................... 3

3.  TRUST PURPOSE. ..................................................................................................... 3

4.  TRUSTEE AND SUCCESSOR TRUSTEE. ................................................................. 5

6.  INCAPACITY OF TRUSTEE OR GRANTOR. ........................................................... 6

7.  REMOVAL OF TRUSTEE. .......................................................................................... 6

8.  RIGHTS RESERVED BY GRANTOR. ......................................................................... 6

9.  TRUST PROPERTY. ................................................................................................... 7

A.  SUGGESTED TRUST REGISTRATION. .................................................................... 8

B.  TAX IDENTIFICATION. .............................................................................................. 8

C.  POWERS AND DUTIES OF TRUSTEE. ..................................................................... 8

D.  LIMITATIONS ON POWERS OF TRUSTEE. ............................................................ 10

E.  COMPENSATION OF TRUSTEE. ............................................................................ 10

F.  LIABILITY OF TRUSTEE. ........................................................................................ 10

G.  INDEMNIFICATION OF TRUSTEE. ........................................................................ 10

H.  BENEFICIARIES. .................................................................................................... 11

I.  RIGHTS AND INTEREST OF BENEFICIARIES. ...................................................... 11

J.  PROVISION FOR SPENDTHRIFT TRUST, SUPPORT TRUST, AND DISCRETIONARY TRUST FOR CERTAIN NON-GRANTOR BENEFICIARIES. ...................................................................................................................................... 12

K.  ADMINISTRATION AFTER THE DEATH OF GRANTOR. ........................................ 12

L.  ASSIGNMENT OF BENEFICIAL INTERESTS. ........................................................ 12

M.  DISCLOSURE OF BENEFICIARIES. ....................................................................... 13

N.  SMALL TRUST TERMINATION. ............................................................................. 13

O.  RECORDING OF AGREEMENT. ............................................................................ 13

P.  BINDING EFFECT. ................................................................................................. 13

Q.  ENTIRE AGREEMENT AND AMENDMENT. ........................................................... 13

R.  GOVERNING LAW. ................................................................................................ 13

S.  SEVERABILITY. ...................................................................................................... 13

T.  ANNUAL STATEMENTS. ........................................................................................ 14

U.  PERPETUITIES. ..................................................................................................... 14

V.  NOTICE. ................................................................................................................. 14

CONFIDENTIAL                                                                                                    DEFHC_01518380

2.    DEFINITIONS.

   a.  The term **"Trust"** refers to any trust created by this agreement.

   b.  The term **"Trustee"** includes all Successor Trustees and includes both the singular and plural.

   c.  The term **"Settlor"** and **"Grantor"** includes both the singular and plural where applicable.

   d.  The term **"Beneficiary"** includes both the singular and plural where applicable.

   e.  The term **"Protector"** includes both the singular and plural where applicable.

   f.  For the purposes of this Trust Agreement, references to **"incapacity"** shall mean that the individual in question is under a legal disability, or by reason of illness or mental or physical disability is, in the concurring written opinion of three independent board-certified doctors currently practicing medicine who have examined Trustee, unable to properly manage his or her own affairs.

   g.  For the purposes of this Trust Agreement, references to **"rehabilitation"** shall mean that the individual in question is no longer under a legal disability or is, in the concurring written opinion of three independent board-certified doctors currently practicing medicine who have examined Trustee, able to properly manage his or her own affairs.

   h.  Words including but not limited to "him," "her," "he," and "she" that are used in the singular or neuter form are to be construed in the plural, masculine, or feminine where applicable.

   i.  The **Activation date** follows the first full meeting of members after 15th December 2019 and before 30 June 2020. At this point, the management of the trust shall be turned over to the primary trustee and be managed by the members in the manner decided through the decisions of this meeting.

