UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC,<br><br>*Plaintiffs,*<br><br>v.<br><br>CRAIG WRIGHT,<br><br>*Defendant.* | CASE NO.: 9:18-cv-80176-BB/BR |

## PLAINTIFFS' PARTIALLY OPPOSED
## OMNIBUS MOTION FOR LEAVE TO EXCEED PAGE LIMITS

Pursuant to this Court's Orders, Plaintiffs have the following filings due tomorrow: (1) Response to Defendant's Motion for Summary Judgment; (2) Response to Defendant's Statement of Material Facts in Support of Motion for Summary Judgment; (3) Response to Defendant's Motion to Exclude the Opinion Testimony of Plaintiffs' Expert Witnesses; and (4) Response to Defendant's Motion in Limine.

For the reasons that follow, Plaintiffs request an enlargement of the page limit for each filing:

**A. Response Motion for Summary Judgment**

Wright filed a 30-page Motion for Summary Judgment. In it, he raises 6 different arguments for why Plaintiffs' claims should be dismissed in their entirety. Many of those arguments have several subparts, some of which Wright claims summary judgment alone. For example, in the partnership section, Defendant argues that (i) there is "zero evidence" of

1

partnership, (ii) if there was a partnership its terms are too vague to enforce, (iii) the evidence on each of four elements of a partnership is lacking, and (iv) the partnership (which Defendant denies existed) is barred by the statute of frauds. Needless to say, given the voluminous evidence Plaintiffs must bring to the Court's attention to refute these arguments, it is going to take far more pages than the rules allow. To illustrate, it takes one line for Defendant to say there is "zero evidence" of a partnership, it takes 10-15 pages to reveal the extraordinary falsity of that assertion.

In sum, Plaintiffs request **45** additional pages (65 total) to fully and adequately respond to Defendant's Motion for Summary Judgment.

### B. Response to Defendant's Statement of Material Facts

The Local Rules allows Plaintiffs 10 pages to respond to the Defendant's Statement of Material Facts, and 5 additional pages to add facts in support of Plaintiffs' response to the Motion for Summary Judgment. Plaintiffs note that this Court's Scheduling Order requires Plaintiffs' set forth each of Defendant's factual statements in our response. Those facts alone constitute 8 pages.

Plaintiffs need extra pages both to respond to Defendant's statement of facts, and to bring additional facts to the Court's attention. Candidly, Defendant's Motion omits most of the factual record relevant to its motion. For example, as it relates to the partnership claim, Defendant sets forth a paltry recitation of the facts. Notably absent are the numerous statements by, and communications from, Wright that directly contradict Defendant's "zero evidence" of partnership argument. Similarly, Defendant leaves out numerous key facts related to their renewed attack on the Court's subject matter jurisdiction.

In light of the above, Plaintiffs request a total of **35** pages for their Response to Defendant's Statement of Material Facts.

### C. Response to Defendant's Motion to Strike the Opinion Testimony of Plaintiff's Experts

Defendant has moved to strike the opinions of each of Plaintiff's five experts. His Motion asks that these experts either be stricken in full, or in such a substantial manner that their opinions may not be useable at trial. These arguments attack the experts' qualifications, methodologies and the substance of their opinions. Wright's Motion is 30 pages.

To adequately respond, Plaintiffs will need to more fully explain who each expert is, what they were asked to do in the case, what their methodology is, and how their opinions are relevant to the case. To put it mildly, Wright has been less then accurate on each of these factors in his Motion.

Accordingly, Plaintiffs request an additional **20** pages (40 total) to respond to Defendant's Motion to Strike the Opinion Testimony of Plaintiff's Experts.

### D. Response to Defendant's Motion in Limine

Unlike the three responses above, Plaintiffs believe they can keep their response within the 20-page limit. However, in an abundance of caution, Plaintiffs request an additional **5** pages (25 total) to respond to Defendant's Motion in Limine.

### S.D. FLA. L.R. 7.1 CERTIFICATION

In accordance with S.D. Fla. L.R. 7.1(a)(3), counsel for Plaintiffs conferred with Defendant's counsel who does not oppose the relief requested herein other than the request regarding Plaintiffs' Response to Defendant's Motion for Summary Judgment, which they do oppose.

Dated: May 21, 2020

Respectfully submitted,

/s/ Andrew S. Brenner
Andrew S. Brenner, Esq.
Florida Bar No. 978663
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

Velvel (Devin) Freedman, Esq.
Florida Bar No. 99762
**ROCHE CYRULNIK FREEDMAN LLP**
200 S. Biscayne Blvd, Suite 5500
Miami, Florida 33131
Telephone: (305) 357-3861
vel@rcfllp.com
nbermond@rcfllp.com

Kyle W. Roche, Esq.
Joseph M. Delich, Esq.
*Admitted Pro Hac Vice*
**ROCHE CYRULNIK FREEDMAN LLP**
99 Park Avenue, Suite 1910
New York City, NY 10016
kyle@rcfllp.com
jdelich@rcfllp.com

*Counsel to Plaintiff Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 21, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

s/ Andrew S. Brenner
ANDREW S. BRENNER