**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 18-cv-80176

IRA KLEIMAN,
as personal representative of
the estate of David Kleiman,

    Plaintiff,

v.

CRAIG WRIGHT,

Defendant.
_____/

## DEFENDANT'S MOTION IN SUPPORT OF REDACTIONS

Defendant Dr. Craig Wright respectfully requests that the Court find good cause as to his redactions to Plaintiffs' Omnibus Daubert Motion to Strike Defense Exhibits [D.E. 509], Plaintiffs' Omnibus Motion in Limine [D.E. 510], and Plaintiffs' Motion for Partial Summary Judgment on Defendant's Affirmative Defense [D.E. 511] (collectively, "the Motions") and to their exhibits. In support, Dr. Wright asserts the following.

In its denial of Plaintiffs' Motions to Seal,[1] the Court ordered that "redactions to the Sealed Motions may be appropriate upon a proper showing of good cause." [D.E. 502, at 2]. In accordance with the Order, the parties conferred regarding Dr. Wright's confidentiality designations and Plaintiffs re-filed redacted versions of the originally sealed Motions. Dr. Wright's redactions to the Motions are few in number. Of the 62 total documents Plaintiffs filed, only 17 contained redactions. Dr. Wright's redactions are also limited in substance. Eleven of these documents were only redacted because they contained personally identifiable information

---

[1] D.E. 491; D.E. 493; D.E. 494; D.E. 496.

that should be redacted pursuant to the Stipulated Confidentiality Order. The remaining 6 documents contained either sensitive information about Dr. Wright's family members or Dr. Wright's family trust. *See* Ex. 1 (Dr. Wright's List of Redactions). Dr. Wright has good cause to redact these portions.

"Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (citation omitted). However, the common law right of access to judicial records is "not absolute" and "may be overcome by a showing of good cause." *Inspired Techs., Inc. v. Intertape Polymer Corp.*, 2010 WL 11507753, at *1 (M.D. Fla. Dec. 6, 2010) (citing *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007)). The federal courts have adopted a balancing test to determine whether good cause exists: the standard requires the district court to "balance[e] the public interest in accessing court documents against a party's interest in keeping the information confidential." *Romero*, 480 F.3d at 1246 (citing *Chicago Tribune v. Bridgestone/Firestone*, 263 F.3d 1304, at 1309 (11th Cir. 2001)). The balancing test takes into consideration "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.*

**A. Dr. Wright Has Good Cause to Redact Personally Identifiable Information**

It is indisputable that email addresses, phone numbers, and home addresses redacted are covered by the Stipulated Confidentiality Order. The parties agreed in Paragraph 4 of the Stipulated Confidentiality Order that

> 4. Documents that are not otherwise Confidential but contain personally identifiable information such as social security numbers, **physical addresses, e-mail addresses, phone numbers**, and non-public social media accounts will not be marked as Confidential. However, if any such document is made public, **all such personally identifiable information will be redacted.**

[D.E. 105-1, at 4] (emphasis added).[2] The majority of Dr. Wright's redactions fall within this category. His current personal email address, his wife's current personal email address, and the current email addresses of non-parties have been redacted throughout. *See.* Ex. 1. His Australian home address and that of his ex-wife have also been redacted.

Plaintiffs, in their Motions to Seal, asserted a blanket challenge to all of Dr. Wright's confidentiality designations. However, during the parties' meet and confer on May 17, 2020, Plaintiffs' counsel agreed not to dispute Dr. Wright's redactions to this type of confidential information. As such, the Court should find good cause as to the redaction of this information.

### B. Dr. Wright has Good Cause to Redact Sensitive Information Contained in His Family Trust

Dr. Wright has good cause to redact the portions of his family trust ("the Trust") since the harm its disclosure could cause cannot be squared with a nonexistent benefit of public access. *See* [D.E. 511-6, at 28–56]. More importantly, the Trust is not at issue in Plaintiffs' Motion for Summary Judgment [D.E. 511]. To be clear, the Trust document that Dr. Wright redacted was not cited to or mentioned anywhere Plaintiffs' Motion for Summary Judgment but was merely attached as an exhibit to Dr. Wright's March 18, 2020 deposition transcript. Therefore, the public has no interest in accessing the Trust document, and redacting the Trust document would not impair court functions in any way. *Romero*, 480 F.3d at 1246. Further, a "party's privacy or

---

[2] Even without the Stipulated Confidentiality Order, the local and federal rules protect similar personal identifiers. *See* Fed. R. Civ. P. 5.2; S.D. Fla. CM/ECF Admin. Procedure 6A (Jan. 27, 2020).

proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* Here, there is a strong privacy and proprietary interest in the terms of Dr. Wright's Trust, which pertain to private financial information, and public access to the Trust document could also lead to the harassment and endangerment of its beneficiaries. The minimal public benefit of the Trust's availability does not compare to the high "degree of and likelihood of injury if made public." *Id.*

### C. Dr. Wright has Good Cause to Redact Private Information about Family Members who are Non-Parties that Will Not Testify at Trial

For similar reasons, Dr. Wright has good cause to redact the names of non-party family members who will not testify at trial. The cult-like following of Bitcoin and extensive media coverage involved in this case leads to concerns of family harassment. There is nothing to gain from public identification of Craig's sister and elderly mother, and including their names would harm legitimate privacy interests, especially due to their involvement in the childhood trauma and family dysfunction that is described in Dr. Klin's expert report. D.E. 509-1, at 5; D.E. 509-3, at 3–6. There is also nothing to gain from identifying Dr. Wright's family member who is associated with Autism Spectrum Disorder. The medical records of a non-party are of no benefit to the public. The redacted document contains all necessary information that is discussed in Plaintiffs' Motions, and the court's functions would not be impaired by redacting this identifying information.

## CONCLUSION

Dr. Wright's redactions are limited to personally identifiable information, sensitive information contained in a family trust document, and names and information about non-parties who are not testifying in this case. Dr. Wright requests that this court find good cause as to his redactions filed in Plaintiffs' Omnibus Daubert Motion to Strike Defense Exhibits [D.E. 509],

Plaintiffs' Omnibus Motion in Limine [D.E. 510], and Plaintiffs' Motion for Partial Summary Judgment on Defendant's Affirmative Defense [D.E. 511] (collectively, "the Motions") and to their exhibits.

> Respectfully submitted,
>
> RIVERO MESTRE LLP
> *Attorneys for Dr. Craig Wright*
> 2525 Ponce de Leon Boulevard, Suite 1000
> Miami, Florida 33134
> Telephone: (305) 445-2500
> Fax: (305) 445-2505
> Email: arivero@riveromestre.com
> Email amcgovern@riveomestre.com
> Email: zmarkoe@riveromestre.com
> Email: receptionist@riveromestre.com
>
> By: s/ Andres Rivero
> ANDRES RIVERO
> Florida Bar No. 613819
> AMANDA MCGOVERN
> Florida Bar No. 964263
> ZAHARAH R. MARKOE
> Florida Bar No. 504734

## CERTIFICATE OF SERVICE

I certify that on May 22, 2020, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

> /s/Andres Rivero
> ANDRES RIVERO