# EXHIBIT C

IRA KLEIMAN (ESTATE OF DAVID KLEIMAN), ET AL. vs CRAIG WRIGHT
IRA KLEIMAN on 04/08/2019

1                    UNITED STATES DISTRICT COURT

2                    SOUTHERN DISTRICT OF FLORIDA

3                    CASE NO. 9:18-cv-80176-BB/BR

4
     IRA KLEIMAN, as the personal
5    representative of the Estate of
     David Kleiman, and W&K Info Defense
6    Research, LLC

7             Plaintiffs,

8    -vs-

9    CRAIG WRIGHT

10            Defendant.

11

12   * * * * * * * * * * * * * * * * * * *

13   VIDEOTAPED DEPOSITION OF IRA KLEIMAN

14   DATE TAKEN: April 8, 2019

15   TIME: 10:10 - 2:55 p.m.

16   PLACE:100 S.E. 2nd Street

17   Miami, Florida 33131

18
     TAKEN BEFORE: RICK E. LEVY, RPR, FPR
19                 AND NOTARY PUBLIC

20

21   * * * * * * * * * * * * * * * * * * *

22

23

24

25

1      Q.    Our analysis shows that two drives were

2    formated and installed with Windows on November 10, 2013

3    would that date be about right?

4      A.    Possibly, yes.

5      Q.    Did you purchase the Windows software

6    installed on those drives?

7      A.    I don't remember.

8      Q.    You don't remember?

9      A.    (Indicating).

10     Q.    Would any -- do you have any documents like

11   credit card receipts showing you purchased the Windows

12   software?

13     A.    I don't know.

14     Q.    You don't know?

15     A.    Could have been a version of Windows that my

16   brother had.

17     Q.    You also say that you threw out a bunch of

18   Dave's work papers.  How much is a bunch?

19     A.    Just when I was cleaning out his house.  I

20   don't remember exactly how many.

21     Q.    When you threw these papers out was it the

22   same day November 10th 2013 or November of 2013?

23     A.    No.  This was like shortly after he passed

24   away when I was going through his house, going through

25   his stuff.

IRA KLEIMAN (ESTATE OF DAVID KLEIMAN), ET AL. vs CRAIG WRIGHT
IRA KLEIMAN on 04/08/2019                                                      Page 48

1        Q.   Did you keep any of the documents that he had,

2   any of his work papers?

3        A.   I couldn't really find any like work papers.

4   I only found things like related to the certificates

5   that he earned like security related certificates.

6        Q.   You threw away his certificates?

7        A.   No, I'm saying I kept --

8        Q.   You kept those?

9        A.   Right.

10       Q.   When you say the working papers you threw away

11  what are you referring to?

12       A.   Actually I'm not even sure they were work

13  papers.  I guess they looked like things that didn't

14  look relevant to keeping.

15       Q.   Did you read all the papers before you threw

16  them away?

17       A.   Briefly.

18       Q.   So I guess none of it seemed important?

19       A.   Exactly.

20       Q.   Let me ask you.  If any of those documents had

21  a random set of numbers and letters and just random

22  gibberish you would haven't considered that important,

23  would you?

24            MR. FREEDMAN:  Objection.

25            THE WITNESS:  I don't know.  I don't know.

IRA KLEIMAN (ESTATE OF DAVID KLEIMAN), ET AL. vs CRAIG WRIGHT
IRA KLEIMAN on 04/08/2019

```
 1   BY MR. PASCHAL:

 2        Q.   So what did you do to determine whether or not

 3   something was important?

 4        A.   Just whatever I looked at -- I don't know

 5   specifically.  I mean like I was just going through

 6   papers quickly and if something looked like it was

 7   connected to him I would keep it.

 8        Q.   Say the last part again, I couldn't hear you.

 9        A.   If something looked like it was connected to

10   him I would keep it.  Like certificates, things he

11   earned, anything personal.

12        Q.   So --

13        A.   Like a lot of stuff I threw out could have

14   just been like junk mail.  That was unimportant I didn't

15   need to keep it.

16        Q.   How would you consider something junk mail?

17        A.   Like advertisement type stuff.

18        Q.   Let me just -- when you were formating or when

19   you threw out the papers were you already the personal

20   representative of the estate?  Let me rephrase that.  Do

21   you know -- do you know that you were the personal

22   representative of the estate when you --

23        A.   I'm not sure if I knew at that time.

24        Q.   Okay.

25             MR. FREEDMAN:  We've been going an hour.  Can
```

1      we take a break?

