**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

       plaintiffs,

v.                             **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

       defendant.

_____/

**DR. WRIGHT'S RESPONSE TO PLAINTIFFS'**
**<u>STATEMENT OF UNDISPUTED MATERIAL FACTS</u>**

Pursuant to Local Rule 56.1, Dr. Wright responds to plaintiffs' statement of facts.

1.      When he was asked at a deposition on March 18, 2020, "[D]id you ever tell Ira that he would be releasing you from claims if he accepted shares in Coin-Exch," Defendant responded, "No, I never made any such thing." Ex. 1 (Mar. 18, 2020 Dep. of Craig S. Wright), at 227:23– 228:1.

Response: denied as phrased. In addition to their claims based on an oral partnership, plaintiffs repeatedly claim loss based on the Coin-Exch shares. *E.g.*, Plaintiffs' Second Amended Complaint [D.E. 83] ¶ 202.

2.      When Defendant was asked at the same deposition, "Did you ever tell Ira that he would be waiving any claims against you if he accepted shares in Coin-Exch," Defendant again answered, "No, I did not say anything like that." *Id.* at 228:2–6.

Response: denied as phrased. In addition to their claims based on an oral partnership, plaintiffs repeatedly claim loss based on the Coin-Exch shares. *E.g.*, Plaintiffs' Second Amended Complaint [D.E. 83] ¶ 202.

3.      The share transfers for Coin-Exch that Defendant provided to Ira Kleiman and that Ira signed do not include a statement that the shares were provided as part of an agreement that they would constitute accord and satisfaction (or otherwise release) the claims Plaintiffs assert in this case. Ex. 2 (Transfer of Shares), DEF_00001114, at 1114

Response: denied as phrased. In addition to their claims based on an oral partnership, plaintiffs repeatedly claim loss based on the Coin-Exch shares. *E.g.*, Plaintiffs' Second Amended Complaint [D.E. 83] ¶ 202.

4.      Defendant wrote to Ira Kleiman after Dave Kleiman's death, "The software Dave updated and which I have transferred back in OUR company, and it is OURs as you are Dave's heir . . . ." Ex. 3 (Apr. 24, 2014 Email from Craig S Wright to Ira Kleiman, *re: Questions*), DEFAUS_00627954, at 7954.

Response: denied as phrased. Dr. Wright testified that these emails were likely hacked.

5.      Defendant testified that he never told Ira Kleiman "anything like" the fact that Ira "would be waiving any claims against [him] if [Ira] accepted shares in Coin-Exch." Ex. 1 (Mar. 18, 2020 Dep. of Craig S. Wright), at 227:23–228:6.

Response: denied as phrased. In addition to their claims based on an oral partnership, plaintiffs repeatedly claim loss based on the Coin-Exch shares. *E.g.*, Plaintiffs' Second Amended Complaint [D.E. 83] ¶ 202.

6. There is no allegation or evidence in this case that the Estate or W&K have any outstanding liability to Defendant. *See* ECF No. [87] (Amended Answer to Second Amended Complaint), at 34 (Set-off defense).

Response: plaintiffs destroyed D.K.'s papers and electronic devices. *See* D.E. 488 ¶ 25. To the extent that there is a hidden fortune of bitcoin, plaintiffs destroyed access to that purported bitcoin.

7. The Estate of Dave Kleiman ("Estate") was not a party to the two consent proceedings filed by Defendant against W&K Info Defense Research, LLC ("W&K) in Australia resulting in consent orders against W&K agreed to on behalf of W&K by Defendant ("Australian Court Proceedings").

Response: Denied. W&K was served at D.K.'s mailing address. D,E. 488 at ¶ 33.

8. The Estate was not a party to the Australian Taxation Office ("ATO") investigation of Defendant and/or Coin-Exch. ECF No. [83-18] (Completion of Audit), at 2.

Response: denied. Plaintiffs have no evidence to suggest an ATO investigation. But it is admitted that Plaintiffs were never involved in any ATO audits, which is because they were never in any partnership with Dr. Wright.

9. W&K was not a party to the ATO investigation. *Id.*

Response: see Response to number 8.

