UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-80176-BLOOM/Reinhart

IRA KLEIMAN, *et al*.,

    Plaintiffs,

v.

CRAIG WRIGHT,

    Defendant.

_____/

## OMNIBUS ORDER

**THIS CAUSE** is before the Court upon Plaintiffs' Opposed Motions to Seal, ECF Nos. [524];[1] [527];[2] [530];[3] and [532][4] ("Motions"). The Motions represent that the underlying responses that should be sealed, ECF Nos. [525]; [528]; [533]; and [534] ("Sealed Responses"), "cite[] information Defendant has designated confidential under this Court's Stipulated Confidentiality Order." *Id.* Plaintiffs state that although they do not believe the information should remain confidential, they are "filing this motion to seal to comply with the Stipulated Confidentiality Order and the Local Rules of this Court." *Id.* The Court has reviewed the Motions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motions are denied.

---

[1] Requesting the Court to Seal Plaintiffs' Response in Opposition to Defendant's Omnibus Motion in Limine.
[2] Requesting the Court to Seal Plaintiffs' Opposition to Defendant's Motion to Exclude the Opinion Testimony of Plaintiffs' Expert Witnesses.
[3] Requesting the Court to Seal Plaintiffs' Response in Opposition to Defendant's Motion for Summary Judgment.
[4] Requesting the Court to Seal Plaintiffs' Response in Opposition to Defendant's Statement of Material Facts.

"[T]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 564–74 (1980)). "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g., Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). *See also* S.D. Fla. Local Rule 5.4(a) ("Unless otherwise prohibited by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record."). Where a court "attempts to deny access in order to inhibit the disclosure of sensitive information, it must be shown that the denial is necessitated by a compelling governmental interest, and is narrowly tailored to that interest." *Newman v. Graddick*, 696 F.2d 796, 802–03 (11th Cir.1983); *see also Brown*, 960 F.2d at 1015–16 (11th Cir.1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir.1992).

Courts "have discretion to determine which portions of the record should be placed under seal, but [such] discretion is guided by the presumption of public access to judicial documents." *Perez-Guerrero v. U.S. Attorney Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). "'What transpires in the court room is public property,' and both judicial proceedings and judicial records are presumptively available to the public[.]" *id.* (internal citation omitted). "Courts have discretion to determine which portions of the record, if any, should remain under seal, and this discretion is 'to be exercised in light of the relevant facts and circumstances of the particular case.'" *Id.* (citation omitted). When a party seeks to seal only particular documents within the record, a court's task is only "to balance the competing interests of the parties," which includes "whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial

advantage, [and] whether access is likely to promote public understanding of historically significant events." *Id.* at 1235-36 (citations omitted).

"Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (citation omitted). Indeed, a motion that is "'presented to the court to invoke its powers or affect its decisions,' whether or not characterized as dispositive, is subject to the public right of access." *Id.* at 1246. "In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents."

Further, Local Rule 5.4 sets forth procedures for filing under seal. That rule provides that, "[i]f, prior to the issuance of a ruling on the motion to file under seal, the moving party elects or is required to publicly file a pleading, motion, memorandum, or other document that attaches or reveals the content of the proposed sealed material, then the moving party must redact from the public filing all content that is the subject of the motion to file under seal." *Id.* at Rule 5.4(b)(1). Here, the Motions simply state that they "cite[] information Defendant has designated confidential[.]" In assessing the factors, the Court does not believe that sealing the responses, ECF Nos. [525], [528], [533], and [534], in their entirety is warranted. However, redactions to the Sealed Responses may be appropriate upon a proper showing of good cause.

Case No. 18-cv-80176-BLOOM/Reinhart

Accordingly, it is **ORDERED AND ADJUDGED** that the Motions, **ECF Nos. [524];** **[527]; [530];** and **[532]** are **DENIED**. However, the Sealed Responses, **ECF Nos. [525], [528], [533],** and **[534]** shall **REMAIN UNDER SEAL** until further Court order. Defendant shall reply to the sealed responses by June 2, 2020. To the extent Defendant believes that certain portions of the sealed responses are exempt from the public's right of access, the parties shall confer in good faith and by no later than June 1, 2020, Plaintiffs shall re-file the Sealed Responses with redacted portions following the procedures of Local Rule 5.4.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 25, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record