## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 18-cv-80176

IRA KLEIMAN,
as personal representative of
the estate of David Kleiman,

   Plaintiff,

v.

CRAIG WRIGHT,

Defendant.

_____/

### DEFENDANT'S MOTION IN SUPPORT OF REDACTIONS

   Defendant Dr. Craig Wright respectfully requests that the Court find good cause to permit the redactions to Plaintiffs' Omnibus Motion for Sanctions (the "Motion") [D.E. 512] and its exhibits.

   In the Court's denial of Plaintiffs' Motion to Seal its Omnibus Motion for Sanctions, the Court ordered that "redactions to the Sealed Motions may be appropriate upon a proper showing of good cause." [D.E. 508, at 3]. Dr. Wright sent his proposed redactions to plaintiffs' counsel, who then re-filed a redacted version of the originally sealed Motion and its exhibits.[1] Dr. Wright's redactions to the Motion are narrow. Of the 17 exhibits to the Motion, 5 contain redactions. *See* Ex. 1 (Dr. Wright's List of Redactions). Three of the exhibits pertain to personally identifiable information and sensitive information regarding Dr. Wright's family trust.

---

[1] Plaintiffs' counsel filed Exhibit 7 of the Motion publicly, despite Dr. Wright's request that the Exhibit 7 remain under seal. Upon defendant's request, plaintiffs filed an emergency motion to seal the document [D.E. 513], which was granted by the Court. [D.E. 514].

The Court has found good cause for nearly identical redactions. [D.E. 539][2] Therefore, just 2 documents present new redactions. These two documents both contain personal financial information that should be sealed and redacted.

"Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (citation omitted). However, the common law right of access to judicial records is "not absolute" and "may be overcome by a showing of good cause." *Inspired Techs., Inc. v. Intertape Polymer Corp.*, 2010 WL 11507753, at *1 (M.D. Fla. Dec. 6, 2010) (citing *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007)). The federal courts have adopted a balancing test to determine whether good cause exists: the standard requires the district court to "balance[e] the public interest in accessing court documents against a party's interest in keeping the information confidential." *Romero*, 480 F.3d at 1246 (citing *Chicago Tribune v. Bridgestone/Firestone*, 263 F.3d 1304, at 1309 (11th Cir. 2001)). The balancing test takes into consideration "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.*

---

[2] This order granted Dr. Wright's Motion in Support of Redactions as to Plaintiffs' Omnibus Daubert Motion to Strike Defense Exhibits [D.E. 509], Plaintiffs' Omnibus Motion in Limine [D.E. 510], and Plaintiffs' Motion for Partial Summary Judgment on Defendant's Affirmative Defense [D.E. 511]. Here, Dr. Wright redacts the same family trust document. He also redacts the email address of his wife, and the date of birth, home address, and telephone numbers of his ex-wife. *See* Ex. 1 (Dr. Wright's List of Redactions).

Dr. Wright has good cause to redact and seal the personal financial information that plaintiffs attached to their Motion. Personal financial information is indisputably covered by the Stipulated Confidentiality Order. The parties agreed in Paragraph 3 of the Stipulated Confidentiality Order that

> A Party or non-party responding to a subpoena or request for documents or information may designate as "Confidential" any document or any portion of a document, and any other thing, material, testimony, or other information that it reasonably and in good faith believes contains or reflects (a) trade secrets (b) non-public commercial financial information; (c) private corporate information; (d) materials subject to a confidentiality or non-disclosure agreement with a non-party; **(e) personal financial information;** (f) communications that contain romantically or sexually intimate statements; or (g) information that, pursuant to state, federal, or foreign law, is entitled to confidential treatment.

[D.E. 105-1, at 3–4] (emphasis added).[3] The 2 exhibits at issue fall within the category of personal financial information and should be protected.

Additionally, the balancing test clearly weighs in favor or protecting Dr. Wright's personal financial information. Specifically, Exhibit 7 is solely a list of what Dr. Wright believed to be his bitcoin addresses and should remain under seal [D.E. 512-7]. The specific bitcoin addresses within the exhibits are not referred to in the Motion. Therefore, the public has no interest in accessing the specific addresses and filing the list under seal would not impair court functions in any way. *Romero*, 480 F.3d at 1246. Exhibit 9 contains a declaration analyzing the list of Dr. Wright's bitcoin addresses. The declaration was only redacted where these bitcoin addresses were referenced, and the redacted document contains the information discussed in

---

[3] Even without the Stipulated Confidentiality Order, the local and federal rules protect financial account numbers. At a minimum, financial account numbers must be redacted only to show the last 4 digits. *See* Fed. R. Civ. P. 5.2; S.D. Fla. CM/ECF Admin. P. 6A (Jan. 27, 2020).

Plaintiffs' Motion. [D.E. 512-9]. Therefore, the Court's functions would not be impaired by the redactions to the declaration.

On the other hand, public disclosure of Dr. Wright's bitcoin addresses creates a risk of incredible harm to his legitimate privacy interests. With his bitcoin addresses left to the public, and more importantly, the bitcoin community that meticulously follows this case, Dr. Wright's financial security is at risk. A "party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* Here, there is a strong privacy and proprietary interest in the terms of Dr. Wright's bitcoin addresses, which pertain to personal financial information, and public access to the list could also lead to financial harm. The minimal public benefit of the bitcoin addresses' availability does not compare to the high "degree of and likelihood of injury if made public." *Id.*

## CONCLUSION

Dr. Wright's redactions are limited to personal financial information and previously upheld redactions to his family trust document and personally identifiable information. For the reasons stated above, Dr. Wright requests that this court find good cause the redactions to Plaintiffs' Motion for Sanctions and its exhibits.

*Attorneys for Dr. Craig Wright*

RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2655
Email:amcgovern@riveromestre.com
Email: zkass@riveromestre.com
Email: receptionist@riveromestre.com

By: s/ Amanda McGovern

AMANDA MCGOVERN
Florida Bar No. 964263
ANDRES RIVERO
Florida Bar No. 613819
ZAHARAH R. MARKOE
Florida Bar No. 504734

## **CERTIFICATE OF SERVICE**

I certify that on May 29, 2020, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

/s/ Amanda McGovern
Amanda McGovern
Florida Bar No. 964263