**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

     plaintiffs,
v.                                                **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

     defendant.
_____/

### DR. CRAIG WRIGHT'S UNOPPOSED MOTION FOR ADDITIONAL PAGES TO RESPOND TO PLAINTIFFS' OMNIBUS SANCTIONS MOTION

Dr. Wright respectfully requests 10 additional pages to fully respond to Plaintiffs' Omnibus Sanctions Motion (the "Motion") [D.E. 507]. He seeks this modest number of additional pages both because plaintiffs' motion is complex and factually intensive and because it seeks to cut off defendant's right to a jury trial.[1]

This case turns on the relationship between Dr. Craig Wright and plaintiff Ira Kleiman's estranged brother. Kleiman says his brother David was Satoshi Nakamoto and that he had a years-long oral partnership with Dr. Wright to "mine" over a million bitcoins and develop unidentified intellectual property for the highly complex digital-cash system known as the Bitcoin protocol. But, remarkably, Ira Kleiman cavalierly threw away David Kleiman's papers and overwrote or deleted the data on all but six of David Kleiman's electronic devices, all crucial sources of information to prove or disprove the plaintiffs' audacious claim of entitlement based on an unwritten agreement to half of everything Dr. Wright has created or achieved in his

---

[1] Dr. Wright is not seeking additional pages on any of the three reply briefs in support of his Motion for Summary Judgment, Motions in Limine, and Motion to Exclude Expert Testimony.

lifetime. As for the six other electronic devices that came into Ira Kleiman's possession, all are either fully or partially encrypted beyond possibility of decryption. This case should be heard by a jury as provided under our law.

In his sanctions motion, Ira Kleiman seeks extraordinary relief up to and including a default judgment based on his accusations that Dr. Wright has lied and made up documents. [D.E. 507 at 17–18]. Kleiman did the same below, when he asked the Magistrate Judge to determine the core partnership issue as a sanction. What plaintiffs want in this case is for the Court to overvault due process, invade the jury's role to determine core factual issues in plaintiffs' favor, and grant plaintiffs' the judgment they sued for all without consideration by a jury. To achieve his goal of avoiding a jury trial and winning out on sanctions, no accusation has been too brazen for Ira Kleiman. But the factual questions of credibility and intent raised in their sanctions motions are questions that should be put to a jury. Now that plaintiffs have had nearly two years of scorched-earth discovery of everything about Dr. Wright, his work, and his life, it is time to let the jury decide the merits of Ira Kleiman's claims.

Just this week, plaintiffs added to the Motion an expert affidavit purporting to analyze information received from an anonymous source on the internet concerning a document that plaintiffs wrongfully filed in public. We will need to address the inappropriate use of that confidential information, which plaintiffs now wish to justify by blaming defendant's *counsel* for their wrongful filing.[2] We will also need to address the new arguments made in the May 27,

---

[2] Plaintiffs' latest accusation is remarkable and entirely inconsistent with what happened. Because of the Court's Order denying Plaintiffs' Motion to Seal their Omnibus Sanctions Motion [D.E. 508], Dr. Wright made redactions to the Motion's Exhibits and his counsel emailed them to Plaintiffs' counsel on May 21, 2020, at 12:28pm. The email read "I have attached our redactions to exhibit 1, 9, 14, and 16 of Plaintiffs' Omnibus Sanctions Motion. **Exhibit 7 should remain under seal**. The remaining exhibits can be filed without redaction." *See* Ex. 1 (emphasis added).

2

2020 Notice of Supplemental Evidence Supporting Plaintiffs' Omnibus Motion for Sanctions (the "Notice") [D.E. 541].

Given the nature and breadth of plaintiffs' accusations in the Motion and the Notice—and the drastic relief they seek, that would cut off defendant's right to a jury trial—Dr. Wright requires the ten additional pages he requests to make an adequate response to these serious allegations and requests for draconian relief.

## S.D. FLA. L.R. 7.1 CERTIFICATION

In accordance with S.D. Fla. L.R. 7.1(a)(3), counsel for Dr. Wright has conferred with plaintiffs' counsel and certifies that plaintiffs do not object to the additional pages requested.

*Attorneys for Dr. Craig Wright*

RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard
Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: amcgovern@riveromestre.com
Email: zkass@riveromestre.com
Email: receptionist@riveromestre.com

By: <u>s/ Andres Rivero</u>
   ANDRES RIVERO
   Florida Bar No. 613819
   AMANDA MCGOVERN
   Florida Bar No. 964263
   ZALMAN KASS
   Florida Bar No. 100554

## **CERTIFICATE OF SERVICE**

      I certify that on May 29, 2020, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

                                              /s/ Amanda McGovern
                                              Amanda McGovern