**BAKER & McKENZIE**

# IP Assignment Deed

**W&K Info Defense Research LLC**

**Ncrypt Holdings Ltd**

Baker & McKenzie
ABN 32 266 778 912
AMP Centre
Level 27
50 Bridge Street
Sydney NSW 2000
Australia
www.bakermckenzie.com

2655487-v2\SYDDMS

ATTORNEY'S EYES ONLY

## Table of contents

| | | |
|---|---|---:|
| 1. | Definitions and interpretation | 1 |
| 2. | Assignment | 5 |
| 3. | Moral Rights | 7 |
| 4. | Notices | 7 |
| 5. | General provisions | 8 |
| | IP Schedule | 12 |

ATTORNEY'S EYES ONLY                                                                      DEF_01885033

| **Title** | IP Assignment Deed |
|---|---|
| **Date** | |
| **Parties** | **W&K Info Defense Research LLC** of 4371 Northlake Blvd #314, Palm Beach FL 33410 - 6253, United States (**Assignor**) |
| | **Ncrypt Holdings Ltd** (IBC number 16734) a company incorporated and registered under the laws of the State of Antigua and Barbuda with its registered address c/o Offshore Management & Trust Services Inc, Fitzgerald House, 44 Church Street, St John's Antigua (**Assignee**) |

## Recitals

A     The Assignor owns various Intellectual Property Rights.

B     This Deed sets out the terms and conditions on which the Assignor has agreed to assign all Intellectual Property Rights to the Assignee.

## Operative provisions

## 1.     Definitions and interpretation

**Definitions**

1.1     In this Deed, unless the context requires another meaning:

**Assigned Rights** means the Intellectual Property Rights assigned by the Assignor under clause 2.1.

**Assignee Group** means the Assignee and its related bodies corporate (as that term is defined in the Corporations Act) from time to time, and also includes Tyche Consulting Ltd (a company incorporated and registered in England and Wales, company number 06249705).

**Business** means the business undertaken by the DeMorgan Group or the Assignee Group at any point prior to the Effective Date.

**Business Day** means a day that is not a Saturday, Sunday, a public holiday or bank holiday in Sydney.

**Contract Works** means any and all Works or work output in which any of the Assignor's Assigned Rights subsist.

**Contract Works Information** means, with respect to the Assignor, all information contained in or comprised by the Contract Works and any other information the benefit of which is to be transferred to the Assignee.

**Corporations Act** means the Corporations Act 2001 (Cth).

**DeMorgan Group** means DeMorgan Ltd (ACN 601 560 525), and its related bodies corporate (as that term is defined in the Corporations Act) from time to time, and the following entities:

ATTORNEY'S EYES ONLY                                                                                        DEF_01885034

(a)     DeMorgan Holdings Pty. Ltd. (ACN 600 655 427);

(b)     Misfit Games Pty. Ltd. (ACN 601 677 105);

(c)     Panopticrypt Pty Ltd (ACN 151 567 118);

(d)     Coin-Exch Pty. Ltd. (ACN 163 338 467);

(e)     Hotwire Preemptive Intelligence Pty Ltd (ACN 164 068 348);

(f)     Integyrz Pty Ltd (ACN 165 263 007);

(g)     Pholus Pty. Ltd. (ACN 165 472 079);

(h)     Cloudcroft Pty. Ltd. (ACN 149 732 365);

(i)     Chaos and Nonlinear Forecasting in Economics and Finance Pty. Ltd. (ACN 600 516 149);

(j)     C01N Pty Ltd (ACN 152 222 421);

(k)     Denariuz Pty. Ltd. (ACN 165 471 983);

(l)     Interconnected Research Pty. Ltd. (ACN 165 472 097);

(m)     Zuhl Pty. Ltd. (ACN 165 472 066); and

(n)     Daso Pty. Ltd. (ACN 600 512 249).

**Effective Date** means 18 December 2015.

**Future Developments** means:

(a)     any improvements or developments to any of the Contract Works; and

(b)     any new Works authored, created, generated, made or discovered in the course of, or otherwise in connection with, the Vendor fulfilling its obligations under clauses 2.4, 2.5 and 5.2.

**Intellectual Property Rights** means all present and future rights in or to any copyright, database, patent, design, utility model, trade mark (including any rights in get up or trade dress), brand name, service mark, trade name, domain name, business name, eligible layout right, chip topography right, plant breeder's right and any other rights of a proprietary nature in or to the results of intellectual activity in the industrial, commercial, scientific, literary or artistic fields, whether registered, registrable, patentable or not and wherever existing in the world, including all renewals, extensions and revivals of, and all rights to apply for, any of the foregoing rights, including all rights in or to the Patent Rights.

