UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-cv-80176 (BB/BR)

IRA KLEIMAN,
as personal representative
of the estate of David Kleiman,
and W&K INFO DEFENSE RESEARCH,
LLC,

      Plaintiffs,

v.

CRAIG WRIGHT,

      Defendant.
_____/

**DR. WRIGHT'S REPLY IN SUPPORT OF HIS MOTION *IN LIMINE* [D.E. 490]**

**1.    Prior Judicial Statements About Dr. Wright's Credibility Should Be Excluded**

Plaintiffs have misstated Dr. Wright's request to exclude prior judicial statements about his credibility, claiming Dr. Wright is actually seeking a promise from the Court that it will "make no comments or observations about his credibility during trial." Opp. 1. Dr. Wright has sought no such thing. At no time has Dr. Wright requested relief that "rob[s] this Court of its inherent power" to express opinions on the evidence during the upcoming trial. *Id.* at 5. Dr. Wright simply seeks to exclude reference to *prior* comments about his credibility that have been made by this Court and Magistrate Judge Reinhart (D.E. 265, D.E. 277, D.E. 373, D.E. 420, D.E. 454), as well as the Australian Tax Office ("ATO"), due to their highly prejudicial nature when viewed in context of this trial where Dr. Wright's credibility will be a central issue. *Cf. United States v. Fischer*, 531 F.2d 783, 787 (5th Cir. 1976) (trial judge's comment to the jury about the credibility of the defense witnesses was reversible error because their testimony was crucial to the appellants' defense and "[b]ecause of the great influence which the trial judge necessarily

exerts upon the jury, the court must exercise the most scrupulous care to avoid giving an unfair or one-sided impression" which it failed to do); *United States v. Cisneros*, 491 F.2d 1068, 1074 (5th Cir. 1974) (the trial judge may not "give testimony, be a partisan witness, or add to the evidence adduced by either side. Most important, he must in no way trespass on the jury's functions and responsibilities, among the most important of which in terms of this appeal is the right to assess credibility in finding the facts.") Allowing reference to prior comments on Dr. Wright's credibility will most certainly "add to the evidence" and "trespass on the jury's . . . right to assess credibility." *Cisneros*, 491 F.2d at 1074. It is clear from plaintiffs' strategy to-date that they plan to use the materials that are subject to this motion *in limine* in their opening, during examinations of witnesses, and likely during summation. It is this inappropriate use that defendant seeks protection from.

      Dr. Wright accepts that district court judges have the right to comment on the evidence elicited at trial, including commentary on the credibility of witnesses, but plaintiffs overstate that right by ignoring the strict limitations placed on it. Opp. 3. However, what plaintiffs underplay is the strict limitations on such commentary. Because judicial commentary on the evidence, and particularly on witness credibility, may become "firmly lodged in the memory of the jury and [] excite a prejudice which would preclude a fair and dispassionate consideration of the evidence," that privilege "has its inherent limitations" and the Court "may not assume the role of a witness." *Quercia v. United States*, 289 U.S. 466, 470, 472 (1933). Indeed, the prejudice from certain comments on credibility and evidence –like the ones that defendant seeks to preclude reference to at trial– cannot be cured. *See, e.g.*, *Cisneros*, 491 F.2d at 1075–76 (finding that the judicial comments were simply too harmful to be cured by the instructions to the jury); *United States v. Anton*, 597 F.2d 371, 375–76 (3d Cir. 1979) ("Where a court has expressed its opinion on a

pivotal issue in the case, and has expressed that opinion in a strong, unequivocal and one-sided fashion, abstract instructions regarding the jury's role as fact finder are not a sufficient remedy.").

Contrary to plaintiffs' arguments, because Dr. Wright is seeking that prior statements on his credibility from judicial and quasi-judicial authorities (namely this Court, Judge Reinhart, and the ATO), be precluded from reference, his motion is neither premature nor overbroad.

