**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC, | CASE NO.:  9:18-cv-80176-BB |
| *Plaintiffs,* | |
| v. | |
| CRAIG WRIGHT, | |
| *Defendant.* | |

**PLAINTIFFS' REPLY IN SUPPORT OF**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

# Table of Contents

INTRODUCTION ............................................................................................................1

ARGUMENT ...................................................................................................................1

I.   THE COURT SHOULD DEEM ADMITTED FACTS IN PLAINTIFFS' STATEMENT OF MATERIAL FACTS. ...................................................................1

II.  PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT ON THE COIN-EXCH DEFENSES .........................................................................................2

III. PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT ON THE STATUTE OF LIMITATIONS AND LACHES DEFENSES. ...............................3

    A.  THE STATUTE OF LIMITATIONS DEFENSE FAILS BECAUSE IT LACKS EVIDENTIARY SUPPORT. ...............................................................................................................3

    B.  WRIGHT SHOULD BE EQUITABLY ESTOPPED FROM ASSERTING THE STATUTE OF LIMITATIONS. ............................................................................................................6

    C.  THE STATUTE OF LIMITATIONS DEFENSE ALSO FAILS BECAUSE WRIGHT'S FRAUDULENT CONCEALMENT EXTENDED THE STATUTE OF LIMITATIONS. ...............6

    D.  WRIGHT'S LACHES DEFENSE FAILS BECAUSE PLAINTIFFS' CLAIMS ARE NOT TIME BARRED AND HE PRESENTS NO EVIDENCE OF PREJUDICE FROM ANY DELAY. .........9

IV. PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT ON THE STATUTE OF FRAUDS DEFENSE. ...............................................................10

V.  PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT ON THE ESTOPPEL DEFENSE. ..............................................................................11

VI. PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT ON THE RES JUDICATA DEFENSE. ....................................................................13

    A.  WRIGHT FORFEITED ANY OPPOSITION TO PLAINTIFFS' ARGUMENTS THAT PRECLUSION WOULD DEFEAT THE ENDS OF JUSTICE AND THAT THE CLAIMS HERE WERE NOT DECIDED ON THE MERITS. .................................................................13

    B.  RES JUDICATA CANNOT APPLY BASED ON THE AUSTRALIAN COURT PROCEEDINGS GIVEN THE LACK OF SERVICE OF PROCESS. .....................................................13

    C.  WRIGHT'S EXTRINSIC FRAUD IN AUSTRALIA PRECLUDES APPLICATION OF RES JUDICATA. ......................................................................................................14

VII. PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT ON THE NEW UNCLEAN HANDS DEFENSE. .................................................................14

VIII. PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT ON THE PERSONAL JURISDICTION DEFENSE. ....................................................15

IX. PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT ON WRIGHT'S GOOD FAITH DEFENSE. .........................................................15

CONCLUSION ..............................................................................................................15

# INTRODUCTION

Craig Wright has the burden of proving his affirmative defenses. *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1264 (11th Cir. 2001). To defeat summary judgment, he must come forward with evidence showing the existence of triable issues of fact on each of his affirmative defenses. *See id.*; *Westgate Resorts, Ltd. v. Reed Hein & Assocs., LLC*, No. 18-cv-1088, 2020 WL 674108, at *2 (M.D. Fla. Feb. 11, 2020); *Rios v. State Farm Mut. Auto. Ins. Co.*, No. 11-cv-80571-KAM, 2012 WL 3230431, at *2 (S.D. Fla. Aug. 6, 2012). He has failed to do so.

Wright submitted no evidence with his opposition to Plaintiffs' Motion for Partial Summary Judgment ("Opposition") to support his key contentions. And he did not meaningfully contest most of the material facts set forth in support of Plaintiffs' Motion for Partial Summary Judgment ("Motion"), instead offering only unrelated, unsubstantiated, and immaterial responses to those facts. He also failed to address many of the legal arguments Plaintiffs raised in the Motion. No genuine issues of material fact exist on **any** of Defendant's affirmative defenses, and summary judgment should be granted to Plaintiffs on each of them.

# ARGUMENT

## I.   The Court Should Deem Admitted Facts in Plaintiffs' Statement of Material Facts.

Wright does not meaningfully respond to most of Plaintiffs' statement of material facts. *See* ECF No. [531]. Instead, he largely responds with information unrelated and immaterial to the facts stated, vague and unsubstantiated assertions, and legal argument. That is improper, and Plaintiffs' material facts should be deemed admitted.

"The movants' facts are admitted if the respondent does not properly contradict them." *Smith v. Forest River, Inc.*, No. 19-cv-14174, 2020 WL 2105073, at *2 (S.D. Fla. Apr. 16, 2020) (Reinhart, J.) (citing L.R. 56.1(c)), *report and recommendation adopted*, 2020 WL 2099435 (S.D. Fla. May 1, 2020); *see* Fed. R. Civ. P. 56(e) ("If a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may: . . . consider the fact undisputed for purposes of the motion.). Local Rule 56.1(b)(2)(C) provides that if "an opponent's Statement of Material Facts disputes a fact in the movant's Statement of Material Facts, then the evidentiary citations supporting the opponent's position must be limited to evidence specific to that particular dispute." Thus, "merely provid[ing] additional information unrelated" to a fact is insufficient. *Pierre v. Intuitive Surgical, Inc.*, No. 18-cv-60095-RAR, 2020 WL 1240420, at *1 n.2 (S.D. Fla. Mar. 6, 2020) (deeming fact admitted).

In his Response to Plaintiffs' Statement of Undisputed Material Facts, Wright generally denies Plaintiffs' material facts without evidentiary objections, and then makes unrelated and immaterial assertions, many times without citation. For example, Plaintiffs stated several facts that simply quoted deposition testimony. ECF No. [531], ¶¶ 1, 2, 5, 16, 17. Inexplicably, Wright states "denied" or "denied as phrased" as to each, even though they are **direct quotes** from depositions.

