Jimmy Nguyen
April 30, 2020

```
 1                UNITED STATES DISTRICT COURT

 2                SOUTHERN DISTRICT OF FLORIDA

 3                 CASE NO. 9:18-cv-80176-BB/BR

 4
     IRA KLEIMAN, as the personal representative
 5   of the Estate of David Kleiman, and
     W&K Info Defense Research, LLC,
 6
                Plaintiffs,
 7
     -vs-
 8
     CRAIG WRIGHT,
 9
                Defendant.
10

11   * * * * * * * * * * * * * * * * * *

12   VIDEOTAPED TELECONFERENCE DEPOSITION OF JIMMY NGUYEN

13   DATE TAKEN: April 30, 2020

14   TIME: 12:05 p.m. - 7:35 p.m.

15
     TAKEN BEFORE: RICK E. LEVY, RPR, FPR
16                 AND NOTARY PUBLIC

17

18   * * * * * * * * * * * * * * * * * *

19

20

21

22

23

24

25
```

```
 1   the joint interest that you are memorializing with
 2   the joint common interest privilege?
 3           MR. SILVERGLATE:  Well, I believe you're
 4   misstating what my objection was.  So first of all,
 5   I'm asserting two privileges.  One is
 6   attorney-client privilege because Mr. Nguyen is on
 7   the team.  He is on the defense team, Mr. Wright's
 8   defense team, okay and because of that there is
 9   also a community of interest which implicates the
10   joint interest agreement and joint interest
11   privilege.
12           MR. FREEDMAN:  What is Mr. Nguyen's capacity
13   on the -- I'll direct this to Mr. Nguyen and
14   obviously you can instruct him not to answer so I
15   don't need to tell you Mr. Nguyen take a second to
16   allow your lawyer to give an instruction team.
17   What is your capacity on the defense team?
18           MR. SILVERGLATE:  You can answer that, Jimmy.
19           THE WITNESS:  When the lawsuit first got filed
20   Craig asked me to assist him in both finding
21   counsel and helping to communicate with counsel
22   regarding his defense.
23           MR. RIVERO:  And I haven't interrupted the
24   question but Mr. Nguyen, obviously you have a
25   lawyer but I just ask you to be careful since there
```

1       are dates where you were counsel to nChain, dates
2       where there was this common interest.
3            Please refrain from testifying about anything
4       that would invade those privileges and I'll just
5       join as necessary, stay out of it.
6  BY MR. FREEDMAN
7       Q.   So you are not a lawyer on the defense team,
8  you are not providing legal advice; is that correct?
9       A.   Correct.  Basically how I would describe it is
10 I am his liaison with his lawyers because to help with
11 communication Craig is a difficult communicator on what
12 are complex topics here and he felt that he asked me to
13 do this because to help him because of the need to
14 communicate with his lawyers especially about dealing
15 with complex issues in this case.
16           MR. FREEDMAN:  Okay, so as I understand this
17      is directed to the lawyers you're asserting --
18      Mr. Rivero, you're asserting Craig's
19      attorney-client privilege through you because
20      Mr. Nguyen is the go between between you and the
21      client, is that an accurate assertion of your
22      privilege?
23           MR. RIVERO:  Can I hear the last question read
24      back?  Sorry, the last question where these
25      objections were actually posed?  It was probably a

```
 1   couple questions ago.
 2           (Thereupon, a portion of the record
 3        was read back by the reporter.)
 4        MR. RIVERO:  I am asserting on behalf of Craig
 5   Wright his common interest privilege with
 6   Mr. Nguyen.
 7        MR. FREEDMAN:  What is the common interest
 8   that's seeking to be protected?
 9        MR. RIVERO:  I've now answered your question.
10   Please ask your next question.  Let's move on.
11        MR. FREEDMAN:  You're not answering what is
12   the common interest question for the record?
13        MR. RIVERO:  Sir, I've made an instruction.
14   Your -- my role is to state an objection or
15   instruction.  I think your role is to ask the next
16   question.  I think that's what you should do next.
17        MR. FREEDMAN:  You are declining to answer my
18   question, Mr. Rivero?
19        MR. RIVERO:  Sir, if you want to have a good
20   faith conference about this, sir, I've already told
21   you you can speak to me and I'll be glad to discuss
22   it.  We don't have to do it on the record, you know
23   that.  We already discussed this week so please
24   move on to your next question.
25        MR. FREEDMAN:  Mr. Rivero, respectfully your
```