**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 18-cv-80176-BB/BR

IRA KLEIMAN, as personal
representative of the estate of David Kleiman,
and W&K INFO DEFENSE RESEARCH, LLC,

    Plaintiffs,

v.

CRAIG WRIGHT,

    Defendant.
_____/

## DR. WRIGHT'S MOTION IN SUPPORT OF REDACTIONS

Dr. Craig Wright respectfully requests that the Court find good cause to permit redactions to Plaintiffs' Reply in Support of Their Omnibus Motion in Limine [D.E. 558] ("In Limine Reply") and to Plaintiffs' Reply in Support of Plaintiffs' Daubert Motion to Strike Defense Experts [D.E. 556] ("Daubert Reply") for the following reasons.

In its denial of Plaintiffs' Motions to Seal their Reply Briefs,[1] the Court ordered that "redactions to the Sealed Motions may be appropriate upon a proper showing of good cause." [D.E. 563, at 3] ("the Order"). In accordance with the Order, the parties conferred about Dr. Wright's redactions. The parties agreed on the redactions to the Daubert Reply but could not reach agreement on the redactions to the In Limine Reply.

In total, Dr. Wright makes only 3 redactions. Two of these redactions relate to private and personal identity information about Dr. Wright's family. [D.E. 556-6 at 1]; [D.E. 558-0 at 6, ¶ 2].

---

[1] D.E. 555; D.E. 557; D.E. 559.

The Court has found good cause for nearly identical redactions. [D.E. 539].[2] The final proposed redaction relates to an unreliable, scandalous, and defamatory accusation against Dr. Wright that appears in a footnote of the In Limine Reply [D.E. 558-0 at 6, n.5]. This redaction is supported by good cause.

"Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (citation omitted). However, the common law right of access to judicial records is "not absolute" and "may be overcome by a showing of good cause." *Inspired Techs., Inc. v. Intertape Polymer Corp.*, 2010 WL 11507753, at *1 (M.D. Fla. Dec. 6, 2010) (citing *Romero*, 480 F.3d at 1246). "[W]hether good cause exists ... is ... decided by the nature and character of the information in question." *Romero*, 480 F.3d 1234, 1246 (citing *Chicago Tribune v. Bridgestone/Firestone*, 263 F.3d 1304, at 1315 (11th Cir. 2001)). Federal courts have adopted a balancing test to determine whether good cause exists: the standard requires the district court to "balanc[e] the public interest in accessing court documents against a party's interest in keeping the information confidential." *Romero*, 480 F.3d at 1246 (citing *Chicago Tribune*, 263 F.3d at 1309). The balancing test takes into consideration "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, **the reliability of the information**, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* (emphasis added).

---

[2] Dr. Wright has been judicious in his redactions and, in fact, proposed no redactions to Plaintiffs' Reply in Support of Motion for Partial Summary Judgment [D.E. 560]. The Court will recall that when plaintiffs sought to seal entire briefs [D.E. 509; D.E. 510; D.E. 511], Dr. Wright counter-proposed the redaction of very limited passages. The Court adopted Dr. Wright's much more restrained confidentiality proposals.

The balancing test clearly weighs in favor of Dr. Wright's proposed redaction. Plaintiffs' accusation is entirely unreliable and is not, in fact, supported by any of the sources cited. To be clear, 0 of the 6 sources cited in the footnote link Dr. Wright to the accusation that plaintiffs assert in footnote 5, which appears for the first time in a *reply* brief in which plaintiffs seek the exclusion of evidence. Because of the complete absence of support for plaintiffs' assertion, there can be no legitimate public interest in the statement. Further, the redaction would not impair the Court's functions in any way because the accusation, as its curious eleventh-hour timing indicates, is not, and never has been, an issue in the case.

On the other hand, the (literally) unsupported accusation made in the redacted footnote is scandalous, defamatory, and highly likely to harm Dr. Wright's reputation and his prospects at trial if made public. This case is followed extensively by the media and obsessively by a cult-like bitcoin internet community that hawks the docket,[3] reports every detail of the case (e.g., the kind of pizza Dr. Wright and counsel ordered at dinner during a meeting in Miami last year), and that has violated this Court's restrictions on digital devices to livestream from a hearing before Judge Reinhart. To allow plaintiffs to air a wild accusation like this would permit a baseless conspiracy theory to be repeated endlessly in the internet's echo chamber, harming Dr. Wright's reputation, likely reaching potential jurors whose opinions could be tainted at trial and surely reaching the

---

[3] A few weeks ago, plaintiffs filed a sealed document in public in contravention of the Confidentiality Order and the explicit designation and instructions from defense counsel. Though defense counsel caught the improper public filing quickly and caused plaintiffs to seal 45 minutes later, sensitive information relating Dr. Wright's bitcoin addresses went viral within the bitcoin community and was rapidly disseminated. The limited redactions Dr. Wright has sought in this case are supported by uniquely good cause.

sort of unstable persons who might harass Dr. Wright or worse.[4] The high likelihood of injury to Dr. Wright cannot be squared with a nonexistent benefit of public access to a false statement.

Because the three targeted redactions are well-supported by good cause, Dr. Wright asks the Court to order his proposed redactions to the In Limine Reply and the Daubert Reply.

### S.D. FLA. L.R. 7.1 CERTIFICATION

In accordance with S.D. Fla. L.R. 7.1(a)(3), counsel for Dr. Wright has conferred with plaintiffs' counsel. Plaintiffs agreed to the redaction to the Daubert Reply but objected to the two redactions in the In Limine Reply.

Respectfully submitted,

RIVERO MESTRE LLP
Attorneys for Dr. Craig Wright
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email amcgovern@riveomestre.com
Email: zmarkoe@riveromestre.com
Email: wlohr@riveromestre.com
Email: receptionist@riveromestre.com

By: s/ Andres Rivero
ANDRES RIVERO
Florida Bar No. 613819
AMANDA MCGOVERN
Florida Bar No. 964263
ZAHARAH R. MARKOE
Florida Bar No. 504734
WHITNEY LOHR
Florida Bar No. 1010268

---

[4] Not even Florida's litigation privilege would shield a baseless defamatory statement like this. *See Kelly v. Palmer, Reifler, & Associates, P.A.*, 681 F. Supp. 2d 1356, 1368 (S.D. Fla. 2010) (explaining that the litigation privilege is "not without limitation" and does not extend to "defamatory words wholly and entirely outside of, and having no connection with, the matter of inquiry.") (citing *Myers v. Hodges*, 44 So. 357, 361 (Fla. 1907)).

## **CERTIFICATE OF SERVICE**

      I certify that on June 10, 2020, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF.

                                              /s/ Whitney Lohr
                                              WHITNEY LOHR