UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>  Plaintiffs,<br><br>v.<br><br>CRAIG WRIGHT<br><br>  Defendant. | CASE NO.:  9:18-cv-80176-BB/BR |

## RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SEAL

Plaintiffs have not opposed Dr. Wright's overzealous redactions of public filings to date. But the last two redactions have gone too far.

As to the first redaction (ECF No. 574 at 6), Plaintiffs moved *in limine* to keep evidence of Wright's alleged childhood trauma from the jury as it's irrelevant and clearly engineered to try win this case by appealing to juror sympathy since he cannot defend it on the merits. Wright opposed that motion, *i.e.*, he intends to introduce this testimony at trial to the jury. In reply, Plaintiffs specified *the generic type of trauma Wright alleges to have sustained* to provide necessary context. Nevertheless, and despite Wright's intention to testify about this trauma to the jury, he now seeks to keep even the most general information about it under seal. That cannot be. The precise information Wright is seeking to seal is the precise information he is seeking to inject at trial. If Wright wants to keep the information private, he should have acquiesced to Plaintiffs' *motion in limine*. If Wright intends to use this information at trial to his benefit (he should not be allowed to) then it will be public, and he must live with that choice.

As to the second redaction (ECF No. 574 at 6, n5), Plaintiffs moved *in limine* to prevent Wright from offering testimony that David committed suicide because it is a baseless attempt at

character assassination where (i) no record evidence supports it, and in fact, (ii) record evidence from the expert government officials charged with making determinations on causes of death (the Medical Examiner's office) directly refutes it by stating David died of natural causes. ECF No. 510, at 20. In reply, Plaintiffs have simply made the logical argument that this evidence should be excluded. To demonstrate the preposterous nature of Wright's evidence, Plaintiffs have argued that there is more record evidence in the case to support a jury inference that Wright took certain extreme actions to steal David's bitcoin fortune, then evidence that David committed suicide. Plaintiff's point is *correct* and simply legal argument.  There are no grounds to seal this portion of the brief other than the fact that Wright doesn't like that argument. That's not grounds to justify sealed treatment and deny "the common-law right of access to judicial proceedings, an essential component of our system of justice, [and something that is] instrumental in securing the integrity of the process." *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001).

Plaintiffs request the Court deny Wright's request to keep page 6 of ECF No. 574 under seal. Plaintiffs do not oppose Wright's other requests for sealed treatment.

| | |
|---|---|
| Dated:  June 10, 2020 | Respectfully submitted, |

*s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman, Esq.
**ROCHE CYRULNIK FREEDMAN LLP**
200 S. Biscayne Blvd.
Suite 5500 Miami, Florida 33131
vel@rcfllp.com
nbermond@rcfllp.com

Kyle W. Roche, Esq.
Joseph M. Delich
**ROCHE CYRULNIK FREEDMAN LLP**
99 Park Avenue, 19th Floor
New York, New York 10016

kyle@rcfllp.com
jdelich@rcfllp.com

Andrew S. Brenner, Esq.
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

*Counsel to Plaintiffs Ira Kleiman as*
*Personal Representative of the Estate of*
*David Kleiman and W&K Info Defense Research, LLC*

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on June 2, 2020, a true and correct copy of the foregoing was filed with CM/ECF, which caused a copy to be served on all counsel of record.

               */s/ Velvel (Devin) Freedman*
               Velvel (Devin) Freedman