UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

   plaintiffs,
v.                **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

   defendant.
_____/

## DR. CRAIG WRIGHT'S REPLY IN SUPPORT OF MOTION TO REDACT

  Plaintiffs' opposition to Dr. Wright's Motion to Redact [D.E. 575] makes arguments unrelated to the redactions in question, none of which undermine the plain good cause for redactions.

  *First*, the Court should allow redaction of the specifics of Dr. Wright's childhood trauma because it is "sensitive and highly personal [in] nature." *Doe v. St. John's Episcopal Par. Day Sch., Inc.*, 997 F. Supp. 2d 1279, 1290 (M.D. Fla. 2014) (allowing plaintiff to proceed anonymously in a case involving childhood trauma). In fact, the Court already allowed the redaction of the specifics of Dr. Wright's childhood trauma. D.E. 539 at 2.

  Plaintiffs, without any authority, advance the argument that, because evidence of Dr. Wright's childhood trauma may be used at trial, such evidence should automatically become public before trial. That argument is unavailing. The Court could seal the courtroom when the evidence of trauma is presented at trial, if requested and necessary. *See U.S. v. Flanders*, 845 F. Supp. 2d 1298, 1302 (S.D. Fla. 2012) (sealing courtroom for closing arguments). Remarkably, plaintiffs advance the notion that Dr. Wright's childhood trauma is somehow "clearly engineered

to try win this case by appealing to juror sympathy since he cannot defend it on the merits." D.E. 576 at 1. Though this claim has no bearing on the redactions, it strains the mind to argue that childhood trauma can be manufactured or tactical. Furthermore, it is incredible that plaintiffs want to focus on the relative strength of the parties' merits evidence when:

*(i)* Not a single witness will take the stand at trial to testify that Dave Kleiman and Dr. Wright had a business partnership to create and mine bitcoin, let alone provide any details of that supposed oral partnership;[1]

*(ii)* Every witness who had a close relationship with Dave Kleiman (his brother, Ira Kleiman, did *not*) will testify to the many reasons that plaintiffs' claims don't make sense; and

*(iii)* Even if Dave Kleiman had bitcoin, evidence of it was either forever lost when Ira Kleiman thoughtlessly ridded himself of his brother's papers and overwrote his hard drives, or the evidence is forever unavailable because the remaining devices are encrypted beyond decryption.

While plaintiffs appear to be engaged in a tactical litigation without proof of the core merits question—was there an oral partnership?—Dr. Wright will defend on the merits against a claim that his friend Dave Kleiman never even whispered about while alive and would not bring now if he were living.

*Second*, plaintiffs' scandalous and baseless claims about Dr. Wright's involvement in Dave Kleiman's death have no place in this Court's public record. Not only should this wild

---

[1] *See, e.g.*, *Vannamei Corp. v. Elite Int'l Telecomm, Inc.*, 881 So. 2d 561, 562 (Fla. 3d DCA 2004) (stating that the burden of establishing the existence of an oral partnership, "including all of its essential elements is indeed, as it should be, a heavy and difficult one."). Even in cases where a plaintiff had far more evidence than what plaintiffs provide here, the Eleventh Circuit has affirmed a district court's grant of summary judgment, finding that there was not enough evidence to establish an oral partnership or joint venture. *Pinnacle Port Cmty. Ass'n, Inc. v. Orenstein*, 872 F.2d 1536, 1538 (11th Cir. 1989) (affirming summary judgment).

accusation—untethered from any evidence and reality—be redacted, it should be stricken from the record under Rule 12(f) because it is scandalous and not protected by litigation privilege.

Plaintiffs want to justify their false allegation against Dr. Wright by falsely claiming that there is no record evidence that Dave Kleiman was suicidal. But the testimony at trial from Dave Kleiman's closest friends, who visited him frequently in the hospital and who spoke to him almost every day, will be that Dave Kleiman was suicidal. *See*, *e.g.*, D.E. 488-3 at 45:8-23 (one of Dave Kleiman's closest friends testifying that Dave Kleiman had contemplated suicide, he would sometimes fall into a "dark place," which caused concern, and Dave Kleiman believed that people with his condition do not live to see fifty years of age).

For the above good reasons, Dr. Wright respectfully requests that the Court grant his motion to redact.

Respectfully submitted,

RIVERO MESTRE LLP
*Attorneys for Dr. Craig Wright*
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email amcgovern@riveomestre.com
Email bpaschal@riveromestre.com
Email: receptionist@riveromestre.com

By: s/ Andres Rivero
ANDRES RIVERO
Florida Bar No. 613819
AMANDA MCGOVERN
Florida Bar No. 964263
BRYAN L. PASCHAL
Florida Bar No. 091576

## **CERTIFICATE OF SERVICE**

   I certify that on June 11, 2020, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

                               /s/ Bryan Paschal