UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-80176-BLOOM/Reinhart

IRA KLEIMAN, *et al.*,

    Plaintiffs,
v.

CRAIG WRIGHT,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant's Motion in Support of Redactions, ECF No. [575] ("Motion"). Plaintiffs filed a Response in Opposition, ECF No. [576] ("Response"), to which Defendant filed a Reply, ECF No. [577] ("Reply"). The Court has reviewed the Motion, the Response, the Reply, the record in this case, the applicable law, and is otherwise fully advised.

On June 2, 2020, Plaintiffs filed various items under seal. *See* ECF Nos. [556],[1] [558],[2] and [560][3] ("Sealed Replies"). On June 3, 2020, the Court entered an Order denying Plaintiffs' motions to seal those filings. *See* ECF No. [563] ("Order"). The Order, however, provided that the Sealed Replies would remain under seal until further Court order, and it stated that redactions to the Sealed Replies "may be appropriate upon a proper showing of good cause." *Id.* Accordingly, the Court directed the parties to confer in good faith and to re-file the Sealed Replies with redactions "[t]o

---

[1] Plaintiffs' Reply in Support of Plaintiffs' Daubert Motion to Strike Defense Experts.
[2] Plaintiffs' Reply in Support of Their Omnibus Motion in Limine.
[3] Plaintiffs' Reply in Support of Motion for Partial Summary Judgment.

the extent Defendant believes that certain portions of the sealed replies are exempt from the public's right of access." *Id.*

On June 10, 2020, Plaintiffs re-filed their Reply in support of their Daubert Motion, ECF No. [573], and their Reply in support of their Omnibus Motion in Limine, ECF No. [574]. Notably, they did not re-file their Reply in support of their Motion for Partial Summary Judgment, ECF No. [560]. In the Motion, Defendant acknowledges that he does not propose any redactions to ECF No. [560]. *See* ECF No. [575] at 2 n.2. Accordingly, Plaintiffs' Reply in Support of Motion for Partial Summary Judgment, ECF No. [560], no longer needs to be sealed.

On June 11, 2020, Defendant filed the instant Motion. Defendant asserts that good cause exists to support the redactions contained in ECF Nos. [573] and [574]. The Motion represents that only three redactions have been proposed. The first is located in ECF No. [573-6] at 1, which redacts the name of a member of Defendant's family. Plaintiffs do not oppose this redaction. ECF No. [576] at 2. The other redactions are located in ECF No. [574] at 6 ¶ 2 ("Redaction No. 2") and at 6 n.5 ("Redaction No. 3").

Redaction No. 2 redacts three words preceding the word "trauma" in the sentence reading "Wright seeks to introduce evidence of . . . trauma[.]" ECF No. [574] at 6. According to Plaintiffs, they moved in limine to exclude evidence of Defendant's alleged childhood trauma from the jury, yet Defendant opposes the motion and intends to introduce such testimony to the jury. ECF No. [576] at 1. Plaintiffs state that regarding Redaction No. 2, the redaction covers three words that specify the "generic type of trauma Wright alleges to have sustained to provide necessary context." *Id.* In their view, Defendant "now seeks to keep even the most general information about [the alleged trauma] under seal. That cannot be. The precise information Wright is seeking to seal is the precise information he is seeking to inject at trial. If Wright wants to keep the information

private, he should have acquiesced to Plaintiffs' motion *in limine*. If Wright intends to use this information at trial to his benefit (he should not be allowed to) then it will be public, and he must live with that choice." *Id.*

In reply, Defendant argues that the Court should allow redaction of the "specifics" of his alleged childhood trauma because it is "sensitive and highly personal [in] nature." ECF No. [576] at 1 (citing *Doe v. St. John's Episcopal Par. Day Sch., Inc.*, 997 F. Supp. 2d 1279, 1290 (M.D. Fla. 2014) (allowing plaintiff to proceed anonymously in action against church, priests, and others in lawsuit arising from plaintiff's allegations of sexual abuse committed by defendants when plaintiff was a minor)). According to Defendant, simply because he may use evidence of his alleged childhood trauma at trial does not mean the evidence should "automatically become public before trial." ECF No. [1] at 1. In particular, he notes that the Court can seal the courtroom, if requested and necessary, when such evidence is presented. *Id.*

In deciding whether to shield information from the public, courts "consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007). Against this backdrop, although the Court has discretion to determine which portions of the record should be placed under seal, such discretion "is guided by the presumption of public access to judicial documents." *Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013).

Upon review, the Court does not find good cause to seal the material contained in Redaction No. 2. The Court agrees with Plaintiffs that the words at issue are not "specifics" but rather are

general categories of trauma without any corresponding details. In this respect, the who, what, when, where, and how of the alleged trauma are notably absent. Although Defendant states that the Court previously approved keeping redacted other information in the record that contained similarly worded information, *see, e.g.*, ECF No. [539] (approving of redactions made to ECF No. [509-3] at 3-6), those redactions were made to records that identified individuals, potential timelines, and were included in expressly designated "confidential" records. By contrast, Redaction No. 2 reflects an issue Defendant seeks to inject at trial, which will necessitate scrutiny and presentation of evidence. The Court does not find that the mere mention of general categories of trauma is so harmful to one's privacy interests that it should overcome the presumption of the public's right of access to judicial records. *See, e.g.*, *United States v. Maurival*, 795 F. App'x 725 (11th Cir. 2019) (district court did not abuse its discretion in denying motion to seal where only "superficial, non-specific references to potentially private or protected information" were involved). Likewise, the Court does not find that unsealing the material at issue would impair court functions or would otherwise likely cause injury.

