UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

    Plaintiffs,

v.                                                       **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

    Defendant.
_____/

**PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT RECORD ON
DEFENDANT'S PENDING MOTION FOR SUMMARY JUDGMENT**

On May 8th, Wright moved for summary judgment. ECF No. [487]. In that Motion, Wright requested this Court dismiss the entire action based on an alleged lack of subject matter jurisdiction. More specifically, he alleged that complete diversity of citizenship does not exist because Wright's ex-wife, Lynn Wright, has a membership interest in W&K. This claim was based on the January 2020 sworn deposition testimony of Ms. Wright, where she testified that she was, at the time of the deposition, a current member of W&K. ECF No. [488], ¶ 39 (Ex. Q at 28:17-30:5; 98:1-12.). Wright's motion for summary judgment seeks to have the entire case dismissed because this testimony "has indicia of reliability because [Ms. Wright] has no reason to lie for Dr. Wright." ECF No. [487] at 22-23. Wright goes even further and says that Ms. Wright and Dr. Wright "have (and had) a non-existent relationship, with little to no communication." Wright's Motion remains pending at this time.

Plaintiffs bring the instant Motion to ensure the Court has a full record before ruling on Wright's Motion for Summary Judgment. Specifically, Plaintiffs seek to supplement the record to

include a copy of the "Verified Petition" recently filed by Lynn Wright in the Circuit Court in and for Palm Beach County, Florida. In that Petition, Ms. Wright asks the state probate court to rule that she is a current owner of W&K, and to also order the Estate of David Kleiman to dismiss W&K's claims *in this federal lawsuit*. Ms. Wright's Verified Petition is attached hereto as Exhibit 1.

As it turns out, and not surprisingly given the history of this case, Ms. Wright's state court action reveals that everything Dr. Wright's motion for summary judgment said about Ms. Wright's alleged ownership of W&K was a lie. If her sworn allegations in that state court action are to be believed,[1] Ms. Wright, by her own admission, had no ownership interest in W&K at the time this lawsuit was filed (or at the time of her deposition in this case, or at the time Wright's Motion for Summary Judgment was filed). Since diversity jurisdiction is determined at the time of filing, Ms. Wright's verified state court petition directly contradicts her deposition testimony and mandates denial of the Defendant's motion for summary judgment based on a lack of jurisdiction. *Grupo Dataflux v. Atlas Glob. Grp*., L.P., 541 U.S. 567, 570, 124 S. Ct. 1920, 1924, 158 L. Ed. 2d 866 (2004) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought…. It measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of the filing – whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal); *see generally Strotek Corp. v. Air Trans. Assoc. of Am*., 300 F.3d 1129, 1131-32 (9th Cir. 2002) ("Once jurisdiction attaches, a party cannot thereafter, by its own change of citizenship, destroy diversity."); *Bates v. Laminack*, 938 F. Supp. 2d 649, 654 (S.D. Tex. 2013) ("In other words, jurisdiction that depends upon the condition of a party at the time of filing does not change

---

[1] To be clear, it is Plaintiffs' belief and position that everything Ms. Wright and Dr. Wright have alleged regarding the ownership of W&K is fabricated. Dave Kleiman was the 100% owner of W&K.

simply because that condition later changes. Otherwise, parties could continually destroy jurisdiction throughout the pendency of a case by simply moving around the country.").

Specifically, while Plaintiffs contend none of it is true, Ms. Wright swears that in December 2012, she transferred 100% of her transferrable interest in W&K to Craig Wright R&D. She then avers that, upon information and belief, Craig Wright R&D changed its name to the "Tulip Trust" (yes, the infamous "Tulip Trust" is now apparently just a name change of a company affiliated with Dr. Wright, it is not a "blind trust" as previously alleged).[2] But, Ms. Wright claims that she now again possesses an ownership interest in W&K because, ***on July 10, 2020***, the Tulip Trust allegedly transferred ownership interest in W&K back to her (including "one percentage interest" not previously owned by Ms. Wright).[3] Interestingly, although the Petition is accompanied by multiple exhibits, there is no documentation that purports to support this transfer of ownership interest in W&K.[4] Nor is there any discussion of consideration exchanged for this alleged transfer, nor an explanation by Ms. Wright why the Tulip Trust suddenly decided to transfer its claimed interest in W&K to her in the last few weeks and after Wright had moved for summary judgment. Indeed, it would be quite a coincidence if, even though Dr. Wright and his ex-wife purportedly have a "non-existent relationship" with "little or no communication," she decided on her own to file a petition in a 2013 state court probate action seeking, in part, to order the dismissal of at least

---

[2] "*Oh! What a tangled web we weave when first we practice to deceive.*" ECF No. [265] at 4-5 (this Court quoting Sir Walter Scott and ruling that Defendant failed to produce *any* credible evidence showing that Lynn Wright, Coin-Exch, or Uyen Nguyen are members of W&K).

[3] Dr. Wright has steadfastly and repeatedly disavowed any ownership interest in W&K. See ECF No. [83-5], at 1 (On April 2, 2013, the Defendant signed a contract, representing that Dave Kleiman is 100% owner of W&K, which was filed before the Supreme Court of New South Wales); ECF No. [12-2], at ¶ 12 ("On April 16, 2018, in a sworn affidavit the Defendant stated that he has "never been a member of W&K"); ECF No. [242-1], at (233:12-14) ("Q: Who owned W&K in reality? A. Not me.") and (233:22-23) ("Q. You have no idea who owns W&K? A. I do not know that.").

[4] Though it would not surprise Plaintiffs if such documentation suddenly appears after Plaintiffs have pointed out this deficiency. After all, Wright has not hesitated to forge and perjure his way through this lawsuit until now.

part of a federal court action to which Dr. Wright is the sole defendant. In any event, even Ms. Wright now says that she did not have any ownership interest in W&K when this lawsuit was filed in 2018.

Plaintiffs have much more to say on this issue including, but not limited to, how the recent filing by Ms. Wright appears to be yet another scheme by Dr. Wright to defraud Plaintiffs and this Court. Accordingly, Plaintiffs respectfully request leave to file a supplemental brief in opposition to Defendant's Motion for Summary Judgment, and to include Ms. Wright's recently filed state court petition in the record before the Court on Defendant's Motion for Summary Judgment. That brief will not exceed 10 pages, and will address only the part of that Motion seeking dismissal based on lack of diversity jurisdiction.

## S.D. FLA. L.R. 7.1 CERTIFICATION

In accordance with S.D. Fla. L.R. 7.1(a)(3), counsel for Plaintiffs conferred with Defendant's counsel who does not oppose the relief requested herein so long as Dr. Wright is given up to 10 pages to respond to any additional briefing on this issue filed by Plaintiffs.

Dated: August 4, 2020

Respectfully submitted,

*/s/ Andrew. S. Brenner.*
Andrew S. Brenner, Esq.
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

Velvel (Devin) Freedman, Esq.
**ROCHE CYRULNIK FREEDMAN LLP**
200 S. Biscayne Blvd.
Suite 5500 Miami, Florida 33131
vel@rcfllp.com
nbermond@rcfllp.com

Kyle W. Roche, Esq.
Joseph M. Delich
**ROCHE CYRULNIK FREEDMAN LLP**
99 Park Avenue, 19th Floor
New York, New York 10016
kyle@rcfllp.com
jdelich@rcfllp.com

*Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 4, 2020, a true and correct copy of the foregoing was filed with CM/ECF, which caused a copy to be served on all counsel of record.

> */s/ Andrew S. Brenner*
> ANDREW S. BRENNER