UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC,

    Plaintiffs,

v.                                              **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

    Defendant.
_____/

## JOINT PRETRIAL STIPULATION

In accordance with, S.D. Fla. Local Gen. Rule 16.1(e) and this Court Orders at D.E. 607 and 614, the parties jointly file the following pretrial stipulation.

    **1.**    **Statement of the Case by Each Party**

Plaintiffs' Statement of the Case:[1]

The plaintiffs in this case are Ira Kleiman, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research LLC. The defendant is Craig Wright.

Plaintiffs allege that David Kleiman and Craig Wright entered into a partnership to develop and release the original Bitcoin protocol, to mine bitcoin, and to develop blockchain-related intellectual property. Plaintiffs further allege that, after David Kleiman died, Craig Wright wrongfully took David Kleiman's share of the partnership's bitcoin and blockchain related

---

[1] Plaintiffs object to Defendant's statement for two reasons. One, it is not a "concise" statement of the case, as the rules require, but instead reads like a synopsis of Defendant's closing argument. Two, the statement is factually inaccurate and mischaracterizes Plaintiffs' claims (e.g. Defendant is undoubtedly aware that Plaintiffs do not allege that the Kleiman-Wright partnership ended in 2011). On the other hand, Plaintiffs' statement is based on the parties' Joint Neutral Statement of the Case filed June 22, 2020, [D.E. 593], with further revisions to account more fully for the claims of W&K.

intellectual property and has refused to provide it to his Estate. Plaintiffs seek to recover those assets in this lawsuit.

Plaintiffs further allege that W&K, which David Kleiman was the sole owner of, developed blockchain-related intellectual property. They allege that, after David Kleiman died, Defendant initiated fraudulent proceedings in Australia through which he gained control over all of W&K's intellectual property. Plaintiffs allege that Craig Wright has likewise refused to return that intellectual property to W&K. W&K seeks return of its intellectual property.

Craig Wright denies that he had a partnership with David Kleiman to create or mine bitcoin, or to develop bitcoin-related intellectual property. Craig Wright further denies that he wrongfully took or stole bitcoins or intellectual property that belonged to either Plaintiff. Wright raises two affirmative defenses, each based on the allegation that Plaintiffs' claims were filed too late.

Defendant's Statement of the Case:

Ira Kleiman, as the personal representative of the estate of Dave Kleiman, alleges that the late David Kleiman and Dr. Craig Wright entered into an oral partnership agreement to mine bitcoins and develop Bitcoin-related intellectual property. Plaintiffs allege that this oral partnership lasted for three years, from 2008 through 2011. This purported oral partnership agreement is central to all of the estate's causes of action against Dr. Wright, who denies that he had an oral partnership agreement with the late Dave Kleiman.

There are no records or documents evidencing this purported oral partnership while it was in existence—that is, there are no: (1) communications from Dave Kleiman discussing any terms of this purported oral partnership, including who would do what, how it would pay its expenses, how it would divide its profits and losses, and how its assets would be divided after it ended; nor

are there any communications from Dave Kleiman discussing this purported oral partnership's (2) financial records, (3) tax records, or even a (4) business license. In fact, Dave Kleiman never mentioned anything about this purported oral partnership. Dave Kleiman knew how to document a partnership and had documented partnerships with people other than Dr. Wright.

Moreover, Dave Kleiman never told anyone about this oral partnership that, by the estate's account, was worth hundreds of millions of dollars while Dave Kleiman was alive. Nor did Dave Kleiman use any of the purported oral partnership's purported bitcoin fortune to pay for necessities (i.e., phone bill or mortgage) while he was in severe financial distress.

Based on these allegations, Dr. Wright asserts, *inter alia*, that the purported oral partnership would be void for vagueness and indefiniteness, because there is no evidence, oral or written, of *any* essential terms, and Florida law requires evidence of *all* essential terms. He also asserts the affirmative defenses of statute of limitations and laches.

When the purported oral partnership purportedly was dissolved in 2011, Dave Kleiman, alive at the time, had a present right and duty to take possession of his portion of the oral partnership's assets. He never exercised any such right or took any action to recover what the estate now claims he was owed. Consequently, the accrual date for any causes of action that Dave Kleiman had regarding his right to the purported oral partnership's assets was in 2011, approximately seven years before the estate filed its complaint.

After the purported oral partnership was dissolved, plaintiffs claim that Dave Kleiman and Dr. Wright formed W&K to mine bitcoins and develop Bitcoin-related intellectual property. Dr. Wright denies this allegation.

