**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

       plaintiffs,

v.                                       **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

       defendant.

_____/

## JOINT PROPOSED JURY INSTRUCTIONS

      Plaintiffs Ira Kleiman, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC, and Defendant Craig Wright respectfully submit the following joint proposed jury instructions. The parties reserve the right to amend, supplement, or modify these Proposed Jury Instructions as the case proceeds.

      Where the parties do not agree on a proposed instruction, that instruction is set forth in bold type. Instructions proposed only by Plaintiffs are underlined. Instructions proposed only by Defendant are italicized.

***PRELIMINARY INSTRUCTION TO BE GIVEN TO THE ENTIRE PANEL BEFORE JURY SELECTION***

*It is important that you discharge your duties without discrimination, meaning that bias regarding the race, color, religious beliefs, national original, sexual identity, disability, or gender of the plaintiffs, defendant, any witnesses, and the lawyers should play no part in the exercise of your judgment throughout the trial.*

*Accordingly, during this voir dire, the questionnaire I have asked you fill out and return, and the jury selection process, I [the lawyers] may ask questions [or use demonstrative aids] related to the issues of bias and unconscious bias.*

_____

Authorities:

W.D. Wash., Crim. Jury Instr.—Implicit Bias (modified).

GIVEN                          _____
GIVEN AS MODIFIED              _____
WITHDRAWN                      _____
GRANTED                        _____
DENIED                         _____

## General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The Jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply—and you must follow the law even if you disagree with it. ***You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias. Unconscious biases are stereotypes, attitudes or preferences that people may consciously reject but may be expressed without conscious awareness, control or intention. Like conscious bias, unconscious bias too can affect how we evaluate information and make decisions.***

What is evidence:

You must decide the case only on the evidence presented in the courtroom.

Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This might be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence"—**simply a chain** *a set* of circumstances that tends to prove a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow

3

each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he or she thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question, or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence—this is also called "striking" evidence—and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of Witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it.

When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying, ***including limitations caused by disability, if any***;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

**Description of the case:**

**The plaintiffs in this case are Ira Kleiman, as the personal representative of the estate of David Kleiman, which I will refer to as the "Estate of David Kleiman," and W&K Info Defense Research, LLC, which I will refer to as "W&K." The defendant is Craig Wright.**

**Plaintiffs allege that David Kleiman and Craig Wright entered into a partnership to develop and release the original Bitcoin protocol, to mine bitcoin, and to develop blockchain-related intellectual property. Plaintiffs also allege that after David Kleiman died, the defendant wrongfully took the partnership's assets, namely bitcoin and blockchain related intellectual property, and David kept them for himself." The Estate of David Kleiman seeks to recover their share of those assets in this lawsuit. Plaintiffs further allege that the defendant wrongfully seized control of a Florida company owned by David Kleiman, W&K, and wrongfully took its assets after David Kleiman died, including intellectual property.**

**Craig Wright, the defendant, denies he had a partnership with David Kleiman. Defendant further denies that he wrongfully took assets belonging to W&K. The defendant also raises legal defenses to some of plaintiffs' claims.**

Conduct of the Jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that **you are** *you're* a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone. You *shouldn't* **should not** even talk about the case with each other until you begin your deliberations. You want to make sure **you have** *you've* heard everything—all the evidence, the lawyers' closing arguments, and my instructions on the law—before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, phone calls, and the Internet, including social-

networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, ***Slack, Linkedin, Tik Tok, Reddit,*** **and** *or* Twitter. You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also **should not** *shouldn't* Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why **they are** *they're* so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom, ***which is not evidence***. **For example** *In addition*, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair—no one else is so qualified.

Taking Notes:

**If you wish, you may** ***During the trial, you must*** take notes to help you remember what the witnesses said. **If you do take notes, please** *Please* don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room. **Whether or not you take notes** *Regardless of the notes you* ***have taken***, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the Trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement **is not** *isn't* evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, **the Estate of David Kleiman and W&K** *plaintiffs* will present their witnesses and ask them questions. After **the plaintiffs** *they* question **the** *a* witness, **the** defendant may ask the witness questions—this is called "cross-examining" the witness. Then **Craig Wright** *defendant* will present his witnesses, and **the** plaintiffs may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is **in** *presented*, the parties' lawyers will make their closing arguments to summarize and interpret the evidence for you, and I will then give you instructions on the law.

**You will** *You'll* then go to the jury room to deliberate.

_____

Authorities:

11th Cir. Pattern Jury Instr. Civil Cases, 1.1 (2020); Model 9th Cir. Crim. Instr. 1.1 (modified); W.D. Wash., Crim. Jury Instr.—Implicit Bias.

GIVEN                                    _____
GIVEN AS MODIFIED                        _____
WITHDRAWN                                _____
GRANTED                                  _____
DENIED                                   _____

## Description of the Case

*This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. Plaintiffs are Ira Kleiman, on behalf of the Estate of Dave Kleiman, and W&K Info Defense Research LLC. Dr. Craig Wright is the defendant.*

*Ira Kleiman alleges that from about 2008 through February of 2011, the late Dave Kleiman and Dr. Wright formed an oral partnership to create and mine bitcoins and develop Bitcoin-related intellectual property. Ira Kleiman further alleges that Dr. Wright wrongfully took Dave Kleiman's share of the oral partnership's bitcoins and intellectual property. Ira Kleiman alleges several claims for relief against Dr. Wright: claims for breach of fiduciary duty, breach of partnership duties of loyalty and care, civil theft, conversion, unjust enrichment, fraud, constructive fraud, and permanent injunction.*

*Ira Kleiman alleges that after that oral partnership ended in February of 2011, Dave Kleiman created W&K, with Dr. Wright allegedly having some ownership interest in that company. W&K alleges that it mined bitcoins and created Bitcoin-related intellectual property, and that Dr. Wright wrongfully took Dave Kleiman's share of W&K's bitcoins and Bitcoin-related intellectual property. W&K alleges several claims for relief against Dr. Wright: claims for breach of fiduciary duty, civil theft, conversion, unjust enrichment, fraud, constructive fraud, and permanent injunction.*

*Dr. Wright denies these allegations because there he did not have a partnership with Dave Kleiman to create Bitcoin, mine bitcoins together, or develop Bitcoin-related intellectual property together, and Dave Kleiman was never involved in creating the Bitcoin software code or developing Bitcoin-related intellectual property. Dr. Wright also denies the allegations made by W&K. In addition to denying plaintiffs' claims, Dr. Wright also has the following affirmative defenses: statute of limitations, laches, statute of frauds, payment, set-off, failure to mitigate damages, waiver, res judicata, estoppel, accord and satisfaction, and unclean hands. I will instruct you about these affirmative defenses later.[1]*

*I will be instructing you on the law and facts the plaintiffs and defendant must prove for each claim or affirmative defense at the appropriate moment.*

---

[1] The Court has granted summary judgment in favor of plaintiffs on several of Dr. Wright's affirmative defenses. *See* D.E. 615. However, in an abundance of caution, Dr. Wright includes jury instructions for those affirmative defenses for appellate purposes.

_____

Authorities:

11th Cir. Pattern Jury Instr. Civil Cases, 1.1 (2020).

| | |
|---|---|
| GIVEN | _____ |
| GIVEN AS MODIFIED | _____ |
| WITHDRAWN | _____ |
| GRANTED | _____ |
| DENIED | _____ |

## Burden of Proof

**(Plaintiffs propose giving this instruction where it appears in the Eleventh Circuit Pattern Jury Instructions, as part of Instruction 1.1, between Description of the Case and Taking Notes.)**

**As to most of their claims, the plaintiffs have the burden of proving their case by what the law calls a "preponderance of the evidence." That means they must prove that, in light of all the evidence, what they claim is more likely true than not. So, if you could put the evidence favoring the plaintiffs and the evidence favoring the defendant on opposite sides of balancing scales, the plaintiffs need to make the scales tip to their side. If the plaintiffs fail to meet this burden, you must find in favor of the defendant. The plaintiffs also bring claims for civil theft. Those claims require a higher burden of proof, which I will instruct you on later in these instructions.**

*Plaintiffs have the burden of proving their claims. Depending on the claim, plaintiffs must either prove their claims by what is called a preponderance of the evidence or by what is called clear and convincing evidence. I am going to instruct you about two these burdens of proof now. Later, I will instruct you about the claims in this case and tell you what burden of proof applies to each claim.*

**To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.**

**Sometimes a party has the burden of proving a claim or defense by clear and convincing evidence. This is a higher standard of proof than proof by a preponderance of the evidence. It means the evidence must persuade you that the claim or defense is highly probable or reasonably certain. This is the standard that applies to the plaintiffs' civil theft claims. The preponderance of the evidence standard applies to the plaintiffs' other claims.**

*Preponderance of the Evidence:*

*For a claim that plaintiffs have the burden of establishing by a preponderance of the evidence, plaintiffs must prove that what they allege is more likely true than not true. To say it differently: if you were to put the evidence favorable to plaintiffs and the evidence favorable to defendant on opposite sides of a scale, plaintiffs would have to make the scales tip to their side.*

*To decide whether any fact has been proved by a preponderance of the evidence, you may—unless I instruct you otherwise—consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. If you find after considering all the evidence that a claim or fact is more likely true than not true, then the claim or fact has been proven by a preponderance of the evidence. If plaintiffs fail to carry this burden, then you must return a verdict in favor of defendant.*

**_Clear and Convincing Evidence:_**

*The clear and convincing evidence standard that you must apply is a higher standard than the preponderance of the evidence standard. For a claim that plaintiffs have the burden of establishing by clear and convincing evidence, plaintiffs must prove that the claim is highly probable or reasonably certain, not merely more likely true than not true. Clear and convincing evidence is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.*

**_Affirmative Defenses:_**

On certain issues, called "affirmative defenses," **the** defendant has the burden of proving the elements of a defense by a preponderance of the evidence. **I will** **_I'll_** instruct you on the facts that the defendant must prove for any affirmative defense. After considering all the evidence, if you decide that the defendant has successfully proven that the required facts are more likely true than not **true**, the affirmative defense **is** **_has been_** proved.

_____

Authorities:

11th Cir. Pattern Jury Instr. Civil Cases, 1.1; Burden of Proof 1.2 (2020)

GIVEN                                    _____
GIVEN AS MODIFIED          _____
WITHDRAWN                       _____
GRANTED                            _____
DENIED                               _____

## **Stipulations**

Sometimes the parties have agreed that certain facts are true. **This** *Such an* agreement is called a stipulation. You must treat **these** *stipulated* facts as proved for this case.

_____

Authorities:

11th Cir. Pattern Jury Instr. Civil Cases, Stipulations 2.1 (2020).

GIVEN                                   _____
GIVEN AS MODIFIED              _____
WITHDRAWN                         _____
GRANTED                             _____
DENIED                               _____

## Judicial Admissions

I have held that certain statements by the defendant, Craig Wright, in this case constitute judicial admissions. They are:

[List Judicial Admissions Ordered by the Court]

Judicial admissions are binding and conclusive to establish the facts so admitted. There is no need for the plaintiffs to put on evidence of these facts established by judicial admission.

_____

Authorities:

*Best Canvas Prod. & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 621 (11th Cir. 1983); *Harrell v. United States*, No. 2:16-cv-284-FtM-29MRM, 2020 WL 619580, at *15 (M.D. Fla. Feb. 10, 2020), *appeal dismissed*, No. 20-11373-G, 2020 WL 3968274 (11th Cir. June 22, 2020); *Tri-Lady Marine, Ltd. v. Bishop Mechancial Servs.*, LLC, No. 16-62467-CIV, 2018 WL 10466997, at *4 (S.D. Fla. Sept. 20, 2018), *aff'd sub nom. Tri-Lady Marine, Ltd. v. Bishop Mech. Servs., LLC*, 763 F. App'x 882 (11th Cir. 2019); *Aquent LLC v. Stapleton*, 65 F. Supp. 3d 1339, 1349 (M.D. Fla. 2014).

GIVEN                         _____
GIVEN AS MODIFIED            _____
WITHDRAWN                    _____
GRANTED                      _____
DENIED                       _____

**Jury Questions**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me, and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules.

Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I **can't** *don't* allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.
- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.
- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

_____

Authorities:

11th Cir. Pattern Jury Instr. Civil Cases, Jury Questions 1.4 (2020).

GIVEN                              _____
GIVEN AS MODIFIED                 _____
WITHDRAWN                         _____

14

GRANTED                          _____
DENIED                           _____

### *Interim Statements, Generally*

***At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence.***

————————————————

Authorities:

11th Cir. Pattern Jury Instr. Civil Cases, Interim Statements 1.5 (2020).

GIVEN                                    ————————————————
GIVEN AS MODIFIED              ————————————————
WITHDRAWN                        ————————————————
GRANTED                              ————————————————
DENIED                                 ————————————————

## **Expert Witness**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon*, or give any weight to*, the opinion.

_____

Authorities:

11th Cir. Pattern Jury Instr. Civil Cases, Expert Witness 3.6.1 (2020).

GIVEN                                      _____
GIVEN AS MODIFIED               _____
WITHDRAWN                          _____
GRANTED                               _____
DENIED                                   _____

### Use of Depositions

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], is about to be presented to you [by video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must ***evaluate and*** judge it as if the witness was testifying in court.

**Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.**

_____

Authorities:

11th Cir. Pattern Jury Instr. Civil Cases, Trial Instructions: Use of Depositions 2.2 (2020).

| | |
|---|---|
| GIVEN | _____ |
| GIVEN AS MODIFIED | _____ |
| WITHDRAWN | _____ |
| GRANTED | _____ |
| DENIED | _____ |

## Use of Recorded Conversations and Transcripts

Now you're going to hear [a] recorded conversation[s]. This is proper evidence for you to consider. Please listen to it very carefully. I'm going to allow you to have a transcript of the recording [prepared by name of preparer] to help you identify speakers and guide you through the recording. But remember that it is the recording that is evidence – not the transcript. If you believe at any point that the transcript says something different from what you hear on the recording, disregard that portion of the transcript and rely instead on what you hear.

