## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>  Plaintiffs,<br><br>v.<br><br>CRAIG WRIGHT,<br><br>  Defendant. | CASE NO.: 9:18-cv-80176-BB/BR |

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPLEMENT THE COURT'S CIVIL JUROR QUESTIONNAIRE

Plaintiffs Ira Kleiman, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC ("Plaintiffs"), hereby file this Memorandum in Opposition to Defendant's Motion to Supplement the Court's Civil Juror Questionnaire.

This is not the first civil case this Court has tried nor does it present any exceptional issue that requires the Court to undo its usual procedure for selecting juries. Specifically, Defendant offers no reason to deviate from the Court's bifurcated process whereby certain general information is elicited from jurors by way of a written questionnaire, and additional case-related information is elicited through oral voir dire. Indeed, this Court specifically allows the parties to submit case-specific questions for that oral voir dire process. *See* ECF Nos. [626] at 1, [476] at 2. Defendant should avail himself of that opportunity (as Plaintiffs intend to do).

Defendant has identified no case in which a district court was held to have erred by refusing to incorporate a question into a written questionnaire rather than making it part of the oral voir dire process, and Plaintiffs have found no such case. *Cf. United States v. Kemp*, 500 F.3d 257, 302 (3d Cir. 2007) (recognizing a preference in some circumstances for individualized oral questioning

over written questionnaires). "In federal court, wide discretion is vested in the trial judge as to the method of examination of jurors." Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, 1 Fed. Jury Prac. & Instruc. § 4:7 (6th ed. 2020). The discretion accorded to district courts to guide voir dire includes the discretion to decline to use a written jury questionnaire altogether. *See United States v. Quinones*, 511 F.3d 289, 300 n.8 (2d Cir. 2007) (declining to "hold that district judges are ever obligated to make use of" written jury questionnaires "in selecting juries"); *United States v. Koowaa*, 188 F.3d 504 (4th Cir. 1999) (unpublished table decision) (affirming a district court's denial of request to submit written questionnaire to the jury panel); *United States v. Salameh*, 152 F.3d 88, 121 (2d Cir. 1998) (same); *United States v. Bakker*, 925 F.2d 728, 733 (4th Cir. 1991) (same); *NAACP v. Fla. Dep't of Corr.*, No. 5:00-CV-100-OC-10GRJ, 2002 WL 34708022, at *2 (M.D. Fla. Aug. 30, 2002) (denying a motion for a written jury questionnaire or leave for counsel to participate in voir dire but encouraging counsel "to submit in writing before trial any suggested voir dire examination counsel may wish to have the Court pursue" and stating that counsel would have an opportunity during the court's voir dire to suggest supplemental questions); *accord. United States v. Snipes*, No. 5:06-CR-22-OC-10GRJ, 2007 WL 5041892, at *2 (M.D. Fla. Dec. 24, 2007).

The wisdom of the Court's bifurcated approach is perhaps best illustrated by Defendant's request that the subject of autism be added to the Court's written questionnaire. As the Court is aware, Plaintiffs have expressed concern that Defendant will try to use his alleged autism diagnosis as a "get of jail free card" to wipe away the mountain of falsehoods he has told in this case and in the documents underlying the parties' dispute. This Court recognized this potential misuse of Defendant's alleged autism, ruling that Defendant's autism expert, Dr. Ami Klin, may not opine

on whether "Defendant is sincere, truthful, respectful, a willing participant in the litigation process, or otherwise capable of manipulating others." ECF No. [622] at 23.

Even assuming that Defendant's autism diagnosis is legitimate (something Plaintiffs do not concede), the import of the diagnosis is hotly contested. It would be inappropriate for the Court to highlight this issue in a written questionnaire that is otherwise generic and neutral, as doing so will connote to the jury that the Court considers the autism issue to be significant enough that it must be highlighted as the only case-related question (or one of two if Defendant's other question requested in this motion is granted) that the Court chose to include in its questionnaire. This would effectively put the Court's thumb on the scale in Defendant's favor, tell jurors they should give weight to Dr. Wright's autism claims, and prejudice the Plaintiffs. *See United States v. Flores-Elias*, 650 F.2d 1149, 1151 (9th Cir. 1981) (affirming limited questioning on a topic because more extended questioning "may have only fanned the embers of incipient prejudice by arousing curiosity").

Relatedly, Defendant asks for a question about whether the prospective jurors have heard of Satoshi Nakamoto or Dr. Wright under the guise that he is only seeking to discover whether jurors have heard of the case. Notably, the proposed question fails to ask whether juries have heard of David Kleiman, Dr. Wright's self-professed partner in the Satoshi Nakamoto partnership. And the purposeful association of "Dr. Wright" with "Satoshi Nakamoto" while leaving out "David Kleiman," when one of the major issues at trial is whether Dr. Wright and David Kleiman formed the Satoshi Nakamoto partnership, is clearly intended to influence the jury's associations. *See Marson v. United States*, 203 F.2d 904, 909 (6th Cir. 1953) (identifying prejudicial error in court during voir dire asking about knowledge of a defendant with respect to criminal activities for which

the defendant had not been convicted). Defendant's proposed questionnaire addition will again, stand out, in the context of a series of generic, neutral questions.

In any event, this question is likewise not needed in the written questionnaire. The jurors will hear a brief description of the case from the Court that will likely reflect the proposals included in the parties' pretrial statement. ECF No. [617] at 1-5. Once the potential jurors hear that description, they will likely be asked what, if anything, they have heard about the case. *See also* ECF No. [476] at 1 (directing submission of a list of witnesses "to help the prospective jurors determine whether they recognize a potential witness").

In short, potential jurors' knowledge of the case will and should be covered during the Court's oral voir dire process, and there is no need to ask some, but not all, case-related questions in the written juror questionnaire – especially when those case-related questions are so patently attempts to influence the jury prior to trial.

Dated: January 27, 2021

Respectfully submitted,

*/s/ Andrew. S. Brenner.*
Andrew S. Brenner, Esq.
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

Velvel (Devin) Freedman, Esq.
**ROCHE CYRULNIK FREEDMAN LLP**
200 S. Biscayne Blvd.
Suite 5500 Miami, Florida 33131
vel@rcfllp.com
nbermond@rcfllp.com

Kyle W. Roche, Esq.
Joseph M. Delich
**ROCHE CYRULNIK FREEDMAN LLP**
99 Park Avenue, 19th Floor
New York, New York 10016
kyle@rcfllp.com
jdelich@rcfllp.com

*Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 27, 2021, a true and correct copy of the foregoing was filed with CM/ECF, which caused a copy to be served on all counsel of record.

*/s/ Andrew S. Brenner*
ANDREW S. BRENNER