UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

    plaintiffs,

v.                                                      Case No. 9:18-cv-80176 (BB/BR)

CRAIG WRIGHT,

    defendant.
_____/

### DR. CRAIG WRIGHT'S REPLY IN SUPPORT OF HIS MOTION TO SUPPLEMENT THE COURT'S CIVIL JUROR QUESTIONNAIRE

Dr. Wright's motion addresses overarching, fundamental issues of juror privacy, unease and discomfort for the citizens who will comprise the venire, with regard to sensitive issues that will be important at trial. These concerns, and the corollary duty to protect the jurors must be shouldered by all parties.

*First,* plaintiffs contend that inclusion of the autism question in the Court's civil juror questionnaire will somehow "put the Court's thumb on the scale in Defendant's favor." ECF No. [634] at 3. There is no basis for this assertion, which wholly fails to address the cardinal issue here: protecting jurors from exposing inherently private and sensitive information in a public forum. Allowing jurors to answer this question privately will encourage honest answers without fear or anxiety of disclosing confidential information to a large group of strangers. Further, a written question on this subject will more effectively root out potential juror bias, whether conscious or unconscious, by identifying perceptions regarding people with autism.

1

*Second*, plaintiffs argue that the media question fails to include a reference to Dave Kleiman. Dr. Wright has no objection to this addition and agrees to amend the proposed question as follows: "If you have seen, heard, or read anything about Dr. Craig Wright, Dave Kleiman, Satoshi Nakamoto, or this case, please indicate: (a) what you saw, read or heard; (b) where you saw, read or heard it; and (c) when you saw, read or heard it."[1] The Court is aware that this case has drawn extensive media attention. Asking this question in open court, therefore, would raise a serious risk of one person's answer tainting the entire venire. That risk can be obviated by allowing the question to be posed and answered in the Court's civil juror questionnaire. Asking the question in written form will allow any oral follow up to be targeted and avoid tainting the jury pool.

For the foregoing good and sufficient reasons, Dr. Wright respectfully requests that the Court grant his motion to supplement the Court's civil juror questionnaire.

        Respectfully submitted,

        RIVERO MESTRE LLP
        *Attorneys for Dr. Craig Wright*
        2525 Ponce de Leon Boulevard, Suite 1000
        Miami, Florida 33134
        Telephone: (305) 445-2500
        Fax: (305) 445-2505
        Email: arivero@riveromestre.com
        Email: amcgovern@riveromestre.com
        Email: arolnick@riveromestre.com
        Email: zmarkoe@riveromestre.com
        Email: ndagley@riveromestre.com
        Secondary: receptionist@riveromestre.com

        By: s/ Andres Rivero
        ANDRES RIVERO
        Florida Bar No. 613819
        AMANDA MCGOVERN
        Florida Bar No. 964263
        ALAN H. ROLNICK
        Florida Bar No. 715085
        NEHA S. DAGLEY
        Florida Bar No. 831751

---

[1] A proposed, revised questionnaire is attached as Exhibit "A."

## CERTIFICATE OF SERVICE

      I certify that on February 1, 2021, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

                                              /s/ Andres Rivero  
                                              ANDRES RIVERO