UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-80176

IRA KLEIMAN, as personal
representative of the estate of
David Kleiman, and W&K INFO
DEFENSE RESEARCH LLC,

    Plaintiffs,

v.

CRAIG WRIGHT,

Defendant.
_____/

**DR. CRAIG WRIGHT'S PROPOSED VERDICT FORM[1]**

---

[1] Dr. Craig Wright reserves his appellate rights with regard to the affirmative defenses dismissed by this Court's Order on Summary Judgment [D.E. 615] and reserves his right to revise the verdict form should the Court determine that any instructions on those affirmative defenses are appropriate during trial.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 18-cv-80176**

IRA KLEIMAN, as personal
representative of the estate of
David Kleiman, and W&K INFO
DEFENSE RESEARCH LLC,

     Plaintiffs,

v.

CRAIG WRIGHT,

Defendant.
_____/

**VERDICT FORM**

We, the jury, return the following verdict in this matter:

**BREACH OF PARTNERSHIP**
**(Asserted by the Estate of Dave Kleiman)**

**Question 1:**
Do you find by a preponderance of the evidence that Dave Kleiman and Dr. Craig Wright had an oral partnership to mine bitcoins and develop Bitcoin-related technology?

      Please circle "Yes" or "No"

*If you answered "No" to Question 1, please skip to Question 4.*

*If you answered "Yes" to Question 1, please continue to Question 2.*

**Question 2:**
Do you find by a preponderance of the evidence that Craig Wright breached the oral partnership, and that the breach proximately caused damages to the Estate of Dave Kleiman?

      Please circle "Yes" or "No"

1

*If you answered "No" to Question 2, please skip to Question 4.*
*If you answered "Yes" to Question 2, please continue to Question 3.*

**Question 3:**
What amount of damages do you find by a preponderance of the evidence that Craig Wright's breach proximately caused the Estate of Dave Kleiman?

        Bitcoins        $_____

        Intellectual Property   $_____

## BREACH OF FIDUCIARY DUTIES
### (Asserted by W&K)

**Question 4:**
Do you find by a preponderance of the evidence that Craig Wright owed a fiduciary duty to W&K?

        Please circle "Yes" or "No"

*If you answered "No" to Question 4, please skip to Question 7.*

*If you answered "Yes" to Question 4, please continue to Question 5.*

**Question 5:**
Do you find by a preponderance of the evidence that Craig Wright breached a fiduciary duty to W&K, and that the breach was the proximate cause of damages sustained by W&K?

        Please circle "Yes" or "No"

*If you answered "No" to Question 5, please skip to Question 7.*

*If you answered "Yes" to Question 5, please continue to Question 6.*

**Question 6:**
What amount of damages do you find by a preponderance of the evidence that Craig Wright's breach proximately caused W&K?

$_____

Source(s): Please circle; if you circle Other, please specify basis:

    a) Bitcoins

    b) Bitcoin-related intellectual property

    c) Other _____

## CONVERSION
### (Asserted by the Estate and W&K)

**Question 7:**
Do you find by a preponderance of the evidence that Craig Wright wrongfully asserted ownership of bitcoins that belonged to the Estate of Dave Kleiman and that this assertion of ownership was inconsistent with the Estate's ownership?

       Please circle "Yes" or "No"

*If you answered "No" to Question 7, please skip to Question 9.*

*If you answered "Yes" to Question 7, please continue to Question 8.*

**Question 8:**
What amount of damages, if any, do you find by a preponderance of the evidence that Craig Wright's conversion of bitcoins proximately caused the Estate?

$_____

**Question 9:**
Do you find by a preponderance of the evidence that Craig Wright wrongfully asserted ownership of bitcoins that belonged to W&K and that this assertion of ownership was inconsistent with W&K's ownership?

       Please circle "Yes" or "No"

*If you answered "No" to Question 9, please skip to Question 11.*

*If you answered "Yes" to Question 9, please continue to Question 10.*

**Question 10:**
What amount of damages, if any, do you find by a preponderance of the evidence that Craig Wright's conversion of bitcoins proximately caused W&K?

