IN THE UNITED STATES DISTRICT COURT
                 FOR THE SOUTHERN DISTRICT OF FLORIDA
                        WEST PALM BEACH DIVISION
                      CASE NO. 9:18-cv-80176-BB

IRA KLEIMAN, as the personal representative
of the Estate of David Kleiman, and W&K Info
Defense Research, LLC

          Plaintiffs,                        April 29, 2020
                                             3:29 p.m.
          vs.

CRAIG WRIGHT,

          Defendant.                         Pages 1 THROUGH 16
_____

                 TRANSCRIPT OF TELEPHONIC CONFERENCE
                  BEFORE THE HONORABLE BETH BLOOM
                     UNITED STATES DISTRICT JUDGE


Appearances:

FOR THE PLAINTIFFS: ROCHE FREEDMAN, LLP
                    DEVIN FREEDMAN, ESQ.
                    200 South Biscayne, Suite 5500
                    Miami, Florida 33131

FOR THE DEFENDANT:  RIVERO MESTRE, LLP
                    ANDRES RIVERO, ESQ.
                    ZAHARAH R. MARKOE, ESQ.
                    AMANDA M. MCGOVERN, ESQ.
                    2525 Ponce de Leon Boulevard, Suite 1000
                    Coral Gables, Florida 33134

FOR THE             GLASER WEIL
THIRD-PARTY         PATRICIA L. GLASER, ESQ.
DEPONENT:           RICHARD BUCKNER, ESQ.
                    10250 Constellation Boulevard, 19th Floor
                    Los Angeles, California 90067

