UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>*Plaintiffs,*<br><br>v.<br><br>CRAIG WRIGHT<br><br>*Defendant.* | CASE NO.: 9:18-cv-80176-BB/BR |

**JOINT SUBMISSION IN ADVANCE OF CALENDAR CALL**

In accordance with the Court's August 27, 2021, status conference order, the parties submit a list of issues that they respectfully ask the Court to address during the September 14, 2021, calendar call hearing.

I.   TRIAL LOGISTICS

1. **Covid precautions**. During the August 27, 2021, status conference, the Court raised questions relating to Covid-19 precautions, which the parties would like to discuss further on September 14, 2021. Specifically, the parties have conferred and would like to address (i) the vaccination status of counsel, the witnesses, and the jurors and whether that status should be disclosed to the jurors and counsel, and (ii) ability at trial for the testifying witness and the questioning attorney to wear face shields instead of a mask.

2. **Jury selection.** The parties have additional questions related to the jury selection process, including whether the entire 40-person panel of prospective jurors will be brought into the courtroom at the same time and the amount and timing of peremptory strikes. We would also like

to understand the Court's procedure for exercising cause challenges and peremptory strikes (e.g., back-striking, strikes from the first 12 or per juror, etc.).

3. **Travel and trial testimony accommodations**. Ramona Ang (a fact witness and defendant's wife) plans to travel from the U.K. to the U.S. for her trial testimony and requests a date certain for her testimony to facilitate the necessary international travel plans. Plaintiffs do not object to a date certain for her testimony, but object to Ms. Ang being called during their case in chief.

4. **Shabbat observance accommodations.** Lead counsel for plaintiffs observes the Shabbat and needs to be out of Court no later than 90 minutes before Shabbat begins. Accordingly, plaintiffs request that Court adjourn on Fridays at least 90 minutes before Shabbat begins.[1] Defendant has no objection to plaintiffs' request.

## II.   TRIAL PROCEDURE

5. **Opening statements.** The parties would like to know the time permitted for opening statements and discuss the use of exhibits during opening statements.

## III.   EVIDENTIARY ISSUES

6. **Demonstrative exhibits.** The parties would like the Court to address any objections to the other parties' demonstrative exhibits. The parties intend to meet and confer on the objections to their respective demonstratives before the calendar call.

7. **Dave Kleiman's electronic devices**. Defendant asks the Court to rule on plaintiffs' objections to defendant's exhibits D262 through D276. These exhibits are Dave Kleiman's physical electronic devices.

8. **Litigation funding**. The parties agree and stipulate that neither plaintiffs nor defendant will reference or inquire about the funding of the prosecution or the defense of this case

---

[1] The start of Shabbat for November 5, 12 and 19 is: 6:19 pm, 5:16 pm, and 5:13 pm.

absent any party putting such issue in play. If any party believes the other has "opened the door" to such evidence, that party will seek permission of the Court before introducing it in front of the jury.

9. **F.R.E 615 as it applies to experts.** Plaintiffs invoke Fed. R. Evid. 615 except that plaintiffs request that one of its experts, Dr. Matthew Edman, be allowed to attend trial and otherwise be advised of the trial proceedings under Fed. R. Evid. 615(a)(3) as his presence is essential to the presentation of plaintiffs' claims. Defendant does not agree with the manner with which plaintiffs invoke Fed. R. Evid. 615 and instead believes that it should not apply to the parties' expert witnesses.

10. **Special set hearing on additional evidentiary issues.** In light of the voluminous deposition testimony that has been designated, much of which is videotaped testimony that will need to be edited following the Court's rulings on objections, the parties believe a special set hearing would be most efficient in streamlining the objections. Additionally, defendant would like to address specific objections to certain categories of the plaintiffs' exhibits that he has objected to on the grounds of 401, 403, 404(b), and 608(b).

11. **Plaintiffs' expert's report**

**Plaintiffs' request:** Plaintiffs want to supplement the report of their proposed expert Dr. Matthew Edman to include additional documents not analyzed or referenced in his original report. Dr. Edman's main focus was to opine on whether certain documents produced by defendant were forgeries. But defendant produced over 225,000 documents, and identifying which were forgeries required a time consuming analysis of the metadata of each document. Plaintiffs did their best to isolate a reasonable subset of those documents for Dr. Edman to review, and he opined that a number of defendants' documents were manipulated.  However, upon receipt of defendant's final exhibit list and demonstrative exhibits, plaintiffs have discovered there are additional documents defendant intends to rely on that are forgeries which plaintiffs had not previously discovered.

Accordingly, plaintiffs requests Dr. Edman be permitted to supplement his prior Report to address these additional documents to ensure the jury is not presented with unrebutted forged documents from a party who has already been found, by clear and convincing evidence, to have "intentionally submitted fraudulent documents to the Court, obstructed a judicial proceeding, and gave perjurious testimony," (ECF No. 277, at 28) simply because these particular forgeries were a needle buried in a haystack.  To ensure there is no prejudice to defense counsel, plaintiffs will produce a Supplemental Report no later than September 24th, and make Dr. Edman available for deposition no later than October 8th.

**Defendant's response:** Defendant objects to any supplement to plaintiffs' expert report at this late stage and also objects to the characterizations on which plaintiffs purport to justify this request.

 Dated:  September 9, 2021

By: */s/* Amanda McGovern

AMANDA MCGOVERN
Florida Bar No. 964263
ANDRES RIVERO
Florida Bar No. 613819
SCHNEUR KASS
Florida Bar No. 100554
ZAHARAH MARKOE
Florida Bar No. 504734

**RIVERO MESTRE LLP**
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: amcgovern@riveromestre.com
Email: zkass@riveromestre.com
Email: zmarkoe@@riveromestre.com
Email: receptionist@riveromestre.com

MICHAEL A. FERNÁNDEZ
(*Pro Hac Vice*)

**RIVERO MESTRE LLP**
565 Fifth Avenue, 7th Floor
New York, NY 10017
Telephone: (212) 880-9451
Email: mfernandez@riveromestre.com

*Attorneys for Dr. Craig Wright*

Respectfully submitted,

By: */s/* Velvel Freedman
Velvel (Devin) Freedman, Esq.
**ROCHE FREEDMAN LLP**
200 S. Biscayne Blvd.
Suite 5500 Miami, Florida 33131
vel@rcfllp.com

Andrew S. Brenner, Esq.
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

Kyle W. Roche, Esq.
Joseph M. Delich
**ROCHE FREEDMAN LLP**
99 Park Avenue, 19th Floor
New York, New York 10016
kyle@rcfllp.com
jdelich@rcfllp.com

*Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC*

## CERTIFICATE OF SERVICE

I CERTIFY that on September 9, 2021, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/* Amanda McGovern