UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

(WEST PALM BEACH)

Case No.: 9:18-cv-80176-BB

IRA KLEIMAN, as personal representative
of the Estate of David Kleiman, and
W&K Info Defense Research, LLC,

     Plaintiffs,

v.

CRAIG WRIGHT,

     Defendant.

_____/

**NON-PARTY WITNESS JOHN DOE'S MOTION TO SEAL LIMITED
PORTIONS OF TRIAL AND SUPPORTING MEMORANDUM OF LAW**

**Motion**

Non-party witness, deponent John Doe (the "Deponent"), hereby moves for an order

sealing limited portions of the trial relating to: (1) the identity of the Deponent, (2) the Deponent's

deposition testimony, if offered at trial, and (3) any expert testimony at trial relating to those

matters.  The grounds for this motion are set forth in the following memorandum of law.

**Memorandum of Law**

**I.**        **INTRODUCTION AND FACTUAL BACKGROUND**

In or around April 2020, Plaintiff sought to take the Deponent's deposition for use in this

action.  At the time, the Deponent expressed grave concerns about his and his family's safety and

financial privacy should his identity or deposition testimony become public.  To address those

concerns and protect the Deponent's safety and financial privacy while still allowing the Deponent

to testify at deposition, the Deponent and each of the parties to this action entered in a Sealed Joint

Stipulation dated April 27, 2020.  Among other things, that Stipulation provides for protecting the

Deponent's privacy and personal safety through an agreement between the Plaintiffs and

Defendant that the court would be sealed, and the information contained in the deposition, the

Deponent's name, and the Deponent's identifying characteristics would not be disclosed, in the

event the deposition was used at trial.  ECF No. 466; ECF No. 467.  While the agreement among

the parties and the Deponent does not bind the Court, it does reflect the seriousness of this matter

and the parties' willingness to act to protect the Deponent.

On April 30, 2020, the Deponent testified at deposition.[1]  Pursuant to the Court's orders of

April 29 and 30, 2020 (ECF Nos. 474, 475), the transcript of the deposition is "confidential" under

the Court's Stipulated Confidentiality Order (ECF No. 105-1) and is sealed.  See also, ECF No.

466 (Joint Motion to Seal); ECF No. 467 (Sealed Joint Stipulation); ECF No. 598 (Motion to Seal

Third-party deponent's deposition); ECF No. 603 (Paperless Order granting ECF No. 598 Motion

to Seal); ECF No. 604 (sealed filing); ECF No. 608 (Motion to Seal Third-party deponent's

deposition); ECF No. 609 (Paperless Order granting ECF No. 608); ECF No. 610 (sealed filing).

The Deponent will not appear at trial, and thus the only testimony of Deponent that may be offered

will be by deposition.[2]  By this motion, the Deponent seeks a narrowly-tailored sealing order that,

at the trial of this matter (currently set for November 1, 2021), (a) the courtroom be sealed (and all

persons excluded from the courtroom other than the Court, the Court's necessary staff, the jury,

and the parties and their counsel) whenever there is any reference to the Deponent's identity or

identifying characteristics or any use of or reference to the Deponent's deposition testimony

(including, specifically but without limitation, any such references in expert testimony or expert

reports), (b) the Court's necessary staff, the jury, any experts testifying on the matter, and the

---

[1] The Deponent is identified in the transcript of the Deponent's deposition, a copy of which is being filed as Exhibit A to this motion, under seal pursuant to this Court's minute order, dated September 24, 2021 (ECF No. 692, granting ECF No. 691), for the Court's review.  A copy of the transcript has already been filed under seal, with the permission of the Court, in connection with the parties' deposition designations.  *See e.g.* ECF Nos. 598, 603, 604.

[2] The deposition was not recorded by video.

parties and their counsel be ordered by the Court not to repeat or disclose any information revealed while the courtroom is sealed, (c) the transcript from the proceedings when the courtroom is sealed shall be confidential and not disclosed to any person other than those identified in this order, and shall only be filed with the Court under seal,  and (d) all Zoom or other remote access to trial proceedings be disabled whenever there is any reference to the Deponent's deposition testimony (including, specifically but without limitation, any such references in expert testimony or expert reports) such that no person may view the proceedings remotely during that time.

The relief sought by this Motion is essential to protect the personal and financial privacy rights, as well as the personal safety and physical and emotional well-being, of the Deponent and the Deponent's family.  The reasons sealing is needed to protect those compelling personal financial and personal safety interests are explained in detail in a statement made by the Deponent under oath and appearing in the Deponent's deposition transcript beginning at page 39.  To avoid compromising the very interests sought to be protected, the Deponent will not repeat those reasons here other than to note that, if the Deponent's deposition testimony or identifying characteristics were disclosed, it would publicly reveal highly confidential personal financial information and highly confidential information that would put the lives and well-being of the Deponent and the Deponent's family in grave danger.  To the extent the Court desires further explanation, the Deponent suggests the Court hold a sealed hearing, either in person or remotely as the Court prefers.

