**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

      plaintiffs,

v.                                                                      **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

      defendant.

_____/


**DR. CRAIG WRIGHT'S MOTION TO EXCLUDE THE**
**AUSTRALIAN TAXATION OFFICE'S TAX AUDIT DOCUMENTS**

## I.       INTRODUCTION

Plaintiffs' theory of this case is that David Kleiman and Dr. Wright had an oral

partnership to mine bitcoin and develop bitcoin-related intellectual property, and that after David

Kleiman died, Dr. Wright wrongfully took possession of this partnership's assets. Despite those

boundaries of plaintiffs' claim, they have included on their exhibit list a myriad of documents

pertaining to Australian Taxation Office ("ATO") audits of non-party Australian companies as to

which Dr. Wright was a shareholder and/or a director ("Australian Non-Party Companies").

Dr. Wright previously moved *in limine* to exclude all documents relating to the ATO

audits pursuant to Federal Rules of Evidence 401, 403, 803 and 901. ECF 490 at 3-9. The Court

denied the motion, noting that it did not have before it the specific ATO evidence. ECF No. 623

at 11-13. Plaintiffs have since specifically identified on their exhibit list the ATO documents that

they seek to introduce at trial. ECF No. 672-1. Dr. Wright respectfully requests that the Court

exclude the following documents from evidence at trial:

- P123, P143, P172, P173 and P610: transcriptions of tape-recorded meetings with the ATO prepared by Auscript Australia Pty Ltd ("Auscript") (together, the "Transcriptions");
- P127: notes of a meeting written by Jennifer Trinh of the ATO, which cannot be authenticated (the "Notes");
- P637: the ATO's preliminary submission to the General Anti-Avoidance Rules Panel ("GAAR") panel ("GAAR Submission"); and
- P220, P320, P565, P604, P605, P607, P724, P742 and P795: the ATO's position papers and reasons for decision concerning the audit of several Australian Non-Party Companies (together, the "ATO Decision Exhibits")

The Transcriptions, Notes, GAAR Submission and ATO Decision Exhibits (the "ATO

Documents") constitute inadmissible hearsay under Federal Rule of Evidence 802 and contain

inadmissible embedded hearsay (or hearsay within hearsay) under Rule 805. They are not subject

to any exception under the Rules and would impermissibly confuse and mislead the jury in

violation of Rule 403.

## II.    DISCUSSION

### A.  Even if They Could be Authenticated, the ATO Documents Would Properly be Excluded Under Rules 802 and 805, Because They are Not Subject to Any Hearsay Exception

The ATO documents cannot be authenticated. They have not been certified, nor is anyone listed as a witness who could testify to their authenticity. But even if they could be authenticated, they would remain out of court statements offered to prove the truth of the matters asserted, which constitute hearsay under Rule 801(c)(1). They also contain embedded hearsay statements by various purported speakers. The ATO documents are inadmissible because they are not regarded by the Rules as "non-hearsay" under Rule 801(d), and "do not "fall[] into one of the hearsay exceptions enumerated in Rules 803, 804, and 807." *See United States v. Baker*, 432 F.3d 1189, 1203 (11th Cir. 2005). Moreover, the ATO documents' embedded hearsay statements also are inadmissible because those embedded statements do not satisfy any exceptions under the Rules. *See* Fed. R. Evid. 805; *Williams v. Ingram*, 2014 WL 1765615, at *8 (M.D. Ala. 2014) ("Where there are two layers of hearsay, both layers must be excepted from the hearsay rule for the statement to be admissible.").

Plaintiffs must, but cannot, establish that every level of hearsay satisfies an express exception under the Rules. *E.g.*, *U.S. v. Kennard*, 472 F.3d 851, 856 (11th Cir. 2006). We shall next demonstrate the lack of merit to their claims that 1) "any admission from [Dr.] Wright, or his representative that is contained in the ATO Evidence is not itself hearsay;" 2) "any statements from ATO personnel to [Dr.] Wright and his representative are not hearsay either, because such statements provide context for [Dr.] Wright's statements[1];" 3) "transcripts and recordings constitute present-sense impressions under Rule 801(1)" and "constitute business

---

[1] This argument attempts to exhume the "res gestae" exception that swallowed the hearsay rule until the Federal Rules expressly laid it to rest in 1975. *See* Fed. R. Evid 802.

records from both the ATO and [Dr.] Wright's companies under Rule 803(6);"and 4) "documents memorializing the ATO's findings constitute statements of a 'public office' setting forth 'factual findings from a legally authorized investigation.'" ECF No. 547 at 18-20. None of these exceptions can render the ATO Documents admissible.

