UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

  plaintiffs,
v.               **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

  defendant.
_____/

## DR. CRAIG WRIGHT'S MOTION
## TO EXCLUDE IMPROPER CHARACTER EVIDENCE AT TRIAL

I. **INTRODUCTION**

Plaintiffs have included documents on their exhibit list that they will likely use to argue, in violation of the Federal Rules of Evidence, that Dr. Wright engaged in prior acts of alleged misconduct. Dr. Wright requests that the Court exclude the following evidence at trial:

1. An email sent by Dr. Wright to Ramona Ang while he was still married to his ex-wife Lynn Wright to demonstrate that Dr. Wright "cheated" on his ex-wife. *See* P679.

2. An email from Dr. Wright where he discusses "stealing" some items as a child, teenager, and young adult, including books and a radio. *See* P770.

3. An email quoting news articles asserting that in 2015 Dr. Wright lied about his academic credentials. *See* P317.

4. Documents and testimony that Dr. Wright allegedly forged a contract between an Australian company with which he was affiliated and an organization with which Deborah Kobzah was affiliated in 2014. The contract was later submitted to the ATO in connection with obtaining tax credits on behalf of certain companies that Dr. Wright was affiliated with. *See* P637 at b7576; P638; *see also* Deborah Kobzah Depo Trans. at 22:11-26-25, December 18, 2019, filed at D.E 590-9.

5. A 2015 Australian Search Warrant to search at the offices of Australian companies, with which Dr. Wright was affiliated, in connection with those entities obtaining certain tax credits from the ATO. *See* P606.

6. Documents purportedly showing that in 2014 Dr. Wright allegedly altered email communications between him and the ATO in connection with obtaining certain tax

      credits on behalf of Australian companies with which he was affiliated. *See* P063, P238, and P239.

7. Documents concerning the resignation of Mr. Andrew Sommer, an Australian attorney, after the ATO denied the contents certain email communications. *See* P240 and P661.

8. Documents and testimony that in 2014 and 2015 Dr. Wright allegedly altered invoices and email communications from High Secured, which were later submitted to the ATO in connection with requesting certain tax credits. *See* P136, P170, P192 – P197, P199, P204-P206, P613, P616, P617, and P653; *see also* Edman Second Supplemental Report at ¶¶ 1-6, 40-92, filed at D.E. 500-02.

9. Evidence consisting of multiple news articles and a Twitter post stating that Dr. Wright submitted fake documents in this case. *See* P558, P560, and P562.

Much of the above evidence has little, if any, relevance to the claims in this case. Plaintiffs are not suing Dr. Wright for allegedly cheating on his former wife, stealing books as an adolescent, or lying about his academic credentials. Even when a document touches an issue in this case, however, it is readily apparent that plaintiffs seek to use the document only to show that Dr. Wright has a propensity for deception and forgery and that he is acting in accordance with that propensity. This is the exact kind of improper character evidence that the Federal Rules of Evidence prohibits, and the Court should exclude this evidence from trial.

## II. DISCUSSION

### A. Federal Rule of Evidence 404(b) Prohibits the Kind of Character Evidence that Plaintiffs Are Attempting to Admit at Trial

Rule 404(b) states: "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance

with the character." In interpreting that rule, the Eleventh Circuit has adopted a three-prong test governing admissibility:

> First, the evidence must be relevant to an issue other than the defendant's character, Second, the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; Third, the probative value of the evidence must not be substantially outweighed by its undue prejudice and the evidence must meet the requirements of Rule 403.

*U.S. v.* Mathews, 431 F. 3d 1296, 1310 (11th Cir. 2005).

The proponent of Rule 404(b) evidence must be able to "clearly articulate how that evidence fits into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the . . . [alleged act]." *See Becker v. Arco Chem. Co.*, 207 F. 3d 176 (3d Cir. 2000) (holding that plaintiff's evidence failed this test because it implied that because the defendant once fabricated reasons for a termination, he did so again). Plaintiffs offer this evidence to create an inference that Dr. Wright is the kind of person who has done bad acts (*e.g.*, falsifying documents) before, and would do it again. Plaintiffs have made their true motivation of admitting this evidence clear: to portray "a pattern of lies, deception, and fraudulent conduct." *See* Pls' Omnibus Sanctions Mot. D.E. 507; *see* 2nd Am. Compl. D.E. 83. "This is the very evil that Rule 404(b) seeks to prevent." *See Becker*, 207 F. 3d at 193.

