**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

      plaintiffs,

v.                                                                                    **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

      defendant.

_____/


**DR. CRAIG WRIGHT'S MOTION TO INTRODUCE**
**DAVE KLEIMAN'S ELECTRONIC DATA STORAGE DEVICES AT TRIAL**

# I.    INTRODUCTION

At the September 14, 2021, hearing, Dr. Wright requested permission from the Court to introduce at trial physical evidence in the form of the electronic devices that were found in Dave Kleiman's possession at the time of his death[1] (the "Electronic Devices"). The Electronic Devices are direct physical evidence that Dr Wright believes should exonerate him from the claims of theft of bitcoin and intellectual property that Ira Kleiman has lodged against him. It is undisputed that at least three of those devices were encrypted by Dave Kleiman beyond the possibility of decryption. It is also undisputed that Ira Kleiman, as to the other devices, wiped data that was on those devices at the time of Dave Kleiman's death. It is essential for Dr. Wright's defense that he be permitted to show the jury the direct physical evidence that comes from Dave Kleiman.

A photograph or exemplar of that physical evidence is not an adequate substitute for the evidence itself. As the Court knows, plaintiffs have been relentless with their allegations of forgery, manipulation, and deceit with respect to evidence in this case. Any suggestion or belief that a picture or an exemplar has a different evidentiary weight or that it may not be authentic, is unduly prejudicial to Dr. Wright's defense. There is no legitimate reason to hamstring Dr. Wright's ability to defend himself with the physical evidence in this case by requiring him to use a substitute of that evidence. Plaintiffs' counsel's statement in Court on September 14, 2021, that Ira Kleiman is concerned about bringing the devices does not prevail over Dr. Wright's right to present that physical evidence without concern as to the authenticity of that physical evidence.

---

[1] A list of Dave Kleiman's fifteen devices is attached as **Exhibit A.** Plaintiffs identified these devices as having been owned by Dave Kleiman at the time of his death in Response No. 2 of "Plaintiff's Second Amended Responses and Objections to Wright's First Set of Interrogatories to Plaintiff, Ira Kleiman dated March 21, 2019," attached hereto as **Exhibit B.**

1

Further, using exemplars can lead to mistaken witness testimony and additional jury confusion. Many of the Electronic Devices are almost ten years old and no longer in production. A modern-day exemplar will not be an exact replica of the original device and can lead to erroneous witness testimony about what devices Dave Kleiman always kept on his person. Photos are also not an adequate substitute because they cannot be manipulated and will not convey to the jury the unique characteristics of the Electronic Devices, some of which have military specifications and have tops that must be screwed in and are protected by an outer shell.

This motion also addresses plaintiffs' evidentiary objections to all fifteen Electronic Devices, on the basis that they are somehow irrelevant under Rule 401 of the Federal Rules of Evidence and, if relevant, that they are unduly prejudicial under Rule 403. Neither theory has merit.

Under Federal Rule of Civil Procedure 45, the Court has authority to compel Ira Kleiman to bring the Electronic Devices to trial – and Dr. Wright has served Ira Kleiman with a Rule 45 trial subpoena. *See* subpoena and return of service, attached as **Exhibit C**. In order to ensure a fair trial, the Court should permit Dr. Wright to show the jury Dave Kleiman's physical Electronic Devices.

## II.     DISCUSSION

### A.  The Court Has the Authority to Compel Ira Kleiman to Bring Dave Kleiman's Electronic Devices to Trial

Dr. Wright asks the Court to enforce a Rule 45 trial subpoena compelling Ira Kleiman to bring Dave Kleiman's Electronic Devices to trial. This is expressly authorized by Rule 45, which permits a party to compel another to bring "tangible things in [his] possession" in conjunction with "a subpoena commanding attendance at a deposition, hearing, or trial." R. Civ. P. 45(a)(1)(A)(iii), (a)(1)(C). Of critical importance is the fact that nothing in the plain text of Rule

45 limits its application to non-parties. *Mortg. Info. Servs., Inc. v. Kitchens*, 210 F.R.D. 562, 564–66 (W.D.N.C. 2002) (enforcing the majority view that Rule 45 "may be used to subpoena any person—party or nonparty—to produce books, documents, or tangible things at the trial") (collecting cases). Unsurprisingly, many courts have enforced Rule 45 subpoenas directed to parties. *See, e.g.*, *Gaudin v. Remis*, 2007 WL 294130, at *3 (D. Haw. 2007); *Jackson Est. of Jackson v. Overhead Door Corp.*, 2009 WL 10674315, at *4 (N.D. Fla. 2009); *Lehman Bros. Holdings, Inc. v. Laureate Realty Servs., Inc.*, 2007 WL 9757791, at *3 (S.D. Ind. 2007).

