# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>*Plaintiffs,*<br><br>v.<br><br>CRAIG WRIGHT<br><br>*Defendant.* | CASE NO.: 9:18-cv-80176-BB/BR |

### PLAINTIFFS' SECOND AMENDED RESPONSES AND OBJECTIONS TO WRIGHT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF, IRA KLEIMAN

PLEASE TAKE NOTICE that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiffs hereby responds to Wright's First Set of Interrogatories to Plaintiff, Ira Kleiman as follows:

### SPECIFIC OBJECTIONS TO TIME FRAME

Plaintiffs' object to the time period requested as it is inconsistent with what the Defendant himself has argued is appropriate at this stage of the litigation. Accordingly, unless indicated otherwise, Plaintiffs' will treat the relevant time period for all Interrogatories as one month after the filing of the Initial Complaint. If the parties reach an agreement to expand the relevant time period, or if Defendant demonstrates a specific reason to exceed that timeframe for an individual interrogatory, Ira will supplement his responses to the extent necessary.

### SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1:**

Identify of [sic] all persons that were present at the November 26, 2009, Thanksgiving dinner referenced in paragraphs 58 through 62 of the Second Amended Complaint.

**RESPONSE TO REQUEST NO. 1:**

The following individuals were present at the November 26, 2009 Thanksgiving dinner referenced in paragraphs 58 through 62 of the Second Amended Complaint:

- Louis Kleiman;
- Dave Kleiman;
- Ira Kleiman (155 Bent Tree Drive, Palm Beach Gardens, FL. 33418;  phone: 561-624-6367; self-employed in website design / affiliate marketing);
- Ju Kleiman (155 Bent Tree Drive, Palm Beach Gardens, FL. 33418; phone:  561-624-6367; salesperson at LG Electronics, Thailand); and
- Ira's six-month year old child.

**REQUEST NO. 2:**

Identify all electronic devices that Dave Kleiman owned or possessed at the time of his death.

**RESPONSE TO REQUEST NO. 2:**

Ira objects to this Request to the extent it seeks knowledge he doesn't possess. Notwithstanding that objection, the following is a list of the electronic devices that Ira believes to have been owned or possessed by Dave Kleiman at the time of his death:

| Device Description | Type | Amount of Data currently stored  (GB) |
|---|---|---|
| Seagate Momentus 500GB | External HDD | 17.6 |
| WD Scorpio Blue 750GB | External HDD | 119.2 |
| Seagate Momentus 500GB | External HDD | 0 |
| Hitachi Travelstar 100GB | External HDD | 0 |
| WD Scorpio Black 320GB | External HDD | 0 |
| Four to five hard drives that are no longer in the estate's possession.[1] | External HDD | n/a |
| HTC T7373X Touch Pro2 | Mobile Phone | .01 |

---

[1] Ira gave three or four drives that were possessed by Dave Kleiman at the time of his death, to Patrick Page (Dave's business partner in Computer Forensics LLC) as Patrick informed him they were Computer Forensic LLC's drives with the business's data stored on them.  There was one other drive that was on Dave's bedroom counter. This drive was broken, and would not power on. Ira disposed of this drive in 2013.

2

| Samsung Galaxy Note SGH-I717 | Mobile Phone | N/A |
|---|---|---|
| Corsair Survivor Stealth TD Black | Thumb Drive | 25.7 |
| Corsair Survivor Stealth TD Gray Orange | Thumb Drive | 2.09 |
| Corsair Survivor Stealth TD Gray Blue | Thumb Drive | 58 |
| Corsair Survivor Stealth TD Gray Blue 2 | Thumb Drive | 48.7 |
| IACIS TD | Thumb Drive | 0.35 |
| Micro Vault Tiny 4GB | Thumb Drive | .1 |
| Sandisk Cruzer Micro 8GB | Thumb Drive | 2.81 |
| CEIC 2009 2GB | Thumb Drive | 2.79 |
| Key Thumbdrive 8GB | Thumb Drive | 1.03 |
| Two Alienware m9700i R1 series laptops | Laptop | n/a |
| 1 Dell Laptop (Precision M65) | Laptop | n/a |
| 1 Toshiba micro tower (Magnia Z310) | Desktop | n/a |
| Various CD-ROM containing various software programs | CD-ROM | n/a |

