UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC

  *Plaintiffs,*

v.

CRAIG WRIGHT

  *Defendant.*

CASE NO.: 9:18-cv-80176-BB

# PLAINTIFFS' BRIEF IN SUPPORT OF THE ADMISSIBILITY OF THE DEMONSTRATIVE THEY INTEND TO USE IN OPENING

  Plaintiffs plan to use a single demonstrative exhibit in their opening statement. This demonstrative is a basic timeline of events composed exclusively **of Defendant's own statements**.[1] The entries are all either (i) emails from Defendant that were produced by Defendant in discovery, or (ii) are clear admissions from Defendant (*e.g.,* audio recordings, transcripts, or deposition testimony about Defendant's statements).[2] Despite these statements' apparent admissibility, Defendant originally asked this Court to exclude the entire demonstrative because he "objected" to the admission of his own statements into evidence.

  At the September 14th calendar call, Plaintiffs argued that (i) the admissions on the timeline are patently admissible despite Defendant's objection and that (ii) Plaintiffs should be permitted to use evidence in opening that they have a good faith basis to believe will be admitted.

---

[1] The only exception to this are undisputed factual milestones like the date David Kleiman died.
[2] There was previously an entry on the timeline that while Defendant's statement, reflected Judge Reinhart's sanctions ruling overturned by this Court. Plaintiffs have entirely removed that entry.

Defendant has now withdrawn all but three objections to the timeline.[3] The remaining objections are to entries on the timeline for August 11, 2014, March 18, 2016, and June 30, 2016.[4] This brief therefore only addresses those three entries.

The remaining three objected-to statements from Defendant are patently admissible based on the facts, law, and this Court's past rulings in this case. That said, the Court need not resolve the actual admissibility question now. Instead, the demonstrative should be allowed in opening if there is a good faith basis the evidence cited therein will be admitted at trial. Of course, if Plaintiffs promise evidence in opening statement but fail to deliver, Defendant will punish Plaintiffs for that misstep in his closing argument.

For use in opening, Defendant's primary objection appears to be hearsay, but admissions by a party opponent are not hearsay, and are generally admitted into evidence if relevant (which these statements are). Thus, the "good faith basis" test is easily satisfied.

I. **The quotations in Plaintiffs' opening demonstrative are admissible**

    A. **Quotations from Defendant are not hearsay, the documents containing them are authentic, and the information is relevant**

Wright's statements are all admissions by a party opponent and are not hearsay. *See* Fed. R. Evid. 801(d)(2)(A)-(B) (a statement is not hearsay if it is "offered against an opposing party" and "was made by the party in an individual or representative capacity" or "is one the party manifested that it adopted or believed to be true"); *see also United States v. Holland*, 241 F. App'x 957, 960 (11th Cir. 2007) (statements in emails "constituted admissions by a party and therefore were non-hearsay"); *United States v. Siddiqui*, 235 F.3d 1318, 1323 (11th Cir. 2000) (emails sent by defendant "constitute admissions of a party pursuant to Fed. R. Evid. 801(d)(2)(A)").

---

[3] Defendant has stated that notwithstanding his concession for the demonstrative, he is reserving the right to object to the admissibility of the documents referenced on the demonstrative.
[4] The revised demonstrative is attached hereto as Exhibit B.

Defendant's "authenticity objections" to documents **he** produced in discovery are a red herring. The two transcripts Defendant objected to **were produced by him**, he therefore "implicitly authenticated the documents." *John Paul Mitchell Sys. v. Quality King Distribs., Inc.*, 106 F. Supp. 2d 462, 472 (S.D.N.Y. 2000); *Wells v. XPEDX*, 2007 WL 2696566, at *4 (M.D. Fa. Sept. 11, 2007) ("Documents produced during discovery are deemed authentic when offered by a party opponent." (internal citations and quotations omitted)); *Slone v. Judd*, 2011 WL 1124618, at *2 (M.D. Fla. Mar. 25, 2011) (same); *Nola Fine Art, Inc. v. Ducks Unlimited, Inc.*, 88 F. Supp. 3d 602, 607 (E.D. La. 2015) ("Ducks Unlimited produced the email to plaintiffs in discovery and therefore cannot seriously dispute the email's authenticity."); *Schaghticoke Tribal Nation v. Kempthorne*, 587 F. Supp. 2d 389, 397 (D. Conn. 2008) ("[T]hese emails have been properly authenticated to the extent that they were produced to Petitioner by BGR itself during discovery.").

