# EXHIBIT A

*[Excerpted Due to Length]*

```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF FLORIDA
                      WEST PALM BEACH DIVISION
                    CASE NO. 9:18-cv-80176-BB

IRA KLEIMAN, as the personal representative
of the Estate of David Kleiman, and W&K Info
Defense Research, LLC

          Plaintiffs,                    September 14, 2021
                                         3:10 p.m.
          vs.

CRAIG WRIGHT,

          Defendant.                     Pages 1 THROUGH 95
_____

                    TRANSCRIPT OF CALENDAR CALL
                 BEFORE THE HONORABLE BETH BLOOM
                    UNITED STATES DISTRICT JUDGE

Appearances:

FOR THE PLAINTIFF:   ROCHE FREEDMAN, LLP
                     DEVIN FREEDMAN, ESQ.
                     KYLE ROCHE, ESQ.
                     200 South Biscayne, Suite 5500
                     Miami, Florida 33131

                     BOIES SCHILLER & FLEXNER
                     ANDREW BRENNER, ESQ.
                     100 Southeast 2nd Street, Suite 2800
                     Miami, Florida33131

FOR THE DEFENDANT:   RIVERO MESTRE, LLP
                     ANDRES RIVERO, ESQ.
                     AMANDA M. MCGOVERN, ESQ.
                     ZALMAN KASS, ESQ.
                     ZAHARAH R. MARKOE, ESQ.
                     MICHAEL A. FERNANDEZ, ESQ.
                     2525 Ponce de Leon Boulevard, Suite 1000
                     Coral Gables, Florida 33134

COURT REPORTER:      Yvette Hernandez
                     U.S. District Court
                     400 North Miami Avenue, Room 10-2
                     Miami, Florida 33128
                     yvette_hernandez@flsd.uscourts.gov
```

1    MS. MCGOVERN: Your Honor -- this is Amanda McGovern
2    for proposes of the court reporter -- there are certainly
3    objections that we have that we believe apply to sort of
4    broader categories of documents that are on Plaintiffs' exhibit
5    list. And just for purposes of example, I can tell you that we
6    have certain objections to their use of ATO-related documents.
7    That's the Australian Tax Office. You know, there are
8    proceedings for years with respect to Dr. Wright's companies,
9    not to Dr. Wright himself. And there are a lot of documents.
10   There are transcripts. There are interviews -- or documents
11   that purport to be interviews.
12       Anyway, there are a lot of documents related to what
13   is a, we believe, largely unrelated parallel proceeding. We
14   would like to include that in this potential set, Your Honor,
15   because I think it will resolve a lot of objections with
16   respect to the exhibit list.
17       That's one area. There's another area which I can
18   move to, unless you would like a response to that, because
19   sometimes I can talk a little too quickly. So there's another
20   area that -- and has to do with what we refer to Your Honor as
21   impermissible extrinsic character evidence. There are a lot of
22   documents where we have objected because we believe it falls
23   squarely within 608, 404(b), 405. And we think it would be
24   helpful if we could also address those documents because it's
25   not just one. And I think at trial it's going to be difficult

1   on the fly.  We don't want to interfere with the jury, but if
2   we could flesh out the reason why we believe these documents
3   should be excluded, not necessarily to say they can't be used
4   in another fashion, but certainly not admitted into evidence
5   directly, that's another category.  And I think a special set
6   would be helpful.  We can brief them in advance.
7              THE COURT:  Response?
8              MR. FREEDMAN:  Your Honor, it's hard for me to respond
9   in the abstract like that.  We'll certainly review anything
10  Ms. McGovern raises, but we have asked for a list of those
11  documents.  I don't think we have been provided them yet.
12             MS. MCGOVERN:  Oh, with respect to the extrinsic --
13  improper extrinsic character evidence, as we call it, we have
14  those objections specifically on our exhibit list and we can
15  certainly identify them specifically for you.
16             The ATO documents, to the extent that we would like
17  them to be incorporated sort of in a broader category as being
18  on the -- because we're not trying to say just in one fell
19  swoop nothing's going to come in.  We're simply saying if it's
20  related to Dave Kleiman, if there's a specific reference,
21  that's different.  But there's a whole slew that isn't.  So we
22  can also provide -- we are happy to provide a list of the
23  documents we would like to include in the special set, so that
24  we can really explain our objections without distraction and
25  have meaningful rulings on them before trial.

1        MR. FREEDMAN:  My only comment, Your Honor, is I know
2   that Defendant's filed a motion in limine on the ATO documents
3   that the Court denied.  The Court said it needed context
4   because the Plaintiffs explained in the briefing -- and I think
5   the Court agreed -- that the ATO story, the Australian Tax
6   Office story, is integral to the Plaintiffs' story.  The
7   operations of the ATO are what caused the Plaintiff to reach
8   out to the Defendants.  The Plaintiff is involved back and
9   forth with the Defendant.  All the story doesn't make sense
10  without the ATO, of Dr. Wright's companies.  The motion in
11  limine was denied.  I don't want to do-over the motion in
12  limine.  That's my concern.  Without seeing the motion, I can't
13  say anything further.
14       MS. MCGOVERN:  Your Honor, if I could respond briefly.
15  The motion in limine was denied precisely because the Court
16  stated it needed the specific documents and couldn't rule in a
17  vacuum, understandably.  What we're proposing, Your Honor --
18  and to the extent that is unnecessary, we don't mean to push
19  it.  We just think that at trial it's going to be difficult
20  because there's going to be a lot of ATO documents that are
21  going to be presented, we believe, to Dr. Wright.  We don't
22  believe they are related.  We don't believe they are relevant.
23  The objection is going to be sort of over and over again.  I
24  think if we do it in advance it would be better.
25       THE COURT:  I think it's going to streamline the

1    trial.  So to the extent that it is another opportunity to make
2    argument that the Court already ruled upon in terms of that "I
3    need context with regard to the ATO documents," then I'm
4    certainly going to rule consistently with that.  But to the
5    extent that there are particular documents that there is an
6    issue with regard to the identification of the documents,
7    whether the documents can be introduced, if there's a
8    foundational issue, then you can present that argument.  And I
9    would suggest that you identify the documents specifically and
10   then set forth the law with regard to, as you're concerned, the
11   inadmissibility.
12            And then, Mr. Freedman, you can speak of its
13   admissibility.
14            MS. MCGOVERN:  Thank you, Your Honor.
15            THE COURT:  Okay.  All right.  Then we have pretty
16   much understood our world on October 14th.  That's going to
17   include the Plaintiffs' Demonstrative Exhibit 1, the Defendants
18   seeking to have Ira Kleiman produce the electronic devices at
19   the time of trial.  We're going to address the ATO documents
20   that you're going to identify specifically, and the
21   impermissible character evidence documents that you're going to
22   identify specifically and the basis why the Court should not
23   allow that into evidence, and we're going to address the eight
24   video depositions and any objections to the designations.
25            MS. MCGOVERN:  Your Honor, could I raise one quick

```
1    UNITED STATES OF AMERICA        )

2    ss:

3    SOUTHERN DISTRICT OF FLORIDA   )

4                    C E R T I F I C A T E

5         I, Yvette Hernandez, Certified Shorthand Reporter in

6    and for the United States District Court for the Southern

7    District of Florida, do hereby certify that I was present at

8    and reported in machine shorthand the proceedings had the 14th

9    day of September, 2021, in the above-mentioned court; and that

10   the foregoing transcript is a true, correct, and complete

11   transcript of my stenographic notes.

12         I further certify that this transcript contains pages

13   1 - 95.

14         IN WITNESS WHEREOF, I have hereunto set my hand at

15   Miami, Florida this 22nd day of September, 2021.

16

17                         /s/Yvette Hernandez
                           Yvette Hernandez, CSR, RPR, CLR, CRR, RMR
18                         400 North Miami Avenue, 10-2
                           Miami, Florida 33128
19                         (305) 523-5698
                           yvette_hernandez@flsd.uscourts.gov
20

21

22

23

24

25
```