UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC

    *Plaintiffs,*

v.

CRAIG WRIGHT

    *Defendant.*

CASE NO.: 9:18-cv-80176-BB

**PLAINTIFFS' RESPONSE TO WRIGHT'S MOTION TO INTRODUCE
DAVE KLEIMAN'S ELECTRONIC DATA STORAGE DEVICES AT TRIAL**

Wright requests the Court enforce his trial subpoena and compel Ira Kleiman to bring certain electronic devices that belonged to David Kleiman (the "Devices"), to trial, so that Wright's attorneys can show the Devices to the jury.

For the reasons that follow, the subpoena is unenforceable, and Wright's argument should be rejected.

*First*, the subpoena imposes an undue burden on Plaintiff Ira Kleiman. Wright has publicly stated on several occasions that the Devices contain billions of dollars in bitcoin. Although Wright is wrong, he is a high-profile and infamous figure in the cryptocurrency space. Ira should not be compelled to face the risks that come with transporting and possessing what people may (wrongly) believe contain the keys to $55 billion in bitcoin—especially where (i) the end game is to merely permit Wright to present irrelevant evidence to the jury and where (ii) that same end can be accomplished through exemplars and/or images of the Devices.

*Second*, Defendant gives away the game in the first two sentences of his motion. In short, after 24 months of discovery, over 225,000 documents exchanged, and 22 fact depositions taken,

Defendant tacitly concedes that he has found no actual evidence that there is billions of dollars of bitcoin sitting on a bunch of hard drives and thumb drives found in Dave's home after his death (Defendant attempts to conceal this admission behind his bold, conclusory declarations that these devices are critical to his defense). Specifically, Defendant states "The Electronic Devices are direct physical evidence that **Dr. Wright believes should exonerate him** from the claims of theft of bitcoin and intellectual property that Ira Kleiman has lodged against him." Of course, Dr. Wright's belief is not evidence, nor can it serve as a basis to compel production of the drives at trial.

## ARGUMENT

As the proponent of the subpoena, Wright bears the burden of establishing that it seeks admissible evidence. *Cf. Whatley v. World Fuel Servs. Corp.*, 2020 WL 2616209, at *2 (S.D. Fla. May 22, 2020) (for discovery subpoena, "the party seeking to enforce a subpoena bears the burden of demonstrating that the request is relevant"). Wright cannot meet that burden and, even if he could, the subpoena is unenforceable because it imposes an undue burden on Plaintiffs.

### I. The Subpoena Subjects Plaintiff Ira Kleiman to an Undue Burden

"Rule 45(d)(3)(A) provides that a court must quash or modify a subpoena" that "subjects a person to undue burden." *Antech Diagnostics, Inc. v. Posner*, 2017 WL 6948590, at *1 (S.D. Fla. Nov. 14, 2017) (trial subpoena). "The undue burden analysis requires the court to 'balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it.'" *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1337 (11th Cir. 2020) (quoting 9A Wright & Miller, Fed. Prac. & Proc. § 2463.1 (3d ed. 2019)). An undue burden may exist where compliance with the subpoena creates health or safety risks for a witness. *See Doe v. MacLeod*, 2020 WL 2039214, at *3-4 (C.D. Ill. Apr. 28, 2020) (refusing to allow inspection, due

to COVID concerns); *Staley v. U.S. Bank Nat'l Ass'n*, 2013 WL 393325, at *2 (D. Idaho Jan. 31, 2013) (undue burden to testify based on medical opinion).

That is the case here. Wright, an infamous and high-profile figure in the cryptocurrency community, has, in this high-profile and closely watched case, taken the public position that the Devices contain billions of dollars' worth of bitcoin. Plaintiffs dispute that unsupported rank speculation. That said, given the publicity surrounding the trial, and the sheer amount of money Wright claims is contained on the Devices, Mr. Kleiman is sincerely and justifiably concerned that he faces significant risks of being robbed, or worse, in transporting the Devices. *See* ECF [466], [467], [475], [477] (seeking sealed treatment and protection of identity for similar issues).

Against this weight of this burden, the Court should weigh the fact that (i) as described below, Wright should not even be allowed to present this speculative evidence to the jury, and that (ii) Wright can (if permitted) demonstrate the features of these drives through exemplars and photographs.[1] There is no justifiable reason to order Mr. Kleiman into such a precarious and/or dangerous position.

**II.      The Subpoena Seeks Inadmissible Evidence**

    a.  <u>The Devices are Not Relevant</u>

"Irrelevant evidence is inadmissible." *United States v. Ray*, 681 F. App'x 807, 809 (11th Cir. 2017) (citing Fed. R. Evid. 402). Under Federal Rule of Evidence 104(b), "[w]hen the relevance of evidence depends on whether a fact exists, proof must be introduced to support a

---

[1] Wright, in any event, asserts that the Devices are "essential" and have "no adequate substitute." This claim appears to be premised on Wright's view that photographs would be subject to authenticity objections. (*See* Mot. at 1 (emphasizing Wright's supposed "right to present that physical evidence without concern as to the authenticity of that physical evidence").) Plaintiffs assure the Court that, if the Court concludes that photographs of the Devices are not inadmissible pursuant to Federal Rules of Evidence 402 and 403, Plaintiffs—who possess the Devices—will not object on authenticity grounds if Wright seeks to introduce as evidence photographs of the Devices taken by Plaintiffs.

finding that the fact does exist." To satisfy that burden, the proponent of the evidence must introduce proof from which "the jury could reasonably find the condition fact" to be true "by a preponderance of the evidence." *Huddleston v. United States*, 485 U.S. 681, 689 (1988). Absent such a showing, the evidence may be excluded as irrelevant. *See, e.g.*, *Nassar v. Jackson*, 779 F.3d 547, 553 n.4 (8th Cir. 2015) ("Without some evidence that the contract would have been renewed but for the denial of due process, the evidence of post-contractual damages was irrelevant."); *Goodwin v. Richland Cty., Ohio*, 832 F. App'x 354, 358 (6th Cir. 2020) ("The plaintiff presented no evidence to support the proposition that this was a 'suicide by cop.' So the officers' failure to follow standards for that situation was irrelevant."); *Tate v. Robbins & Myers, Inc.*, 790 F.2d 10, 11-12 (1st Cir. 1986) ("[T]he relevancy of the 1980 Manual to the continuing duty to warn theory depended on evidence showing that Robbins & Myers knew that Concrete Systems possessed the 1943 hoist. Without such evidence, there would be no basis for admitting the 1980 Manual into evidence."); *Moreno v. City of Los Angeles*, 2008 WL 11338274, at *2 (C.D. Cal. June 3, 2008) ("The evidence can only be admissible under this theory if Plaintiff can first present sufficient evidence so that a jury could find, by a preponderance of the evidence, that information relevant to Defendant's relationship with John Doe was on (or was believed by Berkow to be on) at least one of Dummar's computers."); *White v. McKinley*, 2009 WL 813001, at *13 (W.D. Mo. Mar. 26, 2009) ("Because Detective McKinley did not provide a non-speculative foundation for admission of the flight, it was inadmissible under Rule 104(b), 401, 402, and 403 of the Federal Rules of Evidence.").

Here, Wright claims that the Devices are "plainly relevant" and "constitute significant circumstantial evidence that any bitcoin Dave Kleiman might have mined or otherwise possessed never were stolen and the private keys remain" on the Devices. Under that theory, the Devices are

4

only relevant if they were, in fact, used by David Kleiman to store private keys for bitcoin owned by his partnership with Wright. As explained below, after 24 months of discovery, 40 depositions, 14 experts, and over 225,000 documents exchanged in discovery, Wright has not provided *any* non-speculative evidence to support that fact.

Indeed, although Wright asserts that "the private keys to those bitcoin wallets would have been stored" on the Devices, he does not offer any proof to permit a reasonable jury to draw that inference. Contrary to Wright's argument, the fact that "Dave Kleiman was very protective" of the Devices is not probative of the issue of whether David Kleiman, a cybersecurity and forensic computer expert, stored private keys to bitcoin on the Devices – as opposed to other sensitive client (or personal) data. *Cf. United States v. Brobst*, 558 F.3d 982, 999 (9th Cir. 2009) ("locked filing cabinet" was "not relevant or material" to whether defendant possessed illegal goods).

Moreover, Ira Kleiman's email communications suggesting there might be bitcoin keys on the Devices do not help Wright meet that burden either, as (i) Ira does not have **any** personal knowledge of whether the Devices contain the private keys and (ii) **the only reason Ira has mentioned the Devices might contain the keys is because Wright told him so** while defrauding him. *See, e.g.*, ECF [699-4]; *see also ICE Portal, Inc. v. VFM Leonardo*, 2010 WL 11505243, at *1 (S.D. Fla. Feb. 2, 2010) (evidence only admissible to extent witness had personal knowledge). Critically, Wright—the sole source of Ira's information—has not even offered any of his own statements as support for introducing the Devices as evidence.

To the contrary, Wright cannot credibly claim the Devices contain any bitcoin when he has also testified that "I don't believe Dave ever Bitcoin mined." ECF [511-1] at 123:3-4; *see also* ECF [534-4] at 222:7-11 ("[N]or do I know whether Dave mined Bitcoin or not."). Finally, while Wright claims the Devices are relevant because Plaintiffs' counsel recognized "the possibility that

5

[the Devices] 'contain billions of dollars [bitcoin]'" at the September 14, 2021, hearing, that argument is disingenuous: Plaintiffs' counsel stated that "*Dr. Wright* has claimed that there are billions of dollars worth of Bitcoin locked on those drives" and that his public comments could lead others to believe him, thereby resulting in a serious security risk associated with transporting the Devices. Sept. 14, 2021, Hr'g at 58:2-13 (emphasis added). If Wright wants to take the position that, based on his personal knowledge, David Kleiman stored the private keys to the bitcoin they jointly mined on the Devices, he is welcome to do so. But until he does, there is no evidence that the Devices contain private keys, Wright's theory of relevance is wholly speculative, and the Devices are inadmissible. *See Dodgson v. First Advantage Background Servs. Corp.*, 2019 WL 2306131, at \*9 n.5 (N.D. Ga. Mar. 7, 2019) (excluding "highly speculative" evidence); *cf. Marler v. U-Store-It Mini Warehouse Co.*, 2010 WL 11506367, at \*7 (S.D. Fla. July 20, 2010) ("The Eleventh Circuit has explained that to create a genuine issue of material fact sufficient to defeat a motion for summary judgment, a party must do more than offer speculative, unsupported allegations."); *Aydin & Co. v. Jewelers Mut. Ins. Co.*, 426 F. App'x 760, 762 (11th Cir. 2011) (affirming summary judgment against plaintiff who speculated that jewels were stolen during security screening).[2]

At the end of the day, Wright has (sadly and unsurprisingly by now) manufactured a provocative and wholly speculative defense: that Dave either left billions of dollars of bitcoin inaccessible or that Ira deleted the keys to that bitcoin. That defense hinges on nothing other than the self-contradictory statements of an adjudicated perjurer and forger, who has every incentive

---

[2] Underscoring Wright's desperate efforts to simultaneously take the positions that (i) David Kleiman had no involvement with bitcoin and (ii) David Kleiman stored billions of dollars in bitcoin on the Devices, Wright misleadingly suggests that Judge Reinhart already ruled that the Devices are relevant. Early on in discovery, Judge Reinhart permitted Wright to examine the Devices, but expressly stated that some of the information on the Devices was indisputably not discoverable. (*See* ECF [123] at 48-53.) He did not hold, or suggest, that the *existence* of, or the features of, the Devices were relevant.

now to change his story to avoid liability for his theft of Plaintiffs' assets. *See* ECF [265] at 4-5 ("[T]he Court notes that the Defendant has made ***several conflicting statements*** regarding even his own ownership of W&K." (emphasis in original)); ECF [277] at 28 ("I have found that Dr. Wright intentionally submitted fraudulent documents to the Court, obstructed a judicial proceeding, and gave perjurious testimony. No conduct is more antithetical to the administration of justice."); ECF No. [373] at 15 ("The Court has also reviewed the transcripts from the Evidentiary Hearing held by Judge Reinhart and agrees with his credibility findings relating to Defendant.").

    b. <u>The probative value of the Devices is substantially outweighed by other considerations</u>

Even if the Devices were relevant (they aren't), they should be excluded under Federal Rule of Evidence 403. Pursuant to that rule, even if evidence is relevant, "the court may exclude it if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Brown v. Davis*, 656 F. App'x 920, 922 (11th Cir. 2016). In conducting this analysis, "probative value" may "be calculated by comparing evidentiary alternatives." *Old Chief v. United States*, 519 U.S. 172, 184 (1997).

Here, as explained above, the Devices have no probative value. *First*, given the utter lack of support for Wright's assertion that David Kleiman stored private keys on the Devices, Wright's theory is highly speculative, and therefore necessarily has very limited probative value. *See United States v. Sellers*, 906 F.2d 597, 602-03 (11th Cir. 1990) ("The claimed relevance . . . appears to rest on an exceedingly tenuous chain of speculation. We have no difficulty concluding that any conceivable relevance was vastly outweighed by the potential for unfair prejudice").

*Second*, by asserting that it "is undisputed that Dave Kleiman was very protective" of the Devices, Wright effectively admits that he has access to evidentiary alternatives. Indeed, it is unclear what fact the Devices themselves, with their supposedly "indestructible" design, could prove other than that David Kleiman was "very protective" of the Devices. For this reason, any probative value that the Devices may have is further reduced for purposes of the Rule 403 analysis. *See Sowers v. R.J. Reynolds Tobacco Co.*, 975 F.3d 1112, 1124 (11th Cir. 2020) ("The evidence the jury did hear about Mr. Sowers' long history of alcohol abuse and how it harmed the marriage diminished the probative value that the excluded evidence of the couple's temporary and long ago 'unmarriage' might have otherwise had.").

That minimal probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and wasting time. With respect to unfair prejudice, Wright has predictably chosen the most unfairly prejudicial way to make his point that David Kleiman owned encrypted devices: bringing the impressive-looking Devices to trial, where his attorneys will presumably demonstrate and discuss the Devices' sophisticated features. *See United States v. Ravich*, 421 F.2d 1196, 1205 n.11 (2d Cir. 1970) ("What is called 'real evidence'—mostly bullets, bad florins, and old boots—is of much value for securing attention. This is true even when these exhibits prove nothing—as is generally the case." (quoting 4 Wigmore, Evidence § 1157, at 253 (3d ed. 1940))). Courts have long recognized that there are better, less prejudicial alternatives. *See United States v. Candelaria-Silva*, 162 F.3d 698, 705 (1st Cir. 1998) ("[M]ost of the evidence from the seizure was presented to the jury via photographs thereby reducing the prejudicial effect."); *United States v. De La Torre*, 634 F.2d 792, 795-96 (5th Cir. 1981) ("The weapons were not brought into the courtroom; a brief stipulation was read to the jury. The low-keyed nature of the presentation convinces us that any danger of unfair prejudice inherent in the stipulation about the weapons was

8

outweighed by its probative value."). Wright's able counsel is clearly able to demonstrate these facts through pictures and exemplars and without the actual devices given their ability (at both the hearing and in their opening brief) to very specifically describe the devices.

Wright asserts that courts "routinely reject Rule 403 challenges to highly sensational physical evidence," but—with one exception—none of the cases that he relies on involve evidence with minimal probative value. *See, e.g.*, *United States v. Cullen*, 796 F. App'x 976, 980 (11th Cir. 2019) (hard drive containing child pornography and seized from defendant's residence, in case where defendant was charged with possessing child pornography stored on that hard drive); *United States v. Johnson*, 637 F.2d 1224, 1247-48 (9th Cir. 1980) (axe that victim testified was used in the assault for which defendant was charged); *United States v. Toyer*, 274 F. App'x 844, 847-48 (11th Cir. 2008) (evidence of drug paraphernalia corroborated testimony that defendant traded drugs for weapons, in case where defendant was charged with possession of weapon). And in the one case he relies on that did involve evidence with "little probative value," the court excluded that evidence. *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979).

## CONCLUSION

For the foregoing reasons, the Court should deny Wright's motion to compel Plaintiffs to bring the Devices to trial.

Dated:  October 6, 2021

Respectfully submitted,

By: */s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman, Esq.
**ROCHE FREEDMAN LLP**
SunTrust International Center
One SE 3rd Street, Suite 1240
Miami, Florida 33131
vel@rochefreedman.com

9

Kyle W. Roche, Esq.
Joseph M. Delich
**ROCHE FREEDMAN LLP**
99 Park Avenue, 19th Floor
New York, New York 10016
kyle@rochefreedman.com
jdelich@rochefreedman.com

Andrew S. Brenner, Esq.
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

*Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 6, 2021 a true and correct copy of the foregoing was filed with CM/ECF, which caused a copy to be served on all counsel of record.

*/s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman