**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

    plaintiffs,
v.                                                    **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

    defendant.
_____/

**DR. CRAIG WRIGHT'S REPLY IN**
**SUPPORT OF HIS MOTION TO EXCLUDE IMPROPER CHARACTER EVIDENCE**

In their opposition, plaintiffs make clear that they seek to improperly introduce propensity character evidence against Dr. Craig Wright. For example, plaintiffs argue that the Court should let them introduce Plaintiffs' Exhibit 770 because Dr. Wright purportedly "admits . . . to being a habitual thief," with the obvious implication that a habitual thief is more likely to steal from someone he said was his best friend. Plaintiffs' Resp. in Opp. to Defendant's Mot. to Exclude Improper Character Evidence at Trial [D.E. 704] ("Opp."), at 4. This would be classic propensity evidence that is prohibited by Rule 404(b). *E.g., United States v. Johnson*, 453 F. 2d 1195 1198 (5th Cir. 1972) ("The fact that this man was twice convicted of some wholly unknown type of theft at some unestablished prior time constitutes no proof whatever that he transported this car in commerce with knowledge that it had been stolen unless one indulges in the forbidden once-a-thief-always-a-thief assumption.").

Unfazed, plaintiffs argue that they should be allowed to introduce propensity evidence because it is "relevant to the issues at the heart of this case."[1] Opp. at 4. *This misses the point*. Propensity evidence is almost always relevant. "Logically speaking, it is quite clear that an antecedent bad character would form quite as reasonable a ground or presumption and probability of guilt as a previous good character lays the foundation for innocence." *United States v. Caldwell*, 760 F. 3d 267, 274-75 (3d Cir. 2014). Nonetheless, propensity evidence is prohibited under Rule 404(b) because it "is said to weigh too much with the jury and to so overpersuade them as to prejudice one with a general record and deny him a fair opportunity to defend against a particular charge." *Id.*

At bottom, unless a party can show a non-propensity use for specific alleged instances of prior bad conduct, the evidence is prohibited under Rule 404(b). The rule even goes so far as to list nine potential non-propensity uses of such character evidence: "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). Yet, plaintiffs make *no attempt to argue* that the supposed prior bad acts fit within *any* of those nine permitted non-propensity uses. For this reason, the Court should reject plaintiffs' attempt to introduce alleged prior bad acts into the record at trial.[2] *Caldwell*, 760 F. 3d at 274

---

[1] That said, however, for one category of plaintiffs' proffered propensity evidence, a hearsay news article and a Twitter post stating that Dr. Wright submitted false documents in this case, plaintiffs make no attempt to argue why the evidence might be relevant. They simply ask the Court to defer ruling to trial. Opp. at n5. This is improper because the Court instructed the parties that the time for arguing the admissibility of character evidence is now, not at trial. *See* Sept. 14, 2021 Hr'g Tr. at 75:15-24 ("Then we have pretty much understood our world on October 14th. . . . We're going to address . . . the impermissible character evidence documents that you're going to identify specifically and the basis why the Court should not allow that into evidence . . . .").

[2] Plaintiffs argue that they do not intend to introduce P679 to show that Dr. Wright cheated on his wife. Rather, they claim they intend to introduce P679 only to show that Dr. Wright described Dave Kleinman as a "courageous," "brave," and "remarkable man." P679. If plaintiffs are using P679 only for this purpose, they should be made to redact the rest of it.

("We have repeatedly emphasized that Rule 404(b) must be applied with careful precision, and that evidence of a defendant's prior bad act is not to be admitted unless both the proponent and the District Court plainly identify a proper, non-propensity purpose for its admission.").

### A. Evidence of Dr. Wright's Purported Stealing or Hacking as an Adolescent Is Inadmissible Character Evidence

Plaintiffs argue that P770 is relevant because in P770 Dr. Wright purportedly admits to being a computer hacker as a teen and young adult, and plaintiffs intend to introduce into evidence documents they maintain that Dr. Wright manipulated or forged. Opp. at 4. This is exactly the kind of propensity evidence that is flatly impermissible under Rule 404(b). Plaintiffs are not permitted to argue that because Dr. Wright may have hacked computers in the past, he must have hacked and altered or manipulated documents now.

Further, plaintiffs cannot use P770 to "identify" Dr. Wright as the person who allegedly altered or forged certain documents now. First, identity is not at issue in this case because identity is not an element of any of plaintiffs' claims or Dr. Wrights' affirmative defenses. *See United States v. Brown*, 765 F. 3d 278, 292 ("[T]he government may introduce Rule 404(b) evidence only if it is offered for a non-propensity purpose that is probative of one of the elements essential for conviction."); *Lucijanic v. Ball*, 2006 WL 8442257, at *4 (S.D. Ohio 2006) (propensity evidence held inadmissible under Fed. R. Evid 404(b)(2) identity exception where identity was not at issue).

Second, plaintiffs make no showing that the alleged prior bad act is sufficiently similar to prove identity. *See, e.g., Smith v. IMG Worldwide, Inc.*, 2006 WL 3302485, at *5 (E.D. Pa. 2006) ("One proper purpose for admitting Rule 404(b) evidence is to prove identity by showing that prior incidents were sufficiently similar to the current incident to 'earmark them as the handiwork of the same actor, and thus constitute signature evidence of identity.'"); *United States*

3

*v. Lail*, 846 F. 2d 1299, 1300-01 (11th Cir. 1988) ("The standard for evaluating 404(b) evidence offered to establish identity is particularly stringent. . . . the likeness of the offenses is the crucial consideration. The physical similarity must be such that it marks the offenses as the handiwork of the accused. In other words, the evidence must demonstrate modus operandi.") (citation omitted). Here, there is no explanation in P770 of how Dr. Wright might previously have hacked into computers and plaintiffs fail to identify which "at issue" documents they claim Dr. Wright "hacked," nor is there any showing how the "hacking" allegedly admitted to in P770 is sufficiently similar to the alleged hacks in the unidentified "at issue" documents.

### B. Evidence that Dr. Wright Purportedly Lied about Irrelevant Academic Credentials Is Inadmissible Character Evidence

Plaintiffs argue that P317 is admissible because Dr. Wright has "affirmatively touted his own asserted academic record and purported technical prowess to argue that he and he alone created Bitcoin." Opp. at 5. The mere fact that a news reporter thinks Dr. Wright may have lied about whether he had a PhD in philosophy or was an adjunct professor has no permissible, non-propensity use on the question whether Dr. Wright's academic credentials relevant to creating bitcoin are genuine. Plaintiffs plainly intend to show the jury that Dr. Wright purportedly lied about some academic credentials in the past, in order to prove that he must also be lying about his bitcoin-related academic credentials.[3] That is prohibited by Rule 404(b).

---

[3] Plaintiffs also argue that Dr. Wright has put his academic credentials in issue because he intends to introduce his 2007 PhD dissertation proposal at trial. Dr. Wright however, will not be using the dissertation to demonstrate any academic credentials but to show that the proposal was a precursor to the Bitcoin White Paper.

### C. Evidence that Dr. Wright Purportedly Submitted False or Altered Documents to the ATO Is Inadmissible Character Evidence

Plaintiffs argue that evidence of Dr. Wright allegedly submitting altered or forged documents to the ATO is "relevant" to this case. Included in this category of documents is evidence that Dr. Wright: (1) allegedly submitted to the ATO a forged contract between an Australian company with which he was affiliated and an organization with which Deborah Kobzah was affiliated to obtain a tax credit; (2) allegedly submitted altered invoices and emails with HighSecured to obtain a tax credit; and (3) allegedly altered email communications with the ATO to obtain a tax credit. Plaintiffs fail to articulate a single permissible, non-propensity reason why this evidence would be relevant.[4]

Plaintiffs argue in their Opposition that the purported prior bad act documents show that some other, unidentified documents that plaintiffs claim were manipulated, "were not the result of some unknown hacker, but rather were forgeries by Defendant." Opp. at 8. As demonstrated above in Section A, this is a pure propensity argument, *i.e.,* that Dr. Wright allegedly forged documents in the past, and, therefore, forged documents in this case.

This evidence also is not permitted under the "identity" exception. As noted above, identity is not at issue in this case. Further, plaintiffs have not shown which "at issue" documents they claim that Dr. Wright forged or manipulated, nor have they shown how the alleged forgeries

---

[4] Plaintiffs also incorrectly argue that the Court previously determined in the Omnibus Order on the parties' motions *in limine* [D.E. 523] that this evidence is relevant. This is an overstatement and improper expansion of what that Order said. It said that until defendant specified exact documents, the Court could not make an overarching determination that *all* the ATO documents were irrelevant. Further, Dr. Wright did not move *in limine* for the Court to exclude documents submitted to the ATO as improper character evidence. As such, the Omnibus Order did not bar Dr. Wright's argument that plaintiffs' proffered evidence, that Dr. Wright submitted false or altered documents to the ATO, is inadmissible propensity evidence under Rule 404(b).

in the ATO documents are sufficiently similar to the alleged forgeries in the unidentified "at issue" documents.[5]

## CONCLUSION

For all these good and sufficient reasons, the Court should exclude plaintiffs' improper character evidence. Propensity evidence, no matter how relevant, is prohibited by Rule 404(b).

Date: October 12, 2021

Respectfully submitted,

By: s/Andres Rivero
ANDRES RIVERO
Florida Bar No. 613819
AMANDA MCGOVERN
Florida Bar No. 964263
ALAN H. ROLNICK
Florida Bar No. 715095
ZAHARAH MARKOE
Florida Bar No. 504734
SCHNEUR KASS
Florida Bar No. 100554

RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard,
Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: amcgovern@riveromestre.com
Email: arolnick@riveromestre.com
Email: zmarkoe@riveromestre.com
Email: zkass@riveromestre.com
Email: receptionist@riveromestre.com

---

[5] Allowing such evidence would also lead to a mini-trial during the trial in this matter on whether the documents submitted to the ATO were actually forged or altered and, if so, that Dr. Wright was the person who falsified or altered those documents.

## **CERTIFICATE OF SERVICE**

      I CERTIFY that on October 12, 2021, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/*Andres Rivero
