# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

    plaintiffs,

v.                                             **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

    defendant.

_____/

## DR. CRAIG WRIGHT'S REPLY IN SUPOPRT OF MOTION TO EXCLUDE THE AUSTRALIAN TAXATION OFFICE'S TAX AUDIT DOCUMENTS

I. **INTRODUCTION**

At the September 14, 2021 Calendar Call, the Court authorized Dr. Craig Wright to present argument "to the extent that there are particular documents that there is an issue with regard to the identification of the documents, whether the documents can be introduced, if there's a foundational issue." D.E. 702, Hr'g. Tr. 75:4-8. The Court directed Dr. Wright to "identify the documents specifically and then set forth the law with regard to, as you're concerned, the inadmissibility." *Id.* at 75:9-11. Despite plaintiffs' contrary claims, Dr. Wright did just that. In his opening brief, Dr. Wright showed that the ATO documents[1] constitute inadmissible hearsay, and that plaintiffs' prior arguments lack merit. Dr. Wright further showed that admitting the ATO documents would impermissibly confuse and mislead the jury in violation of Rule 403. In opposition, plaintiffs failed to refute Dr. Wright's opening arguments, and their new arguments in support of admitting the ATO documents also lack merit as demonstrated below.[2]

II. **ARGUMENT**

A. **Plaintiffs Failed to Demonstrate that the ATO Documents are Not Hearsay, or That They are Subject to Any Hearsay Exception**

Dr. Wright demonstrated in his opening brief that the ATO documents were out of court statements offered to prove the truth of the matters asserted, which constitutes hearsay under Federal Rule of Evidence 801(c)(1). There is no exception to the hearsay rule that would allow the ATO documents to be admitted. Further, as for what they say, the ATO documents contain

---

[1] Capitalized terms used, but not defined herein, have the same meanings as in Dr. Wright's opening brief. D.E. 697.
[2] The focus of Dr. Wright's opening brief was on Rules 802, 805 and 403. Authenticity was mentioned in passing to avoid a potential waiver. Plaintiffs used their opposition to make extensive authenticity arguments. Given space constraints, Dr. Wright is unable to fully respond to those arguments (with which he has vigorously disagreed elsewhere, *e.g.*, D.E. 703 at 2-4), and respectfully requests that a determination of remaining authenticity issues be reserved for trial, because the Court may find the documents otherwise inadmissible. *E.g., Graves, for & on behalf of W.A.G. v. Toyota Motor Corp.*, 2012 WL 13019012, at *2 (S.D. Miss. 2012).

1

multiple hearsay statements by various purported speakers, and it is irrelevant if those statements might be subject to hearsay exceptions, because the documents containing them are not.

In their opposition, plaintiffs argue that Dr. Wright "presumes the entire document will be offered for the truth of the matter asserted rather than another purpose," (D.E. 708 at 10), but never specify any other such purpose. There is none, because the only non-hearsay use available under the Rules is effect on the listener, which is inapplicable. Plaintiffs have abandoned hearsay exceptions on which they had relied, and instead have argued others that are inapplicable. In sum, plaintiffs have failed to carry their burden of demonstrating that the ATO documents are admissible. *See, e.g., Smallwood v. T&A Farms*, 2017 WL 5904673, at *2 (S.D. Ga. 2017).

**1.    *The Transcriptions Constitute Inadmissible Hearsay***

In his opening brief, Dr. Wright showed that the Transcriptions are themselves hearsay and every purported statement they contain is embedded hearsay. *E.g., Sloat v. Hewlett Packard Enter. Co.*, 2020 WL 6059867, at *14 (E.D. Tenn. 2020). In opposition, plaintiffs abandoned their prior argument that the Transcriptions are admissible as business or public records (D.E. 708 at 13 n. 6), thereby waiving any reliance on those exceptions. *See Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012). Rather, plaintiffs make four arguments for admission of the Transcriptions, none of which render them admissible.

Plaintiffs' first argument for admission of the Transcriptions is that "most cases discussing hearsay objections to transcripts take as a given that recording an admissible statement in a transcript does not make it inadmissible" (D.E. 708 at 11), thereby urging the Court to ignore the rules against hearsay and embedded hearsay. But none of the cases plaintiffs

cite permit turning a blind eye to the rules of evidence.³ Further, there is no evidence to support plaintiffs' contention that Auscript was acting as an "agent" of both parties.

Plaintiffs' second argument is that the Transcriptions are adoptive admissions under Rule 801(d)(2)(B) because they were sent to Dr. Wright for review and correction. Plaintiffs offer no authority for this assertion, nor can they. Merely being in possession of a document without a legal obligation to respond to its creator is insufficient to show that the recipient adopted its contents. *See* Jack B. Weinstein, et al., Weinstein's Evidence Manual Student Edition §15.02[3] at 15-15 (9th ed. 2011) ("In the case of written statements such as letters or other documents, the mere lack of a response is generally considered insufficient to show that the recipient adopted its contents."); *accord Holling v. United States*, 1996 WL 200731, at *8 (E.D. Mich. 1996) (quoting *Southern Stone Co., Inc. v. Singer*, 665 F.2d 698, 703 (5th Cir. Unit B 1982)).⁴

Plaintiffs' third argument, that the Transcriptions represent present sense impressions because "Auscript listened to the tapes and wrote down the words" also lacks merit. D.E. 708 at 12. Plaintiffs offer no authority for this argument, nor do they offer a shred of evidence regarding the preparation of the Transcriptions, which were not "present sense" anythings, because they

---

³ Plaintiffs rely on inapposite decisions where there was no objection to the underlying transcript. *E.g., United States v. Johnson*, 820 F. App'x 927 (11th Cir. 2020) (no apparent objection to the transcript's preparation). Plaintiffs also cite cases where, unlike here, the person who prepared a transcription testified at trial, subject to cross-examination, concerning its accuracy. *E.g., United States v. Ross*, 33 F.3d 1507, 1514 (11th Cir. 1994) ("[T]he Spanish police officers who initially transcribed the recordings were cross-examined by Appellant's counsel."); *United States v. Dadamuratov*, 340 F. App'x 540, 547 (11th Cir. 2009)("Jessica Bruhmuller, the police department's investigative secretary, testified that she transcribed the interview and that the transcript was 'word for word' what she heard on the recording.").

⁴ In arguing that Dr. Wright "adopted" the Transcriptions, Plaintiffs cite an email (sent fifteen months after Dr. Wright received a copy of the Notes), in which Dr. Wright observed to Ms. Watts (not the ATO) that the Notes contained a likely misstatement of something John Chesher had said. D.E. 706 at 12 (citing D.E. 525-11). Nowhere, however, does this email suggest that Dr. Wright agreed with any portions of the Transcriptions.

3

were prepared after the fact from recordings. There is no evidence that any transcriber(s) took down any speakers' words as they were spoken, instead of listening to recordings and taking breaks between transcribing or altering the transcriptions. Moreover, the recordings may have been "listened to" by a computer, and not a person at all. In the absence of evidence that the Transcripts were contemporaneously prepared, Rule 803(1)'s exception does not apply. *See, e.g., Allscripts Healthcare, LLC v. DR/Decision Res., LLC*, 521 F. Supp. 3d 112, 122 (D. Mass. 2021); *Partido Revolucionario Dominicano (PRD) Seccional Metropolitana de Washington-DC, Maryland y Virginia v. Partido Revolucionario Dominicano, Seccional de Maryland y Virginia*, 311 F. Supp. 2d 14, 17 (D.D.C. 2004) (collecting cases).

Plaintiffs' final theory is that the Transcriptions satisfy Rule 807's residual hearsay exception, arguing that "there is no reason to suspect that the ATO did not accurately capture the statements made by Defendant and his agents." D.E. 708 at 13. Plaintiffs' failure to offer any authority for this theory is no surprise. This Court has explained that "Congress intended the residual hearsay exception to be used very rarely, and only in exceptional circumstances." *United States v. Boutros*, 2018 WL 11000696, at *2 (S.D. Fla. 2018) (Bloom, J.). "Rule 807 allows hearsay when (i) the statement is supported by sufficient guarantees of trustworthiness and (ii) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts. This evidence fails on both points." *Westgate Resorts, Ltd., et al., v. Reed Hein & Assocs., LLC*, 2021 WL 4428800, at *4 (M.D. Fla. June 24, 2021).

First, the Transcriptions are untrustworthy because they are replete with errors.[5] *See In re: Chiquita Brands Int'l Inc.*, 2019 WL 11497632, at *22 (S.D. Fla. 2019) ("[I]t is not made to

---

[5] Plaintiffs argue that the Court rejected Dr. Wright's "primary argument on hearsay . . . that there are transcription errors and missing identifications of speakers," in deciding a Motion in Limine. The Court made no such decision. D.E. 623, at 13 ("And merely because Defendant

4

appear that the several proffered unauthenticated, excerpted and unsigned documents possess any 'particularized guaranties of trustworthiness'"). Second, plaintiffs "fail[] to show that this evidence is more probative than any other evidence it could obtain through reasonable efforts. Indeed, [they] make[] no argument about why this evidence meets that requirement." *Westgate Resorts,* 2021 WL 4428800, at *4. Thus, plaintiffs failed to show "exceptional circumstances" permitting admission of the Transcriptions under the residual exception. *E.g., Hook v. Regents of Univ. of California*, 2007 WL 9705919, at *4 (D.N.M. 2007) ("The Court concludes that the unreviewed, unsworn interview transcripts and notes offered by Plaintiffs in this case do not meet this criteria, and therefore they are inadmissible."); *Kerns v. Sealy*, 2007 WL 2012867, at *2 n. 3 (S.D. Ala. 2007) ("[T]his Court will not permit Sealy to testify about his interpretation of what he read in deposition transcripts from unrelated litigation under the aegis of Rule 807.").

2. *The Notes Constitute Inadmissible Hearsay*

In his opening brief, Dr. Wright demonstrated that the Notes are hearsay, and every purported statement they contain is embedded hearsay. In their opposition, Plaintiffs made no attempt to argue that the Notes are admissible under the business or public records exceptions, thereby waiving any claimed reliance on those exceptions. *See Hamilton*, 680 F.3d 1316 at 1319. Instead, Plaintiffs travel on three inapplicable exceptions.

Plaintiffs first argue that the Notes are the present sense impressions of their preparer (who did not and will not testify). However, the Notes are dated a day after the meeting took place, *see* P127 (compare pages 1 and 11), so they, like the Transcriptions, are not present sense anythings. Moreover, the Notes acknowledge that they were not prepared during the meeting, and their preparer stated in them that she prepared them a day later, "[t]o the best of my

---

"denies' that transcripts 'accurately reflect the discussions in the meetings' does not support the proposition that the transcripts *cannot be authenticated*.") (emphasis added).

5

recollection, and based on notes I made during the meeting." *Id.* (page 1). Given that the Notes themselves confirm that they were not prepared contemporaneously, Rule 803(1)'s exception cannot apply. *See, e.g., Allscripts Healthcare, LLC,* 521 F. Supp. 3d at 122; *Partido Revolucionario Dominicano, Seccional de Maryland y Virginia*, 311 F. Supp. 2d at 17.

Plaintiffs' second theory is that Dr. Wright adopted the statements the Notes contain because he didn't submit an errata sheet. This is absurd. Dr. Wright *was not at the meeting that purportedly was summarized* in the Notes, so he would never have been able to confirm or correct what was written. Moreover, Dr. Wright was under no legal obligation to correct misstatements in after-the-fact, purported Notes of a meeting he did not attend, or that there would be any consequences for failing to attempt it. Thus, there is no basis to conclude that Dr. Wright "adopted" any statements that John Chesher purportedly made by having not responded to the ATO. *See* Weinstein's Evidence Manual Student Edition §15.02[3] at 15-15.[6]

Finally, the Notes do not satisfy the residual exception of Rule 807. First, there is no testimony from anyone who was at the meeting to confirm the Note's trustworthiness. Second, plaintiffs "fail[] to show that this evidence is more probative than any other evidence it could obtain through reasonable efforts. Indeed, [they] make[] no argument about why this evidence meets that requirement." *Westgate Resorts,* 2021 WL 4428800, at *4.

---

[6] In any event, John Chesher and Ann Wrightson were employees of non-party Australian companies. They were not Dr. Wright's personal employees or agents. Indeed, the ATO did not consider Mr. Chesher as Wright's agent, since it redacted his statements from the documents it produced in response to an information request, and the Notes are not even included in the list of materials the ATO considered providing under that request. Ex. A. Thus, the purported statements of Mr. Chesher and Ms. Wrightson are hearsay, and not statements of a party opponent under Rule 801(d)(2). *Cf. Century Pac., Inc.*, 528 F. Supp. 2d at 216. This same principle applies to statements by other employees, contractors, and agents of the non-party Australian companies that were the subject of the ATO Decision and GAAR Submission.

### 3. *The GAAR Submission and ATO Decision Exhibits Constitute Inadmissible Hearsay*

In his opening brief, Dr. Wright demonstrated that the GAAR Submission and ATO Decision Exhibits are inadmissible hearsay and contain inadmissible embedded hearsay.[7] In their opposition, plaintiffs expressly abandon their previous argument that those documents are admissible under the business records exception and thus waived reliance on that exception. D.E. 708 at 19 n.10. Instead, plaintiffs argue the public records and residual exceptions.

Plaintiffs cite all of Rule 803(8)'s subsections, as if they all applied to the GAAR Submission and ATO Decision Exhibits. However, because plaintiffs' arguments focus on Rule 803(8)(a)(iii), that subsection's requirements will be our focus here. In that respect, and contrary to plaintiffs' claims, the GAAR Submission and several of the ATO Decision Exhibits, P565 and P604, are not the sort of "final reports" that are admissible under the public records exception.[8]

Plaintiffs do not dispute that "[e]vidence reported in a government document is only admissible to the extent that the maker of [the] document could testify to that evidence were he present in court." *Stolarczyk ex rel. Est. of Stolarczyk v. Senator Int'l Freight Forwarding*, LLC, 376 F. Supp. 2d 834, 839 (N.D. Ill. 2005). Plaintiffs also do not dispute that the GAAR Submission and ATO Decision Exhibits contain extensive summaries of underlying documents,

---

[7] While Dr. Wright moved to exclude P220 and P605 in his opening brief, Plaintiffs had previously withdrawn those documents from their exhibit list. As such, those exhibits will not need to be excluded, unless plaintiffs attempt to belatedly change their minds.

[8] The GAAR panel "provides its advice on the basis of *contentions of fact* which have been put forward by ATO staff and by the taxpayer." General Anti-Avoidance Rules Panel, AUSTL. TAX'N OFF., https://www.ato.gov.au/General/ATO-advice-and-guidance/In-detail/Private-rulings/General-Anti-Avoidance-Rules-Panel/ (Oct. 1, 2019) (emphasis added). This, the GAAR Submission cannot be a "final report" under Rule 803(8)(c), and is an interim report that courts "routinely exclude" as "preliminary or subject to revision and further review . . . ." *In re Cessna 208 Series Aircraft Prod. Liab. Litig.*, 2009 WL 2780223, at *3 (D. Kan., 2009); *cf. Mamani v. Berzain*, 309 F. Supp. 3d 1274, 1295 (S.D. Fla. 2018) (admitting "the Three Prosecutors Report . . . presented to the magistrate judge as the prosecutors' "final report""). The same result obtains for P565 and P604, which remained subject to modification prior to finalization of the audit.

many of which are unattached. Instead, plaintiffs circularly reason that Dr. Wright failed to identify "any cases requiring documents falling within the public records or residual exceptions to the hearsay rule to attach all documents it could be construed to reference." D.E. 708 at 16-17.

 This circular argument assumes its desired result, that these documents are admissible public records when they are not. Further, it fails to note that such a report's sources must be subject to hearsay exceptions or the report's references to them are inadmissible. Plaintiffs improperly attempt to use the GAAR Submission and ATO Decision Exhibits as a conduit for bringing in embedded hearsay. The Court should reject this gambit, because plaintiffs cannot demonstrate that each referenced document is subject to a hearsay exception (a burden plaintiffs have failed to carry). *E.g., Kibler v. G.M.C.*, 1996 WL 767417, at *2 (W.D. Wash. 1996).

 Plaintiffs know the GAAR Submission and ATO Decision Exhibits contain statements by third parties. D.E. 708 at 16 (noting Rees family statements and purported information from Hewlett-Packard and Silicon Graphics Pty Ltd). They claim such statements "along with providing context for Defendant's statements, are admissible as non-hearsay for their effect on the ATO in reaching its findings." *Id.* at 18. First, there is no "providing context" hearsay exception. Second, the single case plaintiffs cite does not endorse their misreading of Rule 803(8). *See Papyrus Tech. Corp. v. New York Stock Exch., LLC*, 653 F. Supp. 2d 402, 411 n.8 (S.D.N.Y. 2009) (noting circuit law on judicial discretion to admit evidence under Rule 803(8); finding other cases inapposite on that case's facts). The actual rule "when public reports include statements of third parties who themselves have no duty to report what they observe, [is that] the statements require an independent basis for admission under the Rules of Evidence. Otherwise, those statements must be excluded." Weinstein's Evidence Manual Student Edition §16.08[2][a] at 16-46; *e.g., United States v. Patrick*, 248 F.3d 11, 22 (1st Cir. 2001) ("[W]here those notes

8

contain information from informants who are not themselves part of the business of police, that information is not admissible as an exception to the hearsay rule.").

Plaintiffs concede by silence that the ATO Decision Exhibits contain statements regarding Dr. Wrights credibility. Lacking a valid hearsay objection, they argue that such "credibility determinations may be central to the factual findings." D.E. 708 at 17. Apart from being inadmissible character evidence under Rule 404(b), these Exhibits remain inadmissible hearsay. Plaintiffs cite a case where an agency "explicitly state[d] that it did not make any credibility determinations." *Osterneck v. E.T. Barwick Indus., Inc.*, 106 F.R.D. 327 (N.D. Ga. 1984). The ATO made no such disclaimer, and plaintiffs have "not cited any case in which the opinion of a judge, administrative law judge or commissioner as to the credibility of a witness in a wholly unrelated proceeding was held to be admissible under Rule 803(8)(c)." *Hogan v. Wal-Mart Stores Inc.*, 2010 WL 624277, at *2 (S.D. Ill. 2010).

Finally, plaintiffs' barebones recital of Rule 807 fails to show exceptional circumstances supporting admission of the GAAR Submission and ATO Decision Exhibits. *See Payne v. Univ. of S. Mississippi*, 2014 WL 1404732, at *6 (S.D. Miss. 2014) (Proponent "recited Rule 807 and stated: 'All of the foregoing criteria are satisfied herein.' This is insufficient to carry his burden under Rule 807."). Plaintiffs have not demonstrated that the GAAR Submissions and ATO Decision Exhibits are admissible under the public records or residual hearsay exceptions.[9]

### B. Even if The ATO Documents Were Admissible, Their Exclusion Still Would be Required Because They Are Unfairly Prejudicial, Confusing and Misleading Under Rule 403

Even if they could be authenticated and were subject to hearsay exceptions at every level, the ATO Documents still would require exclusion under Rule 403. Plaintiffs do not dispute that

---

[9] If the Court were to find these arguments insufficient "to exclude the full GAAR Submission" or ATO Decision Exhibits, the documents' inadmissible portions still would require exclusion. *E.g., Beechwood Restorative Care Ctr. v. Leeds*, 856 F. Supp. 2d 580, 589 (W.D.N.Y. 2012).

9

the hundreds of pages of ATO Documents contain information that is irrelevant or otherwise cumulative. Nor do they dispute that those documents refer to other documents that are not attached, are littered with typos, missing words, phrases, and even the identification purported speakers. Accordingly, plaintiffs' bald assertion that the jury would not be confused lacks merit, and the ATO Documents would be properly excluded under Rule 403.[10]

Plaintiffs ignore the inherent prejudice that would arise from admitting the GAAR Submission and ATO Decision Exhibits as if they were "determinations" of a foreign agency, except to suggest a limiting instruction. Even if they were such determinations, as this Court has explained, they "may be excluded under Rule 403." *Peklun v. Tierra Del Mar Condo. Ass'n, Inc.*, 2016 WL 4250688, at *3 (S.D. Fla. 2016) (Bloom, J.). Given the undue weight that jurors might give a foreign agency's purported "determination" of issues of foreign law, excluding the GAAR Submission and ATO Decision Exhibits still would be required

Finally, admitting ATO hearsay statements suggesting that Dr. Wright acted with "evasiveness" (P320 at ¶242.3), or was involved in "taxpayer dishonesty" (P565 at ¶¶51, 60), would usurp the jury's role in assessing credibility. All such statements would require Rule 403 exclusion even if they didn't violate Rule 404(b) and were otherwise admissible. *E.g., Cambra v. Restaurant School*, 2005 WL 2886220, at *5 (E.D. Pa. 2005).

### III.   CONCLUSION

For all the good and sufficient reasons demonstrated by Dr. Wright's opening brief and this reply, the ATO Documents should not be admitted as substantive evidence at trial.

---

[10] In the alternative, the Court should require redaction of all irrelevant or otherwise cumulative material and that the redacted documents be deemed inadmissible until the parties have agreed on the redactions. *E.g., Fitzpatrick v. City of Fort Wayne*, 259 F.R.D. 357, 365 (N.D. Ind. 2009).

10

Date: October 12, 2021,                                        Respectfully submitted,

                                                               By: s/ Andres Rivero
                                                               ANDRES RIVERO
                                                               Florida Bar No. 613819
                                                               AMANDA MCGOVERN
                                                               Florida Bar No. 964263
                                                               ZAHARAH MARKOE
                                                               Florida Bar No. 504734
                                                               SCHNEUR KASS
                                                               Florida Bar No. 100554

                                                               RIVERO MESTRE LLP
                                                               2525 Ponce de Leon Boulevard,
                                                               Suite 1000
                                                               Miami, Florida 33134
                                                               Telephone: (305) 445-2500
                                                               Fax: (305) 445-2505
                                                               Email: arivero@riveromestre.com
                                                               Email: amcgovern@riveromestre.com
                                                               Email: zmarkoe@riveromestre.com
                                                               Email: zkass@riveromestre.com
                                                               Email: receptionist@riveromestre.com

                                                               MICHAEL A. FERNÁNDEZ
                                                               (*Pro Hac Vice*)

                                                               RIVERO MESTRE LLP
                                                               565 Fifth Avenue, 7th Floor
                                                               New York, NY 10017
                                                               Telephone: (212) 880-9451
                                                               Email: mfernandez@riveromestre.com

                                                               *Counsel for Dr. Craig S. Wright*

## CERTIFICATE OF SERVICE

I CERTIFY that on October 12, 2021, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Andres Rivero