UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

    Plaintiffs,
v.                                                  Case No. 9:18-cv-80176 (BB/BR)

CRAIG WRIGHT,

    Defendant.
_____/

## PLAINTIFFS' EXPEDITED MOTION FOR PARTIAL RECONSIDERATION OF ORDER ON DEPOSITION OBJECTIONS

Because the record may have been unclear about which party was seeking to offer the Defendant's out-of-court statements, Plaintiffs seek partial reconsideration of the Court's decision overruling certain objections to testimony that the *Defendant* designated in the deposition of Jimmy Nguyen[1] regarding the *Defendant's* alleged out-of-court statements.[2] *See* DE [720].

The decision whether to grant or deny a motion to reconsider is at the discretion of the Court. *See American Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1238–39 (11th Cir.1985). A motion to reconsider must demonstrate why the court should reconsider its decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *See Cover v. Wal–Mart Stores, Inc.*, 148 F.R.D. 294, 294 (M.D.Fla.1993); *Lamar Advert. of Mobile, Inc. v. City of Lakeland*, Fla., 189 F.R.D. 480, 488–89 (M.D. Fla. 1999).

---

[1] Nguyen is the former CEO of Wright's company, nChain, and is hostile to Plaintiffs.
[2] *See* Jimmy Nguyen's deposition designations, DE [611-008] and [611-009].

Here, both parties designated portions of the deposition of Jimmy Nguyen where he testified about statements allegedly made to him by Defendant Wright. When Wright designated his own out of court statements, Plaintiffs objected to that testimony on hearsay grounds. This Court largely overruled those objections just as it did when Plaintiffs designated similar testimony. However, the same hearsay statements by a party that would be admissible when offered by a party's opponent may be inadmissible hearsay when offered by the party who made the statement originally. *See, e.g.*, *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1280 (11th Cir. 2009).

Here, Defendant designated—and Plaintiffs objected to—significant portions of Mr. Nguyen's deposition transcript where Mr. Nguyen testified as to what Defendant allegedly *told* him. *See, e.g.*, Nguyen Dep. Tr. at 221:19–223:16 ("Craig said . . . ." "I think he said . . . ." "Then he said . . . ."); *id.* at 246:5 ("I'm telling you what he told me"); *id.* at 250:14 ("I remember him saying"); *id.* at 277:25 ("he's told me"); *id.* at 303:23–304:11 ("Craig said . . . ." "Craig at one point explained to me . . . ."). Unlike Plaintiffs, who can offer Defendant's out-of-court statements at trial as admissions of a party opponent under Fed. R. Evid. 801(d)(2), Defendant has no right to offer this hearsay testimony (Fed. R. Evid. 805), because his purported statements to Mr. Nguyen were not made while testifying at "the current trial or hearing," and he is offering them "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c); *United Techs. Corp.*, 556 F.3d at 1280 ("[Defendant]'s statements contained within the report are themselves hearsay statements, and . . . no exception applies to [Defendant's] statements."). Defendant's designations that include his own hearsay statements are specifically identified below.

No hearsay exception applies to these statements by Defendant which are being offered by the Defendant through his, not Plaintiffs', designations from the deposition testimony of Jimmy Nguyen. The statements are not, for example, present sense impressions (Fed. R. Evid. 803(1)) or

excited utterances (Fed. R. Evid. 803(2)), nor are they statements by Defendant about his then-existing mental, emotional, or physical condition. Fed. R. Evid. 803(3). They are simply hearsay in the form of Mr. Nguyen recalling what Defendant Wright allegedly said to him. *See, e.g., id.* at 246:5-8 ("I'm telling you what he told me. . . . He was prepared to walk away from Bitcoin.").

Moreover, Defendant cannot offer this hearsay under the guise of contextualizing other parts of the transcript designated by Plaintiffs. All of the subject hearsay is free standing. *See* Wright & Miller, 30B Fed. Prac. & Proc. Evid. § 6721 (2021 ed.) (identifying limited circumstances in which statements may be admitted for context, primarily with respect to statements in the same conversation or to explain a nonverbal reaction); *cf. Haygood v. Auto-Owners Ins. Co.*, 995 F.2d 1512, 1516 (11th Cir. 1993) (describing why Federal Rules of Evidence, Rule 106 regarding providing context for recorded statements and documents is inapplicable here); *compare United States v. Rivera*, 780 F.3d 1084, 1092 (11th Cir. 2015) ("Her own statements, by themselves, were important only to the extent they provided a context to assess Defendant's response.").

**WHEREFORE**, Plaintiffs respectfully request the Court reconsider its prior rulings, and grant this Motion and sustain Plaintiffs' hearsay objections to the following portions of Nguyen's deposition testimony designated by Defendant:

1) page 221, line 19 to page 223, line 16
2) page 224, line 22 to page 225, line 2
3) page 227, lines 2 to 4
4) page 231, lines 2 to 19
5) page 232, line 15 to page 233, line 8
6) page 244, line 5 to page 246, line 11[3]
7) page 250, line 12 to page 251, line 13
8) page 277, line 25 to page 278, line 13

---

[3] Here, Mr. Nguyen's foundation for his entire answer is based not on his personal knowledge, but instead on hearsay statements allegedly made by Defendant Wright. Mr. Nguyen confirms this beginning on page 246, line 5 ("I'm telling you what he told me.").

9) page 303, line 23 to page 304, line 11

## Request for Expedited Consideration

Mr. Nguyen's deposition was videotaped. Accordingly, Plaintiffs request the Court treat this motion on an expedited basis to give sufficient time to prepare the portions for use at trial. Plaintiffs respectfully request this Court rule on the instant motion prior to Friday, October 29, 2021.

Dated: October 21, 2021

Respectfully submitted,

*/s/ Andrew. S. Brenner.*
Andrew S. Brenner, Esq.
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

Velvel (Devin) Freedman, Esq.
**ROCHE FREEDMAN LLP**
200 S. Biscayne Blvd.
Suite 5500
Miami, Florida 33131
vel@rochefreedman.com

Kyle W. Roche, Esq.
Joe Delich, Esq.
*Admitted Pro Hac Vice*
**ROCHE FREEDMAN LLP**
185 Wythe Avenue F2
Brooklyn, New York 11249
kyle@rochefreedman.com

*Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 21, 2021, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of notices of electronic filing generated by CM/ECF.

*/s/ Andrew S. Brenner*
ANDREW S. BRENNER

## S.D. FLA. L.R. 7.1 CERTIFICATION

Pursuant to S.D. Fla. L.R. 7.1(a)(3), counsel for Plaintiffs conferred with counsel for Defendant on this issue but the parties were unable to reach an agreement on the resolution of this motion.

*/s/ Andrew S. Brenner*
ANDREW S. BRENNER
