# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

    plaintiffs,

v.                                              Case No. 9:18-cv-80176 (BB/BR)

CRAIG WRIGHT,

    defendant.

_____/

## DR. CRAIG WRIGHT'S RESPONSE IN OPPOSITION TO
## PLAINTIFFS' EXPEDITED MOTION FOR PARTIAL RECONSIDERATION OF
## ORDER ON DEPOSITION OBJECTIONS

In its Order on Deposition Designations, the Court properly overruled some of plaintiffs' objections to Dr. Wright's counter-designations[1] of the deposition of Jimmy Nguyen. [D.E. 720]. Unhappy with the Court's ruling and concerned about the admission of testimony that may harm their case, plaintiffs now ask the Court to reconsider its decision and thus prevent the jury from hearing a balanced and complete presentation of Mr. Nguyen's testimony, much of which goes to the heart of this case. For instance, while the parties have spent nearly the last three years litigating whether there was a partnership between Dave Kleiman and Dr. Wright to develop intellectual property and mine bitcoins, plaintiffs now attempt to exclude Mr. Nguyen's testimony, which they elicited, which goes straight to that issue: "Q. Did he say there was no partnership between him and Dave Kleiman? A. Yes." Nguyen Dep. Tr. at 227:2-4.

---

[1] Plaintiffs incorrectly state that Dr. Wright designated testimony from Mr. Nguyen's deposition. In fact, Dr. Wright did not make any designations but instead made only counter-designations. Such distinction is critical when determining whether the testimony is admissible during trial.

1

Plaintiffs fail to meet their burden of setting forth any facts or law which would provide any basis for the Court to revisit, much less reverse, its prior decision. Further they do not raise any new issues. They merely address the issues that were previously before and considered by this Court. *See Benjamin v. Jones*, 2019 WL 10301625, at *1 (S.D. Fla. 2019) (Bloom, J.) ("To warrant reconsideration, the moving party 'must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. A motion for reconsideration should raise new issues, not merely address issues litigated previously.'"). Thus, plaintiffs run afoul of the well-established principle that "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Shields v. Fresh Mkt., Inc.*, 2019 WL 7376705, at *1 (S.D. Fla. 2019) (Bloom, J.).

Plaintiffs fail to acknowledge that counter-designations are permitted under the rule of completeness if they are relevant to plaintiffs' claims and further explain or shed light on the excerpts designated by plaintiffs. *See* Fed R. Evid. 106[2]; *see e.g. U.S. v. Walker*, 652 F. 2d 708 (7th Cir. 1981) (finding that the excluded testimony qualified for admission under Fed. R. Evid. 106 because substantial portions were both relevant to specific elements of the government's proof and explanatory of the excerpts already admitted).

Plaintiffs' designated deposition testimony of Mr. Nguyen relates to W&K Info Defense Research, LLC ("W&K"), the creation of Bitcoin, Dave Kleiman's role (or lack thereof) in the creation and development of Bitcoin, and his relationship with Dr. Wright. *See* Nguyen Dep. Tr. at 97:2-7; 134:14-15; 134:17-135:1; 135:3-13; 196:16-197:4; 201:6-202:4. Dr. Wright's counter-designations relate to the same subject matters and help to provide a complete and fair

---

[2] Federal Rule of Evidence 106 states: "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part – or any other writing or recorded statement – that in fairness ought to be considered at the same time."

understanding of those subjects for the jury. *See id.* at 221:19-223:16; 232:15-233:8; 277:25-278:13; 303:23-304:11. Instead, plaintiffs' motion seeks to exclude any responses to questions they asked Mr. Nguyen during his deposition that undermine their theory of the case. Granting the motion would result in an unfair and incomplete presentation of his testimony to the jury.

For example, after designating testimony about an encrypted file that contains information about Dr. Wright's mined bitcoins including the following: "Q. Did he tell you why he made the encrypted file? A. Yes" (*Id.* at 243:13-244:4, 246:12-248:2), plaintiffs seek to exclude counter-designations about that same encrypted file, including Mr. Nguyen's response to the following question posed by plaintiffs' counsel during the deposition "Why did he make the encrypted file?" *Id.* at 244:5-246:11.

After designating testimony regarding the relationship between Dr. Wright and Dave Kleiman and Dave Kleiman's role in creating Bitcoin, including the following: "Q. In this interview do you recall Craig telling you that he had help from Dave Kleiman? A. Yes, I believe he said that." (*Id.* at 196:16-18), plaintiffs attempt to exclude Dr. Wright's counter-designation of Mr. Nguyen's testimony, which they elicited, which goes straight to the heart of the issues in this case: "Q. Did he say there was no partnership between him and Dave Kleiman? A. Yes." *Id.* at 227:2-4.

Plaintiffs also designated testimony regarding the mining of Bitcoin by Dave Kleiman, including "Q. Did you [ask] Craig for details on how he knew Dave Kleiman had mined Bitcoin? A. He told me he wanted Dave to mine Bitcoin separately so that Dave would be unnamed and having his own Bitcoin. . . ." (*Id.* at 255:19-23), and now want to exclude related testimony counter-designated by Dr. Wright: "As I explained earlier he's told me that Craig through his company mined and that Dave also mined separately and that one point Craig said people get

3

confused about this purported number of 1.1 million Bitcoin that Satoshi mined in the public computer somehow . . . because if you look the amount Craig mined . . . is about 820,000 coins . . . and . . . Dave mined 300 something thousand coins separately that's what people might get this number from but that's been the closest he's said to anything resembles what you just quoted to me." *Id.* at 303:24-304:11. To exclude Dr. Wright's counter-designations as requested by plaintiffs would leave a one-sided, incomplete, and unfair presentation of Mr. Nguyen's testimony to the jury.

And even if Dr. Wright's counter-designations are hearsay, the counter-designations are permitted under Federal Rule of Civil Procedure 32(a)(6) in order to ensure a fair and complete presentation of Mr. Nguyen's testimony. Federal Rule of Civil Procedure 32(a)(6) states: "[i]f a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts." As described above, Dr. Wright's counter-designations correspond with sections of Mr. Nguyen's testimony designated by plaintiffs, and, as such, it is only fair that the counter-designations are presented to the jury along with plaintiffs' designations. *See e.g. Georgia Power Co. v. U.S.*, 151 Fed. Cl. 408, 425 (U.S. Fed. Claim 2020) ("[T]he court overrules defendant's objection and admits the counter-designations for the limited purpose allowed by RCFC 32(a)(6)—to ensure that defendant's designations are presented fairly." [3]).

In addition, under Federal Rule of Evidence 802, hearsay is admissible where allowed by the Federal Rules of Evidence or by "other rules prescribed by the Supreme Court." Fed. R. Evid. 802. And, as held by the Court in *Georgia Power Co.*, Federal Rule of Civil Procedure

---

[3] RCFC 32(a)(6)'s counterpart in the Federal Rules of Civil Procedure is Rule 32(a)(6).

32(a)(6) is one of these "other rules" prescribed by the Supreme Court. *See Georgia Power*, 151 Fed. Cl. at 424 ("Under Rule 802, hearsay is admissible where allowed by the Federal Rules of Evidence, or 'by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.' Fed. R. Evid. 802. Rule 32(a)(4)(B) is one of these 'other rules.' *See* Fed. R. Evid. 802 advisory committee's note (identifying Rule 32 as one of the 'other rules') . . . ."). As such, the counter-designations cannot be excluded as hearsay under Federal Rule of Evidence 802.

Finally, Dr. Wright's counter-designations are admissible as prior consistent statements under Federal Rule of Evidence 801(d)(1)(B). *See U.S. v. Londondio*, 420 F. 3d 777 (8th Cir. 2005) (to rebut implied charge that prosecution witness fabricated testimony to receive a more favorable sentence, Rule 801(d)(1)(B) permitted the government to introduce witnesses' prior out-of-court statement to federal agent); *U.S. v. Street*, 66 F.3d 969 (8th Cir. 1995) (where park ranger was challenged on cross-examination with exaggerating incident because his trial testimony referred to defendant's string of obscenities during violent confrontation whereas his prior grand jury testimony had not, no error on redirect to admit incident report describing defendant's conduct in same terms as trial testimony). In addition, a witness other than declarant is permitted to testify about the prior consistent statement. *See Roach*, 164 F. 3d at 411.

Here, plaintiffs have repeatedly argued that Dr. Wright fabricated his story that Dave Kleiman was not his partner. Dr. Wright's counter-designations of Mr. Nguyen's testimony are of prior statements made by Dr. Wright to Mr. Nguyen that are consistent with the testimony that Dr. Wright will provide at trial. *See* Nguyen Dep. Tr. at 221:19-223:16; 224:22-225:2; 227:2-4; 277:25-278:13; 303:23-304:11. For example, plaintiffs are attempting to exclude the following counter-designation, which demonstrates that Dr. Wright's position in this lawsuit has been

consistent with his prior statements: "Q. Has Dr. Wright's story about Dave's participation remained the same throughout beginning of your conversations with him until today or has that evolved over time? A. I would say from what he told me it was very consistent." *Id.* at 224:22-225:2. In another attempt to exclude Dr. Wright's prior consistent statements, plaintiffs attempt to exclude the following: "Q. Would that be consistent with what he's told you? A. Well, he's told me that they had no partnership agreement and that he always when he sets up his companies tries to do so in a form way . . . ." *Id.* at 277:25-278:4.

Plaintiffs also intend to introduce at trial documents which they allege were forged or altered by Dr. Wright. Dr. Wright, however, has stated (and will testify) that he was previously hacked, which explains why some documents may have been altered; a claim that plaintiffs insist is a fabrication as well. Accordingly, Dr. Wright counter-designated testimony from Mr. Nguyen's deposition, which is consistent with his testimony that he was hacked: "Q. Did he give you any specific examples of specific documents that had been hacked? A. Well, I guess I would characterize it this way. I don't think documents were hacked. I think he said his computer systems, his companies had been hacked meaning someone accessed them without authorization and changed documents, data or added things or created things that weren't otherwise supposed to be there. I think he mentioned that someone created the e-mails or altered e-mails and some other documents but I don't recall him telling anything more specific than that." *Id.* at 251:2-13. Plaintiffs, however, do not want Dr. Wright to be able to present such an argument. Indeed, this is not the first time they have tried (and failed) to have the Court exclude testimony that Mr. Wright was hacked. *See* [D.E. 623] at 23 ("[T]he Court rejects the assertion that Plaintiffs are subject to a trial by ambush or allowing Defendant's alleged 'hacking and forgery gambits to proceed is a threat to the integrity of the [judicial] system.' ECF No. [497] at 17. As Defendant

6

rightly points out, Plaintiffs have probed Defendant's claims of hacking during discovery . . . and the defense is not newly-asserted. . . . Plaintiffs' Motion as to issue #3 is denied.") As such, Dr. Wright's counter-designations are admissible.

## CONCLUSION

For all these good and sufficient reasons, the Court should deny Plaintiffs' Expedited Motion for Partial Reconsideration of Order on Deposition Objections.

Date: October 26, 2021

Respectfully submitted,

By: s/ Amanda McGovern
ANDRES RIVERO
Florida Bar No. 613819
AMANDA MCGOVERN
Florida Bar No. 964263
ZAHARAH MARKOE
Florida Bar No. 504734
SCHNEUR KASS
Florida Bar No. 100554

RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard,
Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: amcgovern@riveromestre.com
Email: zmarkoe@riveromestre.com
Email: zkass@riveromestre.com
Email: receptionist@riveromestre.com

MICHAEL A. FERNÁNDEZ
(*Pro Hac Vice*)

RIVERO MESTRE LLP
565 Fifth Avenue, 7th Floor
New York, NY 10017
Telephone: (212) 880-9451
Email: mfernandez@riveromestre.com

*Counsel for Dr. Craig S. Wright*

## **CERTIFICATE OF SERVICE**

I CERTIFY that on October 26, 2021, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Amanda McGovern*