UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

    plaintiffs,
v.                                                                                          Case No. 9:18-cv-80176 (BB/BR)

CRAIG WRIGHT,

    defendant.
_____/

## DR. CRAIG WRIGHT'S MOTION ON ORDER OF WITNESS PRESENTATION

### I.    INTRODUCTION

Dr. Wright respectfully requests the Court to permit his defense testimony during his case-in-chief, as opposed to plaintiffs' improper insistence that Dr. Wright testify exclusively during plaintiffs' case-in-chief. Requiring Dr. Wright to give all his trial testimony during plaintiffs' case-in-chief would be inherently unfair for medical reasons.[1] It also would subject Dr. Wright to harassment and undue embarrassment, while improperly confusing the issues for the jury. Accordingly, the most effective procedure under Rule 611 of the Federal Rules of Evidence 611 is the traditional procedure, permitting Dr. Wright to testify on his own behalf and present his case during his own case-in-chief.

---

[1] Dr. Wright's autism is a persuasive reason for permitting him to testify in his own case. *See* June 24, 2020 Order [DE 595] (considering Dr. Wright's autism in rejecting motion for sanctions). As Ami Klin, Phd., demonstrated in his expert report, the rigid and piecemeal method of trial questioning is particularly challenging for Dr. Wright, who easily gets frustrated by imprecision and mischaracterization. D.E. 510-20 at 14. After being on the stand for days of grueling cross-examination by plaintiffs, he should have the opportunity to rest and regain his composure before being questioned again. There is no good reason why plaintiffs would oppose this, which begs the question of an improper motive, such as taking advantage of Dr. Wright's autism to provoke what could potentially be inappropriate conduct.

1

## II. ALLOWING DR. WRIGHT TO TESTIFY DURING HIS CASE-IN-CHIEF WILL ADVANCE THE GOALS OF FEDERAL RULE OF EVIDENCE 611

Rule 611 grants the Court reasonable discretion as to the mode and order of examining witnesses and presenting evidence. *E.g.,United States v. Pon*, 963 F.3d 1207, 1223 (11th Cir. 2020). Rule 611(a) states that "[t]he court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." As we further demonstrate below, plaintiffs' demand that Dr. Wright be forced to testify on his own behalf during plaintiffs' case-in-chief would contravene and undermine the goals of Rule 611. In contrast, granting this motion will serve the rule's purposes and advance its goals.

### A. Requiring Dr. Wright to Testify Exclusively During Plaintiffs' Case-in-Chief Would Improperly Confuse the Jury

A district judge should control the presentation of evidence to the jury so it will be as well organized and understandable as possible. *E.g., United States v. Bender*, 218 F.2d 869, 873 (7th Cir. 1955). To require that both sides' examination of Dr. Wright be completed during plaintiffs' case-in-chief would improperly confuse the issues for the jury and inhibit an effective determination of the truth.

> The traditional procedure is for the moving party to present its case and then for the defendant to present his defense. As each witness testifies, it is important that the opposing party have an opportunity to test his truthfulness and competency. But it is also important that the regular procedure of the trial be maintained. As a result, each party is allowed to cross-examine his opponent's witnesses but he must ordinarily confine his cross-examination to the subject matter brought out on direct examination. **If the cross-examiner wants to use the witness to prove other matters, he must wait until it is time to present his case and then call the witness as his own. In this way each party is given an opportunity to challenge the other's witnesses, but the jury is not unnecessarily confused by being presented with evidence as to the contentions of both parties so intermingled as to make the evidence unintelligible.**

*Id.* (internal citation omitted) (emphasis added). If the Court were to require Dr. Wright to testify in his defense during plaintiffs' case-in-chief, it would confuse the issues for the jury and interrupt the flow of trial. Dr. Wright's presentation would be truncated and intermingled with plaintiffs' presentation, which would prevent an effective delivery of Dr. Wright's case-in-chief. The jury should hear from plaintiffs' witnesses and defendant's witnesses separately, enabling them to draw a clear distinction between the two presentations. Keeping the respective parties' presentations separate, discrete and cohesive will allow the jury to better follow the parties' presentations and facilitate its deliberations.

Plaintiffs' demand also would impede and impair Dr. Wright's right to defend himself and present his case as he sees fit. Prohibiting Dr. Wright from testifying during his own case would inhibit his ability (and right) to properly defend himself. Mindful of this fact, courts regularly allow adverse parties and witnesses to be recalled during a defendant's case-in-chief. *See e.g.*, *Mighty v. Miami-Dade Cty.*, 2021 WL 4022616, at *9 (11th Cir. 2021); *Bender*, 218 F.2d at 873; *Russo v. Jefferson Par. Water Dept.*, 1997 WL 778689 (E.D. La. 1997).

Therefore, in order to have a cohesive trial, plaintiffs should be permitted to present their case in full, and Dr. Wright should be permitted to do the same. This procedure will make the plaintiffs' and Dr. Wright's theories clear to the jury, and will allow for an effective determination of the truth, as Rule 611 is required to facilitate.

### B. Requiring Dr. Wright to Give All His Testimony During Plaintiffs' Case-in-Chief Would Be Harassing and Unduly Burdensome

As the Court is aware, Dr. Wright has autism. Quite apart from the impropriety of forcing him to present his testimony during plaintiffs' case-in-chief, requiring him to give all his trial testimony at once—which would take days, not hours—would be unfairly burdensome and

harassing. People with autism struggle with social interactions, particularly protracted social interactions. As such, requiring an unnecessarily extended examination of Dr. Wright would be fundamentally unfair, inherently prejudicial, and would impair his ability (and right) to effectively defend himself. Plaintiffs' attempt to force Dr. Wright to testify exclusively during their case-in-chief would amount to harassment, and would ensure that he could not offer his best presentation of evidence at trial. Rule 611(a)(3) requires a court to reasonably control the presentation of witnesses and evidence to protect witnesses from harassment or undue embarrassment. Dr. Wright is a critical witness for his defense in this case, and, every bit as much as a non-party witness, should be protected from harassment or undue embarrassment. He should not be required to give all his testimony when called by plaintiffs and should be recalled during his own case.

### C.  *Any Purported Concern About Wasting Time is Illusory and Without Merit*

Forcing Dr. Wright to testify exclusively during plaintiffs' case-in-chief would not further temporal efficiency or avoid "wasting time" under Rule 611(a)(2). Dr. Wright's testimony would take the same amount of time if he were called only during plaintiffs' case-in-chief or is permitted to present it during his case-in-chief. Moreover, as demonstrated above, the clarity of his testimony would be greatly impaired by forcing him to testify only during plaintiffs' case. Further, Dr. Wright will be present in the courtroom every day of trial and calling him during both sides' presentations would not cause any delay or impair the trial schedule in any way. Accordingly, this motion should be granted, and Dr. Wright should be permitted to testify in his defense during his case-in-chief.

### III. CONCLUSION

For all these good and sufficient reasons, Dr. Wright respectfully requests that the Court grant this motion and allow him to testify in his defense during his case-in-chief.

Date: October 27, 2021                                    Respectfully submitted,

By: s/ Andres Rivero
ANDRES RIVERO
Florida Bar No. 613819
AMANDA MCGOVERN
Florida Bar No. 964263
ZAHARAH MARKOE
Florida Bar No. 504734
SCHNEUR KASS
Florida Bar No. 100554

RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard,
Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: amcgovern@riveromestre.com
Email: zmarkoe@riveromestre.com
Email: zkass@riveromestre.com
Email: receptionist@riveromestre.com

### CERTIFICATE OF SERVICE

I CERTIFY that on October 27, 2021, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Andres Rivero