UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

    Plaintiffs,

v.     **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

    Defendant.

_____/

**PLAINTIFFS' REPLY IN SUPPORT OF EXPEDITED MOTION FOR PARTIAL
RECONSIDERATION OF ORDER ON DEPOSITION OBJECTIONS**

Defendant's Response (DE [740]) acknowledges that the testimony Defendant designated in the deposition of Jimmy Nguyen, are Defendant's own alleged prior out-of-court statements offered for their truth. In other words, the statements are hearsay. Defendant instead seeks admission arguing that the statements fall within one of the exclusions to hearsay in Rule 801 or come under one of the exceptions to the hearsay rule in Rule 803. Because they do not, and because Defendant relies on designations previously *withdrawn* by Plaintiffs for purposes of arguing that his cross-designations are permissible, Plaintiffs' Motion for Partial Reconsideration should be granted.

*First*, Defendant's reliance on Federal Rule of Evidence 106 is misplaced. The deposition testimony Defendant designated is simply an improper attempt to introduce affirmative hearsay evidence in support of his defenses in this case, rather than to provide fair context to the stand-alone portions of Mr. Nguyen's transcript designated by Plaintiffs, as required by Rule 106. *E.g.*, *Haygood v. Auto-Owners Ins. Co.*, 995 F.2d 1512 (11th Cir. 1993) ("Rule 106 allows a party to enter into evidence any part of a 'writing or recorded statement' when 'in fairness' that portion

1

should be 'considered contemporaneously' with the portion submitted by the adverse party. The obvious import of the rule is to allow a party to put a statement in context where, without the context, the meaning would be distorted.") (quoting Fed. R. Evid. 106); *see* Response at 2 (broadly asserting that Defendant's designations are admissible under Rule 106 because they relate to "W&K . . ., the creation of Bitcoin, Dave Kleiman's role (or lack thereof) in the creation and development of Bitcoin, and his relationship with Dr. Wright"—that is, the general subject matter of this case, not the actual testimony designated by Plaintiffs). The rule of completeness does not provide an adverse party with unfettered license to introduce their own exculpatory hearsay statements. *See United States v. Herman,* 997 F.3d 251, 264 (5th Cir. 2021) ("Rule 106 permits a party to correct an incomplete and misleading impression created by the introduction of part of a writing or recorded statement; it does not permit a party to introduce writings or recorded statements to affirmatively advance their own, alternative theory of the case."). For example, Defendant designated pages 221:19 to 223:16 of Mr. Nguyen's deposition. That testimony is free-standing narrative hearsay regarding what Defendant allegedly said to Mr. Nguyen about his relationship with David Kleiman.  It does not provide contemporaneous contextualization admissible under the rule of completeness because Plaintiffs did not designate the testimony immediately preceding or following the testimony designated by Defendant, or testimony about the same specific subject.  *See* Nguyen Dep. Tr. at 221:19–223:16 (reflecting just two general questions over nearly three pages of testimony: (1) "Okay.  How did he say that he worked with Dave Kleiman?" (2) "Okay. Well, can you tell me more than just the start of them? What else did he tell you?").

      Contrary to Defendant's assertion, "Rule 106 does not, however, render admissible the evidence which is otherwise inadmissible under the hearsay rules . . . Nor does it require the

admission of self-serving, exculpatory statements made by a party which are being sought for admission by that same party." *United States v. Lentz*, 524 F.3d 501, 526 (4th Cir. 2008) (citations and quotation marks omitted); *United States v. Langford,* 647 F.3d 1309, 1330 (11th Cir. 2011) ("Rule 106 does not automatically make the entire document admissible.") (quotation marks omitted); *United States v. Mitchell*, 502 F.3d 931, 965 n.9 (9th Cir. 2007) ("Rule 106 does not render admissible otherwise inadmissible hearsay."); *United States Football League v. Nat'l Football League*, 842 F.2d 1335, 1375–76 (2d Cir. 1998) ("The doctrine of completeness, Fed.R.Evid. 106, does not compel admission of otherwise inadmissible hearsay evidence."); *United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996) (holding that the government was entitled to introduce the defendant's inculpatory statements as opposing party admissions but that the defendant could not introduce exculpatory portions under Rule 106 because they would be inadmissible hearsay).

Rather than properly defending each of the designations Plaintiffs identified in their Motion, Defendant selectively discusses just three examples, and misrepresents even those designations. Response at 2–4.[1] Defendant first references that both Plaintiffs' and Defendant's designations include a question about the reasons for creation of an encrypted file, but he fails to inform the Court that Plaintiffs previously *withdrew* their designation of pages 242:9-244:4 and 246:12-248:2, on which Defendant relies for his argument that Rule 106 applies, in response to Defendant's objections to those designations. *See* Ex. A (October 11, 2021 email from V. Freedman to A. McGovern and others). Defendant's next example, like his overall argument, is that all testimony about the central issue of whether Defendant and David Kleiman were partners

---

[1] Defendant's failure to explain how the other deposition designations identified in Plaintiffs' Motion are not inadmissible hearsay is grounds alone to grant the Motion as to those designations.

3

is admissible under Rule 106. *See* Response at 3 (asserting all evidence about "the relationship between Dr. Wright and Dave Kleiman and Dave Kleiman's role in creating Bitcoin" comes in under Rule 106). It does not. *See, e.g.*, *Herman,* 997 F.3d at 264. Defendant's final example combines both types of error—relying on withdrawn designations by Plaintiffs (pages 255:19–256:8) for the erroneous proposition that all testimony about Bitcoin mining is admissible under Rule 106.

*Second*, Defendant's brief argument that his counter-designations are admissible under Federal Rule of Civil Procedure 32(a)(6) should be rejected for these same reasons discussed above. Rule 32(a)(6) "is similar to Rule 106 of the Federal Rules of Evidence, and differences between the two are largely semantic." *Great Am. Ins. Co. v. Moye*, 2010 WL 2889665, at *2 (M.D. Fla. July 19, 2010); *see* 10A Fed. Proc., L. Ed. § 26:462 ("Fed. R. Civ. P. 32(a)(6) is substantially a restatement of Fed. R. Evid. 106"); *see* Depositions PST (3d ed.) § 16:9 ("Fairness requires that the adversary be allowed to designate only those parts of deposition testimony which are necessary to correct any misimpression created by taking the original designations out of their context.").

*Finally*, Defendant's argument that his statements to Mr. Nguyen can be admitted as "prior consistent statements" under Rule 801(d)(1)(B) fails for at least two independent reasons. Defendant is not attempting to introduce prior consistent statements to rebut an alleged motive for misrepresentation but instead simply to introduce purportedly favorable hearsay evidence. As the Supreme Court has explained, Rule 801(d)(1)(B) "speaks of a party rebutting an alleged motive, not bolstering the veracity of the story told." *Tome v. United States*, 513 U.S. 150, 158 (1995). Defendant's Response makes clear that even he sees the testimony as bolstering the veracity of his story today, not rebutting his motives for making prior inconsistent statements. *See* Response at

6–7 (offering that statements to Mr. Nguyen about prior hacking are admissible as consistent with anticipated trial testimony that Defendant was hacked as an explanation for evidence harmful to his case).[2]

Further, it is unclear whether Defendant's alleged statements to Mr. Nguyen—who Defendant first met in September 2016[3]—were "made before the alleged influence, or motive to fabricate, arose." *See United States v. Drury*, 396 F.3d 1303, 1317 (11th Cir. 2005) ("prior consistent statements are treated as admissible non-hearsay only if they are offered to rebut a specific allegation of recent fabrication, not to rehabilitate credibility that has been generally called into question"); *Tome*, 513 U.S. at 157 ("Prior consistent statements may not be admitted to counter all forms of impeachment or to bolster the witness merely because [he] has been discredited."). Defendant's statements about his partnership with David Kleiman have shifted over time, and Defendant is not entitled to have Mr. Nguyen bolster his side of the case in the guise of prior consistent statements.[4]

---

[2] Defendant cites only Eighth Circuit decisions, in criminal cases, which are not to the contrary. *See United States v. Londondio*, 420 F.3d 777, 784 (8th Cir. 2005) (statement about source of drugs made before plea deal created potential motive for misrepresentation); *United States v. Street*, 66 F.3d 969, 977 (8th Cir. 1995) (statements recounted in incident report consistent with trial testimony but omitted from grand jury testimony, suggesting no motive for misrepresentation); *United States v. Roach*, 164 F.3d 403, 411 (8th Cir. 1998) (statement during police interview consistent with trial testimony to rebut inference of motive of cooperating witness to lie).

[3] *See* Nguyen Dep. Tr. at 219:18–25.

[4] Defendant's argument is also inconsistent with Rule 801(d)(1)(B)'s requirement that a prior consistent statement be made by the testifying witness, here Defendant. *See Gauthier v. Mekusker*, 186 F. App'x 903, 912–13 (11th Cir. 2006) (a declarant-witness's "prior consistent statement is not hearsay if (1) the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and (2) the statement is consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive."). The Response recognizes Rule 801(d)(1)(B)'s inapplicability to Mr. Nguyen's deposition designations given that Defendant's alleged prior consistent statements

Accordingly, Plaintiffs respectfully request that the Court grant their Motion for Partial Reconsideration of Order on Deposition Objections (DE [726]) and sustain their hearsay objections.

Dated: October 28, 2021

Respectfully submitted,

*/s/ Andrew. S. Brenner.*
Andrew S. Brenner, Esq.
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

Velvel (Devin) Freedman, Esq.
**ROCHE CYRULNIK FREEDMAN LLP**
200 S. Biscayne Blvd.
Suite 5500
Miami, Florida 33131
vel@rochefreedman.com

Kyle W. Roche, Esq.
Joe Delich, Esq.
*Admitted Pro Hac Vice*
**ROCHE CYRULNIK FREEDMAN LLP**
185 Wythe Avenue F2
Brooklyn, New York 11249
kyle@rochefreedman.com

*Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

---

would only come into play in relation to "the testimony that Dr. Wright will provide at trial." Response at 5.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 28, 2021 a true and correct copy of the foregoing was filed with the Clerk of the Court via CM/ECF for electronic service on all counsel of record.

                                                */s/ Andrew S. Brenner*
                                                ANDREW S. BRENNER