# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# (WEST PALM BEACH)
### Case No.: 9:18-cv-80176-BB

IRA KLEIMAN, as personal representative
of the Estate of David Kleiman, and
W&K Info Defense Research, LLC,

      Plaintiffs,

v.

CRAIG WRIGHT,

      Defendant.

_____/

### NON-PARTY WITNESS JOHN DOE'S EXPEDITED RENEWED MOTION TO SEAL LIMITED PORTIONS OF TRIAL, INCLUDING PORTIONS OF DEPOSITION TRANSCRIPT

### Motion

Non-party witness, deponent John Doe (the "Deponent") renews, on an expedited basis, the motion to seal limited portions of the trial (ECF No. 693), relating to designations and proposed redactions to the deposition transcript of the Deponent, and the use of such information at trial. The grounds for this motion are set forth in the memorandum of law, below, and in Deponent's original motion to seal (ECF No. 693), incorporated by reference here.

### Request For Expedited Consideration and Telephonic/Zoom Hearing

Doe respectfully requests that this matter be resolved on an expedited basis, and that the Court conduct a telephonic or Zoom hearing to resolve any further questions about the redactions and use of Doe's testimony at trial. Expedited consideration is necessary because the parties have reached agreement on some, but not all, of the proposed confidentiality redactions and modifications, and

Case No.: 9:18-cv-80176-BB

Plaintiffs' counsel has represented that they cannot predict when the testimony may be referenced, so it is possible that Doe's testimony may be offered or used early in the trial.

**Memorandum of Law**

I. **INTRODUCTION**

On October 14, 2021, this Court granted in part and denied in part the motion (ECF No. 693) of non-party deponent John Doe to seal the trial during use of Doe's deposition testimony. ECF No. 721. While the Court indicated that it would not seal the courtroom during trial, the Court did rule that it would accommodate Doe's safety concerns. ECF No. 721. The Court ordered Doe's counsel to confer with counsel for Plaintiffs and Defendant to determine which portions of Doe's deposition testimony should be used at trial or, alternatively, remain sealed. Counsel for Doe and for the parties have met and conferred and have agreed on certain issues but a few remain for resolution by the Court.

Submitted as Exhibit A (filed separately under seal as authorized by ECF No. 744) to this motion is the deposition testimony of Doe designated by the parties for use at trial that Doe believes should be acceptable for use at trial with the designated portions to which Doe objects, and which should not be publicly disclosed to preserve Doe's safety, identified in redline as deletions. Strikethroughs in Exhibit A indicate redactions in the testimony sought by Doe to eliminate information that could be used in an effort to ascertain Doe's identity or provide other information potential dangerous to Doe and his family. The redlined redactions Doe believes are undisputed are not highlighted. The redlined deletions proposed by Doe that the parties have not been able to agree upon are highlighted in ==yellow== in the deposition designations, submitted as Exhibit A.

The parties previously stipulated that Doe's name and any identifying characteristics would

Case No.: 9:18-cv-80176-BB

not be disclosed, in the event the deposition was used at trial. ECF No. 466; ECF No. 467. Courts regularly exercise their discretion to protect the identity of a confidential informant, and this privilege exists in the civil context, as well as in criminal cases. *See Fed. Trade Comm. V. USA Beverages, Inc.*, 2005 WL 3676636 (S.D. Fla. Nov. 5, 2005). This Court should take the reasonable, and limited, steps necessary to accomplish the valid purpose of protecting Doe's identity from disclosure.

All parties to this litigation agree that Doe's name and profession should be redacted from the deposition testimony such that none of this information is disclosed to anyone at the trial. All parties also agree to redact Doe's online handle. Defendants agree to redacting the Bitcoin address that may be associated with Doe (and referring to it as simply as "the 1933 address," as was done during the deposition), but Plaintiffs contend the full address must be referenced at trial. Plaintiffs do not object to any of the redactions that relate to identifying characteristics about how Doe specifically obtain Bitcoin and certain aspects of other proceedings, as set forth in Defendant's counter-designations of Doe's deposition testimony; Defendants disagree. In the remainder of this Memorandum, Doe will address why the redactions proposed by Doe that remain at issue are essential to protect Doe's identity and the safety and financial privacy of Doe and Doe's family.

**II.     ARGUMENT**

There appear only to be three issues in dispute as to Doe's proposed redactions. Those issues relate to (a) the full Bitcoin address potentially associated with Doe, (b) when and how Doe specifically obtained the Bitcoin that may have once been associated with that Bitcoin address and the amount of Bitcoin contained in that Bitcoin address in the past, and (c) certain details about Doe that could lead to discovery of his identity, including references to an alleged regulatory

3

Case No.: 9:18-cv-80176-BB

action, another proceeding that may have involved Doe, and a post by Doe to a specific online forum.[1]

**(a) Full Bitcoin Address**

The first issue in dispute is the use of the full Bitcoin address potentially associated with Doe. Doe believes that the full Bitcoin address should not be used at trial and that, instead, the Bitcoin address should be redacted to the four digits used in Doe's deposition as a short-form for that address, just as was done for most of the questions posed during Doe's deposition. It is uncontested that Doe is justifiably concerned that the full address could be used to link that address to Doe and could lead criminals to endanger Doe and Doe's family. *See Globe Newspaper Co., v Superior Court of Norfolk County*, 457 U.S. 596, 607 (1982) (recognizing that "safeguarding . . . physical and psychological well-being . . ." is a "compelling" governmental interest). While Defendant does not object to redaction of the full Bitcoin address, Plaintiffs do. Plaintiffs have previously argued that the full Bitcoin address appears in numerous documents on Plaintiffs' exhibit list. To address that concern, Doe's counsel has offered to undertake the burden of providing redacted copies of those documents, omitting the full Bitcoin address but using the four digit short-form that was used during Doe's deposition questioning.

The use of the short form "1933 address" will pose no risk of confusion and will not undermine or prejudice Plaintiffs' presentation of its case in any way. The parties specifically used this same short-form address during Doe's deposition, without any confusion or prejudice to either party, and there is no reason the same procedure cannot be employed during trial. Given

---

[1] The parties do not object to redaction of the online handle used by Doe in that post.

4

Case No.: 9:18-cv-80176-BB

the danger to Doe and Doe's family that has been addressed to the Court, this should be sufficient to address any legitimate concerns of Plaintiffs. It would not impair Plaintiffs' ability to present their case to the jury. Refusing to redact the full Bitcoin address would subject Doe and Doe's family to intolerable risk of physical harm. The judicial system should not impose on a disinterested third party and that third party's family a risk of physical harm while parties to civil litigation are merely seeking to enrich themselves or impoverish others. It would be an injustice of epic proportions to subject Doe and Doe's family to physical danger in a civil case in which, after all, unrelated parties are fighting about money. The Court should accept Doe's proposed redaction of the full Bitcoin address.

**(b) Specific Information About Acquisition of Bitcoin**

The second area of disagreement relates to: (a) when Doe obtained the Bitcoin address at issue; (b) when and how Doe obtained the Bitcoin that was, at one point, contained in the Bitcoin address at issue and (c) the amount of that Bitcoin in the past. Plaintiffs object to the first of these redactions but do not object to the remainder of these redactions. Defendant apparently does not object to the first of these redactions but does object to the remainder. Allowing disclosure of specifically when Doe obtained the Bitcoin address and how Doe obtained any Bitcoin ever included in that address, as well as the amount of Bitcoin contained in that address at one point, could, possibly, allow a criminal to draw conclusions, erroneous or not, as to any wealth Doe may have at some point possessed. This too could endanger Doe and his family. The proposed redactions are very limited and are essential to protect Doe's identity and safety. Moreover, even Defendant has not explained how these particular details would be in any sense relevant to this action or to the parties' claims or defenses. Redacting these limited details would not in any way

5

Case No.: 9:18-cv-80176-BB

prejudice or limit Defendant's ability to present his case. Given the undisputed potential danger to Doe and his family, the Court should accept Doe's proposed redactions on this issue.

**(c) Details About Doe and Other Proceedings**

The final issue in apparent dispute relates to specific details relating to Doe, to an alleged regulatory action involving him, to an alleged complaint in another proceeding that was discussed during Doe's examination at deposition by Defendant's counsel, and to a post to an online forum.

First, Doe was asked his date of birth at the deposition and answered that question. There is no reason Doe's date of birth is relevant, and its disclosure would be one additional public piece of information that could be used to try to piece together his identity. The Court should permit redaction of that information.

Obviously, to the extent the alleged regulatory action against Doe or the complaint from another proceeding names Doe, it would reveal Doe's identity to the world, something all agree should not be done. Similarly, the alleged post to an online forum could be another important clue allowing Doe's identity to be discovered. Doe requests only limited redactions omitting some specifics details about the precise nature of those matters. Those details provide identifying information that would make it easier for a nefarious actor to track down and identify Doe, putting Doe and Doe's family at risk of harm. In any event, both matters would be hearsay and, moreover, would appear to have no relevance to this action. In addition, the alleged regulatory action and complaint were not marked as exhibits at Doe's deposition, and any testimony about them would be incomprehensible given that the jury would not actually be able to determine what citation or complaint was discussed at the deposition.

Case No.: 9:18-cv-80176-BB

### III.    **CONCLUSION**

The Court is well familiar with Doe's fears and those fears are real and well-grounded. Doe has no interest in this litigation and the parties' fight over money should not be allowed to endanger Doe and Doe's family. The parties have agreed to some of Doe's proposed redactions. Those that remain in dispute are peripheral to this litigation and their disclosure would create the risk of harm to a non-party that the judicial system should not tolerate. Doe respectfully requests that the Court accept all redactions proposed by Doe to protect the safety and financial privacy of Doe and Doe's family. For the convenience of the Court, a clean version of the redacted deposition transcript, with all redlines proposed by John Doe accepted, is filed under seal, confidentially as Exhibit B. (But, if the Court grants John Doe's motion, Exhibit B may be read to the jury, etc.)

WHEREFORE, the Deponent respectfully requests that the Court enter a sealing order providing that, at the trial of this matter (currently set to begin on November 1, 2021): (a) Only the fully redacted deposition transcript (including substitution of "John Doe" for the Deponent's name and the use of the short form "1933 address" for the Bitcoin address at issue), submitted as Exhibit B to this motion shall be read into evidence or referenced by any attorney or witness, whether during opening, closing or any testimony; (b) Any portions of the Deponent's deposition transcript that have not been previously designated shall not be referenced; and (c) None of the redacted information or any other identifying characteristics relating to John Doe shall be placed into evidence, or referenced by any attorney or witness at trial.

Date: November 1, 2021            Respectfully submitted,

*/s/ Darrell Payne*_____
DARRELL PAYNE
Florida Bar No. 773300

7

Case No.: 9:18-cv-80176-BB

**STEARNS WEAVER MILLER**
Museum Tower
150 West Flagler Street, Suite 2200
Miami, Florida 33130
Telephone: 305-789-3200
Email: dapyne@stearnsweaver.com
Secondary Email: cveguilla@stearnsweaver.com

Patricia L. Glaser (*pro hac vice counsel*)
Richard W. Buckner (*pro hac vice counsel*)
**GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP**
10250 Constellation Blvd.
Los Angeles, CA 90067
Telephone: (310) 282-6221
Email: PGlaser@GlaserWeil.com
Email: kgould@GlaserWeil.com
Email: RBuckner@GlaserWeil.com
Email: rbenvie@GlaserWeil.com

**CERTIFICATE OF GOOD FAITH CONFERENCE;
CONFERRED AND AGREED TO THE MOTION**

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that undersigned pro hac vice counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues, but the parties lack the power to do so on their own and need the Court's concurrences. The undersigned is authorized to represent that the Plaintiffs and the Defendant agree in part and disagree in part to the relief sought in this motion, as set forth in the motion.

*s/Richard W. Buckner*
Richard W. Buckner, Esq.
(*Pro Hac Vice Counsel*)

Case No.: 9:18-cv-80176-BB

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 1, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

By: *s/Darrell Payne*
DARRELL PAYNE

Case No.: 9:18-cv-80176-BB

## **SERVICE LIST**

Devin Freedman, Esq.
Stephen Lagos, Esq.
Stephen N. Zack, Esq.
**Roche Cyrulnik Freedman L**
200 S. Biscayne Blvd., Suite 5500
Miami, Florida 33131
Tel.: (305) 357-3861
Email: vel@rcfllp.com
Email: slagos@rcflp.com
szack@bsfllp.com

Maxwell V. Pritt, Esq.
Alexander J. Holtzman, Esq.
**Boies Schiller Flexner LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA  94104
Tel: (415) 293-6800
Email: mpritt@bsfllp.com
Email: aholtzman@bsfllp.com

Andres Rivero, Esq.
Alan H. Rolnick, Esq.
Amanda McGovern, Esq.
Schneur Z. Kass, Esq.
Zaharah R. Markoe, Esq.
Michael A. Fernández, Esq.
**Rivero Mestre LLP**
2525 Ponce de Leon Boulevard
Suite 1000 Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: arolnick@riveromestre.com
Email: amcgovern@riveromestre.com
Email: zkass@riveromestre.com
Email: mfernandez@riveromestre.com
Email: receptionist@riveromestre.com

Joseph M. Delich, Esq.
Kyle W. Roche, Esq.
**Roche Freedman LLP**
185 Wythe Avenue F2
Brooklyn, NY 11249
Email: jdelich@rcfllp.com
Email: kyle@rcfllp.com
Email: slagos@rcfllp.com

Whitney Lohr, Esq.
**Kurzban Kurzban Tetzeli & Pratt, P.A.**
131 Madeira Avenue
Coral Gables, FL  33134
Tel.: (305) 444-0060
Email: wlohr@kktplaw.com

Andrew S. Brenner, Esq.
Constantine P. Economides, Esq.
Laselve E. Harrison, Esq.
Stephen N. Zack, Esq.
**Boies Schiller Flexner LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
Email: abrenner@bsfllp.com
Email: ceconomides@rcfllp.com
Email: lharrison@bsfllp.com
Email: szack@bsfllp.com

#9978954 v1