## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

      plaintiffs,

v.                                                             **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

      defendant.

_____/

## BENCH MEMORANDUM REQUESTING RECONSIDERATION
## OF TRIAL RULINGS CONCERNING THE WORK PRODUCT PRIVILEGE AND
## THE ADMISSIBILITY OF PLAINTIFFS' PRIVILEGE LOG

The privilege log produced in this case on behalf of Ira Kleiman states that Ira Kleiman himself created work product in anticipation of litigation on February 25, 2014. D193 (entry for CONTROL00321009). The work product in question is reflected in a heavily redacted document produced in discovery. D399 (KLEIMAN_00565206-KLEIMAN_0056520).[1]

Prior to trial, Plaintiffs' counsel represented that this document, in fact, reflected work product. *See* **Ex. A** ("In the second bucket are documents that are collections of emails. . . with notes from Ira Kleiman dispersed within the documents. This bucket contains most of the documents and we maintain they are work product."). At trial, however, Ira Kleiman waived the work product privilege as to D399 because he cannot establish that it was prepared in anticipation of litigation. When he was asked whether by February 25, 2014 he was already talking to a lawyer about the litigation, Ira Kleiman's response was "I'd like you to show -- I don't remember anything like that." Kleiman-Day 4 pm Rough Transcript at 29:13-14.  When further questioned whether he anticipated litigation on February 25, 2014, Ira Kleiman testified "If I was, I don't remember it." Kleiman-Day 4 pm Rough Transcript at 38:12.

Were the Court to find that Ira Kleiman has not waived the work product privilege as to D399, Dr. Wright should be permitted to impeach Ira Kleiman using the privilege log that was prepared on his behalf.

Finally, and to the extent that Plaintiff does not recall the first date he anticipated litigation against Dr. Wright during his testimony at trial, the privilege log should be admitted as evidence since the date upon which Ira Kleiman began to anticipate litigation is relevant to Dr. Wright's defense.

---

[1] Attached as Exhibit A is an email from Plaintiffs' counsel confirming that CONTROL00321009 was produced as KLEIMAN_00565206-KLEIMAN_0056520.

## ARGUMENT

### A.  Plaintiff Ira Kleiman Has Waived the Attorney-Work Product Privilege as to D399

"The party asserting the work product privilege has the burden of demonstrating that the information sought warrants such protection."  *U.S. ex rel. Baklid-Kunz v. Halifax Hosp. Med. Ctr.*, 2012 WL 3537070, at *3 (M.D. Fla. 2012).  Whether Ira Kleiman was, in fact, creating work-product in anticipation of litigation is a straightforward inquiry— he either was or he wasn't. His counsel has maintained throughout discovery and prior to trial that D399 was protected as work product. *See* Ex. A.  At trial, Ira Kleiman clarified that this document may not have been prepared in anticipation of litigation.  *See* Kleiman-Day 4 pm Rough Transcript at 38:12. Because Ira Kleiman has failed to affirmatively demonstrate that D399 was prepared in anticipation of litigation, it is, by definition, not work product and Dr. Wright is entitled to the unredacted copy of that document.  *See, e.g.,Johnson v. Carnival Corp.,* 2020 WL 6544490, at *4 (S.D. Fla. Nov. 6, 2020) (Bloom, J.) ("The Court finds that based upon the ambiguities in the Declaration, and the lack of any other evidence to support Defendant's claim of work product with respect to the Statements, Defendant has failed to carry its burden of showing that the Statements sought by Plaintiff were prepared in anticipation of litigation, and therefore entitled to protection as work product."); *Parneros v. Barnes & Noble, Inc.*, 332 F.R.D. 482, 499 (S.D.N.Y. 2019) ("While work product protection is available for non-attorneys even when they act without the direction of an attorney to prepare materials in anticipation of litigation, there is no evidence in the record that any of the individuals who were circulating press releases did so because they anticipated litigation, Accordingly, Barnes & Noble is ordered to produce these documents."); *Burton v. R.J. Reynolds Tobacco Co.*, 177 F.R.D. 491, 499 (D. Kan. 1997) ("The court agrees with the magistrate that RJR has failed to show that the particular documents were created in anticipation of any particular litigation, and not for the prospect of litigation generally.

Therefore, the court concludes that the magistrate did not clearly err in finding that the documents are not protected by work product immunity."); *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 472 (S.D.N.Y. 1993) ("The record is equally silent with regard to the work-product immunity claimed by AmBase. We have no evidence as to which of the documents and oral communications that AmBase claims are covered by the work-product rule were in fact made principally in anticipation of litigation and which were made principally for other purposes.")

    B.  **Even If the Attorney Work-Product Privilege Weren't Waived, Plaintiffs' Privilege Log is Admissible as a Party Admission and for Impeachment Purposes**

Plaintiffs have accused Dr. Wright of engaging in fraudulent conduct, which requires proof "that the plaintiffs had a right to rely on the representations." *Pettinelli v. Danzig*, 722 F.2d 706, 709 (11th Cir. 1984) (citing *Columbus Hotel Corp. v. Hotel Mgmt. Co.*, 156 So. 893 (1934)). If Ira Kleiman was, in fact, anticipating litigation on February 25, 2014, this would defeat Plaintiffs claims based on any conduct occurring after that time period. *See Moriber v. Dreiling*, 194 So. 3d 369, 374 (Fla. 3d DCA 2016) ("There can be no ground for complaint against representations where the hearer lacked the right to rely thereon, ***because he had reason to doubt the truth of the representation***, as where . . . a [representor] . . . was obviously hostile to the hearer and interested in misleading him.") (citing *Columbus Hotel*, 116 Fla. at 156) (emphasis added). Accordingly, the question of when Ira Kleiman was anticipating litigation is of significant importance to Dr. Wright's defense.

It is well-settled that the attorney-client and work product privileges are "intended as a shield, not a sword." *GAB Bus. Servs., Inc. v. Syndicate 627*, 809 F.2d 755, 762 (11th Cir. 1987) (quoting *Pitney-Bowes, Inc. v. Mestre*, 86 F.R.D. 444, 446 (S.D. Fla. 1980)).  Ira Kleiman is attempting to use the attorney-work product privilege as a sword to preclude effective

examination as to when he was anticipating litigation.  But that is not itself a privileged fact. *See In re New York Renu With Moistureloc Prod. Liab. Litig.*, 2009 WL 2842745, at *11 (D.S.C. 2009) ("the mere fact of consultation is not protected by the privilege; and it is not work product."); *see also Howell v. Jones,* 516 F.2d 53, 58 (5th Cir. 1975) ("The great weight of authority, however, refuses to extend the attorney-client privilege to the fact of consultation or employment, including the component facts of the identity of the client and the lawyer.").  Dr. Wright should thus be permitted to use the privilege log for effective cross-examination.  *See, e.g., Dentsply Sirona Inc. v. Edge Endo*, LLC, 2020 WL 6392764, at *8 (D.N.M. Nov. 2, 2020) ("Plaintiffs anticipate that defendants will argue they had no idea they would be accused of patent infringement . . . The Court is going to allow the use of the privilege log. Plaintiff will not be permitted to ask for the specific content of or legal advice given. However, the log seems relevant as to the issues specified by the plaintiff."); *Kellogg v. Nike, Inc.*, 2008 WL 4216130 at *3 (D. Neb., Sept. 12, 2008) (allowing part to use privilege log for purposes of impeachment at trial); *Mattenson v. Baxter Healthcare Corp.*, 2003 WL 22839808, at *2 (N.D. Ill. 2003) (same).

### C.  If Ira Kleiman is Unable to Testify as to the Date He First Anticipated Litigation Against Dr. Wright, The Court Should Permit Admission of Plaintiffs' Privilege Log

Given the relevance of the date that Ira Kleiman first anticipated litigation, *see supra.*, the Court should also permit the privilege log's admission into evidence if Ira Kleiman is unable to testify as to the date he first anticipated litigation against Dr. Wright. *See Mutual Ins. Co. v. Murphy*, 630 F.Supp.2d 158, 168 n. 3 (D. Mass. 2009) (privilege log can be admissible as an admission of a party opponent).

### <u>CONCLUSION</u>

For all the good and sufficient reasons demonstrated above, the Court should reconsider its ruling at trial.

Date: November 5, 2021,                    Respectfully submitted,


                                           By: s/ Andres Rivero
                                           ANDRES RIVERO
                                           Florida Bar No. 613819
                                           AMANDA MCGOVERN
                                           Florida Bar No. 964263
                                           ZAHARAH MARKOE
                                           Florida Bar No. 504734
                                           SCHNEUR KASS
                                           Florida Bar No. 100554

                                           RIVERO MESTRE LLP
                                           2525 Ponce de Leon Boulevard,
                                           Suite 1000
                                           Miami, Florida 33134
                                           Telephone: (305) 445-2500
                                           Fax: (305) 445-2505
                                           Email: arivero@riveromestre.com
                                           Email: amcgovern@riveromestre.com
                                           Email: zmarkoe@riveromestre.com
                                           Email: zkass@riveromestre.com
                                           Email: receptionist@riveromestre.com

                                           MICHAEL A. FERNÁNDEZ
                                           (*Pro Hac Vice*)

                                           RIVERO MESTRE LLP
                                           565 Fifth Avenue, 7th Floor
                                           New York, NY 10017
                                           Telephone: (212) 880-9451
                                           Email: mfernandez@riveromestre.com

                                           *Counsel for Dr. Craig S. Wright*


## CERTIFICATE OF SERVICE

I CERTIFY that on November 5, 2021, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/* Andres Rivero