# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>*Plaintiffs,*<br><br>v.<br><br>CRAIG WRIGHT<br><br>*Defendant.* | CASE NO.: 9:18-cv-80176-BB/BR |

## NOTICE OF FILING SUPPLEMENTAL AUTHORITY

Dr. Craig Wright files this Notice of Supplemental Authority in support of his position in his Motion for Judgment as a Matter of Law [D.E. 780] that expert testimony is necessary to prove the value of bitcoin and intellectual property at issue. The case of *Port Largo Club, Inc. v. Warren*, 476 So. 2d 1330 (Fla. 3d DCA 1985) is attached to this notice.

Dated: November 17, 2021.

By: s/ Amanda McGovern
ANDRES RIVERO
Florida Bar No. 613819
AMANDA MCGOVERN
Florida Bar No. 964263
ZAHARAH MARKOE
Florida Bar No. 504734
SCHNEUR KASS
Florida Bar No. 100554

RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard,
Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: amcgovern@riveromestre.com
Email: zmarkoe@riveromestre.com

Email: zkass@riveromestre.com
Email: receptionist@riveromestre.com

MICHAEL A. FERNÁNDEZ
(*Pro Hac Vice*)

RIVERO MESTRE LLP
565 Fifth Avenue, 7th Floor
New York, NY 10017
Telephone: (212) 880-9451
Email: mfernandez@riveromestre.com

*Counsel for Dr. Craig S. Wright*

## CERTIFICATE OF SERVICE

I CERTIFY that on November 17, 2021, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Amanda McGovern*

> KeyCite Yellow Flag - Negative Treatment
> Distinguished by [Cummings v. Nissim Corp.,](about:blank) S.D.Fla., August 2, 2011

476 So.2d 1330
District Court of Appeal of Florida,
Third District.

[PORT LARGO CLUB, INC.](about:blank), a
Florida corporation, Appellant,

v.

David WARREN and Zanita F. Thomas, Appellees.

Nos. 84–2275, 84–2276.
|
Oct. 1, 1985.
|
Rehearing Denied Nov. 4, 1985.

**Synopsis**
Prospective purchasers of time-share condominiums brought action against vendor for specific performance and breach of contract to convey. The Circuit Court, Monroe County, Bill G. Chappell, J., entered final judgments for prospective purchasers and awarded them loss of bargain damages, refusing specific performance as there was some suggestion time-share units had been sold. Vendor appealed. The District Court of Appeal, Hendry, J., held that: (1) binding contract to convey was established by ratification, even though real estate broker who signed contract as sales representative of vendor was not employed by vendor; (2) vendor defaulted on the contracts; (3) purchasers' damages should not be limited to damages stipulated in the contract; but (4) judgment for damages was improperly based upon testimony and evidence amounting to speculation.

Affirmed in part; reversed in part; and remanded.

**Procedural Posture(s):** On Appeal.

**Attorneys and Law Firms**

**\*1332** Karl Beckmeyer, Tavernier, for appellant.

Albert I. Caskill, Key Largo, for appellees.

Before HENDRY, HUBBART and FERGUSON, JJ.

**Opinion**

HENDRY, Judge.

Port Largo Club, Inc. (Port Largo Club), defendant below, appeals two adverse final judgments awarding damages for breach of contract arising from its failure to convey two time-share condominiums (weeks 22 and 27).

The facts may be briefly stated as follows. On October 7, 1980 appellees David Warren and Zanita Thomas each signed a "PORT LARGO YACHT CLUB & VILLAS PURCHASE AGREEMENT" for the purchase of a time-share unit from Port Largo Club. Mr. Warren and Mrs. Thomas each made a $300 deposit on the time-share units. They received receipts for their deposits from Chester Marr, Sales Manager for Port Largo Club. Their money was deposited in a Port Largo Club escrow account. At the time Mr. Warren and Mrs. Thomas signed the purchase agreements, the condominiums were under construction and the time-share units were priced at pre-construction rates.

The contracts provided space for the signature of the seller, Port Largo Club, the purchaser, and a sales representative. On December 2, 1980 Patti Beech signed on the line indicating, "sales representative". Patti Beech was not employed by Port Largo Club, but was employed as a real estate broker for Marr Real Estate. Stuart Marr, President of Port Largo Club, was the former owner of Marr Real Estate. Port Largo Club never signed the purchase agreements.

The contracts additionally provided, "[w]ritten notice as to closing will be given by Seller to Purchaser not less than ten (10) days prior to the specified closing date." It was further provided that, "[s]eller's sole liability in the event of default shall be for the refund of all monies theretofore paid by Purchaser."

Chester Marr and Patti Beech kept Mr. Warren and Mrs. Thomas informed on the progress of the construction of the units. A certificate of occupancy was issued for the units on June 26, 1981. On June 22, 1981 Port Largo Club sent letters to Mr. Warren and Mrs. Thomas advising them that they should close on or before July 1, 1981. These letters were not received by appellees until July 7, 1981. However, on July 2, 1981 Mr. Warren and Mrs. Thomas went to Port Largo Club's offices and each sought to pay for their time-share units. Stuart Marr, on behalf of Port Largo Club, refused

to accept their payments on the ground that they had failed to tender payment on July 1, 1981.

Mr. Warren and Mrs. Thomas brought suit against Port Largo Club for specific performance and breach of contract. They sought damages equal to the difference between the contract price and the fair market value of the time-share units at the time of the breach.

A consolidated non-jury trial was held. Appellees offered the testimony of Stuart Marr relative to the 1981 and 1982 asking prices for the time-share units as found in Port Largo Club documents. The value of the units had increased substantially as of July 2, 1981.

The trial court entered final judgments in favor of both Mr. Warren and Mrs. Thomas, finding that Port Largo Club had ratified the agreements, and awarded appellees loss of bargain damages, respectively, of $6,800 and $5,700. Specific performance was not granted since there was some suggestion the time-share units had been sold. Subsequently, Port Largo Club brought this appeal.

**\*1333** Port Largo Club argues on appeal that Ms. Beech had no actual or apparent authority to act on its behalf and therefore no binding contract ever existed. Port Largo Club secondly contends that if the court finds a valid contract, such contract was properly terminated when appellees failed to close by July 1, 1981. Appellant further says that if it did breach the contract, then appellees' damages are limited to those stipulated by the contract. Finally, appellant argues the trial court erred in awarding damages where there was no expert testimony as to the fair market value of the time-share units.

We will address the issues raised by Port Largo Club seriatim.

First, as to the agency issue, we agree with the trial court that there was ample evidence to support a finding of ratification of the purchase agreements by Port Largo Club. Appellant accepted the consideration, communicated with appellees regarding their units' construction and set a date for their closings. Ratification is the express or implied adoption by a person of an act or contract entered into in his behalf by another without authority. *Carolina-Georgia Carpet & Textiles, Inc. v. Pelloni,* 370 So.2d 450 (Fla. 4th DCA 1979); *G & M Restaurants Corp. v. Tropical Music Service, Inc.,* 161 So.2d 556 (Fla. 2d DCA 1964). In the instant case, a binding contract was established by ratification.

Second, as to whether Port Largo Club properly terminated the agreements when appellees failed to close on July 1, 1981, we look to the language of the contracts. The purchase agreements provided that purchasers were to be given ten days' written notice of the closing date. Calculation of the ten day period following mailing of Port Largo Club's letters to appellees on June 22, 1981 reflects that the earliest date for closing in accordance with the contract terms would have been July 2, 1981. Since the notice was insufficient and appellees stood ready, willing and able to close on July 2, 1981 and thereafter, we find Port Largo Club defaulted on the contracts.

Third, as to Port Largo Club's contention that appellees' damages should be limited to the damages stipulated in the contract (*i.e.,* the return of the purchaser's deposit), we disagree since this provision renders the seller's obligation wholly illusory and would permit him to breach with impunity. Persons may limit their liability by contract, but such provisions must be reasonable to be enforced. *Blue Lakes Apartments, Ltd. v. George Gowing, Inc.,* 464 So.2d 705 (Fla. 4th DCA 1985); *Ocean Dunes of Hutchinson Island Development Corp. v. Colangelo,* 463 So.2d 437 (Fla. 4th DCA 1985); *Greenstein v. Greenbrook, Ltd.,* 413 So.2d 842 (Fla. 3d DCA 1982). Similar provisions limiting the seller's liability upon default to return of the buyer's deposit have been held by the courts to be unenforceable. *Blue Lakes Apartments, Ltd. v. George Gowing, Inc.,* 464 So.2d at 709; *Ocean Dunes of Hutchinson Island Development Corp. v. Colangelo,* 463 So.2d at 439; *see Sperling v. Davie,* 41 So.2d 318 (Fla.1949). The court in *Blue Lakes Apartments, Ltd. v. George Gowing, Inc.,* 464 So.2d at 709, stated "[s]uch provisions are antithetical to the concept of fair dealing in the marketplace and will not be enforced by courts of law."

In refusing to enforce this limited liability provision, we must now determine whether the trial court was correct in awarding appellees damages for their loss of bargain. Where bad faith exists a purchaser may obtain, as a portion of his full compensatory damages, loss of bargain damages, *i.e.,* the difference between the contract price and the value of the property on the closing date. *Wolofsky v. Behrman,* 454 So.2d 614 (Fla. 4th DCA 1984); *Vogel v. Vandiver,* 373 So.2d 366 (Fla. 2d DCA 1979); *see Key v. Alexander,* 91 Fla. 975, 108 So. 883 (1926).

Bad faith has been defined as:

> The opposite of "good faith," generally implying or involving actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest **\*1334** mistake as to one's rights or duties, but by some interested or sinister motive.

Black's Law Dictionary at p. 127 (5th ed. 1979). The court held in *Wolofsky v. Behrman,* 454 So.2d at 616, that in determining whether the vendor acted in bad faith, one looks to whether his actions constituted a lack of good faith. In the instant case Port Largo Club refused to convey on July 2, 1981, ostensibly because the purchasers had failed to tender payment the day before. While the seller may have been displeased that there was a twenty-four hour delay in closing, such is not an adequate reason for refusing to close. We note that it was not disputed by appellant that the time-share units had increased substantially in value. Since no reasonable justification was presented by Port Largo Club for its breach, we can only assume that Port Largo Club's actions in failing to complete the conveyance constituted a lack of good faith.

Finally, we hold that the trial court erred in entering a judgment for damages based upon testimony and evidence amounting to pure speculation. Appellees offered no expert testimony regarding the fair market value of the time-share units at the time of the breach. The only testimony offered regarding the value of the time-share units related to their 1981 and 1982 asking prices. There was no competent evidence that the asking prices represented their fair market value. Where fair market value is at issue, expert testimony is necessary to prove the value thereof. *Hillside Van Lines, Inc. v. Matalon,* 297 So.2d 848 (Fla. 3d DCA 1974); *McDonald Air Conditioning, Inc. v. John Brown, Inc.,* 285 So.2d 697 (Fla. 4th DCA 1973).

For the foregoing reasons and based upon the authorities cited, the final judgments in favor of appellees are affirmed, except that the portions of the final judgments awarding damages are reversed and the cause is remanded for a new trial on the issue of damages.

Affirmed in part, reversed in part and remanded.

**All Citations**

476 So.2d 1330, 10 Fla. L. Weekly 2274