# EXHIBIT A



Direct Dial: +1 305 357 8414
Email: abrenner@bsfllp.com

November 7, 2019

***Via E-Mail and Certified Mail***
David Scott Kuharcik C.P.A., P.A.
860 US Hwy 1, Ste 207B
North Palm Beach, Florida  33408
v 561-842-2921
f 561-842-7398
dskcpa@gmail.com

**Re:    Subpoena to Testify at Deposition and to Produce Documents in the action of**
        ***Ira Kleiman v. Craig Wright*, CASE NO.: 9:18-CV-80176-BB/BR**

Dear Mr. Kuharcik:

Please be advised this firm represents Ira Kleiman, as personal representative of the Estate of David Kleiman, in the above-referenced matter.  We understand that you provided accounting services to David Kleiman.

We have been advised that the law firm Rivero Mestre LLP, the attorneys representing Defendant Craig Wright, intend to serve you with a subpoena for testimony and documents.  I am enclosing a copy of same for your review.

**Please take notice that Ira Kleiman, on behalf of the Estate of David Kleiman, is hereby invoking all accountant-client privileges pursuant to, but not limited to, the privilege set forth in Florida Statute §90.5055.  In order to preserve this privilege, it is imperative that you not produce any documents or divulge any information that may be protected until this firm has given its express consent.  If you have already provided documents or have given information about David Kleiman to anyone, please let us know immediately so we can take appropriate remedial action.**

We would like to set up a time to meet with you to discuss the above.  Please let us know a date and time that works for you.

Thank you.

Very truly yours,
*/s/ Andrew S. Brenner*
Andrew S.  Brenner



cc:    RIVERO MESTRE LLP (by E-Mail)
2525 Ponce de Leon Blvd., Suite 1000
Miami, FL. 33134
Telephone: (305) 445-2500
Email: arivero@riveromestre.com
Email: amcgovern@riveromestre.com
Email: arolnick@riveromestre.com


ROCHE FREEDMAN LLP
Southeast Financial Center
200 S Biscayne Blvd
Suite 5500
Miami, FL 33131
Telephone: (305) 753-3675
Email: vel@rochefreedman.com
Email: kyle@rochefreedman.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as the personal
representative of the Estate of David
Kleiman, and W&K Info Defense
Research, LLC

*Plaintiffs,*

v.

CRAIG WRIGHT

*Defendant.*

CASE NO.: 9:18-cv-80176-BB/BR

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

**YOU ARE COMMANDED** to appear at the time, date, and place set forth below to

testify at a deposition to be taken in this civil action.

| NAME | DATE AND TIME | LOCATION |
|------|---------------|----------|
| David Kuharcik | Tuesday, November 26, 2019 10:00 A.M. | Rivero Mestre LLP 2525 Ponce de Leon Bvld., Suite 1000 Miami, FL 33134 |

The deposition will be upon oral examination before a notary public or any other officer

authorized by law to take depositions. The deposition will be recorded stenographically and by

videotape. The following provisions of Fed. R. Civ. P. 45 are attached—Rule 45(c), relating to

the place of compliance; Rule 45(d), relating to your protection as a person subject to a

subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the

potential consequences of not doing so.

Dated: November 6, 2019.

Respectfully submitted,

RIVERO MESTRE LLP
*Attorneys for Dr. Craig Wright*
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: amcgovern@riveromestre.com
Email: arolnick@riveromestre.com
Email: bpaschal@riveromestre.com

By: s/ Andres Rivero
ANDRES RIVERO
Florida Bar No. 613819

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida  ▾

| | |
|---|---|
| Ira Kleiman, et al. <br><br> *Plaintiff* <br><br> V. <br><br> Craig Wright <br><br> *Defendant* | )<br>)<br>)<br>)  Civil Action No. 9:18-cv-80176<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
David Kuharcik

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Attached as Schedule A, which is incorporated in this Subpoena.

| Place: Rivero Mestre LLP <br> 2525 Ponce de Leon Blvd. <br> Suite 1000, Coral Gables, FL 33134 | Date and Time: <br><br> 11/20/2019 11:37 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/06/2019

*CLERK OF COURT*

OR

Bryan Paschal

_____  _____
*Signature of Clerk or Deputy Clerk*  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Craig Wright
, who issues or requests this subpoena, are:

Andres Rivero, 2525 Ponce de Leon Blvd., Suite 1000, Coral Gables, FL 33134, arivero@riveromestre.com, 305-445-2500

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 9:18-cv-80176

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*

on *(date)*

☐ I served the subpoena by delivering a copy to the named person as follows:

on *(date)*                          ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $                     for travel and $                     for services, for a total of $        0.00

I declare under penalty of perjury that this information is true.

Date:

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### to Subpoena for Production of Documents to David Kuharcik

### I. DEFINITIONS

As used in this Subpoena, the following terms and words have the following meanings:

A.      "Communications" means any oral, written, or electronic transmission of information, including, but not limited to, letters or correspondence, conversations, meetings, discussions, telephone calls, telegrams, telecopies, telexes, seminars, conferences, messages, facsimile transmissions, electronic mail, vistomail, notes or memoranda.

B.      "Control" means in your possession, custody, under your direction, or available to you upon reasonable demand, and includes in the possession, custody, or available upon reasonable demand, of those under the direction of you or your employees, subordinates, counsel, accountants, consultants, experts, parent or affiliated corporations, and any persons purporting to act on your behalf.

C.      "Cryptocurrency" means any digital currency in which encryption techniques are used to regulate the generation of units of currency and verify the transfer of funds, operating independently of a central bank. It shall include, but not be limited to, Bitcoin, Bitcoin Cash, any other "forked" Bitcoin asset, and Etherium's Ethers.

D.      "Document" means any item within the scope of Rule 34 of the Federal Rules of Civil Procedure, including, without limitation, any written or graphic matter or other means of preserving thought or expression, all tangible things from which information or thoughts can be processed or transcribed, and all copies containing additional matter, however produced or reproduced, of any kind and description, in your actual or constructive possession, custody, care, or control, that pertain directly or indirectly, in whole or in part, either to any of the subjects

listed below or to any other matter relevant to this action, or which are themselves listed below

as specific documents, including, but not limited to, the following: correspondence, memoranda,

notes, messages, letters, telegrams, teletyped messages, facsimiles, electronic mail, text

messages, social-media posts, bulletins, diaries, chronological data, minutes, books, reports,

charts, ledgers, invoices, worksheets, receipts, computer memory, word processing data,

computer printouts, work-product schedules, account records, patents, licenses, legal pleadings,

minutes of directors' meetings, minutes of shareholders' or other meetings, work assignments,

transaction files, statistical records, financial records, bank records, security agreements, testing

reports, newspaper or magazine articles, stories or clippings, affidavits, pleadings, contracts,

transcripts, surveys, graphic representations of any kind, photographs, graphs, microfilms,

videotapes, tape recordings, motion pictures or other films, or information maintained in any

electronic medium (including, but not limited to, information found in computer hard drives,

flash drives, USB drives, pocket drives, CDs, backup tapes, metadata, and PDFs).

       E.      "Electronic Devices" means devices that are capable of storing or processing

information or data including computers, phones, mobile devices, tablets, servers, ASIC, hard

drives, flash drives, and USB drives. Included in this definition are web-based services, such as

email, social media, and cloud storage.

       F.      "Including" means "including without limitation."

       G.      "News agency" means any person or entity that publishes or makes available

content to the public. This includes, but is not limited to, traditional media outlets (such as

newspapers and magazines), on-line media outlets, blogs, videos, and podcasts.

       H.      "Relating to" and "relate to" means directly or indirectly referring to, evidencing,

discussing, defining, mentioning, reflecting, regarding, pertaining to, consisting of, concerning,

recording, evaluating, or in any way logically or factually connected with the matter discussed or to which reference is made.

I.     "You" means David Kuharcik, and any agent, employee, attorney, independent contractor, or any other person acting at the direction of, or on behalf of, David Kuharcik.

## II.     RELEVANT TIME FRAME

Unless specified in a request, this request includes and encompasses all information available from January 1, 2008, to present.

## III.     INSTRUCTIONS

1.     You should produce the documents as follows: (1) in the exact order in which they are kept in the ordinary course of business; or (2) classified according to the specific request(s) to which they are responsive.

2.     To the extent that you do not have possession, custody, or control of any documents identified as responsive to a particular request herein, please indicate the lack of possession, custody, existence, or control of the responsive documents in your response.

3.     Pursuant to Rule 45(e)(1)(a) of the Federal Rules of Civil Procedure, documents, shall be produced either (a) as they are kept in the usual course of business (in which case they shall be produced in such fashion as to identify the department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found or the server or central file in which it was found and the address of each document's custodian(s), or (b) segregated as responsive to a specific Request enumerated in these Requests, with such specific Request identified.

4.     All electronic documents and e-mail are requested to be produced in electronic format by a forensically sound method, with all original metadata preserved and intact.

5. ESI should be produced as follows:

  a. Email, instant messaging, calendar, contacts, and word processing files must be derived from the original electronic media and provided in native format

  b. Dynamic files (e.g. databases, spreadsheets, project files, etc.) shall be produced in original native format with all accompanying metadata, along with all such software necessary to interpret the produced information if such software is not readily commercially available.

  c. For all ESI not specified above, production shall be made in native format with all accompanying metadata, along with all software necessary to interpret the produced information if such software is not readily commercially available.

6. This Subpoena does not seek the production of documents protected by the attorney-client privilege or work-product rule. However, if you withhold production of or redact a document requested here as privileged, work product, or on any other basis, please state the following in a privilege log for each document withheld:

  a. the type of document (e.g., correspondence, memorandum, e-mail);

  b. the date of the document;

  c. the person(s) who signed the document;

  d. the person(s) who received the document or a copy of it;

  e. the reason for non-production; and

  f. the substance of the document.

7.      If you file a timely objection to any portion of a Request, definition, or instruction, please provide a response to the remaining portion.

## IV.    DOCUMENTS REQUESTED

1.      All documents relating to communication, including but not limited to emails, notes, memorandum, text messages, letters or other communication, that You sent to, or received from, Craig Wright, including his representatives.

2.      All documents relating to communication, including but not limited to emails, notes, memorandum, text messages, letters or other communication, that You sent to, or received from, Ira Kleiman, including his representatives.

3.      All documents relating to communication, including but not limited to emails, notes, memorandum, text messages, letters or other communication, that You sent to, or received from, David Kleiman, including his representatives.

4.      All documents relating to communication, including but not limited to emails, notes, memorandum, text messages, letters or other communication, that You sent to, or received from, Louis Kleiman, including his representatives.

5.      All documents that reference or relate to Craig Wright.

6.      All documents that reference or relate to W&K Info Defense Research, LLC.

7.      All documents that reference or relate to David Kleiman's work or involvement with Bitcoin or Cryptocurrency, including mining of Bitcoin.

8.      All documents that reference or relate to David Kleiman's possession or ownership of Cryptocurrency.

9.      All documents that relate to David Kleiman's financials, including but not limited to, tax documents.

10.     To the extent not covered by the above requests, all documents related in any manner to the estate of David Kleiman and its allegations in this action that Craig Wright stole or misappropriated Cryptocurrency that belonged to David Kleiman or W&K Info Defense Research, LLC.

11.     To the extent not covered by the above requests, all documents related in any manner to the estate of David Kleiman and its allegations in this action that Craig Wright stole or misappropriated intellectual property that belonged to David Kleiman or W&K Info Defense Research, LLC.

Dated: November 6, 2019

**RIVERO MESTRE LLP**

*Attorneys for Craig Wright*
2525 Ponce de León Blvd., Suite 1000
Miami, Florida 33134
Telephone:  (305) 445-2500
Facsimile:   (305) 445-2505
E-mail: arivero@riveromestre.com
E-mail: amcgovern@riveromestre.com
E-mail: arolnick@riveromestre.com
Secondary: receptionist@riveromestre.com

By:     /s/ Andrés Rivero_____
ANDRES RIVERO
Florida Bar No. 613819
AMANDA MCGOVERN
Florida Bar No. 964263
ALAN H. ROLNICK
Florida Bar No. 715085
BRYAN PASCHAL
Florida Bar No. 091576