**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

    plaintiffs,
v.                                                                                    **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

    defendant.
_____/

**DR. WRIGHT'S MOTION IN SUPPORT**
**OF PERMITTING MR. KUHARCIK TO FULLY TESTIFY AT TRIAL**

During David Kuharcik's December 9, 2019, deposition, counsel for Dr. Wright asked many questions of Mr. Kuharcik, who was David Kleiman's longtime friend and accountant. Plaintiffs' counsel failed to make *any* privilege objections during the Kuharcik deposition. Further, at no time did plaintiffs' counsel instruct Mr. Kuharcik to not answer any question on grounds of privilege at his deposition. Today, at trial, Dr. Wright's counsel attempted to ask Mr. Kuharcik some of those previously asked questions,[1] as to which plaintiffs belatedly made an untimely assertion of the accountant-client privilege, which they long ago waived by not asserting it when the same questions were asked (and answered) at the Kuharcik deposition. In short, any such privilege that could have been applicable to those questions was waived almost two years ago.

It is well established in Florida law that one may waive the accountant-client privilege. *Savino v. Luciano*, 92 So. 2d 817, 819 (Fla. 1957) ("As in the case of all personal privileges, the

---

[1] At trial, Dr. Wright seeks to re-ask the questions at lines 29:10-11, 38:19-21, and 40:6-13 of Mr. Kuharcik's deposition. *See* D. Kuharcik Depo. Tr. Dec. 9, 2019, D.E. 785-3.

accountant-client privilege may be waived by the client."). "When a party himself ceases to treat a matter as confidential, it loses its confidential character." *Id.*

Here, plaintiffs not only failed to assert the privilege with regard to these three questions during the Kuharchick deposition,[2] but only a few hours ago (twice) filed that deposition on the public docket. *See* D.E. 785-2; 785-3. In so doing, plaintiffs (again) waived any privilege that could have applied. *See* D.E. 785-2,3; *Orthopaedic Hosp. v. DJO Glob., Inc.*, 2020 WL 5363307, at *6 (S.D. Cal. 2020) ("Failing to stop responses to questions at a deposition that elicit privileged information [] waives the privilege."); *Luna Gaming-San Diego, LLC v. Dorsey & Whitney, LLP*, 2010 WL 275083, at *5 (S.D. Cal. 2010) ("But under both state and federal law, if a privileged document is used at a deposition, and the privilege holder fails to object immediately, the privilege is waived."); *Bama Cos. v. Stahlbush Island Farms, Inc.*, LEXIS 139573, at *8 (N.D. Okla. 2019) ("Bama's counsel cross-examined Dr. Reilly extensively about the 3/21/17 Email. . . . Stahlbush's counsel failed to stop the questioning or make any record regarding privilege, which resulted in waiver of privilege for the [] Email.").

In sum, plaintiffs' assertion of the accountant-client privilege as to the three specific questions identified herein are untimely. That privilege was long ago waived, when the same three questions were asked and answered without objection at the Kuharcik deposition. Thus, and for all the foregoing good and sufficient reasons, Dr. Wright respectfully requests that the Court permit him to ask Mr. Kuharchick the same three questions at trial.

---

[2] Although plaintiffs' counsel stated at the start of the Kuharchik deposition that they intended to assert the accountant privilege as to specific questions, they never did so, and never instructed Mr. Kuharchick not to answer. "[B]lanket privilege assertions are generally unacceptable. . . . Instead, the privilege should be asserted when specific questions are asked during the deposition." *Woznicki v. Raydon Corp.*, LEXIS 193514, at *14 (M.D. Fla. 2019).

1

Date: November 19, 2021,            Respectfully submitted,

           By: s/ Andres Rivero
ANDRES RIVERO
Florida Bar No. 613819
AMANDA MCGOVERN
Florida Bar No. 964263
JORGE A. MESTRE
Florida Bar No. 88145
ALAN H. ROLNICK
Florida Bar No. 715085
SCHNEUR KASS
Florida Bar No. 100554

RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard,
Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: amcgovern@riveromestre.com
Email: jmestre@riveromestre.com
Email: arolnick@riveromestre.com
Email: zkass@riveromestre.com
Email: zmarkoe@riveromestre.com
Email: receptionist@riveromestre.com

MICHAEL A. FERNÁNDEZ
(*Pro Hac Vice*)

RIVERO MESTRE LLP
565 Fifth Avenue, 7th Floor
New York, NY 10017
Telephone: (212) 880-9451
Email: mfernandez@riveromestre.com

*Counsel for Dr. Craig S. Wright*

## CERTIFICATE OF SERVICE

     I CERTIFY that on November 19, 2021, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                          */s/ Andres Rivero*