UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K INFO DEFENSE RESEARCH, LLC<br><br>*Plaintiffs,*<br><br>v.<br><br>CRAIG WRIGHT<br><br>*Defendant.* | CASE NO.:  9:18-cv-80176-BB |

## REQUEST FOR ADVISORY VERDICT QUESTION ON NUMBER OF BITCOIN

Plaintiffs Ira Kleiman as personal representative of the Estate of David Kleiman and W&K Info Defense Research, LLC ("Plaintiffs") respectfully request that the Court submit to the jury an advisory verdict question on the number of bitcoins, if any, it believes belong to Plaintiffs. An updated version of Plaintiffs' proposed verdict form is attached as Exhibit A, with the addition of a single advisory question: "If you found for Plaintiff(s) on some or all of the claims above, what number of bitcoin do you find belong to the Estate of David Kleiman and/or W&K Info Defense Research, LLC?"

As the Court knows, Plaintiffs have several claims seeking equitable remedies including constructive trust and permanent injunction that should lead to the recovery of bitcoins and intellectual property. It is appropriate for the Court to ask the jury for an advisory verdict. Fed. R. Civ. P. 39(c)(1). The number of bitcoin that should belong to Plaintiffs is intertwined with the issues that the jury will decide with respect to damages, and an advisory verdict on the number of bitcoin may assist the Court in evaluating the equitable remedies at issue in this case. *See, e.g.*, *Thermo-Stitch, Inc. v. Chemi-Cord Processing Corp.*, 294 F.2d 486, 490 (5th Cir. 1961) ("Under

the flexible procedures of the Federal Rules, a jury determines issues pertinent to an equitable cause without interruption or prejudice to the proceeding; the court decides whether equitable relief is called for on the basis of the jury's findings of fact."); *Hallmark Ins. Co. v. Maxum Cas. Ins. Co.*, 2017 WL 3723706, at *5 (M.D. Fla. May 25, 2017) ("even when a claim is purely equitable, [Fed. R. Civ. P.] 39(c) allows the Court to submit issues factual issues to an advisory jury"); *Abbott Point of Care, Inc. v. Epocal, Inc.*, 868 F. Supp. 2d 1310, 1318 (N.D. Ala. 2012) (determining equitable defenses closely related to legal defenses would "be presented to the jury for an advisory verdict"); 27A Am. Jur. 2d Equity § 204 ("In a plaintiff's action in equity seeking equitable and legal relief, a court may impanel a jury to consider legal claims while reserving the remaining issues for itself, with the jury serving only in an advisory role, such that its findings are not binding on the court.").

Dated: November 20, 2021

Respectfully submitted,

By: */s/ Velvel Freedman*
Velvel (Devin) Freedman
**ROCHE FREEDMAN LLP**
200 S. Biscayne Blvd.
Suite 5500 Miami, Florida 33131
vel@rcfllp.com

Kyle W. Roche
**ROCHE FREEDMAN LLP**
99 Park Avenue, 19th Floor
New York, New York 10016
kyle@rcfllp.com

Andrew S. Brenner
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

Maxwell V. Pritt
Alexander J. Holtzman
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, Floor 41
San Francisco, CA 94104
mpritt@bsfllp.com
aholtzman@bsfllp.com

*Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 20, 2021 a true and correct copy of the foregoing was filed with CM/ECF, which caused a copy to be served on all counsel of record.

                          *Velvel Freedman*
                          Velvel Freedman