## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

     plaintiffs,

v.                                                                  **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

     defendant.

_____/

### DR. CRAIG WRIGHT'S NOTICE OF FILING
### ADDITIONAL PROPOSED JURY INSTRUCTION

     Dr. Craig Wright hereby gives notice of filing his additional proposed jury instructions per the Court's instructions given during trial on November 19, 2021. The additional proposed jury instructions are attached, and the additions have been made in track changes for the Court's convenience.

Dated: November 20, 2021

     Respectfully submitted,

     RIVERO MESTRE LLP
     2525 Ponce de Leon Boulevard,
     Suite 1000
     Miami, Florida 33134
     Telephone: (305) 445-2500
     Fax: (305) 445-2505
     Email: arivero@riveromestre.com
     Email: amcgovern@riveromestre.com
     Email: zmarkoe@riveromestre.com
     Email: zkass@riveromestre.com
     Email: receptionist@riveromestre.com

     By: s/ Amanda McGovern_____
     AMANDA MCGOVERN
     Florida Bar No. 96426
     ANDRES RIVERO
     Florida Bar No. 613819

ZAHARAH MARKOE
Florida Bar No. 504734
SCHNEUR KASS
Florida Bar No. 100554
*Counsel for Dr. Craig S. Wright*

## CERTIFICATE OF SERVICE

I CERTIFY that on November 20, 2021, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/* Amanda McGovern

*Conversion*

*Plaintiffs have each alleged a claim for conversion against Dr. Wright.*

*Ira Kleiman claims that Dr. Wright is responsible for the conversion, or wrongful taking, of bitcoins and Bitcoin-related intellectual property that belonged to the alleged oral partnership between Dave Kleiman and Dr. Wright, which allegedly existed from sometime in 2008 through February 2011.*

*W&K, which was formed in February 2011 and administratively dissolved in 2012, claims that Dr. Wright is responsible for the conversion, or wrongful taking, of bitcoins and Bitcoin-related intellectual property that belonged to it.*

*Conversion means a distinct act of control wrongfully asserted over another's personal property in a manner that is inconsistent with the other's right to that property. There are a number of ways that conversion can occur, such as intentionally dispossessing another of the property, using the property without authority, or disposing of the property by selling, pledging, gifting, or leasing it.*

*Structure of Claim:*

*To establish this claim, ~~the~~ Ira Kleiman and W&K must each prove, by a preponderance of the evidence, that:*

*(1) Dr. Wright wrongfully asserted dominion over bitcoins and intellectual property;*

*(2) This property belonged to Dave Kleiman's estate and W&K, respectively; and*

*(3) Dr. Wright's action was inconsistent with the estate's or W&K's ownership.*

*Also, in an action for conversion of money, such as bitcoins, the money must be specific money that is capable of identification and not simply a general assertion over an amount of money owed.*

*If you find that Ira Kleiman and W&K failed to prove, by a preponderance of the evidence, each element of conversion, you must return a verdict in favor of Dr. Wright. On the other hand, if you find for one or both of the plaintiffs on the claim of conversion, you will then consider the issue of the amount of money damages to be awarded to Ira Kleiman and W&K, separately.*

*Damages for Conversion*

*The damages must be the market value at the time of the conversion of the specific bitcoins and intellectual property that plaintiffs have identified, rather than just a general*

3

claim for an amount of bitcoins or unspecified intellectual property *at other unrelated points in time*.

### Punitive Damages:

*If you find for plaintiffs and against Dr. Wright for conversion, you must decide whether, in addition to compensatory damages, punitive damages are warranted as punishment to Dr. Wright as a deterrent to others. ~~Under Florida law, you may also award punitive damages for a conversion claim.~~* An award of punitive damages may not exceed the greater of three times the amount of compensatory damages awarded to each claimant entitled thereto, or $500,000.

Punitive damages are a form of extraordinary relief for acts and omissions so egregious as to jeopardize not only the particular plaintiff in the lawsuit, but the public as a whole, such that a punishment—not merely compensation—must be imposed to prevent similar conduct in the future.

You may only award punitive damages if you determine, based on clear and convincing evidence, that Dr. Wright personally committed intentional misconduct or gross negligence, which was the proximate cause of the plaintiffs' loss.

"Intentional misconduct" means that Dr. Wright had actual knowledge of the wrongfulness of his conduct and the high probability that injury to Dave Kleiman's estate and W&K would result and, despite that knowledge, intentionally pursued that course of conduct. "Gross negligence" means that the conduct was so reckless that it constituted a conscious disregard or indifference to the life, safety, or rights of Dave Kleiman's estate and W&K. *If clear and convincing evidence does not show such conduct by Dr, Wright, then punitive damages are not warranted.* Please remember that the clear and convincing evidence standard that you must apply is a higher standard than the preponderance of the evidence standard, and requires you to conclude that the claim is highly probable or reasonably certain, not merely more likely true than not true. Clear and convincing evidence is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.

_____

Authorities:

*Joe Hand Promotions, Inc. v. Creative Enter., LLC*, 978 F.Supp.2d 1236, 1241 (M.D. Fla. 2013) (quoting *Joe Hand Promotions, Inc. v. Hart*, 2012 WL 1289731, *2-3 (S.D. Fla. 2012));*BDO Seidman, LLP v. Banco Espirito Santo Int'l*, 38 So. 3d 874, 876 (Fla. 3d DCA 2010); *Warshall v. Price*, 629 So.2d 903, 904 (Fla. 4th DCA 1993); *Navid v. Uiterwyk Corp.*, 130 B.R. 594, 595 (M.D. Fla. 1991); *Talbot v. Rosenbaum*, 142 So. 3d 965, 968 (Fla. 4th DCA 2014); *Exxon Corp. v. Ward*, 438 So. 2d 1059, 1059 (Fla. 4th DCA 1983); *Saewitz v. Saewitz*, 79 So. 3d 831, 833 (Fla. 3d DCA 2012); *Pain Care First of Orlando, LLC v. Edwards*, 84 So. 3d 351, 354 (Fla. 5th DCA 2012); Fla. Stat. §§ 768.72; Florida Standard Jury Instructions in Civil Cases, Personal Injury and Property Damages: Introduction 501.1(b); Punitive Damages – Non-Bifurcated Procedure 503.2, August 29, 2019.

GIVEN                             _____
GIVEN AS MODIFIED                 _____
WITHDRAWN                         _____
GRANTED                           _____
DENIED                            _____

### *Breach of Fiduciary Duties*

~~*Ira Kleiman, as personal representative for the estate of Dave Kleiman, and*~~ *W&K claims that Dr. Wright breached a fiduciary dutyies owed to ~~each of them~~it. I will now explain how this claim is structured. Under Florida law, there are three elements, which I will explain to you, that must be proved in order to find there was a breach of fiduciary duty, These elements are that:*

    *(1) a fiduciary duty existed;*

    *(2) that duty was breached; and*

    *(3) the plaintiffs suffered damages that were proximately caused by that breach.*

### *Fiduciary Duty*

*A "fiduciary" duty exists when one person places special trust and confidence in another person who knowingly accepts that trust and confidence and thereafter undertakes to act on behalf of the other party. In other words, a fiduciary duty is an obligation to act in the best interest of another party. A mere friendship, alone, is not sufficient to establish a fiduciary relationship. Some examples of relationships involving a fiduciary duty include attorney/client, trustee/beneficiary, and corporate board member/company shareholders. If a relation of trust and confidence exists between the parties (that is to say, where special trust and confidence is reposed by one party in another, who accepts it, or where confidence has been acquired and abused), that is sufficient as a predicate for relief. Under Florida law, a manager of a manager-managed limited liability company or member of a member-managed limited liability company owes fiduciary duties of loyalty and care to the limited liability company.*

### *Breach of Fiduciary Duty*

*When someone has a duty to act in the best interest of another party, but intentionally, recklessly, or grossly negligently acts contrary to that obligation, it is called a breach of fiduciary duty.*

*If ~~plaintiffs~~ W&K proves that Dr. Wright owed ~~them~~ it a fiduciary duty, to prove a breach of that duty, ~~they~~ W&K must demonstrate that Dr. Wright committed one or more of the following acts:*

*1. A violation of the criminal law, unless Dr. Wright had a reasonable cause to believe his conduct was lawful or had no reasonable cause to believe his conduct was unlawful;*

*2. A transaction from which the manager or member of the limited liability company derived an improper personal benefit, directly or indirectly;*

*3. In a proceeding by or in the right of the limited liability company, to procure a judgment in its favor, or by or in the right of a member, in conscious or willful disregard of the best interests of the limited liability company; or*

*4. In a proceeding by or in the right of someone other than the limited liability company or a member, to commit an act or omission in bad faith, or with malicious purpose, or recklessly, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. The term "recklessness" means acting or failing to act in conscious disregard of a risk known or so obvious it should have been known, and a risk so great as to make it highly probable that harm would proximately result from the act or failure to act.*

*The circumstances set forth above are not exclusive and do not preclude the existence of other circumstances in which a manager of a manager-managed limited liability company or a member in a member-managed limited liability company will be deemed to have breached a fiduciary duty.*

*<u>Damages Proximately Caused by the Breach</u>*

*The breach of fiduciary duty must be the proximate cause of the damage. For an act or course of dealing to be the proximate cause of damage, it must be proved that the act or course of dealing played a substantial part in producing the injury or damage, that if such conduct hadn't occurred, the injury or damage would not have occurred, and that the injury or damage was the necessary or proximate result of the act or course of dealing.*

*If you find that ~~Ira Kleiman and~~ W&K did not carry ~~their~~ <u>its</u> burden of proving all the elements of a breach of fiduciary duty claim that I have just explained to you, then you must return a verdict in favor of Dr. Wright.*

*On the other hand, if you find that ~~Ira Kleiman, on behalf of the estate of Dave Kleiman, or~~ W&K proved, by a preponderance of the evidence, that Dr. Wright owed ~~them~~ <u>it</u> a fiduciary duty and breached that fiduciary duty, and that the breach was the proximate cause of ~~their~~ <u>its</u> claimed damages, then you will next consider the issue of the amount of compensatory money damages to be awarded to the ~~plaintiffs~~<u>W&K</u>.*

***Compensatory Damages,***

> ***Compensatory damages are those damages shown to be legally (or proximately) caused by Dr. Wright's*** *allegedly* ***wrongful action.*** **You may award** ~~*each plaintiff you find in favor of*~~**W&K** **only those damages shown to be proximately caused by Dr. Wright's breaches.** ***The date for calculating damages for breach of fiduciary duty must be measured as of the date of the breach.*** **The dollar amount of any damages must be calculated based on all the evidence presented to you and must serve as a remedy for the plaintiffs' losses.**

Authorities:

*Quinn v. Phipps*, 93 Fla. 805, 811, 113 So. 419, 421 (1927); *Cassedy v. Alland Inv. Corp.*, 128 So. 3d 976, 978 (Fla. 1st DCA 2014); *Crusselle v. Mong*, 59 So. 3d 1178, 1181 (Fla. 5th DCA 2011); *Doe v. Evans*, 814 So. 2d 370, 374 (Fla. 2002); Florida Standard Jury Instructions in Civil Cases, Breach of Fiduciary Duty: Legal Cause 451.6(a), August 29, 2019; *Haddad v. Rav. Bahamas, Ltd.*, 589 F. Supp. 2d 1302, 1307 (S.D. Fla. 2008); Fla. Stat. § 605.

GIVEN                          _____
GIVEN AS MODIFIED     _____
WITHDRAWN              _____
GRANTED                   _____
DENIED                      _____

### *Definition of an Oral Partnership*

*Ira Kleiman claims that Dr. Wright and David Kleiman entered into an oral partnership to mine bitcoins and develop Bitcoin-related technology. Ira Kleiman alleges that this oral partnership lasted from sometime in 2008 until February of 2011. Again, Dr. Wright denies that such an oral partnership existed.*

*Under Florida law, an oral partnership may exist when two or more persons join together in a business or venture. Although not based on a written contract, an oral partnership must include each of the following elements, the specifics of which are known and agreed to by each partner:*

*(1) a common purpose;*

*(2) a joint proprietary interest in the subject matter or purpose of the oral partnership;*

*(3) the right to share profits and the duty to share losses; and*

*(4) joint control or right of control over the oral partnership.*

*Plaintiffs must prove each of these elements by a preponderance of the evidence to establish the existence of an oral partnership.*

*In addition, there must be evidence of a meeting of the minds between David Kleiman and Dr. Wright on the essential terms of the partnership agreement, including the partnership's duration, the parties' obligations to one another, and the specific financial terms of the alleged partnership.*

_____

Authorities:

*Williams v. Obstfeld*, 314 F.3d 1270, 1275 (11th Cir. 2002); *Dreyfuss v. Dreyfuss*, 701 So. 2d 437, 438-39 (Fla. 3d DCA 1997).

GIVEN                              _____

GIVEN AS MODIFIED       _____

WITHDRAWN                  _____

GRANTED                        _____

DENIED                            _____

## *Breach of Partnership Duties of Loyalty and Care*

*Ira Kleiman, as personal representative of the estate of Dave Kleiman, alleges that Dr. Wright breached duties of loyalty and care owed to Dave Kleiman as partners in an oral partnership. Under Florida law, partners owe the fiduciary duties of loyalty and care to each other and to the partnership. I will break down the definition of these two duties for you.*

### *Duty of Loyalty*

*The duty of loyalty requires partners to: (1) account to the partnership, and hold for it as trustee, the property, profit or benefit derived by the partner for that partnership; (2) refrain from dealing with the partnership as a person having an interest adverse to the partnership; and (3) refrain from competing with the partnership.*

### *Duty of Care*

*The duty of care is limited to refraining from engaging in grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of the law. Gross negligence is an indifference to duty amounting to actions that are outside the bounds of reason. In other words, gross negligence consists of conduct so reckless or wanting in care that it constitutes a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.*

### *Claim of Breach of Duties of Loyalty and Care*

*To prevail on this claim, Ira Kleiman, as personal representative of Dave Kleiman's estate, must prove:*

> *(1) that Dr. Wright owed Dave Kleiman duties of loyalty and care as partners in an oral partnership;*
>
> *(2) that Dr. Wright intentionally, recklessly, or grossly breached his duty of loyalty and care by one of the abovementioned acts; and*
>
> *(3) that Dr. Wright's breaches are the proximate cause of Ira Kleiman's damages.*
>
> *The breach of duty of loyalty or duty of care must be the proximate cause of the damage. For an act or course of dealing to be the proximate cause of damage, it must be proven that the act or course of dealing played a substantial part in producing the injury or damage, that if such conduct hadn't occurred, the injury or damage would not have occurred, and that the injury or damage was the necessary or proximate result of the act or course of dealing.*

*If you find that Ira Kleiman failed to carry his burden of proving that an oral partnership existed between Dr. Wright and Dave Kleiman, or that Dr. Wright did not owe Dave Kleiman duties of loyalty and care, or that Dr. Wright owed but did not breach such duties of loyalty and care, or that Ira Kleiman's damages were not the proximate result of a breach by Dr. Wright, then you must return a verdict in favor of Dr. Wright.*

*If, on the other hand, you find that Ira Kleiman proved, by a preponderance of the evidence, that an oral partnership existed, that Dr. Wright owed Dave Kleiman the duties of loyalty and care, that Dr. Wright breached those duties, and that Dr. Wright's breaches were the proximate cause of Ira Kleiman's damages, then you must return a verdict against Dr. Wright for the appropriate claim or claims, and next consider the issue of the amount of money damages to be awarded to the estate of Dave Kleiman.*

***Compensatory Damages:***

*Compensatory damages are those damages shown to be legally (or proximately) caused by Dr. Wright's wrongful action. You may award Ira Kleiman only those damages shown to be proximately caused by Dr. Wright's breach of duty of care and duty of loyalty owed to Dave Kleiman. The date for calculating damages for breach of duty if loyalty and duty of care is the date of the breach. The dollar amount of any such damages must be calculated based on all the evidence presented to you and must serve as a remedy for losses, if any, suffered by the estate of Dave Kleiman.*

_____

Authorities:

Fla. Stat. § 620.8404; Florida Standard Jury Instructions in Civil Cases, Breach of Fiduciary Duty: Legal Cause 451.6(a), August 29, 2019; *Haddad v. Rav. Bahamas, Ltd.* 589 F. Supp. 2d 1302, 1307 (S.D. Fla. 2008).

GIVEN                          _____
GIVEN AS MODIFIED              _____
WITHDRAWN                      _____
GRANTED                        _____
DENIED                         _____

## *Constructive Fraud*

*Plaintiffs have each alleged a claim for constructive fraud against Dr. Wright.*

*Constructive fraud is similar to a breach of fiduciary duty claim, in that it occurs when a duty under a confidential or fiduciary relationship has been intentionally breached. It can also occur where an unconscionable advantage has been taken. Constructive fraud may be based on intentional misrepresentation or concealment, or may consist of taking an improper advantage of the fiduciary relationship at the expense of the confiding, or weaker, party. Constructive fraud does not apply where the parties are dealing at arms-length, because there is no duty imposed on either party to protect or benefit the other.*

*Structure of Claim:*

*In order to recover on this claim, plaintiffs must prove:*

*(1) the existence of a relationship of trust and confidence between plaintiffs and Dr. Wright;*

*(2) that ~~the defendant~~Dr. Wright intentionally took unlawful advantage of that position of trust in order to benefit himself; and*

*(3) that plaintiffs were injured as a proximate result of the misconduct.*

*The existence of a fiduciary or confidential relationship is often evidenced by some degree of dependency on one side, and some degree of undertaking on the other side to advise, counsel, and protect the weaker party.*

*~~Ira Kleiman and W&K allege that Dr. Wright invited them to trust him as their fiduciary, which they then did, and that Dr. Wright violated that duty by taking advantage of their trust to make false statements and committed other unlawful acts against them, including lying about transferring bitcoins and intellectual property that belonged to them, failing to disclose that he was pursuing judgments against W&K in Australia, and that he'd assumed control over W&K and its assets as well as the estate's assets. To prevail on this claim, plaintiffs must prove that Dr. Wright had a fiduciary duty to them and unlawfully abused their trust, thus taking an improper and unconscionable advantage of that fiduciary relationship to benefit himself.~~*

*If you find that Ira Kleiman and W&K did not carry their burden of proving, by a preponderance of the evidence, each of the elements of a constructive fraud claim, then you must return a verdict in favor of Dr. Wright. If you find that Ira Kleiman and W&K proved, by*

*a preponderance of the evidence, all the elements of this claim, then you must find against Dr. Wright and next consider the issue of the amount of damages to be awarded to the plaintiffs.*

*Compensatory Damages:*

*Compensatory damages are those damages shown to be proximately caused by Dr. Wright's wrongful conduct. Proximate causation essentially consists of two requirements: cause in fact and foreseeability. Damages for a constructive fraud claim are calculated from the time defendant intentionally took unlawful advantage of that position of trust in order to benefit himself. The dollar amount of any such damages must be calculated based on all the evidence presented to you and must serve as a remedy for losses, if any, suffered by Dave Kleiman and W&K.*

*Punitive Damages:*

*Under Florida law, you may also award punitive damages for a constructive fraud claim. If you find for plaintiffs and against Dr. Wrigh as to constructive fraud, you must decide whether, in addition to compensatory damages, punitive damages are warranted as punishment to Dr. Wright and as a deterrent to others. An award of punitive damages may not exceed the greater of three times the amount of compensatory damages awarded to each claimant entitled thereto, or $500,000.*

*Punitive damages are a form of extraordinary relief for acts and omissions so egregious as to jeopardize not only the particular plaintiff in the lawsuit, but the public as a whole, such that a punishment—not merely compensation—must be imposed to prevent similar conduct in the future. You may only award punitive damages if you determine, based on clear and convincing evidence, that Dr. Wright personally committed intentional misconduct or gross negligence, which was the proximate cause of the plaintiffs' loss.*

*"Intentional misconduct" means that Dr. Wright had actual knowledge or reason to know of the wrongfulness of his conduct and the high probability that injury to Dave Kleiman and W&K would result and, despite that knowledge, intentionally or recklessly pursued that course of conduct. "Gross negligence" means conduct that was not only negligent, but so extremely careless that it constituted a conscious disregard for the life, safety, or rights of Dave Kleiman and W&K. If clear and convincing does not show such conduct by Dr. Wright, then punitive damages may not be awarded. Please remember that the clear and convincing evidence standard that you must apply is a higher standard than the preponderance of the*

*evidence standard and requires you to conclude that the claim is highly probable or reasonably certain, not merely more likely true than not true. Clear and convincing evidence is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.*

_____

Authorities:

*BDO Seidman, LLP v. Banco Espirito Santo Int'l*, 38 So. 3d 874, 876 (Fla. 3d DCA 2010); *Beers v. Beers*, 724 So.2d 109, 116-17 (Fla. 5th DCA 1998); *Wishinsky v. Choufani*, 278 So. 3d 803, 805 (Fla. 5th DCA 2019); *Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170, 1179 (M.D. Fla. 2005); Fla. Stat. §§ 768.72; Florida Standard Jury Instructions in Civil Cases, Personal Injury and Property Damages: Introduction 501.1(b); Punitive Damages – Non-Bifurcated Procedure 503.2, August 29, 2019.

GIVEN                                   _____
GIVEN AS MODIFIED                       _____
WITHDRAWN                               _____
GRANTED                                 _____
DENIED                                  _____

### Civil Theft

#### *"Clear and Convincing Evidence" Burden of Proof:*

Ira Kleiman and W&K claim that Dr. Wright committed civil theft. This claim requires the "clear and convincing evidence" burden of proof. Please remember that the clear and convincing evidence standard you must apply is a higher standard than the preponderance of the evidence standard and requires you to conclude that the claim is highly probable or reasonably certain, not merely more likely true than not true. Clear and convincing evidence is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.

#### *Structure of Claim:*

Under Florida law, the elements of civil theft require plaintiffs to establish by clear and convincing evidence that:

(1) the defendant knowingly obtained or used, or attempted to obtain or use, plaintiffs' property;

(2) with criminal intent; that is, with the intent to temporarily or permanently deprive plaintiffs of their property; and if so,

(3) that the defendant's wrongful conduct was the proximate cause of injury or damage to plaintiffs.

A party's wrongful conduct is the proximate cause of injury or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing the injury or damage, so that it can reasonably be said that that if such conduct hadn't occurred, the injury or damage would not have occurred, and that the injury or damage was the necessary or proximate result of the conduct.

To recover on this claim, Ira Kleiman, on behalf of the estate of Dave Kleiman, and W&K must prove that:

(1) Dr. Wright intentionally took bitcoins and intellectual property that belonged to the plaintiffs, and did so with criminal intent;

(2) Dr. Wright intended to permanently deprive the plaintiffs of their property; and

(3) Dr. Wright's actions were the legal cause of injury to the plaintiffs.

If you find that Ira Kleiman and W&K failed to prove by clear and convincing evidence each element of civil theft, you must return a verdict in favor of Dr. Wright. If you find for Ira

*Kleiman or W&K on these claims, you will then consider the issue of the amount of money damages to be awarded to each plaintiff.*

*Civil Theft Damages:*

*You may award the plaintiffs only actual damages shown to be proximately caused by Dr. Wright's wrongful conduct. Damages are the proximate result of the wrongful act of another, if you find from clear and convincing evidence that if the wrongful conduct had not occurred, the damages would not have occurred, and that the damages were the necessary or proximate result of the wrongful conduct. The amount of damages must also be established by clear and convincing evidence and cannot be based on speculation or guesswork. The date for calculating damages is the date of the purported theft. The amount of any damages must be calculated based on all the evidence presented to you and must serve as a remedy for the plaintiffs' losses, if any, and not a punishment for Dr. Wright's conduct.*

Authorities:

Fla. Stat. § 772.11, Florida Standard Jury Instructions in Civil Cases, Civil Theft: Legal Cause 411.4(a); Issues on Claim 411.5(a), Burden of Proof on Claim 411.6; Civil Theft Damages 411.7, August 29, 2019; *R.J. Reynolds Tobacco Co. v. Gafney*, 188 So. 3d 53, 58 (Fla. 4th DCA 2016); *Carter v. State*, 77 So. 3d 849, 851 (Fla. 2d DCA 2012); *Koster v. Phillips*, 2013 WL 8433654, at *1 (Fla. Cir. Ct. June 12, 2013); *Wright v. Logan*, 2011 WL 13175744, at *6 (M.D. Fla. 2011).

GIVEN                          _____
GIVEN AS MODIFIED             _____
WITHDRAWN                     _____
GRANTED                       _____
DENIED                        _____

### *Fraud*

**Structure of Claim:**

    *Ira Kleiman and W&K claim Dr. Wright committed fraud. Under Florida law, there are four requirements to establish a claim for fraud:*

    *(1) a false statement or representation concerning a material fact;*

    *(2) the representor's knowledge that the representation is false;*

    *(3) the representor's intention that the representation induce another to act on it; and*

    *(4) resulting injury to the party acting in reasonable reliance on the representation.*

    ~~*Plaintiffs allege that Dr. Wright made fraudulent statements concerning material facts on which Ira Kleiman and W&K reasonably relied, which caused them damage.*~~

    *If you find that Ira Kleiman and W&K did not carry their burden of proving, by a preponderance of the evidence, each of the four elements of a fraud claim, then you must return a verdict in favor of Dr. Wright. If, on the other hand, you find that Ira Kleiman and W&K proved their fraud claims by a preponderance of the evidence, then you must return a verdict against Dr. Wright for the appropriate claim or claims, and next consider the issue of the amount of money damages to be awarded to the plaintiffs.*

**Compensatory Damages:**

    *Compensatory damages are those damages shown to be proximately caused by Dr. Wright's wrongful conduct.  **The date for calculating damages for a fraud claim is the date of the fraudulent representation.** The dollar amount of any such damages must be calculated based on all the evidence presented to you and must serve as a remedy for losses, if any, suffered by Dave Kleiman and W&K.*

**_Punitive Damages:_**

~~Under Florida law, you may also award punitive damages for a fraud claim.~~ _If you find for plaintiffs and against Dr. Wright for fraud, you must decide whether, in addition to compensatory damages, punitive damages are warranted as punishment to Dr. Wright and as a deterrent to others._ _An award of punitive damages may not exceed the greater of three times the amount of compensatory damages awarded to each claimant entitled thereto, or $500,000._

_Punitive damages are a form of extraordinary relief for acts and omissions so egregious as to jeopardize not only the particular plaintiff in the lawsuit, but the public as a whole, such that a punishment—not merely compensation—must be imposed to prevent similar conduct in the future._

_You may only award punitive damages if you determine, based on clear and convincing evidence, that Dr. Wright personally committed intentional misconduct or gross negligence, which was the proximate cause of the plaintiffs' loss._

_"Intentional misconduct" means that Dr. Wright had actual knowledge or reason to know of the wrongfulness of his conduct and the high probability that injury to Dave Kleiman and W&K would result and, despite that knowledge, intentionally or recklessly pursued that course of conduct. "Gross negligence" means that the conduct was so reckless that it constituted a conscious disregard or indifference to the life, safety, or rights of Dave Kleiman and W&K._ _If clear and convincing evidence does not show such conduct by Dr. Wright, then punitive damages_ _may not be awarded._ _Please remember that the clear and convincing evidence standard that you must apply is a higher standard than the preponderance of the evidence standard and requires you to conclude that the claim is highly probable or reasonably certain, not merely more likely true than not true. Clear and convincing evidence is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue._

---

Authorities:

*BDO Seidman, LLP v. Banco Espirito Santo Int'l*, 38 So. 3d 874, 876 (Fla. 3d DCA 2010); *Townsend v. Morton*, 36 So. 3d 865, 868 (Fla. 5th DCA 2010) (quoting *Johnson v. Davis*, 480 So.2d 625, 627 (Fla. 1985)); *Hollister Inc. v. Zassi Holdings, Inc.*, 752 F. App'x 888, 893 (11th Cir. 2018); *Minotty v. Baudo*, 42 So. 3d 824, 835 (Fla. 4th DCA 2010); Florida Standard Jury

Instructions in Civil Cases, Punitive Damages – Non-Bifurcated Procedure 503.2, August 29, 2019.

GIVEN                              _____
GIVEN AS MODIFIED         _____
WITHDRAWN                    _____
GRANTED                          _____
DENIED                             _____

### *Unjust Enrichment*

*Plaintiffs have each alleged a claim for unjust enrichment against Dr. Wright. Ira Kleiman and W&K allege that Dr. Wright unlawfully benefitted from bitcoins and intellectual property that he misappropriated for himself. Under Florida law, Ira Kleiman and W&K may seek damages, including all monies and properties Dr. Wright obtained by his wrongful conduct.*

*Structure of Claim:*

*To establish the elements of a cause of action for unjust enrichment under Florida law, plaintiffs must prove that:*

> *(1) plaintiffs conferred a benefit on the defendant, who had knowledge for the benefit;*
>
> *(2) defendant voluntarily accepted and retained the benefit conferred; and*
>
> *(3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value of it.*

*To prevail on this claim, Ira Kleiman, on behalf of Dave Kleiman's estate and W&K must prove that:*

> *(1) they conferred benefits on Dr. Wright;*
>
> *(2) Dr. Wright accepted these benefits and retained them; and*
>
> *(3) it would be inequitable for Dr. Wright to not compensate the plaintiffs for the value obtained.*

*If you find that Ira Kleiman and W&K failed to prove, by a preponderance of the evidence, each element of their unjust enrichment claim, you must return a verdict in favor of Dr. Wright. On the other hand, if you find for either or both of the plaintiffs on this claim, you will then consider the issue of the amount of damages in the form of equitable relief to be awarded to the plaintiffs.*

*Equitable Relief:*

*Under Florida law, in an unjust enrichment claim, when the defendant has acted in conscious disregard of the plaintiffs' rights, the whole of the resulting gain is treated as unjust enrichment, even though the defendant's gain may exceed both (i) the measurable injury to the claimant, and (ii) the reasonable value of a license authorizing the defendant's conduct. The date for the calculation of damages for unjust enrichment is the date when the benefit*

*was conferred on Dr. Wright.* **The dollar amount of any such damages must be calculated based on all the evidence presented to you and may not be based on speculation.**

_____

Authorities:

*Degutis v. Fin Freedom, LLC,* 978 F. Supp. 2d 1243, 1265 (M.D. Fla. 2013); *Berry v. Budget Rent A Car Sys., Inc.*, 497 F. Supp. 2d 1361 (S.D. Fla. 2007); *State Farm Mut. Auto. Ins. Co. v. Medical Service Center of Fla.*, 103 F. Supp. 3d 1343, 1355 (S.D. Fla. 2015); *Duty Free World, Inc. v. Miami Perfume Junction, Inc.*, 253 So.3d 689, 693 (Fla. 3d DCA 2018); *Kane v. Stewart Tilghman Fox & Bianchi, P.A.*, 85 So. 3d 1112, 1115 (Fla. 4th DCA 2012); *In re Burton Wiand Receivership Cases Pending in the Tampa Div. of the Middle Dist. of Fla.*, 2008 WL 818504, at *8 (M.D. Fla. 2008); *Beltran v. Vincent P. Miraglia, M.D.*, P.A., 125 So. 3d 855, 859 (Fla. 4th DCA 2013); *State of Fla., Off. of Atty. Gen., Dep't of Legal Affs. v. Tenet Healthcare Corp.*, 420 F. Supp. 2d 1288, 1309 (S.D. Fla. 2005); *Grp. Assests, LLC. v. Fortress Inv. Grp.*, 2010 WL 2951508, at *4 (M.D. Fla. 2010).


GIVEN                            _____
GIVEN AS MODIFIED               _____
WITHDRAWN                       _____
GRANTED                         _____
DENIED                          _____

*Damages – Not Speculative in Nature*

*If you find for the plaintiffs on any of their claims, you must consider the matter of damages. It is incumbent upon a plaintiff **at** trial to present evidence upon which a reasonably ascertainable amount of damages may be based. Damages **may not** be based on speculation, conjecture or guesswork. You should assess the amount you find to be justified by the greater weight of the evidence as full, just and reasonable compensation, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Dr. Wright. Where there is no proof of damages, there can be no recovery of damages.*

Authorities:

*Fla. Ventilated Awning Co. v. Dickson,* 67 So. 2d 215, 217–18 (Fla. 1953); *Schimpf v. Reger,* 691 So. 2d 579, 580 (Fla. 2d DCA 1997); *Broxmeyer v. Elie*, 647 So. 2d 893, 895 (Fla. 4th DCA 1994); *United Steel & Strip Corp. v. Monex Corp.*, 310 So. 2d 339, 342 (Fla. 3d DCA 1975); *Fla. Outdoor, Inc. v. Stewart*, 318 So. 2d 414, 415 (Fla. 2d DCA 1975); *Rockmatt Corp. v. Ehrlich, 294* So. 2d 412, 414 (Fla. 3d DCA1974); *Berwick Corp. v. Kleinginna Inv. Corp.,* 143 So. 2d 684, 689 (Fla. 3d DCA 1962)

GIVEN _____

GIVEN AS MODIFIED _____

WITHDRAWN _____

GRANTED _____

DENIED _____ _____