**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 18-cv-80176-BLOOM/Reinhart**

IRA KLEIMAN, as Personal Representative
of the Estate of David Kleiman, and W&K
INFO DEFENSE RESEARCH, LLC,

      Plaintiffs,

v.

CRAIG WRIGHT,

      Defendant.

_____/

<u>**COURT'S INSTRUCTIONS TO THE JURY**</u>

Members of the jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, which are

called deliberations.

## The Duty to Follow Instructions – Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a limited liability company is involved as a party must not affect your decision in any way. A company—like all other persons—stand equal before the law and must be dealt with as equals in a court of justice. When a company is involved, of course, it may act only through people as its employees; and, in general, a company is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

## Consideration of Direct and

## Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case.

Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and is not binding on you. You should not assume from anything I have said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence, you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

### Credibility of Witnesses

When I say you must consider all the evidence, I do not mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part.

The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness, I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

### Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask yourself whether there was evidence that at some other time a witness

said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or an unimportant detail.

## Expert Witness

When scientific, technical, or other specialized knowledge might be helpful, a person who has special training or experience in that field is permitted to state an opinion about the matter. This person is referred to as an "expert witness." As with any other witness's testimony, you must decide for yourself whether to rely upon an experts' opinion. The expert witnesses who testified in this case did so to assist you in reaching a decision about these issues.

The testimony of these expert witnesses might have conflicted.  You must remember that you are the sole trier of the facts, and their testimony relates to questions of fact.  The way you resolve these conflicts is the same way that you decide other fact questions and the same way you decide whether to believe ordinary witnesses.  You may give the testimony of each expert witness the weight you think it deserves in light of all the evidence.

## Responsibility for Proof – Plaintiffs' Claims

Plaintiff Ira Kleiman, on behalf of the Estate of David Kleiman, has asserted claims against Defendant Dr. Craig Wright, or "Dr. Wright," of breach of partnership, conversion, civil theft, fraud, constructive fraud, and unjust enrichment. Plaintiff W&K Info Defense Research, LLC, or "W&K," has asserted claims against Defendant Dr. Craig Wright for conversion, civil theft, fraud,

constructive fraud, breach of fiduciary duty, and unjust enrichment. In this case, it is the responsibility of the Plaintiffs to prove all but one of their claims by a "preponderance of the evidence." The Plaintiffs must prove their civil theft claims by clear and convincing evidence. This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiffs' claim is more likely true than not true.

Since there is more than one claim involved, you should consider each claim separately.

In deciding whether any fact has been proven by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them, along with facts stipulated by the parties.

If the proof fails to establish any essential part of Ira Kleiman or W&K's claims by a preponderance of the evidence, you should find for Dr. Craig Wright as to that particular claim.

In addition, Plaintiffs have the burden of proving their civil theft claims by clear and convincing evidence. This is a higher standard of proof than the preponderance of the evidence standard and requires that the Plaintiffs prove that the claim is highly probable or reasonably certain, not merely more likely true than not true.

In deciding whether any fact has been proven by clear and convincing evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them, along with facts stipulated by the parties.

If the proof fails to establish any essential part of Ira Kleiman or W&K's civil theft claim by clear and convincing evidence, you should find for Dr. Craig Wright as to that particular claim.

## <u>Responsibility for Proof – Defendant's Affirmative Defenses</u>

In this case, the Defendant Dr. Craig Wright asserts the affirmative defenses of statute of limitations and laches. Even if Ira Kleiman or W&K prove their claims, the Defendant Dr. Craig Wright can prevail on that claim if he proves an affirmative defense to that claim by a preponderance of the evidence.

Since more than one affirmative defense is involved, you should consider each one separately. However, you should consider each affirmative defense only as to the claim or claims to which it is directed.

I caution you that the Defendant Dr. Craig Wright does not have to disprove the Plaintiffs' Ira Kleiman and W&K's claims, but if the Defendant Dr. Craig Wright raises an affirmative defense, the only way he can prevail on that specific defense is if he proves that defense by a preponderance of the evidence. Similarly, if the proof fails to establish an essential part of any of the Defendant's affirmative defense**s** by a preponderance of the evidence, you should find against the Defendant Dr. Craig Wright on that affirmative defense.

## <u>Stipulations</u>

Sometimes the parties have agreed that certain facts are true. Such an agreement is called a stipulation. You must treat these stipulated facts as proved for this cause. The stipulated facts are:

1. Plaintiffs filed this action on February 14, 2018.

2. The Plaintiffs in this case are Ira Kleiman as the personal representative of the Estate of David Kleiman and W&K Info Defense Research LLC ("W&K").

3. Ira Kleiman is David Kleiman's brother and he serves as the personal representative of David Kleiman's estate.

4. David Kleiman was a resident of Florida at all material times.

5. On February 14, 2011, W&K was formed as a Florida Limited Liability Company.

6. Dr. Craig Wright is an Australian citizen.

7. The Bitcoin whitepaper was publicly released on October 31, 2008, under the pseudonym Satoshi Nakamoto.

8. Ira Kleiman opened an estate proceeding related to David Kleiman in the Circuit Court for Palm Beach County (the "Probate Proceeding").

## Definition of a Limited Liability Company

Plaintiff W&K is a limited liability company. A limited liability company, or LLC, is a business structure whereby the owners are not personally liable for the company's debts or liabilities. An LLC combines some characteristics of a corporation with those of a partnership. LLCs are managed by their members unless explicitly stated otherwise in an operating agreement or formation document.

## Judicial Notice Regarding Currency Exchange Rate

The Rules of Evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." There is some evidence in the record referring to currencies other than the U.S. Dollars. I have accepted the following currency exchange rates as proved:

- On April 2, 2014, the exchange rate for U.S. Dollars to Australian Dollars was 0.9236 U.S. Dollars per Australian Dollar;

- On November 13, 2014, the exchange rate for U.S. Dollars to Australian Dollars was 0.8730 U.S. Dollars per Australian Dollar; and

- On October 20, 2016, the exchange rate for U.S. Dollars to British Pounds was 1.2256 U.S. Dollars per British Pound.

You must accept these exchange rates as true for this case.

### **Use of Demonstrative Exhibits**

Certain demonstrative exhibits, such as charts and diagrams have been shown to you. Those charts and diagrams are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

### **Partnership – Breach**

The Estate of David Kleiman has brought a claim against Dr. Craig Wright for breach of partnership. Specifically, the Estate of David Kleiman claims that David Kleiman and Dr. Craig Wright formed a partnership to develop the original Bitcoin protocol, to mine bitcoin, and to develop related blockchain technology. The Estate further alleges that no assets of the partnership were distributed to it after David Kleiman's death. Dr. Craig Wright does not dispute that no assets were distributed. Instead, he claims that there was no partnership and therefore no distribution was required.

Accordingly, you will be asked to determine two questions on this claim:

1. Whether there was a partnership between David Kleiman and Dr. Craig Wright, and whether Dr. Craig Wright breached his duties to the partnership? And, if so;

2. What portion of the partnership's assets are now owed to the Estate of David Kleiman?

### **Partnership – Defined**

A "partnership" means an association of two or more persons to carry on as co-owners of a business for profit. A partnership, based on a written or oral agreement, must include each of the following elements:

1. A common purpose;

2. A joint proprietary interest in the subject matter or purpose of the partnership;

3. The right to share profits and the duty to share losses; and

    4.   Joint control or right of control over the partnership.

Plaintiffs must prove each of these elements by a preponderance of the evidence to establish the existence of a partnership.

### **Partnership – Assets**

If you find that there was a partnership between David Kleiman and Dr. Craig Wright, you will then have to determine the assets of that partnership, and what share of those assets belonged to David Kleiman, and are now owed to his Estate.

On the issue of determining the respective parties' ownership share in the partnership, I instruct you that in the absence of a contrary agreement among the partners, the partners in a partnership are entitled to share equally in the assets and profits of the partnership.

Further, on the issue of what assets are owed to the Estate of David Kleiman, I instruct you that if rather than winding up the partnership's business following the death of his partner, the surviving partner continues the partnership business with partnership assets, then the surviving partner acts as a trustee for the deceased partner. As a trustee, the surviving partner is required to administer the portion of the partnership assets belonging to the deceased partner solely in the interests of the deceased partner's estate, and not the interests of the surviving partner. The surviving partner must administer the partnership assets belonging to the deceased partner as a prudent person would in light of the circumstances, exercising reasonable care, skill, and caution.

Furthermore, the surviving partner is required to account to the deceased partner's estate and provide a list of the partnership assets to the deceased partner's heirs. The rationale underlying the rule is based upon the surviving partner's superior knowledge: A surviving partner does not deal at arms-length with the heirs of a deceased partner but must make an open and full disclosure to them. The heirs are at a big disadvantage in dealing with the surviving partners, lacking knowledge of the

extent of the partnership property or information about the amount of business done or the value of the partnership.

### Partnership – Duties

Partners in a partnership owe duties to each other and to the partnership. These duties include a duty of care, a duty of loyalty, and an obligation of good faith and fair dealing.

Under the duty of care, a partner must not engage in grossly negligent or reckless conduct, intentional misconduct, or a knowing violation of law.

Under the duty of loyalty, a partner must account to the partnership and hold as trustee for the partnership any property, profit, or benefit derived by the partner in the conduct and winding up of the partnership business or derived from a use by the partner of partnership property, including the appropriation of a partnership opportunity.

A partner must discharge his duties to the other partner and to the partnership, and act in a manner that does not frustrate the agreed common purpose of the parties and deprive the other party of the benefits of the agreement.

### Fiduciary Duty

W&K has asserted a claim for breach of a fiduciary duty against Dr. Craig Wright. W&K claims that Dr. Craig Wright breached his fiduciary duties by fraudulently procuring a judgment against it in Australia following David Kleiman's death, using that judgment to claim ownership over W&K's assets, and then using those assets for his benefit.

There are two issues for your determination on this claim:

1. Did Dr. Craig Wright owe a fiduciary duty to W&K? And, if so;

2. Did he breach that duty?

On the first issue, whether Dr. Craig Wright owed W&K a fiduciary duty, W&K must prove

the following by a preponderance of the evidence:

1. A relationship existed between W&K and Dr. Craig Wright;

2. Dr. Craig Wright was in a position of trust with respect to the W&K's financial or property interests; and

3. Dr. Craig Wright accepted that trust.

### Fiduciary Duty – Breach

If you find that Dr. Craig Wright owed a fiduciary duty to W&K, you will then consider the issue of whether he breached that duty.

A fiduciary duty imposes a duty to act with the utmost good faith in the best interests of the company. This includes the duty to refrain from self-dealing, the duty of loyalty, the duty to disclose material facts, and the overall duty not to take unfair advantage and to act in the best interest of the company.

To prove a breach of a fiduciary duty, W&K must show:

1. That Dr. Craig Wright breached a fiduciary duty by misappropriating W&K's intellectual property; and

2. That this breach was a legal cause of damages to W&K.

### Conversion

The Estate of David Kleiman and W&K have asserted claims for conversion against Dr. Craig Wright. They claim that Dr. Craig Wright wrongfully exercised control over the property of David Kleiman and the property of W&K.

Conversion means a distinct act of control wrongfully asserted over another's personal property in a manner that is inconsistent with the other's right to that property. There are a number of ways that conversion can occur, such as intentionally dispossessing another of the property, using

the property without authority, or disposing of the property by selling, pledging, gifting, or leasing it.

To prevail on their claim of conversion, the Plaintiffs must each prove the following by a preponderance of the evidence:

1. Dr. Craig Wright wrongfully asserted dominion or ownership over certain property;

2. This property belonged to the Estate of David Kleiman and/or W&K, respectively; and

3. Dr. Craig Wright's action was inconsistent with the ownership or right to possess the property by the Estate of David Kleiman and/or W&K.

## Civil Theft

The Estate of David Kleiman and W&K have asserted claims for civil theft against Dr. Craig Wright. The Plaintiffs must prove the following by clear and convincing evidence:

1. Dr. Craig Wright obtained, used, or attempted to obtain or use the Estate of David Kleiman's, W&K's, or the partnership's property;

2. With the criminal intent to deprive the Estate of David Kleiman, W&K, or the partnership, either temporarily or permanently, of that property or a benefit from that property; and

3. Dr. Craig Wright's actions were a legal cause of damages to the Estate of David Kleiman or W&K.

## Unjust Enrichment

The Estate of David Kleiman and W&K have asserted claims of unjust enrichment against Dr. Craig Wright. To prevail on their claims of unjust enrichment, the Estate of David Kleiman and/or W&K must prove the following by a preponderance of the evidence:

1. David Kleiman and/or W&K conferred a benefit on Dr. Craig Wright;

Case No. 18-cv-80176-BLOOM/Reinhart

2. That Dr. Craig Wright voluntarily accepted and retained that benefit; and

3. It would be inequitable or unfair for Dr. Craig Wright to retain the benefit without paying the value of the benefit to the Estate of David Kleiman and/or W&K.

### Fraud

The Estate of David Kleiman and W&K have alleged claims against Dr. Craig Wright for fraud. To prevail on their claims of fraud, the Plaintiffs must prove the following by a preponderance of the evidence:

1. Dr. Craig Wright made a false statement or omission of a material fact;

2. That he knew the statement was false at the time it was made;

3. Dr. Craig Wright intended that David Kleiman, Ira Kleiman, or W&K would rely on the false statement or omission;

4. David Kleiman, Ira Kleiman, or W&K relied on the false statement or omission; and

5. The false statement or omission caused damage to the Estate of David Kleiman or W&K.

### Constructive Fraud

The Estate of David Kleiman and W&K have asserted claims for constructive fraud against Dr. Craig Wright. For the Plaintiffs to prevail on their constructive fraud claims, they must prove the following by a preponderance of the evidence:

1. A relationship of trust and confidence existed between one or more of the Plaintiffs and Dr. Craig Wright;

2. Dr. Craig Wright took advantage of this relationship of trust and confidence; and

3. Proximately caused one or more of the Plaintiffs to suffer damages.

13

### Affirmative Defenses

If you find that the Estate of David Kleiman and W&K have proven, by a preponderance of the evidence, one or more of their claims against Dr. Craig Wright, then you shall next consider the affirmative defenses raised by Dr. Craig Wright. In this case, Dr. Craig Wright asserts the affirmative defenses of statute of limitations and laches and contends that the claims asserted by the Plaintiffs have not been filed timely and, as a result, those claims are barred.

Even if the Plaintiffs prove their claims by a preponderance of the evidence, or by clear and convincing evidence for civil theft, the Defendant can prevail in this case if he proves an affirmative defense by a preponderance of the evidence. When more than one affirmative defense is involved, as it is here, you should consider each one separately.

### Affirmative Defense – Statute of Limitations

The statute of limitations requires the Plaintiffs to commence their lawsuit within a certain time period as prescribed by law. The Defendant's statute of limitations defense is directed at each of the Plaintiffs' claims, except the civil theft claim. As such, you should not consider the statute of limitations affirmative defense as to Plaintiffs' civil theft claim. The Plaintiffs' remaining claims each have a four-year statute of limitations. This lawsuit was filed on February 14, 2018. Accordingly, to prevail on the statute of limitations affirmative defense, the Defendant must prove by a preponderance of the evidence that the Plaintiffs' claims, excluding the civil theft claim, accrued before February 14, 2014.

A cause of action "accrues" when the Plaintiffs discover or should have discovered through the exercise of reasonable care and diligence the facts establishing the elements of a cause of action.

If you find by a preponderance of the evidence that Defendant has proven that one or more of Plaintiffs' claims accrued before February 14, 2014, then you must find in favor of the Defendant.

If, however, you find that the preponderance of the evidence does not support Defendant Dr. Craig Wright's statute of limitations affirmative defense, you must find against him on this affirmative defense.

### **Fraudulent Concealment**

An exception to the statute of limitations affirmative defense is the doctrine of "fraudulent concealment"—where a Plaintiff alleges that a Defendant engaged in willful concealment of the claim or cause of action using fraudulent means. Such fraudulent actions will delay the beginning of the limitation period until the Plaintiff either knows or should have known that the Plaintiff suffered damages.

You will only consider the fraudulent concealment exception if you find that Defendant has proven his statute of limitations affirmative defense. The Defendant's statute of limitations affirmative defense cannot succeed if the Defendant fraudulently concealed his misconduct.

To prove fraudulent concealment, the Estate of David Kleiman or W&K must prove by a preponderance of the evidence:

1.  Dr. Craig Wright fraudulently concealed the causes of action from the Estate of David Kleiman and W&K until at least February 14, 2014; and

2.  The Estate of David Kleiman or W&K exercised reasonable care and diligence in seeking to discover the facts that form the basis of the claim.

Fraudulent concealment goes beyond a Defendant's mere non-disclosure of a fact, it must constitute active and willful concealment of a material fact where the Plaintiffs did not have the equal opportunity to become apprised of the fact. Plaintiffs bear the burden of establishing by a preponderance of the evidence that fraudulent concealment should be applied.

Ira Kleiman and W&K claim that their claims were timely filed. In the alternative, Plaintiffs

contend that the commencement of the statutes of limitations for their claims should be delayed because Dr. Craig Wright fraudulently concealed their claims.

Dr. Craig Wright denies that fraudulent concealment should apply because there is no evidence that he actively and willfully concealed any of Plaintiffs' purported claims.

## Affirmative Defense – Laches

Laches is an equitable doctrine that prevents the Estate of David Kleiman and W&K from recovering damages on their claims if they have inexcusably delayed asserting their claims and the delay has caused undue hardship to Dr. Craig Wright. To prevail on his affirmative defense of laches, the Defendant must prove by a preponderance of the evidence:

1. A delay in the Plaintiffs' assertion of their claims;

2. That the delay was inexcusable; and

3. That the delay caused the Defendant undue prejudice.

If you find by a preponderance of the evidence that Plaintiffs have inexcusably delayed bringing their claims, which caused undue prejudice to the Defendant, then you must find in favor of the Defendant.

If, however, you find that the preponderance of the evidence does not support Defendant Dr. Craig Wright's laches affirmative defense, you must find against him on this affirmative defense.

## Damages

If you find for the Estate of David Kleiman and/or W&K on any of its claims, you must consider the matter of damages. Generally, you should award an amount of money that the preponderance of the evidence shows will fairly and adequately compensate the Estate of David Kleiman and/or W&K for its damages. If you find for the Estate of David Kleiman or W&K on civil theft, you should award the Estate of David Kleiman or W&K an amount of money, if any, that the

clear and convincing evidence shows are the actual damages sustained by the Estate of David Kleiman or W&K.

You should consider the following types of damages:

**<u>Compensatory Damages</u>**

That amount of money you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for the Plaintiff's damages caused by the Defendant.

**<u>Damages for the Estate's Interest in Partnership</u>**

If you find that David Kleiman and Dr. Craig Wright, had a partnership, you will be asked to determine the value of the assets of the partnership that correspond to David Kleiman's partnership interest, which would now belong to his Estate. As I explained earlier, absent a contrary agreement, the assets of a partnership are to be divided equally among partners. Because the assets of the partnership were never distributed to David Kleiman or his Estate at the time of his death, the damages you should award should be based on the present value of any bitcoin and/or intellectual property you find was part of the partnership.

First, you will be asked to determine the quantity of any bitcoin, if any, owned by the partnership. You will then be asked to decide the current value of that bitcoin and award the Estate 50% of that value unless you find that there was a different amount agreed upon by David Kleiman and Dr. Craig Wright, in which case you should adjust the portion you award to the Estate of David Kleiman to reflect the amount you have decided.

Second, you will be asked to determine the intellectual property, if any, owned by the partnership. You will then be asked to determine the current value of the intellectual property and award the Estate 50% of that value unless you find that there was a different amount agreed upon by David Kleiman and Dr. Craig Wright, in which case you should adjust the portion you award to the

17

Estate of David Kleiman to reflect the amount you have decided.

### Damages for Conversion

If you find for the Estate of David Kleiman or W&K on conversion, you should award the Estate of David Kleiman or W&K the quantity of assets, if any, you determine were converted and the value of those assets. Plaintiffs are entitled to the highest value of the assets between the time of conversion and the date of your verdict.

### Damages for Civil Theft

If you find for the Estate of David Kleiman and/or W&K on their claims of civil theft, you should award the Estate of David Kleiman or W&K an amount of money, if any, that the clear and convincing evidence shows are the actual damages sustained by the Estate of David Kleiman or W&K. Plaintiffs are entitled to the highest value of the assets between the time of conversion and the date of your verdict.

### Damages for Fraud and Constructive Fraud

If you find for the Estate of David Kleiman and/or W&K on either fraud or constructive fraud, you should award the Estate of David Kleiman or W&K the amount of any damages calculated as of the time the Defendant committed the fraud or the constructive fraud.

### Damages for Breach of Fiduciary Duty

If you find for W&K on its claim for breach of fiduciary duty, you should award W&K the amount of any damages, if any, calculated as of the time the Defendant breached his fiduciary duty to W&K.

### Damages for Unjust Enrichment

If you find for the Estate of David Kleiman and/or W&K on their claims for unjust

enrichment, then they are entitled to an amount of money equal to the value of the benefit conferred upon the Defendant and attributable to his wrongdoing.

### **Punitive Damages**

If you find for the Estate of David Kleiman or W&K on their conversion, fraud, and/or constructive fraud claims, you must decide whether to award punitive damages in addition to any compensatory damages awarded. Punitive damages are warranted against Dr. Craig Wright if you find by clear and convincing evidence that he engaged in intentional misconduct or gross negligence, which was a substantial cause of damage to the Estate of David Kleiman or W&K. Under those circumstances you may, in your discretion, award punitive damages against Dr. Craig Wright. If clear and convincing evidence does not show such conduct by Dr. Craig Wright, punitive damages are not warranted against him.

"Intentional misconduct" means that Dr. Craig Wright had actual knowledge of the wrongfulness of the conduct and that there was a high probability of injury or damage to the Estate of David Kleiman or W&K and, despite that knowledge, the Defendant intentionally pursued that course of conduct, resulting in injury or damage.

"Gross negligence" means that the Defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct.

If you decide that punitive damages are warranted against the Defendant, then you must decide the amount of punitive damages, if any, to be assessed as punishment against the Defendant and as a deterrent to others. This amount would be in addition to any compensatory damages you award to the plaintiffs. In making this determination, you should consider the following:

1. The nature, extent, and degree of misconduct and the related circumstances, including the following:

   a. Whether the wrongful conduct was motivated solely by unreasonable financial gain;

   b. Whether the unreasonably dangerous nature of the conduct, together with the high likelihood of injury resulting from the conduct, was actually known by the Defendant;

   c. Whether, at the time of damage, the Defendant had a specific intent to harm a Plaintiff and the conduct of the Defendant did in fact harm a Plaintiff;

2. The financial resources of the Defendant.

You may, in your discretion, decline to assess punitive damages.

## Note-Taking

You've been permitted to take notes during the trial. Most of you—perhaps all of you—have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

## Duty to Deliberate

In your deliberations, you will consider and decide distinct claims and affirmative defenses. Although these claims and affirmative defenses had been tried together, each is separate from the others, and each party is entitled to have you separately consider each claim and affirmative defense as it affects that party. Therefore, in your deliberations, you should consider the evidence as it relates to each claim and affirmative defense separately, as you would had each claim and affirmative

defense been tried before you separately.

Of course, the fact that I have given you instructions concerning the issue of the Plaintiffs Ira Kleiman's and W&K's damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.

You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors.

You must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

### <u>Election of a Foreperson – Explanation of Verdict Form</u>

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience. The verdict form contains questions and directions for answering them. In answering the questions, you must apply the law in these instructions to the facts that were proven by the evidence. You may also refer to the Jury Instructions for guidance on the law applicable to the subject matter covered by each question.

The questions are organized by claim, first asking whether you find the Defendant liable for the particular claim. If your answer to the first question is yes, you are then instructed to answer further questions, asking you to identify which Plaintiffs have proven their claims and the amount of damages to be awarded to each Plaintiff. You will then consider the Defendant's affirmative defenses and whether they bar or preclude certain claims. Finally, you will consider whether punitive damages are appropriate as to certain claims.

You must all agree on each answer before you complete the verdict form. After you reach a verdict, your foreperson should be designated to complete the verdict form by inserting all necessary answers in the form.

*[Explain verdict form]*

Take the verdict form with you to the jury room. When you have all agreed on the verdict, your foreperson must fill in the form, sign it, and then date it. Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me, and I will respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.