UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>Plaintiffs,<br><br>v.<br><br>CRAIG WRIGHT,<br><br>Defendant. | CASE NO.: 9:18-cv-80176-BB/BR |

**PLAINTIFFS' REPONSE IN OPPOSITION TO NON-PARTY ANDREW O'HAGAN'S MOTION FOR ORDER COMPELLING PLAINTIFFS TO PAY FEES AND COSTS RELATED TO DOCUMENT AND DEPOSITION DISCOVERY IN ENGLAND AND <u>INCORPORATED MEMORANDUM OF LAW</u>**

Plaintiffs, Ira Kleiman, as personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC, by and through undersigned counsel, hereby file their Response in Opposition to Non-Party Andrew O'Hagan's Motion for Order Compelling Plaintiffs to Pay Fees and Costs Related to Document and Deposition Discovery in England and states the following in support thereof:

**I.  Background**

On March 17, 2020, during the discovery period of this case, Plaintiffs took the deposition of non-party Andrew O'Hagan ("O'Hagan"), a resident of the United Kingdom. O'Hagan had resisted Plaintiffs' attempt to secure his deposition, choosing instead to force Plaintiffs to attempt to compel his attendance through the English Courts. Ultimately, pursuant to an agreement between Plaintiffs' counsel and O'Hagan's counsel, O'Hagan sat for a deposition with a narrow

scope. Specifically, Plaintiffs agreed to limit their questions to two areas: (1) O'Hagan's "educational background, employment history, professional qualifications," and "personal preparation for the deposition"; and (2) the "accuracy of the quotes and factual assertions contained within his work *The Satoshi Affair*," which appeared in the London Review of Books on June 30, 3016. *See* Dec. 17, 2019 Consent Order, DE [768-01].

Although O'Hagan characterizes (at 2) the process leading up to the deposition as contentious, oppressive, and burdensome, the facts demonstrate otherwise. Plaintiffs sought non-contentious testimony from O'Hagan related to a long-form article he authored titled *The Satoshi Affair*. Plaintiffs were at all times amenable to structuring the deposition to ensure O'Hagan's comfort and abided by standard procedure to obtain his testimony. Plaintiffs viewed O'Hagan's testimony as non-hostile, informative, and positive to Plaintiffs' case. As such, Plaintiffs conferred with counsel for O'Hagan and were agreeable to strictly defining and limiting the deposition to protect O'Hagan's journalistic privileges and confidences. Plaintiffs were also amenable to a video-call deposition due to O'Hagan's concerns about traveling during the early stages of Covid-19 pandemic. (*See* DE [768] at 6.) And finally, Plaintiffs agreed to advance £34,988 of O'Hagan's fees, which were paid to him well in advance of his March 17, 2020 deposition. (*Id.*)

Following the deposition, O'Hagan sought fees and costs from Plaintiffs through the English Courts (he sought no pre-deposition or post-deposition relief in this Court at the time). The English Court issued a Final Costs Certificate and thereafter, O'Hagan's counsel purports to have domesticated the Judgment in Florida. On November 5, 2021, in the midst of a four-week jury trial, O'Hagan filed a motion in this case as a non-party seeking a court order compelling Plaintiffs to pay its fees and costs.

**II.      Argument**

The filing of a motion to compel by a non-party is an inappropriate means for judgment-collection under applicable Florida law. *See Orix Fin. Servs., Inc. v. Sims*, 2008 WL 681037, at *1 (M.D. Fla. Mar. 7, 2008) (applying Florida law regarding execution proceedings, where out-of-state judgment was registered in Florida). "Chapter 56, Florida Statutes, governs execution of judgments, Chapter 76 provides for attachment of property and Chapter 77 sets forth the procedures for garnishment." *Papadopoulos v. Sidi*, 547 F. Supp. 2d 1262, 1265 (S.D. Fla. 2008). Instead of following these—or any other—statutory procedures, O'Hagan filed a motion to compel in this case, to which he is not a party, and which is currently awaiting a jury verdict after a month-long trial period. His motion cites neither statutory provisions, nor case law, permitting the relief sought.

Indeed, in his motion to compel fees, O'Hagan makes various generalized arguments related to this Court's inherent powers, international comity, and cost-shifting in the discovery process. (*See* DE [768] at 7-14.) Such arguments are misplaced. A motion to compel by a non-party is not a proper vehicle for judgment collection in Florida. *See* Fla. Stat. §§ 56.011-56.30 (setting forth means by which judgments may be collected). Nothing in O'Hagan's fourteen-page brief suggests otherwise.

*First*, international comity principles are unrelated to the instant motion and have no bearing on the procedures required to *collect* on this judgment. Such principles were already applied when O'Hagan purports to have domesticated the Judgment in Florida. (*See* DE [768-03].)

*Second*, invoking the Court's inherent powers is not appropriate in these circumstances. Instead of filing a motion for fees in this action, O'Hagan chose to seek relief from the Courts of England—presumably because English law permitted him to recover fees that could not be

3

recovered under Florida law. Having chosen that route, and having obtained and now purporting to have domesticated that foreign judgment, O'Hagan cannot come to this Court and disregard the procedures for enforcing that now claimed domesticated judgment. *See Boats Express, Inc. v. Thackeray*, 978 So. 2d 206, 208 (Fla. 2d DCA 2008) (explaining that once a foreign judgment is domesticated pursuant to the Florida Enforcement of Foreign Judgments Act, that "foreign judgment will become equivalent to a Florida judgment for enforcement purposes"). In short, the Court should decline to use its inherent powers to reward O'Hagan's transparent effort to evade the requirements imposed by Florida law. *Cf. United States v. One 1987 BMW 325*, 985 F.2d 655, 661 (1st Cir. 1993) (inherent powers cannot be used to circumvent Federal Rules of Civil Procedure).

In any event, there is nothing to "compel" here. O'Hagan has a judgment against these two Plaintiffs, which he now purports to have domesticated. However, at this time, it appears that neither of the Plaintiffs have any assets from which the Judgment can be paid.

## **CONCLUSION**

WHEREFORE, Plaintiffs respectfully request the Court deny non-party O'Hagan's Motion for Order Compelling Plaintiffs to Pay Fees and Costs.

Respectfully submitted,

Dated: December 1, 2021

/s/ Andrew S. Brenner
Andrew S. Brenner, Esq.
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

Velvel (Devin) Freedman, Esq.
Florida Bar No. 99762
**ROCHE FREEDMAN LLP**
200 S. Biscayne Blvd, Suite 5500
Miami, Florida  33131
Telephone: (305) 357-3861
vel@rochefreedman.com
nbermond@rochefreedman.com

Kyle W. Roche, Esq.
Joseph M. Delich, Esq.
*Admitted Pro Hac Vice*
**ROCHE FREEDMAN LLP**
185 Wythe Avenue F2
Brooklyn, NY 11249
kyle@rochefreedman.com
jdelich@rochefreedman.com

*Counsel to Plaintiff Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 1, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Andrew S. Brenner*
Andrew S. Brenner, Esq.