UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-80176-CIV-Bloom/Reinhart

IRA KLEIMAN, et al.,

           Plaintiffs,

vs.

CRAIG WRIGHT,

           Defendant.
_____/

## REPORT AND RECOMMENDATION ON NON-PARTY O'HAGAN'S MOTION TO COMEPL PAYMENT OF ATTORNEY'S FEES (ECF No. 768)

Currently before the Court is a motion by non-party witness Andrew O'Hagan, a resident of the United Kingdom (UK), seeking to compel Plaintiffs to pay the fees and costs O'Hagan incurred responding to Plaintiffs' discovery demands. ECF No. 768. In July 2019, this Court issued letters rogatory permitting Plaintiffs to serve subpoenas upon non-parties, including O'Hagan, in the UK. ECF No. 254. O'Hagan retained counsel, and after initially objecting to the subpoena, O'Hagan eventually produced documents and appeared for a deposition in accordance with an order of the English Commercial Court. ECF No. 768 at 4.

During the negotiations, Plaintiffs agreed to reimburse O'Hagan for his fees and costs, and this agreement was memorialized by a Consent Order in the English court. ECF No. 768, Exhibit A. In advance of the deposition, Plaintiffs' counsel made a "partial payment" toward O'Hagan's fees and costs, but according to O'Hagan, after the deposition concluded, Plaintiffs refused to pay the balance. ECF No. 768 at 2.[1] With the instant motion, O'Hagan seeks

---

[1] On or about March 26, 2021, the Court of England issued a Final Costs Certificate, akin to a Final Judgment. The Judgment noted that the total amount of fees and costs due to O'Hagan was

payment of his outstanding fees and costs. Plaintiffs object to O'Hagan's motion arguing that "a motion to compel by a non-party is an inappropriate means for judgment collection under applicable Florida law." ECF No. 806 at 3 (citing *Orix Fin. Servs., Inc. v. Sims*, 2008 WL 681037, at *1 (M.D. Fla. Mar. 7, 2008). The Honorable Beth Bloom referred this motion to me for a report and recommendation. ECF No. 770. For the reasons stated below, I **RECOMMEND** that Non-party O'Hagan's motion be **DENIED.**

## DISCUSSION

In support of his motion seeking payment of his fees, O'Hagan cites to Rule 45 of the Federal Rules of Civil Procedure:

> **(d) Protecting a Person Subject to a Subpoena; Enforcement.**
> (1) *Avoiding Undue Burden or Expense; Sanctions*. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. <u>The court for the district where compliance is required</u> must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(d)(1) (emphasis added). As the Rule sets forth, only the court where compliance is required has the authority to protect a non-party from the burden and expense of complying with a subpoena by ordering fee-shifting. This Court did not have jurisdiction over O'Hagan, a UK resident, which is why Plaintiffs sought the letters rogatory. Indeed, the discovery dispute, the reimbursement agreement between Plaintiffs and O'Hagan, and the judgment O'Hagan ultimately secured, were all litigated in the UK and are governed by British

---

£127,695.48, **of which £34,988 had been paid,** leaving a balance due to O'Hagan of £92,707.48 pounds, with interest for so long as it remained unpaid. ECF No. 768 at 7 (emphasis added); Exhibit B. O'Hagan had the judgment "domesticated" in Florida pursuant to the Uniform Out-of-Country Foreign Money-Judgment Recognition Act (Fla. Stat. § 55.601). Exhibit C. According to O'Hagan, as of the March 23, 2021 domestication of the Judgment, the exchange rate for British Pounds Sterling to United States Dollars was 1 GBP = 1.3731 USD, thus, the £92,707.48 judgment was valued at $127,296.64. *Id.*

law. This Court does not have the authority under Rule 45 to order Plaintiffs to reimburse O'Hagan for his expenses.

In the alternative, O'Hagan asks this Court to apply equitable principles and "afford international comity" to the orders of the English court. ECF No. 768 at 12-13 ("It is a matter of purest international comity that this Court should now likewise give meaning to the orders the English courts."). "Giving meaning" to the orders of the English courts would seem to be a request that this Court enforce O'Hagan's UK judgment; nevertheless, in his reply papers, O'Hagan denies that he is asking this Court to enforce his foreign judgment. ECF No. 816 at 6-8. The Court cannot reconcile these statements or discern the precise relief O'Hagan seeks. In any event, the Florida Statutes, which contain a provision for enforcing foreign judgments, provide the comity he seeks. *See* Fla. Stat. § 55.604. O'Hagan must pursue that remedy in the Florida state courts.

In sum, although there is no legal basis for this Court to order Plaintiffs to compensate O'Hagan, he is not left without a remedy. As he states in his reply papers, he "has domesticated the judgment in Florida and can and will proceed through the Florida courts to collect that judgment, as need be." ECF No. 816 at 7.

### RECOMMENDATION

Accordingly, it is hereby **RECOMMENDED** that the District Court **DENY** Non-party O'Hagan's motion to compel Plaintiffs to pay his attorneys' fees and costs (ECF No. 768).

### NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Beth Bloom, United States District Court Judge for the Southern District of

Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

      **DONE AND SUBMITTED** in Chambers this 9th day of December, 2021 at West Palm Beach in the Southern District of Florida.

                                                               BRUCE REINHART
                                                               United States Magistrate Judge