Filing # 61672693 E-Filed 09/18/2017 05:58:20 PM

Dr. Wright Ex.

**D005**

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVL DIVISON AN
CASE NO. 50-2016-CA-013045-XXXX-MB

IRA KLEIMAN, individually, and as
Personal Representative of the
Estate of David Kleiman,

     Plaintiff,

v.

COMPUTER FORENSICS LLC,
CARTER CONRAD, individually, &
PATRICK PAIGE, individually.

     Defendants.

_____/

## FIRST AMENDED COMPLAINT

    Plaintiff Ira Kleiman, individually and as personal representative of the Estate of David Kleiman, hereby sues Computer Forensics LLC, a Florida limited liability company, and Carter Conrad, and Patrick Paige, and alleges as follows:

## PARTIES, JURISDICTION & VENUE

    1.    Plaintiff Ira Kleiman is a resident of Palm Beach County, Florida. He is the sole heir to the Estate of David Kleiman (Ira's late brother, and referred to herein as "DAVID") and is the Personal Representative of the Estate of David Kleiman ("Plaintiff"). See Letters of Administration Appointing Ira Kleiman as Personal Representative of the Estate of David Kleiman, attached hereto as Exhibit 1. As sole heir, Ira Kleiman is also a beneficiary of any property of David Kleiman. David Kleiman was, at the time of his passing on April 26, 2013, a one-third owner of Defendant Computer Forensics, LLC. See Computer Forensics, LLC Operating Agreement, attached hereto as Exhibit 2. Upon the death of David Kleiman, his one-third ownership interest was assumed by

FILED: PALM BEACH COUNTY, FL, SHARON R. BOCK, CLERK, 09/18/2017 05:58:20 PM
CONFIDENTIAL
KLEIMAN_00561088
KLEIMAN_00561088

his Estate and its Personal Representative, and the Personal Representative has standing to pursue this action. Alternatively, Ira Kleiman also became the sole beneficiary of the decedent, and any benefits or monies owed to David Kleiman by some or all of the Defendants in this action are due and owing to Ira Kleiman, subject to expenses/costs of the Estate.

2.      Defendant Computer Forensics LLC ("Computer Forensics") is a Florida limited liability company with its principal place of business in Boynton Beach, Florida. At the time of its formation in 2012, the LLC's two Managing Members were David Kleiman and Defendant Carter Conrad ("Conrad"). Defendant Patrick Paige ("Paige") thereafter was added as a Managing Member and three Managing Members executed the Operating Agreement on or about February 13, 2013. See Exhibit 2, attached hereto.

3.      Defendant Conrad is, upon information and belief, a resident of Palm Beach County, Florida. He owns one-third of Defendant Computer Forensics LLC and is a Managing Member, pursuant to the Operating Agreement, attached as Exhibit 2, hereto.

4.      Defendant Paige is, upon information and belief, a resident of Palm Beach County, Florida. He owns one-third of Defendant Computer Forensics LLC and is a Managing Member.

5.      Jurisdiction is proper because this is an action in excess of $ 15,000.00, exclusive of interests, costs and fees.

6.      Venue is proper because the underlying facts occurred in Palm Beach County, Florida and because all parties are residents of Palm Beach County, Florida.

### FACTS COMMON TO ALL COUNTS

7.      On February 13, 2012, Computer Forensics LLC was created. Its two founding managing members were David Kleiman and Carter Conrad. Both had a one-half ownership

CONFIDENTIAL
KLEIMAN_00561088

KLEIMAN_00561089

interest in the LLC.   Sometime thereafter, Paige became a Managing Member of Computer Forensics.

8.       On or about February 13, 2013, David Kleiman, Conrad, and Paige executed an Operating Agreement, attached hereto as Exhibit 2, which provided, among other things, that:

a.       Each Managing Member would possess and own a 33.33% interest of Computer Forensics;

b.       Gross revenue produced and received by Computer Forensics, LLC would be distributed pursuant to a specific formula: 20% of all gross proceeds would be paid to Computer Forensics for expenses and overhead, and the remaining 80% of proceeds would be distributed to each participating member based on a percentage of activity or work product, proportional to the production of the revenue or income;

c.       At the end of each fiscal year, and if proceeds in excess of operating expenses remained in Computer Forensic's accounts, each Managing Member would be awarded an additional 33.33% share of income not bookmarked for expenses.

9.       The Operating Agreement further provided that "[a]ll equipment, software, hardware, or other intellectual property, owned individually by each Member" would remain in the ownership of that Member.   See Exhibit 2, attached hereto.

10.      On April 26, 2013, David Kleiman passed away.

11.      Plaintiff was David Kleiman's sole heir and is the personal representative of David Kleiman's estate.

CONFIDENTIAL
KLEIMAN_00561088

KLEIMAN_00561090

12.     David Kleiman's interest has never been transferred, sold or other disposed of and, upon information and belief, the Estate of David Kleiman still owns one-third of Computer Forensics.

13.     On May 10, 2013, two weeks after David Kleiman died, Defendant Conrad filed an amended annual report indicating that Computer Forensics had two managing members – Defendants Conrad and Paige. Any record of David Kleiman's (or his Estate's) ownership of the Computer Forensics was removed from the LLC's publicly-filed corporate records.

14.     Prior to the execution of the Operating Agreement, David Kleiman had created, registered, and owned at least two personal websites, www.davidakleiman.com and www.davekleiman.com, among others (hereinafter referred to as the "Kleiman Websites"). These websites were created before the formation of Computer Forensics or the execution of the Operating Agreement, and, as per the terms of the Agreement, remained in the ownership of David Kleiman and are now the rightful property of David Kleiman's Estate. Upon information and belief David Kleiman never transferred the Kleiman Websites to the ownership of Computer Forensics or any other party, individual, or entity. Upon information and belief, the Kleiman Websites are now in the control of the Defendants and the websites redirect to and mirror www.computerforensicsllc.com.

15.     Upon information and belief, prior to his death, David Kleiman had carried out computer forensic expert services on behalf of multiple clients of Computer Forensics, including conducting such services as an expert in litigation matters. Up to the date of his death (April 26, 2013), David Kleiman had been entitled to distributions based on his percentage of activity or work product, as per the terms of Operating Agreement, attached as Exhibit 2, hereto. After his death,

KLEIMAN_00561091

CASE NO. 50-2016-CA-013045-XXXX-MB
Page 5 of 12

David Kleiman's estate was entitled to any such distributions for activity conducted or for work product created by David Kleiman while he was alive.   Upon information and belief, subsequent to David Kleiman's death, Patrick Page assumed all client files that had been worked on by David Kleiman, including several litigation matters.

16.      Upon information and belief, in the course of his assumption of said files/matters, Patrick Paige presented some or all of the work that had been conducted by Decedent David Kleiman as his own.   Neither the Estate or the Personal Representative of the Estate of David Kleiman were advised of Paige's activities on David Kleiman's files, and similarly provided no accounting or distributions to Personal Representative Ira Kleiman for activity conducted by or work product created by David Kleiman, and, as such, has been deprived of such payments, and have suffered damages as a result.

17.      Similarly, following the death of David Kleiman, Computer Forensics seized control of the Kleiman Websites, and/or converted them to its own use, depriving David Kleiman's estate and Ira Kleiman, as beneficiary, of the use of these websites, or any income derived by Computer Forensics and/or by Conrad and Paige.

18.      Shortly after David Kleiman's passing, Plaintiff also entrusted Computer Forensics and Patrick Paige with a smartphone owned by Decedent, which was provided to these Defendants for the purpose of unlocking the phone (as it was password protected),  in aid of Plaintiff's efforts to develop information as to assets of the Estate.   The phone has never been returned to Plaintiff and Defendant Paige has since claimed that he, a computer forensic consultant, had thrown away the phone after he had dropped the phone and cracked the screen.

CONFIDENTIAL
KLEIMAN_00561088

KLEIMAN_00561092

19. As a consequence of the above activities, Plaintiff has sustained damages and seeks relief under law and equity.

### COUNT I
### CONVERSION OF PROPERTY
### BELONGING TO PLAINTIFF
### (AGAINST COMPUTER FORENSICS)

20. The allegations of paragraphs 1 through 19 are realleged and incorporated as if fully set forth herein.

21. As a course of its dealings with David Kleiman, Defendant Computer Forensics has taken illegal possession of the property of David Kleiman, namely certain websites that were created and initially registered by David Kleiman, and which are identified as www.davidakleiman.com and www.davekleiman.com. In addition, said sites direct traffic to Computer Forensics' own website, which allows Computer Forensics and its principals to benefit from the name and property and David Kleiman. In addition, the smartphone belonging to David Kleiman has never been returned to Plaintiff and, per Defendant Paige, has been discarded due to a "cracked screen," with no further explanation.

22. Such acts deprive and continue to deprive David Kleiman's Estate and survivor, the Plaintiff, of the benefit of such property.

23. The deprivation by Computer Forensics is inconsistent with Plaintiff's ownership rights, in that Defendant has no right to this property, and has benefitted by such illegal conversion.

24. As a result of such conversion by Computer Forensics, Plaintiff has suffered and continues to suffer damages in relation to being deprived of the use of his property.

CONFIDENTIAL
KLEIMAN_00561088

KLEIMAN_00561093

WHEREFORE, Plaintiff demands judgment for damages against Defendant plus interest thereon at the legal rate from date such became due, and any such other relief as the Court deems just and proper.

**COUNT II**
**CONSTRUCTIVE TRUST**
**(As to all Defendants)**

25.     The allegations of paragraphs 1 through 19 are realleged and incorporated as if fully set forth herein.

26.     Conrad, Paige, and David Kleiman executed the Computer Forensics Operating Agreement (attached hereto as Exhibit 2) on or before February 13, 2013, whereby the parties agreed, among other things, that gross revenue produced and received by Computer Forensics, LLC would be distributed pursuant to a specific formula: 20% of all gross proceeds would be paid to Computer Forensics for expenses and overhead, and the remaining 80% of proceeds would be distributed to each participating member based on a percentage of activity or work product, proportional to the production of the revenue or income.

27.     David Kleiman was and his estate (and therefore Plaintiff, by operation of the law) remains a one-third owner of Computer Forensics.

28.     Plaintiff has been denied his equal share of Computer Forensics' profits and revenue that has been generated by virtue of Defendants' use of and trading off the David Kleiman name and website without compensation, and which have been distributed to Paige and Conrad.

29.     Equity demands that the Court place a constructive trust over one-third of all past and future profits and assets of Computer Forensics, or portions of any such profits and assets that have been distributed by Computer Forensics to Paige and/or Conrad.

CONFIDENTIAL
KLEIMAN_00561088

KLEIMAN_00561094

CASE NO. 50-2016-CA-013045-XXXX-MB
Page 8 of 12

30.    Equity similarly demands that the websites www.davekleiman.com and www.davidakleiman.com be placed in trust for the Plaintiff.

WHEREFORE, Plaintiff demands that a constructive trust be imposed as to the Defendants, to ensure that any and all properties or monies due to Plaintiff are safeguarded, and any other remedy this Court may deem appropriate and just.

### COUNT III
### PERMANENT INJUNCTION DUE TO BREACH OF OPERATING AGREEMENT
### AS TO ALL DEFENDANTS

31.    The allegations of paragraphs 1 through 19 are realleged and incorporated as if fully set forth herein.

32.    As a course of its dealings with David Kleiman, Defendant Computer Forensics has taken illegal possession of the property of David Kleiman, namely certain websites that were created and initially registered by David Kleiman, and which are identified as www.davidakleiman.com and www.davekleiman.com.    In addition, said sites direct traffic to Computer Forensics' own website, which allows Computer Forensics. Paige, and Conrad to benefit from the name and property of David Kleiman.    Further, upon information and belief, David Kleiman created and maintained bitcoin wallets which were his personal property during the time he was a member of Computer Forensics.

33.    Pursuant to the terms of the Operating Agreement at issue, all such property was personal property of David Kleiman and is not property of Computer Forensics or any of its principals. See Exhibit 2, attached hereto.

34.    By operation of the law, Plaintiff is entitled to receive and control any property of the Decedent, as Decedent's Personal Representative, heir, and beneficiary.

CONFIDENTIAL
KLEIMAN_00561088

KLEIMAN_00561095

35.     Defendants should be enjoined from further use of any websites that were created by David Kleiman and which are therefore the property of the Estate, heir and beneficiary (the Plaintiff).   To the extent that Computer Forensics, Paige, or Conrad have retained any bitcoin wallets that were the personal property of David Kleiman, Computer Forensics should be enjoined from monetizing, transferring or otherwise converting such bitcoin to its use of the use of its principals or third parties.

WHEREFORE Plaintiff demands judgment for temporary and permanent injunction against Defendant Computer Forensics, enjoining it from further use or operation of any websites of David Kleiman, and from monetizing, transferring or otherwise converting any bitcoin that belonged to David Kleiman to its use of the use of its principals or third parties, and any other remedy this Court may deem appropriate and just.

**COUNT IV**
**ACCOUNTING & INSPECTION OF RECORDS**
**PURSUANT TO SECTION 608.4101 OF THE FLORIDA STATUTES**
**(AS TO COMPUTER FORENSICS)**

36.     The allegations of paragraphs 1 through 19 are realleged and incorporated as if fully set forth herein.

37.     Computer Forensics is a limited liability company that was created on February 13, 2012, and is therefore subject to the Florida Limited Liability Act, which was in effect at the time. See Florida Stat. Section 608 et seq. (2012).

38.     Plaintiff, by operation of law and as personal representative of the Estate of David Kleiman, has now and has had a one-third interest in Computer Forensics, LLC since the passing of David Kleiman.

CONFIDENTIAL
KLEIMAN_00561088

KLEIMAN_00561096

39. Fla. Stat. § 608.4101(3) provides that a "limited liability shall furnish to a member, and to the legal representative of a deceased member or member under legal liability: (a) without demand, information concerning the limited liability company's business or affairs reasonably required for the proper exercise of the member's rights and performance of the member's duties under the operating agreement or this chapter."

40. Plaintiff has learned of a sworn statement filed in federal court earlier this year (February 2017), stating that Patrick Paige presented some or all of the work that had been conducted by Decedent David Kleiman as his own. Plaintiff had received no prior notification or information regarding this issue from Computer Forensics, and requires a full review of information concerning how David Kleiman's work was used and/or billed for following his death in April 2013, and said information is reasonably required for Plaintiff to exercise his rights as a one third member, as well as to enforce performance of the Operating Agreement executed in February 2013, based on this newly-discovered information.

41. Fla. Stat. § 608.4101(6) provides that "any action to enforce any right arising under this section shall be brought in the appropriate court," and this action is properly brought in the Circuit Court of Palm Beach County.

42. Plaintiff requests an accounting of Computer Forensics, to include the production of the following documents, which are reasonably required for Plaintiff to exercise his rights pursuant to Fla. Stat. § 608.4101(3) :

a. File materials and work records for all client matters handled by David Kleiman before his death in 2013, including time sheets, or other means of recording his activity and work product;

b.     Emails issued by David Kleiman on all client matters to allow Plaintiff to assess the Decedent's activity and work product, and calculate distributions that should have been made to decedent and/or his estate.

c.     Records of any payments received by Computer Forensics for all matters that were assigned to or worked on at any time by David Kleiman;

d.     Records of distributions made to Paige or Conrad arising out of any matters that were assigned to or worked on at any time by David Kleiman;

e.     All registrations and/or ownership documents for the website domain www.davidakleiman.com.

f.     All registrations and/or ownership documents for the website domain www.davekleiman.com.

43.     Plaintiff requests any attorney fees and costs awardable to Plaintiff pursuant to Fla. Stat. § 608, in bringing this action.

WHEREFORE, Plaintiff demands that Computer Forensics provide a complete and transparent accounting and inspection of records of any income generated from any client files assigned to or worked on by David Kleiman, and all other information reasonably required for Plaintiff to exercise his rights as a one third member, as well as to enforce performance of the Operating Agreement, and entry of any other remedy this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

CONFIDENTIAL
KLEIMAN_00561088

KLEIMAN_00561098

CASE NO. 50-2016-CA-013045-XXXX-MB
Page 12 of 12

## RESERVATION OF RIGHT TO FURTHER AMEND

Plaintiff reserves the right to further amend the Complaint if new information arises via discovery that gives rise to new or enhanced claims against the Defendants.

## PRAYER FOR RELIEF

Plaintiff prays for the following relief: (a) Enter a final judgment in favor of the Plaintiff and against the Defendants on all claims; and (b) Grant any further relief the Court deems proper.

Dated this 18th day of September 2017.

**LUBELL & ROSEN, LLC**
*Attorney for Plaintiff*
*Ira Kleiman, individually and as*
*Personal Representative of the*
*Estate of David Kleiman*
1 Alhambra Plaza, Suite 1410
Coral Gables, Florida 33134
Phone: (305) 655-3425
Fax: (305) 442.9047
Primary:   aml@lubellrosen.com
Secondary:maria@lubellrosen.com

By: *Aldo M. Leiva*
    ALDO M. LEIVA, ESQUIRE
    Florida Bar #116424

CONFIDENTIAL
KLEIMAN_00561088

KLEIMAN_00561099

NOT A CERTIFIED COPY

# EXHIBIT 1

CONFIDENTIAL
KLEIMAN_00561088

KLEIMAN_00561100

CFN 20160043050
OR BK 28090 PG 1377
RECORDED 02/08/2016 11:13:05
Palm Beach County, Florida
AMT
Sharon R. Bock
CLERK & COMPTROLLER
Pg 1377; (1Pgs)

IN THE CIRCUIT COURT FOR PALM BEACH
COUNTY, FLORIDA

PROBATE DIVISION

IN RE: ESTATE OF

DAVID ALAN KLEIMAN

    Deceased.

File No.
502013CP005060XXXXNB

Division IH

## LETTERS OF ADMINISTRATION
### (single personal representative)

TO ALL WHOM IT MAY CONCERN

    WHEREAS, David Alan Kleiman, a resident of Palm Beach County, Florida, died on April 26, 2013, owning assets in the State of Florida, and

    WHEREAS, Ira Steven Kleiman has been appointed personal representative of the estate of the decedent and has performed all acts prerequisite to issuance of Letters of Administration in the estate,

    NOW, THEREFORE, I, the undersigned circuit judge, declare Ira Steven Kleiman duly qualified under the laws of the State of Florida to act as personal representative of the estate of David Alan Kleiman, deceased, with full power to administer the estate according to law; to ask, demand, sue for, recover and receive the property of the decedent; to pay the debts of the decedent as far as the assets of the estate will permit and the law directs; and to make distribution of the estate according to law.

    ORDERED on _____ 2-4 - _____, 2016.

                           Circuit Judge

STATE OF FLORIDA • PALM BEACH COUNTY
I hereby certify that the foregoing is a true
copy as recorded in my office and the
SHARON R. BOCK
CLERK & COMPTROLLER



EXHIBIT 2

CONFIDENTIAL
KLEIMAN_00561088

KLEIMAN_00561102

**Computer Forensics, LLC Operating Agreement**

This Agreement executed on February 1, 2013 shall strictly state the activity governing Computer Forensics, LLC business operations.

Computer Forensics, LLC shall be owned equally by Carter Conrad, Dave Kleiman, and Patrick Paige. Each individual shall be a Managing Member of Computer Forensics, LLC, with a fiscal year of each calendar year (January to December). Each Managing Member shall possess, and own, a 33.33% interest of Computer Forensics, LLC. Gross revenue produced, and received, by Computer Forensics, LLC shall be distributed as follows: 20% of all gross proceeds shall go to Computer Forensics, LLC for expenses and overhead, the remaining 80% shall be distributed to each participating member based on a percentage of activity or work product, proportional to the production of the revenue or income. Upon the end of the fiscal year, should there be proceeds in excess of operation expenses remaining with in the accounts of Computer Forensics, LLC, each member shall be awarded an equal 33.33% share of income determined not to be bookmarked for expenses, by a majority of the Managing Members. All equipment, software, hardware, or other intellectual property, owned individually by each member shall remain in the ownership of that member. Any equipment, software, hardware, or other intellectual property purchased with Computer Forensics, LLC assets shall be owned by Computer Forensics, LLC, with all provisions as stated above.

This operating agreement shall be enforced from the date noted above and supersedes any and all previous agreements.

So witnessed by our hand and signature below,

_____
Carter Conrad

_____
Dave Kleiman

Digitally signed by Dave Kleiman
DN: cn=Dave Kleiman, o=DaveKleiman.com, ou=Forensics,
email=dave@davekleiman.com, c=US
Reason: I agree to the terms defined by the placement of
my signature on this document
Location: Miami, Florida
Date: 2013.02.13 11:49:04 -05'00'

_____
Patrick Paige

Page 1 of 1

CONFIDENTIAL
KLEIMAN  00561088

KLEIMAN_00561103