Dr. Wright Ex.
**D408**

# Expert Witness Retention Contract

1. **Parties.** This contract is made between aantonop Consulting LLC ("Expert") and the Law Firm of Roche Freedman LLP _____ ("Client") regarding the underlying legal matter of Kleiman v. Wright (CASE NO.: 9:18-cv-80176-BB) _____ .

    a. **Scope of Work.** Client is engaging Expert to provide an opinion in the following area(s): General non-technical explanation and description of bitcoin for a layperson, including the pre-history, history and the functioning of the fundamentals, including ownership/control, keys, addresses, transactions, blocks, blockchain, immutability, mining, monetary value, exchanges, forks, etc.

2. **Retention.** The parties agree that Expert will only become retained by Client once this contract has been mutually executed and Client has paid the initial non-refundable retention retainer specified in paragraph 4.b. Expert has no duties to Client until such time.

3. **Expert's Fees and Expenses.**

    a. The parties agree that the fee for all time Expert spends on the case will be compensated at a rate of $ 500.00 per hour ("Rate"). It is agreed that the Rate specifically includes (but is not limited to) research, conferences, consultations with Client, reviewing documents, organizing documents, analysis, testing, responding to discovery requests, report writing, testifying, investigating, reading and signing deposition transcripts, preparing exhibits, preparing demonstrative aids, and preparation time for testifying at deposition, trial, hearing, arbitration or other venues. Expert's time will be tracked and invoiced to the nearest 1/10th of an hour.

    b. For all testimony or work that requires Expert to travel, including but not limited to depositions and trial testimony, Expert shall be compensated at the Rate for a minimum of eight (8) hours per day.

    c. In addition to the Expert services provided, Client is responsible for all of Expert's reasonable out of pocket expenses including, but not limited to travel, testing, research, copying, storage of evidence or documents, etc.

4. **Payment Terms.**

    a. All payments are to be made to:

    >aantonop Consulting LLC
    >5830 East 2nd St. #92245
    >Casper, WY 82609



EXHIBIT 3

Page 1 of 5

Doc ID: 11b17b690022022edc867b19670c73ae894069e5

    b. The *non-refundable* retention retainer amount is five thousand ($5,000.00) US dollars. Expert will invoice against this retainer. This non-refundable retainer amount is the minimum fee due Expert and is earned upon receipt.

    c. All invoices will be paid within 30 days - or sooner if so specified in this Contract.

    d. Overdue invoices by more than 60 days ("Overdue) will accrue interest at a rate of 1.5% per month from the due date.

    e. Client is responsible for collecting any and all deposition fees owed by other lawyers or parties. In the event Expert's deposition fees are reduced by court order, Client shall still pay Expert's full fee specified in paragraph 3.

    f. Expert will invoice Client upon completion of Expert's report(s). All fees must be paid in full before a report is released to Client, other parties or anyone else. Expert is under no duty to release a report until Expert has been paid in full for all work performed to date.

    g. Expert will invoice Client before scheduled testimony for any Overdue fees and expenses for work performed to date. All such fees must be paid in full before Expert testifies. Expert is under no contractual duty to appear to testify and provide opinions until Expert has been paid in full for all outstanding services performed and expenses incurred on behalf of Client.

5. **Fees for Late Notice Cancellation or Rescheduling of Testimony.**

    a. Client understands that Expert will suffer damages from late notice cancellation or rescheduling of Expert's testimony and that since the precise amount of these damages would be difficult to determine, Expert shall instead be entitled to the cancellation and rescheduling fees specified in paragraphs 5.b and 5.c.

    b. If Expert's testimony is cancelled or rescheduled by anyone other than Expert, Client shall pay the Expert the following fees:

        i. Cancellation or rescheduling on the day of testimony: $4000.00 (which is the Rate multiplied by 8 hours)

        ii. Cancellation or rescheduling 1-2 days in advance of the first day of testimony: $2000.00 (which is 50% of the Rate multiplied by 8 hours)

        iii. Cancellation or rescheduling 3-7 days in advance of the first day of testimony: $800.00

        iv. Cancellation or rescheduling 8-14 days in advance of the first day of testimony: $400.00

    c. In addition to the fees above, Client shall be responsible for all non-refundable out of pocket travel expenses incurred by Expert such as airline tickets, change fees, and hotel rooms.

6. **Duties of Client.** The Client's duties specifically include, but are not limited to:

Doc ID: 11b17b690022022edc867b19670c73ae894069e5

   a. Abiding by the applicable rules of professional conduct.
   b. Making <u>all</u> payments as specified in Paragraphs 4 and 5 under the terms as specified in Paragraphs 4 and 5.
   c. Providing Expert with copies of or access to <u>all</u> non-privileged, arguably relevant documents, evidence and other materials in the underlying legal matter, in electronic format wherever possible.
   d. Notifying Expert of all parties and attorneys in the case so that Expert can check for conflicts of interest.
   e. Where circumstances reasonably allow, providing Expert with prompt notice of any *Daubert* motions, *Frye* motions, motions in limine, or other pre-trial motions made by other parties or persons to restrict, exclude or in any way limit Expert's testimony or Expert's participation in the underlying legal matter.
   f. Will consult with Expert on relevant portions of any and all answers to interrogatories, motions, expert designations or other documents which summarize Expert's qualifications, methodology, opinion(s) and/or anticipated testimony.
   g. Being available as reasonably requested to meet with Expert prior to anticipated testimony.
   h. Promptly notifying Expert of when and where Expert may be requested to appear to testify.
   i. Promptly notifying Expert of the settlement or final adjudication of the underlying legal matter.

7. **Duties of Expert.** The Expert's duties are:
   a. To truthfully represent Expert's credentials.
   b. To formulate with honesty and due care and truthfully express Expert's opinion(s) in those areas (and only those areas) where Expert feels qualified to render an opinion and where Client has requested an opinion. Client agrees that Expert's opinion(s) are not preordained, might be contrary to Client's position, and are subject to modification as a result of new or additional information.
   c. To cease work on the underlying legal matter and promptly inform Client whenever Expert has accrued unpaid fees and expenses totaling more than $ 15,000.00. In this event, Expert shall not perform further work on the underlying legal matter until approval is given by Client.
   d. Expert is under no duty to provide or express opinions if Expert is given time deadlines or cost-based or other restrictions by Client that would not reasonably allow Expert in good faith to formulate and express his opinions with reasonable care.
   e. Subject to paragraph 7.d., to prepare a written report if Client requests one.
   f. Subject to paragraph 7.d. and to circumstances beyond the Expert's control, to meet all reasonable deadlines requested by Client.

Page 3 of 5

Doc ID: 11b17b690022022edc867b19670c73ae894069e5

    g. To retain and preserve (during this engagement) all evidence provided to Expert from the underlying legal matter unless Client gives written permission for destructive testing or the like.
    h. To be available on reasonable notice to testify.
    i. To be available on reasonable notice to consult with Client.
    j. To work exclusively with Client in the underlying legal matter unless the parties mutually agree in writing otherwise.
    k. Upon receipt from Client of the list of attorneys and parties specified in paragraph 6.d., to within 30 days check for conflicts of interest with due care and within the same 30 day period to notify Client of any conflicts of interest discovered that preclude Expert's further involvement in the underlying legal matter.

8. **Expert's Right of Withdrawal From Case.** Expert shall have the absolute right to withdraw, without any liability, from the case if (a) Client violates any of the duties specified in paragraph 6 above or if (b) Expert discovers a conflict of interest which as a matter of law precludes Expert's further involvement in the underlying legal matter.

9. **Withdrawal.** Notice of withdrawal under Paragraph 8 shall be in writing from Expert to Client.
    a. In the event of withdrawal, under Paragraph 8(a) the parties agree that Client remains fully liable for all accrued but unpaid fees, expenses, and interest. Expert shall provide Client with their work product to date, however such work product shall be clearly labeled as a draft and not final.

10. **Termination.** This contract shall be terminated upon written notice to Expert from Client at any time, by Expert's withdrawal pursuant to paragraph 8, at such time as Client is no longer involved in the underlying legal matter, or upon the settlement or final adjudication of the underlying legal matter. In the event of termination Client is still responsible for all sums owed Expert.

11. **Document/Evidence Retention.** Expert shall have no duty to retain any documents, reports, evidence, transcripts, exhibits, e-mails, electronic files or other materials from the underlying legal matter for more than 30 (thirty) days following the termination of this agreement. Expert shall return (at Client's expense) all records and evidence in the underlying legal matter to Client if a written request to do so is received by Expert within the 30 (thirty) days following the termination of this agreement.

12. **Airline Flights.** Airline flights taken by Expert shall be direct, non-stop, and flights longer than four (4) hours in duration shall be business class, or first class if business class is not available. Expert shall book refundable or changeable tickets whenever possible to accommodate schedule changes.

13. **Disputes.** Any controversy, claim or dispute arising out of or relating to this Contract, shall be resolved through binding arbitration conducted in accordance with the rules of the American Arbitration Association.

Doc ID: 11b17b690022022edc867b19670c73ae894069e5

The law of the State of Florida will be the governing law for substantive and procedural matters where the rules of arbitration are silent. At either party's request video or audio conference shall be deemed sufficient participation for any or all hearings. The language of the arbitration shall be English. Consistent with the expedited nature of arbitration, pre-hearing information exchange shall be limited to the reasonable production of relevant non-privileged documents explicitly referred to by a party for the purpose of supporting relevant facts presented in its' case, carried out expeditiously. Regardless of the amount in dispute, evidence will be taken by the submission of documents only. The arbitration award will be enforceable in any state or federal court. In any arbitration or court proceeding, the prevailing party shall be entitled to recover reasonable attorneys' fees and costs. In addition, Client shall be responsible for payment of attorney fees and expenses associated with the Expert's efforts to collect monies owed under the terms of this Contract.

14. **Miscellaneous.** Each party agrees that it may not assign its interest, rights or duties under this Contract to any other person or entity without the other party's prior approval. The performance of this contract by either party is subject to acts of God, death, disability, government authority, disaster or other emergencies, any of which make it illegal or impossible to carry out the agreement. It is provided that this contract may be terminated for any one or more of such reasons by written notice from one party to the other without liability. If either party agrees to waive its right to enforce any term of this contract, it does not waive its right to enforce any other terms of this contract. This written contract represents the entire understanding between the Expert and Client. The individuals signing this contract on behalf of Client represents and warrants that he/she is duly authorized to bind Client.

aantonop Consulting LLC, "Expert"

_____
Andreas M. Antonopoulos, managing member

Date: 11 / 06 / 2019

Roche Freedman LLP , "Client"

*Kyle W. Roche*
_____

Date: 11 / 06 / 2019

# ▽ HELLOSIGN

## Audit Trail

| | |
|---|---|
| **TITLE** | Expert Witness Retention - Antonopoulos |
| **FILE NAME** | Expert Witness Re...ntract v5 (1).pdf |
| **DOCUMENT ID** | 11b17b690022022edc867b19670c73ae894069e5 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

## Document History

**SENT** — 11 / 06 / 2019, 19:32:44 UTC
Sent for signature to Andreas M Antonopoulos (andreas@antonopoulos.com) and Kyle Roche (kyle@rochefreedman.com) from andreas@antonopoulos.com
IP: 73.144.144.186

**VIEWED** — 11 / 06 / 2019, 19:32:54 UTC
Viewed by Andreas M Antonopoulos (andreas@antonopoulos.com)
IP: 73.144.144.186

**SIGNED** — 11 / 06 / 2019, 19:33:37 UTC
Signed by Andreas M Antonopoulos (andreas@antonopoulos.com)
IP: 73.144.144.186

**VIEWED** — 11 / 06 / 2019, 19:55:19 UTC
Viewed by Kyle Roche (kyle@rochefreedman.com)
IP: 107.77.224.229

**SIGNED** — 11 / 06 / 2019, 19:58:10 UTC
Signed by Kyle Roche (kyle@rochefreedman.com)
IP: 107.77.224.229

**COMPLETED** — 11 / 06 / 2019, 19:58:10 UTC
The document has been completed.

Powered by ▽ HELLOSIGN