Case 9:18-cv-80176-BB   Document 829-10   Entered on FLSD Docket 12/...

P-048
Case No. 9:18-CV-89176-BB

# DEED OF LOAN

### PARTIES

**Design by Human Ltd (08248988) UK**
(Mortgagee)

AND

**Craig Wright R&D (ABN 97 481 146 384)**
(Mortgagor)

AND

**Denariuz Seychelles Trust**
(Guarantor)

*[Signatures: Craig S Wright, Uyen T. Nguyen]*

Confidential
Not to be disclosed.

THIS DEED dated 23 day of October 2012

BETWEEN:

Uyen Nguyen of Design by Human Ltd (08248988) UK
(Mortgagee)

And

Craig Steven Wright of Craig Wright R&D (ABN 97 481 146 384)
(Mortgagor)

And

Panopticrypt Pty Ltd for Denariuz Seychelles International Trust
(Guarantor)

RECITALS

A. The mortgagee has, at the request of the guarantor, if applicable, agreed to lend money (in the form of Bitcoin) to the mortgagor in accordance with and subject to the terms of this deed.

B. The guarantor, if any, and the mortgagor acknowledge that the money referred to in this deed has been received by the mortgagor.

C. It is noted that the Mortgagee holds a sum of Bitcoin (in wallets noted in appendix A) for a trust that wishes to extend the uptake and value of Bitcoin globally.

OPERATIVE PART

1. Loan

    (a) The mortgagee has at the request of the guarantor, agreed to lend to the mortgagor the principal sum shown in the first schedule on the drawdown date shown in the first schedule.

    (b) The mortgagee may at the request of the mortgagor lend further amounts of money to the mortgagor and all such amounts shall be deemed to be money lent by the mortgagee to the mortgagor pursuant to this clause provided always that the mortgagee shall not be obliged or required to lend such further money to the mortgagor hereunder.

2. Interest

The mortgagor covenants with the mortgagee to pay to the mortgagee interest in respect of the principal sum calculated in accordance with the provisions of the second schedule at the time and in the manner therein set forth and to duly

*Uyen T. Nguyen*

Page 1 of 7

and punctually observe and perform every other obligation contained in the second schedule.

3. **Repayment**
   (a) The mortgagor covenants with the mortgagee to repay the principal sum **or so much thereof as is then unpaid to the mortgagee on the due date** shown in the first schedule.
   (b) **The mortgagor further covenants with the mortgagee that the money** owing will be repaid upon written demand being made by the mortgagee at any time after the happening of any of the following events:
   (i) Default being made by the mortgagor in the due or punctual payment to the mortgagee of any money which comprises part of the money owing;
   (ii) The failure of the mortgagor to rectify a default in the due or punctual **observance or performance of any other obligations on the part of** the mortgagor under this deed within 7 days of being requested to do **so by the mortgagee**;
   (iii) Any collateral security or any mortgage, charge or encumbrance ranking in priority to or pari passu with any collateral security becoming enforceable;
   (iv) If any collateral security is or becomes wholly or partly void, voidable or unenforceable or is claimed to be so by the mortgagor; and
   (v) If any event occurs that renders a collateral security enforceable.

4. **Early repayment**
   The mortgagor shall be entitled to repay the whole of the principal sum or the amount then unpaid at any time with interest to the date of repayment.

5. **Security**
   (a) In consideration of the mortgagee advancing money to the mortgagor under or pursuant to this deed each of the mortgagor and the guarantor, if any, agrees to execute or upon demand from the mortgagee procure the

*Uyen T. Nguyen*

Page 2 of 7

DEF_00051506

        execution in favour of the mortgagee of the securities referred to in the third schedule.

(b) The mortgagor and the guarantor, if any, agree that each of the securities described in the third schedule is a collateral security to the intent that the money owing is secured thereby. Default under any of the collateral securities shall constitute default under this deed.

(c) Collateral security means any mortgage, charge or other encumbrance affecting any real or personal property now in existence or which may in the future be given to the mortgagee by the mortgagor or any other person as security for the payment of the whole or any part of the money owing whether or not any other money is also secured thereby.

6. **Governing laws and jurisdiction**

The laws in force in Seychelles govern this deed.

7. **Guarantors guarantee and indemnity**

(a) The guarantor agrees that the guarantee and indemnity is a continuing guarantee, and extends to the ultimate balance owing under this deed, and that the guarantor remains fully liable under the guarantee and indemnity despite the fact that the mortgagee might have done something which may otherwise have the effect at law or in equity of varying or discharging the guarantor's liability.

(b) The mortgagee need not first exercise its rights against any of the mortgagors or against the mortgagors' security before exercising its rights under this guarantee against the guarantors.

8. **Costs**

The mortgagor shall pay all costs fees and duties in relation to this deed and any collateral security.

THE FIRST SCHEDULE

| | |
|---|---|
| Item 1 | Principal sum 650,000 BTC |
| Item 2 | Due date 30 June 2020 |
| Item 3 | Drawdown date 01st July 2013 |

DEF_00051507

## THE SECOND SCHEDULE

**Interest only loan**

The mortgagor will pay to the mortgagee the principal sum, or so much thereof as **shall remain unpaid on 30 June 2020 and in meantime may pay multiples of BTC 50,000** in reduction of the principal sum on any due day for payment and interest **shall reduce accordingly from the date of such partial reduction in the principal sum.**

In the meantime the mortgagor will pay interest only to the mortgagee on any amount payable under this deed at the rate of 0.05% per annum calculated on monthly rests and payable on the first day of each and every month commencing on the 30th day of July 2016 and compounding monthly from the date upon which the amount becomes **due until payment. Such interest may be capitalised by the mortgagee as it deems** appropriate and the mortgagor shall pay interest on the capitalised interest at the **same rate and calculated in the same manner. Provided always, and it is hereby** agreed and declared, that if the mortgagor shall on every day on which interest is **hereinbefore made payable under this security, or within 14 days after each such** days respectively, pay to the mortgagee interest on the principal sum or on so much thereof as shall for the time being remain unpaid at the rate of 0.05% per annum, and shall also duly observe and perform each and every covenant on the mortgagor's part herein contained or implied then the mortgagee shall accept interest on the said principal sum or on so much thereof as shall for the time being remain unpaid at the rate of 0.05% per annum in lieu of 0.05% per annum for every month **for which such interest shall be paid to the mortgagee within such 14 days aforesaid.**

The mortgagor agrees, as an independent obligation which will not merge in any **judgment or order, to pay interest on any judgement or order for the payment of all or** any part of the money secured at the higher of the rate payable under the judgment or order or interest calculated at the rate and in the manner set out in the preceding sub-clause.

OR

**Reducible mortgage principal and interest repayments**

*Uyen T. Nguyen*

Page 4 of 7

DEF_00051508

The mortgagor will pay to the mortgagee the principal sum, or so much thereof as shall remain unpaid on 30 June 2018.

In the meantime the mortgagor will pay the principal and interest on the principal sum or on so much thereof as for the time being shall remain unpaid, and upon any judgment or order in which this or the preceding covenant may become merged at the rate of 0.05% per annum as follows, namely, by equal monthly payments on the first day of each and every month in each and every year until the principal sum and interest shall be fully paid and satisfied, the first of such payments computed from 01st July 2017 to be made on 01st July 2018 next. Provided always, and it is hereby agreed and declared, that if the mortgagor shall on every day on which principal and interest is hereinbefore made payable under this security, or within 14 days after each such days respectively, pay to the mortgagee interest on the principal sum or on so much thereof as shall for the time being remain unpaid at the rate of 0.05% per annum, and shall also duly observe and perform each and every covenant on the mortgagor's part herein contained or implied then the mortgagee shall accept interest on the said principal sum or on so much thereof as shall for the time being remain unpaid at the rate of 0.05% per annum in lieu of 0.05% per annum for every month for which such interest shall be paid to the mortgagee within such 14 days aforesaid.

The mortgagor agrees, as an independent obligation which will not merge in any judgment or order, to pay interest on any judgment or order for the payment of all or any part of the money secured at the higher of the rate payable under the judgment or order or interest calculated at the rate and in the manner set out in the preceding sub-clause.

## THE THIRD SCHEDULE

(COLLATERAL SECURITY) First/Second mortgage over PERMANENT SUCCESS LIMITED UK being the whole of the shares comprised in UK company reference 08260048 and all related trusts.

DEF_00051509

**EXECUTED AS A DEED**

             Design by Human Ltd (08248988) UK
                     (Mortgagee)

By: Uyen Nguyen
016 Lô L, cư xá Thanh Đa, phường 27, quận Bình Thạnh, Thành phố Hồ Chí Minh

             Craig Wright R&D (ABN 97 481 146 384)
                     (Mortgagor)

By: Craig Wright
7 Eastgate Ave Gordon NSW 2072

              Denariuz Seychelles Trust
                  (Guarantor)

**Appendix 1:**
Bitcoin block addresses transferred:

| Address | Amount |
|---|---|
| 12tLs9c9RsALt4ockxa1hB4lTCTSmxj2me | 10,000.00 |
| 1933phfhK3ZgFQNLGSDXvqCn32k2buXY8a | 111,114.00 |
| 1FeexV6bAHb8ybZjqQMjJrcCrHGW9sb6uF | 79,957.05 |
| 1f1miYFQWTzdLiCBxtHHnNiW7WAWPUccr | 10,009.25 |
| 1MHdm5XZMrioZFoUktEaGhYevmdiXoc4x4 | 12,950.00 |
| 18JPragfuDVHWWG8ABQ15cghJFetnXUjBD | 24,404.50 |
| 1LXc28hWx1t8np5sCAb2EaNFqPwqJCuERD | 34,512.80 |
| 1FpqQnKQCgDkJFMC94JL8FpRyHTZ3uRVZ1 | 10,689.03 |
| 1F34duy2eeMz5mSrvFepVzy7Y1rBsnAyWC | 10,770.52 |
| 1JtpgqCf3SSeCeYWEDJjkfYFH7Ruhy4Vp1 | 10,000.00 |
| 18k9tin39LKegFzHe8rxSgvJXDpuMriGJq | 10,000.00 |
| 1HtTw9zR9wWFfgV8Jy8MqsaeVi7ZXrjdq6 | 1,014.00 |
| 18pn4NQ7NgsJjeuFjazeTdVRnsmfw5ofTz | 750.00 |
| 12fZ2HxkLjG9zn1u44XYsFFYKHM4A2zCea | 23,249.04 |
| 12tkqA9xSoowkzoERHMWNKsTey55YEBqkv | 28,150.04 |
| 16Ls6azc76ixc9Ny7AB5ZPPq6oiEL9XwXy | 40,000.04 |
| 12HddUDLhRP2F8JjpKYeKaDxxt5wUvx5nq | 40,000.04 |
| 1P3S1grZYmcqYDuaEDVDYobJ5Fx85E9fE9 | 50,000.04 |
| 1MyGwFAJjVtB5rGJa32M6Yh46cGirUta1K | 30,000.04 |
| 145YHsQU7HMzkRnD5SBSuFAzQgCYnAnLkN | 10,000.00 |
| 16TPVCpvtJ6FkV5xNKBp35aMo4BWFGxiEY | 10,000.00 |
| 1KbrSKrT3GeEruTuuYYUSQ35JwKbrAWJYm | 10,000.00 |
| 1FLFnbN7m5psLfvLEwYfRUUjJ34YkmV3dM | 3,700.00 |
| 1A6SDef1TJAM8Saw2SqmqFGhkWR1y3qMx2 | 4.65 |
| 16cou7Ht6WjTzuFyDBnht9hmv Xytg6XdVT | 53,000.00 |
| 12ib7dApVFvg82TXKycWBNpN8kFyiAN1dr | 31,000.04 |





DEF_00051511



**Consent to act**

I Uyen Nguyen of:

016 Lô L, cư xá Thanh Đa, phường 27, quận Bình Thạnh, Thành phố Hồ Chí Minh,

Consent to act as director of the following companies from the later date of 30 June 2013:

- Design by Human Ltd (08248988) UK (Dept 2, 43 Owston Road Carcroft, Doncaster, DN6 8DA)
- PERMANENT SUCCESS LIMITED (08260048) UK (Dept 2, 43 Owston Road Carcroft, Doncaster, DN6 8DA)

I also accept the position of COO (Chief Operations Officer) of the following companies from 18 Oct 2012.

- Design by Human Ltd (08248988) UK (Dept 2, 43 Owston Road Carcroft, Doncaster, DN6 8DA)
- PERMANENT SUCCESS LIMITED (08260048) UK (Dept 2, 43 Owston Road Carcroft, Doncaster, DN6 8DA)

Signed: _____

Uyen T. Nguyen