**From**:      Customer Services [csra@abacus-offshore.com]
**Sent**:      10/24/2014 12:52:38 AM
**To**:      Craig S Wright [craig.wright@hotwirepe.com]
**CC**:      'Reena' [reena@abacus-offshore.com]
**Subject**:      RE: Tulip Trading Limited
**Attachments**:      COI.PDF; MOA & AOA.PDF; AOD.PDF; Consent to act as Director.pdf; Application for Shares.pdf; Minutes of First Meeting.pdf; Registers.pdf; Share Certificate No.1.pdf; Declaration of Trust .pdf; Annual Returns.pdf; Client Declaration.pdf; Letter of Non-Activity.pdf

<table>
<tr><td>

**P-869**

Case No. 9:18-CV-89176-BB
</td></tr>
</table>

Dear Craig,

Please find attached scanned copies of the following corporate documents for Tulip Trading Limited.

1. Certificate of Incorporation
2. Memorandum and Articles of Association
3. Appointment of First Director
4. Consent to act as Director
5. Application for Shares
6. Minutes of the First Meeting
7. Register of Directors
8. Register of Members
9. Share Certificate
10. Declaration of Trust
11. Annual Returns
12. Client Declaration
13. Letter of Non-Activity

Kindly provide us with the scanned signed copies of the following documents once they are available.

1. Consent to act as Director
2. Minutes of the First Meeting
3. Share Certificate
4. Annual Returns
5. Client Declaration

Best regards,

**Micheline Chang-Lam**
**Administrator**



**Abacus (Seychelles) Limited**
Mont Fleuri, Mahe, Seychelles
T: +248  4 610 780
F: +248  4 610 781
Email: micheline@abacus-offshore.com
Website: www.abacus-offshore.com

CONFIDENTIAL      DEF_00058849

**From:** Denis [mailto:denis@abacus-offshore.com]
**Sent:** Thursday, October 23, 2014 4:02 PM
**To:** 'Craig S Wright'
**Cc:** 'Reena'; 'Micheline'
**Subject:** RE: Signia Enterprises Scans

Thanks

My colleague Micheline will come back to you with the rest of the documentation.

By the way, Happy Birth Day!!!

Regards

Denis

---

**From:** Craig S Wright [mailto:craig.wright@hotwirepe.com]
**Sent:** Thursday, October 23, 2014 2:24 PM
**To:** Denis
**Cc:** 'Reena'; 'Micheline'
**Subject:** Re: Signia Enterprises Scans

Great. Then just do it that way.

Sent from Samsung Mobile

-------- Original message --------
From: Denis
Date:23/10/2014 21:23 (GMT+10:00)
To: Craig S Wright
Cc: 'Reena' ,'Micheline'
Subject: RE: Signia Enterprises Scans

YES

---

**From:** Craig S Wright [mailto:craig.wright@hotwirepe.com]
**Sent:** Thursday, October 23, 2014 2:17 PM
**To:** Denis
**Cc:** 'Reena'; 'Micheline'
**Subject:** Re: Signia Enterprises Scans

OK to just list my name for Wright in?

Sent from Samsung tablet

-------- Original message --------

CONFIDENTIAL                                                                    DEF_00058850

From: Denis
Date:23/10/2014 19:12 (GMT+10:00)
To: Craig S Wright
Cc: 'Reena' ,'Micheline'
Subject: RE: Signia Enterprises Scans

For the shareholder of Wright International Investments Ltd, we need a company which was incorporated before August 4, 2009 to be appointed as director

Please advise

**From:** Craig S Wright [mailto:craig.wright@hotwirepe.com]
**Sent:** Thursday, October 23, 2014 12:41 AM
**To:** Denis
**Cc:** 'Reena'; 'Micheline'
**Subject:** RE: Signia Enterprises Scans

If not "Wright International Investments Ltd" Then use Panopticrypt.

I have attached the company cert.

The constitution will follow

**From:** Denis [mailto:denis@abacus-offshore.com]
**Sent:** Wednesday, 22 October 2014 11:33 PM
**To:** Craig S Wright
**Cc:** 'Reena'; 'Micheline'
**Subject:** RE: Signia Enterprises Scans

Dear Craig

Please note SIGNIA ENTERPRISES CORP. which is the proposed director in the company Tulip Trading Limited was incorporated on 17th October, 2012.

Whereas the company Tulip Trading Limited was incorporated 21st day of July, 2011.

Please let us have another company as the alternative director.

Regards

Denis

**From:** Craig S Wright [mailto:craig.wright@hotwirepe.com]
**Sent:** Monday, October 20, 2014 3:53 AM
**To:** Denis
**Subject:** FW: Signia Enterprises Scans

Company docs.

**From:** Viveca Magnusson
**Sent:** Monday, 20 October 2014 10:41 AM

CONFIDENTIAL

**To:** Craig S Wright
**Subject:** Signia Enterprises Scans

Hi Craig

Attached please find scanned Share certificates and Minutes for Signia Enterprises Corp.

Regards
Viveca

#VPM:HEB26/676:7#

DEF_00058852



**P-869**

Case No. 9:18-CV-89176-BB





Zenabe Daman

*Seychelles International Business Authority*

REGISTRAR OF INTERNATIONAL BUSINESS COMPANIES



# Republic of Seychelles

INTERNATIONAL BUSINESS COMPANIES ACT, 1994

(Act 24 of 1994)

*Certificate of Incorporation*

**Tulip Trading Limited**

THIS IS TO CERTIFY that, having satisfied all the requirements in respect of incorporation under the International Business Companies Act, 1994,

is incorporated in the Republic of Seychelles as an International Business Company,

on this **21**st day of **July 2011**

Given at Victoria, Seychelles.

*Company No:* 093344

DEF_00058853

**P-869**

Case No. 9:18-CV-89176-BB

# REPUBLIC OF SEYCHELLES

## INTERNATIONAL BUSINESS COMPANIES ACT, 1994
### (Act 24 of 1994)

## MEMORANDUM OF ASSOCIATION

### AND

## ARTICLES OF ASSOCIATION

### Of

## Tulip Trading Limited

### IBC NO: 093344

## INCORPORATED ON THE 21ST DAY OF JULY, 2011

SEYCHELLES INTERNATIONAL
BUSINESS AUTHORITY

2 1 JUL 2011

BOX 991, VICTORIA, MAHE
SEYCHELLES

Mont Fleuri
Mahe
Seychelles



DEF_00058854

INTERNATIONAL BUSINESS COMPANIES ACT, 1994

MEMORANDUM OF ASSOCIATION

Of

Tulip Trading Limited

> SEYCHELLES INTERNATIONAL
> BUSINESS AUTHORITY
>
> 2 1 JUL 2011
>
> BOX 991, VICTORIA, MAHE
> SEYCHELLES

1.  **Name**

    The name of the Company is Tulip Trading Limited

2.  **Registered address**

    The registered office of the Company will be situate at the premises of Abacus (Seychelles) Limited, Mont Fleuri, Mahe, Seychelles or at such other place in Seychelles as the directors may from time to time determine.

3.  **Registered agent**

    The registered agent of the Company will be Abacus (Seychelles) Limited, Mont Fleuri, Mahe, Seychelles or such other person or company, being a person or company entitled to act as a registered agent, as the directors may from time to time determine.

4.  **General objects and powers**

    The objects for which the Company is established are:

    (i)    To buy, sell, mortgage, lease, manage, build, develop, possess and generally deal in real properties; to buy, sell, underwrite, invest in, exchange or otherwise acquire, and to hold, manage, develop, deal with and turn to account any bonds, debentures, shares (whether fully paid or not), stocks, options, commodities, futures, forward contracts, notes, or securities of all types, precious metals, gems, works of art, and other articles of value.

    (ii)   To borrow or raise money by the issue of debentures, debenture stock (perpetual or terminable), bonds, mortgages, or any other securities founded or based upon all or any of the assets or property of the Company or without any such security and upon such terms as to priority or otherwise that the Company shall think fit.

    (iii)  To guarantee loans and to lend money with or without guarantee or security to any persons, firms or corporations.

    (iv)   To engage in any other business or businesses whatsoever, or in any acts or activities, which are not prohibited under any law for the time being in force in Seychelles, provided that the Company shall not carry on any banking, insurance, reinsurance or trust business.

    (v)    To do all such other things as are incidental to or the Company may think conducive to, the attainment of all or any of the above objects.

1



DEF_00058855

5.     **Share Capital**

    (i)     The shares in the Company shall be issued in the currency of the United States of America or any other currency that the shareholders may choose.

    (ii)     The authorized capital of the Company is US Dollars 100,000 or its equivalent in any other currency (USD One Hundred Thousand) represented by 100,000 shares of USD 1 each.

    (iii)     The shares shall be divided into such number of classes and series as the directors shall by resolutions to amend this Memorandum of Association from time to time determine and until so divided shall comprise one class and series.

    (iv)     The directors shall by resolution have the power to issue any class or series of shares that the Company is authorized to issue in its capital, original or increased, with or subject to any designation, power, preferences, limitations and restrictions.

    (v)     The Company may issue only registered shares.

6.     The Company shall by resolutions of the directors or resolution of the members have the power to amend or modify any of the conditions contained in this Memorandum of Association.

7.     The liability of members of the Company is limited.

DEF_00058856

The undersigned subscriber, for the purpose of the incorporating an International Business Company under the laws of Seychelles, hereby subscribes its name to this Memorandum of Association.

---

Name, Address and Descriptions of Subscriber

---

Abacus (Seychelles) Limited
Mont Fleuri, Mahe
Seychelles

For, and on behalf of, Abacus (Seychelles) Limited
Registered Agent

Abacus (Seychelles) Limited
Mont Fleuri, Mahe
Seychelles

Dated this 21st day of July, 2011

Witness to the above signature:

Witness:
Jenny Lespoir
Les Mamelles
Mahe
Seychelles

SEYCHELLES INTERNATIONAL
BUSINESS AUTHORITY

2 1 JUL 2011

BOX 991, VICTORIA, MAHE
SEYCHELLES

3



DEF_00058857

INTERNATIONAL BUSINESS COMPANIES ACT, 1994

**ARTICLES OF ASSOCIATION**

Of

**Tulip Trading Limited**

SEYCHELLES INTERNATIONAL
BUSINESS AUTHORITY

2 1 JUL 2011

BOX 991, VICTORIA, MAHE
SEYCHELLES

## PRELIMINARY

1.  References in these Articles to the Ordinances shall mean 'The International Business Company Act, 1994', as amended. The following Articles shall constitute the Articles of the Company. In these Articles, words and expressions defined in the Ordinances shall have the same meaning and, unless otherwise required by the context, the singular shall include the plural and vice versa, the masculine shall include the feminine and neuter, and references to persons shall include corporations and all legal entities capable of having a legal existence.

## SHARE CERTIFICATES

2.  Every person whose name is entered as a member in the share register shall without payment be entitled to a certificate signed by two directors or by two officers or by one director and one officer of the Company or under the common seal of the Company with or without the signature of any director or officer of the Company specifying the share of shares held  and the par value thereof, provided that in respect of a share or shares held jointly by several persons, the Company shall not be bound  to issue more than one certificate, and delivery of a certificate for a share to one of several joint holders shall be sufficient delivery to all.

3.  If a certificate is worn out or lost, it may be renewed on production of the worn out certificate, or on satisfactory proof of its loss, together with such indemnity as the directors may reasonably require. Any member receiving a share certificate shall indemnify and hold the Company and its officers harmless from any losses or liability which it or they may incur by reason of wrongful or fraudulent use or representation made by any person by virtue of the possession of such certificate.

## SHARE CAPITAL AND VARIATION OF RIGHTS

4.  Subject to the provisions of these Articles, the unissued and treasury shares of the Company shall be at the disposal of the directors who may, without limiting or affecting any rights previously conferred on the holders of any existing shares or class or series of shares, offer, allot, grant options over, or otherwise dispose of such unissued and treasury shares to such persons at such times and upon such terms and conditions as the Company may, be resolution of directors, determine.

1



5.  Without prejudice to any special rights previously conferred on the holders of any existing shares or class of shares, any shares that the Company is authorized to issue in its capital may be issued with such preferred, deferred or other special rights or such restrictions, whether in regard to dividend, voting, return of capital or otherwise, as the directors by resolution may from time to time determine.

6.  Subject to the provisions of the Ordinance in this regard, shares may be redeemed without the consent of the member or members concerned on such terms and in such manner as the directors before or at the time of the issue of the shares may determine.

7.  The directors may redeem any such share at a premium subject to the provisions of the Ordinance.

8.  If at any time the share capital is divided into different classes of shares, the rights attached to any class (unless otherwise provided by the terms of issue of the shares of that class) may, whether or not the Company is being wound up, be varied with the consent in writing of the holders of not less than three-fourths of the issued shares of that class and the holders of not less than three-fourths of the issued shares of any other class of shares which may be affected by such variation.

9.  The rights conferred upon the holders of the shares of any class issued with preferred or other rights shall not, unless otherwise expressly provided by the terms of issue of the shares of that class, be deemed to be varied by the creation or issue of further shares ranking pari passu therewith.

10. The Company shall not be bound by or be compelled in any way to recognize (even when having notice thereof) any equitable, contingent, future or partial interest in any share or any interest in any fractional part of a share or (except only as by these Articles or by law otherwise provided) any other rights in respect of any share or fractional share except an absolute right thereto by the registered holder or holders.

## TRANSFER OF SHARES

11. Shares in the Company may be transferred by a written instrument signed by the transferor and containing the name and address of the transferee or in such other manner or from and subject to such evidence as the directors shall consider appropriate.

12. Upon receipt of notification of any change of name and address of any agent or attorney given to the Company for the purpose of service of any notice, information or written statement required to be given to members, the directors shall forthwith amend the register maintained for this purpose.

DEF_00058859

## TRANSMISSION OF SHARES

13. The legal personal representatives, guardians, or trustee, as the case may be, of a deceased, incompetent or bankrupt sole holder of a share shall be the only persons recognized by the Company as having any title to the share. In the case of a share registered in the names of two or more holders, the survivor or survivors, and the legal personal representatives, guardian or trustee as the case may be, of the deceased, incompetent or bankrupt, shall be the only persons recognized by the Company as having any title to the share but they shall not be entitled to exercise any rights as a member of the Company until they have proceeded as set forth in the following two Articles.

14. Any person becoming entitled by operation of law or otherwise to a share or shares in consequence of the death, incompetent or bankruptcy of any member may be registered as a member upon such evidence being produced as may reasonably be required by the directors. An application by any such person to be registered as a member for all purposes shall be deemed to be a transfer of shares of the deceased, incompetent or bankrupt member and the directors shall treat it as such.

15. Any person who has become entitled to a share or shares in consequence of the death, incompetent or bankruptcy of any member may, instead of being registered himself, request in writing that some person to be named by him be registered as a transferee of such share or shares and such request shall likewise be treated as if it were a transfer.

## ACQUISITION OF OWN SHARES

16. Subject to the provisions of the Ordinance in this regard, the directors may, on behalf of the Company, purchase, redeem or otherwise acquire any of the Company's own shares for such consideration as they consider fit and either cancel or hold such shares as treasury shares. Shares may be purchased or otherwise acquired in exchange for newly issued shares in the Company.

## FORFEITURE OF SHARES

17. Subject to the provisions of the Ordinance in this regard, the directors may, on behalf of the Company, at any time forfeit and cancel any shares for which payment has not been made in full pursuant to a promissory note or other written binding obligation for payment of a debt, provided that written notice specifying a date for payment to be made is served on the member who defaults in making payment pursuant to the promissory note or other written binding obligation to pay a debt, naming a further date not earlier that fourteen (14) days from the date of service of the notice, on or before which the payment required by the notice is to be made, and containing a statement that in the event of non-payment at or before the time named in the notice, the shares, or any of them, in respect of which the payment has not been made will be liable to forfeiture, and provided that the requirements of the notice have not been complied with.



3

## ALTERATION IN CAPITAL

18. Subject to the terms of any resolution to amend the Memorandum of Association passed by the members or directors for the purpose of increasing the authorized capital of the Company, such increased capital may be divided into shares or classes of shares of such respective amounts, and with such rights or privileges (if any) as the members or directors think expedient.

19. Any capital raised by the creation of new shares shall be considered as part of the original capital, and shall be subject to the same provisions as if it had been part of the original capital.

20. The members or directors may by resolution to amend the Memorandum of Association:

    (a) consolidate and divide all or any of its share capital into shares of larger amounts than its existing shares;

    (b) cancel any shares which, at the date of passing of the resolution, have not been taken or agreed to be taken by any person and diminish the amount of its authorized share capital by the amount of the shares so cancelled;

    (c) sub-divide its shares or any of them into shares of smaller amounts than is fixed by the Memorandum of Association so that, subject to the provisions of these Articles, the resolution whereby any share is sub-divided may determine that, as between the holders of the different classes of shares (if any) resulting from such sub-division, one or more of the classes of shares may have such preferred or other special rights over, or may have such qualified or deferred rights or be subject to any such restrictions as compared with, the other class or classes as the Company has power to attach to unissued or new shares;

    (d) subject to any determination required by law, reduce its authorized and issued share capital.

21. Where any difficulty arises in regard to any consolidation and division under these Articles, the members or directors may settle the same as they think expedient.

## MEETING OF MEMBERS

22. The directors may convene meetings of the members of the Company at such times and in such manner and places as the directors consider necessary or desirable, and they shall convene such a meeting upon the written request of members holding more than 50 per cent of the votes of the outstanding voting shares in the Company.

23. At least seven days notice shall be given of any meeting of members, with such notice specifying the place, the day and the hour of such meeting and the general nature of the business to be conducted, in the manner hereinafter mentioned, to such persons whose names on the date the notice is given appear as members in the share register of the Company.

DEF_00058861

24. A meeting of members shall be deemed to have been validly held, notwithstanding that it is held in contravention of the requirement to give notice in Article 23, if notice of the meeting is waived by an absolute majority in number of the members having a right to attend and vote at the meeting.

25. The inadvertent failure of the directors to give notice of a meeting to a member or the fact that a member has not received the notice does not invalidate the meeting.

## PROCEEDINGS AT MEETING OF MEMBERS

26. No business shall be transacted at any meeting unless a quorum of members is present at the time when the meeting proceeds to business. A quorum shall consist of the holder or holders present in person or by proxy of not less than one-third of the shares of each class or series of shares entitled to vote as a class or series thereon and the same proportion of the votes of the remaining shares entitled to vote thereon.

27. If within an hour from the time appointed for the meeting a quorum is not present, the meeting shall be dissolved.

28. At every meeting the members present shall choose some one of their number to be the Chairman. If the members are unable to choose a Chairman for any reason, then the person representing the greatest number of voting shares present at the meeting shall preside as Chairman, failing which the oldest individual person shall take the chair.

29. The Chairman may, with the consent of the meeting, adjourn any meeting from time to time, and from place to place, but no business shall be transacted at any adjourned meeting other than the business left unfinished at the meeting from which the adjournment took place.

30. At any meeting a resolution put to the vote of the meeting shall be decided on a show of hands by simple majority unless a poll is (before or on the declaration of the result of the show of hands) demanded:

    (a) by the Chairman; or

    (b) and by member or members present in person or by proxy and representing not less than one-tenth of the total voting rights of all members having the right to vote at the meeting.

31. Unless a poll be so demanded, a declaration by the Chairman that a resolution has, on a show of hands, been carried, and an entry to that effect in the book containing the minutes of the proceedings of the Company, shall be sufficient evidence of the fact, without proof of the number or proportion of the votes recorded in favor of or against such resolution.

32. If a poll is duly demanded, it shall be taken in such a manner as the chairman dictates, and the result of the poll shall be deemed to be the resolution of the meeting at which the poll was demanded. The demand for a poll may be withdrawn.

33. In the case of an equality of votes, whether on a show of hands or on a poll, the Chairman of the meeting at which the show of hands takes place, or at which the poll is demanded, shall be entitled to a second or casting vote.

5



DEF_00058862

## VOTE OF MEMBERS

34. At any meeting of members, whether on a show of hands or on a poll, every holder of a voting share present in person or by proxy shall have one vote for every voting share of which he is the holder.

35. A resolution of which prior written notice has been given to all members for the time being entitled to vote and which has been consented to in writing by a majority of the votes of those members in the form of one or more documents in writing or by telex, telegram, cable, facsimile (Fax) or other written electronic communication shall forthwith become effectual as a resolution of the members.

36. If a committee be appointed for any member who is of unsound mind he may vote by his committee.

37. If two or more persons are jointly entitled to a share or shares.

    (a) each of them may be present in person or by proxy at a meeting of members and may speak as a member;

    (b) if only one of them is present in person or by proxy, he may vote on behalf of all them; and

    (c) if two or more are present in person or by proxy, they must vote as one.

38. Votes may be given either personally or by proxy.

39. The instrument appointing a proxy shall be produced at the place appointed for the meeting before the time for holding the meeting at which the person named in such instrument proposes to vote.

40. The instrument appointing a proxy shall be in such form as the Chairman of the meeting shall accept as properly evidencing the wishes of the member appointing the proxy.

41. The instrument appointing a proxy shall be in writing under the hand of the appointer, unless the appointer is a corporation or other form of legal entity other than one or more individuals holding as joint owners, in which case the instrument appointing a proxy shall be in writing under the hand of an individual duly authorized by such corporation or legal entity to execute the same. The Chairman of any meeting at which a vote is cast by proxy so authorized may call for a notarially certified copy of such authority, which shall be produced within seven days of being so requested or the vote or votes cast by such proxy shall be disregarded.

6

DEF_00058863

## CORPORATION ACTING BY REPRESENTATIVES AT MEETINGS

42. Any corporation or other form of corporate legal entity which is a member of the Company may by resolution of its directors or other governing body authorize such person as it thinks fit to act as its representative at any meeting of the members or any class of members of the Company, and the person so authorized shall be entitled to exercise the same powers on behalf of the corporation which he represents as that corporation could exercise if it were an individual member of the Company.

## DIRECTORS

43. Subject to any subsequent amendment to change the number of directors, the number of directors shall not be less than one.

44. The first director or directors shall be elected by the subscriber(s) to the Memorandum. Thereafter, the directors shall be elected by the members or directors for such term as the members or directors may determine and may be removed by the members or directors.

45. Each director holds office until his successor takes office or until his earlier death, resignation or removal.

46. A vacancy in the board of directors may be filled by a resolution of members or of a majority of the remaining directors.

47. A director shall not require a share qualification, but nevertheless shall be entitled to attend and speak at any meeting of the members and at any separate meeting of the holders of any class of shares in the Company.

48. A director, by writing under his hand deposited at the Registered Office of the Company, may from time to time appoint another director or any other person to be his alternate. Every such alternate shall be entitled to be given notice of meetings of the directors and to attend and vote as a director at any such meeting at which the director appointing him is not personally present and generally at such meeting to have and exercise all the powers, rights, duties and authorities of the director appointing him. Every such alternate shall be deemed to be an officer of the Company and shall not be deemed to be an agent of the director appointing him. If undue delay or difficulty would be occasioned by giving notice to a director of a resolution of which his approval is sought in accordance with Article 73, his alternate (if any) shall be entitled to signify approval of the same on behalf of that director. The remuneration of an alternate shall be payable out of the remuneration payable to the director appointing him, and shall consist of such portion of the last-mentioned remuneration as shall be agreed between such alternate and the director appointing him. A director, by writing under his hand deposited at the Registered Office of the Company, may at any time revoke the appointment of an alternate appointed by him. If a director shall die or cease to hold the office of director, the appointment of his alternate shall thereupon cease and terminate.

7



49. The directors may, by resolution, fix the emoluments of directors in respect of services rendered or to be rendered in any capacity to the Company. The directors may also be paid such traveling, hotel and other expenses properly incurred by them in attending and returning from meetings of directors, or any committee of the directors or meetings of the members, or in connection with the business of the Company as shall be approved by resolution of the directors.

50. Any director who, by request, goes or resides abroad for any purposes of the Company or who performs services which in the opinion of the Board go beyond the ordinary duties of a director, may be paid such extra remuneration (whether by way of salary, commission, participation in profits or otherwise) as shall be approved by resolution of the directors.

51. The Company may pay to a director who at the request of the Company holds any office (including a directorship) in, or renders services to any company in which the Company may be interested, such remuneration (whether by way of salary, commission, participation in profits or otherwise) in respect of such office or services as shall be approved by resolution of the directors.

52. The office of director shall be vacated if the director:

  (a) is removed from office by a resolution of members or by a resolution of directors, or
  (b) becomes bankrupt or makes any arrangement or composition with his creditors generally, or
  (c) becomes of unsound mind, or of such infirm health as to be incapable of managing his affairs, or
  (d) resigns his office by notice in writing to the Company.

53. (a) A director may hold any other office or position of profit under the Company (except that of auditor) in conjunction with his office of director and may act in a professional capacity to the Company on such terms as to remuneration and otherwise as the directors shall arrange.

  (b) A director may be or becomes a director or officer of, or otherwise interested in, any company promoted by the Company, or in which the Company may be interested, as a member or otherwise, and no such director shall be accountable for any remuneration or other benefits received by him as director or officer or from his interest in such company. The directors may also exercise the voting powers conferred by the shares in any other company held or owned by the company in such manner in all respects as they think fit, including the exercise thereof in favor of any resolution appointing them, or any of their number, directors or officers of such other company. A director  may vote in favour of the exercise of such voting rights in manner aforesaid,   notwithstanding that he may be, or be about to become, a director or officer of such other company, and as such, or in any other manner, is, or may be, interested in the exercise of such voting rights in the manner aforesaid.

8

(c) No director shall be disqualified by his office from contracting with the Company, either as vendor, purchaser or otherwise, nor shall any such contract or arrangement entered into by or on behalf of the Company in which any director shall be in any way interested be voided, nor shall any director so contracting or being so interested be liable to account to the Company for any profit realized by any such contract or arrangement, by reason of such director holding that office or of the fiduciary relationship thereby established. The nature of a director's interest must be declared by him at the meeting of the directors at which the question of entering into the contract or arrangement is first taken into consideration, and if the director was not at the date of that meeting interested in the proposed contract or arrangement, or shall become interested in a contract or arrangement after it is made, he shall forthwith after becoming so interested advise the Company in writing of the fact and nature of his interest. A general notice to the directors by a director that he is a member of a specified firm or company, and is to be regarded as interested in any contract or transaction which may, after the date of notice, be made with such firm or company shall (if such director shall give the same at a meeting of the directors, or shall take reasonable steps to secure that the same is brought up and read at the next meeting of directors after it is given) be a sufficient declaration of interest in relation to such contract or transaction with such firm or company. A director may be counted as one of a quorum upon a motion in respect of any contract or arrangement which he shall make with the Company, or in which he is interested as aforesaid, and may vote on such motion.

## OFFICERS

54. The directors of the Company may, by a resolution of directors, appoints officers of the Company at such times as shall be considered necessary or expedient, and such officers may consist of a President, one or more Vice-Presidents, a Secretary and a Treasurer and such other officers as may from time to time be deemed desirable. The officers shall perform such duties as shall be prescribed at the time of their appointment subject to any modification in such duties as may be prescribed by the directors thereafter, but in the absence of any specific allocation of duties it shall be the responsibility of the President to manage the day to day affairs of the Company, the Vice-Presidents to act in order of seniority in the absence of the President but otherwise to perform such duties as may be delegated to them by the President, the Secretary to maintain the registers, minute books and records (other than financial records) of the Company and to ensure compliance with all procedural requirements imposed on the Company by applicable law, and the Treasurer to be responsible for the financial affairs of the Company.

55. Any person may hold more than one office and no officer need be a director or member of the Company. The officers shall remain in office until removed from office by the directors whether or not a successor is appointed.

56. Any officer who is a body corporate may appoint any person its duly authorized representative for the purpose of representing it and of transacting any of the business of the officers.

9



DEF_00058866

## POWERS OF DIRECTORS

57. The business of the Company shall be managed by the directors, who may pay all expenses incurred preliminary to and in connection with the formation and registration of the Company and may exercise all such powers of the Company as are not by the Ordinance or by these Articles required to be exercised by the members, subject to any delegation of such powers as may be prescribed by resolution of the members; but no requirement made by resolution of the members shall prevail if it be inconsistent with these Articles nor shall such requirement invalidate any prior act of the directors which would have been valid if such requirement had not been made.

58. The Board may entrust to and confer upon any director or officer any of the powers exercisable by it, upon such terms and conditions and with such restrictions as it thinks fit, and either collaterally with, or to the exclusion of, its own powers, and may from time to time revoke, withdraw, alter or vary all or any such powers. The directors may delegate any of their powers to committees consisting of such member or members of their body as they think fit; any committee so formed shall in the exercise of the powers so delegated conform to any regulations that may be imposed on it by the directors.

59. The directors may from time to time and at any time by power of attorney appoint any company, firm or person or body of persons, whether nominated directly or indirectly by the directors, to be the director or attorneys of the Company for such purposes and with such powers, authorities and discretions (not exceeding those vested in or exercisable by the directors under these Articles) and for such period and subject to such conditions as they may think fit, and any such powers of attorney may contain such provisions for the protection and convenience of persons dealing with any such attorney as the directors may think fit and may also authorize any such attorney to delegate all or any of the powers, authorities and discretions vested in him.

60. Any director who is a body corporate may appoint any person as its duly authorized representative for the purpose of representing it at Board Meetings and of transacting any of the business of the directors.

61. All cheques, promissory notes, drafts, bills of exchange and other negotiable instruments and all receipts for monies paid to the Company shall be signed, drawn, accepted, endorsed, or otherwise executed, as the case may be, in such manner as the directors shall from time to time by resolution determine.

62. The directors may exercise all the powers of the Company to borrow money and to mortgage or charge its undertakings, property and uncalled capital or any part thereof, to issue debentures, debenture stock and other securities whenever money is borrowed or as security for any debt, liability or obligation of the Company or of any third party.

63. The continuing directors may act notwithstanding any vacancy in their body, save that if the number of directors shall have been fixed at two or more persons and, by reason of vacancies having occurred in the Board there shall be only one continuing director, he shall be authorized to act alone only for the purpose of appointing another director.

DEF_00058867

## PROCEEDING OF DIRECTORS

**64.** The meeting of the Board of Directors and any committee thereof shall be held at such place or places as the directors shall decide.

**65.** The directors may elect a chairman of their meetings and determine the period for which he is to hold office, but if no such chairman is elected, or if at any meeting the chairman is not present at the time appointed for holding the same, the directors present may choose one of their number to be chairman of the meeting.

**66.** The directors may meet together for the dispatch of business, adjourn and otherwise regulate their meetings as they think fit. Questions arising at any meeting shall be decided by a majority of votes; in case of any equality of votes the chairman shall have a second or casting vote. A director may at any time summon a meeting of the directors. If the company shall have only one director the provisions hereinafter contained for meetings of the directors shall not apply but such sole director shall have full power to represent and act for the Company in all matters and in lieu of minutes of a meeting shall record in writing and sign a note or memorandum of all matters requiring a resolution of the directors. Such note or memorandum shall constitute sufficient evidence of such resolution for all purposes.

**67.** A director shall be given not less than three days notice of a meeting of the directors.

**68.** Notwithstanding Article 67 above, a meeting of directors held in contravention of that Article shall be valid if all of the directors entitled to vote at the meeting have waived the notice of meeting.

**69.** The inadvertent failure to give notice of a meeting to a director, or the fact that a director has not received the notice, does not invalidate the meeting.

**70.** A meeting of directors is duly constituted for all purposes if at the commencement of the meeting there are present in person or by alternate not less than one-third of the total number of directors with a minimum of two.

**71.** If within thirty minutes from the time appointed for a meeting the quorum is not present, the meeting shall be dissolved.

**72.** Any one or more members of the Board of Directors or any committee thereof may participate in a meeting of such Board or committee by means of a conference telephone or similar communications equipment allowing all persons participating in the meeting to hear each other at the same time. Participation by such means shall constitute presence in person at a meeting.

**73.** A resolution approved by a majority of the directors for the time being entitled to receive notice of a meeting of the directors, or of a committee of the directors, and taking the form of one or more documents in writing or by telex, telegram, cable, facsimile (FAX) or other written electronic communication shall be as valid and effectual as if it had been passed at a meeting of directors, or of such committee duly convened and held, without the need for any notice.



DEF_00058868

## INDEMNITY

74. Subject to the provisions of the Ordinance and of any other statue for the time being in force, every director or officer of the Company shall be entitled to be indemnified out of the assets of the Company against all losses or liabilities which he may sustain or incur in or about the execution of the duties of his office or otherwise in relation thereto, and no director or officer shall be liable for any loss, damage or misfortune which may happen to, or be incurred by the Company in the execution of the duties of his office, or in relation thereto.

## SEAL

75. The directors shall provide for the safe custody of the common seal of the Company. The common seal when affixed to any instrument, except as provided in Article 2, shall be witnessed by a director or any other person so authorized from time to time by the directors. The directors may provide for a facsimile of the common seal and approve the signature of any director or authorized person which may be reproduced by printing or other means on any instrument and its shall have the same force and validity as if the seal had been affixed to such instrument and the same had been signed as hereinbefore described.

## DIVIDENDS AND RESERVES

76. The directors may by resolution declare a dividend but no dividend shall be declared and paid except out of surplus and unless the directors determine that immediately after the payment of the dividend:

   (a) the company will be able to satisfy its liabilities as they become due in the ordinary course if its business; and

   (b) the realizable value of the assets of the Company will not be less than the sum of its total liabilities, other than deferred taxes, as shown in the books of account, and its capital.

77. Dividends when and if declared may be paid to one class of holder to the exclusion of the holders of other classes, or in unequal amounts to holders of the various classes of shares.

78. Dividends may be declared and paid in money, shares or other property.

79. In computing the surplus for the purpose of resolving to declare and pay a dividend, the directors may include in their computation the net unrealized appreciation of the assets of the Company.

80. The directors may from time to time pay to the members such interim dividends as appear to the directors to be justified by the surplus of the Company.

81. Subject to the rights of holders of shares entitled to special rights as to dividends, all dividends shall be declared and paid according to the par value of the shares in issue, excluding those shares which are held by the Company as treasury shares at the date of declaration of the dividend.

DEF_00058869

82. The directors may, before recommending any dividend, set aside out of the profits of the Company such sums as they think proper as a reserve or reserves which shall, at the discretion of the directors, be applicable for meeting contingencies, or for any other purpose to which the profits of the Company may be properly applied, and pending such application may, at the like discretion, either be employed in the business of the Company or be invested in such investments as the directors may from time to time think fit.

83. If several persons are registered as joints holders of any share, any of them may give an effectual receipt for any dividend or other monies payable on or in respect of the shares.

84. Notice of any dividend that may have been declared shall be given to such members in the manner hereinafter prescribed and all dividends unclaimed for three years after having been declared may be forfeited by the directors for the benefit of the Company.

85. No dividend shall bear interest against the Company.

## BOOKS AND RECORDS

86. The Company shall keep such accounts and records as the directors consider necessary or desirable in order to reflect the financial position of the Company.

87. The Company shall keep minutes of all meetings of directors, members, committees of directors, committees of officers and committees of members, and copies of all resolutions consented to by directors, members, committees of directors, committees of officers and committees of members.

88. The books, records and minutes required by Articles 86 and 87 shall be kept at the registered office of the Company or at such other place as the directors determine, and shall be open to the inspection of the directors at all times.

89. The directors shall from time to time determine whether and to what extent and what times and places and under what conditions or regulations the books, records and minutes of the Company or any of them shall be open to the inspection of members not being directors, and no member (not being a director) shall have any right of inspecting any book, record, minute or document of the Company except as conferred by law or authorized by resolution of the directors.

## AUDIT

90. The directors may by resolution call for the accounts of the Company to be examined by an auditor or auditors to be appointed by them at such remuneration as may from time to time be agreed.

91. The auditor may be a member of the Company but no director or officer shall be eligible to be the auditor of the Company during his continuance in office.



DEF_00058870

92.  Every auditor of the Company shall have a right of access at all time to the books of account and vouchers of the Company, and shall be entitled to require from the officers of the Company such information and explanations as he thinks necessary for the performance of his duties.

93.  The report of the auditor shall be annexed to the accounts upon which he reports, and the auditor shall be entitled to receive notice of, and to attend, any meeting at which the Company's audited profit and loss account and balance sheet is to be presented.

## NOTICES

94.  Any notice, information or written statement required to be given to members shall be served by mail (airmail service if available) addressed to each member at the address shown in the share register.

95.  All notices directed to be given to the members shall, with respect to any share to which persons are jointly entitled, be given to whichever of such persons is named first in the share register, and notice so given shall be sufficient notice to all holders of such share.

96.  Any notice, if served by post, shall be deemed to have been served within ten days of posting, and in proving such service it shall be sufficient to prove that the letter containing the notice was properly addressed and put into the post office.

## PENSION AND SUPERANNUATION FUNDS

97.  The directors may establish and maintain or procure the establishment and  maintenance of any non-contributory or contributory pension or superannuation funds for the benefit of, and give or procure the  giving of donations, gratuities, pensions, allowances or emoluments to, any persons who are or were at any time in the employment or service of the Company or any company which is a subsidiary of the Company or is allied or associated with the Company or with any such subsidiary, or who are or were at any time directors or officers of the Company or of any other company as aforesaid, or who hold or held any salaried employment or office in the Company or such other company, or any person in whose welfare the Company or any such other company as aforesaid is or has been at any time interested, and to the spouses, surviving spouses, families and dependents of any such persons, and may   make payment for or toward the insurance of any such persons as aforesaid, and may do any of the matters aforesaid either alone or in conjunction with any such other company as such employment or office shall  be entitled to participate in, and may retain   for his own benefit any such donation, gratuity, pension, allowance or emolument.

## WINDING UP

98.  If the Company shall be wound up, the liquidator may, in accordance with a resolution of members, divide amongst the members in specie or in kind the whole or any part of the assets of the Company (whether they shall consist of property of the same kind or not) and may for such purpose set such value as he deems fair upon any property to be divided as aforesaid and may determine how such division shall be carried out as between the members or different classes of members. The Liquidator may vest the whole or any part of such assets in trustees upon such trusts for the benefit of the contributories as the Liquidator shall think fit, but so that no member shall be compelled to accept any shares or other securities whereon there is any liability.

14

DEF_00058871

## ARBITRATION

99. Whenever any difference arises between the Company on the one hand and any of the members, their executors, administrators or assigns on the other hand touching the true intent and construction or the incidence or consequences of these presents or of the Ordinance, touching anything done or executed, omitted or suffered in pursuance of the Ordinance, or touching any breach or alleged breach or otherwise relating to the premises or to these presents or to any Ordinance affecting the Company or to any of the affairs of the Company, such difference shall, unless the parties agree to refer the same to a single arbitrator, be referred to two arbitrators, one to be chosen by each of the parties to the difference and the arbitrators shall before entering on the reference appoint an umpire.

100. If either party to the reference makes default in appointing an arbitrator either originally or by way of substitution (in the event that an appointed arbitrator shall die, be incapable of acting or refuse to act) for ten days after the other party has given him notice to appoint the same, such other party may appoint an arbitrator to act in the place of the arbitrator of the defaulting party.

## AMENDMENTS TO ARTICLES

101. The Company may alter or modify the conditions in these Articles as originally drafted or as amended from time to time by resolution of the members or by resolution of the directors.



15

The undersigned subscriber, for the purpose of incorporating an International Business Company under the laws of Seychelles, hereby subscribes its name to these Articles of Association.

## NAME, ADDRESS AND DESCRIPTION OF SUBSCRIBER

Abacus (Seychelles) Limited
Mont Fleuri, Mahe
Seychelles

Abacus (Seychelles) Limited
Mont Fleuri, Mahe
Seychelles

For, and on behalf of, Abacus (Seychelles) Limited
Registered Agent

Dated this 21st day of July, 2011

Witness to the above signature:

Witness:
Jenny Lespoir
Les Mamelles
Mahe
Seychelles

SEYCHELLES INTERNATIONAL
BUSINESS AUTHORITY

2 1 JUL 2011

BOX 991, VICTORIA, MAHE
SEYCHELLES

16



DEF_00058873

**P-869**

Case No. 9:18-CV-89176-BB

## APPOINTMENT OF THE FIRST DIRECTOR
## BY THE SUBSCRIBER

**Tulip Trading Limited**

('the Company')

**IBC No. 093344**

An International Business Company
Incorporated in Seychelles in accordance with the International Business
Companies Act, 1994.

Abacus (Seychelles) Limited, being the subscriber of the Memorandum and Articles of Association of the Company, resolve as hereunder:

**RESOLVE THAT**

**PANOPTICRYPT PTY LTD** with incorporation number 151567118 and registered address at **12/2a Killara Ave, KILLARA NSW 2071, Australia** be and is hereby appointed as the Director of the Company, having consented to act in such capacity; to serve as such until its successor has been appointed or until its resignation or removal, such appointment shall be effective immediately.

Dated this 21st day of July, 2011

Abacus (Seychelles) Limited
Mont Fleuri, Mahe
Seychelles

For and on behalf of
**Abacus (Seychelles) Limited**
By Authorised Signatory

**Witness to Signature**
Name: Yvonne Simeon
Address: North East Point, Mahe, Seychelles

DEF_00058874

**APPLICATION FOR SHARES**

**P-869**
Case No. 9:18-CV-89176-BB

To,

The Board of Directors
Tulip Trading Limited
Mont Fleuri
Mahe
Seychelles

Dear Sir/Madam,

RE: **APPLICATION FOR SHARES**

We hereby apply for and request you to allot 100,000 Ordinary Shares of USD 1 each to us in the capital of Tulip Trading Limited.

We agree to take the said shares subject to the Memorandum and Articles of Association of the Company and we further authorise you to enter our name in the Register of Members of the Company as the holder of said shares.

Dated this 21st day of July, 2011

Savannah Ltd
Represented by John Jeffrey Lablache

**Tulip Trading Limited**
('the Company')

**Company number** 093344

Incorporated in Seychelles

> **P-869**
> Case No. 9:18-CV-89176-BB

Minutes of the First Meeting of the Directors of the Company held on the 21st day of July, 2011

| | | |
|---|---|---|
| Present | : | **PANOPTICRYPT PTY LTD represented by Craig Steven Wright and Ramona Watts** |
| Chairman | : | **Craig Steven Wright** |

1. Incorporation of Company

   The Chairman laid before the meeting for its acknowledgement a copy of the Memorandum and Articles of Association of the Company.

2. Registered Office

   That the Registered Office of the Company be situated at Suite 3, Global Village, Jivan's Complex, Mont Fleuri, Mahe, Seychelles and the registered agent is Abacus (Seychelles) Limited.

3. Registers

   IT WAS RESOLVED THAT the Company adopts and maintains the following registers in the form attached to this Memorandum or in such form as it may be approved.

   1. Register of Directors
   2. Register of Members

4. Accounting Records

   The company shall maintain accounting records that are sufficient to show and correctly explain the company's transactions and enable the preparation of accounts and financial statements.

   The Accounting records shall be maintained at the following address

   502/5, 32 Delhi Rd
   North Ryde
   NSW 2113
   Australia

CONFIDENTIAL

-2-

5.   <u>Share Allotment</u>

IT WAS RESOLVED THAT the following shares be and are issued and allotted as follows:

| Allottee | Number of Shares | Class |
|----------|------------------|-------|
| Savannah Ltd | 100,000 | Ordinary |

FURTHER RESOLVED THAT the relevant share certificate be issued and signed.

6.   Conclusion

There being no further business, the Chairman declared the Meeting closed.


_____
 **Craig Steven Wright**

CONFIDENTIAL

DEF_00058877

Dated   **Thursday, July 21, 2011**

**P-869**

Case No. 9:18-CV-89176-BB

SHARE CERTIFICATE
OF
Tulip Trading Limited

Number of Certificate

Incorporated in Seychelles under the
International Business Companies Act, 1994 (ACT No 24 of 1994)

Number of Shares

TTL1

100,000

THIS IS TO CERTIFY that   Savannah Ltd

of   Mont Fleuri, Mahe, Seychelles                                             is the Registered

Holder of   100,000          Shares of   USD 1.00                          each

numbered   **001-100,000**                          inclusive in the above-named Company,

subject to the Memorandum and Articles of Association of the Company.

GIVEN  this   **21st day of July, 2011**

_____
Director

DEF_00058878

**P-869**

Case No. 9:18-CV-89176-BB

## DECLARATION OF TRUST

TO: Craig Steven Wright holder of passport number N2511450of 43 St Johns Ave, Gordhon NSW 2072, Australia ("the Beneficial Owner").

We, Savannah Ltd of Mont Fleuri, Mahe, Seychelles, HEREBY UNDERTAKE AND AGREE AS FOLLOWS:

1. That we hold 100,000 shares of US$1 in Tulip Trading Limited and are the registered holder of the Shares in our name as nominee and trustee for the Beneficial Owner.

2. That we undertake and agree not to transfer, deal with or dispose of the Shares save as the Beneficial Owner may from time to time direct.

3. That we undertake to hold in safe custody on behalf of the Beneficial Owner the Certificate for the Shares together with a share transfer form thereof executed by us in blank and at any time and as the Beneficial Owner may direct to complete such share transfer form by inserting therein the name or names of any transferee or transferees and the date of the transfer and to complete the same in any other necessary particular and to procure the registration on behalf of the Beneficial Owner of such transfer.

4. That we irrevocably assign to the Beneficial Owner the right to receive any dividends and profits which may be paid to us in respect of the Shares.

5. That we will exercise our voting power as holder of the Shares only in such manner and for such purposes as the Beneficial Owner may from time to time direct or determine and without liability on our part should the Beneficial Owner fails or neglects so to direct or determine.

6. The Beneficial Owner is indemnify us against all actions, claims, costs, demands, loss or damage of any kind whatsoever and wheresoever arising out of or in connection with the holding of the Share excepting only actions, claims, costs, demands, loss or damage arising from any fraud, or breach of trust by us. In particular, but without prejudice to the generality of the foregoing, the Beneficial Owner undertakes to indemnify us against all or any of the aforesaid matters arising directly or indirectly by reason of or following upon the dissolution of the Company in which the Shares are held.

DATED this 21st day of July, 2011

Savannah Ltd



**Tulip Trading Limited**
**("the Company")**

**Company No: 093344**

**DECLARATION**

In accordance with Section 119 of the International Business Companies Act, 1994 (as amended), I hereby declare that:

(a) Accounting records are being kept by the Company in accordance with the International Business Companies Act, 1994 (as amended) and that such records can be made available through the company's registered agent; and

(b) The Share Register of the Company located at its registered office is updated and complete.

(c) The register of directors and officers of the Company is updated and complete.

Signature: _____

Name of Authorised Signatory:  **PANOPTICRYPT PTY LTD**

Date:                                        21st July 2011

CONFIDENTIAL                                                                                    DEF_00058880

## Client Declaration

**P-869**

Case No. 9:18-CV-89176-BB

**Re:** Tulip Trading Limited

**Name of person:** Craig, Steven Wright

**Citizenship:** Australian

**Resident:** 43 St Johns Ave, Gordhon NSW 2072, Australia

I, hereby declare:

1.   That I have requisite knowledge and/or have been advised in relation to my country and international taxation  by duly qualified professionals in foreign related investments and transactions regarding my legal and tax responsibilities, and know my obligations under the applicable for being a director, officer, attorney-in-fact, shareholder and/or beneficiary of the Entity, which I am committed to comply;

2.   That ABACUS (SEYCHELLES) LIMITED or any affiliated company of ABACUS (SEYCHELLES) LIMITED has not been my advisor regarding my condition as director, officer, attorney-in-fact, shareholder and/or beneficiary of the Entity;

3.   I hereby release ABACUS (SEYCHELLES) LIMITED, its directors, officers, employees, nominees, agents, representatives and any affiliated company of ABACUS (SEYCHELLES) LIMITED from all liability, be it judicial or extra-judicial, as a consequence of any actions or omissions related with the incorporation of the Entity, and any services.  Likewise, I will hold harmless and indemnify ABACUS (SEYCHELLES) LIMITED, its directors, officers, employees, nominees, agents, representatives and any affiliated company of ABACUS (SEYCHELLES) LIMITED from any legal fees, expenses, compensations and damages arising from any judicial or extra-judicial claim that may be presented by third parties or competent government authorities against ABACUS (SEYCHELLES) LIMITED, its directors, officers, employees, nominees, agents, representatives and any affiliated company of ABACUS (SEYCHELLES) LIMITED as a consequence of their actions or omissions related with the Entity.

CONFIDENTIAL

4.   That ABACUS (SEYCHELLES) LIMITED is hereby authorized, without incurring in any kind of liability, to ensure compliance with the laws of Seychelles and any other laws it may be subject to.

5.   I hereby declare that whatever is stated herein above are true to the best of my knowledge and belief and shall inform ABACUS (SEYCHELLES) LIMITED in case of any changes.

Dated: 21st July, 2011

Signature:_____

_____
Witness

Name:

Address:

CONFIDENTIAL

DEF_00058882



**Abacus (Seychelles) Limited,**
Suite 3, Global Village, Jivan's Complex,
Mont Fleuri, Mahe, Seychelles
Phone : +248 461 0780, 461 0782
Fax    : +248 461 0781

**P-869**

Case No. 9:18-CV-89176-BB

## LETTER OF NON – ACTIVITY

Date:  21ˢᵗ October, 2014

Address:

43 St Johns Ave
Gordhon NSW 2072
Australia

Dear Sirs,

RE:    **Tulip Trading Limited**

This is to confirm that the above-referenced Company has never traded or entered into any contracts or obligations whatsoever and, consequently, this Company has no assets or liabilities.

Yours faithfully,

Abacus (Seychelles) Limited
Mont Fleuri, Mahe
Seychelles

Subscriber

www.abacus-offshore.com

DEF_00058883