```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE SOUTHERN DISTRICT OF FLORIDA
                          WEST PALM BEACH DIVISION
                        CASE NO. 9:18-cv-80176-BB

   IRA KLEIMAN, as the personal representative
   of the Estate of David Kleiman, and W&K Info
   Defense Research, LLC,

           Plaintiffs,                         December 1, 2021
                                               11:45 a.m.
           vs.

   CRAIG WRIGHT,

           Defendant.                          Pages 1 THROUGH 14
   _____

                       TRANSCRIPT OF TRIAL DAY 18
                    BEFORE THE HONORABLE BETH BLOOM
                      UNITED STATES DISTRICT JUDGE
                            And a Jury of 10

   Appearances:
   FOR THE PLAINTIFF:    ROCHE FREEDMAN, LLP
                         DEVIN FREEDMAN, ESQ.
                         KYLE ROCHE, ESQ.
                         200 South Biscayne, Suite 5500
                         Miami, Florida 33131

                         BOIES SCHILLER & FLEXNER
                         ANDREW BRENNER, ESQ.
                         STEPHEN N. ZACK, ESQ.
                         100 Southeast 2nd Street, Suite 2800
                         Miami, Florida 33131

   FOR THE DEFENDANT:    RIVERO MESTRE, LLP
                         ANDRES RIVERO, ESQ.
                         AMANDA M. MCGOVERN, ESQ.
                         2525 Ponce de Leon Boulevard, Suite 1000
                         Coral Gables, Florida 33134

   COURT REPORTER:       Yvette Hernandez
                         U.S. District Court
                         400 North Miami Avenue, Room 10-2
                         Miami, Florida 33128
                         yvette_hernandez@flsd.uscourts.gov
```

1        (Call to order of the Court, 11:45 a.m.)
2             THE COURT:  All right.  Good morning still to
3    everyone.  It's good to see everyone.
4             Go ahead and have a seat.
5             I did receive a note from the jury that reads as
6    follows: "Unfortunately, we cannot come to a conclusion and we
7    cannot all agree on a verdict or -- on any of the questions,"
8    and that was signed today at 10:47 a.m.
9             I would suggest that the Court read the civil Allen
10   charge and advise the jury of the importance of attempting to
11   reach a decision.  Is there any objection to that?
12            MR. BRENNER:  Can we have one moment, Your Honor?
13       (Pause in proceedings.)
14            MS. McGOVERN:  Your Honor, if you would like to hear
15   the Defense position while Plaintiffs are conferring.
16            THE COURT:  Certainly.
17            MS. McGOVERN:  Do you mind if I stay seated?  Would
18   you like me to stand up?
19            THE COURT:  Whatever is your pleasure, Ms. McGovern.
20            MS. MCGOVERN:  Okay.  I'll stand.
21            Your Honor, the Defense's position is that the jury
22   has been deliberating for some time.  They have stated their
23   inability to come to a unanimous verdict.  An Allen charge,
24   under the circumstances of this case, would be coercive.
25            The Defense position would be that the jury be asked

1    first under United States v. Nelson, 1979, Fifth Circuit,
2    whether, in fact, further deliberations would be meaningful and
3    help arrive at a unanimous verdict.  If the answer is no, we
4    believe that ends the matter and the Defense would request a
5    mistrial.
6         If the answer is yes, then we believe an Allen charge
7    along the lines of the Florida Supreme Court's language is most
8    appropriate in this diversity action.  We understand that
9    there's an issue with respect to procedural versus substantive
10   and that there's a federal pattern instruction on the Allen
11   charge.  We believe, however, that the language in that
12   Eleventh Circuit pattern instruction should be modified
13   because, in fact, under these circumstances where the jury has
14   already declared that it cannot reach a verdict, it would be
15   coercive.
16        There's language in that Eleventh Circuit pattern
17   instruction, Your Honor, which envisions circumstances which
18   certainly are not yet to bear, including another trial, the
19   expense of another trial, and the burden on the parties if
20   there were another trial.
21        For that reason, Your Honor, we believe that the
22   Florida Supreme Court charge, under the circumstances, and only
23   after the jury is asked whether, in fact, further deliberations
24   would be meaningful, is best suited for this case.
25        We further would like to state for the record, that

1  this is a peculiar situation.  This has been a long trial.
2  They have been presented weeks of evidence and testimony.
3  Their deliberations have been profound and meaningful.  They
4  have asked questions of the Court.  And they have already
5  stated, Your Honor -- in fact, one of the questions of the
6  other day, that:  "Many of us are having difficulty."  So this
7  isn't a time we believe in which an Allen charge would be
8  appropriate.
9          THE COURT:  All right.  Thank you, Ms. McGovern.
10         MS. McGOVERN:  Thank you, Your Honor.
11         MR. FREEDMAN:  Your Honor, given the question from the
12 jury yesterday that many of them are -- two days ago -- that
13 they were uncomfortable adjudicating an amount, we'd like to
14 know if the Court would ask the jury if they have been able to
15 reach a decision on liability and not just amount, potentially
16 accepting a partial verdict at some point.
17         I'm not saying we're there yet, but we wanted to get
18 the Court's reaction to inquiring that question of the jury.
19         THE COURT:  Mr. Rivero?
20         MR. RIVERO:  Your Honor, we believe that would be an
21 improper invasion of this jury's province to decide, if the
22 Court started to ask about their deliberations.  I think that's
23 completely improper at this point and we absolutely oppose that
24 request.
25         I think the question on the table is what the Court

1   posed.  We have stated a position about an Allen charge.  But
2   that question, Judge, gets right into the middle of what this
3   jury has been discussing deeply for days with four questions
4   already asked, now a fifth.
5           THE COURT:  All right.  Is there anything further?
6           MR. FREEDMAN:  On the Allen charge, Your Honor, we
7   don't believe it's appropriate at this time to give an Allen
8   charge.  We'd rather the jury just be advised at this point to
9   continue their deliberations.  And if they continue to remain
10  deadlocked, then go to the Allen charge.
11          Now, to the extent the Court gives an Allen charge, we
12  would absolutely encourage the Court to use the Eleventh
13  Circuit's model Allen charge.
14          THE COURT:  What would be the reason why the
15  Plaintiffs would be opposed to the Court giving an Allen charge
16  at this time, given the note that was received by the jury?
17          MR. FREEDMAN:  Because, Your Honor, we've spent 15
18  days in trial.  And once you give an Allen charge, if they come
19  back deadlocked again, then we're done.  And we just believe
20  that they should be encouraged, short of an Allen charge, to
21  continue their deliberations before we bring out the Allen
22  charge.
23          THE COURT:  I think it's important for this Court to
24  give some direction, since the jury has collectively voiced
25  their --

1            MR. FREEDMAN:  Your Honor, if that's the case --
2            THE COURT:  -- their statement that they are not able
3   to come to a conclusion and cannot all agree on a verdict.
4            So I believe at this point to tell them to go back
5   without any understanding of the reason why attempting to reach
6   a verdict is important in this case, I think would not be
7   appropriate.
8            MR. FREEDMAN:  Your Honor, on Page 21 of your
9   instructions, the portion entitled "Duty to Deliberate,"
10  there's not quite an Allen charge, but:  "Your verdict must be
11  unanimous.  You must all agree.  Your deliberations are secret.
12  You'll never have to explain your verdict.  You must discuss
13  the case with one another and try to reach an agreement" --
14  Plaintiffs would ask you reread that portion of the
15  instructions to the jury, as opposed to giving a full Allen
16  charge.
17           Page 20 and 21.  Sorry.
18           THE COURT:  I'm not certain how the Court reminding
19  them of an instruction that has already been read, and they
20  already have, is going to resolve the concern that they have.
21  They have not been able to agree on a verdict.
22           MS. McGOVERN:  Your Honor, to be clear, the position
23  of the Defense at this juncture is that the Court declare a
24  mistrial.  And we respectfully request that it do so.
25           THE COURT:  All right.  Well, I'm certainly not

1   willing to declare a mistrial at this point.  And I don't
2   believe the rereading of an instruction is appropriate.  I
3   believe that the Court needs to remind them of the importance
4   of attempting to try to reach a verdict and the impact it has
5   on the parties should they not reach one.
6         So, at this point, I think it is appropriate.  And I
7   recognize and respect the parties' positions.  The motion for a
8   mistrial is denied and the request to reread Page 21 of the
9   jury instructions is equally denied and the Court will give the
10  civil Allen charge.
11        MS. McGOVERN:  Your Honor, may I please make one
12  further statement just for the record?
13        If the Judge -- if the Court were -- we would request
14  that the Court permit a modified civil charge.  And we can
15  provide the Court within seconds with a proposed redlined
16  version of the Eleventh Circuit pattern instruction to take
17  away language which we believe under these circumstances would
18  be coercive.
19        THE COURT:  Well, what portion do you believe is
20  coercive?
21        MS. McGOVERN:  There are three portions of the
22  Eleventh Circuit pattern instruction, Your Honor, which we
23  would request to be removed.  And if Your Honor could just give
24  me one second to pull up the position, I'd like to just be able
25  to reference it specifically for the Court.

1           THE COURT:  Mr. Freedman, do you have that as well
2    before you?
3           MR. FREEDMAN:  I don't have the proposed
4    modifications, but we're trying to get the Eleventh Circuit
5    pattern instruction.
6           (Pause in proceedings.)
7           MS. MCGOVERN:  Your Honor, with respect to the
8    proposed changes to the Eleventh Circuit pattern jury
9    instruction, the Defense proposes the removal of the sentence
10   that begins: "The trial has been expensive in terms of time,
11   effort, money, and emotional strain to both Plaintiff and the
12   Defendant," removal of the following sentence, the sentence
13   that follows, quote:  "If you fail to agree on a verdict, the
14   case remains open and may have to be tried again.  A second
15   trial would be costly to both sides and there's no reason to
16   believe either side can try it again better or more
17   exhaustively than they have tried it before you."
18          We would propose the removal of those statements --
19   those three sentences, Your Honor.
20          MR. FREEDMAN:  Your Honor, we oppose.
21          THE COURT:  All right.  Is there anything further?
22          MR. FREEDMAN:  Not for Plaintiffs.
23          THE COURT:  On behalf of the Defendant?
24          MS. McGOVERN:  Yes, Your Honor.  One second, please.
25          MR. FREEDMAN:  Your Honor, I guess the only other

```
 1    thing is I'm not sure the Court's actually formally denied the
 2    request to inquire as to whether liability -- a decision on
 3    liability has been reached.
 4              THE COURT:  That request is denied.
 5              MR. FREEDMAN:  Thank you.
 6              THE COURT:  I believe it would invade the province of
 7    the jury.
 8              MS. McGOVERN:  Thank you, Your Honor.
 9              We propose the removal of the three sentences that I
10    stated.
11              THE COURT:  All right.  And that request is equally
12    denied.
13              Let's bring in the jury.
14         (Before the Jury, 11:57 a.m.)
15              THE COURT:  All right.  Welcome back, Ladies and
16    Gentlemen.
17              Please be seated.  It's good to see each of you today.
18              I did receive a note that reads as follows:
19    "Unfortunately, we cannot come to a conclusion and we cannot
20    all agree on a verdict on any of the questions."
21              And the note is signed, dated, and the time of 10:47
22    a.m.
23              Members of the Jury:
24              I am going to ask you to continue your deliberations
25    to reach a verdict.  And I want you to please consider the
```

1    following comments:
2            This is an important case.  The trial has been
3    expensive in terms of time, effort, money, and emotional strain
4    to both the Plaintiffs and the Defendant.  If you fail to agree
5    on a verdict, the case remains open and may have to be tried
6    again.
7            A second trial would be costly to both sides, and
8    there is no reason to believe either side can try it again
9    better or more exhaustively than they have tried it before you.
10           Any future jury would be selected in the same manner
11   and from the same sources as you.  There's no reason to believe
12   that the case could ever be submitted to a jury of people more
13   conscientious, more impartial, or more competent to decide it
14   or that either side could produce more or clearer evidence.
15           It is your duty to consult with one another and to
16   deliberate with a view to reaching an agreement, if you can do
17   it without violating your individual judgment.  You must not
18   give up your honest beliefs about the evidence's weight or
19   effect solely because of other jurors' opinions or just to
20   return a verdict.  You must each decide the case for yourself,
21   but only after you consider the evidence with your fellow
22   jurors.  You should not hesitate to re-examine your own views
23   and change your opinion if you become convinced it is wrong.
24           To bring your minds to a unanimous result, you must
25   openly and frankly examine the questions submitted to you with

1     proper regard for the opinions of others and with a willingness
2     to re-examine your own views.
3             If a substantial majority of you is for a verdict for
4     one party, each of you who holds a different position ought to
5     consider whether your position is reasonable.  It may not be
6     reasonable, since it makes so little impression on the minds of
7     your fellow jurors, who bear the same responsibility, serve
8     under the same oath, and have heard the same evidence.
9             You may conduct your deliberations as you choose.  But
10    I suggest that you now carefully re-examine and reconsider all
11    the evidence in light of the Court's instructions on the law.
12            You may take all the time that you need.  And I remind
13    you that in your deliberations you are to consider the Court's
14    instructions as a whole.  You should not single out any part of
15    any instructions, including this one, and ignore others.
16            You may now return to the jury room and continue your
17    deliberations.
18        (Jury not present, 12:01 p.m.)
19            THE COURT:  All right.  Let me again ask that you stay
20    close at hand in the event that the jury has another note,
21    question, or arrives at a verdict.
22            Is there anything further that we need to address on
23    behalf of the Plaintiffs?
24            MR. FREEDMAN:  No, Your Honor.
25            THE COURT:  On behalf of the Defendant?

1          MR. RIVERO:  Not from the Defendants, Your Honor.
2          THE COURT:  All right, then.
3          Have a nice afternoon.
4          MR. RIVERO:  You too.
5      (Proceedings adjourned at 12:02 p.m.)
6          THE COURT:  All right.  Good to see everyone.  Good
7  afternoon.
8          The jury has requested to come back tomorrow morning
9  and to adjourn for the evening.  Is there anything we need to
10 address before we bring the jurors back in the courtroom?
11         MR. FREEDMAN:  Not for the Plaintiffs, Your Honor.
12         MR. RIVERO:  Not from the Defense, Your Honor.
13         THE COURT:  All right.  Then let's bring our jurors
14 back in.
15         Thank you.
16     (Before the Jury, 5:00 p.m.)
17         THE COURT:  All right.  Welcome, Ladies and Gentlemen.
18 It is good to see each of you.
19         I know you've been working hard today.  And the
20 courtroom deputy -- go ahead and have a seat, everyone.  I
21 apologize.
22         The courtroom deputy has advised me that you would
23 like to come back tomorrow morning and adjourn for the evening,
24 as it is 5:00.  So certainly --
25     (Interruption.)

1           THE COURT:  It might be easier maybe to take that
2   outside.
3           (Pause in proceedings.)
4           THE COURT:  All right.  So Ladies and Gentlemen, we
5   will adjourn for the evening.  Tomorrow morning, the courtroom
6   deputy, as well as the court security officer, will meet you
7   outside in the vestibule at 10:00 a.m.  And please remain there
8   until all of you are present.  And then we'll unlock the jury
9   room and you can continue your deliberations.
10          Please remember that, as we adjourn for the evening,
11  you're not to discuss this case with anyone, nor permit anyone
12  to speak with you.  All of the evidence and the testimony has
13  been received.  You are not to conduct any independent
14  research.
15          It's good to see each of you.  Have a pleasant evening
16  and we'll see you tomorrow.
17          (Jury not present, 5:02 p.m.)
18          THE COURT:  Is there anything further to address on
19  the record?
20          MR. FREEDMAN:  Not from Plaintiffs, Your Honor.
21          MR. RIVERO:  Not from the Defense, Your Honor.
22          THE COURT:  All right.  Have a nice evening and we'll
23  see you tomorrow.
24          MR. RIVERO:  Have a good evening.
25          (Proceedings adjourned at 5:02 p.m.)

```
 1    UNITED STATES OF AMERICA        )
 2    ss:
 3    SOUTHERN DISTRICT OF FLORIDA    )
 4                  C E R T I F I C A T E
 5          I, Yvette Hernandez, Certified Shorthand Reporter in
 6    and for the United States District Court for the Southern
 7    District of Florida, do hereby certify that I was present at
 8    and reported in machine shorthand the proceedings had the 1st
 9    day of December, 2021, in the above-mentioned court; and that
10    the foregoing transcript is a true, correct, and complete
11    transcript of my stenographic notes.
12          I further certify that this transcript contains pages
13    1 - 14.
14          IN WITNESS WHEREOF, I have hereunto set my hand at
15    Miami, Florida this 2nd day of December, 2021.
16
17                         /s/Yvette Hernandez
                           _____
                           Yvette Hernandez, CSR, RPR, CLR, CRR, RMR
18                         400 North Miami Avenue, 10-2
                           Miami, Florida 33128
19                         (305) 523-5698
                           yvette_hernandez@flsd.uscourts.gov
20
21
22
23
24
25
```