UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>Plaintiffs,<br><br>v.<br><br>CRAIG WRIGHT,<br><br>Defendant. | CASE NO.: 9:18-cv-80176-BB/BR |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION FILE SELECT EXHIBITS UNDER SEAL**

Plaintiffs Ira Kleiman, as personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC, file their Response in Opposition to Defendant Craig Wright's Motion to File Select Exhibits Under Seal (ECF No. [823]) and, in support, state as follows:

**I.      INTRODUCTION**

Defendant's motion seeks indiscriminate leave to file fifty (50) exhibits, all of which were admitted and discussed during the public trial in this matter, under seal. The Court's admission of these exhibits into evidence at trial triggered a strong presumption favoring public access under the First Amendment and common law, and Defendant has not satisfied, or much less attempted to satisfy, his burden of establishing good cause to override the presumed right of access to these judicial records. While Defendant generally posits that the exhibits contain "contain personal financial information, private corporate information, [and] non-public commercial financial information," (Mot. at 1), he fails to identify what specific harm, if any, would result from the exhibits being filed on the docket given that the exhibits were previously admitted and freely discussed in open court during the highly-publicized trial in this matter. Because no cause exists

to justify sealing any of these previously publicly disseminated trial records, Defendant's motion should be denied.

II. **ARGUMENT**

A. **Standard of Law**

The public has a "common-law right of access to judicial proceedings," which "includes the right to inspect and copy public records and documents." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007). Indeed, "the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Id.* (quoting *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304, 1311 (11th Cir. 2001)). The public's right to access judicial records "creates a rebuttable presumption in favor of openness of court records." *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019) (citation omitted).

This presumption in favor of openness can only be "overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero,* 480 F.3d at 1246 (internal quotations omitted). Under this balancing test, courts may consider "whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, whether access is likely to promote public understanding of historically significant events, and whether the press has already been permitted substantial access to the contents of the records." *United States v. Rosenthal*, 763 F.2d 1291, 1294 (11th Cir. 1985) (citation omitted).

B. **Defendant has failed to make a specific and particularized showing as to why these trial exhibits should be sealed.**

In order to demonstrate good cause to seal trial records, Defendant "must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently

2

serious to warrant protection." *Johnson v. New Destiny Christian Ctr. Church, Inc.*, 2021 WL 117527, at *2 (M.D. Fla. Jan. 4, 2021); also S.D. Fla. L.R. 5.4(b)(1) (stating that a motion to seal must set "forth the factual and legal basis for departing from the policy that Court filings are public and that describes the information or documents to be sealed . . . with as much particularity as possible."). Courts in the Eleventh Circuit have repeatedly held that broad, conclusory assertions of confidentiality—such as those asserted by Defendant here—without a description of the particularized harm that would result from disclosure, are insufficient to overcome the public right of access. *See Romero*, 480 F.3d at 1247 (recognizing "stereotyped and conclusory statements" do not establish good cause to seal a judicial record); *Theriot v. Nw. Mut. Life Ins. Co.*, 382 F. Supp. 3d 1255, 1259 (M.D. Ala. 2019) ("a movant must make a particularized showing of 'good cause' and a specific demonstration of fact by affidavit or testimony of a witness with personal knowledge, of the specific harm that would result from disclosure or loss of confidentiality; generalities, conclusory statements, and unsupported contentions do not suffice.").

Defendant has failed to satisfy his burden of showing good cause sufficient to overcome the presumption in favor of public access to trial exhibits. Notwithstanding Defendant's designation of certain documents as "Confidential"[1] during discovery, the Stipulated Confidentiality Order was expressly limited to pre-trial matters and does not govern the use of evidence in connection with publicly accessible trial proceedings. *See* ECF No. [105-1] at ¶ 20 ("This Confidentiality Order does not govern use of discovery material at trial, where, subject to this Court's future rulings, any materials can be used publicly."); *Joao Bock Transaction Sys., LLC v. Fidelity Nat. Info. Servs., Inc.*, 2014 WL 279656, at *1 (M.D. Fla. Jan. 24, 2014) ("a party's

---

[1] Defendant also moved to seal Exhibit P685 which does not bear a "Confidential" designation as required under the Stipulated Confidentiality Order.

calling a document confidential pursuant to a protective order does not make it so when it comes to filing the document with the court.") (quotations omitted).

Instead of providing specific reasons to justify sealing each of the respective exhibits, Defendant merely makes conclusory assertions that three (3) broad categories of trial exhibits should be sealed: (a) "Documents relating to nonparty's acquisition and development of intellectual property;"[2] (b) "Documents identifying private and financial information;" and (c) "Documents containing private ATO rulings and communications with the ATO." *See* Mot. at 1-2. Defendant's categorical approach and vague assertions of privacy and confidentiality, without reference to any particularized harm, when many records are about companies that have since been liquidated, does not provide the Court with a sufficient factual basis to justify sealing any of the admitted trial exhibits. *PayCargo, LLC v. CargoSprint LLC*, 1:19-CV-22995, 2021 WL 2072446, at *3 (S.D. Fla. May 24, 2021) (rejecting categorical assertions of "commercially sensitive information" and the "Defendant's conclusory assertion that the information [was] sensitive" as a sufficient basis for sealing); *Aldora Aluminum & Glass Prod., Inc. v. Poma Glass & Specialty Windows, Inc.*, 2016 WL 7666128, at *2 (M.D. Fla. June 13, 2016) ("Defendant's blanket assertion that the filings contain confidential business and/or financial information does not show good cause for sealing the filings.").

While some courts have recognized "a general privacy interest in financial documents, that interest does not singlehandedly overcome the public's right to access without a showing harm will result from the financial documents' disclosure." *Johnson,* 2021 WL 117527, at *2 (citing *In re: Photochromic Lens Antitrust Litig.*, 2011 WL 13141945, at *1 (M.D. Fla. June 9, 2011)

---

[2] Notably, Defendant has not demonstrated he has standing to raise confidentiality concerns on behalf of any "nonparty."

("Conclusory assertions of possible harm do not show good cause . . . . The party opposing disclosure must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection.")).[3] This showing would be difficult since many of the companies at issue (e.g., nearly all of those discussed in the ATO documents) have been liquidated, are not operating, and are not even objecting to the public filing of these documents. At bottom, Defendant has not demonstrated any concrete harm that would befall him should the documents not be sealed and his failure to even attempt to make this requisite showing warrants denial of his motion in full.

> **C. The public has a heightened interest in this case and exhibits Defendant seeks to have sealed have already been subject to extensive public disclosure during trial.**

There is no question that the trial in this matter garnered significant public interest and media attention due to the Defendant's international notoriety and the subject matter of the claims at issue. The Court was likely able to observe from the bench that the press and public at large filled the courtroom for the duration of the trial, even resulting in standing-room only closing arguments. Media personnel provided the public with daily, nearly live updates of the evidence admitted during trial, and nightly recaps summarizing the evidence that had been presented during each trial day. Defendant's status as a public figure, the heightened media and public interest in

---

[3] Courts have elected to permit the redaction of account numbers and other personal identifying information in lieu of the wholesale sealing of documents. *Regions Bank v. Kaplan*, 2018 WL 7982922, at *1 (M.D. Fla. Mar. 21, 2018) (permitting redaction of account numbers but otherwise rejecting request to seal "bank statements," "checkbook ledgers," "IRA restructuring statements," "corporate balance sheets," "operating agreements," and "tax returns" on the grounds that "the public interest in maintaining a public docket far outweigh[ed] any privacy concerns."). Several documents were admitted and filed on the docket, by agreement, in redacted form to protect this type of information. *See, e.g.* ECF Nos. [828-3] (D008), [828-6] (D015), [828-7] (D018), [828-8] (D019), [828-12] (D041), [828-17] (D057), [828-98] (D480), [828-99] (D481), [829-5] (P036), [829-60] (P213), and [829-112] (P523).

this case, and the fact that all of the exhibits Defendant seeks to have seal were admitted and discussed in open court, overwhelming weigh in favor of permitting the public's right of access to these trial records.

"[I]n cases involving public concerns . . . documents—even sensitive ones—may speak to the heart of the interest protected by the right of access, making public disclosure paramount." *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1257 (S.D. Fla. 2019), *reconsideration denied,* 2019 WL 1198702 (S.D. Fla. Mar. 6, 2019) (citation omitted);[4] *Baldwin v. United States*, 732 F. Supp. 2d 1142, 1145 (D. N. Mar. I. 2010) (denying motion to seal tax returns and because the "public has an interest . . . in understanding the judicial process especially with respect to an alleged public figure."). Defendant's status as a public figure in litigation involving cryptocurrency technology makes public access to the trial records in this case especially important.

The trial in this matter was open to the press and public, and the exhibits at issue were discussed freely in open court and subject to press coverage. To that end, court's regularly protect the public's "right to examine exhibits admitted into evidence at trial." *United States v. Hernandez*, 124 F. Supp. 2d 698, 702-704 (S.D. Fla. 2000) (finding no basis to seal evidence admitted during trial on the grounds "that since the commencement of trial, the press and public have been permitted 'substantial access' to the evidence published to the jury."). Indeed, Defendant did not request to close the courtroom or seal any portion of the trial where these exhibits were discussed. Given that the exhibits have already been widely disseminated to the public and press, there is no

---

[4] *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, 2010 WL 6790538, at *1 (M.D. Fla. Oct. 28, 2010) (stating that "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.") (citation omitted).

rational or practical justification for them to now be sealed. *See Gubarev,* 365 F. Supp. 3d at 1257 (recognizing that "if information is or already has been out in the public domain, sealing is unwarranted."); *United States v. Posner,* 594 F. Supp. 930, 935 n.3 (S.D. Fla. 1984) (denying motion to seal tax returns admitted at trial on the grounds that that "any entitlement of privacy [the defendant] may have had was relinquished when the returns were actually placed in evidence."). Moreover, the contents of many of these admitted trial exhibits that Defendant seeks to seal (*see e.g.*, P074, P097, P172, P173, P229, P320, P457, P464, P469, P554, and P607) have already been discussed extensively in publicly available briefing on the docket. *See* ECF No. [786], *en passim*; *Perez-Guerrero v. U.S. Atty. Gen.,* 717 F.3d 1224, 1236 (11th Cir. 2013) (rejecting request to seal information that had already "been widely reported in the media" and "discussed at an oral argument open to the public.").

### III.  CONCLUSION

Defendant has failed to overcome the presumption in favor of public access to exhibits admitted at trial. Given that the exhibits have already been disseminated in open court during the highly-publicized trial in this matter, Defendant's failure to even attempt to identify any potential harm that would result from the exhibits being filed on the docket warrants denial of his motion.

Dated: December 27, 2021                                         Respectfully submitted,

*s/ Andrew S. Brenner*
Andrew S. Brenner, Esq.
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

Velvel (Devin) Freedman, Esq.
**ROCHE FREEDMAN LLP**
200 S. Biscayne Blvd.
Suite 5500

Miami, Florida 33131
vel@rochefreedman.com

Kyle W. Roche, Esq.
Joseph M. Delich
**ROCHE FREEDMAN LLP**
99 Park Avenue, 19th Floor
New York, New York 10016
kyle@rochefreedman.com
jdelich@rochefreedman.com

*Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 27, 2021, a true and correct copy of the foregoing was filed with CM/ECF, which caused a copy to be served on all counsel of record.

/s/ Andrew S. Brenner
Andrew S. Brenner