UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

    plaintiffs,

v.

                                                                  Case No. 9:18-cv-80176 (BB/BR)

CRAIG WRIGHT,

    defendant.
_____/

## REPLY IN SUPPORT OF DR. CRAIG WRIGHT'S
## MOTION TO FILE SELECT EXHIBITS UNDER SEAL

Dr. Wright moved in good faith to protect against unnecessary public disclosure of confidential information in select trial exhibits. That is the purpose for sealing documents—when the confidentiality of the information is particularly sensitive—and thus it is precisely the relief sought. In his motion, Dr. Wright described the contents of the documents to be sealed with the necessary degree of detail and, in fact, identified the precise trial exhibits that fall within each category for the Court's proper consideration. The very public nature of the trial against Dr. Wright does not eviscerate the protection against public disclosure on the docket of confidential information, just as the public nature of the trial did not render moot the request by plaintiffs (without objection by defendant) to seal select trial exhibits.

The Local Rules provide that the parties must file the exhibits used at trial and determine which should be filed under seal. *See* Local Rule 5.3(b)(2). Accordingly, Dr. Wright complied and identified by exhibit number a narrow subset of the exhibits admitted at trial that should be filed under seal. Specifically, Dr. Wright identified the following exhibits: P191, P209, P214,

1

P215, P219, P219 (Excel), P229, P230, P296, P308, P310, P315, P337, P350, P457, P469, P685, P871, J101, P169, P214, P464, P074, P097, P135, P554, P565, P613, P078, P094, P096, P097, P101, P127, P137, P140, P143, P172, P173, P175, P223, P320, P565, P598, P604, P607, P633, P637, P742, and P795.

Upon review of Dr. Wright's proposed exhibits the need for confidentiality and sealing will be clear to the Court. The information contained within these documents is the quintessential private and financial information intended to be protected by filing under seal. "The Eleventh Circuit has recognized that '[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information.'" *A.L. v. Walt Disney Parks & Resorts US, Inc.*, 2020 WL 1138254, at *1 (M.D. Fla. Mar. 9, 2020) (holding that certain trial exhibits should remain under seal where they contain confidential, proprietary, or personally identifiable information) *quoting Romero v. Drummond Co.*, 480 F.3d 1234, 1245-1246 (11th Cir. 2007).

Dr. Wright seeks to file under seal three categories of documents. First, documents relating to a nonparty's acquisition and development of intellectual property. This category includes documents such as P457, which is a draft valuation analysis of intellectual property rights held by a nonparty. This private corporate information and non-public commercial financial information that should be afforded privacy and protection. *A.L.*, 2020 WL 1138254 at *1. The second category includes documents identifying private financial information, such as J101, which is Dr. Wright's tax return and contains personally identifiable information and P554, which is a list of bitcoin addresses. This is precisely the type of financial account information that should be kept private (*Kaplan v. Nautilus Ins. Co.*, 2020 WL 9458678, at *3 (S.D. Fla. Mar. 6, 2020) (maintaining private financial information under seal); Fed. R. Civ. P. 5.2(a)), and

which this Court has previously held to be appropriately maintained under seal. [DE 514; 764]. Lastly, the third category is private ATO rulings and communications with the ATO, such as P320, which is a finding and position paper that is over 50 pages, that should be afforded protection as it discloses private information of a non-party. *A.L.*, 2020 WL 1138254 at *1. Further, only a fraction of the pages, approximately 5 pages of P320 from the over 50-page document were actually shown to the jury at trial.

The relief sought by Dr. Wright's motion is measured since he seeks to file under seal only (i) a fraction of the voluminous exhibits used at trial under seal, and (ii) those documents containing personal financial information, private corporate information, non-public commercial financial information, and personal information entitled to confidential treatment under law. *A.L.*, 2020 WL 1138254 at *1.

For the good reasons discussed here and in Dr. Wright's original Motion, Dr. Wright respectfully requests that the Court permit him to file the identified exhibits under seal.

Date: January 3, 2022					Respectfully submitted,

							By: s/ Andres Rivero
							ANDRES RIVERO
							Florida Bar No. 613819
							AMANDA MCGOVERN
							Florida Bar No. 964263
							JORGE A. MESTRE
							Florida Bar No. 088145
							SCHNEUR KASS
							Florida Bar No. 100554

							RIVERO MESTRE LLP
							2525 Ponce de Leon Boulevard,
							Suite 1000
							Miami, Florida 33134
							Telephone: (305) 445-2500
							Fax: (305) 445-2505

Email: arivero@riveromestre.com
Email: jmestre@riveromestre.com
Email: amcgovern@riveromestre.com
Email: zkass@riveromestre.com
Email: receptionist@riveromestre.com

**<u>CERTIFICATE OF SERVICE</u>**

I CERTIFY that on January 3, 2022, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

<u>*s/* Andres Rivero</u>