UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>Plaintiffs,<br><br>v.<br><br>CRAIG WRIGHT,<br><br>Defendant. | CASE NO.: 9:18-cv-80176-BB/BR |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO NON-PARTY ANDREW O'HAGAN'S OBJECTION TO MAGISTRATE JUDGE REINHART'S REPORT AND RECOMMENDATION AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs, Ira Kleiman, as personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC, by and through undersigned counsel, hereby file their Response in Opposition to Non-Party Andrew O'Hagan's ("O'Hagan") Objection to the Magistrate Judge Reinhart's Report and Recommendation and Incorporated Memorandum of Law ("R&R") and state the following:

**I.    Background**

On March 17, 2019, Plaintiffs took the deposition of non-party Andrew O'Hagan, a resident of the United Kingdom, during the discovery period of this case. O'Hagan had resisted Plaintiffs' attempt to secure his deposition, choosing instead to force Plaintiffs to attempt to compel his attendance through the English Courts. Ultimately, O'Hagan appeared for a deposition in accordance with an order from the English Commercial Court. ECF No. 768 at 4.

1

Subsequently, O'Hagan sought fees and costs from Plaintiffs through the English Courts. Plaintiffs made a partial payment of £34, 988 prior to the deposition. After the deposition, O'Hagan sought payment of the remainder of the fees he claimed to have incurred related to the deposition. The English Court issued a Final Costs Certificate and thereafter, O'Hagan's counsel domesticated the Judgment in Florida. *See* Dec. 17, 2019 Consent Order, ECF No. 768-01.

Instead of pursuing the avenues provided under Florida law for collection on a judgment, O'Hagan filed a motion in this case as a non-party seeking a separate court order compelling Plaintiffs to pay its fees and costs. That Motion was referred to Judge Reinhart by this Court. On December 9th, Judge Reinhart issued a Report recommending that O'Hagan's Motion be denied. R&R, ECF No. 818 at 3.

**II.     Argument**

The filing of a motion to compel by a non-party is an inappropriate means for judgment-collection under the laws in Florida. Instead of pursuing his judgment through the mechanisms in Chapter 55 of the Florida Statutes, O'Hagan filed a motion in this case, which he is not a party to, when the jury was in the midst of deliberations after a month long trial. In his motion to compel fees, O'Hagan made various arguments related to Federal Rule of Civil Procedure 45, international comity, and this Court's inherent powers. As Plaintiffs stated in their Response to the Motion, and to which Judge Reinhart agreed in his Report and Recommendation, these arguments are misplaced.

*First*, a motion to compel by a non-party in this case is not a proper vehicle for judgment collection in Florida. *See* Fla. Stat. Ch. 55 (Judgments) and 56 (Proceedings Supplementary). O'Hagan cites to Fed. R. Civ. P. 45(d) for the sentiment that it is routine and equitable for courts

to relieve non-parties of the costs of discovery and as such, this Court should order Plaintiffs to pay the fees. This Court, however, does not have authority under Rule 45 to order Plaintiffs to reimburse O'Hagan's expenses. As Judge Reinhart explained, "only the court where compliance is required has the authority to protect a non-party from the expense of complying with a subpoena." R&R, ECF No. 818 at 2. This court does not have jurisdiction over O'Hagan as a UK resident, and the judgment that he secured "[was] all litigated in the UK and are governed by British law." *Id.* at 2-3.

**Second**, international comity principals are unrelated to the instant motion and have no bearing on the procedures required to collect on this judgment. O'Hagan asks the Court to "give meaning" to the Orders of the English courts, but he does not discern the precise relief he seeks. It seems that O'Hagan is essentially asking for an order enforcing a foreign judgment, but he has continued to deny that that is the relief he seeks. *See* R&R, ECF No. 818 at 3 ("'giving meaning'…would seem to be a request that this Court enforce O'Hagan's UK judgment; nevertheless, in his reply papers, O'Hagan denies that he is asking this Court to enforce his foreign judgment…. The Court cannot reconcile these statements."). Again, in his Objection to Judge Reinhart's Report & Recommendation, O'Hagan states that the Court is not being asked to enforce a judgment, but rather to "reiterate, reciprocate, endorse and enforce the order of the English Court." ECF 856 at 14. Whatever this may mean, the comity and relief that O'Hagan seeks can be pursued through the judgment collection procedures in Florida state courts. *See* Fla. Stat. § 55.604.

**Third**, invoking the court's inherent powers is not appropriate in these circumstances. Instead of pursuing his own action for the collection of his judgment under Florida law, O'Hagan improperly inserted himself into a highly publicized case to which he is not a party and asks the

3

Court to use its "inherent powers" to order Plaintiffs to pay his costs and fees. Once O'Hagan properly domesticated the judgment in Florida – which he has done – there is nothing left for this Court to do, and Mr. O'Hagan remains free to follow the procedures specified in Florida law for collecting on judgments. *See* R&R, ECF No. 818 at 3 ("As he states in his reply papers, he 'has domesticated the judgment in Florida and can and will proceed through the Florida courts to collect that judgment, as need be.'").[1]

O'Hagan's motion to compel in this case is improper and his attempt to use this Court to circumvent the rules governing collection on judgments should not be countenanced. As Judge Reinhart made clear, "there is no legal basis for this Court to order Plaintiffs to compensate O'Hagan and he is not left without a remedy." *Id.*[2]

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request the Court follow Judge Reinhart's Recommendation and deny non-party O'Hagan's Motion to Compel Plaintiffs to pay his attorneys' fees and costs (ECF No. 768).

---

[1] It appears that O'Hagan is asking the Court to use its inherent powers to order Plaintiffs to pay the fees and costs related to this Motion as well. *See* ECF No. 856 at Note 7 ("…the Court can and should order Plaintiffs to pay the fees and costs and attendant to this Motion as well"). O'Hagan brought this futile motion on his own accord instead of following proper Florida judgment-collection procedures to collect on his foreign judgement. For this reason, and the reasons stated herein, Plaintiffs should not be required to reimburse the costs of such a choice.

[2] Further, there is nothing to compel. O'Hagan has a judgment against these two Plaintiffs and at this time, it appears that neither of the Plaintiffs have any assets from which the Judgment can be paid.

Respectfully submitted,

Dated: January 3, 2022

*/s/ Andrew S. Brenner*
Andrew S. Brenner, Esq.
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

Velvel (Devin) Freedman, Esq.
Florida Bar No. 99762
**ROCHE FREEDMAN LLP**
200 S. Biscayne Blvd, Suite 5500
Miami, Florida 33131
Telephone: (305) 357-3861
vel@rochefreedman.com
nbermond@rochefreedman.com

Kyle W. Roche, Esq.
Joseph M. Delich, Esq.
*Admitted Pro Hac Vice*
**ROCHE FREEDMAN LLP**
185 Wythe Avenue F2
Brooklyn, NY 11249
kyle@rochefreedman.com
jdelich@rochefreedman.com

*Counsel to Plaintiff Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC*

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 3, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Andrew S. Brenner*
Andrew S. Brenner, Esq.