**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

  Plaintiffs,
v.                **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

  Defendant.
_____/

**W&K INFO DEFENSE RESEARCH, LLC'S MOTION TO ALTER OR**
**AMEND JUDGMENT TO ADD PREJUDGMENT INTEREST**

  Plaintiff W&K Info Defense Research, LLC ("W&K") respectfully files this motion, pursuant to Rule 59 of the Federal Rules of Civil Procedure, to alter or amend the Final Judgment entered by this Court on December 7, 2021 (ECF No. [814]), to add prejudgment interest in accordance with Florida law. The Judgment provides for post-judgment interest but does not mention prejudgment interest. Plaintiffs request an award of prejudgment interest in the amount of $43,132,492.48.

  **I.**  **Florida law mandates prejudgment interest from the date of conversion.**

  The jury awarded W&K $100 million on W&K's claim under Florida law for conversion of W&K's intellectual property. In a diversity case such as this, Florida law governs the issue of prejudgment interest, while federal law governs post-judgment interest. *TYR Tactical, LLC v. Protective Prod. Enters., LLC*, No. 15-CV-61741, 2018 WL 2672391, at *1 (S.D. Fla. June 5, 2018) (Bloom, J.); *see SEB S.A. v. Sunbeam Corp.*, 476 F.3d 1317, 1320 (11th Cir. 2007) ("In a diversity case we follow the state law governing the award of prejudgment interest[.]" (quoting *Royster Co. v. Union Carbide Corp.*, 737 F.2d 941, 948 (11th Cir.1984)) (cleaned up)).

1

Florida law is settled that where, as here, "a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss." *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 215 (Fla. 1985). Florida law "forecloses discretion in the award of prejudgment interest, [and] there is no discretion in the rate of that interest. The legislature has established a statutory interest rate which controls prejudgment interest." *Id*. "Once liability has been determined and the amount of damages set, it is merely a ministerial duty to add the appropriate amount of interest to the principal amount of damages awarded." *Kissimmee Util. Auth. v. Better Plastics, Inc.*, 526 So. 2d 46, 47 (Fla. 1988).

As the jury has found Dr. Wright liable for conversion of W&K's intellectual property and set W&K's damages at $100 million, W&K is entitled to prejudgment interest from the date of its loss. *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 215 (Fla. 1985); *see Sterling Villages of Palm Beach Lakes Condo. Ass'n, Inc. v. Lacroze*, 255 So. 3d 870, 872 (Fla. 4th DCA 2018); *SP Healthcare Holdings, LLC v. Surgery Ctr. Holdings, LLC*, 208 So. 3d 775, 780 (Fla. 2d DCA 2016).

The date of loss is the date of the conversion. *Devengoechea v. Bolivarian Republic of Venezuela*, No. 12-CV-23743-PCH, 2014 WL 12489848, at *3 (S.D. Fla. Apr. 25, 2014) ("the date on which Venezuela committed the tort of conversion [is] the appropriate date for determining the amount of prejudgment interest to be assessed against Venezuela"); *In re James*, 124 B.R. 614, 616–17 (Bankr. M.D. Fla. 1991) ("measure of damages in an action for conversion under Florida law is the fair market value of the property converted, together with interest at the legal rate from the date of the conversion to the date of the judgment"), *aff'd*, 152 B.R. 994 (M.D. Fla. 1992); *Kenet v. Bailey*, 679 So. 2d 348, 351 (Fla. 3d DCA 1996) (awarding interest from "the date of the

conversion of the trust funds"); *Sargent v. Midlantic Nat'l Bank*, 358 So. 2d 855, 856 (Fla. 2d DCA 1978) (remanding case "for the purpose of amending the final judgment to include interest thereon from the date of conversion to the date of the judgment"); *Cap. Lincoln-Mercury, Inc. v. Gen. Motors Acceptance Corp.*, 105 So. 2d 899, 901 (Fla. 1st DCA 1958) (the "uniform rule" allows a plaintiff prejudgment interest "from the date of conversion of his property"); *see also SEB S.A. v. Sunbeam Corp.*, 148 F. App'x 774, 795 (11th Cir. 2005) (in conversion action, prejudgment interest "should have been awarded from the date of the theft" (citing *Vining v. Martyn*, 660 So. 2d 1081, 1082 (Fla. 4th DCA 1995))).

## II. W&K is entitled to prejudgment interest at Florida's statutory rate from November 6, 2013.

The jury found in favor of W&K on its conversion of intellectual property claim. It is on this claim the Court entered a $100 million Final Judgment.

While much of this case was hotly disputed, there was no dispute as to many of the key facts surrounding W&K's conversion claim. No one denied Wright seized control over the intellectual property at issue under the auspices of two Australian Court Judgments. And no one disputed that the latest of those Judgments was entered on November 6, 2013. *See* Pl. Exs. 709 & 710 (Australian judgments). In fact, Wright himself argued that the "very latest date" this conversion "could possibly have accrued[,] was November 6, 2013." ECF No. [487], at 16.

Hence, for the purpose of affixing a date for the commencement of prejudgment interest, there can be no dispute that November 6, 2013 is the appropriate date. See P709 & P710 (Australian judgments). Accordingly, for the purpose of computing prejudgment interest, this Court should set the prejudgment interest period from November 6, 2013 through December 7, 2021 (the date of the Final Judgment). *Argonaut*, 474 So. 2d at 215.

By statute, the Florida legal interest rate is set quarterly by the state's Chief Financial Officer "by averaging the discount rate of the Federal Reserve Bank of New York for the preceding 12 months, then adding 400 basis points to the averaged federal discount rate." Fla. Stat. § 55.03(1); *see* Fla. Stat. § 687.01. In accordance with Fla. Stat. § 55.03(3), the "applicable prejudgment interest is the rate effective at the time of entitlement and is adjusted annually on January 1 of each year." *Endurance Am. Specialty Ins. Co. v. Liberty Mut. Ins. Co.*, No. 8:17-CV-2832-T-33CPT, 2020 WL 9597125, at *12 (M.D. Fla. June 4, 2020), *adopted*, 2020 WL 9597127 (M.D. Fla. Aug. 6, 2020); *see also Lawrence v. ACE Am. Ins. Co.*, No. 8:18-CV-738-T-24 TGW, 2019 WL 8273660, at *3 (M.D. Fla. Oct. 24, 2019).

The rates for current and historical time periods are set forth on tables on the Chief Financial Officer's website at https://www.myfloridacfo.com/Division/AA/LocalGovernments/Current.htm. These tables show that, from November 2013 to December 2021, the statutory prejudgment interest rate on W&K's judgment has varied from a low of 4.75% to a high of 6.83%.

Using the Chief Financial Officer's tables, the total amount of prejudgment interest that should be added to the judgment is $43,132,492.48, calculated as follows:

1. 11/06/2013 - 12/31/2013 $728,767.20 (56 days @ $13,013.70/daily @ 4.75%/year)
2. 01/01/2014 - 12/31/2014 $4,750,000.00 (4.75%/year)
3. 01/01/2015 - 12/31/2015 $4,750,000.00 (4.75%/year)
4. 01/01/2016 - 12/31/2016 $4,750,000.00 (4.75%/year)
5. 01/01/2017 - 12/31/2017 $4,970,000.00 (4.97%/year)
6. 01/01/2018 - 12/31/2018 $5,530,000.00 (5.53%/year)
7. 01/01/2019 - 12/31/2019 $6,330,000.00 (6.33%/year)
8. 01/01/2020 - 12/31/2020 $6,830,000.00 (6.83%/year)
9. 01/01/2021 - 12/07/2021 $4,493,725.28 (341 days @ $13,178.08/daily @ 4.81%/year)

In view of the foregoing, W&K respectfully requests that the Final Judgment entered in this case on December 7, 2021 (ECF No. [814]) be amended to add this prejudgment interest.

## S.D. FLA. L.R. 7.1 CERTIFICATION

In accordance with S.D. Fla. L.R. 7.1(a)(3), counsel for W&K Info Defense Research, LLC conferred with Defendant's counsel who opposes the relief sought herein.

Dated: January 4, 2022

Respectfully submitted,

*/s/ Andrew S. Brenner*
Andrew S. Brenner, Esq.
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

Velvel (Devin) Freedman, Esq.
**ROCHE FREEDMAN LLP**
1 SE 3rd Ave
Suite 1240
Miami, Florida 33131
vel@rochefreedman.com

Kyle W. Roche, Esq.
Joe Delich, Esq.
*Admitted Pro Hac Vice*
**ROCHE FREEDMAN LLP**
99 Park Ave
Suite 1910
NY, NY 10016
kyle@rochefreedman.com
jdelich@rochefreedman.com

*Counsel to Plaintiff W&K Info Defense Research, LLC.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 4, 2022, a true and correct copy of the foregoing was filed with CM/ECF, which caused a copy to be served on all counsel of record.

                                                  */s/ Andrew S. Brenner*
                                                  Andrew S. Brenner, Esq.