```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA
                      WEST PALM BEACH DIVISION
                    CASE NO. 18-80176-CIVIL-BLOOM


IRA KLEIMAN, et al.,                Miami, Florida

          Plaintiffs,               December 6, 2021

     vs.                            11:18 a.m. to 11:56 a.m.

CRAIG WRIGHT,

          Defendant.                Pages 1 to 19
_____

                             JURY TRIAL
                BEFORE THE HONORABLE BETH BLOOM,
                  UNITED STATES DISTRICT JUDGE

APPEARANCES:


FOR THE PLAINTIFFS:     DEVIN FREEDMAN, ESQ.
                        ROCHE FREEDMAN, LLP
                        1 Southeast Third Avenue
                        Suite 1240
                        Miami, Florida 33131


                        KYLE ROCHE, ESQ.
                        ROCHE FREEDMAN, LLP
                        185 Wythe Avenue F2
                        Brooklyn, New York 11249


                        ANDREW S. BRENNER, ESQ.
                        STEPHEN N. ZACK, ESQ.
                        BOIES, SCHILLER & FLEXNER
                        100 Southeast Second Street
                        Suite 2800
                        Miami, Florida 33131
```

```
 1   APPEARANCES, CONT'D:

 2   FOR THE DEFENDANT:         ANDRES RIVERO, ESQ.
                                AMANDA M. McGOVERN, ESQ.
 3                              ZAHARAH R. MARKOE, ESQ.
                                ZALMAN KASS, ESQ.
 4                              RIVERO MESTRE, LLP
                                2525 Ponce de Leon Boulevard
 5                              Suite 1000
                                Coral Gables, Florida 33134
 6

 7   REPORTED BY:               LISA EDWARDS, RDR, CRR
                                Official Court Reporter
 8                              U.S. District Court for the Southern
                                  District of Florida
 9                              400 North Miami Avenue
                                Miami, Florida 33128
10                              (305) 523-5637
                                Lisa_Edwards@flsd.uscourts.gov
```

1 THE COURT: Good morning to everyone. Go ahead and
2 have a seat.
3 At 10:38 this morning, I received a note that states:
4 We have reached a verdict.
5 Before we bring the jury in to publish the verdict, I
6 do have a comment to make; and that is that when the jury began
7 its deliberations 13 days ago, on November 23rd, after a trial
8 as we know that lasted 15 days with many witnesses and over
9 1,000 exhibits, I emphasized when the jury began its
10 deliberations to each of the litigants, Ira Kleiman, W&K Info
11 Defense Research and Dr. Craig Wright, that each received
12 superb representation.
13 So let me emphasize that now, because I recognize that
14 the public's focus is on the jury's verdict and I recognize
15 that each of you are focused on the jury's decision.
16 But we can all agree that this jury has worked hard
17 during their seven days of deliberations. And you have each
18 been extremely patient, attentive and courteous. And while the
19 verdict will have an impact on each of you, some to a greater
20 or lesser degree, here in this courtroom, I want to express my
21 appreciation for the tremendous diligence, skill, advocacy,
22 professionalism and civility that has been displayed by the
23 trial teams.
24 And regardless of the outcome of this case, being true
25 officers of the Court will be your legacy to me. And I thank

```
 1   you for your contributions to your respective clients, to our
 2   rule of law and our civil justice system.
 3          Is there anything we need to address before we bring
 4   the jury in?  On behalf of the Plaintiffs?
 5          MR. FREEDMAN:  Not for Plaintiffs, your Honor.  But
 6   thank you for the kind words on behalf of myself, my client and
 7   the rest of my team.
 8          MR. RIVERO:  Not from the defense.  Thank you, your
 9   Honor.
10          THE COURT:  Then let's bring the jury in.
11          (Whereupon, the jury entered the courtroom at 11:33
12   a.m. and the following proceedings were had:)
13          THE COURT:  Good morning to each of you, ladies and
14   gentlemen.  Please be seated, everyone.
15          I did receive a note from the foreperson of the jury at
16   10:38 this morning that reads as follows:  We have reached a
17   verdict.
18          I'm going to ask the foreperson to provide the court
19   security officer with the verdict form.
20          And if you can provide that to me, sir.
21          THE JURY FOREPERSON:  (Complies.)
22          THE COURT SECURITY OFFICER:  (Tenders document to the
23   Court.)
24          THE COURT:  I find the verdict form is legally
25   sufficient.  There are no errors or omissions.
```

```
 1            And I ask at this time that the courtroom deputy
 2   publish the verdict.
 3            THE COURTROOM DEPUTY:  United States District Court,
 4   Southern District of Florida, Case No. 18-CV-80176, Ira Kleiman
 5   as Personal Representative of the Estate of David Kleiman and
 6   W&K Info Defense Research, LLC, Plaintiffs, versus Craig
 7   Wright, Defendant.
 8            Verdict form:  We, the jury, return the following
 9   verdict in this matter:
10            Breach of partnership asserted by the Estate of David
11   Kleiman:  Question No. 1:  Do you find that Craig Wright is
12   liable to the Estate of David Kleiman for breach of
13   partnership?  Answer yes or no.
14            No.
15            If you answered no to Question 1, please skip to
16   Question 3.
17            Conversion asserted by the Estate of David Kleiman and
18   W&K Info Defense Research, LLC:  Question 3:  Do you find that
19   Craig Wright is liable to the Estate of David Kleiman and/or
20   W&K Info?  Answer yes or no.
21            Yes.
22            If you answered yes to Question 3, please continue to
23   Question 4.
24            Question 4:  If you answered yes to Question 3,
25   identify the Plaintiffs to whom Craig Wright is liable for
```

```
 1   conversion by placing an identifying mark next to one or both
 2   of the following.
 3          Check next to W&K Info Defense Research, LLC.
 4          Please answer Question 5.
 5          Question 5:  For each Plaintiff you checked yes to in
 6   Question 4, what is the amount of compensatory damages you find
 7   was caused by Craig Wright's conversion?
 8          W&K Info Defense Research, LLC:  Zero amount owed from
 9   Bitcoin; 100 million from intellectual property.
10          Please answer Question 6.
11          Civil theft asserted by the Estate of David Kleiman and
12   W&K Info Defense Research, LLC:  Question 6:  Do you find that
13   either the Estate of David Kleiman or W&K Info Defense
14   Research, LLC, has proven its claim for civil theft against
15   Craig Wright by clear and convincing evidence?  Answer yes or
16   no.
17          No.
18          If you answered no to Question 6, please skip to
19   Question 9.
20          Fraud asserted by the Estate of David Kleiman and W&K
21   Info Defense Research, LLC:  Question 9:  Do you find that
22   Craig Wright is liable to the Estate of David Kleiman and/or
23   W&K Info Defense Research, LLC, for fraud?  Answer yes or no.
24          No.
25          If you answered no to Question 9, please skip to
```

```
 1   Question 12.
 2           Constructive fraud asserted by the Estate of David
 3   Kleiman and W&K Info Defense Research, LLC:  Question 12:  Do
 4   you find that Craig Wright is liable to the Estate of David
 5   Kleiman and/or W&K Info Defense Research, LLC, for constructive
 6   fraud?  Answer yes or no.
 7           No.
 8           If you answered no to Question 12, please skip to
 9   Question 15.
10           Breach of fiduciary duty asserted by W&K Info Research,
11   LLC:  Question 15:  Do you find that Craig Wright is liable to
12   W&K Info Defense Research, LLC, for breach of fiduciary duty?
13   Answer yes or no.
14           No.
15           If you answered no to Question 15, please skip to
16   Question 17.
17           Unjust enrichment asserted by the Estate of David
18   Kleiman and W&K Info Defense Research, LLC:  Question 17:  If
19   you found for the Estate of David Kleiman on its claim for
20   breach of partnership in Question 1, you should skip the next
21   three questions with respect to the Estate of David Kleiman.
22   Please answer them with respect to W&K Research, LLC.
23           Do you find that Craig Wright is liable to the Estate
24   of David Kleiman and/or W&K Info Defense Research, LLC, for
25   unjust enrichment?  Answer yes or no.
```

```
 1              No.
 2              If you answered no to Question 17, please skip to
 3   Question 20.
 4              Amount of Bitcoin:  If you found for Plaintiffs' Estate
 5   of David Kleiman and/or W&K Info Defense Research, LLC, on some
 6   or all of the claims above, what amount of Bitcoin do you find
 7   belongs to the Estate of David Kleiman?
 8              Zero number of Bitcoin.
 9              W&K Info Defense Research, LLC?
10              Zero of Bitcoin.
11              Please answer 21.
12              Affirmative defense of statute of limitations asserted
13   by Dr. Craig Wright as to the Estate's claims:  Question 21:
14   Do you find that any of the following claims by the Estate of
15   David Kleiman are barred by the statute of limitations?
16              Breach of partnership:  Not barred.
17              Conversion:  Not barred.
18              Unjust enrichment:  Not barred.
19              Fraud:  Not barred.
20              Constructive fraud:  Not barred.
21              Please answer Question 22.
22              Affirmative defense of statute of limitations asserted
23   by Dr. Craig Wright as to W&K's claims:  Question 22:  Do you
24   find that any of the following claims by W&K Info Defense
25   Research, LLC, are barred by the statute of limitations?
```

```
 1              Conversion:  Not barred.
 2              Unjust enrichment:  Not barred.
 3              Fraud:  Not barred.
 4              Constructive fraud:  Not barred.
 5              Breach of fiduciary duty:  Not barred.
 6              Please answer Question 23.
 7              Affirmative defense of laches asserted by Dr. Craig
 8   Wright as to the Estate's claims:  Question 23:  Do you find
 9   that any of the following claims by the Estate of David Kleiman
10   are barred by laches?
11              Breach of partnership:  Not barred.
12              Conversion:  Not barred.
13              Unjust enrichment:  Not barred.
14              Fraud:  Not barred.
15              Constructive fraud:  Not barred.
16              Civil theft:  Not barred.
17              Please answer Question 24.
18              Affirmative defense of laches answered by Dr. Craig
19   Wright as to W&K's claims -- "asserted"; pardon me -- asserted
20   by Craig Wright as to W&K's claims:  Question 24:  Do you find
21   that any of the following claims by W&K Info Defense Research,
22   LLC, are barred by laches?
23              Conversion:  Not barred.
24              Unjust enrichment:  Not barred.
25              Fraud:  Not barred.
```

1              Constructive fraud:  Not barred.
2              Breach of fiduciary duty:  Not barred.
3              Civil theft:  Not barred.
4              Please answer Question 25.
5              Punitive damages:  If you found in favor of the Estate
6     of David Kleiman and/or W&K Info Defense Research, LLC, on the
7     conversion, fraud or constructive fraud claims, then you must
8     decide whether punitive damages are appropriate and, if so,
9     determine the amount of punitive damages to award to the Estate
10    of David Kleiman and/or W&K Info Defense Research, LLC.
11             Do you find that Craig Wright is liable to the Estate
12    of David Kleiman on claims asserted by the Estate of David
13    Kleiman for punitive damages?  If the answer is yes, set forth
14    the amount.
15             Zero.
16             Do you find that Craig Wright is liable to W&K Info
17    Defense Research, LLC, on claims asserted by W&K Info Defense
18    Research, LLC, for punitive damages?  If the answer is yes, set
19    forth the amount.
20             Zero.
21             So say we all this 6th day of December, 2021.  Signed
22    by the foreperson.
23             THE COURT:  Thank you, Liz.
24             Does either side wish the jury to be polled?
25             MR. FREEDMAN:  Yes, your Honor.

```
 1            THE COURTROOM DEPUTY:  Ladies and gentlemen of the
 2   jury, as I ask you the following question, please answer out
 3   loud yes or no.
 4            Juror No. 1, Mr. Adams, is the verdict as read your
 5   true verdict?
 6            JUROR NO. 1:  Yes.
 7            THE COURTROOM DEPUTY:  Juror No. 2, Ms. Coffie, is the
 8   verdict as read your true verdict?
 9            JUROR NO. 2:  Yes.
10            THE COURTROOM DEPUTY:  Juror No. 3, Ms. Pinillos, is
11   the verdict as read your true verdict?
12            JUROR NO. 3:  Yes.
13            THE COURTROOM DEPUTY:  Juror No. 4, is the verdict as
14   read your true verdict?  Ms. Nixon?
15            JUROR NO. 4:  Yes.
16            THE COURTROOM DEPUTY:  Juror No. 5, Ms. Bustamante, is
17   the verdict as read your true verdict?
18            JUROR NO. 5:  Yes.
19            THE COURTROOM DEPUTY:  Juror No. 6, Mr. Barnett, is the
20   verdict as read your true verdict?
21            JUROR NO. 6:  Yes.
22            THE COURTROOM DEPUTY:  Juror No. 7, Mr. Cabrera, is the
23   verdict as read your true verdict?
24            JUROR NO. 7:  Yes.
25            THE COURTROOM DEPUTY:  Juror No. 8, Ms. Fabelo, is the
```

```
 1   verdict as read your true verdict?
 2           JUROR NO. 8:  Yes.
 3           THE COURTROOM DEPUTY:  Juror No. 8 [sic], Ms. Bruguez,
 4   is the verdict as read your true verdict?
 5           JUROR NO. 9:  Yes.
 6           THE COURTROOM DEPUTY:  Ms. Yera, is the verdict as read
 7   your true verdict?
 8           JUROR NO. 10:  Yes.
 9           THE COURTROOM DEPUTY:  Thank you.
10           The jury has been polled.
11           THE COURT:  Is there anything that needs to be brought
12   to the Court's attention and taken sidebar before the Court
13   thanks the jury and excuses them for their service?
14           MR. FREEDMAN:  Your Honor, can we have a quick sidebar?
15           THE COURT:  Come on forward.
16           (Whereupon, the following proceedings were had at
17   sidebar outside the presence of the jury:)
18           MR. FREEDMAN:  Your Honor, we just want to know the
19   Court's policy on talking to the jury after they're dismissed.
20           THE COURT:  I'm going to advise them they're free to
21   speak to an individual if they want to.
22           MR. FREEDMAN:  Are we permitted to reach out?
23           MR. RIVERO:  We would oppose, your Honor.  This jury
24   has done -- if I may on the record, your Honor, this jury spent
25   13 days and seven days of deliberation, heard all of this
```

1  evidence from the Plaintiff.  They have reached a firm
2  conclusion.  They've been polled.  I understand there was some
3  discussion with them today, but we are completely opposed to a
4  further reaching out.  We don't know what value that could have
5  to the judicial system.  I think the Plaintiffs know enough
6  now.
7         THE COURT:  Mr. Freedman, what would be the reasons?
8  Because my concern, quite frankly, is this jury has spent an
9  inordinate amount of time arriving at a verdict, and the jury
10 may believe that they are required to speak with you.  My
11 concern is that I'm going to tell them they're at liberty to
12 speak with anyone; they're at liberty not to.  But that would
13 be with regard to members of the public, not counsel who tried
14 the case and in the next 30 days will be filing any post-trial
15 motions that they feel are appropriate.
16         I would be very upset if the Court received a
17 post-trial motion based on an interview that you had where
18 nothing was brought to the Court's attention previously.
19         So what would be the true reason why you would want to
20 speak with the jurors?
21         MR. FREEDMAN:  Your Honor, besides the personal and
22 professional reasons of having spent 15 days in trial and
23 wanting to hear from the jury, I would absolutely not -- would
24 have no issue if the Court makes it very clear that counsel may
25 or may not reach out and they have absolute discretion to

1  ignore counsel or talk to counsel.
2          I think a lot of effort has gone into this trial both
3  professionally and personally.  And it would be nice to
4  receive, if someone is willing, feedback on the way the lawyers
5  performed.
6          THE COURT:  So it's feedback, and not with regard to
7  any challenge?
8          MR. FREEDMAN:  That's correct.
9          THE COURT:  So it may be appropriate that after the
10 period for post-trial motions, that perhaps the attorneys would
11 want to speak if you just want general feedback on your
12 efforts.
13         Would that be acceptable?
14         MR. RIVERO:  Your Honor, yes, although I must say
15 that -- I'd be glad to give the Plaintiffs feedback, your
16 Honor.  I'd be very happy to do that.  I think it would be very
17 worthwhile.
18         But, Judge, if there's a -- we oppose it, ever.
19 There's only mischief that can come from this.  I've been in
20 many, many trials unopposed.  I completely oppose these
21 gentlemen talking to these jurors.
22         MR. FREEDMAN:  Your Honor, I don't believe there's any
23 law that I'm aware of that forbids it.  I was simply asking the
24 Court's policy.  So he opposes, and that's okay.  He's allowed
25 to oppose.  But ultimately I think it's just the Court's

1  decision.  There's no --
2           THE COURT:  There's no -- first of all, I don't have a
3  policy; I have a philosophy that I don't want to have the jury
4  believe that they are required to speak with counsel if counsel
5  calls.
6           So what I'm going to request is that you wait after the
7  30 days, post-trial motions.  Following that, the filing, you
8  are free to speak with anyone if you want general feedback.  I
9  think that's fair.  You've worked hard.  And that is not --
10 they're able to speak with anyone.  I'm going to let them know
11 that.  But I think for each of you who are officers of this
12 Court, I've emphasized that I believe it's appropriate to wait
13 the 30 days.
14          MR. RIVERO:  Thank you, your Honor.
15          MR. FREEDMAN:  Thank you, your Honor.
16          (Whereupon, the following proceedings were had in open
17 court:)
18          THE COURT:  Ladies and gentlemen, I want to thank you
19 for your time and attention to this case.  You began
20 deliberations 13 days ago on November 23rd and, as you know, we
21 met each other for the first time on November 1st.  We have
22 certainly labored hard in this courtroom, and your service has
23 been extraordinary.  You've been patient and you've been
24 focused.  And I appreciate all of the time and attention you've
25 given to the case.

1          I also want to advise you of some very special
2    privileges that are enjoyed by jurors.  No juror is required to
3    talk to anyone about this case.  A request may come from those
4    who are simply curious or from those who might seek to find
5    fault with you.
6          I have advised the attorneys that as a member of the
7    public, while following the filing of any post-trial motions
8    and the requisite period under our rules of procedure, that
9    they may reach out at some point in the future following that
10   period of time.  And once again, as with members of the public,
11   members of the media, curious individuals, you are free to
12   speak with anyone.  But you are free to refuse to speak to
13   anyone.  And let me emphasize, a request may come from those
14   who are simply curious or from those who might seek to find
15   fault with you.
16         As the days and weeks follow, I hope you will reflect
17   back on the time that we've spent here in the courtroom and the
18   time that you've spent deliberating and deciding this case.
19   While I recognize that it certainly took some time from each of
20   you, it took a great deal of effort and it took a great deal of
21   focus and commitment on your part.
22         It was a large and is a large contribution to our
23   system of justice.  For that, I do personally thank each of
24   you.
25         We do have a very small token of the great appreciation

1   we have for your service.  It is a certificate of appreciation
2   that memorializes the time that you've spent providing your
3   service.
4          When you were selected, I advised you that other than
5   serving in the military, serving on a jury is the most
6   important service you can provide your country.  And each of
7   you have made that sacrifice; and for that, I personally thank
8   you.
9          You have completed your service.  And with the thanks
10  of the Court, I am going to be able to release you from your
11  work.  And thank you.  And I wish you a joyful, healthy and
12  meaningful holiday season.
13         I thank each of you.
14         (Whereupon, the jury exited the courtroom at 11:55 a.m.
15  and the following proceedings were had:)
16         THE COURT:  Is there anything further that we need to
17  address?
18         MS. McGOVERN:  Your Honor, I'd like to thank you for
19  being able to try this case in front of you and your team.
20  It's been very, very difficult.  And apart from the verdict, I
21  just want to say that it's been extremely rewarding for us and
22  for our team.
23         Thank you very much.
24         MR. FREEDMAN:  Your --
25         MR. RIVERO:  And, Judge --

```
 1              I'm sorry.  Thank you so much, Mr. Rivero.
 2              Judge, I know that two of us aren't supposed to speak
 3    at the same time.  But I must tell you that you are a truly
 4    fine trial judge, your Honor.  I say that as an old trial
 5    horse.
 6              Thank you.
 7              THE COURT:  Thank you, Mr. Rivero.
 8              Is there anything further?
 9              MR. FREEDMAN:  There are two things, your Honor.  One
10    is, we'd like a copy of the verdict form.
11              THE COURT:  Yes.  Of course.  I'm going to give this to
12    the courtroom deputy.  And if you want to wait in the
13    courtroom, the actual copy of the verdict form will be given to
14    both sides.
15              MR. FREEDMAN:  Two is, I've conferred with colleagues,
16    but I know that we have a post-trial motion on the constructive
17    trust claims that are being tried to you through the
18    intellectual property that was awarded.  So we'll talk about
19    timing.  I just wanted to let the Court know.
20              Finally, although it's my first trial, your Honor, I
21    want to echo Mr. Rivero's comments.  Maybe they're not worth as
22    much since it's my first time.  But nonetheless, it was an
23    absolute pleasure to practice in front of you.
24              Thank you.
25              THE COURT:  The pleasure was mine as well.
```

```
1              MR. ROCHE:  Thank you, Judge.
2              THE COURT:  The best of the luck to everyone.  If
3    you'll wait in the courtroom, I'll bring you a copy of the
4    verdict form.
5              (Proceedings concluded.)
6
7
8
9
10
                         C E R T I F I C A T E
11
12          I hereby certify that the foregoing is an
13   accurate transcription of the proceedings in the
14   above-entitled matter.
15
16
                           /s/Lisa Edwards
17   _____          LISA EDWARDS, RDR, CRR
         DATE              Official Court Reporter
18                         U.S. District Court for the Southern
                             District of Florida
19                         400 North Miami Avenue
                           Miami, Florida 33128
20                         (305) 523-5637
                           Lisa_Edwards@flsd.uscourts.gov
21
22
23
24
25
```