UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-80176-BLOOM/Reinhart

IRA KLEIMAN, *et al.*,

    Plaintiffs,
v.

CRAIG WRIGHT,

    Defendant.
_____/

## ORDER ON MOTION TO SEAL

**THIS CAUSE** is before the Court upon Defendant's Motion to File Select Exhibits Under Seal, ECF No. [823] ("Motion"), filed on December 16, 2021. Plaintiffs filed a Response in Opposition to the Motion, ECF No. [857] ("Response"), to which Defendant filed a Reply, ECF No. [858] ("Reply"). The Court has carefully reviewed the Motion, all supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

"[T]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 564-74 (1980)). This right "includes the right to inspect and copy public records and documents." *Id.* (citation omitted). Courts "have discretion to determine which portions of the record should be placed under seal, but [such] discretion is guided by the presumption of public access to judicial documents." *Perez-Guerrero v. U.S. Attorney Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). Public or judicial records are presumptively public, while documents which are not considered public or judicial records, such as discovery documents, are

not. *See F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54 (11th Cir. 2013). "Judges deliberate in private but issue public decisions after public arguments based on public records . . . . Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification." *Perez-Guerrero*, 717 F.3d at 1235 (alteration in original) (quoting *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006), *abrogation on other grounds recognized by RTP LLC v. ORIX Real Estate Capital, Inc.*, 827 F.3d 689 (7th Cir. 2016)). "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (citation omitted).

Here, Defendant seeks to file under seal fifty (50) trial exhibits ("Trial Exhibits") "that contain personal financial information, private corporate information, non-public commercial financial information, and personal information entitled to confidential treatment under law." ECF No. [823] at 1. The Trial Exhibits fall under three categories: (1) "Documents relating to nonparty's acquisition and development and intellectual property[;]" (2) "Documents identifying private and financial information[;]" and (3) "Documents containing private ATO rulings and communications with the ATO[.]" *Id.* at 1-2. Plaintiffs object to the request, contending that Defendant has not satisfied his burden of establishing good cause to override the presumed right of access to the Trial Exhibits. *See generally* ECF No. [857]. Specifically, Plaintiffs maintain that Defendant's conclusory assertions of confidentiality, without description of a particularized harm that would result from disclosure, are insufficient to overcome the public right of access. *Id.* at 2-4. Plaintiffs further aver that no cause exists to justify sealing the Trial Exhibits because they were subject to extensive public disclosure during trial. *Id.* at 5-7.

Upon review of the record and and consideration of the parties' briefings, the Court agrees that Defendant has failed to demonstrate good cause to overcome the public's right of access to judicial documents. Indeed, while the right of access is not absolute, Defendant has made little effort to describe the particularized harm that would result from disclosure of the Trial Exhibits. *See Romero v. Drummond Co.*, 480 F.3d 1234, 1247 (11th Cir. 2007) (stating that "'stereotyped and conclusory statements' . . . do not establish good cause."); *see also* S.D. Fla. L.R. 5.4(b)(1) (a motion to file under seal must set forth "the factual and legal basis for departing from the policy that Court filings are public[.]").

Importantly, given that the Trial Exhibits were either discussed at length or introduced in open court during the widely publicized trial in this matter, the Court sees no justification for them to be filed under seal. *See Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1257 (S.D. Fla. 2019) ("[I]f information is or already has been out in the public domain, sealing is unwarranted."); *see also United States v. Posner*, 594 F. Supp. 930, 935 n.3 (S.D. Fla. 1984) (explaining that tax returns admitted during trial were subject to public access because "any entitlement of privacy [defendant] may have had was relinquished when the returns were actually placed in evidence"). The Court, however, recognizes that some of the Trial Exhibits include personally identifiable information or financial account information. As such, Defendant may redact such information from the public filing.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [823]**, is **GRANTED IN PART AND DENIED IN PART** consistent with this Order.

Case No. 18-cv-80176-BLOOM/Reinhart

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 6, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record