UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| Ira Kleiman, as Personal Representative of the Estate of David Kleiman, <br><br>and <br><br>W&K Info Defense Research, LLC <br><br>    Plaintiffs, <br><br>v. <br><br>Craig Wright, <br><br>    Defendant. | ) ) ) ) ) ) **Case No.: 18-cv-80176-BB** ) ) ) ) ) ) ) ) ) ) |

**NON-PARTY ANDREW O'HAGAN'S REPLY TO PLAINTIFFS' OPPOSITION TO O'HAGAN'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Non-party witness Andrew O'Hagan ("**O'Hagan**"), through undersigned counsel, hereby Replies to Plaintiffs' Opposition (the "**Opposition**") [DE 859] to O'Hagan's Objection to Magistrate Judge's Report and Recommendation (the "**Objection**") [DE 856] and states:

Plaintiffs persist in claiming that O'Hagan may not engage in judgment collection in this Court. To repeat, O'Hagan is not engaging in judgment collection efforts in this Court. O'Hagan is simply asking this Court to issue an Order regarding discovery practices before it. The fact that a judgment exists does not preclude this Court from issuing that order.

Plaintiffs argue that this Court does not have the authority under Rule 45 to order Plaintiffs to reimburse O'Hagan's expenses incurred resisting the overbroad discovery that impermissibly sought privileged journalistic materials. This is just not true. O'Hagan briefed this issue extensively in his Objection at pages 8 – 11. Plaintiffs and Magistrate Judge Reinhart cite no cases at all, much less any law to the contrary.

Plaintiffs contend the Court does not have jurisdiction over O'Hagan. This is irrelevant because an Order compelling Plaintiffs to reimburse O'Hagan's fees and costs is all he seeks and the Court certainly has jurisdiction over Plaintiffs.

Plaintiffs contend they cannot discern the precise relief O'Hagan seeks. O'Hagan reiterates that he seeks an Order compelling Plaintiffs to pay his fees and costs with which O'Hagan was burdened because of Plaintiffs' pursuit of discovery for use in this Court. O'Hagan has been clear on the relief that he is seeking from the outset. To avoid any doubt, O'Hagan submits the Order should read as follows: "O'Hagan's Motion is granted and the Report and Recommendation is overruled. Plaintiffs are ordered to reimburse O'Hagan his fees and costs associated with the discovery sought by Plaintiffs of him in this case. Plaintiffs shall also pay O'Hagan's fees and costs associated with his motion practice before this Court."

Wherefore, for all of these above reasons and those contained in the prior filings, O'Hagan asks the Court to grant his motion and overrule the Report and Recommendation.

Dated:  January 10, 2022.

        Respectfully submitted,

        DEVINE GOODMAN & RASCO, LLP
        2800 Ponce de Leon Blvd., Suite 1400
        Coral Cables, FL 33134
        Tel.:  305-374-8200
        grasco@devinegoodman.com

        */s/ Guy A. Rasco*
        Guy A. Rasco, Esq. (F.B.N.: 727520)
        Robert J. Kuntz, Jr., Esq. (F.N.B.: 094668)
        *Attorneys for Andrew O'Hagan*

2

Devine Goodman & Rasco, LLP 2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208

## **CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the CM/ECF Filing System this 10th day of January 2022, on counsel of record.

            */s/ Guy A. Rasco*
            Guy A. Rasco, Esq.

Devine Goodman & Rasco, LLP 2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208