UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

    plaintiffs,

v.                                               Case No. 9:18-cv-80176 (BB/BR)

CRAIG WRIGHT,

    defendant.
_____/

## DR. CRAIG WRIGHT'S OPPOSITION TO W&K INFO DEFENSE RESEARCH, LLC'S MOTION TO ALTER OR AMEND JUDGMENT TO ADD PREJUDGMENT INTEREST

Dr. Wright does not dispute that plaintiff W&K Info Defense Research, LLC ("W&K") is entitled to recover prejudgment interest on its damages award for conversion of intellectual property. However, "[a]n award of prejudgment interest is not an opportunity for a plaintiff to obtain a windfall or for the court to penalize a defendant." 32 Fla. Jur. 2d Interest and Usury § 3.

But an improper windfall is exactly what W&K demands. Its Motion ("Motion to Amend or Alter Judgment to Add Prejudgment Interest" (ECF No. 860 at 4)) demands $43,132,492.48 in prejudgment interest for more than eight years (from November 6, 2013, to December 7, 2021) on a $100,000,000 verdict based on the property's value as of October 30, 2021. This illogical demand is obviously improper, because the evidence at trial of the property's value in November 2013 was a fraction of the amount awarded (which was based on the property's value eight-years later). That value and the verdict support 38 days of prejudgment interest, as we shall see.

The Court's jury instructions permitted conversion damages based on the property's highest value through the date of the verdict. The jury's $100 million award could not have been based on the property's value on the conversion date, when it was worth a fraction of the amount

awarded.[1] Nonetheless, W&K now demands eight years of interest on a damages amount that was based on the property's value two days before trial.

W&K may not have it both ways. At most, it is entitled to $500,767.04 in prejudgment interest, derived by multiplying $13,178.08 in daily interest to which W&K argues it is entitled (ECF No. 860 at 4) times 38, the number of days from the date on which the property achieved its highest value (October 30, 2021) until the date of the final judgment (December 7, 2021), namely 38 days.

## ARGUMENT

Relying on dicta in *Moody v. Caulk,* 14 Fla. 50 (1872) and other cases (D.E. 618 at 97), Plaintiffs successfully argued, over Dr. Wright's objection, that the jury instructions should include the following statement with regard to any calculation of damages for conversion: "Plaintiffs are entitled to the highest value of the assets between the time of conversion and the date of your verdict."[2] *See* Transcript of Trial Day ("Tr.") 14 (11/22/2021 p.m.) at 70-72, ECF No. 822; Tr. 15 (11/23/2021) at 40, ECF No. 815. Expressly relying on the Court's instruction,

---

[1] W&K argued in closing that there was evidence the intellectual property was worth 56 million Australian Dollars ("AUD") in 2013, which it now argues is when the conversion occurred. *See* Transcript of Trial Day 15 (11/23/2021) at 83. The jury could not have based its verdict on the property's asserted value in 2013, because there was no basis for it to convert that value to a current U.S. dollar amount. Even if the jury had been told that the Australian Dollar ("AUD") and U.S. Dollar ("USD") had traded at rough parity in 2013—*see* Foreign Exchange Rates, BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, G.5 Statistical Release - Monthly rates, https://www.federalreserve.gov/datadownload/Choose.aspx?rel=H10—the property's value then would have been more than forty percent less than the $100 million USD that the jury ultimately awarded. Thus, under any conceivable analysis, the jury's award must have been based on a later, higher valuation, and the jury was instructed to apply the highest valuation until the date of the verdict. That valuation was as of October 30, 2021.

[2] To avoid any doubt and foreclose any possibility of waiver, Dr. Wright expressly reiterates and restates his objections at the charging conference to the Court's jury instructions. *See generally* Tr. 14 (11/22/2021 p.m.) at 60-91.

W&K then asked the jury to award it damages based on the property's alleged value two days before the trial began:

> As Judge Bloom instructed you, the appropriate measure of damages for the conversion claim is the highest value of the stolen asset between the time of theft and trial. . . .
>
> The IP is with W&K, so let's go there next. In W&K, you need the value of the intellectual property. Craig Wright said that the IP at issue in this case is worth $252 billion. He said it when he had all incentives to lie about it. That is W&K's IP which Dr. Wright stole. So you should award at least half of the intellectual property to W&K. That is $126 billion, half of the 252 it's worth.

Tr. 15 (11/23/2021) at 100.[3]

Jurors are presumed to follow the Court's instructions (*e.g., Opper v. United States,* 348 U.S. 84, 95 (1954); *United States v. Almanzar*, 634 F.3d 1214, 1222 (11th Cir. 2011)). Thus, the jurors awarded W&K conversion damages based on the intellectual property's highest alleged historical value before the date of the verdict, which was its alleged value on October 30, 2021. *See* ECF No. 812.

As a matter of law, W&K may be awarded interest only from the date the jury adopted for the valuation of the intellectual property, through the date of judgment. *See* Restatement (Second) of Torts § 927(2)(c) ("[D]amages [for conversion] also include c) interest from the time at which the value is fixed.").[4] Although the jury was not asked to specify the date it chose for its valuation (ECF No. 645, ECF No. 800-2), W&K argued and requested that its damages should be awarded based on the property's highest value. *See* Tr. 15 (11/23/2021) at 100. In view of the law and the Court's instructions to the jury, any award of prejudgment interest should be

---

[3] *See* Tr. 9 (11/9) at 116:9-118:17.

[4] Florida courts apply the Restatement (Second) of Torts § 927 in conversion cases. *See, e.g., R & B Holding Co. v. Christopher Advertising Group*, Inc., 994 So. 2d 329, 332 (Fla. 3rd DCA 2008); *Christopher Advertising Group, Inc. v. R & B Holding Co.*, 883 So. 2d 867, 873 (Fla. 3rd DCA 2004).

measured from October 30, 2021 (the date of the intellectual property's highest asserted value), through the date of the final judgment on December 7, 2021.

After relying on the *Moody* dicta to recover damages based on the intellectual property's highest alleged value before the verdict (on a date long after the conversion allegedly occurred), W&K now relies on contradictory cases that awarded damages (and prejudgment interest) based on the value of property ***at the time of the conversion***, to argue that this Court should compute prejudgment interest on a value the property here did not attain until eight years later. *See, e.g., Devengoechea v. Bolivarian Republic of Venezuela*, 2014 WL 12489848, at *4 (S.D. Fla. 2014) (damages awarded based on property's value at the time of conversion); *In re James,* 124 B.R. 614, 617 (Bankr. M.D. Fla. 1991) (same); *Kenet v. Bailey*, 679 So. 2d 348, 351 (Fla. 3rd DCA 1996) (same). Unlike the plaintiffs in those cases, however, W&K insisted and was permitted to argue to the jury that its conversion damages should be measured years after the date of the alleged conversion—that is, on the date after the conversion and before the verdict when the intellectual property attained its highest alleged value.

W&K's illogical demand for eight years of interest based on the property's value two days before trial is not permitted, and the Court should decline W&K's invitation to error. The Florida Supreme Court "did not establish an inflexible rule that requires trial judges to assess prejudgment interest in every case regardless of the circumstances. Depending on the equities of a given case, an award of prejudgment interest may be a windfall to the plaintiff and an unfair burden on the defendant." *Volkswagen of Am., Inc. v. Smith*, 690 So. 2d 1328, 1331 (Fla. 1st DCA 1997) (Padovano, J.). Further, in cases where an award of interest for the entire period claimed by a plaintiff would be unfair, the time for computing prejudgment interest may be restricted. *See, e.g., Broward Cty. v. Finlayson*, 555 So. 2d 1211, 1213-14 (Fla. 1990) (Plaintiffs

could recover prejudgment interest on their claims for overtime pay only from the date when they made the claims, not from an earlier date when the claims accrued.).

Where, as here, "the time fixed as the time of deprivation for the purpose of assessing damages is later than the time of the first tortious act, *interest is allowable only from the later time.*" Restatement (Second) of Torts § 927, cmt. n (1979) (emphasis added); *e.g., Page v. Fowler*, 39 Cal. 412, 426 (1870) ("[I]n cases affecting property of a fluctuating value, where exemplary damages are not allowed, the correct measure of damages is the highest market value within a reasonable time after the property was taken*, with interest computed from the time such value was estimated*.") (emphasis added). A contrary result would award W&K an improper windfall, because the jury did not award it damages based on the property's value on November 6, 2013. *See Validsa, Inc. v. PDVSA Servs., Inc.*, 424 F. App'x 862, 879 (11th Cir. 2011) ("Validsa suffered no deprivation of funds of the type that prejudgment interest is designed to remedy."). Because the jury was allowed to award damages based on the highest value the property attained prior to judgment, any calculation of prejudgment interest must run from the date when the property attained that value, namely October 30, 2021. Tr. 15 (11/23/2021) at 83-84.

The jury's damages award has no relationship to the November 6, 2013 date from which W&K seeks to recover interest. The damages award cannot have been based on the property's value in 2013, and there was no evidence adduced at trial that it decreased in value over time. Consistent with that evidence, W&K asked the jury to award it damages based on an alleged $252 billion valuation as of October 30, 2021. Tr. 15 (11/23/2021) at 100. Accordingly, W&K is at most entitled to prejudgment interest from October 30, 2021 (when the intellectual property

5

reached its highest alleged value), until December 7, 2021 (final judgment), at the daily rate of $13,178.08, as W&K asserted in its Motion (ECF No. 860 at 4).

## **CONCLUSION**

For all the foregoing, good and sufficient reasons, W&K is entitled to no more than $500,767.04, which represents 38 days of interest for the period between October 30, 2021, until December 7, 2021, at a daily rate of $13,178.08 (D.E. 860 at 4).

Date: January 18, 2022,   Respectfully submitted,

By: s/Andres Rivero
ANDRES RIVERO
Florida Bar No. 613819
AMANDA MCGOVERN
Florida Bar No. 964263
JORGE A. MESTRE
Florida Bar No. 88145
ALAN H. ROLNICK
Florida Bar No. 715085
SCHNEUR KASS
Florida Bar No. 100554
ZAHARAH MARKOE
Florida Bar No. 504734

RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard,
Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: amcgovern@riveromestre.com
Email: jmestre@riveromestre.com
Email: arolnick@riveromestre.com
Email: zkass@riveromestre.com
Email: zmarkoe@riveromestre.com
Email: receptionist@riveromestre.com

MICHAEL A. FERNÁNDEZ
(*Pro Hac Vice*)

RIVERO MESTRE LLP<br>
565 Fifth Avenue, 7th Floor<br>
New York, NY 10017<br>
Telephone: (212) 880-9451<br>
Email: mfernandez@riveromestre.com

*Counsel for Dr. Craig S. Wright*

**CERTIFICATE OF SERVICE**

I CERTIFY that on January 18, 2022, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Andres Rivero