UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

  plaintiffs,
v.                 Case No. 9:18-cv-80176 (BB/BR)

CRAIG WRIGHT,

  defendant.
_____/

**MEMORANDUM OF LAW IN SUPPORT OF DR. CRAIG WRIGHT'S BILL OF COSTS**

  Dr. Craig Wright submits this memorandum of law in support of his Bill of Costs pursuant to 28 U.S.C. § 1920 and Local Rule 7.3(c), and states:

  **I.**  **Dr. Craig Wright is the Prevailing Party as to the Estate**

  The Estate of David Kleiman (the "Estate") brought this action against Dr. Craig Wright asserting claims for breach of contract, conversion, civil theft, fraud, constructive fraud, and unjust enrichment. The Estate also asserted a claim for punitive damages. After a complex, three-week long trial, the jury returned a verdict in favor of Dr. Wright on all claims brought against him by the Estate. Indeed, the Estate did not prevail on a single claim against Dr. Wright, and the Estate was awarded no damages, even though it claimed it was entitled to approximately $600 billion in damages. "A defendant is a prevailing party if the plaintiff achieves none of the benefits sought in bringing its lawsuit." *Picket v. Iowa Beef Processors*, 149 Fed. Appx. 831, 832

(11th Cir. 2005); *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1292 (S.D. Fla. 2015) (Defendant was the prevailing party where judgment was entered in favor of defendant on all counts.).[1]

In addition, the Estate failed to prevail on any significant issue in this litigation. *See Wendy's Intern., Inc. v. Nu-Cape Const., Inc.*, 164 F.R.D. 694, 698 (M.D. Fla. 1996) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (To be considered a prevailing party, a party must succeed "on any significant issue in the litigation."). Here, plaintiffs brought this case under a theory that a partnership existed between David Kleiman and Dr. Wright to create and mine bitcoin, and the bulk of the evidence and testimony submitted at trial related to this theory. At the end of the case, the jury affirmatively found that there was no oral partnership, and that the Estate was not entitled to any bitcoin.

As such, Dr. Wright is the prevailing party as to the claims brought by the Estate and is presumptively entitled to an award of costs as set forth below.[2] *See* Federal Rule of Civil Procedure 54(d).

## II. Specific Costs Sought Under 28 U.S.C. § 1920

Dr. Wright seeks to recover taxable costs totaling $107,674.28 as set forth in his Bill of Costs and supporting documentation. All costs requested by Dr. Wright are reasonable, customary, and taxable pursuant to 28 U.S.C. § 1920. A breakdown of all costs is attached hereto as **Exhibit A**.

---

[1] Although judgment was entered in favor of W&K on its conversion claim, Dr. Wright is still the prevailing party as to the Estate. In cases with multiple plaintiffs, a defendant can prevail against some plaintiffs and not others. *See e.g. Dewitt v. Daley*, 2007 WL 9698830, at *1 (S.D. Fla. 2007) (adopting report and recommendation *Dewitt v. Delay*, 2007 WL 9698324) (S.D. Fla. 2007) (finding that plaintiffs Golino, Christowsky, and Lovejoy prevailed against defendant on their claims, but that the defendant was the prevailing party against all other plaintiffs).

[2] Dr. Wright does not seek any costs directly related to the intellectual property, which is the subject of W&K Info Defense Research, LLC's conversion claim.

Dr. Wright seeks $5,435.00 in fees for serving of subpoenas and witness summonses pursuant to 28 U.S.C. § 1920(1).  True and correct copies of documents supporting this request are attached hereto as **Exhibit B**.

Dr. Wright seeks $97,627.95 in fees for transcripts necessarily obtained for use in this case pursuant to 28 U.S.C. § 1920(2), including deposition transcripts, trial transcripts, and hearing transcripts.  The deposition transcripts were necessary for use in this case because the deponent either testified at trial, were listed as witnesses on plaintiffs' witness list, served as plaintiffs' proposed experts or rebuttal experts to plaintiffs' proposed experts, or their depositions were admitted into evidence. *See U.S. E.E.O.C. v. W&O, Inc.*, 213 F. 3d 600, 621-22 (11th Cir. 2000). In addition, the hearing transcripts are recoverable because the transcripts were necessary to review the Court's legal reasoning, to draft proposed orders, and to resolve discovery disputes without court intervention.  *See Gustave v. SBE ENT Holdings, LLC*, 2021 WL 4463149, at *4 (S.D. Fla. Sept. 10, 2021), report and recommendation adopted, 2021 WL 4428208 (S.D. Fla. Sept. 27, 2021). True and correct copies of documents supporting this request are attached hereto as **Exhibit C**.

Dr. Wright seeks $4,167.54 for witness fees. 12 USC § 1821 provides that a witness "be paid an attendance fee of $40 per day for each day's attendance," and "all normal travel expenses outside the judicial district shall be taxable as costs" as well, which includes transportation and overnight accommodations when necessary.  28 U.S.C. § 1821 (b)-(c). True and correct copies of documents supporting this request are attached as **Exhibit D**.

Further, Dr. Wright seeks $443.79 for fees for exemplification and the cost of making copies of materials necessarily obtained for use in the case pursuant to 28 U.S.C. § 1920(4). This total is comprised of electronic storage devices used to store electronic copies of the trial exhibits

and to provide electronic copies of the exhibits to the Court and plaintiffs. Providing electronic copies of the exhibits to the Court and the opposing party rather than paper copies was the most efficient and cost-effective way to provide copies of trial exhibits, as the exhibits were so voluminous in this matter. In addition, the Court requested electronic copies of the exhibits rather than paper copies. This total also includes the printing of mounted foam boards, which were used as demonstrative aids at trial and certified copies of pleadings from the probate matter of the Estate. True and correct copies of documents supporting this request are attached hereto as **Exhibit E**.

## CERTIFICATION

Pursuant to Local Rules 7.1(a)(3), I hereby certify that counsel for the movant has conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues and plaintiffs do not agree to the relief sought.

Dated: January 20, 2022                                   Respectfully submitted,

By: *s/Amanda McGovern*
ANDRES RIVERO
Florida Bar No. 613819
AMANDA MCGOVERN
Florida Bar No. 964263
ZAHARAH MARKOE
Florida Bar No. 504734

RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard,
Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: amcgovern@riveromestre.com
Email: zmarkoe@riveromestre.com
Email: receptionist@riveromestre.com

## CERTIFICATE OF SERVICE

   I CERTIFY that on January 20, 2022, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

               */s/ Amanda McGovern*