### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

       Plaintiffs,

v.                                       **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

       Defendant.

_____/

### W&K INFO DEFENSE LLC'S MOTION FOR ENTRY OF TAXABLE COSTS OF LITIGATION AND SUPPORTING MEMORANDUM OF LAW

W&K Info Defense Research, LLC ("W&K") hereby moves for an award of costs of this litigation pursuant to Federal Rule of Civil Procedure 54(d), Local Rule 7.3(c) and 28 U.S.C. §1920, and this Court's entry of Final Judgment [ECF No. 814].

After a three-week trial, the jury returned a $100 million verdict in favor of W&K. On December 6, 2021, this Court entered Final Judgment in favor of W&K. [ECF No. 814]. According, W&K is the prevailing party, and seeks its costs under Federal Rule of Civil Procedure 54(d) and 28 U.S.C. §1920.

As more particularly set forth below, W&K seeks to recover the following taxable costs: (1) deposition transcript costs; (2) witness fees; (3) subpoena service fees and (4) hearing transcript costs. As explained below, these costs were reasonable and necessary for the prosecution of this case.

<u>**MEMORANDUM OF LAW**</u>

### I.      Legal Standard

Prevailing parties are entitled to recover taxable costs under Federal Rule of Civil Procedure 54(d)(1). *EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). "A 'prevailing party,' for purposes of the rule generally, is a party in whose favor judgment is rendered, this means the party who won at the trial level, whether or not that party prevailed on all issues, and regardless of the amount of damages awarded." *Miccosukee Tribe of Indians of Fla. v. Kraus-Anderson Constr. Co.*, No. 04-22774-CIV-UNGARO/O'SULLIVAN, 2007 U.S. Dist. LEXIS 56396, at *2 (S.D. Fla. Aug. 2, 2007). Rule 54(d) creates a strong presumption in favor of awarding costs to the prevailing party. *Head v. Medford*, 62 F.3d 351, 354-355 (11th Cir. 1995). The Court may tax the following enumerated costs under federal law:

> (1)      Fees of the clerk and marshal;
> (2)      Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3)      Fees and disbursements for printing and witnesses;
> (4)      Fees for exemplification and the costs of making copies of any materials where the copies of any materials where the copies are necessarily obtained for use in the case;
> (5)      Docket fees under section 1923 of this title;
> (6)      Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*See* 28 U.S.C. §1920.

The prevailing party is entitled to a full award of costs, and the Court is not required to analyze whether particular costs are primarily attributable to certain claims, nor can costs be reduced to reflect Plaintiff's overall success. *See e.g. Brown Jordan Int'l, Inc. v. Carmicle*, No. 14-60629-CV, 2017 WL 5633312, at *7 (S.D. Fla. Aug. 7, 2017) (finding that as a prevailing party, plaintiffs are entitled to a "full award of costs" and that the "Court is not

required to sift through Plaintiffs' costs and analyze whether particular costs are primarily attributable to those claims . . ..").  "When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable, unless the knowledge regarding the proposed cost is within the exclusive knowledge of the prevailing party." *Monelus v. Tocodrian, Inc*., 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009).

## II.    Argument

W&K moves for an order taxing the following costs against Defendant:

(1) deposition transcripts;

(2) witness fees;

(3) subpoena fees; and

(4) hearing transcript costs, as set forth in the Bill of Costs, attached as **Exhibit A**[1], and supporting documentation, attached as **Exhibit A-1 (Itemized Costs Chart), Composite Exhibit A-2 (Deposition Transcripts Invoices), Composite Exhibit A-3 (Witness and Subpoena Fees Invoices), and Composite Exhibit A-4 (Hearing and Trial Invoices)** thereto.

## III.    Costs For Printed Or Electronically Recorded Transcripts Necessarily Obtained For Use In The Case

Deposition transcript costs may be taxed when they are reasonable in light of the facts known at the time the depositions were taken.  *See Rivers v. Orthopedic Sys., Inc.*, 2006 WL 5838358, at *1 (S.D. Fla. Nov. 28, 2006); *W&O, Inc.*, 213 F.3d at 621 (deposition costs are properly taxed where they are "related to an issue which was present in the case at the time the deposition was taken") (quotation omitted).  In addition, W&K is entitled to seek the costs

---

[1] The Bill of Costs is printed on form AO 133 of the Administrative Office of the United States Courts in accordance with Local Rule 7.3(c).

of the deposition transcripts ordered in this case pursuant to 28 U.S.C. §1920(2). Reimbursement for fees of the court reporter for printed or electronically recorded transcripts necessarily obtained for use in this case are specifically permitted. *Miles v. Jones*, 2011 WL 10565588, at *2 (S.D. Fla. Feb. 4, 2011); *see also Price v. United Techs. Corp.*, 2000 U.S. Dist. LEXIS 21504, at *2 (S.D. Fla. Nov. 16, 2000).

The depositions taken in this case were reasonable and related to issues in this case, and W&K is therefore entitled to recover their associated costs.

W&K noticed nearly all of its depositions in this case for video recording, and many of the depositions were taken remotely by video. W&K thus incurred costs to purchase the video recording. In addition, many of the witnesses were outside the subpoena range of the Court and therefore video recordings were necessary for trial. In fact, the parties each designated portions of the video recordings from the non-local witnesses for potential presentation at trial and presented many of the videos at trial. Furthermore, Defendant noticed many of his depositions to be conducted remotely and to be recorded on video, and did not object to W&K's notices of videotaped depositions, and thus, costs for the videotapes are also recoverable. *See Kapila v. Davis, Graham & Stubbs, LLP,* No. 15-6106-CIV-RNS (S.D. Fla. June 6, 2018), *report and recommendation adopted*, No. 15-6106-CIV-RNS (S.D. Fla. July 25, 2018) (finding that it was reasonable for defendants to obtain both stenographic transcripts and videotapes of depositions, and costs of videotaped depositions should be taxable); *Rivers*, 2006 WL 5838358, at *2 ("Costs for videotaped depositions are awarded where a party noticed the deposition to be recorded, but no objection was made at that time."); *see also Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 465 (11th Cir. 1996) (finding it appropriate to award the cost of conducting a deposition in the manner noticed, if there is no

objection by the other party to the method of recordation).

The Eleventh Circuit has held that "[a] district court may tax costs associated with the depositions submitted by the parties in support of their summary judgment motions." *W&O, Inc.*, 213 F.3d at 621; *see also Rivers*, 2006 WL 5838358, at *1 (defendants' depositions were taxable where they included individuals identified on plaintiff's witness list and witnesses necessary to the preparation of summary judgment briefing). W&K obtained copies of the deposition transcripts set forth below and used almost all of transcripts in support of its position in this matter, including, but not limited to, in its Motion for Summary Judgment [ECF No. 511] and their Statement of Material Facts in Support of their Motion for Summary Judgment [ECF No. 550].

Moreover, many of these depositions were used at trial. Specifically, the depositions of Gavin Andresen, Deborah Kobza, Donald Lynam, James Nguyen, Andrew O'Hagan, Robert Radvanovsky, Jonathan Warren, Ramona Watts, James Wilson, Lynn Wright, and W&K, were all used during trial. Moreover, even for those that were not used at trial, the costs are still taxable given the necessity of the depositions at the time they were taken. *Lovett v. KLLM, Inc.*, 2007 WL 983192, *6 (N.D. Ga. March 26, 2007) (citing *W&O*, 213 F.3d at 620-22) ("Obtaining deposition transcripts for use during discovery may be taxable as long as it is necessary to the issues in the case when the deposition was taken."). And even if there were depositions that were neither cited in the summary judgment papers nor designated for trial, this district has held that the costs are normally taxed if they were "taken within the proper bounds of discovery," as all of these depositions were. *See Woods v. Deangelo Marine Exhaust Inc.*, 2010 WL 4116571, at *5 (S.D. Fla. Sept. 27, 2010), *report and recommendation adopted*, 2010 WL 4102939 (S.D. Fla. Oct. 18, 2010) (noting that "a deposition taken within

the proper bounds of discovery ... will normally be deemed to be 'necessarily obtained for use in the case' and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken or unduly prolonged").

Deposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success, unless the losing party demonstrates that the deposition was not related to an issue present in the case at the time of the deposition. *Young v. Eslinger*, 2008 U.S. Dist. LEXIS 32441 at *5 (M.D. Fla. March 4, 2008) (citations omitted); *Ferguson v. Bombardier Serv. Corp.*, 2007 WL 601921, * 3 (M.D. Fla. Feb. 21, 2007) (citing *W&O*, 213 F.3d at 621) ("[D]eposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success").

All the depositions for which W&K seeks to tax deposition-related costs were necessary to issues in the case when the depositions were taken. For example, the depositions of the parties' respective experts Andreas Antonopoulos, Stefan Boedeker, Nicholas Chambers, Dr. William Choi, Dr. Matthew Edman, Dr. William Eggington, Dr. Ami Klin, Dr. Robert Leonard, Dr. D. Stewart MacIntyre, Jr., Kevin E. Madura, William R. Nicholson were necessary for trial preparation. Moreover, most of the fact witnesses deposed were located out of state, and both W&K and Defendant submitted and used deposition designations of these transcripts at trial. W&K can also recover the costs of obtaining copies of depositions taken by Defendant. *See Rivers*, 2006 WL 5838358, at *2 ("charges for a copy of a deposition taken by an opponent are taxable as well"). Moreover, a prevailing party is entitled to the costs of taking the deposition of any witness listed on the opposing party's witness list. *See, e.g., W&O, Inc.*, 213 F.3d at 621; *Burns v. City of Cape Coral*, 2012 WL 5381944, *2 (M.D. Fla. Nov. 1, 2012) ("[D]eposition costs associated with summary judgment and depositions of

deponents listed on the losing party's witness list are recoverable."); *see also Rivers*, 2006 WL 5838358, at *1. Here, Defendant's witness list included Nicholas Chambers, Dr. William Choi, Dr. William Eggington, Dr. Ami Klin, Dr. D. Stewart MacIntyre, Jr., Kevin E. Madura, and William R. Nicholson. Thus, it is reasonable to tax the deposition transcripts of these witnesses.

All of the witnesses whose depositions were noticed by Plaintiff either had personal knowledge of the matter, were experts, and/or were disclosed by or known to both sides as individuals with knowledge of the matter. *See Monelus,* 609 F. Supp. 2d at 1337 ("Because the parties presumably have equal knowledge of the basis for each deposition... the non-prevailing party bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition.").

Accordingly, W&K requests its actual out-of-pocket costs for transcripts and videos of these depositions in the total amount of **$72,079.93.** Such transcripts and videos were reasonably necessary in light of the circumstances of this litigation and are taxable against Defendant. *See* Composite Exhibit A-2 (Deposition Transcript Invoices), attached to Exhibit A.

### IV.    Witness and Subpoena Fees

Taxation of witness fees is proper pursuant to §1920(3).  The amount, however, is limited by Title 28 U.S.C. §1821(b), which provides that a witness shall be paid an attendance fee of $40.00 per day for each day's attendance at trial. *See Ferguson,* 2007 WL 601921, at *5; *see also Price*, 2000 U.S. Dist. LEXIS 21504, at *7.  Further, 28 U.S.C. §1920 specifically delineates taxing private process server fees. *W&O, Inc.*, 213 F.3d at 624.  Additionally,

pursuant to 28 U.S.C. §1821(b), witnesses shall be paid a fee for attendance in sitting during depositions.  Accordingly, these costs are taxable against Defendant.  W&K incurred a total of **$7,021.75** for service of subpoenas and witness fees to third parties.  Such payments are detailed in Composite Exhibit A-3, Subpoena and Witness Fees Invoices, attached to Exhibit A.

W&K also incurred substantial costs in securing witnesses Ramona Watts (wife of Defendant Craig Wright) and Andrew O'Hagan's deposition testimony, both of which were played at trial, through the courts of England.  The High Court of England and Wales Commercial Court assessed and ordered W&K to pay Ramona Watts a total of £142,367.63. See Consent Order dated Nov. 5, 2021, attached hereto as Exhibit B.  The High Court of Justice Media and Communications assessed and ordered W&K to pay Andrew O'Hagan a total of £127,695.48.  See Final Costs Certificate dated Mar. 23, 2021, attached hereto as Exhibit C.  These witnesses and their depositions were necessary in this litigation and are taxable against Defendant.  Accordingly, W&K requests its total out-of-pocket costs for witnesses Ramona Watts and Andrew O'Hagan in the amount of **£270,063.11**.

## V.      Hearing and Trial Transcripts

W&K is entitled to recover the costs of obtaining hearing transcripts necessarily obtained for use in the case.  *See, e.g., Procaps v. Patheon, Inc*., 2016 WL 411017, at *3 (S.D. Fla. Feb. 2, 2016) (costs for hearing transcripts are also taxable); *Embroidme.com, Inc. v. Travelers Property Cas. Co. of Am.*, 2014 WL 5325211, at *4 (S.D. Fla. Aug. 20, 2014) (cost for ordinary transcription of court hearing is permitted under 28 U.S.C. § 1920 as a fee for a transcript necessarily obtained for use in the case). W&K obtained copies of the hearing transcripts and the trial transcripts for use during trial and in later filings and proceedings. The

cost of the transcripts was **$29,554.94**. The invoice for the transcript is attached to Ex. A as Composite Exhibit A-4 (Hearing and Trial Transcripts).

## VI.   Interest

The total costs awarded bear interest from the date of the original judgment. *See* 28 U.S.C. §1961; *see also Georgia Ass'n. of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988) ("We conclude that when a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment."). As such, these costs bear interest starting from December 7, 2021. *See* Final Judgment dated Dec. 7, 2021, attached hereto as Exhibit D.

## VII.   Conclusion

WHEREFORE, Plaintiff W&K, respectfully requests that the Court grant this Motion for taxable costs in the amount of **$108,656.62** and **£270,063.11**[2] and grant W&K its taxable costs and such other relief as the Court deems appropriate.

## S.D. FLA. L.R. 7.1 CERTIFICATION

In accordance with S.D. Fla. L.R. 7.1(a)(3), counsel for W&K Info Defense Research conferred with Defendant's counsel who opposes the relief sought herein.

---

[2] Under the applicable exchange rate, this amounts to $364,950.14. Effective Dec. 31, 2021, and last updated on Jan. 14, 2022, the applicable U.S. Dollar exchange rate for the United Kingdom-Pound is 0.74 percent. *See* Treasury Reporting Rates of Exchange at *https://fiscaldata.treasury.gov/datasets/treasury-reporting-rates-exchange/treasury-reporting-rates-of-exchange*.

Dated: January 20, 2022

Respectfully submitted,

*/s/*      Andrew S. Brenner
Andrew S. Brenner, Esq.
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

Velvel (Devin) Freedman, Esq.
**ROCHE FREEDMAN LLP**
1 SE 3rd Ave
Suite 1240
Miami, Florida 33131
vel@rochefreedman.com

Kyle W. Roche, Esq.
Joe Delich, Esq.
*Admitted Pro Hac Vice*
**ROCHE FREEDMAN LLP**
99 Park Ave
Suite 1910
NY, NY 10016
kyle@rochefreedman.com
jdelich@rochefreedman.com

*Counsel to Plaintiffs Ira Kleiman as*
*Personal Representative of the Estate of*
*David Kleiman and W&K Info Defense*
*Research, LLC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 20, 2022 a true and correct copy of the foregoing

was filed under Seal with CM/ECF, and served by E-mail to all counsel of record.

*/s/*     Andrew S. Brenner
Andrew S. Brenner, Esq.