UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-80176-BLOOM/Reinhart

IRA KLEIMAN, *et al.*,

    Plaintiffs,
v.

CRAIG WRIGHT,

    Defendant.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court upon the Honorable Bruce Reinhart's Report and Recommendation on Non-party O'Hagan's Motion to Compel Payment of Attorney's Fees, ECF No. [818] ("Report"). On December 9, 2021, Judge Reinhart issued his Report recommending that the Court deny non-party Andrew O'Hagan's ("O'Hagan") Motion for Order Compelling Plaintiffs to Pay Fees and Costs Related to Document and Deposition Discovery in England, ECF No. [768] ("Motion"). ECF No. [818] at 3. The Report advised that any objections to the Report's findings were due within fourteen days of receipt of the Report. *Id.* at 3-4.

O'Hagan timely filed his Objection to the Report, ECF No. [856] ("Objections"), arguing that Judge Reinhart erred in determining that: (1) "Fed. R. Civ. P. 45 does not confer on the Court authority to enter the order O'Hagan seeks[;]" (2) "the Court does not have jurisdiction over O'Hagan, when jurisdiction over O'Hagan [is not] relevant to the analysis[;]" (3) "the Court cannot 'discern the precise relief O'Hagan seeks'[;]" (4) "O'Hagan's remedy is solely to be found in the execution of his domesticated judgment, when nothing about that state court judgment precludes a co-sovereign federal court from issuing orders regarding the discovery practices before it[;]" and

(5) the Report "fails anywhere to address O'Hagan's appeal to this Court's inherent authority to manage the matters before it, when those inherent powers provide more than a sufficient basis for the Court to grant the relief O'Hagan seeks." *Id.* at 1-3. Plaintiffs filed a Response in Opposition to the Objections, ECF No. [859] ("Response").

This Court has conducted a *de novo* review of the record, including the portions of the Report to which O'Hagan has objected, in accordance with 28 U.S.C. § 636(b)(1)(C), and the remainder of the Report for clear error, and is otherwise fully advised. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). The Court finds that O'Hagan's Objections are without merit and therefore overruled. *See Taylor v. Cardiovascular Specialists, P.C.*, 4 F. Supp. 3d 1374, 1377 (N.D. Ga. 2014) (citing *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983)).

I. BACKGROUND

The Court assumes the reader's familiarity with the facts underlying this Motion and does not repeat them.

II. LEGAL STANDARD

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). Although Rule 72 is silent on the standard of review, the United States Supreme Court has determined that Congress's intent was to require *de novo* review only when objections were properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate[] [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (alterations added)). A proper objection "identifie[s] specific findings set forth in the [Report] and articulate[s] a legal ground for

objection." *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010) (alterations added) (citation omitted). "Frivolous, conclusive, or general objections need not be considered by the district court." *Id.* (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (internal quotation marks omitted) (citation omitted)); *see also Russell v. United States*, No. 11-20557-CIV, 2012 WL 10026019, at *1 (S.D. Fla. Apr. 17, 2012) (declining to address general or blanket objections not specifically identifying aspects of the magistrate judge's report to which the petitioner objected).

### III. DISCUSSION

As stated above, O'Hagan raises five principal objections to the Report. Upon review, O'Hagan's Objections are not well-taken and are overruled. As an initial matter, the Court highlights that O'Hagan's Objections are improper because they largely expand upon and reframe arguments already made and thoroughly considered by Judge Reinhart, or they simply disagree with Judge Reinhart's conclusions. Indeed, O'Hagan copies and pastes verbatim large portions of his underlying Motion into his Objections to purportedly show the correctness of his analysis. *Compare* ECF No. [768], *with* ECF No. [856]. "It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a [Report]." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

Moreover, the Court finds Judge Reinhart's Report to be well-reasoned and correct. First, O'Hagan cites to Fed. R. Civ. P. 45 for the proposition that "courts routinely shift the costs incurred

by non-party targets of discovery to the party seeking the testimony or documents" and, as such, the Court should order Plaintiffs to pay the costs O'Hagan incurred in providing discovery in this matter. ECF No. [856] at 9-12; *see also* Fed. R. Civ. P. 45.[1] However, as Judge Reinhart correctly explained, "only the court where compliance is required has the authority to protect a non-party from the burden and expense of complying with a subpoena by ordering fee-shifting." ECF No. [818] at 2. Here, the discovery dispute, the reimbursement agreement between Plaintiffs and O'Hagan, and the judgment that O'Hagan ultimately secured, were litigated in the UK and are governed by British law. *See* ECF No. [768] at 2. As such, Court lacks the authority under Rule 45 to order Plaintiffs to reimburse O'Hagan for his expenses.

Additionally, notwithstanding O'Hagan's contention that principles of "international comity" justify the Court "to reiterate, reciprocate, endorse and enforce the order of the English court that Plaintiffs pay the cost of the discovery obtained there for use in this Court[,]" ECF No. [856] at 14, O'Hagan's request would effectively amount to this Court enforcing the foreign judgment. As Judge Reinhart correctly set forth, "Florida Statutes, which contain a provision for enforcing foreign judgments, provide the comity he seeks." ECF No. [818] at 3 (citing Fla. Stat. § 55.604). O'Hagan has already domesticated the foreign judgment in Florida, *see* ECF No. [768] at 7, and may pursue the remedy he seeks through the judgment collection procedures in Florida state courts.

---

[1] Rule 45 provides, in pertinent part:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(d)(1).

Lastly, O'Hagan argues that Judge Reinhart erred by failing to address his appeal to the Court's inherent authority to manage matters before it. ECF No. [856] at 14-15. The Court is not persuaded. First, as O'Hagan recognizes in his Objections, the "Court is the master of the proceedings before it, and to control those proceedings, this Court is imbued with broad inherent powers." ECF No. [856] at 14. Following that logic, it is within the court's *discretion* to exercise its inherent authority to grant O'Hagan's requested relief. Additionally, and more importantly, invoking the Court's inherent powers is not appropriate under the circumstances. Indeed, as Judge Reinhart correctly concluded, "although there is no legal basis for this Court to order Plaintiffs to compensate O'Hagan, he is not left without a remedy." ECF No. [818] at 3; *see also* ECF No. [816] at 7 (O'Hagan explaining that he "has domesticated the [foreign] judgment in Florida and can and will proceed through the Florida courts to collect the judgment, as need be."). Indeed, rather than pursuing an action for the collection of his judgment under Florida law, O'Hagan chose to file his request for relief in this action to which he is not a party. In light of the foregoing, the Court can hardly conclude that Judge Reinhart erred by failing to exercise the Court's inherent authority to grant O'Hagan's requested relief.[2]

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Reinhart's Report and Recommendation on Non-party O'Hagan's Motion to Compel Payment of Attorneys' Fees, **ECF No. [818]**, is **ADOPTED**.

---

[2] In a footnote, O'Hagan also requests that the Court exercise its inherent authority to "order Plaintiffs to pay the fees and costs attendant to [his] Motion[.]" ECF No. [856] at 15 n.7. The Court declines the invitation. As Plaintiffs correctly set forth, O'Hagan chose to file his Motion in this Court, rather proceeding through the Florida courts to collect on his foreign judgment, and Plaintiffs should not be required to reimburse O'Hagan for the costs of such a choice.

Case No. 18-cv-80176-BLOOM/Reinhart

2. O'Hagan's Objection to the Magistrate Judge's Report and Recommendation, **ECF No. [856]**, is **OVERRULED**.

3. O'Hagan's Motion for Order Compelling Plaintiffs to Pay Fees and Costs Related to Document and Deposition Discovery in England, **ECF No. [768]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 20, 2022.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record