UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

    Plaintiffs,

v.                                                    Case No. 9:18-cv-80176 (BB/BR)

CRAIG WRIGHT,

    Defendant.
_____/

## W&K'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO ALTER OR AMEND JUDGMENT AND ADD PREJUDGMENT INTEREST

Plaintiff W&K Info Defense Research, LLC ("W&K") respectfully files this reply brief in rebuttal to Defendant's opposition (DE 870) to W&K's motion (DE 860), to alter or amend the final judgment entered by this Court on December 7, 2021 (DE 814), to add prejudgment interest in accordance with Florida law.

Defendant's opposition does not dispute that:

1) W&K is entitled to prejudgment interest,

2) W&K has properly calculated the rate of interest, in accordance with Fla. Stat. 55.03,

3) W&K's property was converted on or before November 6, 2013, and

4) The general Florida rule allows W&K prejudgment interest from the date of conversion through the date of judgment.

Dr. Wright's only disputes the date on which prejudgment interest should start. On that issue, his argument is that under the "equities" exception to the general rule, an award of prejudgment interest from the date of conversion should not be given because it would be "unfair" and would result in a "windfall" to W&K. However, Defendant's entire argument is founded on a

1

single piece of evidence that the jury flatly declined to accept. This was an October 30, 2021 social media post by Dr. Wright, in which he stated that the W&K intellectual property was worth $252 billion. See Trial Tr. Day Tr at 1169. Based on this statement, W&K *unsuccessfully* argued that W&K should be awarded "$126 billion, half of the 252 it's worth." Trial Day 15 Tr. at 100. The jury instead awarded $100 million, an amount far more consistent with the valuations in evidence that were close in time to the date of the conversion.

In short, there is absolutely no basis for Defendant's assertion (Opp. at 3) that October 30, 2021 is "the date the jury adopted for the valuation of the intellectual property."

## I. The Jury Valued the Property At or Near the Date of Conversion

The evidence plainly shows that the jury valued W&K's intellectual property as of, or at least close to, the November 6, 2013 date of conversion. The valuation evidence closest to the jury's $100 million verdict is the April 2, 2014 valuation commissioned by Dr. Wright, which set forth an "extremely conservative cost evaluation" of AUS 276,268,599 (P166 at 56), which converts at the court-mandated rate of 0.9236 (DE 800-1 at 7) to USD $255,161,678, half of which is $127,580,839. This was less than five months after the November 6, 2013 conversion. There is no evidence suggesting the value increased from November 2013 to April 2014; in fact, Defendant's accountant even bragged that "By any measure," the November 2013 $56 million acquisition price of this property "was a deal." P166 at 1.[1] The valuation itself concludes that the "purchase price of $55Mill [*sic* $56 million] is considered extremely low for a product of this size and complexity." P166 at 56.

---

[1] This reference to an "acquisition price" was to the value assigned to the intellectual property by Dr. Wright in connection of his conversion of the W&K intellectual property through the sham 2013 Australian lawsuits.

In view of this evidence, it is clear that the jury concluded that the subject property had a $100 million value from at or near the time of conversion. There was evidence from which the jury could have found that the value increased over the years and valued the property much higher, e.g., P457 (Baker McKenzie IP Valuation Analysis with $1.9 billion valuation), but it appears that the jury declined to credit this evidence.

Accordingly, W&K's motion should be granted in full. Contrary to Defendant's assertion, the jury did not find that the converted property had its highest value on the recent date when Dr. Wright made his social media post; the award was based on a valuation performed within five months of the theft. No "unfairness" or "unjust windfall" would result from an award of prejudgment interest from the date of conversion. Quite the contrary, failure to award prejudgment interest from 2013 would result in W&K being treated unfairly, having been denied the value of its stolen property for over eight years.

## II. In the Absence of Extreme Circumstances Not Present Here, Florida Law Requires Prejudgment Interest From the Date of Conversion

As the authorities cited by Defendant articulate, under Florida law a prevailing conversion plaintiff "is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of th[e] loss [unless] its exaction would be inequitable." *Validsa, Inc. v. PDVSA Servs., Inc.*, 424 F. App'x 862, 878 (11th Cir. 2011) (quoting *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So.2d 212, 215 (Fla.1985) and *Broward Cty. v. Finlayson*, 555 So.2d 1211, 1213 (Fla.1990)). *See Kissimmee Util. Auth. v. Better Plastics, Inc.*, 526 So. 2d 46, 47 (Fla. 1988) (award of prejudgment interest from date of loss "merely a ministerial duty").

The rare cases where interest was denied involved extreme circumstances and have nothing in common with this case. For example, in *Validsa*, the plaintiff was never out of pocket for contracts breached by defendant because plaintiff had in its possession other funds advanced by

defendant on other contracts, and plaintiff could have always used the advanced funds as an off-set. Thus, "Validsa suffered no deprivation of funds of the type that pre-judgment interest is designed to remedy." 424 F. App'x at 879. Similarly, in *Broward Cty.*, the county had engaged in "good faith collective bargaining" with a class of its EMTs, but the class thereafter totally changed its position and sued on grounds it had not previously raised. The court deemed it "unfair" and "inequitable" to assess interest for times when the county was unaware of the new claim. 555 So. 2d at 1214. Here, in contrast, W&K never changed its position and never had any funds that could be used as an offset. See *Mee Industries v. Dow Chem. Co.*, 2008 WL 2561896, at *3 (M.D. Fla. June 25, 2008) ("Mee Industries has not altered its position or otherwise done anything to warrant delaying the accrual of interest").

Defendant cites Restatement (Second) of Torts § 927, cmt. n (1979), for the proposition that interest must only be assessed from the date on which the value was determined, but this gets him nowhere, because as shown above, W&K's intellectual property was valued on or near the 2013 conversion date. In any event, the Florida rule is that interest runs from the date of conversion unless an unfair windfall results, so if the Restatement is read as *requiring* a later date, regardless of circumstances, it is inconsistent with Florida law.[2] And there certainly are cases where a prevailing conversion plaintiff was awarded interest from the date of conversion, even where the judgment was based on a higher, post-conversion value of the converted property. See, e.g., *Gowan v. Wisconsin-Alabama Lumber Co.*, 110 So. 31, 32-33 (Ala. 1926) (courts "are authorized to find for the plaintiff for the highest value as shown by the evidence, with interest thereon from the date

---

[2] An inflexible rule would not make sense and could lead to gross unfairness. For example, if prejudgment interest ran only from the date of highest value, a plaintiff would not get any interest if its property converted in 2013 had a $100 million value in 2013, the value stayed at $100 million until the day before judgment, then increased in value by $1 on the day before judgment.

of the conversion"); *Alderman v. Cooper*, 185 S.E.2d 809, 811 (S.C. 1971) ("In actions for conversion . . ., the general rule is that the measure of damages is the value of the property with interest thereon, and the jury may give the highest value up to the time of the trial") (quotation omitted).

Defendant has not come forward with any evidence at all that an award of prejudgment interest to W&K from the 2013 date of conversion would be unjust, inequitable, or unfair to anyone in any way. This Court should therefore follow the *Argonaut* rule and grant W&K's motion in full.

Dated: January 25, 2022                                    Respectfully submitted,

*/s/ Devin "Vel" Freedman*
Velvel (Devin) Freedman, Esq.
**ROCHE FREEDMAN LLP**
1 SE 3rd Ave
Suite 1240
Miami, Florida 33131
vel@rochefreedman.com

Kyle W. Roche, Esq.
Joe Delich, Esq.
*Admitted Pro Hac Vice*
**ROCHE FREEDMAN LLP**
99 Park Ave
Suite 1910
NY, NY 10016
kyle@rochefreedman.com
jdelich@rochefreedman.com

Andrew S. Brenner, Esq.
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

*Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 25, 2022 a true and correct copy of the foregoing was filed under Seal with CM/ECF, and served by E-mail to all counsel of record.

*/s/ Devin "Vel" Freedman*
Devin "Vel" Freedman, Esq.