**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IRA KLEIMAN, as personal
representative of the estate of David
Kleiman, and W&K INFO DEFENSE
RESEARCH, LLC

       plaintiffs,

v.                                    **Case No. 9:18-cv-80176 (BB/BR)**

CRAIG WRIGHT,

       defendant.

_____/

**JOINT NOTICE AND REQUEST FOR JUDICIAL RULING ON**
**PROPOSED REDACTIONS TO ADMITTED TRIAL EXHIBITS**

**Parties' Joint Statement**

Following the trial of this matter, and pursuant to the direction of the Court, the parties

jointly filed the exhibits that had been admitted into evidence during trial. [ECF No. 835]. In

connection with that filing, each of the parties requested that certain exhibits be filed under seal

and/or with certain redactions.

As part of that process, Dr. Wright filed a motion to file 50 trial exhibits under seal.[1]

Plaintiffs opposed that motion. On January 6, 2022, this Court issued an Order granting in part

and denying in part Dr. Wright's Motion. [ECF No. 866]. Specifically, the Court ruled that

although the exhibits could not be filed under seal as requested, the Court allowed Dr. Wright to

redact "personally identifiable information" and "financial account information" from the

documents.

---

[1] Plaintiffs sought to file the medical records of Decedent David Kleiman under seal. That request was not opposed
by Dr. Wright.

Following receipt of the Court's Order, Dr. Wright proposed redactions that it believed were consistent with the Court's order.  For some documents consistent with the Court's Order, Dr. Wright will file the exhibits without redactions (P078, P094, P096, P127, P137, P143, P172, P173, P175, P191, P209, P215, P219, P223, P229, P230, P296, P308, P315, P337, P457, P469, P565, P598, P685, P742, P871).  For others, Dr. Wright proposed partial redactions (J101, P074, P097, P101, P135, P140, P169, P214, P310, P320, P350, P464, P554, P604, P607, P613, P633, P637, P795).

Thereafter, Plaintiffs reviewed Dr. Wright's proposed redactions.  The parties then met and conferred.  Although the parties were able to reach agreement on many of the proposed redactions, there remain several exhibits where the parties have been unable to agree.  However, as described below, the area of disagreement is discrete.

The parties believe that this presentation of a joint statement on the procedural history, followed by brief statements from each party on the remaining issues in dispute, is the most efficient way for the Court to resolve their disagreement, and allow for completion of the filing of the exhibits admitted at trial.[2]  Accordingly, below is a description of each side's position on the remaining disputed issues.

## Plaintiffs' Position

Following this Court's Order on Defendant's Motion to Seal, Defendant proposed redactions to the following documents: J101, P074, P097, P101, P135, P140, P169, P214, P310, P320, P350, P464, P554, P604, P607, P613, P633, P637, P795.

For exhibits J101, P310, and P350, Plaintiffs agree with Defendant's proposed redactions and have no objection to those exhibits being filed in the proposed redacted form.

---

[2] Concurrent with this filing the parties jointly file the exhibits to which no redactions apply pursuant to the Court's Order or to which the parties agree to the limited redactions proposed by Dr. Wright consistent with the Court's Order.

For the rest of the exhibits, Plaintiffs disagree with all or some of the proposed redactions. However, the parties' disagreement is narrow.[3]  Specifically, for each of these exhibits, Defendant has proposed to redact *public* bitcoin addresses (more specifically, all characters of those addresses except the last four) and all references to bitcoin transactions contained in the documents. Plaintiffs' objection is simple – bitcoin *public* addresses and bitcoin transactions, which are all recorded on a *public* register, are neither "personally identifiable information" or "financial account information."  Accordingly, neither fall under the narrow category of information that the Court, in its Order dated January 6th, could be redacted from the public filings.

As set forth in Plaintiffs' opposition to Defendant's Motion to Seal each of these documents in their entirety, there is a strong presumption in favor of public access to judicial proceedings, including the documents introduced into evidence in those proceedings:

> ***The public has a "common-law right of access to judicial proceedings," which "includes the right to inspect and copy public records and documents." Romero v. Drummond Co., Inc., 480 F.3d 1234, 1245 (11th Cir. 2007).  Indeed, "the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." Id. (quoting Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001)).  The public's right to access judicial records "creates a rebuttable presumption in favor of openness of court records." Gubarev v. Buzzfeed, Inc., 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019) (citation omitted).***

Public bitcoin addresses and public bitcoin transactions are not confidential, and Defendant's proposed redaction of them runs afoul of the presumption of openness of court records.   Accordingly, Plaintiffs respectfully suggests that these proposed redactions be disallowed, and the exhibits be filed on the public docket accordingly.

---

[3] For exhibits P140, P169 and P214, Defendant has proposed some redactions, such as personal addresses which Plaintiffs do not object to. Plaintiffs do object to other proposed redactions in these exhibits for the same reasons discussed in this Joint Filing.

**Dr. Wright's Position**

As this Court learned during the course of this case, the Blockchain is a public ledger that includes a lot of information. However, what is not included publicly, are the individuals or entities associated with that information, which maintains the privacy and confidentiality of the individual. Counsel for Plaintiffs themselves alleged in a complaint they filed in New York that "A transfer of bitcoin is public to the extent that anyone can see the transferor's bitcoin address, the recipient's bitcoin address, and the quantity of assets transferred. That is, anyone could see that bitcoin address 1s5F transferred 10.3 bitcoin to bitcoin address R3w9. The names of the individuals or entities that control these addresses, on the other hand, are private." Amended Consolidated Class Action Complaint, IN RE TETHER AND BITFINEX CRYPTO ASSET LITIGATION, No. 19 Civ. 9236 (KPF), 2020 WL 4282364 at ¶ 103 (S.D.N.Y. June 5, 2020). Thus, associating public bitcoin addresses and related information with a particular individual is, in fact, confidential, and akin to publicly disclosing an individual's financial account number. For each transaction recorded on the Blockchain, one case reverse-engineer the entire transaction using any of the following information: block height, transaction ID, block_hash, public bitcoin address, public bitcoin key. Therefore, once a particular individual is associated any of this information, it is essentially akin to providing that individual's financial account number.

Under this Court's Order [ECF No. 866 at p. 3] as well as under the relevant rules (Fed. R. Civ. P. 5.2, S.D. Fla. CM/ECF Admin. P. 6A), financial account numbers must be redacted only to show the last 4 digits. That is precisely what Dr. Wright has proposed in his redactions – redacting all information regarding the bitcoins except for the last 4 digits of the public bitcoin address. Indeed, when Dr. Wright previously sought to keep such financial information under seal [ECF. No. 542], this Court agreed that such information could be redacted from exhibits and

one exhibit could remail under seal entirely [ECF No. 578]. Moreover, during the trial, this Court suggested and allowed the parties to stipulate that a public bitcoin address could be truncated during trial when a potential witness testified about it. Trial Tr. Day 3 at 15:16-25 [ECF No. 839].

Other courts have recognized that bitcoin addresses are similar to bank account numbers. *United States v. Gratkowski*, 964 F.3d 307, 309 (5th Cir. 2020) ("Each Bitcoin user has at least one "address," similar to a bank account number, that is a long string of letters and numbers."); *Shin v. ICON Found.*, 2021 WL 1893117, at *2 (N.D. Cal. May 11, 2021) (describing a bitcoin address as "like the account number of a conventional bank account"); *United States v. Twenty-Four Cryptocurrency Accts.*, 473 F. Supp. 3d 1, 3 (D.D.C. 2020) (same); *United States v. Ulbricht*, 858 F.3d 71, 85, n.7 (2d Cir. 2017) (same). Indeed, counsel for plaintiff, Roche Freedman LLP, in a complaint filed in the Southern District of New York, alleged that a bitcoin address is "like the account number of a conventional bank account." Amended Consolidated Class Action Complaint, IN RE TETHER AND BITFINEX CRYPTO ASSET LITIGATION, No. 19 Civ. 9236 (KPF), 2020 WL 4282364 at ¶ 100 (S.D.N.Y. June 5, 2020).

While the exhibits at issue were admitted into evidence, the information that Dr. Wright now seeks to redact was not highlighted during the trial. Therefore, the Court's functions and the public's access to judicial proceedings would not be impaired by the proposed redactions. Indeed, the Federal Rules of Civil Procedure as well as this Court's rules contemplate and approve of the redaction of financial account numbers. Fed. R. Civ. P. 5.2, S.D. Fla. CM/ECF Admin. P. 6A. Since the bitcoin information that Dr. Wright seeks to redact is akin to financial account numbers

particularly after they are associated with him, the proposed redactions are proper and should be permitted under this Court's Order.[4]

Dated: January 31, 2022

By: s/ Amanda McGovern
ANDRES RIVERO
Florida Bar No. 613819
AMANDA MCGOVERN
Florida Bar No. 964263
ZAHARAH MARKOE
Florida Bar No. 504734
SCHNEUR KASS
Florida Bar No. 100554

**RIVERO MESTRE LLP**
2525 Ponce de Leon Boulevard, Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: amcgovern@riveromestre.com
Email: zmarkoe@riveromestre.com
Email: zkass@riveromestre.com
Email: receptionist@riveromestre.com

*Counsel for Dr. Craig S. Wright*

Respectfully submitted,

By: s/ Velvel (Devin) Freedman
Velvel (Devin) Freedman, Esq.
**ROCHE FREEDMAN LLP**
1 SE 3rd Ave., Suite 1240
Miami, FL 33131
vel@rcllp.com

Kyle W. Roche, Esq.
Joseph M. Delich
**ROCHE FREEDMAN LLP**
99 Park Avenue, Suite 1910
New York, New York 10016
kyle@rcfllp.com
jdelich@rcfllp.com

Andrew S. Brenner, Esq.
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

*Counsel for Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 31, 2022, a true and correct copy of the foregoing was filed with CM/ECF, which caused a copy to be served on all counsel of record.

/s/ Amanda McGovern
Amanda McGovern

---

[4] Dr. Wright will provide the proposed redactions to the Court by electronic means should the Court so require.