UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>       Plaintiffs,<br><br>v.<br><br>CRAIG WRIGHT,<br><br>       Defendant. | CASE NO.: 9:18-cv-80176-BB/BR |

**PLAINTIFF IRA KLEIMAN'S, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID KLEIMAN, MEMORANDUM IN OPPOSITION TO DEFENDANT CRAIG WRIGHT'S BILL OF COSTS**

Plaintiff Ira Kleiman, as personal representative of the Estate of David Kleiman (the "Estate"), by and through his undersigned counsel, hereby respectfully submits this memorandum in opposition to Craig Wright's Bill of Costs.

**I.     Background**

In the operative complaint, the Estate and Plaintiff W&K Info Defense Research, LLC ("W&K") alleged that Wright stole bitcoin and valuable intellectual property from David Kleiman and David Kleiman's company, W&K. (*See, e.g.*, DE [83] ¶¶ 7-19.) The complaint alleged a core set of factual allegations concerning Defendant's Wright's scheme to deprive the Estate and W&K of these assets. (*See id.* ¶¶ 95-159.) Because David Kleiman was deceased, virtually all of the pre-trial discovery and related activity focused on Defendant Wright's conduct.

On December 6, 2021, following nearly four years of litigation and a three-week jury trial, the jury returned a verdict in favor of W&K but against the Estate. (*See* DE [812].) Although the Estate has moved for a new trial (*see* DE [861]), Defendant Wright did not file any post-trial

motions challenging the correctness of the jury's verdict in favor of W&K. On December 7, the Court entered a $100-million final judgment in W&K's favor against Wright in connection with W&K's conversion claim. (*See* DE [814].) In his Bill of Costs, Wright now seeks over $100,000 in litigation costs from the Estate. (*See* DE [871].)

> II. **Argument**

The Court should deny Wright's Bill of Costs for at least three reasons.

***First***, the relief Wright requests is premature. "Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to receive costs other than attorneys' fees." *Arcadian Fertilizer, LP v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). On January 4, 2022, the Estate filed a motion for a new trial based on Wright's counsel's repeated, intentional violations of the Court's pretrial order excluding certain evidence. (*See* DE [861] at 1-2.) That motion is currently pending; unless and until it is decided in Wright's favor, Wright has not "prevailed" against the Estate, and is therefore not entitled to costs. *See Specialized Transp. of Tampa Bay, Inc. v. Nestle Waters N. Am., Inc.*, 2009 WL 1788373, at *1 (M.D. Fla. June 22, 2009) (denying motion for fees and costs without prejudice pending appeal); *Chavez v. Mercantil Commercebank, N.A.*, 2012 WL 12861093, at *2-3 (S.D. Fla. Aug. 20, 2012) (same); *Lamonica v. Safe Hurricane Shutters, Inc.*, 2011 WL 13173036, at *1-2 (S.D. Fla. Dec. 2, 2011) (same); *Estate of Pidcock v. Sunnyland Am., Inc.*, 726 F. Supp. 1322, 1341 (S.D. Ga. 1989) ("[T]he Court may postpone the awarding of costs until the resolution of the post-trial motions or even the resolution of any appeal."); *Two-Way Media, LLC v. AT&T Operations, Inc.*, 2014 WL 12789645, at *3 (W.D. Tex. Feb. 6, 2014) ("Defense counsel should be aware that costs are not assessed by the Court until all pending matters that affect the finality of judgment, including post-trial motions, have been ruled on.").

***Second***, even if the Court were to rule that Wright is entitled some of his costs, he has not adequately shown which of the costs he seeks were incurred in defending against the Estate's claims, as opposed to W&K's claims. In cases where a party is seeking costs against only one of its opponents, courts in this district have required the party to limit its request to costs that relate to the claims against that opponent. *See Compania Naviera Horamar v. Landstar Sys., Inc.*, 2006 WL 8434788, at *2 (S.D. Fla. Jan. 17, 2006) ("Because Landstar's Motion to Tax Costs does not discriminate between expenses incurred while defending the Naviera claim and the Lan Chile claim, this Court cannot determine which costs are taxable against Lan Chile and which are not."). Further, where a party's costs relate to claims against prevailing *and* non-prevailing adversaries, such costs should be apportioned. *See Safranek v. Wal-Mart Stores, Inc.*, 2011 WL 766218, at *1 (S.D. Fla. Feb. 25, 2011) ("To the extent an item of cost is claimed to be attributable to both claims on which the party prevailed and on which the party did not prevail, the party shall make a good faith effort to apportion the item of cost to each category and explain the basis for the apportionment."); *Rubinstein v. Keshet Inter Vivos Tr.*, 2019 WL 8275157, at *3-9 (S.D. Fla. Dec. 17, 2019) (reducing costs by half, where party failed to adequately explain whether costs were incurred in connection with claims against prevailing or non-prevailing adversary).

Here, although Wright acknowledges that certain of his costs are not recoverable as they relate to his defense of the claims brought by W&K, he does not provide any specificity with respect to which costs those are. Instead, he states in conclusory fashion that he "does not seek any costs directly related to the intellectual property, which is the subject of W&K Info Defense Research, LLC's conversion claim." (DE [871-1] at 2 n.2].). But the relevant issue is whether the costs are attributable to W&K's claims (in which case they aren't recoverable)—not whether the

3

costs relate to intellectual property; indeed throughout the litigation W&K had claims pending that related to bitcoin. (*See, e.g.*, DE [83] ¶¶ 171, 195, 215.) Wright has failed to make that showing.

***Third***, awarding Wright costs is inappropriate under the circumstances because Wright repeatedly engaged in litigation misconduct that increased the time and expense required to resolve this action. Federal Rule of Civil Procedure 54(d)(1) "establishes a presumption that costs are to be awarded to a prevailing party, but vests the district court with discretion to decide otherwise." *Chapman v. AI Transport*, 229 F.3d 1012, 1038 (11th Cir. 2000). Indeed, the presumption may be overcome whenever a district has and states a "sound basis." *Id.* at 1039. That includes where the prevailing party has engaged in litigation misconduct. *See Michael Todd Snipes v. Volusia Cty.*, 2016 WL 4203857, at *1 (M.D. Fla. June 7, 2016) (presumption overcome where non-prevailing party demonstrates "that there is some fault, misconduct, default or action worthy of penalty on the part of the prevailing party"); *Vallecillo v. Wall to Wall Residence Repairs, Inc.*, 2009 WL 837652, at *2 (S.D. Fla. Mar. 27, 2019) (denying costs where "Defense counsel engaged in improper behavior by 'judge shopping'"). That is plainly the case here, as the non-exhaustive list below demonstrates.

Wright submitted false testimony under penalty of perjury in support of his motion to dismiss for lack of personal jurisdiction. (*See* DE [512] at 3.) He submitted false testimony under penalty of perjury in support of his motion to dismiss for *forum non conveniens*. (*Id.* at 3-4.) He submitted fabricated evidence to support his motion for judgment on the pleadings (including two exhibits to that motion, which his counsel was forced to withdraw). (*Id.* at 4.) He refused to answer questions at deposition on baseless marital privilege and national security grounds, necessitating the re-opening of his deposition. (*See* DE [221] at 32:5-16.) For months, he engaged in a campaign to withhold documents relating to his bitcoin holdings—a campaign that forced the parties to

engage in extensive (and otherwise avoidable) motion practice and attend multiple hearings, that culminated in Wright committing perjury and submitting fabricated evidence to the Court in a failed attempt to deceive the Court into believing that it was "impossible" for him to produce such documents. (*See* DE [277] at 26-28 ("I have found that Dr. Wright intentionally submitted fraudulent documents to the Court, obstructed a judicial proceeding, and gave perjurious testimony. No conduct is more antithetical to the administration of justice.").) He caused additional unnecessary motion practice and hearings by incorrectly withholding more than 10,000 documents as privileged, including by invoking Plaintiff W&K's own privilege against it. (*See* DE [420] at 14; DE [454] at 20.) And at trial, his counsel disregarded the Court's pretrial order regarding evidence of the relationship between Ira and David Kleiman. (*See* DE [861] at 2-7.)

This conduct should not be rewarded with an award of the costs it helped amplify.

## CONCLUSION

The Estate respectfully submits for the foregoing reasons that the Court should deny Wright's request for costs.

Dated: February 3, 2022

Respectfully submitted,

*/s/ Devin Freedman*
Devin "Vel" Freedman, Esq.
Florida Bar No. 99762
**ROCHE FREEDMAN LLP**
200 S. Biscayne Blvd, Suite 5500
Miami, Florida  33131
Telephone: (305) 357-3861
vel@rochefreedman.com
nbermond@rochefreedman.com

Andrew S. Brenner, Esq.
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

                                                  Kyle W. Roche, Esq.
Joseph M. Delich, Esq.
*Admitted Pro Hac Vice*
**ROCHE FREEDMAN LLP**
99 Park Avenue, Suite 1910
New York, NY 10016
kyle@rochefreedman.com
jdelich@rochefreedman.com

*Counsel to Plaintiff Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC*

6

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 3, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Devin Freedman*
Devin "Vel" Freedman, Esq.