UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-80176-BLOOM/Reinhart

IRA KLEIMAN, *et al*.,

    Plaintiffs,

v.

CRAIG WRIGHT,

    Defendant.

_____/

## ORDER ON JOINT NOTICE AND REQUEST FOR JUDICIAL RULING

**THIS CAUSE** is before the Court upon the parties' Joint Notice and Request for Judicial Ruling on Proposed Redactions to Admitted Trial Exhibits, ECF No. [877] ("Motion"), filed on January 31, 2022. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised.

Following the trial in this matter, Defendant filed a Motion to File Select Exhibits Under Seal, ECF No. [823] ("Defendant's Motion"), requesting to file under seal fifty trial exhibits "that contain personal financial information, private corporate information, non-public commercial financial information, and personal information entitled to confidential treatment under law." ECF No. [823] at 1. On January 6, 2022, the Court issued an Order granting in part and denying in part Defendant's Motion. ECF No. [866]. Specifically, the Court held that Defendant had not demonstrated good cause to overcome the public's right of access to judicial documents, especially given that the exhibits were either discussed at length or introduced in open court during the widely publicized trial in this matter. *Id.* at 3. Importantly, however, the Court recognized that some of the exhibits included personally identifiable information or financial account information and permitted Defendant to redact such information from the public filing. *Id.*

The parties now request the Court's declaration as to their "narrow" disagreement—namely, whether bitcoin addresses and bitcoin transactions are akin to "personally identifiable information" or "financial account information" and should be redacted from the public filings. *See generally* ECF No. [877]. Plaintiff "suggests that these proposed redactions be disallowed" because "[p]ublic bitcoin addresses and public bitcoin transactions are not confidential, and Defendant's proposed redaction of them runs afoul of the presumption of openness of court records." *Id.* at 3. Conversely, Defendant maintains that while "the Blockchain is a public ledger that includes a lot of information[,] . . . what is not included publicly, are the individuals or entities associated with that information, which maintains the privacy and confidentiality of the individual." *Id.* at 4. Defendant explains that "[f]or each transaction recorded on the Blockchain, one [can] reverse-engineer the entire transaction using any of the following information: block height, transaction ID, block_hash, public bitcoin address, public bitcoin key." *Id.* As such, "once a particular individual is associated [with] any of this information, it is essentially akin to providing that individual's financial account number." *Id.*

Defendant also highlights that "when [he] previously sought to keep such information under seal, this Court agreed that such information could be redacted from exhibits and one exhibit could remain under seal entirely." *Id.* at 4-5 (internal citations omitted) (citing ECF Nos. [542] and [578]). Additionally, during trial, the Court "suggested and allowed the parties to stipulate that a public bitcoin address could be truncated during trial when a potential witness testified about it" and "[o]ther courts have recognized that bitcoin addresses are similar to bank account numbers." *Id.* at 5 (citations omitted). Moreover, Defendant represents that "[w]hile the exhibits at issue were admitted into evidence, the information that [he] now seeks to redact was not highlighted during trial" and, thus, "the Court's functions and the public's access to judicial proceedings would not be impaired by the proposed redactions." *Id.* at 5.

Evaluating the instant Motion, the Court finds that Defendant has demonstrated good cause to support the redactions of the bitcoin addresses and bitcoin transactions from the public filings. The Court certainly recognizes that "the common-law right of access to judicial proceedings . . . is instrumental in securing the integrity of the process." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 564-74 (1980)). However, that right is not absolute and "may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (citation omitted).

Plaintiff does not dispute that while bitcoin address and bitcoin transactions are publicly available, the individuals and entities associated with that information are private. Additionally, as Defendant correctly highlights, other courts have recognized that bitcoin addresses are similar to bank account numbers. *See United States v. Gratkowski*, 964 F.3d 307, 309 (5th Cir. 2020) ("Each Bitcoin user has at least one 'address,' similar to a bank account number, that is a long string of letters and numbers."); *Shin v. ICON Found.*, No. 20-CV-07363-WHO, 2021 WL 1893117, at *2 (N.D. Cal. May 11, 2021) (describing bitcoin address as an "account number of a conventional bank account."); *United States v. Twenty-Four Cryptocurrency Accts.*, 473 F. Supp. 3d 1, 3 (D.D.C. 2020) ("Bitcoin is sent and received using a virtual 'address' made up of a unique string of characters akin to a bank account number; each address is controlled through a password, or private 'key.'").

Accordingly, the Court agrees with Defendant that the bitcoin information he seeks to redact is akin to a financial account number or personally identifiable information. As such, the Court finds that Defendant's interest in maintaining the privacy and financial security of his bitcoin addresses and transactions significantly outweighs the public interest in accessing the information.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The parties' Joint Notice and Request for Judicial Ruling on Proposed Redactions to Admitted Trial Exhibits, **ECF No. [877]**, is **GRANTED**.

2. Defendant is permitted to redact the bitcoin addresses (all characters of those addresses except for the last four) and references to bitcoin transactions contained in the subject trial exhibits.

3. **On or before February 18, 2022**, Defendant shall file the subject trial exhibits in their redacted form.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 8, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record