UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

    plaintiffs,

v.                                        Case No. 9:18-cv-80176 (BB/BR)

CRAIG WRIGHT,

    defendant.
_____/

## DR. CRAIG WRIGHT'S REPLY IN SUPPORT OF HIS BILL OF COSTS

It is undisputed that Dr. Wright is the prevailing party as to the claims brought by the Estate.[1] Moreover, the Estate does not dispute or object to any of the specific costs requested by Dr. Wright in his Bill of Costs. Instead, as addressed further below, the Estate incorrectly argues that the Court should deny Dr. Wright's Bill of Costs because: (1) there is a pending motion for new trial; (2) Dr. Wright has not adequately demonstrated which costs were incurred by Dr. Wright in defending against the Estate's claims as opposed to W&K's claims; and (3) Dr. Wright and his counsel allegedly engaged in litigation misconduct. Because Dr. Wright is the prevailing party and the requested costs are reasonable, the Court should grant Dr. Wright's Bill of Costs.

I.    ARGUMENT

A. **The Court Should Not Deny Dr. Wright's Bill of Costs Because He is The Prevailing Party as To the Estate.**

The Estate's request to deny Dr. Wright's Bill of Costs due to its pending motion for new trial should be denied as unsupported by the law and contrary to the regular practice of the court.

---

[1] Abbreviations are the same as described in the Memorandum of Law in Support of Dr. Craig Wright's Bill of Costs. [D.E. 871-1].

The cases cited by the Estate to support the denial are all inapposite and distinguishable. Except for two of the cases, all the cases cited by the Estate involve pending *appeals*, and those cases still acknowledge that such a denial is at the discretion of the court and can only be denied without prejudice. [D.E. 880 at p. 2]. In *Est. of Pidcock By & Through Pidcock v. Sunnyland Am., Inc.*, 726 F. Supp. 1322 (S.D. Ga. 1989), the non-prevailing party moved for a *continuance* not a denial of taxation of costs, and that motion was unopposed. Moreover, in *Pidcock*, the issue of damages remained an outstanding issue, and therefore, there would likely be more taxable costs forthcoming. 726 F. Supp. at 1341. *Two-Way Media, LLC v. AT&T Operations, Inc.*, 2014 WL 12789645 (W.D. Tex. Feb. 6, 2014) did not involve taxation of costs at all, but rather a request for an extension of time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a).

Indeed, even a stay of the taxation of costs, again, pending an appeal, is the exception, not the rule; and it is contrary to the regular practice of the courts in this Circuit, especially where, as here, the movant fails to address any factors for consideration of a stay. *See Davis v. City of Apopka*, 2020 WL 4740521, at *2 (M.D. Fla. 2020) (denying stay where movant did not address any factors for consideration of a stay, "relying only on [movant's] argument that the [prevailing party's] motion is 'premature'."); *Sunderland v. Bethesda Hosp., Inc.*, 2016 WL 7469952, at *3 (S.D. Fla. 2016) (denying request to stay pending appeal "as contrary to the regular practice of the Court."). "The Court's regular practice . . . is not to stay matters collateral to a final judgment, principally involving fees or costs issues, to avoid piecemeal appeals to the Eleventh Circuit." *King Cole Condo Ass'n*, 2010 WL 3212091, at *1 (S.D. Fla. 2010). As such, the Court should award Dr. Wright his taxable costs now.

### B. Dr. Wright's Costs Were Incurred in Defending against the Estate's Claims.

In its response, the Estate argues that Dr. Wright failed to adequately show which costs were incurred in defending against the Estate's claims versus costs incurred in defending against W&K's claims. The Estate, however, fails to articulate which specific costs, if any, relate only to W&K's claims. As such, the Estate has failed to meet its burden in challenging the award of taxable costs to Dr. Wright. *See Eugene v. 3Don & Partner Estate Group, LLC*, 2009 WL 996016, at *14 (S.D. Fla. Apr. 14, 2009) (finding that the burden lies with the challenging party to show that costs were not related to an issue in the case at the time they were taken, and thereby show they were not wholly or partially "necessarily obtained for use in the case."); *Lavora v. NCL (Bahamas) Ltd.*, 2017 WL 5308511, at *2 (S.D. Fla. 2017) ("Upon the filing of a timely motion or bill of costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the costs requested fall outside the scope of this statute or were otherwise unreasonable.")

In addition, all the costs requested in Dr. Wright's Bill of Costs were incurred by Dr. Wright in defending against the Estate's claims as set forth in Dr. Wright's memorandum in support of his Bill of Costs. [D.E. 871-1]. Any costs that Dr. Wright was able to segregate as relating solely to W&K's claims were not sought by Dr. Wright in his Bill of Costs. For example, Dr. Wright does not seek any costs for the deposition transcripts of Jimmy Nguyen or the corporate representative of W&K, as those witnesses testimony were germane solely to W&K's claims and not to the Estate's claims. Dr. Wright, however, is entitled to any costs that are inextricably intertwined between the Estate and W&K's claims. *See Davis v. Tampa Bay Arena, Ltd.*, 2013 WL 5798603, at *2 (M.D. Fla. 2013) (denying apportionment and awarding

full amount of costs where the claims on which the prevailing party succeeded were "inextricably intertwined with the other remaining claims.")

None of the cases cited by the Estate stand for the proposition that Dr. Wright's costs should be denied in their entirety. *See Compania Naviera Horamar v. Landstar Sys., Inc.*, 2006 WL 8434788 at *2 (S.D. Fla. 2006) (permitting the prevailing party to refile its motion for taxable costs to make specific references to costs incurred in defending cross claim for indemnification and contribution)[2]; *Rubinstein v. Keshet Inter Vivos Tr.*, 2019 WL 8275157 at *4 (S.D. Fla. 2019) (holding that even where the prevailing party failed to provide an adequate explanation of how the charges related to the losing party and where it was difficult to determine without explanation, apportionment or splitting the baby was appropriate.) In addition, in the cases relied on by the Estate, the prevailing parties sought *all* costs incurred, regardless of whether the cost related to the claims on which they prevailed, and the parties made no attempt to establish why they would be entitled to all costs. *See, e.g., Safranek v. Wal-Mart Stores, Inc.*, 2011 WL 766218 at *1 (S.D. Fla. 2011) (where both prevailing parties sought all costs, court ordered the parties to resubmit their request for costs and limit the re-filed "requests to costs that relate to the claims on which they prevailed"). In contrast, Dr. Wright does not attempt to seek *all* costs he incurred in the litigation. Instead, he segregated costs which were not incurred in defending against the Estate's claims and seek no such costs.

As such, the Court should award Dr. Wright all taxable costs requested in his Bill of Costs.

---

[2] Notably, it is all but assured that a cross claim for indemnification and contribution would not involve the same costs as the primary claim. Thus, it makes sense that since the claims were not inextricably intertwined, they should be separated.

### C. Dr. Wright Should Not Be Penalized by Denying His Bill of Costs.

The Estate requests the Court deny costs that Dr. Wright is entitled to due to alleged litigation misconduct. [D.E. 880 at p. 4]. "Under Federal Rule 54(d)(1) there is a strong presumption that the prevailing party will be awarded costs." *Davis*, 2020 WL 4740521, at *1. "[T]he presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined—the court must award costs unless it states good reasons for denying them . . . Generally, only misconduct by the prevailing party worthy of a penalty . . . will suffice to justify denying costs." *Goncharenko v. Royal Caribbean Cruises, Ltd.*, 2017 WL 11220363, at *2 (S.D. Fla. 2017), *report and recommendation adopted*, 2017 WL 11220356 (S.D. Fla. 2017) (internal citations omitted).

Dr. Wright's alleged misconduct is not "worthy of a penalty" to overcome the presumption of awarding costs. *E.g. Rodriguez v. M.I. Quality Lawn Maint., Inc.*, 2012 WL 664275, at *3 (S.D. Fla. 2012), *report and recommendation adopted*, 2012 WL 664274 (S.D. Fla. 2012) (rejecting plaintiff's claim that defendants are not entitled to costs due to their failure to produce . . . records); *Smith v. Royal Caribbean Cruises, Ltd.*, 2015 WL 11017952, at *3 (S.D. Fla. Apr. 14, 2015) ("Plaintiff argues that costs . . . should not be recoverable based on his previous arguments that Defendant's behavior in the litigation was sanctionable. Again, we find that such an argument is inconsequential in analyzing a motion for taxable costs."); *Cobb v. City of Roswell, Ga.*, 987 F. Supp. 2d 1319, 1328 (N.D. Ga. 2013) ("Although perhaps some of Defendant's litigation conduct was unnecessary, Plaintiff has failed to convince the Court that, based on Defendant's conduct, it should be denied costs to which it is entitled as a prevailing party under § 1920."). In any event, Dr. Wright has already been sanctioned by this Court for his discovery conduct, and he should not be penalized for it again. [D.E. 512]. Moreover, the

Estate's allegations regarding Dr. Wright's counsel during trial is disputed as set forth in Dr. Wright's Opposition to the Estate's Motion for New Trial (D.E. 869), and that dispute is currently being adjudicated by Judge Bloom. To imply through the Estate's request for denial of costs that those alleged violations were either intentional or so egregious that they rose to the level of litigation misconduct is unfounded. Accordingly, the Court should grant Dr. Wright's request for taxable costs.

## II. CONCLUSION

For all the good and sufficient reasons set forth above, the Court should grant Dr. Wright's requests for taxable costs.

Dated: February 10, 2022

Respectfully submitted,

By: *s/Amanda L. Fernandez*
ANDRES RIVERO
Florida Bar No. 613819
AMANDA MCGOVERN
Florida Bar No. 964263
AMANDA L. FERNANDEZ
Florida Bar No. 106931
ZAHARAH MARKOE
Florida Bar No. 504734

RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard,
Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: amcgovern@riveromestre.com
Email: zmarkoe@riveromestre.com
Email: receptionist@riveromestre.com

**CERTIFICATE OF SERVICE**

      I CERTIFY that on February 10, 2022, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

      */s/ Amanda L. Fernandez*