UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-80176-BLOOM/Reinhart

IRA KLEIMAN, *et al*.,

       Plaintiffs,

v.

CRAIG WRIGHT,

       Defendant.

_____/

ORDER ON MOTION FOR NEW TRIAL

**THIS CAUSE** is before the Court upon the Estate of David Kleiman's ("Estate") Motion for a New Trial Based on Violations of Order Excluding Sibling Relationship Evidence, ECF No. [861] ("Motion"). Defendant Craig Wright ("Defendant") filed an Opposition to the Motion, ECF No. [869] ("Response"), to which Plaintiff filed a Reply, ECF No. [875] ("Reply"). The Court has carefully reviewed the Motion, all opposing and supporting materials, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

## I.    BACKGROUND

The Court assumes the parties' familiarity with the general factual allegations and evidence presented at the trial. On February 14, 2018, the Estate and W&K Info Defense Research, LLC ("W&K") (collectively, "Plaintiffs") initiated this action concerning a dispute over the ownership of bitcoins and bitcoin-related intellectual property. On January 14, 2019, Plaintiffs filed the operative Second Amended Complaint ECF No. [83] ("Complaint"), asserting the following claims for relief: conversion (Count I); unjust enrichment (Count II); misappropriation (Count III); violation of the Defense of Trade Secrets Act (Count IV); breach of fiduciary duty (Count V);

breach of partnership duties of loyalty and care (Count VI); fraud (Count VII); constructive fraud (Count VIII); permanent injunction (Count IX); and civil theft (Count X).[1]

Following a 21-day jury trial commencing on November 1, 2021, the jury returned a verdict solely in favor of W&K as to its conversion claim against Defendant. ECF No. [812]. As to this claim, the jury awarded W&K $100,000,000.00. *Id*. On December 7, 2021, the Court entered Final Judgment reflecting the jury's award. ECF No. [814]. The Estate now moves for a new trial on its claims pursuant to Rule 59 of the Federal Rules of Civil Procedure. *See generally* ECF No. [861]. The Estate argues that notwithstanding the Court's Order on Motion *in Limine* excluding evidence about Ira Kleiman's relationship with his brother David Kleiman, except as to the siblings' dinner conversation on Thanksgiving Day 2009, Defendant "inappropriately focused the jury's attention on the brothers' relationship more than ten times during trial." *Id.* at 1-2; *see also* ECF No. [623] ("Order").[2]

The Estate maintains that: (1) the references to the sibling relationship suggested to the jury that the relationship between David and Ira Kleiman was a valid consideration in deciding the Estate's claims; (2) defense counsel made several references to the sibling relationship; (3) the Court overruled the Estate's objections to defense counsel's questioning on the sibling relationship; (4) the Estate could not correct misleading aspersions that Defendant cast on the sibling relationship; and (5) there is direct information demonstrating that Defendant's violation

---

[1] On December 27, 2018, the Court dismissed with prejudice as time barred Plaintiffs' claims for misappropriation (Count III) and violation of the Defense of Trade Secrets Act (Count IV) under a preceding version of the Complaint. *See* ECF No. [68].

[2] In the Order, the Court held that "[e]vidence about Ira Kleiman's sibling-relationship with [David] Kleiman is excluded except as to the Thanksgiving Day 2009 dinner conversations." ECF No. [623] at 16. The Court explained that the "post-2009 relationship evidence has little bearing, if any, on material issues in dispute in this case" and that evidence regarding "whether Ira Kleiman visited his brother at the hospital, spoke to him infrequently, or whether [David] Kleiman mentioned Ira Kleiman to others had limited probative value but substantial capacity to cause undue prejudice." *Id.* at 15.

of the Order affected the jury's deliberations. ECF No. [861] at 9-12. Defendant opposes the Motion. *See generally* ECF No. [869].

## II. LEGAL STANDARD

Among other relief, a court may grant a new jury trial under Rule 59 "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a). For instance, a party may assert that "the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940). Thus, a motion for new trial should be granted "when the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Brown v. Sheriff of Orange Cnty., Fla.*, 604 F. App'x 915 (11th Cir. 2015) (quoting *Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001)); *see Tucker v. Hous. Auth. of Birmingham Dist.*, 229 F. App'x 820, 826 (11th Cir. 2007) ("[N]ew trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence.").

"[G]ranting motions for new trial touches on the trial court's traditional equity power to prevent injustice and the trial judge's duty to guard the integrity and fairness of the proceedings before [her]." *Sherrod v. Palm Beach Cnty. Sch. Dist.*, 237 F. App'x 423, 424 (11th Cir. 2007) (quoting *Christopher v. Florida*, 449 F.3d 1360, 1366 n.4 (11th Cir. 2006)). Ultimately, "motions for a new trial are committed to the discretion of the trial court." *Montgomery v. Noga*, 168 F.3d 1282, 1295 (11th Cir. 1999); *Steger v. General Elec. Co.*, 318 F.3d 1066, 1081 (11th Cir. 2003) (citing *Deas v. PACCAR, Inc.*, 775 F.2d 1498, 1503 (11th Cir. 1985)) ("A district court is permitted wide discretion in considering a motion for new trial based on an erroneous jury instruction.").

### III. DISCUSSION

The Estate argues that a new trial is warranted based upon the misconduct of defense counsel in violating the Court's Order. *See generally* ECF No. [861]. The Estate maintains that the parties vigorously litigated, in pretrial motions *in limine*, Defendant's ability to inject Ira Kleiman's relationship with his brother David Kleiman into the trial as an attempt to persuade the jury that the Estate should not recover because Ira was somehow undeserving. *Id.* at 1. Yet, according to the Estate, despite the Court's exclusion of evidence about the brothers' relationship, except for the Thanksgiving Day 2009 conversation, "Defendant inappropriately focused the jury's attention on the brothers' relationship more than ten times during trial." *Id.* at 2; *see also* ECF No. [838] at 184:19-24; ECF No. [839] at 149:22-150:24; ECF No. [840] at 23:12-24:1, 84:1-2, 135:22-136:3, 173:13-25; ECF No. [841] at 68:7-21, 70:16-21.

The Estate maintains that a new trial on its claims is necessary and, in support, raises five overarching arguments. First, "the more than ten references to the relationship between David and Ira Kleiman by counsel for Defendant improperly suggested to the jury that the sibling relationship was a valid consideration in deciding the Estate's claims." ECF No. [861] at 9. Second, "[t]he timing, number, and manner of references shows that Defendant intentionally elicited the evidence about the relationship between David and Ira and meant to focus the jury's attention on the issue." *Id.* at 10. Third, "[t]he prejudice to the Estate was amplified by the overruling of early objections to Defendant's counsel raising the issue of the sibling relationship." *Id.* at 11. Fourth, "Plaintiffs— abiding by the Court's order—did not have the opportunity to correct the misrepresentations made to the jury about the brothers' relationship." *Id.* Fifth, a legal media outlet secured an interview with a juror, who related that "'[i]n three years [Ira] didn't go to the hospital' to visit David 'clouded [the juror's] view as far as what the actual record stated.'" *Id.* at 12 (alterations in original) (quoting ECF No. [861-7] at 3).

4

Case No. 18-cv-80176-BLOOM/Reinhart

In response, Defendant maintains that a new trial is not warranted, challenging each of the ten references to the siblings' relationship that forms the basis of the Estate's Motion. *See generally* ECF No. [869]. First, Defendant argues that the Estate waived any claimed error in admitting evidence as to five questions because it "never objected, never moved to strike the answers, and never asked for a curative instruction[.]" *Id.* at 5 (emphasis omitted) (citing ECF No. [840] at 23:12-19, 84:1-2, 135:22-136:3, 173:12-25; ECF No. [838] at 184:19-24). Second, as for the three questions to which the Court sustained the Estate's objections, *see* ECF No. [840] at 23:20-24:1; ECF No. [841] at 68:7-21, 70:16-21, Defendant argues that "[t]hese three (unanswered) questions cannot be grounds for a new trial because questions are not evidence." ECF No. [869] at 9 (emphasis omitted). Third, as for the two remaining questions to which the Court overruled the Estate's objections, *see* ECF No. [839] at 149:22-150:24, Defendant argues that "the Court plainly had discretion to overrule [the Estate's] two objections in light of the evidence that had been introduced, and decide that those two questions did not upset the balancing test of Rule 403, even if that might have amounted to a 'modification' of the Order (it did not)." ECF No. [869] at 11.

In the alternative, Defendant maintains that even if there was an error regarding any of the ten challenged references, the evidence was cumulative and therefore harmless. *Id.* at 12-16. According to Defendant, "there was extensive other evidence in the record (some proffered by [the Estate] of a limited relationship between the brothers." *Id.* at 13. Specifically, the lack of testimony from Ira Kleiman about seeing David Kleiman "demonstrated that they were not close" and "Ira also volunteered testimony that they never discussed David's lengthy hospitalizations and health issues, as one would reasonably expect brothers to do[.]" *Id.* at 14 (citing ECF No. [839] at 176:18-177:1. On the other hand, Kimon Andreou, David Kleiman's best friend, "testified that he visited David daily in the hospital and spoke to him every day" and "testified at length about their text messages, which discussed David's personal life, including his health issues." *Id.* (citing ECF No.

[848] at 99:3-16, 110:6-19). Additionally, Defendant maintains that because "[t]he jury awarded no bitcoin-related damages either to the Estate or to W&K . . . there must have been something other than the 'relationship evidence' that caused the jury to reject all of W&K's bitcoin-related damages claims." *Id.* at 15. Further, Defendant avers that even "the Law 360 article the Estate relies on[] suggests that [P]laintiffs failed to prove David Kleiman was a bitcoin miner, much less a bitcoin coder, and this failure of proof applied equally to the claims of W&K and the Estate[.]" *Id.* (footnote omitted) (citing ECF No. [861-7] at 2).

"The standard for determining whether a jury verdict should be set aside as a result of misconduct of counsel is whether the conduct was 'such as to impair gravely the calm and dispassionate consideration of the case by the jury.'" *Bank Atlantic v. Blythe Eastman Paine Webber, Inc.*, 955 F.2d 1467, 1474 (11th Cir. 1992) (citation omitted). In making this determination, courts "look to the entire argument, the context of the remarks, the objection raised, and the curative instruction[.]" *Allstate Ins. Co. v. James*, 845 F.2d 315, 318 (11th Cir. 1988) (citation omitted).

Upon review of the record and consideration of the parties' briefings, the Court finds the Estate's arguments are unpersuasive and insufficient to warrant a new trial. First, the Court highlights that the Estate failed to object at trial to many of the questions with which it now takes issue, ECF No. [838] at 184:19-24; ECF No. [840] at 84:1-2, 135:22-136:3. *See Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1285 (11th Cir. 2000) ("Generally, a party must object to preserve error in the admission of testimony, even when a party or a court violates an in limine ruling."); *see also ML Healthcare Servs., LLC v. Publix Super Markets, Inc.*, 881 F.3d 1293, 1305 (11th Cir. 2018) ("A motion *in limine* may preserve an objection when the district court has 'definitively' ruled on the matter at issue . . . But 'if the opposing party violates the terms of the initial ruling, objection must be made when the evidence is offered to preserve the claim of error for appeal.'"

(internal citation omitted) (quoting Fed. R. Evid. 103 advisory committee's note to the 2000 Amendments))).

Additionally, the Estate did not move to strike any testimony elicited regarding the brothers' sibling relationship, nor did it request a curative instruction at any point during the lengthy 21-day jury trial.[3] *See* ECF No. [838] at 184:19-24; ECF No. [839] at 149:22-150:24; ECF No. [840] at 23:12-24:1, 84:1-2, 135:22-136:3, 173:13-25; ECF No. [841] at 68:7-21, 70:16-21. Under these circumstances, the Court concludes that the Estate's failure to raise a contemporaneous objection, move to strike any testimony, or seek a curative instruction effectively waived its ability to raise any objection post-trial on the basis that Defendant's questions and/or the testimony Defendant elicited were unduly prejudicial. As such, "any prejudice suffered by [the Estate] is due to [it's] own failure to bring the matter to the Court's attention in a timely manner before the jury's verdict." *Barragan v. LCT Transp. Servs., Inc.*, No. 00-2040-CIV, 2002 WL 32248046, at *2 (S.D. Fla. Mar. 15, 2002), *aff'd sub nom. Barragan v. LCT Transp.*, 65 F. App'x 713 (11th Cir. 2003); *see also* ECF No. [623] at 3 ("[i]n light of the preliminary or preemptive nature of motions *in limine*, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" (citations omitted)).

Nonetheless, even if the Court were to assume that the Estate preserved any claim of error as to references of the brothers' sibling relationship, the Court is not persuaded that Defendant's

---

[3] The Court notes that while the Estate takes issues with three questions to which the Court sustained its objections, *see* ECF No. [840] at 23:20-24:1; ECF No. [841] at 68:7-21, 70:16-21, the Court instructed the jury at the outset of trial that "the lawyers' questions and objections are not evidence. Only the witnesses' answers are evidence." ECF No. [837] at 174:18-19. The Court further instructed the jury that "when I sustain an objection to a question, you must ignore the question and not guess what the answer might have been." *Id.* at 175:9-11. *See United States v. Colston*, 4 F.4th 1179, 1192 (11th Cir. 2021) ("We always presume that a jury follows its instructions." (citing *United States v. Brown*, 983 F.2d 201, 202 (11th Cir. 1993))).

Case No. 18-cv-80176-BLOOM/Reinhart

purported misconduct was so prejudicial as to warrant a new trial. As Defendant correctly argues, there was other evidence in the record demonstrating a limited relationship between Ira and David Kleiman. Indeed, Ira Kleiman voluntarily testified that he and David Kleiman did not discuss David's lengthy hospitalizations or serious health conditions:

> Q. Your brother knew that he was not in good health?
>
> A. He didn't really have those kind of discussions with me. I'm not exactly sure --
> you know, he didn't mention specifically like what kind of health condition he was
> in.
>
> Q. Your brother was hospitalized almost every day of the last two years of his life
> in the VA hospital here in Miami, was he not?
>
> A. Yes. But I'm just saying he didn't really discuss that kind of stuff with me.

ECF No. [839] at 176:18-177:1. Conversely, Kimon Andreou, David Kleiman's best friend, testified extensively about their text messages discussing David's personal life and health issues. ECF No. [848] at 110:6-114:14, 117:8-122:10.

Moreover, the Law360 article the Estate relies upon does not support its position that the references of the siblings' relationship affected the jury's verdict. Rather, the quotes contained in the article demonstrate that Plaintiffs failed to prove that David Kleiman mined or coded bitcoin:

> '*They never proved to me without a shadow of a doubt that he was involved in
> bitcoin in any way*,' the juror said. '*Everybody said he wasn't a miner, he wasn't a
> code*r. I just felt like he may have written papers for Dr. Wright, and that's where
> their friendship was.' Jurors deliberated for more than a week, as the two holdouts
> in Kleiman's camp pored through all the evidence, according to the juror. 'They
> finally realized there was no positive connection with bitcoin,' the juror said.
> '*That's when they agreed that as far as liability towards bitcoin, there was none*.'

*See* ECF No. [861-7] at 2 (emphasis added). As such, the Court can hardly conclude that the jury awarded no bitcoin-related damages because of the Defendant's references to the brothers' sibling relationship. Rather, based upon the record in this case, the jury failed to award damages to the Estate on any of its claims due to the Estate's failure to meet its burden of proof at trial, not Defendant's purported misconduct.

Lastly, the Court is not persuaded that the principal authority cited by the Estate supports its position that a new trial is warranted. *See Christopher v. Florida*, 449 F.3d 1360, 1365 (11th Cir. 2006) (affirming district court's grant of new trial where, among other factors, "Plaintiff's counsel's improper closing argument prejudiced the substantial rights of Defendants by taking away from Defendants the benefits of the partial summary judgment they had won before trial and by incorrectly expanding the grounds for liability at trial to include grounds ruled out by the court."); *McWhorter v. City of Birmingham*, 906 F.2d 674 (11th Cir. 1990) (same, where counsel argued an excluded theory "in the rebuttal portion of [his] argument, immediately before the jury began to deliberate; defense counsel had no opportunity to respond to these claims; and the jury noticed that" a document referenced during closing, which was based on the excluded theory and not admitted into evidence, "was not included in the exhibits."); *Goodman v. Safeco Insurance Co. of Illinois*, No. 8:13-cv-2641-T-30EAJ, 2015 WL 898696 (M.D. Fla. Mar. 3, 2015) (granting motion for new trial where counsel's commentary during closing argument "encouraged the jury to decide the case not on the merits, but on the idea that the insurance company would be cheating an innocent and injured third party.").

Here, Defendant never urged the jury at any point during trial, let alone during closing argument, to decide the Estate's claims on an improper basis—namely, that the siblings were estranged, and Ira Kleiman was, therefore, undeserving. Rather, the Court can ascertain several proper purposes for the challenged evidence. This includes establishing the implausibility of the Thanksgiving Day 2009 conversation, relevant dates, and Ira Kleiman's personal knowledge of David Kleiman's finances. Moreover, the jury was properly instructed that their decision must be based on the actual evidence presented and they must not be influenced by any sympathy or prejudice toward against any party. *See* ECF No. [851] at 20:9-11 ("Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy

for or prejudice against anyone."); *see also id.* at 44:12-15 ("You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases."); *see also Ash v. Tyson Foods, Inc.*, 664 F.3d 883, 898 (11th Cir. 2011) ("We presume that juries follow the instructions given to them." (quoting *United States v. Lopez*, 649 F.3d 1222, 1237 (11th Cir. 2011))).

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [861]**, is **DENIED** consistent with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 28, 2022.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record