UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-80176-BLOOM/Reinhart

IRA KLEIMAN, *et al*.,

    Plaintiffs,
v.

CRAIG WRIGHT,

    Defendant.
_____/

**ORDER ON MOTION TO AMEND FINAL JUDGMENT**

**THIS CAUSE** is before the Court upon Plaintiff W&K Info Defense Research, LLC's ("W&K") Motion to Alter or Amend Judgment to Add Prejudgment Interest, ECF No. [860] ("Motion"), filed on January 4, 2022. Defendant Craig Wright ("Defendant") filed an Opposition to the Motion, ECF No. [870] ("Response"), to which W&K filed a Reply, ECF No. [874] ("Reply"). The Court has carefully reviewed the Motion, all opposing and supporting materials, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I. BACKGROUND**

On February 14, 2018, the Estate of David Kleiman and W&K (collectively, "Plaintiffs") initiated this action concerning a dispute over the ownership of bitcoins and bitcoin-related intellectual property. ECF No. [1]. On January 14, 2019, Plaintiffs filed the operative Second Amended Complaint ECF No. [83] ("Complaint"), asserting the following claims for relief: conversion (Count I); unjust enrichment (Count II); misappropriation (Count III); violation of the Defense of Trade Secrets Act (Count IV); breach of fiduciary duty (Count V); breach of partnership duties of loyalty and care (Count VI); fraud (Count VII); constructive fraud (Count

VIII); permanent injunction (Count IX); and civil theft (Count X).[1] Following a 21-day jury trial commencing on November 1, 2021, the jury awarded $100,000,000.00 to W&K for conversion of intellectual property. ECF No. [812]. On December 7, 2021, the Court entered Final Judgment reflecting the jury's award. ECF No. [814].

Plaintiff W&K now seeks to amend the Final Judgment to include prejudgment interest in the amount of $43,132,492.48. *See generally* ECF No. [860]. Specifically, W&K argues that, under Florida law, it "is entitled to prejudgment interest from the date of its loss"—*i.e.*, "the date of the conversion." *Id.* at 2. W&K maintains that "for the purpose of affixing a date for the commencement of prejudgment interest, there can be no dispute that November 6, 2013 is the appropriate date." *Id.* at 3. In so arguing, W&K points out neither party denied that Defendant "seized control over the intellectual property at issue under the auspices of two Australian Court Judgments." *Id.* Nor did the parties dispute "that the latest of those Judgments was entered on November 6, 2013." *Id.* W&K further highlights that Defendant "himself argued that the 'very latest date' this conversion 'could possibly have accrued[,] was November 6, 2013.'" *Id.* (quoting ECF No. [487] at 16) (alteration in original). Thus, W&K seeks prejudgment interest from November 6, 2013 (the date of conversion) through December 7, 2021 (the date of Final Judgment). *Id.* at 3-4.

Defendant responds that he "does not dispute that [W&K] is entitled to recover prejudgment interest on its damages award for conversion of intellectual property." ECF No. [870] at 1. However, Defendant maintains that W&K is entitled to $500,767.04, at most, in prejudgment interest. *Id.* at 2. Specifically, Defendant explains that "[a]s a matter of law, W&K may be awarded

---

[1] On December 27, 2018, the Court dismissed with prejudice as time barred Plaintiffs' claims for misappropriation (Count III) and violation of the Defense of Trade Secrets Act (Count IV) under a preceding version of the Complaint. *See* ECF No. [68].

2

interest only from the date the jury adopted for the valuation of the intellectual property, through the date of judgment." *Id.* at 3. And while "the jury was not asked to specify the date it chose for its valuation . . . , W&K argued and requested that its damages should be awarded based on the property's highest value." *Id.* Thus, according to Defendant, "[i]n view of the law and the Court's instructions to the jury, any award of prejudgment interest should be measured from October 30, 2021 (the date of the intellectual property's highest asserted value), through the date of the final judgment on December 7, 2021. *Id.* at 3-4.[2] Defendant further argues that awarding W&K eight years of prejudgment interest "would award W&K an improper windfall, because the jury did not award it damages based on the property's value on November 6, 2013." *Id.* at 5.

W&K replies that "there is absolutely no basis for Defendant's assertion that October 30, 2021 is 'the date the jury adopted for the valuation of the intellectual property.'" ECF No. [874] at 2 (citing ECF No. [870] at 3) (internal citation omitted). W&K maintains that "Defendant's entire argument is founded on a single piece of evidence that the jury flatly declined to accept"—namely, "an October 30, 2021 social media post by [Defendant], in which he stated that the W&K intellectual property was worth $252 billion." *Id.* at 2. According to W&K, in light of the evidence in the record, "it is clear that the jury concluded that the subject property had a $100 million value from at or near the time of conversion" and "declined to credit" evidence that the value of the intellectual property increased over the years. *Id.* at 3. W&K further argues that Defendant has

---

[2] For purposes of calculating conversion damages, the Court instructed the jury as follows:

> If you find for the Estate of David Kleiman or W&K on conversion, you should award the Estate of David Kleiman or W&K the quantity of assets, if any, you determine were converted and the value of those assets. Plaintiffs are entitled to the highest value of the assets between the time of conversion and the date of your verdict.

ECF No. [851] at 40:15-20; *see also* ECF No. [800-1] at 18.

failed to present any evidence showing that "an award of prejudgment interest to W&K from the 2013 date of conversion would be unjust, inequitable, or unfair to anyone in any way." *Id.* at 5.

The Motion is ripe for the Court's consideration.

## II. LEGAL STANDARD

Rule 59(e) of the Federal Rules of Civil Procedure permits a party to file a motion to alter or amend a judgment within 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). The United States Supreme Court and the Eleventh Circuit Court of Appeals have made clear that a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *see also Stansell v. Revolutionary Armed Forces of Columbia*, 771 F.3d 713, 746 (11th Cir. 2014); *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999) (recognizing that Rule 59(e) motions may only be granted based on "newly-discovered evidence or manifest errors of law or fact."); *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) ("A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."). "The decision to alter or amend a judgment is committed to the sound discretion of the district court." *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992); *see also Stansell*, 771 F.3d at 746.

## III. DISCUSSION

### A. Entitlement to Prejudgment Interest

The parties agree that Plaintiff W & K is entitled to recover prejudgment interest on its damages award for conversion of intellectual property. The parties' dispute centers on whether W&K, as requested, is entitled to prejudgment interest from November 6, 2013 through December 7, 2021. In this diversity case, the availability of prejudgment interest is governed by state law. *See SEB S.A. v. Sunbeam Corp.*, 476 F.3d 1317, 1320 (11th Cir. 2007) ("In a diversity case we

follow the state law governing the award of prejudgment interest." (quoting *Royster Co. v. Union Carbide Corp.*, 737 F.2d 941, 948 (11th Cir. 1984))) (alteration adopted).

Under Florida law, "prejudgment interest is merely another element of pecuniary damages." *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 214 (Fla. 1985). "The purpose of the award of prejudgment interest is to make the plaintiff whole from the date of the loss once the jury determines the defendant's liability for damages and their amount." *Sterling Villages of Palm Beach Lakes Condo. Ass'n, Inc. v. Lacroze*, 255 So. 3d 870, 872 (Fla. 4th DCA 2018) (quoting *Capitol Env't Servs., Inc. v. Earth Tech, Inc.*, 25 So. 3d 593, 597 (Fla. 1st DCA 2009). Thus, "when a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss." *Argonaut*, 474 So. 2d at 215 ("[I]t is a purely ministerial duty of the trial judge or clerk of the court to add the appropriate amount of interest to the principal amount of damages awarded in the verdict."); *see also Lacroze*, 255 So. 3d at 872 ("Once liquidated damages have been determined, a trial court must award prejudgment interest." (quoting *SP Healthcare Holdings, LLC v. Surgery Ctr. Holdings, LLC*, 208 So. 3d 775, 780 (Fla. 2d DCA 2016))).

A court, however, has discretion to deny or reduce prejudgment interest if the award would be inequitable. *See Validsa, Inc. v. PDVSA Servs., Inc.*, 424 F. App'x 862, 878 (11th Cir. 2011) ("[T]he law is not absolute and may depend on equitable considerations." (citation omitted)); *see also Broward Cnty. v. Finlayson*, 555 So. 2d 1211, 1213 (Fla. 1990) ("[I]nterest is not recovered according to a rigid theory of compensation for money withheld, but is given in response to considerations of fairness. It is denied when its exaction would be inequitable." (quoting *Flack v. Graham*, 461 So. 2d 82, 84 (Fla. 1984))). Equitable considerations that may affect an award of prejudgment interest include:

> (1) in matters concerning government entities, whether it would be equitable to put the burden of paying interest on the public in choosing between innocent victims; (2) whether it is equitable to allow an award of prejudgment interest when the delay between injury and judgment is the fault of the prevailing party; (3) whether it is equitable to award prejudgment interest to a party who could have, but failed to, mitigate its damages.

*Wiand v. Lee*, 753 F.3d 1194, 1204 (11th Cir. 2014) (citing *Blasland, Bouck & Lee, Inc. v. City of N. Miami*, 283 F.3d 1286, 1297 (11th Cir. 2002)).

As set forth above, the jury found Defendant liable for conversion of W&K's intellectual property and awarded W&K damages in the amount of $100,000,000. Upon review of the record, the Court agrees with W&K that it is entitled to prejudgment interest from November 6, 2013—*i.e.*, the date Defendant committed the tort of conversion. *See Argonaut*, 474 So. 2d at 215 ("Plaintiff is to be made whole from the date of the loss once a finder of fact has determined the amount of damages and defendant's liability therefor."); *see also Kenet v. Bailey*, 679 So. 2d 348, 351 (Fla. 3d DCA 1996) (awarding prejudgment interest from "the date of the conversion of the trust funds."); *Sargent v. Midlantic Nat. Bank*, 358 So. 2d 855, 856 (Fla. 2d DCA 1978) (affirming judgment and remanding case "for the purpose of amending the final judgment to include interest thereon from the date of conversion to the date of the judgment." (citation omitted)).[3]

Although the jury did not specify a particular date of loss, it is clear from the evidence in the record that Defendant committed the tort of conversion on November 6, 2013. *See SEB S.A.*, 148 F. App'x at 794 ("Preverdict interest may be awarded even if the jury did not specify a particular date of loss, so long as a date is clear from the record." (citation omitted)); *see also*

---

[3] *Devengoechea v. Bolivarian Republic of Venezuela*, No. 12-CV-23743-PCH, 2014 WL 12489848, at *3 (S.D. Fla. Apr. 25, 2014) ("[T]he date on which [defendant] committed the tort of conversion of the [property] and the appropriate date for determining the amount of prejudgment interest to be assessed against [defendant]."); *In re James*, 124 B.R. 614, 616-17 (Bankr. M.D. Fla. 1991), *aff'd*, 152 B.R. 994 (M.D. Fla. 1992) ("The measure of damages in an action for conversion under Florida law is the fair market value of the property converted, together with interest at the legal rate from the date of the conversion to the date of the judgment.").

*Vining v. Martyn*, 660 So. 2d 1081, 1082 (Fla. 4th DCA 1995) (rejecting appellant's contention that appellee "was not entitled to prejudgment interest because there was no date certain for the loss set out in the verdict form." (citation omitted)). Indeed, at no point did the parties dispute that Defendant obtained W&K's intellectual property by way of Australian court judgments entered on November 6, 2013. *See* ECF No. [829-131]; ECF No. [829-132]. Additionally, as W&K correctly points out, in arguing that Plaintiffs' claims were timed-barred, Defendant took the position that "the very latest date on which any of plaintiffs' causes of action could possibly have accrued was November 6, 2013." ECF No. [487] at 13.

Defendant does not dispute that W&K is entitled to prejudgment interest, nor does he challenge that the intellectual property was converted on November 6, 2013. *See generally* ECF No. [870]. Rather, Defendant maintains that "prejudgment interest should be measured from October 30, 2021 (the date of the intellectual property's highest asserted value), through the date of the final judgment on December 7, 2021." *Id.* at 3-4. According to Defendant, "[a] contrary result would award W&K an improper windfall, because the jury did not award it damages based on the property's value on November 6, 2013." *Id.* at 5. The Court is not persuaded.

Upon review of the evidence in the record, the Court finds no basis for Defendant's contention that October 30, 2021 is "the date the jury adopted for the valuation of the intellectual property." ECF No. [870] at 3. Indeed, the crux of Defendant's position that prejudgment interest should run from October 30, 2021 is based on a social media post by Defendant proclaiming that the value of W&K's intellectual property is worth $252 billion. ECF No. [845] at 116:2-118:17. Based on this valuation, W&K argued during closing argument that it should be awarded "$126 billion, half of the 252 it's worth." ECF No. [851] at 100:17-23. However, the jury verdict supports the conclusion that the jury declined to accept the $252 valuation, given that the verdict established W&K's conversion damages to be $100 million and not $126 billion. ECF No. [812].

7

Notably, as W&K highlights in its reply, the valuation evidence closest to the jury's $100 million verdict is the April 2, 2014 valuation report circulated by Defendant, which set forth "[a]n extremely conservative cost evaluation" of AUD $276,268,599. ECF No. [829-50] at 56.[4] While there is evidence in the record from which the jury could have found that the value of the intellectual property increased over the years, it is clear that the jury declined to credit that evidence.[5] Thus, consistent with the evidence in the record, the jury's award was based on a valuation of the intellectual property performed within five months of the conversion. Accordingly, the Court concludes that there would be no unfairness or windfall that would result from an award of prejudgment interest from the date of conversion.

**B. Calculation of Prejudgment Interest**

Having determined that W&K is entitled to prejudgment interest from November 6, 2013 to December 7, 2021, the Court must now calculate the pre-judgment interest rate in accordance with Fla. Stat. § 55.03; *see also Regions Bank v. Maroone Chevrolet, L.L.C.*, 118 So. 3d 251, 257-58 (Fla. 3d DCA 2013) (statutory rate of prejudgment interest set in Fla. Stat. § 55.03). The amount of prejudgment interest owed is $43,132,492.48, calculated as follows:

| DATE | RATE | AMOUNT |
| --- | --- | --- |
| 11/06/2013 - 12/31/2013 | 4.75% | $728,767.20 (56 days, $13,013.70 daily) |
| 01/01/2014 - 12/31/2014 | 4.75% | $4,750,000.00 (full year) |
| 01/01/2015 - 12/31/2015 | 4.75% | $4,750,000.00 1(full year) |

---

[4] Based upon the judicially noticed April 2, 2014 exchange rate of 0.9236 for U.S. Dollars to Australian Dollars, the valuation amounts to $255,161,678—half of which is $127,580,839. *See* ECF No. [851] at 27:14-21; ECF No. [800-1] at 7.

[5] Indeed, it appears that the jury declined to credit additional evidence that assigned a value to the intellectual property that was higher than the amount awarded. *See* ECF No. [826-34] at 10 ($1.9 billion valuation); ECF No. [829-53] at 24 ($378,475,713 valuation).

Case No. 18-cv-80176-BLOOM/Reinhart

| 01/01/2016 - 12/31/2016 | 4.75% | $4,750,000.00 (full year) |
|---|---|---|
| 01/01/2017 - 12/31/2017 | 4.97% | $4,970,000.00 (full year) |
| 01/01/2018 - 12/31/2018 | 5.53% | $5,530,000.00 (full year) |
| 01/01/2019 - 12/31/2019 | 6.33% | $6,330,000.00 (full year) |
| 01/01/2020 - 12/31/2020 | 6.83% | $6,830,000.00 (full year) |
| 01/01/2021 - 12/07/2021 | 4.81% | $4,493,725.28 (341 days, $13,178.08) |

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [860]**, is **GRANTED**.

2. The Court will separately enter an Amended Final Judgment reflecting the prejudgment interest to be awarded.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 8, 2022.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record