UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-80176-cv-Bloom/Reinhart

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and
W&K INFO DEFENSE RESEARCH, LLC,

        Plaintiffs,

v.

CRAIG WRIGHT,

        Defendant.
_____/

**REPORT AND RECOMMENDATION ON
THE PARTIES' MOTIONS FOR COSTS (ECF No. 871, 872)**

Presently before me are the parties' cross-motions seeking reimbursement of their taxable costs. ECF Nos. 871, 872.[1] These motions were referred to me by the Honorable Beth Bloom for a report and recommendation. ECF No. 876. For the reasons that follow, I **RECOMMEND** that the motions be **GRANTED IN PART AND DENIED IN PART.**

**BACKGROUND**

On December 6, 2021, following a three-week jury trial, the jury rendered a verdict in favor of Plaintiff W&K Info Defense Research, LLC ("W&K) on its claim against Dr. Wright for conversion; it awarded damages in the amount of $100 million.

---

[1]    Plaintiff Kleiman's response to Defendant's motion is at ECF No. 880 and Defendant's reply is at ECF No. 883. Defendant's response to W&K's motion is at ECF No. 881 and W&K's reply is at ECF No. 884.

ECF No. 812. The jury rejected the other five claims brought by W&K. *Id.* The jury found in favor of Dr. Wright on all seven claims brought by Plaintiff Ira Kleiman. *Id.* Judge Bloom entered final judgment in favor of W&K and against Dr. Wright in the amount of $100,000,000.00. ECF No. 814. Thereafter, Dr. Wright filed a Bill of Costs seeking reimbursement of $107,674.28 (ECF No. 871), and W&K filed a Motion for Costs seeking reimbursement of $473,606.76 (ECF No. 872).

## DISCUSSION

### 1. *Prevailing Party*

Under the Federal Rules, prevailing parties are entitled to recover costs as a matter of course unless otherwise directed by the court or statute. *See* Fed. R. Civ. P. 54(d)(1). Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991).

A prevailing party is "one who has succeeded on any significant claim affording it some of the relief sought." *Texas State Teachers Association v. Garland Independent School District*, 489 U.S. 782, 791 (1989). A prevailing party "need not prevail on all issues to justify a full award of costs . . . [a] party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims." *Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305, 1321 (11th Cir. 2001) (citing Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995)).

*James v. Wash Depot Holdings*, 242 F.R.D. 645 (S.D. Fla. 2007) is instructive. There, the Court granted summary judgment in favor of the defendant on plaintiff's retaliation and discrimination claims. Plaintiff's minimum wage and overtime claims

went to trial, and the jury found in favor of the defendant on the minimum wage claim and in favor of the plaintiff on the overtime claim, awarding damages to the plaintiff. The Court held that both parties were prevailing parties in that case and found that "both parties are presumptively entitled to recover costs under Rule 54(d)(1)." *Id.* at 648 (citing *Stewart v. Town of Zolfo Springs*, 1998 WL 776848 at *1 (M.D. Fla. Sept. 16, 1998) ("one party can be determined a prevailing party on one claim, while the opposing party prevails on another claim").

Here, given that Judge Bloom entered final judgment for substantial damages in favor of W&K, I find that it is a prevailing party and entitled to recover its taxable costs. And, given that Mr. Kleiman did not succeed on any of his claims and W&K did not succeed on five of its claims, I find that Dr. Wright is the prevailing party as to those claims and thus, he is entitled to an award of costs as well.

2. *Taxable Costs*

Courts may only tax costs as authorized by statute. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)). "Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co.*, 482 U.S. at 441-442. This section provides in part,

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;

> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

I reject Dr. Wright's claim that W&K was obligated to deduct costs that also advanced Mr. Kleiman's claims. The case law is clear that as a prevailing party W&K is entitled to reimbursement of its full costs. *Brown Jordan Int'l, Inc. v. Carmicle*, 2017 WL 5633312, at *7 (S.D. Fla. Aug. 7, 2017) (quoting Head v. Medford, 62 F.3d 351, 354-55 (11th Cir. 1995)). As long as the costs were borne by W&K and are taxable under §1920, they are reimbursable; it is immaterial that Mr. Kleiman may also have benefitted from some of these expenditures.

Similarly, I reject W&K's argument that an award of costs to Dr. Wright must be limited to those he incurred as a result of Mr. Kleiman's claims. Dr. Wright prevailed on five of W&K's claims against him and, as a practical matter, the Plaintiffs' claims were for the most part inextricably intertwined such that neither side is required to parse the costs incurred in prosecuting these claims and defending against them. *See Brown Jordan Int'l,* at *7. In any event, Dr. Wright has stated that he did attempt to separate the costs to the extent possible. For example, he did not seek costs for the deposition transcripts of Jimmy Nguyen or the corporate representative of W&K, as the testimony of those witnesses was germane solely to W&K's claims. ECF No. 883 at 3.

### 3. *W&K's Motion*

W&K seeks to recover the following as taxable costs: $6,408.75 for process server fees, $101,634.87 for transcripts, $365,563.13 for witness fees.

#### a. Process Server Fees

Private process server fees may be taxed pursuant to Section 1920. *U.S. E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Such costs are normally limited to $65.00, the standard hourly rate that the U.S. Marshal's Service charges for service of process. *Khoury v. Miami-Dade Cty. Sch. Bd.*, No. 16-20680-CIV, 2018 WL 7150192, at *3 (S.D. Fla. Nov. 28, 2018) (citing *Emery v. Allied Pilots Assoc.*, No. 14-80518-CIV, 2017 WL 5175617, at *3 (S.D. Fla. May 18, 2017)). Neither rush fees nor costs for attempting to serve the same individual at different addresses are generally recoverable under Section 1920. *Nelson v. N. Broward Med. Ctr.*, No. 12-61867-CIV, 2014 WL 2195157, at *3 (S.D. Fla. May 27, 2014); *Dewitt v. Daley*, No. 05-61418-CIV, 2007 WL 9698322, at *7 (S.D. Fla. Nov. 29, 2007).

Here, the invoices submitted by W&K's process servers include fees for "expenditures," "disbursements" rush/same day service, fees for "numerous attempts," and "fees to locate." ECF No. 872-2 at 3; 872-4. W&K's motion does not offer any explanation for seeking reimbursement of these miscellaneous fees that exceed the bounds of 28 U.S.C. § 1920(1). Accordingly, I find that W&K's recovery is limited to $65 for each of the nine witnesses upon whom subpoenas were served, for a total of $585.00.

b. Transcripts

Printed transcripts and the stenographer's attendance fee for necessarily obtained transcripts are taxable. *George v. Florida Dept. of Corrections*, 2008 WL 2571348, \*6 (S.D. Fla. May 23, 2008) (finding that costs for deposition transcripts necessarily obtained for use in the case are recoverable under § 1920); *Whittier v. City of Sunrise*, 2008 WL 5765868, \*5 (S.D. Fla. Dec. 3, 2008) (finding that under § 1920, the transcript and attendance fee of the court reporter are recoverable).

Dr. Wright objects to W&K recovering $20,344.25 for deposition transcripts of nine witnesses, contending that the witnesses were unrelated to W&K's claims. It is well settled that the burden lies with the party challenging the necessity of a deposition. *See Woods v. Deangelo Marine Exhaust Inc.*, No. 08-81579-CIV, 2010 WL 4116571, at \*5 (S.D. Fla. Sept. 27, 2010), report and recommendation adopted, No. 08-81579-CIV-HURLEY, 2010 WL 4102939 (S.D. Fla. Oct. 18, 2010).

Here, I find Dr. Wright's objections are premised on an unreasonably narrow reading of the case law governing the recovery of transcript costs. Contrary to Defendant's claim, courts broadly interpret the phrase "necessarily obtained for use in the case." *See Ferguson v. Bombardier Serv. Corp.*, 2007 WL 601921, \* 3 (M.D. Fla. Feb. 21, 2007); *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at \*5 (S.D. Fla. May 23, 2008), report and recommendation adopted in part, No. 07-80019-CIV, 2008 WL 11412061 (S.D. Fla. July 7, 2008); *W & O*, 213 F.3d at 621. Applying the principles set forth in these cases, I find that the witnesses for

whom W&K seeks to recover transcript costs are proper. Accordingly, W&K is entitled to recovery of its transcript costs in the amount of $97,671.24.[2]

### c. Witness Fees

W&K requests $365,563.13 in witness fees for nine witnesses. Of this amount, $364,950.14 is attributable to orders issued by courts in the United Kingdom for Dr. Wright to reimburse Plaintiffs for costs associated with deposing foreign witnesses. W&K does not provide any legal support for its claim that these foreign orders fall within the parameters of 28 U.S.C. § 1920(3), which generally limits witness fees to $40 per day. *See Goldberg v. Fla. Int'l Univ. Bd. of Trustees*, No. 18-20813-CIV, 2020 WL 8340090, at *4 (S.D. Fla. Sept. 21, 2020), report and recommendation adopted, No. 18-20813-CIV, 2021 WL 293337 (S.D. Fla. Jan. 28, 2021). Accordingly, the amounts ordered by courts in the UK should be deducted from W&K's requested witness fees.

The exhibits attached to W&K's motion identify nine witnesses for whom it presumably seeks to recover witness fees of $40/day. ECF No. 872-4. Dr. Wright objects that several of these witnesses were never deposed or did not testify at trial. In its reply papers, W&K concedes that it cannot recover witness fees for six of the nine witnesses identified on its list. ECF No. 884 at 7. Accordingly, W&K is only

---

[2] In its reply papers, W&K conceded that Defendant already reimbursed W&K for certain hearing transcripts, thereby reducing its request for transcript fees by $3,963.63.

entitled to recover $40 for each of the remaining three witnesses for a total witness fee of $120.00.[3]

### 4. Defendant's Motion

In his motion, Dr. Wright seeks to recover the following as taxable costs: $5,435.00 for process server fees, $97,627.95 for transcripts, $4,167.54 for witness fees, and $443.79 for copies. In its response papers, W&K lodges meritless general objections regarding Dr. Wright's right to recover costs but does not specifically object to any of the costs sought.

#### a. Process Server Fees

Dr. Wright seeks process server fees for a total of 18 witnesses/entities. As with W&K, Dr. Wright does not provide any explanation for seeking rush fees, fees for duplicate service, or for any invoices that exceed the $65 allowable by statute. Accordingly, his recovery of process server fees should be reduced to $1,170.00.

#### b. Transcripts

W&K does not object to any of the transcript fees sought by Dr. Wright and notably, the fees sought are nearly identical to those sought by W&K. Accordingly, Dr. Wright is entitled to recover $97,627.95 in transcript fees.

#### c. Witness Fees

Dr. Wright seeks $4,167.54 in witness fees for eight witnesses. Specifically, he seeks $40/day for each day that these witnesses testified (Dr. Wright included the

---

[3] W&K failed to state in either its motion or reply papers the number of days each of these three witnesses testified, and so I will presume one day's witness fee is appropriate for each.

number of days each witness testified), as well as subsistence costs, airfare and mileage. "A witness's travel costs may also be recoverable, but the party requesting travel costs needs to provide detailed documentation of the expenses incurred." *J.G. v. Carnival Corp.*, No. 12–21089–CIV, 2013 WL 5446412, at *5 (S.D. Fla. Sept. 28, 2013). In addition to the $40/day fee, "[a] witness is also entitled to the actual expenses of travel by common carrier at the most economical rate reasonably available . . . [and] a subsistence allowance in an amount not to exceed the per diem allowance for federal employees when the witness is required to stay overnight." *Peeler v. KVH Indus., Inc.*, No. 8:12-CV-1584-T-33TGW, 2014 WL 12617558, at *6 (M.D. Fla. June 16, 2014) (citing 42 U.S.C. § 1821(c)(1)).

Here, Dr. Wright has provided receipts for the travel expenses of his out-of-town witnesses (ECF Nos. 871-2, 871-5) and W&K does not object to the amounts sought. Accordingly, I find Dr. Wright is entitled to recovery of the costs sought in the amount of $4,167.54.

      d. Copying

Dr. Wright seeks $443.79 in "exemplification" for photocopies and trial exhibits. It is well settled that copies obtained only for the convenience of counsel are not recoverable. *W&O, Inc.*, 213 F.3d 600, 623. Moreover, there is no statutory provision for the taxation of charts and demonstrative exhibits as costs. *Id.* The party moving for an award of copy costs has the burden of showing that the copies were necessarily obtained for use in the case. *See Desisto Coll., Inc. v. Town of Howey-In-The-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989), aff'd sub nom. *Desisto Coll., Inc.*

*v. Line*, 914 F.2d 267 (11th Cir. 1990) (declining to award costs for copies because the defendants failed to itemize copies necessarily obtained for use in the case and those obtained for the convenience of counsel).

Here, the invoices submitted by Dr. Wright show an expenditure for $263.22 for the mounting and lamination of two demonstrative exhibits on 36" x 48" foam boards. As noted above, this cost is not recoverable and should be deducted from the award of costs. Accordingly, Dr. Wright's recovery for copying costs should be limited to $180.57.

## RECOMMENDATION

In conclusion, I **RECOMMEND** that the parties' Motions for Costs (ECF No. 871, 872) **GRANTED IN PART AND DENIED IN PART** as follows:

Plaintiff W&K is entitled to recovery of $585.00 in process server fees, $97,671.24 for transcripts, and $120.00 in witness fees for a total of $98,376.24.

Defendant Craig Wright is entitled to recovery of $1,170 in process server fees, $97,627.95 for transcripts, $4,167.54 in witness fees, and $180.57 in copying costs for a total of $103,146.06.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Beth Bloom, United States District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) (providing that "[w]ithin fourteen days after being served with a copy, any party may serve and

file written objections to such proposed findings and recommendations as provided by rules of court."); s*ee also* Fed. R. Civ. P. 72(b) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy"). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993). **If counsel does not intend to file objections, counsel shall file a notice to that effect within FIVE DAYS of this report and recommendation.**

      **DONE and SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 14th day of March, 2022.

                                                         BRUCE E. REINHART
                                                         United States Magistrate Judge