UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC,<br><br>    *Plaintiffs,*<br><br>v.<br><br>CRAIG WRIGHT,<br><br>    *Defendant.* | CASE NO.: 9:18-cv-80176-BB |

**JUDGMENT CREDITOR W&K'S MOTION TO COMPEL
JUDGMENT DEBTOR WRIGHT TO COMPLETE FORM 1.977**

Plaintiff/Judgment Creditor W&K Info Defense Research, LLC, respectfully requests the Court compel Defendant Craig Wright, in his capacity as Judgment Debtor, to complete the fact information sheet set forth in Form 1.977 of the Florida Rules of Civil Procedure.

  **I. The Court Has Jurisdiction Over This Motion**.

The Court has jurisdiction over this motion because it seeks aid in execution of a judgment that neither party has appealed. Fed. R. Civ. P. 69; *Pronman v. Styles*, No. 12-80674-CIV, 2016 WL 4618087, at *2 (S.D. Fla. Aug. 19, 2016) ("Pursuant to Federal Rule of Civil Procedure 69, the Judgment Creditor is entitled to discovery in aid of execution, and there is no requirement that he request permission of the Court to conduct such discovery.").

While the "filing of a notice of appeal deprives the district court of jurisdiction over all issues involved in the appeal," it does not divest it of jurisdiction over unappealed issues, "[n]or does it prevent the court from entertaining motions on matters collateral to those at issue on appeal." *Mahone v. Ray*, 326 F.3d 1176, 1180 (11th Cir. 2003).

`

This motion concerns enforcement of a judgment by W&K against Wright that has not been appealed by either party. *See* Dkt. No. 892 (Notice of Appeal filed solely by Plaintiff Ira Kleiman). Thus, this motion concerns collateral issues uninvolved in the pending appeal, and this Court therefore retains jurisdiction over it. *See, e.g.*, *Mahone*, 326 F.3d at 1179 (holding district court retained jurisdiction over Rule 11 motion); *cf. Glendale & 27th Invs. LLC v. Delos Ins. Co.*, No. CV-10-00673-PHX-SRB, 2013 WL 12099390, at *2 (D. Ariz. Dec. 12, 2013) ("The Court grants Plaintiff's Motion to immediately enforce the undisputed portions of the judgment against Defendant. The Court has the authority to do so and there is no justification for allowing Defendant to delay paying an amount that it admits it owes.").

## II.     The Court Should Compel Wright to Complete Form 1.977.

The federal rules provide that "[i]n aid of the judgment or execution, the judgment creditor" has the right to "obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). "Thus, both Federal Rule of Civil Procedure 69 and Florida Rule of Civil Procedure 1.560, which allows for discovery from 'any person, including the judgment debtor, in the manner provided in these rules' in aid of execution, apply here." *Pronman*, 2016 WL 4618087, at *2.

Florida Rule of Civil Procedure 1.560 also provides that a "court, at the request of the judgment creditor, shall order the judgment debtor or debtors to complete form 1.977,[1] including all required attachments, within 45 days of the order or such other reasonable time as determined by the court" and that [f]ailure to obey the order may be considered contempt of court." Fla. R.

---

[1] Form 1.977 is titled "Fact Information Sheet" and is a sworn financial statement.

Civ. P. 1.560(b). On November 11, 2022, W&K asked Wright to complete Form 1.977 within 45 days, but he has refused to do so.

"Several courts in the Southern District of Florida have required judgment debtors to complete the Fact Information Sheet set forth in Fla. R. Civ. P. Form 1.977." *Pronman*, 2016 WL 4618087, at *2 (collecting cases); *TracFone Wireless, Inc. v. Holden Prop. Servs., LLC*, 103 F.Supp.3d 1357, 1359 (S.D. Fla. 2015) (holding defendant in contempt for failing to provide completed Form 1.977); *Comas v. Chris's Auto Sales Corp.*, 2022 WL 3910696, at *1 (S.D. Fla. Aug. 31, 2022) (Bloom, J.) (ordering judgment debtor to complete form); *Wetherby Locums, Inc. v. Lower Bucks Pediatrics, P.C.*, 2019 WL 6468714, at *2 (S.D. Fla. Dec. 2, 2019) (Bloom, J.) (same); *Whitwam v. JetCard Plus, Inc.*, 2014 WL 6433226, at *1-2 (S.D. Fla. Nov. 13, 2014) (Bloom, J.) ("Accordingly, Defendant must complete Form 1.977 and serve said form within forty-five (45) days of the date of this final judgment, unless the final judgment is satisfied.").

For these reasons, and given that Wright has already refused for nearly two months, W&K respectfully requests the Court issue an order compelling Wright to provide a completed Form 1.977, including all the required attachments, within ten days.

## S.D. FLA. L.R. 7.1 CERTIFICATION

Pursuant to S.D. Fla. L.R. 7.1(a)(3), counsel for Plaintiffs conferred with counsel for Defendant who opposes the relief requested.

Dated: January 6, 2023

Respectfully submitted,

*/s/ Devin (Velvel) Freedman*
Devin (Velvel) Freedman, Esq.
Florida Bar No. 99762
FREEDMAN NORMAND FRIEDLAND LLP
1 SE Third Ave., Suite 1240
Miami, Florida 33131
Telephone: (305) 753-3675
Facsimile: (646) 392-8842
vel@fnf.law

Joseph Delich, Esq. *(admitted pro hac)*
Stephen Lagos, Esq. *(admitted pro hac)*
FREEDMAN NORMAND FRIEDLAND LLP
99 Park Avenue, Suite 1910
New York, NY 10016
jdelich@fnf.law
slagos@fnf.law

Andrew S. Brenner, Esq.
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, FL 33131
abrenner@bsfllp.com

*Counsel to Plaintiff Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 6, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Devin (Velvel) Freedman*
DEVIN (VELVEL) FREEDMAN