# EXHIBIT 1

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

PROBATE DIVISION: IA
CASE NO.: 50-2013-CP-005060-XXXX-NB

DAVID ALAN KLEIMAN,
    Decedent.

_____/

## ORDER ON PENDING MOTIONS

**THIS CAUSE** came before the Court on the motions listed below. The Court has considered the submissions and is otherwise advised of the premises.

1. **Motion to lift stay (D.E. # 74)**:

Lynn Wright has moved the Court to lift the stay set in the Court's December 14, 2020 Order (D.E. #74), citing the jury verdict in the federal case, *Ira Kleiman et al. v. Craig Wright*, No. 9:18-cv-80176-BB (S.D. Fla.). That case, however, has not been fully and finally resolved, as it is currently on appeal, *Ira Kleiman v. Craig Wright*, No. 22-11150 (11th Cir.). The motion is therefore denied, and the stay shall remain in effect.

2. **Motion for Order to proceed with execution (D.E. # 81):**

Ramona Watts, a/k/a Ramona Ang, has filed a motion to proceed with execution against the estate on a judgment awarded to her by a United Kingdom court, which has been recorded in Palm Beach County, Florida. The Clerk of the Circuit Court and Recorder has issued its certificate of no objection to the foreign judgment pursuant to section 55.604(4), Florida Statutes. Because no objection was filed , it is now a Florida judgment that is not subject to collateral attack before this Court; it may only be attacked in the issuing Court in the United Kingdom. *Tettamanti v. Opcion Sociedad Anonima*, 67 So. 3d 356 (Fla. 3d DCA 2011).

This claim arose after the death of the decedent, David Kleiman, and so it is not subject to the limitations periods contained in section 733.702, Florida Statutes.  Ms. Watts/Ang may file a claim in these proceedings in accordance with section 733.703, and she may do so while the stay of these proceedings is in effect, but only for that purpose.  Consideration of the claim is otherwise stayed.  Ms. Watts/Ang's motion to proceed with execution under section 733.706 is **DENIED**.  Because of the current stay of these proceedings, and because of the potential for claims of setoff by the estate against Ms. Watts/Ang or a challenge to the judgment before the foreign court, permitting execution on the judgment would be premature and imprudent.

3. **Motions to disqualify Kyle Roche and Roche Freedman LLP  (D.E. # 87, 94):**

Ms. Watts/Ang and Ms. Wright have moved the Court to disqualify Kyle Roche and the law firm of Roche Freedman LLP (now known as Freedman Normand Friedland LLP) ("the Firm") from representing Ira Kleiman as personal representative of the estate of David Kleiman.

> "Disqualification of a party's chosen counsel is an extraordinary remedy and should only be resorted to sparingly." *Singer Island, Ltd. v. Budget Constr. Co.*, 714 So. 2d 651, 652 (Fla. 4th DCA 1998); *Vick v. Bailey*, 777 So. 2d 1005, 1007 (Fla. 2d DCA 2000).  Motions for disqualification are generally viewed with skepticism because disqualification of counsel impinges on a party's right to employ a lawyer of choice, and such motions are often interposed for tactical purposes. *See Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791-92 (2d Cir. 1983); *Manning v. Waring, Cox, James, Sklar & Allen*, 849 F.2d 222, 224 (6th Cir. 1988) (observing that "the ability to deny one's opponent the services of capable counsel, is a potent weapon").  Confronted with a motion to disqualify, a court must be sensitive to the competing interests of requiring an attorney's professional conduct and preserving client confidences and, on the other hand, permitting a party to hire the counsel of choice.

*Manning v. Cooper*, 981 So. 2d 668, 670 (Fla. 4th DCA 2008) (quoting *Alexander v. Tandem Staffing Solutions, Inc.*, 881 So. 2d 607, 608-09 (Fla. 4th DCA 2004).  "The trial court's discretion is governed by the controlling legal principles, but the appellate court will not substitute its judgment for the trial court's express or implied findings of fact which are supported by competent substantial evidence. . . ." *Id*. at 670-71 (citation omitted).

2

The Court notes that Ms. Watts/Ang and Ms. Wright's motions contain essentially the same allegations and accusations – often verbatim – as those made in attempting such disqualification in the federal appeal, which the 11th Circuit ultimately denied. *Ira Kleiman v. Craig Wright*, No. 22-11150 (11th Cir.), Federal Appeal D.E. # 40 (motion), # 57 (December 29, 2022 order denying motion). The Court has carefully reviewed the docket entries in this action. Velvel (Devin) Freedman filed at entry of appearance when he was affiliated with Boies Schiller Flexner LLP's Miami office. (D.E. # 46.) He then submitted filings while affiliated with Roche Cyrulnik Freedman LLP, a Miami firm. (D.E. # 53, 60.) A later filing (D.E. # 66) shows that Andrew S. Brenner of Boies Schiller Flexner LLP's Miami office is co-counsel for the estate. Stephen Lagos of Roche Cyrulnik Freedman LLP's New York office filed a motion for admission pro hac vice (D.E. # 70), which was granted (D.E. # 72).

The Court has found no evidence of Kyle Roche's participation as counsel in these proceedings, and so there is no basis for disqualifying him. Additionally, the Court also has reviewed the motions and concludes that they fail to demonstrate any "competent substantial evidence" providing a basis for disqualification of Freedman Normand Friedland LLP, thereby depriving Ira Kleiman and the estate of their right to choice of counsel. *Manning*, 981 So. 2d at 670-71. The content of the motions, at best, make allegations of purported misconduct by Mr. Roche (who is not counsel of record in this case) relating to cases entirely unrelated to this one, and without any showing of how that misconduct constitutes a conflict of interest that implicates the interests of Ms. Watts/Ang and Ms. Wright. The motions indeed invite the Court's "skepticism." *Id*. at 670.

Accordingly, the motions to disqualify Kyle Roche and the law firm of Roche Freedman LLP (now known as Freedman Normand Friedland LLP) are **DENIED**.

**DONE and ORDERED** in Palm Beach County, Florida.

502013CP005060XXXXNB    01/09/2023
Laura Johnson
Circuit Judge

| Name | Address | Email |
|---|---|---|
| ADELE SMALL HARRIS | 2875 PGA BLVD STE. 100 PALM BEACH GARDENS, FL 33410 | EFILLING@KARPLAW.COM, efiling@karplaw.com, aharris@karplaw.com, gbrown@karplaw.com |
| ALAN M. BURGER | 501 SOUTH FLAGLER DRIVE SUITE 200 WEST PALM BEACH, FL 33401 | aburger@mcdonaldhopkins.com, ltimoteo@mcdonaldhopkins.com, wpbpleadings@mcdonaldhopkins.com |
| AMANDA LARA FERNANDEZ | n/a | afernandez@riveromestre.com |
| ANDRES RIVERO | n/a | arivero@riveromestre.com, sgonzalez@riveromestre.com, receptionist@riveromestre.com |
| ANDREW D. HODES | n/a | adh@lubellrosen.com |
| ANDREW S BRENNER | n/a | abrenner@bsfllp.com, PMUSA@bsfllp.com |
| BRUCE A. ZIMET | n/a | baz@bruceazimetlaw.com, jcc2878@yahoo.com |
| CHELSEA L. FURMAN | 501 SOUTH FLAGLER DRIVE SUITE 200 WEST PALM BEACH, FL 33401 | CFURMAN@MCDONALDHOPKINS.COM, jlesson@mcdonaldhopkins.com |

4

| Name | Address | Email |
| --- | --- | --- |
| DEVIN VEVEL FREEDMAN | 200 SOUTH BISCAYNE BLVD SUITE 5500 MIAMI, FL 33131 | VEL@ROCHEFREEDMAN.COM, vel@fnf.law, nbermond@fnf.law, ecf_notifications@rochefreedman.com |
| EVELYN I. SUERO | 1001 BRICKELL BAY DRIVE SUITE 2700 MIAMI, FL 33131 | ESUERO@SUEROLAWPLLC.COM |
| JOSEPH S. KARP | n/a | klf@karplaw.com |
| JOSEPH STUART KARP | 2875 PGA BLVD #100 PALM BEACH GDNS, FL 33410 | E-FILING@KARPLAW.COM, klf@karplaw.com |
| KRISTEN M. LYNCH | 200 S ANDREWS AVE STE. 900 FT LAUDERDALE, FL 33301 | KML@LUBELLROSEN.COM, anny@lubellrosen.com, klynch@fowler-white.com |
| RAMONA WATTS | 2525 PONCE DE LEON BLVD STE. 1000 CORAL GABLES, FL 33134 | sgonzalez@riveromestre.com |
| STEPHEN LAGOS | 99 PARK AVE SUITE 1010 NEW YORK, NY 10016 | |