**RIVERO MESTRE**

January 23, 2023

<u>Via ECF</u>

Honorable Beth Bloom
Wilkie D. Ferguson, Jr. United States Courthouse
400 North Miami Avenue
Chambers 10-2
Miami, Florida 33128

Re: *Ira Kleiman v. Wright*, 9:18-cv-80176 (BB/BR)

Dear Judge Bloom:

In accordance with Rule 5 of Your Honor's Individual Practices and Local Rule 37.3 requiring letter motions for discovery disputes, we write on behalf of Ramona Ang, both in her personal capacity and as trustee of The Tulip Trust (the "Trust"), regarding a subpoena served by W&K Info Defense Research LLC ("W&K") on Rivero Mestre LLP ("RM") on January 9, 2023 (the "Subpoena"). Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Ms. Ang moves to quash the overbroad portion of Request 4 of the Subpoena, as described below.

The Subpoena, attached as **Exhibit A**, seeks documents purportedly relevant to W&K's collection of its judgment against Dr. Craig Wright. The Subpoena requests, among other things, documents relating to four actions pending in the 15th Judicial District of Florida (the "Florida Cases") in which RM represents Ang or the Trust. In one of the Florida Cases (now closed), RM represented Ang in her personal capacity; in the other three Florida Cases (still pending), RM represents the Tulip Trust. Dr. Wright is not a party to any of the Florida Cases.

The Subpoena seeks from RM the following documents:

- **Request No. 4**: Documents sufficient to show all payments received for the Florida Cases, including the source of such funds and the account(s) from which such funds were paid.

- **Request No. 5**: Documents sufficient to show any amounts held as a retainer, or otherwise, for the payment of fees and expenses in the Florida Cases; and

- **Request No. 6**: Documents sufficient to show any amounts held in your trust account that are associated with, paid by, or paid for, your representation of any of your clients in the Florida Cases.

Ex. A at 7. Ang files this motion for the limited purpose of moving to quash Request 4, to the extent it requests documents reflecting the amounts paid by her or the Trust in the Florida Cases.[1]

Under Rule 69, a judgment creditor is entitled only to information that is "relevant to executing the judgment against Judgment Debtors." *Pronman v. Styles*, No. 12-80674-CIV, 2016 WL 4613384, at *3 (S.D. Fla. Aug. 19, 2016). Even if W&K could collect its judgment against Dr. Wright from the assets held by either Ang or the Trust—which it cannot—the **amount** that Ang or the Trust paid in legal fees in past years has no bearing on the assets they hold *today*. The documents sought by Request 4 are altogether irrelevant and unnecessary to W&K's judgment collection efforts and, W&K should not be able to obtain them under Rule 69.

For the foregoing reasons, Ang moves the Court to quash Request 4 of the RM Subpoena insofar as it requests documents reflecting the amounts Ang and the Trust paid to RM in the Florida Cases.

I certify that my colleague, Amy Brown, held a meet-and-confer with counsel for W&K on January 18, 2023, and that counsel for W&K opposes this motion.

Please let us know if you have any questions.

Respectfully submitted,

By: /s/ Andrés Rivero
Andrés Rivero

RIVERO MESTRE LLP
*Attorneys for Ramona Ang, personally and as Trustee of the Tulip Trust*
2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134
Tel.: (305) 445-2500
Fax: (305) 445-2505
arivero@riveromestre.com

Attachment

cc: All counsel

---

[1] RM does not possess documents responsive to Requests 5 and 6, as it holds no funds on deposit for Ang or the Trust.