UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>Plaintiffs,<br><br>v.<br><br>CRAIG WRIGHT<br><br>Defendant. | CASE NO.: 9:18-cv-80176-BB/BR |

**REPLY IN SUPPORT OF W&K'S MOTION
TO COMPEL COMPLETION OF FORM 1.977**

## I. W&K'S MOTION TO COMPEL COMPLETION OF FORM 1.977 IS NOT PREMATURE

Wright contends that "[a] motion to compel cannot be filed regarding an act a court hasn't ordered performed." Resp., DE 915 at 1. He cites no authority for this proposition, and frankly it makes no sense. The only way to ask the Court to order completion of Form 1.977 is to file a motion asking the Court to compel completion of Form 1.977. Given that Wright has refused to complete Form 1.977 within 45 days of W&K's initial request, *see* Ex. A, W&K's only available recourse was the instant motion.

## II. WRIGHT LACKS STANDING TO RAISE ARGUMENTS ON BEHALF OF W&K

As an initial matter, Wright does not possess any interest in W&K, and therefore lacks standing to make purported arguments on its behalf just so he can evade his legal obligations. "A party may not ask for an order to protect the rights of another party or a witness if that party or witness does not claim protection for himself." *Wesolek v. Wesolek*, No. 2:19-CV-463-FTM-29MRM, 2021 WL 3572221, at *3 (M.D. Fla. Jan. 20, 2021) (quoting 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure Civil 2D* § 2035); *see also Founders Ins. Co. v. Tome*, No. 6:10-CV-973-ORL-36GJK, 2012 WL 13102264, at *3 (M.D. Fla. Mar. 1, 2012) (holding third-party claimant lacked standing to challenge scope of insurer's duty to defend); *Malibu Media, LLC v. Weaver*, No. 8:14-CV-1580-T-33TBM, 2016 WL 7249869, at *2 (M.D. Fla. Jan. 21, 2016) (holding defendant lacked standing to argue third party "contributor has a protectable copyright interest in order to avoid the charge of infringement").

## III. WRIGHT'S ARGUMENTS ARE BARRED BY THE FINAL JUDGMENT ENTERED BY THE COURT OVER ONE YEAR AGO

Wright's response primarily relies on the bad faith assertion by him and his counsel that "the claims and defenses ruled on by the Court (and jury) did not determine who owns and controls W&K," and that "[t]he ownership of W&K has never been decided in any judicial

2

proceeding and remains in dispute." Resp. at 2–3. This is yet another lie submitted to the Court,[1] and Wright and his counsel both know it.

### A. The Court Already Held that the Estate Has Authority to Act on Behalf of W&K.

Throughout this litigation, Wright repeatedly and unsuccessfully argued that the Estate lacked authority to act on behalf of W&K and that W&K had additional members. The Court repeatedly held otherwise.

*First* in June 2018, Wright moved to dismiss the Estate and W&K's amended complaint. *See* ECF No. 33. In that motion, Wright argued that Ira Kleiman lacked authority to act on behalf of W&K. *Id.* at 15 (arguing "Plaintiff's own allegations undermine his purported authority to act unilaterally to cause W&K to sue Dr. Wright"). The Court rejected that argument and denied Wright's motion. *See Kleiman v. Wright*, 2018 WL 6812914, at *5-6 (S.D. Fla. Dec. 27, 2018).

*Second*, in April 2019, Wright moved for judgment on the pleadings. *See* Wright MJOP, ECF No. 144. In that motion, Wright argued that the federal court lacked diversity jurisdiction because plaintiff W&K had foreign members, including his ex-wife, Australian national Lynn Wright. *Id.*; Wright MJOP Reply, ECF No. 171 at 6-7. It is worth noting that Wright submitted two exhibits in support of this motion for judgement on the pleadings that purported to demonstrate W&K had foreign members (ECF No. 144-1, 144-6), but later withdrew them after they were exposed as forgeries. In denying Wright's motion, this Court noted that "[u]nfortunately, the record is replete with instances in which the Defendant has proffered conflicting sworn testimony before this Court." ECF No. 265, at 10. The Court rejected the same email evidence proffered by

---

[1] ECF No. [361] at 2 (Bloom, J.) ("The Defendant also argues . . . This Court notes, however, that this position misrepresents the record in this case."); ECF No. [454] at 7 (Bloom J.) ("As an initial matter, Defendant mischaracterizes the record."). ECF No. [454] at 15 (Bloom J.) ("Upon review, the Court finds that Defendant has mischaracterized the Discovery Order.")

Wright now because it did "not demonstrate what ultimately occurred" with respect to the membership of W&K, and Defendant's "extremely speculative" interpretation was contradicted by the "first registration of W&K as a limited liability company in Florida, in which "Dave Kleiman listed himself as the "mgrm," the managing member." ECF No. 265 at 9. The Court held that Defendant had "failed to provide any credible evidence showing a lack of diversity," and accordingly had "utterly failed in his burden of production" to provide any evidence that demonstrated "additional membership in W&K other than Dave Kleiman." ECF No. [265], at 10.

*Third*, in May 2020, Wright moved for summary judgment. *See* Ex. Wright MSJ, ECF No. 487. In that motion, Wright argued—once again—that Ira Kleiman "lacked authority" to file and prosecute the Federal Action "on behalf of W&K." *Id.* at 24. Wright further argued—again—that the federal court lacked diversity jurisdiction because his ex-wife Lynn was a member of W&K. *Id.* at 22–24. The Court rejected both arguments holding that after "review and consideration, the Court does not find a basis to disturb its prior conclusion from the August 2019 Order that Defendant has failed to present credible evidence that Ms. Wright was a member of W&K." *Kleiman*, 2020 WL 5632654, at *18-19 (finding that Wright "failed to present credible evidence that [Lynn] was a member of W&K," and "reject[ing] Defendant's argument that Ira Kleiman lacked the authority to file this action on behalf of W&K").

Indeed, the principal evidence cited by Wright in response is his own <u>trial testimony</u>, which to the extent it has any relevance it is that his false claims about W&K's ownership were already submitted to the jury and necessarily rejected by their verdict. Resp. at 5 (quoting Wright's trial testimony).[2] Moreover, that testimony itself refers to a purported W&K operating agreement that

---

[2] While the response also cites the deposition testimony of Lynn Wright, the Defense never played this testimony to the jury and should be barred from relying on it now. *Compare Shelby Ins. Co. v. Stocks*, 82 F.3d 1030, 1032 (11th Cir. 1996) ("It is too late now for [Defendant] complain that the jury should not have been permitted to render such a verdict."). Regardless, there are numerous examples from Lynn

4

Wright's counsel refused to introduce at trial because they know it is a forgery, though they are apparently willing to at least indirectly rely on it now.

### B. The Court Also Already Held that the Tulip Trust Does Not Exist.

Wright's response also contends that the purported "Tulip Trust" is now the controlling owner of W&K. But in this litigation Judge Reinhart already concluded by clear and convincing evidence that the Tulip Trust does not exist. *See Kleiman*, 2019 WL 4023392, at *11 ("The totality of the evidence in the record does not substantiate that the Tulip Trust exists. Combining these facts with my observations of Dr. Wright's demeanor during his testimony, I find that Dr. Wright's testimony that this Trust exists was intentionally false. . . . Although I am only required to make this finding by a preponderance of the evidence, I find clear and convincing evidence to support it."). This Court "agree[d] with [Judge Reinhart's] credibility findings" relating to Wright's testimony about the Tulip Trust. ECF No. [373], at 15.

---

Wright's testimony that suggest a lack of familiarity with W&K and/or that is contradicted by W&K's articles of incorporation. ECF No. 488-17, at 13:6–10 (Ms. Wright testifying she did not recall if she was ever listed a manager or managing member in W&K); *id.*, at 48:22–25 (Ms. Wright testified her role in W&K was as an administrator); *id.*, at 56:12–17 (Ms. Wright testifying she had no documents relating to W&K); *id.*, at 91:18–92:10 (when asked where W&K was incorporated, Ms. Wright testified she "would assume that it was where Craig was living," but also that it "wasn't incorporated" at all because it was a "part of Cloudcroft," a different company operated by Defendant). Indeed, Mr. Wright's own testimony precludes her membership in W&K as she says, when she declared bankruptcy in late 2011, she did not "identify W&K" as one of her assets "because everything had been handed back to Craig." ECF No. 488-17, at 105:3-18. Moreover, in her frivolous verified state court filing, Ms. Wright claims her current "interest" in W&K is because Wright's current wife, Ramona Ang, allegedly transferred those interests to her from the non-existent Tulip Trust, just six days before filing suit. *See* Exhibit A.

And if the Court were inclined to consider testimony that was never presented to the jury, then the uncontroverted testimony of Zachary Eisner, W&K's corporate representative, should be dispositive. Eisner testified that the only individuals who have ever been members of W&K are David and, after he died, Ira Kleiman. ECF No. 498-13, at 91:19–21 ("It's our position that Dave Kleiman was 100 percent the sole member and now Ira is 100 percent the sole member.").

5

C.  <u>Wright's Arguments Constitute an Improper Rule 60 Motion</u>

At the end of the day, Wright's Response asks this Court to reverse prior rulings that are now incorporated into a final judgment that followed a jury verdict. ECF No. 814 (Final Judgment); 889 (Amended Final Judgment). This is nothing but a procedurally improper Rule 60(b) motion that would have no colorable legal basis even if filed as a proper motion.

"Post-judgment motions filed more than ten days after the judgment may be construed as filed under Fed.R.Civ.P. 60(b)." *In re Yulin Ma*, 346 F. App'x 436, 438–39 (11th Cir. 2009). "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Id.* (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). "Thus, 'Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal.'" *Id.* (quoting *Am. Bankers Ins. Co. of Fla. v. Nw. Nat. Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir.1999).

Wright never filed a notice of appeal that would have allowed him to challenge the Court's rulings about W&K's ownership (and therefore about subject matter jurisdiction), and he therefore cannot do so now through a backdoor to try and thwart W&K's request for aid in execution of its judgment.

D.  <u>The Court's Prior Rulings Are the Law of the Case</u>

"Under the law-of-the-case doctrine, an issue decided at one stage of a case is binding at later stages of the same case." *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997). "While the law of the case does not bar litigation of issues which might have been decided but were not, it does require a court to follow what has been decided explicitly, as well as by necessary implication, in an earlier proceeding." *In re Just. Oaks II, Ltd.*, 898 F.2d 1544, 1550 (11th Cir. 1990) (cleaned up). Justice Gorsuch succinctly articulated the importance of the law-of-the-case doctrine to the integrity of the judicial system:

> Law of the case doctrine permits a court to decline the invitation to reconsider issues already resolved earlier in the life of a litigation. It's a pretty important thing too. Without something like it, an adverse judicial decision would become little more than an invitation to take a mulligan, encouraging lawyers and litigants alike to believe that if at first you don't succeed, just try again. A system like that would reduce the incentive for parties to put their best effort into their initial submissions on an issue, waste judicial resources, and introduce even more delay into the resolution of lawsuits that today often already take long enough to resolve. All of which would "gradual[ly] undermin[e] ... public confidence in the judiciary." *McIlravy v. Kerr–McGee Coal Corp.*, 204 F.3d 1031, 1035 (10th Cir. 2000); Charles Alan Wright et al., 18B Fed. Prac. & Proc. Civ. § 4478 (2d ed. 2002) (the doctrine embodies "[t]he basically simple principle of disciplined self-consistency").

*Entek GRB, LLC v. Stull Ranches, LLC*, 840 F.3d 1239, 1240 (10th Cir. 2016) (Gorsuch, J.)

Wright's arguments are foreclosed by the law-of-the-case doctrine given the jury verdict and final judgment entered. *E.g.*, *Teague v. Mayo*, 553 F.3d 1068, 1072–73 (7th Cir. 2009) ("Intuitively, we know a [jury] verdict trumps factual disputes on an identical issue. . . . So the verdict stands. It has become the law of the case."). There is no question that the same arguments raised by Wright here were put to the jury and necessarily rejected when they rendered a verdict in W&K's favor. *See* Exhibit B, Trial Tr. Day 6 at 90:5–10 (Wright testifying "I'm aware that you have changed the ownership structure of W&K. and I'm also aware that both my wife as trustee and also Lynn Wright are suing you under W&K for falsification, yes."); Trial Tr. Day 8 at 107:7–15 (Wright testifying "Dave Kleiman's estate never controlled W&K"); Trial Tr. Day 9 at 13:16–23 (Wright testifying "Actually my ex-wife owned a chunk of it. One of my companies owned a chunk of it. There were no questions about W&K the way he's making out."); *id.* at 35:15–22 (Wright testifying "W&K isn't the estate").

Wright has wasted enough judicial resources. The Court should deny him a "mulligan" that would waste even more.

### IV. WRIGHT SHOULD BE ORDERED TO COMPLETE IN TEN DAYS BECAUSE HE AND HIS COUNSEL CONTINUE TO ENGAGE IN BAD FAITH DILATORY TACTICS.

While a judgment debtor is afforded 45 days to complete Form 1.977, Wright has already had far more than 45 days to do so. W&K's counsel requested Wright complete the form on November 11, 2022. Ex. A at 4. On November 16, Wright's counsel requested until November 23 to respond. Ex. A at 3. Instead of responding on November 23, Wright's counsel instead facilitated the execution of the preposterous "Written Consent" purporting to discharge W&K's counsel. ECF 915-6. Wright and his counsel then continued to ignore communications from W&K's counsel until December 22, when they finally conveyed their intent to oppose this motion. Ex. A at 1. At the time of this filing, 68 days have passed since Wright was notified of his obligation to complete Form 1.977. There is no colorable good faith legal argument for his refusal to do so, and he should not be rewarded for his frivolous filing with further delay.

### V. WRIGHT'S REQUESTS FOR A STAY AND DISQUALIFICATION ARE IMPROPER FOR A RESPONSE BRIEF TO AN UNRELATED MOTION

Wright's response requests various relief unrelated to the instant motion, namely a stay and a disqualification of counsel. This "attempt to request relief in [his] opposition brief is procedurally improper." *DeJesus v. Francois & Co., Inc.*, No. 118CV05114JPBAJB, 2020 WL 10139982, at *2 (N.D. Ga. Apr. 14, 2020) (citing Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); *Posner v. Essex Inc. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999) (per curiam) (holding that a request for an opportunity to amend included in an opposition brief was not properly raised)). Wright's improper requests for relief should be denied.

Dated: January 27, 2023

Respectfully submitted,

*/s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman, Esq.
Florida Bar No. 99762

8

FREEDMAN NORMAND FRIEDLAND LLP
1 SE Third Ave., Suite 1240
Miami, Florida 33131
Telephone:  (305) 753-3675
Facsimile:   (646) 392-8842
vfreedman@fnf.law


Joseph Delich
Stephen Lagos
FREEDMAN NORMAND FRIEDLAND LLP
99 Park Avenue, Suite 1910
New York, New York 10016
jdelich@fnf.law
slagos@fnf.law

Andrew S. Brenner, Esq.
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

*Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC*

9

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 27, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

              */s/ Velvel (Devin) Freedman*
              VELVEL (DEVIN) FREEDMAN