UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

      plaintiffs,
v.                                                                      Case No. 9:18-cv-80176 (BB/BR)

CRAIG WRIGHT

_____/

## NOTICE OF NEW EVIDENCE IN SUPPORT OF MOTION TO DISQUALIFY

If there were any doubt that the scandalous statements of Kyle Roche of Roche Freedman (n/k/a as Freedman, et al.) are evidence of a fundamental disconnect between the will of his clients and the actions of his firm, or any doubt that those statements have infected and fractured the attorney-client trust vital to a proper adjudication in this Court, Ira Kleiman has now put that doubt to flight. So profound is the impact that Ira Kleiman—who is the personal representative of the David Kleiman Estate and who has directed Roche Freedman's activities purportedly on behalf of W&K Info Defense Research LLC—was driven to file his own denunciation of his attorneys.

In a remarkable self-filing yesterday, Ira Kleiman stated that his attorneys at Roche Freedman, have failed to represent him adequately by, among other things, refusing to take steps to collect the judgment awarded in favor of W&K Info Defense Research, LLC ("W&K"). After detailing a twelve-point bill of particulars, indicting Roche Freedman for its refusal to take discovery and present evidence he thought important at trial despite his agreement to "millions of dollars in litigation funding," Ira Kleiman wrote:

> If all the above behavior wasn't bizarre enough, the crazy train kept chugging along even after receiving a favorable verdict for W&K. The co-founder of Roche Freedman then sabotaged this one positive with his "uniquely stupid" statements about the case. At this point, I honestly don't believe they want to recover the W&K judgment otherwise I wouldn't have had to press them into requesting the form 1.977. There was no reason to allow a year to go by before taking such simple collection efforts.

DE 918, attached as **Exhibit A**.[1] The "form 1.977" is the sworn financial statement Roche Freedman only recently sought to compel Dr. Wright to complete in a procedural flawed motion—over one year after the judgment was entered.

These admissions by Ira Kleiman prove precisely the point Dr. Wright made in his motion to disqualify Roche Freedman, even as Roche Freedman tries to disentangle itself from Roche by filing on his behalf a motion to withdraw some eleven days ago (of course, Roche may only withdraw with the agreement of the Court),[2] Roche Freedman put the interests of its owners ahead of its clients and do what best serves *themselves*, and themselves alone. Roche Freedman waited to invoke this Court's jurisdiction to compel completion of the form 1.977 because they were desperate to avoid what is happening right now, namely the Court's consideration of a meritorious motion to disqualify. (The Court initially stated it lacked jurisdiction to hear the

---

[1] "Uniquely stupid" were the words District Judge Katherine Failla used to describe Roche's incriminating statements in the hearing she held to consider defendants' motions to terminate Roche Freedman as class counsel in *In re Tether and Bitfinex Crypto Asset Litigation*, 19 Civ. 9236 (S.D.N.Y). The transcript reflecting Judge Failla's order terminating Roche Freedman as class counsel was included in Composite Exhibit A to the motion to disqualify. (DE 900-1.)

[2] Roche Freedman and Boise Schiller filed a motion "to withdraw" Roche from his nearly five year participation in this litigation (including giving the opening statement for plaintiffs at trial) only eleven days ago. Of course, Roche will not be allowed to withdraw until this Court so orders. Local Rule 11.1(d)(3)(A). Even should he be let out of this case by the Court, that will not settle the question of disqualifying the Firm he founded and directed throughout the course of this litigation. *Russ v. Philip Morris USA, Inc.*, 254 So. 3d 1146 (1st DCA 2018) (denying certiorari to let stand the trial court order disqualifying a firm, where a conflict was imputed through an associate attorney, because discharging the attorney did not cure the conflict.)

motion while the Estate appealed its trial loss. With the form 1.977 issue now before the Court, the ongoing jurisdiction over W&K—and therefore its counsel—comes clear.) The conflict of interest, too, is clear and, given the severity of the misconduct at issue, cannot be ignored. Dr. Wright reiterates his request that the Court grant the motion and bar Roche Freedman from further involvement in this case.

## CONCLUSION

For the good reasons stated here and in the motion, Dr. Wright's motion to disqualify Roche Freedman should be granted.

Respectfully submitted,

RIVERO MESTRE LLP
*Attorneys for Dr. Craig Wright*
2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134
Tel.: (305) 445-2500
Fax: (305) 445-2505

By: /s/ Andrés Rivero
   Andrés Rivero
   arivero@riveromestre.com

## CERTIFICATE OF SERVICE

I certify that on January 27, 2023, I electronically filed this document with the Clerk of the Court.

By: /s/ Andrés Rivero.
   Andrés Rivero