## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>Plaintiffs,<br><br>v.<br><br>CRAIG WRIGHT<br><br>Defendant. | **CASE NO.:  9:18-cv-80176-BB** |

## PLAINTIFF W&K INFO DEFENSE RESEARCH, LLC'S
## OPPOSITION TO NON-PARTY RAMONA ANG'S MOTION TO QUASH

Plaintiff W&K Info Defense Research, LLC ("W&K") hereby opposes Non-Party Ramona Ang's letter motion to quash a subpoena directed to Rivero Mestre LLP. (Dkt. No. 916.)

As an initial matter, Ms. Ang's letter motion violates Local Rule 7.7, which provides: "Unless invited or directed by the presiding Judge, attorneys and any party represented by an attorney shall not: (a) address or present to the Court in the form of a letter or the like any application requesting relief in any form, citing authorities, or presenting arguments . . . ." Although Ms. Ang purports to bring her motion pursuant to "Rule 5 of Your Honor's Individual Practices and Local Rule 37.3 requiring letter motions for discovery disputes," the Court does not have a "Rule 5" and that there is no "Local Rule 37.3" in the Southern District of Florida. Instead, it appears that Ms. Ang—who is represented by the same attorneys that have represented her husband, Craig Wright, in this litigation since 2018—filed her motion pursuant to Magistrate Judge Lois Bloom's Individual Rule 5 and Eastern District of New York Local Civil Rule 37.3.[1] For this

---

[1] Magistrate Judge Bloom's Individual Practices are available here: https://www.nyed.uscourts.gov/pub/rules/LB-MLR.pdf.

reason alone, Ms. Ang's motion should be denied. *See Daniec v. Boatarama, Inc.*, 2017 WL 11704778, at *2 (S.D. Fla. Aug. 8, 2017) (striking letters filed in violation of Local Rule 7.7).

Ms. Ang's motion suffers from other threshold defects. For example, it is unclear whether Ms. Ang, a non-party, even has standing to move to quash a subpoena directed at Rivero Mestre LLP, another non-party. *See In re Yassai*, 225 B.R. 478, 480-82 (Bankr. C.D. Cal. 1998) (holding that non-party lacked standing to move to quash subpoena directed at another non-party); *Salem Vegas, LP v. Guanci*, 2013 WL 5493126, at *3 (D. Nev. Sept. 30, 2013) (same). Ms. Ang does not address this issue in her letter motion, a failure that further warrants denying her motion. *See, e.g.*, *Goodman-Gable-Gould Co., Inc. v. Tiara Condo. Ass'n, Inc.*, 2007 WL 9701863, at *3 (S.D. Fla. Mar. 3, 2007) ("In a motion to quash a subpoena, the burden of persuasion rests with the movant.").

Setting these issues aside, Ms. Ang's letter motion also fails on the merits. "The scope of discovery under Rule 69(a) and Florida law is broad, permitting a judgment creditor to obtain discovery not only of the debtor[']s current assets, but also information relating to past financial transactions." *Thomas v. French & French, Ltd.*, 2012 WL 13208436, at *1 (M.D. Fla. Nov. 8, 2012).[2] "Indeed, the purpose of post-judgment discovery is to learn information relevant to the existence or transfer of the judgment debtor's assets." *Thomas*, 2012 WL 13208436, at *1; *see also S. Capital Constr.*, 2018 WL 7017412, at *1 (same); *Props. Of the Vills., Inc. v. Kranz*, 2021 WL 4244216, at *1 (M.D. Fla. Sept. 17, 2021) (same).

---

[2] *See also United States v. S. Capital Constr., Inc.*, 2018 WL 7017412, at *1 (M.D. Fla. Sept. 24, 2018) ("The scope of post-judgment discovery is 'very broad.'" (quoting *FDIC v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995))); *Supreme Fuels Trading FZE v. Sargeant*, 2011 WL 13172599, at *3 (S.D. Fla. Sept. 15, 2011) ("The scope of post-judgment discovery is 'very broad' to permit a judgment creditor to discover assets upon which execution may be made."); *Rodriguez v. Supersonic of Fla., Inc.*, 2021 WL 1929534, at *5-6 (S.D. Fla. Apr. 27, 2021) ("[T]he creditor has the right to discovery any assets the debtor might have that could be subject to levy or execution to satisfy the judgment, or assets that the debtor might have recently transferred." (quoting *Regions Bank v. MDG Frank Helmerich, LLC*, 118 So. 3d 968, 970 (Fla. 2d DCA 2013))).

Consistent with that purpose, Request No. 4—which seeks "[d]ocuments sufficient to show all payments received for the Florida Cases, including the source of such funds and the account(s) from which such funds were paid"—is aimed at identifying (1) the location of Craig's assets (*i.e.*, "the source of such funds and the account(s) from which such funds were paid") and (ii) transfers of those assets (*i.e.*, "all payments received from the Florida Cases"). Accordingly, the request is plainly proper. *See Santana v. RCSH Operations, LLC*, 2013 WL 12239127, at *2 (bank records discoverable because they were "relevant to the location of the Judgment Debtor's assets and to any transfer of assets to third-parties that may be used to satisfy the judgment"). Nothing in Ms. Ang's letter motion suggests otherwise.

Indeed, Ms. Ang does not even bother arguing that information about the *source* of the payments is not relevant. And she does not appear to even seek an order quashing Request No. 4 to the extent that it requests "the source of such funds and the account(s) from which such funds were paid." (*See* Dkt. No. 916 at 2 ("Ang moves the Court to quash Request 4 of the RM Subpoena *insofar* as it requests documents reflecting the amounts Ang and the Trust paid to RM in the Florida Cases." (emphasis added)).)

Instead, she argues only that the *amount* of the payments is not relevant. But she presents no authority or argument to support that position, which is completely inconsistent with what courts have identified as the purpose of post-judgment discovery—*i.e.*, to "learn information relevant to the existence *or transfer* of the judgment debtor's assets." *Thomas*, 2012 WL 13208436, at *1 (emphasis added). W&K is entitled to know what Craig—who owes W&K $143 million and has refused to pay a cent—is doing with his family's assets, and precisely how much of his wealth he is transferring away to fund the frivolous state-court actions purportedly brought by his wife and the alleged "Tulip Trust." *Cf. FTC v. NPB Advertising, Inc.*, 2017 WL 11682312, at *2 (M.D.

Fla. Apr. 14, 2017) (collecting cases that stand for the proposition that "courts permit discovery into a judgment debtor's spouse's financial information"). That is especially true when the purported payee is the infamous Tulip Trust, an entity this Court already found, by clear and convincing evidence, does not exist (DE 277, at 21), but was instead used by Craig as "part of a sustained and concerted effort to impede discovery into his bitcoin holdings." (*Id.*) It is clear W&K has an interest in lifting the veil on where these assets are truly coming from, and how much are being spent, given they are being spent to avoid Wright's payment of the more than $143,000,000 he owes W&K.

For the foregoing reasons, Plaintiff W&K respectfully requests that Ms. Ang's motion be denied in full.

Dated:  January 30, 2023

Respectfully submitted,

By: */s/ Velvel Devin Freedman*
Velvel (Devin) Freedman, Esq.
FREEDMAN NORMAND FRIEDLAND LLP
1 SE 3rd Ave., Suite 1240
Miami, Florida 33131
vel@fnf.law

Joseph Delich
Stephen Lagos
FREEDMAN NORMAND FRIEDLAND LLP
99 Park Avenue, Suite 1910
New York, New York 10016
jdelich@fnf.law
slagos@fnf.law

Andrew S. Brenner, Esq.
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

4

*Counsel to Plaintiffs Ira Kleiman as
Personal Representative of the Estate of
David Kleiman and W&K Info Defense
Research, LLC.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 30, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Velvel (Devin) Freedman*
VELVEL (DEVIN) FREEDMAN