UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

    plaintiffs,

v.                                                     Case No. 9:18-cv-80176 (BB/BR)

CRAIG WRIGHT,

    defendant.
_____/

**CORRECTED MOTION TO QUASH SUBPOENA
AND INCORPORATED MEMORANDUM OF LAW[1]**

Ramona Ang, in her personal capacity and as Trustee for the Tulip Trust (the "Trust") makes this Motion to Quash the Subpoena from W&K Info Defense Research, LLC ("W&K") to Rivero Mestre LLP ("RM") and incorporates the memorandum of law below.

On January 9, 2022, W&K served RM with a subpoena requesting documents purportedly relevant to its efforts to collect its judgment against Dr. Craig Wright. A copy of the subpoena is attached as **Exhibit A**. The Subpoena requests, among other things, documents relating to four actions pending in the 15th Judicial District of Florida (the "Florida Cases") in which RM represents Ang or the Trust. In one of the Florida Cases (now closed), RM represented Ang in her personal capacity; in the other three Florida Cases (still pending), RM represents the Tulip Trust. Dr. Wright is not a party to any of the Florida Cases.

The Subpoena seeks from RM the following documents:

---

[1] Ang filed a motion to quash on January in letter format on January 31, 2003. To comply with Local Rule 7.7, she files this corrected motion. She will respond to the substance of plaintiffs' opposition to the motion to quash within the time permitted by the Federal Rules of Civil Procedure.

- **Request No. 4**: Documents sufficient to show all payments received for the Florida Cases, including the source of such funds and the account(s) from which such funds were paid.

- **Request No. 5**: Documents sufficient to show any amounts held as a retainer, or otherwise, for the payment of fees and expenses in the Florida Cases; and

- **Request No. 6**: Documents sufficient to show any amounts held in your trust account that are associated with, paid by, or paid for, your representation of any of your clients in the Florida Cases.

Ex. A at 7. Ang files this motion for the limited purpose of moving to quash Request 4, to the extent it requests documents reflecting the amounts paid by her or the Trust in the Florida Cases.[2]

Under Rule 69, a judgment creditor is entitled only to information that is "relevant to executing the judgment against Judgment Debtors." *Pronman v. Styles*, No. 12-80674-CIV, 2016 WL 4613384, at *3 (S.D. Fla. Aug. 19, 2016). Even if W&K could collect its judgment against Dr. Wright from the assets held by either Ang or the Trust—which it cannot—the ***amount*** that Ang or the Trust paid in legal fees in past years has no bearing on the assets they hold *today*. The documents sought by Request 4 are altogether irrelevant and unnecessary to W&K's judgment collection efforts and, W&K should not be able to obtain them under Rule 69.

## CONCLUSION

For the foregoing reasons, Ang's motion to quash Request 4 of the RM subpoena insofar as it requests documents reflecting the amounts the Trust paid to RM in the Florida Cases.

---

[2] RM does not possess documents responsive to Requests 5 and 6, as it holds no funds on deposit for Ang or the Trust.

Respectfully submitted,

RIVERO MESTRE LLP
*Attorneys for Ramona Ang, personally and as Trustee of the Tulip Trust*
2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134
Tel.: (305) 445-2500
Fax: (305) 445-2505

By: /s/ Andrés Rivero
    Andrés Rivero
    arivero@riveromestre.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(3), I certify that my colleague, Amy Brown, held a meet-and-confer with counsel for W&K on January 18, 2023, and that counsel for W&K opposes this motion.

## CERTIFICATE OF SERVICE

I certify that on January 31, 2023, I electronically filed this document with the Clerk of the Court.

By: /s/ Andrés Rivero.
    Andrés Rivero