# Exhibit A

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | |
|---|---|
| W&K INFO DEFENSE RESEARCH, LLC | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   9:18-cv-80176-BB |
| CRAIG WRIGHT | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

*1/9/23 ©*
*11:18am*

To:

Rivero Mestre LLP, 2525 Ponce de Leon #1000, Miami, FL 33134

*202314*

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: 1 SE 3rd Ave, Suite 1240 <br> Miami, FL 33131 | Date and Time: <br><br> 01/23/2023 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/06/2023

| CLERK OF COURT | |
|---|---|
| | OR |
| _____ | /s/ Velvel (Devin) Freedman |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Plaintiffs
W&K Info Defense Research, LLC _____ , who issues or requests this subpoena, are:

Velvell (Devin) Freedman I 1 SE 3rd Ave, Suite 1240 Miami, FL 33131 Telephone:  (786) 924-2900 vel@fnf.law

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 9:18-cv-80176-BB

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

□ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

□ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC | Case No.  9:18-cv-80176-BB |
| Plaintiffs, | The Honorable Beth Bloom |
| | The Honorable Bruce E. Reinhart |
| v. | **PLAINTIFF W&K INFO DEFENSE RESEARCH, LLC'S SUBPOENA TO RIVERO MESTRE LLP** |
| CRAIG WRIGHT | |
| Defendant | |

YOU ARE HEREBY COMMANDED, pursuant to Fed. R. Civ. P. 45, to produce the documents and things designated herein for inspection at Freedman Normand Friedland LLP, 1 SE 3rd Ave, Suite 1240, Miami, FL 33131, or such other place as is mutually agreed upon between You and counsel for Plaintiff W&K Info Defense Research, LLC, by January 23, 2023, as provided under the Federal Rules of Civil Procedure.  If You choose, You may comply by producing the documents and things designated herein for inspection electronically by January 23, 2023.  This subpoena for documents, including each individual Request for Documents (collectively, the "Requests"), shall be read and interpreted in accordance with the definitions and instructions identified below.

### DEFINITIONS AND INSTRUCTIONS

Plaintiff W&K Info Defense Research, LLC ("W&K") incorporate by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure, and for purposes of this Subpoena, the following instructions and definitions shall apply:

1.      "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on the behalf of another.

2.      "Communication" and "communicate" shall mean any recordation, exchange or transfer of information, whether in writing, audio, oral or other form, including, but not limited to, memoranda or notes, telephone conversations and meetings, letters, telegraphic and telex communications, email communications, SMS messages, Twitter DMs, Facebook messages, Whatsapp messages, Signal messages, any other form of messages or communications, blogs, voicemails, and includes all information relating to all oral or written communications and "documents" (as herein above defined), whether or not such document, or information contained herein was transmitted by its author to any other person; the inclusion of specific examples within any individual request does not limit the definition provided herein and should be viewed as merely as examples meant to facilitate production.

3.      The term "concerning" means "relating to," "referring to," "describing," "evidencing" or "constituting."

4.      "Copy" when used in reference to a document means any color, or black and white facsimile reproduction of a document, regardless of whether that facsimile reproduction is made by means of carbon papers, pressure sensitive paper, xerography or any other means of process.

5.      "Date" shall mean the exact day, month and year if ascertainable or, if not, the best approximation, including relationship to other events.

6.      The terms "document" or "documents" shall mean any written, typewritten, handwritten, printed, graphic, photographic, electronic or recorded materials, including, but not limited to the following: correspondence and drafts of correspondence; e-mails; SMS messages; Whatsapp messages; Signal messages; Twitter DMs; Facebook messages; any other form of messages or communications; notes or summaries of conversations; forms; schedules or worksheets; memoranda; reports; comments; worksheets; plans; minutes; notes; notices or

2

notifications; findings; brochures; circulars; bulletins; advertisements; records; summaries or other reports of conferences, meetings, visits, surveys, discussions, inspections, and examinations; journals; logs; ledgers; balance sheets; profit and loss statements; purchase orders; quotations; estimates; invoices; bids; receipts; pledge commitments; acknowledgments; credit memoranda; contract or lease offers or proposals; income tax returns; check stubs (front and back); sales vouchers or records; executed or proposed agreements; contracts; deeds; franchise agreements; licenses; leases; insurance policies and riders or options; proposals; diaries; desk calendars; appointment books; evaluations; applications; telephone call books, notes or records; affidavits, deposition transcripts, statements or summaries or excerpts thereof; stenographic notes; financial data; newspaper or magazine articles; pamphlets; books; texts; notebooks; magazines; manuals; publications; notepads; tabulations; data compilations; calculations; or computations; schedules; drafts; charts and maps; forecasts and projections; feasibility studies; drawings, designs, plans, specifications; graphs, blueprints, sketches, or diagrams; printouts or other stored information from computers or other information retention or processing systems; hard drives, USB drives, disks, CD's, DVD's, tapes, videotapes; photographic matter or sound reproduction matter however produced, reproduced or stored; computer data of any kind whatsoever; any exhibits, attachments, or schedules to or with the foregoing; any drafts of the foregoing; any of the foregoing that exist in a form by which they are protected by computer encryption; any copies or duplicates of the foregoing that are different because of marginal or handwritten notations, or because of any markings thereon; the inclusion of specific examples within any individual request does not limit the definition provided herein and should be viewed as merely as examples meant to facilitate production.

7.      The term "Florida Cases" means *In re Estate of David Kleiman*, Case No. 50-2013-CP-005060-XXXX-NB (Fla. 15th Cir. Ct.); *Ang v. Kleiman*, Case No. 50-2021-CA-

004758-XXXX-MB (Fla. 15th Cir. Ct.); *Watts v. W&K Info Defense Research LLC*, Case No. 50-2022-CA-005501-XXXX-MB (Fla. 15th Cir. Ct.); and *Tulip Trust v. Kleiman*, Case No. 50-2022-CA-004636-XXXX-MB (Fla. 15th Cir. Ct.).

8.      The term "including" shall be construed as "including, but not limited to."

9.      The term "materials" shall mean (1) the elements, constituents, or substances of which something is composed or can be made; something (as data) that may be worked into a more finished form (2) apparatus necessary for doing or making something; (3) The substance or substances out of which a thing is or can be made; and/or (4) Tools or apparatus for the performance of a given task.

10.      "Person" or "persons" shall mean each and every individual, corporation, partnership, joint venture, social or political organization, or any other entity, incorporated or unincorporated, or encompassed within the usual and customary meaning of "person" or "persons."

11.      The terms "You" and "Your" shall mean and refer to Rivero Mestre LLP.

12.      The singular of each word shall be construed to include its plural and vice-versa, and the root word and all derivations (*e.g.*, "ing," "ed") shall be construed to include each other. The words "and" as well as "or" shall be construed both conjunctively and disjunctively.

13.      If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

14.      A draft of a non-identical copy is considered a separate document.

15.      Any reference to a person that is a business entity and is not otherwise defined includes that person's predecessors (including any pre-existing person that at any time became part of that entity after merger or acquisition), successors, parents, divisions, subsidiaries, affiliates, franchisors and franchisees; each other person, directly or indirectly owned or

controlled by any of them; each partnership or joint venture to which any of them is a party; all present and former directors, officers, employees, agents, consultants, controlling shareholders (and any entity owned by any such controlling shareholder), and attorneys of any of them; and any other person acting for or on behalf of any of them.

16.    Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition, except where such words have a usual custom and usage definition in your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which you are aware.

17.    Pursuant to Rule 45(e)(1)(a) of the Federal Rules of Civil Procedure, documents shall be produced either (a) as they are kept in the usual course of business (in which case they shall be produced in such fashion as to identify the department, branch or office in whose possession it was located and, where applicable, the natural person in whose possession it was found or the server or central file in which it was found, and the address of each document's custodian(s)), or (b) segregated as responsive to a specific Request enumerated in these Requests, with such specific Request identified.

18.    If you file a timely objection to any portion of a Request, definition, or instruction, provide a response to the remaining portion.

19.    The terms defined above and used in each of the Requests should be construed broadly to the fullest extent of their meaning in a good-faith effort to comply with the Federal Rules of Civil Procedure.

20.    The relevant period for these requests is January 1, 2018, to the present. If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to any of the Requests.

## DOCUMENTS TO BE PRODUCED

**REQUEST 1.**        Documents sufficient to show all payments received for your representation of Craig Wright (whether made directly by Wright or on his behalf), including the source of such funds and the account(s) from which such funds were paid.

**REQUEST 2.**        Documents sufficient to show any amounts held as a retainer, or otherwise, for the payment of fees and expenses in this case.

**REQUEST 3.**        Documents sufficient to show any amounts held in your trust account that are associated with, paid by, paid for, or owed to, Craig Wright.

**REQUEST 4.**        Documents sufficient to show all payments received for the Florida Cases, including the source of such funds and the account(s) from which such funds were paid.

**REQUEST 5.**        Documents sufficient to show any amounts held as a retainer, or otherwise, for the payment of fees and expenses in the Florida Cases.

**REQUEST 6.**        Documents sufficient to show any amounts held in your trust account that are associated with, paid by, or paid for, your representation of any of your clients in the Florida Cases.

Dated January 6, 2023

Respectfully submitted,

*s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman, Esq.
**FREEDMAN NORMAND FRIEDLAND LLP**
1 SE 3rd Ave, Suite 1240
Miami, FL 33131
Telephone:  (786) 924-2900
vel@fnf.law

Joseph M. Delich, Esq.
Stephen Lagos, Esq.
*Admitted Pro Hac Vice*
**FREEDMAN NORMAND FRIEDLAND LLP**
99 Park Ave., Suite 1910
New York, New York 10016
jdelich@fnf.law
slagos@fnf.law

Andrew S. Brenner, Esq.
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

*Counsel to Plaintiffs Ira Kleiman as Personal*
*Representative of the Estate of David Kleiman and*
*W&K Info Defense Research, LLC.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 6, 2023, a true and correct copy of the foregoing was served on all counsel of record via email.

/s/ *Velvel (Devin) Freedman*
Velvel (Devin) Freedman

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISRICT OF FLORIDA**

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC | Case No.  9:18-cv-80176-BB |
| Plaintiffs, | The Honorable Beth Bloom |
| | The Honorable Bruce E. Reinhart |
| v. | **PLAINTIFF W&K INFO DEFENSE RESEARCH, LLC'S SUBPOENA TO RIVERO MESTRE LLP** |
| CRAIG WRIGHT | |
| Defendant | |

**NOTICE OF ISSUANCE OF NON-PARTY SUBPOENA**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs W&K Info

Defense Research, LLC ("W&K"), by their undersigned attorneys, hereby provide notice of the

following subpoena for the production of documents, which is attached and will be served on or

about January 6, 2023.

| Non-Party | Place of Production | Date and Time of Production |
|---|---|---|
| Rivero Mestre LLP | Freedman Normand Friedland LLP, 1 SE 3rd Ave, Suite 1240, Miami, FL 33131 | January 23, 2023, 10:00 a.m. |

Dated:  January 6, 2022

*/s/ Velvel (Devin) Freedman*
Velvel (Devin) Freedman, Esq.
**FREEDMAN NORMAND FRIEDLAND LLP**
1 SE 3rd Ave, Suite 1240
Miami, FL 33131
Telephone:  (786) 924-2900
vel@fnf.law

Joseph M. Delich, Esq.
Stephen Lagos, Esq.
*Admitted Pro Hac Vice*
**FREEDMAN NORMAND FRIEDLAND LLP**
99 Park Ave., Suite 1910
New York, New York 10016
jdelich@fnf.law
slagos@fnf.law

Andrew S. Brenner, Esq.
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

*Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

2