UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

    plaintiffs,
v.                                                                                                        Case No. 9:18-cv-80176 (BB/BR)

CRAIG WRIGHT.
_____/

## REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA

Ramona Ang, as Trustee of the Tulip Trust, submits this reply memorandum in further support of the Trust's Motion to Quash Request 4 of the subpoena served on Rivero Mestre LLP ("RM"), to the extent it seeks information concerning the amounts the Trust has paid to RM for its representation.

### ARGUMENT

### I.    Ang Has Standing to Bring This Motion on Behalf of the Trust

Ang has standing to move to quash the subpoena directed to RM because the subpoena requests confidential financial records, including account information. A non-party has standing to challenge a subpoena to another non-party where the subpoena implicates a personal right or privilege relating to the documents being sought. *Wesolek v. Wesolek*, 2021 WL 3572221, at *2 (M.D. Fla. Jan. 20, 2021) (non-party attorney had standing to challenge subpoena directed to non-party where he alleged that documents would reveal confidential information of unrelated clients).[1] As trustee, Ang has not only an interest in protecting, but an obligation to protect, the

---

[1] The two cases plaintiff cites for a different proposition are from the Bankruptcy Court for the Central District of California and the District of Nevada, neither of which are binding on decisions of courts in this Circuit.

Trust's confidential financial information. She therefore has standing to challenge a subpoena that would require RM to disclose that information to plaintiff.

## II. The Subpoena Should Be Quashed Because the Information Sought Has No Bearing on Dr. Wright's Ability to Satisfy the W&K Judgment

The authority cited by Roche Freedman (n/k/a Freedman, *et al.*), putative counsel for W&K, stands for the unremarkable proposition that a judgment creditor is entitled to discovery of information concerning the *judgment debtor's* assets. *See Thomas v. French & French*, Ltd. 2012 WL 13208436, at * (M.D. Fla. Nov. 8, 2012) (granting motion to compel discovery from defendants); *Santana v. RCSH Operations, LLC*, 2013 WL 12238127, at *2 (S.D. Fla. 2013) (denying motion to quash subpoena for defendants' bank records). That authority does not alter the overarching rule that "third parties may be examined only as to the *judgment debtor's* assets and are not required to disclose their own assets." *Trustees of Amalgamated Ins. Fund v. Jordan Mfg. Corp.*, 2008 WL 343132, at *1 (S.D. Fla. Feb. 5, 2008) (internal citation omitted).

But Request 4 of the subpoena to RM requests documents reflecting the amounts paid by the Tulip Trust—not Craig Wright—to RM in actions pending in Florida state courts (the "Florida Actions"). Roche Freedman's entire argument is based on its repeated refrain that the Florida Actions are "revenge suits" brought by Dr. Wright's wife (Ang)[2] and ex-wife (Lynn Wright) as mere extensions of Dr. Wright. These women are not Craig Wright's chattel. They are separate individuals, *sui juris*, with legal rights and interests of their own, rights and interests of which this court may not summarily dispose despite Roche Freedman's vaguely

---

[2] Ramona Ang is acting here as Trustee of the Tulip Trust. Roche Freedman relies on Magistrate Reinhart's prior findings with respect to the Tulip Trust. DE 277. But those findings were made years ago, on incomplete evidence, and in a procedural context that had nothing to do with—and did not adjudicate—the ownership of W&K.

misogynistic demand that it do so. Among those rights and interests is their ownership interest in W&K—an entity that Ira Kleiman baselessly believes he owns and controls entirely, even though he is merely the personal representative of an estate that never owned a controlling interest while David Kleiman was alive.

Even assuming the Trust were the fictitious entity the Roche Freedman claims it is (which it is not and which plaintiff would have to establish on evidence more substantial than counsel's hollow and harshly cast aspersions), the amount of legal fees the Trust has paid to RM over the last two years says nothing about the assets held in the Trust *today*, or Craig Wright's ability to satisfy the judgment *today*. The payment information sought by Request 4 is simply irrelevant and unnecessary to Roche Freedman's judgment collection efforts and, as a result, Roche Freedman, claiming to act for W&K, should not be able to obtain it under Rule 69.

## CONCLUSION

For these reasons, Ang's motion to quash should be granted.

Respectfully submitted,

RIVERO MESTRE LLP
*Attorneys for Ramona Ang, personally and as Trustee of the Tulip Trust*
2525 Ponce de Leon Boulevard,
Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: ahenry@riveromestre.com
Email: abrown@riveromestre.com
Email: rkuntz@riveromestre.com
Email: receptionist@riveromestre.com

By: /s/ Andres Rivero
ANDRES RIVERO
Florida Bar No. 613819
ALLISON HENRY
Florida Bar No. 1003008

AMY C. BROWN  
Admitted *Pro Hac Vice*  
ROBERT KUNTZ  
Florida Bar No. 94668

## CERTIFICATE OF SERVICE

    I certify that on February 6, 2023, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF.

By: /s/ Andrés Rivero  
Andrés Rivero