## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

    Plaintiffs,

v.                                                      Case No. 9:18-cv-80176 (BB/BR)

CRAIG WRIGHT,

    Defendant.

_____/

## MOTION TO DISQUALIFY BOIES SCHILLER FLEXNER LLP AND INCORPORATED MEMORANDUM OF LAW

Dr. Craig Wright moves to disqualify Boies Schiller Flexner LLP ("Boies Schiller") as counsel for W&K Info Defense Research, LLC ("W&K").

## PRELIMINARY STATEMENT

This motion to disqualify is based on two developments. First, W&K discharged Roche Freedman LLP (now doing business as Freedman Normand & Friedland LLP) ("Roche Freedman") and Boies Schiller as counsel, and engaged The Law Office of Paul Huck in their stead. Second, Ira Kleiman, on his own, made remarkable admissions in the "notice" he filed personally on January 26, 2023, that his trial counsel at Roche Freedman and Boies Schiller have not been—and are not presently—advancing his interests. Either development, standing on its own, would warrant Boies Schiller's disqualification. Together, they compel it.

1

**RELEVANT FACTS**

1. **W&K's Discharge of Boies Schiller and Engagement of New Counsel**

Throughout this litigation, Ira Kleiman has acted as though he, as representative of David Kleiman's estate ("the Estate"), exclusively owns, and has the right to exercise complete control over, W&K. But in his self-filed castigation of his attorneys, Ira Kleiman admits—as he has many times before and elsewhere—that he knows David Kleiman never held more than, at best, a 50% ownership interest. [DE 918 at 1.] As set forth in Dr. Wright's opposition to the pending motion to compel [DE 915 at 2-6 & 8-10], all the uncontested evidence from David Kleiman's lifetime is consistent with and supports the conclusion that David Kleiman owned only a one-third interest in W&K and never a majority share. [DE 915-1 through 915-8.]

In fact, the exact ownership of W&K has never been decided in this or any other judicial proceeding and is the subject of a declaratory judgment action pending in the Circuit Court for the 15th Judicial Circuit in Palm Beach County, filed nearly two years ago on April 13, 2021. *See Ramona Ang v. Ira Kleiman*, Case No. 50-2021-CA-004758-XXXX-MB (the "Declaratory Judgment Action"). But there is one thing about which there is not, and never has been, a question: there is *no evidence*—and David Kleiman never claimed there was in life, and Ira Kleiman has never so claimed since David's death—that David Kleiman *ever* owned a majority interest in W&K.

The true majority members of W&K are Romana Ang, as Trustee of the Tulip Trust, and Lynn Wright (the "Majority Members"), who will prove in the Declaratory Judgment Action that they each own a one-third interest in W&K, with the Estate the beneficial owner of the

remaining one-third interest.[1] On November 23, 2022, the Majority Members executed a Written Consent of Members discharging both Roche Freedman and Boies Schiller as counsel to W&K . The November 23, 2022 Written Consent is attached as **Exhibit A**. By another Written Consent effective January 24, 2023, the Majority Members engaged The Law Office of Paul Huck as counsel to W&K. The January 24, 2023 Written Consent is attached as **Exhibit B**. Mr. Huck filed a notice of appearance on January 26, 2023 [DE 917], just before Ira Kleiman filed his "notice" excoriating his counsel. [DE 918.]

The next day, Ira Kleiman filed another document on his own, this time to tell the Court that "the new counsel hired to represent W&K was not an action of [his] doing" and that he does not know who Mr. Huck is. [DE 919.] This was yet another instance of Ira Kleiman acting as though he, as the personal representative of his brother's Estate, is synonymous with W&K—despite zero evidence that he or his brother ever owned a controlling interest in W&K.

## 2. The Pending Motion to Disqualify Roche Freedman

The shocking facts surrounding the Roche Freedman scandal are now well-known, have been oft told, and need not be repeated in detail here.[2] Following Kyle Roche's scandalous admissions, litigants across the country moved to disqualify Roche Freedman, including the defendants *In re Tether and Bitfinex Crypto Asset Litigation*, 19 Civ. 9236 (S.D.N.Y.) (KPF) (the "*Tether* Action"). At a hearing on motions to terminate Roche Freedman as class counsel in the *Tether* Action, Judge Failla characterized Roche's statements as "uniquely stupid." In her order granting those motions, Judge Failla called the statements "coherent and logical and too detailed"

---

[1] Whether the Estate retained any *voting* rights in the company after David's death is a separate question of Florida inheritance and corporate law, not for resolution here, to which the answer appears to be "no."

[2] They are set out in detail in Dr. Wright's motion to disqualify Roche Freedman. [DE 900.]

3

to "dismiss out of hand" and further noted that, if true, "it would actually surprise [her] if such an ethos were limited to Mr. Roche alone." Judge Failla made clear that no one has "yet gotten to the bottom" of all the facts underlying the Roche Freedman affair and criticized the firm's failure to take the allegations seriously. *See* Transcript of Tether hearing, DE 900-1 at 20, 22 , quoting Judge Failla as stating, "It is too easy to say that Mr. Roche was drunk and stupid. . . . Roche Freedman has offered a number of arguments seeking to mitigate or contextualize these statements, but largely they do not succeed." Most recently, Roche Freedman was ordered to sit for a deposition by Judge James Donato in the Northern District of California, who stated that, with respect to these matters, an "evidentiary vacuum" still exists. *See* Bonnie Eslinger, *Kyle Roche's Ex-Firm Must Sit for Depo Over Financial Ties*, Law 360 (Feb. 2, 2023, (9:28 PM), https://www.law360.com/fintech/articles/1572257/kyle-roche-s-ex-firm-must-sit-for-depo-over-financial-ties, attached as **Exhibit C**.[3]

Just before Thanksgiving, after nearly a year of silence before this Court, the rump Roche Freedman firm[4] filed an ill-founded motion—purportedly on behalf of W&K—to compel Dr. Wright to complete a form 1.977 financial disclosure in connection with efforts to collect the judgment in favor of W&K, which is not the subject of the Eleventh Circuit appeal. Dr. Wright

---

[3] This echoed the sentiment conveyed by Judge Failla in the *Tether* Action: "[T]hese disclosures are evolving. They clearly extend beyond this case. I have only limited visibility into these issues, and I will not make findings about what Mr. Roche did or did not do or meant or did not mean based on a two-and-a-half page declaration without a more extensive investigation." [DE 900-1 at 10-11.]

[4] Rump Parliament was the name given to the parliament that governed Britain from 1648 to 1653 and from 1659 to 1660, after the Long Parliament had been reduced in size by Pride's Purge. It lacked many of the Long Parliament's members, thus solidifying its regicidal character. Just so, Kyle Roche has left the firm he founded, but its essential character must still be assumed to sustain his legacy.

4

then moved to disqualify Roche Freedman in this Court. [DE 900.][5] On November 29, 2022, the Court denied Dr. Wright's motion without prejudice on the theory that it lacked jurisdiction over the motion because of the pending appeal. [DE 901.]

On January 6, 2023, Roche Freedman filed a motion to compel purportedly on behalf of W&K, arguing that the Court retained jurisdiction to compel completion of the form 1.977 in aid of W&K's collection efforts. [DE 903.] The Court then took up the motion to disqualify again and referred it to Magistrate Reinhart for consideration. [DE 909.] Judge Reinhart scheduled a status conference for January 27, 2023. [DE 914.]

### 3. Ira Kleiman's Admissions that Neither Roche Freedman Nor Boies Schiller Are Advancing His Interests

On the afternoon of January 26, 2023, just before the scheduled status conference, Ira Kleiman took it upon himself to file *personally* a document entitled, "Notice of Filing Documents for Courts [sic] Review," in which he asked Magistrate Reinhart to consider additional information "before the hearing you will have with my attorneys to discuss their representation." [DE 918 at 1.] In the document, Ira Kleiman details a bill of particulars against his lawyers for multiple failings before and during trial, including:

- Failure to present "or even designate [] to be presented" Dr. Wright's deposition testimony concerning an April 23, 2014 e-mail exchange believed by Ira Kleiman to prove Dr. Wright's "fraud and extortion against the estate" (*id*. at 3);

- Failure to subpoena or depose a witness with knowledge of the e-mail exchange, noting "Even though I agreed to millions of dollars of litigation funding I was told that deposing one of the most important witnesses was too expensive" (*id*. at 4);

- Failure to move to compel the return of the intellectual property remaining with W&K, stating, "I would like to take Dr. Wright up on his offer to use this hundred

---

[5] Dr. Wright moved to disqualify Roche Freedman in the Eleventh Circuit appeal and in actions pending in Florida State courts soon after Roche's statements were reported. He did not simultaneously move to disqualify Roche Freedman in this Court because the case was closed.

5

> billion dollar software, but I have not been able to convince my attorneys to file a motion to compel the return of it" (*id*. at 5.).

But most striking are Ira Kleiman's complaints about his attorneys' neglect *after* trial—i.e., their failure to take any steps, until only recently, to collect the W&K judgment. In the closing paragraph of his filing, he states:

> If all the above behavior wasn't bizarre enough, the crazy train kept chugging along even after receiving a favorable verdict for W&K. The co-founder of Roche Freedman then sabotaged this one positive with his "uniquely stupid" statements about the case. At this point, I honestly don't believe they want to recover the W&K judgment otherwise I wouldn't have had to pressure them into requesting the form 1.977. There is no reason to allow a year to go by before taking such simple collection efforts.

(*Id*. at 6.) In other words, Ira Kleiman apparently has been pressing his attorneys to enforce the W&K judgment against Dr. Wright *for an entire year* without any success. Meanwhile, his attorneys at both Roche Freedman and Boies Schiller have been laying low, especially so since the scandal that blackened Roche Freedman's reputation and broke into the national legal press. Though Roche Freedman began making rumblings about the form 1.977 in mid-November through emails to Rivero Mestre, neither it nor Boies Schiller asked this Court to order the form's completion for another two months. The reason for this dilatory approach, heedless of their client's wishes, is clear: the Court had denied the motion to disqualify for want of jurisdiction, and any invocation of the Court's jurisdiction to aid in judgment collection efforts would likely resurrect a motion the lawyers were desperate to keep from the Court's attention. That is precisely what happened when the law firms finally followed their client's wishes.

### 4. The January 27, 2023 Status Conference

Judge Reinhart held a status conference on January 27, 2023, at which time Mr. Huck appeared on behalf of W&K. *See* Transcript of January 27, 2023 Conference, attached as

6

**Exhibit D**. Consistent with the January 24, 2023 Written Consent, Mr. Huck stated that he had been engaged by the Majority Members to appear on behalf of W&K. At the same status conference, Judge Reinhart stated that he intended to strike Ira Kleiman's personal filings, given that he is represented by counsel. Ex. D at 14. Judge Reinhart clarified, however, that by striking the filings, he was neither saying that Ira Kleiman's admissions should be ignored, nor making any determination as to their evidentiary value. Ex. D at 17.

## ARGUMENT

### I. BOIES SCHILLER SHOULD BE DISQUALIFIED FOR THE SIMPLE REASON THAT IT HAS BEEN DISCHARGED

Boies Schiller should be disqualified because the Majority Members of W&K have discharged the firm and hired Mr. Huck. Rule 4-1.16(a)(3) of the Rules Regulating the Florida Bar provides that a lawyer *must* terminate its representation once discharged by the client. Boies Schiller's withdrawal is *mandatory* at this juncture. *The Fla. Bar v. Nunes*, 734 So. 2d 393, 396 (Fla. 1999) (suspending attorney for three months for, among other things, failing to withdraw as counsel once discharged); *The Fla. Bar v. Spann*, 682 So. 2d 1070, 1071 (Fla. 1996) (disbarring attorney for, among other things, failing to withdraw as counsel once discharged); *The Fla. Bar v. Flinn*, 575 So. 2d 634, 635 (Fla. 1991) (same).

The efficacy of the Majority Members' corporate actions discharging Roche Freedman and Boies Schiller is not in doubt. At the very least, even if it is argued that no court has yet determined the exact ownership stakes in W&K, as discussed above, there is *zero* evidence—and never has been—that the Estate holds, or has ever held, a controlling interest in W&K. Accordingly, the Majority Members had every right to remove Roche Freedman and Boies Schiller as counsel and hire Mr. Huck. That discharge compels their withdrawal or, failing that, their disqualification.

## II. IRA KLEIMAN'S ADMISSIONS REQUIRE BOIES SCHILLER'S DISQUALIFICATION

Even if Boies Schiller *hadn't* been fired, along with Roche Freedman, Ira Kleiman's remarkable admissions are a separate, undeniable basis for disqualification—which Dr. Wright has the standing to seek. An opposing party "has standing to seek disqualification even though it is not an aggrieved client because its attorneys are authorized to report any ethical violations committed in the case." *Brown & Williamson Tobacco Corp. v. Daniel Int'l Corp.*, 563 F.2d 671, 673 (5th Cir. 1977).[6] Even if Dr. Wright didn't have standing, this Court has the authority—and, on these facts, the grounds—to disqualify Boies Schiller sua sponte upon discovery of a conflict of interest. *See e.g.*, *Int'l Elecs. Corp. v. Flanzer,* 527 F.2d 1288, 1295–96 (2d Cir. 1975) (considering the issue of attorney conflict despite failure of parties to raise issue); *United States ex rel. Baker v. Cmty. Health Sys., Inc.*, 2011 WL 13151981, at *2 (D.N.M. Dec. 15, 2011) ("The Court has the authority to consider potential conflicts which may require attorney disqualification sua sponte."); *Preston v. Atlas Casting & Technology*, 2008 WL 5000459, at *1 (W.D. Wash. Nov. 21, 2008) (Once the court is on notice of a potential conflict of interest, it may disqualify the attorney from the case sua sponte.); *Yates v. Applied Performance Techs., Inc.*, 209 F.R.D. 143, 150 (S.D. Ohio 2002) (noting that federal courts have "the power to disqualify an attorney from a case" and disqualifying law firm where it was "improperly using the class actions to leverage the interests of its clients … and, in doing so, [was] acting in a manner contrary to the best interests of the putative class members").

The conflict here could not be any clearer. Ira Kleiman articulated it himself in the scathing six-page rebuke of his lawyers he filed personally with the clerk, asking the Court to

---

[6] Decisions of the Fifth Circuit prior to September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

read it "before the hearing" scheduled "to discuss their representation." [DE 918 at 1.] He wanted to tell the Court in his own words the ways in which his attorneys had done and were still doing him a disservice. His statements are admissions of a party opponent, clearly admissible for the Court's consideration. He told the Court exactly what he has to say and he cannot be ignored.

The proverbial cat cannot be put back in the bag. Ira Kleiman has made plain, without mincing words, that none of his lawyers—including those at Boies Schiller—are taking steps to advance his interests. Boies Schiller must be disqualified following that revelation. *See, e.g*. *Chambers v. NASCO, Inc*., 501 U.S. 32, 43 (1990) ("A federal court's inherent power includes the authority to "control admission to its bar and to discipline attorneys who appear before it."); *Ex Parte Burr,* 22 U.S. 529, 531 (1824) (The power to disqualify an attorney from a case is "incidental to all courts, and is necessary for the preservation of decorum, and for the respectability of the profession."); *In re Herman*, 632 F. App'x 580, 584 (11th Cir. 2015) (The court did not abuse its discretion in suspending an attorney from practicing before it where good cause was shown.).

The most significant of Ira Kleiman's admissions are not those made regarding his lawyers' performance during discovery or at trial. He wouldn't be the first client to criticize counsel following a years-long, expensive litigation that dashed the client's fond hopes. It is what he says about their post-verdict failures—when "the crazy train kept chugging," as he puts it—that is so damning. Ira Kleiman says he has been asking his attorneys to compel Dr. Wright's completion of the form 1.977 for *an entire year* now. He writes: "I honestly don't believe they want to recover the W&K judgment otherwise I wouldn't have had to pressure them into requesting the form 1.977. *There is no reason to allow a year to go by before taking such simple collection efforts*." *Id*. at 6 (emphasis added).

But, after Roche's "uniquely stupid" recorded admissions and the motions to disqualify that followed, there *was* a reason. Roche Freedman and Boies Schiller did not want to invoke this Court's jurisdiction to oversee discovery in aid of execution of the W&K judgment because doing so would get them to where they are right now—forced to confront a motion to disqualify and come clean about the firm's relationship with Ava Labs and the impact of that relationship on its prosecution of the case against Dr. Wright. That was the last thing they wanted. So, they sat on their hands until they couldn't anymore.

To the extent Boies Schiller attempts to distance and distinguish itself from Roche Freedman—and who wouldn't want to do that—it cannot make enough distance to save itself. It is true that Boies Schiller is its own, reputable law firm and did not engineer the unscrupulous and unlawful litigation strategies employed by Roche Freedman.[7] But Boies Schiller is still counsel to Ira Kleiman. And, as its own firm, it could and should have followed the instructions of Ira Kleiman—who it claims has authority over W&K—long before January 6, as he apparently asked it to do. According to Ira Kleiman, it did not. What drove Boies Schiller's inaction is not known, though the Occam's Razor strongly urges the reason advanced in these papers. But, whatever it was, according to Ira Kleiman, it wasn't his interests. Ira Kleiman's excoriation of the representation he has received and continues to receive at the hands of Boies Schiller requires the firm's disqualification.

---

[7] Albeit Boies Schiller did not speak out against them during the course of this matter.

## **CONCLUSION**

For the reasons stated here, Dr. Wright's motion to disqualify Boies Schiller should be granted.

Respectfully submitted,

RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard,
Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: abrown@riveromestre.com
Email: ahenry@riveromestre.com
Email: rkuntz@riveromestre.com
Email: receptionist@riveromestre.com
*Counsel for Dr. Craig S. Wright*

By: s/ Andres Rivero
ANDRES RIVERO
Florida Bar No. 613819
AMY C. BROWN
Admitted *Pro Hac Vice*
ALLISON HENRY
Florida Bar No. 1003008
ROBERT KUNTZ
Florida Bar No. 94668

## **CERTIFICATE OF SERVICE**

      I certify that on February 10, 2023, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF.

                                         By: /s/ Andrés Rivero.
                                              Andrés Rivero