UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>Plaintiffs,<br><br>v.<br><br>CRAIG WRIGHT<br><br>Defendant. | CASE NO.: 9:18-cv-80176-BB/BR |

## LIMITED OPPOSITION TO MOTION TO DISQUALIFY

Pursuant to the Court's order dated January 27, 2023 (Dkt. No. 920), Plaintiff W&K Info Defense Research, LLC ("W&K") respectfully submits this limited opposition to Defendant Craig Wright's motion to disqualify Kyle Roche and Freedman Normand Friedland LLP ("FNF") (Dkt. No. 900.)[1] As explained below, because the Court of Appeals for the Eleventh Circuit has already rejected the arguments raised by Wright's motion to disqualify, Wright may not relitigate those same issues again here. His motion to disqualify should, accordingly, be denied.

## FACTUAL BACKGROUND

On March 9, 2022, Judge Bloom entered final judgment for Plaintiff W&K Info Defense Research, LLC ("W&K"), but not for Ira Kleiman, as personal representative of the Estate of David Kleiman (the "Estate"). (Dkt. No. 889.) On April 8, 2022, after Judge Bloom denied the Estate's motion for a new trial (Dkt. No. 887), the Estate appealed to the Court of the Appeals for the Eleventh Circuit (Dkt. No. 892).

---

[1] For the avoidance of doubt, to the extent that the Court disagrees that Wright's motion should be denied under the law of the case doctrine, Plaintiffs reserve the right to oppose Wright's motion on the merits. Indeed, Wright's motion is completely frivolous, and two courts have already denied substantively-identical motions filed by Wright and his wife, Ramona.

1

On September 6, 2022, Defendant Craig Wright filed a motion to disqualify FNF and Plaintiffs' former attorney, Kyle Roche, with the Court of Appeals for the Eleventh Circuit. (Ex. 1.) In that motion, Wright argued that Mr. Roche and FNF should be disqualified based on certain statements allegedly made by Mr. Roche. (*Id.*) Specifically, he argued that:

- Mr. Roche should be disqualified under Rule 1.7(a)(2) because he "says he will not settle any case and insists on going to trial to extract a larger settlement, or settles because of publicity for the Firm," and thus "admits to expressly putting his interests ahead of those of his clients." (*Id.* at 17.)

- Mr. Roche should be disqualified under Rule 1.7(a)(2) because "there is a sound basis for concluding that in attempting to 'take down' [another client's executive's] arch-nemesis, Dr. Craig Wright, Roche and the Firm have been acting for the benefit of [that other client and its executive], who were undisclosed interested parties." (*Id.* at 18.)

- Mr. Roche should be disqualified under Rule 8.4 because his "serial misconduct flouts and fundamentally offends the core responsibilities imposed on every lawyer to uphold the dignity of the courts, and to treat litigants and other counsel forthrightly and with respect." (*Id.* at 19.)

- FNF should be disqualified because Mr. Roche's "misconduct must be imputed to the Firm." (*Id.*)

On November 8, 2022, after the Estate filed its opposition (Ex. 2), the Eleventh Circuit issued an order (i) denying Wright's motion as to Mr. Roche as moot (because he was not admitted to practice in the Eleventh Circuit) and (ii) holding Wright's motion to disqualify FNF "in abeyance." (Ex. 3.) The Eleventh Circuit directed FNF to file a declaration "informing the Court": (1) "Whether any person or entity other than those listed in the appellant's Certificate of Interested Persons, including any partner in [FNF], has an interest in the outcome of this appeal"; (2) "Whether Appellant Ira Kleiman, as personal representative of the Estate of David Kleiman, has been informed of the alleged conflict of interest discussed in the appellee's motion, and if so," (3) "Whether the requirements of Rule 1.7(b) of the ABA Model Rules of Professional Conduct are satisfied." (*Id.*)

On November 22, 2022, FNF submitted the declaration. (Ex. 4.) In the declaration, FNF declared under penalty of perjury that:

- "Plaintiff-Appellant Ira Kleiman, as personal representative of the Estate of David Kleiman, has been informed of the alleged conflict discussed in the appellee's motion." (*Id.* at 2.)

- "The requirements of ABA Model Rule 1.7(b) are satisfied because I and my Firm reasonably believe that we will be able to provide competent and diligent representation of any allegedly affected client, the representation is not prohibited by law, the representation does not involve the assertion of a claim by one client against another client that we represent in the same litigation, and Mr. Kleiman has provided informed consent, confirmed in writing." (*Id.*)

On December 29, 2022, the Eleventh Circuit denied Wright's motion to disqualify FNF (Ex. 5). In that order, the Eleventh Circuit stated: "Upon consideration of the affidavit of attorney Devin (Velvel) Freedman attesting that the requirements of Rule 1.7(b) of the ABA Model Rules of Professional Conduct are satisfied, the appellee's motion to disqualify Roche Freedman LLP is DENIED." (*Id.*)

Meanwhile, on November 28, 2022, Wright filed a motion in the district court to disqualify Mr. Roche and FNF. (Dkt. No. 900.) That motion was virtually identical to, and largely copied and pasted from, the motion that Wright filed with the Eleventh Circuit. Indeed, the motion here identifies the ***same four arguments*** for disqualifying Mr. Roche and FNF, and uses ***the exact same language***:

- Mr. Roche should be disqualified under Rule 1.7(a)(2) because he "says the Firm will not settle any case and insists on going to trial to extract a larger settlement, or settles because of publicity for the Firm," and thus "admits to expressly putting his interests ahead of those of his clients." (*Id.* at 12.)

- Mr. Roche should be disqualified under Rule 1.7(a)(2) because "there is a sound basis for concluding that in attempting to 'take down' [another client's executive's] arch-nemesis, Dr. Craig Wright, Roche and the Firm have been acting for the benefit of [that other client and its executive], who were undisclosed interested parties." (*Id.* at 13.)

3

- Mr. Roche should be disqualified under Rule 8.4 because his "serial misconduct flouts and fundamentally offends the core responsibilities imposed on every lawyer to uphold the dignity of the courts, and to treat litigants and other counsel forthrightly and with respect." (*Id.* at 13.)

- FNF should be disqualified because Mr. Roche's "misconduct must be imputed to the Firm." (*Id.* at 14.)

On November 29, 2022, Judge Bloom denied the motion without prejudice. (Dkt. No. 901.) On January 10, 2023, Wright renewed it (Dkt. No. 904), even though the Eleventh Circuit had already rejected the same arguments, and even though a Florida probate court had—just one day earlier—denied an identical motion filed by Wright's wife, Ramona, on the grounds that she had "fail[ed] to demonstrate any 'competent substantial evidence' providing a basis for disqualification of Freedman Normand Friedland LLP, thereby depriving Ira Kleiman and the estate of their right to choice of counsel." (Ex. 6 at 3.)

## **LEGAL STANDARD**

"Under the 'law of the case' doctrine, the findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal." *This That & The Other Gift & Tobacco, Inc. v. Cobb Cty., Ga.*, 439 F.3d 1275, 1283 (11th Cir. 2006) (quoting *Heathcoat v. Potts*, 905 F.2d 367, 370 (11th Cir. 1990)). The doctrine "bars relitigation of issues that were decided either explicitly or by necessary implication." *Id.*; *see also A. A. Profiles, Inc. v. City of Fort Lauderdale*, 253 F.3d 576, 582 (11th Cir. 2001) ("Generally, the law of the case doctrine requires a court to follow what has been explicitly or by necessary implication decided by a prior appellate decision.").

## **ARGUMENT**

Because the Court of Appeals for the Eleventh Circuit already rejected the same arguments that Wright raises in his motion to disqualify, that motion should be denied under the law-of-the-case doctrine.

***First***, the fact that Wright's motion at the Eleventh Circuit was technically directed at FNF's representation of the Estate instead of FNF's representation of the Estate's co-plaintiff, W&K, is immaterial. *See United States v. Siegelman*, 786 F.3d 1322, 1327 (11th Cir. 2015) ("Importantly, we also have held that the [law-of-the-case] doctrine applies to those issues decided on a co-defendant's earlier but closely related appeal." (citing *United States v. Bushert*, 997 F.2d 1343, 1356 (11th Cir. 1993))); *United States v. Montoya*, 847 F. App'x 813, 814 (11th Cir. 2021) ("Under the law-of-the-case doctrine, our decision in *Ruballo*—concluding that the record allowed no meaningful appellate review of the district court's calculation of the loss amount and the amount of restitution owned—applies equally to the identical issue now raised by Montoya."). Indeed, "just as nonmutual preclusion has won widespread acceptance, so a new party or a co-party may be entitled to invoke law-of-the-case principles against a party who lost an earlier ruling." Wright & Miller, Federal Practice & Procedure § 4478.5 (3d ed. 2022).

Here, the motion that Wright filed in the Eleventh Circuit—and lost—is ***identical*** to the motion that he has filed here. He raises ***the exact same arguments*** using ***the exact same language***, and offers no explanation why the merit of those arguments depends on whether they are directed at FNF's representation of the Estate or FNF's representation of W&K. Nor could he: both entities jointly prosecuted this case under the direction of Ira Kleiman, pursued similar claims against Wright, and are (and have at all relevant times been) represented by the same counsel. Under these

5

circumstances, the Estate's co-plaintiff, W&K, should be permitted to invoke law-of-the-case principles against Wright.

*Second*, in denying Wright's motion to disqualify FNF, the Eleventh Circuit **necessarily** found, at minimum, that, to the extent that FNF had any conflict, that conflict was waivable.[2] In other words, the Eleventh Circuit found (i) that FNF could "reasonably believe[]" that it could "provide competent and diligent representation," (ii) that the representation was "not prohibited by law," and (iii) that the representation did "not involve the assertion of a claim by one client against another client represented" by FNF "in the same litigation or other proceeding before a tribunal." Rule 1.7(b)(1)-(3). Those findings apply with equal force here because, again, there is *no difference* between (i) the alleged conflict that Wright raised with the Eleventh Circuit and (ii) the alleged conflict that Wright has raised here.

*Third*, in denying Wright's motion to disqualify FNF, the Eleventh Circuit **necessarily** found, at minimum, that to the extent FNF had any conflict, that conflict was in fact waived. That finding applies with equal force here because the evidence of waiver that FNF submitted to the Eleventh Circuit indicated that Ira Kleiman's informed consent was sufficiently broad to include both FNF's representation of the Estate *and* FNF's representation of W&K.

Indeed, in its declaration with the Eleventh Circuit, FNF represented that Ira Kleiman had been "informed of the alleged conflict discussed" in Wright's motion. (Ex. 4 at 2.) Ira Kleiman directs and controls W&K, and the "alleged conflict discussed" in Wright's motion with the Eleventh Circuit is the same "alleged conflict discussed" in Wright's motion here. W&K has thus

---

[2] The Eleventh Circuit's order could have, in the alternative, been based on a finding that FNF did not have a conflict at all under Rule 1.7(a)(2). That finding would likewise be applicable here, given that there is no difference between the conflict alleged in connection with FNF's representation of W&K and FNF's representation of W&K.

6

indisputably been informed about that conflict. In addition, FNF represented to the Eleventh Circuit that "Mr. Kleiman has provided informed consent, confirmed in writing." (*Id.* at 2.) That consent applied to FNF's representation of Mr. Kleiman "in this matter," and thus logically extends to both FNF's representation of the Estate and FNF's representation of W&K.

In short, the Eleventh Circuit has already concluded that, even if FNF has a conflict, that conflict was validly waived. Wright cannot disregard those findings and seek to relitigate those issues fresh here. His motion is barred by the law-of-the-case doctrine and should be denied.

## CONCLUSION

For the foregoing reasons, W&K respectfully requests that Wright's motion to disqualify FNF be denied.[3]

Dated: February 10, 2023

Respectfully submitted,

By: */s/ Velvel Devin Freedman*
Velvel (Devin) Freedman, Esq.
FREEDMAN NORMAND FRIEDLAND LLP
1 SE 3rd Ave., Suite 1240
Miami, Florida 33131
vel@fnf.law

Joseph Delich
Stephen Lagos
FREEDMAN NORMAND FRIEDLAND LLP
99 Park Avenue, Suite 1910
New York, New York 10016
jdelich@fnf.law
slagos@fnf.law

---

[3] Wright also moved to disqualify Mr. Roche, but he has withdrawn from this case. (Dkt. No. 908.) In that respect, his motion is moot.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 10, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Velvel (Devin) Freedman*
VELVEL (DEVIN) FREEDMAN
