UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

    Plaintiffs,

v.                                                             Case No. 9:18-cv-80176 (BB/BR)

CRAIG WRIGHT,

    Defendant.
_____/

## NON-PARTY LYNN WRIGHT'S NOTICE OF OBJECTION AND INCORPORATED MEMORANDA IN OPPOSITION TO THE MOTION TO STRIKE THE APPEARANCE OF PAUL C. HUCK, JR. [D.E. 931]

Non-party, LYNN WRIGHT ("Ms. Wright"), through counsel, hereby files this Notice of Objection and Incorporated Memoranda In Opposition to the Motion to Strike the Appearance of Paul C. Huck, Jr. as counsel for W&K Info Defense Research, LLC. ("W&K") and states:

    1.    At the onset, Ms. Wright believes that the Court lacks jurisdiction to decide the ownership issue and that the Court should not displace the ongoing State Court proceedings which seek to settle ownership. *National Maritime Services, Inc. v. Straub*, 776 F.3d 783 (11Cir. 2015); *Peacock v. Thomas*, 516 U.S. 349, 116 S. Ct. 862 (1996). [See Verified Petition attached as **Exhibit "A"**]

    2.    In further factual basis support of her opposition, Ms. Wright notes is no longer married to Craig Wright and has not been married to him for many years.

    3.    Mrs. Wright was not named as a party to this lawsuit. [**D.E. 83**]

    4.    Ms. Wright is a 1/3 owner of W&K. ( See **Exhibit "A", ¶30**)

    5.    Based upon Ira Kleiman's recent affirmation to this Court, on its best day, the *Estate* has a 50% interest in W&K. [**D.E. 918**]

{11020894: }

*Ira Kleiman v. Craig Wright*
Case No. 9:18-cv-80176 (BB/BR)
Page 2 of 4

6. Adjudication of the Verified Petition is presently stayed and have not been adjudicated because Ira Kleiman has repeatedly asserted that until the United States Court of Appeals for the Eleventh Circuit Court of Appeals issues its opinion on the issues before it the Circuit Court in and For Palm Beach County is without jurisdiction. (See Opposition to Motion to Lift Stay, **Exhibit "B"** and, Order of Stay **Exhibit "C"**)

7. To Mrs. Wright's knowledge, with respect to W&K, the issues of who owns membership and voting interests and what percentage(s) are owned has never determined by this Court or any other Court. [**D.E. 83, D.E.812, D.E. 814**]

8. With respect to the underlying lawsuit brought by Mr. Kleiman, Ms. Wright: (a) was not in control of or directing the underlying litigation before this Court; (b) did not agree to be bound by the litigation; (c)[her] interests as a member of W&K are divergent than those of her ex-husband and his current wife. Ms. Wright obtained her interests from Tulip Trust and not from Craig Wright; (d) because the ownership of W&K was not adjudicated in the underlying suit, Ms. Wright was not "adequately represented" in the underlying suit; even if the issues were somehow litigated, Ms. Wright was not named as a party, did not present evidence or otherwise control or participate in the underlying suit; (e) is not trying to re-litigate issues already litigated.

In fact, the issues now presented with respect to ownership and control of W&K are not the core issues already litigated. Ms. Wright understands the core litigated issues are outlined in Plaintiffs' complaint to be: (i) whether Craig Wright converted assets from the estate or W&K. (**D.E. 83, ¶171, pg. 37**); (ii) whether Craig Wright was unjustly enriched (**D.E. 83, pgs. 37-38**); (iii) whether Craig Wright misappropriated assets of the estate or W&K (**D.E. 83, pgs. 38-39**); (iv) whether Craig Wright misappropriated trade secrets belonging to the estate (**D.E. 83, pgs. 39-40**); (v) whether Craig Wright breaded a fiduciary duty to W&K (**D.E. 83, pg. 41**); (vi) whether Craig

{11020894: }

Wright breached his duty of loyalty and care to the estate (**D.E. 83, pgs. 42-43**); (vii) whether Craig Wright committed fraud on the estate and W&K (**D.E. 83, pgs.43-44**); (viii) whether Craig Wright committed constructive fraud on the estate and W&K (**D.E. 83, pgs. 44-45**);(ix) injunctive relief seeking return of bitcoin (**D.E. 83, pg. 46**); (vii) whether Craig Wright committed civil theft from the estate and W&K (**D.E. 83, pgs.46-47**). Thus, the litigated core issues related to the invention and ownership of bit-coin with nothing more; (f) does not believe there to be a statutory scheme foreclosing the present issues of ownership and control of W&K. Under *Griswold v. County of Hillsborough*, 598 F. 3d 2010 (11th Cir. 2010), the issues related to ownership and percentages of W&K have not been adjudicated or determined and should be allowed to proceed in State Court.

For the foregoing reasons, it is respectfully requested this Court deny the request to strike Mr. Huck's appearance and such other relief as the Court deems just and proper.

Dated: February 24, 2023.

Respectfully submitted,

MCDONALD HOPKINS, LLC
Counsel for Non-Party Lynn Wright
Alan M. Burger, Esq.
Florida Bar No. 833290
Email: aburger@mcondaldhopkins.com
501 South Flagler Drive, Suite 200
West Palm Beach, Florida 33401
Telephone:   (561) 472-2121
Facsimile:   (561) 472-2122
Secondary email:
acrocco@mcdonaldhopkins.com

By: */s/ Alan M. Burger*
Alan M. Burger

*Ira Kleiman v. Craig Wright*
*Case No. 9:18-cv-80176 (BB/BR)*
*Page 4 of 4*

## CERTIFICATE OF SERVICE

I certify that on February 24, 2023, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF.

By: <u>*/s/Alan M. Burger*</u>
Alan M. Burger, Esq.
Florida Bar Number 833290

{11020894: }