IN THE 15TH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY,
FLORIDA

CASE NO. 50-2013-CP-005060-XXXX-NB
PROBATE DIVISION

IN RE:  ESTATE OF DAVID ALAN
KLEIMAN,

      Deceased.

---

LYNN WRIGHT,

      Petitioner,

v.

IRA KLEIMAN, as Personal Representative
of the Estate of David Kleiman,

      Respondent,

and

DR. CRAIG WRIGHT, TULIP TRUST,
UYEN T. NGUYEN, W&K INFO DEFENSE
RESEARCH, LLC, a Florida limited liability
company, and COIN-EXCH PTY, LTD., an
Australian proprietary limited company,

      Interested Parties.

---

## RESPONDENT'S OPPOSITION TO PETITIONER'S
## MOTION TO LIFT STAY OF PROCEEDINGS

    Respondent Ira Kleiman, as Personal Representative of the Estate of David Kleiman (the

"Estate"), hereby opposes Petitioner Lynn Wright's Motion to Lift Stay of Proceedings.

## <u>INTRODUCTION</u>

This is one of several sham lawsuits brought by wives (former and current) of adjudicated perjurer and serial forger Craig Wright, to derail a five-year-old, multibillion-dollar federal action between the Estate, the Estate's company (W&K Info Defense Research, LLC or "W&K"), and Craig (the "Federal Action"), and to harass the plaintiffs in that action. In this particular iteration, Craig's ex-wife, Lynn, claims that she is a member of W&K, that she received that membership interest from the "Tulip Trust" six days before filing this petition, and that the Estate lacks the authority to act on behalf of W&K in the Federal Action and otherwise. Craig's current wife, Ramona, has brought two nearly identical lawsuits in Florida state court over the past eighteen months.  Make no mistake, the common purpose of each of these actions is the same – it is not to benefit W&K, but is instead to wrongfully seize control of W&K through further fabricated evidence and perjury, and direct it relieve Craig of the $143-million judgment it holds against him.

In the Federal Action, the Estate and W&K alleged Craig stole billions of dollars in assets from them after their decedent, David Kleiman, died in April 2013. Craig sought to avoid liability at all costs, and repeatedly engaged in litigation misconduct, causing the federal judges presiding over that matter to observe that the record was "replete with instances in which [Craig] has proffered conflicting sworn testimony" and to find that Craig "intentionally submitted fraudulent documents to the Court, obstructed a judicial proceeding, and gave perjurious testimony." Those federal judges sanctioned Craig and further found that he had fabricated the Tulip Trust—the entity that allegedly transferred an interest in W&K to Lynn six days before she filed her petition—as part of a concerted effort to avoid producing relevant evidence.

In December 2020, the Court stayed Lynn's action pending resolution of the Federal Action. In December 2021, after a jury found Craig liable to W&K in the Federal Action to the

tune of $100 million (later increased to $143 million to account for prejudgment interest), Lynn moved to lift the stay on the grounds that the Federal Action had been resolved.

Lynn's motion should be denied. Contrary to her argument, the Estate's claims against Craig are still pending on appeal. Those claims, moreover, go to the key issues in Lynn's action: which assets are owned by the Estate, and which assets are owned by Craig and his related entities, such as the alleged Tulip Trust.

In the event that the Court decides to lift the stay, it should transfer this action to the Civil Division so that it can be consolidated with Ramona's actions that raise the same issues. Although consolidation would not eliminate the non-trivial risk that Craig and his family will continue to file duplicative and frivolous lawsuits against the Estate, it will at least reduce the burden of litigating the duplicative and frivolous lawsuits that Craig and his family have already filed. Indeed, it will place a single judge in charge of overseeing a clear campaign by Wright's extended family to wrongfully exploit the state court system to try and frustrate a federal judgement.

## FACTUAL BACKGROUND

### I.    THE FEDERAL ACTION

In February 2018, the Estate commenced an action in federal court against Craig Wright, the self-proclaimed inventor of bitcoin and former husband of Lynn (the "Federal Action"). (*See generally* Compl., *Kleiman v. Wright*, No. 9:18-cv-80176 (S.D. Fla. Feb. 14, 2018), ECF No. 1.) Three months later, the Estate, along with the decedent David Kleiman's company, W&K Info Defense Research, LLC ("W&K"), filed an amended complaint against Craig. (*See* Am. Compl., *Kleiman*, No. 9:18-cv-80176 (S.D. Fla. May 14, 2018), ECF No. 24.) In that amended complaint, the Estate and W&K alleged that David Kleiman, Craig, and W&K obtained bitcoin and developed valuable blockchain-related intellectual property together, but that Craig stole those assets for himself after David died in April 2013. (*Id.* ¶¶ 52-131.) Specifically, among other things, the Estate

claimed that David and Craig were business partners, that David was the sole member of W&K, that David and Craig conducted some of their partnership activities through W&K, and that Craig breached his partnership obligations by misappropriating David's share of the partnership's assets. (*Id.* ¶¶ 64-72, 197-201.)

The Federal Action was marred by Craig's pervasive litigation misconduct. For example, after Craig refused to produce documents relating to his bitcoin holdings for months (including in the face of multiple Court orders), he took the position that it was "impossible" for him to comply with his discovery obligations because the information sought was locked in the Tulip Trust. (*Id.* at 3-6.) Following a multi-day evidentiary hearing, in August 2019, Magistrate Judge Reinhart unequivocally rejected that claim, concluding, among other things, that Craig had "intentionally submitted fraudulent documents to the Court, obstructed a judicial proceeding, and gave perjurious testimony"; that Craig's "testimony that [the Tulip Trust] exists was intentionally false" and "part of a sustained and concerted effort to impede discovery into his bitcoin holdings"; and that Craig "willfully created the fraudulent documents." (*Id.* at 6-7.); *see also Kleiman v. Wright*, 2019 WL 4023392, at *11, 14 (S.D. Fla. Aug. 27, 2019), *vacated in part on other grounds*, 2020 WL 113396 (S.D. Fla. Jan. 10, 2020).[1]

In September 2020, the court denied Craig's motion for summary judgment, *see Kleiman v. Wright*, 2020 WL 5632654 (S.D. Fla. Sept. 21, 2020), and the case proceeded to a four-week

---

[1] Specifically, Judge Reinhart found by clear and convincing evidence that Wright lied about the existence of the Tulip Trust. *See Kleiman*, 2019 WL 4023392, at *11 ("The totality of the evidence in the record does not substantiate that the Tulip Trust exists. Combining these facts with my observations of Dr. Wright's demeanor during his testimony, I find that Dr. Wright's testimony that this Trust exists was intentionally false. . . . Although I am only required to make this finding by a preponderance of the evidence, I find clear and convincing evidence to support it."). The District Court affirmed Judge Reinhart's factual findings. *See Kleiman*, 2020 WL 113396, at *8 ("The Court has also reviewed the transcripts from the Evidentiary Hearing held by Judge Reinhart and agrees with his credibility findings relating to Defendant.").

jury trial in November of the following year. After lengthy deliberations, the jury found that Craig converted W&K's intellectual property and was liable for $100 million in compensatory damages, but that Craig was not liable to the Estate. (Jury Verdict, *Kleiman*, No. 9:18-cv-80176 (S.D. Fla. Dec. 6, 2021), ECF No. 812.)[2]  That included the Estate's breach of partnership claim, for which the jury was instructed to decide whether David and Craig were partners and, if they were, "to determine the assets of that partnership, and what share of those assets belonged to David Kleiman, and are now owed to his Estate." (Court's Instructions to the Jury at 8-9, *Kleiman v. Wright*, No. 9:18-cv-80176 (S.D. Fla. Nov. 22, 2021), ECF No. 800-1.).

In January 2022, the Estate moved for a new trial on various grounds, including that Craig's counsel violated the Court's pretrial order precluding evidence concerning the relationship between Ira and David. (Estate's Mot. for New Trial, *Kleiman*, No. 9:18-cv-80176 (S.D. Fla. Jan. 4, 2022), ECF No. 861.) The court denied that motion on February 28, 2022, *see Kleiman v. Wright*, 2022 WL 594831 (S.D. Fla. Feb. 28, 2022), and the Estate subsequently appealed (Notice of Appeal, *Kleiman*, No. 9:18-cv-80176 (S.D. Fla. Apr. 8, 2022), ECF No. 892). The Estate's appeal is currently pending before the Court of Appeals for the Eleventh Circuit and will be fully briefed by February 9, 2023.

## II.    THE FLORIDA ACTIONS

As the Federal Action progressed and it became increasingly clear that Craig would not be able to obtain an order dismissing the Estate or W&K's claims, Craig deputized his ex-wife, Lynn, and his current wife, Ramona Ang (a/k/a Ramona Watts), to file lawsuits in Florida state court,

---

[2] The court subsequently entered a final judgment against Craig for $143 million to reflect prejudgment interest. (Amended Final Judgment, *Kleiman*, No. 9:18-cv-80176 (S.D. Fla. Mar. 9, 2022), ECF No. 889.) Craig—a self-proclaimed billionaire—has not paid a cent on that judgment.

first in an attempt to derail the Federal Action, and then in an attempt to obstruct W&K's ability to collect its $143 million judgment against him.[3]

### a. Lynn's Petition

On July 16, 2020, while Craig's motion for summary judgment in the Federal Action was pending, Lynn filed her "Petition to Determine Beneficiary Shares." In the petition, she seeks a court order declaring that she is a member of W&K (because she allegedly received shares from the Tulip Trust just days before filing her suit) and that Ira Kleiman lacks authority to act on behalf of W&K. (Pet. ¶¶ 49-54.) Notably, Lynn never attempted to intervene in the Federal Action.  With respect to her purported interest in W&K, she alleges that, on July 10, 2020—***six days before filing the petition***—she received a one-third ownership interest in W&K from Tulip Trust. (*Id.* ¶ 30.)

On August 4, 2020, the Estate moved to dismiss the Petition or, in the alternative, to stay Lynn's action. While that motion was pending, Lynn served the Estate with discovery requests, including fifty RFPs.

In December 2020, the Court granted the Estate's motion in part and stayed Lynn's action "pending final disposition of the Federal Case." (Order at 10.) The Court explained:

> If the Court were to proceed with the Petition in the face of the previously filed and greatly developed Federal Case, and if the Court were not to dispose of the Petition on Ira's [motion to dismiss], the Court perceives that much of the same, voluminous discovery that has occurred in the Federal Case (which itself produced many skirmishes) would be sought in the proceedings before this Court, create expensive duplication of effort which could be entirely meaningless in event of final disposition in the Federal Case that might entirely foreclose Lynn's Petition. Additionally, were this Court to move forward with Lynn's Petition in the face of the pending Federal Case, the hazard of inconsistent or conflicting results is starkly self-evident. In sum, this matter is a very large

---

[3] Consistent with this, Lynn's counsel has indicated that his "client is acting with the full right and authority of Craig Wright" and that certain discovery requests directed from her to W&K "should" be considered as "coming from Craig Wright." (Ex. 1.)

> onion of which only one court – the federal court, as the 'first-filed'
> court – should peel back its several layers.

(Order at 7.)

On December 20, 2021, two weeks after the court entered judgment in the Federal Action

but before the Estate filed its appeal, Lynn moved to lift the stay on the grounds that "[t]he Federal

Action has now been resolved." (Mot. ¶ 10.) But it has not.

### b. Ramona's Lawsuits

The Petition is not the only lawsuit that the Wrights have filed in Florida state court in an

effort to harass the Estate and W&K. Indeed, over the past eighteen months, the Wrights have filed

three additional lawsuits against the Estate and W&K.

*First*, after Lynn's attempt to derail the federal action failed, he turned to his current wife,

Ms. Ang (also known as Ms. Watts), who then filed a lawsuit against Ira in Florida state court (the

"Trustee Action"). (*See* Ex. 2, Compl., *Ang v. Kleiman*, Case No. 50-2021-CA-004758-XXXX-

MB (Fla. 15th Cir. Ct. Apr. 13, 2021).) Like Lynn, Ms. Ang never tried to intervene in the Federal

Action.  In her initial complaint, Ms. Ang alleged that she was the trustee of the fake Tulip Trust,

that Tulip Trust was a member of W&K, and that Ira Kleiman breached his duties to W&K by

"intentionally deleting data and using [David] Kleiman's electronic devices." (*Id.* ¶ 37.) After the

jury found in W&K's favor at trial in the Federal Action, Ms. Ang abruptly changed course,

abandoned her tort claims, and amended her complaint to seek the same relief that Lynn seeks

here—*i.e.*, an order declaring that Ira does not have authority to act on behalf of W&K. (Ex. 3,

Am. Compl. ¶¶ 32-54, *Ang v. Kleiman*, Case No. 50-2021-CA-004758-XXXX-MB (Fla. 15th Cir.

Ct. Mar. 4, 2022).)

*Second*, in June 2022, Ms. Ang filed another lawsuit in Florida state court, this time against

W&K. (*See* Civil Cover Sheet, *Watts v. W and K Info Defense LLC*, Case No. 50-2022-CA-

005501-XXXX-MB (Fla. 15th Cir. Ct. June 7, 2022).) In that action, she sought to enforce a U.K court judgment awarding costs incurred as a third-party deponent in the Federal Action. Despite receiving no payments from Ms. Ang's husband in connection with its $143-million judgment against him, W&K paid Ms. Ang's cost judgment in October 2022.

*Third*, approximately two weeks after receiving payment for that judgment, Ms. Ang served Ira with yet another lawsuit (the "Derivative Action"). In this action, brought derivatively by the fictitious Tulip Trust on behalf of W&K, Ms. Ang alleges that Tulip Trust is a member of W&K, and that Ira improperly acted on behalf of W&K in pursuing litigation against her husband, Craig, in the Federal Action. (Ex. 4, Compl. ¶¶ 19-23, *Tulip Trust v. Kleiman*, No. 50-2022-CA-004636-XXXX-MB (Fla. 15th Cir. Ct. May 13, 2022).)

## ARGUMENT

### I.   THE STAY SHOULD REMAIN IN PLACE

Lynn's motion to lift the stay should be denied. This Court previously concluded that it "would be an abuse of discretion not to" stay Lynn's action "pending final disposition of the Federal Case." (Order at 7, 10.) That event—"final disposition of the Federal Case"—hasn't occurred: the Estate's claims in the Federal Action are still pending on appeal. *See, e.g.*, *Cohn v. City of Stuart*, 702 So. 2d 255, 255 (Fla. 4th DCA 1997) ("We therefore reverse and remand this cause to the trial court to stay the proceedings, pending the outcome of the appeal in the federal system."). There is, accordingly, no basis to disturb the Court's prior order.

In fact, Lynn's *only* argument for lifting the stay is her factually incorrect assertion that the Federal Action has "been resolved." But the resolution of *W&K's claims* in the Federal Action doesn't help her position. To the contrary, the concerns animating the Court's prior order—the possibility of an "expensive duplication of effort which could be entirely meaningless in the event of final disposition in the Federal Case that might entirely foreclose Lynn's Petition" and "the

hazard of inconsistent or conflicting results"—apply with equal force to the ***Estate's claims*** in the Federal Action, which ***are*** still pending.

Indeed, as the Court previously recognized, the Federal Action and Lynn's action are "fundamentally intertwined." (Order at 5); *see also Benihana of Tokyo, Inc. v. Benihana, Inc.*, 129 So. 3d 1153, 1154-55 (Fla. 3d DCA 2014) (quashing order denying stay, where earlier-filed federal actions "include[d] common issues"). For example, in evaluating the Estate's breach of partnership claim in a new trial in the Federal Action, the jury would "determine the assets of that partnership, and what share of those assets belonged to David Kleiman, and are now owed to his Estate." (Court's Instructions to the Jury at 8-9, *Kleiman v. Wright*, No. 9:18-cv-80176 (S.D. Fla. Nov. 22, 2021), ECF No. 800-1.) Given the Estate's allegation that some of the partnership business was conducted through W&K, that inquiry would naturally concern the extent to which the Estate has an interest in W&K. Similarly, in her action, Lynn seeks an order "determining the percentage of distributions from W&K Info Defense Research, LLC to which the Estate is entitled." (Pet. at 7.)

Accordingly, the stay should remain in effect until the courts (trial and appellate) in the Federal Action have an opportunity to resolve these issues. *See OPKO Health, Inc. v. Lipsius*, 279 So. 3d 787, 791 (Fla. 3d DCA 2019) ("It is well-settled that when a previously filed federal action is pending between substantially the same parties on substantially the same issues, a subsequently filed state action should be stayed pending the disposition of the federal action." (quoting *Beckford v. Gen. Motors Corp.*, 919 So. 2d 612, 613 (Fla. 3d DCA 2006))).

## II.     IF THE STAY IS LIFTED, LYNN'S ACTION SHOULD BE TRANSFERRED TO THE CIVIL DIVISION AND CONSOLIDATED WITH RAMONA'S ACTION

In the event that the Court decides to lift the stay, it should transfer this action to the Civil Division for consolidation with the other pending lawsuits brought by Craig's family regarding the membership of W&K and Ira's authority to act on behalf of W&K.

*First*, a transfer to the Civil Division is appropriate. Lynn's action seeks to determine the ownership of W&K and to enjoin the Estate from acting on behalf of W&K. That inquiry goes far beyond determining how ***Estate property*** will be allocated; instead, Lynn's petition requires the Court to determine the rights and obligations of members in a limited liability company and the ownership of ***non-Estate property***—*i.e.*, the proportion of W&K, if any, that is not owned by the Estate. Indeed, to prevail on her claims, Lynn must prove that Tulip Trust (i) existed, (ii) owned an interest in W&K, and that (iii) Tulip Trust validly transferred that interest to her. These are not probate issues. *See Meltzer v. Estate of Norrie*, 705 So. 2d 967, 968 (Fla. 5th DCA 1998) (probate court lacks "the power to adjudicate ownership in property that is not part of the probate estate"); *Coraci v. Hogan*, 515 So. 2d 1064, 1064 (Fla. 5th DCA 1987) (probate court "lacked subject matter jurisdiction" because "the mineral interest, unlike the surface estate, was not owned by the decedent and thus was not an asset of the decedent's estate but rather was a separate and distinct property interest").

*Second*, consolidation of Lynn's action with the Trustee Action and Derivative Action is likewise appropriate. "Under Florida Rule of Civil Procedure 1.270(a), '[w]hen actions involving a common question of law or fact are pending before the court . . . it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.'" *Jallali v. Christiana Tr.*, 297 So. 3d 580, 583 (Fla. 4th DCA 2020), *review denied*, 2020 WL 6266163 (Fla. Oct. 23, 2020) (quoting Fla. R. Civ. P. 1.270(a)). In determining whether consolidation is appropriate, courts consider the following factors: "(1)

whether the trial process will be accelerated due to the consolidation; (2) whether unnecessary costs and delays can be avoided by consolidation; (3) whether there is the possibility for inconsistent verdicts; (4) whether consolidation would eliminate duplicative trials that involve substantially the same core of operative facts and questions of law; and (5) whether consolidation would deprive a party of a substantive right." *Id.* (quoting *State Farm Fla. Ins. Co. v. Bonham*, 886 So. 2d 1072, 1074 (Fla. 5th DCA 2004)).

Those factors demonstrate that Lynn's action should be consolidated with the Trustee Action and the Derivative Action. Each of these actions concern ***the same core issues***—*i.e.*, (i) the membership of W&K and (ii) whether Ira has and had authority to act on behalf of W&K. In addition, each action requires the plaintiff to prove ***the same critical facts***: that Tulip Trust (i) existed, and (ii) is a member of W&K. If Lynn cannot prove those facts, then she did not receive a membership interest in W&K from Tulip Trust, and she does not have standing to claim that Ira lacks authority to act on behalf of W&K. If the plaintiffs in the Trustee and Derivative Actions cannot prove that fact, then they too will lack standing to claim that Ira does not have authority to act on behalf of W&K.

As a result, consolidation would reduce the risk of inconsistent outcomes as to these issues, while also allowing the parties—and the courts—to avoid duplicative, unnecessary, and costly litigation. *See Browncorp Constr. Contracting, Inc. v. Stoneybrook S. Cmty.*, 47 So. 3d 965, 966 (Fla. 5th DCA 2010) (quashing order denying consolidation, where actions involved common parties and issues). Eliminating such duplicative efforts would, in turn, promote the expeditious resolution of these actions. *See id.* ("Consolidating the two cases would eliminate duplicative efforts and trials, thus accelerating the trial process."). Indeed, because discovery has not

commenced in any of these actions, there is no risk that consolidation would unduly delay progress. There is, in short, no benefit to permitting these actions to proceed separately.[4]

Moreover, as mentioned above, these three suits are being brought by the extended family of Craig Wright for a singular purpose: to frustrate the federal court's judgment. For example, just recently, Lynn and Ramona's counsel have filed a "resolution" signed by their clients, who (in conflict with Judge Bloom's findings) purport to be acting as members of W&K. Through this "resolution" they purport to (i) fire opposing counsel (the undersigned firms who have represented W&K for the past four years) and (ii) direct all of W&K's files be turned over to opposing counsel. While the "resolution" is absurd, it demonstrates the lengths these parties will go to frustrate the federal court judgment and the importance of having a single jurist oversee their efforts to abuse the state court system.

## **CONCLUSION**

For these reasons, Respondent respectfully requests that Lynn's motion be denied, and the stay remain in effect pending final resolution of the Federal Action. In the alternative, Respondent respectfully requests that Lynn's action be transferred to the Civil Division for consolidation with the Trustee Action and Derivative Action.

Respectfully submitted,

Dated: December 13, 2022

*/s/ Velvel Freedman*
Velvel (Devin) Freedman, Esq.
Florida Bar No. 99762

---

[4] The Trustee Action and Derivative Action may be consolidated regardless of whether the claims asserted in those actions could have properly been asserted in a single complaint. *See, e.g.*, *Pages v. Dominguez ex rel. Dominguez*, 652 So. 2d 864, 867-68 (Fla. 4th DCA 1995) ("While rule 1.110(g) does not permit separate actions of distinct plaintiffs to be joined in a single lawsuit, Florid Rule of Civil Procedure 1.270 does not prevent consolidation of the separate actions."); *Taubenfeld v. Lasko*, 2019 WL 13080341, at *8 (Fla. 17th Cir. Ct. July 31, 2019) ("Should Taubenfeld choose to file a separate lawsuit on the direct or derivative claims, both lawsuits may be consolidated for discovery and trial purposes.").

**FREEDMAN NORMAND FRIEDLAND LLP**
200 S. Biscayne Blvd, Suite 5500
Miami, Florida 33131
Telephone: (305) 357-3861
vel@fnf.law

Stephen Lagos (*pro hac vice pending*)
**FREEDMAN NORMAND FRIEDLAND LLP**
99 Park Avenue, Suite 1910
New York, NY 10016
slagos@fnf.law

Andrew S. Brenner
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

*Counsel to Ira Kleiman, as personal
representative of the Estate of David Kleiman*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 13th day of December, 2022, I electronically filed this

Motion with the Palm Beach County Clerk of Court, which will send a notice of electronic filing

to all counsel of record.

<u>*s/ Velvel (Devin) Freedman*</u>
VELVEL (DEVIN) FREEDMAN

# EXHIBIT 1



505 South Flagler Drive
Suite 300
West Palm Beach, FL 33401

P  561.472.2121
F  561.472.2122

Direct Dial:  1.561.472.2963
Email: aburger@mcdonaldhopkins.com

July 8, 2022

**VIA E-MAIL (**slagos@rochefreedman.com**)**
Stephen Lagos, Esq.
Roche Freedman LLP
99 Park Avenue, Suite 1910
New York, NY  10016

        RE:    Request Pursuant to F.S. § 605.0410
                W&K Info Defense Research LLC
                Statutory Demand for Records

Dear Mr. Lagos:

Your client's rejection of his statutory and common law obligations is, as you would put it, "patently absurd."

No matter how you view it, Mrs. Wright now derives her interests from Craig Wright and therefore those rights can not now be denied.

So, for the purposes of this response and the requests in our earlier letter, please assume that our client is acting with the full right and authority of Craig Wright and any person or entity deriving by or through Craig Wright. As such, you should consider the request as if coming from Craig Wright or his successors or assigns.

Additionally, notwithstanding the her current rights, Mrs. Wright was a member. F.S. §605.0410(4) provides inspection rights even to disassociated members.

Finally, we do not agree with your position on the cited orders.

Please have the materials ready for inspection and copying within the week.

Sincerely,

*Alan M. Burger*

Alan M. Burger

AMB/lmt

cc:    Andres Rivero, Esq. (via e-ami) (arivero@riveromestre.com)
        Client (via e-mail)

# EXHIBIT 2

IN THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

RAMONA ANG, as Trustee of the TULIP TRUST,          Case No. _____
Successor-in-Interest to CRAIG WRIGHT R&D,

      Plaintiff,

v.

IRA KLEIMAN, as Personal Representative of the
Estate of Dave Kleiman,

      Defendant.

_____/

## COMPLAINT AND JURY DEMAND

      Plaintiff Ramona Ang, as trustee of the Tulip Trust, sues defendant Ira Kleiman as

personal representative of the Estate of David Kleiman (the "Estate") and states as follows:

## PARTIES

      1.    Plaintiff Ramona Ang ("Ramona") is the sole trustee of the Tulip Trust, a trust

organized under the laws of Seychelles. The Tulip Trust is successor-in-interest to the interest of

Craig Wright R&D in W&K Info Defense Research LLC ("W&K").

      2.    Craig Wright R&D, an Australian entity identified by ABN 97481146384, was a

shareholder of W&K, a Florida limited liability company. Craig Wright R&D's interest in W&K

is now held by the Tulip Trust.

      3.    Defendant Ira Kleiman ("I. Kleiman") is a resident of Palm Beach County, Florida.

He is the brother of David Kleiman ("D. Kleiman") and personal representative of the Estate. Prior

to his death, D. Kleiman was the managing member of W&K.

NOT A CERTIFIED COPY

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant Fla. Stat. § 26.012 because the amount in controversy exceeds $30,000, exclusive of costs, interest, and attorney's fees.

5.      Venue lies within this circuit under Fla. Stat. § 47.011 because defendant I. Kleiman resides in this county and because he negligently, grossly negligently, and recklessly destroyed property belonging to W&K and its members, including the Tulip Trust, in this county.

## INTRODUCTION

6.      I. Kleiman has commenced a multi-billion-dollar lawsuit (the "Lawsuit") in federal court against Craig Wright ("Dr. Wright") for, among other things, allegedly misappropriating bitcoins D. Kleiman purported to own through W&K.

7.      Prior to D. Kleiman's death, Craig Wright R&D and D. Kleiman both held an interest in W&K. In the Lawsuit, I. Kleiman as the personal representative of the Estate of D. Kleiman (the "Estate") alleges that he stepped into D. Kleiman's shoes as the managing member of W&K. As such, he owes a fiduciary duty to its members.

8.      In the Lawsuit, I. Kleiman also alleges that W&K mined bitcoins now worth billions of dollars, some held for the benefit of Craig Wright R&D, predecessor-in-interest to the Tulip Trust.

9.      Beginning shortly after D. Kleiman's death and continuing through at least October 2018, I. Kleiman systematically destroyed documents and electronic data that would have contained the private keys and information regarding those keys needed to access any bitcoins held by W&K.

10.     As a result of that destruction, the Tulip Trust has suffered substantial damages in the form of bitcoins it can no longer access.

2

## FACTUAL ALLEGATIONS

I.  **General Information Relating to Bitcoin and Its Storage**

11.    Bitcoin is a form of digital cash. There are no physical bitcoins, only electronic tokens of value that can be traced on a public ledger—the blockchain.

12.    To conduct transactions with bitcoins, one must have a public address in which to receive bitcoins. Each public address consists of a unique string of numbers and letters, typically anywhere from 26 to 35 characters in length. Each public address also has a private key (similar to an incredibly complex password) associated with it. The owner needs the private key associated with the public address to spend bitcoins identified by the public address.

13.    An owner can store multiple public addresses in a bitcoin "wallet."

14.    Bitcoin public addresses, private keys and wallets are often stored on a mobile device, computer, or electronic storage device. Alternatively, they can be reduced to writing and printed in hard copy.

II.  **I. Kleiman's Knowledge of Computers, Computer Forensics and Bitcoin**

15.    I. Kleiman is a website designer with extensive computer knowledge. Specifically, he has been employed in website design and marketing for 22 years and, through his work, became familiar with how to preserve, overwrite, and restore data on electronic devices.

16.    Because of I. Kleiman's computer knowledge, he knew or should have known that writing data to an electronic storage device and reformatting a computer drive could permanently delete data.

III.   **I. Kleiman Grossly Negligently and Recklessly Destroyed Data as Estate Representative**

17.     After D. Kleiman's death, I. Kleiman was appointed as the personal representative of the Estate and, as alleged in the Lawsuit, stepped into D. Kleiman's shoes as managing member of W&K.

18.     In that role, I. Kleiman went to D. Kleiman's house to begin cleaning it out. He also hired a professional cleaning crew to assist him with the process. I. Kleiman did not secure D. Kleiman's work papers or electronic devices prior to the professional cleaning.

A.   **I. Kleiman Destroyed D. Kleiman's Paper Files**

19.     During the cleaning process, I. Kleiman discarded papers he located throughout D. Kleiman's home, including in his bedroom and office. Before discarding a document, I. Kleiman read it only briefly, discarding papers without taking any steps to determine their importance.

20.     At his April 8, 2019, and January 10, 2020, depositions in the Lawsuit, I. Kleiman admitted that he could have thrown away papers containing important information relating to W&K's bitcoin holdings and the means to access those holdings.

B.   **I. Kleiman Destroyed D. Kleiman's Electronic Data**

21.     I. Kleiman collected over 20 electronic devices from D. Kleiman's home. Those devices included the following:

| Item No. | Device Description | Type |
|---|---|---|
| 1 | Seagate Momentus | External HDD |
| 2 | WD Scorpio Blue | External HDD |
| 3 | Seagate Momentus | External HDD |
| 4 | Hitachi Travelstar | External HDD |
| 5 | WD Scorpio Black | External HDD |
| 6 | Corsair Survivor Stealth TD Black | Thumb Drive |
| 7 | Corsair Survivor Stealth TD Gray Orange | Thumb Drive |
| 8 | Corsair Survivor Stealth TD Gray Blue | Thumb Drive |
| 9 | Corsair Survivor Stealth TD Gray Blue 2 | Thumb Drive |
| 10 | IACIS TD | Thumb Drive |

NOT A CERTIFIED COPY

| Item No. | Device Description | Type |
|----------|-------------------|------|
| 11 | Micro Vault Tiny | Thumb Drive |
| 12 | Sandisk Cruzer Micro | Thumb Drive |
| 13 | CEIC 2009 | Thumb Drive |
| 14 | Key Thumbdrive | Thumb Drive |

22.     I. Kleiman reformatted, or otherwise modified, at least 11 of the above-listed devices for his personal use. He did so despite his knowledge that reformatting a device could result in the permanent deletion of data existing on the device at the time of its reformatting.

23.     Specifically, timestamps on certain file system structures indicate that I. Kleiman reformatted two thumb drives (items 10 and 12) and two Seagate hard drives (items 1 and 3).

24.     I. Kleiman also installed new operating software on the two Seagate hard drives (items 1 and 3), based on values stored within each device's Windows registry. The installation of a new operating system requires the creation of thousands of new files, which fully or partially overwrote areas of the drive marked as available and significantly reduced the ability to recover previously deleted data.

25.     File created and last modified timestamps indicate that I. Kleiman added or modified active data on all but one of the above-listed devices.

26.     As for the remaining devices that I. Kleiman found in D. Kleiman's home, I. Kleiman threw out one hard drive and gave four or five hard drives to his brother's business partner Patrick Paige. I. Kleiman did not examine the drives before giving them away.

**C.     I. Kleiman Continued to Use D. Kleiman's Devices Despite Knowing They Likely Contained W&K's Bitcoin Holdings and then Attempted to Sell Those Devices**

27.     I. Kleiman admitted to Dr. Wright that I. Kleiman threw "away a bunch of D. Kleiman's papers and format[ed] hard drives." In response, Dr. Wright told I. Kleiman to cease

use of D. Kleiman's electronic devices to preserve any data existing on the devices that had not already been altered or destroyed.

28.　　　Despite Dr. Wright's clear advice that he stop using D. Kleiman's devices, I. Kleiman continued to use 11 of the above-listed electronic devices for his personal use until at least October 1, 2018, as evidenced by file created timestamps on those devices.

29.　　　I. Kleiman never attempted to recover any of the data that he deleted. Nor did he hire an expert to attempt to recover any data. Instead, I. Kleiman sought to sell D. Kleiman's electronic devices to the highest bidder.

30.　　　Because I. Kleiman discarded and destroyed evidence, including the bitcoin private keys and all evidence related to them, critical information regarding W&K's bitcoins is permanently lost. As such, the Tulip Trust can no longer access any bitcoins that W&K held.

<u>**CLAIMS FOR RELIEF**</u>

<u>**COUNT ONE – NEGLIGENCE**</u>

31.　　　The Tulip Trust incorporates paragraphs 1 through 30 of this Complaint.

32.　　　I. Kleiman, in his capacity as personal representative of the Estate and self-proclaimed managing member of W&K, owed a duty of care to W&K and the Tulip Trust.

33.　　　Defendant I. Kleiman breached his duty to the Tulip Trust by destroying documents and data on electronic devices that he knew or should have known contained critical information related to bitcoins held by W&K, including the bitcoin private keys.

34.　　　As a result of that breach, the Tulip Trust has irretrievably lost access to its interest in W&K's bitcoins stored on documents and electronic devices destroyed or altered by defendant I. Kleiman, rendering the bitcoins inaccessible.

## COUNT TWO – BREACH OF FIDUCIARY DUTY

35.    The Tulip Trust incorporates paragraphs 1 through 30 of this Complaint.

36.    I. Kleiman, in his capacity as personal representative of the Estate and self-proclaimed managing member of W&K, owed fiduciary duties of care and loyalty to W&K and the Tulip Trust.

37.    Defendant I. Kleiman breached his duties to the Tulip Trust by intentionally deleting data and using D. Kleiman's electronic devices, after acknowledging that those devices contained critical information needed to access the bitcoins held by W&K, including the bitcoin private keys, and after being advised by Dr. Wright to preserve them.

38.    In the alternative, defendant I. Kleiman breached his duties to the Tulip Trust by intentionally deleting data and using D. Kleiman's electronic devices after commencing the Lawsuit in February 2018 and thereby destroying critical information needed to access the bitcoins held by W&K, including the bitcoin private keys.

39.    In so doing, defendant I. Kleiman acted with gross negligence and recklessness, as he knew that his deletion of the data on D. Kleiman's devices, and his continued use of those devices, would permanently destroy critical information related to W&K's bitcoin holdings.

40.    As a result of defendant I. Kleiman's dereliction of his duties, the Tulip Trust has irretrievably lost access to its interest in W&K's bitcoins stored on documents and electronic devices destroyed and altered by defendant, rendering the value of the Tulip Trust's interest in the bitcoins held by W&K completely worthless.

WHEREFORE, the Tulip Trust demands judgment against defendant I. Kleiman awarding damages and other relief as the Court deems just, equitable and proper.

The Tulip Trust demands a jury trial for all issues triable by right.

Dated: April 13, 2021

Respectfully Submitted,

RIVERO MESTRE LLP
Attorneys for the Tulip Trust
2525 Ponce de Leon Blvd.
Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505
E-mail: arivero@riveromestre.com
E-Mail: amcgovern@riveromestre.com

By: /s/ Andres Rivero
Andrés Rivero
Florida Bar No.: 613819
arivero@riveromestre.com
Amanda McGovern
Florida Bar No.: 964263
amcgovern@riveromestre.com

**CERTIFICATE OF SERVICE+**

I certify that on April 13, 2021, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

/s/Andres Rivero
Andrés Rivero

# EXHIBIT 3

Filing # 143123658 E-Filed 03/04/2022 04:29:15 PM

IN THE CIRCUIT COURT FOR THE
15TH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

RAMONA ANG, as Trustee of the
TULIP TRUST,

CASE NO: 50-2021-CA-004758-XXXX-MB

       Plaintiff,

          v.

IRA KLEIMAN, as Personal Representative
of the Estate of David Kleiman

       Defendant,

and

W&K INFO DEFENSE RESEARCH, LLC,
and LYNN WRIGHT,

       Nominal Defendants.

_____/

## PLAINTIFF'S AMENDED COMPLAINT

     Plaintiff, Ramona Ang, as trustee of Tulip Trust, sues defendant, Ira Kleiman, as personal

representative of the Estate of David Kleiman, and nominal defendants, W&K Info Defense

Research, LLC, and Lynn Wright.

## NATURE OF THE COMPLAINT

     1.     This is an action for declaratory judgment and injunctive relief. Ira Kleiman,

acting entirely without lawful justification, has claimed and is claiming that he is the managing

member of W&K Info Defense Research, LLC ("W&K"), despite the fact the company is

owned, one-third each, by the estate of Ira Kleiman's late brother, by Lynn Wright and by the

Tulip Trust.

**PARTIES**

2.      W&K Info Defense Research, LLC ("W&K") is a Florida limited liability company with its principal place of business in Palm Beach County, Florida.

3.      Ramona Ang is the trustee of the Tulip Trust, a trust organized under the laws of Seychelles. Tulip Trust is a member in W&K, possessing a one-third interest in the company.

4.      Ira Kleiman is an individual, *sui juris*, who resides in Palm Beach County, Florida. Ira Kleiman is the personal representative of the Estate of David Kleiman (the "Estate") and the self-proclaimed managing member of W&K. The Estate is a member of W&K, possessing a one-third interest in the company.

5.      Lynn Wright is an individual who resides in New South Wales, Australia. Lynn Wright is a member of W&K, possessing a one-third interest in the company.

**JURISDICTION AND VENUE**

6.      This Court has jurisdiction over this action pursuant to Fla. Stat. § 86.011 because there is a bona fide dispute as to the rights and membership interests of the parties in W&K and as to Ira Kleiman's authority to act on behalf of W&K.

7.      Venue lies within this circuit under Fla. Stat. § 47.011 because Ira Kleiman resides in this county and W&K's principal place of business is in this county.

**FACTS COMMON TO ALL COUNTS**

**A.  Ownership of W&K**

8.      W&K was formed on February 14, 2011. The initial members of W&K were David Kleiman, Lynn Wright, and Information Defense Pty, Ltd., an Australian proprietary limited company. A copy of the Articles of Organization is attached hereto as **Exhibit A**.

9.      On or about March 2011, Information Defense Pty, Ltd. sold its assets to Cloudcroft Pty. Ltd., an Australian proprietary limited company.

10.     Thereafter, Cloudcroft Pty. Ltd.'s membership interests in W&K were transferred to Craig Wright R&D, an Australian entity identified by ABN 97481146384, also doing business as Craig Wright and Craig S. Wright. Dr. Craig Wright, Lynn Wright's husband at the time, was trustee for Craig Wright R&D.

11.     In November 2010, Dr. Wright and Lynn Wright separated. Their divorce was finalized on March 15, 2013. Before the divorce was finalized, Dr. Wright and Lynn Wright agreed to and partly effected a property settlement agreement in June 2011. As part of the property settlement, Dr. Wright, as then trustee of Craig Wright R&D, transferred 50% of Craig Wright R&D's transferable interest in W&K to Lynn Wright. Thus, Lynn Wright became the owner of one-half of Craig Wright R&D's initial interest in W&K, in addition to her membership interest in W&K.

12.     In or about December 2012, Lynn Wright transferred 100% of her transferrable interests in W&K to Craig Wright R&D.

13.     The result was, that as of January 2013, ownership in W&K broke down like this: Craig Wright R&D possessed a two-third interest and David Kleiman possessed a one-third interest.

14.     David Kleiman passed away on or about April 26, 2013. Ira Kleiman is the beneficiary of the Estate and its representative.

15.     On July 6, 2017, the Tulip Trust became the successor in interest to Craig Wright R&D and all its assets, including its two-third interest in W&K.

16.     On or about July 10, 2020, the Tulip Trust transferred to Lynn Wright one-third of all the membership interest in W&K, representing, without limitation, one-third of all the voting interest in W&K and one-third of all the transferable economic interest in W&K.

17.     As a result, in July 2020, the ownership of W&K broke down like this: Tulip Trust possessed a one-third interest, Lynn Wright possessed a one-third interest, and the Estate possessed a one-third interest.

**B.  Ira Kleiman's Unauthorized Acts on Behalf of W&K**

18.     In or about 2016, W&K was administratively dissolved by the Florida Secretary of State for failing to file an annual report.

19.     On February 14, 2018, Ira Kleiman, as personal representative of the Estate, filed suit against Dr. Wright in the Southern District of Florida seeking to recover bitcoin and intellectual property allegedly once owned by W&K (the "Federal Lawsuit"). *See Kleiman v. Wright*, Case No. 9:18-cv-80176-BB, in the United States District Court, Southern District of Florida.

20.     On April 16, 2018, Dr. Wright moved to dismiss Ira Kleiman's complaint, arguing (among other things) that Ira Kleiman lacked standing to bring a suit for claims that, if they existed at all, belonged to W&K, not to him.

21.     At or about the same time, Ira Kleiman filed an LLC Reinstatement for W&K with the Florida Secretary of State, listing himself as registered agent, with the principal place of business now shown as 5104 Robino Circle, West Palm Beach, Florida, a home listed as being

owned by the Louis Kleiman Trust, and listing himself as MGRM or Manager Member. A copy of the 2018 LLC Reinstatement is attached as **Exhibit B**.

22.     Thereafter, Ira Kleiman amended the complaint in the Federal Lawsuit, adding W&K as a plaintiff and purporting to be W&K's managing member.

23.     Ira Kleiman has claimed that the Estate's interest in W&K was 50% and at other times 100%.

24.     On February 22, 2019, Ira Kleiman filed an Annual Report for W&K with the Florida Secretary of State, again listing himself as registered agent and a Manager Member. A copy of the 2019 Annual Report is attached as **Exhibit C**.

25.     On March 3, 2020, Ira Kleiman filed an Annual Report for W&K with the Florida Secretary of State, again listing himself as registered agent and a Manager Member. A copy of the 2020 Annual Report is attached as **Exhibit D**.

26.     W&K did not have the funds to litigate the Federal Lawsuit. On information and belief, to fund the Federal Lawsuit, Ira Kleiman caused W&K to enter into agreements with W&K's attorneys and litigation funding companies, whereby Ira Kleiman obligated W&K to forfeit a large percentage of any damages recovered in the Federal Lawsuit.

27.     During the pendency of the Federal Lawsuit, Ira Kleiman authorized W&K to undertake costly discovery, including agreeing to pay the costs for taking the depositions of Ramona Ang and Andrew O'Hagan in the United Kingdom but failing to do so, thereby causing final judgments for attorneys' fees and costs related to those deposition to be entered against W&K in the UK in the amount of £ 270,063.11.

28.     On December 7, 2021, final judgment in the Federal Lawsuit was entered awarding W&K $100,000,000.00 for conversion of intellectual property.

29.     Due to Ira Kleiman's unauthorized acts, Tulip Trust has been and continues to be denied its right to vote its membership interest and participate in the governance of W&K.

30.     Ramona Ang, as trustee of Tulip Trust, has retained undersigned counsel and is obligated to pay them a reasonable fee for their services.

31.     All conditions precedent to bringing this action, if any, have been performed, waived, or occurred.

**COUNT I**
**DECLARATORY JUDGMENT**
**(Ira Kleiman, Lynn Wright, and W&K)**

Ramona Ang, as trustee of Tulip Trust, incorporates the allegations contained in paragraphs 1 through 31 as if fully set forth here.

32.     Florida's declaratory judgment act provides:

> Any person claiming to be interested or who may be in doubt about his or her rights under a deed, will, contract, or other article, memorandum, or instrument in writing or whose rights, status, or other equitable or legal relations are affected by a statute, or any regulation made under statutory authority, or by municipal ordinance, contract, deed, will, franchise, or other article, memorandum, or instrument in writing may have determined any question of construction or validity arising under such statute, regulation, municipal ordinance, contract, deed, will, franchise, or other article, memorandum, or instrument in writing, or any part thereof, and obtain a declaration of rights, status, or other equitable or legal relations thereunder.

§ 86.021, Fla. Stat.

33.     Florida's declaratory judgment act also provides:

> Any person interested as or through an executor, administrator, trustee, guardian, or other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust, in the administration of a trust, a

6

guardianship, or the estate of a decedent, an infant, a mental incompetent, or insolvent may have a declaration of rights or equitable or legal relations to:

(1) Ascertain any class of creditors, devisees, legatees, heirs, next of kin, or others;

(2) Direct the executor, administrator, or trustee to refrain from doing any particular act in his or her fiduciary capacity; or

(3) Determine any question relating to the administration of the guardianship, estate, or trust, including questions of construction of wills and other writings.

§ 86.041, Fla. Stat.

34.     Tulip Trust is presently a member of W&K with a one-third membership interest in W&K, with all voting rights as such member.

35.     Lynn Wright is also presently a member of W&K with a one-third interest in W&K, with all voting rights as such member.

36.     There is an actual, justiciable, and continuing dispute and controversy between the parties regarding the membership interest of W&K, the direction of the company, its undertaking of obligations and the disposition of its assets.

37.     The parties require a judicial declaration of rights to determine the membership interests in W&K, whether such members have rights to vote the direction of the company and share the assets of W&K.

38.     Unless the Court issues such a declaration, there will continue to be uncertainty and controversy over whether Tulip Trust, Lynn Wright, and Ira Kleiman, as personal representative of the Estate, have such rights, and the Tulip Trust will continue to be denied its rights to vote its membership interest and participate in corporate governance.

39.     By issuing a declaration of rights at this time, the Court will conserve judicial resources and provide guidance to the parties, which will assist in the distribution of the judgment in the Federal Lawsuit and forestall further unauthorized acts by a sole, minority member.

WHEREFORE, Ramona Ang, as Trustee of Tulip Trust, requests a declaration of rights and membership interests of Tulip Trust, Lynn Wright, and Ira Kleiman, as personal representative of the Estate, in W&K, an award of costs pursuant to § 86.081, Fla. Stat., and all other relevant statutes, and such other relief as this court deems just and proper.

## COUNT II
## DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF
### (Ira Kleiman)

Ramona Ang, as trustee of Tulip Trust, incorporates the allegations contained in paragraphs 1 through 31 as if fully set forth here.

40.     On the death of David Kleiman, Craig Wright R&D was the sole remaining member of W&K with the right to vote with respect to the transfer of membership interests in W&K.

41.     After the formation of a limited liability company, a person only becomes a member with the consent of all the members. § 605.0401(3)(c), Fla. Stat. Neither Craig Wright R&D nor Tulip Trust ever gave consent to admit Ira Kleiman as a member of W&K.

42.     Section 605.0504 of the Florida Revised LLC Act governs the "Power of legal representative," stating:

> If a member who is an individual dies . . . the member's legal representative may exercise all of the member's rights for the purpose of settling the member's estate or administering the member's property, including any power the member had to give a transferee the right to become a member.

§ 605.0504, Fla. Stat. However, a legal representative does not automatically become a member of an LLC. Instead, the Estate (and ultimately the heirs) is a transferee by operation of law which only obtains a transferable interest. *See* § 605.0102(65)-(67), Fla. Stat.

43.     A "transferable interest" means the right to receive distributions from a limited liability company. § 605.0102(66), Fla. Stat.

44.     Section 605.0502 governs the transfer of a transferable interest:

(1) Subject to s. 605.0503, a transfer, in whole or in part, of a transferable interest:

*** 

(c) Does not entitle the transferee to:

1.  Participate in the management or conduct of the company's activities and affairs; or

2.  Except as otherwise provided in subsection (3), have access to records or other information concerning the company's activities and affairs.

(2) A transferee has the right to receive, in accordance with the transfer, distributions to which the transferor would otherwise be entitled.

Therefore, Ira Kleiman did not obtain the voting rights of David Kleiman, the deceased member, and is not entitled to participate in the management and conduct of W&K, but only has the rights under § 605.0504 to settle the Estate and to receive distributions as a beneficiary of the Estate.

45.     Ira Kleiman, however, has contended, continues to contend, and has acted as if he has the authority to act as a member of W&K by holding himself out to the State of Florida as a managing member of W&K, by listing himself as the registered agent and as MGRM on filings with the State of Florida, all of which he lacked authority to do.

46.     Ira Kleiman contends that he has the authority to act as a member of W&K by his act of filing the Federal Lawsuit, naming W&K as one of the plaintiffs, entering into agreements with W&K's attorneys and litigation funders, and authorizing W&K to undertake costly litigation, which he had no authority to do.

47.     Section 605.0301 of the Florida Statutes, provides:

> A person does not have the power to bind a limited liability company, except to the extent the person:
>
> (1) Is an agent of the company by virtue of s. 605.04074;
> (2) Has the authority to do so under the articles of organization or operating agreement of the company;
> (3) Has the authority to do so by a statement of authority filed under s. 605.0302; or
> (4) Has the status of an agent of the company or the authority or power to bind the company under a law other than this chapter.

Ira Kleiman fits none of these categories and, therefore, has never had the authority to act on behalf of W&K.

48.     Until W&K is dissolved and wound down, the Estate, and ultimately the heirs, are only entitled to the right to receive distributions to which David Kleiman would otherwise be entitled. "A person has a right to a distribution before the dissolution and winding up of a limited liability company only if the company decides to make an interim distribution. A person's dissociation does not entitle the person to a distribution." § 605.0404(2) Fla. Stat.

49.     Ira Kleiman has acted and continues to act completely outside his authority on behalf of W&K.

50.     An actual, justiciable, and continuing dispute and controversy therefore exists between Ramona Ang, as trustee of the Tulip Trust, on the one hand, and Ira Kleiman, on the other hand, concerning Ira Kleiman's ability to act as a member of W&K in the manner in which

he is presently acting and to which he has been acting, to appoint himself as manager of W&K, and all other actions he has taken on behalf of W&K.

51.     The parties require a judicial declaration that Ira Kleiman did not and presently does not have authority to act on behalf of W&K, that he is not a member of W&K with the right to vote, that he is not the managing member of W&K, that he is not the registered agent of W&K, and that he does not have authority to hold himself out as such.

52.     Unless the Court issues such a declaration, there will continue to be uncertainty and controversy over Ira Kleiman's ability to act as a member of W&K, and Tulip Trust will continue to be denied its right to vote its membership interest and participate in corporate governance of W&K.

53.     By issuing a declaration of rights at this time, the Court will conserve judicial resources and provide guidance to the parties.

54.     Pursuant to § 86.041(3), Fla. Stat., Ramona Ang, as trustee of the Tulip Trust, seeks an order directing Ira Kleiman immediately to cease any and all of these unauthorized activities and enjoining Ira Kleiman from further acting on behalf of W&K in any manner.

WHEREFORE, Ramona Ang, as trustee of the Tulip Trust, requests this Court enter a declaratory judgment that: (1) Ira Kleiman did not and presently does not have authority to act on behalf of W&K, that he is not a member of W&K with the right to vote, that he is not the managing member of W&K, that he is not the registered agent of W&K, and that he does not have authority to hold himself out as such; (2) order and direct Ira Kleiman forthwith and forever to cease and desist from any further action on behalf of W&K; (3) for such supplemental relief pursuant to § 86.061, Fla, Stat., as may be appropriate, including attorneys' fees and other

damages under § 605.0205. Fla. Stat.; (5) an award of costs pursuant to § 86.081, Fla. Stat.; and

(6) for such other and further relief as this Court deems just and proper.

Respectfully submitted,

RIVERO MESTRE LLP
*Attorneys for Plaintiffs*
2525 Ponce de Leon Blvd. Suite 1000
Miami, Florida 33134
Tel.: (305) 445-2500
Fax: (305) 445-2505

By: /s/ Amanda L. Fernandez
   Amanda L. Fernandez
   Florida Bar No. 106931
   afernandez@riveromestre.com
   Andrés Rivero
   Florida Bar No.: 613819
   arivero@riveromestre.com
   Robert J. Kuntz, Jr.
   Florida Bar No. 94668
   rkuntz@riveromestre.com

## CERTIFICATE OF SERVICE

I certify that on March 4, 2022, a copy of this motion was served via e-mail, pursuant to

Florida Rule of Judicial Administration 2.516(b)(1), on all counsel of record.

By: /s/ Amanda L. Fernandez
   AMANDA L. FERNANDEZ
   *Attorney for Plaintiffs*
   Florida Bar No.: 106931

# EXHIBIT A

# Electronic Articles of Organization
## For
# Florida Limited Liability Company

L11000019904
FILED 8:00 AM
February 16, 2011
Sec. Of State
tcline

## Article I

The name of the Limited Liability Company is:

W&K INFO DEFENSE RESEARCH LLC

## Article II

The street address of the principal office of the Limited Liability Company is:

3119 CONTEGO LANE
PALM BEACH GARDENS, FL. US  33418

The mailing address of the Limited Liability Company is:

4371 NORTHLAKE BLVD #314
PALM BEACH GARDENS, FL. US  33410

## Article III

The purpose for which this Limited Liability Company is organized is:

ANY AND ALL LAWFUL BUSINESS.

## Article IV

The name and Florida street address of the registered agent is:

DAVID A KLEIMAN
3119 CONTEGO LANE
PALM BEACH GARDENS, FL.   33410

Having been named as registered agent and to accept service of process for the above stated limited liability company at the place designated in this certificate, I hereby accept the appointment as registered agent and agree to act in this capacity.  I further agree to comply with the provisions of all statutes relating to the proper and complete performance of my duties, and I am familiar with and accept the obligations of my position as registered agent.

Registered Agent Signature:   DAVE KLEIMAN

## Article V

The name and address of managing members/managers are:

Title:  MGRM
DAVID A KLEIMAN
4371 NORTHLAKE BLVD #314
PALM BEACH GARDENS, FL.  33410  US

L11000019904
FILED 8:00 AM
February 16, 2011
Sec. Of State
tcline

## Article VI

The effective date for this Limited Liability Company shall be:

02/14/2011

Signature of member or an authorized representative of a member

Electronic Signature: DAVE KLEIMAN

I am the member or authorized representative submitting these Articles of Organization and affirm that the facts stated herein are true.  I am aware that false information submitted in a document to the Department of State constitutes a third degree felony as provided for in s.817.155, F.S. I understand the requirement to file an annual report between January 1st and May 1st in the calendar year following formation of the LLC and every year thereafter to maintain "active" status.

# EXHIBIT B

**2018  FLORIDA LIMITED LIABILITY COMPANY REINSTATEMENT**

**FILED**
**Apr 12, 2018**
**Secretary of State**
**CR3065128037**

DOCUMENT# L11000019904

**Entity Name:** W&K INFO DEFENSE RESEARCH LLC

**Current Principal  Place of Business:**

5104 ROBINO CIRCLE
WEST PALM BEACH,  FL  33417

**Current Mailing Address:**

5104 ROBINO CIRCLE
WEST PALM BEACH,  FL  33417  US

**FEI Number: NOT APPLICABLE**                          **Certificate of Status Desired:**  Yes

**Name and Address of Current Registered Agent:**

KLEIMAN, IRA
5104 ROBINO CIRCLE
WEST PALM BEACH, FL  33417  US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE:   IRA KLEIMAN                                                                                04/12/2018

　　　　　　　　Electronic Signature of Registered Agent                                                 Date

**Authorized Person(s) Detail :**

| | |
|---|---|
| Title | MGRM |
| Name | KLEIMAN, IRA |
| Address | 5104 ROBINO CIRCLE |
| City-State-Zip: | WEST PALM BEACH  FL  33417 |

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am a managing member or manager of the limited liability company or the receiver or trustee empowered to execute this report as required by Chapter 605, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: IRA KLEIMAN                                      MGRM                      04/12/2018

　　Electronic Signature of Signing Authorized Person(s) Detail                                      Date

# EXHIBIT C

**2019 FLORIDA LIMITED LIABILITY COMPANY ANNUAL REPORT**

DOCUMENT# L11000019904

**FILED**
**Feb 22, 2019**
**Secretary of State**
**1374505525CC**

**Entity Name:** W&K INFO DEFENSE RESEARCH LLC

**Current Principal  Place of Business:**

5104 ROBINO CIRCLE
WEST PALM BEACH,  FL  33417

**Current Mailing Address:**

5104 ROBINO CIRCLE
WEST PALM BEACH,  FL  33417  US

**FEI Number: NOT APPLICABLE**

**Certificate of Status Desired:**  Yes

**Name and Address of Current Registered Agent:**

KLEIMAN, IRA
5104 ROBINO CIRCLE
WEST PALM BEACH, FL  33417  US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE:   IRA KLEIMAN                                                                                                           02/22/2019

Electronic Signature of Registered Agent                                                                          Date

**Authorized Person(s) Detail :**

Title            MGRM

Name          KLEIMAN, IRA

Address      5104 ROBINO CIRCLE

City-State-Zip:   WEST PALM BEACH  FL  33417

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am a managing member or manager of the limited liability company or the receiver or trustee empowered to execute this report as required by Chapter 605, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: IRA KLEIMAN                                                MGRM                                02/22/2019

Electronic Signature of Signing Authorized Person(s) Detail                                                                Date

# EXHIBIT D

**2020 FLORIDA LIMITED LIABILITY COMPANY ANNUAL REPORT**

DOCUMENT# L11000019904

**Entity Name:** W&K INFO DEFENSE RESEARCH LLC

**FILED**

**Mar 03, 2020**
**Secretary of State**
**6162834032CC**

**Current Principal Place of Business:**

5104 ROBINO CIRCLE
WEST PALM BEACH, FL 33417

**Current Mailing Address:**

5104 ROBINO CIRCLE
WEST PALM BEACH, FL 33417 US

**FEI Number: NOT APPLICABLE**                    **Certificate of Status Desired:** No

**Name and Address of Current Registered Agent:**

KLEIMAN, IRA
5104 ROBINO CIRCLE
WEST PALM BEACH, FL 33417 US

*The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.*

SIGNATURE: **IRA KLEIMAN**                                                                    03/03/2020
              Electronic Signature of Registered Agent                                          Date

**Authorized Person(s) Detail :**

Title            MGRM

Name          KLEIMAN, IRA

Address       5104 ROBINO CIRCLE

City-State-Zip:   WEST PALM BEACH FL 33417

*I hereby certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am a managing member or manager of the limited liability company or the receiver or trustee empowered to execute this report as required by Chapter 605, Florida Statutes; and that my name appears above, or on an attachment with all other like empowered.*

SIGNATURE: IRA KLEIMAN                                    MGRM                    03/03/2020
              Electronic Signature of Signing Authorized Person(s) Detail                              Date

# EXHIBIT 4

IN THE CIRCUIT COURT FOR THE
15TH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

TULIP TRUST, derivatively as a member of
and on behalf of W&K INFO DEFENSE
RESEARCH LLC,

     Plaintiff,

       v.

IRA KLEIMAN

     Defendant,

and

W&K INFO DEFENSE RESEARCH, LLC,

     Nominal Defendant.

_____/

CASE NO:

## VERIFIED COMPLAINT

Plaintiff, Tulip Trust, derivatively as a member of and on behalf of W&K Info Defense Research LLC, and pursuant to Fla. Stat. § 605.0802 sues defendant, Ira Kleiman, and nominal defendant, W&K Info Defense Research, LLC, and states as follows:

### NATURE OF THE COMPLAINT

1.     This is a derivative action for breach of fiduciary duty. Ira Kleiman, acting entirely without lawful justification, has claimed and is claiming that he is the sole and managing member of W&K Info Defense Research, LLC ("W&K"). Acting on his unlawful claim as managing member of W&K, Ira Kleiman has obligated the company to enormous debt, disposed of valuable assets, and breached his fiduciary duty W&K. Plaintiff seeks to recover damages caused by his breach of fiduciary duty.

## PARTIES

2.      W&K Info Defense Research, LLC ("W&K") is a Florida limited liability company with its principal place of business in Palm Beach County, Florida.

3.      Tulip Trust is a trust organized under the laws of Seychelles. Tulip Trust is a member in W&K. Ramona Ang, who verifies this Complaint, is the Trustee of the Tulip Trust.

4.      Ira Kleiman is an individual, *sui juris*, who resides in Palm Beach County, Florida. Ira Kleiman is the self-proclaimed managing member of W&K.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to Fla. Stat. § 26.012 because the amount in controversy exceeds $30,000, exclusive of costs, interest, and attorneys' fees.

6.      Venue lies within this circuit under Fla. Stat. § 47.011 because Ira Kleiman resides in this county, W&K's principal place of business is in this county, Ira Kleiman's wrongful conduct took place in this county and, accordingly, the causes of action here accrued in this county.

## FACTS COMMON TO ALL COUNTS

7.      In or about 2016, W&K was administratively dissolved by the Florida Secretary of State for failing to file an annual report.

8.      On February 14, 2018, Ira Kleiman, as personal representative of the Estate of David Kleiman, filed suit against Dr. Craig Wright in the Southern District of Florida seeking to recover bitcoin and intellectual property allegedly once owned by W&K (the "Federal Lawsuit"). *See Kleiman v. Wright*, Case No. 9:18-cv-80176-BB, in the United States District Court, Southern District of Florida.

9.      On April 16, 2018, Dr. Wright moved to dismiss Ira Kleiman's complaint, arguing (among other things) that Ira Kleiman lacked standing to bring a suit for claims that, if they existed at all, belonged to W&K, not to him.

10.      At or about the same time, Ira Kleiman filed an LLC Reinstatement for W&K with the Florida Secretary of State, listing himself as registered agent and as MGRM or Manager Member.

11.      Thereafter, Ira Kleiman amended the complaint in the Federal Lawsuit, adding W&K as a plaintiff and purporting to be W&K's managing member.

12.      W&K did not have the funds to litigate the Federal Lawsuit.  To fund the Federal Lawsuit, Ira Kleiman caused W&K to enter into agreements with W&K's attorneys and litigation funding companies, whereby Ira Kleiman obligated W&K to forfeit a large percentage of any damages recovered in the Federal Lawsuit.

13.      During the pendency of the Federal Lawsuit, Ira Kleiman authorized W&K to undertake costly discovery, including agreeing to pay the costs for taking the depositions of Ramona Ang and Andrew O'Hagan in the United Kingdom but failing to do so, thereby causing final judgments for attorneys' fees and costs related to those depositions to be entered against W&K in the UK in the amount of £ 270,063.11.

14.      On December 7, 2021, final judgment in the Federal Lawsuit was entered awarding W&K $100,000,000.00 for conversion of intellectual property, plus prejudgment interest.

15.      Plaintiff has retained undersigned counsel and is obligated to compensate them for their services.

16.     Irreparable injury would result if a demand were made upon Ira Kleiman as managing member of W&K to take action regarding the claims brought here, as any delay in bringing such claims may cause further injury.

17.     In accord with Fla. Stat. § 605.0802(2), such a demand would be futile. As Ira Kleiman purports to be the sole managing member of W&K, he does not acknowledge any other membership interest, and the wrongful acts described here were acts of Ira Kleiman. As such, making a demand to redress the wrongs would in effect require Ira Kleiman to institute suit against himself.

18.     All conditions precedent to bringing this action, if any, have been performed, waived, or occurred.

<u>COUNT I</u>
**BREACH OF FIDUCIARY DUTY**

Plaintiff incorporates the allegations contained in Paragraphs 1 through 18 as if fully set forth here.

19.     Ira Kleiman, as the self-proclaimed managing member of W&K, owed fiduciary duties of care and loyalty to W&K.

20.     Ira Kleiman breached his duties to W&K by having W&K commence a lawsuit which it did not have the resources to prosecute and, as a result, entering, without legal authority, on W&K's behalf, into agreements with W&K's attorneys and litigation funders to give away a large percentage of the final judgment obtained in the Federal Lawsuit.

21.     In addition, Ira Kleiman breached his duties by authorizing W&K to conduct costly discovery, without having the legal authority to do so, and agreeing to pay for two foreign non-party witnesses to produce documents and be deposed (even though he knew W&K did not

even have a bank account) resulting in UK courts entering two judgments against W&K for £270,063.11.

22.     Lacking good faith, Ira Kleiman exhibited a conscious, grossly negligent, and/or reckless disregard for the best interests of W&K in relation to the facts and circumstances set forth here.

23.     As a direct and proximate result of Ira Kleiman's breach of his fiduciary duty to W&K, W&K has sustained damages.

WHEREFORE, Plaintiff demands the entry of a judgment against Ira Kleiman for compensatory damages and/or restitution, interest, attorneys fees (*see* Fla. Stat. § 605.0805), costs, and for such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues and claims so triable.

## VERIFICATION

Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged

therein are true and correct to the best of my knowledge.

_____

Ramona Ang, as Trustee of Tulip Trust

Respectfully submitted,

RIVERO MESTRE LLP
*Attorneys for Plaintiffs*
2525 Ponce de Leon Blvd. Suite 1000
Miami, Florida 33134
Tel.: (305) 445-2500
Fax: (305) 445-2505

By: /s/ Robert J. Kuntz, Jr.
    Andrés Rivero
    Florida Bar No.: 613819
    arivero@riveromestre.com
    Robert J. Kuntz, Jr.
    Florida Bar No. 94668
    rkuntz@riveromestre.com
    Amanda L. Fernandez
    Florida Bar No. 106931
    afernandez@riveromestre.com

NOT A CERTIFIED COPY

**VERIFICATION**

Under penalties of perjury, I declare that I have read the foregoing, and the facts alleged

therein are true and correct to the best of my knowledge.

Ramona Ang, as Trustee of Tulip Trust

Respectfully submitted,

RIVERO MESTRE LLP
*Attorneys for Plaintiffs*
2525 Ponce de Leon Blvd. Suite 1000
Miami, Florida 33134
Tel.: (305) 445-2500
Fax: (305) 445-2505

By: /s/_____
    Andrés Rivero
    Florida Bar No.: 613819
    arivero@riveromestre.com
    Robert J. Kuntz, Jr.
    Florida Bar No. 94668
    rkuntz@riveromestre.com
    Amanda L. Fernandez
    Florida Bar No. 106931
    afernandez@riveromestre.com

NOT A CERTIFIED COPY

6