UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-cv-80176-BLOOM/Reinhart

IRA KLEIMAN, as personal representative
of the estate of David Kleiman,
and W&K INFO DEFENSE RESEARCH, LLC,
    Plaintiffs,

  v.

CRAIG WRIGHT,

    Defendant.
_____/

**W&K INFO DEFENSE RESEARCH, LLC'S RESPONSE
IN OPPOSITION TO MOTION TO STRIKE NOTICE OF APPEARANCE**

Plaintiff W&K Info Defense Research, LLC files its opposition to the Motion to Strike the Notice of Appearance of Paul C. Huck, Jr. [DE 931].

### Introduction

As it relates to the Motion, one thing is undisputed: at the time of his death, David Kleiman did not hold a majority membership interest in W&K, a Florida LLC. Ramona Ang, as trustee of the Tulip Trust, and Lynn Wright correctly assert that David Kleiman held a one-third membership interest in W&K. In contrast, Ira Kleiman, the personal representative of David Kleiman's estate, asserts that his brother held a fifty percent membership interest. But in no event did David Kleiman ever own *more than* fifty percent of W&K.

Absent a majority membership interest, David Kleiman could not have unilaterally chosen counsel on behalf of W&K. Moreover, by operation of statute, David Kleiman's death

1

meant that he no longer had the authority to participate in the management or conduct of W&K's affairs. For each of these reasons, Ira Kleiman, as personal representative of David Kleiman's estate, lacks authority to decide who represents W&K. The Motion should be denied.

This response addresses relevant provisions of chapter 605, Florida's limited liability statute, as well as a threshold issue relating to the law of the case doctrine. In order to conserve judicial resources and to avoid unnecessary repetition, W&K adopts by reference, as if fully set forth herein, the factual recitations and legal arguments presented in the oppositions to the Motion filed by Ramona Ang and Lynn Wright, as well as the factual recitations regarding the ownership of W&K set forth in Defendant Craig Wright's Opposition to Plaintiffs' Motion to Compel Completion of Form 1.977 (DE 915).

### I. Pursuant to Florida's Revised Limited Liability Company Act, Ira Kleiman Has No Authority to Act on Behalf of W&K.

W&K is a Florida limited liability company. Because W&K does not have an operating agreement, its operations and governance are controlled by chapter 605. § 605.0105(2) ("To the extent the operating agreement does not otherwise provide for a matter described in subsection (1), this chapter governs the matter.").

As a member-managed limited liability company, W&K's "management and conduct … are vested in its members," § 605.0407(2), Fla. Stat. Moreover, "[e]ach member's vote is proportionate to that member's then-current percentage or other interest in the profits of the limited liability company owned by all members" and "the affirmative vote or consent of a majority-in-interest of the members is required to undertake an act, whether within or outside the scope of the company's activities or affairs." §§ 605.04073(1)(b), (c), Fla. Stat. For purposes of § 605.04073, "[m]ajority-in-interest means those members who hold *more than* 50

percent of the then-current percentage or other interest in the profits of the limited liability company owned by all of its members." § 605.0102(37), Fla. Stat. (emphasis supplied).

While he was alive, David Kleiman owned only one third of W&K's membership interests, and in no event did he own more than fifty percent of W&K's membership interests. Under the express provisions of chapter 605, this does not constitute a majority-in-interest of W&K, and David Kleiman had no authority to take legal action on behalf of W&K. *See, e.g.*, *Akerman LLP v. Cohen*, 352 So.3d 331 (Fla. 4th DCA 2022) (holder of forty percent interest in limited liability company did not have authority to waive attorney-client privilege). Ira Kleiman, as personal representative of David Kleiman's estate, cannot exercise rights greater than those his brother had when he was alive, and the Motion should be denied.

But even if David Kleiman had the authority to hire or discharge an attorney on behalf of W&K when he was alive (and he did not), any such authority terminated upon his death. When David Kleiman died, he was "dissociated" from W&K. § 605.0602(7)(a), Fla. Stat. ("A person is dissociated as a member if any of the following occur: … In the case of an individual: The individual dies."). Upon dissociation, the "person's right to participate as a member in the management and conduct of the company's activities and affairs *terminates*." § 605.0603(1)(a), Fla. Stat. (emphasis supplied). Indeed, a person dissociated from a limited liability company is no longer a member of the company. *See* § 605.0102(40) (defining "member" as a person who "[h]as not dissociated from the company under s. 605.0602."). Thus, Ira Kleiman, as legal representative of David Kleiman's estate, never had the authority to participate in the management and conduct of W&K's activities and affairs—David Kleiman's right to do so terminated upon his death, pursuant to the express terms of § 605.0603(1)(a)

Section 605.0603(1)(c), Fla. Stat., set out David Kleiman's post-dissociation rights

3

relating to W&K.  Pursuant to that subsection, any "transferable interest" owned by David Kleiman as a member in W&K because owned by him "solely as a transferee."  § 605.0603(1)(c), Fla. Stat.  A "transferable interest" means "the right, as initially owned by a person in the person's capacity as a member, *to receive distributions* from a limited liability company in accordance with the operating agreement, whether the person remains a member or continues to own a part of the right."  § 605.0102(66), Fla. Stat.  A "transferee" means "a person to which all or part of a transferable interest is transferred … includ[ing] a person who owns a transferable interest under s. 605.0603(1)(c)."  Section 605.0603(1)(c) is "[s]ubject to" § 604.0504, which provides that if "a member who is an individual dies …, the member's legal representative may exercise all of the member's rights *for the purpose of settling the member's estate* …, including any power the member had to give a transferee the right to become a member."  (emphasis supplied).[1]  Thus, Ira Kleiman, as personal representative of David Kleiman's estate, retains the authority to exercise David Kleiman's rights regarding (a) his transferable interest in W&K as if David Kleiman were still a member in W&K and not merely a transferee, but (b) only for the specific purpose of settling David's estate.  None of his actions after David Kleiman's death meet either of these criteria, and the Motion should be denied.

    **II.**    **As a Threshold Matter, the Law of the Case Doctrine Does Not Apply Because There Has Been No Appellate Decision on the Issue of the Ownership of W&K.**

In addition to the points raised in Ramona Ang's and Lynn Wright's oppositions to the

---

[1] Significantly, § 605.0603(1)(a) is not "subject to" § 605.0504.  Under the doctrine of inclusio unis est exclusio alterius, the Florida legislature's decision not to condition § 605.0603(1)(a) by § 605.0504 means that the termination of a member's right to participate in a company's management and conduct upon dissociation is not a right that can be exercised by the decedent member's personal representative. *See, e.g.*, *Gay v. Singletary*, 700 So. 2d 1220,1221 (Fla. 1997) ("Under this doctrine, when a law expressly describes the particular situation in which something should apply, an inference must be drawn that what is not included by specific reference was intended to be omitted or excluded.")

Motion, the law of the doctrine does not apply here because there is no prior appellate decision in this case relating to the ownership of W&K. "Under law of the case doctrine, both district courts and appellate courts are generally bound by a prior *appellate* decision in the same case." *United States v. Means*, 135 Fed. App'x 293, 295 (11th Cir. 2005) (quotation omitted and emphasis supplied). Indeed, as noted by the court in *Hill v. Ford Motor Co.*, 975 F. Supp. 2d 1351, 1358 (N.D. Ga. 2013):

> … in almost every case invoking it, the law of the case doctrine refers solely to the applicability of an earlier appellate decision in the case to a subsequent district court proceeding thereafter. This is so because in a typical case at the trial court level, it would be silly to say that a district judge could not reverse a prior ruling that she had made in the same case if she later decided she had been wrong. A litigant would never succeed on appeal by arguing that even though the district judge's final ruling was correct, she should be reversed because she failed to stick with a first impression that was not clearly erroneous. On appeal, the appellate court is only going to care whether the ultimate ruling was right, not whether the judge's first call on the issue was arguably meritorious.

For this reason, the law of the case doctrine does not, as a threshold matter, apply to the issue now before this Court.

Respectfully submitted on <u>February 24, 2023</u>.

By: <u>*/s/ Paul C. Huck, Jr.*</u>
Paul C. Huck, Jr.
Florida Bar No. 0968358
THE HUCK LAW FIRM, P.A.
334 Minorca Avenue
Coral Gables, Florida 33134
Telephone: (305) 441-2299
Telecopier: (305) 441-8849
paul@thehucklawfirm.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 24, 2023, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

THE HUCK LAW FIRM, P.A.
334 Minorca Avenue
Coral Gables, Florida 33134
Telephone: (305) 441-2299
Telecopier: (305) 441-8849
paul@thehucklawfirm.com

By:   */s/Paul C. Huck, Jr.*
      PAUL C. HUCK, JR.
      Florida Bar No. 0968358