UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-80176-BB/BER

IRA KLEIMAN, and
W&K INFO DEFENSE, LLC.

                Plaintiffs,

v.

CRAIG WRIGHT,

                Defendant.
_____/

**ORDER GRANTING MOTION TO COMPEL FORM 1.977 (ECF NO. 903)**

W&K Info Defense Research, LLC, moves to compel Dr. Craig Wright to complete a debtor fact information sheet. ECF No. 903. W&K holds a final judgment against Dr. Wright for $143,132,492.48 plus post-judgment interest. ECF No. 889. Judge Bloom has referred all post-judgment matters to me. ECF No. 923. I have reviewed the Motion, Dr. Wright's Response, and W&K's Reply. I am fully advised and this matter is ripe for decision. For the following reasons, the Motion to Compel is GRANTED.

Federal Rule of Civil Procedure 69(a) authorizes W&K to use the Florida Rules of Civil Procedure to take discovery in aid of execution of its final judgment. W&K's motion invokes Florida Rule of Civil Procedure 1.560(b), which says in relevant part, "[T]he court, at the request of the judgment creditor, shall order the judgment debtor or debtors to complete Form 1.977, including all required attachments, within 45 days

of the order or such other reasonable time as determined by the court. Failure to obey the order may be considered contempt of court." Fla. R. Civ. P. 1.560.

Dr, Wright argues that the motion should be denied because (1) a "motion to compel cannot be filed regarding an act a court hasn't ordered performed", (2) Ira Kleinman lacks standing to file motions on behalf of W&K, so counsel of record for W&K "have no standing to speak for W&K", (3) counsel who signed the motion to compel have been discharged as W&K's counsel, (4) the Court should first resolve whether to disqualify W&K's counsel. ECF No. 915.

Dr. Wright's first argument is, at best, a frivolous exercise in meaningless semantics. It is undisputed that W&K holds a final judgment against Dr. Wright. By the plain terms of Rule 1.560, if W&K asks the Court to order Dr. Wright to complete Form 1.977, the Court *"shall order"* Dr. Wright to fill out the form. "'[W]hen the word *shall* can reasonably be read as mandatory, it ought to be so read.' Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 114 (2012). And here, nothing in [Rule 1.560] suggests that 'shall' should be read as anything other than 'must.'" *United States v. Williams*, 5 F.4th 1295, 1306 (11th Cir. 2021) (emphasis in original). So, Rule 1.560 says the Court *must* do something. What it must do is order Dr. Wright to complete Form 1.977 under threat of contempt. Making someone to do something under threat of punishment is — literally — the definition of "compel." COMPEL, Black's Law Dictionary (11th ed. 2019) ("To cause or bring about by force, threats, or overwhelming pressure."). So, when W&K asks this Court

to compel Dr. Wright to fill out Form 1.977, it is asking for the correct remedy under Rule 1.560.

Dr. Wright next argues that the motion to compel is defective because it was filed without being properly authorized by W&K. His Response cites no legal authority for the principle that a Court should look behind a pleading to see if the client authorized it. The absence of caselaw on this topic is not surprising. It is not how our civil justice system works. We presume that when a lawyer files and signs a pleading, they have the authority to do so. *See* Fed. R. Civ. P. 11(b); Fla. R. Prof. Cond. 4-1.2, 4-1.4. Chaos would ensue if a party could challenge a request for relief on the grounds that the opposing party's lawyer really is not their lawyer, or the client has not authorized the pleading. Courts would be caught in a never-ending spiral of collateral litigation.

If a party thinks its own lawyer is taking improper or unauthorized steps, other remedies exist. Dr. Wright has not shown why the opposing party should have a dog in that fight. That conclusion is particularly apt here, where the client (W&K) is unquestionably entitled to the relief that is being requested. Other than accruing attorney's fees, there is no harm to W&K from filing this motion.

Finally, Dr. Wright argues that this Court should resolve his motion to disqualify W&K's counsel before ordering him to fill out Form 1.977. The totality of this argument is:

> However, before this Court can entertain the pending motion, the Court must decide Dr. Wright's Motion to Disqualify. By filing a motion in aid of execution of the judgment for W&K, [W&K's counsel] puts directly at

3

> issue the representation of W&K and the ownership structure of W&K, i.e., who would be receiving the judgment for W&K. As further shown above and in Dr. Wright's Motion to Disqualify, [W&K's counsel] has engaged in a pattern of misconduct, including unlawfully resuscitating W&K and adding it to this lawsuit. As such, the Court must decide the Motion to Disqualify prior to deciding this motion.

ECF No. 915 at 11. Once again, he cites no legal authority supporting his argument and merely makes conclusory statements. Taking each one in turn. As discussed above, the resolution of this motion does not turn on the membership structure of W&K or whether the owners of W&K authorized the motion. Whether W&K's counsel engaged in misconduct is also irrelevant. Here, a jury awarded a judgment to W&K after trial. Dr. Wright has not articulated how the alleged misconduct by W&K's counsel undercuts the validity of that judgment. He also fails to explain how it was misconduct for counsel to "resuscitate" an entity that a jury found was entitled to over $100 million in civil damages.[1]

At the end of the day, resolving this motion is simple. W&K is a judgment creditor. It asks for an order requiring the judgment debtor to fill out Form 1.977. The Motion to Compel was signed by lawyers who have properly entered appearances for W&K and remain counsel for W&K. *See* S.D. Fla. Local Rule 11.1(d)(3). The Florida Rules of Civil Procedure require the Court to order the debtor fill out the form.

---

[1] In addition to the reasons stated in the text for overruling Dr. Wright's objections, I separately note that additional counsel for W&K filed a Notice of Appearance on January 26, 2023. ECF No. 917. Dr. Wright does not contend that this lawyer has committed misconduct, that he lacks authority to act on behalf of W&K, or that he should be disqualified. That lawyer has not objected to, nor sought to withdraw, W&K's motion to compel. Rather, he appears to have tacitly adopted it.

None of the debtor's arguments present a legal reason why the Court is excused from that obligation.

WHEREFORE, it is ORDERED that W&K's Motion to Compel (ECF No. 903) is GRANTED. On or before **April 1, 2023**, Dr. Wright shall complete the Fact Information Sheet Form 1.977 from the Florida Rules of Civil Procedure, including all attachments.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 1st day of March 2023.

*/s/ Bruce Reinhart*

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE