UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>　　　　Plaintiffs,<br><br>v.<br><br>CRAIG WRIGHT<br><br>　　　　Defendant. | CASE NO.:  9:18-cv-80176-BB/BR |

**REPLY IN FURTHER SUPPORT OF W&K'S LIMITED
OPPOSITION TO MOTION TO DISQUALIFY[1]**

Plaintiff/Judgment Creditor W&K Info Defense Research, LLC, ("W&K") and Freedman Normand Friedland LLP ("FNF"), pursuant to the Court's order (ECF No. [920]), respectfully submit the below reply in further support of its limited opposition to the motion to disqualify.

**I.　　FNF Joins in BSF's Opposition to the Motion to Disqualify**

As an initial matter, FNF joins in the arguments made by its co-counsel, Boies Schiller Flexner LLP ("BSF") in its opposition to Defendant's motion to disqualify. *See* ECF No. [934]. In particular, FNF joins in BSF's umbrage at the baseless accusations that FNF (and BSF) have been acting against their client's interests. *See* Reply at 8 ("the reason for Roche Freedman's delay is clear…any invocation of the Court's jurisdiction to aid in judgment collection efforts…would likely resurrect a motion the lawyers were desperate to keep from the Court's attention").

Such an extreme allegation is wholly improper given that Wright and his counsel offer no support for it whatsoever. *See Williams v. Fla. Health Scis. Ctr., Inc.*, No. 8:05-CV-68-T-23EAJ, 2007 WL 641328, at *3 (M.D. Fla. Feb. 26, 2007) ("Launching allegations of fraud against opposing counsel without reasonable inquiry as to their truth is unprofessional and unethical behavior, not to

---

[1] This reply is submitted pursuant to DE 920. Pursuant to the Court's order at DE 938, FNF will timely submit a supplemental response addressing the merits of Dr. Wright's Motion to Disqualify on or before March 10, 2023.

1

mention offensive and damaging to reputable attorneys."); *cf. Optyl Eyewear Fashion Int'l Corp. v. Style Companies, Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (quoting *Rice v. Baron,* 456 F.Supp. 1361, 1370 (S.D.N.Y.1978)) ("Because of this potential for abuse, disqualification motions should be subjected to "particularly strict judicial scrutiny.") (imposing sanctions for frivolous disqualification motion).

## II. The Law of the Case Applies to Closely Related Non-Parties

Wright argues that the law of the case "doctrine does not apply to non-parties who have not appeared in the appellate court whose decision is argued to be binding," and therefore cannot apply because W&K was not a party to the appeal. Reply at 8–9. This ignores that Wright, of course, was a party to the appeal, but more importantly, ignores the clearly contrary case law cited in W&K's opposition that establishes closely related non-parties can be bound by the law of the case. W&K Limited Opp. at 5. Wright attempts to distinguish these cases by arguing that the law of the case might apply to a different party in a subsequent appeal, but apparently not in any subsequent district court proceedings. To be blunt, the notion that an Eleventh Circuit decision binds a subsequent Eleventh Circuit panel—but not a district court in subsequent proceedings—makes no sense. *E.g.*, *CBS Broad., Inc. v. EchoStar Commc'ns Corp*, 472 F. Supp. 2d 1367, 1370 (S.D. Fla. 2006) ("A district court is not free to ignore the law of the case and reinterpret or circumvent an appellate court's mandate where that mandate is specific and unambiguous.").

## III. The Law of the Case Doctrine Is Not Discretionary

Wright also argues that the law of the case doctrine is discretionary. Def. Reply at 8–9. Even if that were true, there is every reason for the Court to exercise its discretion and apply the doctrine here. But Wright is wrong about the doctrine being discretionary in this instance. While a district court may exercise discretion as to whether to adhere to its own interlocutory orders, any decisions by the Eleventh Circuit are binding as the law of the case on subsequent district court proceedings.

*Lebron v. Sec'y of Fla. Dep't of Child. & Fams.*, 772 F.3d 1352, 1360 (11th Cir. 2014) ("Under the 'law of the case' doctrine, the 'findings of fact and conclusions of law by an appellate court are generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal.'") (quoting *Heathcoat v. Potts*, 905 F.2d 367, 370 (11th Cir.1990)). The law of the case can be ignored only when there are new facts, intervening law or clear error that results in manifest injustice. *Westbrook v. Zant*, 743 F.2d 764, 769 (11th Cir. 1984) ("Only in these circumstances will a court's refusal to follow the law of the case be excused."). The district court case cited by Wright for the contrary proposition is wrong.

IV. **No Exceptions to the Law of the Case Doctrine Apply**

Finally, Wright argues that written statements filed by Ira Kleiman, (ECF Nos. [918], [919]), constitute "substantially different evidence" that warrant an exception to the application of the law of the case doctrine. Def. Reply at 9–10. But in those statements, Kleiman never purports to have discharged FNF, and importantly, never contradicts or challenges any of the representations in the Freedman affidavit that was submitted to the Eleventh Circuit. *See* W&K Limited Opp., at 6–7 & Ex. 4.

Wright attempts to transform these statements into "new evidence" through innuendo and the outrageous accusation that FNF is acting against Kleiman's interests. Setting aside the impropriety of this line of argument, Wright entirely lacks standing to advocate for a motion to disqualify on behalf of Kleiman or W&K, and thus lacks standing to raise these statements as "new evidence" either. Order, ECF No. [939] ("If a party thinks its own lawyer is taking improper or unauthorized steps, other remedies exist. Dr. Wright has not shown why the opposing party should have a dog in that fight."); *Keane v. Jacksonville Police Fire & Pension Fund Bd. of Trustees*, 2017 WL 4102302, at *7 (M.D. Fla. Sept. 15, 2017) (denying motion to disqualify opposing counsel for lack of standing, and citing Fifth Circuit caselaw holding that "[i]n the absence of [an attorney-client] relationship, the

duties of loyalty and confidentiality do not arise and standing is absent") (quoting *In re Yarn Processing Patent Validity Litig.*, 530 F.30 F.2d 83, 88 (5th Cir. 1976)).

Even so, FNF would be more than willing to submit to the Court in camera evidence that as stated in Vel Freedman's declaration, Ira Kleiman provided informed consent, confirmed in writing, and upon being vindicated, seek the appropriate sanctions against both Wright and his Counsel. "Lawyers cannot be allowed to make such abusive remarks against opposing counsel and expect to be able to say 'so sorry, I didn't really mean it' and not face sanctions." *Williams*, 2007 WL 641328, at *3 (quoting *Redd v. Fisher Controls*, 147 F.R.D. 128, 133 (W.D. Tex. 1993)).

## V. The Motion to Disqualify Roche Is Moot

In his opposition, Wright makes a conclusory statement that the motion to disqualify Roche as counsel is not moot despite the fact Roche withdrew months ago. Roche clearly cannot be disqualified when he has already withdrawn his appearance since the disqualification would have no effect. The Court should reject this argument accordingly. *Compare* Order, ECF [939] ("Once again, [Wright] cites no legal authority supporting his argument and merely makes conclusory statements.").

## VI. There is No Dispute of Material Facts to Warrant an Evidentiary Hearing.

Wright might be correct that a court should hold an evidentiary hearing to resolve disputes of material fact, but there is no such dispute here and thus no reason to hold a hearing. *United States Commodity Futures Trading Comm'n v. Hunter Wise Commodities, LLC*, No. 12-81311-CV, 2013 WL 12082739, at *5 (S.D. Fla. Sept. 6, 2013) ("An evidentiary hearing is only required "where material facts are in dispute concerning a motion for disqualification.") (quoting *Allstate Ins. Co. v. Bowne*, 817 So. 2d 994, 998 (Fla. 4th Dist. Ct. App. 2002)).

For one thing, whether the law of the case applies (the narrow subject of this briefing) is a pure question of law that requires no fact-finding. For another, there is no new evidence that has not already been presented to the Eleventh Circuit. *See Wright v. Sandestin Invs., LLC*, No.

3:11CV256/MCR/EMT, 2012 WL 13122771, at *2 (N.D. Fla. Nov. 26, 2012) ("finding no facts are asserted in this case that differ materially from those represented in the other cases already decided, the court concludes that an evidentiary hearing is not required for disposition of the motion to disqualify and would only result in further delay"). Finally, Wright identifies no actual dispute of fact other than innuendo and his own naked and conclusory accusations that attempt to create such a dispute.[2] *Compare Org. of Pro. Aviculturists, Inc. v. Kershner*, 564 F. Supp. 3d 1238, 1247 (S.D. Fla. 2021) ("It is well-settled that conclusory affidavits, submitted by a nonmoving party in opposition to a motion for summary judgment, will not create an issue of fact for trial.").

\*   \*   \*

For the above reasons, Defendant's motion to disqualify should be denied.

Dated: March 3, 2023

Respectfully submitted,

/s/ *Velvel (Devin) Freedman*
Velvel (Devin) Freedman, Esq.
Florida Bar No. 99762
FREEDMAN NORMAND FRIEDLAND LLP
1 SE Third Ave., Suite 1240
Miami, Florida 33131
Telephone:  (305) 753-3675
Facsimile:  (646) 392-8842
vfreedman@fnf.law

Joseph Delich
Stephen Lagos
FREEDMAN NORMAND FRIEDLAND LLP
99 Park Avenue, Suite 1910
New York, New York 10016
jdelich@fnf.law
slagos@fnf.law

*Counsel to Plaintiff Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC*

---

[2] Wright also acknowledges that he has been serving harassing and unauthorized discovery, (Def. Reply at 6 n.5), apparently in the hopes that the Court will retroactively authorize it and hold an evidentiary hearing. The Court should decline to reward sanctionable conduct like this.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 3, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Velvel (Devin) Freedman*
VELVEL (DEVIN) FREEDMAN
