# Exhibit A

Case 9:18-cv-80176-BB   Document 944-1   Entered on FLSD Docket 03/06/2023   Page 2 of 5

§ 392. Procedure for removal of attorney; appeal and review, 4 Fla. Jur 2d Attorneys at...

**4 Fla. Jur 2d Attorneys at Law § 392**

**Florida Jurisprudence, Second Edition** | March 2023 Update

**Attorneys at Law**
Tracy Bateman Farrell, J.D.; Beth Bates Holliday, J.D.; Rachel M. Kane, M.A., J.D.; Thomas Muskus, J.D and Susan L. Thomas, J.D.

VIII. Attorney-Client Relationship

G. Ending Attorney-Client Relationship

1. In General

a. Disqualification and Removal of Attorney

# § 392. Procedure for removal of attorney; appeal and review

Topic Summary | Correlation Table | References

**West's Key Number Digest**
- West's Key Number Digest, Attorney and Client 🔑19, 21.20

**A.L.R. Library**
- Appealability of state court's order granting or denying motion to disqualify attorney, 5 A.L.R.4th 1251
- Order on motion to disqualify counsel as separately appealable under 28 U.S.C.A. sec. 1291, 44 A.L.R. Fed. 709

**Forms**
- Am. Jur. Pleading and Practice Forms, Attorneys at Law § 120 (Notice—Hearing to disqualify attorney)

Case 9:18-cv-80176-BB   Document 944-1   Entered on FLSD Docket 03/06/2023   Page 3 of 5

§ 392. Procedure for removal of attorney; appeal and review, 4 Fla. Jur 2d Attorneys at...

A motion to remove counsel made by an opposing party must be made under oath or be supported by an affidavit. In turn, the party against whom the motion is filed must have the opportunity to file counter affidavits, with any factual issues raised by the affidavits to be determined in an evidentiary hearing.[1] A motion adequately set forth the requirements for disqualification of opposing counsel, based on counsel's receipt of privileged documents, where the documents in question were inadvertently disclosed during extensive document production, the opposing party was recalcitrant in rectifying the disclosure, and the disclosure resulted in an unfair tactical advantage.[2] An attorney cannot be disqualified without notice and an opportunity to be heard.[3]

Where there is a dispute over the disqualification of an attorney and the parties do not agree on the issue presented, an evidentiary hearing is necessary.[4] The trial court should conduct a hearing on the merits of the motion; the purpose of such hearing is not to determine whether there has been a breach of the Rules Regulating The Florida Bar for which the attorney may be disciplined but, rather, whether because of such breach one party has an unfair advantage over the other which can only be eliminated by removing the attorney from representation.[5]

> **Illustration:**
> A trial court was precluded from disqualifying counsel for an entertainment company on the basis of conflicting affidavits and arguments of counsel, where the affidavits disagreed on such material issues as whether a nonparty witness who had worked for an entertainer had access to and had obtained proprietary information, whether any such information had been passed on to the entertainment company's counsel, and if so, whether that information gave the entertainment company an unfair tactical advantage in its litigation with entertainer.[6]

After the evidence by the movant, the burden then shifts to counsel whose disqualification is sought to demonstrate that counsel should not be disqualified.[7]

> **Observation:**
> Ultimately, an order disqualifying a party's counsel must be tested against the standards imposed by the Rules of Professional Conduct.[8]

Generally, a party does not have standing to seek disqualification of counsel based on conflict of interest where there is no privity of contract between the attorney and that party.[9]

Case 9:18-cv-80176-BB   Document 944-1   Entered on FLSD Docket 03/06/2023   Page 4 of 5

§ 392. Procedure for removal of attorney; appeal and review, 4 Fla. Jur 2d Attorneys at...

> **Illustration:**
>
> Insureds who were sued by the insurer for breach of contract and other claims arising out of a $77,000 insurance payment made by the insurer for damages to an insured vessel that sank lacked standing to seek disqualification of insurer's counsel on the ground that counsel had previously represented a different insurer in litigation relating to insureds' claim for damages to the same sunken vessel; counsel never represented insureds, so as to have been privy to confidential information, and counsel did not switch sides in violation of the Rules of Professional Conduct, but rather always occupied an adversarial position with respect to insureds. [10]

An order involving the disqualification of counsel must be tested against the standards imposed by the rules of professional conduct. [11]

**CUMULATIVE SUPPLEMENT**

**Cases:**

In order to prevail on a motion to disqualify counsel under Florida law, the movant must establish: (1) an attorney-client relationship existed, thereby giving rise to an irrefutable presumption that confidences were disclosed during the relationship, and (2) that matters in the pending suit are substantially related to the previous matters or causes of action in which the attorney represented the client. Fla. Bar Rule 4-1.9. Perez v. City of Hialeah, 526 F. Supp. 3d 1304 (S.D. Fla. 2020).

Real estate investor lacked standing to seek disqualification of attorney who entered limited notice of representation of investor's former business partner for sole purpose of determining whether court had personal jurisdiction over former business partner, in investor's suit against former business partner and attorney, where there was no previous attorney-client relationship between investor and attorney. Stopa v. Cannon, 330 So. 3d 1033 (Fla. 2d DCA 2021).

Trial court was not required, in proceedings for foreclosure against condominium unit, to hold evidentiary hearing on issue of whether to disqualify mortgage lender's counsel for conflict of interest stemming from prior representation of condominium association, where lender did not dispute that counsel had previously represented association's court-appointed receiver, and thereby assisted association in levying special assessment that resulted in association's claim of lien against the unit. Fla. Bar Rule 4-1.9; Fla. Bar Rule 4-1.10. First Fidelity Trust Services, Inc. v. Shelter Cove Condominium Association, Inc., 329 So. 3d 222 (Fla. 1st DCA 2021).

Orders on motions to disqualify counsel are reviewed for abuse of discretion. Balaban v. Philip Morris USA Inc., 240 So. 3d 896 (Fla. 4th DCA 2018).

Orders on motions to disqualify counsel are reviewed for abuse of discretion. Balaban v. Philip Morris USA Inc., 234 So. 3d 807 (Fla. 4th DCA 2018).

Hospital had standing to seek disqualification of doctor's counsel in dispute between hospital and doctor over a bequest made by a decedent, based on a conflict of interest due to counsel's participation in hospital board discussions; hospital could seek disqualification of opposing counsel because the alleged conflict of interest clearly

Case 9:18-cv-80176-BB   Document 944-1   Entered on FLSD Docket 03/06/2023   Page 5 of 5

§ 392. Procedure for removal of attorney; appeal and review, 4 Fla. Jur 2d Attorneys at...

called in question the fair or efficient administration of justice. Fla. Bar Rule 4-1.7. Boca Raton Regional Hospital, Inc. v. Williams, 230 So. 3d 42 (Fla. 4th DCA 2017).

**[END OF SUPPLEMENT]**

Westlaw. © 2023 Thomson Reuters. No Claim to Orig. U.S. Govt. Works.

### Footnotes

| | |
|---|---|
| 1 | Dawson v. Bram, 491 So. 2d 1275 (Fla. 2d DCA 1986). |
| 2 | Abamar Housing and Development, Inc. v. Lisa Daly Lady Decor, Inc., 724 So. 2d 572 (Fla. 3d DCA 1998). |
| 3 | Clare v. Coleman (Parent) Holdings, Inc., 928 So. 2d 1246 (Fla. 4th DCA 2006). |
| 4 | Event Firm, LLC v. Augustin, 985 So. 2d 1174 (Fla. 3d DCA 2008); Quality Air Conditioning Co., Inc. v. Vrastil, 895 So. 2d 1236 (Fla. 4th DCA 2005). |
| 5 | Pantori v. Stephenson, 384 So. 2d 1357 (Fla. 5th DCA 1980). |
| 6 | Gutierrez v. Rubio, 126 So. 3d 320 (Fla. 3d DCA 2013). |
| 7 | Sultan v. Earing-Doud, 852 So. 2d 313 (Fla. 4th DCA 2003). |
| 8 | Suchite v. Kleppin, 784 F. Supp. 2d 1343 (S.D. Fla. 2011) (applying Florida law); AlliedSignal Recovery Trust v. AlliedSignal, Inc., 934 So. 2d 675 (Fla. 2d DCA 2006); Morse v. Clark, 890 So. 2d 496 (Fla. 5th DCA 2004). |
| 9 | Information Systems Associates, Inc. v. Phuture World, Inc., 106 So. 3d 982 (Fla. 4th DCA 2013); THI Holdings, LLC v. Shattuck, 93 So. 3d 419 (Fla. 2d DCA 2012) (there was no privity between nursing home's counsel and the patient's estate, as required for the estate to have standing to seek disqualification of counsel). As to rule against conflicts of interest, see §§ 346 to 357. |
| 10 | Continental Cas. Co. v. Przewoznik, 55 So. 3d 690 (Fla. 3d DCA 2011). |
| 11 | Moriber v. Dreiling, 95 So. 3d 449 (Fla. 3d DCA 2012); Kaplan v. Divosta Homes, L.P., 20 So. 3d 459 (Fla. 2d DCA 2009). |

**End of Document**                                © 2023 Thomson Reuters. No claim to original U.S. Government Works.