# EXHIBIT 6

|  |  |
|---|---|
|  | IN THE CIRCUIT COURT FOR THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA |
| RAMONA WATTS, | CASE NO: 50-2022-CA-005501-XXXX-MB |
| Plaintiff, |  |
| v. |  |
| W&K INFO DEFENSE RESEARCH LLC, |  |
| Defendant. |  |
| _____ / |  |

## MOTION TO DISQUALIFY ROCHE FREEDMAN LLP

In a shocking series of extraordinary, recorded statements, Kyle W. Roche, founding partner of Roche Freedman LLP ("the Firm"), recently confessed to misusing and abusing the legal system to unlawfully advance the commercial interests of the Firm's undisclosed principal and benefactor, AVA Labs ("Ava"), by suing Ava's competitors and notable rivals in the cryptocurrency industry. One such abuse of process was the lawsuit the Firm filed against Dr. Craig Wright, which spawned and necessitated this action, in which the Firm is counsel of record to defendant W&K Info Defense Research, LLC ("W&K"). In light of Roche's admissions of the Firm's blatant misconduct, the Firm should be disqualified from any further representation of any party to this action.

The Firm's lawsuit that spawned this action, styled *Kleiman v. Wright,* Case No. 9:18-cv-80176-BB (S.D. Fla.), alleged a secret, oral partnership between Dr. Wright and Ira Kleiman's deceased brother, Dave Kleiman, to purportedly mine billions of dollars' worth of bitcoins. After a three-week trial last November, the jury rejected that claim and returned a verdict for Dr. Wright but awarded damages to co-plaintiff W&K (and defendant here), on a claim that Dr.

1

Wright and Dave Kleiman had equal interests in certain intellectual property owned by W&K. While the federal case was still pending, the Firm sought to take the deposition of plaintiff Ramona Watts. The Firm's desire to depose Ms. Watts caused additional litigation regarding the scope of the deposition. As a result of those disputes, Ms. Watts was awarded a judgment for attorneys' fees and expenses in the United Kingdom, which has still not been paid. This action was filed to domesticate that judgment and receive payment. The Firm purported to represent W&K in *Kleiman v. Wright,* but failed to disclose their undisclosed principal and benefactor Ava, whose interests the Firm has secretly sought to advance for the last three years in that action, this one, and many others.

      Roche recently confessed on camera to suing the rivals of Ava and its CEO, Emin Gun Sirer ("Gun"), by bringing harassing lawsuits, and fraudulent, purported class actions in the names of investors he referred to as "idiots." Roche admitted on camera that his business plan is never to settle a case, irrespective of his purported clients' interests, and instead to take all cases to trial (as the Firm did in *Kleiman v. Wright*), where liability and damages issues are decided by juries Roche also referred to as "idiots." He admitted that he does this to harm Ava's competitors, enforce Gun's personal vendettas, and keep regulators from investigating Ava, by keeping the SEC and CFTC busy investigating Ava's competitors (but not Ava) for, among other things, selling unregistered securities.

      On camera, Roche admits at length to a serious conflict of interest, undisclosed principals, a course of conduct that is unlawful on its face, and a fraud on the court in every case in which his firm has appeared, including this one. He admits that he not only brings cases for manifestly improper purposes and ignores the interests of his purported clients to further his and Ava's undisclosed interests, but also leverages the litigation process to learn (and misuse) for

2

Ava's benefit the confidential information and trade secrets of those he sues. He admits that he does all this for the express purpose of advancing the interests of the Firm and his benefactor Ava, to enforce the personal vendettas of Ava's Gun, as well as "for sport."

After Roche's on-camera statements were posted by a cryptocurrency whistleblower site ("Crypto Leaks"), Ava Labs proclaimed its innocence, Roche claimed he was drunk and taken out of context when (apparently on separate occasions) he made these damning admissions, *which he does not deny*, and attempted to personally withdraw from the Firm's fraudulent class actions, in which the Firm now faces motions to disqualify.[1] Because of the Firm's misconduct and undisclosed conflicts of interest, Dr. Wright has moved to disqualify the Firm from representing Ira Kleiman on appeal from the verdict for Dr. Wright in *Kleiman v. Wright* (also referred to here as "the federal case"), Case No. 22-11150-GG (11th Cir.). Roche's admissions of the Firm's wrongdoing demonstrate its unlawful "business plan" and its ongoing efforts to subvert the fair administration of justice, which heap scorn and disrepute upon the legal profession and every court (including this one) in which the Firm has appeared. The Firm should be dismissed from further representation of any party to this action. Plaintiff Ramona Watts has standing to bring this motion,[2] which should be granted in the interests of justice.

---

[1] On August 31, 2022, one group of defendants in *In re Tether and Bitfinex Crypto Asset Litig.*, 1:19-cv-1936 (S.D.N.Y), moved to disqualify Roche Freedman. *See* Debevoise & Plimpton letter, attached as part of Composite Exhibit A. On September 1, 2022, a second group of defendants in that case moved for disqualification. *See id*. On September 2, 2022, Roche Freedman opposed disqualification. *See id*. Also on September 2, 2022, the first group of defendants replied in support of disqualification. *See id*. On September 2, 2022, Roche Freedman's co-counsel moved to terminate Roche Freedman as putative class counsel, noting that Roche Freedman had refused their request to withdraw. *See id*. More disqualification motions have since been filed.

[2] The comment to Rule 4-1.7 states, "[w]here the conflict is such as clearly to call in question the fair or efficient administration of justice, opposing counsel may properly raise the question."

I.      **ARGUMENT**

On Saturday, August 27, 2021, extraordinary video recordings of Kyle Roche, founding partner of the Firm, were released on the internet. On camera, Roche expressly admitted to conduct that violates his fundamental obligations as a lawyer. His statements amount to admissions of his and his firm's conflicts of interest under Rule 4-1.7 of the Florida Rules of Professional Conduct.[3] On camera, Roche admitted to bringing purported class actions in the names of purported class representatives, but actually acting on behalf of Ava—an undisclosed interested party—in which he bragged about having an enormously valuable financial stake. He also admitted that he files lawsuits to advance the financial interests, enforce the vendettas, and for the entertainment of his undisclosed benefactor and principal, Gun, Ava's CEO, as well as "for sport." In sum, on camera, Roche admitted to motives and conduct that plainly violate his fundamental obligation as a lawyer to not put his own interests before those of his clients.[4]

In the days after the recordings were posted: (1) Ava Labs released a statement claiming it would never "engage in the unlawful, unethical and just plain wrong behavior claimed in these self-serving videos . . . ," Emin Gün Sirer, *My Statement about the Crypto Leaks lies*, MEDIUM

---

*Boca Raton Reg'l Hosp., Inc. v. Williams*, 230 So. 3d 42, 45 (Fla. 4th DCA 2017) ("[A] party may seek disqualification of opposing counsel where the conflict of interest involves representation of someone other than the movant and where it is such 'as clearly to call in question the fair or efficient administration of justice.'") (citing *State Farm Mut. Auto. Ins. Co. v. K.A.W.*, 575 So. 2d 630, 632 (Fla. 1991); *Zarco Supply Co. v. Bonnell*, 658 So.2d 151, 154 (Fla. 1st DCA 1995)).

[3] Although Roche is not admitted to practice in Florida, pursuant to Rules 1-3.1 and 1-3.10(a)(1) of the Rules Regulating the Florida Bar, the Firm, its Florida operations, and any lawyer "permitted to appear by this rule are subject to these Rules Regulating The Florida Bar while engaged in the permitted representation."

[4] Because "there is a substantial risk that the representation of 1 or more clients will be materially limited by [Roche's] responsibilities to another client, a former client or a third person or by a personal interest of [Roche]," he has an express conflict of interest under Florida Rule 4-1.7(a)(2).

4

(Aug. 29, 2022), https://el33th4x0r.medium.com/my-statement-about-the-crypto-leaks-lies-ef2005da752; (2) Roche publicly confirmed that the recordings are genuine, claiming he was "exploit[ed] using leading questions," and his statements were taken "out of context," Kyle Roche, *My Response*, MEDIUM (Aug. 29, 2022), https://medium.com/@kyleroche/my-response-b691563c255b; (3) Roche filed motions to personally withdraw from two of his firm's class actions against Ava's competitors; and (4) at least two of those competitors moved to disqualify him and his Firm in the *Tether* case. *See* Composite Exhibit A.

In his Motion to Withdraw from the *Tether* case, Roche stated that he "is no longer involved in [Roche Freedman's] class action practice." *See* Roche's Motion to Withdraw in *In re Tether,* 1:19-cv-1936 (S.D.N.Y) (D.E. 229 at 1), attached as part of Composite Exhibit A. Because Roche is a founder of Roche Freedman and his firm's practice concentrates on plaintiffs' class actions, this drastic step undermines his claim that the recordings misrepresented "the context" of his statements, and both underscores and heightens the disqualifying nature of those statements. Two *In re Tether* defendants have moved to disqualify Roche and the Firm. *See* Comp. Ex. A. Other such motions in other cases surely will follow.

Because Kyle Roche's own statements, now widely distributed on the internet by many outlets, are open and notorious, demonstrate a serious conflict of interest that calls into question the fair administration of justice in this matter, Ms. Watts and her counsel are compelled to seek the disqualification of Roche Freedman LLP.

A. THE FACTS

In 25 video clips released on August 27, 2022, Kyle Roche discloses and describes his Firm's close, improper, and previously undisclosed ties to Ava and its CEO, Gun. Roche says he founded the Firm the same day that Ava launched, on August 21, 2019, sharing the same co-

5

working space. Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman* (video 1) (Aug. 26, 2022), https://d33wubrfki0l68.cloudfront.net/1a432cb907f50390478d5c7b5c2c30c24547d110/5ca00/videos/c3-00-office-ava-labs-launch.mp4. Roche says he was the third shareholder in Ava (after its founders, Gun and COO Kevin Sekniqi). Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman* (video 2) (Aug. 26, 2022), https://d33wubrfki0l68.cloudfront.net/ba470e47132c5cb938f344be9ffd8261adc0eca2/6c3ea/videos/c3-01-office-deal-for-perc-token-supply.mp4.

On camera, Roche says he owns 1% of Ava Labs tokens and shares, which are worth tens, if not hundreds, of millions of dollars.[5] Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman* (video 3) (Aug. 26, 2022), https://d33wubrfki0l68.cloudfront.net/96d2fbedbfb4ac619f2656ce923aa707cfca9cbe/3d59f/videos/c3-02-office-i-got-1-point-on-both.mp4. He admits his personal bias to favor Ava, and states that he has "the same interest, same goals" as Gun and Sekniqi, whom he "trust[s] like brothers." Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman* (video 5) (Aug. 26, 2022), https://d33wubrfki0l68.cloudfront.net/61dabcad45d46c6207e4acded4ab34a49a0aa163/fc7a7/videos/c3-04-office-same-interests-same-goals.mp4.

> KR: Obviously, I'm biased. I have an interest in Ava Labs and I . . .
> Q: You have a stake in Ava Labs?
> KR: Yes.
> Q: How big?
> KR: I can't . . .  A big one. I did very well.

---

[5] The market capitalization of AVAX tokens currently is $5.7 billion and has been as high as $30 billion in the past year. Avalanche Price (AVAX/USD) | Today's Price, TIME https://time.com/nextadvisor/investing/cryptocurrency/price/avalanche-avax/.

6

Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman* (video 3) (Aug. 26, 2022), https://d33wubrfki0l68.cloudfront.net/ 96d2fbedbfb4ac619f2656ce923aa707cfca9cbe/3d59f/videos/c3-02-office-i-got-1-point-on-both.mp4. Roche says he now lives with Sekniqi in Miami for tax purposes. Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman* (video 7) (Aug. 26, 2022), https://d33wubrfki0l68.cloudfront.net/789531f0f9b4b 55626c52801967703b1968bca18/b171a/videos/c3-06-office-i-live-with-kevin-in-miami.mp4.

### 1. The Firm Sues Ava's Competitors Using Straw Plaintiffs

Roche said he uses litigation as a "strategic instrument to support" Ava. Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman* (video 6) (Aug. 26, 2022), https://d33wubrfki0l68.cloudfront.net/a799bb8bcde3170c 313e3ad7662a41148621c4d1/2fbf3/videos/c3-05-office-litigation-is-a-strategic-instrument.mp4. He expressly admits that he sued Ava Labs' competitors, including Solana and Dfinity, without naming Ava Labs as a plaintiff, using purported class representatives to conceal his undisclosed principals, who, along with himself, are real parties in interest in these actions:

> Q: Has Ava Labs filed a complaint against one of their competitors?
> KR: **No, they have me to do that on behalf of the class Their name was never** . . .
> X: Explain.
> KR: **So, I can sue Solana** . . .
> X: Yeah.
> KR: **but a plaintiff will purchase Solana**.
> X: And what about Dfinity?
> KR: Oh yeah.

Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman* (video 19) (Aug. 26, 2022), https://d33wubrfki0l68.cloudfront.net/ b4a2e7900f289e01ce2b25dfa5a254850a22496d/e7035/videos/c3-17-i-can-sue-solana.mp4

(emphasis added); Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman* (video 17) (Aug. 26, 2022), https://d33wubrfki0l68.cloudfront.net/b660cb79f51a071ece800cda7fc3521e5e21a59d/0467e/videos/c3-16-0-dfinity-is-a-competitor-to-avalanche.mp4 (Dfinity also is a competitor of Ava).

### 2. The Firm Uses Other Improper Tactics to Benefit Ava

On camera, Roche brags about harassing "Emre Crypto,"[6] a Turkish "top competitor" of Gun and AVA, causing him to be "tagged" coming into the United States and recording that service of process, which Roche says Gun "enjoys" watching "once a month." Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman* (video 14) (Aug. 26, 2022), https://d33wubrfki0l68.cloudfront.net/ccce812b0d07fc6c1bb9928d1a7a99db011ed1af/13125/videos/c3-13-gun-watches-video-once-a-month.mp4. He also boasts that **"I took down one of Gun's biggest arch-nemeses. The guy who claimed to be Satoshi, Craig Wright."** Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman* (video 15) (Aug. 26, 2022), https://d33wubrfki0l68.cloudfront.net/54bcd83ef86e546fa4f97c2e481fba064e228c8d/483a3/videos/c3-14-gun-goes-after-craig-wright.mp4 (emphasis added).

On camera, Roche further admits that the Firm has developed and executed a strategic plan to feed tips against Ava's competitors to regulatory authorities in such volume that the regulators are drawn away from scrutinizing Ava's activities. Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman* (video

---

[6] In the videos, Roche refers to him as "Emre Crypto." His actual name is Emre Aksoy, and he goes by the assumed name of "Kripto Emre." *See* Roche Freedman's press release about serving him at Miami Int'l Airport: https://www.rochefreedman.com/crypto-thought-leader-cant-duck-ceos-defamation-claims/

10) (Aug. 26, 2022), https://d33wubrfki0l68.cloudfront.net/1edf92baa6d2ec8203a8568c7869ef5e4b326a71/428f7/videos/c3-09-magnets-for-sec-and-competitive-attacks.mp4 ("KR: yes, yeah, I deal with making sure that the SEC has . . . the SEC and the CFTC have other magnets to go after. . . ."); Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman* (video 11) (Aug. 26, 2022), https://d33wubrfki0l68.cloudfront.net/91987bc2f582f24ecb688ab4c137a485d139dfe1/b4646/videos/c3-10-office-theres-no-such-thing-as-regulation.mp4 (". . . . since [Gun] signed me up, I've ensured that there's no such thing as regulation for what they want to do.").

### 3. Roche Elevates His Personal Interests Above His Clients' Interests

On camera, Roche brazenly states that "I'm a crazy motherf*cker and I have resources and I will take you to the end [in a lawsuit]." Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman* (video 18) (Aug. 26, 2022), https://d33wubrfki0l68.cloudfront.net/2f1313a474fff7dedbb5432d16e848725ce51e04/4f9ab/videos/c3-16-im-a-crazy-motherfucker.mp4. He says "that is power and that is what I think is a tool that has not been unlocked by very many . . . ." *Id.* He also says that because of his personal stake in Ava, "I have to ability to say 'look it's not about the money anymore for me it's about taking you guys to trial and **the sport of it**.'" Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman* (video 19) (Aug. 26, 2022), https://d33wubrfki0l68.cloudfront.net/b4a2e7900f289e01ce2b25dfa5a254850a22496d/e7035/videos/c3-17-i-can-sue-solana.mp4 (emphasis added).

Roche says he does not "think there's any reason to settle for less than half a billion to a billion but . . . if we get $100 million settlement we are in the front page of all the legal press and so it's good for me and my partners and my firm." Cryptoleaks, *Ava Labs (Avalanche) Attacks*

9

*Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman* (video 23) (Aug. 26, 2022), https://d33wubrfki0l68.cloudfront.net/6ab1d54cf47b4b43a28ec4d52d2a12be5078b5d7/8826b/videos/c3-21-no-reason-to-settle-less-than-500m.mp4. Completely absent from Roche's explanation of his approach to litigation is any consideration of his clients' interests or their right to decide to settle or not settle.

### 4. Roche Demonstrates Utter Contempt for the Administration of Justice

By his own admission, Roche operates without respect for his role as an attorney or his duties as an officer of the Court. Discussing jury trials, he says "what you do is, metaphorically, you pull down your pants and you tell your jury, 'here is my c*ck, now you talk . . . pull down your pants a little bit . . . .'" Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman* (video 21) (Aug. 26, 2022), https://d33wubrfki0l68.cloudfront.net/251c0d83886aba0804637ca9f8819e12adb26238/ab979/videos/c3-19-show-me-your-cock.mp4.

Of the jury, Roche derisively states "that 10 idiots control the flow of all the money that happens in American class actions." Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman* (video 22) (Aug. 26, 2022), https://d33wubrfki0l68.cloudfront.net/f580f15300ae3305352a21a810a4cbce4b1247a7/73e42/videos/c3-20-ten-idiots-control-the-flow.mp4. About putative class members, as to whom he is a fiduciary, he says that "I go to the Court, and I say, hey 'I got $100 million for these 100,000 idiots out here. Give me . . . give me $30 million and I will administer . . . .'" Cryptoleaks, *Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman* (video 24) (Aug. 26, 2022), https://d33wubrfki0l68.cloudfront.net/ca154b2403c4f503206afd0666cf4694c23c8dd3/de306/videos/c3-22-these-100000-idiots.mp4.

**B.    THE LAW**

On camera, Roche repeatedly emphasized that his personal interests come before his clients, which violates Florida Rule of Professional Conduct 4-1.7(a)(2), prohibiting representation of a client when "there is a substantial risk that the representation of 1 or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer."

When Roche says he will not settle any case and insists on going to trial to extract a larger settlement, or settles because of publicity for the Firm, he admits to expressly putting his and the Firm's interests ahead of those of his clients. The plain import of his claim that his newfound wealth frees him from the constraints on plaintiffs' lawyers is that his wealth allows him to disregard his clients' interests in the settlement process.

On camera, Roche states directly and unequivocally that he sues Ava's competitors (at its behest) in the names of straw plaintiffs and does so by filing class actions. This is, at a minimum, Rule 404(b) evidence that Roche is engaged in a pattern and practice of secretly representing Ava's and Gun's interests by using straw plaintiffs to conceal the real parties in interest. After Roche's on-camera admissions, there is a sound basis for concluding that in attempting to "take down" Gun's arch-nemesis, Dr. Craig Wright (defendant in the federal case brought by the Firm), Roche and the Firm have been acting for the benefit of Ava and Gun, who were undisclosed interested parties. Roche's admitted conduct as to "Emre Crypto," discussed above in Section 1.A.2, demonstrates an abuse of process akin to what appears to have happened to Dr. Wright, which necessitated this case. In these circumstances, Ms. Watts should be permitted to obtain all pertinent discovery, and the Court should hold an evidentiary hearing on this motion after the completion of discovery. Indeed, in *Tether,* the Firm itself has requested discovery and a

hearing on the evidence regarding these very issues. *See* the Firm's letter dated September 2, 2022, attached as part of Composite Exhibit A. Discovery requests have been filed simultaneously with this motion.

On camera, Roche admitted to other improper conduct in furtherance of Ava's interests, including sharing with Ava the discovery obtained in the Firm's class actions against Ava's competitors (surely in violation of confidentiality orders), distracting regulators from Ava by feeding them incriminating information about Ava's competitors, and, as noted, harassing Gun's "nemeses"—such as videotaping service of process on "Emre Crypto," Gun's principal Turkish competitor—for Gun's viewing pleasure. Roche's discussion of Dr. Wright (Cryptoleaks, Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman (video 15) (Aug. 26, 2022), https://d33wubrfki0l68.cloudfront.net/54bcd83ef86e546fa4f97c2e481fba064e228c8d/483a3/videos/c3-14-gun-goes-after-craig-wright.mp4), strongly suggests that the federal case was motivated by Gun's rivalry with Dr. Wright.

In addition to demonstrating fundamental conflicts that Rule 4-1.7 prohibits, Roche's admitted, serial misconduct flouts and fundamentally offends the core responsibilities imposed on every lawyer to uphold the dignity of the courts, and to treat litigants and other counsel forthrightly and with respect. Florida Rule 4-8.4 embodies these obligations, which Roche has, through his statements, expressly abjured.

Florida Rule 4-8.4 prohibits attorneys from engaging "in conduct involving dishonesty, fraud, deceit, or misrepresentation." Roche has confessed to bringing pretextual lawsuits, for improper purposes, on behalf of undisclosed shadow clients. Florida Rule 4-8.4(d) prohibits "conduct that is prejudicial to the administration of justice." But Roche—in a shameful display that inherently prejudices the administration of justice in any court where he appears—has

12

publicly denounced his purported clients and all jurors as "idiots," declared himself "crazy," and denigrated the entire jury-trial and class-action system as nothing more than a cynical competitive tool.

The Court need not and should not tolerate this improper conduct by attorneys who appear before it. *McGillis v. Dep't of Child. & Fam. Servs.,* 738 So. 2d 1023 (Fla. 3d DCA 1999) (citing *S.Y. v. McMillan*, 563 So.2d 807 (Fla. 1st DCA 1990) ("A court has the inherent power to control the conduct of its own proceedings in order to preserve order and decorum in the courtroom, to protect the rights of parties and witnesses, and to generally further the administration of justice.")); *Petition of Fla. Bar*, 61 So.2d 646, 647 (Fla. 1952) ("[R]egularly constituted courts have power to do anything that is reasonably necessary to administer justice within the scope of its jurisdiction, but not otherwise. Inherent power has to do with the incidents of litigation, control of the court's process and procedure, control of the conduct of its officers and the preservation of order and decorum with reference to its proceedings."); *In re Pub. Def.'s Certification of Conflict and Mot. to Withdraw Due to Excessive Case Load and Mot. for Writ of Mandamus*, 793 So.2d 1, 3 (Fla. 2d DCA 1998) ("Where litigants or attorneys have substantially interfered with the orderly process of judicial administration, courts may, and should, exercise their inherent authority to prevent abuse of the judicial system by, among other things, barring the offending party from filing further proceedings."). Here, the continued presence of Roche's Firm in this matter would be an ongoing affront and insult to the Court, the judges and lawyers who labor there, and the litigants who come before it seeking a dignified process and justice.

Lastly, Roche's misconduct must be imputed to the Firm. Florida Rule 1.10 states that "[w]hile lawyers are associated in a firm, none of them may knowingly represent a client when any 1 of them practicing alone would be prohibited from doing so by Rule 4-1.7 or 4-1.9 . . . ."

Roche directs the affairs of the boutique Firm that bears his name, which lists 24 lawyers on its website as of this writing. He "lead[s] the Roche Freedman team appointed as lead counsel in over 15 class actions" and "build[s its] legal strategies." *See* https://www.rochefreedman.com/attorneys/kyle-roche/, last visited Sept. 5, 2022. From the videos, it is evident that the interests Roche seeks to protect by his confessed misconduct are not merely his own, but the interests of the entire Firm. Accordingly, Roche's conflicts not only warrant his disqualification, but also warrant disqualification of his partners and the Firm.

Disqualification of the Firm will not result in any unfair hardship. This case is at its initial phase and can be stayed while defendant locates new counsel.

## II.    CONCLUSION

For all these good and sufficient reasons, the Court should disqualify Roche Freedman LLP from any further involvement in this matter and should order such other and further relief as is warranted.

Respectfully submitted,

RIVERO MESTRE LLP
*Attorneys for Plaintiffs*
2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134
Tel.: (305) 445-2500
Fax: (305) 445-2505

By: /s/ Andrés Rivero
   Andrés Rivero
   Florida Bar No.: 613819
   arivero@riveromestre.com
   Alan H. Rolnick
   Florida Bar No.: 715085
   arolnick@riveromestre.com
   Robert J. Kuntz, Jr.
   Florida Bar No. 94668
   rkuntz@riveromestre.com

## CERTIFICATE OF SERVICE

I certify that on September 27, 2022, a copy of this motion was served via e-mail, pursuant to Florida Rule of Judicial Administration 2.516(b)(1), on all counsel of record.

By: /s/ Andrés Rivero
ANDRES RIVERO
