# EXHIBIT 9

IN THE 15TH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO. 50-2013-CP-005060-XXXX-NB
PROBATE DIVISION

IN RE: ESTATE OF DAVID ALAN KLEIMAN,

    deceased.
_____/

## RAMONA WATTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO ROCHE FREEDMAN, LLP

Ramona Watts, under Fla. R. Civ. P. 1.350, request that Roche Freedman, LLP produce the requested documents for inspection and copying on or before 30 days from the date of this request.

    Respectfully Submitted,

    RIVERO MESTRE LLP
    *Attorneys for Ramona Watts*
    2525 Ponce de Leon Blvd., Suite 1000
    Miami, Florida 33134
    Tel.: (305) 445-2500
    Fax: (305) 445-2505

    By: /s/ Andrés Rivero
        Andrés Rivero
        Florida Bar No.: 613819
        arivero@riveromestre.com
        Alan H. Rolnick
        Florida Bar No.: 715085
        arolnick@riveromestre.com
        Robert J. Kuntz, Jr.
        Florida Bar No. 94668
        rkuntz@riveromestre.com

**CERTIFICATE OF SERVICE**

I certify that on September 27, 2022, a copy of this motion was served by email, pursuant to Florida Rule of Judicial Administration 2.516(b)(1), on all counsel of record.

By: /s/ Andrés Rivero
ANDRES RIVERO

I.   DEFINITIONS

A.   The word "document" shall mean any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information or thoughts can be processed or transcribed, and all copies containing additional matter, however produced or reproduced, of any kind and description, in your actual or constructive possession, custody, care, or control, that pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to this action, or which are themselves listed below as specific documents, including, but not limited to, the following: communications, correspondence, memoranda, notes, messages, letters, telegrams, teletype messages, facsimiles, e-mails, bulletins, diaries, chronological data, minutes, books, reports, charts, ledgers, invoices, worksheets, receipts, computer memory, word processing data, computer printouts, work-product schedules, account records, patents, licenses, legal pleadings, minutes of directors' meetings, minutes of shareholders' or other meetings, work assignments, transaction files, statistical records, financial records, bank records, security agreements, testing reports, newspaper or magazine articles, stories or clippings, affidavits, contracts, transcripts, surveys, graphic representations of any kind, photographs, graphs, microfilms, videotapes, tape recordings, or motion pictures or other films, or information maintained in any electronic medium (including, but not limited to, information found in computer hard drives, flash drives, USB drives, pocket drives, CDs, backup tapes, metadata, and pdf).

B.   "Relating to" and "related to" shall mean the following: relates to, refers to, pertains to, contains, concerns, describes, embodies, mentions, constitutes, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts.

C.  The term "Gun" shall refer to Emin Gun Sirer.

D.  The term "Ava Labs" shall refer to Ava Labs, Inc., a Delaware Corporation whose principal place of business is 263 S. 4th St. Brooklyn NY, NY 11211.

E.  The term "Avalanche" shall refer to Ava lab's contracting platform.

F.  The term "Sekniqi" shall refer to Kevin Sekniqi.

G.  The terms "RF," "you," "your," "yours," or "yourself" shall refer to Roche Freedman, LLP, including, but not limited to, any attorney, accountant, contractor, employee, or consultant affiliated with RF, and any person or entity acting or purporting to act on RF's behalf.

H.  The term "MOU" shall refer to the Memorandum of Understanding dated December 27, 2019, and signed by the then-partners of RF.

## II.  INSTRUCTIONS

1.  You should produce the documents as follows: (1) in the exact order in which they are kept in the ordinary course of business; or (2) classified according to the specific request(s) to which they are responsive.

2.  To the extent that you do not have possession, custody, or control of any documents identified as responsive to a particular request herein, please indicate the lack of possession, custody, existence, or control of the responsive documents in your response.

3.  All electronic documents and e-mail are requested to be produced in electronic format by a forensically sound method, with all original metadata preserved and intact.

4.  ESI should be produced as follows:

   a.  Email, instant messaging, calendar, contacts, and word processing files must be derived from the original electronic media and converted to single-page .tiff images with accompanying system metadata (e.g., author,

4

        recipient(s), "cc" recipient(s), "bcc" recipient(s), date and time of creation and receipt, date and time of modification, etc.) and substantive metadata (e.g., the substance of the changes, etc.), with all attachments. All chronological metadata shall be standardized to Eastern Standard Time. The Plaintiffs reserve the right to request native format production for ESI. Upon such request, you shall produce specific documents (identified by Bates number or range) in original native electronic format.

    b.    Dynamic files (e.g. databases, spreadsheets, project files, etc.) shall be produced in original native format with all accompanying metadata, along with all such software necessary to interpret the produced information if such software is not readily commercially available.

    c.    For all ESI not specified above, production shall be made in native format with all accompanying metadata, along with all software necessary to interpret the produced information if such software is not readily commercially available, unless Plaintiffs specifically agree to a different form of production.

5.    This Request for Production of Documents does not seek the production of documents protected by the attorney-client privilege or work-product rule.  However, if you withhold production of a document requested here as privileged, work product or on any other basis, please state the following in a privilege log for each document withheld:

    a.    the type of document (e.g., correspondence, memorandum, e-mail);

    b.    the date of the document;

    c.    the person(s) who signed the document;

      d.    the person(s) who received the document or a copy of it;

      e.    the reason for non-production; and

      f.    the substance of the document.

6. If any document requested here was previously in your possession, custody, or control, but is no longer, state the following for each document in your response to this request for production of documents:

    a. the type of document (that is, correspondence, memorandum, e-mail, etc.);

    b. the date of the document;

    c. any person who signed the document;

    d. any person who received the document or a copy of it;

    e. any person who is presently in possession of the document;

    f. the substance of the document; and

    g. the disposition of the document, including the date of disposition.

### III.    DOCUMENTS REQUESTED

1. All documents related to RF's ownership interest in Ava Labs.
2. All documents related to RF's ownership interest in Ava Labs' tokens.
3. All documents related to the MOU.
4. All documents related to RF's engagement agreement with Ava Labs.
5. All documents related to Kyle Roche's ownership interest in Ava Labs.
6. All documents related to RF's ownership interest in Avalanche.
7. All documents related to Kyle Roche's ownership interest in Avalanche.
8. All documents related to Gun's ownership interest in RF.
9. All documents related to Sekniqi's ownership interest in RF.

10. All documents related to "shared workspace" between or among RF, Ava Labs, or Avalanche.

11. All documents related to any lease executed by RF for the "shared workspace" referred to in Request 10.

12. All documents related to any lease executed by the Ava Labs for the "shared workspace" referred to in Request 10.

13. All documents related to "academic writings" in your possession authored by either you, Gun, or both.

14. All documents related to Ava Labs' capitalization tables on which Kyle Roche's name appears.

15. All documents related to Ava Labs capitalization tables on which any member of RF appears.

16. All documents related to RF's use of straw plaintiffs to bring actions on behalf of Ava Labs in which Ava Labs did not appear.

17. All documents related to RF's communications with the Securities and Exchange Commission in which you attempted to direct regulator attention toward an Ava Labs' competitor.

18. All documents related to RF's communications with the Commodities Futures Trading Commission in which you attempted to direct regulator attention toward an Ava Labs' competitor.

19. All documents related to Kyle Roche's residence in Florida for tax purposes.