UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

    Plaintiffs,

v.                                                                                      Case No. 9:18-cv-80176 (BB/BR)

CRAIG WRIGHT,

    Defendant.

_____/

**DEFENDANT CRAIG WRIGHT'S APPEAL
OF ORDER ON MOTION TO COMPEL**

Pursuant to Rule 4 of the Local Magistrate Rules for the Southern District of Florida, Craig Wright submits this appeal from Magistrate Reinhart's order [DE 939] on plaintiffs' motion to compel (the "Motion to Compel") Dr. Wright's completion of form 1.977 [DE 903].

**PRELIMINARY STATEMENT**

The Order on the Motion to Compel should be reversed for the straightforward reason that it lacks the factual findings necessary to support it. Although the Order states that it "does not turn on the membership structure of W&K or whether the owners of W&K authorized the motion" (Order at 3), it also relies upon an assumption that Roche Freedman and Boies Schiller ("the law firms") were authorized to file the Motion on behalf of W&K. The law firms' authority, however, unavoidably turns on the question of whether Ira Kleiman, as the personal representative of his brother's Estate, has a controlling interest in W&K that imbues him with the power to make decisions on the entity's behalf—including its selection of counsel—and, by his own admission, Ira Kleiman lacks that power. He is, as he admits, at *best* a 50% owner of the

1

company. No court, including this one, has heard the evidence required to square Ira Kleiman's admissions, and competent contrary evidence, with the assumption—and that's all it is—that he has the authority to control W&K. That can't be done. Until a court hears evidence on the issue, any order based on the presumption of Ira Kleiman's control is premature. The Order should be reversed on that basis.

## RELEVANT FACTS

On December 6, 2021, the jury in this case awarded W&K a $100 million judgment for conversion of intellectual property on one count.[1] The jury found in favor of Dr. Wright on all W&K's other claims, and rejected all of the Estate's claims. In the year since, W&K's trial counsel at the law firms took no steps to collect the judgment on behalf of W&K, although the law firms did file an appeal of the Estate's loss at trial, which is pending in the Eleventh Circuit.

### A. The Motions to Disqualify

In late August 2022, approximately nine months after the judgment was entered, Kyle Roche admitted on video that he and his firm were in bed with Ava Labs—another client in which several partners at Roche Freedman had a financial interest—and used lawsuits against other clients to advance Ava Labs' interests. Dr. Wright has reported the details of that scandal to the Court in several prior filings and will not repeat them here.[2] Most relevant, Roche mentioned Dr. Wright by name on the video: "***I took down one of [Ava Labs'] biggest arch-nemeses. The***

---

[1] Whoever owns W&K should share in the proceeds of that judgment, if collected. But, as set forth in Dr. Wright's Opposition to the Motion to Compel [DE 915] and below, it is beyond dispute that the David Kleiman Estate (which Ira Kleiman now controls) is not the majority owner, let alone the sole owner, of W&K.

[2] The details are set forth in Dr. Wright's motion to disqualify. [DE 900].

*guy who claimed to be Satoshi, Craig Wright*."[3] That statement was a very specific, extraordinary admission of a conflict of interest.

Given that conflict, Dr. Wright immediately moved to disqualify Roche Freedman in the Eleventh Circuit appeal. Dr. Wright did not simultaneously move to disqualify Roche Freedman in this Court because the case was closed and there was no activity pending before it.

In e-mails to Dr. Wright's counsel just before Thanksgiving in November 2022, Roche announced its intent to move to compel Dr. Wright's completion of form 1.977, the financial disclosure judgment debtors are required to complete upon court order, so Dr. Wright then moved to disqualify Roche Freedman in this Court. [DE 900].

### B. Discharge of Roche Freedman and Boies Schiller as Counsel to W&K and Engagement of Paul Huck by W&K's Majority Members

At the same time, Ramona Ang, on behalf of the Tulip Trust, and Lynn Wright, who are together the real majority members of W&K, took corporate action to discharge Roche Freedman and Boies Schiller as counsel to W&K. [DE 935-5]. Mrs. Ang and Lynn Wright subsequently took further corporate action to engage the Law Office of Paul C. Huck, Jr., as counsel to W&K. [DE 935-6].

### C. The January 27, 2023 Conference

On November 29, 2022, this Court denied Dr. Wright's motion to disqualify without prejudice on the theory that it lacked jurisdiction over the motion because of the Eleventh Circuit appeal. On December 29, 2022, the Eleventh Circuit denied Dr. Wright's motion to disqualify Roche Freedman. On January 6, 2023, Roche Freedman filed the Motion to Compel completion

---

[3] Cryptoleaks, Ava Labs (Avalanche) Attacks Solana & Cons SEC in Evil Conspiracy with Bought Law Firm, Roche Freedman (video 15) (Aug. 26, 2022), https://d33wubrfki0l68.cloud front.net/54bcd83ef86e546fa4f97c2e481fba064e228c8d/483a3/videos/c3-14-Gun-goes-aftercraig-wright.mp4 (emphasis added).

of Form 1.977 and, in it, acknowledged that this Court retains jurisdiction over proceedings in aid of execution of the judgment. [DE 903 at 1]. The Court then referred the disqualification motion to Magistrate Reinhart.

Roche Freedman requested a status conference, which Magistrate Reinhart held on January 27, 2023. Mr. Huck appeared on behalf of W&K at the conference. The transcript of the conference is attached as **Exhibit A**. Not surprisingly, the law firms objected to Mr. Huck's appearance. Dr. Wright's counsel stated (correctly) that there is no law of the case as to either the ownership of W&K or whether Roche Freedman's disqualification is warranted. (*Id*. at 22-23.)

Magistrate Reinhart set a briefing schedule to take the issues in turn, including, among other things, directions to the parties to brief the question of whether Mr. Huck is authorized to appear on behalf of W&K—a question the resolution of which *all* parties, and Magistrate Reinhart, acknowledged *requires* a determination as to the ownership of W&K. (*Id*.)[4]

As to the Motion to Compel, Magistrate Reinhart stated: "So the issue I was going to dip my toe into, and perhaps at my own peril, is whether that motion could be resolved while all this other stuff is pending or whether the stuff that is in front of me has to be resolved before that can be resolved." (*Id*. at 26.) He then stated that he would ask Judge Bloom whether she intended to rule on the motion or refer it to him for consideration. (*Id*.) On January 30, 2023, Judge Bloom issued an order referring all post-trial matters to Magistrate Reinhart. [DE 923].

In accordance with the briefing schedule set by Magistrate Reinhart, the parties fully briefed both the question of whether the Eleventh Circuit's ruling on Dr. Wright's motion to

---

[4] Judge Reinhart also set a schedule for briefing on Dr. Wright's motion to disqualify Boies Schiller, which is not relevant here.

disqualify Roche Freedman is law of the case [DE 930, DE 936, and DE 943] and whether Mr. Huck's appearance should be stricken. [DE 931, 937, and 942]. Both motions remain pending.

### D. The Order on the Motion to Compel

Meanwhile, on March 1, 2023, Magistrate Reinhart issued the Order granting the Motion to Compel [DE 939]. Magistrate Reinhart rejected Dr. Wright's argument that the motion was defective because it was filed without being authorized by the majority members of W&K. (*Id*. at 3.) Citing Rule 11(b) of the Federal Rules of Civil Procedure and Rule 4-1 of the Florida Rules of Professional Conduct, the Order states: "We presume that when a lawyer files and signs a pleading, he has the authority to do so." (*Id*.) The Order further states: "If a party thinks its own lawyer is taking improper unauthorized steps, other remedies exist. Dr. Wright has not shown the opposing party has a dog in that fight." (*Id*.) Because the "Motion to Compel was signed by lawyers who have properly entered appearances for W&K and who remain counsel for W&K," Magistrate Reinhart reasoned, the Motion should be granted. (*Id*. at 4.) He noted, however, that "the resolution of [the] motion [did] not turn on the membership structure of W&K or whether the owners of W&K authorized the motion." (*Id*.) That question remains open, and no court has ruled upon it.[5]

---

[5] The question of W&K's ownership is the subject of two actions pending in Florida state courts. See *Lynn Wright v. Ira Kleiman*, 2013-CP-005060- XXXX-NB (Fla. 15th Cir. Ct.) (petition for declaratory judgment filed July 16, 2020); *Ramona Ang v. Ira Kleiman*, Case No. 50-2021-CA-004758-XXXX-MB (Fla. 15th Cir. Ct.) (filed April 13, 2021).

## ARGUMENT

The Order on the Motion to Compel is based on "the presumption that when a lawyer files and signs a pleading, they have the authority to do so." (Order at 3). That is true enough in the ordinary case. As this Court knows, however, this case is far from ordinary. The parties are engaged in a bitter dispute as to who owns W&K and, accordingly, who has the authority to represent it. The presumption on which the Order is based is not an unassailable one. *Thornton v. Hosp. Mgmt. Assocs., Inc.*, 787 F. App'x 634, 637 (11th Cir. 2019) ("[W]here an attorney appears in an action for one of the parties, he is presumed to be authorized to act; his appearance will bind the party *until it is proven that the attorney lacked authority*.") (emphasis added). These are factual questions that no court has answered.

Once challenged—as it has been here—the presumption of an attorney's authority falls away, and the attorney is without power to seek relief on behalf of the party. *See Sec. & Exch. Comm'n v. Lauer*, 2015 WL 11005004, at *2 n.4 (S.D. Fla. Nov. 25, 2015) (attorney for individuals were "not authorized to file any requests for relief on behalf of [the companies] because they [were] not authorized to make litigation decisions on behalf of these companies."); *In re Crowder*, 2006 WL 6589000, at *2 (Bankr. N.D. Ga. July 10, 2006) ("An attorney has no business protecting an entity by filing an answer on its behalf if that entity has not authorized the attorney to do so."); *see also Mathews v. Mathews*, 222 S.E.2d 609, 613–14 (Ga. Ct. App. 1st Div. 1975) ("[A]ppellant's attorney had no standing to move to protect the interests of parties to the suit whom he did not represent."); 7A C.J.S. Attorney & Client § 292 ("[A] party may dispute or rebut the presumption of authority by showing that the appearance was without authority…").

The ability to challenge an attorney's authority to seek relief is not limited to the party whom the attorney represents—as W&K has raised that challenge through Mr. Huck. *It extends to the opposing party*, in this case, Dr. Wright. *See Matter of Davenport*, 29 B.R. 137, 137–39 (Bankr. M.D. Fla. 1983) (noting that "a party may raise an issue concerning the authority of the opposing party to sue in a representative capacity" under Rule 9(a) of the Federal Rules of Civil Procedure). Why? Because unauthorized conduct on behalf of one party may very well impact the opposing party such that the opposing party may have, to use Magistrate Reinhart's words, "a dog in [the] fight." (Order at 3.) [6]

That is especially likely when, as here, the question concerning counsel's authority to seek relief on behalf of a corporate plaintiff turns on the question of who controls that entity and has the power to select and direct its counsel. *See Denim N. Am. Holdings, LLC v. Swift Textiles, LLC,* 2011 WL 97238, at *3 (M.D. Ga. Jan. 12, 2011) (granting defendant's motion for costs filed by 50% owner of entity where majority of owners did not approve engagement of counsel to file complaint); *In re Wedgewood Golf Assocs., Ltd.*, 90 B.R. 510, 511–12 (Bankr. M.D. Fla. 1988) (general partner of debtor partnership (SPI) obtained dismissal of Chapter 11 petition where person filing petition (Hagle) was no longer general partner of debtor when petition was filed; court entertained sanctions motion by SPI against Hagle's attorney for filing petition without authority of SPI). Such is the case here: the Court cannot determine whether the law firms were properly discharged, and Mr. Huck hired in their stead, without determining who

---

[6] Dr. Wright certainly has a "dog in the fight" to determine how much of the W&K judgment the Estate is entitled to collect. Whatever the amount, it is not 100% given Ira Kleiman's own admissions that his brother never owed more than 50% of W&K. [DE 918 at 1].

controls W&K. So, it could not have determined—and did not purport to determine—whether those firms were authorized to move to compel Dr. Wright's completion of the form 1.977.

Who controls W&K is a threshold factual question that must be answered first ***on the submission of evidence*** by the parties. *See Amerair Indus. of Delaware, LLC v. Indus. Accessories Co.*, 2020 WL 13442117, at *2-3 (N.D. Ga. Dec. 10, 2020) (denying motion to dismiss by defendant who claimed to be 50% owner of company and who did not authorize initiation of lawsuit because threshold question of ownership required fact-finding); *see also Ramb v. Paramatma*, 2021 WL 5033472, at *3-4 (N.D. Ga. Mar. 31, 2021) (individual defendant moved to bifurcate discovery and trial on threshold question of whether plaintiff corporation was authorized to pursue its claims against defendant because, if individual defendant was sole member of plaintiff company, claims were "not authorized" and counsel representing corporation were "also not authorized to proceed and [had] a conflict of interest"; motion denied because factual issues presented by complaint were "all related and intertwined").[7] According to the plain language of the Order, Magistrate Reinhart did not purport to answer the question of who owns how much of W&K in connection with deciding the motion to compel. Certainly he *couldn't* have done so, with no evidence before him. The Order is not based on the necessary fact findings and, consequently, is premature.

---

[7] Respectfully, the state courts before which the question of ownership are pending should be the courts to address that question. Even if the parties are willing to have this Court undertake a determination of the ownership issue, it is unclear that this Court has ancillary jurisdiction to do so. *Nat'l Mar. Servs., Inc. v. Straub*, 776 F.3d 783, 786 (11th Cir. 2015) *citing Peacock v. Thomas,* 516 U.S. 349, 354, 116 S. Ct. 862, 867, 133 L.Ed.2d 817 (1996) (discussing circumstances in which ancillary jurisdiction exists). Moreover, under the internal affairs doctrine, the state courts are properly situated to resolve the dispute over W&K's ownership. *See Commonwealth of Pennsylvania v. Williams*, 294 U.S. 176, 185 (1935) ("It has long been accepted practice for the federal courts to relinquish their jurisdiction in favor of the state courts, where its exercise would involve control of or interference with the internal affairs of a domestic corporation of the state.")

## CONCLUSION

For the reasons stated here, the Court should reverse the March 1, 2023 Order by Magistrate Reinhart.

>Respectfully submitted,
>
>RIVERO MESTRE LLP
>2525 Ponce de Leon Boulevard,
>Suite 1000
>Miami, Florida 33134
>Telephone: (305) 445-2500
>Fax: (305) 445-2505
>Email: arivero@riveromestre.com
>Email: abrown@riveromestre.com
>Email: ahenry@riveromestre.com
>Email: rkuntz@riveromestre.com
>Email: receptionist@riveromestre.com
>*Counsel for Ramona Ang, as Trustee for the Tulip Trust*
>
>By: s/ Andres Rivero
>ANDRES RIVERO
>Florida Bar No. 613819
>AMY C. BROWN
>Admitted *Pro Hac Vice*
>ALLISON HENRY
>Florida Bar No. 1003008
>ROBERT KUNTZ
>Florida Bar No. 94668

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(3), I certify that my colleague, Amy Brown, attempted to confer with counsel for W&K on March 14, 2023, but received no response.

## CERTIFICATE OF SERVICE

      I certify that on March 15, 2023, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF.

                                  By: /s/ Andrés Rivero.
                                      Andrés Rivero