UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

   Plaintiffs,
v.                 Case No. 9:18-cv-80176 (BB/BR)

CRAIG WRIGHT,

   Defendant.
_____/

### DEFENDANT CRAIG WRIGHT'S
### MOTION TO STAY PENDING APPEAL

  Craig Wright submits this motion to stay Magistrate Reinhart's Order (the "Order") [DE 939] on plaintiffs' motion to compel (the "Motion to Compel") pending resolution of his appeal of that Order.

### ARGUMENT

  On March 1, 2023, Magistrate Reinhart issued an Order granting the Motion to Compel Dr. Wright to complete form 1.977, the financial disclosure judgment debtors in Florida are required to complete upon court order. [DE 939]. Dr. Wright has appealed the Order on the ground that it lacks the factual findings necessary to support it and, consequently, is premature. [DE 946].

  A motion to stay pending appeal is appropriate when four factors are met: (1) the movant is likely to prevail on the merits on appeal; (2) the movant will suffer irreparable damage absent a stay; (3) the nonmovant will suffer no substantial harm from the issuance of the stay; and (4) a

1

stay will serve the public interest. *In re Alessi Fam. Ltd. P'ship*, 261 F. Supp. 3d 1268, 1271–72 (S.D. Fla. 2017). The balance of those factors warrants a stay here.

*First*, Dr. Wright is likely to prevail on his appeal because the Order is based on the presumption of facts that never have been established. The Order assumes that Roche Freedman LLP (n/k/a Freedman Normand & Friedland) and Boies Schiller & Flexner LLP (collectively, the "law firms") had the authority to file the Motion to Compel on behalf of W&K: "We presume that when a lawyer files and signs a pleading, he has the authority to do so." (Order at 3.) But the law firms' authority ineluctably turns on the question of whether Ira Kleiman, as the personal representative of his brother's Estate, has a controlling interest in W&K that gives him power to make decisions on the entity's behalf, including its selection and direction of counsel. By his own admission, Ira Kleiman lacks that controlling interest and that power, as he stands in the shoes of his late brother who owned, at best, a 50% interest in the company while alive. | [DE 918].

Neither this Court nor any other has ever determined that Ira Kleiman holds a controlling interest in W&K that would give him the right to authorize the law firms to seek relief on its behalf. So, while the Order states that it "does not turn on the membership structure of W&K or whether the owners of W&K authorized the motion" (Order at 3) it incorrectly "presumes" that the law firms had the authority to file the Motion to Compel on behalf of W&K which, in turn, assumes, without evidence, that Ira Kleiman, as personal representative of the Estate, owns a controlling interest in the company. *See Sec. & Exch. Comm'n v. Lauer*, 2015 WL 11005004, at *2 n.4 (S.D. Fla. Nov. 25, 2015) (attorney for individuals were "not authorized to file any requests for relief on behalf of [the companies] because they [were] not authorized to make litigation decisions on behalf of these companies."); *In re Crowder*, 2006 WL 6589000, at *2

2

(Bankr. N.D. Ga. July 10, 2006) ("An attorney has no business protecting an entity by filing an answer on its behalf if that entity has not authorized the attorney to do so."). That has never been (and cannot be) established in this Court or any other.[1] Dr. Wright is therefore likely to succeed in his argument that the Order lacks a factual basis and should be reversed as premature.

*Second*, absent a stay, Dr. Wright will be harmed by being forced to divulge financial information to Ira Kleiman and his lawyers—who have wrongfully usurped total control over an entity the Estate does not wholly own—before there has been any determination as to what portion of the judgment is owed to the Estate. He should not be required to provide this information to Ira Kleiman, or his lawyers, while they are still purporting to exert full power over W&K and collect a $143 million judgment that is owed only partly to the Estate. Even if Dr. Wright is later required by the actual owners of W&K, and by its rightful counsel, to complete that form, the damage he could suffer by putting that sensitive information in the hands of the law firms is considerable. Kyle Roche admitted on video that he uses the litigation process to learn the confidential information and trade secrets of those he sues for the benefit of Ava Labs. And while Kyle Roche may longer be with Roche Freedman, the remaining partners retain *some interest* in Ava Labs. For that reason, they cannot be trusted with Dr. Wright's financial information.

---

[1] The question of W&K's exact ownership is the subject of two pending state court actions, where, respectfully, as a matter of Florida state limited liability corporation law, it is more properly to be determined than in this Court. See *Lynn Wright v. Ira Kleiman*, 2013-CP-005060-XXXX-NB (Fla. 15th Cir. Ct.) (petition for declaratory judgment filed July 16, 2020); *Ramona Ang v. Ira Kleiman*, Case No. 50-2021-CA-004758-XXXX-MB (Fla. 15th Cir. Ct.) (filed April 13, 2021). The question is also implicated by the Motion to Strike Paul C. Huck, Jr., as counsel for W&K [DE 931], which the parties have acknowledged turns on the question of W&K's ownership.

*Third*, neither Ira Kleiman, the law firms, nor W&K—pretending for a moment the law firms *are* authorized to act on its behalf (and they aren't)—will be prejudiced by a stay. The law firms sat on their hands for almost an entire year before seeking to compel Dr. Wright's completion of the form 1.977. Surely, they will suffer no harm by the imposition of a short stay pending resolution of the appeal.

*Finally*, while this is not a motion that implicates the "public interest" in the ordinary sense, there *is* an interest in ensuring that judgment creditors—especially estate representatives like Ira Kleiman, who had almost no relationship to the decedent while alive—seize control over assets belonging to other parties, with full knowledge they are not entitled to those assets. There is, too, an interest in ensuring that those claiming control of Florida companies actually have that control, and that those claiming to represent them actually are authorized to do so.

Because Dr. Wright's appeal is likely to prevail, because he will suffer prejudice absent a stay, because W&K will suffer no prejudice if a stay is granted, and because a stay serves the public interest, a stay is warranted.

## **CONCLUSION**

For the reasons stated here, the Court should stay the Order pending a decision on Dr. Wright's appeal.

Respectfully submitted,

RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard,
Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: abrown@riveromestre.com
Email: ahenry@riveromestre.com
Email: rkuntz@riveromestre.com
Email: receptionist@riveromestre.com

*Counsel for Ramona Ang, as Trustee for the Tulip Trust*

By: s/ Andres Rivero
ANDRES RIVERO
Florida Bar No. 613819
AMY C. BROWN
Admitted *Pro Hac Vice*
ALLISON HENRY
Florida Bar No. 1003008
ROBERT KUNTZ
Florida Bar No. 94668

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(3), I certify that my colleague, Amy Brown, attempted to confer with counsel for W&K on March 14, 2023, but received no response.

**CERTIFICATE OF SERVICE**

      I certify that on March 15, 2023, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF.

      By: /s/ Andrés Rivero.
      Andrés Rivero