UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-80176-BB/BER

IRA KLEIMAN, and
W&K INFO DEFENSE, LLC.

        Plaintiffs,

v.

CRAIG WRIGHT,

        Defendant.
_____/

# ORDER DENYING MOTION TO STRIKE NOTICE OF APPEARANCE
[ECF No. 931]

Who controls W&K Info Defense, LLC ("W&K")? Is it the Estate of David Kleiman? Ramona Ang? Lynn Wright? Tulip Trust? That is the question presented to this Court under the guise of a Motion to Strike an attorney's notice of appearance as counsel for W&K. Because this Court cannot (or alternatively should not) exercise subject matter jurisdiction, the Motion to Strike must be denied.

W&K is a limited liability corporation. It won a $143 million final judgment against Defendant Craig Wright in this case. The Estate of David Kleiman is the other plaintiff. It purports to have the authority to make decisions for the co-plaintiff LLC. None of the other putative members of the LLC are parties to this case.

One of the Estate's decisions was to hire counsel to represent W&K in this litigation. Since the inception of this case in 2018, W&K has been represented by Boies Schiller Flexner LLP. In or about September 2019, several lawyers

representing W&K split off from Boies Schiller and formed a different firm, now known as Freedman Normand Friedland LLP. Those two firms (collectively "Old Counsel") jointly represented W&K at trial and continue to represent it in post-judgment proceedings. Recently, The Huck Law Firm, P.A., ("New Counsel") entered an appearance as counsel for W&K. ECF No. 917. Neither of the Old Counsel has withdrawn. So, presently, three law firms have entered appearances for W&K; all of their Notices of Appearance for W&K comply with our Local Rules.

W&K, through Old Counsel, filed a motion to strike New Counsel's Notice of Appearance on the grounds that New Counsel was not retained by the Estate, which alone has the authority to hire or fire W&K's lawyer. ECF No. 931. W&K, through New Counsel, opposed its own motion on the grounds that the Estate does not have that authority and that Old Counsel has been discharged by the person(s) who controls W&K. ECF No. 937. Then, W&K (through Old Counsel) filed a Reply in support of its motion and in opposition to its own response. ECF No. 942. So, like a legal Schrödinger's Cat, W&K simultaneously wants and does not want New Counsel to represent it.

Separately, Lynn Wright, a non-party who claims to own 1/3 of W&K filed a Notice arguing (1) this Court lacks jurisdiction to strike New Counsel's appearance and (2) the motion to strike should be denied on the merits. ECF No. 933. Another non-party, Ramona Ang as trustee of the Tulip Trust, filed a Response to the Motion to Strike arguing that it should be denied on the merits. ECF No. 935. In a footnote, Ms. Ang also argued that the court lacks jurisdiction. ECF No. 935 at 13, n 8. Neither

2

Ms. Ang nor Ms. Wright has intervened as a party. Rather than strike their pleadings, however, I will consider them as *amicus* briefs.

Even if *amici* had not raised the jurisdiction question, the Court has an independent duty to evaluate its own subject matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."). Before turning to that question, it is instructive to pause and consider the current state of this litigation. Neither W&K nor Dr. Wright has appealed the jury's verdict, so all they have left before this Court is post-judgment collection proceedings.[1] Subject matter jurisdiction exists for those proceedings. *Peacock v. Thomas*, 516 U.S. 349, 356 (1996) (federal court has ancillary jurisdiction over supplementary proceedings to enforce a federal judgment).

It is also instructive to properly frame the issue in dispute and the remedy being sought. Although procedurally framed as a Motion to Strike New Counsel's appearance, W&K asks the Court to analyze Florida corporation law and then decree who has authority to manage W&K's affairs. The remedy being sought is a declaratory judgment. Notably, W&K's Motion to Strike does not ask the Court to take action affecting any other party.

With that perspective, the Court is presented with the bizarre question of whether it has Article III subject matter jurisdiction to resolve a party's dispute with

---

[1] The Estate has appealed the outcome of the trial. The outcome of that appeal will not affect W&K's judgment, so it is irrelevant to the Motion to Strike.

itself about who its own lawyer should be. Not surprisingly, I found no case law on point. Nevertheless, I conclude that this kind of question is not the kind of case or controversy that Article III courts have the power to adjudicate. Implicit in the concept of a "case or controversy" is a disagreement between two or more parties, not a single party's inability to select its own lawyer. *See, e.g.,* U.S. Constitution, Art. III, § 2 (federal judicial power extends to controversies "*between* citizens of different states."). A single party may be paralyzed by its own internal turmoil, but it is not for an Article III court to resolve that kind of Hamletian dilemma. *See Hamlet,* William Shakespeare.

That is not to say that the members of an LLC cannot seek a judicial ruling on the question of who has authority to act for the LLC. I take judicial notice that there is a lawsuit pending in Palm Beach Circuit Court asking for declarations about who controls W&K: *Lynn Wright v. Ira Kleiman,* 2013-CP-005060-XXXX-NB (Fla. 15th Cir. Ct.). *See* ECF No. 933-2.[2]

Even assuming subject matter jurisdiction exists under Article III, there is no statutory subject matter jurisdiction over the Motion to Strike. It does not assert a federal question. There is no diversity jurisdiction because W&K cannot be diverse

---

[2] This case is currently stayed pending the outcome of the Estate's pending appeal in the Eleventh Circuit. ECF No. 933-3. Separately, the Tulip Trust has sued Ira Kleiman, as Personal Representative of the Estate, for negligence and breach of fiduciary duty. *Ramona Ang, as Trusteee of the Tulip Trust v. Ira Kleiman,* 50-2021-CA-004758-XXXXMB. It also has brought a derivative claim against Ira Kleiman and W&K for breach of fiduciary duty. *Tulip Trust v. Ira Kleiman and W&K Info Defense Research, LLC,* 50-2022-CA-004636-XXXX-MB.

from itself. It does not seek to enforce the judgment, so supplemental jurisdiction cannot be invoked on that basis.

The only potential statutory jurisdiction would be supplemental jurisdiction under Title 28, United States Code, Section 1367(a), which says:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C § 1367(a). Section 1367 is "a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558, (2005) (*cited in PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1310 (11th Cir. 2016)). Nevertheless, a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). The decision whether to decline supplemental jurisdiction is within the sound discretion of the trial court. *See Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., L.L.C.*, 596 F.3d 1313, 1328 (11th Cir. 2010).

As the plain text of Section 1367(a) makes clear, supplemental jurisdiction exists only for claims that arise from the same common nucleus of operative facts as a claim over which the Court has original jurisdiction. *See Upper Chattahoochee Riverkeeper Fund, Inc. v. City of Atlanta*, 701 F.3d 669, 679 (11th Cir. 2012) (*quoting United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). "In determining if claims derive from a common nucleus of facts, the Court should ask whether the claims arise from the same facts or involve similar occurrences, witnesses, or evidence." *Nicopior v. Moshi Moshi Palm Grove, LLC*, 375 F. Supp. 3d 1278, 1285 (S.D. Fla. 2019) (J. Torres) (citing *See Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996)).

Here, the question of who controls W&K does not arise from the same common nucleus of facts as the underlying dispute among W&K, the Estate, and Dr. Wright. Those claims disputed the legal rights to intellectual property and the proceeds of that intellectual property, not who currently has authority to make decisions for W&K.

Even if supplemental jurisdiction existed under § 1367(a), there are compelling reasons for declining to exercise it.

> When deciding whether to exercise supplemental jurisdiction, "federal courts should consider and weigh in each case, and at every stage of litigation, the values of judicial economy, convenience, fairness, and comity." *City of Chicago*, 522 U.S. at 173 (citations omitted); *Gibbs*, 383 U.S. at 726. These factors are often referred to as the *Gibbs* factors. Courts may decline to exercise jurisdiction over supplemental state law claims depending on various factors, including the circumstances of the particular case, the nature of the state-law claims, the character of the governing state law, and the relationship between the state and federal claims. *Id.*

6

*Arugu v. City of Plantation*, No. 09-61618-CIV, 2010 WL 11520155, at *2 (S.D. Fla. Apr. 9, 2010) (J. Rosenbaum). Here, these factors favor declining supplemental jurisdiction. As noted above, the Court's continuing role in this litigation is limited. Not all of the putative members of W&K are parties, here. They likely would be indispensable parties who would have to be joined. Fed. R. Civ. P. 19(a). There is pre-existing parallel litigation pending for several years in Florida state court to which all putative members are parties. See ECF No. 933-1. So, judicial economy would not be served by expanding this federal case. The dispositive rules of decision are under Florida law; no federal question is presented. So, comity would be served by deferring to the Florida courts. Considering these and the other *Gibbs* factors, I decline to exercise supplemental jurisdiction.

Finally, even if constitutional and statutory jurisdiction existed, the Court has discretion whether to issue a declaratory judgment. The federal declaratory judgment statute says in relevant part:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 USC § 2201(a). A litigant does not have the right to a declaratory judgment. *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005). Declining to issue a declaratory judgment may be appropriate where, as here, "another suit is pending in a state court presenting the same issues, not governed by

federal law, between the same parties." *Id.* (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942)) (internal quotation marks omitted). "[T]he 'primary factors' of 'traditional concepts of federalism, efficiency, and comity' drive the decision." *Gold-Fogel v. Fogel*, 16 F.4th 790, 797–98 (11th Cir. 2021) (citing *Ameritas*, 411 F.3d at 1332). The court must consider the following non-exclusive factors:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
>
> (2) whether the judgment in the federal declaratory action would settle the controversy;
>
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
>
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;
>
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
>
> (6) whether there is an alternative remedy that is better or more effective;
>
> (7) whether the underlying factual issues are important to an informed resolution of the case;
>
> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Gold-Fogel*, 16 F.4th at 797–98 (citing *Ameritas*, 411 F.3d at 1331). As discussed above, there is no current actual controversy between adverse parties. Even if there

8

were, and even if jurisdiction existed, I would exercise my discretion and decline to issue a declaratory judgment for the same reasons I would decline to exercise supplemental jurisdiction. *See, supra.*

WHEREFORE, the Motion to Strike Notice of Appearance is DENIED.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 20th day of March 2023.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE