**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

IRA KLEIMAN, as the personal representative
of the Estate of David Kleiman, and W&K Info
Defense Research, LLC

        Plaintiffs,

v.

CRAIG WRIGHT

        Defendant.

**CASE NO.:  9:18-cv-80176-BB/BR**

## W&K'S CONSOLIDATED OPPOSITION TO
## WRIGHT'S APPEAL AND MOTION TO STAY

        Judgment Creditor W&K opposes Judgment Debtor Wright's appeal of Judge Reinhart's order compelling him to complete financial disclosure Form 1.977, DE [939], as well as Wright's[1] motion to stay that order pending appeal. Both motions should be denied and W&K should be awarded its fees and costs in needing to litigate this issue.

### INTRODUCTION

        Lest there be any doubt what is going on here, Judgment Debtor Wright, with the complicity of his wife, ex-wife, (and counsel) is arguing that he does not need to comply with the rules regarding the collection of a final un-appealed judgment because, after over five years of litigation, four weeks of trial, and multiple failed attempts to argue others owned W&K, he now claims that *his family* actually owns W&K. That is really the core of his argument and the basis for his bad faith legal maneuverings. Given his history of perjury, forgery, fabrication, and other conduct "antithetical to the administration of justice" in *this* Court alone (DE [277] at 28) including

---

[1] Or is it his wife, Ramona Ang's appeal and motion?  Or perhaps the fake Tulip Trust's?  The motions are titled "Defendant Craig Wright's Appeal of Order on Motion to Compel" and "Defendant Craig Wright's Motion to Stay Pending Appeal," but both were filed by Rivero Mestre as "Counsel for Ramona Ang, as Trustee for the Tulip Trust."  DE [946], at 1, 9; DE [947], at 1, 5.

his well-documented inability to keep his story straight about the ownership of W&K (DE [265], at 4–5), none of this is a surprise.[2] Nevertheless, Wright—through his remarkable willingness to say anything and everything he can to avoid accountability for his actions (here and in courts around the world) —has catapulted this litigation into a posture fitting for <u>Alice in Wonderland</u>, not a United States District Court. The Court should, again, put an end to this farce.

Said simply, Wright asks this Court to forget that during the litigation, the ownership of W&K was amongst the most litigated issues in the case. Indeed, Wright sought judgment in his favor **three different** times under the theory that someone other than the Estate of David Kleiman owned W&K.[3] Importantly, Wright specifically sought summary judgment based on his claim that Ira Kleiman (as the PR of his brother's Estate) lacked the authority to act on behalf of W&K. DE [487], at 24 (heading: "I.K. Lacked Authority to File This Action on Behalf of W&K."). The Court denied that relief. *Id*. It appears, however, that Wright believes this Court will change its mind if he just lies **one more** time, because **Wright makes the exact same argument again in this appeal**—arguing that Judge Reinhart's Order requiring him to comply with W&K's request that he complete a Rule 1.977 Form should be reversed because it assumes Ira has the authority to control W&K.

---

[2] It *is* a surprise that his counsel continues to enable his clear lies, abuse of process, and disrespect for the courts.

[3] Wright now claims that W&K is owned in majority by his ex-wife, Lynn Wright, and his current wife, Ms. Ang, in her purported role as the trustee of the fake "Tulip Trust." During the case, Wright **never** alleged his wife had any ownership interest in W&K, in any capacity. And, for her part, Ms. Ang testified under oath that she knew "[n]othing" about W&K. (Dep. at 166:5.) Wright also told the Court in one of his dispositive motions on this issue that a woman named Uyen Nguyen was an owner of W&K. *See* DE [144], at 11-13; DE [171], at 7-8. However, he too testified under oath that he did not know who owned W&K. DE [265], at 5. Now, after that company obtained a $143 million judgment against him, he is sure that W&K is owned by his wife and ex-wife after all. As this Court previously observed in rejecting Wright's various and conflicting contentions regarding the ownership of W&K, "Oh! What a tangled web we weave when first we practice to deceive." DE [265], at 4 (quoting Sir Walter Scott, <u>Marmion</u> (1808)). To quote in turn the great Scottish-American singer and songwriter David Byrne ("Talking Heads") – "same as it ever was." Saved from significant sanctions for perjury and forgery earlier in this case, Wright has doubled down on his deception and has gone from perjuring himself to having his family do it for him. Why his counsel at Rivero Mestre have suborned this perjury is anyone's guess. Regardless, this is not progress and should be stopped.

As mentioned above, Wright ignores this Court **already ruled** that Ira has the authority to act on behalf of W&K:

> *Upon review and consideration, the Court does not find a basis to disturb its prior conclusion from the August 2019 Order that Defendant has failed to present credible evidence that Ms. Wright was a member of W&K . . . Likewise, the Court rejects Defendant's argument that Ira Kleiman lacked the authority to file this action on behalf of W&K without Ms. Wright's consent, which in his view requires dismissal of W&K's claims.*

DE [487], at 22–24.[4]

Nothing has happened since to justify disturbing these un-appealed orders. Indeed, W&K obtained final judgment, and Wright chose **not** to appeal on any grounds, let alone that Ira Kleiman lacked the authority to cause W&K to obtain and enforce a judgment against him. And notwithstanding the blatant lie repeated time and again in Wright's post-judgment filings, Ira Kleiman has never "admitted" he owns no more than 50% of W&K.

The only "change" since the Court's rulings on this issue is that Wright has enlisted his wife (in addition to his ex-wife) to claim control of W&K and convinced his counsel at Rivero Mestre to facilitate that fraudulent pursuit. Incredibly, Wright's family then purported to use their fictitious "majority" interest in W&K to **purportedly fire** W&K's lawyers—the same ones who have represented the company for over five years and obtained a $143 million judgment on its behalf—and to retain a new lawyer to act in their stead and file an appearance in this action. He then moved to disqualify W&K's real lawyers, arguing they had been discharged by his family. Judge Reinhart summarily rejected Wright's attempt to disqualify W&K's real lawyers, finding W&K had selected Freedman Norman Freedland LLP ("FNF") and Boies Schiller Flexner LLP ("BSF") as its counsel, and that its choice was entitled to great deference. DE [951].

---

[4] It should be noted that the August 2019 Order was on Defendant's Motion for Judgment on the Pleadings, filed on April 15, 2019.  DE [144].  In that Motion, Wright sought judgment, among other reasons, on the basis that Ms. Wright, his ex-wife, was a member of W&K.  *See* DE [171], at 6–7.

Wright's plan is as obvious as it is ridiculous: to try and wrest control of W&K and cause it to release its judgment against him. Honestly, you can't make this stuff up; whether <u>Alice in Wonderful</u> or <u>Fear and Loathing in Las Vegas</u>, it should not be countenanced in a federal court. Wright's appeal and motion to stay should be summarily denied.  W&K, through counsel, properly moved to compel completion and execution of a Rule 1.977 form, Judge Reinhart granted that motion, and there is no basis to disturb that ruling.

To the extent this Court harbors any doubt whether its prior and un-appealed Orders regarding Ira Kleiman's authority to act on behalf of W&K remain in effect, however, the Court should issue an order to show cause requiring Ms. Wright and Ms. Ang to come to this country, take an oath subject to the penalty of perjury, and substantiate their claim to an ownership interest in W&K.[5] If history is any indicator, they will be unwilling[6] to do so and certainly be unable to.

## ARGUMENT

### I.    THE APPEAL SHOULD BE DENIED

The threshold obstacle for Wright's appeal is the applicable standard of review:

A Magistrate Judge's Order on a non-dispositive motion will be reversed only if it is "clearly erroneous or contrary to law." *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1)(A); Local Magistrate Judge Rule 4(a)(1). This standard is "a very difficult one to meet." *Manno v. Healthcare Revenue Recovery Grp., LLC,* No. 11-61357, 2012 WL 4192987, at *2 (S.D. Fla. Sept. 18, 2012) (J. Scola).  "To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must, as one member of this court recently stated during oral argument, strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988) *quoted in Howzell v. Saul*, 20-80142-CIV, 2020 WL 5077029, at *1 (S.D. Fla. Aug. 27, 2020) (J. Altman).

---

[5] For what it is worth, in his appeal, Wright's counsel (filing expressly as counsel for Ms. Ang too) claimed that Judge Reinhart's Order was "premature," was based on an "assumption," and that the Court would need to take evidence to sustain that ruling.  Accordingly, neither Wright nor Ms. Ang would have any basis to object to the Court's setting such evidentiary proceedings.

[6] Ms. Wright resides in Australia.  She did not come to trial. Ms. Ang resides in the United Kingdom.  She did come to the trial, but only *after* Plaintiffs rested their case in chief.

*Sec. & Exch. Comm'n v. Nat. Diamonds Inv. Co.*, 493 F. Supp. 3d 1260, 1263 (S.D. Fla. 2020) (Reinhart, J.). Indeed, this Court has previously observed that the clearly erroneous or contrary to law standard "is an extremely deferential standard of review, and this 'high bar' is 'rarely invoked.'" DE [373], at 12 (quoting *Cox Enters., Inc. v. News-Journal Corp.*, 794 F.3d 1259, 1272 (11th Cir. 2015)).

To try and establish clear error, the Wright family and Rivero Mestre advance two bald-faced lies.[7]

### A. Wright and Rivero Mestre are lying when they say that Ira Kleiman admitted less than 100% ownership in W&K.

This appeal and motion rely heavily on the claim that Ira Kleiman allegedly admitted less than 100% ownership of W&K. *E.g.*, DE [946], at 1–2. This is not only a lie, it's a demonstrable one—no matter how many times Rivero Mestre is bold enough to repeat it.[8] Ira Kleiman's January 26 filing never mentions the ownership of W&K at all, and thus cannot possibly be interpreted to disclaim the estate's ownership interest in the entity. *See* DE [918]. The statement plainly and expressly refers to David Kleiman's 50% ownership of a different entity, Coin-Exch.[9]

Likewise, Ira Kleiman **never** testified at trial that the estate held less than 100% ownership of W&K. The trial testimony cited by Wright and Rivero Mestre, DE [935], at 7–8, is <u>clearly</u> just

---

[7] The undersigned are reluctant to use the word "lie." However, this claim has now been made by the Wrights and Rivero Mestre on at least **five** occasions, many of which have come after Plaintiffs pointed out that what the Wrights are claiming is not true. Deliberately repeating something you know is not true is, alas, a "lie." "Lie," Dictionary.com, available at https://www.dictionary.com/browse/lie (defining "lie" to mean, among other things, "to speak falsely or utter untruth knowingly, as with intent to deceive").

[8] Notably, Wright's counsel also represents Ms. Ang in her efforts to seize control of W&K. Given Rivero Mestre's inherent conflict of interest between representing a judgment debtor (Wright) and supposed "owners" of their client's judgment creditor W&K (Ms. Ang and Ms. Wright), Rivero Mestre's temerity in moving to disqualify W&K's counsel is astonishing to say the least.

[9] Mr. Kleiman stated: "From the start of this case I believe there was one certainty that always existed, the indisputable fact that my brother's estate received 50% ownership **in a company called Coin-Exch**." DE [918], at 1 (emphasis added).

a reference to Ira having seen a document *that Wright created*, and produced in discovery, where *Wright* states he and Dave Kleiman were 50% owners of the entity. *See* DE [839], at 154–56. Ira was certainly not adopting the false representations in Wright's document. After all, everyone knows Wright was lying in that document as he swore he was never an owner of W&K and that he had no idea who owned W&K. DE [265], at 4–5.

Even more to the point, Ira's testimony was 100% correct. There *is* a document that Wright forged where he falsely wrote about a 50% ownership in W&K—it is one that Wright forged and submitted to the courts in Australia as part of his fraud to steal W&K's intellectual property (of course he also submitted documents that said Dave was the 100% owner of W&K). This was the Australian Court fraud story proven at trial, which undoubtedly contributed to the jury's finding that Wright had stolen W&K's intellectual property. DE [842], at 86:1–146:16.

### B. Wright and Rivero Mestre are also lying when they say this Court has never addressed the ownership of W&K.

Wright and Rivero Mestre are also lying about whether this Court has ever addressed the ownership of W&K. *E.g.*, DE [946], at 1–2. It has. Repeatedly.

In June 2018, Wright moved to dismiss the Estate and W&K's amended complaint, and argued that Ira Kleiman lacked authority to act on behalf of W&K. DE [33], at 15. The Court rejected that argument and denied Wright's motion. *Kleiman v. Wright*, 2018 WL 6812914, at *5-6 (S.D. Fla. Dec. 27, 2018).

In April 2019, Wright moved for judgment on the pleadings arguing the Court lacked diversity jurisdiction because W&K had foreign members that included his ex-wife, Lynn Wright (an Australian national).  DE [144]; *see also* MJOP Reply, DE [171] at 6-7.[10] The Court rejected

---

[10] It is worth noting that Wright submitted two exhibits in support of this motion that his counsel had to withdraw when the public exposed them as forgeries.

Wright's remaining evidence because it did "not demonstrate what ultimately occurred" with respect to the membership of W&K, and Defendant's "extremely speculative" interpretation was contradicted by the "first registration of W&K as a limited liability company in Florida," in which "Dave Kleiman listed himself as the 'mgrm,' the managing member." DE [265], at 9. The Court held that Wright had "utterly failed in his burden of production" to provide any credible evidence that demonstrated "additional membership in W&K other than Dave Kleiman." *Id.* at 10.

In May 2020, Wright moved for summary judgment, arguing yet again that Ira Kleiman "lacked authority" to file this action on behalf of W&K and that Wright's ex-wife Lynn was a member of W&K. DE [487], at 22–24.[11] The Court held there was no "basis to disturb its prior conclusion from the August 2019 Order that Defendant has failed to present credible evidence that Ms. Wright was a member of W&K," and similarly "reject[ed] Defendant's argument that Ira Kleiman lacked the authority to file this action on behalf of W&K." *Kleiman*, 2020 WL 5632654, at *18-19.

Thus, Wright's and Rivero Mestre's contention that the Court hasn't resolved this issue is a blatant misrepresentation that is unfortunately unsurprising. *See, e.g.,* DE [454] at 7 ("As an initial matter, Defendant mischaracterizes the record.") *Id.* at 15 ("Upon review, the Court finds that Defendant has mischaracterized the Discovery Order."); Id. at 17-18 ("Moreover, Defendant's contention that Judge Reinhart ignored his objection on this issue . . . is inaccurate."); DE [361], at 2 ("Defendant also argues that Plaintiffs simply do not want to pay the fees . . . even though plaintiffs represented . . . they would . . . This Court notes, however, that this position misrepresents the record in this case."); DE [615] at 91 ("Defendant has not presented record evidence supporting

---

[11] Notably, Ms. Wright has now filed a verified petition where she claims she did not obtain her current alleged ownership interest in W&K until July 2020 when Ms. Ang allegedly transferred it to her. In other words, even she rejects the factual assertion Wright made in his motion for summary judgment. The truth is, Ms. Wright was never an owner of W&K and is not one now.

this defense other than a mischaracterization of the SAC's allegation."); *Id.* at 63–64 ("In this regard, Defendant inaccurately maintains that Plaintiffs 'expressly alleged that this purported oral partnership was intended to last three years' . . . The Complaint makes no such allegation.")

### C. Judge Reinhart was correct to presume that W&K's attorneys were authorized to file the motion to compel.

Judge Reinhart correctly observed that Wright "cites no legal authority for the principle that a court should look behind a pleading to see if the client authorized it." DE [939], at 3. He also correctly observed that courts "presume that when a lawyer files and signs a pleading, they have the authority to do so." *Id.* (citing Fed. R. Civ. P. 11(b); Fla. R. Prof. Cond. 4-1.2, 4-1.4). Indeed, on appeal, *even Wright* acknowledges the existence of this presumption. DE [946], at 6 ("That [presumption] is true enough in the ordinary case.").

None of the case law cited by Wright (for the first time on appeal)[12] suggests that this presumption was not appropriate here, and Wright has come forward with nothing to indicate that Judge Reinhart's reliance on such a fundamental presumption could ever be <u>clear error</u>.

In *Thornton v. Hosp. Mgmt. Assocs., Inc.*, 787 F. App'x 634, 637 (11th Cir. 2019), the Eleventh Circuit <u>denied</u> a motion to "correct the record" because counsel of record was "presumed to be [the company's] attorney." It did not remotely suggest that an evidentiary hearing was <u>required</u> after an unsubstantiated claim that some filing was unauthorized. Similarly, the case cited by Wright for the proposition that the presumption falls away, in fact says nothing about the presumption at all. *See Sec. & Exch. Comm'n v. Lauer*, No. 03-80612-CIV, 2015 WL 11005004 (S.D. Fla. Nov. 25, 2015). It simply refers to an earlier order in which the Court held that two individuals were not authorized to file on behalf of a company. *Id.* at *2 n.4.

---

[12] *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge").

In fact, all the cases cited by Wright are conspicuously silent on the operation of the presumption that counsel is authorized to act, and none of them indicate a court is required to hold an evidentiary hearing. *E.g., Mathews v. Mathews*, 222 S.E.2d 609, 613–14 (Ga. Ct. App. 1st Div. 1975) (simply holding a party's attorney had no standing to move to protect interests of another party they did not represent, which ironically is exactly what Wright is trying to do here).

And significantly, none of the cases cited were challenges to post-judgment execution efforts, but instead involve affirmative defenses raised in pre-trial motions. *See Ramb v. Paramatma*, 2021 WL 5033472, at *3-4 (N.D. Ga. Mar. 31, 2021) (requiring parties to address ownership dispute through normal discovery and trial); *Amerair Indus. of Delaware, LLC v. Indus. Accessories Co.*, 2020 WL 13442117, at *2-3 (N.D. Ga. Dec. 10, 2020) (denying motion to dismiss and stating that "[i]f the evidence collected in discovery shows otherwise, Defendants may reassert this argument at an **appropriate** time") (emphasis added); *Denim N. Am. Holdings, LLC v. Swift Textiles*, LLC, 2011 WL 97238 (M.D. Ga. Jan. 12, 2011) (involving motion for remand to state court); *In re Wedgewood Golf Assocs.*, Ltd., 90 B.R. 510 (Bankr. M.D. Fla. 1988) (involving motion to dismiss); *Matter of Davenport*, 29 B.R. 137 (Bankr. M.D. Fla. 1983) (same).

This is also common sense. A presumption that W&K's counsel of record for more than five years are, in fact, W&K's counsel and authorized to act on its behalf, can hardly be in error, much less a <u>clear</u> error.

> **D. Wright's disqualification arguments have been rejected by Judge Reinhart, make no sense, and are irrelevant to the motion to compel completion of Form 1.977**

Wright devotes a significant portion of his appeal to a discussion of his motion to disqualify W&K's longstanding counsel for a purported conflict of interest. Since the filing of this appeal, Judge Reinhart denied Wright's disqualification motions. DE [951].

Even setting that aside, the disqualification issue is irrelevant here. In fact, Wright appears to admit as much. DE [946], at 4 n.4 ("Judge Reinhart also set a schedule for briefing on Dr. Wright's motion to disqualify Boies Schiller, which is not relevant here."). Wright's entire disqualification theory, in any event, makes no sense. It is premised on the notion that W&K's counsel has a conflict because they also represented an individual that did not like Wright. Unsurprisingly, three courts—including Judge Reinhart and the Eleventh Circuit—have had no difficulty rejecting these arguments. DE [945], at 8–9.

## II.   WRIGHT'S MOTION TO STAY SHOULD BE DENIED

### A.  Wright never challenged the judgment or offered to post a supersedeas bond for the full amount of the uncontested judgment against him.

Normally, to stay a judgment, a defendant must both (1) challenge it, and (2) post a bond in the full amount of the judgment.  Fed. R. Civ. P. 62.  Wright has not done either, yet the motion to "stay" Judge Reinhart's order amounts to a stay of execution of the judgment against him.  This attempt to end-run the federal rules is wholly improper and should be rejected.

Wright's appeal of the order is an improper Rule 60(b) motion because it asks the Court to reverse prior rulings about W&K's ownership that have now merged into a final judgment.  *In re Yulin Ma*, 346 F. App'x 436, 438–39 (11th Cir. 2009) ("Post-judgment motions filed more than ten days after the judgment may be construed as filed under Fed.R.Civ.P. 60(b).").

Accordingly, whether Wright can stay execution of the judgment is governed by Federal Rule of Civil Procedure 62(b).  *See Shipley v. Hypercom Corp.*, No. 1:09-CV-0265-RGV, 2012 WL 12874267, at *2 (N.D. Ga. Jan. 25, 2012) ("Rule 62(b) of the Federal Rules of Civil Procedure provides that '[o]n appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or any proceedings to enforce it—pending disposition' of post-judgment motions under Rules 50, 52(b), 59 and 60.").

"In this District, and unless the Court orders to the contrary, the standard security necessary to stay execution of a Judgment is a supersedeas bond in the amount of 110% of the Judgment amount." *Slip N' Slide Recs., Inc. v. TVT Recs.*, LLC, No. 05-21113 CIV, 2007 WL 1098751, at *1–2 (S.D. Fla. Apr. 8, 2007) (citing S.D. Fla. Local R. 62.1). "Rule 62, taken in its entirety, indicates a policy against any unsecured stay of execution after the expiration of the time for filing a motion for a new trial." *Id.* at *2 (quoting *Int'l Wood Processors v. Power Dry, Inc*., 102 F.R.D. 212, 214 (D.S.C. 1984)).

"The burden is on the party requesting a stay to demonstrate why a bond should not be required under Rule 62(b)." *Cont'l Cas. Co. v. First Fin. Emp. Leasing*, No. 8:08-CV-2372-T-27GW, 2010 WL 5421337, at *1 (M.D. Fla. Dec. 27, 2010). A "defendant must especially show that, in the absence of standard security, plaintiff will be properly secured against the risk that the defendant will be less able to satisfy the judgment subsequent to disposition of the post-trial motions." *Slip N' Slide*, 2007 WL 1098751, at *1–2. "Thus, if a Court finds that the defendant's ability to satisfy its obligations, now or in the future, is uncertain then it is not appropriate to stay execution of a judgment under Rule 62(b)." *Id.*

In other words, an unsecured stay is generally only appropriate when "the debtor's 'ability to pay the judgment is so plain that the cost of the bond would be a waste of money.'" *Procaps S.A. v. Patheon Inc.*, No. 12-24356-CIV, 2017 WL 11558275, at *1–2 (S.D. Fla. Nov. 3, 2017) (quoting *SunTrust Bank v. Ruiz*, No 14-21107, 2015 WL 11216712, at *2 (S.D. Fla. Aug. 16, 2015)).

Here, Wright has not even attempted to meet his burden of showing that an unsecured stay of the judgment would be appropriate. Indeed, his refusal to complete Form 1.977 is yet another example of a long history of attempts to obfuscate his assets, and all but renders it impossible to

even begin to evaluate his ability to satisfy the judgment, or whether he is less likely to be able to satisfy it at a later point in time.  Additionally, his recent gambit to put his wife and ex-wife in control of W&K displays a rare determination to avoid paying the judgment that counsels against any unsecured stay.  *See Procaps*, 2017 WL 11558275, at *2 (denying motion for unsecured stay where Defendant had "not shown that it is 'plain' that it will pay the judgment because [it] already said it will not pay it").

The Court should deny Wright's motion for an unsecured stay accordingly.

### B.  Wright has not made the requisite showing for a stay

"A party seeking a stay pending appeal must show (1) likelihood of success on the merits of the appeal, (2) irreparable injury to the appellant absent a stay, (3) lack of substantial prejudice to the appellee, and (4) the stay would serve the public interest."  *Sec. & Exch. Comm'n v. Nat. Diamonds Inv. Co*., 493 F. Supp. 3d 1260, 1262–63 (S.D. Fla. 2020) (Reinhart, J.).  "A stay will be denied if the party fails to establish any of these factors."  *Id.*  "These are difficult hurdles to clear, and federal courts often deny motions to stay a magistrate judge's discovery orders." *Montgomery v. Risen*, No. 15-20782-CIV, 2015 WL 5167628, at *2 (S.D. Fla. Sept. 3, 2015).

#### i.  Wright has not demonstrated a likelihood of success

For the same reasons outlined above in Part I, Wright cannot demonstrate a likelihood of success on the merits.  Wright's appeal merely "invok[es] similar arguments raised – and disposed of – in previous petitions to this Court," which "is insufficient to satisfy" his burden.  *Stansell v. Revolutionary Armed Forces of Colombia*, No. 19-20896-CV, 2019 WL 11638923, at *1 (S.D. Fla. Apr. 15, 2019).

Because Wright's appeal depends on the false premise that Ira disclaimed the Estate's ownership of W&K, "there is no likelihood of success on the merits of the appeal."  *Nat. Diamonds Inv. Co.*, 493 F. Supp. 3d at 1263.  Moreover, an assumption that W&K's counsel of record for

more than five years are, in fact, W&K's counsel, can hardly be in error, much less a <u>clear</u> error. *Id.* (denying motion to stay because movant had not shown clear error).

ii.   <u>There is no risk of irreparable harm</u>

Wright also cannot demonstrate any risk of irreparable harm.

First, there is no dispute that Wright owes the money to W&K. No matter who owns W&K, it remains entitled to execute that judgment and to receive a completed Form 1.977 from Judgment Debtor Wright.  Not even the counsel retained by Wright's wife and ex-wife to co-opt W&K has sought to withdraw the motion to compel completion of the form.  Because the judgment is not in dispute—by anyone—Wright will never be able to avoid completion of the Form, and thus cannot be "harmed" by being compelled to do so now.  *See Colvistec AG v. Equitech Int'l Corp*, No. 2:18-CV-783 (FTM), 2020 WL 13595110, at *1–2 (M.D. Fla. Mar. 26, 2020) (denying motion to stay where "Defendants concede[d] Plaintiff is entitled to be paid the full amount of the judgment plus interest").[13]

iii.   <u>W&K would be harmed by a stay of discovery</u>

A stay of discovery would harm W&K by delaying its ability to execute its judgment. "Quite simply, justice delayed is justice denied."  *United States v. Swissco Properties Within S. Dist. of Fla.*, 821 F. Supp. 1472, 1475 (S.D. Fla. 1993) (denying stay of discovery).  Because Wright "has failed to make the requisite showing of either a substantial likelihood of success or irreparable injury," W&K "should not be forced to wait" any longer than necessary.  *In re Freedom Unlimited*, 489 F. Supp. 3d 1328, 1339 (S.D. Fla. 2020) ("Note, in this respect, the well-accepted apothegm: *in diem vivere in lege sunt detestabilis* (delays in the law are hateful).").

---

[13] Also, there is a protective order in place and Wright has not offered any reason to believe W&K's counsel has ever purposely violated it or otherwise abused the discovery process despite the extensive exchange of confidential information over the five-year lifespan of this case.

13

Wright's attempt to downplay his request as for a "short stay" is irrelevant.[14]  Rule 62 and the standard for an unsecured stay "applies even when a party seeks a temporary stay." *Procaps*, 2017 WL 11558275, at *3 (holding defendant "has not established a sufficient basis to justify a stay, even if it were to be temporary (which it might not be), and the Court therefore denies the motion.").

> iv.   A stay would not serve the public interest

The judgment against Wright was entered after a jury found him liable for stealing W&K's assets for himself.  The public interest is best served by forcing Wright to satisfy the judgment and depriving him of resources he could otherwise use to further other frauds and wrongdoing. Moreover, empowering a serial forger and perjurer like Wright to continue to evade the judgment against him can only undermine public confidence in the judicial system and its ability to protect itself.  A litigant who has displayed such naked contempt for the courts and the rule of law should not be afforded special treatment.  Entertaining this appeal and motion will only embolden other bad actors to defraud the courts by attempting to be on both sides of a litigation.

## CONCLUSION

For these reasons, W&K respectfully requests the Court deny Wright's appeal and motion to stay and order Wright to fill out the compelled Form 1.977 by April 1, 2023 and award W&K the fees associated with having to litigate this motion in accordance with Fed. R. Civ. Pro. 37(a)(5) ("If the motion is granted . . . the court **must** . . . require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees") (emphasis added).

---

[14] Not to mention ironic given that one of the reasons he sought to disqualify W&K's counsel was that they did not act quickly enough to seek to enforce the judgment against him and compel him to complete Form 1.977.  DE [929], at 4, 6, 9.

14

Dated:  March 22, 2023

Respectfully submitted,

By: */s/ Velvel Devin Freedman*

Velvel (Devin) Freedman, Esq.
FREEDMAN NORMAND FRIEDLAND LLP
1 SE 3rd Ave., Suite 1240
Miami, Florida 33131
vel@fnf.law

Joseph Delich
Stephen Lagos
FREEDMAN NORMAND FRIEDLAND LLP
99 Park Avenue, Suite 1910
New York, New York 10016
jdelich@fnf.law
slagos@fnf.law

Andrew S. Brenner, Esq.
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

*Actual counsel to Plaintiffs Ira Kleiman as*
*Personal Representative of the Estate of*
*David Kleiman and W&K Info Defense*
*Research, LLC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 22, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Velvel (Devin) Freedman*
VELVEL (DEVIN) FREEDMAN