UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-80176-BLOOM/Reinhart

IRA KLEIMAN and
W&K INFO DEFENSE, LLC.,

 Plaintiffs,
v.

CRAIG WRIGHT,

 Defendant.
_____/

## OMNIBUS ORDER AFFIRMING ORDER TO COMPEL

**THIS CAUSE** is before the Court upon Defendant Craig Wright's ("Dr. Wright") Appeal of Order on Motion to Compel, ECF No. [946] ("Objections"), filed on March 15, 2023, and Dr. Wright's Motion to Stay Pending Appeal, ECF No. [947] ("Motion to Stay"), also filed on March 15, 2023. Plaintiff W&K Info Defense Research, LLC ("W&K") filed a Consolidated Response in Opposition. ECF No. [952]. The Court has carefully reviewed the Objection, the Motion to Stay, the Consolidated Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Objection is overruled and the Motion to Stay is denied as moot.

 **I. BACKGROUND**

W&K holds a final judgment against Dr. Wright for $143,132,492.48, plus post-judgment interest. ECF No. [889]. On January 6, 2023, W&K filed a Motion to Compel requesting an order requiring Dr. Wright to complete Form 1.977 of the Florida Rules of Civil Procedure, to aid W&K in its effort to collect from Dr. Wright. ECF No. [903].

Dr. Wright filed a Response in Opposition. ECF No. [915]. In essence, Dr. Wright presented two arguments: (1) a "motion to compel cannot be filed regarding an act a court hasn't ordered performed," and (2) the counsel who signed the Motion to Compel lacks the legal authority to represent W&K, because, according to Dr. Wright, that counsel was not hired by W&K's majority owner. *Id.* The Court referred W&K's Motion to Compel to Magistrate Judge Bruce E. Reinhart. ECF No. [923].

On March 1, 2023, Judge Reinhart granted W&K's Motion to Compel. ECF No. [939]. Judge Reinhart rejected Dr. Wright's first argument as "at best, a frivolous exercise in meaningless semantics."[1] ECF No. [939] at 2. As for Dr. Wright's second argument, Judge Reinhart reasoned that courts generally "presume that when a lawyer files and signs a pleading, they have the authority to do so." *Id.* at 3. Judge Reinhart additionally concluded that Dr. Wright failed to show why he has an interest in a dispute over the legitimacy of an opposing party's counsel, particularly "where the client (W&K) is unquestionably entitled to the relief that is being requested." *Id*. Finding no "legal reason" to deny W&K's Motion to Compel, Judge Reinhart granted it and ordered W&K to complete the Fact Information Sheet Form 1.977 no later than April 1, 2023. *Id.* at 4-5.

On March 15, 2023, Dr. Wright filed his Objections. ECF No. [946]. Therein, he argues that Judge Reinhart erred in presuming that the counsel who has represented W&K for the past five years is legitimate. ECF No. [946] at 6-10. In Response, W&K sets forth the history of Dr. Wright's inconsistent statements concerning the ownership of W&K and this Court's consistent rejections of previous iterations of his ownership arguments. *See generally* ECF No. [952]. W&K

---

[1] Dr. Wright has apparently abandoned this argument on appeal. *See generally* Objections, ECF No. [946].

requests an award of fees under Federal Rule of Civil Procedure 37(a)(5) for having to litigate this issue.

## II. LEGAL STANDARD

The Court reviews the Magistrate Judge's non-dispositive rulings according to the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); S.D. Fla. Magistrate Judge Rule 4(a)(1). The "clearly erroneous or contrary to law" standard of review is "extremely deferential." *Pigott v. Sanibel Dev., LLC*, No. 07-cv-0083, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (quotation marks omitted). Relief is appropriate under the "clearly erroneous" prong only if the district court "finds that the Magistrate Judge abused h[er] discretion or, if after viewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made." *Id*. (quotation marks omitted); *see also Dees v. Hyundai Motor Mfg. Ala., LLC*, 524 F. Supp. 2d 1348, 1350 (M.D. Ala. 2007) ("in the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge"). Concerning the "contrary to law" prong, "[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id*. (*quoting S.E.C. v. Cobalt Multifamily Investors I, Inc.*, 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008)).

## III. DISCUSSION

Dr. Wright raises a single specific objection to Judge Reinhart's Order. He argues that Judge Reinhart erred in presuming that the lawyers who filed the Motion to Compel have the legal authority to represent W&K. *See generally* ECF No. [946]. According to Dr. Wright: "Once challenged – as it has been here – the presumption of an attorney's authority falls away, and the attorney is without power to seek relief on behalf of the party." *Id*. at 6.

Dr. Wright is incorrect. The mere filing of a motion to disqualify counsel does not automatically divest opposing counsel of the authority to represent his client. Were that so, defendants in any case could indefinitely delay proceedings by repeatedly filing such motions. "[W]here an attorney appears in an action for one of the parties, he is presumed to be authorized to act; his appearance will bind the party *until it is proven that the attorney lacked authority*." *Thornton v. Hospitality Mgmt. Assocs., Inc.*, 787 F. App'x 634, 637 (11th Cir. 2019) (emphasis added; citation omitted). Dr. Wright has by no means *proven* that W&K's counsel lacks authority to represent it. Rather, Dr. Wright has proposed a new theory as to W&K's ownership – a theory that is inconsistent with his previous arguments in this case, which the Court consistently rejected. *See, e.g.*, Order, ECF No. [265] at 4-5 (describing Dr. Wright's previous inconsistent statements regarding the ownership of W&K).

The purpose of the underlying Motion to Compel is to force Dr. Wright to file Form 1.977, so that W&K can properly begin to collect its $143,132,492.48 judgment against Dr. Wright. ECF No. [903]. As Judge Reinhart correctly noted, Florida Rule of Civil Procedure 1.560 *requires* the Court to grant W&K's Motion to Compel in these circumstances.[2] ECF No. [939] at 2. It was filed by the same lawyers who have represented W&K for the past five years, including at trial, and recovered the judgment in W&K's favor. The authorities cited by Dr. Wright fail to support the proposition that Judge Reinhart was required to hold an evidentiary hearing before ruling on the Motion to Compel. *See generally* ECF No. [946].

---

[2] Rule 1.560, Discovery in Aid of Execution, provides: "(b**) Fact Information Sheet**. In addition to any other discovery available to a judgment creditor under this rule, the court, at the request of the judgment creditor, *shall* order the judgment debtor or debtors to complete form 1.977, including all required attachments, within 45 days of the order or such other reasonable time as determined by the court. Failure to obey the order may be considered contempt of court." (emphasis added).

Accordingly, Dr. Wright has failed to establish that the Magistrate Judge's ruling was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); S.D. Fla. Magistrate Judge Rule 4(a)(1). As such, his Objections are overruled.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Dr. Wright's Objections, **ECF No. [946]**, are **OVERRULED**, and Judge Reinhart's Order on W&K's Motion to Compel, **ECF No. [939]**, is **AFFIRMED**.

2. Dr. Wright shall **COMPLY** with Judge Reinhart's Order, **ECF No [939]**, which requires Dr. Wright to complete Form 1.977 no later than April 1, 2023. However, given that April 1 falls on a Saturday, Dr. Wright has until the next business day, **April 3, 2023**, to complete the Form.

3. Failure to complete Form 1.977 by April 3, 2023 will result in Dr. Wright being held in contempt.

4. Dr. Wright may file a Response to W&K's request for fees pursuant to Rule 37(a)(5) **no later than April 10**. W&K may file a Reply within 7 days after the filing of Dr. Wright's Response.

5. The Court **REFERS** W&K's request for fees under Rule 37(a)(5) to Magistrate Judge Reinhart.

6. Dr. Wright's Motion to Stay, **ECF No. [947]**, is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 27, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record