UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>    Plaintiffs,<br><br>v.<br><br>CRAIG WRIGHT<br><br>    Defendant. | CASE NO.: 9:18-cv-80176-BB/BER |

**PLAINTIFF W&K INFO DEFENSE RESEARCH, LLC'S APPEAL OF ORDER DENYING MOTION TO STRIKE PAUL C. HUCK, JR.'S NOTICE OF APPEARANCE**

Plaintiff W&K Info Defense Research, LLC ("W&K"), pursuant to Rule 4 of the Magistrate Judge Rules for the United States District Court for the Southern District of Florida, respectfully submits this appeal from Magistrate Judge Reinhart's Order Denying [ECF No. 950] W&K's Motion to Strike Paul C. Huck, Jr.'s Notice of Appearance [ECF No. 931] (the "Motion to Strike").

## INTRODUCTION

As always, context matters. That is particularly true here, where a presumption of normalcy is being affixed to actions that are anything but.

W&K is a plaintiff in this matter. Since the inception of this litigation several years ago, it has been represented by Boies Schiller Flexner LLP ("BSF") and later with co-counsel Freedman Normand Friedland LLP ("FNF"). Also, at all times, Ira Kleiman has acted as the representative of W&K.

The Court devoted significant resources to this litigation, culminating in a jury trial that lasted approximately one month. Throughout the litigation, Defendant Wright repeatedly

challenged Ira Kleiman's ownership and control of W&K on shifting theories, which this Court rejected every time. As a result of the trial, W&K obtained a judgment against Wright for $143 million.

Now, Judgment Debtor Wright has enlisted the services of his wife (Ramona Ang) and ex-wife (Lynn Wright) to claim that they are, after all, the actual owners of W&K. In sum, ignoring this Court's prior findings that Ira Kleiman has authority to control W&K, Wright (through his extended family) is attempting to seize control of W&K in this case so they can release the judgment against him. As could be expected, Ms. Ang and Ms. Wright (in their newly claimed role as "owners" of W&K) promptly purported to discharge BSF and FNF and hire Mr. Huck to represent W&K *in this case*. Mr. Huck thereafter filed his Notice of Appearance *in this case*. It is undisputed that he has never met with or spoken to Ira Kleiman. It is equally undisputed that Ira Kleiman never retained Mr. Huck to represent W&K, nor authorized him to appear on its behalf in this case.

Faced with the prospect of an unauthorized attorney acting on its behalf, W&K moved to strike Mr. Huck's appearance. Yet, Mr. Huck opposed the motion. But he did not do so in his personal capacity. He purported to do so *on behalf of W&K*. See ECF No. 937. **As a result, the Court was faced with a Motion filed by W&K and opposed by W&K**. Faced with this dilemma, Judge Reinhart unfortunately concluded that the Court lacked jurisdiction and therefore was powerless to resolve this untenable inconsistency. As detailed below, his Order cannot be upheld because it invites anarchy into the federal courts, is contrary to law, and is based on clear legal error.

*First,* the Order erred by concluding that this Court does not have jurisdiction to resolve the merits of the Motion to Strike brought by W&K through its existing counsel BSF and FNF. Mr. Huck, by way of his voluntary, recent appearance in this action purportedly to represent W&K in post-judgment proceedings—which purportedly was authorized by Wright's wife, Ms. Ang (who, incredibly, is represented by Wright's counsel in these proceedings, Rivero Mestre LLP) and ex-wife, Ms. Wright—has submitted to the jurisdiction of the Court to determine whether his

appearance was proper. The Order's conclusion that jurisdiction did not exist was based on the erroneous premise that the Court needed to enter a declaratory judgment concerning the ownership of W&K to resolve the Motion to Strike. The Motion to Strike, however, does not seek a declaratory judgment about "who has authority to manage W&K's affairs" [ECF No. 950 at 3] *in general*; rather, the narrow inquiry raised by the Motion to Strike is whether Mr. Huck should be permitted to appear and act as counsel on behalf of W&K *in this case* given the Court's prior rulings concerning the ownership of W&K, which this Court again recently declined to disturb. *See* ECF No. 953 at 4. The Order further errs by failing to appreciate that given this Court's prior rulings, the Court necessarily already exercised jurisdiction over the question of W&K's ownership, which does not simply fall away now that Wright "proposed a new theory as to W&K's ownership" (*id.* at 4) and enlisted the assistance of his wife and ex-wife in attempting to relitigate the issue.

*Second*, by abstaining from ruling on the merits of the Motion to Strike on jurisdictional grounds, the Order runs contrary to century-old Supreme Court precedent that federal courts *always* have the power to inquire of and control which counsel may appear before them. The issue thus is not one concerning subject matter jurisdiction, but rather the Court's inherent authority to manage and administer proceedings before it, including the counsel appearing before it. Given the sordid history of Wright's conduct in this case, this Court's authority to control its docket and protect W&K's judgment from a fraudulent release orchestrated by W&K's judgment-debtor is at its zenith.

*Finally*, by declining to address the merits of the Motion to Strike, the Order leaves this matter in an untenable position with respect to case management, as the Court is now faced with the prospect of a party being represented by two sets of counsel who already have taken diametrically opposed positions on issues in this case. It cannot be, particularly under the exceptional circumstances of this case, that the Court is powerless to adjudicate whether counsel who purports to appear on behalf of a represented party is in fact authorized to do so. The chaos that would ensue if courts allowed companies, like W&K here, to have two sets of attorneys who

3

are not co-counsel but instead simultaneously advocate+ entirely different positions, so severely challenges the proper administration of justice to render the Order clearly erroneous and contrary to law.

Accordingly, this Court should reverse Judge Reinhart's Order denying W&K's Motion to Strike.

**MEMORANDUM OF LAW**

**I.     The Court Has the Power To Control Who Appears Before It.**

The Order erred in its conclusion that the Court did not "have the power to adjudicate" the Motion to Strike given the stage of the proceedings. ECF No. 950 at 4. To the contrary, "the trial court . . . has power, ***at any stage of the case***, to require an attorney, one of its officers, to show his authority to appear." *Pueblo of Santa Rosa v. Fall*, 273 U.S. 315, 319 (1927) (emphasis added); *In re W.A.R. LLP*, 11-00044, 2012 WL 3023431, at *1 (Bankr. D.D.C. July 24, 2012) ("question of authority of an attorney to represent a party can be raised at any juncture"). This long-standing power afforded trial courts includes the authority "to determine who shall practice before them and to monitor the conduct of those who do." *Robinson v. Boeing Co*., 79 F.3d 1053, 1055 (11th Cir. 1996) (citing *United States v. Dinitz*, 538 F.2d 1214, 1219 (5th Cir. 1976)).[1] As stated by the Supreme Court:

> It would be strange, if a court whose duty it is to superintend the conduct of its officers, should not have the power to inquire by what authority an attorney of that court undertakes to sue or to defend, in the name of another-whether that other is a real or fictitious person, and whether its process is used for the purpose of vexation or fraud, instead of that for which alone it is intended. The only question can be, as to the time and manner of calling for the authority, and as to the remedy, which are in the discretion of the court, and ought to be adapted to the case.

*Pueblo of Santa Rosa*, 273 U.S. at 319 (internal citations omitted). The sordid history of Wright's

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

and his enablers' conduct throughout this case, particularly with respect to the ownership of W&K, coupled with the fortuitous timing and undeniable fraudulent motives behind Mr. Huck's purported appearance on behalf of W&K, who has been represented by BSF and FNF in this case for the past five years since its inception through trial, certainly warrants relief under the principles of *Pueblo of Santa Rosa*.

To the extent any presumption of authority could even exist under these circumstances, the Court's prior rulings on the ownership of W&K [ECF Nos. 265, 615] and Ira Kleiman's express disavowal of hiring Mr. Huck [ECF No. 919] are sufficient to rebut that presumption. *See Maiz v. Virani*, 311 F.3d 334, 341 (5th Cir. 2002) ("[A]n attorney does not have the authority to act on behalf of the purported client if the purported client did not hire the attorney to represent him."). Indeed, given that Ms. Ang's and Ms. Wright's purported direction to W&K to hire Mr. Huck is based on the same non-existent authority they relied on purportedly to discharge BSF and FNF, the Court necessarily rejected the existence of any such authority in affirming Judge Reinhart's Order Granting W&K's Motion to Compel Completion of Form 1.977. *See* ECF No. 953 at 4 ("Dr. Wright has by no means *proven* that W&K's counsel lacks authority to represent it. Rather, Dr. Wright has proposed a new theory as to W&K's ownership – a theory that is inconsistent with his previous arguments in this case, which the Court consistently rejected."). Given the Court's finding that Ms. Ang and Ms. Wright had no authority to *discharge* counsel for W&K, the Court does not have to accept blindly the fiction (and a fraudulent one at that) that Ms. Ang and Ms. Wright have the authority to *hire* Mr. Huck as new counsel for W&K. As the record stands, no one other than Ira Kleiman, and certainly not Ms. Ang or Ms. Wright, has the authority to act on behalf of W&K in this case. Thus, unless and until the Court rules otherwise, it should find that Mr. Huck was not authorized to appear on behalf of W&K.

The demonstrated fraudulent provenance and purpose behind Ms. Ang's and Ms. Wright's purported authorization for Mr. Huck to appear on behalf of W&K provide ample grounds for the Court to fashion the appropriate "remedy" and strike Mr. Huck's notice of appearance. *See Pueblo of Santa Rosa*, 273 U.S. at 319.[2]  At a minimum, to avoid the untenable situation where multiple counsel file conflicting pleadings on behalf of W&K, the Court should prohibit Mr. Huck from making any further filings in this case that purport to be on behalf of W&K. *See e.g., Powerlock Sys., Inc. v. Duo-Lok, Inc.,* 56 F.R.D. 50, 52 (E.D. Wis. 1972) ("Until the matter of representation is resolved, the court must decline to accept separate pleadings or other submissions from Baseman's newly retained counsel."). W&K will not be harmed if the Court maintains the status quo with respect to allowing the counsel who has represented W&K since the inception of this case (BSF and FNF) be deemed sole counsel for W&K to continue to act on its behalf in this case.

## II. The Court Has Subject Matter and Supplemental Jurisdiction To Decide the Motion To Strike.

The decision to abstain from ruling on the merits of the Motion to Strike due to concerns regarding the existence of subject matter jurisdiction were based on the erroneous premise that the Motion to Strike sought a "declaratory judgment." *See* ECF No. 950 at 3.  The Motion to Strike did not seek a declaratory judgment concerning the ownership of W&K.  Indeed, there would be no reason to seek such a ruling given this Court's repeated prior rulings on the issue.  *See* ECF

---

[2] It also is not clear that Mr. Huck's Notice of Appearance on behalf of W&K, who was already represented by counsel, complied with Local Rule 11.1 given that Mr. Huck did not move to substitute BSF and FNF as counsel for W&K.  *See* L.R. 11.1(d)(4) ("Whenever a party has appeared by attorney, the party cannot thereafter appear or act on the party's own behalf in the action or proceeding, or take any step therein, unless an order of substitution shall first have been made by the Court"); *see also* L.R. 7.1(a)(1)(F) (governing motions for substitution).  Moreover, given that Mr. Huck is by proxy representing the interests of Ms. Ang and Ms. Wright, he should have filed a Notice of Appearance or moved to intervene on *their* behalf, rather than attempt to hijack the representation of W&K from its existing counsel who has represented W&K for this entire case.  Respectfully, Mr. Huck's improper appearance warrants an order to show cause and hearing as to why sanctions should not be awarded in addition to striking Mr. Huck's appearance.

6

Nos. 265, 615.  Further, after the Order on the Motion to Strike was entered, this Court entered an Order affirming the granting of a motion to compel Wright to comply with W&K's judgment collection efforts.  *See* ECF No. 953 at 4 ("Dr. Wright has proposed a new theory as to W&K's ownership – a theory that is inconsistent with his previous arguments in this case, which the Court consistently rejected.").

Given this Court's repeated rulings on the ownership of W&K, often prompted by Wright's shifting and inconsistent claims and theories regarding the same, there can be no question that this matter is within the Court's subject matter jurisdiction.  The Court needed only to review and enforce the undisturbed and unappealed orders from this Court's prior rulings in the record in this case, which indisputably establish that neither Ms. Ang nor Ms. Wright are authorized to retain Mr. Huck to appear in *this* case on behalf of W&K.  *See* Mot. to Strike [ECF No. 931 at 12-15].

Even if the Motion to Strike could be viewed as somehow raising an independent dispute requiring Article III scrutiny, jurisdiction plainly still exists to reach the merits of the Motion to Strike.  As an initial matter, the Order on the Motion to Strike adopted too narrow of a view of subject matter jurisdiction, which failed to appreciate that "a district court acquires jurisdiction of a case or controversy as an entirety."  *Grimes v. Chrysler Motors Corp.*, 565 F.2d 841, 844 (2d Cir. 1977); *Gregory-Rogers v. McElroy*, 2:18-CV-01377-KOB, 2019 WL 11542328, at *2 (N.D. Ala. Jan. 10, 2019) ("Subject matter jurisdiction deals with jurisdiction over the entire case, not as to certain parties").  Given the Order's recognition that subject matter jurisdiction exists with respect to the ongoing post-judgment collection proceedings, there was no basis to find an absence of jurisdiction to decide the Motion to Strike in the context of such post-judgment collection proceedings.  *See* ECF No. 950 at 3 (recognizing that "subject matter jurisdiction" exists for "post-judgment collection proceedings").  This is particularly true given that the Motion to Strike raises as a central issue that the primary motive behind Mr. Huck's unauthorized appearance is to frustrate and prevent W&K's ability to collect its judgment against Wright.  ECF No. 931 at 1-2.

Further, by voluntarily filing his Notice of Appearance [ECF No. 917] shortly after W&K commenced post-judgment collection proceedings [ECF No. 903], the Court necessarily possessed

7

supplemental jurisdiction to determine whether Mr. Huck was authorized to appear for W&K during such judgment enforcement proceedings. *See e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379–80 (1994) ("Generally speaking, we have asserted ancillary jurisdiction (in the very broad sense in which that term is sometimes used) for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent, . . . and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees"). To that end, the Order was erroneous in concluding that the Motion to Strike "does not arise from the same common nucleus of fact" as the underlying action given that the issue of "who controls W&K" [ECF No. 950 at 6] was extensively litigated in this proceeding, including repeated unsuccessful attempts by Wright to dismiss this action on the grounds that Ira Kleiman did not have authority to act on behalf of W&K. *See* ECF No. 931 at 3-7 (detailing the extensive litigation relating to the ownership of W&K).

In addition, given that all of the relevant factors weigh substantially in favor of exercising supplemental jurisdiction, the denial of same amounts to an abuse of discretion. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) ("a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity."). Judicial economy, not to mention the doctrines of judicial and equitable estoppel, is not served by allowing Wright and his enablers to repeatedly relitigate the issue of W&K's ownership. Similarly, it is offensive to all notions of fairness to allow unauthorized counsel to purport to appear on behalf of a party post-jury verdict and judgment, where the purpose for counsel's unauthorized appearance is to frustrate its own purported client's enforcement and collection of its judgment. While the Order appears to predict that "the Court's continuing role in this litigation [will be] limited" [ECF No. 950 at 7], there is nothing in the history of this case to suggest that to be true. In fact, it is more likely that Wright and his enablers will make additional unauthorized filings on behalf of W&K and be emboldened by the decision

not to strike Mr. Huck's appearance. Indeed, that has already been the case. *See, e.g.*, https://twitter.com/CalvinAyre/status/1638917510442409984 (Wright's financial backer Calvin Ayre tweeting article by his "news" website questioning W&K's ownership after Judge Reinhart's Order, and stating Ira "will be lucky to stay out of jail for fraud now") (last accessed April 3, 2023).

Lastly, the Order declines to exercise supplement jurisdiction. As set forth above, it is not necessary to reach that issue since the Court's authority over Mr. Huck's appearance is firmly established. Regardless, the Order ignores this Court *already held* it would exercise supplemental jurisdiction under similar circumstances. ECF No. 615 at 35 ("The Court, accordingly, concludes that subject matter jurisdiction is not lacking [over the issue of W&K's ownership and Ira's authority to file and prosecute this action]. But even if diversity jurisdiction was potentially insufficient, the Court agrees with Plaintiffs that the exercise of supplemental jurisdiction would be appropriate.")

### III. It Is Untenable To Allow W&K To Be Represented By Competing Counsel.

As a practical matter, the current situation whereby W&K is represented by two sets of competing counsel, who both ostensibly have license to submit filings on behalf of W&K, is completely untenable and requires Court intervention. The chaos that will ensue does not need to be imagined as it is already evident from the filings made by Mr. Huck, which purport to be on behalf of W&K.

For example, other than his Notice of Appearance, Mr. Huck has filed one pleading in this case. *See* ECF No. 937. In that pleading, Mr. Huck, purporting to represent judgment-creditor W&K, adopted in full the "factual recitations regarding the ownership of W&K" made by W&K's judgment-debtor Wright, and his wife and ex-wife, who have every incentive in the world to ensure that Wright does not have to satisfy the judgment held by W&K. *Id.* at 2 ("W&K adopts by reference, as if fully set forth herein, the factual recitations and legal arguments presented in the oppositions to the Motion filed by Ramona Ang and Lynn Wright, as well as the factual recitations

9

regarding the ownership of W&K set forth in Defendant Craig Wright's Opposition to Plaintiffs' Motion to Compel Completion of Form 1.977 (DE 915)."). In other words, "new counsel" for W&K is admittedly acting in concert with and is aligned with Judgment Debtor Wright. Having shown that he is aligned with his purported client's judgment debtor, how can Mr. Huck possibly be permitted to represent W&K, the judgment creditor, in these circumstances? Moreover, and more concerning, the Court is now being placed in the untenable position of having to reconcile what to do when W&K, through counsel, takes conflicting positions on an issue, both or neither of which may bind W&K.

Accepting the position that the Court does not have the authority to put an end to this charade would be antithetical to the administration of justice and invite anarchy in federal proceedings. Indeed, following the Order to its logical conclusion would ostensibly even permit the Rivero firm to enter an appearance on behalf of W&K, so long as Wright's family decided that is what they wanted, and this Court presumably would be powerless to do anything about it. Indeed, the Rivero firm is already representing Ms. Ang in this action, while she also seeks to assert control over W&K through Mr. Huck. *See* ECF No. 935. At bottom, Mr. Huck noticed an appearance in this Court purporting to represent a party *in this case* who was already represented by counsel. Whether or not that is proper is, of course, a question *this Court* may—and must—answer.

## **CONCLUSION**

For the foregoing reasons, the Court should reverse the Order denying W&K's Motion to Strike.

Dated: April 3, 2023

Respectfully submitted,

By: /s/ *Andrew S. Brenner*
Andrew S. Brenner
Florida Bar No. 978663
Stephen N. Zack
Florida Bar No. 145215
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307
szack@bsfllp.com
abrenner@bsfllp.com

Maxwell V. Pritt
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6869
Facsimile: (415) 293-6869
mpritt@bsfllp.com

Velvel (Devin) Freedman
Florida Bar No. 99762
FREEDMAN NORMAND FRIEDLAND LLP
1 SE Third Ave., Suite 1240
Miami, Florida 33131
Telephone: (305) 753-3675
Facsimile: (646) 392-8842
vfreedman@fnf.law

Joseph Delich
Stephen Lagos
FREEDMAN NORMAND FRIEDLAND LLP
99 Park Avenue, Suite 1910
New York, New York 10016
jdelich@fnf.law
slagos@fnf.law

***Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 3, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Andrew S. Brenner*
Andrew S. Brenner, Esq.
