UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

     plaintiffs,

v.                                          Case No. 9:18-cv-80176 (BB/BR)

CRAIG WRIGHT.
_____/

## CRAIG WRIGHT'S RESPONSE TO THE MOTION FOR FEES AND COSTS BY W&K INFO DEFENSE RESEARCH LLC

Craig Wright submits this memorandum of law in response to the motion for fees and costs brought by W&K Info Defense Research LLC ("W&K") under Federal Rule of Civil Procedure 37(a)(5). [DE 952.]

### PRELIMINARY STATEMENT

Purporting to act on behalf of W&K, Freedman Normand & Freidland LLP f/k/a Roche Freedman LLP ("Roche Freedman") and Boies Schiller Flexner LLP ("Boies Schiller") (together, the "law firms") ask this Court to award W&K the fees and costs incurred in connection with opposing the appeal [DE 946] from Magistrate Reinhart's order (the "Order") granting W&K's motion to compel completion of Form 1.977. [DE 939.] Because Dr. Wright was substantially justified in appealing the Order, there is no basis for the award of fees and costs to W&K, and any such award would be unjust.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On January 6, 2023, one year after the award of the judgment to W&K, Roche Freedman filed a motion to compel Dr. Wright to complete Form 1.977, the fact information sheet a

1

judgment debtor is required to complete upon court order. [DE 903.] Roche Freedman filed this "motion to **compel**," despite the fact there was nothing to at that point to compel, there having been no order from the Court. Dr. Wright opposed the motion predominantly on the ground that Roche Freedman, having been discharged as counsel by the majority members of W&K and replaced by Paul C. Huck, Jr.,[1] was without authority to act for the company. [DE 915.]

On February 10, 2023, the law firms moved to strike Mr. Huck's appearance on behalf of W&K [DE 931], which the majority members opposed. [DE 935, 937]. The law firms premised the motion to strike on the (incorrect) assumption that Ira Kleiman, as a representative of his brother's estate, is the sole member of W&K with the sole authority to select its counsel. In other words, the motion to strike teed up the question of who owns W&K, a question this Court has said it is not disposed or equipped to answer [DE 950] and which is the subject of two actions pending in Florida state courts, where this Court has said the question should be resolved. *Id*.

On March 1, 2023, even though the motion to strike was still pending and the question of W&K's ownership still unresolved, Magistrate Reinhart granted the motion to compel. [DE 939.] Magistrate Reinhart rejected Dr. Wright's argument that the motion was defective because it was filed without being authorized by the majority members of W&K. (*Id*. at 3.) Citing Rule 11(b) of the Federal Rules of Civil Procedure and Rule 4-1 of the Florida Rules of Professional Conduct, the Order states: "We presume that when a lawyer files and signs a pleading, he has the authority to do so." (*Id*.) Because the "Motion to Compel was signed by lawyers who have properly entered appearances for W&K and who remain counsel for W&K," Magistrate Reinhart reasoned, the motion should be granted. (*Id*. at 4.) He noted, however, that "the resolution of

---

[1] The majority members of W&K are Ramona Ang, as trustee of the Tulip Trust, and Lynn Wright.

2

[the] motion [did] not turn on the membership structure of W&K or whether the owners of W&K authorized the motion." (*Id.*)

Dr. Wright appealed the order granting the motion to compel as premature [DE 946], given that no court had answered the predicate question as to who owns W&K and which counsel properly represents it—questions still unanswered. Dr. Wright contended, reasonably enough, that a state court needed to decide who owns W&K before this Court could decide who has the right to seek relief on its behalf.

After Dr. Wright filed his appeal, Magistrate Reinhart denied the motion to strike. [DE 950.] He concluded that the motion was really a motion for a declaratory judgment as to W&K's ownership, and that the Court lacked jurisdiction to resolve that question of Florida corporate law. *Id*. The order on the motion to strike therefore confirmed that the question of W&K's exact constitution was an unresolved one—even though the law firms have argued repeatedly, albeit incorrectly, that this Court already found Ira Kleiman to be its only member. And, implicitly, the order confirmed that the arguments Dr. Wright raised on appeal were valid ones because, if there is a question as to ownership of W&K, there also is a question as to which lawyers are authorized seek relief on behalf of the company. The law firms should not be awarded fees and costs for having to address these arguments, even though Judge Bloom ultimately rejected them.

## **ARGUMENT**

A Court must not order payment of attorneys' fees and costs if "the opposing party's nondisclosure, response or objection was substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. Proc. 37(a)(5)(A)(ii) and (iii); *see also Vanderwall v. United Airlines, Inc.*, 2014 WL 12495260, at *1 (S.D. Fla. Dec. 16, 2014) (quoting rule). "A

position is substantially justified if it results from a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Hodge v. Tide Tamer Indus., Inc.*, 2020 WL 7634228, at *2 (N.D. Fla. Mar. 16, 2020). Moreover, an award of fees and costs is unjustified if the moving party suffered no prejudice as a result of the delay in disclosure. *Whitwam v. JetCard Plus, Inc.*, 304 F.R.D. 664, 667 (S.D. Fla. 2015) (declining to award fees and costs where there was no evidence of prejudice to moving party).

Here, Dr. Wright was "substantially justified" in appealing the Order granting the motion to compel given the "genuine dispute" as to who owns W&K, who represents it, and accordingly, who has the authority to seek relief on its behalf. Dr. Wright quite reasonably argued that the Order was internally inconsistent because, on the one hand, Magistrate Reinhart stated that it "[did] not turn on the membership structure of W&K or whether the owners of W&K authorized the motion" but, on the other hand, presumed that the law firms had the authority to seek relief on the company's behalf. [DE 939 at 4.] That was a perfectly reasonable position for Dr. Wright to take, especially when the relief requested required him to turn over sensitive financial information to an adversary who has unilaterally, and without any justification, usurped control over W&K.

In addition, neither the law firms nor W&K suffered any prejudice as a result of the appeal. The law firms waited an entire year to move to compel Dr. Wright's completion of Form 1.977—a delay so long that Ira Kleiman wrote personally to the Court to complain about his lawyers' delays. [DE 918.] The Court entered the Order on March 1, 2023, and gave Dr. Wright until April 1, 2023 to complete the form. [DE 939.] When Judge Bloom denied Dr. Wright's appeal, she directed him to complete the form by April 3, 2023, given that April 1 fell on a Saturday. [DE 953.] Dr. Wright provided the form to the majority members of W&K on April 3,

4

2023, and to the law firms on April 4, 2023. The one-day delay was hardly prejudicial, given the year-long lapse between entry of the judgment and the law firms' filing of the motion to compel. Under these circumstances, an award of fees and expenses to the law firms would be unjust.

## CONCLUSION

For the reasons stated here, the Court should deny W&K's motion for the award of fees and costs under Federal Rule of Civil Procedure 37(a)(5).

Respectfully submitted,

RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard,
Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: abrown@riveromestre.com
Email: ahenry@riveromestre.com
Email: rkuntz@riveromestre.com
Email: receptionist@riveromestre.com
*Counsel for Dr. Craig Wright*

By: s/ Andres Rivero
ANDRES RIVERO
Florida Bar No. 613819
AMY C. BROWN
Admitted *Pro Hac Vice*
ALLISON HENRY
Florida Bar No. 1003008
ROBERT KUNTZ
Florida Bar No. 94668

## **CERTIFICATE OF SERVICE**

      I certify that on April 10, 2023, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF.

                                        By: /s/ Andrés Rivero.
                                                Andrés Rivero