UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>　　　　Plaintiffs,<br><br>v.<br><br>CRAIG WRIGHT<br><br>　　　　Defendant. | CASE NO.: 9:18-cv-80176-BB/BER |

**PLAINTIFF W&K INFO DEFENSE RESEARCH, LLC'S
REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES AND COSTS**

Plaintiff W&K Info Defense Research, LLC ("W&K"), pursuant to the Court's Omnibus Order Affirming Order to Compel [ECF No. 953], submits this reply in support of its request for attorneys' and fees and costs [ECF No. 952].

### I.　INTRODUCTION

Plaintiff, and Judgment Creditor, W&K is entitled to recover the fees and costs it has incurred through its existing—and actual—counsel of record, Boies Schiller Flexner LLP ("BSF") and Freedman Normand Friedland LLP ("FNF"), in connection with compelling Defendant, and Judgment Debtor Craig S. Wright ("Wright"), to complete Form 1.977. Wright's bad faith refusal to complete Form 1.977 upon request by W&K's counsel has resulted in substantial motion practice before this Court on what should have been a straight-forward ministerial issue.

In short, Wright was not substantially justified in refusing complete Form 1.977 upon request, in opposing W&K's motion to compel Wright to complete Form 1.977, in appealing the Order compelling completion of Form 1.977, and in seeking a stay of the Order compelling

completion of Form 1.977. Under these circumstances, an award of fees and cost is not only justified, but mandatory under Federal Rule of Civil Procedure 37(a)(5).

## II. PROCEDURAL BACKGROUND

W&K holds a final judgment against Wright for $143,132,492.48 plus post-judgment interest. *See* ECF No. 889. Wright has not satisfied any part of that judgment. So, on November 11, 2022, in aid of execution on its judgment, W&K asked Wright to complete Form 1.977 within 45 days. He refused to do so. Having no other means to secure Wright's completion of Form 1.977, on January 26, 2023, W&K was forced to file a motion to compel Wright to complete it. *See* ECF No. 903. Wright filed a response in opposition [ECF No. 915] to which W&K filed a reply brief [ECF No. 921].

On March 1, 2023, the Court entered an Order, which rejected both arguments raised in Wright's opposition and compelled Wright to complete Form 1.977. *See* ECF No. 939. Specifically, the Court rejected Wright's argument that "a motion to compel cannot be filed regarding an act a court hasn't ordered performed" [ECF No. 915 at 1] as "at best, a frivolous exercise in meaningless semantics." ECF No. 939 at 2. The Court also rejected Wright's contrived argument that W&K's motion to compel was unauthorized because BSF and FNF purportedly had been "discharged by W&K's actual majority owners" [ECF No. 915 at 2], as Wright had cited "no legal authority supporting his argument and merely makes conclusory statements." ECF No. 939 at 4.

Undeterred by the Court's characterizations of his arguments as "frivolous," "conclusory," and unsupported by any "legal authority" [ECF No. 939 at 2, 4], and in further frustration of W&K's judgment enforcement efforts, Wright appealed the Order granting W&K's motion to compel. *See* ECF No. 946. Wright also moved to stay the Order granting W&K's motion compel.

*See* ECF No. 947. W&K filed a consolidated response in opposition to Wright's appeal and motion to stay, and requested an award of fees and costs associated with its efforts to compel Wright to complete Form 1.977. *See* ECF No. 952.

On March 28, 2023, the Court entered its Omnibus Order Affirming Order to Compel. *See* ECF No. 953. In rejecting the single argument that Wright raised on appeal concerning W&K's counsels' purported lack of authority to file the motion to compel,[1] the Court found, *inter alia*, that:

> Dr. Wright has by no means *proven* that W&K's counsel lacks authority to represent it. Rather, Dr. Wright has proposed a new theory as to W&K's ownership – a theory that is inconsistent with his previous arguments in this case, which the Court consistently rejected. *See, e.g.,* Order, ECF No. [265] at 4-5 (describing Dr. Wright's previous inconsistent statements regarding the ownership of W&K).

*See* ECF No. 953 at 4. The Court ordered Wright to complete Form 1.977, noting that his failure to do so would result in him being held in contempt,[2] and denied Wright's motion to stay as moot. *Id.* at 5. Finally, on April 4, 2023, nearly five months after W&K first requested that Wright complete Form 1.977, during which W&K expended substantial time and resources litigating these matters, Wright provided W&K's rightful counsel with what was supposed to be a completed Form 1.977.

---

[1] As further evidence of his continued bad faith, Wright repeats the argument here that W&K filed its motion to compel when "there was nothing to at that point compel" [ECF No. 957 at 2], notwithstanding that this Court already found that argument to be frivolous, and that he had previously abandoned it in his appeal. *See generally* ECF No. 946.

[2] Wright subsequently exhibited a contumacious disregard for the Court's ruling by purporting to comply with the Court's order by initially providing a woefully deficient Form 1.977 only to his wife and ex-wife, rather than to FNF and BSF who the Court had just recognized as authorized counsel for W&K in these proceedings. *See* ECF No. 954. Only through the Court's foresight, *see generally* ECF No. 956, did Wright avoid the immediate initiation of contempt proceedings against him for failure to serve the required form on W&K's authorized counsel. Additionally, Wright failed to meaningfully complete the form. This deficiency will be addressed in a separate motion for an order to show cause.

### III. MEMORANDUM OF LAW

#### A. Legal Standard

Rule 37 of the Federal Rules of Civil Procedure provides that when the trial court grants a motion to compel, the moving party is entitled to recover its reasonable expenses, including attorneys' fees, if the motion is granted or if the disclosure or requested discovery is provided after the motion was filed. *See* Fed. R. Civ. P. 37(a)(5)(A). An award of fees and costs is mandatory unless the opposing party proves that its "nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii).

Rule 37 sanctions "are intended to: 1) compensate the court and parties for the added expenses caused by discovery abuses; 2) compel discovery; 3) deter others from engaging in similar conduct; and 4) penalize the offending party or attorney." *Thornton v. Hosp. Mgmt. Assocs., Inc.*, 787 F. App'x 634, 638 (11th Cir. 2019) (citing *Wouters v. Martin County, Fla.*, 9 F.3d 924, 933 (11th Cir. 1993)); *Telectron, Inc. v. Overhead Door Corp.*, 116 F.R.D. 107, 134 (S.D. Fla. 1987) ("It is not the court's function to drag a party kicking and screaming through discovery.") (citation omitted).

#### B. Argument

Wright argues that W&K is not entitled to an award of its attorneys' fees and costs associated with compelling him to complete Form 1.977 because he believes that his opposition was substantially justified, and that an award of fees and costs would be unjust because W&K purportedly suffered no prejudice because of his actions. *See* ECF No. 957 at 4.[3] Neither argument has merit.

---

[3] Wright also suggests W&K's entitlement to an award of fees and costs is limited to "opposing the appeal [DE 946]" of this Court's Order granting W&K's motion to compel. *See* ECF No. 957

### 1. Wright's Arguments Were Not Substantially Justified.

A party's position is "substantially justified" if it raises "a genuine dispute" or if reasonable people could differ as to the appropriateness of the contested action. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1314 (11th Cir. 2011) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). Here, Wright was not substantially justified in objecting to W&K's request that he complete Form 1.977, opposing W&K's motion to compel completion of Form 1.977, or appealing and seeking a stay of the Court's Order granting W&K's motion to compel completion of Form 1.977.

*First*, Wright's circular argument that the Court could not compel him to complete Form 1.977 because it had not previously ordered him to do so was not justified, much less *substantially* justified, in any respect. Indeed, the Court summarily rejected this argument as "at best, a frivolous exercise in meaningless semantics." ECF No. 939 at 2. Ostensibly recognizing the absurdity[4] of this argument, Wright abandoned it on appeal of this Court's ruling, which is further evidence that it was not justified in the first place. While Wright attempts to revive this argument now in his opposition [*see* ECF No. 957 at 2], he offers no support for his contention that an argument found to be frivolous (and then not appealed) could now be deemed "substantially justified."

*Second*, Wright's argument that W&K's motion to compel was a legal nullity because BSF and FNF purportedly did not have authority to act on behalf of W&K was similarly not substantially justified because it failed to raise any genuine dispute. To that end, his argument was first rejected by this Court as "conclusory" and devoid of any legal support. *See* ECF No. 939 at

---

at 1. Not so. W&K is entitled to the fees and costs it incurred in connection with prosecuting its motion to compel *including* opposing Wright's frivolous appeal.

[4] Wright never explains how W&K was supposed to get an Order for him to complete the form without filing a motion to compel to such an Order in the first instance.

4. Then, on appeal, it again was rejected by Judge Bloom as nothing more than the latest ruse in a long line of inconsistent theories and lies advanced by Wright throughout this litigation challenging Ira Kleiman's ownership of W&K, "which the Court consistently rejected." ECF No. 953 at 4. Wright's continued re-litigation of this issue in the face of prior Court rulings, based on nothing more than his own naked assertions, does not provide the substantial justification needed to avoid an award of fees under Rule 37. Indeed, when evaluating whether a party's position was "substantially justified" in other fee award contexts, the Court has recognized that a prior "string of losses" on an issue strongly indicates a lack of substantial justification. *Gagliardi v. Soc. Sec. Admin.*, 18-CV-62106, 2022 WL 3572445, at *3 (S.D. Fla. Aug. 19, 2022) (Bloom, J.) (citing *Pierce v. Underwood*, 487 U.S. 552, 569 (1988)); *Smith v. Florida Agric. & Mech. Univ.*, 4:18CV409-RH/CAS, 2019 WL 12317745, at *2 (N.D. Fla. Apr. 7, 2019) (awarding fees under Rule 37(a)(5) and holding that a party's attempt to relitigate issues previously decided was not substantially justified).[5]

Given the Court's several prior rulings concerning W&K's ownership, Wright's baseless "new theory" [ECF No. 953 at 4] to the contrary did not raise a genuine dispute sufficient to avoid the mandatory imposition of fees under Rule 37.

**2. An Award of Fees and Costs Is Not Unjust.**

An award of fees and costs is plainly justified under the circumstances. As set forth in Section II, *supra*, Wright's refusal to complete Form 1.977 when requested resulted in substantial and protracted motion practice over the last four months. This caused W&K to expend significant

---

[5] While *Pierce* analyzed the phrase "substantially justified" in the context of a fee dispute under the EAJA, its analysis considered how the phrase "substantially justified" had been treated under Rule 37. *See* Pierce, 487 U.S. at 565 ("In an area related to the present case in another way, the test for avoiding the imposition of attorney's fees for resisting discovery in district court is whether the resistance was "substantially justified.") (citing Fed. R. Civ. P. 37).

time and financial resources prosecuting its initial motion to compel, including through Wright's unfounded appeal and motion to stay.

Wright's contention that W&K suffered no prejudice because of a purported "one-day delay" in receiving his Form 1.977 is both a red herring and factually inaccurate. ECF No. 957 at 5. W&K was not merely subjected to a "one-day delay" in receiving Wright's Form 1.977, as W&K first requested that Wright complete Form 1.977 nearly five months ago in November 2022. Notwithstanding Wright's mischaracterization of the delay, W&K also has been prejudiced by the time and resources it has been forced to expend in post-judgment enforcement. To accept Wright's position would mean that a party could raise meritless objections to discovery, cause an opposing party to engage in motion practice to overcome such meritless objections and litigate an appeal over such meritless objections, but avoid the imposition of a fee award so long as it produced the withheld discovery within a few days after the court compelled disclosure on pain of contempt. Wright cites no legal support for his contention, and it is contrary to the plain language of Rule 37, which mandates an award of fees "if the disclosure or requested discovery is provided after the motion was filed." Fed. R. Civ. P. 37(a)(5)(A).

Wright's reliance on *Whitwam v. JetCard Plus, Inc.*, 304 F.R.D. 664, 667 (S.D. Fla. 2015) for the proposition that fees are unjustified if a party suffers no prejudice because of a delay in disclosure is misplaced, as the innocuous factual circumstances that made a fee award unjust in *Whitwam* do not exist here. *Cf. Whitwam*, 304 F.R.D. at 667 (declining to award fees where defendant's delay in responding to discovery was based on clerical error, defendant produced responsive documents within two days after plaintiff moved to compel, and some of defendant's objections were sustained). Wright, unlike the defendant in *Whitwam*, did not comply after the motion was filed, but instead engaged in a conscious scheme to avoid providing the information

7

sought by Judgment Creditor W&K and to frustrate its ability to collect. Then, even after the Court denied his appeal, Wright, undeterred, continued to engage in gamesmanship surrounding the completion of Form 1.977 by initially refusing to send his supposedly completed Form 1.977 to BSF and FNF—"the same lawyers who have represented W&K for the past five years, including at trial, and [who] recovered the judgment in W&K's favor," ECF No. 953 at 4, and of course the same lawyers that filed the motion that resulted in the Court's order. *See* ECF No. 954 (giving notice that Wright supposedly complied with the Court's order by delivering Form 1.977 to his wife and ex-wife).

None of Wright's arguments were substantially justified. Wright advanced them as a part of an improper scheme to frustrate W&K's judgment collection, and Wright continued to engage in bad faith conduct even after the Court ruled against him. An award of fees is not only justified, but necessary.

## IV.   CONCLUSION

For the foregoing reasons, pursuant to Fed. R. Civ. P. 37(a)(5), the Court should award W&K its attorneys' fees and costs associated with its Motion to Compel Judgment Debtor Wright to Complete Form 1.977.

Dated: April 17, 2023

Respectfully submitted,

By: */s/ Andrew S. Brenner*
Andrew S. Brenner, Esq.
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

By: */s/ Velvel Devin Freedman*
Velvel (Devin) Freedman, Esq.
FREEDMAN NORMAND FRIEDLAND LLP
1 SE 3rd Ave., Suite 1240
Miami, Florida 33131

8

vel@fnf.law

Joseph Delich
Stephen Lagos
FREEDMAN NORMAND FRIEDLAND LLP
99 Park Avenue, Suite 1910
New York, New York 10016
jdelich@fnf.law
slagos@fnf.law

*Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

9

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 17, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Andrew S. Brenner*
ANDREW S. BRENNER