UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

    Plaintiffs,

v.                                                                                  Case No. 9:18-cv-80176 (BB/BR)

CRAIG WRIGHT,

    Defendant.
_____/

**NON-PARTY LYNN WRIGHT'S RESPONSIVE BRIEF AND INCORPORATED
MEMORANDA IN OPPOSITION TO THE APPEAL [D.E. 955] OF THE ORDER
DENYING THE MOTION TO STRIKE THE APPEARANCE OF PAUL C. HUCK, JR.
[D.E. 950]**

Non-party, LYNN WRIGHT ("Ms. Wright"), through counsel, hereby files her responsive [Amicus] Brief[1] and Incorporated Memoranda in Opposition to the Appeal of the Order Denying the Motion to Strike the Appearance of Paul C. Huck, Jr. as counsel for W&K Info Defense Research, LLC. ("W&K") ("Appeal") and states:

**FACTS AND ARGUMENT IN SUPPORT**

Ms. Wright has always maintained that the State Court must decide the issue of ownership and voting rights and rights in W&K and that this Court should not displace the ongoing State Court proceedings. [**D.E. 933** and the Verified Petition attached thereto Exhibit "A"; the Verified Petition is also attached hereto as **Exhibit "A"** ]; *National Maritime Services, Inc. v. Straub*, 776 F.3d 783 (11Cir. 2015); *Peacock v. Thomas*, 516 U.S. 349, 116 S. Ct. 862 (1996). Ms. Wright

---

[1] Judge Reinhart recognized Ms. Wright as an interested Non-Party. Ms. Wright's previously filed her Notice of Objection And Incorporated Memoranda of Law In Opposition Strike The Appearance Of Paul C. Huck, Jr. [**D.E. 933**] which Judge Reinhart treated as an Amicus Brief [**D.E. 950 at 3**] Ms. Wright now serves this Brief this Response Brief and Incorporated Memoranda in Opposition to the Appeal.

31924250.1

has also consistently asserted she owns interests in W&K.[2] (e.g., **Exhibit "A", ¶30**). Ms. Wright is no longer married to Craig Wright and, even when her status as an owner of W&K is viewed with Plaintiff's taint, that tainted view does not dispense with the need to adjudicate the ownership and voting rights or other interests with respect to W&K.

Of course it is undisputed that adjudication of the Verified Petition is presently stayed solely because Ira Kleiman has **repeatedly** prevented adjudication. (See **Composite Exhibit "B(1) – B(7)"** comprised of the following papers in the pronate proceedings: Opposition to Motion for Order Declaring That Ira Kleiman Had and Has No Authority to Act for W&K Info Defense and Research, Motion for an Order to Show Cause (without attachments), Reply in Support of its Motion to Dismiss (without attachments), Order Staying Petition of Lynn Wright, Motion to Lift Stay of Proceedings, Respondent's Opposition to Petitioner's Motion to Lift Stay of Proceedings and Order on Pending Motions). Because of Ira Kleiman's tactics, the issues of who owns membership in W&K, what percentage(s) are owned and, voting rights or interests with respect to the interests owned in W&K, have never determined by this Court or any other court. [**D.E. 83, D.E.812, D.E. 814**]

The issues now presented with respect to ownership, voting and control of W&K are most certainly not the previously litigated core issues. Those core litigated issues are outlined in Plaintiffs' complaint were: (i) whether Craig Wright converted assets from the estate or W&K. (**D.E. 83, ¶171, pg. 37**]; (ii) whether Craig Wright was unjustly enriched [**D.E. 83, pgs. 37-38**]; (iii) whether Craig Wright misappropriated assets of the estate or W&K [**D.E. 83, pgs. 38-39**]; (iv) whether Craig Wright misappropriated trade secrets belonging to the estate [**D.E. 83, pgs. 39-40**];

---

[2] Per Ira Kleiman's recent affirmation to this Court, on its best day, the *Estate* has a 50% interest in W&K. [**D.E. 918**]

(v) whether Craig Wright breaded a fiduciary duty to W&K [**D.E. 83, pg. 41**];  (vi) whether Craig Wright breached his duty of loyalty and care to the estate [**D.E. 83, pgs. 42-43**)]; (vii) whether Craig Wright committed fraud on the estate and W&K [**D.E. 83, pgs.43-44**]; (viii) whether Craig Wright committed constructive fraud on the estate and W&K [**D.E. 83, pgs. 44-45**];(ix) injunctive relief seeking return of bitcoin [**D.E. 83, pg. 46**]; (vii) whether Craig Wright committed civil theft from the estate and W&K [**D.E. 83, pgs.46-47**].

Notwithstanding his pleadings and the course of this case, in an extreme taking of liberties, the Appeal asserts this Court's prior rulings as having addressed the issue of the ownership of W&K and further conflates this Court's "rejection" of Dr. Wright's alleged "theories" of ownership in connection with rulings on jurisdiction as being the same as "ruling [on] the ownership of W&K". [**D.E. 955 at 3**] Just a cursory review of this Court's Orders shows that this Court has only ruled it has jurisdiction over the complaint [**D.E. 265; D.E. 615 at 32-35**] and that based on the record the lawsuit relates to ownership of Bitcoin. [**D.E. 615 at 3**]  The issue of the ownership interests in W&K has never been adjudicated by this Court or any other court. Further, no amount of acrobatic diction can overcome the fact that ultimately there is no distinction between the adjudication as to the ownership interests in W&K as containing the attendant control, including the choice of counsel. Put plainly, if this Court were to deny Mr. Huck's appearance on behalf of W&K, it would not only be ruling on the ownership interest of W&K in the face of Mr. Kleiman's admission that, on his best day, he presently control no more than 50% of the membership interests [**D.E. 918**] but it would be contrary to law as a 50% owner can not engage counsel for the entity. *See Sec. & Exch. Comm'n v. Lauer*, 2015 WL 11005004, at *2 n.4 (S.D. Fla. Nov. 25, 2015) (attorney for individuals were "not authorized to file any requests for relief on behalf of [the companies] because they [were] not authorized to make litigation decisions on behalf

Ira Kleiman v. Craig Wright
Case No. 9:18-cv-80176 (BB/BR)
Page 4 of 10

of these companies."); *Denim N. Am. Holdings, LLC v. Swift Textiles, LLC,* 2011 WL 97238, at *3 (M.D. Ga. Jan. 12, 2011) (counsel for 50% owners of company did not have authority to file complaint); *In re Crowder*, 2006 WL 6589000, at *2 (Bankr. N.D. Ga. July 10, 2006) ("An attorney has no business protecting an entity by filing an answer on its behalf if that entity has not authorized the attorney to do so.")

Magistrate Judge Reinhart was correct. The issues were not litigated because they were not plead. The issues left to be adjudicated as to what interests, if any the estate owns[3], are the province of the Probate Court [**D.E. 950 at 7**] and, the internal affairs of W&K as to the ownership percentages owned by its members. *Commonwealth of Pennsylvania v. Williams,* 294 U.S. 176, 185 (1935); *National Maritime Services, Inc. v. Straub,* 776 F.3d 783 (11th Cir. 2015); *Peacock v. Thomas,* 516 U.S. 359 (1996). Accordingly, the ruling set forth in the Order on the Motion to Strike [**D.E. 950**], should be upheld.

Magistrate Judge Reinhart also correctly substantiates Ms. Wright's position, that the issue of authority and ownership of W&K has never been brought before this Court, in his Order when he stated: that the trial merely "disputed the legal rights to intellectual property and the proceeds of that intellectual property, *not who currently has authority to make decisions for W&K*." [**D.E. 950 at 6**]

Finally, Magistrate Judge Reinhart also correctly writes that "[n]ot all of the putative members of W&K are parties, here. They likely would be indispensable parties who would have to be joined. Fed. R. Civ. P. 19(a)." [**D.E. 950 at 7**]. Here, there is not controversy between two

---

[3] Interestingly, Ira Kleiman in his role as Personal Representative has never filed an inventory of the Estate with the Probate Court (see **Composite Exhibit "C"**). Perhaps, it is because his ability to vote or act for W&K is limited to those acts necessary to wind up the estate. F.S. §605.0504 In fact his brother, was as a matter of statutory law, disassociated upon death. F.S. §605.0602(7)(a)

*Ira Kleiman v. Craig Wright*
*Case No. 9:18-cv-80176 (BB/BR)*
*Page 5 of 10*

distinct parties. As set forth in Magistrate Judge Reinhart's Order, "[i]mplicit in the concept of a "case or controversy" is a disagreement between two or more parties, not a single party's inability to select its own lawyer." (Citing U.S. Constitution Art. III, Sect. 2) Even if subject matter jurisdiction exists under Article III of the U.S. Constitution, Magistrate Judge Reinhart is correct in his assertion that it is not found in the Motion to Strike, as "it does not assert a federal question" and "[t]here is no diversity jurisdiction because W&K cannot be diverse from itself."[D.E. 950 pg 5]. Further, Magistrate Judge Reinhart is correct in his assertion that the Motion to Strike "does not seek to enforce the judgment, so supplemental jurisdiction cannot be invoked on that basis." *Id.* Accordingly, the Order correctly notes "[t]he only potential statutory jurisdiction would be supplemental jurisdiction under Title 28, United States Code, Section 1367(a)…" *Id.*

Magistrate Judge Reinhart properly declined to exercise supplemental jurisdiction over the question, and stated in his Order that "the question of who controls W&K does not arise from the same common nucleus of facts as the underlying dispute among W&K, the Estate, and Dr. Wright. Those claims disputed the legal rights to intellectual property and the proceeds of that intellectual property, not who currently has authority to make decisions for W&K. [**D.E. 950 at 6**].

The issues of ownership and authority over W&K can only be properly adjudicated in the Florida state court, where the issues are currently pending. Of course, the litigation would likely have been concluded by now if Ira Kleiman had not prevented the issues from being litigated.

Magistrate Judge Reinhart in his Order correctly notes that, "[t]here is pre-existing parallel litigation pending for several years in Florida state court to which all putative members are parties. See ECF No. 933-1. So, judicial economy would not be served by expanding this federal case. The dispositive rules of decision are under Florida law; no federal question is presented. So, comity would be served by deferring to the Florida courts." [**D.E. 950 at 7**]

31924250.1

## CONCLUSION

Magistrate Judge Reinhart was correct in reaching his sound conclusion that Mr. Huck should be permitted to appear before this Court on behalf of W&K until the State Court adjudicates the issue of ownership, voting rights and authority over W&K. For the foregoing reasons, this Court must in all respects affirm the Magistrate Judge Reinhart's Order denying the Motion to Strike Mr. Huck's appearance.

Dated: April 17, 2023.

                                                     Respectfully submitted,
                                                     MCDONALD HOPKINS, LLC
Counsel for Non-Party Lynn Wright
Alan M. Burger, Esc.
Florida Bar No. 833290
Email: aburger@mcondaldhopkins.com
501 South Flagler Drive, Suite 200
West Palm Beach, Florida 33401
Telephone:   (561) 472-2121
Facsimile:   (561) 472-2122
Secondary email:
acrocco@mcdonaldhopkins.com

By: */s/ Alan M. Burger*
     Alan M. Burger

## CERTIFICATE OF SERVICE

I certify that on April 17, 2023, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/Alan M. Burger*
     Alan M. Burger, Esq.
     Florida Bar Number 833290