UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-cv-80176-BLOOM/Reinhart

IRA KLEIMAN, as personal representative
of the estate of David Kleiman,
and W&K INFO DEFENSE RESEARCH, LLC,
          Plaintiffs,

   v.

CRAIG WRIGHT,

          Defendant.
_____/

**W&K INFO DEFENSE RESEARCH, LLC'S RESPONSE IN OPPOSITION
TO THE APPEAL OF THE ORDER DENHYING THE MOTION TO
STRIKE THE NOTICE OF APPEARANCE**

Plaintiff W&K Info Defense Research, LLC files its response in opposition to the appeal [ECF 955] from the Order Denying Motion to Strike Notice of Appearance [ECF 950]. In its Order, the Magistrate Judge found that the issues raised by the Motion to Strike solely involve issues of Florida corporate and probate law, and it concluded that it lacked jurisdiction to adjudicate those issues or, alternatively, declined to exercise its discretion to adjudicate those issues so because they are the subject of pending state court proceedings in which all interested persons are joined as parties. The Order should be affirmed.

## Introduction

This matter has an interesting history, to say the least. As with many cases, the parties cannot agree on most of the relevant facts or their legal significance. But one thing is undisputed: at the time of his death, David Kleiman did not hold a majority membership interest

1

in W&K, a Florida LLC.  Ira Kleiman, the personal representative of David Kleiman's estate, asserts that his brother held a fifty-percent membership interest in W&K.  In contrast, Ramona Ang, as trustee of the Tulip Trust, and Lynn Wright assert that David Kleiman held a one-third membership interest in the LLC.  No interested person asserts that David Kleiman *ever* owned more than fifty percent of W&K.

Who has the legal authority to speak for W&K matters, and it depends on issues that arise solely under Florida law.  Specifically, these issues of ownership and authority require determination of the percentage membership interests in W&K, as well as the scope of Ira Kleiman's authority, as personal representative of his brother's estate, to exercise his deceased brother's membership interest.  This Court has not adjudicated those issues.  But they are open and pending in Florida state court proceedings that were filed before judgment was entered in this case and that join all interested persons as parties.

The Magistrate Judge therefore properly deferred to the Florida courts to adjudicate these issues, and the Order should be affirmed.

**Argument**

As an initial point, to conserve judicial resources and reduce repetition W&K adopts by reference, as if fully set forth herein, the responses in opposition to the appeal filed by Ramona Ang, as trustee of the Tulip Trust, and Lynn Wright.  The appeal suggests that this is somehow indicative of an improper motive.  But it is no secret that Ms. Ang (as trustee of the Tulip Trust) and Ms. Wright, as the majority members of W&K, retained the undersigned on behalf of the company, and a company's adoption of factual recitations and legal arguments that support its position is not converted into something unusual or untoward merely because they are advanced by its members.

This opposition to the appeal first provides the Court with a summary of some of the legal issues raised by the motion to strike to provide context for the Order. It then turns to the propriety of the Magistrate Judge's Order itself.

**I.      The Issues Raised by the Motion to Strike Depend Entirely on State Law.**

W&K is a Florida limited liability company. Because it does not have an operating agreement, its operations and governance are controlled by chapter 605, Fla. Stat. § 605.0105(2). Pursuant to statute, W&K's "management and conduct … are vested in its members," § 605.04047(2), Fla. Stat., each member's vote is proportionate to their interest in the company, § 605.04073(1)(b), Fla. Stat., and "the affirmative vote or consent of a *majority-in-interest* of the members is required to undertake an act, whether within or outside the scope of the company's activities or affairs." § 605.04073(1)(c), Fla. Stat. (emphasis supplied). A majority-in-interest means members "who hold more than 50 percent of the then-current percentage or other interest in the profits of the limited liability company owned by all of its members." § 605.0102(37), Fla. Stat.

David Kleiman's percentage ownership in W&K is disputed. Ira Kleiman asserts that his brother owned a fifty-percent membership interest in W&K. Ms. Ang and Ms. Wright assert that David Kleiman owned a one-third interest. But in no event does any interested party assert that David Kleiman owned a majority-in-interest of the company.

This means that while alive, David Kleiman lacked authority to take legal action on behalf of W&K. *See, e.g.*, *Akerman LLP v. Cohen*, 352 So.3d 331 (Fla. Dist. Ct. App. 2022) (holder of forty percent interest in limited liability company did not have authority to waive company's attorney-client privilege). *A fortiori* Ira Kleiman, as merely the personal representative of his brother's estate, cannot take such action on behalf of the company, as there is no legal theory

3

under which Ira Kleiman possesses legal rights *greater* than those held by his brother.

But even if David Kleiman had the authority to hire an attorney on behalf of W&K, any such authority vanished upon his death. When he died, David Kleiman was "dissociated" from W&K by operation of statute. § 605.0602(7)(a), Fla. Stat. ("A person is dissociated as a member if any of the following occur: … In the case of an individual: The individual dies."). Upon dissociation, the "person's right to participate as a member in the management and conduct of the company's activities and affairs *terminates*." § 605.0603(1)(a), Fla. Stat. (emphasis supplied). Indeed, once dissociated, a person is no longer a member of the company. *See* § 605.0102(40) (defining "member" as a person who "[h]as not dissociated from the company under s. 605.0602."). Because David Kleiman's right to participate in the management and conduct of W&K terminated upon his death, as did David Kleiman's status as a member of W&K, Ira Kleiman, as the personal representative of David Kleiman's estate, lacks any such authority as well.

## II. The Magistrate Judge Correctly Decided that These State Law Issues Should Be Adjudicated in the Pending State Court Proceedings.

That broad summary of some of the Florida law issues involved in the dispute over the ownership and control of W&K provides critical context for the Order. A postjudgment proceeding like this one is "a free-standing litigation" and courts "in effect treat[] the final judgment as the first, rather than the last, order in the case." *Mayer v. Wall Street Equity Group, Inc.*, 672 F.3d 1222, 1223 (11th Cir. 2012).

Recognizing this, the Order walks through several jurisdictional and prudential barriers to adjudicating the motion to strike. First, the Magistrate Judge concludes that jurisdiction is lacking under Article III, as the motion to strike cannot itself give rise to jurisdiction - it neither raises a federal question nor satisfies the requirements for diversity jurisdiction.

4

Second, the Magistrate Judge concludes that, even if Article III jurisdiction were to exist, the Magistrate Judge declines to exercise its discretion to adjudicate the issues of percentage ownership and management control, under either supplemental jurisdiction or the discretionary authority to entertain what is essentially a claim for declaratory relief.  The Magistrate Judge recognized that the pending state court proceedings- in which all the interested persons are joined as parties - will result in a final adjudication of the same issues of Florida law raised by the motion to strike.  And the Magistrate Judge also correctly recognized that these issues have not been previously litigated before and adjudicated by this Court.  By deferring to the pending state court proceedings, the Order promotes conservation of judicial resources and respect for principles of comity.  This is precisely what the proper exercise of judicial discretion entails.

## Conclusion

For the foregoing reasons, The Order denying the Motion to Strike should be affirmed.

I HEREBY CERTIFY that on April 17, 2023, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

> THE HUCK LAW FIRM, P.A.
> 334 Minorca Avenue
> Coral Gables, Florida 33134
> Telephone: (305) 441-2299
> Telecopier: (305) 441-8849
> paul@lawsonhuckgonzalez.com
>
> By:   */s/Paul C. Huck, Jr.*
>       PAUL C. HUCK, JR.
>       Florida Bar No. 0968358