UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>Plaintiffs,<br><br>v.<br><br>CRAIG WRIGHT<br><br>Defendant. | CASE NO.: 9:18-cv-80176-BB/BR |

### W&K's EXPEDITED MOTION FOR SANCTIONS AND AN ORDER TO SHOW CAUSE WHY DEFENDANT CRAIG WRIGHT SHOULD NOT BE HELD IN CONTEMPT

Yet again, judgment debtor Wright has disobeyed a clear Order of this Court and is making a mockery of these proceedings. After failing to satisfy the judgment and unsuccessfully resisting W&K's motion to compel him to complete Form 1.977, he scribbled a few bad faith responses on the form and purportedly sent it to his wife and ex-wife instead of sending it to W&K and its rightful counsel. Then, after Judge Reinhart *sua sponte* ordered him to send the form to W&K's counsel, he did so, thus revealing it contained virtually none of the required information (and none of the documents required to be produced), and is radically inconsistent with his prior sworn statements. W&K therefore now seeks an order to show cause why Wright should not be sanctioned and held in contempt for this latest misconduct.

### BACKGROUND

On March 9, 2022, this Court entered an amended final judgment in favor of W&K and against Wright for $143,132,492.48. DE 889. Wright did not appeal. After failing to satisfy any part of that judgment, on November 11, 2022, judgment creditor W&K exercised its right to require Wright to complete Form 1.977, which calls for disclosing financial information and producing

1

documents meant to assist in execution of a judgment, and protect creditors against avoidance and fraudulent conveyances. *See, e.g.*, *Regions Bank v. MDG Frank Helmerich, LLC*, 118 So. 3d 968, 970 (Fla. 2nd DCA) (explaining that in post-judgment discovery "the creditor has the right to discover any assets the debtor might have that could be subject to levy or execution to satisfy the judgment, or assets that the debtor might have recently transferred"). Wright refused. So, on January 26, 2023, W&K moved to compel Wright to fill out Form 1.977. DE 903.

Wright opposed the motion on two absurd and frivolous grounds: (1) W&K could not move to compel his compliance because the Court had not yet ordered him to complete it; and (2) the undersigned counsel were not W&K's real counsel because his wife (who unsurprisingly, albeit troublingly, is represented by Wright's counsel) and ex-wife are W&K's true controlling owners and they discharged and replaced W&K's counsel. DE 915. Judge Reinhart rejected these arguments and granted W&K's motion. DE 939.

Wright appealed on the second ground only. This Court affirmed Judge Reinhart's decision, rejecting Wright's "new theory as to W&K's ownership – a theory that is inconsistent with his previous arguments in this case, which the Court consistently rejected." DE 953 at 4. The Court also warned that "Failure to complete Form 1.977 by April 3, 2023 will result in Dr. Wright being held in contempt." *Id*. at 5.

Despite this Court explicitly rejecting Wright's "new theory as to W&K's ownership" and ordering him to deliver a completed Form 1.977 on pain of contempt, *id*., Wright claimed to comply with the Order by "provid[ing] a copy [of Form 1.977] to Ramona Ang [his wife], as Trustee of the Tulip Trust,[1] and Lynn Wright [his ex-wife]," who he again baselessly claimed "are

---

[1] The "Tulip Trust" is yet another fabrication of Wright's, which the Court already rejected. DE 277; *see also* DE 942 at 13-14. Yet, like the settled issue of W&K's ownership, Wright simply ignores the Court's rulings, forcing W&K and the Court to waste time and resources re-litigating

members of W&K." DE 954 at 2. Judge Reinhart immediately recognized Wright's ploy and *sua sponte* entered an Order directing Wright to serve a copy of the Form 1.977 on W&K's counsel. DE 956.

Finally, on April 4, undersigned counsel received a copy of Wright's Form 1.977. Ex. 1. Consistent with his conduct throughout these proceedings, Wright has again thumbed his nose at the Court, this time by producing a form that is both wholly deficient in its omissions and completely at odds with his own his prior statements (sworn and unsworn). He also produced none of the required documents. Moreover, Wright designated this joke-of-a-form Highly Confidential attorneys' eyes only, so that Ira Kleiman, W&K's true owner, cannot see it. In the end, Wright is betting he can get away with lying with impunity, leaving others (including the Court) to engage in a whack-a-mole process of determining which of his lies (if any) to believe, all while continuing to avoid satisfying any part of the jury's award, and this Court's Judgment, against him.

## WRIGHT IGNORED THIS COURT'S ORDER TO COMPLETE FORM 1.977[2]



Wright's Form 1.977 states he does not " ▮▮▮▮ " any real estate, automobiles, bank accounts, or other assets; that all of his assets were " ▮▮▮▮ " ▮▮ or earlier ( ▮▮▮▮ the complaint in this case was filed, DE 1); but that Wright retains ▮▮ ▮▮▮▮ " everything.[3] At one point the Form simply states; " ▮▮▮▮ ."

---

them.

[2] Wright has designated his Form 1.977 "attorneys eyes only" pursuant to the existing stipulated discovery order in this case. For that reason, any exact quotations from the form have been redacted from the public version of this document, and the form itself filed under seal. But there is nothing remotely confidential about the responses he has provided, and the Court should order this information to be publicly filed. At a minimum the Court should order the classification reduced to confidential so that the undersigned counsel may share the form with their client.

[3] In the form, Wright (incredibly) states he does in fact personally own ▮▮▮▮ — ▮▮▮▮ . In another spectacular flip-flop,

3

Ex. 1. Wright also fails to provide information about his immediate family members as required by the Form. The submitted Form also does not contain any of the required attachments, such as tax returns, pay stubs, or recent financial statements. In short, Wright wholly failed to comply with this Court's Order that he complete the Form.

Additionally, the information Wright provides in the Form are directly contrary to his own previous statements and sworn testimony. *See, e.g.*, Ex. 2, Trial Ex. 880 ("I am a multi-billionaire"); DE 376 ("Dr. Wright notifies the Court that a third party has provided the necessary information and key slice to unlock the encrypted file, and Dr. Wright has produced a list of his bitcoin holdings"); Ex. 3 (Oct. 30, 2021 Slack Message) ("Technically the full value of the intellectual property that I own that is in use within BTC is valued at around $252 billion US today. This is the intellectual property within the Kleiman case."); B. Sullivan, *Craig Wright goes 'full billionaire mode' and doesn't care what you think*, Modern Consensus (Nov. 14, 2018) ("I guess I benefit from having what you'd call 'F[***] You Money.'.... I don't have to think, 'Oh, I wonder if I got funding for this idea or that if it could be successful.' I'll just do it.... I have all that. I've got the wine cellar and the private jet. I've got a 1944 Patek [watch] worth half a million").[4]

Wright's Form 1.977 also represents that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬, but as recently as December 2022 Wright submitted a sworn witness statement to an English court asserting he was the beneficial owner of the company Tulip Trading Limited (Ex. 4, December 2022 Witness Statement ¶ 109; *see also* Ex. 5, April 2021 Witness Statement ¶¶ 34–35), and that

---

Wright previously claimed ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ awarded to the "corporate Craig Wright," not himself personally. (DE 842 at 94:8-19) Of course, the jury necessarily found ▬▬▬▬▬ were fraudulent in finding Wright liable for converting W&K's intellectual property. DE 812.

[4] https://modernconsensus.com/cryptocurrencies/bitcoin/craig-wright-bitcoin-cash-interview/.

company purportedly owns the bitcoin associated with, among others, the 1FeexV6bAHb8ybZjqQMjJrcCrHGW9sb6uF address, which are worth approximately $2.5 billion at current prices.[5] In his June 2019 testimony in this Court, Wright also acknowledged his ownership in various companies. Hrg. Tr. at 28:20–21 (June 28, 2019) ("I own percentages of the companies I've founded."). Additionally, less than two months before submitting his Form 1.977, Wright tweeted that he "live[s] very openly herein the UK. I own around 320 acres of different properties in Australia. *All under my name*." Ex. 6, @Dr_CSWright, Twitter (Feb. 6, 2023) (emphasis added). Further, documents produced by Wright's counsel in response to discovery requests make clear that various Antiguan entities are paying his legal bills, but those also were not identified anywhere on Wright's Form 1.977. (*E.g.*, Ex. 7, RM_00025 (bill paid by Round Rock Technology Inc.); Ex. 8, RM_00003 (bill paid by Still Meadow Holdings)).

Wright cannot avoid disclosing assets merely because he claims they were "transferred." *E.g.*, *Regions Bank v. MDG Frank Helmerich, LLC*, 118 So. 3d 968, 970 (Fla. Dist. Ct. App. 2013) (explaining that in post-judgment discovery and in the context of Form 1.977 "the creditor has the right to discover any assets the debtor might have that could be subject to levy or execution to satisfy the judgment, or assets that the debtor might have recently transferred" and that "the debtor's assets, whether held individually or jointly, are relevant to collecting the debt owed").

Furthermore, while Wright claims ███████████████████████, he is engaged in multiple litigations here, in the UK, and in Norway. It's difficult to reconcile how Wright is then affording all of these litigations.

---

[5] In addition to the purported legal ownership of the "1Feex…" address, Wright also purports to have *actual* control over it, as he provided a copy of a paper wallet containing the (encrypted) private key to that address as part of discovery. (Ex. 11) Wright could pay the entire judgment using less than 6% of the value of that address alone.

There are numerous other facial deficiencies in Wright's Form 1.977 as well, as he has not provided the required information and attachments. Specifically, Wright's Form 1.977 is missing:

- His phone number;

- Any spousal information besides his wife's name, *see*, *e.g.*, *Ass'n for Disabled Americans, Inc. v. Dinette Showcase, Inc.*, No. 00-8552-CIV, 2015 WL 9690016, at *2 (S.D. Fla. Dec. 9, 2015) (holding judgment debtor in contempt that refused to provide information about assets owned by him and his wife);

- Any information about his children;

- Any information about his real estate holdings, instead simply stating his real estate has been "▇▇▇▇" (*compare*. Ex. 6, @Dr_CSWright, Twitter (Feb. 6, 2023) ("I live very openly here in the UK. I own around 320 acres of different properties in Australia. All under my name."));

- Any information about his motor vehicles including copies of their registrations *(compare* Ex. 9 (May 11, 2021 Slack Message) ("I own an electric car."); Ex. 10 (Mar. 11, 2019 Slack Message) ("I own a Lambo."));

- His most recent pay stub;

- The last three statements for each bank, savings, credit union, or other financial accounts;

- Any financial statements, loan applications, or lists of assets and liabilities submitted to any person or entity within the last three years; and

- His last two income tax returns.

**WRIGHT'S CONDUCT IS SANCTIONABLE AND
WARRANTS CONTEMPT PROCEEDINGS**

This Court has already ordered that Wright complete Form 1.977 or else he will be held in contempt. His bad-faith filing of an "incomplete and inaccurate" Form 1.977 fails to comply with this Court's Order, and therefore constitutes contempt and is sanctionable. *See Millennium Funding, Inc. v. 1701 Mgmt. LLC*, 2022 WL 18456536, at *2 (S.D. Fla. Dec. 12, 2022) (holding judgment debtors in contempt), *report and recommendation adopted*, No. 21-CV-20862, 2023 WL 371932 (S.D. Fla. Jan. 24, 2023) (Bloom, J.); *see also*, *e.g.*, *Melikhov v. Drab*, 2021 WL 247979, at *6 (M.D. Fla. Jan. 19, 2021) (fining a judgment debtor for failure to "provide complete and accurate responses"), *report and recommendation adopted*, 2021 WL 859673 (M.D. Fla. Mar. 8, 2021); *PNC Bank, N.A. v. Disputesuite.com, LLC*, 2016 WL 6078328, at *2 (M.D. Fla. Sept. 26, 2016) (Form 1.977 must be "complete, accurate, and truthful"), *report and recommendation adopted*, 2016 WL 6037440 (M.D. Fla. Oct. 14, 2016).

The judgment debtor's conduct in *Millennium* has much in common with Wright's. In that case, the judgment debtor was "using legal structures such as trusts to conceal assets from plaintiffs," and transferred his bank accounts to other people's names. *Millennium Funding, Inc.*, 2023 WL 1863516, at *1–2. After holding a hearing, this Court issued a temporary restraining order prohibiting, among other things, "all persons in active concert or participation with any Judgment Debtor" from dissipating assets, and the judgment debtors from "directly or indirectly remov[ing] from any funds held in bank accounts under their name or under their control or in any way," and advising that "[f]or the avoidance of doubt" the order applied "to any trusts for which any Judgment Debtor is a beneficiary or has controlling power." *Id.* at *5. Similar measures are warranted here given Wright's contemptuous conduct and flouting of this Court's rules.

**REQUEST FOR RELIEF**

Accordingly, W&K respectfully requests that Wright should be ordered to appear before the Court and show cause why he should not be held in contempt and sanctioned. W&K also requests the following relief:

1. The Court issue a temporary restraining order broadly prohibiting any dissipation of assets held by any entity that Wright controls, directly or indirectly, or that Wright is a beneficiary of, directly or indirectly;

2. In light of his previous violations of court orders, and the fact that prior modest sanctions have not deterred Wright's repeated improper conduct, W&K requests that until the Form 1.977 is properly filled out, the Court:

    - impose sanctions of $250,000 per day;[6]

    - order a freeze on all accounts that make payments to Wright or on behalf of Wright, that includes all accounts used to pay his attorneys' fees. *See Guzman Mila v. Big Steve's Deli LLC*, No. 20-60367-CIV, 2021 WL 2784553, at *3 (S.D. Fla. Apr. 9, 2021), *report and recommendation adopted sub nom. Wilson v. Big Steve's Deli LLC*, No. 0:20-CV-60381, 2021 WL 2783877 (S.D. Fla. July 2, 2021) ("The Court thus has the equitable discretion to limit or deny payment of attorneys' fees from frozen funds.").

---

[6] W&K recognizes that $250,000 per/day is a large sanction, and is far larger than this Court ordered in the *Millennium Funding* case. In addition to the disparity in the size of the judgments in this case and that one militating in favor of more coercive sanctions, Wright has already proven that lesser sanctions will have no effect on him. Recall, earlier in this case Wright was found to have committed perjury, including in live testimony before Judge Reinhart. His sanction for that conduct was primarily that he be required to pay Plaintiffs' attorney's fees associated with the discovery at issue there. That amount was ultimately affixed at $165,800.09. DE 429. Although Wright did pay that amount, it did not deter his litigation misconduct as evidenced not only by the instant proceedings regarding Form 1.977, but in numerous other ways as well. DE 512.

3. That as a sanction, the Court order payment of all W&K's attorneys' fees incurred in connection with post-judgment proceedings, both to date and until the judgment is satisfied;

4. That the Court hold a hearing to show cause why Wright should not be held in civil and criminal contempt of court;

5. That Wright's Form 1.977's designation as "attorneys' eyes only" be removed, or at a minimum, reduced to merely confidential;

In the event these sanctions also fail to secure Wright's compliance, W&K will ask the Court to issue a warrant for Wright's arrest. *See, e.g., Melikhov*, 2021 WL 859673, at *1 ("[T]he Court reserves the right to issue a bench warrant to ensure Mr. Drab's compliance with this Order.").

Pursuant to Local Rule 7.1(d), this motion is time sensitive and requires a ruling as soon as possible as Wright's continued gamesmanship with respect to the Form 1.977 and ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮ lead Plaintiffs to believe he is, and will continue to, dissipate assets.

## S.D. FLA. L.R. 7.1 CERTIFICATION

In accordance with S.D. Fla. L.R. 7.1(a)(3), counsel for W&K conferred with counsel for Defendant, and they object to the relief requested.

Dated: April 20, 2023

Respectfully submitted,

By: */s/ Velvel Devin Freedman*
Velvel (Devin) Freedman, Esq.
FREEDMAN NORMAND FRIEDLAND LLP
1 SE 3rd Ave., Suite 1240
Miami, Florida 33131
vel@fnf.law

Joseph Delich
Stephen Lagos

9

FREEDMAN NORMAND FRIEDLAND LLP
99 Park Avenue, Suite 1910
New York, New York 10016
jdelich@fnf.law
slagos@fnf.law

Andrew S. Brenner, Esq.
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

*Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 20, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                             */s/ Velvel (Devin) Freedman*
                                             VELVEL (DEVIN) FREEDMAN