UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>Plaintiffs,<br><br>v.<br><br>CRAIG WRIGHT<br><br>Defendant. | CASE NO.: 9:18-cv-80176-BB/BR |

**W&K'S RESPONSE TO CRAIG WRIGHT'S SUPPLEMENTAL OPPOSITION[1]**

Wright's supplemental opposition to the Order to Show Cause (DE 969) is littered with unwarranted, unprofessional, and baseless attacks on counsel. Further, his arguments regarding the propriety of his assertion of "attorneys' eyes only" ("AEO") protection over his 1.977 Form are unsupported, unsupportable, illogical, and should be rejected.

*First*, Wright asserts that it is "crucial" his Form 1.977—which as this Court now knows contains essentially no information—remain designated as AEO because "[FNF] cannot be trusted not to share the information improperly with persons other than Ira Kleiman." Setting aside the obvious gap in Wright's logic (*i.e.*, that an attorney indifferent to court orders would be no more likely to comply with an AEO designation than a "confidential" designation), there is no basis whatsoever to conclude that FNF and its attorneys would violate a Court order and intentionally disclose information subject to a protective order. Although Wright claims that Mr. Roche "admitted that [FNF] has shared" confidential case information "with Ava Labs," Mr. Roche *did not* say that in the cited videos or otherwise. Wright's statement to the contrary is yet another

---

[1] W&K will separately reply to Wright's opposition on the merits, but filed this reply expeditiously given the Court's order at DE 967.

1

outright misrepresentation of fact to this Court. (*See, e.g.*, Dkt. No. 942 at 7 n.12.) Moreover, the authenticity of the videos Wright cites have now been called into question by an expert who opined that the evening videos "exhibit signs of . . . extensive manipulation," "cannot be accepted as reliable . . . of what was said," and that "to a reasonable degree of scientific probability," they "are the subject of manipulation that may include deepfake alterations." Exhibit 1.

But more fundamentally, *even if* Mr. Roche did make such a statement, it would be utterly irrelevant. As Wright and his counsel are well aware, Mr. Roche is not an attorney at FNF and he has no further involvement in this case. (*See* Dkt. No. 945 at 2-4.) FNF's remaining attorneys were not implicated in that video, have done nothing to question their integrity, "have been highly professional, ethical, and zealous advocates for their clients," (DE 951) and all remain officers of the Court subject to its discipline. On these indisputable facts, Wright's purported "concern[]" about FNF disregarding a Court order is frivolous.

*Second*, aside from his frivolous argument addressed from above, Wright does nothing to satisfy his "burden of showing why such information is entitled" to confidential, let alone AEO, treatment. (Dkt. No. 105-1 at 13.) Instead, Wright impermissibly attempts to shift the burden to W&K, arguing that W&K would not be prejudiced if it were precluded from reviewing the Form 1.977. That is not the applicable standard, and even if it were, Wright's argument would still fail. An "AEO designation is considered a 'drastic remedy given its impact on the party entitled to the information' as it 'limits the ability of the receiving party to view the relevant evidence, fully discuss it with counsel, and make intelligent litigation decisions.'" *Classic Soft Trim, Inc. v. Albert*, 2020 WL 13593864, at *3 (M.D. Fla. Jan. 15, 2020) (quoting *Ragland v. Blue Cross Blue Shield of N.D.*, 2013 WL 3776495, at *1 (D.N.D. June 25, 2013)). An AEO designation is, in other words, inherently prejudicial to the opposing party. Wright simply offers no reason why W&K's owner

should be deprived of information bearing on how it can collect its $143 million-plus judgment against him.

*Third*, Wright has already certified to the Court that he shared the unredacted form with his ex-wife and wife, whom he (falsely) claims are members of W&K. DE 954. He provides no explanation for why Mr. Kleiman, who even Wright admits is a member of W&K, should not be provided with an unredacted copy too.

*Fourth*, Wright similarly offers no basis for keeping W&K's Expedited Motion for Sanctions and an Order to Show Cause (Dkt. No. 966) under seal. A party requesting that documents "remain under seal has the burden to illustrate the need for these documents to remain confidential." *Chiron Recovery Ctr., LLC v. AmeriHealth HMO of N.J., Inc.*, 2018 WL 8582983, at *1 (S.D. Fla. Jan. 5, 2018). The burden is "high." *Ryzhov v. Mayorkas*, 2021 WL 4710491, at *2 (S.D. Fla. Oct. 7, 2021) (Bloom, J.). Indeed, "[t]o rebut the presumption in favor of public access, the requesting party must establish that sealing the records 'is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.* (quoting *Press-Enter. Co. v. Superior Ct. of Cal. for Riverside Cty.*, 478 U.S. 1, 9 (1986)). Wright has not pointed to any such "higher values" and has made no effort to "narrowly tailor[]" his request. His request should, accordingly, be denied. *Cf. Kleiman v. Wright*, 2022 WL 59676, at *1-2 (S.D. Fla. Jan. 6, 2022) (denying previous request from Wright to seal information, where he "made little effort to describe the particularized harm that would result from disclosure"); *Regions Bank v. Kaplan*, 2017 WL 11025768, at *2 (M.D. Fla. Dec. 11, 2017) ("Defendants' blanket assertion that the subject exhibits contain confidential business or financial information is insufficient to show good cause for sealing the filings."). This is especially true given the sparse information actually provided on the sheet.

## **CONCLUSION**

W&K respectfully requests, for the foregoing reasons, that Wright's Form 1.977 be de-designated as "confidential," certainly de-designated as "AEO," and that ECF No. 966 be unsealed.

Dated:  April 26, 2023

Respectfully submitted,

By: */s/ Velvel Devin Freedman*
Velvel (Devin) Freedman, Esq.
FREEDMAN NORMAND FRIEDLAND LLP
1 SE 3rd Ave., Suite 1240
Miami, Florida 33131
vel@fnf.law

Joseph Delich
Stephen Lagos
FREEDMAN NORMAND FRIEDLAND LLP
99 Park Avenue, Suite 1910
New York, New York 10016
jdelich@fnf.law
slagos@fnf.law

Andrew S. Brenner, Esq.
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

*Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on April 26, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                      */s/ Velvel (Devin) Freedman*
                                      VELVEL (DEVIN) FREEDMAN