UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>　　　Plaintiffs,<br><br>v.<br><br>CRAIG WRIGHT<br><br>　　　Defendant. | CASE NO.:  9:18-cv-80176-BB/BER |

**W&K's REPLY IN SUPPORT
OF EXPEDITED MOTION FOR SANCTIONS AND ORDER TO SHOW CAUSE
WHY DEFENDANT CRAIG WRIGHT SHOULD NOT BE HELD IN CONTEMPT**

　　　Wright resisted filling out Form 1.977 (the "Form"), relying in part on an argument this Court rightly labeled "a frivolous exercise in meaningless semantics." ECF No. 939. After failing in that endeavor, he appealed the ruling to the District Court. There, not only were his arguments rejected again, but Wright was ordered to complete the Form on pain of contempt. When the Form was due, he served it only on his wife and ex-wife, returning to his specious and repeatedly rejected argument that the undersigned law firms were no longer authorized to act on behalf of W&K in these proceedings. Within 24 hours, this Court *sua sponte* ordered Wright to serve the Form on the undersigned.

　　　Wright proceeded to produce a "completed" Form with virtually none of the required information or documents. W&K promptly moved for Sanctions and an Order to Show Cause given Wright's obvious contempt for this Court's and Judge Bloom's authority. Wright now admits that he "is able to provide" information responsive to the Form, failed to provide it voluntarily,

and instead asks "the Court [to] simply order him to provide that information now." ECF No. 968. In short, he wants a "do-over." Or, as he frames it, since he "filled out the form when ordered to do so," he should not be in contempt, regardless of his initial refusal to send the Form to the undersigned and his intentional failure to supply a single substantive response. This position, and the others taken by Wright in his Opposition, demand Wright be sanctioned and that he be ordered to appear before the Court and show cause as to why he should not also be held in contempt.[1]

*First*, Wright's position that he filled out the Form in compliance with the Court's Orders but did not do so "in the way the law firms think he ought to have," is meritless. Opp. at 1. Only "conduct that evinces *substantial* [] compliance" and that "was made as part of a good faith effort" to comply with a court order that will avoid a contempt finding. *S.E.C. v. Solow*, 682 F. Supp. 2d 1312, 1325 (S. D. Fla. 2010) (quoted by Wright in his Opposition). Wright's responses here were neither accidental nor a misstep made in good faith. His scribbled, bad-faith responses devoid of any substantive information demonstrate that. To be sure, Wright could have produced a corrected form or supplemented his responses simultaneously with his opposition. He did not. Nor did he indicate a single item on the Form that he is willing to supplement, or a single document required by the Form he is willing to produce. And, of course, "Wright does not write on a clean slate." ECF No. 277. He therefore does not deserve yet another opportunity to do something he has already been ordered to do.

*Second*, Wright claims that the "duty of confidence" in British law prohibits him from disclosing financial information of his wife, ex-wife, and adult children. This is a distraction. ECF

---

[1] *See e.g.*, ECF No. 903 (Motion to Compel Form 1.977), 903 (Order granting Motion to Compel), 946 (Wright's Appeal of Order granting Motion Compel), 953 (Order overruling appeal and affirming Motion to Compel), 954 (Wright's notice of providing the form **only** to his wife and ex-wife), 956 (Order demanding Wright serve form to W&K's counsel).

Nos. 939, 953. If Wright wanted to argue British law prevented him from completing the Form (it does not), then he should have raised it in his Opposition to Plaintiff's Motion to Compel. He failed to do so and has waived this argument. Fed. R. Civ. P. 44.1 (setting forth notice requirements for raising foreign law); *Pulte Home Corp. v. Osmose Wood Preserving, Inc.*, 60 F.3d 734, 739 n.15 (11th Cir. 1995) (holding choice of law issue was waived where the appellant argued for the application of Florida law and changed course only after district court's ruling for the appellee).

Besides, the bulk of the form calls for *personal* financial information that has nothing to do with Wright's extended family. Wright has not produced a shred of personal financial information on the Form. Where are Wright's personal tax returns? Where are his personal paystubs? Where are his recent personal financial statements? Where are his car registrations? His half-baked assertion that British common law precludes judgment collections efforts in this case is nonsense. Moreover, his citation to British law seems to be on behalf of his wife, Ramona Ang. But she has repeatedly submitted herself to the jurisdiction of this Court (and the state court in Florida) by seeking affirmative relief. ECF Nos. 926, 928, 935, 959; *Babcock v. Whatmore*, 707 So. 2d 702, 704 (Fla. 1998) ("We agree with the above reasoning of the federal and Florida courts that adhere to its reasoning and hold that a defendant waives a challenge to personal jurisdiction by seeking affirmative relief—such requests are logically inconsistent with an initial defense of lack of jurisdiction.").

Moreover, the law governing breach of confidence in the United Kingdom provides that there must be an *unauthorized* use of the information to the detriment of the owner to constitute a

breach.[2]  The "disclosure of confidential information will not be restrained where there is a just cause or excuse for disclosing. https://www.hse.gov.uk/enforce/enforcementguide/court/reporting-breach.htm, citing *Malone v Metropolitan Police Commissioner* [1979] 2 WLR 700 at 716; *see also W v Edgell* [1990] Ch. 389; *R v Crozier* [1991] Crim LR 138, CA.  Indeed, **where there is a legal basis for disclosing information such as a court order, it may be disclosed**. https://www.health-ni.gov.uk/articles/common-law-duty-confidentiality.  The circumstances at hand – complying with a U.S. District Court Order – is a circumstance where disclosure is appropriate.

Relatedly, Wright's claim that English jurisprudence on the meaning of "beneficial ownership" effects his obligation to disclose his assets here is absurd.  Wright swore to his ownership of the Tulip Trust Limited (whether in part or whole), which purportedly owns bitcoin worth over $2.5 billion.  *See* Mot. at 4-5.  Now, Wright argues that whether "beneficial ownership . . . connotes equitable ownership" under English law determines whether he can legally disclose the asset as his own.  He cannot admit to ownership of the TTL in one proceeding but simultaneously in another say his admission "cannot be taken as an admission" until the English proceeding is adjudicated.  Opp. at 6.  Wright either has a claim to the assets or he does not.  The English Court's decision has no bearing on whether Wright must disclose the asset on the Form.

Finally, even if English law would subject Wright to unidentified penalties for disclosing the information (again, it would not), it still would be appropriate to hold him in contempt in this proceeding.  *See In re Grand Jury Proc.*, 691 F.2d 1384, 1390 (11th Cir. 1982) (affirming contempt

---

[2] For an action for breach of confidence to be successful, it must be established that 1) the information has the necessary degree of confidence about it; 2) the information was provided in circumstances importing an obligation of confidence; and 3) there was an unauthorized use or disclosure of that information and, at least, the risk of damage.  *See* https://www.hse.gov.uk/enforce/enforcementguide/court/reporting-breach.htm.

4

sanctions against bank subpoenaed "to disclose information before a grand jury even though the very fact of disclosure may subject the Bank to criminal sanctions by a foreign sovereign").

***Third***, Wright argues that Plaintiff's motion is a "bald unsupported accusation" because Plaintiff's evidence consisted mostly of social media statements about Wright's wealth. Opp. at 5. This is simply untrue, as the greater portion of Plaintiff's evidence was Wright's **own sworn testimony**. *See e.g.*, Mot. at 4-5 (*e.g.*, June 28, 2019, Hrg. Tr. at 28:20–21 ("I own percentages of the companies I've founded.")). Regardless, Wright's statements on social media are party admissions. *See United States v. Garcia*, 778 F. App'x 779, 785 (11th Cir. 2019) ("any [social media] post or message could be admitted into evidence as a party admission under Federal Rule of Evidence 801(d)(2)"); Day 8, Tr. 10:21–24 (observing that the parties' joint trial exhibits included Wright's social media posts). Moreover, Wright's argument about how his social media statements "boast[ing] about how much money he has" are an "overstatement" of his wealth contradicts the entire premise of his own expert's opinion at trial that Wright is "truthful to a fault." Day 14, Tr. 35:12-15 (Dr. Wright's autism expert, Dr. Ami Klin, who diagnosed Wright as autistic at his counsel's request after this Court's prior sanctions order, testifying at trial that people with autism, like Dr. Wright, are "truthful to a fault. Basically sticking to the facts even if that's very self-incriminating."); *see also id*. at 44:13-15 (BLOOM: "Dr. Klin has already testified that he believes that Dr. Wright is literal in his interpretation and his communication.").

***Fourth***, Plaintiff <u>agrees</u> that the imposition of criminal contempt requires due process (i.e., notice and the opportunity to be heard) and nowhere in its Motion does it indicate otherwise. That process is exactly what Plaintiff is asking the Court to do – hold the inquiry and determine whether to impose criminal contempt sanctions to punish Wright for his willful violation of this Court's

5

orders, in addition to the imposition of civil sanctions. *See* Mot. at 9, ¶ 4 (asking the Court to hold a hearing on contempt).

Wright has mocked this Court's authority over him from the inception of this lawsuit,[3] and the Court's contempt power is exactly the vehicle by which the Court may protect itself from insult and enforce its judgments. *Bessette v. W.B. Conkey Co.*, 194 U.S. 324, 333 (1904) (contempt power "has been uniformly held to be necessary to the protection of the court from insults and oppressions while in the ordinary course of its duties, and to enable it to enforce its judgments and

---

[3] For example, in the days after this Court previously ordered sanctions against him, Wright admitted publicly that he had been lying to the Court about his control over his bitcoin holdings and cast aspersions on this Court. Brendan Sullivan, EXCLUSIVE: First interview with Craig Wright after judge orders him to pay $5 billion in bitcoin, MODERN CONSENSUS (August 26, 2019) ("I could have tanked the market anytime in the last 10 years"), available at https://modernconsensus.com/cryptocurrencies/bitcoin/exclusive-interview-with-craig-wright-just-after-ordered-topay-5-billion-in-bitcoin/2; MetaNetTV Livestream A MetaNetTV Livestream August 2019 – Dr. Craig S. Wright, available at https://youtu.be/mBNT7X5sjPM?t=1539 at 26:01 (calling Judge Reinhart a "silly judge" the day after this Court entered significant sanctions against him).

Wright's disregard for the Court continued through trial, where he mocked and intimidated witnesses on social media even as he sat in the courtroom. Day 8 Tr. 7:1–8, 13:23–15:7 (discussion of Wright making insulting posts during Ira Kleiman's testimony); Day 10 Tr. 73:2-74:1 (admonishing Wright for witness intimidation during trial); *see also* Day 9 Tr. 60:18-21 (admonishing Wright for "offensive language" during his testimony).

Another symptom of Wright's lack of respect for the Court's authority is the way he misrepresents the record to the Court as a matter of course. *See, e.g.*, ECF No. 454 at 7 ("As an initial matter, Defendant mischaracterizes the record."); *id.* at 15 ("Upon review, the Court finds that Defendant has mischaracterized the Discovery Order."); *id.* at 17-18 ("Moreover, Defendant's contention that Judge Reinhart ignored his objection on this issue . . . is inaccurate."); ECF No. 361 at 2 ("This Court notes, however, that this position misrepresents the record in this case."); ECF No. 615 at 91 ("Defendant has not presented record evidence supporting this defense other than a mischaracterization of the SAC's allegation."); *id.* at 63–64 ("In this regard, Defendant inaccurately maintains that Plaintiffs 'expressly alleged that this purported oral partnership was intended to last three years' . . . The Complaint makes no such allegation.").

And of course, most recently, despite forcing Plaintiff to move to compel him to complete Form 1.977 and being ordered (twice) to complete it, and despite his motion for disqualification having been denied, Wright still failed to deliver anything to undersigned counsel until yet another order issued from this Court *sua sponte*.

orders necessary to the due administration of law and the protection of the rights of suitors"). Thus, the initiation of criminal contempt proceedings is appropriate here.

*Fifth*, Wright states that the Court cannot freeze the assets of third-party accounts, but his argument is only that Plaintiff "side-stepped" Florida law because Plaintiff has not instituted proceedings supplementary to *collect* from the third-party Antiguan accounts paying Wright's legal bills. Nowhere in Plaintiff's briefing has it asked or attempted to collect from these accounts (at least at this juncture). At the time Plaintiff decides to do so, it will employ the proper procedures under Florida and federal law. Right now, Plaintiff is requesting a freeze on payments of Wright's attorney's fees from the third-party accounts, and to otherwise not allow Wright to use third party assets to further evade collection of the Judgment, as a modest sanction to deter Wright's repeated improper conduct. Mot. at 8, ¶ 2; *see Guzman Mila v. Big Steve's Deli LLC*, No. 20-60367-CIV, 2021 WL 2784553, at *3 (S.D. Fla. Apr. 9, 2021), *report and recommendation adopted sub nom. Wilson v. Big Steve's Deli LLC*, No. 0:20-CV-60381, 2021 WL 2783877 (S.D. Fla. July 2, 2021) ("The Court thus has the equitable discretion to limit or deny payment of attorneys' fees from frozen funds.").

*Finally*, Wright claims a sanction of $250,000 a day is impermissibly punitive. He is wrong. It is coercive, not punitive. Wright, a self-proclaimed "multi-billionaire," would surely not feel a smaller sanction and could easily afford to pay a smaller daily fine. His privilege should not render this Court powerless to compel his compliance – which he can voluntarily provide at any time. Stated simply, the daily sanction must be coercive and under these facts, a significant sanction is required. It is for this reason W&K seeks $250,000 per day in addition to the other relief requested.

Accordingly, Plaintiff requests that the Court grant its Motion and order the relief described in the Motion for Sanctions, including for Wright to appear before the Court to show cause as to why he should not be held in contempt.

Dated: May 2, 2023

Respectfully submitted,

By: */s/ Andrew S. Brenner*

Andrew S. Brenner, Esq.
BOIES SCHILLER FLEXNER LLP
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

Maxwell V. Pritt, Esq. (Admitted Pro Hac Vice)
BOIES SCHILLER FLEXNER LLP
44 Montgomery Street, Floor 41
San Francisco, CA 94104
mprit@bsfllp.com

Velvel (Devin) Freedman, Esq.
FREEDMAN NORMAND FRIEDLAND LLP
1 SE 3rd Ave., Suite 1240
Miami, Florida 33131
vel@fnf.law

Joseph Delich
Stephen Lagos
FREEDMAN NORMAND FRIEDLAND LLP
99 Park Avenue, Suite 1910
New York, New York 10016
jdelich@fnf.law
slagos@fnf.law

*Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 2, 2023, a true and correct copy of the foregoing has been transmitted by electronic filing with the Clerk of the Court via CM/ECF, which will send notice of electronic filing to all counsel of record.

By: */s/ Andrew S. Brenner*
Andrew S. Brenner, Esq.