UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-80176-BB/BER

IRA KLEIMAN, and
W&K INFO DEFENSE, LLC,

        Plaintiffs,

v.

CRAIG WRIGHT,

        Defendant.

_____/

### ORDER ON MOTION FOR SANCTIONS [ECF Nos. 963, 966] AND ORDER TO SHOW CAUSE [ECF No. 967]

The current dispute revolves around Defendant's alleged failure to properly complete the Debtor Fact Information Form 1.977 from the Florida Rules of Civil Procedure ("the Form"). Judge Bloom has referred all post-judgment matters to me. ECF No. 923.

### I.    BACKGROUND

Plaintiff W&K Info Defense, LLC (W&K) moves for sanctions and an order to show cause why Defendant Dr. Craig Wright should not be held in contempt for not truthfully and fully completing the Form ("the Sanctions Motion"). ECF Nos. 963 (redacted Sanctions Motion); 966 (unredacted Sanctions Motion, under seal).

W&K holds a $143,132,492.48 judgment against Dr. Wright. ECF No. 889. To try to collect that judgment, W&K invoked Florida Rule of Civil Procedure 1.560(b), as incorporated by Federal Rule of Civil Procedure 69(a), to have the Court order

Dr. Wright to complete the Form. Over Dr. Wright's objection, on March 1, 2023, I ordered him to complete the Form. ECF No. 939. He was required to comply by April 1, 2023. *Id*. The Form directs, "You must mail or deliver this completed form, with all attachments, to the judgment creditor or the judgment creditor's attorney."

Judge Bloom later affirmed my order but extended the compliance date to April 3, 2023. ECF No. 953 ("Compulsion Order"). The Compulsion Order said in relevant part:

1. Dr. Wright's Objections, ECF No. [946], are OVERRULED, and Judge Reinhart's Order on W&K's Motion to Compel, ECF No. [939], is AFFIRMED.

2. Dr. Wright shall COMPLY with Judge Reinhart's Order, ECF No [939], which requires Dr. Wright to complete Form 1.977 no later than April 1, 2023. However, given that April 1 falls on a Saturday, Dr. Wright has until the next business day, April 3, 2023, to complete the Form.

3. Failure to complete Form 1.977 by April 3, 2023 will result in Dr. Wright being held in contempt.

*Id*. at 5.

On April 3, 2023, Dr. Wright filed a Notice of Filing Statement that reported he had served the completed Form "to Ramona Ang, as Trustee of the Tulip Trust, and Lynn Wright, who are members of W&K." ECF No. 954 at 2. The next day, I ordered him to serve copies of the Form to the three lawyers who have entered appearances for W&K. ECF No. 956. Dr. Wright designated the Form as "Highly Confidential — Attorney's Eyes Only" ("AEO") under this case's Stipulated

2

Confidentiality Order. ECF No. 105-1. W&K objected to the AEO designation. ECF No. 962.

On April 20, 2023, W&K filed a Motion for Sanctions and Order to Show Cause. ECF Nos. 963, 966. Appended as Exhibit 1 to that Motion was a copy of the Form as produced by Dr. Wright. ECF No. 966-1. Because Dr. Wright had designated the Form as AEO, the Confidentiality Order required W&K to file the unredacted Sanctions Motion under seal; W&K filed a redacted version in the public record. ECF Nos. 962 (Motion to Seal); 965 (Order Granting Motion to Seal). I ordered Dr. Wright to show cause why the Form's AEO designation should not be stricken and the Form should not be unsealed. ECF No. 967.

Dr. Wright has responded to the Sanctions Motion and the Order to Show Cause. ECF Nos. 968, 969. W&K filed its Replies. ECF Nos. 970, 972. The matter is ripe for decision.

## II. DISCUSSION

*A. Contempt*

In a non-consent case such as this one, a United States Magistrate Judge cannot hold a person in civil contempt or indirect criminal contempt (i.e., a contempt occurring outside the Court's presence). 28 U.S.C. § 636(e)(6)(B). Instead, if the person's conduct, "in the opinion of the magistrate judge," constitutes an indirect criminal contempt or a civil contempt, "the magistrate judge shall forthwith certify the facts to a district judge" for further proceedings. *Id.*

3

The sanction of civil contempt "may be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *Local 28 of Sheet Metal Workers' Int'l Ass'n v. EEOC,* 478 U.S. 421, 443 (1986) (internal quotation marks and citation omitted), *cited and quoted in F.T.C. v. Leshin*, 719 F.3d 1227, 1231 (11th Cir. 2013). "A finding of civil contempt must be supported by clear and convincing evidence . . . The evidence must establish that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Jysk Bed'N Linen v. Dutta-Roy*, 714 Fed. Appx. 920, 922 (11th Cir. 2017) (citations omitted).

Criminal contempt is punitive. "The three elements of criminal contempt are (1) a lawful and reasonably specific order that (2) the defendant violated (3) willfully." *Romero v. Drummond Co., Inc.,* 480 F.3d 1234, 1242 (11th Cir. 2007). For allegedly contemptuous conduct occurring outside the Court's presence, (i.e., an indirect contempt) additional procedural safeguards apply. *Id*. at 1242-43.

W&K argues that Dr. Wright acted contemptuously because the Form (1) omits required information and (2) includes false information. W&K asks for a hearing to determine whether Dr. Wright should be held in civil and criminal contempt of court for not complying with the Court's Order to complete the Form. The requested contempt sanctions are:

4

(1) a temporary restraining order "prohibiting any dissipation of assets held by any entity that Wright controls, directly or indirectly, or that Wright is a beneficiary of, directly or indirectly."

(2) sanctions of $250,000 per day,

(3) a freeze on "all accounts that make payments to Wright or on behalf of Wright, that includes all accounts used to pay attorneys' fees;" and,

(4) an award of W&K's attorneys' fees incurred for all past and future post-judgment litigation.

ECF No. 966 at 8-9.[1] Dr. Wright responds that contempt proceedings are not warranted. He says:

> With respect to much of the information requested by Form 1.977, and the alleged deficiencies cataloged in the contempt motion, Dr. Wright does not have the information the law firms say they seek, it doesn't relate to asset [sic] **he** owns, he does not have access to it and is unable to collect it. Even if he could obtain the data, it is doubtful he could disclose it under British law, with which Dr. Wright is required to comply as a resident of the United Kingdom.
>
> . . .
>
> With respect to the additional information requested on the form that Dr. Wright *is* able to provide, the Court can simply order him to provide that information now, without a finding of contempt.

ECF No. 968 at 4 (emphasis in original).

On the present record, there is *prima facie* evidence of contemptuous conduct. Most notably, despite Judge Bloom's Compulsion Order, Dr. Wright refused to

---

[1] W&K also asks that the AEO designation be stricken from the Form. ECF No. 966 at 9. That request is moot in light of the ruling on the Court's Order to Show Cause.

5

provide basic information about his spouse and her assets. A section of the Form requires disclosures about the debtor's spouse and the spouse's assets. Dr. Wright identified his spouse by name on the Form, but did not provide any of the other required information about her or her assets. He crossed out the relevant portion of the Form and wrote "N/A" across it:

[Form excerpt showing Marital Status: M, Spouse's Name: Ramona Ang, with Spouse Related Portion crossed out and "N/A" written across it]

ECF No. 966-1. Dr. Wright is required to provide this information about his spouse. *See Ass'n for Disabled Americans, Inc. v. Dinette Showcase, Inc.*, No. 00-8552-CIV, 2015 WL 9690016, at *2 (S.D. Fla. Dec. 9, 2015) (J. Ryskamp) (citing Fla. R. Civ. P. 1.560). His refusal to do so was non-compliant with Judge Bloom's Order (ECF No. 953) and is therefore potentially contemptuous. *Millennium Funding, Inc. v. 1701 Mgmt. LLC*, No. 21-CV-20862, 2022 WL 18456536, at *2 (S.D. Fla. Dec. 12, 2022) (J. Otazo-Reyes), *report and recommendation adopted*, No. 21-CV-20862, 2023 WL 371932 (S.D. Fla. Jan. 24, 2023) (J. Bloom). W&K has also presented evidence that, based on other statements or conduct by Dr. Wright, other information on the Form is incomplete or false. Given this *prima facie* evidence, it is proper for me to conduct an evidentiary hearing to determine if I should certify these facts to Judge Bloom for contempt proceedings.

6

I am mindful that Dr. Wright argues that (1) the Form is accurate, (2) he does not have certain information required by the Form and/or (3) he is legally prohibited from disclosing other information required by the Form. If those facts are correct, his conduct would not be contemptuous. He will be given a full opportunity to make that showing, to challenge W&K's evidence to the contrary, and to argue why I should not certify facts to Judge Bloom.

I reject Dr. Wright's argument that I should defer contempt proceedings until he has a chance to correct any defects in the Form. Curing the Form now might preclude the Court from imposing coercive civil contempt sanctions, but it does not eliminate the possibility of remedial civil contempt or criminal contempt. *See F.T.C. v. Garden of Life, Inc.*, 516 F. App'x 852, 860 (11th Cir. 2013) ("While the need for coercive sanctions vanishes when the contumacious conduct ceases, a court retains the power to assess compensatory fines in civil contempt.").

B. *"Attorneys' Eyes Only" Designation*

The Stipulated Confidentiality Order states:

> 8. "Highly Confidential—Attorneys' Eyes Only" Designation. A Party or non-party responding to a subpoena may designate as "Highly Confidential—Attorneys' Eyes Only" any document or portion of a document and any other thing, material, testimony or other information, that includes (1) trade secrets or (2) highly sensitive non-public commercial financial information or highly sensitive private corporate information relating to any current business in which a Party has an interest and which it reasonably and in good faith believes that disclosure to persons other than those specified herein in paragraph 14 could reasonably be expected to result in injury to that Party or non-party.

7

ECF No. 105-1, ¶11. It further requires that documents designated AEO must be filed under seal if they are part of any court filing. *Id.* ¶11.

Dr. Wright made several arguments in response to the Order to Show Cause. ECF No. 969. His justification for the designation is "Roche Freedman [sic] cannot be trusted not to share the information improperly with persons other than Ira Kleiman." ECF No. 969 at 1.[2] He continues, "Dr. Wright believes that, if Roche Freedman [sic] is permitted to share his private financial information outside of the law firm, it could result in the disclosure of that information to non-parties." *Id.* He also says he is concerned that given the media interest in this case, allowing opposing counsel to share the Form "with *anyone* carries far too much risk that Dr. Wright's personal financial information will end up all over the Internet." *Id.* at 2-3 (emphasis in original). Finally, he argues, "[T]here is no prejudice to W&K from the 'Attorneys' Eyes Only' designation. That designation does not in any way hamper Roche Freedman [sic] from pursuing judgment collection efforts on behalf of W&K. There is no reason why Ira Kleiman *personally* needs access to the confidential information in order to collect the W&K judgment." *Id.* at 3 (emphasis in original).

First, Dr. Wright's argument that unsealing the form will reveal sensitive personal financial information is factually false. I conducted an *in camera* review of the Form. It discloses only the following information:

- Dr. Wright's full legal name

---

[2] The firm formerly named Roche Freedman LLP is now Freedman Normand Friedland, LLP.

8

- His nickname
- His residence address
- The name of his employer
- His job description
- His annual salary
- His birthdate
- His marital status
- His spouse's name
- The fact that he has adult children of unspecified ages
- That he is the head of his household
- He owns no vehicles
- He is owed money by Ira Kleiman and W&K pursuant to two judgments that are identified on the Form and are (presumably) a matter of public record
- He is owed £1 on a debt from someone else

It does not identify any bank accounts, vehicles, real property, or other assets. It does not identify his spouse's address, birthdate, other identifiers, or assets. There is no reasonable interpretation that would support the conclusion that the Form reveals sensitive personal financial information.

Second, even a cursory review shows that the information on the Form cannot be designated as "Attorney's Eyes Only" under the Confidentiality Order. It is not "(1) trade secrets or (2) highly sensitive non-public *commercial* financial information or highly sensitive private *corporate* information relating to any current business in

9

which a Party has an interest." Therefore, the designation was improper from the beginning.

Third, the purpose of the Form is to provide the judgment creditor with information that can be used to collect the debt. It would violate the Confidentiality Order for a lawyer to disclose AEO information to a non-party who has information about, or possession of, Dr. Wright's assets. ECF No. 105-1 ¶15. To allow the Form to be designated as AEO and thereby preclude W&K from sharing it with necessary non-parties (as Dr. Wright proposes) would effectively render it useless for its intended purpose.[3]

Dr. Wright's response did not address why the Form should remain sealed, so he has abandoned that argument. *See Jones v. Bank of Am., N.A.*, 564 F. App'x 432, 434 (11th Cir. 2014) ("[w]hen a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned.") (brackets in original) (citation omitted). Even if I were to reach the merits, I would find that sealing is not warranted.

How parties designate discovery documents does not control whether the documents should be sealed if they are part of a Court filing. Sealing is governed by the public's qualified right to access judicial records. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310-12 (11th Cir. 2001); *Nixon v. Warner*

---

[3] I also note that Dr. Wright's arguments are internally contradictory. He first argues that opposing counsel cannot be trusted not to share the Form "with persons other than Ira Kleiman." He later argues, "There is no reason why Ira Kleiman personally needs access" to the Form.

10

*Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). A court can seal a filing from public view only if a compelling reason exists. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) ("The common law right of access may be overcome by a showing of good cause, which requires balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.") (brackets in original) (quoting *Chicago Tribune,* 263 F.3d at 1309). As discussed above, the Form does not disclose any sensitive confidential information and Dr. Wright has not articulated a valid, let alone compelling, reason why the Form should be sealed.

### III.  CONCLUSION

WHEREFORE:

1. It is ORDERED that the **Clerk of Court shall unseal Docket Entry 966 and its exhibits.**

2. It is further ORDERED that on or before **May 18, 2023**, Dr. Wright and his counsel shall show cause why they should not be sanctioned under 28 U.S.C. §1927 and/or the Court's inherent authority for designating the Form as "Attorney's Eyes Only," insisting that it be filed under seal, and persisting in that position in response to the Court's Order to Show Cause. *See, e.g, Sciarretta v. Lincoln Nat. Life Ins. Co.,* 778 F.3d 1205, 1212-13 (11th Cir. 2015); *Amlong & Amlong, P.A., v. Denny's Inc.,* 500 F.3d 1230, 1239 (11th Cir. 2007). W&K may file a response on or before **June 1, 2023**.

3. It is further ORDERED that the Court will conduct an **in-person evidentiary hearing on July 6, 2023, at 10:00 a.m. at the U.S. Courthouse, 701 Clematis Street, West Palm Beach, Florida**, to determine whether to certify facts related to Dr. Wright's alleged non-compliance with the Compulsion Order to Judge Bloom for further contempt proceedings. If Dr. Wright intends to argue that foreign law prohibits him from disclosing information required by Form 1.977, he shall file a Memorandum of Law on that issue on or before **May 31, 2023**. W&K may file a response on or before **June 14, 2023**.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 4th day of May 2023.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE