UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

      plaintiffs,

v.                                                                                    Case No. 9:18-cv-80176 (BB/BR)

CRAIG WRIGHT.
_____/

**MEMORANDUM OF LAW IN RESPONSE
TO ORDER ON MOTION FOR SANCTIONS**

      In response to the Order on Motion for Sanctions and Order to Show Cause dated May 5, 2023 [DE 973], Craig Wright submits this memorandum of law, supported by the expert opinion of King's Counsel David Cavander and the Declaration of Ramona Ang, to set forth the laws of the United Kingdom that prohibit him from obtaining and disclosing financial information pertaining to Ms. Ang, and her adult children.

**PRELIMINARY STATEMENT**

      The Court has ordered Dr. Wright to complete a financial disclosure statement that requests information *he does not have* about Ms. Ang and her grown children. So, for Dr. Wright to disclose the information requested on the form, he would need to get it from Ms. Ang and her children. But under English law, Dr. Wright can't get that information without authorization, which Ms. Ang has expressly refused to give, or without obtaining an order of an English court directing Ms. Ang and her children to share the information with Dr. Wright. Absent either of those things, it is impossible for Dr. Wright to obtain or share the information he has been ordered to provide without risking both civil and criminal liability under English law. Any order

1

of contempt based on his failure to disclose information he is not legally able to obtain or disclose would therefore be improper.

## RELEVANT FACTS AND PROCEDURAL HISTORY

On March 3, 2023, the Court ordered that Dr. Wright complete Form 1.977 by April 1, 2023. [DE 939.] Form 1.977 is a financial disclosure statement that a judgment debtor is required to complete upon order of the court. The form requests that the judgment debtor disclose not only his own personal financial information, but also information concerning his spouse and adult children, including his spouse's "average paycheck and income," the names and addresses of all children, and "other family income." [DE 963-1.]

On April 4, 2023, the Court ordered Dr. Wright to provide the form to all counsel who had appeared for W&K Info Defense Research LLC ("W&K"), the judgment debtor in this action. [DE 956]. Dr. Wright complied and provided the form to counsel with an "Attorney's Eyes Only" ("AEO") designation. Dr. Wright disclosed annual payments received from his employer, nChain, but did not disclose any financial information relating to Ms. Ang or her adult children. *Id.*

On April 20, 2023, the law firms filed on behalf of W&K a motion for sanctions and contempt ("Motion for Sanctions") against Dr. Wright. [DE 963.] The Motion for Sanctions alleged, in part, that Dr. Wright failed to complete the form fully and improperly designated the form AEO. On April 20, 2023, the Court ordered Dr. Wright to show cause why the AEO designation should not be stricken. [DE 967].

On April 25, 2023, Dr. Wright responded to the Motion for Sanctions on the merits, arguing, among other things, that he did not possess much of the third-party information requested by the form and, even assuming he could gather the data, English law prohibited him

2

from doing so and disclosing it. [DE 968 at 4]. On April 26, Dr. Wright supplemented his response to explain why the AEO designation was not improper. [DE 969]. On May 2, 2023, the law firms filed a reply in support of their Motion for Sanctions, in which they characterized Dr. Wright's argument that English law prohibits him from disclosing third-party information as both a "distraction" and incorrect. [DE 972 at 3-4].

On May 5, the Court entered its Order on Motion for Sanctions and Order to Show Cause. [DE 973.] The Court ordered that Dr. Wright and his counsel at Rivero Mestre show cause why they should not be sanctioned for the AEO designation, scheduled an in-person contempt hearing, and directed Dr. Wright to submit a memorandum of law on the issue of whether foreign law prohibits him from disclosing information requested by Form 1.977. Rivero Mestre and Dr. Wright responded to the Order to Show Cause on the issue of the AEO designation on May 24 and 25, respectively. Dr. Wright follows with this memorandum of law to set forth the laws of the United Kingdom that prohibit him from gathering and disclosing private financial information belonging to Ms. Ang and her children.

## ARGUMENT

I. **DR. WRIGHT DOES NOT POSSESS FINANCIAL INFORMATION RELATING TO MS. ANG OR HER ADULT CHILDREN**

As a preliminary matter, Dr. Wright does not possess any of Ms. Ang's financial information. Ms. Ang, a Singaporean citizen and resident of the United Kingdom, attests to that fact in a May 29, 2023 Declaration, attached as **Exhibit A**. While Ms. Ang and Dr. Wright are married, their finances are entirely separate. *Id*. at ¶ 4. As far as Ms. Ang is aware, Dr. Wright does not know anything about her financial affairs and, even if he did (he doesn't), she would not permit him to share the information in these proceedings. *Id*. She states that Dr. Wright would have to access electronic files on her computers to obtain her financial information and records,

3

which "would be totally unacceptable and illegal" for him to do without her permission, which she "expressly refuse[s]" to give. *Id*. at ¶¶ 6-7.

As to the information Form 1.977 requests about children of the debtor, Dr. Wright does not have that information either. In fact, Dr. Wright does not have children of his own; Ms. Ang has two adult children, but Dr. Wright is not their biological or adoptive father. *Id*. ¶ 5. Dr. Wright has no right to obtain "family income" information from those unrelated adults who have their own privacy rights. Simply put, Dr. Wright does not have in his possession the information he has been ordered to disclose. And, as set forth below, he doesn't have the right under English law to obtain it.

## II. ENGLISH LAW PROHIBITS DR. WRIGHT FROM OBTAINING AND DISCLOSING THIRD-PARTY FINANCIAL INFORMATION

King's Counsel David Cavander is a senior barrister in London who specializes in commercial dispute resolution. He is one of a select few barristers recognized as King's Counsel, which is an office conferred by the Crown. Mr. Cavander received a First Class Bachelor of Law degree from Kings College in London, and has led a distinguished, complex commercial practice for 30 years. A copy of his curriculum vitae is attached as **Exhibit B.** Mr. Cavender was asked to prepare an opinion on the limits and constraints of English law with respect to the disclosure of third-party financial information, in response to this Court's May 5, 2023 Order. [DE 973.] In short summary, his opinion is this: English law prohibits Dr. Wright from disclosing private financial information belonging to Ms. Ang and her adult children absent their permission or order of an English court. A copy of Mr. Cavander's expert opinion is attached as **Exhibit C.**

English law recognizes a duty of confidence, which arises where: (i) the information is confidential by nature; and (ii) a party has notice and ought reasonably to know that the information is confidential. *See* Ex. C at ¶ 4, citing *Attorney General v Guardian Newspapers*

4

*Ltd* (No 2) [1990] 1 AC 109 per Lord Goff of Chieveley at 281, *Vestergaard Frandsen A/S v Bestnet Europe Ltd* [2013] UKSC 31 at [23]. Article 8 of the European Convention on Human Rights also recognizes an individual's right to privacy. Ex. C at ¶ 5. An unjustified interference with that right constitutes an actionable tort for misuse of private information. *Id.*, citing *Campbell v Mirror Group Newspapers* [2004] UKHL 22, *Bloomberg LP v ZXC* [2022] UKSC 5. Information concerning personal finances is confidential by nature and, as such, inherently protected under Article 8. Ex. C at ¶ 6, citing *Tchenguiz v Imerman* [2010] EWCA Civ 908 at [76].

A woman's right to protect her financial information does not disappear at the time of marriage. Rather, a woman "possesses the same rights and remedies against [her husband] in respect of her confidential information as she possesses against any other person." Ex. C at ¶ 2. In other words:

> The notion that a husband cannot enjoy rights of confidence as against his wife in respect of information which would otherwise be confidential as against her if they were not married, seems to us to be simply unsustainable. The idea that a husband and a wife should be regarded as a single unit in law was a fiction which the law has been abandoning for a long time.

*Id.* citing *Tchenguiz,* [2010] EWCA Civ 908 at [82]. As her own legal person, Ms. Ang has the right to protect her private financial information from Dr. Wright just as she would against any other third party. Ex. C at ¶ 2.

The same is true with respect to Ms. Ang's adult children. They have a right to protect their private financial information from disclosure to third parties, including Dr. Wright. *Id.* at ¶ 2. Under English law, that would be the case even if Dr. Wright were their biological father, or if he had adopted them—neither of which is the case. *Id.* at ¶ 3.

5

Here, neither Ms. Ang nor her children have given Dr. Wright permission to access or disclose their private financial information. Any unauthorized acquisition or disclosure of their financial information would give rise to an actionable civil claim for breach of confidence. *Id*. at ¶¶ 9, 11. Moreover, were Dr. Wright to attempt to retrieve Ms. Ang's electronic financial records from her personal computers, he would be subject to ***criminal*** liability under Section 1 of the Computer Misuse Act 1990 or Section 170 of the Data Protection Act 2018. *Id*. at ¶¶ 10, 12.

In sum, under English law, Dr. Wright has "no rights to access the information in the absence of some positive legal obligation ***on Ms. Ang and her children*** to disclose it." *Id*. at ¶ 8, citing *Tchenguiz,* [2010] EWCA Civ 908 at [69] (emphasis added). Neither Ms. Ang nor her children, none of them parties to this case and or judgment debtors themselves, all of them foreign citizens and residents, have been ordered by this Court to do anything. Accordingly, if W&K wants financial information pertaining to Ms. Ang or her children, it will need to go through the ordinary channels of the Hague Convention to get it—i.e., issue a letter request to the Convention and seek an order from the English courts to require disclosure of the information. *Id*. at ¶¶ 13-14.

## CONCLUSION

For the reasons set forth above, Dr. Wright should not be held in contempt for failing to disclose financial information belonging to Ms. Ang and her adult children on Form 1.977.

Respectfully submitted,

RIVERO MESTRE LLP
2525 Ponce de Leon Boulevard
Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Fax: (305) 445-2505
Email: arivero@riveromestre.com
Email: abrown@riveromestre.com
Email: ahenry@riveromestre.com

...

Email: rkuntz@riveromestre.com
Email: receptionist@riveromestre.com
*Counsel for Dr. Craig Wright*

By: s/ Andres Rivero
ANDRES RIVERO
Florida Bar No. 613819
AMY C. BROWN
Admitted *Pro Hac Vice*
ALLISON HENRY
Florida Bar No. 1003008
ROBERT KUNTZ
Florida Bar No. 94668

## **CERTIFICATE OF SERVICE**

      I certify that on May 31, 2023, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF.

                                                  By: /s/ Andrés Rivero.
                                                       Andrés Rivero