UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 18-cv-80176-BLOOM/Reinhart**

IRA KLEIMAN and
W&K INFO DEFENSE, LLC.,

    Plaintiffs,

v.

CRAIG WRIGHT,

    Defendant.

_____/

## ORDER ON OBJECTION TO MAGISTRATE JUDGE ORDER

**THIS CAUSE** is before the Court upon W&K Info Defense, LLC's ("W&K") Appeal of Order Denying Motion to Strike Paul C. Huck, Jr.'s Notice of Appearance, ECF No. [955] ("Objection"), filed on April 3, 2023. Three responses were filed: one by nonparty Ramona Ang, ECF No. [959], one by nonparty Lynn Wright, ECF No. [960], and one by Paul Huck on behalf of W&K, ECF No. [961]. The Court has carefully reviewed the Objection, the Responses, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Objection is overruled.

### I.  BACKGROUND

The relevant facts of this dispute are clearly and accurately stated in Magistrate Judge Bruce Reinhart's Order Denying Motion to Strike Notice of Appearance, ECF No. [950]. To summarize:

W&K holds a final judgment against Defendant Craig Wright for $143,132,492.48, plus post-judgment interest. ECF No. [889]. Since W&K's appearance as a Plaintiff in 2018, throughout discovery and trial, and until today, W&K has been represented by Devin Freedman, formerly with

Case No. 18-cv-80176-BLOOM/Reinhart

Boies Schiller Flexner LLP, and now with Freedman Normand Friedland LLP. *See* ECF Nos. [24], [855], [955]. Freedman has been joined by his colleagues at both of those law firms. The Court adheres to Judge Reinhart's convention of referring to all lawyers associated with Freedman as "Old Counsel." ECF No. [950] at 2.

On January 26, 2023, Paul C. Huck, Jr. ("Huck") entered a notice of appearance ostensibly on behalf of W&K. ECF No. [917]. On February 10, 2023, Old Counsel moved to strike the appearance of Huck. ECF No. [931] ("Motion to Strike"). Therein, Old Counsel argues that Huck has no authority to act on behalf of W&K, and his appearance is a "transparent and desperate attempt to prevent W&K from ever collecting" on its nine-figure judgment against Wright. *Id.* at 1.

Three Responses were filed: one on behalf of nonparty Lynn Wright, ECF No. [933], one on behalf of nonparty Ramona Ang, ECF No. [935], and one by Huck on behalf of W&K. ECF No. [937]. Each of the Responses argues that the ownership of W&K is disputed, and the Court should permit Huck to represent the interests of the individuals who claim to hold an interest in that company – Lynn Wright and Ramona Ang.

Old Counsel filed a Reply, in which they point out that neither Lynn Wright nor Ramona Ang have filed motions to intervene in this case. ECF No. [942] at 13 n.23. They further argue that the Court has already rejected the arguments attacking Old Counsel's authority to represent W&K.

On March 20, 2023, Judge Reinhart issued his Order Denying Motion to Strike Notice of Appearance, ECF No. [950]. Judge Reinhart reasoned that the Motion to Strike was effectively seeking declaratory judgment as to who has the authority to manage W&K's affairs. *Id.* at 3. Judge Reinhart found it doubtful that subject matter jurisdiction exists under Article III to resolve that issue. *Id.* at 4. Assuming subject matter jurisdiction exists, he found statutory jurisdiction lacking,

as he opined that resolving W&K's internal dispute was not an appropriate exercise of supplemental jurisdiction. *Id.* at 6. Finally, even if constitutional and statutory jurisdiction existed, Judge Reinhart would exercise his discretion and decline to issue a declaratory judgment. *Id.* at 8-9.

In their Objection, Old Counsel argues that Judge Reinhart erred in finding no jurisdiction to resolve their Motion to Strike. ECF No. [955] at 3. They further argue that he abused his discretion in declining to address the merits of that Motion, because "the Order leaves this matter in an untenable position with respect to case management[.]" *Id*.

As stated, Responses were filed by nonparty Ramona Ang, ECF No. [959], by nonparty Lynn Wright, ECF No. [960], and by Paul Huck on behalf of W&K, ECF No. [961]. For the reasons explained below, the Court will not consider the filings from nonparties who have not moved to intervene in this case.

## II. LEGAL STANDARD

The court reviews the Magistrate Judge's non-dispositive rulings according to the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); S.D. Fla. Magistrate Judge Rule 4(a)(1). The "clearly erroneous or contrary to law" standard of review is "extremely deferential." *Pigott v. Sanibel Dev., LLC*, No. 07-cv-0083, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (quotation marks omitted). Relief is appropriate under the "clearly erroneous" prong only if the district court "finds that the Magistrate Judge abused h[er] discretion or, if after viewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made." *Id*. (quotation marks omitted); *see also Dees v. Hyundai Motor Mfg. Ala., LLC*, 524 F. Supp. 2d 1348, 1350 (M.D. Ala. 2007) ("in the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge"). Concerning

the "contrary to law" prong, "[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id*. (*quoting S.E.C. v. Cobalt Multifamily Investors I, Inc.*, 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008)).

### III. DISCUSSION

The Court begins by clarifying the filings that are properly before the Court. As Old Counsel correctly pointed out in their Reply, neither Lynn Wright nor Ramona Ang have filed motions to intervene in this case. ECF No. [942] at 13 n.23. Moreover, Ramona Ang and Lynn Wright's interests are represented by Mr. Huck, so there is no apparent reason for their intervention. *Id*. Indeed, Old Counsel have convincingly shown that all three of the Responses speak in unison, even when they misrepresent the record in this case. ECF No. [942] at 7 (showing how Ramona Ang, Lynn Wright, and Huck all transformed Ira Kleiman's statement that he was a 50% owner of Coin-Exch. into a purported admission that he is only a 50% owner of W&K). Lastly, Ramona Ang is represented by the same attorney who represents Defendant Craig Wright. *Id.* at 5 n.7. It is difficult to imagine a clearer conflict of interest than simultaneous representation of a judgment debtor and a woman who claims to be a judgment creditor. For all of those reasons, the filings of Ramona Ang and Lynn Wright are procedurally improper, so the Court will not consider them.

Nor will the Court reconsider whether Old Counsel has authority to represent W&K in this proceeding. As the Court recently explained, ECF No. [953] at 4, the issue of Old Counsel's authority to represent W&K has been thoroughly litigated throughout this case, and no party has presented new evidence or a procedurally proper vehicle for the Court to disturb its ruling on this issue. Rather than moving to intervene *in this case* to dispute Ira Kleiman's authority to act on behalf of W&K, Lynn Wright and Ramona Ang chose to litigate those issues separately in state

court. ECF No. [950] at 4. As such, the Court will not consider Huck's argument that Old Counsel lacks the authority to represent W&K. *See* ECF No. [961] at 4.

Properly before the Court is the propriety of Judge Reinhart's conclusions that the Court lacks subject matter and statutory jurisdiction to consider Old Counsel's Motion to Strike. ECF No. [955] at 4. Old Counsel asserts that a court always has jurisdiction to inquire into the authority of attorneys who appear before it. *Id.* Huck's Response, ECF No. [961], which contains a grand total of one citation to a federal case,[1] does not meaningfully argue those jurisdictional issues.

The Court agrees with Old Counsel that courts always have the authority "to determine who shall practice before them and to monitor the conduct of those who do." *Robinson v. Boeing Co.*, 79 F.3d 1053, 1055 (11th Cir. 1996) (quoting *United States v. Dinitz*, 538 F.2d 1214, 1219 (5th Cir. 1976)). Accordingly, a trial court "has power, at any stage of the case, to require an attorney, one of its officers, to show its authority to appear." *Pueblo of Santa Rosa v. Fall*, 273 U.S. 315, 319 (1927).

Judge Reinhart concluded that, even if jurisdiction existed, he would decline to exercise his discretion to resolve Old Counsel's Motion to Strike. ECF No. [950] at 8-9. He reasoned that, in essence, the Motion to Strike asks the Court to issue a declaratory judgment regarding the ownership of W&K – an issue that is currently pending in Florida state court. ECF No. [950] at 7.

When determining "who shall practice" before a court, district judges "enjoy broad discretion." *Robinson*, 79 F.3d at 1055. The Court agrees with Judge Reinhart that "judicial economy would not be served by expanding this federal case" to the issue of W&K's ownership at this time. ECF No. [950] at 7. W&K holds a valid final judgment against Defendant Craig Wright for $143,132,492.48, plus post-judgment interest. ECF No. [889]. The Court's only role,

---

[1] The single cited case has no relevance to any of the issues raised by the Motion to Strike. *See* ECF No. 961] at 4 (citing *Mayer v. Wall Street Equity Group, Inc.*, 672 F.3d 1222, 1223 (11th Cir. 2012)).

at this point, is to assist W&K in collecting that judgment. The parties have placed the issue squarely before the state court to decide what percent of W&K's assets will go to Ira Kleiman.

Old Counsel argue that it will be "untenable" for the Court to allow Huck to file motions and memoranda purportedly on behalf of W&K. ECF No. [955] at 9. However, those filings have not (yet) resulted in the "anarchy" that Old Counsel predicts.[2] *Id.* at 10. Were this case in a pre-trial posture, the Court would likely agree with Old Counsel that the situation is procedurally untenable. However, as noted above, the Court's present role is limited to assisting W&K to collect the judgment in its favor. In performing that role, the Court will consider the positions of Old Counsel and Huck and issue appropriate orders to assist W&K's collection efforts. Improper attempts to impede those efforts will be denied, and, when appropriate, sanctions will be imposed. *See* ECF No. [973]. Unauthorized filings from nonparties, including Ramona Ang and Lynn Wright, will be stricken.

IV.   **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that W&K's Objection, **ECF No. [955]**, is **OVERRULED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 5, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record

---

[2] Of course, both the Court and Judge Reinhart have discretion to reconsider this arrangement, in the event that it proves unmanageable.