UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-cv-80176-BB/BR

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC,

     Plaintiffs,

v.

CRAIG WRIGHT,

     Defendant.

_____/

**RIVERO MESTRE'S UNOPPOSED MOTION FOR LEAVE TO FILE A REPLY TO W&K INFO DEFENSE RESEARCH, LLC'S RESPONSE TO ORDER TO SHOW CAUSE**

Rivero Mestre LLP files its Unopposed Motion for Leave to File a Reply to W&K Info Defense Research LLC's Response [DE 987] to Order to Show Cause [DE 973]:

**INTRODUCTION**

Rivero Mestre LLP ("RM") requests leave to file a reply to W&K Info Defense Research LLC's ("W&K") Response ("Response") to the Court's May 5, 2023 Order to Show Cause (the "May 5 OSC") for two reasons. First, RM seeks to rebut W&K's allegation that "it's unclear that Rivero Mestre read the Confidentiality Order after the Court's first Order to Show Cause (ECF No. [969])." To the contrary, RM's attorney Amy Brown read the Confidentiality Order ("CO") in preparing Dr. Craig Wright's supplemental response [DE 969] to the Court's April 20, 2023 Order to Show Cause ("April 20 OSC"). Second, the Court should allow RM to reply to W&K's improper use of its Response to add new factual allegations and a new request for "another show cause order" [DE 987 at 11-17] on issues beyond RM's Attorney's Eyes Only designation ("AEO") for which the Court ordered RM and Dr. Wright to show cause in the May 5 OSC. Given

1

these narrow issues on which RM seeks to file a reply, the importance of the central issue pending before the Court (*i.e.*, whether to take the extreme step of sanctioning RM and the resulting reputational harm such sanction would cause), and the applicable law, good cause exists for the Court to grant RM leave to file a reply to the Response.

## **RELEVANT FACTS**

On April 20, 2023, W&K filed an expedited motion for sanctions and contempt arising from claims of Dr. Wright's failure to complete in full Form 1.977 and for his inclusion of information that W&K alleged to be inconsistent with Dr. Wright's prior statements. [DE 963] The same day, the Court issued the April 20 OSC, which directed Dr. Wright to "show cause why the Attorneys' Eyes Only designation of his Form 1.977 should not be stricken" and the document unsealed. [DE 967] The April 20 OSC also scheduled an in-person hearing to certify facts relevant to the motion to hold Dr. Wright in contempt. *Id*. Dr. Wright responded to the April 20 OSC on April 24, 2023, and filed a supplemental response on April 25, 2023. [DE 968, 969]

In the supplemental response, RM, on behalf of Dr. Wright, set forth the reasons the firm believed the AEO designation was appropriate. [DE 969] Notably, in the supplemental response—which was materially prepared by RM attorney Amy Brown—RM quoted the relevant language from the CO and stated that "Dr. Wright reasonably believes that, if Roche Freedman is permitted to share his **private financial information** outside of the law firm, it could result in the disclosure of that information to non-parties." [DE 969 at 1-2] (emphasis added). In preparing the supplemental response, on or before April 26, Ms. Brown read the CO and concluded that Dr. Wright's private financial information was the type of information the CO would allow to be

designated as AEO.[1] If permitted to file a reply, Ms. Brown will set forth the information she reviewed and her interpretation in a sworn declaration in support of RM's reply.

On May 5, 2023, the Court entered the May 5 OSC, which directed Dr. Wright and his counsel at RM to show cause "why they should not be sanctioned under 28 U.S.C. § 1927 and/or the Court's inherent authority for designating the Form [1.977] as 'Attorney's Eyes Only,' insisting that it be filed under seal, and persisting in that position in response to the Court's [April 20, 2023] Order to Show Cause." [DE 973 at 11] RM and Dr. Wright responded separately to the May 5 OSC on May 24 and May 25. [DE 982-84]

On June 7, W&K filed its 19-page Response to the May 5 OSC. [DE 987] In the Response, W&K contended that the declarations of Andres Rivero and Robert Kuntz did not make clear whether an attorney at RM had reviewed the CO at any time before responding to the April 20 OSC. [DE 987 at 2-3, 8] W&K further disregarded the May 5 OSC by, without leave of court, expanding its briefing beyond the narrow scope of that order and filing, in part, effectively a new motion. In its request for additional relief, W&K argues new facts in favor of the Court's entry of "another order to show cause" on issues unrelated to the AEO issue.[2]

In sum, RM seeks leave to file a reply to rebut W&K's allegation that no attorney read the CO before the May 5 OSC and to address the Response's improper attempt to use its Response to file a new motion, argue new facts, and to request an additional order to show cause on issues unrelated to the AEO issue.

---

[1] RM acknowledges the Court has determined that designating the Form 1.977 as AEO was not a reasonable interpretation of the CO.

[2] Among those issues is W&K's characterizing as frivolous the state court actions brought on behalf of the owners of W&K to determine who owns W&K.

## ARGUMENT

### A. Leave to File a Reply Will Permit RM to Rebut W&K's Allegation that No Attorney at RM Read the CO Before the May 5 OSC

W&K points out that the declarations of Andres Rivero and Robert Kuntz submitted in response to the May 5 OSC are unclear as to whether any attorney at RM reviewed the CO before filing Dr. Wright's response to the April 20 OSC. [DE 987 at 2-3, 8] W&K, therefore, argues that the Court should sanction RM because it "failed to read the Confidentiality Order in response to the Court's first show cause order, or they actively chose to disregard it." [*Id*. at 8] This assertion is factually incorrect and, because of its significance in the Court's weighing of sanctions against counsel, RM asks the Court to grant leave to file a reply, which RM will support with a sworn declaration from attorney Amy Brown as to when she read the CO and how she interpreted it. *See Lage v. Ocwen Loan Servicing LLC*, 145 F. Supp. 3d 1172, 1181 (2015) (Bloom, J.) (finding that the affidavit submitted in support of a reply does "not run afoul of Local Rule 7.1's requirement" because the affidavit "explicitly rebuts issues raised by Plaintiffs' [] response to [the] original Motion"). Moreover, Ms. Brown's declaration will explain to the Court how RM's Miami office learned of the death of firm partner, Amanda McGovern, on April 25, prior to filing the initial response to the April 20 OSC, and how the tragic news impacted her and the firm's focus that week.

Sanctions against counsel are an extraordinary remedy. Thus, to the extent RM's initial response to the May 5 OSC left any ambiguity as to a material fact to which W&K now infers the negative—*i.e.*, whether an RM attorney reviewed the CO when making or maintaining the AEO designation—RM should be given the opportunity to rebut W&K's inference that RM's attorneys did not read the CO. Accordingly, leave to file a reply to W&K's response on this issue is warranted.

### B. Leave to File a Reply Will Permit RM to Address W&K's Improper Argument for the Entry of Another Order to Show Cause, Based Upon New Facts That Are Beyond the Scope of the May 5 OSC

RM also seeks to file a reply so that it may address the portion of W&K's Response that operates, in part, as a new motion in which W&K improperly alleges new facts and argues for the Court to enter a new order to show cause on issues beyond the scope of the May 5 OSC. [DE 987 at 11-17] In this regard, the Response exceeds the briefing requested by the Court in the May 5 OSC, especially where it did not call for RM to be able to file a reply to the Response. In particular, in its Response, W&K asks the Court to issue "another show cause order requiring Rivero Mestre to answer for its broader and continuing misconduct" in the post-judgment proceedings." [DE 987 at 11] W&K argues these new issues in seven (7) pages of its Response, and at the same time acknowledges such issues are beyond the scope of the May 5 OSC. *Id*. ("Plaintiff recognizes that the Court's order to show cause was specifically addressed to the AEO designation.")

Accordingly, because the Court did not authorize W&K to raise issues beyond the AEO issue in its Response, the Court should allow RM to file a reply to address the procedural impropriety and prejudice from W&K's assertion of new facts and its argument in favor of another order to show cause outside the scope of the May 5 OSC.[3]

### CONCLUSION

RM requests that the Court grant the firm leave to file a reply to W&K's response to the May 5 OSC.

---

[3] RM's reply would also make a minor correction to Robert Kuntz's statement in paragraph 5 of his prior declaration where Mr. Kuntz inadvertently mischaracterized the appeal as one of "Dr. Wright's appeal from the judgment awarded to W&K." Instead, the appeal was the Estate's appeal, and Dr. Wright was the appellee.

> RABIN KAMMERER JOHNSON
> 1601 Forum Place, #201
> West Palm Beach, FL 33401
>
> By: /s Adam T. Rabin
>     Adam Rabin
>     Florida Bar 985635
>     Christopher Kammerer
>     Florida Bar 42862
>     Havan M. Clark
>     Florida Bar 1026390
>     arabin@rkjlawgroup.com
>     ckammerer@rkjlawgroup.com
>     hclark@rkjlawgroup.com

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.1(A)(3), undersigned counsel certifies that he has conferred with counsel for W&K Defense Info Research, LLC, Velvel Freedman, and counsel does not oppose the relief requested.

/s Adam T. Rabin
Adam T. Rabin

**CERTIFICATE OF SERVICE**

I certify that on June 12, 2023, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF.

/s Adam T. Rabin
Adam T. Rabin