UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>Plaintiffs,<br><br>v.<br><br>CRAIG WRIGHT<br><br>Defendant. | CASE NO.: 9:18-cv-80176-BB/BER |

**PLAINTIFF W&K INFO DEFENSE RESEARCH, LLC'S
RESPONSE IN SUPPORT OF SANCTIONS**

Plaintiff W&K Info Defense Research, LLC ("W&K"), files this response in support of this Court's Order to Show Cause ("OSC"). ECF No. [973]. To be clear, most of the information and documents required to complete the Form 1.977, which Wright was Ordered to do under penalty of contempt by Judge Bloom, ECF Nos. [939], [953], have nothing to do with any alleged restrictions under foreign law. Wright does not argue otherwise in response to this Court's OSC, despite initially arguing "it is doubtful he could disclose [such information] under British law[.]" ECF No. [968] at 4. Instead, he has apparently decided to willfully refuse to comply with the Court's Order. Sanctions on that ground alone are warranted.

As set forth below, Wright's arguments regarding foreign law are frivolous and have been waived in any event. Unfortunately, far from being a reason to not to be sanctioned, Wright's wrongful invocation of foreign law is just a continuation of his blatant misconduct.

**I.    Wright's invocation of foreign law is a smokescreen.**

Throughout this litigation, Wright's *modus operandi* when ordered to turn over information and documents has been to obfuscate or lie, despite this Court's imposition of sanctions. For

1

example, Wright has claimed he doesn't have the information or documents requested, that hackers stole them, that only a mysterious unknown bonded courier has access to them, that opaque trust structures and impenetrable encryption prevent his access to them, or (like his current position) that foreign law protects them from disclosure. *See*, *e.g.*, ECF No. [210] (claiming Wright is unable to decrypt his bitcoin holdings); ECF No. [376] (notice of compliance with order to disclose bitcoin holdings nearly two years later after threat of sanctions).

The last time Wright asserted foreign law as a shield was when, for nearly two years, he withheld thousands of relevant corporate documents claiming they were privileged, and claimed that producing them "would require him to violate Australian law." ECF No. [394], at 10. The Court determined that wasn't true, and that nothing articulated by Wright's foreign law expert "establish[ed] that Australian law is inconsistent with U.S. law." ECF No. [420] at 12. The Court found Wright lacked authority to claim privilege under Australian (or U.S.) law, ordered him to turn over those documents , and some were admitted at trial. *E.g.*, P240, ECF No. [829-66] (letter from Wright's Australian counsel terminating the engagement) ("Information has been provided to our firm which raises serious questions about the integrity of documents provided by Dr Craig Wright, both to our office and to the Australian Taxation Office. We believe this information to be credible.").

## II. English Law does not prohibit disclosure of information known to Wright or in his possession.

In Wright's brief on foreign law, he advances the uncontroversial proposition that English law prohibits him from breaking into his wife's computers and accounts, and stealing information she has taken steps to actively conceal from him.[1] Fine.

---

[1] W&K is not seeking personal financial information of any of Ms. Ang's adult children, and Form 1.977 does not require such information.

But English law categorically does not preclude Wright from disclosing information *already* known to him and voluntarily shared with him by his wife. Neither Wright nor his "expert" argue otherwise.

That means any information Wright might know about from jointly managing his and Ang's finances, keeping joint bank and other accounts with her, transferring assets to Ang, or transferring assets to a trust for Ang's benefit—anything like that would be fair game under English law.

### III. <u>Wright and Ang are lying.</u>

Because English law indisputably permits compelling the disclosure of information already known to Wright, Wright and Ang resort to perjuring themselves (again). In seeking to avoid sanctions and contempt, they now advance the easily disproven lie that Wright apparently doesn't know *anything* about Ang's finances, and that they "keep [their] finances separate." Ang Aff. ¶¶ 3–4, ECF No. [985-1].[2] By now, this Court will not be surprised to hear that this is not what Wright and Ang have previously sworn to.[3]

Specifically, Wright has previously submitted sworn witness statements in support of Ang's claims in the UK action of *Ang v. Reliantco Investments Limited*, Claim No. CL-2018-000386 (High Court of Justice Business and Property Courts of England and Wales Commercial Court). *See* Exhibits 1–2. In his first statement, Wright swore on pain of contempt that he and his

---

[2] Again, Wright does not even argue that English law prevents him from providing the vast majority of the information and comments required by Form 1.977. Further, unless and until Ang submits herself to cross-examination, the self-serving statements in her Affidavit should be disregarded.

[3] Unfortunately, Wright's English lawyer appears to have adopted this lie as a fact in his own declaration. *Cavendar Opinion*, ¶ 7. Perhaps this is his first time working with Wright and Ang. We are confident he will do his own investigation next time *before* stating things as facts solely based on their (mis)representations.

wife keep their funds in a "Lloyds Joint Current Account" and that "Ramona and I share responsibility over payments and bills." Exhibit 1 (First Witness Statement), ¶ 35. That same statement also makes clear that Ang's "source of wealth" comes from Wright and one of his former companies. Exhibit 1 ¶¶ 36–37. In his second statement in that same case, Wright re-affirmed, again on pain of contempt, the joint nature of his and Ang's finances. *See* Exhibit 2 (Second Witness Statement), ¶ 16 ("My wife has given extensive disclosure of documents, including our Lloyds Bank joint account statements . . . .").

Moreover, Ang's representations to *this* Court prevent her from seriously claiming that her and Wright's finances are separate. In *this* Court, after W&K obtained a $143 million judgment against her husband, Ang claimed ownership of W&K, which purportedly comes to her from Wright by way of the mythical Tulip Trust. *See* Ang Opp. to Mot. to Strike at 10, ECF No. [935] ("The Tulip Trust of which Mrs. Ang is trustee and which owns a one-third interest in W&K . . . .").

Ang's deposition testimony in this case only further confirms her finances are closely intertwined with Wright's via an elaborate trust structure (supposedly) they concocted to hold (hide) assets:

> Q. You are the trustee for the trust that has been set up for the benefit of he and his entire family -- he and his family; correct?
>
> A. That is correct.
>
> Q. That trustee is holding all of the Bitcoin that was mined by Information Defence and held by Wright International; correct?
>
> A. That is correct.
>
> Q. That trust is also holding whatever Bitcoin had been purchased as of that point and not stamped by Tulip Trading; correct?
>
> A. That is correct.

\*\*\*

> Q. Okay, other than your own savings, all of the assets, whether it be in through prior trust, any asset your husband has, is all held directly or indirectly through the Tulip Trust; correct?
>
> A. I believe so, yes.

Exhibit 3, Ang Dep. Tr., at 162:25-163:12; 237:14–19.

And of course, the so-called Tulip Trust III agreement produced by Wright in this litigation (after it's convenient delivery with his purported bitcoin holdings on the eve of yet another sanction this Court threated to impose), makes this even more explicit: "This trust agreement is made on this day 06th July 2017, by and between the following parties: Ramona Ang and Craig Steven Wright (Dr. Wright), Grantors, Settlers and Beneficiaries with *respect to their Community Property* . . . ." DEFHC_01518378, at 8379, ECF No. [512-14] (emphasis added).

**TRUST AGREEMENT FOR THE TULIP TRUST**

THIS TRUST AGREEMENT is made on this day 06th July 2017, by and between the following parties:

- **Ramona Ang** and **Craig Steven Wright (Dr. Wright)**, Grantors, Settlers and Beneficiaries with respect to their Community Property (as designated in **Schedule "A"**) and ▇▇▇▇▇▇▇▇▇▇▇▇
    - **Ramona Ang (Ang Mei Fong Ramona, Singaporean)**, Primary Trustee and Protector of the TULIP TRUST (hereinafter referred to as "Trustee," which designation shall include all Successor Trustees).
    - **Dennis Bosire Mayaka, Equator Consultants AG** trustee of the TULIP TRUST (hereinafter referred to as "Trustee," which designation shall include all Successor Trustees) as per the registered agreement and terms (and power of attorney).
    - **Craig Steven Wright,** may, with a super majority vote of the members of the trust become a trustee of the TULIP TRUST (hereinafter referred to as "Trustee," which designation shall include all Successor Trustees) only after June 2020 Property (as designated in **Schedule "E"**).
    - **It is a condition of this deed** that no party will provide a copy of this deed to Dr. Wright and that unless all parties are jointly compelled (under their home country law) that this document will remain outside of Dr. Wright's possession from the period of at most 10th July 2017 until the 15th December 2019.
    - **Trust Officers** may be appointed after the initial meeting and are defined in Schedule "H".

WHEREAS, Craig Steven Wright and Ramona Ang are about to convey certain real and personal property to Trustee (revoking all former trust deeds and rights), and

WHEREAS, Trustee has agreed to accept such conveyance and hold said property in trust under the terms and conditions set forth below,

Finally, one of the *many* things that Wright failed to attach to his Form 1.977 was his tax returns. Wright has not given any reason why they cannot be produced—indeed, he is currently in

5

violation of this Court's order by failing to. Perhaps he's failed to do so because his returns are filed jointly with his wife?

IV. **Even If English law prohibited disclosure, Wright has not shown he made a good faith effort to obtain Ang's financial information.**

To the extent Wright wishes to rely on foreign law for the proposition that he is unable to obtain certain previously unknown information about Ang's finances, he has the burden of demonstrating that he made a good faith effort to obtain that information notwithstanding any foreign law restrictions. *See Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1479 (9th Cir. 1992) (upholding discovery sanction where party had failed to make "affirmative showing" of good faith attempt to obtain waiver from foreign law it alleged prevented compliance with Court order); *see also* Restatement (Fourth) of the Foreign Relations Law § 426(2) ("a court or agency in the United States may require the person to whom the order is directed to make a good faith effort to secure permission from the foreign authorities to make the information available"). Wright has made no such showing here.

V. **Wright waived the right to raise foreign law as a defense.**

If Wright wanted to invoke English law as a constraint on his ability to complete Form 1.977 as ordered by the Court, then he was required to do so at the inception of the issue—*i.e.*, as an objection to W&K's original discovery request to complete Form 1.977. *See Romacorp, Inc. v. Prescient, Inc.*, 2011 WL 2312563, at *2 (S.D. Fla. June 8, 2011) (when a party fails to timely object to production requests or discovery efforts, the objections are deemed waived); *Primm v. Aerofil Tech., Inc.*, 2012 WL 13102523, at *1 (M.D. Fla. Mar. 13, 2012) (same); *see also* Fed. R. Civ. P. 44.1.

Wright made no such objection at the time. Instead, he *waited* to raise foreign law issues until *after* W&K was forced to move to compel him to complete Form 1.977,, *after* the Court

compelled Wright—for the second time— to produce the Form to W&K's counsel, and *after* W&K moved for sanctions and an order to show cause for contempt proceedings. ECF Nos. [939], [956], [963]. Wright has therefore waived the right to invoke English law as a defense. *See Richmark*, 959 F.2d at 1473 (waiving the issue of foreign law when it was untimely raised as an objection to a contempt adjudication instead of as an objection to discovery requests).

VI. **Plaintiffs request clarification from the Court regarding procedures for the show cause hearing on July 6.**

Plaintiffs respectfully request the Court clarify the procedures for the July 6, 2023 show cause hearing, and confirm that there will be opportunities for Plaintiffs to present evidence, call witnesses, and/or cross-examine Wright or any other witness he may choose to call in his defense.

Dated: June 14, 2023

Respectfully submitted,

By: */s/ Velvel Devin Freedman*
Velvel (Devin) Freedman, Esq.
FREEDMAN NORMAND FRIEDLAND LLP
1 SE 3rd Ave., Suite 1240
Miami, Florida 33131
vel@fnf.law

Joseph Delich
Stephen Lagos
FREEDMAN NORMAND FRIEDLAND LLP
99 Park Avenue, Suite 1910
New York, New York 10016
jdelich@fnf.law
slagos@fnf.law

Andrew S. Brenner, Esq.
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
abrenner@bsfllp.com

> Maxwell V. Pritt, Esq.
> **BOIES SCHILLER FLEXNER LLP**
> 44 Montgomery Street, Floor 41
> San Francisco, CA 94104
> mpritt@bsfllp.com
>
> *Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 14, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

> */s/ Velvel (Devin) Freedman*
> VELVEL (DEVIN) FREEDMAN