# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-cv-80176-BB/BR

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

   Plaintiffs,
v.

CRAIG WRIGHT,

   Defendant.
_____/

### DECLARATION OF AMY C. BROWN

I, Amy C. Brown, declare the following:

1. I am an attorney employed by the law firm Rivero Mestre LLP ("Rivero Mestre"), where I practice commercial litigation. I am a member of the bars of the States of New York and New Jersey. I am admitted *pro hac vice* in this case.

2. During the summer of 2021, I performed part-time contract work for Rivero Mestre in the representation of Craig Wright ("Dr. Wright"). I joined Rivero Mestre as a full-time attorney in September 2022. I currently work remotely from my home in Connecticut.

3. As a contract attorney for Rivero Mestre in 2021, I worked primarily with attorneys Amanda McGovern (now deceased) and Zaharah Markoe (who is no longer with the firm) on various pretrial matters.

4. When I began working for Rivero Mestre full-time in September 2022, I initially worked on Dr. Wright's response to the Estate's appeal from the judgment entered in December 2021. I have subsequently worked on the post-judgment proceedings in this case under the supervision of firm partners, Andres Rivero and Robert Kuntz.

5. On March 3, 2023, the Court ordered Dr. Wright to complete Form 1.977, the Fact Information Sheet ("FIS") by April 1, 2023. [DE 939.]

6. On April 3, 2023, Dr. Wright delivered the FIS to Ramona Ang, as Trustee of the Tulip Trust, and Lynn Wright—together, the majority members of judgment creditor W&K.

7. On April 4, 2023, the Court ordered Dr. Wright to provide the FIS to all counsel who had appeared for W&K. [DE 966.]

8. On April 4, 2023, I prepared the FIS for production with the assistance of our firm's paralegals and in consultation with Mr. Kuntz. Rivero Mestre designated the FIS "Attorney's Eyes Only" ("AEO") when it served the FIS.

9. On April 20, 2023, W&K filed an expedited motion for contempt and sanctions (the "Motion for Sanctions") against Dr. Wright, arguing that Dr. Wright failed to complete the form fully and, in it, made statements inconsistent with statements he previously made in this litigation. [DE 963.] W&K did not base its Motion for Sanctions on the AEO designation. Because of such designation, however, W&K filed the unredacted FIS under seal and a redacted copy of the FIS on the docket.

10. Later that day, on April 20, the Court issued an Order directing Dr. Wright to show cause by April 25, 2023, why the AEO designation on the FIS should not be stricken and the unredacted FIS unsealed (the "April 20 OSC"). [DE 967.]

11. I was the principal drafter of the two documents that Rivero Mestre filed in response to the April 20 OSC. On April 25, 2023, I filed Dr. Wright's response directed to the merits of the Motion for Sanctions [DE 968], and on April 26, I filed a supplemental response (the "Supplemental Response") addressing why the AEO designation should not be stricken [DE 969].

12. On the morning of April 25, 2023, the firm's senior partner and founder, Andres Rivero, learned that his partner of almost 10 years, Amanda McGovern, had suddenly passed away. Amanda had been sick for some time with what the firm believed was "long COVID." Neither I, nor any of the attorneys at the firm, knew that Ms. McGovern was terminally ill.

13. On April 25, Mr. Rivero shared with the firm's attorneys the tragic news of Ms. McGovern's passing during our daily 2 p.m. Microsoft Teams meeting. I was in total shock, as were the rest of my colleagues. Many of us, including me, began to cry upon hearing the news. Ms. McGovern was a big part of our firm and, although I had only joined the firm full-time in September 2022, I viewed her as a mentor.

14. On the evening of April 25, 2023, Jorge Mestre, another senior partner at the firm, circulated the announcement of Ms. McGovern's passing that he shared on LinkedIn. Others circulated photos and the video of her accepting the *Daily Business Review* award for 2022 Trial Attorney of the Year. I was distraught.

15. The following morning, on April 26, 2023, Mr. Kuntz and I discussed the need to review the February 22, 2019 Confidentiality Order [DE 105-1] and, in particular, the provision cited by the Court in the April 20 OSC. I then read the Confidentiality Order for the first time. I interpreted the order (albeit incorrectly) to cover Dr. Wright's salary from nChain because it was private financial compensation received from a commercial entity in a highly competitive financial industry. In my experience as a commercial litigator, the details of a person's income, financial condition, or net worth, often have been treated as "confidential" information and, in certain circumstances "highly confidential" information when there is risk that an opposing party may seek to exploit such information to harm the person.

16. Upon my review of the Confidentiality Order on April 26, I prepared and filed the Supplemental Response directed to the AEO issue that day. [DE 969].

17. Having only been at Rivero Mestre since September 2022, I did not have "institutional knowledge" of the case dating back to entry of the Confidentiality Order in February 2019, which likely would have cued me to read the AEO provision more strictly and carefully. I also did not know that Dr. Wright testified about his salary at trial. Nor did I know that the parties intended the AEO provision to be limited to protecting commercial trade secrets and private *corporate* information.

18. Under normal circumstances, before filing the Supplemental Response on April 26, I would have consulted a firm partner to discuss the AEO criteria in the Confidentiality Order. But it was an emotionally charged and difficult several days for me and the other attorneys at the firm. We were all grieving, and I was not as focused as I ordinarily would have been.

19. I assure the Court that I interpreted the AEO provision of the Confidentiality Order in good faith, even though my interpretation turned out to be wrong. In addition, I did not knowingly or recklessly disregard the terms of the Confidentiality Order, act with improper purpose, or seek to multiply the proceedings in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: 6/19/2023

Amy C. Brown

4