# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>Plaintiffs,<br><br>v.<br><br>CRAIG WRIGHT<br><br>Defendant. | CASE NO.: 9:18-cv-80176-BB |

## PLAINTIFF W&K'S MOTION FOR JUDICIAL NOTICE

Plaintiff W&K Info Defense Research, LLC ("W&K"), pursuant to Federal Rules of Evidence 201, moves this Court to take judicial notice of the following documents for potential use at the July 26, 2023, Evidentiary Hearing on Defendant Judgment Debtor, Craig Wright's ("Wright"), non-compliance with Judge Bloom's compulsion order. ECF Nos. [973], [997]. The following documents are attached hereto as Exhibits 1-6:

1. First Witness Statement of Craig Steven Wright filed on July 3, 2020, in the High Court of Justice, Business and Property Courts of England and Wales Commercial Court in the case styled *Mrs. Ramona Ang and Reliantco Investments Limited*, Claim No. CL-2018-000386;

2. Second Witness Statement of Craig Steven Wright filed on August 18, 2020, *id.*;

3. Exhibit CSW2 to the Second Witness Statement of Craig Steven Wright filed on August 18, 2020, *id.*;

4. Third Witness Statement of Craig Steven Wright filed on September 28, 2020, *id.*;

5. Fifth Witness Statement of Craig Steven Wright filed on November 6, 2020, *id.*; and

6. Exhibit CSW5 to the Fifth Witness Statement of Craig Steven Wright filed on November 6, 2020, *id.*

**Legal Standard**

Federal Rule of Evidence 201(c) governs judicial notice of adjudicative facts and provides that a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(a), (c)(2); *ECB USA, Inc. v. Chubb Ins. Co. of New Jersey*, No. 20-20569-CIV, 2021 WL 9219452, at *2 (S.D. Fla. Nov. 15, 2021) (court must take judicial notice where a party supplies the necessary information and identifies the specific facts they sought to be noticed). Judicial notice is a means by which adjudicative facts not seriously open to dispute are established as true without the normal requirement by proof of evidence. *See* Fed. R. Evid. 201 (a) Advisory Committee Note (explaining that it is proper to take judicial notice of facts with a "high degree of indisputability" that are "outside the area of reasonable controversy"). Adjudicative facts are facts that are relevant to a determination of the claims presented in a case. *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004) (stating same). Such a fact is appropriate for judicial notice when it is "not subject to reasonable dispute" because it is either "generally known within the trial court's territorial jurisdiction" or it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *ECB USA*, 2021 WL 9219452 at *1.

**Argument**

The attached exhibits (Exs. 1-6, Wright's witness statements) are proper subjects of judicial notice because they are true copies of relevant court documents attested to by Judgment Debtor Wright.

First, Wright's witness statements in the English court case are relevant to the issue of his non-compliance in the production of his Debtor Form 1.977 ("the Form") – i.e., the subject of this Court's upcoming evidentiary hearing. *ECB USA, Inc. v. Chubb Ins. Co. of New Jersey*, 2021 WL

9219452, at *1 (S.D. Fla. Nov. 15, 2021) (adjudicative facts are facts that are relevant to a determination of the claims presented in a case and "relevancy is a low threshold"). These witness statements, written and attested to by Wright and filed with the English court, are directly relevant to Wright's claim that British law prevented him from providing certain information on the Form 1.977 the Court ordered him to complete. Specifically, these witness statements contain information related to Wright's claim that he has no insight into, or ability to access, financial information related to his wife, and the claim that he and his wife keep their finances separate. *Compare e.g.*, ECF No. [985-1], Affidavit of Ramona Ang ("Craig and I keep our finances separate.") *with* Ex.1 at ¶ 31, Ex. 2 at ¶ 15, Ex. 3, Ex. 4 at ¶¶ 9-10, Exs. 5, 6. Accordingly, the witness statements meet (surpass) the minimum requirements of relevance.[1]

Second, court documents are appropriate for judicial notice under Federal Rule of Evidence 201. *Russell v. United States*, 845 F. App'x 818, 812 (11th Cir. 2021). This applies to <u>foreign</u> court documents provided that they are properly authenticated. *Tahaya Misr Inv., Inc. v. Helwan Cement S.A.E.*, 2016 WL 4072332, at *1 (C.D. Cal. July 27, 2016) ("where properly authenticated, foreign court documents are properly the subject of judicial notice"). For the foreign court documents to be properly authenticated, an attestation from the party's representative that the documents were true and correct copies of the documents on file with the relevant courts is sufficient to authenticate the documents for the purposes of judicial notice. *Tahaya Misr Inv., Inc. v. Helwan Cement S.A.E.*, 2016 WL 4072332, at *1 (taking judicial notice of Egyptian court documents that were accompanied by "an attestation from [the party's] Egyptian attorney [] that the documents are true

---

[1] To be sure, when taking judicial notice, a court does not decide that the noticed facts are determinative or that they control. *ECB USA, Inc. v. Chubb Ins. Co. of New Jersey*, 2021 WL 9219452, at *1 (S.D. Fla. Nov. 15, 2021). The court is simply required to take notice where a party requests it and where the necessary information is supplied. *Id.*

and correct copies of the documents on file with the relevant Egyptian courts."); *In re Ex Parte Application of Jommi*, 2013 WL 6058201, at *1 n.1 (N.D. Cal. Nov. 15, 2013) (taking judicial notice of "foreign court documents" from Switzerland).

Here, the records themselves are certified to be true and correct copies of the documents on file with the English court. *See* Statement of Sagar Gupta, attached hereto as Exhibit A. The court records were obtained from the Commercial Court per a court order granting permission to access and take copies of the witness statements of Wright for use in the instant litigation "in accordance with the open justice principal." *See id.*, at Ex. F. W&K has supplied the Court with a written attestation from its London lawyers attesting the documents are true and correct copies of those on file in the English Commercial Court. Ex. A. *See also Tahaya Misr Inv., Inc. v. Helwan Cement S.A.E.*, 2016 WL 4072332, at *1 (taking judicial notice of foreign court documents that were accompanied by an attestation from its foreign attorney that the documents were true copies). Indeed, Wright's witness statements also have an attestation of truth from Wright himself stating:

> *I believe that the facts stated in this witness statement are true. I understand that proceedings for contempt of court may be brought against anyone who makes, or causes to be made, a false statement in a document verified by a statement of truth without an honest belief in its truth.*

*See e.g.*, Exhibit 1. The statement of truth is signed by Wright and attests the information contained therein is true. W&K simply requests that this Court take Judicial Notice that Dr. Wright voluntarily made these attestations in a foreign court proceeding. A determination of the veracity of those statements, especially as they contradict sworn statements Dr. Wright has submitted in these proceedings, is beyond the scope of this Judicial Notice request, and will be left for the sound determination of this Court.

Accordingly, the authenticity of Exhibits 1-6, which are relevant to the issues before this Court in the upcoming evidentiary hearing, is accurately and readily determined by the English Court, whose accuracy cannot be reasonably questioned.  W&K has supplied the Court with all the necessary information and as such, the Court must take judicial notice of Exhibits 1-6, should W&K elect to move for their admission.

## Conclusion

WHEREFORE, Plaintiff Judgment Creditor W&K respectfully moves this court to take judicial notice of Exhibits 1-6 attached and described herein, should W&K seek same at the Evidentiary Hearing on Defendant Judgment Debtor Wright's non-compliance with Judge Bloom's compulsion order, set for July 26, 2023.  ECF Nos. [973], [997].

Dated: July 11, 2023

Respectfully submitted,

By: */s/ Andrew S. Brenner*
ANDREW S. BRENNER
Florida Bar No. 978663
STEPHEN N. ZACK
Florida Bar No. 145215
SAMANTHA LICATA
Florida Bar No. 1024237
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile:  (305) 539-1307
szack@bsfllp.com
abrenner@bsfllp.com
slicata@bsfllp.com

MAXWELL V. PRITT
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA  94104
Telephone: (415) 293-6869
Facsimile:  (415) 293-6869
mpritt@bsfllp.com

>VELVEL DEVIN FREEDMAN
>**FREEDMAN NORMAND FRIEDLAND LLP**
>One Southeast Third Avenue
>Suite 1240
>Miami, Florida  33131
>Telephone:  (786) 924-2900
>
>JOSEPH DELICH
>STEPHEN LAGOS
>**FREEDMAN NORMAND FRIEDLAND LLP**
>99 Park Avenue, Suite 1910
>New York, New York 10016
>
>*Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

### RULE 7.1(a)(3) CERTIFICATE OF CONFERRAL

Counsel for Plaintiff attempted to obtain Defendant's position prior to filing this motion. Counsel for Defendant acknowledged receipt of that request but stated that they wanted to look into the issue and would respond as soon as they were able to.  Because the hearing which this motion relates to is set for July 26th, Plaintiff is filing the motion now to ensure that Defendant has an adequate opportunity to respond.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 11, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

>*/s/ Andrew S. Brenner*
>Andrew S. Brenner, Esq.