```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                      Case No. 18-80176-CIV-BB

IRA KLEIMAN AND W&K INFO      )
DEFENSE RESEARCH, LLC,        )
                              )
     PLAINTIFFS,              )
                              )
     -v-                      )
                              )
CRAIG WRIGHT AND RIVERO       )
MESTRE, LLP,                  )
                              )
     DEFENDANTS.              )    West Palm Beach, Florida
                              )    June 27, 2023
_____)


    TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE PROCEEDINGS

            BEFORE THE HONORABLE BRUCE E. REINHART

                  UNITED STATES MAGISTRATE JUDGE


Appearances:

(On Page 2.)


Reporter                        Stephen W. Franklin, RMR, CRR, CPE
(561)313-8439                   Official Court Reporter
                                500 West Capitol Avenue
                                Little Rock, AR 72201
                                E-mail:  SFranklinUSDC@aol.com

      Proceedings recorded by Digital Audio Recording, and
transcript prepared utilizing computer-aided transcription.
```

```
Appearances:

FOR THE PLAINTIFFS            Andrew S. Brenner, ESQ.
                              Boies, Schiller & Flexner, LLP
                              100 Southeast 2nd Street
                              Suite 2800 Bank of America Tower
                              Miami, FL 33131
     -and-
                              Joseph M. Delich, ESQ.
                              Roche Freedman, LLP
                              185 Wythe Avenue, F2
                              Brooklyn, NY 11249
     -and-
                              Maxwell V. Pritt, ESQ.
                              Boies, Schiller & Flexner, LLP
                              44 Montgomery Street, 41st Floor
                              San Francisco, CA 94104
     -and-
                              Samantha M. Licata, ESQ.
                              Boies, Schiller & Flexner, LLP
                              888 Brickell Key Drive, Unit 1204
                              Miami, FL 33131
     -and-
                              Stephen N. Zack, ESQ.
                              Boies, Schiller & Flexner, LLP
                              100 Southeast 2nd Street
                              Suite 2800, Miami Tower
                              Miami, FL 33131

FOR DEFENDANT WRIGHT          Andres Rivero, ESQ.
                              Rivero Mestre, LLP
                              2525 Ponce de Leon Boulevard
                              Suite 1000
                              Coral Gables, FL 33134
     -and-
                              Robert J. Kuntz, Jr., ESQ.
                              Rivero Mestre, LLP
                              2525 Ponce de Leon Boulevard
                              Suite 1000
                              Coral Gables, FL 33134
     -and-
                              Amy Brown, ESQ.
                              Rivero Mestre, LLP
                              2525 Ponce de Leon Boulevard
                              Suite 1000
                              Coral Gables, FL 33134


                                  * * * * *
```

```
 1                            * * * * *

 2    Appearances (Cont.'d)

 3    FOR DEFT. RIVERO MESTRE      Adam Rabin, ESQ.
                                   Rabin Kammerer Johnson, P.A.
 4                                 1601 Forum Place, Suite 201
                                   West Palm Beach, FL 33401
 5    -and-
                                   Havan M. Clark, ESQ.
 6                                 Rabin Kammerer Johnson, P.A.
                                   1601 Forum Place, Suite 201
 7                                 West Palm Beach, FL 33401

 8                            * * * * *
```

1          (Call to the order of the Court.)
2              THE COURT: Good morning, everyone. This is case
3   number 18-80716 (sic), W&K Info Research versus Dr. Craig
4   Wright.
5              Let me start with appearances, please. I'll
6   recognize counsel for W&K.
7              MR. BRENNER: Your Honor, this is Andrew Brenner
8   from Boies Schiller on behalf of W&K. If it's okay with you,
9   I'll make the appearance on behalf of Mr. Delich on the phone,
10  Mr. Pritt is on the phone, I believe Ms. Licata may dial in to
11  listen in, and I want to pass along that Mr. Freedman will not
12  be on because he's actually currently in trial right now.
13             THE COURT: Very well.
14             UNIDENTIFIED SPEAKER: And Andrew, Mr. Zack is also
15  on the phone.
16             MR. BRENNER: Oh, Mr. Zack is on the call, too.
17             THE COURT: All right. Good afternoon.
18             On behalf of Dr. Wright.
19             MR. RIVERO: Your Honor, Andres Rivero. And if I
20  can do the same, I'll introduce Robert Kuntz and Amy Brown of
21  Rivero Mestre also on the phone for Dr. Wright.
22             THE COURT: Very good. Thank you.
23             And who do I have on the phone representing Rivero
24  Mestre?
25             MR. RABIN: You have, Your Honor, Adam Rabin and

1     Havan Clark with Rabin Kammerer Johnson.
2               THE COURT:  All right.  Good afternoon, everybody.
3               So thank you for all making some time this
4     afternoon.
5               We had some hearings set for a week from Thursday,
6     on July the 6th, and so I just wanted to chat with the lawyers
7     about how much time we need to set aside, making sure we have
8     an orderly process for informing each other what witnesses, if
9     any, you're going to call, what exhibits, if any, you're going
10    to introduce, and then I had one other matter I wanted to take
11    up at the end.  So I guess there's two separate matters.
12    There's the order to show cause relating to Dr. Wright, and
13    then there's a separate order relating to Rivero Mestre.
14              So let me start with the plaintiff, and I don't know
15    if Mr. Brenner or Mr. Zack (inaudible), who's going to speak.
16    Just identify yourself.
17              What's your sense of how much time you think we're
18    going to need, and do you intend to call witnesses?  And if
19    you do, can you estimate for me how many and how much time
20    you'll need?
21              MR. BRENNER:  Yes.  So this is Mr. Brenner on behalf
22    of the plaintiff.
23              Your Honor, I was a little confused if the July 6th
24    hearing was going to be included on the Rivero Mestre issue.
25    If it is, I still think that, as I understand Your Honor's

1  order, it's an order to show cause issued by the Court.  So my
2  assumption was that the defendant, or Mr. Wright and Rivero
3  Mestre, would then affirmatively present a case in response to
4  that order to show cause.  We would then cross-examine on
5  that.
6              I don't believe we would be calling any witnesses
7  beyond Mr. Wright or the attorneys for Rivero Mestre, which I
8  assume they will call.  So we would be proceeding by cross-
9  examination is my assumption.
10             THE COURT:  Okay.  Very good.
11             I apologize.  I think my order may have been
12 ambiguous as to the scope of the hearing.  That was something
13 else I wanted to talk about.
14             All right.  Well, I appreciate that.
15             Let me turn -- I'm going to skip for a second
16 directly to Mr. Rabin and I'll come back to Mr. Rivero in a
17 second.
18             Mr. Rabin, I think my order was ambiguous, so if you
19 want some additional time after January -- or July 6th to
20 prepare your part of the case, I would certainly entertain
21 that idea.  But regardless, if you can just maybe bring me up
22 to date on your views of what we need and how long it should
23 take and et cetera.
24             MR. RABIN:  Sure, Your Honor.
25             And thank you for raising that in advance.  That was

1   something that, when we first appeared on behalf of Rivero
2   Mestre, we did not, based upon the May 5th order to show
3   cause, envision that the issue with respect to Rivero Mestre
4   was actually set for the evidentiary hearing on July 6.
5              THE COURT: Uh-huh.
6              MR. RABIN: And I have -- actually, I'm going to be
7   out of town at a wedding and a family reunion until the
8   afternoon of July 5th, so starting at the end of this week.
9              So that was not something that we had planned for or
10  contemplated, but based upon the order setting the status
11  conference I came to understand that, you know, you had wanted
12  to discuss whether that was something that, you know, could be
13  considered, and it wasn't frankly clear to our side that there
14  was going to be an evidentiary hearing directed to Rivero
15  Mestre.
16             So if there is going to be one, which we haven't
17  asked for, we would ask that it be set at a later time.
18             THE COURT: Okay. I appreciate that. Thank you
19  very much.
20             All right. Let me turn, then, to Mr. Rivero on
21  behalf of Dr. Wright with regard to the order to show cause
22  relating to Dr. Wright and January 6th -- slip of the
23  tongue -- July 6th.
24             MR. RIVERO: Yes, Judge. There will be no riot, but
25  our intention would be to -- Judge, our intention would be

1  to -- well, what I would ask the Court is whether we could
2  have the legal expert that we presented appear by video.
3  We're not certain that he's available, Judge, but if the Court
4  would allow it, I think it might be helpful to the Court.
5  Other than that, Your Honor, we don't intend to call other
6  witnesses.
7              THE COURT:  Okay.  So you're just going to rely on
8  the expert.  Okay.
9              MR. RIVERO:  Yes, Your Honor.
10             THE COURT:  And obviously anything else that's
11 already in the record.  Okay.
12             MR. RIVERO:  Correct.
13             THE COURT:  Let me go back to Mr. Brenner.
14             Mr. Brenner, any objection to the expert testifying
15 by video?  Obviously you'd be allowed to cross-examine him,
16 but any objection to that?
17             MR. BRENNER:  No objections to the expert appearing
18 by video.  No objection to moving the hearing as it relates to
19 Rivero Mestre to accommodate counsel's conflict, because, as I
20 started, it was unclear, I guess, to everyone.
21             As far as what Mr. Rivero just said, you know, just
22 to revise what I said before, I had assumed that they would
23 call Dr. Wright as a witness.  If they're not, we would, on
24 the July 6th hearing.
25             THE COURT:  Okay.  Well -- okay.  I hear you on

1  that.  And obviously, in fact, I would allow them to have
2  their expert testify remotely.  I haven't ruled yet on whether
3  that's even admissible testimony one way or the other, so we
4  can cross that bridge if we ever get there.  I haven't even
5  looked at the issue, so by saying that, I'm not suggesting I
6  have a view on it; I don't.  I haven't even looked at it.  But
7  I -- generally, anytime we have an expert we take a quick look
8  to make sure it's proper testimony.
9            Okay.  Well, let me go back, then, to Mr. Rivero.
10           Mr. Rivero, if Dr. Wright, if the other side wants
11 to call him as an adverse witness, is he available on the 6th?
12 I know he doesn't live in the U.S.  Or Mr. Brenner, would you
13 propose to question him remotely?  What's your -- let me start
14 with that with Mr. Brenner.
15           What would be your pleasure?
16           MR. BRENNER:  Our pleasure would be to have him
17 there.  I understood the hearing required the parties, it was
18 an in-person evidentiary hearing.  So my understanding is
19 Dr. Wright should have been on notice now for a couple months
20 that he was supposed to be there.
21           THE COURT:  Okay.  I hear you.
22           Let me hear from Mr. Rivero on his thoughts.
23 Mr. Rivero.
24           MR. RIVERO:  Your Honor, Dr. Wright has advised he
25 won't be appearing in person.  I am (inaudible) to the

1   question of video appearance, but I can certainly inquire as

2   to that.  But as to in-person appearance, he has advised he

3   will not be appearing in person.

4         THE COURT:  Okay.  First of all, I think, just

5   responding quickly to Mr. Brenner's point, it's a civil case,

6   it's not a criminal case.  If he wants to waive his appearance

7   and not appear, he doesn't have to be there.  But if you want

8   him as a witness, then obviously there's ways to effectuate

9   that.

10        So let me -- okay.  Having heard all that, here's

11   what I think I'd like to do.  I'm considering the motion, just

12   reset everything for a later date so that Mr. Rivero and

13   Mr. Brenner maybe can talk and work out logistics for

14   Dr. Wright and give everyone time to prepare a little more

15   fully.

16        Does any party object to that, if I just reset the

17   hearing to a later date in July?

18        Mr. Brenner?

19        MR. BRENNER:  And then it will be a hearing with

20   both issues joint, is that ...

21        THE COURT:  Well, possibly, possibly.  But let's

22   just stick to the Dr. Wright issue for the time being.  I'm

23   going to grant Mr. Rabin's request.  I'm going to reset the

24   hearing --

25        MR. BRENNER:  Sure.

1            THE COURT:  -- as to Rivero Mestre.
2            But as to -- I want to be sure if you want
3   Dr. Wright there, you want him there in person, and you want
4   to try to effectuate some sort of process that requires him to
5   be there, I will give you that opportunity.  On the other
6   hand, if you and Mr. Rivero think that you might be able to
7   have some fruitful discussions and make an arrangement where
8   he can testify by video, you know, I'm not requiring him to be
9   there.  Maybe that's another way to go.
10           MR. BRENNER:  Right, right.
11           So my question I guess was not clear.  Is the Court
12  envisioning that at this later date both matters will be heard
13  in the same hearing?
14           THE COURT:  That would be my preference, only
15  because --
16           MR. BRENNER:  Okay.  Yeah.
17           THE COURT:  Because everybody will be there, but it
18  doesn't have --
19           MR. BRENNER:  Well, you know, we don't object to
20  moving the July 6th to make it, you know, one joint hearing.
21  I would just ask that the Court give us an opportunity to at
22  least weigh in on some dates, because I know folks have
23  different --
24           THE COURT:  Yeah.
25           MR. BRENNER:  -- vacation plans over the summer.  So

1  if we can just kind of come up with a date together.  Other
2  than that, we don't have an objection.
3             THE COURT:  That's great.  Okay.  Thank you.
4             Mr. Rivero, any further comment on that issue, on
5  the timing issue?
6             MR. RIVERO:  Judge, in terms of the timing issue, we
7  don't have an objection to putting off to a later date but
8  would have the same concerns both Mr. -- I know at least
9  Mr. Kuntz and I both have preplanned vacations at different
10 times later, but we can work through schedules.  I don't know
11 how the Court prefers to do that.
12            THE COURT:  Well, let me think that through.
13            I mean, I'm happy to accommodate the parties.  I
14 have to be out of town the week of July 11th, and I have some
15 other travel at the very end of the month.  I'm just going to
16 be gone on a Friday.  So we can find some dates.
17            Does anybody envision that we're going to need --
18 let me do it this way.  Does anyone envision even the worst
19 scenario that we would need more than a day for this hearing?
20 Anybody?
21            MR. BRENNER:  On behalf of the plaintiff, I do not
22 envision that you need more than a day.
23            THE COURT:  Okay.  Mr. Rivero?
24            MR. RIVERO:  Yes.  No, Your Honor, I can't imagine.
25            THE COURT:  Okay.  Mr. Rabin?

```
 1                MR. RABIN:  No.
 2                THE COURT:  Okay.  All right.  So why don't you talk
 3    amongst yourselves and come up with some dates sort of toward
 4    the end of July that work for everybody.
 5                The other issue I wanted to take up, and I do -- at
 6    this point I sort of have to bifurcate the issue this way.
 7    The order to show cause with regard to Dr. Wright is really
 8    driven by Judge Bloom's prior order, which said that there
 9    would be a contempt hearing if the form is not filled out
10    appropriately.  The other order to show cause was mine, was
11    generated by me, and having looked at how the case sort of
12    frames up, I wanted to have kind of a candid discussion with
13    the parties a little bit.
14                You know, the way the case is currently framed is a
15    bit of a no-win for anybody, right, because I'm in a
16    position -- and I'll make the decisions I have to make, but
17    I'm in a position where I have to make decisions whether a
18    very prominent and well-respected law firm has acted in bad
19    faith, whether partners and lawyers in that law firm are being
20    credible when they testify.  There's a lot at stake there, and
21    I recognize that, which is in particular why I want to give
22    plenty of time for everyone to prepare.
23                On the flip side, it's a very high standard that has
24    to be met, and it's hard to meet.  And even if the standard
25    were met, I suspect that the monetary damages here are
```

```
 1   relatively cabined by, you know, what's been the price and the
 2   cost of having to file some sealing motions and unsealing
 3   motions and litigate this matter as far as we've gotten so
 4   far.
 5            So that's a long windup to say the following.  At
 6   least as to the -- my order to show cause, if you all talked
 7   amongst yourselves and were able to reach some sort of an
 8   accommodation where the plaintiffs felt they were fairly
 9   compensated for whatever inconvenience was rightly or wrongly
10   put upon them and Rivero Mestre felt that it was in its best
11   interest to sort of put this matter behind it, I would be
12   happy to vacate the order to show cause and never have to
13   reach some of those more complicated issues.
14            So I will -- I don't know if you all are interested,
15   but if you are, I would encourage you to do so, and if you
16   thought it would be beneficial to have some sort of formalized
17   mediation or settlement discussions, we can certainly discuss
18   that.
19            So with that big windup, Mr. Brenner, any comment
20   you want to make?  You don't have to.
21            MR. BRENNER:  Yeah.  So, Judge, obviously we'll
22   take -- we'll take a look (inaudible) seriously about -- we'll
23   talk to our colleagues on the Rivero Mestre side and their
24   counsel.  I just want to be clear, although you -- when you
25   say vacate your order to show cause, although it is correct
```

1  that your order -- that the Dr. Wright issues are flowing from
2  a Judge Bloom order, or orders --
3              THE COURT:  Uh-huh.
4              MR. BRENNER:  -- it's still your order to show cause
5  for the hearing.  So I assume when you're saying vacate your
6  order to show cause, it's limited just to the Rivero Mestre
7  part of it.
8              THE COURT:  Let me be clear.  Thank you.  Let me be
9  clear.
10             The way I view it is this.  The contempt-based order
11 I felt was compelled by Judge Bloom's order, which said if a
12 form is not filled out properly, there would be contempt
13 proceedings.
14             The 1927-based order was mine and was generated by
15 me independently.  So that -- when I say vacate, that's what
16 I'm talking about, that I would --
17             MR. BRENNER:  Okay.
18             THE COURT:  -- not conduct further proceedings under
19 1927.
20             MR. BRENNER:  So as I said, we would be happy to
21 first discuss it internally and then of course discuss it with
22 Rivero -- I guess they're represented by counsel for that
23 particular matter -- with their counsel, and we understand
24 Your Honor's message, and we will talk about it.
25             THE COURT:  All right.  Thank you.  Appreciate that.

1        Mr. Rabin, anything you wanted to add?

2            MR. RABIN:  Sure.  We very much appreciate the
3   suggestion, Your Honor, and, you know, you thinking about it
4   and being creative on that, on that topic, and, you know, we
5   will seriously not only entertain but dialogue with the other
6   side, you know, about whether anything can be or should be
7   resolved.

8            THE COURT:  All right.

9            MR. RABIN:  As well as the procedural components
10  that you propose.

11           I do have a question.  You also had suggested the
12  possibility if there needed to be a more formal means of
13  settlement dialogue.

14           THE COURT:  Uh-huh.

15           MR. RABIN:  Is there a mechanism that you were
16  thinking in suggesting that, whether it be --

17           THE COURT:  Yeah, I think my colleague -- I have two
18  wonderful colleagues here in West Palm Beach, one of whom may
19  not be the appropriate mediator in this case, but Judge
20  Matthewman I find to be a very effective neutral in these
21  matters.  If the parties felt that it would be beneficial to
22  have a meeting with Judge Matthewman, I would certainly ask
23  you to (inaudible) identify some time (inaudible).

24           I'm not trying to send any sort of a pre -- I've not
25  prejudged it.  I'm not trying to say anybody doesn't have the

1    right to stand on whatever they want to stand on, but I want
2    to be pragmatic about where we are and make sure that we don't
3    unnecessarily reach -- do anything we don't have to do.
4              So I'll leave it at that, and I'll leave it to the
5    parties to confer on that issue and also to confer over some
6    additional dates when we might have hearings either limited
7    only to the Dr. Wright-related matters if the other matter
8    resolves itself, or as to the matter (inaudible).
9              (Simultaneous crosstalk.)
10             THE COURT: Mr. Brenner (inaudible) one more time.
11   Mr. Brenner, anything else you wanted to add?
12             MR. BRENNER: Yeah, I think it just makes sense for
13   us to -- can we just, because it helps sometimes parties focus
14   their attention when we have deadlines for the Court, can we
15   say by this Friday we will jointly notify the Court and
16   provide potential dates for the rescheduling of the hearing,
17   at least as it relates to Dr. Wright? We don't know if it
18   will go beyond that.
19             THE COURT: That's fine. I mean, if you all -- I
20   would give you more time than that, but if you want to cabin
21   it from Friday at 5:00 and you --
22             MR. BRENNER: (Inaudible) to do that.
23             THE COURT: Yeah, and I can schedule the whole
24   thing, and if part of it falls away we can always vacate that.
25             All right.

```
 1                MR. BRENNER:  That makes sense to me.
 2                THE COURT:  Mr. Rivero, anything else you wanted to
 3   add or any objection to that time limit?
 4                MR. RIVERO:  No, Judge.  No objection and nothing to
 5   add.  Thank you.
 6                THE COURT:  Of course.
 7                Mr. Rabin, anything else you wanted to add or any
 8   objection (inaudible) --
 9                (Simultaneous crosstalk.)
10                MR. RABIN:  The only thing that I would add about
11   Friday, and we could still aim to do that, I'm just going to
12   be traveling as of Thursday.  And so we should still be able
13   to coordinate calendaring things even if I'm traveling.  But
14   just it's possible, although I think we can get it done, that
15   we might need to just carry it over into the following week to
16   finalize it.
17                THE COURT:  Here's the way I'll say it.  I'll say
18   5:00 o'clock, but if the parties mutually -- I guess there's
19   three of you -- jointly agree to extend that deadline, you may
20   do so without a further order of the Court.  I don't want you
21   all sitting there Friday at 4:00 o'clock going, you know,
22   we're waiting for a phone call back, and, but we need to get a
23   motion in front of the judge.  I don't like that sort of
24   running around.  So I trust you all to mutually agree to
25   extend the deadline, extend the deadline.
```

```
1              MR. RABIN:  Okay.
2              THE COURT:  All right.  Well, we'll do a brief
3    written order just sort of memorializing the parameters we've
4    discussed today, and I thank you all for your time, and I'll
5    wish you good afternoon.  I'll excuse the parties.
6              VOICES:  Thank you, Judge.
7         (Proceedings concluded.)
8                            * * * *
```

```
 1                         * * * * *
 2                           I N D E X
 3      Telephonic Status Conference                        4
 4                         * * * * *
 5                        E X H I B I T S
 6      (None.)
 7                         * * * * *
 8                          CERTIFICATE
 9          I, Stephen W. Franklin, Registered Merit Reporter, and
10      Certified Realtime Reporter, certify that the foregoing is a
11      correct transcript, to the best of my ability, from the
12      DIGITAL AUDIO RECORDING of proceedings in the above-entitled
13      matter.
14          Dated this 13th day of JULY, 2023.
15
16          /s/Stephen W. Franklin
            _____
17          Stephen W. Franklin, RMR, CRR
18
19
20
21
22
23
24
25
```