UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-cv-80176-BB/BR

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC,

    Plaintiffs,

v.

CRAIG WRIGHT,

    Defendant.

_____/

**RIVERO MESTRE LLP'S EXPEDITED MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AT THE EVIDENTIARY HEARING THAT IS OUTSIDE THE SCOPE OF MAY 5, 2023 ORDER TO SHOW CAUSE DIRECTED TO THE ATTORNEY'S EYES ONLY ISSUE**

Pursuant to Local Rule 7.1, Rivero Mestre LLP ("RM") files this expedited motion *in limine* to exclude at the July 26, 2023 evidentiary hearing ("July 26 hearing"): (1) evidence of any conduct by RM unrelated to the Attorney's Eyes Only ("AEO") designation that is the subject of the Court's May 5, 2023 Order on Motion for Sanctions and Order to Show Cause ("May 5 OSC") [DE 973]; and (2) evidence of Plaintiffs' attorney's fees and costs incurred for conduct unrelated to the AEO designation. RM requests a ruling on its expedited motion on or before July 25, 2023, given the hearing is scheduled for July 26.

**INTRODUCTION**

Since this Court's June 27, 2023 telephonic status conference, RM has requested—on at least five separate occasions—Freedman Normand & Friedland LLP ("FNF") and Boies Schiller Flexner LLP's ("Boies Schiller") (collectively, "law firms") billing records so that, without admitting any liability, RM could make a reasonable settlement offer that would compensate the

1

law firms for the attorney's fees and costs incurred specific to the AEO designation. The law firms, however, have rebuffed every request for their billing records. Unfortunately, their refusal all but guarantees the futility of the unopposed, court-ordered settlement conference scheduled for tomorrow, July 19, before Judge Matthewman, given that RM is in the dark on the sole issue to be negotiated: What amount of attorney's fees and costs have the law firms reasonably incurred for any alleged multiplied proceedings caused by the AEO designation?

Rather than accept payment of their reasonable fees and costs arising from the AEO designation—which is all the law firms would be entitled to receive were RM sanctioned under 28 U.S.C. § 1927 or, in all probability, would receive under the Court's inherent authority—the law firms nonetheless appear aimed to use the July 26 hearing as a platform to explore testimony from RM attorneys about issues that have nothing to do with the AEO designation. More specifically, the law firms plan to question RM's lawyers about the **new** allegations raised in Plaintiffs' June 7, 2023 response to the May 5 OSC [DE 987], which sought a **new** order to show cause why RM should not be sanctioned for conduct unrelated to the AEO designation, and that occurred before the Eleventh Circuit and several **state courts** (collectively, the "Irrelevant Conduct").

RM understands that the law firms will be seeking to have the Court impose sanction liability and award attorney's fees and costs against RM related to the Irrelevant Conduct. In sum, the Court should prohibit the law firms from improperly expanding the scope of the July 26 hearing beyond the limited AEO issue specified in the May 5 OSC.

<u>S<small>TATEMENT OF</small> F<small>ACTS</small></u>

The May 5 OSC directed the parties to brief the issue of whether Defendant Craig Wright ("Dr. Wright") and RM should be sanctioned for the AEO designation it assigned to Dr. Wright's Fact Information Sheet ("FIS"). [DE 973 at p. 11 ¶ 2] When the law firms responded to the May 5

OSC, they impermissibly sought to expand its limited scope by devoting almost half their response to the Irrelevant Conduct. The law firms' response to the May 5 OSC accuses RM of "orchestrating" what they described as "a scorched-earth strategy designed to frustrate the legitimate efforts to collect on that judgment." [DE 987 at 11] This "campaign," as the law firms called it, consists of RM allegedly: (1) filing motions to disqualify FNF in this **and other courts**, following Kyle Roche's videotaped confessions that led to the termination of the FNF as class counsel in two federal class actions;[1] (2) service of discovery requests in support of its motions to disqualify in this **and other courts**; and (3) pursuing litigation **in state court** to determine the ownership structure of W&K—a question this Court has found belongs in state court. [DE 950, 986.]

During the June 27, 2023 status conference, the Court clarified that the July 26 evidentiary hearing will address both the Motion for Sanctions against Dr. Wright and the May 5 OSC concerning whether RM should be sanctioned for the AEO designation. The Court did **not** issue a new order to show cause as requested by the law firms. Instead, the Court encouraged the parties to attempt to resolve the May 5 OSC by reaching an agreement under which RM would "fairly compensate[]" the law firms for the fees and costs incurred in connection with challenging the AEO designation. *See* Transcript of June 27 Proceedings, attached as Exhibit A, at 14:5-18. As to the amount of potential sanctions, the Court stated: "I suspect that **the monetary damages here are relatively cabined**, you know, what's been the price and **the cost of having to file some sealing motions and unsealing motions and litigate this matter** as far as we've gotten so far." Ex. A at 13:25–14:4 (emphasis added).

---

[1] *See In re Tether and Bitfinex Crypto Asset Litigation*, No. 19 Civ. 9236 (KPF) (S.D.N.Y.) and *Valenti et al. v. Dfinity USA Research LLC et al.*, No. 3:21-cv-06118-JD (N.D. Cal.).

3

Promptly following the June 27 status conference, without admitting liability, RM reached out to the law firms to express its willingness to pay the reasonable attorney's fees and costs arising from the erroneous AEO designation. To that end, RM requested copies of the law firms' invoices, billing records and/or a summary of hours spent and rates to assist it in determining an appropriate settlement offer. The law firms, however, repeatedly declined to produce any of these records, which would have been of great assistance before and during the settlement conference and are relevant to the July 26, 2023 hearing.[2]

On June 29, 2023, RM filed an unopposed motion for referral to a settlement conference with a magistrate judge, and on July 5, 2023, Judge Reinhart referred the parties to Judge Matthewman for a settlement conference. [DE 1000] Judge Matthewman scheduled that conference for July 19, 2023 at 10 a.m. [DE 1001]

RM can only infer from the law firms' obstinacy in disclosing its billings records that they are uninterested in settling the May 5 OSC by accepting payment for the reasonable fees and costs associated with the AEO designation.[3] Settling, however, would preclude the law firms from achieving what appears to be their primary objective at the July 26 hearing—to subject RM's attorneys to cross-examination on litigation strategies employed in other litigations, before other courts, which have zero to do with the AEO designation. RM therefore moves *in limine* to prevent

---

[2] The May 5 OSC and the Court's subsequent order setting the July 26 hearing does not bifurcate liability from amount, nor does Rivero Mestre believe the hearing should be bifurcated on these issues.

[3] If Plaintiffs had moved for sanctions against RM, Local Rule 7.3 would have required Plaintiffs to disclose affirmatively their fee agreement and billing records incurred as a result of the AEO designation. The unique procedural posture of the May 5 OSC giving rise to potential sanctions liability did not invoke Local Rule 7.3.

the law firms from presenting evidence or making legal argument that exceeds the scope of the Court's May 5 OSC limited to the AEO designation.

## ARGUMENT

### A. The Court Should Exclude Evidence of Potential Liability for Sanctions Unrelated to the AEO Issue or the Amount of Fees and Costs Incurred Due to the Irrelevant Conduct

The purpose of a motion *in limine* is "to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect fairness of the trial." *Fagundez v. Louisville Ladder, Inc.*, No. 10-23131-CIV, 2012 WL 253214, at *1 (S.D. Fla. Jan. 26, 2012). A court's authority to rule *in limine* derives from its inherent power to manage the proceedings before it, and a court should exercise that power where evidence is clearly inadmissible for any purpose. *Soto v. Geico Indem. Co.*, No. 6:13-cv-181-Orl-40KRS, 2014 WL 3644247 *1 (M.D. Fla. July 21, 2014). Where a party seeks to introduce evidence that is entirely irrelevant and serves no purpose other than to prejudice the fact-finder, it is appropriately excluded on a motion *in limine. See*, *e.g.*, *Smith v. Bank of Am., N.A.*, Case No. 2:11-cv-676-FtM-29DNF, 2014 WL 12617777, at *1 (M.D. Fla. Mar. 3, 2014) (excluding unrelated instances of alleged bad conduct*); Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01-CV-545-FTM-29DNF, 2004 WL 4054843, at *16 (M.D. Fla. July 22, 2004) (excluding evidence relating to wrongful conduct concerning product that was not subject of litigation).

The **only** conduct exposing RM to potential sanctions under the May 5 OSC is RM's decision to designate Dr. Wright's FIS as AEO, require that it be filed under seal, and defend the designation following the Court's April 20, 2023 order to show cause. [DE 973 at 11] The discovery and other litigation strategies RM pursued in this Court unrelated to the AEO designation are completely irrelevant to resolving the May 5 OSC. And the litigation strategies RM has pursued in **other courts** and on issues having **nothing** to do with the AEO designation

are even more remote. Consequently, the Court should prohibit the law firms from introducing at the July 26 hearing any evidence pertaining to potential sanctions liability for the Irrelevant Conduct.

Also irrelevant and properly excludable is any evidence relating to the amount of fees and costs incurred as a result of any conduct apart from the AEO designation. Sanctions under Section 1927 are limited to "the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 1927; *see also McMahan v. Toto*, 256 F.3d 1120, 1128 (11th Cir. 2001) ("[T]he amount of the sanction cannot exceed the costs occasioned by the objectionable conduct."). It, therefore, follows that any evidence of fees and costs beyond those attributable to the AEO designation are immaterial to calculating Section 1927 sanctions.

RM anticipates that the law firms will argue that sanctions under the Court's inherent authority are not limited to excess attorney's fees and costs.[4] Even when imposing sanctions under their inherent authority, however, courts give primary consideration to what reasonable fees and costs were incurred as a result of the alleged misconduct. *See Trump v. Clinton*, Case No. 22-14102-CV, 2023 WL 333699, at *20 (S.D. Fla. Jan. 19, 2023) (exercising inherent authority to impose sanctions in form of reasonable attorney's fees and costs incurred as result of frivolous litigation). A more punitive sanction than reasonable fees and costs is unwarranted here, given that

---

[4] The May 5 OSC directed RM to show cause why it should not be sanctioned under either Section 1927 or the Court's inherent authority for the erroneous AEO designation. In the Court's Order setting the June 27 status conference and during that conference, the Court indicated that it is considering whether to sanction RM under Section 1927 without reference to potential sanctions under its inherent powers. [*See* DE 993; Ex. A, at 15] A showing of subjective bad faith is required for sanctions under the Court's inherent authority, *Alhassid v. Nationstar Mortg., LLC*, Case No. 14-cv-20484-BB, 2018 WL 5118508, at *2 (S.D. Fla. Oct. 18, 2018) (Bloom, J.), and RM respectfully submits that there is no evidence of subjective bad faith here.

RM's sole alleged misconduct identified in the May 5 OSC arises from the erroneous AEO designation of a single document for which the "monetary damages here are relatively cabined."

## CONCLUSION

For the reasons set forth above, RM respectfully requests that the Court grant RM's expedited motion *in limine* and issue a ruling by July 25, 2023, in advance of the July 26 hearing.

RABIN KAMMERER JOHNSON
1601 Forum Place, Suite 201
West Palm Beach, FL 33401

By: /s Adam T. Rabin
    Adam Rabin
    Florida Bar 985635
    Havan M. Clark
    Florida Bar 1026390
    arabin@rkjlawgroup.com
    hclark@rkjlawgroup.com

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(A)(3), undersigned counsel certifies that he has conferred with counsel Andrew Brenner, who on behalf of Plaintiffs, has represented that they oppose the requested relief.

/s Adam T. Rabin
Adam T. Rabin

## CERTIFICATE OF SERVICE

I certify that on July 18, 2023, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF.

/s Adam T. Rabin
Adam T. Rabin