UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC

    Plaintiffs,

v.                                                          Case No. 9:18-cv-80176 (BB/BR)

CRAIG WRIGHT,

    Defendant.

_____/

## DR. WRIGHT'S OPPOSITION TO MOTION FOR JUDICIAL NOTICE

Craig Wright submits this opposition to Plaintiff W&K's Motion for Judicial Notice [DE 1002] and Supplemental Motion for Judicial Notice [DE 1006] (together, the "motion").

## Introduction

W&K's motion for "judicial notice" may as well be entitled "motion to admit rank hearsay," because that's what it is. W&K asks the Court to take "judicial notice" of six witness statements retrieved from the High Court of Justice, Business and Property Courts of England and Wales Commercial Court (the "UK Court") in an action captioned *Ramona Ang v. Reliantco Investments Ltd*. (the "UK Proceeding"). Though W&K does not specify how it intends to use the documents at the July 26 hearing, its intent is obvious: W&K plans to use the documents to contend that Dr. Wright submitted statements in the UK Proceeding that contradict information he supplied on the Fact Information Sheet (the "FIS"). From there, one supposes, W&K will argue that the information contained in (or missing from) the FIS is false because **what Dr.**

1

*Wright represented to the UK Court is true*. That is hearsay of the plainest sort.[1] The Court cannot take "judicial notice" of the witness statements for that purpose under Federal Rule of Evidence 201 and, accordingly, the motion fails outright.

## Summary of Relevant Facts

Dr. Wright served the FIS on W&K's counsel on April 5, 2023. On April 20, 2023, W&K moved for sanctions against Dr. Wright for his failure to complete the FIS. [DE 963.] To challenge the form's accuracy, W&K relied in part on one of the witness statements of which it asks the Court to take judicial notice: an April 2021 witness statement submitted to the UK Court. [DE 963-5; DE 1006-1.] W&K argued that, though Dr. Wright stated on the FIS that he "transferred all his assets by 2017,"[2] he told to the UK Court in the April 2021 witness statement that he was the beneficial owner of Tulip Trading Limited which, in turn, owns significant amounts of bitcoin. [DE 963 at 4-5; 963-5 ¶¶ 34-35.] In other words, W&K offered up the April 2021 witness statement as proof that Dr. Wright was lying on the FIS.

W&K also complained in its motion for sanctions that Dr. Wright neglected to answer certain of the questions posed on the FIS at all, including questions concerning assets owned by his spouse or children. [DE 963 at 6.] Dr. Wright's response to the motion for sanctions stated that he did not have knowledge of or access to his spouse's financial records and, even if he could gain access, UK law would prohibit him from disclosing such third-party financial information to W&K. [DE 968 at 4.] Judging by the content of the other five witness statements

---

[1] The classic definition of hearsay being "an out of court statement offered in court for the truth of the matter asserted." *Martin v. Allied Interstate, LLC*, 192 F. Supp. 3d 1296, 1302 (S.D. Fla. 2016).

[2] That is not an accurate representation of the FIS. Dr. Wright stated on the FIS that he did not personally own any bank accounts or vehicles, as both were transferred to third parties in 2017. [DE 963-1.] Dr. Wright did *not* state that he had transferred *all* his assets to third parties by 2017.

2

that are the subject of the instant motion, W&K intends to offer them to contend that Dr. Wright does, in fact, have access to his spouse's financial records and, presumably, to argue that he was untruthful when he represented otherwise to this Court. But use of these statements for that purpose is not permitted, despite W&K's evident, singular reliance on them.

The Court scheduled a hearing on the motion for sanctions on July 6, 2023. [DE 973.] In a telephone conference with the parties on June 26, 2023, W&K's counsel said they intended to call Dr. Wright as a witness at the hearing. *See* Transcript of Proceedings, attached as **Exhibit A**, at 8-9. Dr. Wright's counsel advised the Court that Dr. Wright would not be appearing at the hearing. *Id*. at 10. The Court made clear to W&K's counsel that it was not ordering Dr. Wright's appearance and that, if W&K wanted to compel his attendance, it should follow the appropriate legal process to do that:

> [I]t's a civil case, it's not a criminal case. If he wants to waive his appearance and not appear, he doesn't have to be there. But if you want him as a witness, then obviously there's ways to effectuate that … I want to be sure if you want Dr. Wright there, you want him there in person, and you want to try to effectuate some sort of process that requires him to be there, I will give you that opportunity.

*Id*. at 10-11. The Court then rescheduled the hearing for approximately four weeks out, in part, to give W&K's counsel time to effectuate Dr. Wright's attendance. In response, W&K did nothing to compel Dr. Wright's testimony. Instead, it filed the instant motion requesting that the Court "take judicial notice" of the witness statements in hopes that it could persuade the Court to "hear" Dr. Wright testify about his finances through papers submitted *years ago* in a foreign proceeding, and then leverage those statements to dispute the representations Dr. Wright made on the FIS (and related briefing) about his finances *today*. This, W&K cannot do.

3

**Argument**

Rule 201 of the Federal Rules of Evidence permits a Court to judicially notice only "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." W&K does not contend that the witness statements fall into the first category (they couldn't possibly) but tries to squeeze them into the second. They don't fit there either.

By the plain language of Rule 201, a court may only judicially notice a fact that is "not subject to reasonable dispute." Fed. R. Evid. R. 201; *see also U.S. v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) ("[I]n order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite."). As the Eleventh Circuit has explained, "the taking of judicial notice of facts is, as a matter of evidence law, a highly limited process. The reason for this caution is that the taking of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court." *Kerruish v. Essex Holdings, Inc.*, 777 F. App'x 285, 293–94 (11th Cir. 2019) (quoting *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997) (en banc) (per curiam)).

By their very nature, statements made in affidavits and declarations—which typically are made for the purpose of establishing a fact that ***is in dispute***—do not qualify. *Baker v. Nextel S. Corp.*, 2009 WL 1703276, at *2 (S.D. Fla. May 26, 2009) (declining to take judicial notice of declaration submitted in another action and noting that "[f]acts in the judicial record that are subject to dispute, such as allegations in affidavits, declarations, and probation reports, are not the proper subjects of judicial notice even though they are in a court record") (internal citation omitted). To the extent judicial notice of a witness statement is appropriate, a court may take

4

notice only of the fact of the statement's existence—**not its contents**. *See Campo v. Granite Servs. Int'l, Inc.*, 584 F. Supp. 3d 1329, 1335–36 (N.D. Ga. 2022) (declining to take judicial notice of declaration where defendants were, as here, "not requesting judicial notice simply to establish the fact of such litigation and related filings" but "to establish the truth of the assertions contained in the filing itself."); *Suncoast Waterkeeper v. City of Gulfport*, 2017 WL 1632984, at *4 (M.D. Fla. May 1, 2017) (taking judicial notice of "fact that declarations were filed" but not their contents); *see also MB Plaza, LLC v. Wells Fargo Bank, NA*, 2011 WL 3703143, at *1 (S.D. Fla. Aug. 23, 2011) (taking judicial notice of state court filings "but not for the truth of the matter asserted herein").[3]

While in one breath stating that it is "simply" requesting that the Court take judicial notice that Dr. Wright made the witness statements in the UK Court and not asking the Court to accept the veracity of the statements, W&K emphasizes with the next breath that the statements contain a "statement of truth" signed by Dr. Wright, attesting that "the information contained therein is true." (Motion at 4.) W&K is therefore, quite obviously, intending to ask the Court to accept the **content** of the statements as true—in the absence of Dr. Wright's or anyone else's testimony about them. That's a thinly veiled and entirely improper attempt to introduce pure hearsay, not a proper request for judicial notice.

If W&K wished to examine Dr. Wright about the witness statements, it could have sought to compel his testimony through the appropriate legal process. It didn't even try. It can't now try to introduce years-old foreign witness statements in lieu of his testimony. The motion fails.

---

[3] The cases cited by W&K do not hold otherwise. See, e.g., *Tahaya Misr Inv., Inc. v. Helwan Cement S.A.E.*, 2016 WL 4072332, at *1 n.3 (C.D. Cal. Jul. 27, 2016) (taking judicial notice of the existence of foreign court documents, but not accepting them for truth of their contents.")

5

## **Conclusion**

For the good reasons set forth above, the Court should deny the motion for judicial notice.

Dated: July 25, 2023

>Respectfully submitted,
>
>RIVERO MESTRE LLP
>2525 Ponce de Leon Boulevard,
>Suite 1000
>Miami, Florida 33134
>Telephone: (305) 445-2500
>Fax: (305) 445-2505
>Email: arivero@riveromestre.com
>Email: abrown@riveromestre.com
>Email: ahenry@riveromestre.com
>Email: rkuntz@riveromestre.com
>Email: receptionist@riveromestre.com
>*Counsel for Dr. Craig Wright*
>
>By: s/ Andres Rivero
>ANDRES RIVERO
>Florida Bar No. 613819
>AMY C. BROWN
>Admitted *Pro Hac Vice*
>ALLISON HENRY
>Florida Bar No. 1003008
>ROBERT KUNTZ
>Florida Bar No. 94668

## CERTIFICATE OF SERVICE

      I certify that on July 25, 2023, I electronically filed this document with the Clerk of the Court using CM/ECF. I also certify that this document is being served today on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF.

By: <u>/s/ Andrés Rivero.</u>
Andrés Rivero
