UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>    Plaintiffs,<br><br>v.<br><br>CRAIG WRIGHT<br><br>    Defendant. | CASE NO.: 9:18-cv-80176-BB |

**PLAINTIFF W&K INFO DEENSE RESEARCH, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR JUDICIAL NOTICE**

Context matters. The current proceeding was necessitated by Defendant Wright's willful refusal to complete Form 1.977. Indeed, he initially resisted completing the Form, necessitating the filing of a motion to compel, which he responded to with frivolous arguments. ECF No. [939] at 2. When he lost that motion, he appealed to the District Court which, not surprisingly, summarily rejected his arguments and ordered him to complete the Form.

Unpersuaded by the authority of the Court, Wright continued his pattern of obstruction. He served his "completed" form only on his wife and ex-wife because they claim they are the true owners of W&K. This Court *sua sponte* ordered him to produce it on W&K's counsel (i.e., the undersigned) immediately. But Wright had more tricks up his sleeve.

The following day, he produced the Form devoid of any meaningful information. And, on his behalf, his attorneys asserted "Attorney's Eyes Only" protection over the Form meaning that it could not even be shown to the party holding the judgment against him.[1] More pertinent here, the Form was mainly blank, partly because Wright apparently decided that he does not need

---

[1] To be fair, Wright's attorneys have stated that the frivolous AEO assertion was made by them, not Wright.

to comply with Court Orders, and partly based on a claim that he had no access to the information about his wife required by the Form. This led to Orders to Show Cause being issued against Wright and his attorneys. ECF Nos. [973], [967].

Pertinent here are prior sworn witness statements by Wright that contradict what he (and his wife) told this Court about why he could not complete his Form 1.977. Wright does not contest that he made these prior sworn statements, and he cannot contest that those statements directly contradict his statements to this Court. Yet, even when a *prima facie* finding of contemptuous conduct has already been made against him, Wright asks this Court to pretend his prior sworn statements do not exist, labelling them as "rank hearsay" and attempting to minimize them as "years old foreign witness statements."

As set forth below, the documents at issue are the sworn statements of Wright and are binding admissions against him. As will be demonstrated at the Show Cause hearing, they bear directly on his current defenses to the Show Cause Order. In sum, W&K has made the requisite showing for this Court to take judicial notice of these statements.

## ARGUMENT

Wright's argument against this Court taking judicial notice of multiple, sworn statements he made to the Courts in England presents a classic "straw man" argument. Specifically, Wright is defending against relief W&K has not sought through this Motion.

Wright tried to frame the issue of W&K asking the Court to take judicial notice of the veracity of Wright's statements. This is not so. Indeed, in its Motion, Plaintiff clearly states that the "determination of the veracity of [the witness] statements…is beyond the scope of this Judicial Notice request….". Mot. at 4. The reason for this is simple -- with Dr. Wright, one can never be absolutely certain which Courts he is lying to.

We do know that Wright is lying at least to some Courts as the sworn statements he made in the British Courts directly contradict the position he has taken in this Court. *See generally*, ECF No. [972], [985-1]. For example, Wright and his wife have represented to the Court that they "keep [their] finances separate" and that Wright "does not know the details of [Ramona's] financial affairs." ECF No. [985-1] at 1; *see also generally* ECF No. [985]. Yet, Wright has repeatedly sworn in the British Courts that they jointly keep their finances.[2] And, although the Court may have to figure out at some point which Court Wright is lying to, it does not need to do so to resolve the Motion for Judicial Notice.

Instead, W&K's request here is that the Court take judicial notice that the statements were indeed submitted under oath by Wright to a foreign court. Mot. at 4. In his response, Wright does not contest that he submitted these statements, under oath, to a foreign court. In other words, the question raised by the judicial notice request is conceded. The Court must take judicial notice that the sworn statements were indeed written and submitted by Wright to a foreign court. Whether the alleged facts contained in Wright's sworn witness statements are true is left to the discretion of the Court.[3]

Defendant's next argument against admission of these documents is frivolous. Specifically, Defendant argues that *his* sworn, written statements are "rank hearsay." Of course, these

---

[2] At the hearing, it will also be shown that the witness statements contradict Wright's newly-filed revised Form 1.977.
[3] In fact, the cases cited by Wright in his Opposition to Plaintiff's Motion for Judicial Notice support this proposition. In *Suncoast Waterkeeper v. City of Gulfport*, 2017 WL 1632984, at *4 (M.D. Fla. May 1, 2017), the court took judicial notice that the declarations were filed, but not of their contents. In *MB Plaza, LLC v. Wells Fargo Bank, NA*, 2011 WL 3703143, at *1 (S.D. Fla. Aug. 23, 2011), the court also took judicial notice of the state court filings and exhibits, but not of their contents. In *Baker v. Nextel S. Corp.*, 2009 WL 1703276 at *2 (S.D. Fla. May 26, 2009) and *Campo v. Granite Servs. Int'l, Inc.*, 584 F. Supp. 3d 1329, 1335-36 (N.D. Ga. 2022), the court declined to take judicial notice because, unlike plaintiffs here, the movants were asking the court to take judicial notice of contents of the statement and to rely on the truth of those statements to attain subject matter jurisdiction and defeat a motion to dismiss, respectively.

statements are not rank hearsay (or, for that matter, any other kind of hearsay). They are the admissions of a party. Fed. R. Evid. 801.

Defendant's response, for some reason, is heavy on criticism of Plaintiff for not attempting to compel Wright's attendance at the Order to Show Cause hearing. This argument is both irrelevant and disingenuous.

First, Plaintiff has no burden whatsoever at the upcoming Order to Show Cause hearing and does not need any testimony from Dr. Wright. Indeed, it is Wright who must show cause as to why *he* should not be held in contempt per the Court's order. Wright's failure to appear at the hearing is his choice and is essentially a concession of the *prima facie* case of contemptuous conduct this Court has already found to exist. *See Brother v. BFP Invs., Ltd.*, 2010 WL 2978077 at *3 (S.D. Fla. June 1, 2010), *report and recommendation adopted*, 2010 WL 2978080 (S.D. Fla. July 26, 2010); ECF No. [973] at 5.

Second, Plaintiff has had to go down the road in this litigation of compelling the attendance of a foreign witness to appear for deposition in their home country. Indeed, although Wright's wife Ramona Ang was clearly a witness with knowledge and a possible trial witness for Dr. Wright, she refused to voluntarily appear for deposition. Instead, she insisted that Plaintiff compel her attendance through the British Courts and pay her attorney's fees, a process that took many months, and cost Plaintiff $162,199.01 ($158,865.89 and $3,333.12 in costs, respectively) for the privilege of asking Ms. Ang questions under oath and obtaining documents relevant to the lawsuit. There is no vehicle by which Plaintiff can compel Wright to travel overseas for hearing.

Lastly, while desperately seeking to have the Court ignore his own sworn written statements, Defendant appears poised to ask this Court to accept certain filings he made on the eve of the hearing. *See* Wright's Notices of Filing and Supplemental Materials, filed under seal July

25, 2023. He apparently will try to do so without appearing to authenticate these documents, let alone swearing to their veracity (or otherwise explaining their contents). How can it be that these documents would be admissible at the Order to Show Cause hearing, yet Defendant's sworn written statements would not be?

Dated: July 25, 2023

Respectfully submitted,

By: /s/ *Andrew S. Brenner*
ANDREW S. BRENNER
Florida Bar No. 978663
STEPHEN N. ZACK
Florida Bar No. 145215
SAMANTHA LICATA
Florida Bar No. 1024237
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile:  (305) 539-1307
szack@bsfllp.com
abrenner@bsfllp.com
slicata@bsfllp.com

MAXWELL V. PRITT
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA  94104
Telephone: (415) 293-6869
Facsimile:  (415) 293-6869
mpritt@bsfllp.com

VELVEL DEVIN FREEDMAN
**FREEDMAN NORMAND FRIEDLAND LLP**
One Southeast Third Avenue
Suite 1240
Miami, Florida  33131
Telephone:  (786) 924-2900

JOSEPH DELICH
STEPHEN LAGOS
**FREEDMAN NORMAND FRIEDLAND LLP**
99 Park Avenue, Suite 1910
New York, New York 10016

*Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 25, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Andrew S. Brenner*
Andrew S. Brenner, Esq.