UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>　　　　Plaintiffs,<br><br>v.<br><br>CRAIG WRIGHT<br><br>　　　　Defendant. | CASE NO.: 9:18-cv-80176-BB |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR EXTENSION OF TIME AND DEFENDANT'S MOTION FOR SUBSTITUTION OF COUNSEL**

Plaintiff W&K hereby responds to: (1) Defendant's Motion for Extension of Time (ECF No. [1026]); (2) Defendant's Motion for Substitution of Counsel[1] (ECF No. [1027]) and (3) Leonard Feuer, Esq. and Leonard Feuer, P.A.'s Motion to Withdraw as Counsel for Dr. Wright (ECF No. [1030]), collectively "Motions," and states as follows:

Defendant Wright is entitled to retain the services of any lawyer who will accept him as a client,[2] and he has the right to discharge any such lawyer. He does not have the right to abuse these privileges to further prejudice Plaintiff.[3]

As counsel for Plaintiff made clear in his meet and confer with Mr. Feuer in connection with his motion to withdraw,[4] Plaintiff objects to Wright's recent carousel of counsel scheme

---

[1] James Gillenwater, of Greenberg Traurig, P.A., has now filed a Notice of Appearance on behalf of Defendant Wright.
[2] Wright's track record, here and in cases around the world, should cause any new lawyer pause before making any representations in Court on his behalf that the lawyer themselves has not been able to independently verify.
[3] Plaintiff's attempt to obtain standard post-judgment discovery has been ongoing since last year. Every step of the way, these attempts have been stymied by Wright's bad faith conduct. This latest attempt to buy delay by firing his lawyers, and hiring a new one, is entitled to no presumption of good faith on his part.
[4] In the meet and confers with Rivero Mestre related to their motion to withdraw, counsel for Plaintiff asked for, but was not provided any reason for the Firm's withdrawal other than it would include a claim of

through which Dr. Wright is attempting to further delay this Court's findings in connection with its Order to Show Cause why he should not be held in contempt. And, since Wright or either of his counsel have provided no reason for their sudden discharge,[5] and given Wright's continued disregard for the authority of the Court, the most logical conclusion to be drawn is that Wright is not acting in good faith. In short, Plaintiff only objects to the proposed withdrawals to the extent they are being cited as the reason that Wright needs yet more time to comply with this Court's current deadlines that were set at the July 26th hearing.

It was Wright who made the decision to fire the attorneys who have represented him for over five years, and the attorney he specifically hired to assist him with the currently pending Order to Show Cause, after the hearing on that issue was complete and certain post-hearing submission deadlines were days away. Since Wright has provided no explanation for his gambit or the timing of same, Plaintiff requests that this Court not extend the current post-hearing submission deadlines. If Wright needs Rivero Mestre and/or Mr. Feuer's assistance in complying with same, their respective withdrawals should be delayed until August 16, the last date of the current set of deadlines.

Dated: August 4, 2023

Respectfully submitted,

By: */s/ Velvel (Devin) Freedman*
VELVEL (DEVIN) FREEDMAN
**FREEDMAN NORMAND FRIEDLAND LLP**
1 SE 3rd Avenue, Suite 1240
Miami, Florida, 33131
Telephone: (786) 924-2900

---

"irreconcilable differences." Indeed, Rivero Mestre never said they were being, or had been, discharged. Additionally, Plaintiff expressed the same concerns it later did to Mr. Feuer regarding delay and prejudice related to the timing of the proposed withdrawal. During the discussions with Rivero Mestre, Plaintiff was not told that Mr. Feuer was about to be discharged as well.

[5] Both lawyers seeking to withdraw cited the Florida Bar Rule related to "discharge" by their client as their reasons for the withdrawal.

vel@fnf.law

JOSEPH DELICH
STEPHEN LAGOS
**FREEDMAN NORMAND FRIEDLAND LLP**
99 Park Avenue, Suite 1910
New York, New York 10016
Telephone: (646) 350-0527
jdelich@fnf.law
slagos@fnf.law

ANDREW S. BRENNER
Florida Bar No. 978663
STEPHEN N. ZACK
Florida Bar No. 145215
SAMANTHA LICATA
Florida Bar No. 1024237
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile:  (305) 539-1307
szack@bsfllp.com
abrenner@bsfllp.com
slicata@bsfllp.com

MAXWELL V. PRITT
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA  94104
Telephone: (415) 293-6869
Facsimile:  (415) 293-6869
mpritt@bsfllp.com

*Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC*

3

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on August 4, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                */s/ Velvel (Devin) Freedman*
                Velvel (Devin) Freedman, Esq.