UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-cv-80176-BLOOM/REINHART

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC,

 Plaintiffs,
v.

CRAIG WRIGHT,

 Defendant.
_____/

**DEFENDANT'S NOTICE OF SUPPLEMENTAL EVIDENCE AND AUTHORITY**

  Pursuant to the Court's July 27, 2023 Order, ECF No. 1021, following the July 26, 2023 evidentiary hearing on the order to show cause ("Hearing"), Defendant Craig Wright ("Dr. Wright") files this notice of supplemental evidence and authority in response to the new exhibits and arguments presented by Plaintiff at the Hearing.

  At the Hearing, Plaintiff introduced historical property searches and public statements by Dr. Wright regarding real and intangible property he claimed to "have" or "own" in the past, *see* Pl.'s Hr'g Exs.,[1] arguing that Dr. Wright's failure to disclose that property on his Rule 1.977 Fact Information Sheet ("Form 1.977") constitutes a failure to comply with the Court's order to fully fill out Form 1.977. *See* ECF No. 1025 ("July 26 Hr'g Tr."); *see also* ECF Nos. 939, 953, 963, 966, 973.

  But Dr. Wright indicated on his original Form 1.977 that all of his assets are held in trust.

---

[1] Pursuant to the Court's Order, the parties will file these exhibits on August 23, but they have not yet been given a docket number.

1

ECF No. 966-1 ("assets all Business in trust"). The referenced Tulip Trust Document, ECF No. 512-14 (also introduced as Pl.'s Hr'g Ex. 8), reflects that the trust was registered in the Seychelles under registration number T000712 on July 6, 2017. *See id.* at 1518379[2]; *id.* at 1518381 § 3; *id.* at 1518405.[3] It reflects that Dr. Wright's wife Ramona Ang is the trustee, *id.* at 1518379, and that Dr. Wright is a beneficiary, *id.* at 1518394 (Schedule B). The Trust's assets are listed on Schedule A as including (1) companies such as Tulip Trading Ltd; (2) shares, corporate vehicles, and digital assets held through those companies; and (3) "All Trusts and assets ever owned by Craig Wright until the formation of this trust." *Id.* at 01518393 (Schedule A).

It is axiomatic that a trustee, not a trust beneficiary, holds legal title to and ownership of a trust's assets. *See, e.g.*, *N. Carolina Dep't of Revenue v. The Kimberley Rice Kaestner 1992 Fam. Tr.*, 139 S. Ct. 2213, 2218 (2019) ("The trust comprises the separate interest of the beneficiary, who has an 'equitable interest' in the trust property, and the trustee, who has a 'legal interest' in that property."); *Tech. Olympic USA, Inc. v. Deutsche Bank Tr. Co. Americas*, No. 06-CV-61830, 2007 WL 9700946, at *4 (S.D. Fla. 2007) (trustees "have legal title" to trust property (quoting *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465 (1980)); *Brevard Cnty. v. Ramsey*, 658 So. 2d 1190, 1196 (Fla. 5th DCA 1995) ("[T]he trustee retains the legal title to the real estate held in trust. In a trust relationship, the trust beneficiary possesses an equitable ownership in the trust property, while the trustee possesses legal title to the property. . . . [T]he beneficiary of a trust of land does not 'own' or 'hold' the land . . . ." (citations omitted)); *see also* ECF No. 512-14 at 1518381 ("The purpose of this Trust is for Trustee to take and hold title to the property conveyed to Trustee and

---

[2] Pincites are to the trust document's Bates numbers.
[3] Baker & McKenzie LLP advised on the restructuring of the trust in 2016-2017. *See* **Ex. A** (Aug. 18, 2023 email from Baker & McKenzie LLP to Craig Wright (attaching invoices from October 2016 – January 2017 reflecting advice on trust)).

to preserve and increase the same until its sale or other disposition."); *id.* at 1518389 ("No Beneficiary shall have any right, title, or interest, whether legal or equitable, in the real property which is held as Trust Property.").

As the Court noted at the Hearing, Form 1.977 "is not a form that says give me a full listing of all of your assets of every kind. It enumerates specific categories of assets." July 26 Hr'g Tr. at 107:1-4; *see also id.* at 16:9-11 ("[I]t doesn't ask for disclosure of all assets, it asks for disclosure of certain categories of assets."); *id.* at 130:13-15 ("The blank Form 1.977 required by the Florida Civil Rules of Procedure requires certain information to be disclosed and other information not to be."); *id.* at 130:5-6 ("For purposes of today, I feel I need to stress I am cabined by the four corners of the form."). Form 1.977 does not enumerate a specific category for trust assets as to which an individual is a beneficiary. *See* ECF No. 966-2. And as the Court expressly held at the hearing, Form 1.977 does not require the disclosure of assets owned or held by Dr. Wright's wife, the trustee of the Tulip Trust. *See* July 26 Hr'g Tr. at 41:15-18 ("I am prepared to rule that as a textual matter it applies only to Dr. Wright. It does not apply to assets or bank accounts or anything else that is exclusively held by Ms. Ang."). To the contrary, Form 1.977 on its face is limited to the "Individual" filling it out and the "real or personal property *you own*." ECF No. 966-2 (emphasis added); *see also* July 26 Hr'g Tr. at 41:18-23 ("[T]he reference to 'you' as used throughout the form is referring only to Dr. Wright and would encompass responsive materials, assets, either held solely by Dr. Wright or jointly by Dr. Wright and Ms. Ang, but would not reach any assets held exclusively or solely by Ms. Ang.").

For these reasons and those stated in Dr. Wright's briefs in opposition to the sanctions motion, ECF Nos. 968, 985, the sanctions requested by Plaintiff should be denied. *See* July 26 Hr'g Tr. at 131:25-132:1 ("[I]f it is not required by the form, I can't hold him in contempt for it.");

*id.* at 130:20-22 ("[I]f he has acted contemptuously, it has to be measured against, and only measured against what he was required to disclose on this form. That's all.").

Dated: August 21, 2023.                                  Respectfully submitted,

                                                           **GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0816
Facsimile: (305) 579-0717

By:   */s/James E. Gillenwater*
      JAMES E. GILLENWATER
      Florida Bar No. 1013518
      Email: gillenwaterj@gtlaw.com
      ROBERT S. GALBO
      Florida Bar No. 106937
      Email: galbor@gtlaw.com
      ALEXA J. ROSENSON
      Florida Bar No. 1040669
      Email: alexa.rosenson@gtlaw.com
      michelle.cruz@gtlaw.com
      flservice@gtlaw.com

      *Counsel for Defendant Craig Wright*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 21st day of August, 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record identified below either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/James E. Gillenwater*
JAMES E. GILLENWATER