UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>    Plaintiffs,<br><br>v.<br><br>CRAIG WRIGHT<br><br>    Defendant. | CASE NO.:  9:18-cv-80176-BB |

**PLAINTIFF'S MOTION AND RESPONSE TO DEFENDANT'S NOTICE OF FILING EXHIBITS**

Pursuant to the Court's Order at ECF No. [1032], Plaintiff W&K Info Defense Research, LLC and Defendant Craig Wright filed their respective exhibits introduced at the July 27, 2023 Evidentiary Hearing.  However, as stated in his Notice, ECF No. [1046], Wright filed one of his exhibits with redactions not agreed to by Plaintiff.  As set forth below, Plaintiff opposes Wright's redactions to the descriptions of charges to Wright's American Express ("Amex") statements contained within Defendant's Exhibit 2.

Federal Rule of Civ. P 5.2(a) governs redacted filings in federal court.  Specifically, Rule 5.2(a)(1)-(4) allows for redactions only to social security numbers, taxpayer ID numbers, birth dates, and financial account numbers.  Fed. R. Civ. P. 5.2. In accordance with this authority, Plaintiff did not oppose any redactions to Wright's account numbers (or home address) and agrees such information should be shielded from public record.

However, Wright proposes numerous redactions to items outside the scope of Rule 5.2. Specifically, Wright proposes redactions to the descriptions of various charges on his Amex statements which include the names of places where Wright has purchased food, groceries, and

fuel. Notably, the Amex charges, and the fact that they were on a card in Wright's name and used clearly for personal purposes, was discussed in open court at the hearing on July 27, 2023.

There is a strong common-law presumption of public access to court records. *F.T.C. v. AbbVie Prod. LLC*, 713 F.3d 54, 62 (11th Cir. 2013) ("The common-law right of access establish[es] a general presumption that criminal and civil actions should be conducted publicly and includes the right to inspect and copy public records and documents. It is an essential component of our system of justice and is instrumental in securing the integrity of the process.") (citations omitted). Notwithstanding same, Wright offers no recognized basis for overcoming this presumption. Accordingly, Plaintiff opposes all redactions to the descriptions of charges contained in Wright's Amex statements.

At the hearing, Wright offered – and the Court admitted into evidence – the entirety of Wright's Amex statements as part of Defendant's Exhibit 2. *See* Hrg. Tr. at 43-44. In fact, this Court made clear that evidence introduced into the record at the hearing must be included in the public record. ECF No. [1021] ("Defendant introduced the documents into evidence at the hearing, and therefore, they must be included in the public record," and citing *Brown v. Advantage*, *infra*).

The charges (and their implications) were also specifically discussed in open court (Hrg. Tr. at 117-118, counsel for Plaintiff discussing Wright's charges at suits shops, Tinder.com, restaurants, and hotels). The effect of these charges is relevant to the instant issue – i.e., whether Wright possesses bank accounts that he has still yet to disclose, and from which he is supporting himself (while making no payments on the $143 million-plus Final Judgment entered against him). Put another way, the totality of Wright's monthly Amex charges, taken together with his alleged income and rent payments, weigh heavily on the accuracy and completeness of Wright's income

and asset disclosures on the form. *F.T.C. v. AbbVie Prod. LLC*, 713 F.3d 54, 66 (11th Cir. 2013) ("there is a presumption that documents relevant to legal decisions are public").[1]

While identifying information such as social security numbers or account numbers may be redacted from public record, the law makes no such exception for the names of places where an individual grocery shops or fills their gas tank. *See Brown v. Advantage Eng'g, Inc*., 960 F.2d 1013, 1016 (11th Cir. 1992) ("Judicial records are presumed to be public documents because once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case."); *see generally*, *F.T.C. v. AbbVie Prod. LLC*, 713 F.3d 54, 62 (11th Cir. 2013).

Wright poses the redacted information as a "security risk" whereby the information creates the potential for him and his family to be followed in public locations where they frequent. This is disingenuous. Wright consistently publicizes his whereabouts to the public via his social media, apparently with no fear of how it might endanger him or his family.[2] Wright also proposes redactions to charges for GoTinder.com, a popular dating site, because they "were charged in error

---

[1] While the Court has observed that Form 1.977 does not necessarily require a detailed listing of all assets held by the Judgment Debtor, it indisputably does require the disclosure of bank accounts.

[2] *See* October 16, 2022 Tweet of Wright stating "Hello from the Royal Opera House in Muscat, Oman" with photograph, https://twitter.com/Dr_CSWright/status/1581557844469436416; July 22, 2023 Tweet of Wright at the opera with his wife and a photo attached, https://twitter.com/Dr_CSWright/status/1682864856213651456; June 16, 2023 Tweet showing his attendance at Jack Black Live Concert with video footage, https://twitter.com/Dr_CSWright/status/1669823850266099715; April 28, 2023 Tweet with photograph of him attending a cooking class at Le Cordon Bleu Paris, https://twitter.com/Dr_CSWright/status/1651832258926456832; July 22, 2023 Tweet showing him attending the London Opera House (and tagging the location), https://twitter.com/Dr_CSWright/status/1682889274906255362; June 10, 2023 Tweet of him at Brixton, London restaurant with photograph, https://twitter.com/Dr_CSWright/status/1667524484264341505; July 10, 2023 Tweet and photograph of Wright on campus in Arizona (and stating he would be there for one week), https://twitter.com/Dr_CSWright/status/1678477375984529410; March 17, 2023 Tweet stating "I will be in Switzerland for one week," https://twitter.com/Dr_CSWright/status/1636632909565116416; Jan. 6, 2023 Tweet stating "My daughter lives in Texas," https://twitter.com/Dr_CSWright/status/1611385317751418880; Aug. 28, 2023 Tweet from Wright stating he will be the keynote speaker at an upcoming nChain conference, https://twitter.com/Dr_CSWright/status/1689435939872083968.

and reimbursed." Charges or reimbursements from an online dating site are not protected information; Wright does not get to pick and choose when a fundamental principle of our court system applies to him.

WHEREFORE, Plaintiff respectfully requests the Court grant only Wright's proposed redactions which are covered by Rule 5.2. The Court should reject all redactions to the charge description in his Amex statements contained in Defendant's Exhibit 2.

Dated: August 28, 2023

Respectfully submitted,

By: */s/ Andrew S. Brenner*
ANDREW S. BRENNER
Florida Bar No. 978663
STEPHEN N. ZACK
Florida Bar No. 145215
SAMANTHA LICATA
Florida Bar No. 1024237
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile:  (305) 539-1307
szack@bsfllp.com
abrenner@bsfllp.com
slicata@bsfllp.com

MAXWELL V. PRITT
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA  94104
Telephone: (415) 293-6869
Facsimile:  (415) 293-6869
mpritt@bsfllp.com

VELVEL DEVIN FREEDMAN
**FREEDMAN NORMAND FRIEDLAND LLP**
One Southeast Third Avenue
Suite 1240
Miami, Florida  33131
Telephone:  (786) 924-2900

JOSEPH DELICH
STEPHEN LAGOS
**FREEDMAN NORMAND FRIEDLAND LLP**
99 Park Avenue, Suite 1910
New York, New York 10016

*Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 28, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Andrew S. Brenner*
Andrew S. Brenner, Esq.