UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>Plaintiffs,<br><br>v.<br><br>CRAIG WRIGHT<br><br>Defendant. | CASE NO.: 9:18-cv-80176-BB |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**NOTICE OF SUPPLEMENTAL EVIDENCE AND AUTHORITY**

On May 4, 2023, this Court issued an Order to Show Cause why Defendant should not be held in contempt for refusing to comply with Judge Bloom's Order that he complete Form 1.977. DE 973. Debtor Wright waited months to take *any* action and then, on the eve of a hearing, served a supplemental Form 1.977 along with certain attachments. Wright then elected not to appear at the hearing, and instead sent his lawyers[1] who were tasked with unenviable job of sponsoring the veracity of Wright's "new" disclosures.

At the hearing, Plaintiff introduced evidence that showed beyond any reasonable dispute that Debtor Wright's new form---like the old one—was still incomplete and, more importantly, still untrue. For example, Plaintiff introduced evidence in the form of sworn prior testimony from Debtor Wright that he possesses multiple bank accounts and that he owns property (each of which he was required to disclose on Form 1.977). Additionally, it was shown that Debtor Wright spends

---

[1] Wright was represented at the hearing not only by his then existing counsel in the case (Rivero Mestre), but also by Len Feuer who filed his appearance shortly before the hearing. In fact, it appears that it was Mr. Feuer who convinced Wright to supplement his Form 1.977. DE 1025, Tr., 76:9-10 (July 26, 2023) ("I can't go into privileged stuff, but Mr. Feuer had to do with the new form.").

1

more just on his apartment and his monthly Amex bill than he claims to earn from his job, which he claims on the Form is his only source of income and the only asset he must disclose.

Notwithstanding that the Order to Show Cause was pending for months prior to the hearing, and Debtor Wright was afforded the opportunity to appear remotely, this Court gave him yet another opportunity to supplement the record after the hearing. Instead of addressing the obvious falsehoods exposed at the hearing, Debtor Wright fired his lawyers, and retained new ones, who in turn requested an extension of time to supplement the record (which the Court granted).

On August 21, Debtor Wright filed a Notice of Supplemental Evidence and Authority as part of a last-ditch effort to avoid being held in contempt for his incessant lies to Plaintiffs and this Court, and his attempt to evade judgment collection, including by flouting Judge Bloom's order. DE 1044. The supplemental "evidence" consists of a purported email exchange between Wright and two corporate lawyers that attach purported invoices for services rendered. DE 1044-1. And the supplemental authority proffered by Wright consisted of cases stating "a trustee, not a trust beneficiary, holds legal title to and ownership of the trust's assets." DE 1044 at 2.

None of this matters. Wright's post-hearing supplement simply has no relevance to the question of whether Wright should be held in contempt. It's time to get off this fraudulent merry-go-round.

 I.   **Wright's Notice of Supplemental Evidence and Authority is a Pointless Attempt to Distract from His Contemptuous Conduct.**

Let's be clear: Wright's latest submission is a naked attempt to distract from the contemptuous conduct Wright is utterly unable to explain away or mitigate. The argument that Wright was just a beneficiary of a trust (for which his wife purportedly is trustee), and therefore was not obligated to disclose "trust assets" fails to address what we already know. For example, we already know that Wright has active and funded bank accounts *in his own name*, but has refused

to provide the required disclosures about them. Indeed, one of the tax returns Wright attached to his (Second) Form 1.977 indicates that Wright was willing to share information about his bank accounts for purposes of obtaining a tax refund. *See* DE 1046-2 at 24 (indicating Wright maintains a Natwest bank account in his own name); *id.* at 7 ("I also am a titled co-account holder at NatWest").

While the existence of these bank accounts is hardly the only evidence that Wright has contemptuously refused to complete the Form 1.977, it is adequate to show that Wright's latest Tulip Trust tale is, at best, irrelevant. Indeed, this Court already cast doubt on whether the Trust actually exists after an extensive evidentiary hearing. DE 277 at 21 ("The totality of the evidence in the record does not substantiate that the Tulip Trust exists."). Even if it did exist, however, it was formed sometime in 2016-2017, and is irrelevant as to other assets, accounts, etc. in Wright's possession, custody or control in *2023*. This is only reinforced by the fact that Wright's tax return is from just last year, whereas his purported legal bills (whatever they are supposed to establish) are from 2016.[2] Thus, Wright's Notice of Supplemental Evidence and Authority is stale in addition to being pointless.

**II.    Wright's Legal Bills are Inadmissible Unauthenticated Hearsay.**

In addition to being irrelevant, Wright's supplemental "evidence" is also inadmissible because it is unauthenticated hearsay. See Fed. R. Evid. 801(c) (hearsay is (1) an out-of-court statement that is (2) offered "in evidence to prove the truth of the matter asserted in the statement"). Wright's 2016 legal bills are (1) out-of-court statements (2) about the creation of a trust, which

---

[2] The purported legal bills, which as discussed *infra* are inadmissible, do not mention the word "Tulip."

3

Wright is offering to apparently prove that the trust was created. Accordingly, the invoices are hearsay to which no exception applies, and thus inadmissible.

Wright's purported legal bills are also inadmissible for the independent reason that they have not been authenticated. The Federal Rules of Evidence require a proponent of an item of evidence to "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Wright has not submitted any "testimony of a witness with knowledge" that could sponsor his "supplemental evidence" since he could not be bothered to show up to testify at his own Order to Show Cause hearing.[3] Wright's absence may be sufficient to support adverse inferences[4] against him, but it cannot support admission of random invoices from nearly a decade ago.

\*   \*   \*

Because its contents are irrelevant and inadmissible, the Court should disregard Wright's Notice of Supplemental Evidence and Authority and proceed with certifying contempt proceedings to Judge Bloom.

/

/

/

---

[3] Recall that Wright elected not to show up for the hearing on this Court's Order to Show Cause, choosing instead to send counsel to argue on his behalf. Shortly after that hearing, Wright fired them.

[4] *E.g., Jones v. Otis Elevator Co.*, 861 F.2d 655, 658 (11th Cir. 1988) (affirming jury instruction that "[i]f a party fails to call a person who possesses knowledge about the facts in issue and who is reasonably available to him and who is not equally available to the other party, then you may infer that the testimony of that witness is unfavorable to the party who could have called that witness and did not do so").

Dated: August 30, 2023

Respectfully submitted,

**FREEDMAN NORMAND FRIEDLAND LLP**

By: */s/ Velvel (Devin) Freedman*
VELVEL DEVIN FREEDMAN
One Southeast Third Avenue
Suite 1240
Miami, Florida 33131
Telephone: (786) 924-2900

JOSEPH DELICH
STEPHEN LAGOS
99 Park Avenue, Suite 1910
New York, New York 10016

**BOIES SCHILLER FLEXNER LLP**

ANDREW S. BRENNER
Florida Bar No. 978663
STEPHEN N. ZACK
Florida Bar No. 145215
SAMANTHA LICATA
Florida Bar No. 1024237
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile: (305) 539-1307
szack@bsfllp.com
abrenner@bsfllp.com
slicata@bsfllp.com

MAXWELL V. PRITT
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6869
Facsimile: (415) 293-6869
mpritt@bsfllp.com

*Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

5