UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-CV-80176-BLOOM/REINHART

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC,

  Plaintiffs,

v.

CRAIG WRIGHT,

  Defendant.

_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION AND
RESPONSE TO DEFENDANT'S NOTICE OF FILING EXHIBITS**

  Defendant Craig Wright ("Dr. Wright") files this response in opposition to Plaintiff's Motion and Response to Defendant's Notice of Filing Exhibits, ECF No. 1047 (the "Motion").

  Dr. Wright has proposed limited redactions to entries on his American Express ("AmEx") charge card statements identifying local stores and restaurants he and his family routinely frequent and where his wife's daughter attends university because public disclosure of this information would present a threat to his family's safety. Plaintiff has not, and cannot, identify any relevance that the public disclosure of this redacted information could possibly have regarding the pertinent issue of whether Dr. Wright's debtor fact information sheet was accurately completed.

  *First*, Plaintiff argues that the redactions are improper because "Wright offers no recognized basis for overcoming [the] presumption" of public access to court records. Mot. at 2. However, this argument ignores the entire premise of Dr. Wright's filing—that the redacted charges are analogous to personally identifiable information, *see* ECF No. 1046 at 2—and disregards the Court's statement at the July 26, 2023 Hearing that "personally identifiable

1

information . . . overcomes the public right of access." ECF No. 1025 (July 26 Hearing Tr.) at 38:3-5; *see also* Stipulated Confidentiality Order, ECF No. 105-1, ¶ 4 (permitting the redaction of "personally identifiable information," such as "addresses").[1] Undoubtedly, information that would allow the public to locate Dr. Wright and members of his family is akin to personally identifiable information that overcomes the public right of access, particularly given the highly-publicized nature of this case and the fact that Dr. Wright has already received multiple death threats as a result of such publicity. *See* ECF No. 1046 at 2. This is precisely the type of information that is permitted to be redacted under analogous circumstances. *See, e.g.*, *Sec v. Ripple Labs, Inc.*, No. 20-CV-10832, 2022 WL 2663490, at *2 (S.D.N.Y. July 11, 2022) ("These redactions are narrowly tailored to prevent the disclosure of arguments and evidence related to the harassment of the Expert, and the Court agrees that public dissemination of this information may increase the likelihood of future threatening behavior . . . .").[2]

*Second*, Plaintiff argues that because Dr. Wright introduced the AmEx charge card statements as an exhibit during the July 26 Hearing, the "entirety" of that exhibit "must be included in the public record" and no redactions should be permitted. Mot. at 2 (citing the Court's July 27, 2023 Order, ECF No. 1021). Yet, in the portion of the Order cited by Plaintiff, the Court only prohibited Dr. Wright from filing the entirety of the AmEx charge card statements *under seal*. ECF No. 1021 at 2 ("To the extent Defendant seeks to seal, *in full*, documents attached to his amended Form . . . that request is denied." (emphasis added)). The very next sentence of that Order contemplates that Dr. Wright could "propose[] redactions to the Court for resolution," *id.*,

---

[1] Plaintiff also fails to address Dr. Wright's arguments that disclosing this information would be inconsistent with the UK's Data Protection Act of 2018 and Human Rights Act of 1998. ECF No. 1046 at 2 n2.

[2] The *Ripple Labs* case was also a "high-profile case" involving cryptocurrency, illustrating the risk of "harassment" and "threatening behavior" inherent in such cases. 2022 WL 2663490, at *2.

which is precisely what Dr. Wright did. *Id.*; *see also* July 26 Hr'g Tr. at 39:21-23 ("Once it is admitted into evidence, subject to what I said about post hoc redactions, we will deal with it like any other evidence."); *id.* at 38:19-25 ("We can agree to redactions before anything is released to the public.").

*Third*, although Plaintiff argues in conclusory fashion that the redacted information is "relevant to the instant issue – i.e., whether Wright possesses bank accounts that he has still yet to disclose," Mot. at 2, Plaintiff is unable to offer any support for this assertion. At most, Plaintiff argues that the "totality of Wright's monthly Amex charges"—which Dr. Wright has already filed on the public docket—is relevant, *id.*, but this argument all but concedes that there is no relevant purpose for making the *specific* redactions at issue public information. The handful of charges that Dr. Wright seeks to redact related to local restaurants and supermarkets frequented by his family, his wife's daughter's university, and other charges that were ultimately refunded to Dr. Wright are facially irrelevant to Plaintiff's unsupported theory that Dr. Wright may have an undisclosed bank account. Other than containing sensitive personally identifiable information, the redacted charges are substantively indistinguishable from a "statement for a purchase at McDonalds," which the Court has already held does not have "any relevance to this lawsuit." July 26 Hr'g Tr. at 38:21-24.

*Finally*, Plaintiff implies that Dr. Wright opened the floodgates to harassment, death threats, and other such safety risks to himself *and his family* merely by posting about his attendance at certain events on social media. Mot. at 3 n.2. Statements that Dr. Wright has been at a public event—such as a concert or the opera—or will be in certain countries or states, generally, are plainly not the same as information specifically revealing his and his family's most frequented whereabouts near their home, which is what the redactions seek to protect. *See In re Zantac*

*(Ranitidine) Prods. Liab. Litig.*, MDL 20-MD-2924, 2022 WL 17482258, at *1 n.1 (S.D. Fla. Dec. 6, 2022) (holding that redactions to personally identifying information were proper when the "information [was] not a matter of public concern, would injure the identified individuals . . . with unwanted publicity, and the redactions are limited"); *U.S. Tobacco Inc. v. Big South Wholesale of Virginia, LLC,* No. 5:13-cv-527, 2015 WL 1526146, at *3 (E.D.N.C. Apr. 2, 2015) (finding "the parties' proposed redactions are proper, and redact no more information than is necessary to protect the individuals' interest in their safety and well-being"); *SEC v. Ripple Labs, Inc.*, No. 20-CV-10832, 2023 WL 3477552, at *2 (S.D.N.Y. May 16, 2023) ("[A]lthough the Summary Judgment Materials are subject to a strong presumption of public access, the Court finds that limited, narrowly tailored redactions are 'necessary to preserve higher values' of witness safety and judicial efficiency.  And, the Court concludes that the SEC's proposed redaction of names and identifying information is narrowly tailored to achieve these aims.").

For the foregoing reasons, Defendant Craig Wright respectfully requests that the Motion be denied and that the Court accept the proposed redactions to the AmEx charge card statements contained in Defendant's Exhibit 2.  *See* ECF No. 1046-2.

Dated: September 6, 2023.                                          Respectfully submitted,

                                                    **GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0816
Facsimile: (305) 579-0717

By:     */s/James E. Gillenwater*
            JAMES E. GILLENWATER
            Florida Bar No. 1013518
            Email: gillenwaterj@gtlaw.com
            ROBERT S. GALBO
            Florida Bar No. 106937
            Email: galbor@gtlaw.com
            ALEXA J. ROSENSON
            Florida Bar No. 1040669

Email: alexa.rosenson@gtlaw.com
michelle.cruz@gtlaw.com
flservice@gtlaw.com
*Counsel for Defendant Craig Wright*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 6th day of September, 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record identified below either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/James E. Gillenwater*
JAMES E. GILLENWATER