UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>Plaintiffs,<br><br>v.<br><br>CRAIG WRIGHT<br><br>Defendant. | CASE NO.: 9:18-cv-80176-BB |

**PLAINTIFF W&K'S REPLY IN SUPPORT OF MOTION TO REMOVE IMPROPER REDACTIONS**

It has been over 5 months since Wright was ordered by Judge Bloom to fully and accurately complete Form 1.977.[1] ECF No. [953]. That Order came about only after (1) Wright's refusal to voluntarily complete the Form; (2) Wright's filing of a frivolous, if not ridiculous, opposition to the motion to compel Plaintiff was forced to file; (3) an Order granting that motion to compel; and (4) Wright's appeal of that Order.

Since Judge Bloom's Order, Wright continued his strategy of obstinance and delay, and decided to serve his "completed" Form only on his wife and ex-wife based on their claim that they own W&K (and not on W&K's actual counsel who sought the completion of the Form and litigated the matter as referenced above). When that gambit failed, Wright served an obviously incomplete

---

[1] Plaintiff files this Reply well in advance of the deadline for doing so as its primary goal is to end the delay that has accompanied its efforts to obtain basic judgment collection information.

and inaccurate Form, resulting an Order to Show Cause why he should not be held in contempt. Those acts were contemptuous even before Plaintiffs were forced to move for the Order to Show Cause this Court issued.  *See* ECF No. [953] at 5 (ordering that "[f]ailure to *complete* Form 1.977 by April 3, 2023 will result in Dr. Wright being held in contempt") (emphasis added).  Wright then waited another three (3) months to supplement his Form, filing a new one on the eve of the show cause hearing (which he elected not to attend despite being afforded the opportunity to do so remotely).[2]

At that show cause hearing, Wright elected to have his lawyers[3] introduce into evidence certain documents they argued showed he had complied with Judge Bloom's Order.  Now, the parties are litigating whether evidence Defendant put into evidence at a public hearing should be kept under seal.

Plaintiff's position is simple.  The law presumes evidence introduced into evidence in public proceedings should not be sealed.  *See Brown v. Advantage Eng'g, Inc*., 960 F.2d 1013, 1016 (11th Cir. 1992) ("Judicial records are presumed to be public documents because once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case."); *see generally*, *F.T.C. v. AbbVie Prod. LLC*, 713 F.3d 54, 62 (11th Cir. 2013).  The law does allow for certain narrow exceptions, such as Personally Identifiable Information ("PII"), which

---

[2] As demonstrated at the show cause hearing, Wright's new Form is replete with falsehoods, with information directly opposite to what he has stated under oath to other courts.  Moreover, the Form still does not list any bank accounts, investment accounts, etc. which, again, evidence presented by Plaintiff clearly demonstrates Wright has.  Indeed, as pointed out in Plaintiff's ECF No. [1048], the tax documents Defendant entered into evidence at the show cause hearing shows that Wright asked for his tax refund to be directly deposited into his bank account.  It is therefore odd that Wright's new counsel has not learned the lessons from their predecessor that they should not make factual representations on behalf of Wright, which they do in this filing by labelling Plaintiff's claim that Wright has bank accounts he has not disclosed as an "unsupported theory."  ECF No. [1050] at 3.

[3] Wright fired each of the lawyers that appeared on his behalf shortly after the hearing, thereby further delaying resolution of the underlying show cause proceedings.  ECF Nos. [1027], [1030].

generally includes things like Social Security Numbers, bank account numbers, and, in *criminal* cases, home addresses.[4] Fed. R. Civ. P. 5.2(a)(1)-(4).

In his filing, Wright tacitly admits that none of the information he wishes to redact actually falls within the definition of Personally Identifiable Information, arguing instead that the information he now wants to redact is "analogous" to "PII".  ECF No. [1050] at 1.  In short, things like where you go to dinner and where you shop plainly are not PII, and the claim here is especially dubious where Wright himself regularly promotes on social media where he is and where he will be travelling.  ECF No. [1047] at n.2.  The law does not permit a party to prevent public access to evidence (especially evidence that a party submitted into the record in a public contempt hearing) simply by claiming some of the evidence is irrelevant or would be embarrassing, or because the case is "high profile."  If anything, the fact that this case is high profile brings the public's right of access even more to the forefront.  Wright has not and cannot meet the presumption of public access to information used as evidence in public proceeding.  It is time for the gamesmanship to end and for Wright to be held accountable for the judgment and incessant obstruction.

Dated: September 7, 2023

Respectfully submitted,

By: */s/ Andrew S. Brenner*
ANDREW S. BRENNER
Florida Bar No. 978663
STEPHEN N. ZACK
Florida Bar No. 145215
SAMANTHA LICATA
Florida Bar No. 1024237

---

[4] *See* https://www.uscourts.gov/rules-policies/judiciary-policies/privacy-policy-electronic-case-files#:~:text=The%20personal%20identifiers%20to%20be,criminal%20cases%2C%20home%20addresses2 (last accessed September 7, 2023).  Plaintiff agreed to requested redactions for information, such as Wright's financial account numbers and Tax ID numbers, that the law recognizes as PII.

**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
Telephone: (305) 539-8400
Facsimile:  (305) 539-1307
szack@bsfllp.com
abrenner@bsfllp.com
slicata@bsfllp.com

MAXWELL V. PRITT
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA  94104
Telephone: (415) 293-6869
Facsimile:  (415) 293-6869
mpritt@bsfllp.com

VELVEL DEVIN FREEDMAN
**FREEDMAN NORMAND FRIEDLAND LLP**
One Southeast Third Avenue
Suite 1240
Miami, Florida  33131
Telephone:  (786) 924-2900

JOSEPH DELICH
STEPHEN LAGOS
**FREEDMAN NORMAND FRIEDLAND LLP**
99 Park Avenue, Suite 1910
New York, New York 10016

*Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*

CASE NO.: 9:18-cv-80176-BB

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 7, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

 /s/ Andrew S. Brenner
ANDREW S. BRENNER