UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-80176-BB/BER

IRA KLEIMAN, and
W&K INFO DEFENSE, LLC,

      Plaintiffs,

v.

CRAIG WRIGHT,

      Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SANCTIONS [ECF Nos. 963, 966] AND CERTIFYING FACTS REGARDING CONTEMPT TO DISTRICT JUDGE

W&K Info Defense, LLC (W&K), asks this Court to sanction Craig Wright, by holding him in contempt for not properly completing the Debtor Fact Information Form 1.977 from the Florida Rules of Civil Procedure ("the Form"). Judge Bloom has referred all post-judgment matters to me. ECF No. 923.

### I.    BACKGROUND

W&K holds a $143,132,492.48 judgment against Dr. Wright. ECF No. 889. To try to collect that judgment, W&K invoked Florida Rule of Civil Procedure 1.560(b), as incorporated by Federal Rule of Civil Procedure 69(a), and moved to have the Court compel Dr. Wright to complete the Form. ECF No. 903. Dr. Wright objected that he should not be required to complete the Form. ECF No. 915. I overruled Dr. Wright's objections and ordered, "Dr. Wright shall complete the Fact Information Sheet Form 1.977 from the Florida Rules of Civil Procedure, including all attachments." ECF No.

939 at 5. Judge Bloom affirmed my order; she ordered Dr. Wright to comply by April 3, 2023. ECF No. 953 ("Compulsion Order"). The Compulsion Order said in relevant part:

1. Dr. Wright's Objections, ECF No. [946], are OVERRULED, and Judge Reinhart's Order on W&K's Motion to Compel, ECF No. [939], is AFFIRMED.

2. Dr. Wright shall COMPLY with Judge Reinhart's Order, ECF No [939], which requires Dr. Wright to complete Form 1.977 no later than April 1, 2023. However, given that April 1 falls on a Saturday, Dr. Wright has until the next business day, April 3, 2023, to complete the Form.

3. Failure to complete Form 1.977 by April 3, 2023 will result in Dr. Wright being held in contempt.

*Id.* at 5.

On April 3, 2023, Dr. Wright filed a Notice of Filing Statement that reported he had served the completed Form "to Ramona Ang, as Trustee of the Tulip Trust, and Lynn Wright, who are members of W&K." ECF No. 954 at 2. The next day, I ordered him to serve copies of the Form to the three lawyers who have entered appearances for W&K. ECF No. 956.

Dr. Wright served a notarized Form dated March 30, 2023, on counsel of record. ECF No. 966-1 ("March 30 Form"). He designated it as "Highly Confidential — Attorney's Eyes Only" ("AEO") under this case's Stipulated Confidentiality Order. ECF No. 105-1. W&K objected to the AEO designation. ECF No. 962. I later struck the AEO designation. ECF No. 973.

2

On April 20, 2023, W&K filed a Motion for Sanctions and Order to Show Cause. ECF Nos. 963, 966 (the "Sanctions Motion").[1] W&K asked for the following sanctions:

1. A temporary restraining order prohibiting Dr. Wright from dissipating assets;

2. A sanction of $250,000 per day and a freeze on all of Dr. Wright's financial accounts "until the Form 1.977 is properly filled out;"

3. Payment of W&K's attorney's fees "incurred in connection with post-judgment proceedings, both to date and until the judgment is satisfied;"

4. A hearing to show cause why Dr. Wright should not be held in civil and criminal contempt of court.

ECF No. 966 at 8-9.[2]

Dr. Wright responded to the Sanctions Motion ECF No. 968. W&K filed a Reply. ECF Nos. 972. I held an evidentiary hearing on July 26, 2023. ECF No. 1020, 1025. I allowed the parties to make supplemental submissions. ECF No. 1044, 1048.

A few days before the evidentiary hearing, Dr. Wright filed a sworn Supplemental Fact Information Sheet dated July 24, 2023. ECF No. 1016-1 ("July 24 Form"). Appended to that Form were (1) two documents purporting to be UK tax returns for the periods April 2020 to April 2021 and April 2021 to April 2022; (2) three

---

[1] There are two docket entries for the Sanctions Motion. It first was filed under seal ECF No. 966. A redacted version was filed in the public record. ECF No. 963. After I struck the Form's AEO designation, the unredacted Sanctions Motion was unsealed.

[2] W&K also asked to strike the Form's AEO designation. That request is now moot.

3

months of statements for an American Express Centurion Card in the name of Dr. Craig Steven Wright; (3) a letter from Lloyds Bank to Dr. Wright and Ms. Ang saying that their bank account would be closed in October 2019; and (4) leases for a residence in Surrey, UK. ECF No. 1046-2.

## II. LEGAL PRINCIPLES

In a non-consent case such as this one, a United States Magistrate Judge cannot hold a person in civil contempt or indirect criminal contempt (i.e., a contempt occurring outside the Court's presence). 28 U.S.C. § 636(e)(6)(B). Instead, if the person's conduct, "in the opinion of the magistrate judge," constitutes an indirect criminal contempt or a civil contempt, "the magistrate judge shall forthwith certify the facts to a district judge" for further proceedings. *Id.*

The sanction of civil contempt "may be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *Local 28 of Sheet Metal Workers' Int'l Ass'n v. EEOC,* 478 U.S. 421, 443 (1986) (internal quotation marks and citation omitted), *cited and quoted in F.T.C. v. Leshin*, 719 F.3d 1227, 1231 (11th Cir. 2013). "The civil contempt power of the United States courts is limited to 'the least possible power adequate to the end proposed.'" *Mercer v. Mitchell,* 908 F.2d 763, 765 (11th Cir. 1990) (citation omitted).

"A finding of civil contempt must be supported by clear and convincing evidence . . . The evidence must establish that: (1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the

4

ability to comply with the order." *Jysk Bed'N Linen v. Dutta-Roy*, 714 Fed. Appx. 920, 922 (11th Cir. 2017) (citations omitted). The Court must "construe any ambiguities or uncertainties in such a court order in a light favorable to the person charged with contempt." *Georgia Power Co. v. N.L.R.B.*, 484 F.3d 1288, 1291 (11th Cir. 2007). Even where there is a factual basis for a civil contempt finding, the Court is not required to hold the party in contempt. "A court has discretion, and it should exercise its discretion to hold a party in contempt only when doing so would vindicate the purpose of the underlying order." *Mercer*, 908 F.2d at 770.

Criminal contempt is punitive. "The three elements of criminal contempt are (1) a lawful and reasonably specific order that (2) the defendant violated (3) willfully." *Romero v. Drummond Co., Inc.,* 480 F.3d 1234, 1242 (11th Cir. 2007). For allegedly contemptuous conduct occurring outside the Court's presence additional procedural safeguards apply, such as the right to counsel, the presumption of innocence, and the right to remain silent. *Id*. at 1242-43.

### III. DISCUSSION

Form 1.977 is one of many steps in judgment collection. It requires a sworn statement about the debtor's residence, employment, income, investments, bank accounts, real property holdings, vehicles, vessels, and receivables. It also requires the debtor to disclose debts, liens, and some other liabilities. It requires the debtor to turn over his most recent pay stub, three most recent financial account statements, vehicle titles, deeds or titles to real or personal property, financial statements, and loan applications generated in the last three years and given to others, and two years

5

of income tax returns. Notably, it does not require the debtor to identify personal property or other assets that were not listed in financial statements or loan applications given to others. In short, there may be assets in the debtor's possession or control that could be used to satisfy the judgment but that are not required to be listed on the Form.

The threshold issue to resolve is whether Dr. Wright has complied with the Compulsion Order. W&K bears the initial burden of showing non-compliance by clear and convincing evidence. *Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992).

The March 30 Form was not fully completed. That version of the Form did not include (among other things) his employer's address, any information about his spouse, and information about whether he had bank accounts. *Compare* ECF No. 966-1 *with* ECF No. 1016-1.

Dr. Wright argues that the July 24 Form complies with the Compulsion Order. W&K argues that the July 24 Form is both incomplete and inaccurate. For example, this Form says Dr. Wright earns $159,000 annually from the sale of intellectual property to an Australian company. It further swears that he has no other personal income and that his wife is unemployed and has no income. W&K challenges these statements on the grounds that Dr. Wright is spending far more than that amount and appears to be generating income from selling bitcoin. W&K further argues that Dr. Wright improperly failed to disclose his bitcoin holdings and real property he owns in Australia. Dr. Wright responds that much of W&K's evidence is from several

years ago, so it is not an accurate reflection of his current financial situation. He also argues that the Form does not require him to disclose bitcoin that he holds on the blockchain. Hrg. Tr., ECF No. 1025 at 151.

I agree with Dr. Wright that W&K has not met its burden of proving that the July 24 Form fails to comply with the Compulsion Order. In particular, W&K has not shown by clear and convincing evidence that the information provided by Dr. Wright is currently inaccurate. Nor has W&K shown that required information was omitted from the Form; I agree with Dr. Wright that the Form does not require him to disclose bitcoin held on the blockchain. Because W&K has not shown non-compliance with the Compulsion Order, there is no basis for coercive civil contempt sanctions. I therefore decline to certify facts for further proceedings on such sanctions.[3]

Even if Dr. Wright has now fully complied with the Compulsion Order, remedial civil contempt sanctions can be awarded for the period from April 3, through July 24. *See F.T.C. v. Garden of Life, Inc.*, 516 F. App'x 852, 860 (11th Cir. 2013) ("While the need for coercive sanctions vanishes when the contumacious conduct ceases, a court retains the power to assess compensatory fines in civil contempt."). The July 24 Form contains additional information that was omitted from the March

---

[3] These findings are without prejudice to W&K seeking additional discovery in aid of execution, as permitted by law. They also are without prejudice to W&K seeking other remedies, based on additional evidence, in the future for alleged inaccuracies or omissions in the July 24 Form.

30 Form. At oral argument, Dr. Wright's counsel conceded that the March 30 version of the Form omitted required information. *See, e.g.,* Hrg. Tr., ECF No. 1025 at 29, 81-96. Dr. Wright does not challenge the validity of the Compulsion Order nor does he argue that the command to "complete Form 1.977 no later than April [3], 2023" was unclear or ambiguous. Finally, he does not contend that he lacked the ability to comply with the Compulsion Order. I certify all of these facts to Judge Bloom.

A Magistrate Judge who certifies facts to the district judge "may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified." 28 U.S.C. § 636(e)(6). I decline to serve such an order to show cause because (1) Judge Bloom may elect to exercise her discretion and not conduct a civil contempt hearing and (2) if she chooses to hold a hearing, she should control its timing.

Although the same facts that warrant remedial civil contempt proceedings could justify a criminal contempt hearing, I recommend that Judge Bloom exercise her discretion not to conduct criminal contempt proceedings related to the July 24 Form. Here, remedial civil sanctions are sufficient to cure any harm to W&K and to punish Dr. Wright. It is not necessary to further expend the resources of the Court and the parties on criminal contempt proceedings.

Finally, it is not entirely clear whether W&K asks for a temporary restraining order and/or payment of future attorney's fees as a contempt remedy or under some

other sanctions authority. Neither a restraining order nor future fees is an appropriate civil contempt sanction, here, because they are prospective, not remedial. W&K has not cited any independent basis for these sanctions.

## IV.   CONCLUSION

WHEREORE, the Motion for Sanctions (ECF Nos. 963, 966) is GRANTED IN PART and DENIED IN PART. As discussed more fully above, I certify facts to Judge Bloom for such further contempt proceedings as she deems appropriate. The request for a temporary restraining order and/or future attorney's fees as a non-contempt sanction is DENIED.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 11th day of September 2023.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

9