UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC<br><br>Plaintiffs,<br><br>v.<br><br>CRAIG WRIGHT<br><br>Defendant. | CASE NO.: 9:18-cv-80176-BB |

**PLAINTIFF W&K'S PARTIAL OBJECTION TO MAGISTRATE JUDGE REINHART'S ORDER GRANTING IN PART AND DENYING IN PART W&K'S MOTION FOR SANCTIONS [ECF NO. 1052]**

Judgment creditor W&K Info Defense Research, LLC ("W&K") respectfully submits this limited objection to Magistrate Judge Reinhart's order granting in part and denying in part W&K's motions for sanctions (ECF Nos. 963, 966). Specifically, W&K objects to two of Judge Reinhart's holdings: (1) that Form 1.977 does not require judgment debtors, like Dr. Wright, to disclose their bitcoin holdings; and (2) that Dr. Wright belatedly complied with this Court's order to complete Form 1.977.

**1.   The Court should overrule Judge Reinhart's broad holding that Form 1.977 does not require judgment debtors to disclose cryptocurrency accounts and investments.** Judge Reinhart held without explanation or citation that Form 1.977, as a general matter, does not require a judgment debtor like Dr. Wright "to disclose bitcoin held on the blockchain." ECF No. 1052 at 7.  But the plain language of Form 1.977 could not be more clear: judgment debtors must

"[d]escribe all other accounts or investments [they] may have, including stocks, mutual funds, savings bonds, or annuities, on the back of this sheet or an additional sheet if necessary." That directive applies to all "accounts" and "investments," including cryptocurrency; there is no exception for cryptocurrencies. The fact that cryptocurrency is recorded on a blockchain is irrelevant; it's still held in an account and/or constitutes an investment. To hold otherwise requires manufacturing an unstated limitation on Form 1.977's required disclosures to favor judgment debtors. The Court should not countenance such an interpretation of Form 1.977. Further, Judge Reinhart's holding, if affirmed, will apply to *all* judgment debtors in this District, allowing them to refuse to disclose interests in cryptocurrency on Form 1.977. The ramifications of such a holding will serve only to create another mechanism for judgment debtors to hide assets and force judgment creditors to engage in additional steps to uncover them. Such a holding is especially pernicious when dealing with foreign judgment debtors, let alone debtors like Dr. Wright who have been subject to multiple sanctions in this Court for false statements.

**2.    The Court should overrule Judge Reinhart's order that Dr. Wright eventually completed Form 1.977. He has not.** Judge Reinhart held without explanation that "W&K has not shown non-compliance with the Compulsion Order [ECF No. 953]." ECF No. 1052 at 7. First of all, that holding is inconsistent with Judge Reinhart's holding that Dr. Wright's original Form 1.977 "was not fully completed," and thus violated this Court's order that Dr. Wright's "[f]ailure to complete Form 1.977 by April 3, 2023 *will* result in Dr. Wright being held in contempt." ECF No. [193] at 3 (emphasis added). Dr. Wright did not supplement his Form 1.977 until months later, on July 24, 2023, just two days before the evidentiary hearing ordered by Judge Reinhart on this issue. W&K thus plainly met its "initial burden" to show that Dr. Wright violated this Court's order and the burden shifted *to Dr. Wright* to show his supplemental Form 1.977 complied with

the Court's order. *E.g.*, *Diamond Resorts Int'l, Inc. v. US Consumer Att'ys, P.A.*, No. 18-cv-80311, 2021 WL 9596129, at *2 (S.D. Fla. Apr. 9, 2021). He did not.

At a minimum, Dr. Wright's supplemental Form 1.977 states that Dr. Wright, the self-proclaimed inventor of Bitcoin earns just $159,000 annually; and he "swears that he has no other personal income and that his wife is unemployed and has no income." ECF No. [1052] at 6. Despite Dr. Wright's failure to appear at or testify at the evidentiary hearing, Judge Reinhart apparently accepted those representations, without explanation, even though he admitted into evidence Dr. Wright's many statements concerning his income and assets, ECF No. 966 at 4-5, as well as sworn witness statements by Dr. Wright in UK proceedings that he and his wife have a "Lloyds Joint Current Account" and "share responsibility over payments and bills." Exhibit 1 (First Witness Statement), ¶ 35.[1] Further, as pointed out in W&K's ECF No. [1048], the tax documents admitted at the evidentiary hearing shows that Dr. Wright asked for his tax refund to be directly deposited into his bank account. Yet Dr. Wright's supplemental Form 1.977 still fails to list any. While Dr. Wright's old and new counsel has tried to explain away these admissions and sworn statements, their argument is not evidence.[2] Dr. Wright could have appeared and provided testimony to attempt to rebut his prior statements, but he declined to do so. It was his burden, not W&K's, to do so with admissible evidence. This Court should not reward Dr. Wright's and his counsels' gambit.

---

[1] This sworn testimony also puts the lie to Dr. Wright's statement in his supplemental Form 1.977 that he cannot provide the information required by Form 1.977 concerning a "NatWest" account of which he apparently is a "titled co-account holder" because it "is under the control of Ramona Ang."

[2] Dr. Wright also fired those lawyers shortly after the evidentiary hearing and then retained new ones.

Moreover, Dr. Wright's credit card statements show expenses well beyond the reach of his reported income, which should constitute prima facie evidence that Dr. Wright has failed to disclose income or assets on even the supplemental Form 1.977. Dr. Wright failed to offer any explanation of an alternative source of funds used to pay his credit cards, which should be held against him, particularly in a civil matter. *Compare United States v. Dwoskin*, 644 F.2d 418, 424 (5th Cir. 1981) (affirming conviction in net worth prosecution for tax evasion) ("The government established a prima facie case and the defendant remained silent at his own peril."); *Jones v. Otis Elevator Co.*, 861 F.2d 655, 658 (11th Cir. 1988) (affirming jury instruction that "[i]f a party fails to call a person who possesses knowledge about the facts in issue and who is reasonably available to him and who is not equally available to the other party, then you may infer that the testimony of that witness is unfavorable to the party who could have called that witness and did not do so"). Judge Reinhart's holding that the supplemental form was complete in spite of this glaring discrepancy was clear error.

*  *  *

Dr. Wright is not evading the judgment entered by this Court on a blank slate. In addition to Dr. Wright's repeated lies and misconduct before W&K obtained its judgment against Dr. Wright (W&K assumes the Court's familiarity with the Court's prior orders sanctioning that conduct), this Court's order that Dr. Wright complete Form 1.977 by April 3, 2023 on pain of contempt (ECF No. [953]) came about only after (1) Dr. Wright's refusal to complete Form 1.977; (2) Wright's filing of a frivolous opposition to W&K's motion to compel; (3) an Order granting that motion to compel; and (4) Wright's appeal of that Order. Since this Court's Order, Dr. Wright continued his strategy of obstinance and delay, serving his "completed" Form 1.977 only on his wife and ex-wife based on their claim that they own W&K (and not on W&K's actual counsel who sought the

completion of Form 1.977 and litigated the matter). When that failed (after Judge Reinhart *sua sponte* ordered Dr. Wright to give the Form to W&K's actual counsel), Dr. Wright served an incomplete and inaccurate Form 1.977, resulting an Order to Show Cause issued by Judge Reinhart. Dr. Wright then waited another three months to supplement his Form 1.977, filing a new one on the eve of the show cause hearing (which he elected not to attend remotely or in person). As explained above, Dr. Wright failed to meet his burden to show that belated Form 1.977 is complete.

Accordingly, W&K respectfully requests that the Court overrule Judge Reinhart and hold that (1) Form 1.977 requires judgment debtors, including Dr. Wright, to disclose cryptocurrency assets, and (2) Dr. Wright has not met his burden to show his supplemental Form 1.977 is complete. The matter can then be returned to Judge Reinhart to reconsider in light of those holdings whether to certify facts for further proceedings on further civil contempt sanctions or criminal contempt sanctions.

Dated: September 26, 2023

Respectfully submitted,

By: */s/ Devin (Velvel) Freedman*
DEVIN (VELVEL) FREEDMAN
**FREEDMAN NORMAND FRIEDLAND LLP**
One Southeast Third Avenue
Suite 1240
Miami, Florida 33131
Telephone: (786) 924-2900

JOSEPH DELICH
STEPHEN LAGOS
**FREEDMAN NORMAND FRIEDLAND LLP**
99 Park Avenue, Suite 1910
New York, New York 10016

ANDREW S. BRENNER
Florida Bar No. 978663
STEPHEN N. ZACK
Florida Bar No. 145215
SAMANTHA LICATA
Florida Bar No. 1024237
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd Street, Suite 2800
Miami, Florida 33131
Telephone: (305) 539-8400
szack@bsfllp.com
abrenner@bsfllp.com
slicata@bsfllp.com

MAXWELL V. PRITT
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA  94104
Telephone: (415) 293-6869
mpritt@bsfllp.com

*Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 26, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.