UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-CV-80176-BLOOM/REINHART

IRA KLEIMAN, and
W&K INFO DEFENSE RESEARCH, LLC,

        Plaintiffs,

vs.

CRAIG WRIGHT,

        Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION
## TO REMOVE REDACTIONS [ECF No. 1047]

On July 27, 2023, I conducted an evidentiary hearing on W&K Info Defense Research, LLC's ("W&K") sanctions motion. At the hearing, Dr. Wright offered a composite exhibit of his American Express bills as Defense Exhibit 2. I admitted Defense Exhibit 2 without prejudice to Dr. Wright later seeking to redact portions of it from the public record. The parties have now conferred on Dr. Wright's proposed redactions. W&K does not oppose redacting Dr. Wright's account number or home address. ECF No. 1047 at 1. It opposes redactions that Dr. Wright describes as "local restaurants and supermarkets frequented by his family, his wife's daughter's university, and other charges that were ultimately refunded to Dr. Wright." ECF No. 1050 at 3. W&K says that Dr. Wright has not met his burden of overcoming the public's right of access to judicial materials.

The public and the media have a qualified right of access to judicial proceedings that can be overcome by a showing of good cause. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310-12 (11th Cir. 2001); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).

> The common law right of access may be overcome by a showing of good cause, which requires "balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." "[W]hether good cause exists ... is ... decided by the nature and character of the information in question." In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information.

*Romero v. Drummond Co.,* 480 F.3d 1234, 1246 (11th Cir. 2007) (citations omitted) (brackets in original). A desire "to keep indiscreet communications out of the public eye" is not enough to demonstrate good cause. *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1364 (11th Cir. 2021).

Separately, Federal Rule of Civil Procedure 26(c) permits the Court, upon a showing of good cause, to protect "a party or person from annoyance, embarrassment, oppression, or undue burden." This authority includes the ability to order that documents filed with the Court be kept under seal or redacted. *See Chicago Tribune Co.*, 263 F.3d at 1313; *Callahan,* 17 F.4th at 1363, n.2 (citing Fed. R. Civ. P. 26(c)(1)).

The party asking to exclude information from the public record bears the burden of justifying it. *Chicago Tribune Co.,* 263 F.3d at 1313.

Dr. Wright has met his burden of showing that good cause exists to redact this limited set of information. This information was not germane to the issue before the Court, which was whether Dr. Wright had properly disclosed the information required by Form 1.977.  W&K never disputed that Dr. Wright had provided multiple years of credit card statements. So, Dr. Wright would have prevailed at the hearing even without introducing these statements. More broadly, this information discloses granular details of Dr. Wright's family's life that are wholly irrelevant to the collection of W&K's judgment. W&K's insistence that these details be disclosed appears to be motivated by frustration and a desire to annoy and embarrass Dr. Wright, not by any legitimate concern for the public interest.

For all these reasons, W&K's objections to the proposed redactions are over-ruled. This ruling is without prejudice to a motion by a third party or a member of the media to lift the redactions. Any such motion will be evaluated *de novo*.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 6th day of October 2023.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE