UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-CV-80176-BLOOM/REINHART

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC,

    Plaintiffs,
v.

CRAIG WRIGHT,

    Defendant.
_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S PARTIAL OBJECTION TO MAGISTRATE JUDGE REINHART'S ORDER GRANTING IN PART AND DENYING IN PART W&K'S MOTION FOR SANCTIONS [ECF NO. 1052]**

Defendant Craig Wright ("Dr. Wright") files this response in opposition to Plaintiff's Partial Objection, [ECF No. 1053] (the "Objection"), to Magistrate Judge Reinhart's Order Granting in Part and Denying in Part W&K's Motion for Sanctions, [ECF No. 1052] (the "Order").

## INTRODUCTION

After Magistrate Judge Reinhart held an all-day evidentiary hearing on Plaintiff's motions for sanctions, invited and received supplemental submissions from both sides following the hearing, and made factual findings based on the hearing and the parties' extensive submissions, Plaintiff challenges those findings in the conclusory 5-page Objection. The Objection does not even reference the high standard required to overturn the Magistrate Judge's findings—a showing that those findings are "clearly erroneous and contrary to law"—much less make any attempt to meet that exacting standard. Plaintiff cites no relevant case law, and no relevant evidence. Rather, Plaintiff's arguments mischaracterize Judge Reinhart's findings, and rest on nothing more than unsupported innuendo and speculation. The Objection should be overruled.

1

## BACKGROUND

Plaintiff invoked Florida Rule of Civil Procedure 1.560(b), as incorporated by Federal Rule of Civil Procedure 69(a), and requested that Dr. Wright complete Form 1.977, which Magistrate Judge Reinhart subsequently ordered Dr. Wright to do. Order at 1. Dr. Wright served his initial Form 1.977 on March 30, 2023. *Id.* at 2. Taking issue with the submission, W&K filed a Motion for Sanctions and Order to Show Cause requesting the drastic relief of (1) a temporary restraining order prohibiting Dr. Wright from dissipating assets; (2) a $250,000 per day sanction and freeze on all of Dr. Wright's financial accounts "until Form 1.977 is properly filled out"; (3) payment of W&K's attorneys' fees; and (4) a hearing to show cause why Dr. Wright should not be held in civil and criminal contempt. *Id.* at 3.

On July 24, 2023, Dr. Wright filed a supplemental Form 1.977 (the "July 24 Form"). ECF No. 1016-1; Order at 3. On July 26, 2023, Magistrate Judge Reinhart held an all-day evidentiary hearing. Order at 3. At the hearing, Plaintiff introduced historical property searches and public statements made by Dr. Wright regarding real and intangible property he claimed to "have" or "own" in the past that were not listed on the July 24 Form, arguing this proved that the July 24 Form was noncompliant. Dr. Wright introduced the July 24 Form and additional exhibits establishing that Plaintiff's evidence and arguments were either outdated or incorrect. *See* ECF No. 1025 ("July 26 Hr'g Tr."); ECF No. 1044; ECF No. 1045. As Magistrate Judge Reinhart stated on the record multiple times, Form 1.977 "is not a form that gives me a full listing of all your assets of every kind. It enumerates specific categories of assets." *See* July 26 Hr'g Tr. at 107:1-4; *see also id.* at 130:13-15 ("The blank Form 1.977 required by the Florida Civil Rules of Procedure requires certain information to be disclosed and other information not to be."); *id.* at 130:5-6 ("For purposes of today, I feel I need to stress I am cabined by the four corners of the form.").

The Court permitted supplemental submissions following the hearing. ECF No. 1021. Dr. Wright's submission cited to his Form 1.977 stating that his assets were held in trust and to the trust document that listed the trust assets, named Dr. Wright's wife as the trustee, and clarified that Dr. Wright was merely a beneficiary. ECF No. 1044 at 2-3. Dr. Wright's supplemental submission also cited cases confirming the axiom that "a trustee, not a trust beneficiary, holds legal title to and ownership of a trust's assets." *Id.* Plaintiff had a full opportunity to respond, but provided no authority to the contrary. ECF No. 1048.

On September 11, 2023, Magistrate Judge Reinhart entered the Order, finding that "W&K has not met its burden of proving that the July 24 Form fails to comply with the Compulsion Order." Order at 7. Magistrate Judge Reinhart held that "Because W&K has not shown non-compliance with the Compulsion Order there is no basis for coercive civil contempt sanctions."[1] *Id.*

## ARGUMENT

### I. Standard of Review

The Court previously set out the standard governing its review of objections to the Magistrate Judge's non-dispositive rulings as follows:

> The Court reviews the Magistrate Judge's non-dispositive rulings according to the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); S.D. Fla. Magistrate Judge Rule 4(a)(1). The "clearly erroneous or contrary to law" standard of review is "extremely deferential." *Pigott v. Sanibel Dev., LLC*, No. 07-cv-0083, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (quotation marks omitted). Relief is appropriate under the "clearly erroneous" prong only if the district court "finds that the Magistrate Judge abused h[er] discretion or, if after viewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made." *Id.* (quotation marks omitted); *see also Dees v. Hyundai Motor Mfg. Ala., LLC*, 524 F. Supp. 2d 1348, 1350 (M.D. Ala. 2007) ("in the absence of a legal

---

[1] Magistrate Judge Reinhart did certify facts relating to whether remedial civil contempt sanctions were appropriate for the period from April 3, 2023, the date on which Dr. Wright served his original Form 1.977, through July 24, the date on which Dr. Wright served his Supplemental Form 1.977. *Id.*

3

> error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge"). Concerning the "contrary to law" prong, "[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (*quoting S.E.C. v. Cobalt Multifamily Investors I, Inc.*, 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008)).

ECF No. 953 at 3.

Further, as set out by Judge Reinhart in the Order, a Court may only enter a finding of civil contempt if the moving party comes forward with "clear and convincing evidence" establishing that the alleged contemnor violated an order of the Court. Order at 4-5 (citing *Jysk Bed'N Linen v. Dutta-Roy*, 714 Fed. Appx. 920, 922 (11th Cir. 2017)). The order violated must be "clear and unambiguous," *id.*, and the Court must "construe any ambiguities or uncertainties in such a court order in a light favorable to the person charged with contempt." *Georgia Power Co. v. N.L.R.B.*, 484 F.3d 1288, 1291 (11th Cir. 2007).

To sustain the Objection, Plaintiff therefore has the dual burden of (1) pointing to clear and convincing evidence of contempt that it submitted to Judge Reinhart, and (2) establishing that Judge Reinhart committed clear error in overlooking that clear and convincing evidence or in applying the law.

## II. Plaintiff Mischaracterizes Judge Reinhart's Finding as to Bitcoin and Provides No Evidence or Authority That It Was Contrary to Law, Much Less Clear and Convincing Evidence.

Plaintiff purports to object to "Judge Reinhart's broad holding that Form 1.977 does not require judgment debtors to disclose cryptocurrency accounts and investments." Obj. at 1. But that is not what Judge Reinhart's Order says. The Order found that "W&K has not shown by clear and convincing evidence that the information provided by Dr. Wright is currently inaccurate," noting that Judge Reinhart "agree[d] with Dr. Wright that the Form does not require him to disclose bitcoin held on the blockchain." Order at 7. The Order is thus much narrower than Plaintiff characterizes it.

4

In any event, Plaintiff points to no evidence at all—much less clear and convincing evidence—establishing that Judge Reinhart's finding was erroneous or contrary to law. Specifically, Plaintiff has failed to establish by clear and convincing evidence (1) that Dr. Wright currently owns any bitcoin; much less (2) that bitcoin must be disclosed on Form 1.977; let alone (3) that it is "clear and unambiguous" that bitcoin must be disclosed on Form 1.977. Indeed, the Objection does not cite a single piece of evidence or any authority for this point, precluding a finding that Plaintiff has met its burden of establishing contempt or overturning Magistrate Judge's Reinhart's Order.

### III.    Plaintiff Impermissibly Attempts to Shift the Burden of Proof to Dr. Wright.

Plaintiff also erroneously frames its second challenge to the Order, arguing that "[t]he Court should overrule Judge Reinhart's order that Dr. Wright eventually completed Form 1.977." Obj. at 2. Plaintiff's argument is that because Dr. Wright conceded that his original Form 1.977 was not fully filled out and submitted the supplemental July 24 Form, the burden somehow "shifted to *Dr. Wright* to show his supplemental Form 1.977 complied with the Court's order" to avoid a finding of contempt. Obj. at 2-3. This argument conflates two distinct issues: (1) whether Plaintiff met its burden of proving "remedial civil contempt sanctions" as to Dr. Wright's initial Form 1.977; and (2) whether Plaintiff "met its burden of providing that the [supplemental] July 24 Form fails to comply with the Compulsion Order," warranting coercive sanctions. Order at 6-7. On both issues, Plaintiff had the initial burden of proving contempt by clear and convincing evidence, and it is not Dr. Wright's burden to prove a negative. *See, e.g.*, *Fed. Trade Comm'n v. Garden of Life, Inc.*, 845 F. Supp. 2d 1328, 1331 (S.D. Fla. 2012) ("In order to hold Defendants in civil contempt for violating [an order], Plaintiff must prove…by clear and convincing evidence…[that] the defendant violated the order.").

5

As Magistrate Judge Reinhart correctly held, Plaintiff failed to meet its burden as to the July 24 Form:

> I agree with Dr. Wright that W&K has not met its burden of proving that the July 24 Form fails to comply with the Compulsion Order. In particular, W&K has not shown by clear and convincing evidence that the information provided by Dr. Wright is currently inaccurate. Nor has W&K shown that required information was omitted from the Form. . . . Because W&K has not shown non-compliance with the Compulsion Order, there is no basis for coercive civil contempt sanctions.

Order. at 7. Notably, Magistrate Judge Reinhart rejected the same unsupported arguments Plaintiff now re-raises in the Objection. *Compare* Order at 6 ("W&K argues that the July 24 Form is both incomplete and inaccurate. For example, this Form says Dr. Wright earns $159,000 annually from the sale of intellectual property to an Australian company. It further swears that he has no other personal income and that his wife is unemployed and has no income. W&K challenges these statements on the grounds that Dr. Wright is spending far more than that amount and appears to be generating income from selling bitcoin."); *with* Obj. at 3 (similar).

Other than simply regurgitating arguments that Magistrate Judge Reinhart rejected, Plaintiff's only other fallback argument is that Dr. Wright's failure to testify at the July 26 Hearing is somehow sufficient to meet Plaintiff's affirmative burden of proving contempt. Obj. at 3-4. That argument is as unsupported as it is illogical, flies in the face of all notions of due process, and was rejected by Judge Reinhart (who was repeatedly reminded of Dr. Wright's absence by Plaintiff's counsel at the hearing). *See* July 26 Hr'g Tr. at 158:15-160:20 ("Mr. Brenner has mentioned a number of times the fact that Dr. Wright is not here. . . . There is no inference that I would draw that Dr. Wright chose not to come. . . .").

Plaintiff is simply unable to point to any evidence the Magistrate Judge overlooked or governing law that he misapplied. To the contrary, Magistrate Judge Reinhart's Order is consistent with orders adopted as correct by this Court under similar circumstances. *See ACES Risk Mgmt. Corp. v. TMG Portfolio Advisors, LLC,* 17-CV-61210, 2018 WL 4194077, at *4 (S.D. Fla. May 22, 2018)

(recommending denial of motion for contempt and sanctions when the judgment debtor failed to initially provide a fact information sheet but subsequently provided such information to the plaintiff months later, and the plaintiff did not demonstrate that the information provided failed to comply with the requirements of the form), *report and recommendation adopted*, 17-CV-61210-BB, 2018 WL 4193235 (S.D. Fla. June 8, 2018).

Magistrate Judge Reinhart properly held that the burden of proving ongoing contempt by clear and convincing evidence is on Plaintiff and that Plaintiff failed to meet this burden. Plaintiff's objection should be overruled for this additional reason.

## CONCLUSION

For these reasons, the Court should overrule Plaintiff's objections to Magistrate Judge Reinhart's Order Granting in Part and Denying in Part W&K's Motion for Sanctions.

Dated: October 10, 2023.    Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0816
Facsimile: (305) 579-0717

By:   */s/James E. Gillenwater*
      JAMES E. GILLENWATER
      Florida Bar No. 1013518
      Email: gillenwaterj@gtlaw.com
      ROBERT S. GALBO
      Florida Bar No. 106937
      Email: galbor@gtlaw.com
      ALEXA J. ROSENSON
      Florida Bar No. 1040669
      Email: alexa.rosenson@gtlaw.com
      michelle.cruz@gtlaw.com
      flservice@gtlaw.com

      *Counsel for Defendant Craig Wright*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 10th day of October, 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record identified below either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/James E. Gillenwater*
JAMES E. GILLENWATER