UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-80176-BLOOM/Reinhart

IRA KLEIMAN, *et al.*,

    Plaintiffs,

v.

CRAIG WRIGHT,

    Defendant.

_____/

## ORDER AFFIRMING ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SANCTIONS

**THIS CAUSE** is before the Court upon Plaintiff W&K Info Defense Research, LLC's ("W&K") Partial Objection to Magistrate Judge Reinhart's Order Granting in Part and Denying in Part W&K's Motion for Sanctions, ECF No. [1054] ("Objections").[1] Defendant Craig Wright ("Dr. Wright") filed a Response in Opposition, ECF No. [1056]. The Court has carefully reviewed the Objections, the Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, W&K's Objections are overruled.

**I.    BACKGROUND**

W&K holds a final judgment against Dr. Wright for $143,132,492.48, plus post-judgment interest. ECF No. [889]. To collect that judgment, W&K invoked Florida Rule of Civil Procedure 1.560(b)—as incorporated by Federal Rule of Civil Procedure 69(a)—and moved to compel Dr. Wright to complete Fact Information Sheet Form 1.977 ("Form 1.977") of the Florida Rules of

---

[1] W&K initially filed an unsigned Partial Objection to Magistrate Judge Reinhart's Order Granting in Part and Denying in Part W&K's Motion for Sanctions. *See* ECF No. [1053]. W&K subsequently filed a signed Partial Objection, ECF No. [1054]. The Court therefore refers to the Partial Objection signed by W&K's counsel, ECF No. [1054], as the operative filing.

Civil Procedure. ECF No. [903]. Dr. Wright objected to completing Form 1.977, ECF No. [915], but those objections were overruled by Judge Reinhart. ECF No. [939]. The Court affirmed Judge Reinhart's decision overruling Dr. Wright's objections and ordered Dr. Wright to complete Form 1.977 by April 3, 2023. ECF No. [953] ("Compulsion Order"). Relevant here, the Compulsion Order afforded the following relief:

1. Dr. Wright's Objections, **ECF No. [946]**, are **OVERRULED**, and Judge Reinhart's Order on W&K's Motion to Compel, **ECF No. [939]**, is **AFFIRMED**.
2. Dr. Wright shall **COMPLY** with Judge Reinhart's Order, **ECF No [939]**, which requires Dr. Wright to complete Form 1.977 no later than April 1, 2023. However, given that April 1 falls on a Saturday, Dr. Wright has until the next business day, **April 3, 2023**, to complete the Form.
3. Failure to complete Form 1.977 by April 3, 2023 will result in Dr. Wright being held in contempt.

Compulsion Order at 5.

On April 3, 2023, Dr. Wright filed a Notice of Filing Statement, ECF No. [954], representing that he completed Form 1.977 and served the form "to Ramona Ang, as Trustee of the Tulip Trust, and Lynn Wright, who are members of W&K." *Id.* at 2. Judge Reinhart ordered Dr. Wright to serve copies of Form 1.977 to W&K's counsel. ECF No. [956]. Dr. Wright subsequently served a notarized Form 1.977 dated March 30, 2023 on W&K's counsel of record, ECF No. [966-1] ("March 30 Form").[2]

On April 20, 2023, W&K filed a Motion for Sanctions and Order to Show Cause, ECF No. 966 ("Sanctions Motion"),[3] contending that the March 30 Form is incomplete. W&K requested the following sanctions:

---

[2] Dr. Wright initially designated the March 30 Form as "Highly Confidential — Attorney's Eyes Only" ("AEO") pursuant to this case's Stipulated Confidentiality Order. *See* ECF No. [105-1]. Judge Reinhart subsequently struck the AEO designation. ECF No. [973].

[3] W&K's Sanctions Motion is docketed twice, as ECF No. [963] and ECF No. [966], respectively. ECF No. [963] is the redacted Sanctions Motion filed in the public record. ECF No. [966] is the unredacted

1. A temporary restraining order prohibiting Dr. Wright from dissipating assets;
2. A sanction of $250,000 per day and a freeze on all of Dr. Wright's financial accounts "until the Form 1.977 is properly filled out;"
3. Payment of W&K's attorney's fees "incurred in connection with post-judgment proceedings, both to date and until the judgment is satisfied;"
4. A hearing to show cause why Dr. Wright should not be held in civil and criminal contempt of court.

ECF No. [966] at 8-9.

Dr. Wright filed a Response in Opposition, ECF No. [968], to which W&K filed a Reply, ECF No. [972]. Judge Reinhart held an evidentiary hearing on the Sanctions Motion on July 26, 2023. ECF Nos. [1020], [1025].[4] On July 25, 2023—the day before Judge Reinhart's evidentiary hearing—Dr. Wright filed an updated Form 1.977 dated July 24, 2023, ECF No. [1016-1] ("July 24 Form").

On September 11, 2023, Judge Reinhart issued an Order Granting in Part and Denying in Part W&K's Motion for Sanctions, ECF No. [1052] ("Order"). Judge Reinhart found that the March 30 Form "omitted required information." Order at 8. Conversely, Judge Reinhart determined that the July 24 Form complied with the Compulsion Order because it disclosed all required information. *Id.* at 7. The Order also found that W&K failed to meet its burden to show by clear and convincing evidence that the July 24 Form failed to comply with the Compulsion Order. *Id.* Judge Reinhart therefore concluded that "there is no basis for coercive civil contempt sanctions[]" based on the July 24 Form. *Id.* However, Judge Reinhart determined that "remedial civil contempt sanctions can be awarded for the period from April 3, through July 24[]" due to Dr. Wright's failure to complete Form 1.977 by April 3, 2023. *Id.* Judge Reinhart accordingly certified

---

Sanctions Motion unsealed by Judge Reinhart. The Court accordingly refers to ECF No. [966] as the operative Sanctions Motion.

[4] Dr. Wright also filed a Notice of Supplemental Authority, ECF No. [1044], to which W&K filed a Response, ECF No. [1048].

facts pertinent to Dr. Wright's non-compliance with the Compulsion Order for this Court to conduct further proceedings on civil contempt sanctions.[5] *Id.* at 7-8. Judge Reinhart concluded by rejecting W&K's request for a temporary restraining order or attorney's fees as inappropriate civil contempt sanctions. *Id.* at 8-9.

On September 25, 2023, W&K filed its objections. *See generally* Objections. W&K objects to Judge Reinhart's findings that (1) Form 1.977 does not require judgment debtors to disclose cryptocurrency accounts and investments; and (2) the July 24 Form includes all required information and thus complied with the Compulsion Order. *Id.* Dr. Wright filed a Response arguing that the Court should overrule W&K's objections. *See generally* ECF No. [1056] ("Response"). Dr. Wright contends that W&K's Objection fails to identify any errors of law or fact justifying overruling the Order.

## II. LEGAL STANDARD

The Court reviews the Magistrate Judge's non-dispositive rulings according to the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); S.D. Fla. Magistrate Judge Rule 4(a)(1). The "clearly erroneous or contrary to law" standard of review is "extremely deferential." *Pigott v. Sanibel Dev., LLC*, No. 07-cv-0083, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (quotation marks omitted). Relief is appropriate under the "clearly erroneous" prong only if the district court "finds that the Magistrate Judge abused his discretion or, if after viewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made." *Id.* (quotation marks omitted); *see also Dees v. Hyundai Motor Mfg. Ala., LLC*, 524 F. Supp. 2d 1348, 1350 (M.D. Ala. 2007) ("in the absence of a legal error, a district

---

[5] Judge Reinhart further recommended that this Court decline to conduct criminal contempt proceedings due to the sufficiency of civil sanctions to remedy the harm caused by Dr. Wright's conduct. *Id.* at 8.

court may reverse only if there was an 'abuse of discretion' by the magistrate judge"). Concerning the "contrary to law" prong, "[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (quoting *S.E.C. v. Cobalt Multifamily Investors I, Inc.*, 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008)).

### III. DISCUSSION

#### A. W&K's Objections

As stated above, W&K raises two principal objections to the Report. As an initial matter, the Court highlights that W&K's Objections are improper because they largely reframe arguments already made and thoroughly considered by Judge Reinhart, or they simply disagree with Judge Reinhart's conclusions. "It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections[.]" *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

Moreover, the Court finds Judge Reinhart's Order to be well-reasoned and correct. First, W&K objects that Judge Reinhart erred in determining that Form 1.977 does not require Dr. Wright "to disclose bitcoin held on blockchain." Objections at 1. W&K relies on the plain language of Form 1.977 for support. Form 1.977 requires judgment debtors to "[d]escribe all other accounts or investments [they] may have, including stocks, mutual funds, savings bonds, or annuities, on the back of this sheet or an additional sheet if necessary." W&K argues that this language plainly encompasses bitcoin held on blockchain.

5

The Court finds that W&K fails to show that Judge Reinhart's interpretation of Form 1.977 is contrary to law. As Judge Reinhart emphasized during the evidentiary hearing, Form 1.977 requires disclosing enumerated categories of assets and investments, not assets or investments of any kind. *See* ECF No. [1025] at 107. W&K contends that bitcoin held on blockchain constitutes "an account and/or … an investment[]" but provides no authority for this interpretation. Conversely, Dr. Wright argued at the evidentiary hearing that bitcoin held on blockchain, standing alone, does not constitute an asset nor an investment within the meaning of Form 1.977. *Id.* at 149-51. As noted, Judge Reinhart agreed with Dr. Wright and ruled that Form 1.977 does not require disclosing bitcoin held on blockchain. Judge Reinhart's interpretation is consistent with the plain language of Form 1.977. W&K's argument that Judge Reinhart's interpretation of Form 1.977 is contrary to law accordingly falls short in the absence of any supporting authority. *Dees v. Hyundai Motor Mfg. Ala., LLC*, 524 F. Supp. 2d 1348, 1350 (M.D. Ala. 2007) ("An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure.") (quoting *S.E.C. v. Cobalt Multifamily Investors I, Inc.*, 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008)).

Second, W&K contends that Judge Reinhart erred in finding that the July 24 Form is complete. W&K argues that this finding is inconsistent with Judge Reinhart's finding that the March 30 Form is incomplete and is contradicted by the record. W&K is incorrect on both points. As a threshold matter, Judge Reinhart's findings on the March 30 Form and July 24 Form are consistent. The Order observes that the March 30 Form omitted required information, and that "remedial civil contempt sanctions can be awarded for the period from April 3, through July 24." Order at 7 (citation omitted). The Order also notes that Dr. Wright does not dispute that the March 30 omitted required information, nor does Dr. Wright contend that the Compulsion Order's

command to complete Form 1.977 by April 3, 2023 was invalid or ambiguous or that he was unable to comply. Order at 6-7. Judge Reinhart certified those facts to this Court.

The Order thus determined that Dr. Wright violated the Compulsion Order by failing to submit a complete Form 1.977 by April 3, 2023, a finding Dr. Wright does not dispute. W&K argues that it accordingly met its initial burden to show that Dr. Wright violated the Compulsion Order, and the burden thus shifts to Dr. Wright to show that the July 24 Form complied with the Compulsion Order. As Dr. Wright accurately observes, however, W&K conflates its burden to show that the March 30 Form violated the Compulsion Order with its additional burden to show that the July 24 Form further violated the Compulsion Order.

As noted, the Order found that the March 30 Form is incomplete and thus violated the Compulsion Order, but that the July 24 Form is complete and thus belatedly complied with the Compulsion Order. The Court agrees with Dr. Wright that the burden remains with W&K to show by clear and convincing evidence that the July 24 Form violated the Compulsion Order. W&K provides no support for its position that demonstrating that the March 30 Form violated the Compulsion Order relieves it of its burden to show that the July 24 Form also violated the Compulsion Order. Accepting that argument would inappropriately shift the burden to Dr. Wright to prove that the July 24 Form complied with the Compulsion Order to avoid contempt sanctions. The Court instead finds that the burden remains with W&K to show by clear and convincing evidence that the July 24 Form further violated the Compulsion Order by failing to provide required information. *See, e.g., Fed. Trade Comm'n v. Garden of Life, Inc.*, 845 F. Supp. 2d 1328, 1331 (S.D. Fla. 2012) ("In order to hold Defendants in civil contempt for violating [an order], Plaintiff must prove … by clear and convincing evidence … [that] the defendant violated the order.").

To prevail on its Objections, W&K therefore must show that Judge Reinhart's finding that the July 24 Form is complete and thus complied with the Compulsion Order was clearly erroneous. As discussed, this in turn requires showing by clear and convincing evidence that the July 24 Form is incomplete.

W&K argues that Judge Reinhart erred by accepting Dr. Wright's representations that he has no other personal income beyond the $159,000.00 he earns annually and that his wife is unemployed and earns no income. Objections at 2-4. Judge Reinhart found that W&K failed to show by clear and convincing evidence that the information provided on the July 24 Form is inaccurate. W&K argues that this finding is clear error but fails to identify any required information that Dr. Wright omitted. For instance, W&K observes that Dr. Wright's tax documents request that Dr. Wright's tax refund be deposited into his bank account, yet the July 24 Form fails to list any tax refunds. W&K similarly argues that Dr. Wright's credit card statements show expenses well beyond his reported income. W&K does not articulate any specific assets or investments reflected on those documents that should have been disclosed on the July 24 Form, however. Moreover, Judge Reinhart considered and rejected those arguments after determining that W&K failed to show with clear and convincing evidence that the July 24 Form was inaccurate or incomplete. Order at 7. Here, W&K re-raises those arguments without identifying evidence that shows that the July 24 Form omitted required information or contained inaccurate information. W&K's general references to Dr. Wright's tax documents and credit card statements accordingly fail to show that Judge Reinhart's finding that the July 24 Form complied with the Compulsion Order is clearly erroneous.

W&K attempts to sidestep this shortcoming by arguing that Dr. Wright has the burden to show that he included all required information on his July 24 Form. As discussed, however, the

burden remains with W&K to show that Dr. Wright failed to disclose required information by clear and convincing evidence. The Court agrees with Judge Reinhart that W&K has failed to do so here.

Accordingly, W&K has failed to establish that the Magistrate Judge's ruling was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); S.D. Fla. Magistrate Judge Rule 4(a)(1). As such, its Objections are overruled.

### B. Civil Contempt Proceedings

As discussed above, Judge Reinhart certified facts pertinent to Dr. Wright's non-compliance with the Compulsion Order from April 3, 3023 to July 24, 2023. Order at 7-8. Judge Reinhart left it to this Court's discretion to determine whether further civil contempt proceedings are warranted. *Id.* at 8. The Court finds that a civil contempt hearing is appropriate.

As noted, the Compulsion Order required Dr. Wright to complete Form 1.977 by April 3, 2023. Compulsion Order at 5. The Compulsion Order further noted that "[f]ailure to complete Form 1.977 by April 3, 2023 will result in Dr. Wright being held in contempt." *Id.* Judge Reinhart found that Dr. Wright failed to comply and certified facts relevant to Dr. Wright's non-compliance to this Court. Although Dr. Wright subsequently complied with the Compulsion Order with the July 24 Form, the Court agrees that "remedial civil contempt sanctions can be awarded for the period from April 3, through July 24." Order at 7 (citing *F.T.C. v. Garden of Life, Inc.*, 516 F. App'x 852, 860 (11th Cir. 2013) ("While the need for coercive sanctions vanishes when the contumacious conduct ceases, a court retains the power to assess compensatory fines in civil contempt.")). Here, remedial civil contempt sanctions may be warranted in light of Dr. Wright's failure to adhere to the Compulsion Order's April 3, 2023 deadline to complete Form 1.977 and repeated attempts to avoid complying with the Compulsion Order.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. W&K's Objections, **ECF No. [1054]**, are **OVERRULED**, and Judge Reinhart's Order, **ECF No. [1052]**, is **AFFIRMED**.

2. The Court will conduct a contempt hearing on **February 15, 2024 at 9:00 a.m.** in **Courtroom 10-2 at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 North Miami Avenue, Miami, FL 33128**, to determine whether remedial civil contempt sanctions are warranted based on Dr. Wright's failure to complete Form 1.977 by April 3, 2023.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 5, 2024.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record