UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC

    Plaintiffs,

vs.

CRAIG WRIGHT

    Defendant.

Case No. 9:18-cv-80176-BB/BR

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AGAINST GARNISHEE, GREENBERG TRAURIG PA FOR FAILURE TO ANSWER WRIT OF GARNISHMENT**

  Judgment-Creditor/Plaintiff W&K Info Defense Research, LLC pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Chapter 77 of the Florida Statutes, moves for entry of Default against Garnishee, Greenberg Traurig PA in the full amount of the Amended Final Judgment. In support, Judgement-Creditor/Plaintiffs state as follows:

1. On March 9, 2022, in this action the U.S. District Court for the Southern District of Florida entered an Amended Final Judgment against Judgment-Debtor Wright in the amount of $143,132,492.48 plus post-judgment interest at the rate specified in 28 U.S.C §1961. (attached as Exhibit 1).

2. Judgement-Debtor Wright has not satisfied any portion of the Judgment and the entire amount of the Judgment plus post-judgment interest remains outstanding.

3. On August 16, 2023, the Court entered an order granting Plaintiff's motion for a Writ of Garnishment directed to Greenberg Traurig PA, Defendant's counsel of record, in accordance with Chapter 77 of the Florida Statutes. That same day, the Clerk of Court issued the Writ of Garnishment. (Exhibit 2).

4. On August 17, 2023, Writ of Garnishment was served upon the Garnishee by a process server. *See* Affidavit of Service (Exhibit 3).

5. The Writ required the Garnishee to serve an answer within twenty days after service of the writ, stating whether Garnishee is indebted to Defendant at the time of the answer, or was indebted to Defendant at the time of service of the writ, plus up to one business day for Garnishee to act expeditiously on the writ, or at any time between such times, in what sum and what tangible or intangible personal property of Defendant, Garnishee has in its possession or control at the time of his or her answer, or had at the time of service of the writ, or any time between such times; and whether Garnishee knows of any other person or business indebted to Defendant or who may have any property of Defendant, in his/her or its possession, custody or control. *See* Fla. Stat. § 77.04.

6. The Garnishee was required to file its answer to the Writ of Garnishment on or before September 6, 2023.

7. Following a meeting between Plaintiff's counsel and Greenberg Traurig PA on January 23, 2024, Joseph Delich Esq. emailed the Garnishee an additional copy of the Writ of Garnishment along with the Affidavit of Service. (Exhibit 4).

8. To date, the Garnishee has failed to file an answer to the Writ of Garnishment within the statutory period, as required by Chapter 77 of the Florida Statutes.[1]

9. According to the Florida Statutes, "If the garnishee fails to answer as required, a default shall be entered against him or her." Fla. Stat. § 77.081.

10. Plaintiff is entitled to an entry of Default against the Garnishee as a matter of law. *Id.*

## MEMORANDUM OF LAW

A party may enforce a money judgment by a writ of execution. Fed. R. Civ. P. 69(a)(1). The procedure must accord with the procedure of the state where the court is located. *Id.* In Florida, a person who has recovered a judgment in any court against any entity has a right to a writ of garnishment. Fla. Stat. §77.01. Post-judgment writs of garnishment may be issued ex parte and without notice to the judgment-debtor. *See United Presidential Life Ins. Co. v. King,* 361 So. 2d 710, 713 (Fla. 1978); *Commc'ns Ctr., Inc. v. Komatsu,* No. 6:05-CV- 1254-ORL-31GJK, 2008 WL 2717669, at *1 (M.D. Fla. June 27, 2008) (citing *Brown v. Liberty Loan Corp. of Duval*, 539 F.2d 1355, 1363 (5th Cir. 1976)). The writ requires the garnishee to: (1) serve an answer within twenty days after service of the writ stating whether the garnishee is indebted to the Defendant; (2) state what sum and what tangible or intangible property of the Defendant the garnishee has in his or her possession or control; and (3) state whether the garnishee knows of any other person indebted to Defendant. Fla. Stat. § 77.04. If the garnishee fails to answer as required within the twenty day time period, "a default shall be entered against him or her." Fla. Stat. §77.081.

---

[1] Greenberg Traurig has failed to respond to Counsel's email attaching the writ as well.

In this case, a post-judgment writ of garnishment directed against Greenberg Traurig PA, Defendant's counsel of record, was issued on August 16, 2023 and served on August 17, 2023 by a process server. The Garnishee did not timely file or serve its answer to the Writ on or before September 6, 2023 (within twenty days after service) as required by the Writ and Florida law.[2] On January 23, 2024, Plaintiff's counsel held a meeting with Garnishee and emailed the Garnishee a copy of the Writ along with the Affidavit of Service. The Garnishee still has not provided an answer to the Writ ordered by the Court.

Because Florida's Garnishment Statute is in derogation of common law, its requirements must be strictly construed and complied with in accordance with legislative intent. *Noland Co. v. Linning*, 132 So.2d 803 (Fla. 1st DCA 1961); *Cason v. Fla. Dep't of Mgmt. Servs.*, 944 So.2d 306, 312 (Fla.2006). Florida's Garnishment Statute does not afford courts discretion to deviate from the requirements of Chapter 77. Indeed, the Florida Rules of Civil Procedure do not provide for an extension of the twenty-day deadline. *See BNP Paribas v. Wynne*, 2005 WL 53262, at *2 (Fla. 4th DCA 2005)(quoting *Dracon Constr., Inc. v. Facility Constr. Mgmt.,* 828 So.2d 1069,1071 (Fla. 4th DCA 2002)("Garnishment is a special statutory proceeding…As this court has stated, 'i[n] a special statutory proceeding…the trial court does not have the same discretion to bend time requirements that might be allowed under the rules of civil procedure.") That Plaintiffs' counsel afforded Garnishee the courtesy of reminding them of their obligation to respond to the Writ in a January 2024 meeting should not be construed as an extension of that deadline. As a result of the Garnishee's failure to respond to the Writ of Garnishment within the statutory period, the Judgment

---

[2] Around the same time, Plaintiff served an identical Writ of Garnishment upon Defendant's former counsel of record, Rivero Mestre LLP, which successfully responded to the Writ within the statutory period.

Creditor/Plaintiffs are entitled to an entry of Default against Greenberg Traurig PA as a matter of law. *See* Fla. Stat. §77.081.

WHEREFORE, Plaintiff respectfully requests an entry of Default against Garnishee Greenberg Traurig PA in the full amount of the Amended Final Judgment, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Chapter 77 of the Florida Statutes, and award any further relief that this Court deems just and proper.

Dated: February 20, 2024

Respectfully submitted,

By: */s/ Velvel Devin Freedman*
Velvel (Devin) Freedman, Esq.
FREEDMAN NORMAND FRIEDLAND LLP
1 SE 3rd Ave., Suite 1240
Miami, Florida 33131
vel@fnf.law

Joseph Delich
Stephen Lagos
FREEDMAN NORMAND FRIEDLAND LLP
99 Park Avenue, Suite 1910
New York, New York 10016
jdelich@fnf.law
slagos@fnf.law

*Counsel to Plaintiffs Ira Kleiman as Personal Representative of the Estate of David Kleiman and W&K Info Defense Research, LLC.*