UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-CV-80176-BLOOM/REINHART

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC,

    Plaintiffs,
v.

CRAIG WRIGHT,

    Defendant.
_____/

**GREENBERG TRAURIG, P.A.'S RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT
FOR FAILURE TO ANSWER WRIT OF GARNISHMENT**

Greenberg Traurig, P.A. files this response in opposition to Plaintiff's Motion for Entry of Default Against Garnishee, Greenberg Traurig, P.A. ("GT") for Failure to Answer Writ of Garnishment, [ECF No. 1068] ("Motion"), and states as follows:

**BACKGROUND**

1. Plaintiff's Motion should be denied. GT was never served with any writ of garnishment against it. The face of the Motion and attached exhibits confirm this.

2. The Motion arises from two flawed factual premises: (1) "On August 16, 2023, the Court entered an order granting Plaintiff's motion for a Writ of Garnishment directed to *Greenberg Traurig PA*, Defendant's counsel of record," which Plaintiff refers to as "Garnishee"; and (2) "On August 17, 2023, [the] Writ of Garnishment was served *upon the Garnishee* by a process server." Mot. ¶¶ 3-4 (emphases added). Neither of those assertions are true.

3. Instead, Plaintiff moved for a writ of garnishment on and attempted to serve Greenberg Traurig *LLP,* an entity that does not exist in Florida.

1

4. Despite Plaintiff's representations in the Motion as to "Greenberg Traurig PA" Exhibit 2 to the Motion makes clear that the writ of garnishment Plaintiff requested from the Southern District of Florida's Clerk was issued to the incorrect entity, "Greenberg Traurig LLP":

> **WRIT OF EXECUTION/GARNISHMENT TO GREENBERG TRAURIG LLP**
>
> TO THE MARSHAL OF SOUTHERN DISTRICT OF FLORIDA:
>
> YOU ARE COMMANDED to summon the Garnishee:
>
> **GREENBERG TRAURIG LLP**

Mot. Ex. 2.

5. Similarly, despite Plaintiff's representation to the Court that "Greenberg Traurig PA" was served, the Affidavit of Service attached to the Motion as Exhibit 3 reflects that service was attempted on "Greenberg Traurig, LLP":

> That on 08/16/2023 at 3:47 PM at 1200 South Pine Island Road, Plantation, FL 33324 deponent served a(n) Writ Of Execution/Garnishment To Greenberg Traurig, LLP on Greenberg Traurig, LLP c/o CT Corporation System, Registered Agent, by delivering thereat a true copy to Tanya Mock personally, authorized to accept service thereof.

Mot. Ex. 3.

6. Worse, just two days later, on August 18, 2023, Plaintiff's counsel received a "Notice of Rejected Service of Process" response from C T Corporation System informing Plaintiff that it had served the wrong entity, and thus that no one would be notified of service:

2

> **Notice of Rejected Service of Process – Log# 544537329**
>
> Agent Served: C T Corporation
> Party Served: GREENBERG TRAURIG LLP
> Jurisdiction Served: Florida
> Title of Action: IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC vs. CRAIG WRIGHT
> Case No. 918CV80176BBBR
>
> Dear Sir/Madam:
>
> We have received documents from you in the above-referenced matter, but we are not able to forward the documents to any party due to the reason indicated below.
>
> ☑ Not Agent: According to our records and/or the records of the Secretary of State, we are not the registered agent for the party you are attempting to serve.

**Exhibit A** (Aug. 18, 2023 Letter from C T Corporation to Pl.'s Counsel Devin Freedman, Esq.). Thus, GT's registered agent rejected the service and GT was never served.

7. Because Greenberg Traurig, P.A. was never served with any writ, much less a valid writ issued to Greenberg Traurig, P.A., undersigned counsel received no notice of the writ until Plaintiff's counsel informed undersigned counsel of the writ on an unrelated meet and confer call over five months later, on January 23, 2024. *See* Mot. Ex. 4. Plaintiff's counsel forwarded the writ to undersigned counsel that same day, which was the first time undersigned counsel had ever seen it. *Id.*

8. Without further conferring with undersigned counsel, Plaintiff filed the Motion on February 20, 2024 on the basis of the two aforementioned erroneous representations.

## ARGUMENT

9. The Motion must be denied at the threshold because it is against Greenberg Traurig, P.A. and is based on a writ of garnishment that was neither directed to nor served upon Greenberg Traurig, PA.

10. As Plaintiff acknowledges in the Motion: "Because Florida's Garnishment Statute is in derogation of common law, its requirements must be strictly construed and complied with in accordance with legislative intent." Mot. at 4 (citing *Noland Co. v. Linning*, 132 So. 2d 803 (Fla. 1st DCA 1961)). One of the requirements that must be strictly complied with under Florida's Garnishment Statute is proper service in the proper manner on the correct entity. *See, e.g.*, Fla. Stat. § 77.041; *Highland Consulting Grp., Inc. v. Soule*, No. 19-CV-81636-REINHART, 2022 WL 3155090, at *1 (S.D. Fla. June 30, 2022) ("It is well settled that the service requirements in Florida's garnishment statutes are to be 'strictly construed.'") (citing *Little Brownie Properties, Inc. v. Wood*, 328 So. 3d 1049, 1050 (Fla. 5th DCA 2021)).

11. The Garnishment Statute's strict service requirements accordingly do not permit arguments of "substantial compliance or lack of prejudice." *Id.*; *see also BGX E-Health LLC v. Masters*, No. 6:21-CV-1022, 2023 WL 6794281, at *2 (M.D. Fla. Oct. 13, 2023) (denying motion for entry of final garnishment judgment where plaintiff served the wrong registered agent, noting that the service requirements of "Fla. Stat. § 77.041(2) [and] Fla. Stat. § 77.055 . . . must be strictly construed"); *Art Remedy LLC v. Lana Moes Art, LLC*, No. 18-CV-61912, 2020 WL 6800449, at *2 (S.D. Fla. Nov. 19, 2020) ("Plaintiff's failure to serve the requisite garnishment papers on Defendants . . . in the manner provided for under Chapter 77 of the Florida Statutes requires dissolution of the Writ of Garnishment. . . . [S]ervice on counsel alone is legally insufficient."); *Five for Ent., S.A. v. Rodriguez*, No. 11-CV-24142, 2015 WL 13642469, at *2 (S.D. Fla. Sept. 2, 2015) ("Given that Florida law requires garnishment statutes to be strictly construed . . . Plaintiffs' failure to comply with the statutory notice requirements of § 77.041 and § 77.055 is fatal." (citations omitted)), *report and recommendation adopted*, 2015 WL 13642467 (S.D. Fla. Sept. 17,

4

2015).[1]

12. Because Plaintiff did not serve a writ directed to Greenberg Traurig, P.A. on Greenberg Traurig, P.A. as required by Florida Statute Section 77.041, the Motion must be denied. Greenberg Traurig, P.A. reserves all substantive responses and defenses to any writ of garnishment that Plaintiff may attempt to properly serve on Greenberg Traurig, P.A. in the future.

## CONCLUSION

For the reasons stated above, the Court should deny the Motion and award Greenberg Traurig P.A. its attorneys' fees incurred in having to respond to the Motion, given that the lack of any good faith argument for strict compliance with the service requirements of Section 77.041 is self-evident from the face of the Motion, and Plaintiff's counsel was notified by letter back in August 2023 that service of process on "Greenberg Traurig, LLP" had been rejected.  *See* **Ex. A.**

Dated: February 27, 2024

Respectfully submitted,

**GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0816
Facsimile: (305) 579-0717

By: */s/James E. Gillenwater*
JAMES E. GILLENWATER
Florida Bar No. 1013518
Email: gillenwaterj@gtlaw.com
ROBERT S. GALBO
Florida Bar No. 106937

---

[1] Independent of attempting service on the incorrect entity, Plaintiff has also failed to comply with additional requirements of Section 77.041. Among other failings, Plaintiff does not state in the Motion that it ever mailed a "copy of the motion for writ of garnishment" to Defendant, or that it ever filed a "certificate of service ... with the Court indicating that garnishment documents had been served." *See Matter of Arb. Between Tradewinds Ltd. v. Grupo Dolphin Discovery*, No. 1:17-CV-23070-KMM, 2021 WL 3781931, at *2 (S.D. Fla. Aug. 24, 2021) (citing Fla. Stat. § 77.041). These failings "alone warrants dissolution of the Writ of Garnishment." *Grupo Dolphin Discovery*, 2021 WL 3781931, at *2.

Email: galbor@gtlaw.com
ALEXA J. ROSENSON
Florida Bar No. 1040669
Email: alexa.rosenson@gtlaw.com
michelle.cruz@gtlaw.com
flservice@gtlaw.com

*Counsel for Defendant Craig Wright*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 27th day of February, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record identified below either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/James E. Gillenwater*
JAMES E. GILLENWATER