UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 9:18-CV-80176-BLOOM/REINHART**

IRA KLEIMAN, as personal representative of
the estate of David Kleiman, and W&K INFO
DEFENSE RESEARCH, LLC,

    Plaintiffs,

v.

CRAIG WRIGHT,

    Defendant.

_____/

**DEFENDANT'S OPPOSITION TO W&K'S EXPEDITED MOTION
FOR EXTENSION OF TIME TO FILE MOTION FOR FEES**

Defendant Craig Wright ("Defendant") files this response in opposition to the Expedited Motion for Extension of Time to File Motion for Fees [ECF No. 1079] ("Motion"), filed by Plaintiff W&K Info Defense Research LLC ("Plaintiff"), and states as follows:

1.    Motions for extension of time require a showing of good cause to be "set forth in the motion." S.D. Fla. LR 7.1(a)(1)(J). Plaintiff does not address, much less attempt to meet, this standard in the Motion. Instead, the absence of good cause for an extension is apparent from the face of the Motion—and Plaintiff's motion for attorneys' fees is untimely—for multiple independent reasons.

2.    *First*, Plaintiff acknowledges that its draft motion for attorneys' fees was not served on Defendant until April 16, 2024. *See* Mot. ¶ 2. This is untimely under Local Rule 7.3, which requires that draft motions be served "at least thirty (30) days prior to the deadline for filing any motion for attorneys' fees." S.D. Fla. LR 7.3(b). As the deadline for filing Plaintiff's motion for attorneys' fees was yesterday, May 14, Mot. ¶ 5, the deadline to serve Defendant with a draft fee

1

motion was April 14, 2024.  As this fell on a Sunday, Plaintiff's fee motion was due to be served by April 15, 2024 at the latest.  Plaintiff never requested an extension to serve Defendant with the draft fee motion and provides no explanation or justification for its tardy service in the Motion.  This alone provides grounds to deny any fee motion filed by Plaintiff outright, and precludes a showing of good cause for an extension to file the already-belated motion.  *See, e.g.*, *Norych v. Admiral Ins. Co.*, No. 08-CV-60330-ALTONAGA, 2010 WL 2557502, at *2 (S.D. Fla. June 23, 2010) (denying a fee motion where a party "did not serve a draft motion thirty days after entry of judgment, and it did not confer with Plaintiffs twenty-one days after service of the draft motion" as "[t]hese errors alone are sufficient reason to deny the Motion"); *Sriskada v. Harbor Pita, Inc.*, No. 14-CV-20526-GOODMAN, 2015 WL 4041298, at *1 (S.D. Fla. July 1, 2015) (same, as "Local Rule 7.3's requirements are not optional, but mandatory").  The Motion should be denied for this reason alone.

3.  *Second*, Plaintiff acknowledges that it did not meet and confer within 21 days after belatedly serving the draft fee motion.  *See* Mot. ¶ 4.  Despite counsel for Defendant requesting conferral times from Plaintiff's counsel when Defendant served objections to the draft fee motion (raising, among other grounds, untimeliness), and then following up by providing three separate days on which counsel for Defendant was available to confer, Plaintiff's counsel never responded until May 14 after the 21-day conferral period had passed.  Mot. ¶ 4.  Plaintiff's only justification for failing to comply with its conferral obligations is that one "counsel for W&K fell ill."  *Id.*  But in the draft fee motion belatedly served by Plaintiff, Plaintiff seeks to recover fees for twenty different timekeepers across two firms.  Plaintiff makes no representation that none of these attorneys were available to comply with Plaintiff's conferral obligations in the period prescribed by the Local Rules.  This, too, provides a basis to deny the Motion (and to deny Plaintiff's fee

motion as well, even if it were timely-filed). *See, e.g.*, *Norych*, 2010 WL 2557502, at *2.

4.   *Third*, Plaintiff did not advise counsel for Defendant of any illness or request any extension until the afternoon (1:20 PM) of the day the fee motion was due to be filed. Counsel for Defendant could not agree to this belated request, especially as the fee motion was already untimely for the foregoing independent reasons. Plaintiff did not file the Motion requesting an extension on an "expedited" basis until the evening of the day the fee motion was due. Plaintiff's delay was a problem of its own making, and the Rules are clear that this does not constitute good cause, much less good cause for an expedited or emergency motion. *See, e.g.*, S.D. Fla. LR 7.1(d) ("Motions are not considered emergencies if the urgency arises because of the attorney's or party's own dilatory conduct.").

5.   *Fourth*, despite filing the Motion requesting an extension after business hours on the eve of the deadline, Plaintiff did not file its fee motion on the day it was due, even as a precautionary measure. The fee motion is thus untimely for this third independent reason: 1) the draft was not timely served; 2) Plaintiff failed to timely meet and confer; and 3) the fee motion was not timely filed, all in violation of Local Rule 7.3.

6.   Plaintiff has not established, and cannot establish, good cause for an extension for all of these independently dispositive reasons, and the Motion should be denied.

Dated: May 15, 2024                                  Respectfully submitted,

                                                                         **GREENBERG TRAURIG, P.A.**
333 S.E. 2nd Avenue, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0816
Facsimile: (305) 579-0717

By:     */s/James E. Gillenwater*
       JAMES E. GILLENWATER
       Florida Bar No. 1013518
       Email: gillenwaterj@gtlaw.com

3

ROBERT S. GALBO  
Florida Bar No. 106937  
Email: galbor@gtlaw.com  
ALEXA J. ROSENSON  
Florida Bar No. 1040669  
Email: alexa.rosenson@gtlaw.com  
michelle.cruz@gtlaw.com  
flservice@gtlaw.com  

*Counsel for Defendant Craig Wright*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 15th day of May, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on counsel of record identified below either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/James E. Gillenwater*  
JAMES E. GILLENWATER