IRA KLEIMAN, as the personal representative of the Estate of David Kleiman, and W&K Info Defense Research, LLC

      Plaintiff

vs.

CRAIG WRIGHT

      Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-cv-80176-BB

FILED BY _____ D.C.
MAY 19 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## MOTION TO LIFT STAY AND APPOINTMENT OF A SPECIAL MASTER

Dear Judge Bloom,

**COMES NOW Ira Kleiman**, in his capacity as Personal Representative of the Estate of Dave Kleiman ("the Estate"), and respectfully submits this motion to notify the Court that the current stay on W&K's motion for attorneys' fees (ECF No. 1085) is being improperly used to delay enforcement of sanctions previously determined to be owed by Defendant Craig Wright.

**Background:**

1. On December 7, 2021, this Court entered judgment against Defendant Craig Wright in the amount of $143 million for unlawful conversion of W&K's intellectual property. Despite the size and significance of this judgment, virtually no steps have been taken to enforce it.

2. On **March 15, 2024**, Judge Bloom ruled that W&K was entitled to recover its reasonable attorney's fees as a civil contempt sanction due to Defendant Wright's non-compliance. As stated on the record:
   *"The Court finds Plaintiff W&K Defense Research, LLC's reasonable attorney's fees incurred*

*as a result of Dr. Wright's non-compliance is the least onerous civil contempt sanction for the reasons stated on the record."*

3. Despite this clear finding, more than a year has passed without any substantive steps being taken to recover the Court-ordered fees:

    - **April 15, 2024** – One month elapsed with no fee submission by W&K attorneys.
    - **May 15, 2024** – W&K attorneys requested a two-week extension.
    - **May 28, 2024** – W&K attorneys requested another two-week extension.

4. On **June 5, 2024**, W&K attorneys filed a motion requesting that the Court stay the fee deadline **indefinitely** until either (a) two weeks after new counsel appeared for Defendant Wright, or (b) W&K moved to lift the stay.

5. **More than 11 months have passed since the stay** was entered, and no new counsel has appeared for Defendant Wright, yet W&K attorneys have made no attempt to lift the stay or enforce the sanctions. This delay has allowed Dr. Wright to evade accountability, despite the Court's explicit order.

6. Defendant Wright has a long and well-documented history of evading sanctions, obstructing judicial proceedings, and concealing assets recognized by this Court and the UK High Court, which a year ago issued a £6 million global freezing order to secure costs.

7. In a further effort to preserve judgment enforcement opportunities, as PR of Dave Kleiman's estate, I filed an objection to the dissolution of **Wright International Investments UK Ltd**, a company previously controlled by Dr. Wright and listed as holding over **£1.5 billion in cash** on its UK filings. My objection was accepted by Companies House, and the strike-off was suspended until **August 25, 2025**, contingent upon further evidence of continuing interest. This action, taken independently of W&K's attorneys, underscores the urgency for **Court-assisted enforcement, including the appointment of a special master** to oversee judgment collection and ensure that assets tied to Dr. Wright are not potentially lost through inaction.

8. Despite the jury's finding that Defendant Wright unlawfully converted intellectual property belonging to W&K and Wright's own sworn testimony that W&K still owned valuable software that could be used to build a platform "like Coinbase", neither Wright nor any affiliated party has ever been asked to produce the software or account for its current location, use, or licensing. Prolonged failure to force disclosure of assets underscores the urgent need to appoint a special master to identify, recover, and secure W&K's property to help satisfy the judgment.

9. Lack of Third-Party Discovery
   No third-party discovery has been conducted. Entities such as Nchain Ltd. and Ramona Ang have not been subpoenaed for financial records, leaving major gaps in asset tracing efforts.

10. In related litigation, the lawsuit brought by Craig Wright's ex-wife, Lynn Wright, was voluntarily dismissed. Wright's current wife, Ramona Ang, also failed to prosecute her claim, resulting in a final judgment in favor of W&K.

**Grounds for Relief:**

Plaintiff respectfully submits that:

- Continued delay **prejudices W&K and the Estate**, while unjustly benefiting a defendant who has been found liable for fraud and bad faith.

- The stay, intended as a temporary accommodation, has become a tool for indefinite inaction.

- Despite repeated requests, counsel has declined to pursue the sanctions materially undermining the ability to locate and secure assets.

- Had Dr. Wright paid the sanctions, W&K could have pursued liens or secured creditor status.

- **Conversely, had Dr. Wright failed to pay sanctions**, W&K could have used his continued noncompliance as compelling evidence in support of enforcement abroad. His refusal to comply with a U.S. court order may have justified urgent relief in foreign jurisdictions such as freezing injunctions, disclosure orders, or recognition of the judgment for enforcement. By allowing him to remain in default without action, W&K forfeited the opportunity to act before those funds were used to satisfy other claims. Parties such as COPA ultimately secured a global asset freeze and received payment. W&K remains unpaid.

- Dr. Wright's continued pattern of evasion, and the inaction to stop it has allowed him to **dissipate assets for years**. This includes selling shares in companies, liquidating Bitcoin, claiming the loss of 100,000 Bitcoin due to theft, and transferring W&K's intellectual property into newly formed entities. His conduct has involved complex trust structures designed to obscure ownership, the diversion of assets to offshore jurisdictions, and public declarations of being **"judgment-proof."** Despite the visibility of these actions, counsel has not requested the Court's assistance to prevent asset dissipation. By contrast, in the UK, COPA successfully obtained a freezing injunction and pressured disclosure of Wright's assets if he failed to pay court ordered fees. Their efforts clearly proved that meaningful enforcement is both achievable and effective. Similar measures are urgently needed here to preserve the value of the judgment and prevent further asset dissipation.

- During the COPA proceedings, Dr. Wright admitted that he sold shares in Nchain to satisfy obligations owed to COPA. This admission confirms that he has access to substantial assets and chooses to liquidate them selectively, satisfying other parties while leaving W&K's judgment and court-ordered sanctions unpaid. The sale of these shares highlights the urgency of prompt enforcement efforts and underscores the risk that additional assets may be dissipated unless action is taken.

- Judge Mellor presided over the COPA v Wright case and had the following to say about a request for a worldwide asset freeze against Dr. Wright:
  *"Overall, I agree with COPA's submission that it is rare to see such a powerful case on the risk of dissipation"*
  https://bitcoindefense.org/wp-content/uploads/2024/03/COPA-v-Wright-WFO-Approved-

Judgment-28.03.2024.pdf   #43

- Dr. Wright's public statements demonstrate clear contempt for this Court's authority and a deliberate strategy to evade the judgment. Specifically, Dr. Wright has stated:

  - February 27, 2022: "I've made myself untouchable. If you bankrupt me, nothing happens. I keep leading and I keep building because nothing is in my name."
    Source: https://bitcoindefense.org/wp-content/uploads/2023/07/2023.07.11-Elliss-1-Preliminary-Issue-Application-FINAL.pdf  (page 33)
  - June 29, 2022:  "A US Court cannot force diddly."
    Source: https://www.courtlistener.com/docket/6309656/1045/20/kleiman-v-wright/
  - May 30, 2019:  "I am Antiguan."
  - November 3, 2021: "Have fun. There is nothing on this earth in my name from mid 2015 on, and even then little after 2011."
  - January 10, 2022: "In the fact of the matter is, I don't own any BTC. [...] assets are held in companies and trusts where I hold assets."
  - July 26, 2022:   "If a person would spend 4 million to receive a dollar plus and 2 million costs... So the other side is bankrupt... What would you think?" "The only thing that matters is crushing the other side" "Well. I would spend 4 million to make an enemy pay 1."
  - Aug. 26, 2022:   "Technically, I control none of the assets".
  - Aug. 26, 2022:   "[...] I was ordered to give a list of all coins I control. That is easy, nothing. I have very little in my name".

**Requested Relief:**

Plaintiff respectfully requests that the Court:

1. **Lift the stay** entered at ECF No. 1085, allowing my counsel to proceed immediately with its motion for attorneys' fees and sanctions enforcement, and direct Plaintiff's counsel to file, within seven (7) days, a consolidated statement of the total fees and sanctions owed by Defendant Craig Wright.

2. **Appoint a special master** under Fed. R. Civ. P. 53 whose duties shall include identifying, preserving, and collecting Wright's assets and coordinating with foreign counsel where appropriate to pursue claims related to Wright-controlled entities such as Wright International Investments UK Ltd, whose dissolution has been formally suspended by UK authorities at the undersigned's request.

3. **Issue an asset-disclosure injunction** pursuant to Rule 69(a)(2) and the Court's inherent authority requiring Defendant Craig Wright to disclose all assets whether held directly or indirectly, including interests in companies, trusts, or digital assets, and to refrain from transferring or concealing such assets pending further order of the Court. This relief is

appropriate particularly given Defendant's history of evasion, noncompliance, and asset concealment, and remains appropriate despite his current lack of representation, as the Court retains continuing jurisdiction to protect the integrity of its judgment.

Respectfully submitted,

By: **/s/ Ira Kleiman**
Personal Representative of the Estate of Dave Kleiman
Ira Kleiman
5104 Robino Circle
West Palm Beach, FL. 33418
Tel: (561) 232-3244
ira@davekleiman.com
Pro Se for the limited purpose of this Motion

Ira Kleiman
5104 Robino Circle
West Palm Beach, FL. 33417



Clerk of Court
U.S. District Court - Southern Di:
Attn: Judge Beth Bloom
400 North Miami Avenue
Room 8N09
Miami, FL 33128
Re: Kleiman v. Wright, Case No.