3.    TRUST PURPOSE.

The purpose of this Trust is for Trustee to take and hold title to the property conveyed to Trustee and to preserve and increase the same until its sale or other disposition. This Trust receives the 2014 Trust (the former Trust) and finalises this into the Registered Seychelles Trust **T000712. The nature of this trust may not be varied nor the purpose of this trust.**

The Trust is formed to promote the work of Dr. Craig Wright (publicly known as the pseudonym Satoshi Nakamoto).

The Trust is to promote the legal nature of BitCoin with and in using any and all means it can. Bitcoin is designed as the first distributed Peer to Peer ledger, credit and/or money system that makes the use of the system for large scale crime difficult at best.

Trustee shall not undertake any activity which is not strictly necessary to attainment of the foregoing purpose, nor shall this Trust Agreement be deemed to be, or create, or evidence the existence of a corporation, de facto or de jure, or a Massachusetts Trust, or any other type of business trust, or an association in the nature of a corporation, or a co-partnership or joint venture by or between Trustee and Beneficiaries before January 2020. The Trustee and Beneficiaries may vote, as of January 2020 to form a registered corporate entity including in

3 | P a g e

CONFIDENTIAL                                                                                DEFHC_01518381

the form of a Massachusetts business trust for the purposes of promoting the express purpose of the trust.

Bitcoin is defined by the 2009 "*Bitcoin Whitepaper*". Any disagreements as to the nature of Bitcoin shall be decided by Craig Wright (or by vote in his permanent incapacity).

Forked assets include any variants of Bitcoin derived from the original **Bitcoin** Genesis block. If an altered version of Bitcoin (XBT) is created (such as the planned addition of Segregated Witness would create), this is not to be considered Bitcoin, but shall remain as an asset in the trust.

The Purpose of the trust is not to hold Bitcoin, but to use this and other assets in the creation of a commercial Peer internet. This shall be a Peer to Peer system that is not funded using advertising.

The **Activation date** in January 2020 will incorporate a series of meetings to explain the rights and obligations of this trust to the beneficiaries and members. These shall be held by 31st January 2020 but not before 15th December 2019.

Other members, Trustees and Beneficiaries maybe added as beneficiaries and members following a vote by a supermajority of members.

The purpose of the trust is:

- To further Dr Wright's research and development of commercial Peer to Peer networks and systems and to exploit and commercialise the creation of globally focused systems. The full extent of this will be detailed in the first meeting of members to be held between December 2019 and December 2020. Dr Wright will provide details as to the nature of his research and the explicit goal is to be derived from that research.
- To promote education in STEM and within the members of the trust.
- To promote classical western education and philosophy in academic systems.
- To build the P2P systems envisioned by Dr Wright and which are being researched by the group founded by Dr Wright, nChain Ltd (and associated entities).
- To build a scaled financial system capable of handling commercial and machine-based transactions for all humans and to handle at least 1 trillion TPS (transactions per second).
- To create distributed overlay networks that use Bitcoin as a ledger.

## Spyder

It is noted that Bitcoin is merely the ledger for the peer internet project started by Dr Wright in 1998 and registered as Spyder / Redback / Blacknet.

4 | P a g e

CONFIDENTIAL                                                                                     DEFHC_01518382

████████████████████████████

Charitable events.

████████████████████████████

- I.e. member A donates $100 USD to Greepeace in a year, that member will have $200 USD removed from any distribution in the following year and have a permanent reduction of $10,000 USD in any interest in the trust and this would be taken as a payment of $10,000 that was already received on the final dissolution of the trust (carried forth to the inheritors of that member).
- Any university or facility of higher learning that is being invested in must adhere to principles of Western culture. Any organisation that teaches post-modern anti-Western culture is excluded from receiving any investment from this trust under any conditions.

████████████████████████████

**AMENDMENTS TO THE TRUST**

**Unless otherwise noted, the Trust terms may be amended, supplemented, amended and restated, or repealed, in whole (with the noted exclusions) or in part, by a majority of the Trustees then in office at any meeting of the Trustees and members (Schedule "E"), or by one or more writings signed by such a majority.**

4.   TRUSTEE AND SUCCESSOR TRUSTEE.



CONFIDENTIAL                    DEFHC_01518383



The response to force is detailed in Schedule "F".

## 6.   INCAPACITY OF TRUSTEE OR GRANTOR.



## 7.   REMOVAL OF TRUSTEE.



## 8.   RIGHTS RESERVED BY GRANTOR.
Each Grantor, without requiring the consent of any other Grantor, reserves the following rights during his or her lifetime:

a.   Right to Amend or Terminate Trust.

CONFIDENTIAL

DEFHC_01518384

b.    <u>Right to Withdraw Assets.</u> █████████████████████

████████████████████████████████████████████████

c.    <u>Right to Add Assets.</u> ████████████████████

████████████████████████████████

d.    <u>Right to Occupy Real Property.</u> ██████████████████

████████████████████████████████████████████████

e.    <u>Right to veto and chairmanship.</u> ██████████████

██████████████████████

## 9.    TRUST PROPERTY.

a.    Grantor hereby conveys and delivers to Trustee in trust all of Grantor's right, title, and interest in all real and personal property, tangible or intangible, of any nature, in any location, which may be owned or later acquired by Grantor, unless an exception to said conveyance of a particular property interest is specified in **Schedule "A"** attached hereto and made a part hereof. **Schedule "A"** additionally enumerates all property, to the best of Grantor's knowledge as of the execution date of this Trust Agreement, that is owned by Grantor and hereby conveyed and delivered to Trustee in trust. This property, together with any property later added to the Trust (whether *inter vivos* or by "pour-over" will provision or by income from and therefore growth in principal), shall be designated as "Trust Property." This general assignment shall override the beneficiary designations specifically noted on **Schedule "A."**



CONFIDENTIAL    DEFHC_01518385

## A. SUGGESTED TRUST REGISTRATION.

During the life of Grantor, assets may be registered to the Trust as follows:

"_____, Trustee, or his Successor Trustees, under the [T000712] TULIP TRUST dated [Month] [Day], [Year], and any amendments thereto."

Other forms of registration are permissible.

## B. TAX IDENTIFICATION.

During the life of Grantor, the Trust shall be identified by the formal registration number (initially, **T000712**). If the Trust shall not be terminated after the death of Grantor.

## C. POWERS AND DUTIES OF TRUSTEE.

It is the intention of Grantors to grant to Trustee the power to deal with all Trust Property as freely as Grantors could do individually, and the only requirement that Grantors place upon Trustee is that Trustee act as a fiduciary in the best interests of Grantor and Beneficiaries. Accordingly, subject to this fiduciary duty, Trustee shall have all authority and powers permitted under the law of the UK, which is to be seen to be governing this Trust. Trustee shall serve as Trustee of all trusts and sub-trusts under this Trust Agreement. Trustee (or Successor Trustee) shall have, but not be limited to, the power to do the following:

a. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

b. Invest Trust Property in any kind of investment, including without limitation real estate, personal property, insurance, securities of any kind, notes, mortgages, stock options, and futures – without regard to the proportion any such investment may bear to all Trust Property.

c. Sell, convey, exchange, or otherwise dispose of any Trust Property, including without limitation real estate, personal property, insurance, securities of any kind, notes, mortgages, stock options, and futures. Bitcoin and potentially related assets held by the trust companies may be used as follows:

> 1. Wright International Investments: Bitcoin mined between Jan 2009 and 2010 by Information Defense Pty Ltd may not be used, encumbered nor otherwise made subject to any dispossession prior to a full meeting of the "members" in the period between December 2019 and late 2020.
>
> 2. Tulip Trading Ltd: any Bitcoin and associated assets obtained in 2011 by "CSW R&D", "Craig Wright R&D", Panopticrypt Pty Ltd, Wright Family Trust (Australia), Wright Family Fiduciary Trust to the extent that they are later recoverable

d. Diversify the Trust's investments, including authority to decide that some or all the Trust Property need not produce income.

e. Hold uninvested cash, even if the total amount so held would not be permitted without this provision, and the power to acquire or hold underproductive real or personal property.

f. Manage trust real estate, including without limitation the power to lease said real estate; to make repairs, improvements, or alterations; to insure against loss; to adjust boundaries; to partition; to erect or demolish buildings thereon; to convert to a different use; and to insure or perfect title.

g. Vote stock or delegate the voting of stock for any purpose, and to participate in Trust-related corporate activities in any legally permissible capacity, including serving as an officer or director.

**8 | Page**

CONFIDENTIAL

DEFHC_01518386

h.      Coordinate with other owners in carrying out foreclosure, lease, sale, incorporation, dissolution, liquidation, or reorganization of the capital or financial structure of any association or corporation in which the Trust has a financial interest.

i.      Incorporate, make elections regarding the corporate form of, operate, dissolve, liquidate, or sell any business in which the Trust has a financial interest, regardless of the business's corporate form, and with no liability on Trustee's part for any losses provided that Trustee handles such matters as a reasonably prudent person would in dealing with his or her own affairs.

j.      Borrow money for business purposes, mortgage or encumber any business assets, and engage in the redemption of stock of any business in which the Trust has a financial interest, with no liability on Trustee's part for any losses provided that Trustee handles such matters as a reasonably prudent person would in dealing with his or her own affairs.

k.      Continue, restructure, sell, or terminate any business enterprise in which Grantor owned any interest during his lifetime.

l.      Hold any or all Trust assets in Trustee's own name, or in the name of any corporation, partnership, or other legal person; the fiduciary relationship of Trustee and / or any other holder of legal title to Trust assets should generally be disclosed, unless non-disclosure is both legally permissible and reasonably appropriate to preserve the value of any Trust Property and to protect the interests of the Trust.

m.      Borrow money and encumber Trust Property on any terms and from any person or entity, if it is reasonably calculated to protect, preserve, or improve the interests of the Trust.

n.      Pay any debt obligation or encumbrance on any Trust asset.

o.      Pay any debt obligation or encumbrance on any legal event associated with the Grantors.

p.      Lend Trust funds to Grantor or Beneficiaries and to change the terms of such loans, including without limitation extending the loans beyond maturity, changing the interest rate, and consenting to any loan modification.

q.      Pay or refrain from paying any taxes, assessments, rents, or debt obligations, as well as the power to pay any costs to repair or maintain any Trust asset, so long as the foregoing is reasonably calculated to protect the interests of the Trust.

r.      Carry any insurance against any hazards, including life insurance on the life of any Grantor or Beneficiary, and to exercise or release any rights in such insurance policy or to use insurance proceeds to repair or replace assets insured.

s.      Establish bank, brokerage, or other financial accounts and deposit Trust funds in said accounts whether they are insured or uninsured by FDIC coverage, as well as enter into electronic fund transfer or safe deposit arrangements with financial institutions.

t.      Receive additional property from any source and add it to the Trust Property.

u.      Distribute any Trust Property, in whole or in part, to any Beneficiary under the terms of the trust purpose and for a limited distribution of no more than 10% of the trust in any single year between any and all members of the trust (such as for living expenses).

v.      Expend the Trust income or principal, or both, for the health and maintenance of Grantor or Beneficiaries during any period of incapacity of Grantor or Beneficiaries as defined by this Trust Agreement, or for the payment of Grantor's debts, estate taxes, and expenses of Grantor's last illness and funeral.

CONFIDENTIAL

DEFHC_01518387

w.      Expend all or part of the Trust income or principal, or both, during any period of incapacity of Grantor, for the health and support of any issue of Grantor who has no other financial resources and requires such distributions for his or her health and support in his or her accustomed manner of living. Trustee shall consider all financial resources available to said Beneficiary prior to making a distribution, including without limitation the ability of said Beneficiary to earn a living and the ability of said Beneficiary's spouse, if any, to earn a living. In no event may Trustee, unless he is a member of Grantor's immediate family, exercise this power in favour of himself.

x.      Employ and pay reasonable fees to accountants, lawyers, financial planners, investment experts, brokers, realtors, business managers, or technical consultants for information or advice or administration assistance relating to the Trust.

y.      Create a "Family Office" to act to maintain the assets of the trust and to enrich these.

z.



aa.     Pay all reasonable expenses from the Trust Property in connection with the administration of this Trust.

bb.     Execute any documents necessary to administer any Trust under this Trust Agreement.

## D.   LIMITATIONS ON POWERS OF TRUSTEE.
Notwithstanding the preceding section, Trustee in his or her capacity as Trustee shall NOT have the power to:

a.  Bind Beneficiaries personally to any debt or obligation without express written consent of Beneficiaries.

b.  Exercise any power which creates adverse tax consequences to Grantor's estate or to any Beneficiaries.

## E.   COMPENSATION OF TRUSTEE.

## F.   LIABILITY OF TRUSTEE.
Trustee shall not be personally liable for any obligation of the Trust but shall be liable only for his or her own actions and then only as a result of gross negligence, extreme recklessness, or bad faith. No Beneficiaries shall be able to bind Trustee nor contract on his or her behalf without Trustee's express written consent. Trustee and any Successor Trustee shall not be required to give a bond.

## G.   INDEMNIFICATION OF TRUSTEE.
Beneficiaries agree to indemnify, hold harmless, and defend Trustee from any and all liability incurred in his or her capacity as Trustee so long as such liability is not the result of Trustee's gross negligence, extreme recklessness, or bad faith.

CONFIDENTIAL

DEFHC_01518388

## H. BENEFICIARIES.

Beneficiaries are the persons or legal entities identified, along with their respective interests, on **Schedule "B"** which is attached hereto and made a part hereof. Beneficiaries are entitled to all profits, earnings, and proceeds of their respective interests in the Trust Property.

## I. RIGHTS AND INTEREST OF BENEFICIARIES.

a.

b.

c.



d. Distributions to all other Beneficiaries shall be subject to the spendthrift trust, support trust, AND discretionary trust provisions contained in this Trust Agreement. All other Beneficiaries also have the right but not obligation to refuse, pause, or postpone any distributions, in whole or in part, from Trustee. Upon written notice of refusal to accept, or request to pause or postpone, any such distributions, Trustee shall stop paying such distributions to said Beneficiaries, and shall, until written notice by said Beneficiaries cancelling or withdrawing the original refusal or request is received by Trustee, be temporarily relieved of the obligation to make distributions to said Beneficiaries.

e. The foregoing rights of Beneficiaries are hereby declared to be personal property and may be assigned or otherwise transferred as such.

f.

g.

h.

CONFIDENTIAL

DEFHC_01518389

**J.** PROVISION FOR SPENDTHRIFT TRUST, SUPPORT TRUST, AND DISCRETIONARY TRUST FOR CERTAIN NON-GRANTOR BENEFICIARIES.



**K.** ADMINISTRATION AFTER THE DEATH OF GRANTOR.

a.

b. **Collection of Proceeds.** Trustee may take any action necessary to collect the proceeds of any life insurance policy, or provide for the payment of retirement plan, IRA, brokerage account, or other benefits payable to the Trust. If probate administration has not or will not be commenced, Trustee shall have the power to collect tax refunds, health insurance proceeds, refunds under any contract, death benefits, or any other item otherwise payable to the deceased Grantor's estate.

**L.** ASSIGNMENT OF BENEFICIAL INTERESTS.

CONFIDENTIAL

DEFHC_01518390

**M.    DISCLOSURE OF BENEFICIARIES.**

Trustee and Beneficiaries shall not disclose the identity of any Beneficiary without the written consent of said Beneficiary except as may be required by law or at the direction of an order of court issued by a court of competent jurisdiction. Any party who discloses the identity of a Beneficiary shall be personally liable for any and all losses and damages incurred by that Beneficiary as a result of the disclosure.

It is noted that the trust is managed within the European Union and as such the privacy of personally identifiable information and other financial affairs are protected by law. The trust is both authorised and instructed to act against any and all parties disclosing the nature of any members of this trust. The trust is authorised and instructed to take any breach seriously and to assign up to US$20 million without vote of members to start litigation against any person or group or entity that disclose information concerning the beneficiaries of this trust. This is not to be limited to individuals and will include governmental failure to redact information and documents and overseas entities.

**N.    SMALL TRUST TERMINATION.**

**O.    RECORDING OF AGREEMENT.**

This Trust Agreement shall not be placed of record in any jurisdiction.

**P.    BINDING EFFECT.**

This Trust Agreement shall be binding upon and inure to the benefit of Grantor, Beneficiaries, and Beneficiaries' successors, heirs, and assigns.

**Q.    ENTIRE AGREEMENT AND AMENDMENT.**

**R.    GOVERNING LAW.**

This Trust Agreement shall be governed by, construed, and enforced in accordance with the laws of the state where Grantors are domiciled (at the time of construction, the UK and Seychelles). If Grantors are domiciled in different states, or if neither Grantor is alive, then this Trust Agreement shall be governed by, construed, and enforced in accordance with the laws of the State of NSW, Australia and/or Antigua.

**S.    SEVERABILITY.**

If any provision of this Trust Agreement is deemed unenforceable by a court of competent jurisdiction, all remaining provisions shall remain in effect.

13 | P a g e

T.    ANNUAL STATEMENTS.



U.    PERPETUITIES.

If any of the terms of this Trust continue beyond the period permitted by any applicable laws of the state law governing this Trust Agreement which regulate restraints on alienation or prohibitions against perpetuities, or if the vesting of any interest under this Trust could possibly occur after the end of such permitted time period, then such offending terms, to the extent of their continuance beyond the lawful period, shall be null and void, but the remainder of the terms of the Trust shall remain valid and binding. The undistributed portion of the Trust Property held in violation of such applicable laws shall immediately be distributed to the Beneficiary of such portion.

V.    NOTICE.

IN WITNESS WHEREOF, the parties below hereby execute this Trust Agreement on the day and year first above written.

GRANTORS:

..........................................
Craig Steven Wright

:

TRUSTEE

..........................................
Denis Bosire Mayaka

14 | P a g e

## SCHEDULE "A"

The following is the legal description of the Trust Property contained in the foregoing Trust Agreement.

a.    Wright International Investments Ltd      (Seychelles)      (064409)
      1. ███████████████████████████████████
      2. ███████████████████████████████████
      ███████████████████████████████████████
      3. ███████████████████████████████████

b.    Tulip Trading Ltd                        (Seychelles)      (093344)
      1. ████████████████████████
      2. Assets held by ████████████████████████
      3. Assets held under ██████████████████
      4. All assets as far as they are recoverable from ████████████
      5. Assets created by:
            1. Integyrs Pty Ltd (Australia)
            2. Greyfog Pty Ltd
            3. Cloudcroft Ltd
            4. Panopticrypt Pty Ltd
            5. All DeMorgan Ltd assets and IP
         and transferred under warrant.

c.    The 2014 "formalised Trust" formerly known as the "Tulip Trust".

d.    All assets in CSW R&D, Craig Wright R&D and all associated:
      1. Sports Book systems
      2. OnLine Casino Systems
      3. Affiliate systems

e.    JBRUK Ltd                                (UK)              (10859457)

f.    ████████████████████████████████████████████████████████████████

g.    All Trusts and assets ever owned by Craig Wright until the formation of this trust.

CONFIDENTIAL                                    DEFHC_01518393

**SCHEDULE "B"**

1. **BENEFICIARIES.** The following are all the Beneficiaries (along with their birth dates and relationships to Grantor) who own all of the beneficial interest described in the foregoing Trust Agreement.

| Name | Relationship | Date of Birth |
|------|-------------|---------------|
|      |             |               |
|      |             |               |
|      |             |               |

2. **ADDRESS FOR NOTICE AND SERVICE OF PROCESS.** Notice and service of process may be delivered to all Beneficiaries at:

3. **DISTRIBUTION TERMS UPON DEATH OF A GRANTOR.** Upon either Grantor's death, any distribution of Trust Property shall be made as follows:

4. **ENCUMBRANCES.** All distributions of Trust Property shall pass subject to any encumbrances or liens placed upon such property as security for the repayment of a loan or debt.

5. **PER CAPITA WITH RIGHT OF REPRESENTATION.**

6. **CUSTODIANSHIPS UNDER THE UNIFORM TRANSFERS TO MINORS ACT.**

7. **SPECIFIC GIFTS OF TANGIBLE PERSONAL PROPERTY.**

16 | P a g e

CONFIDENTIAL

DEFHC_01518394

## SCHEDULE "C"

Trustee shall be compensated

**Compensation of Members**

17 | P a g e

DEFHC_01518395

## SCHEDULE "D"

In the event of any ambiguity in the terms contained in the foregoing Trust Agreement, the following extrinsic evidence shall be admissible to facilitate the interpretation of the foregoing Trust Agreement:

- 

- 

18 | P a g e

**SCHEDULE "E"**

**Members**. Trustees, Beneficiaries

There shall be at least one (1) trustee at any time and never more than five (5).

1. **Chair.**

The Chair need not be a Trustee.

2. **Regular Meetings.**

3. **Special Meetings.**

4. **Notice of Special Meetings.**

5. **Quorum and Manner of Acting.**

CONFIDENTIAL

DEFHC_01518397

**6. Actions by Consent.** 

**7. Counsel and Experts.** The Trustees who are not Interested Persons may, by vote of a majority of such Trustees, at the Trust's expense, hire such employees and retain such counsel, accountants, appraisers or other experts or consultants whose services such Trustees may, in their discretion, determine to be necessary or desirable from time to time, including services to one or more committees established by the Trustees, and may execute any agreements, contracts, instruments or other documents in connection therewith.

**8. Voting rights.** The members gain the following voting rights as defined below:



A "Trust Company" is defined as a company founded by Dr Craig Wright or significantly owned by the trust (greater than 30% total shareholding).

[1] **Note:**

CONFIDENTIAL

DEFHC_01518398

**SCHEDULE "F"**



CONFIDENTIAL

**SCHEDULE "G"**

COMMITTEES

1. **Establishment and Authority.**

2. **Quorum; Voting**

22 | P a g e

DEFHC_01518400

**SCHEDULE "H"**

OFFICERS

1. **Enumeration; Qualification.** The officers of the Trust shall be a Chairman, a President, a Treasurer, a Secretary, and such other officers as the Trustees from time to time may in their discretion elect, appoint or authorize in accordance with Schedule H-2 below. Any officer of the Trust may but need not be a Trustee or a Member. Any two or more offices, except those of President and Vice-President, may be held by the same person.

2. **Election.** The President, the Treasurer and the Secretary shall be elected by the Trustees upon the occurrence of a vacancy in any such office. Other officers, if any, may be elected or appointed by the Trustees at any time, or the Trustees may delegate to the President the power to appoint such other officers as the Trustees shall at any time or from time to time deem advisable. Vacancies in any such other office may be filled at any time. Each officer shall hold office at the pleasure of the Trustees.

3. **Powers.** Subject to the other provisions of these By-Laws, each officer shall have, in addition to the duties and powers herein and in the Declaration set forth, such duties and powers as are commonly incident to the office occupied by him or her as if the Trust were organized as a Delaware statutory trust and such other duties and powers as the Trustees may from time to time designate.



4. **Chairman.**

4. **President.** Unless the Trustees otherwise provide, the President shall be the chief executive officer of the Trust.

5. **Treasurer.** Unless the Trustees provide otherwise, the Treasurer shall be the chief financial and accounting officer of the Trust, and shall, subject to the provisions of the Declaration and to any arrangement made by the Trustees with a custodian, investment adviser or manager, or transfer, shareholder servicing or similar agent, be in charge of the valuable papers, books of account and accounting records of the Trust, and shall have such other duties and powers as may be designated from time to time by the Trustees or by the President.

6. **Secretary.** The Secretary shall record all proceedings of the Beneficiaries and the Trustees in books to be kept therefor. In the absence of the Secretary from any meeting of the shareholders or Trustees, an Assistant Secretary, or if there be none or if he or she is absent, a temporary Secretary chosen at such meeting shall record the proceedings thereof in the aforesaid books.

7. **Resignations and Removals.** Any officer may resign at any time by written instrument signed by him or her and delivered to the Chair, the President or the Secretary or to a meeting

23 | P a g e

CONFIDENTIAL

DEFHC_01518401

of the Trustees. Such resignation shall be effective upon receipt unless specified to be effective at some other time. The Trustees may by action of a majority of the Trustees then in office, remove any officer with or without cause. Except to the extent expressly provided in a written agreement with the Trust, no officer resigning and no officer removed shall have any right to any compensation for any period following his or her resignation or removal, or any right to damages on account of such removal.

CONFIDENTIAL

DEFHC_01518402

## SCHEDULE "I"

MISCELLANEOUS

**1. Books and Records**

**. 2. Access to Book and Records.**

**3. Seal.**

**4. Execution of Papers.**

**5. Severability.** The provisions of these rules are severable. If the Trustees determine, with the advice of counsel, that any provision hereof conflicts local laws, the conflicting provision shall be deemed never to have constituted a part of these rules; provided, however, that such determination shall not affect any of the remaining provisions of these rules or render invalid or improper any action taken or omitted prior to such determination. If any provision hereof shall be held invalid or unenforceable in any jurisdiction, such invalidity or unenforceability shall attach only to such provision only in such jurisdiction and shall not affect any other provision of these rules.

**6. Proxies.**

CONFIDENTIAL

DEFHC_01518403



7. **Conduct of Meetings.** For any matter to be properly before any meeting of members, the matter must be either specified in the notice of meeting given by or at the direction of a majority of the Trustees then in office or otherwise brought before the meeting by or at the direction of the Chair or other presiding officer.

CONFIDENTIAL

DEFHC_01518404



Date:  06th July 2017
Our Ref:  FSA-ITS031

**LEGACY TRUST COMPANY LIMITED**
**Suite 103**
**Premier Building,**
**Victoria, Mahe**

Dear Sirs,

<u>**REGISTRATION OF DECLARATION OF TRUST**</u>

This is to certify that the declaration of trust pursuant to section 75 of the International Trust Act, 1994 submitted to this office, pertaining to *THE TULIP TRUST* is hereby registered on this *06th July 2017* and is assigned the reference number *T000712*.

Yours faithfully,

Randolf Samson
<u>**Director of Registry & Capital Markets & Collective**</u>
<u>**Investments Schemes**</u>

FINANCIAL SERVICES AUTHORITY
Bois De Rose Avenue P.O Box 991, Victoria, Mahe, Seychelles  t: +248 4380800  f: +248 4380888  e: enquire@fsaseychelles.sc  w: www.fsaseychelles.sc

CONFIDENTIAL
DEFHC_01518405

## DECLARATION OF TRUST

To: Craig Steven Wright holder of passport number

We, Equator Consultants AG of
HEREBY UNDERTAKE AND AGREE AS FOLLOWS:



Dated this ........16th........day of........December........2015

Denis Bosire Mayaka
For: Equator Consultants AG

CONFIDENTIAL



CONFIDENTIAL

DEFHC_01518407