2            MR. PASCHAL:  Can we --

3            MR. FREEDMAN:  If you have more questions go

4      ahead.

5            MR. PASCHAL:  Few more questions and then we

6      can take a break.

7   BY MR. PASCHAL:

8      **Q.   So you said if it was connected to Dave you**

9   **would keep it.  So if something I'm just trying to**

10  **figure out what the measurement that was.  If there was**

11  **scribbling on papers would you just throw that away?**

12           MR. FREEDMAN:  Objection.

13           THE WITNESS:  I don't know.  Possibly.

14  BY MR. PASCHAL:

15     **Q.   When did you become familiar with Bitcoin?**

16           MR. FREEDMAN:  Do you think maybe we can take

17     a break here?  Sounds like you're going to a

18     different topic.

19           MR. PASCHAL:  Let's take a break.

20           THE VIDEOGRAPHER:  The time is 11:03 a.m. and

21     we're off the record.

22           (Thereupon, a brief recess was taken.)

23           THE VIDEOGRAPHER:  The time is now 11:17 a.m.

24     and we're back on the record.

25

```
 1   BY MR. PASCHAL:

 2        Q.   Sorry.  Just briefly before we left off and

 3   earlier today.  I have some follow-up questions.  Did

 4   Dave live in Palm Beach Gardens?

 5        A.   It might be officially called like Riviera

 6   Beach.

 7        Q.   It's in the area, right?

 8        A.   Yes.

 9        Q.   Palm Beach County?

10        A.   Yes.

11        Q.   Last time you saw Dave was in 2009?

12        A.   Yes.

13        Q.   And you guys lived in the same county?

14        A.   Yes.

15        Q.   About how far apart did you guys live from

16   each other?

17        A.   Five to ten minutes.

18        Q.   When we left off we were talking about on the

19   e-mail where you formated and you said you formated

20   threw out some of Dave's work papers so I think we were

21   talking about the work papers.  Why were you throwing

22   the papers away?

23        A.   Like I said it just looked like it was

24   unimportant stuff.  Everyday stuff you get in the mail

25   just advertisements, news clipping type and things.
```

IRA KLEIMAN (ESTATE OF DAVID KLEIMAN), ET AL. vs CRAIG WRIGHT
IRA KLEIMAN on 04/08/2019                                                      Page 52

1       Q.   So if you go back to that e-mail in front of

2    you you say that you were concerned that you made a

3    mistake?

4       A.   Yes.

5       Q.   How were you concerned?

6            MR. FREEDMAN:   You said how or what?

7    BY MR. PASCHAL:

8       Q.   Why?  Why were you concerned?

9       A.   What's that?

10      Q.   Why were you concerned?

11      A.   Because I had just discarded some of his

12   stuff.

13      Q.   But you said the stuff you discarded was junk

14   mail?

15      A.   Right.  And I was using his drives.

16      Q.   So you were concerned because you were using

17   his drives, not because you threw out his work papers?

18      A.   No.  I was concerned about a little of

19   everything.

20      Q.   But sitting here today you can't tell us the

21   content of the papers that you threw out?

22           MR. FREEDMAN:   Objection.

23           THE WITNESS:   No.

24   BY MR. PASCHAL:

25      Q.   But you were concerned that you were throwing

1  day that they went to Dave's house you haven't seen any
2  of those pictures?
3       A.   No.
4       Q.   On the drive that you -- you threw away you
5  wouldn't be able to tell us today one way or another
6  whether or not there was Bitcoin wallets or Bitcoin
7  information on that drive?
8       A.   I was never able to access it.
9       Q.   So you wouldn't be able to tell us today
10 whether or not Bitcoin wallets or Bitcoin were on that
11 drive?
12           MR. FREEDMAN:  Objection.
13           THE WITNESS:  Again I wasn't able to access
14      it.
15 BY MR. PASCHAL:
16      Q.   Is it a yes or no?
17      A.   Anything could have been on it.
18      Q.   But you wouldn't know?
19      A.   I wouldn't know because I couldn't access it.
20      Q.   And you threw it away?
21      A.   Yes.  It was -- it didn't work.
22      Q.   Just going back.  So when you came in
23 possession of Dave's computers did you have your own
24 personal computer?
25      A.   Yes.

IRA KLEIMAN (ESTATE OF DAVID KLEIMAN), ET AL. vs CRAIG WRIGHT
IRA KLEIMAN on 04/08/2019

1    Q.   So why did you format Dave's devices so that

2  you could use those computers?

3    A.   I guess I needed more storage space.  Maybe my

4  computer was full with stuff, other stuff.

5    Q.   So sitting here today you can't tell us why

6  you decided to use Dave's computers, you're speculating,

7  are you?

8    A.   Why I couldn't use --

9    Q.   Why did you use Dave's computers rather than

10 your own?

11   A.   I put the operating systems on there because

12 my computer might have had a different operating system.

13 For one reason or another I needed to use like Windows 7

14 or Windows 8 so that's why I formated those two and put

15 those operating systems on there.

16   Q.   Why didn't you just get another hard drive or

17 computer?

18        MR. FREEDMAN:  Objection.

19        THE WITNESS:  His were laying around and

20    they -- they said they could be formated.

21 BY MR. PASCHAL:

22   Q.   Who said they could be formated?

23   A.   When I plugged them in the pop up screen said

24 that the drives need to be formated.  So that to me that

25 appears that the drives were empty.

```
 1        Q.    When you had the drive that was broken what

 2   made you think it was broken?

 3        A.    It wouldn't turn on.  You didn't hear like the

 4   platter spinning or anything.

 5        Q.    Did you ask for any professional help trying

 6   to get it to start, to turn on?

 7        A.    No.

 8        Q.    So just -- you tried turning it on it didn't

 9   turn on so you threw it away?

10        A.    Yes.

11             MR. FREEDMAN:  Objection.

12   BY MR. PASCHAL:

13        Q.    So when you became the personal representative

14   of the estate of Dave Kleiman what steps did you take to

15   preserve the assets of the estate?

16        A.    Well, I reached out to my attorney --

17             MR. FREEDMAN:  Ira, if you can answer the

18        question without revealing what you discussed with

19        your attorney then answer it.  But don't discuss

20        anything that you discussed with your attorney.

21             MR. PASCHAL:  Your objection is don't talk

22        about Karp?

23             MR. FREEDMAN:  Just discussions with your

24        lawyer.

25             MR. PASCHAL:  Don't tell me about your
```

Ira Kleiman
January 10, 2020

1                    UNITED STATES DISTRICT COURT

2                    SOUTHERN DISTRICT OF FLORIDA

3                     CASE NO. 9:18-cv-80176-BB/BR

4
     IRA KLEIMAN, as the personal representative
5    of the Estate of David Kleiman, and
     W&K Info Defense Research, LLC,
6
               Plaintiffs,
7
     -vs-
8
     CRAIG WRIGHT,
9
               Defendant.
10

11   * * * * * * * * * * * * * * * * * *

12   VIDEOTAPED DEPOSITION OF IRA KLEIMAN

13   DATE TAKEN: January 10, 2020

14   TIME: 8:49 a.m. - 2:45 p.m.

15   PLACE: 2525 Ponce de Leon Boulevard

16   Miami, Florida 33134

17
     TAKEN BEFORE: RICK E. LEVY, RPR, FPR
18                   AND NOTARY PUBLIC

19

20   * * * * * * * * * * * * * * * * * *

21

22

23

24

25

Ira Kleiman
January 10, 2020                                    34

1       A.   It has belongings of some of Dave's, some of

2   mine, some of my parents.  Just full of stuff from my

3   family.

4       Q.   The stuff you have not produced you're not

5   prepared to tell us today what hasn't been produced?

6       A.   I just told you I didn't turn over his books.

7       Q.   Was it just books and certificates?

8       A.   For the most part.

9       Q.   What else was there?

10      A.   You mean -- are you talking about paper

11  documents or are you talking about like all of his

12  belongings.

13      Q.   Talking about documents.  So this is a

14  physical document.

15      A.   Any piece of paper -- any single piece of

16  paper he may have been attached to?

17      Q.   Yes, every single paper.  I'm going to break

18  it down.  So papers, documents, what did you not

19  produce?

20      A.   Could be like magazines that he had, stuff

21  going back years when he worked for company -- his old

22  companies like Security Doc or something.

23      Q.   Magazines so you thought magazines were

24  important enough to keep?

25      A.   They were important to him.  So I kept them.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>          Plaintiffs,<br><br>v.<br><br>CRAIG WRIGHT,<br><br>          Defendant. | **CASE NO.: 9:18-cv-80176-BB/BR** |

## PLAINTIFF IRA KLEIMAN'S RESPONSE TO
## <u>DR. WRIGHT'S FIRST REQUEST FOR ADMISSION TO IRA KLEIMAN</u>

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and Rule 26.1 of the Local Rules of the Southern District of Florida, Plaintiff Ira Kleiman ("Plaintiff") hereby serves its Response and Objections to Defendant's First Request for Admissions dated March 2, 2020.

## <u>GENERAL OBJECTIONS</u>

Plaintiff objects to these Requests to the extent they attempt to impose obligations on Plaintiff other than those imposed or authorized by the Federal Rules of Civil Procedure, Local Rules of the Southern District of Florida, and/or any applicable orders of the Court.  Plaintiff further objects to these Requests to the extent they are overbroad, vague, ambiguous, or undefined. Plaintiff objects to the extent that these Requests lack relevance or proportionality to the needs of the case or to the issues at stake.

Plaintiff also objects to these Requests to the extent they seek the disclosure of documents protected from discovery by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege and exemption.  Inadvertent disclosure of any privileged or otherwise

30.     Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Bachelor's degrees in law.

*Response:  Objection.  This request seeks information that is not relevant to any of the claims or defenses in the case.*

31.     Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Bachelor's degrees in economics.

*Response:  Objection.  This request seeks information that is not relevant to any of the claims or defenses in the case.*

32.     Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Bachelor's degrees in statistics.

*Response:  Objection.  This request seeks information that is not relevant to any of the claims or defenses in the case.*

33.     Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Bachelor's degrees in information security.

*Response:  Objection.  This request seeks information that is not relevant to any of the claims or defenses in the case.*

34.     Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Bachelor's degrees in cryptography.

*Response:  Objection to the extent that the Request implies that such a Bachelor's degree existed and/or were otherwise available to Dave Kleiman.  Subject to that Objection, the request is Admitted.*

35.     Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Bachelor's degrees in software development.

*Response:  Objection to the extent that the Request implies such a Bachelor's degree existed and/or were otherwise available to Dave Kleiman.  Subject to that Objection, the request is Admitted.*

36.  Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Bachelor's degrees in project management.

*Response:  Objection.  This request seeks information that is not relevant to any of the claims or defenses in the case.*

37.  Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Bachelor's degrees in engineering.

*Response:  Objection.  This request seeks information that is not relevant to any of the claims or defenses in the case.*

38.  Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Bachelor's degrees in finance.

*Response:  Objection.  This request seeks information that is not relevant to any of the claims or defenses in the case.*

39.  Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Bachelor's degrees in game theory.

*Response:  Objection.  This request seeks information that is not relevant to any of the claims or defenses in the case.*

40.  Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Master's degrees in mathematics.

*Response:  Objection.  This request seeks information that is not relevant to any of the claims or defenses in the case.*

41.     Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Master's degrees in computer science.

*Response:  Objection.  This request seeks information that is not relevant to any of the claims or defenses in the case.*

42.     Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Master's degrees in law.

*Response:  Objection.  This request seeks information that is not relevant to any of the claims or defenses in the case.*

43.     Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Master's degrees in economics.

*Response:  Objection.  This request seeks information that is not relevant to any of the claims or defenses in the case.*

44.     Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Master's degrees in statistics.

*Response:  Objection.  This request seeks information that is not relevant to any of the claims or defenses in the case.*

45.     Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Master's degrees in information security.

*Response:  Objection.  This request seeks information that is not relevant to any of the claims or defenses in the case.*

46.     Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Master's degrees in cryptography.

11

*Response:  Objection to the extent that the Request implies that such a Master's degree existed and/or were otherwise available to Dave Kleiman.  Subject to that Objection, the request is Admitted.*

47.    Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Master's degrees in software development.

*Response:  Objection to the extent that the Request implies that such a Master's degree existed and/or were otherwise available to Dave Kleiman.  Admitted.*

48.    Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Master's degrees in project management.

*Response:  Objection.  This request seeks information that is not relevant to any of the claims or defenses in the case.*

49.    Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Master's degrees in engineering.

*Response:  Objection.  This request seeks information that is not relevant to any of the claims or defenses in the case.*

50.    Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Master's degrees in finance.

*Response:  Objection.  This request seeks information that is not relevant to any of the claims or defenses in the case.*

51.    Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Master's degrees in game theory.

*Response:  Objection.  This request seeks information that is not relevant to any of the claims or defenses in the case.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>CRAIG WRIGHT,<br><br>　　　　　Defendant. | **CASE NO.: 9:18-cv-80176-BB/BR** |

## PLAINTIFF IRA KLEIMAN'S SUPPLEMENTAL RESPONSE
## TO #'S 28-33, 36-45, 48-57, AND 60-63
## OF DR. WRIGHT'S FIRST REQUEST FOR ADMISSION TO IRA KLEIMAN

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and Rule 26.1 of the Local Rules of the Southern District of Florida, and Magistrate Judge Reinhart's Order overruling Plaintiff's objections to Requests #'s 28-33, 36-45, 48-57 and 60-63, Plaintiff Ira Kleiman ("Plaintiff") hereby serves its Response and Objections to Defendant's First Request for Admissions dated March 2, 2020.

## GENERAL OBJECTIONS

Plaintiff objects to these Requests to the extent they attempt to impose obligations on Plaintiff other than those imposed or authorized by the Federal Rules of Civil Procedure, Local Rules of the Southern District of Florida, and/or any applicable orders of the Court.  Plaintiff further objects to these Requests to the extent they are overbroad, vague, ambiguous, or undefined. Plaintiff objects to the extent that these Requests lack relevance or proportionality to the needs of the case or to the issues at stake.

Plaintiff also objects to these Requests to the extent they seek the disclosure of documents protected from discovery by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege and exemption. Inadvertent disclosure of any privileged or otherwise protected documents or information shall not be a waiver of any claim of privilege, work-product protection, or exemption.

Plaintiff further objects to all Requests that seek an admission that he has "no documents, electronic devices or communications" on two bases. First, this is an attempt to require a search for documents that may go beyond what the parties have agreed to for the scope of document searches. Second, and independent of the first objection, Plaintiff possesses electronic devices that are encrypted and that he cannot access.

Subject to and without waiving the foregoing General Objections, all of which are incorporated as if fully stated herein, Plaintiff responds to the specific Requests as follows:

## RESPONSES TO REQUESTS FOR ADMISSION

28.  Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Bachelor's degrees in mathematics.

*Response:  Objection to the extent that the Request implies that such a Bachelor's degree existed and/or was otherwise available to Dave Kleiman.  Subject to that Objection, the request is Admitted.*

29.  Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Bachelor's degrees in computer science.

*Response:  Objection to the extent that the Request implies that such a Bachelor's degree existed and/or was otherwise available to Dave Kleiman.  Subject to that Objection, the request is Admitted in Part and Denied in Part.  Plaintiff has*

*documents that show that Dave Kleiman was pursuing a Bachelor's degree in computer science.  Plaintiff does not have any documents that show whether Dave Kleiman ever received that degree.*

30.     Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Bachelor's degrees in law.

*Response:  Objection to the extent that the Request implies that such a Bachelor's degree existed and/or was otherwise available to Dave Kleiman.  Subject to that Objection, the request is Admitted.*

31.     Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Bachelor's degrees in economics.

*Response:  Objection to the extent that the Request implies that such a Bachelor's degree existed and/or was otherwise available to Dave Kleiman.  Subject to that Objection, the request is Admitted.*

32.     Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Bachelor's degrees in statistics.

*Response:  Objection to the extent that the Request implies that such a Bachelor's degree existed and/or was otherwise available to Dave Kleiman.  Subject to that Objection, the request is Admitted.*

33.     Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Bachelor's degrees in information security.

*Response:  Objection to the extent that the Request implies that such a Bachelor's degree existed and/or was otherwise available to Dave Kleiman.  Subject to that Objection, the request is Admitted.*

36.     Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Bachelor's degrees in project management.

**Response:  Objection to the extent that the Request implies that such a Bachelor's degree existed and/or was otherwise available to Dave Kleiman.  Subject to that Objection, the request is Admitted.**

37.     Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Bachelor's degrees in engineering.

**Response:  Objection to the extent that the Request implies that such a Bachelor's degree existed and/or was otherwise available to Dave Kleiman.  Subject to that Objection, the request is Admitted.**

38.     Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Bachelor's degrees in finance.

**Response:  Objection to the extent that the Request implies that such a Bachelor's degree existed and/or was otherwise available to Dave Kleiman.  Subject to that Objection, the request is Admitted.**

39.     Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Bachelor's degrees in game theory.

**Response:  Objection to the extent that the Request implies that such a Bachelor's degree existed and/or was otherwise available to Dave Kleiman.  Subject to that Objection, the request is Admitted.**

40.     Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Master's degrees in mathematics.

*Response: Objection to the extent that the Request implies that such a Master's degree existed and/or was otherwise available to Dave Kleiman. Subject to that Objection, the request is Admitted.*

41. Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Master's degrees in computer science.

*Response: Objection to the extent that the Request implies that such a Master's degree existed and/or was otherwise available to Dave Kleiman. Subject to that Objection, the request is Admitted.*

42. Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Master's degrees in law.

*Response: Objection to the extent that the Request implies that such a Master's degree existed and/or was otherwise available to Dave Kleiman. Subject to that Objection, the request is Admitted.*

43. Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Master's degrees in economics.

*Response: Objection to the extent that the Request implies that such a Master's degree existed and/or was otherwise available to Dave Kleiman. Subject to that Objection, the request is Admitted.*

44. Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Master's degrees in statistics.

*Response: Objection to the extent that the Request implies that such a Master's degree existed and/or was otherwise available to Dave Kleiman. Subject to that Objection, the request is Admitted.*

45.     Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Master's degrees in information security.

*Response:  Objection to the extent that the Request implies that such a Master's degree existed and/or was otherwise available to Dave Kleiman.  Subject to that Objection, the request is Admitted.*

48.     Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Master's degrees in project management.

*Response:  Objection to the extent that the Request implies that such a Master's degree existed and/or was otherwise available to Dave Kleiman.  Subject to that Objection, the request is Admitted.*

49.     Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Master's degrees in engineering.

*Response:  Objection to the extent that the Request implies that such a Master's degree existed and/or was otherwise available to Dave Kleiman.  Subject to that Objection, the request is Admitted.*

50.     Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Master's degrees in finance.

*Response:  Objection to the extent that the Request implies that such a Master's degree existed and/or was otherwise available to Dave Kleiman.  Subject to that Objection, the request is Admitted.*

51.     Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Master's degrees in game theory.

*Response:  Objection to the extent that the Request implies that such a Master's degree existed and/or was otherwise available to Dave Kleiman.  Subject to that Objection, the request is Admitted.*

52.  Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Doctorate degrees in mathematics.

*Response:  Objection to the extent that the Request implies that such a Doctorate degree existed and/or was otherwise available to Dave Kleiman.  Subject to that Objection, the request is Admitted.*

53.  Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Doctorate degrees in computer science.

*Response:  Objection to the extent that the Request implies that such a Doctorate degree existed and/or was otherwise available to Dave Kleiman.  Subject to that Objection, the request is Admitted.*

54.  Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Doctorate degrees in law.

*Response:  Objection to the extent that the Request implies that such a Doctorate degree existed and/or was otherwise available to Dave Kleiman.  Subject to that Objection, the request is Admitted.*

55.  Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Doctorate degrees in economics.

*Response:  Objection to the extent that the Request implies that such a Doctorate degree existed and/or was otherwise available to Dave Kleiman.  Subject to that Objection, the request is Admitted.*

56.     Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Doctorate degrees in statistics.

*Response:  Objection to the extent that the Request implies that such a Doctorate degree existed and/or was otherwise available to Dave Kleiman.  Subject to that Objection, the request is Admitted.*

57.     Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Doctorate degrees in information security.

*Response:  Objection to the extent that the Request implies that such a Doctorate degree existed and/or was otherwise available to Dave Kleiman.  Subject to that Objection, the request is Admitted.*

60.     Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Doctorate degrees in project management.

*Response:  Objection to the extent that the Request implies that such a Doctorate degree existed and/or was otherwise available to Dave Kleiman.  Subject to that Objection, the request is Admitted.*

61.     Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Doctorate degrees in engineering.

*Response:  Objection to the extent that the Request implies that such a Doctorate degree existed and/or was otherwise available to Dave Kleiman.  Subject to that Objection, the request is Admitted.*

62.     Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Doctorate degrees in finance.

*Response:  Objection to the extent that the Request implies that such a Doctorate degree existed and/or was otherwise available to Dave Kleiman.  Subject to that Objection, the request is Admitted.*

63.    Admit You have no documents, electronic devices, or communications that show Dave Kleiman received any Doctorate degrees in game theory.

*Response:  Objection to the extent that the Request implies that such a Doctorate degree existed and/or was otherwise available to Dave Kleiman.  Subject to that Objection, the request is Admitted.*

Dated: April 15, 2020                                   Respectfully submitted,

                                                        *s/ Andrew Brenner*
                                                        Andrew S. Brenner, Esq.
                                                        **BOIES SCHILLER FLEXNER LLP**
                                                        100 SE 2nd Street, Suite 2800
                                                        Miami, Florida 33131
                                                        abrenner@bsfllp.com

                                                        Velvel (Devin) Freedman, Esq.
                                                        **ROCHE CYRULNIK FREEDMAN LLP**
                                                        200 S. Biscayne Blvd.
                                                        Suite 5500
                                                        Miami, Florida 33131
                                                        vel@rcfllp.com

                                                        Kyle W. Roche, Esq.
                                                        Joe Delich, Esq.
                                                        *Admitted Pro Hac Vice*
                                                        **ROCHE CYRULNIK FREEDMAN LLP**
                                                        99 Park Avenue, Suite 1910
                                                        New York, NY 10016
                                                        kyle@rcfllp.com
                                                        Jdelich@rcfllp.com

*Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 15, 2020 a true and correct copy of the foregoing was

served on all counsel of record.

_/s/ Andrew S. Brenner_____
ANDREW S. BRENNER