10. The Australian Court Proceedings were closed by the time Plaintiffs found out about them. ECF No. [83-22] (Nov. 6, 2013 Judgements), at 8 (judgment entered November 6, 2013), *with* ECF No. [50-1] (Decl. of Ira Kleiman), at ¶ 10 ("I first became aware of the two claims Craig Wright filed in New South Wales Supreme Court on April 15, 2014 when the Australian Tax Office contacted me.").

Response: Denied. W&K was served in the Australian lawsuits. D.E. 488 ¶ 34.

11. Jamie Wilson is an individual who allegedly consented on behalf of W&K to the entry of orders in the Australian Court Proceedings. ECF No. [83-19] (Consent Orders), at 3, 5.

Response: denied. An expert confirmed that Jamie Wilson signed documents in the Australian proceedings.

12.     Mr. Wilson testified that he was never a director of W&K. Ex. 4 (Nov. 8, 2019 Dep. of Jamie Wilson), at 33:9–11.

Response: denied. See response to number 11.

13.     Mr. Wilson testified that he was never a shareholder of W&K. *Id.* 33:12–14.

Response: denied. See response to number 11.

14.     Mr. Wilson testified that he was never an officer of W&K. *Id.* 33:15–16.

Response: denied. See response to number 11.

15.     When he was presented with a copy of an affidavit submitted by Craig Wright in the Australian proceeding stating that there had been an August 2013 meeting where it was moved that he would "act as a director for purposes of consenting to orders and the company to be wound down," Mr. Wilson responded, "This is my first knowledge that I was acting as a director of the U.S. company." *Id.* 69:22–70:10.

Response: denied. See response to number 11.

16.     Mr. Wilson testified that he would disagree with the account from the minutes of the meeting with respect to his appointment as a director of W&K. *Id.* 71:8–12.

Response: denied. See response to number 11.

17.     Mr. Wilson testified, "This is my first that I am being made aware that I was ah director of the LLC company."  *Id.*

Response: denied. See response to number 11.

18.     In one hearing in the Australian Court Proceedings, Defendant stated that he owned more than 50% of W&K. Ex. 5 (Oct. 30, 2013 Registrar Hearing Transcript), at 1:40 ("I have 51% of the shares").

Response: denied. Ms. Lynn Wright testified that she is an owner in W&K. D.E. 488 at ¶ 40.

19.     In a later hearing, he stated that he owned 100% of W&K. Ex. 6 (Nov. 6, 2013 Registrar Hearing Transcript), at 1:36 ("Yes, I'm now the sole shareholder in an American company."); *id.* 1:37–38 ("I own all the shares over here and want to bring everything back in.").

Response: see response to number 18.

4

20.     Defendant filed an affidavit in this case disavowing any current or former ownership of or director role in W&K. ECF No. [12-2] (Decl. of Craig Wright), at ¶ 12 ("I have never been a director, member, shareholder, officer, employee, or representative of W&K or of any Florida business.").

Response: Admitted, see response to number 18.

21.     Defendant also stated in the Australian Court Proceedings that he had control of all of W&K's accounts. Ex 11 (Oct. 30, 2013 Registrar Hearing Transcript), at 2:26–29 ("We have actually taken control of the accounts and whatever else, which we've got stat decs for that, so effectively this is a formality because we have actually – the company has controlled all of the accounts now.").

Response: denied. See response to number 18.

22.     Ira Kleiman filed a declaration in this case stating that the Australian Court Proceedings were not properly served on W&K. ECF No. [50-1] (Decl. of Ira Kleiman), at ¶ 10 Response: denied.

Response: Denied. W&K was served in the Australian lawsuits. D.E. 488 ¶ 34.

23.     Defendant purported to appear for W&K as its "Director/Australian Agent" and listed his Australian address as the "[a]ddress for service" for W&K. ECF No. [83-30] (Aug. 19, 2013 Acknowledgments of Liquidated Claim), KLEIMAN_00559309, at 3.

Response: Denied. W&K was served in the Australian lawsuits at its mailing address. D.E. 488 ¶ 34.

24.     In an affidavit filed in the Australian Court Proceedings, Defendant stated that W&K had been served by "mailing" a copy of the statement of claim to W&K's registered mailing address, and by "leaving" a copy at W&K's registered address for service. Ex. 7 (Statement of Claim), DEFAUS_01073503

Response: Denied. W&K was served in the Australian lawsuits at its mailing address. D.E. 488 ¶ 34.

25.     To the extent Defendant has any evidence of attempted mailings to W&K, it is only of mailing of a "notice of listing" document to the U.S. Ex. 8 (Jan. 9, 2020 Dep. of Zachary Eisner), at 104:6–18, 106:9–12, 106:21–22, 116:25–117:22.

Response: denied. On September 3, 2013, the Supreme Court of New South Wales issued the Notice of Listing for the case styled *Craig Steven Wright v. W&K Info Defense Research LLC*, Case No. 2013/00245661. The Notice of Listing stated that on October 30, 2013, at 9 a.m., the case would be "listed for Directions" in the "Supreme Court-Civil, Supreme Court Sydney Court 9C Queens Square Sydney," and warned that "[i]f you do not appear at Court, this matter may be dealt with in your absence." Finally, the Notice of Listing stated that "[l]isitng details for the cases are" available by, inter alia, an internet website link. D.E. 488 at ¶ 34.

26.     Service in the Australian Consent Proceedings was purportedly mailed to W&K's mailing address. ECF No. [83-4] (Affidavit of Craig S Wright), at 4, 8.

Response: denied. W&K was served in the Australian lawsuits at its mailing address. D.E. 488 ¶ 34.

27.     Service in the Australian Consent Proceedings was not purportedly mailed to W&K's registered address for service of process. *Id.*

Response: denied. W&K was served in the Australian lawsuits at its mailing address. D.E. 488 ¶ 34.

28.     Service was purportedly effected at W&K's registered address for service "by leaving it with the Defendant." *Id.* at 4.

Response: denied. W&K was served in the Australian lawsuits at its mailing address. D.E. 488 ¶ 34.

29.     W&K is a Florida LLC. *Id.*; ECF No. [83-3] (Electronic Articles of Organization), at 2.

Response: admitted.

30.     Furthermore, the "notice of listing" did not include the statement of claim, a summons, or any information about the lawsuit except for the case number, case title, and a listing date for one of the proceedings. Ex. 8 (Eisner Dep.), Ex. 13 (PAIGE 00001908), at 1.

Response: denied. On September 3, 2013, the Supreme Court of New South Wales issued the Notice of Listing for the case styled Craig Steven Wright v. W&K Info Defense Research LLC, Case No. 2013/00245661. The Notice of Listing stated that on October 30, 2013, at 9 a.m., the case would be "listed for Directions" in the "Supreme Court-Civil, Supreme Court Sydney Court 9C Queens Square Sydney," and warned that "[i]f you do not appear at Court, this matter may be

dealt with in your absence." Finally, the Notice of Listing stated that "[l]isitng details for the cases are" available by, inter alia, an internet website link. D.E. 488 at ¶ 34.

31. Australian attorney Gordon Thomas Grieve, retained by Defendant's counsel, submitted an affidavit in this case opining that Australian law requires that Hague Convention service be performed via the designated Central Authority, upon application to the Australian court's Registrar. ECF No. [33-1] (Affidavit of Gordon Thomas Grieve), at ¶¶ 49–56.

Response: denied. service through the Central Authority "is not the only acceptable method of service under the [Hague] Convention . . . the Hague Convention permits alternate channels of service so long as they are not objected to by the receiving State." *Dimensional Commc'n, Inc. v. OZ Optics Ltd.*, 218 F.Supp.2d 653, 655-56 (D.N.J. 2002).

32. W&K was not served with the Australian Court Proceedings via the county sheriff. ECF No. [83-4] (Affidavit of Craig S Wright), at 3.

Response: denied. W&K was served in the Australian lawsuits at its mailing address. D.E. 488 ¶ 34.

33. Defendant listed his Australian address as W&K's "[a]ddress for service" in the Australian Court Proceedings. ECF No. [83-30] (Aug. 19, 2013 Acknowledgments of Liquidated Claim), KLEIMAN_00559309, at 3, 5.

Response: denied. W&K was served in the Australian lawsuits at its mailing address. D.E. 488 ¶ 34.

34. Defendant purported to appear for W&K as its "legal agent and representative" and its "Director/Australian Agent." *Id.*

Response: denied. W&K never responded in the Australian lawsuits, even after being served at its mailing address. D.E. 488 ¶ 34.

35. Defendant filed documents in the Australian Court Proceedings purporting to acknowledge a "debt" on behalf of W&K to him, and to give "consent" to the entry of judgment against W&K. ECF No. [83-19], at 2, 5; ECF No. [83-30], at 2.

Response: Denied. Plaintiffs contradict this statement at paragraph 11.

36. Defendant has disclaimed any role as a director, member, shareholder, officer, employee, or representative of W&K in affidavits filed in in this case and in deposition testimony.

*See* ECF No. [12-2] (Decl. of Craig Wright), at ¶ 12 ("I have never been a director, member, shareholder, officer, employee, or representative of W&K or of any Florida business."); Ex. 14 (Apr. 4, 2019 Dep. of Craig S. Wright), at 219:22–23 ("Q. You have no idea who owns W&K? A. I do not know that."); *id.* 287:17–18 (Q. Did Ms. Nguyen have a role in W&K? A. W&K is not my company. I cannot talk about W&K.").

Response: denied as phrased. Ms. Lynn Wright testified that she is an owner in W&K. D.E. 488 at ¶ 40.

37.     The "record of proceedings" in the Australian Court Proceedings state that money judgments have been entered in "favour of [Craig Wright]," and that it is "the agreement of the parties that [Craig Wright] will accept transfer of the intellectual property held by the plaintiff [Craig Wright] in full satisfaction of the judgment." ECF No. [83-22], at 4–5, 8.

Response: denied. The document reflects a company making a clam and not Dr, Wright.

38.     The transcript from the final hearing in the Australian Court Proceedings reflects that entry of orders brought the Australian Court Proceedings "to a conclusion." Ex. 6 (Nov. 6, 2013 Registrar Hearing Transcript), at 2:3–7 ("REGISTRAR: In respect of matter 56 I make orders 1 through 4 of the consent order in this matter. I know that brings this matter to a conclusion. In respect of matter 59 I make orders 1, 2, and 3 of the consent orders and I note that that also brings this matter to a conclusion.").

Response: admitted.

39.     The transcript does not state that final judgment was entered on the merits of Defendant's claims. *Id.*

Response: denied. The Australian proceedings were concluded several years ago, which plaintiffs state in number 38.

40.     There is no evidence that Plaintiffs' Civil Theft claim accrued any earlier than Dave Kleiman's death in April 2013 because it specifically alleges theft from Dave Kleiman's estate and/or W&K after Dave Kleiman's death. ECF No. [83] (Second Amended Complaint), at 46.

Response: denied. Plaintiffs have never articulated when the purported theft occurred.

41.     The initial complaint in this case was filed on February 14, 2018. ECF No. [1] (Complaint).

Response: admitted.

42.     Defendant has acknowledged that Plaintiffs' remaining claims accrued no earlier than Dave Kleiman's death in April 2014 and may have accrued later. ECF No. [33] (Motion to Dismiss), at 37.

Response: denied for the reasons set forth in Dr, Wright's Motion for Summary Judgment.

43.     Following Dave Kleiman's death, Defendant first contacted the Kleiman family in February 2014. Ex. 1 (Mar. 18, 2020 Dep. of Craig S. Wright), at 124:2–22.

Response: Dr. Wright was in contact with the people that D.K. considered family before February 2014.

44.     In February 2014, Defendant contacted Dave's father and wrote that he was trying "to help [] recover what Dave owned." Ex. 9 (Feb. 11, 2014 Email from Craig S Wright to Louis Kleiman, *re: Dave*), KLEIMAN_00008280, at 8280.

Response: admitted.

45.     In April 2014, Defendant wrote to Ira Kleiman stating he would provide Ira or the Estate of David Kleiman with shares allegedly worth millions in a new company that Defendant had formed. Ex. 3 (Apr. 23, 2014 Email from Craig S Wright to Ira Kleiman, *re: Questions*), DEFAUS_00627954, at 7960 (describing to Ira Kleiman the holdings of the company and future distributions).

Response: denied. The email shows that Dr. Wright was providing shares in a start-up company.

46.     When questioned by Ira Kleiman about financial arrangements, Defendant responded, "I did the actions to make sure that the court signed off on what Dave and I had planned." *Id.* at 797.

Response: for the reasons demonstrated in Dr. Wright's motion for summary judgment, we admit that plaintiff I.K. questioned the purported "financial arrangements" well before he made his alleged fraud claims.

47.     That same email stated that Defendant would provide cash payments to Ira Kleiman or the Estate of David Kleiman. *Id.*

Response: denied. The email does not say that Dr. Wright would make cash payments to I.K.

48.     In 2014, Defendant took actions to remove Dave Kleiman as the registered agent of W&K. Ex. 10 (2014 Limited Liability Company Reinstatement filed Mar. 28, 2014), KLEIMAN_00299177, at 9177.

>     Response: denied. This exhibit doesn't show what plaintiffs state.

49.     Defendant wrote to Ira Kleiman in April 2014 that Defendant was "not trying to take anything from Dave's estate" and that Ira would receive a $12 million payment in October 2014. Ex. 3 (Apr. 23, 2014 Email from Craig S Wright to Ira Kleiman, *re: Questions*), DEFAUS_00627954, at 7960 (describing to Ira the holdings of the company and future distributions).

>     Response: Denied. The email does not state that Dr. Wright was paying I.K. anything.

50.     When that payment never arrived, Defendant blamed the delay on the ATO investigation and continued to promise that the Estate would be compensated when the investigation closed. Ex. 11 (Aug. 28, 2015 emails from Craig Wright to Ira Kleiman, *re: Communication*), KLEIMAN_00004269, at 4269.

>     Response: denied. The emails reflect that, plaintiff I.K. was offered payment for shares in Coin-Exch.

51.     Defendant stopped responding to Ira Kleiman's emails by October 9, 2015. Ex. 12 (Oct. 9, 2015 email from Ira Kleiman to Craig Wright), KLEIMAN_00398939, at 8939.

>     Response: admitted.

52.     The uncontroverted evidence is that it was not until Defendant stopped responding to email on October 9, 2015 that Ira Kleiman realized he would likely have to sue Defendant. *Id.*

>     Response: denied. Plaintiffs withheld documents from February 2014, arguing that they were prepared in preparation of litigation. D.E. 488 at ¶ 50.

53.     Plaintiffs were located in Florida during the times relevant to this case. ECF No. [83-3] (Electronic Articles of Organization), at 2; ECF No. [83-4], at 4; Ex. 13 (Apr. 8, 2019 Dep. of Ira Kleiman), at 8:14–15, 9:3–14; Ex. 17 (Jan. 9, 2020 Dep. of Zachary Eisner), at 44:5–9, 45:18–23.

>     Response: admitted,

54.     Defendant and Dave Kleiman conducted "[w]ork and research . . . under the US Dept. of Homeland Security DHS BAA" via W&K in Florida. ECF No. [83-4], at 4–5.

10

Response: denied. See response to number 18.

Respectfully submitted,

*Attorneys for Dr. Craig Wright*

RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: jmestre@riveromestre.com
Email: arolnick@riveromestre.com
Email: zmarkoe@riveromestre.com
Email: receptionist@riveromestre.com

By:  s/ Andres Rivero
     ANDRES RIVERO
     Florida Bar No. 613819
     ALAN H. ROLNICK
     Florida Bar No. 715085
     AMANDA MCGOVERN
     Florida Bar No. 964263
     ZAHARAH MARKOE
     Florida Bar No. 504734

## CERTIFICATE OF SERVICE

I certify that on May 22, 2020, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

 /s/ Andres Rivero
Andres Rivero