**IP Schedule** means the document set out in Schedule 1.

**Know-How** means any confidential information, know-how or trade secret described or comprised in or relating to the Contract Works or Contract Works Information, including all inventions whether or not patentable and including the Patentable Inventions, but excluding:

(a)     any such information or know-how:

(i)     which is publicly known;

ATTORNEY'S EYES ONLY

DEF_01885035

(ii)     which is disclosed to the Assignor after the Effective Date without restriction by a third party and without any breach of confidentiality by the third party; or

(iii)    which is developed independently by the Assignor after the Effective Date without reliance on:

(A)     any of the Contract Works Information or Contract Works; or

(B)     any of the other confidential information of the Assignee Group;

provided that such development occurs entirely independently from and outside any contractual arrangement between the Assignor t, and the Assignee Group; and

(b)    any confidential information, know-how or trade secret relating to the customers of the Businesses or contracts with such customers.

**Moral Rights** means without limitation any rights subsisting under Part IX of the Copyright Act 1968 (Cth) as amended, including rights contemplated by Articles 6*bis* and 14*ter* of the Berne Convention and any rights under existing or future law in the nature of moral rights, wherever existing in the world.

**Patent Rights** means any patents and patent applications in any jurisdictions, including without limitation, all patent applications and registrations (and any patents that issue from them) and all provisional applications, divisions, renewals, continuations, continuations-in-part, extensions, reissues, re-examinations, substitutions, confirmations, registrations, revalidations and additions of or to them, as well as the right to apply for any of the foregoing, as well as any patent term extension or supplementary protection certificate, or like form of protection, whether on file now or in the future with the appropriate governmental agencies in any jurisdiction.

**Patentable Inventions** has the meaning given in clause 2.3.

**Security Interest** means a right, interest, power or arrangement in relation to any property which provides security for, or protects against default by a person in, the payment or satisfaction of a debt, obligation or liability, including a mortgage, charge, bill of sale, pledge, deposit, lien, encumbrance or hypothecation and a security interest as defined in sections 12(1) and 12(2) of the Personal Property Securities Act 2009 (Cth).

**Third Party Claim** means, with respect to a Assignor, a claim by any person alleging that any of the Assignor's Assigned Rights, Contract Works or Contract Works Information, or any use of them, infringes any Intellectual Property Right, Moral Right or right of confidence of any person in any country.

**Third Party Interest** means any Security Interest, licence, option, covenant, notation, restriction, interest under any agreement, interest under any trust, or other right, equity, entitlement or other interest of any nature held by a third party.

**Works** means the product or other result (whether tangible or intangible, and regardless of whether or not reduced to writing or other material form) of any work or other activity, including any know-how, discovery, design, improvement, formula, algorithm, process, technique, computer programs and software (whether comprising object code, source code, procedure language, job control language or any other form of computer code), documents, prototypes, methodologies, business plans, specifications, packaging, marketing materials, models, information, ideas and inventions as well as any other literary and artistic works and other items in which Intellectual Property Rights subsist or are capable of subsisting.

ATTORNEY'S EYES ONLY                                                              DEF_01885036

**Interpretation**

1.2     In this Deed:

(a)     unless the context requires, a reference to:

(i)     the singular includes the plural and vice versa;

(ii)    a gender includes all genders;

(iii)   a document (including this Deed) is a reference to that document (including any Schedules and Annexures) as amended, consolidated, supplemented, novated or replaced;

(iv)    an agreement includes any undertaking, representation, deed, agreement or legally enforceable arrangement or understanding whether written or not;

(v)     a party means a party to this Deed;

(vi)    an item, recital, clause, schedule or annexure is to an item, recital, clause, schedule or annexure of or to this Deed;

(vii)   a notice means a notice, approval, demand, request, nomination or other communication given by one party to another under or in connection with this Deed;

(viii)  a person (including a party) includes:

(A)    an individual, company, other body corporate, association, partnership, firm, joint venture, trust and government agency;

(B)    the person's successors, permitted assigns, substitutes, executors and administrators; and

(C)    a reference to the representative member of the GST group to which the person belongs to the extent that the representative member has assumed rights, entitlements, benefits, obligations and liabilities which would remain with the person if the person were not a member of a GST group;

(ix)    a law includes any legislation, judgment, rule of common law or equity or rule of any applicable stock exchange, and is a reference to that law as amended, consolidated, supplemented or replaced and includes a reference to any regulation, by-law or other subordinate legislation;

(x)     proceedings includes litigation, arbitration and investigation;

(xi)    a judgment includes an order, injunction, decree, determination or award of any court or tribunal;

(xii)   time is to Sydney time;

(xiii)  day is to a day in Sydney;

(xiv)   an outcome being "reasonably likely" is a reference to an outcome which is more likely than merely likely and is not intended to mean something which is less than likely;

ATTORNEY'S EYES ONLY                                                                     DEF_01885037

(xv)    the words "including" and "includes" mean "including, but not limited to", and "includes, without limitation" respectively; and

(xvi)    a "matter" is a reference to a fact, matter, circumstance or event;

(b)    where a word or phrase is defined, its other grammatical forms have a corresponding meaning;

(c)    headings are for convenience only and do not affect interpretation of this Deed;

(d)    if a payment or other act must (but for this clause) be made or done on a day that is not a Business Day, then it must be made or done on the next Business Day; and

(e)    if a period must be calculated from, after or before a day or the day of an act or event, it must be calculated excluding that day.

1.3    This Deed may not be construed adversely to a party only because that party was responsible for preparing it.

## 2.    Assignment

2.1    The Assignor hereby assigns to the Assignee:

(a)    all of the Intellectual Property Rights that it owns as at the Effective Date, free from any Third Party Interest, including any and all such Intellectual Property Rights that it owns in the items and Works identified in the IP Schedule; and

(b)    all of the present and future Intellectual Property Rights in and to any Future Developments, free from any Third Party Interest.

2.2    The assignment the subject of clause 2.1 includes the right to take action and obtain relief (including to be paid all amounts recovered in any action whether as damages, or following an account of profits or on any other basis) in relation to infringements of the Assigned Rights which occurred on or before the Effective Date.

**Patent Rights**

2.3    The Assignor agrees that the Assignee, at its cost, is entitled to apply for patent protection anywhere in the world in respect of any Contract Works that comprise inventions that are or may be patentable (**Patentable Inventions**).

2.4    The Assignor must (and must take all reasonable steps to procure that any employee who is an inventor of any Patentable Invention will) at the Assignee's cost and expense, cooperate with and do all things reasonably requested by the Assignee in connection with such applications in any jurisdiction including by:

(a)    disclosing all relevant matters to the Assignee in connection with such applications;

(b)    preparing any material or otherwise taking any steps reasonably requested by the Assignee (or its patent agents) to enable such applications to be prepared and filed by the Assignee, including by providing the Assignee (or its patent agents) with a full description of each Patentable Invention accompanied by suitable drawings or sketches and such further explanation as they may require; and

(c)    by signing, confirming and authenticating all forms, declarations and papers reasonably requested by the Assignee (or its patent agents) including all such forms

ATTORNEY'S EYES ONLY                                    DEF_01885038

and documents as necessary for the making of the application and any other documentation properly required by any patent office in support of any such application.

**Know-How**

2.5     The Assignor agrees that:

(a)     the entire benefit and sole use of the Know-How will be enjoyed by the Assignee;

(b)     it must, as soon as reasonably possible following the Effective Date, disclose to the Assignee all Know-How; and

(c)     it must (and must take all reasonable steps to ensure that any employee who is an inventor of any Patentable Invention will) at the Assignee's cost and expense, cooperate with and do all things reasonably requested by the Assignee in connection with the efficient exploitation of the Know-How and the Assigned Rights under this Deed.

2.6     The Assignor must hold all Know-How on a confidential basis and must not:

(a)     to the extent that the Assignee is permitted by law to prohibit the Assignor from doing so, use any Know-How other than for the purposes of performing any contract it is party to with a member of the Assignee Group; and

(b)     publish or disclose (or permit or assist any person to do so) any particulars of the Know-How (including any Patentable Inventions) to any person,

except as expressly permitted in writing by the Assignee or as expressly permitted by clause 2.7.

2.7     The Assignor may disclose Know-How:

(a)     to its employees whose duties reasonably require such disclosure, on condition that it:

(i)     ensures that each such person to whom such disclosure is made is informed of the confidentiality of the information and the obligations of confidentiality under this Deed; and

(ii)     ensures that each such person to whom such disclosure is made complies with those obligations as if they were bound by them; and

(b)     when required to do so by law or any regulatory authority provided that, if required to disclose as permitted by this clause, the Assignor must (at the Assignee's expense):

(i)     notify the Assignee of the requirement as soon as is reasonably possible;

(ii)     take all steps necessary, or reasonably requested by the Assignee, to allow the Assignee to challenge or limit the requirement to disclose, using any available channel or in any forum (including a court of law);

(iii)     provide the Assignee with all assistance and co-operation reasonably requested by the Assignee to assist it to challenge or limit the requirement to disclose; and

(iv)     use its best endeavours to ensure that confidential treatment will be given to the Know-How by any person to whom it is required to be disclosed.

ATTORNEY'S EYES ONLY                                                                                                              DEF_01885039

**Other assistance**

2.8    If the Assignee notifies the Assignor of any Third Party Claim, the Assignor must provide all reasonable assistance requested by the Assignee to assist the Assignee to deal with the Third Party Claim (which assistance, for the avoidance of doubt, does not include the payment of money).

## 3.    Moral Rights

3.1    The Assignor must, and must ensure that all other persons, absolutely and irrevocably:

(a)    consent as permitted by applicable laws to any act or omission that would otherwise infringe their Moral Rights in the Contract Works whether occurring before or after the consent is given; and

(b)    waive as permitted by applicable laws all of their respective Moral Rights in the Contract Works,

for the benefit of the Assignee and the Assignee Group and their licensees, successors in title and anyone authorised by any of them to do acts comprised in the copyright.

3.2    If the consent or waiver above does not operate as an immediate consent in relation to or a waiver of these rights, the Assignor agrees to procure a written consent and waiver at any time at the Assignee's request in accordance with clause 3.1 above.

## 4.    Notices

**Requirements**

4.1    All notices must be:

(a)    in legible writing and in English;

(b)    addressed to the recipient at the address set out below or to such other address or email address as that party may notify in writing to the other party:

**to Assignee:**

| Address: | Offshore Management & Trust Services Inc, Fitzgerald House, 44 Church Street, St John's Antigua |
|---|---|
| Attention: | The Directors |

**to Assignor:**

| Address: | 4371 Northlake Blvd #314, Palm Beach FL 33410 - 6253, United States |
|---|---|
| Attention: | The Directors |

(c)    signed by the party, or where the sender is a company by an authorised officer of that company or under the common seal of that company; and

ATTORNEY'S EYES ONLY                                                                    DEF_01885040

(d)     sent to the recipient by hand, prepaid post (airmail if to or from a place outside Australia) or email; and

(e)     if sent by email, in a form which:

    (i)     identifies the sender;

    (ii)    is electronically signed by the sender or an authorised officer of the sender; and

    (iii)   clearly indicates the subject matter of the notice in the subject heading of the email,

provided that the recipient has not provided written notice to the other party confirming that it does not wish to receive notices by email.

4.2     The parties consent to the method of signature contained in clause 4.1(e) and agree that it satisfies the requirements of applicable law for signature on service of notice by email.

**Receipt**

4.3     Without limiting any other means by which a party may be able to prove that a notice has been received by another party, a notice will be deemed to be duly received:

(a)     if sent by hand, when left at the address of the recipient;

(b)     if sent by pre-paid post, three days (if posted within Australia to an address in Australia) or seven days (if posted from one country to another) after the date of posting; or

(c)     if sent by email, when the sender receives an automated message confirming delivery or four hours after the email is sent (as recorded on the device from which the sender sent the email), unless the sender receives an automated message that the email has not been delivered, whichever occurs first,

but if a notice is served by hand, or is received by the recipient's facsimile or via email on a day which is not a Business Day, or after 5:00 pm (recipient's local time) on a Business Day, the notice is deemed to be duly received by the recipient at 9:00 am (recipient's local time) on the first Business Day after that day.

## 5.      General provisions

**Entire agreement**

5.1     This Deed and any other documents referred to in this Deed or executed in connection with this Deed is the entire agreement of the parties about the subject matter of this Deed and supersedes all other representations, negotiations, arrangements, understandings or agreements and all other communications.

**Further assurances**

5.2     Each party must, at its own expense, whenever reasonably requested by another party, promptly do or arrange for others to do, everything reasonably necessary or desirable to give full effect to this Deed and the transactions contemplated by this Deed.

ATTORNEY'S EYES ONLY                                                                        DEF_01885041

**Costs**

5.3    Each party must pay its own costs in respect of this Deed and the documents and transactions contemplated by this Deed, except that the Assignee must pay all stamp duty chargeable on this Deed, and any other documents contemplated by this Deed.

**No merger**

5.4    The warranties, other representations and promises by the parties in this Deed are continuing and will not merge or be extinguished on completion of this Deed.

**Assignment**

5.5    Subject to clause 5.6, a party must not assign or otherwise transfer, create any charge, trust or other interest in, or otherwise deal in any other way with any of its rights under this Deed without the prior written consent of the other party.

5.6    For the avoidance of doubt, the Assignee may deal with the Assigned Rights and the Contract Works without restriction or reference to the Assignor.

**Moratorium legislation**

5.7    To the extent permitted by law, a provision of a law is excluded if it does or may, directly or indirectly:

    (a)    lessen or vary in any other way a party's obligations under this Deed; or

    (b)    delay, curtail or prevent or adversely affect in any other way the exercise by a party of any of its rights, remedies or powers under this Deed.

**Invalid or unenforceable provisions**

5.8    If a provision of this Deed is invalid or unenforceable in a jurisdiction:

    (a)    it is to be read down or severed in that jurisdiction to the extent of the invalidity or unenforceability; and

    (b)    that fact does not affect the validity or enforceability of that provision in another jurisdiction or the remaining provisions.

**Waiver and exercise of rights**

5.9    A provision of or of a right under this Deed may not be waived or varied except in writing signed by the person to be bound.

**Amendment**

5.10    This Deed may be amended only by a document signed by all parties.

**Counterparts**

5.11    This Deed may be signed in counterparts and all counterparts taken together constitute one document.

**Rights cumulative**

5.12    The rights, remedies and powers of the parties under this Deed are cumulative and do not exclude any other rights, remedies or powers.

ATTORNEY'S EYES ONLY                DEF_01885042

**Consents and approvals**

5.13    A party may give its approval or consent conditionally or unconditionally or withhold its approval or consent in its absolute discretion unless this Deed expressly provides otherwise.

**Successors and assigns**

5.14    This Deed is binding on, and has effect for the benefit of, the parties and their respective successors and permitted assigns.

**Governing law**

5.15    This Deed is governed by the laws of New South Wales.

**Jurisdiction**

5.16    Each party irrevocably and unconditionally:

(a)     submits to the non-exclusive jurisdiction of the courts of New South Wales; and

(b)     waives, without limitation, any claim or objection based on absence of jurisdiction or inconvenient forum.

**Service of process**

5.17    Each party agrees that a document required to be served in proceedings about this Deed may be served:

(a)     by being delivered to or left at its address for service of notices under clause 7; or

(b)     in any other way permitted by law.

ATTORNEY'S EYES ONLY                                                                                DEF_01885043

## Execution

**Executed** as a deed.

**Signed sealed and delivered**
**W&K Info Defense Research LLC**
by a director:

_____
Signature of director

_____
Uyen Nguyen

**Signed sealed and delivered**
by **Ncrypt Holdings Ltd**
by two directors:

_____
Signature of director

_____
Stefan Matthews

_____
Signature of director

_____
Robert MacGregor

ATTORNEY'S EYES ONLY                                    DEF_01885044

**Schedule 1**

**IP Schedule**

| Number | Description |
|---|---|
| 1. | The Intellectual Property Rights owned by W&K Info Defense Research LLC in and to the following: |

- WK (1) Software Assurance through Economic Measures and Anti-Fraud System;
- BAA 11-02-TTA 01-0127-WP: TTA 01 - Software Assurance: Software Assurance through Economic Measures;
- BAA 11-02-TTA 05-0155-WP: TTA 05 - Secure Resilient Systems and Networks;
- BAA 11-02-TTA 09-0049-WP: TTA 09 - Cyber Economics;
- BAA 11-02-TTA 14-0025-WP: TTA 14 - Software Assurance MarketPlace (SWAMP);
- WK (2) - Metered Payments system;
- WF (2) - Software Derivative Markets and Information Security Risk Systems;
- Risk Quantification system (for financial modelling in Bitcoin); and
- software and code used in the creation of a Bitcoin system as developed under a project for the development of a Bitcoin SDK and exchange conducted on behalf of W&K Info Defense Research LLC; and
- software and code used by the US military, Department of Homeland Security and other associated parties as developed under a project conducted on behalf of W&K Info Defense Research LLC,

and any other Intellectual Property Rights which W&K Info Defense Research LLC were required to assign pursuant to consent orders made by the NSW Supreme Court in Case Number 2013/225983 and Case Number 2013/245661.

ATTORNEY'S EYES ONLY

DEF_01885045