**2.      The ATO Audit Documents of Non-Party Companies Should be Excluded**

Plaintiffs want to put before the jury excerpts of Australian Tax Office findings, and related documents about tax audits it performed on non-party Australian companies that sought tax credits. Plaintiffs plan to present to the jury their version of what those tax audits entailed, the meaning of certain audit documents, and the conclusions they want the jury to draw from these foreign tax proceedings. But plaintiffs' plan to make argument based on cherry-picked and unauthenticated documents rests on the admissibility of multiple layers of hearsay and will only create a very complex trial-within-a-trial about Australian tax audits and tax issues that are entirely irrelevant to the core claims in this case. The vast majority of ATO-related documents do not make more or less probable Ira Kleiman's claim that his brother had an oral partnership with Dr. Wright more or less probable or that Dr. Wright improperly appropriated bitcoin or intellectual property from Dave Kleiman or W&K. In the absence of a showing that a document is authentic, non-hearsay, and relevant to plaintiffs' case, plaintiffs should not be permitted to introduce ATO-related documents in this case.

As to the small portion of the still-inadmissible ATO materials that plaintiffs may colorably argue have some relevance to this case, plaintiffs admit that they intend to use those documents to show that Dr. Wright made "false and misleading statements" to the Australian

3

government and that Dr. Wright's evidence is "proven to have been fabricated." Opp. 10. As discussed above, *supra* at sec. I and in sec. I of defendant's Motion (D.E. 490), the quasi-judicial statements of the ATO, an Australian government agency, regarding defendant's credibility should not be admitted into evidence at trial or referenced at trial because of their extraordinarily prejudicial nature and their likelihood that these statements of a foreign governmental office will supplant the role of the jury as the sole arbiters of credibility. *See Tuffa v. Flight Servs. & Sys., Inc.*, 644 F. App'x 853, 856 (10th Cir. 2016) (affirming district court's exclusion of employment agency report as unfair prejudicial); *In re Processed Egg Prod. Antitrust Litig.*, 2019 WL 5395914, at *4 (E.D. Pa. Oct. 22, 2019) ("[T]he supposed imprimatur of authority that a ruling by these entities carries makes admitting the rulings more prejudicial than probative."). Moreover, the jury could confuse the standard that plaintiffs must meet to prove their claims with the legal standards that the ATO used to impose tax penalties. *Cf. Hines v. Brandon Steel Decks, Inc.*, 886 F.2d 299, 303 (11th Cir. 1989) ("Legal conclusions are inadmissible because the jury would have no way of knowing whether the preparer of the report was cognizant of the requirements underlying the legal conclusion and, if not, whether the preparer might have a higher or lower standard than the law requires.").

Plaintiffs' argument that excluding the ATO documents would unfairly prejudice *them* (Opp. 18) is topsy-turvy when plaintiffs seek to introduce evidence that the ATO's "criminal investigations unit" (which does not exist) was conducting a criminal investigation involving Dr. Wright. Even if there were evidence of an investigation by the non-existent criminal investigations unit, such proof would be inadmissible character evidence that would unfairly prejudice Dr. Wright. Plaintiffs counter that even if ATO evidence is prejudicial, courts may permit prejudicial evidence if it "completes the story." Opp. 16. The cases to which they cite,

4

however, concern the admissibility of character evidence in criminal cases under Rule 404(b). This is not a criminal case, and plaintiffs should not be permitted to travel on character evidence to try to support their claims. *See* FED. R. EVID. 404(a)(1).

Plaintiffs say that Dr. Wright's statements, or those of "his representatives," are not hearsay under Rule 801(d)(2)(A). Opp. 18. As a preliminary matter, plaintiffs make no showing that statements by Dr. Wright's "representatives" are non-hearsay. In fact, plaintiffs have failed to meet their burden of establishing that "the content of the declarant[s'] statement[s] concerned a matter within the scope of [their] agency." *Avedisian v. Behr Process Corp.*, 2011 WL 3759928, at *7 (N.D. Ga. Aug. 25, 2011) (quoting *Wilkinson v. Carnival Cruise Lines, Inc.*, 920 F.2d 1560, 1565, 1566 (11th Cir.1991)). It is clear that the ATO documents do not relate to any audit of Dr. Wright himself. Instead, non-party companies, some of which Dr. Wright served as a director, were the subjects of those audits. Some of the documents purport to repeat or summarize what an employee, independent contractor, or director of some of those companies said, without any indication 1) that individual agreed with the characterization of that statement or 2) that Dr. Wright adopted it in any manner. Indeed, for many of the documents, such as notes of decision, the non-party companies either objected to them or were in the process of objecting to them before the various companies were wound-up or liquidated.

As for statements attributed to Dr. Wright, hearsay within hearsay is not admissible unless "each part of the combined statements conforms with an exception to the rule." *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1278 (11th Cir. 2009) ("Hearsay within hearsay subject to an exception is not admissible."). Thus, incomplete and uncorrected summary "transcripts" of recordings of meetings and statements attributed to Dr. Wright by the ATO in their notes of decision and similar documents are themselves hearsay. Plaintiffs argue that the

5

incomplete "transcripts" qualify under the present-sense-impression exception found at Rule 803(1), citing caselaw where courts admitted interview notes, and a stenographer's contemporaneous description. Opp. 19. This argument falls flat. There was *no stenographer present* at these ATO meetings. Thus, the "transcripts" could not be anyone's present sense impression because they were indisputably prepared *after* the interview had taken place, and were thus made later based on audio recordings. To clarify, Dr. Wright does not seek to exclude in his motion *in limine* authentic audio or video recorded statements that he made. Any such recordings are properly addressed on a case-by-case basis as plaintiffs attempt to introduce them (if they do). However, audio or video recordings of interviews are not present sense impressions, especially where the events described do not occur contemporaneously. *See AAMCO Transmissions, Inc. v. Baker*, 591 F. Supp. 2d 788, 795 (E.D. Pa. 2008) (finding that audio recordings of interviews with shoppers were not admissible as present sense impressions).

Further, plaintiffs fail to meet their burden to show that the transcripts and notes of decision (and similar documents from the ATO) constitute business records under Rule 803(6). Plaintiffs gloss over the text of the rule, which requires, among others, that "the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling," that "making the record was a regular practice of that activity," and all the conditions are "shown by the testimony of the custodian or another qualified witness, or by [other] certification . . . ." FED. R. EVID. 803(6). Thus, "[s]omeone who is knowledgeable about the procedures used to create the alleged business records must testify." *In re Int'l Mgmt. Assocs., LLC*, 781 F.3d 1262, 1268 (11th Cir. 2015). Plaintiffs have failed to provide such testimony or certification, and instead rely on the assertion that "evidence . . . indicates that the ATO routinely" records meetings and has transcripts created. Opp. 19. That assertion doesn't come

6

close to meeting the requirements of Rule 803(6).

Plaintiffs also argue that documents memorializing the ATO's findings qualify under the public records exception of Rule 803(8)(A)(iii). Plaintiffs again gloss over the text of the rule which provides an exception to the hearsay rule for "a record or statement of a public office" if it sets out, among others, "in a civil case . . . factual findings from a legally authorized investigation" and the opponent does not demonstrate the source of the information lacks trustworthiness. Plaintiffs contend that the ATO decision letters qualify as "factual findings." As demonstrated by plaintiffs' own exhibits, the factual findings of the audits are expressly limited to issues concerning tax credits, which is beyond the scope of this case.[1] *See* Opp. Ex. 3 at ¶¶ 4-6 (expressly listing "Audit Findings"). Plaintiffs seek to introduce more than those irrelevant findings, however, including witness statements, background information and legal conclusions, which the Eleventh Circuit has held are inadmissible under Rule 803(8). *Hines*, 886 F.2d at 303 ("Legal conclusions are inadmissible because the jury would have no way of knowing whether the preparer of the report was cognizant of the requirements underlying the legal conclusion and, if not, whether the preparer might have a higher or lower standard than the law requires.").[2]

Plaintiffs argue that the ATO documents are capable of being authenticated because Dr. Wright produced them, or, alternatively, are capable of being authenticated under Rule

---

[1] Plaintiffs also do not cite to a single case identifying a foreign audit as the equivalent of a "legally authorized investigation."

[2] Moreover, the "report must contain factual findings that are based upon the knowledge or observations of the preparer of the report, as opposed to a mere collection of statements from a witness." *MSC Mediterranean Shipping Co. SA, Geneva v. Metal Worldwide, Inc.*, 884 F. Supp. 2d 1277, 1281–82 (S.D. Fla. 2012). A report "must do more than repeatedly and expressly convey[ ] what has been reported by third-parties." *Doe v. City of Miami Gardens*, 389 F. Supp. 3d 1118, 1124 (S.D. Fla. 2019) . The ATO decision letters are not based on knowledge or observations of the ATO agents preparing the letters, but instead are heavily based on statements by witnesses. Therefore, the letters cannot be admissible under public records exception.

901(b)(7)(B) or are self-authenticating under Rule 902(5). Opp. 21. First, it is axiomatic that a document is not authenticated and thus admissible at trial by the mere fact of its production. If the contrary were the case, then where, as here, a party had requested every document in its adversary's possession about a myriad of topics regardless of the source or relevance of those materials, and the adversary complied (as Dr. Wright did), it would make no difference whether a document was what it purported to be or not. Plaintiffs' interpretation would render Rule 901 obsolete and unnecessary.

Plaintiffs argue, without evidence, that the ATO documents are a "public record or statement from the office where items of this kind are kept." Opp. 21. "[T]he advisory committee's notes to Rule 901 state that the public records or reports example allows for the authentication by proof of custody, without more." *Wells v. XPEDX*, 2007 WL 2696566, at *3 (M.D. Fla. Sept. 11, 2007), *order clarified,* 2007 WL 9723787 (M.D. Fla. Nov. 27, 2007), and *aff'd in part,* 319 F. App'x 798 (11th Cir. 2009). Plaintiffs have failed "to prove custody or that this evidence is from the public office where items of this nature are kept." *Id.*

Similarly, the ATO documents are not capable of self-authentication under Rule 902(5). Plaintiffs' quotation of the rule omits the context in which it applies. FED. R. EVID. 902(5) (providing self-authentication for "[a] book, pamphlet, or other publication purporting to be issued by a public authority.") These types of documents are more akin to "statutes, court reports, rules, and regulations . . . ." FED. R. EVID. 902(5) advisory committee's note on proposed rules. However, the ATO documents are not akin to any of those materials. Plaintiffs' lone citation to *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 2008 WL 850136, at *4 (E.D. Cal. Mar. 28, 2008) is misplaced. In that case, the court held that a permit and application for review were proper for judicial notice because those documents were self-authenticating. *Id.* That is not

the case here. Plaintiffs attempt to submit ATO findings, communications, and transcripts which are not similar to the materials contemplated under the Rule or to the form-like materials addressed in *Fred Schakel Dairy*. Thus, these documents are not properly authenticated under Rule 902(5).[3]

Plaintiffs' final argument is that the ATO transcripts accurately reflect the discussions in the various meetings, citing to an email that Dr. Wright wrote to Ms. Watts regarding errors in the transcript [D.E. 525-11]. The email merely demonstrates that the ATO contacted Mr. Chesher regarding corrections to the transcript, but does not indicate that any corrections were ever sent to the ATO or that the transcripts were ever corrected. In fact, there is no indication of the existence of an errata attached to those transcripts or a certification of accuracy that would normally accompany a transcript. Accordingly, these transcripts cannot be properly authenticated and should be excluded.

## CONCLUSION

For these reasons, Dr. Wright respectfully asks that the Court grant the motion *in limine*.

---

[3] The ATO documents are also not self-authenticating under Rule 907(3) as foreign public documents. Plaintiffs fail to provide "final certification that certifies the genuineness of the signature and official position of the signer or attester . . . ." FED. R. EVID. 907(3).

Respectfully submitted on June 2, 2020,

*Attorneys for Dr. Craig Wright*

RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: amcgovern@riveromestre.com
Email: arivero@riveromestre.com
Email: bpaschal@riveromestre.com
Email: zmarkoe@riveromestre.com

By: s/ Amanda McGovern
ANDRES RIVERO
Florida Bar No. 613819
AMANDA MCGOVERN
Florida Bar No. 964263
BRYAN PASCHAL
Florida Bar No. 91576
ZAHARAH MARKOE
Florida Bar No. 504734

**CERTIFICATE OF SERVICE**

I certify that on June 2, 2020, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

/s/Amanda McGovern
Amanda McGovern