Wright similarly ignores asserted facts and then addresses facts not asserted. One example is Material Fact ¶ 32, which states that "W&K was not served with the Australian Court Proceedings via the county sheriff." ECF No. [531], ¶ 32 (citing ECF No. [83-4], at 3). There is no dispute that the "county sheriff" was not involved in the alleged "service" on W&K. Nonetheless, Wright "denies" the fact, and then asserts "W&K was served in the Australian lawsuits at its mailing address." *Id.*, ¶ 32 (citing ECF No. [488], ¶ 34).

The vast majority of Wright's purported denials are similarly egregious, *see* ECF No. [531], ¶¶ 1–9, 11–19, 21–28, 30–36, 39–40, 43, 45–46, 49–50, 54, and the Court should deem admitted facts to which Wright did not properly respond, along with the facts he admitted, *id.*, ¶¶ 20, 29, 38, 41, 44, 51, 53.[1] *See State Farm Mut. Auto. Ins. Co. v. Health & Wellness Servs., Inc.*, No. 18-cv-23125, 2020 WL 1063004-RNS, at *4 (S.D. Fla. Mar. 5, 2020) ("unless an opposing party properly controverts a movant's material facts, the Court will deem that fact admitted—so long as the statement is otherwise supported by evidence in the record").

## II.   Plaintiffs Are Entitled to Summary Judgment on the Coin-Exch Defenses.

Wright pled six affirmative defenses purportedly linked to his providing shares in a company called Coin-Exch Pty Ltd. to Ira Kleiman: "Accord and Satisfaction," "Release," "Payment," "Set-Off," "Failure to Mitigate Damages," and "Waiver." Each defense requires an agreement that the shares in Coin-Exch would release or constitute payment to satisfy Plaintiffs' claims in this case.[2] It is undisputed that Wright repeatedly testified there was no such agreement. ECF No. [511-1] (Mar. 18, 2020 Dep. of Craig S. Wright), at 227:23–228:6.

---

[1] Plaintiffs' reference to David Kleiman's death in April 2014 in their Statement of Undisputed Material Facts, ECF No. [495], ¶ 42, was a typographical error. There is no dispute that David Kleiman died in April 2013.

[2] *See, e.g.*, *Air Prods. & Chems., Inc. v. La. Land & Expl. Co.*, 806 F.2d 1524, 1529 (11th Cir. 1986) (accord and satisfaction); *Branch Banking & Tr. Co. v. Hamilton Greens, LLC*, 942 F. Supp. 2d 1290, 1302 (S.D. Fla. 2013) (mitigation of damages); *Talisman Capital Alternative Invs. Fund, Ltd. v. Mouttet*, No. 10-cv-24577-DLG, 2012 WL 13012424, at *7 (S.D. Fla. Feb. 16, 2012) (payment); *Point Blank Sols., Inc. v. Toyobo Am., Inc.*, No. 09-cv-61166-PAS, 2011 WL 13174652, at *5 (S.D. Fla. May 20, 2011) (waiver); *In re Old Naples Sec., Inc.*, No. 96-896, 2005 WL 419718, at *10 (Bankr. M.D. Fla. Jan. 5, 2005) (set-off); *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours & Co.*, 761

Wright does not address the cases cited by Plaintiffs or respond to Plaintiffs' arguments regarding Wright's clear admissions that these defenses have no factual basis. Instead, he contends only that: (1) Ira Kleiman received shares in Coin-Exch, and (2) Plaintiffs allege damages for not receiving Coin-Exch shares. As to the first contention, Wright must show the receipt of these shares was conditional on the release of Plaintiffs' claims or was intended as payment for those claims. Mot. at 4. He not only fails to do that, his own sworn testimony admits it did not happen.

The second argument, that Plaintiffs have alleged damages from not receiving the Coin-Exch shares, is just untrue. Plaintiffs have never sought damages relating to shares in the defunct and fraudulent Coin-Exch. The allegations regarding those shares are part of the evidence of Wright's many frauds designed to lull Ira Kleiman into believing that Wright was trying to help the Kleiman family, not steal from it. *See* ECF No. [83], ¶¶ 202 (Fraud), 209 (Constructive Fraud). Because Wright has failed to come forward with any triable issue of material fact, summary judgment on the Coin-Exch affirmative defenses should be entered in Plaintiffs' favor.

### III.   Plaintiffs Are Entitled to Summary Judgment on the Statute of Limitations and Laches Defenses.

Wright's opposition to summary judgment on his statute of limitations and laches defenses fails because it depends on facts not supported by the undisputed record. Moreover, equitable estoppel and fraudulent concealment extended Plaintiffs' time for filing and render the claims unquestionably timely filed. Wright's laches defense also fails because he has shown no prejudice. The Court should grant summary judgment to Plaintiffs on statute of limitations and laches.

A.  The statute of limitations defense fails because it lacks evidentiary support.

Wright has the burden of proof to establish that Plaintiffs' claims were untimely. *See Friedman v. Hammer*, No. 19-cv-62481-PCH, 2020 WL 2559549, at *2 (S.D. Fla. May 20, 2020) ("'It is beyond dispute that the defendants have the burden of proof in establishing the elements of the affirmative defense of the statute of limitations.'" (quoting *Smith v. Duff & Phelps, Inc.*, 5 F.3d 488, 492 n.9 (11th Cir. 1993))). In denying in part Wright's motion to dismiss on statute of limitations grounds, this Court held that Plaintiffs' allegations supported an accrual date for the remaining claims of no earlier than April 2014, and thus the claims were timely. ECF No. [68], at 31. Still, the Court allowed for the possibility that Wright might find and present evidence

---

So. 2d 306, 315 (Fla. 2000) (release).

supporting an earlier date. *Id.* He has not done so.[3]

For the claims related to his partnership with David Kleiman, Wright's statute of limitations defense relies entirely on two sentences in the Second Amended Complaint (Opp. at 6) that he misconstrues: "The exact structure of [Wright and David's] joint mining activities, intellectual property development, and 'partnership' from c. 2008 until February 2011 requires discovery to fully reveal," ECF No. [83], ¶ 67; and "From c. 2008 until at least the creation of W&K in 2011, Craig and David associated to carry on as co-owners of a business for profit to create Bitcoin, mine bitcoins, and create other block chain intellectual property," *id.* ¶ 197.[4] Those allegations do not state that the two men's partnership **ended** in 2011, just that its structure between 2008 and 2011 was unclear when Plaintiffs filed this lawsuit.[5] An adjacent allegation specifically alleges continuation of the partnership beyond 2011. *Id.* ¶ 68. The record evidence is in accord. *See, e.g.*, ECF No. [550-1], at 3; ECF No. [550-2], at 15; ECF No. [550-3].

For the rest of the claims, Wright bases his accrual argument on the Australian Court Proceedings and specifically the "Notice of Listing" mailed by the Australian court in one of the cases. But, as Plaintiffs have shown in their Motion and below, the Notice was not process, it was not validly served on W&K, and it was not brought to Ira's attention until 2016. Mot. at 15–17.

In any event, regardless of the Australian Consent Orders' effect on the accrual of any claims for intellectual property, they could not possibly have started the clock for seeking return of the bitcoin Wright stole. The Consent Orders do not purport to transfer any bitcoin. ECF No. [83-19], at 1, 4. And all of Plaintiffs' remaining claims seek, at least in part, a return of stolen bitcoin. *See* ECF No. [83], ¶¶ 171, 173, 196, 197, 202, 209, 215.

Moreover, W&K was never served with process in the Australian Court Proceedings. The Notice of Listing (for only one of the two cases Wright filed) went to a mailbox used by Computer Forensics LLC and listed as a mailing address for W&K. Ira Kleiman was unaware of that Notice until 2016. ECF No. [488-14] (Ira Kleiman Apr. 8, 2020 Dep. Tr.), at 33:3–4; ECF No. [488-1] (Paige Dep. Tr.), at 26:7–27:7, 43:22–45:2 & 115–16 (Ex. 9). Further, the minimal information in

---

[3] Plaintiffs' civil theft claim has a five-year statute of limitations. Fla. Stat. § 772.17. Wright does not contend this claim is time-barred. *See* Opp. at 7 (arguing claims "other than their statutory civil theft claim" are barred).

[4] Those same allegations were also in the Amended Complaint. ECF No. [24], ¶¶ 67, 197. The Court nonetheless denied Defendant's motion to dismiss the partnership claims in the Amended Complaint.

[5] Also, in addition to not saying what Defendant claims, ¶ 67 itself specifically says that discovery is needed to further flesh out the issues identified.

the notice does not meet either the Australian or American requirements for process. *See* Fed. R. Civ. P. 4; UCPR 11.7. Wright fails to explain how the Notice supposedly provided the requisite information to constitute process. *See* Opp. at 9 (listing the notice's sparse contents and merely asserting it provided sufficient information). Nor does he explain how a notice for only one of the cases Wright filed could serve as "process" for the second case he filed.

The method of "service" was insufficient as well. Wright does not explain how it is acceptable to send purported service to a company's mailing address rather than its registered address for service of process. Nor would service by mail have been acceptable, even if it had been sent to the registered address for service of process (it was not). Wright's argument to the contrary relies on inapposite cases about sending process **from** the U.S. **to** other countries consistent with the Federal Rules of Civil Procedure governing service of U.S. court documents abroad, when the receiving country did not object. *See* Opp. at 8 & n.4.[6] Wright's proposed extension of those cases to permit service by mail when the issuing jurisdiction does **not** permit service by mail conflicts with *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1513 (2017). Australia does not permit international service by mail, and Wright does not argue otherwise. Australia allows international service in any manner authorized by the jurisdiction where the party to be served resides, but federal law and Florida law do not allow service by mail. *See* Fed. R. Civ. P. 4; Fla. Stat. § 48.011 *et seq.* Mailing the Notice of Listing did not constitute service of process.

Moreover, Ira Kleiman did not learn about the Notice of Listing until 2016. ECF No. [488-1] (Paige Dep. Tr.), at 43:22–45:2 & 115–16 (Depo. Ex. 9).[7] Wright appears to agree that Ira first saw the Notice in 2016. *See* Opp. at 9 n.5. More broadly, the evidence definitively establishes that Ira did not know the facts underlying his claims—in particular, Wright's misappropriation—before February 14, 2014. The case Wright cites on a plaintiff's awareness of facts underlying claims is thus inapplicable here. *Cf. Hall v. Burger King Corp.*, 912 F. Supp. 1509, 1536 (S.D. Fla. 1995) (plaintiffs "admitted in discovery that they were aware of their purported claims" during a time

---

[6] One of Wright's cited cases held that service by mail abroad was ineffective because the receiving country objected. *See Forth v. Carnival Corp.*, No. 12-cv-23770-PAS, 2013 WL 1840373, at *2 (S.D. Fla. May 1, 2013).

[7] Wright asserts the Australian court sent the Notice of Listing to the location David Kleiman used for "***all of his business affairs***." Opp. at 9 (emphasis in original). But Carter Conrad, on whose testimony Wright relies, did not testify that "all" of David's business was conducted at that address. He testified that it was "a Drop Box that Dave would use for his business and I guess personal items also." ECF No. [550], ¶ 64; ECF No. [488-2] (Conrad Dep. Tr.), at 26:6–9. And Patrick Paige confirmed the address belonged to Computer Forensics, LLC, a separate company that he, Conrad, and David ran. ECF No. [534], ¶ 66; ECF No. [488-1] (Paige Dep. Tr.), at 26:7–27:7, 35:4–23.

outside the statute of limitations). Thus, the Court should grant summary judgment to Plaintiffs on the statute of limitations defense as Wright has shown no evidence sufficient to support it.

B.   Wright should be equitably estopped from asserting the statute of limitations.

Wright's only response to Plaintiffs' argument that he is equitably estopped from asserting the statute of limitations based on his fraudulent conduct is to argue that Florida does not recognize equitable estoppel of the statute of limitations. He is wrong. Florida has long recognized equitable estoppel as an independent basis for extending the time to file claims. *See, e.g.*, *Major League Baseball v. Morsani*, 790 So. 2d 1071, 1077 (Fla. 2001); *Acoustic Innovations, Inc. v. Schafer*, 976 So. 2d 1139, 1144 (Fla. 4th DCA 2008). Wright appears to have confused equitable estoppel with equitable tolling, Opp. at 13–14, exclusively citing cases about the latter while ignoring the former (and then, ironically, threating sanctions against Plaintiffs based on his own error).

"Florida courts apply equitable estoppel to prevent a defendant from asserting the statute of limitations as a defense when the defendant's misconduct induced the plaintiff to forbear bringing suit within the applicable limitations period." *Rager v. Augustine*, 760 F. App'x 947, 951 (11th Cir. 2019), *cert. denied*, No. 19-6410, 2020 WL 1668363 (U.S. Apr. 6, 2020). "Equitable estoppel is based on principles of fair play and essential justice and arises when one party lulls another party into a disadvantageous legal position." *Morsani*, 790 So. 2d at 1076. Wright offers no substantive response to Plaintiffs' equitable estoppel arguments and does not discuss the cases Plaintiffs cited. For the reasons in the Motion, Wright is equitably estopped from asserting a statute of limitations defense, and the Court should grant summary judgment to Plaintiffs.[8]

C.   The statute of limitations defense also fails because Wright's fraudulent concealment extended the statute of limitations.

Even if Wright had met his burden to show that Plaintiffs' claims accrued more than four years before the complaint was filed on February 14, 2018 (he did not), and even if he were not equitably estopped from asserting his state of limitations defense (he is), his fraudulent concealment of those claims renders them timely filed. As Plaintiffs established in their Motion, this concealment "'goes beyond mere non-disclosure'" and "'constitute[s] active and willful concealment.'" *Razor Capital, LLC v. CMAX Fin. LLC*, No. 17-cv-80388-KAM, 2017 WL

---

[8] Defendant includes an out-of-place footnote in the statute of limitations section regarding calculation of damages. Opp. at 5 n.2. The determination of damages is not at issue in this motion, but suffice it to say that Florida law does not reward Wright for his own deception by giving him the benefit of the growth in the value of bitcoin and related intellectual property during the time he has wrongly possessed those assets.

3481761, at *5 (S.D. Fla. Aug. 14, 2017) (quoting *Licul v. Volkswagen Grp. of Am., Inc.*, No. 13-cv-61686-JIC, 2013 WL 6328734, at * 6 (S.D. Fla. Dec. 5, 2013)).

Although Defendant selectively discusses some of his fraudulent conduct, he fails to address other conduct constituting "active and willful concealment," including: (1) listing his own Australian address as the address for W&K in the Australian Court Proceedings to hide the cases from the Kleiman family (ECF No. [83-30], at 3); (2) fraudulently appointing Jamie Wilson (Wright's employee in a different company) to consent on behalf of W&K (Mr. Wilson admitted that he was never authorized to act for W&K) to the "Consent Orders" entered in Australia (ECF No. [511-9] (Wilson Dep. Tr.), at 33:9–16, 70:9–10, 71:8–12); (3) forging contracts, emails, and other messages to make it appear as though David Kleiman willingly gave Wright W&K's intellectual property, and that Wright did not have bitcoins that belonged to David (ECF No. [550-6] (fraudulent contracts); ECF No. [500-2], at 6–28, 31–33, 35–36); and (4) making many misrepresentations in his emails to Louis and Ira Kleiman about wanting to help them (Mot. at 21–22). Although Wright nominally denies some of these facts in his Response to Plaintiffs' Statement of Undisputed Material Facts, he does not undermine the evidentiary bases for these facts or offer contrary facts. *See* ECF No. [531], ¶¶ 11–14, 23, 33. Failure to refute these allegations properly is an admission of their accuracy. *See supra*, § I.

As discussed above, the Consent Orders do not support Wright's statute of limitations defense. The Australian Court Proceedings exacerbate rather than excuse Wright's frauds. First, the procurement of the Consent Orders was, itself, a massive fraud by Wright. Also, as discussed more fully in opposition to Wright's Motion for Summary Judgment, Wright swore in an affidavit filed in the Australian court that he had served W&K by "mailing" a copy of the statement of claim to W&K's registered mailing address and "leaving" a copy at W&K's registered address for service. ECF No. [83-4], ¶¶ 8–9. This too was false, and Wright no longer asserts he mailed or left a copy of the statement of claim with W&K.

Wright argues that his invocation of Coin-Exch could not constitute fraudulent concealment, but his invocations of Coin-Exch were one of the ways in which he hid Plaintiffs' claims. Ira Kleiman was not seeking shares in Coin-Exch; rather, it was Wright who repeatedly promised Ira money and shares in an attempt to hide his plan to misappropriate David Kleiman's and W&K's assets. *See* ECF No. [511-8], at 1; ECF No. [511-18], at 1; ECF No. [495], ¶¶ 45, 49, 50. In any event, all of those discussions occurred within four years of the complaint's filing.

Contrary to Wright's assertion, Plaintiffs also submitted evidence about Wright's fraudulent substitution of Uyen Nguyen as registered agent of W&K, ECF No. [511-17], at 1, and his scheme through the Australian Court Proceedings to rob W&K of its intellectual property. Wright cites no case for the proposition that these fraudulent concealments, including his many misrepresentations to the Australian court, were absolved based on his unsubstantiated and false belief that the assets of W&K should belong to him.

Wright next argues that Plaintiffs cannot establish reliance on his misrepresentations, but the evidence shows that Ira Kleiman and W&K relied on his deceptions in bringing suit later than they would have without the deceptions. *See* ECF No. [511-20], at 149 (Ex. 7 to Apr. 7, 2019 Dep. of Ira Kleiman) ("[A]t first I really bought into the stuff he was telling me. . . . Over time, he revealed his true intentions which were to turn W&K into just W."); ECF No. [488-14] (Ira Kleiman Apr. 8, 2019 Dep. Tr.), at 57:7–58:12 (discussing an email in which Ira described considering litigation in March 2016); ECF No. [511-13] (Zachary Eisner Dep. Tr.), at 125:10–126:16 ("Among those – among those statements that Craig made there's a variety of statements I'll pay you $12 million in six months time and other statements that all of which were also fraudulent. Fraudulent also being the forgeries on those Australian judgments. We hold all those contracts were fraud and fraudulent."). Wright points only to Ira's deposition testimony where Ira, a non-lawyer, testified that he was not able to comment on what the specific legal elements of the Complaint mean. *See* ECF No. [488-13] (Ira Kleiman Jan. 9, 2020 Dep. Tr.), at 164:7–19 (Wright's counsel asking about meaning of paragraphs of complaint).[9]

Finally, Plaintiffs used reasonable care and diligence to discover their claims. *See* ECF No. [533], at 7–8. That is exhibited in Ira Kleiman's correspondence with Wright where, had Wright responded to the questions honestly, Ira would have uncovered the basis for his claims. *See* Mot. at 21–22. Wright suggests that Plaintiffs' diligence is undermined by actions Ira took with certain papers and hard drives belonging to David Kleiman, but Wright misrepresents the evidence. Ira explained at his deposition that he only "discard[ed] some papers" that "didn't look relevant to keeping" like "junk mail," and reformatted two devices that had nothing on them. ECF No. [488-14], at 44:20–45:3, 48:10–14, 49:12–17, 52:25–53:4; ECF No. [550], ¶ 25. There is also nothing

---

[9] Further, a layman cannot be expected to understand the legal elements behind fraudulent concealment and statutes of limitations to know that when asked "[w]hat did [Wright] induce you into doing," he should respond that he was induced not to sue for long enough that Wright now claims the statute of limitations bars Plaintiffs' claims.

in the record, other than Wright's speculation, that suggests that the discarded materials contained relevant information or that Ira had any reason to suspect they did.[10]

Based on the unrebutted evidence that Wright fraudulently concealed the claims in this case from Plaintiffs, summary judgment is appropriate on the statute of limitations defense.

    D.  <u>Wright's laches defense fails because Plaintiffs' claims are not time barred and he presents no evidence of prejudice from any delay.</u>

Wright's laches defense fails because Plaintiffs brought their claims within the statute of limitations and Wright points to no evidence he was prejudiced by any alleged delay. Wright appears to concede that his laches defense would fall with his statute of limitations defense because claims brought within the statute of limitations for a legal action on the same subject matter, including as extended, are almost never barred by laches. Opp. at 14; *see Bowe v. Pub. Storage*, No. 14-cv-21559-UU, 2015 WL 11233137, at *2 (S.D. Fla. June 26, 2015) (granting summary judgment on laches defense "because the statute of limitation ha[d] not expired on any class member's [] claim"); *Wood v. B L Bldg. Co.*, No. CIV.A.H-03-713, 2004 WL 5866352, at *16 (S.D. Tex. June 22, 2004) (granting summary judgment on laches); *Briggs v. Estate of Geelhoed ex rel. Johnson*, 543 So. 2d 332, 334 (Fla. 4th DCA 1989) (because the statute of limitations was tolled, laches did not apply). And contrary to Defendant's arguments, the laches defense under Florida law has been repeatedly held to require a showing of prejudice, at least where the statute of limitations does not bar a legal claim on the same subject matter. *See, e.g.*, *Van Meter v. Kelsey*, 91 So. 2d 327, 331 (Fla. 1956); *Bethea v. Langford*, 45 So. 2d 496, 498 (Fla. 1949); *Baker v. Baker*, 920 So. 2d 689, 693 (Fla. 2d DCA 2006); *Dep't of Revenue ex rel. Brown v. Steinle*, 837 So. 2d 1072, 1073–74 (Fla. 2d DCA 2003) (citing *McCray v. State*, 699 So. 2d 1366, 1368 (Fla. 1997)).

In the Motion, Plaintiffs cited *University Community Hospital, Inc. v. Professional Service Industries, Inc.*, No. 15-cv-628, 2017 WL 2226578, at *8 (M.D. Fla. May 19, 2017), which granted summary judgment on a laches defense to the plaintiff based in part on a lack of evidence of prejudice.[11] "Prejudicial harm does not occur merely because one loses what he or she otherwise

---

[10] In fact, despite obtaining an Order from Judge Reinhart requiring Ira to provide forensic copies of David's drives to Wright's experts, and despite having those experts recover thousands of files from the drives' deleted space, the experts found nothing of substance.

[11] Wright's threat of sanctions and assertion that Plaintiffs were trying to mislead the Court based on a citation to *In re Checking Account Overdraft Litigation*, No. 09-MD-02036-JLK, 2013 WL 5774287, at *4 (S.D. Fla. Oct. 24, 2013), is baseless. The law is the same in Arkansas and Florida, and Plaintiffs cited *University Community Hospital* for the Florida laches standard, which Wright does not acknowledge or bother to address in his Opposition.

would have kept. There must be a delay which causes a disadvantage in asserting and establishing a claimed right or defense, or other damage caused by detrimental reliance." 30A C.J.S. Equity § 153. "Prejudice is not presumed, but rather must be affirmatively demonstrated." *Id.* Wright does not argue that he has shown prejudice or address *University Community Hospital*.

Wright misreads Fla. Stat. § 95.11(6) to eliminate a prejudice requirement. But prejudice is required. *See Goodwin v. Blu Murray Ins. Agency, Inc.*, 939 So. 2d 1098, 1104 (Fla. 5th DCA 2006) (quoting Fla. Stat. § 95.11(6) and holding "laches requires the element of injury or prejudice to the defendant in the event relief is accorded to the plaintiff, or in the event the suit is not barred"). Because Plaintiffs brought their claims within the statute of limitations (actually and as extended by Wright's fraudulent concealment and application of equitable estoppel) and Wright makes no effort to establish prejudice, laches does not apply, and the Court should grant summary judgment.

**IV.   Plaintiffs Are Entitled to Summary Judgment on the Statute of Frauds Defense.**

There is still no evidence supporting an intent for a partnership to last for a definite period longer than one year, or that performance of the partnership agreement was impossible within one year. Summary judgment should therefore be granted to Plaintiffs on the statute of frauds defense.

In *Browning v. Poirier*, 165 So. 3d 663 (Fla. 2015), the Florida Supreme Court explained that only oral agreements that cannot be performed within a year fall within the statute of frauds. *Id.* at 665–66. Agreements for an indefinite term do not. *See Martinez v. Lieberman*, 920 So. 2d 128, 129 (Fla. 3d DCA 2006) (oral contract for an indefinite term does not fall within the statute of frauds). *Browning* "recede[d] from" *Yates v. Ball*, 181 So. 341 (Fla. 1937), to the extent *Yates* suggested that an oral agreement for an indefinite term was unenforceable because performance actually lasted longer than a year. *See Browning*, 165 So. 3d at 665–66 & n.3.

Wright and David Kleiman's partnership did not fall within the statute of frauds because the partnership was not an agreement for a definite term of longer than a year, or one where performance was impossible within a year. No one, including Wright who denies that there was any partnership at all, has said anything to the contrary. Wright continues to misconstrue the single paragraph he cites from the Second Amended Complaint (¶ 67) on this issue. The invocation of a "three-year oral contract" is misdirection. *See supra*, § III(A).

Wright's cited cases all predate *Browning* and either recognize that the appropriate test is whether performance is impossible within one year or embrace the superseded approach of speculating about the likely time for performance of agreements of indefinite duration. *Cf. Chernys*

10

*v. Standard Pac. of S. Fla., G.P. Inc*., No. 07-cv-21605-JAL, 2010 WL 11504280, at *4 (S.D. Fla. Feb. 10, 2010) (purported contract unenforceable "because it *could not have been completed* until profits for the year 2006 were determined" (emphasis added)); *Roberts v. Stutman*, No. 09-cv-80490-WPD, 2011 WL 13225074, at *3 (S.D. Fla. Jan. 19, 2011) (finding undisputed evidence that the agreement was intended to last for the life of the account, which was to last more than one year); *Hertz v. Salman*, 718 So. 2d 942, 942 (Fla. 3d DCA 1998) (summary decision without analysis concluding that the record supported that the parties intended that the oral agreement was not to be performed within one year); *Saeme v. Levine*, 502 F. App'x 849, 853 (11th Cir. 2012) (summary disposition holding the district court did not err in concluding that putative partners "intended that the performance of their agreement take longer than one year"); *Khawly v. Reboul*, 488 So. 2d 856, 858 (Fla. 3d DCA 1986) (relying on and quoting the superseded portion of *Yates* suggesting courts should weigh the likelihood of performance within a year).

Wright's argument about a purported promise not to access the bitcoin mined as part of the partnership for several years does not show that the partnership falls within the statute of frauds. There is no evidence that Wright and David Kleiman made any such agreement as part of forming their partnership. *Browning*, 165 So. 3d at 666 (application of the statute of frauds is determined "judging from the time the oral contract was made"). Even if such an agreement were formed later, it would not make the earlier-formed partnership unenforceable—just the later promise not to touch the bitcoin. *Fresh Capital Fin. Servs., Inc. v. Bridgeport Capital Servs., Inc.*, 891 So. 2d 1142, 1145 (Fla. 4th DCA 2005) (holding contracts divisible and enforcing earlier contract due to full performance). Moreover, there's no evidence they agreed not to touch the bitcoin *for several years*, just that they agreed, at certain times, not to touch them.

## V.   Plaintiffs Are Entitled to Summary Judgment on the Estoppel Defense.

Wright makes three arguments for how his estoppel defense could apply in this case, but none are legally sufficient or supported by evidence.

*First*, Wright contends that judicial estoppel should apply based on litigation in state court between the Estate of David Kleiman and Computer Forensics LLC, Patrick Paige, and Carter Conrad. But the state court case is distinct from this litigation and no estoppel applies. *See* ECF No. [488-1], at 97 (Complaint, *Kleiman v. Computer Forensics LLC*). The state court case involved different parties. W&K was not a party and so cannot be subject to estoppel. *Id.* Wright was not a defendant in the state court case. *Id.* Moreover, there is nothing inconsistent about the positions

the Estate has taken in these two cases,[12] and there is no evidence that the Estate is making "'a mockery of the judicial system.'" *Apex Toxicology, LLC v. United Healthcare Ins. Co.*, No. 17-cv-61840-FAM, 2018 WL 3199250, at *1 (S.D. Fla. June 29, 2018) (citation omitted).

*Second*, estoppel also does not apply based on the Australian Court Proceedings. Wright does not contest that estoppel from the Australian proceedings cannot apply to the Estate, which was not a party. And to say that W&K took an inconsistent position in the Australian Court Proceedings is mind-boggling given that W&K did not take **any** position in the lawsuits. Instead, it was Wright (and his agents) who fraudulently represented W&K's positions in the lawsuits despite his statements in this case disavowing ownership of W&K. And there is no support for Wright's argument that, to avoid estoppel, Plaintiffs need to litigate in Australia.

*Third*, Wright's argument about estoppel to deny preemption based on the Florida Uniform Trade Secrets Act ("FUTSA") does not hold water. As an initial matter, Wright waived a preemption defense by not including it in his answer. *See* ECF No. [549], at 38–41 (Plaintiffs' summary judgment response discussing this waiver and prejudice); *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1239 (11th Cir. 2010) ("Failure to plead an affirmative defense generally results in a waiver of that defense."); *Gottlieb & Gottlieb, P.A. v. Crants*, 657 F. App'x 920, 923 (11th Cir. 2016) (defendant "could not avoid waiver by asserting the affirmative defense in his opposition to [plaintiff's] motion for summary judgment"); *Arias v. Alphine Towing, Inc.*, No. 10-cv-20434-PCH, 2011 WL 11073004, at *6 (S.D. Fla. Feb. 8, 2011) ("allowing the defendants to amend their answer at this late stage in the proceedings would severely prejudice the plaintiff"). He cannot sneak a preemption defense into this case through estoppel. In any event, Wright is wrong on the operation of FUTSA preemption, which does not simply look to the common nucleus of operative fact. FUTSA preempts a claim only "'if there is no 'material distinction' between the plaintiff's FUTSA claim'" and the challenged claim. *Sentry Data Sys., Inc. v. CVS Health*, 361 F. Supp. 3d 1279, 1295 (S.D. Fla. 2018) (Bloom, J.) (citation omitted); *see* ECF No. [549], at 40–43. And, in

---

[12] The allegations in state court sought, in part, return or damages for one of David's "smartphones" Ira had given to Computer Forensics, LLC and Patrick Paige to help him unlock. ECF No. [488-1], at 101 (¶ 18). Ira did not know what was on the "smartphone"—he could not access it. The only reference to "bitcoin" in that case was a request that, "[t]o the extent" the defendants in that action had any of David's bitcoin, that they be enjoined from converting it to their own use. *Id.* at 105 (¶ 35). Ironically, it was Wright who suggested to Ira that David may have had devices that contained bitcoin. ECF No. [83-24], at 9. The remainder of the suit was a request for David's fair share of Computer Forensics, LLC's profits. Neither of these claims are inconsistent with Plaintiffs' allegations here that David and Wright formed a partnership to create and mine bitcoin and create intellectual property, that they mined bitcoin together, and that Wright stole the bitcoin and intellectual property.

arguing for preemption based on estoppel, Wright goes no further than asserting that Plaintiffs have taken inconsistent positions (though they have not) and does not address the other requirements for equitable or judicial estoppel. *Apex Toxicology*, 2018 WL 3199250, at *1; *Buccellati Holding Italia SPA v. Laura Buccellati, LLC*, 5 F. Supp. 3d 1368, 1376 (S.D. Fla. 2014).

Because none of Wright's three purported sources of estoppel are legally or factually sufficient, summary judgment should be granted to Plaintiffs on this defense.

**VI.    Plaintiffs Are Entitled to Summary Judgment on the Res Judicata Defense.**

Summary judgment should be granted on Wright's res judicata and collateral estoppel defenses because (i) as explained below, he did not address two of the independent bases for summary judgment in his Opposition, (ii) W&K was never served with process in the Australian Court Proceedings, and (iii) Wright committed extrinsic fraud in those proceedings.[13]

    A.    Wright forfeited any opposition to Plaintiffs' arguments that preclusion would defeat the ends of justice and that the claims here were not decided on the merits.

Wright's Opposition does not address Plaintiffs' arguments that applying res judicata would defeat the ends of justice and that the particular issues and claims here were not decided on the merits in the Australian Court Proceedings. Mot. at 18–20. By not addressing these arguments, Wright has forfeited the issues and summary judgment should be entered on this affirmative defense. *See Anderson v. Branch Banking & Tr. Co.*, 119 F. Supp. 3d 1328, 1345 (S.D. Fla. 2015) (Bloom, J.) (collecting cases); *Nat'l Union Fire Ins. Co. of Puttsburgh v. Tyco Integrated Sec., LLC*, No. 13-cv-80371-BB, 2015 WL 11251736, at *3 (S.D. Fla. July 29, 2015) ("Plaintiff has elected not to address Defendant's argument . . . and has thereby conceded the point.").

    B.    Res judicata cannot apply based on the Australian Court Proceedings given the lack of service of process.

Wright hangs his res judicata argument on "service of process" in the Australian Court Proceedings. But there is no evidence of proper service of process for the reasons explained above. *See supra*, § III(A). Wright's (inaccurate) arguments about actual notice do not make service of process valid. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("A defendant's actual notice is not sufficient to cure defectively executed service."); *Bedford Computer Corp. v. Graphic Press, Inc.*, 484 So. 2d 1225, 1227 (Fla. 1986) ("The fact that the defendant received actual notice

---

[13] Wright did not address collateral estoppel in his Opposition and appears to have abandoned it. In any event, the arguments in the Reply also apply to collateral estoppel.

of this lawsuit does not render the service of process valid."). "Florida courts have uniformly held that statutes dealing with service of process are to be strictly construed . . . ." *Woodbury v. Sears, Roebuck & Co.*, 152 F.R.D. 229, 235 (M.D. Fla. 1993) (citation omitted). A judgment is void if the issuing court lacked jurisdiction. *Fla. Nat'l Bank of Jacksonville v. Kassewitz*, 25 So. 2d 271, 275 (Fla. 1945). W&K is therefore not bound by the fraudulent Australian Consent Orders. *See Hansberry v. Lee*, 311 U.S. 32, 40 (1940) ("[O]ne is not bound by a judgment in personam in a litigation in which he . . . has not been made a party by service of process.").

C. Wright's extrinsic fraud in Australia precludes application of res judicata.

Wright argues that no extrinsic fraud occurred in the Australian Court Proceedings because the court there mailed a Notice of Listing for one of the cases. This is not a defense to **his** fraud, which included appointment of Jamie Wilson to consent on behalf of W&K, using his own address in Australia as the address for W&K, and telling the Australian court that he owned 100% of W&K. Mot. at 18 (citing evidence); ECF No. [531], ¶¶ 11–17, 23, 33, 35–36; ECF No. [511-11], at 1. These actions, which Plaintiffs highlighted in their Motion as core extrinsic fraud, prevented Plaintiffs from participating in the Australian proceedings. *See United States v. Throckmorton*, 98 U.S. 61, 65–66 (1878) (listing as an example of extrinsic fraud when "an attorney fraudulently or without authority assumes to represent a party and connives at his defeat"). This case is thus unlike those cited by Wright in which the party subject to res judicata was **not** prevented from participating. *Cf. Nero v. Mayan Mainstreet Inv 1 LLC*, No. 14-cv-1363, 2014 WL 12610668, at *3 (M.D. Fla. Nov. 13, 2014) (subsequent history omitted) (party subject to preclusion participated fully in previous proceeding); *George v. McClure*, 245 F. Supp. 2d 735, 736 (M.D.N.C. 2003) (same), *aff'd*, 87 F. App'x 914 (4th Cir. 2004); *Parker v. Parker*, 950 So. 2d 388, 389 (Fla. 2007) (same). Because of the issues forfeited by Wright, the lack of service of process on W&K, and other extrinsic fraud in the Australian Court Proceedings, summary judgment should be granted to Plaintiffs on the res judicata defense.

**VII.    Plaintiffs Are Entitled to Summary Judgment on the New Unclean Hands Defense.**

Wright presents a new, speculative account of his unclean hands defense, abandoning both grounds for the defense alleged in his answer. *See* Opp. at 19; ECF No. [87], at 34–35.

Specifically, he now argues that Ira Kleiman has "unclean hands" because Ira threw away some of David Kleiman's junk mail and reformatted some blank hard drives. The new allegations fail for three reasons: First, Wright has waived this unpled basis for his defense, and Plaintiffs

would suffer prejudice from excusing the waiver because they have not had an opportunity for discovery on this basis for the defense. *See supra*, § V. Second, as discussed above, there is no evidence supporting Wright's assertion that anything in the junk mail or on the blank drives created a disputed material fact. *See supra*, § III(C); ECF No. [488-14], at 44:20–45:3, 48:10–14, 49:12–17, 52:25–53:4; ECF No. [550], ¶ 25. Third, an unclean hands defense cannot apply because Wright has not shown and cannot show how Ira's alleged "wrongdoing is directly related to the claim against which it is asserted," or how Wright was "personally injured by [Ira's] conduct." *Dawes-Ordonez v. Forman*, No. 09-cv-60335-JIC, 2009 WL 3273898, at *2 (S.D. Fla. Oct. 9, 2009) (citing *Calloway v. Partners Nat'l Health Plans*, 986 F.2d 446, 450–51 (11th Cir. 1993)). Accordingly, the Court should grant summary judgment to Plaintiffs on the unclean hands defense.

## VIII.   Plaintiffs Are Entitled to Summary Judgment on the Personal Jurisdiction Defense.

Wright does not oppose summary judgment on his personal jurisdiction defense, but rather just wants to preserve it for appeal. Opp. at 20. Summary judgment is appropriate because the record still supports the Court's denial of Wright's motion to dismiss on personal jurisdiction. *See Fed. Deposit Ins. Corp. for Superior Bank v. Hall*, No. 14-cv-834, 2016 WL 7325590, at *2–3 (M.D. Fla. Aug. 29, 2016); *Ross v. Chisholm*, No. 05-cv-61238-JIC, 2006 WL 8432311, at *5 (S.D. Fla. Apr. 28, 2006).

## IX.   Plaintiffs Are Entitled to Summary Judgment on Wright's Good Faith Defense.

Wright does not address his good faith affirmative defense in his Opposition. Thus, he has forfeited it. *See, e.g.*, *Pac. Emp'rs Ins. Co. v. Wausau Bus. Ins. Co.*, 508 F. Supp. 2d 1167, 1174 (M.D. Fla. 2007) ("The other affirmative defenses that Defendants failed to support in the Response are waived and are no longer before the Court."); *Markel Int'l Ins. Co. v. Fla. W. Covered RV & Boat Storage, LLC*, No. 09-cv-2427, 2011 WL 13175740, at *6 (M.D. Fla. Mar. 9, 2011), *aff'd*, 437 F. App'x 803 (11th Cir. 2011). Even if he had not abandoned this defense, summary judgment would still be appropriate because no cases excuse forging contracts based on a self-serving, alleged subjective understanding of a dead man's intent. *See* Mot. at 24.

# CONCLUSION

For the reasons set forth above and in Plaintiffs' Motion, the Court should streamline this case for trial and grant summary judgment to Plaintiffs on each of Wright's affirmative defenses.

Dated: June 2, 2020                                   Respectfully submitted,


                                                      */s/ Velvel (Devin) Freedman*
                                                      Velvel (Devin) Freedman, Esq.
                                                      **ROCHE CYRULNIK FREEDMAN LLP**
                                                      200 S. Biscayne Blvd.
                                                      Suite 5500
                                                      Miami, Florida 33131
                                                      vel@rcfllp.com

                                                      Kyle W. Roche, Esq.
                                                      Joe Delich, Esq.
                                                      *Admitted Pro Hac Vice*
                                                      **ROCHE CYRULNIK FREEDMAN LLP**
                                                      185 Wythe Avenue F2
                                                      Brooklyn, New York 11249
                                                      kyle@rcfllp.com

                                                      Andrew S. Brenner, Esq.
                                                      **BOIES SCHILLER FLEXNER LLP**
                                                      100 SE 2nd Street, Suite 2800
                                                      Miami, Florida 33131
                                                      abrenner@bsfllp.com


                                                      *Counsel to Plaintiffs Ira Kleiman as*
                                                      *Personal Representative of the Estate of*
                                                      *David Kleiman and W&K Info Defense*
                                                      *Research, LLC.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 2, 2020 a true and correct copy of the foregoing was

filed under Seal with CM/ECF, and served by E-mail to all counsel of record.

*/s/ Velvel (Devin) Fredman*
VELVEL (DEVIN) FREEDMAN