Additionally, Defendant's citation to *United States v. Flanders*, 845 F. Supp. 2d 1298 (S.D. Fla. 2012) is misplaced. In that criminal matter, another court partially closed the courtroom during closing arguments not because of the sensitive underlying nature of the arguments, but rather because the courtroom gallery was nearly full and there was a need to "maintain order in the courtroom and prevent distraction to the parties and jurors." *Id.* at 1300. *See also id.* at 1302-03 ("Finally, there is no question that this Court was justified in limiting the ability of the public to disturb the jury and counsel at such an important part of the proceedings. Closing arguments are intended as a last opportunity for the parties to impress upon the jury a specific view of the evidence and to influence the jury to return with a favorable verdict. Allowing members of the

public to freely come and go during the parties' closing arguments would have distracted members of the jury and inhibited their ability to perform their important function."). Because Defendant has not demonstrated good cause sufficient to overcome the public's right of access, Redaction No. 2 shall be unsealed.

Redaction No. 3 seeks to redact the entirety of footnote 5 on page 6 of ECF No. [574]. Defendant asserts that this redaction has been proposed because it "relates to an unreliable, scandalous, and defamatory accusation against Dr. Wright[.]" ECF No. [575] at 2. In Defendant's view, the redacted portion reflects an "entirely unreliable" "wild accusation" that has never been an issue in this case and has been raised at the eleventh hour. *Id.* at 3. Further, he contests that the information is defamatory and "highly likely to harm Dr. Wright's reputation and his prospect at trial if made public." *Id.* at 3. In response, Plaintiffs argue that Defendant's theory that David Kleiman committed suicide is factually baseless, and the record contains more evidence to infer that Defendant "took certain extreme actions to steal David's bitcoin fortune" than there is to infer that David Kleiman took his own life. ECF No. [576] at 2. Plaintiffs add that there are no grounds to seal this information "other than the fact that Wright doesn't like that argument." *Id.* In reply, Defendant states that Plaintiffs' "scandalous and baseless claims about Dr. Wright's involvement in Dave Kleiman's death have no place in this Court's public record." ECF No. [577] at 2. Defendant even urges the Court to strike this accusation. *Id.* at 2-3.

Upon review, the Court agrees with Plaintiffs that if Defendant is allowed to present evidence that David Kleiman committed suicide, they should be allowed to present counterevidence that supports an alternative theory of David Kleiman's cause of death. Although Defendant charges that Redaction No. 3 is defamatory, the mere possibility that records may cause embarrassment or harm one's reputation is not a sufficient basis for sealing materials. *See, e.g.*,

*Medina v. United Christian Evangelistic Ass'n of Fla., LLC*, No. 08-22111-CIV, 2010 WL 5392661, at *2 (S.D. Fla. Dec. 21, 2010) (denying motion to seal where information at issue might promote "negative public sentiment" about the defendants); *Russell-Brown v. Univ. of Fla. , Bd. of Trustees*, No. 1:09CV257-RH/GRJ, 2018 WL 914595, at *2 (N.D. Fla. Feb. 14, 2018) (finding insufficient cause to seal and noting that "public access to a case that might affect a party's reputation is not enough. Many cases, indeed nearly all, may affect a party's or attorney's reputation. This is an unavoidable collateral consequence of litigation. A plaintiff knows at the outset that litigation may have this effect."). Further, a party's denial of allegedly defamatory statements is not a legitimate basis for sealing evidence, and so long as material is arguably relevant to the case, the presumption of openness weighs heavily in favor of unsealing materials. *See Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250 (S.D. Fla. 2019), *reconsideration denied*, No. 1:17-CV-60426-UU, 2019 WL 1198702 (S.D. Fla. Mar. 6, 2019). *See also Romero*, 480 F.3d at 1247 ("Although court files that instigate public scandal or libel may be sealed," the denial of allegedly libelous allegations "is not a legitimate basis for sealing the evidence").

In this setting, Defendant stresses that the citations listed in Redaction No. 3 are "entirely unreliable" and that there is no legitimate public interest in the statement. ECF No. [575] at 3. However, by seeking to put at issue the cause of David Kleiman's death, there is a legitimate public interest in evidence on that matter. In this respect, rather than provoke public scandal, Plaintiffs' footnote attempts to demonstrate the weaknesses in Defendant's argument. Further, Defendant's belief that his prospects at trial may be impaired if Redaction No. 3 is unsealed is unconvincing. The Eleventh Circuit has noted that a "firestorm" in the media and related trial prejudice are "stereotyped and conclusory statements" that do not establish good cause. *See Romero*, 480 F.3d at 1247.

Additionally, although Defendant represents that this case has been publicized and followed by the media and a certain segment of the online community, he presents no evidence beyond *ipse dixit* that a "wild accusation" would "likely reach[] potential jurors whose opinions could be tainted at trial and surely reach[] the sort of unstable persons who might harass Dr. Wright or worse." ECF No. [575] at 3-4. Thus, when evaluating the factors, the Court does not find that Defendant's professed concern about false statements outweighs the public's right of access. Therefore, Redaction No. 3 shall be unsealed.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [575]**, is **GRANTED IN PART AND DENIED IN PART**.
2. The redacted items contained in ECF No. [556] shall remain under seal.
3. The Clerk of Court is directed to **UNSEAL** Plaintiffs' Reply in Support of Their Omnibus Motion in Limine, **ECF No. [558]** and Plaintiffs' Reply in Support of Motion for Partial Summary Judgment, **ECF No. [560]**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 12, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record