W&K has no company records evidencing that its business purpose was to mine bitcoins and develop Bitcoin-related intellectual property. Dave Kleiman only mentions W&K in a handful

3

of emails exchanged with Dr. Wright and his ex-wife, Ms. Lynn Wright, all of which were exchanged on the day before, and day of, W&K's creation. From those emails, it is clear that W&K was created solely for the purpose of submitting bid proposals to the U.S. Department of Homeland Security ("DHS") using intellectual property unrelated to Bitcoin that Dr. Wright owned and had developed in Australia. Corroborating evidence also comes from DHS, which sent letters to W&K denying the bid proposals. After that denial, Dave Kleiman never paid the annual fee to keep W&K active, with the result that W&K was administratively dissolved in 2012.

In 2013, Dr. Wright filed two actions in Australia against W&K for the purpose of clearing title to the intellectual property that he had allowed W&K to use for its DHS bid proposals. In fact, the intellectual property identified in the Australian lawsuits is the same intellectual property listed in the DHS bid proposals. The Australian courts sent notice of those lawsuits to Dave Kleiman's mailbox, which he used for all of his business affairs and some personal affairs. Dave Kleiman's business partner, Carter Conrad, testified that notice from the Australian court was received on October 10, 2013. Ira Kleiman took no action on that notice because he claims that, despite being the personal representative of his brother's estate, he simply did not check the mail.

Based on these facts, Dr. Wright has asserted affirmative defenses of statute of limitations and laches.

When W&K was administratively dissolved in 2012, more than a year before Dave Kleiman's death, a distribution of company assets to its members had to have occurred. Therefore, any claim based on Dave Kleiman's right to a portion of W&K's assets had to have accrued in 2012, which was six years before plaintiffs brought their claims against Dr. Wright. All of the plaintiffs' claims were time-barred after their four- and five-year limitations periods expired. Moreover, plaintiffs knew or should have known of the Australian lawsuits on October 10, 2013,

when the Australian court sent notice of the Australian lawsuits to Dave Kleiman's mailbox, which defeats plaintiffs' argument of fraudulent concealment.

In addition to the above, Dr. Wright also offered the Kleiman family shares in Coin-Exch, which was a company that he and Dave Kleiman had discussed creating. Coin-Exch was not involved in the creation of Bitcoin or mining of bitcoins. Instead, its purpose was to be an online marketplace where individuals could trade many digital currencies. However, Dave Kleiman died a few days after that company was created. After Dave Kleiman's death, Dr. Wright because he had always wanted and intended for Dave Kleiman to be involved in that company, he provided Ira Kleiman, as the personal representative of the estate, with shares in that company. That company was eventually liquidated, but not before a buyer offered Ira Kleiman money for the shares, which he turned down.

**2.      Basis of Federal Jurisdiction**

The Court has exercised original jurisdiction pursuant to 28 U.S.C. § 1332 on the basis that the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000. In addition, the Court has elected to exercise its discretion and assert supplemental jurisdiction over this matter. [D.E. 615]. Defendant denies that the parties are completely diverse and disputes the existence of subject matter jurisdiction.

**3.      Pleadings Raising the Issues**

      a.      Plaintiffs' Second Amended Complaint [D.E. 83]; and

      b.      Defendant's Answer to the Second Amended Complaint [D.E. 87].

**4.      Undisposed of Motions or Other Matters Requiring the Court's Attention**

      a.      Defendant's Motion in Limine [D.E. 490];

      b.      Plaintiffs' Omnibus Daubert Motion to Strike Defense Experts [D.E. 492];

        c.        Plaintiffs' Omnibus Motion in Limine [D.E. 497]; and

        d.        Defendant's Motion to Exclude the Opinion Testimony of Plaintiffs' Expert Witnesses [D.E. 500].

**5.    Concise Statement of Uncontested Facts Which Will Require no Proof at Trial**

The parties' Joint Statement of Uncontested Facts is filed and can be located at D.E. 616.

**6.    Issues of Fact Which Remain to be Litigated at Trial**

<u>Plaintiffs' List of Issues of Fact Which Remain to be Litigated at Trial:</u>

        a.        Whether Craig Wright converted or wrongfully took any of David Kleiman's, the partnership's or W&K's bitcoins, forked assets, or Bitcoin-related intellectual property;

        b.        Whether Craig Wright and David Kleiman associated for profit to develop the Bitcoin protocol, other Bitcoin-related intellectual property and/or to mine bitcoin;

        c.        Whether Craig Wright breached any fiduciary duties to W&K, to the Kleiman-Wright partnership or to David Kleiman's estate;

        d.        Whether Craig Wright breached his duties of loyalty or care or obligation of good faith and fair dealing to W&K or to the Kleiman-Wright partnership or to David Kleiman's estate;

        e.        Whether Craig Wright converted bitcoins or IP belonging to W&K, the Kleiman-Wright partnership, or David Kleiman's estate;

        f.        Whether Craig Wright is liable for civil theft;

        g.        Whether Craig Wright has been unjustly enriched by his conduct with respect to W&K or David Kleiman's estate;

        h.        Whether Craig Wright is liable for actual or constructive fraud;

      i.      Whether Plaintiffs were damaged as a proximate result of any of the alleged wrongdoing by Craig Wright and, if so, in what amount;

      j.      Whether Plaintiffs filed their claims within the time periods provided by applicable statutes of limitations;

      k.      Whether Plaintiffs unreasonably delayed filing the present action and, if so, whether that delay prejudiced Craig Wright;

      l.      Whether Craig Wright concealed his misconduct from Plaintiffs and plaintiffs could not have learned of the facts underlying their claims against Craig Wright by exercising due diligence; and

      m.      Whether Craig Wright took actions to prevent Plaintiffs from bringing their claims against him and if so, whether Plaintiffs delayed filing their claims in reliance on those actions.

<u>Defendant's List of Issues of Fact Which Remain to be Litigated at Trial:</u>

      a.      Whether Dr. Wright converted or wrongfully took any of Dave Kleiman or W&K's bitcoins or Bitcoin-related intellectual property;

      b.      What are the specific bitcoins that plaintiffs claim Dr. Wright converted or wrongfully took;

      c.      What is the Bitcoin-related intellectual property that plaintiffs claim Dr. Wright converted or wrongfully took;

      d.      When did Dr. Wright convert or wrongfully take bitcoins from plaintiffs;

      e.      When did Dr. Wright convert or wrongfully take Bitcoin-related intellectual property from plaintiffs;

      f.      What is the alleged benefit that plaintiffs have conferred on Dr. Wright;

    g.  What are the circumstances that would render inequitable Dr. Wright's purported retention of whatever benefits that plaintiffs allegedly conferred on Dr. Wright;

    h.  What is the value of the benefits that plaintiffs allegedly conferred on Dr. Wright;

    i.  Whether Dr. Wright and Dave Kleiman entered into an oral partnership to mine bitcoin and develop bitcoin-related intellectual property;

    j.  Whether Dr. Wright owed fiduciary duties to W&K or to Dave Kleiman's estate;

    k.  Whether Dr. Wright breached any fiduciary duties to W&K or to Dave Kleiman's estate;

    l.  Whether plaintiffs have been damaged by the alleged breach of fiduciary duties;

    m.  Whether Dr. Wright made any false statements of fact, intentional omissions of facts, or false promises to perform future acts;

    n.  Whether Dr. Wright made any false statements of fact, intentional omissions of facts, or false promises to perform future acts with the intent to induce plaintiffs to rely on these alleged acts or omissions;

    o.  Whether plaintiffs actually and reasonably relied on any of the alleged statements, acts, or omissions;

    p.  Whether plaintiffs were damaged as a proximate result of the alleged statements, acts, or omissions;

    q.  Whether from April 2013 through present day, Dr. Wright took with unlawful intent any bitcoins or Bitcoin-related intellectual property from plaintiffs;

      r.      Whether Dr. Wright trafficked in property that he allegedly knew was stolen, and which was a part of a scheme to defraud plaintiffs;

      s.      How many bitcoins were allegedly wrongfully taken and what was its value when that taking occurred;

      t.      What was the value of the Bitcoin-related intellectual property when it was wrongfully taken;

      u.      Whether plaintiffs received notice of the Australian lawsuits through mail received at Dave Kleiman's mailbox on October 10, 2013;

      v.      Whether plaintiffs knew or should have known of the Australian lawsuits on October 10, 2013;

      w.      Whether Dr. Wright actively and willfully concealed any of plaintiffs' purported causes of action;

      x.      Whether Dave Kleiman knew or should have known of any potential claims that he had against Dr. Wright arising from the alleged oral partnership when it was dissolved in February of 2011;

      y.      Whether Dave Kleiman knew or should have known of any potential claims that he had against Dr. Wright arising from W&K when it was administratively dissolved in 2012;

      z.      Whether plaintiffs filed their claims within the time periods provided by applicable statutes of limitations;

      aa.      Whether plaintiffs unreasonably delayed filing the present action and whether that delay prejudiced Dr. Wright; and

      bb.      Whether the estate of Dave Kleiman was offered and received shares in Coin-Exch.

**7.     Issues of Law on Which There is Agreement**

None

**8.     Issues of Law That Remain for Determination by the Court**

Agreed Issues of Law That Remain for Determination by the Court:

    a.     All evidentiary issues raised in Defendant's motion in limine;

    b.     All evidentiary issues raised in Plaintiffs' motion in limine;

    c.     All evidentiary issues raised in Defendant's Daubert motion to strike Plaintiffs' experts; and

    d.     All evidentiary issues raised in Plaintiffs' Daubert motion to strike Defendant's experts.

    e.     All disputes raised in the parties' joint jury instruction submission;

Plaintiffs' List of Issues of Law That Remain for Determination by the Court:

    a.     Whether Defendant should be equitably estopped from raising his statute of limitations and laches defenses;

    b.     Whether the Court should enter a permanent injunction;

    c.     Whether Plaintiffs are entitled to an accounting from Defendant based on fiduciary duties to the alleged partnership and/or to W&K;

    d.     Whether the Court should order a judicial dissolution of the partnership and distribution of its assets; and

    e.     Whether Plaintiffs should receive a constructive trust over the allegedly misappropriated bitcoin, forked assets, and intellectual property.

**9.     Numbered List of Trial Exhibits & Objections**

The parties will submit their list of trial exhibits and objections by December 15, 2020, pursuant to the Court's Order extending certain pretrial deadlines and resetting the trial [D.E. 614].

**10.    Trial Witnesses**

The fact and expert witnesses expected to be presented at trial are listed in the parties' Joint Witness List [D.E. 591].

**11.    Estimated Trial Time**

Plaintiffs' Estimate of Trial Time:

Plaintiffs believe that all parties can complete all of their examinations in 13-14 days, and that the trial can be completed in 15 days. While Plaintiffs had estimated they could complete all of their examinations in no more than 8-10 days, that assumed the outer range of examination times, and that all expected witnesses would be called. Plaintiffs believe that neither of these things are likely to occur.

Defendant's Estimate of Trial Time:

In accordance with this Court's Order Scheduling Trial and Order of Instruction before Calendar Call ECF No. [476], the parties identified the witnesses intended to be called at trial including estimated times for direct and cross-examination of each witness [D.E. 591] ("Joint Witness List"). Based on the Joint Witness List, and assuming that the trial proceedings in Court are conducted at an average rate of 6 hours a day, the trial is estimated to last up to 27 days. Plaintiffs now propose a much shorter time period is required for trial without any explanation as to which witness plaintiffs no longer intend to call or how they intend to limit their examinations. As such, defendant cannot determine how or if his own examinations could be limited, and must rely on the parties' Joint Witness List.

| | |
|---|---|
| *Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC*<br><br>By: */s/ Andrew S. Brenner*<br>Andrew S. Brenner, Esq.<br>Florida Bar No. 978663<br>**BOIES SCHILLER FLEXNER LLP**<br>100 SE 2nd Street, Suite 2800<br>Miami, Florida 33131<br>abrenner@bsfllp.com<br><br>Velvel (Devin) Freedman, Esq.<br>**ROCHE CYRULNIK FREEDMAN LLP**<br>200 S. Biscayne Blvd.<br>Suite 5500 Miami, Florida 33131<br>vel@rcfllp.com<br>nbermond@rcfllp.com<br><br><br>Kyle W. Roche, Esq.<br>Joseph M. Delich<br>**ROCHE CYRULNIK FREEDMAN LLP**<br>99 Park Avenue, 19th Floor<br>New York, New York 10016<br>kyle@rcfllp.com<br>jdelich@rcfllp.com | *Attorneys for Dr. Craig Wright*<br><br>RIVERO MESTRE LLP<br>2525 Ponce de Leon Boulevard<br>Suite 1000<br>Miami, Florida 33134<br>Telephone: (305) 445-2500<br>Fax: (305) 445-2505<br>Email: amcgovern@riveromestre.com<br>Email: arivero@rivermestre.com<br>Email: zkass@riveromestre.com<br>Email: zmarkoe@riveromestre.com<br>Email: receptionist@riveromestre.com<br><br>By: /s/ Amanda McGovern<br>AMANDA MCGOVERN<br>Florida Bar No. 964263<br>ANDRES RIVERO<br>Florida Bar No. 613819<br>SCHNEUR KASS<br>Florida Bar No. 100554<br>ZAHARAH MARKOE<br>Florida Bar No. 504734 |

## **CERTIFICATE OF SERVICE**

I certify that on September 29, 2020, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

                                                  */s/ Andrew S. Brenner*
                                                  ANDREW S. BRENNER