**[In this case, there are two transcripts because there is a difference of opinion about what is said on the recording. You may disregard any portion of one or both transcripts if you believe they reflect something different from what you hear on the recording. It's what you hear on the recording that is evidence – not the transcript.]**

_____

Authorities:

11th Cir. Pattern Jury Instr. Civil Cases, Interim Statements 2.3 (2020).

GIVEN

GIVEN AS MODIFIED        _____

WITHDRAWN        _____

GRANTED        _____

DENIED        _____

**Interim Statement**

*At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they already presented. Right now, [Mr./Ms.] [name of attorney] is going to make a short statement. Please remember that the statement you are about to hear—like all statements by the lawyers—is [Mr./Ms.] [name of attorney]'s view of the evidence or of what [he/she] anticipates the evidence will be, but isn't itself evidence.*

_____

Authorities:

11th Cir. Pattern Jury Instr. Civil Cases, Interim Statements 2.4 (2020).

GIVEN                                    _____
GIVEN AS MODIFIED              _____
WITHDRAWN                         _____
GRANTED                              _____
DENIED                                 _____

### *Judicial Notice*

*The rules of evidence allow me to accept facts that no one can reasonably dispute as true. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.*

_____

Authorities:

11th Cir. Pattern Jury Instr. Civil Cases, Judicial Notice 2.5 (2020).

GIVEN
GIVEN AS MODIFIED                    _____
WITHDRAWN                            _____
GRANTED                              _____
DENIED                               _____

## Use of Demonstratives

*Certain [describe demonstrative exhibit, e.g., models, diagrams, devices, sketches] have been shown to you. Those [short description] are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.*

_____

Authorities:

*See U.S. v. Wood*, 943 F.2d 1048, 1053-54 (9th Cir. 1991) (citing *U.S. v. Soulard*, 730 F.2d 1292, 1300 (9th Cir. 1984)); *see also* JURY INSTRUCTIONS COMMITTEE OF THE NINTH CIRCUIT, A MANUAL ON JURY TRIAL PROCEDURES § 3.10.A (2013).

GIVEN                             _____
GIVEN AS MODIFIED                 _____
WITHDRAWN                         _____
GRANTED                           _____
DENIED                            _____

## Jury Instruction No. 11: Use of Interrogatories

You'll now hear answers that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

_____

Authorities:

11th Cir. Pattern Jury Instr. Civil Cases, Use of Interrogatories 2.6 (2020).

GIVEN
GIVEN AS MODIFIED                    _____
WITHDRAWN                            _____
GRANTED                              _____
DENIED                               _____

## **In-Trial Instructions on News Coverage**

Reports about this trial may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

_____

Authorities:

11th Cir. Pattern Jury Instr. Civil Cases, Interim Statements 2.7 (2020).

GIVEN                                      _____
GIVEN AS MODIFIED            _____
WITHDRAWN                         _____
GRANTED                              _____
DENIED                                  _____

## COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

**It is** *It's* my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, **also** *which is sometimes* called deliberations.

_____

Authorities:

11th Cir. Pattern Jury Instr. Civil Cases, Basic Instructions: Introduction 3.1 (2020).

GIVEN                                   _____
GIVEN AS MODIFIED          _____
WITHDRAWN                       _____
GRANTED                            _____
DENIED                               _____

**The Duty to Follow Instructions – Corporate Party Involved**

**Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.**

**You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.**

**The fact that a limited liability company is involved as a party must not affect your decision in any way. A company and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a company is involved, of course, it may act only through people as its employees; and, in general, a company is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.**

_____

Authorities:

11th Circuit Civil Pattern Jury Instruction 3.2.2; Court's Instructions to the Jury, *Balthazar Mgmt., LLC v. Beale Street Blues Co.*, No. 9:17-cv-81214-BB (S.D. Fla. Dec. 4, 2018), ECF No. [328], at 1–2.

GIVEN                                    _____
GIVEN AS MODIFIED              _____
WITHDRAWN                          _____
GRANTED                              _____
DENIED                                 _____

### Consideration of Direct and
### Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and isn't binding on you. You **should not** *shouldn't* assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I **may have** said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You **should not** *shouldn't* be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

_____

Authorities:

11th Cir. Pattern Jury Instr. Civil Cases, Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court 3.3 (2020).

GIVEN
GIVEN AS MODIFIED                    _____
WITHDRAWN                            _____
GRANTED                              _____
DENIED                               _____

27

## Credibility of Witnesses

When I say you must consider all the evidence, I **do not *don't*** mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part.

***You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy or biases, including unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject, but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions. You must avoid bias, conscious or unconscious, based on the witness's race, color, religious beliefs, national origin, sexual orientation, gender identity, disability, or gender in your determination of credibility.*** The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness, I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?
2. Did the witness have any particular reason not to tell the truth?
3. Did the witness have a personal interest in the outcome of the case?
4. Did the witness seem to have a good memory?
5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
6. Did the witness appear to understand the questions clearly and answer them directly?
7. Did the witness's testimony differ from other testimony or other evidence?

---

Authorities:

11th Cir. Pattern Jury Instr. Civil Cases, Credibility of Witnesses 3.4 (2020); 9th  Cir. Crim. Instr. 1.1 (modified); W.D. Wash., Crim. Jury Instr.—Implicit Bias.

GIVEN                                      _____
GIVEN AS MODIFIED                  _____

WITHDRAWN                    _____

GRANTED                       _____

DENIED                          _____

**Impeachment of**
**<u>Witnesses Because of Inconsistent Statements</u>**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. **<u>And</u>** *Also* ask yourself whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or an unimportant detail.

_____

Authorities:

11th Cir. Pattern Jury Instr. Civil Cases, Impeachment of Witnesses Because of Inconsistent Statements 3.5.1 (2020).

GIVEN                                    _____
GIVEN AS MODIFIED              _____
WITHDRAWN                          _____
GRANTED                              _____
DENIED                                 _____

<u>**Responsibility for Proof—Plaintiffs' Claims**</u>

In this case it is the responsibility of **<u>the Estate of David Kleiman and W&K Info Defense Research, LLC, or "W&K,"</u>** *the party bringing any claim* to prove every essential part of **<u>their</u>** *his or her* claims **<u>by a "preponderance of the evidence," except for the civil theft claims, which they must prove by clear and convincing evidence.</u>** *to the standard of proof that applies. For some of their claims, plaintiffs must prove their allegations by a "preponderance of the evidence." For plaintiffs' civil theft claim, they must prove their allegations by clear and convincing evidence*. This is sometimes called the "burden of proof" or the "burden of persuasion."

Preponderance of Evidence:

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the plaintiffs' claim is more likely true than not true.

If the proof fails to establish **<u>an</u>** *any* essential part of any of plaintiffs' claims *or contentions* by a preponderance of the evidence, you should find against plaintiffs as to **<u>that claim</u>** *the particular claim or contention*.

*Since there is more than one claim involved, you* <u>**You**</u> should consider each claim separately. *You should also understand that each plaintiff must prove each of their claims separately.*

In deciding whether any fact has been proven by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them, along with facts stipulated by the parties **<u>and the judicial admissions ordered by me.</u>**

*If the proof fails to establish any essential part of any of Ira Kleiman or W&K's claims by a preponderance of the evidence, you should find for Dr. Wright as to that particular claim.*

<u>*Clear and Convincing Evidence:*</u>

*Plaintiffs have the burden of proving their civil theft claim by clear and convincing evidence. The clear and convincing standard that you must apply is a higher standard than the preponderance of the evidence standard and requires that the plaintiff prove that the claim is highly probable or reasonably certain, not merely more likely true than not true. Clear and convincing evidence is evidence that is precise, explicit, lacking in confusion, and of such*

*weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.*

*If the proof fails to establish any essential part of Ira Kleiman or W&K's civil theft claim by clear and convincing evidence, you should find for Dr. Wright as to that particular claim.*

_____

Authorities:

11th Cir. Pattern Jury Instr. Civil Cases, 1.2; Responsibility for Proof – Plaintiff's Claims – Preponderance of the Evidence 3.7.1 (2020).

GIVEN                                    _____
GIVEN AS MODIFIED              _____
WITHDRAWN                         _____
GRANTED                              _____
DENIED                                 _____

**Responsibility for Proof – Plaintiffs' Claims –**
**<u>Clear and Convincing Evidence</u>**

<u>Plaintiffs must prove the elements of their civil theft claims by clear and convincing</u>

<u>evidence.</u>

<u>This is a higher standard of proof than proof by a preponderance of the evidence. It</u>

<u>means the evidence must persuade you that the claim is highly probable or reasonably</u>

<u>certain.</u>

<u>If the proof fails to establish an essential part of a plaintiff's civil theft claim by clear</u>

<u>and convincing evidence, you should find for the defendant as to that claim.</u>

_____

Authorities:

11th Cir. Pattern Jury Instr. Civil Cases 3.7.1, 1.2.

GIVEN                               _____
GIVEN AS MODIFIED         _____
WITHDRAWN                    _____
GRANTED                         _____
DENIED                            _____

### Responsibility for Proof—
### Affirmative Defenses—Preponderance of the Evidence

In this case, **the defendant** *Dr. Wright* asserts the affirmative defenses of *statute of frauds,* statute of limitations*, estoppel*, **and** laches*, waiver, release, good faith, payment, set-off, failure to mitigate damages, unclean hands, res judicata and collateral estoppel.*[2] Even if **the Estate of David Kleiman or** *Ira Kleiman and* W&K prove **a claim** *their claims*, **the defendant** *Dr. Wright* can prevail **on that claim** *in this case* if he proves an affirmative defense **to that claim** by a preponderance of the evidence.

**When more than one affirmative defense applies to a claim** *Since more than one affirmative defense is involved*, you should consider each one separately. **However, you should consider each affirmative defense only as to the claim of claims to which it is directed.**

I caution you that **the defendant** *Dr. Wright* does not have to disprove **the plaintiffs'** *Ira Kleiman and W&K's* claims, but if **the defendant** *Dr. Wright* raises an affirmative defense, the only way he can prevail on that specific defense is if he proves **it** *that defense* by a preponderance of the evidence. Similarly, if the proof fails to establish an essential part of any of the defendant's affirmative defense**s** by a preponderance of the evidence, you should find against the defendant on that affirmative defense.

_____

Authorities:

11th Cir. Pattern Jury Instr. Civil Cases, Responsibility for Proof – Affirmative Defenses – Preponderance of the Evidence 3.7.2 (2020).

GIVEN                                    _____
GIVEN AS MODIFIED              _____
WITHDRAWN                          _____
GRANTED                               _____
DENIED                                   _____

_____

[2] The Court has granted summary judgment in favor of plaintiffs on several of Dr. Wright's affirmative defenses. *See* D.E. 615. However, in an abundance of caution, Dr. Wright includes jury instructions for those affirmative defenses for appellate purposes.

### **Expert Witness**

**When scientific, technical, or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.**

**But that does not mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.**

_____

Authorities:

11th Circuit Civil Pattern Jury Instruction 3.6.1; Court's Instructions to the Jury, *Balthazar Mgmt., LLC v. Beale Street Blues Co.*, No. 9:17-cv-81214-BB (S.D. Fla. Dec. 4, 2018), ECF No. [328], at 4–5.

GIVEN                                    _____
GIVEN AS MODIFIED               _____
WITHDRAWN                          _____
GRANTED                              _____
DENIED                                 _____

## Spoliation

*Dr. Wright claims that Ira Kleiman, as the personal representative of the estate of Dave Kleiman, engaged in spoliation of evidence. The term "spoliation" refers to a party's failure to preserve evidence. A party has a duty to preserve evidence when litigation is reasonably foreseeable and that duty continues after a lawsuit is filed. Therefore, Ira Kleiman had a duty to preserve evidence when this case was "reasonably foreseeable," and that duty continued when he filed this case on February 14, 2018.*

*Dr. Wright claims that Ira Kleiman destroyed or otherwise caused Dave Kleiman's papers and computer hard drives to be unavailable, while they were within his possession, custody, or control. Dr. Wright further claims that Dave Kleiman's papers and hard drives would have been material in deciding disputed issues in this case, including whether there was an oral partnership between Dave Kleiman and Dr. Wright to mine bitcoins and develop bitcoin-related intellectual property.*

*If you determine that Ira Kleiman engaged in spoliation of evidence, then you may, but are not required to, infer that this evidence would have been unfavorable to Ira Kleiman. You may consider this, together with the other evidence, in determining the issues of the case.*

_____

Authorities:

Fla. Standard Jury Instructions in Civil Cases, Failure to Maintain Evidence or Keep a Record 301.11; *Graff v. Baja Marine Corp.*, 310 Fed. Appx. 298, 310 (11th Cir. 2009); *In Matter of Complaint of Bos. Boat III, LLC*, 310 F.R.D. 510, 515 (S.D. Fla. 2015); *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, 2018 WL 4856767, at *2 (N.D. Fla. 2018); *McBride v. Coca-Cola Refreshments, USA, Inc.*, 2012 WL 12915435 (M.D. 2012); *Kraft Reinsurance Ireland, Ltd. v. Pallets Acquisitions, LLC*, 845 F. Supp. 2d 1342, 1358 (N.D. Ga. 2011).

GIVEN                         _____
GIVEN AS MODIFIED            _____
WITHDRAWN                    _____
GRANTED                      _____
DENIED                       _____

## **Spoliation**

**The plaintiffs allege that the defendant is responsible for the spoliation and fabrication of evidence. The term "spoliation" refers to the intentional destruction, alteration, fabrication, or concealment of evidence. You may consider whether the defendant intentionally concealed, altered, fabricated, or destroyed evidence. If you decide that he did so, you may decide that the evidence would have been unfavorable to him.**

_____

Authorities:

Judicial Council of California Civil Jury Instructions, Instruction 204 (2017 ed.); Order, ECF [No. 595], at 37 (concluding that the issues raised in Plaintiffs' Sanctions Motion should be for the jury to decide); *see Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 943 n.9 (11th Cir. 2005) (court concluded spoliation instruction was too weak and entered default for destruction of evidence as a matter of law).

GIVEN                              _____
GIVEN AS MODIFIED        _____
WITHDRAWN                   _____
GRANTED                         _____
DENIED                            _____

## **Duty to Deliberate**

**(Plaintiffs propose to instruct the jury on Duty to Deliberate and Election of Foreperson at the end of the jury instructions, following the instructions on claims, affirmative defenses, and damages, not at the beginning of the post-trial instructions.)**

*In your deliberations, you will consider and decide distinct claims and affirmative defenses. Although these claims and affirmative defenses had been tried together, each is separate from the others, and each party is entitled to have you separately consider each claim and affirmative defense as it affects that party. Therefore, in your deliberations, you should consider the evidence as it relates to each claim and affirmative defense separately, as you would had each claim and affirmative defense had been tried before you separately.*

Of course, the fact that I have given you instructions concerning the issue of **the plaintiffs'** *Ira Kleiman's and W&K's* damages should not be interpreted in any way as an indication that I believe that **the plaintiffs** *they* should, or should not, prevail in this case.

*You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy or biases, including unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject, but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.*

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors.

So*,* you must discuss the case with one another and try to reach an agreement. While **you are** *you're* discussing the case, **do not** *don't* hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But **do not** *don't* give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest **is** *and duty are* to seek the truth from the evidence in the case.

_____
Authorities:

11th Cir. Pattern Jury Instr. Civil Cases, Duty to Deliberate When Only the Plaintiffs Claim Damages 3.8.1 (2020); Model 9th Cir. Crim. Instr. 1.1 (modified); W.D. Wash., Crim. Jury Instr.—Implicit Bias.

GIVEN                           _____
GIVEN AS MODIFIED               _____
WITHDRAWN                       _____
GRANTED                         _____
DENIED                          _____

## **Election of a Foreperson—Explanation of Verdict Form**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

*[Explain verdict]*

Take the verdict form with you to the jury room. When **you have** *you've* all agreed on the verdict*s*, your foreperson must fill in the form, sign and date it. Then **you will** *you'll* return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer*, who will bring it to me*. **The court security officer will bring it to me, and** I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

---

Authorities:

11th Cir. Pattern Jury Instr. Civil Cases. Election of a Foreperson, Explanation of Verdict Form 3.9 (2020).

GIVEN                   _____
GIVEN AS MODIFIED   _____
WITHDRAWN         _____
GRANTED            _____
DENIED              _____

## *Definition of an Oral Partnership*

**Ira Kleiman claims that Dr. Wright and David Kleiman entered into an oral partnership to mine bitcoins and develop Bitcoin-related technology. Ira Kleiman alleges that this oral partnership lasted from sometime in 2008 until February of 2011. Again, Dr. Wright denies that such an oral partnership existed.**

**Under Florida law, an oral partnership may exist when two or more persons join together in a business or venture. Although not based on a written contract, an oral partnership must include each of the following elements, the specifics of which are known and agreed to by each partner:**

**(1) a common purpose;**

**(2) a joint proprietary interest in the subject matter or purpose of the oral partnership;**

**(3) the right to share profits and the duty to share losses; and**

**(4) joint control or right of control over the oral partnership.**

**Plaintiffs must prove each of these elements by a preponderance of the evidence to establish the existence of an oral partnership.**

—————————————————

Authorities:

*Williams v. Obstfeld*, 314 F.3d 1270, 1275 (11th Cir. 2002); *Dreyfuss v. Dreyfuss*, 701 So. 2d 437, 438-39 (Fla. 3d DCA 1997).

GIVEN                                    _____
GIVEN AS MODIFIED          _____
WITHDRAWN                       _____
GRANTED                            _____
DENIED                               _____

## **Partnership – Breach**

**The Estate of David Kleiman has brought a claim against the defendant for breach of partnership. Specifically, the Estate claims that David Kleiman and Craig Wright formed a partnership to develop the original Bitcoin protocol, to mine bitcoin, and to develop related blockchain technology. The Estate further alleges that no assets of the partnership were distributed to it after David Kleiman's death. The defendant does not dispute that no assets were distributed. Instead, he claims that there was no partnership and therefore no distribution was required.**

**Accordingly, you will be asked to determine two questions on this claim:**

1) **Whether there was a partnership between David Kleiman and the defendant, and whether the defendant breached his duties to the partnership? And, if so;**

2) **What portion of the partnership's assets are now owed to the Estate of David Kleiman?**

---------------------------------

Authorities:

Fla. Stat. §§ 620.8202, 620.8401; Court's Instructions to the Jury, *Balthazar Mgmt., LLC v. Beale Street Blues Co.*, No. 9:17-cv-81214-BB (S.D. Fla. Dec. 4, 2018), ECF No. [328], at 15–16.

GIVEN
GIVEN AS MODIFIED                    _____
WITHDRAWN                            _____
GRANTED                              _____
DENIED                               _____

**<u>Partnership – Defined</u>**

**<u>On the first question, I instruct you that a "partnership" means an association of two or more persons to carry on as co-owners of a business for profit. It is not necessary for the Estate of David Kleiman to prove that David Kleiman and Craig Wright even intended to form a partnership. Instead, the Estate of David Kleiman must prove by a preponderance of the evidence that David Kleiman and Craig Wright had an association to carry on as co-owners of a business for profit.</u>**

———————————————
Authorities:

Fla. Stat. § 620.8202 ("Except as otherwise provided in subsection (2), the association of two or more persons to carry on as co-owners a business for profit forms a partnership, whether or not the persons intend to form a partnership."); *Jackson-Shaw Co. v. Jacksonville Aviation Auth.*, 8 So. 3d 1076, 1090 (Fla. 2008) ("Under Florida's Revised Uniform Partnership Act . . . a person who receives a share of the business's profits is presumed to be a partner, unless the profits were received in payment of rent, among other things."); *Rafael J. Roca, P.A. v. Lytal & Reiter, Clark, Roca, Fountain & Williams*, 856 So. 2d 1, 6 (Fla. 4th DCA 2003) (finding the existence of partnership based on the sharing of profits among the parties); Court's Instructions to the Jury, *Balthazar Mgmt., LLC v. Beale Street Blues Co.*, No. 9:17-cv-81214-BB (S.D. Fla. Dec. 4, 2018), ECF No. [328], at 15–16; Florida Standard Jury Instructions in Civil Cases 401.14(d) ("A partnership exists when two or more persons join together or agree to join together in a business or venture for their common benefit, each contributing property, money or services and each having an interest in any profits."); 1 Florida Forms of Jury Instruction § 13.03 cmt. (2020); Derrick Hibbard, Bus. Litig. in Fla. § 18.2 (10th ed. 2020) ("if there is no partnership agreement, the Act [RUPA] will control").

GIVEN                              _____
GIVEN AS MODIFIED      _____
WITHDRAWN                  _____
GRANTED                        _____
DENIED                            _____

43

**Partnership – Assets**

**If you find that there was a partnership between David Kleiman and Craig Wright, you will then have to determine the assets of that partnership, and what share of those assets belonged to David Kleiman, and are now owed to his Estate.**

**On the issue of determining the respective parties' ownership share in the partnership, I instruct you that in the absence of a contrary agreement among the partners, the partners in a partnership are entitled to share equally in the assets and profits of the partnership.**

**Further, on the issue of what assets are owed to the Estate of David Kleiman, I instruct you that if rather than winding up the partnership's business following the death of his partner, the surviving partner continues the partnership business with partnership assets, then the surviving partner acts as a trustee for the deceased partner. As a trustee, the surviving partner is required to administer the portion of the partnership assets belonging to the deceased partner solely in the interests of the deceased partner's estate, and not the interests of the surviving partner. The surviving partner must administer the partnership assets belonging to the deceased partner as a prudent person would in light of the circumstances, exercising reasonable care, skill, and caution.**

**Furthermore, the surviving partner is required to account to the deceased partner's estate and provide a list of the partnership assets to the deceased partner's heirs. The rationale underlying the rule is based upon the surviving partner's superior knowledge: A surviving partner does not deal at arms-length with the heirs of a deceased partner but must make an open and full disclosure to them. The heirs are at a big disadvantage in dealing with the surviving partners, lacking knowledge of the extent of the partnership property or information about the amount of business done or the value of the partnership.**

--------------------------

Authorities:

Fla. Stat. §§ 620.8202 (defining formation of partnership), 620.8401(2) ("Each partner is entitled to an equal share of the partnership profits and is chargeable with a share of the partnership losses in proportion to the partner's share of the profits."), 620.8404 (fiduciary duties of partner), 620.8807 (settlement of accounts and dissolution), 736.0802 (trustee duty of loyalty), 736.0804 (prudent administration by trustee); *Matter of Estate of Thomas*, 532 N.W.2d 676, 684 (N.D. 1995); *Biers v. Sammons*, 242 So. 2d 158, 161 (Fla. 3d DCA 1970) (duties to account and act as

trustee for deceased partner's estate); *Hilgendorf v. Denson*, 341 So. 2d 549, 551 (Fla. 1st DCA 1977) (same); Omnibus Order, ECF No. [615], at 76; Court's Instructions to the Jury, *Balthazar Mgmt., LLC v. Beale Street Blues Co.*, No. 9:17-cv-81214-BB (S.D. Fla. Dec. 4, 2018), ECF No. [328], at 15–16; *Account*, Black's Law Dictionary (11th ed. 2019); 24 Fla. Jur. P'ship § 175; 40 Am. Jur. P'ship § 368.

GIVEN                           _____
GIVEN AS MODIFIED               _____
WITHDRAWN                       _____
GRANTED                         _____
DENIED                          _____

## **<u>Partnership – Duties</u>**

**<u>Partners in a partnership owe duties to each other and to the partnership. These duties include a duty of care, a duty of loyalty, and an obligation of good faith and fair dealing.</u>**

_____

Authorities:

Fla. Stat. §§ 620.8404(1), 620.8404(4).

GIVEN                                    _____
GIVEN AS MODIFIED            _____
WITHDRAWN                        _____
GRANTED                             _____
DENIED                                 _____

**<u>Partnership – Duty of Care</u>**

> **<u>Under the duty of care, a partner must not engage in grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of law.</u>**

_____

Authorities:

Fla. Stat. § 620.8404(3).

| | |
|---|---|
| GIVEN | _____ |
| GIVEN AS MODIFIED | _____ |
| WITHDRAWN | _____ |
| GRANTED | _____ |
| DENIED | _____ |

**Partnership – Duty of Loyalty**

**Under the duty of loyalty, a partner must account to the partnership and hold as trustee for the partnership any property, profit, or benefit derived by the partner in the conduct and winding up of the partnership business or derived from a use by the partner of partnership property, including the appropriation of a partnership opportunity.**

_____

Authorities:

Fla. Stat. § 620.8404(2).

GIVEN                                        _____
GIVEN AS MODIFIED                  _____
WITHDRAWN                              _____
GRANTED                                   _____
DENIED                                       _____

## **Partnership – Obligation of Good Faith and Fair Dealing**

**A partner must discharge his duties to the other partner and to the partnership, and act in a manner that does not frustrate the agreed common purpose of the parties and deprive the other party of the benefits of the agreement.**

_____

Authorities:

Fla. Stat. § 620.8404(4); *Mount Sinai Med. Ctr. of Greater Miami, Inc. v. Heidrick & Struggles, Inc.*, 329 F. Supp. 2d 1309, 1313 (S.D. Fla. 2004), *aff'd*, 188 F. App'x 966 (11th Cir. 2006).

GIVEN                                   _____
GIVEN AS MODIFIED          _____
WITHDRAWN                       _____
GRANTED                            _____
DENIED                               _____

## Fiduciary Duty to W&K Info Defense Research, LLC

**W&K claims that the defendant breached his fiduciary duties to it by fraudulently procuring a judgment against it in Australia following David Kleiman's death, using that judgment to claim ownership over W&K's assets, and then using those assets for his benefit.**

**There are two issues for your determination on this claim:**

1. **Did Craig Wright owe a fiduciary duty to W&K? If so;**

2. **Did he breach that duty?**

**On the first issue, whether Craig Wright owed W&K a fiduciary duty, W&K must prove the following by a preponderance of the evidence:**

1. **A relationship existed between W&K and the defendant;**

2. **The defendant was in a position of trust with respect to the W&K's financial or property interests; and**

3. **The defendant accepted that trust.**

---

Authorities:

Florida Standard Jury Instructions for Contract and Business Cases 451.4; *Silver v. Countrywide Home Loans, Inc.*, 760 F. Supp. 2d 1330, 1338 (S.D. Fla. 2011) (citing *Doe v. Evans*, 814 So. 2d 370, 374 (Fla. 2002)), *aff'd*, 483 F. App'x 568 (11th Cir. 2012).

GIVEN                                   _____
GIVEN AS MODIFIED              _____
WITHDRAWN                        _____
GRANTED                            _____
DENIED                               _____

**<u>Breach of Fiduciary Duty to W&K Info Defense Research, LLC</u>**

**<u>If you find that Craig Wright owed a fiduciary duty to W&K, you will then consider the issue of whether he breached that duty.</u>**

**<u>A fiduciary duty imposes a duty to act with the utmost good faith in the best interests of the company. This includes the duty to refrain from self-dealing, the duty of loyalty, the duty to disclose material facts, and the overall duty not to take unfair advantage and to act in the best interest of the company.</u>**

**<u>To prove a breach of a fiduciary duty, W&K must show:</u>**

1) **<u>That the defendant breached a fiduciary duty by misappropriating W&K's intellectual property, bitcoin, and/or forked assets; and</u>**

2) **<u>That this breach was a legal cause of damages to W&K.</u>**

_____

Authorities:

Florida Pattern Jury Instructions for Contract and Business Cases 451.5, 451.10; *Pediatric Nephrology Assocs. of S. Fla. v. Variety Children's Hosp.*, 226 F. Supp. 3d 1346, 1356 (S.D. Fla. 2016); *Gracey v. Eaker*, 837 So. 2d 348 (Fla. 2002).

GIVEN
GIVEN AS MODIFIED        _____
WITHDRAWN                _____
GRANTED                  _____
DENIED                   _____

### *Definition of a Limited Liability Company*

*A limited liability company, or LLC, is a business structure whereby the owners are not personally liable for the company's debts or liabilities. An LLC combines some characteristics of a corporation with those of a partnership. LLCs are managed by their members unless explicitly stated otherwise in an operating agreement or formation document.*

*An LLC that has been administratively dissolved continues in existence but may only carry on activities necessary to wind up its activities and affairs, liquidate and distribute its assets, and notify claimants.*

_____

Authorities:

Fla. Stat. §§ 605.0304(1), 605.0407(1)(a); Fla. Stat. § 605.0714; *Jackson-Shaw Co. v. Jacksonville Aviation Auth.*, 8 So. 3d 1076, 1089 (Fla. 2008).

GIVEN                             _____
GIVEN AS MODIFIED      _____
WITHDRAWN                  _____
GRANTED                       _____
DENIED                          _____

## *Conversion*

*Ira Kleiman claims that Dr. Wright is responsible for the conversion, or wrongful taking, of bitcoins and Bitcoin-related intellectual property that belonged to the alleged oral partnership between Dave Kleiman and Dr. Wright, which allegedly existed from sometime in 2008 through February 2011.*

*W&K, which was formed in February 2011 and administratively dissolved in 2012, claims that Dr. Wright is responsible for the conversion, or wrongful taking, of bitcoins and Bitcoin-related intellectual property that belonged to it.*

*Conversion means a distinct act of control wrongfully asserted over another's personal property in a manner that is inconsistent with the other's right to that property. There are a number of ways that conversion can occur, such as intentionally dispossessing another of the property, using the property without authority, or disposing of the property by selling, pledging, gifting, or leasing it.*

*Structure of Claim:*

*To establish this claim, the Ira Kleiman and W&K must each prove, by a preponderance of the evidence, that:*

*(1) Dr. Wright wrongfully asserted dominion over bitcoins and intellectual property;*

*(2) This property belonged to Dave Kleiman's estate and W&K, respectively; and*

*(3) Dr. Wright's action was inconsistent with the estate's or W&K's ownership.*

*Also, in an action for conversion of money, such as bitcoins, the money must be specific money that is capable of identification and not simply a general assertion over an amount of money owed.*

*If you find that Ira Kleiman and W&K failed to prove, by a preponderance of the evidence, each element of conversion, you must return a verdict in favor of Dr. Wright. On the other hand, if you find for one or both of the plaintiffs on the claim of conversion, you will then consider the issue of the amount of money damages to be awarded to Ira Kleiman and W&K, separately. The damages must be the specific bitcoins and intellectual property that plaintiffs have identified, rather than just a general claim for an amount of bitcoins or unspecified intellectual property.*

***Punitive Damages:***

 ***Under Florida law, you may also award punitive damages for a conversion claim. An award of punitive damages may not exceed the greater of three times the amount of compensatory damages awarded to each claimant entitled thereto, or $500,000.***

 ***Punitive damages are a form of extraordinary relief for acts and omissions so egregious as to jeopardize not only the particular plaintiff in the lawsuit, but the public as a whole, such that a punishment—not merely compensation—must be imposed to prevent similar conduct in the future.***

 ***You may only award punitive damages if you determine, based on clear and convincing evidence, that Dr. Wright personally committed intentional misconduct or gross negligence, which was the proximate cause of the plaintiffs' loss.***

 ***"Intentional misconduct" means that Dr. Wright had actual knowledge of the wrongfulness of his conduct and the high probability that injury to Dave Kleiman's estate and W&K would result and, despite that knowledge, intentionally pursued that course of conduct. "Gross negligence" means that the conduct was so reckless that it constituted a conscious disregard or indifference to the life, safety, or rights of Dave Kleiman's estate and W&K. Please remember that the clear and convincing evidence standard that you must apply is a higher standard than the preponderance of the evidence standard, and requires you to conclude that the claim is highly probable or reasonably certain, not merely more likely true than not true. Clear and convincing evidence is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.***

---

Authorities:

*Joe Hand Promotions, Inc. v. Creative Enter., LLC*, 978 F.Supp.2d 1236, 1241 (M.D. Fla. 2013) (quoting *Joe Hand Promotions, Inc. v. Hart*, 2012 WL 1289731, *2-3 (S.D. Fla. 2012));*BDO Seidman, LLP v. Banco Espirito Santo Int'l*, 38 So. 3d 874, 876 (Fla. 3d DCA 2010); *Warshall v. Price*, 629 So.2d 903, 904 (Fla. 4th DCA 1993); *Navid v. Uiterwyk Corp.*, 130 B.R. 594, 595 (M.D. Fla. 1991); Fla. Stat. §§ 768.72; Florida Standard Jury Instructions in Civil Cases, Personal Injury and Property Damages: Introduction 501.1(b); Punitive Damages – Non-Bifurcated Procedure 503.2, August 29, 2019.

GIVEN                              _____

GIVEN AS MODIFIED                 _____

WITHDRAWN                         _____

GRANTED                           _____

DENIED                            _____

## **Conversion**

**The Estate of David Kleiman and W&K bring a claim for conversion against the defendant. They claim that the defendant wrongfully exercised control over the property of David Kleiman and the property of W&K.**

**A successful claim for conversion requires the Estate of David Kleiman or W&K to prove the following by a preponderance of the evidence:**

1) **An act of dominion or ownership wrongfully asserted by the defendant;**

2) **Over property of the partnership, the Estate of David Kleiman, or W&K;**

3) **Inconsistent with their ownership or right to possess that property.**

-------------------------

Authorities:

*Joe Hand Promotions, Inc. v. Hart*, No. 11-80971-CIV, 2012 WL 1289731, at *2 (S.D. Fla. Apr. 16, 2012); *Ginsberg v. Lennar Fla. Holdings, Inc.*, 645 So. 2d 490, 500 (Fla. 3d DCA 1994); *Warshall v. Price,* 629 So. 2d 903, 904 (Fla. 4th DCA 1993), *rev. denied*, 641 So. 2d 1346 (Fla. 1994); *Shelby Mutual Ins. v. Crain Press*, 481 So.2d 501, 503 (Fla. 2d DCA 1985); 12 Fla. Jur 2d Conversion and Replevin § 1 (2d ed. 2020).

GIVEN
GIVEN AS MODIFIED          _____
WITHDRAWN                  _____
GRANTED                    _____
DENIED                     _____

<u>**Civil Theft**</u>

**The Estate of David Kleiman and W&K bring a claim for civil theft against the defendant. A successful claim for civil theft requires that the plaintiffs prove the following by clear and convincing evidence:**

1) **The defendant obtained, used, or attempted to obtain or use the Estate of David Kleiman's, W&K's, or the partnership's property;**

2) **With the criminal intent to deprive the Estate of David Kleiman, W&K, or the partnership (either temporarily or permanently) of that property or a benefit from that property; and**

3) **The defendant's actions were a legal cause of damages to the Estate of David Kleiman or W&K.**

------------------------------

Authorities:

Fla. Stat. §§ 772.11, 812.014; Florida Pattern Jury Instructions for Civil Cases 411.5; Court's Instructions to the Jury, *Balthazar Mgmt., LLC v. Beale Street Blues Co.*, No. 9:17-cv-81214-BB (S.D. Fla. Dec. 4, 2018), ECF No. [328], at 19; *Heldenmuth v. Groll*, 128 So. 3d 895, 896 (Fla. 4th DCA 2013).

GIVEN                                    _____
GIVEN AS MODIFIED                        _____
WITHDRAWN                                _____
GRANTED                                  _____
DENIED                                   _____

<u>**Unjust Enrichment for the Estate of David Kleiman and W&K**</u>

**A successful claim for unjust enrichment requires that the Estate of David Kleiman and/or W&K prove by a preponderance of the evidence that:**

1) **David Kleiman and/or W&K conferred a benefit on the defendant;**

2) **That the defendant voluntarily accepted and retained that benefit; and**

3) **It would be inequitable or unfair for the defendant to retain the benefit without paying the value of the benefit to the Estate of David Kleiman and/or W&K.**

---------------------------

Authorities:

*Fla. Power Corp. v. City of Winter Park*, 887 So. 2d 1237, 1242 (Fla. 2004); *Swafford v. Schweitzer*, 906 So. 2d 1194, 1995 (Fla. 4th DCA 2005); *Cohen v. Kravit Estate Buyers, Inc.*, 843 So. 2d 989, 992 (Fla. 4th DCA 2003); Court's Instructions to the Jury, *Balthazar Mgmt., LLC v. Beale Street Blues Co.*, No. 9:17-cv-81214-BB (S.D. Fla. Dec. 4, 2018), ECF No. [328], at 19; *Kozyrev v. Ponomarenko*, No. 0:19-cv-60497-BB (S.D. Fla. Mar. 6, 2020), ECF No. [141], at 12.

GIVEN                              _____
GIVEN AS MODIFIED                  _____
WITHDRAWN                          _____
GRANTED                            _____
DENIED                             _____

**Fraud**

**The Estate of David Kleiman and W&K have alleged claims against the defendant for fraud. For the plaintiffs to prevail on their fraud claims, they must prove the following by a preponderance of the evidence:**

1) **The defendant made a false statement or omission concerning a material fact;**

2) **That he either knew was false, or made it despite not knowing whether it was true or false;**

3) **The defendant intended that David Kleiman, Ira Kleiman, or W&K would rely on the false statement or omission;**

4) **David Kleiman, Ira Kleiman, or W&K relied on the false statement or omission; and**

5) **The false statement or omission caused damage to the Estate of David Kleiman or W&K.**

---------------------------------

Authorities:

Florida Pattern Jury Instruction 409.7 (modified); Court's Instructions to the Jury, *Balthazar Mgmt., LLC v. Beale Street Blues Co.*, No. 9:17-cv-81214-BB (S.D. Fla. Dec. 4, 2018), ECF No. [328], at 17; *Philip Morris USA, Inc. v. Chadwell*, ___ So. 3d ___, No. 3D19-239, 2020 WL 2892407, at *6 (Fla. 3d DCA June 3, 2020); *Poliakoff v. Nat'l Emblem Ins. Co.*, 249 So. 2d 477, 478 (Fla. 3d DCA 1971).

GIVEN                                    _____
GIVEN AS MODIFIED            _____
WITHDRAWN                        _____
GRANTED                              _____
DENIED                                  _____

### *Breach of Fiduciary Duties*

*Ira Kleiman, as personal representative for the estate of Dave Kleiman, and W&K claim that Dr. Wright breached fiduciary duties owed to each of them. I will now explain how this claim is structured. Under Florida law, there are three elements, which I will explain to you, that must be proved in order to find there was a breach of fiduciary duty, These elements are that:*

*(1) a fiduciary duty existed;*

*(2) that duty was breached; and*

*(3) the plaintiffs suffered damages that were proximately caused by that breach.*

### *Fiduciary Duty*

*A "fiduciary" duty exists when one person places special trust and confidence in another person who knowingly accepts that trust and confidence and thereafter undertakes to act on behalf of the other party. In other words, a fiduciary duty is an obligation to act in the best interest of another party. A mere friendship, alone, is not sufficient to establish a fiduciary relationship. Some examples of relationships involving a fiduciary duty include attorney/client, trustee/beneficiary, and corporate board member/company shareholders. If a relation of trust and confidence exists between the parties (that is to say, where special trust and confidence is reposed by one party in another, who accepts it, or where confidence has been acquired and abused), that is sufficient as a predicate for relief.*

### *Breach of Fiduciary Duty*

*When someone has a duty to act in the best interest of another party, but intentionally, recklessly, or grossly negligently acts contrary to that obligation, it is called a breach of fiduciary duty.*

*If plaintiffs prove that Dr. Wright owed them a fiduciary duty, to prove a breach of that duty, they must demonstrate that Dr. Wright committed one or more of the following acts:*

*1. A violation of the criminal law, unless Dr. Wright had a reasonable cause to believe his conduct was lawful or had no reasonable cause to believe his conduct was unlawful;*

*2. A transaction from which the manager or member of the limited liability company derived an improper personal benefit, directly or indirectly;*

*3. In a proceeding by or in the right of the limited liability company, to procure a judgment in its favor, or by or in the right of a member, in conscious or willful disregard of the best interests of the limited liability company; or*

*4. In a proceeding by or in the right of someone other than the limited liability company or a member, to commit an act or omission in bad faith, or with malicious purpose, or recklessly, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. The term "recklessness" means acting or failing to act in conscious disregard of a risk known or so obvious it should have been known, and a risk so great as to make it highly probable that harm would proximately result from the act or failure to act.*

*The circumstances set forth above are not exclusive and do not preclude the existence of other circumstances in which a manager of a manager-managed limited liability company or a member in a member-managed limited liability company will be deemed to have breached a fiduciary duty.*

### *Damages Proximately Caused by the Breach*

*The breach of fiduciary duty must be the proximate cause of the damage. For an act or course of dealing to be the proximate cause of damage, it must be proved that the act or course of dealing played a substantial part in producing the injury or damage, that if such conduct hadn't occurred, the injury or damage would not have occurred, and that the injury or damage was the necessary or proximate result of the act or course of dealing.*

*If you find that Ira Kleiman and W&K did not carry their burden of proving all the elements of a breach of fiduciary duty claim that I have just explained to you, then you must return a verdict in favor of Dr. Wright.*

*On the other hand, if you find that Ira Kleiman, on behalf of the estate of Dave Kleiman, or W&K proved, by a preponderance of the evidence, that Dr. Wright owed them a fiduciary duty and breached that fiduciary duty, and that the breach was the proximate cause of their claimed damages, then you will next consider the issue of the amount of compensatory money damages to be awarded to the plaintiffs. You may award each plaintiff you find in favor of only those damages shown to be proximately caused by Dr. Wright's breaches. The dollar amount of any damages must be calculated based on all the evidence presented to you and must serve as a remedy for the plaintiffs' losses.*

---

Authorities:

*Quinn v. Phipps*, 93 Fla. 805, 811, 113 So. 419, 421 (1927); *Cassedy v. Alland Inv. Corp.*, 128 So. 3d 976, 978 (Fla. 1st DCA 2014); *Crusselle v. Mong*, 59 So. 3d 1178, 1181 (Fla. 5th DCA 2011); *Doe v. Evans*, 814 So. 2d 370, 374 (Fla. 2002); Florida Standard Jury Instructions in Civil Cases, Breach of Fiduciary Duty: Legal Cause 451.6(a), August 29, 2019.

GIVEN                              _____
GIVEN AS MODIFIED        _____
WITHDRAWN                   _____
GRANTED                        _____
DENIED                           _____

## Breach of Partnership Duties of Loyalty and Care

*Ira Kleiman, as personal representative of the estate of Dave Kleiman, alleges that Dr. Wright breached duties of loyalty and care owed to Dave Kleiman as partners in an oral partnership. Under Florida law, partners owe the fiduciary duties of loyalty and care to each other and to the partnership. I will break down the definition of these two duties for you.*

### Duty of Loyalty

*The duty of loyalty requires partners to: (1) account to the partnership, and hold for it as trustee, the property, profit or benefit derived by the partner for that partnership; (2) refrain from dealing with the partnership as a person having an interest adverse to the partnership; and (3) refrain from competing with the partnership.*

### Duty of Care

*The duty of care is limited to refraining from engaging in grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of the law. Gross negligence is an indifference to duty amounting to actions that are outside the bounds of reason. In other words, gross negligence consists of conduct so reckless or wanting in care that it constitutes a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.*

### Claim of Breach of Duties of Loyalty and Care

*To prevail on this claim, Ira Kleiman, as personal representative of Dave Kleiman's estate, must prove:*

*(1) that Dr. Wright owed Dave Kleiman duties of loyalty and care as partners in an oral partnership;*

*(2) that Dr. Wright intentionally, recklessly, or grossly breached his duty of loyalty and care by one of the abovementioned acts; and*

*(3) that Dr. Wright's breaches are the proximate cause of Ira Kleiman's damages.*

*If you find that Ira Kleiman failed to carry his burden of proving that an oral partnership existed, or that Dr. Wright did not owe Dave Kleiman duties of loyalty and care, or that Dr. Wright owed but did not breach such duties of loyalty and care, or that Ira Kleiman's damages were not the proximate result of a breach by Dr. Wright, then you must return a verdict in favor of Dr. Wright.*

*If, on the other hand, you find that Ira Kleiman proved, by a preponderance of the evidence, that an oral partnership existed, that Dr. Wright owed Dave Kleiman the duties of loyalty and care, that Dr. Wright breached those duties, and that Dr. Wright's breaches were the proximate cause of Ira Kleiman's damages, then you must return a verdict against Dr. Wright for the appropriate claim or claims, and next consider the issue of the amount of money damages to be awarded to the estate of Dave Kleiman.*

**<u>Compensatory Damages:</u>**

*Compensatory damages are those damages shown to be legally (or proximately) caused by Dr. Wright's wrongful action. The dollar amount of any such damages must be calculated based on all the evidence presented to you and must serve as a remedy for losses, if any, suffered by the estate of Dave Kleiman.*

_____

Authorities:

Fla. Stat. § 620.8404.

| | |
|---|---|
| GIVEN | _____ |
| GIVEN AS MODIFIED | _____ |
| WITHDRAWN | _____ |
| GRANTED | _____ |
| DENIED | _____ |

### *Constructive Fraud*

*Constructive fraud is similar to a breach of fiduciary duty claim, in that it occurs when a duty under a confidential or fiduciary relationship has been intentionally breached. It can also occur where an unconscionable advantage has been taken. Constructive fraud may be based on intentional misrepresentation or concealment, or may consist of taking an improper advantage of the fiduciary relationship at the expense of the confiding, or weaker, party. Constructive fraud does not apply where the parties are dealing at arms-length, because there is no duty imposed on either party to protect or benefit the other.*

<u>*Structure of Claim:*</u>

*In order to recover on this claim, plaintiffs must prove:*

*(1) the existence of a relationship of trust and confidence;*

*(2) that the defendant intentionally took unlawful advantage of that position of trust in order to benefit himself; and*

*(3) that plaintiffs were injured as a proximate result of the misconduct.*

*The existence of a fiduciary or confidential relationship is often evidenced by some degree of dependency on one side, and some degree of undertaking on the other side to advise, counsel, and protect the weaker party.*

*Ira Kleiman and W&K allege that Dr. Wright invited them to trust him as their fiduciary, which they then did, and that Dr. Wright violated that duty by taking advantage of their trust to make false statements and committed other unlawful acts against them, including lying about transferring bitcoins and intellectual property that belonged to them, failing to disclose that he was pursuing judgments against W&K in Australia, and that he'd assumed control over W&K and its assets as well as the estate's assets. To prevail on this claim, plaintiffs must prove that Dr. Wright had a fiduciary duty to them and unlawfully abused their trust, thus taking an improper and unconscionable advantage of that fiduciary relationship to benefit himself.*

*If you find that Ira Kleiman and W&K did not carry their burden of proving, by a preponderance of the evidence, each of the elements of a constructive fraud claim, then you must return a verdict in favor of Dr. Wright. If you find that Ira Kleiman and W&K proved, by a preponderance of the evidence, all the elements of this claim, then you must find against Dr. Wright and next consider the issue of the amount of damages to be awarded to the plaintiffs.*

**_Compensatory Damages:_**

 *Compensatory damages are those damages shown to be proximately caused by Dr. Wright's wrongful conduct. Proximate causation essentially consists of two requirements: cause in fact and foreseeability. The dollar amount of any such damages must be calculated based on all the evidence presented to you and must serve as a remedy for losses, if any, suffered by Dave Kleiman and W&K.*

**_Punitive Damages:_**

 *Under Florida law, you may also award punitive damages for a constructive fraud claim. An award of punitive damages may not exceed the greater of three times the amount of compensatory damages awarded to each claimant entitled thereto, or $500,000.*

 *Punitive damages are a form of extraordinary relief for acts and omissions so egregious as to jeopardize not only the particular plaintiff in the lawsuit, but the public as a whole, such that a punishment—not merely compensation—must be imposed to prevent similar conduct in the future. You may only award punitive damages if you determine, based on clear and convincing evidence, that Dr. Wright personally committed intentional misconduct or gross negligence, which was the proximate cause of the plaintiffs' loss.*

 *"Intentional misconduct" means that Dr. Wright had actual knowledge or reason to know of the wrongfulness of his conduct and the high probability that injury to Dave Kleiman and W&K would result and, despite that knowledge, intentionally or recklessly pursued that course of conduct. "Gross negligence" means conduct that was not only negligent, but so extremely careless that it constituted a conscious disregard for the life, safety, or rights of Dave Kleiman and W&K. Please remember that the clear and convincing evidence standard that you must apply is a higher standard than the preponderance of the evidence standard and requires you to conclude that the claim is highly probable or reasonably certain, not merely more likely true than not true. Clear and convincing evidence is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.*

---

Authorities:

*BDO Seidman, LLP v. Banco Espirito Santo Int'l*, 38 So. 3d 874, 876 (Fla. 3d DCA 2010); *Beers v. Beers*, 724 So.2d 109, 116-17 (Fla. 5th DCA 1998); *Wishinsky v. Choufani*, 278 So. 3d 803, 805 (Fla. 5th DCA 2019); *Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.*, 390 F. Supp.

2d 1170, 1179 (M.D. Fla. 2005); Fla. Stat. §§ 768.72; Florida Standard Jury Instructions in Civil Cases, Personal Injury and Property Damages: Introduction 501.1(b); Punitive Damages – Non-Bifurcated Procedure 503.2, August 29, 2019.

GIVEN                              _____

GIVEN AS MODIFIED                 _____

WITHDRAWN                         _____

GRANTED                           _____

DENIED                            _____

## **Constructive Fraud**

**The Estate of David Kleiman and W&K have alleged claims against the defendant for constructive fraud. For the plaintiffs to prevail on their constructive fraud claims, they must prove the following by a preponderance of the evidence:**

1) **A relationship of trust and confidence existed between one or more of the plaintiffs and Craig Wright;**

2) **Wright took advantage of this relationship of trust and confidence; and**

3) **Proximately caused one or more of the plaintiffs to suffer damages.**

_____

Authorities:

*Wishinsky v. Choufani*, 278 So. 3d 803, 805 (Fla. 5th DCA 2019), *reh'g denied* (Sept. 16, 2019).

GIVEN                                      _____
GIVEN AS MODIFIED          _____
WITHDRAWN                          _____
GRANTED                              _____
DENIED                                  _____

### *Civil Theft*

#### *"Clear and Convincing Evidence" Burden of Proof:*

*Ira Kleiman and W&K claim that Dr. Wright committed civil theft. This claim requires the "clear and convincing evidence" burden of proof. Please remember that the clear and convincing evidence standard you must apply is a higher standard than the preponderance of the evidence standard and requires you to conclude that the claim is highly probable or reasonably certain, not merely more likely true than not true. Clear and convincing evidence is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.*

#### *Structure of Claim:*

*Under Florida law, the elements of civil theft require plaintiffs to establish by clear and convincing evidence that:*

*(1) the defendant knowingly obtained or used, or attempted to obtain or use, plaintiffs' property;*

*(2) with criminal intent; that is, with the intent to temporarily or permanently deprive plaintiffs of their property; and if so,*

*(3) that the defendant's wrongful conduct was the proximate cause of injury or damage to plaintiffs.*

*A party's wrongful conduct is the proximate cause of injury or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing the injury or damage, so that it can reasonably be said that that if such conduct hadn't occurred, the injury or damage would not have occurred, and that the injury or damage was the necessary or proximate result of the conduct.*

*To recover on this claim, Ira Kleiman, on behalf of the estate of Dave Kleiman, and W&K must prove that:*

*(1) Dr. Wright intentionally took bitcoins and intellectual property that belonged to the plaintiffs, and did so with criminal intent;*

*(2) Dr. Wright intended to permanently deprive the plaintiffs of their property; and*

*(3) Dr. Wright's actions were the legal cause of injury to the plaintiffs.*

*If you find that Ira Kleiman and W&K failed to prove by clear and convincing evidence each element of civil theft, you must return a verdict in favor of Dr. Wright. If you find for Ira*

*Kleiman or W&K on these claims, you will then consider the issue of the amount of money damages to be awarded to each plaintiff.*

*<u>Civil Theft Damages:</u>*

*You may award the plaintiffs only actual damages shown to be proximately caused by Dr. Wright's wrongful conduct. Damages are the proximate result of the wrongful act of another, if you find from clear and convincing evidence that if the wrongful conduct had not occurred, the damages would not have occurred, and that the damages were the necessary or proximate result of the wrongful conduct. The amount of damages cannot be based on speculation or guesswork. The amount of any damages must be calculated based on all the evidence presented to you and must serve as a remedy for the plaintiffs' losses, if any, and not a punishment for Dr. Wright's conduct.*

------

Authorities:

Fla. Stat. § 772.11, Florida Standard Jury Instructions in Civil Cases, Civil Theft: Legal Cause 411.4(a); Issues on Claim 411.5(a), Burden of Proof on Claim 411.6; Civil Theft Damages 411.7, August 29, 2019; *R.J. Reynolds Tobacco Co. v. Gafney*, 188 So. 3d 53, 58 (Fla. 4th DCA 2016).

GIVEN                             _____
GIVEN AS MODIFIED                 _____
WITHDRAWN                         _____
GRANTED                           _____
DENIED                            _____

### *Fraud*

*Structure of Claim:*

Ira Kleiman and W&K claim Dr. Wright committed fraud. Under Florida law, there are four requirements to establish a claim for fraud:

(1) a false statement or representation concerning a material fact;

(2) the representor's knowledge that the representation is false;

(3) the representor's intention that the representation induce another to act on it; and

(4) resulting injury to the party acting in reasonable reliance on the representation.

Plaintiffs allege that Dr. Wright made fraudulent statements concerning material facts on which Ira Kleiman and W&K reasonably relied, which caused them damage.

If you find that Ira Kleiman and W&K did not carry their burden of proving, by a preponderance of the evidence, each of the four elements of a fraud claim, then you must return a verdict in favor of Dr. Wright. If, on the other hand, you find that Ira Kleiman and W&K proved their fraud claims by a preponderance of the evidence, then you must return a verdict against Dr. Wright for the appropriate claim or claims, and next consider the issue of the amount of money damages to be awarded to the plaintiffs.

*Compensatory Damages:*

Compensatory damages are those damages shown to be proximately caused by Dr. Wright's wrongful conduct. The dollar amount of any such damages must be calculated based on all the evidence presented to you and must serve as a remedy for losses, if any, suffered by Dave Kleiman and W&K.

***Punitive Damages:***

Under Florida law, you may also award punitive damages for a fraud claim. An award of punitive damages may not exceed the greater of three times the amount of compensatory damages awarded to each claimant entitled thereto, or $500,000.

Punitive damages are a form of extraordinary relief for acts and omissions so egregious as to jeopardize not only the particular plaintiff in the lawsuit, but the public as a whole, such that a punishment—not merely compensation—must be imposed to prevent similar conduct in the future.

You may only award punitive damages if you determine, based on clear and convincing evidence, that Dr. Wright personally committed intentional misconduct or gross negligence, which was the proximate cause of the plaintiffs' loss.

"Intentional misconduct" means that Dr. Wright had actual knowledge or reason to know of the wrongfulness of his conduct and the high probability that injury to Dave Kleiman and W&K would result and, despite that knowledge, intentionally or recklessly pursued that course of conduct. "Gross negligence" means that the conduct was so reckless that it constituted a conscious disregard or indifference to the life, safety, or rights of Dave Kleiman and W&K. Please remember that the clear and convincing evidence standard that you must apply is a higher standard than the preponderance of the evidence standard and requires you to conclude that the claim is highly probable or reasonably certain, not merely more likely true than not true. Clear and convincing evidence is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.

---

Authorities:

*BDO Seidman, LLP v. Banco Espirito Santo Int'l*, 38 So. 3d 874, 876 (Fla. 3d DCA 2010); *Townsend v. Morton*, 36 So. 3d 865, 868 (Fla. 5th DCA 2010) (quoting *Johnson v. Davis*, 480 So.2d 625, 627 (Fla. 1985)); Florida Standard Jury Instructions in Civil Cases, Punitive Damages – Non-Bifurcated Procedure 503.2, August 29, 2019.

GIVEN                                     _____
GIVEN AS MODIFIED              _____
WITHDRAWN                         _____
GRANTED                              _____

DENIED                                    _____

### *Unjust Enrichment*

Ira Kleiman and W&K allege that Dr. Wright unlawfully benefitted from bitcoins and intellectual property that he misappropriated for himself. Under Florida law, Ira Kleiman and W&K may seek damages, including all monies and properties Dr. Wright obtained by his wrongful conduct.

**Structure of Claim:**

To establish the elements of a cause of action for unjust enrichment under Florida law, plaintiffs must prove that:

> (1) plaintiffs conferred a benefit on the defendant, who had knowledge for the benefit;
>
> (2) defendant voluntarily accepted and retained the benefit conferred; and
>
> (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value of it.

To prevail on this claim, Ira Kleiman, on behalf of Dave Kleiman's estate and W&K must prove that:

> (1) they conferred benefits on Dr. Wright;
>
> (2) Dr. Wright accepted these benefits and retained them; and
>
> (3) it would be inequitable for Dr. Wright to not compensate the plaintiffs for the value obtained.

If you find that Ira Kleiman and W&K failed to prove, by a preponderance of the evidence, each element of their unjust enrichment claim, you must return a verdict in favor of Dr. Wright. On the other hand, if you find for either or both of the plaintiffs on this claim, you will then consider the issue of the amount of damages in the form of equitable relief to be awarded to the plaintiffs.

**Equitable Relief:**

Under Florida law, in an unjust enrichment claim, when the defendant has acted in conscious disregard of the plaintiffs' rights, the whole of the resulting gain is treated as unjust enrichment, even though the defendant's gain may exceed both (i) the measurable injury to the claimant, and (ii) the reasonable value of a license authorizing the defendant's conduct. The dollar amount of any such damages must be calculated based on all the evidence presented to you and may not be based on speculation.

_____

Authorities:

*State Farm Mut. Auto. Ins. Co. v. Medical Service Center of Fla.*, 103 F. Supp. 3d 1343, 1355 (S.D. Fla. 2015); *Duty Free World, Inc. v. Miami Perfume Junction, Inc.*, 253 So.3d 689, 693 (Fla. 3d DCA 2018); *Kane v. Stewart Tilghman Fox & Bianchi, P.A.*, 85 So. 3d 1112, 1115 (Fla. 4th DCA 2012).

GIVEN                              _____
GIVEN AS MODIFIED         _____
WITHDRAWN                    _____
GRANTED                         _____
DENIED                            _____

### *Affirmative Defenses*[3]

*If you find that Ira Kleiman and W&K have proven, by a preponderance of the evidence, one or more of their claims against Dr. Wright, then you shall next consider the defenses raised by Dr. Wright.*

*Under Florida law, an "affirmative defense" is any defense that assumes a civil complaint's alleged claim to be valid but raises other facts that, if true, would attack plaintiffs' legal right to bring the claim, or establish a valid excuse or justification for the defendant's challenged conduct. Even though the defendant concedes the legal sufficiency of the alleged claim(s), an affirmative defense is something that, if proven, will reduce or eliminate plaintiffs' recovery on a claim even if they successfully established it.*

*Dr. Wright is asserting several affirmative defenses, each of which you must carefully consider. I caution you that Dr. Wright does not have to disprove Ira Kleiman's or W&K's claims, but to prevail on any affirmative defense he must prove the defense by a preponderance of the evidence. An affirmative defense is proved if you find, after considering all evidence in the case, that Dr. Wright has proved that the required facts are more likely true than not true.*

_____

Authorities:

*Long v. Baker*, 37 F. Supp. 3d 1243, 1250 (M.D. Fla. 2014) (citing *State v. Cohen,* 568 So.2d 49, 51–52 (Fla.1990)., 568 So. 2d 49, 51–52 (Fla.1990); 11th Cir. Pattern Jury Instr. Civil Cases, Responsibility for Proof – Affirmative Defense – Preponderance of the Evidence 3.7.2, (2020)

GIVEN                                   _____

GIVEN AS MODIFIED          _____

WITHDRAWN                   _____

GRANTED                         _____

DENIED                             _____

_____

[3] The Court has granted summary judgment in favor of plaintiffs on several of Dr. Wright's affirmative defenses. *See* D.E. 615. However, in an abundance of caution, Dr. Wright includes jury instructions for those affirmative defenses for appellate purposes.

### *Affirmative Defense—Statute of Limitations*

*A statute of limitations is a time period set by legislation, during which affected parties must take action to enforce their rights or seek redress after injury or damage. The time periods vary depending on the claim, and there are rules for determining when the clock begins to run on a claim.*

*Under Florida law, all of plaintiffs' claims, except their claim for fraud and constructive fraud, accrue when the last element of the claim occurs. I will discuss the accrual date for each of plaintiffs' causes of action and the time period in which the claim must have been made:*

*Conversion: The statute of limitations applicable to conversion is four years and begins to run at the time of the conversion;*

*Unjust Enrichment: The statute of limitations applicable to unjust enrichment is four years, and the cause of action accrues when the unjust enrichment occurs;*

*Breach of Fiduciary Duty: The statute of limitations applicable to breach of fiduciary duty is four years, and the cause of action accrues as soon as plaintiffs suffer damages proximately resulting from the breach.*

*Breach of Partnership Duties of Loyalty and Care: The statute of limitations applicable to breach of partnership duties of loyalty and care is four years, and the limitations period begins to run as soon as thee partnership suffered damages proximately resulting from the breach.*

*Fraud: The statute of limitations applicable to fraud is four years, and the limitations period begins to run as soon as plaintiffs either knew or should have known that they were injured by defendant's misrepresentations or omissions.*

*Constructive Fraud: The statute of limitations applicable to constructive fraud claims is four years, and the limitations period begins to run as soon as plaintiffs either knew or should have known that they were harmed by defendant's actions.*

*Civil Theft: The statute of limitations applicable to civil theft is five years and begins to run at the time of the theft.*

*Plaintiff Ira Kleiman filed this case on February 14, 2018. Ira Kleiman alleges the existence of an oral partnership from around 2008 to around February of 2011. Dr. Wright argues that Ira Kleiman's claims on behalf of the estate of Dave Kleiman had to have accrued*

*when the alleged oral partnership was concluded in February of 2011. Therefore, Dr. Wright argues that the statute of limitations for the bulk of Ira Kleiman's claims expired in February of 2015, four years after the partnership ended, and that plaintiffs' civil theft claim expired in February of 2016.*

*W&K was formed in 2011 and was administratively dissolved in 2012, which is when its claims, if any, accrued. Therefore, W&K's civil theft claim expired in 2017, and the remainder of its claims expired in 2016.*

### *Fraudulent Concealment*

*An exception to the statute of limitations is the doctrine of "fraudulent concealment"— where a plaintiff alleges that a defendant engaged in willful concealment of the claim or cause of action using fraudulent means. Such fraudulent actions will delay the beginning of the limitation period until the plaintiff either knows or should know that they suffered damages.*

*To show fraudulent concealment, a plaintiff must show:*

*(1) successful concealment of the cause of action;*

*(2) fraudulent means to achieve that concealment; and*

*(3) that the plaintiff exercised reasonable care and diligence in seeking to discover the facts that form the basis of the claim.*

*Furthermore, fraudulent concealment goes beyond a defendant's mere non-disclosure of a fact, it must constitute active and willful concealment. Plaintiffs bear the burden of establishing by a preponderance of the evidence that fraudulent concealment should be applied.*

*Ira Kleiman and W&K claim that the start date for the statutes of limitations for their claims should be been delayed because Dr. Wright fraudulently concealed their claims. To prevail on these theories, they must show that they acted reasonably and diligently in discovering the existence of their claims, and that Dr. Wright actively and willfully concealed each claim from them by use of fraudulent means.*

*Dr. Wright denies that fraudulent concealment should apply because there is no evidence that he actively and willfully concealed any of plaintiffs' purported claims.*

*Moreover, Dr. Wright argues that even if fraudulent concealment applies, the latest date on which any of plaintiffs' causes of action could possibly have accrued was on October 10, 2013, when plaintiffs received timely notice of the Australian lawsuits against W&K, in*

*which judgment was entered on November 6, 2013. Plaintiffs commenced this case more than*
*four years after that judgment was entered, and all but plaintiffs' claim for civil theft are time-*
*barred as a result.*

_____

Authorities:

Florida Standard Jury Instructions—Contract and Business Cases, Affirmative Defense – Statute Of
Limitations 416.32 (last visited June 5, 2020); Fla. Stat. § 772.17; Fla. Stat. § 95.11(3);
*Davis v. Monahan*, 832 So. 2d 708, 709 (Fla. 2002); *Raie v. Cheminova, Inc.,* 336 F.3d 1278,
1282 n.1 (11th Cir. 2003); *Razor Capital, LLC v. CMAX Fin. LLC*, 2017 WL 3481761, at *4
(S.D. Fla. 2017); *Patten v. Winderman*, 965 So. 2d 1222, 1224 (Fla. 4th DCA 2007) (citing
*Hearndon v. Graham*, 767 So. 2d 1179, 1184 (Fla. 2000)); *Small Bus. Admin. v. Echevarria*, 864
F. Supp. 1254, 1260 (S.D. Fla. 1994).

GIVEN
GIVEN AS MODIFIED                    _____
WITHDRAWN                           _____
GRANTED                             _____
DENIED                              _____

**Affirmative Defense: Statute of Limitations**

**The statute of limitations requires a plaintiff to commence his lawsuit within a certain time period as prescribed by law. The defendant's statute of limitations defense is directed at all of the plaintiffs' claims, except the civil theft claim, which means that the statute of limitations cannot affect the plaintiffs' civil theft claim. The plaintiffs' remaining claims each have a four-year statute of limitations. This lawsuit was filed on February 14, 2018. Accordingly, to prevail on this statute of limitations affirmative defense, the defendant must prove that the plaintiffs' claims (other than civil theft) accrued before February 14, 2014. However, even if the defendant has proved that, his statute of limitations defense would still fail if the delay in filing suit was caused by Wright, as I will instruct you now.**

—————————————————

Authorities:

Fla. Stat. § 95.031; *Allapattah Servs., Inc., v. Exxon Corp.*, No. 91-cv-00986 (S.D. Fla. Feb. 15, 2001), ECF No. [1387]; *see also Allapattah Servs., Inc. v. Exxon Corp.*, 333 F.3d 1248 (11th Cir. 2003*), aff'd sub nom. Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005); *Yoder v. Kuvin*, 785 So. 2d 679, 681 (Fla. 3d DCA 2001); *Goodwin v. Sphatt*, 114 So. 3d 1092, 1094–95 (Fla. 2d DCA 2013).


GIVEN
GIVEN AS MODIFIED                    _____
WITHDRAWN                            _____
GRANTED                              _____
DENIED                               _____

**<u>Fraudulent Concealment of Timing Defenses</u>**

> **<u>You will only consider this exception if you find that defendant has proved his statute of limitations defense. The defendant's statute of limitations defense cannot succeed if he fraudulently concealed his misconduct. This exception to the statute of limitations is called fraudulent concealment.</u>**

> **<u>To prove fraudulent concealment, the Estate of David Kleiman or W&K must show (1) the defendant fraudulently concealed the causes of action from the Estate of David Kleiman and W&K until at least February 14, 2014; and (2) the Estate of David Kleiman or W&K exercised reasonable care and diligence in seeking to discover the facts that form the basis of the claim.</u>**

---

Authorities:

*Razor Capital, LLC v. CMAX Fin. LLC*, No. 17-cv-80388-KAM, 2017 WL 3481761, at *5 (S.D. Fla. Aug. 14, 2017); *Berisford v. Jack Eckerd Corp.*, 667 So. 2d 809, 812 (Fla. 4th DCA 1995).[4]

GIVEN
GIVEN AS MODIFIED  _____
WITHDRAWN  _____
GRANTED  _____
DENIED  _____

---

[4] Plaintiffs also have an equitable estoppel defense to the application of the statute of limitations, which they believe is properly determined by the Court and so have not included in these proposed instructions.

### *Affirmative Defense—Statute of Frauds*[5]

*The Statute of Frauds is a legal rule that requires certain contracts to be written and properly executed in order to prevent perjury and fraud.*

### *Structure of Defense:*

*Under Florida law, any agreement to perform an activity that the parties expected to take longer than one year must be reduced to writing in order to be enforceable, and this document must be signed by the party expected to perform the activity. In this case, Ira Kleiman alleges that Dave Kleiman and Dr. Wright had an oral partnership from 2008 to 2011. There is no written partnership contract, and Dr. Wright alleges that if an oral partnership had existed, claims regarding it would be unenforceable under Florida's Statute of Frauds because the alleged purpose of the partnership and the circumstances of its alleged operation show the parties' understanding that the work was not intended to be performed within one year. Thus, the lack of a written partnership agreement bars claims regarding the alleged partnership, and Ira Kleiman may not recover damages allegedly caused by and resulting from the alleged existence of an oral partnership between Dave Kleiman and Dr. Wright.*

*If you find, by a preponderance of the evidence, that Dave Kleiman and Dr. Wright had an oral partnership, and that at its inception they intended it to last for more than one year, then Ira Kleiman's oral partnership claims are barred by the Statute of Frauds, and you must find for Dr. Wright on this affirmative defense.*

*If, however, you find that the preponderance of the evidence does not support Dr. Wright's Statute of Frauds defense, you must find against him on this defense.*

---

Authorities:

Fla. Stat. § 725.01; *Chernys v. Standard Pac. of S. Fla., G.P. Inc.*, 2010 WL 11504280, at *4 (S.D. Fla. 2010).

GIVEN

---

[5] The Court has granted summary judgment in favor of plaintiffs on several of Dr. Wright's affirmative defenses. *See* D.E. 615. However, in an abundance of caution, Dr. Wright includes jury instructions for those affirmative defenses for appellate purposes.

GIVEN AS MODIFIED       _____

WITHDRAWN       _____

GRANTED       _____

DENIED       _____

### *Affirmative Defense—Laches*

*Laches is a doctrine asserted as a defense, which requires proof of (1) lack of diligence by the plaintiffs in bringing their claims, and (2) prejudice to defendant. Dr. Wright asserts the defense of laches based on the plaintiffs' failure to bring this suit until February 2018, more than four years after Dave Kleiman's death in April 2013, seven years after the alleged oral partnership had ended, and six years after W&K was administratively. Dr. Wright asserts that this delay prejudiced him from presenting a fair defense because evidence has disappeared, been destroyed by plaintiffs, lost, or is no longer accessible, because witnesses have died, disappeared or are no longer available, and because witnesses' memories have faded and are unreliable because of the passage of time. If you find by a preponderance of the evidence that plaintiffs lacked diligence in bringing their claims, which caused prejudice to the defendant, then you must find in favor of the defendant.*

*If, however, you find that the preponderance of the evidence does not support Dr. Wright's laches defense, you must find against him on this defense.*

_____

Authorities:

*Monroe Cty. v. Carter*, 41 So. 3d 954, 957 (Fla. 3d DCA 2010); *Garcia v. Guerra*, 738 So.2d 459 (3d DCA 1999); *Dean v. Dean*, 665 So. 2d 244, 247 (Fla. 3d DCA 1995).

GIVEN                                   _____
GIVEN AS MODIFIED            _____
WITHDRAWN                         _____
GRANTED                             _____
DENIED                                 _____

**<u>Affirmative Defense: Laches</u>**

**<u>Laches is an equitable doctrine that prevents the Estate of David Kleiman and W&K from recovering damages on their claims if they have inexcusably delayed asserting those claims and the delay has caused undue hardship to the defendant. To prevail on his defense of laches, the defendant must separately prove (1) a delay in the plaintiffs' assertion of their claims; (2) that the delay was inexcusable; and (3) that the delay caused the defendant undue prejudice.</u>**

_____

Authorities:

*Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, No. 09-cv-61490 (S.D. Fla. May 13, 2011), ECF No. [215]; *Bowe v. Pub. Storage*, No. 14-cv-21559-UU, 2015 WL 11233137, at *2 (S.D. Fla. June 26, 2015); *Briggs v. Estate of Geelhoed ex rel. Johnson*, 543 So. 2d 332, 334 (Fla. 4th DCA 1989).

GIVEN                                    _____
GIVEN AS MODIFIED              _____
WITHDRAWN                        _____
GRANTED                              _____
DENIED                                 _____

### *Affirmative Defense—Payment*[6]

*Dr. Wright asserts that Ira Kleiman's and W&K's claims are barred, in whole or in part, by the affirmative defense of "payment."*

### Structure of Defense:

*The affirmative defense of "payment" is commonly defined as "delivery and acceptance of money or its equivalent in discharge of an obligation." In this case, Dr. Wright states that Ira Kleiman and W&K received payment in the form of shares in an Australian company called Coin-Exch, as compensation for rights of Dave Kleiman and W&K.*

*If you find Dr. Wright proved by a preponderance of the evidence that Ira Kleiman and W&K received and accepted shares in Coin-Exch as a payment in exchange for their rights, then you must determine whether that payment for those rights was a full or only partial payment, which would be set off against any damages you may find.*

*If, however, you find that the preponderance of the evidence does not support Dr. Wright's defense, then you must find against him for this defense.*

---

Authorities:

*Dirico v. Redland Estates, Inc.*, 154 So. 3d 355, 358 (Fla. 3d DCA 2014) (quoting *Enriquillo Export & Import, Inc. v. M.B.R. Indus., Inc.*, 733 So.2d 1124, 1126 (Fla. 4th DCA 1999)).

GIVEN                                    _____
GIVEN AS MODIFIED                _____
WITHDRAWN                         _____
GRANTED                              _____
DENIED                                 _____

---

[6] The Court has granted summary judgment in favor of plaintiffs on several of Dr. Wright's affirmative defenses. *See* D.E. 615. However, in an abundance of caution, Dr. Wright includes jury instructions for those affirmative defenses for appellate purposes.

## *Affirmative Defense—Set-Off[7]*

***Structure of Defense:***

*Set-off is an equitable doctrine by which a defendant acknowledges the justice of the plaintiffs' demand on the one hand, but on the other sets up a demand of his own to counterbalance it either in whole or in part. Under this doctrine, a defendant may set-off moneys owed to a plaintiff against moneys received by the plaintiff from the defendant, with the result that the offsetting amounts are cancelled and the defendant is obligated to pay plaintiff only the net amount, if any.*

*Dr. Wright states that Ira Kleiman and W&K's claims are barred, in whole or in part, by the doctrine of set-off because Ira Kleiman accepted shares in Coin-Exch.*

*If you find that Dr. Wright has proved this defense by a preponderance of the evidence, then you should determine the value the plaintiffs received from Dr. Wright, and reduce any damages awarded to them by that amount.*

*If, however, you find that the preponderance of the evidence does not support Dr. Wright's defense, then you must find against him for this defense.*

---

Authorities:

*Lowden v. Northwestern Nat'l Bank & Trust Co.,* 298 U.S. 160 (1936); *S.E.C. v. Elliott*, 953 F.2d 1560, 1572 (11th Cir. 1992); *Peacock Hotel, Inc. v. Shipman*, 138 So. 44, 47 (Fla. 1931).


GIVEN                                 _____
GIVEN AS MODIFIED              _____
WITHDRAWN                       _____
GRANTED                           _____
DENIED                             _____

---

[7] The Court has granted summary judgment in favor of plaintiffs on several of Dr. Wright's affirmative defenses. *See* D.E. 615. However, in an abundance of caution, Dr. Wright includes jury instructions for those affirmative defenses for appellate purposes.

## *Affirmative Defense—Good Faith*[8]

*Structure of Defense:*

*Good faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party.*

*Dr. Wright raises the affirmative defense of good faith against Ira Kleiman's and W&K's claims. Dr. Wright asserts that with regard to W&K, he acted in good faith to carry out his--and Dave Kleiman's-- mutual intent to create a company in Australia, Coin-Exch, and for each to have shareholding in that company. Dr. Wright asserts he carried through on that intent through the Australian court proceedings against W&K and by providing shares in Coin-Exch to Louis and Ira Kleiman as the beneficiaries of Dave Kleiman's estate.*

*If you find that Dr. Wright has proved, by a preponderance of the evidence, that he acted in good faith, then you should find for Dr. Wright on this defense, and reduce any damages owed to Ira Kleiman and W&K either partially or wholly.*

*If, however, you find that the preponderance of the evidence does not support Dr. Wright's defense, then you must find against him on this defense.*

---

Authorities:

*Luzinski v. Gosman (In re Gosman)*, 2005 Bankr. LEXIS 3183, at *52 (Bankr. S.D. Fla. 2005).

GIVEN                          _____
GIVEN AS MODIFIED              _____
WITHDRAWN                      _____
GRANTED                        _____
DENIED                         _____

---

[8] The Court has granted summary judgment in favor of plaintiffs on several of Dr. Wright's affirmative defenses. *See* D.E. 615. However, in an abundance of caution, Dr. Wright includes jury instructions for those affirmative defenses for appellate purposes.

## *Affirmative Defense—Failure to Mitigate Damages[9]*

*Dr. Wright raises an affirmative defense in which he claims Ira Kleiman and W&K failed to mitigate any damages they suffered. Plaintiffs had a duty of care to themselves to mitigate their alleged damages. This duty is sometimes said to derive from the doctrine of avoidable consequences, which commonly applies in contract and tort actions, and prevents a party from recovering damages that the injured party could have reasonably avoided. The injured party, however, is only accountable for ameliorative actions that could have been accomplished through "ordinary and reasonable care," without requiring undue effort or expense.*

### Structure of Defense:

*Under Florida Law, if a plaintiff can, through the exercise of reasonable care, prevent or mitigate damages resulting from a defendant's wrongful acts, it is the plaintiff's duty to do so. Thus, a plaintiff cannot recover damages that he or she could reasonably have prevented. Here, Dr. Wright alleges that Ira Kleiman declined opportunities to sell the shares in Coin-Exch that Dr. Wright had given him, which would have mitigated his damages. Dr. Wright claims that because selling the shares to mitigate damages was an ordinary and reasonable act Ira Kleiman could have taken, any damages awarded to Ira Kleiman should be reduced by the amount that was offered for the shares.*

*Dr. Wright also argues that Ira Kleiman and W&K failed to mitigate their damages because Ira Kleiman erased and overwrote many of Dave Kleiman's hard drives and threw away his papers, thereby destroying information that could have given him and W&K access to any bitcoins that Dave Kleiman had.*

*If you find that Dr. Wright has proved, by a preponderance of the evidence, that Ira Kleiman failed to mitigate his damages when he received monetary offers for his shares in Coin-Exch, but failed to capitalize on those opportunities, then you should find for Dr. Wright on this defense, and should reduce any damages owed to Ira Kleiman, as the representative of the estate of Dave Kleiman and W&K accordingly.*

---

[9] The Court has granted summary judgment in favor of plaintiffs on several of Dr. Wright's affirmative defenses. *See* D.E. 615. However, in an abundance of caution, Dr. Wright includes jury instructions for those affirmative defenses for appellate purposes.

*If you find that Dr. Wright has proved, by a preponderance of the evidence, that Ira Kleiman has failed to mitigate his damages by maintaining Dave Kleiman's papers and electronic devices, then you should find for Dr. Wright in this defense, and should reduce any damages owed to Ira Kleiman, as the representative of the estate of Dave Kleiman and W&K accordingly.*

*If, however, you find that the preponderance of the evidence does not support Dr. Wright's defense, then you must find against him on this defense.*

---

Authorities:

*Schwartz v. NMS Indus., Inc*., 575 F.2d 553, 556 (5th Cir. 1978); *Sys. Components Corp. v. Florida Dept. of Transp.*, 14 So. 3d 967, 982 (Fla. 2009); *Maxfly Aviation, Inc. v. Gill*, 605 So.2d 1297, 1300 (Fla. 4th DCA 1992); *Winter v. Am. Auto. Ass'n*, 149 So. 2d 386, 387 (Fla. 3d DCA 1963); *Air Caledonie Intern. v. AAR Parts Trading, Inc.*, 315 F. Supp. 2d 1319, 1337 (S.D. Fla. 2004).

GIVEN                                         _____
GIVEN AS MODIFIED              _____
WITHDRAWN                           _____
GRANTED                                 _____
DENIED                                      _____

90

### *Affirmative Defense—Unclean Hands[10]*

*Dr. Wright raises the affirmative defense of "unclean hands" against Ira Kleiman and W&K. "Unclean hands" is a defense that limits a plaintiff's ability to recover on a claim when he has defrauded and harmed a defendant with respect to the matter in litigation, however improper may have been the behavior of the defendant.*

*Structure of Defense:*

*For a defendant to successfully avail himself of the doctrine of unclean hands, he must demonstrate:*

*(1) that the plaintiff's wrongdoing is directly related to the claim against which it is asserted; and*

*(2) that the defendant was damaged by the plaintiff's conduct.*

*Dr. Wright states that, by discarding and destroying Dave Kleiman's belongings, including in erasing and overwriting Dave Kleiman's electronic devices, Ira Kleiman has unclean hands. Dr. Wright states that he has been harmed by the destruction and disposal of digital information and devices that that could have contained key evidence about the matters alleged by the plaintiffs in this litigation. Further, Dr. Wright states that Ira Kleiman may have disposed of the private keys to any of Dave Kleiman's bitcoins on those electronic devices, which would have ended the dispute that is at issue in this litigation. Thus, Ira Kleiman brought this suit with "unclean hands."*

*Moreover, Ira Kleiman failed to sell shares in Coin-Exch and misrepresented to the probate court that the estate had not received any assets, even though he had received shares in Coin-Exch. He also failed to disclose to the probate court that his claims that Dave Kleiman owned bitcoins and Bitcoin-related intellectual property, individually and through W&K.*

*Finally, Ira Kleiman made a number of misrepresentations to the Internal Revenue Service, including that the estate had no assets despite having received shares in Coin-Exch, and despite his claims that Dave Kleiman owned bitcoins and Bitcoin-related intellectual property, individually and through W&K.*

---

[10] The Court has granted summary judgment in favor of plaintiffs on several of Dr. Wright's affirmative defenses. *See* D.E. 615. However, in an abundance of caution, Dr. Wright includes jury instructions for those affirmative defenses for appellate purposes.

*If you find that Dr. Wright has proved, by a preponderance of the evidence, that Ira Kleiman's actions meet the requirements for an affirmative defense of "unclean hands," then you should find for Dr. Wright in this defense, and reduce any damages owed to Ira Kleiman and W&K either partially or wholly.*

*If, however, you find that the preponderance of the evidence does not support Dr. Wright's defense, then you must find against him on this defense.*

_____

Authorities:

*Calloway v. Partners Nat. Health Plans*, 986 F.2d 446, 450-51 (11th Cir. 1993); *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945); *Cong. Park Office Condos II, LLC v. First-Citizens Bank & Tr. Co.*, 105 So. 3d 602, 609–10 (Fla. 4th DCA 2013); *Dawes-Ordonez v. Forman*, 2009 WL 3273898, at *2 (S.D. Fla. Oct. 9, 2009) (citing *Calloway v. Partners Nat'l Health Plans*, 986 F.2d 446, 450–51 (11th Cir. 1993)).

GIVEN                              _____
GIVEN AS MODIFIED       _____
WITHDRAWN                   _____
GRANTED                        _____
DENIED                           _____

**<u>Damages – Plaintiff</u>**

**<u>If you find for the plaintiffs on any of their claims, you must consider the matter of damages. Generally, you should award an amount of money that will fairly and adequately compensate the Estate of David Kleiman and W&K for their damages. You should consider the following types of damages, some of which are only sought for certain claims as identified in the verdict form you will receive:</u>**

1) **<u>Compensatory damages;</u>**

2) **<u>Statutory damages; and</u>**

3) **<u>Punitive damages.</u>**

_____

Authorities:

Court's Instructions to the Jury, *Balthazar Mgmt., LLC v. Beale Street Blues Co.*, No. 9:17-cv-81214-BB (S.D. Fla. Dec. 4, 2018), ECF No. [328], at 31; Jury Instructions, *Kozyrev v. Ponomarenko*, No. 0:19-cv-60497-BB (S.D. Fla. Mar. 6, 2020), ECF No. [141], at 13.

GIVEN                          _____
GIVEN AS MODIFIED              _____
WITHDRAWN                      _____
GRANTED                        _____
DENIED                         _____

## **Compensatory Damages**

**Compensatory damages are the amount of money that you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for all of the Estate of David Kleiman's damages and W&K's damages caused by the defendant.**

_____

Authorities:

Court's Instructions to the Jury, *Balthazar Mgmt., LLC v. Beale Street Blues Co.*, No. 9:17-cv-81214-BB (S.D. Fla. Dec. 4, 2018), ECF No. [328], at 31; Jury Instructions, *Kozyrev v. Ponomarenko*, No. 0:19-cv-60497-BB (S.D. Fla. Mar. 6, 2020), ECF No. [141], at 12.

GIVEN                                    _____
GIVEN AS MODIFIED              _____
WITHDRAWN                        _____
GRANTED                            _____
DENIED                              _____

### Damages for the Estate's Interest in Partnership

**If you find that David Kleiman and the defendant, Craig Wright, were in a partnership, you will be asked to find the value of the assets of the partnership that correspond to David Kleiman's partnership interest, which would now belong to his Estate. As I explained earlier, absent a contrary agreement, the assets of a partnership are to be divided equally among partners. Because the assets of the partnership were never distributed to David Kleiman or his Estate at the time of his death, the damages you should award should be based on today's value of the bitcoin, forked assets, and intellectual property you find was part of the partnership.**

**First, you will be asked to determine the quantity of bitcoin owned by the partnership. You will then be asked to decide the current value of that bitcoin, and award the Estate 50% of that value unless you find that there was a different specific split agreed to by David Kleiman and Craig Wright, in which case you should adjust the portion you award to the Estate of David Kleiman to reflect the specific split you have decided.**

**Second, you will be asked to determine the quantity of the forked assets owned by the partnership. You will then be asked to determine the current value of those forked assets, and award the Estate 50% of that value unless you find that there was a different specific split agreed to by David Kleiman and Craig Wright, in which case you should adjust the portion you award to the Estate of David Kleiman to reflect the specific split you have decided.**

**Third, you will be asked to determine the intellectual property owned by the partnership. You will then be asked to determine the current value of the intellectual property, and award the Estate 50% of that value unless you find that there was a different specific split agreed to by David Kleiman and Craig Wright, in which case you should adjust the portion you award to the Estate of David Kleiman to reflect the specific split you have decided.**

**Because the assets of the partnership were never distributed to David Kleiman or his Estate at the time of his death, the defendant is considered to have acted as a trustee for the Estate of David Kleiman and was required to administer the portion of the partnership assets belonging to the deceased partner solely in the interests of the deceased partner's estate, and not the interests of the defendant. The defendant had to have administered the partnership**

**assets belonging to the Estate of David Kleiman as a prudent person would in light of the circumstances, exercising reasonable care, skill, and caution. Accordingly, it is your job to determine if an additional amount of damages to the Estate is warranted based on the defendant's failure to properly manage the assets of the partnership following David Kleiman's death in breach of his duties.**

_____

Authorities:

*Stephens v. Orman*, 10 Fla. 9 (1862); *Hilgendorf v. Denson*, 341 So. 2d 549, 551 (Fla. 1st DCA 1977) (same); *Biers v. Sammons*, 242 So. 2d 158, 161 (Fla. 3d DCA 1970); *Wiese v. Wiese*, 107 So. 2d 208 (Fla. 2d DCA 1958); 24 Fla. Jur. P'ship § 175; 40 Am. Jur. P'ship § 368; 55 A.L.R.2d § 3, p. 1400); *Matter of Estate of Moore*, 918 N.W.2d 69, 74 (N.D. 2018).

| | |
|---|---|
| GIVEN | _____ |
| GIVEN AS MODIFIED | _____ |
| WITHDRAWN | _____ |
| GRANTED | _____ |
| DENIED | _____ |

**Plaintiffs reserve the right to ask for an award of the bitcoin and forked assets to the Estate of David Kleiman and W&K. It is appropriate for the Estate to receive the bitcoin and forked assets as a remedy given that cryptocurrencies are commodities under the Commodities Futures Trading Act. See Commodity Futures Trading Comm'n v. My Big Coin Pay, Inc., 334 F. Supp. 3d 492, 498 (D. Mass. 2018) (holding that a cryptocurrency was sufficiently alleged to be a commodity under the Commodities Futures Trading Act). One expert has observed that, "[g]iven that decision, the return of the bitcoin or any other cryptocurrency itself will likely be favored instead of a contested and expensive battle over when and how a digital asset should be valued." Steven Harras, In Absence of Guidance, Judges Decide Handling of Bitcoin in Bankruptcy, CQ Roll Call, 2020 WL 414618 (Jan. 27, 2020).**

## **Conversion Damages**

**If you find for the Estate of David Kleiman or W&K on conversion, you will determine the quantity of assets converted and the value of those assets. Plaintiffs are entitled to the highest value of the assets between the time of conversion and the date of your verdict.**

_____

Authorities:

*Moody v. Caulk*, 14 Fla. 50, 52–53 (1872); *Haddad v. Cura*, 674 So. 2d 168, 169 (Fla. 3d DCA 1996); 2 Florida Forms of Jury Instruction § 61.35 cmt. (2020); *see also Wright v. Skinner*, 16 So. 335 (Fla. 1916); *Skinner v. Pinney*, 19 Fla. 42, 51 (1882); *Foley v. Dick*, 436 So. 2d 139, 141 (Fla. 2d DCA 1983).

GIVEN
GIVEN AS MODIFIED                    _____
WITHDRAWN                            _____
GRANTED                              _____
DENIED                               _____

**<u>Civil Theft Damages</u>**

**<u>If you find for the Estate of David Kleiman or W&K on civil theft, you should award the Estate of David Kleiman or W&K an amount of money, if any, that the clear and convincing evidence shows are the actual damages sustained by the Estate of David Kleiman or W&K.</u>**


_____

Authorities:

Florida Pattern Civil Jury Instruction 411.7.

GIVEN                                        _____
GIVEN AS MODIFIED              _____
WITHDRAWN                           _____
GRANTED                                 _____
DENIED                                    _____


**<u>It is Plaintiffs' position that the statutory trebling of these damages should be done by the Court and be reflected in the Final Judgment entered in accordance with the jury's verdict.</u>**

**<u>Unjust Enrichment Damages</u>**

**<u>If you find for the Estate of David Kleiman or W&K on their claims for unjust enrichment, then they are entitled to an amount of money equal to the value of the benefit provided to the defendant attributable to his wrongdoing. The plaintiffs are entitled to the full benefit conveyed on the defendant even if that amount exceeds the damages the plaintiffs have sustained.</u>**

_____

Authorities:

*Tooltrend, Inc. v. CMT Utensili, SRL*, 198 F.3d 802, 807 n.5 (11th Cir. 1999) (for unjust enrichment, the expectation of compensation is "measured in terms of the benefit to the owner, not the cost to the provider"); *Bailey v. St. Louis*, 268 So. 3d 197, 202 (Fla. Dist. Ct. App. 2018) ("the measure of damages for disgorgement is not the profits the appellants might have made absent the wrongdoing—the measure of damages for conscious wrongdoing is the appellees' 'net profit attributable to the underlying wrong.'" (quoting Restatement (Third) of Restitution and Unjust Enrichment § 51 (2011))), *review denied*, No. SC19-698, 2019 WL 7169115 (Fla. Dec. 23, 2019); *Kane v. Stewart Tilghman Fox & Bianchi, P.A.*, 85 So. 3d 1112, 1115 (Fla. 4th DCA 2012); *Levine v. Fieni McFarlane, Inc.*, 690 So. 2d 712, 713 (Fla. 4th DCA 1997) ("[I]t was the benefit to the owner, not the cost to the improver, which would be the basis for an award in an unjust enrichment case."); Restatement (Third) of Restitution & Unjust Enrichment § 3 cmt. c. (2011) ("When the defendant has acted in conscious disregard of the claimant's rights, the whole of the resulting gain is treated as unjust enrichment, even though the defendant's gain may exceed both (i) the measurable injury to the claimant, and (ii) the reasonable value of a license authorizing the defendant's conduct.").

GIVEN                          _____
GIVEN AS MODIFIED              _____
WITHDRAWN                      _____
GRANTED                        _____
DENIED                         _____

**Punitive Damages**

**If you find for the Estate of David Kleiman or W&K on their conversion, fraud, and/or constructive fraud claims, you must decide whether to award punitive damages as well. Punitive damages are warranted against the defendant if you find by clear and convincing evidence that he was guilty of intentional misconduct or gross negligence, which was a substantial cause of damage to the Estate of David Kleiman or W&K. Under those circumstances you may, in your discretion, award punitive damages against the defendant. If clear and convincing evidence does not show such conduct by the defendant, punitive damages are not warranted against him.**

**"Intentional misconduct" means that the defendant had actual knowledge of the wrongfulness of the conduct and that there was a high probability of injury or damage to the Estate of David Kleiman or W&K and, despite that knowledge, the defendant intentionally pursued that course of conduct, resulting in injury or damage. "Gross negligence" means that the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.**

**If you decide that punitive damages are warranted against the defendant, then you must decide the amount of punitive damages, if any, to be assessed as punishment against the defendant and as a deterrent to others. This amount would be in addition to any compensatory damages you award to the plaintiffs. In making this determination, you should consider the following:**

1) **The nature, extent, and degree of misconduct and the related circumstances, including the following:**

   a. **Whether the wrongful conduct was motivated solely by unreasonable financial gain;**

   b. **Whether the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, was actually known by the defendant;**

   c. **Whether, at the time of damage, the defendant had a specific intent to harm a plaintiff and the conduct of the defendant did in fact harm a plaintiff;**

2) **The financial resources of the defendant.**

**You may, in your discretion, decline to assess punitive damages.**

_____

Authorities:

Florida Pattern Civil Jury Instruction 503.2; Joint Proposed Jury Instructions, *Hall v. Sargeant*, No. 18-cv-80748-RKA (S.D. Fla. Mar. 13, 2020), ECF No. [407], at 73–74.

GIVEN                                   _____
GIVEN AS MODIFIED          _____
WITHDRAWN                      _____
GRANTED                            _____
DENIED                               _____

### Jury Instruction No. 39: Closing Instruction

*Ladies and gentlemen, on behalf of the parties, lawyers and the people of the Southern District of Florida, I wish to thank you for your time and consideration of this case.*

*I also wish to advise you of some very special privileges enjoyed by jurors.*

*No juror can be required to talk about the discussions that occurred in the jury room, except by court order. For many centuries, our society has relied upon juries for consideration of difficult cases. We have recognized for hundreds of years that a jury's deliberations, discussions and votes should remain their private affair as long as they wish it. Therefore, the law gives you a unique privilege not to speak about the jury's work.*

*The lawyers and their representatives are not permitted to initiate any communication with you about the trial.  You also have the right to refuse to speak with anyone. A request may come from those who are simply curious, such as reporters or news agencies, and requests from internet blogs, chatrooms, electronic devices, social-media websites, or by any other means, or from those who might seek to find fault with you. It will be up to you to decide whether to preserve your privacy as a juror.*

*[In discharging the jury, the court should advise them of their further responsibilities, if any.]*

_____

Authorities:

Florida Standard Jury Instructions in Civil Cases, Instruction Upon Discharge of Jury 801.4, August 29, 2019.

GIVEN                            _____
GIVEN AS MODIFIED               _____
WITHDRAWN                       _____
GRANTED                         _____
DENIED                          _____

| | |
|---|---|
| *Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC* | *Attorneys for Dr. Craig Wright* |
| | RIVERO MESTRE LLP |
| By: */s/ Andrew S. Brenner* | 2525 Ponce de Leon Boulevard |
| Andrew S. Brenner, Esq. | Suite 1000 |
| Florida Bar No. 978663 | Miami, Florida 33134 |
| BOIES SCHILLER FLEXNER LLP | Telephone: (305) 445-2500 |
| 100 SE 2nd Street, Suite 2800 | Fax: (305) 445-2505 |
| Miami, Florida 33131 | Email: amcgovern@riveromestre.com |
| abrenner@bsfllp.com | Email: arivero@rivermestre.com |
| | Email: zkass@riveromestre.com |
| Velvel (Devin) Freedman, Esq. | Email: zmarkoe@riveromestre.com |
| ROCHE CYRULNIK FREEDMAN LLP | Email: receptionist@riveromestre.com |
| 200 S. Biscayne Blvd. | |
| Suite 5500 Miami, Florida 33131 | By: /s/ Amanda McGovern |
| vel@rcfllp.com | AMANDA MCGOVERN |
| nbermond@rcfllp.com | Florida Bar No. 964263 |
| | ANDRES RIVERO |
| Kyle W. Roche, Esq. | Florida Bar No. 613819 |
| Joseph M. Delich | SCHNEUR KASS |
| ROCHE CYRULNIK FREEDMAN LLP | Florida Bar No. 100554 |
| 99 Park Avenue, 19th Floor | ZAHARAH MARKOE |
| New York, New York 10016 | Florida Bar No. 504734 |
| kyle@rcfllp.com | |
| jdelich@rcfllp.com | |

## CERTIFICATE OF SERVICE

I certify that on September 29, 2020, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

 /s/ *Amanda McGovern*
AMANDA MCGOVERN

103