$_____

**Question 11:**
Do you find by a preponderance of the evidence that Craig Wright wrongfully asserted ownership of intellectual property that belonged to the Estate of Dave Kleiman and that this assertion of ownership was inconsistent with the Estate's ownership?

    Please circle "Yes" or "No"

*If you answered "No" to Question 11, please skip to Question 13.*

*If you answered "Yes" to Question 11, please continue to Question 12.*

**Question 12:**
What amount of damages, if any, do you find by a preponderance of the evidence that Craig Wright's conversion of intellectual property proximately caused the Estate?

                $_____

**Question 13:**
Do you find by a preponderance of the evidence that Craig Wright wrongfully asserted ownership of intellectual property that belonged to W&K and that this assertion of ownership was inconsistent with W&K's ownership?

    Please circle "Yes" or "No"

*If you answered "No" to Question 7, 9, 11, and 13, please skip to Question 23.*

*If you answered "Yes" to Question 13, please continue to Question 14.*

**Question 14:**
What amount of damages, if any, do you find by a preponderance of the evidence that Craig Wright's conversion of intellectual property proximately caused W&K?

                $_____

# CIVIL THEFT
### (Asserted by the Estate and W&K)

**Question 15:**
Do you find by clear and convincing evidence that Craig Wright knowingly obtained or used, or attempted to obtain or use bitcoins that belonged to the Estate of Dave Kleiman, with criminal intent to temporarily or permanently deprive the Estate of those bitcoins?

> Please circle "Yes" or "No"

*If you answered "No" to Question 15, please skip to Question 17.*

*If you answered "Yes" to Question 15, please continue to Question 16.*

**Question 16:**
What amount of damages, if any, do you find by clear and convincing evidence that Craig Wright's theft of bitcoins proximately caused the Estate?

$ _____

**Question 17:**
Do you find by clear and convincing evidence that Craig Wright knowingly obtained or used, or attempted to obtain or use bitcoins that belonged to W&K, with criminal intent to temporarily or permanently deprive W&K of those bitcoins?

> Please circle "Yes" or "No"

*If you answered "No" to Question 17, please skip to Question 19.*

*If you answered "Yes" to Question 17, please continue to Question 18.*

**Question 18:**
What amount of damages, if any, do you find by clear and convincing evidence that Craig Wright's theft of bitcoins proximately caused W&K?

$_____

**Question 19:**
Do you find by clear and convincing evidence that Craig Wright knowingly obtained or used, or attempted to obtain or use intellectual property that belonged to the Estate of Dave Kleiman, with criminal intent to temporarily or permanently deprive the Estate of that intellectual property?

       Please circle "Yes" or "No"

*If you answered "No" to Question 19, please skip to Question 21.*

*If you answered "Yes" to Question 19, please continue to Question 20.*

**Question 20:**
What amount of damages, if any, do you find by clear and convincing evidence that Craig Wright's theft of intellectual property proximately caused the Estate?

       $_____

**Question 21:**
Do you find by clear and convincing evidence that Craig Wright knowingly obtained or used, or attempted to obtain or use intellectual property that belonged to W&K, with criminal intent to temporarily or permanently deprive W&K of that intellectual property?

       Please circle "Yes" or "No"

*If you answered "No" to Question 21, please skip to Question 23.*

*If you answered "Yes" to Question 21, please continue to Question 22.*

**Question 22:**
What amount of damages, if any, do you find by clear and convincing evidence that Craig Wright's theft of intellectual property proximately caused W&K?

       $_____

## CONSTRUCTIVE FRAUD
### (Asserted by the Estate and W&K)

**Question 23:**
Do you find by a preponderance of the evidence that a relationship of trust and confidence, as opposed to an arms-length relationship, existed between Craig Wright and the Estate of Dave Kleiman, that the Estate exercised reasonable diligence for its self-protection, that Craig Wright intentionally took unlawful advantage of that position of trust and confidence to benefit himself, and that Craig Wright's constructive fraud proximately caused damages to the Estate?

      Please circle "Yes" or "No"

*If you answered "No" to Question 23 and "No" to Question 4, please skip to Question 27.*

*If you answer "No" to Question 23 but "Yes" to Question 4, please skip to Question 25.*

*If you answered "Yes" to Question 23, please continue to Question 24.*

**Question 24:**
What amount of damages, if any, do you find by a preponderance of the evidence that Craig Wright's constructive fraud proximately caused to the Estate?

      Bitcoin              $_____

      Intellectual Property  $_____

**Question 25:**
Do you find by a preponderance of the evidence that a relationship of trust and confidence, as opposed to an arms-length relationship, existed between Craig Wright and W&K, that W&K exercised reasonable diligence for its self-protection, that Craig Wright intentionally took unlawful advantage of that position of trust to benefit himself, and that Craig Wright's constructive fraud proximately caused damages to W&K?

      Please circle "Yes" or "No"

*If you answered "No" to Questions 25, please skip to Question 27.*

*If you answered "Yes" to Question 25, please continue to Question 26.*

**Question 26:**
What amount of damages, if any, do you find by a preponderance of the evidence that Craig Wright's constructive fraud proximately caused to W&K?

    Bitcoin                 $_____

    Intellectual Property  $_____

# FRAUD
### (Asserted by the Estate and W&K)

**Question 27:**
Do you find by a preponderance of the evidence that Craig Wright knowingly made a false statement or representation concerning a material fact to the Estate of Dave Kleiman, with the intent to induce the Estate to rely on it, that the Estate did reasonably rely on it to its detriment, and that the false statement or representation proximately caused damages to the Estate?

    Please circle "Yes" or "No"

*If you answered "No" to Question 27, please skip to Question 29.*

*If you answered "Yes" to Question 27, please continue to Question 28.*

**Question 28:**
What amount of damages, if any, do you find by a preponderance of the evidence that Craig Wright's fraud proximately caused to the Estate?

    $ _____

**Question 29:**
Do you find by a preponderance of the evidence that Craig Wright knowingly made a false statement or representation concerning a material fact to W&K, with the intent to induce W&K to rely on it, that W&K did reasonably rely on it to its detriment, and that the false statement or representation proximately caused damages to W&K?

    Please circle "Yes" or "No"

*If you answered "No" to Question 29, please skip to Question 31.*

*If you answered "Yes" to Question 29, please continue to Question 30.*

**Question 30:**
What amount of damages, if any, do you find by a preponderance of the evidence that Craig Wright's fraud proximately caused to W&K?

    $_____

## UNJUST ENRICHMENT
### (Asserted by the Estate and W&K)

**Question 31:**
Do you find by a preponderance of the evidence that the Estate of Dave Kleiman conferred a benefit on Craig Wright, that Craig Wright accepted that benefit and retained it, and that it would be inequitable if Craig Wright did not compensate the Estate for the value of the benefit conferred?

      Please circle "Yes" or "No"

*If you answered "No" to Question 31, please skip to Question 33.*

*If you answered "Yes" to Question 31, please continue to Question 32.*

**Question 32:**
By what amount, if any, do you find by a preponderance of the evidence that Craig Wright was unjustly enriched to the detriment of the Estate?

      Bitcoin               $_____

      Intellectual Property   $_____

**Question 33:**
Do you find by a preponderance of the evidence that W&K conferred a benefit on Craig Wright, that Craig Wright accepted that benefit and retained it, and that it would be inequitable if Craig Wright did not compensate W&K for the value of the benefit conferred?

      Please circle "Yes" or "No"

*If you answered "No" to Questions 31 and 33, please skip to the instructions at the bottom of the next page.*

*If you answered "Yes" to Question 33, please continue to Question 34.*

**Question 34:**
By what amount, if any, do you find by a preponderance of the evidence that Craig Wright was unjustly enriched to the detriment of W&K?

    Bitcoin    $_____

    Intellectual Property $_____

### *INSTRUCTIONS*

*If you answered "No" to liability for each of the above claims, your deliberations are complete. Please go to the end of this document to sign this verdict form.*

*If you answered "Yes" to liability for any of the above claims, please continue to Question 35.*

# AFFIRMATIVE DEFENSE
# STATUTE OF LIMITATIONS

**Question 35:**
Do you find for each of the claims listed below for which you have determined liability that Craig Wright has proven by a preponderance of the evidence that the four-year statute of limitations had expired when plaintiffs filed this lawsuit on February 14, 2018?

| | |
|---|---|
| Breach of Oral Partnership | Please circle "Yes" or "No" |
| Breach of Fiduciary Duty | Please circle "Yes" or "No" |
| Conversion | Please circle "Yes" or "No" |
| Constructive Fraud | Please circle "Yes" or "No" |
| Fraud | Please circle "Yes" or "No" |
| Unjust Enrichment | Please circle "Yes" or "No" |

**Question 36:**
If you found liability on the Civil Theft claim, do you find that Craig Wright has proven by a preponderance of the evidence that the five-year statute of limitations had expired when plaintiffs filed this lawsuit on February 14, 2018?

Please circle "Yes" or "No"

*If you answered "Yes" for any of the claims in Questions 35 or 36, please answer Question 37 for each respective claim.*

*If you answered "No" for any of those claims, please skip that corresponding claim in Question 37.*

*If you answered "No" for all of the claims, in Questions 35 and 36, please skip to Question 38.*

**Question 37:**
Do you find by a preponderance of the evidence that Craig Wright willfully concealed any of the following claims through fraudulent means and if so, please identify the date when those claims became known to plaintiffs or should have been known to plaintiffs?

Breach of Oral Partnership	Please circle "Yes" or "No" and note the date _____

Breach of Fiduciary Duty	Please circle "Yes" or "No" and note the date _____

Conversion	Please circle "Yes" or "No" and note the date _____

Civil Theft	Please circle "Yes" or "No" and note the date _____

Constructive Fraud	Please circle "Yes" or "No" and note the date _____

Fraud	Please circle "Yes" or "No" and note the date _____

Unjust Enrichment	Please circle "Yes" or "No" and note the date _____

*Please continue to Question 38.*

# AFFIRMATIVE DEFENSE
# LACHES

**Question 38:**
Do you find by a preponderance of the evidence that plaintiffs' claims are barred because of plaintiffs' lack of diligence and unreasonable delay in bringing their claims to the detriment of Craig Wright?

        Please circle "Yes" or "No"

*If you answered "No" to Question 38 and "No" to liability for Conversion, Constructive Fraud, and Fraud, your deliberations are complete. Please go to the end of the document to sign this verdict form.*

*If you answered "No" to Question 38 but "Yes" to liability for Conversion, Constructive Fraud, or Fraud, please continue to Question 39.*

## PUNITIVE DAMAGES

*If you found liability on the Estate's claims for Conversion, Constructive Fraud, or Fraud, please answer Question 39.*

**Question 39:**
Do you find by clear and convincing evidence that Craig Wright committed intentional misconduct or gross negligence in connection with the Estate's claims for Conversion, Constructive Fraud, or Fraud, which proximately caused damages to the Estate?

Please circle "Yes" or "No"

*If you answered "No" to Question 39 and did not find liability on W&K's claims for Conversion, Constructive Fraud, and Fraud, your deliberations are complete. Please go to end of this document to sign this verdict form.*

*If you answered "No" to Question 39 and found liability on W&K's claims for Conversion, Constructive Fraud, or Fraud, please skip to Question 41.*

*If you answered "Yes" to Question 39, please continue to Question 40.*

**Question 40:**
What amount of punitive damages, if any, do you award to the Estate?

$_____

**Question 41:**
Do you find by clear and convincing evidence that Craig Wright committed intentional misconduct or gross negligence in connection with W&K's claims for Conversion, Constructive Fraud, or Fraud, which proximately caused damages to W&K?

Please circle "Yes" or "No"

*If you answered "No" to Question 41, your deliberations are complete. Please go to end of this document to sign this verdict form.*

*If you answered "Yes" to Question 41, please continue to Question 42.*

**Question 42:**
What amount of punitive damages, if any, do you award to W&K?

$_____

YOUR DELIBERATIONS ARE COMPLETE. THE FOREPERSON SHOULD SIGN BELOW TO INDICATE THAT THIS VERDICT IS UNANIMOUS AND DELIVER THIS VERDICT FORM TO THE MARSHAL.

SO SAY WE ALL,

_____      _____
Foreperson                                                                Date