COURT REPORTER:     Yvette Hernandez
                    U.S. District Court
                    400 North Miami Avenue, Room 10-2
                    Miami, Florida 33128
                    yvette_hernandez@flsd.uscourts.gov

```
 1        (Call to order of the Court, 3:29 p.m.)
 2             MR. RIVERO:  Good afternoon, Judge.  This is Andres
 3   Rivero for Dr. Craig Wright.
 4             UNIDENTIFIED SPEAKER:  Your Honor, we have been
 5   following a protocol of only referencing this witness as a
 6   third-party deponent, not by name, if that is okay with Your
 7   Honor.
 8             THE COURT:  That's fine.  Although I believe this
 9   individual's name is reflected in the docket, is it not?
10             UNIDENTIFIED SPEAKER:  No.  It's should be a sealed --
11             THE COURT:  This filing itself.  But has this
12   individual been referenced before the docket?
13             UNIDENTIFIED SPEAKER:  Yeah, but not in connection
14   with his depo.
15             THE COURT:  All right.  Certainly.
16             UNIDENTIFIED SPEAKER:  Good afternoon, Your Honor.
17   This is (inaudible) --
18             THE COURT:  I'm sorry.  Who is this?
19             COURT REPORTER:  I'm sorry.  This is the court
20   reporter.  I didn't hear you.
21             MR. FREEDMAN:  Vel Freedman, representing the
22   Plaintiff.
23             THE COURT:  I'm having a hard time hearing you.
24             UNIDENTIFIED SPEAKER:  Good afternoon, Your Honor.
25             MR. FREEDMAN:  Can you hear me now?
```

```
1              THE COURT:  I can hear you now.

2              Who is on behalf of the Plaintiff, please?

3              MR. FREEDMAN:  Vel Freedman.

4              THE COURT:  All right.  Thank you.

5              Good afternoon.

6              And who else is on the line?

7              MR. BUCKNER:  Good afternoon, Your Honor.  This is

8    Richard Buckner for the deponent.

9              MS. GLASER:  That's one of my colleagues, Your Honor.

10   Patty Glaser.

11             THE COURT:  All right.

12             MR. RIVERO:  And Judge, I believe my partner, Amanda

13   McGovern, is listening by cell phone.  But since the

14   instruction was to only address the Court through landline, she

15   may not be -- she may be following that instruction.

16             THE COURT:  Yes.  Thank you.  And to mute, just so we

17   don't have any feedback.

18             And I believe my court reporter is Yvette Hernandez.

19             COURT REPORTER:  Yes.  I'm here.

20             THE COURT:  I want to make sure that we're of record.

21             COURT REPORTER:  I didn't hear the first appearance.

22             THE COURT:  Okay.  The first appearance is Patty

23   Glaser --

24             COURT REPORTER:  Thank you.

25             THE COURT:  -- on behalf of the deponent.
```

```
1              Ms. Glaser, could you spell your last name, please.

2              MS. GLASER:  Of course.  G-L-A-S, as in Sam, E-R.

3              THE COURT:  Is there anyone else that is attending

4    and/or participating in this hearing?

5              MS. MARKOE:  Yes.  This is Zaharah Markoe on behalf of

6    Dr. Wright as well.  I'm going to be on mute the whole time.

7              THE COURT:  All right.  Thank you.

8              Good afternoon.  I hope everyone is safe and well.

9              And Ms. Glaser, I'm not certain if you or Mr. Buckner

10   would like to proceed.

11             MS. GLASER:  May I proceed, Your Honor?

12             Patty Glaser.

13             THE COURT:  Yes.  Of course.

14             COURTROOM DEPUTY:  Judge, I'm sorry.  I'm sorry.  This

15   is the CRD, Judge.  I'm sorry.  Just real quick, some quick

16   instructions because I know people tend to forget.  Any time

17   you're going to speak, attorneys, if you can please state your

18   name as to who's speaking.  Okay?

19             MS. GLASER:  We will try to do that.  I apologize if I

20   forget, but I appreciate it.  This is Patty Glaser.

21             THE COURT:  Thank you, Liz.

22             And Ms. Glaser, before you proceed, this is obviously

23   the case of Ira Kleiman, as the personal representative of the

24   Estate of David Kleiman and W&K Info Defense Research,

25   Plaintiffs v. Craig Wright, Defendant, Case Number 18-80176.
```

```
1            You may proceed.
2            MS. GLASER:  Again, Patty Glaser for the third-party
3    deponent.
4            Your Honor, I want to say -- and I've said this to
5    your magistrate judge -- Mr. Rivero and Mr. Freedman have been
6    hugely professional, cooperative, and we were able to stipulate
7    to most of everything that we required in order to -- what, in
8    our view, was to protect our client.  And I'll get to that in a
9    moment.  We have a stipulation about everything, except the
10   actual trial, that's in writing.
11           And the actual trial is your call, obviously, which is
12   why we're talking to you, not my call or any of the other
13   lawyers.  But I did want to indicate that Mr. Rivero and
14   Mr. Freedman had been incredibly ethical and honorable in our
15   dealings to get where we are right now, number one.
16           Number two, my client is a third-party witness.  He
17   literally and figuratively -- and I'll use an expression I've
18   heard a couple people from Florida use -- he has no dog in this
19   hunt whatsoever.  He will not be at trial.  And we have an
20   agreed-upon procedure that a depo was going to be 20 to 30
21   minutes, both sides -- including both sides.  And we have a
22   variety of protections in place in connection with those --
23   with that deposition.
24           What we're talking to you about is -- and I'm glad to
25   make sidebar offer, or a proffer, as to precisely what my
```

1    client will be testifying to.  But we made a deal with

2    everybody, with -- and he agreed to forego a privacy claim and

3    a physical safety concern because of the protections that were

4    negotiated, that are in place, except for this last piece.

5          We are -- if you will allow me, we are talking about,

6    and arguing, serious privacy and safety consequences to the

7    disclosure of information linking a person to the Bitcoin

8    world.  There is public speculation that a person who owns

9    Bitcoin will put that person -- a particular count,

10   certainly -- in severe physical danger.  We have read too much

11   about targeted attacks on computer systems, private

12   information, encouraging identity theft, and otherwise making

13   the person subject to attacks and/or concerns that would not

14   otherwise have occurred.  Linking that third-party deponent to

15   the Bitcoin world, we argue, will subject the third-party

16   deponent and his family to real and unreasonable risk of harm

17   to their safety and well-being, theft, kidnapping, extortion,

18   and, at the risk of sounding dramatic, murder.

19         All we're asking for here -- and I'm glad to go into

20   more detail -- is that at the time his depo is presented in

21   Your Honor's courtroom -- and I'm just assuming it will.  He

22   will not be testifying, as I mentioned to you, live.  It will

23   just be by deposition.  His deposition is set for noon LA time,

24   3:00 your time, tomorrow.  And what we're trying to do is

25   either have Your Honor agree that for this -- whatever they

7

1    want to put on the record -- I can't speak about that.  That's

2    the parties' call -- with respect to his testimony, that for

3    that limited time the courtroom will be sealed with appropriate

4    explanations to the jury that you deem appropriate as to why.

5         And if we can't seal the courtroom across the board,

6    we're willing to listen to an alternative, such as making sure

7    his name isn't mentioned other than in a sealed courtroom.  So

8    for example, it could be that -- I'm using this as an

9    example -- Mr. Freedman wants to use his deposition testimony.

10   But we make sure that his name, while announced to the jury,

11   who's been instructed that it's confidential -- but the

12   deposition can be read without all of that.  So -- but I think

13   the easiest thing -- and I genuinely believe the easiest thing

14   is to, just for the 15 or 20 minutes, seal the courtroom.

15        And I -- by the way, these risks that I'm talking

16   about for the client are real.  They're not imaginary.  And I'm

17   not asking the Court to do it now, but if you simply Googled

18   "Bitcoin murders," you would -- literally "Bitcoin murders,"

19   you would see to what I'm referring.

20        We have received -- we received a subpoena.  And the

21   counsel for the deponent and us, Mr. Freedman, who served the

22   notice, extensively met and conferred and came up with a game

23   plan that was signed by a judge in California.  Those

24   discussions actually resulted in a California court order.  We

25   had a telephonic hearing before your magistrate judge on April

```
1    24, at which I understood the Court to invite the parties to
2    meet and confer and try to strike a balance between the
3    Plaintiffs' and Defendant's need to prosecute this litigation
4    and the deponent's need to protect the privacy and safety of
5    both himself and his family.
6          There were extensive negotiations over the weekend
7    among counsel for Plaintiffs, counsel for Defendants, and us.
8    And these discussions led to a joint stipulation that was
9    submitted to the Court on April 27th.
10         So we are somewhat at your mercy.  I have a client who
11   is going to resist a subpoena.  And he wants to be forthcoming,
12   but he has to protect his family.  And his view is family --
13   and my view -- is family first and his privacy first.  And if
14   you allow me to make a sidebar proffer, I think you would have
15   more clarity with respect to what I'm referring that I don't
16   choose to put on the public record.
17         THE COURT:  All right.  And Ms. Glaser, I was actually
18   going to inquire a little bit further as to exactly what the
19   circumstances may be.  But it seems like, at this point, you
20   are seeking to have -- obviously, you want the courtroom to be
21   sealed.  But short of that, you want to ensure that the
22   third-party deponent's name and the address, in order to
23   protect his or her family, is not disclosed.
24         MS. GLASER:  Correct.
25         THE COURT:  Am I correct in understanding that?  Is
```

9

```
 1   there anything else?
 2        MS. GLASER:  Yeah, privacy.  And that's why I need to
 3   make the proffer because I think you'll appreciate the
 4   significance of the invasion of his privacy when I -- and I'll
 5   tell you in a sidebar more clearly what my proffer would be.
 6        THE COURT:  But in sum and substance, to protect his
 7   privacy and safety, you are seeking to ensure that his name and
 8   his address are not disclosed.  Are there any other facts that
 9   may be the subject of this deposition tomorrow that you're
10   seeking to ensure that it's not publicly available?
11        MS. GLASER:  I do not believe so.  But I'm going to
12   turn to Mr. Buckner and make sure I haven't messed up here, if
13   you'll excuse the expression.
14        THE COURT:  Thank you.
15        MR. BUCKNER:  So this is Richard Buckner, representing
16   the deponent.  There may be one other issue, which is --
17   relates to particular or a specific Bitcoin address.
18        MS. GLASER:  Well, she said name and address of the
19   deponent.
20        THE COURT:  And actually, I was referring to the
21   address for purposes of the family.  But in terms of the actual
22   address being the long serial number, that would relate to that
23   particular address?
24        MS. GLASER:  Correct.  The three things:  The
25   deponent's name, his physical address -- sorry -- and his
```

```
 1    Bitcoin address that he will be referring to in his testimony.

 2              THE COURT:  Are there any other items?

 3              MS. GLASER:  No.

 4              THE COURT:  I'm not certain, Mr. Rivero, or

 5    Mr. Freedman, Ms. McGovern, if anyone would like to speak or

 6    just ...

 7              MR. RIVERO:  Judge, I'd like to just briefly -- Judge,

 8    this is Andres Rivero.  Just briefly, we made the agreement

 9    that Ms. Glaser is describing.  And we stand by the agreement

10    and agree to what's being requested.

11              I just wanted to note that, with regard to the

12    limitations on the deposition entered in California, we were

13    not party to that and I don't waive my rights as to this

14    10-minute deposition and the rest.  That's not the subject of

15    today's hearing, but I just wanted to make clear that we did

16    not agree to that.

17              MS. GLASER:  That's a true statement -- I'm sorry.

18    Patty Glaser. That is a hundred percent accurate.

19              MR. RIVERO:  But that's not the issue before the

20    Court.  So we agree with Ms. Glaser's request.

21              THE COURT:  Mr. Freedman, on behalf of the Plaintiff?

22              Mr. Freedman?  Mr. Freedman?

23              MS. GLASER:  I can tell you that we've had -- oh,

24    sorry.

25              THE COURT:  Mr. Freedman?
```

```
 1          MR. FREEDMAN:  I got knocked off.  I was trying to use
 2     the landline in my house, but it's a VoiceOver IP and it's not
 3     as reliable as I anticipated.  I apologize for that.
 4          THE COURT:  Is there anything on behalf of the
 5     Plaintiff?
 6          MR. FREEDMAN:  The only thing I would say, Your Honor,
 7     is to the extent the Court is not willing to grant it at this
 8     time, then just at a minimum deny it without prejudice to
 9     actually seeing the testimony itself and then making a decision
10     at that point.  Otherwise, nothing further to add.
11          THE COURT:  Is there anything further, Ms. Glaser?
12          MS. GLASER:  No.  We don't want it denied without
13     prejudice.  We want it granted --
14          THE COURT:  Understood.
15          MS. GLASER:  -- (inaudible) really testify tomorrow.
16          THE COURT:  Understood.
17          And certainly, I have a concern about the safety and
18     privacy of any witness, as well as the litigants, but there is
19     obviously a constitutional presumption against closing the
20     courtroom.  So I can certainly understand the concerns of the
21     third-party deponent with regard to the name, the home address,
22     and the Bitcoin address.  Certainly I'll take the easiest one.
23     With regard to the numbers, of course, this could be redacted,
24     similar to what's done with account numbers, for purposes of
25     privacy.
```

```
 1          With regard to the home address, that's certainly an
 2     easy one and that can certainly be protected in terms of not
 3     revealing that within the courtroom or redacting that portion
 4     if the deposition transcript is to be used.
 5          With regard to the name, quite frankly, I, at this
 6     point, do not have enough information to understand why the
 7     name itself should not be disclosed.  And I would feel much
 8     more comfortable -- and Ms. Glaser, I'm certain that you will
 9     advise your client accordingly.  I would feel much more
10     comfortable seeing the actual transcript to understand the
11     concerns that this particular individual has.
12          MS. GLASER:  Can I -- I just want to make sure I
13     understand, Your Honor.  Home address and Bitcoin address,
14     you're fine.  The concern you have is his name?
15          THE COURT:  Well, at this point, I don't -- I don't --
16     is that all you're seeking, is the name and the two addresses?
17          MS. GLASER:  Yes.  That's it.  I'm not overreaching.
18     I don't want to overreach even slightly.  I just want to
19     protect him.
20          THE COURT:  Well, let me give a qualified answer.  And
21     that is, the Court would need to see the transcript.  The
22     transcript can be filed under seal for the Court's review
23     before it is filed on the docket publicly.
24          I have expressed the concern that I have with regard
25     to closing and sealing the courtroom, as opposed to protecting
```

1   the privacy interests of certain individuals.  The home

2   address, I can understand how that should be protected.  A

3   Bitcoin address, similar to an account number or accessible by

4   third parties, I can understand the concern.

5       With regard to the individual name and circumstances

6   relating to that individual, quite frankly, I don't have enough

7   information.  And I'm not certain that the proffer that you

8   have given to the Court is sufficient.

9       MS. GLASER:  Your Honor, I can tell you -- this is

10  Patty Glaser, Your Honor.  I apologize -- that all the parties

11  agree in no -- that his name can be -- they agreed to sealing.

12  So it's subject to Your Honor's okay, of course.  But there's

13  no objection from any party that his name not be disclosed.

14      THE COURT:  I understand that.  And I can't tell you

15  how many times the parties have agreed to sealing the

16  courtroom, closing the courtroom.  I'm not willing to do that.

17  But with regard to the reading of the transcript, or the public

18  filing of the transcript, I think arrangements can be made with

19  regard to the address.  And with regard to the name, I -- quite

20  frankly, I don't know how this fits within the scheme of the

21  other facts of this case.

22      So I recognize that all parties agree.  But if your

23  client is seeking assurances from the Court, at this point, I'm

24  not willing to give that until the Court reviews the

25  transcript.

1      MS. GLASER:  Your Honor, may I make a proffer at a

2  sidebar or no?

3      THE COURT:  You can, certainly.  And I think at the

4  appropriate time, when -- before trial, when this individual is

5  to be listed as a witness, I think that there will be that

6  concern on your part on behalf your client.  And I'm certain

7  that I will receive some indication and more of a specific

8  proffer with regard to a non-disclosure of his or her identity.

9      But Ms. Glaser, at this point, I believe that the

10  Court should properly deny it without prejudice.  I think you

11  see where the Court is leaning toward in terms of protection of

12  this individual's privacy and safety.  And if there is more

13  information to be provided to the Court following the

14  deposition, with regard to specific portions of the transcript,

15  you can certainly advise the Court.

16      MS. GLASER:  Your Honor, just so the record is as

17  clear as it can be, you're inclined to agree, for privacy and

18  other reasons, home address and the Bitcoin address.  Your

19  concern rests with his name and you want to reserve judgment in

20  that regard.  Is that a fair statement?

21      THE COURT:  I believe that to the extent that the

22  Bitcoin -- the full address is not necessary.  And certainly I

23  can't see how his home address would be necessary.  Then I

24  believe that that would be sufficient, that the Court can

25  certainly assist in redacting that portion for purposes of the

```
1    transcript to protect the privacy and safety of that

2    individual.

3            MS. GLASER:  Understood, Your Honor.

4            Thank you for your time.

5            THE COURT:  All right.  Everyone stay safe and well.

6            And is there anything further?

7            MS. GLASER:  Not from us Your Honor.  Thank you.

8            MR. RIVERO:  No.  Thank you, Your Honor.

9            MR. FREEDMAN:  Thank you, Your Honor.

10           MR. RIVERO:  Stay safe as well, Judge.

11           THE COURT:  Of course.

12           MS. GLASER:  Thank you.

13       (Proceedings concluded at 3:49 p.m.)

14

15

16

17

18

19

20

21

22

23

24

25
```

1   UNITED STATES OF AMERICA      )

2   ss:

3   SOUTHERN DISTRICT OF FLORIDA  )

4                   C E R T I F I C A T E

5          I, Yvette Hernandez, Certified Shorthand Reporter in

6   and for the United States District Court for the Southern

7   District of Florida, do hereby certify that I was present at

8   and reported in machine shorthand the proceedings had the 29th

9   day of April, 2020, in the above-mentioned court; and that the

10  foregoing transcript is a true, correct, and complete

11  transcript of my stenographic notes.  Please note:  This

12  hearing occurred during the COVID-19 pandemic and is therefore

13  subject to the technological limitations of reporting remotely.

14         I further certify that this transcript contains pages

15  1 - 16.

16         IN WITNESS WHEREOF, I have hereunto set my hand at

17  Miami, Florida this 1st day of September, 2021.

18

19                      /s/Yvette Hernandez
                        Yvette Hernandez, CSR, RPR, CLR, CRR, RMR
20                      400 North Miami Avenue, 10-2
                        Miami, Florida 33128
21                      (305) 523-5698
                        yvette_hernandez@flsd.uscourts.gov
22

23

24

25