## II.    ARGUMENT

As a general matter, judicial proceedings are open to the public.  In some cases, this is based on constitutional grounds – *e.g.*, the right of the public to attend criminal trials – and in others on the common law – *e.g.*, the right to review certain judicial records.  *See, e.g.*, *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980); *Romero v. Drummond Company, Inc.*, 480

F.3d 1234 (2007).[3]   These rights are not absolute, however, and are subject to a balancing of relevant factors.   *See, e.g., Globe Newspaper Co. v. Superior Court of Norfolk County*, 457 U.S. 596, 606-07 (1982).   Where judicial proceedings would otherwise be open based on constitutional grounds, portions of the proceedings may nonetheless be sealed where there is a compelling reason to do so.   Where judicial proceedings would otherwise be open based on the common law, the proceedings may nonetheless be sealed based upon a showing of good cause.   *See, e.g., id.*; *Chicago Trib.*, 263 F.3d at 1310-11; *Newman v. Graddick*, 696 F.2d at 802-03.

In balancing the interest of public access against a person's interest in keeping information confidential, courts consider, among other factors, whether allowing access would harm legitimate privacy interests, the degree and likelihood of injury if made public, whether the information concerns public officials or public concerns, and the availability of less onerous alternatives.   *See Romero*, 480 F. 3d at 1246 (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)).   In a similar situation, involving a party's request to seal only particular documents within the record, this Court noted that its task is only to balance competing interests, including any illegitimate purpose to promote public scandal or gain unfair commercial advantage, or whether access is likely to promote public understanding of historical events.   *See CRubin, LLC v. Escoriaza*, 2020 WL 2542629 (S.D. Fla. May 19, 2020 (sealing highly confidential attorney

---

[3] The presumption of openness of court proceedings originated in a string of United States Supreme Court cases beginning with *Richmond Newspapers, Inc.*, 448 U.S. 555 (1980), involving *criminal trials.*  In *Newman v. Graddick*, 696 F.2d 796 (11th Cir. 1983), the Eleventh Circuit noted that "We need not here decide that the presumption of openness applies to all civil trials. All we decide is that civil trials which pertain to the release or incarceration of prisoners and the conditions of their confinement are presumptively open to the press and public." *Id.* at 801.   In *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304 (11th Cir. 2001), the Court reiterated that "The constitutional right of access has a more limited application in the civil context than it does in the criminal." *Id.* at 1310.   Thus, the sealing issue raised by this Motion does not implicate the full range of rights implicated by access to criminal trials (*e.g.*, the accused right to a public and fair trial, the public's interest in the proper administration of justice, etc.).   Indeed, as discussed later in this Motion, there is no public interest in access to the information the Deponent seeks to seal.

correspondence, business strategy, and commercially sensitive information).   In balancing these interests, and in considering compelling reasons or good cause to seal, the sealing sought by this Motion should be granted.

As noted above, and as is shown by the Deponent's sealed deposition testimony, allowing the public disclosure of the Deponent's identity or deposition testimony would invade the financial privacy of the Deponent and the Deponent's family and subject them to the risk of economic and grave physical harm.

Taking these points in reverse order, it is overwhelmingly clear that protecting the physical safety and well-being of the Deponent and the Deponent's family provides a compelling reason to seal the Deponent's identity and deposition testimony at trial, as well as any expert testimony or expert reports disclosing the Deponent's identity, identifying characteristics, or deposition testimony. *See Globe Newspapers*, 457 U.S. at 607 (recognizing that "safeguarding   . . . physical and psychological well-being . . ." is a "compelling" governmental interest).  Nothing can be a more compelling governmental interest than protecting people from danger.  This is apparent from the fact that myriad state and federal laws prohibit crimes involving harm to persons and impose substantial punishment for such criminal conduct.  Courts regularly exercise their discretion to protect the identity of a confidential informant, and this privilege exists in the civil context, as well as in criminal cases. *See Fed. Trade Comm. V. USA Beverages, Inc.*, 2005 WL 3676636 (S.D. Fla. Nov. 5, 2005).  The judicial system should not put the Deponent and the Deponent's family in the intolerable position of risking economic and physical danger if the Deponent's identity is publicly disclosed.

It is also clear that the invasion of financial privacy that would flow from disclosing the Deponent's deposition testimony provides good cause for the sealing order sought.  "A party's interest in the privacy of its financial records and the terms of confidential agreements oftentimes

outweighs the public's right of access." *Local Access, LLC v. Peerless Network, Inc.*, 2015 WL

7351444 at \*1 (M.D. Fla. Orlando Division, Nov. 20, 2015).  Allowing access to the Deponent's

identity would directly harm the Deponent's legitimate privacy interests.  *See Romero*, 480 F. 3d

at 1246.  Indeed, "[p]ersonal financial information, such as one's income or bank account balance,

is universally presumed to be private, not public." *In re Boston Herald*, *Inc.*, 321 F.3d 174, 190

(1st Cir. 2003). Sealing is especially appropriate here because the Deponent is a *non-party* seeking

to protect personal financial information.  *See, e.g.*, *Nursing Home Pension Fund v. Oracle Corp.*,

2007 WL 3232267 at \*4 (N.D. Cal., Nov. 1, 2007) ("Symond's request to seal personal financial

information meets the 'good cause' standard given his non-party privacy interest"); *see also In re*

*Boston Herald*, *Inc.*, 321 F.3d at 190; *Suarez v. U.S.*, 582 F.2d 1007, 1011-12 (5th Cir. 1978)

(protecting identity of mere informant based on government's interest in preserving witness

anonymity as compared to marginal weight of testimony).

The need to protect the safety and financial privacy of the Deponent and the Deponent's

family overwhelms any public interest in the Deponent's testimony or identity.  Here, the degree

of injury and the likelihood of injury is substantial. *See Romero*, 480 F. 3d at 1246.  The Deponent

is a stranger to this litigation and has no stake in its outcome.  None of the Deponent's rights or

claims will be vindicated or rejected in this matter.  Nothing about the Deponent's testimony or

identity will shed any light on the administration of justice or the conduct of the judicial system;

the Deponent's identity and the subject matter of the testimony do not involve public officials or

public concerns. *See Romero*, 480 F. 3d at 1246.

Moreover, the sealing order sought here is exceptionally narrow and well-tailored to do no

more than needed to protect the Deponent and the Deponent's family.  The Deponent does not

seek to seal the entire trial.  The Deponent seeks only to seal the courtroom (and to disable Zoom

or other remote access means so that no one may view the proceedings remotely) while the

Deponent's deposition testimony is being shown or discussed or while the Deponent's identity or identifying characteristics are being revealed.  This would require sealing (and disabling Zoom or other remote access to the trial proceeding) only for a very short period of time.  Plaintiffs' and Defendant's questioning of the Deponent (excluding colloquy and a statement made by the Deponent at the end of the deposition) consumed only about 23 pages (double spaced and with 25 lines per page).  Even if the parties were to use all of that testimony at trial (and it seems unlikely to the Deponent's counsel that they would), it would consume very little time and would only require sealing the courtroom and disabling Zoom or other remote access briefly.  And, given that fact, the Court and the parties could manage the timing of the use of the Deponent's deposition in a way that minimizes disruption at trial by, for example, having the testimony used at the beginning of the court day with the jury and before admission of the public or by having that testimony used at the end of the court day after the public is asked to leave but before the jury is excused.  The same approach can be taken if any expert testimony or report would involve the Deponent's identity, identifying characteristics, or deposition testimony.  Sealing the courtroom should not require the disruption of the public leaving and then returning that might be required were the testimony or scope of information to be sealed more extensive.  The parties to this action have previously sought and obtained permission of the Court to seal the deposition transcript, and protect the Deponent's identity, and the relief sought in this motion is consistent with the Court's prior treatment of these sensitive matters.  The request for a limited sealing order is crafted to avoid a more onerous approach to addressing the compelling confidentiality concerns raised by this motion. *See Romero*, 480 F. 3d at 1246.

If the Court would like to hear further on this, counsel for the Deponent would be happy to appear for further argument, either in person or remotely.

III.    **CONCLUSION**

Sealing the Courtroom during use of the Deponent's deposition testimony, instructing all present not to disclose the Deponent's testimony, identity, or identifying characteristics, and disabling Zoom or other remote access during that time are essential to protect the financial privacy and personal safety interests of the Deponent and the Deponent's family.  There is little, if any, public interest in the Deponent's testimony and no public interest in the Deponent's identity. The sealing requested is the least relief needed to protect the physical safety of the Deponent and the Deponent's family and to preserve their financial privacy rights.  The Court should grant the relief sought by this Motion in full.

WHEREFORE, the Deponent respectfully requests that the Court enter a sealing order providing that, at the trial of this matter (currently set to begin on November 1, 2021), (a) the courtroom be sealed (and all persons excluded from the courtroom other than the Court, any expert testifying on the issue, the Court's necessary staff, the jury, and the parties and their counsel) whenever there is any use of the Deponent's deposition testimony or reference to the Deponent by name or other identifying characteristics, (b) the Court's necessary staff, the jury, any testifying expert, and the parties and their counsel be ordered by the Court that they are not to repeat or disclose any information revealed while the courtroom is sealed, including, without limitation, the Deponent's deposition testimony or reference to the Deponent by name or other identifying characteristics, (c) the transcript from the proceedings when the courtroom is sealed shall be confidential and not disclosed to any person other than those identified above, and shall only be filed with the Court under seal, and (d) all Zoom or other remote access to trial proceedings be disabled such that no person can view the trial proceedings remotely whenever there is any use of the Deponent's deposition testimony or reference to the Deponent by name or other identifying characteristics.  To the extent the Court wishes to review portions of the Deponent's deposition

testimony, and if any portions of such testimony are filed with the Court, the Deponent respectfully

requests that the Court direct that any portions of that testimony filed with the Court be filed under

seal.

Date: September 24, 2021                         Respectfully submitted,


DARRELL PAYNE, ESQ.
Florida Bar No. 773300
**STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON**
Museum Tower, Suite 2200
150 West Flagler Street
Miami, Florida 33130
Telephone: 305-789-3200
Email: dpayne@stearnsweaver.com
Secondary Email: cveguilla@stearnsweaver.com

Patricia L. Glaser, Esq**.** *(Pro Hac Vice Counsel)*
Richard W. Buckner, Esq. (*Pro Hac Vice Counsel*)
**GLASER WEIL FINK HOWARD AVCHEN &
SHAPIRO LLP**
10250 Constellation Blvd.
Los Angeles, CA 90067
Telephone: (310) 553-3000
Email: PGlaser@GlaserWeil.com
Secondary Email: kgould@GlaserWeil.com
Email: RBuckner@GlaserWeil.com
Secondary Email: rbenvie@GlaserWeil.com

*Counsel for John Doe, a non-Party Witness*

**CERTIFICATE OF GOOD FAITH CONFERENCE;**
**NO PARTIES ARE OPPOSED TO RELIEF REQUESTED IN THE MOTION**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that undersigned pro hac vice counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues as the relief sought can only be granted by the Court.  The undersigned is authorized to represent that the Plaintiff and the Defendant do not join in this motion but do not oppose the relief sought in this motion.

By:  *s/Richard W. Buckner*
Richard W. Buckner, Esq.
(*Pro Hac Vice Counsel*)

**CERTIFICATE OF SERVICE**

I certify that on September 24th, 2021, I electronically filed this document with the Clerk of the Court using CM/ECF, with Exhibit A filed under seal.  I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

By:    *s/Darrell Payne*
DARRELL PAYNE

10

## SERVICE LIST

Devin Freedman, Esq.
Stephen Lagos, Esq.
Stephen N. Zack, Esq.
**Roche Cyrulnik Freedman L**
200 S. Biscayne Blvd., Suite 5500
Miami, Florida 33131
Tel.: (305) 357-3861
Email: vel@rcfllp.com
Email: slagos@rcflp.com
szack@bsfllp.com

Joseph M. Delich, Esq.
Kyle W. Roche, Esq.
**Roche Freedman LLP**
185 Wythe Avenue F2
Brooklyn, NY 11249
Email: jdelich@rcfllp.com
Email: kyle@rcfllp.com
Email: slagos@rcfllp.com

Maxwell V. Pritt, Esq.
**Boies Schiller Flexner LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA  94104
Tel: (415) 293-6800
Email: mpritt@bsfllp.com

Whitney Lohr, Esq.
**Kurzban Kurzban Tetzeli & Pratt, P.A.**
131 Madeira Avenue
Coral Gables, FL  33134
Tel.: (305) 444-0060
Email: wlohr@kktplaw.com

Andres Rivero, Esq.
Alan H. Rolnick, Esq.
Amanda McGovern, Esq.
Schneur Z. Kass, Esq.
Zaharah R. Markoe, Esq.
Michael A. Fernández, Esq.
**Rivero Mestre LLP**
2525 Ponce de Leon Boulevard
Suite 1000 Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: arolnick@riveromestre.com
Email: amcgovern@riveromestre.com
Email: zkass@riveromestre.com
Email: mfernandez@riveromestre.com
Email: receptionist@riveromestre.com

Andrew S. Brenner, Esq.
Constantine P. Economides, Esq.
Laselve E. Harrison, Esq.
Stephen N. Zack, Esq.
**Boies Schiller Flexner LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
Email: abrenner@bsfllp.com
Email: ceconomides@rcfllp.com
Email: lharrison@bsfllp.com
Email: szack@bsfllp.com