### 1. *The Transcriptions Constitute Inadmissible Hearsay*

The Transcriptions cannot be authenticated. But even if they could be, they are incomplete and uncorrected documents that purport to be summary "transcripts" of recordings of purported meetings conducted in connection with the ATO's audit of the Australian Non-Party Companies prepared by Auscript, a service[2] that creates transcriptions after the fact using a person to "listen" to a recording. No stenographer was present at any of the purported meetings. The Transcriptions are themselves hearsay, and every purported statement they contain is embedded hearsay. *E.g., Sloat v. Hewlett Packard Enter. Co.*, 2020 WL 6059867, at *14 (E.D. Tenn. 2020) (A party's "statements and the reproduction of those statements in [a] transcript are both out-of-court statements used for the truth of the matter asserted, and thus [a] transcript constitutes double hearsay."). As a result, even if statements by Dr. Wright could be held to be non-hearsay under Rule 801(d)(2), they would remain inadmissible because the Transcriptions containing them are inadmissible hearsay.

Plaintiffs previously argued that these after-the-fact Transcriptions constitute present-sense impressions under Fed. R. Evid. 803(1). *See* Pls.' Resp. in Opp'n to Def.'s Omnibus Mot. in Lim. at 19 [DE 547]. First, as a matter of logic, these Transcriptions were not anyone's "present-sense" impressions. There was no stenographer present, and these documents were

---

[2] *At Auscript, We Offer More Than Just Transcripts.*, AUSCRIPT, https://www.auscript.com/en-AU/about/ (last visited Sept. 30, 2021).

prepared after the fact, by a person that "listened" to a recording. It is well-settled that recordings are not present-sense impressions, especially where the events described did not occur contemporaneously. *E.g.*, *Ackerman v. Nawrocki*, 2017 WL 2311201, at *2 (D. Colo. 2017) ("Even assuming, as Defendant contends, that Mr. Pacheco's statement falls under the present sense impression exception, Ms. Bryan's transcription of those observations does not satisfy an independent exception. She did not perceive the events Mr. Pacheco described, so as to satisfy the present sense impression exception, and no other exception applies."); *AAMCO Transmissions, Inc. v. Baker*, 591 F. Supp. 2d 788, 795 (E.D. Pa. 2008) (shopper's statements to investigators were not admissible as present-sense impressions.). "To fall within the ambit of this exception to the hearsay rule, the statement describing or explaining the event or condition must be made while the declarant was perceiving the event or condition or immediately thereafter." *United States v. Scrima*, 819 F.2d 996, 1000 (11th Cir. 1987). Further, even when a court reporter prepares a transcript as testimony is given, Rule 803(1)'s exception does not apply, because deposition transcripts remain hearsay despite a court reporter's presence. *E.g.*, *Trustees of Univ. of Pennsylvania v. Lexington Ins. Co.*, 815 F.2d 890, 905 (3d Cir. 1987) ("Admission of prior testimony through a court transcript, merely because the testimony was observed and recorded pursuant to duty imposed by law, would emasculate large portions of the hearsay rule.").

Plaintiffs also have argued that the Transcriptions and recordings constitute business records of both the ATO and the Australian Non-Party Companies under Rule 803(6). *See* Pls.' Resp. in Opp'n to Def.'s Omnibus Mot. in Lim. at 19 [DE 547]. However, business records must, among other things, be certified by a records custodian, and the Transcriptions and recordings aren't certified by anyone. Therefore, "plaintiffs also do not show a path for

4

admission of the document as a business record under Fed. R. Evid. 803(6) because the record does not contain testimony by a custodian of the document (or 'other qualified witness' familiar with the organization's recordkeeping practices), nor does it contain a certification . . . ." *In re: Chiquita Brands Int'l Inc.*, 2019 WL 11497632, at *16 (S.D. Fla. 2019); *see, e.g.*, *SE Prop. Holdings, LLC v. Ctr.*, 2017 WL 1349174, at *2 (S.D. Ala. 2017); *St. Paul Mercury Ins. Co. v. F.D.I.C. ex rel. Hamilton Bank, N.A.*, 2011 WL 2297679, at *3 (S.D. Fla. 2011).

Plaintiffs have not provided a certification, nor have they listed anyone as a witness who could testify that *any* of Rule 803(6)'s requirements have been met. In addition to the lack of certification or records custodian's testimony, plaintiffs also cannot show that the Transcriptions: (1) were "made at or near the time by or from information transmitted by someone with knowledge;" (2) "kept in the course of a regularly conducted activity of a business;" and (3) that "making the record was a regular practice of that activity." Fed. R. Evid. 803(6); *Lamar v. Experian Info. Sys.*, 408 F. Supp. 2d 591, 596 (N.D. Ill. 2006) ("Even though [the] affidavit parrots the language of Evid. Rule 803(6), on its face the letter flunks at least two and perhaps all three of those requirements (although even one failure would be fatal)."); *accord Alliant Tax Credit Fund XVI, Ltd. v. Thomasville Cmty. Hous., LLC*, 713 F. App'x 821, 825–26 (11th Cir. 2017); *Kleiman v. Wright*, 2020 WL 6729362, at *30 (S.D. Fla. 2020) (hearsay held inadmissible where "Plaintiffs have not shown that all of the elements of Fed. R. Evid. 803(6) are satisfied") (Bloom, J.); *Cerrato v. Nutribullet, LLC*, 2017 WL 6373939, at *4 (M.D. Fla. 2017).

As the Eleventh Circuit has explained, "[t]he touchstone of admissibility under [Rule 803(6)] is reliability . . . ." *United States v. Arias-Izquierdo*, 449 F.3d 1168, 1183 (11th Cir. 2006). The Transcriptions' lack of reliability is underscored by the fact that the vast majority of pages have missing words, phrases and other errors, as shown by the following table:

| **Table 1: Defects of the Transcriptions** | | | |
|---|---|---|---|
| Exhibit | Total Number of Pages of Transcription | Total Number of Pages with missing words/ phrases or that do not reflect a speaker's identity | Example of Pages with missing words/phrases, that do not reflect a speaker's identity or reference a document that is not attached |
| P123 | 40 | 36 | 1-12, 14- 32, 34-40. |
| P143/ P610 | 96 | 90 | 1, 3-20, 22-30, 3342, 44-47, 49-53, 55-56, 59, 61, 63-64, 66-74, 76, 78-79, 81-83, 86-92 |
| P172 | 45 | 41 | 4-44 |
| P173 | 45 | 28 | 1-6, 9-13, 15-18, 20, 23-24, 27-30, 36-38, 42-43 |

With 195 of the 226 pages that comprise the Transcriptions omitting words and phrases, and referencing unattached documents, it is clear that these documents are not reliable.

Finally, plaintiffs have claimed that documents memorializing the ATO's findings are admissible under Rule 803(8) because they constitute statements of a "public office" setting forth "factual findings from a legally authorized investigation." *See* Pls.' Resp. in Opp'n to Def.'s Omnibus Mot. in Lim. at 20 [DE 547]. However, for this exception to apply, a report cannot be a mere collection of statements from a witness. It must actually be a report. *See, e.g., Mamani v. Sanchez Bustamante*, 968 F.3d 1216, 1241 (11th Cir. 2020); *United States v. Taylor*, 462 F.3d 1023, 1026 (8th Cir. 2006) ("[T]he report was inadmissible because it did not contain what Rule 803(8)(C) makes admissible—'factual findings resulting from an investigation.'"). Federal Rule of Evidence 803(8) is wholly inapplicable to the Transcriptions, because by definition, they are little more than a collection of unreliable witness statements. *See Roxbury-Smellie v. Fla. Dep't of Corr.*, 324 F. App'x 783, 785 (11th Cir. 2009) (holding that record of interviews conducted by an investigator did not fall into the public records exception).

Because plaintiffs have failed to establish an applicable hearsay exception for the Transcriptions' first layer of hearsay (the documents themselves), the Transcriptions are not admissible.

### 2.   *The Notes Constitute Inadmissible Hearsay*

The Notes purport to be the ATO's Jennifer Trinh's notes of a purported interview conducted by the ATO's Andrew Miller and Jennifer Trinh, of John Chesher and Ann Wrightson, who were employed by Australian companies being audited, to "explain workings in the revised activity statements sent to the ATO on 25 February 2014." P127 at 1. None of these individuals are on the parties' witness list. ECF No. 591. The Notes also were not contemporaneous, and were prepared after the meeting took place. *See* P127 (compare pages 1 and 11). They are not certified, and no witness is listed who could certify them or attest to their authenticity. Thus, the Notes cannot be authenticated, but even if they could be, they would remain inadmissible hearsay.

Plaintiffs seek to admit the Notes to prove the statements they contain, but investigative notes are hearsay, and their purported statements of interviewees are double hearsay. *E.g., O'Neal v. City of Hiram*, 2021 WL 1178075, at *14 (N.D. Ga.), *report and recommendation adopted*, 2021 WL 1171930 (N.D. Ga. 2021) (excluding excerpt from investigation report as inadmissible hearsay); *Maus v. Lesatz*, 2020 WL 1158572, at *6 (E.D. Wis. 2020) (investigator's notes of defendant's statements were inadmissible hearsay); *Wells v. Xpedx*, 2007 WL 9723786, at *1 (M.D. Fla. 2007); *United States v. Cartagena-Albaladejo*, 299 F. Supp. 3d 378, 387 (D.P.R. 2018); ("Investigative notes produced by law enforcement 'are out-of-court statements' that would generally constitute inadmissible hearsay if offered to prove the truth of the matter asserted."); *Thomas v. City of Cedar Park, Texas*, 2008 WL 11415902, at *4 (W.D. Tex.), *report*

7

*and recommendation adopted*, 2008 WL 11417090 (W.D. Tex. 2008) (Interview notes, report, and "administrative sworn statement" were "riddled with hearsay and hearsay within hearsay. . . . this Court will not parse out, sentence fragment by sentence fragment, what is and what is not hearsay."). There is no hearsay exception applicable to the Notes.[3]

The Notes also fail to satisfy the business records exception of Rule 803(6). If a document "is not authenticated, it does not qualify as a business record." *Nooney v. Taylor Pallets & Recycling*, 2020 WL 1083147, at *2 (N.D. Ala. 2020). Here, plaintiffs have not listed any witness who could establish the notes' authenticity under Fed. R. Evid. 901. The Notes also cannot be authenticated under Rules 902(3) or 902(12)—which allow certain foreign public documents[4] and certified foreign records of a regularly conducted activity, to be deemed self-authenticating—because plaintiffs have not tendered the certificates of genuineness required by those Rules. *See, e.g., In re Guillet*, No. 05-10551, 2008 WL 304728, at *3 (Bankr. E.D. Tex. 2008) (proponents' failure "to obtain certificates of genuineness" rendered foreign documents incapable of being deemed self-authenticating, and proponents otherwise "failed to meet their burden to prove the authenticity of any of the sources, authors or the content of any of the documents"). Plaintiffs' failure to provide a proper certification from anyone, including Jennifer

---

[3] This would be true even if the statements are purportedly used for impeachment purposes. *Wells*, 2007 WL 9723786, at *1.

[4] P127 is not a public document for purposes of Rules 902(3) or 902(12). Under the Hague Convention Abolishing the Requirement of Legalisation for Foreign Public Documents, public documents are: "a) documents emanating from an authority or an official connected with the courts or tribunals of the State, including those emanating from a public prosecutor, a clerk of a court or a process-server ("huissier de justice"); b) administrative documents; c) notarial acts; d) official certificates which are placed on documents signed by persons in their private capacity, such as official certificates recording the registration of a document or the fact that it was in existence on a certain date and official and notarial authentications of signatures." *Convention Abolishing the Requirement of Legalisation for Foreign Public Documents*, HCCH (Oct. 5, 1961), https://www.hcch.net/en/instruments/conventions/full-text/?cid=41 (Art. 1(a)). Notes of a meeting, which P127 purports to be, do not satisfy any of these conditions.

Trinh, who purportedly prepared the Notes, fails to satisfy Rule 803(6)'s requirements and demonstrates the Notes' inadmissibility. *E.g., Alliant Tax Credit Fund XVI, Ltd.*, 713 F. App'x at 825–26; *Kleiman*, 2020 WL 6729362, at \*30; *Cerrato* 2017 WL 6373939, at \*4. As such, the Notes are inadmissible under Rule 803(6).

Finally, the Notes do not satisfy the public records exception of Fed. R. Evid. 803(8). By their very nature, the Notes do not include any factual findings. Under analogous circumstances, the Eleventh Circuit has held that witness interviews conducted by government agencies do not satisfy Rule 803(8). *See, e.g., Roxbury-Smellie*, 324 F. App'x at 785 ("The statements made by Roxbury–Smellie's co-workers . . . did not fall into the public records exception because they were not a factual finding made by the EEOC investigator, but rather a record of the interviews conducted by the EEOC investigator.").

The Notes cannot be authenticated. Even if they could be, plaintiffs would remain unable to satisfy any hearsay exception for the first level of hearsay, the Notes themselves. Thus, they may not be admitted at trial and the issue of the inadmissible embedded hearsay they contain need not be reached, because the Notes are inadmissible.

### 3.  *The GAAR Submission Constitutes Inadmissible Hearsay*

The GAAR Submission is effectively a request by the ATO for the GAAR to "advise on the application of GAARs to particular arrangements."[5] The GAAR Submission cannot be authenticated, is itself inadmissible hearsay and contains inadmissible embedded hearsay.

The GAAR Submission cannot be authenticated and does not satisfy the business records exception of Rule 803(6), because there is no certification or witnesses from the ATO who can

---

[5] *General Anti-Avoidance Rules Panel*, AUSTL. TAX'N OFF., https://www.ato.gov.au/General/ATO-advice-and-guidance/In-detail/Private-rulings/General-Anti-Avoidance-Rules-Panel/ (Oct. 1, 2019).

testify about how the document was prepared. As such, Rule 803(6)'s hearsay exception is inapplicable. *E.g., Alliant Tax Credit Fund XVI, Ltd.*, 713 F. App'x at 825–26; *Kleiman*, 2020 WL 6729362, at \*30; *Cerrato* 2017 WL 6373939, at \*4.

Further, because the GAAR Submission was a request for advice from an advisory body, it fails to satisfy Rule 803(8). *E.g., Smith v. Isuzu Motors Ltd.*, 137 F.3d 859, 862 (5th Cir. 1998) ("[I]nterim agency reports or preliminary memoranda do not satisfy Rule 803(8)(C)'s requirements."). Further, even if the GAAR Submission were deemed to reflect the ATO's final position regarding the issues in question, it still would fail to satisfy the public records exception.

Federal Rule of Evidence 803(8) requires that "a report's entries must result from the preparer's own observations and knowledge." *Mamani*, 968 F.3d at 1241 (internal quotations omitted); *Doe v. City of Miami Gardens*, 389 F. Supp. 3d 1118, 1124 (S.D. Fla. 2019). "Evidence reported in a government document is only admissible to the extent that the maker of [the] document could testify to that evidence were he present in court." *Stolarczyk ex rel. Est. of Stolarczyk v. Senator Int'l Freight Forwarding*, LLC, 376 F. Supp. 2d 834, 839 (N.D. Ill. 2005); *Wetherill v. Univ. of Chicago*, 518 F. Supp. 1387, 1390 (N.D. Ill. 1981) (excluding report "based on an assessment and discussion of the literature relating to DES based on and coupled with the personal opinions of the members of the task force and the consultants.").[6]

Thus, "statements made by third persons under no business duty to report are not admissible." *Mamani*, 968 F.3d at 1241 (internal quotations omitted). Additionally, any

---

[6] As another court put it, "[t]his means that hearsay statements contained within the Report (which would otherwise constitute hearsay within hearsay) are not rendered admissible by the fact that they are contained within the Report." *Lockwood v. McMillan*, 237 F. Supp. 3d 840, 850 (S.D. Ind. 2017); *accord Lewis v. Velez*, 149 F.R.D. 474, 489 (S.D.N.Y. 1993) ("Rule 803 may not be used to circumvent the 'indicia of reliability' requirement for admission of hearsay, and thus the statements that form the bulk of the report are . . . inadmissible hearsay that do not become admissible by virtue of their inclusion in the . . . report").

underlying documentary sources used to create a report must themselves be subject to a hearsay exception. *E.g.*, *Kibler v. G.M.C.*, 1996 WL 767417, at \*2 (W.D. Wash. 1996) ("[V]arious documents relied upon in creating the DeBlois draft report were not themselves 'factual findings resulting from an investigation made pursuant to authority granted by law.' Thus, those underlying sources do not satisfy the requirements of Rule 803(8)(C).").

Here, the GAAR submission purports to contain and reflect statements that third parties (who will not be available for cross-examination at trial) made to the ATO. *See, e.g.*, P637 at ¶49 (referencing communications with Siemens Australia). It also contains extensive summaries of underlying documents, including unattached court files (*id.* at ¶¶ 56-57), for which plaintiffs have identified no exception to the rule against hearsay. In short, the GAAR submission cannot be authenticated, is itself inadmissible hearsay, and neither it nor anything it contains may be admitted as evidence at trial.

### 4.   *The ATO Decision Exhibits Constitute Inadmissible Hearsay*

The ATO Decision Exhibits purport to reflect determinations of the ATO with respect to the audits of the Australian Non-Party Companies. Plaintiffs previously indicated that they want to use these documents to prove "whether [Dr.]Wright properly acquired intellectual property from W&K and whether certain documents at issue in this action are authentic." ECF No. 547 at 13. They also have stated that they intend to use "findings that demonstrate that Wright lied to the ATO about his 'acquisition' of intellectual property from W&K." *Id.* Plaintiffs expressly seek to use the ATO Decision Exhibits for the truth of the matters they assert, but these documents are hearsay, and the statements they contain are embedded hearsay. *E.g., Williams*, 2014 WL 1765615, at \*9 ("Even though Officer Ingram's statement to the informant qualifies as non-hearsay under Rule 801(d)(2)(A), Mr. Williams seeks to offer that statement through the

informant, but he does not argue any grounds upon which the informant's statement can be

reduced to admissible form.").

Like the documents discussed above, the ATO Decision Exhibits fail to satisfy Rule

803(6)'s business records exception because there is no certification or witness who can testify

about how the ATO prepared the document. The following chart identifies ATO personnel who

are referenced in the ATO Decision Exhibits:

| Exhibit(s) | Personnel from the ATO identified in the ATO Decision Exhibits |
|---|---|
| P724 | Letters directed toward Andrew Sommer that include an empty signature block for James O'Hollaran of the ATO and identify Andrew Miller of the ATO as a contact officer. |
| P 604 | Letter directed "Attention: John Balazs and Robyn Thomas," that include an empty signature block for Michael Cranston of the ATO and identify Arna Synnot of the ATO as a contact officer. |
| P320, P565, P607 and P795 | Identify Arna Synnot of the ATO as someone with information about those documents. |
| P742 | No ATO personnel is referenced. |

None of the individuals identified in the chart are included on the parties' witness list.

Nor have plaintiffs listed any other ATO personnel, or provided a certification from the ATO,

that could satisfy Rule 803(6). *See Alliant Tax Credit Fund XVI, Ltd.*, 713 F. App'x at 825–26;

*Kleiman*, 2020 WL 6729362, at *30; *Cerrato* 2017 WL 6373939, at *4. As such, Rule 803(6)

bars admission of the ATO Decision Exhibits.

The ATO Decision Exhibits are also inadmissible under Rule 808(8)(c), because they are

replete with embedded hearsay. [7] For example, they purport to contain extensive summaries of

---

[7] P565 and P604 both state that they set out "details of any *proposed* adjustments or recommendations that *might be made as a result of the finalisation of the audit*." (emphasis added). Because these documents, even if they could be authenticated, plainly are not final, and appear to have been prepared to notify a (non-)party of potential liability, they are inadmissible under Rule 803(8). *E.g.*, *New Jersey Tpk. Auth. v. PPG Indus., Inc.*, 197 F.3d 96, 110 (3d Cir. 1999) ("Appellees challenge the Directives as nothing more than a form of notice pleading used

underlying documents for which plaintiffs have identified no hearsay exception, including the

findings of an agency other than the ATO, unattached court files, and purported expert reports.

*E.g.*, P320 at ¶44, P607 at ¶42 (summarizing the "findings" of AusIndustry); P320 at ¶137, P607

at ¶135 (summarizing GST audits for other entities and referencing interim reports); P742 at ¶37-

38 (unattached court files); P795 at ¶177-78 (referencing purported expert reports). The

following table summarizes the number of documents cited in the ATO Decision Exhibits:

| Exhibit | Total Number of Unattached Exhibits |
|---------|--------------------------------------|
| P724 | 4 |
| P604 | 104 |
| P565 | 10 |
| P795 | 138 |
| P320 | 129 |
| P607 | 126 |
| P742 | 29 |

The ATO Decision Exhibits also liberally reflect purported statements that third parties

(who will not be available for cross-examination at trial) purportedly made to the ATO. *See, e.g.*,

P604 at ¶¶150, 231; P 795 at ¶¶125, 172, 265, 267; P565 at ¶59; P320 at ¶215 (information

obtained from Professor Rees's daughters, unidentified third parties and government entities).

Moreover, credibility determinations are inadmissible under Rule 803(8)(C), *e.g.*, *Hogan v. Wal-*

*Mart Stores Inc.*, 2010 WL 624277, at *1 (S.D. Ill. 2010), and the ATO Decision Documents

contain many such statements that impliedly or directly bear on Dr. Wright's credibility. *See,*

*e.g.*, P724 at ¶43; P565 at ¶¶39, 51, 60, 75; P320 at ¶242.3l.[8] Finally, some of the ATO Decision

---

to serve notice of potential liability for costs of clean up, and, although the factual findings set
forth within the Directives are presumably the result of the NJDEP's own investigations,
appellees urge that they are not the result of an adversarial process. We think that the appellees
have the better argument and the findings contained in the Directives have not been shown to be
admissible as evidence.") (citation omitted).

[8] One of the ATO Decision Documents also purports to reflect legal conclusions made by the
ATO, *e.g.*, P742 at ¶107-109, which are inadmissible under Eleventh Circuit precedent. *See*
*Hines v. Brandon Steel Decks, Inc.*, 886 F.2d 299, 302 (11th Cir. 1989).

Documents boil down to mere argument by the ATO. *See, e.g.*, P320 at ¶260, P607 at ¶259 ("We dispute Dr. Wright's contention . . . .").

In sum, the ATO Decision Exhibits cannot be authenticated, are themselves inadmissible hearsay, and contain inadmissible embedded hearsay. They should be excluded at trial.

**B. Even If They Could be Authenticated and Were Subject to Hearsay Exceptions at Every Level, The ATO Documents Still Would Require Exclusion Under Rule 403 as Unfairly Prejudicial, Confusing and Misleading**

Even if they could be authenticated and were subject to hearsay exceptions at every level, Federal Rule of Evidence 403 still would require exclusion of the ATO Documents, because their "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, . . . [or] wasting time." Fed. R. Evid. 403. The Eleventh Circuit has explained that "[t]he 'major function' of Rule 403 is to 'exclude[ ] matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.'" *Bryant v. Mascara*, 800 F. App'x 881, 887 (11th Cir. 2020) (internal quotation omitted). Thus, "[i]n evaluating probative value, we consider how essential the evidence is to proving a relevant point: evidence which is inessential and only introduced to bolster other evidence will be weighed less heavily against its potential prejudicial effect." *Id.* Because the ATO Documents, if relevant at all, are relevant only to proving marginally relevant facts, their probative value is limited. In contrast, as demonstrated below, their significant prejudicial effect would outweigh whatever minimal probative value they might possess.

**1. *The Transcriptions and Notes Would Impermissibly Confuse and Mislead the Jury While Offering Little in the Way of Probative Value***

While the Transcriptions and Notes might contain some relevant information, they contain far more irrelevant information regarding matters not at issue in this case, such as the ATO's view on how bitcoin should be treated from a tax perspective, business transactions with

unaffiliated entities and individuals, tax refunds, and prior disputes with the ATO. *See, e.g.*, P123 at 21-28; P127 at 2-4, 10; P143 at 68; P172 at 2-4; P173 at 27-32, 38-45. Much of the relevant information will also be cumulative – Dr. Wright will testify at trial, and plaintiffs can probe any relevant information in the Transcriptions and Notes through that testimony, and could, in appropriate circumstances, use the Transcriptions and Notes for impeachment, but not as substantive evidence. *See, e.g., Noel Shows, Inc. v. United States*, 721 F.2d 327, 330 (11th Cir. 1983) (exclusion of evidence under Rule 403 that was cumulative and would confuse the jury was no abuse of discretion).

As noted above in Table 1, the Transcriptions and Notes refer to documents that are not attached, are littered with missing words, phrases and/or identification of who is speaking. Even if they were admissible, such poor-quality evidence would mislead and confuse the jury. They therefore should be excluded. *See United States v. McAnalley*, 535 F. App'x 809, 812 (11th Cir. 2013) (In an arson case, "the district court did not abuse its discretion when it refused to risk confusion by admitting complex financial statements that combined, without designation among each business, figures from two other businesses not involved in the arson."). Further, even if plaintiffs could identify the unattached documents referred to by the Transcriptions and Notes, there would be no guarantee that similarly referenced documents produced in this case would be identical to the ones referenced by the exhibits. Similarly, the jury would be forced to guess at the countless missing words, phrases and speakers in the Transcriptions and Notes.

In weighing the limited probative value of the Transcriptions and Notes against the significant risk of confusing and misleading the jury, the Court should find that the balance weighs in favor of excluding the Transcriptions and Notes.

2. *The GAAR Submission and ATO Decision Exhibits are Highly Prejudicial Foreign Agency Documents That Would Mislead and Confuse the Jury*

The ATO Decision Exhibits purport to reflect the determinations of a foreign agency respecting the eligibility of several Australian Non-Party Companies for tax credits under foreign law. Plaintiffs intend to use that evidence to show "whether Wright properly acquired intellectual property from W&K" and "that Wright lied to the ATO about his 'acquisition' of intellectual property from W&K." ECF No. 547 at 13. Both purposes are improper and compel exclusion of those documents under Federal Rule of Evidence 403.

First, "this case will be tried before a jury that may give undue weight to a letter written by a government agency." *Cambra v. Restaurant School*, 2005 WL 2886220, at \*4 (E.D. Pa. 2005). In that vein, "[a] jury may not be aware of 'the limits and vagaries of administrative determinations' and thus be unable to give the Letter its proper weight and no more." *Id.; Peklun v. Tierra Del Mar Condo. Ass'n, Inc.*, 2016 WL 4250688, at \*3 (S.D. Fla. 2016) (Bloom, J.). Here, there is a significant risk that the jury would give undue and improper weight to the ATO Decision Exhibits' subsidiary conclusions regarding Dr. Wright's acquisition of intellectual property from W&K, as if they somehow were binding determinations of Australian law, which they plainly were not. *See In re Vitamin C Antitrust Litig.,* 2012 WL 4511308, at \*4 (E.D.N.Y. 2012) ("If the Ministry Statements are admitted, there is a real danger that the jury will understand them to be binding statements of Chinese law.").

Second, "[p]resenting the jury with evidence that another fact-finder found testimony not credible would unfairly influence the jury in this determination." *Cambra*, 2005 WL 2886220, at \*5; *Randle v. Tregre*, 147 F. Supp. 3d 581, 599 (E.D. La. 2015), *aff'd*, 670 F. App'x 285 (5th Cir. 2016) ("The investigator's opinion about whether certain defendants are telling the truth is substantially outweighed by the danger of unfair prejudice."); *Klein v. Vanek*, 86 F. Supp. 2d

812, 820 (N.D. Ill. 2000) ("Even were the Court to conclude that Palahniuk's report was admissible under Rule 803(8)(C), we would exclude the report under Federal Rule of Evidence 403. Palahniuk's conclusion involves the core issue in the case, the same issue that the jury will have to resolve: is Klein's account credible?").[9]

Although plaintiffs have not yet indicated how they intend to use the GAAR Submission, it is likely that they will seek to use it for the same improper purpose as the ATO Decision Exhibits. The Court should similarly exclude the GAAR Submission from evidence at trial. Finally, the ATO Decision Exhibits do not attach any of the documents to which they refer, and the GAAR Submission omits many of the documents to which it refers. This would further mislead and confuse the jury, demonstrating even more clearly that these documents should be excluded, even if they could be authenticated and satisfy hearsay exceptions at every level. *Cf. McAnalley*, 535 F. App'x at 812.

### III.    CONCLUSION

For all the good and sufficient reasons demonstrated above, the ATO Documents should not be admitted as substantive evidence at trial.

### S.D. FLA. L.R. 7.1 CERTIFICATION

In accordance with S.D. Fla. L.R. 7.1(a)(3), counsel for Dr. Wright has conferred with plaintiffs' counsel. Plaintiffs oppose the relief requested here.


Date: September 30, 2021,

---

[9] Under Fed. R. Evid. 404(b), the credibility determinations in the ATO Decision Exhibits also are inadmissible because plaintiffs offer them solely to show that Dr. Wright has a propensity to commit the acts plaintiffs have alleged in this case. *See, e.g., J&R Ice Cream Corp. v. Cali. Smoothie Licensing Corp.*, 31 F. 3d 1259 (3d Cir. 1994).

Respectfully submitted,


By: s/ Andres Rivero
ANDRES RIVERO
Florida Bar No. 613819
AMANDA MCGOVERN
Florida Bar No. 964263
ZAHARAH MARKOE
Florida Bar No. 504734
SCHNEUR KASS
Florida Bar No. 100554

RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard,
Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: amcgovern@riveromestre.com
Email: zmarkoe@riveromestre.com
Email: zkass@riveromestre.com
Email: receptionist@riveromestre.com

MICHAEL A. FERNÁNDEZ
(*Pro Hac Vice*)

RIVERO MESTRE LLP
565 Fifth Avenue, 7th Floor
New York, NY 10017
Telephone: (212) 880-9451
Email: mfernandez@riveromestre.com

*Counsel for Dr. Craig S. Wright*


## CERTIFICATE OF SERVICE

I CERTIFY that on September 30, 2021, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.


*/s/* Andres Rivero