Moreover, plaintiffs' proposed character evidence is not relevant to any material fact at issue, absent the inference that Dr. Wright has a propensity to act in a certain way and he acted in conformity with his prior conduct. *See J&R Ice Cream Corp. v. Cali. Smoothie Licensing Corp.*, 31 F. 3d 1259 (3d Cir. 1994) (concluding that other act evidence should not be admitted to prove facts that did not go to an element or ultimate issue of the case). The only connection between the proposed character evidence and issues in this case is the inference that Dr. Wright is likely

to have committed the acts alleged by plaintiffs because he previously engaged in "similar" conduct.

### B. Plaintiffs' Character Evidence Is Also Highly Prejudicial and Inadmissible under Federal Rule of Evidence 403

Not only is plaintiffs' character evidence not relevant to any issue other than Dr. Wright's character, but also the probative value of the evidence is substantially outweighed by its undue prejudice. *See* Fed. R. Evid. 403. Here, the evidence is highly prejudicial because there is substantial risk that the jury would view the aforementioned evidence of prior conduct as "did it once, did it again" evidence. *See Thompson v. Mancuso*, 2009 WL 1616713, at *8 (E.D. Pa. 2009) (holding that even if the evidence of defendants' prior misconduct is admissible to prove their intent in this case, the prejudice that would result from the introduction substantially outweighs any probative value it may have). The jury could use "the highly prejudicial, indeed almost inflammatory evidence" to conclude that Dr. Wright was engaged in a scheme to defraud plaintiffs by using deception and forgeries. *See e.g. J&R Ice Cream Corp.*, 31 F. 3d at 1269 (concluding that the testimony was prejudicial because it portrayed California Smoothie as an organization engaged in a large-scale scheme to defraud prospective franchisees by using misrepresentations to persuade them to acquire franchises). The prejudice that would result from introduction of plaintiffs' character evidence substantially outweighs any probative value it may have, so the Court should preclude its admission.

### C. Federal Rule of Evidence 608(b) Does Not Provide a Basis for Admitting Plaintiffs' Character Evidence

Finally, plaintiffs will not be able to use the character evidence under Federal Rule of Evidence 608(b). Rule 608(b) provides that:

> extrinsic evidence is not admissible to prove specific instances of a witnesses' conduct in order to attack or support the witnesses'

> character for truthfulness. But the court may, on cross-
> examination, allow them to be inquired into if they are probative of
> the character for truthfulness or untruthfulness of (1) the witness;
> or (2) another witness whose character the witness being cross-
> examined has testified about.

Fed. R. Evid. 608(b). Rule 608(b) does not provide a basis to plaintiffs for admitting character evidence, "inasmuch as the plain language of the first sentence of the Rule prohibits the introduction of extrinsic evidence to prove specific instances of a witness's conduct for the purpose of attacking the witness's credibility." *Becker*, 207 F. 3d at 204. Here, plaintiffs' proffered character evidence clearly qualifies as extrinsic evidence, and extrinsic evidence of Dr. Wright's alleged dishonest acts is not admissible, even if Dr. Wright denies engaging in the alleged misconduct. *See Mancuso*, 2009 WL 2626723, at *9 ("There is a risk that allowing extrinsic evidence would result in a mini-trial regarding a tangential issue of dubious probative values that is laden with potential undue prejudice.").

## III. CONCLUSION

For the foregoing reasons, Dr. Wright requests that the Court preclude plaintiffs from admitting improper character evidence at trial.

## S.D. FLA. L.R. 7.1 CERTIFICATION

In accordance with S.D. Fla. L.R. 7.1(a)(3), counsel for Dr. Wright has conferred with plaintiffs' counsel. Plaintiffs have agreed to remove P700 from their exhibit list, but the rest of the documents cited in this motion remain contested.

Date: September 30, 2021                                Respectfully submitted,

                                                    By: s/ Amanda McGovern
ANDRES RIVERO
Florida Bar No. 613819
AMANDA MCGOVERN
Florida Bar No. 964263
ZAHARAH MARKOE
Florida Bar No. 504734
SCHNEUR KASS
Florida Bar No. 100554

RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard,
Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: amcgovern@riveromestre.com
Email: zmarkoe@riveromestre.com
Email: zkass@riveromestre.com
Email: receptionist@riveromestre.com

MICHAEL A. FERNÁNDEZ
(*Pro Hac Vice*)

RIVERO MESTRE LLP
565 Fifth Avenue, 7th Floor
New York, NY 10017
Telephone: (212) 880-9451
Email: mfernandez@riveromestre.com

*Counsel for Dr. Craig S. Wright*

## CERTIFICATE OF SERVICE

      I CERTIFY that on September 30, 2021, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                          */s/* Amanda McGovern