Some courts have refused to enforce a Rule 45 subpoena directed to a party when used in an effort to conduct discovery after the discovery deadline has passed. Nothing like that is happening here. *See, e.g.*, *Mortg. Info. Servs., Inc.*, 210 F.R.D. at 567 (Trial subpoenas with "broad language" requesting "the production of entire categories of documents rather than itemizing specific documents necessary for use as exhibits at trial" were an improper use of Rule 45.); *Inland Empire Foods, Inc. v. Zateca Foods, LLC*, 2010 WL 11519370, at *3 (C.D. Cal. 2010) (improper to issue Rule 45 subpoenas seeking ten years of broad financial data after the discovery deadline). Dr. Wright does not seek to discover any additional information about Dave Kleiman's Electronic Devices. He already utilized the discovery process to learn about the devices' characteristics and the nature of their contents. Now, he simply asks plaintiffs to bring the original Electronic Devices to trial so that he may show them to the jury.

Seeking original evidence to present to a jury—as Dr. Wright does here—is not discovery. "The purpose of discovery is to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case." *AIG Centennial Ins. Co. v. O'Neill*, 2010 WL 4116555, at *3 (S.D. Fla. 2010) (citation omitted). There is "no authority 'that the [F]ederal [R]ules *require* a party to produce original documents

in order to satisfy its discovery obligations.'" *Kleppinger v. Texas Dep't of Transp.*, WL 12893651, at *2 (S.D. Tex. 2012), *order am. on recons.*, 2012 WL 12893655 (S.D. Tex. 2012) (quoting *Rundus v. City of Dallas*, 2009 WL 3614519, at *3 (N.D. Tex. 2009) (emphasis in original)). One obtains original evidence to present to a jury through a Rule 45 trial subpoena—which is exactly what Dr. Wright seeks to do here. *Circle Grp., L.L.C. v. Se. Carpenters Reg'l Council*, 836 F. Supp. 2d 1327, 1357 (N.D. Ga. 2011) (A Rule 45 trial subpoena may be employed in advance of trial for "memory refreshment, trial preparation, *or to secure for the use at trial original documents previously disclosed by discovery.*") (emphasis added)); *Rasmussen v. Central Florida Council BSA, Inc.*, 2010 WL 11508114, at *2 (M.D. Fla. 2010) (enforcing trial subpoena served after discovery ended, which sought original complete copies of bank records that were produced in redacted form during discovery). The Court plainly is empowered under Rule 45 to order plaintiffs to bring Dave Kleiman's Electronic Devices to trial.

### B. Dave Kleiman's Electronic Devices are Relevant

The Electronic Devices were highly important to Dave Kleiman. His best friend, Kimon Andreou, testified that he had one of them with him at all times. *See* K. Andreou Depo. Tr., 50:3-10. If he had ever possessed any bitcoin, the private keys to those bitcoin wallets would have been stored on his Electronic Devices, to which Dr. Wright's experts never had access until the Magistrate ordered them produced. In an email to Dr. Wright on March 6, 2014, Ira Kleiman acknowledged as much, stating that "we may have 300,000 Bitcoins [on Dave's Electronic Devices], but simply don't know how to retrieve them." *See* March 6, 2014, email from I. Kleiman to C. Wright, attached as **Exhibit D.**

Thus, the Electronic Devices constitute significant circumstantial evidence that any bitcoin Dave Kleiman might have mined or otherwise possessed never were stolen and the

private keys remain on the Electronic Devices, encrypted so that neither plaintiffs nor anyone else can retrieve them. Accordingly, the Electronic Devices easily satisfy the low relevancy threshold of the federal rules. *See* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has *any tendency* to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.") (emphasis added). Recognizing the importance of the Electronic Devices, Magistrate Reinhart ordered plaintiffs to provide Dr. Wright's experts with access, in order to analyze their contents forensically. *See* Tr. Hearing dated February 20, 2019, pp. 48-53 [D.E. 123]. Dr. Wright's experts (like plaintiffs') could not decrypt the Electronic Devices, and the mystery of their contents persists. But that mystery does not lessen their relevance and importance to this case.

It is undisputed that Dave Kleiman was very protective of his Electronic Devices. His best friend, Kimon Andreou, testified that he protected his Electronic Devices with "highly complex passwords and lots of them." *See* K. Andreou Depo. Tr., 54:12-13. Defendant's forensic expert, Nicholas Chambers, testified that the Electronic Devices currently contain encrypted data. *See* N. Chambers Depo. Tr., 188:7-9. His actual business partner, Patrick Paige, testified that Dave Kleiman "never went anywhere without" his indestructible thumb drive. *See* P. Paige Depo. Tr., 20:21-25.

It is undisputed that Dr. Wright has never had access to the Electronic Devices.[2] It logically follows *that Dr. Wright could not have "stolen" any bitcoin that required access to the private keys stored on the Electronic Devices*. If Dave Kleiman possessed any bitcoin, the private keys likely remain in encrypted form on the Electronic Devices, or were deleted by Ira

---

[2] In accordance with the Magistrate's order, Dr. Wright's experts were prohibited from directly sharing the device content with Dr. Wright. D.E. 117.

Kleiman—who has possessed the devices since Dave Kleiman's death.[3] When Ira Kleiman could not access some of the Electronic Devices, he reformatted and overwrote them, permanently deleting all data they had contained.[4] Further, he later attempted to sell some of the Electronic Devices to venture capitalists, representing that they "may hold over 300,000 BTC." *See* June 23, 2016, email from I. Kleiman, attached as **Exhibit E**. The Electronic Devices are plainly relevant, and the jury is entitled to see the Electronic Devices that "may hold over 300,000 BTC."[5]

### C. The Electronic Devices Are Not Unduly Prejudicial Under Rule 403

Federal Rule of Evidence 403 is an "extraordinary remedy" that should be invoked "sparingly," with a balance to be struck in favor of admissibility. *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013) (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011)). As the former Fifth Circuit put it, "[r]elevant evidence is inherently prejudicial; but it is only *Unfair prejudice*, Substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403." *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979) (emphasis added) ("Unless trials are to be conducted on scenarios, on unreal facts tailored and

---

[3] In fact, plaintiffs laid venue in this District based on the allegation that Dave Kleiman mined bitcoin here. *See* Second Amended Complaint, ¶¶ 2, 5. If any such mining ever had occurred, plaintiffs also alleged that Dave Kleiman would have stored the private keys to the mined bitcoin on the Electronic Devices. *Id.*, ¶ 93.

[4] Neither plaintiffs nor anyone else can decrypt the Electronic Devices, and Ira Kleiman committed spoliation of evidence when he reformatted and overwrote some of them, years before he gave up and decided to sue Dr. Wright. In fact, reasonable jurors could conclude that plaintiffs' inability to access the data on the Electronic Devices is the very reason why this case was brought. *See* Plaintiffs' Exhibit 124 (April 8, 2019, I. Kleiman Depo. Tr. 45:9-53:24; I. Kleiman Depo. Tr. Ex. 6 ("I very well could have already made some mistakes months ago by throwing away a bunch of Dave's papers and formatting drives that I couldn't access.")).

[5] Further, plaintiffs' counsel argued at the Sept. 14, 2021 hearing that it was a "security risk" to bring the Electronic Devices to the trial because of the possibility that they "contain billions of dollars [bitcoin]." That argument alone demonstrates the relevance of the Electronic Devices. They could contain the very bitcoin over which plaintiffs sue. The jury is entitled to see them.

sanitized for the occasion, the application of Rule 403 must be cautious and sparing.").[6] For evidence to be excluded under Rule 403, it must have "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an *emotional one*." Fed. R. Evid. 403 advisory committee's note (1972) (emphasis added). Evidence cannot be unduly prejudicial unless it appeals to the "jury's sympathies, arouses its sense of horror, provokes its instinct to punish, or otherwise may cause a jury to base its decision on something other than the established propositions in the case." *Sec. & Exch. Comm'n v. Ferrone*, 163 F. Supp. 3d 549, 556 (N.D. Ill. 2016).

Applying this standard, courts err on the side of admitting physical evidence challenged under Rule 403, *e.g.*, *Patrick*, 513 F. App'x at 886, and routinely reject Rule 403 challenges to highly sensational physical evidence that, unlike the Electronic Devices, *actually is* likely to inflame a jury and induce a decision on an improper basis. *E.g.*, *McRae*, 593 F.2d at 707 (crime-scene photographs of murder victim that were "gross, distasteful and disturbing"); *United States v. Johnson*, 637 F.2d 1224, 1248 (9th Cir.1980), *abrogated on other grounds, Schmuck v. United States*, 489 U.S. 705 (1989) (axe admitted as suspected assault weapon because it "was very relevant to the government's case and the jury was entitled to see it"). Indeed, the Eleventh Circuit has upheld the admission of a hard drive into evidence in a matter where the contents of the hard drive were at issue. *See United States v. Cullen*, 798 F. App'x 976, 980 (11th Cir. 2019). Further, such physical evidence is admissible even when it is not an element of the claim or crime. *United States v. Toyer*, 274 F. App'x 844, 847 (11th Cir. 2008) (drug paraphernalia admitted in a trial for felony possession of firearm or ammunition).

---

[6] Decisions of the former Fifth Circuit rendered prior to October 1, 1981, are binding on courts of the Eleventh Circuit. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

Dave Kleiman's Electronic Devices simply are not a type of evidence that would inflame the jury or have an undue tendency to suggest decision on an improper basis. They are ordinary items found in most offices and homes, can be purchased without any restrictions, and were used for their intended purposes, unlike axes used as weapons. There is no basis for finding them unduly prejudicial. Further, introducing the Electronic Devices at trial will *reduce jury confusion* and enable the jurors to better follow the testimony. As noted above, many witnesses will be testifying about the Electronic Devices. Having them in the courtroom will enable the jurors to follow that testimony more easily, will demonstrate how portable the devices are, and will show that Dave Kleiman was able to keep one of more of them on his person at all times.

### D. The Court Should Permit Dr. Wright to Introduce Dave Kleiman's Actual Electronic Devices

Plaintiffs argue that Dr. Wright should introduce photographs or replicas instead of the actual Electronic Devices. That argument fails to address the fact that "[a]ll relevant testimony is admissible unless some specific rule of evidence excludes it." *Mathiesen v. Panama Canal Co.*, 551 F.2d 954, 957 (5th Cir. 1977); Fed. R. Evid. 402 ("[R]elevant evidence is admissible unless . . . ."); *United States v. Chukwu*, 842 F. App'x 314, 319 (11th Cir. 2021) ("In general, relevant evidence is admissible unless otherwise provided by rule or law."). Here, the Electronic Devices are relevant and not excluded by any other rule of evidence, such as Rule 403. Thus, Dr. Wright is permitted to use the devices at trial and conduct his defense of this case as he sees fit.

Additionally, there are good reasons why photos or duplicate devices are not an acceptable substitute for the Electronic Devices. Using photographs would not permit Dr. Wright to demonstrate the physical characteristics of the Electronic Devices. For example, a number of the devices have tops that must be screwed in and are protected by an outer shell. The physical characteristics of the Electronic Devices illustrate that they were highly protected, and makes it

more likely that important information, such as the private keys to bitcoin or information regarding bitcoin wallets, was stored on them.

Similarly, a duplicate device would not be a sufficient substitute for the actual Electronic Devices. After a good faith search for comparable devices, an exact duplicate for about half of the devices cannot be located for purchase. By using an inexact duplicate, Dr. Wright might elicit testimony that is confusing to the jury. A witness would not be able to identify the duplicate device as one that Dave Kleiman owned because an exact duplicate either is no longer made, the color is incorrect, or some other physical characteristic does not match. Accordingly, both photographs and duplicate devices would be insufficient alternatives that would not provide the same evidentiary value to the jury as the Electronic Devices, which are the best evidence.

### E. Plaintiffs' Unsubstantiated Claims that Dave Kleiman's Devices Contain "Sensitive Information" Does Not Justify Preventing Dr. Wright from Introducing them at Trial

Plaintiffs argue that they should not have to bring the Electronic Devices to trial because they supposedly contain highly sensitive information. Plaintiffs' unsubstantiated claim of "sensitive information" is not a valid basis for quashing a Rule 45 trial subpoena. *See, e.g.*, *Bruce v. Potomac Elec. Power Co.*, 162 A.3d 177, 185–86 (D.C. 2017) (A claim that a subpoenaed item contains private or sensitive information does not equate to undue burden).

Plaintiffs have long argued that *some* of the Electronic Devices contain sensitive and irrelevant information that shouldn't be viewed by Dr. Wright. Starting in February 2019, plaintiffs claimed that some of the devices contained "personal information such as photographs of [Ira Kleiman's] wife and minor children and commercial movie/music files." [7] Those claims

---

[7] Plaintiffs claimed that the devices contain "personal information such as photographs of [Ira Kleiman's] wife and minor children and commercial movie/music files." *See* Pls. Resp. to Def.'s

caused Magistrate Reinhart to establish a complicated procedure permitting Dr. Wright's experts

to view the devices' contents, without providing Dr. Wright any access. D.E. 117. Yet, when Ira

Kleiman was deposed two months later, in April 2019, he suddenly had no idea what was on the

devices. If fact, *he did not even know* if they contained any commercial movies or family

pictures.

> Q: Are you storing any commercial videos on any of these devices?
> A. I don't remember.
> Q. Are you storing any commercial music files on any of these devices?
> A. I would have to look at them. I don't know.
> Q. You didn't look at them before today?
> A. Yes, I've looked at them before today but I don't remember it exactly what
> was on them.
> Q. Do you remember storing any pictures of your family on any of those devices?
> A. I think -- yes, I think I put some photos. I mean I would imagine that some of
> these drives have photos.
> Q. Which drives have photos?
> A. I don't know specifically.

Depo. Tr. of I. Kleiman April 4, 2019, p. 68:23-69:13. Yet, here we are again. Plaintiffs are once

again claiming that Dave Kleiman's Electronic Devices contain such "sensitive information" that

they cannot be presented at trial. *See* Hr'g Tr. Sept. 14, 2021, p. 57:14-17. But as shown by Ira

Kleiman's deposition testimony, that claim is without merit.

Further, plaintiffs initially did not object that all of the devices contain sensitive

information. In fact, *plaintiffs originally agreed to provide Dr. Wright with a "forensic copy" of*

*the data on the "metal encased ESB drive that David Kleiman kept on his person"* – and did not

---

Req. for Produc. No. 1. [D.E. 97-1]. They then claimed that the Electronic Devices contained
"privileged communication and work product, along with personal/private family photographs of
Ira's wife and minor children." Opp'n to Def's Disc. Mem. Feb. 14, 2019. [D.E. 97]. Finally,
they claimed that the Electronic Devices contained commercial movies and music, along with
baby pictures. *See* Hr'g Tr. Feb. 20, 2019, p. 45:18-23 [D.E. 107].

object that the device contained "sensitive information." *See* Pls. Resp. to Def.'s Req. for Produc. No. 2. [D.E. 97-1]. Plainly, not *all the devices* contain purported "sensitive information," and plaintiffs excuses with respect to those devices are without merit.

Finally, even if plaintiffs' concerns were valid (which they have failed to demonstrate), plaintiffs have made no showing that adequate safety measures could not be taken. High value items are routinely brought to trial. *E.g.*, *United States v. Gonzalez*, 933 F.2d 417, 427-28 (7th Cir. 1991) (*two and a half tons* (2,248 kilograms) of cocaine). There will be a bailiff present and plaintiffs will be able to see the Electronic Devices at all times. The devices will be safe.

## III.    CONCLUSION

The Electronic Devices are an essential feature of this case and this Court has the authority under Rule 45 to compel Ira Kleiman to bring them to trial. They are highly relevant under Rule 401, and their admission will not even remotely suggest an improper basis for decision under Rule 403. They are evidence of the places where Dave Kleiman would have stored his private keys to the purported bitcoin that plaintiffs claim he possessed. Plaintiffs' Rule 403 objection is without merit. For all the foregoing good reasons, Dr. Wright respectfully requests that the Court enforce the subpoena to plaintiffs to bring Dave Kleiman's Electronic Devices to trial.[8]

## S.D. FLA. L.R. 7.1 CERTIFICATION

In accordance with S.D. Fla. L.R. 7.1(a)(3), counsel for Dr. Wright has conferred with plaintiffs' counsel. Plaintiffs oppose the relief requested here.

---

[8] If the Court were to deny this motion, plaintiffs should be required to provide Dr. Wright with clear, high-quality photographs of the Electronic Devices and Dr. Wright should be permitted to use exemplars of the drives at trial. *See* Hr'g Tr. Sept. 14, 2021, p. 58:14-17. Further, plaintiffs should not be permitted at trial to object to the use of the photos or exemplars or call into question their likeness to the Electronic Devices.

Date: September 30, 2021                               Respectfully submitted,

By: s/ Andres Rivero
ANDRES RIVERO
Florida Bar No. 613819
AMANDA MCGOVERN
Florida Bar No. 964263
ZAHARAH MARKOE
Florida Bar No. 504734
SCHNEUR KASS
Florida Bar No. 100554

RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard,
Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: amcgovern@riveromestre.com
Email: zmarkoe@riveromestre.com
Email: zkass@riveromestre.com
Email: receptionist@riveromestre.com

MICHAEL A. FERNÁNDEZ
(*Pro Hac Vice*)

RIVERO MESTRE LLP
565 Fifth Avenue, 7th Floor
New York, NY 10017
Telephone: (212) 880-9451
Email: mfernandez@riveromestre.com

*Counsel for Dr. Craig S. Wright*

## CERTIFICATE OF SERVICE

I CERTIFY that on September 30, 2021, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Andres Rivero

12