**Email Accounts**
1. kleimandave@yahoo.com
2. davesdigitalforensics@gmail.com
3. dave@davekleiman.com
4. dave@netmedic.net
5. dave@isecureu.com

**REQUEST NO. 3:**

Describe with specificity all attempts you have made to access Dave Kleiman's electronic devices.

**RESPONSE TO REQUEST NO. 3:**

Ira did not keep a record of every attempt he made to access Dave Kleiman's electronic devices. That said, Ira states that he personally reviewed all drives that were accessible. During this review, Ira looked through each individual folder and each individual file contained on these drives to find anything of importance.

Ira successfully installed Windows operating systems on two of the drives in an effort to gain access to those drives in November 2013. He successfully installed Windows 7 on the Seagate Momentus 500 GB drive (Serial No. 5VE1B6VT) on November 10, 2013. He installed Windows 8 on the WD Scorpio Blue 750 GB drive on November 17, 2013.

**REQUEST NO. 4:**

Describe with specificity all attempts you have made to determine the identity and location of any cryptocurrency that Dave Kleiman owned or possessed at the time of his death apart [sic].

**RESPONSE TO REQUEST NO. 4:**

Ira objects to this request to the extent it seeks privileged information protected by the attorney client privilege and work product privilege. Notwithstanding that objection, Ira states that he personally reviewed all accessible electronic devices that he believed Dave owned or possessed. During this review, Ira looked through each individual folder and each individual file contained on these drives to find anything of importance.

Furthermore, Ira spoke to the following individuals in an effort to identify the identity and location of the cryptocurrency that Dave Kleiman owned at the time of his death:

- Craig Wright;
- Patrick Paige;
- Carter Conrad;
- Angela Ojea (cell-phone: 561-707-3734; home phone: 561-748-9916); and
- Kimon Andreou (phone: 305-606-7423).

Finally, Ira has reviewed numerous documents provided by the Defendant, Ramona Watts, the Australian Tax Office, as well as documents obtained from the public domain, from the Australian Courts, and as a result of subpoenas served in this litigation to try and identify the cryptocurrency and location of the cryptocurrency the Defendant stole from Dave and W&K Info

Defense Research, LLC.

**REQUEST NO. 5:**

Identify by public address all cryptocurrency that you claim rightfully belongs to Dave Kleiman or his estate.

**RESPONSE TO REQUEST NO. 5:**

Discovery is still ongoing and Plaintiffs currently lack sufficient knowledge to identify the public addresses of *all* cryptocurrency belonging to Dave Kleiman or his estate. Plaintiffs will supplement the response to this Request as more information is made available during the discovery process.

Based on information available to Plaintiff today, however, Plaintiffs believe that any cryptocurrency held in the following addresses (or any bitcoin transferred out of these wallets), belongs at least in part, to Plaintiffs:

1. 12tls9c9RsALt4ockxa1hB41TCTSmxj2me
2. 1933phthK3ZgFQNLGSDXvqCn32k2buXY8a
3. 1FeexV6bAHb8ybZjqQMJJrcCrHGW9sb6uF
4. 1f1miYFQWTzdliCBxtHHniW7IVAWPUccr
5. 1MHdm5XZ111rfoZFoUid&GbYevmdiXoob4
6. 18JPragfuDVHWWG8ABQ15cghJFetnXUJBD
7. 1LXc28hWx1t8np5sCAb2EaNFqPwqJCuERD
8. 1FpqQnKQCgDkJFMC94JL8FpRyHTZ3uRVZ1
9. 1F34duy2eeMz5mSrvFepVzy7Y1rBsnAyWC
10. 1JtpgqCf3SSeCeYWEDJjkfYFH7Ruhy4Vp1
11. 18k9tin39LKegfzHe8rxSgvJXDpuMriGJq
12. 1HtTw9zR9wWFfgV8Jy8MqsaeVl7ZXrjdq6

5

13. 18pn4NQ7NgsJjeuFjazeTdVRnsmfw5ofTz

14. 12fZ2HxkljG9zn1u44XYsFFYKHM4A2zCea

15. 12tkqA9xSoowkzoERHMWNKsTey55YEBqkv

16. 16Ls6azc76ixc9Ny7AB5ZPPq6oiEL9XwXy

17. 12HddUDLhRP2F8JjpKYeKaDxxt5wUvx5nq

18. 1P3S1grZVmcqYDuaEOVOYobJ5Fx85E9fE9

19. 1MyGwFAJjVtB5rGJa32M6Yh46cGirUta1K

20. 145YHsQU7HMzkRnD5SBSuFAzQgCYnAnlkN

21. 16TPVCpvtJ6FkV5xNKBp35aMo4BWFGxiEY

22. 1KbrSKrT3GeEruTuuYYUSQ35JwKbrAWJYm

23. 1FLFnbN7m5psLfvLEwYtRUUjJ34YkmV3dM

24. 1A6SDef1TJAM8Saw2SqmqFGhkWR1y3qMx2

25. 16cou7Hl6WjTzuFyDBnht9hmvXytg6XdVT

26. 12ib7dApVFvg82TXKycWBNpN8kFyiAN1dr

**REQUEST NO. 6:**

Identify with specificity all intellectual property that you claim rightfully belongs to Dave Kleiman or his estate.

**RESPONSE TO REQUEST NO. 6:**

Discovery is still ongoing and Plaintiffs currently lack sufficient knowledge to identify *all* intellectual property belonging to them. Plaintiffs will supplement the response to this Request as more information is made available during the discovery process.

Based on information available to Plaintiffs today, however, Plaintiffs believe that the estate and/or W&K have an ownership interest in source code, compiler code, Machine Language

6

(MASM/NASM), algorithms, manuals, trademarks, pending patents, granted patents, and other external filings associated with the following IP items:

1. A metered payments system;
2. Software derivative markets & information security risk systems;
3. Software assurance marketplace;
4. Software assurance through economic measures and anti-fraud system;
5. Risk quantification system (for financial modeling in Bitcoin);
6. SCADA measurements suite of software; and
7. Scriptable money.

More generally, Plaintiffs believe that the Defendant has taken intellectual property belonging to the estate and W&K that was created by Dave and Craig's partnership through research Dave Kleiman conducted with Craig Wright that was not completed or published as of 2015. Further discovery is needed to uncover the exact nature of this intellectual property, including discovery to uncover the exact nature of the 6,000,000 lines of code the Defendant has admitted David Kleiman created.

Furthermore, Plaintiffs believe they hold an interest in the security, banking, and automation intellectual property distributed to Cloudcroft, Hotwire, and Coin-Exch. Finally, Plaintiffs believe they hold an interest in the intellectual property, source code, algorithms, and patentable materials claimed by DeMorgan which relates to the development of smart contract and Blockchain based technologies and the commercialization of Blockchain and smart contract system research.

**REQUEST NO. 7:**

Describe with specificity how you first came to possess copies of the documents that are attached as exhibits 9, 12 15, and 18 to the Second Amended Complaint, and Exhibit A to Plaintiffs' First Request

for Production, including by identifying the first person who provided you with copies of those documents.

**RESPONSE TO REQUEST NO. 7:**

Ira first reviewed Exhibit 9 to the Second Amended Complaint when it was released online by John Cook of Gawker. *See* https://www.documentcloud.org/documents/2644013-20140226-Meeting-Minutes-Redacted.html. Ira first reviewed Exhibit 12 of the Second Amended Complaint when it was released online by Gizmodo. https://gizmodo.com/heres-all-the-evidence-that-craig-wright-invented-bitco-1747059371. Ira first reviewed Exhibit 15 of the Second Amended Complaint when Craig emailed it to him on May 11, 2014. Ira first reviewed Exhibit 18 of the Second Amended Complaint when Ramona Watts emailed it to him on July 2, 2015.

**REQUEST NO. 8:**

Identify all persons at news agencies with whom you have spoken about any of the facts that you have alleged in the Second Amended Complaint.

**RESPONSE TO REQUEST NO.**

Ira or his attorneys had discussions or correspondence with the following persons at news agencies about the facts alleged in the Second Amended Complaint:

1. Andy Cush (443-852-1025; andy.cush@gmail.com)
2. Sam Biddle (sam.biddle@theintercept.com)
3. Andy Greenberg (Wired); (agreenberg@wired.com)
4. Jordan Pearson (vice); (jordan.pearson@vice.com)
5. Ryan Browne (NBC Universal); (Ryan.Browne@nbcuni.com)
6. Ritika Shah (NBC Universal); (Ritika.Shah@nbcuni.com)
7. Michelle Caruso-Cabrera (NBC Universal) (Michelle.Caruso-Cabrera@nbcuni.com)
8. Cyrus Farivar (arstechnica); (cyrus.farivar@arstechnica.com)

9. MP McQueen (ALM); (mmcqueen@alm.com)

10. Will Yakowicz (Inc.com); (wry201@gmail.com)

11. Olga Kharif (Bloomberg); (okharif@bloomberg.net)

12. Jef Feeley (Bloomberg); (jfeeley@bloomberg.net)

**REQUEST NO. 9:**

Identify the auditor from the ATO who allegedly reached out to you as referenced in paragraph 141 of the Second Amended Complaint.

**RESPONSE TO REQUEST NO. 9:**

Ira states that the auditor referenced in paragraph 141 of the Second Amended Complaint is Andrew Miller (Phone: (02) 9354-6379).

| | |
|---|---|
| Dated: March 21, 2019 | Respectfully submitted, |
| | *s/ Velvel (Devin) Freedman* |
| | Velvel (Devin) Freedman, Esq. |
| | BOIES SCHILLER FLEXNER LLP |
| | 100 SE Second Street, Suite 2800 |
| | Miami, Florida  33131 |
| | Telephone:  (305) 539-8400 |
| | Facsimile:   (305) 539-1307 |
| | vfreedman@bsfllp.com |
| | |
| | Kyle W. Roche, Esq. |
| | *Admitted Pro Hac Vice* |
| | BOIES SCHILLER FLEXNER LLP |
| | 333 Main Street |
| | Armonk, NY 10504 |
| | Telephone: (914) 749-8200 |
| | Facsimile:  (914) 749-8300 |
| | kroche@bsfllp.com |
| | |
| | *Counsel to Plaintiff Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.* |

**CERTIFICATE OF SERVICE**

9

I HEREBY CERTIFY that on March 21, 2019, a true and correct copy of the foregoing was served on all counsel of record identified on the Service List below via e-mail:

Andres Rivero, Esq.
Jorge A. Mester, Esq.
Alan H. Rolnick, Esq.
Amanda McGovern, Esq.
Zaharah Markoe, Esq.
Zalman Kass, Esq.
RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard
Suite 1000
Coral Gables, FL 33134
305-445-2500
(305) 445-2505 (fax)
arivero@riveromestre.com
jmestre@riveromestre.com
arolnick@riveromestre.com
receptionist@riveromestre.com
zkass@riveromestre.com
zmarkoe@riveromestre.com
amcgovern@riveromestre.com

                                              */s/ Velvel (Devin) Freedman*
                                              Velvel (Devin) Freedman

I, Ira Kleiman, declare under penalty of perjury under the laws of the United States and the State of Florida, that the foregoing is true and correct.

Executed on March 21, 2019 at West Palm Beach, Florida.

_____
Ira Kleiman