Furthermore, the statements described below are clearly relevant because they either expressly reference the partnership between Wright and David Kleiman, or describe that partnership's work or assets, such as the joint mining of bitcoin. *See* DE [623], at 11 (finding "statements regarding the business relationship between Mr. Kleiman and Defendant" to be relevant). Indeed, they are being offered to establish Wright and David Kleiman were business partners, and that such partnership included bitcoin mining and the development of intellectual property—the critical issues of this case. *See, e.g.*, DE [487] at 23 (seeking summary judgment on basis that no partnership existed). Any claimed lack of "relevance" is specious.

### B. Transcripts produced by Wright

i. <u>ATO Transcript—Trial Exhibit P172 (DEF_00068665)</u>

Defendant has objected to the inclusion of his statements to the Australian Tax Office that are reflected in a transcript dated August 11, 2014. The quotes are derived from Trial Exhibit P172

3

(produced by Defendant under bates stamp DEF_00068665), which is a transcript of a meeting between Defendant and the Australian Tax Office ("ATO"):

- "A long-term friend of mine, Dave Kleiman and I, started that so that we could start building an exchange platform,…Dave and I had been friends and sort of partners that way for a long time." (P172, at DEFAUS_00068669).

- "There was a trust set up to put a number of bitcoin that Dave was mining and everything like that into," which was used as a "funding mechanism . . . [f]or research . . ." (P172, at DEFAUS_00068671).

- "When we were starting originally, we looked at a bitcoin value of probably $20 million. By the time we started looking at actually capitalising that and around Dave's death, that had gone up to, I think, $100 million." (P172, at DEFAUS_00068675).

Wright objects to Exhibit P172 on hearsay, authenticity, and relevance grounds, as well as on the basis that it is unduly prejudicial, overly speculative, and violates the best evidence rule. As explained below, the Court already rejected most of these objections when it denied Defendant's motion in limine to exclude documents related to the ATO investigation.

1. Hearsay, Authenticity, and Relevance Objections

The hearsay objection lacks merit because these statements were made by Wright and are being offered against him. Fed. R. Evid. 801(d)(2)(A). Indeed, the Court already ruled that Wright's hearsay objection to these materials is "unavailing." DE [623], at 12 (order on motions in limine).

The Court similarly rejected Wright's authenticity objections to this transcript. *Id.* ("merely because Defendant 'denies' that transcripts 'accurately reflect the discussions in the meetings' does not support the proposition that the transcripts cannot be authenticated").

This is more than sufficient for Plaintiffs' to meet the relatively low bar for overcoming an authenticity objection. *See United States v. Lanzon*, 639 F.3d 1293, 1301 (11th Cir. 2011) ("The

proponent need only present enough evidence to make out a prima facie case that the proffered evidence is what it purports to be."). Moreover, because the ATO sent Wright the transcript, it can be authenticated pursuant to Rule 901(a)(7)(B), which provides that evidence may be authenticated with evidence that "a purported public record or statement is from the office where items of this kind are kept." *See Whiting v. Boston Edison Co.*, No. 88-mc-2125, 1990 WL 150010, at *2 (D. Mass. Sept. 24, 1990) (document obtained from government authenticated under Rule 901(7)); *Loque v. State Farm Fire & Cas. Co.*, No. 06-cv-2881, 2007 WL 2229287, at *1 (E.D. La. Aug. 1, 2007) (government report authenticated under Rule 901(7)).

The Court also already determined that some of the documents from the ATO investigation are relevant. DE [623], at 11 ("To begin, the Court does not agree that all materials associated with the ATO investigation are irrelevant."). Indeed, the specific transcript excerpts included in Plaintiffs' opening demonstrative are highly relevant to the claims and damages, as they go to Defendant's relationship with Dave Kleiman, their partnership to mine bitcoin together, and the value of the bitcoin that was mined.

The Court should therefore allow the use of this evidence in Plaintiffs' opening demonstrative for the same reasons it denied Defendant's motion in limine.

### 2. Unduly Prejudicial

In ruling on the motions in limine, the Court was "unconvinced that ATO materials—again, in the abstract—are so prejudicial, confusing, or misleading that Rule 403 should bar their admission." DE [623], at 11. It noted that "Rule 403 is an 'extraordinary remedy' that should be invoked 'sparingly, and the balance should be struck in favor of admissibility.'" *Id.* (quoting *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013)). Its "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *Id.* at 4 (quoting *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir.

5

2001)). "When determining whether to admit evidence that is potentially prejudicial, district courts should 'look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact.'" *United States v. Carr*, 607 F. App'x 869, 873 (11th Cir. 2015) (quoting *United States v. Elkins,* 885 F.2d 775, 784 (11th Cir. 1989)).

Here, the material at issue is <u>highly</u> relevant and has significant probative value, not least because the statements are admissions that occurred before this lawsuit was filed, only after which did Wright begin to downplay the nature of his relationship with Dave Kleiman and begin to deny the existence of their partnership. *See Collins v. Francis*, 728 F.2d 1322, 1337 (11th Cir. 1984) ("The statements had probative value. They were admissions . . . admissible for all purposes."). The probative value of Wright's prior statements about his partnership with David Kleiman will likely prejudice the defense as it's highly persuasive evidence proving Plaintiffs' claims, but it is not <u>unfair</u> prejudice. "Unfair prejudice, as contemplated by Rule 403, cannot be equated with evidence that is simply adverse to the opposing party." *Discrete Wireless, Inc. v. Coleman Techs., Inc.*, No. 1:06-cv-0554-, 2009 WL 3334873, at *4 (N.D. Ga. Mar. 4, 2009) (citing *Borden, Inc. v. Florida East Coast Ry. Co.*, 772 F.2d 750, 756 (11th Cir. 1985)).

### 3. <u>Speculation</u>

Defendant also made a "speculation" objection to Exhibit P172, but Federal Rule of Evidence 602 only requires a witness to have "personal knowledge of the matter" being testified about. In other words, Rule 602 is generally concerned with the admissibility of <u>testimony</u>, not documents. Regardless, Dr. Wright necessarily has personal knowledge of the transcript since he was present at the meeting, likely received a copy from the ATO to comment on its accuracy (*see* DE [525-11] (reflecting comments by Defendant on another ATO transcript)), and produced the document to Plaintiffs in discovery. Defendant's "speculation" objection is without merit, and may not be used to shield this key evidence from being previewed in opening.

### 4. Best Evidence Rule

Defendant also objects that P172 violates the best evidence rule, presumably because it is a transcript. The best evidence rule requires the use of an "original" to "prove its content unless these rules or a federal statute provides otherwise." Fed. R. Evid. 1002.

Defendant is wrong, though, because the transcript in P172 is not a duplicate. "An 'original' of a writing or recording means the writing or recording itself or any counterpart intended to have the same effect by the person who executed or issued it.'" Fed. R. Evid. 1001. "A 'duplicate' means a counterpart produced by a mechanical, photographic, chemical, electronic, or other equivalent process or technique that accurately reproduces the original." *Id.*

The first page of the ATO transcript explicitly states that the meeting was "TRANSCRIBED BUT NOT RECORDED." P172, at DEF_00068665. If this transcript is not derived from any other writing or recording, it is necessarily an "original" writing, not a duplicate, and thus cannot violate the best evidence rule.

Even if the transcript is not an "original" document, it still does not violate the best evidence rule because Plaintiffs "may prove the content of a writing, recording, or photograph by the testimony, deposition, or written statement of the party against whom the evidence is offered" and "need not account for the original." Fed. R. Evid. 1007. Plaintiffs can use Dr. Wright's testimony, as well as his prior statements—like the emails with the ATO requesting Wright's input on any corrections to the transcripts[5]—to prove the contents of the transcript. Defendant's "best evidence" objection cannot shield this evidence from being previewed and shown in opening statement.

---

[5] DE [623], at 13 citing DE 525-11.

ii. Mock Interview Transcript—Trial Exhibit P318 (DEF_00172509)

The quotes in the entry for March 18, 2016, are derived from Trial Exhibit P318 (produced by Defendant under bates stamp DEF_00172528), which is a transcript of a mock interview between Defendant and a media relations consultant aligned with him – again, they are statements made by Defendant himself:

- "I had a lot of help. In particular a friend of mine who died a few years ago, Dave Kleiman, gave me a lot of help" (P318, at DEF 00172528)

- "Dave was the nice version of Satoshi." (P318, at DEF 00172547)

- "[h]ow many people were involved in Satoshi is probably a better question. That was two of us" (P318, at DEF 00172552)

- "Dave was a key part of everything that I did. Dave spoke as Satoshi." (P318, at DEF 00172552)

- "both of us acted. Dave was the nice version of Satoshi" (P318, at DEF 00172553)

- "I mined quite a number [of bitcoin] and I was with my partner, so to speak, in all of this, Dave, we mined quite a lot." (P318, at DEF 00172533)

Defendant objected to Exhibit P318 on hearsay and relevance grounds. The hearsay objection lacks merit because these statements were made by Wright, were produced by Wright in discovery, and are being offered against him. Fed. R. Evid. 801(d)(2)(A); *United States v. Dadamuratov*, No. 5:08CR18/RS, 2008 WL 11438269, at *4 (N.D. Fla. Aug. 13, 2008) ("[T]he transcript of Defendant's own statement is not hearsay, but clearly qualifies as an admission by a party-opponent under Fed. R. Evid. 801(d)(2)(A)."). The statements are also clearly relevant because they constitute admissions by Wright that Dave Kleiman was his partner, part of the Satoshi Nakamoto partnership, and mined bitcoin with Wright in that partnership, and those "fact[s] [are] of consequence in determining the action." Fed. R. Evid. 401.

8

"The standard of what constitutes relevant evidence is a low one: evidence is relevant if it has '*any* tendency to make the existence of *any* fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" DE [623], at 11 (quoting *United States v. La Rosa*, 236 F. App'x 584, 588 (11th Cir. 2007)). This evidence easily exceeds this standard.

For these reasons, the Court should allow Plaintiffs to use this exhibit in opening.

### C. The Satoshi Affair—O'Hagan Testimony

The quotes in the entry for June 30, 2016, are derived from Andrew O'Hagan's deposition testimony about statements Wright made to him while he was interviewing Wright for an article he published entitled "The Satoshi Affair":

- Wright said Dave Kleiman was the man who "helped him do Satoshi's work." (O'Hagan Dep. Tr., DE [590-15], at 81:3-82:12)

- "Wright told me that he did the coding and that Kleiman helped him to write the white paper and make the language 'serene'." (O'Hagan Dep. Tr., DE [590-15], at 102:11-18)

- Dr. Wright told me "that his and Kleiman's [bitcoin] mining activity had led to a complicated trust." (O'Hagan Dep. Tr., DE [590-15], at 123:23-124:6)

These excerpts are from the sworn deposition testimony in this case of Andrew O'Hagan, which confirmed these are statements Craig Wright made to him. Defendant's counsel was at the deposition and questioned Mr. O'Hagan. Both sides have designated this testimony from Mr. O'Hagan's deposition for use at trial. Consequently, these statements will come in as evidence at trial.

### **CONCLUSION**

For the foregoing reasons, the Court should allow the three objected to entries on Plaintiffs' proposed demonstrative to be used during their opening.

9

Dated:  September 30, 2021

Respectfully submitted,

By: */s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman, Esq.
**ROCHE FREEDMAN LLP**
One SE 3rd Avenue
Suite 1240
Miami, Florida 33131
vel@rochefreedman.com

Kyle W. Roche, Esq.
Joseph M. Delich
**ROCHE FREEDMAN LLP**
99 Park Avenue, 19th Floor
New York, New York 10016
kyle@rochefreedman.com
jdelich@rochefreedman.com

Andrew S. Brenner, Esq.
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

*Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 30, 2021 a true and correct copy of the foregoing was filed with CM/ECF, which caused a copy to be served on all counsel of record.

*/s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman